WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR. #212213
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #114441
(*Admission to N.D. Cal. pending*)
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL (*Pro Hac Vice* to be filed)
(DJC@campbellandwilliams.com)
J. COLBY WILLIAMS (*Pro Hac Vice* to be filed)
(JCW@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.  5:14-cv-05484 EJD<br><br>**DEFENDANT ZUFFA, LLC'S ADMINISTRATIVE MOTION TO ADVANCE THE HEARING DATE ON ITS CONSOLIDATED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) (DK. 31)**<br><br>Judge:     Hon. Edward J. Davila |

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.  5:14-cv-05591 EJD |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>       Defendant. | Case No.  5:14-cv-05621 EJD |

Pursuant to Local Rule 7-11, Defendant Zuffa, LLC respectfully requests that the May 7, 2015 hearing on Defendant Zuffa, LLC's Consolidated Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion to Transfer") the above-captioned actions to the United States District Court for the District of Nevada under 28 U.S.C. § 1404(a) (Dk. 31), be re-set and advanced to March 26, 2015.[1]  Advancing the hearing will promote judicial economy by allowing the threshold question of where these actions will be heard to be presented at the outset, before the Court undertakes substantial efforts in these cases, and by helping ensure that the Court ultimately responsible for the cases supervises all important phases of the cases.

## I. Procedural Posture

As described more fully in the Motion to Transfer, the three lengthy complaints at issue in the Motion are essentially identical, each alleging that Zuffa illegally monopolized the alleged market for professional mixed martial arts (MMA) bouts and monopsonized the alleged market for "Elite Professional MMA Fighter" services.  All three seek to represent the exact same purported classes of Elite Professional MMA Fighters.  The three cases were brought by the same set of attorneys.  The first was served a week before Christmas, the second on Christmas Eve, and the third the day after Christmas.  *Le* Dkt. 7, at ECF p. 3; *Vasquez* Dkt. 6, at ECF p.2; *Vera* Dkt. 6, at ECF p.3. These cases have been administratively related but not consolidated in this Court. The cases' current case management schedule calls for, among other things, a Rule 26(f) conference before April 17, 2015, and a case management conference for May 7, 2015. *Le* Dkt. 4, at ECF p. 1; *Le* Dkt 6; *Vasquez* Dkt. 9; *Vera* Dkt. 9.

## II. Advancing the Hearing Will Serve Judicial Economy

The interests of the parties and judicial economy favor advancing this Court's consideration of Zuffa's Motion to Transfer before substantial proceedings occur in these actions. Courts recognize that the proper time to address a motion to transfer under 28 U.S.C. § 1404(a) is before the defendant files a responsive pleading. *See In re Horseshoe Entm't*, 337 F.3d 429, 433

---

[1] In response to a request from Zuffa's counsel's case manager for a hearing date pursuant to the Court's Standing Order, the Courtroom Deputy set the hearing for May 7, 2015 — the same date as the previously set Case Management Conference.

(5th Cir. 2003) ("Horseshoe filed its motion to transfer timely and before it filed its answer and in our view disposition of that motion should have taken a top priority in the handling of this case"); *In re EMC Corp.*, 501 Fed App'x 973, 975 (Fed. Cir. Jan. 29, 2013) (noting "the importance of addressing motions to transfer at the outset of litigation"). In particular, it is critical to resolve a transfer motion before parties proceed to discovery on the merits of the case. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) (granting petition for writ of mandamus directing district court to consider and rule on motion to transfer before discovery on the merits).

> Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

*Id.* at 30 (3d Cir. 1970). For this same reason, litigants are advised to bring their motions to transfer venue "as soon as the convenience [of another venue] becomes apparent" so that the "extent of litigation" in the transferee forum can be as limited as possible. *Eggers v. Campagnolo N. Am., Inc.*, No. 08CV0198JM (LSP), 2009 WL 311124, at *2 (S.D. Cal. Feb. 9, 2009) (citing *SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1156 (D.C. Cir. 1978)).

Consistent with these principles, Zuffa has filed its Motion to Transfer before any responsive pleading and believes that it would be preferable for the Court to hear Zuffa's Motion to Transfer prior to the initial case management conference and prior to the pre-conference deadlines triggered by the conference. In this regard, it is worth noting, that although the Rule 26(f) conference deadline is still more than two and a half months away, Plaintiffs have already prematurely issued two third-party subpoenas in this case,[2] a development that raises the specter of a contentious discovery process. *McDonnell Douglas*, 429 F.2d at 31 ("only if the court should deny the motion to transfer should discovery be permitted to go forward").

---

[2] *See Le* Dkt. Nos. 17. 20; *Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (finding subpoenas served prior to Rule 26(f) conference violated "Rule 26(d)(1) which prohibits any discovery from any source before first conferring with the opposing party pursuant to Rule 26( f)").

2

Zuffa's Admin Mot to Advance Hrg. Date          Case Nos. 5:14-cv-05484 EJD
                                                5:14-cv-05591 EJD; 5:14-cv-05621 EJD

### III. A March 26 Hearing Date Still Gives Plaintiffs Plenty of Time to Respond

In initial communications with Plaintiffs' counsel about the timing of the transfer motion, Zuffa's counsel offered a briefing schedule that would have provided Plaintiffs' a three-week extension for their opposition (i.e., a total of 35 days to respond). Cove Decl. ¶ 3. Plaintiffs' counsel rejected this offer, contending that the Stipulation and Order Extending Defendant's Response Deadlines (*Le* Dkt. 28) governing the motion to dismiss applied to the Motion to Transfer as well. This contention is incorrect. First, the January 16, 2015 Stipulation and Order clearly sets for the schedule *only* for Zuffa's responses to the complaint, whether by answer or motion to dismiss. *Le* Dkt. 28, ECF at p. 2, ¶ G ("The parties agree that party and judicial efficiency would be best served by permitting Zuffa to have an extension *to file a responsive pleading to the three pending Complaints* and by establishing a consensual unified briefing schedule as to such pleading.") (emphasis added); ¶ 2 ("*Zuffa will answer, file a motion, or otherwise respond to the Complaints in this action* on or before Friday February 27, 2015.") (emphasis added). Second, the Stipulation and Order expressly reserves Zuffa's "right to seek . . . transfer . . . pursuant to 28 U.S.C. § 1404." *Le* Dkt. 28, ECF at pp, 3-4, ¶ 7.

In any event, there is still an opportunity to provide Plaintiffs with a 35-day period to respond to the Motion to Transfer. Specifically, if Plaintiffs were ordered to respond to the Motion to Transfer by March 6, with Zuffa filing a reply on March 13, the hearing could be held on March 26. Also, Zuffa believes that the transfer motion could be resolved on the papers without the need for an in-person hearing, and is willing to proceed without a hearing if Court so desires.

Zuffa's proposed schedule for the motion to transfer would not delay or interfere with the Stipulation and Order setting the briefing schedule for Zuffa's motion to dismiss. Zuffa fully intends to proceed with the briefing schedule on the Motion to Dismiss, without prejudice to either side since the Motion will not be substantively different regardless of which Court ultimately decides it.[3] Finally, there is no inconsistency to resolving the motion to transfer before

---

[3] The parties have agreed to a briefing schedule for the Defendant to file a consolidated motion to

3

Zuffa's Admin Mot to Advance Hrg. Date                                      Case Nos. 5:14-cv-05484 EJD
                                                                            5:14-cv-05591 EJD; 5:14-cv-05621 EJD

discovery while briefing on the motion to dismiss proceeds because discovery is irrelevant to "[f]acial challenges to the legal sufficiency of a claim or defense . . . [which] always presents a purely legal question." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

**CONCLUSION**

For the foregoing reasons, Zuffa respectfully requests that the Court grant its request to re-set and advance the hearing date to March 26, 2015.

Dated: January 30, 2015   Respectfully Submitted,

By: */s/ John F. Cove, Jr.*
    John F. Cove, Jr.
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

William A. Isaacson (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015

Richard J. Pocker (#114441)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101

Donald J. Campbell (*Pro Hac Vice* pending)
J. Colby Williams (*Pro Hac Vice* pending)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

---

dismiss on February 28, for the plaintiffs to file an opposition on April 10, and the Defendant to file a reply brief on May 1, 2015. No hearing date is set for the anticipated Motion to Dismiss.