Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Matthew S. Weiler (State Bar No. 236052)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone:   (202) 408-4600
Facsimile:    (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice* pending)
Michael Dell'Angelo (*pro hac vice* pending)
Patrick Madden (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:   (215) 875-3000
Facsimile:    (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, and Pablo Garza*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** | Case No. 5:14-cv-05484-EJD<br>Case No. 5:14-cv-05591-EJD<br>Case No. 5:14-cv-05621-EJD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ADVANCE THE HEARING DATE ON ITS MOTION TO TRANSFER**<br><br>5:14-cv-05484-EJD<br>5:14-cv-05591-EJD<br>5:14-cv-05621-EJD |

1

| | |
|---|---|
| 1 | Defendant. |
| 2 | Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated, |
| 3 | |
| 4 | Plaintiffs, |
| 5 | v. |
| 6 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, |
| 7 | |
| | Defendant. |
| 8 | Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated, |
| 9 | |
| 10 | Plaintiffs, |
| 11 | v. |
| 12 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, |
| 13 | Defendant. |

5:14-cv-05484-EJD
5:14-cv-05591-EJD
5:14-cv-05621-EJD

PLAINTIFFS' OPPOSITION TO MOTION TO ADVANCE HEARING DATE

## I. INTRODUCTION

Defendant UFC's Administrative Motion[1] should be denied because it is inconsistent with the Court's scheduling Order, and will prejudice Plaintiffs' ability to oppose the UFC's motion to transfer on the basis of *forum non conveniens* ("*forum non conveniens* motion"). The parties have negotiated the briefing schedule covering motions in response to the Complaints filed by Plaintiffs, including the *forum non conveniens* motion filed by the UFC. The Court adopted the Stipulation and entered it as the Order of the Court. *See* Docket No. 26. Moreover, the UFC's Administrative Motion is an improper attempt to require Plaintiffs to respond to its *forum non conveniens* motion prior to learning through initial disclosures the locations of the UFC's witnesses and documents, as well as any discovery that may be warranted to determine whether San Jose is an inconvenient forum to resolve this action. Finally, the concerns the UFC raises regarding "judicial economy" have no application here, because the Court is free to resolve the UFC's motions in whatever order it deems appropriate, regardless of when the briefing is complete.

## II. BACKGROUND

The three Complaints on behalf of seven persons in these related actions were filed and served between December 16 and December 26, 2014. *See* Docket Nos. 1, 18, 19. The Complaints allege that the UFC violated Section 2 of the Sherman Act by engaging in an anticompetitive scheme to maintain and enhance its (a) monopoly power in the market for promotion of Live Elite professional mixed martial arts ("MMA") bouts, and (b) monopsony power in the market for Live Elite MMA fighter services. *See* Complaint, *Le et al. v. Zuffa, LLC*, No 5:14-cv-05484 ("*Le* Complaint"), ¶¶ 4-5, 12-14, 28. The first Complaint was filed by Mr. Cung Le, a celebrated Elite MMA fighter who resides in San Jose. *Id.* ¶ 28. Among other things, the Complaints allege that UFC engaged in a series of acquisitions of rival promotors, including one based in San Jose, and used this consolidated power to restrict Elite MMA fighters' ability to freely pursue marketing contracts, including those with EA Sports in Redwood City. *Id.* ¶¶ 28, 131.

By Rule, responses were due to all Complaints on or before January 16, 2015. As an

---

[1] The Administrative Motion to Advance the Hearing Date on Its Consolidated Motion to Transfer Venue Under 28 U.S.C. § 1404(a) ("Administrative Motion") filed by Defendant Zuffa, LLC's d/b/a Ultimate Fighting Championship and UFC ("UFC"), Docket No. 31.

accommodation to the UFC, Plaintiffs agreed to extend the time for responses in exchange for an agreement on a mutually agreeable briefing schedule and hearing date. After back-and-forth communications, the parties completed the negotiations and reached an agreement. *See* Declaration of Joseph R. Saveri ("Saveri Decl."), ¶ 2. The parties reduced the agreement to writing in the form of a [Proposed] Stipulation and Order (the "Stipulation"). *Id.* The Stipulation provides in pertinent part that "Zuffa will answer, file a motion, or otherwise respond to the Complaints in this action on or before Friday, February 27, 2015." *See* Docket No. 26. The Stipulation provided that briefing would be complete by May 1, 2015, and that a Case Management Conference ("CMC") would take place on May 7. *Id.* Although the stipulation reserved UFC's ability to file a *forum non conveniens motion* under 28 U.S.C. § 1404, it did not indicate such a motion would proceed under a schedule different from the one to which the parties agreed. *See* Saveri Declaration ¶¶ 2-3. At no time before entry of the stipulation did the UFC inform Plaintiffs that it was currently preparing a *forum non conveniens* motion, or some other transfer motion, or that it wanted to have that motion heard before the CMC. *Id.* On January 15, 2015, the parties submitted the Stipulation to the Court, and on the next day the Court adopted the Stipulation and entered it as an Order.

On January 26, the UFC contacted counsel for Plaintiffs and requested an advanced hearing date on its *forum non conveniens* motion. Saveri Decl. ¶ 3. The UFC informed counsel for Plaintiffs that it had already prepared the motion at that time. *Id.* Plaintiffs declined the UFC's request, pointing out that the Court had already set a briefing schedule for motions brought in response to the Complaints. On the evening of January 30, the UFC filed its *forum non conveniens* motion, including dozens of exhibits and other evidentiary material, and by its Administrative Motion asked the Court to order Plaintiffs to respond to it by March 6, and set the motion for a hearing on March 26.

### III.   ARGUMENT

#### A.   The Parties' Stipulation Governs the Briefing Schedule for the *Forum Non Conveniens* motion.

This Court has already set a briefing schedule for any motion that the UFC would bring in response to the operative complaints. After negotiations extending the UFC's time to respond, Plaintiffs and UFC agreed that the UFC would "answer, file a motion, or otherwise respond to the Complaints in

this action on or before Friday, February 27, 2015," and that Plaintiffs' responses would be "filed on or before Friday, April 10, 2015." Docket No. 26 at 3. The stipulation specifically noted that the UFC did not waive "any right to seek or oppose any … transfer…with respect to any of the currently filed or future related actions … pursuant to 28 U.S.C. § 1404," but made no special provision for a briefing schedule on a transfer motion.

UFC argues that Plaintiffs' point that the parties have already agreed to a briefing schedule is "incorrect," highlighting a representation in the stipulation that it was entered into in order "to file a responsive pleading to the three pending Complaints" and "establish[] a consensual unified briefing schedule as to such pleading." Docket No. 32 (citing Paragraph G of the stipulation). What the parties *actually agreed to*, however, covered a broader range of responses to the Complaints. The UFC's interpretation is contrary to the plain language of the Stipulated Order, which references a range of responses, including not only a "pleading," but also a "motion." *See* Docket No. 26 (UFC "will answer, file a motion, or otherwise respond to the Complaints in this action on or before Friday, February 27, 2015"). It is thus consistent with the parties' agreement for UFC to file its transfer motion "*before*" February 27.  However, it is *inconsistent* to require Plaintiffs to respond to the transfer motion by March 6, given that the parties negotiated and agreed that Plaintiffs have until April 10 to respond to a "motion."

The UFC made no mention of a proposed hearing date for its *forum non conveniens* motion until ten days after the stipulation was filed, even though the UFC had clearly contemplated filing a transfer motion when the stipulation was made. *See* Docket No. 32-1 at ¶ 3. If the UFC wanted to have its transfer motion heard on another schedule, it should have raised that issue in drafting the stipulation, before reaching agreement. There was no mention of a separate hearing date for a transfer motion during this during the negotiations. Saveri Decl. ¶¶ 2-3.  If the UFC had in fact intended or wished to file the *forum non conveniens* motion and have it heard on the scheduled it now suggests, it could have—and should have—raised it in the negotiations.

The Court should not deprive Plaintiffs of the benefit of their bargain and reward this stratagem by advancing the hearing date on the UFC's transfer motion.

### B. An Advanced Hearing Date Prejudices Plaintiffs.

Plaintiffs are prejudiced by an advanced hearing date on the *forum non conveniens* motion in at least two meaningful respects.

First, the advanced hearing date of March 26, 2015, is unfair because it would require Plaintiffs to brief the *forum non conveniens* issues raised in the UFC's motion to transfer and have it heard before the Rule 26(f) conference, at which the parties are required to exchange the identity of witnesses and other matters that have bearing on whether San Jose is an inconvenient forum to adjudicate this action. The Court has ordered the parties to meet and confer by April 17 and identify witnesses by May 1 (Docket No. 4). At a minimum, Plaintiffs are entitled to learn all of UFC's Rule 26(a)(1) initial disclosures—including the addresses of witnesses and location of documents—to prepare its opposition to UFC's transfer motion, and in advance of the May 7 CMC (where a hearing on the transfer motion would likely be discussed). Under the schedule set by the Court in the stipulation, Plaintiffs would learn UFC's initial disclosures before any hearing set for a transfer motion.[2]

Second, Plaintiffs may need the benefit of discovery to develop a record of where the wrongdoing that is the basis for their Section 2 claims transpired, and to test the completeness and veracity of UFC's representations concerning the extent of their operations in California. *See Ayyash v. Bank Al-Madina*, 2006 U.S. Dist. LEXIS 9677 (S.D.N.Y. Mar. 9, 2006) ("At this stage, the Court declines to decide which of the parties' accounts should drive the forum non conveniens inquiry."); *see also* Docket No. 31-1 (conceding the UFC has an office in California and stating that "***almost all***" of its personnel responsible for "executing contracts and conducting business relationships with fighters, event venues, sponsors, merchandisers, and other business partners, are based in Las Vegas") (emphasis added). Aside from Plaintiff Le, who resides in San Jose, Plaintiffs believe there are key witnesses located in this District, including witnesses in San Jose. Saveri Decl ¶ 8. Plaintiffs allege MMA rivals purchased by UFC were based in California, including Strikeforce, which was based in San Jose, and that key witnesses (including the UFC's business partners) are located in this District. *See id.*; *Le* Complaint ¶¶ 28, 131. Plaintiffs are

---

[2] The UFC's statement that it would be "preferable" to have the transfer motion heard before the Case Management Conference, initial disclosures, and initiation of discovery is self-serving, as it benefits only the UFC to have venue issues determined before identification of witnesses and documents is disclosed.

entitled to develop a full evidentiary record concerning the connections that this unlawful scheme has to this District and to California more generally. In light of the factual questions concerning the place of the wrongdoing and UFC's operations, the expedited schedule requested by UFC is unwarranted.

Finally, UFC notes that Plaintiffs have "prematurely" served subpoenas on third parties located in this District. Docket No. 32 at 2; *see also* Saveri Decl. Exs. 1 & 2. Plaintiffs were compelled to take these measures, as they are informed and believe that UFC President Dana White began a series of mass deletions of "tweets" from his Twitter account immediately after the Complaints were filed. Saveri Decl. ¶ 7. It evidently did not escape UFC's notice that Mr. White's tweets are highly relevant evidence of, *inter alia*, UFC's anticompetitive intent. *See*, *e.g.*, *Le* Complaint ¶ 12. That Plaintiffs have already taken measures to address this important potential spoliation issue in this District is entirely appropriate.

### C. Judicial Economy Does Not Justify Hearing UFC's Transfer Motion on March 26.

UFC argues that "judicial economy" requires the Court to hold a hearing on its *forum non conveniens* motion before it resolves whatever other motions UFC may bring in response to the Complaints. Docket No. 32 at 2. This contention is unfounded. As an initial matter, it is not necessary to set an advanced hearing date, and an expedited briefing schedule, for this Court to rule on the *forum non conveniens* motion before ruling on UFC's other responsive motions. If the Court were inclined to resolve the *forum non conveniens* motion first, the parties should do so on the briefing schedule currently set for responsive motions, to which they agreed. The UFC argues that "it is critical to resolve a transfer motion before the parties proceed to discovery on the merits of the case," but the Court need not hold a hearing on March 26 to follow this proposition.

It may be in the interests of "judicial economy" to resolve the transfer motion *after* hearing the UFC's pleading challenges. The UFC's *forum non conveniens* motion includes an evidentiary declaration with 24 exhibits, and raises issues concerning the balance of private and public interests. Docket No. 31-1. In resolving this motion, the Court will potentially resolve factual disputes, which may go to the merits. By contrast, UFC's pleading challenges may be more expeditiously resolved.

### IV. CONCLUSION

For the foregoing reasons, the Court should deny the UFC's Administrative Motion and order the parties to comply with their previously agreed upon briefing schedule.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2015 | JOSEPH SAVERI LAW FIRM, INC. |
| 2 | | By:  /s/ Joseph R. Saveri |
| 3 | |       Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
Kevin E. Rayhill (State Bar No. 267496)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:     (415) 500-6800
Facsimile:       (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
apurdy@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey (State Bar No. 205769)
Jerome K. Elwell (*pro hac vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone:     (202) 408-4600
Facsimile:       (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (*pro hac vice* pending)
Michael Dell'Angelo (*pro hac vice* pending)
Patrick Madden (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:     (215) 875-3000
Facsimile:       (215) 875-4604
ecramer@bm.net

mdellangelo@bm.net
pmadden@bm.net

Frederick S. Schwartz (State Bar No. 145351)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:  (818) 986-2407
Facsimile:   (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry and Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera and Pablo Garza*

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 2, 2015					By:   */s/ Joseph R. Saveri*
								Joseph R. Saveri