WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR. #212213
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #114441
(*Admission to N.D. Cal. pending*)
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL (Admitted *Pro Hac Vice*)
(DJC@campbellandwilliams.com)
J. COLBY WILLIAMS (Admitted *Pro Hac Vice*)
(JCW@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No. 5:14-cv-05484 EJD<br><br>**ZUFFA'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO APPOINT INTERIM CO-LEAD COUNSEL** |

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 5:14-cv-05591 EJD |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 5:14-cv-05621 EJD |

## INTRODUCTION

Defendant Zuffa, LLC ("Zuffa") hereby opposes the administrative motion for designation of interim co-lead class counsel filed by counsel for Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, and Pablo Garza ("Plaintiffs") (ECF 42)[1] because a motion to appoint class counsel, even on an interim basis, is not a proper subject for an administrative motion under Local Rule 7-11.

Local Rule 7-11 is a vehicle for litigants to address simple miscellaneous relief arising in the normal course of litigation, such as a motion to exceed applicable page limits or to file documents under seal. Local Rule 7-11 does not apply to matters governed by Federal statute or rule such as the appointment of interim class counsel, which is governed by Federal Rule of Civil Procedure 23(g). Since Plaintiffs' motion to appoint interim counsel is improperly brought under Local Rule 7-11, it should be denied without prejudice to bringing it as a properly noticed motion.

## LEGAL STANDARD

Administrative motions seeking relief governed by a federal statute or rule are improper. Under Local Rule 7-11, a party may request a Court order "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." For example, "motions to exceed otherwise applicable page limits or motions to file documents under seal" are commonly brought as administrative motions. *Id.*

The appointment of interim class counsel is governed by the Federal Rules of Civil Procedure 23(g)(3), which provides that "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

---

[1] Plaintiffs' Administrative Motion says that it is submitted on behalf of the seven named Plaintiffs listed above; however, ECF 42 filed on Feb. 3, 2015 was only filed in the *Le* case. Two days later, on Feb. 5, 2015, Plaintiffs filed identical Administrative Motions in the *Vera* and *Vazquez* matters, both respectively identified as ECF 24.

1

Opp to Admin Mtn                                          Case Nos. 5:14-cv-05484 EJD
                                                          5:14-cv-05591 EJD; 5:14-cv-05621 EJD

**ARGUMENT**

Administrative motions under Local Rule 7-11 are designed to allow parties to obtain quick resolution on simple administrative matters that occur routinely during the course of litigation. The rule expressly limits the type of relief that can be sought as an administrative motion to those not governed by other rules, statutes or orders. *E.g.*, *Tuttle v. Sky Bell Asset Mgmt.*, LLC, No. C 10-03588 WHA, 2011 WL 767741, at *2 (N.D. Cal. Feb. 28, 2011) (admonishing parties to "not file motions concerning substantive matters disguised as motions concerning miscellaneous administrative matters under Civil Local Rule 7–11").

Because the appointment of interim class counsel is governed by Rule 23(g) of the Federal Rules of Civil Procedure, an administrative motion is not the proper vehicle for consideration of this issue. *See Spieler v. Mt. Diablo Unified Sch. Dist.*, No. C 98-0951 CW, 2007 WL 1795701, at *3 (N.D. Cal. June 20, 2007) ("motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example, are brought under Rule 7-11, not motions seeking amendment or clarification" under the Federal rules). The appointment of class counsel, even on an interim basis, can affect the rights of absent class members who have not retained named Plaintiffs' counsel. *See Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (recognizing the limited control of absent class members over their attorneys). The truncated briefing schedule for an Administrative Motion, which requires responses within four days, is therefore particularly inappropriate for a motion under Rule 23 because it reduces the opportunity for absent class members to express their views, if any, including on the factors laid out by Rule 23(g)(1) that a court "must consider" in its appointment of counsel.[2]

Courts in this district regularly assess the appointment of interim class counsel in response to fully briefed motions, not truncated administrative motions under Local Rule 7-11. *E.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5994 SC, 2008 WL 2024957, at *1 (N.D. Cal. May 9, 2008); *Levitte v. Google, Inc.*, No. C 08-03369 JW, 2009 WL 482252, at *2 (N.D. Cal.

---

[2] While Rule 23(g)(3) does not contain specific standards for the appointment of interim class counsel, courts often use the factors in Rule 23(g)(1) in making that determination. *See Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012).

2

Feb. 25, 2009); *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601 at *9 (N.D. Cal. Jun. 4, 2007); *Clerkin v. MyLife.com, Inc.*, No. C 11-00527 CW, 2011 WL 3607496 at *8 (N.D. Cal. Aug. 16, 2011); *Paraggua*, 2012 WL 3763889, at *1. Indeed, Plaintiffs' counsel in this case have filed fully briefed motions or applications in other matters in this district for the appointment of class counsel. *E.g.*, *In re Capacitors Antitrust Litig.*, Notice And Unopposed Motion of Direct Purchaser Plaintiffs To Appoint Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g); Memorandum of Points and Authorities in Support Thereof, No. 3:14-cv-03264-JD (ECF 102) (N.D. Cal. Sept. 16, 2014); *In re Lithium Ion Batteries Antitrust Litig.*, Application of Joseph R. Saveri for Appointment to Plaintiffs' Steering Committee, 13-md-02420 (ECF 90) (N.D. Cal. Mar. 28, 2013); *Meijer, Inc. v. Abbott Labs.*, Direct Purchaser Plaintiffs' Memorandum of Law Supporting Unopposed Motion for Entry of Proposed Pretrial Order No. 1 And Designation of Class Counsel Under Fed. R. Civ. P. 23(g), No. 07-5985-CW (ECF 86) (N.D. Cal. Jun. 6, 2008); *A&S Liquidating Inc. v. AB&I Foundry*, No. 13-cv-04568-EMC, 2013 WL 6387951 (N.D. Cal. Oct. 25, 2013).

In addition, as a practical matter, these cases present the additional complication that they are three virtually identical complaints seeking to represent the exact same purported classes, yet Plaintiffs seek to be appointed as class counsel in three separate cases, before consolidating the cases. And, two days after filing this Administrative Motion, a fourth class action Complaint, essentially identical but for the identity of the Plaintiffs, was filed. *Ruediger v. Zuffa*, No. 5:15-cv-00521-NC (ECF 1). This Complaint was filed by one of the firms in the existing actions and a new firm. Whether additional "follow-on" actions will be filed is unknown. ·In Defendant's view, the issue of consolidation, which the parties have discussed on a preliminary basis but have not yet reached agreement on, should be resolved before, or at least contemporaneously with, the appointment of interim class counsel. Declaration of John F. Cove, Jr. in Support of Defendant Zuffa, LLC's Opposition to Plaintiffs' Administrative Motion to Appoint Interim Co-Lead Counsel ("Cove Decl.") ¶ 5.

To be clear, in this Opposition, Defendant does not express any position on the underlying

3

Opp to Admin Mtn   Case Nos. 5:14-cv-05484 EJD
5:14-cv-05591 EJD; 5:14-cv-05621 EJD

issue of whether these counsel should ultimately be appointed as interim class counsel.[3]  It is important, however, that motions under Rule 23 that may affect absent class members be properly noticed, and therefore the instant Administrative Motion should be denied.  *Cf. Silverman v. City and Cnty. of San Francisco*, No. C 11-1615 SBA, 2012 WL 6019309, at *1 (N.D. Cal. Dec. 3, 2012) (denying an "improper administrative motion" for a continuance that was not "within the category of 'miscellaneous administrative matters'" governed by Rule 7-11); *Dister v. Apple-Bay E., Inc.*, No. C 07-01377 SBA, 2007 WL 4045429, at *4 (N.D. Cal. Nov. 15, 2007) (denying plaintiff's motion to stay because Local Rule 7-11 was an improper vehicle for such motion).

## CONCLUSION

Zuffa respectfully requests that the Court deny Plaintiffs' Administrative Motion to appoint interim co-lead counsel without prejudice.

Dated: February 9, 2015          Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP


By: */s/ William A. Isaacson*
       William A. Isaacson

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

---

[3] Plaintiffs' assertion that "Defendant has advised it takes no position as to this Administrative Motion" (Mot. at 5) is incorrect.  Plaintiffs originally proposed that the Defendant stipulate to the appointment of Plaintiffs' counsel as interim class counsel.  Zuffa's counsel responded (1) that, because of the inherent adversity between a defendant and the putative class in a purported class action, he did not believe it was appropriate for a defendant to stipulate to appointment of class counsel and that such a stipulation was not a common practice; (2), therefore, counsel should proceed by motion, not stipulation; and (3) at that point, counsel did not anticipate taking a position on such a motion.  The form of the motion was not discussed and Zuffa did not acquiesce to the filing of an Administrative Motion on this subject.  Cove Decl. ¶¶ 3-4.