UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>    **Defendant.** | Case No.  5:14-cv-05484-EJD<br>            5:14-cv-05591- EJD<br>            5:14-cv-05621- EJD<br><br>**[PROPOSED] CASE MANAGEMENT ORDER** |
| **Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>    **Defendant.** | |
| **Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>    **Defendant.** | |

WHEREAS, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig ("Plaintiffs") have collectively filed four Complaints (the "Complaints") in the above-referenced related actions for alleged violations of the antitrust laws pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2, by Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("Defendant");

WHEREAS, to promote judicial economy and avoid duplication, Plaintiffs request that the Court provide for the consolidation of the above-captioned actions and any other related actions that are filed in or transferred to this District (hereinafter referred to as the "Actions");

Now, therefore, good cause appearing, the Court HEREBY ORDERS as follows:

**Consolidation**

1. *Le, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05484-EJD, *Vasquez, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05591-EJD, *Vera, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05621-EJD, *Ruediger, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:15-cv-00521-NC, are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) for all pretrial proceedings and *Le* is designated the lead case for consolidation purposes.

2. The terms of this Case Management Order ("CMO") shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure. The terms of this CMO and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses under the Federal Rules of Civil Procedure or any other statute or common law to the Actions, or any subsequently filed consolidated or related action.

**Master Docket and Master File**

3. A Master Docket and Master File are hereby established for the Actions. The Master File number shall be 5:14-cv-05484-EJD. A Master Docket will be maintained for the Actions with all entries to be docketed under the Master File number. If a document pertains to only one or some of the consolidated cases, it will be docketed on the Master Docket with the notation in the docket text as to the case numbers to which it pertains.

4. Separate docket numbers shall also be maintained for each of these consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by the Court pursuant to a case management order.

5. An original of this CMO shall be filed by the Clerk in the Master File and in the files for each consolidated action captioned above, and in the file of every action subsequently consolidated herewith.

### Caption of Cases

6. Every pleading filed in the Actions shall hereafter bear the following caption:

| | |
|---|---|
| **IN RE: ULTIMATE FIGHTING CHAMPIONSHIP ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:** | **Master Docket No. 5:14-cv-05484-EJD** |

7. All papers previously filed and served to date in the Actions are deemed part of the record in 5:14-cv-05484-EJD. When a pleading or other court paper is intended to apply to all actions to which this CMO is applicable, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all, of the actions to which this CMO is applicable, including any subsequently consolidated action, the separate caption and docket number for each individual action to which the pleading is intended to be applicable shall appear immediately after or below the words "THIS DOCUMENT RELATES TO" in the caption described above. The short form of the case caption (*e.g.*, *[the named plaintiffs] v. Zuffa, LLC*) for such individual actions may be used in such instances.

### Filing and Docketing

8. When a paper is filed and the caption shows that it is to be applicable to "All Actions" such paper shall be filed in the Master File (5:14-cv-05484-EJD) and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case

file.

9. When a paper is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, such paper shall be filed in the Master File, and the Clerk shall note such filing in both the Master Docket and the docket of each such action. In other words, it is not necessary to file the paper in any action other than the Master File.

**Admission of Attorneys and Appearances**

10. Each attorney not a member of the Bar of this Court who is acting as counsel for a Plaintiff or a Defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Actions, so long as the attorney is a member in good standing of the Bar of the State where he or she practices.

11. Counsel who have not yet entered an appearance shall file a Notice of Appearance in *In re: Ultimate Fighting Championship Antitrust Litigation*, unless they have already been admitted *pro hac vice*.

**Application of This Order to Subsequently Filed or Transferred Cases**

12. Counsel in the above-captioned Actions shall call to the attention of the Court the filing or transfer of any related action arising out of similar facts and circumstances as are alleged in the Actions and that therefore might properly be consolidated or coordinated with the Actions.

13. Counsel in the Actions shall promptly mail a copy of this Order to counsel for plaintiff(s) in each such subsequently filed or transferred related action and to counsel for Defendant in each such action not already a party to the Actions. Promptly thereafter, upon notice to counsel for the parties in each such action, counsel for Plaintiffs in the Actions and counsel for Defendant shall submit to the Court a proposed order consolidating any such action. Any party objecting to the application of this CMO to such a subsequently filed or transferred action, or objecting to consolidation with the Actions, shall file a motion seeking relief from this CMO within ten (10) days after the date upon which such a copy of this CMO is mailed by counsel in the Actions to counsel for such party.

**Filing and Service of Documents**

14. This case is assigned to the Electronic Case Filing (ECF) System. The parties are referred to the Court's electronic filing requirements and procedures (http://www.cand.uscourts.gov/cm-ecf).

15. Papers that are filed through the Court's ECF system are deemed served on all parties as

of the date of filing. Plaintiffs shall effect service of papers on Defendant by e-filing the papers in accordance with all applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on Defendant's counsel and Defendant's local counsel by electronic mail in accordance with the Federal Rules of Civil Procedure. Defendant shall effect service of papers on Plaintiffs by e-filing the papers in accordance with all applicable rules or, if e-filing is unavailable or inapplicable, by serving a copy of the same on Interim Class Counsel by electronic mail in accordance with the Federal Rules of Civil Procedure. All other service of papers shall be governed by the Federal Rules of Civil Procedure, and may be accomplished via electronic mail, unless otherwise agreed by the parties.

**Preservation of Evidence**

16. The Court orders that all parties and their counsel shall preserve evidence, and all parties and their counsel are reminded of their duty under the Federal Rules of Civil Procedure to take reasonable measures to preserve evidence that is potentially relevant to this litigation, including all documents, electronically stored information, and tangible things containing potentially relevant information. In addition, counsel shall exercise all reasonable efforts to identify and notify parties and non-parties of their document preservation duties, including current and former employees of corporate or institutional parties.

**Cooperation Among the Parties and Professional Conduct**

17. The Court recognizes that this litigation may present geographic, personnel, expense and other operational challenges and concerns for the litigants and counsel. Plaintiffs shall, to the extent practicable, coordinate among themselves for the efficient and prompt management of these cases. Cooperation among Plaintiffs to coordinate motion practice or discovery, or otherwise to minimize burdens or expenses in this litigation, is encouraged by this Court. Counsel are directed to the Court's Guidelines for Professional Conduct, http://www.cand.uscourts.gov/professional_conduct_guidelines. To the extent practicable and proper, the Court will encourage proposals from counsel throughout this litigation that will advance the causes of courtesy, efficiency and economy.

**IT IS SO ORDERED.**

Dated: _____
HON. EDWARD J. DAVILA
United States District Judge

5:14-cv-05484-EJD
5:14-cv-05591-EJD
5:14-cv-05621-EJD