Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Matthew S. Weiler (State Bar No. 236052)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | Case No. 5:14-cv-05484-EJD; Case No. 5:14-cv-05591-EJD; Case No. 5:14-cv-05621-EJD<br><br>Date: June 11, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4<br>Judge: Hon. Edward J. Davila<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** 5:14-cv-05484-EJD<br>5:14-cv-05591-EJD<br>5:14-cv-05621-EJD |

MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

**Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,**

    Plaintiffs,

 v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

    Defendant.

**Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,**

    Plaintiffs,

 v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

    Defendant.

5:14-cv-05484-EJD
5:14-cv-05591-EJD
5:14-cv-05621-EJD

# Table of Contents

I. STATEMENT OF THE ISSUE TO BE DECIDED ...................................................................1

II. INTRODUCTION.....................................................................................................................1

III. BACKGROUND .......................................................................................................................2

IV. LEGAL STANDARD ...............................................................................................................4

V. ARGUMENT .............................................................................................................................5

    A. Proposed Interim Co-Lead Class Counsel Have Undertaken All the Investigation and Research Underpinning the Ultimate Fighting Championship Antitrust Litigation. ...................................................................................................................5

    B. Proposed Interim Co-Lead Class Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions, and Are Leading Figures in the Antitrust Law Bar. ......................................................................................................8

        1. The Accomplishments of Berger & Montague, P.C. ................................9

        2. The Accomplishments of Cohen Millstein Sellers & Toll PLLC ..........10

        3. The Accomplishments of Joseph Saveri Law Firm, Inc. ........................12

    C. Proposed Interim Co-Lead Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action. ................................. 13

VI. CONCLUSION ........................................................................................................................14

# Table of Authorities

**Cases**

*Bernal v. Netflix, Inc.*, No. 5:11-cv-00820 EJD, 2011 U.S. Dist. LEXIS 89903 (N.D. Cal. Aug. 12, 2011) ......................................................................................................................... 4

*Douglas v. Haier Am. Trading, LLC,* No. 5:11-cv-02911 EJD, 2011 U.S. Dist. LEXIS 91695, (N.D. Cal. Aug. 17, 2011) ............................................................................................... 5

*In re 5-Hour ENERGY Marketing and Sales Practices Litig,* No. 13-ml-02438-PSG-PLA, ECF No. 25 (C.D. Cal. Nov. 8, 2013) ........................................................................................ 5

*In re Air Cargo Antitrust Litig.,* 240 F.R.D. 56 (E.D.N.Y. 2006) .................................................. 4, 5

*In re Titanium Dioxide Antitrust Litigation,* 10-cv-00318-RDB, ECF No. 106 (D. Md. Apr. 1, 2011) ................................................................................................................................ 5

*Meijer Distrib., Inc. v. Abbott Labs, Inc.*, No. 4:07-cv-06118, ECF No. 104 (N.D. Cal. June 18, 2008) .............................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 23(g) .......................................................................................................................... 2

Fed. R. Civ. P. 23(g)(1)(A) ................................................................................................................ 5

Fed. R. Civ. P. 23(g)(1)(A)(i) ............................................................................................................ 6

Fed. R. Civ. P. 23(g)(1)(A)(ii) ........................................................................................................... 8

Fed. R. Civ. P. 23(g)(1)(A)(iii) .......................................................................................................... 8

Fed. R. Civ. P. 23(g)(1)(A)(iv) ........................................................................................................ 13

Fed. R. Civ. P. 23(g)(3) ................................................................................................................. 1, 4

Fed. R. Civ. P. 23(g)(4) ..................................................................................................................... 5

**Treatises**

MANUAL FOR COMPLEX LITIG. 4th ed. (2004) (the "Manual"), § 21.11 at 246 ............................. 2

Manual § 10.22 at 24 ......................................................................................................................... 5

Manual § 21.27 at 278 ....................................................................................................................... 5

Manual § 21.272 at 279 ..................................................................................................................... 5

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE: On June 11, 2015, at 9:00 A.M., or as soon thereafter as this matter may be heard, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig[1] ("Plaintiffs") will and hereby do move to appoint Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3). This hearing will be held before the Honorable Edward J. Davila, of the United States District Court for the Northern District of California, located on the Fifth Floor in Courtroom 4 of the San Jose Courthouse, 280 South 1st Street, San Jose, California 95113.

Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel is based on this notice of motion and motion; the Declaration of Eric L. Cramer; the Declaration of Benjamin D. Brown; and the Declaration of Joseph R. Saveri; the following points and authorities; the Court's docket in these related matters and all documents therein; and any argument or materials that may be submitted at oral argument on this matter.

## MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

### I.  STATEMENT OF THE ISSUE TO BE DECIDED

Whether the law firms of Berger & Montague, P.C.; Cohen Milstein Sellers & Toll PLLC; and the Joseph Saveri Law Firm, Inc. shall be appointed as Plaintiffs' Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

### II.  INTRODUCTION

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig, elite Mixed Martial Arts athletes ("elite MMA athletes") move for an Order appointing the following law firms as Interim Co-Lead Class Counsel: Berger & Montague, P.C.; Cohen Milstein Sellers & Toll PLLC; and the Joseph Saveri Law Firm, Inc. ("Proposed Interim Co-Lead Class Counsel").

---

[1] Gabe Ruediger and Mac Danzig, through their undersigned counsel, join in this motion, and have asked that the matter they filed in this District, Case No. 5:15-cv-00221 (currently assigned to Magistrate Judge Cousins) be related to the *Le* matter. *See* Dkt. 49. If their motion to relate is granted, Mr. Ruediger and Mr. Danzig will promptly notice this motion before the Court. If it is denied, they will separately notice and file this motion before Judge Cousins.

Representing the consensus of Plaintiffs in all cases, and the agreement of their counsel located across the United States, Proposed Interim Co-Lead Class Counsel will ensure that this complex antitrust litigation proceeds effectively and efficiently, and that the pre-trial and case management strategy is coordinated and unified. Appointment of Proposed Interim Co-Lead Class Counsel is consistent with Fed. R. Civ. P. 23(g) and sound principles of case management. The Court should appoint interim leadership where, as here, there are a number of overlapping actions filed by multiple counsel concerning the same legal and factual claims: "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIG. 4th ed. (2004) (the "Manual"), § 21.11 at 246.

Appointing interim class counsel is critical because the early stages of this litigation will include complex motion practice, including the motion to transfer brought by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("UFC" or "Defendant"), seeking to transfer this litigation to the UFC's hometown of Las Vegas, as well as other responses that are anticipated to Plaintiffs' Complaints. The UFC is a multi-billion dollar mixed martial arts company, which by its own account dominates the popular combat sport of mixed martial arts. *See, e.g.*, Complaint, *Le et al. v. Zuffa, LLC,* 5:14-cv-05484-EJD, (N.D. Cal. Dec. 16, 2014) (the "*Le* Complaint"), at ¶ 8 ("The sport of mixed martial arts is known by one name: UFC"; "There is no other guy"). The UFC has hired two prominent law firms to represent it and has had a team of attorneys from offices in three states make appearances. There is little doubt that this case will be aggressively litigated. Plaintiffs need experienced and accomplished advocates with the resources to litigate this important case, and Proposed Interim Co-Lead Class Counsel fit that bill. As demonstrated by their zealous advocacy on behalf of Plaintiffs in this litigation to date (including their extensive investigation into the underlying legal and factual claims), and as is set forth in detail in their respective firm resumes, Proposed Interim Co-Lead Class Counsel have the collective talent and resources to pursue these antitrust claims against the UFC.

### III.  BACKGROUND

Plaintiffs in the above-captioned actions are elite MMA athletes who allege violations of the antitrust laws pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2 ("Section 2"), against the same

Defendant, Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC. Plaintiffs Cung Le, Nathan Quarry, and John Fitch filed the first of these actions on December 16, 2014. Plaintiffs Luis Javier Vasquez and Dennis Lloyd Hallman filed the second of these actions on December 22, 2014. Plaintiffs Brandon Vera and Pablo Garza filed the third of these actions on December 24, 2014 (collectively, "the Complaints").

The Complaints are the product of extensive factual investigation and legal analysis beginning months before. *See* Declaration of Eric L. Cramer ("Cramer Decl."), ¶¶ 14-15; Declaration of Joseph R. Saveri ("Saveri Decl."), ¶ 2. They reflect hundreds of hours or work by lawyers and professional staff. *Id*. Proposed Interim Co-Lead Class Counsel initiated these cases along with their co-counsel, including Robert Maysey of Warner Angle Hallam Jackson & Formanek, PLC, who is a highly experienced advocate in the MMA industry. See Saver Decl. at ¶¶ 2-3 & Ex. 1; Cramer Decl. at ¶ 14. The cases seek damages and other redress for two proposed nationwide classes of similarly-situated elite MMA athletes. *See*, *e.g.*, *Le* Complaint ¶¶ 39, 46, 47, 54.

The Complaints generated intense public interest, leading to stories run on ESPN, Sports Illustrated, Yahoo Sports, Fox Sports, the Sporting News, Washington Post, LA Times, and Newsday, among other media outlets. *See*, *e.g.*, Saveri Decl. Ex. 2.

Since filing these actions, Proposed Interim Co-Lead Class Counsel have taken several meaningful steps to prosecute these claims and protect the interests of Plaintiffs and other class members. As is described in more detail in the Saveri Declaration, Plaintiffs have served limited third party discovery to ensure preservation of evidence; zealously represented the interests of Plaintiffs and other class members in this litigation to date; and have privately ordered themselves, by amicably creating an organizational structure to manage the day-to-day progress of this litigation efficiently. Among other things, Plaintiffs anticipate presenting a consolidated opposition to any responsive motions or pleadings to be filed by the Defendant.

Plaintiffs Gabe Ruediger and Mac Danzig filed a fourth action based on the same set of facts on February 4, 2015. *Ruediger, et al. v. Zuffa, LLC*, Case No. 5:15-cv-00521-NC (N.D. Cal.). Proposed Interim Co-Lead Class Counsel promptly coordinated with counsel for Ruediger and Danzig. Counsel for

Ruediger and Danzig support this Motion and have agreed to work cooperatively with Proposed Interim Co-Lead Class Counsel in these actions on behalf of the class of elite MMA athletes. Saveri Decl., ¶ 5.

The UFC is known for aggressive litigation tactics,[2] and is likely to mount a vigorous defense to these claims, which could threaten[3] its business model which, as Plaintiffs allege, is built on unfair business practices, foreclosure of rivals, and the exploitation of elite MMA athletes. *See Le* Complaint ¶¶ 107-152. Appointment of Proposed Interim Co-Lead Counsel would best provide Plaintiffs the legal representation to fight for the livelihoods of elite MMA athletes.

## IV.  LEGAL STANDARD

Under Fed. R. Civ. P. 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[4] When "overlapping, duplicative, or competing class suits are pending before a court, . . . appointment of interim counsel is necessary to protect the interests of class members" *Bernal v. Netflix, Inc.*, No. 5:11-cv-00820 EJD, 2011 U.S. Dist. LEXIS 89903, at *6-8 (N.D. Cal. Aug. 12, 2011); *see also In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006 ) (where "multiple overlapping and duplicative class actions" are pending, interim class counsel designation is "probably essential for efficient case management"). A court considering the appointment of class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the

---

[2] For example, the UFC pursued national litigation against dozens of its fans, including several fans in California, seeking money damages for alleged unauthorized viewing of UFC events. *See* Saveri Decl. Exs. 4 & 5.

[3] One commentator has noted the lawsuits "threaten[] to unravel the UFC, which has stunningly grown in value from $2 million in 2002 to as much as $3.5 billion today." Saveri Decl., Ex. 3.

[4] A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id*. While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Air Cargo,* 240 F.R.D. at 57 ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.,* No. CV06-345AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The focus in appointing lead counsel should be on the best interest of the parties and the Court. In determining an appropriate leadership, the Manual urges the court to ensure that designated counsel fairly represent the various interests in the litigation. Manual § 21.27 at 278. *See* Fed. R. Civ. P. 23(g)(4).

The most common and desirable means of selecting class counsel is "private ordering." Manual § 21.272 at 279. "The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. Manual § 10.22 at 24.

Given the complexity of this antitrust matter, including the wide geographic dispersion of elite MMA athlete class members, it is appropriate for the Court to appoint three firms as interim class counsel. This practice is common in complex antitrust cases. *See, e.g., In re 5-Hour ENERGY Marketing and Sales Practices Litigation,* No. 13-ml-02438-PSG-PLA, ECF No. 25 (C.D. Cal. Nov. 8, 2013) ("In light of the size and scope of this case, . . . the Court believes that the interests of the prospective class members will be best served by appointing three firms as Interim Co-Lead Class Counsel."); *Douglas v. Haier Am. Trading, LLC,* No. 5:11-cv-02911 EJD, 2011 U.S. Dist. LEXIS 91695, at *5 (N.D. Cal. Aug. 17, 2011); *In re Titanium Dioxide Antitrust Litigation,* 10-cv-00318-RDB, ECF 106 (D. Md. Apr. 1, 2011)*; Meijer Distrib., Inc. v. Abbott Labs, Inc.*, No. 4:07-cv-06118 (N.D. Cal. June 18, 2008) (ECF No. 104) (appointing three firms as interim co-lead including Berger & Montague as one of the three leads); *In re Air Cargo Antitrust Litig.,* 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006).

## V.    ARGUMENT

### A.    Proposed Interim Co-Lead Class Counsel Have Undertaken All the Investigation and Research Underpinning the Ultimate Fighting Championship Antitrust Litigation.

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Class Counsel and the firms supporting their application for lead, including the Warner Angle firm, were the first—and to date the only—firms whose active investigation

of the UFC's acquisitions and practices have resulted in lawsuits alleging violations of Section 2 of the Sherman Act. As is demonstrated in greater detail *infra*, Proposed Interim Co-Lead Class Counsel have investigated the underlying facts and law, filed the first cases, and diligently prosecuted the litigation to date. See Cramer Decl., ¶ 14. They have demonstrated the ability to work cooperatively with others, including other attorneys for Plaintiffs, and intend to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter.

In addition to the substantial work to date conducting the factual investigation and developing the legal theories for the Complaints, Proposed Interim Co-Lead Class Counsel's work to date includes several significant tasks:

**First**, Proposed Interim Co-Lead Class Counsel served the Complaints, summons and related materials on Defendant. Saveri Decl. ¶ 7.

**Second**, Proposed Interim Co-Lead Class Counsel negotiated a stipulation providing for an orderly briefing schedule for responsive pleadings or motions to be filed by the UFC. Saveri Decl. ¶ 7; s*ee* Dkt. 28.

**Third**, Proposed Interim Co-Lead Class Counsel have served third-party subpoenas on Twitter, Inc. and Google, Inc., in order to address a potential spoliation issue concerning what has appeared to be the mass deletion of "tweets" by the UFC's President at or around the time the *Le* Complaint was filed. Saveri Decl. ¶ 8. Plaintiffs have conducted an investigation of the issue and have taken steps to preserve potentially relevant data. *Id*.

**Fourth**, Proposed Interim Co-Lead Class Counsel, in conjunction with Plaintiffs' other attorneys, have taken measures to protect Plaintiffs' interests in connection with the UFC's disclosure of Plaintiffs Le, Quarry, Fitch, Vasquez, Hallman, Vera, and Garza's social security numbers, which the UFC made public for five days because of its failure to redact exhibits to a declaration from one of their in-house attorneys that was submitted with the UFC's motion to transfer. Proposed Interim Co-Lead Class Counsel promptly informed the UFC of the disclosure, so that the exhibits would be removed as soon as possible. Saveri Decl., ¶ 9. The next morning, February 4, the UFC moved to have the exhibits removed from the Court's public docket, and the Court ordered their removal that same day. *Id; see* Dkt. 45. On February 5, Proposed Interim Co-Lead Class Counsel demanded that, *inter alia*, the UFC (1) explain how

the information was disclosed, so that Plaintiffs can be sure it will not happen again; (2) search the public domain for copies of the exhibits and ensure their removal; (3) investigate whether the information has been used; (4) pay for seven years of credit monitoring for each of Messrs. Le, Fitch, Quarry, Garza, Vera, Hallman, and Vazquez, and agree to reimburse these individuals for all consequential damages, if any, flowing from the improper disclosure of this information. *Id*. On February 6, the UFC responded by letter, providing an explanation for the transmission and updating Proposed Interim Co-Lead Class Counsel on its investigation of the consequences of the transmission. *Id*. UFC sent Proposed Interim Co-Lead Class Counsel another letter on February 12, providing an additional update. Id. Proposed Interim Co-Lead Class Counsel are evaluating the UFC's responses and are considering what remedies, if any, should be pursued on Plaintiffs' behalf. *Id*.

**Fifth**, Proposed Interim Co-Lead Class Counsel are opposing the motion to transfer on the basis of *forum non conveniens* ("*forum non conveniens* motion") filed by the UFC, seeking to transfer this matter to Las Vegas, where the UFC is headquartered. Proposed Interim Co-Lead Class Counsel successfully opposed the UFC's attempt to have Plaintiffs respond to the *forum non conveniens* motion on shortened time, on a briefing schedule other than that to which the parties agreed (*see* Dkt. 51), and will resist the UFC's attempt to have this matter transferred to its hometown under the guise of *forum non conveniens*.

**Sixth**, Proposed Interim Co-Lead Class Counsel have drafted a proposed Stipulated Protective Order along the lines of the suggested model provided by the Northern District of California, and have discussed entry of the Protective Order with the UFC. Saveri Decl., ¶ 10. The UFC responded by proposing a number of changes from the Northern District's model, and Plaintiffs are presently evaluating the UFC's revisions. *Id*.

**Seventh**, Proposed Interim Co-Lead Class Counsel have worked to integrate these cases, to ensure efficient as well as effective representation, and generally to advance this litigation consistent with the Federal Rules and principles of sound case management. *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Proposed Interim Co-Lead Class Counsel promptly sought to relate the *Vasquez* and *Vera* matters to the *Le* Complaint, resulting in the three cases currently assigned to the Court. Saveri Decl., ¶ 11; *see* Dkt. 18-19. Proposed Interim Co-Lead Class Counsel have also sought to relate the

*Ruediger* matter. *See* Dkt. 49. Proposed Interim Co-Lead Class Counsel filed a motion to consolidate these four matters on February 10, 2015, which would streamline these four matters considerably. *See* Dkt. 52. Proposed Interim Co-Lead Class Counsel discussed case management issues with the UFC's counsel in some detail, and obtained counsel for the UFC's agreement on nearly all terms of the [Proposed] Case Management Order submitted with the Motion to Consolidate, except that the UFC wanted consolidation to be for all purposes, while Plaintiffs had requested that consolidation be limited to pre-trial proceedings for the time being. *See* Dkt. 48-1 at ¶5. Additionally, Proposed Interim Co-Lead Class Counsel have divided the work among Plaintiffs' attorneys to ensure efficient and non-duplicative practices, and have continuously communicated with Plaintiffs' other attorneys. Saveri Decl., ¶ 11.

Finally, in the interests of efficiency, and because Proposed Interim Co-Lead Class Counsel had no reason to believe that a motion to appoint counsel would be opposed, Proposed Interim Co-Lead Class Counsel sought to have interim counsel appointed through the Court's administrative motion procedure. Saveri Decl., ¶ 12. After the Court directed Plaintiffs to submit their motion to appoint interim counsel through a noticed motion procedure, Proposed Interim Co-Lead Class Counsel promptly prepared the instant motion.

      **B.**     **Proposed Interim Co-Lead Class Counsel Have Substantial Experience in Leading the Prosecution of Antitrust Class Actions, and Are Leading Figures in the Antitrust Law Bar.**

Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. As set forth above and in the firm profiles attached as Exhibits to the Cramer, Brown, and Saveri Declarations, and summarized below, Proposed Interim Co-Lead Class Counsel have decades of substantial experience prosecuting complex class action antitrust litigation on behalf of a wide variety of plaintiffs in a wide range of antitrust and other types of complex litigation. The firms selected by Plaintiffs to serve as Interim Co-Lead Class Counsel have handled some of the largest and most important cases in recent years, have generated billions of dollars in settlements and verdicts for their clients, and have the necessary experience and resources to prosecute this litigation to a successful conclusion.

### 1. The Accomplishments of Berger & Montague, P.C.

Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger & Montague pioneered the antitrust class action and has been engaged in the practice of complex and class action litigation for 44 years. Cramer Decl., ¶ 5. Since its founding by David Berger—one of the "fathers of the class action practice"—Berger & Montague has been a leading national advocate for clients and class members in many of the most important complex antitrust cases ever litigated, including, more recently, the largest private antitrust settlement ever achieved (over $5.7 billion) in the *Payment Card Interchange Fee & Merchant Discount Antitrust Litig.,* MDL No. 1720 (JG)(JO) (E.D.N.Y.). Berger & Montague has won verdicts and settlements recovering over $40 billion for clients and class members. *Id.*

The U.S. edition of *The Legal 500* has recommended Berger & Montague as a "Top Tier Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent," "easy to deal with," and "noted for the depth of its team." Cramer Decl., ¶ 6. Berger & Montague has also appeared on *The National Law Journal*'s "Hot List" of the Top Plaintiffs' Law Firms in the United States in ten of the last twelve years. *Chambers & Partners* has named Berger & Montague a leading antitrust law firm for eight consecutive years. *Id.* The firm was also recently selected for inclusion on *The National Law Journal* and Law.com's inaugural list of "Elite Trial Lawyers" recognizing law firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law." *Id.*

Over the past 44 years, Berger & Montague has served as lead or co-lead counsel in myriad antitrust cases representing plaintiff classes alleging price fixing, vertical trade restraints, monopolization and other anticompetitive conduct in diverse markets. Cramer Decl., ¶ 7.

**Eric L. Cramer**, managing shareholder at Berger & Montague, has a national practice in the field of complex litigation, primarily in the area of antitrust class actions, and repeatedly has been selected by *Chambers & Partners* as one of Pennsylvania's top tier antitrust lawyers and in 2015 was nationally ranked in the field of antitrust; highlighted annually since 2011 by *The Legal 500* as one of the country's top lawyers in the field of complex antitrust litigation; repeatedly deemed one of the "Best Lawyers in America;" and designated a "Super Lawyer" by *Philadelphia Magazine* for many years in a row. Cramer

Decl., ¶ 10. In 2014, Mr. Cramer was selected by *Philadelphia Magazine* as one of the top 100 lawyers in Philadelphia. *Id. Chambers & Partners* has observed that Mr. Cramer is "really a tremendous advocate in the courtroom, with a very good mind and presence." *Id.*

Mr. Cramer has prosecuted multiple complex antitrust matters and is responsible for winning numerous significant settlements for his clients and class members totaling well over $2 billion. Cramer Decl., ¶ 11. Recently, Mr. Cramer and his team achieved a ground-breaking settlement in an antitrust case relating to the over-the-road fleet payment card market in *Comdata*. *Id.* The *Comdata* settlement, which received final approval in July 2014, provides for $130 million plus valuable prospective relief that rolled back much of the conduct plaintiffs had challenged as anticompetitive for a class including thousands of truck stops and retail fueling facilities across the country. *Id.* Mr. Cramer was also co-lead counsel and on the trial team of the *Meijer v. Abbott Labs.*, No. 07-5985 (N.D. Cal.), which settled in 2011 after three days of trial before Judge Wilken for $52 million. *Id.*

In addition to Mr. Cramer, shareholder **Michael Dell'Angelo** will also serve in a leading role for Berger & Montague. Michael Dell'Angelo is a member of the firm's Antitrust and Commodities & Options practice groups. Cramer Decl., Ex. A. Mr. Dell'Angelo currently serves as court-appointed co-lead counsel in several major nationwide class actions, including *In re: Domestic Drywall Antitrust Litigation*, 2:13-MD-2437-MMB (E.D. Pa.) and *In re: Commodity Exchange, Inc., Gold Futures And Options Trading Litigation*, 1:14-MD-2548-VEC (S.D.N.Y). *Id.*

### 2. The Accomplishments of Cohen Millstein Sellers & Toll PLLC.

One of the largest class action firms in the country, Cohen Milstein has more than 40 years' experience litigating complex antitrust matters. In recognition for the outstanding results achieved for its clients, *Legal 500* recently ranked Cohen Milstein as a Leading Plaintiff Class Action Antitrust Firm for the sixth year in a row, and *The National Law Journal* named Cohen Milstein to the Plaintiff's Hot List for the third year in a row. *See* Declaration of Benjamin D. Brown ("Brown Decl."), Ex. A. Deemed one of the "Most Feared Plaintiffs Firms" and "Competition Practice Group of the Year" in 2014 by *Law360*, Cohen Milstein has obtained record-setting results for its clients in several antitrust actions over the years, including a 2013 jury verdict of more than $400 million, before trebling, in *In re Urethane Antitrust Litigation* (D. Kan.). *Id.*

Cohen Milstein partners **Benjamin Brown** and **Richard Koffman**, both of whom will actively participate in the litigation of this matter, are both veterans of the Antitrust Division of the U.S. Department of Justice and of the plaintiffs' class action antitrust bar. Brown Decl., Ex. 1. *Legal 500* named Mr. Koffman one of a dozen or so "Leading Lawyers" in the field of antitrust plaintiff representation for each of the past four years, describing him as "a strong brief writer and an excellent oral advocate." *Id.* A graduate of Yale Law School and former law clerk to Judge Anthony J. Scirica of the U.S. Court of Appeals for the Third Circuit and Judge James B. McMillan of the Western District of North Carolina, Mr. Koffman has served as lead counsel for the direct purchasers in numerous actions including *In re Urethane Antitrust Litigation* (D. Kan.) (settlements totaling $139.5 million and a trial verdict awarding plaintiffs more than $400 million, trebled, against a non-settling defendant), *In re Plasma-Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.) (settled for $128 million), and *Wallach v. Eaton Corporation* (D. Del.). *Id.* In addition to his work on behalf of plaintiffs in antitrust matters, Mr. Koffman spent four years as a Senior Trial Attorney at the Department of Justice. *Id.*

*The Legal 500* has recognized Benjamin Brown as one of the nation's leading class action antitrust attorneys, and Benchmark Litigation listed him as one of Washington D.C.'s "Leading Star" Plaintiffs' Litigators. Brown Decl., Ex. 1. Mr. Brown currently serves as co-lead counsel or on steering committees for plaintiffs in, among other cases, *In re Plasma-Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.) (settled for $128 million); *Allen, et al. v. Dairy Farmers of America, Inc.* (D. Vt.); and *Carlin, et al. v. DairyAmerica, Inc.* (E.D. Ca.). *Id.* Mr. Brown served for four years as a trial attorney with the Antitrust Division of the United States Department of Justice, where he led and assisted in numerous investigations, litigations and trials involving anticompetitive conduct and mergers. *Id.* Mr. Brown also prosecuted criminal cases as a Special Assistant United States Attorney in the Eastern District of Virginia. *Id.* Prior to joining the Department of Justice, he was in private practice with Covington & Burling in Washington, D.C. *Id.* Mr. Brown served as a judicial law clerk for Chief Judge Juan R. Torruella of the U.S. Court of Appeals for the First Circuit. *Id.* Mr. Brown graduated *cum laude* from Harvard Law School and Phi Beta Kappa from the University of Wisconsin – Madison. *Id.*

### 3. The Accomplishments of Joseph Saveri Law Firm, Inc.

Since its founding in 2012, the Joseph Saveri Law Firm, Inc. ("JSLF") has developed a track record of successful advocacy through prosecuting complex civil cases and antitrust class action cases in federal and state courts throughout the United States on its clients' behalf. Saveri Decl., Ex. 6. Over the last two years, JSLF has produced settlements totaling over $615 million in antitrust class action cases.[5] *Id.*

**Joseph R. Saveri**, the firm's founder, has more than 25 years of professional and leadership experience in litigating numerous antitrust claims on behalf of businesses, entrepreneurs, individuals, consumers, and public officials negatively affected by price-fixing, cartel behavior, monopolies and other anticompetitive business practices.[6] Additionally, JSLF team members have significant sports law experience, including representing athletes and professional sports franchises. *See* Saveri Decl., Ex. 6. In 1992, Mr. Saveri joined the plaintiffs' firm that would eventually become Lieff, Cabraser, Heimann & Bernstein ("Lieff"), where he founded the firm's Antitrust and Intellectual Property Practice Group. *Id.* Mr. Saveri chaired this award-winning practice group for his entire tenure at Lieff, and under his direction, it obtained over $4 billion in settlements through prosecuting various novel and landmark antitrust class actions. *Id.*

Since founding JSLF, Mr. Saveri has served and continues to serve in leadership positions through the firm's appointment in a number of significant antitrust class actions:

- *In re Titanium Dioxide Antitrust Litigation*, **Case No. 10-cv-00318-RDB (D. Md.):** JSLF served as Co-Lead Counsel with Gold Bennett, representing the titanium dioxide direct purchaser class in prosecuting their price-fixing against manufacturers. Mr. Saveri was responsible for directing and conducting all phases of the litigation and trial preparation. The case settled on the day before the start of trial, with the complete settlement ultimately totaling $163.5 million. Saveri Decl., Ex. 6.

- *In re High-Tech Employee Antitrust Litigation*, **Case No. ll-cv-2509 (N.D. Cal.)**: JSLF currently serves as one of the Lead Counsel for a class of high-tech employees denied job opportunities by defendants' unlawful agreements to not recruit or hire each other's employees. Mr. Saveri's tireless prosecution of this case has been profiled throughout the media (Wall

---

[5] *See* Joseph Saveri Law Firm profile, Saveri Decl., Ex. 6. In 2013 and 2014, the Joseph Saveri Law Firm was recognized as a "Best Law firm" by U.S. News and World Report. *Id.*

[6] Mr. Saveri is an AV peer-rated attorney who was recognized as a top-ranked attorney by Chambers USA in 2014, and has been recognized as a Northern California Super Lawyer from 2006 to 2014. *See id.*, Ex. 6.

Street Journal, New York Times, Wired, CBS Evening News, etc.) over the last four years. Mr. Saveri investigated and initiated the litigation and has been responsible for all phases of this litigation, in which many of the most powerful companies in Silicon Valley were named as defendants. In 2013, three defendants settled for $20 million, and in January 2015 the remaining defendants (Adobe, Apple, Google, and Intel) agreed to settle for $415 million. *Id.*

- *In re Capacitors Antitrust Litigation* **Case No. 14-cv-03264 (N.D. Cal.):** JSLF has been appointed Interim Lead Class Counsel representing a class of direct purchasers of capacitors used in electronic devices. Plaintiffs allege that Defendants formed a cartel and conspired to fix, raise and stabilize prices in the multi-billion dollar market for aluminum, tantalum, and film capacitors. *Id.*

- *In re Lidoderm Antitrust Litigation*, **Case No. 14-md-02521-WHO (N.D. Cal.):** Mr. Saveri serves as Court-appointed Liaison Counsel for the Indirect Purchaser Plaintiffs in this case, who allege violation of state law antitrust claims by pharmaceutical companies that entered a reverse payment settlement agreement relating to patent infringement litigation over the local analgesic drug Lidoderm. *Id.*

### C. Proposed Interim Co-Lead Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action.

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate very significant resources to advance the claims of the two proposed classes. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Plaintiffs' livelihoods are invested in this litigation, as the case seeks recovery for years of under-compensation for elite MMA fighters as well as important prospective relief to correct the UFC's unlawful conduct and create a free and fair marketplace going forward.

In all likelihood, Plaintiffs face a lengthy and resource-intensive fight. The UFC is a deep-pocketed defendant, described by Forbes Magazine as the "Ultimate Cash Machine" (*Le* Complaint ¶ 8), with the resources to hire world-class defense counsel to fight Plaintiffs' claims. Proposed Interim Co-Lead Class Counsel have more than sufficient time and monetary resources, as well as the necessary roster of talented attorneys and capable professional staff, to litigate Plaintiffs' claims efficiently and aggressively, and to pursue all expert discovery that may be necessary to prove their claims. *See* Brown Decl, ¶ 5; Cramer Decl. ¶¶ 16-17; Saveri Decl. ¶ 13.

### VI.  CONCLUSION

For the foregoing reasons, Berger & Montague, P.C.; Cohen Milstein Sellers & Toll PLLC; and the Joseph Saveri Law Firm, Inc. shall be appointed as Plaintiffs' Interim Co-Lead Class Counsel.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2015 | JOSEPH SAVERI LAW FIRM, INC. |
| 2 | | By: /s/ Joseph R. Saveri |
| 3 | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
Kevin E. Rayhill (State Bar No. 267496)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
apurdy@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey (State Bar No. 205769)
Jerome K. Elwell (*pro hac vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Eugene A. Spector (*pro hac vice* pending)
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
wcaldes@srkw-law.com

Frederick S. Schwartz (State Bar No. 145351)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry and Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig*

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 12, 2015          By: ___*/s/ Joseph R. Saveri*___
                                           Joseph R. Saveri