Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Matthew S. Weiler (State Bar No. 236052)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>          Defendant. | Case No.  5:14-cv-05484-EJD<br>               5:14-cv-05591- EJD<br>               5:14-cv-05621- EJD<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |
| **Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>          Defendant. | |
| **Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>          Defendant. | |

I, Joseph R. Saveri, declare:

1. I am the Founding Partner of the Joseph Saveri Law Firm, Inc. ("JSLF"). I am an attorney of record in these related matters for Plaintiffs Le, Quarry, Fitch, Vazquez, Hallman, Vera, Garza, Ruediger, and Danzig, and a member in good standing with the State Bar of California. I submit this Declaration in support of Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel. I am a member of the California Bar in good standing and am admitted to practice before this Court. I have personal knowledge of the matters stated herein, and if called to testified I could and would do so competently.

2. Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs seek approval of a class leadership that includes appointment of JSLF as Interim Co-Lead Class Counsel. JSLF, in conjunction with Berger & Montague, P.C. and by Cohen Milstein Sellers & Toll PLLC (with JSLF, "Proposed Interim Co-Lead Class Counsel") worked with Plaintiffs and their other attorneys, to conduct an extensive factual and legal analysis of the market for elite mixed martial art ("MMA") athletes, including control of the elite MMA market and oppressive tactics adopted by Defendant, Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("UFC"). Proposed Interim Co-Lead Class Counsel and their staff spent hundreds of hours researching the bases for, and drafting, the three Complaints in the matters of *Le, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05484-EJD; *Vasquez, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05591-EJD; and *Vera, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05621-EJD (collectively, the "Complaints").

3. In developing the *Le*, *Vasquez*, and *Vera* Complaints, Proposed Interim Co-Lead Class Counsel worked closely with Robert Maysey of Warner Angle Hallam Jackson & Formanek, PLC ("Warner Angle"). As explained in further detail in **Exhibit 1**, which is a true and correct copy of Mr. Maysey's Warner Angle profile, Mr. Maysey has represented figures and otherwise been involved in the elite MMA industry for over ten years.

4. The Complaints have generated media interests. Attached as **Exhibit 2** is a true and correct copy of an article from ESPN's website concerning the Le complaint, which was downloaded at my direction from the following address: http://espn.go.com/mma/story/_/id/12037883/antitrust-lawsuit-filed-ufc-parent-company-claims-monopoly. Attached as **Exhibit 3** is a true and correct copy of an article from Sports Illustrated's website concerning this litigation, which was downloaded at my direction

1  from the following address: http://www.si.com/mma/2014/12/16/ufc-antitrust-lawsuit-cung-le.

2  5. JSLF attorneys coordinated with attorneys for Gabe Ruediger and Mac Danzig, including Jay Cohen of Spector Roseman Kodroff & Willis, P.C. to file *Ruediger, et al. v. Zuffa, LLC*, Case No. 5:15-cv-00521-NC (N.D. Cal.), on February 4, 2015. Proposed Interim Co-Lead Class Counsel have committed to coordinating with Mr. Ruediger and Mr. Danzig's attorneys moving forward.

6. Attached hereto as **Exhibits 4 and 5** are true and correct copies of articles concerning other litigation involving the UFC that were downloaded at my direction from the following websites: https://torrentfreak.com/ufc-pirate-apologizes-settles-following-32m-lawsuit-140913/, https://www.techdirt.com/articles/20120320/10225718173/ufc-makes-awful-decision-to-sue-some-its-biggest-fans.shtml.

7. As part of their work on the *Le*, *Vasquez*, *Vera*, and *Ruediger* matters, Proposed Interim Co-Lead Class Counsel served the Complaints, summons and related materials on UFC. Subsequently, Proposed Interim Co-Lead Class Counsel negotiated a stipulation providing for an orderly briefing schedule for responsive pleadings or motions to be filed by the UFC. *See* Dkt. 28.

8. Proposed Interim Co-Lead Class Counsel have served third-party subpoenas on Twitter, Inc. and Google, Inc., in order to preserve all potentially relevant evidence. These measures are part of Plaintiffs' investigation of whether there has been deletion of social media by persons affiliated with UFC.

9. Proposed Interim Co-Lead Class Counsel, in conjunction with Plaintiffs' other attorneys, have taken measures to protect Plaintiffs' interests in connection with the UFC's disclosure of Plaintiffs Le, Quarry, Fitch, Vasquez, Hallman, Vera, and Garza's social security numbers, which the UFC made public for five days because of its failure to redact exhibits to a declaration from one of their in-house attorneys that was submitted with the UFC's motion to transfer. Proposed Interim Co-Lead Class Counsel informed the UFC of the disclosure as soon as they learned of it, so that the exhibits would be promptly removed. The next morning, February 4, the UFC moved to have the exhibits removed from the Court's public docket, and the Court ordered their removal that same day. *See* Dkt. 45. On February 5, Proposed Interim Co-Lead Class Counsel demanded that, *inter alia*, the UFC (1) explain how the information was disclosed, so that Plaintiffs can be sure it will not happen again; (2) search the public domain for copies of the exhibits and ensure their removal; (3) investigate whether the information has

been used; (4) pay for seven years of credit monitoring for each of Messrs. Le, Fitch, Quarry, Garza, Vera, Hallman, and Vazquez, and agree to reimburse these individuals for all consequential damages, if any, flowing from the improper disclosure of this information. On February 6, the UFC responded by letter, providing an explanation for the transmission, and updated Proposed Interim Co-Lead Class Counsel on its investigation of the consequences of the transmission. UFC sent Proposed Interim Co-Lead Class Counsel another letter on February 12, providing an additional update. Proposed Interim Co-Lead Class Counsel are evaluating the UFC's responses, and are considering what legal remedies, if any, should be pursued on Plaintiffs' behalf.

10. Proposed Interim Co-Lead Class Counsel drafted a proposed Stipulated Protective Order along the lines of the model promulgated by the Northern District of California. Plaintiffs provided their draft to the UFC for comment on February 5, 2012. On February 12, the UFC responded with a draft making a number of changes. Plaintiffs are evaluating the UFC's version of the Stipulated Protective Order.

11. To integrate the *Le*, *Vasquez*, *Vera*, and *Ruediger* matters, and streamline this litigation, Proposed Interim Co-Lead Class Counsel promptly sought to relate the *Vasquez* and *Vera* matters to the *Le* Complaint, resulting in the three cases currently assigned to the Court. *See* Dkt. 18-19. Proposed Interim Co-Lead Class Counsel have also sought to relate the *Ruediger* matter. *See* Dkt. 49. Proposed Interim Co-Lead Class Counsel filed a motion to consolidate these four matters on February 10, 2015. *See* Dkt. 52. Proposed Interim Co-Lead Class Counsel discussed case management issues with the UFC's counsel in some detail, and obtained counsel for the UFC's agreement on nearly all terms of the [Proposed] Case Management Order submitted with the Motion to Consolidate, except that the UFC wanted consolidation to be for all purposes, while Plaintiffs had requested that consolidation be limited to pre-trial proceedings for the time being. *See* Dkt. 48-1 at ¶5. Proposed Interim Co-Lead Class Counsel have divided the work among Plaintiffs' attorneys to ensure efficient and non-duplicative practices, and have continuously communicated with Plaintiffs' other attorneys.

12. On February 3, 2015, Proposed Interim Co-Lead Counsel submitted a motion to appoint interim co-lead class counsel by the Court's administrative motion procedure. Proposed Interim Co-Lead Counsel did so in the interests of efficiency, and because Proposed Interim Co-Lead Class Counsel had no

reason to believe that a motion to appoint counsel would be opposed.

13. As is explained in further detail in **Exhibit 6**, which is a true and correct copy of a firm resume maintained by JSLF describing the firm's experience and expertise, JSLF is qualified to prosecute Plaintiffs' antitrust claims. Additional information regarding the firm, its experience, and its credentials can be found on the JSLF website, www.saverilawfirm.com. JSLF has the personnel and the financial resources to commit to this litigation.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on February 13, 2015.

*/s/ Joseph R. Saveri*
Joseph R. Saveri

Case No. 5:14-cv-05484-EJD
Case No. 5:14-cv-05591-EJD
Case No. 5:14-cv-05621-EJD

5

DECLARATION OF JOSEPH R. SAVERI