# EXHIBIT A



Dated:  February 2, 2015

# BERGER & MONTAGUE, P.C.

## THE FIRM

For more than forty years, Berger & Montague has litigated complex and class action cases primarily for plaintiffs in a wide array of areas including antitrust, securities, insurance, consumer protection, environmental, products liability/mass torts, employment discrimination, *qui tam*/false claims and ERISA. The firm has recovered billions of dollars for its consumer, business, and public entity (including state and local government agency) clients, and has been nationally recognized as a pioneer and leader in litigating and trying major, complex cases. In numerous precedent-setting cases, the firm has played a principal or lead role establishing new law, obtaining landmark rulings and securing substantial recoveries for victims of misconduct.

Berger & Montague is in *The National Law Journal's* "Plaintiffs' Hot List Hall of Fame" and the *Legal 500*, a guide to worldwide legal services providers, has frequently cited Berger & Montague's antitrust practice as "stand[ing] out by virtue of its first-class trial skills." The firm was recently selected for inclusion on *The National Law Journal's* inaugural "Elite Trial Lawyers" list that recognizes law firms that "have done exemplary and cutting-edge work on behalf of their clients and are established leaders in the area of plaintiff law." The firm has also been selected by *Chambers and Partners' USA's* America's Leading Lawyers for Business as one of Pennsylvania's top antitrust firms seven years running.

In just the past two years, the firm has continued to obtain precedent setting victories for its clients, including the largest-ever monetary settlement of a private antitrust class action: $7.25 billion in cash in *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation* (nearly $5.7 billion after reduction for opt outs). The firm achieved yet another ground-breaking settlement in the payment network arena, relating to the over-the-road fleet payment card market in *Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.*, 07-1078 (E.D. Pa) (JKG). The *Comdata* settlement, which received final approval on July 14, 2014, provides for $130 million for the victims of past competitive harms plus valuable prospective relief that rolled back much of the conduct Plaintiffs had challenged as anticompetitive. Berger & Montague has also, over the past decade, been in the vanguard of challenging pay-for-delay and other means by which pharmaceutical companies have sought to delay generic competition. The victory of the firm, which has well over $1 billion in settlements in these pharmaceutical cases, in *K-Dur* helped set the stage for the Supreme Court's decision in *Federal Trade Commission v. Actavis*, 133 S. Ct. 2223 (June 17, 2013) ("*Actavis*"). These recent successes build upon the firm's storied history of serving as lead, co-lead or co-trial counsel on many of the most significant civil antitrust cases over the last 40 years, including *In re: Currency Conversion Fee Antitrust Litigation* (recovery of $336 million), *In re Corrugated Container Antitrust Litigation* (recovery in excess of $366 million), the *Infant Formula* case (recovery of $125 million), the *Brand Name Prescription Drug* price fixing case (recovery of more than $700 million), the *Graphite Electrodes Antitrust Litigation* (recovery of more than $134 million), and the *High-Fructose Corn Syrup Antitrust Litigation* (recovery of $531 million).

## JUDICIAL PRAISE FOR BERGER & MONTAGUE ATTORNEYS

Berger & Montague's record of successful prosecution of class actions and other complex litigation has been recognized and commended by judges and arbitrators across the country. Some remarks on the skill, efficiency, and expertise of the firm's attorneys are excerpted below.

### *Antitrust Litigation*

From **Judge James Knoll Gardner** of the U.S. District Court for the Eastern District of Pennsylvania, praising the efforts of all counsel:

> You've all advocated successfully, forcefully, and appropriately on behalf of each of your clients. You achieved a result that – by agreement that is appropriate for each party concerned, and this would have been a much more difficult and contentious proceeding but for your professionalism and your collegiality and your attention and devotion to the best interests of your clients.

Transcript of the July 14, 2014 Final Fairness Hearing in ***Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.***, 07-1078 (E.D. Pa) at 16:4-12.

From **Judge John Gleeson**, of the U.S. District Court for the Eastern District of New York:

> In light of the serious risk and the complexity of the case, the quality of representation in this case may be measured in large part by the results that counsel achieved for the class …. When the rules changes are combined with the massive damages fund, the settlement must be labeled a significant success. That assessment reinforces my judgment that plaintiffs' counsel litigated the case with skill and tenacity, as would be expected to achieve such a result.

***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation***, 991 F. Supp. 2d 437, 442 (E.D.N.Y. Jan. 10, 2014).

From **Judge William H. Pauley, III**, of the U.S. District Court of the Southern District of New York:

> Class Counsel did their work on their own with enormous attention to detail and unflagging devotion to the cause. Many of the issues in this litigation . . . were unique and issues of first impression.
>
> * * *
>
> Class Counsel provided extraordinarily high-quality representation. This case raised a number of unique and complex legal issues …. The law firms of Berger & Montague and Coughlin Stoia were indefatigable. They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar.

***In re Currency Conversion Fee Antitrust Litigation***, 263 F.R.D. 110, 129 (2009).

2

From **Judge Faith S. Hochberg** of the United States District court for the District of New Jersey:

> [W]e sitting here don't always get to see such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers … I want to congratulate all of you for the really hard work you put into this, the way you presented the issues, … On behalf of the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do.

*In re Remeron Antitrust Litig*., Civ. No. 02-2007 (Nov. 2, 2005).

From U.S. District **Judge Jan DuBois**, of the U.S. District Court of the Eastern District of Pennsylvania:

> [T]he size of the settlements in absolute terms and expressed as a percentage of total damages evidence a high level of skill by petitioners … The Court has repeatedly stated that the lawyering in the case at every stage was superb, and does so again.

*In Re Linerboard Antitrust Litig*., 2004 WL 1221350, at \*5-\*6 (E.D. Pa. 2004).

From **Judge Nancy G. Edmunds**, of the U.S. District Court of the Eastern District of Michigan:

> [T]his represents an excellent settlement for the Class and reflects the outstanding effort on the part of highly experienced, skilled, and hard working Class Counsel….[T]heir efforts were not only successful, but were highly organized and efficient in addressing numerous complex issues raised in this litigation[.]

*In re Cardizem CD Antitrust Litig*., MDL No. 1278 (E.D. Mich., Nov. 26, 2002).

From **Judge Charles P. Kocoras** of the U.S. District Court for the Northern District of Illinois:

> The stakes were high here, with the result that most matters of consequence were contested.  There were numerous trips to the courthouse, and the path to the trial court and the Court of Appeals frequently traveled.  The efforts of counsel for the class has [sic] produced a substantial recovery, and it is represented that the cash settlement alone is the second largest in the history of class action litigation. . . . There is no question that the results achieved by class counsel were extraordinary[.]

Regarding the work of Berger & Montague in achieving more than $700 million in settlements with some of the defendants in *In Re Brand Name Prescription Drugs Antitrust Litigation*, 2000 U.S. Dist. LEXIS 1734, at \*3-\*6 (N.D. Ill. Feb. 9, 2000).

From **Judge Peter J. Messitte** of the U.S. District Court for the District of Maryland:

> The experience and ability of the attorneys I have mentioned earlier, in my view in reviewing the documents, which I have no reason to doubt, the plaintiffs' counsel are at the top of the profession in this regard and certainly have used their expertise to craft an extremely favorable settlement for their clients, and to that extent they deserve to be rewarded.

Settlement Approval Hearing, Oct. 28, 1994, in *Spawd, Inc. and General Generics v. Bolar Pharmaceutical Co., Inc.*, CA No. PJM-92-3624 (D. Md.).

From **Judge Donald W. Van Artsdalen** of the U.S. District Court for the Eastern District of Pennsylvania:

> As to the quality of the work performed, although that would normally be reflected in the not immodest hourly rates of all attorneys, for which one would expect to obtain excellent quality work at all times, the results of the settlements speak for themselves. Despite the extreme uncertainties of trial, plaintiffs' counsel were able to negotiate a cash settlement of a not insubstantial sum, and in addition, by way of equitable relief, substantial concessions by the defendants which, subject to various condition, will afford the right, at least, to lessee-dealers to obtain gasoline supply product from major oil companies and suppliers other than from their respective lessors. The additional benefits obtained for the classes by way of equitable relief would, in and of itself, justify some upward adjustment of the lodestar figure.

*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 31 (E.D. Pa. 1985).

From **Judge Krupansky**, who had been elevated to the Sixth Circuit Court of Appeals:

> Finally, the court unhesitatingly concludes that the quality of the representation rendered by counsel was uniformly high.  The attorneys involved in this litigation are extremely experienced and skilled in their prosecution of antitrust litigation and other complex actions.  Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of highly favorable result.

Where the firm and Merrill Davidoff were co-lead counsel in *In re Art Materials Antitrust Litigation,* 1984 CCH Trade Cases ¶65,815 (N.D. Ohio 1983).

From **Judge Joseph Blumenfeld** of the U.S. District Court for the District of Connecticut:

> The work of the Berger firm showed a high degree of efficiency and imagination, particularly in the maintenance and management of the national class actions.

*In re Master Key Antitrust Litigation*, 1977 U.S. Dist. LEXIS 12948, at *35 (Nov. 4, 1977).

## PROMINENT RESULTS IN ANTITRUST LITIGATION

The firm has a wide breadth of achievement in many significant areas of complex and business-related litigation.  The following is a partial list of some of the more notable results obtained by the firm in antitrust litigation.

### *Antitrust Litigation*

***Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.***: Berger & Montague is Co-Lead Counsel for a Settlement Class of over 6,500 independent truck stops and other retail fueling facilities who paid percentage transaction fees when accepting specialized payment cards used by long-haul fleets to purchase diesel fuel and other items issued by Comdata, Inc.  Plaintiffs alleged that Comdata, its corporate parent and three large national truck stop chains engaged in an anti-competitive scheme to impose exclusionary agreements on Settlement Class members, among other things.  On July 14, 2014, the court finally approved the settlement of the *Marchbanks* matter including (a) $130 million in cash and (b) prospective relief that an expert economist has determined to be worth an additional $260 million to $491 million (bringing the total value of the settlement to between $390 and $621 million).  (Case No. 07-1078 (E.D. Pa.)).

***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation:***  Berger & Montague is co-lead counsel in this class action on behalf of all merchants who accepted Visa and/or MasterCard credit or signature debit cards since January 2004 alleging that Visa, MasterCard and several large banks illegally fixed the interchange fee.  On December 13, 2013, the Court granted final approval to a $7.25 billion settlement of this action (or approximately $5.7 billion after reduction for opt outs), which is currently on appeal.  This is the largest-ever monetary settlement of private antitrust litigation.    (Case No. 05-md-01720 (E.D.N.Y.)).

***In re Currency Conversion Fee Antitrust Litigation:***  Berger & Montague, as one of two co-lead counsel, spearheaded a class action lawsuit alleging that the major credit cards had conspired to fix prices for foreign currency conversion fees imposed on credit card transactions.  After eight years of litigation, a settlement of $336 million was approved in October, 2009, with a Final Judgment entered in November, 2009.  Following the resolution of eleven appeals, the District Court, on October 5, 2011, directed distribution of the settlement funds to more than 10 million timely filed claimants, among the largest class of claimants in an antitrust consumer class action.  (MDL No. 1409 (S.D.N.Y).)

***In re Titanium Dioxide Antitrust Litigation***:  Berger & Montague served on the Executive Committee and Trial Team for a certified class of direct purchasers of titanium dioxide, including many paint manufacturers.  The plaintiffs alleged that the five major producers of titanium dioxide in North America conspired to fix prices over a ten-year period.  Following several important litigation successes, the case settled against each of the four defendants in the case between July 15, 2013 and September 9, 2013 (the day trial was scheduled to start against the last remaining defendant), for a total of $163.5 million.  The district court granted final approval of the settlements on December 13, 2013. The firm played central roles in all aspects of the case, and in particular, with developing the economic theories that were central to its ultimate success. (Case No. 1:10-cv-00318-RDB (D. Md.)).

***In re High Fructose Corn Syrup Antitrust Litigation:***  Berger & Montague was one of three co-lead counsel in this nationwide class action alleging a conspiracy to allocate volumes and customers and to price-fix among five producers of high fructose corn syrup.  After nine years of litigation, including four appeals, the case was settled on the eve of trial for $531 million. (MDL. No. 1087, Master File No. 95-1477 (C.D. Ill.)).

***In re Linerboard Antitrust Litigation:***  Berger & Montague was one of a small group of court-appointed executive committee members who led this nationwide class action against producers of linerboard.  The complaint alleged that the defendants conspired to reduce production of linerboard in order to increase the price of linerboard and corrugated boxes made therefrom.  At the close of discovery, the case was settled for more than $200 million. (Case Nos. 98 Civ. 5055 and 99-1341 (E.D. Pa.)).

***Meijer, Inc., et al. v. Abbott Laboratories:*** Berger & Montague served as co-lead counsel in a class action on behalf of pharmaceutical wholesalers and pharmacies charging Abbott Laboratories with illegally maintaining monopoly power and overcharging purchasers in violation of the federal antitrust laws.  Plaintiffs alleged that Abbott had used its monopoly with respect to its anti-HIV medicine Norvir (ritonavir) to protect its monopoly power for another highly profitable Abbott HIV drug, Kaletra.  This antitrust class action settled for $52 million after four days of a jury trial in federal court in Oakland, California. (Case No. 07-5985 (N.D. Cal.)).

***In re Nifedipine Antitrust Litigation:*** Berger & Montague played a major role (serving on the executive committee) in this antitrust class action on behalf of direct purchasers of generic versions of the anti-hypertension drug Adalat (nifedipine).  After eight years of hard-fought litigation, the court approved a total of $35 million in settlements.  (Case No. 1:03-223 (D.D.C.)).

***Johnson, et al. v AzHHA, et al.:***  Berger & Montague was co-lead counsel in this litigation on behalf of a class of temporary nursing personnel, against the Arizona Hospital and Healthcare Association, and its member hospitals, for agreeing and conspiring to fix the rates and wages for temporary nursing personnel, causing class members to be underpaid.  The court approved a nearly $22.5 million settlement on behalf of this class of nurses. (Case No. 07-1292 (D. Ariz.)).

***In re DDAVP Direct Purchaser Antitrust Litigation:*** Berger & Montague served as co-lead counsel in a case that charged defendants with using sham litigation and a fraudulently obtained patent to delay the entry of generic versions of the prescription drug DDAVP.  Berger & Montague achieved a $20.25 million settlement only after winning a precedent-setting victory before the United States Court of Appeals for the Second Circuit that ruled that direct purchasers had standing to recover overcharges arising from a patent-holder's misuse of an allegedly fraudulently obtained patent.  (Case No. 05-2237 (S.D.N.Y.)).

***Mylan Pharmaceuticals, Inc., et al. v. Warner Chilcott plc, et al.:*** Berger & Montague was co-lead counsel in a case alleging illegal delay of acne medication Doryx.  The case settled for $15 million.  (Case No. 12-3824 (E.D. Pa.)).

***In re Terazosin Antitrust Litigation:***  Berger & Montague was one of a small group of counsel in a case alleging that Abbott Laboratories was paying its competitors to refrain from introducing less expensive generic versions of Hytrin.  The case settled for $74.5 million.  (Case No. 99-MDL-1317 (S.D. Fla.)).

6

*In re Remeron Antitrust Litigation:*  Berger & Montague was one of a small group of counsel in a case alleging that the manufacturer of this drug was paying its competitors to refrain from introducing less expensive generic versions of Remeron.  The case settled for $75 million.  (Case No. 2:02-CV-02007-FSH (D.N.J.)).

*In re Tricor Antitrust Litigation:*  Berger & Montague was one of a small group of counsel in a case alleging that the manufacturer of this drug was paying its competitors to refrain from introducing less expensive generic versions of Tricor.  The case settled for $250 million.  (Case No. 05-340 (D. Del.)).

*In re Relafen Antitrust Litigation:*  Berger & Montague was one of a small group of firms who prepared for the trial of this nationwide class action against GlaxoSmithKline, which was alleged to have used fraudulently-procured patents to block competitors from marketing less-expensive generic versions of its popular nonsteroidal anti-inflammatory drug, Relafen (nabumetone).  Just before trial, the case was settled for $175 million.  (Case No. 01-12239-WGY (D. Mass.)).

*In re Microcrystalline Antitrust Litigation:*  Berger & Montague was one of two co-lead counsel in this class action alleging a conspiracy to fix the price of microcrystalline cellulose, used in the manufacture of many pharmaceuticals.  The case was settled shortly before trial for a total of $50 million.  (MDL No. 1402 (E.D. Pa.)).

*In re Hypodermic Products Antitrust Litigation*: Berger & Montague served on the Executive Committee for a class of direct purchasers of hypodermic products, including syringes and blood collection devices.  Plaintiffs alleged that through product bundling and other anticompetitive means, Becton Dickinson exploited its monopoly power by inducing purchasers of its products to pay heavy price penalties if they bought hypodermic products from Becton Dickinson's rivals. The case was settled for $45 million. (Case No. 05-cv-1602 (D.N.J.)).

*In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*: Berger & Montague  served as Co-Lead Counsel in this antitrust action on behalf of a class of direct purchasers of the prescription beta blocker drug Toprol XL.  Plaintiffs alleged that defendants used improper tactics to extend their monopoly unlawfully, and to extract artificially-inflated prices from direct purchasers of Toprol XL.  The case settled for $20 million (Case No. 06-052 (D. Del.)).

*In re Graphite Electrodes Antitrust Litigation:*  Berger & Montague was one of the four co-lead counsel in a nationwide class action price-fixing case.  The case settled for in excess of $134 million and over 100% of claimed damages.  (Case No. 02 Civ. 99-482 (E.D. Pa.)).

*In re Buspirone Antitrust Litigation:*   The firm served on the court-appointed steering committee in this class action, representing a class of primarily pharmaceutical wholesalers and resellers.  The Buspirone class action alleged that pharmaceutical manufacturer BMS engaged in a pattern of illegal conduct surrounding its popular anti-anxiety medication, Buspar, by paying a competitor to refrain from marketing a generic version of Buspar, improperly listing a patent with the FDA, and wrongfully prosecuting patent infringement actions against generic competitors to Buspar.  On April 11, 2003, the Court finally approved a $220 million settlement. (MDL No. 1410 (S.D.N.Y.)).

***In re Cardizem CD Antitrust Litigation:***   Berger & Montague served on the executive committee of firms appointed to represent the class of direct purchasers of Cardizem CD.  The suit charged that Aventis (the brand-name drug manufacturer of Cardizem CD) entered into an illegal agreement to pay Andrx (the maker of a generic substitute to Cardizem CD) millions of dollars to delay the entry of the less expensive generic product.  On November 26, 2002, the district court approved a final settlement against both defendants for $110 million.  (Case No. 99-MD-1278, MDL No. 1278 (E.D. Mich.)).

***In re Brand Name Prescription Drugs Antitrust Litigation***:  The firm served as co-lead counsel in this antitrust price-fixing class action on behalf of a class of purchasers of brand name prescription drugs.  Following certification of the class by the district court, settlements exceeded $717 million.  (Case No. 94 C 897 (M.D. Ill.)).

***North Shore Hematology-Oncology Assoc., Inc. v. Bristol-Myers Squibb Co.:***  The firm was one of several prosecuting an action complaining of Bristol Myers's use of invalid patents to block competitors from marketing more affordable generic versions of its life-saving cancer drug, Platinol (cisplatin).   The case settled for $50 million. (Case No. 1:04CV248 (EGS) (D.D.C.)).

***In re Catfish Antitrust Litig. Action***:  The firm was co-trial counsel in this action which settled with the last defendant a week before trial, for total settlements approximating $27 million.  (Case No. 2:92CV073-D-O, MDL No. 928 (N.D. Miss.)).

***In re Carbon Dioxide Antitrust Litigation:***  The firm was co-trial counsel in this antitrust class action which settled with the last defendant days prior to trial, for total settlements approximating $53 million, plus injunctive relief.  (MDL No. 940 (M.D. Fla.)).

***In re Infant Formula Antitrust Litigation***:  The firm served as co-lead counsel in an antitrust class action where settlement was achieved two days prior to trial, bringing the total settlement proceeds to $125 million.  (MDL No. 878 (N.D. Fla.)).

***Red Eagle Resources Corp., Inc., v. Baker Hughes, Inc.:***  The firm was a member of the plaintiffs' executive committee in this antitrust class action which yielded a settlement of $52.5 million.  (Case No. H-91-627 (S.D. Tex.)).

***In re Corrugated Container Antitrust Litigation:***  The firm, led by H. Laddie Montague, was co-trial counsel in an antitrust class action which yielded a settlement of $366 million, plus interest, following trial. (MDL No. 310 (S.D. Tex.)).

***Bogosian v. Gulf Oil Corp.:***  With Berger & Montague as sole lead counsel, this landmark action on behalf of a national class of more than 100,000 gasoline dealers against 13 major oil companies led to settlements of over $35 million plus equitable relief on the eve of trial.  (Case No. 71-1137 (E.D. Pa.)).

***In re Master Key Antitrust Litigation:***  The firm served as co-lead counsel in an antitrust class action that yielded a settlement of $21 million during trial.  (MDL No. 45 (D. Conn.)).

# THE SHAREHOLDERS

## H. Laddie Montague, Jr.

H. Laddie Montague, Jr. is a graduate of the University of Pennsylvania and the Dickinson School of Law where he was a member of the Board of Editors of the *Dickinson Law Review*. He is currently Chairman of the Board of Governors for Dickinson School of Law of Penn State University. He is a member of the Executive Committee of the firm having joined its predecessor David Berger, P.A. at its inception in 1970. He is the President and shareholder of the firm and is Chairman of the Antitrust Department.

In addition to being one of the courtroom trial counsel for plaintiffs in the mandatory punitive damage class action in the *Exxon Valdez Oil Spill Litigation*, Mr. Montague has served as lead or co-lead counsel in many class actions, including *In re Infant Formula Antitrust Litigation* (1993) and *Bogosian v. Gulf Oil Corp.* (1984), a nationwide class action against thirteen major oil companies. Mr. Montague was co-lead counsel for the State of Connecticut in its litigation against the tobacco industry.

Mr. Montague was one of four co-lead counsel in *In re Brand Name Prescription Drugs Antitrust Litigation,* M.D.L. 997 (N.D. Ill.) and was one of three co-lead counsel in *In Re High Fructose Corn Syrup Antitrust Litigation*, M.D.L. No. 1087 (C.D. Ill.). In addition to the *Exxon Valdez Oil Spill Litigation*, he has tried several complex, protracted cases to jury, including two class actions: *In re Master Key Antitrust Litigation* (1977) and *In re Corrugated Container Antitrust Litigation* (1980). For his work as trial counsel in the *Exxon Valdez Oil Spill Litigation*, Mr. Montague shared the Trial Lawyers for Public Justice 1995 Trial Lawyer of the Year Award.

Mr. Montague has been repeatedly singled out by *Chambers USA: America's Leading Lawyers for Business* as one of the top antitrust attorneys in the City of Philadelphia. He is lauded for his stewardship of the firm's Antitrust Department, referred to as "the dean of the Bar," stating that his peers in the legal profession hold him in the "highest regard," and explicitly praised for, among other things, his "fair minded[ness]." His is also listed in *Lawdragon 500*, *An International Who's Who of Competition Lawyers*, and *The Legal 500: United States (Litigation)*.

Mr. Montague has been invited and made presentation at the Organization for Economic Cooperation and Development (Paris, 2006); the European Commission and International Bar Association Seminar (Brussels, 2007); the Canadian Bar Association, Competition Section (Ottawa, 2008); and the 2010 Competition Law & Policy Forum (Ontario).

A frequent lecturer on class action litigation, Mr. Montague has presented for the Practicing Law Institute, the Pennsylvania Bar Institute and other groups, including the Antitrust Section of the American Bar Association. He has taught a Complex Litigation Course at Temple University's Beasley School of Law and has been a panelist at the Federal Bench-Bar Conference for the Eastern District of Pennsylvania. Mr. Montague was a member of the 1984 faculty of the Columbia Law School Continuing Legal Educational Program entitled "The Trial of an Antitrust Case." Mr. Montague has testified before Congress with respect to antitrust and business fraud legislation, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"). He is

currently a member of the Advisory Board of the Antitrust & Trade Regulation Report published by the Bureau of National Affairs.

### Merrill G. Davidoff

Merrill G. Davidoff received a B.A. degree from the University of Pennsylvania, and a J.D. from the University of Pennsylvania Law School (*cum laude*). He is admitted to practice law in the Commonwealth of Pennsylvania, the State of New York, the United States Supreme Court, and almost all federal Courts of Appeal. Mr. Davidoff is Co-Chairman of the Antitrust Department with Mr. Montague, Chairs the Environmental Group, and has litigated and tried a wide range of securities, antitrust, and environmental class actions.

In the Rocky Flats Nuclear Weapons Plant class action where Mr. Davidoff is lead counsel, the Court held the United States Department of Energy in contempt of court after a one week trial in November, 1995 (reported at 907 F. Supp. 1460 (D. Colo. 1995)). In 2005-2006, this class action finally went to trial (with Mr. Davidoff as lead trial counsel) and, in February 2006, the jury returned a special verdict for the plaintiffs for $554 million, the largest property damage class action jury verdict ever. The verdict was the third-largest jury verdict of 2006 in the United States, according to *The National Law Journal*. In 2008, after extensive post-trial motions, the District Court entered a $926 million judgment for plaintiffs in this case. In July, 2009, the trial team led by Mr. Davidoff won the Public Justice "Trial Lawyer of the Year" award for its work on the *Rocky Flats* case. The jury verdict in that case was vacated on appeal, and proceedings are continuing in the district court.

In *In re Foreign Currency Fee Antitrust Litigation*, MDL No. 1409, where Mr. Davidoff and Berger & Montague are co-lead counsel, the Court approved a class action settlement of $336 million with Visa, MasterCard, and a number of their member banks, which drew more than 10 million claims from class members in one of the largest consumer antitrust class actions.

In *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), perhaps the largest pending antitrust case in the United States, H. Laddie Montague, Jr., Mr. Davidoff and Berger & Montague are one of the three Court-appointed co-lead counsel.

Mr. Davidoff has represented diverse clients, including Burger King Corporation; John I. Haas, Inc.; Joh. Barth & Sohn, A.G.; Karhu, Inc.; Rexroth Corporation/Rexroth GmbH; ADVO System, Inc.; the LeFrak Organization; Mannesmann A.G.; Championship Auto Racing Teams, Inc.; Cascade Steel Rolling Mills, Inc.; Carpenter Technology Corp.; the State of New Jersey; and the City of Philadelphia. Mr. Davidoff represented the State of New Jersey in the *Qwest* securities litigation, securing a $45 million "opt-out" settlement, and currently represents the State of New Jersey in "opt-out" litigation against the former public accounting firm for Lehman Brothers Inc. He has also represented many other large and small companies, sports teams, professional organizations, individuals and professional firms. He has acted as lead counsel and trial counsel in numerous antitrust, commercial, environmental, and securities cases. He represented Championship Auto Racing Teams ("CART"), a major Indy-car race-sanctioning organization, in a series of antitrust cases against Indianapolis Motor Speedway and others. Mr. Davidoff has been a speaker at American Trial Lawyers Association meetings and seminars, and has addressed the Environmental and Toxic Torts Section at the National Convention of ATLA.

He is also a member of the Antitrust and Business Law Sections of the American Bar Association, and served on the subcommittee of the American Bar Association Antitrust Section which prepared the 1985 supplements to the "Antitrust Civil Jury Instructions."

Mr. Davidoff served as co-lead and trial counsel for a plaintiff class in the first mass tort class action trial in federal court which resulted in a precedent-setting settlement for class members, *In re Louisville Explosions Litigation*. In the Canadian Radio-Television and Telecommunications Commission ("CRTC") Decisions (*Challenge Communications, Ltd. v. Bell Canada*), Mr. Davidoff was lead counsel for Applicant (plaintiff) in three evidentiary hearings before the CRTC. The hearings resulted in the first precedent breaking Bell Canada's monopoly over the telecommunications equipment which was connected to its telephone network. He was lead counsel in the *Revco Securities Litigation*, an innovative "junk bond" class action, which settled for $36 million. Mr. Davidoff was lead plaintiffs' counsel and lead trial counsel in *In re Melridge Securities Litigation*, tried to jury verdicts for $88 million (securities fraud) and $240 million (RICO). He was co-lead counsel for the class in *In re Graphite Electrodes Antitrust Litigation*, an international price-fixing case which yielded settlements ranging from 18% to 32% of the plaintiffs' and class' purchases from the defendants (aggregate settlements totaled $134 million). He was one of co-lead counsel in the *Ikon Securities Litigation*, in which a settlement of $111 million was obtained. He was co-lead counsel and designated lead trial counsel in the *In Re Sunbeam Securities Litigation*, where settlements of $142 million were reached. One of his areas of concentration is representation in commodities futures and options matters, and expertise in derivatives. He has represented market-makers on the Philadelphia Stock Exchange, where he owned a member firm in the 1990s, as well as broker-dealers and market-makers on other exchanges.

### Daniel Berger

Daniel Berger graduated with honors from Princeton University (Class of 1969) and Columbia Law School (1974) where he was a Harlan Fiske Stone academic scholar.  He is presently a senior member and shareholder of the firm, for which he serves as Managing Shareholder. Over the last 15 years, he has been involved in a number of complicated commercial cases including class action securities, antitrust, mass tort and bankruptcy cases.  In the antitrust area, he has headed up the firm's involvement in highly successful litigation against brand and generic prescription drug manufacturers in which the Berger Firm has been co-lead counsel, a member of various executive committees or otherwise played a key role including, *inter alia*, the following cases:  *Duane Reade Co. v. Aventis et al.* ($110 million settlement involving prescription drug Hytrin); *Louisiana Wholesale Drug Co. v. Bristol-Myers Squibb* ($220 million settlement involving prescription drug Buspar); *Valley Drug Co. v. Abbott Laboratories et al.*, (pending case involving agreements by brand and generic drug companies to delay generic entry); *Louisiana Wholesale Drug Co. v. Schering Plough* (pending case involving agreements by brand and generic drug companies to delay generic entry); and *Louisiana Wholesale Drug Co. v. Glaxo SmithKline Co.* (pending case involving fraud on the U.S. Patent Office and improper FDA listing by a brand prescription drug manufacturer which delayed generic entry.  In the civil rights area, he has been counsel in informed consent cases involving biomedical research and human experimentation by federal and state governmental entities.

Daniel Berger also has a background in the study of economics having done graduate level work in applied micro-economics and macro-economic theory, the business cycle and economic

11

history.  He has published law review articles in the *Yale Law Journal*, the Duke University *Journal of Law and Contemporary Problems* and the New York Law School *Law Review* and worked with the American Law Institute /American Bar Association program on continuing legal education.  He has been affiliated with the Kennedy School of Government through the Shorenstein center of Media and Public Policy at Harvard University.

Mr. Berger has been active in city government in Philadelphia and was a member of the Mayor's Cultural Advisory Council, advising the Mayor of Philadelphia on arts policy and the Philadelphia Cultural Fund, which is responsible for all city grants to arts organizations. Mr. Berger was also a member of the Pennsylvania Humanities Council, one of the State organizations through which the National Endowment for the Humanities makes grants.

Mr. Berger is also an author and journalist and has published in the *Nation* magazine and reviewed books for the *Philadelphia Inquirer*.

### Eric L. Cramer

Eric L. Cramer is a managing shareholder of the firm. He has repeatedly been selected by Chambers USA *America's Leading Lawyers for Business* as one of Pennsylvania's top tier antitrust lawyers; has been highlighted annually since 2011 by *the Legal 500* as one of the country's top lawyers in the field of complex antitrust litigation; has repeatedly been deemed one of the "Best Lawyers in America;" and has been designated a "Super Lawyer" by Philadelphia Magazine many years in a row.  In 2014, Philadelphia Magazine selected Mr. Cramer as one of the top 100 lawyers in Philadelphia, and Chambers USA observed that "he is really a tremendous advocate in the courtroom, with a very good mind and presence."

Mr. Cramer has prosecuted multiple complex antitrust matters and is responsible for winning numerous significant settlements for his clients and class members totaling well over $2 billion. He is lead counsel in several antitrust and other litigation matters in a variety of industries and numerous courts across the country.  Recently, after a seven year battle led by Mr. Cramer, his team achieved a ground-breaking settlement in a case relating to the over-the-road fleet payment card market in *Marchbanks Truck Service Inc., et al. v. Comdata Network, Inc., et al.*, 07-1078 (E.D. Pa) (JKG). The *Comdata* settlement, which received final approval in July 2014, provides for $130 million plus valuable prospective relief that rolled back much of the conduct Plaintiffs had challenged as anticompetitive for a class including thousands of truck stops and retail fueling facilities across the country.  In 2013, Mr. Cramer was on the trial team in *In re Titanium Dioxide Antitrust Litigation*, No. 1:10-cv-00318-RDB (D. Md.).  The team succeeded in securing $163.5 million in settlements for a class of thousands of direct purchasers against an alleged cartel in the titanium dioxide industry. Mr. Cramer was primarily responsible for overseeing development of the economic and legal theories for class certification and for the class certification briefing.  Mr. Cramer took the lead at the class certification hearing, which resulted in the following decision certifying the class: *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328 (D. Md. 2012).  One final example: Mr. Cramer was co-lead counsel and on the trial team of the *Meijer v. Abbott Labs,* No. 07-5985 (N.D. Cal.), which settled in 2011 for $52 million after four days of a jury trial.

Mr. Cramer is also a frequent speaker at antitrust and litigation related conferences.  He was the only Plaintiffs' lawyer selected to serve on the American Bar Association's Antitrust Section

Transition Report Task Force delivered to the incoming Obama Administration in 2012.  He is a Senior Fellow and member of the Board of Directors of the American Antitrust Institute; a past President of COSAL (Committee to Support the Antitrust Laws), a leading industry group; a member of the Advisory Board of the Institute of Consumer Antitrust Studies of the Loyola University Chicago School of Law; and a member of the Board of Directors of Public Justice.

He has written widely in the fields of class certification and antitrust law.  Among other writings, Mr. Cramer has co-authored *Antitrust, Class Certification, and the Politics of Procedure*, 17 George Mason Law Review 4 (2010) (http://ssrn.com/abstract=1578459), which the Third Circuit cited in *Behrend v. Comcast Corp*., 655 F.3d 182, 200, n.10 (3d Cir. 2011), *reversed*, 133 S. Ct. 1426 (2013).  He has also co–written a number of other pieces, including: *Of Vulnerable Monopolists?: Questionable Innovation in the Standard for Class Certification in Antitrust Cases*, 41 Rutgers Law Journal 355 (2009-2010) (http://ssrn.com/abstract=1542143); *A Questionable New Standard for Class Certification in Antitrust Cases*, published in the ABA's Antitrust Magazine, Vol. 26, No. 1 (Fall 2011); a Chapter of *American Antitrust Institute's Private International Enforcement Handbook* (2010), entitled "*Who May Pursue a Private Claim?*"; and, a chapter of the American Bar Association's *Pharmaceutical Industry Handbook* (July 2009), entitled "*Assessing Market Power in the Prescription Pharmaceutical Industry.*"  He has most recently been tasked with updating a chapter in the ABA's widely read and cited book *Proving Antitrust Damages.*

Mr. Cramer is a *summa cum laude* graduate of Princeton University (1989), where he was elected to Phi Beta Kappa. He graduated *cum laude* from Harvard Law School with a J.D. in 1993.


## Ruthanne Gordon

Ruthanne Gordon, a shareholder at Berger & Montague, is a graduate of the University of Michigan and the University of Pennsylvania Law School.  She has concentrated on the litigation of antitrust, securities and environmental class actions, and derivative litigation, including the following complex antitrust cases, among others, in which she has played a lead role: *In re Currency Conversion Fee Antitrust Litigation* (S.D.N.Y.) (after 5½ years of litigation, through the close of fact and expert discovery, achieved a settlement consisting of $336 million and injunctive relief for a class of U.S. cardholders of Visa- and MasterCard-branded cards; over 10 million class members have filed claims); *Ross v. American Express Company* ($49.5 million settlement, achieved after more than 7 years of litigation and after summary judgment was denied); *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.) (Berger & Montague served as Co-Lead Counsel); *In re Puerto Rico Cabotage Antitrust Litigation* (D.P.R.) (Ms. Gordon served as a court-appointed member of the Plaintiffs' Steering Committee); *In re Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.) (Berger & Montague served as Co-Lead Counsel in this case which settled for $50 million shortly before trial); *In re Compact Disc Antitrust Litigation* (C.D. Cal.) (settlement obtained shortly before trial); *State of Connecticut v. Philip Morris, Inc., et al*., in which the State of Connecticut recovered approximately $3.6 billion from certain manufacturers of tobacco products; and *In re Commercial Tissue Antitrust Litigation* (N.D. Fla.) (settlement valued at $54 million achieved after summary judgment briefing).

Ms. Gordon has also played a lead role in litigation involving the following industries, among others: the real estate industry (*Lyons v. Calderone, et al.* (D.N.J.); *Best v. Koger Equity, Inc., et al.* (M.D. Fla.)); the computer industry (*In re Convex Computer Corporation Securities Litigation* (N.D. Tex.); *Heideman v. Toreson, et al.* (N.D. Cal.)); public utilities (*In re Philadelphia Electric Company Derivative Litigation* (Phila. C.C.P.); *In re PSE&G Derivative Litigation* (N.J. Super. Ct. Ch. Div.)); the environmental services industry (*Houston Corporation v. Environmental Systems Company, et al.* (E.D. Ark.)); the tobacco industry (*Friedman v. RJR Nabisco, Inc., et al.* (S.D.N.Y.)); the biotechnology industry (*In re Biogen Inc. Securities Litigation* (D. Mass.)); and the healthcare industry (*In re W.R. Grace & Co. Securities Litigation* (S.D.N.Y.)).

Ms. Gordon has argued issues of first impression before the United States Court of Appeals for the Second Circuit, in *Ross v. American Express Company* (concerning standing to invoke the interlocutory appeal provision of Section 16 of the Federal Arbitration Act, in a case alleging a horizontal price-fixing conspiracy) and before the New Jersey Supreme Court, in *In re PSE&G Derivative Litigation* (concerning the standard for excusal of demand in a duty of care case).

She was counsel in *In re Louisville Explosion Litigation*, a class action case alleging property damage, which was prosecuted through a six-week trial and settled at the close of plaintiffs' case for more than one hundred percent of actual damages. In addition, Ms. Gordon represented a class of Pennsylvania inmates in a federal civil rights class action, which resulted in the establishment of a statewide treatment program for Pennsylvania inmates suffering from post-traumatic stress disorder as a result of their service in the Vietnam war.

As a member of the Antitrust Law Section of the American Bar Association, Ms. Gordon has served as a panelist at the American Bar Association's Antitrust Law Spring Meeting, where she addressed key issues that arise in the prosecution and defense of an antitrust class action lawsuit.

Ms. Gordon has repeatedly been named as one Pennsylvania's "SuperLawyers" in the Philadelphia Magazine; and has received the highest peer-review rating, "AV," in Martindale-Hubbell.

### Andrew C. Curley

Andrew C. Curley is a shareholder in the Antitrust practice group at Berger & Montague. He concentrates his practice in the area of complex antitrust litigation.

Mr. Curley played a lead role on behalf of a class of independent truck stops and other retail merchants in *Marchbanks Truck Service, Inc. v. Comdata Network, Inc.,* Case No. 07-1078 (E.D. Pa.). The *Marchbanks* litigation settled in January 2014 for $130 million and significant prospective relief—in the form of, among other things, meaningful and enforceable commitments by the largest over-the-road trucker fleet card issuer in the United States to modify or not to enforce those portions of its merchant services agreements that plaintiffs challenged as anticompetitive, and that an expert economist has determined to be worth an additional $260 million to $491 million (bringing the total value of the settlement to between $390 and $621 million).

Mr. Curley is also involved in a number of antitrust cases representing direct purchasers of prescription drugs. These cases have alleged that pharmaceutical manufacturers have wrongfully kept less expensive generic drugs off the market, in violation of the antitrust laws. Those cases include *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) ($37.5 million settlement with one of two defendants); *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 12-MD-2343 (E.D. Tenn.) ($73 million settlement); *In re Solodyn Antitrust Litig.*, 14 MD 2503 (D. Mass.); and *In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516 (D. Conn.).

From 2010 through 2014, Mr. Curley was named as a Pennsylvania Super Lawyer - Rising Star. The designation of "Rising Star" is an honor conferred upon only the top 2.5% of attorneys in Pennsylvania who are 40 or younger.

Prior to joining Berger & Montague, Mr. Curley practiced in the litigation department of a large Philadelphia law firm where he represented clients in a variety of industries in complex commercial litigation in both state and federal court.

### Michael C. Dell'Angelo

Michael C. Dell'Angelo specializes in antitrust, commodities and complex litigation.

The National Law Journal recently featured Mr. Dell'Angelo in its profile of Berger & Montague for a special annual report entitled "Plaintiffs' Hot List." The Hot List profile of Berger & Montague focused on two of Mr. Dell'Angelo's most recent successes, including a settlement with JPMorgan Chase & Co., for $100 million in cash and other relief, stemming from the bank's role in the collapse of commodities broker MF Global. In total, the complex settlement will enabled the MF Global trustee to distribute about $1 billion to MF Global's former commodity customers whom Mr. Dell'Angelo represents. The profile also featured settlements totaling $163.5 million in *In re Titanium Dioxide Antitrust Litigation*, No. 1:10-cv-00318-RDB (D. Md.), an antitrust class action against five major producers of titanium dioxide in which Mr. Dell'Angelo participated as class counsel.

The antitrust class actions in which Mr. Dell'Angelo serves as court-appointed co-lead counsel on behalf of Berger Montague are *In re: Domestic Drywall Antitrust Litigation*, 2:13-MD-2437-MMB (E.D.Pa.) and *In re: Commodity Exchange, Inc., Gold Futures And Options Trading Litigation*, 1:14-MD-2548-VEC (S.D.N.Y.). He also represents representative plaintiffs in the following pending antitrust class actions: *In re: Libor-Based Financial Instruments Antitrust Litigation*, 1:11-md-02262-NRB (S.D.N.Y.); *In re: North Sea Brent Crude Oil Futures Litigation*, 1:13-md-02475-ALC (S.D.N.Y.); *Alaska Electrical Pension Fund v. Bank of America Corp et al*, 14-07126 (S.D.N.Y.); *In re: Crude Oil Commodity Futures Litigation*, 1:11-cv-03600-WHP (S.D.N.Y.); and *In re London Silver Fixing, Ltd. Antitrust Litigation*, 14-MD-02573-VEC (S.D.N.Y).

Mr. Dell'Angelo has been recognized consistently as a Pennsylvania Super Lawyer, a distinction conferred upon him annually since 2007. He is regularly invited to speak at Continuing Legal Education (CLE) and other seminars and conferences, both locally and abroad. As such, in response to his recent CLE, "How to Deal with the Rambo Litigator", Mr. Dell'Angelo was
singled out as "One of the best CLE speakers [attendees] have had the pleasure to see." He formerly served as the Third Circuit Editor of the American Bar Association's quarterly publication, Class Action and Derivative Suits.

Prior to joining Berger & Montague, Mr. Dell'Angelo concentrated his practice in antitrust, securities and complex commercial litigation at Miller Faucher and Cafferty LLP. While at Miller Faucher, Mr. Dell'Angelo also practiced before the Federal Trade Commission. Early in his career, Mr. Dell'Angelo devoted a substantial portion of his practice to the prosecution of numerous class action lawsuits on behalf of survivors of slave labor during the Holocaust. These suits, against German companies, resulted in a $5.2 billion German Foundation to pay Nazi-era claims.

Mr. Dell'Angelo's pro bono work includes the representation of an Alabama death row inmate. That representation resulted in a reversal of the client's sentencing by the Eleventh Circuit and a grant of a writ of habeas corpus vacating the client's death sentence.

Mr. Dell'Angelo graduated from Connecticut College (B.A. 1994) and The Catholic University of America, Columbus School of Law (J.D. 1997).

While in law school, Mr. Dell'Angelo served as a law clerk for the Honorable Richard A. Levie (Ret.), Superior Court, D.C., Presiding Judge, Civil Division.

### Candice J. Enders

Candice Enders is a shareholder and member of Berger & Montague's Antitrust Department. She received a B.A. in political science from the University of Delaware in 2000 and earned her J.D. from the University of Pennsylvania in 2003.

While in law school, Ms. Enders served as a senior editor on the *University of Pennsylvania Journal of Labor and Employment Law*, volunteered as a legal advocate at the Custody and Support Assistance Clinic, and interned at Philadelphia City Council.

Since joining the Berger firm in 2003, she has concentrated entirely on the litigation of antitrust class action cases, including *In re Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.) ($50 million settlement achieved shortly before trial); *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.) ($15,100,000 settlement); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal.); and *In re Chocolate Confectionary Antitrust Litigation* (M.D. Pa.).   In 2013, Ms. Enders was selected as a Pennsylvania Super Lawyers "Rising Star."

### Michael J. Kane

Michael J. Kane is a graduate of Rutgers University and Ohio Northern University School of Law, with distinction, where he was a member of the Law Review. Mr. Kane is admitted to practice in Pennsylvania and various federal courts.

Mr. Kane joined Berger & Montague's antitrust practice in 2005, and is a shareholder at the firm. Prior to joining Berger & Montague, Mr. Kane was affiliated with Mager, White & Goldstein, LLP where he represented clients in complex commercial litigation involving alleged unlawful business practices including: violations of federal and state antitrust and securities laws, breach of contract and other unfair and deceptive trade practices. Mr. Kane has served in prominent

16

roles in high profile antitrust, securities, and unfair trade practice cases filed in courts around the country. Mr. Kane served as co-lead counsel in *In re Microsoft Corporation Massachusetts Consumer Protection Litigation* (Mass. Super. Ct., Middlesex Cty.), in which plaintiffs alleged that as a result of Microsoft Corporation's anticompetitive practices, Massachusetts consumers paid more than they should have for Microsoft's operating systems and software. The case was settled for $34 million. Mr. Kane has served as counsel in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.), which is perhaps the largest pending antitrust case in the United States. Other cases in which Mr. Kane has had a prominent role include: *In re Currency Conversion Fee Antitrust Litig.* (S.D.N.Y.); *In re Nasdaq Market Makers Antitrust Litig.* (S.D.N.Y); *In re Compact Disc Antitrust Litig.* (C.D. Cal.); *In re WorldCom, Inc. Securities Litig.* (S.D.N.Y); *In re Lucent Technologies, Inc. Securities Litig.* (D.N.J.*); City Closets LLC v. Self Storage Assoc., Inc.* (S.D.N.Y.); *Rolite, Inc. v. Wheelabrator Environmental Sys. Inc.*, (E.D. Pa.); and *Amin v. Warren Hospital* (N.J. Super.).

### David F. Sorensen

Mr. Sorensen graduated from Duke University (B.A. *magna cum laude* 1983) and from Yale University (J.D. 1989). He was Law Clerk to the Hon. Norma L. Shapiro (E.D. Pa.), in 1990-1991. He is admitted to practice law in the Commonwealth of Pennsylvania, the United States Supreme Court, and numerous federal Courts of Appeal.

Mr. Sorensen practices in the areas of complex mass tort and antitrust class action litigation. He helped try a class action property damage case, *Cook v. Rockwell Corp.,* that resulted in a jury verdict of $554 million on February 14, 2006, after a four-month trial, on behalf of thousands of property owners near the former Rocky Flats nuclear weapons plant located outside Denver, Colorado. The verdict was the third-largest jury verdict of 2006 in the United States, according to *The National Law Journal*; the largest in Colorado history; and was the first time a jury had awarded damages to property owners living near one of the nation's nuclear weapons sites. In 2008, the District Court entered a $926 million judgment for plaintiffs. In July 2009, the trial team, including Mr. Sorensen, won the "Trial Lawyer of the Year" award from the Public Justice Foundation, for its work on the *Cook* case. The jury verdict in that case was vacated on appeal, and proceedings are continuing in the district court.

Mr. Sorensen also played a major role in the firm's representation of the State of Connecticut in *State of Connecticut v. Philip Morris, Inc., et al.*, in which Connecticut recovered approximately $3.6 billion from certain manufacturers of tobacco products.

Mr. Sorensen also has played major roles in a number of antitrust cases representing direct purchasers of prescription drugs. These cases have alleged that pharmaceutical manufacturers have wrongfully kept less expensive generic drugs off of the market, in violation of federal antitrust laws. Several of these cases have resulted in substantial cash settlements, including *In re Terazosin Hydrochloride Antitrust Litigation*, MDL 1317 (S.D. Fla.) ($75 million); and *In re Remeron Antitrust Litig.* (D.N.J.) ($75 million). Mr. Sorensen also argued and won class certification in *In re K-Dur Antitrust Litigation,* 2008 WL 2699390 (D.N.J. April 14, 2008), and *In re Nifedipine Antitrust Litigation*, 246 F.R.D. 365 (D.D.C. 2007); and argued and obtained a precedent-setting victory in *In re DDAVP Direct Purchaser Antitrust Litigation,* 585 F.3d 679 (2d Cir. 2009), in which the Second Circuit held that direct purchasers had standing to seek antitrust damages relating to *Walker Process* patent fraud. Most recently, he argued on behalf of

direct purchaser plaintiffs in *King Drug Co. v. Cephalon, Inc.,* __ F. Supp. 2d __, 2010 WL 1221793 (E.D. Pa. March 29, 2010), in which the court denied defendants' motions to dismiss antitrust claims arising from agreements between Cephalon and its generic competitors that, plaintiffs allege, have wrongfully blocked generic competition.

Mr. Sorensen presented at symposia in November 2004, and in September 2009, focusing on antitrust issues in the pharmaceutical industry, at the University of San Francisco School of Law, and co-authored, with one of the school's law professors, Joshua P. Davis, *Chimerical Class Conflicts in Federal Antitrust Litigation:  The Fox Guarding the Chicken House in Valley Drug*, 39 U.S.F. Law Review 141 (Fall 2004).

In October, 2007, Mr. Sorensen was on the faculty of a continuing education program for all Pennsylvania Common Pleas judges (trial court).  He also has been a guest lecturer at the University of Colorado Law School.

Mr. Sorensen has been named as one Pennsylvania's "SuperLawyers," every year since 2005 in the Philadelphia Magazine; and has received the highest peer-review rating, "AV," in Martindale-Hubbell.

## Martin I. Twersky

Mr. Twersky, a graduate of Yeshiva University (B.A. 1969, M.S. 1973), has practiced antitrust law and complex litigation at the firm for almost 30 years, during which time he has successfully represented numerous plaintiffs and defendants in both individual and class actions pending in state and federal courts.  His practice has involved litigation in the oil and gas, banking, airline, waste hauling, agricultural chemicals and other regulated industries.   He is a graduate of the University of Pennsylvania Law School (J.D. 1980).  Among other cases, he has played a leading role in the following class action cases:   *In re: Graphite Antitrust Litigation* (E.D. Pa.) (settlements of more than $120 million dollars); *In re: Catfish Antitrust Litigation* (N.D. Miss.) (as a member of the trial team he helped obtained settlements of more than $27 million dollars); *In re: Revco Securities Litigation* (N.D. Ohio) ("Junk Bond" class action where settlements of $36 million were reached); *Bogosian v. Gulf Oil* (E.D. Pa.) (landmark litigation with settlements and injunctive relief on behalf of a nationwide class of gasoline dealers); and *Lease Oil Antitrust* (S.D. Tex.), where in a significant class action decision, the Fifth Circuit affirmed the granting of an injunction prohibiting settlements in related state court actions  (*see* 200 F.3d 317 (5th Cir. 2000), *cert. denied*, 530 U.S. 1263).  Mr. Twersky was appointed one of the co-lead counsel in *In re: Abrasive Grains Antitrust Litig.* (95-cv-7574) (W.D.N.Y.).  Mr. Twersky has also played a key role in various non-class action cases, such as *Kutner Buick v. America Motors*, 848 F.2d 614 (3rd Circuit 1989) (breach of contract) (cited in the Advisory Committee Notes to the 1991 Amendment to Rule 50, Fed. R. Civ. P.), *Florham Park v. Chevron* (D.N.J. 1988) (Petroleum Marketing Act case), and *Frigitemp v. IDT Corp.*, 638 F. Supp. 916 (S.D. N.Y. 1986) and 76 B.R. 275, 1987 LEXIS 6547 (S.D. N.Y. 1987) (RICO case brought by the Trustee of Frigitemp Corp. against General Dynamics and others involving extortion of kickbacks from Frigitemp officers).  Mr. Twersky also served prominently in savings-and-loan related securities and fraud litigation in federal and state courts in Florida, where the firm represented the Resolution Trust Corporation and officers of a failed bank in complex litigation involving securities, RICO and breach of fiduciary duty claims.  *E.g.*, *Royal Palm v. Rapaport*, Civ. No. 88-8510 (S.D. Fla.) and *Rapaport v. Burgoon*, CL-89-3748 (Palm Beach County).

## SENIOR COUNSEL/ASSOCIATES

### Zachary D. Caplan

Zachary D. Caplan is an associate in the Antitrust and Commodities practice groups at Berger & Montague.

Mr. Caplan plays a major role in *Adriana Castro, M.D., P.A., et al. v. Sanofi Pasteur Inc.*, No. 2:11-cv-07178 (D.N.J.) and *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 1:14-md-02548 (S.D.N.Y.).  Since joining Berger & Montague in 2011, he has worked on a variety of matters including *Marckbanks Truck Service, Inc. v. Comdata Network, Inc.*, No. 2:07-cv-01078 (E.D. Pa.) ($130 million settlement plus significant prospective relief) and *In re Titanium Dioxide Antitrust Litigation*, No. 1:10-cv-00318 (D. Md.) (settlements totaling $163.5 million).  Mr. Caplan has also worked on a number of antitrust class actions on behalf of direct purchasers of prescription drugs in which the purchasers allege that pharmaceutical manufacturers have wrongfully kept less expensive generic drugs out of the market.  E.g., *In re Loestrin 24 Fe Antitrust Litigation*, No. 1:13-md-02472 (D.R.I.); *In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 12-md-02343 (E.D. Tenn.) ($73 million settlement).

Mr. Caplan is a graduate of New York University's Stern School of Business (B.S. 2007) and the University of Pennsylvania Law School (J.D. 2011).  He is admitted to practice in Pennsylvania and Illinois as well as before the U.S. District Court for the Eastern District of Pennsylvania and the U.S. Court of Appeals for the Seventh Circuit.  While in law school, Mr. Caplan was a senior editor of the *University of Pennsylvania Journal of Business Law*, interned with the U.S. Department of Justice Antitrust Division, and interned for the Honorable Michael M. Baylson of the U.S. District Court for the Eastern District of Pennsylvania.

### Caitlin Goldwater Coslett

Caitlin Goldwater Coslett is a graduate of Haverford College (B.S. 2005 *magna cum laude*) and New York University School of Law (J.D. *cum laude* 2009).  While in law school, Ms. Coslett was a Lederman/Milbank Fellow in Law and Economics and an Articles Selection Editor for the *NYU Review of Law and Social Change*.  Since joining Berger & Montague as an associate in September 2009, Ms. Coslett has practiced in the antitrust complex litigation area.

### David A. Langer

David A. Langer is senior counsel in the Antitrust practice group at Berger & Montague.  He concentrates his practice in complex antitrust litigation.

Mr. Langer has had a primary role in the prosecution of the following antitrust class actions: *In re Currency Conversion Fee Antitrust Litigation* (S.D.N.Y.) (after 5½ years of litigation, through the close of fact and expert discovery, achieved a settlement consisting of $336 million and injunctive relief for a class of U.S. Visa and MasterCard cardholders; extraordinary settlement participation from class members drawing more than 10 million claimants in one of the largest consumer antitrust class actions); *Ross and Wachsmuth v. American Express Co., et al.* (S.D.N.Y.) ($49.5 million settlement achieved after more than 7 years of litigation and after

summary judgment was denied); *Ross, et al. v. Bank of America, N.A. (USA), et al.* (S.D.N.Y.) (obtained settlements with four of the nations' largest card issuers (Bank of America, Capital One, Chase and HSBC) to drop their arbitration clauses for their credit cards for 3.5 years, and a settlement with the non-bank defendant arbitration provider (NAF), who agreed to cease administering arbitration proceedings involving business cards for 3.5 years); and *In re Linerboard Antitrust Litigation* (E.D. Pa.) (helped obtain settlements of more than $200 million dollars).

Mr. Langer was one of the trial team chairs in the 5-week consolidated bench trial of arbitration antitrust claims in *Ross v. American Express* and *Ross v. Bank of America*, where the Honorable William H. Pauley, III of the United States District Court for the Southern District of New York, commended the "extraordinary talents of Plaintiffs' counsel."

Mr. Langer has also had a primary role in appellate proceedings, obtaining relief for his clients in a number of matters, including: *Ross, et al. v. American Express Co., et al.*, 547 F.3d 137 (S.D.N.Y. 2008) (precluding an alleged co-conspirator from relying on the doctrine of equitable estoppel to invoke arbitration clauses imposed by its competitor co-conspirators); *Ross, et al. v. Bank of America, N.A. (USA), et al.*, 524 F.3d 217 (S.D.N.Y. 2008) (holding that antitrust plaintiffs possess Article III standing to challenge the defendants' collusive imposition of arbitration clauses barring participation in class actions); *In re Pharmacy Benefit Managers Antitrust Litig.*, 700 F.3d 109 (3d Cir. 2012) (finding opposing party waived right to compel arbitration and reversing district court).

While at Vermont Law School, Mr. Langer was Managing Editor and a member of the *Vermont Law Review*.

### Jennifer MacNaughton

Jennifer MacNaughton is senior counsel in Berger & Montague's Antitrust Department. She received her B.A., summa cum laude, in Political Science and German from Tulane University, her J.D. from the University of Pennsylvania, and her M.P.P. from Georgetown Public Policy Institute (no McCourt School of Public Policy).

As a member of the trial team in the class action environmental case, *Cook v. Rockwell Int'l Corp.*, Ms. MacNaughton helped secure a $554 million jury verdict on behalf of property owners whose land was contaminated by the former Rocky Flats nuclear weapons facility near Denver, Colorado. (The jury verdict in that case was unfortunately vacated on appeal.) She has contributed to the success of numerous other cases, including: *Rochester Drug Co-Operative, Inc. v. Braintree Labs., Inc.* ($17.25 million settlement); *In re Puerto Rican Cabotage Antitrust Litig.* ($52.25 million total settlements); *In re Currency Conversion Fee* ($336 million settlement); and *In re Graphite Electrodes* ($47.875 million in settlements with two defendants).

### Patrick F. Madden

Patrick F. Madden is an associate at Berger & Montague. He was the firm's lead associate in several cases that have reached favorable resolutions. *E.g.*, *Coonan v. Citibank, N.A.*, Nos. 5:12-820, 1:13-353 (N.D.N.Y.) (settlement of $122 million); *Clements v. JPMorgan Chase Bank,*

*N.A.*, No. 3:12-cv-2179 (N.D. Cal.) (settlement in excess of $22 million); *Arnett v. Bank of America, N.A.*, No. 11-cv-1372 (D. Or.) (settlement of $31 million).

Mr. Madden graduated from the University of Pennsylvania (B.A., honors) and Temple University's James E. Beasley School of Law (J.D.). Prior to attending law school, Mr. Madden worked at the United States Department of Labor, Office of Labor-Management Standards as an investigator during which time he investigated allegations of officer election fraud and financial crimes by union officers and employees.

### Sarah R. Schalman-Bergen

Sarah R. Schalman-Bergen is a member of Berger & Montague's Antitrust Department. Ms. Schalman-Bergen is a graduate of Harvard Law School (J.D. *cum laude*, 2007), where she served as an executive editor of the *Harvard Civil Rights-Civil Liberties Law Review*. She is also a graduate of Tufts University (B.A. *summa cum laude*, 2001).

Prior to joining Berger & Montague in 2009, Ms. Schalman-Bergen was an associate in the litigation department of WolfBlock LLP. While at WolfBlock, Ms. Schalman-Bergen served as the Shestack Public Interest Fellow, and divided her caseload between general commercial litigation and HIV discrimination litigation on behalf of the AIDS Law Project of Pennsylvania. Ms. Schalman-Bergen is admitted to practice law in Pennsylvania.

### Daniel C. Simons

Mr. Simons is an associate in Berger & Montague's Antitrust Department. He received a Bachelor of Arts in Political Science, magna cum laude, from Yeshiva University in 1997. In addition to winning the Political Science departmental award two years running, Mr. Simons also garnered three awards for scholastics and student leadership upon graduation.

He earned his J.D. with honors, at Temple Law School, where he headed three student groups, served on Temple Law Review, and interned in the Health Care Fraud Unit of the United States Attorney's Office. Following graduation, he clerked for the Honorable Berle M. Schiller of the Eastern District of Pennsylvania. He has also served as a volunteer in the Philadelphia Reads Program.

Mr. Simons's practice focuses on complex commercial litigation in the pharmaceutical and health care sectors. He has worked on several highly-watched pieces of litigation, including *In re Nifedipine Antitrust Litigation*, 246 F.R.D. 365 (D.D.C. 2007); *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 679 (2d Cir. 2009); and *King Drug Co. v. Cephalon, Inc.*, 2010 WL 1221793 (E.D. Pa. Mar. 29, 2010). He has also co-authored a chapter in *The International Handbook on Private Enforcement of Competition Law* (2010), entitled "*Parties Entitled to Pursue a Claim.*"

Mr. Simons is licensed to practice in Pennsylvania and New Jersey, and has been admitted to the bar of the United States Supreme Court, the Courts of Appeal for the Second, Third, Ninth, and D.C. Circuits, as well as the United States District Courts for the Eastern District of Pennsylvania and for the District of New Jersey. He is a member of the American Bar Association and its Antitrust Section. He helped found the Old York Road Revitalization Group – a project aimed at

commercial development of a collection of northern Philadelphia suburbs – and serves on its governing board.

## <u>Y. Michael Twersky</u>

Y. Michael Twersky concentrates his practice on complex litigation. Since 2011, Mr. Twersky has been involved in numerous complex litigations, including insurance, antitrust, and other consumer cases litigated by the firm.

Mr. Twersky has worked on a wide variety of matters including an insurance case in which the Court found that a large insurance company had breached its policy when it denied benefits under an accidental death insurance plan.

Mr. Twersky has also worked on a number of antitrust class actions alleging that pharmaceutical manufacturers wrongfully kept less expensive generic drugs off the market, in violation of the antitrust laws, including *In re Skelaxin (Metaxalone) Antitrust Litig.*, and *In re Nexium Antitrust Litigation*.

Mr. Twersky graduated from Temple University Beasley School of Law in 2011, where he was a member of the Rubin Public Interest Law Honors Society and a Class Senator. In addition Mr. Twersky advised various clients in business matters as part of Temple University's Business Law Clinic.

## <u>Nick Urban</u>

Nick Urban joined Berger & Montague's Antitrust Department as an associate in September, 2009. Mr. Urban is a graduate of the University of Pennsylvania Law School where he was a Senior Editor for the *Journal of Law and Social Change*. Mr. Urban graduated from the University of San Diego with a B.A. in Sociology.