WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR. #212213
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #114441
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL (Admitted *Pro Hac Vice*)
(DJC@campbellandwilliams.com)
J. COLBY WILLIAMS (Admitted *Pro Hac Vice*)
(JCW@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 5:14-cv-05484 EJD<br><br>**DEFENDANT ZUFFA, LLC'S AMENDED OPPOSITION TO CONSOLIDATION FOR PRE-TRIAL PURPOSES ONLY AND CROSS-MOTION FOR CONSOLIDATION FOR ALL PURPOSES**<br><br>Date: June 11, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4<br>Judge: Hon. Edward J. Davila |

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 5:14-cv-05591 EJD |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 5:14-cv-05621 EJD |
| Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 5:15-cv-00521 EJD |

BOIES, SCHILLER & FLEXNER LLP — OAKLAND, CALIFORNIA

## I. INTRODUCTION

Zuffa, LLC ("Zuffa") hereby submits this Amended Opposition to Plaintiffs' Motion for Consolidation for Pre-Trial Purposes Only and Cross-Motion for Consolidation for All Purposes. Zuffa agrees that these cases should be consolidated, but disagrees with the Plaintiffs' unexplained request to consolidate them for pre-trial purposes only. Plaintiffs' Motion at 5 (*Le* Dkt. 52); Plaintiffs' CMO ¶ 1 (*Le* Dkt. 52-1). These essentially identical cases that seek to represent identical classes should be consolidated for all purposes, including trial.

## II. BACKGROUND

On December 16, 2014, December 22, 2014, December 24, 2014, and February 4, 2015 respectively, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, and Mac Danzig ("Plaintiffs") filed four virtually identical Complaints against Zuffa alleging violations of Section 2 of the Sherman Act. The only differences pertained to the identity and descriptions of the named Plaintiffs. The *Vera, Vazquez* and *Ruediger* cases have been related to the first-filed *Le* case. (*Le* Dkt. 18; *Vazquez* Dkt. 8; *Vera* Dkt. 8; *Ruediger* Dkt. 12). Plaintiffs have moved to consolidate the first three related cases for pre-trial purposes only, and indicated that they intended to move to consolidate *Ruediger* as well upon relation, although they have not yet done so. (Dkt. 52 at 1 n.1). Zuffa moves to consolidate all four for all purposes, including trial.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) dictates that a court may "join for hearing or trial any or all matters at issue in the actions" or "consolidate the actions" where the cases "involve a common question of law or fact." District courts have "broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

## IV. ARGUMENT

The *Le, Vazquez, Vera* and *Ruediger* actions are identical but for the identity of Plaintiffs and should be consolidated for all purposes. All four actions bring the same legal claims, brought

1

ZUFFA'S AMEND. OPP. TO PLS.' MOT.   Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
TO CONSOLIDATE & CROSS-MOT.                       5:14-cv-05621 EJD; 5:15-cv-00521 EJD

by the same counsel,[1] against the same defendant and seeking to represent the exact same classes of individuals.

Courts may consolidate cases where consolidation "will serve the interest of efficiency and judicial economy and will conserve the parties' resources." *Ho Keung Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013 WL 451639, at *4 (N.D. Cal. Feb. 5, 2013). Zuffa and the Plaintiffs agree that consolidating these virtually identical actions for pre-trial purposes would have many efficiencies, including the streamlining of court filings and aiding in the efficient management of the cases. (Dkt. 52 at 5). Zuffa disagrees with Plaintiffs' unexplained request to limit the consolidation to pre-trial purposes. While the proof at any trial regarding the claims and defenses as to each Plaintiff would be highly individualized and require separate jury findings on a number of issues as to each Plaintiff, a single trial with one defendant and nine plaintiffs would nevertheless be more efficient than four separate trials. Further, assuming, *arguendo* that the Plaintiffs' proposed classes were to be certified, there would be no purpose in having separate actions remain open, potentially leaving additional but identical classes to be somehow tried separately. Thus, the cases should be consolidated for all purposes.

Plaintiffs' [Proposed] Case Management Order is premised on pre-trial consolidation only and contains provisions that are either inappropriate or unnecessary if the cases are consolidated for all purposes. Zuffa opposes Plaintiffs' [Proposed] Case Management Order and has submitted its own [Proposed] Order consistent with a ruling that the cases should be consolidated for all purposes.

Zuffa will continue to work with Plaintiffs through the Rule 26(f) conference to reach an agreement on a [Proposed] Case Management Order for submission in the Case Management Statement to be filed by April 30, 2015. (*Le* Dkt. 6)

///

///

---

[1] The *Le*, *Vazquez* and *Vera* Plaintiffs are represented by identical counsel. The *Ruediger* Plaintiffs are represented by one common law firm with the other three cases, The Joseph Saveri Law Firm, as well an additional law firm not associated with the first three Complaints.

2

ZUFFA'S AMEND. OPP. TO PLS.' MOT.   Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
TO CONSOLIDATE & CROSS-MOT.                 5:14-cv-05621 EJD; 5:15-cv-00521 EJD

### V. CONCLUSION

Zuffa respectfully requests that the Court grant the cross-motion to consolidate these matters for all purposes.

Dated: February 24, 2015					Respectfully Submitted,

							BOIES, SCHILLER & FLEXNER LLP


							By: */s/ John F. Cove, Jr.*
							     John F. Cove, Jr.
							*Attorneys for Defendant* Zuffa, LLC, d/b/a
							Ultimate Fighting Championship and UFC

3

ZUFFA'S AMEND. OPP. TO PLS.' MOT.     Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
TO CONSOLIDATE & CROSS-MOT.                          5:14-cv-05621 EJD; 5:15-cv-00521 EJD