Joseph R. Saveri (State Bar No. 130064)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Daren Uyenoyama*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | 5:14-cv-05484-EJD, 5:14-cv-05591-EJD<br>5:14-cv-05621-EJD, 5:15-cv-00521-EJD<br>5:15-cv-01324-EJD<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**<br><br>Judge: Hon. Edward J. Davila |

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

| | |
|---|---|
| 1 | **Luis Javier Vazquez and Dennis Lloyd Hallman,** on behalf of themselves and all others similarly situated, |
| 2 | |
| 3 | |
| 4 | Plaintiffs, |
| 5 | v. |
| 6 | **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** |
| 7 | Defendant. |
| 8 | **Brandon Vera and Pablo Garza,** on behalf of themselves and all others similarly situated, |
| 9 | |
| 10 | Plaintiffs, |
| 11 | v. |
| 12 | **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** |
| 13 | Defendant. |
| 14 | **Gabe Ruediger and Mac Danzig,** on behalf of themselves and all others similarly situated, |
| 15 | |
| 16 | Plaintiffs, |
| 17 | v. |
| 18 | **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** |
| 19 | Defendant. |
| 20 | **Kyle Kingsbury and Darren Uyenoyama,** on behalf of themselves and all others similarly situated, |
| 21 | |
| 22 | Plaintiffs, |
| 23 | v. |
| 24 | **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** |
| 25 | Defendant. |

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please Take Notice That, pursuant to Rule 201(b) of the Federal Rules of Evidence, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Kyle Kingsbury and Daren Uyenoyama (collectively, "Plaintiffs"), hereby request that the Court take judicial notice of the documents and facts identified below and attached as exhibits to the Declaration of Joseph R. Saveri in Support of Plaintiffs' Request for Judicial Notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. QUESTION PRESENTED

Is judicial notice of the foregoing documents appropriate in connection with Plaintiffs' Opposition to the Motion to Transfer Venue filed by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("the UFC")?

### II. LEGAL STANDARD

Under Federal Rule of Evidence 201(b) the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "may take judicial notice on its own; or . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c). "The court may take judicial notice at any stage of the proceeding." *Id.* at 201(d).

### III. ARGUMENT

The Court may properly take judicial notice of facts and documents pertinent to the outcome of the UFC's Motion to Transfer Venue. The UFC's Motion is incorrect when it posits few meaningful contacts between the exclusionary scheme pled in Plaintiffs' Complaints and this District. Def. Br. at 22. In addition to the many connections cited in the Complaints, numerous indisputable facts (supported by judicially noticeable documents) attest to the connections between the subject matter of Plaintiffs' Complaints and this District, including numerous UFC events held in this District and the strong interest in mixed-martial arts ("MMA") in this District generally. Additionally, the Court may consider relevant statistics concerning the this District and the District of Nevada, where the UFC seeks to transfer this action, that have bearing on the *forum non conveniens* factors raised by the UFC in its Motion. Thus,

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
1
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

judicial notice of these materials is appropriate. *See Wallerstein v. Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013) (granting request for judicial notice of documents which are "pertinent to the outcome" of the motion to transfer); *Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-04672-JCS, 2012 U.S. Dist. LEXIS 162181, at *4 (N.D. Cal. Nov. 9, 2012) (granting request for judicial notice of "various court documents submitted with Plaintiff's Oppositions to Defendant's Motion to Transfer").

### A. The Court May Judicially Notice UFC Bouts Fought in this District.

Plaintiffs request that this Court take judicial notice of **Exhibits 1-6** on grounds that they are commonly known sporting events in this District. A court may take judicial notice of events that are so commonly known that their existence cannot be questioned, such as the existence of sporting events. *See Bucha v. Illinois High School Assoc.*, 351 F. Supp. 69, 74 (N.D. Ill. 1972) (taking judicial notice of the dates and times for men and women's Olympic sports); *see also Wakefield v. Nintendo of Am., Inc.*, No. C10-1041Z, 2010 U.S. Dist. LEXIS 134103, *1 n.2, (W.D. Wash. Dec. 15, 2010) (judicially noticing "articles and press release" showing date Nintendo Wii game system was introduced into the United States). Similarly, it is well established that a court may take judicial notice of a party's webpages. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) ("printouts from Defendant's own website . . . are judicially noticeable"). Accordingly, the Court should judicially notice the dates and locations of the following UFC events:

- The fact that "UFC 117" was held at the Oracle Center, in Oakland, CA, on August 7, 2010, and the fact that Plaintiffs Jon Fitch and Dennis Hallman fought in this event. Saveri Decl., Ex. 1.
- The fact that "UFC 139" was held at the HP Pavilion, San Jose, CA, on November 19, 2011, and the fact that Plaintiffs Kyle Kingsbury and Cung Le fought in this event. Saveri Decl., Exs. 2-3.
- The fact that "UFC on Fuel TV 4" was held at the HP Pavilion in San Jose, CA, on July 11, 2012. Saveri Decl., Ex. 4.
- The fact that "UFC on Fox 7" was held at the HP Pavilion in San Jose, CA, on April 20, 2013, and the fact that Plaintiff Darren Uyenoyama fought in this event. Saveri Decl., Ex. 5.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

- The fact that "UFC on Fox 12" was held at the SAP Arena (formerly the HP Pavilion) in San Jose, CA, on July 26, 2014, and the fact that Plaintiff Kyle Kingsbury fought in this event. Saveri Decl., Ex. 6.

**B.  The Court May Take Judicial Notice of the Strong Interest in MMA Events in this District.**

Plaintiffs request that this Court take judicial notice of certain facts, supported by **Exhibit 7**, on the basis that the facts generally known in this District, and support this District's interest in resolving this dispute. *See* Fed. R. Evid. 201(b)(1) (the Court may take judicial notice of facts "generally known within the trial court's territorial jurisdiction" which are relevant to showing this District's interest in resolving this dispute).

- The fact that former UFC rival promoter Strikeforce was headquartered in San Jose, California. *See* Saveri Decl., Ex. 7; *see Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 41652, at *5 n.2 (S.D. Cal. May 18, 2009) (taking judicial notice of the location of a company's headquarters).

- The fact that Strikeforce held a well-attended event at the HP Pavilion in March 2006, setting a then-U.S. record for attendance at an MMA event. *See* Saveri Decl., Ex. 7. Judicial notice of sporting events is proper. *Bucha*, 351 F. Supp. at 74.

- The fact that MMA enjoys a widespread following in this District. *See Antares Mgmt. LLC v. Galt Global Capital, Inc.*, No. 12-CV-6075(TPG), 2013 U.S. Dist. LEXIS 43545, *3 n.1 (S.D.N.Y. Mar. 22, 2013) (taking "*sua sponte* judicial notice of Facebook Inc.'s international popularity and widespread influence"); *see also Indep. Living Res. v. Oregon Arena Corp.*, 982 F. Supp. 698, 720 (D. Or. 1997) (taking judicial notice of Portland Trail Blazers fans' season ticket buying habits). The fact is supported by evidence of popular and successful Strikeforce and UFC events in this District. *See* Saveri Decl., Exs. 1-7.

**C.  The Court May Take Judicial Notice of Other Litigation the UFC has Conducted in this District.**

Plaintiffs request that this Court take judicial notice of **Exhibits 8-9** on grounds that they are federal judicial proceedings. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United*

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

*States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. Nev. 2014) ("[i]t is well established that [courts] may take judicial notice of judicial proceedings in other courts"). On at least two occasions in the past, the UFC has litigated in this District without raising any objection to the convenience of the forum. Accordingly, the Court should take judicial notice of the following proceedings:

- *Zuffa, LLC v. Dodson et al*, No. 4:13-cv-04004 (N.D. Cal. *filed* Aug. 28, 2013). In *Dodson*, the UFC brought a copyright infringement action against the owners of Pappy's Grill in Berkeley, CA, alleging that venue was appropriate in this District. Saveri Decl., Ex. 8.
- *BAM! Ent., Inc. v. Zuffa, LLC*, No. 5:01-cv-21207-PVT (N.D. Cal. *filed* May 6, 2002). In *BAM! Entertainment*, the UFC filed a Counterclaim asserting its purported intellectual property rights, including rights in the identities of fighters, had been infringed. In its filings, the UFC admitted that "it conducts business in the state of California in connection with the allegations of this suit and is subject to personal jurisdiction in this district," and that "[v]enue is proper in this district … as the acts alleged herein have substantially occurred within this district and the claims asserted substantially arise in this district." Saveri Decl., Ex. 9.

### D. Judicial Notice is Appropriate for Materials Regarding This District's Experience Adjudicating Antitrust Cases.

Plaintiffs request that this Court take judicial notice of **Exhibits 10-14** on grounds that they are federal government statistics issued by the Administrative Office of the United States Courts on behalf of the Federal Judiciary relevant for determining *forum non conveniens* factors for transfer. When adjudicating a motion to transfer under 28 U.S.C. 1404, courts may consider "the state that is most familiar with the governing law," among other factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000). A court may also consider the relative delay caused by transfer to another venue as this relates to the "interest of justice" factor. *See Neuls v. Dish Network L.L.C.*, 2013 U.S. Dist. LEXIS 64459, at *3 (E.D. Cal. May 2, 2013) ("The Court takes judicial notice of the fact that the median time from filing to trial for civil actions in the District of Colorado is 23.6 months, while, in the Eastern District of California, it is 47.2 months").

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

Accordingly, Plaintiffs ask the Court to take judicial notice of information compiled from Judicial Caseload Profiles published by the Administrative Office of the United States Courts on behalf of the Federal Judiciary. Saveri Decl., Exs. 10-14 (statistics for the District of Nevada and the Northern District of California from 2010 to 2014, taken from the Judicial Caseload Profile Report for All Districts). This information demonstrates the relative expertise of the District of Nevada and the Northern District of California in resolving antitrust actions. This information may be judicially noticed. *See Neuls v. Dish Network L.L.C.*, No. 12-CV-02354-JAM, 2013 U.S. Dist. LEXIS 64459, at *3 (taking judicial notice of Judicial Caseload Profiles for the two relevant districts while considering a motion to transfer). Plaintiffs also ask the Court to take judicial notice of the difference in the median time from filing to trial between this District and the District of Nevada. *See id.* at *3; *see also Deirmenjian v. Deutsche Bank, A.G.*, No. CV 06-00774 MMM, 2006 U.S. Dist. LEXIS 96772, at *55 (C.D. Cal. Sept. 11, 2006) (taking judicial notice that the "median duration of court proceedings in this District is … shorter than in Frankfurt").

## IV. CONCLUSION

The facts and documents submitted herein can all "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," in accordance with Federal Rule of Evidence 201. Plaintiffs respectfully request that this Court take judicial notice of these facts and documents.

Dated: April 10, 2015                          JOSEPH SAVERI LAW FIRM, INC.

                                               By:     */s/ Joseph R. Saveri*
                                                        Joseph R. Saveri

                                               Joseph R. Saveri (State Bar No. 130064)
                                               Joshua P. Davis (State Bar No. 193254)
                                               Andrew M. Purdy (State Bar No. 261912)
                                               Matthew S. Weiler (State Bar No. 236052)
                                               Kevin E. Rayhill (State Bar No. 267496)
                                               JOSEPH SAVERI LAW FIRM, INC.
                                               505 Montgomery Street, Suite 625
                                               San Francisco, California 94111
                                               Telephone:    (415) 500-6800
                                               Facsimile:    (415) 395-9940
                                               jsaveri@saverilawfirm.com
                                               jdavis@saverilawfirm.com
                                               apurdy@saverilawfirm.com
                                               mweiler@saverilawfirm.com
                                               krayhill@saverilawfirm.com

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

Robert C. Maysey (State Bar No. 205769)
Jerome K. Elwell (*pro hac vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408 4699
bbrown@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Eugene A. Spector (*pro hac vice* pending)
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
wcaldes@srkw-law.com

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER

Frederick S. Schwartz (State Bar No. 145351)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:  (818) 986-2407
Facsimile:   (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Daren Uyenoyama*

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 10, 2015      By:   /s/ Joseph R. Saveri
                                 Joseph R. Saveri

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO TRANSFER