# EXHIBIT 9

JAMES POOLEY (CA Bar No. 058041)
L. SCOTT OLIVER (CA Bar No. 174824)
MARC DAVID PETERS (CA Bar No. 211725)
MILBANK, TWEED, HADLEY & McCLOY LLP
630 Hansen Way, Second Floor
Palo Alto, California 94304-1056
Telephone:     (650) 739-7000
Facsimile:     (650) 739.7100

Attorneys for Defendant/Counterclaim-Plaintiff ZUFFA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAM! ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZUFFA, LLC. <br><br> Defendant | CASE NO. C 01-21207 PVT/ADR |
| ZUFFA, LLC, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> BAM! ENTERTAINMENT, INC., <br> a Delaware corporation. <br><br> Counterclaim-Defendant | **ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES** |

## ANSWER

Defendant/Counterclaim-Plaintiff Zuffa, LLC ("Zuffa") answers the allegations in the Complaint of Plaintiff/Counterclaim-Defendant BAM! Entertainment, Inc. ("BAM!") as follows:

# GENERAL DENIAL

To the extent that they contain statements of fact, Zuffa denies each and every statement of fact contained within each section heading and unnumbered paragraph of BAM!'s Complaint, including any statements of fact contained in BAM!'s prayer for relief.

# JURISDICTION & VENUE

1. Zuffa lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint and therefore denies the same.

2. Zuffa admits the allegations set forth in paragraph 2, but denies that Zuffa is a limited liability corporation. Zuffa is a limited liability company.

3. Zuffa admits that this Court has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to §§ 1331 and 1338(a). Zuffa also admits that the Court has supplemental jurisdiction under 28 U.S.C. § 1367 under the state law claims for unfair competition and misappropriation.

4. Zuffa admits that it conducts business in the state of California in connection with the allegations of this suit and is subject to personal jurisdiction in this district. Zuffa denies the remaining allegations set forth in paragraph 4.

5. Zuffa admits the allegation set forth in paragraph 5.

6. Zuffa admits the allegations set forth in paragraph 6.

7. Zuffa admits the allegation set forth in paragraph 7.

8. Zuffa admits the allegation set forth in paragraph 8.

9. Zuffa denies the allegations set forth in paragraph 9.

10. Zuffa denies the allegations set forth in paragraph 10.

11. Zuffa denies the allegations set forth in paragraph 11.

12. Zuffa denies the allegations set forth in paragraph 12.

13. Zuffa denies the allegations set forth in paragraph 13.

14. Zuffa denies the allegations set forth in paragraph 14.

15. Zuffa repeats and realleges the responses set forth in paragraphs 1-14 of this

MILBANK, TWEED, HADLEY & McCLOY LLP
ATTORNEYS AT LAW
PALO ALTO

1  Answer and Counterclaim.

2  16. Zuffa lacks knowledge or information sufficient to form a belief as to the
3  allegations set forth in paragraph 16 and therefore denies the same.

4  17. Zuffa admits the allegations set forth in paragraph 17.

5  18. Zuffa admits the allegation set forth in paragraph 18.

6  19. Zuffa admits the allegation set forth in paragraph 19.

7  20. Zuffa denies the allegations set forth in paragraph 20.

8  21. Zuffa denies the allegations set forth in paragraph 21.

9  22. Zuffa admits the allegations set forth in paragraph 22.

10  23. Zuffa lacks knowledge or information sufficient to form a belief as to the
11  allegations set forth in paragraph 23 and therefore denies the same.

12  24. Zuffa admits the allegation set forth in paragraph 24.

13  25. Zuffa denies the allegation set forth in paragraph 25.

14  26. Zuffa denies the allegation set forth in paragraph 26.

15  27. Zuffa admits the allegation set forth in paragraph 27.

16  28. Zuffa denies the allegation set forth in paragraph 28.

17  29. Zuffa denies the allegation set forth in paragraph 29.

18  30. Zuffa repeats and realleges the responses set forth in paragraphs 1-29 of this
19  Answer and Counterclaim.

20  31. Zuffa denies the allegation set forth in paragraph 31.

21  32. Zuffa denies the allegation set forth in paragraph 32.

22  33. Zuffa repeats and realleges the responses set forth in paragraphs 1-32 of this
23  Answer and Counterclaim.

24  34. Zuffa denies the allegation set forth in paragraph 34.

25  35. Zuffa denies the allegation set forth in paragraph 35

26  36. Zuffa denies the allegation set forth in paragraph 36

27  37. Zuffa repeats and realleges the responses set forth in paragraphs 1-36 of this

28  LA1:#6233894v4
36784.00000

-3-

ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES   Case No. C 01-21207 PVT/ADR

MILBANK, TWEED, HADLEY & McCLOY LLP
ATTORNEYS AT LAW
PALO ALTO

Answer and Counterclaim.

38. Zuffa admits the allegation set forth in paragraph 38.

39. Zuffa denies the allegation set forth in paragraph 39.

40. Zuffa repeats and realleges the responses set forth in paragraphs 1-39 of this Answer and Counterclaim.

41. Zuffa admits the allegation set forth in paragraph 41.

42. Zuffa denies the allegation set forth in paragraph 42.

43. Zuffa repeats and realleges the responses set forth in paragraphs 1-42 of this Answer and Counterclaim.

44. Zuffa admits the allegation set forth in paragraph 44

45. Zuffa denies the allegation set forth in paragraph 45

46. Zuffa denies the allegation set forth in paragraph 46.

## COUNTERCLAIMS

### THE PARTIES

47. Zuffa is a Nevada limited liability company with a principal place of business at 2960 West Sahara Avenue, Suite 200, Las Vegas, Nevada 89102.

48. Upon information and belief, BAM! (referred to herein as "Defendant") is a Delaware corporation with a principal place of business at 333 West Santa Clara Street, Suite 716, San Jose, California 95113.

### JURISDICTION AND VENUE

49. This Court has jurisdiction of this civil action pursuant to 15 U.S.C. §§ 1051 *et seq.* (action arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (Act of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent jurisdiction). This Court also has jurisdiction pursuant to 17 U.S.C. §§ 101 *et seq.* (action arising under the Federal Copyright Act). This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds seventy-five thousand dollars ($75,000), and the parties are citizens of different states.

MILBANK, TWEED, HADLEY & McCLOY LLP
ATTORNEYS AT LAW
PALO ALTO

LA1:#6233894v4
36784.00000

-4-

ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES   Case No. C 01-21207 PVT/ADR

50. This Court has personal jurisdiction over BAM!, which regularly conducts business in the State of California and in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) as the acts alleged herein have substantially occurred within this district and the claims asserted substantially arise in this district.

## STATEMENT OF FACTS UNDERLYING ALL CAUSES OF ACTION

### Zuffa's Goodwill

51. In 1993, Zuffa's predecessor, Semaphore Entertainment Group ("SEG"), introduced into the United States a new multi-disciplined fighting sport commonly referred to as mixed martial arts ("MMA") under the brand name ULTIMATE FIGHTING CHAMPIONSHIP.

52. The concept of SEG's MMA competition was to bring together in a unique octagon-shaped ring champions of various martial arts disciplines and Olympic sports, such as karate, kung fu, judo, jiu-jitsu, boxing, wrestling and others, to determine which style, or combinations of styles, of combat would prevail in fighting competitions.

53. MMA rapidly captured the public's imagination and developed an intense following among its fans, who were drawn to its tough, "no-holds-barred" attitude, and its fusion of various styles of combat. The octagonal fenced ring became a key identifier of SEG's ULTIMATE FIGHTING CHAMPIONSHIP event and brand name in the MMA industry and general public.

54. SEG obtained several trademark registrations for the octagon, the ULTIMATE FIGHTING CHAMPIONSHIP and ULTIMATE FIGHTING brand names, and accompanying design marks (collectively, "the ULTIMATE FIGHTING CHAMPIONSHIP marks").

55. SEG extensively promoted and used the ULTIMATE FIGHTING CHAMPIONSHIP marks in commerce on a broad spectrum of goods and services. The marks were used to promote live fighting events and television pay-per-view specials, and were also used, and licensed for use, on a variety of merchandise, including but not limited to a top-selling

video game, home video products, apparel and other consumer goods.

56. SEG, either directly or through its licensees, sold $40 million worth of goods and services under or in connection with the ULTIMATE FIGHTING CHAMPIONSHIP marks. SEG also spent $13.4 million marketing and promoting its goods and services under or in connection with the ULTIMATE FIGHTING CHAMPIONSHIP marks throughout the United States and worldwide.

57. On July 30, 1999, SEG exclusively licensed the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property for use in a video game. Zuffa has acquired all of the benefits under this license, including collecting royalties.

58. By virtue of SEG's aforesaid marketing and promotional activities, the ULTIMATE FIGHTING CHAMPIONSHIP marks became extremely well known to consumers, acquired strong secondary meaning and came to represent valuable goodwill.

59. In early 2001, Zuffa acquired substantially all of SEG's business and assets relating to MMA fighting competitions, and all of the rights and goodwill associated with the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property.

60. Zuffa's decision to acquire SEG's business was made precisely because of the considerable goodwill that had been built up in the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property.

61. The ability to license the use of the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property was a primary consideration in Zuffa's desire to acquire SEG's business.

62. Zuffa considers its rights in the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property to be its most valuable and important assets.

63. Zuffa spent millions of dollars acquiring SEG's business and expended more than $4 million in marketing and promotional efforts under the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property in its first year of ownership. Zuffa has also used the mark ULTIMATE FIGHTING alone as part of its promotional efforts,

MILBANK, TWEED, HADLEY & McCLOY LLP
ATTORNEYS AT LAW
PALO ALTO

and has applied to register the ULTIMATE FIGHTING mark.

64. Zuffa has promoted seven live ULTIMATE FIGHTING CHAMPIONSHIP events in 2001 and 2002 and has achieved revenues in excess of $6.0 million from live attendance and pay-per-view subscribers.

65. In addition, Zuffa's website at www.ufc.tv has had over 1,600,000 visitors and Zuffa has sold hundreds of thousands of dollars in merchandise, including videos, clothing and programs through its website and also at live events.

66. Zuffa and SEG have licensed the use of the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property on at least twenty different occasions. Such licenses have generated millions of dollars in royalties and fees and have further developed the fame, recognition and value of the ULTIMATE FIGHTING CHAMPIONSHIP marks and other related intellectual property.

67. Since its acquisition of SEG, Zuffa has filed six additional applications for ULTIMATE FIGHTING, ULTIMATE FIGHTING CHAMPIONSHIP, UFC and IF IT'S NOT IN THE OCTAGON, IT'S NOT REAL marks.

68. Zuffa presently owns the following active United States registrations and applications for the ULTIMATE FIGHTING CHAMPIONSHIP marks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| THE ULTIMATE FIGHTING CHAMPIONSHIP | 1939277 | 12-05-95 |
| THE ULTIMATE FIGHTING CHAMPIONSHIP & Design | 2170463 | 06-30-98 |
| Octagon-shaped Design Mark | 2098577 | 09-23-97 |

| Mark | Appln. No. | Filing Date |
|---|---|---|
| ULTIMATE FIGHTING | 76/356163 | 01-07-02 |

LA1:#6233894v4
36784.00000

-7-

ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES Case No. C 01-21207 PVT/ADR

| | | |
|---|---|---|
| IF IT'S NOT IN THE OCTAGON, IT'S NOT REAL | 76/273530 | 06-18-01 |
| THE ULTIMATE FIGHTING CHAMPIONSHIP | 74/802450 | 04-20-94 |
| ULTIMATE FIGHTING CHAMPIONSHIP | 76/273529 | 06-18-01 |
| ULTIMATE FIGHTING CHAMPIONSHIP | 76/327073 | 10-17-01 |
| UFC | 76/273527 | 06-18-01 |
| UFC | 76/216399 | 02-26-01 |

69. Zuffa also presently owns valid trademark registrations relating to the Ultimate Fighting Championship in at least twelve different countries.

70. In addition, Zuffa owns trade dress rights in the "Octagon" in connection with fighting competitions and other goods and services, and Zuffa has licensed its "Octagon" trade dress to at least three MMA organizations to permit such licensees to use Zuffa's padded octagonal fenced ring, and images thereof, in their MMA events and in certain event-specific merchandise.

71. Zuffa also owns rights of publicity corresponding to the images of the fighters employed by, or otherwise associated with, Zuffa. All such rights of publicity are contractually assigned by the fighters to Zuffa upon commencement of each fighter's employment and/or association with Zuffa.

72. Zuffa also owns federally registered copyrights for each of the live ULTIMATE FIGHTING CHAMPIONSHIP events previously produced by Zuffa and Zuffa's predecessor, SEG.

73. Zuffa also owns a federally registered copyright for drawings of a muscular bald man known as "Ultimate Fighting Championship Man."

### Defendant's Infringement of Zuffa's Intellectual Property

74. In November of 2001, Zuffa became aware that BAM! had been advertising and distributing a video game called Fire Pro Wrestling.

75. The similarities between the Fire Pro Wrestling video game and advertisements for the game, and the characters, trademarks, symbols and other related Zuffa intellectual property are unmistakable. They include the following:

76. The advertising and packaging for Fire Pro Wrestling references "Ultimate Fighters," which is confusingly similar to Zuffa's rights in the trademarks ULTIMATE FIGHTING, ULTIMATE FIGHTING CHAMPIONSHIP and other similar marks.

77. Fire Pro Wrestling and its advertisements feature screen shots displaying a replica of the "Octagon," the symbol most heavily associated with Zuffa, for which Zuffa owns and has licensed trademark and trade dress rights.

78. Many of the combatants from Fire Pro Wrestling, in both the game and advertisements for the game, are easily recognizable likenesses of well-known ULTIMATE FIGHTING CHAMPIONSHIP fighters, for which Zuffa owns corresponding rights of publicity.

79. Fire Pro Wrestling and its advertisements feature in the center of the "Octagon" a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man," for which Zuffa owns a federal copyright registration, and which also comprises part of a trademark registration owned by Zuffa.

### Defendant's Infringement is Causing Confusion

80. Independent, third-party reviews of Fire Pro Wrestling consistently imply that the game is sponsored by Zuffa, or that the game is otherwise related to the ULTIMATE FIGHTING CHAMPIONSHIP. Excerpts from a few of these reviews are reproduced below:

81. "Matches can take place in a steel cage, in an Ultimate Fighting Octagon...."

82. The game features "UFC octagon bouts."

83. "There are 3 different rings, the reguler one, cage(can't climb out) and the octagon(thats right, ufc rip off)."

84. "How about mixing it up in an UFC-inspired Octagon? ... Spike has included warriors from the UFC..."

85. "You'll find athletes modeled after those in the Ultimate Fighting circuit..."

86. "Fire Pro Wrestling... features recreations of ... many of the most popular US superstars from the major wrestling federations and the Ultimate Fighting Championship."

87. "There are even characters patterned after UFC combatants. If you went by initial appearance, someone could argue that many of the wrestlers are merely the same wrestlers with a different name."

88. The game features "no-holds barred UFC fights..."

89. Fire Pro Wrestling "features... caged octagon Ultimate Fighting bouts..."

90. Fire Pro Wrestling "caters to the fans of Ultimate Fighting Championship."

91. As stated, these are just a few examples of the rampant actual confusion that is currently occurring among consumers and industry insiders because of BAM!'s infringement of Zuffa's intellectual property.

## CLAIM I

### Federal Trademark Infringement

92. Zuffa repeats and realleges each and every allegation contained in paragraphs 1 through 91 as if fully set forth herein.

93. Defendant's unlawful sale, offering for sale, distribution and advertising of goods and services using the mark ULTIMATE FIGHTERS, the Octagon-shaped fighting ring, and using likenesses of real ULTIMATE FIGHTING CHAMPIONSHIP fighters, and the "Ultimate Fighting Championship Man" is likely to cause confusion, mistake or deception as to the source of Defendant's goods and services, and thereby constitutes trademark infringement in violation of Section 32 of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1114.

94. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

95. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## CLAIM II

### Federal Trademark Dilution

96. Zuffa repeats and realleges each and every allegation contained in paragraphs 1 through 95 as if fully set forth herein.

97. Defendant, by wrongfully using ULTIMATE FIGHTERS in commerce, is tarnishing, blurring, diluting and disparaging Zuffa's reputation and goodwill, as well as Zuffa's famous Octagon, ULTIMATE FIGHTING and ULTIMATE FIGHTING CHAMPIONSHIP marks in local and interstate commerce.

98. Defendant's acts are likely to deprive Zuffa of the benefits of the goodwill attached to the ULTIMATE FIGHTING CHAMPIONSHIP marks, injure Zuffa's business reputation and dilute the distinctive quality of Zuffa's famous mark in violation of Section 43(c) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(c).

99. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

100. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## CLAIM III

### Federal Unfair Competition, False Designation of Origin and False Descriptions

101. Zuffa repeats and realleges each and every allegation in paragraphs 1 through 100 as if fully set forth herein.

102. Defendant's unlawful use in commerce of the mark ULTIMATE

FIGHTERS, and its use of likenesses of real ULTIMATE FIGHTING CHAMPIONSHIP fighters, the Octagon-shaped fighting ring and the "Ultimate Fighting Championship Man" constitutes unfair competition, false designation of origin, false advertising, and false or misleading descriptions of fact that wrongly and falsely designate the goods and services sold by Defendant as originating with, or as being sponsored by, approved of, or otherwise connected with Zuffa, in violation of § 43(a) of the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

103. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

104. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

### CLAIM IV
### Federal Copyright Infringement

105. Zuffa repeats and realleges each and every allegation in paragraphs 1 through 104 as if fully set forth herein.

106. Zuffa is the owner of a valid, federally registered copyright for a drawing of a muscular bald man known as "Ultimate Fighting Championship Man" attached as Exhibit A.

107. Defendant's Fire Pro Wrestling video game and advertisements for that game feature a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man."

108. Defendant is not authorized by Zuffa, or any authorized agent of Zuffa, to make any use of Zuffa's "Ultimate Fighting Championship Man."

109. Zuffa has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in, and the copyright for, the "Ultimate Fighting Championship Man." Zuffa is the sole proprietor of all rights, title and interest in, and the copyright for, the "Ultimate Fighting Championship Man."

110. Defendant's use of a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man" constitutes a violation of 17 U.S.C. § 106.

111. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

112. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## CLAIM V

### State Statutory Unfair Competition

113. Zuffa repeats and realleges each and every allegation in paragraphs 1 through 112 as if fully set forth herein.

114. Defendant's unlawful sale, offering for sale, distribution and advertising of goods and services using the mark ULTIMATE FIGHTERS, and using likenesses of real ULTIMATE FIGHTING CHAMPIONSHIP fighters, the Octagon-shaped fighting ring and the "Ultimate Fighting Championship Man" is likely to cause confusion, mistake or deception as to the source of Defendant's goods and services, constitutes unlawful, unfair or fraudulent business practice, and thereby constitutes unfair competition under Cal. Bus. & Prof. Code, §§ 17200 *et seq.*

115. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

116. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## CLAIM VI

### State Common Law Trademark Infringement and Unfair Competition

117. Zuffa repeats and realleges each and every allegation in paragraphs 1

LA1:#6233894v4
36784.00000

-13-

ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES   Case No. C 01-21207 PVT/ADR

through 116 as if fully set forth herein.

118. Defendant's unlawful sale, offering for sale, distribution and advertising of goods and services using the mark ULTIMATE FIGHTERS, and using likenesses of real ULTIMATE FIGHTING CHAMPIONSHIP fighters, the Octagon-shaped fighting ring and the "Ultimate Fighting Championship Man" is likely to cause confusion, mistake or deception as to the source of Defendant' goods and services, constitutes unlawful, unfair or fraudulent business practice, and thereby constitutes trademark infringement and unfair competition under the common law of various states, including the State of California.

119. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

120. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

## CLAIM VII

### State Common Law Dilution

121. Zuffa repeats and realleges each and every allegation in paragraphs 1 through 120 as if fully set forth herein.

122. Defendant, by wrongfully using ULTIMATE FIGHTERS in commerce, is tarnishing, blurring, diluting and disparaging Zuffa's reputation and goodwill, as well as Zuffa's famous ULTIMATE FIGHTING CHAMPIONSHIP marks in local and interstate commerce.

123. Defendant's acts are likely to deprive Zuffa of the benefits of the goodwill attached to the ULTIMATE FIGHTING CHAMPIONSHIP marks, injure Zuffa's business reputation and dilute the distinctive quality of Zuffa's famous mark in violation of the common law of various states, including the State of California.

124. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

125. The aforesaid actions of Defendant have caused, and, unless enjoined, will

continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

### CLAIM VII

### State Statutory and Common Law Right of Publicity

126. Zuffa repeats and realleges each and every allegation in paragraphs 1 through 125 as if fully set forth herein.

127. Zuffa owns rights of publicity corresponding to the images of the fighters employed by, or otherwise associated with, ULTIMATE FIGHTING CHAMPIONSHIP events.

128. All such rights of publicity are contractually assigned by the fighters to Zuffa upon each fighter's commencement of employment and/or association with Zuffa.

129. Defendant's knowing use of the identities or likenesses of fighters employed by, or otherwise affiliated with Zuffa, to the commercial advantage of Defendant, for advertising or for soliciting purchases of products, merchandise, goods or services, without the consent of Zuffa, or any authorized agent of Zuffa, constitutes a violation of Cal. Civ. Code § 3344 and the common law of various states, including the State of California.

130. Upon information and belief, Defendant's conduct has been willful and in conscious disregard of Zuffa's intellectual property rights.

131. The aforesaid actions of Defendant have caused, and, unless enjoined, will continue to cause monetary damage and irreparable injury for which there is no adequate remedy at law.

**WHEREFORE**, Zuffa prays for judgment in its favor with respect to all of the causes of action set forth above and that relief be granted as follows:

A. That Defendant, its officers, partners, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert or participation with Defendant, and each and all of them, be temporarily, preliminarily and permanently enjoined from:

MILBANK, TWEED, HADLEY & McCLOY LLP
ATTORNEYS AT LAW
PALO ALTO

|   |   |   |
|---|---|---|
| 1 | (1) | using, in any manner, the term ULTIMATE FIGHTERS, or any other mark confusingly similar to the ULTIMATE FIGHTING CHAMPIONSHIP marks; |
| 4 | (2) | doing any act or thing that dilutes or is likely to dilute the distinctiveness of the ULTIMATE FIGHTING CHAMPIONSHIP marks; |
| 7 | (3) | doing any act or thing likely to induce the belief that Defendant's business or products are in any way sponsored by, approved of, or otherwise connected with Zuffa; |
| 10 | (4) | using, in any manner, the identities or likenesses of fighters employed by, or otherwise affiliated with Zuffa; |
| 12 | (5) | using, in any manner, an octagon-shaped fighting ring in connection with its goods and services; |
| 14 | (6) | using, in any manner, a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man;" and |
| 17 | B. | That Defendant be required to: |
| 18 | (7) | deliver to Zuffa for destruction all goods and materials that Defendant has in its possession that: (a) bear the ULTIMATE FIGHTERS mark; (b) use the identities or likenesses of fighters employed by, or otherwise affiliated with Zuffa; (c) use octagon-shaped fighting rings; or (d) use a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man;" |
| 25 | (8) | recall and deliver to Zuffa for destruction all previously-sold goods and materials that: (a) bear the ULTIMATE FIGHTERS mark; (b) use the identities or likenesses of fighters employed by, or |

|     |     |                                                                                                                                                                                 |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | otherwise affiliated with Zuffa; (c) use octagon-shaped fighting rings; or (d) use a muscular bald man that is a copy of, or bears substantial similarity to, Zuffa's famous "Ultimate Fighting Championship Man;" |
|     | (9) | pay compensatory damages to Zuffa in an amount to be determined at trial for the injuries Zuffa has sustained as a direct consequence of the acts complained of herein;          |
|     | (10) | pay Zuffa treble damages pursuant to 15 U.S.C. § 1117 as a consequence of the acts complained of herein because Defendant has acted willfully, with fraud, malice or oppression, and have acted with conscious disregard of Zuffa's rights; |
|     | (11) | pay all of Zuffa's litigation expenses, including reasonable attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505; and                      |
|     | (12) | file with this Court and serve on Zuffa an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's injunction;           |

C. That Zuffa be awarded such other and further relief as the Court may deem just and proper.

Dated: May 6, 2002

Respectfully submitted,
MILBANK, TWEED, HADLEY & McCLOY LLP

By: _L. S. _____
L. Scott Oliver
630 Hansen Way, Second Floor
Palo Alto, CA 94304

Parker H. Bagley
Gregory A. Frantz
1 Chase Manhattan Plaza
New York, New York 10005

Attorneys for Defendant/Counterclaim-Plaintiff
ZUFFA, LLC

## DEMAND FOR JURY TRIAL

Defendant/Counterclaim-Plaintiff Zuffa, LLC demands a jury trial on all issues triable to a jury in this matter.

Dated: May 6, 2002

MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____
L. Scott Oliver
630 Hansen Way, Second Floor
Palo Alto, CA 94304

Parker H. Bagley
Gregory A. Frantz
1 Chase Manhattan Plaza
New York, NY 10005

Attorneys for Defendant/Counterclaim-Plaintiff
ZUFFA, LLC

# CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, the only interested party to this action is Crave Entertainment, Inc.

Dated: May 6, 2002

MILBANK, TWEED, HADLEY & McCLOY LLP

By: /s/ L. Scott Oliver
L. Scott Oliver
630 Hansen Way, Second Floor
Palo Alto, CA 94304

Parker H. Bagley
Gregory A. Frantz
1 Chase Manhattan Plaza
New York, NY 10005

Attorneys for Defendant/Counterclaim-Plaintiff
ZUFFA, LLC

LA1:#6233894v4
36784.00000

-19-

ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PARTIES   Case No. C 01-21207 PVT/ADR