Joseph R. Saveri (State Bar No. 130064)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Daren Uyenoyama*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | 5:14-cv-05484-EJD, 5:14-cv-05591-EJD<br>5:14-cv-05621-EJD, 5:15-cv-00521-EJD<br>5:15-cv-01324-EJD<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO THE UFC's MOTION TO DISMISS**<br><br>Date: July 23, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4<br>Judge: Hon. Edward J. Davila |

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

**Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,**

           Plaintiffs,

    v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

           Defendant.

**Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,**

           Plaintiffs,

    v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

           Defendant.

**Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated,**

           Plaintiffs,

    v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

           Defendant.

**Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated,**

           Plaintiffs,

    v.

**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

           Defendant.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**Please Take Notice That**, pursuant to Rule 201(b) of the Federal Rules of Evidence, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Daren Uyenoyama (collectively, "Plaintiffs") hereby request that the Court take judicial notice of the documents and facts identified below and attached as exhibits to the Declaration of Joseph R. Saveri in Support of Plaintiffs Request for Judicial Notice.

**REQUEST FOR JUDICIAL NOTICE**

**I.   QUESTION PRESENTED**

Is judicial notice of the foregoing documents appropriate in connection with Plaintiffs' Opposition to the Motion to Dismiss Under Rule 12(b)(6) filed by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("the UFC")?

**II.   LEGAL STANDARD**

Under Federal Rule of Evidence 201(b) the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. at 201(c). A court may consider judicially noticeable materials in resolving a Rule 12(b)(6) motion to dismiss, including materials related to a showing of market power. *See also Datel Holdings Ltd. v. Microsoft Corp*., 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of website printouts and other materials relevant to a market power analysis in ruling on a Rule 12(b)(6) motion). "A court may … consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment." *In re Violin Memory Sec. Litig.*, 2014 U.S. Dist. LEXIS 155428, *18 (N.D. Cal. Oct. 31, 2014).

The Court may properly take judicial notice of a range of publicly accessible documents, including publicly accessible websites. *See Minor v. FedEx Office & Print Servs*., No. 14-CV-01117-LHK, 2015 U.S. Dist. LEXIS 6397, at *10-11 (N.D. Cal. Jan. 16, 2015) ("Proper subjects of judicial notice when ruling on a Rule 12 motion include . . . publically accessible websites" (internal citations omitted)); *In re Yahoo Mail*

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

1

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

*Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (same); *Bradford v. Vella-Lopez*, No. 1:11-cv-00990-AWI-SKO (PC), 2014 U.S. Dist. LEXIS 170346, at *13 (E.D. Cal. Dec. 8, 2014) ("The Court may take judicial notice of publicly accessible websites").

### III.   ARGUMENT

Plaintiffs seek to judicially notice the following materials relevant for their claim that they have properly defined a market for Elite MMA Fighter services and the promotion of Elite MMA Events. *See* Def. Mot. at 17-18; Pls. Opp. Br. at 5-11. While the UFC's Motion to Dismiss challenges Plaintiffs' market definitions as improper because they are not used by the industry, and were "created solely for the purpose of this litigation" (Def. Mot. at 17), the UFC has itself publicly emphasized that its fighters and promotions are "elite" at every public opportunity, including on its website and in other easily verifiable public fora. Moody's, the analyst firm that rates bonds issued by the UFC, and the media covering UFC events have adopted this characterization, demonstrating that the view of those in the MMA industry accords with Plaintiffs' allegations.

#### A.   Statements Made By the UFC On Its Own Website and Elsewhere on the Internet are Judicially Noticeable.

Plaintiffs request that this Court take judicial notice of **Exhibits 1-9** on grounds that they are publicly accessible websites. A court may take judicial notice of "publically accessible websites." *Perkins v. LinkedIn Corp.*, No. 13-CV-04303-LHK, 2014 U.S. Dist. LEXIS 81042, *20, 22-23 (N.D. Cal. June 12, 2014) (taking judicial notice of descriptions of Linked-In's products on its website). Indeed, the court in *Datel Holdings Ltd.* held that "printouts from Defendant's own website . . . are judicially noticeable" because they are reliable sources whose authenticity cannot be disputed. *Id.* at 965. Similarly, courts may judicially notice statements parties make on public websites such as Linked-In and Facebook, including profiles maintained by parties. *See Perkins*, 2014 U.S. Dist. LEXIS 81042, at *22 (taking judicial notice of plaintiffs' Linked-In profiles). Courts may take judicial notice of a party's communications. *See Grolsche Bierbrouwerij Nederland, B.V. v. Dovebid, Inc.*, No. 11-763 SC, 2011 U.S. Dist. LEXIS 84587 (N.D. Cal. Aug. 2, 2011) (considering communications as "judicially noticeable documents").

Similarly, party statements that contradict assertions made in a court filing are also proper subjects for judicial notice. *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 (S.D.N.Y. 2002) (courts

2

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

"may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action"); *see also Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005) (taking judicial notice of webpages containing admissions and noting that "courts may take judicial notice of matters of public record outside the pleadings.").

Accordingly, judicial notice of the following statements from the UFC's website, as well as those the UFC made on Linked-In and Facebook, is appropriate:

- The UFC's Official Website's "Discover UFC" webpage, which states "UFC … today stands as the world's leading MMA promoter, offering the premier series of MMA sports events that have sold out some of the biggest arenas and stadiums across the globe. . . . Today, the UFC has evolved into an organization where hybrid athletes are required to know various disciplines in order to compete at an elite level in a regulated environment where safety is paramount." Saveri Decl., Ex. 1.
- The UFC Official Website's "Discover The Fighter" webpage, which states: "WHAT IT TAKES TO BE A UFC FIGHTER … Most fighters fight professionally in smaller organizations for years and have extensive training in multiple disciplines before the UFC will even consider allowing them in the cage. These fighters are hand-picked from the best of the best and the few chosen ones make it to the pinnacle of MMA fighting – The Octagon™." Saveri Decl., Ex. 2.
- The UFC Official Website's "Discover The Sport" webpage, which states, "Today, the UFC is the premier organization in MMA and enforces the Unified Rules of Mixed Martial Arts without exception. With more than 40 fights every year, the UFC hosts most of the top-ranked fighters in the world. Events are held not only in America, but in many countries all over the globe." Saveri Decl., Ex. 3.
- The title of a UFC.com video, "UFC fighters train like elite warriors – Part 1," available on the UFC's website. Saveri Decl., Ex. 4.
- A promotional website, www.ufcfanexpo.com, maintained by the UFC to promote the UFC Fan Expo 2015, which advertises its fighters as "elite fighters." Saveri Decl., Ex. 5.

3

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

- A website once maintained by the UFC, which states: "WHAT DISTINGUISHES UFC FROM ITS COMPETITORS? The elite level of the competitor also known as an 'Ultimate Fighter.' The UFC brings together the most talented martial arts experts in the world." Saveri Decl. Ex. 6.

- A "media kit" created by the UFC, which states "The Ultimate Fighting Championship (UFC) is the world's leading mixed martial arts organization. . . . The devotion to develop an exciting product, featuring the world's greatest athletes, has positioned the UFC amongst the elite sports organizations – surpassing Pay-Per-View records and selling out arenas from London to Los Angeles." Saveri Decl. Ex. 7.

- The following Facebook Job Advertisement made by the UFC: "This position is responsible for the development and execution of multi-platform marketing strategies across the full suite of UFC's core businesses from live events and the Ultimate Fighter reality franchise to its elite athlete roster." Saveri Decl. Ex. 8.

- The following statement made by a high-level UFC employee on her Linked-In profile: "The Ultimate Fighting Championship is home to not only the best fighters in the world, but also to the best staff. At UFC, employees display the same kind of dedication in the workplace as elite athletes do inside the Octagon." Saveri Decl. Ex. 9.

### B. The Court May Take Judicial Notice of Statements Made by the UFC in the News Media, on Internet "Blogs," and Elsewhere on the Internet.

Plaintiffs request that this Court take judicial notice of **Exhibits 10-11** on grounds that they are news reports and press releases containing statements made by principals of the UFC. Courts make take judicial notice of news reports and press releases. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999) (taking judicial notice of news reports and press releases is appropriate to show "that the market was aware of the information contained in news articles. . . "); *see also In re Am. Apparel Shareholder Derivative Litig.*, No. CV 10-06576, 2012 U.S. Dist. LEXIS 146970, at *62 (C.D. Cal. July 31, 2012) (taking judicial notice of news articles describing American Apparel's business). Additionally, statements made by parties in media outlets are subject to judicial notice. *See United States ex rel. Marchese v. Cell Therapeutics, Inc.*, No. C06-168MJP, 2007 U.S. Dist. LEXIS 65952, at *6 (W.D. Wash. Sept. 6, 2007) (taking "judicial notice of the statement attributed to [U.S. Attorney] in [a] Seattle Times article");

4

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

*Perkins.*, 2014 U.S. Dist. LEXIS 81042 at *22 (taking judicial notice of an interview); *United States v. Hill*, 893 F. Supp. 1039, 1041 n.2 (N.D. Fla. 1994) (taking judicial notice of statements made to CNN and other media outlets).

The Court should thus take judicial notice of the following materials because they contain statements made in media outlets by UFC officials:

- Statement attributed to UFC President Dana White in the Baltimore Sun: "I'm looking to acquire all the best fighters in the world and make the biggest, best matches I can make for the next few years . . . . And I think over the next year, you're going to see pretty much the 'who's who' from across the world fighting in the UFC." Saveri Decl., Ex. 10.
- The statement attributed to UFC President Dana White as reported by ESPN: "What you do is put the best fighters in the world against the best fighters and you see who wins." Saveri Decl., Ex. 11.

### C. The Court May Take Judicial Notice of An Analyst Report from Moody's.

Plaintiffs request that this Court take judicial notice of **Exhibit 12** on grounds that it is a publicly available analyst's report. Judicial notice of analyst reports is appropriate "to show 'whether and when information was provided to the market.'" *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008); *see also In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 575 (S.D.N.Y. 2010) ("[T]he Court takes judicial notice of these publicly available [Merrill Lynch] reports because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned') (quoting Fed. R. Evid. 201(b)(2)); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008) ("Judicial notice can be taken of . . . published analyst reports in **determining what the market knew**.") (emphasis added). In its Investors Service Report, Moody's attributed its high investor rating for Zuffa in part to the fact that "[t]he current scale and worldwide recognition of the UFC dwarfs any of its competitors in Moody's opinion . . . . [W]e believe that Zuffa has attracted and secured under exclusive contract most of the top highly trained fighters in the sport, which is a **qualitative competitive advantage**." Saveri Decl., Ex. 12 (emphasis added).

5

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

D. **The Court May Take Judicial Notice of Statements Made by Third Parties Regarding The Relevant Markets.**

Plaintiffs request that this Court take judicial notice of **Exhibits 13-15** as publicly accessible third-party statements. Statements made by third parties relevant to a market power determination may be judicially noticeable. *See Datel Holdings*, 712 F. Supp. 2d at 985 ("To the extent that the other printouts … are from third parties, they are judicially noticeable") (taking judicial notice of third parties' description of defendant's products); *Wible*, 375 F. Supp. 2d at 966 (taking judicial notice of descriptions on the Amazon.com website). The following statements made by EA Sports, Fox Sports Cable Networks, and others concerning the promotion of Elite MMA Events and Elite MMA Fighter services by third parties should be judicially noticed.

- An EA Sports executive stated that the "UFC has become a global powerhouse because they have the world's best fighters, competing in the world's best mixed martial arts events." Saveri Decl., Ex. 13.
- MGM Resorts International official press release stating: "We are delighted to partner with M life and to give members access to UFC's action-packed fights and world-class athletes." Saveri Decl., Ex. 14.
- An article in *The Sports Psychologist*, a scientific journal, stating that fighters who fight in the UFC fight "at the most elite MMA levels." Saveri Decl., Ex. 15.

IV. **CONCLUSION**

The facts and documents submitted herein can all "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," in accordance with Federal Rule of Evidence 201. Plaintiffs respectfully request that this Court take judicial notice of these facts and documents.

6

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

Dated: April 10, 2015

JOSEPH SAVERI LAW FIRM, INC.

By:    /s/ Joseph R. Saveri
       Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Joshua P. Davis (State Bar No. 193254)
Andrew M. Purdy (State Bar No. 261912)
Matthew S. Weiler (State Bar No. 236052)
Kevin E. Rayhill (State Bar No. 267496)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
apurdy@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey (State Bar No. 205769)
Jerome K. Elwell (*pro hac vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408 4699
bbrown@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
7
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS

Eugene A. Spector (*pro hac vice* pending)
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
wcaldes@srkw-law.com

Frederick S. Schwartz (State Bar No. 145351)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:  (818) 986-2407
Facsimile:   (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry and Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Darren Uyenoyama*

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 10, 2015                 By:   */s/ Joseph R. Saveri*
                                                    Joseph R. Saveri

8

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS