1  WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW, Washington, DC 20015
3  Telephone: (202) 237-2727; Fax: (202) 237-6131

4  JOHN F. COVE, JR. #212213
5  (jcove@bsfllp.com)
   BOIES, SCHILLER & FLEXNER LLP
6  1999 Harrison Street, Suite 900, Oakland, CA 94612
7  Telephone: (510) 874-1000; Fax: (510) 874-1460

8  RICHARD J. POCKER #114441
   (rpocker@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
10 Telephone: (702) 382 7300; Fax: (702) 382 2755

11 DONALD J. CAMPBELL (Admitted *Pro Hac Vice*)
12 (djc@campbellandwilliams.com)
   J. COLBY WILLIAMS (Admitted *Pro Hac Vice*)
13 (jcw@campbellandwilliams.com)
   CAMPBELL & WILLIAMS
14 700 South 7th Street, Las Vegas, Nevada 89101
15 Telephone: (702) 382-5222; Fax: (702) 382-0540

16 *Attorneys for Defendant* Zuffa, LLC, d/b/a
17 Ultimate Fighting Championship and UFC

18                    UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.  5:14-cv-05484 EJD<br><br>**DEFENDANT ZUFFA, LLC'S NOTICE OF MOTION TO STAY DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    September 10, 2015<br>Time:    9:00 a.m.<br>Place:   Courtroom 4<br>Judge:   Hon. Edward J. Davila |

Zuffa's Mot. To Stay            Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
Discovery                       5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>    Defendant. | Case No. 5:14-cv-05591 EJD |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>    Defendant. | Case No. 5:14-cv-05621 EJD |
| Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>    Defendant. | Case No. 5:15-cv-00521 EJD |

| | |
|---|---|
| Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　Defendant. | Case No. 5:15-cv-01324 EJD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2015 at 9:00 a.m. or as soon thereafter as counsel may be heard, Defendant Zuffa, LLC ("Zuffa") will and hereby does move this Court for an order staying all discovery in the above-referenced actions pending resolution of Zuffa's Motions to Transfer and Dismiss. Discovery should be stayed for two independent reasons.

First, Zuffa brings this motion pursuant to Federal Rule of Civil Procedure 26(c) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) on the ground that Plaintiffs should not subject Defendant to costly and burdensome discovery unless and until the Court determines that Plaintiffs' Complaints can survive a motion to dismiss. Serious defects appear on the face of the Complaints filed to date, and discovery should not proceed until the Court resolves whether Plaintiffs' Complaints are viable and, if so, what the permissible scope of those Complaints will be. Because a favorable resolution of Zuffa's Motion to Dismiss would eliminate the need for discovery, good cause exists to stay discovery pending resolution of the Motion to Dismiss.

Second, discovery should not proceed in this case until the Court rules on Zuffa's outstanding Motion to Transfer Venue to the District of Nevada pursuant to 28 U.S.C. § 1404(a). As addressed in Zuffa's memoranda in support of its Motion to Transfer Venue and during oral argument on May 7, both the forum selection clauses in the contracts underlying Plaintiffs' claims and the convenience of the parties support transfer of these cases out of this District. Commencement of discovery before the Motion to Transfer is resolved would be inefficient and may result inconsistent discovery rulings.

Zuffa bases this motion on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities attached hereto, and such other evidence and argument as it may present.

i

Zuffa's Mot. to Stay Discovery

Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD; 5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

# TABLE OF CONTENTS

STATEMENT OF REQUESTED COURT ACTION ................................................................... 1

PROCEDURAL BACKGROUND ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.   The Pending Motion to Dismiss Should Be Resolved Before Burdensome and Expensive Discovery Proceeds in This Antitrust Case. ...................................................... 2

   A.   Zuffa's Motion to Dismiss Would Be Dispositive of the Entire Case ..................... 4

   B.   Discovery Is Not Necessary for Resolution of the Motion to Dismiss .................... 4

   C.   All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss .......................................................................................................................... 6

      1.   A Stay Furthers the Goals of Efficiency Without Prejudice to Plaintiffs ......................................................................................................... 6

      2.   There Is No Need for Immediate Discovery ................................................ 8

II.  Zuffa's Pending Motion to Transfer Supports a Stay of Discovery ................................... 9

CONCLUSION ............................................................................................................................. 10

# STATEMENT OF REQUESTED COURT ACTION

Zuffa respectfully requests this Court to issue a protective order staying discovery in the above-entitled five actions until after Zuffa's pending Motions to Transfer and Dismiss are resolved.

# PROCEDURAL BACKGROUND

Plaintiffs have filed five separate but substantively identical Complaints alleging that Zuffa's allegedly anticompetitive contracts with fighters, along with its contracts with sponsors, venues, and TV networks and other media distribution outlets, and certain other alleged conduct, constituted a "scheme" to monopolize the alleged markets for Elite Professional MMA bouts and fighter services. Zuffa filed a Motion to Transfer the then-filed actions to the District of Nevada pursuant to 28 U.S.C. § 1404(a) on January 30, 2015. (*Le* Dkt. 31). On February 27, 2015, Zuffa moved to dismiss the then-filed actions. (*Le* Dkt. 64). After the Plaintiffs filed additional actions, Zuffa moved to transfer and to dismiss them as well. (*Ruediger* Dkt. 16 & 18; *Kingsbury* Dkt. 12 & 16). The Consolidated Motion to Transfer ("Motion to Transfer") is fully briefed, and was argued and submitted on May 7, 2015. The Consolidated Motion to Dismiss ("Motion to Dismiss") is fully briefed and is scheduled for argument on July 23, 2015.

On April 15, 2015, the parties met in person for a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Zuffa advised Plaintiffs that it believed discovery should be stayed pending resolution of the outstanding motions to dismiss and transfer. Plaintiffs disagreed. The parties also discussed their respective preservation obligations. On Sunday, April 26, Plaintiffs served Zuffa with 59 Requests for Production of Documents by e-mail.[1] Plaintiffs also served at least one third-party subpoena on or about April 20, 2015, without providing notice to Zuffa in violation of Rule 45(a)(4) of the Federal Rules of Civil Procedure. The parties exchanged Rule 26(a) disclosures on May 8, 2015.

---

[1] Plaintiffs' First Requests for Production of Documents ("RFP" or "Requests"), attached hereto as Exhibit A.

1

Zuffa's Mot. to Stay Discovery     Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD; 5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

**ARGUMENT**

**I.     The Pending Motion to Dismiss Should Be Resolved Before Burdensome and Expensive Discovery Proceeds in This Antitrust Case.**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that antitrust plaintiffs should present a viable complaint before they are entitled to proceed with burdensome and expensive discovery. *Id.* at 555-56. The *Twombly* Court emphasized the importance of rooting out groundless complaints before discovery commences. When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 558 (quoting 5 WRIGHT & MILLER § 1216, at 233-34 (3d ed. 2004)). The Court recognized the inherent unfairness of subjecting defendants to intrusive discovery absent a viable pleading, observing that active discovery can account for as much as 90 percent of the costs of a litigation and warning trial courts not "to forget that proceeding to antitrust discovery can be expensive." *Id.* at 558-59.

As in *Twombly*, the discovery Plaintiffs seek in these actions is extensive, burdensome, and costly. Plaintiffs have already served a set of document Requests on Zuffa comprising fifty-nine (59) separate Requests, seeking production of an enormously wide-ranging and detailed volume of information and electronic and hard copy documents relating to virtually every aspect of Zuffa's business. The bulk of these requests seek documents going back 15 years[2]; however, at least one request goes back as far as 1993, *see* Request No. 20 (seeking "All Documents, from 1993 to present, discussing, evaluating, or analyzing actual or proposed contractual terms or provisions"). To use just 3 of the 59 Requests as examples, Plaintiffs seek 15 years of Zuffa's financial statements; balance sheets; regulatory filings; gate and merchandizing receipts from bouts, broken down by event, "in as granular form as it is maintained"; revenues from broadcasts of bouts, broken down by event; advertising revenues, broken down by event; and revenues related to all MMA fighters, broken down by fighter, month and year, and itemized by revenue

---

[2] RFP at 14 ("Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2000 through the present").

2

Zuffa's Mot. to Stay                    Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
Discovery                                5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

source and line item. *See* Requests Nos. 9, 10, 11. Others are similarly broad. *See, e.g.,* Request No. 21 (seeking all documents referencing or relating to any contract or agreement with any MMA fighter who fought for the UFC since 2000 and all communications with any person relating to such agreements, whether internal or external). Still others call for information from web sites and social media that is publicly available and that Plaintiffs have been monitoring since well before they filed their first Complaint. *See, e.g.,* Request No. 52 ("All content posted to or deleted from any website or Social Media responsive to Plaintiffs' Requests for production and Interrogatories.").

Delaying the commencement of discovery pending a determination as to the validity of Plaintiffs' Complaints will reduce the likelihood that the parties expend large amounts of time and money conducting unnecessary discovery. This is particularly appropriate where, as here, the Complaints' vague and conclusory allegations fall far short of the *Twombly* requirements for pleading specific facts showing a plausible antitrust claim.

Courts in this Circuit have long recognized and applied this rationale for a stay of discovery. In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987), the Ninth Circuit affirmed the dismissal of state and federal antitrust claims, as well as the district court's refusal to allow plaintiff to conduct discovery for the purpose of enabling it to amend the complaint. The Court explained that the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id*. at 738. This is particularly true in antitrust cases where "the costs of discovery in such actions are prohibitive." *Id.* The "sounder practice" is "to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* A stay is no less appropriate in this case. Resolving the Motion to Dismiss before embarking on the massive and expensive efforts necessary to respond to Plaintiffs' Requests would ensure the most efficient use of both the Court's and the parties' time and resources.

Stays of discovery pending dispositive motions are not unique to antitrust cases: "the power to stay proceedings is incidental to the power inherent in every court to control the

3

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). While the Ninth Circuit has "yet to provide a specific standard" for assessing motions to stay, "federal district courts in California have applied a two-part test when evaluating a request for a stay of discovery during the pendency of a dispositive motion." *San Francisco Tech. v. Kraco Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. Jun. 6, 2011) ("*San Francisco Tech.*"); *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1-2 (N.D. Cal. Feb. 9, 2010); *Hashen v. Army & Air Force Exchange Servs.*, No. 2:14-cv-00549, 2014 WL 7146657, at *1 (D. Nev. Dec. 15, 2014). "First, the pending motion must be potentially dispositive of the entire case, or must at least be dispositive on the issue to which the discovery is aimed." *San Francisco Tech.*, 2011 WL 2193397, at *2. "Second, the court must determine whether the potentially dispositive motion can be decided without the discovery." *Id.* Where, as here, both prongs of this test are satisfied, the court may issue a protective order. *Id.*

### A. Zuffa's Motion to Dismiss Would Be Dispositive of the Entire Case

Zuffa meets the first prong of the *San Francisco Tech.* test because Zuffa's Motion to Dismiss would be dispositive of the entirety of Plaintiffs' cases. Plaintiffs' Complaints bring a single identical claim — an alleged violation of § 2 of the Sherman Act — and Zuffa's Motion to Dismiss challenges the legal sufficiency of that claim. Granting the Motion to Dismiss would entirely resolve the cases at hand. *San Francisco Tech.*, 2011 WL 2193397, at *3 (defendant met its burden for this portion of the test where defendant challenged the legal sufficiency of the one count brought in the Amended Complaint); *see also Hall*, 2010 WL 539679, at *1-2 (finding defendants met prong one because "their motion to dismiss, if meritorious, will dispose of the entire case").

### B. Discovery Is Not Necessary for Resolution of the Motion to Dismiss

The second prong of the test is also met because discovery is not necessary for resolution of the Motion to Dismiss. "[N]o discovery is necessary since, '[g]enerally a court may not

4

consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion.'" *San Francisco Tech.*, 2011 WL 2193397, at *3 (citing *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)). "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). Here, there are no factual issues that require discovery prior to the resolution of Zuffa's Motion to Dismiss. The issues raised in the Motion to Dismiss are legal and are based on Plaintiffs' failure to state a claim on which relief can be granted. Where a complaint is challenged as "deficient as a matter of law," discovery is not required for the resolution of that motion. *Jarvis*, 833 F.2d at 155.

Moreover, the gravamen of Plaintiffs' Complaints is the allegation that Zuffa's contracts with Plaintiffs and other fighters are anticompetitive. Plaintiffs have full access to their own contracts with Zuffa and with rival promoters, even without discovery. Unlike a price-fixing conspiracy case where conspirators usually reach agreements in secret, Plaintiffs already have the documents upon which their core allegations are purportedly based, as well as information from a wide variety of public sources and their own resources relating to competition in the industry. That they have made a strategic decision not to allege the specifics of those agreements does not mean they are entitled to demand production of potentially millions of documents in hopes of finding something else to support their claim. *Twombly*, 550 U.S. at 556; *see also DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (in antitrust litigation, "the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings"). While they seek other non-public material about virtually every aspect of Zuffa's business, they do not need that information now, before the ruling on whether their allegations are even sufficient to state a claim. Further, this information is preserved and will be accessible when and if it is determined that it should be subject to discovery.

The pending motion would be dispositive and can be decided without discovery, and because discovery would be enormously burdensome and costly, a protective order should be issued staying discovery during the pendency of the Motion to Dismiss. *Gibbs v. Carson*, No. C–13–0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. January 15, 2014) (motion for stay

5

Zuffa's Mot. to Stay Discovery    Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
                                  5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

1  granted where pending motion to dismiss was potentially dispositive of the case and could be
2  decided without discovery).

### C.  All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss

The other factors that courts consider in deciding whether to stay discovery also favor a stay here, including (1) whether the stay would further the goal of efficiency for the court and litigants; or (2) whether there is a compelling need for prompt discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay appropriate where it furthered "the goal of efficiency for the court and litigants"); *In re Graphics Processing Units Antitrust Litigation*, No. C 06-07417 WHA, 2007 WL 2127577, *5 (N.D. Cal. Jul. 27, 2007) ("*GPU*") (staying discovery where the "immediate circumstances omit any compelling reason for prompt discovery"); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, Case No. 5:13–CV–04206–EJD, 2014 WL 2738501, at *3-*6 (N.D. Cal. Jun. 11, 2014) (granting motion for stay pending *inter partes* patent review based on the early stage of the litigation, potential for simplification of issues, and lack of prejudice to Plaintiffs).

#### 1.  A Stay Furthers the Goals of Efficiency Without Prejudice to Plaintiffs

A stay of discovery will maximize efficiency in the litigation. As noted, if the Motion to Dismiss is granted, the need for discovery will be eliminated in its entirety. Even if some aspects of the Complaints survive, the scope of discovery may be more narrowly tailored and the discovery negotiations more focused, depending on the Court's guidance on the legal sufficiency of Plaintiffs' various allegations.

For example, in *GPU*, the court concluded that "first resolving the motion to dismiss is the better course," even where documents requested in discovery had already been assembled and produced to the grand jury. *GPU*, 2007 WL 2127577, at *5. Judge Alsup explained that the "immediate point is that adjudicating the motions to dismiss will shed light on the best course for discovery." *Id.*; *In re Cathode Ray Tube Antitrust Litig.*, Case No. C–07–5944–SC, 2014 WL 5462496, *8 (N.D. Cal. Oct. 23, 2014) (noting that discovery did not begin until after denial of the motion to dismiss because discovery was stayed during the pendency of the motion).

Whether or not the Complaints are dismissed, the evaluation and disposition of the Motion

6

Zuffa's Mot. to Stay
Discovery

Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

to Dismiss should be helpful in reducing at least some of the burden of discovery. To illustrate with a single example, Plaintiffs allege that Zuffa has somehow foreclosed competitors from access to television distribution outlets (Le Compl. ¶ 10) and Plaintiffs have accordingly requested all documents relating to Zuffa's television distribution deals (Request No. 33). The Motion to Dismiss demonstrates the implausibility of this allegation in light of the hundreds of television distribution outlets in the United States and Plaintiffs' own allegations that rival MMA promoters have secured television distribution. *Le* Dkt. 64, at 16.[3] A stay would allow for resolution of these issues before Zuffa expends tremendous efforts to collect, review and produce documents that may have no bearing on the litigation. Unlike the situation in *San Francisco Tech.* in which the Court found that the discovery sought was "neither oppressive nor burdensome," 2011 WL 2193397 at *4, Plaintiffs' sweeping requests in this case seeking documents relating to virtually every aspect of Zuffa's business over the past 15 years, and sometimes longer, would impose tremendous burdens in terms of time, expense, and resources to fulfill.

Moreover, a stay pending resolution of Zuffa's Motion to Dismiss will not unduly prejudice Plaintiffs. This case is in its infancy — Plaintiffs filed their most recent Complaint less than two months ago. No trial date or discovery deadlines have been set. No consolidated complaint has been filed. While the parties have exchanged initial disclosures, the costs and burden of preparing such disclosures are trivial compared to the massive burden of collecting potentially millions of documents, both electronic and hard copy, reviewing them for responsiveness and privilege, and producing them. This is not a case where a stay of discovery is sought in the middle of collections, review, and productions, or even in the middle of depositions. Where, as here, there has been no "material progress in the litigation," a brief stay pending the

---

[3] As another example, Plaintiffs allege that Zuffa does not co-promote bouts with rivals and that this is part of its allegedly anticompetitive scheme (Le Compl. ¶ 17). Plaintiffs have accordingly requested all documents related to any possible negotiations with rivals to promote bouts (Request No. 31). The Motion to Dismiss points out that firms, even monopolists, have no duty to deal with competitors; that the choice not to aid a competitor cannot constitute anticompetitive conduct; and, thus, these allegations cannot support Plaintiffs' claim. *Le* Dkt. 64, at 16-17.

motion to dismiss should be granted. *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–EJD, 2011 WL 4802958, at *2–3 (N.D. Cal. Oct. 11, 2011) (granting stay pending re-examination of patent where plaintiff had already filed infringement contentions, first set of interrogatories, requests for admission, and requests for production of documents); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, Case No.: 5:13–CV–04206–EJD, 2014 WL 2738501, at *3 (the Northern District of California "strongly favors granting a stay where there has been no material progress in litigation").

In the Joint Case Management Conference statement, the Plaintiffs argued that they would be prejudiced by a stay because it would necessarily be a "lengthy process" for Zuffa to fully comply with their requests if and when discovery goes forward. Amended Joint Case Management Conference Statement, *Le* Dkt. 81, at 11-12. But this argument merely reinforces the conclusion that collecting, reviewing and producing discovery before resolution of the motion will be hugely expensive and burdensome.

### 2. There Is No Need for Immediate Discovery

If the matter is not transferred to Nevada, the Motion to Dismiss is scheduled to be heard on July 23, 2015. Once the Motion to Dismiss is decided, either the case will be dismissed and discovery will be moot, or discovery will commence immediately, guided by the Court's ruling on the Motion. In the interim, there is no compelling reason for discovery to commence. Preservation concerns have been addressed; as the parties advised the Court in their Joint Case Management Conference Statement, the parties "have taken, or will take, appropriate steps to preserve evidence." *Le* Dkt. 81, at ¶ 6. Moreover, Plaintiffs have not identified any testimony that needs to be immediately preserved. As a result, there is "no urgent need for immediate discovery." *GPU,* 2007 WL 2127577, *5 (where there is no provisional relief being sought or a need for witness testimony to be preserved due to ill health, there is enough time "to critique the complaint and to then consider the best course for discovery"). This is particularly true because the Plaintiffs are taking the position that, because they allege a continuing violation, they believe Zuffa should be required to produce documents created after the filing of the Complaints until some as-yet-undefined point in the future.

8

Zuffa's Mot. to Stay  Case Nos. 5:14-cv-05484 EJD; 5:14-cv-05591 EJD;
Discovery  5:14-cv-05621 EJD; 5:15-cv-00521 EJD; 5:15-cv-01324 EJD

**II.     Zuffa's Pending Motion to Transfer Supports a Stay of Discovery**

The pending Motion to Transfer, currently under submission, compounds the need for a stay. In *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970), the Third Circuit explained that "Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.* at 30.

The Federal Circuit adopted the same reasoning in *In re Fusion-IO, Inc.*, 489 F. App'x 465 (Fed. Cir. 2012). There, the Federal Circuit counseled that the case should be suspended pending a motion to transfer under § 1404(a) and instructed the petitioner to file a motion to stay proceedings and for the district court to decide the motion to stay and a pending motion to transfer venue "***before*** proceeding to ***any motion*** on the merits of the action." *Id.* at 466 (emphasis added); *see also In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("in our view disposition of [the transfer] motion should have taken top priority in the handling of this case").

The guidance of those cases should govern here. First, a stay benefits the parties by avoiding potentially inconsistent rulings if the cases are transferred to the District of Nevada. *Palmer v. Am. Honda Motor Co.*, No. CV07-1904-PHX-DGC, 2008 WL 54914, at *1 (D. Ariz. Jan. 3, 2008) ("A stay will avoid hardship and inequity to the moving party that could arise from inconsistent discovery rulings in the various districts"). Second, a stay benefits this Court by ensuring that it will not "have needlessly expended its energies familiarizing itself with the intricacies of a case that [may] be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Third, a stay benefits judicial economy because if the case is transferred, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61 (granting motion to stay discovery pending decision by the Judicial Panel on

9

Multidistrict Litigation). Fourth, familiarity with all aspects of the case by the court that will ultimately hear the case will aid in resolution of discovery disputes. In sum, a stay of discovery pending resolution of the transfer motion is the most efficient way to proceed in these cases, and will not prejudice Plaintiffs. *Palmer*, 2008 WL 54914, at *1 (no prejudice to plaintiffs resulting from stay pending motion to transfer when hearing on motion was scheduled to be heard in four weeks).

## CONCLUSION

For all the foregoing reasons, Zuffa respectfully requests that this Court stay all Discovery until after it issues a decision on Zuffa's Motions to Dismiss and Transfer.

Dated: May 13, 2015

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: */s/ William A. Isaacson*
     William A. Isaacson
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC