WILLIAM A. ISAACSON (*Pro Hac Vice* to be filed)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR  (*Pro Hac Vice* to be filed)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Lead Case No.: 2:15-cv-01045-RFB-(PAL) <br><br> Member Case Nos.: <br> 2:15-cv-01046-RFB-(PAL) <br> 2:15-cv-01055-RFB-(PAL) <br> 2:15-cv-01056-RFB-(PAL) <br> 2:15-cv-01057-RFB-(PAL) <br><br> **DEFENDANT ZUFFA, LLC'S MOTION TO STAY DISCOVERY** <br><br> (Hearing Requested Pursuant to LR 78-2) |

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 2:15-cv-01055 RFB-(PAL) |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 2:15-cv-01056 RFB-(PAL) |
| Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>      Defendant. | Case No. 2:15-cv-01057 RFB-(PAL) |

| | |
|---|---|
| Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                    Defendant. | Case No. 2:15-cv-01046 RFB-(PAL) |

## INTRODUCTION

Defendant Zuffa, LLC ("Zuffa") moves pursuant to Federal Rule of Civil Procedure 26(c) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for an order staying discovery pending resolution of Zuffa's Consolidated Motion to Dismiss ("Motion to Dismiss").[1] The Motion to Dismiss would be dispositive of the case if granted, and, as explained in that Motion, the Complaints fail as a matter of law. The discovery Plaintiffs have sought to date is extraordinarily burdensome and voluminous and encompasses nearly every aspect of the Defendant's business. Plaintiffs should not be permitted to subject Defendant and potentially third-parties to wide-ranging, costly and burdensome discovery unless and until the Court determines that Plaintiffs' Complaints can survive a motion to dismiss. Even if the Complaints survive in whole or in part, the Court's evaluation of the hodgepodge of allegations in the Complaints will undoubtedly be useful in limiting and guiding any discovery that does take place. Briefing on the Motion to Dismiss is already complete, so even if the Motion is ultimately denied, any delay in discovery due to a stay is unlikely to be lengthy and will not be prejudicial. Thus, under the circumstances of this antitrust case, the most just and efficient course under Federal Rule of Civil Procedure 1 is to stay discovery pending resolution of the Motion to Dismiss.

## PROCEDURAL BACKGROUND

From December 2014 through March 2015, Plaintiffs filed five separate but substantively identical Complaints alleging that Zuffa's allegedly anticompetitive contracts with fighters, sponsors, venues, and TV networks and other media distribution outlets, as well as certain other alleged conduct, constituted a "scheme" to monopolize the alleged markets for "Elite Professional Mixed Martial Arts" bouts and fighter services. On February 27, 2015, Zuffa moved to dismiss

---

[1] Shortly after transfer, in the *Kingsbury* case, Magistrate Judge Koppe denied Zuffa's Motion to Stay Discovery pending resolution of Zuffa's Motion to Dismiss which had been previously filed in the Northern District of California in order to allow Zuffa to address the law on discovery stays in this District. *Kingsbury et al. v. Zuffa, LLC*, No. 2:15-cv-01046-RCJ-NJK (Dkt. 37). Although Judge Koppe's order applied only to the *Kingsbury* case, this motion applies to the recently consolidated case.

1

the then-filed actions. MTD.[2] After the Plaintiffs filed additional actions, Zuffa moved to dismiss them as well. (*Ruediger* Dkt. 16; *Kingsbury* Dkt. 16).

The Motion to Dismiss is fully briefed but has not yet been scheduled for argument after the transfer of these five actions to the District of Nevada.[3]

On April 15, 2015, the parties met in person for a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Zuffa advised Plaintiffs that it believed discovery should be stayed pending resolution of the outstanding motion to dismiss. Plaintiffs disagreed. The parties also discussed their respective preservation obligations, among other issues. On Sunday, April 26, Plaintiffs served Zuffa with 59 Requests for Production of Documents by e-mail.[4] Plaintiffs also served at least one third-party subpoena on May 18, 2015. The parties exchanged initial Rule 26(a) disclosures on May 8, 2015. Plaintiffs' Initial Disclosures listed 84 non-party witnesses and 31 Zuffa witnesses from whom they may seek discovery.[5] On May 13, 2015, Zuffa filed a Motion to Stay Discovery pending resolution of the Motion to Transfer and the Motion to Dismiss. On June 1, 2015, Judge Davila in the Northern District of California entered a stipulated order agreed to by the parties, which stayed discovery pending the resolution of the Motion to Transfer, held the Motion to Stay in abeyance until resolution of the Motion to Transfer, and set a schedule for completing briefing on the Motion to Stay after resolution of the transfer motion. (*Le* Dkt. 92). On June 2, 2015, Judge Davila granted the Motion to Transfer and ordered these five related cases transferred to the District of Nevada. (*Le* Dkt. 93). This order also vacated all prior scheduling orders. On June 9, 2015, Zuffa filed its objections and responses

---

[2] "MTD" or "Motion to Dismiss" refers to Defendant Zuffa, LLC's Consolidated Motion to Dismiss Plaintiffs' Complaints Pursuant to Fed. R. Civ. P. 12(b)(6). *Le* Dkt. 64; *Vazquez* Dkt 39; *Vera* Dkt. 39; *Ruediger* Dkt. 16; *Kingsbury* Dkt. 16. "MTD Reply" refers to Defendant Zuffa's Consolidated Reply to Plaintiffs' Opposition to Zuffa, LLC's Motion to Dismiss Plaintiffs' Complaints Pursuant to Fed. R. Civ. P. 12(b)(6). *Le* Dkt. 82; *Vazquez* Dkt. 45; *Vera* Dkt. 45; *Ruediger* Dkt. 22; *Kingsbury* Dkt. 23.

[3] The parties agreed in a stipulated order entered prior to transfer that, subject to the approval of the Court in the District of Nevada, they would stand on the motion papers filed in the Northern District of California, rather than re-briefing the Motion to Dismiss upon transfer. *Le* Dkt. 92.

[4] Plaintiffs' First Requests for Production of Documents ("RFP" or "Requests"), attached hereto as Exhibit A.

[5] Plaintiffs' Initial Disclosures, attached hereto as Exhibit B.

to Plaintiffs' initial set of 59 Requests for Production, including the objection that discovery was premature. As of the date of transfer, the Plaintiffs had not filed an opposition to the original Motion to Stay. On June 5, 2015, Magistrate Judge Koppe denied Zuffa's Motion to Stay without prejudice in the *Kingsbury* case in order to permit Zuffa to revise its motion to address case law from this District. (*Kingsbury* Dkt. 37).

**ARGUMENT**

**I.    The Pending Motion to Dismiss Should Be Resolved Before Wide-Ranging, Burdensome and Expensive Discovery Proceeds in This Antitrust Case.**

   **A.    Before Imposing the Massive Burdens of Antitrust Discovery, a Viable Complaint is Required.**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that antitrust plaintiffs should present a viable complaint before they are entitled to proceed with burdensome and expensive discovery. *Id.* at 555-56. In *Twombly*, plaintiffs brought antitrust claims against several of the incumbent regional Bell operating companies that dominated landline telephone service in their respective regions, alleging a wide range of purported anticompetitive activity. *Id.* at 549-51. In upholding the dismissal of the complaint without discovery, the *Twombly* Court emphasized the importance of rooting out groundless complaints before discovery commences. When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (quoting 5 WRIGHT & MILLER § 1216, at 233-34 (3d ed. 2004)). The Court recognized the inherent unfairness of subjecting defendants to intrusive discovery absent a viable pleading, observing that active discovery can account for as much as 90 percent of the costs of a litigation and warning trial courts not "to forget that proceeding to antitrust discovery can be expensive." *Id.* at 558-59; *see also Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1027 (D. Nev. 2013) ("in the antitrust context . . . 'the long drawn out process of discovery can be both harassing and expensive'") (quoting *Franchise Realty Interstate Corp. v. San Francisco Local Joint Exec. Bd. of Culinary Workers,* 542 F.2d 1076, 1082 (9th Cir. 1976)).

Staying discovery pending a determination as to the validity of Plaintiffs' Complaints will

reduce the likelihood that parties and non-parties expend large amounts of time and money conducting unnecessary discovery. Courts in this Circuit have long recognized and applied this rationale for a stay of discovery. In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), the Ninth Circuit affirmed the dismissal of state and federal antitrust claims, as well as the district court's refusal to allow plaintiff to conduct discovery for the purpose of enabling it to amend the complaint. The court explained that the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id.* at 738. This is particularly true in antitrust cases where — as the Supreme Court, the Ninth Circuit, and the District of Nevada have all recognized — "the costs of discovery in such actions are prohibitive." *Id.*; *Twombly*, 550 U.S. at 546 ("It is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive"); *Okeke*, 927 F. Supp. 2d at 1027. Because of the unusually heavy burdens of antitrust litigation, the "sounder practice" is "to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine*, 829 F.2d at 738. A stay is no less appropriate in this case. Resolving the Motion to Dismiss before letting slip sprawling, expensive antitrust discovery would ensure the most efficient use of the Court's, the parties', and non-parties' time and resources.

**B.     The Discovery In This Case Would Be Extraordinarily Burdensome.**

The discovery Plaintiffs have already sought in these actions is extraordinarily vast, burdensome, and costly – exactly the type of burden that the Supreme Court warned in *Twombly* should not be imposed without first requiring a viable complaint. 550 U.S. 558-59. Plaintiffs' first set of document requests on Zuffa comprises fifty-nine (59) separate Requests, seeking production of an enormously wide-ranging and detailed volume of information and electronic and hard copy documents relating to virtually every aspect of Zuffa's business. The bulk of these

Requests seek documents going back 15 years[6]; however, at least one request goes back as far as 1993, *see* Request No. 20 (seeking "All Documents, from 1993 to present, discussing, evaluating, or analyzing actual or proposed contractual terms or provisions"). To use just 3 of the 59 Requests as examples, Plaintiffs seek 15 years of Zuffa's financial statements; balance sheets; regulatory filings; gate and merchandizing receipts from bouts, broken down by event, "in as granular form as it is maintained"; revenues from broadcasts of bouts, broken down by event; advertising revenues, broken down by event; and revenues related to all MMA fighters, broken down by fighter, month and year, and itemized by revenue source and line item. *See* Requests Nos. 9, 10, 11. Others are similarly broad. *E.g.,* Request No. 21 (seeking all documents referencing or relating to any contract or agreement with any MMA fighter who fought for the UFC since 2000 and all communications with any person relating to such agreements, whether internal or external).

In addition, while Plaintiffs have served only a limited amount of third party discovery so far, they have listed 84 non-parties, including UFC's television broadcasters and other media partners, sponsors, venues and merchandizers, from whom they may seek discovery. Ex. B at 10-21. Plaintiffs' Initial Disclosures show that the scope of discovery they are likely to seek from these non-parties is broad and that compliance with Plaintiffs' third-party discovery requests will be onerous.[7]

**C.    Staying Discovery Pending Resolution of the Motion to Dismiss is the Most Just and Efficient Way to Proceed.**

The federal courts' "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The

---

[6] RFP at 14 ("Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2000 through the present").

[7] Plaintiffs' Initial Disclosures offer one of the two following broad and vague descriptions of the information that 81 out of 84 non-party witnesses possess: (1) "Information regarding Defendant's commercial practices, and the relevant markets in this action" or (2) "Information regarding Defendant's contracts and commercial practices in the MMA industry, some of Defendant's exclusionary practices, and the relevant markets in this action." Ex. B at 10-21.

district court has wide discretion in controlling discovery. . . ." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1).

"Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed." *McGee v. Donahoe*, No. 2:14-cv-1426-RFP-VCF, 2014 WL 4829642, at *2 (D. Nev. Sept. 30, 2014). "First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought." *Id.* "Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery." *Id.; see also Segal v. Alan Lefebvre*, No. 2:13-cv-0511-JCM-NJK, slip op, at 1-2 (D. Nev. Nov. 14, 2013); *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011). "When applying this test, the court must take a 'preliminary peek' at the merits of the dispositive motion to assess whether a stay is warranted." *McGee*, 2014 WL 4829642 at *2 (quoting *Tradebay*, 278 F.R.D. at 600).[8] If the "preliminary peek" into the merits of the underlying motion to dismiss raises a "real question" about the merits of a plaintiff's action, the court in its discretion may grant a stay where it would be "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case," consistent with Rule 1. *Davis v. Nevada*, No. 3:13-CV-00559-MMD, 2014 WL 1308347, at *2-4

---

[8] The court's "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1," *Tradebay*, 278 F.R.D. at 602-03, that is, achieving a "just, speedy and inexpensive" resolution of the action.

& nn.2-3 (D. Nev. Mar. 31, 2014).[9]

Where, as here, a stay is consistent with Rule 1's directive and a party satisfies the two-factor test, a stay should be granted. *Abrego v. United States Bank Nat'l Ass'n*, No. 2:13-cv-01795-JCM-GWF, 2014 WL 374755, at *1-2 (D. Nev. Jan. 31, 2014) ("If the party moving to stay satisfies both prongs, a protective order may issue") (quoting *Tradebay*, 278 F.R.D. at 602).

### 1. Zuffa's Motion to Dismiss Would Be Dispositive of the Entire Case.

Zuffa meets the first factor of the two-part test because Zuffa's Motion to Dismiss would be dispositive of the entirety of Plaintiffs' case. Plaintiffs' Complaints bring a single identical claim — an alleged violation of § 2 of the Sherman Act — and Zuffa's Motion to Dismiss challenges the legal sufficiency of that claim. Granting the Motion to Dismiss would completely resolve the case at hand. *Puckett v. Schnog*, No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754, at *1-2 (D. Nev. May 3, 2013) (defendant met its burden for this portion of the test where defendant moved to dismiss the Complaint in its entirety); *see also Aguirre v. S. Nevada Health Dist.*, No. 2:13-cv-01409-LDG-CWH, 2013 WL 6865710, at *2 (D. Nev. Dec. 30, 2013).

"With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a potentially dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. Here, a brief stay of discovery to prevent the exorbitant costs of extensive discovery pending resolution of a potentially dispositive motion is a just and efficient result. *Twombly*, 550 U.S. at 558 ("[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint") (quoting *Car Carriers,*

---

[9] Some Nevada courts state that the court should be "convinced" that the complaint will not withstand the motion to dismiss before all discovery should be stayed. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013). At least one court has concluded that the "convinced" standard is interchangeable with the "real question" standard, finding that regardless of the particular term used, that a preliminary peek at the merits should factor into the court's exercise of its discretion in determining the most just and efficient result under Rule 1. *Davis*, 2014 WL 1308347, at *3-*4 & nn.2-3.

*Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

### 2. Discovery Is Not Necessary for Resolution of the Motion to Dismiss.

The second factor of the test is also met because discovery is not necessary for resolution of the Motion to Dismiss. "In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The issues raised in Zuffa's Motion to Dismiss are legal in nature and based on Plaintiffs' failure to state a claim on which relief can be granted under Rule 12(b)(6). Where a complaint is challenged as "deficient as a matter of law," discovery is not required for the resolution of that motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *see Twombly*, 550 U.S. at 556; *see also DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (in antitrust litigation, "the price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings").

Moreover, the gravamen of Plaintiffs' Complaints is the allegation that Zuffa's contracts with Plaintiffs and other fighters are anticompetitive. Plaintiffs have full access to their own contracts with Zuffa and with rival promoters without discovery. Plaintiffs already have the documents upon which their core allegations are purportedly based, as well as information from a wide variety of public sources and their own resources relating to competition in the industry.

### 3. A "Preliminary Peek" Into The Merits Of Zuffa's Motion to Dismiss Raises A "Real Question" As To The Merits Of Plaintiffs' Claim

A "preliminary peek" into the merits of Zuffa's Motion to Dismiss reveals multiple grounds upon which Plaintiffs' action is "likely to either be dismissed in its entirety or at least reduced in scope." *Davis*, 2014 WL 1308347, at *5. Zuffa will not reargue the Motion to Dismiss in this motion but respectfully refers the Court to that filing and accompanying papers. Suffice it to say that its Motion to Dismiss here is based, not on technical pleading issues, but on the Complaints' failure with regard to fundamental elements of their antitrust claim, including the essential elements of, *inter alia,* anticompetitive conduct, foreclosure, and market definition.

MTD at 9-19.[10]  The Motion to Dismiss demonstrates that, like the plaintiffs in *Twombly*, the Plaintiffs here rely entirely on the invocation of conclusory antitrust terms of art or implausible claims that are not supported by factual allegations.  *Id.*

One example from the Motion to Dismiss illustrates this failure – Plaintiffs' inability to plead the essential element of foreclosure.  To state a valid antitrust claim based on exclusive dealing arrangements, Plaintiffs must allege specific facts showing that the defendant's arrangements "foreclose competition in a substantial share of the line of commerce affected."  MTD at 11-12; MTD Reply at 6-7.  But Plaintiffs made no attempt to allege the size of the market nor to demonstrate how much of it was foreclosed.  MTD at 11-16.  Further, as noted above, although all of their contracts with Zuffa and other promoters are in their possession without discovery, Plaintiffs did not plead facts showing that these contracts by their terms excluded competition among promoters for fighter services nor did they explain how their conclusory allegation of foreclosure squared with the fact that several of the named Plaintiffs fought for other promoters.  MTD at 5-6, nn.4-8; MTD Reply at 5-6.

Similarly, the Motion to Dismiss demonstrates that the Plaintiffs' other primary allegations – that Zuffa's exclusive dealing arrangements with third parties such as venues, sponsors, and TV networks violate the Sherman Act – do not demonstrate any foreclosure at all.  Plaintiffs do not identify the sponsors, venues, or media outlets that Zuffa allegedly foreclosed to rivals.  Nor can they explain how, in a geographic market that Plaintiffs admit is at least as large as the United States,  Zuffa could possibly deny rivals access to a significant share of <u>any</u> of these inputs.  MTD Reply at 8-9.  They do not explain, for example, how an exclusive deal with one TV network forecloses competitors' access to the hundreds of other TV networks, nor how an exclusive arrangement with a one sponsor in one category, say beer or apparel, forecloses competitor access to all the remaining beer or apparel companies, nor why the hundreds of other venues that other MMA promoters have used or that Zuffa does not use are not reasonable

---

[10] This is quite different than a case like *Kor Media Grp.*, 294 F.R.D. at 584 in which the underlying motion to dismiss was based on the purported failure to properly allege the technical requirements to establish alter ego liability as to certain defendants.

substitutes for the allegedly exclusive venues. MTD at 15-16. Indeed, the Complaints admit that at least four rival promoters have secured broadcast and/or pay-per-view television distribution. MTD at 7 (citing *Le* Compl. ¶¶ 141-43, 150; *Vazquez* Compl. ¶ 149). Finally, Plaintiffs' allegations that Zuffa refuses to "co-promote" with rival MMA promoters cannot demonstrate foreclosure as a matter of law because it is well-established that Zuffa has no duty to deal with or aid competitors. MTD at 16-17 (citing *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004)).

Because resolution of these issues and the other issues raised by the Motion to Dismiss will dispose of this case in its entirety or at least reduce the scope of Plaintiffs' claims and any concomitant discovery, a "preliminary peek" into Zuffa's Motion to Dismiss supports granting a stay of discovery pending its resolution.

        **4.**     **All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss.**

The other factors that Nevada courts and the Ninth Circuit consider in deciding whether to stay discovery also favor a stay here. These factors include: (1) "the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations"; (2) "the nature and complexity of the action"; (3) "whether counterclaims or cross-claims have been interposed"; (4) "whether some or all of the defendants join in the request for the stay; (5) "the posture or stage of the litigation"; (6) "the expected extent of discovery in light of the number of parties and complexity of the issues in the case"; and (7) "any other relevant circumstances." *Tradebay*, 278 F.R.D. at 602; *accord Davis*, 2014 WL 1308347, at *4 (quoting 6 Moore's Federal Practice, § 26.105[e][c] (3d. ed. 1977)). Consistent with Rule 1, the Ninth Circuit has held that a stay of discovery is appropriate where it furthers "the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685 (stay appropriate where it furthered "the goal of efficiency for the court and litigants").

        **a.**     **The Type of Pending Dispositive Motion Warrants a Stay.**

That Zuffa has filed a motion to dismiss rather than a motion for summary judgment favors a stay. A motion to dismiss is significantly different from a motion for summary judgment

in that the "former merely delays the beginning of discovery; the latter disrupts discovery that is in progress and risks protecting discoverable information from disclosure." *United States Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, No. 2:13-CV-992-MMD-VCF, 2015 WL 225419, at *2 (D. Nev. Jan. 15, 2015). "As a result, a discovery stay pending a motion to dismiss may result in 'the just, speedy, and inexpensive determination of [an] action' because discovery is costly and unnecessary to adjudicate a merited motion to dismiss." *Id.*

### b. The Nature and Complexity of the Issues and the Extent of Discovery Warrants a Stay.

In evaluating a motion to stay, the Court can assess issues involving the complexity of the action and the extent of discovery sought in light of the complexity of the action. *Tradebay*, 278 F.R.D. at 602. Here, as discussed, Plaintiffs make sweeping allegations that Zuffa's contracts with fighters, sponsors, venues, and TV distribution outlets, and its past acquisitions purportedly violate Section 2 of the Sherman Act. In short, Plaintiffs' Complaints include a wide range of allegations affecting nearly every aspect of Zuffa's business and, as their First Set of RFPs show, they are seeking vast discovery consistent with that blunderbuss approach. Exhibit A.

Given the unique burdens of an expensive antitrust complaint like this one, a stay of discovery will maximize efficiency in the litigation. *Johnson v. Cheryl*, No. 2:11-cv-00291-JCM-CWH, 2013 WL 129383, at *4 (D. Nev. Jan. 9, 2013) (staying discovery "in order to reduce costs and increase efficiency"); *In re Graphics Processing Units Antitrust Litig.* ("GPU"), No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("adjudicating the motions to dismiss will shed light on the best course for discovery"). As noted, if the Motion to Dismiss is granted, the need for discovery will be eliminated in its entirety. Even if some aspects of the Complaints survive, the scope of discovery may be more narrowly tailored and the discovery negotiations more focused, depending on the Court's guidance on the legal sufficiency of Plaintiffs' various allegations. *Id.* ("If, among other possible outcomes, the complaint proves to be solid save for perhaps a single soft element for which evidence would normally be outside the reach of plaintiffs' counsel without discovery, then it may be that a narrowly-directed and less burdensome discovery plan should be allowed with leave to amend to follow").

Plaintiffs have not identified any testimony that needs to be immediately preserved. As a result, there is "no urgent need for immediate discovery." *GPU,* 2007 WL 2127577, at *5. As Judge Alsup explained in staying discovery in a similar wide-ranging antitrust case in the Northern District of California, where there is no provisional relief being sought or a need for witness testimony to be preserved due to ill health, there is enough time "to critique the complaint and to then consider the best course for discovery." *Id.* This is particularly true here where the Plaintiffs are taking the position that, because they allege a continuing violation, they believe Zuffa should be required to produce documents created after the filing of the Complaints until some as-yet-undefined point in the future.

The following example illustrates the potential efficiencies of a stay even if the Complaints survive: As noted above, Plaintiffs allege that Zuffa has somehow foreclosed competitors from access to television distribution outlets (*Le* Compl. ¶ 10) and Plaintiffs have requested not only all documents relating to any agreements between Zuffa and any television or media outlet, but all documents relating to any communications with any television network or media outlet, regardless of whether any agreement was reached. (Request No. 33). The Motion to Dismiss demonstrates the implausibility of the allegation that competitors have been prevented from securing television distribution in light of both (1) the admitted relationships between competitors and major networks such Viacom, NBC Sports, and CBS Sports, and (2) the hundreds of other available television distribution outlets in the United States. MTD at 16. A stay would allow for resolution of these issues before Zuffa expends tremendous efforts to collect, review and produce documents that may have no bearing on the litigation.

        **c.**        **The Early Stage of the Case Argues in Favor of a Stay and Does Not Prejudice Plaintiffs.**

Another factor courts may consider in a motion to stay discovery is the stage of the litigation. *Tradebay,* 278 F.R.D. at 602. This case is in its infancy. Zuffa is the sole defendant and no counterclaims or cross-claims have been interposed. Plaintiffs' latest Complaint was filed at the end of March. No consolidated complaint has been filed. No trial date or discovery deadlines have been set. While the parties have exchanged initial disclosures, the costs and

burden of preparing such disclosures are trivial compared to the massive burden of collecting potentially millions of documents, both electronic and hard copy, reviewing them for responsiveness and privilege, and producing them.  This is not a case where a stay of discovery is sought in midstream.  Where, as here, Plaintiffs are not "prejudiced by the delay required to determine whether this case should be dismissed as a matter of law," a motion to stay is appropriate.  *Morrison v. Quest Diagnostics Inc.*, No. 2:14-cv-01207-RFB-PAL, 2015 WL 1640460, at *3 (D. Nev. Apr. 9, 2015).

In the Joint Case Management Conference statement filed in the Northern District of California, the Plaintiffs argued that they would be prejudiced by a stay because it would necessarily be a "lengthy process" for Zuffa to fully comply with their requests if and when discovery goes forward.  Amended Joint Case Management Conference Statement, *Le* Dkt. 81 at 11-12.  But this argument merely reinforces the conclusion that collecting, reviewing and producing discovery before resolution of the motion will be hugely expensive and burdensome.

## CONCLUSION

For all the foregoing reasons, Zuffa respectfully requests that this Court stay discovery until after the Court issues a decision on Zuffa's Motion to Dismiss.

Dated: June 12, 2015

Respectfully Submitted,

CAMPBELL & WILLIAMS

By: /s/ *J. Colby Williams*
    J. COLBY WILLIAMS
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

Email: DJC@campbellandwilliams.com
JCW@campbellandwilliams.com

William A. Isaacson (*Pro Hac Vice* to be filed)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

John F. Cove, Jr. (*Pro Hac Vice* to be filed)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
Email: jcove@bsfllp.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **MOTION TO STAY DISCOVERY** was served on the 12th day of June, 2015 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

    /s/ *J. Colby Williams*
An employee of Campbell & Williams