# EXHIBIT A

Joseph R. Saveri (State Bar No. 130064)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W.,
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier*
*Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo*
*Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury,*
*and Darren Uyenoyama*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>**Defendant.** | Case Nos.  5:14-cv-05484-EJD; 5:14-cv-05591-EJD; 5:14-cv-05621-EJD; 5:15-cv-00521-EJD; 5:15-cv-01324-EJD<br><br>**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

2   **Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated,**

3

4                    **Plaintiffs,**

5       **v.**

6   **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

7                    **Defendant.**

8

9   **Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated,**

10                   **Plaintiffs,**

11      **v.**

12  **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

13                   **Defendant.**

14

15  **Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated,**

16

17                   **Plaintiffs,**

18      **v.**

19  **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

20                   **Defendant.**

21  **Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated,**

22

23                   **Plaintiffs,**

24      **v.**

25  **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**

26

27                   **Defendant.**

28

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, You (defined below) are required to respond within thirty (30) days following the date of service of these requests for production of documents, in writing and under oath, and to provide for inspection and copying of these documents at the offices of the Joseph Saveri Law Firm, Inc., 505 Montgomery Street, Suite 625, San Francisco, California 94111, on behalf of Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury, and Darren Uyenoyama, Plaintiffs in the above-captioned Antitrust Class Actions. In answering these requests for production of documents You should identify all documents within the possession, custody or control of You, Your attorneys, Your agents or Your employees.

Defendant (defined below) is required to produce all requested documents that are in Defendant's actual or constructive possession, custody or control, or in the actual or constructive possession, custody or control of Defendant's officers, employees, agents, representatives or attorneys.

Plaintiffs request that such production be made in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

## I.   **DEFINITIONS**

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

3

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

e)  The use of the singular form of any word includes the plural and vice versa.

2.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

3.  "**Complaints**" refers to the five Class Action Complaints filed in the cases captioned above: *Cung Le, Nathan Quarry, and Jon Fitch, v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,* No. 5:14-cv-05484-EJD, filed on December 16, 2014; *Luis Javier Vazquez and Dennis Lloyd Hallman v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05591-EJD, filed on December 22, 2014; *Brandon Vera and Pablo Garza v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:14-cv-05621-EJD, filed on December 24, 2014; *Gabe Ruediger and Mac Danzig v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:15-cv-00521-EJD, filed on February 4, 2015; and *Kyle Kingsbury and Darren Uyenoyama v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*, No. 5:15-cv-01324-EJD, filed on March 20, 2015, and any subsequent amendments of these complaints.

4.  "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, Youtube submissions, Facebook posts, and posts to any

4

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. With respect to electronically stored data, documents also includes, without limitation, any letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (*e.g.*, servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Bluray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records of representations of any kind, and all mechanical or electronic data, records of representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, Youtube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by Defendant.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Identity**" of a UFC Fighter means the name, sobriquet, voice, persona, signature, likeness and/or biographical information of a UFC Fighter.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
6
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

10. "*Le* **Complaint**" refers to the first-filed Class Action Complaint captioned *Cung Le, Nathan Quarry, and Jon Fitch v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC* (Case No. 5:14-cv-05484-EJD, Dkt. No. 1), filed on December 16, 2014, and any subsequent amendments thereof.

11. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

12. "**Merchandise Rights**" means Zuffa's unrestricted worldwide rights to use, edit, disseminate, display, reproduce, print, publish, and make any other uses of the name, sobriquet, voice, persona, signature, likeness, and/or biographical information of a UFC Fighter solely in connection with the development, manufacture, distribution, marketing and sale of UFC Licensed Merchandise.

13. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live professional MMA bouts is based on state athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

14. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

15. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

16. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges or promotes professional live MMA bouts for profit.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
7
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

17. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

18. "**Plaintiff(s)**" means Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury, and Darren Uyenoyama, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the above-captioned Class Actions in the court with jurisdiction over the cases.

19. "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

20. "**Post-Bout Event**" means any post-bout interviews and press conferences that follow and relate to a Bout.

21. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a bout.

22. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

23. "**Promotional and Ancillary Rights**" means rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives),

8

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

merchandising and program rights, in connection with or based upon the UFC brand, the bouts, Pre-Bout Events or Post-Bout Events.

24. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

25. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation Twitter, Facebook, YouTube, Instagram, Pinterest, and My Space.

26. "**UFC Fighters**" means Professional MMA Fighters, as defined above, who have been under contract with the UFC at any time during the Relevant Time Period.

27. "**UFC Licensed Merchandise**" means all apparel, footwear, hats, photographs, souvenirs, toys, collectibles, trading cards, and any and all other similar type products, including the sleeves, jackets and packaging for such products, that is (i) approved by Zuffa, (ii) contains the trademarks, trade names, logos and other intellectual property owned or licensed by Zuffa, including without limitation, the licensed marks, and (iii) not created, used or sold in connection with the promotion of any bouts, Pre-Bout Events or Post-Bout Events.

28. "**UFC Promotional Materials**" means all advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC bouts, UFC Pre-Bout Events or UFC Post-Bout Events.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
9
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

29. "**You**," "**Your**," or "**Your Company**" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, and including all entities that were merged with or acquired, such as, *e.g.*, Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

30. "**Zuffa**," "**UFC**," and "**Defendant**" all mean Zuffa, LLC, Ultimate Fighting Championship, UFC, and all predecessors, successors, parents, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC; and also including, all entities that were merged with or acquired, such as, *e.g.*, Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

## II.   **INSTRUCTIONS**

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Production shall be deemed to be continuing in nature so that, if You, Your directors, officers, employees, agents, representatives or any person acting on Your behalf, subsequently discover or obtain possession, custody or control of any Document or ESI previously requested or required to be produced, Defendant shall make such Documents or ESI available within 7 days of discovery or possession. These requests call for the

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

production of all responsive documents that are within Your possession, custody or control.

2. The Standing Order For All Judges Of The Northern District Of California, the San Jose Judges' Standing Order, and the Judge Davila Standing Order for Civil Cases, all of which are available at http://www.cand.uscourts.gov/ejdorders, are incorporated by reference as if fully set forth herein.

3. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators

4. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

5. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

6. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

7. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

8. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) from which the Document(s) was (or were) originally located.

9. In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of Zuffa, LLC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

10. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

11. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

12. Unless otherwise agreed, all ESI should be produced in native format on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

13. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

14. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server,

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

12

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

15. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

16. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

17. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

18. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

19. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

20. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

21. Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive, followed by Your response.

22. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
13
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

23. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

24. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

25. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

26. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

27. To be clear, all of these Requests seek information from Zuffa and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any entity acquired by or merged with Zuffa, such as, *e.g.*, Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

### III.   RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2000 through the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

### IV.   DOCUMENT REQUESTS

#### REQUEST FOR PRODUCTION NO. 1

Zuffa's Articles of Organization and any charters, bylaws, operating agreements or other certificates memorializing Zuffa's status as a Limited Liability Company, including all Documents (if any) referencing or relating to any suspension or dissolution of Zuffa's business license.

#### REQUEST FOR PRODUCTION NO. 2

For each year of the Relevant Time Period, the Annual List of Managers or Managing Members and State Business License Application filed with the Nevada Secretary of State and any

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
14
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Case 2:15-cv-01045-RFB-BNW   Document 107-1   Filed 06/23/15   Page 16 of 32

business license application filed with any other state on behalf of Zuffa or its affiliates or subsidiaries.

**REQUEST FOR PRODUCTION NO. 3**

For each year of the Relevant Time Period, all Documents relating to Meetings of Zuffa's managers or members including Meeting minutes, resolutions, Documents sufficient to show membership of any committees, all committee Meeting minutes, pre-Meeting packets, agendas, and presentations.

**REQUEST FOR PRODUCTION NO. 4**

For each year of the Relevant Time Period, all Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This request includes Documents sufficient to show the percentage of any membership/ownership or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show the relationship among and between Zuffa, LLC, each of its affiliates, related entities, corporate parents, and subsidiaries, and Zuffa Holding Company, LLC.

**REQUEST FOR PRODUCTION NO. 6**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa Holding Company, LLC, and any changes thereto. This request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**REQUEST FOR PRODUCTION NO. 7**

For each year of the Relevant Time Period, Documents sufficient to show Zuffa Holding Company, LLC's organizational structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate thereof. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive of Zuffa Holding Company, LLC.

5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
15
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 8**

For each year of the Relevant Time Period, Documents sufficient to show Your Company's organizational structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your Company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and Documents sufficient to show each Employee or executive with managerial responsibilities for anything relating to the UFC.

**REQUEST FOR PRODUCTION NO. 9**

For each year of the Relevant Time Period, all financial statements, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, pro formas and similar financial Documents relating to Zuffa.

**REQUEST FOR PRODUCTION NO. 10**

All Documents summarizing Zuffa's (including, without limitation, any of its affiliates' and predecessors') monthly and annual financial activity, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**REQUEST FOR PRODUCTION NO. 11**

Documents and data in as granular form as it is maintained, including by transaction or receipt, sufficient to show the following:

    a.    total gate receipts from bouts, broken down by event;

    b.    total merchandizing receipts from bouts, broken down by event and itemized by revenue source and line item;

    c.    total revenues from PPV broadcasts of bouts, broken down by event and itemized by revenue source and line item;

    d.    total revenues from non-PPV broadcasts of bouts, broken down by event and itemized by revenue source and line item;

16

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

e. total revenues derived from the sale of advertising during all broadcasts of bouts, whether PPV or non-PPV, during the Relevant Time Period, broken down by event, month and year and itemized by revenue source and line item;

f. total revenues derived in any way from the Promotional and Ancillary Rights relating to each MMA Fighter during the Relevant Time Period, broken down by Fighter, month and year and itemized by revenue source and line item;

g. total revenues derived in any way from the Merchandise Rights, including licensing revenues, relating to each MMA Fighter at any time during the Relevant Time Period, broken down by Fighter, month and year and itemized by revenue source and line item;

h. total annual revenues derived from agreements with sponsors, and to the extent known, from agreements between MMA Fighters and sponsors, itemized by revenue source and line item;

i. total revenues derived from UFC Licensed Merchandise;

j. total revenues derived in any way from UFC Promotional Materials;

k. total revenues broken down by event;

l. total revenues derived by You from any companies in the MMA Industry, broken down by company and transaction or line item;

m. for each event or bout, the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription.

**REQUEST FOR PRODUCTION NO. 12**

Documents and data in as granular form as it is maintained sufficient to show any and all compensation Zuffa paid to any and all MMA Fighters (including any payments made to others for the benefit of, or on behalf of, MMA Fighters), broken down by Fighter, event ("event compensation"), and itemized by all relevant categories, including, date, check or other payment method, and transaction, as follows:

a. base salary, payment or compensation;

17

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

b.      bonuses or any kind (including, but not limited to, any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses);

c.      broadcast royalties;

d.      Pay-Per-View shares;

e.      any and all other forms of payment or compensation not covered above.

**REQUEST FOR PRODUCTION NO. 13**

Documents and data in as granular form as it is maintained sufficient to show total non-event compensation (*i.e.*, all compensation or beneficial payments to or on behalf of Fighters not included in Your answer to Request No. 12 above) You paid to each MMA Fighter at any time during the Relevant Time Period, broken down by Fighter, and itemized by all relevant categories, including, date, check or other payment method, and transaction, as follows:

a.      total compensation paid to each and every MMA Fighter at any time during the Relevant Time Period, derived in any way from that MMA Fighter's Promotional and Ancillary Rights Agreement, broken down by source, month and year;

b.      total compensation paid to all each and every MMA Fighter at any time during the Relevant Time Period, derived in any way from that MMA Fighter's Merchandise Rights Agreement, broken down by source, month and year;

c.      total compensation paid to each and every MMA Fighter at any time during the Relevant Time Period, derived from any source not covered in subsections a. and b. above, broken down by Fighter, source, month and year.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show Your actual costs, in as granular form as the information is maintained, but at all events on a monthly basis, including without limitation:

a.      Your actual costs for presenting UFC bouts, in as granular form as possible, including without limitation venue costs, promotional costs, travel costs,

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
18
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

advertising costs, compensation for Fighters, insurance costs, and all other costs incidental to presenting and promoting bouts;

b.  Your actual costs involved in promoting the UFC as a brand, including advertising expenses; development of UFC trademarks and logos; and legal fees expended in protecting the UFC's purported intellectual property rights;

c.  Your actual costs involved in developing and promoting merchandising of UFC Licensed Merchandise based on the Identities of the UFC Fighters;

d.  all other costs in an itemized fashion.

**REQUEST FOR PRODUCTION NO. 15**

All Documents created, produced, published or issued by third party analysts or consultants regarding Zuffa and the MMA Industry, including without limitation, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to MMA bouts, Merchandise Rights in the MMA Industry, or Promotional and Ancillary Rights in the MMA Industry.

**REQUEST FOR PRODUCTION NO. 16**

All Documents referencing or relating to, comparing, or analyzing (a) athlete compensation models, (b) athlete compensation levels, and/or (c) athlete contracts and/or agreements of (i) different MMA Promoters and promotion entities, and/or of (ii) different professional sports, including without limitation, MMA, boxing, pro wrestling, football, basketball, tennis, golf, hockey, soccer and baseball.

**REQUEST FOR PRODUCTION NO. 17**

All Documents referencing or relating to agreements and negotiations between You and any MMA Promoter regarding the acquisition of assets, income, or equity interests of any MMA Promoter, regardless of whether the negotiations resulted in executed agreements, including without limitation Communications, strategy documents, projections, cost-benefit analyses, cost estimates, and all agreements or contracts (and any amendments thereto), and including Documents sufficient to identify each Person involved in approving or negotiating the terms of any agreements or potential agreements for the acquisition or potential acquisition of assets, income or equity interests of any MMA Promoter.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
19
Plaintiffs' First Requests For Production Of Documents

**REQUEST FOR PRODUCTION NO. 18**

All Documents referencing or relating to Flash Entertainment, a wholly-owned subsidiary of the Government of the Emirate of Abu Dhabi ("Flash"), including, without limitation, Zuffa's relationship with Flash, the sale of equity in Zuffa to Flash, Flash's ownership share in Zuffa, distributions or income paid to Flash, loans made by Flash, and the beneficial ownership of Flash.

**REQUEST FOR PRODUCTION NO. 19**

Documents sufficient to Identify each person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC, and:

    a.    all Documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

    b.    for each year in the Relevant Time Period, Documents sufficient to Identify the individual shares of the market or markets in which you participate, for the UFC and each of Your actual or potential competitors, measured as a percentage of total sales in dollars (including income from all sources mentioned in Request No. 11, above) and as a percentage of total events produced, broken down by region (US, North America, South America, Europe, Asia, and any others);

    c.    all Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC and by any of its actual and potential competitors, including compensation for fighting in bouts, promoting bouts, merchandising, appearances in film, television and video games, and other all other sources of compensation; and

    d.    all Documents discussing the business models or other aspects of actual or potential competitors of the UFC. Responsive Documents include any materials relating to comparisons of fighter compensation by the UFC relative to actual or potential competitors, marketing strategies, sponsorships, or broadcast and/or PPV distribution capabilities.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
20
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 20**

All Documents, from 1993 to present, discussing, evaluating, or analyzing actual or proposed contractual terms or provisions, or model contractual terms or provisions, for use in Promotional and Ancillary Rights Agreements, Merchandise Rights Agreements, side-letter agreements, or any other types of agreements between You and any MMA Fighter, including all Documents discussing or reflecting the financial, economic or competitive effects of such actual or potential contracts or agreements. Responsive Documents include without limitation all Communications, studies, analyses, memoranda or other Documents referencing or relating to the effects of such contractual provisions on:

     a.   Your profitability;

     b.   Your ability to compete in the market for promoting Professional MMA Bouts;

     c.   Your ability to compete in the business of promoting MMA bouts and for the services of MMA fighters or in any other market in which You compete;

     d.   the compensation You paid to MMA Fighters; or

     e.   any actual or potential competitor and that competitor's ability to compete with the UFC.

**REQUEST FOR PRODUCTION NO. 21**

All Documents referencing or relating to any agreements or contracts (and any amendments thereto) entered into between You and any MMA Fighter, including, without limitation, all contracts and agreements between You and any MMA Fighter and all communications and/or negotiations with such MMA Fighters or their agents, managers, or representatives, any internal Documents referencing or relating to such agreements or negotiations, and any documents prepared by or sent to any Person outside Zuffa that reference or relate to such agreements or negotiations.

**REQUEST FOR PRODUCTION NO. 22**

All Documents referencing or relating to the drafting or editing of, justifications for, and the reasoning behind, the following provisions in Your contracts and agreements with any MMA Fighters, including, without limitation, Promotional and Ancillary Rights Agreements, Merchandise Rights Agreements, "side letters" and/or letter agreements:

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

a. any clauses providing for exclusivity or an exclusive relationship with the UFC of any kind and for any term or any clauses that restrict a Fighter from fighting for a rival Promoter or participate in any other fighting competition, including, without limitation, provisions that grant Zuffa the exclusive right to promote a Fighter's bouts or restrict a Fighter's ability to render services to or for another MMA Promoter or participate in any other fighting competition;

b. any clauses, in sum or substance, extending the term of an MMA Fighter's promotional agreement based upon being recognized as "Champion" in any weight division;

c. any clauses granting, in sum or substance, the "Right of First Offer" or the "Right to Match" the financial terms and conditions of any offer made to any MMA Fighter to render services or fight in bouts promoted by another MMA Promoter;

d. any clauses granting Promotional and Ancillary Rights or Merchandise Rights to Zuffa;

e. any clauses requiring MMA Fighters to, in sum or substance, grant to the UFC the exclusive right to promote events, bouts, sponsors, or any other instance featuring an MMA Fighter;

f. any clauses granting to the UFC, in sum or substance, the right to extend the term;

g. any clauses granting, in sum or substance, the UFC discretion over sponsorship and endorsement approvals;

h. any clauses granting the UFC Merchandise Rights for MMA Fighters;

i. any clauses granting Zuffa the right to, in sum or substance, promote, appropriate, or utilize MMA Fighters' Identities or likenesses.

**REQUEST FOR PRODUCTION NO. 23**

All Documents reflecting or relating to studies or analyses of the effects of the contractual provisions identified in Request No. 22 on Your revenues, success, strategy, profitability or on the compensation You paid to MMA Fighters or anyone else.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
22
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 24**

All Documents reflecting or relating to the effects of any of the contractual provisions identified in Request No. 22 on any actual or potential competitor You identified in response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 25**

All Documents reflecting or relating to the administration, monitoring, auditing or enforcement or threatened enforcement of any of Your contracts with MMA Fighters and/or of any of the contractual provisions identified in Request No. 22.

**REQUEST FOR PRODUCTION NO. 26**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of each of Your contracts or agreements with any MMA Fighters.

**REQUEST FOR PRODUCTION NO. 27**

All Documents referencing or relating to agreements (and any amendments thereto) regarding venues for professional MMA bouts executed between You and any venue or owner, operator, agent or manager of any venue. The word venue as used here includes without limitation stadiums, arenas, auditoriums, gymnasiums, television studios and any other facilities utilized for the purposes of holding live professional MMA events, whether promoted by You or another promoter. Responsive Documents include, without limitation, communications and/or negotiations between You and any venue or owner, operator, agent or manager of any venue, draft agreements, proposals, presentations, and internal communications, memoranda, spreadsheets and analyses referencing or relating to such negotiation, regardless of whether the negotiation resulted in an executed agreement.

**REQUEST FOR PRODUCTION NO. 28**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements for the use of any venue for purposes of holding any live Professional MMA event.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
23
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 29**

All Documents referencing or relating to the drafting or editing of, justifications for, and the reasoning behind, the following provisions in Your agreements or potential agreements for the use of any venue for purposes of holding any live Professional MMA event:

      a.   any provisions that limit, restrict, or remove for any period of time the ability of the venue to host MMA events organized and/or promoted by an actual or potential competitor MMA Promoter;

      b.   any clauses prohibiting, restricting or limiting venues from staging live MMA events promoted by an MMA Promoter not owned or controlled by Zuffa.

**REQUEST FOR PRODUCTION NO. 30**

All agreements (and any amendments thereto) entered into by You and any other MMA Promoter (past or present) relating to an MMA Fighter's services or Identity.

**REQUEST FOR PRODUCTION NO. 31**

All Documents referencing or relating to any Communications and/or negotiations between You and any other MMA Promoter (past or present), relating to the provision of Professional MMA Fighter services or a Professional MMA Fighter's Identity, including negotiations which did not result in an agreement.

**REQUEST FOR PRODUCTION NO. 32**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services or a Professional MMA Fighter's Identity.

**REQUEST FOR PRODUCTION NO. 33**

All Documents referencing or relating to agreements (and any amendments thereto) entered into by You and any broadcaster of professional MMA events (including, e.g., cable, television, internet, PPV and online distribution), such as, without limitation, any communications and/or negotiations between You and any broadcaster of professional MMA events (including PPV and online distribution), including negotiations which did not result in an agreement.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

24

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 34**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any broadcaster of professional MMA events (including PPV and online distribution).

**REQUEST FOR PRODUCTION NO. 35**

All Documents referencing or relating to agreements (and any amendments thereto) entered into by You and any third party merchandisers or retailers selling MMA related merchandise, including, without limitation, all such agreements (and amendments thereto), all communications and negotiations with any third party merchandisers or retailers selling MMA related merchandise, including negotiations which did not result in an agreement.

**REQUEST FOR PRODUCTION NO. 36**

Documents sufficient to Identify each of Your Employees involved in formulating, negotiating or approving the terms of any agreements or potential agreements with any third party merchandisers or retailers selling MMA related merchandise.

**REQUEST FOR PRODUCTION NO. 37**

All Documents referencing or relating to agreements (and any amendments thereto) executed between You and any sponsors of the UFC or of the MMA Fighters under contract with the UFC, including, without limitation, Communications and/or negotiations between You and any sponsors of the UFC or of the MMA Fighters under contract with the UFC, including negotiations which did not result in an agreement.

**REQUEST FOR PRODUCTION NO. 38**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any sponsors of the UFC or the MMA Fighters under contract with the UFC.

**REQUEST FOR PRODUCTION NO. 39**

All Documents referring or relating to the UFC denying permission to, or otherwise discouraging, UFC Fighters from contracting or working with particular sponsors, banning or discouraging particular sponsors from contracting with UFC Fighters, banning or discouraging UFC

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

25

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Fighters from contracting with sponsors, or the UFC discussing and/or publicly proclaiming that MMA Fighters who contract with specific sponsors will either be fined, docked compensation, banned from the UFC or punished by the UFC in some other way.

**REQUEST FOR PRODUCTION NO. 40**

All Documents referencing, discussing, or relating to any MMA Fighter under contract with the UFC competing in a bout for an actual or potential rival MMA Promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to MMA Fighters and/or their managers or promoters associated with switching to an actual or potential rival, any requirements or obligations imposed by a contract between the UFC and MMA Fighters, and/or Documents concerning communications or negotiations between the UFC and MMA Fighters with respect to a switch or potential switch from the UFC to another actual or potential rival promotion.

**REQUEST FOR PRODUCTION NO. 41**

All Documents discussing or referencing Your analysis or interpretation of the role of managers, agents or other representatives of MMA Fighters.

**REQUEST FOR PRODUCTION NO. 42**

All Documents discussing or referencing compensation of managers, agents or other representatives of MMA Fighters.

**REQUEST FOR PRODUCTION NO. 43**

All Documents discussing or relating to Plaintiffs or any of their attorneys, managers, agents or other representatives.

**REQUEST FOR PRODUCTION NO. 44**

All Documents concerning any actual or potential attempt by MMA Fighters to unionize or organize into another form of collective or collective bargaining unit.

**REQUEST FOR PRODUCTION NO. 45**

All communications between You and anyone else, including members of the proposed Classes, referencing or relating to the allegations in the Complaints, including the filing of the Complaints, exclusive of any Communications protected by the Attorney/Client Privilege.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
26
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 46**

All Documents referencing or relating to indemnification (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of Your officers, including by way of example not limitation, indemnity agreements, joint defense agreements, judgment sharing agreements, tenders of defense, denials or reservations of rights.

**REQUEST FOR PRODUCTION NO. 47**

All Documents referencing, discussing, analyzing or relating to the recent NCAA antitrust litigation, *Keller v. Electronic Arts Inc., et al.*, case number 4:09-cv-01967-CW (N.D. Cal.), commonly referred to as *O'Bannon v. NCAA*, or simply the *NCAA* case or the *O'Bannon* case.

**REQUEST FOR PRODUCTION NO. 48**

All Documents referencing or relating to the creation and updating of any websites operated by or on behalf of Zuffa, including documents sufficient to Identify who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**REQUEST FOR PRODUCTION NO. 49**

All Documents referencing or relating to any Social Media accounts operated by or on behalf of Zuffa or any of its executives, agents or Employees, including Documents sufficient to Identify who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**REQUEST FOR PRODUCTION NO. 50**

All contracts or agreements between the UFC and any Social Media organization.

**REQUEST FOR PRODUCTION NO. 51**

All Documents referencing or relating to Communications between You and any of Your officers, managers, Employees or agents and Twitter and any of its officers, managers, employees or agents, including without limitation any Direct Messages in any Twitter account operated either by You or by Twitter, emails, letters, texts, faxes, and any diary entries, phone logs, cell phone records or other documents memorializing any telephone contact between You and Twitter.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

27

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 52**

All content posted to or deleted from any website or Social Media responsive to Plaintiffs' Requests for production and Interrogatories.

**REQUEST FOR PRODUCTION NO. 53**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any governmental agency or any entity responsible for regulation, supervision, licensing, permitting or safety of MMA bouts and fighters.

**REQUEST FOR PRODUCTION NO. 54**

All Documents provided to or received from any governmental agency (including any party to any proceeding or the Federal Trade Commission, Department of Justice, or member or committee of Congress or any state legislature or other state governmental body or agency), investigating or litigating Your business practices including any claims or investigations related to any alleged anticompetitive conduct.

**REQUEST FOR PRODUCTION NO. 55**

All Documents You produced in any disputes (including, without limitation, lawsuits, arbitrations, or other official or unofficial dispute resolution process) between You, one or more past or present MMA Fighters, or any MMA managers or agents that relate in any way to the UFC's contracts, including, without limitation, the contractual provisions Identified in Request No. 22 or competition in the MMA Industry.

**REQUEST FOR PRODUCTION NO. 56**

All Documents You produced in any disputes (including, without limitation, lawsuits, arbitrations, or other official or unofficial dispute resolution process) between You and any venue, sponsor, or actual or potential rival MMA Promoter concerning Your contracts with venues, sponsors, actual or potential rival MMA Promoters, or MMA Fighters, or concerning the MMA Industry.

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
28
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

1    **REQUEST FOR PRODUCTION NO. 57**

2    All transcripts of all depositions of UFC Employees, managers, members, and executives in

3    any dispute or proceeding Identified in Request Nos. 54-56 that relate in any way to the UFC's

4    contracts with any person or entity and/or competition in the MMA Industry.

5    **REQUEST FOR PRODUCTION NO. 58**

6    All Documents not otherwise responsive to any of these Requests relating to Your answers

7    to any of Plaintiffs' Interrogatories.

8    **REQUEST FOR PRODUCTION NO. 59**

9    All draft or executed declarations or statements, including from MMA Fighters, other third

10   parties, or present or former UFC executives, managers or Employees relating to the allegations in

11   Plaintiffs' Complaints, your defenses in this litigation, or to other matters involving alleged

12   violations of the antitrust laws.

13   Dated: April 26, 2015                           BERGER & MONTAGUE, P.C.

14                                                   By:        */s/ Eric L. Cramer*
                                                                Eric L. Cramer
15
                                                     Eric L. Cramer (*pro hac vice*)
16                                                   Michael Dell'Angelo (*pro hac vice*)
                                                     Patrick Madden (*pro hac vice*)
17                                                   BERGER & MONTAGUE, P.C.
                                                     1622 Locust Street
18                                                   Philadelphia, PA 19103
                                                     Telephone: (215) 875-3000
19                                                   Facsimile:  (215) 875-4604
                                                     ecramer@bm.net
20                                                   mdellangelo@bm.net
                                                     pmadden@bm.net
21
22                                                   Joseph R. Saveri (State Bar No. 130064)
                                                     Joshua P. Davis (State Bar No. 193254)
23                                                   Andrew M. Purdy (State Bar No. 261912)
                                                     Matthew S. Weiler (State Bar No. 236052)
24                                                   Kevin E. Rayhill (State Bar No. 267496)
                                                     JOSEPH SAVERI LAW FIRM, INC.
25                                                   505 Montgomery Street, Suite 625
                                                     San Francisco, California 94111
26                                                   Telephone:    (415) 500-6800
                                                     Facsimile:    (415) 395-9940
27                                                   jsaveri@saverilawfirm.com
                                                     jdavis@saverilawfirm.com
28                                                   apurdy@saverilawfirm.com
                                                     mweiler@saverilawfirm.com
                                                     krayhill@saverilawfirm.com

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

29

1

2
Benjamin D. Brown (State Bar No. 202545)
Richard A. Koffman (*pro hac vice*)

3
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC

4
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005

5
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699

6
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

7
hhafiz@cohenmilstein.com

8
Robert C. Maysey (State Bar No. 205769)
Jerome K. Elwell (*pro hac vice*)

9
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC

10
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016

11
Telephone: (602) 264-7101
Facsimile: (602) 234-0419

12
rmaysey@warnerangle.com
jelwell@warnerangle.com

13
Eugene A. Spector (*pro hac vice* pending)

14
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)

15
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.

16
1818 Market Street – Suite 2500
Philadelphia, PA  19103

17
Telephone:  (215) 496-0300
Facsimile:  (215) 496-6611

18
espector@srkw-law.com
jcorrigan@srkw-law.com

19
jcohen@srkw-law.com
wcaldes@srkw-law.com

20
Frederick S. Schwartz (State Bar No. 145351)

21
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040

22
Sherman Oaks, CA 91403
Telephone: (818) 986-2407

23
Facsimile:  (818) 995-4124
fred@fredschwartzlaw.com

24
*Attorneys for Individual and Representative*

25
*Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis
Javier Vazquez, Dennis Lloyd Hallman, Brandon*

26
*Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle
Kingsbury, and Darren Uyenoyama*

27

28

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD
30
PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5-5, I hereby certify that on April 26, 2015, I caused to be served a true and correct copy of the foregoing Plaintiffs' First Requests for Production of Documents Addressed to Defendant Zuffa, LLC to be served on the following counsel by way of electronic mail.

| | |
|---|---|
| William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave, NW,<br>Washington, DC 20015<br>wisaacson@bsfllp.com | John F. Cove, Jr.<br>BOIES, SCHILLER & FLEXNER LLP<br>1999 Harrison Street, Suite 900,<br>Oakland, CA 94612<br>jcove@bsfllp.com |
| Richard J. Pocker<br>BOIES, SCHILLER & FLEXNER LLP<br>300 South Fourth Street, Suite 800,<br>Las Vegas, NV 89101<br>rpocker@bsfllp.com | Donald J. Campbell<br>J. Colby Williams<br>CAMPBELL & WILLIAMS<br>700 South 7th Street, Las Vegas, Nevada 89101<br>djc@campbellandwilliams.com<br>jcw@campbellandwilliams.com |

*/s/ Eric L. Cramer*
Eric L. Cramer

5:14-cv-05484-EJD, 5:14-cv-05591-EJD
5:14-cv-05621-EJD, 5:15-cv-00521-EJD
5:15-cv-01324-EJD

CERTIFICATE OF SERVICE