**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*(Additional counsel appear on signature page)*

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo
Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury
and Darren Uyenoyama*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated, | Lead Case No.: 2:15-cv-01045-RFB-(PAL) |
| Plaintiffs, | Member Case Nos.: |
| | 2:15-cv-01046-RFB-(PAL) |
| v. | 2:15-cv-01055-RFB-(PAL) |
| | 2:15-cv-01056-RFB-(PAL) |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | 2:15-cv-01057-RFB-(PAL) |
| Defendant. | **PLAINTIFFS' NOTICE OF PROPOSED PROTECTIVE ORDER** |
| And Related Consolidated Cases | |

Plaintiffs, by and through their undersigned counsel, hereby file this Notice of Proposed

Protective Order, as ordered by the Court at the hearing held July 28, 2015 and documented by the

minutes of that hearing, Doc.#139. Having met and conferred with Defendant Zuffa, LLC, d/b/a Ultimate

Fighting Championship and UFC ("Zuffa") by telephone and over e-mail, the parties have made

substantial progress. There are however, a few differences between the parties concerning the form of [Proposed] Protective Order. Those differences require explanation and presentation of authority for the view advanced by Plaintiffs. These differences are summarized below.

## INTRODUCTION

Plaintiffs and Zuffa have exchanged several draft protective orders and have met and conferred regarding their differences in their drafts. Through this process, the parties have narrowed their differences to one issue.

The only remaining issue is that Zuffa wants to insert a broad "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" provision in the protective order. Such a provision is unnecessary and would impose a number of burdens and costs on Plaintiffs and may create opportunities for strategic behavior by Zuffa. As demonstrated below, Zuffa does not meet its burden in showing that any threat to its interests requires an "attorneys' eyes only" provision. This is not litigation between competitors. Nor is there any intellectual property or "secret sauce" that is at issue here. Instead, the "attorneys' eyes only" provision is an overreach on behalf of Zuffa, who is seeking to burden Plaintiffs and their attorneys, and in particular one of Plaintiffs' attorneys who has been an outspoken advocate for MMA fighters, with a blanket "attorneys' eyes only" provision.  Such a provision is both unnecessary and rife with potential for over-designation.

## BACKGROUND

Zuffa has proposed an unusual special "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation in the Protective Order that would apply to "extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential information directly concerning business plans, strategies, revenues or costs, disclosure of which to another Party or Non-Party would create a substantial risk of significant competitive or business injury to the Designating Party that could not be avoided by less restrictive means." Zuffa [Proposed] Order ¶ 2.7.

Further, Zuffa proposes restrictions on this purportedly "Highly Confidential" information, including that ***Plaintiffs*** be prevented from viewing materials so designated, as well as the following broad categories of persons (1) "anyone who has served or anticipates serving as an agent for any athlete in contract negotiations with any sports promoter or league," and (2) "anyone who has served in any

capacity with, or has attempted to form, any entity, association, or organization that has sought to or does collectively represent athletes in licensing, or in the formation of a union or association, including but not limited to the entity that calls itself the Mixed Martial Arts Fighters Association." Zuffa [Proposed] Order ¶ 7.3.

In meeting and conferring with Plaintiffs, Zuffa stated that the restrictions on agents and collective fighter representation is Zuffa's response by the efforts of one of Plaintiffs' counsel, Robert C. Maysey, who has advocated for group licensing by MMA athletes, including those who fight for the UFC, as well as Zuffa's erroneous contention that a partner in Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, Neal Tabachnick, who is not counsel of record in this case, has been an agent of UFC fighters in the past. *See* Exhibit 1 (August 25, 2015 Letter from M. Dell'Angelo to J. Cove). Apparently, Zuffa views this as problematic and wishes to use this litigation to discourage it.

The [Proposed] Protective Order otherwise agreed to by the parties already contains a restriction that prevents any party or attorney from using Protected Material for purposes other than litigating this case: "A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation." 7.1. In light of this provision, which binds Messrs. Maysey and Tabachnick (and all other attorneys in the case), the proposed "attorneys' eyes only" provision is wholly unnecessary.

## ARGUMENT

Under Federal Rule 26(c)(7), "district courts [have] broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to trade secrets, or other confidential research, development, or commercial information. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The district court has discretion to fashion a protective order that is appropriate and to decide what level of protection is necessary, and it is Zuffa's burden to show that a heightened level of protection is necessary in this matter. *Calilung v. Ormat Indus., Ltd.*, 2015 U.S. Dist. LEXIS 88014, *4-5 (D. Nev. July 7, 2015) ("It is the burden of the party seeking a heightened level of confidentiality to demonstrate that the trade secret or other confidential information — if disclosed — would harm that party's interests."); *see also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 459-60 (C.D. Cal. 2002); *accord United States ex rel. Daugherty v. Bostwick Labs.*, 2013 U.S. Dist. LEXIS 89683, *27-29,

2013 WL 3270355 (S.D. Ohio June 24, 2013) ("Consistent with applicable law, a party designating information as Attorneys' Eyes Only ultimately bears the burden of justifying that designation to the Court, limiting any incentive by the Parties to 'over-designate' materials as 'Attorneys' Eyes Only.'"). Only if Zuffa could show that its interests are ***actually threatened*** in the litigation does the burden shift to Plaintiffs to demonstrate that an "attorneys' eyes only" designation is improper. *Calilung*, 2015 U.S. Dist. LEXIS at \*5. Zuffa does not—and cannot—do so.

A request for a blanket "attorneys' eyes only" order must be denied where, as here, "[d]efendant['s] current filings provide the Court no basis for determining whether particular documents or categories of discovery information in fact fall within the scope of Rule 26(c)(7), or otherwise merit the entry of an attorneys' eyes only order." *Klayman v. Judicial Watch*, 247 F.R.D. 19, 24 (D.D.C. 2007).

### 1.    Zuffa Does Not Show That an Attorneys' Eyes Only Designation Is Warranted.

Zuffa fails to identify any interest that could reasonably require an "attorneys' eyes only" designation here.. Zuffa identifies only its general business concerns, such as "trade secrets," "costs," and "revenue," and unspecified business "strategies" as the interests that warrant protection. Zuffa provides no further description or definition of these interests.  This antitrust litigation is not an action between competitors, nor are there trade secrets or intellectual property rights at issue in this litigation that could place any of Plaintiffs at a competitive advantage to Zuffa after this litigation has concluded. Zuffa does not say this litigation is a sham, intended to obtain trade secrets or similarly protected information (there is now) and Zuffa's failure to identify any specific category of such information is fatal to their request. *See Calilung*, 2015 U.S. Dist. LEXIS 88014, at \*5 ("The court is not convinced that a standard two-tiered "attorney's eyes only" designation is appropriate in this case. This is not a dispute between competitors over a patent infringement or trade secrets, which typically require 'attorney's eyes only' designation in protective orders."); *cf. United States ex rel. Daugherty v. Bostwick Labs.*, 2013 U.S. Dist. LEXIS 89683, \*31, 2013 WL 3270355 (S.D. Ohio June 24, 2013) ("Courts have routinely recognized that *when parties compete in the same industry*, an Attorneys' Eyes Only designation strikes the appropriate balance between a litigant's right to relevant discoverable information and the legitimate concerns surrounding disclosure of highly confidential and sensitive information to a direct competitor.") (emphasis added).

Rather than protect some identifiable business interest, intellectual property, or information, Zuffa seeks to use this protective order to chill Mr. Maysey's advocacy for fighters' rights and unduly burden Plaintiffs' prosecution of this matter. Although they may represent an understandable attempt to thwart long-time critics, none of the concerns in Zuffa's protective order warrant the two-tier system proposed.

### a. Zuffa's Attempt to Restrict Mr. Maysey's Advocacy Is Improper.

Zuffa's attempt to prevent Robert C. Maysey, one of Plaintiffs' counsel of record, from viewing "highly confidential" materials should be rejected. Having represented MMA athletes in litigation for over ten years, Mr. Maysey has extensive knowledge of the MMA industry. Declaration of Robert C. Maysey, ¶ 1. Mr. Maysey is the principal client liaison in this litigation due to his extensive contacts with MMA fighters, was involved in all aspects of researching and drafting the operative complaints, and has contributed to all pleadings, motions, and briefs filed in this antitrust litigation. *Id.* Zuffa has not even suggested that Mr. Maysey is serving Plaintiffs as anything other than their litigation counsel, and Plaintiffs are aware of no precedent for Zuffa's attempt to prevent Plaintiffs' trial counsel from viewing "highly confidential" information. *See In re World Trade Ctr. Disaster Site Litig.*, 2008 U.S. Dist. LEXIS 20984, *45, 2008 WL 728871 (S.D.N.Y. Mar. 18, 2008) (striking "restriction placed on outside counsel" as "unnecessarily restrictive").

Zuffa has cited Mr. Maysey's involvement in the Mixed Martial Arts Fighters Association ("MMAFA") as a basis to exclude him from "highly confidential" materials. Mr. Maysey founded the MMAFA in 2006, as a way of establishing improvements in the economic, physical and health and safety conditions of mixed martial artists, coaches and trainers. Maysey Decl., ¶ 2. Mr. Maysey does not own the MMAFA, does not "head" the MMAFA, and does not profit from the MMAFA. Mr. Maysey is not a member of the MMAFA. Id., ¶ 3. Id., ¶ 2.

Zuffa's concern that Mr. Maysey is in some way a competitor due to his connection to MMAFA is completely unfounded. Indeed, Mr. Maysey is not a member of the Association, nor does he own it. Mr. Maysey's advocacy amounts to speech protected by the First Amendment in communicating ideas. Mr. Maysey has advocated, for years, for the formation of a MMAFA to establish improvements in the economic, physical and health and safety conditions of employment for mixed martial artists, coaches and trainers. Athletes will decide whether the benefits of group licensing in the marketplace is a

worthwhile endeavor for them to pursue. In this suit, Plaintiffs allege the UFC has expropriated Plaintiffs' identity rights, signed sponsors to its own deals, and blocked class members' sponsorship opportunities through the use of exclusive contracts. See Le Complaint ¶¶ 123, 126, 151, 160. Mr. Maysey's advocacy does not justify the draconian restriction Zuffa seeks to impose on one of Plaintiffs' counsel of record.  In fact, the UFC has disclaimed that the activities relating to athlete sponsorship would compete with the UFC, stating in connection with its uniform deal with Reebok that like other sports, athletes must wear the uniform in competition but are free to get their own sponsors outside of competition. *See* Maysey Declaration, Exhibit 1. Whether those sponsors come individually or on behalf of an association owned and controlled by the athletes is immaterial.  Zuffa's contention that Mr. Maysey is in some way a competitor is completely unsubstantiated, baseless, and is an effort to deprive Plaintiffs' of counsel of their choosing.

Notwithstanding these facts, Zuffa seeks to prevent any person who "sought to or does collectively represent athletes in licensing, or in the formation of a union or association, including but not limited to the entity that calls itself the Mixed Martial Arts Fighters Association [MMAFA]." Zuffa [Proposed] Order ¶ 7.3. Although Mr. Maysey is not mentioned by name, there can be no doubt that this provision is intended to deprive Plaintiffs' of Mr. Maysey's expertise in the MMA industry in prosecuting this litigation. See Exhibit 2 [Letter from J. Cove to M. Dell'Angelo Dated Aug. 26, 2015].

Although it is clear that the UFC would prefer that its fighters should have no voice, the UFC has not shown that either the MMAFA or Mr. Maysey is the type of threat (or any threat at all) that requires an "attorneys' eyes only" designation. In connection with its request to exclude Mr. Maysey, the UFC sent Plaintiffs a number of news articles where Mr. Maysey is an outspoken critic of the UFC and its practices. *See* Exhibit 3 [Email from P. Grossman to M. Dell'Angelo et al. Dated Aug. 21, 2015 and attachments]. None of these materials show that the MMAFA or Mr. Maysey is a competitor, or a threat to the UFC such that disclosure of the UFC's business practices in this litigation would harm the UFC beyond the intentions of this lawsuit. Indeed, Zuffa has stated that its desire to exclude Mr. Maysey is not based on his association with MMAFA per se, but on his "advising others in a way that would be adverse to Zuffa's commercial or business interests." See Exhibit 2. Were this the standard to exclude counsel from reviewing "highly confidential" materials in an antitrust case, no outside lawyer would be able to

review such materials, because antitrust litigation ipso facto is adverse to a defendant's "commercial or business interests."

### b.     Zuffa's Restriction On Athlete Representation Is Unduly Draconian.

Along with an unnecessary limitation on persons who have been associated with the MMAFA, Zuffa seeks to prevent access to documents by anyone who "has served in *any capacity* with" any "organization that has sought to or does collectively represent *athletes* in licensing, or in the formation of a union or association." Zuffa [Proposed] Protective Order at ¶ 7.3 (emphasis added). This limitation would sweep much ever more broadly than the mixed martial arts competitors, and would potentially apply to any attorney who has represented athletes or unions, however remote from the UFC. There is no justification for this overbroad restriction.

### c.     Zuffa's Concerns With Agents Are Not Implicated

Nor does Zuffa's reference to "agents" for MMA fighters justify the "attorneys' eyes only" provision it seeks to impose. This term is undefined and could include a variety of personal and tactical circumstanced unrelated to the purposed interests at stake. None of the undersigned counsel representing Plaintiffs currently serve as agents for MMA fighters. One attorney identified by Zuffa, Mr. Neal Tabachnick of the Wolf Rifkin firm's Los Angeles office, formerly performed legal work for MMA fighters, but is not counsel of record in this matter, has never served as an agent for UFC or MMA fighters, will not be representing Plaintiffs in this litigation, and has been "firewalled" from receiving discovery materials in this litigation. *See* Exhibit 5 [Email from M. Weiler to J. Cove Dated Aug. 27, 2015].

The agreed upon provisions of the Protective Order include a requirement that the materials produced in this litigation be used for no other purpose. Plaintiffs' Protective Order ¶ 7.1. This provision is more than enough assurance that Zuffa's documents will not be used for improper purposes. *See Arnold v. Cargill Inc.*, 2002 U.S. Dist. LEXIS 15952, at *7, 2002 WL 1949911 (D. Minn. Aug. 19, 2002) ("Plaintiffs' failure to abide by the terms of the Protective Order could result in sanctions including, but not limited to, fines, attorney fees, resulting damages, and, ultimately, exclusion of evidence at trial. These protections are sufficient to protect Defendant from Plaintiffs' potential misuse" of protected materials).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### d.   Plaintiffs Should Not Be Restricted From Viewing "Highly Confidential" Material

While Zuffa has provided a stated basis , for their attempts to shield "highly confidential" materials from Mr. Maysey and agents, Zuffa has provided *no* basis to interfere with Plaintiffs' counsel's duty to engage their clients and keep them informed about the litigation.

"District courts must be [] chary of issuing protective orders that restrict the ability of counsel and client to consult with one another during trial or during the preparation therefor." *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C. Cir. 1983). Ethical rules manifest this bedrock principle. In Nevada, an attorney has an ethical duty to consult with the client about the client's objectives, as well as the means to accomplish those objectives; to keep the client reasonably informed about the matter; and to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. *See* Nevada Rules of Professional Conduct R. 1.4(a)—(b).[1] The lynchpin of an attorney-client relationship is communication, including an open and honest assessment of the evidence, and ethical rules embody this ideal by mandating communication. *See*, *e.g.*, ABA Model Rules of Professional Conduct R.1.4 cmt.1. The commentary to ABA Model Rule 1.4 further codifies the importance of client participation, suggesting that the client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued. ABA Model Rules of Professional Conduct R.1.4 cmt. 5. Plaintiffs' counsel here should not be hampered by any restriction on what materials can be disclosed or discussed during the course of this litigation, as it not only deprives Plaintiffs of meaningfully exercising their petition rights, but it impinges the ethical duty of communication that is a bedrock principle of the attorney-client relationship.

This is particularly true in the context of class litigation under Rule 23. The proposed class representatives are charged not only with protecting their own interests but with safeguarding the interests of absent class members. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. Cal. 1998) ("To satisfy constitutional due process concerns, absent class members must be afforded adequate

---

[1] The ethical rules discussed herein are collected and attached as Exhibit 4.

representation before entry of a judgment which binds them"); *see also Godson v. Eltman*, 2013 U.S. Dist. LEXIS 129988, *9-10, fn. 1, 2013 WL 4832715 (W.D.N.Y. Sept. 11, 2013) ("plaintiff must have access to sufficient information to make informed decisions regarding the potential value of this action.") Plaintiffs cannot competently carry out their responsibilities under Rule 23 if they are denied access to key documents and information in the case, thereby preventing them from fully informed participation in key decisions regarding the litigation and potential resolution of this matter.

### 2. "Highly Confidential" Restriction is Overbroad.

In addition, the "Highly Confidential" designation Zuffa seeks to require isvague, overbroad, and unmanageable. Courts reject "broad language used to describe Highly Confidential" information because of the burden it places on litigants and the risk of over-designation. *Dysthe v. Basic Research, L.L.C.*, 2011 U.S. Dist. LEXIS 36754, *4-5 (C.D. Cal. Apr. 5, 2011). Courts require specificity in ***both*** the ***description*** of the "highly confidential" material, and the ***rationale*** for such designation: "If information or documents are to be withheld from a party or client's review, then there must be an extremely well-defined reason for the withholding (i.e., the specific harm that would result based upon the type of document) and the group of documents to be withheld must be narrowly defined." *Id.* at *5. The language in the protective order in *Dysthe* is similar to that used here, in that it fails to identify sensitive materials with particularity: "It is not sufficient to define 'Highly Confidential Material' as 'any non-public personal information or any Material that the Producing Party reasonably and in good faith believes to be extremely sensitive confidential, proprietary, and/or trade secret information the disclosure of which, even if limited to the disclosure restrictions on Confidential Material permitted by this Protective Order, would jeopardize or threaten to jeopardize the Producing Party's business interests.'" *Id.* at *4.

The "Highly Confidential" designation advanced by Zuffa is amorphous and limitless. It would apply to run-of-the-mill business documents. Zuffa seeks to designate as "Highly Confidential" "trade secrets or other highly confidential information directly concerning business plans, strategies, revenues or costs." Practically ***any*** aspect of Zuffa's operations would be covered by this designation therefore creating the likelihood of overdesignation of material in this special "Highly Confidential" category. Accordingly, the Court should reject the overbroad description provided by Zuffa.

1

## **CONCLUSION**

2

As the "attorneys' eyes only" provision in Zuffa's [Proposed] Protective Order is not warranted,

3

because there is no underlying justification for it, and because the "Highly Confidential" designation is

4

overbroad, the Court should enter the Protective Order provided by Plaintiffs.

5

Dated: August 27, 2015

By:    _____/s/ Eric L. Cramer_____
                      Eric L. Cramer

6

7

Eric L. Cramer (*pro hac vice* pending)
Michael Dell'Angelo (*pro hac vice* pending)
Patrick Madden (*pro hac vice* pending)

8

BERGER & MONTAGUE, P.C.
1622 Locust Street

9

Philadelphia, PA 19103

10

Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604

11

ecramer@bm.net
mdellangelo@bm.net

12

pmadden@bm.net

13

By:    _____/s/ Benjamin D. Brown_____
                      Benjamin D. Brown

14

15

Benjamin D. Brown (*pro hac vice* pending)
Richard A. Koffman (*pro hac vice* pending)

16

Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower

17

Washington, DC 20005

18

Telephone: (202) 408-4600
Facsimile:   (202) 408 4699

19

bbrown@cohenmilstein.com
hhafiz@cohenmilstein.com

20

21

22

23

24

25

26

27

28

By: _____/s/ Joseph R. Saveri_____
            Joseph R. Saveri

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri (*pro hac vice* pending)
Joshua P. Davis (*pro hac vice* pending)
Matthew S. Weiler (*pro hac vice* pending)
Kevin E. Rayhill (*pro hac vice* pending)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Court Appointed Lead Counsel*

By: _____/s/ Don Springmeyer_____
            Don Springmeyer

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

By: _____/s/ Robert C. Maysey_____
            Robert C. Maysey

Robert C. Maysey (*pro hac vice* pending)
Jerome K. Elwell (*pro hac vice* pending)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

PLAINTIFFS' NOTICE OF FILING [PROPOSED] PROTECTIVE ORDER

By:       */s/ Jay S. Cohen*
           Jay S. Cohen

Eugene A. Spector (*pro hac vice* pending)
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
bcaldes@srkw-law.com

By:       */s/ Frederick S. Schwartz*
           Frederick S. Schwartz

Frederick S. Schwartz (*pro hac vice* pending)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile:   (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry and Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Darren Uyenoyama*

PLAINTIFFS' NOTICE OF FILING [PROPOSED] PROTECTIVE ORDER

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of August, 2015, a true and correct copy of **PLAINTIFFS'**

**NOTICE OF PROPOSED PROTECTIVE ORDER** was served via the United States District Court

CM/ECF system on all parties or persons requiring notice.


By   /s/ Christie Rehfeld
‎      Christie Rehfeld, an Employee of
‎      WOLF, RIFKIN, SHAPIRO, SCHULMAN &
‎      RABKIN, LLP