EXHIBIT "4"

EXHIBIT "4"

Nevada Rules of Professional Conduct

Page 5 of 29

Case 2:15-cv-01045-RFB-BNW   Document 158-4   Filed 08/27/15   Page 2 of 6
Case 3:14-cv-00325-RCJ-VPC   Document 134-14   Filed 06/18/15   Page 5 of 29

Rule 1.0A is a Nevada-specific Rule. The language at the beginning of the Rule is based on former Supreme Court Rule 150(2). Paragraphs (a)-(d) incorporate language from paragraphs 14, 17, 19, and 20 of the Scope section of the ABA Model Rules.

## CLIENT-LAWYER RELATIONSHIP

**Rule 1.1. Competence.** A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
 [Added; effective May 1, 2006.]

### MODEL RULE COMPARISON—2006

Rule 1.1 (formerly Supreme Court Rule 151) is the same as ABA Model Rule 1.1.

**Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer.**
 (a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decision concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.
 (b) A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.
 (c) A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.
 (d) A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

### COMMENT

 [1] A lawyer may counsel a client regarding the validity, scope, and meaning of Nevada Constitution Article 4, Section 38, and NRS Chapter 453A, and may assist a client in conduct that the lawyer reasonably believes is permitted by these constitutional provisions and statutes, including regulations, orders, and other state or local provisions implementing them. In these circumstances, the lawyer shall also advise the client regarding related federal law and policy.
 [Added; effective May 1, 2006; as amended; effective May 7, 2014.]

### MODEL RULE COMPARISON—2006

Rule 1.2 (formerly Supreme Court Rule 152) is the same as ABA Model Rule 1.2.

**Rule 1.3. Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client.
 [Added; effective May 1, 2006.]

### MODEL RULE COMPARISON—2006

Rule 1.3 (formerly Supreme Court Rule 153) is the same as ABA Model Rule 1.3.
**Rule 1.4. Communication.**
 (a) A lawyer shall:
   (1) Promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required by these Rules;
   (2) Reasonably consult with the client about the means by which the client's objectives are to be accomplished;
   (3) Keep the client reasonably informed about the status of the matter;
   (4) Promptly comply with reasonable requests for information; and
   (5) Consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
 (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
 (c) **Lawyer's Biographical Data Form.** Each lawyer or law firm shall have available in written form to be provided upon request of the State Bar or a client or prospective client a factual statement detailing the background, training and experience of each lawyer or law firm.
   (1) The form shall be known as the "Lawyer's Biographical Data Form" and shall contain the following fields of information:
     (i) Full name and business address of the lawyer.
     (ii) Date and jurisdiction of initial admission to practice.
     (iii) Date and jurisdiction of each subsequent admission to practice.
     (iv) Name of law school and year of graduation.
     (v) The areas of specialization in which the lawyer is entitled to hold himself or herself out as a specialist under the provisions of Rule 7.4.

Nevada Rules of Professional Conduct Page 6 of 29
Case 2:15-cv-01045-RFB-BNW Document 158-4 Filed 08/27/15 Page 3 of 6
Case 3:14-cv-00325-RCJ-VPC Document 134-14 Filed 06/18/15 Page 6 of 29

 (vi) Any and all disciplinary sanctions imposed by any jurisdiction and/or court, whether or not the lawyer is licensed to practice law in that jurisdiction and/or court. For purposes of this Rule, disciplinary sanctions include all private reprimands imposed after March 1, 2007, and any and all public discipline imposed, regardless of the date of the imposition.
 (vii) If the lawyer is engaged in the private practice of law, whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier.
  (2) Upon request, each lawyer or law firm shall provide the following additional information detailing the background, training and experience of each lawyer or law firm, including but not limited to:
   (i) Names and dates of any legal articles or treatises published by the lawyer, and the name of the publication in which they were published.
   (ii) A good faith estimate of the number of jury trials tried to a verdict by the lawyer to the present date, identifying the court or courts.
   (iii) A good faith estimate of the number of court (bench) trials tried to a judgment by the lawyer to the present date, identifying the court or courts.
   (iv) A good faith estimate of the number of administrative hearings tried to a conclusion by the lawyer, identifying the administrative agency or agencies.
   (v) A good faith estimate of the number of appellate cases argued to a court of appeals or a supreme court, in which the lawyer was responsible for writing the brief or orally arguing the case, identifying the court or courts.
   (vi) The professional activities of the lawyer consisting of teaching or lecturing.
   (vii) The names of any volunteer or charitable organizations to which the lawyer belongs, which the lawyer desires to publish.
   (viii) A description of bar activities such as elective or assigned committee positions in a recognized bar organization.
  (3) A lawyer or law firm that advertises or promotes services by written communication not involving solicitation as prohibited by Rule 7.3 shall enclose with each such written communication the information described in paragraph (c)(1)(i) through (v) of this Rule.
  (4) A copy of all information provided pursuant to this Rule shall be retained by the lawyer or law firm for a period of 3 years after last regular use of the information.
 [Added; effective May 1, 2006; as amended; effective November 21, 2008.]

**MODEL RULE COMPARISON—2007**

 Rule 1.4 (formerly Supreme Court Rule 154) is the same as ABA Model Rule 1.4, except that the 2007 amendments include language in paragraph (c) that was previously part of repealed Rule 7.2A(a) through (d) and (f) (formerly Supreme Court Rule 196.5) which is Nevada-specific language and has no counterpart in the Model Rules.

**Rule 1.5. Fees.**
 (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
  (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
  (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
  (3) The fee customarily charged in the locality for similar legal services;
  (4) The amount involved and the results obtained;
  (5) The time limitations imposed by the client or by the circumstances;
  (6) The nature and length of the professional relationship with the client;
  (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
  (8) Whether the fee is fixed or contingent.
 (b) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.
 (c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing, signed by the client, and shall state, in boldface type that is at least as large as the largest type used in the contingent fee agreement:
  (1) The method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal;
  (2) Whether litigation and other expenses are to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated;
  (3) Whether the client is liable for expenses regardless of outcome;
  (4) That, in the event of a loss, the client may be liable for the opposing party's attorney fees, and will be liable for the opposing party's costs as required by law; and
  (5) That a suit brought solely to harass or to coerce a settlement may result in liability for malicious prosecution or abuse of process.
Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.
 (d) A lawyer shall not enter into an arrangement for, charge, or collect:

Rule 1.4: Communications | The Center for Professional Responsibility Page 1 of 1

Case 3:15-cv-01045-REB-BNW Document 158-4 Filed 08/27/15 Page 1 of 6
Case 3:14-cv-00528-RCJ-VPC Document 53-4 Filed 06/18/15 Page 1 of 6

Home > ABA Groups > Center for Professional Responsibility > Publications > Model Rules of Professional Conduct > Rule 1.4: Communications

## Rule 1.4: Communications

*Client-Lawyer Relationship*
**Rule 1.4 Communication**

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Comment | Table of Contents | Next Rule

Home > ABA Groups > Center for Professional Responsibility > Publications > Model Rules of Professional Conduct > Rule 1.4: Communications > Comment on Rule 1.4

## Comment on Rule 1.4

### *Client-Lawyer Relationship*
### Rule 1.4 Communication - Comment

[1]  Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation.

**Communicating with Client**

[2]  If these Rules require that a particular decision about the representation be made by the client, paragraph (a)(1) requires that the lawyer promptly consult with and secure the client's consent prior to taking action unless prior discussions with the client have resolved what action the client wants the lawyer to take. For example, a lawyer who receives from opposing counsel an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case must promptly inform the client of its substance unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer. See Rule 1.2(a).

[3] Paragraph (a)(2) requires the lawyer to reasonably consult with the client about the means to be used to accomplish the client's objectives. In some situations — depending on both the importance of the action under consideration and the feasibility of consulting with the client — this duty will require consultation prior to taking action. In other circumstances, such as during a trial when an immediate decision must be made, the exigency of the situation may require the lawyer to act without prior consultation. In such cases the lawyer must nonetheless act reasonably to inform the client of actions the lawyer has taken on the client's behalf.  Additionally, paragraph (a)(3) requires that the lawyer keep the client reasonably informed about the status of the matter, such as significant developments affecting the timing or the substance of the representation.

[4]  A lawyer's regular communication with clients will minimize the occasions on which a client will need to request information concerning the representation. When a client makes a reasonable request for information, however, paragraph (a)(4) requires prompt compliance with the request, or if a prompt response is not feasible, that the lawyer, or a member of the lawyer's staff, acknowledge receipt of the request and advise the client when a response may be expected. A lawyer should promptly respond to or acknowledge client communications.

**Explaining Matters**

[5] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so. Adequacy of communication depends in part on the kind of advice or assistance that is involved. For example, when there is time to explain a proposal made in a negotiation, the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that are likely to result in significant expense or to injure or coerce others. On the other hand, a lawyer ordinarily will not be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the character of representation. In certain circumstances, such as when a lawyer asks a client to consent to a representation affected by a conflict of interest, the client must give informed consent, as defined in Rule 1.0(e).

[6] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from diminished capacity. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of its members about its legal affairs; ordinarily, the lawyer should address communications to the appropriate officials of the organization. See Rule 1.13. Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client.

**Withholding Information**

[7] In some circumstances, a lawyer may be justified in delaying transmission of information when the client would be likely to react imprudently to an immediate communication. Thus, a lawyer might withhold a psychiatric diagnosis of a client when the examining psychiatrist indicates that disclosure would harm the client. A lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person. Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 3.4(c) directs compliance with such rules or orders.

Back to Rule | Table of Contents | Next Comment