```
 1  WILLIAM A. ISAACSON (Admitted Pro Hac Vice)
    (wisaacson@bsfllp.com)
 2  BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Ave, NW, Washington, DC 20015
 3  Telephone: (202) 237-2727; Fax: (202) 237-6131
 4
    JOHN F. COVE, JR  (Admitted Pro Hac Vice)
 5  (jcove@bsfllp.com)
    BOIES, SCHILLER & FLEXNER LLP
 6  1999 Harrison Street, Suite 900, Oakland, CA 94612
    Telephone: (510) 874-1000; Fax: (510) 874-1460
 7
    RICHARD J. POCKER #3568
 8  (rpocker@bsfllp.com)
    BOIES, SCHILLER & FLEXNER LLP
 9  300 South Fourth Street, Suite 800, Las Vegas, NV 89101
    Telephone: (702) 382 7300; Fax: (702) 382 2755
10
11
    DONALD J. CAMPBELL #1216
12  (djc@campbellandwilliams.com)
    J. COLBY WILLIAMS  #5549
13  (jcw@campbellandwilliams.com)
    CAMPBELL & WILLIAMS
14  700 South 7th Street, Las Vegas, Nevada 89101
    Telephone: (702) 382-5222; Fax: (702) 382-0540
15
16  Attorneys for Defendant Zuffa, LLC, d/b/a
    Ultimate Fighting Championship and UFC
17
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated, | Lead Case No.: 2:15-cv-01045-RFB-(PAL) |
| Plaintiffs, v. | Member Case Nos.: <br> 2:15-cv-01046-RFB-(PAL) <br> 2:15-cv-01055-RFB-(PAL) |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | 2:15-cv-01056-RFB-(PAL) <br> 2:15-cv-01057-RFB-(PAL) |
| Defendant. | **MOTION TO STRIKE PLAINTIFFS' UNTIMELY OPPOSITION TO ZUFFA'S [PROPOSED] PROTECTIVE ORDER** |

MOTION TO STRIKE

| | | |
|---|---|---|
| 1 | Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01055 RFB-(PAL) |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 6 | | |
| 7 | Defendant. | |
| 8 | Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01056 RFB-(PAL) |
| 9 | | |
| 10 | Plaintiffs, | |
| 11 | v. | |
| 12 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 13 | | |
| 14 | Defendant. | |
| 15 | Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01057 RFB-(PAL) |
| 16 | | |
| 17 | Plaintiffs, v. | |
| 18 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 19 | | |
| 20 | Defendant. | |
| 21 | Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01046 RFB-(PAL) |
| 22 | | |
| 23 | Plaintiffs, | |
| 24 | v. | |
| 25 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

MOTION TO STRIKE

Zuffa, LLC ("Zuffa") hereby moves to strike "Plaintiffs' Response to Defendant Zuffa, LLC's Memorandum in Support of Protective Order" (hereinafter "Opposition")[1] on the grounds that (1) it is contrary to the Court's direction regarding resolution of discovery issues in this matter, and (2) it is untimely under Nevada Local Rule 7-2.

## I.  BACKGROUND

During the July 28 Motion to Stay hearing, this Court directed the parties to meet and confer and to submit a proposed protective order. Dkt. 139; Dkt. 156 at 29:11-14. The parties met and conferred and reached agreement on all issues regarding the Protective Order except for whether a two-tiered system of confidentiality should be applied to provide heightened protection to certain documents containing highly confidential information and who should be entitled to access to that highly confidential information. On August 27, 2015, each party filed its respective Proposed Protective Order along with a statement in support of its proposal. Zuffa's statement was styled as a Memorandum in Support of the Proposed Protective Order and Plaintiffs' was styled as a Notice of Proposed Protective Order. Dkt. 158, 159, 159-1, 178-1. In keeping with the Court's directive, neither was a formal motion, contemplating an opposition and a reply. Even if further motion practice had been contemplated, pursuant to Nevada Local Rule 7-2 and Federal Rule of Civil Procedure 6,[2] any opposition would have been due by September 14, 2015. Inexplicably, over a week after the deadline to file any opposition and two days before a scheduled Joint Status Report and the Motion to Dismiss hearing, Plaintiffs filed an Opposition to Zuffa's Proposed Protective Order. Dkt. 183.

## II.  ARGUMENT

### A.  Plaintiffs' Opposition is Untimely

As explained in more detail below, the parties' protective order filings – in conformance with the Court's directive – did not contemplate motion-style briefing. Even if they did, however,

---

[1] Plaintiffs styled their opposition a "Response," rather than an opposition. Dkt. 183. Assigning a different name to a responsive pleading, however, does not permit one to evade the operation of the Local Rules.

[2] Federal Rule of Civil Procedure 6 provides for an extra three days to respond to an electronic filing.

Plaintiffs' Opposition was late.

Nevada Local Rule 7-2(b) states "[u]nless otherwise ordered by the court, points and authorities in response [to a motion] shall be filed and served on an opposing party fourteen (14) days after service of the motion." Federal Rule of Civil Procedure 6 provides for an additional three days to file responses to electronically filed submissions. Zuffa's Proposed Protective Order and supportive filings were filed on August 27, 2015. Dtk. 159. Thus, under those rules, Plaintiffs would have had until September 14 to file an opposition.[3] Plaintiffs' Opposition was filed on September 23 and is thus untimely.

Plaintiffs neither requested leave of Court to file a delayed Opposition nor provided any explanation for why their Opposition, if appropriate, was filed over a week past the required filing deadline. Plaintiffs' unexplained and unsanctioned delay prejudices Zuffa in filing any Reply. Under the Local Rules, Zuffa should have been given 7 days after the filing of Plaintiffs' Opposition to file any Reply with an additional 3 days given for Plaintiffs' electronic filing. L.R. 7-2(c); Fed. R. Civ. P. 6(d). Had Plaintiffs filed their Opposition by the deadline – September 14 – Zuffa would have had the designated period to complete and file a Reply prior to the Joint Status Conference scheduled for September 30. Plaintiffs' delay in filing their Opposition until 9:00 p.m. on September 23, however, now means that Zuffa is denied the benefit of its full briefing period to draft and file a Reply in time for the Court to review and consider it before the Joint Status Conference or must be hampered in its position at the Joint Status Conference since the Court will not have the benefit of its Reply on file. There is no justification for Plaintiffs gaining an extra nine days to file its Opposition while forcing Zuffa to reply on an expedited timeframe. In *Metzger v. Hussman*, Chief Judge Reed ruled:

> "The motion to strike shall be granted. The plaintiff's opposition was filed in an untimely manner. Plaintiff did not move to file the opposition late and did not indicate any excuse whatsoever for the late filing. Applicable rules of procedure, including Local Rules, must be enforced in this case, as in any case, so that the Court may maintain control over the progress of litigation before it."

---

[3] An additional day is given in this case to account for the deadline falling on a Sunday. Fed. R. Civ. P. 6(a)(1)(C)

682 F. Supp. 1109, 1110-11 (D. Nev. 1988).  The same result should govern here and Plaintiffs' untimely Opposition should be struck.

### B. Plaintiffs' Opposition is Improper and Contrary To The Court's Directive

Even if it had been timely, Plaintiffs' Opposition is still improper in that it contradicted the direction of the Court in how it wished the protective order and discovery disputes in general to be addressed.  As noted, the Court ordered the parties to meet and confer and file a joint protective order.  Dkt. 139.  The Court also provided specific guidance on how the parties should handle discovery-related disputes.  At the Motion to Stay hearing, the Court discouraged the parties from using formal motion practice for such disputes and instead informed the parties that "routine decisions that are discretionary calls by the Court should be done by a joint status report that accomplishes two objectives, one, it gets you to talk to each other and, two, to articulate your respective positions in writing in a format that avoids the 35- or 36- day turnaround for briefings." Dkt. 156 at 31:1-6.  Because the parties could not reach agreement on one issue, each party submitted its own respective version of the Proposed Protective Order and a statement in support of its Proposed Order.  Dkt. 158 (Plaintiffs' Notice of Proposed Protective Order); Dkt. 159-1 (Memorandum in Support of Zuffa, LLC's [Proposed] Protective Order).  Prior to the filing, each side had full knowledge of the opposing party's position on the matter and thus had the opportunity in their supportive filing to explain why its Proposed Order should be granted and why the opposing party's should not be.  Plaintiffs' unexplained choice to file an untimely response is not justified and should be rejected.

### III. CONCLUSION

Under Nevada Local Rules 7-2(b), Plaintiffs' Opposition to Zuffa's Proposed Protective Order is untimely and should be struck.  Plaintiffs neither requested leave to file an untimely response nor did they provide any justification for their delayed filing.  Plaintiffs' Opposition is also contrary to the contemplated process for resolution of the protective order issue.

For the foregoing reasons, Zuffa respectfully requests that this Court strike Plaintiffs' Response to Defendant Zuffa, LLC's Memorandum In Support of Protective Order.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 28, 2015 | Respectfully Submitted, |
| 3 | | BOIES, SCHILLER & FLEXNER LLP |
| 4 | | |
| 5 | | |
| 6 | | By: /s/ John F. Cove, Jr.<br>    John F. Cove, Jr. |
| 7 | | *Attorneys for Defendant* Zuffa, LLC, d/b/a<br>Ultimate Fighting Championship and UFC |

4
MOTION TO STRIKE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Motion to Strike Plaintiffs' Response to Defendant Zuffa, LLC's Memorandum In Support of Protective Order** was served on September 28, 2015 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Suzanne E. Jaffe

An employee of Boies, Schiller & Flexner, LLP