WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR  (Admitted *Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Lead Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>Member Case Nos.:<br>2:15-cv-01046-RFB-(PAL)<br>2:15-cv-01055-RFB-(PAL)<br>2:15-cv-01056-RFB-(PAL)<br>2:15-cv-01057-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ZUFFA'S [PROPOSED] PROTECTIVE ORDER** |

| | | |
|---|---|---|
| 1 | Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01055 RFB-(PAL) |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 6 | | |
| 7 | Defendant. | |
| 8 | Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01056 RFB-(PAL) |
| 9 | | |
| 10 | Plaintiffs, | |
| 11 | v. | |
| 12 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 13 | | |
| 14 | Defendant. | |
| 15 | Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01057 RFB-(PAL) |
| 16 | | |
| 17 | Plaintiffs, v. | |
| 18 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 19 | | |
| 20 | Defendant. | |
| 21 | Kyle Kingsbury and Darren Uyenoyama, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01046 RFB-(PAL) |
| 22 | | |
| 23 | Plaintiffs, | |
| 24 | v. | |
| 25 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

Zuffa's Reply ISO [Proposed] Protective Order

Zuffa has filed a Motion to Strike Plaintiffs' Untimely Response to Defendant Zuffa, LLC's Memorandum in Support of Protective Order ("Memorandum") on the grounds that it is untimely under Local Rule 7-2(b) and that it violated the Court's directive on resolving discovery disputes. Dkt. 188. However, if the Court denies Zuffa's Motion to Strike, Zuffa respectfully requests the Court consider this Reply.

**I.     INTRODUCTION**

In its Memorandum, Zuffa demonstrated that allowing Robert Maysey, counsel for the Plaintiffs and the founder and executive team member of the Mixed Martial Arts Fighters Association ("MMAFA"), access to Zuffa's highly confidential information would create an unacceptable risk that this information will be utilized in inappropriate ways. Zuffa further explained that limiting Mr. Maysey's access to the small subset of the most sensitive material designated "Highly Confidential" would not impair Plaintiffs' ability to prosecute this case because they are represented by at least 17 other experienced attorneys. Any weighing of these two factors shows that the balance tips strongly in favor of granting Zuffa's proposed protective order. Plaintiffs filed an untimely response premised on the false and unsupported assertions that Mr. Maysey "holds no position" with the MMAFA and that the MMAFA is not a competitor to Zuffa.

**II.    ARGUMENT**

    **A.  Mr. Maysey is a Founder, an Executive, and a Spokesperson for the MMAFA**

Plaintiffs' argument that Mr. Maysey should be permitted full access to Zuffa's most highly confidential and sensitive business and financial information is premised on their assertion that Mr. Maysey "does not hold any position, executive or otherwise, with the MMAFA." Plaintiffs' Response to Defendant Zuffa, LLC's Memorandum in Support of Protective Order ("Response") (Dkt. 183) at 3. This is misleading at best. Substantial evidence demonstrates that Mr. Maysey is and has been for years the primary promoter of the MMAFA. Dkt. 159-2, Declaration of Perry M. Grossman in Support of Zuffa, LLC's [Proposed] Protective Order ("Grossman Decl."), at Ex. B (MMAFA Facebook page listing Maysey as founder and member of executive team); Declaration of Suzanne E. Jaffe in Support of Zuffa, LLC's Reply ("Jaffe

Decl."), Exhibit 1 (Rob Maysey's Google + Page listing the same); Ex. 2 ("In the News" section of the MMAFA webpage listing Rob Maysey's public interviews on behalf of the MMAFA); Ex. 3 ("From MMAFA" section of the MMAFA webpage linking to articles Maysey has written); Ex. 4 (Maysey's trademark application to the U.S. Patent and Trademark Office for the MMAFA logo). Plaintiffs' assertion that Mr. Maysey "holds no position" with the MMAFA is unsupported by any citation, including tellingly even Mr. Maysey's own declaration filed in support of Plaintiffs' Proposed Protective Order (Dkt. 158-6).

Plaintiffs' claim that "Mr. Maysey cannot possibly be a competitive decision maker because he holds no position" within the MMAFA and because the MMAFA leadership "will be limited to persons elected from within its rank" rings hollow. Response at 3. While that may be true at some time in the future, at the present, the MMAFA's public channels list Mr. Maysey as a member of the "executive team" of the MMAFA.[1] Dkt. 159-2. Thus, Mr. Maysey, and presumably the other executive team members, appear to be the MMAFA's *only* competitive decisionmakers.

### B. The MMAFA Competes with Zuffa for Athletes' Identity Rights

Plaintiffs' claim that the MMAFA does not compete with the UFC is wrong. At a minimum, the MMAFA is adverse to Zuffa in that it seeks to compete directly with the UFC in licensing MMA fighter identities to merchandisers. Unlike the NFL and the NFLPA, which negotiate a collective bargaining agreement that splits revenue between them, the MMAFA intends to compete with Zuffa for the same rights – the assignment rights to the athletes' identities. The MMAFA's express purpose to maximize revenue "through merchandising and licensing of collective brand" (Dkt. 159-4) shows that Mr. Maysey and the MMAFA are adverse to Zuffa, at a minimum, in competition for athletes' identity rights. Mr. Maysey's other activities, such as "negotiating agreements" (Dkt. 159-3), also makes him adverse to Zuffa and creates a dangerous probability that if Mr. Maysey were exposed to Zuffa's highly confidential information, it could be used for impermissible purposes to Zuffa's competitive disadvantage.

---

[1] There is no indication that any other members of the "executive team" are current or former professional mixed martial artists, coaches, or trainers either. Dkt. 159-2.

2
Zuffa's Reply ISO [Proposed] Protective Order

### C. Courts Regularly Prohibit Competitors at Various Levels of the Distribution Chain From Viewing a Company's Highly Confidential Materials

In focusing on whether Zuffa is a current horizontal competitor, Plaintiffs construe too narrowly the Court's broad authority under Federal Rule of Civil Procedure 26(c) to grant protective orders to safeguard a party's highly confidential, commercially sensitive information. *See United States Steel Corp. v. United States*, 730 F.2d 1465, 1468 & n.3 (Fed. Cir. 1984) (explaining that a court's assessment of whether counsel should be denied access to highly confidential material because "an unacceptable opportunity for inadvertent disclosure exists" must be determined "on a counsel-by-counsel basis" based upon the counsel's involvement in "competitive decisionmaking" activities). Courts routinely limit access to highly confidential information in cases where the parties have a vertical business relationship (e.g., buyer/seller, licensor/licensee) and are not direct horizontal competitors. For example, in cases alleging horizontal price-fixing among sellers, business counsel for sellers are usually restricted not only from competing sellers' highly confidential commercial information, but also the highly confidential information of buyers because of the unfair bargaining advantage that would accrue to the sellers from the disclosure. For the same reason, business counsel for plaintiff buyers' access to sellers' information is restricted. *See, e.g., In re Southeastern Milk Antitrust Litig.*, 2:08-MD-1000, Dkt. 47 (E.D. Tenn. Apr. 4, 2008); *In re Motorsports Merchandise Antitrust Litig.*, No. Civ.A.1:97-CV2314TWT, 1998 WL 1284202 at *4 (N.D. Ga. Mar. 20, 1998). This makes sense. If courts could not limit access to commercially sensitive information in vertical relationships, then discovery would become a back door for buyers to gain access to sellers' highly confidential information. Plaintiffs' argument that the MMAFA is not currently competing (Response at 5) is similarly beside the point. Whether or not Mr. Maysey's ambition for his organization is ever realized, he is still in a position where inadvertent disclosure of Zuffa's highly confidential information would harm Zuffa. *E.g.*, *LendingTree, Inc. v. LowerMyBills, Inc.*, No. CIV. 3:05CV153-C, 2006 WL 3359432, at *7 (W.D.N.C. Nov. 20, 2006) (granting confidential treatment to data that "could be used by a start-up competitor to focus its business").

**D. Plaintiffs Have More Than Adequate Counsel of Their Choosing**

There is no support for Plaintiffs' argument that their due process rights would be violated by restricting the access of one of at least 17 lawyers to a small subset of highly confidential documents, any more than the routine orders restricting in-house counsel from access to such documents do. No case cited by Plaintiffs supports the proposition that merely limiting the access of one lawyer out of many to certain documents implicates, let alone violates, a civil litigant's right to choice of counsel.[2] This Court has appointed as co-lead interim counsel the four firms that Plaintiffs asked it to appoint – Mr. Maysey and his firm are not among them. Dkt. 140. Plaintiffs cannot demonstrate that they would suffer any prejudice if only 17 counsel of record including all of their attorneys acting as interim co-lead counsel are permitted access to Zuffa's highly confidential information. Mem. at 8.

This is all the more true in this case given that Mr. Maysey's public statements indicate that his motivation for involvement in the lawsuit is to build up the MMAFA. *See* Dkt. 159-7 ("I called [the UFC] in 2006 and said, 'You have a choice, I said. 'You guys are going to recognize a fighters' association or you're going to face an antitrust case'").

**III. CONCLUSION**

Zuffa stands to suffer significant competitive injury if Mr. Maysey gains access to its most highly confidential business documents. For the foregoing reasons and for the reasons stated in the Memorandum in Support of Zuffa's [Proposed] Protective Order, Zuffa respectfully requests that the Court adopt Zuffa's proposed protective order.

---

[2] *In re BellSouth Corp.*, 334 F.3d 941, 943 (11th Cir. 2003) (declining to vacate an order disqualifying counsel); *United Mine Workers of Am. v. Illinois State Bar Assoc.*, 389 U.S. 217 (1967) (overturning attorney disqualification where lower court erroneously found attorney to be engaged in the unauthorized practice of law); *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985) (attorney disqualification orders are not subject to immediate appeal under the collateral order doctrine).

Dated: September 28, 2015　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　BOIES, SCHILLER & FLEXNER LLP


By:  /s/ John F. Cove, Jr.
　　　　John F. Cove, Jr.
　　*Attorneys for Defendant* Zuffa, LLC, d/b/a
　　Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Zuffa LLC's Reply ISO Zuffa's [Proposed] Protective Order** was served on September 28, 2015 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Suzanne E. Jaffe

An employee of Boies, Schiller & Flexner, LLP