**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*(Additional counsel appear on signature page)*

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Darren Uyenoyama*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Lead Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>Member Case Nos.:<br>2:15-cv-01046-RFB-(PAL)<br>2:15-cv-01055-RFB-(PAL)<br>2:15-cv-01056-RFB-(PAL)<br>2:15-cv-01057-RFB-(PAL)<br><br>**STIPULATION AND PROTECTIVE ORDER** |
| And Related Consolidated Cases | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Order of the Court, [190] and for good cause, it is hereby stipulated:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for

any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and In-House Legal Department Personnel (as well as their support staff, including, but not limited to, attorneys, paralegals, secretaries, law clerks, and legal interns).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. The Parties are not prohibited from retaining an Expert or Consultant who is a former employee of a Party or of a Party's competitor, provided that, at least five business days prior to retention, Counsel intending to retain such Expert or Consultant shall provide written notice to Counsel for the Party which had previously employed such

person, in order to allow that Party an opportunity to protect itself and the confidentiality of any information which such prospective Expert or Consultant may have obtained during his or her employment. The Party receiving such notice shall have 30 days to seek judicial intervention with respect to legitimate issues concerning the protection of any confidential information which such Expert or Consultant may have obtained during his or her employment. The definition of Expert or Consultant includes a professional jury or trial consultant retained in connection with this litigation.

2.7 In-House Legal Department Personnel: attorneys and other personnel employed by a Party to perform legal functions and who are responsible for overseeing or assisting in this litigation for such Party. In-House Legal Department Personnel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys, along with their paralegals, and other support personnel, who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, managers, and employees.

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, transcription, court reporting, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving documents or data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Such material is referred to as designated for "protection."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. Notwithstanding the preceding sentence, the Designating

Party may designate for protection an entire document or item that contains "CONFIDENTIAL" Information within that document or item when it produces such document or item to another Party pursuant to Federal Rule of Civil Procedure 34.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for the protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., paragraph 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-designated copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on the first page of each document and on each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified

the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to the first page of each document and on each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and/or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the draft transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," provided such designation does not violate paragraph 5.1 above.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items (such as Electronically Stored Information ("ESI") for which it is impractical to label as per Section 5.2(a)), that the Producing Party designate in a cover letter accompanying the production, and where feasible, affix in a prominent place on the exterior of the container or containers in or on which the information or item is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Should a Producing Party discover that it produced Confidential Information or Items that were not designated as Protected Material, the Producing Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation. Thereafter, the material so designated shall be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall replace the incorrectly designated material with the newly designated materials and shall destroy the incorrectly designated materials. If material is re-designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Confidential Designation of Information or Items Produced by Other Parties or Non-Parties. Subject to the standards of paragraph 5.1, a Party may designate as "CONFIDENTIAL" any Disclosure or Discovery Material produced by any other Party or non-Party, provided that said Disclosure or Discovery Material contains the Designating Party's own Confidential Information. Any such designation of a document for protection shall be made within 90 days of the date of its production to the Designating Party, unless good cause is shown for a later designation of the document for protection.

Designating a document for protection pursuant to this paragraph shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure or Discovery Material to be designated as "CONFIDENTIAL". Promptly

after providing such notice, the Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the designation as "CONFIDENTIAL" of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The Designating Party shall bear the burden of establishing the basis for the "CONFIDENTIAL" designation.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith. The Challenging Party shall initiate the dispute resolution process by providing written notice to other Parties of each designation it is challenging (by bates number or other individually identifiable information) and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the parties are not able to resolve a dispute about confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within 7 days of the expiration of the time period provided in paragraph 6.2, prepare and present to the Court a joint letter, briefly outlining the disputed issue, and requesting a telephone conference or in-person meeting with the Court. The parties shall thereafter present to the Court, during the telephone conference or in-person meeting, their respective positions about the propriety of the challenged confidentiality designations. The procedure for resolving the dispute, including the need for any briefing, shall be determined by the Court during the telephone conference or in-person meeting.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material is not "CONFIDENTIAL", the Designating Party shall reproduce copies of all challenged materials with their designations removed within thirty (30) days of such ruling at the expense of the Designating Party.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, Counsel for a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, a Receiving Party's officers, directors, managers, and employees (including In-House Legal Department Personnel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in this litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Consistent with paragraph 5.2(b), pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "CONFIDENTIAL", and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3 Retention of Exhibit A: Outside Counsel for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL," that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the discovery request, subpoena, or court order;

(b) promptly notify in writing the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the discovery request, subpoena, or order issued.

If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the discovery request, subpoena, or order issued, unless the Party has obtained the Designating Party's permission or unless the Party has been ordered to do so by a Court. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party

not to produce the Non-Party's confidential information, then the Party shall:

(1) notify in writing, as soon as reasonably practicable, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(2) as soon as reasonably practicable, provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c) If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11**.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall

not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such documents, testimony, information and/or things to the inadvertently Producing Party and shall not use such items for any purpose until further order of the Court. If the Receiving Party does not challenge the designation, such return must occur within three (3) business days of receipt of notice or discovery of the inadvertent production. If a Receiving Party wishes to challenge the designation, the Receiving Party must inform the Producing party within three (3) business days of receipt of notice or discovery of the inadvertent production, and must file its challenge to the privilege designation with the Court within seven days of notifying the Producing Party of its intent to challenge, unless the Parties agree to a longer schedule. The Receiving Party may maintain a copy of the challenged document solely for the purpose of the privilege challenge until the Court resolves the issue, but may not disclose or otherwise use the document until the Court resolves the issue. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. **ATTORNEY RENDERING ADVICE**

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client in this litigation with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client in this litigation, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

13. **DISPOSITIVE MOTION HEARINGS AND TRIAL**

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

14. **MISCELLANEOUS**

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's "CONFIDENTIAL" Information, the papers shall be appropriately designated pursuant to paragraph 5.2. Documents, papers and transcripts filed with the court which contain any other party's "CONFIDENTIAL" Information shall be provisionally lodged under seal with the Court, and redacted papers shall be publicly filed. Within 5 days of the materials being lodged with the Court, the Party claiming protection shall file a motion to seal setting forth the bases for sealing and proper authority under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority.

15. **FINAL DISPOSITION**

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies (electronic or otherwise), abstracts, compilations, databases, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, (electronic or otherwise), abstracts, compilations, databases, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, legal memoranda, correspondence, or attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION).

IT IS SO STIPULATED.

Dated: October 19, 2015

WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN, LLP

By: /s/ Don Springmeyer
Don Springmeyer (#1021)

Bradley Schrager (#10217)
Daniel Bravo (#13078)
WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN, LLP
3556 East Russell Road, Second Floor
Las Vegas, NV 89120
Telephone: (702) 341-5200
Facsimile: (702) 341-5300

Joseph R. Saveri (Admitted *pro hac vice*)
Matthew S. Weiler (Admitted *pro hac vice*)
Kevin E. Rayhill (Admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey (Admitted *pro hac vice*)
Jerome K. Elwell (Admitted *pro hac vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (Admitted *pro hac vice*
Richard Koffman (Admitted *pro hac vice*)
Hiba Hafiz (Admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (Admitted *pro hac vice*)
Michael Dell'Angelo (Admitted *pro hac vice*)
Patrick Madden (Admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Frederick S. Schwartz (Admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com
*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Vazquez, Dennis Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury & Darren Uyenoyama.*

Dated: October 19, 2015

By: /s/ John F. Cove, Jr.
John F. Cove, Jr.

John F. Cove, Jr. (Admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
jcove@bsfllp.com

Donald J. Campbell (#1216)
J. Colby Williams (#5549)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

William A. Isaacson (Admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com

Richard J. Pocker (#3568)
BOIES, SCHILLER & FLEXNER LLP
300 South 4th Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755

*Attorneys for Defendant Zuffa, LLC*

**ORDER**

PURSUANT TO STIPULATION AND THIS COURT'S ORDER RESOLVING COMPETING PROPOSALS [190], IT IS SO ORDERED.

Dated: October 27, 2015

By: ______________________________
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________________ [print or type full name], of ________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the cases of Le et al. v. Zuffa, LLC, **No. 2:15-cv-01045-RFB-(PAL),** Vazquez et al. v. Zuffa, LLC, **No. 2:15-cv-01055 RFB-(PAL),** Vera et al. v. Zuffa, LLC, **No. 2:15-cv-01056 RFB-(PAL),** Ruediger et al. v. Zuffa, LLC, **No. 2:15-cv-01057 RFB-(PAL), and** Kingsbury et al. v. Zuffa, LLC, **No. 2:15-cv-01046 RFB-(PAL)**.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ________________________ [print or type full name] of ____________________________________ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________________________

City and State where sworn and signed: _______________________________

Printed name: ______________________________

Signature: ________________________________

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2015, a true and correct copy of **STIPULATION AND PROTECTIVE ORDER** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By /s/ Christie Rehfeld
Christie Rehfeld, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP