WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (Admitted *Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL EXHIBITS TO THE JOINT STATUS REPORT** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, Dkt. 217 ("Protective Order"), the parties' agreement regarding the disclosure of documents during the search term testing process, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal of Exhibits G, H and I of the parties' Joint Status Report. This motion is accompanied by the Declaration of John F. Cove, Jr. in Support of Zuffa, LLC's Motion to Seal.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. Dkt. 217, ¶ 14.3. In the parties Joint Status Report, Plaintiffs include 3 documents as exhibits which contain confidential information regarding Zuffa's internal finances, financial terms and incentives of contractual negotiations, and business strategies and analysis. Because these documents implicate Zuffa's confidential information, Zuffa moves to file these exhibits and the portion of the Joint Status Report under seal.

Specifically, Zuffa seeks to seal the following information or exhibits:

| | |
|---|---|
| Exhibit G (COX-0072901) | This document includes the specific financial terms and incentives offered to a particular athlete during a negotiation. |
| Exhibit H (COX-0001451) | This document includes the specific financial terms and incentives offered to a particular athlete during a negotiation. |
| Exhibit I (LFertitta) | This document contains Zuffa's confidential financial information as well as internal business analyses and assessments. |

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted). In light of the public interest, Zuffa has narrowly

1
Zuffa, LLC's Motion To Seal

tailored its request by only sealing the Exhibits with confidential information. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

There is good cause to seal documents containing confidential business assessments and strategy, financial information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 at *2 (D. Nev. Apt. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

If Zuffa's internal business strategies, its financial information, or its negotiations over the specific terms or incentives that it offers individual athletes are publicly disclosed, it could cause Zuffa competitive harm by giving competitors unfair insight into Zuffa's finances, agreements, negotiation strategy and its internal business processes. Zuffa treats this information as confidential.

In addition, the third party who produced Exhibits G and H has requested confidential treatment of these documents pursuant to the Protective Order.

Zuffa respectfully requests that the designated portions of the documents identified as Exhibits G, H, and I be permitted to be filed under seal.

| | |
|---|---|
| Dated: February 19, 2016 | BOIES, SCHILLER & FLEXNER LLP |
| | |
| | By: <u>/s/John F. Cove, Jr.</u> |
| | John F. Cove, Jr. |
| | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |

John F. Cove, Jr. (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
Email: jcove@bsfllp.com

William A. Isaacson (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC