REDACTED PUBLIC COPY

**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION**<br><br>**EXPEDITED HEARING REQUESTED** |

**PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION**

REDACTED PUBLIC COPY

Pursuant to Section 11 of the Revised Stipulation and Protective Order issued by this Court on February 10, 2016, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") hereby challenge the designation by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship® and UFC® ("Defendant" or "Zuffa") of certain parts of the document bearing the Bates label ZUF-00031544-545 (the "Challenged Communication") as protected by the attorney-client privilege.

The parties request that the Court expedite this request and hear arguments on this motion on Monday, April 25, 2016, which is the date of the parties' next status conference with the Court. The parties have stipulated to the following expedited briefing schedule:

Plaintiffs' Opening Brief due:　　　　　　　　　　　　　　　　　　　　April 1, 2016

Defendant's Response Brief due:　　　　　　　　　　　　　　　　　　　April 11, 2016

Plaintiffs' Reply Brief due:　　　　　　　　　　　　　　　　　　　　　April 18, 2016

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Zuffa seeks to withhold on the basis of attorney-client privilege an email message sent by one of its outside attorneys, serving as Zuffa's business representatives in negotiations with a promoter in Japan. Zuffa was apparently ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Challenged Communication reports back on the negotiations and discusses economics of the transaction. ▓▓▓ REDACTED ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Communications concerning the goals or business purposes of an acquisition, including its market impact, are ordinary, common business decisions. They are not legal advice concerning how to effect an acquisition. *See, e.g., Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 619 (E.D.N.C. 1992) ("The business decision whether to pursue a patent is distinct from the legal advice concerning how to obtain the best patent protection"); *see also United States v. Motorola, Inc.,* 1999 U.S. Dist. LEXIS 22864, *9 (D.D.C. May 28, 1999) ("[C]ommunications made by and to a lawyer with respect to business matters, management decisions, or business advice are not protected by the [attorney-client] privilege.").

REDACTED PUBLIC COPY

The Challenged Communication contains only counsel's commentary on *business* aspects of Zuffa's acquisition of Pride Fighting Championship ("Pride FC"). Although a small part of the email message contains REDACTED, which Plaintiffs agree meets the standard for attorney-client privilege, the Challenged Communication does not contain material protected by the attorney-client privilege. In fact, other than this one sentence, the email message contains no advice or analysis related to any common law, statutory, or regulatory issue regarding the acquisition. Accordingly, Zuffa has over-redacted the document and cannot meet its burden in demonstrating attorney-client privilege over the Challenged Communication.

Moreover, as Zuffa has produced, in unredacted form, related and similar communications from its counsel that include justifications for the acquisition, Zuffa has waived privilege over the subject matter of the challenged communications.

## II.   BACKGROUND

### a.   Factual Background.

Plaintiffs served their First Requests for Production of Documents on Zuffa on April 26, 2015. Request for Production No. 54 sought all documents or communications provided to or received from any government agency, including the Federal Trade Commission ("FTC"). On November 2, 2015, Zuffa produced 107,649 documents that had been originally produced to the FTC in 2011 when the FTC was investigating Zuffa's acquisition of its rival promoter Strikeforce. The Challenged Communication was included in that production.

On January 27, 2016, Plaintiffs notified Zuffa that Zuffa had produced a number of documents with an electronic "slipsheet" that states "This document has been withheld as privilege" [sic]. Despite the presence of the slipsheet, Zuffa had failed to remove the document itself from the production and produced an electronic file that contained the text of the document. Plaintiffs asked for Zuffa's position whether it had intended to produce the text of these documents and whether the documents were privileged. On February 12, Zuffa responded without explanation

that its position was that all of the identified documents were protected by the attorney client privilege.[1]

On February 18, 2016, Plaintiffs asked Zuffa to state with specificity the basis for its assertion of privilege so that Plaintiffs could evaluate the claims of privilege. Zuffa replied on March 4, 2016 and submitted a redacted version of the e-mail message.[2] *See* Exhibit 1. Plaintiffs responded on March 16 agreeing to return four documents, despite their disagreement with the privilege designations, and providing points and authorities in support of their position that the Challenged Communications were not protected by privilege. *Id.*

Subsequently, the parties agreed to the foregoing schedule to challenge Zuffa's privilege designation.

### b. Zuffa's Acquisition of Pride FC Is a Material Allegation.

Plaintiffs allege that Zuffa's acquisition of Pride FC was part of an anticompetitive scheme to acquire and eliminate rivals that supports Plaintiffs' Section 2 claim against Zuffa. *See* Consolidated Complaint ¶ 14 (Zuffa's President, Dana White, boasted "[P]ride is dead dummy! I killed em!!!"); *id.* at ¶ 129 (alleging Pride was purchased as part of a scheme to eliminate rivals).

Despite the admissions as alleged in the Complaint, White has denied that Zuffa intended to kill Pride FC: "We didn't kill Pride. I've said this many times, Pride is the only other organization that I've ever respected." Exhibit 2. In its answer, Zuffa denied that it purchased Pride FC as part of a scheme to acquire and eliminate rivals. *See* Dkt. 212 at 17.

### c. The Email Message Concerns Negotiations Between Pride FC and Zuffa.

The Challenged Communication is an email from Thomas Paschall, who at the time was a corporate and transactional attorney with Milbank, Tweed, Hadley & McCloy LLP representing Zuffa in negotiations to acquire rival mixed martial arts promoter Pride FC. Apparently, Mr.

---

[1] Zuffa had apparently clawed this document back from the FTC in its production in 2011, yet nevertheless produced it to Plaintiffs here. *See* Exhibit 1 at 1.

[2] Plaintiffs had requested additional information concerning several other documents over which Zuffa asserted privilege. Plaintiffs do not challenge privilege claims as to those documents at this time, but have reserved the right to challenge similar documents.

1   Paschall ███████████████████████████████████████████████████████.
2   The email reports on the status of the negotiations with Pride FC and recounts Zuffa's business
3   strategy in seeking the acquisition.
4       The email message opens by stating that Mr. Paschall ███████████████████
5   ████████████████████████████████████████ Exhibit 1. ███
6   ████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████████
8   ██████████████████████
9       The first substantive paragraph, which also appears in the redacted version, reads:
10  REDACTED
11
12
13  ███████████████  Because Zuffa has not redacted the quoted portion of the email in the replacement
14  document, it has conceded that that material is not privileged.
15      The next paragraph reiterates Zuffa's business purpose in the Pride FC acquisition and
16  recounts Pride FC's response to Zuffa's offer:
17  REDACTED
18
19
20  Exhibit 3. Zuffa seeks to redact this portion of the email, claiming it represents "Mr. Paschall's
21  confidential legal analysis and advice relating to the acquisition of PRIDE FC." Exhibit 1. This
22  mischaracterizes the document. There is no analysis of any law or statute. There is no legal advice.
23  Indeed, this communication simply rehashes the respective positions of parties to an arms-length
24  business transaction.
25      The next paragraph conveys ███████ REDACTED ████████
26  ████████████████████. Zuffa has not redacted these observations.
27
28

The following paragraph provides:

REDACTED

Exhibit 3. Zuffa seeks to redact this entire paragraph. Again, there is no analysis of any law or statute. There is no advice. In fact, the author recites facts surrounding the transaction and recounts the business reason for REDACTED

Zuffa also redacted a paragraph that reads, REDACTED Plaintiffs do not contest this designation. *Id.*

The next paragraph reads: REDACTED In contrast to the other paragraphs, this paragraph invites communication of information from Zuffa to its outside counsel. This communication is arguably not relevant, and Plaintiffs do not dispute Zuffa's redaction of this portion of the document.

## III.   ARGUMENT

    **a.   The Attorney-Client Privilege Does Not Apply if no Legal Advice is Sought or Provided.**

Zuffa bears the burden in demonstrating that the disputed communications are protected by the attorney-client privilege because "[t]he privilege stands in derogation of the public's 'right to every man's evidence' and as an obstacle to the investigation of the truth, and thus it ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quotation marks and citations omitted). Courts in the Ninth Circuit apply an eight-part test to determine whether the privilege applies: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client,

(6) are, at that instance, permanently protected, (7) from disclosure by the client or by the legal advisor, and (8) unless the protection is waived." *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, 2013 U.S. Dist. LEXIS 114788, at *11 (D. Nev. Aug. 13, 2013). "'The party asserting the privilege bears the burden of proving each essential element.'" *Georgia-Pacific LLC v. Officemax Inc.*, 2014 U.S. Dist. LEXIS 89735, at *8, 2014 WL 2942833 (N.D. Cal. June 30, 2014) (quoting *Ruehle* at 608).

"The attorney-client privilege . . . protects communications seeking legal advice, not business advice." *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. LEXIS 21196, at *4, (S.D.N.Y. Nov. 1, 2002); see also *United States v. Motorola, Inc.*, *supra*, 1999 U.S. Dist. LEXIS 22864, *9. Even where legal advice was necessary in order to implement a transaction, it does not follow that communications concerning the business rationale and strategy for the transaction are privileged. *See Schlicksup v. Caterpillar, Inc.*, 2011 U.S. Dist. LEXIS 92827, *17 (C.D. Ill. Aug. 19, 2011) ("Many of the documents at issue involve devising, presenting, and implementing the business transaction, not the providing confidential legal advice. [sic] Legal advice was of course necessary to implement parts of the plan, but that does not protect the entire transaction under the attorney-client privilege.").

Although the distinction between protected legal advice and discoverable business advice is not always clear, where an attorney is serving as a business representative and communicating with others as such, the privilege does not apply even where other communications are legal in nature. *See Note Funding Corp. v. Bobian Inv. Co., N.V.*, 1995 U.S. Dist. LEXIS 16605, *7-8 (S.D.N.Y. Nov. 9, 1995) ("if the lawyer is serving as a business representative of his client, those functions that he performs purely in that capacity -- such as negotiation of the provisions of a business contract or relationship -- are not the source of a privilege. . . . In making this distinction, we look to whether the attorney's performance depends principally on his knowledge of or application of legal requirements or principles, rather than his expertise in matters of commercial practice.") (internal citation and quotation omitted). Where, as here, the communication contains no mention of any law, statute or legal question, one can reasonably conclude that the purpose of the communication was not legal advice. Indeed, it would have been unremarkable had a non-lawyer

made similar communications and there would be no colorable claim of privilege had a non-lawyer done so.

### b. The Email Message is not Privileged Because it Contains no Content That is Legal in Nature.

Zuffa cannot meet the first two elements of privilege discussed in *Elan Microelectronics Corp*. The Challenged Communication is not legal advice from an attorney in his capacity as a legal advisor. The Challenged Communication contains Mr. Paschall's observations that could have been provided by *any* Zuffa business executive who was present at the meeting and familiar with the negotiations and Zuffa's business strategy. There is no discussion of legal strategy. The observations do not require legal expertise. There is no relationship to any governing common law, statutory, or regulatory concerns.

The admission that [REDACTED] should not be withheld simply because an attorney wrote it. The substance of the communication—concerning the Pride FC acquisition—does not flow from or depend on the rendering of any legal advice. Though they may reveal Zuffa's intent, that intent was true before, during, and after the Pride FC acquisition. A company's business objectives in entering into a transaction are not privileged. *See Burroughs Wellcome Co.*, 143 F.R.D.at 619 (the purposes of entering into a business transaction is not privileged, even if the legal considerations in doing so may be); *see also In re Human Tissue Prods. Liability Litig.*, 2009 U.S. Dist. LEXIS 34436, *58 (D.N.J. Apr. 23, 2009) (privilege does not apply to "strategic recommendations" of counsel concerning business matters); *United States v. Motorola, Inc., supra,* 1999 U.S. Dist. LEXIS 22864, *9.

Nowhere in the Challenged Communication is there discussion of the legal implications of this activity, or any applicable statute, law, rule, or regulation. Instead, they relate solely to business considerations for the transaction. They require no legal expertise. Any businessman or agent could have made the statements and would have understood them.

The attorney-client privilege is not implicated where, as here, a lawyer is serving as a negotiating agent and then relays those negotiations to his client. *See Note Funding Corp. v. Bobian*

*Inv. Co., N.V.*, 1995 U.S. Dist. LEXIS 16605, *9-10 (privilege did not apply where "counsel was simply reporting the positions taken by the negotiating parties on various business issues" because "reporting of developments in negotiations, if divorced from legal advice, is not protected by the privilege."); *see also Tvt Records, Inc. v. Island Def Jam Music Group*, 214 F.R.D. 143, 147 (S.D.N.Y. 2003) (communications that "do nothing more than relay counsel's communications with a third party" were held not privileged in their entirety). The entirety of the Challenged Communication can be viewed as counsel serving a predominantly business role—████████ ████████████████████████████████████████████████.

### c. To the Extent that Privilege Attached to the Challenged Communications It Has Been Waived.

Zuffa waived any arguable claim of privilege by producing other communications by Mr. Paschall concerning the negotiations. For example, after review, Zuffa has not redacted other communications from Mr. Paschall that describe the negotiations, offer his impressions on Pride FC's concerns and strategy, and lay out Zuffa's strategic options. *See* Exhibit 1 **REDACTED** ████████████████████████████████████████████████ ████. The disclosure of these communications waives privilege as to the subject matter of the communication. *See Haigh v. Constr. Indus. & Laborers Joint Pension Trust for S. Nev.*, 2015 U.S. Dist. LEXIS 165031, *15 (D. Nev. Dec. 9, 2015) ("voluntary wavier of the attorney-client privilege waives the privilege for all communications on that subject matter").

Once waived, Zuffa cannot assert the privilege selectively. *See Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41(9th Cir. 1996) ("The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness. Its principal purpose is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable."). Thus, fairness requires that all communications concerning Zuffa's intent and the business aspects of its negotiations with Pride FC be disclosed, not just those that Zuffa has selectively disclosed. *See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 576 (N.D. Cal. 2008) ("The disclosure of confidential

information resulting in the waiver of the attorney-client privilege constitutes waiver of privilege as to communications relating to the subject matter that has been put at issue."). Zuffa seeks to do exactly that when it discloses certain parts of the communications from or to Mr. Paschall concerning the Pride FC negotiations and seeks to withhold others. Moreover, Zuffa has produced other communications suggesting—falsely, it appears—that [REDACTED]

[REDACTED]. *See* Exhibit 1 [REDACTED].

Zuffa has made its intent in entering into acquisitions such as the Pride FC purchase "at issue" and thus its attempt to selectively produce communications from its lawyers concerning its intent should be rejected. *See* Dkt. 212 at 23 ("Plaintiffs' claims are barred because Zuffa had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified."); *see Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 640 (D. Nev. 2013) (attorney-client communications must be produced when a defense makes it "at issue"). In producing communications Zuffa apparently believes support its defenses, and withholding those that demonstrate a contrary intention, Zuffa is engaging in "a classic instance of using the privilege as a sword and shield." *Phillips*, 290 F.R.D. at 640.

## IV.   CONCLUSION

For the reason set forth above, Plaintiffs respectfully ask the Court to order Zuffa to withdraw the challenged redactions to the email message and produce an appropriately modified version for the Plaintiffs' use in this litigation.

REDACTED PUBLIC COPY

DATED this 1st day of April, 2016

**JOSEPH SAVERI LAW FIRM, INC.**

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Hiba Hafiz (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

REDACTED PUBLIC COPY

**BERGER & MONTAGUE, P.C.**
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

REDACTED PUBLIC COPY

**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**LAW OFFICE OF FREDERICK S. SCHWARTZ**
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

REDACTED PUBLIC COPY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2016 a true and correct copy of **PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Matthew S. Weiler*