# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

121 SOUTH ORANGE AVENUE • SUITE 840 • ORLANDO, FL 32801 • PH 407.425.7118 • FAX 407.425.7047

March 4, 2016

**<u>Via Electronic Mail</u>**

Kevin E. Rayhill
Joseph Saveri Law Firm
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
krayhill@saverilawfirm.com

> Re:   *Le, et al. v. Zuffa, LLC*; Case No. 2:15-cv-01045-RFB-(PAL),
>       and consolidated cases

Dear Kevin,

I write in response to your letter dated February 18, 2016.

At the outset, please confirm whether Plaintiffs continue to maintain the position stated in Michael Dell'Angelo's letter of January 27, 2016 that the Protective Order entered in this case does not apply to these documents. If so, please state the basis for that position. The documents at issue were produced by Zuffa in response to RFPs that Plaintiffs propounded in this case, including without limitation Request for Production No. 54 ("All Documents provided to or received from any governmental agency (including any party to any proceeding or the Federal Trade Commission, Department of Justice, or member or committee of Congress or any state legislature or other state governmental body or agency), investigating or litigating Your business practices including any claims or investigations related to any alleged anticompetitive conduct.") Additionally, as stated in my November 2, 2015 letter accompanying the production, the documents were "designated as CONFIDENTIAL pursuant to the October 27, 2015 Protective Order entered in this case." Plaintiffs did not dispute that the production was governed by the Protective Order at the time the documents were produced to you, and waited almost three months to assert such a claim.

As we noted to Plaintiffs several weeks ago, in the course of producing documents to the Federal Trade Commission during the FTC's 2011 investigation, Zuffa inadvertently produced some privileged documents that were later clawed back with the cooperation of the FTC. Based on our conversations with counsel at Axinn, Veltrop & Harkrider LLP, which represented Zuffa in the FTC's 2011 investigation, we understand that the FTC sequestered the inadvertently produced privileged material in response to the clawback letters without requiring further information. Thus, the privilege log and the production media were not necessarily updated to reflect such claw backs. The result is that the privilege log and the production data from the 2011 investigation that were provided to us contained several inadvertent omissions that we were unable to identify prior to producing these documents to Plaintiffs in this case.

BOIES,  SCHILLER  &  FLEXNER  LLP

March 4, 2016
Page 2

As part of our follow-up with Axinn, we were also able to obtain an Excel version of the privilege log, which contains tabs for privileged documents produced from Zuffa, a supplemental privilege log created for documents produced from the Strikeforce entity, as well as an index of individuals appearing in the privilege logs.  A copy of that version of the privilege log is enclosed.

With respect to your request for information to assess Zuffa's claims of privilege, we note that you are attempting to impose an additional burden not required by the Protective Order.  In fact, the Protective Order does not require Zuffa to provide such information at this time.  However, in the spirit of cooperation and towards the end of avoiding wasting the parties' and the Court's time with unnecessary briefing, Zuffa provides the following responses regarding each of the documents listed in your letter:

ZUF-000031429: As Plaintiffs acknowledge, the TIFF-view of this document was produced to Plaintiffs as a series of slipsheets stating "This document has been withheld as privilege [sic]" (see attached), and the underlying extracted text was produced inadvertently to Plaintiffs.  The inadvertent production of extracted text was remedied with a text file overlay on February 12.  As stated in the upper right hand corner of the first page of the extracted text of this document, this draft contract was prepared for an affiliate of Zuffa (PRIDE FC Worldwide Holdings, LLC) by its outside counsel at Milbank, Tweed, Hadley & McCloy LLP ("MTHM") in connection with a purchase of assets from Dream Stage Entertainment, Inc.  This document is protected by the attorney-client privilege because the document communicates confidential legal advice regarding the terms of a proposed agreement to Zuffa's affiliate from its outside counsel at Milbank. This document was the subject of a clawback letter sent by Nicholas Gaglio, counsel for Zuffa, to Christian Woolley of the FTC, on August 22, 2011.  In an August 26, 2011 reply, Mr. Woolley confirmed that the FTC had removed this document from its database and network, labeled it as privileged and sealed, and sequestered it in a secure location.  We previously provided you with copies of both of these letters on February 2, 2016.  This document was not provided in this form to anyone outside Zuffa or its outside counsel, other than inadvertently to the FTC as described above.

ZUF-000031544: Please find enclosed a redacted version of this document that has been redacted to eliminate material subject to the attorney-client privilege.  We will include this document, along with its redacted text and a load file, as part of a production that we anticipate providing to you by early next week.  As Plaintiffs acknowledge, the TIFF-view of this document was produced to Plaintiffs as a series of slipsheets stating "This document has been withheld as privilege [sic]" (see attached), and the underlying extracted text was produced inadvertently to Plaintiffs.  The inadvertent production of extracted text was remedied with a text file overlay on February 12.  As the header of this January 31, 2007 document shows, this e-mail was sent by Zuffa's outside counsel, C. Thomas Paschall of Milbank, Tweed, Hadley & McCloy LLP, to two Zuffa managers and its CEO, COO, and CFO, copying two other Milbank lawyers.  This document was not provided or disclosed to anyone outside of Zuffa or its counsel, other than inadvertently to the FTC as described herein.  This redacted portions of the e-mail are

March 4, 2016
Page 3

protected by the attorney-client privilege because they are communications between Zuffa and its counsel that reflect Mr. Paschall's confidential legal analysis and advice relating to the acquisition of PRIDE FC. This document was the subject of a clawback letter sent by Nicholas Gaglio, counsel for Zuffa, to Christian Woolley of the FTC, on August 22, 2011.  In an August 26, 2011 reply, Mr. Woolley confirmed that the FTC had removed this document from its database and network, labeled it as privileged and sealed, and sequestered it in a secure location. We previously provided you with copies of both of these letters on February 2, 2016.  This document appears as entry number 7531 on the enclosed Zuffa privilege log; however, the document's Bates number was not listed.  Provision of this document in redacted form does not waive any privilege as to the redacted material.

ZUF-00030951: As this document's header indicates, this draft document was prepared by Zuffa's outside counsel, Covington & Burling.  The document communicates to Zuffa Covington's confidential comparative analysis of four separate sets of agreements between a television network and its affiliated cable and satellite carriers in contemplation of Zuffa's possible purchase of the television network.  This document is protected by the attorney-client privilege because it communicates confidential legal analysis to Zuffa from its outside counsel. This document was not provided to anyone outside of Zuffa or its counsel, other than inadvertently to the FTC as described herein.  This document was the subject of a clawback letter sent by Nicholas Gaglio, counsel for Zuffa, to Christian Woolley of the FTC, on October 3, 2011.  We previously provided you a copy of that letter on February 2, 2016.

ZUF-00447762:  This document is a draft agreement conveying legal advice regarding fighter contracts from Kenn Ellner, vice president in charge of legal affairs at Explosion Entertainment LLC (Strikeforce), to Scott Coker, Strikeforce CEO, on November 21, 2010.  This document is protected by the attorney-client privilege and that privilege was inherited by Zuffa when an affiliate of Zuffa acquired Explosion Entertainment in 2011.  To our knowledge, this document was not provided to anyone outside Strikeforce until after the acquisition of Strikeforce by Zuffa, other than inadvertently to the FTC as described herein.  The TIFF-view of this document was produced to Plaintiffs as a slipsheet stating "DOCUMENT WITHHELD AS PRIVILEGED" (see attached), and the underlying extracted text was produced inadvertently to Plaintiffs.  The inadvertent production of extracted text was remedied with a text file overlay on February 12.  This document was included on the supplemental privilege log for documents produced by Strikeforce to the FTC and is listed as entry 592 on the Strikeforce privilege log.

ZUF-00408060:  This e-mail from Tim Bellamy, Zuffa's senior vice-president and associate general counsel, to Lawrence Epstein, Zuffa's then-general counsel (and subsequently forwarded for filing by Mr. Epstein to Zuffa's paralegal, Ms. Tracy Long) is protected by the attorney-client privilege because it assesses the merits of retaining certain outside counsel in connection with an FCC issue.  This document was not provided to anyone outside of Zuffa or its counsel, other than inadvertently to the FTC as described herein.  As Plaintiffs acknowledge, the TIFF-view of this document was produced to Plaintiffs as a slipsheet stating "DOCUMENT WITHHELD AS PRIVILEGED" (see attached), and the underlying extracted text was produced

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

March 4, 2016
Page 4

inadvertently to Plaintiffs.  The inadvertent production of extracted text was remedied with a text file overlay on February 12.

 Please let us know if you have any further questions or concerns.  To the extent Plaintiffs intend to dispute the above privilege claims, we propose that you let us know by March 11 whether you intend to bring this matter before the Court.  However, given that each of these documents contains the unmistakable indicia of attorney-client privilege, we strongly believe this issue does not require any further expenditure of time or resources from the parties or the Court.

Very truly yours,

Marcy Norwood Lynch

cc: Michael Dell'Angelo
  Joseph Saveri

# DOCUMENT FILED UNDER SEAL—REDACTED PUBLIC VERSION OF DOCUMENT

# JOSEPH SAVERI
## LAW FIRM

555 MONTGOMERY STREET
SUITE 1210
SAN FRANCISCO, CA 94111

TEL 415.500.6800
FAX 415.395.9940

March 16, 2016

**Via Electronic Mail**

Marcy Norwood Lynch
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
mlynch@bsfllp.com

Re:     Le et al. v. Zuffa, LLC, No. 2:15-cv-1045-RFB-PAL (D.- Nev.)

Dear Marcy:

I write in response to your letter dated March 4, 2016.

As an initial matter, Plaintiffs no longer maintain that the Protective Order does not apply to the documents for which Defendant is asserting privilege.

## Plaintiffs' Responses to Zuffa's Privilege Assertions.

After receiving additional information concerning the documents over which Zuffa claims privilege, Plaintiffs respond as follows:

ZUF-00031429[1] - In your letter you claim that this document "communicates confidential legal advice regarding the terms of a proposed agreement to Zuffa's affiliate from its outside counsel at Milbank." Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

ZUF-00031544[2] - This email appears to convey a discussion that occurred in a business meeting between representatives of Zuffa and

---

[1] In your March 4 letter this document is referred to as ZUF-000031429 (extra zero).

[2] In your March 4 letter this document is referred to as ZUF-000031544 (extra

Marcy Norwood Lynch
March 16, 2016
Page 2

representatives of Pride FC. Though written by an attorney, it does not convey any legal advice and clearly concerns only business matters. The party claiming privilege "must make a clear showing that the speaker made the communication for the purpose of obtaining or providing *legal* advice" *Oracle Am., Inc. v. Google Inc.*, 2011 U.S. Dist. LEXIS 121446, at *23, (N.D. Cal. Oct. 20, 2011) (emphasis in original). "[T]he communication must be between the client and lawyer for the purpose of obtaining legal advice. The fact that a person is a lawyer does not make all communications with that person privileged." *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, 2013 U.S. Dist. LEXIS 114788, *11-12 (D. Nev. Aug. 13, 2013) (quotations and citations omitted). "[C]ommunications made by and to a lawyer with respect to business matters, management decisions, or business advice are not protected by the [attorney-client] privilege." *United States v. Motorola, Inc.*, 1999 U.S. Dist. LEXIS 22864, *9 (D.D.C. May 28, 1999). This document merely records the content of a business meeting. It neither conveys nor seeks legal advice or anything legal in nature. Accordingly, Plaintiffs intend to challenge Defendant's assertion of privilege for this document.

ZUF-00030951 – This document, entitled "Summary of G4 Affiliation Agreements (Received on June 23, 2011)," contains no legal advice or opinions. It is, as its title states, nothing more than a factual summary of agreements entered into by a television station. Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

ZUF-00447762 – This document appears to be a draft contract between StrikeForce and Global Sports Group. Zuff has represented that it is an attachment to an email chain (ZUF-00447757). Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

ZUF-00408060 – This document includes a brief paragraph in which Zuffa attorney Tim Bellamy recommends an attorney he knows to handle some work for Zuffa, followed by the attorney's bio, apparently taken from his firm's website. Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the

zero).

Marcy Norwood Lynch
March 16, 2016
Page 3

designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

## Plaintiffs Have Discovered Four More Documents Which Raise Privilege Issues.

Plaintiffs want to alert you to four more documents we have found which may involve privilege issues. The first is ZUF-00283193, which has a slipsheet that reads "Document Withheld as Privileged," but which has rendered text which is viewable in our document review platform. As we have done throughout the discovery period, we have instructed our reviewers not to access this document, and are notifying you of the presence of this document in the FTC production. This document is not included in the Consolidated Privilege Logs which you sent to us on March 4. Nonetheless, while Plaintiffs do not agree with the assertion of privilege for this document, we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

Another document—ZUF-00302075—was produced with a slipsheet that reads "Document Withheld as Non-Responsive." This document also has rendered text which is viewable in our document review platform. Plaintiffs believe this document *is* responsive because it refers to an agreement with a UFC sponsor. However, Plaintiffs believe that certain communications within the document may be privileged. Zuffa may want to consider redacting any section it considers to be privileged.

ZUF-00414030 was produced with a slipsheet that reads "Document Withheld As Privileged," but which has rendered text which is viewable in our document review platform. Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

ZUF-00414198 was produced with a slipsheet that reads "Document Withheld As Privileged," but which has rendered text which is viewable in our document review platform. It appears to be an email from Michael Pine to Ike Lawrence Epstein. Plaintiffs do not agree with the assertion of privilege for this document, but we do not intend to challenge the designation as to this document. We reserve our right to challenge future privilege designations on the same grounds.

Marcy Norwood Lynch
March 16, 2016
Page 4

### Updated Documents Are No Longer Available on FTP Site.

On February 24, Plaintiffs' document-hosting vendor sought to
download updated documents Zuffa created to replace documents for
which it is asserting a claim of privilege from Defendant's ftp site. At
that time the documents were no longer available in the ftp site, though
Zuffa had given no indication that there was a sunset on their period of
availability. Plaintiffs have continued to maintain their policy of
prohibiting their reviewers from viewing these documents while their
status is in dispute. Please re-send these documents to Plaintiffs so that
we can load the updated documents into our document review platform.

Sincerely,

Kevin E. Rayhill

cc:   Joseph R. Saveri
      Eric L. Cramer
      Richard A. Koffman
      Robert C. Maysey