WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (Admitted *Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PRIVILEGED AND CONFIDENTIAL DOCUMENTS IN SUPPORT OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION** |

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, Dkt. 217 ("Protective Order"), the parties' agreement regarding the disclosure of documents during the search term testing process, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal a unredacted copies of Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation ("Zuffa's Opposition"); the Declaration of Charles Thomas Paschall in support of Zuffa's Opposition ("Paschall Declaration"); and Exhibits A, B, C, and D to the Declaration of Marcy Norwood Lynch in support of Zuffa's Opposition ("Lynch Declaration"). This motion is accompanied by the Declaration of John F. Cove, Jr. in Support of Zuffa, LLC's Motion to Seal ("Cove Declaration").

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. Dkt. 217, ¶ 14.3. Zuffa's Opposition and the Paschall Declaration each contain privileged and confidential information communicated by Zuffa's outside counsel at Milbank, Tweed, Hadley & McCloy LLP to Zuffa's managers, CEO, COO, and other Milbank lawyers, including legal advice reflecting an attorney's impressions of confidential financial and strategic business information received from Zuffa for the purpose of seeking that legal advice. The exhibits to the Lynch Declaration identified above, and information reprinted from those exhibits in Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation ("Opposition"), contain information that was exchanged with the Federal Trade Commission and was treated as confidential under 15 U.S.C. §57b-2 and 16 C.F.R. §§ 4.10-11. Because these documents implicate Zuffa's privileged and confidential information, Zuffa moves to file these exhibits and the portion of the Opposition under seal.

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of

information, including, but not limited to, trade secrets or other confidential research, development, or commercial information," as well as privileged attorney-client communications and information provided under "federal and grand jury secrecy provisions." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211, 1212 (9th Cir. 2002) (citations omitted). In light of the public interest, Zuffa has narrowly tailored its request by only sealing the Exhibits with confidential information. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

There is good cause to seal documents reflecting privileged attorney-client communications. *See JL Beverage Co., LLC v. Beam, Inc.*, No. 211-CV-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) (finding good cause to seal redacted portions of motion to protect against disclosure of attorney-client privilege and information designated confidential in the case); *Phase II Chin, LLC v. Forum Shops, LLC*, No. 2:08-CV-00162-JCM, 2010 WL 2695659, at *3 (D. Nev. July 2, 2010) (finding good cause to seal communications between attorney and client communications because the defendant's "interest in protecting legal communications between [defendant's] counsel and [defendant's] employees outweighs the general public interest in public filings"). Here, Zuffa has a substantial interest in protecting from disclosure confidential communications from its outside counsel providing legal advice to the company based that outside counsel's understanding of confidential business and financial information provided by Zuffa to its outside counsel for the purposes of receiving legal advice. Because the designated portions of Zuffa's Opposition and the Paschall Declaration contain this privileged information, Zuffa respectfully requests that it be permitted to file unredacted copies of these documents under seal.

In addition, there is also an independent source of good cause to seal these documents because they contain confidential legal and business assessments and strategy, financial information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 at *2 (D. Nev.

Apt. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies).  If Zuffa's internal legal or business strategies, its financial information, or its negotiations over the specific terms of its asset acquisitions are publicly disclosed, it could cause Zuffa competitive harm by giving competitors unfair insight into Zuffa's finances, agreements, negotiation strategy and its internal legal and business processes.  Because both the designated portions of Zuffa's Opposition and the Paschall Declaration contain this confidential information, Zuffa respectfully requests that it be permitted to file these documents under seal.

Finally, there is good cause to protect materials that were exchanged between Zuffa and the Federal Trade Commission under federal statutes and regulations provisions guaranteeing the confidentiality of those materials.  15 U.S.C. § 57b-2(c)(1) ("All information reported to or otherwise obtained by the Commission which is not subject to the requirements of subsection (b) of this section shall be considered confidential when so marked by the person supplying the information and shall not be disclosed, except in accordance with the procedures established in paragraph (2) and paragraph (3)"), 15 U.S.C. § 57b-2(f)(1) ("Any material which is received by the Commission in any investigation, a purpose of which is to determine whether any person may have violated any provision of the law administered by the Commission, and which is provided pursuant to any compulsory process . . . shall not be required to be disclosed under section 552 of Title 5, or any other provision of law."); *accord* 16 C.F.R. §4.10. Because Exhibits A, B, C & D to the Lynch Declaration were created, provided to and/or exchanged with the Federal Trade Commission under statutory assurances of confidentiality, their confidentiality should be maintained here.

///
///
///
///
///

3
MOTION TO SEAL

Zuffa therefore respectfully requests that the documents identified as Zuffa's Opposition; the Paschall Declaration; and Exhibits A, B, C, and D to the Lynch Declaration be permitted to be filed under seal.

Dated: April 11, 2016          Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ John F. Cove, Jr.
    John F. Cove, Jr.
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

John F. Cove, Jr. (*Pro Hac Vice* granted)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000; Fax: (510) 874-1460
Email: jcove@bsfllp.com

William A. Isaacson (*Pro Hac Vice* granted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727; Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
      jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300; Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **ZUFFA, LLC'S MOTION TO SEAL PRIVILEGED AND CONFIDENTIAL DOCUMENTS IN SUPPORT OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION** was served on the 11th day of April, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim
An employee of Boies, Schiller & Flexner LLP