WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (Admitted *Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF JOHN F. COVE, JR. IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PRIVILEGED AND CONFIDENTIAL DOCUMENTS IN SUPPORT OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION** |

I, John F. Cove, Jr., declare as follows:

1. I am an attorney admitted to practice before the courts in the states of California and New York and am admitted Pro Hac Vice to practice before this Court. I am a Partner in the law firm Boies, Schiller & Flexner LLP, counsel to Defendant Zuffa, LLC ("Zuffa") in this case.

2. I make this declaration in support of Zuffa's Motion to Seal Privileged and/or Confidential Documents in Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Zuffa seeks to file under seal (1) an unredacted copy of the Zuffa's Opposition to Plaintiff's Motion to Challenge Privilege Designation ("Zuffa's Opposition"); (2) an unredacted copy of the Declaration of Charles Thomas Paschall in support of Zuffa's Opposition; and (3) four exhibits identified as Exhibits A, B, C, and D to the Declaration of Marcy Norwood Lynch in support of Zuffa's Opposition. This declaration is submitted to provide the factual and legal support for the filing of this material under seal.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

5. The designated portions of the **Paschall Declaration** reflect the substance of privileged and confidential attorney-client communications between Zuffa and its outside counsel at the law firm of Milbank, Tweed, Hadley, and McCloy LLP, including a January 31, 2007 e-mail from Mr. Paschall, who at that time was a lawyer at Milbank representing Zuffa and its affiliates in the matter of acquiring assets from Dream Stage Entertainment, to Zuffa's managers, CEO, and COO, as well as two other lawyers at Milbank. That e-mail, which Plaintiffs lodged under seal as Exhibit 3 to their Motion to Challenge Privilege Designation, has been designated Confidential under the Protective Order and its privilege has been asserted at all times by Zuffa.

6. **Exhibit A to the Lynch Declaration** is a communication from Zuffa's counsel to the staff at the Federal Trade Commission in the course of Zuffa's response to a subpoena duces

tecum from the Commission made pursuant to statutory assurances of confidentiality under 15 U.S.C. § 57b-2.

7. **Exhibit B to the Lynch Declaration** is a communication from staff at the Federal Trade Commission to Zuffa's counsel in the course of Zuffa's response to a subpoena duces tecum from the Commission reflecting communications made by Zuffa to the Commission pursuant to statutory assurances of confidentiality under 15 U.S.C. § 57b-2.

8. **Exhibit C to the Lynch Declaration** is a communication from Zuffa's counsel to the staff at the Federal Trade Commission in the course of Zuffa's response to a subpoena duces tecum from the Commission made pursuant to statutory assurances of confidentiality under 15 U.S.C. § 57b-2.

9. **Exhibit D to the Lynch Declaration** contains material provided by Zuffa to the Federal Trade Commission in the course of Zuffa's response to a subpoena duces tecum from the Commission pursuant to statutory assurances of confidentiality under 15 U.S.C. § 57b-2.

10. The designated portions of **Zuffa's Opposition** contain and reflect excerpts from each of the documents containing privileged and/or confidential information described in paragraphs 6-9 above, and also excerpts from a privileged and confidential communication that was lodged under seal by Plaintiffs as Exhibit 3 to their Motion to Challenge Privilege Designation. That communication, which Plaintiffs lodged under seal as Exhibit 3 to their Motion to Challenge Privilege Designation, has been designated Confidential under the Protective Order and its privilege has been maintained by Zuffa.

11. Zuffa has taken substantial measures to preserve the confidentiality of the privileged attorney-client communication reflected in Zuffa's Opposition and the Paschall Declaration, including asserting its claim of privilege over the confidential attorney-client communications in the document, protecting the image of the communication with a slipsheet denoting the document's content as privileged, and undertaking immediate efforts to clawback the inadvertent production of its underlying text. The Declaration of Marcy Norwood Lynch (filed herewith) describes the inadvertent disclosure to the Plaintiffs of this document.

1      12.    It is my understanding that Zuffa treats as confidential legal and business assessments and strategy, financial information and communications containing financial terms, incentives and negotiations over negotiations over asset acquisitions. If Zuffa's internal legal or business strategies, its financial information, or its negotiations over the specific terms of its asset acquisitions are publicly disclosed, it could cause Zuffa competitive harm by giving competitors unfair insight into Zuffa's finances, agreements, negotiation strategy and its internal legal and business processes.

    13.    It is my understanding that Zuffa relied upon the statutory assurances of confidentiality embodied in 15 U.S.C. § 57b-2 in communicating with the FTC as reflected in the materials and information included as Exhibits A, B, C, and D to the Lynch Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 11th day of April, 2016, in Oakland, California.

                                              /s/ John F. Cove, Jr.
                                              John F. Cove, Jr.