Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:    jsaveri@saverilawfirm.com
          jdavis@saverilawfirm.com
          mweiler@saverilawfirm.com
          krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and
Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,
Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CHALLENGE PRIVILEGE DESIGNATION**<br><br>**EXPEDITED HEARING REQUESTED**<br><br>**PUBLIC COPY - REDACTED** |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ......................................................................................................................1

II. ARGUMENT .......................................................................................................................... 2

    A. Zuffa's Opposition Fails to Meet Its Burden to Show the Challenged Communications Are Privileged. ................................................................................ 2

        1. Zuffa Is Not Entitled to a Presumption of Legal Advice. ....................................... 2

        2. To the Extent A Presumption Applies It Is Overcome. ......................................... 4

            a. The First Challenged Paragraph Is Not Privileged ................................... 4

            b. The Second Challenged Paragraph Is Not Privileged ................................5

    B. Assuming the Challenged Parts of the Message Are Privileged, Privilege Is Waived.....................................................................................................................7

        1. Zuffa's Opposition Brief Demonstrates Its Intent Is at Issue.................................7

        2. Zuffa Misapprehends Plaintiffs' Arguments on Waiver. ........................................ 8

        3. Zuffa's Remaining Contentions Concerning Waiver Lack Merit............................ 9

III. CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Genentech, Inc. v. Trustees of the Univ. of Pennsylvania*,
  2011 U.S. Dist. LEXIS 123302, 2011 WL 5079531 (N.D.Cal. October 24, 2011)..................4

*Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005) ...............................................4

*In re County of Erie*, 473 F.3d 413, 419, 2007 U.S. App. LEXIS 26 (2d Cir. N.Y. 2007) ..............3

*In re Currency Conversion Fee Antitrust Litig.*,
  2002 U.S. Dist. LEXIS 21196 (S.D.N.Y. Nov. 1, 2002)....................................................6

*McWane, Inc. v. FTC*, 783 F.3d 814 (11th Cir. 2015) ......................................................................9

*Note Funding Corp. v. Bobian Inv. Co., N.V.*,
  1995 U.S. Dist. LEXIS 16605 (S.D.N.Y. Nov. 9, 1995).....................................................6

*Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615 (D. Nev. 2013) ...................................................2, 4, 8

*Schlicksup v. Caterpillar, Inc.*, 2011 U.S. Dist. LEXIS 92827 (C.D. Ill. Aug. 19, 2011) ...............6

*United States v. Chen*, 99 F.3d 1495 (9th Cir. Cal. 1996) ........................................................... 2-3

*United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002)............................3

*United States v. Ruehle*, 583 F.3d 600 (9th Cir. Cal. 2009).............................................................3

*Wellnx Life Scis. Inc. v. Iovate Health Scis. Research, Inc.*,
  2007 U.S. Dist. LEXIS 39290, 2007 WL 1573913 (S.D.N.Y. May 22, 2007) .................5

*William Inglis & Sons Baking Co. v. Continental Baking Co.*, 942 F.2d 1332 (9th Cir. 1991) ........9

*William Inglis & Sons Baking Co. v. Continental Baking Co.*, 970 F.2d 639 (9th Cir.1992) ..........9

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation fails to carry Zuffa's burden to demonstrate that challenged communications in an email from its outside counsel, Thomas Paschall, are privileged. Zuffa argues that the challenged communications are privileged because they discuss ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Zuffa's Opposition concedes that communications where Mr. Paschall is "reporting only on a position disclosed to him at a meeting" are not privileged, and has produced the email containing the challenged communications but redacted four paragraphs, the first two of which Plaintiffs challenge.[1] The logic of the distinction between legal advice and the discussion of business purposes advanced by Zuffa applies equally to the first and second challenged paragraphs. The first and second challenged paragraphs (the "challenged communications") do not contain Mr. Paschall's legal analyses or assessments concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Instead, the paragraphs simply "report" on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Zuffa Opposition's reliance on passing references to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are misplaced. The discussion of ▮▮▮▮▮ is purely ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This discussion does nothing more than set forth the parties' positions, and thus attorney-client privilege does not attach. Indeed, Zuffa's ▮▮▮ is highly relevant to this litigation, as Plaintiffs allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as part of a series "of UFC acquisitions of actual or potential rival promotions that, together, enabled the UFC to consolidate and maintain its control over the revenue-generating core of the MMA Industry" that stretched into 2011. Consolidated Complaint ("CC") ¶ 134. The challenged communications demonstrate ▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Plaintiffs do not contest Zuffa's third and fourth redacted paragraphs.

████████████████████████ and Zuffa's attempt to claim privilege is an attempt to suppress a damaging document Plaintiffs only discovered through happenstance.

Assuming *arguendo* the challenged communications are privileged, Zuffa has waived this privilege by inconsistently and strategically applying redactions. Zuffa produced the parts of Mr. Paschall's emails that ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Thus, Zuffa is engaging in "a classic instance of using the privilege as a sword and shield," producing to Plaintiffs communications with Mr. Paschall that may appear to seem supportive of their its defenses, while withholding communications that tend to prove Plaintiffs' claims by revealing Zuffa's true intentions in contemporaneous communications. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 640 (D. Nev. 2013).

## II.   ARGUMENT

### A.   Zuffa's Opposition Fails to Meet Its Burden to Show the Challenged Communications Are Privileged.

#### 1.   Zuffa Is Not Entitled to a Presumption of Legal Advice.

Zuffa cites *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. Cal. 1996), for the proposition that it is entitled to the presumption that the challenged communications were legal advice simply because they were put forth by its outside counsel. But the presumption in *Chen* does not apply here. In *Chen*, the lawyers were hired to bring their clients into compliance with regulations governing valuation of tariffs: "In this case, the attorneys were employed for their legal knowledge, to bring their clients into compliance with the law in the least burdensome way possible." *Id.*; *see also id.* at 1500 ("The act of bringing a client into compliance with the law ordinarily and properly engages the lawyer in an effort to assure the client is sanctioned no more harshly than the law requires."). Here, there was no issue of interpretation of regulations or ensuring regulatory compliance. In fact, the challenged paragraphs concern solely the content of ongoing business negotiations, including ██████████

████████████████████████████████████████████████████████████

████████████ *Chen* does not apply to such communications, which at best are a mix of business and legal services.

Zuffa's interpretation of the presumption would apply categorically to all aspects of a representation where a client hires outside counsel, including every time an attorney is hired to serve as an agent of a client at a meeting with third parties or in any other context that does not require use of the attorney's law license. The authorities on which Zuffa relies show that no such "prima facie" assumption applies, and that the *Chen* presumption is "narrow" and applies only when the court first decides the nature of the representation is to provide legal advice. *See United States v. Ruehle*, 583 F.3d 600, 608 n.8 (9th Cir. Cal. 2009) (rejecting the reading of *Chen* that "[w]here an attorney-client relationship exists, communications made in the context of that relationship are prima facie subject to the privilege" as this reading "directly conflicts with our case law.").[2] Indeed, adopting Zuffa's reading of *Chen* is at odds with precedent that holds "[t]he fact that a person is a lawyer does not make all communications with that person privileged." *Id.* at 607 (quoting *United States v. Martin*, 278 F.3d 988,999 (9th Cir. 2002)). The presumption of legal advice may apply—as in the case of *Chen*—when a lawyer is hired to bring a client into compliance with the law, or to serve as litigation counsel. But, when the purpose of the representation is ▬▬▬▬▬ (Paschall Decl. ¶ 2), and entails a lawyer's participation in the negotiation of a business transaction, no such presumption should apply.[3]

Mr. Paschall, as Zuffa concedes, was hired to perform business functions for Zuffa, including attending ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, the challenged

---

[2] Zuffa cites *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1073 (N.D. Cal. 2002) for the proposition that communications with outside counsel are presumptively privileged. Zuffa Opp. at 8. As an initial matter, the automatic application of a presumption that communications with outside counsel are legal advice was rejected in *Ruehle*. In any event, the court ordered that certain aspects of the challenged communications were "business communication and must be produced." *Id.* at 1075.

[3] *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007) is easily distinguished. The communications directly concerned application of the Fourth Amendment to the U.S. Constitution; a county's policies for compliance with the Fourth Amendment; the county's potential liability for violations of the law; and potential alternative policies and guidance about implementing those policies. *Id.* at 422. It is difficult to imagine better examples of legal advice than these communications. Moreover, the court in *County of Erie* noted that "[t]he predominant purpose of a particular document--legal advice, or not--may be informed by the overall needs and objectives that animate the client's request for advice." *Id.* at *421. Here, the "overall needs and objectives" of Mr. Paschall's services were participation as negotiator in a business transaction.

communications contain no such advice. Instead, Mr. Paschall actively participated in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 2. To the Extent A Presumption Applies It Is Overcome.

Even if a presumption applies, objective evidence overcomes the presumption. A communication between attorney and client is "not privileged where the principal purpose for making the communication' was not to secure legal advice but to secure what was essentially a business service." *Genentech, Inc. v. Trustees of the Univ. of Pennsylvania*, 2011 U.S. Dist. LEXIS 123302, 2011 WL 5079531, *2 (N.D. Cal. October 24, 2011) (internal quotation marks omitted). *Accord, Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013) ("unless . . . the primary purpose of a communication which also relates to business operations was to obtain or provide legal advice, these communications should not be shielded from discovery based on the attorney-client privilege").[5] As discussed below, the primary purpose of the first two paragraphs redacted by Zuffa concerned business operations, not legal advice.

#### a. The First Challenged Paragraph Is Not Privileged

In redacting some portions of the document, Zuffa acknowledges a distinction between "mere transmittal of information from a third party"—which is not protected—and legal advice. Zuffa Opp. at 7-8. Applying this distinction, the first challenged paragraph should not have been redacted. The first passage consists entirely of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Zuffa's reliance on *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005) is misplaced. The "counseling and planning role" involved attorneys and a witness exchanging drafts of an affidavit used in litigation in opposition to a motion for summary judgment, on which both attorneys and client had made hand-written edits and comments. *Id.* at 607. Such assistance in ongoing litigation clearly constitutes legal advice and this case has no application here.

[5] In *Genentech*, the defendant sought to withhold emails between an attorney and the client seeking information for a board presentation. *Id.* at *4. The court held that because the emails primarily concerned "business prospects and strategy" they were not privileged and had to be disclosed. *Id.* at 9.

- ██████████████████████████████████████████████
  ████████████████████
  █ ██████████████████████████████████████████████
  ████████████████████████████████████

Zuffa does not argue that the foregoing constitutes legal advice. Instead, Zuffa argues that Zuffa communicated this information to Mr. Paschall "for the purpose of seeking advice. . . ████████████████ ████████ Zuffa Opp. at 8. But Zuffa's claim is contradicted by the face of the communication and the plain meaning of language used. ████████████████████████████████████████
█████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████████████

      b. <u>The Second Challenged Paragraph Is Not Privileged</u>

Zuffa argues that the second challenged paragraph is protected by the attorney-client privilege because the communication addresses "████████████████████████████████████████
████████████████████████████ Zuffa Opp. at 11. These characterizations of the paragraph are contradicted by the paragraph itself.

The second challenged paragraph offers no advice concerning ████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████ As with the first challenged paragraph, Mr. Paschall is simply relaying what was told to him during the negotiations, *i.e.*, ████████████████████████████████████████

---

[6] Tellingly, Mr. Paschall's declaration conspicuously omits detail regarding who said what to whom, and does not address where he learned the information recited in either the first or second redacted paragraphs. Mr. Paschall's failure to disclose all of the salient facts necessary to support Zuffa's *post hoc* contentions does not support a conclusion inconsistent with a fair reading of the face of the communication.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This is not legal advice, but the recitation of the negotiation.[7]

Similarly, the second challenged paragraph does not explain, or provide any advice concerning, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Further, Zuffa argues that "[a] lawyer's advice as to the legal effect of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is quintessential legal advice." Zuffa Opp. at 9. This statement may be true, but has no application here. Mr. Paschall offers no such advice on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, even assuming Mr. Paschall may have provided such advice on some other occasion—in reference to some other document or issue not in the record—it does not follow that "both [the legal advice] and the client communications in furtherance of obtaining the advice are privileged." *Id.* Were that the case, communications concerning business matters that were contained in an email "in furtherance" of legal advice would be privileged—and Zuffa's decision to redact and produce the rest of Mr. Paschall's email demonstrate this is not so. Indeed, Zuffa seeks to extend the legal standard such that it would improperly eliminate the distinction between business and legal advice. *See Schlicksup v. Caterpillar, Inc.*, 2011 U.S. Dist. LEXIS 92827, *17 (C.D. Ill. Aug. 19, 2011) ("Many of the

---

[7] *Wellnx Life Scis. Inc. v. Iovate Health Scis. Research, Inc.*, 2007 U.S. Dist. LEXIS 39290, 2007 WL 1573913 (S.D.N.Y. May 22, 2007) is inapposite because it concerns instructions from a client concerning the drafting of legal instruments, and a request for legal advice. There, the court held an email corporate executives sent their outside counsel with a list of terms they wanted "incorporated into an agreement which was then under negotiation" was privileged. *Id.* at *7. The communication itself explicitly sought legal advice. Mr. Paschall is not responding to request to create a legal instrument, but is simply reporting on the negotiations.

documents at issue involve devising, presenting, and implementing the business transaction, not the providing confidential legal advice. [sic] Legal advice was of course necessary to implement parts of the plan, but that does not protect the entire transaction under the attorney-client privilege.").[8]

Elsewhere in the Opposition, Zuffa concedes the distinction between an attorney "reporting only on a position disclosed to him at a meeting," which is not privileged, and "his own assessment of the opportunity," which may be. Zuffa Opp. at 12 n.3. Applying this logic to the second challenged paragraph it follows that the communication is not privileged. Mr. Paschall merely ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Even if Zuffa's rationale were credited, it would not even apply to the first part of the second challenged paragraph, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

### B. Assuming the Challenged Parts of the Message Are Privileged, Privilege Is Waived.

#### 1. Zuffa's Opposition Brief Demonstrates Its Intent Is at Issue.

Zuffa's Opposition elides conflicting factual statements, conveyed by its attorney in the same email that has the challenged communications, that are the basis for Plaintiffs' waiver arguments. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Weiler Decl., Ex. 1. Such denials are not an isolated event. *See* Weiler Decl., Ex. 2 (Dana White insists "[UFC] didn't kill Pride"). ▉▉▉▉▉▉▉▉▉ Without addressing these statements, Zuffa's opposition fails to put Plaintiffs' arguments in context.

---

[8] Zuffa's Opposition ignores *Schlicksup*, conceding its application here. Zuffa similarly ignores *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. LEXIS 21196 (S.D.N.Y. Nov. 1, 2002) and *Note Funding Corp. v. Bobian Inv. Co., N.V.*, 1995 U.S. Dist. LEXIS 16605 (S.D.N.Y. Nov. 9, 1995), both of which discuss the distinction between business and legal advice.

1  Mr. Paschall's communication ███████████████████████████████████ could
2  not be meaningfully cross-examined without the other communications on the subject of ████
3  Zuffa dismisses Plaintiffs' arguments that ██████████████████████████████████
4  ████████████████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ████████████████████

10  Zuffa's *own opposition* brief makes it clear that ██████████████████████████████
11  will be a contested issue. Zuffa Opp. at 8 n.2 Accordingly, Zuffa's misapplies *Phillips v. C.R. Bard,*
12  *Inc.*, 290 F.R.D. 615, in arguing it supports suppression of the challenged communication. Although
13  *Phillips* denied, without prejudice, a plaintiff's attempt to obtain production of a "broad category" of
14  documents when it was unclear a defendant would be relying on any certain documents in support of an
15  affirmative defense, there is one certain document at issue here. *Id.* at 641.

### 2. Zuffa Misapprehends Plaintiffs' Arguments on Waiver.

17  Zuffa argues that there is no waiver for the "simple" reason that "the unredacted parts of the
18  document are not privileged." Zuffa Opp. at 11. Zuffa misconstrues Plaintiffs' position concerning
19  waiver of attorney-client privilege. Plaintiffs' position is *not* that the communications discussing ██
20  ████████████████████████████████████████████████████████████████████
21  ██████████████████████████████████████████████████████████████████
22  ████████████████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████████████████████
24  ██████████████████████████████████

25  All of Zuffa's authorities are distinguishable on the basis that they did not concern an attempt
26  by a party to claim privilege over some aspects of the subject matter of a communication, and then
27  produce communications on the same subject matter without asserting privilege. That's what Zuffa did
28  here, however. Zuffa disclosed some communications purporting to show ██████████████████

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Zuffa contends that Plaintiffs' position would have "absurd consequences" because parties would not be able to redact privileged portions from otherwise non-privileged communications. Zuffa Opp. at 12. Not so. Plaintiffs do not argue that producing unredacted non-privileged communications regarding aspects of ▓▓▓▓ waives privilege as to all of the other parts of the email. In fact, Plaintiffs *concede* that communications related to ▓▓▓▓ are privileged. *See* Pls.'s Mot. at 5.[9]

### 3. Zuffa's Remaining Contentions Concerning Waiver Lack Merit.

Zuffa makes several additional arguments related to waiver of privilege, none of which are availing.

*First*, Zuffa's argument that Plaintiffs have the burden of proving anticompetitive conduct has no bearing on whether ▓▓▓▓ is at issue. In a Section 2 case, anticompetitive intent is relevant and admissible. *See William Inglis & Sons Baking Co. v. Continental Baking Co.*, 942 F.2d 1332, 1337 (9th Cir. 1991) (plaintiff was "entitled to demonstrate the necessary effect [*i.e.*, the anticompetitive effect of discriminatory pricing] through a showing of anticompetitive intent.") (partially vacated on other grounds by *William Inglis & Sons Baking Co. v. Continental Baking Co.*, 970 F.2d 639 (9th Cir.1992)); *McWane, Inc. v. FTC*, 783 F.3d 814, 840 (11th Cir. 2015) ("the clear anticompetitive intent behind the Full Support Program also supports the inference that it harmed competition. Anticompetitive intent alone, no matter how virulent, is insufficient to give rise to an antitrust violation. But, as this Court has said, '[e]vidence of intent is highly probative 'not because a good intention will save an otherwise objectionable regulation or the reverse; but because knowledge of intent may help the court to interpret facts and to predict consequences.'"). Whether the issue is an affirmative defense as Zuffa has pled it or an element of Plaintiffs' claim, Zuffa's strategic use of redaction puts the issue in play.

---

[9] Plaintiffs have no quarrel with Zuffa's contention that it can redact legal advice from an otherwise non-privileged email. Thus, Zuffa's authorities concerning the ability to redact emails with a mix of business and legal advice have no application. *See* Zuffa Opp. at 11-12.

1  *Second*, Zuffa argues that its only "true affirmative defense" related to ███████████ is
2  the statute of limitations (Zuffa Opp. at 14 n.4), but this contention only underscores why the evidence
3  Zuffa is seeking to withhold is so important. If, as Mr. Paschall's email suggests, ███████████
4  ████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ███████████████████████████████████████. The email Zuffa is now
9  attempting to suppress demonstrates the connection Plaintiffs allege.
10  *Third*, contrary to Zuffa's contention, Plaintiffs are not seeking "all documents related to
11  acquisitions of other promoters." Zuffa Opp. at 14. Although the same issues could pertain to other
12  legal engagements, this motion relates solely to the challenged communication with Mr. Paschall.

### III. CONCLUSION

The Court should order Zuffa to produce the first and second paragraphs of the challenged communication for the Plaintiffs' use in this litigation.

| | | |
|---|---|---|
| Dated: April 18, 2016 | | Respectfully Submitted,<br>JOSEPH SAVERI LAW FIRM, INC.<br><br>By:  /s/ Joseph R. Saveri<br>          Joseph R. Saveri<br><br>Joseph R. Saveri (admitted *pro hac vice*)<br>Joshua P. Davis (admitted *pro hac vice*)<br>Matthew S. Weiler (admitted *pro hac vice*)<br>Kevin E. Rayhill (admitted *pro hac vice*)<br>555 Montgomery Street, Suite 1210<br>San Francisco, California 94111<br>Phone: (415) 500-6800/Fax: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>jdavis@saverilawfirm.com<br>mweiler@saverilawfirm.com<br>krayhill@saverilawfirm.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*<br><br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>Benjamin D. Brown (admitted pro hac vice)<br>Richard A. Koffman (admitted pro hac vice)<br>Hiba Hafiz (admitted pro hac vice)<br>1100 New York Ave., N.W., Suite 500, East Tower<br>Washington, DC 20005<br>Phone: (202) 408-4600/Fax: (202) 408 4699<br>bbrown@cohenmilstein.com<br>rkoffman@cohenmilstein.com<br>hhafiz@cohenmilstein.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*<br><br>BERGER & MONTAGUE, P.C.<br>Eric L. Cramer (admitted pro hac vice)<br>Michael Dell'Angelo (admitted pro hac vice)<br>Patrick Madden (admitted pro hac vice)<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Phone: (215) 875-3000/Fax: (215) 875-4604<br>ecramer@bm.net<br>mdellangelo@bm.net<br>pmadden@bm.net<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* |

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted pro hac vice)
Jerome K. Elwell (admitted pro hac vice)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted pro hac vice)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted pro hac vice)
William G. Caldes (admitted pro hac vice)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April, 2016 a true and correct copy of **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO CHALLENGE PRIVILEGE DESIGNATION—LODGED UNDER SEAL** was served via email on all parties or persons requiring notice.

By: */s/ Matthew S. Weiler*
Matthew S. Weiler