WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (*Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF THE JOINT STATUS REPORT AND EXHIBITS TO THE JOINT STATUS REPORT** |

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, Dkt. 217 ("Protective Order"), the parties' agreement regarding the disclosure of documents during the search term testing process, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal Exhibits 4 through 15, and Exhibit 17 of the parties' Joint Status Report and an unredacted copy of the Joint Status Report, which reflects confidential information from those exhibits. This motion is accompanied by the Declaration of John F. Cove, Jr. in Support of Zuffa, LLC's Motion to Seal.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. Dkt. 217, ¶ 14.3. In the parties' Joint Status Report, Plaintiffs include 13 documents as exhibits which contain confidential information regarding Zuffa's internal finances, financial terms and incentives of contractual negotiations, and business strategies and analysis. Because these documents implicate Zuffa's confidential information, Zuffa moves to file these exhibits and the portion of the Joint Status Report containing and reflecting this confidential information under seal.

Specifically, Zuffa seeks to seal the following information or exhibits:

| | |
|---|---|
| Exhibit 5 and 6 (KHENDRICK00040651) | This document includes the specific terms of a confidential contract between Zuffa and an athlete and discussion reflecting those terms. |
| Exhibit 7 (JSILVA00003855) | This document contains confidential business negotiations between an athlete's manager and Zuffa. |
| Exhibit 9 (JSILVA00022022) | This document includes the specific financial terms and incentives offered to a particular athlete during a negotiation. |
| Exhibit 8 (JSILVA00026915) | This document contains confidential business negotiations between an athlete's manager and Zuffa and internal assessment of those negotiations. |
| Exhibit 13 (KHENDRICK00057742) | This document contains confidential analysis of television ratings data by a third party data provider. |
| Exhibit 10 (KHENDRICK00091114) | This document reflects the specific financial terms of a confidential agreement between and an athlete and payments made pursuant to that confidential agreement. |
| Exhibit 12 (KHENDRICK00120249) | This document reflects confidential internal financial projections and analysis. |

| | |
|---|---|
| Exhibit 14 (KHENDRICK00133949) | This document contains confidential research and financial data and internal analysis of that data. |
| Exhibit 15 (LEPSTEIN00094219) | This document reflects confidential financial data and projections. |
| Exhibit 11 (MMERSCH00081719) | This document contains confidential business negotiations between a sponsor and Zuffa and reflects the terms of a confidential contract. |
| Exhibit 4 (MZELAZNIKLT-00025833) | This document contains a confidential internal communication from Zuffa's Chief Legal Officer to Zuffa's employees regarding the company's policy regarding the retention of confidential materials, including the identification of classes of documents regarded as confidential. |
| Exhibit 17 (ZFL-0801077) | This document contains confidential business negotiations between an athlete's manager and Zuffa and reflects the terms of a confidential contract between the athlete and Zuffa. |

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted). In light of the public interest, Zuffa has narrowly tailored its request by only sealing the Exhibits with confidential information. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

There is good cause to seal documents containing confidential business assessments and strategy, financial information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-

JCM-GWF, 2011 WL 1630338 at *2 (D. Nev. Apt. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace"). Similarly,

If Zuffa's internal business strategies, its financial information, its confidential company policies, or its negotiations over the specific terms or incentives that it offers individual athletes are publicly disclosed, it could cause Zuffa competitive harm by giving competitors unfair insight into Zuffa's finances, agreements, negotiation strategy and its internal business processes. Zuffa treats this information as confidential.

There is also good cause to protect materials that were exchanged between Zuffa and the Federal Trade Commission under federal statutory provisions guaranteeing the confidentiality of those materials. 15 U.S.C. § 57b-2(c)(1) ("All information reported to or otherwise obtained by the Commission which is not subject to the requirements of subsection (b) of this section shall be considered confidential when so marked by the person supplying the information and shall not be disclosed, except in accordance with the procedures established in paragraph (2) and paragraph (3)"), 15 U.S.C. § 57b-2(f)(1) ("Any material which is received by the Commission in any investigation, a purpose of which is to determine whether any person may have violated any provision of the law administered by the Commission, and which is provided pursuant to any compulsory process . . . shall not be required to be disclosed under section 552 of Title 5, or any other provision of law.") The March 29, 2016 Letter from John Cove to Michael Dell'Angelo ("Cove Letter") and the Exhibits to that letter referenced in the Joint Status Report contain information that provided to and/or exchanged with the Federal Trade Commission under statutory assurances of confidentiality, their confidentiality should be maintained here.

1  Furthermore, the Cove Letter and its Exhibits have also been designated as Confidential under the
2  Protective Order.
3        Finally, Zuffa, like many companies, treats its document retention policies as
4  Confidential. Courts have recognized that such policies are confidential and thus good cause
5  exists to seal Exhibits 4 through 15, and Exhibit 17. *E.g.,* Dong Ah Tire & Rubber Co. v.
6  Glasforms, Inc., No. C 06-3359 JF (RS), 2008 WL 3916093, at *2 (N.D. Cal. Aug. 25, 2008)
7  (designating company's document retention policy as confidential); *Inventio AG v. ThyssenKrupp*
8  *Elevator Americas Corp.,* No. 1:08-CV-00874-RGA, 2013 WL 4476477, at *5 (D. Del. Jan. 22,
9  2013) (acknowledging confidentiality of party's document retention policy.)
10       Zuffa respectfully requests that the designated portions of the documents identified as
11 Exhibits 4 through 15, and Exhibit 17, and an unredacted copy of the Joint Status Report be
12 permitted to be filed under seal.

Dated: April 29, 2016                    BOIES, SCHILLER & FLEXNER LLP

By: /s/ John F. Cove, Jr.
    John F. Cove, Jr.
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

John F. Cove, Jr. (*Pro Hac Vice* granted)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
Email: jcove@bsfllp.com

William A. Isaacson (*Pro Hac Vice* granted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

4
MOTION TO SEAL

| | |
|---|---|
| 1 | Donald J. Campbell #1216 |
| 2 | J. Colby Williams #5549<br>CAMPBELL & WILLIAMS |
| 3 | 700 South 7th Street<br>Las Vegas, Nevada 89101 |
| 4 | Tel: (702) 382-5222<br>Fax: (702) 382-0540 |
| 5 | Email: djc@campbellandwilliams.com<br>           jcw@campbellandwilliams.com |

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

---

5
MOTION TO SEAL