**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION**<br><br><u>**REDACTED PUBLIC COPY**</u> |

Pursuant to Section 11 of the Revised Stipulation and Protective Order issued by this Court on February 10, 2016 (ECF No. 217), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") hereby challenge the designation by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship® and UFC® ("Defendant" or "Zuffa") of the document bearing the file name MMERSCH00066967 (the "Challenged Communication") as protected by the attorney-client privilege.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The document at issue in this motion, MMERSCH00066967, is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Rayhill Declaration, Ex. 1, MMERSCH00066967. The email does not concern any legal issues, rights or remedies, nor does it seek or provide any legal advice. The sole concern of this document is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, Zuffa cannot carry its burden of showing that this email was made for the purpose of obtaining or providing legal advice.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Were Zuffa allowed to shield these types of communication, Plaintiffs would be deprived of crucial evidence.

The document was produced to Plaintiffs as part of a small exchange of sample documents that was thoroughly reviewed by Defendant's counsel for privilege, a process which was proffered by Defendant as the source of the significant delay in providing the sample to Plaintiffs. The exchange involved a small number of documents (2,000), with ample time for review—review which Defendant's counsel repeatedly stated they needed to carry out before they would produce the documents. Indeed, many of the documents produced in this sample were heavily redacted, including many communications to or from the sender and/or recipients of this email. Any claim that this document was inadvertently produced must fail because it is clear that Defendant's counsel put attorney's eyes on every document in this sample. Any attorney reviewing this document would have given it close scrutiny. The logical conclusion is that the reviewing attorney decided that the document has a pure business purpose and is therefore not privileged. This Court should reach the same conclusion.

**PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION**

## II.   BACKGROUND

### A.   Factual Background.

On April 25, Zuffa provided Plaintiffs with a sample of 2,000 documents that were pulled from the so-called "Remainder Set" of documents which did not hit on search terms proposed by Zuffa.[2] 1,500 of these documents *did* hit on Plaintiffs' search terms and 500 did not hit on Plaintiffs' search terms. Plaintiffs conducted a review of the documents and determined that many were responsive to Plaintiffs' Requests for Production and relevant to their claims, a point which Plaintiffs sought to emphasize in the Joint Status Report ("JSR") (ECF No. 244, at 19-20) and at the upcoming Status Conference with the Court. Accordingly, in one of the drafts of the JSR that Plaintiffs exchanged with Zuffa before filing with the Court, Plaintiffs identified several documents that are responsive and relevant, including MMERSCH00066967. *See* Rayhill Declaration, Ex. 2, Plaintiffs' Draft of JSR, 4/28/16 11:03 pm, at 18. After Plaintiffs identified and discussed the Challenged Communication in their draft of the JSR as provided to Zuffa, Zuffa purported to "claw back" the Challenged Communication "pursuant to Section 11 of the Protective Order" (ECF. No. 217), asserting it is protected by the attorney-client privilege and was "inadvertently produced." *See* Rayhill Declaration, Ex. 3, Lynch Email to Plaintiffs, 4/29/16, 8:50 am. Zuffa demanded that Plaintiffs remove the Challenged Communication and any discussion of its content from the JSR. Plaintiffs agreed to comply with Defendant's request due to the timing of the JSR filing, but stated their intention to challenge the clawback and privilege designation. In response, Defendant took the position that, although Defendant purported to produce the Challenged Communication as "Highly Confidential" under the Protective Order and purported to claw it back under the Protective Order, Plaintiffs' right to challenge such actions does not vest unless or until Defendant "formally produce[s] and/or list[s]" the Challenged Communication on Zuffa's privilege log. *See* Rayhill Declaration, Ex.4, Lynch Email to Plaintiffs, 4/29/16, 10:16 am.

---

[2] Zuffa maintains that its search terms are adequate and that any documents which do not yield hits for its search terms are not relevant. Plaintiffs dispute Zuffa's assertion and believe that Zuffa's search terms result in a set of documents that is far too narrow and excludes many relevant documents. In an effort to resolve this dispute, the parties agreed to run Plaintiffs' search terms against the Remainder Set. Zuffa then produced a sample of 2,000 documents from the remainder set, including 1,499 documents that were responsive to Plaintiffs' search terms.

**PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION**

**B.     The Challenged Communication Concerns Zuffa's Compensation of Fighters, Which is Clearly Material to This Case.**

Plaintiffs allege that Zuffa suppressed compensation for Elite Professional MMA Fighters. Consolidated Class Action Complaint ("CAC"), ECF. No. 208, ¶ 1. Zuffa's scheme was two-fold: it illegally acquired and maintained monopoly power in the market for promoting live Professional MMA Events, and illegally acquired and maintained monopsony power in the market for the services of Elite Professional MMA Fighters. *Id*. Zuffa used its power in these two markets to exercise control over Elite Porfessional MMA Fighters and to suppress their compensation. *Id*.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████

**C.     The Challenged Communication Evidences the Inadequacy of Defendant's Search Term Proposal**

In addition to its probative value to Plaintiffs' claims, the Challenged Communication also evidences the inadequacy of Defendant's search term proposal. The Challenged Communication was produced as part of a sample set of documents which hit on Plaintiffs' proposed search terms, but not Defendant's proposed terms. Defendant has held out its search terms as "reasonable" (e.g., ECF No. 218 at 8), but Plaintiffs have shown that Defendant's proposal is only targeted at finding documents ████████████████████████████████ E.g., First Declaration of Charles Kellner, ECF No. 221 at 5-7. The Challenged Communication shows that Defendant's proposed terms not only fail to capture documents ████████████████████████████████████████ ████████████████████████████ The clawback of the Challenged Communication occurred only after Plaintiffs identified the document in a filing to be lodged with the Court and after Plaintiffs argued that the Challenged Communication demonstrated the failure of Defendant's search terms to capture emails discussing ████████████████ However, the clawback should not be a basis to

---

[3] The timing of the clawback (after Plaintiffs demonstrated the Challenged Communication's probative value), coupled with Defendant's position that it could claw back responsive samples under the Protective Order, but that Plaintiffs cannot use the Protective Order to challenge such clawbacks, seems at best highly irregular.

4

remove the document from the Court's review of the adequacy of Defendant's search terms. Even if the Challenged Communication is privileged—and it is clearly not—the responsiveness and relevance of the document nevertheless evidences the inadequacy of Defendant's search term proposal.

## III. ARGUMENT

### A. The Attorney-Client Privilege Does Not Apply if no Legal Advice is Sought or Provided.

Zuffa bears the burden in demonstrating that the disputed communication is protected by the attorney-client privilege because "[t]he privilege stands in derogation of the public's 'right to every man's evidence' and as an obstacle to the investigation of the truth, and thus it ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quotation marks and citations omitted). Courts in the Ninth Circuit apply an eight-part test to determine whether the privilege applies: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are, at that instance, permanently protected, (7) from disclosure by the client or by the legal advisor, and (8) unless the protection is waived." *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, 2013 U.S. Dist. LEXIS 114788, at *11 (D. Nev. Aug. 13, 2013). "'The party asserting the privilege bears the burden of proving each essential element.'" *Georgia-Pacific LLC v. Officemax Inc.*, 2014 U.S. Dist. LEXIS 89735, at *8, 2014 WL 2942833 (N.D. Cal. June 30, 2014) (quoting *Ruehle* at 608).

"The attorney-client privilege . . . protects communications seeking legal advice, not business advice." *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. LEXIS 21196, at *4, (S.D.N.Y. Nov. 1, 2002); see also *United States v. Motorola, Inc.*, *supra*, 1999 U.S. Dist. LEXIS 22864, at *9 ("communications made by and to a lawyer with respect to business matters, management decisions, or business advice are not protected by the privilege"). Even where legal advice was necessary in order to implement a transaction, it does not follow that communications concerning the business rationale and strategy for the transaction are privileged. *See Schlicksup v. Caterpillar, Inc.*, 2011 U.S. Dist. LEXIS 92827, *17 (C.D. Ill. Aug. 19, 2011) ("Many of the documents at issue involve devising, presenting, and implementing the business transaction, not the providing confidential legal advice. [sic] Legal advice

was of course necessary to implement parts of the plan, but that does not protect the entire transaction under the attorney-client privilege."); *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) ("when the legal advice is merely incidental to business advice, the privilege does not apply").

This is especially so where, as here, the attorneys are in-house counsel. *See, e.g., Oracle Am., Inc. v. Google Inc.*, 2011 U.S. Dist. LEXIS 121446, at *23, (N.D. Cal. Oct. 20, 2011) ("a party attempting to demonstrate that an internal communication involving in-house counsel deserves privileged status must make a clear showing that the speaker made the communication for the purpose of obtaining or providing *legal* advice") (emphasis in original); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 628 (D. Nev. 2013). ("in-house attorneys are often very involved in the company's business, but the attorney-client privilege does not apply when the attorney is providing strictly business advice").

Zuffa cannot meet the first two elements of privilege discussed in *Elan Microelectronics Corp.* ▬

▬

▬ There are no legal issues, rights or remedies discussed or implicated. No legal advice is sought or provided. And if no legal advice was provided or sought, then ▬

▬ *See, In re Currency Conversion Fee Antitrust Litig.*, *supra*, at *4.

▬

▬

▬

▬ No legal advice was sought or given. Attorney-client privilege does not apply to this document.

**B.    If Both Legal and Business Advice are Sought or Given, the Primary Purpose Must be Legal Advice in Order for Attorney-Client Privilege to Apply.**

Even if one were to concede—which Plaintiffs do not—that there is a legal component to the email, the document would still not be privileged because Zuffa cannot show that the primary purpose of the email was to obtain legal advice. When documents contain both business and legal advice, Courts in the Ninth Circuit apply the "primary purpose" test: "when a party seeks to apply the attorney-client

privilege to a communication involving in-house counsel, it must demonstrate that the 'primary purpose' of the communication was to obtain or provide legal advice." *Phillips v. C.R. Bard, Inc.*, *supra*, at 628. *Accord United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("[i]n order to show that a communication relates to legal advice, the proponent of the privilege must demonstrate that the 'primary purpose' of the communication was securing legal advice"); *Fox v. Shinseki*, 2013 U.S. Dist. LEXIS 82087, at *3-4 (N.D. Cal. June 10, 2013). ("Regarding legal advice, the party seeking to withhold discovery must prove that the communications it seeks to protect were made primarily for the purpose of obtaining legal advice."); *Fosbre v. Las Vegas Sands Corp.*, 2016 U.S. Dist. LEXIS 5422, at *24 (D. Nev. Jan. 14, 2016) ("where the primary purpose of the communication is to discern the legal ramifications of a potential course of action, that communication is for a 'legal purpose.' Conversely, a communication is not privileged where the principal purpose for making the communication was not to secure legal advice but to secure what was essentially a business service.").

Here, there is no mention of any legal issues, rights or remedies, or of any law or statute. ▋ ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ Even if one were to argue that this somehow implicates a legal purpose, it cannot be said that the primary purpose of the email is to obtain or to give legal advice. The attorney-client privilege does not apply to this document.

### C. To the Extent that Privilege Attached to the Challenged Communications Zuffa Has Waived It By Failing to Describe the Basis for Privilege.

Under Federal Rule of Civil Procedure 26(b)(5)(A), a party seeking to withhold information on the basis of privilege must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Zuffa did expressly make the claim on April 29, but it failed to provide any information which would enable Plaintiffs to assess the claim except that the document was purportedly "inadvertently produced" and "protected from disclosure under the attorney-client privilege." Rayhill Decl., Ex. 3, Lynch Email to Plaintiffs, 4/29/16, 8:50 am. By failing to provide the information required by the Federal Rules, Zuffa has waived privilege for this document. *Bowne of New York City Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474

(S.D.N.Y. 1993) (a party who fails to "provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege" risks rejection of his claim); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d at 473 (rejecting "general allegations of privilege …not supported by information provided"); *Gail v. New Eng. Gas Co.*, 243 F.R.D. 28, 33 (D.R.I. 2007) ("failure by the party claiming privilege to adequately describe the documents at issue, to sufficiently explain the basis for the privilege, or to assert the privilege in a timely manner, may be grounds for rejecting the claim").

## IV.  CONCLUSION

Plaintiffs have shown that MMERSCH00066967 is responsive and relevant to its claims, and that the document is not privileged. For these reasons and for the reasons set forth above, Plaintiffs respectfully ask the Court to order Zuffa to withdraw the privilege designation for MMERSCH00066967, produce the document in full for all uses in this litigation, and consider the document in assessing the adequacy of Zuffa's search term proposal.

Dated:  May 6, 2016

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:     */s/Joseph R. Saveri*
         Joseph R. Saveri

Joseph R. Saveri (admitted pro hac vice)
Joshua P. Davis (admitted pro hac vice)
Matthew S. Weiler (admitted pro hac vice)
Kevin E. Rayhill (admitted pro hac vice)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted pro hac vice)
Richard A. Koffman (admitted pro hac vice)
Hiba Hafiz (admitted pro hac vice)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted pro hac vice)
Michael Dell'Angelo (admitted pro hac vice)
Patrick Madden (admitted pro hac vice)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted pro hac vice)
Jerome K. Elwell (admitted pro hac vice)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted pro hac vice)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted pro hac vice)
William G. Caldes (admitted pro hac vice)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2016 a true and correct copy of **PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION—LODGED UNDER SEAL** was served via email on all parties or persons requiring notice.

By: */s/ Kevin E. Rayhill*