| | |
|---|---|
| **From:** | Marcy Norwood Lynch |
| **To:** | Michael Dell"Angelo; Patrick Madden; John Cove; Suzanne Jaffe Nero; Kevin Rayhill |
| **Cc:** | jcw@campbellandwilliams.com; Perry Grossman; Eric Cramer; Brown, Ben; Richard A. Koffman; Hafiz, Hiba; Joseph Saveri; Kevin Rayhill; Matthew Weiler; Jerome Elwell (jelwell@WarnerAngle.com); Robert C. Maysey (rmaysey@WarnerAngle.com); DSpringmeyer@wrslawyers.com |
| **Subject:** | RE: JSR Chart |
| **Date:** | Friday, April 29, 2016 10:16:21 AM |

Michael,

The sample documents were provided to you as a courtesy to aid the parties' discussion of search terms. These sample documents were produced to you under the following condition:

These sample documents are produced for sampling purposes only, **will not constitute a waiver of Zuffa's positions regarding responsiveness, attorney-client privilege, work product, or other applicable privileges**, are not being endorsed, will be treated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only under the Protective Order, and will be returned no later than 48 hours after the Court's order regarding the applicability of search terms, unless otherwise agreed by the Parties in writing.

Your position that somehow Zuffa cannot claw back a privileged document that we produced as a courtesy to you strains credulity as does your position that the document is not privileged.  Plaintiffs will have a right to challenge Zuffa's privilege designation of this document at the time it is formally produced and/or listed on Zuffa's privilege log, subject to the parties' further discussion regarding legal custodians.

With regard to your aspersions regarding our sample production protocol, counsel took reasonable steps to prevent disclosure through a privilege and responsiveness review that occurred on an expedited basis in an attempt to provide the documents to Plaintiffs quickly after additional search terms and exclusions had been applied to the database.  Despite these reasonable steps, this document was inadvertently disclosed.

We will renumber the exhibits accordingly.

Regards,
Marcy

---

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Friday, April 29, 2016 9:25 AM
**To:** Marcy Norwood Lynch; Patrick Madden; John Cove; Suzanne Jaffe Nero; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Perry Grossman; Eric Cramer; Brown, Ben; Richard A. Koffman; Hafiz, Hiba; jsaveri@saverilawfirm.com; krayhill@saverilawfirm.com; Matthew Weiler

(MWeiler@saverilawfirm.com); Jerome Elwell (jelwell@WarnerAngle.com); Robert C. Maysey (rmaysey@WarnerAngle.com); DSpringmeyer@wrslawyers.com
**Subject:** RE: JSR Chart

Marcy:

We believe we can exchange final drafts at 10:30 am PT today. As the time approaches, we will let you know whether that becomes an issue.

Defendant's contention that it "inadvertently produced" MMERSCH00066967, strains credulity beyond breaking. Defendant has consistently taken the position that it would not produce sample documents or any other document, even tiny .png files, without a privilege review. Defendant has also repeatedly taken the position that it needed substantial time to generate sample documents because it needed to review the documents for privilege and to perform redactions. Indeed, documents within the samples were heavily redacted. Moreover, MMERSCH00066967 is not a document that could easily escape a privilege screen as it is from a lawyer to a lawyer. Nor does the document appear to be anything more than a business discussion. Thus, it is very difficult to believe that Defendant's scrupulous privilege review of a mere 2,000 documents somehow missed MMERSCH00066967 or that it is actually privileged.

Given the parties' communications regarding the sample, we question whether the terms of the Protective Order apply to the sample documents as you have asserted them. However, given the timing and the parties' need to file the JSR, we will agree to remove MMERSCH00066967 from Plaintiffs' exhibits and remove references to this document from Plaintiffs' section of the JSR on one condition. That is, if Defendant is invoking the Protective Order to claw back MMERSCH00066967, Defendant must also agree that the Protective Order applies to Plaintiffs' right to challenge the clawback and privilege designation.

We believe Plaintiffs' proposal is reasonable and accommodates Defendant's purported view. Please confirm and we will revise our section of the JSR accordingly. Since Suzanne is numbering the exhibits, we trust that she will renumber accordingly. Please let us know if that is not correct.

Finally, we believe that Plaintiffs are not precluded from stating that they believe the sample contained an additional highly relevant document that Defendant clawed back and, therefore, the substance of that document is not addressed in the JSR. We intend to draft an insert along those lines and to include it in the draft that we provide to you at 10:30 am Pacific.

Regards,

Michael

Michael Dell'Angelo
**Berger&Montague,P.C.**
1622 Locust Street
Philadelphia, PA 19103

direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

---

**From:** Marcy Norwood Lynch [mailto:mlynch@BSFLLP.com]
**Sent:** Friday, April 29, 2016 11:50 AM
**To:** Patrick Madden; Michael Dell'Angelo; John Cove; Suzanne Jaffe Nero; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Perry Grossman; Eric Cramer; Brown, Ben; Richard A. Koffman; Hafiz, Hiba; jsaveri@saverilawfirm.com; krayhill@saverilawfirm.com; Matthew Weiler (MWeiler@saverilawfirm.com); Jerome Elwell (jelwell@WarnerAngle.com); Robert C. Maysey (rmaysey@WarnerAngle.com); DSpringmeyer@wrslawyers.com
**Subject:** RE: JSR Chart

Michael and Patrick,

I don't believe we settled on a time for the final exchange for drafts this morning.  We propose 10:30 a.m. PT.

Also, please note that, pursuant to Section 11 of the Protective Order, we are clawing back sample document MMERSCH00066967 because it is an inadvertently produced document that is protected from disclosure under the attorney-client privilege.  Pursuant to the Protective Order, this document shall not be used "for any purpose until further order of the Court."  Please confirm that you will remove this document from your exhibits and remove references of this document from your section of the JSR.

Regards,
Marcy

---

**From:** Patrick Madden [mailto:pmadden@bm.net]
**Sent:** Thursday, April 28, 2016 8:08 PM
**To:** Michael Dell'Angelo; John Cove; Suzanne Jaffe Nero; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman; Eric Cramer; Brown, Ben; Richard A. Koffman; Hafiz, Hiba; jsaveri@saverilawfirm.com; krayhill@saverilawfirm.com; Matthew Weiler (MWeiler@saverilawfirm.com); Jerome Elwell (jelwell@WarnerAngle.com); Robert C. Maysey (rmaysey@WarnerAngle.com); DSpringmeyer@wrslawyers.com
**Subject:** RE: JSR Chart

Counsel –

Attached are 15 exhibits referenced in Plaintiffs' sections of the JSR.

Patrick F. Madden

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3035

pmadden@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

**From:** Michael Dell'Angelo
**Sent:** Thursday, April 28, 2016 11:07 PM
**To:** John Cove; Suzanne Jaffe Nero; Patrick Madden; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman; Eric Cramer; Brown, Ben; Richard A. Koffman; Hafiz, Hiba; jsaveri@saverilawfirm.com; krayhill@saverilawfirm.com; Matthew Weiler (MWeiler@saverilawfirm.com); Jerome Elwell (jelwell@WarnerAngle.com); Robert C. Maysey (rmaysey@WarnerAngle.com); DSpringmeyer@wrslawyers.com
**Subject:** RE: JSR Chart

John:

Attached is Plaintiffs' draft section of the JSR. As discussed today, Patrick will circulate proposed exhibits. Please circulate Defendant's draft.

Regards,

Michael

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

**From:** Michael Dell'Angelo

**Sent:** Thursday, April 28, 2016 9:21 PM
**To:** John Cove; Suzanne Jaffe Nero; Patrick Madden; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman
**Subject:** RE: JSR Chart

We will hard stop by 8:00 pm Pacific and send it earlier, if possible.

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

---

**From:** John Cove [mailto:jcove@BSFLLP.com]
**Sent:** Thursday, April 28, 2016 9:13 PM
**To:** Michael Dell'Angelo; Suzanne Jaffe Nero; Patrick Madden; krayhill@saverilawfirm.com
**Cc:** jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman
**Subject:** RE: JSR Chart

Michael,

When do you expect to have your draft section of the JSR ready to exchange?

---

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Thursday, April 28, 2016 5:42 PM
**To:** Suzanne Jaffe Nero; Patrick Madden; krayhill@saverilawfirm.com
**Cc:** John Cove; jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman
**Subject:** RE: JSR Chart

Suzanne:

Attached is Mr. Kellner's draft declaration. As discussed during the meet and confer today, we still need to review Mr. Kellner's declaration carefully. Also, we provided Mr. Kellner with the JSR chart and he is continuing to review and analyze the information. As we review with Mr. Kellner, he may have additional changes to his declaration. Plaintiffs reserve all rights.

Regards,

Michael

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

**From:** Suzanne Jaffe Nero [mailto:snero@BSFLLP.com]
**Sent:** Thursday, April 28, 2016 5:11 PM
**To:** Michael Dell'Angelo; Patrick Madden; krayhill@saverilawfirm.com
**Cc:** John Cove; jcw@campbellandwilliams.com; Marcy Norwood Lynch; Perry Grossman
**Subject:** JSR Chart

Michael,

As we discussed on the call, here is the updated chart for use in the Joint Status Report.  We believe that the chart is easier to read when it is confined to just email document numbers as opposed to the many other categories of documents (both electronic and not) at issue.  We have revised the chart accordingly.  As we discussed on the call, please feel free to give us a call if you have questions about the numbers.

Also, to spare your whole team's inboxes of iterative drafts, I've just included a smaller set of Plaintiffs' counsel on this email chain.  I trust that you can forward this along to anyone else who is working on the JSR and needs this information.

Thanks,
Suzanne

Suzanne Jaffe Nero
Associate
**BOIES, SCHILLER & FLEXNER LLP**
1999 Harrison St., Suite 900
Oakland, CA 94612
510-874-2781 (direct)
snero@bsfllp.com
**Please note the email change effective 3/29/16 for your records.
All emails sent to the prior address will be forwarded**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]