WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (*Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL) <br><br> **DECLARATION OF MARCY NORWOOD LYNCH IN SUPPORT OF ZUFFA, LLC'S OPPOSITION TO THE MOTION TO CHALLENGE PRIVILEGE DESIGNATION** |

I, Marcy Norwood Lynch, declare as follows:

1.      I am an attorney admitted to practice before the courts in the states of Florida and New York and am admitted Pro Hac Vice to practice before this Court.  I am Counsel in the law firm Boies, Schiller & Flexner LLP, counsel to Defendant Zuffa, LLC ("Zuffa") in this case.

2.      I make this declaration in support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation.  I have personal knowledge of the contents of this declaration and could and would testify thereto.

3.      As part of ongoing discussions regarding the testing and sufficiency of search terms, Zuffa has agreed to informally provide Plaintiffs with certain sample documents from Zuffa's e-mail collection in this case.  The parties agreed on conditions under which the sample documents would be provided.  On February 2, 2016, counsel for Plaintiffs, Michael Dell'Angelo, sent me and others an email setting out the parties' agreement for the provision of the first set of sample documents, which included:  "The Parties agree that the Non-Hits will be produced for sampling purposes only, will not constitute a waiver, do not need to be endorsed prior to production, will be treated as Attorneys Eyes Only and will be returned not later than 48 hours after the Court's order regarding the applicability of search terms, unless otherwise agreed by the parties in writing."

4.      After the last Status Conference, the parties agreed that Zuffa would provide an additional 2,000 sample documents to Plaintiffs using Plaintiffs' sampling protocols.  On April 4, Zuffa provided 1,817 sample documents to Plaintiffs.  Zuffa provided the remaining 183 sample documents on April 5.

5.      In providing the April 4 sample documents, I confirmed  by email to Plaintiffs' counsel the conditions under which Zuffa was providing the samples to Plaintiffs:  "These sample documents are produced for sampling purposes only, will not constitute a waiver of Zuffa's positions regarding responsiveness, attorney-client privilege, work product, or other applicable privileges, are not being endorsed, will be treated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only under the Protective Order, and will be returned no later than 48 hours after the

Court's order regarding the applicability of search terms, unless otherwise agreed by the Parties in writing." The documents provided to Plaintiffs on April 5 were produced under the same conditions.

6.     On April 8, Plaintiffs sent Zuffa a letter regarding the 2,000 sample documents, and questioned whether Plaintiffs' protocols had been correctly applied to the sample. Although Zuffa disagreed with certain of the issues raised in Plaintiffs' letter, Zuffa decided on its own accord to provide Plaintiffs with an additional 2,000 sample documents in order to ensure that Plaintiffs' stated concerns would not be an obstacle to the parties' discussions regarding search terms.

7.     Zuffa provided Plaintiffs with an additional 1,999 sample documents on April 25 and the 1 remaining sample document on April 26.

8.     As with the prior samples, I confirmed in an email to Plaintiffs' counsel that Zuffa provided the sample documents under the following conditions: "These sample documents are produced for sampling purposes only, will not constitute a waiver of Zuffa's positions regarding responsiveness, attorney-client privilege, work product, or other applicable privileges, are not being endorsed, will be treated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only under the Protective Order, and will be returned no later than 48 hours after the Court's order regarding the applicability of search terms, unless otherwise agreed by the Parties in writing."

9.     The April 25 sample set included the document at issue in Plaintiffs' Motion to Challenge Privilege Designation, which was identified in the sample production as MMERSCH00066967. At 8:03 p.m. Pacific Time the night before the Joint Status Report was due, Plaintiffs sent an email with 15 exhibits that Plaintiffs said they intended to include as exhibits to the Joint Status Report. Among these 15 exhibits was MMERSCH00066967.

10.     At 8:50 a.m. Pacific Time on April 29, I sent Plaintiffs an email informing them that MMERSCH0006967 was privileged, that it had been inadvertently produced, and that Zuffa was clawing the document back as provided for under the Protective Order.

11.     Plaintiffs' counsel responded that they "question whether the terms of the Protective Order apply to the sample documents as you have asserted them." Plaintiffs agreed to remove the exhibit "on one condition. That is, if Defendant is invoking the Protective Order to claw back MMERSCH00066967, Defendant must also agree that the Protective Order applies to Plaintiffs' right to challenge the clawback and privilege designation."

12.     I responded that Zuffa's position was that "Plaintiffs will have a right to challenge Zuffa's privilege designation of this document at the time that it is formally produced and/or listed on Zuffa's privilege log, subject to the parties' further discussion of legal custodians."

13.     Plaintiffs' counsel responded, "We reject the notion that in producing the document Defendant can require that it will be 'treated by Plaintiffs as Highly Confidential-Attorneys' Eyes Only under the Protective Order' and that Defendant can claw the document back pursuant to the Protective Order, but Plaintiffs cannot challenge the designation or claw back pursuant to the Protective Order." Plaintiffs indicated their intent to assert a challenge of this document under the Protective Order.

14.     After the e-mail correspondence described in Paragraphs 10-13 above, I did not receive any further correspondence from Plaintiffs, or engage in any further discussions with Plaintiffs, regarding this document or Plaintiffs' intention to challenge the inadvertent production of the document. To the best of my knowledge, Plaintiffs did not further discuss this issue or seek to meet and confer with counsel for Zuffa regarding the subject matter of their Motion.

15.     I have investigated the circumstances regarding the provision of sample document MMERSCH00066967. This document was properly coded as privileged by the attorney who reviewed the documents as part of the sample document review. Although the document was in the set of sample documents to be redacted prior to provision to Plaintiffs, the redactions that should have been included on this document either were not added or failed to save to the document prior to its production to Plaintiffs.

16.     Exhibit A is a true and correct copy of sample document MMERSCH00066967 that includes a date and time stamp.

17. Exhibit B is a true and correct copy of produced document ZFL-0146240. Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and LR IC 6-1, the athlete's Social Security number has been redacted from page 22 of this document.

18. Exhibit C is a true and correct copy of produced document ZFL-0945636 and one of its attachments, ZFL-0945637-61.

19. Exhibit D is a true and correct copy of produced document ZFL-0827826 and its attachment, ZFL-0827868.

20. Exhibit E is a true and correct copy of produced document ZFL-0945364.

21. Exhibit F is a true and correct copy of produced document ZFL-0146593.

*       *       *

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 13th Day of May, in Issaquah, Washington.

Marcy Norwood Lynch

4

LYNCH DECLARATION