1  WILLIAM A. ISAACSON (*Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW, Washington, DC 20015
3  Telephone: (202) 237-2727; Fax: (202) 237-6131
4
   JOHN F. COVE, JR (*Pro Hac Vice*)
5  (jcove@bsfllp.com)
   BOIES, SCHILLER & FLEXNER LLP
6  1999 Harrison Street, Suite 900, Oakland, CA 94612
7  Telephone: (510) 874-1000; Fax: (510) 874-1460

8  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
10 Telephone: (702) 382 7300; Fax: (702) 382 2755
11
   DONALD J. CAMPBELL #1216
12 (djc@campbellandwilliams.com)
   J. COLBY WILLIAMS #5549
13 (jcw@campbellandwilliams.com)
   CAMPBELL & WILLIAMS
14 700 South 7th Street, Las Vegas, Nevada 89101
15 Telephone: (702) 382-5222; Fax: (702) 382-0540

16 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC
17

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL CERTAIN MATERIALS FILED WITH PLAINTIFFS' MOTION TO CHALLENGE PRIVILEGE DESIGNATION AND ZUFFA, LLC'S OPPOSITION TO THAT MOTION** |

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order"), the parties' agreement regarding the disclosure of documents during the search term testing process, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal portions of Plaintiffs' Motion to Challenge Privilege Designation (ECF No. 251), Exhibits 1 and 2 of the Rayhill Declaration (ECF No. 251-2 and 251-3) and portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Privilege Designation and accompanying Exhibits A, B, C, D, E and F.  This motion is accompanied by the Declaration of John F. Cove, Jr. in Support of Zuffa, LLC's Motion to Seal.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information.  ECF No. 217, ¶ 14.3.  Both Plaintiffs' Motion and Zuffa's Opposition include exhibits that contain confidential information regarding the terms and language of Zuffa's agreements, communications regarding contract negotiations, and other documents reflecting confidential business strategies and analysis.  Because these materials implicate Zuffa's confidential information, Zuffa moves to file these exhibits and the portions of the Motion and Opposition relating to these exhibits under seal.

Specifically, Zuffa seeks to seal the following information or exhibits:

**Plaintiffs' Motion (ECF No. 251)**

| | |
|---|---|
| Exhibit 1 (MMERSCH00066967) (ECF 251-2) | This document contains an attorney's request for legal advice about a draft of proposed contractual language and is protected by attorney-client privilege, as well as containing Zuffa's confidential business information. |
| Exhibit 2 (Unredacted Version of Draft Joint Status Report) (ECF 251-3) | This exhibit contains a draft of the parties' Joint Status Report that contains confidential material that this Court has already Ordered to remain under seal.  ECF No. 253. |
| Portions of the Motion | Zuffa seeks to seal the portions of the Motion which contain references and citations to the abovementioned confidential material in Exhibits 1-2 as reflected in the redacted version filed with the Court. |

**Zuffa's Opposition**

| | |
|---|---|
| Exhibit A (MMERSCH00066967) | This document contains an attorney's request for legal advice about a draft of proposed contractual language and is protected by attorney-client privilege, as well as containing Zuffa's confidential business information. |
| Exhibit B (ZFL-0146240) | This document is an executed version of Zuffa's agreement with an athlete. |
| Exhibit C (ZFL-0945636-61) | This document contains information regarding negotiations over contractual terms, as well as a redline version of the agreement reflecting those negotiations. |
| Exhibit D (ZFL-0827826-28) | This document contains communications between an athlete's representative and Zuffa describing the specific financial terms and incentives of an offer an athlete received from a competitor and a Zuffa employee's internal critique regarding that offer. |
| Exhibit E (ZFL-0945634) | This document contains an athlete's representative's communications with his client regarding the confidential contract negotiations he had with Zuffa including specific details of Zuffa's communications and contract terms. |
| Exhibit F (ZFL-0146593) | This document contains Zuffa's internal business strategy regarding public communications regarding an athlete's signing. |
| Portions of the Opposition | Zuffa seeks to seal the portions of the Opposition which contain references and citations to the abovementioned confidential material in Exhibits A-F and Exhibits 1-2 of the Rayhill declaration as reflected in the redacted version filed with the Court. |

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c).  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).  In light of the public interest, Zuffa has narrowly tailored its request to seek to seal the exhibits and portions of the Motion and Opposition containing confidential information.  Redacted versions of the Motion and Opposition have been

filed for the public to view. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

There is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 at *2 (D. Nev. Apt. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

If Zuffa's internal business strategies, its contracts, or documents reflecting its negotiations over the specific terms or incentives that it offers individual athletes are publicly disclosed, it could cause Zuffa competitive harm by giving competitors unfair insight into Zuffa's finances, agreements, negotiation strategy and its internal business processes. Zuffa treats this information as confidential. Zuffa also believes that the third-party information contained in Exhibit D which reflects the specific terms and incentives offered to an athlete by a competing promoter is also typically kept confidential from public disclosure.

Zuffa respectfully requests that Exhibits 1 and 2 of the Rayhill Declaration (ECF No. 251-2 and 251-3), corresponding portions of the Motion to Challenge Privilege Designation (ECF No. 251), Exhibits A, B, C, D, E and F of the Lynch Declaration, and the portions of the Opposition to

the Motion to Challenge Privilege Designation referencing the confidential material in these Exhibits be permitted to be filed under seal.

Dated: May 13, 2016                           BOIES, SCHILLER & FLEXNER LLP


                                              By: /s/ John F. Cove, Jr.
                                                    John F. Cove, Jr.
                                              *Attorneys for Defendant* Zuffa, LLC, d/b/a
                                              Ultimate Fighting Championship and UFC

                                              John F. Cove, Jr. (*Pro Hac Vice* granted)
                                              BOIES, SCHILLER & FLEXNER LLP
                                              1999 Harrison Street, Suite 900
                                              Oakland, CA 94612
                                              Tel: (510) 874-1000
                                              Fax: (510) 874-1460
                                              Email: jcove@bsfllp.com

                                              William A. Isaacson (*Pro Hac Vice* granted)
                                              BOIES, SCHILLER & FLEXNER LLP
                                              5301 Wisconsin Ave, NW
                                              Washington, DC 20015
                                              Tel: (202) 237-2727
                                              Fax: (202) 237-6131
                                              Email: wisaacson@bsfllp.com

                                              Donald J. Campbell #1216
                                              J. Colby Williams #5549
                                              CAMPBELL & WILLIAMS
                                              700 South 7th Street
                                              Las Vegas, Nevada 89101
                                              Tel: (702) 382-5222
                                              Fax: (702) 382-0540
                                              Email: djc@campbellandwilliams.com
                                                     jcw@campbellandwilliams.com

                                              Richard J. Pocker #3568
                                              BOIES, SCHILLER & FLEXNER LLP
                                              300 South Fourth Street, Suite 800
                                              Las Vegas, NV 89101
                                              Tel: (702) 382 7300

Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

5
MOTION TO SEAL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Defendant Zuffa, LLC's Motion to Seal Certain Materials Filed With Plaintiffs' Motion to Challenge Privilege Designation and Zuffa, LLC's Opposition to That Motion** was served on May 13, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim

An employee of Boies, Schiller & Flexner, LLP
