WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (*Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF JOHN F. COVE, JR. IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL** |

COVE DECLARATION

I, John F. Cove, Jr., declare as follows:

1. I am an attorney admitted to practice before the courts in the states of California and New York and am admitted Pro Hac Vice to practice before this Court. I am a Partner in the law firm Boies, Schiller & Flexner LLP, counsel to Defendant Zuffa, LLC ("Zuffa") in this case.

2. I make this declaration in support of Zuffa's Motion to Seal Certain Materials Filed With Plaintiffs' Motion to Challenge Privilege Designation and Zuffa, LLC's Opposition to that Motion. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Zuffa seeks to file under seal (1) two exhibits identified as Exhibits 1 and 2 of the Rayhill Declaration, (2) corresponding portions of Plaintiffs' Motion to Challenge Privilege Designation referencing those exhibits, (3) six exhibits identified as Exhibits A, B, C, D, E and F to the Lynch Declaration and (4) corresponding portions of the Opposition relating to any of the 8 previously listed exhibits. This declaration is submitted to provide the factual and legal support for the filing of this material.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

5. **Exhibit 1** to the Rayhill Declaration contains an attorney's request for legal advice about a draft of proposed contractual language and is protected by attorney-client privilege, as well as containing Zuffa's confidential business information.

6. **Exhibit 2** to the Rayhill Declaration contains a draft of the parties' Joint Status Report that contains confidential material that this Court has already Ordered to remain under seal. ECF No. 253.

7. **Exhibit A** contains an attorney's request for legal advice about a draft of proposed contractual language and is protected by attorney-client privilege, as well as containing Zuffa's confidential business information.

8. **Exhibit B** is an executed version of Zuffa's agreement with an athlete.

9. **Exhibit C** contains information regarding negotiations over contractual terms, as well as a redline version of the agreement reflecting those negotiations.

10. **Exhibit D** contains communications between an athlete's representative and Zuffa describing the specific financial terms and incentives of an offer an athlete received from a competitor and a Zuffa employee's internal critique regarding that offer.

11. **Exhibit E** contains an athlete's representative's communications with his client regarding the confidential contract negotiations he had with Zuffa including specific details of Zuffa's communications and contract terms.

12. **Exhibit F** contains Zuffa's internal business strategy regarding public communications regarding an athlete's signing.

13. Zuffa also seeks to file under seal the portions of the Motion to Challenge Privilege Designation and Zuffa's Opposition to the Motion Challenging Privilege Designation that refer to the content of the exhibits described in Paragraphs 5-12.

14. It is my understanding that Zuffa treats its contracts (both executed and draft versions) and negotiations with athletes and their representatives over contractual terms and language as confidential. Zuffa also considers its internal decision-making processes and business strategies confidential. Disclosure of this information could expose Zuffa's confidential agreements including specific financial terms negotiated with an athlete, disclose Zuffa's approach to internal decision-making strategies and negotiations, as well as disclose privileged communication regarding proposed draft language of a contractual provision. This information would provide competitors with an unfair insight into Zuffa's business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 13th day of May, 2016, in Oakland, California.

/s/ John F. Cove, Jr.
John F. Cove, Jr.