WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR (*Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT ZUFFA, LLC'S PROPOSAL FOR REVIEW OF THE REMAINING FTC DOCUMENTS** |

Before the Court are the parties' competing proposals regarding the proper approach for the potential review and production of the remaining 1,711,927 documents collected during the 2011 FTC investigation (the "FTC Collection"). Of the 1.7 million documents, there are 807,836 documents from the Ordered Custodians in this case and 904,091 documents from other Zuffa and Strikeforce employees. ECF No. 255. Zuffa has already produced to the Plaintiffs the documents that were produced to the FTC during the 2011 investigation.

The parties have met and conferred and reached an agreement that Zuffa will review documents from all 14 of the previously ordered Zuffa custodians who have documents in the FTC collection. Zuffa has also agreed to review without search terms the various categories of documents for these custodians, such as scanned documents or cell phone messages, that it agreed to review with regard to other custodial documents, subject to revisiting this commitment should unanticipated issues arise. The parties agree that the search terms Zuffa previously proposed in the February and April Joint Status Reports should be applied to the Ordered Custodians' documents and to the Strikeforce employees' documents with some modifications, such as excluding certain terms such as "Strikeforce" from the Strikeforce employees' documents. The parties disagree whether other search terms should be applied to these documents. The parties also disagree as to the employees from Strikeforce whose documents should be reviewed.

The Court's ruling with regard to these documents is guided by the principle in Federal Rule of Civil Procedure 26(b)(1) which requires discovery to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

With regard to the Ordered Custodians, the Court has previously considered the proper use of search terms. ECF No. 225; May 17 Status Conference. The Court believes it is reasonable to apply the same set of Ordered Search Terms to these documents. The Ordered Search Terms consist of the search terms that Zuffa proposed in the February and April Joint

1

[Proposed] Order Granting Zuffa's Proposal for Review Of the Remaining FTC Documents

Status Reports:  (1) the Undisputed Search Terms (ECF No. 218-1); (2) Zuffa's February Search Term Proposal (ECF No. 218-2); (3) the Original FTC Search Terms (ECF No. 244-2); (4) Fighter Names Added to Original FTC Search Terms (ECF No. 244-3); and (5) Zuffa's Additional Search Terms (ECF No. 244-4).

With regard to the Strikeforce employees, the Court finds that it is reasonable and proportional to order the review of some of the documents maintained by some of the former Strikeforce employees.  The relative importance of Strikeforce's documents in relation to the needs of this case is not as great as the need for information about the defendant, Zuffa, who is alleged to have monopolized and monopsonized the markets.  Therefore, the Court orders Zuffa to identify relevant documents from the files of former Strikeforce President and CEO Scott Coker and former Strikeforce Matchmakers, Richard Chou and Bob Cook.  The Court believes that the benefit of including additional Strikeforce employees as custodians does not outweigh the burden of doing so given the relative importance of Strikeforce to this case and the Strikeforce documents that Plaintiffs already have received from the original FTC production.  In order to identify the relevant documents from the files of Mr. Coker, Mr. Chou and Mr. Cook, the Ordered Search Terms as they currently stand are inappropriate because they contain terms (such as "Strikeforce" and "Coker") that are overbroad because they encompass the names of former Strikeforce employees, as well as the names and/or domain names of Strikeforce, itself.  Instead, the Court orders that the Ordered Terms be modified to exclude the terms "Strikef*," "Explosion Entertainment," "Strikeforce," "SF," "Explosion," "Coker," "Ellner," "Chou," "Knapp" and "crazybobcook@hotmail.com" from the Ordered Terms list as applied to Mr. Coker's, Mr. Chou's and Mr. Cook's documents.

The Court understands that for documents collected in this case, Zuffa has undertaken to manually review certain categories of custodial documents that are unlikely to be captured by search terms.  The Court understands that Zuffa will take the same efforts with regard to those categories of documents collected from the FTC investigation, subject to further discussions between the parties should any issues arise and, if necessary, resolution by the Court.  The various

narrowing proposals that the parties have agreed to may also be applied to this set of documents to the extent it is practicable and efficient to do so.

Finally, the Court recognizes that Zuffa will not be able to complete the review and production of the documents subject to this order by the June 1 substantial completion deadline. Within 10 days of the entry of this order, the parties shall meet and confer regarding the appropriate deadline that should apply. Within 14 days after entry of this order, the parties shall submit a proposal as to the proper substantial completion deadline that should apply, or, if the parties cannot reach agreement, will submit competing proposals as proposed forms of order. Having considered the parties' proposals and good cause having been shown:

IT IS HEREBY ORDERED THAT:

(1) Zuffa is ordered to review the documents hit by the Ordered Search Terms from the custodial files of the Ordered Custodians in this case.

(2) Zuffa is ordered to review the documents in the files of former Strikeforce employees Scott Coker, Richard Chou and Bob Cook that are hit by the modified Ordered Search Terms as described above.

IT IS SO ORDERED.

DATED: _____   By: _____
                                                                               Hon. Peggy A. Leen
                                                                         UNITED STATES MAGISTRATE JUDGE