Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**[Proposed] ORDER DIRECTING ZUFFA, LLC TO PRODUCE CERTAIN RESPONSIVE, NON-PRIVILEGED DOCUMENTS FROM THE FTC COLLECTION** |

The parties have met and conferred and agree that Zuffa will review without search terms the various categories of documents for the Ordered Custodians and Strikeforce Custodians, such as scanned documents or cell phone messages, that it agreed to review with regard to other custodial documents.

The parties have agreed that Zuffa will review documents from all 14 of the Ordered Custodians who have documents in the FTC collection.

The parties disagree as to identity and number of Strikeforce Custodians whose documents should be reviewed. Plaintiffs requested that Defendant produce documents from 5 of the 12 Strikeforce Custodians: Scott Coker, Andrew Ebel, Mike Aframowitz, Richard Chou and Shannon Knapp. Zuffa agreed to accept two of Plaintiffs' proposed custodians, Scott Coker and Richard Chou and proposed a third custodian, Bob Cook, but refused to include Ebel, Aframowitz and Knapp.

The parties agreed that Zuffa's search terms should be applied to the Ordered Custodians and to the Strikeforce Custodians. The parties disagree whether Plaintiffs' Revised Search Terms should be applied to the Ordered Custodians and Strikeforce Custodians.

The parties agree that certain terms, specified below, such as "Strikeforce" should not be applied to the Strikeforce Custodians' documents.

**Procedural and Factual Background**

In connection with their claims under Section 2 of the Sherman Act, 15 U.S.C. § 2, Plaintiffs allege that "as part of the alleged scheme, from December 2006 to March 2011, the UFC engaged in a series of strategic acquisitions of competing MMA Promoters, culminating with its acquisition of rival MMA promotion company, Strikeforce." CAC ¶ 128. Plaintiffs further allege that as part of an anticompetitive scheme Zuffa used counterprogramming, threats to ban sponsors, and control of athletes to put Strikeforce out of business. *See* ECF No. 208, ¶¶ 128, 131, 132, 133 and 134.

On April 26, 2015, Plaintiffs served their First Set of Requests for the Production of Documents on Defendant, Zuffa LLC. (ECF No. 185, at 2). As of April 29, 2016, Defendant had identified 2,030,858 potentially responsive email documents (ECF No. 244, at 4) and hard copy file documents such as fighter files.

On December 8, 2015, the Court ordered the Defendant to produce electronically stored information ("ESI") from 22 Ordered Custodians.[1] (ECF No. 207). The Court also held it may order additional custodians if "there is some essential person that has not been identified at this stage." (ECF No. 207). The relevant time period for the discovery is January 1, 2005 to June 30, 2015. (ECF No. 200).

Defendant disclosed the time periods for which ESI was available for 9 of the 22 Ordered Custodians. According to Defendant, Defendant has employed a thorough document retention policy under which discoverable ESI during the relevant time period has been destroyed. Defendant possesses ESI for the period before 2012 for only one of the 9 Ordered Custodians, Dana White, for whom ESI exists for the period from May 2010 to July 2015.[2] (*See e.g.*, ECF No. 199, at 22-23).

On or about November 2, 2015, Defendant produced to Plaintiffs 107,646 documents previously collected and produced to the Federal Trade Commission ("FTC") in 2011 in response to subpoenas issued by the FTC in connection with its investigation of Zuffa's acquisition of the Strikeforce promotion ("FTC Production"). (ECF No. 199, at 4-5; ECF No. 185, at 13).

On May 13, 2016, less than a month before the Court's previously ordered June 1, 2016 deadline for substantial completion of production, Defendant first reported to the Court that "it had recently discovered an Early Case Assessment archive ("ECA") that Zuffa's former e-discovery vendor responsible for the [FTC Production] had maintained." (ECF No. 254).

---

[1] The Ordered Custodians are: Dana White; Lorenzo Fertitta; Kirk Hendrick; Lawrence Epstein; Michael Mersch; Marc Ratner; Michael Mossholder; Michael Pine; Sonja McKinney; Tracy Long; Tracey Bleczinski; Craig Borsari; Nakisa Bidarian; Peter Dropick; Reed Harris; Bryan Johnston; Donna Marcolini; John Mulkey; Jackie Poriadjian; Sean Shelby; Joe Silva; and Marshall Zelaznik.

[2] Pursuant to Zuffa's document retention policies "email and other documents were regularly deleted in the normal course of business prior to the filing of this litigation." (ECF No. 199, at 13). "[P]ursuant to Zuffa's established document retention policy, email boxes, computers, and personal folders on the shared drives were generally not maintained when an employee left the company unless that employee was subject to a preservation notice that temporarily suspended the destruction of documents that would otherwise be destroyed under the policy, such as the litigation holds issued beginning on December 18, 2014 in this case." (ECF No. 206, at 12).

Defendant further reported that the ECA contains a total of approximately 1.8 million documents. (ECF No. 254, at 2-3). Defendant reported that there are 37 custodians' documents in the ECA, falling into three categories as follows:

> (a) Ordered Custodians: Michael Mersch; Kirk Hendrick; Tracey Long (Tracey Hyman); Lorenzo Fertitta; Craig Borsari; John Mulkey; Peter Dropick; Bryan Johnston; Joe Silva; Lawrence Epstein; Michael Mossholder; Dana White; Reed Harris; and Sean Shelby.[3]
>
> (b) Strikeforce Custodians: Scott Coker, Chief Executive Officer; Andrew Ebel, Director of Business Operations; Mike Aframowitz, Director of Communications; Richard Chou, Matchmaker; Shannon Knapp; Jennifer Cooke, Director of Marketing; Carie A'Ana; Bob Cook, Match-up consultant; Kenn Ellner, Business Affairs and Legal Counsel, member of Strikeforce Executive Committee; "Strikeforce"; "Strikeforce Management" and "Strikeforce Shared".
>
> (c) Zuffa Employees: Edward Muncey; Doug Hartling; Chad Hurley; Tim Bellamy; Beth Turnbull; Don Gold; Elizabeth Loucher; Reid Sterett; Tara Connell; Brandon Clark and "Graphics Collateral."

The recently disclosed ECA documents were gathered from Defendant in 2011 and were not destroyed subject to Defendant's document destruction policy. *See infra* at fn. 2. The previously disclosed 2,030,858 potentially responsive documents gathered recently from Defendant are from the period from 2012 or later[4], and because of the document retention policy, there is almost no overlap between the time periods for the two sets of documents. (*Compare* ECF No. 199, at 22 with ECF No. 254, at 2-3). The allegations of the CAC primarily focus on events and occurrences during the time period of 2005 to 2012, including Defendants' acquisition of Strikeforce in 2011. (ECF No. 208, at ¶ 128). Consequently, the FTC Collection appears to be the only remaining and reasonably accessible collection of documents for much of the relevant time period.

---

[3] Defendant reported to Plaintiffs that there are no documents in the ECA for the following eight Ordered Custodians: Nakisa Bidarian, Tracy Bleczinski, Donna Marcolini, Sonja McKinney, Michael Pine, Jackie Poriadjian, Marc Ratner, and Marshall Zelaznik. (See Ex. [May 13, 2016 letter from Cove to Dell'Angelo]).

[4] With the exception of an approximately one year period for Ordered Custodian Lorenzo Fertitta and approximately one to one-and-a-half year period for Ordered Custodian Dana White.

Moreover, the FTC Collection constitutes the only known source of ESI and communications for Zuffa and Strikeforce for the period from 2005 to 2012. Plaintiffs have issued subpoenas pursuant to Fed. R. Civ. P. 45 in an attempt to obtain documents regarding Strikeforce, but the company that formerly owned Strikeforce represented to Plaintiffs' counsel it maintained few responsive documents, and that Zuffa obtained Strikeforce's books and records, including ESI, as part of the acquisition. Prior to May 13, 2016, Defendant had not identified the existence of any documents for the Strikeforce Custodians. The only Strikeforce custodian previously discussed is Scott Coker who was briefly employed by Defendant following its acquisition of Strikeforce. (*See* ECF 199 at 40 & ECF 206 at 5 & 6 n.9-11). During those discussions, Defendant indicated that it had no documents for Mr. Coker in its possession, custody or control. (*See* ECF 206 at 5 & 6 n.9-11).

Defendant has reported that the ECA contains a total of 561,892 documents belonging to the 12 Strikeforce Custodians. (*See* Ex. 1, at 2). Defendant has not reported the number of documents returned by either Zuffa's Search Terms[5] or Plaintiffs' Revised Search Terms as applied to the Strikeforce Custodians.[6] It is reasonable to conclude that this ESI is discoverable, not duplicative, and within the scope of discovery under Rule 26. Therefore, Defendant has not demonstrated that the application of either Zuffa's Search Terms or Plaintiffs' Revised Search Terms to the Strikeforce Custodians' documents in the FTC Collection will result in a burden or expense that is not proportional to the needs of the case pursuant to Fed. R. Civ. Pro. 26(b)(1).

---

[5] Zuffa's Search Terms are identified at ECF No. 244, p. 3 n.5. *See also* ECF No. 244, at pp. 43-44.

[6] The search terms following search terms may return a high number of non-discriminating hits when applied to the Strikeforce Custodians because they were designed to identify documents regarding Strikeforce in Zuffa's ESI: Strikef%, "Explosion Entertainment", Coker, Knapp, Chou, Ellner, crazybobcook@hotmail.com, SF, Kenn, Scott and Cook

Defendant has also represented that the ECA contains a total of 807,836 documents belonging to 14 of the 22 Ordered Custodians. (ECF No. 254, at 2). These documents cover the time period of 2005 to 2012 and, as noted, do not significantly overlap with the 2 million documents discussed in the parties' April 29, 2016 Joint Status Report. (*See* ECF No. 244 at 2). It is reasonable to conclude that this ESI is discoverable, not duplicative, and within the scope of discovery under Rule 26. Defendant has not demonstrated that the application of Plaintiffs' Revised Search Terms to the Ordered Custodians' documents in the FTC Collection will result in any burden or expense that is not proportional to the needs of the case pursuant to Fed. R. Civ. Pro. 26(b)(1).

Defendant has reported to Plaintiffs that Zuffa's Search Terms hit on a total of 419,035 of the 807,836 documents from the Ordered Custodians. (*See* Ex. 1, at 2). Defendant has not identified the number of additional documents, if any, that are returned by applying Plaintiffs' Revised Search Terms to the Ordered Custodians in the ECA. Defendant has not reported the number of documents that will be eliminated after the parties' agreed winnowing proposals are applied.

Defendant has reported that the ECA contains a total of 342,199 documents belonging to the 11 Zuffa Employees. (*See* Ex. 1, at 2). Defendant has not reported the number of documents returned by the application of any party's search terms to the Zuffa Employees. Defendant has also not reported the number of documents that will be eliminated after the parties' agreed winnowing proposals are applied. It is reasonable to conclude that this ESI is discoverable, not duplicative, and within the scope of discovery under Rule 26.

The ECA appears to contain discoverable ESI, responsive to Plaintiffs' requests for the production of documents. Without regard to the circumstances surrounding the late disclosure of the ECA, Plaintiffs are entitled to such documents, even if production of the documents would

necessarily occur after the Court-ordered June 1, 2016 date for substantial completion of production.[7]

**IT IS HEREBY ORDERED:**

1. Subject to the provisions of this Order, Zuffa shall produce all responsive non-privileged documents for:

   a. each of the Ordered Custodians; and

   b. five Strikeforce Custodians identified as Scott Coker, Andrew Ebel, Mike Aframowitz, Richard Chou and Shannon Knapp. ("FTC Ordered Set").

2. After application of the winnowing and deduplication protocols, Zuffa shall apply the following search term protocols to the FTC Ordered Set:

   a. the search terms used to create the Zuffa Review Set ("Zuffa's Search Terms");[8] and

   b. Plaintiffs' Revised Search Terms.[9]

Except however, Zuffa shall <u>not</u> be required to apply the following search terms to the Strikeforce Custodians: Strikef%, "Explosion Entertainment", Coker, Knapp, Chou, Ellner, crazybobcook@hotmail.com, SF, Kenn, Scott and Cook.

3. Consistent with prior orders and/or agreements of the parties in this action, Zuffa shall also review the following categories of documents within the FTC Ordered Set without the use of search terms:

   a. emails with attachments from scanner@ufc.com;

---

[7] Defendant recently acknowledged that it would not meet the June 1, 2016 deadline for previously ordered productions of documents. As such, a short extension of the deadline is appropriate.

[8] Zuffa's Search Terms are identified at ECF No. 244, p. 3 n.5. *See also* ECF No. 244, at pp. 43-44.

[9] On May 4, 2016, Plaintiffs provided Defendant with Plaintiffs' Revised Search Term Proposal. That proposal included additional multi-tiered search processes intended to address issues Defendant identified with Plaintiffs' proposal as reflected in the April 29, 2016 Joint Status Report.

          b.     emails and attachments if forwarded by a custodian to a Zuffa employee or from a Zuffa employee to a custodian that contains the phrase "Message From" in the subject line;

          c.     audio and video files; and

          d.     text messages, including those collected from devices and those sent via email servers.

If in the application of the terms of Paragraph 3 of this Order, unanticipated issue arise that create a demonstrable burden, Defendant will notify Plaintiffs and the parties will meet and confer in an effort to resolve such unanticipated issues. In the event that the parties cannot reach a resolution, they may submit the issue to the Court for resolution.

    4.     No later than May 27, 2016, the Parties shall meet and confer to evaluate whether additional methods, including but not limited to the development of search terms tailored to the Strikeforce Custodians' documents, should to be applied to the Strikeforce Custodians' documents in order to identify additional documents responsive to the subpoenas Plaintiffs issued pursuant to Fed.R.Civ.P. 45 in an attempt to obtain documents regarding Strikeforce. On June 3, 2016, the parties shall submit a Joint Status Report of no more than 10 pages, with no more than 5 pages allocated to each party, updating the Court regarding their findings and proposals.

    5.     Zuffa's production of the FTC Ordered Set shall not be bound by the June 1, 2016 deadline for substantial completion of the production of documents. Zuffa shall substantially complete production of the FTC Ordered Set, as required, pursuant to the terms of this Order, within 90 days.

**IT IS SO ORDERED**:

_____
Hon. Peggy A. Leen

UNITED STATES MAGISTRATE JUDGE

DATED:

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **[Proposed] ORDER DIRECTING ZUFFA, LLC TO PRODUCE CERTAIN RESPONSIVE, NON-PRIVILEGED DOCUMENTS** was served on May 20, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Joseph R. Saveri*
Joseph R. Saveri