CONFIDENTIAL

**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br><br>       vs. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br>           Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL) <br><br> **PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION** <br><br> **PUBLIC COPY—REDACTED** |

CONFIDENTIAL

## TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.      INTRODUCTION ...........................................................................................................1

II.     BACKGROUND .............................................................................................................3

    A.    Relevant Procedural Background. ........................................................................3

    B.    The Challenged Documents. ................................................................................ 4

        1.    The First Challenged Document: The Mercer Memo (ZFL-1824837) ................. 4

        2.    The Second Challenged Document: The Email (ZFL-1824835)............................5

        3.    The Third Challenged Document: The Mercer Presentation (ZFL-0557588) ...........................................................................................................5

    C.    Mercer (US) Inc. And The ███████████. .......................................................5

    D.    The Challenged Documents Concern ██████████████████ Which is Clearly Material to This Case. ........................................................................7

III.    ARGUMENT ................................................................................................................ 8

    A.    The Work Product Doctrine Does Not Apply To Documents That Were Not Prepared In Anticipation Of Litigation. ...................................................... 8

        1.    Legal Standard. ...................................................................................... 8

            a.    The Challenged Documents Were Not Produced For A Litigation-Related Purpose.................................................................. 9

            b.    The Challenged Documents Are Temporally Too Far Removed From Any Zuffa Litigation. ................................................ 11

            c.    The Challenged Documents Are Too Tangential to Any Litigation Purpose ........................................................................12

    B.    In The Alternative, Plaintiffs Are Entitled To The Challenged Documents Because They Have Demonstrated Substantial Need And Would Suffer Undue Hardship Because The Documents Are Not Available From Another Source.................12

    C.    In the Alternative, Zuffa Has Waived Protection Under The Work Product Doctrine Because it Has Produced Other Documents Relating To The Mercer ██████████████ ....................................................................................14

IV.     CONCLUSION. ...........................................................................................................16

**PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION**

CONFIDENTIAL

**TABLE OF AUTHORITIES**

**Page(s)**

<u>Cases</u>

*Accord Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 2011 U.S. Dist. LEXIS 116850 (S.D.N.Y. Sep. 30, 2011).................................................................................................8

*Bowne of New York City Inc. v. AmBase Corp.*, 150 F.R.D. 465 (S.D.N.Y. 1993) .......................14

*Burton v. R.J. Reynolds Tobacco Co.*, 170 F.R.D. 481 (D. Kan. 1997) ........................................9

*Cung Le v. Zuffa, LLC*, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016) ..........................1

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2009 WL 3381052 (E.D. Cal. Oct. 15, 2009).....14

*E.I. Dupont De Nemours & Co. v. Kolon Indus.*, 269 F.R.D. 600 (E.D. Va. 2010) ......................11

*Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86 (W.D. Okla. 1980) ........................................12

*Hooke v. Foss Mar. Co.*, 2014 U.S. Dist. LEXIS 50741 (N.D. Cal. Apr. 10, 2014) ............2, 8, 12

*In re EchoStar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) ...............................................14

*In re Enf't of Subpoena Issued by the FDIC*, 2011 U.S. Dist. LEXIS 69065 (N.D. Cal. June 27, 2011).................................................................................................................................12

*In re Grand Jury Subpoena*, 357 F.3d 900 (9th Cir 2003)............................................................8

*In re JDS Uniphase Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 76169 (N.D. Cal. Oct. 5, 2006).........................................................................................................................................11

*Navajo Nation v. Peabody Holding, Co., Inc.*, 255 F.R.D. 37 (D.D.C. 2009) .............................13

*Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431 (W.D.N.Y. 1997) .....................9

*Ooida Risk Retention Grp., Inc. v. Bordeaux*, 2016 U.S. Dist. LEXIS 12851 (D. Nev. Feb. 3, 2016)................................................................................................................................8, 11

*Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615 (D. Nev. 2013) .........................................................8

*Ramirez v. Olympic Health Mgmt. Sys., Inc.*, 2008 U.S. Dist. LEXIS 105474 (E.D. Wash. Dec. 23, 2008)......................................................................................................................12

*Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*, 2012 WL 3062294 (N.D. Cal. July 26, 2012).......................................................................................13, 14

*Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995)...............................................12

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41 (E.D.N.Y. 2011) ....................................8

*Smithkline Beecham Corp. v. Pentech Pharms., Inc.*, 2001 U.S. Dist. LEXIS 18281 (N.D. Ill. Nov. 5, 2001)..........................................................................................................................8

*Walker v. Cty. of Contra Costa*, 227 F.R.D. 529 (N.D. Cal. 2005)..............................................13

ii

CONFIDENTIAL

**TABLE OF AUTHORITIES (cont.)**

**Rules**

Fed. R. Civ. P. 26(b)(3) .................................................................................................................. 7, 12

**PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION**

CONFIDENTIAL

Pursuant to Section 11 of the Revised Stipulation and Protective Order issued by this Court on February 10, 2016 (ECF No. 217), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") hereby challenge the designation by Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship® and UFC® ("Defendant" or "Zuffa") of the documents (listed here in chronological order) bearing the Bates numbers ZFL-1824837[1] (a memorandum drafted by the third party human resources consulting firm requesting documents), ZFL-1824835 (an email between Zuffa's in-house counsel and outside counsel attaching the memo and scheduling a phone call), and ZFL-0557588 (a presentation prepared by a third party human resources consulting firm concerning ███ ███████████████████) (collectively, the "Challenged Documents") as protected under the work product doctrine. *See* Declaration of Kevin Rayhill In Support Of Plaintiffs' Motion To Challenge Work Product Designation ("Rayhill Decl."), p. 2, Exs. 1, 2 & 3 respectively.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

As this Court has ruled, a party may not cloak its routine business decisions in privilege claims. *See Cung Le v. Zuffa, LLC*, 2016 U.S. Dist. LEXIS 69813, *23 (D. Nev. May 26, 2016) ("Zuffa's business purpose for the acquisition—to stop others from buying Pride and to acquire Pride to shut the business down and acquire its fighters for the UFC" is not protected by the attorney-client privilege). In a transparent attempt to shield highly relevant documents that go to the heart of Plaintiffs' claims, Zuffa now attempts to misuse the work product privilege to  shield as work product a routine business study performed by a third party human resources consultant—Mercer (US) Inc. ("Mercer"). Zuffa engaged Mercer in March 2013 to produce a ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] In their letter to Plaintiffs, Zuffa stated that two documents were "inadvertently produced and protected from disclosure pursuant to the work-product doctrine." The second document, identified by the Bates range ZFL- 1824835-837 is actually two documents: an email (ZFL- 1824835-836) and attachment (ZFL- 1824837). *See* Rayhill Decl., p. 2, Ex. 4 (Zuffa Letter to Plaintiffs, August 19, 2016).

[2] *See* Rayhill Decl., p. 2, Ex. 5 (Mercer Statement of Work)

**PLAINTIFFS' MOTION TO CHALLENGE**
**WORK PRODUCT DESIGNATION**

CONFIDENTIAL

██████████████████████████████████████ On its face, it is a business-related document "that would have been created in essentially similar form irrespective" of any litigation, and thus it cannot be "protectable as work product." *Hooke v. Foss Mar. Co.*, 2014 U.S. Dist. LEXIS 50741, at *5 (N.D. Cal. Apr. 10, 2014). The ███████████████ has no reference to any pending or anticipated lawsuit, claim, or complaint.

Mercer is not a litigation consultant or a law firm. Mercer commonly provides such ████████████████ dozens of industries. Given the business nature of Mercer's consulting services and the substance and goals of the █████████████, which bear no reference to any lawsuit, claim, dispute or complaint known to have been pending at that time, the ████████ ████████ and related documents cannot be protected as work product because **they are indistinguishable** from documents created █████████████████████████████████ ███████████ [ZFL-0557595].

The documents Zuffa seeks to claw back are not protected by the work product doctrine. However, even if the documents could qualify as work product, which they cannot, they are nonetheless discoverable by Plaintiffs as none of the challenged documents contain attorneys' mental impressions, and the ██████████████ is indisputably central to Plaintiffs' claims and not available by other means without undue hardship. Plaintiffs allege that "all UFC Fighters-from the highest paid to the lowest-have had their compensation artificially reduced due to the anticompetitive scheme challenged in this Complaint." Consolidated Class Action Complaint ("CAC"), ECF. No. 208, ¶ 102. Plaintiffs allege that their pay compares unfavorably to the four major sports leagues that are part of Zuffa's ███████████████ *Id.* at ¶ 103. The ████████████████ is "[o]rdinary work product," that "may be discovered if the party seeking the discovery demonstrates a substantial need for the materials and there is no other means for obtaining that information without undue hardship." *Hooke*, *supra*, at *6-*7. Plaintiffs here can demonstrate a substantial need for these materials, and the information is not otherwise readily available.

2

CONFIDENTIAL

## II.      BACKGROUND

### A.      Relevant Procedural Background.

Among other things, Plaintiffs' Requests for Production of Documents ("RFPs") request documents analyzing the effect of contractual terms on fighter compensation or on Zuffa's strategy, revenues and profitability. *See* Rayhill Decl., p.2 Ex. 6, at p. 22, RFP No. 23. Zuffa's production of documents is ongoing, but to date it has produced only six unique documents or communications relating to the ████████████████, including the three documents it now purports to claw back. Two of the Challenged Documents were created by Mercer. The third Challenged Document is an email exchange between Zuffa Chief Legal Officer Kirk Hendrick and William Hunter Campbell, an attorney at Campbell & Williams, that attaches one of the Mercer documents and in which the two attorneys confer to schedule a telephone call with Mercer to discuss the ████████████ project.

Plaintiffs, upon discovering the documents relating to the Mercer ████████████, sought further discovery relating to the project. On July 5, 2016, Plaintiffs served notice of a 30(b)(6) deposition on Zuffa that explicitly includes work done by Mercer as a category, citing to the Statement of Work. *See* Rayhill Decl., p. 3, Ex. 7 (30(b)(6) Notice, Schedule A, p.15). The 30(b)(6) depositions are currently tentatively scheduled for the week of October 31st. On July 28, 2016, Plaintiffs notified Zuffa, pursuant to Fed.R.Civ.Pro. 45(a)(4), that Plaintiffs intended to serve a subpoena *duces tecum* on Mercer. Rayhill Decl., p. 3, Ex. 8. On July 29, 2016, Plaintiffs served the subpoena on Mercer. To date, Mercer has not produced responsive documents and Zuffa has not objected to the subpoena. On August 8 Plaintiffs served their Second Requests For Production Of Documents on Zuffa. *See* Rayhill Decl., p. 3, Ex. 9. These included a similar request, asking for all documents and communications concerning Zuffa's engagement of Mercer in connection with the "████████████ Review and Design," as well as communications with Mercer, documents and information provided to Mercer, Mercer's findings and Zuffa's response to Mercer's findings.

On August 19 Zuffa sent Plaintiffs a letter stating that they were clawing back the three Challenged Documents pursuant to the work product doctrine. *See* Rayhill Decl., p. 2, Ex. 4 (the "Clawback Letter"). On August 24, Plaintiffs notified Defendant of their intent to challenge the

CONFIDENTIAL

designation. *See* Rayhill Decl., p. 3, Ex. 10. Defendant has not, to date, attempted to claw back the

Mercer Statement of Work for the ████████████████.

**B.    The Challenged Documents.**

**1.    The First Challenged Document: The Mercer Memo (ZFL-1824837)**

Each of the Challenged Documents is directly related to the Statement of Work dated August 8,

2013 [ZFL-1007379], which references an engagement letter dated March 8, 2013.[3] Thus, each of the

Challenged Documents pertains to a project which was originally contemplated and commenced in

March 2013, more than 21 months prior to the filing of the first complaint in this litigation. Tellingly,

Zuffa has not asserted that the Statement of Work is subject to a privilege or protection.

The first Challenged Document is a memorandum created by Cathy Shepard, a Mercer

employee who is not an attorney, on September 27, 2013, nearly fifteen months before Plaintiffs filed the

first complaint in this litigation. ZFL-1824837 (the "Mercer Memo" or "Memo"). *See*, Antitrust Class

Action Complaint, ECF No. 1, Dec. 16, 2014. The Memo seeks documents and information that Mercer

intends to use to develop a "████████████████" for Zuffa, including:



<hr/>

[3] Zuffa has not produced the March 8, 2013 engagement letter nor has Zuffa indicated whether that
letter has been withheld on the basis of privilege or other protection.

CONFIDENTIAL

*Id*. Nothing on the face of this document indicates that it was prepared in anticipation of litigation or in any way involved an attorney. No attorneys or litigation are referenced, nor are any legal concepts or strategies discussed.

### 2. The Second Challenged Document: The Email (ZFL-1824835)

The Mercer Memo was attached to the second Challenged Document, an email chain between Mr. Hendrick and Mr. Campbell that took place between September 30 and October 1, 2013, again—nearly fifteen months before Plaintiffs filed their first complaint in this action. ZFL-1824835 (the "Email"). The Email begins with Mr. Campbell stating that he is "trying to schedule a call with some outside consultants" and asking Mr. Hendrick for his availability to join the call. The two exchange two emails concerning possible times for the call. In the second-to-last email Mr. Hendrick asks "what the proposed topics are, and if we need to chat before the call." Mr. Campbell replies, "I'll call you tomorrow and run through the topics, as well as what we may need on your end (also, see attached), etc." and attaches the Mercer Memo described above (ZFL-1824837).

### 3. The Third Challenged Document: The Mercer Presentation (ZFL-0557588)

The third document is a draft presentation entitled ███████████████████ ████████████████ dated March 18, 2014, nearly nine months before the first complaint was filed in this litigation. ZFL-0557588 (the "Mercer Presentation" or "Presentation"). The Presentation, which was not attached to any other document or communication, presents a status report on the progress of the ████████████, along with a summary of the methodology to be used and a list of next steps. The Presentation also discusses a ███████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Crucially, there are no legal concepts discussed in this presentation and no mention of any litigation-related purpose.

### C. Mercer (US) Inc. And The Fighter Pay Assessment.

Mercer is a human resources consulting company that describes itself as "global consulting leader in Health, Retirement, Investments and Talent" with over 20,000 employees in over forty countries. *See* Rayhill Decl., p. 3, Ex. 11 (2014 Marsh & McLennan Companies Annual Report, p. 5).

CONFIDENTIAL

Mercer offers "HR Solutions" for companies across several industries, including "compensation data to benchmark your organization against others … ." Rayhill Decl., p. 3, Ex. 12. The ███████ ███████ was led by Cathy Shepard, a Senior Rewards and Talent Management Consultant at Mercer. Rayhill Decl. p. 2, Ex. 5 (Statement of Work). Neither Ms. Shepard nor any of the three other Mercer executives engaged on the project is an attorney.



Rayhill Decl. p. 2, Ex. 5 (Statement of Work).

None of the Challenged Documents qualifies as work product. All of the information discussed above in the Challenged Documents is highly relevant to Plaintiffs' allegations and responsive to Plaintiffs' RFPs. Plaintiffs have alleged that Zuffa eliminated competition in the market for promoting Elite Professional MMA Events and acquired monopsony power in the market for Elite Professional MMA Fighters, and it used its overwhelming power in these complementary markets to suppress compensation for Plaintiffs and the members of the class. The mechanisms by which they accomplished this were varied and complex, and Plaintiffs require access to a great many data points in order to prove the illegal actions taken by Zuffa and quantify the damages suffered by Plaintiffs and the class. The ███████████ likely contains a wealth of information that Plaintiffs need in order to prove

CONFIDENTIAL

their case. Much of the information, ███████ █████████████████████

███████████████ is very likely unavailable from any other source. Plaintiffs have asked Zuffa to

produce this information.[4] Yet Plaintiffs have yet to receive the benefit of Defendant's evidence. Indeed,

Plaintiffs have been able to locate only six unique documents that reference the Mercer ████████

████████, including the three documents Zuffa now seeks to claw back. Plaintiffs have not received a

copy of the finished report or any of the data used by Mercer, and have received only two

communications with Mercer regarding the ██████████████████.

> **D.    The Challenged Documents Concern Zuffa's Compensation of Fighters, Which is Clearly Material to This Case.**

Fighter compensation is at the heart of Plaintiffs' claims against Zuffa. Plaintiffs allege that Zuffa

suppressed compensation for Elite Professional MMA Fighters. CAC, ECF. No. 208, ¶ 1. As Plaintiffs

allege, "[t]he UFC has used the ill-gotten monopoly and monopsony power it has obtained and

maintained through the scheme alleged herein to suppress compensation for UFC Fighters in the Bout

class artificially. …" *Id*., ¶ 6.

The Challenged Documents plainly concern █████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ the Challenged Documents and other related documents that may have been

withheld on similar grounds are likely relevant to a variety of issues relating to class certification.

---

[4] *See e.g.* Plaintiffs RFP No. 16, "All Documents referencing or relating to, comparing or analyzing (a) athlete compensation models, (b) athlete compensation levels and/or (c) athlete contracts or agreements of (i) different MMA promoters and promotion entities, and/or of (ii) different professional sports, including without limitation MMA, boxing, pro wrestling, football, basketball, tennis, golf, hockey, soccer and baseball." Rayhill Decl. 3, Ex. 6.

7

## III.   ARGUMENT

### A.   The Work Product Doctrine Does Not Apply To Documents That Were Not Prepared In Anticipation Of Litigation.

#### 1.   Legal Standard.

Certain documents that are prepared by or for a party in anticipation of litigation are protected from discovery by the work product doctrine. Fed. R. Civ. P. 26(b)(3). The Ninth Circuit adopts the "because of" standard to resolve claims of work product, a test that "considers the totality of the circumstances and affords protection when it can fairly be said that the 'document was created because of anticipated litigation, and **would not have been created in substantially similar form but for the prospect of that litigation**.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir 2003) (citation omitted, emphasis added).  Indeed, "documents prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protectable as work product." *Hooke*, *supra*, 2014 U.S. Dist. LEXIS 50741, at *5 (holding that defendant's Internal Incident Investigation Report relating to the disputed injury was not protected as work product). *Accord Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 2011 U.S. Dist. LEXIS 116850, at *20 (S.D.N.Y. Sep. 30, 2011) ("even where there is little doubt under the evidence that a party had the prospect of litigation in mind when it directed the preparation of the document or that such documents might also help in preparation for litigation, work product protection is not available for documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of litigation") (quotations and citations omitted); *Ooida Risk Retention Grp., Inc. v. Bordeaux*, 2016 U.S. Dist. LEXIS 12851, at *13 (D. Nev. Feb. 3, 2016) ("Documents generated in the ordinary course of business are generally not protected under the work product doctrine, even if produced at a time when litigation was anticipated.").

The threat of litigation must be clear from the document itself, otherwise the prospect of litigation is too remote to be recognized by controlling law: "[T]o be subject to work product immunity, documents must have been created in response to a substantial and significant threat of litigation, which can be shown by objective facts establishing an identifiable resolve to litigate. Documents are not work product simply because litigation is in the air or there is a remote possibility of some future litigation."

CONFIDENTIAL

*Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 635 (D. Nev. 2013) (quoting *Smithkline Beecham Corp. v. Pentech Pharms., Inc.*, 2001 U.S. Dist. LEXIS 18281, at *8 (N.D. Ill. Nov. 5, 2001)).

"[T]he party claiming the protection bears the burden of demonstrating the applicability of the work product doctrine." *Id.* Consulting work performed by a third party cannot be work product if it is the type of work routinely done on behalf of the company. *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 50 (E.D.N.Y. 2011) ("The pertinent question remains to be whether, under the specific facts of the case, the claims analysis would have been created because of anticipated litigation or whether it would have been created in the ordinary course of business.").

> ### a.   The Challenged Documents Were Not Produced For A Litigation-Related Purpose.

All three of the documents are routine business communications related to the ███████████ ███████ **None of them** have any indicia of having been prepared in anticipation of litigation. *See*, *Burton v. R.J. Reynolds Tobacco Co.*, 170 F.R.D. 481, 490 (D. Kan. 1997) (denying work product protection where the documents were created for PR purposes and "are totally devoid of any reference to any specific litigation, to the defense of litigation in general, or to legal issues"); *Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997) ("Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable.").

The Mercer Memo ZFL-1824837 concerned materials sought by Mercer for the ██████ ██████. It was **not** written by a lawyer. Mercer was to analyze this information to and make recommendations to ██████████████████████████████████ ██████████████████████ Rayhill Decl. p. 2, Ex. 5 (Statement of Work). The Memo quotes Zuffa the price for the services, describes Mercer employees who will be doing the work, and describes an overview of the work to be done. The Memo contains no mention of any litigation or legal concepts. The Memo was created in the ordinary course of business. According to the Statement of Work, ████████████████████████████████████████ ████████████████████████████████████

CONFIDENTIAL

██████████████████████████████████████████████ *Id.* at ZFL-1007381. It is plainly not

attorney work product.

Defendant also purports to assert work product protection over the email chain between Zuffa

General Counsel Kirk Hendrick and William Hunter Campbell (hereinafter "Hunter Campbell"),

which attaches the Memo. ZFL-1824835 (the "Email"). Like the Memo, the Email was created **fifteen**

**months before** this action was filed and the engagement commenced more than twenty-one months

before. The two men arrange a mutually agreeable time for a telephone call with Mercer. Mr. Hendrick

asks what the proposed topics are and Mr. Campbell responds that he will call Mr. Hendrick the

following day to discuss it. He also attaches the Mercer Memo described above. Mr. Campbell never

discusses the content of the Memo or says what will be discussed on the call. Even if the Memo

contained legal analysis or advice (it does not), the Email would not be privileged or protected because it

does nothing more than transmit the Memo. Virtually nothing of any substance is discussed in the

Email. *See,* Order Granting Motion to Challenge Privilege, ECF No. 270, p. 11 (holding that email

paragraph "merely serving as a conduit of . . . information" is not privileged). The Email arranges a

phone call for a purely business purpose, attaches a memo with a purely business purpose, and adds

nothing of substance. There are no variables here. Each of these steps taken to facilitate the ████████

████████ served the same ordinary business function. There was no anticipated litigation motivating

the endeavor. Accordingly, the Email—like the two Mercer documents—does not fall under the

protection of the work product doctrine.

The Mercer Presentation (ZFL-0557588) was created by Mercer employees, not lawyers, in or

around March 2014, **nine months before** this action was filed. The presentation indicates that Mercer

had already ████████████████████████████████████████████████



██████████████████████████████████████████████████ The

Presentation clearly shows that Mercer was creating a human resources document pertaining to

---

[5] ██████████████████████████████████████████████████, which is information Plaintiffs specifically asked Defendant to produce.

**PLAINTIFFS' MOTION TO CHALLENGE**
**WORK PRODUCT DESIGNATION**

CONFIDENTIAL



—an ordinary business activity—that was to be used for business purposes.

Noticeably absent from these statements is any mention of litigation or any other legal purpose for the project.

Plaintiffs make comparisons between Elite Professional MMA (i.e., Zuffa) and these ███████████ in their operative complaint. CAC ¶¶ 103-104.

The Memo and Presentation were created nine months or more prior to when Plaintiffs first challenged Zuffa's fighter pay through litigation, so the likelihood that the ████████████ was undertaken for a litigation purpose is vanishingly small. This is a project that was clearly commissioned for business purposes.

**b.** **The Challenged Documents Are Temporally Too Far Removed From Any Zuffa Litigation.**

All three of the Challenged Documents were created far in advance of the instant litigation, at a time when Zuffa was not engaged in any litigation regarding fighter compensation. "The 'in anticipation of litigation' requirement includes both a temporal and a motivational component." *Ooida Risk Retention Grp.,* 2016 U.S. Dist. LEXIS 12851, at *12-13. The work product doctrine "does **not** cover documents created in the ordinary course of business that **later** serve a litigation-related purpose." *E.I. Dupont De Nemours & Co. v. Kolon Indus.,* 269 F.R.D. 600, 604 (E.D. Va. 2010) (emphasis added). As discussed above, the timing of Zuffa's engagements of Mercer and the creation of the Memo and Email long before this litigation was initiated indicate that the original impetus had nothing to do with this litigation and do not relate to some later discovered litigation purpose.

CONFIDENTIAL

        **c.**    **The Challenged Documents Are Too Tangential to Any Litigation Purpose**

Zuffa has not identified any potential or actual litigation that is related to the Challenged Documents. Even assuming that the Challenged Documents were created as part of Zuffa's ███, ███████████████████████████████, the documents are so devoid of any reference to the threat of litigation that Zuffa's *post hoc* rationale should be rejected as insufficient. Any attempt to manufacture a litigation purpose for an otherwise business related document should be rejected. *In re JDS Uniphase Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 76169, *14 (N.D. Cal. Oct. 5, 2006) (rejecting "*post hoc* explanations of the work product assertion" provided by declaration and absent from the face of the challenged documents).

    **B.**    **In The Alternative, Plaintiffs Are Entitled To The Challenged Documents Because They Have Demonstrated Substantial Need And Would Suffer Undue Hardship Because The Documents Are Not Available From Another Source.**

"Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (citing *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 89 (W.D. Okla. 1980)). There are two types of work product, subject to different standards for discovery:

> 'Ordinary' work product includes raw factual information while 'opinion' work product includes mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. Ordinary work product may be discovered if the party seeking the discovery demonstrates a substantial need for the materials and there is no other means for obtaining that information without undue hardship. In contrast, opinion work product enjoys stronger protection, and it may be discovered only when mental impressions are at issue in a case and the need for the material is compelling. A party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product."

*Hooke v. Foss Mar. Co.*, 2014 U.S. Dist. LEXIS 50741, at *6-7 (N.D. Cal. Apr. 10, 2014) (citations and quotations omitted).

Even if the Court were to find the Challenged Documents to be work product, Plaintiffs should still be allowed to discover the documents (and all documents relating to the ███████████ ███████) because they have demonstrated a substantial need for the documents and will suffer

12

CONFIDENTIAL

undue hardship if access is denied. [6] Factual materials covered by the work product doctrine may be discovered if they are relevant and the party seeking the materials shows "substantial need" for the materials and "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). "The determination of substantial need depends on the facts of each case and whether the requesting party has reasonable alternatives for obtaining the equivalent." *In re Enf't of Subpoena Issued by the FDIC*, 2011 U.S. Dist. LEXIS 69065, at \*6-7 (N.D. Cal. June 27, 2011) *See also e.g.*, *Ramirez v. Olympic Health Mgmt. Sys., Inc.*, 2008 U.S. Dist. LEXIS 105474, at \*8 (E.D. Wash. Dec. 23, 2008) (finding substantial need where the documents sought were "plainly relevant and necessary for trial preparation"); *Walker v. Cty. of Contra Costa*, 227 F.R.D. 529, 537 (N.D. Cal. 2005) (finding substantial need where the documents sought "will be important in proving or disproving this affirmative defense"). Plaintiffs have a substantial need for the Challenged Documents and all documents relating to the Mercer ████████████████ because these documents go to the very core of Plaintiffs' allegations.

Here, Plaintiffs have alleged that Zuffa suppressed compensation for the Plaintiffs and the class. Fighter compensation is clearly a central issue in Plaintiffs' case. Plaintiffs have alleged and seek to prove that among other things UFC Fighter compensation is inordinately low when compared to athlete compensation in other sports. *See* CAC, ¶¶ 102-104. ████████████████████████ ███████████ Plaintiffs have alleged that Defendant has instituted a fighter compensation policy that affects all class members in the same manner – *i.e.*, a pay structure applicable to all fighters. *See* CAC, ¶¶ 40.l, 47.b. ████████████████████████████ ██████████████████████████████████████

Plaintiffs are aware of no other documents ██████████████████████ ████████████████████ Plaintiffs cannot get these documents from another source because Mercer is the only company that ██████████████████, and Mercer and Zuffa are the only entities with the

---

[6] Plaintiffs served a subpoena on Mercer on July 29, 2016. At that time, Plaintiffs were unaware that Zuffa intended to claim work product protection over the materials. To date, Mercer has not responded to the subpoena but has been given an extension until September 21, 2016 to do so.

13

CONFIDENTIAL

1   documents Plaintiffs need. If Zuffa can successfully suppress the discovery of these documents,

2   Plaintiffs' ability to fully prosecute their claims will be significantly prejudiced.

3   **C.   In the Alternative, Zuffa Has Waived Protection Under The Work Product Doctrine Because it Has Produced Other Documents Relating To The Mercer** ██████████

4

5       Even if the work product privilege could protect the Challenged Documents from discovery,

6   Zuffa has waived the protection because it has knowingly failed to clawback the Statement of Work

7   (ZFL-1007379). "The doctrine of subject matter waiver prevents a party from disclosing certain

8   privileged materials, while selectively withholding others, presumably to mislead an adversary and gain

9   an advantage." *Resilient Floor Covering Pension Fund v. Michael's Floor Covering, Inc.*, 2012 WL 3062294,

10  at *7 (N.D. Cal. July 26, 2012) (quoting *Navajo Nation v. Peabody Holding, Co., Inc.*, 255 F.R.D. 37, 47

11  (D.D.C. 2009)).[7]   In the context of work product, "waiver only extends to factual or non-opinion work

12  product concerning the same subject matter as the disclosed work product." *Duhn Oil Tool, Inc. v.*

13  *Cooper Cameron Corp.*, 2009 WL 3381052 (E.D. Cal. Oct. 15, 2009) (quoting *In re EchoStar Commc'ns*

14  *Corp.*, 448 F.3d 1294, 1301-1303 (Fed. Cir. 2006)). At a minimum, the scope of the waiver here includes

15  each of the Challenged Documents as well as any other documents containing the facts and materials on

16  which Mercer relied in conducting its ████████████████ and any documents containing or

17  disclosing Mercer's findings and recommendations reached from in connection with the ████████

18  ██████████.[8]

19

---

20  [7] Although "express disclosure of attorney work product, and more specifically opinion work product,
21  has a different effect," the Challenged Documents do not implicate such concerns. *See Resilient Floor
    Covering*, 2012 WL 3062294. The limited scope of work product waivers is based on the fact that
22  "opinion work product merely offers insight into opposing counsel's strategy, arguments, and mental
    processes." *Id.* Here, the work product at issue (to the extent it is work product at all) pertains solely to
23  a study performed by a non-lawyer consultant with no apparent opinions on the subject matter of this
    lawsuit from counsel. Regardless, where the waiver is based on selective disclosure – as it is here – this
24  limited scope does not apply. *See id.* at *7-*8.

25  [8] Likewise, Zuffa has failed to provide **any** information that would enable Plaintiffs to assess the claim
    except that the document was purportedly "inadvertently produced" and "protected from disclosure
26  pursuant to the work product doctrine." Rayhill Decl. p. 2, Ex. 4 (BSF Letter Aug. 19, 2016). A blanket
    claim of work product—rooted to no specific litigation, and with no explanation—is not enough. By
27  failing to provide the information required by the Federal Rules, Zuffa has waived privilege for this
    document. *Bowne of New York City Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (a party
28  who fails to "provide sufficient detail to demonstrate fulfillment of all the legal requirements for
    application of the privilege" risks rejection of his claim).

14

CONFIDENTIAL

Zuffa produced several documents relating to the ███████████████ including the three

Challenged Documents and the Statement of Work (ZFL-1007379). The Presentation was produced on

March 24, 2016, the Statement of Work was produced on May 18, 2016 and the Memo and Email were

produced on July 11, 2016. Plaintiffs put Zuffa on notice that Plaintiffs possessed and intended to use the

Statement of Work on July 5, 2016 when Plaintiffs specifically referenced the Statement of Work by

Bates number and title in the Notice of Deposition Pursuant to Fed R. Civ. P. 30(b)(6). The parties had

a subsequent meet and confer teleconference on July 26, 2016 to discuss the topics in the July 5 Notice.

Although Zuffa raised certain privilege issues it believed to be implicated by other topics, Zuffa did not

raise any potential issues with regard to the topic explicitly discussing the Mercer ██████████

████████ and citing the Statement of Work. On August 3, 2016, Plaintiffs served a revised Rule

30(b)(6) Notice, which again specifically referenced the Statement of Work by Bates number and title.

The parties had another meet and confer call on August 12, 2016 to discuss that Notice. Again, Zuffa

failed to raise any work product issues relating to the Statement of Work. On August 8, 2016, Plaintiffs

served their Second Set of Requests for Production of Documents which specifically requested

documents relating to the ██████████████ performed by Mercer and again specifically

referenced the Statement of Work by Bates number and title.  On August 25, 2016, the parties engaged

in a meet and confer teleconference to discuss the Second Set of Requests for Production of

Documents. Again, Zuffa did not raise any work product issues with regard to the Statement of Work. In

their August 19 letter, however, Zuffa clawed back the Memo, the Email and the Presentation, but not

the Statement of Work. To date, 57 days after Plaintiffs first put Zuffa on notice of Plaintiffs' possession

of and intent to use the Statement of Work and seek discovery on all related matters, Zuffa has yet to

seek to claw back the Statement of Work thereby waiving any claim of privilege or work product

protection associated with that document. The remaining question is the scope of that waiver.

The Statement of Work describes the ██████████████ in detail, outlining the same

██████████████ that is described in the Presentation. It provides details regarding the materials

to be collected, the methodology to be applied, and the goals for the findings. In substance it is not

significantly distinguishable from the two Mercer documents Zuffa is clawing back. Having provided

this information to Plaintiffs, Zuffa has waived the right to assert work product protection for the Memo

15

CONFIDENTIAL

and the Presentation, which address the same subject matter. Furthermore, Zuffa has waived the right to assert work product protection for any other documents containing the facts and materials on which Mercer relied in conducting its Fighter Pay Assessment and any documents containing or disclosing Mercer's findings and recommendations reached from in connection with the ████████████. Such documents contain no opinions of counsel or other content that would justify limiting the scope of the waiver.

Here, given the clear waiver of work product as to the Statement of Work, Zuffa should not be permitted to selectively waive protection as to the Statement of Work but withhold documents demonstrating the results of the project which are potentially damaging to Zuffa's defenses on the merits and potential arguments at the class certification stage.

## IV.    CONCLUSION.

The documents for which Zuffa seeks work product protection were not created in anticipation of litigation. They are standard ████████████ commonly used by companies' HR departments. For this reason and all the reasons stated above, the Court should grant Plaintiffs' motion challenging the work product designation.

16

CONFIDENTIAL

Dated:  August 31, 2016

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.


By:                    */s/ Joseph R. Saveri*
                          Joseph R. Saveri

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

**PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION**

CONFIDENTIAL

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Hiba Hafiz (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION

CONFIDENTIAL

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and
Representative Plaintiffs Cung Le, Nathan Quarry, Jon
Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2016 a true and correct copy of **PLAINTIFFS'**

**MOTION TO CHALLENGE PRIVILEGE DESIGNATION—LODGED UNDER SEAL** was

served via email on all parties or persons requiring notice.

By:   */s/ Matthew S. Weiler* _____

**PLAINTIFFS' MOTION TO CHALLENGE
WORK PRODUCT DESIGNATION**