UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CUNG LE, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ZUFFA, LLC, d/b/a UFC Ultimate Fighting Championship,<br><br>　　　　　　　　Defendant. | Lead Case No. 2:15-cv-01045-RFB-PAL[1]<br><br>**ORDER**<br><br>(Mots. to Seal – ECF Nos. 280, 289) |

This matter is before the court on the parties' Motions to Seal (ECF Nos. 280, 289). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

This is an antitrust action and the court has entered a Stipulated Protective Order (ECF No. 217) governing documentation and testimony that is confidential to the parties' internal business strategies and other sensitive information of a proprietary business nature. The Motions ask the court to seal certain portions of their briefing on the Plaintiffs' Motion to Challenge Work Product Designation (ECF Nos. 282)[2] and the related exhibits. *See* Sealed Exhibits (ECF No. 281).

**I.　PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION AND EXHIBITS 1, 3, AND 5 OF THE RAYHILL DECLARATION**

Both Motions to Seal request leave to file under seal certain portions of Plaintiffs' Motion to Challenge Work Product Designation. The parties narrowly tailored this sealing request by

---

[1] Member Case Nos.: 2:15-cv-01046-RCJ-NJK; 2:15-cv-01055-APG-GWF; 2:15-cv-01056-RFB-GWF; and 2:15-cv-01057-JCM-CWH.

[2] *See also* Unredacted Motion (ECF No. 281-1), Redacted Motion (ECF No. 286).

1

1  filing a redacted version of the motion containing confidential information.  *See* Redacted
2  Motion (ECF No. 286).  Plaintiffs' Motion also requests sealing for Exhibits 1, 3, and 5 to the
3  Declaration Kevin E. Rayhill (ECF No. 282-1) (the "Rayhill Declaration").  *See* Sealed Exhibit 1
4  (ECF No. 281-2); Exhibit 3 (ECF No. 281-4); Exhibit 5 (ECF No. 281-5).  The subject
5  documents contain confidential information regarding Defendant Zuffa, LLC's internal finances,
6  financial terms and incentives of contractual negotiations, and business strategies and analysis.
7  Defendant Zuffa's Motion (ECF No. 289) asserts that, if the information is not sealed, Zuffa
8  could suffer competitive harm and competitors would have an unfair look inside its business
9  operations.  Having reviewed and considered the matter in accordance with the Ninth Circuit's
10 directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006),
11 the court finds that Zuffa has met its burden of establishing good cause for Plaintiff's Motion to
12 Challenge Work Product Designation and Exhibits 1, 3, and 5 of the Rayhill Declaration to
13 remain sealed.

14 **II.     EXHIBITS 2, 7, AND 9 OF THE RAYHILL DECLARATION**

15         Only Plaintiffs' Motion (ECF No. 280) requests leave to file under seal Exhibits 2, 7, and
16 9 of the Rayhill Declaration.  *See* Sealed Exhibit 2 (ECF No. 281-3); Exhibit 7 (ECF No. 281-6);
17 Exhibit 9 (ECF No. 281-7).  Although Zuffa specifically addressed Exhibits 1, 3, and 5 of the
18 Rayhill Declaration in its Motion (ECF No. 289), Zuffa did not address Exhibits 2, 7, and 9.  It is
19 unclear which party designated Exhibit 2 as confidential.  However, Plaintiffs assert that Zuffa
20 designated Exhibits 7 and 9 as confidential.  Plaintiffs' Motion (ECF No. 289) did not express an
21 opinion regarding the confidentiality of the documents.

22         The party (or parties) who designated documents as confidential is required to meet the
23 standards articulated by the Ninth Circuit in *Kamakana* to overcome the presumption of public
24 access to judicial files, records, motions, and any exhibits.  *See also Ctr. for Auto Safety v.*
25 *Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to
26 sealing requests turn on the relevance of the documents to the substantive merits of a case—not
27 on the relief sought).  The court will allow Exhibits 2, 7, and 9 to remain sealed temporarily so
28 that the parties and their counsel may confer about what, if any, exhibits or portions thereof

should remain sealed or should be redacted. If any party determines that a filing or portion thereof should remain sealed, the party will be required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal. Pursuant to *Kamakana* and its progeny, any motion to seal must set forth either good cause or compelling reasons to support the request for sealing.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Lodge Materials Under Seal (ECF No. 280) is:
    a. GRANTED IN PART with respect to Exhibits 1, 3, and 5; and
    b. DENIED IN PART WITHOUT PREJUDICE with respect to Exhibits 2, 7, and 9.
2. Defendant Zuffa, LLC's Motion to Seal (ECF No. 289) is GRANTED.
3. Exhibit 1 (ECF No. 281-2), Exhibit 3 (ECF No. 281-4), and Exhibit 5 (ECF No. 281-5) shall remain under seal.
4. Exhibit 2 (ECF No. 281-3), Exhibit 7 (ECF No. 281-6), and Exhibit 9 (ECF No. 281-7) shall remain under seal until **September 29, 2016**.
5. The parties shall have until **September 29, 2016**, to review Exhibits 2, 7, and 9 and file either: (i) an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal, or (ii) a notice indicating that the documents do not require sealing.
6. If the parties fail to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 14th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE