WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>        v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                    Defendant. | Case No. 2:15-cv-01045-RFB-(PAL)<br><br>**DEFENDANT ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**<br><br>**[REDACTED]** |

## TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   FACTS ............................................................................................................ 2

    A.    ████████████████ and Other Anticipated Litigation............................ 2

    B.    Campbell & Williams's Engagement of Mercer .................................... 4

    C.    Zuffa's Clawback of the Challenged Documents................................... 5

III.  ARGUMENT ................................................................................................. 6

    A.    Legal Standard ...................................................................................... 6

    B.    The Mercer Documents Were Created In Anticipation Of Litigation..................... 8

    C.    Counsel Anticipated Litigation Immediately Prior To Campbell & Williams's Engagement Of Mercer................................................................ 9

    D.    Plaintiffs Have Not And Cannot Show A "Substantial Need" For The Challenged Documents and Could Obtain Them By Other Means ...................... 11

    E.    Zuffa Has Not Waived Protection Under The Work Product Doctrine ............... 13

    F.    This Court Should Not Consider Plaintiffs' Procedurally Improper Motion ......................................................................................................... 15

IV.   CONCLUSION............................................................................................... 17

1

<u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Admiral Ins. Co. v. United States Dist. Ct. for Dist. of Az.*,
    881 F.2d 1486 (9th Cir. 1989)...................................................................................... 7, 12

4

5

*Bonavito v. Nevada Property 1 LLC*,
    2:13-cv-00417-JAD-CWH, 2014 WL 5364077 (D. Nev. Oct. 21, 2014)................................... 15

6

*Church & Dwight Co. v. Mayer Labs., Inc.*,
    868 F. Supp. 2d 876 (N.D. Cal. 2012)
    2012 WL 1745592 (N.D. Cal. May 16, 2012) .......................................................... 11

7

8

*Costal States Gas. Corp. v. Dep't of Energy*,
    617 F.2d 854 (D.C. Cir. 1980) ................................................................................ 7, 9

9

10

*Elan Microelectronics Corp. v. Pixcir Microelecs Co.*,
    No. 2:10-cv-00014-GMN-PAL,
    2013 WL 4499006 (D. Nev. Aug. 14, 2013) ........................................................... 16

11

12

*Equal Rights Ctr. v. Post Props., Inc.*,
    247 F.R.D. 208 (D.D.C. 2008) ................................................................................ 7

13

14

*Hertzberg v. Veneman*,
    273 F. Supp. 2d 67 (D.D.C. 2003) .......................................................................... 7, 9

15

16

*In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*,
    357 F.3d 900 (9th Cir. 2004)................................................................................... 7, 8

17

*In re Grand Jury Subpoena*,
    282 F.3d 156 (2d Cir. 2002) ................................................................................... 8

18

19

*Liberty Mut. Ins. Group v. Panelized Structures, Inc.*,
    No. 2:10-cv-01951–JCM–PAL.,
    2011 WL 4527388 (D. Nev. Sept. 27, 2011) .......................................................... 16

20

21

*OOIDA Risk Retention Grp., Inc. v. Bordeaux*,
    No. 3:15-cv-00081 MMD-VPC,
    2016 WL 427066 (D. Nev. Feb. 3, 2016) ............................................................... 6, 7

22

23

*Pac. Coast Steel v. Leany*,
    No. 2:09-CV-02190-KJD, 2011 WL 4704217 (D. Nev. Oct. 4, 2011)........................ 13

24

25

*Phillips v. C.R. Bard, Inc.*,
    290 F.R.D. 615 (D. Nev. 2013)............................................................................... 7, 8

26

27

*U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*,
    268 F.R.D. 614 (N.D. Cal. 2010).......................................................................... 7

28

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

*United States v. Nobles*,
    422 U.S. 225 (1975) ............................................................................................. 7, 8

*United States v. Richey*,
    632 F.3d 559 (9th Cir. 2011) ............................................................................. 7, 8

*United States v. Roxworthy*,
    457 F.3d 590 (6th Cir. 2006) .................................................................................. 7

## RULES

Federal Rules of Civil Procedure
    Rule 26(b)(3) ........................................................................................................ 6
    Rule 26(b)(3)(A)(ii) ...................................................................................... 11, 12
    Rule 26(b)(3)(B) ................................................................................................. 10
    Rule 30(b)(6) ........................................................................................... 5, 13, 14
    Rule 37 ............................................................................................................... 15
    Rule 37(a)(1) ...................................................................................................... 15

Federal Rules of Evidence
    Rule 502(b) ........................................................................................................ 13

United States District Court, Nevada
    Local Rule IA1-3(f) ........................................................................................... 15
    Local Rule 1-3(f)(2) ........................................................................................... 16
    Local Rule 26-7 ..................................................................................... 15, 16, 17
    Local Rule 26-7(b) ............................................................................................. 16
    Local Rule 26-7(c) ............................................................................................. 15

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

Pursuant to Section 11 of the February 10, 2016 Revised Stipulation and Protective Order, Defendant Zuffa, LLC ("Zuffa") respectfully submits this opposition to Plaintiffs' Motion to Challenge Work Product Designation of its confidential work product, which are documents with Bates numbers ZFL-1824837, ZFL-1824835, and ZFL-0557588 ("Challenged Documents").  For the substantive and procedural reasons discussed below, Zuffa respectfully requests that the Court reject Plaintiffs' challenge.

## I.      **INTRODUCTION**

Plaintiffs improperly challenge Zuffa's designation as work product three documents that were prepared at the request of Zuffa's counsel by a third-party consultant.  In making this challenge, Plaintiffs adopt a counterfactual narrative and premise their entire brief on two assumptions:  (1) that Zuffa engaged Mercer to perform a ████████████ and (2) the resulting study was performed in anticipation of *this* litigation.  Both of these assumptions are incorrect. Zuffa never executed the Statement of Work that Plaintiffs cite.  Zuffa's outside counsel later commissioned Mercer to conduct a study ████████████ after Zuffa became embroiled in litigation ██████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████  To assess Zuffa's exposure ████████████████████████ ████████████████████████████, it was eminently reasonable for Zuffa's outside law firm – Campbell & Williams – to hire Mercer to conduct a study which would assist the firm in advising Zuffa on the actual and threatened litigation.  Plaintiffs never sought to verify any of these facts.  In fact, Plaintiffs did not even engage in a meet and confer with Zuffa prior to filing this motion, but instead challenged the work product designation of three documents before investigating the basis for Zuffa's work product claim.

Plaintiffs' misunderstanding of the facts also has led them erroneously to insist that Zuffa waived its work product claim.  Plaintiffs argue that the production of a *draft* Statement of Work, that Zuffa never executed, somehow waives work product protection.  Because the draft Statement was never executed and predated counsel's engagement of Mercer, Zuffa determined

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

that this document does not qualify as work product.  Furthermore, to the extent Plaintiffs claim that Zuffa somehow waived privilege because counsel interacted with each other between the production of the draft Statement of Work – which is not at issue in this motion – and the letter clawing back three other documents – which the parties have never discussed in any previous interaction – this argument goes against the letter and purpose of the clawback provision.  When the parties entered into the clawback agreement (ECF No. 217), both sides understood that the volume of documents produced might lead to an inadvertent production.

The Challenged Documents relate to a █████████████████ that Zuffa's outside counsel, Campbell & Williams, commissioned in anticipation of litigation and, therefore, are protected by the work product doctrine.

**II.    FACTS**

**A.    ███████████████████ and Other Anticipated Litigation**

The background for the Mercer engagement predates this litigation. ████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████
    ████████████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation



3

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ███████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ██████████████████████████████████████████████

9 ██████████████████████████████

10      **B.**       **Campbell & Williams's Engagement of Mercer**

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 █████████████████████████████████████████ Campbell & Williams

14 requested that Mercer conduct a ███████████████████ Campbell Decl. ¶ 13.

15      Campbell & Williams was familiar with Mercer because Mercer previously conducted an

16 ███████████████████████ for Zuffa █████████████████████████████

17 ██████████████████ Hendrick Decl. ¶¶ 2-3.   Following the completion of the ████

18 ███████████████████████ Mercer pitched another project to Zuffa in August 2013 as a

19 ████████████████████████████████████████████ ECF No. 282-6 at 1.

20 Mercer sent Zuffa a proposed Statement of Work that laid out the description ██████████████

21 ████████████████████████████████████████████████████████

22 ████ *Id.*  Zuffa did not believe it had a business purpose significant enough to warrant the

23 commission of this type of assessment and decided not to engage Mercer to conduct ██████████

24 ████████████████████████ Hendrick Decl. ¶¶ 3-4.   As a result, Zuffa never executed the

25 Statement of Work.  *Id.*

26      As legal advisors to Zuffa, however, Campbell & Williams recognized that an analysis of

27 ████████████████████████████████████████████████████

28 ████████████████████████████████████████████████

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation



1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ███████████████████████████████████████████████████████

4 ███████████████████████████████████████████████████████

5 █████████████████████████████████████████████████

6 ███████████████████████████████████████████████████████

7 ███████████████████████████████████████████████████████

8 ████████████████████████

9     **C.**    **Zuffa's Clawback of the Challenged Documents**

10 ████████████████ after Campbell & Williams retained Mercer, Plaintiffs filed the instant

11 lawsuit.  In July 2016, in this putative class action, Plaintiffs served a 56-topic 30(b)(6) deposition

12 notice, which includes a single topic on Zuffa's purported retention of Mercer and cites the

13 unexecuted Statement of Work that Mercer sent to Zuffa.  ECF No. 282-8 at 15.[1]  Because this

14 Statement of Work is not attorney-work product and nothing more than a rejected business

15 proposal, Zuffa's counsel did not believe it was necessary to clawback the draft document.

16     As counsel began preparation for the 30(b)(6) deposition, however, it learned that

17 Campbell & Williams had retained Mercer to conduct ████████████████████.

18 Out of an abundance of caution, and to preserve Campbell & Williams's work product, Zuffa's

19 counsel searched its voluminous document productions to ensure that none of the documents

20 relating to the study that Campbell & Williams commissioned had been produced.  Zuffa's

21 counsel discovered that three of Campbell & Williams's documents had been inadvertently

22 produced:  (1) an email from Campbell & Williams to Zuffa's General Counsel attaching a data

23 request form identifying the specific types of documents that Mercer requested (ECF No. 282-3);

24 (2) the attached data request form from Mercer to Campbell & Williams requesting data for

25 ─────────────────────

26 [1] Plaintiffs also reference the same document in their Second Requests for Production.  ECF No. 282-10 at Request No. 77.  Plaintiffs do not reference any of the Challenged Documents in either their 30(b)(6) notice or their Second Requests for Production nor did the parties ever discuss the Challenged Documents in any meet and confer either before or after the clawback letter.  Grigsby Decl. ¶ 15.

27

28

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

1   ████████████████ (ECF No. 282-4); and (3) a draft presentation regarding an update on

2   ████████████ and the methodology to be employed for that project (ECF No. 282-2).

3          Pursuant to the clawback provision of the Protective Order, on August 19, 2016, Zuffa

4   sent Plaintiffs a letter advising them of the inadvertent production of these documents – the

5   Challenged Documents – as work product, and clawing them back under Section 11 of the

6   Protective Order.  ECF. No. 282-5.

7          In response to the clawback letter, Plaintiffs' counsel, Kevin Rayhill sent a letter stating

8   Plaintiffs' intention to challenge Zuffa's designation of work product for the Challenged

9   Documents.  ECF No. 282-11.  Plaintiffs did not request a meet and confer with Zuffa as required

10  by the Federal Rules of Civil Procedure and the Local Rules before filing a discovery motion.

11  Instead, on August 31, 2016, the last day to challenge the work product designation, Plaintiffs

12  filed their motion.[2]

13  **III.    ARGUMENT**

14       **A.    Legal Standard**

15         The attorney work-product doctrine "shields from discovery 'documents and tangible

16  things that are prepared in anticipation of litigation or for trial by or for another party or its

17  representative.'"  *OOIDA Risk Retention Grp., Inc. v. Bordeaux*, No. 3:15-cv-00081 MMD-VPC,

18  2016 WL 427066, at *5 (D. Nev. Feb. 3, 2016) (quoting Fed. R. Civ. P. 26(b)(3)).  "As long as

19  the documents were created in anticipation of litigation, the doctrine applies to investigators and

20  _____

21  [2]In their haste to file this motion, Plaintiffs failed to meet their obligations under the protective
    order to take the care necessary to protect Zuffa's confidential information.  ECF No. 217 ¶ 14.3.

22  Plaintiffs' publicly filed motion contained improperly executed redactions that allowed a reader
    of the document to view the content of Zuffa's confidential and work product material that should

23  have been redacted from public view.  This error did not go unnoticed.  On September 12, 2016,
    an article was published on an MMA website (and referenced in the article's author's Twitter

24  posts) specifically about the error in Plaintiffs' filing and publicly quoting from the portions of
    Plaintiffs' motion which should have been redacted.  Although Section 10 of the Protective Order

25  sets out clear remedial actions that Plaintiffs must take when they have inadvertently disclosed
    Protected Material, including using "best efforts to retrieve all unauthorized copies of the

26  Protected Material," (ECF No.  217 ¶ 10), Plaintiffs did not take actions to ensure that media
    sources who had downloaded the initial draft of the motion with the flawed redactions returned

27  such copies and did not publish the information further.

28

consultants working for attorneys." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 634 (D. Nev. 2013) (citing *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004)).  The work product doctrine is a "qualified immunity" that is broader than the attorney client privilege. *Id.* (citing *Admiral Ins. Co. v. United States Dist. Ct. for Dist. of Az.*, 881 F.2d 1486, 1494 (9th Cir. 1989)).

To qualify for work product privilege, a document must:  (1) "be prepared in anticipation of litigation or for trial" and (2) "be prepared by or for another party or by or for that other party's representative." *Torf*, 357 F.3d at 907.  "The 'in anticipation of litigation' requirement includes both a temporal and a motivational component." *OOIDA*, 2016 WL 427066, at *5 (citing *Equal Rights Ctr. v. Post Props., Inc.*, 247 F.R.D. 208, 210 (D.D.C. 2008)).  Under the work product doctrine, for a document to constitute work product "litigation need not be actual or imminent; it need only be 'fairly foreseeable.'" *Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 78 (D.D.C. 2003) (quoting *Costal States Gas. Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980) (describing the burden of the party claiming work product privilege as a "burden of establishing that litigation was fairly foreseeable at the time" documents are prepared).

"[A]t the time the document was prepared, the party claiming the doctrine's protection must 'have had a subjective belief that litigation was a real possibility, and that belief must have been objectively reasonable.'" *OOIDA*, 2016 WL 427066, at *5 (citation omitted).  In addition to covering materials created by attorneys themselves, "[t]he work-product doctrine covers documents or the compilation of materials prepared by agents of the attorney in preparation for litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)).  The party claiming work product protection can show that documents are covered under the work product doctrine "by submitting affidavits showing that certain facts exist to support the work product protection." *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 626 (N.D. Cal. 2010) (citations omitted).  As an evidentiary matter, "[w]here an undisputed affidavit is specific and detailed to indicate that the documents were prepared in anticipation of litigation or trial, then the party claiming work product protection has met its burden." *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir.

1    2006) (citation, ellipses marks, and quotation marks omitted).

2         Although Plaintiffs argue that this Court should apply the so-called "because of" standard,

3    the "because of" test applies only where documents serve a "dual purpose," not here where they

4    serve a single purpose.  *Compare* Mot. at 7-8 *with Richey*, 632 F.3d at 567-68 ("In circumstances

5    where a document serves *a dual purpose*, that is, where it was not prepared exclusively for

6    litigation, then the 'because of' test is used.") (emphasis added) (citing *Torf*, 357 F.3d at 907).

7    The Ninth Circuit has referred to documents prepared exclusively "in anticipation of litigation" as

8    "single purpose" documents.  *Phillips*, 290 F.R.D. at 635 (citing *Torf*, 357 F.3d at 907).  Because

9    the Mercer documents were created solely in anticipation of litigation (Campbell Decl. ¶ 14), the

10   "because of" test does not apply.

11        **B.     The Mercer Documents Were Created In Anticipation Of Litigation**

12        The Challenged Documents are work-product because they were created as a result of the

13   real and substantial threat of ███████████████████████████████████████████████

14   ███████████████████████████████████

15        Although Plaintiffs suggest a contrary rule, (Mot. at 8), the work product doctrine extends

16   to studies conducted at the request of counsel in anticipation of litigation.  The Supreme Court has

17   recognized that:

18        At its core, the work-product doctrine shelters the mental processes of the attorney,
          providing a privileged area within which he can analyze and prepare his client's
19        case. But the doctrine is an intensely practical one, grounded in the realities of
          litigation in our adversary system.  One of those realities is that attorneys often
20        must rely on the assistance of investigators and other agents in the compilation of
          materials in preparation for trial. It is therefore necessary that the doctrine protect
21        material prepared by agents for the attorney as well as those prepared by the
          attorney himself.
22

23   *Nobles*, 422 U.S. at 238-39.  For this reason, "[a]s long as the documents were created in

24   anticipation of litigation, the doctrine applies to investigators and consultants working for

25   attorneys."  *Phillips*, 290 F.R.D. at 634 (citing *Torf*, 357 F.3d at 907).

26        Likewise, the work product doctrine protects the collection of facts if presented in such a

27   way that it discloses counsel's mental impressions.  *In re Grand Jury Subpoena*, 282 F.3d 156,

28   161 (2d Cir. 2002) (reasoning that the work product doctrine encompasses facts since "the work

product privilege applies to preparation not only by lawyers but also by other types of party representatives, including, for example, investigators seeking factual information").

The ███████████████████████████████ was done precisely and only because of the threat of imminent litigation.  Campbell Decl. ¶ 14.  Mr. Campbell explained that ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ The work product claim here falls squarely within the parameters recognized by this Circuit and the Federal Rules.  Counsel for Zuffa requested that a consultant undertake a study so that the firm could analyze the anticipated litigation against Zuffa.

**C.     Counsel Anticipated Litigation Immediately Prior To Campbell & Williams's Engagement Of Mercer**

Plaintiffs assert that "All three of the challenged Documents were created far in advance of the instant litigation" and "[t]oo [f]ar [r]emoved [f]rom [a]ny Zuffa [l]itigation." Mot. at 11.  In making this argument, Plaintiffs incorrectly identify the litigation at issue, which has caused them to misidentify the timeframe between when the work product was created and the litigation.  ████

████████████████████████████████████████████████████

██████████████████████

The documents at issue satisfy both the temporal and motivational component of the anticipation of litigation requirement.  For the work product doctrine's requirement that the documents be created in anticipation of litigation, the litigation need not be "actual or imminent," but only "'fairly foreseeable.'"  *Hertzberg*, 273 F. Supp. 2d at 78 (quoting *Costal States*, 617 F.2d at 865).  ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

1  ███████████████  Mr. Campbell's declaration makes clear that he had a subjective belief of

2  the anticipation of litigation.  For example, Mr. Campbell explained that given ██████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ███████████████████████████████████████████████████████

6  █████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 █████████████████████████████████████████████████████████

15       His belief is objectively reasonable in light of the tenor of the situation at the time that his

16 firm engaged Mercer.  █████████████████████████████████████████████

17 ████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ██████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ███████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████

23 ███████████████

24       The work product doctrine does not require that materials be created *after* litigation is

25 filed, rather the Federal Rules and the Courts enforcing them have all acknowledged the necessity

26 to protect information created where litigation is foreseeable as well, as was the case here.  *See*

27 Fed. R. Civ. P. 26(b)(3)(B).

28

**D.      Plaintiffs Have Not And Cannot Show A "Substantial Need" For The Challenged Documents and Could Obtain Them By Other Means**

Plaintiffs argue that they have a "substantial need" for the Challenged Documents.  Mot. at 12.  This argument fails because Plaintiffs cannot show a need for the documents in this case; and, even assuming for the sake of argument that they could, which they cannot, Plaintiffs are capable of obtaining the information they seek through other means.  Fed. R. Civ. P. 26(b)(3)(A)(ii) (preventing disclosure in discovery of documents protected by the work product doctrine absent a showing of substantial need *and* a showing that they cannot obtain them through other means without undue hardship).

Plaintiffs cannot demonstrate a substantial need for these documents because they are not relevant to the case.  Plaintiffs have alleged a market that is limited to MMA fighters and the promotion of MMA events.  ECF No. 208, Consolidated Am. Compl. ¶¶ 55, 76.  Further, Plaintiffs have alleged that Zuffa has suppressed the compensation of fighters within an MMA only market. ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████

More importantly, Plaintiffs should not be granted access to the work product documents

1   created in anticipation of litigation because they can get substantially similar information on their

2   own without undue hardship.  Mercer did not have unique access to ████████████████████

3   ███████████████████████████████████████████████████████████████

4   ███████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████

6   █████████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████████████████

9   █████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████

14  ██████████████████████████████████████████████████████████████

15  █████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  █████

20          Plaintiffs thus have all of the information that they need to conduct ████████████████

21  ███████████████████████████████████  Federal Rule of Civil Procedure

22  26(b)(3)(A)(ii) does not require comparable documents to have to be obtained without any effort.

23  Rather, work product documents can be disclosed only in the case of a showing of substantial

24  need *and* that the party cannot obtain these documents through other means without undue

25  hardship.  Given Plaintiffs' ability to conduct ███████████████████  Plaintiffs cannot show any

26  undue hardship to obtain comparable documents and, therefore, cannot show that their needs

27  overcome the work-product protection of these documents.  To find otherwise would constitute

28  an inappropriate "exploitation of a party's efforts in preparing for litigation."  *Admiral Ins. Co.*,



12

881 F.2d at 1494.

**E.      Zuffa Has Not Waived Protection Under The Work Product Doctrine**

"Under FRE 502(b), disclosure does not operate as a waiver where (a) the disclosure is inadvertent; (b) the holder of the privilege took reasonable steps to prevent disclosure; and (c) the holder promptly took reasonably steps to rectify the error." *Pac. Coast Steel v. Leany*, No. 2:09-CV-02190-KJD, 2011 WL 4704217, at *1 (D. Nev. Oct. 4, 2011).  "Factors to be considered in determining whether the disclosure was inadvertent include: (a) the reasonableness of precautions used to prevent inadvertent disclosure; (b) the time taken to rectify the error; (c) the scope of discovery; (d) the extent of the disclosure; and (e) the overriding issue of fairness." *Id.* at *4.

To date, Zuffa has produced over 641,000 documents totaling over 2.6 million pages (plus native files) and re-produced approximately 108,000 documents that were produced to the FTC in 2011.  It is inevitable in a production of this size that documents properly designated as attorney-client privilege or work-product inadvertently are produced.  For that reason, the parties agreed, and this Court entered, a Protective Order that provides for procedures to clawback inadvertently produced documents without waiving the privilege of those documents.  ECF No. 217 ¶ 11. Zuffa took care to prevent the inadvertent disclosure of documents.  The Challenged Documents were each reviewed for privilege and responsiveness by an attorney; however, as occasionally happens in a production of this size, a few documents that should have been withheld as privileged or work product were inadvertently produced.

Zuffa moved quickly to remedy its inadvertent production of the Challenged Documents upon learning of their disclosure.  Zuffa's counsel began to investigate whether it had inadvertently produced documents relating to Mercer after Plaintiffs included the Mercer Statement of Work as one of the topics in their lengthy 30(b)(6) deposition notice. Grigsby Decl. ¶ 14  Zuffa's counsel confirmed that the draft Statement of Work was never executed, but counsel continued to research the issue.  *Id.*; Hendrick Decl. ¶ 4.  As Zuffa conducted a search of other relevant documents and consulted with witnesses regarding the unexecuted Mercer Statement of Work in preparation for Plaintiffs' deposition, Zuffa discovered that it had inadvertently produced the Challenged Documents.  Grigsby Decl. ¶ 14.  Zuffa immediately took actions to remedy the

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

1 inadvertent disclosure by clawing the Challenged Documents back as provided for under the

2 Protective Order.  ECF No. 282-5.

3       Plaintiffs assert that Zuffa has waived protection by disclosing some documents relating to

4 Mercer, such as the unexecuted Statement of Work, but claiming protection over others.

5 Plaintiffs' waiver argument, however, is premised on their erroneous assumption that (1) Zuffa

6 engaged Mercer to conduct ███████████████ and (2) the Mercer documents were created as

7 work product in anticipation of *this* litigation.  *See, e.g.*, Mot. at 9 ("Defendant also purports to

8 assert work product protection over the email chain between Zuffa General Counsel Kirk

9 Hendrick and William Hunter Campbell (hereinafter "Hunter Campbell"), which attaches the

10 Memo. ZFL-1824835 (the "Email"). Like the Memo, the Email was created **fifteen months**

11 before this action was filed and the engagement commenced more than twenty-one months

12 before."); *id.* at 10 ("The Mercer Presentation (ZFL-0557588) was created by Mercer employees,

13 not lawyers, in or around March 2014, **nine months before** this action was filed.") (Bold in

14 original).  As a result, Plaintiffs fail to recognize the distinction between documents sent from

15 Mercer related to its proposals to Zuffa and later documents between Campbell & Williams and

16 Mercer regarding the actual engagement.  The production of an unexecuted Statement of Work

17 that was not sent at the request of counsel in anticipation of litigation cannot constitute a waiver

18 because it is not protected by the work product doctrine.  This document is a pitch from a

19 consultant who had worked with Zuffa in the past and hoped to work with Zuffa again; it was not

20 created in anticipation of litigation.  The other documents that Zuffa has produced regarding

21 Mercer are similarly related to Mercer's attempt to get work from Zuffa, which are not work

22 product and were properly produced.  *See* Grigsby Decl. ¶¶ 11-13 & Exs. J, K, L.  None of these

23 documents relate to Campbell & Williams's later retention of Mercer in anticipation of litigation,

24 which forms the basis of Zuffa's work product claim.

25       Plaintiffs further argue that because the Plaintiffs identified and the parties discussed one

26 document – the unexecuted Statement of Work – in relation to Plaintiffs' 30(b)(6) deposition

27 notice in this case that Zuffa has somehow waived protection on the Challenged Documents –

28 three documents the Plaintiffs never identified and the parties never discussed.  Mot. at 14-15.

1  Plaintiffs' argument infers that a discussion of a non-protected document on one topic could

2  waive all other protected documents on a similar topic.  Such an argument must fail.  The

3  Statement of Work, which is the only Mercer document the parties discussed, is not at issue in

4  this motion.  As soon as Zuffa discovered that it had inadvertently produced the Challenged

5  Documents, it clawed them back.  There is no basis for waiver based upon the parties' discussion

6  of another document.

7         Given the size of Zuffa's production, the disclosure of three work product documents on

8  this topic is small and weighs in favor that their disclosure does not constitute waiver.  Moreover,

9  overriding issues of fairness also weigh in favor of concluding that Zuffa's disclosure did not

10  constitute a waiver.  Permitting the clawback of protected documents without waiver in the case

11  of inadvertent disclosures encourages the efficient review and production of documents without

12  spending unreasonable lengths of time to prevent any inadvertent disclosure from occurring.

13       **F.**      **This Court Should Not Consider Plaintiffs' Procedurally Improper Motion**

14         Apart from the fact that the Challenged Documents are work product, this Court should

15  deny Plaintiffs' motion because they have disregarded the meet and confer requirements of the

16  Federal Rules of Civil Procedure and this Court's Local Rules thereby burdening the Court with a

17  motion to compel without attempting to resolve or narrow this dispute without Court intervention.

18         Federal Rule of Civil Procedure 37 requires that "[b]efore filing, the moving party certify

19  that it made a good faith effort to confer or attempt to confer in an effort to obtain the discovery

20  without court action." *Bonavito v. Nevada Property 1 LLC*, 2:13-cv-00417-JAD-CWH, 2014

21  WL 5364077 at *2 (D. Nev. Oct. 21, 2014) (citing Fed. R. Civ. P. 37(a)(1)).  Local Rule 26-7 is

22  equally clear:  "Discovery motions *will not be considered* unless the movant (1) has made a good

23  faith effort to meet and confer as defined in LR IA1-3(f) before filing the motion and (2) includes

24  a declaration setting forth the details and results of the meet-and-confer conference about each

25  disputed discovery request."  L.R. 26-7(c) (emphasis added).  Plaintiffs have met neither of

26  these requirements.  On August 24, 2016, Plaintiffs sent counsel for Zuffa a letter stating in

27  general terms their intent to challenge Zuffa's work product designation for the Challenged

28  Documents.  ECF No. 282-11.  Plaintiffs did not request nor did the parties conduct a meet and

confer discussion on these documents prior to Plaintiffs' filing their motion.

Because the parties did not meet and confer, Plaintiffs' motion lacks the requisite declaration that comports with the requirements of Local Rule IA 1-3(f)(2).  Local Rule IA 1-3(f)(2) requires a declaration in support of a discovery motion to include a description of "all meet-and-confer efforts, including the time, place, manner and participants" and a certification that "despite a sincere effort to resolve or narrow the dispute during the meet and confer conference, the parties were unable to resolve or narrow the dispute without court intervention." Mr. Rayhill's 14-paragraph declaration does not include a single sentence regarding the parties' meet and confer efforts – because there were none.  ECF No. 282-1.  Where a party fails to meet the requirements of L.R. 26-7, "the motion could be denied on this ground[] alone." *Elan Microelectronics Corp. v. Pixcir Microelecs Co.*, No. 2:10-cv-00014-GMN-PAL, 2013 WL 4499006, at *6 (D. Nev. Aug. 14, 2013); *see also Liberty Mut. Ins. Group v. Panelized Structures, Inc.*, No.  2:10-cv-01951–JCM–PAL., 2011 WL 4527388 at *4 (D. Nev. Sept. 27, 2011) (denying a motion for a protective order because of a "perfunctory parroting of the requirement of LR 26-7(b)" which "does not comport with the Plaintiff's meet and confer obligations").

If Plaintiffs satisfied their meet and confer obligation, they would have realized that many of their assumptions about this dispute are erroneous.  Plaintiffs' motion contains no fewer than three factual misstatements.  First, Plaintiffs assert that ██████████████████████ ████████████████████████████████████████ " Mot. at 4.  As described above, this statement is incorrect because Zuffa never executed the August 8, 2013 draft Statement of Work.  The Challenged Documents refer to a study that Campbell & Williams requested Mercer conduct.  Second, Plaintiffs argue that the claim of work product relates to this litigation and assert that "[a]ll three of the Challenged Documents were created far in advance of the *instant* litigation, at a time when Zuffa was not engaged in any litigation regarding fighter compensation." Mot. at 11 (emphasis added); *see also* Mot. at 9, 10.  As discussed above, Zuffa never told Plaintiffs that the work product was created in anticipation of this litigation. ████ ████████████████████████████████████████████ Campbell

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

Decl. ¶¶ 11-14.  Finally, Plaintiffs assume that Zuffa cannot identify potential litigation because, according to them, "Zuffa has not identified any potential or actual litigation that is related to the Challenged Documents." Mot. at 12.[3]  The reason that Zuffa never identified the potential or anticipated litigation for Plaintiffs is because Plaintiffs *never asked* Zuffa for the basis of its work product claim.  If the parties had met and conferred prior to filing of their motion, Zuffa would have readily supplied Plaintiffs with this information.  In their rush to file their motion, Plaintiffs failed to perform even a basic investigation of the factual basis for their challenge.[4]  If they had taken the time to meet and confer, many of the inaccurate allegations they assert in their motion could have been resolved and it would have been clear that Plaintiffs have no basis to compel production.  Plaintiffs' motion should be denied with prejudice on this basis alone.

## IV.    CONCLUSION

For the reasons outlined above, Zuffa respectfully requests that the Court deny Plaintiffs' motion challenging Zuffa's work product designation.  Plaintiffs have circumvented the meet and confer requirement for the second time on a discovery motion, which makes it particularly difficult to overlook this procedural deficiency.  Local Rule 26-7 makes clear that discovery motions that do not comply with the meet and confer requirements "will not be considered."  Further, Zuffa has ample basis to claim that the work product doctrine protects the Challenged Documents from disclosure.  Therefore, Plaintiffs' motion should be denied.

---

[3] *See also* Mot. at 14 n.8: "Likewise Zuffa has failed to provide **any** information that would enable Plaintiffs to assess the claim that the document was purportedly 'inadvertently produced' and 'protected from disclosure pursuant to the work product doctrine.'" (Emphasis in original).

[4] Unfortunately, this is not the first time that Plaintiffs have ignored the requirements of this Court's rules in their rush to file a discovery motion.  During the last privilege dispute in May 2016, Plaintiffs similarly failed to meet and confer before filing their motion challenging Zuffa's privilege designation.  ECF No. 251; ECF No. 256 at p. 14 (Zuffa's opposition noting that Plaintiffs' motion failed to comply with the Local Rules).  Although this Court chose to deny their motion on the merits, ECF No. 264, it could have rejected Plaintiffs' motion on this procedural failing alone.

Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation

1    Dated: September 19, 2016            BOIES, SCHILLER & FLEXNER LLP

2

3                                        By: /s/ Stacey K. Grigsby

4                                            Stacey K. Grigsby
                                         *Attorneys for Defendant* Zuffa, LLC, d/b/a
5                                        Ultimate Fighting Championship and UFC

6                                        William A. Isaacson (*Pro Hac Vice*)
                                         Stacey K. Grigsby (*Pro Hac Vice*)
7                                        Nicholas A. Widnell (*Pro Hac Vice*)
                                         BOIES, SCHILLER & FLEXNER LLP
8                                        5301 Wisconsin Ave, NW
9                                        Washington, DC 20015
                                         Tel: (202) 237-2727
10                                       Fax: (202) 237-6131
                                         Email: wisaacson@bsfllp.com
11
                                         Donald J. Campbell #1216
12                                       J. Colby Williams #5549
13                                       CAMPBELL & WILLIAMS
                                         700 South 7th Street
14                                       Las Vegas, Nevada 89101
                                         Tel: (702) 382-5222
15                                       Fax: (702) 382-0540
                                         Email: djc@campbellandwilliams.com
16                                                jcw@campbellandwilliams.com

17                                       Richard J. Pocker #3568
18                                       BOIES, SCHILLER & FLEXNER LLP
                                         300 South Fourth Street, Suite 800
19                                       Las Vegas, NV 89101
                                         Tel: (702) 382 7300
20                                       Fax: (702) 382 2755
                                         Email: rpocker@bsfllp.com
21
                                         *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate
22                                       Fighting Championship and UFC

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendant Zuffa, LLC's Opposition to Plaintiffs' Motion to Challenge Work Product Designation was served on the 19th day of September, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael J. Kim
Michael J. Kim