WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**<br><br>**[REDACTED]** |

1  I, Stacey K. Grigsby, declare as follows:

2  1. I am an attorney admitted to practice before the courts in the states of New York
3  and the District of Columbia and am admitted Pro Hac Vice to practice before this Court. I am
4  Counsel in the law firm Boies, Schiller & Flexner LLP and represent Defendant Zuffa, LLC
5  ("Zuffa") in this case.

6  2. I make this declaration in support of Zuffa's Opposition to Plaintiffs' Motion to
7  Challenge Work Product Designation. Based on my review of the files and records in this case,
8  and my discussions with attorneys involved with reviewing the documents at issue in this
9  litigation, I have personal knowledge of the contents of this declaration and could testify thereto.

10  ███████████████████████████████████████████
11  ███████████████████████████████████████████
12  ███████████████████████████████████████████
13  ██████████
14  ███████████████████████████████████████████
15  ████████████████████████████████
16  █████████████████████████████████████
17  ████████████
18  ██████████████████████████████████
19  ███████████████████████████████████████████
20  ███████████████████████████████████████████
21  ███████████████
22  ██████████████████████████████████
23  ███████████████████████████████████████
24  █████████████████████████████████
25  ██████████████████████████████████████
26  ██████████
27  █████████████████████████████████████████
28  ████████████████████████████████

DECLARATION OF STACEY K. GRIGSBY IN OPPOSITION TO PLAINTIFFS' MOTION
TO CHALLENGE WORK PRODUCT DESIGNATION



15  11. Exhibit J is a true and correct copy of a produced document bearing the Bates
16  number ZFL-1007625.

17  12. Exhibit K is a true and correct copy of a produced document bearing the Bates
18  number ZFL-1007626.

19  13. Exhibit L is a true and correct copy of a produced document bearing the Bates
20  number ZFL-1007377.

21  14. Plaintiffs served Zuffa with a 30(b)(6) deposition notice, which referred to a draft
22  Statement of Work from Mercer. After I received Plaintiffs' 30(b)(6) deposition notice, I began
23  to investigate the facts surrounding the unexecuted Statement of Work from Mercer. Through
24  this investigation, I learned that Zuffa's counsel, Campbell & Williams had engaged Mercer to
25  conduct a study in anticipation of litigation. My colleagues and I then reviewed the productions
26  in this litigation to determine whether Zuffa had inadvertently produced documents relating to the
27  Mercer study commissioned by Zuffa's counsel, Campbell & Williams. We identified that Zuffa
28  had produced three documents bearing Bates numbers ZFL-1824837, ZFL-1824835, and ZFL-

2

DECLARATION OF STACEY K. GRIGSBY IN OPPOSITION TO PLAINTIFFS' MOTION
TO CHALLENGE WORK PRODUCT DESIGNATION

0557588, which were created at the request of Zuffa's counsel. Because these documents constitute work product, I sent a letter to Plaintiffs clawing back the three documents.

15. Neither Mr. Rayhill nor any of Plaintiffs' other counsel ever communicated with Zuffa to request a meet and confer regarding Zuffa's designation of the three Challenged Documents at issue in this motion. Zuffa was fully prepared to discuss the basis for its work product claim had Plaintiffs requested a meet and confer on this point.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 19th day of September, 2016, in Washington, D.C.

/s/ Stacey K. Grigsby
Stacey K. Grigsby