WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION AND RELATED EXHIBITS** |

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal (1) portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation, (2) portions of the Declaration of William Hunter Campbell in Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation ("Campbell Declaration"), (3) portions of the Declaration of Kirk D. Hendrick in Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation ("Hendrick Declaration"), (4) portions of the Declaration of Stacey K. Grigsby in Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation ("Grigsby Declaration"), and (5) Exhibits A-L of the Grigsby Declaration. This motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Motion to Seal.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. ECF No. 217, ¶ 14.3. In addition, "[c]ourts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (citation omitted); *see also Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) (accepting attorney-client privilege and the work-product doctrine as both good cause and a compelling reason to seal nondispositive and dispositive motions respectively); *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) (sealing portions of a motion and certain exhibits "to protect against disclosure of attorney-client privilege and attorney work-product information"). Due to the nature of Plaintiffs' challenge, portions of Zuffa's opposition contain references to Zuffa's outside counsel's work product, including thought processes and litigation strategy. Zuffa's opposition also contains 12 exhibits and declarations from one of Zuffa's outside counsel and Zuffa's Chief Legal Officer which reference confidential and/or attorney

work product information.  Although some of these exhibits reflect information that is public, the reference to this information in the context of this opposition would disclose attorney work product.  For example, publication of documents justifying Zuffa's outside counsel's anticipation of litigation would reflect the thought processes of Zuffa's counsel at that time.  As such, Zuffa moves to file under seal portions of its Opposition to Plaintiffs' Motion to Challenge Work Product Designation, portions of the Campbell Declaration, the Hendrick Declaration, the Grigsby Declaration, and 12 exhibits to the Grigsby Declaration in support of Zuffa's Opposition.

Specifically, Zuffa seeks to seal the following information or exhibits:

| | |
|---|---|
| Exhibit A (ZFL-0749055) | Public citation to this document would expose Zuffa's counsel's work product as to the litigation they anticipated at the time they retained Mercer. |
| Exhibit B | This is a public document, but public citation to this document would expose Zuffa's counsel's work product as to the litigation they anticipated at the time they retained Mercer. |
| Exhibit C | This is a public document, but the publication of this document in the context of this dispute would expose Zuffa's counsel's work product as to the litigation that they anticipated at the time they retained Mercer. |
| Exhibit D | This is a public document, but the publication of this document in the context of this dispute would expose Zuffa's counsel's work product as to the litigation that they anticipated at the time they retained Mercer. |
| Exhibit E | This information is public, but the publication of this document in the context of this dispute would expose Zuffa's counsel's work product as to the litigation that they anticipated at the time they retained Mercer. |
| Exhibit F | This is a public document, but the publication of this document in the context of this dispute would expose Zuffa's counsel's work product as to the litigation that they anticipated at the time they retained Mercer. |
| Exhibit G | This is a public document, but the publication of this document in the context of this dispute would expose the nature of the project conducted at the request of counsel in anticipation of litigation. |
| Exhibit H | This is a public document, but the publication of this document in the context of this dispute would expose the nature of the project conducted at the request of counsel in anticipation of litigation. |
| Exhibit I | This is a public document, but the publication of this document in the context of this dispute would expose the nature of the project conducted at the request of |

| | |
|---|---|
| | counsel in anticipation of litigation. |
| Exhibit J (ZFL-1007625) | This document reflects confidential communications from a third-party consultant to Zuffa regarding a proposed analysis project including specific details as to the nature of the project and the methodology that would be used to conduct it. |
| Exhibit K (ZFL-1007626) | This document contains a different Bates number, but is identical to Exhibit 282-6, which this Court has already ordered sealed because it contains Confidential Information.  ECF No. 293. |
| Exhibit L (ZFL-1007377) | This document reflects confidential communications from a third-party consultant to Zuffa regarding a proposed analysis project including specific details as to the nature of the project and the methodology that would be used to conduct it. |
| The portions of Zuffa's motion that have been redacted in the publicly filed version | These portions of Zuffa's Opposition contain references to Zuffa's counsel's work product and/or reflect confidential information under the Protective Order. |
| Paragraphs 3-15 of the Campbell Declaration | These paragraphs reflect Zuffa's counsel's thought processes regarding the litigation that was anticipated, litigation preparation that needed to be done, and the specific nature of the type of work that was commissioned at the request of counsel. |
| Portions of Paragraphs 2-5 of the Hendrick Declaration | Citation to these paragraphs in the context of this dispute would expose the litigation that was anticipated that led to the request for the creation of the work product material as well as disclose confidential business information regarding the type of studies that Zuffa has commissioned third parties to conduct in the past. |
| Paragraphs 3-10 of the Grigsby Declaration | Citation to the content of these documents in the context of this dispute would expose the litigation that Zuffa's counsel anticipated that led to the request for the creation of the work product material and details regarding the work product material created. |

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c).  *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."  *Phillips v. General Motors*

*Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted).  Courts also have the ability to seal attorney-client privilege or work product information.  *See Asdale*, 2010 WL 2161930, at *5.  In light of the public interest, Zuffa has narrowly tailored its request by only seeking to seal the exhibits and the portions of Zuffa's opposition, the Campbell Declaration, the Hendrick Declaration and the Grigsby Declaration with confidential information or that implicate the work product doctrine.  Accordingly, the request to seal is narrowly tailored.  A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."  *Kamakana*, 447 F.3d at 1180 (citations and internal quotation marks omitted).

There is good cause to seal Exhibits A-F which reflect Zuffa's outside counsel's work product.  Although these documents are publicly available, Zuffa's compilation of these materials reflects its attorneys' thought processes regarding the anticipated litigation that led to the creation of the work-product documents.   Other courts have found such information worthy of protection.  *See Flaherty v. Seroussi*, 209 F.R.D. 300, 306-07 (N.D.N.Y. 2002) (holding that an attorney's compilation of newspaper articles in preparation for litigation constituted work product and was not discoverable); *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (finding the work product doctrine prevents the disclosure of underlying facts where the facts "inherently reveal the attorney's mental impression"); *cf. Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987) (holding the work product privilege prevents opposing counsel from inquiring which individuals an investigator interviewed during the course of its investigation although permitting an inquiry into a list of people with relevant information).

There is also good cause to seal Exhibits G, H and I, since public disclosure of these documents would reveal the nature of the project conducted at the request of counsel in anticipation of litigation and thus also reveal work-product.

Finally, there is good cause to seal Exhibits J, K and L which reflect confidential communications, including information relating to proposed analysis projects that were contemplated, including the nature of the project and the methodology that the third-party consultant proposed employing.  *See Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-

NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies). In the context of Zuffa's opposition to Plaintiffs' motion to challenge privilege, if this information is publicly disclosed, it may be possible to determine the type of work product that was ultimately created at the request of counsel. Furthermore, these communications reflect the deliberations of Zuffa concerning a proposal of a third-party consultant. If this information, including the type of analyses that Zuffa contemplated conducting, is publicly disclosed it could cause Zuffa competitive harm by giving competitors an unfair look inside its operations. This Court has already found that a document substantively identical to Exhibit K should be sealed. ECF No. 293.

For the reasons discussed above, the designated portions of Zuffa's opposition as well as portions of the Campbell Declaration, the Hendrick Declaration, and the Grigsby Declaration that contain information that would disclose the anticipated litigation which led to the creation of the work product documents, the underlying nature of the work product created, or other confidential business information should also be sealed.

Zuffa respectfully requests that that Exhibits A, B, C, D, E, F, G, H, I, J, K and L to the Grigsby Declaration, Paragraphs 3-15 of the Campbell Declaration, portions of Paragraphs 2-5 of the Hendrick Declaration, Paragraphs 3-10 of the Grigsby Declaration, and the designated portions of Zuffa's Opposition to Plaintiffs' Challenge to Zuffa's Work Product Designation be permitted to be filed under seal.

Dated: September 19, 2016                    BOIES, SCHILLER & FLEXNER LLP

                                             By: /s/ Stacey K. Grigsby
                                                 Stacey K. Grigsby
                                             *Attorneys for Defendant* Zuffa, LLC, d/b/a
                                             Ultimate Fighting Championship and UFC

                                             William A. Isaacson (*Pro Hac Vice*)
                                             Stacey K. Grigsby (*Pro Hac Vice*)
                                             Nicholas A. Widnell (*Pro Hac Vice*)
                                             BOIES, SCHILLER & FLEXNER LLP

5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
          jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation and Related Exhibits was served on the 19th day of September, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael J. Kim
Michael J. Kim