WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE WORK PRODUCT DESIGNATION AND RELATED EXHIBITS** |

I, Stacey K. Grigsby, declare as follows:

1. I am an attorney admitted to practice before the courts in the states of New York and the District of Columbia and am admitted Pro Hac Vice to practice before this Court. I am Counsel in the law firm Boies, Schiller & Flexner LLP, and represent Defendant Zuffa, LLC ("Zuffa") in this case.

2. I make this declaration in support of Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation and Related Exhibits. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Zuffa seeks to file under seal 12 exhibits identified as Exhibits A-L to the Declaration of Stacey K. Grigsby In Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation as well as portions of Zuffa's Opposition and portions of the Declarations of Kirk D. Hendrick, William Hunter Campbell, and Stacey K. Grigsby. This declaration is submitted to provide the factual and legal support for the filing of this material under seal.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Further, "[c]ourts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (citation omitted); *see also Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) (accepting attorney-client privilege and the work-product doctrine as both good cause and a compelling reason to seal nondispositive and dispositive motions respectively); *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) (sealing portions of motion and certain exhibits "to protect against disclosure of attorney-client privilege and attorney work-product information").

5.      Public disclosure of Exhibits A-F would expose Zuffa's counsel's work product as to the litigation that was anticipated that led to the creation of the work product documents.

6.      Public disclosure of Exhibits G, H and I would expose the nature of the underlying project conducted by the third-party consultant at the request of counsel in anticipation of litigation.

7.      Exhibit K is a document substantively identical to ECF 282-6, which this Court ordered to be sealed because it contained confidential information.  ECF 293.

8.      Exhibit J and L contain confidential communications from a third-party consultant to Zuffa regarding a proposed analysis project including the specific details of the nature of the project and the methodology that would be used to conduct it.

9.      Paragraphs 3-15 of the Campbell Declaration reflect Zuffa's outside counsel's thought processes regarding the litigation that was anticipated, litigation preparation that needed to be done, and the specific nature of the type of work that was commissioned at the request of counsel.

10.     Paragraphs 2-5 of the Hendrick Declaration disclose the litigation that Zuffa's outside counsel anticipated that led to the creation of the work product material as well as confidential information about a business study Zuffa commissioned a third-party to conduct.

11.     Paragraphs 3-10 of the Grigsby Declaration in Support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation reflect the litigation that Zuffa's outside counsel anticipated that led to the creation of the work product material and details regarding the work product material created.

12.     Zuffa also seeks to seal the designated portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation that have been redacted in the public filing, which contain references to Zuffa's confidential information and/or information protected from disclosure by the attorney work product doctrine.

13.     It is my understanding that Zuffa treats as confidential and has taken substantial measures to preserve the confidentiality of analysis projects that it has contemplated pursuing and has conducted.  Zuffa also works to protect work-product information from public disclosure.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing facts are true and correct. Executed this 19th day of September, 2016, in Washington,
3  DC.

4  /s/ Stacey K. Grigsby
   Stacey K. Grigsby