WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>            Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**JOINT STATUS REPORT** |

The parties in the above-captioned matter have met and conferred and submit the following Joint Status Report.

## I. Outstanding Motions (Joint Statement)

### A. Motion to Challenge Work Product Designation (ECF No. 282)

Plaintiffs filed a motion to challenge Defendant's clawback of three documents, which Defendant contends are subject to protection as work product. *See* ECF No. 282. On September 16, 2016, Defendant filed its opposition brief. ECF No. 293. Plaintiffs will file their Reply brief no later than Monday, September 26, 2016.

### B. Motion to Seal (ECF No. 280)

Pursuant to the terms of the Protective Order, Plaintiffs filed certain exhibits to the Motion to Challenge Work Product Designation under seal as well as filing a public redacted version of Plaintiffs' Motion to Challenge Work Product Designation. *See* ECF No. 280 (Motion to Seal); ECF No. 286 (Redacted Motion to Challenge Work Product Designation). Specifically, Plaintiffs sought to seal Exhibits 1, 2, 3, 5, 7 and 9 of the Motion to Challenge Work Product Designation. On September 6, 2016, Zuffa filed a motion providing the substantive justification for the sealing of Exhibits 1, 3 and 5 but did not request that Exhibits 2, 7 and 9 be sealed. ECF No. 289. Plaintiffs sought to seal Exhibits 2, 7 and 9 because one was a document Defendant designated as confidential (Exhibit 2) and the other two documents were discovery requests Plaintiffs served on Defendant but which made reference to the content of documents Defendant designated as confidential. Neither Plaintiffs nor Zuffa oppose the unsealing of Exhibits 2, 7 and 9 to Plaintiffs' Motion to Challenge Work Product Designation.

## II. Status of Document Production

### A. Plaintiffs' Statement

Plaintiffs have produced a total of 63,966 responsive documents totaling 205,627 pages to Defendant. These include emails, social media, audio, visual and graphic files, contracts, and other document types, all of which had to be reviewed by Plaintiffs' counsel at considerable cost and effort. The documents were collected from the representative plaintiffs' various electronic

1
JOINT STATUS REPORT

storage devices as well as hard copy documents. Plaintiffs' production of responsive non-privileged documents is substantially complete. Plaintiffs are currently working on the creation of a privilege log, and expect to be finished in the coming weeks. Plaintiffs expect that a few remaining documents deemed not privileged after review will be produced as we finalize the privilege log.

### B. Zuffa's Statement

Zuffa substantially completed producing documents in response to Plaintiffs' First Set of Requests for Production for most of the categories of non-ECA documents by the June 1 deadline, including emails from the non-Legal Custodians, electronic and hard copy fighter files, corporate documents, and financial documents, among many others. As Zuffa informed the Court at the last Status Conference, a few discrete categories of documents, such as text messages, were not able to be produced by the June 1 deadline. Zuffa worked diligently to prepare the remaining categories of documents for production and produced those remaining categories of documents over the summer.

In response to the Court's June 3 Order regarding the Early Case Assessment ("ECA") documents (ECF No. 272), Zuffa reviewed the Ordered documents from the files of Zuffa custodians and Strikeforce employees housed in the ECA database and produced over 185,000 documents by the Court-Ordered September 1 deadline. Zuffa substantially completed production of the Ordered documents by September 1, and is currently re-reviewing documents for, and compiling, a privilege log. Zuffa expects that certain documents deemed either not privileged or partly privileged after they are re-reviewed will be produced as it prepares its privilege log.

To date, Zuffa has produced over 641,000 documents totaling over 2.6 million pages (plus native files) and re-produced approximately 108,000 documents that were produced to the FTC in 2011.

### III. Deposition Scheduling (Joint Statement)

On July 5, 2016, Plaintiffs served a Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) on Defendant. The parties had two meet and confer telephone calls and have exchanged follow up letters concerning the initial Notice. Following the first telephone call and a letter from Defendant, Plaintiffs served a revised Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) on August 3, 2016 that seeks information on 56 topics. The parties are working to schedule mutually agreeable dates in November to take depositions associated with the revised Notice.

On August 19, 2016, Defendant served a Notice of Deposition on class representative Nathan Quarry. That deposition has been rescheduled for September 30, 2016, in Las Vegas.

The parties anticipate serving additional deposition notices in the coming weeks.

### IV. Status of Pending Discovery Requests (Joint Statement)

On August 5, 2016, Plaintiffs served a Second Set of Interrogatories on Zuffa containing one Interrogatory (Plaintiffs' seventh Interrogatory in this matter). On September 6, 2016, Zuffa provided objections and a substantive answer to that Interrogatory.

Plaintiffs served a Second Set of Requests for Production of Documents on August 8, 2016. Defendant responded to the Second Set of Requests on September 14, 2016. Zuffa is in the process of collecting documents in response to Plaintiffs' Second Set of Requests and providing notice to third parties regarding the production of documents containing potentially confidential information. The parties are in the process of meeting and conferring on Defendant's responses and objections to these Requests.

On July 22, 2016, Defendant served one Interrogatory on Plaintiffs collectively and six Interrogatories on each of the named Plaintiffs. Plaintiffs served objections and substantive answers to each of these Interrogatories on September 16, 2016.

## V. Third Party Subpoenas

### A. Plaintiffs' Statement

Plaintiffs have served 76 subpoenas seeking documents on third parties including the following categories of third parties: (1) managers and agents for various Elite MMA Fighters; (2) MMA Promotions and the past owners of MMA Promotions that no longer exist or were acquired by Zuffa; (3) the entities that recently acquired the UFC from Zuffa; (4) the financial institutions and law firms that represented the entities that recently acquired the UFC; and (5) Mercer, the entity that undertook the Fighter Pay Assessment that is the basis of the pending Motion to Challenge Work Product Designation, ECF No. 282.  Through these subpoenas and other related efforts to obtain materials from managers and agents without subpoenas, Plaintiffs have collected approximately 200,000 documents. Plaintiffs are continuing to negotiate with various third parties to obtain documents.

In the coming weeks, Plaintiffs intend to begin serving deposition subpoenas on various third parties.

### B. Zuffa's Statement

Zuffa has served 44 subpoenas on third parties, including on (1) combat sports promoters that are current competitors of Zuffa; (2) executives of former competitors of Zuffa; (3) athlete managers and agents; (4) broadcasters of combat sports promotions that compete with Zuffa; and (5) a venue that hosts combat sports events by promoters that compete with Zuffa.  Zuffa has collected approximately 200,000 documents from third parties and is continuing to collect documents from third parties.  Where the parties have both served subpoenas on a third party, Zuffa has coordinated its discovery efforts with Plaintiffs to the extent possible.

**VI.     Proposed Schedule**

    **A.  Plaintiffs' Statement**

Plaintiffs request that the Court enter a schedule in this matter with the following dates (Plaintiffs' Proposed Discovery Plan and Scheduling Order is attached as Exhibit A):

| Case Event | Proposed Date |
| --- | --- |
| Parties Certify Substantial Completion of Document Discovery | September 1, 2016 |
| Close of Fact Discovery | July 31, 2017 |
| Plaintiffs' Opening Expert Reports (class and merits) | August 29, 2017 |
| Last Day to Depose Experts Concerning Opening Reports | September 25, 2017 |
| Opposition Expert Reports | October 25, 2017 |
| Last Day to Depose Opposition Experts | November 30, 2017 |
| Reply Expert Reports | December 14, 2017 |
| Daubert Motions | January 15, 2018 |
| Class Certification Motion | January 15, 2018 |
| Daubert Opposition Briefs | March 15, 2018 |
| Class Certification Opposition Brief | March 15, 2018 |
| Daubert Reply Briefs | April 11, 2018 |
| Class Certification Reply Brief | April 25, 2018 |
| Class Certification Hearing | Court's Convenience |
| Summary Judgment Motions | July 2, 2018 |
| Summary Judgment Opposition Briefs | August 3, 2018 |
| Summary Judgment Reply Briefs | August 31, 2018 |
| Pretrial Conference | September 2018 |
| Trial | November 2018 |

As set forth in the November 16, 2015 Joint Status Report (the "November JSR"), ECF No. 199, the parties proposed certain deadlines, notably including a June 1, 2016 deadline for the Parties to Certify Substantial Completion of Discovery. *See* November JSR at 55-56.[1] In late April 2016, however, following Plaintiffs' diligent efforts to meet and confer to ascertain the scope of Defendant's search for documents, Defendant announced for the first time that it had

---

[1] The parties were unable to reach agreement on a summary judgment motion briefing schedule. The dispute was not addressed at the November 17, 2015 Status Conference and the parties renewed the discussion in the December 4, 2015 Joint Status Report (the "December JSR"). At the Status Conference on December 8, 2015, the Court resolved the dispute, "adopt[ing] Plaintiffs' proposal regarding motions deadlines" and entering deadlines for dispositive motions, oppositions and replies. *See* Minute Order, ECF No. 207. The Court did not enter a scheduling order or otherwise adopt any other deadlines.

discovered that a large archive of documents collected in connection with the 2011 FTC investigation had been maintained by Defendant's discovery vendor. This trove of approximately 1.8 million documents contained substantial relevant and responsive materials that would need to be searched for and produced. On June 3, 2016, *after* the proposed deadline for Defendant to have substantially completed document productions, the Court Ordered the search terms to be applied to this archive of documents.

Defendant's belated and surprise discovery of the archived FTC documents constitutes a material change in circumstances that requires the initial proposed agreement between the parties to be modified to reflect the realities of the parties' discovery demands. Indeed, while the fact discovery deadline was conditioned on the substantial completion of document discovery on June 1, 2016, Defendant certified substantial completion 91 days ***after*** the substantial completion deadline, *i.e.*, on September 1, 2016. Despite Defendant's material delay and the substantial unanticipated change in circumstances, Defendant refuses to agree to a schedule that accounts for the lengthy delay caused by its failure to identify the FTC documents maintained by its vendor.

Defendant endeavors to minimize the consequences of its failure to identify the FTC documents by stating that it "substantially completed producing documents in response to Plaintiffs' First Set of Requests for Production for most of the categories of non-ECA documents by the June 1 deadline." *See* Section II.B, *supra*. In fact, of the 641,000 documents Defendant produced (other than the re-production of the approximately 108,000 documents that were produced to the FTC) in this litigation, 339,193 (nearly 53%) *were produced after June 1, 2016*, and 496,070 (more than 77%) were produced after May 18, 2016. Thus, Defendant's production was not "substantially complete" by June 1, 2016, because less than half of its total production had been made by that time.

Furthermore, Defendant did not even begin to produce these nearly 340,000 documents until June 2, 2016, and then took three months to complete their production. These circumstances have dramatically shortened the time in which Plaintiffs have had to review nearly half of Defendant's entire production and prepare for depositions. Indeed, when the parties agreed in

November to the schedule with a June 1, 2016 deadline to substantially complete document productions, Plaintiffs had no reason to expect that more than half of the documents would be produced *after* that deadline, and their agreement to the remainder of the schedule was conditioned on Defendant's meeting the agreed substantial completion date.[2]  Notably, Defendant's far more aggressive discovery schedule suits it well because Defendant's counsel necessarily reviewed and coded its entire production when producing the documents. Plaintiffs should not be penalized for Defendant's production delays over which they had no control.

The belated production of the vast majority of documents Defendant has produced in this case has caused substantial delays in the discovery process.  Plaintiffs have devoted extensive resources to the discovery process, including reviewing Defendant's and third-party document productions, but their diligence cannot make up for Defendant's failure to meet the substantial completion deadline.  As a result, the parties have only recently begun to schedule depositions.

For its part, Defendant focuses on Plaintiffs' Second Set of Requests for Production of Documents ("Second RFPs"), which were served on August 8, 2016.  That focus is both misplaced—as Defendant's production of the majority of its documents after the agreed-upon deadline is the actual reason why the other deadlines should be adjusted—and not well-founded. First, of the 19 Requests in the Second RFPs, 16 pertain to the recent acquisition of Zuffa by WME | IMG, which was only publicly announced on July 11, 2016 (more than a month after the substantial completion deadline).  The other three requests were follow-up requests based on documents discovered in the existing production.  Second, in response to rumors published in the media regarding a potential acquisition of Zuffa, Plaintiffs first asked Zuffa to preserve and

---

[2] Of course, parties frequently produce large quantities of documents at the deadline for doing so. But these 340,000 documents are in addition to Defendant's productions just prior to the June 1, 2016 deadline. On June 1, 2016, for example, Defendant produced 45,687 documents that are not included in the 340,000 produced after June 1. Indeed, between May 18, 2016 and June 1, 2016, Defendant produced 156,877 documents, nearly 25% of the 641,000 documents Defendant produced for this litigation and more than 60% of documents Defendant produced before the then-agreed June 1, 2016 substantial completion deadline. In all, between May 18, 2016 and September 1, 2016, Defendant produced 496,070 documents, constituting more than 1.64 million pages, more than 77% of all documents produced for this litigation and nearly two thirds of documents Defendant produced including the reproduction of the 108,000 FTC documents.

produce documents related to the acquisition by letter on May 27, 2016, citing 24 of Plaintiffs' First Set of Requests for Production of Documents ("First RFPs"), which would have covered the documents Plaintiffs sought. On June 7, 2016, Defendant responded by refusing to supplement its production thereby necessitating the service of Plaintiffs' Second RFPs. Thus, even if the Second RFPs were the basis for Plaintiffs' proposed schedule—instead of Defendant's significant delay in producing documents responsive to the First RFPs—the timing of the Second RFPs was not due to Plaintiffs' lack of diligence, but rather the timing of the events relating to the Second RFPs and Defendant's refusal to cooperate in May 2016.

Plaintiffs' scheduling proposal seeks only to add the 120-days to the fact discovery period that Defendant's production delay has caused. Enforcing the parties' prior schedule agreement—despite Defendant's failure to abide by material terms upon which the deadlines were conditioned—would permit Defendant to gain an undue advantage from its own dilatory conduct. Plaintiffs respectfully request that the Court enter Plaintiffs' proposed scheduling order that allows for the efficient completion of fact discovery, recognizing that Plaintiffs have been disadvantaged due to no fault of their own.

### B. Zuffa's Statement

At this stage in the litigation, Zuffa does not agree to an extension of fact discovery and believes that the current schedule, which was jointly proposed by the parties and considered and ruled upon by the Court, is sufficient to meet the parties' needs. ECF No. 206 at 34-35.[3] Plaintiffs' proposal to extend the fact discovery deadline would affect all subsequent deadlines, including the Court Ordered dates regarding the briefing of dispositive motions. ECF No. 207. Under Local Rule 26-4, a motion to extend "any date set by the discovery plan, scheduling order or other order must" (1) satisfy the requirements of LR IA 6-1 and (2) "be supported by a showing of good cause for the extension." "Good cause to extend a discovery deadline exists 'if

---

[3] The parties submitted a joint proposed schedule up to the dates of class certification, which this Court considered. The jointly-submitted agreed deadlines ended at class certification, but Plaintiffs also proposed dates for the briefing of dispositive motions following class certification, which this Court accepted and Ordered. ECF No. 207.

it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764 at *1 (D. Nev. Aug. 1, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). The current schedule, which this Court considered and ruled upon, provides ample time to conduct discovery and Plaintiffs are not able to show good cause to extend the schedule. ECF No. 207. Zuffa has included this schedule as its Proposed Discovery Plan and Scheduling Order, attached as Exhibit B.

Plaintiffs have not met the "good cause" requirement for granting an extension of the schedule. Zuffa has substantially completed producing documents in response to Plaintiffs' First Set of Requests for Production and the Court-Ordered ECA documents. Plaintiffs thus have all of the information they need to move forward with fact discovery and plenty of time to do it. Plaintiffs' statements concerning Zuffa's production of documents after the June 1, 2016 deadline have no bearing on the parties' ability to complete discovery in 6 months. Plaintiffs too produced documents after the June 1 deadline after Zuffa identified deficiencies in Plaintiffs' production, such as their failure to produce any text messages and their failure to collect documents up to the Court Ordered discovery cutoff date of June 30, 2015. Additionally, Plaintiffs are still engaging in efforts to obtain documents in Plaintiffs' control from Plaintiffs' managers and agents in response to Zuffa's requests for production. Despite these delays, Zuffa believes there is still sufficient time to complete fact discovery by the previously contemplated deadline.

The fact that Plaintiffs waited until August of 2016 – a year and a half after filing suit – before serving its Second Set of Requests for Production also does not weigh in favor of pushing the fact discovery deadline. Moreover, up to this point, Plaintiffs have chosen not to notice any individual depositions in this case, and have instead noticed only one 30(b)(6) deposition, despite the fact that Zuffa substantially completed the production of certain custodians' documents several months ago.[4] Nonetheless, with over 6 months remaining in fact discovery, the parties can complete their discovery with diligent effort.

---

[4] Although Plaintiffs correctly note that the production of documents from the ECA database was not substantially completed until September 1, 2016, as per the Court's Order, many of the agreed and ordered custodians had no documents in the ECA database because they either began

Further, this Court has already undertaken sufficient consideration of both parties' positions when it ruled on the current schedule for discovery, and changing these dates should not be taken lightly. The costs of litigating a large antitrust case are already prohibitive without extending the schedule unnecessarily. Plaintiffs' proposal would cause undue delay by extending all case deadlines by four months. This extension would prejudice Zuffa's ability to conclude this case, either through dispositive motions or trial, according to the schedule adopted by the parties and the Court. Nothing prevents the parties from completing fact discovery within the currently scheduled timeframe. Accordingly, Zuffa does not agree that the schedule needs to be extended.

Dated: September 23, 2016            BOIES, SCHILLER & FLEXNER LLP


By: /s/ Stacey K. Grigsby_____
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
       nwidnell@bsfllp.com
       sgrigsby@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540

---

working at Zuffa after 2011, when the ECA database documents were collected, or their documents were not collected as part of the 2011 FTC Investigation.

Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

Dated: September 23, 2016

Respectfully Submitted,

By: /s/ Michael Dell'Angelo
     Michael Dell'Angelo

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joseph R. Saveri
Joshua P. Davis
Matthew S. Weiler
Kevin E. Rayhill
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown
Richard A. Koffman
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
bbrown@cohenmilstein.com

*Co-Lead Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Darren Uyenoyama*

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

Robert C. Maysey
Jerome K. Elwell
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com

|   |   |
|---|---|
| 1 | Frederick S. Schwartz |
| 2 | LAW OFFICE OF FREDERICK S. SCHWARTZ |
| 3 | 15303 Ventura Boulevard, #1040<br>Sherman Oaks, CA 91403 |
| 4 | Telephone: (818) 986-2407<br>Facsimile: (818) 995-4124 |
| 5 | fred@fredschwartzlaw.com |
| 6 | *Additional Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury and Darren Uyenoyama* |

**ATTESTATION OF FILER**

The signatories to this document are myself and Michael Dell'Angelo, and I have obtained Mr. Dell'Angelo's concurrence to file this document on his behalf.

Dated: September 23, 2016

By: /s/ Stacey K. Grigsby
Stacey K. Grigsby
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: sgrigsby@bsfllp.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Joint Status Report** was served on September 23, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim

An Employee of Boies, Schiller and Flexner LLP