WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant.

Case No.: 2:15-cv-01045-RFB-(PAL)

**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION AND RELATED EXHIBITS**

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal (1) portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation and (2) Exhibit 4 to the Rayhill Declaration in Support of Plaintiffs' Reply. This motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Reply.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. ECF No. 217, ¶ 14.3. In addition, "[c]ourts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (citation omitted); *see also Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) (accepting attorney-client privilege and the work-product doctrine as both good cause and a compelling reason to seal nondispositive and dispositive motions respectively); *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) (sealing portions of a motion and certain exhibits "to protect against disclosure of attorney-client privilege and attorney work-product information"). Due to the nature of Plaintiffs' challenge, portions of Plaintiffs' Reply contain references to Zuffa's outside counsel's work product, including thought processes and litigation strategy. Although some of the information in the Reply comes from public sources or information that is publicly known, the reference to this information in the context of Plaintiffs' motion to challenge work-product designation would disclose attorney work product. For example, publication of the litigation that Zuffa's counsel was anticipating at the time that Zuffa's counsel commissioned the Mercer project would disclose part of its thought processes and litigation strategy to which the public would ordinarily not have access. Plaintiffs' Reply also

contains one document that contains a confidential business PowerPoint presentation regarding an analysis of fighter pay that should be sealed because it contains confidential information.

Specifically, Zuffa seeks to seal the following information or exhibits:

| | |
|---|---|
| Exhibit 4 (ZFL-0895314) | This document contains Zuffa's internal analysis of fighter pay, including citation to specific financial numbers and proposed strategies for changing pay. |
| The portions of Plaintiffs' Reply that have been redacted in the publicly filed version (ECF No. 303) | These portions of Plaintiffs' Reply contain references to Zuffa's outside counsel's work product and/or reflect confidential information under the Protective Order. |

While Zuffa recognizes the importance of access to public documents, for sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c). *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted). Courts also have the ability to seal attorney-client privilege or work product information. *See Asdale*, 2010 WL 2161930, at *5. In light of the public interest, Zuffa has narrowly tailored its request by only seeking to seal the exhibit and the portions of Plaintiffs' Reply with confidential information or that implicate the work product doctrine. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 (citations and internal quotation marks omitted).

There is good cause to seal the portions of Plaintiffs' Reply that contain Zuffa's outside counsel's work product. Although some of the information is public, such as the filing of a specific lawsuit, Zuffa's compilation of these materials reflects its attorneys' thought processes regarding the anticipated litigation that led to the creation of the work-product documents. Other courts have found such information worthy of protection. *See Flaherty v. Seroussi*, 209 F.R.D.

300, 306-07 (N.D.N.Y. 2002) (holding that an attorney's compilation of newspaper articles in preparation for litigation constituted work product and was not discoverable); *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (finding the work product doctrine prevents the disclosure of underlying facts where the facts "inherently reveal the attorney's mental impression"); *cf. Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987) (holding the work product privilege prevents opposing counsel from inquiring which individuals an investigator interviewed during the course of its investigation although permitting an inquiry into a list of people with relevant information).

There is also good cause to seal Exhibit 4 to the Rayhill Declaration. This document contains a confidential analysis presentation analyzing fighter pay issues and includes citations to specific financial figures as well as proposed strategies for changing pay. *See Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies). If this information is publicly disclosed, it could cause Zuffa competitive harm by giving competitors an unfair look inside its internal operations and deliberations.

Zuffa respectfully requests that that Exhibits 4 to the Rayhill Declaration and the designated portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation be permitted to be filed under seal.

Dated: October 3, 2016

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Stacey K. Grigsby
Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015

Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa's Motion to Seal Portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation and Related Exhibits was served on the 3rd day of October, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim_______________

An Employee of Boies, Schiller & Flexner