CONFIDENTIAL

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>            Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT**<br><br>**PUBLIC COPY—REDACTED** |

CONFIDENTIAL

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Zuffa LLC's Motion to Seal Portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation and Related Exhibits (the "Motion") should be denied to the extent Zuffa seeks to seal references to publicly filed litigation and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Even if the documents comprising Zuffa's purported work product may properly be sealed pending the Court's ruling on Plaintiffs' work product challenge, **publicly available documents** that are merely **attached or cited in support of Zuffa's arguments** concerning work product cannot meet the exacting "compelling reason" standard to seal in light of the "strong presumption in favor of access" to judicial records employed by courts in the Ninth Circuit. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Indeed, information available from publicly available sources **are not "confidential,"** and do not implicate the countervailing concerns for sealing access to discovery materials cited by Zuffa in its Motion.

Zuffa now seeks to seal parts of the Reply Brief related to (1) references to the content and purpose of the disputed documents Zuffa asserts are protected under the work product doctrine (the "Mercer Documents")[1]; (2) references to publicly available documents from litigation that Zuffa claims form the basis for its work product assertion (the "Prior Litigation"); and, (3) references to ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Plaintiffs do not challenge the Motion to the extent that it seeks to seal references to the Mercer Documents pending the Court's ruling on their motion to challenge Zuffa's work product assertion, as those materials were designated "Confidential" under the Protective Order when Zuffa produced them to Plaintiffs in the first instance. However, Plaintiffs oppose sealing references to other documents which Zuffa did not produce, including in particular publicly available documents from the Prior Litigation and ▉▉▉▉▉▉▉▉▉ (together, the "Disputed Redactions"). The Disputed Redactions do not refer to any document

---

[1] Zuffa seeks to seal Exhibit 4 to the Declaration of Kevin E. Rayhill In Support Of Plaintiffs' Reply. ECF No. 303-5, Exhibit 4 consists of a Zuffa presentation that was designated Confidential by Defendant. Pursuant to Section 14.3 of the Revised Stipulation And Protective Order adopted by this Court on February 10, 2016, ECF No. 217. Plaintiffs filed Exhibit 4 under seal. Plaintiffs take no position as to whether the Court should seal this document.

produced in discovery and designated "Confidential" or "Highly Confidential," including the contents of the Mercer Documents. Rather, they refer to publicly filed documents in a civil lawsuit, settled in 2013, and to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, many of which were reported in the press.[2]

Zuffa offers no facts or explanation demonstrating a compelling reason to seal these references. Instead, Zuffa offers only conclusory and insufficient statements claiming that these references would reveal work product. These unsupported conclusory statements are not compelling reasons to seal the references to the Prior Litigation and ▮▮▮▮▮▮▮▮▮▮▮▮.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2016, Zuffa notified Plaintiffs of its intent to assert work product protection over three documents. *See* Declaration of Kevin E. Rayhill In Support Of Plaintiffs' Motion To Challenge Work Product Designation, Ex. 4, ECF No. 282-5. Plaintiffs notified Zuffa of their intent to challenge the work product designation on August 24 (ECF No. 282-11), and filed the underlying Motion to Challenge Work Product Designation (the "Motion to Challenge") on August 31 (ECF No. 282). Zuffa filed its Opposition on September 19 and Plaintiffs filed their Reply on September 26. Plaintiffs redacted all references to the Mercer Documents in the publicly filed version of the Reply.

On September 27, Zuffa notified Plaintiffs that Zuffa "considers the underlying anticipated litigation which [sic] led to the creation of the work product documents to be confidential" and asked Plaintiffs to immediately ask the Court to seal the redacted Reply.[3] *See* Declaration of Matthew S. Weiler, Ex. 1. Plaintiffs responded that they disagreed with Zuffa's overbroad and unjustified redactions but met and conferred with Zuffa to submit a redacted brief that complied with Zuffa's claims of protection. *Id.*, Ex. 2.

Zuffa filed its Motion to Seal on October 3.

---

[2] *See* Declaration of Stacey K. Grigsby In Support of Zuffa's Opposition To Plaintiffs' Motion To Challenge Work Product Designation, Exs. C, D & E; ECF Nos. 294-6, 7 & 8. Inexplicably, Zuffa has sought to seal these publicly available documents as well.

[3] This issue was addressed in the Status Conference held before the Court on September 27, and the Court ordered the Reply sealed and directed plaintiffs to file an appropriately redacted version of the brief, which Plaintiffs did that day.

2   Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**

## III. ARGUMENT

### A. Zuffa Demonstrates No Compelling Reason To Overcome The Presumed Right Of Access To Judicial Records

#### 1. Legal Standard

It is a basic proposition that information that has **"been made public or is already in the public record"** cannot be sealed absent proof of a **"compelling reason"** to justify sealing. *See Murnane v. Las Vegas Metro. Police Dep't*, 2015 U.S. Dist. LEXIS 129261, *31 (D. Nev. Sept. 23, 2015) (applying "compelling reason" standard for sealing information that is already publicly available). This high standard must be met to seal the Disputed Redactions because "[u]nder the first amendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990). "The explanation for and the importance of this public right of access to civil trials is that it is inherent in the nature of our democratic form of government." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1069 (3d Cir. 1984). "The Supreme Court [has also] recognized a federal common law right to inspect and copy public records and documents. This right extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Courts in the Ninth Circuit "start with a strong presumption in favor of access. This presumption of access may be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad, supra*, 49 F.3d 1430, 1434. "The factors relevant to a determination of whether the strong presumption of access is overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. "After taking all relevant factors into consideration, the district court must base its decision on a **compelling reason** and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (emphasis added). In the case of court records, there is an even higher burden. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). "A failure to meet that burden means that the default posture of public access prevails." *Id*.

3   Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**

Acknowledging that it would fail to meet the applicable high standard, Zuffa asks the Court to apply a lower "good cause" standard. Motion at 2. This standard is inapplicable to these documents. The Disputed Redactions do not refer to any documents that have been designated under the Protective Order or previously sealed. The Disputed Redactions are from publically available sources.

As the references to public matters Zuffa seeks to seal are not discovery materials that can be subject to a Protective Order, Zuffa's reliance on *Kamakana* is misplaced. *Kamakana* acknowledges that confidential material contained in discovery materials (e.g., interrogatory responses) may be sealed if the discovery materials contain confidential information. Publically available material provides no "exception to the presumption of access to judicial records, **for a sealed discovery document attached to a non-dispositive motion**, such that the usual presumption of the public's right of access is rebutted." *Kamakana* at 1179 (quotations and citations omitted, emphasis added). *Accord Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-678 (9th Cir. 2010) ("'a 'compelling reasons' standard applies to most judicial records") (quoting *Kamakana* at 1180).[4] As the *Kamakana* court explained,

> when a district court grants a protective order to seal documents during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality. The application of a strong presumption of access to **sealed records**, not directly relevant to the merits of the case, would eviscerate the broad power of the district court to fashion protective orders.

*Kamakana* at 1179-1180 (quotations and citation omitted, emphasis added). Thus, the "exception" referenced in *Kamakana* applies only to **discovery** documents that have **already been sealed** by a court.

In fact, Zuffa seeks to seal references to **public** documents from the Prior Litigation, and references to ████████████████████████████████, which is of course publicly available information. As Zuffa concedes, the Disputed Redactions make no reference to any sealed discovery documents. Accordingly, the "strong presumption in favor of access" applies, and Zuffa must articulate facts demonstrating a "compelling reason" to foreclose public access to its

---

[4] Zuffa cites *Pintos* to support its claim that the good cause standard applies here, but *Pintos* applied the "compelling reason" standard because the documents to be sealed had previously been attached to a summary judgment motion, so they were "not 'private materials unearthed during discovery' but have become part of the judicial record." *Id.* at 678 (quoting *Kamakana* at 1180). The court went on to note that "[a]dditionally, the documents do not fall within the *Phillips* exception to the general presumption of access because Pintos's motion was dispositive." *Id.* at 678-679.

Motion. *Hagestad, supra*, 49 F.3d at 1434; *see also Joint Equity Comm. of Inv'rs of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 2012 U.S. Dist. LEXIS 12964, at *5 (C.D. Cal. Jan. 24, 2012) (denying request to seal publicly available documents: "Equally egregious is Defendants' attempt to seal news articles that are available in the public domain."). Zuffa has not carried its burden.

Zuffa's argument in favor of a "good cause" standard conflates the Disputed Redactions with references to materials Zuffa has designated under the Protective Order. According to Zuffa, a lower "good cause" standard should be applied because "[t]hese portions of Plaintiffs' Reply contain references to Zuffa's outside counsel's work product and/or reflect confidential information under the Protective Order." Motion at 2. Not so. The Disputed Redactions refer solely to the alleged underlying events and publicly available materials documenting those events which Zuffa claims justify its assertion of work product, *i.e.*, the Prior Litigation—a publicly filed judicial proceeding—and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These underlying facts and documents are separate and distinct from Zuffa's outside counsel's purported strategy as to how to prepare for any allegedly anticipated litigation. Zuffa has set forth no facts demonstrating a compelling reason—or even good cause—to seal these references. Indeed, they cite no facts at all. The Disputed Redactions make no reference to Zuffa's outside counsel's mental impressions or legal strategy.[5] There is simply nothing in the Disputed Redactions that refers to counsel's mental processes or legal strategy, or from which such mental impressions or legal strategy could be inferred.

### 2. Zuffa Offers No Facts To Support Its Conclusory Statements That References to The Prior Litigation Should Be Sealed.

Zuffa seeks to seal references to the Prior Litigation, a judicial proceeding that is a matter of public record. Again, Zuffa fails to offer any "compelling reasons" to overcome the presumption of public access. It is no secret that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In fact, the Prior Litigation was widely discussed in the press at the time. *See* ECF No. 294 at 3. Indeed, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[5] All references to the content and purpose of the Mercer Documents have been redacted by Plaintiffs pending this Court's ruling on their Motion to Challenge.

███████████████████████████████. See Grigsby Decl., Ex. A at ZFL-0749154; ECF No. 294-4. Zuffa makes several arguments related to sealing references to the Prior Litigation. Each fails.

First, Zuffa cites to *Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) for the proposition that "courts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." Motion at 1. This rationale does not support sealing references to the Prior Litigation, because Zuffa does not claim work product or privilege over the Prior Litigation materials themselves. Moreover, the details of this litigation itself are logically unrelated to the Prior Litigation. *See* ECF No. 300 at 4-6.[6]

Second, Zuffa then claims that "[d]ue to the nature of Plaintiffs' challenge, portions of Plaintiffs' Reply contain references to Zuffa's outside counsel's work product, including thought processes and litigation strategy." Not true. The Disputed Redactions refer only to prior judicial proceedings and ████████████████. There are no references to outside counsel's work product, mental processes or litigation strategy.

Third, Zuffa's argument that the "compilation of these [public] materials reflects its attorneys' thought processes regarding the anticipated litigation that led to the creation of the work-product documents" (Motion at 2) fails as well. The Disputed Redactions make no reference to any compilation of materials relating to the Prior Litigation that allegedly occurred at the time the purported Mercer work product was created.[7] To the extent that the public materials may have been compiled in

---

[6] The *Hanson* court held that documents "gathered and used . . . in the course of preparing [a] declaration" to be used in litigation were work product and ordered them sealed. Here, Zuffa seeks to seal references to a prior judicial proceeding and to ████████████████. No materials "gathered and used" in litigation are mentioned in the Disputed Redactions. To the extent any documents were compiled in preparation for litigation, it was **this** litigation and not ████████████████. Zuffa's reliance on *JL Beverage Co., LLC v. Beam, Inc.*, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) is similarly misplaced. The motion to seal in *JL Beverage* was unopposed and resolved under an inapplicable standard. The judge in that case stated that there was good cause to seal portions of the moving party's own brief without discussing the nature of the sealed materials or the basis for the good cause finding. Here, Zuffa has provided no basis for a finding of good cause or compelling reasons beyond its conclusory statements that the Disputed Redactions are work product. Nor does *Van Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 U.S. Dist. LEXIS 60766, (D. Nev. May 28, 2010), provide any support for Zuffa's position. The court in *Van Asdale* held that multiple filings and exhibits in a highly sensitive whistle-blower retaliation case should be sealed because they contained the defendant corporation's proprietary information, attorney-client communications, and work product. *Id.* at *7-19. Here, in contrast, the Disputed Redactions contain no proprietary information, no attorney-client communications, and no work product.

[7] This contention apparently applies to both the Prior Litigation and ████████████████.

6   Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**

anticipation of litigation, it was part of supporting Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product Designation in this litigation, not in anticipation of ▮▮▮▮▮▮▮. Plaintiffs' Reply does not describe **any materials** compiled by Zuffa or its outside counsel **at the time** ▮▮▮▮▮ **was allegedly anticipated.**[8] Therefore, Zuffa has failed to show—as it must—that the compilation of public materials was made in anticipation of ▮▮▮▮▮▮, and they cannot assert work product protection on the theory the materials relate to ▮▮▮▮▮▮. To the extent that Zuffa is claiming work product for work done by outside counsel in connection **with this litigation,** that argument lacks a limiting principle. If Zuffa's "compilation" of public materials before this Court to support an underlying work product claim **is itself work product**, then too **is every compilation of public materials** a party were to assemble as a predicate for a work product claim. Zuffa cites no authority in support of this remarkable contention. Moreover, even were the compilation of public materials deemed work product, Zuffa waived protection by filing them and serving them on Plaintiffs.

Fourth, Zuffa argues that "publication of the litigation that Zuffa's counsel was anticipating at the time that Zuffa's counsel commissioned the Mercer project would disclose part of its thought processes and litigation strategy." Motion at 1. But Zuffa does not explain how this identification of the litigation in the Reply brief **more than three years after the fact** could disclose its counsel's mental processes or litigation strategy. Even if the Prior Litigation were related to the Mercer Documents—and it is not—the mere mention of it reveals nothing about Zuffa's outside counsel's thought processes or litigation strategy. The fact that Zuffa was anticipating litigation cannot itself be protectable information; that is simply the premise of any claim for work product.

### 3. Zuffa Offers No Facts To Support Its Conclusory Statements That References to ▮▮▮▮▮▮▮ Should Be Sealed.

Zuffa also seeks to seal ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮ are publicly available information that should not be sealed. Indeed, Zuffa seeks to seal **several press articles** downloaded from public websites. Grigsby Decl., Exs. C, D & E; ECF Nos. 294-6, 7 & 8. It should be beyond dispute that press articles are not

---

[8] Zuffa did compile examples of ▮▮▮▮▮▮ for the Grigsby Declaration accompanying Zuffa's Motion, but they offer no proof that outside counsel did the same at the time litigation was allegedly anticipated.

confidential and may not be sealed. Also here, Zuffa seeks to 'un-ring' the proverbial 'bell' by sealing publicly available documents that discuss the Prior Litigation. The references in the Reply Brief to ▮ ▮ simply cannot be sealed because Zuffa offers no "compelling reason" to support sealing references to these public domain materials.

Zuffa cites *Flaherty v. Seroussi*, 209 F.R.D. 300, 306-07 (N.D.N.Y. 2002) for the proposition that "an attorney's compilation of newspaper articles *in preparation for litigation* constituted work product and was not discoverable." Motion 2-3 (emphasis added). But Zuffa did not compile the articles in preparation for the Prior Litigation. Rather, they were compiled several years after the fact by Zuffa's current outside counsel. Again, Zuffa has disclaimed any connection between the work product assertion and this litigation, and Zuffa cites no authority that supports the untenable premise that work product protects a collection of publicly available materials its outside counsel submits in the course of litigation. *See Joint Equity Comm. of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 2012 U.S. Dist. LEXIS 12964, *5 (C.D. Cal. Jan. 24, 2012) ("Equally egregious is Defendants' attempt to seal news articles that are available in the public domain"); *see also Hansen v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 125524, at *8-9 (W.D. Wash. Feb. 26, 2008) ("The news articles will not be sealed because they have presumably already been publicly distributed."). Moreover, *Flaherty* concerned whether a party to litigation could review an attorney's compilation of newspaper articles retained by the other party for litigation purposes. *Flaherty*, 209 F.R.D. at 306-07. Here, by contrast, the compilation of newspaper articles was collected for the purpose of supporting Zuffa's opposition to Plaintiffs' motion to challenge work product designation. That Zuffa attached these articles to its Opposition waives any claim of work product and negates any relevance *Flaherty* has to Zuffa's attempt to seal these references.

Zuffa's attempt to seal ▮ also fails for the same reason that their attempt to seal references to the Prior Litigation fails: ▮ never refer to any compilation of any materials, or any other alleged work by Zuffa's outside counsel. Indeed, the compilation of the newspaper articles is temporally and logically disconnected from the Mercer Documents because the articles were assembled several years after the supposed work product was created, and make no reference whatsoever to the Mercer documents. Accordingly, Zuffa's reliance on *Garcia v. City of El*

8   Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION

*Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003)[9] for the proposition that underlying facts that would "inherently reveal the attorney's mental impression" may be protected under the work product doctrine is misplaced. The issue in *Garcia* was whether interviews taken by the city claims adjuster regarding a claim being made against the city were discoverable. Unlike the interviews in *Garcia*, reference to ▬▬▬▬▬▬ says nothing about how Zuffa planned to go about preparing for the allegedly anticipated litigation, and reveals no aspect of Zuffa's strategy. The only conceivable aspect of Zuffa's mental impressions that are revealed by these references is that Zuffa was (purportedly) anticipating litigation—but the assertion of work product protection itself inherently conveys this very fact.

## IV. CONCLUSION

Zuffa's claim that the Disputed Redactions reveal Zuffa's outside counsel's work product are unsupported, and cannot constitute "compelling reasons" to seal these public matters. For these reasons and those set forth above, this court should deny Zuffa's Motion.

---

[9] Similarly, Zuffa cites *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987), for the proposition that the work product privilege prevents opposing counsel from inquiring which individuals an investigator interviewed during the course of its investigation. The Disputed Redactions reveal nothing about any choices outside counsel is purported to have made in alleged anticipation of litigation.

CONFIDENTIAL

| | |
|---|---|
| Dated: October 12, 2016 | Respectfully Submitted,<br>JOSEPH SAVERI LAW FIRM, INC.<br><br>By:   /s/Joseph R. Saveri<br>          Joseph R. Saveri<br><br>Joseph R. Saveri (admitted *pro hac vice*)<br>Joshua P. Davis (admitted *pro hac vice*)<br>Matthew S. Weiler (admitted *pro hac vice*)<br>Kevin E. Rayhill (admitted *pro hac vice*)<br>555 Montgomery Street, Suite 1210<br>San Francisco, California 94111<br>Phone: (415) 500-6800/Fax: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>jdavis@saverilawfirm.com<br>mweiler@saverilawfirm.com<br>krayhill@saverilawfirm.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* |

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**

CONFIDENTIAL

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Dan Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

CONFIDENTIAL

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

12   Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT DESIGNATION**

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2016 a true and correct copy of **PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO CHALLENGE WORK PRODUCT—LODGED UNDER SEAL** was served via email on all parties or persons requiring notice.

By:          /s/ Kevin E. Rayhill