WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC  20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV  89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV  89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO ZUFFA'S MOTION TO SEAL** |

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal: (1) portions of Plaintiffs' Opposition to Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product (ECF No. 307) ("Plaintiffs' Opposition") and (2) portions of Exhibit 2 to the Matthew S. Weiler Declaration in Support of Plaintiffs' Opposition to Zuffa, LLC's Motion to Seal (ECF No. 307-3) (the "Weiler Declaration"). This motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Opposition to Zuffa's Motion to Seal.

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. ECF No. 217, ¶ 14.3. In addition, "[c]ourts generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason' justifying a motion to seal." *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (citation omitted); *see also Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010) (accepting attorney-client privilege and the work-product doctrine as both good cause and a compelling reason to seal nondispositive and dispositive motions respectively); *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862, at *3 (D. Nev. Oct. 7, 2014) (sealing portions of a motion and certain exhibits "to protect against disclosure of attorney-client privilege and attorney work-product information"). Due to the nature of Plaintiffs' challenge, portions of Plaintiffs' Opposition contain references to Zuffa's outside counsel's work product, including thought processes and litigation strategy. Although some of the information in Plaintiffs' Opposition comes from public sources or information that is publicly known, the reference to this information in the context of Plaintiffs' Opposition would disclose attorney work product. For example, publication of the litigation that Zuffa's counsel was anticipating at the time that Zuffa's counsel commissioned the

1
MOTION TO SEAL

Mercer project would disclose part of its thought processes and litigation strategy to which the public would ordinarily not have access.

Specifically, Zuffa seeks to seal the following information or exhibits:

| The following portions of Plaintiffs' Opposition: Page 5:20-25, Page 6:1 and fn.6 at Line 22, Page 7:2-6 | These portions of Plaintiffs' Opposition contain references to Zuffa's outside counsel's work product and/or reflect confidential information under the Protective Order. |
|---|---|
| Exhibit 2 to the Weiler Declaration sentence two. | This sentence contains references to Zuffa's outside counsel's work product and/or reflect confidential information under the Protective Order. |

While Zuffa recognizes the importance of access to public documents, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c) for sealing requests that do not relate to dispositive motions. *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted). Courts also have the ability to seal attorney-client privilege or work product information. *See Asdale*, 2010 WL 2161930, at *5. In light of the public interest, Zuffa has narrowly tailored its request by only seeking to seal portions of the exhibit and the portions of Plaintiffs' Opposition with confidential information or that implicate the work product doctrine. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 (citations and internal quotation marks omitted).

There is good cause to seal the designated portions of Plaintiffs' Opposition and Exhibit 2 that contain Zuffa's outside counsel's work product. Although some of the information is public, such as the filing of a specific lawsuit, this information contains reference to the anticipated litigation that led to the creation of the work-product documents. Other courts have found such information worthy of protection. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal.

2003) (finding the work product doctrine prevents the disclosure of underlying facts where the facts "inherently reveal the attorney's mental impression").

      Zuffa respectfully requests that the designated portions of Plaintiffs' Opposition and the designated portions of Exhibit 2 to the Weiler Declaration be permitted to be filed under seal.

Dated: October 17, 2016              BOIES, SCHILLER & FLEXNER LLP

By: /s/ Stacey K. Grigsby
     Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC  20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV  89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV  89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

3
MOTION TO SEAL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Opposition to Zuffa's Motion to Seal was served on the 17th day of October, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim
An Employee of Boies, Schiller & Flexner