1  WILLIAM A. ISAACSON (*Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro Hac Vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro Hac Vice*)
   (nwidnell@bsfllp.com)
4  BOIES, SCHILLER & FLEXNER LLP
5  5301 Wisconsin Ave, NW, Washington, DC 20015
   Telephone: (202) 237-2727; Fax: (202) 237-6131
6
7  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
8  BOIES, SCHILLER & FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
9  Telephone: (702) 382 7300; Fax: (702) 382 2755

10 DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
11 J. COLBY WILLIAMS #5549
   (jcw@campbellandwilliams.com)
12 CAMPBELL & WILLIAMS
13 700 South 7th Street, Las Vegas, Nevada 89101
   Telephone: (702) 382-5222; Fax: (702) 382-0540
14
15 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC

16

17                    UNITED STATES DISTRICT COURT
18
                          DISTRICT OF NEVADA
19

20  Cung Le, Nathan Quarry, Jon Fitch, Brandon        Case No.: 2:15-cv-01045-RFB-(PAL)
    Vera, Luis Javier Vazquez, and Kyle
21  Kingsbury on behalf of themselves and all
    others similarly situated,
22                                                   **ZUFFA, LLC'S REPLY IN SUPPORT OF
                                                     ITS MOTION TO SEAL PORTIONS OF
             Plaintiffs,                             PLAINTIFFS' REPLY BRIEF IN
23       v.                                          SUPPORT OF MOTION TO
24                                                   CHALLENGE WORK PRODUCT
    Zuffa, LLC, d/b/a Ultimate Fighting              DESIGNATION AND RELATED
25  Championship and UFC,                            EXHIBITS**

26           Defendant.

27

28

Plaintiffs' opposition to the motion to seal filed by Defendant Zuffa, LLC ("Zuffa") is yet another attempt by Plaintiffs to disclose publicly Zuffa's confidential information. Here, Zuffa has asked to seal information that relates directly to its work product claim. Under any applicable legal standard, Zuffa has met its burden on its Motion to Seal Portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation (ECF No. 305).[1] Plaintiffs do not and cannot dispute that publicly available information may qualify as work product. Nor do they dispute that work product may properly be sealed. Instead, Plaintiffs apply the wrong legal standard and argue that Zuffa has not met that incorrect standard because the disputed redactions do not qualify as work product. This conclusion rests on a fundamental misunderstanding of the nature of the work product at issue. When viewed through the appropriate lens—that the disputed redactions are information Zuffa's counsel evaluated for their legal significance at the time they were made—it becomes clear that disclosure would reveal counsel's thought processes, thus qualifying as work product that should be sealed.

       i.     *The "Good Cause" Standard Applies To Nondispositive Motions.*

For sealing requests that do not relate to dispositive motions, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c) (as opposed to the higher "compelling interest" showing required for dispositive motions). *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As the Ninth Circuit has explained, "[i]n light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal. Applying the 'compelling interest' standard under these circumstances would needlessly 'undermine a district court's power to fashion effective protective orders.'" *Pintos*, 605 F.3d at 678 (citation omitted).

---

[1] Plaintiffs do not contest (and therefore concede) that Exhibit 4 to the Rayhill Declaration in Support of Plaintiffs' Reply, and any references to information designated Confidential pursuant to the Revised Stipulation and Protective Order, should properly be sealed. *See* Opp'n at 1. As explained in its motion, Zuffa has met the applicable burden on its motion to seal these categories of information.

Despite well-established precedent distinguishing motions to seal dispositive versus nondispositive motions, Plaintiffs attempt to rewrite the applicable standards. Plaintiffs argue there are various categories of documents subject to differing standards, including documents produced in discovery, documents already in the public domain, and (presumably) documents that fit neither description. This is not the relevant test. The nature of the motion—not the type of documents or statements to be sealed—dictates which standard applies. As recently as this year, the Ninth Circuit reiterated this principle in *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016), *cert. denied* (U.S. Oct. 3, 2016). In that case, the court again held that the "compelling reasons" standard applies to dispositive motions, while the "good cause" standard applies to nondispositive motions. The court then explained how to define a "dispositive" motion, holding that "public access will turn on whether the motion is more than tangentially related to the merits of a case" (and identifying motions to dismiss, for summary judgment, for judgment on the pleadings, preliminary injunctions, and certain motions *in limine*, as dispositive). *Id.* at 1101. By contrast, "the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'" *Id.* at 1097 (citing *Kamakana*, 447 F.3d at 1180).

It is undisputed that Plaintiffs' motion to challenge a work product designation is not dispositive. Zuffa seeks to seal portions of Plaintiffs' reply brief filed in support of their motion to challenge the work product designation of three documents inadvertently produced during discovery. Courts have recognized that this type of motion is only "tangentially related to the merits" of Plaintiffs' case, and therefore subject to the lower "good cause" standard.[2] *See, e.g., Diamond X Ranch LLC v. Atl. Richfield Co.*, No. 313CV00570MMDWGC, 2016 WL 3176577, at *3 (D. Nev. June 3, 2016) (finding a motion to compel has "no more than a tangential relationship to the merits of the case" and is therefore subject to the "good cause" standard). If Plaintiffs were correct that a motion this far removed from the merits is dispositive, it would not only eliminate

---

[2] This is especially true where, as here, the three underlying documents subject to Plaintiffs' motion are themselves irrelevant to Plaintiffs' case. ECF No. 294, Zuffa's Opp'n to Mot. to Challenge Work Product Designation, at 11.

the "nondispositive" category altogether, but would cause the very problem courts have sought to avoid in treating nondispositive motions differently; "undermin[ing], and possibly eviscerat[ing], the broad power of the district court to fashion protective orders, and thereby undermin[ing] Rule 26(c)." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quotation marks and citations omitted).[3]

### ii. *The Disputed Redactions Qualify As Attorney Work Product.*

Plaintiffs do not contest that publicly available information may qualify as attorney work product.[4] Instead, Plaintiffs challenge whether the redactions here qualify as work product. As in their Motion to Challenge Work Product (ECF No. 286), Plaintiffs once again erroneously argue that the information to be sealed does not qualify as work product because it is related to *this litigation*. As Zuffa has explained previously (ECF No. 294 at 9-10), the disputed redactions are work product not because they have been raised in this litigation, but because they were considered of legal significance by Zuffa's outside counsel *at or around the time of the prior anticipated litigation.* Unsealing the types of information Zuffa's counsel found legally significant would reveal that counsel's thoughts and mental impressions, exactly what the attorney work-product doctrine is intended to prevent.

As an example, Plaintiffs claim that fighters' public statements cannot be protected under the work product doctrine because Zuffa collected these statements for purposes of its opposition to Plaintiffs' motion to challenge work product. Opp'n at 8 ("Zuffa did not compile the articles in preparation for the Prior Litigation. Rather, they were compiled several years after the fact by

---

[3] Even if the "compelling reasons" standard did apply, Plaintiffs do not dispute that attorney work product meets this higher standard. ECF No. 305, Zuffa Mot. 1 (citing cases holding that the work-product doctrine is both good cause and a compelling reason to seal nondispositive and dispositive motions). Plaintiffs only dispute whether the particular information here qualifies as work product—if it does, it indisputably meets either standard.

[4] To the extent Plaintiffs assert that publicly available information may never be sealed, Opp'n at 7-8, this is clearly incorrect, as work product comprised of publicly available information has previously been sealed, *see Flaherty v. Seroussi*, 209 F.R.D. 300, 306-07 (N.D.N.Y. 2002). The cases Plaintiffs marshal in opposition are inapposite. In *Joint Equity Comm. of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 2012 U.S. Dist. LEXIS 12964, *5 (C.D. Cal. Jan. 24, 2012), and *Hansen v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 125524, at *8-9 (W.D. Wash. Feb. 26, 2008), the courts denied motions to seal news articles because the moving party never explained why the articles were confidential or otherwise subject to sealing. By contrast, here, Zuffa asserts a well-recognized basis for its motion: the work-product doctrine.

1  Zuffa's current outside counsel . . . for the purpose of supporting Zuffa's opposition to Plaintiffs'
2  motion to challenge work product designation"). This argument misunderstands the nature of the
3  work product designation entirely. Zuffa's outside counsel sifted through the substantial press
4  coverage surrounding Zuffa *at the time the fighter statements were made*, and determined that
5  these particular statements were potentially legally significant and created the risk of anticipated
6  litigation. This process of selection and distillation of information is work product because it
7  reveals the attorney's impressions of what information is significant. *See, e.g., U.S. ex rel. Bagley*
8  *v. TRW, Inc.*, 212 F.R.D. 554, 563–64 (C.D. Cal. 2003) ("Where the selection, organization, and
9  characterization of facts reveals the theories, opinions, or mental impressions of a party or the
10 party's representative, that material qualifies as opinion work product.") [5]; *Connolly Data Sys.,*
11 *Inc. v. Victor Techs., Inc.*, 114 F.R.D. 89, 96 (S.D. Cal. 1987) (finding as work product "the facts
12 to which Victor's attorney appeared to attach significance or any other matter that reveals
13 Victor's attorney's mental impressions, theories, conclusions or opinions concerning the case");
14 *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. CIV. A. 88-9752, 1991 WL 211223, at *8
15 (E.D. Pa. Oct. 9, 1991) ("To compel production of [publicly available information culled by
16 defendants] would be analogous to allowing plaintiff to request and receive copies of all cases
17 which defendant used in preparing its defense, as the cases would be publicly available and not
18 created by defendant. But clearly, the compilation of relevant case law is attorney-work product,
19 and so is the compilation of relevant information.").
20     As these cases make clear, a collection of facts can qualify as work product if presented in
21 such a way that it discloses counsel's mental impressions. In this case, the disputed redactions
22 reflect a collection of facts (some publicly available) that, when presented in the context of
23 Plaintiffs' reply, would disclose counsel's mental impressions that those facts were potentially

---

[5] *Citing, inter alia, Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327–29 (8th Cir. 1986) (holding that defense counsel's awareness of the existence of certain documents was work product because her "selective review" of documents in anticipation of litigation "was based upon her professional judgment of the issues and defenses involved in this case," and therefore her mere acknowledgment that she remembered and was aware of those documents would reveal her mental impressions).

legally significant.  The information was work product at the time Zuffa's counsel considered it, and the same information does not lose protection merely because it has been recounted in this case.  To require public disclosure of the disputed redactions in this context would create the serious risk of revealing what types of information Zuffa's counsel ascribed legal significance, allowing adverse parties to use that knowledge against Zuffa.  This risk of revealing attorney work product satisfies the "particularized showing [required] under the good cause standard of Rule 26(c)."  *Kamakana*, 447 F.3d at 1180 (citations and internal quotation marks omitted).  As such, Zuffa's motion should be granted.

Dated: October 19, 2016     BOIES, SCHILLER & FLEXNER LLP


By: /s/ Stacey K. Grigsby
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
    jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101

Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa's Reply in Support of Motion to Seal Portions of Plaintiffs' Reply Brief in Support of Motion to Challenge Work Product Designation and Related Exhibits was served on the 19th day of October, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim

An Employee of Boies, Schiller & Flexner