CONFIDENTIAL

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant.

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO ZUFFA'S MOTION TO SEAL**

CONFIDENTIAL

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Zuffa's Motion To Seal Portions Of Plaintiffs' Opposition To Zuffa's Motion To Seal (ECF No. 310, the "Motion") asks the Court to seal references to a publicly filed civil litigation (the "Prior Litigation") that settled in 2013 to which Zuffa was not a party.[1] Zuffa alleges that the Prior Litigation led its outside counsel in 2013 to anticipate litigation, and that references to the Prior Litigation would disclose attorney work product. Once again Zuffa offers nothing more than conclusory statements to support this argument. Accordingly, Zuffa fails to carry its burden to seal references to the Prior Litigation.

## II. ARGUMENT

### a. Zuffa Continues To Ask The Court To Apply The Wrong Standard.

Zuffa continues to assert the wrong standard for sealing non-discovery documents related to a non-dispositive motion. A party seeking to seal a judicial record bears the burden of overcoming the "strong presumption in favor of access" by meeting the "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178. (9th Cir. 2006). The Ninth Circuit carves out an exception to the "compelling reasons" standard for "**sealed discovery document[s]** attached to a non-dispositive motion," *Id.* at 1179 (emphasis added), but that exception does not apply here. Zuffa seeks to seal references to materials filed in an unrelated case which were not, themselves, filed under seal. "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. Zuffa must demonstrate compelling reasons to seal these references, and it cannot and has not done so.

### b. Zuffa Fails To Demonstrate That The Materials It Seeks To Seal Are Work Product.

Zuffa states that "publication of the litigation that Zuffa's counsel was **anticipating** at the time that Zuffa's counsel commissioned the Mercer project would disclose part of its thought processes and

[1] Zuffa's attempt to seal references to the Prior Litigation and to public statements by MMA fighters were argued in detail in Zuffa's motion to seal Plaintiffs' reply brief (ECF No. 305, the "Prior Motion"), Plaintiffs' opposition to that motion (ECF No. 307, the "Prior Opposition"), and Zuffa's reply (ECF No. 313) (collectively, the "Prior Briefing"). Accordingly, in order to preserve the resources of the Court, Plaintiffs will briefly summarize the arguments here but respectfully refer the Court to the Prior Briefing for a more complete discussion of the arguments for and against sealing these materials.

litigation strategy to which the public would ordinarily not have access." Motion at 1-2 (emphasis added). The statement is misleading because it implies that Plaintiffs referred to litigation Zuffa was "**anticipating**," when in fact, Zuffa is sealing references to the Prior Litigation, a public proceeding that had **already concluded** when the Mercer documents were created. The only conceivable aspect of Zuffa's mental impressions that is revealed by reference to the Prior Litigation is that Zuffa was (purportedly) anticipating litigation—but the assertion of work product protection itself inherently conveys this very fact. Plaintiffs make no mention of any litigation Zuffa's outside counsel was anticipating,[2] or of outside counsel's mental impressions or legal strategy.

Zuffa cites to several cases for the proposition that an assertion of work product protection amounts to a compelling reason to seal documents.[3] But Zuffa's only support for its work product allegations are vague assertions that **"[d]ue to the nature of Plaintiffs' challenge**, portions of Plaintiffs' Opposition contain references to Zuffa's outside counsel's work product, including thought processes and litigation strategy" or that "the reference to this information **in the context of Plaintiffs' Opposition** would disclose attorney work product." Motion at 1 (emphasis added). These conclusory statements do not provide compelling reasons (or for that matter good cause, as Zuffa asserts) to seal these references. *Id.* (emphasis added). Zuffa fails to offer any explanation for how the "context" or "the nature of Plaintiffs' challenge" would transform public information—especially public information with a "strong presumption in favor of access"—into work product. *See Kamakana* at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.").

Zuffa again relies on *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) for the proposition that "[o]ther courts have found such information worthy of protection." But *Garcia* did not

---

[2] The only anticipated litigation Plaintiffs reference is **this** litigation, which Zuffa continues to assert is not the basis for its work product assertion. *See* Zuffa, LLC's Reply In Support Of Its Motion To Seal Portions Of Plaintiffs' Reply Brief In Support Of Motion To Challenged Work Product at 3, ECF No. 313.

[3] These cases (*Hanson v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5674997 (W.D. Wash. Oct. 17, 2013), *Asdale v. Int'l Game Tech.*, No. 3:04-cv-703-RAM, 2010 WL 2161930 (D. Nev. May 28, 2010), and *JL Beverage Co., LLC v. Beam, Inc.*, No. 2:11-cv-00417-MMD-CWH, 2014 WL 5017862 (D. Nev. Oct. 7, 2014)) were distinguished in Plaintiffs' prior Opposition to Motion To Seal, ECF No. 307 at 6:3-8 and n.6.

involve references to a prior court case. Rather, the question in *Garcia* turned on whether interviews taken by a city claims adjuster (which were not publicly available otherwise) were conducted in anticipation of litigation or during the ordinary course of business. Here, Zuffa seeks to seal references to non-confidential, unsealed judicial proceedings to which the public already has access. Plaintiffs make no reference to any actions taken or even considered by Zuffa's outside counsel. Accordingly, *Garcia* is inapposite.

Zuffa points to no instance in which Plaintiffs reveal Zuffa's outside counsel's mental impressions or legal impressions. Accordingly, Zuffa's conclusory statements fail to establish that the references to the Prior Litigation reveal work product.

**c. Zuffa Fails To Articulate Compelling Reasons To Seal references To The Prior Litigation.**

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana* at 1179. Zuffa has made no assertions that references to the Prior Litigation might be used for any of these purposes, and it has failed to establish that the Prior Litigation itself is work product. Thus, it has failed to "articulate the factual basis . . . without relying on hypothesis or conjecture" necessary to demonstrate a compelling reason to seal references to the Prior Litigation. *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

**d. In The Alternative, Zuffa Fails To Articulate Good Cause To Seal references To The Prior Litigation**

Even if the good cause standard applied here—it does not—Zuffa fails to allege the "specific prejudice or harm" that would result from publication of references to the Prior Litigation. *See Kamakana* at 1186 (upholding magistrate's decision to unseal documents related to a non-dispositive motion because defendant "fail[ed] to demonstrate any specific prejudice or harm" that would result from their unsealing). Zuffa's conclusory assertions of work product protection do not meet the standard under a good cause analysis. *See id.* (letting stand a magistrate's holding that various privileges asserted by the defendant had not been "asserted with sufficient particularity"). Here, Zuffa has done

CONFIDENTIAL

nothing more than make unsupported statements that the references to the Prior Litigation are work product. Even under a good cause standard Zuffa fails to carry its burden.

## III. CONCLUSION

References to the Prior Litigation do not disclose work product, and Zuffa has failed to articulate a compelling reason to seal them. For these reasons and the reasons stated above, Plaintiffs respectfully request that this Court deny Zuffa's Motion to Seal.

Dated: October 28, 2016

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By: */s/Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Dan Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

CONFIDENTIAL

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

CONFIDENTIAL

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2016 a true and correct copy of **PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO ZUFFA'S MOTION TO SEAL** was served via ECF Notification on all parties or persons requiring notice.

By:

*/s/ Kevin E. Rayhill*