Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

*Additional counsel on signature page*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>          Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY** |

The parties through their respective counsel of record stipulate to the following regarding the scope of expert discovery in the above-captioned matters and all other matters subsequently consolidated with them (collectively, the "Actions"), subject to approval by the Court.

1.      This Stipulation and Order Concerning Testifying Expert Discovery ("Stipulation") does not set or alter the time for any disclosure required by Federal Rule of Civil Procedure 26(a)(2)(B) or any of the deadlines set forth in the Discovery Plan and Scheduling Order (ECF No. 311).

Case 2:15-cv-01045-RFB-PAL   Document 317   Filed 11/09/16   Page 2 of 8

2.      To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

**Para 3 modified by the court.**

3.      The parties agree to modify their Rule 26(a)(2)(B)(ii) disclosure obligations to require disclosure of "the facts, data, and other information relied on by the witness in forming them."

4.      Except as provided in paragraphs 6 and 7 below, the following types of information shall *not* be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

     a.      the content of written and oral communications among and between:

          i.      counsel and the expert and/or the expert's staff and/or supporting firms;

          ii.     counsel and any non-testifying expert consultant and/or the consultant's staff;

          iii.    the expert and other experts and/or other non-testifying expert consultants;

          iv.     experts and their staff and/or supporting firms;

          v.      non-testifying expert consultants and their staffs;

          vi.     the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

     b.      notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert, including drafts or parts  of or whole Fed. R. Civ. P. 26(a)(2)(B) expert reports, affidavits, exhibits or declarations.

5.      No party or their experts are obligated to preserve or produce budgets, invoices, bills,

Case 2:15-cv-01045-RFB-PAL   Document 317   Filed 11/09/16   Page 3 of 8

receipts or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations.

6.      The limitations contained in paragraphs 4 and 5 above shall not apply to any communications, documents, data sets, data runs, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports.

7.      Notwithstanding the limitations contained in paragraphs 4 and 5 above, an expert may be asked: (a) to identify and generally describe investigations or modeling (including any regression analyses) that the expert attempted but rejected, (b) to describe the reasons for rejecting any such investigations or modeling, (c) to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

8.      Within three business days of any party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate to be paid for the expert witness's time in the case. "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

9.      The information required by paragraph 8 above to be produced shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or

STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY

opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software that is reasonably and commercially available (*e.g.*, Microsoft Word, Excel). Documents that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

10.     Paragraph 8 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

11.     No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert, and (b) make the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

12.     Nothing in this Stipulation shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion(s) in this matter.

13.     The parties agree to comply with this Stipulation pending the Court's approval.

**IT IS SO ORDERED**:

DATED: November 9, 2016

Hon. Peggy A. Leen
UNITED STATES MAGISTRATE JUDGE

**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**

Dated:  November 3, 2016                    BOIES, SCHILLER & FLEXNER LLP


By:___/s/ Nicholas A. Widnell_____
        Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
            nwidnell@bsfllp.com
            sgrigsby@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email:  djc@campbellandwilliams.com
            jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email:  rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate
Fighting Championship and UFC

STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY

Dated: November 3, 2016

Respectfully Submitted,

By:    /s/ Michael Dell'Angelo
          Michael Dell'Angelo

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joseph R. Saveri
Joshua P. Davis
Matthew S. Weiler
Kevin E. Rayhill
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown
Richard A. Koffman
COHEN MILSTEIN SELLERS & TOLL,
PLLC
1100 New York Ave., N.W., Suite 500, East
Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408 4699
bbrown@cohenmilstein.com

STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY

Daniel H. Silverman
COHEN MILSTEIN SELLERS & TOLL,
PLLC
190 S. LaSalle St. Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369
dsilverman@cohenmilstein.com

*Co-Lead Class Counsel and Attorneys for
Individual and Representative Plaintiffs Cung
Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Dennis Lloyd Hallman, Brandon Vera,
and Kyle Kingsbury*

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

Robert C. Maysey
Jerome K. Elwell
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
SPECTOR ROSEMAN KODROFF & WILLIS,
P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com

**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**

Frederick S. Schwartz
LAW OFFICE OF FREDERICK S.
SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com

*Additional Class Counsel and Attorneys for
Individual and Representative Plaintiffs Cung
Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Dennis Lloyd Hallman, Brandon Vera,
and Kyle Kingsbury*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2016, a true and correct copy

of **STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY** was

served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By   */s/ Christie Rehfeld*
_____
Christie Rehfeld, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

**STIPULATION AND [PROPOSED] ORDER CONCERNING EXPERT DISCOVERY**