CONFIDENTIAL

**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE**<br><br>**PUBLIC COPY – REDACTED** |

CONFIDENTIAL

**TABLE OF CONTENTS**

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES................................................................1

I.     INTRODUCTION.....................................................................................................1

II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND.............................3

III.   ARGUMENT ...........................................................................................................4

    A.   The Attorney-Client Privilege Does Not Protect Documents With A Business Purpose Even When Prepared By An Attorney................................. 4

        1.   Legal Standard. ....................................................................................... 4

        2.   The Challenged Documents Are Not Privileged Because Their Primary Purpose Is To Obtain Or Provide Business Advice, Not Legal Advice.....................5

           a.   ████████████████ Is Not Privileged Because It Merely ██████████. .............................................................5

           b.   ███████████ Is Not Privileged Because It Contains No Legal Advice.................................................................................. 6

               i.   Plaintiffs Will Be Prejudiced If Zuffa Is Permitted To Shield This Document Under The Attorney-Client Privilege......................................................................17

           c.   ███████████████████████ Are Not Privileged. ..........................................................................17

               i.   ███████████████████ Privileged. ................................................................17

               ii.   ████████ Is Not Privileged................................18

               iii.  ████████ And ████████ Are Not Privileged.............19

           d.   ████████████████████ Are Not Privileged Because They Neither Seek Nor Provide legal Advice. .......................................................19

               i.   ████████████████ Are Not Privileged. ................................................................19

               ii.   ████████ Is Not Privileged................................21

               iii.  By Choosing Not To Redact Additional Emails Contained ████████████████ Zuffa Has Shown That The Redactions Are Arbitrary And Unsupported. ................................................................... 22

i

**TABLE OF CONTENTS (cont.)**

    e. Plaintiffs Have Been And Will Be Prejudiced By Zuffa's Clawback Of ███████████████████............................................................23

IV. CONCLUSION. ...........................................................................................................23

CONFIDENTIAL

**TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Cung Le v. Zuffa, LLC* ("*Le v. Zuffa*"), 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016)..................................................................................................................................passim

*Haigh v. Constr. Indus. & Laborers Joint Pension Trust for S. Nev.*, 2015 U.S. Dist. LEXIS 165031 (D. Nev. Dec. 9, 2015).........................................................................................24

*In re Human Tissue Prods. Liability Litig.*, 2009 U.S. Dist. LEXIS 34436 (D.N.J. Apr. 23, 2009) ....................................................................................................................................13

*In re Napster, Inc. v. Bertelsmann AG*, 2005 U.S. Dist. LEXIS 11497 (N.D. Cal. Apr. 11, 2005) ......................................................................................................................................4

*LightGuard Sys., Inc. v. Spot Devices, Inc.*, 281 F.R.D. 593 (D. Nev. 2012) ...............................4

*Note Funding Corp. v. Bobian Inv. Co., N.V.,* 93 Civ. 7427 (DAB), 1995 U.S. Dist. LEXIS 16605 (S.D.N.Y. Nov. 9, 1995)......................................................................... 2, 5, 7, 8

*Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 628 (D. Nev. 2013) ..................................................5

*United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) ...............2, 4, 5

*United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) ...................................................................4

*United States v. Motorola, Inc.,* 1999 U.S. Dist. LEXIS 22864 (D.D.C. May 28, 1999) ..................... 14, 21

*United States v. Ruehle*, 583 F.3d 600 (9th Cir. 2009) ................................................................4

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) .......................................................................4

*Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18 (9th Cir. 1980) ....................................4

CONFIDENTIAL

Pursuant to Section 11 of the Revised Stipulation and Protective Order issued by this Court on

February 10, 2016 (ECF No. 217), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis

Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated

(collectively, "Plaintiffs") hereby challenge the designation by Defendant Zuffa, LLC, d/b/a Ultimate

Fighting Championship® and UFC® ("Defendant" or "Zuffa") of the following documents as

privileged attorney-client communications: ██████████████████████

██████████████████████████████████████████████

████████████ (collectively, the "Challenged Documents"). *See* Declaration of Kevin Rayhill In

Support Of Plaintiffs' Motion To Challenge Attorney-Client Privilege ("Rayhill Decl."), ¶¶ 3-14, Exs.

1-12 respectively.


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Zuffa once again seeks to shield relevant business documents under the cloak of attorney-

client privilege. As this Court has ruled in the past, documents that merely "report[] the parties' negotiating

positions and contain[] no legal analysis or advice," or which "relate to the negotiating parties'

commercial strategies and tactics . . . are not privileged." *See Cung Le v. Zuffa, LLC* ("*Le v. Zuffa*"),

2016 U.S. Dist. LEXIS 69813, *23-24 (D. Nev. May 26, 2016). The documents which Zuffa now seeks

to withhold or redact under the attorney-client privilege contain nothing more than the parties'

negotiating positions and commercial strategies and tactics. They contain no legal analysis or advice.

Accordingly, they are not privileged.

The documents relate to ███████████████████████

███████████████████████████████. They are relevant and

material to Plaintiffs' allegations. Zuffa's attempt to shield these non-privileged documents under the

cloak of the attorney-client privilege will prejudice Plaintiffs' ability to fully prosecute their case. Indeed,

Zuffa has already refused to allow Plaintiffs to question Zuffa's 30(b)(6) witness about these documents,

gravely impairing Plaintiffs' ability to prosecute their claims.

1

CONFIDENTIAL

1    The Challenged Documents consist of two sets relating to one of two factual scenarios. The first

2    set relates to ███████████████████████████████████████████

3    ████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ████████████████████████████████████

7    ████████████████████  This Court already unambiguously ruled that such reporting

8    of counterparty negotiating positions is not privileged. *See Le v. Zuffa*, 2016 U.S. Dist. LEXIS 69813,

9    *23-24; *see also Note Funding Corp. v. Bobian Inv. Co., N.V.,* 93 Civ. 7427 (DAB), 1995 U.S. Dist. LEXIS

10   16605 (S.D.N.Y. Nov. 9, 1995) ("[R]eporting of developments in negotiations, if divorced from legal

11   advice, is not protected by the privilege."). ████████████████████████

12   ████████████████████████████████████████████████████

13   █████████████████████████████████████████████████

14   ████████████████████████████  "The [attorney-client] privilege does not protect an

15   attorney's business advice." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal.

16   2002). ████████████████  are not privileged.

17   ██████████████████████████████████████████████████████

18   ████  discuss privileged information or provide legal advice. Even where they refer to ████████

19   ████████████████  they contain no privileged legal advice. Accordingly, they are not privileged.

20       The second set of Challenged Documents relates to ████████████████████

21   ████████████████████████████████████████████████████

22   █████████████████████████████████  also described in detail in Section III,

23

─────────

24   [1] ██████████████████████████████████████████████████

25   ██████████████████████████████████████████

26   [2] ██████████████████████  are included together in the same document ████████ ████████
     ████████████████████████████  Though contained in the same document, it appears

27   from the titles, style, typeface and tone of the two documents that they were created separately. Zuffa is
     clawing back two identical versions of this document, ████████████████████████  but for

28   simplicity this brief will refer only to ████████████.
     [3] ████████████████████████████████████████████.

─────────

CONFIDENTIAL

1    *infra*. Zuffa seeks to redact ███████████████████████████████████████████

2    ███████████████████████████████████████████████████████████████████

3    ███████████████████████████████████████████████ are utterly

4    devoid of any legal issues or advice. Accordingly, they are not privileged.

5    **II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

6         Plaintiffs conducted a 30(b)(6) deposition of Zuffa from November 29 to December 2, 2016. In

7    the course of the deposition, Plaintiffs introduced several documents that Zuffa now purports to claw

8    back on the basis that the documents were privileged attorney-client communications. Plaintiffs were

9    permitted to ask questions about the facts reflected in ███████████████████████████

10   ███████████████████████████████████ but Zuffa's designee professed

11   ignorance as to the underlying facts.

12        On November 30, Zuffa's counsel Stacy Grigsby sent Plaintiffs a letter stating that Zuffa was

13   clawing back seven documents which had been inadvertently produced and were privileged attorney-

14   client communications. *See* Rayhill Decl., ¶ 15, Ex. 13. On December 2, Plaintiffs notified Zuffa of their

15   intent to challenge the privilege designation for these seven documents. *See* Rayhill Decl., ¶ 16, Ex. 14.

16   On December 5, Ms. Grigsby sent a second letter clawing back an additional six documents, also under

17   the attorney-client privilege. *See* Rayhill Decl., ¶ 17, Ex. 15. On December 8, Plaintiffs notified Zuffa of

18   their intent to challenge these documents as well. *See* Rayhill Decl., ¶ 18, Ex. 16.

19        The parties met and conferred by telephone on December 8. During the meet and confer

20   Plaintiffs asked Zuffa if they still intended to claw back one of the challenged documents, ██████.[4]

21   Plaintiffs also asked if Zuffa would consider redacting portions of ████████████████████

22   ████████████████████████████████████ rather than withdrawing them completely.

23   Plaintiffs noted that because ████████████████████████████████████████████

24   ████████████████████████████████████████████ clearly fell

25

26   ───────────────

27   [4] ███████████████████████████████████. Zuffa stated their intention to claw back this document in Ms.
     Grigsby's November 30 letter, but withdrew the assertion of attorney-client privilege on December 8.

28   ████████████████████████████████ Plaintiffs are producing a copy of this
     document to the Court. *See* Rayhill Decl., ¶ 19, Ex. 17.

3

CONFIDENTIAL

1   within the Court's prior Order which made clear that such communications are non-privileged. Zuffa

2   stated they would consider Plaintiffs' requests. Later that day Zuffa notified Plaintiffs that they were

3   withdrawing their assertion of privilege over ███████████████████████████████

4   ████████████████████ which they still intended to withdraw completely. *See* Rayhill Decl., ¶ 20,

5   Ex. 18.

6   **III.    ARGUMENT**

7       **A.    The Attorney-Client Privilege Does Not Protect Documents With A Business**
        **Purpose Even When Prepared By An Attorney.**

8

9           **1.    Legal Standard.**

10        "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly

11   construed." *Le v. Zuffa*, ECF No. 270, at 9 (quoting *Weil v. Investment/Indicators, Research & Mgmt., Inc.*,

12   647 F.2d 18, 24 (9th Cir. 1980)). "In the Ninth Circuit, an eight-part test determines whether

13   information is covered by the attorney-client privilege: (1) where legal advice of any kind is sought, (2)

14   from a professional legal advisor in his or her capacity as such, (3) the communications relating to that

15   purpose, (4) made in confidence, (5) by the client, (6) are, at that instance, permanently protected, (7)

16   from disclosure by the client or by the legal advisor, and (8) unless the protection is waived." *Id.* at 8

17   (citing *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) and *LightGuard Sys., Inc. v. Spot Devices,*

18   *Inc.*, 281 F.R.D. 593, 597–98 (D. Nev. 2012)). "The party asserting the privilege bears the burden of

19   proving each essential element." *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009).

20        Not all attorney-client communications are protected. "The protection of the privilege extends

21   only to communications and not to facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

22   Moreover, "[t]he [attorney-client] privilege does not protect an attorney's business advice." *United*

23   *States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002); *see also In re Napster, Inc. v.*

24   *Bertelsmann AG*, 2005 U.S. Dist. LEXIS 11497, at *19 n.1 (N.D. Cal. Apr. 11, 2005) ("[I]t is essential to

25   distinguish between legal advice, which is privileged, and advice concerning matters of business strategy

26   that happens to be provided by a lawyer, which is not. Legal advice must predominate for the

27   communication to be protected. When the legal advice is merely incidental to business advice, the

28   privilege does not apply." (internal quotations and citation omitted)).

4

CONFIDENTIAL

1   This is especially so where—as here—the attorney is in-house counsel: "In-house counsel may

2   be involved intimately in the corporation's day to day business activities and frequently serve as integral

3   players in business decisions or activities. Accordingly, communications involving in-house counsel

4   might well pertain to business rather than legal matters. The privilege does not protect an attorney's

5   business advice." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

6   "In order to show that a communication relates to legal advice, the proponent of the privilege must

7   demonstrate that the primary purpose of the communication was securing legal advice." *Id.* (internal

8   quotations and citations omitted). *Accord, Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 628 (D. Nev. 2013)

9   ("when a party seeks to apply the attorney-client privilege to a communication involving in-house

10  counsel, it must demonstrate that the "primary purpose" of the communication was to obtain or

11  provide legal advice").

12      Documents that merely "report[] the parties' negotiating positions and contain[] no legal

13  analysis or advice," or which "relate to the negotiating parties' commercial strategies and tactics . . . are

14  not privileged." *Cung Le v. Zuffa, LLC* at *23-24 (D. Nev. May 26, 2016). *Accord Note Funding, supra.*, at

15  *9-10 ("reporting of developments in negotiations, if divorced from legal advice, is not protected by the

16  privilege.").

17          **2.      The Challenged Documents Are Not Privileged Because Their Primary
                      Purpose Is To Obtain Or Provide Business Advice, Not Legal Advice.**

18

19              **a.**   ████████████████████████████████████

20      ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████

24      ██████████████████

25      ████████████████████████████

26      ██████████████████████████████████

27          ████████████████████████████

28

CONFIDENTIAL

1  ██████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3      As these examples illustrate, the ████████████████████████

4  ████████████████████. Accordingly it is not privileged. *See Le v. Zuffa* at \*23-24 (holding that

5  documents that merely "report[] the parties' negotiating positions and contain[] no legal analysis or

6  advice" are not privileged).

           **b.**    ████████████████ **Is Not Privileged Because It Contains No Legal Advice.**

9  ████████████████████████████████████████ *See* Rayhill

10  Decl., ¶ 7, Ex. 5. ██████████████████████████████████████

11  ███████████████████████████████████████████████

12  ██████████████████████████████████████████████████

13  ████████████████████████████████ and are unambiguously not privileged—

14  they are merely descriptive. As this Court has held, statements that merely "report[] the parties'

15  negotiating positions and contain[] no legal analysis or advice," are not privileged. *Cung Le v. Zuffa,*

16  *LLC* at \*23-24 (D. Nev. May 26, 2016).

17      The following statements contain no ████████████████:

| ████████ | ████ | ██████ | ████ |
|---|---|---|---|
| ██████████████ | ██████ | ████████ | ██████████████ |
| | | | |
| ██████████████ | ████ | ████████ | ████████ . |
| | | | |

CONFIDENTIAL

Second, there are statements in which █████████████████████████████

████████ Given the lack of detail in these statements it is impossible to discern a legal purpose. For example, one statement reads ██████████████████████████████████

7

CONFIDENTIAL

███████████████████████████████████████████████████████████

██████████████████████████████████ These statements are not privileged because there is no clear indication of "whether the attorney's performance depends principally on his knowledge of or application of legal requirements or principles, rather than his expertise in matters of commercial practice." *Note Funding*, 1995 U.S. Dist. LEXIS 16605, at *7-8.

The following statements provide no ████████████████████████:

| ████████ | ███████ | ██████████ | ████████ |
|---|---|---|---|
| ████████████████ | ██████████ | ██████████ | ███████████████████ |
| ████████████████ | ████████████ | | ███████████████████ |
| ████████████████ | ██████████ | ██████████ | ███████████████████ |
| ████████████████ | ██████████ | | ███████████████████ |
| ██████████ | ██████████ | ██████████ | ███████████████████ |

CONFIDENTIAL

CONFIDENTIAL



Third, several statements simply state that ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████ No

CONFIDENTIAL

legal acumen is required and no legal concepts or strategy are mentioned. Accordingly, these

██████████████████████████ are not privileged.

The following statements ████████████████████████████████:

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|---|---|---|---|
| ███████████ | ██████ | █████ | ████████ |
| ███████████ | ██████ | █████ | ████████ |
| ███████████ | ██████ | █████ | ████████ |
| ███████████ | ██████ | █████ | ████████ |
| ███████████ | ██████ | █████ | ████████ |
| 16 ████████ | ██████ | █████ | ████████ |
| 17 ████████ | ██████ | █████ | ████████ |

CONFIDENTIAL

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|---|---|---|---|
| ███ | | | |
| ████ ███ | ████ ██ | ████ ██ | ████ █ |

Fourth, some statements evince a clear **business purpose** for ████████. For example, one statement reads, ██████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

As alleged in the Consolidated Amended Complaint ("CAC"), ECF No. 208, Zuffa used exclusionary clauses in its fighter contracts to deny rival promoters access to its Elite Professional MMA Fighters. CAC, ¶¶ 112-113. As a result, the rival promoters could not compete for the services of the fighters: Zuffa had a complete monopsony in the market for these fighters' services, which allowed them to compensate the fighters at a lower level than if there had been competition for the Elite Fighters' services. ██████████████████████████

████████████████████████. It is clearly business advice, which is not privileged.

Each of these statements shows ████████████████

12

CONFIDENTIAL

████████████████████████████████████████████████████████

These statements are not privileged. *See In re Human Tissue Prods. Liability Litig.*, 2009 U.S. Dist.
LEXIS 34436, *58 (D.N.J. Apr. 23, 2009) (privilege does not apply to "strategic recommendations" of
counsel concerning business matters); *United States v. Motorola, Inc.,* 1999 U.S. Dist. LEXIS 22864, *9
(D.D.C. May 28, 1999) (ruling that an email asking in-house counsel if there are "concerns" regarding
business strategy is not privileged).

The following statements provide a business-related justification for ████████████████████:

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|---|---|---|---|
| ████████ | ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ | ████████ |
| ████████ | ████████ | ████████ | ████████ |

CONFIDENTIAL

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|-----------|------------------------------|------------------------------|------------|
| ██████████ | | | |
| ██████████ | ████████ | ██████ | ████████ |
| ██████████ | ████████ | ██████ | ████████ |
| ██████████ | ████████ | ██████ | ████████ |

14

CONFIDENTIAL

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|-----------|------------------------------|------------------------------|------------|
| ██████████████ | ██████████ | ██████ | ████████████ |
| ██████████████ | | | ████████████ |
| ██████████████ | | | ████████████ |
| █████ | | | ████████████ |
| ██████████ | ██████████ | ██████ | ████████████ |
| 13 ████ | ████████ | ██████ | ████████████ |

CONFIDENTIAL

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|-----------|------------------------------|------------------------------|------------|
| | | | ███████████ |
| ██21███ | ████████ | ██████ | ███████████ |

Fifth, Plaintiffs concede that one of ████████████████ contained what could be considered legal advice. However, in light of Zuffa's stated refusal to redact the document in the meet and confer, the document should be produced in its entirety because its primary purpose is business-related. The statement containing potentially legal advice is:

| Statement | Basis For Suggested Response | Reason It is Not Privileged | Discussion |
|-----------|------------------------------|------------------------------|------------|
| ████████ | ████████ | ██████ | ████████ |

During the parties' meet and confer on December 8, Plaintiffs inquired whether Zuffa would consider redacting portions of this document it considered privileged. Zuffa declined to do so, arguing that the entire document was privileged. Zuffa cannot now seek to have its cake and eat it too. This document should be treated as a whole and should be produced in its entirety. In order to be privileged,

CONFIDENTIAL

the primary purpose of the document must be to convey or obtain legal advice. As Plaintiffs have demonstrated above, Zuffa cannot meet this burden. Accordingly, Zuffa should produce this document in its entirety.

         **i.**      **Plaintiffs Will Be Prejudiced If Zuffa Is Permitted To Shield This Document Under The Attorney-Client Privilege.**

████████████████████████████████████████████████
████████████████████████████████████████████

████████ Plaintiffs allege that Zuffa leveraged its monopoly in the market for promoting live Professional MMA Events to extract restrictive contractual clauses from the fighters. CAC, ¶¶ 112-113.

████████████████████████████████████████████████████
████████████████████████████████████ ████

████████████████████████ and Zuffa now seeks to shield it under the privilege. This will prejudice Plaintiffs ability to prosecute their claims. The primary purpose of this document is business-related. It is not privileged.

         **c.**      ████████████████████████████ **Are Not Privileged.**

None of ████████████ refers to any legal concepts, strategy or advice. Moreover, since the ████████████████ are not themselves privileged, ████████████████████ ████ and do not independently introduce legal considerations are also non-privileged.

         **i.**      ████████████████████████████████████████**.**

████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

17

CONFIDENTIAL

1 ███████████.

2     None of these emails are privileged. ██████████████████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████

10 ████████████████████████████████████████████  *See Le v. Zuffa*,

11 2016 U.S. Dist. LEXIS 69813, *23-24. Accordingly, these emails are not privileged.

12              **ii.**     ██████████████ **Not Privileged.**

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ██████████████

16 ████████████████████████████████████████████████

17 ████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████

20 ████████████████████████████████████████████████

21 ████████████████████████████████

22 ████████████████████████████████████████████████████

23 ████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ████████████████████████████████████████████████████

CONFIDENTIAL

1  ███████ does not discuss any legal issues or concepts, or offer any legal advice. The second

2  paragraph consists of ████████████████████████████████

3  Accordingly, the email is not privileged and should be produced in its entirety.

iii.  ██████████████████ **Are Not Privileged.**

5  ████████████████████████████████

6  ████████████████████████████████████

7  ████████████████████████████████████

8  ████████████████████████████████ refer to

9  no legal concepts, issues or advice. ████████████████████

10 ████████████████████████

d.  ████████████████████████████████████

████████████████████████

i.  ████████████████████

15 ████████████████████████████████████

16 ████████████████████████████████████

17 ████████████████████████████████████

18 ████████████████████████████████████

19 ████████████████████████████████████

20 ████████████████████████████████████

21 ████████████████████████████████

22 ████████████████████████████████

23 ████████

24 ████████████████████████████████████

25 ████████████████████████████████████████

26 ────────────────

27 █████████████████████████████████████

28 ████████████████████████████████████████

CONFIDENTIAL



. *See United States v. Motorola, Inc.,* 1999 U.S. Dist. LEXIS 22864, *9 (D.D.C. May 28, 1999) (ruling that an email asking in-house counsel if there are "concerns" regarding business strategy is not privileged: "While one could stretch that statement as a request for legal advice from any attorney who receives it, that utterly theoretical speculation is unjustified.").

CONFIDENTIAL



There are no references to any legal issues, concepts or advice. These emails have a pure business purpose. Accordingly, ▮▮▮▮▮▮▮ is not privileged.

          **ii.**    ▮▮▮▮▮ **Is Not Privileged.**

184 33

CONFIDENTIAL



As with the other emails, there are no references to any legal issues, concerns or advice. Accordingly, the email is not privileged.

               **iii.**      **By Choosing Not To Redact Additional Emails Contained in ▮▮▮▮▮▮▮▮▮▮▮ Which Concern The Same Subject Matter As The Redacted Emails, Zuffa Has Shown That The Redactions Are Arbitrary And Unsupported.**

CONFIDENTIAL

█████████████████████████████████████████████████████████████

        **e.**        **Plaintiffs Have Been And Will Be Prejudiced By Zuffa's Clawback Of** ███████████

Zuffa clawed back ██████████████ during the 30(b)(6) deposition, preventing Plaintiffs from asking Zuffa's witness about it. The document shows ████████████ ████████████████████████████████████████████ ████████████████████Plaintiffs were unfairly prejudiced by Zuffa's selective and preemptive misuse of the privilege, which hamstrung Plaintiffs' ability to fully prosecute their claims and allowed Zuffa to conceal its injurious practices under the cloak of the attorney-client privilege.

**IV.    CONCLUSION.**

The documents for which Zuffa asserts attorney-client privilege do not seek to obtain or provide legal advice. As such, they are not privileged. For this reason and all the reasons stated above, the Court should grant Plaintiffs' motion to challenge attorney-client privilege.

CONFIDENTIAL

Dated:  December 15, 2016

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:               */s/Kevin E. Rayhill*
                      Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

24

CONFIDENTIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Hiba Hafiz (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

PLAINTIFFS' MOTION TO CHALLENGE
ATTORNEY-CLIENT PRIVILEGE

CONFIDENTIAL

1  WARNER ANGLE HALLAM JACKSON &
   FORMANEK PLC
2  Robert C. Maysey (admitted *pro hac vice*)
   Jerome K. Elwell (admitted *pro hac vice*)
3  2555 E. Camelback Road, Suite 800
   Phoenix, AZ 85016
4  Phone: (602) 264-7101/Fax: (602) 234-0419
   rmaysey@warnerangle.com
5  jelwell@warnerangle.com

6  *Counsel for the Classes and Attorneys for Individual and
   Representative Plaintiffs Cung Le, Nathan Quarry, Jon
7  Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle
   Kingsbury*

8
9  LAW OFFICE OF FREDERICK S. SCHWARTZ
   Frederick S. Schwartz (admitted *pro hac vice*)
10 15303 Ventura Boulevard, #1040
   Sherman Oaks, CA 91403
11 Phone: (818) 986-2407/Fax: (818) 995-4124
   fred@fredschwartzlaw.com

12 *Attorneys for Plaintiffs*

13 SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
   Jeffrey J. Corrigan (admitted *pro hac vice*)
14 William G. Caldes (admitted *pro hac vice*)
   1818 Market Street – Suite 2500
15 Philadelphia, PA 19103
   Phone: (215) 496-0300/Fax: (215) 496-6611
16 jcorrigan@srkw-law.com
   wcaldes@srkw-law.com

17 *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MOTION TO CHALLENGE
ATTORNEY-CLIENT PRIVILEGE**

CONFIDENTIAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2016 a true and correct copy of

**PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE** was served via

email on all parties or persons requiring notice.

By:   */s/ Kevin E. Rayhill*

**PLAINTIFFS' MOTION TO CHALLENGE
ATTORNEY-CLIENT PRIVILEGE**