1  WILLIAM A. ISAACSON (*Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro Hac Vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro Hac Vice*)
4  (nwidnell@bsfllp.com)
   BOIES, SCHILLER & FLEXNER LLP
5  1401 New York Ave NW, Washington, DC 20005
   Telephone: (202) 237-2727; Fax: (202) 237-6131
6
7  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
8  BOIES, SCHILLER & FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
9  Telephone: (702) 382-7300; Fax: (702) 382-2755

10 DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
11 J. COLBY WILLIAMS #5549
12 (jcw@campbellandwilliams.com)
   CAMPBELL & WILLIAMS
13 700 South 7th Street, Las Vegas, Nevada 89101
   Telephone: (702) 382-5222; Fax: (702) 382-0540
14
15 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC

16

17                    UNITED STATES DISTRICT COURT

18                          DISTRICT OF NEVADA

19 | Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, | Case No.: 2:15-cv-01045-RFB-(PAL) |

**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLEINT PRIVILEGE (ECF NO. 320) AND RELATED EXHIBITS**

                    Plaintiffs,
            v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

                    Defendant.

MOTION TO SEAL

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of the Court to file under seal Exhibits 1-12, 17, and 19 to the Declaration of Kevin E. Rayhill In Support of Plaintiffs' Motion to Challenge Attorney-Client Privilege ("Rayhill Declaration") (ECF Nos. 320-2, 320-3, 320-4, 320-5, 320-6, 320-7, 320-8, 320-9, 320-10, 320-11, 320-12, 320-13, 320-18, and 320-20) and corresponding portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege ("Plaintiffs' Motion") (ECF No. 320) that have already been redacted publicly be permitted to be filed under seal.  This motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege ("Grigsby Declaration").

The Protective Order in this case provides for the filing of documents under seal where portions or the entirety of the document contain Confidential or Highly Confidential Information. ECF No. 217, ¶ 14.3.  In Plaintiffs' motion, Plaintiffs include fourteen documents as exhibits which contain confidential information regarding Zuffa's decision-making and business strategies and its internal business operations, as well as attorney-client privileged discussions.  Because these documents implicate and contain Zuffa's confidential and privileged information, Zuffa moves to file these exhibits and the portion of Plaintiffs' motion reflecting this confidential and privileged information under seal.

Specifically, as detailed in Tables A through D below, Zuffa seeks to seal the following information or exhibits in the following categories:

**Table A**

**Privileged and Confidential Memorandum Detailing Zuffa's In-House Counsel's Legal Opinion Regarding Proposed Contractual Terms and Language**

| Rayhill Decl. Exs. 1 and 4: ZFL-0550804 (ECF No. 320-2) and ZFL-1014072 (ECF No. 320-6) | These documents are identical versions of a memorandum from Zuffa's in-house counsel to Zuffa's CEO.  The memorandum contains counsel's impressions of and advice regarding a proposed contract with an athlete with whom Zuffa is negotiating.  In addition, the memorandum provides a summary of the comments made by the athlete's attorney as a result of |

| | |
|---|---|
| | ongoing contractual negotiations between Zuffa and his client. These documents are protected by attorney-client privilege and contain Zuffa's confidential business information. |
| Corresponding portions of Plaintiffs' Motion that reference the information in the above-mentioned exhibits | Zuffa seeks to seal the portions of Plaintiffs' motion that contain references and citations to the above-mentioned confidential material in Exhibits 1 and 5 as reflected in the redacted version filed with the Court. |

### Table B

**Privileged and Confidential Discussions Discussing Contractual Negotiations and Terms During Ongoing Negotiations with Athlete**

| | |
|---|---|
| Rayhill Ex. 8: ZFL-1014103 (ECF No. 320-9) | This document contains an e-mail communication between Zuffa's CEO and an employee of Zuffa's legal department requesting advice regarding a contract negotiation. In addition, the document contains a communication from an attorney representing the athlete to Zuffa's CEO regarding the negotiation. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 7: ZFL-1014102 (ECF No. 320-8) | This document is a later e-mail in the thread that begins with Exhibit 8. In addition to containing all the information described above, the document contains a response from the employee of Zuffa's legal department referenced above. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 6: ZFL-1014078 (ECF No. 320-7) | This document is the next e-mail in the thread that continued with Exhibit 7. In addition to containing all the information described above, the document contains the Zuffa legal department employee's response to the email referenced in Exhibit 7. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 4: ZFL-1014049 (ECF No. 320-5) | This document is the next e-mail in the thread that continued with Exhibit 6. In addition to containing all the information described above, the document contains a response from Zuffa's in-house counsel summarizing a portion of his recommendations regarding the contract and negotiation in response to the request for legal advice from Zuffa's CEO. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |

| | |
|---|---|
| Rayhill Decl. Ex. 3: ZFL-1014047 (ECF No. 320-4) | This document is the next e-mail in the thread that continued with Exhibit 4.  In addition to containing all of the information described above, the document contains the response from Zuffa's CEO to Zuffa's in-house counsel.  This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 2: ZFL-1014045 (ECF No. 320-3) | This document is the next e-mail in the thread that continued with Exhibit 3.  In addition to containing all the information described above, the document contains a response with legal advice from Zuffa's then-General Counsel.  This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Corresponding portions of Plaintiffs' Motion that reference the information in the above-mentioned exhibits | Zuffa seeks to seal the portions of the motion that contain references and citations to the above-mentioned confidential material in Exhibits 2 through 4 and 6 through 8 as reflected in the redacted version filed with the Court. |

**Table C**

**Full Draft Proposed Contract with Detailed Markup Made During Ongoing Negotiations With Athlete**

| | |
|---|---|
| Rayhill Decl. Ex. 17:  ZFL-1014051 (ECF No. 320-18) | This document contains a draft contract proposed to an athlete and the athlete's attorney during a negotiation. In addition, it contains the comments of the athlete's attorney in response to ongoing negotiations and discussions with Zuffa over contractual language. Several comments contain requests for additional information or contractual language revision by Zuffa. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Corresponding portions of Plaintiffs' Motion that reference the information in the above-mentioned exhibits | Zuffa seeks to seal the portions of the motion that contain references and citations to the above mentioned confidential material in Exhibit 17 as reflected in the redacted version filed with the Court. |

**Table D**

**In-Depth Discussion of Contemplated Contractual Terms and Negotiating Strategies Regarding Sponsors, Licensees, and Potential Sponsors and Licensees**

| | |
|---|---|
| Rayhill Decl. Ex. 12: ZFL-1845337 (ECF No. 320-13) | This document contains an e-mail communication between a Zuffa employee and Zuffa's then-General Counsel, in which the employee solicits legal advice on Zuffa's sponsorship and licensee policies and Zuffa's General counsel responds by providing his legal assessment. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 11: ZFL-1845335 (ECF No. 320-12) | This document is the next e-mail in the thread described immediately above. In addition to containing all of the information described above, the document contains a response from Zuffa's then-Chief Operating Officer providing his advice on changes to the sponsorship and licensee policies. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 10: ZFL-1845332 (ECF No. 320-11) | This document is a later e-mail in the thread described in the discussion of Exhibit 12 above. In addition to containing all of the information described there, the document contains a response from the Zuffa employee who originally requested the legal advice clarifying his initial statements and adding additional concerns. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Decl. Ex. 9: ZFL-1845329 (ECF No. 320-10) | This document is the next e-mail in the thread described in the discussion of Exhibit 11 above. In addition to containing all of the information described above, the document contains a response from the Zuffa employee who originated the email chain. This document contains Zuffa's confidential business information and is protected in part by attorney-client privilege. |
| Rayhill Ex. 19: ZFL-1845329 (ECF No. 320-20) | This document contains a redacted version of the e-mail described above in the discussion of Exhibit 9. While the portion of the e-mail containing attorney-client privileged information is redacted, the remainder of the document contains Zuffa's confidential business information. |
| Corresponding portions of Plaintiffs' Motion that reference the information in the above-mentioned exhibits | Zuffa seeks to seal the portions of the motion that contain references and citations to the above mentioned confidential material in Exhibits 9 through 12 and 19 as reflected in the redacted version filed with the Court. |

Although Zuffa recognizes the importance of access to public documents, the presumption of public access to court filings may be overcome by a showing of good cause under Rule 26(c) for sealing requests that do not relate to dispositive motions. *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted). In light of the public interest, Zuffa has narrowly tailored its request by only seeking to seal the Exhibits and the portions of Plaintiffs' motion with confidential information. Accordingly, the request to seal is narrowly tailored. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 (citations and internal quotation marks omitted).

As Zuffa argued in its May 13, 2016 motion to seal (ECF No. 257), there is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 at *2 (D. Nev. Apt. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace"). This good cause is present as to negotiations with athletes and potential and existing sponsors and licensees.

If Zuffa's internal business strategies, proposed draft contracts, or documents reflecting its negotiations over the specific terms or incentives that it offers individual athletes, sponsors, or licensees are publicly disclosed, Zuffa may very well suffer significant competitive harm as a result of competitors gaining unfair insights into Zuffa's finances, agreements, negotiation strategies and its internal business processes.  Zuffa takes great care to treat this information as confidential.

Zuffa respectfully requests that that Exhibits 1-12, 17, and 19 to the Rayhill Declaration (ECF Nos. 320-2, 320-3, 320-4, 320-5, 320-6, 320-7, 320-8, 320-9, 320-10, 320-11, 320-12, 320-13, 320-18, and 320-20) and corresponding portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320) that have already been redacted publicly be permitted to be filed under seal.

Dated: December 19, 2016	BOIES, SCHILLER & FLEXNER LLP

By: /s/ Stacey K. Grigsby
Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com

jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa's Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320) and Related Exhibits was served on the 19th day of December, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael J. Kim
An Employee of Boies, Schiller & Flexner LLP