WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE** |

I, Stacey K. Grigsby, declare as follows:

1. I am an attorney admitted to practice before the courts in the states of New York and the District of Columbia and am admitted Pro Hac Vice to practice before this Court. I am Counsel in the law firm Boies, Schiller & Flexner LLP, and counsel to Defendant Zuffa, LLC ("Zuffa") in this case.

2. I make this declaration in support of Zuffa's Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Zuffa seeks to file under seal 14 exhibits identified as Exhibits 1 through 12, 17, and 19 to the Declaration of Kevin E. Rayhill In Support of Plaintiffs' Motion to Challenge Attorney-Client Privilege ("Rayhill Declaration"), as well as portions of Plaintiffs' Motion. This declaration is submitted to provide the factual and legal support for the filing of this material.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

5. Exhibits 1 and 5 to the Rayhill Declaration, which have Bates numbers ZFL-0550804 (ECF No. 320-2) and ZFL-1014072 (ECF No. 320-6), have been designated as confidential under the protective order. These exhibits contain detailed information about the proposed contractual terms and language in a negotiation with an athlete and contain detailed information on Zuffa's positions with respect to these issues. These exhibits were drafted by in-house counsel for Zuffa at the request of a Zuffa executive and contain the mental impressions and legal advice of that attorney.

6. Exhibits 2 through 4 and 6 through 8 to the Rayhill Declaration, which bear Bates numbers ZFL-1014045 (ECF No. 320-3), ZFL-1014047 (ECF No. 320-4), ZFL-1014049 (ECF No. 320-5), ZFL-1014078 (ECF No. 320-7), ZFL-1014102 (ECF No. 320-8), and ZFL-1014103 (ECF No. 320-9), have been designated confidential under the protective order. The exhibits contain detailed information regarding the status of negotiations with an athlete and contain in-

depth discussion between Zuffa executives, employees, and in-house counsel regarding the negotiations and proffered contractual terms and language. These exhibits contain discussion and analysis of confidential contractual terms and language, as well as discussion and analysis of Zuffa's negotiating strategies and positions.

7. Exhibit 17 to the Rayhill Declaration, which bears Bates number ZFL-1014051 (ECF No. 320-18), has been designated confidential under the protective order. It contains a draft contract with markup that had been proffered by Zuffa as part of intense negotiations with an athlete. The terms of the draft contract are confidential, and the notes on the contract reflect the ongoing negotiations regarding that contract with Zuffa personnel.

8. Exhibits 9 through 12 and 19 to the Rayhill Declaration, which bear Bates numbers ZFL-1845329 (ECF No. 320-10), ZFL-1845332 (ECF No. 320-11), ZFL-1845335 (ECF No. 320-12), ZFL-1845337 (ECF No. 320-13), and ZFL-1014051 (ECF No. 320-18), respectively, have been designated as confidential under the protective order. The exhibits contain in-depth discussions of internal deliberations regarding sponsors and licensees, as well as Zuffa's confidential business strategies, contemplated contractual terms regarding sponsors, licensees, and potential sponsors and licensees, and communication strategies. In these exhibits, Zuffa's general counsel provides his legal opinion and analysis of the sponsors and licensees issues at the request of a Zuffa employee.

9. Zuffa also seeks to seal the designated portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege that have been redacted in the public filing, which contain and reflect excerpts and discussions from each of the documents containing confidential information described in paragraphs 5 through 8 above.

10. With respect to paragraphs 5 through 7 above, it is my understanding that Zuffa treats its contracts, in executed and draft forms, and negotiations with athletes and their representatives over contractual terms and language as confidential. Zuffa also considers its internal decision-making processes, discussions, and business strategies confidential. Disclosure of this information, which includes specific financial terms, benefits, and obligations negotiated with an athlete, could expose Zuffa's approach to internal decision-making strategies and

negotiations, as well as disclose privileged communications regarding proposed draft language of contractual provisions. In sum, public disclosure of this information would provide competitors with unfair and damaging insights into Zuffa's business practices.

11. With respect to paragraph 8 above, it is my understanding that Zuffa treats its negotiations with sponsors and licensees as confidential. I also understand that Zuffa treats its business strategy with respect to sponsors and licensees, as well as potential sponsors and licensees as confidential. Disclosure of this information, which includes specific contemplated policies and strategies with respect to sponsors and licensees could expose Zuffa's internal decision-making strategies and disclose privileged communications regarding contemplated contractual terms and potential language. Put simply, public disclosure of this information would provide competitors with unfair insight into Zuffa's business practices with respect to sponsors and licensees.

12. I further understand that Zuffa does not publicly disclose information relating to fighter contracts and the various forms of fighter compensation paid under those agreements.

13. I further understand that Zuffa does not publicly disclose information relating to sponsors or licensees and the various contractual requirements for sponsors and licensees who contract to do business with Zuffa.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 19th day of December, 2016, in Washington, DC.

                                              /s/ Stacey K. Grigsby
                                                Stacey K. Grigsby