Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Zuffa LLC's Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege and Related Exhibits (ECF. No. 324, the "Motion to Seal") asks the Court to seal certain documents[1] and portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320, the "Motion to Challenge") on two separate bases: first, that the documents contain confidential information; and second, that the documents contain privileged attorney-client communications. Motion to Seal at 1 ("Because these documents implicate and contain Zuffa's confidential and privileged information, Zuffa moves to file these exhibits and the portion of Plaintiffs' motion reflecting this confidential and privileged information under seal."). Plaintiffs take no position as to whether the Challenged Documents contain confidential information (as opposed to privileged information), and do not oppose sealing the documents solely on the limited basis that they have been designated Confidential by Zuffa, should the Court find those designations appropriate. However, the Challenged Documents are not privileged, and Plaintiffs oppose Zuffa's Motion to Seal to the extent that it asserts Privilege as a basis for sealing.[2] At a minimum, since the asserted privilege is in dispute, Plaintiffs believe it would be premature to seal the documents on that basis before the Court has ruled on whether the documents are in fact privileged. Accordingly, Plaintiffs ask that the Court deny Zuffa's Motion to Seal to the extent it is based on purported attorney-client privilege.

II.  **ARGUMENT**

  A.  **The Challenged Documents Are Not Privileged.**

Plaintiffs refer the Court to their Motion to Challenge, incorporated herein in its entirety by this reference, for a detailed argument as to why the Challenged Documents are not privileged. To

---

[1] Zuffa asks the Court to seal Exhibits 1-12, 17, and 19 to the Declaration of Kevin E. Rayhill In Support of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF Nos. 320-2, 320-3, 320-4, 320-5, 320-6, 320-7, 320-8, 320-9, 320-10, 320-11, 320-12, 320-13, 320-18 and 320-20).

[2] Plaintiffs have conceded that one paragraph of the memorandum is privileged and are willing to accept a redaction of this paragraph, though as discussed in the Motion to Challenge, Plaintiffs believe Zuffa has waived the right to redact the document by declining Plaintiffs' offer to accept a redacted version of this document, and should produce the document in its entirety in unredacted form. *See* Motion to Challenge at 16-17; *see also* ECF No. 320-19, an email in which Zuffa declines to produce the document in redacted form.

summarize, the Challenged Documents contain only descriptions and discussions of Zuffa's contract negotiations and commercial strategies. The documents neither seek nor convey any legal analysis or advice, and are therefore not privileged. *See Cung Le v. Zuffa, LLC* ("*Le v. Zuffa*"), 2016 U.S. Dist. LEXIS 69813, *23-24 (D. Nev. May 26, 2016) (holding that documents that merely "report[] the parties' negotiating positions and contain[] no legal analysis or advice," or which "relate to the negotiating parties' commercial strategies and tactics . . . are not privileged").

Zuffa's Motion to Seal groups the documents into four categories. First, Zuffa argues that two identical copies of a memorandum and summary created by Zuffa's in-house counsel are privileged (ECF Nos. 320-2 and 320-6). Motion to Seal at 1-2. But the summary merely recites the negotiating position of a UFC fighter, and to the extent the memorandum contains advice regarding how to respond, it is business-related advice concerning Zuffa's commercial strategy, not legal advice (with the single exception discussed in fn. 2, *supra*). Motion to Challenge at 6-17. Accordingly, these documents are not privileged. *See United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("The [attorney-client] privilege does not protect an attorney's business advice.").

The Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 324-1, the "Grigsby Declaration") states that the summary and memorandum contain Zuffa's in-house counsel's "mental impressions and legal advice," but conclusory statements of privilege do not satisfy Zuffa's burden to establish privilege. *See Gashtili v. JB Carter Props. II, LLC*, 2013 U.S. Dist. LEXIS 159076, at *3 (D. Nev. Oct. 30, 2013) (holding that conclusory assertions of attorney-client privilege were insufficient to establish privilege).

Second, Zuffa argues that a series of emails that refer to the summary and memorandum are privileged (ECF Nos. 320-3, 320-4, 320-5, 320-7, 320-8 and 320-9). Motion to Seal at 2. But the emails neither seek nor convey legal advice (indeed, three of the emails do not even include an attorney as sender or recipient[3]). *See* Motion to Challenge at 17-19. The fact that some of the emails refer to the summary and memorandum is of no import because the summary and memorandum are not privileged.

---

[3] *See* ECF Nos. 320-7, 320-8 and 320-9.

Third, Zuffa argues that a copy of a draft contract containing hand-written notes from a UFC Fighter's attorney is "protected in part by attorney-client privilege" (ECF No. 320-18). Motion to Seal at 3. As an initial matter, Plaintiffs can discern no basis for asserting privilege over this document. By Zuffa's own description, the document "contains a draft contract proposed to an athlete and the athlete's attorney during a negotiation. In addition, it contains the comments of the athlete's attorney in response to ongoing negotiations and discussions with Zuffa over contractual language." *Id.* By sending the draft contract to the fighter Zuffa waived any potential claims of privilege over the draft,[4] and Zuffa cannot assert attorney-client privilege over communications from a putative class member.

Moreover, this assertion of privilege runs counter to Zuffa's statement to Plaintiffs that it had decided not to claw back this document and would "provide a replacement version of that document to plaintiffs," which clearly amounts to voluntary waiver of the privilege. *See* ECF No. 320-19. Zuffa cannot now re-assert privilege over this document. *See Le v. Zuffa, supra,* at *22 ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege.") (citation omitted). Plaintiffs are frankly baffled by Zuffa's belated assertion of privilege over this document, which is clearly not privileged, after indicating it was withdrawing its privilege claim for this document.

Fourth, Zuffa argues that a series of emails relating to its commercial strategy regarding licensing and sponsorships are privileged (ECF Nos. 320-10, 320-11, 320-12 and 320-13). Motion to Seal at 4. These emails neither seek nor convey any legal advice, legal strategy or legal concerns. Accordingly, they are not privileged. *See* Motion to Challenge at 19-23. Once again Ms. Grigsby states that these emails contain in-house counsel's "legal opinion and analysis" (Grigsby Decl., ¶ 8), but such conclusory statements of privilege do not meet Zuffa's burden of showing that each communication is privileged. *See Gashtili, supra,* at *3.

---

[4] *See In re iPhone/iPad Application Consumer Privacy Litig.*, 2012 U.S. Dist. LEXIS 166711, at *28-29 (N.D. Cal. Nov. 21, 2012) ("disclosure to an adverse party is, by its very nature, antithetical to a claim for privilege").

### III. CONCLUSION

For the reasons stated above this Court should deny Zuffa's Motion to Seal to the extent that it asserts attorney-client privilege as the basis for sealing. Plaintiffs take no position regarding Zuffa's designation of the documents as Confidential, and do not oppose sealing the documents on that basis, should the Court find Zuffa's designations appropriate.

Dated: January 3, 2017

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:            /s/Kevin E. Rayhill
                Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

4      Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS**

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Dan Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2017 a true and correct copy of **PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS** was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By: _/s/ Kevin E. Rayhill_

7   Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS**