WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave NW, 11th Floor, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 320) AND RELATED EXHIBITS** |

I, Stacey K. Grigsby, declare as follows:

1. I am an attorney admitted to practice before the courts in the states of New York and the District of Columbia and am admitted Pro Hac Vice to practice before this Court. I am a Partner in the law firm Boies, Schiller & Flexner LLP, and counsel to Defendant Zuffa, LLC ("Zuffa") in this case.

2. I make this declaration in support of Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Challenge Attorney-Client Privilege. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Zuffa seeks to file under seal two exhibits identified as Exhibits B and C to the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Opposition to Plaintiffs' Motion to Challenge Attorney-Client Privilege ("Grigsby Opposition Declaration"), as well as portions of Zuffa's Opposition, Exhibit A to the Grigsby Opposition Declaration, and the Appendix of Exhibits in support thereof. This declaration is submitted to provide the factual and legal support for the filing of this material.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

5. Exhibits B and C to the Grigsby Opposition Declaration have been designated as confidential under the protective order. These exhibits contain detailed information about contractual terms and language in a contract with an athlete, and information about contractual negotiations with a potential licensee, respectively.

6. Zuffa also seeks to seal portions of Zuffa's Opposition, Exhibit A to the Grigsby Opposition Declaration, and the Appendix of Exhibits in support thereof, that contain confidential information described in paragraph 5 and contain confidential information related to the documents Zuffa moved to seal in its Motion to Seal Portions of Plaintiffs' Motion to Challenge

Attorney-Client Privilege (ECF No. 324).  Zuffa incorporates by reference the arguments contained in its prior motion.

7. With respect to paragraph 5 above, it is my understanding that Zuffa treats its contracts, in executed and draft forms, as confidential.  Zuffa also considers its internal decision-making processes, discussions, and business strategies confidential.  Disclosure of this information, which includes specific financial terms, benefits, and obligations negotiated with an athlete, could expose Zuffa's approach to internal decision-making strategies and negotiations, as well as disclose attorney-client privileged communications regarding proposed draft language of contractual provisions.  In sum, public disclosure of this information would provide competitors with unfair and damaging insights into Zuffa's business practices.

8. With respect to paragraph 5 above, it is my understanding that Zuffa treats its negotiations with sponsors and licensees as confidential.  I also understand that Zuffa treats its business strategy with respect to sponsors and licensees, as well as potential sponsors and licensees as confidential.  Disclosure of this information, which includes specific contemplated policies and strategies with respect to sponsors and licensees could expose Zuffa's internal decision-making strategies and disclose attorney-client privileged communications regarding contemplated contractual terms and potential language.  Put simply, public disclosure of this information would provide competitors with unfair insight into Zuffa's business practices with respect to sponsors and licensees.

9. I further understand that Zuffa does not publicly disclose information relating to fighter contracts and the various forms of fighter compensation paid under those agreements.

10. I further understand that Zuffa does not publicly disclose information relating to sponsors or licensees and the various contractual requirements for sponsors and licensees who contract to do business with Zuffa.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.  Executed this 3rd day of January, 2017, in Washington, DC.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby