1  WILLIAM A. ISAACSON (*Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro Hac Vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro Hac Vice*)
   (nwidnell@bsfllp.com)
4  BOIES, SCHILLER & FLEXNER LLP
5  1401 New York Avenue, NW, 11th Floor, Washington, DC 20005
   Telephone: (202) 237-2727; Fax: (202) 237-6131
6
7  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
8  BOIES, SCHILLER & FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
9  Telephone: (702) 382-7300; Fax: (702) 382-2755

10 DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
11 J. COLBY WILLIAMS #5549
   (jcw@campbellandwilliams.com)
12 CAMPBELL & WILLIAMS
13 700 South 7th Street, Las Vegas, NV 89101
   Telephone: (702) 382-5222; Fax: (702) 382-0540
14

15 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 320) AND RELATED EXHIBITS** |

Plaintiffs oppose the motion to seal filed by Defendant Zuffa, LLC ("Zuffa") in an improper attempt to reargue the merits of their challenge to Zuffa's designation of certain documents, or portions thereof, as protected by the attorney-client privilege. The Court should disregard Plaintiffs' misplaced efforts and, for the reasons below and as stated in Zuffa's initial motion to seal (ECF No. 324), find that good cause exists to seal the documents and the portions thereof that contain Zuffa's confidential decision-making, business strategies, and information protected by the attorney-client privilege.

Plaintiffs' opposition fails to provide any new or probative argument regarding why the Court should decline to grant Zuffa's motion to seal. In fact, in the first paragraph of their opposition, Plaintiffs admit that they "take no position as to whether the Challenged Documents contain confidential information (as opposed to privileged information), and do not oppose sealing the documents solely on the basis that they have been designated Confidential by Zuffa . . . ." Pls.' Opp'n to Zuffa, LLC's Mot. to Seal Portions of Pls.' Mot. to Challenge Attorney-Client Privilege And Related Exs. (ECF No. 327, "Pls.' Opp'n to Mot. to Seal"). Plaintiffs' opposition reargues the merits of their privilege challenge instead of addressing Zuffa's Motion to Seal. *See* Pls.' Opp'n to Mot. to Seal at 1-3. The parties have filed their briefs, and Zuffa has explained in its Opposition to Plaintiffs' Privilege Challenge the bases for its privilege assertions. ECF No. 328. Yet, regardless of whether the Court ultimately finds that the Challenged Documents are privileged – and Zuffa maintains that the documents are privileged[1] – good cause exists to seal the documents because of their confidential and highly-sensitive contents.

As fully explained in its initial motion to seal, Exhibits 1-12, 17, and 19 to the Rayhill Declaration contain confidential and highly sensitive information regarding strategies, draft contracts, contractual terms, and internal decision-making processes that satisfy the "good cause" standard and are thus properly filed under seal. *See* ECF No. 324 at 1-5. In addition, portions of

---

[1] As explained below and in its Opposition to Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320) ("Opposition to Plaintiffs' Privilege Challenge"), Zuffa has withdrawn its attorney client-privilege assertion with respect to Exhibit 17 to the Declaration of Kevin E. Rayhill in Support of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 322-18, the "Rayhill Declaration").

1
REPLY IN SUPPORT OF MOTION TO SEAL

Plaintiffs' privilege challenge motion reflecting confidential information contained in those exhibits are also properly filed under seal.

As noted in its Opposition to Plaintiffs' Privilege Challenge, Zuffa has withdrawn its attorney-client privilege claim over Exhibit 17 to the Rayhill Declaration. ECF No. 328 at 4. However, as explained in its initial motion to seal, Zuffa contends that sealing Exhibit 17 is appropriate as "good cause" exists to seal the confidential and highly sensitive information contained therein.

In sum, two independent, sufficient grounds justify sealing Exhibits 1-12 and 19 to the Rayhill Declaration: (1) attorney-client privilege and (2) the highly sensitive and confidential nature of the business information, draft contracts, contractual terms, and internal decision-making processes contained in those exhibits. *See Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) (explaining that "[c]ourts generally accept attorney-client privilege and the work-product-doctrine as a 'compelling reason' [(a higher standard not applicable to this non-dispositive motion)] justifying a motion to seal"); ECF No. 324 at 5 (citing cases finding that good cause exists to seal confidential financial information and contractual arrangements). The latter justification applies to Exhibit 17 to the Rayhill Declaration which, while not privileged, contains highly confidential draft contract terms and commentary on ongoing negotiations between Zuffa and an athlete.

Zuffa respectfully reiterates its request that that Exhibits 1-12, 17, and 19 to the Rayhill Declaration and corresponding portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320) that have already been redacted publicly be permitted to be filed under seal.

| | | |
|---|---|---|
| 1 | Dated: January 6, 2017 | BOIES, SCHILLER & FLEXNER LLP |

By: /s/ Stacey K. Grigsby
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave, NW, 11th Floor
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: sgrigsby@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
      jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

---

3
REPLY IN SUPPORT OF MOTION TO SEAL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa, LLC'S Reply in Support of Its Motion to Seal Portions of Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320) And Related Exhibits** was served on January 6, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

    /s/ Michael Kim

**Michael Kim**, an Employee of Boies, Schiller & Flexner LLP