CONFIDENTIAL

**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>          Defendant. | Case No.: 2:15-cv-01045 RFB-(PAL)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE**<br><br>**PUBLIC COPY REDACTED** |

## I. INTRODUCTION

Zuffa's Opposition To Plaintiffs' Motion To Challenge Attorney-Client Privilege (ECF No. 328, the "Opposition") seeks to counter Plaintiffs' arguments through mere inferences and innuendo. Zuffa states that Plaintiffs' Motion To Challenge Attorney-Client Privilege (ECF No. 320, the "Motion To Challenge"), is similar to a previous motion that the Court denied (*see* Opposition at 1, 12-14), but the facts relating to the current Motion To Challenge make that comparison inapt. Zuffa makes repeated conclusory assertions that the challenged documents convey legal advice, but Plaintiffs have shown that the challenged documents merely report a third party's negotiating position (which, as the Court ruled previously, does not fall within the privilege) and propose the business-related response. Zuffa's Opposition pulls phrases out of context to create a false impression of the documents' purpose (*see* section III.C., *infra*), but the documents themselves do not support Zuffa's argument. The documents challenged by Plaintiffs are not privileged, and Zuffa's attempts to create the impression that these documents convey legal advice must fail.

Zuffa's Associate General Counsel Michael Mersch and then-General Counsel Ike Lawrence Epstein were actively involved in Zuffa's business operations on a day-to-day basis, including negotiating contracts with fighters, sponsors and merchandisers and setting business policy regarding Zuffa's contracts and negotiations. The challenged documents contain Mr. Mersch and Mr. Epstein's business advice and analysis, which is not privileged even when provided by an attorney. *See United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("The privilege does not protect an attorney's business advice.").

Plaintiffs' Motion To Challenge concerns two sets of documents. The first set consists of a



---

[1] ECF Nos. 320-2, 320-3, 320-4, 320-5, 320-6, 320-7, 320-8 and 320-9.
[2] 320-10, 320-11, 320-12, 320-13.

II.  ARGUMENT

A.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Are Not Privileged Because they Do Not Seek Or Convey Legal Advice.

1.  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

In the Opposition, Zuffa asserts that Michael Mersch "routinely provided . . . legal advice and guidance to Zuffa personnel regarding contractual language and contract negotiations." *See* Opposition at 3. While that may be true, it is inapposite. Mr. Mersch also routinely negotiated the business terms of Zuffa's contracts with fighters, which is the role he played in connection with ▇▇▇▇▇▇▇. "In-house counsel may be involved intimately in the corporation's day to day business activities and frequently serve as integral players in business decisions or activities. Accordingly, communications involving in-house counsel might well pertain to business rather than legal matters." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). Indeed, Mr. Mersch's full title at that time was Senior Vice President, Business & Legal Affairs and Assistant General Counsel. As the title implies, Mr. Mersch's activities were sometimes business-related, sometimes legal. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Documents produced by Zuffa confirm Mr. Mersch's active role negotiating the business terms of fighter contracts. One email chain shows ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[3] Mr. Epstein was General Counsel until 2012, at which time he became Chief Operating Officer.

██████████████.[4] These documents show that Mr. Mersch routinely conveyed or requested business advice to or from other Zuffa executives, including Zuffa's Chief Legal Officer. Zuffa has not asserted privilege over any of these business documents despite the clear parallels between them and ██████████████.

   2. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████. It is strictly reportorial. Accordingly it is not privileged. *See Le v. Zuffa, supra,* at *23 (documents that merely "report[] the parties' negotiating positions and contain[] no legal analysis or advice are not privileged). ████████████████████████████████████████ ██████████ "reflects his legal opinion regarding what he believed were the most significant changes to the proposed agreement." *See* Opposition at 15. But this attempt to create a positive from a negative does not carry Zuffa's burden. Zuffa's conclusory assertion that ████████████████ ████████████████████████████████████████ cannot be given credence. An omission is not an opinion, and the fact that ██████████ is not exhaustive cannot be read to convey legal meaning. ██████████ conveys no legal advice or analysis. It is not privileged. ████████████████████████████████████████ ████████████████████████████████████████[5] As set forth in Plaintiffs' Motion To Challenge, all but one statement in ██████████ contain no legal analysis or advice. They are not privileged. As Plaintiffs demonstrated in section II.A., *supra*, Mr. Mersch was routinely involved in negotiating the **business terms** of Zuffa's contracts with fighters. This document is in keeping with that function. Zuffa makes

---

[4] Mr. Mersch's title has changed by this time to Senior Vice President, Athlete Relations & Associate General Counsel. Ms. Long's title was Director, Athlete Relations. The new titles confirm that both Mr. Mersch and Ms. Long performed multiple roles at Zuffa that were not necessarily limited to legal work. *Id.*

[5] See Plaintiffs' Motion To Challenge, ECF No. 320, at 6-17 for a description and analysis of each statement by Mr. Mersch.

several conclusory statements that Mr. Mersch was providing legal advice in ▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, Opposition at 15 ("This analysis is legal in nature."). But these unsupported statements do not carry Zuffa's burden to establish privilege. *See Gashtili v. JB Carter Props. II, LLC*, 2013 U.S. Dist. LEXIS 159076, at *3 (D. Nev. Oct. 30, 2013) (holding that conclusory assertions of attorney-client privilege were insufficient to establish privilege). To the extent that Mr. Mersch was providing advice, it was business-related advice, which is not privileged.

The emails that refer to that document are also not privileged, since they do not contain any references to any legal analysis or advice. ▓▓▓▓▓▓▓ (ECF No. 320-5, ZFL-1014049) refers to his ▓▓▓▓▓▓▓ as Plaintiffs have shown, there is no legal analysis in ▓▓▓▓▓▓▓. Mr. Fertitta's original request to Ms. Long asks her only to ▓▓▓▓▓▓▓ a task that is strictly reportorial and not privileged. ECF No. 320-9, ZFL-1014103. The fact that no attorney was included on this email clearly shows that no legal advice was sought. Ms. Long's first reply says only ▓▓▓▓▓▓▓ and is clearly not privileged. ECF No. 320-9, ZFL-1014103. And her second reply states only that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. ECF No. 320-9, ZFL-1014103. Mr. Fertitta's response consists of the simple statement, ▓▓▓▓▓▓▓ ECF No. 320-4, ZFL-1014047. This statement refers to a document that is itself not privileged, so the statement, which adds no legal analysis of its own, is also not privileged.

### 3. Zuffa's Comparison Of ▓▓▓▓▓▓▓ With Plaintiffs' Prior Privilege Challenge (ECF No. 251) Is Inapt.

Zuffa compares the challenge of these documents to a prior challenge by Plaintiffs which this Court denied (*See* Opposition at 1, 12-14), but the facts involved in these two challenges are completely different, making the comparison inapt. The prior challenge (ECF No. 251) involved one very brief email in which Associate General Counsel Michael Mersch ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Court ruled this was a request for legal advice. In contrast, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

CONFIDENTIAL

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). *Id.* at ZFL-1014074. Even when Mr. Mersch refers to contract "language,"
8  the reasoning behind his suggestion evinces a clear business-related purpose (▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mersch's use of the word ▓▓▓▓▓▓▓▓▓ in context, is synonymous with
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and is not referencing legal interpretations, but rather Mersch is reporting on
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Zuffa's reason for resisting the proposed change is
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[6] Accordingly, the
16 comparison to Plaintiffs' prior privilege challenge (ECF No. 251) does not help Zuffa.[7]
17    B.   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
18       1.   **Lawrence Epstein Routinely Communicated With Other Zuffa Executives Regarding Business Issues.**
19  Referring to an email from Zuffa's former Vice President of Licensing and Merchandising Randy
20 Klein to then-General Counsel Lawrence Epstein, Zuffa asserts that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ But Mr. Epstein routinely communicated with other Zuffa executives

---

[6] Zuffa's use of contractual provisions to control fighters and restrict their ability to fight for other promoters are central to Plaintiffs' allegations of anti-competitive conduct, which explains why Zuffa would like to withhold these documents, but does not render them privileged.

[7] Importantly, even if the Court accepts Zuffa's strained interpretation of Mersch's analyses, Zuffa offers no basis for permitting Zuffa to withhold the entire document. Rather, the remedy for Zuffa would be merely to redact any of Mersch's statements the Court determines to be privileged.

and with third parties regarding purely business issues during his tenure as general counsel.[8] For ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ This document clearly shows Mr. Epstein engaged in purely business activities relating to ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ ████████ This last statement is clearly a business judgment, a fact that is bolstered by Zuffa's apparent decision not to assert privilege over this document.

As these documents make clear, Mr. Epstein routinely functioned in a business capacity as part of his duties at Zuffa. Accordingly, not all communications between him and other Zuffa executives are privileged, and the documents at issue are not.

---

[8] Moreover, Zuffa's position suggests that any document sent only to a company's general counsel is necessarily privileged, which is clearly not the law.

CONFIDENTIAL

2. █████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

  ▪ ████████████████████████

  ▪ █████████████████████████████

  ▪ ██████████████████████

  ▪ █████████████████████████████
   ████████████████████████

   █████████████████████████████
   ████████████

   █████████████████████████████

ECF No. 320-10 (ZFL-1845329). One searches in vain for any reference to any legal principles, concerns or advice. Like Mr. Mersch, Mr. Epstein was involved in setting Zuffa's business policies on a day-to-day basis, and he clearly is acting here in his capacity as a business advisor to Zuffa. *See* section II.B., *supra*.

Zuffa's description of this document takes certain phrases out of context to create a misleading impression. Zuffa states that ████████████████████████████████████████████████████████████████████ Opposition at 4. The ██████████████████████████████████████████████████████████████████████ These sentences appear near the top of the email and are followed by a discussion of the ████████████████████████████████████████████████████████████████

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE**

███████ ECF No. 320-10 at ZFL-1845330. By eliding the content between the two statements Zuffa quotes, Zuffa creates the false impression that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████

In its argument section, Zuffa offers little justification for its assertion of attorney-client privilege over these documents, arguing only that because ████████████████████████████████████████████████████████████████████ *See* Opposition at 18. "The fact that a person is a lawyer does not make all communications with that person privileged." *United States v. Martin*, 378 F.3d 988, 999 (9th Cir. 2002). Here, Mr. Epstein offers no legal advice of any kind. The emails are not privileged.

Zuffa also argues that because Mr. Epstein allegedly ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See* Opposition at 19. Zuffa asserts that Mr. Epstein is "providing his legal interpretation of the effect of the ████████████████████████████████████████ *Id*. But as the statements quoted above make clear, Mr. Epstein is doing nothing of the sort. He is talking about ████████████████████████████████ Moreover, as Plaintiffs have demonstrated in section II.B., *supra*, Mr. Epstein was integrally involved in negotiating the ████████████████████████████████████, affording him a degree of expertise on the business effects of these agreements.

████████████████████ neither seek nor convey any legal analysis or advice. Accordingly, they are not privileged.

III.   **CONCLUSION.**

The documents for which Zuffa asserts attorney-client privilege do not seek to obtain or provide legal advice. As such, they are not privileged. For this reason and all the reasons stated above, the Court should grant Plaintiffs' Motion to Challenge Attorney-Client Privilege.

CONFIDENTIAL

Dated:  January 10, 2017

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:           */s/Kevin E. Rayhill*
                Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

CONFIDENTIAL

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Hiba Hafiz (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

CONFIDENTIAL

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

CONFIDENTIAL

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2017 a true and correct copy of **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE** was served via email on all parties or persons requiring notice.

By: */s/ Kevin E. Rayhill*