Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com


*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL) <br><br> **PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 340) AND RELATED EXHIBITS** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Zuffa LLC's Motion to Seal Portions of Plaintiffs' Reply In Support of Their Motion to Challenge Attorney-Client Privilege and Related Exhibits (ECF. No. 342, the "Motion to Seal") asserts attorney-client privilege and confidentiality as the bases for sealing previously redacted portions of Plaintiffs Reply in Support of Their Motion to Challenge Attorney-Client Privilege (ECF No. 340[1], the "Reply"). But the documents at issue[2] in Plaintiffs' Motion to Challenge Attorney-Client Privilege (ECF No. 320, the "Motion to Challenge") are not privileged, and any references to those documents in Plaintiffs' Reply should not be sealed on that basis. At a minimum, since the asserted privilege is in dispute, Plaintiffs believe it would be premature to seal the documents on that basis before the Court has ruled on whether the documents are in fact privileged. Plaintiffs take no position as to whether the Challenged Documents contain confidential information and do not oppose sealing references to them in the Reply solely on the limited basis that they have been designated Confidential by Zuffa, should the Court find those designations appropriate.

Zuffa also seeks to seal Exhibits 1-4[3] to the Declaration of Kevin E. Rayhill in Support of Plaintiffs' Reply in Support of Their Motion to Challenge Attorney-Client Privilege (the "Rayhill Declaration") on the basis that they contain confidential information. Motion to Seal at 2-3. As with the Reply, Plaintiffs take no position as to whether the Exhibits contain confidential material, and do not oppose sealing them on that basis should the Court find those designations appropriate.

### II.    ARGUMENT

#### A.    Because The Challenged Documents Are Not Privileged, References To Them In Plaintiffs' Reply Should Not Be Sealed On That Basis.

Plaintiffs refer the Court to their Motion to Challenge and their Reply, which Plaintiffs incorporate herein by reference, for detailed arguments as to why the Challenged Documents are not privileged. To briefly summarize, Zuffa's in-house counsel were intimately involved in Zuffa's business

---

[1] ECF No. 340 is a corrected version of the Reply originally filed at ECF No. 336.

[2] ECF Nos. 322-2 through 322-15 (collectively, the "Challenged Documents").

[3] ECF Nos. 336-1, 336-2, 336-3, and 336-4, collectively, the "Reply Exhibits").

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 340)AND RELATED EXHIBITS**

matters on a daily basis. The Challenged Documents contain only descriptions and discussions of Zuffa's business matters including information about Zuffa's contract negotiations and commercial strategies. They neither seek nor convey any legal analysis or advice and are therefore not privileged. *See Cung Le v. Zuffa, LLC* ("*Le v. Zuffa*"), 2016 U.S. Dist. LEXIS 69813, *23-24 (D. Nev. May 26, 2016) (holding that documents that merely "report[] the parties' negotiating positions and contain[] no legal analysis or advice," or which "relate to the negotiating parties' commercial strategies and tactics . . . are not privileged"). Because the Challenged Documents are not privileged, any references to them in Plaintiffs' Reply cannot be sealed on the basis of attorney-client privilege.

The Court has scheduled a hearing on Plaintiffs' Motion to Challenge for February 7, 2017. Until the Court has ruled on this issue, sealing the documents on the basis of privilege would be premature.

### B. Plaintiffs take No Position As To Whether Exhibits 1-4 To The Rayhill Declaration Contain Confidential Information.

The Reply Exhibits were produced by Zuffa with Confidential or Highly Confidential designations as authorized by the Revised Stipulation and Protective Order (ECF No. 217). These exhibits show Zuffa's In-House counsel Michael Mersch (Exhibits 1 and 2) and Lawrence Epstein (Exhibits 3 and 4) engaging in business-related activities in the normal course of their day-to-day activities at Zuffa that were similar to—if not identical to—the activities discussed in the Challenged Documents. Indeed, Zuffa's Motion to Seal confirms that this was the case: "Plaintiffs' Reply includes, makes reference to, and discusses quoted sections from four exhibits that contain confidential information regarding Zuffa's decision-making and business strategies and its internal business operations." Motion to Seal at 1. Tellingly, Zuffa has not asserted privilege over the Reply Exhibits, despite the strong similarities to the Challenged Documents that occasioned Plaintiffs' Motion to Challenge in the first place. Indeed, like the Challenged Documents, the Reply Exhibits include summaries of Zuffa's negotiating positions with respect to fighters (Exhibits 1 & 2) and sponsors (Exhibits 3 & 4).

Plaintiffs do not oppose Zuffa's designation of these documents as Confidential, just as they did not oppose designating the Challenged Documents—which also contain "confidential information

regarding Zuffa's decision-making and business strategies and its internal business operations"—as confidential, should the Court decide these designations are appropriate.

### III.     CONCLUSION

For the reasons stated above this Court should deny Zuffa's Motion to Seal to the extent that it asserts attorney-client privilege as the basis for sealing. Plaintiffs take no position regarding Zuffa's designation of the documents as Confidential, and do not oppose sealing the documents on that basis, should the Court find Zuffa's designations appropriate.

Dated:  January 31, 2017

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:          /s/Kevin E. Rayhill
                 Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 340)AND RELATED EXHIBITS**

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Dan Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT
OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 340)AND RELATED EXHIBITS**

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and
Representative Plaintiffs Cung Le, Nathan Quarry, Jon
Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT
OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE (ECF NO. 340)AND RELATED EXHIBITS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2017 a true and correct copy of **PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CHALLENGE ATTORNEY-CLIENT PRIVILEGE AND RELATED EXHIBITS** was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By:

_/s/ Kevin E. Rayhill_