WILLIAM A. ISAACSON (*Pro Hac Vice*)
STACEY K. GRIGSBY(*Pro Hac Vice*)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
(sgrigsby@bsfllp.com)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ZUFFA, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF NATHAN QUARRY ON STATUTE OF LIMITATIONS GROUNDS** |

1
2
3
4
5
6

Pursuant to Local Rule 56-1, Defendant Zuffa, LLC ("Zuffa") hereby submits this concise statement setting forth each fact material to the disposition of the motion that Zuffa claims is not genuinely in issue, with citation to the particular portions of any relevant pleading or other evidence upon which Zuffa relies. This statement is submitted in support of Zuffa's Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute Of Limitations Grounds And Supporting Memorandum Of Law ("Zuffa Mot.").

7

<u>DEFINITIONS</u>

8
9

1.    Complaint or Consolidated Amended Complaint ("CAC") means the pleading filed in *Le et al. v. Zuffa LLC*, No. 2:15-cv-01045-RFB-(PAL) as ECF No. 208.

10
11

2.    "Defendant" means Zuffa, a mixed martial arts promoter doing business as the Ultimate Fighting Championship ("UFC").

12
13

3.    "Identity" means the name, sobriquet, voice, persona, signature, likeness and/or biography of an individual.

14
15

4.    "Identity Rights" means the unrestricted worldwide right to use, edit, disseminate, display, reproduce, print, publish and make any other use of an individual's "Identity" as defined above.

16
17
18

5.    "Promotional Agreement" means an agreement between an individual and Zuffa in which, for good and valuable consideration, the individual provides certain enumerated rights to Zuffa in exchange for promoting the individual as a part of its mixed martial arts promotion business.

19
20

6.    "Plaintiffs" mean the putative class representatives Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury.

21

<u>UNDISPUTED MATERIAL FACTS</u>

22
23

**<u>Zuffa's Agreements with Athletes to Use Their Identity Rights to Promote Its Business and Brand in Exchange for Compensation.</u>**

24
25
26

1.    Zuffa is in the business of, among other things, promoting live Professional MMA bouts in the United States and elsewhere, under the trade names of the Ultimate Fighting Championship® or UFC®.  CAC ¶ 30.

27
28

2.    As part of its business, Zuffa contracts with athletes to participate in live bouts and to grant Zuffa "the unrestricted worldwide right to use, edit, disseminate, display, reproduce,

1

print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biography" of an athlete, and "all persons associated with [that] Fighter," "as it appears in [UFC] Bouts, or in connection with the advertising and promotion for [UFC] Bouts, or in connection with the advertising and promotion of the UFC."  CAC ¶ 27(f); Zuffa Mot., Ex. A, Art. 3.1, at LEPLAINTIFFS-0048763-764.

3.      In general and as is the case with Mr. Quarry, there are only three types of agreements governing the grant of the right to use an athlete's identity to Zuffa in exchange for compensation:  (1) Promotional and Ancillary Rights Agreements ("Promotional Agreement") (CAC ¶ 27(e); *e.g.*, Zuffa Mot., Ex. A); (2) Merchandise Rights Agreements (CAC ¶ 27 (i); *e.g.*, Zuffa Mot., Ex. B); and (3) Bout Agreements (CAC ¶ 27(a); *e.g.*, Zuffa Mot., Ex. C).

4.      Plaintiff Nathan Quarry is one athlete with whom Zuffa has contracted for the grant of his Identity Rights.  CAC ¶ 34; Zuffa Mot., Ex. A; Zuffa Mot., Ex. B.

**Quarry's Promotional and Ancillary Rights Agreements**

5.      Quarry's first agreement with Zuffa was a Promotional and Ancillary Rights Agreement that took effect on October 5, 2004 ("2004 Promotional Agreement").  Zuffa Mot., Ex. D; *see* CAC ¶ 27(e) (defining "Exclusive Promotional and Ancillary Rights Agreement").

6.      The terms of the 2004 Promotional Agreement were effective ████████████ ████████████  Zuffa Mot., Ex. D, Art. III, at ZFL-0003038.

7.      On February 25, 2005, ████████████████████████████████████ ████████████████████  Zuffa Mot., Ex. E.

8.      A provision titled the "Grant of Ancillary Rights/Collective Rights," (hereinafter, "Grant of Ancillary Rights") defines the scope of Identity Rights that Quarry granted to Zuffa, which provides Zuffa the right to use Quarry's Identity "████████████████████ ████████████████████████████████████████████ ████████████████"  *E.g.*, Zuffa Mot., Ex. A, Art. 3.1, at LEPLAINTIFFS-0048763-64.

9.      The Grant of Ancillary Rights in the 2004 Promotional Agreement grants Zuffa the ████████████████████████████████████████████████

ZUFFA SUF                                          Case No.: 2:15-cv-01045-RFB-(PAL)

██████████████████████████████████████████████████████████████████

██████████████████"  Zuffa Mot., Ex. D, Art. 5.1, at ZFL-0003038; *compare* CAC ¶ 27(q) (defining

"Promotional Rights and Ancillary Rights"); CAC ¶ 27 (t) (defining "UFC Licensed

Merchandise"), ¶ 27(u) (defining "UFC Promotional Materials").

10.   Article 5.4 defined the ways in which Zuffa would be permitted to use Quarry's

Identity and granted Zuffa ████████████████████████████████████████████████

████████████████████████"  these rights.  Zuffa Mot., Ex. D, Art. 5.4(c), at ZFL-0003039.

11.   The Grant of Ancillary Rights also provided that the duration of Quarry's grant of

Identity Rights to Zuffa would be ████████████████████████████████████████████

████████████████████████████████████████████████████████████████ Zuffa

Mot., Ex. D, Art. 5.2, 5.4, 13.3, at ZFL-0003038-039, ZFL-0003045 (████████████████████

████████████████████████████); CAC ¶ 27(q), ¶ 113(d) (alleging the "Ancillary Rights Clause

remains in effect in perpetuity," including after the term of the contract).

12.   Article IX of the 2004 Promotional Agreement sets forth the total compensation

Zuffa would pay to Quarry for all rights granted under the agreement, as well as for the services

to be performed.  Zuffa Mot., Ex. D, Art. 9.3, at ZFL-0003042 ("████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████")

13.   On November 14, 2005, Zuffa and Quarry executed a new and superseding

Promotional Agreement ("2005 Promotional Agreement") that contained a Grant of Ancillary

Rights identical to the 2004 Promotional Agreement.  Zuffa Mot., Ex. F, Art. III, at ZFL-

0003088-89.

14.   Article VII of the 2005 Promotional Agreement also sets forth the total

compensation Zuffa would pay to Quarry for the rights granted, as well as for the services to be

performed under the 2005 agreement.  *E.g.*, Zuffa Mot., Ex. F, Art. 7.3, at ZFL-0003093 ("██████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

██████████████████████████████")

3

15.     On October 13, 2008, a new and superseding Promotional Agreement between Zuffa and Quarry took effect ("2008 Promotional Agreement").  Zuffa Mot., Ex. A.

16.     The 2008 Promotional Agreement provided compensation for Quarry in the form of a ██████████████████████████████████████ Zuffa Mot., Ex. A, Art. 7.1 at LEPLAINTIFFS-0048767-69.

17.     The 2008 Promotional Agreement defined a "Bout" as a "mixed martial arts contest" promoted by Zuffa.  Zuffa Mot. Ex. A, Art. II, at LEPLAINTIFFS-0048763.

18.     Article III of the 2008 Promotional Agreement provided for a scope and duration of the Grant of Ancillary Rights identical to those included in the 2004 and 2005 Promotional Agreements, except the 2008 Promotional Agreement ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████ Zuffa Mot., Ex. A, Art. 3.4(h), 3.4(i), at LEPLAINTIFFS-0048765.

19.     Article VII of the 2005 Promotional Agreement sets forth in express terms the total compensation Zuffa would pay to Quarry for the rights granted and for services to be performed under the agreement.  Zuffa Mot., Ex. F, Art. 7.3, at ZFL-0003093 ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████

**Quarry's Bout Agreements**

20.     For each UFC bout in which Quarry participated, the Promotional Agreements provided that the parties would ██████████████████████████████████ Zuffa Mot., Ex. A, Art. VI, at LEPLAINTIFFS-0048767; *see* CAC ¶ 27(a) (defining "Bout Agreement").

21.     The Bout Agreement sets forth a grant of ancillary rights ("Bout Ancillary Rights") that correlates with the Grant of Ancillary Rights in the Promotional Agreement.  Zuffa

ZUFFA SUF                                                Case No.: 2:15-cv-01045-RFB-(PAL)

Mot., Ex. C, at ZFL-0390586 (defining "Bout Ancillary Rights") and ZFL-0390592 (enumerating "Bout Ancillary Rights").

22.     The Bout Ancillary Rights include the rights to ███████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

█████████     Zuffa Mot., Ex. C at ZFL-0390586 (defining "Bout Ancillary Rights") and ZFL-0390592 (enumerating "Bout Ancillary Rights").

23.     Quarry's last Bout Agreement with Zuffa took effect on January 13, 2010 ("2010 Bout Agreement") in advance of a March 31, 2010 bout.  Zuffa Mot., Ex. C; Zuffa Mot., Ex. K, Declaration Of Kirk D. Hendrick In Support Of Zuffa, LLC's Motion For Summary Judgment As To Plaintiff Nathan Quarry On Statute Of Limitations Grounds ("Hendrick Decl.") ¶ 6.

24.     The 2010 Bout Agreement specified the opponent, weight class, date, location, and as well as (1) ████████████████████████████████████ (2) ██████████████████████████████████ and (3) █████████████████████████     Zuffa Mot., Ex. C, at ZFL-0390591.

25.     The 2010 Agreement also contained a grant of Bout Ancillary Rights specifically for the March 31, 2010 bout distinct from the Grant of Ancillary Rights provided for in the 2008 Promotional Agreement.  Zuffa Mot., Ex. C, at ZFL-0390586, ZFL-0390592.

26.     The 2010 Bout Agreement also specified the total compensation Zuffa would pay to Quarry for the grant of rights and for services to be performed under the Agreement.  Zuffa

---

1 ████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████ Zuffa

Zuffa Mot., Ex. C, at ZFL-0390591.

ZUFFA SUF                                                      Case No.: 2:15-cv-01045-RFB-(PAL)

1   Mot., Ex. C, at ZFL-0390586 (█████████████████████████████████████

2   ████████████████████████████████████████████████████████████████

3   █████████████████████████████).

4        27.     On March 31, 2010, Quarry fought his last bout promoted by the UFC.  CAC ¶ 34.

5        28.     The January 13, 2010 Bout Agreement, which is Quarry's final bout agreement, is

6   the most recent agreement of any kind between Quarry and Zuffa related to Quarry's Identity

7   Rights.  Zuffa Mot., Ex. C; Hendrick Decl. ¶ 6.

8        29.     Quarry participated in a bout against Jorge Rivera on March 31, 2010, which

9   Quarry lost, and for which he was paid a ██████████████████████

10   ████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████

13   ███████████████████████, Zuffa Mot., Ex. C,  at ZFL-0390591, in full satisfaction of the

14   compensation owed Quarry "█████████████████████████████████████

15   ██████████████████," *id*., at ZFL-0390586.

16   **Quarry's Merchandise Rights Agreement**

17        30.     In 2008, Quarry and Zuffa executed a Merchandise Rights Agreement

18   ("Merchandise Rights Agreement"), which took effect on October 13, 2008.  Zuffa Mot., Ex. B;

19   *see* CAC ¶ 27(i) (defining "Merchandise Rights Agreement").

20        31.     In the Merchandise Rights Agreement, Quarry granted Zuffa and its affiliates

21   certain rights to use his identity in "Licensed Merchandise" in exchange for royalty payments

22   fixed by the contract.  Zuffa Mot., Ex. B, Art. I, at LEPLAINTIFFS-0048947-948 ("Grant of

23   Merchandise Rights"); *id.* at LEPLAINTIFFS-0048948-949 ("Compensation"); *see* CAC ¶ 27(h)

24   (defining "Merchandise Rights"); ¶ 27(i) (defining "Merchandise Rights Agreement").

25        32.     Quarry executed the Merchandise Rights Agreement on September 30, 2008.

26   Zuffa Mot., Ex. B, at LEPLAINTIFFS-0048953.

27        33.     Article 1.1 of the Merchandise Rights Agreement permits Zuffa to ████████

28   ████████████████████████████████████████████████████████████

ZUFFA SUF                          Case No.: 2:15-cv-01045-RFB-(PAL)

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ▌" Zuffa Mot., Ex. B, Art 1.1, LEPLAINTIFFS-0048947.

4       34.    "Licensed Merchandise" includes ███████████████

5 █████████████████████████████████████████

6 █████████████████████████████████████

7 █████████████████████████████████████

8 ████████████████████████████████████████████

9 ████████████████ CAC ¶ 27(t); Zuffa Mot., Ex. B, Art. 1.3, at LEPLAINTIFFS-

10 0048947.

11       35.    The Merchandise Rights Agreement addresses the use of an athlete's Identity in

12 connection with merchandise containing the UFC's intellectual property.  CAC ¶ 27(t); Zuffa

13 Mot., Ex. B, Art. 1.3) at LEPLAINTIFFS-0048947; CAC ¶ 27(t) (defining "UFC Licensed

14 Merchandise").

15       36.    The Merchandise Rights Agreement expressly sets forth the royalty rates that

16 Zuffa will pay Quarry "██████████████████████████

17 ██ ████████████████████████████████

18 ████████████████████████████████████

19 ██████████████████████████

20 ██ ████████████████████████████████

21 ████████████████████████████████

22 Zuffa Mot., Ex. B, Art. 3.1(a)-(b), at LEPLAINTIFFS-0048948-949.

23       37.    The Merchandise Rights Agreement also expressly states that, except as set forth

24 in Article III of that agreement, Quarry "████████████████████

25 ████████████████████████████████████

26 ██████" Zuffa Mot., Ex. B, Art 3.2, at LEPLAINTIFFS-0048949.

27       38.    The term of the Merchandise Rights Agreements is ███████████████

28 ███████████████████████████ Zuffa Mot., Ex. B, Art. 2.1, 2.2, at

LEPLAINTIFFS-0048948.

39.     On March 5, 2009, Zuffa made a payment of ███████████████ ███████████████████████████ Zuffa Mot., Exs. H & I.

40.     October 22, 2010, Quarry received a payment of ██████████████ ████████████████████ Zuffa Mot., Ex. J.

41.     Quarry filed his Complaint on December 16, 2014, more than four years after his last agreement with Zuffa was executed.  ECF No. 1.

42.     Since December 16, 2010, Zuffa has not taken any action to modify the terms of Quarry's grants of Identity Rights to Zuffa or to enforce the terms of the grant of Identity Rights against Quarry.  Hendrick Decl. ¶ 14.

43.     Quarry "appeared in the UFC Undisputed 2010 video game that debuted on May 25, 2010, in North America, and is still sold today," CAC ¶ 34.

44.     Quarry has "been featured in a number of trading cards manufactured and sold by Topps Trading Cards, including a series in 2010," CAC ¶ 34.

45.     Quarry has not entered into any agreement after December 16, 2010 that affected the scope or duration of his grant of Identity Rights to Zuffa or the compensation to be paid by Zuffa to Quarry for appearing in what Plaintiffs define as "UFC Licensed Merchandise" and "UFC Promotional Materials."  CAC ¶¶ 27 (t), 27(u), 34.

46.     Quarry claims that through contracts containing an "Ancillary Rights Clause," Zuffa acquired his Identity Rights in perpetuity and was able to exploit those rights in exchange for paying Quarry no additional compensation each time his Identity was exploited—compensation that Quarry contends was below what would prevail in an otherwise allegedly competitive market.  CAC ¶¶ 1 (alleging the UFC "expropriates the rights to [fighters'] names and likenesses in perpetuity"), 113(d) (alleging the "Ancillary Rights Clause . . . grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC fighter" and associated persons "locking UFC fighters out of revenues generated by the exploitation of their

Identities"); ECF No. 206, at 23.[2]

47.     Quarry claims that he has suffered injury during the limitations period because, as a member of the Identity Class, "each time [during the limitations period] the UFC exploited the [his] identity rights . . . and [he] received zero dollars instead of actual dollars at the time of exploitation, [he] suffered harm and was injured."  ECF 206, at 23; *see* CAC ¶ 34 ("Quarry's Identity was expropriated and his compensation for appearing in UFC Licensed Merchandise and UFC Promotional Materials was artificially suppressed due to the scheme alleged herein.").

**Other Facts**

48.     Quarry filed his Complaint in this action on December 16, 2014.  ECF No. 1.

49.     Quarry attributes the alleged "expropriation" of his identity, as that term is used in the Consolidated Amendment Complaint, to the terms of his agreements with Zuffa.  Zuffa Mot., Ex. G, Quarry Dep. 118:17-21, 118:23-119:6, 119:9-18, 119:21.

50.     Prior to his last UFC bout in March 2010, Quarry was aware of the scope and duration of the identity rights that he granted to Zuffa in his agreements with Zuffa.  Zuffa Mot., Ex. G, Quarry Dep. 120:11-19, 121:25-122:12.

51.     Prior to his last UFC bout in March 2010, Quarry was aware of Zuffa's use of his identity rights in UFC licensed merchandise and understood that he was receiving what he believed to be less than fair value for the use of identity in licensed merchandise.  Zuffa Mot., Ex. G, Quarry Dep. 120:11-19, 121:25-122:12.

52.     Quarry's 2008 Promotional Agreement, Merchandise Rights Agreement, and 2010 Bout Agreement all pre-date the first complaint filed in this action by more than four years.  *See* ¶¶ 15, 23, 30, 49 *supra*.

53.     Zuffa has not taken any action to modify the terms of Quarry's grant of his identity rights to Zuffa or to enforce the terms of the grant of Identity Rights to Zuffa since prior to

---

[2] *See* ECF No. 206, at 23 ("Because Quarry's identity was indeed exploited during the Class Period, for which he received compensation (i.e., zero) below the higher levels that Plaintiffs claim would have prevailed absent the conduct, he was injured during the Class Period and thus he is appropriately pled as part of the Identity Class.") (internal citation omitted).

ZUFFA SUF                                                    Case No.: 2:15-cv-01045-RFB-(PAL)

1    December 16, 2010.  Hendrick Decl. ¶ 14.

2

3    Dated: February 1, 2017                    Respectfully Submitted,

4                                               BOIES, SCHILLER & FLEXNER LLP

5

6                                               By: /s/ Nicholas A. Widnell

7                                                   Nicholas A. Widnell
                                               *Attorneys for Defendant* Zuffa, LLC, d/b/a
8                                               Ultimate Fighting Championship and UFC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZUFFA SUF                                      Case No.: 2:15-cv-01045-RFB-(PAL)