WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>   Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF NATHAN QUARRY ON STATUTE OF LIMITATIONS GROUNDS AND SUPPORTING MEMORANDUM OF LAW AND RELATED EXHIBITS** |

## I.      Introduction

Pursuant to the Stipulated Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal Exhibits A through F and H through J to its Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute of Limitations Grounds And Supporting Memorandum of Law ("Zuffa's Motion") as well as portions of (1) Zuffa's Motion, (2) the Kirk D. Hendrick Declaration In Support of Zuffa's Motion (Exhibit K), and (3) the Statement of Undisputed Material Facts in Support of Zuffa's Motion ("SUF").  This motion is accompanied by the Declaration of Nicholas A. Widnell in Support of Zuffa, LLC's Motion to Seal Portions of Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute of Limitations Grounds And Supporting Memorandum of Law And Related Exhibits ("Widnell Declaration").

## II.      Legal Standard

Documents filed in connection with a dispositive motion may be sealed if there are "compelling reasons" to seal those documents.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted).  Documents attached to summary judgment motions are evaluated under this "compelling reasons" standard.  *Id.* (citation omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1178-79 (citations and quotation marks omitted).  "Compelling reasons" have included preventing:  disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties."  *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on

reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

### III.   Argument

Zuffa seeks to file under seal, in whole or in part, three types of documents that meet the compelling reasons standard, as described below.[1]

#### A.   Contracts Between Zuffa And Mr. Quarry

Exhibits A through D and F are signed contracts between Zuffa and Mr. Quarry.  These contracts contains confidential and commercially sensitive information regarding Zuffa's contractual clauses with its athletes and information regarding Zuffa's athlete compensation terms, royalty rates, and other payment terms.  Zuffa's trade secret information is contained within these Exhibits and the public release of that confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's pricing structure and contractual terms – two crucial elements of Zuffa's proprietary business practices that have allowed it to compete in the marketplace for MMA athletes.  Table A provides a summary of the information contained in each Exhibit that justifies sealing the exhibit.

---

[1] Zuffa does not move to seal excerpts of Mr. Quarry's deposition taken on September 30, 2016, which is included as Exhibit G to Zuffa's Motion.  Plaintiffs have not served Zuffa with any confidentiality designations and Zuffa has not designated any of the excerpted portions as confidential.

**Table A**

| Exhibit | Information in the Exhibit Justifying Sealing |
|---|---|
| Exhibit A: 2008 Agreement: LEPLAINTIFFS-0048763 | This Agreement discusses the duration and nature of Mr. Quarry's relationship with Zuffa and explains Zuffa's promotional obligations to Mr. Quarry. In addition, the Agreement defines the scope and nature of Mr. Quarry's identity rights vis-à-vis Zuffa and provides detailed information about Mr. Quarry's compensation for participation in bouts promoted by Zuffa, and other contractual terms. |
| Exhibit B: 2008 Agreement: LEPLAINTIFFS-0048947 | The Agreement discusses the scope, nature, and content of Mr. Quarry's identity rights vis-à-vis Zuffa as well as the royalty rates and royalty calculations Zuffa is obligated to use with respect to Mr. Quarry's identity rights, and other contractual terms. |
| Exhibit C: 2010 Agreement: ZFL-0390586 | This Agreement discusses the specific rights and obligations – *inter alia* identity rights and compensation – of Mr. Quarry and Zuffa with respect to a specific bout, and other contractual terms. |
| Exhibit D: 2004 Agreement: ZFL-0003037 | This Agreement discusses the duration and nature of Mr. Quarry's relationship with Zuffa and explains Zuffa's promotional obligations to Mr. Quarry. In addition, the Agreement defines the scope and nature of Mr. Quarry's identity rights vis-à-vis Zuffa and provides detailed information about Mr. Quarry's compensation for participation in bouts promoted by Zuffa, and other contractual terms. |
| Exhibit F: 2005 Agreement: ZFL-0003087 | This Agreement discusses the duration and nature of Mr. Quarry's relationship with Zuffa and explains Zuffa's promotional obligations to Mr. Quarry. In addition, the Agreement defines the scope and nature of Mr. Quarry's identity rights vis-à-vis Zuffa and provides detailed information about Mr. Quarry's compensation for participation in bouts promoted by Zuffa, and other contractual terms. |

3

1

**B.      Internal Zuffa Business Communications And Documents Regarding Payments to the Mr. Quarry**

2      Exhibits E, H, I and J are confidential and sensitive business communications and

3 documents that contain payment information for Mr. Quarry as well as payment information for

4 other athletes under contract with Zuffa.  Specifically, Exhibits E and J contain references to and

5 partial descriptions of specific clauses in Mr. Quarry's contacts with Zuffa and payment amounts

6 pursuant to those clauses made to Mr. Quarry.  Exhibits H and I, which consist of an e-mail and

7 an attachment to that e-mail, contain Zuffa's internal business records that contain specific

8 financial information regarding payments Zuffa made to Mr. Quarry and Zuffa's way of tracking

9 such payments.  Exhibit J is a letter to Mr. Quarry that contains a description of a specific

10 confidential agreement between Zuffa and Mr. Quarry as well as the exact amount of a payment

11 made to Mr. Quarry pursuant to that agreement.

12      Exhibits E, H, I and J all contain trade secret information, disclosure of which would

13 provide significant advantages to Zuffa's competitors.  In addition, these exhibits contain

14 payment information related to confidential royalty rates agreed upon by Zuffa and Mr. Quarry.

15 In sum, the information contained in these Exhibits is sufficiently sensitive to Zuffa that

16 "compelling reasons" justify sealing.

17      **C.      Discussions Of Documents From The Categories Above**

18      Zuffa has redacted portions of Zuffa's Motion, Exhibit K to Zuffa's Motion, and the SUF

19 that reflect the confidential information discussed above.  In addition, Zuffa has redacted portions

20 of those documents that reflect Zuffa's sensitive business information, disclosure of which would

21 result in competitive harm to Zuffa.  Zuffa has made its redactions in as narrow a manner as

22 possible.

23      **IV.      Conclusion**

24      For the foregoing reasons, Zuffa respectfully requests that the Court seal Exhibits A

25 through F and H through J to Zuffa's Motion as well as the designated portions of Zuffa's

26 Motion, Exhibit K to Zuffa's Motion, and the SUF.

27

28

4

Dated: February 1, 2017                    BOIES, SCHILLER & FLEXNER LLP


By:/s/ Nicholas A. Widnell
            Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave, NW,
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: nwidnell@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email:  djc@campbellandwilliams.com
            jcw@campbellandwilliams.com


Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate
Fighting Championship and UFC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing (1) Zuffa, LLC's Motion to Seal Portions of Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute of Limitations Grounds And Supporting Memorandum of Law And Related Exhibits was served on February 1, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

  /s/ Michael Kim                                          

Michael Kim, an Employee of Boies, Schiller & Flexner LLP

MOTION TO SEAL