1
2
3
4
5
6

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

7    *Additional counsel on signature page*

8

9    UNITED STATES DISTRICT COURT

10   DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>          Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**<br><br>**EXPEDITED HEARING/RESOLUTION REQUESTED** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Pursuant to Local Rule 26-4, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") respectfully request a 60-day extension of the fact discovery period and remainder of the case schedule. The parties have met and conferred and Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC ("Defendant" or "Zuffa") opposes the relief requested.

Plaintiffs request that the Court expedite consideration, hearing, and resolution of this Motion to enable the parties (and third parties) to plan the remainder of the discovery period and the beginning of the expert discovery period.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs request a 60-day extension of the case schedule—principally, Plaintiffs request that the current fact discovery deadline of April 30, 2017 be extended to June 30, 2017 with corresponding 60-day extensions for the remaining case management deadlines, including, *e.g.*, expert discovery.[1] Plaintiffs have been diligent in pursuing document and deposition discovery, having obtained and reviewed more than 1.1 million documents, including 760,000 documents through RFPs to Zuffa and 400,000 through third party subpoenas (including approximately 174,000 documents received March 7, 2017). Plaintiffs have also taken four depositions of Zuffa's current and former employees, deposed Zuffa's Rule 30(b)(6) designees for four days, taken four third party depositions, and currently have 14 depositions noticed to take place over the next 40 days. Nevertheless, certain delays outside of Plaintiffs' control have made it impossible for Plaintiffs to complete necessary discovery in this proposed antitrust class action on behalf of over 1000 class member UFC fighters and former fighters.

Plaintiffs also seek the extension to provide the parties with more flexibility as they endeavor to schedule and take six depositions of Zuffa's current and former employees noticed to date as well as to take testimony of Zuffa's designees on certain topics which testimony awaits

---

[1] The effect on the remaining case management deadlines are set forth in Section III, *infra*.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

the Court's decision on the pending Motion to Challenge (ECF No. 282). Plaintiffs will also use the extension to continue to enforce a handful of key third party subpoenas, which efforts have been met with considerable resistance. Plaintiffs are also attempting to schedule or have scheduled depositions of several third-parties, including, for example, Deutsche Bank, Moody's Investor Service, Mark Cuban and Andrew Simon of AXS TV LLC (which promoted MMA events), Jeff Aronson of Titan FC (a "minor league" MMA promoter), and Scott Coker (current CEO of MMA promoter Bellator and former CEO of Strikeforce, an MMA promotion acquired by Zuffa), among other third parties that are associated with key events and documents produced to date in discovery. The requested extension would permit Plaintiffs to schedule and complete a large portion of such discovery in addition to providing flexibility in scheduling remaining Zuffa discovery.

Although Plaintiffs have diligently pursued discovery, as set forth in more detail below, several factors outside of Plaintiffs' control have made it impracticable for Plaintiffs to complete discovery by April 30, 2017. For example, on June 3, 2016, the Court provided Defendant a 90-day extension of its deadline to substantially complete its document production that became necessary because Defendant belatedly learned (only due to Plaintiffs' inquiries) about a cache of 1.8 million potentially responsive documents on the eve of its production deadline. Defendant used that 90-day extension to produce more than 350,000 documents after the prior production deadline;[2] the majority of Zuffa's produced documents from the time period prior to 2014. That delay substantially impeded Plaintiffs' ability to begin taking depositions of key Zuffa witnesses. Even now, Defendant continues to produce documents, including approximately 4,000 on March 11, 2017. Despite having given Zuffa a 90-day extension, the Court extended the fact discovery period by only 30-days. Herein, Plaintiffs request that the balance of the 90-days that Defendant delayed producing documents be afforded to Plaintiffs so that Defendant is not permitted to gain from its dilatory conduct, and to allow Plaintiffs to conduct the discovery they need from Zuffa

---

[2] Defendant also produced approximately 150,000 documents in the two weeks prior to the initial deadline.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

and multiple third parties. Furthermore, even though Zuffa represented that its production was substantially complete as of September 1, 2016 (nearly seven months ago), Zuffa has yet to produce a privilege log, leaving little if any time under the current schedule to challenge and obtain discovery concerning incorrectly designated documents. For that reason, and the other reasons set forth herein, Plaintiffs respectfully request that the case management deadlines be extended for approximately 60-days as set forth in Section III.

## II.   STATUS OF DISCOVERY

### A.  Summary of Discovery to be Completed

As discussed *infra*, Plaintiffs have been diligent in discovery to date, but Plaintiffs' efforts belie the substantial work to be done. Over the remaining weeks of discovery under the existing deadline, Plaintiffs are scheduled to take (or defend) the following depositions:

| Individual | Entity | Date of Scheduled Deposition |
|---|---|---|
| Lorenzo Fertitta | Zuffa (former CEO) | March 23, 2017 |
| Joe Silva | Zuffa (former matchmaker) | April 7, 2017 |
| Cung Le | Named Plaintiff | April 11, 2017 |
| Shannon Knapp | Strikeforce and Invicta FC | April 11, 2017[3] |
| Rule 30(b)(6) designee | Deutsche Bank | Proposed April 18-21[4] |
| John Mulkey | Zuffa (former CFO) | April 19, 2017 |
| Andrew Simon | AXS TV | April 19, 2017[5] |
| Mark Cuban | AXS TV | April 21, 2017[6] |
| Scott Coker | Formerly of Strikeforce, now Bellator | April 25, 2017[7] |

[3] The deposition was noticed for April 11, 2017 but Ms. Knapp has been delinquent in producing documents and the deposition may need to be postponed.

[4] Plaintiffs have not yet noticed the deposition pursuant to agreement between Deutsche Bank and Plaintiffs on a pending document production from Deutsche.

[5] The deposition has been noticed for April 19, 2017 but is not yet confirmed.

[6] The deposition has been noticed for April 21, 2017 but is not yet confirmed.

[7] The deposition has been noticed for April 25, 2017, but as discussed infra, Bellator has moved to quash Plaintiffs' document subpoena which could result in a postponement of the deposition.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

| Jeff Aronson | Titan FC | April 25, 2017 (Previously scheduled for March 10, 2017)[8] |
| Dana White | Zuffa (President) | May 2, 2017[9] |
| Michael Mersch | Zuffa (former General Counsel) | To-be-scheduled[10] |
| Sean Shelby | Zuffa (matchmaker) | Plaintiffs have proposed April 12-14 or April 25-28, 2017[11] |
| Rule 30(b)(6) designee | Zuffa (for topics relating to fighter compensation, financial data and databases, fighters' sponsors and the valuation of Zuffa) | To occur within 45-days of the Court's Order on the Motion to Challenge (ECF No. 282) |

In addition to the forgoing noticed and/or scheduled depositions, Plaintiffs sent a deposition subpoena to Moody's Investor Service to take a Rule 30(b)(6) deposition on March 1, 2017. Moody's responded to that notice indicating that it would move to quash but offering to produce documents that may satisfy Plaintiffs' needs. Plaintiffs expect that production shortly but to the extent that Moody's refuses to voluntarily present a designee on Plaintiffs' topics and the production does not obviate the need for the deposition, it may not be possible to compel and take the deposition by the existing discovery date.

The Deutsche Bank deposition is another example of a process that has taken longer than anticipated for reasons outside of Plaintiffs' control. Plaintiffs first subpoenaed Deutsche Bank on March 22, 2016. Following the sale of Zuffa to William Morris Endeavor Entertainment LLC ("WME"), Plaintiffs' issued a second subpoena to Deutsche Bank seeking documents related to the acquisition on August 18, 2016. Following Deutsche Bank's initial productions on July 1,

---

[8] Plaintiffs noticed Mr. Aronson for March 10, 2017 but Mr. Aronson canceled on March 8, 2017 due to a recent back surgery and will try to reschedule in April 2017.

[9] Mr. White was previously confirmed for April 26, 2017 but a scheduling conflict arose and the deposition.

[10] The parties had confirmed the date of April 28, 2017, but Mr. Mersch is now unavailable. Plaintiffs believe that the deposition will need to be scheduled after the current discovery deadline.

[11] The two dates Zuffa has proposed Monday, April 3, 2017 and Monday, April 17, 2017 (the Monday after Easter) do not work for Plaintiffs because Plaintiffs are unable to travel to Las Vegas for the deposition on the two Sundays prior to those proposed dates. Plaintiffs believe that the deposition will need to be scheduled after the current discovery deadline.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

August 26 and September 6, 2016 (which contained several important documents that require additional follow up), on October 28, 2016, Plaintiffs reached out to Deutsche Bank to determine whether they would accept electronic service of a subpoena for a deposition pursuant to Rule 30(b)(6). Through that meet and confer, Deutsche Bank agreed to negotiate a further custodial document search and produce a witness for negotiated topics. Currently, Plaintiffs and Deutsche Bank hope to be able to complete the document production, review and negotiation of topics by the week of April 17, 2017. Plaintiffs have proposed to take the deposition of Deutsche Bank's Rule 30(b)(6) designee the week of April 17, 2017, but given that such timeframe may not be practicable depending on whether any production or review delays occur. Moreover, Deutsche Bank's counsel has a trial the week of April 24, 2017 and thus, any delays in the agreed process will necessarily require that the deposition be moved to a date after the current discovery deadline.

Similarly, the Mark Cuban and Andrew Simon depositions are likely to be delayed as their counsel has stated they will likely move to quash the subpoenas. Furthermore following extensive negotiation, AXS TV, the MMA promoter and broadcaster run by Cuban and Simon, produced nearly 174,000 documents on March 7, 2017. Due to a multi-step process negotiated with AXS TV to identify and review documents for privilege, these documents will not be available to Plaintiffs until the first week of April at the earliest. Plaintiffs are working diligently to process those documents but despite such diligence, an extension of the discovery deadline is likely required. Likewise, as discussed *infra*, Bellator moved to quash Plaintiffs' document subpoena and that motion is now pending before the Court but is not yet resolved. Plaintiffs anticipate Bellator will similarly oppose efforts to depose Scott Coker.

Plaintiffs also anticipate serving a subpoena on WME for deposition pursuant to Fed. R. Civ. P. 30(b)(6) shortly. WME acquired Zuffa in June 2016 through a competitive bidding process involving numerous private equity funds, financial firms and other third parties. As a result, the scope of third party discovery expanded and caused further delays. The WME subpoena will be issued by the end of the week. In light of the depositions on the calendar, the

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

deposition will almost certainly need to take place after the April 30, 2017 discovery deadline.

Finally, as noted in the chart above, Plaintiffs served Zuffa with a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) requesting testimony on topics relating to fighter compensation, financial data and databases, fighters' sponsors and the valuation of Zuffa. As the Court knows, on August 31, 2016, Plaintiffs filed a motion to challenge Defendant's clawback of three documents, which Defendant contends are subject to protection as work product. *See* ECF No. 282. Briefing was completed on September 27, 2016 and the Court heard argument and took the motion under advisement that same day. *See* ECF Nos. 303 & 304. The documents at issue in the motion to challenge as well as all the documents related to the same underlying engagement that Defendant has withheld on the same grounds would be integral to any deposition of Zuffa pursuant to Rule 30(b)(6) concerning fighter compensation.[12] For that reason, the parties agreed to defer the testimony concerning fighter compensation until a date within 45 days after the Court's Order on Plaintiffs' motion to challenge.[13] Because less than 45 days remain in the discovery period and the motion has not yet been ruled on, Plaintiffs also seek an extension so that Plaintiffs may realize the benefits of their agreement to await the Court's decision and promote efficiency in discovery.

**B.  Summary of Discovery Completed to Date**

The scope of discovery that remains to be completed is not due to a lack of diligence by Plaintiffs to date. As set forth below, Plaintiffs' efforts have been diligent, aggressive, and effective.

---

[12] Because Zuffa has clawed back certain documents, *see* ECF No. 282, and has yet to produce a privilege log, Plaintiffs are unable to determine the scope of the effect of the Court's upcoming Order on Plaintiffs' motion to challenge.

[13] Because the topics relating to financial data and databases as well as the valuation of Zuffa were subject to pending meet and confer processes at the time Plaintiffs took Zuffa's testimony on other topics, Zuffa agreed to defer testimony on the valuation and financial data and databases as well to increase efficiency. Moreover, Zuffa unilaterally (without objecting to Plaintiffs' Notice) narrowed the topics Plaintiffs noticed relating to sponsorship when it presented its designee. Plaintiffs are evaluating the present record and will decide whether to pursue Zuffa's testimony on the remaining scope of the topics when the deposition is scheduled.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

**1. Discovery of Named Plaintiffs**

Plaintiffs produced a total of 64,337 responsive documents totaling 206,403 pages to Defendant. Plaintiffs' counsel, at considerable cost and effort, reviewed a document set, which included approximately 323,000 emails and attachments, 100,000 social media files, and more than 6.6 million files collected from the six named Plaintiffs' respective electronic storage devices (including desktop and laptop computers, iPads and tablets, external hard drives, smart phones and any other electronic storage devices in Plaintiffs' possession), to cull these 64,337 documents for production. *See generally*, Joint Status Report, ECF No. 244, at 1 (Apr. 29, 2016). Plaintiffs have substantially completed production in response to Defendant's discovery requests. Plaintiffs produced a privilege log on February 3, 2017.

Each named Plaintiff submitted individual responses to six interrogatories and a joint response to a seventh interrogatory.

Furthermore, Plaintiffs have prepared for and defended the depositions of five of the six named Plaintiffs. The sixth named Plaintiff, Cung Le, is scheduled to be deposed on April 11, 2017.

**2. Defendant's Document Production**

As the Court is aware, Plaintiffs served their first Requests for Production of Documents ("RFPs") on April 25, 2015. Over the ensuing sixteen months, Defendant produced approximately 750,000 responsive documents. Defendant's first production was the reproduction of a set of approximately 108,000 documents that Zuffa had previously produced to the Federal Trade Commission ("FTC") in connection with the FTC's 2012 inquiry into Defendant's acquisition of its then main MMA promotion rival, Strikeforce, which Plaintiffs received on November 24, 2015. Between January 6, 2016 and March 24, 2016, Defendant produced approximately 85,000 documents from its central files such as the "fighter files."[14] The parties also engaged in an iterative process to identify appropriate search terms that would winnow the set of custodial

---

[14] If the Court will recall, the "fighter files" contain fighter contracts and certain correspondence and documentation concerning the contracts and the exercise of rights contained therein.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

documents in Zuffa's possession that Zuffa would be required to review for responsiveness. Between January and June 2016, the parties exchanged search term proposals, reviewed sample hits and non-hits, retained consultants to advise on the process and terms, and engaged in hundreds of pages of briefing on the issues. *See, e.g.*, ECF Nos. 213, 218, 244, and 254. Ultimately, Defendant produced approximately 555,000 custodial documents in response to Plaintiffs' first RFPs.

Plaintiffs served their second RFPs on Zuffa on August 8, 2016 after the public announcement that Zuffa had been sold for $4.2 billion to WME in June 2016. The majority of the second set of RFPs pertained to past and present "offers" of other entities to acquire the UFC in the wake of that revelation. Other requests targeted databases containing records of fighter compensation, documents relating to Zuffa's engagement of Mercer (US), Inc. ("Mercer") as discussed in Plaintiffs' Motion to Challenge (ECF No. 282), and declarations solicited from fighters, agents and managers in connection with Zuffa's defenses to the FTC's 2012 inquiry. Following a meet and confer process, between October 18, 2016 and March 11, 2017, Zuffa produced over 2,000 documents concerning past and present "offers" to purchase the UFC. Zuffa objected to producing any additional documents related to Mercer on the basis of work product.

In total, Zuffa has produced more than 760,000 documents. Despite declaring that it substantially completed its production on September 1, 2016, Zuffa has not yet produced a privilege log and continues to produce documents, having produced approximately 4,000 as recently as March 11, 2017.

Zuffa back-loaded its document production. Indeed, of the approximately 650,000 documents that Zuffa produced in response to Plaintiffs' first RFPs (other than the re-production of the approximately 108,000 documents previously produced to the FTC), Zuffa produced approximately 350,000 (more than 53%) after June 1, 2016, more than 500,000 (nearly 78%) after May 18, 2016, and more than 13,000 after November 1, 2016. Even as of March 11, 2017, Zuffa produced new documents in response to Plaintiffs' first set of RFPs (producing approximately 4,000 documents responsive to Plaintiffs' first and second sets of RFPs). Zuffa's

8

production of key documents had barely begun 13 months after Plaintiffs served their first RFPs and was heavily weighted to the end of the discovery period. That delay has strained Plaintiffs' ability to quickly commence depositions and is a significant contributing factor to the need for the requested extension.

### 3. Third Party Subpoenas and Production

In addition to aggressively pursuing discovery from Zuffa, Plaintiffs issued more than 70 document subpoenas to third parties. Plaintiffs have encountered difficulty in obtaining compliance from many of these third parties. A significant proportion of these third parties formerly operated now defunct businesses and have been difficult to locate. Those third parties that have documents have been frequently unwilling to cooperate with the subpoena absent court intervention, with two filing motions to quash and others having either threatened to do so, stood on objections or been otherwise slow to produce documents.

For example, former MMA promoter AXS TV LLC filed a motion to quash Plaintiffs' subpoena on January 29, 2016. *See In re: Subpoena to Non-Party AXS TV LLC*, No. 3:16-mc-12 (N.D. Tex.).[15] Similarly, current MMA promoter Bellator is actively litigating a motion to quash Plaintiffs' and Defendant's subpoenas. *See In re Subpoena of Bellator Sport Worldwide, LLC*, No. 2:17-mc-16 (C.D. Cal. Filed February 22, 2017).[16] In fact, Zuffa is a primary reason that Plaintiffs have been unable to obtain compliance with Plaintiffs' subpoena. Bellator offered to produce certain documents that Plaintiffs agreed to accept while reserving their rights to seek more detailed information if necessary.  Zuffa rejected Bellator's offer. Bellator refused to produce the agreed set to Plaintiffs absent Zuffa's agreement. Zuffa has, thus, effectively prevented Plaintiffs from timely receiving production from a potentially key competitor of the UFC.

---

[15] Plaintiffs and AXS TV were able to work out a deal following the motion, though it took more than a year after negotiating the agreement for AXS TV to produce potentially responsive documents, which still must be processed and reviewed for privilege by AXS TV before being produced to Plaintiffs.

[16] The motion to quash has been transferred to this Court for resolution. *See id.*, ECF No. 40 (Mar. 17, 2017).

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Despite these hurdles, Plaintiffs' diligence has resulted in the collection of more than 400,000 documents from third parties. Nevertheless, Plaintiffs are still negotiating compliance and/or preparing to move to enforce numerous subpoenas.

### 4. Plaintiffs' Document Review

Plaintiffs have devoted significant resources to the review and analysis of Zuffa's and third parties' document productions, devoting well in excess of 10,000 attorney hours to the task. Despite these efforts, Plaintiffs' review of both Defendant's and third parties' productions is ongoing.

Plaintiffs' review of the document productions (and research external to the productions) has led to significant and substantial meet and confer correspondence between Plaintiffs and Zuffa and has necessitated the issuance of additional subpoenas. For example, press reports concerning WME's June 2016 acquisition of Zuffa referred to a report issued by a consulting firm Alvarez & Marsal ("Alvarez").[17] Plaintiffs determined that Zuffa had not produced the report or any documents from Alvarez and, upon further review, that Zuffa had not produced any documents that Zuffa obtained from third parties that were in Zuffa's "control" (as that term is used in Fed. R. Civ. P. 34). Plaintiffs engaged Zuffa in a meet and confer over the course of several months to explore the third parties that Zuffa had attempted to contact to determine whether documents in Zuffa's control existed. Plaintiffs also issued a subpoena to Alvarez in an effort to obtain relevant documents. By way of further example, following a production of documents from Deutsche Bank in response to Plaintiffs' subpoenas, Plaintiffs determined that a consulting firm had conducted interviews with anonymous industry participants as part of an engagement with a potential bidder for Zuffa in 2016. Plaintiffs issued a subpoena to the firm (and a company that retained it) to attempt to discover the identity of the industry participants. Plaintiffs are still attempting to obtain compliance or otherwise enforce the subpoena.

---

[17] *See, e.g.*, U.F.C. – Ultimate Financial Cost-cutting, John Nash, bloodyelbow.com (Oct. 29, 2016), available at http://www.bloodyelbow.com/2016/10/29/13461764/ufc-ultimate-financial-cost-cutting-wme-img-buyout-sale-firing-ultimate-fighter-expenses-mma-news (last visited Mar. 14, 2017).

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

### 5. Depositions

Plaintiffs were forced to delay beginning depositions of Zuffa's employees because of Zuffa's delay in producing documents. Nevertheless, Plaintiffs have taken the individual depositions of four Zuffa employees and taken four days of testimony from Zuffa's corporate representatives concerning topics relating to (1) fighter contracts, (2) Zuffa's contracts with sponsors of the UFC, (3) Zuffa's contracts with venues, and (4) Zuffa's acquisitions of MMA promoters. Plaintiffs have noticed six additional Zuffa deponents. Specifically, Plaintiffs have confirmed depositions of Zuffa's former CEO Lorenzo Fertitta (March 23, 2017), Zuffa's former matchmaker Joe Silva (April 7, 2017), and Zuffa's former CFO John Mulkey (April 19, 2017). Plaintiffs have been attempting to schedule mutually convenient dates for one of Zuffa's current matchmakers, Sean Shelby.[18] In addition, although Plaintiffs scheduled (and confirmed) Zuffa President Dana White for his deposition on April 26, 2017 approximately 6 weeks ago, Zuffa recently notified Plaintiffs that he is no longer available on that date and has confirmed that White will sit for his deposition on May 2, 2017 (after the current discovery deadline). The parties had also confirmed former general counsel Michael Mersch's deposition for April 28, 2017, but Zuffa recently informed Plaintiffs that he too was no longer available on that date. Mr. Mersch's deposition will need to be rescheduled for later in May.

Plaintiffs have also issued deposition subpoenas to fifteen third parties and taken three depositions of third parties to date. Plaintiffs are still endeavoring to schedule most of the remaining depositions, including for example, the depositions of financial firms. The substantial delays in enforcing or otherwise obtaining compliance with the more than six-dozen document subpoenas is the principal cause of the delay in deposing third parties.

---

[18] Zuffa has informed Plaintiffs that Mr. Shelby is a "busy" person and have been only able to offer two dates, both Mondays in Las Vegas—one of which is the Monday after Easter. Plaintiffs' counsel is unable to take the deposition on either date. Plaintiffs have proposed dates between April 12 and 14 and April 25 and 28, 2017. If Mr. Shelby remains unavailable, he will need to be deposed after the current close of discovery.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

### III.   PLAINTIFFS' PROPOSED EXTENSION

Plaintiffs respectfully request an extension of approximately 60-days for all litigation deadlines to accomplish the remaining outstanding discovery. This request would change the existing schedule to the following dates:

| Case Event | Proposed Date |
|---|---|
| Close of Fact Discovery | June 30, 2017 |
| Plaintiffs' Opening Expert Reports (class and merits) | July 31, 2017 |
| Last Day to Depose Experts Concerning Opening Reports | August 29, 2017 |
| Opposition Expert Reports | September 29, 2017 |
| Last Day to Depose Opposition Experts | October 30, 2017 |
| Reply Expert Reports | November 14, 2017 |
| Daubert Motions | December 15, 2017 |
| Class Certification Motion | December 15, 2017 |
| Daubert Opposition Briefs | February 15, 2018 |
| Class Certification Opposition Brief | February 15, 2018 |
| Daubert Reply Briefs | March 15, 2018 |
| Class Certification Reply Brief | March 26, 2018 |
| Class Certification Hearing | Court's Convenience |
| Summary Judgment Motions | June 1, 2018 |
| Summary Judgment Opposition Briefs | July 2, 2018 |
| Summary Judgment Reply Briefs | July 30, 2018 |
| Pretrial Conference | August 2018 |
| Trial | October 2018 |

### IV.   PLAINTIFFS HAVE GOOD CAUSE FOR THE REQUESTED EXTENSION

Plaintiffs' requested 60 day extension is warranted. "It is axiomatic that discovery deadlines may be extended upon a showing of 'good cause,' which turns primarily on whether the movant has established diligence." *My Home Now, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-727, 2016 WL 6433960, at *2 (D. Nev. Oct. 28, 2016) (citing Local Rule 26-4; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). "Good cause exists to extend a discovery deadline 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

2012)).[19]

Pursuant to Local Rule 26-4, Plaintiffs must set forth (a) discovery completed to date, (b) discovery that remains to be completed, (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan, and (d) a proposed schedule for completing all remaining discovery.

As set forth above, the discovery completed to date is substantial. Plaintiffs have issued documents requests, interrogatories and requests for admission to Zuffa and engaged in thousands of hours of meet and confer and document review. Plaintiffs have issued more than six-dozen document subpoenas as well as deposition subpoenas to third parties, taken actions to enforce and/or obtain compliance with those subpoenas, and received and commenced review of more than 400,000 documents. Plaintiffs have taken four days of testimony of Zuffa's corporate designees, four depositions of Zuffa employees and three third party depositions. Prior to the end of the current discovery period, Plaintiffs have confirmed the deposition of three additional current or former Zuffa employees, and but for Zuffa's unilateral cancellation of two additional previously confirmed depositions, Plaintiffs would take at least two additional Zuffa employees' depositions before the current discovery cut off. Furthermore, Plaintiffs are still seeking dates for two current or former Zuffa employees and are awaiting the Court's decision on Plaintiffs' challenge motion (ECF No. 282) to schedule the final Rule 30(b)(6) deposition days. In addition to that Zuffa discovery, Plaintiffs have verbal agreements to take the deposition of at least one third party corporate designee (Deutsche Bank) and are negotiating with others (or commencing enforcement action).

Significant discovery remains to be completed. In addition to providing more scheduling flexibility for the to-be-scheduled depositions discussed above, the requested extension would be used to obtain enforcement of pending subpoenas, depose third party witnesses (including additional third party promoters, Mercer (depending on the outcome of Plaintiffs' motion) and

---

[19] Motions for extension of time must be filed no later than twenty days before the discovery cut-off date. Local Rule 26-4. Because the current discovery deadline is April 30, 2017, Plaintiffs' request is timely.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

financial firms such as Moody's which have indicated that they will resist Plaintiffs' deposition subpoena),[20] and complete the compliance and enforcement process for other subpoenas. In addition, Plaintiffs anticipate litigating issues relating to Zuffa's yet-to-be-produced privilege log, given Zuffa's overzealous use of privilege and work product designations in connection with clawbacks to date. *See, e.g.*, ECF Nos. 270, 353, 359 (granting Plaintiffs' motions to challenge attorney-client privilege designations).

Plaintiffs will be unable to complete all discovery by the existing deadline for several reasons. First, the initial discovery deadline in this litigation was set for March 31, 2017. *See* ECF No. 207. That deadline was presented to the Court as agreed by the Parties was contingent on parties' completing document discovery by June 1, 2016. *See id.* Defendant's lack of diligence resulted in the belated April 2016 discovery of approximately 1.8 million potentially responsive documents. *See* ECF No. 244, at 6. As a result of that discovery, Defendant received an additional 90 days to substantially complete its discovery. Defendant used those 90 days to dump more than 350,000 documents on Plaintiffs, causing a delay in Plaintiffs ability to take depositions.[21] Despite Defendant's enjoyment of a 90-day extension to produce documents (when it was precisely Defendant's lack of diligence that caused the delay), Plaintiffs were only provided a 30-day extension to complete discovery (to April 30, 2017). *See* ECF No. 304. Plaintiffs have endeavored to meet the April 30 discovery cut-off but have not been able to make up for the extra 60-days that Defendant's delinquent production caused.

Second, the scope of third-party discovery in this case has been slow, despite Plaintiffs' aggressive efforts to move it along quickly. As described in detail above, Plaintiffs have issued more than 70 document subpoenas and met substantial resistance in obtaining compliance and

---

[20] Moody's has proposed the produce documents that it believes will satisfy Plaintiffs in lieu of a deposition. Plaintiffs have agreed to review the documents and discuss whether a deposition is necessary. Plaintiffs will move to compel the deposition if no further progress is made. Such motion and the time required to resolve it is a further reason that the existing discovery deadline cannot be met.

[21] The 350,000 documents comprise a significant majority of the production from the period prior to the filing of the lawsuit and were thus necessary to review prior to taking depositions.

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

have, on occasion needed to seek enforcement in court. These hurdles have impaired Plaintiffs' ability to meet the discovery cut off. Plaintiffs require additional time to complete Plaintiffs' enforcement and compliance efforts and to take the depositions of various third parties.

Third, WME's unanticipated and surprise June 2016 purchase of defendant Zuffa introduced additional sources of potentially relevant information. Plaintiffs served subpoenas and a second set of RFPs to obtain this information.  Thus, the Zuffa sale increased the scope of discovery beyond what was known when the initial discovery deadline was agreed and even beyond Plaintiffs' knowledge when the existing deadline was set.

Fourth, the Parties frequently have been unable to align the schedules of Zuffa's deponents and counsel. Throughout the discovery period, it has been difficult to coordinate the schedules of the Parties. Both Parties have been forced to cancel confirmed deposition dates because either the witness or counsel became unavailable. Most recently Defendant canceled the confirmed depositions of Zuffa President Dana White (which had been confirmed more than a month prior) and Michael Mersch, both of which were scheduled for the last week of discovery and both of which will need to take place in May. Inexplicably, Defendant has agreed to a May 2, 2017 deposition date for Mr. White but refuses to agree to any extension of the discovery deadline. Further, the additional to-be-scheduled deposition of Mr. Shelby (Zuffa's matchmaker) would benefit from scheduling flexibility.

Finally, because Defendant has been severely delinquent in producing a privilege log (more than 6.5 months after its supposed-substantial completion), Plaintiffs are prejudiced by the current discovery deadline. Either Plaintiffs' ability to challenge designations and use improperly designated documents at deposition has been impaired, or, if Defendant does not quickly produce the log, its privilege will be waived and all documents on it will be dumped on Plaintiffs with little ability to utilize such documents at deposition.

As set forth above, Plaintiffs' ability to complete discovery by the April 30, 2017 cut off was substantially impaired by both Defendant's conduct and difficulties inherent in pursuing third-party discovery (which is a necessary process in a case like this). Defendant's failure to be

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

diligent in its search for responsive documents caused a 90-day delay in Plaintiffs' timeline to review documents and take depositions. Defendant's conduct in third-party discovery has prevented Plaintiffs from timely receiving important documents from a potential competitor. And Defendant's failure to timely produce a privilege log has prejudiced Plaintiffs as well. In addition, notwithstanding Plaintiffs' diligence, third party discovery is a slow process that requires additional time to complete. Lastly, even Defendant recognizes—***though it inexplicably will not agree to support an extension***—that not all discovery can be completed by April 30 because Defendant has had to unilaterally cancel confirmed depositions that will need to be scheduled for May.

For the foregoing reasons, Plaintiffs have the requisite good cause and request that the Court extend the case management deadlines by 60-days as set forth in Part III of this Joint Status Report.

Dated: March 21, 2017

Respectfully Submitted,

By: _/s/Patrick F. Madden_____
Patrick F. Madden

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

1
2
3
4
5
6
7

Joseph R. Saveri
Joshua P. Davis
Matthew S. Weiler
Kevin E. Rayhill
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

8
9
10
11
12

Benjamin D. Brown
Richard A. Koffman
COHEN MILSTEIN SELLERS & TOLL,
PLLC
1100 New York Ave., N.W., Suite 500, East
Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
bbrown@cohenmilstein.com

13
14
15
16

*Co-Lead Class Counsel and Attorneys for
Individual and Representative Plaintiffs Cung
Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Dennis Lloyd Hallman, Brandon Vera,
Pablo Garza, Gabe Ruediger, Mac Danzig,
Kyle Kingsbury and Darren Uyenoyama*

17
18
19
20
21
22
23
24
25
26
27
28

17

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE
MANAGEMENT SCHEDULE**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

Robert C. Maysey
Jerome K. Elwell
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
SPECTOR ROSEMAN KODROFF & WILLIS,
P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com

18

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Frederick S. Schwartz
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com


*Additional Class Counsel and Attorneys for
Individual and Representative Plaintiffs Cung
Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Dennis Lloyd Hallman, Brandon Vera,
Pablo Garza, Gabe Ruediger, Mac Danzig,
Kyle Kingsbury and Darren Uyenoyama*

19

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE
MANAGEMENT SCHEDULE**

1

**CERTIFICATE OF SERVICE**

2
The undersigned hereby certifies that service of the foregoing **Motion for Extension of**

3
**Discovery Deadline and Case Management Schedule** was served on March 21, 2017 via the

4
Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

5

6
_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**