WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, 11th Floor, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant.

Case No.: 2:15-cv-01045-RFB-(PAL)

**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF NATHAN QUARRY ON STATUTE OF LIMITATIONS GROUNDS AND RELATED DOCUMENTS**

**I. Introduction**

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal Exhibits 6, 14, 18, and 19 to the Declaration of Matthew S. Weiler in Support of Plaintiffs' Motion for Leave to Lodge Materials Under Seal Re Opposition to Zuffa's Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute Of Limitations Grounds ("Weiler Declaration") in their entirety, portions of Exhibit 3 to the Weiler Declaration, as well as portions of Plaintiffs' Opposition to Zuffa's Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute Of Limitations Grounds ("Plaintiffs' Opposition").[1]

Zuffa has narrowly tailored its sealing requests in light of the "compelling reasons" standard" governing sealing requests related to dispositive motions and does not move to seal Exhibits 4 and 15. In addition, Zuffa moves only to seal certain portions of Exhibit 3 and has narrowly tailored its sealing requests for Exhibit 3 such that it seeks to seal only trade secret information.

This motion is accompanied by the Declaration of Nicholas A. Widnell in Support of Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Opposition. ("Widnell Declaration").

**II. Legal Standard**

Documents filed in connection with a dispositive motion may be sealed if there are "compelling reasons" to seal those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted). Documents attached to summary judgment motions are evaluated under this "compelling reasons" standard. *Id.* (citation omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and quotation marks omitted).

[1] Unless otherwise noted, all references to exhibits are references to exhibits to the Weiler Declaration.

"Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on *reconsideration in part*, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted). Courts have also held that sales volume and pricing information, sensitive information about a company's products and processes not typically available to the public, customer identity information, and capital expenditure and development cost information may be properly sealed under the "compelling reasons" standard. *E.g. Triquent Semiconductor, Inc. v. Avago Techs Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *2-*8 (D. Ariz. Dec. 13, 2011).

**III. Argument**

Zuffa seeks to file under seal, in whole or in part, three categories of documents as well as those portions of Plaintiffs' opposition that discuss or quote from those exhibits in sufficient detail to disclose Zuffa's trade secrets or other information meeting the "compelling reasons" standard. Zuffa believes that compelling reasons exist for sealing the documents, or portions thereof, described below.

**A. Contracts Between Zuffa And Licensees**

Exhibits 14 and 18 are signed and executed contracts between Zuffa and two sponsors. Table A provides a summary of the information contained in each Exhibit supporting Zuffa's argument that "compelling reasons" justify sealing the exhibits in their entirety.

These exhibits contain highly confidential and commercially sensitive information regarding Zuffa's standard and non-standard contractual clauses and terms. The exhibits contain payment, royalty rate, minimum royalty guarantee, and other highly sensitive financial terms between Zuffa and the two sponsors. These exhibits contain Zuffa's trade secret information and the public release of that highly confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's pricing and royalty structure as well as its standard and non-standard contractual terms – all crucial elements of Zuffa's proprietary business practices that have allowed it to compete in the sports and entertainment marketplace. Widnell Decl. ¶¶ 6-7.

**Table A**

| Exhibit | Information in the Exhibit Justifying Sealing |
|---|---|
| Exhibit 14: 2008 Licensing Agreement; ZFL-1843874 to ZFL-1843897 | This Agreement discusses the duration and nature of Zuffa's relationship with a licensee and explains, in detail, the scope of the licensing rights Zuffa is granting to the licensee, royalty rates and guarantees, and contains highly sensitive information regarding unit pricing and other information. |
| Exhibit 18: 2014 Licensing Agreement: ZFL-2490106 to ZFL-2490235 | This Agreement discusses the duration and nature of Zuffa's relationship with a sponsor and licensee and explains, in detail, the scope of the licensing rights, the timing and forms of payments due, royalty rates and guarantees, and contains highly sensitive information regarding Zuffa's priorities in contract negotiations with sponsors and licensees. |

//

//

//

//

//

**B. Granular Internal Pricing Information, Royalty Rates, And Other Highly Sensitive Sales Information**

Exhibits 6 and 19 contain highly confidential and sensitive business information regarding Zuffa's wholesale and retail pricing for certain digital media as well as trade secret royalty rates. Exhibit 6 contains information taken from a number of confidential Zuffa documents with granular pricing information on the wholesale, retail, and other pricing information regarding videos of bouts featuring plaintiff Nathan Quarry. *See* Weiler Decl. ¶ 8.

"Compelling reasons" support the sealing of Exhibit 6 in its entirety as the trade secret pricing and value information as well as the inventory management information contained in that exhibit, if made available to Zuffa's competitors, would permit Zuffa's competitors to gain an unfair and unearned advantage in the marketplace for digital sports video content. Widnell Decl. ¶¶ 6-7.

Exhibit 19 should also be sealed in its entirety as it also contains trade secret pricing information as well as granular sales data taken from a number of Zuffa confidential documents. *See* Weiler Decl. ¶ 21. Disclosure of this information would permit Zuffa's competitors to gain damaging insights into the identities of the purchasers of Zuffa's intellectual property and would provide competitors with examples of the frequency with which those purchases occur and the reasons for those purchases. Competitors might then use this information to set their own royalty rates or target or market their products differently to better incentivize purchases of their products. In sum, disclosure of the information contained in Exhibit 19 would provide confidential trade secret royalty rate information to Zuffa's competitors in addition to other competitive advantages over Zuffa and "compelling reasons" thus justify sealing Exhibit 19. Widnell Decl. ¶ 6.

**C. Excerpts from The Deposition Transcript of Marshall Zelaznik**

Zuffa seeks to seal certain portions of deposition testimony from former Zuffa employee Marshall Zelaznik in Exhibit 3. Zuffa has narrowly tailored its sealing requests for Exhibit 3 and seeks to seal fewer portions of the transcript than it deems confidential and limits its requests to

those portions of the transcript that contain trade secret and confidential business strategy information.

Zuffa seeks only to seal those portions of the Exhibit 3 that contain highly sensitive trade secret information and wholly irrelevant compensation and personal information for Mr. Zelaznik.[2] The categories of information Zuffa seeks to seal in Exhibit 3 include: Mr. Zelaznik's irrelevant personal information, Ex. 3, Zelaznik Dep. Tr. 8:15-17 & 9:25; Zuffa's trade secret and highly sensitive business strategies, including revenue information that is not disclosed publicly, *id.* at 30:3-6, 32:18-25, 70:13-71:4, 110:1-3; the details of Zuffa's highly sensitive and confidential license agreements with other MMA promoters, *id.* at 33:18-25; the confidential and highly sensitive details and contractual terms between Zuffa and certain broadcasters, *id.* at 66:21-67:10, 67:25-68:16, 85:10-25; the confidential and highly sensitive details and contractual terms of Zuffa's contracts with its athletes, *id.* at 82:7-83:13; and highly sensitive Zuffa internal discussions in which business strategy and highly confidential revenue information was discussed, *id.* at 111:6-9, 111-16-112:6, 112:11-113:7, 113:22-25.

Compelling reasons exist to seal the portions of the Zelaznik deposition transcript mentioned above as, in addition to irrelevant personal information of Mr. Zelaznik, disclosure of this highly confidential information would provide Zuffa's competitors with an unfair competitive advantage. *See* Widnell Decl. ¶ 6. In addition, compelling reasons exist to seal those portions of Mr. Zelaznik's testimony that describe Zuffa's profitability and revenue information with respect

[2] Mr. Zelaznik is a former Zuffa employee and third party who testified in this matter as a result of a deposition subpoena issued by Plaintiffs. Widnell Decl ¶ 9. Zuffa seeks to seal only two pieces of Mr. Zelaznik's non-relevant personal information – his age and compensation. Sealing this information is appropriate in order to prevent the needless invasion of Mr. Zelaznik's privacy interests as a third party. *See GoDaddy.com LLC*, 2016 WL 1158851, at *5. The irrelevance of his compensation and age to this matter is a reason justifying sealing under the "compelling reasons" standard. *See Saint Alphonsus Med. Ctr.--Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2014 WL 3101716, at *3 (D. Idaho July 3, 2014), *on reconsideration in part sub nom. Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2015 WL 632311 (D. Idaho Feb. 13, 2015) (applying the "compelling reasons" standard and finding that certain salary and other personal and irrelevant "testimony" from "third parties that did not voluntarily participate and were subject to subpoena" were properly sealed under the "compelling reasons" standard).

to specific segments of its business as that information is not publicly disclosed. *Id.* ¶ 8. Zuffa has attached a redacted version of Exhibit 3 as Exhibit A to the Widnell Declaration that redacts only those portions of the Zelaznik transcript that Zuffa seeks to seal.

**D. Discussions Of Documents From The Categories Above**

Zuffa moves to seal those portions of Plaintiffs' Opposition that refer to, discuss, or quote directly from Exhibits 6, 14, 18, and 19 and the portions of Exhibit 3 that Zuffa seeks to seal above. With the exception of page 7, lines 8 through 11, Zuffa moves to seal those portions of the redacted public version of Plaintiffs' Opposition (ECF No. 365) that have already been redacted.

These already-redacted portions of Plaintiffs' Opposition are properly sealed under the "compelling reasons" standard for the reasons provided above with respect to each individual exhibit. Disclosure of these portions of Plaintiffs' Opposition would result in competitive harm to Zuffa. As with each exhibit above, Zuffa has narrowed its sealing requests for Plaintiffs' Opposition as much as possible. Zuffa respectfully requests that the Court seal those portions of Plaintiffs' Opposition that have already been redacted with the exception of page 7, lines 8 through 11, which does not provide any trade secret information about Zuffa's business.

**IV. Conclusion**

Zuffa has narrowly tailored its sealing request in light of the Ninth Circuit's "compelling reasons" standard and respectfully requests, for the foregoing reasons, that the Court find that "compelling reasons" exist such that Exhibits 6, 14, 18, and 19, as well as portions of Exhibit 3 and Plaintiffs' Opposition, are properly filed under seal.

//

//

//

//

//

//

//

Dated: March 29, 2017

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Nicholas A. Widnell*
Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave, NW, 11th Floor
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: nwidnell@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing (1) Zuffa, LLC's Motion to Seal Portions Of Plaintiffs' Opposition To Zuffa, LLC'S Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute Of Limitations Grounds And Related Documents and (2) the Declaration of Nicholas A. Widnell in Support of Zuffa, LLC'S Motion to Seal Portions Of Plaintiffs' Opposition To Zuffa, LLC'S Motion for Partial Summary Judgment As to Plaintiff Nathan Quarry on Statute Of Limitations Grounds And Related Documents were served on March 29, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Michael Kim*

Michael Kim, an Employee of Boies Schiller Flexner LLP