WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, et al., on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>  Defendant. | Case No.: 2:15-cv-01045-RFB-PAL<br><br>**ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE (ECF NO. 363)** |

## I. INTRODUCTION

Zuffa, LLC, by undersigned counsel, respectfully submits this Opposition to Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule.  Plaintiffs make two arguments in support of their Motion for Extension of Discovery Deadline and Case Management Schedule (ECF No. 363) ("Pls' Mot.") as to why they cannot meet the current deadlines in the discovery schedule.  First, Plaintiffs claim that *Zuffa* caused the delay.  Second, they complain about the amount of outstanding discovery yet to be completed.  Neither of these arguments have merit.  The Court already considered, at the September 27, 2016 Status Conference, the same delay argument Plaintiffs make here and determined that a previous 30-day extension of time was sufficient.  ECF No. 304.  Plaintiffs' second argument is even more tenuous, as much of the discovery is outstanding discovery due to Plaintiffs' own inaction.

## II. PLAINTIFFS REHASH THE SAME POINTS THIS COURT CONSIDERED WHEN IT PREVIOUSLY GRANTED AN EXTENSION.

This is not the first time that Plaintiffs have sought an extension of time.  In September 2016, Plaintiffs asked for a 120-day extension of the case management deadlines.  Ruling on this request, the Court stated that it would extend the previous discovery schedule by 30 days "with the caveat that any requests for an extension beyond that 30 days will be scrutinized for a *strong showing of good cause and due diligence*." Sept. 27, 2016 Hearing Tr. 11:9-12 (emphasis added).  Plaintiffs have failed to make such a showing.  They have rehashed—nearly verbatim—the arguments they previously made in September.

Plaintiffs' proffered reasons for the extension now are almost identical to those already considered by the Court.  As they did in the September 23, 2016 Joint Status Report ("JSR"), ECF No. 297 at 6, Plaintiffs cite Zuffa's production of more than 350,000 documents from an archived database compiled during an FTC investigation as being among the "several factors outside of Plaintiffs' control" preventing them from meeting the current deadline.  Pls' Mot. at 2.  Yet it was largely because of this production that the Plaintiffs sought—and were granted—an extension last September.  JSR at 6:7-9 ("Defendant's belated and surprise discovery of the archived FTC documents constitutes a material change in circumstances.").  Now, as then,

1

Plaintiffs characterize Zuffa's conduct as delinquent, but they do not point to anything that has changed with respect to the FTC documents since September 2016. Plaintiffs cannot justify seeking even more time for discovery now based on productions that they sought and received before the Court granted the last extension.

Plaintiffs also argue, as they did before, that they were delayed in completing discovery because "Zuffa back-loaded its production." Pls' Mot. at 8. But, yet again, the Court was fully aware of the progress the parties had made when it extended the discovery deadline by 30 days in September 2016. Plaintiffs previously propped up their "back-loading" argument by calculating that **77%** of Zuffa's documents produced in response to Plaintiffs' first Requests for Production ("First RFPs") "were produced after May 18, 2016." JSR at 6:15-23. Now they argue that their "ability to quickly commence depositions" was hampered because "nearly **78%**" of Zuffa's documents responsive to Plaintiff's First RFPs were produced "after May 18, 2016." Pls' Mot. at 8-9 (emphasis added). In other words, during the six months since this Court granted Plaintiffs 30 additional days to contend with the burden of Zuffa's so-called back-loaded production, that burden has grown less than 1%.

Plaintiffs complain that Zuffa has not yet served its privilege log, and also cite Zuffa's representation that "its production was substantially complete as of September 1, 2016."

Plaintiffs' argument as to substantial completion misstates the record because *Plaintiffs* failed to serve their second request for production until August 2016. Zuffa advised Plaintiffs that its production of documents in response to Plaintiffs' First Requests was substantially complete on September 1, 2016. Zuffa's production of documents in response to Plaintiffs' Second Requests could not have been substantially complete on that date because Zuffa's objections and responses to the Second Requests were not due until September 14. On June 3, 2016, the Court set the September 1 deadline for substantial completion of the production of the newly discovered FTC documents, not for all documents requests, and certainly not those that Plaintiffs *had yet to serve*. ECF No. 272 at 8; *see also* JSR at 6:9-12 ("Indeed, while the fact discovery deadline was conditioned on the substantial completion of document discovery on June 1, 2016, Defendant certified substantial completion 91 days *after* the substantial completion

2

ZUFFA'S OPP'N TO PLS'  2:15-cv-01045-RFB-PAL
MOT. FOR EXTENSION

deadline, *i.e.*, on September 1, 2016."). This Court's June order clearly did not require Zuffa to certify substantial completion by September 1 for productions in response to document requests that Plaintiffs had not yet served. Plaintiffs are well aware that Zuffa's September 2016 certification concerned the first set of RFPs, as the parties' September 23, 2016 Joint Statement to this Court noted that the parties were "in the process of meeting and conferring on Defendant's responses and objections to" Plaintiffs' *second* RFPs. ECF No. 297 at 3:16-21.

As Plaintiffs have done, Zuffa has worked to compile a complete privilege log after substantially completing all its productions. Given the size of its productions (almost 2.7 million pages of new productions, in addition to the FTC Re-Production) and the number of Legal Custodians' documents requested by Plaintiffs, Zuffa's privilege log has taken some time to compile and complete. Zuffa will serve its privilege log on Plaintiffs on April 7, 2017, which leaves Plaintiffs with ample time to scrutinize Zuffa's log. By contrast, Plaintiffs have produced 206,403 pages of documents. Zuffa notes that Plaintiffs advised this Court that they "expect[ed] to be complete [*sic*] production of their responsive documents by May 6, 2016." ECF No. 244 at 2:4-5.[1] Yet Plaintiffs did not produce their privilege log until February 3, 2017, almost 9 months later. What's more, their log comprised 855 documents, while Zuffa's comprises more than 30,000. In light of the substantial amount of time it took for Plaintiffs to complete their own privilege log, their accusation that Zuffa has been dilatory in producing its privilege log is inexplicable.

### III. PLAINTIFFS' OWN INACTION LED TO INCOMPLETE THIRD PARTY AND OTHER DISCOVERY.

Plaintiffs' conduct shows that, far from being "diligent, aggressive, and effective," they have waited to notice depositions until the eleventh hour. Plaintiffs did not start serving deposition subpoenas on third parties until December 2016, an entire year after discovery could have commenced. Declaration of Ross McSweeney ("McSweeney Decl.") ¶ 3. Despite the

---

[1] Plaintiffs' counsel confirmed on June 1, 2016 that "Plaintiffs substantially completed their production of documents on May 16, 2016."

substantial amount of time Plaintiffs had to seek third-party productions, in September 2016, Plaintiffs advised the Court that "[i]n the coming weeks, Plaintiffs intend to *begin* serving deposition subpoenas on various third parties." JSR at 4:13-14 (emphasis added). Plaintiffs did not serve their first round of third-party deposition subpoenas until December 20, 2016—nearly 3 full months later. McSweeney Decl. ¶¶ 3-6. Similarly, on March 21, 2017, Plaintiffs' Motion promised that they would serve a deposition subpoena on William Morris Endeavor Entertainment LLC ("WME") "by the end of the week". Pl's Mot. at 5. They have yet to issue this deposition subpoena. Likewise, Plaintiffs have not scheduled the 30(b)(6) deposition of Deutsche Bank even though they concede that they served their initial document subpoenas on the bank in March and August 2016. Pls' Mot. at 6.

Plaintiffs also attempt to shift blame for their inability to complete discovery to other parties, including third-parties. For example, Plaintiffs cite an ongoing discovery dispute as a basis for their need for an extension of time, stating that "the parties agreed to defer the testimony concerning fighter compensation until a date within 45 days after the Court's Order on Plaintiffs' motion to challenge" Zuffa's clawback of a small set of documents related to those topics. Pls' Mot. at 6. Plaintiffs suggest that, in the event the Court rules in their favor, they no longer have enough time to obtain testimony concerning those documents, but Plaintiffs are responsible for any alleged delay. Under Local Rule IA7-1(a), Plaintiffs could have written the court within 90 days of a matter being fully briefed to request action and, within 120 days, could have written the Chief Judge to request that she inquire about the status of the matter. Dist. Nev. L. R. IA7-1(a). As of the filing of this brief, it has been 188 days since the clawback issue was fully briefed. A "diligent, aggressive, and effective" party, such as Plaintiffs claim to be, Pls' Mot. at 6, would have used this option.

Plaintiffs' chart of the scheduled depositions seeks to minimize the number of depositions that Plaintiffs noticed after December 2016. The chart below gives a fuller picture of the remaining depositions and bolds each entry omitted from Plaintiffs' chart:

| Witness | Noticing Party | Notice Date | Deposition Date |
|---|---|---|---|
| **Gary Shaw** | **Plaintiffs** | **Jan. 23, 2017** | **TBD** |
| Cung Le | Zuffa | Mar. 3, 2017 | April 11, 2017 |

4

**ZUFFA'S OPP'N TO PLS' MOT. FOR EXTENSION**                      2:15-cv-01045-RFB-PAL

| Witness | Noticing Party | Notice Date | Deposition Date |
|---|---|---|---|
| Shannon Knapp | Plaintiffs | Feb. 23, 2017 | April 11, 2017 |
| Sean Shelby | Plaintiffs | Nov. 12, 2016 | April 12, 2017 |
| John Mulkey | Plaintiffs | Nov. 12, 2016 | April 19, 2017 |
| Andrew Simon | Plaintiffs | Mar. 6, 2017 | April 18, 2017 |
| **Carlos Silva** | **Plaintiffs** | **Dec. 20, 2016** | **April 18, 2017** |
| Mark Cuban | Plaintiffs | Mar. 6, 2017 | April 21, 2017 |
| **Kathryn Duva** | **Plaintiffs** | **Mar. 9, 2017** | **April 24, 2017** |
| Scott Coker | Plaintiffs | Mar. 15, 2017 | April 25, 2017 |
| Jeff Aronson | Plaintiffs | Jan. 9, 2017 | April 25, 2017 |
| **Lou DiBella** | **Plaintiffs** | **Mar. 9, 2017** | **April 26, 2017** |
| **Leon Margules** | **Plaintiffs** | **Mar. 9, 2017** | **April 27, 2017** |
| Dana White | Plaintiffs | Nov. 12, 2016 | May 2, 2017 |
| **Scott Adams** | **Plaintiffs** | **Dec. 20, 2016** | **TBD** |
| **Bob Arum** | **Plaintiffs** | **Jan. 1, 2017** | **TBD** |
| **Courtney Dubar** | **Plaintiffs** | **Mar. 7, 2017** | **TBD** |
| Michael Mersch | Plaintiffs | Nov. 12, 2016 | TBD |
| Joe Silva | Plaintiffs | Jan. 27, 2017 | TBD |

Plaintiffs' deposition chart provided to the Court omitted *eight* depositions that Plaintiffs have noticed between December 2016 and March 9, 2017. Furthermore, this chart does not include depositions that Plaintiffs have not yet noticed—Moody's, Deutsche Bank, Zuffa's 30(b)(6) additional designee(s)[2], and WME's 30(b)(6) designee.

The above table does not tell the full story, as Plaintiffs appear to have made no effort to schedule depositions at times convenient for the witnesses (or their counsel) before sending out notices. Thus, for example, Defendants first reached out to Plaintiffs to schedule Mr. Le's deposition on February 10, 2017. By contrast, Plaintiffs noticed many of Defendant's witnesses for specific dates without reaching out to Defendant to see if those dates would work. Plaintiffs appear to have taken the same approach with third parties, in some cases sending a notice to employees of a third party without contacting counsel on record as representing the third party.[3]

---

[2] Zuffa already provided four 30(b)(6) designees to provide testimony on 37 topics, plus subparts, over a four day period in November and December 2016.

[3] For example, on March 8, 2017, two days before the noticed deposition of Jeff Aronson, the CEO of MMA promoter Titan FC, the only contact Plaintiff had with the Mr. Aronson was a letter sent to his address asking Mr. Aronson to contact Plaintiffs if he did not plan to attend the deposition. Plaintiffs appear to have had no contact with Titan's attorney at that time, despite the

5

**ZUFFA'S OPP'N TO PLS'**  2:15-cv-01045-RFB-PAL
**MOT. FOR EXTENSION**

Plaintiffs have long been aware of the number of depositions they hoped to take,[4] as well as the amount of time that the Court has allotted for those depositions to be taken. The Court should not rescue them from their own scheduling decisions.

### IV.     CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court deny Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule.

Dated:   April 4, 2017                    Respectfully Submitted,

                                          BOIES SCHILLER FLEXNER LLP


                                          By: /s/ William A. Isaacson
                                          WILLIAM A. ISAACSON (*Pro Hac Vice*)
                                          (wisaacson@bsfllp.com)
                                          STACEY K. GRIGSBY (*Pro Hac Vice*)
                                          (sgrigsby@bsfllp.com)
                                          NICHOLAS A. WIDNELL (*Pro Hac Vice*)
                                          (nwidnell@bsfllp.com)
                                          BOIES SCHILLER FLEXNER LLP
                                          1401 New York Ave, NW, Washington, DC 20005
                                          Telephone: (202) 237-2727; Fax: (202) 237-6131

---

fact that Plaintiffs interacted with Titan's attorney with respect to the subpoena Plaintiffs sent Titan. Mr. Aronson, it turns out, was recovering from back surgery at the time. As a result, Plaintiffs did not begin the process of negotiating a date for Mr. Aronson's deposition until the day before Mr. Aronson's deposition was scheduled to take place, and only because Zuffa's counsel reached out to Mr. Aronson's attorney on March 8, 2017. McSweeney Decl. ¶¶ 9-10.

[4] Before the Court limited the number of depositions to 45 per side, Plaintiffs initially believed that "70 [was] the reasonable and proportional [number of depositions] to the needs of the case." Dec. 8, 2015 Hearing Tr. at 47:13-14.

| | |
|---|---|
| 1 | RICHARD J. POCKER #3568 |
| 2 | (rpocker@bsfllp.com) |
|   | BOIES SCHILLER & FLEXNER LLP |
| 3 | 300 South Fourth Street, Suite 800, Las Vegas, NV 89101 |
| 4 | Telephone: (702) 382 7300; Fax: (702) 382 2755 |
| 5 | DONALD J. CAMPBELL #1216 |
|   | (djc@campbellandwilliams.com) |
| 6 | J. COLBY WILLIAMS #5549 |
| 7 | (jcw@campbellandwilliams.com) |
|   | CAMPBELL & WILLIAMS |
| 8 | 700 South 7th Street, Las Vegas, NV 89101 |
|   | Telephone: (702) 382-5222; Fax: (702) 382-0540 |

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

7

**ZUFFA'S OPP'N TO PLS'**    2:15-cv-01045-RFB-PAL
**MOT. FOR EXTENSION**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Opposition to Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule (ECF No. 363) was served on April 4, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/* Ross McSweeney
**Ross McSweeney** an Employee of Boies Schiller Flexner LLP