WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-PAL<br><br>**DECLARATION OF ROSS P. MCSWEENEY IN SUPPORT OF ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE (ECF NO. 363)** |

1  **DECLARATION OF ROSS P. MCSWEENEY**

2  I, Ross P. McSweeney, declare as follows:

3  1.  I am over 21 years old and have personal knowledge of the information in this declaration. I am a member in good standing of the bar of the State of Illinois and am admitted *pro hac vice* to practice before this Court. I am an associate in the law firm Boies Schiller Flexner LLP, counsel for Zuffa, LLC ("Zuffa") in the above-captioned action in the District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

4  2.  Except where otherwise stated, based on my review of the files and records in this case, I have personal knowledge of the facts set forth in this Declaration and if called to testify, could and would testify competently to those facts under oath.

5  3.  Plaintiffs served their first deposition notices on third parties on December 20, 2016.

6  4.  Exhibit A to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Kurt Otto, served on December 20, 2016.

7  5.  Exhibit B to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Tom Atencio, served on December 20, 2016.

8  6.  Exhibit C to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Ed Fishman, served on December 20, 2016.

9  7.  I am informed and believe that Plaintiffs frequently noticed third-party depositions without first consulting with either the third-party witnesses or their counsel to determine convenient times for those depositions to take place.

10  8.  I am informed and believe that, as a result of this practice, Defendant frequently discovered that a deposition would not take place on the noticed date only because Defendant contacted the third-party witnesses or their counsel to confirm the deposition scheduling.

11  9.  Exhibit D to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Jeff Aronson, served on January 9, 2017, and noticing the deposition for March 10, 2017.

12  10.  Exhibit E to this declaration is a true and correct copy of an email dated March 8,

1

MCSWEENEY DECL ISO ZUFFA'S                   2:15-cv-01045-RFB-PAL
OPP'N TO PLS' MOT. FOR EXTENSION

1  2017, from Zuffa's counsel to counsel for Jeff Aronson regarding a deposition that was to take
2  place on March 10, 2017, as originally noticed by Plaintiffs. As Exhibit E demonstrates, counsel
3  for Jeff Aronson confirmed that the deposition would not proceed as originally noticed. Zuffa's
4  counsel indicated that it would relay the request to reschedule to Plaintiffs' counsel, who had not
5  confirmed the noticed deposition date.

6  11.  Exhibit F to this declaration is a true and correct copy of Plaintiffs' Notice of
7  Deposition of Shannon Knapp, served on February 23, 2017, and noticing the deposition for
8  March 17, 2017.

9  12.  On March 14, 2017, Zuffa's in-house counsel contacted counsel for third party
10 Shannon Knapp to confirm whether the deposition noticed by Plaintiffs for March 17, 2017,
11 would proceed.

12 13.  As a result of this communication from Zuffa's in-house counsel, Defendant
13 learned that Plaintiffs' counsel had not confirmed the noticed deposition date with counsel for
14 Shannon Knapp, and that the deposition would not proceed as noticed.

15 14.  Exhibit G to this declaration is a true and correct copy of an email dated March 14,
16 2017, between in-house counsel for Zuffa and Zuffa's external counsel discussing their efforts to
17 determine whether Plaintiffs' deposition of Shannon Knapp would proceed on March 17, 2017, as
18 noticed by Plaintiffs.

19 15.  Only as a result of these efforts by Zuffa's in-house and external counsel, counsel
20 for Shannon Knapp learned that Plaintiffs had noticed a deposition of Shannon Knapp for
21 March 17, 2017.

22 16.  Exhibit G to this declaration is a true and correct copy of an email dated March 14,
23 2017, between Zuffa's counsel and counsel for Shannon Knapp discussing counsel for Shannon
24 Knapp's communications with Plaintiffs' counsel alerting them to the fact that the deposition of
25 Shannon Knapp would not proceed on March 17, 2017, as originally noticed by Plaintiffs.

26
27
28

1 | I declare under penalty of perjury that the foregoing statements are true and correct.
2 | Executed this 4th day of April, 2017 in Washington, D.C.
3 |
4 | By: */s/ Ross P. McSweeney*
5 | Ross P. McSweeney

3

**MCSWEENEY DECL ISO ZUFFA'S**     2:15-cv-01045-RFB-PAL
**OPP'N TO PLS' MOT. FOR EXTENSION**