# EXHIBIT A

## Notice of Deposition of Kurt Otto

1  Robert C. Maysey, (State Bar No. 205769)
   Jerome K. Elwell (pro hac vice)
2  WARNER ANGLE HALLAM JACKSON
     & FORMANEK PLC
3  2555 E. Camelback Road, Suite 800
   Phoenix, Arizona  85016
4  Telephone:     (602) 264-7101
   Facsimile:     (602) 234-0419
5  Email:         rmaysey@warnerangle.com
                  jelwell@warnerangle.com
6

7  *Attorneys for Plaintiffs Cung Le, Nathan Quarry, and Jon*
   *Fitch*
8

9
                    UNITED STATES DISTRICT COURT
10
                        DISTRICT OF NEVADA
11

12  Cung Le, Nathan Quarry, Jon Fitch, on behalf        Lead Case No.: 2:15-cv-01045-RFB-
    of themselves and all others similarly situated,    (PAL)
                                                        Member Case Nos.:
13                                                                2:15-cv-01046-RFB-(PAL)
                          Plaintiffs,                             2:15-cv-01055-RFB-(PAL)
14          v.                                                    2:15-cv-01056-RFB-(PAL)
                                                                  2:15-cv-01057-RFB-(PAL)
15  Zuffa, LLC, d/b/a Ultimate Fighting
    Championship and UFC,
16
17                        Defendant.
18

19              **NOTICE OF DEPOSITION OF KURT OTTO**
20      **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)**

21          PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules of Civil

22  Procedure, Plaintiffs, by their attorneys, will take the deposition(s) upon oral examination of

23  third party Kurt Otto, commencing on February 6, 2017, beginning at 9:00 a.m., and continuing

24  from day to day thereafter until completed, at Cohen Milstein, 88 Pine Street, 14th floor, New

25  York, New York, 10005. The deposition will be taken before a notary public or other officer duly

26  authorized to administer oaths and take testimony and will be recorded by stenographic and/or

27

28

videographic means. The deposition will be taken for the purposes of discovery, use at trial, and

for such other purposes as are permitted under applicable rules.

DATED: December 20, 2016

/s/ Robert C. Maysey
Robert C. Maysey
Jerome K. Elwell
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown
Richard A. Koffman
1100 New York Ave., N.W., Ste. 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri
Joshua P. Davis
Matthew Weiler
Andrew M. Purdy
Kevin E. Rayhill
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com

jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
apurdy@saverilawfirm.com
krayhill@saverilawfirm.com

WOLF RIFKIN SHAPIRO SCHULMAN &
RABKIN, LLP
Don Springmeyer
Nevada State Bar No. 1021
Bradley Schrager
Nevada State Bar No. 10217
Daniel Bravo
Nevada State Bar No. 13078
3556 East Russell Road, Second Floor
Las Vegas, NV 89120
Telephone: (702) 341-5200
Fax: (702) 341-5300

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Rachel E/ Kopp
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300/Fax: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com
rkopp@srkw-law.com

*Attorneys for Individual and Representative
Plaintiffs Cung Le, Nathan Quarry, Jon Fitch,
Luis Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

1

2

## CERTIFICATE OF SERVICE

3    The undersigned hereby certifies that the foregoing NOTICE OF DEPOSITION OF

4    KURT OTTO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30 was served on

5
     December 20, 2017 via electronic mail to all parties on the e-service list.
6

7

8    /s/Robert C. Maysey

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### District of Nevada

| | |
|---|---|
| Cung Le, Nathan Quarry and Jon Fitch, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC | ) |
| *Defendant* | ) |

Civil Action No.   2:15-cv-01045-RFB-PAL

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                 Kurt Otto

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Cohen Milstein, 88 Pine Street 14th Floor, New York NY 10005 | Date and Time:  02/06/2017 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

           *CLERK OF COURT*

                                                          OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 Cung Le, Nathan Quarry and Jon Fitch, et al.                                    , who issues or requests this subpoena, are:

James Valletta, Warner Angle Hallam Jackson & Formanek PLC, 2555 E. Camelback Road, Suite 800, Phoenix, Arizona 85016; jvalletta@warnerangle.com; (602) 264-7101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:15-cv-01045-RFB-PAL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

6

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
**ATTORNEYS AT LAW**
2555 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, AZ 85016

MERIDIAN BANK
2700 NORTH CENTRAL AVENUE, SUITE 110
PHOENIX, AZ 85004

91-499/1221

035586

PAY TO THE ORDER OF **Kurt Otto**

**Fifty-Six & 05/100 Dollars** -------------------------------------------

12/20/2016

$ 56.05

DOLLARS

**Kurt Otto**
**Environetics**
**180 Sylvan Avenue**
**Englewood Cliffs, NJ 07632**

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
COST ACCOUNT

AUTHORIZED SIGNATURE

MEMO   16646-00000/RCM/JKE/TLB/lk

8

⑈035586⑈ ⑆122104994⑆ 210001265 3⑈

ENDORSE HERE

X

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
*RESERVED FOR FINANCIAL INSTITUTION USE*

🔒 The security features listed below, exceed industry guidelines

**Security Features:**

Heat Sensitive Icon

True Watermark

Laser Grip

Chemical Protection

Visible Fibers

Invisible Fibers

Warning Band

Microprint

Diagonal Dimensional Backers

**Description of Features:**

- Responds to warmth. Hold between thumb & forefinger or breathe on it. The image will fade & reappear

- Paper with unique security images embedded into the paper which can only be viewed by translucent pass through light"

- Paper is treated with a Toner Adhesion Coating. If attempts are made to alter the document text appears broken.

- When chemically altered, the area treated will appear as a brown stain or spot.

- Visible blue & red fibers randomly embedded into the paper on both sides makes duplication difficult.

- Fluorescent fibers which only show up under a UV blacklight.

- Alerts handler the document contains security features.

- Endorse lines appear as dotted lines when copied.

- Different spacing of diagonal lines use as an anti-cut and paste device.

® Padlock design is a certification mark of Check Payment Systems Association

9