Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE** |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

I.     **INTRODUCTION**

Zuffa's Opposition to Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule ("Zuffa's Opposition" or "Def. Br.") ultimately fails to rebut Plaintiffs' showing of "good cause" in their Motion for a modest extension of the fact discovery period in this important and long-running case. As Plaintiffs' opening brief makes clear, Plaintiffs have performed a massive amount of work on this case, obtaining and reviewing millions of pages of documents from Zuffa and dozens of third parties, taking and defending multiple depositions, and producing tens of thousands of pages of documents. Despite these efforts, in part because of delays Zuffa has itself caused and acknowledged, and in part due to issues beyond the parties' control, crucial discovery is currently ongoing and remains to be taken. Zuffa's Opposition ignores most of Plaintiffs' arguments and nearly all discovery completed to date and instead quibbles with the timing of certain deposition notices. This effort fails. Plaintiffs could not proceed with depositions until they had documents in hand (or risk losing the opportunity to question key witnesses about significant documents), and it was Zuffa who interposed the delay in Plaintiffs' getting access to the documents. In light of Zuffa's failure to rebut Plaintiffs' substantial efforts to date, the crucial discovery that has reached a critical stage but still remains to be completed, and Zuffa's own role in causing discovery delays—each of these reasons sufficient independently to carry the motion—Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a modest 60-day extension of the fact discovery period.

II.    **ARGUMENT**

   A. **Zuffa's Opposition Ignores the Work Performed by Plaintiffs to Date**

The law in this District is clear: "'good cause' primarily turns on whether the movant has established diligence." *My Home Now, LLC v. JPMorgan Chase Bank, N.A.*, No. 2:16-v-727, 2016 WL 6433960 (D. Nev. Oct. 28, 2016). Under Local Rule 26-4, in evaluating a request for an extension, the Court considers (1) discovery completed to date, (2) discovery that remains to be completed, (3) the reasons why the deadline is not satisfied, and (4) the proposed schedule. The reason for this four-part inquiry is that the parts are interrelated and cannot be examined

1

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

individually.

To try to rebut Plaintiffs' showing of good cause, Zuffa's Opposition argues mainly that Plaintiffs began serving certain deposition notices in December 2016. Zuffa suggests that timing was the result of Plaintiffs' "inaction" that demonstrates a lack of diligence,[1] but such a facile argument ignores the true reason for that delay: Plaintiffs cannot begin taking depositions until they have the documents with which to identify and examine the witnesses. And it was Zuffa's delays in getting Plaintiffs the documents that prevented depositions from commencing sooner.

Indeed, Plaintiffs worked diligently to obtain, review, and organize the necessary documents from Zuffa and third parties so that depositions could begin. As Plaintiffs' opening brief explains, prior to December 2016, Plaintiffs engaged in myriad discovery efforts including, without limitation, serving and following up on dozens of third-party document subpoenas, negotiating Zuffa's discovery responses (including by forcing Zuffa to search for and find the archive of 1.8 million documents collected for production to the FTC which Zuffa would not have found but for Plaintiffs' diligence and persistence), reviewing Zuffa's belated document productions, and preparing for and taking deposition testimony from Zuffa's Rule 30(b)(6) designees.[2] Plaintiffs needed to complete these tasks prior to moving forward with other

---

[1] Zuffa further relies on misstatements concerning the status of depositions of Moody's, Deutsche Bank, William Morris Endeavor Entertainment ("WME"), and Zuffa's designees for certain topics. Zuffa argues that Plaintiffs have not yet noticed those depositions. But as Zuffa is aware (or should be): (1) Plaintiffs did notice the Moody's deposition but took the deposition off of the calendar during the meet and confer process and that deposition subpoena was reissued today; (2) Plaintiffs have postponed service of the deposition subpoena of Deutsche Bank, at Deutsche Bank's request, while the parties finalize Deutsche Bank's document production and negotiate topics for the deposition; (3) Plaintiffs are meeting and conferring with WME over its document production and the scope of the deposition in advance of service; and (4) Plaintiffs noticed Zuffa's corporate designees but have suspended their depositions awaiting the Court's decision on a pending motion affecting certain of the topics. Defendant's willful avoidance of those facts (which were set forth in Plaintiffs' opening brief or available to Defendant given that WME owns it) is curious in light of Defendant's unfounded condemnation of Plaintiffs for not meeting and conferring with third parties over depositions. *See* Def. Br. at 5.

[2] Prior to the 30(b)(6) deposition of Zuffa on its fighter contracts, for example, Plaintiffs collected and analyzed tens of thousands of produced fighter contracts to isolate and determine the prevalence of specific contractual terms and language in executed Promotional and Ancillary Rights Agreements, devoting thousands of hours to this analysis. This work was required before

2

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

depositions.

Courts routinely acknowledge that awaiting certain discovery before proceeding with other related discovery does not mean that the party requesting an extension is not diligent. For example, in *Sneed v. Lira*, No. 09-cv-2853, 2011 WL 1496731, at *1 (S.D. Cal. Jan. 19, 2011), the court found that a plaintiff who awaited subpoenas which related to the subject matter of interrogatories before issuing the interrogatories was nevertheless diligent.

Plaintiffs' ability to move forward in this case was impeded because the vast majority of Zuffa's document production—and in particular, the majority of documents from the key time period prior to 2013—were produced *13 months or more* after Plaintiffs served their first set of Requests for Production of Documents ("RFPs"). Zuffa's argument that Plaintiffs' waited until the "eleventh hour" to notice these depositions is nonsensical. Plaintiffs noticed depositions when their review of Zuffa's delayed production enabled them to do so. Defendant cites no authority for the proposition that noticing depositions three months after Defendant certified substantial completion of the production of millions of pages of documents, and four months before the discovery deadline, qualifies as the "eleventh hour" or otherwise evidences a lack of diligence.

Similarly, delays in third-party document productions and other complications in serving or obtaining compliance with third-party subpoenas have forced Plaintiffs to postpone noticing and taking the depositions of certain third parties. In this case, as in most cases, production of relevant documents is a prerequisite to a productive deposition. Zuffa's exclusive focus on the dates of the deposition notices, while ignoring the substantial effort Plaintiffs have expended in obtaining the documents required to take the deposition (and which caused any delays in noticing the depositions), is fatal to its position.

**B. Zuffa's Opposition Ignores Zuffa's Dilatory Conduct**

In arguing that Plaintiffs' "inaction" is the cause of any delays in this litigation, Zuffa ignores—and thus does not rebut—its own dilatory conduct. As set forth in the opening brief,

---

Plaintiffs could take the deposition on fighter contracts, just as the analysis of other productions was required before Plaintiffs could take the deposition of third parties and particular Zuffa employees on other topics.

3

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Zuffa caused delays in several ways.

For example, as explained in our opening brief, "Zuffa is a primary reason that Plaintiffs have been unable to obtain compliance with Plaintiffs' subpoena [to Bellator]." Pls. Br. at 9. Zuffa moved to transfer the discovery dispute which was scheduled to be heard by a federal court in Los Angeles on March 29, 2017. As of April 6, the matter has been transferred to this District, but assigned to Magistrate Judge Foley, pending Zuffa's motion to relate the case to Magistrate Judge Leen. *See* Notice of Related Cases, ECF No. 369 (seeking to relate *Le v. Zuffa, LLC*, No. 2:17-cv-849 and *Le v. Zuffa, LLC*, No. 2:17-ms-23). Zuffa does not rebut or deny these facts, nor can it. Zuffa should not be permitted to obstruct Plaintiffs' negotiations with a third party and then object to Plaintiffs' need to extend discovery to accommodate the fallout from Zuffa's interference.

Zuffa's sole argument with respect to its role in causing discovery delays appears to be that the Court previously considered Zuffa's dilatory document production in setting the current deadline. It is true that the Court previously found good cause to extend the deadlines by only 30 days back in September 2016 because, at that time, it was not clear that a 90-day extension was appropriate or necessary. However, Plaintiffs have been diligent since that time and have still not been able to complete crucial discovery due to the initial 90-day delay in Defendant's document production, as well as subsequent delays by Zuffa and third parties that were beyond the control of the Plaintiffs.

Zuffa's Opposition did not rebut Plaintiffs' contention that Zuffa's production delay had a lasting effect that impaired Plaintiffs' ability to complete discovery. Indeed, since the Court's decision, Plaintiffs diligently reviewed and analyzed Zuffa's delayed productions of millions of pages, and endeavored to schedule and take the depositions of Zuffa employees and third parties. Nevertheless, Zuffa's dilatory production remains a significant cause of Plaintiffs' inability to complete all discovery by the current deadlines.

C. **Zuffa's Opposition Ignores Changed Circumstances Caused by the Sale of Zuffa**

Zuffa does not address at all the fact that Zuffa's sale to WME, which closed in August

4

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

2016—*i.e.*, in the middle of the fact discovery period—expanded the scope of discovery, independently warranting an extension of the discovery deadline. Indeed, Zuffa argues that Plaintiffs' second set of RFPs—which were targeted at the acquisition—excuses Zuffa's belated (and still awaited) production of a privilege log. Yet Zuffa does not address or rebut Plaintiffs' argument that the expanded scope of discovery resulting from the sale of Zuffa is a reason that the current discovery deadline cannot be met. That failure alone is sufficient grounds to provide Plaintiffs 60 days to complete discovery on an important issue that arose after the initial discovery deadlines were set.

### D. Zuffa's Assertions Concerning Its Privilege Log Warrant Extending the Deadlines

Plaintiffs argued that because Zuffa's privilege log has not yet been produced, "Plaintiffs' ability to challenge designations and use improperly designated documents at deposition" is impaired. Pls. Br. at 15. In response, Zuffa says only that if it produces its log on April 7, 2017, Plaintiffs will have "ample time to scrutinize Zuffa's log." Def. Br. at 3. But Zuffa admits that its privilege log will contain more than 30,000 entries and even if 23 days were sufficient to scrutinize 30,000 privilege entries, it is not sufficient to challenge and utilize improperly designated documents in discovery. Zuffa thus never rebuts Plaintiffs' principal assertion that Plaintiffs lack sufficient time to challenge and use improperly designated documents in discovery.[3] The issue before the Court on Plaintiffs' motion is whether Plaintiffs have been diligent but nevertheless unable to complete discovery by the deadline allotted. Plaintiffs demonstrated in their opening brief that along with other dilatory conduct by Zuffa and third parties, the absence of Defendant's privilege log makes it impossible, despite Plaintiffs' diligence, to complete discovery by the deadline. Defendant failed to offer any rebuttal.

---

[3] Instead of rebutting that point, Zuffa proffers several excuses for why its privilege log has not yet been produced. Zuffa argues that because Plaintiffs served a second set of RFPs in August 2016, after the WME acquisition, that Zuffa was not bound by the substantial completion deadline of September 1, 2016. Zuffa further argues that because Plaintiffs served a second set of RFPs in August 2016, Zuffa has not been dilatory in producing its privilege log. Neither argument has any relevance to the motion at hand. Regardless of why the privilege log has not been produced, Plaintiffs cannot complete discovery without it.

5
**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

### E. Zuffa's Argument That A Prior Extension Has Been Granted Lacks Merit.

Zuffa argues that the Court has once extended the discovery deadline, and Plaintiffs' motion should be denied because Plaintiffs cite many of the same reasons in seeking to extend the discovery deadline as they did in September 2016. Def. Br. at 1. Zuffa misconstrues Plaintiffs' Motion. Far from recycling prior arguments concerning Zuffa's delinquent productions—which had consequences beyond September 2016—Plaintiffs have catalogued their discovery efforts to date. These efforts amply provide the "strong showing" required by the Court. *See* Sept. 27, 2016 Hearing Tr. 11:9-12. Indeed, the Court previously recognized the effect that Defendants' belated production of documents had: "I'm going to extend the deadline by 30 days without prejudice and for good cause shown for requests for a further adjustment of the deadlines because you do have a substantial amount of time left to complete things within the existing deadlines. And I do appreciate that you've had lots of things to produce and you still have lots of things to review, but you still also have a substantial amount of time." *Id.* at 11:1-7. Plaintiffs acted with diligence, as Plaintiffs managed to complete Rule 30(b)(6) depositions covering core topics such as fighter contracts, sponsorships, venues, and acquisitions within just over two months of the case management conference. Plaintiffs also devoted several thousand hours to reviewing Zuffa's belated productions since September 2016 and have taken numerous depositions based on those documents and are preparing for many more prior to the existing deadline.

### F. Zuffa Suffers No Prejudice If Plaintiffs' Motion Is Granted

In its opposition, Zuffa never articulated any prejudice that would be caused by the modest requested 60-day extension. Defendant argues only that "Plaintiffs have long been aware of the number of depositions they hoped to take, as well as the amount of time that the Court has allotted for those depositions to be taken" and that the "Court should not rescue them for their own scheduling decisions." Def. Br. at 6. However, as Defendant surely knows, Defendant was 90-days delinquent in producing documents because it failed to identify the scope of documents in its possession, custody or control until Plaintiffs forced it to do so. When Plaintiffs made their "own scheduling decisions," they did so based on Defendant's agreement to abide by the

6

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

production schedule. Defendant failed to do so and now asks the Court to allow it to profit from its own dilatory conduct. Plaintiffs were thus prejudiced by *Defendant's* lack of diligence. Plaintiffs' motion respectfully requests that the Court provide Plaintiffs with the same extension that it previously provided Defendant: 60 additional days, for a total extension of 90 days from the original schedule (corresponding to the 90 days by which Zuffa delayed the production of its documents, on which the remainder of discovery largely depended).

### G. Recent Developments Favor Extending the Discovery Deadline.

Since Plaintiffs filed their motion, several developments warrant an extension of the discovery deadline. First, it is becoming increasingly likely Plaintiffs will have to file a motion to compel the attendance of personnel from AXS TV ("AXS") at a deposition. AXS has not committed to any date for depositions, and has not yet started to produce documents in response to a subpoena Plaintiffs served over a year ago. Following over a year of negotiations, AXS has only just provided its data to a vendor, and Plaintiffs will not be able to review documents for another one or two weeks. Second, former Strikeforce CEO and current Bellator CEO Scott Coker has informed Plaintiffs that due to a scheduling conflict his deposition can only take place in May. Third, Plaintiffs and Deutsche Bank have reached an agreement which will result in the production of several thousand additional documents in the coming days. Plaintiffs will need to review these documents and negotiate topics for a Rule 30(b)(6) deposition of Deutsche Bank's designee and the extension would provide an opportunity for that to happen. Fourth, Plaintiffs received a production of documents from Moody's on March 24, 2017. Plaintiffs have reviewed those documents and issued a revised deposition subpoena today. In the event that Moody's moves to quash the subpoena, which it has threatened to do, the requested extension provides additional time for such a motion to be resolved.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted.

7
**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Dated: April 6, 2017

Respectfully Submitted,

By: /s/Patrick F. Madden
　　　Patrick F. Madden

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone:　 (415) 500-6800
Facsimile:　 (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:　 (202) 408 4699
bbrown@cohenmilstein.com

*Co-Lead Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

8
**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Eugene A. Spector (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN KODROFF & WILLIS,
P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
bcaldes@srkw-law.com

9

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF
DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

Frederick S. Schwartz
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Reply in Support of Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule** was served on April 6, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                           */s/Patrick F. Madden*

                                           Patrick F. Madden

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND CASE MANAGEMENT SCHEDULE**