Joseph R. Saveri (State Bar No. 130064)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1200
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, and Jon Fitch, Bradon Vera, Luis
Javier Vazquez, and Kyle Kingsbury*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Bradon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' EMERGENCY MOTION TO RESCHEDULE DEPOSITIONS** |

## I. INTRODUCTION

Plaintiffs file this emergency motion to continue the depositions of Kirk Hendrick and Lawrence Epstein, two long time former and current executives at Zuffa, LLC ("Zuffa"). As demonstrated below, Plaintiffs would be prejudiced if the depositions proceeded on the only days that Zuffa will agree to make Mr. Hendrick and Mr. Epstein available, standing on its position that the current fact discovery period—which is the subject of a separate pending motion—is set to close on April 30, 2017. Among other reasons the failure to continue the depositions would be prejudicial: Zuffa provided only two business days' notice for the availability of Mr. Hendrick, there are now as many as ten depositions in this case currently set to occur next week, and there are open discovery issues related to both Mr. Hendrick and Mr. Epstein, including those which are the subject to a pending motion to challenge Zuffa's privilege designation over the Mercer documents. *See* Dkt. No. 282.

## II. BACKGROUND

On April 7, Plaintiffs served deposition notices for Kirk Hendrick and Lawrence Epstein. Declaration of Matthew S. Weiler ("Weiler Decl."), ¶ 3. Out of an abundance of caution, Plaintiffs noticed these depositions for the last week of fact discovery in order to have the depositions noticed prior to the scheduled close of fact discovery. All depositions of Zuffa witnesses—and Plaintiffs—in this litigation have proceeded on the basis of mutual agreement. *Id*. Plaintiffs have accommodated Zuffa's requests to change noticed deposition dates for witnesses, and have rescheduled dates for certain of Plaintiffs to accommodate Zuffa's requests. *Id*.

At a deposition in this case taking place on April 19, counsel for Plaintiffs inquired about scheduling Mr. Hendrick and Mr. Epstein's depositions, asking Zuffa for dates in May when they would be available. Weiler Decl., ¶ 4. For the first time, Zuffa informed Plaintiffs that they planned to produce these witnesses in the last week of April, giving Plaintiffs two business days to prepare for Mr. Hendrick's deposition. *Id*.

It has long been understood that the depositions of Mr. Epstein and Mr. Hendrick would occur at the end of fact discovery, and after resolution of the dispute concerning a fighter compensation study Zuffa commissioned Mercer to perform, and over which Zuffa has claimed work product protection. Weiler Decl. ¶ 5. In October 2016, Zuffa proposed that the depositions of Mr. Epstein and Mr.

Hendrick occur following the Rule 30(b)(6) deposition on fighter compensation, which has yet to occur due to the open issues concerning Zuffa's assertion of work product over the Mercer documents:

> Notwithstanding our disagreement with your position, in an attempt to resolve this dispute, we propose that the 30(b)(6) deposition be rescheduled in its entirety to occur no later than 45 days after Plaintiffs receive the documents they have asserted are necessary to proceed with the Fighter Compensation and Valuation topics and that the individual depositions of Mr. Epstein and Mr. Hendrick be noticed for the days immediately preceding or following the rescheduled 30(b)(6) deposition.

Weiler Decl., Ex. 1. Plaintiffs did not accept Zuffa's offer to move all 30(b)(6) depositions until after the Mercer dispute was resolved, but after follow up discussions the parties proceeded under the assumption that Mr. Hendrick and Mr. Epstein's depositions would occur after discovery disputes had been resolved.

The depositions currently scheduled for the last week of April and first week of May are as follows:

| Deponent | Date of Scheduled Deposition |
| --- | --- |
| Kirk Hendrick | 4/24/2017 |
| Kathryn Duva | 4/24/2017 |
| Jeff Aronson | 4/25/2017 |
| Gary Ibarra | 4/26/2017 |
| Peter Dropick | 4/26/2017 |
| Lou DiBella | 4/26/2017 |
| John Hertig | 4/27/2017 |
| Leon Margules | 4/27/2017 |
| Ike Lawrence Epstein | 4/28/2017 |
| Deutsche Bank | 4/28/2017 |
| The Raine Group, LLC | 4/30/2017 |
| Nakisa Bidarian | 5/2/2017 |
| Andrew Simon | 5/8, 5/9, or 5/10/2017 |

| Moody's | 5/10/2017 |
|---|---|
| Dana White | Early May |
| Michael Mersch | Early May |

Plaintiffs' counsel met and conferred with counsel for Zuffa, outlining the ways in which Plaintiffs were prejudiced, but Zuffa would not agree to reschedule the depositions. Weiler Decl. ¶ 8. Plaintiffs' counsel informed Zuffa they would seek this emergency motion. *Id*.

### III.   ARGUMENT

Plaintiffs would be unduly prejudiced by taking Mr. Hendrick and Mr. Epstein's deposition on short notice, and without the benefit of any court ruling on Plaintiffs' motion to challenge privilege with respect to the Mercer documents, and problems with Zuffa's privilege log.

First, Plaintiffs would be prejudiced absent rescheduling because there is insufficient time to prepare for the depositions. Plaintiffs served notice of Mr. Epstein and Mr. Hendrick's depositions on April 7, but Zuffa did not inform Plaintiffs regarding the availability of either deponent until April 19. Two business days' notice is simply insufficient time to prepare for Mr. Hendrick's deposition. Zuffa has recognized that its assertions of work product would delay Plaintiffs' preparation for the declarations of both Mr. Hendrick and Mr. Epstein, which is why Zuffa proposed to Plaintiffs (and the parties had understood) that their depositions would occur at the end of discovery when issues concerning Zuffa's assertion of work product and privileged were resolved. See Weiler Decl. 1.

Second, Mr. Hendrick, an attorney, was heavily involved in the challenge to the Mercer documents. *See* Dkt. No. 282 at 3, 5, 10. Mr. Hendrick worked with Zuffa's outside counsel to engage Mercer, and has knowledge of the fighter compensation study. *Id*. Mr. Esptein also has knowledge of the Mercer study, as evidenced by other documents Zuffa has produced to Plaintiffs. See Weiler Decl. Ex. 2 at 4. Zuffa's refusal to await the result of the Court's ruling on the challenge to the Mercer documents is hypocritical and unfair. Zuffa demanded, and Plaintiffs agreed, that the deposition of Scott Coker would await the result of the District of Nevada's ruling on Bellator's motion to quash. Weiler Decl., ¶ 6.

Third, both Mr. Hendrick and Mr. Epstein are attorneys, and Plaintiffs have significant concerns about Zuffa's privilege log. *See* Weiler Decl., Ex. 2. The issues related to the privilege log include that no

documents concerning the Mercer project are identified, and that therefore and privilege is waived with respect to these documents. *Id.* As was the case with its document productions, Zuffa produced its privilege log late, providing Plaintiffs with a privilege log with over 30,000 entries on April 7, 2017. Weiler Decl. ¶ 7. Zuffa has repeatedly over-designated documents as protected by the attorney-client privilege, which Plaintiffs have discovered because some of these documents have been inadvertently produced and subject to successful challenges by Plaintiffs. See Dkt. Nos. 270, 359.

## IV.   CONCLUSION

Given the exigency of the matter, and the importance of these depositions, Plaintiffs request a conference call with the Court at the Court's earliest convenience. Alternatively, Plaintiffs request that the Court order the Epstein and Hendrick depositions to occur 30 days after the Court has ruled on the issues related to the Mercer documents (if Plaintiffs' motion to challenge work product is granted); and a week after (if Plaintiffs' motion is denied).

**Respectfully Submitted,**
**JOSEPH SAVERI LAW FIRM, INC.**

By:   */s/Matthew S. Weiler*
   **Matthew S. Weiler**

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Dan Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*