Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, and Jon Fitch, Bradon Vera, Luis
Javier Vazquez, and Kyle Kingsbury*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Bradon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>      **Plaintiffs,**<br><br>  v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>      **Defendant.** | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF MATTHEW S. WEILER IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION** |

I, Mathew S. Weiler, declare and state as follows:

1. I am an attorney at the Joseph Saveri Law Firm, Inc., Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs. I am a member in good standing of the State Bar of California, and have been admitted *pro hac vice* in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. I make this declaration in support of Plaintiffs' emergency motion to reschuled the depositions of Lawrence Epstein and and Kirk Hendrick.

3. On April 7, Plaintiffs served deposition notices for Kirk Hendrick and Lawrence Epstein. Out of an abundance of caution, Plaintiffs noticed these depositions for the last week of fact discovery in order to have the depositions noticed prior to the scheduled close of fact discovery. All depositions of Zuffa witnesses—and Plaintiffs—in this litigation have proceeded on the basis of mutual agreement. *Id*. Plaintiffs have accommodated Zuffa's requests to change noticed deposition dates for witnesses, and have rescheduled dates for certain of Plaintiffs to accommodate Zuffa's requests. In particular, Plaintiffs accommodated Zuffa's request to produe documents for Plaintiff Quarry and make him available for deposition on September 30, 2016.

4. At a deposition on April 19, counsel for Plaintiffs inquired about scheduling Mr. Hendrick and Mr. Epstein's depositions, asking Zuffa for dates in May when they would be available. For the first time, Zuffa informed Plaintiffs that they planned to go forward with the depositions in April, giving Plaintiffs two business days to prepare for Mr. Hendrick's deposition. Prior to April 19, Zuffa had not confirmed with Plaintiffs that these witnesses were available.

5. It has long been understood that the depositions of Mr. Epstein and Mr. Hendrick would occur at the end of fact discovery, and after the resolultion of the dispute concerning a fighter compensation study Zuffa commissioned Mercer to perform, and over which Zuffa has claimed work product protection. In October 2016, Zuffa proposed that the depositions of Mr. Epstein and Mr. Hendrick occur following the Rule 30(b)(6) deposition on fighter compensation, which has yet to occur due to the open issues concerning Zuffa's assertion of work product over the Mercer documents. A true and correct copy of this correspondence is attached hereto as Exhibit 1. Although Plaintiffs did not

accept this offer, which proposed all 30(b)(6) depositions be deferred, Plaintiffs understood that the depositions of Mr. Hendrick and Mr. Esptein would occur later when the Mercer project issues were resolved. Plaintiffs noticed the depositions of Mr. Hendrick and Mr. Epstein in April because, given the impending deadline for close of discovery, Plaintiffs had no other choice.

6. On April 20, 2017 Zuffa requested that the deposition of Scott Coker, CEO of Bellator, be scheduled after the motion to quash filed by Bellator is resolved. Plaintiffs agreed with Zuffa's request.

7. On April 7, 2017 Zuffa served Plaintiffs with a privilege log consisting of over 30,000 separate entries. As explained in Exhibit 2, a true and correct copy of correspondence from Plaintiffs to Zuffa dated April 20, 2017, Zuffa's privilege log is deficient on multiple levels. Plaintiffs have redacted from this letter materials that excerpt from documents Zuffa has designated as "confidential" under the protective order.

8. I met and conferred with Stacey Grigsby, counsel for Zuffa, at a deposition I was taking in Las Vegas on April 19, 2017 concerning scheduling the depositions of Mr. Esptein and Mr. Hendrick. I met and conferred with Ms. Grigsby further over email on April 20, 2017, and by telephone late in the evening of April 20 in an effort to reach a resolution concerning the prejudice that the current deposition schedule caused Plaintiffs. Ms. Grigsby told me that Zuffa would be prejudiced by any change to the deposition schedule because its counsel had made travel plans and Mr. Hendrick and Mr. Esptein were available. Ms. Grigsby and I could not reach a resolution.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and this Declaration is executed in San Francisco, California on April 21, 2017.

By:     */s/Matthew S. Weiler*
         Matthew S. Weiler