# BOIES, SCHILLER & FLEXNER LLP

5301 WISCONSIN AVENUE, N.W. • WASHINGTON, D.C. 20015-2015 • PH. 202.237.2727 • FAX 202.237.6131

October 24, 2016

**Via Electronic Mail**
Patrick Madden
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
pmadden@bm.net

Re: Deposition Schedule in *Le, et al. v. Zuffa, LLC*; Case No. 2:15-cv-01045-RFB-(PAL)

Dear Mr. Madden:

This letter follows up on our October 17, 2016 meet and confer call concerning Plaintiffs' 30(b)(6) Deposition, which is currently scheduled to begin on November 29, 2016. During the meet-and-confer conference, Plaintiffs made clear that they will not agree to take the individual depositions of Zuffa executives and 30(b)(6) designees Lawrence Epstein and Kirk Hendrick either immediately before or after the scheduled 30(b)(6) deposition. Although you implied that deposing Mr. Epstein and Mr. Hendrick at some later date would impose no additional burden, we disagree. As we have repeatedly emphasized to you, this type of staggered scheduling imposes a significant burden and a severe hardship on them.

Precedent recognizes that sitting for one (or multiple) depositions represents a hardship for high-level "apex" executives like Mr. Epstein and Mr. Hendrick in light of their obligations to the company. *See, e.g.*, *Naylor Farms, Inc. v. Anadarko OGC Co.*, Civil Action No. 11–cv–01528–REB–KLM, 2011 WL 2535067, at *1 (D. Colo. June 27, 2011); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) ("Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment." ); *Folwell v. Hernandez*, 210 F.R.D. 169, 174 (M.D.N.C. 2002) ("Even when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive.").

Mr. Epstein and Mr. Hendrick are high-level Zuffa executives with significant day-to-day and long term responsibilities, heavy workloads, and regular domestic and international travel obligations. Forcing Mr. Epstein and Mr. Hendrick to first prepare and sit for multiple-day 30(b)(6) deposition sessions and later to prepare and sit for individual depositions requires them to set aside significantly more time for separate preparation and deposition days, than they would need if the depositions were consolidated over several seriatim sessions. Plaintiffs' plan to split up the 30(b)(6) deposition topics over a period of weeks or months would only increase this burden. Under Plaintiffs' proposal, these individuals would have to prepare and sit for

BOIES, SCHILLER & FLEXNER LLP

Patrick Madden
October 24, 2016
Page 2

depositions on as many as three separate occasions. Scheduling depositions in this way would interrupt Mr. Epstein's and Mr. Hendrick's work on behalf of Zuffa and cause Zuffa to incur additional expenses in defending their individual and corporate depositions. Furthermore, we cannot understand your resistance to accommodating these executives' schedules given the significant amount of time you have to prepare for Mr. Epstein's and Mr. Hendrick's individual depositions.

    To the extent that Plaintiffs hope to pose the same questions to Mr. Epstein and Mr. Hendrick in their individual depositions as Plaintiffs will ask in the 30(b)(6) deposition, Zuffa will oppose this gamesmanship. The 56 topics Plaintiffs have listed in the 30(b)(6) notice are so broad as to encompass Plaintiffs' entire case. To take the 30(b)(6) deposition, Plaintiffs will need to review Mr. Epstein's and Mr. Hendrick's documents and will likely ask about these documents in the 30(b)(6) deposition. It appears that Plaintiffs' only reason for refusing to take their individual depositions at the time of the 30(b)(6) deposition is Plaintiffs' desire to create inconsistencies in these witnesses' testimony. That desire alone cannot justify Plaintiffs' attempt to increase litigation costs and inconvenience Zuffa's witnesses.

    Notwithstanding our disagreement with your position, in an attempt to resolve this dispute, we propose that the 30(b)(6) deposition be rescheduled in its entirety to occur no later than 45 days after Plaintiffs receive the documents they have asserted are necessary to proceed with the Fighter Compensation and Valuation topics and that the individual depositions of Mr. Epstein and Mr. Hendrick be noticed for the days immediately preceding or following the rescheduled 30(b)(6) deposition.

    We believe this proposed compromise is in the best interests of both parties and addresses Plaintiffs' concerns while also minimizing the burden on Mr. Epstein and Mr. Hendrick.

    We hope to resolve this issue without the Court's intervention. However, if Plaintiffs continue their refusal to consider a less burdensome schedule for depositions, Zuffa may have no choice but to seek appropriate relief. Please let us know by Wednesday, October 26 whether you accept this proposal.

Regards,

Stacey K. Grigsby