WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO RESCHEDULE DEPOSITIONS (ECF NO. 377)** |

ZUFFA'S OPP'N TO PLS' EMERGENCY MOTION TO RESCHEDULE DEPOSITIONS

In Plaintiffs' Emergency Motion to Reschedule Depositions (ECF No. 377) ("Pls' Mot."), Plaintiffs are complaining that Defendants have simply confirmed that their witnesses will be available on the dates that Plaintiffs, themselves, selected and for which Plaintiffs, themselves, noticed the depositions. Plaintiffs chose to notice the depositions of Kirk Hendrick, most recently Zuffa, LLC's ("Zuffa's") former Chief Legal Officer, and Ike Lawrence Epstein, Zuffa's Chief Operating Officer, for April 24, 2017, and April 28, 2017, respectively. Acting on the assumption that Plaintiffs would be prepared to take those depositions on the dates they, themselves, selected, Zuffa and the witnesses made travel arrangements—indeed, one witness rearranged his personal vacation plans—to accommodate Plaintiffs. Plaintiffs fail to mention that they did not communicate with Zuffa concerning their alleged inability to proceed on the noticed dates until April 19, 2017, when they for the first time expressed a desire to "move" the previously noticed depositions to some unspecified dates after the end of the discovery period. Because both the witnesses and counsel have made plans and arrangements in reliance on the noticed dates that Plaintiffs selected and now want to change, this Court should deny Plaintiffs' "emergency" motion.

I.     **Factual Background**

Plaintiffs have long known that they planned to depose Mr. Hendrick and Mr. Epstein as part of their discovery strategy. In October 2016, in discussions concerning scheduling Plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition, counsel for Zuffa informed Plaintiffs that it planned to designate Mr. Hendrick and Mr. Epstein as 30(b)(6) corporate representatives on multiple topics. To the extent that Plaintiffs sought to take these witnesses' deposition in their personal capacity, Zuffa's counsel requested that Plaintiffs depose both individuals around the same time as the 30(b)(6) deposition. *See, e.g.*, ECF No. 377, Weiler Ex. 1. In response to this request, Plaintiffs stated that they were unwilling to take both witnesses' depositions at that point during the

discovery period, but they made clear that they intended to depose these two witnesses. Declaration of Nicholas A. Widnell ("Widnell Decl.") at ¶¶ 15–18 (attached as Exhibit K to the Declaration of Stacey K. Grigsby ("Grigsby Decl.")).

Consistent with their earlier representations, on April 7, 2017, Plaintiffs sent counsel for Zuffa deposition notices for Mr. Hendrick and Mr. Epstein. Grigsby Decl. ¶¶ 4–6. These notices indicated that the depositions would take place in Boies Schiller Flexner LLP's office in Las Vegas on April 24 and April 28, respectively, and Plaintiffs did not indicate either in their cover email or in the notices that the dates of the depositions were tentative. After receiving these notices, Zuffa promptly contacted both witnesses to secure their availability for the noticed dates. Grigsby Decl. ¶ 6; Declaration of Kirk Hendrick ("Hendrick Decl.") ¶¶ 4–6 (attached as Exhibit L to the Grigsby Decl.); Widnell Decl. ¶ 5.

Nearly two weeks after Plaintiffs noticed these depositions, on April 19, 2017, counsel for Plaintiffs told counsel for Zuffa that he wanted to discuss "moving" the scheduled dates for the Las Vegas depositions of Mr. Hendrick, Mr. Epstein, and John Hertig. Counsel for Zuffa explained to Plaintiffs' counsel that all these witnesses had made arrangements to proceed on the noticed dates the following week. Grigsby Decl. ¶ 7. At that time, Plaintiffs made no mention of any document dispute, but expressed their belief that these depositions were not "confirmed." *Id.*; Ex. C.

This is not the first time that Zuffa has attempted to make arrangements to attend depositions that Plaintiffs have noticed but had no plans to take. For example, Plaintiffs have noticed the depositions of Kathryn Duva, Gary Ibarra, Lou DiBella, and Leon Margueles for the week of April 24, 2017. Zuffa's counsel made arrangements to attend all these depositions and repeatedly sought to confirm with Plaintiffs' counsel that Plaintiffs would take these third party depositions as scheduled. Although Plaintiffs in their motion represent that all these depositions

will take place, by contacting Plaintiffs' counsel and the third parties' attorneys, Zuffa has confirmed that none of these depositions will go forward.  To date, Plaintiffs have noticed more than 40 depositions, taken just 13, and canceled or rescheduled most of the remaining dates.  The deadline for fact discovery is just over a week away.  Plaintiffs still have many depositions that they plan to take, yet they have tried to cancel two depositions that could be completed before the close of fact discovery.

## II.     Rescheduling These Depositions Would Be A Burden On Zuffa

Despite Plaintiffs' decision to unilaterally notice depositions of Zuffa's current and former employees, Zuffa has made every effort to make witnesses available on the dates noticed.  Where witnesses were unavailable, Zuffa immediately communicated that fact to Plaintiffs to both avoid confusion and to prevent them from incurring the costs of preparing for and traveling to a deposition that would not occur.

When Zuffa received the deposition notices for Mr. Hendrick and Mr. Epstein, as Zuffa has done with all prior depositions, Zuffa's counsel informed the witnesses and the client of these deposition dates.  On April 8, 2017, counsel for Zuffa called Mr. Hendrick, who had left the company earlier in 2017, to let him know that Plaintiffs planned to depose him on April 24.  Mr. Hendrick confirmed his availability for April 24, 2017.  Hendrick Decl. ¶¶ 4–6; Widnell Decl. ¶ 5.  Because Mr. Hendrick understood that Plaintiffs planned to take his deposition before the close of discovery, he indicated that he had waited to schedule any trips abroad until his deposition was noticed.  Hendrick Decl. ¶ 9.  After Mr. Hendrick confirmed his availability, he proceeded to schedule foreign travel and appointments for the month of May.  *Id.* ¶ 10.  Likewise, on April 10, 2017, Zuffa's counsel was able to confirm Mr. Epstein's availability for the April 28, 2017 deposition date as well.  Grigsby Decl. ¶ 6.  As a high-level "apex" Zuffa executive, with

significant day-to-day and long term responsibilities and an exceptionally heavy workload, counsel had to coordinate closely with Mr. Epstein's assistant to confirm his availability. *Id.*

Because of both the current and former positions of these witnesses in the company, Zuffa's attorneys—in-house and outside counsel—have booked travel to attend these depositions. Widnell Decl. ¶ 19. Counsel for Zuffa planned travel from California, New York, and Washington, D.C. to defend both these depositions. *Id.* ¶¶ 19–22.

### III.  Plaintiffs Have Had Adequate Time To Prepare For These Depositions

Plaintiffs assert that they will be prejudiced taking these two depositions because the "short notice," the lack of a ruling on a privilege dispute, and alleged issues with Zuffa's privilege log. Pl. Mot. at 3. None of these arguments has merit.

*First*, Plaintiffs have had months to prepare for these depositions. Fact discovery in this case has been ongoing since 2015. Zuffa's production of responsive documents to Plaintiffs' expansive First Request for Production of Documents has been substantially complete since September 1, 2016. Plaintiffs did not have two-days' notice to prepare—the notion that Plaintiffs first learned on April 19 that the depositions they, themselves, noticed for these dates twelve days earlier does not pass the straight-face test. A party that serves a deposition notice setting a date and time for a deposition, receives no objection or other indication that the deposition will not occur as noticed, and does nothing to indicate any uncertainty about whether the deposition will take place as noticed should not be heard to complain when the other party assumes that the deposition will take place as noticed and acts in reliance on that assumption. In any event, Plaintiffs could and should have started preparing for these two depositions based on the more than 27,000 documents that Zuffa has already produced from both witnesses' custodial files.

*Second*, despite Plaintiffs' claims that they need the Mercer documents to proceed, Plaintiffs' own conduct belies this assertion. On April 19, 2017, Plaintiffs made no mention of

the Mercer dispute in their request to re-schedule the depositions to the first and second week of May.  In light of the fact that this Court has not ruled on the privilege dispute, it is not clear why Plaintiffs believe that rescheduling these depositions for a week or two later would provide them with the necessary time to receive a ruling on this dispute.  If Plaintiffs need these documents for the depositions, Plaintiffs could have requested a status on the ruling pursuant to Local Rule IA7-1(a) months ago.  They also could proceed with the depositions and hold them open pending a ruling on the Mercer dispute.  Finally, they could have reached out to Zuffa before April 19, 2017 to try to reach an agreement on scheduling the deposition outside of the current period for fact discovery.  Plaintiffs decided against all of these alternatives, and instead chose to notice the depositions for dates certain that they now want to back out of, after Zuffa and the witnesses have acted in reliance on them.

*Third*, Plaintiffs now complain that they will not be able to proceed because both witnesses are attorneys, and "Plaintiffs have significant concerns about Zuffa's privilege log." Pls' Mot. at 3.  Although Plaintiffs received Zuffa's privilege log on April 7, they raised their privilege log issues for the first time on April 20.  *See* Declaration of Matthew S. Weiler at ¶ 7. Notably, Plaintiffs have not made any effort to meet and confer on any privilege log issues until yesterday, after Zuffa noted that it would not be able to reschedule the Hendrick and Epstein Depositions.  If Plaintiffs believe that certain documents were improperly withheld, as discussed above, they could leave the deposition open pending the resolution of a privilege dispute.  Indeed, Plaintiffs have left many depositions open, including 30(b)(6) topics on Fighter Contracts and Sponsors pending the outcome of this Court's ruling on a privilege dispute.  *See* ECF No. 320.

In sum, Plaintiffs have had ample time to prepare for the depositions; their complaints—none of which they raised on April 19—are pretexts intended to justify their attempts to

reschedule these depositions that they have decided they would rather not go forward with on the dates that they selected.

### IV. Conclusion

For the foregoing reasons, Zuffa respectfully requests that the Court deny Plaintiffs' Emergency Motion to Reschedule Depositions.

Dated:   April 21, 2017              Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Opposition to Plaintiffs' Emergency Motion to Reschedule Depositions (ECF No. 377) was served on April 21, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim
**Michael Kim,** an Employee of Boies Schiller Flexner LLP