WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-PAL<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO RESCHEDULE DEPOSITIONS (ECF NO. 377)** |

# DECLARATION OF STACEY K. GRIGSBY

I, Stacey K. Grigsby, declare as follows:

1. I am over 21 years old and have personal knowledge of the information in this declaration. I am a member in good standing of the bars of the District of Columbia and the state of New York. I am admitted *pro hac vice* to practice before this Court. I am a partner in the law firm Boies Schiller Flexner LLP, counsel for Zuffa, LLC ("Zuffa") in the above-captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

2. Except where otherwise stated, based on my review of the communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

3. The Discovery Plan and Scheduling Order (ECF No. 311) in this case requires that all fact discovery, including fact depositions, take place on or before May 1, 2017. Plaintiffs and Zuffa stipulated to this and other deadlines on October 12, 2016; the court entered an order establishing these dates on October 14, 2016.

4. Plaintiffs selected a deposition date of April 24, 2017 for the deposition of Kirk Hendrick, who formerly served as Chief Legal Officer, Chief Operations Officer, as well as Executive Vice President and General Counsel of Zuffa. Mr. Hendrick cleared his schedule to be deposed on the date Plaintiffs selected. **Exhibit A** to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Kirk Hendrick, served on April 7, 2017. Plaintiffs did not consult with me or any other counsel for Zuffa regarding Mr. Hendrick's availability for the noticed April 24, 2017 deposition date.

5. In the same April 7, 2017 message, Plaintiffs served a deposition notice for Ike Lawrence Epstein, who serves as Zuffa's Chief Operating Officer. Plaintiffs selected a deposition date of April 28, 2017 for Mr. Epstein's deposition. **Exhibit B** to this declaration is a true and correct copy of Plaintiffs' Notice of Deposition of Lawrence Epstein, served on April 7, 2017. Plaintiffs did not consult with Zuffa regarding Mr. Epstein's availability for the noticed April 28, 2017 deposition date.

1

1  6. On April 7, 2017, this notice was sent to in-house counsel at Zuffa.  On April 10, 2017, I followed up with an email to Mr. Epstein to confirm he had received the deposition notice and that he was available on April 28, 2017.   Mr. Epstein indicated that he would be available and cleared his schedule to be deposed on the date Plaintiffs selected.

7. On April 19, 2017, at the deposition of a former Zuffa employee, Plaintiffs' counsel Kevin Rayhill stated to me and counsel for Zuffa Marcy Norwood Lynch that he would like to speak to me and about "moving the depositions for Kirk Hendrick, John Hertig, and Lawrence Epstein" to the "first or second week of May."  The same day, I told Mr. Rayhill that Zuffa could not agree to move the dates as the witnesses had already made arrangements to attend these depositions.  I confirmed this conversation in an email, a true and correct copy of which is attached to this declaration as **Exhibit C**.

8. Plaintiffs waited until the final month of fact discovery to serve a large number of notices of deposition and subpoenas.  I have received copies of 40 deposition notices and subpoenas from Plaintiffs' counsel.  I am aware that Plaintiffs have taken 13 depositions to date.  In the last 30 days, I have received approximately 16 deposition notices and subpoenas, including amended notices.  Plaintiffs voluntarily and unilaterally selected a deposition date of April 28, 2017—the second to last day of the fact discovery period—for six of these depositions.

9. Plaintiffs noticed a number of third-party depositions without first consulting with either the third-party witnesses or their counsel to determine convenient times for those depositions to take place.  For example, in one case, Plaintiffs served a subpoena on a third-party corporate entity (The Raine Group LLC) that set a deposition date of Sunday, April 30 without consulting with Defendant or the third party regarding availability for a deposition on a non-business day.

10. As a result of this practice, I have discovered in a number of cases where a deposition would not take place on the noticed date only because my colleagues and I contacted the third-party witnesses or their counsel to confirm the deposition scheduling.  In at least one case, Plaintiffs' counsel did not inform my colleagues or me that a third-party deposition would not go forward as planned until Defendant's counsel asked for confirmation.

2

**GRIGSBY DECL. ISO ZUFFA'S OPP'N TO**                    2:15-cv-01045-RFB-PAL
**PLS' MOT. TO RESCHEDULE DEPOSITIONS**

11. I am informed and believe that none of the following third-party depositions will take place next week, despite Plaintiffs' representation in the Motion to the contrary.

| Third-Party Deponent | Date Originally Noticed by Plaintiffs |
|---|---|
| Kathryn Duva | April 24, 2017 |
| Gary Ibarra | April 26, 2017 |
| Louis DiBella | April 26, 2017 |
| Leon Margules | April 28, 2017 |

Additionally, Plaintiffs issued a subpoena for the deposition of former Deutsche Bank employee Amit Sripathi for April 27. Based on Plaintiffs' representations in the Motion regarding next week's deposition schedule, it appears that this deposition is not taking place, despite Plaintiffs' failure to inform counsel for Zuffa.

12. On March 9, 2017, Plaintiffs issued subpoenas to Kathryn Duva, Louis DiBella, and Leon Margules. True and correct copies of these subpoenas are attached as **Exhibits D, E,** and **F** to this declaration, respectively. Plaintiffs unilaterally set the dates for these depositions in the final week of fact discovery, around seven weeks from the date they were issued. Mr. DiBella's counsel informed me that neither his schedule nor Mr. DiBella's would permit the deposition to go forward on the noticed date. **Exhibit G** to this declaration is a true and correct copy of this communication. On April 17, Plaintiffs' counsel informed me that they would not take the deposition of Kathryn Duva on the noticed date, citing an "objection from Ms. Duva." **Exhibit H** to this declaration is a true and correct copy of this communication. On April 19, 2017, Plaintiffs' counsel also informed my colleague Justin Arborn that the date "does not work for" Mr. Margules. **Exhibit I** to this declaration is a true and correct copy of this communication.

13. I have learned that the deposition of **Gary Ibarra** will not take place next week on April 26, 2017, the date originally noticed by Plaintiffs. Plaintiffs issued a subpoena to Mr. Ibarra, a third party, on April 7, 2017. The subpoena ordered Mr. Ibarra to appear for a deposition on April 26, 2017, during the final week of fact discovery. Defendant subsequently

1  issued a cross-subpoena to Mr. Ibarra for the same date. On April 20, 2017, counsel for
2  Plaintiffs, Kevin Rayhill, informed my colleagues via email that the deposition was "confirmed
3  for April 26." However, Defendant's counsel learned from Mr. Ibarra's counsel later that day
4  that he could not attend a deposition on that date and would need to reschedule. Mr. Rayhill
5  confirmed on April 21 that the deposition would not take place as scheduled. **Exhibit J** to this
6  declaration is a true and correct copy of this communication. Later the same day, my colleague
7  Evan North received an email from Mr. Ibarra's counsel stating that the deposition had been
8  rescheduled for May 16 without input from Defendant's counsel. **Exhibit O** to this declaration is
9  a true and correct copy of this communication.

10      14.    **Exhibit K** to this Declaration is a true and correct copy of the Declaration of
11  Nicholas A. Widnell in Support of Zuffa's Opposition to Plaintiffs' Motion to Reschedule
12  Depositions ("Widnell Declaration").

13      15.    **Exhibit L** to this Declaration is a true and correct copy of the Declaration of Kirk
14  D. Hendrick in Support of Zuffa's Opposition ("Hendrick Declaration").

15      16.    Finally, the Hendrick Declaration references a "Declaration filed under seal and
16  attached to Zuffa's Opposition to Plaintiffs' Motion." For clarity, the referenced declaration was
17  filed under seal in support of Zuffa's Opposition to Plaintiffs' Motion to Challenge Work Product
18  Designation on September 19, 2016 (ECF No. 294).

20      I declare under penalty of perjury that the foregoing statements are true and correct.
21  Executed this 21st day of April, 2017 in Washington, D.C.

23                                    By: */s/ Stacey K. Grigsby*
24                                         Stacey K. Grigsby