# EXHIBIT K

# Declaration of Nicholas A. Widnell

1  WILLIAM A. ISAACSON (*Pro Hac Vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro Hac Vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro Hac Vice*)
   (nwidnell@bsfllp.com)
4  BOIES SCHILLER FLEXNER LLP
5  1401 New York Avenue, NW, Washington, DC 20005
   Telephone: (202) 237-2727; Fax: (202) 237-6131
6
7  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
8  BOIES SCHILLER FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
9  Telephone: (702) 382-7300; Fax: (702) 382-2755
10
   DONALD J. CAMPBELL #1216
11 (djc@campbellandwilliams.com)
   J. COLBY WILLIAMS #5549
12 (jcw@campbellandwilliams.com)
   CAMPBELL & WILLIAMS
13 700 South 7th Street, Las Vegas, Nevada 89101
   Telephone: (702) 382-5222; Fax: (702) 382-0540
14
15 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC
16
17
                    UNITED STATES DISTRICT COURT
18
                         DISTRICT OF NEVADA
19
20 | Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, | Case No.: 2:15-cv-01045-RFB-(PAL) |

21
22
                                          **DECLARATION OF NICHOLAS A. WIDNELL IN SUPPORT OF ZUFFA'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO RESCHEDULE DEPOSITIONS**
                Plaintiffs,
23              v.
24
25 Zuffa, LLC, d/b/a Ultimate Fighting
   Championship and UFC,
26
                Defendant.
27
28

I, Nicholas A. Widnell, declare as follows:

1.      I am an attorney admitted to practice before the District of Columbia and am admitted pro hac vice to practice before this Court in this matter.  I am Counsel in the law firm Boies Schiller Flexner LLP, and represent Defendant Zuffa, LLC ("Zuffa") in this case.

2.      I make this declaration in support of Zuffa's Opposition to Plaintiffs' Emergency Motion to Reschedule Depositions.  Except where otherwise noted, I have personal knowledge of the contents of this declaration and, if called to testify, could and would competently testify thereto.

3.      On April 7, 2017 at 4:27 p.m., counsel for Plaintiffs, Kevin E. Rayhill, served a Notice of Videotaped Deposition of Kirk Hendrick Pursuant to Federal Rules of Civil Procedure 26 and 30 ("Hendrick Notice") on Zuffa by e-mail.

4.      The Hendrick Notice specified Monday, April 24, 2017 at 9:00 a.m. as the date and time for Mr. Hendrick's deposition and the Las Vegas office of Boies Schiller Flexner as the location for the deposition.

5.      On April 8, 2017, the day after receiving the Hendrick Notice, I called Mr. Hendrick to ask whether he was available to be deposed at 9:00 a.m. on April 24, 2017 at the Las Vegas office of BSF.  During that phone call, Mr. Hendrick told me that he was available at that date and time for the deposition.

6.      Immediately after speaking to Mr. Hendrick, I communicated with other attorneys from Boies Schiller Flexner, counsel for Zuffa, and counsel for WME | IMG regarding Mr. Hendrick's noticed deposition date and told them that Mr. Hendrick was available to be deposed on that date and that time.  I inquired as to their availability regarding preparation for the deposition as well as their availability on the noticed day of the deposition itself.

7.      By April 14, 2017, I was finally able to confirm that counsel for Boies Schiller Flexner, Zuffa, and WME | IMG could attend Mr. Hendrick's deposition on April 24, 2017 at 9:00 a.m.

8.      During the entirety of this litigation, Zuffa has attempted to accommodate Plaintiffs' requests for deposition dates and has attempted to make its current and former

1

DECLARATION OF NICHOLAS A. WIDNELL

1  employees available for depositions on the date Plaintiffs noticed, regardless of whether Plaintiffs

2  had asked counsel for Zuffa about the availability of current and former Zuffa employees.

3          9.      Plaintiffs have generally scheduled depositions in this matter by noticing a

4  deposition for a date and location without first consulting either Zuffa's counsel or the deponent

5  (in the case of third parties).  In instances where Plaintiffs noticed current or former employees of

6  Zuffa, Zuffa has always informed Plaintiffs if the noticed employee would not be available on the

7  noticed date.

8          10.     At no time did counsel for Zuffa tell or lead Plaintiffs to believe that Mr.

9  Hendrick would not be available to be deposed beginning at 9:00 a.m. on April 24, 2017.

10         11.     On April 19, Ms. Stacey Grigsby and Ms. Marcy Lynch defended the deposition of

11  a former Zuffa employee that was taken by Mr. Matthew Weiler with the assistance of Mr. Kevin

12  Rayhill.  During a break in the deposition, Ms. Grigsby told me that Mr. Rayhill had asked her

13  whether Zuffa would agree to move the depositions of Mr. Hendrick and two other Zuffa

14  employees (Mr. Hertig and Mr. Epstein) to May.

15         12.     Ms. Grigsby told me that she had not agreed to move the depositions.

16  Nevertheless, as I was meeting with Mr. Hendrick on the next day, when I met with him, I asked

17  if he would be available on any other dates.  Mr. Hendrick explained to me that, given that he had

18  been waiting to schedule other obligations until after he knew when his deposition would take

19  place, he made other commitments as soon as he learned the deposition date.  Those commitments

20  would complicate moving his deposition.  Other than April 25, 2017, he did not believe he would

21  be available for the foreseeable future.  Mr. Hendrick prepared and signed a separate declaration

22  that is attached as **Exhibit L** to the Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's

23  Opposition to Plaintiffs' Emergency Motion to Reschedule Depositions (ECF No. 377) ("Grigsby

24  Declaration").

25         13.     On June 5, 2016, Plaintiffs initially noticed their deposition of Zuffa pursuant to

26  Federal Rule of Civil Procedure 30(b)(6).  This deposition notice included a topic Plaintiffs'

27  called "UFC Fighter Contracts."

28

DECLARATION OF NICHOLAS A. WIDNELL

14.     On August 3, 2016, Plaintiffs served Zuffa with an amended Rule 30(b)(6) notice, which included a topic called "UFC Fighter Contracts."

15.     On October 5, 2016, counsel for Zuffa informed Plaintiffs in writing that Zuffa was designating Mr. Hendrick as one of its Rule 30(b)(6) witnesses.  In addition, as part of that message, Zuffa also requested that Plaintiffs take Mr. Hendrick's individual deposition the same week as the 30(b)(6) deposition.

16.     On October 17, 2016, counsel for Zuffa met and conferred telephonically with counsel for Plaintiffs.  During that call, Plaintiffs made clear that they would not agree to take Mr. Hendrick's deposition either immediately before or after the 30(b)(6) deposition, which was scheduled to begin on November 29, 2016.

17.     On October 24, 2016, counsel for Zuffa sent Patrick F. Madden, counsel for Plaintiffs, a letter detailing how the staggered scheduling of Mr. Hendrick's individual and 30(b)(6) depositions imposed a significant burden and severe hardship on Mr. Hendrick.

18.     On October 26, 2016, Mr. Madden responded to Zuffa's letter and refused to schedule Mr. Hendrick's individual deposition on a date proximate to the 30(b)(6) deposition. **Exhibit M**.

19.     Based on the presumption that Plaintiffs had noticed Mr. Hendrick's deposition for the date they intended to take the deposition, counsel for Zuffa have incurred travel expenses and arranged the schedules accordingly.

20.     I have scheduled a trip from Washington DC to Las Vegas and have a hotel reservation in Las Vegas for April 23-24.

21.     An associate from our Oakland office has also made travel arrangements to be present at the Mr. Hendrick's deposition.

22.     Mr. Riche McKnight, counsel for WME | IMG has also arranged for travel to Las Vegas in order to be present at the deposition.

23.     In Plaintiffs' Emergency Motion to Reschedule Depositions, Plaintiffs state that they "would be prejudiced absent rescheduling because there is insufficient time to prepare for the

1  depositions."  However, in similar circumstances, Plaintiffs have declined to reschedule a

2  deposition due to travel costs they had incurred.

3       24.      On Tuesday, January 31, 2017, I discovered that the attorney who was schedule to

4  take Mr. Jon Fitch's deposition on February 16, 2017 would not be available on that date, but

5  would be available on the next day, February 17, 2017 when we had noticed Mr. Brandon Vera's

6  deposition.  I immediately wrote to Mr. Patrick Madden to see if we could switch the dates of

7  Mr. Vera's and Mr. Fitch's depositions.

8  25.      On February 1, 2017, Mr. Michael Dell'Angelo replied that Plaintiffs were not willing to

9  change the dates because, "pre-paid travel and lodging has long since been arranged for Messrs.

10  Fitch and Vera. That issue aside, the change in travel dates would be very inconvenient for the

11  witnesses."  A copy of Mr. Dell'Angelo's response is attached as **Exhibit N** to the Declaration of

12  Stacey K. Grigsby.

13       I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing facts are true and correct.  Executed this 21st day of April 2017, in Las Vegas, Nevada.

15

16

17                                              /s/ *Nicholas A. Widnell*
                                                Nicholas A. Widnell
18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF NICHOLAS A. WIDNELL