# EXHIBIT M

# October 26, 2016 P. Madden letter to S. Grigsby

1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



|  | **Patrick F. Madden** |
|---|---|
| WRITER'S DIRECT DIAL | 215/875-3035 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | pmadden@bm.net |

October 26, 2016

**Via Electronic Mail**

Stacey K. Grigsby, Esq.
Boies, Schiller & Flexner, LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
sgrigsby@bsflaw.com

      Re:   Deposition Schedule in in *Le v. Zuffa, LLC*, Case No. 2:15-cv-1045 (D. Nev.)
           and consolidated cases

Dear Stacey:

      I write in response to your October 24, 2016 letter concerning the scheduling of the Rule 30(b)(6) deposition in the above-captioned matter.  As Plaintiffs understand your position, Zuffa is demanding that Plaintiffs agree to schedule individual depositions of high-level executives who played principle roles in the alleged scheme at an early stage of discovery because it would create an undue burden on Messrs. Hendrick and Epstein (Zuffa's Rule 30(b)(6) designees) to have to prepare for an additional individual deposition (or a separate Rule 30(b)(6) deposition limited to topics relating to Fighter Compensation and Valuations) at some point in the future.

      Contrary to your assertion that Plaintiffs' objection to your demand would "force" Messrs. Hendrick and Epstein to "first prepare and sit for multiple-day 30(b)(6) deposition sessions and later to prepare and sit for individual depositions…," this is a problem of Zuffa's own creation; not a proper basis for the relief you seek.  Plaintiffs did not demand that Zuffa designate either Mr. Hendrick or Mr. Epstein for the Rule 30(b)(6) deposition. To the extent their schedules were so busy and demanding that they do not have time to sit for the deposition, Plaintiffs would understand if Zuffa chose to designate another person or persons. **But please let us know no later than Monday, October 31, 2016** if that is Zuffa's choice.

      During the initial teleconference in late July, you asked that Plaintiffs agree to take the individual deposition(s) of the designee(s) on the same day or consecutive days as the Rule 30(b)(6) deposition, though you declined to identify the designees.  You reiterated that request following the service of the Amended Notice of August 3, 2016. Plaintiffs' response was that, in principle, Plaintiffs were not opposed to taking individual depositions of designees but that



Plaintiffs would need to make a case-by-case determination based on their identity. *See* Madden Letter to Grigsby, August 16, 2016. As you will recall, during the meet and confer teleconference, I provided further that Plaintiffs would not agree, for example, to depose Dana White in his individual capacity at the time of the Rule 30(b)(6) deposition merely because Zuffa designated him.  Defendant's designation of other top Zuffa executives who were intimately involved in the alleged scheme is no different.[1] In essence, Defendant's demand is calculated to dictate the order and method of Plaintiffs' ability and right to build their case as they see fit.  Defendant's unilateral decision to impose a burden on itself is not a basis for taking that right away.

During the parties' meet and confer teleconferences, when Plaintiffs stated that the individual depositions of Messrs. Hendrick and Epstein would not go forward in late November or early December, Defendant stated that it would request that the Court compel Plaintiffs to take those individual depositions. I requested authority (and Defendant indicated such authority exists) for proposition that a party could compel another party to take the individual deposition of a witness with unique personal knowledge of the claims and allegations of a litigation based only on the self-inflicted burden imposed by the party's unilateral designation of the witness pursuant to Rule 30(b)(6).  But in response, you cite only three cases concerning the so-called "Apex Doctrine." Your reliance on those cases and the "Apex Doctrine" is misplaced because those cases concern the circumstance where the "apex" executive has no personal knowledge of the facts or circumstances giving rise to the litigation.  Clearly, Zuffa does not object to the proposition that the individual depositions of Messrs. Hendrick and Epstein are appropriate because they have personal knowledge of facts and issues in this case that is unique and appropriate for deposition.  In fact, the premise of your proposed motion is based on the timing of the deposition and not whether the deposition is appropriate. As such, Defendant has failed to provide an appropriate basis in law or fact for its demand for relief.

In response to your assertion that Zuffa "cannot understand [Plaintiffs'] resistance to accommodating these executives' schedules given the significant amount of time [Plaintiffs] have to prepare for" these individual depositions, I refer you to our teleconference when I informed you that there are documents that Plaintiffs are awaiting production of and depositions which Plaintiffs intend to take prior to deposing key executives, such as Messrs. Hendrick and Epstein, who Plaintiffs believe played key roles in the alleged scheme.[2]

---

[1] Because Defendant relies on the Apex Doctrine in making its demand, it appears that Defendant intended to designate high-level executives at the outset in an effort to force Plaintiffs to take key depositions out of order.

[2] Moreover, the substantial document dump Defendant engaged in at the end of document discovery (and after the agreed date for substantial completion) impedes Plaintiffs' ability to accommodate certain requests such as this one.  That Defendant has already reviewed all the documents prior to producing them does not lessen the burden on Plaintiffs to speedily review them and prepare for a deposition of key players in the alleged scheme.



Stacey K. Grigsby<br>
October 26, 2016<br>
Page 3

Finally, Plaintiffs reject your unfounded assertion that the "only reason" for Plaintiffs' objection to Defendant's demand is "Plaintiffs' desire to create inconsistencies in these witnesses' testimony." Such specious speculation is beneath the parties to this litigation and ignores both the many obvious reasons and the reasons I have specifically enumerated to you both during meet and confer teleconferences and above.

Please let us know whether Zuffa will change designees and whether Zuffa would like to lock in dates for the individual depositions of high-level executives late in the discovery period so that they may plan their business obligations around their depositions.

Sincerely,

Patrick F. Madden