WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　　　Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR OPPOSITION TO ZUFFA, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[REDACTED]** |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant Zuffa, LLC ("Zuffa") hereby submits this Reply to Plaintiffs' Separate Statement of Undisputed Material Facts in Support of their Opposition to Zuffa, LLC's Motion for Partial Summary Judgment (ECF No. 365-1).

## DEFENDANTS RESPONSES

54. Plaintiff Quarry alleges that Zuffa used anticompetitive conduct to establish and maintain its dominance in the market for purchasing the services and identity rights of Elite MMA Fighters, including Plaintiff Quarry. CAC ¶¶ 5, 109-134.

**RESPONSE**: Undisputed that Plaintiff Quarry made such allegations. Defendant disputes the allegations as to their truthfulness and considers them immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

55. Plaintiff Quarry alleges that Zuffa acquired monopsony power in the market for "Elite Professional MMA Fighter Services" by engaging in a series of anticompetitive actions, including (a) entering long-term, exclusive contracts with Elite MMA Fighters that effectively blocked the vast majority from fighting for rival promotions (CAC ¶¶ 109-114); (b) threatening or otherwise impairing other MMA promoters, sponsors and fighters who worked with or considered working with the UFC's potential rivals (Id. ¶¶ 116-119); (c) entering into exclusive agreements with sponsors and venues (Id. ¶¶ 120-127); and (d) acquiring multiple rival promotion companies that Zuffa had weakened through the foregoing conduct. Id. ¶¶ 129-134. As a result of this ongoing anticompetitive Scheme, Zuffa is the "only game in town" in the relevant markets. Id. ¶¶ 5, 109-134.

**RESPONSE**: Undisputed that Plaintiff Quarry made such allegations. Defendant disputes the allegations as to their truthfulness and considers them immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply,

even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations. Defendant further disputes (a) as to the term "vast majority" which does not appear anywhere in the citation provided (CAC ¶¶ 109-114) and is vague and ambiguous. Defendant also disputes (d) as to the phrase "only game in town" as vague and ambiguous.

56. Plaintiff Quarry alleges that because of the monopsony power Zuffa acquired and maintained through the challenged anticompetitive scheme, Plaintiff Quarry and other members of the proposed Identity Class lacked the ability to "turn to alternative MMA Promoters to earn competitive compensation" for their identity rights. CAC ¶ 90.

**RESPONSE**: Undisputed that Plaintiff Quarry made such allegations. Defendant disputes the allegations as to their truthfulness and considers them immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations. Defendant further disputes the quoted language as it does not appear in the citation provided.

57. Plaintiff Quarry alleges that Zuffa uses its monopsony power to "require UFC Fighters to enter into restrictive contracts," "expropriate the rights to UFC Fighters' Identities in perpetuity for little or no compensation (which is below competitive levels)," and "expropriate the Identities and deprive UFC Fighters of competitive levels of payment for the exploitation of their Identities in UFC Licensed Merchandise and/or Promotional Materials licensed or sold by the UFC or its licensees." CAC ¶ 91.

**RESPONSE**: Undisputed that Plaintiff Quarry made such allegations. Defendant disputes the allegations as to their truthfulness and considers them immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations. Defendant further disputes the quoted language as it does not appear in the citation provided.

58. Plaintiff Quarry alleges that Zuffa used the monopsony power it acquired and maintained through the ongoing anticompetitive scheme to take multiple overt acts to artificially under-compensate the proposed Identity Class, including Plaintiff Quarry, for use of their images and likenesses. CAC ¶¶ 3, 22, 34, 92, 107, 151.

**RESPONSE**: Undisputed that Plaintiff Quarry made such allegations. Defendant disputes the allegations as to their truthfulness and considers them immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations. Defendant further disputes the use of the term "under-compensate" as vague and ambiguous.

59. Zuffa initiated its Fight Pass internet subscription service in December 2013. Weiler Decl. Ex. 3 (Zelaznik Deposition Transcript at 17:11-12), Quarry Decl. ¶ 8.

**RESPONSE**: Undisputed that Plaintiff Quarry claimed that Fight Pass began in December 2013. Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations. Disputed as it mischaracterizes Marshall Zelaznik's testimony, which states "Fight Pass, I think, launched at the end of '13, it would have been somewhere in the – that year, so to speak or within months of me moving over to that title exclusively." Weiler Decl. Ex. 3 (Zelaznik Deposition Transcript at 17:11-15.)

60. Through Fight Pass, Zuffa makes available on the internet to consumers, for payment, recordings of past MMA bouts from the UFC's own past events and also of MMA events put on by other MMA promoters. Weiler Decl. Ex. 3 (Zelaznik Depo. Tr. at 14:23-15:12, 33:8-24, 68:22-69:4); Weiler Decl. Ex. 4 (Zelaznik Depo. Ex. 175).

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply,

1  even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall
2  outside the statute of limitations.

3      61. Through Fight Pass, which consumers access through Zuffa's website, Zuffa charges
4  consumers a subscription fee. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮ Weiler Decl. Ex. 3 (Zelaznik Depo. Tr. at 69:20-70:2, 71:2-4, 112:21-113:1).

6  **RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the
7  memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply,
8  even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall
9  outside the statute of limitations.

10     62. Well after December 16, 2010, Zuffa made available for purchase by consumers each of
11 Plaintiff Quarry's fights in the UFC, and one of Plaintiff Quarry's fights with "Gladiator Challenge
12 14," on Fight Pass. Weiler Decl. Exs. 1 (Quarry Dep. Tr. at 104:15-17), 5 (Fight Pass Screenshots);
13 Quarry Decl. ¶ 8.

14 **RESPONSE**: Defendants do not dispute that past fights of Plaintiff Quarry are available on
15 Fight Pass, although immaterial for the purpose of Defendants Motion for Partial Summary
16 Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for
17 Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with
18 respect to his alleged identity rights fall outside the statute of limitations.  Defendants dispute the use
19 of the term "Well" as vague and ambiguous.

20     63. Zuffa included a clip of Plaintiff Quarry's fight with Rich Franklin as part of the opening
21 segment of its Pay-Per-View ("PPV") events throughout the limitations period, until at least 2015.
22 Quarry Decl. ¶ 6; Weiler Decl. Ex. 1 (Quarry Depo Tr. at 48:20-23).

23 **RESPONSE**:  Defendant considers the allegations immaterial and not relevant for the
24 purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the
25 memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply,
26 even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall
27 outside the statute of limitations.

28     64. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████ Weiler Decl. Ex. 3 (Zelaznik Depo. Tr. At 82:15-17, 83:11-13).

**RESPONSE**: Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

65. Zuffa did not provide any compensation to Plaintiff Quarry specifically in connection with any content Zuffa made available on Fight Pass. Weiler Decl. Ex. 1 (Quarry Dep. Tr. at 104:15-17); Quarry Decl. ¶ 8.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

66. Zuffa made available and sold videos of Plaintiff Quarry's fights through Amazon, Sony, and Xbox in 2011 and 2014. Weiler Decl. Ex. 6. Plaintiff Quarry was not provided compensation specifically in connection with any of these sales. Quarry Decl. ¶ 9.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

67. In January 2012, Zuffa broadcast a video of Plaintiff Quarry's fight with Demian Maia on its website, deeming it the "Submission of the Week." Weiler Decl. Ex. 7. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶ 10.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall

5

outside the statute of limitations.

68. Zuffa produced "UFC Unleashed," a program that aired on Spike TV. Plaintiff Quarry was featured in episode Number 102 of "UFC Unleashed," featuring Plaintiff Quarry's victory over UFC Fighter Lodune Sincaid in the finale of Ultimate Fighter Season 1. Although the fight occurred in 2005, this video was published in 2013 to Zuffa's Brazilian language website. Weiler Decl. Exs. 8-9. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this publication. Quarry Decl. ¶ 11.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

69. Spike TV broadcast Plaintiff Quarry's win over UFC Fighter Shonie Carter in episode Number 107 of "UFC Unleashed." Zuffa posted the content on its website in 2013. Weiler Decl. Ex. 10. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with making this content available on its website. Quarry Decl. ¶ 11.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

70. In November 2013, Zuffa published the "Top 20 Knockouts in UFC History," on Youtube to commemorate the UFC's twentieth anniversary. Weiler Decl. Ex. 2. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with making this content available online. Quarry Decl. ¶ 7.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

71. A photograph of Plaintiff Quarry appears in a story published on March 26, 2013 by UFC

6

called "16 Bizarre Moments in UFC History." Weiler Decl. Ex. 11. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶ 12.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

72. On June 10, 2016, Zuffa published a photograph of Plaintiff Quarry's fight with Rich Franklin in a story on its website entitled "Behind the Lens: UFC Photog's Favorite KOs." Weiler Decl. Ex. 12. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶ 13.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

73. Zuffa licensed to Topps the right to feature Plaintiff Quarry in UFC trading cards created by Topps, including the "2010 Topps UFC Knockout" series that was published in February 2011. Weiler Decl. Exs. 14-16. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶¶ 16, 21-22.

**RESPONSE**: Undisputed that Zuffa entered into licensing agreements with Topps that permitted Topps to include Plaintiff Quarry's (and others') name and likeness in trading cards, including the 2010 "UFC Knockout" series that was published in February 2011, and that Plaintiff Quarry made the allegations regarding his compensation. Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

74. Zuffa licensed to Topps the right to feature Plaintiff Quarry's image in the "2013 Topps

UFC Knockout" series as part of the "Ultimate Knockout Relics Set." Weiler Decl. Exs. 14-15, 17. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶¶ 16, 21-22.

**RESPONSE**: Undisputed that Zuffa entered into licensing agreements with Topps that permitted Topps to include Plaintiff Quarry's (and others') name and likeness in trading cards, including the 2013 "UFC Knockout" series as part of the "Ultimate Knockout Relics Set," and that Plaintiff Quarry made the allegations regarding his compensation. Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

75. Zuffa has sold throughout the limitations period and continuing to this day posters autographed by Plaintiff Quarry promoting his title fight in UFC 56 on the "ufcstore.com" website for $999.99 and $1149.99. Weiler Decl. Ex. 13. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶ 15.

**RESPONSE**: Defendant disputes the use of the term "sold" as vague and ambiguous to the extent it is intended to mean anything other than "offered for sale." Undisputed that posters autographed by Plaintiff Quarry promoting his title fight in UFC 56 are offered for sale on the "ufcstore.com," and that Plaintiff Quarry made the allegations regarding his compensation. Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

76. Zuffa licensed fighter identities to Reebok in 2014. Reebok featured Plaintiff Quarry in a series of UFC jerseys that Reebok first made available for sale in 2014. Weiler Decl. Ex. 18; Weiler Decl. Ex. 1 (Quarry Dep. Tr. at 104:16-17). Neither Zuffa nor Reebok compensated Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶ 18.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

77. Zuffa licensed fighter identities, including that of Plaintiff Quarry, to Getty Images. Zuffa business records show revenues generated from sales of Getty Images featuring Plaintiff Quarry after December 16, 2010. Weiler Decl. Ex. 19; Quarry Decl. Ex. 1. Zuffa did not provide compensation to Plaintiff Quarry specifically in connection with this exploitation of his Identity. Quarry Decl. ¶¶ 17, 20, 22.

**RESPONSE**: Undisputed, though immaterial and irrelevant; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

78. Getty Images sells dozens of photographs of Plaintiff Quarry, including a medium resolution photograph of Plaintiff Quarry for $1805. Weiler Decl. Exs. 20-21.

**RESPONSE**: Defendant disputes the use of the term "sells" as vague and ambiguous to the extent it is intended to mean anything other than "offers for sale." Undisputed that Getty Images offers for sale photographs of Plaintiff Quarry including a medium resolution photograph of Plaintiff Quarry for $1805. Defendant considers the allegations immaterial and not relevant for the purpose of Zuffa LLC's Motion for Partial Summary Judgment; for the reasons stated in the memorandum of law accompanying Zuffa's Motion for Partial Summary Judgment and its reply, even assuming these facts, Plaintiff Quarry's claims with respect to his alleged identity rights fall outside the statute of limitations.

Dated:   May 1, 2017                    Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ William A. Isaacson
    William A. Isaacson
    *Attorneys for Defendant* Zuffa, LLC, d/b/a
    Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

ZUFFA REPLY TO PLTFS' SEP STMT                Case No.: 2:15-cv-01045-RFB-(PAL)
OF UNDIS FACTS ISO OPP PARTIAL MSJ