

LAW OFFICES
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Don Springmeyer                                                                                                                LV4230-002
dspringmeyer@wrslawyers.com

May 5, 2017

The Honorable Peggy A. Leen
United States Magistrate Judge for the District of Nevada
333 Las Vegas Boulevard, South
Las Vegas, Nevada 89101

      Re:      *Le, et al. v. Zuffa, LLC*, Case No.: 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Magistrate Judge Leen:

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs"), through the undersigned counsel, respectfully and urgently request a status conference before the Court to discuss pending motions and address critical issues regarding the case schedule affecting Plaintiffs' ability to fully and fairly prosecute their class action claims.

**Multiple Discovery Motions Are Pending Before The Court**

Several motions with significant repercussions for Plaintiffs' ability to fully and fairly prosecute their claims are currently pending before the Court. These motions include:

- **Plaintiffs' Emergency Motion For Extension Of Discovery Deadline And Case Management Schedule**, ECF No. 363, filed March 21, 2017. This motion is fully briefed.

- **Plaintiffs' Motion To Challenge Work Product Designation**, ECF No. 282, filed August 31, 2016. This motion is fully briefed. The Court heard oral argument on September 27, 2016.

- **Non-Party Bellator Sport Worldwide, LLC's Motion To Quash Or Modify Subpoenas**, Case No. 2:17-cv-00849-RFB-GWF (transferred from the Central District of California). This motion was originally filled in the Central District of California on February 22, 2017, and was transferred to the District of Nevada on March 17, 2017. The motion is fully briefed.

- **Third Party AXS TV LLC's ("AXS") Motion To Quash Deposition Subpoenas Of Mark Cuban**, Case No. 3:17-mc-00027-K (N.D. Tex.), filed April 17, 2017.

The Honorable Peggy A. Leen
May 5, 2017
Page 2

Plaintiffs' response is due on May 8, 2017. Plaintiffs will seek to transfer this dispute to the District of Nevada.

Resolution of these motions will have a significant impact on the progress of this litigation.[1] Several—including Plaintiffs' motion to challenge work product designation, Bellator's Motion to Quash, and AXS's Motion to Quash—relate to Plaintiffs' efforts to obtain discovery that is essential to plaintiffs' ability to prosecute their claims and to plaintiffs' experts' ability to complete their reports.

Moreover, absent favorable resolution of Plaintiffs' emergency motion to push back by 60 days the fact discovery and all other deadlines in the case, Plaintiffs' ability to obtain critical discovery would be blocked.  Defendant Zuffa is currently notifying third parties that the fact discovery deadline has passed in an effort to impede currently scheduled third-party depositions, putting these depositions in limbo. Moreover, Plaintiffs have uncovered several crucial deficiencies in Zuffa's document productions—deficiencies that require resolution prior to taking several key depositions of Zuffa's senior executives.

Significantly, Plaintiffs' class certification *and* merits expert reports, which are due under the existing schedule on May 30, 2017, i.e., fewer than four weeks from now, could be materially impacted by discovery sought in the pending motions. Plaintiffs' experts should have the benefit of this discovery, and should not be required to submit reports without the benefit of a fully developed discovery record.

**Other Discovery Issues Are Impeding Plaintiffs' Ability To Fully Prosecute Their Claims.**

Despite opposing modest extensions of the fact discovery deadline, Zuffa has yet to complete its production of text messages for a key custodian, Zuffa President Dana White, and questions remain regarding Zuffa's failure to produce the text messages of in-house counsel Michael Mersch.

In late March of 2017, Plaintiffs raised a number of questions regarding Zuffa's preservation, collection and production of text messages from Mr. White's four separate telephone numbers and at least as many devices. Despite Plaintiffs' repeated inquiries, it took Zuffa nearly four weeks – just days before the close of discovery – to reveal that it has not collected data from one of Mr. White's business phones and two of his "personal" phones which nonetheless contained at least approximately 1,450 business related text messages that were collected and produced from the devices of Zuffa's other custodians. As a result, Zuffa has agreed to postpone White's deposition until at least 7 days after it completes production of White's text messages. Zuffa was

---

[1] Also pending is Zuffa, LLC' Motion For Partial Summary Judgment As To Plaintiff Nathan Quarry On Statute Of Limitations Grounds, ECF No. 347, filed February 2, 2017. This motion is fully briefed.

The Honorable Peggy A. Leen
May 5, 2017
Page 3

targeting the production of text messages from one of the three remaining phones by May 15, but that is in question because Zuffa has reported that it is now unable to access data on the device that falls within the discovery period. Likewise, Zuffa has yet to propose a protocol to extract data from White's business "flip" phone and has not yet located his fourth phone, having acknowledge today that "it may have been discarded." Accordingly, Mr. White's deposition may not be held until early June, *after* Plaintiffs' expert reports are due.[2] Moreover, Zuffa has repeatedly changed the deposition dates for many of its executives. Most recently, Zuffa told Plaintiffs that Joe Silva, a key Zuffa executive responsible for matchmaking and negotiating fighters' purses, among other things, would not be available for deposition until June 7, *after* Plaintiffs' expert reports are due. This is procedurally and substantively unfair to Plaintiffs.[3]

In addition, multiple disputes have arisen between Plaintiffs and Zuffa concerning several third-party depositions scheduled in the coming weeks. For example, Plaintiffs scheduled the deposition of third party AXS's executive Andrew Simon to take place in April, but Mr. Simon was unavailable until May 8-10. Plaintiffs thus re-scheduled for May 9, to which Zuffa agreed. But Plaintiffs still have not received all of AXS's documents (despite extensive efforts to obtain those documents for over seventeen (17) months). Indeed, after receiving an incomplete document production from AXS, including hundreds of documents produced as blanks and nearly 80% of the production being withheld as "privileged," Plaintiffs have requested to either continue the deposition, or hold it open pending resolution of these issues. Zuffa refuses to reschedule the deposition and AXS refuses to hold the deposition open. Plaintiffs, stuck between a rock and a hard place, are being forced to depose Mr. Simon without the benefit of a complete set of AXS's documents.

Similarly, Plaintiffs tried to schedule the deposition of Robert Meyerowitz (the original founder of the UFC) in April but were unable to find a date that worked for the witness and the parties. At the suggestion of Mr. Meyerowitz's counsel, Plaintiffs scheduled the deposition for May 25. *Zuffa has taken the position that the deposition cannot go forward unless and until the Court extends the fact discovery period.*

Indeed, on May 2, during a teleconference regarding discovery issues, Zuffa's counsel told Plaintiffs that Zuffa will tell third parties whose depositions are scheduled for after May 1—such as Mr. Meyerowitz—that they do not have to appear for their depositions (with two exceptions Zuffa has agreed to, including the deposition of Mr. Simon). This interference in the

---

[2] In light of the very serious issues implicated by the apparent failure to preserve and collect highly relevant data on Mr. White's electronic devices, Plaintiffs anticipate that they will soon file a motion for leave to seek additional discovery regarding those devices.

[3] Plaintiffs also repeatedly requested a date to depose Zuffa's custodian of records before the scheduled close of discovery. However, Zuffa first offered deposition dates in late May (offering the week of May 22 and May 29, Memorial Day, and May 30), on Saturday, April 29.

The Honorable Peggy A. Leen
May 5, 2017
Page 4

development of testimony from third party witnesses is improper. Plaintiffs had made good-faith efforts to schedule these depositions before May 1, but several deponents were simply unavailable before then. Plaintiffs believe these third parties possess highly material information, and Plaintiffs will be prejudiced if they are not able to depose them with the benefit of their complete document productions.

Furthermore, this morning, Zuffa emailed Plaintiffs to state that the Court's December 8, 2015 minute order limited Plaintiffs to serving 25 interrogatories and that Zuffa will not respond to the last six of Plaintiffs' 31 served interrogatories. Of course, the parties had agreed that Plaintiffs would have 40 interrogatories and the Court did not address that agreement at the hearing. In any event, the Court provided Defendant the opportunity to serve 35 interrogatories on each Plaintiff in the December 8 minute order (10 for individual responses and 25 for collective responses). The six challenged interrogatories are highly relevant to Plaintiffs' expert reports and Defendant's objection will require further motion practice to obtain a response. The inevitable corresponding delays are a further basis for extending deadlines.

**Plaintiffs' Class and Merits Expert Reports Are Due May 30.**

Plaintiffs' class and merits expert reports are due in fewer than four weeks, on May 30. Several depositions of key Zuffa personnel have not yet taken place, including Zuffa's Chief Operating Officer Lawrence Epstein, whom Zuffa has not made available until May 26, a mere four (4) days before Plaintiffs' expert reports are due. As noted above, several key discovery disputes are still pending, and Zuffa continues to withhold relevant evidence (some of which may have been destroyed, or "discarded"). As things currently stand, Plaintiffs' experts will be forced to submit their reports with multiple critical depositions yet to be taken and with key discovery disputes unresolved.

Plaintiffs will be substantially prejudiced if they are forced to submit their expert reports before all discovery has been completed and all discovery disputes have been resolved. Accordingly, Plaintiffs have asked as part of their motion to extend the discovery deadlines that the Court extend the deadline for Plaintiffs' opening expert reports for sixty days.

Plaintiffs respectfully request a status conference to address the above-mentioned pending disputes and urgent discovery issues with the Court.

/ / /

/ / /

The Honorable Peggy A. Leen
May 5, 2017
Page 5

Plaintiffs have sought Zuffa's participation in scheduling a status conference. Zuffa has not provided mutually convenient dates to propose to the Court. More generally, Zuffa has refused Plaintiffs' request to jointly approach the Court about a status conference.

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

*/s/ Don Springmeyer*

DON SPRINGMEYER

DS:cr

cc:  Joseph R. Saveri
     Eric L. Cramer
     Richard Koffman
     William Isaacson