

May 10, 2017

The Honorable Peggy A. Leen
United States Magistrate Judge for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, NV 89101

    Re:    *Le, et al. v. Zuffa, LLC*, Case No.: 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Magistrate Judge Leen,

    Prior to this Court's status hearing on May 18, 2017, Defendant Zuffa, LLC ("Zuffa") writes to respond to Plaintiffs' May 5, 2017 letter, which provides the Court with an incomplete picture of the status of discovery and mischaracterizes Zuffa's position on Plaintiffs' outstanding motions.  Although Plaintiffs and Zuffa have discussed numerous issues addressed in Plaintiffs' letter, Plaintiffs never consulted with Zuffa prior to sending their communication to the Court nor did they request that the parties "jointly approach the Court about a status conference."

    Zuffa has worked with Plaintiffs to complete outstanding discovery that was served or noticed prior to the May 1, 2017 deadline, and has been willing to discuss completing other narrow, outstanding discovery.  Zuffa is willing to agree to a 30-day extension of the deadlines for expert discovery, which will be triggered by the Court's rulings on Plaintiffs' work product dispute (ECF No. 282) and motion to compel (ECF No. 397), whichever is later.  But Zuffa objects to Plaintiffs' efforts to *propound new written discovery and notice additional depositions* that Plaintiffs should have taken months ago.  The time has come and gone for Plaintiffs to seek fact discovery beyond the few remaining issues that the parties are in the process of resolving.  Therefore, Zuffa proposes the following:

| | |
|---|---|
| Completion of Outstanding Fact Discovery, which includes only resolving disputes related to the parties' written discovery responses and document productions; completing the depositions of 5 former and current Zuffa employees, Plaintiffs' 30(b)(6) depositions of Zuffa and WME-IMG, and the deposition of third-party witnesses Scott Coker | June 15, 2017 |
| Plaintiffs' Opening Expert Reports (class and merits) | July 14, 2017 or 30 days following the Court's ruling on Plaintiffs' pending |



|  | motions, ECF Nos. 282 and 397, whichever is later |
|---|---|
| Last Day to Depose Experts Concerning Opening Reports | August 14, 2017 or 60 days following the Court's ruling on Plaintiffs' pending motions, ECF Nos. 282 and 397, whichever is later |
| Opposition Expert Reports | September 13, 2017 or 90 days following the Court's ruling on Plaintiffs' pending motions, ECF Nos. 282 and 397 |
| Last Day to Depose Opposition Experts | October 13, 2017 or 120 days following the Court's ruling on Plaintiffs' pending motions, ECF Nos. 282 and 397 |
| Reply Expert Reports | October 27, 2017 or 134 days following the Court's ruling on Plaintiffs' pending motions, ECF Nos. 282 and 397 |

### I. By Plaintiffs' Account, They Have Made Substantial Progress In Discovery.

Plaintiffs' seventeen months of discovery has resulted in substantial productions of documents and access to any of the key Zuffa personnel Plaintiffs wished to depose. As Plaintiffs have publicly boasted, as of December 6, 2016, they had already made "substantial progress" including:

- "caus[ing] the UFC to produce millions of pages of never before disclosed confidential documents, including the UFC's financial information;"
- "issu[ing] dozens of subpoenas for documents to the UFC's bankers, investment partners, lawyers, consultants, former would-be rivals and others, which has resulted in the production of troves of important confidential documents relating to the inner workings of the UFC's alleged illegal scheme—with many more yet to come;"
- "obtain[ing] important deposition testimony of key UFC personnel and executives concerning the meaning and use of the UFC's contracts with fighters and sponsors, as well as the purpose of the UFC's acquisitions of past MMA promotions; and"
- noticing and "preparing for additional depositions of key UFC personnel and executives, including the upcoming depositions of Dana White and Lorenzo Fertitta."[1]

---

[1] Ex. A, Dec. 6, 2016 Letter from Eric Cramer to Mr. Bjorn Rebney.



If Plaintiffs' representations are to be believed, Plaintiffs had completed critical discovery as of December 2016. Instead, Plaintiffs now insist that they should be allowed to propound new discovery during the ensuing 60 days. This demand is not reasonable in light of the discovery that Plaintiffs have already completed.

## II. Zuffa Has Made Its Current And Former Employees Available For Depositions.

Each and every reason Plaintiffs provide for the extension can be addressed by allowing for narrow fact discovery over the next four weeks.

Zuffa has worked cooperatively with Plaintiffs to ensure that Plaintiffs can take all the depositions they noticed for current and former Zuffa employees. Plaintiffs have deposed nine current and former Zuffa employees, in addition to deposing Zuffa's 30(b)(6) witnesses for four days, and Zuffa has agreed, due to individual scheduling issues, to schedule an additional five Zuffa employees after the deadline for fact discovery. Therefore, there is no need to extend *all* fact discovery to enable Plaintiffs to take these depositions.

Despite Plaintiffs' arguments to the contrary, Zuffa remains confident that it has produced documents responsive to Plaintiffs' document requests, and any purported issues with Zuffa's production are unlikely to impact the remaining depositions. Zuffa has produced or re-produced over 3 million pages of responsive documents, including text messages. Although Plaintiffs have suggested that they can only schedule the depositions of certain Zuffa employees after the Court rules on their work product challenge (ECF No. 282),[2] they need not await this ruling to depose witnesses. As Plaintiffs have done on a number of separate occasions, they can hold these depositions open pending a ruling on their discovery dispute.

## III. Plaintiffs Have Used Scheduling Conflicts With Third Parties And Inconsequential Discovery Disputes To Inappropriately Extend Discovery.

### A. Plaintiffs' Third Party Depositions

Plaintiffs blame their failure to complete third party discovery on Zuffa, stating that "Defendant Zuffa is currently notifying third parties that the fact discovery deadline has passed in an effort to impede currently scheduled third-party depositions, putting these depositions in limbo." ECF No. 393 at 2. Plaintiffs' statement is false. In a May 2

---

[2] For reasons previously stated in our briefing, Zuffa believes that law is clear that the challenged documents are protected under the work product doctrine.

3



meet and confer conference, Zuffa's counsel made clear that Zuffa would not offer any legal advice to third parties, but would tell third parties truthfully that the deadline for fact discovery is May 1, that Plaintiffs have sought an extension of the deadline, and that the Court had not granted Plaintiffs an extension of that deadline. Zuffa's counsel further reminded Plaintiffs that their professional duty of candor required them to provide third parties with accurate information concerning discovery. Other than provide third parties with accurate information, Zuffa has done nothing to hinder Plaintiffs' ability to seek documents from and depose third parties.

Plaintiffs did not start noticing third party depositions until December 2016, which predictably led to a logjam of third party depositions. When Plaintiffs did notice these depositions, they often did not coordinate scheduling with the third parties or waited until the last minute to schedule a mutually acceptable date. As a result, Plaintiffs have made conflicting statements about the state of discovery. *Compare* Plaintiffs' Emergency Motion to Reschedule Depositions (ECF No. 377) at 2-3 (claiming on April 21 that depositions of Kathryn Duva, Lou DiBella, and Leon Margules were among those "currently scheduled for the last week of April and first week of May), *with* Zuffa, LLC's Opposition to Plaintiffs' Emergency Motion to Reschedule Depositions (ECF No. 380) at 2-3 (noting that Plaintiffs had confirmed several days before filing the Emergency Motion that they *would not* be proceeding with these depositions).

Because they chose to notice depositions unilaterally and with little notice, Plaintiffs had difficulty obtaining testimony from the following third-party witnesses on or before May 1, and Plaintiffs should not be allowed to proceed with such depositions after May 1, 2017:

- Scott Adams: In December 2016, Plaintiffs noticed Mr. Adams's deposition for February 2017, but subsequently canceled Mr. Adams' deposition.

- Bob Arum: On January 23, 2017, Plaintiffs noticed Mr. Arum's deposition for March 16, but never took the necessary steps to schedule his deposition on a date that was acceptable to Mr. Arum. Mr. Arum's deposition remains unscheduled.

- Gary Shaw: On January 23, 2017, Plaintiffs attempted to notice Mr. Shaw's deposition for March 28. Although Plaintiffs' counsel claimed that they spoke to Mr. Shaw about his availability, Plaintiffs then inexplicably could not serve him with a deposition subpoena.

- Courtney Dubar: On March 7, 2017, Plaintiffs attempted to notice Mr. Dubar's deposition for March 30, 2017, but failed to serve him.



- Kathryn Duva, Lou DiBella, Leon Margueles: on March 9, 2017, Plaintiffs noticed these three depositions the week of April 24, but apparently never took reasonable steps to schedule the depositions on dates that were acceptable to Ms. Duva, Mr. DiBella, and Leon Margueles.  All three depositions remain unscheduled.

- Robert Meyrowitz: Plaintiffs waited until April 13, 2017 to notice Mr. Meyrowitz's deposition—just two weeks before the close of discovery, and during a period when Plaintiffs were already trying to squeeze in many belated depositions.  Although Mr. Meyrowitz's attorney offered to make this witness available on April 20 for a deposition, Plaintiffs noticed the deposition for May 25, more than three weeks after the close of fact discovery.

- The Raine Group 30(b)(6): Plaintiffs waited until April 20, 2017 to notice the 30(b)(6) deposition of The Raine Group—11 days before the close of discovery, and during a period when Plaintiffs were already trying to squeeze in many belated depositions.  Plaintiffs unilaterally noticed the deposition for Sunday, April 30, 2017 in California.  On April 24, Plaintiffs advised Zuffa that the Raine Group was unavailable in April and that the deposition would be held in New York City pending provision of a date from the deponent.  This deposition remains unscheduled.

- AXS TV: In March 2017, Plaintiffs noticed the depositions of Andrew Simon and Mark Cuban of AXS for April 19 and April 21, respectively.  Although AXS TV has moved to quash the deposition subpoena for Mr. Cuban, it offered to make Mr. Simon available for a deposition on May 9.  Because Mr. Simon was unavailable in the last weeks of April, Zuffa agreed to take this deposition after the close of fact discovery.  Just days before the deposition, Plaintiffs refused to go forward with Mr. Simon's deposition, citing perceived deficiencies in AXS TV's document production.

- Moody's Investor Service 30(b)(6): on April 6, 2017, Plaintiffs noticed the Moody's deposition for April 27, 2017, noting that Moody's counsel had agreed to accept service on behalf of the company.  On April 20, 2017, just seven days before the deposition was scheduled to proceed, Plaintiffs issued a revised deposition subpoena for a May 10, 2017 deposition, noting that Moody's was unavailable on the previously noticed date.  Zuffa objected, within 15 minutes of Plaintiffs' unilateral scheduling change, to Plaintiffs' noticing of the deposition outside of the current period for fact discovery.  On May 9, 2017, the day before the re-noticed deposition, Plaintiffs advised Zuffa that the deposition "has been taken off calendar at this time."



- Amrit Sripathi: On April 14, Plaintiffs noticed the deposition of Amrit Sripathi, a former Deutsche Bank employee, for April 27, 2017. Zuffa's counsel learned from counsel for Deutsche Bank that Plaintiffs had agreed not to proceed with Mr. Sripathi's deposition. Contacted for confirmation on April 23, Plaintiffs' counsel denied this was the case, and stated that both Plaintiffs and Deutsche Bank expected the deposition to go forward once scheduling had been finalized. On April 27—the day Mr. Sripathi's deposition was scheduled to take place, and one day before Deutsche Bank's 30(b)(6) deposition—Plaintiffs' counsel suggested that they may take Mr. Sripathi's deposition immediately following Deutsche Bank's 30(b)(6) deposition. It turns out that none of this was true. During the 30(b)(6) deposition, Deutsche Bank's counsel revealed that as of April 5, Plaintiffs had agreed in writing *not* to call Mr. Sripathi as a witness so long as Deutsche Bank prepared its 30(b)(6) designee to answer questions regarding certain of Mr. Sripathi's emails, which Deutsche Bank had done.

Where Plaintiffs' inability to depose a third-party witness lay outside their control, Zuffa has agreed to take those depositions out of time. For example, as discussed above, Zuffa sought to accommodate Plaintiffs' request to take the AXS TV deposition after May 1; despite that accommodation, Plaintiffs cancelled the deposition days before it was scheduled to go forward. Zuffa similarly agreed to take the deposition of Scott Coker of Bellator Sport Worldwide after the discovery deadline, and remains willing to proceed with that deposition in May. Rather than "impede" deposition scheduling, Zuffa offered to work with Plaintiffs to find a mutually convenient date to depose Mr. Coker.

### B. Other Discovery

To distract the Court from focusing on the real issues—Plaintiffs' lack of diligence—Plaintiffs complain about Zuffa's text message production.[3] Any purported problem with Zuffa's production of ESI does not justify extending all fact discovery for two months.

Plaintiffs suggest that Zuffa "fail[ed] to produce the text messages of in-house counsel Michael Mersch." ECF No. 393 at 2. This statement is untrue. As Zuffa told Plaintiffs during the May 5, 2017 meet and confer conference, in December 2014, Zuffa sent out a litigation hold notice to all Zuffa employees. Following up on the notice,

---

[3] Zuffa and Plaintiffs disagree as to whether this Court's December 8, 2016 minute order (ECF No. 207) increased the number of interrogatories Plaintiffs could propound on Zuffa. Notwithstanding this disagreement, Zuffa is willing to provide responses to the interrogatories Plaintiffs served in excess of the 25-interrogatory limit prior to May 12.



Zuffa's counsel interviewed Mr. Mersch in January 2015 to develop a plan for preserving all potentially relevant ESI. Although Mr. Mersch indicated that he rarely conducted business over text, counsel nevertheless collected his personal phone and imaged its contents sometime on January 21, 2015. After reviewing this collection, counsel determined that text messages collected from his phone were not responsive to Plaintiffs' document requests.[4] Zuffa did not "fail" to produce Mr. Mersch's text messages. Instead, it conducted a reasonable and good faith investigation into whether Mr. Mersch had any arguably relevant text messages and concluded he did not.

Zuffa followed a similar protocol for Dana White's mobile devices. Zuffa interviewed Mr. White and collected the cellphones that were identified as having potentially relevant text messages. Zuffa collected Mr. White's devices on two separate occasions in order to preserve his data and mitigate against potential loss of data. From those two devices, Zuffa has produced 6,800 text messages. Plaintiffs have had these messages since July 2016, but did not inquire about other possible text messages until March 2017. When Zuffa's counsel received this inquiry, it immediately began to investigate this issue and will review and produce relevant existing texts. Zuffa has agreed to move Mr. White's deposition to afford Plaintiffs adequate time to prepare. Because Zuffa has already agreed that a reasonable extension of expert discovery may be appropriate, Plaintiffs have no basis to assert that this Court should extend all fact discovery so that the parties can resolve this discrete issue.

For over a year and a half, Zuffa has cooperated fully with Plaintiffs to complete fact discovery and has agreed to extensions of deadlines when appropriate. While Zuffa acknowledges that certain discovery needs to be completed, it does not agree to an unfettered extension of the discovery deadline to complete the few remaining issues.

Respectfully,

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, D.C. 20015
Tel:    202-237-2727

---

[4] Mr. Mersch left Zuffa two months later. When counsel contacted him to schedule a second collection, Mr. Mersch stated that he did not have responsive text messages from January 21, 2015 to March 2015.



        Fax:    202-237-6131
        Email: sgrigsby@bsfllp.com

        *Attorney for Defendant* Zuffa, LLC, d/b/a
        Ultimate Fighting Championship and UFC



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing letter was served on May 10, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Michael Kim

**Michael Kim**, an Employee of Boies Schiller Flexner LLP