# EXHIBIT A

(December 6, 2016 Letter from Eric Cramer to Bjorn Rebney)



## Berger&Montague,P.C.
ATTORNEYS AT LAW

December 6, 2016

**VIA ELECTRONIC AND OVERNIGHT MAIL**

Mr. Bjorn Rebney

Re:   *Le, et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-(PAL) (D. Nev.)

Dear Mr. Rebney:

As you know, we are the Court-appointed Plaintiffs' Interim Co-Lead Class Counsel in the above-referenced litigation ("UFC Class Action"). The UFC Class Action has progressed substantially since it was filed nearly two years ago. We write to express our concern that certain of your recent actions and statements may impede or undermine that progress and thereby ultimately harm the MMA fighters whose interests you are now purporting to champion.

We respect the efforts of any group of fighters who stand up for themselves in an attempt to improve conditions and competition in the sport of MMA, and we appreciate the Mixed Martial Arts Athletes Association's ("MMAAA") efforts in that regard. However, certain comments you made during your recent announcement of the formation of the MMAAA require an immediate response. Specifically, you said that one of the goals of the MMAAA is to seek a "settlement" on behalf of current and former UFC fighters to compensate for lost income due to prior alleged wrongdoing by the UFC. As you are aware, the federal court presiding over the UFC Class Action has appointed us, as Co-Lead Counsel, to pursue such claims in the UFC Class Action. Given that appointment, we—along with the six named plaintiff fighters in the case—have made substantial strides on behalf of all UFC fighters over these past two years—strides that your recent actions and statements threaten to undo.

In promoting this "goal" of the MMAAA, you have denigrated the UFC Class Action and otherwise attempted to divide the fighters into warring groups. Such statements will only serve to undermine the successful prosecution of the UFC Class Action, and thereby impair the ability of *all* UFC fighters, past and present, to obtain a just remedy for the UFC's alleged anticompetitive actions.

As you must be aware, establishing a rival group that attempts to recover for identical alleged past harms would only benefit Zuffa, presenting it with the option of paying the *lowest bidder to resolve fighters' claims*. Your actions could also damage our efforts, through the UFC Class Action, to seek a binding court order putting an end to certain of Zuffa's alleged



Mr. Bjorn Rebney
December 6, 2016
Page 2

anticompetitive misconduct in furtherance of the goal of creating a more competitive landscape for the sport, benefitting MMA fighters and fans alike. As you must be aware, the fighters are better off united than divided, and thus your attempts to sow division operate to no one's advantage but Zuffa's.

Some history is in order to set the record straight. Nearly two years ago, on December 16, 2014, we filed the first of five related class action lawsuits alleging that the UFC engaged in an illegal scheme to:

- pay UFC fighters a fraction of what they would earn in a competitive marketplace;
- impose aggressive restrictions on UFC fighters' ability to fight for would-be rivals;
- control virtually every aspect of UFC fighters' careers;
- expropriate UFC fighters' names and likenesses; and
- eliminate competition from would-be rival MMA promoters.

The Court issued an Order consolidating all of these actions into a single class action pending in federal court in Las Vegas, and appointing us as Interim Co-Lead Counsel. That Order provides that we alone are "responsible for performing work to advance the litigation for the common benefit" of class members, including all settlement negotiations, on behalf of:

- all UFC fighters who fought in a UFC-promoted bout that took place or was broadcast in the United States after December 16, 2010; and

- all UFC fighters whose identities were expropriated or exploited by the UFC, including in UFC Licensed Merchandise and/or UFC Promotional Materials, after December 16, 2010.

Beginning well before plaintiffs filed the first antitrust lawsuit against the UFC, and continuing to this day, Co-Lead Counsel together with the named plaintiff fighters have worked tirelessly to advance their claims to try to maximize the recovery for all fighters, and to obtain a court order preventing future anticompetitive conduct by the UFC. We have made substantial progress, in that we, among other successes:

- developed and filed this ground-breaking antitrust litigation;
- defeated the UFC's motion to dismiss the case;[1]
- appeared in court numerous times on behalf of UFC fighters;
- caused the UFC to produce millions of pages of never before disclosed confidential documents, including the UFC's financial information;

---

[1] http://www.bloodyelbow.com/2015/9/25/9363209/ufc-loses-motion-to-dismiss-antitrust-lawsuit-mma-news



Mr. Bjorn Rebney
December 6, 2016
Page 3

- relentlessly challenged the UFC's claim that many of its documents had been destroyed, resulting in the discovery of nearly 2 million more pages of confidential documents, emails and other UFC files;
- issued dozens of subpoenas for documents to the UFC's bankers, investment partners, lawyers, consultants, former would-be rivals and others, which has resulted in the production of troves of important confidential documents relating to the inner workings of the UFC's alleged illegal scheme—with many more yet to come;
- prepared for and defended the UFC's deposition of one of the plaintiff UFC fighters (Nate Quarry), with others to follow early next year;
- obtained important deposition testimony of key UFC personnel and executives concerning the meaning and use of the UFC's contracts with fighters and sponsors, as well as the purpose of the UFC's acquisitions of past MMA promotions; and
- noticed and are preparing for additional depositions of key UFC personnel and executives, including the upcoming depositions of Dana White and Lorenzo Fertitta.

Neither you, your attorneys, nor your associates have played any role in the achievements made in the lawsuit to date. And, as just discussed, you have more recently taken to denigrating the suit in your public statements—contrary to the interests of all fighters.

Worse, as we both know—but which you have failed to disclose publicly—you, your investors, and your legal team had previously sought to be included in our efforts to prosecute the UFC Class Action—as long as you and your investors could share in any recovery. Indeed, well after the UFC Class Action was underway, at the invitation of Ken Pavia, Class Counsel agreed to attend an October 15, 2015, meeting with you (as the former CEO of Bellator), representatives of Creative Artists Agency ("CAA"), Mr. Pavia and your lawyers at the offices of CAA in New York.

You and your representatives told us that you had formed the MMAAA, which (you then said) was supported by "hundreds" of current and former MMA fighters. You claimed further that you had contemplated starting your own rival antitrust action if Co-Lead Counsel did not meet certain demands. Five days later, on October 20, 2015, the "Mixed Martial Arts Athletes Association" was registered with the California Secretary of State and assigned entity number C3836158.[2]

---

[2] We are also now aware of recent reports that you registered the domain name mmaathletesassociation.com in October 2015 and that you continue to own the domain names mihsportsentertainment.com and mihsportsent.net, which may be names for planned MMA promotions.



Mr. Bjorn Rebney
December 6, 2016
Page 4

Ten days after the meeting at CAA, on October 25, 2015, your attorneys presented us with your demands. You proposed that we, as Co-Lead Counsel, promise to devote a certain percentage of any class-wide recovery in the Class Action to the MMAAA, which monies you told us would be used for compensating unnamed "investors" for unspecified expenses incurred in establishing the organization, among other things. You further demanded that your representatives should be allowed full participation in any settlement negotiations that might occur in the Class Action. As you know, we rejected your demands because we believed that they were neither consistent with applicable canons of professional ethics, nor with our duties as Co-Lead Class Counsel to protect the interests of all UFC fighters in the proposed classes that the Court appointed us (and not you or your lawyers) to represent.

Nevertheless, as we informed you at the time, our two efforts could work in complementary fashion if we kept in communication. Despite our offer to maintain open lines of communication, we heard nothing further from you or anyone acting on your behalf until November 30, 2016, when you publicly disclosed the formation of the MMAAA.

To be clear, we have no intention of interfering with your ability to "advise" the MMAAA or to meet with UFC fighters about joining it. Again, we are fully supportive of efforts that would benefit the interests of MMA fighters. We are, however, concerned that you may well be promoting your own interests above those of UFC fighters. We cannot and will not condone efforts by you, the MMAAA, or any other party to usurp the role of Co-Lead Counsel to represent UFC fighters in the UFC Class Action, prosecute their antitrust claims against the UFC for its alleged illegal conduct or negotiate settlements on class members' behalf. You have not been appointed to pursue such claims, are not qualified to prosecute such cases, and in our view, your efforts to harm the UFC Class Action will only serve to undermine the achievements made in the Action to date, and thereby ultimately injure the fighters whose interests you are seeking to represent. Your efforts to divide the fighters and orchestrate a "reverse auction" for Zuffa to pay the lowest bidder, is not in the interests of any UFC fighters, past or present.

Lastly, we understand that you may have caused one or more third parties to solicit at least one of the named plaintiffs in the UFC Class Action. Given the stated goal of the MMAAA to seek a "settlement" from Zuffa on behalf of UFC fighters, and given your status as an attorney, and given further that the MMAAA is being advised and assisted by additional attorneys, we believe that such communications may violate well established prohibitions against communications with persons known to be represented by counsel in active litigation and improperly interfere with the Court-appointed duties of Co-Lead Counsel.[3] We therefore demand that you, the MMAAA, and any person or entity acting on behalf of the MMAAA, immediately cease and desist any and all efforts to contact named plaintiffs in the UFC Class Action and the

---

[3] The named plaintiffs include Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury. We also represent the following individual fighters who are not proposed class representatives, but who filed their own cases, which cases are now part of the consolidated class action: Gabe Ruediger, Mac Danzig, Dennis Lloyd Hallman, Darren Uyenoyama, and Pablo Garza.



Mr. Bjorn Rebney
December 6, 2016
Page 5

other fighters represented by Co-Lead Class Counsel in an effort to settle their claims. Please confirm, in writing, no later than December 9, 2016, that you, the MMAAA and all persons or entities acting on behalf of you and the MMAAA will cease and desist this improper conduct.

     More urgently and importantly, we also strongly suggest that you reconsider your recent efforts to divide the fighters, and thereby harm those whose interests you claim to represent.

     Sincerely,

Eric L. Cramer
Michael Dell'Angelo
BERGER & MONTAGUE, P.C.

Joseph R. Saveri
JOSEPH SAVERI LAW FIRM, INC.

Benjamin D. Brown
Richard A. Koffman
COHEN MILSTEIN SELLERS & TOLL, PLLC

*Co-Lead Class Counsel*

cc: Mike Fonseca
    James Quinn, Esq.