WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant

No.: 2:15-cv-01045-RFB-(PAL)

**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE A LOG OF COMMUNICATIONS FOR DANA WHITE'S DISCOVERABLE TELEPHONE NUMBERS AND ELECTRONIC COMMUNICATION DEVICES AND DIRECTING DEFENDANT TO SUBMIT AN INVENTORY OF ELECTRONIC COMMUNICATION DEVICES AND RELATED DOCUMENTS (ECF No. 396)**

# I. INTRODUCTION

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices (ECF No. 396) ("Motion to Compel") as redacted in the public version of that document. Zuffa further respectfully requests that the Court order the Clerk of Court to file under seal those exhibits or portions thereof to the Motion to Compel specified below.[1] This Motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents ("Grigsby Declaration").

The Protective Order in this case provides for the filing of documents under seal where a document or portions thereof contain Confidential or Highly Confidential Information. ECF No. 217, ¶ 14.3. As described fully below, Zuffa seeks to file under seal three categories of documents. First, Zuffa seeks to file under seal exhibits containing text messages sent and received by Zuffa employees in the course and scope of their employment with Zuffa. Second, Zuffa seeks to file under seal portions of correspondence between Plaintiffs' counsel and Zuffa's counsel that reveal personal information of Zuffa employees and third parties. Third, Zuffa seeks to file under seal portions of the deposition of Lorenzo Fertitta that Zuffa previously designated as confidential. Zuffa also seeks to seal those portions of the Motion to Compel that quote from or otherwise detail confidential information from those three categories.

---

[1] All exhibits referenced in this Motion refer to exhibits to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices (ECF Nos. 397-2 through 397-6).

## II.     LEGAL STANDARD

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c).  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

There is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly.  *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

In addition, sealing is appropriate for documents that are "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on *reconsideration in part*, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).  Sealing is also appropriate for

documents that contain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008), as well as for documents containing sales volume and pricing information, sensitive information about a company's products and processes not typically available to the public, customer identity information, and capital expenditure and development cost information, *e.g. Triquent Semiconductor, Inc. v. Avago Techs Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *2-*8 (D. Ariz. Dec. 13, 2011).

**III. ARGUMENT**

**A. Text Messages**

Exhibits 10 through 17, 24 through 29, and 31 through 36 to Plaintiffs' Memorandum of Law in Support of the Motion to Compel contain confidential information for which good cause exists to seal these documents as detailed in Table A. Certain of these Exhibits contain information such as profitability, revenue, pricing, and related other information, all of which Zuffa treats as confidential and does not disclose publicly. Grigsby Decl. ¶ 7. Several of these Exhibits also contain highly confidential athlete negotiation and compensation information, which Zuffa treats as confidential and does not disclose publicly. *See id.* ¶ 8.

Zuffa seeks to file under seal all Exhibits with the exception of Exhibits 15, 26, 28, and 36. Proposed redacted versions for filing are provided as Exhibits A through D to the Grigsby Declaration. These proposed redactions also include redacted cellular telephone numbers to protect the privacy of Zuffa employees and third parties.

**<u>Table A</u>**

| | |
|---|---|
| Exhibit 10, ZFL-1897652 | These messages include confidential communications between Zuffa employees and include details about athlete compensation, negotiating strategies, and updates on highly confidential negotiations with athletes. These messages also include confidential conversations with third parties regarding negotiations for athlete contracts. The messages discuss confidential financial terms, incentives, and other Zuffa internal business strategies, disclosure of which would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations. |

| | |
|---|---|
| Exhibit 11, ZFL-2699687 | These messages include confidential communications between Zuffa employees and include details about sponsorship and broadcaster agreements, athlete compensation, and updates on highly confidential compensation arrangements with athletes. These messages also include confidential conversations with third parties regarding negotiations involving athlete contracts. The messages discuss confidential financial terms, incentives, and other Zuffa internal business strategies, disclosure of which would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations and sponsorship issues. |
| Exhibit 12, ZFL-1897060 | These messages include confidential communications between Zuffa employees and include details about negotiation strategies, updates on highly confidential negotiations with athletes, and negotiations over athlete scheduling and matchups. These messages also include confidential conversations with third parties regarding scheduling, confidential athlete injury status, and other confidential athlete-related issues. The messages contain discussions of confidential scheduling and matchup issues, incentives, and other Zuffa internal business strategies, disclosure of which would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations and in a rival promotion's event scheduling and matchups. |
| Exhibit 13, ZFL-1898195 | These messages include confidential communications between Zuffa employees and include details about confidential pricing information and strategy, confidential broadcast ratings and event ticket sales, sponsorship agreements and evaluations of athletes. These messages also include confidential conversations with third parties regarding scheduling, confidential athlete injury status, and other confidential athlete-related issues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations and in other aspects of mixed martial arts business operations. |
| Exhibit 14, ZFL-1896908 | These messages include confidential communications between Zuffa employees and include details about confidential pricing information and strategy, sponsorship negotiations and agreements, athlete contracts, and other confidential internal business discussions. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations, sponsorship relationships and negotiations, and in other aspects of mixed martial arts business operations. |

| | |
|---|---|
| Exhibit 15, ZFL-1897833 | Zuffa seeks to file a redacted version of this Exhibit. The redacted portions of this exhibit contain messages including highly confidential information about athlete drug testing and athlete contracts and negotiations. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations, sponsorship relationships and negotiations, and in other aspects of mixed martial arts business operation and would also result in an unjustified invasion of the privacy interests of third party athletes. |
| Exhibit 16, ZFL-1897651 | This message contains confidential and proprietary sales and revenue information for a UFC event. Disclosure of that information would provide Zuffa's competitors with unfair and unearned insight into Zuffa's event and revenue information. |
| Exhibit 17, ZFL-1897997 | These messages also include confidential conversations with third parties regarding scheduling, confidential athlete injury status, and other confidential athlete-related issues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations and would also result in an unjustified invasion of the privacy interests of third party athletes. |
| Exhibit 24, ZFL-2699678 | These messages include confidential communications between Zuffa employees and include details about athlete compensation and negotiations, athlete contracts, confidential pricing information and strategy, confidential event performance and ratings information, sponsorship negotiations and agreements, athlete contracts, and other confidential internal business discussions. These messages also include confidential conversations with third parties regarding scheduling, confidential athlete injury status, and other confidential athlete-related issues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations, sponsorship relationships and negotiations, and in other aspects of mixed martial arts business operation and would also result in an unjustified invasion of the privacy interests of third party athletes. |

| | |
|---|---|
| Exhibit 25, ZFL-2699683 | These messages include confidential communications between Zuffa employees and include details about negotiation strategies, updates on highly confidential negotiations with athletes including compensation information, negotiations over athlete scheduling and matchups, and evaluations of athletes. These messages also include confidential conversations with third parties regarding scheduling, confidential athlete injury status, and other confidential athlete-related issues. The messages contain discussions of confidential scheduling and matchup issues, incentives, and other Zuffa internal business strategies, disclosure of which would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations and in a rival promotion's event scheduling and matchups. |
| Exhibit 26, ZFL-2699671 | Zuffa seeks to file a redacted version of this Exhibit. The redacted portions of this exhibit contain messages that include confidential information about event performance and revenue as well as confidential broadcast viewership information. Disclosure of the redacted messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair access into Zuffa's event performance, revenue, and viewership information. |
| Exhibit 27, ZFL-2699685 | These messages include confidential communications between Zuffa employees and include details about athlete compensation, athlete agreements, negotiating strategies regarding athletes, and updates on highly confidential negotiations with athletes. These messages also include confidential conversations with third party athletes regarding issues related to their agreements with Zuffa. The messages discuss confidential financial terms, incentives, and other Zuffa internal business strategies, disclosure of which would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa in athlete negotiations. |
| Exhibit 28, ZFL-2699676 | Zuffa seeks to file a redacted version of this Exhibit. The redacted portions of this exhibit contain messages that include highly confidential discussions about negotiation strategies regarding athlete agreements as well as confidential internal deliberations regarding drug testing. Disclosure of the redacted messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair access into Zuffa's negotiating strategies and confidential decisionmaking processes. |
| Exhibit 29, ZFL-2699681 | These messages include confidential communications between Zuffa employees and include details about confidential pricing information and strategy, event ticket sales, and Zuffa's strategies in choosing event venues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain an unfair and unearned advantage over Zuffa with respect to venue selection, ticket pricing, and other event-related issues. |

| | |
|---|---|
| Exhibit 31, ZFL-2699672 | These messages include confidential communications between Zuffa employees and include details about confidential pricing information and strategy, sponsorship and apparel policies, advertising strategies, and strategic communication decisionmaking. These messages also include confidential conversations with third parties regarding meetings and other confidential athlete-related issues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair insights into Zuffa's communications, advertising, and negotiation strategies and procedures. |
| Exhibit 32, ZFL-2699688 | These messages include confidential communications that include confidential evaluations of athletes, private athlete medical information, information about sponsorship policies, and highly confidential athlete compensation information. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair insights into Zuffa's compensation information, sponsorship policies, and would violate the privacy rights of third parties with respect to their private medical information. |
| Exhibit 33, ZFL-2699689 | These messages include confidential information regarding Zuffa's strategic event planning and logistics information, event-related pricing information, and athlete compensation issues. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair insights into Zuffa's pricing and event planning policies in addition to Zuffa's highly confidential athlete compensation policies. |
| Exhibit 34, ZFL-2699693 | These messages include confidential information regarding Zuffa's negotiations with athletes, negotiation policies, highly confidential athlete compensation information, evaluations of athletes, event pricing and ticket sales information, and private and highly confidential third party athlete medical information. Disclosure of the messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair insights into Zuffa's pricing and event planning policies, athlete compensation policies, highly confidential negotiations, and would violate the privacy rights of third parties with respect to their private medical information. |
| Exhibit 35, ZFL-2699674 | These messages include confidential communications between Zuffa employees regarding athlete negotiations and evaluations of athletes. The messages also include highly confidential negotiations between a Zuffa employee and third parties. Disclosure of the messages would cause competitive harm to Zuffa and would provide its competition with unearned and unfair insights into Zuffa's athlete evaluations, negotiations with third parties, and would violate the privacy interests of third parties. |

| Exhibit 36, ZFL-2699686 | Zuffa seeks to file a redacted version of this Exhibit. The redacted portions of this exhibit contain messages that include highly confidential discussions about negotiation strategies regarding athlete agreements, event revenue information, and broadcast ratings. Disclosure of the redacted messages would cause competitive harm to Zuffa and would permit its competitors to gain unfair insights into Zuffa's negotiating strategies and confidential event revenue information. |
|---|---|

**B. Correspondence between Counsel**

Zuffa seeks to seal Exhibits 1-4, 7-8, 18-19, and 22-23 or portions thereof to Plaintiffs' Memorandum of Law in Support of the Motion to Compel as detailed in Table B below. Zuffa seeks to seal those portions of Exhibits 1-4, 7-8, 18-19, and 22-23 that contain cellular telephone numbers or other private phone number information, personal e-mail addresses, and those portions of the Exhibits that would result in the invasion of the privacy interests of third parties and other individuals. Redaction of such information is proper under the Rule 26(c) good cause standard. *See, e.g.*, *Burgess v. Town of Wallingford*, No. 3:11-CV-1129 CSH, 2012 WL 4344194, at *12 (D. Conn. Sept. 21, 2012) (finding that "good cause" exists under Rule 26(c) for redactions of party and third-party phone numbers from deposition transcripts). In addition, Zuffa seeks to redact the actual text of certain text messages that are properly sealed, for the reasons above, under the "good cause" standard on the basis that the messages contain confidential internal business deliberations relating to athlete conduct, event scheduling and planning, and the evaluation of athletes.

Zuffa also seeks to redact from those exhibits the names of former Zuffa employees who were not selected as document custodians. These former employees who were not executives or officers of Zuffa are now third parties who have a privacy interest in not having their identities revealed as part of a motion for which their identities and former employment statuses are entirely irrelevant. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (citations and quotation marks omitted) (explaining that in considering redaction of court records, one consideration "is the privacy interest of the person resisting disclosure" and that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"); *see also Burgess*, 2012 WL 4344194, at *10 (applying the recognized "privacy interest in keeping personal facts away from the public

eye" to a motion to seal under Rule 26(c)'s "good cause" standard).

Finally, for the same reasons that Zuffa seeks to redact from those exhibits the names of former employees who were not executives or officers of Zuffa, Zuffa seeks to redact the name of one current employee who is not an executive or officer of Zuffa who was not selected as document custodian and has not been deposed or been the subject, directly or otherwise, of any disputes or outstanding issues between the parties and who is two levels of reporting below already-deposed custodian John Mulkey.

**C. Fertitta Deposition**

Zuffa seeks to seal portions of Exhibit 30 to Plaintiffs' Memorandum of Law in Support of the Motion to Compel, which is an excerpt of the March 23, 2017 deposition of former Zuffa CEO Lorenzo J. Fertitta. Zuffa seeks to seal those portions of the transcript Zuffa has designated as confidential and that discuss highly confidential negotiations with athletes. This is the type of information that Zuffa does not disclose publicly and treats as confidential. *See* Grigsby Decl. ¶ 8. Zuffa proposes that Exhibit O to the Grigsby Declaration be filed as the public version of Exhibit 30.

**D. Motion to Compel**

Zuffa seeks to file under seal the portions of the Motion to Compel that have been redacted in the publicly filed version of the Motion to Compel. These portions of Plaintiffs' Reply reference, discuss, and quote from the confidential documents discussed above. For the reasons provided for each individual document above, Zuffa believes that good cause exists to seal the portions of the Motion to Compel already redacted in the public version of the Motion to Compel.

**IV. CONCLUSION**

Zuffa respectfully requests that the Court find that Zuffa has made the requisite particularized showing of good cause sufficient to justify sealing of the documents, or portions thereof, listed above. For the Court's convenience, Zuffa has summarized its sealing requests in Table B below.

**Table B**

| Exhibit | Zuffa Sealing Request |
|---|---|
| Exhibit 1 | Publicly file redacted version |
| Exhibit 2 | Publicly file redacted version |
| Exhibit 3 | Publicly file redacted version |
| Exhibit 4 | Publicly file redacted version |
| Exhibit 5 | None |
| Exhibit 6 | None |

| | |
|---|---|
| Exhibit 7 | Publicly file redacted version |
| Exhibit 8 | Publicly file redacted version |
| Exhibit 9 | None |
| Exhibit 10, ZFL-1897652 | Seal in full |
| Exhibit 11, ZFL-2699687 | Seal in full |
| Exhibit 12, ZFL-1897060 | Seal in full |
| Exhibit 13, ZFL-1898195 | Seal in full |
| Exhibit 14, ZFL-1896908 | Seal in full |
| Exhibit 15, ZFL-1897833 | Publicly file redacted version |
| Exhibit 16, ZFL-1897651 | Seal in full. |
| Exhibit 17, ZFL-1897997 | Seal in full. |
| Exhibit 18 | Publicly file redacted version |
| Exhibit 19 | Publicly file redacted version |
| Exhibit 20 | None |
| Exhibit 21 | None |
| Exhibit 22 | Publicly file redacted version |
| Exhibit 23 | Publicly file redacted version |
| Exhibit 24 | Seal in full |
| Exhibit 24, ZFL-2699678 | Seal in full |
| Exhibit 25, ZFL-2699683 | Seal in full |
| Exhibit 26, ZFL-2699671 | Publicly file redacted version |
| Exhibit 27, ZFL-2699685 | Seal in full |
| Exhibit 28, ZFL-2699676 | Publicly file redacted version |
| Exhibit 29, ZFL-2699681 | Seal in full |
| Exhibit 30. Fertitta Deposition Tr. | Publicly file redacted version |
| Exhibit 31, ZFL-2699672 | Seal in full |
| Exhibit 32, ZFL-2699688 | Seal in full |
| Exhibit 33, ZFL-2699689 | Seal in full |
| Exhibit 34, ZFL-2699693 | Seal in full |
| Exhibit 35, ZFL-2699674 | Seal in full |
| Exhibit 36, ZFL-2699686 | Publicly file redacted version |

Dated: May 15, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa's Motion to Seal Portions of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents (ECF No. 396)** was served on May 15, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Michael Kim*

**Michael Kim**, an Employee of Boies Schiller Flexner LLP