# EXHIBIT 1
## FILED UNDER SEAL

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

December 21, 2015

<u>**Via Electronic Mail**</u>

Michael Dell'Angelo
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103
mdellangelo@bm.net

Re:   *Le, et al. v. Zuffa, LLC*; Case No. 2:15-cv-01045-RFB-(PAL),
and consolidated cases

Dear Michael,

I write in response to your letter of December 18, 2015.  In an effort to move the discussion forward promptly, we address as many of the issues raised in your letter as we can today, with an emphasis on the issues that will inform the meet and confer tomorrow, and will follow up with further responses as information becomes available.

<u>Custodians</u>

Additional information regarding ███████  and ██████



Your December 18 letter requests an update on the collection of documents and ESI from the agreed 16 custodians.  At this point, collection and processing of hard-copy documents and

BOIES,   SCHILLER   &   FLEXNER   LLP

Michael Dell'Angelo
December 21, 2015
Page 2

ESI from these custodians is ongoing and we are not in a position to give you an accurate final
number.  Since these custodians are already agreed upon, we do not believe it is worthwhile to
interrupt the collection and processing to give interim document counts because these numbers
will necessarily change as more documents are loaded and processed.  Further, final document
counts cannot be accurately determined until Plaintiffs provide us with their outstanding list of
the six additional custodians and all remaining custodial documents are collected, processed and
de-duplicated.  To that end, the sooner that Plaintiffs make final decisions about the additional
six document custodians, the sooner we can bring this phase of the process to a close.  As a
supplement to the chart we provided you in our December 3 letter, please note that we have
identified additional devices for certain of the agreed-upon custodians.  The complete chart of
the devices identified to date is as follows:

| Custodian | Computer(s) | Cell Phone(s), Smartphones, or Tablets used for business purposes |
|---|---|---|
| Tracey Bleczinski | one PC | one iPhone 5c |
| Peter Dropick | one PC | one iPhone 6 |
| Lawrence Epstein | one PC | one retired iPhone 5s; one iPhone 6s |
| Lorenzo Fertitta | one PC | one retired iPhone 6; one iPhone 6s |
| Reed Harris | one iMac; one MacBook | one retired iPhone 4; one iPhone 6s |
| Kirk Hendrick | one PC | one retired iPhone 5s; one iPhone 6 |
| Bryan Johnston (former employee) | no retained computer(s) | no retained device(s) |
| Tracy Long | one PC | one retired iPhone 4s; one iPhone 6 |
| Sonja McKinney (former employee) | no retained computer(s) | no retained device(s) |
| Michael Mersch (former employee) | one PC | one iPhone 5s |
| Michael Mossholder | one PC; one MacBook | one Samsung Galaxy Note 3 |
| John Mulkey | two PCs | one retired Samsung Galaxy S4; one Samsung Galaxy S5 |
| Michael Pine (former employee) | no retained computer(s) | no retained device(s) |
| Sean Shelby | one Mac Mini | one iPhone 6 |
| Joe Silva | one iMac; one MacBook | one iPhone 5s |
| Dana White | one PC | one retired iPhone 4s; one |

Michael Dell'Angelo
December 21, 2015
Page 3

|  |  | retired Nokia 6101; one iPhone 6s |
|---|---|---|

Non-Custodial Files

You ask for confirmation that Zuffa will search its non-custodial "central" files for documents responsive to Plaintiffs' document requests.  Zuffa has documents both in hard copy and on electronic shared drives that contain documents that might be responsive to Plaintiffs' Requests.  We can confirm that we have begun to or will collect documents from these locations so that such documents can be searched once the parties agree on search terms.  For example, Zuffa has identified and will search for relevant documents on the following shared drives on Zuffa's server:

- Fighter Contracts Drive
- Legal Drive
- Consumer Products Drive
- Partnerships Drive
- Strikeforce Drive

Search Terms

An initial list of proposed search terms is included as Attachment A.  These proposed terms would be applied to:  (a) Zuffa's relevant shared drives, which encompass Zuffa's non-custodial electronic "central" files[1], and (2) the 22 custodians' ESI.  For specific targeted categories of documents, such as agreements, financial documents, and corporate documents search terms will not be used to limit the production of documents.

Legal Custodians

We are investigating with the legal department possible methods that could be used to screen at least some privileged and/or non-responsive materials and will present a proposal for discussion.  Per our previous discussion, we are also preparing a list of litigations and

---

[1] Zuffa has collected, and is in the process of reviewing, documents from the "Fighter Contracts Drive," which contains, among other things, the electronic contract files that have been the subject of extensive discussions during meet and confer sessions.  Zuffa does not plan to limit the review of this drive to search-term positive documents.  In other words, Zuffa is reviewing the more than 75,000 documents contained in this drive for potential production to Plaintiffs and will produce responsive documents regardless of whether they contain search terms.

Michael Dell'Angelo
December 21, 2015
Page 4

arbitrations, including descriptions to make discussion of them more meaningful, and will
provide it shortly.

<u>Preservation Issues</u>:

As described in our November 12, 2015 letter, Zuffa placed specific employees on a
litigation hold beginning on December 18, 2014, and added personnel to that litigation hold as it
identified additional individuals likely to have information relevant to the litigation.  Zuffa
identified such individuals based on (1) consultations between outside counsel and senior
management; and (2) interviews with potential custodians.  Zuffa further updated its hold list
when Plaintiffs identified other individuals that they expressed interest in, for example, after
Plaintiffs' Initial Disclosures and in Plaintiffs' correspondence in the fall regarding potential
document custodians.  To date, Zuffa has placed approximately 15% of the employees at the
company on a litigation hold.



Ms. Poriadjian reported to Garry Cook, who
is subject to a litigation hold.  Mr. Cook reports to Lawrence Epstein, who is subject to a
litigation hold.  Mr. Epstein reports to Dana White and Lorenzo Fertitta, who are both subject to
litigation holds.   Based on the five levels of reporting above ███████ – all of whom are
subject to a litigation hold – a hold on ███████ documents would have been duplicative, not
proportional to the needs of the case, and unlikely to lead to the discovery of additional relevant
information.  Further, to be clear, ████████████████████████
███████████████████ Thus, there was and is no reason to
think that ███████ possessed unique information relevant to the allegations of the Complaint
or the requests for production posed to Zuffa.  ████████████████
████████████████ you have several higher-level custodians to choose
from, ███████████████████████████ To the extent that you wish
to pursue your theory that the Pay-Per-View agreements are exclusionary, we have identified the

Michael Dell'Angelo
December 21, 2015
Page 5

individuals who negotiate TV distribution deals, which did not include ██████. Sept. 14, 2015, Zuffa's Responses to Plaintiffs' First Set of Interrogatories.

We are looking into your requests for additional information related to 13 former employees and 5 current employees listed in your letter.  However, we note that the Court has authorized you to choose six additional custodians for collection and production.  Surely, by now you have identified at least some of the custodians you will select and can eliminate from consideration some of the more peripheral, former and lower-level employees that you have asked about.  If you identify some of the six, we can get started on them.  Broad requests for more information about people that you are extremely unlikely to pick as among your chosen six simply drains resources and distracts from our task of collection, review and production.

**Document Requests**:

Overbreadth:

As you know, Zuffa objected to a number of Requests as overbroad and unduly burdensome based, *inter alia*, on the difference between the scope of the Request and the allegations in the Complaint.  For example, the request for all documents and communications relating to any venue agreement is too broad in that it seeks all sorts of documents and communications relating to logistical and innumerable other communications with venues that are not relevant to the allegation that Zuffa's contracts with venues exclude competitors.  Our hope and intent is that these overbreadth issues and similar issues can be addressed by the use of search terms.

Specific Requests:

Zuffa provides the below information in response to your requests for additional information in your December 18 letter.  Zuffa does not incorporate here all of its previous objections as stated in its Responses to Plaintiffs' First Set of Requests for Production.  Except where it is explicitly stated, Zuffa's provision of answers here does not waive its prior objections to any of these Requests.

RFP 1:

Zuffa will produce documents sufficient to show the requested information.

BOIES, SCHILLER & FLEXNER LLP

Michael Dell'Angelo
December 21, 2015
Page 6

RFP 2:

Zuffa will provide documents sufficient to show its Annual List of Managers or Managing Members during the Relevant Time Period.

RFP 3:

Zuffa maintains its objections that this Request is overly broad and that the burden of complying would far exceed its likely benefit because it is not limited to topics related to the claims or defenses in this case.  We are willing to meet and confer in an attempt to find ways to narrow this Request.

RFP 4:

We will produce documents in response to this Request.

RFP 5:

Zuffa agrees to provide documents in response to this Request sufficient to show the relationship among and between Zuffa, LLC and its affiliates, corporate parents and subsidiaries and Zuffa Holding Company, LLC.  Zuffa maintains its objection that "related entities" is vague and ambiguous.

RFPs 6 & 7:

In response to RFP 5, Zuffa has already agreed to provide documents showing the relationship among and between Zuffa, LLC and Zuffa Holding Company, LLC.  We are investigating what other responsive documents are in the client's possession, custody or control.

RFP 8:

As Plaintiffs know, Zuffa has provided substantial amounts of information regarding its organizational structure and the employees and executives with managerial responsibilities to Plaintiffs already through organizational charts, in response to Plaintiffs' Interrogatories, and in informal responses to Plaintiffs' requests for information in correspondence and during meet and confer calls.  Other documents that Zuffa will produce from the Relevant Time Period in response to Plaintiffs' other Requests will provide additional information in response to this Request, including but not limited to investor and debtor presentations and government filings. As you know, Zuffa produced organizational charts dating back to 2008; it does not maintain organizational charts before 2008.

BOIES, SCHILLER & FLEXNER LLP

Michael Dell'Angelo
December 21, 2015
Page 7

RFPs 9 & 10:

Zuffa's production of financial documents in response to Requests 9 and 10 is not yet complete. Zuffa is continuing to collect, process and review documents kept in the ordinary course of business that may be relevant to Plaintiffs' Requests and will provide them on a rolling basis.

RFPs 12-14:

We have already agreed to produce documents showing detailed breakdowns of each fighter's compensation by bout by category, such as win, show, bonus, LOA, and PPV shares, as well as detailed information regarding other compensation such as merchandise royalty statements and video game revenues. Zuffa has also agreed to produce detailed financial breakdown of its costs, as kept in the normal course of business. A great deal of this information in response to these Requests has already been provided and Zuffa will provide further information as agreed upon on a rolling basis. We are unclear what you mean in your letter when you state that Zuffa may be willing to go to the individual check level. First, this is incorrect. Sept. 8, 2015 Letter from J. Cove at p. 4 ("As we told you, we do not intend to produce documents down to the individual check level"). Second, we are not sure what else Plaintiffs are looking for in response to these Requests. Some of the information we have already provided is more granular than would be found at the individual check level because a single check may include payments from different categories that are separately broken out in the data we have provided. If there is some category of information that you are seeking that has not been or won't be provided, we are happy to discuss what you have in mind.

RFP 15:

Zuffa has been collecting and producing documents from Zuffa's finance department as well as many other locations. At this point, the collection and review process is still ongoing. Zuffa will produce third party analyst or consultant reports from the finance department on a rolling basis. Zuffa will also collect and review other documents responsive to this Request subject to an agreement on search terms designed to cull documents responsive to this Request.

RFP 17:

We have already discussed the provision of documents related to acquisitions of other MMA promoters in the Relevant Time Period. We believed that you understood our position on this issue in light of Plaintiffs' statement in the November 16 Joint Status Report that "Zuffa has agreed to produce documents related to Zuffa's or Zuffa's affiliates' acquisitions back to January

BOIES,  SCHILLER  &  FLEXNER  LLP

Michael Dell'Angelo
December 21, 2015
Page 8

1, 2005."  Nov. 16, 2015 Joint Status Report at 19.  To the extent it isn't clear, Zuffa will
produce documents regarding acquisitions of other MMA promoters or their assets during the
Relevant Time Period, and there will be additional documents beyond what we have already
provided.

RFP 19:

       As you noted in your letter, responsive documents to this Request have already been
produced in conjunction with productions of documents responding to other Requests.  We
anticipate that substantial numbers of additional responsive documents will be produced both
from the fighter files and the custodial files based on the search terms we have proposed.

RFP 20-25, 39:

       Zuffa believes the sources previously described will be the most likely to have responsive
documents.  Zuffa's document collection and review process, however, is still ongoing.  We will
continue to search for documents responsive to these Requests in other locations as the process
continues.

RFP 27, 35 & 37:

       Zuffa will produce contracts from its central hard copy files related to venues, third party
merchandisers, and sponsors during the Relevant Time Period.  Zuffa will discuss with Plaintiffs
appropriate search terms in order to identify other relevant documents responsive to these
Requests.  As explained above, Zuffa has identified network drives used for partnerships
(sponsors) and consumer products (merchandise), which Zuffa will search, subject to an
agreement on search terms designed to cull documents responsive to this Request.  Zuffa has also
identified venue-related documents in agreed-upon custodian Peter Dropick's electronic and hard
copy files as well as additional locations that his team may save documents.  Zuffa will search
these locations for documents responsive to these Requests, subject to an agreement on search
terms designed to cull documents responsive to this Request.

RFP 29:

       Per the discussion above, Zuffa will produce agreements with venues and believes that
the use of its proposed search terms will address the continuing problem of overbreadth in this
Request.

Michael Dell'Angelo
December 21, 2015
Page 9

RFP 33:

      Zuffa agrees to produce proposed and executed agreements between Zuffa and broadcasters of professional MMA events and believes that the use of its proposed search terms will address the continuing problem of overbreadth in this Request.

RFP 43:

      Zuffa's proposed list of search terms is included as Attachment A. Zuffa has included the names of the named Plaintiffs as well as the managers and agents to whom Plaintiffs issued hold notices, as identified by Mr. Weiler's October 20, 2015 letter.

RFP 44:

      Zuffa agrees to use search terms in order to identify documents responsive to this Request, subject to an agreement on search terms designed to cull documents responsive to this Request. Zuffa's document collection process is still ongoing, but we are currently unaware of any centralized files that would contain relevant documents responsive to this Request.

RFP 46:

      We will consider your December 18 proposal with regard to this Request and provide you with an update the first week after the holidays.

RFP 49:

      Zuffa continues to maintain its objection that this Request, which calls not only for the identification of social media accounts but "All Documents referencing or relating to any Social Media accounts" for any of Zuffa's executives, agents or Employees, including their personal accounts that are not used for Zuffa business, is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Zuffa is willing to meet and confer with Plaintiffs about ways to limit the scope of this Request and the individuals subject to it.

RFPs 50 & 52:

      As you know, Zuffa has raised and continues to maintain its objections regarding the overbreadth and burden of responding to Request 52. Your letter combines these two Requests but only discusses Request 50, which calls for social media contracts. As you propose, we are

Michael Dell'Angelo
December 21, 2015
Page 10

willing to meet and confer further regarding this Request.  We are still in the process of our document collection process and will update you when we have further information on the types of social media contracts.

RFPs 54-57:

      We are in the process of compiling the list of litigations and will provide this information in the near future.

**

Revised Protective Order

      We provided a draft of a Revised Protective Order with a "Highly Confidential" designation option for third parties on December 18th.  Please let us know if you have comments on the draft.

Production Issues

      We are looking into your questions regarding Zuffa's productions and will follow-up with additional information at a later date.  However, please note that Zuffa re-produced the company's prior production to the FTC regarding the FTC's investigation into the Strikeforce acquisition ("the FTC Production") in the form in which it was initially produced.  Plaintiffs agreed to this re-production method by e-mail on October 22, 2015.  All of the production issues you raised in your letter relate to such documents.  The non-legacy productions Zuffa has made all bear a ZFL- Bates prefix (as opposed to the ZUF- prefix used in the FTC Production).

      You note in your letter that "the format of the TIFFs Zuffa has produced to date is unusual," and that they have been produced with a black background and white text.  All of the TIFF documents bearing a ZFL- Bates number have been produced with a white background and black text, to the extent the original document was created in that manner.  Please provide us with specific examples of TIFFs with a ZFL prefix that have been produced as described in your letter and we will investigate the issue.

//

//

//

BOIES, SCHILLER & FLEXNER LLP

Michael Dell'Angelo
December 21, 2015
Page 11

   We look forward to continuing this discussion tomorrow at noon Pacific.


                                        Sincerely,

                                        John Cove /by SEJ

                                        John F. Cove, Jr.


cc (via e-mail only):
      Joseph Saveri (jsaveri@saverilawfirm.com)
      Matthew Weiler (mweiler@saverilawfirm.com)