# EXHIBIT 3
## FILED UNDER SEAL

| | |
|---|---|
| **From:** | Michael Dell"Angelo |
| **To:** | Stacey Grigsby |
| **Cc:** | Marcy Norwood Lynch; Brent Nakamura |
| **Subject:** | Re: Le v. Zuffa -- Meet & Confer |
| **Date:** | Wednesday, April 26, 2017 10:10:15 PM |

Thank you for the follow up.

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

On Apr 26, 2017, at 10:06 PM, Stacey Grigsby <SGrigsby@BSFLLP.com> wrote:

> Hello Michael,
> Zuffa is willing to reschedule the Dana White deposition.  I will get back to you on
> timing, dates, and the other items we discussed in the meet and confer conference by
> separate email.
>
>
> Best,
> Stacey
>
>
> **Stacey K. Grigsby**
> Partner
>
> BOIES SCHILLER FLEXNER LLP
>
> 1401 New York Ave, NW
> Washington, DC  20005
> (t) +1 202 237 9619
> ████████████
> sgrigsby@bsfllp.com
> www.bsfllp.com
>
> ---
>
> **From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
> **Sent:** Wednesday, April 26, 2017 4:24 PM
> **To:** Stacey Grigsby
> **Cc:** Marcy Norwood Lynch; Brent Nakamura
> **Subject:** RE: Le v. Zuffa -- Meet & Confer

Stacey:

As requested, I am following up on our meet and confer today to provide you with dates on which we are available to schedule the Zuffa custodian of records deposition. Presently, we are available to do so during the <u>weeks</u> of May 8, 22 and 29 as well as on May 15 or 16.

We also discussed the fact that Zuffa may be amenable to rescheduling the White deposition in light of the outstanding text message issues. We understand that you will endeavor to let us tomorrow whether Zuffa is willing to reschedule the White deposition or whether it intends to proceed on May 2. I understand that you will work with your client to identify potential alternative dates, subject to Zuffa's decision on how to proceed.

In light of the fact that the White deposition may be rescheduled, I suggested that it would be efficient to provide you with our availability in order to facilitate scheduling with your client. With the understanding that Zuffa physically collected the ███ device itself, has sent it to a vendor and is targeting the production of data from the ███ device on May 15th, we are available to reschedule the White deposition during the weeks of May 22 and 29 as well the day of June 5th. June 6th may also be possibility.

Regarding the collection of date from the ███ device, you agreed to explore with the vendor whether it is possible to produce text messages by conversation (threaded), and will let us know what you learn. We also ask that you do the same for the ███ device and, if available for collection, the ███ device.

However, as I stated on the call, because we do not know the volume of documents that may be produced from the ███ device and that volume and timeline for production from the ███████ devices is an unknown, despite the dates we listed above, if we are to reschedule, we would want the documents approximately 1 week in advance of the deposition. However, as discussed, if the volume is very substantial, additional time *may* be necessary, but we will work with Zuffa to find a mutually convenient date as soon as reasonable after Zuffa completes its production of Mr. White's text messages.

As discussed, we understand that you are still investigating whether it is possible to locate and secure the device associated with the ███ number. We also understand that Zuffa is planning to send the ███ device to a new vendor in an attempt to collect the data. If the data cannot be collected, we can revisit the our request for a physical examination.

Based on our discussion, we understand that although a hold letter was issued, the devices associated with the ███ and ███ numbers were not subject to the hold because they were identified as personal devices not likely to have responsive documents.

Marcy confirmed that ████████████ was not used for work related correspondence. We asked that you confirm that same for the additional email

addresses identified in Zuffa's text message productions, including

████████████████████████████

Thank you for confirming that phones were not collected as part of Zuffa's response to the FTC inquiry.

Finally, regarding the available dates listed above, we will do our best to keep them open, but cannot guarantee that other commitments will not surface. Also, depending upon how we ultimately staff the custodian of records of deposition, you cannot assume that all dates are available for both depositions. For example, it may not be possible to double track them or to do them back to back. We trust that you will work with us in good faith to schedule the depositions accordingly and we will do the same.

Regards,

Michael

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

---

**From:** Michael Dell'Angelo
**Sent:** Wednesday, April 26, 2017 8:24 AM
**To:** Stacey Grigsby <SGrigsby@BSFLLP.com>
**Cc:** Marcy Norwood Lynch <mlynch@BSFLLP.com>; Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler <MWeiler@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Eric Cramer <ecramer@bm.net>; Patrick Madden <pmadden@bm.net>; Ben Brown <BBrown@cohenmilstein.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <DSilverman@cohenmilstein.com>; Robert C. Maysey <rmaysey@warnerangle.com>; Jerome Elwell (jelwell@warnerangle.com) <jelwell@warnerangle.com>; Don Springmeyer <DSpringmeyer@wrslawyers.com>; Colby Williams <jcw@campbellandwilliams.com>; Mark R. Suter <msuter@bm.net>
**Subject:** Re: Le v. Zuffa -- Meet & Confer

Stacey:

I am available at 2 pm ET today. We can use the same number as yesterday.

It is surprising and disappointing that the (at least) five Zuffa attorneys working on these issues cannot provide an update in advance of our call, particularly given that we raised these issues nearly a month ago.  Indeed, Zuffa staffed the meet and confer yesterday with four attorneys, not including Marcy.

Regards,

Michael

_____

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

On Apr 26, 2017, at 8:10 AM, Stacey Grigsby <SGrigsby@BSFLLP.com> wrote:

> Michael,
> Unfortunately I am unexpectedly tied up this morning.  Thus, I will not be
> able to provide an update in advance of the meet and confer later today.
> As I stated previously, we will follow up in writing.  You will receive our
> letter by the end of this week.
>
> Best,
> Stacey
>
> **Stacey K. Grigsby**
> Partner
> _____
> BOIES SCHILLER FLEXNER LLP
> 1401 New York Ave, NW
> Washington, DC  20005
> (t) +1 202 237 9619

sgrigsby@bsfllp.com
www.bsfllp.com

---

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Wednesday, April 26, 2017 7:48 AM
**To:** Stacey Grigsby
**Cc:** Marcy Norwood Lynch; Nicholas Widnell; Suzanne Jaffe Nero; Matthew Weiler; Kevin Rayhill; Joseph Saveri; Eric Cramer; Patrick Madden; Ben Brown; Richard A. Koffman; Daniel Silverman; Robert C. Maysey; Jerome Elwell (jelwell@warnerangle.com); Don Springmeyer; Colby Williams; Mark R. Suter
**Subject:** Re: Le v. Zuffa -- Meet & Confer

Stacey:

Despite your initial indication that you would have updates by the end of the week, you agreed to try to provide updates during the meet and confer this morning. Can you provide updates in writing in advance of the meet and confer?

Regards,

Michael

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

On Apr 26, 2017, at 7:06 AM, Stacey Grigsby <SGrigsby@BSFLLP.COM> wrote:

> Michael,
> We take issue with many of the characterizations below
> and will follow up separately in writing.
>
> My apologies, but I am now unavailable at 10 am
> because of a separate matter. I will free up to meet and
> confer after 1:30 on today. Please let me know your

availability after 1:30 ET.


Stacey K. Grigsby
Partner

BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619

sgrigsby@bsfllp.com
www.bsfllp.com

-----Original Message-----
**From:** Michael Dell'Angelo [mdellangelo@bm.net]
**Sent:** Tuesday, April 25, 2017 11:31 PM Eastern
Standard Time
**To:** Marcy Norwood Lynch
**Cc:** Nicholas Widnell; Suzanne Jaffe Nero; Matthew
Weiler; Kevin Rayhill; Joseph Saveri; Eric Cramer;
Patrick Madden; Ben Brown; Richard A. Koffman;
Daniel Silverman; Robert C. Maysey; Jerome Elwell
(jelwell@warnerangle.com); Don Springmeyer; Stacey
Grigsby; Colby Williams; Mark R. Suter
**Subject:** RE: Le v. Zuffa -- Meet & Confer


Stacey:

I am writing to follow-up our meet and confer
this morning.

We again raised our request for proposed dates
on which Zuffa will make a custodian of records
available for deposition prior to the scheduled close of
discovery. As you know, on April 7th, we requested
dates for the deposition. Zuffa failed to provide a date, as
promised, and then ignored our follow-up inquiries.
Finally, this morning, after I asked again, you agreed to
provide Plaintiffs with dates either today or tomorrow for
the deposition to be held next week, after the scheduled
close of discovery. I requested that you provide Plaintiffs
with more than one date on which Zuffa's custodian of
records would be available for deposition. You agreed to
do so.

You confirmed that Zuffa <u>physically collected</u>

Mr. White's flip phone associated with the number ending in ███. You also confirmed that Zuffa did not collect and produce data from that phone. Despite Zuffa's representation to Plaintiffs and the Court that the ███ phone had been collected for production, Zuffa did not inform Plaintiffs until March 24, 2017 that it believed that the data on the ███ phone was not reasonably accessible and could not be collected and would not be produced. We requested that Zuffa provide the ██ phone for physical inspection by Plaintiffs and/or its ESI vendor. You agreed to take Plaintiffs' request under advisement.

As Zuffa has emphasized, Zuffa produced text messages from Mr. White in July 2016. However, we determined that Zuffa may not have produced text messages from Mr. White's ███ number and wrote to your colleague, Ms. Lynch, on March 29, 2017 to seek clarification. Yet, it took until April 24, 2017, following repeated request from Plaintiff, for Zuffa to finally reveal that it had never produced data from the ███ phone. During the meet and confer, you did not explain why Zuffa did not reveal its failure to produce data from the ███ in the first instance and why it took Zuffa nearly a month to respond to our inquiry.

You represented that a litigation hold was implemented "immediately when the action was filed." You explained that Mr. White was asked to stop using his ███ phone and did so as of January 8, 2015.

You represented that Zuffa did not produce data from Mr. White's phone associated with the numbers ███████. However, you did not know whether Zuffa issued a litigation hold for the ██████ phones or whether they were collected. You agreed to investigate whether a litigation hold was issued for the ██████ phones and whether they were collected. If they were not collected, we proposed that Zuffa should work with Plaintiffs to collect text messages by conversation (or threaded), which it did not do with the ███ number that was apparently collected and produced. Again, we inquired about the production of text messages from the ██████ numbers on March 29, 2017. Inexplicably, it took Zuffa nearly a month to reveal to Plaintiffs what Zuffa knew all along, data from Mr. White's ██████ numbers were not produced to Plaintiffs.

Regarding the ████████ you represented

that they were Mr. White's "personal" numbers. However, we indicated that Zuffa produced numerous text messages collected from other UFC custodians that were sent to or from ████████████  Therefore, it is apparent that those numbers contain relevant and responsive text messages and should have been collected and produced.

You also confirmed that email addresses from which text messages were sent on the custodians phones, such as ████████████████████████ were not collected. You agreed to investigate whether such email addresses contain responsive documents.

We inquired about text messages between custodians but were only produced on behalf of one custodian. We noted that many such messages post-date the filing of the litigation and, therefore, should have been subject to a litigation hold. You agreed to investigate.

Finally, notwithstanding the very serious issues regarding the collection and production of Mr. White's text messages and Zuffa's failure to answer Plaintiffs' questions for nearly a month (much if not all of which answers were known to Zuffa long before Plaintiffs even asked), Zuffa has steadfastly refused to reschedule Mr. White's deposition for a mutually convenient date after the production issues are resolved.

Regards,

Michael

MichaelDell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

**From:** Marcy Norwood Lynch [mailto:mlynch@BSFLLP.com]
**Sent:** Monday, April 24, 2017 11:38 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler <MWeiler@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Eric Cramer <ecramer@bm.net>; Patrick Madden <pmadden@bm.net>; Ben Brown <BBrown@cohenmilstein.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <DSilverman@cohenmilstein.com>; Robert C. Maysey <rmaysey@warnerangle.com>; Jerome Elwell (jelwell@warnerangle.com) <jelwell@warnerangle.com>; Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey Grigsby <SGrigsby@BSFLLP.com>; Colby Williams <jcw@campbellandwilliams.com>; Mark R. Suter <msuter@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Michael,

Please see the attached correspondence.

We are in receipt of your request for a meet and confer regarding text messages.  We are available tomorrow (Tuesday) before 10:30 a.m. or after 2 p.m. Eastern.

Regards,
Marcy

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Monday, April 24, 2017 5:52 PM
**To:** Marcy Norwood Lynch <mlynch@BSFLLP.com>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler <MWeiler@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Eric Cramer <ecramer@bm.net>; Patrick Madden <pmadden@bm.net>; Ben Brown <BBrown@cohenmilstein.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <DSilverman@cohenmilstein.com>; Robert C. Maysey <rmaysey@warnerangle.com>; Jerome Elwell (jelwell@warnerangle.com) <jelwell@warnerangle.com>;

Don Springmeyer <[DSpringmeyer@wrslawyers.com](mailto:DSpringmeyer@wrslawyers.com)>; Stacey
Grigsby <[SGrigsby@BSFLLP.com](mailto:SGrigsby@BSFLLP.com)>; Perry Grossman
<[pgrossman@BSFLLP.com](mailto:pgrossman@BSFLLP.com)>; Colby Williams
<[jcw@campbellandwilliams.com](mailto:jcw@campbellandwilliams.com)>; Mark R. Suter
<[msuter@bm.net](mailto:msuter@bm.net)>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

Please see the attached correspondence.

Regards,

Michael

_____

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia,PA 19103
direct: 215.875.3080
[mdellangelo@bm.net](mailto:mdellangelo@bm.net)
[bergermontague.com](http://bergermontague.com)

[Twitter](#) | [LinkedIn](#) | [Facebook](#)
[Signup for our e-newsletter](#)

**From:** Marcy Norwood Lynch [[mailto:mlynch@BSFLLP.com](mailto:mlynch@BSFLLP.com)]
**Sent:** Friday, April 14, 2017 2:07 PM
**To:** Michael Dell'Angelo <[mdellangelo@bm.net](mailto:mdellangelo@bm.net)>
**Cc:** Nicholas Widnell <[NWidnell@BSFLLP.com](mailto:NWidnell@BSFLLP.com)>; Suzanne
Jaffe Nero <[snero@BSFLLP.com](mailto:snero@BSFLLP.com)>; Matthew Weiler
<[MWeiler@saverilawfirm.com](mailto:MWeiler@saverilawfirm.com)>; Kevin Rayhill
<[krayhill@saverilawfirm.com](mailto:krayhill@saverilawfirm.com)>; Joseph Saveri
<[jsaveri@saverilawfirm.com](mailto:jsaveri@saverilawfirm.com)>; Eric Cramer
<[ecramer@bm.net](mailto:ecramer@bm.net)>; Patrick Madden <[pmadden@bm.net](mailto:pmadden@bm.net)>;
Ben Brown <[BBrown@cohenmilstein.com](mailto:BBrown@cohenmilstein.com)>; Richard A.
Koffman <[rkoffman@cohenmilstein.com](mailto:rkoffman@cohenmilstein.com)>; Daniel Silverman
<[DSilverman@cohenmilstein.com](mailto:DSilverman@cohenmilstein.com)>; Robert C. Maysey
<[rmaysey@warnerangle.com](mailto:rmaysey@warnerangle.com)>; Jerome Elwell
([jelwell@warnerangle.com](mailto:jelwell@warnerangle.com)) <[jelwell@warnerangle.com](mailto:jelwell@warnerangle.com)>;
Don Springmeyer <[DSpringmeyer@wrslawyers.com](mailto:DSpringmeyer@wrslawyers.com)>; Stacey
Grigsby <[SGrigsby@BSFLLP.com](mailto:SGrigsby@BSFLLP.com)>; Perry Grossman
<[pgrossman@BSFLLP.com](mailto:pgrossman@BSFLLP.com)>; Colby Williams
<[jcw@campbellandwilliams.com](mailto:jcw@campbellandwilliams.com)>; Mark R. Suter

<msuter@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Michael,

We are continuing to investigate your seriatim e-mails and text message questions.  To be clear, however, the parties agreed to a June 30, 2015 cut-off date for collection of documents.  (*See* Dkt 199: "The parties agree that the cut-off date for the end of the relevant time period for documents and information to be searched and produced is June 30, 2015."  *See also* 11/17/2015 Status Conference Transcript at 20: "THE COURT: Right. So you want a uniform time period of January 1, 2005, through June 30th of 2015 for all categories of documents aside from the fighter contracts? MR. DELL'ANGELO: That's correct, Your Honor, with the -- with the exception of a few instances where we've reached agreement.")  Therefore, the absence of or a "gap" in the production of text messages after June 30, 2015 was in accordance with the agreement of the parties.  Certain undated text messages that were sent or received after June 30, 2015 may have been produced out of an abundance of caution because the date was unknown and/or unavailable in the text message(s).  However, such production does not waive Zuffa's objection to producing text messages that were sent or received after June 30, 2015.

Regards,
Marcy

---

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Friday, April 14, 2017 1:25 PM
**To:** Marcy Norwood Lynch <mlynch@BSFLLP.com>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler <MWeiler@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Eric Cramer <ecramer@bm.net>; Patrick Madden <pmadden@bm.net>; Ben Brown <BBrown@cohenmilstein.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <DSilverman@cohenmilstein.com>; Robert C. Maysey <rmaysey@warnerangle.com>; Jerome Elwell (jelwell@warnerangle.com) <jelwell@warnerangle.com>; Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey

Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>; Mark R. Suter
<msuter@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

To be clear, the gap refers to the absence of any text
messages dated between June 30, 2015 and November
17, 2015 in ZFL-2699688. As noted below, Plaintiffs
have been able to approximate dates for some undated
texts which appear to fall within the gap period;
however, it is clear that they do not all correspond with
the date gap. In addition, there are a number of
unexplained smaller gaps throughout. We look forward
to your explanation.

Regards,

Michael

---

**From:** Michael Dell'Angelo
**Sent:** Friday, April 14, 2017 1:17 PM
**To:** Marcy Norwood Lynch
**Cc:** Nicholas Widnell; Suzanne Jaffe Nero; Matthew Weiler;
Kevin Rayhill; Joseph Saveri; Eric Cramer; Patrick Madden;
Ben Brown; Richard A. Koffman; Daniel Silverman; Robert C.
Maysey; Jerome Elwell (jelwell@warnerangle.com); Don
Springmeyer; Stacey Grigsby; Perry Grossman; Colby
Williams; Mark R. Suter
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

As previously noted, there are approximately 525
undated text messages to/from Dana White appearing in
ZFL-2699688 and 644 undated text messages to/from
Lorenzo Fertitta in ZFL-2699693. Not only do these text
messages lack any date or time information, but they also
appear to reflect only messages sent by White or Fertitta
as every text message contains a blank in the "From"
field. Nevertheless, the text messages clearly reflect
conversations during which White and Fertitta received
responses from others. It is not clear from the data, as
produced, whether these conversations have been
produced in full.

At least one of the text messages references events during the gap period.  For example, a text message sent to



However, many other text messages appear to reference events prior to the gap in question, a period of time for which Defendant produced other dated text messages within that same document.  For instance, a series of text messages to

Thus, the undated text messages do not appear to correspond entirely with or to account for the production gap. In addition to our other inquiries, please explain the gap in Zuffa's production of Mr. White's text messages.

Regards,

Michael

**From:** Michael Dell'Angelo
**Sent:** Thursday, April 13, 2017 7:44 PM
**To:** Marcy Norwood Lynch
**Cc:** Nicholas Widnell; Suzanne Jaffe Nero; Matthew Weiler;
Kevin Rayhill; Joseph Saveri; Eric Cramer; Patrick Madden;
Ben Brown; Richard A. Koffman; Daniel Silverman; Robert C.
Maysey; Jerome Elwell (jelwell@warnerangle.com); Don
Springmeyer; Stacey Grigsby; Perry Grossman; Colby
Williams; Mark R. Suter; Patrick Madden
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

We have reviewed the 27 newly-produced native files corresponding to the compilations of text messages from Defendant's designated custodians (*see* ZFL-2699671-2699697), that were originally produced to Plaintiffs as TIFF images at ZFL-1896886-1898640. Notably, the TIFF production caused the content of many text messages to be cut-off and was, therefore, incomplete. Nevertheless, Zuffa's production of the native files fails to address many of the issues addressed in Plaintiff's initial March 29, 2017 outreach regarding the text message productions nor have we had a substantive issues we raised over two weeks ago.

First, the text message productions have still not been produced by thread or in date/time order. Many of the text messages continue to lack any date or time information whatsoever. *See, e.g.*, ZFL-2699688 (525 undated text messages to/from Dana White); ZFL-2699693 (644 undated text messages to/from Lorenzo Fertitta).

Second, many of the text message productions continue to lack information in the "To" or "From" fields. *See, e.g.*, ZFL-2699674 (text message received by Joe Silva at 1/13/2015 7:24:56 PM with a blank "From" field); ZFL-2699677 (text message received by Lawrence Epstein at 1/18/2015 11:51:52 AM with a blank "From" field); ZFL-2699683 (text messages sent to/from Sean Shelby on 1/1/2014 with blank "To" and "From" fields); ZFL-2699686 (nearly every text message sent to/from Craig Borsari has a blank field); ZFL-

2699687, ZFL-2699688 (same for Dana White text messages); ZFL-2699689 (same for Donna Marcolini text messages); ZFL-2699690 (same for Joe Silva text messages); ZFL-2699693 (same for Lorenzo Fertitta text messages); ZFL-2699694 (same for Marc Ratner text messages); ZFL-2699696 (same for Sean Shelby text messages); ZFL-2699697 (same for Tracey Bleczinski text messages).  The same issue applies with regard to text messages with missing "Message" content.  *See* text messages identified in March 29, 2017 email from Michael Dell'Angelo to Marcy Norwood Lynch.

Third, issues related to apparent group text messages also remain.  *See, e.g.*, ZFL-2699688 (6/20/2015 group text messages produced from Dana White's custodial files); ZFL-2699692 (6/18/15 group text message produced from Lawrence Epstein's custodial files).

Fourth, Defendant still has not complied with Plaintiff's requests for additional information regarding the text message productions from Dana White and Lorenzo Fertitta's phones.  For example, we believe that Defendants have still not produced any text messages from White's ███████████████ phone numbers.  Defendant has also failed to explain why numerous examples of text messages exchanged between White and Fertitta appear in only one of their respective productions; however, this issue is not limited to text messages between White and Fertitta and should be explained as to each custodian.

Finally, Defendant has not confirmed whether the email addresses identified by Plaintiffs were collected or searched, and have not provided any corresponding compilation of text files for these email addresses.

Regards,

Michael

_____

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia,PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

**From:** Marcy Norwood Lynch [mailto:mlynch@BSFLLP.com]
**Sent:** Tuesday, April 4, 2017 5:31 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler
<MWeiler@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Eric Cramer
<ecramer@bm.net>; Patrick Madden <pmadden@bm.net>;
Ben Brown <BBrown@cohenmilstein.com>; Richard A.
Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman
<DSilverman@cohenmilstein.com>; Robert C. Maysey
<rmaysey@warnerangle.com>; Jerome Elwell
(jelwell@warnerangle.com) <jelwell@warnerangle.com>;
Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey
Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>; Mark R. Suter
<msuter@bm.net>; Patrick Madden <pmadden@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Michael,

We are currently investigating the issues you raise below
and will respond to you as soon as we have completed our
investigation.  In the interim, we are preparing to produce to
you the Excel spreadsheets into which the text messages
were exported for production, the TIFF versions of which
were produced to Plaintiffs in July 2016.

Regards,
Marcy

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Tuesday, April 04, 2017 1:20 PM
**To:** Marcy Norwood Lynch <mlynch@BSFLLP.com>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler
<MWeiler@saverilawfirm.com>; Kevin Rayhill

<krayhill@saverilawfirm.com>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Eric Cramer
<ecramer@bm.net>; Patrick Madden <pmadden@bm.net>;
Ben Brown <BBrown@cohenmilstein.com>; Richard A.
Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman
<DSilverman@cohenmilstein.com>; Robert C. Maysey
<rmaysey@warnerangle.com>; Jerome Elwell
(jelwell@warnerangle.com) <jelwell@warnerangle.com>;
Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey
Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>; Mark R. Suter
<msuter@bm.net>; Patrick Madden <pmadden@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

When may we expect a response to my email of March
29th?

As noted below, among other issues, it appears that Zuffa
did not produce text messages from Mr. White's "flip
phone" corresponding to the telephone number ▆▆▆▆▆
▆▆▆     Please confirm whether Zuffa collected and produced
Mr. White's text messages from ▆▆▆▆▆▆▆▆

Also, upon closer review it also appears that, at most, Zuffa
produced only a small number of texts from Mr. White's
iPhone corresponding to the number ▆▆▆▆▆▆▆▆▆
However, based on how text messages from the ▆▆▆▆▆▆
number were produced, it does not appear that the device or
devices on which texts sent from the ▆▆▆ number were
collected.

For example, we have identified two texts that correspond to
Mr. White's ▆▆▆ number in the compilations of text
messages that appear to have been collected from Mr.
White's devices corresponding to two other of his (at least)
four telephone numbers. For example:

Texts from White to himself
11/11/14 text from ▆▆▆▆▆▆▆▆
- Appears at ZFL-1898365 of White
  compilation (**ZFL-1898330**) and individually
  at ZFL-1858878

Undated text from ▆▆▆▆▆▆▆▆ and other unknown
recipient
- Appears at ZFL-1898226 of White
  compilation (**ZFL-1898195**) and individually
  at ZFL-1857784

Additionally, we have identified text messages that correspond to Mr. White's █████ number in the compilations of text messages that appear to have been collected from other custodians. For example:

<u>Examples of texts to/from White and others</u>
12/12/14 text from White to Shelby
- Appears at ZFL-1897181 of Shelby compilation

- Individual text: ZFL-1894186

5/4/15 texts between White and Silva
- Appear at ZFL-1898096 of Silva compilation

- Individual texts: ZFL-1881262, ZFL-1881264, ZFL-1881265, ZFL-1881267, ZFL-1881268, ZFL-1881269, ZFL-1881270, ZFL-1881271, ZFL-1881272

5/19/15 texts between White and Marcollini
- Appear at ZFL-1898193 of Marcolini compilation

- Individual texts: ZFL-1854793, ZFL-1854794, ZFL-1854795


However, we have not identified a collection of text messages from Mr. White's █████ number that suggests texts corresponding to that number were collected. Please let us know if the text messages from Mr. White's █████ number were collected and, if so, where they exist in Zuffa's production.

Regards,

Michael Dell'Angelo


_____

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia,PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com


Twitter | LinkedIn | Facebook
Signup for our e-newsletter

**From:** Michael Dell'Angelo
**Sent:** Wednesday, March 29, 2017 5:59 PM
**To:** Marcy Norwood Lynch <mlynch@BSFLLP.com>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler
<MWeiler@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Eric Cramer
<ecramer@bm.net>; Patrick Madden <pmadden@bm.net>;
Ben Brown <BBrown@cohenmilstein.com>; Richard A.
Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman
<DSilverman@cohenmilstein.com>; Robert C. Maysey
<rmaysey@warnerangle.com>; Jerome Elwell
(jelwell@warnerangle.com) <jelwell@warnerangle.com>;
Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey
Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>; Mark R. Suter
<msuter@bm.net>; Patrick Madden <pmadden@bm.net>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Dear Marcy:

I am writing regarding the production of text messages from Defendant's designated custodians and in further follow-up to the emails sent on March 20, 2017 by Patrick Madden.

Plaintiffs have identified 27 documents containing compilations of text messages in spreadsheet format. *See* Bates range ZFL-1896886-1898640. The manner in which these files have been produced is incomplete and requires prompt correction by Zuffa.

These documents do not appear to have been produced in a manner consistent with the parties' ESI stipulation. *See* September 1, 2015 [Proposed] Stipulated Order re: Discovery of Electronically Stored Information, ECF. No. 160. Defendant appears to have compiled the texts from individual devices into spreadsheets and then produced these documents as TIFF images, yet did not produce the documents in native format. *See id.* at 12. In further contravention of the ESI stipulation, these files appear to have been produced without corresponding metadata fields other than custodian name and confidentiality designation. *See id.* at 12, 14. Additionally, metadata associated with the

original text native files has not been produced.

Regardless of whether Zuffa complied with the ESI Stipulation, as noted in prior correspondence, the text message productions were not produced by thread or in date/time order, but rather appear to be sorted alphanumerically. *See* March 20, 2017 email from Patrick Madden to Marcy Norwood Lynch. To make matters worse, many of the text messages lack any date or time information whatsoever. *See, e.g.,* ZFL-1897621-50 (nearly 30 pages of undated text messages to/from Lorenzo Fertitta); ZFL-1898219-31 (nearly 13 pages of undated text messages to/from Dana White).

The failure to populate fields is not limited to date and time. In many cases, the text messages lack information in the "To" or "From" fields. In no less than 11 of the batched spreadsheets, nearly every text message provided contains a blank for either the "To" or "From" field. *See* ZFL-1896908 (Tracey Bleczinski); ZFL-1896918 (Sean Shelby); ZFL-1897428 (Marc Ratner); ZFL-1897604 (Lorenzo Fertitta); ZFL-1897651 (Lawrence Epstein); ZFL-1897833 (Kirk Hendrick); ZFL-1897997 (Joe Silva); ZFL-1898181 (Donna Marcolini); ZFL-1898195 (Dana White); ZFL-1898233 (Dana White); ZFL-1898477 (Craig Borsari). Even if Plaintiffs were to assume that these blank fields are intended to indicate the relevant custodian's phone number, these documents would nevertheless be inadequate. The custodian's phone number is relevant to demonstrate that the custodian sent or received the text messages, and it is highly unlikely that the native texts did not include data on the custodian's phone number. Regardless, such an assumption cannot be universally applicable. For example, in the Shelby text compilation, numerous text messages were sent by or to "Sean Shelby" but lack a sender or recipient. *See, e.g.*, ZFL-1897060 (final text on the page lacking a recipient); ZFL-1897061 (nine of the first twelve texts were sent by or to Shelby to or from an unstated telephone number or email address). Many text entries also lack any content whatsoever in the "Text" field. *See, e.g.*, ZFL-1897064 (January 13, 2014 text message from Cub Swanson to Shelby); ZFL-1897069 (January 15, 2015 text message from George Roop to Shelby); ZFL-1898197 (January 31, 2015 text message from unknown sender to White); ZFL-1898198 (February 6, 2015 text message from unknown sender to White). These missing fields must be filled in for each text in each compilation.

Moreover, in many instances, multiple phone numbers are listed in the "From" field, and as a result, it is impossible to know from whom the messages originated. *See, e.g.*, ZFL-1896909-10 (April 11-12, 2015 text messages from Bleczinski's custodial files); ZFL-1897611-12 (March 24, 2015 text messages from Fertitta's custodial files); ZFL-1897651 (June 18, 2015 text message from Epstein's custodial files); ZFL-1897837-38 (February 5-6, 11, 2015 text messages produced by Hendrick); ZFL-1897997 (January 30, 2015 text messages from Silva's custodial files); ZFL-1898195 (January 25, 2015 text messages from White's custodial files); ZFL-1898491-92 (February 24, 2015 text messages from Borsari's custodial files). The "From" field cannot contain multiple phone numbers because only one person can send a text. Thus, it appears that the fields as populated cannot be correct.

Furthermore, even when certain fields are populated, their content is frequently cut-off and incomplete. For example, many texts cut off the content of the text if the content exceeds the space provided in the field. *See, e.g.*, ZFL-1897088 (January 27, 2015 9:42 am text message from Leslie Smith to Shelby, January 28, 2014 10:12 am text message from Josh Jones to Shelby, January 28, 2015 12:50 pm text message from Joe Benavidez to Shelby). In addition, many text message entries in the compilations cut off the phone numbers if the content exceeds the space available in the fields. *See, e.g.*, ZFL-1897838 (Hendrick's text entries on February 11, 2015 at 15:49, 15:51, 16:00 and 16:03). Without having the spreadsheets in native format (and assuming that the native format contains the cut-off content), Plaintiffs cannot review the missing content. In addition, due to Defendant's failure to produce native files for the text message data, numerous text messages contain entries that appear suggest additional information is missing such as a series of May 20, 2015 text messages between Joe Silva and a phone number listed as ████████ *See* ZFL-1898111. Please produce full and complete text message data immediately sorted as maintained on the relevant devices in addition to native files for all of the batched spreadsheets.

In addition to those formatting and missing data errors, Plaintiffs' review of the text messages has raised several questions. First, Plaintiffs have identified three sets of batched text message spreadsheets that reflect the text messages of Dana White (ZFL-1898195, ZFL-1898233, ZFL-1898330) as well as four separate phone

numbers used by White ████████████
████████████████████ . Please confirm which
of Dana White's phone numbers correspond to the
above-referenced documents.

      Second, Plaintiffs have identified approximately
47 text messages exchanged between Lorenzo Fertitta
and White's ████████████ number. These text
messages range from about 9/14/12 (*see, e.g.,* ZFL-
1873545) to 12/3/14 (*see, e.g.,* ZFL-1874221). They
were produced from Fertitta's custodial files, but do not
appear to have been produced from White's custodial
files. Please confirm whether these text messages or any
other text messages from this number were produced
from Dana White's custodial files and, if not, please
explain why these text messages were not produced and
produce any responsive text messages from White phone
number immediately.

      Third, there are numerous examples of text
messages that appear in the compilation text message
spreadsheets from Fertitta's custodial files, but do not
appear in the White custodial files, and vice-versa. *See,
e.g.,* ZFL-1897750 (May 15, 2014 text messages
between White and Fertitta that appear only in Fertitta's
spreadsheet); ZFL-1898351 (October 1, 2014 text
message from White to Fertitta that appears only in
White's spreadsheet); ZFL-1897698 (December 13, 2014
text messages between White and Fertitta that appear
only in Fertitta's spreadsheet). Many of these text
messages were exchanged well after this litigation
commenced, during which time both parties were subject
to a litigation hold. *See, e.g.,* ZFL-1897660 (January 21,
2015 text messages between White and Fertitta and
others that appear only in Fertitta's spreadsheet); ZFL-
1898233-35 (March 19, 2015 text messages between
White and Fertitta that appear only in White's
spreadsheet); ZFL-1897616 (June 2, 2015 text messages
between White and Fertitta that appear only in Fertitta's
spreadsheet). Please explain why these text messages
were not produced by Dana White and Lorenzo Fertitta
respectively, and produce any other responsive text
messages immediately.

      Lastly, many of the text messages appearing in
the batched spreadsheets appear to have been sent to or
from email addresses. *See, e.g.*, ZFL-1898354 (October
26, 2013 text messages between White and
████████████████████ ); ZFL-1896908-09 (March 2015
text messages between Bleczinski and

██████████████ ZFL-1897616 (June 2, 2015
text messages between Fertitta and
██████████████; ZFL-1898117-19 (May 31, 2015
text messages between Silva and ██████████████.
Please confirm that these email addresses were collected
and searched and please provide a compilation text file
from the custodians' email addresses that received texts.

Regards,

Michael

---

**From:** Michael Dell'Angelo
**Sent:** Saturday, February 4, 2017 12:43 AM
**To:** Marcy Norwood Lynch; Patrick Madden
**Cc:** Nicholas Widnell; Suzanne Jaffe Nero; Matthew Weiler;
Kevin Rayhill; Joseph Saveri; Eric Cramer; Patrick Madden;
Ben Brown; Richard A. Koffman; Daniel Silverman; Robert C.
Maysey; Jerome Elwell (jelwell@warnerangle.com); Don
Springmeyer; Stacey Grigsby; Perry Grossman; Colby
Williams
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

Please see the attached.

Regards,

Michael

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia,PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

---

**From:** Marcy Norwood Lynch [mailto:mlynch@BSFLLP.com]
**Sent:** Friday, January 27, 2017 11:53 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>; Patrick

Madden <pmadden@bm.net>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler
<MWeiler@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Eric Cramer
<ecramer@bm.net>; Patrick Madden <pmadden@bm.net>;
Ben Brown <BBrown@cohenmilstein.com>; Richard A.
Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman
<DSilverman@cohenmilstein.com>; Robert C. Maysey
<rmaysey@warnerangle.com>; Jerome Elwell
(jelwell@warnerangle.com) <jelwell@warnerangle.com>;
Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey
Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Michael,

Please see the attached.

Regards,
Marcy

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Friday, January 20, 2017 3:43 PM
**To:** Marcy Norwood Lynch <mlynch@BSFLLP.com>; Patrick
Madden <pmadden@bm.net>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>; Matthew Weiler
<MWeiler@saverilawfirm.com>; Kevin Rayhill
<krayhill@saverilawfirm.com>; Joseph Saveri
<jsaveri@saverilawfirm.com>; Eric Cramer
<ecramer@bm.net>; Patrick Madden <pmadden@bm.net>;
Ben Brown <BBrown@cohenmilstein.com>; Richard A.
Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman
<DSilverman@cohenmilstein.com>; Robert C. Maysey
<rmaysey@warnerangle.com>; Jerome Elwell
(jelwell@warnerangle.com) <jelwell@warnerangle.com>;
Don Springmeyer <DSpringmeyer@wrslawyers.com>; Stacey
Grigsby <SGrigsby@BSFLLP.com>; Perry Grossman
<pgrossman@BSFLLP.com>; Colby Williams
<jcw@campbellandwilliams.com>
**Subject:** RE: Le v. Zuffa -- Meet & Confer

Marcy:

Please see the attached correspondence.

Regards,

Michael

<image001.png>
Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia**,**PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

**From:** Marcy Norwood Lynch [mailto:mlynch@BSFLLP.com]
**Sent:** Thursday, January 19, 2017 11:47 AM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>; Patrick
Madden <pmadden@bm.net>
**Cc:** Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne
Jaffe Nero <snero@BSFLLP.com>
**Subject:** Le v. Zuffa -- Meet & Confer

Michael and Patrick,

I write to follow up regarding the parties' meet and confer
on January 12.

During our call, you raised concerns that Deutsche Bank's
("DB") document production, which was made pursuant to
subpoena(s), included documents that were in Zuffa's
control but that Zuffa had not produced to Plaintiffs.  During
the call, we agreed to investigate this issue, but asked that
Plaintiffs provide us with specific Bates numbers from the DB
production to assist us in our investigation.  We would
appreciate it if you could provide us with such Bates
numbers pending our further analysis of third parties who
may have had non-duplicative documents in Zuffa's control.
Please note that our analysis is being done in an attempt to

resolve these issues without Court intervention, but that
Zuffa believes it has fulfilled its production obligations in
response to the First RFPs.

Regards,
Marcy

———————————

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia,PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter| LinkedIn| Facebook

Signup for our e-newsletter

———————————

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia,PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter| LinkedIn| Facebook

Signup for our e-newsletter

———————————

Marcy Norwood Lynch, Esq.

BOIES, SCHILLER & FLEXNER LLP

121 South Orange Avenue, Suite 840

Orlando, FL 32801

Main: (407) 425-7118

Direct: (407) 245-8795

Mobile: ██████████

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

<image003.png>

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent respons ble to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the

use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]