# EXHIBIT 18
## FILED UNDER SEAL

1622 LOCUST STREET  |  PHILADELPHIA, PA 19103-6305  |  PHONE: 215/875-3000  |  FAX: 215/875-4604  |  WWW.BERGERMONTAGUE.COM



**MICHAEL DELL'ANGELO**

| WRITER'S DIRECT DIAL | 215/875-3080 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | mdellangelo@bm.net |

April 24, 2017

<u>**Via Electronic Mail Only**</u>

Marcy Norwood Lynch, Esq.
BOIES SCHILLER & FLEXNER LLP
121 South Orange Avenue, Suite 840
Orlando, FL 32801
mlynch@BSFLLP.com

   Re:  *Le, et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-(PAL) (D. Nev.)

Dear Marcy:

  On March 20, 2017, Plaintiffs notified Defendant of serious issues regarding the production of text messages from Zuffa's custodians and requested that Defendant promptly reproduce the data sorted as maintained on the relevant devices. *See* March 20, 2017 email from Patrick Madden to Marcy Lynch. On March 22, 2017, Defendant responded to Plaintiffs, stating that it would "look into the issues you raise regarding text messages and get back to you shortly." *See* March 22, 2017 email from Marcy Lynch to Patrick Madden. On March 29, 2017, Plaintiffs raised numerous additional issues with Defendant's text message productions. *See* March 29, 2017 email from Michael Dell'Angelo to Marcy Lynch.

  Plaintiffs also notified Defendant of significant issues regarding the production of text messages on behalf of Dana White and Lorenzo Fertitta. Notably, Plaintiffs informed Defendant that we had identified a number of text messages exchanged between White and Fertitta that corresponded to White's ▓▓▓▓▓▓▓ number. However, those text messages were not produced as part of the productions of White's text messages. Accordingly, Plaintiffs requested that Defendant produce any responsive text messages from White's ▓▓▓ number immediately. Plaintiffs also identified various discrepancies between the text message communications produced by both White and Fertitta, among other issues.

  Still lacking any substantive response from Defendant regarding the text message productions, Plaintiffs again contacted Defendant on April 4, 2017. *See* April 4, 2017 email



Marcy Norwood Lynch, Esq.
April 24, 2017
Page 2

from Michael Dell'Angelo to Marcy Lynch.  At that time, Plaintiffs also identified a second phone number for Dana White (■■■■■■■■■), for which it appears that no text messages were collected or produced.  Later that day, Defendant finally responded to Plaintiffs' inquiries stating only that it was "currently investigating the issues" and in the meantime was preparing to produce the text messages to Plaintiffs in Excel format.  *See* April 4, 2017 email from Marcy Lynch to Michael Dell'Angelo.

On April 7, 2017, for the first time, Defendant produced 27 Excel files containing 44,928 text messages for Zuffa's custodians with metadata. *See* ZFL-2699671-2699697.  The April 7 production, which Zuffa no doubt had all along, simply allowed Plaintiffs to view the metadata associated with the text messages and to view text that was, inexplicably, hidden in the original TIFF production. Because the TIFF versions previously produced by Zuffa were missing text, Plaintiffs had to rereview all 44,928 text messages contained in the Excel versions.

On April 13, 2017, Plaintiffs informed Defendant that the production issues previously raised remained despite the production of the Excel files.  *See* April 13, 2017 email from Michael Dell'Angelo to Marcy Lynch.  Plaintiffs stressed that the April 7 production did not resolve any of the issues identified regarding missing information in the production of the text message files of White and Fertitta.  On April 14, 2017, Plaintiffs identified additional issues related to significant undated portions of White's and Fertitta's productions.  *See* April 14, 2017 emails from Michael Dell'Angelo to Marcy Lynch.  Defendant responded shortly thereafter stating that "[w]e are continuing to investigate" and noting only that the parties' discovery agreement set a June 30, 2015 cut-off date for collection of documents.  *See* April 14, 2017 email from Marcy Lynch to Michael Dell'Angelo.

Defendant has not provided any further response or update regarding the serious issues that Plaintiffs identified to date regarding Zuffa's text message productions.  In summary, the following previously identified global issues, *inter alia*, still remain:

- The text message productions were not produced by thread or in date/time order;
- Many text messages lack any date or time information whatsoever;
- Many of the compilation files contain blanks for either the "To" or "From" field throughout the entirety of the document;
- Many of the productions include apparent unexplained errors in the "To" or "From" fields;
- Numerous text messages lack any content in the "Message" field;
- Text messages exchanged between custodians do not consistently appear in the relevant custodian's productions (i.e., the text messages appear in one custodian's production, but not the other custodian's); and



Marcy Norwood Lynch, Esq.
April 24, 2017
Page 3

- Defendant has yet to confirm whether email addresses appearing in the text message productions have been searched or collected and have failed to produce any corresponding documents.

Regarding the productions of Dana White and Lorenzo Fertitta in particular, the following previously identified issues, *inter alia*, remain:

- Defendant has yet to identify which documents correspond to Dana White's respective phone numbers;
- Defendant has not provided any response regarding the apparent failure to collect and produce White's ▮▮▮▮ or ▮▮▮▮ phone numbers;
- There are numerous discrepancies between the productions from the devices of White and Fertitta (i.e., text messages between the two appear in one custodian's production, but not that of the other's); and
- There are approximately 525 undated text messages in White's productions and 644 undated text messages in Fertitta's productions.

Given the gross deficiencies in Defendant's text message productions, Plaintiffs will be greatly prejudiced if the parties proceed with Dana White's deposition as currently scheduled. Plaintiffs request an immediate meet and confer; please let us know your availability this evening or tomorrow morning. Regardless, Plaintiffs demand complete and satisfactory explanations for each of the issues identified above and in our prior correspondence on these issues. If Defendant does not promptly provide complete and satisfactory answers, Plaintiffs will have no choice but to remove Dana White's deposition from the calendar and seek emergency relief from the Court absent Defendant's agreement to reschedule the deposition after these serious production deficiencies are resolved.

On April 6, 2017, Plaintiffs informed Defendant of their intention to schedule a deposition of Zuffa's custodian of records before the current close of discovery (and, therefore, the White deposition) and requested proposed dates. *See* April 6, 2017 email from Michael Dell'Angelo to Marcy Lynch, *et al*. On April 7, 2017, Defendant stated that it would follow up "on Monday on potential dates" and requested that the deposition take place in Boies Schiller's Las Vegas office. *See* April 7, 2017 email from Stacey Grigsby to Michael Dell'Angelo. Plaintiffs promptly agreed to schedule the deposition at Defendant's requested location. *See* April 7, 2017 email from Michael Dell'Angelo to Stacey Grigsby *et al*. More than two weeks have passed since that exchange, Defendant has still not provided any proposed dates for the deposition. On April 20, 2017, Plaintiffs again inquired when they could expect proposed dates from Defendant and still have received no answer. *See* April 20, 2017 email from Michael Dell'Angelo to Stacey Grigsby *et al*. Had Defendant responded, as promised, and agreed to schedule a custodian of records deposition before the currently scheduled White deposition,



Marcy Norwood Lynch, Esq.
April 24, 2017
Page 4

Plaintiffs may have been able to resolve the numerous significant issues regarding Defendant's production of text messages. However, that is no longer possible.

Sincerely,

Michael Dell'Angelo