# EXHIBIT 23
## FILED UNDER SEAL

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

January 13, 2016

**<u>Via Electronic Mail</u>**

Michael Dell'Angelo
Berger & Montague
1622 Locust Street
Philadelphia, PA 19103
mdellangelo@bm.net

      Re:    *Le, et al. v. Zuffa, LLC*; Case No. 2:15-cv-01045-RFB-(PAL),
              and consolidated cases

Dear Michael:

I write to follow-up on our January 8 meet and confer, including addressing some outstanding issues from earlier conferences and correspondence.  Although some of the issues overlap, in the interests of moving forward promptly, this letter does not address everything raised in your 11-page letter from January 11, 2016.

**<u>Former Employees' Computers and Devices</u>**

As we advised you on the call on January 8, 2016, we can confirm that none of the 13 former Zuffa employees (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛, Michael Pine, Scott Adams, Scott Coker, ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ Randy Klein, ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛) on Plaintiffs' proposed custodian list were permitted to keep their computer(s) after they left, and Zuffa did not retain their email mail boxes, personal folders, if any, on the shared drive, or the hard drives from their computers.  Further, none of these employees had company-issued cell phones.

**<u>Custodians</u>**

Thank you for designating the six additional custodians you chose per the Court's December 10 Order.  Dkt. 207.  They are:  Nakisa Bidarian, Craig Borsari, Marshall Zelaznik, Jackie Poriadjian, Donna Marcolini and Marc Ratner.  On our January 8 call, you took the position that you were entitled to choose 3 additional custodians in addition to the six authorized

Michael Dell'Angelo
January 13, 2016
Page 2

by the Court.  We disagree with this position for the reasons discussed on the call.  You indicated that if the Court ordered 3 additional custodians you would choose ███████████████ and another legal custodian, Zuffa's Senior Vice President and Associate General Counsel, Tim Bellamy.

**Individual RFPs**

RFPs 6 & 7:

As explained on the January 8 meet and confer call, we have investigated whether there are documents relating to Zuffa Holding Company, LLC in the company's possession, custody or control and confirm that we have identified some corporate documents related to Zuffa Holding Company, LLC and will produce them as part of the rolling production process.

RFP 46:

We appreciate your clarification during the January 8 meet and confer call that this Request is limited to documents that apply to this litigation.  As we noted on the call, to date, we have not found any documents responsive to this Request that would apply to this litigation, but will produce any we find that do apply to this litigation.

RFP 50:

Thank you for your clarifications regarding Request 50 and the types of non-standard contracts with social media providers you are looking for.  We will investigate this issue further but are generally in agreement that we will produce agreements during the Relevant Time Period between Zuffa and social media networks, except for the standard terms and conditions for users.

**Search Terms**

During the December 22 and January 8 meet and confer, Plaintiffs stated that you did not believe that search terms should be used as a way to narrow and streamline the discovery process.  We continue to believe that search terms are a commonly used discovery tool that will reduce the burden and expense of document review and production and increase the speed with which documents can be produced.  Zuffa has already committed to reviewing, without the aid of search terms, over 100,000 fighter-related documents and all text messages collected from the current list of custodians.  Further, the Court has been clear that she anticipated the use of search terms, a factor that was relevant in ordering searching and production from the other custodians.  Expecting Zuffa to also review – without winnowing such ESI through search terms – the voluminous universe of emails, non-email ESI, and hard copy documents from the current list of

Michael Dell'Angelo
January 13, 2016
Page 3

custodians is unduly burdensome and expensive and not proportional to the needs of the case. As you know, we provided Plaintiffs a list of 91 proposed search terms that we believe could be used effectively in this matter.  If you have additional search terms that you think would be helpful, we are open to meeting and conferring on additional terms or modifications of the terms on this list, including tailoring search terms to particular custodians based on their responsibilities.

There appeared to be some confusion during our December 22 meet and confer discussion regarding which Requests Zuffa would use search terms for.  Zuffa proposes to use search terms to find documents responsive to the following Requests:  RFPs 15-25, 27, 29, 31, 33, 35, 37, 39, 40-45, 47 and 51.  This list generally sets out the use of search terms for Plaintiffs' "All documents" requests.  To be clear, to the extent that Zuffa has identified specific locations in which relevant documents are located (or identifies such documents in the course of reviewing documents for another document request), we will collect, review and produce non-privileged documents responsive to these Requests.  Search terms would thus be used as an additional method to find other responsive documents.  As explained in our December 21 letter, search terms would be run through Zuffa's non-custodial "central" files and the 22 custodians' ESI.

## List of Litigations

As we have discussed, we have compiled a list of litigations and disputes responsive to RFPs 54, 55, and 56.

| Case/Dispute | Description |
| --- | --- |
| *Burnett, Michael v. TUFGUY Productions, et al.*, 2:08-cv-01335-GMN-RJJ (D. Nev. Oct 20, 2010) | Lawsuit regarding contestant who was allegedly injured on The Ultimate Fighter show. |
| *Zuffa, LLC v. Randy Couture*, A555208 (Nev. 2008) | Lawsuit alleging conspiracy, injurious falsehood and trade disparagement, interference with contractual rights, and breach of contract. |
| *Bellator Sport Worldwide v. Zuffa, LLC, Jonathan Brookins & Mickey Dubberly*, A 10-4091 DMC (D. NJ 2010) | Bellator lawsuit regarding contestant on The Ultimate Fighter show alleged to be under contract with Bellator. |

Michael Dell'Angelo
January 13, 2016
Page 4

| | |
|---|---|
| *Zuffa, LLC v. Pavia Holdings LLC, d/b/a MMA Agents*, 2:10-cv-01427 (D. Nev. 2010) | Lawsuit alleging violation of Uniform Trade Secrets Act, civil conspiracy, breach of contract, breach of the implied covenant of good faith and fair dealing, aiding and abetting/inducement, conversion, and injunctive relief regarding allegations that Ken Pavia provided Bellator with confidential Zuffa documents. |
| *Mark Hunt v. Pride et al.* (Arbitration, Japan) | Lawsuit involving contract dispute after Zuffa's affiliate's acquisition of Pride. |
| *WEC Holdings v. Juarez aka Frank Shamrock*, 2:07-cv-00137 & 2:07-cv-00369-RHL-PAL (D. Nev. 2007) | Lawsuit involving claims of trademark infringement under the Lanham Act, unfair competition under the Lanham Act, trademark dilution, and common law trademark infringement regarding ownership rights in video footage from WEC event. |
| *Ken Shamrock v. Zuffa, LLC*, A561085 (D. Nev. 2010) | Contract dispute. |
| *Zuffa, LLC v. Total Fighting Alliance*, 06-cv-03337 DDP (PLAX) (C.D. Cal. 2006) | Trademark dispute. |
| *Sakakibara v. Pride FC Worldwide Holdings, LLC*, 2:08-cv-00418 & A556504 (D. Nev. 2008) | Lawsuit alleging breach of the asset purchase and consulting agreements that were part of the Pride transaction and related claims. |
| *HDNet MMA v. Zuffa, LLC & Randy Couture*, 3-08cv0442-G & 05-08-00666-CV (N.D. Tex. 2008) | Declaratory judgment action regarding Zuffa's contract dispute with Randy Couture. |
| *Zuffa, LLC v. ISportsTV.Com, LLC d/b/a/ Worldwide Fighting Championship*, 05-cv-04218-NVW (D. Ariz. 2005) | Lawsuit asserting claims of trademark infringement, dilution, and unfair competition. |
| *Pride FC Worldwide Holdings, LLC v. Dream Stage Entertainment (DSE)*, 08-A556504 (D. Nev. 2008) | Lawsuit by an affiliate of Zuffa against former owners of Pride. |
| *Zuffa, LLC v. Quinton Rampage Jackson (Rampage MMA, Inc.)*, A-09-602923 (D. | Contract dispute. |

Michael Dell'Angelo
January 13, 2016
Page 5

| Nev. 2009) | |
|---|---|
| *Square Ring, Inc. v. Zuffa, LLC*, A-10-612231C (D. Nev. 2010) | Contract dispute regarding athlete signed by Zuffa and his former promoter. |
| *BJ Penn v. Zuffa, LLC*, A488461 (D. Nev. 2004) | Dispute regarding alleged breach of contract. |
| *Zuffa, LLC v. Jay Dee Penn*, 2:2004-cv-00566 (D. Nev. 2004) | Lawsuit alleging tortious interference with Zuffa's contract. |
| *Zuffa, LLC v. Wesley Correira*, A484428 (D. Nev.) | Contract dispute. |
| *Zuffa, LLC v. Showtime Networks, Inc. and ProElite, Inc.*, 2:07-cv-00369-RLH-PAL (D. Nev. 2007) | Case alleging copyright infringement relating to Elite XC event using copyrighted material without permission. |
| *Zuffa, LLC v. Wanderlei Silva*, A-15-722258-C (D. Nev. 2015) | Lawsuit alleging defamation and business disparagement. |
| FTC (2012) Investigation | FTC Investigation into Strikeforce acquisition. |
| FTC (2015) Investigation | FTC Investigation into MMA Industry. |

**Legal Custodians**

During the last status conference, the Court encouraged the parties to discuss ways to reduce the burden associated with reviewing the legal custodians' documents.[1] We think the most efficient way to do that is to use search terms to exclude from the review documents that are likely privileged, subject to the work product doctrine and/or those that are irrelevant to this litigation. Zuffa's proposal is as follows:

1. Zuffa proposes to exclude communications with outside counsel by excluding any email and attached documents sent to or from an email address with the domain name of outside counsel who have provided legal services to Zuffa: dwheelerlaw.com; lw.com;

---

[1] For the purpose of this discussion, the legal custodians are Kirk Hendrick, Michael Mersch, and Tracy Long.

Michael Dell'Angelo
January 13, 2016
Page 6

allens.com; davispolk.com; cades.com; mayadam.net; paulweiss.com; lrrc.com; mnat.com; manatt.com; lionelsawyer.com; colson.com; forbesanderson.com; bsfllp.com; mirramgroup.com; klgates.com; mofo.com; milbank.com; machadomeyer.com; campbellandwilliams.com; cwlawlv.com; nmgovlaw.com; ogletreedeakins.com; venable.com; skadden.com; kramerlevin.com; loeb.com; halaw.jp; cov.com; wmbsa.com; turanzas.com; ritch.com; bhfs.com; dlapiper.com; herrick.com; hoevetlaw.com; icemiller.com; velaw.com; pisanellibice.com; whitecase.com; casselsbrock.com; shinkim.com; allens.com; axinn.com; fragomen.com; mtostes.com; cwilson.com; kromannreumert.com; marks-clerk.com; lawjackson.com; mwe.com; flastergreenberg.com; bakerlaw.com; gispc.com; mpplaw.com; roschier.com; kcnvlaw.com; atrottboettcher.de; murphyrosen.com; sillscummis.com; wallerlaw.com; mccormickbarstow.com; armstrongteasdale.com; mcmillan.ca; stimconsul@aol.com; luthra.com; veirano.com.br; wilhelmassocies.com; ryan.com; and wmbgd.com.

2. Zuffa proposes to exclude communications with unrelated outside consultants by excluding any email and attached documents sent to or received from an email address with the domain name of the third-party consultant: alloygroup.com (data security); techlawsolutions.com (e-Discovery vendor); corriganassociates.net (meeting coordinator); TMGOfficeServices.com (office services company); resolutioncanada.ca (dispute resolution); crai.com (consulting firm); abmac.com (public relations); fticonsulting.com (public relations); deloitte.com (financial consulting); capitalhillgroup.ca (public relations); valorcapitalgroup.com (investment firm); and brownsteinconsulting.com (consultant).

3. Zuffa proposes to exclude emails sent to or received from Zuffa's HR department by excluding emails and attached documents sent to or received from the HR department employees: Angi Brewer (Director of Human Resources), ███████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████

4. Zuffa proposes to exclude communications to or from Zuffa's tax group employees by excluding emails and attached documents sent to or received from the tax group employees, ████████████████ ████████████████████████████ ██████████████████

5. Zuffa proposes to exclude all communications, if any, with the following regulatory agencies by excluding emails and attached documents sent to or received from emails

Michael Dell'Angelo
January 13, 2016
Page 7

with domain names that include:  irs.gov; dol.gov; eeoc.gov; nvdetr.org; tax.nv.gov; clarkcountynv.gov; sec.gov or Laborcommissioner.com.

6.  Zuffa proposes to exclude emails or documents from the legal custodians' files that contain any of the following terms:  "work product"; advice w/5 (counsel or lawyer or legal); request w/2 counsel; separation w/2 agreement; severance w/2 (package or agreement); (sex* or race or racial or gender or age or discriminat* or wrong* or religion) w/3 (employ* or harass* or terminat* or fire* or dismiss* or hire or hiring); unemployment w/5 insurance; EEOC or "equal employment"; "department of labor" or DOL; FLSA or "fair labor standards"; patent; (copyright or trademark) NOT (fighter or athlete); "personal injury"; and piracy.

To be clear, these exclusions would not apply to non-custodial documents, such as submissions to the FTC in the Strikeforce matter or the litigation filings related to any of the listed litigations that we agree to produce.  Further, while we have worked to provide a comprehensive list of exclusions in this proposal, Zuffa reserves the right to supplement its list of individuals, entities, or agencies subject to exclusion to the extent that it discovers others in these categories that should also be excluded.

**Zuffa's Shared Drives**

During our previous meet and confer discussions, Plaintiffs expressed some confusion regarding the centralized files from which Zuffa plans to produce documents.  In addition to the ongoing review (without search terms) and production of the Fighter Contracts folder from which Zuffa has already produced approximately 240,000 pages of documents, and based on our consultations with our client and our investigation into Zuffa's centralized files, Zuffa proposes to search for documents with search terms in the following shared drive folders:  Consumer Products, Marketing, Partnerships, Strikeforce, and Users Folders[2].  We will also do targeted collections from Zuffa's Legal Drive, including contracts, extensions, and documents related to Zuffa Holding Company, LLC.

---

[2] Information regarding the "Users Folders" drive was previously provided to Plaintiffs in various correspondence regarding custodians and proposed custodians.  In such correspondence, the documents contained in the Users Folders drive were generally referred to as documents in "Custodian-Specific Folders on Zuffa's Network Drive."  As previously discussed, the search of Users Folders would be of the agreed-upon or Court-ordered custodians' folders.

Michael Dell'Angelo
January 13, 2016
Page 8

**E-Mail Address Questions**

In your December 18 letter, you raised questions regarding certain custodians' email addresses and during our December 22 meet and confer discussions you asked whether we were asking about and collecting personal email addresses to the extent they were used for business. First, as we explained during the meet and confer, we have specifically inquired into the use of personal email addresses during our custodial interviews.  As stated in our November 12 letter, "we have not identified any employee who uses a personal email account for business purposes." Nov. 12, 2015 Letter from J. Cove.  With regard to your questions in your December 18 letter regarding the email address boxes that have been collected for each of the agreed-upon custodians, the following email boxes have been collected:



Dana White: ▮▮▮▮▮▮▮▮▮▮▮▮ Please note that ▮▮▮▮▮▮▮ has never been an active email account on the ufc.com domain and appears to have been used by third parties in unsolicited email correspondence.

Lorenzo Fertitta ▮▮▮▮▮▮▮▮▮ As for your question regarding ▮▮▮▮▮▮▮▮▮ that account was deactivated prior to the filing of this lawsuit and no emails prior to its deactivation have been retained.  Mr. Fertitta does not have an active Station Casinos email account.

Kirk Hendrick: ▮▮▮▮▮▮▮. Please note that Mr. Hendrick has never used the blackberry.net address listed in your letter.  That address may have been displayed as an account when messages were sent from his ufc.com address via Blackberry many years ago.

John Mulkey: ▮▮▮▮▮▮▮▮▮▮

Tracy Long: ▮▮▮▮▮▮▮▮

Reed Harris: ▮▮▮▮▮▮ The ▮▮▮▮▮▮ address listed in your letter is not used for Zuffa-related business and will not be collected for this litigation.

Peter Dropick: ▮▮▮▮▮▮ The ▮▮▮▮▮▮ address you list in your letter was inactive prior to the start of this litigation and has not been retained.

**John Mulkey**

As a follow up to the discussion at the last Status Conference regarding agreed-custodian John Mulkey's ESI volume, please be advised that, to date, we have collected, processed, and loaded 181,483 e-mail documents from Mr. Mulkey's e-mail accounts and 120,255 other ESI

BOIES,   SCHILLER   &   FLEXNER   LLP

Michael Dell'Angelo
January 13, 2016
Page 9

documents from one of Mr. Mulkey's computers.  Mr. Mulkey's second computer and other non-email ESI is being processed and will be loaded when that processing is complete.  When the date restriction "Document Date is before 7/1/2015" is added, there are 142,881 e-mail documents from Mr. Mulkey's e-mail accounts and 105,527 other ESI documents from one of Mr. Mulkey's computers.  This custodial volume data will obviously increase after Mr. Mulkey's second computer and other non-email ESI are processed.

**Joint Status Report Schedule**

During the meet and confer discussion on January 8, we discussed a proposal for the next Joint Status Report whereby each side would exchange drafts of their respective sections of the Joint Status Report at designated times.  We proposed the following schedule:

- Friday, 1/15 5pmPT/8pmET:  exchange a list of topics to be included in the Joint Status Report
- Tuesday, 1/19 5pmPT/8pmET:  exchange initial drafts
- Thursday, 1/21 Noon PT/3pmET:  exchange revised drafts
- Friday, 1/22 9amPT/Noon ET:  exchange final necessary substantive revisions
- Friday, 1/22 Noon PT/3pmET:  exchange final non-substantive edits and nits

Please let us know if Plaintiffs are amenable to this schedule.  We are happy to handle the filing and the provision of the courtesy copy to the Court.

We are available to meet and confer regarding the issues in this letter and other outstanding issues on Tuesday, January 19.  Please let us know if you have availability that day.

Sincerely,

John Cove /by SEJ

John F. Cove, Jr.

cc (via e-mail only):
      Joseph Saveri (jsaveri@saverilawfirm.com)
      Patrick Madden (pmadden@bm.net)
      Hiba Hafiz (hhafiz@cohenmilstein.com)
      Colby Williams (jcw@campbellandwilliams.com)