1   WILLIAM A. ISAACSON (*Pro hac vice*)
    (wisaacson@bsfllp.com)
2   STACEY K. GRIGSBY (*Pro hac vice*)
    (sgrigsby@bsfllp.com)
3   NICHOLAS WIDNELL (*Pro hac vice*)
    (nwidnell@bsfllp.com)
4   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, NW
5   Washington, DC 20005
    Tel: (202) 237-2727; Fax: (202) 237-6131
6
    RICHARD J. POCKER #3568
7   (rpocker@bsfllp.com)
    BOIES SCHILLER FLEXNER LLP
8   300 South Fourth Street, Suite 800
    Las Vegas, Nevada 89101
9   Tel: (702) 382-7300; Fax: (702) 382-2755

10  DONALD J. CAMPBELL #1216
    (djc@campbellandwilliams.com)
11  J. COLBY WILLIAMS  #5549
    (jcw@campbellandwilliams.com)
12  CAMPBELL & WILLIAMS
    700 South 7th Street
13  Las Vegas, Nevada 89101
    Tel: (702) 382-5222; Fax: (702) 382-0540
14
    *Attorneys for Defendant* Zuffa, LLC, d/b/a
15  Ultimate Fighting Championship and UFC

16

17                  **UNITED STATES DISTRICT COURT**

18                       **DISTRICT OF NEVADA**

19  Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon        No.: 2:15-cv-01045-RFB-(PAL)
    Vera, Luis Javier Vazquez, and Kyle Kingsbury,
20  on behalf of themselves and all others similarly      **ZUFFA, LLC'S MOTION TO SEAL**
    situated,                                             **PORTIONS OF ZUFFA'S**
21                                                        **OPPOSITION TO PLAINTIFFS'**
                                                          **MOTION TO COMPEL**
22                  Plaintiffs,                           **DEFENDANT TO PRODUCE A**
            v.                                            **LOG OF COMMUNICATIONS**
23                                                        **FOR DANA WHITE'S**
                                                          **DISCOVERABLE TELEPHONE**
24  Zuffa, LLC, d/b/a Ultimate Fighting                   **NUMBERS AND ELECTRONIC**
    Championship and UFC,                                 **COMMUNICATION DEVICES**
25                                                        **AND DIRECTING DEFENDANT**
                                                          **TO SUBMIT AN INVENTORY OF**
26                  Defendant                             **ELECTRONIC**
                                                          **COMMUNICATION DEVICES**
27                                                        **AND RELATED DOCUMENTS**
                                                          **(ECF No. 395)**
28

---

ZUFFA'S MOT. TO SEAL OPP'N TO PLS' MOT.          Case No.: 2:15-cv-01045-RFB-(PAL)
TO COMPEL DEF. TO PROD. LOG OF COMMC'NS

I.     <u>INTRODUCTION</u>

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices (ECF No. 396) ("Opposition") as redacted in the public version of that document.  Zuffa further respectfully requests that the Court order the Clerk of Court to file under seal those exhibits or portions thereof to the Motion to Compel specified below.[1]  This Motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents ("Grigsby Sealing Declaration").

The Protective Order in this case provides for the filing of documents under seal where a document or portions thereof contain Confidential or Highly Confidential Information.  ECF No. 217, ¶ 14.3.  As described fully below, Zuffa seeks to file under seal three categories of documents. First, Zuffa seeks to file under seal portions of exhibits containing trade secret information from one of Zuffa's vendors involved with extracting text messages.  Second, Zuffa seeks to file under seal portions of exhibits that reveal personal information of current and former Zuffa employees.  Third, Zuffa seeks to file under seal an exhibit containing Zuffa's confidential business information regarding Zuffa's confidential internal business operations.

II.    <u>LEGAL STANDARD</u>

Documents filed in connection with a non-dispositive motion may be sealed if the party

---

[1] All exhibits referenced in this Motion refer to exhibits to the Declaration of Stacey K. Grigsby in Support of Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents ("Grigsby Decl.").

ZUFFA'S MOT. TO SEAL OPP'N TO PLS' MOT. TO          Case No.: 2:15-cv-01045-RFB-(PAL)
COMPEL. DEF. TO PROD. LOG OF COMMC'NS

seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

There is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

In addition, sealing is appropriate for documents that are "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on *reconsideration in part*, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016). Sealing is also appropriate for documents that contain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet

1   the "compelling reasons" standard and are properly filed under seal, *In re Elec. Arts, Inc.*, 298 F.

2   App'x 568, 569 (9th Cir. 2008), as well as for documents containing sales volume and pricing

3   information, sensitive information about a company's products and processes not typically available

4   to the public, customer identity information, and capital expenditure and development cost

5   information,  *e.g. Triquent Semiconductor, Inc. v. Avago Techs Ltd.*, No. CV 09-1531-PHX-JAT,

6   2011 WL 6182346, at *2-*8 (D. Ariz. Dec. 13, 2011).

7   III.   ARGUMENT

8        A.   Confidential and Proprietary Pricing Information in Vendor Declaration.

9        Zuffa seeks to redact a small portion of Exhibit I that reveals confidential and proprietary

10   pricing information for the vendor Zuffa engaged to extract text messages from Dana White's phone.

11   The vendor keeps this pricing information strictly confidential.  Grigsby Sealing Decl. ¶ 6.  This

12   trade secret pricing information is information that, if released, could cause competitive harm if

13   released publicly.

14        B.   Zuffa Current and Former Employee Cellular Phone Information and E-mail
                Addresses.

15   Zuffa seeks to redact the email addresses of all current and former Zuffa employees from

16   Exhibit F, as well as all but the last two numbers of Mr. White's cellular telephones, to protect their

17   privacy.  The final two digits of each of Mr. White's phone numbers are sufficient to uniquely

18   identify each of the phones at issue in this motion.  Zuffa further seeks to redact the e-mail addresses

19   of all current and former employees, including Mr. White, from Exhibit C to protect the privacy of

20   those e-mail addresses.

21        C.   Private Personal Information of Zuffa Employee.

22   Zuffa seeks to file Exhibit H under seal.  Exhibit H contains highly confidential information

23   regarding the personal and family information of a Zuffa employee.  Exhibit H describes the

24   personal and private practices of the Zuffa employee with respect to his communications as well as

25   information about the employee's family.

26        D.   Zuffa's Confidential Internal Business Operations.

27   Zuffa seeks to file Exhibit B under seal as Exhibit B is a highly confidential document that

28   was sent from Zuffa's Chief Legal Officer to Zuffa employees.  This is the type of legal

3

communication to Zuffa employees that Zuffa does not disclose publicly and treats as confidential. *See* Grigsby Decl. ¶ 8.

Zuffa also seeks to redact a portion of Exhibit G that are subject to confidential agreements between Zuffa and two of its vendors.  These agreements provide for the confidentiality of the engagement between Zuffa and its vendors and permitting redaction of the identities of the vendors would promote the interests of third parties in having their privacy and business interests protected.

IV.  CONCLUSION

Zuffa respectfully requests that the Court find that Zuffa has made the requisite particularized showing of good cause sufficient to justify sealing of the documents, or portions thereof, listed above.

ZUFFA'S MOT. TO SEAL OPP'N TO PLS' MOT. TO          Case No.: 2:15-cv-01045-RFB-(PAL)
COMPEL. DEF. TO PROD. LOG OF COMMC'NS

1    Dated:     May 24, 2017                    Respectfully Submitted,

2                                            BOIES SCHILLER FLEXNER LLP

3

4                                            By: */s/ Stacey K. Grigsby* _____

                                                 Stacey K. Grigsby

5                                            *Attorneys for Defendant* Zuffa, LLC, d/b/a

                                           Ultimate Fighting Championship and UFC

6

7                                            WILLIAM A. ISAACSON (*Pro hac vice*)

                                           (wisaacson@bsfllp.com)

8                                            STACEY K. GRIGSBY (*Pro hac vice*)

                                           (sgrigsby@bsfllp.com)

9                                            NICHOLAS A. WIDNELL (*Pro hac vice*)

                                           (nwidnell@bsfllp.com)

10                                           BOIES SCHILLER FLEXNER LLP

                                           1401 New York Ave., NW, Washington, DC 20005

11                                           Telephone: (202) 237-2727; Fax: (202) 237-6131

12                                           RICHARD J. POCKER #3568

                                           (rpocker@bsfllp.com)

13                                           BOIES SCHILLER FLEXNER LLP

                                           300 South Fourth St., Ste. 800, Las Vegas, NV 89101

14                                           Telephone: (702) 382 7300; Fax: (702) 382 2755

15                                           DONALD J. CAMPBELL #1216

                                           (djc@campbellandwilliams.com)

16                                           J. COLBY WILLIAMS #5549

                                          (jcw@campbellandwilliams.com)

17                                           CAMPBELL & WILLIAMS

                                          700 South 7th Street, Las Vegas, NV 89101

18                                           Telephone: (702) 382-5222; Fax: (702) 382-0540

19                                           *Attorneys for Defendant* Zuffa, LLC, d/b/a

                                           Ultimate Fighting Championship and UFC

20

21

22

23

24

25

26

27

28

ZUFFA'S MOT. TO SEAL OPP'N TO PLS' MOT. TO       Case No.: 2:15-cv-01045-RFB-(PAL)
COMPEL. DEF. TO PROD. LOG OF COMMC'NS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents (ECF No. 395)** was served on May 24, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.


_/s/ Michael Kim_

**Michael Kim**, an Employee of Boies
Schiller Flexner LLP

ZUFFA'S MOT. TO SEAL OPP'N TO PLS' MOT. TO          Case No.: 2:15-cv-01045-RFB-(PAL)
COMPEL. DEF, TO PROD. LOG OF COMMC'NS