WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF ZUFFA'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE A LOG OF COMMUNICATIONS FOR DANA WHITE'S DISCOVERABLE TELEPHONE NUMBERS AND ELECTRONIC COMMUNICATION DEVICES AND DIRECTING DEFENDANT TO SUBMIT AN INVENTORY OF ELECTRONIC COMMUNICATION DEVICES AND RELATED DOCUMENTS (ECF No. 395)** |

GRIGSBY DECLARATION ISO ZUFFA
MOT. TO SEAL PLS.' MOT. TO COMPEL

Case No.: 2:15-cv-01045-RFB-(PAL)

1. I, Stacey K. Grigsby, declare as follows:

    1. I am over 21 years old and have personal knowledge of the information in this declaration. I am a member in good standing of the bars of the District of Columbia and the state of New York. I am admitted pro hac vice to practice before this Court. I am a partner in the law firm Boies Schiller Flexner LLP, counsel for Zuffa, LLC ("Zuffa") in the above captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

    2. Except where otherwise stated, based on my review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

    3. I make this declaration in support of Zuffa's Motion to Seal Portions of Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents (ECF No. 395) ("Motion to Seal").

    4. Zuffa seeks to seal limited portions of exhibits and one exhibit to the Declaration of Stacey K. Grigsby in Support of Zuffa's Opposition to Zuffa's Opposition to Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents ("Grigsby Decl.").

    5. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Documents filed in connection with a non-dispositive motion like the Motion to Compel may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted).

6. I understand that Stroz Friedberg does not publicly disclose pricing information regarding its services and that pricing information is kept confidential as between Stroz Friedberg and its clients.

7. The contracts between Zuffa and its e-discovery vendors contain confidentiality provisions, which limits the public disclosure of information concerning work performed under the contracts.

8. I further understand that Zuffa has a policy of not disclosing its confidential internal business practices, including the policies and procedures it uses with respect to litigation holds and Mandatory Preservation Notices. In addition, this internal communication is a highly confidential communication between Zuffa's in-house counsel and Zuffa employees and I understand that Zuffa zealously guards these communications and treats them as highly confidential.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 24th day of May, 2017, in Washington, DC.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby