UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**JOINT PROPOSED AGENDA FOR JUNE 1, 2017 STATUS CONFERENCE** |

The parties in the above-captioned matter have met and conferred regarding the Hearing on Plaintiffs' Emergency Motion for Extension of Discovery Deadline and Case Management Schedule (ECF No. 363) and Request for a Status Conference (ECF No. 393). Because intervening developments have resulted in certain changes to the status of matters or events reflected in the parties' submissions, for the Court's convenience, the parties have prepared the following statement to reflect the current status and respectfully propose, in addition to any matters that the Court wishes to address, the following agenda of unresolved discovery related issues for the Court's consideration at the June 1, 2017 hearing and status conference. (ECF No. 394).

I.   **Discussion of Pending Motions**

   a.   **Plaintiffs' Emergency Motion for Extension of Discovery Deadline and Case Management Schedule**, ECF No. 363, filed March 21, 2017.

| Plaintiffs' Position (ECF No. 363) | Zuffa's Position (ECF No. 401 at 1-2)[1] |
|---|---|
| Plaintiffs request an additional 60 days of fact discovery from the date of the entry of the Court's Order with a corresponding 60-day extension for all remaining case management deadlines.<br><br>Plaintiffs do not believe that they should be limited to pursuing discovery items already in progress during any extended discovery period. | Defendant proposes a 45-day extension of the original fact discovery deadline to June 15, 2017.<br><br>Defendant opposes the service of new written discovery and additional depositions subject to the following exceptions:<br><br>Defendant proposes that the extended fact discovery period may only be used to: resolve disputes related to the parties' written discovery responses and document productions; and complete the depositions of 5 former and current Zuffa employees,[2] Plaintiffs' 30(b)(6) depositions of Zuffa and WME-IMG, and the deposition of third-party witness Scott Coker. |

---

[1] May 10, 2017 letter from Stacey K. Grigsby to the Honorable Peggy A. Leen responding to Plaintiffs' May 5, 2017 letter from Don Springmeyer to the Honorable Peggy A. Leen (ECF No. 393).

[2] Dana White, Kirk Hendrick, Ike Lawrence Epstein, Joe Silva, and Michael Mersch.

    b. **Plaintiffs' Motion to Challenge Work Product Designation**, ECF No. 282, filed August 31, 2016 ("Work Product Motion"). The Work Product Motion is fully briefed. Plaintiffs are challenging work product designations for three documents relating to a fighter compensation study. Zuffa opposes Plaintiffs' motion, and has withheld documents that it believes are protected by the work product doctrine. Since the September 27, 2016 hearing, there has been no change in the parties' positions.

    c. **Motions to Quash Subpoenas**, Case No. 2:17-cv-849-RFB-GWF (relating to subpoena to Non-Party Bellator Sport Worldwide (transferred from Central District of California)), and Case No. 3:17-mc-27 (N.D. Tex.) (relating to deposition subpoena of Mark Cuban (Plaintiffs are seeking to transfer dispute to the District of Nevada)).

        i. Third party Bellator moved to quash Plaintiffs' and Zuffa's subpoenas *duces tecum* as to Bellator's financial information (sought by Plaintiffs' subpoena and in a motion to compel) and fighter contracts (sought by Zuffa's subpoena). The motion is fully briefed.

        ii. Third party AXS TV, LLC moved to quash Plaintiffs' and Zuffa's deposition subpoenas to Mark Cuban, CEO, Chairman and President of AXS TV, LLC. Plaintiffs filed their opposition on May 8. AXS's reply was filed May 22. The motion is fully briefed.

    d. **Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices**, ECF Nos. 395-398, filed May 9, 2017. The motion is fully briefed as of May 31, 2017.

    e. **Plaintiffs' Motion to Compel Production of Documents from Third Party Zinkin Entertainment, LLC,** Case No. 1:17 at 359, (E.D. Cal.) (relating to document subpoena served on Zinkin Entertainment, LLC). Plaintiffs moved to compel compliance with their subpoena *duces tecum* to third party fighter agent Zinkin Entertainment, LLC, served on December 12, 2015. No hearing has been scheduled pending filing of Zinkin's portion of the joint

stipulation.

**II.     Pending Discovery**

    **a.  Depositions.**

        **i.  Zuffa Current and Former Employees.** Plaintiffs have noticed and the parties are attempting to schedule depositions of one current Zuffa employee—Dana White—and three former Zuffa employees—Joe Silva, Michael Mersch, and Kirk Hendrick.  Defendant has not objected to Plaintiffs taking these depositions after the close of discovery under the operative Scheduling Order.  However, Plaintiffs seek to extend the duration of each of these depositions to up to 14 hours of testimony for each deponent.  In addition, another Zuffa employee, Mr. Lawrence Epstein, was deposed for seven hours on May 26, 2017.  Plaintiffs are seeking an additional seven hours with him as well.  Defendant opposes Plaintiffs' request to double the duration of all of these depositions. The parties also have a potential dispute about the appropriate date for the deposition of Mr. Mersch.

        **ii.  Rule 30(b)(6) Deposition of Zuffa Designees.** Plaintiffs have noticed additional topics relating to fighter compensation, financial data and databases, and Zuffa's valuations. The parties previously agreed to defer all such topics until resolution of Plaintiffs' Motion to Challenge Work Product Designation, ECF No. 282, to conserve the parties' resources. Accordingly, this deposition cannot go forward until the Work Product Motion is resolved.

        **iii.  Custodian of Records.** Plaintiffs have sought and Zuffa has agreed to produce a custodian of records for deposition on a date yet to be scheduled. The parties have a potential dispute about the breadth of topics to be addressed at this deposition.  The parties are continuing to meet and confer regarding the scope of the deposition, which has yet to be scheduled.

        **iv.  Third parties.** Plaintiffs subpoenaed third parties during the discovery period that were unavailable for deposition before the discovery deadline. Zuffa does not object to Plaintiffs' depositions of WME|IMG and Scott Coker (the current CEO of Bellator) ("Uncontested Third-Party Depositions"). Mr. Coker's deposition has been taken off calendar

pending resolution of Bellator's motion to quash. *See* Section I(c). However, Defendant objects to Plaintiffs' efforts to conduct the following third-party depositions ("Contested Third-Party Depositions") after the close of discovery under the operative Scheduling Order:

1. The Raine Group;
2. Andrew Simon, AXS;
3. Mark Cuban, AXS;
4. Robert "Bob" Meyrowitz, SEG (former owner of UFC);
5. Louis J. DiBella, DiBella Entertainment, Inc., Boxing Promoter
6. Robert "Bob" Arum, Top Rank, Inc., Boxing Promoter;
7. Kathryn Duva, Main Events Productions, L.L.C., Boxing Promoter;
8. Leon Margueles, Warriors Boxing and Promotions, LLC, Boxing Promoter;
9. Gary Shaw, Boxing Promoter; and
10. Moody's Investor Service, Inc.

### b. Rule 45 Subpoenas

Plaintiffs served the following third parties with subpoenas *duces tecum* and are continuing to negotiate responsive document productions:

1. Golden Boy Promotions, LLC;
2. Golden Boy Promotions, Inc.;
3. Haymon Sports LLC;
4. Haymon Holdings LLC;
5. One Championship, c/o Matt Hume;
6. King of the Cage Inc.;
7. The Topps Company, Inc.;
8. Reebok International Limited;
9. Jakks Pacific, Inc.;
10. Getty Images, Inc.;

11. Louis J. Dibella, Dibella Entertainment, Inc., Boxing Promoter;

12. Robert "Bob" Arum, Top Rank, Inc., Boxing Promoter;

13. Kathryn Duva, Main Events Productions, L.L.C., Boxing Promoter;

14. Leon Margueles, Warriors Boxing and Promotions, LLC, Boxing Promoter;

15. Gary Shaw, Boxing Promoter;

16. Legacy Fighting Alliance (Formerly Resurrection Fighting Alliance); and

17. Ed Soares, Agent.

Defendant objects to continued discovery from third parties outside the discovery period to the extent Plaintiffs have not either (1) filed a motion to compel within the discovery period, or (2) reached an agreement with the third party during the discovery period pursuant to which the third party has agreed to provide documents outside the discovery period.

**c. Interrogatories.** The parties disagree as to whether the Court increased the number of interrogatories Plaintiffs were permitted to propound on Defendant, but this potential dispute may be resolved pursuant to ongoing discussions between the parties. Defendant served objections without substantive responses to Plaintiffs' 26th through 31st interrogatories on May 12, 2017. The parties will meet and confer regarding Zuffa's responses.

**d. Document Productions.**

   **i.** Plaintiffs have raised several issues regarding the identification, preservation, collection and production of text messages from Zuffa custodians Dana White and Michael Mersch. Zuffa is investigating the issues raised by Plaintiffs concerning Dana White, and produced additional text messages on May 26, 2017. Zuffa has responded to Plaintiffs' questions concerning its preservation, collection, and production of text messages from Michael Mersch and has informed Plaintiffs that it does not anticipate producing any additional ESI from this custodian that is under Zuffa's custody or control. Plaintiffs have served a subpoena on Mr. Mersch seeking all Zuffa documents in Mr. Mersch's possession. Defendant objects to the scope

of the document subpoena.

    **ii.** Plaintiffs have requested from Zuffa the documents relating to the Mercer study. Defendant has asserted that these documents are protected by the work product doctrine. If this Court disagrees with Defendant's work product designation, Defendant will produce them shortly after the resolution of Plaintiffs' Motion to Challenge Work Product Designation, ECF No. 282. If the Court orders the production of some or all of these documents, the parties have agreed to move forward with a Rule 30(b)(6) deposition relating to fighter compensation, financial data and databases, and Zuffa's valuations. Moreover, the parties have also agreed, and the Court has ordered, that the date for serving class and merits expert reports will be no earlier than thirty days after the Court orders the production of the Mercer documents, if it does so order.

    **iii.** Plaintiffs served a former Zuffa employee, John Hertig, with a subpoena for documents on April 13. Defendant objects to the subpoena of Mr. Hertig.

  e. **New Discovery.** Plaintiffs contend that they have identified new evidence through depositions and, as a result, seek to take the following additional third party discovery. Defendant opposes the following third party discovery on the ground that these requests are untimely.

- **January Capital/Mubadala** (former 10% owner of Zuffa). Plaintiffs will seek to depose Mubadala personnel and request documents from Mubadala that are under Zuffa's control. Plaintiffs claim that Zuffa has recently represented that Mubadala was an agent of Zuffa as well as an owner. Defendant contends that Mubdala is an agent of January Capital, a former 10% owner of Zuffa and that Plaintiffs should have been aware of the relationship between Zuffa and January Capital[3] near the outset of this case in light of early disclosures made by Zuffa.

- **Showtime Networks.** Plaintiffs will seek to depose certain Showtime employees and to propound a subpoena to Showtime. Defendant states that Plaintiffs have had pertinent information relating to Showtime since July 2016.

- **Vinci Partners** (Brazilian Investment Firm). Vinci drafted a report that

---

[3] January Capital purchased a 10% interest in Zuffa in December 2009. January Capital is owned by Flash Entertainment. The investment in Zuffa was managed by Mubadala on behalf of Flash Entertainment. Following the sale of Zuffa to WME/IMG in July of 2016, January Capital no longer holds an ownership interest in Zuffa.

Plaintiffs believe contain material statements relevant to this case. Plaintiffs will seek documents from Vinci and seek to depose its personnel. Defendant disputes the relevance of any information that could come from this deposition and states that Plaintiffs have had relevant information relating to the basis for this deposition since September 2016.

- **Malki Kawa** (MMA agent). Plaintiffs believe recent deposition testimony from a Zuffa executive contained new material statements regarding contract negotiations, previously unknown to Plaintiffs, between Malki Kawa and Zuffa regarding a potential class member. The Zuffa executive did not recall what he meant by statements he made during those negotiations. Plaintiffs will seek to depose Mr. Kawa. Defendant states that the statements Plaintiffs would like to probe are from Mr. Kawa and produced to Plaintiffs in July 2016, if not earlier.

Zuffa takes no position on whether Plaintiffs should be permitted to take additional discovery of the following third party:

- **One Championship** (third party MMA promoter). On May 10, Plaintiffs received documents that One Championship produced to Zuffa, including a declaration by One Championship Vice President of Operations and Competition Matt Hume. Plaintiffs will seek to depose Mr. Hume regarding statements made in his declaration.

**III.   Expert Discovery.** Under the current schedule, Plaintiffs' class and expert merits reports are due on July 31, 2017 or 30 days after the Court rules on the Work Product Motion, whichever comes later. Plaintiffs seek to have their initial expert disclosure deadline to begin no earlier than 30 days after the Court sets for the close of any additional fact discovery. Zuffa opposes Plaintiffs' request.

| | |
|---|---|
| Dated: May 31, 2017 | Respectfully Submitted, |
| | By: /s/ *Michael Dell'Angelo* |
| | Michael Dell'Angelo |
| | |
| | Eric L. Cramer |
| | Michael Dell'Angelo |
| | Patrick F. Madden |
| | BERGER & MONTAGUE, P.C. |
| | 1622 Locust Street |
| | Philadelphia, PA 19103 |
| | Telephone: (215) 875-3000 |
| | Facsimile: (215) 875-4604 |
| | ecramer@bm.net |
| | mdellangelo@bm.net |
| | pmadden@bm.net |
| | |
| | Joseph R. Saveri |
| | Joshua P. Davis |
| | Matthew S. Weiler |
| | Kevin E. Rayhill |
| | JOSEPH SAVERI LAW FIRM, INC. |
| | 555 Montgomery Street, Suite 1210 |
| | San Francisco, California 94111 |
| | Telephone: (415) 500-6800 |
| | Facsimile: (415) 395-9940 |
| | jsaveri@saverilawfirm.com |
| | jdavis@saverilawfirm.com |
| | mweiler@saverilawfirm.com |
| | krayhill@saverilawfirm.com |
| | |
| | Benjamin D. Brown |
| | Richard A. Koffman |
| | Daniel Silverman |
| | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| | 1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005 |
| | Telephone: (202) 408-4600 |
| | Facsimile: (202) 408 4699 |
| | bbrown@cohenmilstein.com |
| | rkoffman@cohenmilstein.com |
| | dsilverman@cohenmilstein.com |
| | |
| | *Co-Lead Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* |

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Robert C. Maysey
Jerome K. Elwell
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com

Frederick S. Schwartz
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407
Facsimile: (818) 995-4124
fred@fredschwartzlaw.com

*Additional Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Dated: May 31, 2017             BOIES, SCHILLER & FLEXNER LLP

By: /s/ Stacey K. Grigsby
      Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email:   wisaacson@bsfllp.com
         nwidnell@bsfllp.com
         sgrigsby@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email:   djc@campbellandwilliams.com
         jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email:   rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**ATTESTATION OF FILER**

The signatories to this document are Michael Dell'Angelo and Stacey K. Grigsby, and I have obtained Stacey K. Grigsby's concurrence to file this document on her behalf.

Dated: May 31, 2017

By: /s/ *Michael Dell'Angelo*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **JOINT PROPOSED AGENDA FOR JUNE 1, 2017 STATUS CONFERENCE** was served on May 31, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Michael Dell'Angelo*