| | |
|---|---|
| 1 | WILLIAM A. ISAACSON (*Pro hac vice*) |
| 2 | (wisaacson@bsfllp.com) |
|   | STACEY K. GRIGSBY (*Pro hac vice*) |
| 3 | (sgrigsby@bsfllp.com) |
|   | NICHOLAS A. WIDNELL (*Pro hac vice*) |
| 4 | (nwidnell@bsfllp.com) |
|   | BOIES SCHILLER FLEXNER LLP |
| 5 | 1401 New York Avenue, NW, 11th Floor, Washington, DC 20005 |
|   | Telephone: (202) 237-2727; Fax: (202) 237-6131 |
| 6 | |
| 7 | RICHARD J. POCKER #3568 |
|   | (rpocker@bsfllp.com) |
| 8 | BOIES SCHILLER FLEXNER LLP |
|   | 300 South Fourth Street, Suite 800, Las Vegas, NV 89101 |
| 9 | Telephone: (702) 382-7300; Fax: (702) 382-2755 |
| 10 | |
|    | DONALD J. CAMPBELL #1216 |
| 11 | (djc@campbellandwilliams.com) |
|    | J. COLBY WILLIAMS #5549 |
| 12 | (jcw@campbellandwilliams.com) |
|    | CAMPBELL & WILLIAMS |
| 13 | 700 South 7th Street, Las Vegas, NV 89101 |
|    | Telephone: (702) 382-5222; Fax: (702) 382-0540 |
| 14 | |
| 15 | *Attorneys for Defendant* Zuffa, LLC, d/b/a |
|    | Ultimate Fighting Championship and UFC |
| 16 | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| 20 | Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, | Case No.: 2:15-cv-01045-RFB-(PAL) |
| 21 | | |
| 22 | | **[PROPOSED] ORDER REGARDING PRODUCTION OF DOCUMENTS BY BELLATOR SPORT WORLDWIDE, LLC** |
| 23 | Plaintiffs,<br>v. | |
| 24 | Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 25 | | |
| 26 | Defendant. | |

[PROPOSED] ORDER REGARDING PRODUCTION OF DOCUMENTS BY BELLATOR SPORT WORLDWIDE, LLC

## [PROPOSED] ORDER

On June 1, 2017, the Court heard argument on Non-Party Bellator Sport Worldwide, LLC's ("Bellator") Motion to Quash #1 (filed in related action 2:17-cv-0849-RFB-PAL) (the "Bellator Motion"). In a minute order dated June 2, 2017, the Court denied the Bellator Motion in regards to the Request to Quash and granted the Bellator Motion in regards to the Request to Modify Subpoenas with respect to Bellator data. The Court instructed the parties to submit a Proposed Order outlining what is being proposed to be produced as a reasonable accommodation and compromise as discussed in open court. Having reviewed the parties' submissions, IT IS HEREBY ORDERED that Bellator shall produce by June 23, 2017:

1. Copies of all agreements between Bellator and its athletes for a randomized sample of athletes, with only the personal identifying information (*i.e.*, names, addresses, phone numbers, and Social Security numbers) of those athletes, their managers, and any entities associated with those athletes redacted. The random sample shall include at least 20 percent of athletes with whom Bellator had an agreement between January 1, 2009 and the present. For any athlete selected for the sample, Bellator shall provide all agreements between it and the sampled athletes, including any side letters to such agreements. A unique identifier shall be assigned to each athlete to allow identification of each of the athlete's anonymized agreements. A separate unique identifier shall be assigned to each agreement in the sample.

2. A database that includes for each athlete in the randomized sample in paragraph 1 above:

   a. Athlete gender and weight class by year. This database shall include a field with the same unique athlete identifier described above;

   b. The number of bouts completed pursuant to each agreement. This database shall include a field with the same unique agreement identifier described above;

   c. Any discretionary or "locker room" bonuses paid to any athlete for each bout for which the bonus was awarded, as well as any signing bonuses paid to any athlete that are not contained in the agreements in paragraph 1 above.

3. Quarterly profit and loss (P&L) statements for Bellator covering the period from January 1, 2009 through the present. These P&L statements should include the same line-item detail as is maintained by Bellator in the ordinary course of its business.

4. Event-level P&L statements for all events from January 1, 2009 through the present for each event in which Bellator contends UFC's allegedly anticompetitive actions adversely impacted event revenues, viewership, sponsorship, venue availability, or profitability.

IT IS SO ORDERED.

DATED: _____     By: _____

   Hon. Peggy A. Leen
   UNITED STATES MAGISTRATE JUDGE