1   WILLIAM A. ISAACSON (*Pro hac vice*)
    (wisaacson@bsfllp.com)
2   STACEY K. GRIGSBY (*Pro hac vice*)
    (sgrigsby@bsfllp.com)
3   NICHOLAS WIDNELL (*Pro hac vice*)
    (nwidnell@bsfllp.com)
4   BOIES SCHILLER FLEXNER LLP
    1401 New York Avenue, NW
5   Washington, DC 20005
    Tel: (202) 237-2727; Fax: (202) 237-6131
6
    RICHARD J. POCKER #3568
7   (rpocker@bsfllp.com)
    BOIES SCHILLER FLEXNER LLP
8   300 South Fourth Street, Suite 800
    Las Vegas, Nevada 89101
9   Tel: (702) 382-7300; Fax: (702) 382-2755

10  DONALD J. CAMPBELL #1216
    (djc@campbellandwilliams.com)
11  J. COLBY WILLIAMS  #5549
    (jcw@campbellandwilliams.com)
12  CAMPBELL & WILLIAMS
    700 South 7th Street
13  Las Vegas, Nevada 89101
    Tel: (702) 382-5222; Fax: (702) 382-0540
14
    *Attorneys for Defendant* Zuffa, LLC, d/b/a
15  Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE A LOG OF COMMUNICATIONS FOR DANA WHITE'S DISCOVERABLE TELEPHONE NUMBERS AND ELECTRONIC COMMUNICATION DEVICES AND DIRECTING DEFENDANT TO SUBMIT AN INVENTORY OF ELECTRONIC COMMUNICATION DEVICES AND RELATED DOCUMENTS (ECF No. 417)** |

I.      INTRODUCTION

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents (ECF No. 417) ("Reply") as redacted in the public version of that document.  Zuffa further respectfully requests that the Court order the Clerk of Court to file under seal those exhibits or portions thereof to Plaintiffs' Reply specified below.[1]  This Motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Plaintiffs' Reply ("Grigsby Sealing Declaration").

The Protective Order in this case provides for the filing of documents under seal where a document or portions thereof contain Confidential or Highly Confidential Information.  ECF No. 217, ¶ 14.3.  As described fully below, Zuffa seeks to file under seal four categories of information. First, Zuffa seeks to file under those portions of exhibits containing athlete medical information, including highly confidential information regarding the injury status and medical condition of certain athletes.  Second, Zuffa seeks to file under seal portions of exhibits that reveal personal information of current and former Zuffa employees, including mobile telephone numbers.  Third, Zuffa seeks to file under seal those portions of exhibits discussing ticket pricing, event logistics information, and athlete compensation and benefit information.  Zuffa zealously guards and treats as confidential the information in these categories and, as such, for this non-dispositive motion, such information is properly filed under seal.  Finally, Zuffa seeks to seal telephone numbers and access codes that have no relevance to this motion and are properly sealed to protect "a person from annoyance . . . or undue burden . . . " under Rule 26(c).

//

---

[1] All exhibits referenced in this Motion refer to exhibits to Plaintiffs' Reply unless otherwise noted.

1

ZUFFA'S MOT. TO SEAL PLS' REPLY                           Case No.: 2:15-cv-01045-RFB-(PAL)
ISO MOT. TO COMPEL

## II. LEGAL STANDARD

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

There is good cause to seal documents containing confidential business assessments and strategy, information and communications containing financial terms, incentives and negotiations over contract terms where such information could cause competitive harm if disclosed publicly. *See Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (finding good cause to seal information regarding finances, contractual agreements and information regarding particular arrangements with customers); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (finding good cause to seal financial information and business strategies); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

In addition, sealing is appropriate for documents that are "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on *reconsideration in part*, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016). Sealing is also appropriate for

documents that contain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008), as well as for documents containing sales volume and pricing information, sensitive information about a company's products and processes not typically available to the public, customer identity information, and capital expenditure and development cost information, *e.g. Triquent Semiconductor, Inc. v. Avago Techs Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *2-*8 (D. Ariz. Dec. 13, 2011).

III.   ARGUMENT

A.   Confidential Athlete Medical Information

Zuffa seeks to file under seal Exhibit 38, which contains highly confidential medical and injury information for certain athletes. Zuffa zealously protects this information and treats such information as highly confidential. Grigsby Sealing Decl. ¶ 6. This highly confidential information is properly sealed under the "good cause" standard of Rule 26(c).

B.   Zuffa Current and Former Employee Cellular Phone Information

Zuffa seeks to redact the cellular telephone numbers of all current and former Zuffa employees and non-parties to this action from Exhibits 38, 39, and 41, other than Mr. White's, to protect their privacy and their cellular telephone numbers. Finally, Zuffa seeks to redact all but the last two numbers of Mr. White's cellular phones from Exhibit 41. The final two digits of each of Mr. White's phone numbers are sufficient to uniquely identify each of the phones at issue in this motion.

C.   Trade Secret and Highly Confidential Athlete Compensation and Benefit Information

Zuffa seeks to file Exhibit 39 under seal. Exhibit 39 contains highly confidential information regarding athlete compensation, event logistics, and ticket pricing, as well as non-public athlete compensation and benefit information. Zuffa keeps this information highly confidential and zealously guards this trade secret information. Grigsby Sealing Decl. ¶¶ 7-8. This trade secret and confidential information is properly sealed, as supported by the case law cited above, under the "good cause" standard of Rule 26(c).

      D.    <u>Non-Relevant Mobile Telephone Numbers and Other Telephone Numbers and Associated Access Codes</u>

Finally, Zuffa seeks to file under seal those cellular telephone numbers and other telephone numbers and access codes that have no relevance to this motion and that appear in Exhibits 40, 41, and 42. These cellular telephone numbers, other access numbers, and access codes are private information that are not generally disclosed and are not published to the general public. Grigsby Sealing Decl. ¶¶ 9-10. These portions of Exhibits 40, 41, and 42 are properly sealed under the "good cause" standard of Rule 26(c) as properly redacted to protect "a person from annoyance . . . or undue burden . . . ." Zuffa respectfully requests that the Court order the Clerk of Court to replace the publicly filed versions of Exhibits 40, 41, and 42 with the replacement redacted documents in Exhibits 40, 41, and 42 to the Grigsby Declaration.

IV.    <u>CONCLUSION</u>

Zuffa respectfully requests that the Court find that Zuffa has made the requisite particularized showing of good cause sufficient to justify sealing of the documents, or portions thereof, listed above.

//
//
//
//
//
//
//
//
//
//
//
//
//

4

| | | |
|---|---|---|
| 1 | Dated:   June 5, 2017 | Respectfully Submitted, |
| 2 | | BOIES SCHILLER FLEXNER LLP |

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Zuffa's Motion to Seal Portions of Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Defendant to Produce a Log of Communications for Dana White's Discoverable Telephone Numbers and Electronic Communication Devices and Directing Defendant to Submit an Inventory of Electronic Communication Devices and Related Documents (ECF No. 417)** was served on June 5, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                        */s/ Brent K. Nakamura*

                        **Brent K. Nakamura**, an Employee of Boies Schiller Flexner LLP