Case 2:15-cv-01045-RFB-PAL   Document 415-6   Filed 05/31/17   Page 1 of 11

# EXHIBIT 41

| | |
|---|---|
| From: | Michael Dell"Angelo |
| To: | Stacey Grigsby |
| Cc: | Patrick Madden; Daniel Silverman; Joseph Saveri (jsaveri@saverilawfirm.com); "Matthew Weiler (MWeiler@saverilawfirm.com)"; Marcy Norwood Lynch; Eric Cramer; "bbrown@cohenmilstein.com"; "Don Springmeyer (DSpringmeyer@wrslawyers.com)"; Kevin Rayhill (krayhill@saverilawfirm.com); Robert C. Maysey (rmaysey@WarnerAngle.com); Nicholas Widnell; Suzanne Jaffe Nero; Rory Skaggs; "jcw@campbellandwilliams.com"; William A. Isaacson; Perry Grossman; Evan North |
| Subject: | RE: Le v. Zuffa, LLC - Correspondence |
| Date: | Friday, May 26, 2017 1:20:37 AM |

Stacey:

The log of the communications (identifying the time, date and, if applicable, duration, of each communication), is distinct from the list of each telephone number and device used by Mr. White during the Relevant Time Period that may contain responsive ESI as well as the carrier associated with each telephone number or device that you agreed to provide. The request for relief was fashioned as it was because the log of communications would be meaningless if it was not organized by number, device and carrier. Do you intend to honor your agreement to provide the listing?

Regards,

Michael


Michael Dell'Angelo

**Berger Montague, P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter  LinkedIn  Facebook
Signup for our e-newsletter



**From:** Stacey Grigsby [mailto:SGrigsby@BSFLLP.com]
**Sent:** Friday, May 26, 2017 1:11 AM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>
**Cc:** Patrick Madden <pmadden@bm.net>; Daniel Silverman <dsilverman@cohenmilstein.com>; Joseph Saveri (jsaveri@saverilawfirm.com) <jsaveri@saverilawfirm.com>; 'Matthew Weiler (MWeiler@saverilawfirm.com)' <MWeiler@saverilawfirm.com>; Marcy Norwood Lynch <mlynch@BSFLLP.com>; Eric Cramer <ecramer@bm.net>; 'bbrown@cohenmilstein.com' <bbrown@cohenmilstein.com>; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)' <DSpringmeyer@wrslawyers.com>; Kevin Rayhill (krayhill@saverilawfirm.com) <krayhill@saverilawfirm.com>; Robert C. Maysey (rmaysey@WarnerAngle.com)

<rmaysey@WarnerAngle.com>; Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Rory Skaggs <RSkaggs@BSFLLP.com>; 'jcw@campbellandwilliams.com' <jcw@campbellandwilliams.com>; William A. Isaacson <wisaacson@bsfllp.com>; Perry Grossman <pgrossman@BSFLLP.com>; Evan North <ENorth@BSFLLP.com>
**Subject:** RE: Le v. Zuffa, LLC - Correspondence

Dear Michael,

Following our meet and confer conference on May 8, 2017, Plaintiffs filed a motion to compel, which seeks a communications log:

> for each mobile telephone and electronic device utilized by Zuffa President Dana White during the Relevant Time Period that may contain relevant ESI, that identifies the time, date and, if applicable, duration, of each communication made on each such device, including the telephone number, email address, social media handle or similar identifying information and, if applicable, communications carrier, that each such communication was sent to and from.

ECF No. 397 at 23. Based on the text of Plaintiffs' motion, they have asked the Court to rule on whether Zuffa should provide Plaintiffs with, among other things, the very information you indicate that Zuffa agreed to furnish below------a listing of Mr. White's devices, the phone numbers, and cell phone carriers. If Plaintiffs were awaiting a response from Zuffa on Mr. White's cellular telephone numbers and devices, it is unclear why Plaintiffs would have filed a motion to compel a day after the meet and confer conference (and then waited to complete service of Zuffa until the following day) that requests the same relief.

Please advise if it is Plaintiffs' position that you are awaiting a response from Zuffa on any issues that have become the subject of your motion to compel.

Best
Stacey


**Stacey K. Grigsby**
Partner

**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619
(m) +1 █████████
sgrigsby@bsfllp.com
www.bsfllp.com

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Thursday, May 25, 2017 11:51 AM

**To:** Stacey Grigsby
**Cc:** Patrick Madden; Daniel Silverman; Joseph Saveri (jsaveri@saverilawfirm.com); 'Matthew Weiler (MWeiler@saverilawfirm.com)'; Marcy Norwood Lynch; Eric Cramer; 'bbrown@cohenmilstein.com'; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)'; Kevin Rayhill (krayhill@saverilawfirm.com); Robert C. Maysey (rmaysey@WarnerAngle.com); Nicholas Widnell; Suzanne Jaffe Nero; Rory Skaggs; 'jcw@campbellandwilliams.com'; William Isaacson; Perry Grossman; Evan North
**Subject:** RE: Le v. Zuffa, LLC - Correspondence

Stacey:

During the parties' May 8, 2016 meet and confer, Plaintiffs requested, and you agreed to provide, a list of each telephone number and device used by Mr. White during the Relevant Time Period that may contain responsive ESI as well as the carrier associated with each telephone number or device. Upon agreeing, you represented that you were in the process of gathering the information and that you needed to confirm it. At that time, you represented that you anticipated that you would be able to do so in a couple of days. Over two weeks has passed since and Defendant still have not provided the promised information. When may we expect you to fulfill your agreement to provide the requested information?

Regards,

Michael

Michael Dell'Angelo
**Berger&Montague,P.C.**
1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

**From:** Michael Dell'Angelo
**Sent:** Monday, May 8, 2017 11:11 PM
**To:** Stacey Grigsby <SGrigsby@BSFLLP.com>
**Cc:** Patrick Madden <pmadden@bm.net>; Daniel Silverman <dsilverman@cohenmilstein.com>; Joseph Saveri (jsaveri@saverilawfirm.com) <jsaveri@saverilawfirm.com>; 'Matthew Weiler (MWeiler@saverilawfirm.com)' <MWeiler@saverilawfirm.com>; Marcy Norwood Lynch <mlynch@BSFLLP.com>; Eric Cramer <ecramer@bm.net>; 'bbrown@cohenmilstein.com' <bbrown@cohenmilstein.com>; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)' <DSpringmeyer@wrslawyers.com>; Kevin Rayhill (krayhill@saverilawfirm.com) <krayhill@saverilawfirm.com>; Robert C. Maysey (rmaysey@WarnerAngle.com) <rmaysey@WarnerAngle.com>; Nicholas Widnell <NWidnell@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Rory Skaggs <RSkaggs@BSFLLP.com>; 'jcw@campbellandwilliams.com'

<jcw@campbellandwilliams.com>; William A. Isaacson <wisaacson@bsfllp.com>; Perry Grossman <pgrossman@BSFLLP.com>; Evan North <ENorth@BSFLLP.com>
**Subject:** RE: Le v. Zuffa, LLC - Correspondence

Stacey:

I am writing to follow-up the portion of the parties' meet and confer on May 5, 2017, that relates to Mr. White's ESI.

Plaintiffs requested that Defendant provide a list of each telephone number and device used by Mr. White during the Relevant Time Period that may contain responsive ESI as well as the carrier associated with each telephone number or device. Defendant agreed to provide the requested information. We understand that you are in the process of gathering the information and that you need to confirm it. You anticipated that you would be able to do so in a couple of days.

### -27 Device

You explained that Defendant's vendor attempted to collect ESI from Mr. White's -27 device. However, you reported that the earliest available responsive ESI identified on the -27 device dates to November 2015, after the June 2015 discovery cut-off. Defendant is continuing to investigate if additional devices may have -27 ESI. We asked if you knew when the available -27 device went into service, but you did not know.

### -75 Device

You reported that Defendant still could not locate Mr. White's -75 device and stated that it "may have been discarded." We understand that you are continuing to work with your client to determine whether the -75 device can be located.

### -20 Nokia Flip Phone

We confirmed, as communicated to you on May 2, that Plaintiff identified an ESI vendor who possesses the forensic tools to extract ESI from Mr. White's -20 Nokia 6101. On April 29 Defendant indicated that it would be willing to allow a vendor of Plaintiffs' choice to attempt to extract ESI from Mr. White's Nokia 6101, if the parties agreed upon a protocol for doing so. During the meet and confer I outlined the general parameters that Plaintiffs believed the protocol should include and invited Defendant to propose a form of protocol for Plaintiffs' consideration. You indicated that Defendant would endeavor to do so by May 9.

### Pen Register Data

We discussed Plaintiffs' request that Defendant produce pen register data for Mr. White's telephone numbers and devices that may contain responsive ESI dating to the Relevant Time Period. Alternatively, Plaintiffs requested that Defendant agree to Plaintiffs' service of subpoenas to discover

such information because the discovery deadline has passed. You stated that although you saw the point of the proposal it was "very intrusive" and that Defendant would not consent because the data may reflect substantial personal information.

**Custodian of Records Deposition**

Defendant offered the week of May 22 and May 29 and 30 for its custodian of records deposition in Las Vegas. Because May 29 is Memorial Day we discussed the fact that May 29 and 30 are likely unworkable for counsel or the witness. I also indicated that I now have a conflict on May 24. Plaintiffs propose to proceed on May 26 in Las Vegas. We understand that meanwhile you were going to confirm that the week of May 22 still worked for the witness and counsel.

Regards,

Michael

**From:** Stacey Grigsby
**Sent:** Wednesday, May 3, 2017 5:15 PM
**To:** Michael Dell'Angelo
**Cc:** Patrick Madden; Daniel Silverman; Joseph Saveri (jsaveri@saverilawfirm.com); 'Matthew Weiler (MWeiler@saverilawfirm.com)'; Marcy Norwood Lynch; Eric Cramer; 'bbrown@cohenmilstein.com'; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)'; Kevin Rayhill (krayhill@saverilawfirm.com); Robert C. Maysey (rmaysey@WarnerAngle.com); Nicholas Widnell; Suzanne Jaffe Nero; Rory Skaggs; 'jcw@campbellandwilliams.com'; William A. Isaacson; Perry Grossman; Evan North
**Subject:** RE: Le v. Zuffa, LLC - Correspondence

Dear Michael,

We will respond separately to all the points in your email below. However, first and foremost, we would like to clarify one question you had concerning Mr. White's devices. Mr. White did not have two separate iPhone 4s or iPhone 6s phones. Instead, some of the devices you list below are separate collections from the same device. Thus, the iPhone 4-2 is simply the second collection from the same iPhone 4s device. Similarly, Mr. White had a single iPhone 6, not an iPhone 6 and a separate iPhone 6s.

This email also addresses your question as to whether Zuffa consents to the service of subpoenas on the carriers for each of Mr. White's telephone numbers/devices. Zuffa does not consent to service of such a subpoena.
We are available to meet and confer on Friday, May 5 between 9 am EDT and 12 EDT.

Finally, as we noted in our correspondence to you on April 24, 2017 and April 28, 2017, we are still continuing to investigate the other issues you have raised concerning the cell phone devices with the numbers ending in ▇27 and ▇75. When we have more information, we will promptly communicate that information to Plaintiffs.

Best,
Stacey

**Stacey K. Grigsby**
Partner

## BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619
(m) +1 █████████
sgrigsby@bsfllp.com
www.bsfllp.com

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Tuesday, May 02, 2017 10:56 PM
**To:** Stacey Grigsby
**Cc:** Patrick Madden; Daniel Silverman; Joseph Saveri (jsaveri@saverilawfirm.com); 'Matthew Weiler (MWeiler@saverilawfirm.com)'; Marcy Norwood Lynch; Eric Cramer; 'bbrown@cohenmilstein.com'; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)'; Kevin Rayhill (krayhill@saverilawfirm.com); Robert C. Maysey (rmaysey@WarnerAngle.com); Nicholas Widnell; Suzanne Jaffe Nero; Rory Skaggs; 'jcw@campbellandwilliams.com'; William Isaacson; Perry Grossman; Evan North
**Subject:** RE: Le v. Zuffa, LLC - Correspondence

Stacey:

We are continuing to attempt to understand Zuffa's production of Mr. White's text messages and the devices on which they were maintained. To date, Zuffa has identified the following telephone numbers for Mr. White:

██████████92;

██████████20;

██████████75; and

██████████27.

In a letter dated December 21, 2015, Defendant identified the following "Cell Phone(s), Smartphones, or Tablets used for business purposes" by Dana White: "one retired iPhone 4s; one retired Nokia 6101; one iPhone 6s." December 21, 2015 letter from John F. Cove, Jr. to Michael Dell'Angelo. In Defendant's April 24, 2017 letter, the following devices were identified for Mr. White: "an iPhone 4S and an iPhone 6" as well as a "Nokia flip phone." April 24, 2017 letter from Marcy Norwood Lynch to Michael Dell'Angelo. Defendant's subsequent letter made clear that the Nokia 6101 and Nokia "flip" phone are one and the same. *See* April 29, 2017 letter from Stacey Grigsby to Michael Dell'Angelo. In addition to these representations, one of the Excel files that Defendant produced containing Mr. White's text messages is titled "Dana White_iPhone 4-2." *See* ZFL-2699687. Thus, Defendant has identified the following devices for Mr. White:

iPhone 4-2:

iPhone 4s:

iPhone 6;

iPhone 6s; and

Nokia 6191.

Plaintiffs request that Zuffa:

1. Confirm that the list of telephone numbers above represents all of the telephone numbers associated with all of the devices used by Mr. White during the relevant time period for discovery that may contain discoverable information;
2. Confirm that the above list of devices is accurate and represents all of the devices used by Mr. White during the relevant time period for discovery that may contain discoverable information;
3. Identify which device is associated with each of Mr. White's telephone numbers. We understand, based on Ms. Lynch's letter of April 24, that Mr. White's ▮92 number was associated with an iPhone 4S and iPhone 6. We also understand that Mr. White's Nokia 6191 was associated with the ▮20 number. However, clarification is particularly important because phone numbers have been associated with more than one device; and
4. Identify the carrier(s) for each of Mr. White's telephone numbers and associated devices.

### The ▮20 Cellular Phone

We appreciate Zuffa's willingness to allow a vendor of Plaintiffs' choice to attempt to extract data from Mr. White's Nokia 6191. Plaintiffs have identified a vendor whom they believe is capable of collecting data from Mr. White's Nokia 6191. You suggested that the parties decide upon a protocol for doing so. We are amenable to developing a protocol for the collection and request that Zuffa make a proposal for Plaintiffs' consideration.

### The ▮27 Cellular Phone

Please provide an update on Zuffa's efforts to produce data from the device by May 15th.

### The ▮75 Cellular Phone

We understand that Zuffa is continuing to investigate the whereabouts of the physical cell phone associated with the telephone number ending in ▮75. Please provide us with an update regarding the status of your efforts.

### Pen Register Subpoena(s)

In light of the serious issues regarding the preservation, collection and production of Mr. White's text messages, Plaintiffs request that Zuffa consent to the service of subpoenas on the carriers for each of Mr. White's telephone numbers/devices that may contain discoverable ESI for the purpose of obtaining associated pen register data. Please provide let us know your position by 5:00 pm ET on May 3rd. If Zuffa does not consent, please let us know your availability to meet and confer regarding the issue on May 3rd.

For clarity, we propose to issue requests along the following lines.

*Request Number 1*

*All documents, including but not limited to telephone bills, telephone records, telephone statements, call logs, reports (internal or external) and/or data files that reflect, in whole or in part, the (1) date, (2) time, (3) originating telephone number, (4) destination telephone number and (5) duration for any phone call, text, fax or other communication that occurred on or between January 1, 2005, through June 30, 2015 made to, made from or connected to the telephone numbers (regardless of the identity of the customer or subscriber):* ▮92; ▮20; ▮75; and ▮27.

*Request Number 2*

*All documents, including but not limited to telephone bills, telephone records, telephone statements, call logs, reports (internal or external) and/or data files that reflect, in whole or part, the (1) date, (2) time, (3) originating telephone number, (4) destination telephone number, and (5) duration for any phone call, text, fax or other communication that occurred on or between January 1, 2005, through June 30, 2015 made to, made from or connected to any phone number assigned to Dana White.*

**Custodian of Records Deposition**

Thank you for providing dates on which Zuffa's custodian of records is available for deposition. I am coordinating with our team and will revert to you shortly with a date from among those you provided.

Finally, this email does not purport to respond to each of the points raised in your April 28 letter. Do not construe our silence as agreement. Rather, we will address any remaining points when and as necessary. However, it may be productive to clarify two points. You wrote, in part: "[w]e are puzzled by your statement that Zuffa has represented to the Court that it produced the text messages from the ▮20 number." We believe you were reacting to the following statement: "Despite Zuffa's representation to Plaintiffs and the Court that the ▮20 phone had been collected for production, Zuffa did not inform Plaintiffs until March 24, 2017 that it believed that the data on the ▮20 phone was not reasonably accessible and could not be collected and would not be produced." If you were, we believe you misconstrued our point. The point was Zuffa represented that it had collected the ▮20 phone (*see, e.g.*, December 21, 2015 letter from Cove to Dell'Angelo). However, Zuffa failed to reveal that, despite its collection of the ▮20 phone, and representation that it collected over 100,000 text messages, it was unable to collect *any* text messages from the ▮20 device. That gets to the related point with which you take issue. To clarify, on March 29 (and several times thereafter) sought clarification regarding the collection and production of text messages from Mr. White's devices. However, Zuffa did not reveal until April 24th that data had not been collected from the ▮20, ▮75 and ▮17 devices. Zuffa knew that long before we asked. Thus, we were reacting to the fact that it took Zuffa nearly a month to say so after we inquired when it had long since known that the data had not been collected and produced.

Regards,

Michael

**From:** Stacey Grigsby
**Sent:** Saturday, April 29, 2017 6:52 PM
**To:** Michael Dell'Angelo
**Cc:** Patrick Madden; Daniel Silverman; Joseph Saveri (jsaveri@saverilawfirm.com); 'Matthew Weiler (MWeiler@saverilawfirm.com)'; Marcy Norwood Lynch; Eric Cramer; 'bbrown@cohenmilstein.com'; 'Don Springmeyer (DSpringmeyer@wrslawyers.com)'; Kevin Rayhill (krayhill@saverilawfirm.com); Robert C. Maysey (rmaysey@WarnerAngle.com); Nicholas Widnell; Suzanne Jaffe Nero; Rory Skaggs; 'jcw@campbellandwilliams.com'; William A. Isaacson; Perry Grossman; Evan North
**Subject:** Le v. Zuffa, LLC - Correspondence

Michael,
Please see the attached correspondence.

Best,
Stacey

**Stacey K. Grigsby**
Partner

## BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619
(m) +1 ███████
sgrigsby@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v 1]

Michael Dell'Angelo

## Berger Montague, P.C.

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter  LinkedIn  Facebook
Signup for our e-newsletter

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Michael Dell'Angelo

**Berger & Montague, P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com

Twitter | LinkedIn | Facebook

Signup for our e-newsletter

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]