1

2

3

4                       UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                      * * *

7    CUNG LE, et al.,                         Related Case
                                              2:17-cv-00849-RFB-PAL
8                              Plaintiffs,
                                              Lead Case
9        v.                                   2:15-cv-01045-RFB-PAL

     ZUFFA, LLC, et al,
10                                                    ORDER
                               Defendants.      (Mot Quash – ECF No. 1)
11                                             (Mot Compel – ECF No. 26)

12          The court heard oral argument at a hearing conducted June 1, 2017, on Non-Party Bellator

13   Sport Worldwide, LLC's ("Bellator") Motion to Quash or Modify Subpoenas (ECF No. 1), and

14   Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' Subpoena (ECF No. 26), both

15   of which were filed in related case 2:17-cv-00849-RFB-PAL which was initially filed in the

16   Central District of California and transferred to this district.

17          Bellator's Motion to Quash and Modify addresses subpoenas duces tecum served by

18   plaintiffs in the lead/underlying case on September 15, 2015, and by Zuffa on September 24, 2015.

19   Both subpoenas requested 15 broad categories of documents asserted to be relevant to litigation

20   pending in this district.  The parties and non-party Bellator engaged in extensive and protracted

21   meet-and-confer sessions over a prolonged period of time and were able to resolve the majority of

22   their disputes.  However, Bellator's motion to quash or modify, and plaintiffs' motion to compel

23   address five requests for production of documents concerning two broad categories of documents

24   the parties were unable to resolve without court intervention.  These two categories are document

25   requests for: (1) Bellator fighter contract documents and related contract negotiation documents,

26   plaintiffs Request for Production No. 4, and Zuffa's Request for Production No. 1; and (2) Bellator

27   cost and revenue information, plaintiff's Request for Production No. 12, and Zuffa's Request for

28   Production Nos. 7 and 12.

                                                  1

At the conclusion of oral argument at the June 1st hearing the court directed counsel to file proposed orders outlining the scope of their requested relief from this court. Proposed orders (ECF Nos 423, 424 & 427) were submitted June 5, 2017.

Bellator's proposed order does not address the time period for which documents in the two broad categories should be produced. Plaintiffs' proposed order seeks fighter contract documents and event level profit and loss data from Bellator for the time period covered by their subpoena, January 1, 2006 to the present. Zuffa's subpoena seeks documents for what it defines as the relevant time period—January 1, 2010 to the present. However, Zuffa's proposed order asks that the court compel compliance for responsive documents from January 1, 2009 to the present. Bellator claims, and the parties do not dispute, that Bellator was formed in 2008.

With respect to fighter contract documents, Bellator proposes producing five anonymized exemplar fighter contracts for five categories of male MMA fighters, and one anonymized exemplar contract for five categories of female MMA fighters. Bellator represents that there are approximately 160 fighters currently on the Bellator roster, of whom less than 20% are female fighers. As a result, Bellator cannot produce more than one contract within each female fighter category without compromising the anonymity of the female fighters. Bellator proposes producing 30 fighter contracts—25 for male fighters, and 5 for female fighters. Bellator is proposing to produce anonymized exemplar contracts for its current roster of fighters, rather than anonymized exemplar contracts over the period requested by the parties in their respective subpoenas.

Plaintiffs' proposed order states that the only document request in dispute between Bellator and plaintiffs is Request No. 12, which requests cost and revenue information. Plaintiffs' proposed order contains a sentence indicating the order "does not modify any agreement reached by Bellator with respect to compliance with the subpoena in any other respect." Zuffa's proposed order proposes that Bellator be required to produce a randomized sample of contracts with its athletes to include at least 20% of athletes with whom Bellator had an agreement between January 1, 2009 and the present, including any side letters or agreements redacted of personally identifying information.

With respect to Bellator cost and revenue information, Bellator proposes producing unaudited quarterly profit and loss statements through the quarter ending March 31, 2017. Bellator represents that for periods prior to December 31, 2011, it may not be able to produce P&L data in precisely the categories described in its proposed order because its operations changed when Viacom acquired Bellator in October 2011. Bellator's proposed order outlines the quarterly revenue information and expense information it proposes to disclose.

Plaintiff's proposed order requests revenue and expense information to include quarterly financial statements from specific sources such as Pay Per View, television broadcasting agreements, advertising, sponsorship, gate receipts, merchandizing and other sources, and total fighter compensation. It also asks for a list of all events by date and location for every MMA event promoted or co-promoted by Bellator. For each event, it proposes that Bellator be compelled to produce profit and loss statements, or other financial statements showing all revenue from specific sources such as Pay Per View, television broadcasting agreements, advertising, sponsorship, gate receipts, merchandizing and "other sources", and costs. Zuffa's proposed order requests quarterly profit and loss statements for Bellator covering the period from January 1, 2009, through the present, to include "the same line-item detail as is maintained by Bellator in the ordinary course of its business." Zuffa's proposed order also requests event level P&L statements from January 1, 2009, through the present, for each event in which Bellator contends UFC's allegedly anti-competitive actions adversely impacted event revenues, viewership, sponsorship, venue availability, or profitability.

Having carefully reviewed and considered the moving and responsive papers and the arguments of counsel,

**IT IS ORDERED** that:

1. Bellator's Motion to Quash Subpoenas (ECF No. 1) is **DENIED**.

2. Bellator's Motion to Modify Subpoenas (ECF No. 1) is **GRANTED** as set forth below.

3. Plaintiffs' Motion to Compel Documents (ECF No. 26) is **DENIED**.

4. With respect to the requests addressing fighter contract documents, the parties' requests for production are limited and modified as follows:

A. Bellator shall produce a randomized sample of contract agreements between Bellator and fighters with whom Bellator has or has had an agreement between January 1, 2010, and the present. The random sample shall consist of at least 20 percent of fighters under contract with Bellator between January 1, 2010 and the present. For the fighters selected for the sample, Bellator shall provide all agreements between it and the fighters, including any amendments, modifications, side letters, or extensions that may exist with respect to any contract that is produced pursuant to this section.

B. "Anonymized contracts" means that the fighters' identifying information such as names, addresses, phone numbers, and Social Security Numbers, may be redacted. Bellator shall assign a unique identifier to each contract and any related amendments, modifications, side letters, or extensions to the contracts selected for the random sample.

C. The anonymized contracts shall include the fighter's gender, weight class, number of fights during term of agreements and any compensation to be paid.

5. With respect to the income and expense documents, the parties' request for production are limited and modified as follows:

A. Bellator shall produce a list of all MMA events it promoted or co-promoted from January 1, 2010, through the present. The list shall identify all events by date and location.

B. Bellator shall produce unaudited profit and loss statements through the quarter ending March 31, 2017, that include the following information:

**<u>REVENUE</u>**

Advertising/Sponsorship Revenue
Affiliate/Pay Per View Revenue
Ancillary Revenue
 TV Syndication
 Consumer Products
 Recreation & Events
 Other
Total Revenue

**EXPENSES**

Operating Expenses
        Production & Programming Expenses
                Fighter Compensation
                Above the Line Production Staff
                Below the Line Production Staff
                Staging, Lighting & Set
                Tech Crews & Equipment
                Post Production
                Venue Costs
                Travel & Transportation
Other Operating Expenses

Selling, General, and Administrative ("SG&A") Expenses
                Employee Compensation: SG&A
                Advertising & Promotion Expenses
                Other SG&A

Depreciation & Amortization
Total Expenses

**OPERATING INCOME**

**NET INCOME**

6. Bellator may designate information provided in response to the modified Subpoenas as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Revised Stipulation and Protective Order Protective Order in effect in the Lead Case (2:15-cv-01045-RFB-(PAL)) ("Protective Order"), and the Parties and their experts and consultants shall be bound by the protections of the Productive Order. Any expert report or analysis that will be shared beyond outside litigation counsel for the parties and that makes reference, describes or discloses the substance of materials that Bellator has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be likewise designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in such portion that includes a reference, description or disclosure of Bellator's designated materials. The Parties are required to make best efforts to protect information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from public disclosure at the trial of these actions, including by stipulating and seeking the approval of the District Court to maintain, the

confidentiality of information designated by Bellator as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," providing advance notice to Bellator of any intended use of such materials at trial, and best efforts by the party seeking to introduce designated materials to limit access of the parties and the public to such materials.

7. Bellator shall have until **July 5, 2017**, to produce all responsive information required by this order, and all documents responsive to the subpoenas served by both parties on which agreements were reached during the meet and confer process.

DATED this 13th day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE