# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**LETTER OF REQUEST FOR DOCUMENTS FROM GROUP ONE HOLDINGS PTE. LTD.** |

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' LETTER OF REQUEST FOR DOCUMENTS FROM GROUP ONE HOLDINGS PTE. LTD.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

1. **Sender:**

   The Honorable Peggy A. Leen,
   Magistrate Judge for the United States District Court for the District of Nevada
   333 South Las Vegas Blvd.
   Courtroom 3B,
   Las Vegas, NV 89101,
   Telephone: (702) 464-5400.

2. **Central Authority of the Requested State:**

   Supreme Court of Singapore
   1 Supreme Court Lane
   Singapore 178879

3. **Person to whom the executed request is to be returned:**

   Kevin E. Rayhill,
   c/o Joseph Saveri Law Firm, Inc.
   555 Montgomery Street
   Suite 1210
   San Francisco, CA 94111.
   Telephone: (415) 500-6800

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request:**

   **Date:**

   July 21, 2017

   **Reason for urgency:**

   Fact discovery in this litigation closes July 31, 2017, and expert reports (for which these documents are sought) are due August 31, 2017.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

5. a   **Requesting judicial authority:**

   United States District Court for the District of Nevada

**5.b**  **To the competent authority of:**

The Republic of Singapore

**5.c**  **Names of the case and any identifying number:**

*Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated, Plaintiffs, v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, Defendant*, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.)

**6.**  **Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, b))**

**6.a**  **Plaintiffs**

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated.

**Plaintiffs' Representatives:**

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri
Joshua P. Davis
Matthew S. Weiler
Kevin E. Rayhill
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown
Richard A. Koffman
Dan Silverman
1100 New York Ave., N.W.,
Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

BERGER & MONTAGUE, P.C.
Eric L. Cramer
Michael Dell'Angelo
Patrick Madden
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**6.b**    **Defendant**

Zuffa, LLC, d/b/a the Ultimate Fighting Championship and UFC

**Defendant's Representatives:**

BOIES, SCHILLER & FLEXNER LLP
William A. Isaacson
Nicholas A. Widnell
Stacey K. Grigsby
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
wisaacson@bsfllp.com
nwidnell@bsfllp.com
sgrigsby@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
Richard J. Pocker (Nevada Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
rpocker@bsfllp.com

CAMPBELL & WILLIAMS
Donald J. Campbell
J. Colby Williams
700 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

*Counsel for Defendant Zuffa, LLC*

**6.c**    **Other Parties:**

**Party From Whom Documents Are Sought:**

Group One Holdings Pte. Ltd.
Level 25
One Raffles Quay
North Tower
Singapore, 048583

**Other Parties' Representatives:**

Unknown.

| | | |
|---|---|---|
| 7.a | **Nature of the proceedings:** | |

Antitrust class action litigation pursuant to 15 U.S.C. § 2 (the Sherman Act, governing monopolization) and Federal Rule of Civil Procedure 23 (governing class actions).

| | | |
|---|---|---|
| 7.b | **Summary of complaint:** | |

Plaintiffs allege that defendant Zuffa, LLC ("Zuffa") illegally acquired and maintained monopoly power in the market for promoting live Mixed Martial Arts ("MMA") events and monopsony power in the market for acquiring the services of elite professional MMA fighters. Zuffa acquired monopoly power by acquiring its closest competitors and denying other MMA promoters access to inputs necessary to compete successfully, such as top fighters and premier venues. Plaintiffs allege that as a result of these anticompetitive actions, Zuffa has no real competitors in the market for producing live elite professional MMA bouts. The lack of true competitors contributes to Zuffa's monopsony power in the market for purchasing the services of elite professional MMA fighters, because the fighters have few—if any—viable alternatives to signing with Zuffa. As alleged, Zuffa exploits its monopoly and monopsony power to artificially suppress compensation for elite professional MMA fighters by undercompensating them for the use of their services in MMA bouts, and by undercompensating them for the use of their name, sobriquet, voice, persona, signature, likeness and/or biographical information (referred to collectively as their "Identities") in commercial applications. Plaintiffs consist of two classes: a class of all MMA fighters who fought under contract for Zuffa during the Class Period (December 14, 2010 to the present), and a class of all MMA fighters whose Identities were used for commercial purposes by Zuffa during the Class Period. Plaintiffs seek damages and injunctive relief for violations of United States antitrust law, specifically, Section 2 of the Sherman Act (15 U.S.C. § 2).

| | | |
|---|---|---|
| 7.c | **Summary of defense:** | |

Defendant Zuffa contends there are pro-competitive justifications for its actions, rendering them compliant with antitrust law. Zuffa also contends that Plaintiffs have failed to properly define the relevant product market, and that Plaintiffs have failed to show the anticompetitive effects of Zuffa's alleged antitrust violations. Zuffa denies that it possesses monopoly power in the market for promoting live elite professional MMA events or monopsony power in the market for purchasing the services of elite professional MMA fighters, and that competition in those markets is robust.

| | | |
|---|---|---|
| 7.d | **Other necessary information or documents:** | |

Not applicable.

| | | |
|---|---|---|
| 8.a | **Evidence to be obtained or other judicial act to be performed:** | |

Group One Holdings Pte. Ltd. ("Group One") operates an MMA promotion under the name One Championship (formerly known as One Fighting Championship or One FC). Plaintiffs seek quarterly financial statements from Group One, in the most detailed form in which they are maintained by Group One, for all years in which Group One has operated an MMA promotion. These financial statements should contain at a minimum all revenues related to the operation of One Championship or its predecessors, and all expenses related to the operation of One Championship or its predecessors, including all compensation paid to MMA fighters under contract with One Championship, its predecessors, or Group One.

**8.b**  **Purpose of the evidence or judicial act sought:**

Group One Holdings Pte. Ltd. is not a party to the underlying litigation. However, documents produced in the underlying litigation have identified One Championship as a potential competitor to the defendant. These include statements made by representatives of Group One. Group One's quarterly financial statements are necessary to establish the relevant product market, and to show that One Championship is not a true competitor to Zuffa. Under United States antitrust law these are necessary to help prove a violation of 15 U.S.C. § 2. *See e.g.*, *Yamaha Int'l Corp. v. ABC Int'l Traders, Inc.*, No. 86-7892 RSWL, 1989 U.S. Dist. LEXIS 16585, at *13 (C.D. Cal. Aug. 11, 1989) ("Before the Rule of Reason can be applied, proper allegations regarding the relevant product market are essential. The relevant product market is the particular group of products and the geographic area in which the products compete and the challenged restraint will apply. Proper market delineation is necessary to a Rule of Reason analyses to identify such factors as competitive conditions within the industry, comparative market positions of the defendants and their competitors, and to measure the impact of the challenged restraint."). Because Zuffa and Group One have both contended that One Championship is a competitor to Zuffa, Group One's evidence is relevant and necessary for Plaintiffs to fully and fairly prosecute their claims.

**9.**  **Identity and address of any person to be examined:**

Not applicable.

**10.**  **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined:**

Not applicable.

**11.**  **Documents or other property to be inspected:**

One Championship's per-event financial data and per-event per-fighter compensation data.

**12.**  **Any requirement that the evidence be given on oath or affirmation and any special form to be used:**

Not applicable.

**13.**  **Special methods or procedure to be followed:**

Not applicable.

**14.**  **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

Not applicable.

**15.**  **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:**

Not applicable.

16. **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:**

    Not applicable.

17. **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by***

    Not applicable.

**DATE OF REQUEST:** _____


**SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY**

_____
The Honorable Peggy A. Leen
Magistrate Judge for the United States District Court
District of Nevada