# EXHIBIT 3

# Kevin Rayhill

| | |
|---|---|
| **From:** | Morley, Christopher <ChristopherMorley@dwt.com> |
| **Sent:** | Wednesday, June 14, 2017 11:37 AM |
| **To:** | Kevin Rayhill |
| **Cc:** | Matthew Weiler; Joseph Saveri |
| **Subject:** | RE: Deposition and Document Subpoenas for Matt Hume |

Kevin,

Thank you for your email. Although I appreciate your position that the Joint Agenda referenced a deposition of Mr. Hume, the Court's Minute Order only permits Plaintiffs to conduct "the two deferred AXS TV, LLC depositions," "depositions of WME|IMG and Scott Coker," and "their choice of four depositions out of the remaining parties on the list" of "ten third party depositions" in the Joint Agenda. Neither Mr. Hume nor One Championship is on that list. The Minute Order does not permit Plaintiffs to serve a deposition subpoena on Mr. Hume. If you wish to serve Mr. Hume with a deposition subpoena or a subpoena duces tecum, you first will need to seek clarification or reconsideration of the Minute Order.

The Minute Order does permit Plaintiffs to attempt to serve a valid subpoena duces tecum on One Championship. It does not validate the subpoena you previously attempted to serve on One via Mr. Hume nor resolve the numerous issues related to seeking discovery from a third-party foreign corporation. As I stated on our phone call, One Championship is not subject to personal jurisdiction in any judicial district of the United States for any matter related to the *Le v. Zuffa* case. Nor is it subject to general jurisdiction in the United States, as the Supreme Court's recent decision in *BNSF Railway Co. v. Tyrrell* made especially clear. *See* No. 16-405 (2017); *see also Daimler v. Bauman AG*, 134 S. Ct. 746 (2014). I have found this article helpful in understanding the issue: http://apps.americanbar.org/litigation/committees/masstorts/articles/fall2016-0916-third-party-subpoenas-personal-jurisdiction-after-daimler-v-bauman.html. Nor does the Court's Minute Order permit Plaintiffs to serve a subpoena duces tecum on Mr. Hume, who was not mentioned in the Minute Order nor on the list of seventeen third parties in the Joint Agenda.

As I said on the phone, Davis Wright Tremaine agrees to accept service of any subpoena directed to Mr. Hume without waiving any objections to such subpoena, including that it will be in violation of the Court's Minute Order. You are welcome to send it to me by email. We will not accept service of any subpoena on One Championship, which must be served in compliance with applicable local, foreign, and international rules, laws, and treaties. One Championship does not consent to waiver of its rights under these rules, laws, and treaties, nor does it consent to personal jurisdiction in the United States.

As we discussed on the phone, there may be a reasonable and efficient alternative to litigating these issues: If you know the type of documents you are interested in (presumably documents related to the documents One provided to Zuffa), we would be open to discussing a voluntary production in lieu of any subpoena responses. This was the route that Zuffa chose after after they served a subpoena directed to One Championship one year ago and, given the short extension the Court has granted for fact discovery, is the most likely to result in a usable production in time to be helpful to your case.

Best,

Chris

**Chris C. Morley** | Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200 | Seattle, WA 98101
Tel: (206) 757-8084 | Fax: (206) 757-7084
Email: chrismorley@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Kevin Rayhill [mailto:krayhill@saverilawfirm.com]
**Sent:** Tuesday, June 13, 2017 9:53 AM
**To:** Morley, Christopher
**Cc:** Matthew Weiler; Joseph Saveri
**Subject:** Deposition and Document Subpoenas for Matt Hume

Chris,

The transcript from the June 1 hearing clearly shows that the court approved serving deposition and document subpoenas on One Championship and Matt Hume: "with respect to the new discovery, again, I'm not -- I'm not going to allow that and except for the one championship discovery of Matt Hume or whatever designee they pick." (6/1/17 Hearing Trans.114:1-4) The New Discovery section of the Joint Agenda submitted to the court in advance of the hearing makes clear that Plaintiffs would seek to depose Mr. Hume: "On May 10, Plaintiffs received documents that One Championship produced to Zuffa, including a declaration by One Championship Vice President of Operations and Competition Matt Hume. Plaintiffs will seek to depose Mr. Hume regarding statements made in his declaration." ECF No. 418 at 7. The court was also explicit about approving a document subpoena to One Championship: "You both agree on one championship so they don't count on your five limit on the list of 17 that you want, but you'll be limited to five plus one championship."  (6/1/17 Hearing Trans.113:9-12).

Moreover, the hearing transcript makes clear that Zuffa does not oppose this discovery:

(MS. GRIGSBY): And then in terms of the new discovery,
. . . it's our position that the new
discovery should not be allowed partly because plaintiffs --
THE COURT: Except for one championship.
MS. GRIGSBY: Because they received that information
in, you know, April/May of 2017. So, again, we take no position
because we understand that plaintiffs, perhaps, did not have the
information.
(6/1/17 Hearing Trans. 100:15-24)

In light of this information, I ask once again, will you accept a deposition subpoena and a document subpoena on behalf of Mr. Hume, and a document subpoena on behalf of One Championship? Please be advised that if, as you represented to Plaintiffs during our phone call on June 7, you will not accept service on behalf of Mr. Hume and One Championship, Plaintiffs intend to employ a process server to personally serve the subpoenas on Mr. Hume, and will effectuate personal service directly on One Championship as well.

Sincerely,

Kevin E. Rayhill
t  415.500.6800 x804
f  415.395.9940
krayhill@saverilawfirm.com

**JOSEPH SAVERI**
LAW FIRM

555 Montgomery Street, Suite 1210
San Francisco, CA  94111