# JOSEPH SAVERI
## LAW FIRM

505 MONTGOMERY STREET
SUITE 625
SAN FRANCISCO, CA 94111

TEL  415.500.6800
FAX  415.395.9940

June 20, 2017

The Honorable Peggy A. Leen
United States Magistrate Judge for the
District of Nevada
333 Las Vegas Boulevard, South
Las Vegas, Nevada 89101

Re:

Dear Magistrate Judge Leen :

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, through the undersigned counsel, write to seek clarification on a number of issues arising out of the Court's order issued on June 2. ECF No. 422. In keeping with the Court's guidance in that order, Plaintiffs seek a telephone conference with the Court at a time that is convenient for the Court. The issues on which the parties seek clarification are set forth below.

**Do Third Parties That Produced Documents Before Or Just After The Hearing Count Against the Five Document Subpoenas Allowed to Plaintiffs?**

The Joint Proposed Agenda to the June 1 Status Conference lists seventeen third parties Plaintiffs served with document subpoenas during the initial discovery period, but who had not produced any documents by the time the initial discovery period closed. ECF No. 418. The Court's order instructed Plaintiffs to select five third parties from the list from whom to pursue documents. Plaintiffs have complied with the Court's order and have notified Zuffa of their intent to pursue documents from Golden Boy Promotions, Haymon, DiBella Entertainment, Inc., Top Rank, Inc., and Gary Shaw.

Plaintiffs received documents from Leon Margueles and Jakks Pacific on May 26 and June 1, respectively. Jakks and Margueles both agreed to produce documents before the close of fact discovery, but notified Plaintiffs that they would not able to complete production before the

The Honorable Peggy A. Leen
June 20, 2017
Page 2

close of the initial discovery period. Zuffa has taken the position that Margueles and Jakks should count as two of the five third parties authorized by the Court, simply because they were on the list of third party subpoenas Plaintiffs submitted in the Joint Agenda. Plaintiffs disagree.

All seventeen third parties on the list were served with subpoenas well before the close of the initial discovery period, at a time when Plaintiffs were pursuing discovery from many third parties. Through no fault of Plaintiffs, Margueles and Jakks produced their documents after the deadline had passed, but before Plaintiffs had time to select five document subpoenas pursuant to the Court's order. Had they known ahead of time that they would be limited to discovery from five third parties, Plaintiffs may not have chosen to receive documents from Jakks and Margueles. Zuffa's attempt to include Jakks and Margueles prejudice Plaintiffs' ability to comply with the Court's order by forcing them to include Jakks and Margueles simply because they produced before the others.

Indeed, Zuffa's position would have the effect of forcing Plaintiffs to choose *three* third parties rather than five. This seems contrary to both the intent and the letter of the Court's order, and would prejudice Plaintiffs by forcing their hand on two third parties they may not otherwise have pursued. Accordingly, Plaintiffs' position is that these productions should not be counted against the five allowed by the Court.

The parties seek a clarification from the Court: do Jakks and Margueles count as two of the five third parties Plaintiffs are allowed to seek documents from?

**Has The Court Authorized Plaintiffs to Depose Matt Hume?**

On June 7, Plaintiffs contacted counsel for third party Matt Hume, Vice President of Operations and Competition for One Championship, to ask if he would accept service of a deposition subpoena to Mr. Hume and document subpoenas to Mr. Hume and One Championship (c/o Mr. Hume). Counsel stated that the Court's June 2 Minutes of proceedings (ECF No. 422) do not authorize a deposition subpoena or a document subpoena to Mr. Hume, and that he will not accept a document subpoena on behalf of One Championship because the Court lacks jurisdiction.[1] On

---
[1] One Championship is headquartered in Singapore. Plaintiffs will seek a letter

The Honorable Peggy A. Leen
June 20, 2017
Page 3

June 13, Plaintiffs sent counsel portions of the June 1 Hearing Transcript that demonstrate the Court did authorize these subpoenas.[2] Hume's Counsel has not budged: "If you wish to serve Mr. Hume with a deposition subpoena or a subpoena duces tecum, you first will need to seek clarification or reconsideration of the Minute Order." See, Rayhill Decl., Ex. 1.

Plaintiffs seek clarification of whether the Court did in fact authorize Plaintiffs to serve a deposition subpoena and a document subpoena on Mr. Hume. Moreover, Plaintiffs seek attorneys' fees and related costs pertaining to clarification on this issue. Plaintiffs believe the Court was crystal clear as to what discovery could be sought from One Championship, and consider counsel's unwillingness to comply with—or even accept service for—Plaintiffs' deposition subpoena to be obstructionist. To date, Plaintiffs have expended $772.50 in legal fees seeking the Court's clarification on this matter.

**Can Plaintiffs Pursue Discovery From Mercer?**

At the hearing and in its subsequent written decision, the Court granted Plaintiffs' motion challenging Zuffa's assertion of work product protection over documents relating to the Mercer study. ECF No. 426. Although the Court granted Plaintiffs' motion, the Court did not specifically address whether Plaintiffs could pursue discovery directly from Mercer.

When Plaintiffs first became aware of the Mercer documents in mid-2016, they pursued discovery directly from Mercer, serving a document subpoena on Mercer on July 28, 2016. These efforts were halted by Zuffa's assertion of work product over the Mercer Study. Plaintiffs now seek to resume the discovery initiated in mid-2016.

---

of request from the Court under separate cover.

[2] See June 1, 2017 Hearing Tr. at 114:1-4 ("And with respect to the new discovery, again, I'm not -- I'm not going to allow that and except for the one championship discovery of Matt Hume or whatever designee they pick."); 113:9-12: ("You both agree on one championship so they don't count on your five limit on the list of 17 that you want, but you'll be limited to five plus one championship.").

The Honorable Peggy A. Leen
June 20, 2017
Page 4

On June 1, 2017, Plaintiffs sent a letter to Zuffa proposing to resume document and deposition discovery of Mercer directly, and stating that since this discovery would have been timely completed but for Zuffa's work product assertion, this discovery should not count against the limitations on third party document and deposition discovery imposed by the Court. *See* Rayhill Decl., Ex. 2, at 1 (Weiler June 1 letter to Grigsby).

Because discovery against Mercer was suspended in 2016, Plaintiffs did not include Mercer in their lists of pending document and deposition subpoenas in the status conference agenda. Yet Zuffa maintains that any discovery directed to Mercer should count against the limits imposed by the Court at the June 1 status conference. *See* Rayhill Decl., Ex. 3 at 2 (Grigsby June 7 letter to Weiler). Plaintiffs do not believe the discovery should count against the limitations imposed by the court as to the number of depositions or document subpoenas.

Plaintiffs ask the Court to clarify: can Plaintiffs resume document discovery from Mercer and depose a Mercer representative?

Plaintiffs seek a telephone conference with the Court at a time and date convenient for the Court.

Sincerely,

*/s/ Joseph R. Saveri*

Joseph R. Saveri


cc:   Eric L. Cramer
      Richard Koffman
      William Isaacson