

June 21, 2017

The Hon. Peggy A. Leen
U.S. Magistrate Judge
U.S. District Court for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101

Re:   *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Magistrate Judge Leen:

On behalf of Zuffa, LLC ("Zuffa"), I write to respond to Joseph R. Saveri's letter to the Court of June 20, 2017 (ECF. No. 436) ("Plaintiffs' Letter"), and provide Zuffa's perspective on Plaintiffs' questions regarding the Court's June 2 order (ECF No. 422). No sooner had this Court entered that order limiting discovery did Plaintiffs write Zuffa to say that they did not intend to abide by certain of its terms. This response is organized using Plaintiffs' questions as headers for ease of reference.

1. **"Do Third Parties That Produced Documents Before Or Just After The Hearing Count Against the Five Document Subpoenas Allowed to Plaintiffs?"**

   At the June 1 Status Conference, the Court ruled that Plaintiffs may only continue to negotiate the production of documents from five third parties. The Court was fully aware that Plaintiffs were negotiating with third parties on document production because in the May 31 Joint Proposed Agenda for the June 1, 2017 Status Conference (ECF No. 418) ("Joint Agenda"), Plaintiffs represented to the Court that they had served 17 "third parties with subpoenas duces tecum and are continuing to negotiate responsive document productions." The Court stated the following on the record:

   > THE COURT: …With respect to the list of 17 custodian – custodians or document depositions for subpoena *duces tecum* that have been served, but not yet responded to, pick five and you'll get five of those. So there will be a limitation, except both sides agree on one competition so they won't count on your five.
   >
   > Clear?
   >
   > UNIDENTIFIED COUNSEL: Your Honor, was that one championship?

> THE COURT: Yeah. Did I mispronounce it or is it –
>
> MR. CRAMER: I think you said one competition.
>
> THE COURT: Oh. Sorry. Yes. One Championship. You both agree on one championship so they don't count on your five limit on the list of 17 that you want, but you'll be limited to five plus one championship. And you'll be limited to four, not counting Cuban and Simon, while we await the decision on the underlying merits.
>
> MR. CRAMER: What about Coker?
>
> THE COURT: I've said you've got those.
>
> MR. CRAMER: Okay.
>
> THE COURT: Both sides agree with that. You got WME. You got Coker. I'm just talking the ones they disagree with you on. You want 10. You're getting four.

(June 1 Hearing Tr. 112:24-113:20).

Despite the Court's statement that "there will be a limitation" of five third-party document productions apart from One Championship, Plaintiffs state that the Court's order should not extend to document productions by Leon Margules of Warriors Boxing. The record provides no support for this conclusion. First, the Court's statement was clear and unambiguous that, with the sole exception of One Championship, any party on the list of 17 would count against the limit. Second, Mr. Margules apparently produced documents on May 26, *six days before* the status conference and *five days before* the parties submitted the Joint Agenda. Yet at no time before June 1 did Plaintiffs tell the Court that Mr. Margules had "voluntarily" produced documents, even though they had adequate time to do so prior to the June 1 hearing. Even during the June 1 hearing, Plaintiffs did not advise the Court that Warriors had produced documents, nor did Plaintiffs seek clarification on whether this third party would be excluded from the five permitted third parties. This omission is especially significant given the fact that Plaintiffs' counsel *did* attempt to clarify the Court's position on One Championship as well as Scott Coker and Robert Meyrowitz. (June 1 Hearing Tr. 112:24-113:25). Third, it defies credulity that Plaintiffs would not have chosen to pursue document discovery from Mr. Margules of their own accord in light of Plaintiffs' scheduled deposition of Mr. Margules next week. In sum, Plaintiffs' position—that Mr. Margules should not be counted among the five permitted third parties—lacks merit.

Plaintiffs' argument as to why Jakks Pacific's document production should not count against the Court's limitation is equally unpersuasive. Prior to June 1, discovery in this case had not been extended, and multiple third parties contacted Zuffa to question what legal authority Plaintiffs had to enforce their third-party subpoenas. It is not clear that Plaintiffs accurately conveyed to Jakks Pacific that fact discovery had not been extended and that the Court had yet to rule on Plaintiffs' request to extend discovery. Had it done so, Jakks Pacific likely could have avoided the expense associated with document production.

Additionally, it bears noting that Plaintiffs' Letter inaccurately describes basic facts. Plaintiffs' Letter states that "[a]ll seventeen third parties on the list were served with subpoenas well before the close of the initial discovery period, at a time when Plaintiffs were pursuing discovery from many third parties." (Plaintiffs' Letter at 2). Subpoenas *duces tecum* to Golden Boy Promotions, LLC, Golden Boy Promotions, Inc., Haymon Sports LLC, Haymon Holdings LLC, One Championship, and King of the Cage were sent out for service on April 28—the last business day of the fact discovery period in effect at the time.

While Zuffa defers to the Court's interpretation of its own order, Zuffa respectfully submits that the discussion at the June 1 hearing pertained to *all* remaining third-party discovery, not merely the discovery that Plaintiffs chose to bring to the Court's attention. As to both document production and depositions, any exceptions to the Court's ordered limits (for example, the depositions of WME | IMG and Scott Coker) were individually noted. Because Leon Margules and Jakks Pacific were included on Plaintiffs' list of 17 third parties from whom they were continuing to pursue document productions, Plaintiffs' acceptance of productions from those third parties should be counted against the five permitted third party productions.

2. **"Has The Court Authorized Plaintiffs to Depose Matt Hume?"**

Second, Plaintiffs request clarification regarding a deposition of Matt Hume. As Zuffa stated in the parties' Joint Agenda, Zuffa takes no position on whether Plaintiffs should be permitted to take additional discovery of One Championship or Mr. Hume. (*See* ECF No. 418 at 8).

3. **"Can Plaintiffs Pursue Discovery From Mercer?"**

Finally, Plaintiffs ask the Court to clarify whether they may "resume document discovery from Mercer and depose a Mercer representative." (Plaintiffs' Letter at 4). To be clear, Zuffa has never taken the position that Plaintiffs cannot pursue discovery from Mercer. Zuffa's position is that document discovery from Mercer and the deposition of a Mercer employee should count toward the limits set forth in this Court's June 1 hearing.

Furthermore, Plaintiffs have characterized this dispute as whether they may obtain discovery from Mercer despite the fact that, prior to Plaintiffs submitting their letter, during a meet and confer conference the morning of June 20, Zuffa agreed to contact Mercer so that Zuffa could locate and produce additional responsive documents over which Zuffa had previously claimed work product protection.  Although Plaintiffs agreed to consider this offer of assistance, Plaintiffs filed this letter hours later.  As Plaintiffs' Letter does not address this offer, it is unclear whether Plaintiffs considered it before requesting clarification from the Court.  Nonetheless, Zuffa stands ready to work with Mercer to facilitate a production.

With regard to a deposition of Mercer, Zuffa joins Plaintiffs' request for clarification.  Based on the Court's order, Zuffa believes a deposition of Mercer should be counted toward the Court's prescribed limit on third-party depositions.  In Zuffa's view, the Court's limitation of third-party depositions during the extended discovery period was premised in part on the importance of completing a substantial amount of outstanding discovery.  All exceptions to the limit were specifically noted, either in the Joint Agenda or on the record at the hearing.  Moreover, in the June 20 meet-and-confer conference, Zuffa offered to stipulate to the authenticity of Mercer documents and to prepare its Rule 30(b)(6) designee on fighter compensation to testify regarding the content of those documents.  Plaintiffs agreed to consider whether this would obviate the need to depose Mercer.  Again, Plaintiffs never responded to Zuffa, and Plaintiffs' Letter does not mention this offer.

Zuffa is available for a telephone conference at the Court's convenience.

Regards,

*/s/ Stacey K. Grigsby*

Stacey K. Grigsby