WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' EMERGENCY MOTION FOR A LETTER OF REQUEST FOR DOCUMENTS FROM GROUP ONE HOLDINGS PTE. LTD. AND RELATED DOCUMENTS (ECF NO. 435)** |

## I. INTRODUCTION

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal certain portions of Plaintiffs' Emergency Motion for a Letter of Request for Documents from Group One Holdings Pte. Ltd. ("Plaintiffs' Motion") as well as exhibits, or certain portions thereof, associated with that motion as described below.[1]  This Motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Plaintiffs' Motion ("Grigsby Sealing Declaration").

The Protective Order in this case provides for the filing of documents under seal where a document or portions thereof contain Confidential or Highly Confidential Information.  ECF No. 217, ¶ 14.3.  As described fully below, Zuffa seeks to file under seal two categories of information.  First, Zuffa seeks to file under seal one exhibit in its entirety containing confidential information submitted to the government in response to a government request for information and that was properly designated confidential pursuant to 15 U.S.C. § 57b-2.  Second, Zuffa seeks to file under seal portions of one exhibit that contains an excerpt from the March 23, 2017 deposition testimony of former Zuffa Chief Executive Officer (CEO) Lorenzo Fertitta.  Finally, Zuffa seeks to file under seal those portions of Plaintiffs' Motion that refer to and quote from confidential portions of these two categories of information.  For the reasons below, Zuffa has demonstrated that "good cause" exists sufficient to justify sealing of this non-dispositive motion and its related documents.

Zuffa takes no position on whether Exhibit 2, which was designated confidential or highly confidential by a third party, may be properly filed under seal.

## II. LEGAL STANDARD

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of

---

[1] All exhibits referenced in this Motion refer to exhibits to the Declaration of Kevin E. Rayhill in Support of Plaintiffs' Emergency Motion for a Letter of Request for Documents from Group One Holdings Pte. Ltd. (ECF No. 433-2).

1

ZUFFA'S MOT. TO SEAL PLS' EMERGENCY                       Case No.: 2:15-cv-01045-RFB-(PAL)
MOT. FOR A LTR OF REQ. FOR DOCS

Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

As the Ninth Circuit has held, in granting protective orders preventing disclosure of certain types of information, district courts have, upon good cause shown, "[m]ost significantly . . . granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations omitted).

Material submitted to the Federal Trade Commission may be treated as confidential pursuant to 15 U.S.C. § 57b-2. Section 57b-2(f)(1) states that, except as to certain enumerated exemptions:

> [a]ny material which is received by the Commission in any investigation, a purpose of which is to determine whether any person may have violated any provision of the laws administered by the Commission, and which is provided pursuant to any compulsory process under this subchapter or which is provided voluntarily in place of such compulsory process shall not be required to be disclosed under section 552 of title 5 or any other provision of law . . . .

Thus, any material submitted pursuant to section 57b-2 may properly be treated as confidential.

III. ARGUMENT

A. Confidential Material Submitted to the Federal Trade Commission

Exhibit 7 to Plaintiffs' Motion consists of materials submitted to the Federal Trade Commission (FTC) marked as confidential pursuant to 15 U.S.C. § 57b-2 as disclosed during an FTC investigation. As explained above, section 57b-2(1) provides any such material "shall not be required to be disclosed under . . . any other provision of law." As no statutory or other exemption applies and Zuffa does not disclose this type of information to any entity except where required by law, Grigsby Sealing Decl. ¶ 5, and this Exhibit containing draft material is properly treated as confidential, good cause therefore exists to seal this exhibit in its entirety.

## B. Excerpt of Lorenzo Fertitta's Deposition Testimony

Zuffa seeks to redact one portion of Exhibit 8, which contains an excerpt from the March 23, 2017 deposition of former Zuffa CEO Lorenzo Fertitta. Zuffa had previously designed this portion of the deposition, which is redacted as shown in Exhibit 8 to the Grigsby Sealing Declaration, confidential pursuant to the Protective Order in this case. The redacted portion of Mr. Fertitta's testimony discusses a lawsuit and confidential settlement agreement. Zuffa has a strong policy of not discussing the terms of its confidential settlement agreements publicly. Grigsby Sealing Decl. ¶ 4. Good cause exists to seal the discussion of the lawsuit and confidential settlement agreement because preventing disclosure of information about the confidential settlement agreement protects Zuffa and the other party to the lawsuit from "annoyance, embarrassment, oppression, or undue burden" that might result from disclosure of the lawsuit in connection with this non-dispositive motion. In addition, public policy strongly favors settlement and confidentiality agreements and good cause also exists on that basis to seal this portion of Mr. Fertitta's testimony. *See Barbine v. Keystone Quality Transp.*, No. CIV.A. 03-3426, 2004 WL 834709, at *1 (E.D. Pa. Apr. 16, 2004) (citation omitted) (explaining that "public policy strongly favors the settlement of disputed claims, and confidentiality agreements regarding settlements should not be set aside absent a compelling justification").

## C. Portions of Plaintiffs' Motion Referencing Properly Sealed Materials

Finally, Zuffa requests that the Court permit the filing under seal one portion of Plaintiffs' Motion that quotes from Exhibit 7, which is properly filed under seal in its entirety. Zuffa requests that the Court seal those portions of page 4, lines 3 through 6 that were redacted in the public version of Plaintiffs' Motion.

## IV. CONCLUSION

Zuffa respectfully requests that the Court find that Zuffa has made the requisite particularized showing of good cause sufficient to justify sealing of the documents, or portions thereof, listed above.

//

//

| | |
|---|---|
| Dated:  June 26, 2017 | Respectfully Submitted, |
| | BOIES SCHILLER FLEXNER LLP |
| | By: */s/ Stacey K. Grigsby* |
| | Stacey K. Grigsby |
| | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |
| | WILLIAM A. ISAACSON (*Pro hac vice*) (wisaacson@bsfllp.com) |
| | STACEY K. GRIGSBY (*Pro hac vice*) (sgrigsby@bsfllp.com) |
| | NICHOLAS A. WIDNELL (*Pro hac vice*) (nwidnell@bsfllp.com) |
| | BOIES SCHILLER FLEXNER LLP |
| | 1401 New York Ave., NW, Washington, DC 20005 |
| | Telephone: (202) 237-2727; Fax: (202) 237-6131 |
| | RICHARD J. POCKER #3568 (rpocker@bsfllp.com) |
| | BOIES SCHILLER FLEXNER LLP |
| | 300 South Fourth St., Ste. 800, Las Vegas, NV 89101 |
| | Telephone: (702) 382 7300; Fax: (702) 382 2755 |
| | DONALD J. CAMPBELL #1216 (djc@campbellandwilliams.com) |
| | J. COLBY WILLIAMS #5549 (jcw@campbellandwilliams.com) |
| | CAMPBELL & WILLIAMS |
| | 700 South 7th Street, Las Vegas, NV 89101 |
| | Telephone: (702) 382-5222; Fax: (702) 382-0540 |
| | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Emergency Motion for a Letter of Request for Documents from Group One Holdings Pte. Ltd. and Related Documents (ECF No. 435)** was served on June 26, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                          */s/ Roderick Crawford*

**Roderick Crawford**, an Employee of Boies Schiller Flexner LLP