Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408-4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net

*Co-lead Class Counsel and Attorneys for Individual and
Representative Plaintiffs Cung Le, Nathan Quarry, and Jon Fitch,
Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>            **Plaintiffs,**<br><br>      **v.**<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>            **Defendant.** | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF**<br><br><br>DATE: July 13, 2017<br>TIME: 9:30 AM |

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND. .......................................3

     A.    Zuffa has Failed to Follow Rule 26 with Respect to Assertion of Privilege Claims.............3

     B.    Plaintiffs' Efforts to Meet and Confer and Resolve Privilege Claims without Court Intervention. ............................................................................ 4

          1.    Meet and Confer Efforts. ......................................................... 4

          2.    Zuffa Agrees to Conduct Another Review of Withheld Documents and to Produce a Revised Privilege Log. ............................ 6

          3.    Plaintiffs' Efforts to Narrow the Dispute. .............................. 6

          4.    Zuffa's History of Asserting and Maintaining Improper Privilege and Work Product Claims. .............................................. 6

III.  ZUFFA'S IMPROPER PRIVILEGE CLAIMS HAVE FRUSTRATED PLAINTIFFS' DISCOVERY AND PREJUDICED PLAINTIFFS. ......................... 8

IV.  ARGUMENT ...................................................................................................... 9

     A.    Legal Standard. ................................................................................. 9

     B.    Zuffa's Late Production of an Inadequate Privilege Log Waives Its Privilege Claims. ...............................................................................10

     C.    Zuffa's Privilege Log Fails to Provide Sufficient Facts for Plaintiffs to Assess Zuffa's Claims of Privilege. ...............................................12

     D.    The Court Should Set a Procedure for Future Privilege Challenges. .................................13

V.   CONCLUSION ..................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowne, Inc. v. AmBase Corp.,* 150 F.R.D. 465 (S.D.N.Y. 1993) ...................................................8

*Bullion Monarch Mining, Inc. v. Newmont USA Ltd.,* 271 F.R.D. 643 (D. Nev. 2010) ..............................11

*Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005).................passim

*Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992)..........................................................9

*Cung Le v. Zuffa, LLC*, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016) ................................ 5, 6, 7

*Cung Le v. Zuffa, LLC*, 2017 U.S. Dist. LEXIS 20614 (D. Nev. Feb. 13, 2017)............................5, 6, 7, 12

*Cung Le v. Zuffa, LLC*, 2017 U.S. Dist. LEXIS 89293 (D. Nev. June 9, 2017)................................. 5, 6, 7

*Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691 (D. Nev. 1994) ...................................3, 9

*Gashtili v. JB Carter Props. II, LLC*, 2013 U.S. Dist. LEXIS 159076 (D. Nev. Oct. 30, 2013)...........................................................................................................................................9

*In re Fluidmaster, Inc.*, 2016 U.S. Dist. LEXIS 154618 (N.D. Ill. Nov. 8, 2016) ........................... 13

*In re Rivastigmine Patent Litig.*, 237 F.R.D. 69 (S.D.N.Y. 2006) ..................................................7

*In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789 (E.D. La. 2007)...................................... 2, 14

*Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) ...................................................................9

*Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D. Nev. 1993) .........................................3, 9

*Phillips v. C.R. Bard, Inc.,* 290 F.R.D. 615 (D. Nev. 2013) ........................................................12

*Phx. Ins. Co. v. Your Vitamins, Inc.,* 2013 U.S. Dist. LEXIS 15479 (D. Nev. Feb. 5, 2013)........................12

*Progressive Cas. Ins. Co. v. FDIC*, 2014 U.S. Dist. LEXIS 32654 (D. Nev. Mar. 11, 2014) ...................... 11

*RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 U.S. Dist. LEXIS 80436 (D. Nev. May 25, 2017) ...............................................................................................................8

*Saud v. California*, 2016 U.S. Dist. LEXIS 66238 (E.D. Cal. May 18, 2016)............................................9

*United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) ...................................9, 12

*Vioxx Prods. Liab. Litig. Steering Comm. v. Merck & Co.*, 2006 U.S. App. LEXIS 27587 (5th Cir. May 25, 2006) ...................................................................................................................14

**Rules**

Fed. R. Civ. P. 26(b)(5)...............................................................................................................3

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**TABLE OF AUTHORITIES (cont.)**

Fed. R. Civ. P. 26(b)(5)(A) ..............................................................................................8

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## I.   INTRODUCTION

Zuffa continues to frustrate Plaintiffs' discovery through improper claims of privilege or work product. Zuffa has withheld over 30,000 documents on the basis of privilege and failed to provide a privilege log that identifies these documents or discloses the basis for privilege until April 2017—at the very end of discovery. Moreover, the boilerplate descriptions in the latest version of the privilege log Zuffa only recently provided are insufficient to support a claim of privilege. Zuffa has thus waived any privilege that may have existed, and its eleventh-hour attempts to cure those deficiencies are now too little and too late. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005) ("*Burlington N. & Santa Fe Ry.*").

As Zuffa now tacitly admits, its privilege claims are overbroad and incorrect. Zuffa has agreed to withdraw an as-yet undisclosed number of privilege claims as to an as-yet unidentified and still not produced number of relevant discoverable documents. *See* Declaration of Matthew S. Weiler ("Weiler Decl."), Exh. 12. In addition, Zuffa has acknowledged the inadequacy of the required privilege log descriptions of documents withheld and agreed to conduct another review of the documents withheld and to provide a revised log. *Id.* This should have been done in the first instance. And it should have been done months—if not years—ago. While these attempts to cure are a step in the right direction and should be completed at once, this motion is necessary now in order to address (1) the timeliness and adequacy of Zuffa's description of the withheld documents; and (2) a schedule and process for resolving disputes about particular documents without further delay and prejudice.

Despite numerous efforts to obtain non-privileged documents Zuffa has withheld, Zuffa still has only produced documents in dribs and drabs. *See, e.g.*, Weiler Decl., Exh. 13. To date, there are still responsive documents Zuffa has not yet produced even though Zuffa admits that its privilege claims were incorrect with respect to—at least—hundreds of documents. The Court should order Zuffa to produce these documents without delay.

With respect to the other documents withheld despite Plaintiffs' diligence, the Court should determine that Zuffa's withholding of materials under improper claims of privilege, combined with Zuffa's failures to take necessary steps to disclose and protect materials pursuant to Rule 26, constitutes a waiver of privilege claims. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149 (holding that untimely

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

production of privilege log with boilerplate assertions of privilege constituted waiver). Zuffa has not only abused the discovery process but done so in a way that puts Plaintiffs in the unfair and prejudicial position of having to proceed with discovery without the benefit of potentially key documentary evidence.

The remedy for such behavior is clear and straightforward, even if severe. The Court should enter an order denying Zuffa's claims of privilege as to all documents. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149 ("Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later.") (emphasis in original). On June 9, 2015, Zuffa served their responses and objections to Plaintiffs' first request for production of documents. *See* Weiler Decl., ¶ 3. Zuffa did not even attempt to identify a detailed basis for its privilege assertions **until nearly two years later**, on April 7, 2017, when it first produced an inadequate privilege log. *Id.*, ¶ 4, Exh. 1. That effort was materially deficient and, as of today, it still has not been cured. All of the factors identified by the *Burlington* court are present here. A finding of waiver is justified.

Alternatively, Plaintiffs request immediate remedial steps, including but not limited to an order requiring that Zuffa (1) produce all documents improperly withheld without delay; and (2) produce a privilege log within five days that adequately sets forth the basis for the claim of privilege under Rule 26 for the 17,274 withheld documents that are obviously most relevant to Plaintiffs' case. In addition, Plaintiffs request that the Court set forth an expedited procedure for adjudicating any disputed claims with respect to withheld documents identified on any revised privilege log. *See In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 790-91 (E.D. La. 2007) (discussing implementation of procedure for resolving disputed privilege claims pursuant to order of Fifth Circuit).[1]

---

[1] In light of the impending close of discovery, and in the interest of efficiency and the preservation of the Court's and the parties' resources, Plaintiffs respectfully ask that that the Court hear this motion at the Status Conference currently scheduled for July 13, 2017. Plaintiffs propose that the Court adopt an expedited briefing schedule under which Zuffa's response would be due on July 10. Plaintiffs will forego submitting a reply.

## II.    FACTUAL AND PROCEDURAL BACKGROUND.

### A.    Zuffa has Failed to Follow Rule 26 with Respect to Assertion of Privilege Claims.

Plaintiffs served their first request for production of documents on April 26, 2015. Weiler Decl., ¶ 3. Zuffa served objections on June 9, 2015, consisting largely of boilerplate objections. *Id*. On September 23, 2016, Zuffa informed the Court that it had previously substantially completed its document production on September 1, 2016. ECF No. 297 at 2. Throughout its rolling production of documents, Zuffa failed to provide a privilege log. [2] Weiler Decl., ¶ 4.

It was not until April 7, 2017, less than two months before the discovery cutoff, that Zuffa produced a privilege log. Weiler Decl., ¶ 4. That log contained 30,037 entries. *Id*. Prior to that date, Zuffa did not provide Plaintiffs any notice of the number of discoverable documents withheld. *Id*. Zuffa has not asserted—and does not assert—that a document-by-document log of documents withheld in whole or in part is unduly burdensome. Following Plaintiffs' initial review and identification of deficiencies, Zuffa amended its privilege log on April 24. That version, which is the latest iteration, includes 30,092 entries. Weiler Decl., ¶ 6, Exhs. 3-4.

The log, even in its current incarnation, is facially inadequate. *See* Rule 26(b)(5) ("the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed"). Zuffa repeatedly sets forth uninformative boilerplate descriptions of the documents withheld. Typical examples include: (1) "[e]mail chain discussing legal advice regarding fighter contracts"; (2) "[e]mail chain providing legal advice regarding acquisitions"; and (3) "[e]mail providing legal advice regarding corporate matters." *See* Weiler Decl., Exh. 4. These descriptions do not satisfy Rule 26(b)(5)'s requirement that Zuffa describe the nature of the documents in a way that will allow Plaintiffs to assess the basis of the privilege claim. *See e.g., Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118, 122 n. 6 (D. Nev. 1993) ("General Electric's log does not provide the names of intended recipients and others with access to the document, nor does it identify the documents or their subject matter with a reasonable degree of specificity."); *Diamond State Ins. Co. v.*

---

[2] Zuffa's representations about the status of the completion of its production were inaccurate. Zuffa continued to produce documents on a rolling basis throughout late 2016 and into 2017, including a production of 4,236 documents on March 11, 2017. Weiler Decl. , ¶ 3.

*Rebel Oil Co.*, 157 F.R.D. 691, 699 (D. Nev. 1994) ("self-serving conclusory statements" and a "a vague description of the documents" are insufficient to demonstrate a document is privileged).

> **B.    Plaintiffs' Efforts to Meet and Confer and Resolve Privilege Claims without Court Intervention.**

> **1.    Meet and Confer Efforts.**

Plaintiffs have met and conferred with Zuffa for more than a month on privilege issues. Weiler Decl. ¶¶ 5-11. On April 20, 2017, Plaintiffs sent Zuffa a letter addressing the inadequacy of the descriptions of the documents and asking for descriptions in compliance with Rule 26. Weiler Decl., Exh. 2. Plaintiffs asked Zuffa to correct these and other deficiencies by April 24. On April 24, 2017, Zuffa produced the amended version of the privilege log that included more information—metadata regarding document recipients—but did not address the deficient document descriptions. Weiler Decl, ¶ 6.[3]

Through this process, it has become clear that Zuffa's privilege log contained at least hundreds, if not thousands, of non-privileged documents. Plaintiffs have identified a number of these documents to Zuffa, and Zuffa has conceded that many of these documents are not privileged. Weiler Decl. ¶¶ 8-9, 15. Additionally, Zuffa has continued to produce small batches of documents to Plaintiffs that Zuffa concedes it improperly withheld. Weiler Decl. ¶ 15, Exh. 13. As part of this back and forth, Plaintiffs have also specifically identified from the log more than 150 additional documents that are obviously not privileged and have asked Zuffa to validate its claims of privilege or produce the documents. Weiler Decl., ¶ 12.

Now, after years of discovery and weeks before the discovery cutoff, Zuffa has agreed to conduct a review of the documents identified in the privilege log. Weiler Decl. ¶ 14, Exh. 12.

Based on the privilege logs produced to date, Zuffa has improperly withheld numerous documents, including many documents that contain discussions of pure business issues, such as the compensation amounts and number of bouts being offered to a given fighter. *See e.g.*, Weiler Decl., Exhs.

---

[3] Zuffa has sporadically produced some documents previously withheld—frequently after prompting from Plaintiffs—and has revised a very small subset of its privilege log entries to include more detail about the nature of the communication and the privilege asserted. Weiler Decl., Exh. 7 (Evan North Letter to Matthew Weiler, May 25, 2017).

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

14, 15, 16 (ZFL-2606831, ZFL-2633056, ZFL-1021815). Pursuant to prior orders of the Court, such materials are discoverable and not privileged. *See*, *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016); *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 20614, at *15-16 (D. Nev. Feb. 13, 2017); *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 89293 (D. Nev. June 9, 2017).

On May 21, 2017, Plaintiffs sent Zuffa a letter stating that with respect to Lawrence Epstein the privilege log still contained far too little descriptive detail to enable Plaintiffs to assess the basis for Zuffa's assertions of privilege, and identifying documents that were improperly redacted. Weiler Decl., Exh. 5 (Matthew Weiler letter to Stacey Grigsby, May 21, 2017). In addition to other requests, Plaintiffs requested additional detail concerning withheld documents relating to Zuffa's acquisitions that were sent or received by Epstein. *Id.* Zuffa conceded that all of the challenged documents were not privileged, along with nine other documents related to acquisitions, but refused to revise the document descriptions, with the exception of a small subset of privilege log entries provided by Plaintiffs. Weiler Decl., Exhs. 6-7 (Stacey Grigsby Letter to Matthew Weiler, May 22, 2017, Evan North email to Matthew Weiler, May 25, 2017).

On June 7, 2017, Plaintiffs sent Zuffa another letter identifying more documents that were clearly not privileged, including documents shared with a third party, thus waiving privilege. Weiler Decl., Exh. 8 (Matthew Weiler letter to Stacey Grigsby, June 7, 2017). Zuffa has not yet responded to this letter.

On June 20, 2017, Plaintiffs met and conferred in person with Zuffa in Washington D.C., and later that day provided Zuffa with a list of disputed redactions for Zuffa to review. Weiler Decl., Exh. 9 ( June 20, 2017 Email to Stacey Grigsby, et al.). Plaintiffs also agreed to provide Zuffa with a list of disputed redactions relating to outside Zuffa investor Mubadala, which they subsequently provided to Zuffa on June 28. Weiler Decl., Exh. 10 (Rayhill Email to Evan North, June 28, 2017). Zuffa conceded that virtually all of these documents were non-privileged in a message sent on June 30. *Id.*, Exh. 11.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### 2. Zuffa Agrees to Conduct Another Review of Withheld Documents and to Produce a Revised Privilege Log.

On June 24, 2017, Zuffa agreed to "re-review approximately half of the 30,000 documents listed on its privilege log." Weiler Decl., Exh. 12 (Stacey Grigsby Letter to Matthew Weiler, June 24, 2017). Additionally, Zuffa agreed that "it will remove the privilege designation or revise the descriptions in the privilege log of at least some of these documents." *Id.* Zuffa agreed that it will produce any documents deemed not to be privileged on a rolling basis, with production to be completed by July 10, 2017. *Id.* Remarkably, despite its agreement to redo its privilege log, Zuffa maintains that its boilerplate uninformative document descriptions satisfy the requirements of Rule 26, and Zuffa does not state it will provide sufficient descriptions for all of the documents over which it claims privilege.

### 3. Plaintiffs' Efforts to Narrow the Dispute.

In order to address the difficulties created by the belated production of a privilege log with more than 30,000 entries, Plaintiffs have attempted to narrow the inquiry to approximately 17,000 documents of particular import. These appear from the privilege log to be documents regarding fighter contracts, acquisitions, "corporate matters," and communications with outside investor Mubadala. These topics go to the core of Plaintiffs' allegations that Zuffa eliminated competition in the market for promoting live Mixed Martial Arts ("MMA") events by acquiring its competitors, and it exploited its resultant monopsony power over fighters to lock the fighters into long-term contracts with highly restrictive terms. ECF No. 208, ¶¶ 9, 112-113, 128-129. Given that these materials are of particular importance to upcoming discovery and expert work, it is appropriate to focus on these materials.

### 4. Zuffa's History of Asserting and Maintaining Improper Privilege and Work Product Claims.

Zuffa's privilege logs manifest Zuffa's strategy of overbroad assertion of privilege, improper withholding or redaction of documents, and delaying production until—or after—the court-imposed discovery cutoff.

In fact, the Court has already considered Zuffa's assertion of privilege in several contexts before. On those occasions, the Court has held, "Zuffa simply had not met its burden of showing the documents were privileged." *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist.

LEXIS 20614, at *15-16 (D. Nev. Feb. 13, 2017) (fighter negotiations). *See also, Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016) (acquisitions); *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 89293 (D. Nev. June 9, 2017) (fighter compensation study).

The documents Zuffa has produced show that Zuffa attorneys routinely performed business functions and conducted its day-to-day business affairs. Indeed, as shown previously, there are numerous examples. For example, documents show Zuffa in-house counsel Michael Mersch took part in negotiations with fighters (*Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 20614, at *15-16 (D. Nev. Feb. 13, 2017)), in-house counsel Lawrence Epstein discussed Zuffa's business policies (*Id.*), and outside counsel Thomas Paschall relayed another promoter's negotiating positions and discussed Zuffa's acquisition strategy (*Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016)). Moreover, Zuffa commissioned a study of fighter compensation through its outside counsel Hunter Campbell, in an unsuccessful effort to insulate sensitive and highly relevant business operations from scrutiny in litigation such as this. Weiler Decl., Exhs. 17, 18. (ZFL-1824835, ZFL-1824837). Documents produced after the Court's ruling confirm that the fighter compensation study was not undertaken in anticipation of litigation, as when, for example, Mr. Campbell stated, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████" Weiler Decl., Exh. 19 (ZFL-2701711). Mr. Campbell also stated, ████████████████████████████████████████████████ ████████████████████████████████████ Weiler Decl., Exh. 20 (ZFL-2701752).

These communications conveyed business advice rather than legal advice, and this Court has held that they are not privileged. *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 89293 (D. Nev. June 9, 2017). It is Zuffa's burden to establish that the material is privileged. *See, In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 74 (S.D.N.Y. 2006) ("It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, a burden not discharged by mere conclusory or ipse dixit assertions."). With

respect to such documents, if Zuffa maintains a privilege claim, Zuffa must detail the exact nature of the allegedly privileged communications in order for Plaintiffs to assess whether they constitute ordinary business communications or legal advice.

### III.   ZUFFA'S IMPROPER PRIVILEGE CLAIMS HAVE FRUSTRATED PLAINTIFFS' DISCOVERY AND PREJUDICED PLAINTIFFS.

Plaintiffs have been prejudiced by Zuffa's belated productions of inadequate privilege logs, and its improper withholding or redaction of hundreds if not thousands of non-privileged relevant documents until the very end of the discovery period. Zuffa's strategy has left Plaintiffs with very little time to deal with a very significant problem. Plaintiffs have been denied relevant documents and have been forced to take depositions and develop expert testimony without the benefit of them. This is inconsistent with the basic principles underlying Rules 26 and 34, among others.

After motion practice before the Court and extensive negotiations with Zuffa, the parties have agreed to deposition dates for certain key witnesses, all of whom were actively involved in all aspects of Zuffa's business and played key roles in the anticompetitive activities alleged by Plaintiffs. Weiler Decl., ¶ 23. Each of these executives is identified as a sender, recipient, author or custodian of hundreds of documents in the privilege log, as the table[4] below makes clear:

| Deponent/Title | Deposition Date | Documents |
|---|---|---|
| Michael Mersch | July 14 | 12,100 |
| Kirk Hendrick | July 17-18 | 7,274 |
| Lawrence Epstein | July 21 | 3,632 |
| Dana White | August 9-10 | 499 |

Zuffa's proposal to provide additional descriptions for an uncertain number of documents by July 10—at which point judicial review is frustrated by the July 31 discovery cutoff—is unreasonable and unfair.

---

[4] Weiler Decl., ¶ 23.

## IV.  ARGUMENT

### A.  Legal Standard.

Rule 26 requires that a party asserting privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). Fed. R. Civ. P. 26(b)(5)(A). It is settled law that "[t]he privilege log must provide adequate descriptions of the document and the basis for claiming the privilege." *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 U.S. Dist. LEXIS 80436, at *19 (D. Nev. May 25, 2017); *Bowne, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 474 (S.D.N.Y. 1993) (quotation marks and citation omitted) ("[T]he standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed."). The party seeking to conceal discoverable material on the basis of privilege has the burden of providing sufficient information to justify the privilege claim. *Id.* ("The focus is on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory or *ipse dixit* assertions.")

Courts routinely reject the sorts of vague and uninformative descriptions Zuffa offers here. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 122 n. 6 (D. Nev. 1993) ("General Electric's log does not provide the names of intended recipients and others with access to the document, nor does it identify the documents or their subject matter with a reasonable degree of specificity."); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 699 (D. Nev. 1994) ("self-serving conclusory statements" and a "a vague description of the documents" are insufficient to demonstrate a document is privileged). Boilerplate statements "are improper and therefore no claim of privilege at all." *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (citations omitted). Further, "[a] district court may require 'individual explanations justifying the assertion of privilege.'" *Gashtili v. JB Carter Props. II, LLC*, No. 2:12-cv-00815-MMD-PAL, 2013 U.S. Dist. LEXIS 159076, at *3 (D. Nev. Oct. 30, 2013) (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) and ordering party to "particularize" the basis for its privilege claims or produce the disputed documents).

The privilege log must provide sufficient facts to show that the communications were made "for the purpose of obtaining or providing legal advice." *Saud v. California*, No. 2:14-cv-2536 GEB AC, 2016 U.S. Dist. LEXIS 66238, at *7 (E.D. Cal. May 18, 2016) (quoting *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)). Further, it must be shown that "the primary purpose of the communication was securing legal advice." *Id.*

**B.** **Zuffa's Late Production of an Inadequate Privilege Log Waives Its Privilege Claims.**

With respect to nearly all of the more than 30,000 purportedly privileged documents withheld or redacted, Zuffa has yet to provide detail that is sufficient under Rule 26. With respect to "nearly half" of these purportedly privileged documents, Zuffa refuses to revise its descriptions and intends to stand on its boilerplate descriptions.[5]

Given Zuffa's intransigence and refusals to cure, with respect to all documents still withheld, Zuffa has forfeited its privilege claims by waiting more than two years to provide a sufficient description of the documents withheld. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1147-50. In considering whether a late or deficient privilege log waives privilege, courts in the Ninth Circuit analyze:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Id.* at 1149. The "holistic reasonableness analysis" discussed in *Burlington* supports waiver here.

First, Zuffa delayed nearly two years before making any attempt to substantiate the vague privilege and work product claims set forth in their Rule 34 responses to Plaintiffs' document requests. The district court in *Burlington* found that a delay of five months was independently sufficient to waive

---

[5] As noted below, as to the other documents, Zuffa agrees to provide additional descriptions or to produce documents. Zuffa has not disclosed exactly how many documents fall into each category. Weiler Decl., Exh. 12.

privilege. 408 F.3d at 1149 ("In the absence of mitigating considerations, [a five-month delay] alone would immunize the district court's ruling from reversal under the standard just articulated.").

Second, as in *Burlington*, by providing only boilerplate descriptions that lack specifics (as discussed in greater detail below), Zuffa has made it very difficult—if not impossible—for Plaintiffs to conduct remaining discovery and evaluate Zuffa's privilege claims. Descriptions such as "[e]mail chain providing legal advice regarding fighter contracts" leave Plaintiffs to guess at the true nature of the communication.

Third, as in *Burlington*, Zuffa has strategically delayed production and revision of the privilege log. For example, Zuffa produced no privilege log whatsoever when Plaintiffs conducted the first round of Rule 30(b)(6) depositions in November and December 2016. Zuffa then produced them in April, 2017, so late as to make it virtually impossible to complete fact depositions of Zuffa's personnel with the benefit of any meaningful challenge to the claims asserted in the privilege log. Plaintiffs were forced to take numerous depositions before and after April 2017, without the benefit of any privilege log. And now, Zuffa's proposed schedule for revision follows the same pattern: Zuffa proposes to provide a revised privilege log by July 10, three days before the final scheduled status conference prior to the close of fact discovery.

Zuffa should not be permitted to use the voluminous nature of its document production as an excuse for its belated production of a privilege log to the prejudice of Plaintiffs. *See*, *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 649-50 (D. Nev. 2010) (holding that the defendant waived privilege for all documents in the privilege log, despite the "document-intensive" nature of the case, where the defendant "well knew that prompt document review and production of the documents and the log was of utmost importance and failed to take steps to insure that the privilege log would be produced until well past the time it could be of use to [the plaintiff]"). *Cf. Progressive Cas. Ins. Co. v. FDIC*, No. 2:12-cv-00665-KJD-PAL, 2014 U.S. Dist. LEXIS 32654, at *23 (D. Nev. Mar. 11, 2014) ("the magnitude of the production and the time needed to prepare fully compliant privilege logs weigh in favor of a finding of non waiver"). At a minimum, Zuffa should have disclosed the magnitude of its anticipated privilege claims and the timing of the production of a privilege log. *See Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 649 (D. Nev. 2010) ("What is absent here is any

effort by Newmont to communicate with Bullion about the status of the privilege log, or to seek assistance from the court to establish a realistic time frame to produce the privilege log"). As *Burlington* recognizes, the Rule 26 privilege log should have been produced at the time of the document production to head off the very problems Plaintiffs now face. *See Burlington N. & Santa Fe Ry.*, 408 F.3d at 1147. Although Zuffa's document production may have been large, there is no excuse for Zuffa to fail to provide sufficient detail in its April 2017 log, and to strategically delay the resolution of privilege issues until the close of fact discovery. It is Zuffa's privilege to protect, and it is Zuffa's burden to follow well-established procedures. Plaintiffs should not be prejudiced by Zuffa's failure to do so.

### C.   Zuffa's Privilege Log Fails to Provide Sufficient Facts for Plaintiffs to Assess Zuffa's Claims of Privilege.

In addition to failures to follow Rule 26 procedures, Zuffa's privilege log is deficient. Zuffa's privilege log fails to provide sufficient factual bases for claiming privilege. Typical opaque descriptions include: (1) "[e]mail chain providing legal advice regarding fighter contracts"; (2) "[e]mail providing legal advice regarding acquisitions"; and (3) "[e]mail providing legal advice regarding corporate matters." Such descriptions do not satisfy Rule 26(b)(5)(A). A privilege log is insufficient when it "fails to describe the claimed privileged information in a manner that would allow the Court to assess the claim. . . ." *Phx. Ins. Co. v. Your Vitamins, Inc.*, No. 2:12-cv-00564-MMD-NJK, 2013 U.S. Dist. LEXIS 15479, at *6 (D. Nev. Feb. 5, 2013) (ordering party to produce more detailed privilege log); *RKF Retail Holdings, LLC*, 2017 U.S. Dist. LEXIS 80436, at *19 ("A privilege log that merely states that the document contains privileged analysis and reflects advice of counsel is vague and generic and does not allow the court or the opposing party to adequately assess the claim of privilege.")

Simply stating that the documents contain legal advice is insufficient. As the Court has found here, "[I]n order for a communication that pertains to both business and legal advice to be considered privileged, the 'primary purpose' must be to obtain or give legal advice." *Cung Le v. Zuffa*, LLC, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 20614, at *14 (D. Nev. Feb. 13, 2017) (quoting *Phillips v. C.R. Bard, Inc.,* 290 F.R.D. 615, 628 (D. Nev. 2013)). This is especially so where the attorneys are in-house counsel, because "communications involving in-house counsel might well pertain to business

rather than legal matters. The privilege does not protect an attorney's business advice." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

Reviewing remarkably similar deficient entries, one court observed that "[n]either the Court nor Plaintiffs can draw an accurate picture of these documents or what they may contain based on" descriptions such as "Information prepared by counsel re: Aggregate data relating to product liability claims' . . . 'Document prepared in anticipation of arbitration or litigation re: Aggregate data relating to product liability claims for litigation strategy from outside counsel at Howrey.'" *In re Fluidmaster, Inc.*, No. 1:14-cv-05696, 2016 U.S. Dist. LEXIS 154618, at *29-30 (N.D. Ill. Nov. 8, 2016) ("Fluidmaster's description of these documents on its privilege log is unhelpfully vague.").

In order to focus the inquiry and to address burden concerns, as part of the meet and confer process, Plaintiffs informed Zuffa that they are most concerned with reviewing Zuffa's assertions of privilege concerning fighter contracts (including negotiations), acquisition of other MMA promoters, and documents described by Zuffa as relating to "corporate matters." Weiler Decl., ¶ 11. Zuffa's privilege log contains 17,274 entries described only as relating to fighter contracts, acquisitions, or corporate matters. *Id.* Although Zuffa has committed to review "approximately half" of the entries on its log, Plaintiffs have no assurance that this will cover the more than seventeen thousand documents that relate to these central topics.

**D.     The Court Should Set a Procedure for Future Privilege Challenges.**

Working with limited information and boilerplate descriptions, Plaintiffs have already identified a substantial number of documents that appear non-privileged. Plaintiffs have identified to Zuffa approximately 140 documents that appear to be non-privileged, based on the un-redacted parts of the documents that were disclosed to Plaintiffs. Weiler Decl., ¶ 12. Plaintiffs have identified a host of other documents that are not privileged, including communications that appear to have been improperly redacted. *Id.*, Exhs. 5, 8. Plaintiffs anticipate that once Zuffa provides revised descriptions for thousands of other documents—as Zuffa is required to do under Rule 26—there will be other documents subject to challenge.

As fact discovery is set to close on July 31, Zuffa should produce all non-privileged documents at once. In addition, Plaintiffs request that the Court allow Plaintiffs to conduct a meaningful challenge to documents Zuffa claims are privileged:

- Plaintiffs to provide list of challenged documents within five court days of receiving a privilege log with sufficient descriptions for the 17,274 entries that are the most relevant to Plaintiffs' claims;

- Zuffa to respond to specific challenged documents within five court days[6];

- Plaintiffs to file motion to challenge remaining disputed documents within five court days (limited to 50 pages);

- Zuffa to file response within five court days;

- Plaintiffs to file any reply within three court days;

- The foregoing process to proceed beyond current discovery cut-off, if necessary; and,

- Depositions of Zuffa fact witnesses may be reopened to address improperly withheld documents subject to motion and showing of good cause.

## V.   CONCLUSION

For the reasons stated above, Zuffa has waived privilege by failing to provide a reasonable basis for Plaintiffs and the Court to evaluate the more than 30,000 entries on its belatedly produced privilege log. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005). Alternatively, this Court should order Zuffa to (1) produce all non-privileged documents within five court days; (2) produce a revised privilege log that satisfies Rule 26; and (3) adopt Plaintiffs' above-detailed proposal for resolving any remaining disputes concerning documents withheld or redacted by Zuffa pursuant to claims of privilege.

---

[6] Plaintiffs would be amenable to using sampling techniques to address privilege claims. *See Vioxx Prods. Liab. Litig. Steering Comm. v. Merck & Co.*, 2006 U.S. App. LEXIS 27587, at *8-10 (5th Cir. May 25, 2006); *see also In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d at 790-91.

DATED: June 30, 2017

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By: ___/s/Joseph R. Saveri_____
         Joseph R. Saveri

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Matthew S. Weiler (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and
Representative Plaintiffs Cung Le, Nathan Quarry, Jon
Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2017, true and correct copies of the documents listed below were served via the United States District Court CM/ECF system and electronic mail on all parties or persons requiring notice.

- **PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF**

- **DECLARATION OF MATTHEW S. WEILER IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF**

- **[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF**

By:             */s/ Kevin E. Rayhill*
                Kevin E. Rayhill

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS