Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:   (202) 408-4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera,
Luis Javier Vazquez, and Kyle Kingsbury*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF MATTHEW S. WEILER IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF** |

I, Matthew S. Weiler, declare and state as follows:

1. I am an attorney at the Joseph Saveri Law Firm, Inc., Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs. I am a member in good standing of the State Bar of California, and have been admitted *pro hac vice* in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. I make this declaration in support of Plaintiffs' Emergency Motion to Compel Production of Documents Withheld on Privilege Grounds and for Other Relief.

3. Plaintiffs served Zuffa with their first set of requests for production of documents ("RFPs") on April 26, 2015. Zuffa served its responses and objections to Plaintiffs' RFPs on June 9, 2015. Most of the documents produced by Zuffa and subsequently logged on Zuffa's privilege log were produced in response to these RFPs. On September 23, 2016, Zuffa informed the Court that it had previously substantially completed its document production on September 1, 2016. ECF No. 297 at 2. Zuffa continued to produce documents on a rolling basis throughout late 2016 and into 2017, including a production of 4,236 documents on March 11, 2017.

4. On April 7, 2017, Zuffa produced its first privilege log in this litigation, which contained 30,037 entries. This privilege log contained boilerplate descriptions such as "[e]mail chain discussing legal advice regarding fighter contracts," and minimal information about sender and recipients. Attached hereto as Exhibit 1 is a true and correct copy of the first page of this privilege log. Prior to that date, Zuffa did not provide Plaintiffs any notice of the number of discoverable documents withheld as part of Zuffa's response to Plaintiffs' RFPs.

5. On April 20, my colleague Patrick Madden sent a letter to Zuffa regarding numerous deficiencies in the privilege log and asking Zuffa to produce a revised privilege log and any improperly withheld or redacted documents by April 24. Attached hereto as Exhibit 2 is a true and correct copy of Patrick Madden's April 20 letter.

6. On April 24, counsel for Zuffa sent a letter to Plaintiffs responding to Mr. Madden's letter and attaching a revised version of the privilege log. Attached hereto as Exhibit 3 is a true and

correct copy of counsel's April 24 letter. Attached hereto as Exhibit 4 is a true and correct copy of the first page of the April 24 revised privilege log.

7. On May 21, I sent a letter to Zuffa's counsel describing numerous deficiencies with the revised privilege log and improperly redacted documents, with specific reference to Lawrence Epstein. I attached three lists of improperly redacted or withheld documents to my letter, and also described in detail several examples of improperly redacted documents in the body of my letter. In the letter I asked Zuffa to revise the privilege log to include adequately detailed descriptions of the purportedly privileged documents, and to produce unredacted copies of the challenged documents. Attached hereto as Exhibit 5 is a true and correct copy of my May 21 letter. The attachments to the letter are voluminous and have been omitted for that reason.

8. On May 22, Zuffa's counsel responded to my May 21 letter, conceding that the documents described in my letter were all not privileged, and agreeing to review privilege log entries and documents relating to acquisitions, but refusing to carry out a similar review for documents relating to negotiations with fighters. Attached hereto as exhibit 6 is a true and correct copy of counsel's May 22 letter.

9. On May 25, counsel for Zuffa sent me an email attaching revised privilege log entries for Lawrence Epstein relating to acquisitions, and providing unredacted versions of nine documents that were previously withheld on the basis of privilege. A true and correct copy of this message is attached hereto as Exhibit 7.

10. On June 7, I sent counsel for Zuffa a letter describing deficiencies in the privilege log generally, and again providing examples of improperly redacted documents. The theme of this letter echoed other correspondence to Zuffa concerning the lack of specificity in Zuffa's descriptions of privileged documents, and the large number of documents that appeared to reflect routine business affairs such as discussions concerning fighter contract negotiations. Attached hereto as Exhibit 8 is a true and correct copy of my June 7 letter.

11. On June 20, I met and conferred in person with counsel for Zuffa in Washington, D.C. concerning the issues raised in my June 7 letter. During that meeting counsel for Zuffa informed me that Zuffa would review all entries in its privilege log relating to fighter contracts, acquisition of other MMA

promoters, and documents describer by Zuffa as relating to "corporate matters." Zuffa did not commit to revising any particular number of entries, nor did Zuffa agree with Plaintiffs' position that Rule 26 required greater specificity. Plaintiffs informed Zuffa that they are most concerned with reviewing Zuffa's assertions of privilege concerning fighter contracts (including negotiations), acquisition of other MMA promoters, and documents described by Zuffa as relating to "corporate matters." Zuffa's privilege log contains 17,274 entries described only as relating to fighter contracts, acquisitions, or corporate matters.

12. At the June 20 meeting, I informed counsel for Zuffa that Plaintiffs had identified over 140 documents containing questionable redactions that were identified . Counsel agreed to review the documents on Plaintiffs' lists and to produce unredacted versions of any documents Zuffa deemed to be non-privileged. Following the meeting I sent Zuffa an email attaching four lists of documents containing questionable redactions, which counsel said they would also review. Attached hereto as Exhibit 9 is a true and correct copy of my message to Zuffa's counsel.

13. During the June 20 meeting I told counsel that Plaintiffs believed several documents relating to Zuffa outside investor Mubadala were also improperly redacted. I said Plaintiffs would provide counsel with a list of improperly redacted documents relating to Mubadala. On June 28 my colleague Kevin E. Rayhill sent an email to counsel attaching a list of improperly redacted Mubadala documents. Attached hereto as Exhibit 10 is a true and correct copy of that email. On June 30, counsel for Zuffa responded to Mr. Rayhill and stated that unredacted copies would be provided by July 10. Attached hereto as Exhibit 11 is a true and correct copy of that message.

14. On June 24, counsel for Zuffa sent me a letter setting forth Zuffa's position concerning the issues Plaintiffs raised in the privilege log. Attached hereto as Exhibit 12 is a true and correct copy of this correspondence.

15. On June 30, Zuffa produced 365 documents totaling approximately 5,300 pages that were "initially withheld as privileged, but have been de-privileged or produced in redacted form, as well as documents that were produced in redacted form, but are being reproduced without redactions." Attached hereto as Exhibit 13 is a true and correct copy of the correspondence that accompanied that production, dated June 30, 2017.

16. Attached hereto as Exhibit 14 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-2606831.

17. Attached hereto as Exhibit 15 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-2633056.

18. Attached hereto as Exhibit 16 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-1021815.

19. Attached hereto as Exhibit 17 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-1824835.

20. Attached hereto as Exhibit 18 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-1824837.

21. Attached hereto as Exhibit 19 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-2701711.

22. Attached hereto as Exhibit 20 is a true and correct copy of a document produced to Plaintiffs by Zuffa with the Bates number ZFL-2701752.

23. Zuffa and Plaintiffs have agreed to the following deposition dates for certain key witnesses, all of whom were actively involved in all aspects of Zuffa's business and played key roles in the anticompetitive activities alleged by Plaintiffs:

| Deponent/Title | Deposition Date | Documents |
| --- | --- | --- |
| Michael Mersch | July 14 | 12,100 |
| Kirk Hendrick | July 17-18 | 7,274 |
| Lawrence Epstein | July 21 | 3,632 |
| Dana White | August 9-10 | 499 |

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and this Declaration is executed in San Francisco, California on June 30, 2017.

By: _/s/Matthew S. Weiler_
Matthew S. Weiler