# Exhibit 3



April 24, 2017

Patrick F. Madden
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
pmadden@bm.net

  Re: Zuffa's Privilege Log

Dear Patrick,

  I write in response to your letter of April 20, 2017, concerning Zuffa's privilege log. Zuffa has made reasonable, good faith efforts in assembling its log and providing Plaintiffs with the information necessary to analyze Zuffa's assertions of privilege and work product. Nonetheless, there appear to have been clerical errors in certain instances, and we have taken steps to amend the log to correct them. Additionally, we have re-reviewed certain entries to address your concerns, and will be making a limited production of additional de-privileged documents. We also have amended the log in certain instances to reflect your concerns, as described below. In other instances, we disagree with your claims of deficiencies. In light of your demand that we respond to your letter within two business days, we do not address below each of our disagreements with your letter.

  First, as you know, Zuffa objected to the production of documents related to the Mercer project that was commissioned by and overseen by Zuffa's outside counsel. As a result, pending the Court's decision regarding the outstanding motion relating to the Mercer project, Zuffa did not include such documents in its possession on its privilege log. In response to the issues raised in your letter, however, we have logged the Mercer documents as requested. They can be found at rows 30038 through 30092. Second, we have added columns reflecting cc and bcc recipients, as well as document custodians. We have also taken reasonable efforts to populate missing fields where possible. Additionally, we have re-reviewed entries that appear to have been sent or received by third parties, and where appropriate we have removed them from the log and will produce them to you. In many instances, however, your suspicion that the presence of a "third party" on the log broke Zuffa's privilege was unfounded. For example, the owner of the email address burt0749@aol.com, Burt Watson, was at the time of the communications a Zuffa employee. Similarly, your claims that communications with John Hertig are not privileged because to "the best of Plaintiffs' knowledge [he] is neither an attorney nor a Zuffa employee" are incorrect. Additionally, New Evolution Ventures is a joint-venture partner with Zuffa, and with respect to that partnership has a common legal interest with



Patrick F. Madden
April 24, 2017
Page 2

Zuffa.  Communications with accountants such as Grant Milleret are similarly protected by the attorney-client privilege, as the Ninth Circuit has recognized.  *See, e.g.*, *United States v. Landof*, 591 F.2d 36, 39 (9th Cir. 1978) ("The mere presence of a third party at an attorney-client meeting does not necessarily destroy the privilege.") (citing *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), which held that an accountant who was employed to facilitate communication between an attorney and client could refuse to disclose the contents of confidential communications, on the ground that they were protected by the attorney-client privilege.).  Those circumstances were present here, and Zuffa's claim of privilege over communications with Grant Milleret is therefore justified.

You claim that the log contains "numerous" errors and that its inaccuracies are "pervasive."  We disagree.  Indeed, your letter points out a handful of errors in a log with more than 30,000 entries, belying the claim that the log is error ridden.  Since receiving your letter, we have spent several dozen hours examining the log and have found no pervasive errors.  Where we detected errors, we endeavored to correct them.

With respect to your claim that you cannot tell which document is a "child" to which "parent", your sensible inference that the child following a parent is, indeed, a child to that parent was correct.

Your complaint that we have improperly identified Zuffa's "Legal Department" as the author of many documents is unfounded.  Zuffa collected numerous documents, at Plaintiffs' request, from the Legal Department's central files.  These documents, which date back many years, are contained in central repositories that contain documents from various members of Zuffa's Legal Department.  Zuffa produced numerous non-privileged documents from these central files, but, as foreshadowed during the Status Conferences, these files also contained numerous privileged communications and privileged drafts.  Because most of these documents are hard copies or scanned documents, they lack metadata and cannot readily be attributed to any individual attorney.  Plaintiffs have been aware of the nature of these documents for some time, as they were specifically prioritized during discovery and the subject of several meet and confers and status conferences.  Indeed, John Cove described the documents—and their privileged nature—to the Court during a status conference on September 30, 2015.  Plaintiffs cannot credibly complain about their lack of attributable authorship now.

We are aware of no requirement that a party must substantiate a privilege by identifying the specific litigation for which work product was generated.  Indeed, that information itself may very well be privileged (though we have not taken the time to confirm whether this was the case because, again, it is not necessary).  And your complaint that we should have ended the privilege description "Draft presentation prepared at counsel's request and in anticipation of litigation regarding fighter contracts"



Patrick F. Madden
April 24, 2017
Page 3

with the phrase "anticipation of litigation regarding fighter compensation" is mere quibbling.  The description you propose offers no more information as to the validity or invalidity of the privilege assertion than was provided by us.  Considering the fact that fighters' compensation is contained within fighters' contracts, our description is actually more inclusive, as you admit, and would provide more information to you to determine whether or not to challenge the assertion.

      Zuffa has met its obligations with respect to its descriptions in the privilege log.  The Federal Rules provide that with respect to privilege log entry descriptions, a party must: "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will *enable other parties to assess the claim*." F.R.C.P 26(b)(5)(ii) (emphasis added).  We are not aware of, and you don't offer, any reason why the change from "contracts" to "compensation" would better enable your assessment of the privilege claim.  As you were able to identify the content of the document, our description plainly did what the Federal Rules require.

      Very truly yours,

      Marcy Norwood Lynch