# Exhibit 5



May 21, 2017

555 MONTGOMERY STREET
SUITE 1210
SAN FRANCISCO, CA 94111

TEL  415.500.6800
FAX  415.395.9940

**Via Electronic Mail**

Stacey K. Grigsby
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005

Re:   Le et al. v. Zuffa, LLC, Case No 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Stacey,

Plaintiffs write regarding certain entries in Zuffa's privilege log relating to Lawrence Epstein. The most recent version of the privilege log was produced on April 24, 2017 and contains over 30,000 entries. 3,632 of the entries in the log refer specifically to Mr. Epstein. We note that Plaintiffs and Zuffa have begun to meet and confer regarding the log in its entirety. But given Zuffa's insistence in proceeding with Mr. Epstein's deposition next week, there are a number of issues requiring immediate attention.

Please let us know when Zuffa is available to meet and confer to address Plaintiffs' concerns in advance of Mr. Epstein's deposition.

**Improper Redactions.**

Many of the documents listed on the privilege log have been improperly redacted. We have identified the following as examples of deficiencies in Zuffa's withholding of documents in whole or in in part on privilege grounds.

**24982 (ZFL-2606831)**

Entry 24982 (ZFL-2606831) is an email chain between Mr. Epstein, Kirk Hendrick and others. The entry cited above contains multiple improper redactions. We know this because Zuffa also produced several other copies of the same email chain that were not redacted, one of which—

May 21, 2017
Page 2

ZFL-0885147—has been introduced in two depositions of Zuffa employees without any complaint about privileged content from counsel. *See, e.g.,* Nakisa Bidarian Depo. Ex. 2.  In fact, no information contained in this document is privileged or otherwise protected. The redactions are improper.

We have no reason to believe this is an isolated mistake. It appears likely that Zuffa has withheld or redacted numerous documents relating to its commercial operations, including business decisions and strategies. This is improper. *See Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813, at *24 (D. Nev. May 26, 2016) (communications that "relate to the negotiating parties' commercial strategies and tactics . . . are not privileged.").  Continuing to do so now after the Court has previously addressed the issue is baseless.

### 27546 (ZFL-2633056)

Entry 27546 of the privilege log contains the following description: "[e]mail chain providing legal advice regarding broadcasting agreements." This is incorrect. We know this because Zuffa produced an unredacted copy of this email. Review of the documents shows that the description is inaccurate and misleading  and there is no basis for redaction. In the first email in the thread, Mr. Epstein writes to a third party. *See* ZUF-00343235. This message cannot be privileged. Then, next in the email chain, Bryan Johnston writes to Mr. Epstein and Lorenzo Fertitta. It reads: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id*. This is not privileged. Then, Mr. Fertitta writes back ▇▇▇▇▇ This is also not privileged.  The redactions are improper and the privilege log obscures the true nature of the discoverable information contained in the document.

### 21493  (ZFL-1021815)

This is an email chain that begins with a forwarded email from Michael Mersch to Lawrence Epstein and outside counsel Donald Campbell. Mr. Mersch's email has been redacted though it contains no text. ZUF-00341502. Mr. Campbell responds ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

May 21, 2017
Page 3

███████ *Id.* The privilege log describes these communications as an "[e]mail chain providing legal advice regarding corporate matters." That description is inaccurate and the material is not privileged.

These examples indicates a likely systemic problem with Zuffa's withholding of discoverable information based on overbroad, imprecise or incorrect privilege claims and misleading or incomplete descriptions on the privilege log. A number of the documents withheld or redacted bear Mr. Epstein's name or concern matters of which Mr. Epstein has knowledge.

Please confirm that these documents were erroneously redacted. Please also identify any other documents that were redacted in error, and produce any documents that were withheld in error. Please do so without delay so that we have them in advance of Mr. Epstein's deposition.

**Disputed Privilege Log Entries – Fighter negotiations.**

Mr. Epstein has been actively involved in negotiating contracts with fighters throughout his employment at Zuffa. There are dozens of instances in which Mr. Epstein himself directly negotiated contracts with fighters or their agents or communicated with them about compliance with contractual terms. The privilege log contains 1,712 entries pertaining to negotiations with fighters in which Mr. Epstein was so involved. *See* Attachment A. Given Mr. Epstein's indisputable role in directly negotiating with fighters and their agents, it is highly likely that substantial aspects of these 1,712 entries contain non-privileged information, such as discussion of negotiation points and descriptions of Zuffa's positions concerning their contracts.

Communications whose primary purpose is business-related are not privileged. *See Phillips v. C.R. Bard, Inc.,* 290 F.R.D. 615, 628 (D. Nev. 2013) ("in-house attorneys are often very involved in the company's business, but the attorney-client privilege does not apply when the attorney is providing strictly business advice").

The privilege log does not contain sufficient information for Plaintiffs to accept Zuffa's justification for withholding or redacting these documents. The cursory and incomplete descriptions, in combination with the fact that Mr. Epstein conducted the negotiations himself directly with fighters or their agents, indicates that the withheld documents relate to the negotiation of commercial contracts and not to

May 21, 2017
Page 4

any legal advice. As noted above, there are numerous examples inadequate descriptions which we know because Zuffa also produced unredacted versions of the same documents. But for literally thousands of other documents included in the privilege log with virtually identical uninformative descriptions, Plaintiffs have no way of ascertaining whether the documents are truly privileged.

### 28651 (ZFL-2640579)

This is an email thread regarding contract negotiations between Zuffa and Leo Khorolinsky, agent for UFC fighter Andrei Arlovski. The unredacted portion relates solely to business considerations, in this case the length of time between bouts for Mr. Arlovsky. Zuffa has provided no information in its privilege log that shows this document has a legal purpose, describing it only as an "[e]mail chain discussing legal advice regarding fighter contracts." The document does not appear to be privileged and if that is the case it—and all other documents like whose primary purpose is business-related—should be produced to Plaintiffs in unredacted form immediately.

Please provide the following information for all documents listed in Attachment A: (1) the fighter whose negotiation was being discussed; (2) whether the redacted parts of the documents concern Zuffa's commercial strategies or tactics or other similar business; (3) a description of the legal issues addressed in the redacted parts of the documents.

**Disputed Privilege Log Entries – Acquisitions.**

Zuffa's privilege log includes many entries without sufficient descriptions relating to documents that were withheld or redacted relating to Zuffa's acquisition of other promotors of MMA events. As the Court has already found with respect to similar documents improperly withheld or redacted, documents that pertain to Zuffa's business purpose for acquiring another promotors are not privileged. *See Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813, at *23 (D. Nev. May 26, 2016) (paragraph relating to Zuffa's business purpose for acquiring Pride not privileged).

Plaintiffs have identified thirty documents pertaining to Zuffa's acquisition of other promotions in which Mr. Epstein was involved. *See* Attachment B. The privilege log does not contain sufficient information

May 21, 2017
Page 5

for Plaintiffs to determine the justification for withholding or redacting these documents. Absent some showing of a legitimate basis for withholding, these documents should be produced immediately without redaction.

Zuffa should identify the following information: (1) the acquisition to which the entries pertain; (2) whether the material describes or discusses the business purpose of the acquisition, in which case, as the Court has ruled, that information is not protected; and (3) Zuffa should identify with specificity the nature of the legal questions addressed in the redactions.

**Disputed Privilege Log Entries – Mercer Documents.**

Plaintiffs have filed a motion challenging Zuffa' claim that the Mercer fighter compensation study is protected work product. That motion is fully briefed. The Court has not ruled on it. The privilege log contains at least fifteen documents pertaining to the Mercer study sent to or from Mr. Epstein. *See* Attachment C. Plaintiffs contend these documents were improperly withheld.

Please produce them. If Zuffa refuses to do so, Plaintiffs intend to supplement the pending motion with respect to these and other documents on the privilege log concerning the Mercer study. Also, please confirm that these are the only documents relating to the Mercer study that have been withheld concerning Mr. Epstein.

Given the numerous disputes regarding materials relevant to Mr. Epstein, Plaintiffs have suggested it would be more efficient and would minimize the burden on the parties and the witness to resolve them before conducting deposition. It would be unfair and prejudicial to Plaintiffs to proceed with the deposition without all relevant non-privileged material.

Plaintiffs understand Zuffa wants Plaintiffs to proceed anyway. Plaintiffs will proceed as Zuffa suggests, on the condition that Plaintiffs reserve their rights to take Epstein's deposition again once Zuffa has produced improperly withheld material.[1]

---

[1] On May 12 and May 15 Plaintiffs requested that Zuffa agree to enlarge the time for Mr. Epstein's deposition pursuant to Rule 30(d)(1). Given Zuffa's

May 21, 2017
Page 6

Please advise us promptly when Zuffa is available to meet and confer.

Sincerely,

*/s/ Matthew S. Weiler*

Matthew S. Weiler

---

refusal, Plaintiffs will seek an order from Judge Leen to enlarge the deposition time as requested.