# Exhibit 6



May 22, 2017

**VIA E-MAIL**

Matthew Weiler
Joseph Saveri Law Firm
555 Montgomery Street, Suite 1210
San Francisco, CA 94111

Re:   *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Matt,

I write in response to your letter of May 21, 2017 regarding "certain entries in Zuffa's privilege log relating to Lawrence Epstein."

As you know, Mr. Epstein's deposition was initially scheduled for April 28. Plaintiffs refused to proceed on that date. When we agreed to reschedule the deposition at Plaintiffs' behest, we assumed that an additional month would provide ample time for Plaintiffs to identify their specific concerns and provide Zuffa with a reasonable amount of time to investigate those issues. Your letter, which you told us you would send on May 19, raises a laundry list of issues related to Zuffa's privilege log and redacted and withheld documents and demands a response within four days. This timetable places an unreasonable burden on Zuffa, particularly because the issues raised in your letter could have been raised at any time in the past month. This type of ambush is prejudicial and wholly avoidable.

However, in the spirit of resolving all open discovery issues as quickly as possible and moving the litigation forward, we will investigate the issues you identified to the greatest extent possible before Friday's deposition. We address these issues in turn below.

**Redactions**

Zuffa agrees that the three documents you identified (ZFL-2606831, ZFL-2633056, and ZFL-1021815) are not privileged and should not have been redacted on that basis. Unredacted versions of these documents are attached to this letter. We will revise the relevant entries in our privilege log and send you a new version later this week.

As you know, Mr. Epstein is an attorney who has served at various times as both outside counsel and in-house counsel to Zuffa. Thus, it should come as no surprise that, by your count, "3,632 of the entries in [Zuffa's privilege] log refer specifically to Mr. Epstein." (5/21/2017 Letter from M. Weiler to S. Grigsby at 1). Given this volume, we

disagree that three examples of erroneously redacted attorney communications indicates "a likely systemic problem with Zuffa's withholding of discoverable information[.]" (*Id.* at 3). While we appreciate your bringing these errors to our attention, we decline your request to reexamine thousands of redacted attorney communications on the basis of these isolated examples.

### Privilege Log Entries – Fighter Negotiations

Zuffa agrees that the fighter negotiation email you identified (ZFL-2640579) is not privileged. An unredacted version of this document is attached to this letter; we will revise the privilege log accordingly.

Zuffa declines to reexamine its claim of privilege for the 1,712 documents identified in Attachment A to your letter on the basis of this single example. Zuffa has produced non-privileged, internal emails relating to contract negotiations with fighters and agents. However, Zuffa has withheld or redacted emails on this subject when attorneys for Zuffa, including Mr. Epstein, were engaged in privileged discussions regarding, *inter alia*, Zuffa's legal rights and obligations under various contractual provisions. Zuffa properly designated such communications as privileged. Zuffa will not engage in wholesale reexamination of thousands of documents based on the scant justifications in your letter.

### Privilege Log Entries – Acquisitions

We are willing to reexamine the thirty documents listed in Attachment B to your email. We will provide the requested details regarding each document to the extent doing so would reasonably assist you in assessing our claim of privilege. We will not provide additional information, such as "the acquisition to which the [document] pertain[s]," that is not germane to assessing a claim of privilege. We expect to provide you with such information by Thursday, May 25. If we determine that any of these documents are not privileged, we will produce unredacted copies of those documents at that time and update the privilege log accordingly.

### Privilege Log Entries – Mercer Documents

We are confused by your request that we produce "documents pertaining to the Mercer study sent to or from Mr. Epstein." (5/21/2017 Letter from M. Weiler to S. Grigsby at 5). As you stated, the parties are awaiting a ruling on Plaintiffs' Motion to Challenge Work Product Designation (ECF No. 282). That ruling will be dispositive of Plaintiffs' request for the Mercer documents. Indeed, the parties have already stipulated to a procedure allowing Plaintiffs to depose Mr. Epstein for no more than two hours regarding certain "deprivileged" documents to the extent Plaintiffs' motion is granted after Mr. Epstein's deposition. (*See* ECF No. 386). The parties further stipulated that the

total time on the record for Mr. Epstein's deposition is limited to seven hours, including follow-up testimony, if any, regarding fighter compensation. (*Id.*) With this procedure in place, Zuffa declines to produce the documents listed in Attachment C to your letter before the Court rules on Plaintiffs' motion.

\* \* \*

Finally, as I stated in my email to you of May 18, Zuffa declines to make Mr. Epstein available for a second day of testimony or to enlarge Mr. Epstein's deposition to two days (for a total of fourteen hours). (5/18/2017 Email from S. Grigsby to M. Weiler). We will object to any attempt to hold the deposition open on Friday other than to address fighter compensation issues in the event Plaintiffs' Motion to Challenge Work Product Designation (ECF No. 282) is granted after Mr. Epstein's deposition. Plaintiffs were aware of all of the issues cited in your email before they agreed to the seven-hour time limit. Thus, we will not revisit this settled issue.

We are available to meet and confer on Wednesday, May 24 at 12 pm EDT.

Regards,

*Stacey Grigsby*

Stacey K. Grigsby