**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CUNG LE, et al., | Case No. 2:15-cv-01045-RFB-PAL |
| Plaintiffs, | |
| v. | **MINUTES OF PROCEEDINGS** |
| ZUFFA, LLC, et al., | Dated: June 30, 2017 |
| Defendants. | |

**PRESENT:** THE HONORABLE PEGGY A. LEEN, United States Magistrate Judge

**JUDICIAL ASSISTANT:** Teresa Hoskin         **RECORDER/TAPE #:** None

**COUNSEL FOR PLAINTIFF(S):** Patrick Madden, Kevin Rayhill, Matthew Weiler

**COUNSEL FOR DEFENDANT(S):** Stacey Grigsby, Evan Norris, Nicholas Widnell

**PROCEEDING:** Dispute Resolution Conference

The parties requested a telephonic dispute resolution conference to address several disputes raised in letters to the court which was conducted commencing at 9:30 a.m. Having considered the parties' arguments,

**IT IS ORDERED**:

1. Zuffa may cross notice depositions noticed by plaintiffs. With respect to the non-party depositions plaintiffs requested but Zuffa did not, plaintiffs shall have up to six hours to depose the witnesses, and Zuffa up to one hour.

2. With respect to the non-party witness depositions, both sides advised the court they wanted to take in the Joint Status Report (ECF No. 418) and/or the June 1, 2017 hearing, the parties shall meet and confer to equitably divide the amount of time to examine.

3. Plaintiffs served 17 Rule 45 subpoenas *duces tecum* before the discovery cutoff, which were identified in the parties' Joint Status Report (ECF No. 418). At the June 1, 2017 hearing, the court granted a 60-day extension of the fact discovery cutoff until July 31, 2017, but limited the discovery plaintiffs could conduct at

Zuffa's request. Because many of the subpoenas had been served many months earlier and plaintiffs had not pursued motions to compel, the court limited plaintiffs to pursuing five of the 15 subpoenas. It was not the court's intention to prevent plaintiffs from obtaining documents pursuant to valid, timely served subpoenas, or to allow non-parties to ignore or fail to comply with their obligations under Rule 45. Rather, the court limited the number of document subpoenas plaintiffs could pursue to force plaintiffs to timely pursue a motion to compel or other appropriate means to obtain this discovery. Thus, non-parties who were timely served with subpoenas before the May 1, 2017 cutoff, which has now been extended until July 31, 2017, will not count against the five subpoena limit.

4. Plaintiffs may obtain document discovery from Mercer, and may take one Mercer deposition.

The conference concluded at 10:03 a.m.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE