WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PORTIONS OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF (ECF NO. 443)** |

I.      INTRODUCTION

Pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal certain portions of Plaintiffs' Emergency Motion To Compel Production of Documents Withheld on Privilege Grounds And For Other Relief ("Plaintiffs' Motion") as well as exhibits, or certain portions thereof, associated with that motion as described below.[1]  This Motion is accompanied by the Declaration of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Portions of Plaintiffs' Motion ("Grigsby Sealing Declaration").

The Protective Order in this case provides for the filing of documents under seal where a document or portions thereof contain Confidential or Highly Confidential Information.  ECF No. 217, ¶ 14.3.  As described fully below, Zuffa seeks to file under seal four categories of information.  First, Zuffa seeks to file under seal exhibits that contain excerpts from versions of Zuffa's privilege log produced to Plaintiffs in this litigation.  Second, Zuffa seeks to file under seal portions of exhibits consisting of correspondence between the parties that include excerpts of Zuffa documents that were properly designated confidential pursuant to the Protective Order.  Third, Zuffa seeks to file under seal in their entirety documents produced to Plaintiffs that were properly designated as confidential pursuant to the Protective Order.  Finally, Zuffa seeks to file under seal those portions of Plaintiffs' Motion that refer to and quote from confidential of documents produced to Plaintiffs by Zuffa.  For the reasons below, Zuffa has demonstrated that "good cause" exists sufficient to justify sealing of this non-dispositive motion and its related documents.

Zuffa takes no position on whether Exhibit 17 may be properly filed under seal.

II.     LEGAL STANDARD

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of

---

[1] All exhibits referenced in this Motion refer to exhibits to the Declaration of Kevin E. Rayhill in Support of Plaintiffs' Emergency Motion to Compel Production of Documents Withheld on Privilege Grounds and for Other Relief (ECF No. 443).

1

ZUFFA'S MOT. TO SEAL PLS' EMERGENCY        Case No.: 2:15-cv-01045-RFB-(PAL)
MOT. TO COMPEL

Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

As the Ninth Circuit has held, in granting protective orders preventing disclosure of certain types of information, district courts have, upon good cause shown, "[m]ost significantly . . . granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations omitted).

III.  ARGUMENT

  A.  Confidential Material Contained in Versions of Zuffa's Privilege Log Produced to Plaintiffs

Exhibits 1, 4, and 7 to Plaintiffs' Motion consist in whole or in part of confidential materials contained in versions of Zuffa's privilege log produced to Plaintiffs. Such information can reveal confidential aspects of Zuffa's business, and requests to seal privilege logs are routinely granted. *See, e.g.*, *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 624 (D. Nev. 2013) (granting party's request to seal privilege log). Good cause therefore exists to seal exhibits 1 and 4 in their entirety, and to seal pages 4 through 8 of Exhibit 7.

  B.  Confidential Material Contained in Correspondence Between the Parties

Zuffa seeks to redact one portion of Exhibit 2, which contains an excerpt from confidential text messages exchanged by Zuffa executives Lorenzo Fertitta and Lawrence Epstein. Zuffa had previously designed the entire document from which these messages were excerpted as confidential pursuant to the Protective Order in this case. The text messages discuss an athlete compensation study, itself confidential, which Zuffa's counsel had commissioned. This Court previously sealed documents related to the same subject matter. *See* ECF No. 426. Good cause exists to seal this portion of Exhibit 2.

Zuffa seeks to redact one portion of Exhibit 5, which contains excerpts from confidential

ZUFFA'S MOT. TO SEAL PLS' EMERGENCY                Case No.: 2:15-cv-01045-RFB-(PAL)
MOT. TO COMPEL

emails exchanged between Zuffa executives Michael Mersch and Lawrence Epstein and Zuffa's outside counsel, Donald Campbell. Zuffa had previously designed the entire document from which these portions were excerpted as confidential pursuant to the Protective Order in this case. The messages discuss Zuffa's and its counsel's confidential business opinions. Good cause exists to seal this portion of Exhibit 5.

### C. Documents Produced to Plaintiffs by Zuffa That Were Properly Designated as Confidential

Exhibits 14, 15, 16, 18, 19, and 20 are all documents produced to Plaintiffs by Zuffa in during discovery that were properly designated as confidential. Exhibit 14 is an email from Zuffa's investment banker advisers requesting information related to Zuffa's acquisition history and its competitive monitoring of its rivals. Exhibit 15 discusses the particulars of a sponsorship opportunity. Exhibit 16 discusses competitively sensitive information regarding a Zuffa rival. Exhibit 18 is a memorandum from a management consulting firm to Zuffa's outside counsel detailing documents and information that would aid the consulting firm in its review of Zuffa's business. Exhibit 19 is an email chain between Zuffa executives and Zuffa's outside counsel discussing the details of the management consulting firm's review of Zuffa's business referenced above in Exhibit 18. Exhibit 20 is a an email chain between Zuffa's outside counsel and representatives of the management consulting firm that reference the purpose of the review for which the firm had been engaged. These documents were properly designated as confidential, and good cause exists to seal them in their entirety.

### D. Portions of Plaintiffs' Motion Referencing Properly Sealed Materials

Finally, Zuffa requests that the Court permit the filing under seal one portion of Plaintiffs' Motion that quotes from Exhibit 7, which is properly filed under seal in its entirety. Zuffa requests that the Court seal those portions of page 4, lines 3 through 6 that were redacted in the public version of Plaintiffs' Motion.

## IV. CONCLUSION

Zuffa respectfully requests that the Court find that Zuffa has made the requisite particularized showing of good cause sufficient to justify sealing of the documents, or portions thereof, listed

above.

Dated: July 5, 2017

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
     Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Emergency Motion To Compel Production of Documents Withheld On Privilege Grounds And For Other Relief (ECF No. 443)** was served on July 5, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Catherine Duong*
**Catherine Duong**, an Employee of Boies Schiller Flexner LLP