July 7, 2017

The Honorable Peggy A. Leen
United States Magistrate Judge
U.S. District Court for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101

**Re:**   ***Le et al. v. Zuffa, LLC, No. 2:15-cv-01045-RFB-PAL (D. Nev.)***

Dear Magistrate Judge Leen:

Plaintiffs and Defendant Zuffa, LLC ("Zuffa") respectfully request a resolution of their dispute regarding Topics 13, 15, 17, 19, 21, and 27-29, collectively, the "Disputed Topics," in Plaintiffs' May 19, 2017 Amended Notice Of Deposition Of The Custodian Of Records Of Defendant Zuffa, LLC, Pursuant To Federal Rule Of Civil Procedure 30(b)(6) ("Amended 30(b)(6) Notice"). The Amended 30(b)(6) Notice is attached as Exhibit 1 to this letter. The deposition of Zuffa's custodian of records designee is scheduled to take place on July 27, 2017 in Las Vegas.

The parties have attempted to resolve their disagreements as to the Disputed Topics during four meet and confer sessions and numerous letters and e-mails. The parties have reached an impasse as to the Disputed Topics and seek judicial resolution of their disagreements. The parties respectfully request that the Court hear argument on this dispute at the July 13, 2017 status conference.

<u>**ZUFFA'S POSITION**</u>

Zuffa requests that the Court narrow eight of 29 Topics in Plaintiffs' Amended 30(b)(6) Notice. Zuffa's position is that these topics are overbroad. First, Topic 13 is overbroad in that it seeks information about personal electronic devices of former and current employees who were not custodians. Second, Topics 13, 15, 17, 19, and 21 are overbroad to the extent they ask for testimony regarding personal electronic devices and accounts over a period of more than twelve years. Zuffa's position is that those topics should be narrowed to a reasonable scope by limiting the response to information that was reasonably ascertainable at the time that Zuffa either implemented its litigation hold or received and prepared responses to Plaintiffs' RFPs. In addition, because the topics seek information about personal devices used for a "business purpose," Zuffa seeks a definition that provides a pragmatic limiting principle with respect to personal devices. Third and finally, Topics 27-29 are overbroad to the extent those topics seek information regarding the individual document retention practices of former Zuffa employees in addition to the 22 Agreed and Ordered Custodians, as well as the specific identification of documents that may have been deleted pursuant to Zuffa's document retention policies. Zuffa has provided and is willing to provide Plaintiffs its document retention policies and the date such policies were in place. But it would be unduly burdensome, disproportionate to the needs of this litigation, and impractical to identify all instances where Zuffa's retention policies may have led

to the automatic deletion of emails or other electronic records or where individual employees or former employees may have deleted documents they were not obligated to retain.

When Plaintiffs initially requested a Custodian of Records deposition in December 2015, the Court advised the parties that the custodian of records deposition should be short and focused on the authentication of documents. (Dec. 8, 2015 Status Conference, Hr'g Tr. 50:13–17) ("custodian of records depositions are more authentication type depos that are a short duration" and "[t]hey're needed in order to confirm documents, or authenticate documents"). In a September 2016 status conference, Mr. Dell'Angelo characterized the Custodian of Records deposition as something he "recognize[d] is not a significant undertaking at least in terms of time." (Sept. 27, 2016 Status Conf. Tr. 8:12-13). He later wrote to Zuffa that if the parties were "willing [to] stipulate to the authenticity of its documents, the custodian of records deposition will be substantially streamlined." (April 6, 2017 e-mail from Michael Dell'Angelo to Stacey Grigsby). Zuffa agreed to stipulate to the authenticity of documents produced by the parties. (ECF No. 375).

On May 18, 2017, Plaintiffs served their sweeping Rule 30(b)(6) deposition notice for the custodian of records. The Notice as amended, and as subsequently modified by Plaintiffs' compromise offers, as to the Disputed Topics covers a period of more than twelve years for a broad range of personal, non-business accounts and devices as well as certain business devices and information for more than twelve year period. In addition, Zuffa has already agreed to prepare its designee to provide testimony over a sixteen year period for 11 of the topics and over a fourteen year period for 7 of the topics. During numerous meet and confer conferences, Zuffa described to Plaintiffs why the Amended 30(b)(6) Notice was overbroad, *see* Ex. 8, but explained that Zuffa remained willing to try to prepare its witness on most of the noticed topics.

After extensive negotiations, Zuffa offered a global compromise agreement, which was designed to settle all outstanding issues with respect to the Disputed Topics. Plaintiffs rejected that global compromise.

Zuffa's proposed modifications to the Disputed Topics are listed below and clean versions are listed in Exhibit 9. Plaintiffs' proposed compromises as of July 5 are in *italics*. Zuffa's proposed modifications to those compromises are listed in **bold underline** and deletions are listed in ~~strikethrough~~:

> For the purposes of the Amended Notice, Zuffa proposed defining "business purpose" as "**the regular use of a social media or other non-Zuffa account or service by an employee to carry out his or her official job duties**." Plaintiffs rejected this proposed definition.

> Topic 13: Identification~~, use, storage, location, preservation, backup, condition and status~~ of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by ~~Your Employees~~ the **Agreed and Ordered Custodians** *in addition to Denitza Batchvarova and Shane Kapral,*

**regularly** for business purposes *[from January 1, 2005 to the present]* **at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.** ~~*[In addition,] Identification of all personal devices or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable laptops and notebook computers, cell phones, etc., or any back-up, image or copy thereof, used by Scott Coker and Scott Adams during the Relevant Time Period, in Zuffa's possession, custody or control on or after December 16, 2014.*~~

Topic 15:   Identification~~, use, storage, location, preservation, backup, condition and status~~ of all electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians **regularly** for any business purpose**s** ~~*[from January 1, 2005 to the present]*~~ **at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.**

Topic 17:   Identification of all Social Media accounts **regularly** used by the Agreed and Ordered Custodians for any business purpose ~~*[from January 1, 2005 to the present]*~~ **at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.**

Topic 19:   Identification~~, use, preservation, backup and status~~ of all personal or individual, noncompany: email accounts (e.g., Bloomberg, Gmail, Yahoo!, or AOL), instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat,Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account **regularly** used by each of the Agreed and Ordered Custodians for any business purpose**s** ~~*[from January 1, 2005 to the present]*~~ **at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.**

Topic 21:   Identification, use, preservation, backup and status of all Zuffa or business related email accounts, instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any

other individual electronic communication service or account used by each of the Agreed and Ordered Custodians *[from January 1, 2005 to the present]* **regularly for business purposes at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.**

Topic 27:  Identification **and description** of ~~any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a~~ document retention or destruction polic~~y~~**ies in place, as well as known exceptions to those policies** or otherwise, from January 1, 2014 to December 14, 2014~~, and the circumstances thereof.~~

Topic 28:  Identification **and description** of ~~any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a~~ document retention or destruction polic~~y~~**ies in place, as well as known exceptions to these policies** or otherwise, from December 14, 2014 to December 18, 2014~~, and the circumstances thereof.~~

Topic 29:  Identification **and description** of ~~any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a~~ document retention or destruction polic~~y~~**ies in place, as well as known exceptions to these policies**, or otherwise, since December 18, 2014~~, and the circumstances thereof.~~

Plaintiffs have rejected nearly all of these proposed revisions and insisted on maintaining the expansive scope of their original notice.  To prepare a witness to testify concerning the topics in the Amended 30(b)(6) Notice, as written, would take Zuffa dozens of hours and force Zuffa's custodian of records to obtain information from a broad range of individuals, many of whom are no longer employed by Zuffa and whose devices are not within its custody and control.  The burden on Zuffa of educating its witness on these sundry topics is disproportionate to the needs of this case and not relevant to any claims or defenses in this case.

Zuffa has already spent thousands of hours identifying, preserving, and producing enormous volumes of ESI and complying with Plaintiffs' discovery requests.  Zuffa has agreed to prepare its custodian of records to testify to nearly all of the information requested in Plaintiffs' 29 topic Amended 30(b)(6) Notice, even though the notice far exceeds the scope of the custodian of records deposition discussed at status hearings in late 2015 and again in September 2016.  Zuffa is willing to prepare its designee to testify as to the information it gathered in its custodial and ESI preservation and collection interviews, but Plaintiffs ask for much more.

As written, even after Plaintiffs' July 5 proposed compromises, Zuffa still faces a significant burden if it is forced to collect the additional information, particularly from former Zuffa employees — and especially from Mr. Coker and Mr. Adams, both of whom now work for rival MMA promotions — as requested by the Disputed Topics. Zuffa's proposed modifications to the Disputed Topics would render their scope more reasonable and accordingly reduce the burden on Zuffa and its custodian of records. To comply with Plaintiffs' demands regarding personal devices, Zuffa would need to update the information gathered from all 22 Agreed and Ordered Custodians, many of whom no longer work at Zuffa, thus burdening those former employees as well, and Ms. Batchvarova and Mr. Kapral, in addition to attempting to get information from Mr. Coker and Mr. Adams.

Furthermore, in light of Zuffa's voluminous productions, its discussions with Plaintiffs about document collection, preservation, and production, Plaintiffs cannot expect to gain productive information from asking Zuffa to compile information regarding the current condition and status of *all personal electronic devices* and accounts that were used for *any* business purpose, whether regularly or even once, by a broad range of current and former employees over the course of 12 years. Instead, this appears to be Plaintiffs' attempt to re-litigate their motion to compel the production of communications logs (which this Court denied) and to flyspeck Zuffa's preservation of ESI in an effort to invent new grounds to support such a duplicative motion. Furthermore, Plaintiffs have had "ample opportunity to obtain" this type of information by other means, *see* Fed. R. Civ. P. 26(b)(2)(C)(ii), including at the individual depositions of current and former Zuffa employees.

## PLAINTIFFS' POSITION

Zuffa has resisted and delayed the deposition of its Custodian of Records, particularly on topics related to the identification and preservation of sources of documents and ESI relevant to the subject matter of the litigation and the collection and production of those materials. Following weeks of negotiations, extensive correspondence, considerable compromise by Plaintiffs and many hours of telephonic meet and confers, as of July 5th, the parties appeared close to a complete agreement or, at worst, just a few small areas of disagreement.[1]

Plaintiffs served Zuffa with a Notice of Deposition of the Custodian of Records on May 19, 2017 (*see* Exhibit 1) which included 29 topics.[2] Following a month of meet and confers, as of

---

[1] As early as the parties' Rule 16 conference and continuing throughout the meet and confer process in 2015, Plaintiffs posed a simple series of questions to Defendant regarding, *inter alia*, the identities of Zuffa's custodians; the volume of documents, devices, and ESI for each custodian; and the relevant time periods of ESI storage. Defendant refused to provide answers to these questions and instead offered blanket unsupported objections. Plaintiffs requested the opportunity to take the deposition in November 2015, but Zuffa refused. On April 6, 2017, Plaintiffs requested dates for the deposition, but Zuffa did not provide dates until the April 29, 2017. The deposition is only now scheduled for July 27 in Las Vegas.

[2] To promote efficiency, Plaintiffs proposed a form of stipulation to virtually dispense with authentication issues, to which the parties agreed, and the Court So Ordered. (*See* ECF No. 373).

June 19, the parties reached an agreement on Topics 1-12, 14, 16, 18, 20 and 22-26 ("Agreed Topics"). (*See* Exhibit 2). As of June 19, the parties had not reached an agreement on Topics 13, 15, 17, 19, 21 and 27-29 ("Disputed Topics") and continued to meet and confer.

On June 20, Plaintiffs responded to Zuffa's June 19 proposal in an attempt to resolve the Disputed Topics or further narrow the dispute. Following further meet and confer sessions and correspondence, Plaintiffs made additional concessions on June 27 and on the parties' June 28 meet and confer. (*See* Exhibits 3 and 4). On July 4, Defendants presented Plaintiffs with what it has characterized as a global take-it-or-leave-it proposal as to the Disputed Topics. (*See* Exhibit 5 (describing Zuffa's June 19 proposal). The areas of disagreement on the Disputed Topics are: (1) whether Zuffa must testify as to any of the nine employees identified by Plaintiffs during the meet and confers for Topic 13; (2) the meaning of "business purpose" for Topics 13, 15, 17, 19 and 21; (3) the relevant time period applicable to Topics 13, 15, 17, 19, and 21; (4) Zuffa's obligation to testify regarding the use, location, preservation, backup, or status of employees' personal devices; and (5) the scope of Zuffa's testimony for Topics 27-29.

On July 5, Plaintiffs accepted: (1) Zuffa's proposal of two of the nine employees applicable to Topic 13 and proposed to add two more (Coker and Adams), for a very limited scope; (2) accepted Zuffa's definition of "business purposes" for Topics 13, 15, 17, 19 and 21; (3) proposed to narrow the relevant time period applicable to Topics 13, 15, 17, 19 and 21; and (4) responded to Topics 27-29. The parties met and conferred later that day and Defendant rejected Plaintiffs' counterproposal, declared an impasse and refused to honor any term of its July 4 proposal (or Plaintiffs' acceptance thereof) unless Plaintiffs accepted all terms as-is and, absent that, considered its June 19 proposal as Zuffa's operative proposal as to the Disputed Topics. The parties' progress as of July 5 was substantial and, viewed in that light, leaves very little at issue. Plaintiffs' propose that the Court acknowledge the parties' progress as of July 5 and adopt the areas of agreement as of that time, as Plaintiffs are willing to do, rather than retrench to earlier negotiating positions. As such, the scope of the disputes are narrow and few, as follows.

**Scope of Topic 13:** Topic 13 seeks testimony regarding the identification, use, storage, location, preservation, backup, and status of all personal or individual, non-company electronic devices including desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by Zuffa's employees for business purposes. Zuffa objected, in part, on the basis of overbreadth. The parties met and conferred and the parties agreed Plaintiffs would propose to limit Topic 13 to a small number of employees, in addition to the Agreed and Ordered Custodians. Plaintiffs thus proposed limit Topic 13 to the Agreed and Ordered Custodians and nine current and former employees.[3] On June 19, Zuffa agreed to testify on Topic 13 as to the

---

[3] Of the nine current and former Zuffa employees; four were discussed by the parties as potential custodians in November 2015, and the remainder were authors, senders, and/or recipients of numerous highly relevant documents produced by Zuffa. They are Denitza Batchvarova, Randy Klein, Link McCluan, Tara Connell, Dave Sholler, Tara Guadganino, Shane Karpal, Scott Coker and Scott Adams. Randy Klein, Dave Sholler, Scott Adams and Scott Coker. Coker was the President of Strikeforce, a rival acquired by Zuffa and custodian whose documents were

Ordered and Agreed Custodians. In it is July 4 proposal, Zuffa agreed to testify regarding the Agreed and Ordered Custodians and two of the nine proposed employees (Batchvarova and Karpal). On July 5, Plaintiffs accepted Zuffa's offer and proposed to include two former employees (Coker and Adams), but only as to their devices used *during the Relevant Time Period, that were in Zuffa's possession, custody or control on or after December 16, 2014* (the date this litigation was filed). Zuffa rejected Plaintiffs' proposal and, because a global agreement was not reached, Zuffa withdrew its offer as to Batchvarova and Karpal.

    The nine current and former employees identified by Plaintiffs were carefully chosen and reflect informed decisions that Plaintiffs believe will provide important information about the productions from the Agreed and Ordered Custodians as well as the Zuffa's overall production and the responsive documents in its possession. This discovery is particularly important because Zuffa maintained a "bring your own device" policy which relied on each employee's use of personal devices to create, send, receive and store documents and communications. Testimony from the sub-set of these nine custodians is incomplete as most were not deposed and, regardless, does not provide Zuffa's testimony as to *what Zuffa believe it had in its possession, searched for, maintained and produced*. As such, the parties' dispute is whether or not Zuffa should be required, in addition to the Agreed and Order Custodians as to which there is no dispute, to testify regarding Batchvarova, Karpal, Coker and Adams as Plaintiffs proposed, Batchvarova and Karpel as Zuffa proposed on July 4, or only as to the Ordered and Agreed Custodians (Zuffa's current, retrenched June 19 position). While Plaintiffs maintain that testimony regarding the nine employees is proportional, they are prepared to honor their proposed July 5 compromise and limit Topic 13 Batchvarova, Karpel, Coker and Adams.

    **Topics 13, 15, 17, 19 and 21 - Definition of "Business Purpose":** The parties disagree on the definition of "business purpose" as used in Topics 13, 15, 17, 19 and 21, which generally seek testimony regarding company and non-company electronic devices and social media, email and messaging accounts used for "business purposes." On June 19, Zuffa proposed to define "business purpose" as "the regular use of personal, non-company electronic devices by an employee to carry out his or her official job duties." That definition is too narrow and subject to continuing disputes because the meanings of "official duties" and "regular use" are undefined and, in this context, unclear to Plaintiffs. In response, Plaintiffs proposed to define "business purpose" as (1) the use of a device or account to "send[] or receive[] communications, documents or other content that furthers, discusses, or is otherwise pertinent to the business objectives of Zuffa and that the Zuffa employee or employees involved intended to further, discuss, or address a business objective of Zuffa in connection therewith" and (2) including "communications and documents exchanged on [personal] devices or third-party accounts by Zuffa employees either amongst themselves or with third parties which bear special significance to this litigation by virtue of the employees' status as Zuffa employees." Plaintiffs' proposal is based on the contents of Zuffa's production, *i.e.*, Zuffa has produced as relevant and responsive myriad documents that fit squarely within Plaintiffs' proposal but not Zuffa's.

---

contained in the FTC collection Zuffa "discovered" in April 2016. Plaintiffs attempted to serve Adams, who operated World Extreme Cagefighting ("WEC") prior to its acquisition by Zuffa, but have been unable to locate him. Batchvarova has already been deposed in this case.

During a lengthy meet and confer on June 28, the parties tentatively agreed to limit "business purpose" to part (1) of Plaintiffs' definition. Zuffa's July 4 proposal reflected the progress made on June 28 and adopted part (1) of Plaintiffs' proposed definition as follows: "A device or account is used for a 'business purpose' when the Zuffa employee using the device or account sends or receives communications, documents, or other content and that content (1) furthers, discusses, or is otherwise pertinent to the business objectives of Zuffa and (2) was sent or received by the Zuffa employee or employees involved with an intent to further, discuss or address a business objective of Zuffa in connection therewith." On July 5, Plaintiff wrote to Zuffa to accept its proposed compromise definition of "business purpose." However, because Plaintiffs' did not accept all terms in Zuffa's July 4 proposal, Zuffa refused to honor its proposed definition, declared an impasse and indicated that absent acceptance of all of its July 4 terms, Zuffa's older and far narrower June 19 definition was its operative proposed definition of "business purpose" which requires interpretation of the undefined terms "regular use" and "official job duties." Plaintiffs should be permitted to take discovery about the devices containing documents and ESI that Zuffa actually collected and produced as well as devices and accounts of other custodians and employees whose devices contain similar categories of documents and data that were used to conduct business on behalf of Zuffa, but may not have collected, preserved or produced. Plaintiffs request that the Court apply the definition of "business purpose" in Zuffa's July 4 letter and as accepted by Plaintiffs on July 5.

**Topics 13, 15, 17, 19 and 21 - Relevant Time Period:** The parties disagree about the relevant time period applicable to Topics 13, 15, 17, 19 and 21. On July 5, Plaintiffs proposed to limit the period from January 1, 2005 to the present. This proposal was based on the Court's order that the Relevant Time Period for most categories of discovery begins on January 1, 2005. *See, e.g.*, Status Conference Tr. at 23:18-21 (Nov. 17, 2015) ("I'm adopting the plaintiffs' position with respect to this issue and the documents as to which there are still agreement shall be produced from the time period January 1st, 2005, forward."). Pursuant to the ESI Order, Zuffa has a continuing obligation to preserve certain categories of documents related to the litigation. (ECF No. 60). Plaintiffs do not read Zuffa's June 19 proposal to include a specific proposal regarding the relevant time period. Its July 4 proposal appears to contain several different amorphous periods, but does not specify a period of time and, instead, is dependent upon various subjective conditions that Plaintiffs cannot reasonably independently know or evaluate, such as "the identity and usage of devices...to the extent the relevance of information on those devices could be ascertained at the time the litigation hold went into effect…."

Plaintiffs request that the Court Order Defendant to testify for the relevant time period January 1, 2005 to the present because that period comports with the beginning of the Relevant Time Period for discovery ordered by the Court and is concurrent with Zuffa's obligation to preserve documents under the ESI Order. Zuffa's proposals are subjective, imprecise and will likely lead to further disputes. Plaintiffs' proposal is reasonable and provides certainty.

**Use, Location, Preservation, Backup, and Status of Employees' Devices in Topics 13, 15, 19 and 21:** In its July 4 proposal Zuffa modified its June 19 proposal and agreed to prepare its witness to testify regarding the identification location, use and back-up status, but not the preservation status of its employees' devices (including the Ordered and Agreed Custodians),

which were regularly used for a "business purpose." Zuffa withdrew that modification when a global agreement was not reached. In its June 19 proposal Zuffa argued that questions concerning the use, location, preservation, backup, and status of employees' **personal** devices are appropriate topics for individual depositions, not a custodian of records deposition. Zuffa's current proposal appears to exclude both personal and business devices. Regardless, individuals cannot provide the testimony that Zuffa would provide, *e.g.*, what Zuffa determined concerning the use, location, preservation, backup, or status of the devices when investigating and/or collecting documents and ESI for production in this case. Plaintiffs request that the Court order Defendant to prepare its witness to testify regarding the identification, use, preservation, backup and status of the devices within the scope to Topics 13, 15, 19 and 21.

**Scope of Topics 27-29:** The parties dispute the scope of discovery on Topics 27-29 which relate to Zuffa's preservation of documents and ESI "that relate to or reference the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten" during three distinct time periods of time: January 1, 2014 to December 14, 2014 (Topic 27); December 14, 2014 to December 18, 2014 (Topic 28), and; December 18, 2014 to the present (Topic 29). Zuffa has only proposed to testify as to the "types of documents and data that would have been subject to destruction, pursuant to Zuffa's document retention policies." Such testimony would tell Plaintiffs nothing that they could not discern simply from reading Zuffa's retention policy and does not explain what actually happened to Zuffa's documents and ESI. Zuffa complained that Topics 27-29 are "overbroad," but failed to engage in a process limit the scope, *e.g.*, by identifying individuals who may have had responsive documents but for whom Zuffa determined the documents were *de minimus*, duplicative, or maintained in some central file and who were, therefore, released from or not subject to a litigation hold.

Testimony regarding Topics 27-29 is relevant and important to the orderly conclusion of discovery. Plaintiffs conclusively determined that Zuffa failed to identify, preserve and collect ESI from at least three Agreed and Ordered Custodians, White, Mersch and Silva. (*See*, e.g., Dkt. 397; Declaration of Dana White, Exh. H to ECF No. 409, ¶ 15 (May 24, 2017) ("During a trip in November 2015, at some point I lost that phone and was unable to find it."); Exhibit 6 (May 15, 2017 email from Michael Dell'Angelo to Stacey Grigsby); Exhibit 7 (Joseph Silva Dep. Tr. at 472-74) (stating that he complied with the litigation hold but could not explain why no text messages were produced from his phone prior to January 30, 2015, several weeks after the litigation hold despite the fact that custodians other than Silva produced text messages to/from Silva that were not produced from Silva's phone)). Those failures are in addition to Zuffa's failure to identify 1.8 million documents in the possession of its ESI vendor collected for the FTC's investigation of Zuffa. Plaintiffs request that the Court order Zuffa to prepare a witness to testify as to Topics 27-29, as drafted. The Topics span limited time periods immediately before, at and after the filing of this litigation and are specifically limited to documents and ESI that relate to or reference the subject matter of this litigation. The ESI Stipulation (ECF No. 60) obligates Zuffa to maintain certain documents and allows for the destruction of certain categories of documents and ESI. Therefore, there is no reason why Zuffa cannot prepare a witness to testify regarding Topics 27-29, as drafted. Zuffa represented that it "cannot" identify the specific documents or data that were destroyed or the dates on which any documents or data were

destroyed." (Exhibit 2). If that is so, Zuffa should be ordered to testify accordingly; such testimony will not be burdensome or require meaningful preparation.

Plaintiffs' respectfully request that the Court grant the relief requested and enter the attached [PROPOSED] Order Setting the Scope of Testimony for the Deposition of Zuffa's Custodian of Records on Topics 13, 15, 17, 19, 21 and 27-29, submitted herewith.


Regards,

*/s/ Michael Dell'Angelo*                           */s/ Stacey K. Grigsby*

Michael Dell'Angelo                               Stacey K. Grigsby
*Counsel for Plaintiffs*                           *Counsel for Defendant Zuffa, LLC*
*Cung Le et al.*

Exhibit 1

**BERGER & MONTAGUE, P.C.**
Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick F. Madden *(pro hac vice)*
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*(Additional counsel appear on signature page)*

*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier*
*Vazquez, Brandon Vera and Kyle Kingsbury*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera and Kyle Kingsbury, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | 2:15-cv-01045-RFB-(PAL) |

## AMENDED NOTICE OF DEPOSITION OF THE CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, will take the deposition(s) upon oral examination of the designated custodian of records of Defendant Zuffa, LLC ("Zuffa"), commencing on May 26, 2017, beginning at 9:00 a.m., and continuing from day to day thereafter until completed, at the offices of Boies Schiller & Flexner LLP, 300 South Fourth Street Suite 800, Las Vegas, NV

1

1   89101. The deposition will be taken before a notary public or other officer duly authorized to

2   administer oaths and take testimony and will be recorded by stenographic and videographic

3   means.

4     Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Zuffa is hereby notified

5   of its obligation to designate one or more officers, directors, managing agents, employees or other

6   persons to testify on its behalf with respect to the matters set forth on the attached Schedule A.

7   The person(s) so designated shall be required to testify as to each of those matters known or

8   reasonably available to Zuffa.

9    DATED: May 19, 2017    /s/ Michael Dell'Angelo
                Eric L. Cramer

10                  Michael Dell'Angelo
                Patrick F. Madden

11                  BERGER & MONTAGUE, P.C.
                1622 Locust Street

12                  Philadelphia, PA 19103

13                  Telephone: (215) 875-3000/Fax: (215) 875-4604
                ecramer@bm.net

14                  mdellangelo@bm.net
                pmadden@bm.net

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED NOTICE OF DEPOSITION OF THE**
**CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown
Richard A. Koffman
1100 New York Ave., N.W., Ste. 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri
Joshua P. Davis
Matthew Weiler
Andrew M. Purdy
Kevin E. Rayhill
555 Montgomery Street, Ste. 1210
San Francisco, CA 94111
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
apurdy@saverilawfirm.com
krayhill@saverilawfirm.com

WOLF RIFKIN SHAPIRO SCHULMAN &
RABKIN, LLP
Don Springmeyer
Nevada State Bar No. 1021
Bradley Schrager
Nevada State Bar No. 10217
Daniel Bravo
Nevada State Bar No. 13078
3556 East Russell Road, Second Floor
Las Vegas, NV  89120
Telephone:  (702) 341-5200
Fax:  (702) 341-5300

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey
Jerome K. Elwell
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

LAW OFFICE OF FREDERICK S. SCHWARTZ

3

**AMENDED NOTICE OF DEPOSITION OF THE
CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Frederick S. Schwartz
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Rachel E/ Kopp
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300/Fax: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com
rkopp@srkw-law.com

*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

4

**AMENDED NOTICE OF DEPOSITION OF THE**
**CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

**SCHEDULE A**

**I.**      **DEFINITIONS**

1. The following rules of construction should apply to all discovery requests:

    a. "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b. "**And**" and "**Or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c. "**Any**" shall be construed to mean "any and all."

    d. "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e. The use of the singular form of any word includes the plural and vice versa.

2. "**Application**" shall be construed to mean a collection of one or more related software programs that enable a user to enter, store, view, modify or extract information from files or databases. The term is commonly used in place of "program" or "software." Applications may include word processors, Internet browsing tools and spreadsheets.

3. "**Backup**" means to create a copy of data as a precaution against the loss or damage of the original data. Most users backup some of their files, and many computer networks utilize automatic backup software to make regular copies of some or all of the data on the network. Some backup systems use digital audio tape (DAT) as a storage medium. Backup Data is information that is not presently in use by an organization and is routinely stored separately upon portable media, to free up space and permit data recovery in the event of disaster.

4. "**Deleted Data**" is ESI that, in the past, existed and which has been deleted by the computer system or end-user activity.

5. "**Document**" shall be construed to encompass all discoverable documents and electronically stored information ("ESI") within the scope of Fed. R. Civ. P. 34(a).

5

6.  "**ESI**" shall be construed to encompass all electronically stored information ("ESI") within the scope of Fed. R. Civ. P. 34(a).

7.  "**Network**" means a group of computers or devices that is connected together for the exchange of data and sharing of resources.

8.  "**Operating system (OS)**" means the software that the rest of the software depends on to make the computer functional.

9.  "**Software**" means coded instructions (programs) that make a computer perform a function.

10. "**Social Media**" means any applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation Twitter, Facebook, YouTube, Instagram, Pinterest and My Space.

11. "**You**," "**Your**," "**Your Company**," "**Zuffa**," "**UFC**," and "**Defendant**" all mean Zuffa, LLC, Ultimate Fighting Championship, UFC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC;  Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC; and also including, all entities that were merged with or acquired, such as, *e.g.*, Explosion Entertainment, LLC (d/b/a Strikeforce), Forza LLC, World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

## II.      Relevant Time Period

The Relevant Time Period for Topics 1, 2, 3, 4, 5, 7 and 23 is January 1, 2001 to June 30, 2015; for Topics 6, 8, 9-11, 13-22 and 24 is January 1, 2001 to the present; for Topics 12 and 29 is

6

1
2

December 18, 2014 to the present; for Topic 27 is January 1, 2014 to December 14, 2014; and for Topic 28 is December 14, 2014 to December 18, 2014.

3

### III.  Subject Matter of Testimony (Topics)

4
5
6

1.  The identities, roles and responsibilities of your information technology personnel including all individuals who have or had access to network administration, backup, archiving or other system operations.

7

2.  Your data processing and data storage devices.

8

3.  Your network architecture and usage policies.

9

4.  Identification of Your user workstation systems and software thereon.

10

5.  Your file-naming and location saving conventions.

11
12

6.  Your backup rotation schedules and archiving procedures, including any backup software used by You, and Your backup and archival disk or tape inventories.

13

7.  Your electronic data management policies and procedures.

14
15

8.  Your policies, practices and procedures to identify, preserve, collect and produce documents in connection with litigation, arbitration or governmental inquiries or investigations.

16
17
18

9.  Efforts, if any, made in response to Your knowledge that this lawsuit may filed, to identify, preserve, collect and produce documents, including any changes to your policies and procedures for the storage, retention and destruction of documents.

19
20
21

10. Efforts, if any, made after You believe you reasonably anticipated the filing of this lawsuit to identify, preserve, collect and produce documents, including any changes to your policies and procedures for the storage, retention and destruction of documents.

22
23
24
25

11. Efforts, if any, made in response to Your knowledge that this lawsuit had been filed but before the complaint was served on You, to identify, preserve, collect and produce documents, including any changes to your policies and procedures for the storage, retention and destruction of documents.

26
27
28

12. Your efforts, if any, made after the service of the complaint in this lawsuit on You, to identify, preserve, collect and produce documents, including any changes to your policies and procedures for the storage, retention and destruction of documents.

7

13. Identification, use, storage, location, preservation, backup, condition and status of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by Your employees for business purposes.

14. Your policies and procedures regarding the use of personal electronic or individual, non-company devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by Your employees for business purposes.

15. Identification, use, storage, location, preservation, backup, condition and status of all electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians for any business purpose.

16. Your policies, procedures and practices regarding the use of personal electronic or individual, non-company devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., encompassed by Topic 13.

17. Identification of all Social Media accounts used by the Agreed and Ordered Custodians for any business purpose.

18. Your policies, procedures and practices regarding the use of Social Media accounts used by your employees, officers and directors for any business purpose.

19. Identification, use, preservation, backup and status of all personal or individual, non-company: email accounts (*i.e.*, Bloomberg, Gmail, Yahoo!, or AOL), instant messaging accounts (*i.e.*, Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (*i.e.*, SMS, MMS, TMS), chat messages (*e.g.*, WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account used by each of the Agreed and Ordered Custodians for any business purpose.

20. Your policies, practices and procedures regarding the use of personal or individual, non-company: email accounts (*e.g.*, Bloomberg, Gmail, Yahoo!, or AOL), instant messaging accounts

**SCHEDULE A TO NOTICE OF DEPOSITION OF THE
CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

(*i.e.*, Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM),

AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text

message accounts or services (*i.e.*, SMS, MMS, TMS), chat messages (*e.g.*, WhatsApp, GChat,

Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts,

Instagram or Snapchat and any other individual electronic communication service or account used

by each of the Agreed and Ordered Custodians for any business purpose.

21. Identification, use, preservation, backup and status of all Zuffa or business related email

accounts, instant messaging accounts (*i.e.*, Cisco Jabber, IBM Sametime, ICQ, Kik, BBM,

iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of

messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS,

TMS), chat messages (*e.g.*, WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice

mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual

electronic communication service or account used by each of the Agreed and Ordered Custodians.

22. Your policies, practices and procedures regarding the use of Zuffa or business related:

email accounts, instant messaging accounts (*i.e.*, Cisco Jabber, IBM Sametime, ICQ, Kik, BBM,

iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of

messages), Bloomberg message accounts, text message accounts or services (*i.e.*, SMS, MMS,

TMS), chat messages (*e.g.*, WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice

mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual

electronic communication service or account used by each of the Agreed and Ordered Custodians.

23. To the extent not duplicative of Topic 1, identification of all personnel responsible for

administering your electronic mail system.

24. All types of electronic mail server systems and client software in use, including back-up

procedures, archiving and the restoration of ESI or data from an electronic mail backup.

25. Your document/data retention or destruction policies (including Your disaster recovery

plan) and the individual(s).

26. Identification of all types and categories of documents that were subject to destruction.

9

**SCHEDULE A TO NOTICE OF DEPOSITION OF THE**
**CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

27. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, from January 1, 2014 to December 14, 2014, and the circumstances thereof.

28. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, from December 14, 2014 to December 18, 2014, and the circumstances thereof.

29. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, since December 18, 2014, and the circumstances thereof.

DATED: May 19, 2017

/s/ Michael Dell'Angelo
Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

WOLF RIFKIN SHAPIRO SCHULMAN &
RABKIN, LLP
Don Springmeyer
Nevada State Bar No. 1021
Bradley Schrager
Nevada State Bar No. 10217
Daniel Bravo
Nevada State Bar No. 13078
3556 East Russell Road, Second Floor
Las Vegas, NV  89120
Telephone:  (702) 341-5200
Fax:  (702) 341-5300

10

SCHEDULE A TO NOTICE OF DEPOSITION OF THE
CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

1

2 COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown
3 Richard A. Koffman
Daniel Silverman
4 1100 New York Ave., N.W., Ste. 500, East Tower
Washington, DC 20005
5 Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
6 rkoffman@cohenmilstein.com
hhafiz@cohenmilstein.com
7

8 JOSEPH SAVERI LAW FIRM, INC.
9 Joseph R. Saveri
Joshua P. Davis
10 Matthew Weiler
Andrew M. Purdy
11 Kevin E. Rayhill
555 Montgomery Street, Suite 1210
12 San Francisco, California 94111
13 Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
14 jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
15 apurdy@saverilawfirm.com
krayhill@saverilawfirm.com
16

17

18 WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
19 Robert C. Maysey
Jerome K. Elwell
20 2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
21 Telephone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
22 jelwell@warnerangle.com

23

24 LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz
25 15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
26 Telephone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com
27

28

**SCHEDULE A TO NOTICE OF DEPOSITION OF THE**
**CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
Eugene A. Spector
Jeffrey J. Corrigan
William G. Caldes
Rachel E/ Kopp
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300/Fax: (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
bcaldes@srkw-law.com
rkopp@srkw-law.com

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,
Brandon Vera, and Kyle Kingsbury*

12

**SCHEDULE A TO NOTICE OF DEPOSITION OF THE
CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing AMENDED NOTICE OF

DEPOSITION OF THE CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) was served on May 19,

2017 via electronic mail.


_/s/ Michael Dell'Angelo_

**SCHEDULE A TO NOTICE OF DEPOSITION OF THE
CUSTODIAN OF RECORDS OF DEFENDANT ZUFFA, LLC
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Exhibit 2



June 19, 2017

<u>VIA E-MAIL</u>

Michael Dell'Angelo
Berger & Montague PC
1622 Locust Street
Philadelphia, PA 19103
Email: mdellangelo@bm.net

*Re:*     *Le et al. v. Zuffa, LLC, No. 2:15-cv-01045-RFB-PAL (D. Nev.)*

Dear Michael,

I write to follow up on the parties' meet and confer teleconference of June 6 regarding, among other things, Plaintiffs' Amended Notice of Deposition of the Custodian of Records of Defendant Zuffa, LLC, Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice").

I will not attempt to summarize our numerous exchanges about the Notice, except to note a few fundamental points of agreement and disagreement that have emerged.  In our view, the current state of affairs can be summarized as follows:

- The Notice lists 29 topics for examination.  The time period for 25 of these topics begins in 2001.
- The parties have agreed to use best efforts to schedule the deposition in June.
- Zuffa agreed to make a corporate representative available to be deposed on nearly all of the topics in the Notice.  Both parties agreed to consider ways to narrow these topics.  Zuffa has raised, and the parties have discussed, Zuffa's specific objections to the overbreadth of a few topics.  In particular:
  - Topics 2 and 4
    - We have objected to the breadth and vagueness of these topics. After meeting and conferring, Plaintiffs agreed to limit these topics to testimony regarding enterprise-level devices and systems that were used by the Agreed and Ordered Custodians (the "Custodians") and maintained by Zuffa.

  - Topics 13, 15, 17, 19, and 21
    - Taken together, these topics require Zuffa to prepare an individual to testify regarding use of personal, individual electronic devices (such as cell phones and tablets), email



Michael Dell'Angelo
June 19, 2017
Page 2 of 5

accounts, instant messaging accounts, and other communications platforms by Zuffa employees for "business purposes" over a period of more than 16 years.

- To take just one example, Topic 13 would require Zuffa's representative to testify regarding the prior use and current status of *all* personal cell phones of *all* current and former Zuffa employees (numbering in the hundreds if not thousands) that were used for "business purposes" *at any time in the past 16 years*.

- Even Topic 15, which is limited to the Custodians, purports to require Zuffa to testify regarding the status of personal phones used by 22 current and former employees more than a decade ago, which is information Zuffa never had a reason or obligation to track.

- These topics sweep far beyond the proper scope of a 30(b)(6) deposition, particularly the custodian of records deposition envisioned by the Court, because they purport to require Zuffa's representative to testify principally about use of devices and accounts that are not and have never been in the company's possession, custody, or control.

- We have explained that it is essentially *impossible*—not simply burdensome—for Zuffa to prepare a corporate representative to testify regarding information that: (a) spans 16 years; (b) includes personal devices and accounts that were never tracked or cataloged by the company for any purpose prior to this litigation; and (c) includes devices and accounts that, in many cases, have not been in the possession, custody, or control of the employees themselves for many years.

- Plaintiffs agreed on June 6 to narrow Topic 13 to a proposed list of employees. As of the date of this letter, Plaintiffs have not provided Zuffa with such a list.

o Topics 27-29

- These topics request information regarding documents and data that have been deleted or destroyed. We have explained that Zuffa does not keep records or logs of documents that are deleted or destroyed. Zuffa has document retention policies that were produced to Plaintiffs early in the litigation. As we discussed,



Michael Dell'Angelo
June 19, 2017
Page 3 of 5

its representative will be prepared to testify regarding such policies.

Again, this is not intended to be a comprehensive compilation of our discussions or our objections.  You are free, of course, to disagree with our formulation of the points above.  Setting aside the minutiae of our disagreements, however, the idea that any deponent could be expected to testify regarding the Plaintiffs' 29 topics as written is unfathomable.  In particular, Topics 13, 15, 17, 19, and 21 are patently overbroad and disproportional to the needs of the case.  Because we find it difficult to believe Plaintiffs reasonably expect Zuffa to prepare such information, it seems likely the Notice was intended either as an opening negotiation position or, worse, an eleventh-hour fishing expedition.  Be that as it may, and given our shared preference for holding this deposition within the next two weeks, please consider this proposal:

- Zuffa will make its representative, Jeff Quinn, available for deposition at BSF's Las Vegas office on Friday, June 30 beginning at 9:00 a.m.

- Topics 1, 3, 5-12, 14, 16, 18, 20, and 22-26: Zuffa will reasonably prepare a representative to testify regarding the topics as written in the Notice.

- Topics 2 and 4: As previously agreed, Zuffa will reasonably prepare a representative to testify regarding these topics, but such testimony will be limited to Zuffa-maintained, enterprise-level devices and systems used by the Custodians.

- Topic 13: Zuffa will not prepare a representative to testify regarding this topic to the extent it calls for information regarding personal, non-company electronic devices used by current and former Zuffa employees other than the Custodians.  With that limitation, Topic 13 is coextensive with Topic 15, and is subject to the limitations discussed, below.

- Topic 15: Individual depositions provide Plaintiffs ample opportunity to seek discovery regarding any business use of personal, non-company electronic devices.  The Custodians are in the best position to testify on this subject, which is not within the proper scope of a 30(b)(6) deposition.  However, Zuffa will reasonably prepare a representative to testify regarding the identity of any personal or individual non-company electronic devices used by its employees for business purposes to the extent such devices were in use at the time the litigation hold went into effect, in use between the time of the litigation hold



and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect. For purposes of this topic, Zuffa defines "business purpose" as the regular use of personal, non-company electronic devices by an employee to carry out his or her official job duties. The representative will not testify regarding the use, location, preservation, backup, condition, or status of such devices, which are more appropriate inquiries for the individual custodians.

- Topic 17: Individual depositions provide Plaintiffs ample opportunity to seek discovery regarding any business use of personal, non-company social media accounts. The Custodians are in the best position to testify on this subject, which is not within the proper scope of a 30(b)(6) deposition. However, Zuffa will reasonably prepare a representative to testify regarding the identity of any social media accounts regularly used by the Custodians for a business purpose. For purposes of this topic, Zuffa defines "business purpose" as the regular use of a social media account by an employee to carry out his or her official job duties.

- Topic 19: Individual depositions provide Plaintiffs ample opportunity to seek discovery regarding any business use of personal, non-company email accounts, instant messaging accounts, text message accounts, and other individual electronic communication services or accounts. The Custodians are in the best position to testify on this subject, which is not within the proper scope of a 30(b)(6) deposition. However, Zuffa will reasonably prepare a representative to testify regarding the identity of services and accounts used by the Custodians for a business purpose. For purposes of this topic, Zuffa defines "business purpose" as the regular use of such services or accounts by an employee to carry out his or her official job duties. The representative will not testify regarding the use, preservation, backup, or status of such accounts, which are more appropriate inquiries for the individual custodians.

- Topic 21: Individual depositions provide Plaintiffs ample opportunity to seek discovery regarding any email accounts, instant messaging accounts, text message accounts, or other individual electronic communication services or accounts that were used for Zuffa business but not maintained on Zuffa's network. However, Zuffa will reasonably prepare a representative to testify regarding the identity of such accounts or services. For purposes of this topic, Zuffa defines "business purpose" as the regular use of such services or accounts by an employee to carry out his or her official job duties. The representative



Michael Dell'Angelo
June 19, 2017
Page 5 of 5

will not testify regarding the use, preservation, backup, or status of such accounts, which are more appropriate inquiries for the individual custodians.

- Topics 27-29: Zuffa will reasonably prepare a representative to testify regarding the types of documents and data that would have been subject to destruction, pursuant to Zuffa's document retention policies, during the specified time periods, but will not (and cannot) identify the specific documents or data that were destroyed or the dates on which any documents or data were destroyed. The representative also will be prepared to testify regarding the general application of the company's document retention and destruction policies and any exceptions to the general policy.

We have worked diligently to identify all areas on which we can reasonably prepare a corporate representative to testify and have modified your language only where preparing a witness to testify on the topic as written would be unduly burdensome or, in a few cases, functionally impossible. As you must recognize, the scope of this proposal is still substantially broader than the Court's conception of the purpose of a custodian of records deposition. (*See* June 1, 2017 Tr. 110:1-2). Nonetheless, we remain open to further discussion.

If you disagree with our above proposal, please let us know your availability to meet and confer on this subject on Wednesday, June 21. Please also confirm your availability to take the deposition in Las Vegas on Friday, June 30.

Very truly yours,

Marcy Norwood Lynch

Exhibit 3

1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



| | Michael Dell'Angelo |
|---|---|
| **WRITER'S DIRECT DIAL** | 215/875-3080 |
| **WRITER'S DIRECT FAX** | 215/875-4604 |
| **WRITER'S DIRECT E-MAIL** | mdellangelo@bm.net |

June 20, 2017

<u>**Via E-Mail Only**</u>

Marcy Norwood Lynch
BOIES, SCHILLER & FLEXNER LLP
121 South Orange Avenue, Suite 840
Orlando, FL 32801
mlynch@bsfllp.com

Re:   <i>Le v. Zuffa, LLC</i>, No. 2:15-cv-1045 (D. Nev.)

Dear Marcy:

  I write in response to your letter dated June 19, 2017, and in furtherance of our continuing meet and confer discussions concerning the Rule 30(b)(6) deposition of Zuffa's designated custodian of records. We disagree with the characterizations of the Notice in your letter and note that your summary of the parties' prolonged meet and confers is lacking. In particular, we note that despite the fact that Defendant Zuffa, LLC's Responses and Objections to Plaintiffs' Amended Notice of Deposition of the Custodian of Records of Defendant Zuffa, LLC, Pursuant to Federal Rule of Civil Procedure 30(B)(6) (sic) ("Responses and Objections"), were served on May 22, 2017 and the parties engaged in a lengthy meet and confer on May 23, 2017, Zuffa was woefully unprepared to advance the meet and confer during the parties' June 7, 2017, session. Unfortunately, your letter appears to reflect a retrenchment of the scope of agreement reached and the testimony Zuffa agreed to provide in its Responses and Objections. Rather than detailing the history and addressing each of the points in your letter, in the interest of moving this process forward efficiently, we respond accordingly.

  <u>**First**</u>, the parties are in agreement that Zuffa shall present a witness prepared to testify to Topics 1, 3, 5-12, 14, 16, 18, 20, and 22-26 as written. Regarding Topics 2 & 4, Plaintiffs agree to the limits as set forth in your June 19 letter.

  <u>**Second**</u>, Plaintiffs do not agree to the limits Zuffa purports to unilaterally impose regarding topics 13, 15, 17, 19 and 21. Most notably, Zuffa's purported unilateral limitations are far narrower than the scope to which it previously committed in the Responses and Objections.



For Topic 13, your letter states that Zuffa will unilaterally limit the scope of testimony to those electronic devices used by Custodians. That limitation is unacceptable and inconsistent with the Parties' meet and confer discussions.

During the meet and confer process, Zuffa objected to the scope of employees encompassed by Topic 13. In response, Plaintiffs proposed to substantially narrow the scope of Topic 13 by identifying specific custodians separate from those responsive to Topic 15. We understood that Zuffa would continue to negotiate in good faith regarding the scope of custodians. However, your letter states that Zuffa will not present a designee to testify regarding Topic 13 as to any custodian not specified in Topic 15. Thus, in effect, your letter reverses Zuffa's position and constitutes a refusal to present a witness to testify regarding Topic 13. To the extent that Zuffa remains willing to negotiate in good faith in an attempt to narrow the scope of custodians encompassed by Topic 13, Plaintiffs propose to limit the scope of Topic 13, as drafted, to the following nine custodians: Denitza Batchvarova, Randy Klein, Link McCluan, Tara Connell, Dave Sholler, Tara Guadagnino, Shane Karpal, Scott Coker and Scott Adams.

For Topics 13, 15, 17, 19 and 21, you argue that "Individual depositions provide Plaintiffs ample opportunity to seek discovery regarding any business use of personal" devices and accounts on various platforms. As a preliminary matter, to the extent such a proposal had any basis, it may have been when Plaintiffs first requested this deposition in 2015—which Zuffa refused and requested that the Court defer this deposition to the close of discovery. As you know, the depositions of numerous Zuffa custodians and employees have already been completed in anticipation of addressing these issues in the Custodian of Records depositions, making your assertion that Plaintiffs could seek such discovery in the future meaningless absent some agreement that Plaintiffs may call back each of those witnesses to take testimony on these Topics. Please confirm your intent is not to re-present such witnesses for that purpose. Regardless, Plaintiffs' Topics 13, 15, 17, 19 and 21 are appropriate Topics for testimony from a custodian of records, particularly given that many of deponents are former employees of Zuffa, the only non-plaintiff party to the litigation.

Zuffa's purported unilateral limitation on Topics 13 and 15 to present a designee who will testify only as to devices and accounts "used by [Zuffa's] employees to the extent such devices were in use at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect" is neither acceptable nor appropriate. That limitation is far narrower the scope to which Zuffa already agreed in its Reponses and Objections. *See*, *e.g.*, Responses and Objections, Response to Topic 15 ("Subject to and without waiving the foregoing objections, Zuffa will produce a corporate representative to testify as to the identification, use, storage, location, preservation, backup, condition and status of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, and similar devices used by the Agreed and Ordered Custodians for business purposes."). Zuffa cannot *post hoc* revise its Responses and Objections.



Regardless of whether a device was in use or known on December 18, 2014 when the litigation hold went into effect, Zuffa had an obligation under the Federal Rules of Civil Procedure to investigate whether devices or the ESI contained thereon were in its possession, custody or control even if such devices were not in use or known prior to such investigation. Thus, Plaintiffs expect that Zuffa will present a designee who will testify as to identification, use, storage, location, preservation, backup, condition and status of all personal or individual, non-company electronic devices used by the Agreed and Ordered Custodians for business purposes as well as any custodians agreed upon with respect to Topic 13. If Zuffa will not present a witness so prepared, please confirm and we will consider the issue joined and present it to the Court for resolution.

Zuffa's purported unilateral limitation on Topics 13, 15, 17, 19, and 21 to those accounts and devices "regular[ly] use[d] … by an employee to carry out his or her official job duties" is neither acceptable nor appropriate. Zuffa could not have made a determination whether a device was used "regularly" without first identifying the device. Therefore, Zuffa's investigation should have revealed the existence of responsive devices.

As set forth in your Declaration of May 24, 2017, on December 18, 2014, Zuffa's then-Chief Legal Officer Kirk Hendrick sent a litigation hold and mandatory document preservation notice to all Zuffa employees ("Mandatory Preservation Notice"). The Mandatory Preservation Notice instructed all Zuffa employees to retain and preserve all documents and electronically stored information." *See* Declaration of Marcy Norwood Lynch, at ¶ 5 ("Lynch Declaration"). The Mandatory Preservation Notice directed all Zuffa employees: "Do not delete or destroy any Material, and please suspend any manual or automated practices in effect prior to receipt of this Notice that might lead to the deletion or destruction of any Material." The Mandatory Preservation Notice defined "Material" broadly, including personal devices in the employee's possession, custody and control and did not purport to include any of the artificial limitations set forth in your letter:

> This request includes not only Materials in your possession, but those in your custody or control, including Materials that are kept in departmental or central files or in offsite storage. You should consider a variety of sources within your control (*e.g.*, desktop computer; mobile computer; network data shares; personal intranet sites such as blogs and podcasts; e-mail accounts, including but not limited to, emails in your inbox, sent items, deleted items, drafts folder, and .pst folders; Instant Messaging applications; portable storage devices such as flash memory devices, DVDs, CDs, diskettes, and iPods; *personal data assistant devices such as the Blackberry, iPAQ, Treo and cell phones*; file cabinets; drawers; notebooks; etc.).

*See* Mandatory Preservation Notice, ¶ A (emphasis added). Thus, Zuffa's *post hoc* purported limitation is far narrower than that which it represented it instructed its employees to do and what it should already know.

3



Just as Zuffa required its employees to preserve such materials, regardless of the "regularity" of the business use, Zuffa had an obligation to identify and search those devices and accounts used to conduct business on behalf of Zuffa. Zuffa must present a designee prepared to testify as to the business uses of these accounts and devices known to Zuffa (including those uses that should have become known to Zuffa through its investigation in this case and responses to Plaintiffs' discovery requests). If Zuffa will not present a witness so prepared, please confirm and we will consider the issue joined and present it to the Court for resolution.

Zuffa's unilateral limitation on Topics 13, 15, 17, 19, and 21, to not present a designee to testify regarding use, location, preservation, backup, or status of accounts and devices is neither acceptable nor appropriate. Under the Federal Rules, Zuffa had an obligation to investigate the sources of documents and data responsive to Plaintiffs' discovery requests. As part of that investigation, where Plaintiffs' discovery requests called for the collection of documents from particular sources such as those discussed in Topics 13, 15, 17, 19, and 21, Zuffa had an obligation to determine the use, location, preservation, backup or status of accounts and devices to determine whether any action needed to be taken to prevent the spoliation of evidence. According to the Lynch Declaration, Zuffa did just that; that is "[i]n the first and second weeks of January 2015, [Lynch] worked with other BSF attorneys, Mr. Hendrick, and other Zuffa employees to compile a list of cellular phones used by potential document custodians in order to identify cellular phones and other portable devices for preservation and collection of text message data and other information." (Lynch Declaration at ¶ 10; *see also id.* at ¶ 25). Therefore, there is no reason that Zuffa's designee cannot testify accordingly. If Zuffa did not comply with the obligations imposed by the Federal Rules, Zuffa's designee should be prepared to testify accordingly.

**Third**, Zuffa's unilateral limitations on Topics 27-29 are not acceptable. Specifically, Plaintiffs have identified specific instances where ESI was not produced on behalf of custodians who should have preserved the ESI. *See, e.g.*, ECF No. 397 (setting forth missing text messages sent to or from Dana White from White's devices as well as from custodians Silva and Mersch). Plaintiffs have also been able to identify thousands of text messages from multiple custodians that were created during the time periods specifically identified in Topics 27-29. Plaintiffs drafted targeted and appropriate Topics to obtain testimony regarding the apparent failure to preserve ESI and any other similarly lost data and documents. Furthermore, it bears noting that on November 12, 2015, Zuffa informed Plaintiffs that several years prior, a flood at the archives destroyed certain hard copy documents. (*See* November 12, 2015 J. Cove Letter to M. Dell'Angelo.) Thus, as Zuffa has represented, it is entirely possible to know (and in some instances it does know) whether documents that relate to or reference the subject matter of this litigation have been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten. To the extent similar losses of documents or data occurred, *e.g.*, from a hard drive or system failure, due to the extraction of documents from devices, or any discovery of deleted data (either intentional or unintentional), those events are appropriate subjects of inquiry in this deposition and would be excluded by Zuffa's unilateral limitation. Zuffa must present a witness



prepared to testify as to all events of deleted or destroyed data from the specified time periods that are presently known (or which were or are reasonably knowable at present) to Zuffa. If Zuffa will not present a witness so prepared, please confirm and we will consider the issue joined and present it to the Court for resolution.

Until either Zuffa agrees to present an appropriately prepared witness or the scope of the disputed Topics can be decided by the Court, Plaintiffs cannot agree to schedule a date for the deposition. Regardless, Plaintiffs are unavailable to take the deposition on June 30, 2017. Plaintiffs propose to hold a date or dates either during the weeks of the 17th or 24th of July or on July 6, subject to the resolution of these issues. Finally, as requested, Plaintiffs are available to meet and confer on June 21, 2017, between 10:00 am and 4:00 pm Eastern.

Sincerely,

Michael C. Dell'Angelo

Exhibit 4



|                          |                      |
|--------------------------|----------------------|
|                          | **Michael Dell'Angelo** |
| **WRITER'S DIRECT DIAL** | 215/875-3080         |
| **WRITER'S DIRECT FAX**  | 215/875-4604         |
| **WRITER'S DIRECT E-MAIL** | mdellangelo@bm.net |

June 27, 2017

<u>**Via E-Mail Only**</u>

Marcy Norwood Lynch
BOIES, SCHILLER & FLEXNER LLP
121 South Orange Avenue, Suite 840
Orlando, FL 32801
mlynch@bsfllp.com

           **Re:**    *Le v. Zuffa, LLC*, No. 2:15-cv-1045 (D. Nev.)

Dear Marcy:

      I write in further response to your letter dated June 19, 2017 and in follow up to our teleconference on June 21, 2017 concerning the Rule 30(b)(6) deposition of Zuffa's designated custodian of records.

      <u>**First**</u>, please let us know Zuffa's position on the list of current and former employees (in addition to the Ordered and Agreed Custodians) Plaintiffs provided on June 19 concerning the scope of Topic 13.

      <u>**Second**</u>, the parties appear to have resolved certain of the issues concerning the scope of Topics 13, 15, 17, 19 and 21, but remain at odds for other issues. Plaintiffs appreciate your statement that Zuffa did not seek to unilaterally impose limits on the scope of these topics. However, certain limitations and definitions that Zuffa seeks to impose are unduly narrow.

      For example, Zuffa still insists that for a device or account to fall within the scope of Topics 13, 15, 17, 19 and 21, that the user must use the device or account "for a business purpose", meaning "regular[ly] use" the account or device "to carry out his or her official job duties." Plaintiffs cannot agree to that limitation. As Plaintiffs understand it, Zuffa had a Bring Your Own Device ("BYOD") policy which permitted Zuffa employees to use personal devices to communicate with other Zuffa employees as well as third parties concerning Zuffa business regardless whether such business was "regular" or part of the employees' "official job duties."



Plaintiffs have proposed that the parties define "business purpose" to mean the business of Zuffa, which you rejected. Plaintiffs propose the following definition in an effort to resolve the impasse: a device or account is used for a "business purpose" when the Zuffa employee using the device or account sends or receives communications, documents, or other content that furthers, discusses, or is otherwise pertinent to the business objectives of Zuffa and that the Zuffa employee or employees involved intended to further, discuss or address a business objective of Zuffa in connection therewith. The definition must also include communications and documents exchanged on BYOD devices or third-party accounts by Zuffa employees either amongst themselves or with third parties which bear special significance to this litigation by virtue of the employees' status as Zuffa employees. For example, if a Zuffa executive privately expresses that an actual or potential competitor is inferior to the UFC, even though such communication could, arguably, not fit within the definition, the parties must expressly agree that such communication and other similar types of communications which are relevant to this case irrespective of a "business purpose" is nevertheless within the scope of Topics, 13, 15, 17, 19, 21. Plaintiffs understand that, in some cases, Zuffa may not have possession, custody or control over all such accounts or devices. But to the extent that Zuffa collected such devices or accessed such accounts in connection with this litigation, Zuffa's representative should be prepared to testify as to them. Further, to the extent that Zuffa requested access to such accounts or devices in connection with this litigation or at any other time, Zuffa's representative should be prepared to testify as to such events.

In addition, concerning Zuffa's position regarding the use, location, preservation, backup, or status of accounts and devices referenced in Topics 13, 15, 17, 19 and 21, Plaintiffs are willing to clarify as follows, at a minimum, Plaintiffs expect Zuffa's designee to testify as to:

1. the identity and location of such devices;
2. whether such devices or accounts are presently in use;
3. any backups of the data on such devices or accounts, including, without limitation, whether any backups of cellular phones are stored on Zuffa-owned computers;
4. the steps Zuffa took to ensure the preservation of data on such devices or accounts; and
5. whether Zuffa has determined that the steps Zuffa took to ensure such preservation was successful.

**Third**, regarding Topic 17, Zuffa indicated that it would let Plaintiffs know whether there were any updates to the list of official Zuffa social media accounts previously provided.  Please identify any additional Zuffa social media accounts not previously provided to Plaintiffs.

**Fourth**, Plaintiffs have highlighted that the time period relevant to Topics 27-29 is relatively narrow. We believe the parties have reached an understanding on that point. Plaintiffs' understanding is that, to the extent known or knowable upon reasonable investigation, Zuffa will present a witness prepared to testify as to the preservation and, as the case may be, failure to preserve data from the specified time periods.



Marcy Norwood Lynch
June 27, 2017
Page 3

Regarding the scope of individuals covered under Topics 27-29, the parties discussed three groups: (1) individuals unlikely to have any responsive documents, *e.g.,* flight attendants; (2) individuals who may have responsive documents but for whom Zuffa has determined the documents are *de minimus*, duplicative, or maintained in some central file, *i.e.,* "lower level" people; and (3) individuals for whom Zuffa maintained the litigation hold. Plaintiffs asked Zuffa whether it could provide any perspective on the size of group (2) or the relevant departments into which it could be broken down. Zuffa agreed to review an organizational chart and provide Plaintiffs with information regarding the relevant departmental breakdown. This information was to provide the parties a possible basis upon which to reach a compromise on limiting this group of individuals. Please provide an update on Zuffa's investigation.

Sincerely,

Michael Dell'Angelo

Exhibit 5



July 4, 2017

<u>**VIA E-MAIL**</u>

Michael Dell'Angelo
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
mdellangelo@bm.net


Re:   **Custodian of Records Deposition in** *Le et al. v. Zuffa, LLC***, No. 2:15-cv-
      01045-RFB-PAL (D. Nev.)**

Dear Michael,

        I write to respond to your June 27, 2017 letter and to follow up on issues
discussed during our meet and confer call on June 28, 2017 regarding the scope of the
custodian of records 30(b)(6) deposition currently scheduled for July 27, 2017.  We
believe that if the parties can agree to the proposed compromises below, all outstanding
issues will have been resolved and both parties can then begin to finalize and focus their
deposition preparations.

        However, to be clear, the compromises offered below are part of an offer
designed to reach a global agreement and final conclusion to our disagreements regarding
the scope of Plaintiffs' May 19, 2017 Amended Notice.  We believe we have put forth a
proposal in good faith that is more than fair and will permit both parties to focus their
efforts on the upcoming custodian of records deposition, rather than continuing with
lengthy and protracted negotiations.

        While we are scheduled to meet and confer again at 10:00 a.m. Eastern time on
Wednesday, July 5, we believe this call will be unnecessary if Plaintiffs accept our
written proposal.

<u>**Summary of June 21, 2017 Meet and Confer Call**</u>

        During our June 28 call, we were able to clarify and correct a few statements
made in your June 27 letter.   First, from our June 21 call we understood that, as part of
Zuffa's proposed definition of "business purpose," which proposed definition included
the use of accounts or devices by an employee "to carry out his or her official job duties,"
Plaintiffs were considering and reviewing the information Zuffa had already provided to
them to determine whether such information regarding "official job duties" allowed
Plaintiffs to understand the Custodians' job duties.  During that same call, we had advised

you that Plaintiffs had sufficient information to understand those duties based on a combination of prior correspondence, documents, and the depositions that have already occurred in this case.

Second, as we clarified during our June 28 call, we agreed on our June 21 call to consider whether in advance of the deposition we would update the list of Zuffa social media accounts previously provided to Plaintiffs, to the extent any updates are needed. We further advised you that Zuffa's corporate representative will be prepared to testify regarding those accounts at the deposition.

Third, with regard to Topics 27-29, on our June 21 call, we agreed to consider whether Zuffa would review organizational charts to identify the departments whose employees may have information relevant to this litigation, but who were released from the initial December 18, 2014 litigation hold because their information was likely duplicative of the information held by employees who were subject to a legal hold. At the time of our June 28 call, we had not made a decision as to whether to review those organizational charts.

Fourth, with regard to your statement in your June 20 letter that Zuffa sought to "unilaterally impose" limits on certain topics, we discussed that was not Zuffa's intention. However, we disagree with your statement that Zuffa has changed the scope of its objections. In its objections to the Notice, Zuffa agreed to provide testimony on many topics subject to its general and specific objections. Those objections included a disagreement on the time period of certain topics, as well as the definition of "business purpose," which we hope to resolve in our proposal, below.

Fifth, as we discussed in our meet and confer sessions, Zuffa objects to any attempts by Plaintiffs to re-open any fact witness depositions for the purpose of asking the witnesses about their personal devices. To the extent Plaintiffs chose not to ask fact witnesses about their individual document management processes, as well as their use of individual devices or accounts for business purposes, it is inappropriate to seek that information now.[1] Moreover, your statement that Zuffa refused to allow this type of deposition to go forward in 2015 and "requested that the Court defer this deposition to the close of discovery" is unsupported by the record and is contrary to the discussions at the Status Conferences. Please provide us with support for your allegation that Zuffa "requested that the Court defer this deposition to the close of discovery."

---

[1] Indeed, following meet and confer sessions about these topics, Plaintiffs did ask Joe Silva about these types of issues. *E.g.* J. Silva Dep. Tr. 11:20-14:20 (questioning Mr. Silva about his mobile phone number, use of his mobile phone, text messages, and his @ufc.com, @ufc.tv, and @gmail.com email addresses).

Michael Dell'Angelo
July 4, 2017
Page 3 of 5

## Topic 13 and Information on Additional Individuals

As we noted during our June 28 call, we disagree as to the relevance and proportionality of the additional nine individuals ("Topic 13 Employees") proposed by Plaintiffs in your June 20, 2017 letter.  In that letter, you proposed to limit the scope of Topic 13 to all Agreed and Ordered Custodians in addition to the Topic 13 Employees: Denitza Batchvarova, Randy Klein, Link McCluan, Tara Connell, Dave Sholler, Tara Guadagnino, Shane Karpal, Scott Coker and Scott Adams.

As we explained to you during our call, we do not understand — and you did not provide — any independent reason and justification as to each of the proposed Topic 13 Employees why custodian of records testimony as to those individuals' personal, non-company devices would be relevant, proportional, or otherwise appropriate for the custodian of records deposition.  In the spirit of compromise and in the hopes of resolving our disagreements on this issue, we are willing to prepare our designee to testify about Topic 13 if Plaintiffs will agree to narrow the topic to read:

> Identification of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians in addition to Denitza Batchvarova and Shane Kapral.

In order to reach a final agreement on this issue, we are willing to prepare our designee to testify about Topic 13 with respect to Ms. Batchvarova and Mr. Kapral in addition to the Agreed and Ordered Custodians because they are the only two proposed Topic 13 Employees who are still employed at Zuffa.

By contrast, as we have informed you on several occasions, the other proposed new custodians are no longer employed at Zuffa.  Further, as we have told you, Mr. Coker and Mr. Adams have not worked at Zuffa for some time, making Plaintiffs' request for testimony as to those two individuals particularly inappropriate.

## Definition of "Business Purpose" for Topics 13, 15, 17, 19, and 21

As we further explained on our call, we appreciated your attempt to define "business purpose."  As we discussed, Zuffa is willing to agree to the following definition of "business purpose":

> A device or account is used for a "business purpose" when the Zuffa employee using the device or account sends or receives communications, documents, or other content and that content (1) furthers, discusses, or is otherwise pertinent to the business objectives of Zuffa and (2) was sent or received by the Zuffa employee or employees involved with an intent to

further, discuss or address a business objective of Zuffa in connection therewith.

During our call, you also agreed to consider dropping your proposal to include the additional language in your June 27 letter regarding "business purpose."  We are optimistic that we can agree to the proposed definition of "business purpose" laid out above as we believe that definition of "business purpose" is appropriate for the custodian of records deposition.

## Relevant Time Period

At present, Plaintiffs' May 19, 2017 Amended 30(b)(6) Notice lists the Time Period for these topics as January 1, 2001 to the present, a period of more than sixteen years.  As discussed during our call, Zuffa proposes the following compromise below to the Relevant Time Period for Topics 13, 15, 17, 19, and 21.

In the spirit of compromise, Zuffa is offering to expand the Relevant Time period as to Topics 13, 15, 17, 19, and 21 as is consistent with Zuffa's efforts in investigating and responding to Plaintiffs' Second RFPs.  Further, Zuffa is also willing to expand the temporal scope of its designee's testimony as to Zuffa's document retention policy and any suspensions thereof.  While Zuffa does not agree that extending the Relevant Time Period for these topics is proportional to the needs of this case or is likely to lead to the production of relevant, discoverable information, it nonetheless offers this compromise to resolve and move beyond this dispute.

- As to the identity and usage status of devices in Topics 13, 15, 17, 19, and 21, Zuffa's designee will testify to the identity and usage status of those devices and accounts specified in those topics to the extent the relevance of information on those devices could be ascertained at the time the litigation hold went into effect or at the time Zuffa received Plaintiffs' First Requests for Production of Documents (First RFPs) through the time period that Zuffa collected documents responsive to those RFPs.  In addition, Zuffa's designee will be prepared to testify regarding the steps taken to preserve responsive documents and information from the time such information was identified until the present.

- As to the identity and usage status of devices in Topics 13, 15, 17, 19, and 21, Zuffa's designee will also testify to the identity and usage status of those devices to the extent that information could be ascertained at the time Zuffa received Plaintiffs' Second Requests for Production of Documents (Second RFPs) through September 2016, when Zuffa provided its responses to the Second RFPs.  In addition, Zuffa's designee will be prepared to testify regarding the steps taken to preserve responsive documents and information from the time such information was identified until the present.

- Zuffa's custodian of records will be prepared to testify on whether there were any changes to Zuffa's document retention policy and any suspensions of that policy from December 18, 2014 to the present.

Finally, Zuffa will not prepare its designee to testify about the location, use, or backup status of any devices for the Agreed and Ordered Custodians and Ms. Batchvarova and Mr. Kapral in any time period other than the new Relevant Time Period proposed above.

**Updated Social Media Account List**

As to Topics 17, 19, and 21, while Zuffa believes that the listing of social media accounts it has already provided Plaintiffs is sufficient, in the spirit of compromise, Zuffa proposes to provide to Plaintiffs an updated list of Zuffa's websites and social media accounts, which information was previously provided to Plaintiffs on September 14, 2015. As part of this compromise, Zuffa is willing to provide this updated list to Plaintiffs' counsel no later than three days prior to the custodian of records deposition.

**Zuffa Organizational Charts**

As to Topics 27 through 29, during our June 21 and 28 call, we discussed whether Zuffa would provide Plaintiffs with a list of departments or individuals who may have information relevant to this litigation, but who were released from the initial December 18, 2014 litigation hold. As we discussed with regard to these Topics and Topic 13, we do not believe these questions are currently relevant to the litigation. As you noted, Plaintiffs did not ask the Court for leave to serve additional written discovery or to add new custodians to prior written discovery agreements or orders. Zuffa believes that the time to identify potential additional custodians is long past. That being said, in the spirit of compromise, Zuffa is willing to provide a list of departments whose employees individually or the departments as a group maintained information that was potentially relevant to the litigation, as well as the individuals in those departments (or the departments themselves) whose files were collected.

Regards,

Nicholas A. Widnell

Exhibit 6

| From: | Michael Dell"Angelo |
|---|---|
| To: | Stacey Grigsby; "Kevin Rayhill"; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William A. Isaacson; "Donald J. Campbell"; "J. Colby Williams" |
| Cc: | "Joseph Saveri"; "Matthew Weiler"; Eric Cramer; Patrick Madden; Mark R. Suter; Richard A. Koffman; "Ben Brown"; "Daniel Silverman"; "Robert C. Maysey"; "Jerome Elwell (jelwell@warnerangle.com)"; "Don Springmeyer"; Abby Dennis |
| Subject: | RE: Le et al. v. Zuffa, LLC |
| Date: | Monday, May 15, 2017 8:17:39 PM |

Stacey:

Thank you for the information below. Plaintiffs believe that serious issues need to be resolved regarding, at a minimum, the preservation, collection and production of Mersch's text messages.

No text messages were produced by Zuffa on behalf of Mersch as a custodian. However, Plaintiffs identified 137 text messages that Zuffa produced on behalf of custodians other than Mersch that were sent to/from Mersch. Therefore, there is no doubt that Mersch's device contained responsive ESI.

Of the 137 text messages, 37 post-date the filing of this litigation. Of those 37 text messages, 33 post-date January 21, 2015 and 4 fall between the date on which this litigation was filed and January 7, 2015; none are dated January 8-21, 2015.  Therefore, even if Mersch "may have inadvertently deleted text messages from his personal cell phone between December 18, 2014 and January 12, 2015--when Zuffa legal contacted him about collecting his personal phone to respond to discovery," it is clear that he sent/received at least 33 responsive text messages after he was contacted by Zuffa Legal, and well after a litigation hold was issued, but which were not produced by Zuffa on behalf of Mersch as a custodian.

Please let us know if the text messages to/from Mersch that were produced by Zuffa on behalf of custodians other than Mersch were also collected from Mersch's phone on January 21, 2015. Based on your explanation below we understand that approximately 250 text messages were collected from Mersch's phone on January 21, 2015 and that the earliest of those text messages dates to January 12, 2015, one day after Zuffa Legal reportedly contacted Mersch about collecting his personal phone to respond to discovery.  Of the approximately 250 text-messages that were collected, we understand that none were deemed responsive and none produced. If any of the text messages were deemed responsive, please explain why they were not produced. If the text messages were not collected, please explain why.

We appreciate your explanation that Zuffa attempted to collect Mersch's phone for a second time, that he refused and claimed that he had no business texts on his phone dating between January 21 and the date that his employment was terminated. However, based on Zuffa's production, Mersch's representations regarding the contents of his phone, as recounted in your description below, do not appear to have been accurate. Therefore, Plaintiffs request that Zuffa's consent to Plaintiffs' request to serve a Rule 45 subpoena for relevant ESI contained on Mersch's phone. Absent Zuffa's consent, Plaintiffs will seek leave of Court.

Regards,

Michael

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3080

mdellangelo@bm.net

bergermontague.com


Twitter | LinkedIn | Facebook

Signup for our e-newsletter

---

**From:** Stacey Grigsby [mailto:SGrigsby@BSFLLP.com]
**Sent:** Friday, May 12, 2017 2:47 PM
**To:** Michael Dell'Angelo <mdellangelo@bm.net>; 'Kevin Rayhill' <krayhill@saverilawfirm.com>; Marcy Norwood Lynch <mlynch@BSFLLP.com>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Ross McSweeney <RMcSweeney@BSFLLP.com>; Nicholas Widnell <NWidnell@BSFLLP.com>; Rory Skaggs <RSkaggs@BSFLLP.com>; Brent Nakamura <bnakamura@BSFLLP.com>; William A. Isaacson <wisaacson@bsfllp.com>; 'Donald J. Campbell' <djc@campbellandwilliams.com>; 'J. Colby Williams' <jcw@campbellandwilliams.com>
**Cc:** 'Joseph Saveri' <jsaveri@saverilawfirm.com>; 'Matthew Weiler' <MWeiler@saverilawfirm.com>; Eric Cramer <ecramer@bm.net>; Patrick Madden <pmadden@bm.net>; Mark R. Suter <msuter@bm.net>; Richard A. Koffman <rkoffman@cohenmilstein.com>; 'Ben Brown' <BBrown@cohenmilstein.com>; 'Daniel Silverman' <DSilverman@cohenmilstein.com>; 'Robert C. Maysey' <rmaysey@warnerangle.com>; 'Jerome Elwell (jelwell@warnerangle.com)' <jelwell@warnerangle.com>; 'Don Springmeyer' <DSpringmeyer@wrslawyers.com>; Abby Dennis <adennis@BSFLLP.com>
**Subject:** RE: Le et al. v. Zuffa, LLC

Dear Michael,

Although I understand from your message below that you appear to have concerns about Mr. Mersch's text messages, you should understand that, based on our review of the available information, there is no possibility that we will obtain any additional text messages from Mr. Mersch's phone that can be produced to Plaintiffs.  For that reason, your concerns about missing text messages from Mr. Mersch does not constitute a valid basis for indefinitely delaying Mr. Mersch's deposition.

As we have previously explained, Mr. Mersch's personal phone was collected January 21, 2015, but did not have a significant number of saved text messages on the phone because Mr. Mersch deleted text messages in the ordinary course of business.  Mr. Mersch received a litigation-hold notice on December 18, 2014.  While it is possible that he may have inadvertently deleted text messages from his personal cell phone between December 18, 2014 and January 12, 2015--when

Zuffa legal contacted him about collecting his personal phone to respond to discovery --- an analysis of texts Mr. Mersch sent to other Zuffa employees demonstrates that these texts were of marginal relevance to Plaintiffs' RFPs.  The first text message recovered by Zuffa Legal is dated January 13.  Of the approximately 250 text-messages that were collected, none were deemed responsive to Plaintiffs' RFPs.  Given the marginally responsive nature of the specific texts from Mr. Mersch that turn up in other employees' text-message files, this should not be surprising.

Approximately two months after Mr. Mersch's phone was collected, his employment at Zuffa was terminated.  On March 23, 2015, an attempt was made to obtain Mr. Mersch's phone in order to download any relevant text messages.  Mr. Mersch stated that he had no business texts on his phone between January 21 and the date his employment was terminated and refused to make his phone available.  As Mr. Mersch was no longer an employee at that time and the phone was his personal phone, Zuffa believes that any text messages retained on it are no longer in Zuffa's control.

Best,
Stacey

**Stacey K. Grigsby**
Partner

## BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC  20005
(t) +1 202 237 9619
(m) +1 703 861 4910
sgrigsby@bsfllp.com
www.bsfllp.com

---

**From:** Michael Dell'Angelo [mailto:mdellangelo@bm.net]
**Sent:** Thursday, May 04, 2017 4:36 PM
**To:** Stacey Grigsby; 'Kevin Rayhill'; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William Isaacson; 'Donald J. Campbell'; 'J. Colby Williams'
**Cc:** 'Joseph Saveri'; 'Matthew Weiler'; Eric Cramer; Patrick Madden; Mark R. Suter; Richard A. Koffman; 'Ben Brown'; 'Daniel Silverman'; 'Robert C. Maysey'; 'Jerome Elwell (jelwell@warnerangle.com)'; 'Don Springmeyer'; Abby Dennis
**Subject:** RE: Le et al. v. Zuffa, LLC

Stacey:

As you know, Plaintiffs have several pending questions regarding the production of text messages from Mr. Mersch's iPhone 5s, as identified by Zuffa on December 21, 2015. Although Zuffa indicated that Mr. Mersch's phone was used "for business purposes," no text messages appear to have been produced from it despite the fact that messages to/from Mr. Mersch were produced by Zuffa's other custodians. Therefore, Plaintiffs are unable to confirm May 19 (or any other date) for Mr. Mersch until the failure to produce responsive text messages from his device are resolved.

Regards,

Michael

---

Michael Dell'Angelo

**Berger&Montague,P.C.**

1622 Locust Street
Philadelphia, PA 19103
direct: 215.875.3080
mdellangelo@bm.net
bergermontague.com

Twitter | LinkedIn | Facebook
Signup for our e-newsletter

---

**From:** Stacey Grigsby [mailto:SGrigsby@BSFLLP.com]
**Sent:** Thursday, May 4, 2017 2:23 PM
**To:** 'Kevin Rayhill' <krayhill@saverilawfirm.com>; Marcy Norwood Lynch <mlynch@BSFLLP.com>;
Suzanne Jaffe Nero <snero@BSFLLP.com>; Ross McSweeney <RMcSweeney@BSFLLP.com>; Nicholas
Widnell <NWidnell@BSFLLP.com>; Rory Skaggs <RSkaggs@BSFLLP.com>; Brent Nakamura
<bnakamura@BSFLLP.com>; William A. Isaacson <wisaacson@bsfllp.com>; 'Donald J. Campbell'
<djc@campbellandwilliams.com>; 'J. Colby Williams' <jcw@campbellandwilliams.com>
**Cc:** 'Joseph Saveri' <jsaveri@saverilawfirm.com>; 'Matthew Weiler' <MWeiler@saverilawfirm.com>;
Eric Cramer <ecramer@bm.net>; Michael Dell'Angelo <mdellangelo@bm.net>; Patrick Madden
<pmadden@bm.net>; Mark R. Suter <msuter@bm.net>; Richard A. Koffman
<rkoffman@cohenmilstein.com>; 'Ben Brown' <BBrown@cohenmilstein.com>; 'Daniel Silverman'
<DSilverman@cohenmilstein.com>; 'Robert C. Maysey' <rmaysey@warnerangle.com>; 'Jerome
Elwell (jelwell@warnerangle.com)' <jelwell@warnerangle.com>; 'Don Springmeyer'
<DSpringmeyer@wrslawyers.com>; Abby Dennis <adennis@BSFLLP.com>
**Subject:** RE: Le et al. v. Zuffa, LLC

Counsel,
As a follow up to the email below, please let me know if Plaintiffs intend to proceed with Mr.
Mersch's deposition on Friday, May 19th.

Separately, Lawrence Epstein is available to be deposed on Friday, May 26.  Please let me know if
that date works for Plaintiffs.

Best,
Stacey

**Stacey K. Grigsby**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC  20005
(t) +1 202 237 9619
(m) +1 703 861 4910
sgrigsby@bsfllp.com
www.bsfllp.com

**From:** Stacey Grigsby
**Sent:** Sunday, April 23, 2017 12:33 PM
**To:** 'Kevin Rayhill'; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William Isaacson; 'Donald J. Campbell'; 'J. Colby Williams'
**Cc:** 'Joseph Saveri'; 'Matthew Weiler'; 'Eric L. Cramer'; 'MIchael Dell'Angelo'; 'Patrick Madden'; 'Mark R. Suter (msuter@bm.net)'; 'Richard Koffman'; 'Ben Brown'; 'Daniel Silverman'; 'Robert C. Maysey'; 'Jerome Elwell (jelwell@warnerangle.com)'; 'Don Springmeyer'; Abby Dennis
**Subject:** RE: Le et al. v. Zuffa, LLC

Counsel,

Both Mr. Dropick and Mr. Mersch are unavailable the week of April 24th.  Mr. Dropick is available on May 4th.  Mr. Mersch is available on Friday, May 19th.  We are offering these May dates in recognition of the fact that the parties have been working for some time to confirm these depositions.

Zuffa's decision to extend this courtesy should not be taken nor understood to waive our objection to Plaintiffs' attempts to schedule numerous depositions after the close of fact discovery.   As stated in our opposition to Plaintiffs' motion to reschedule, our attorneys and witnesses have already incurred costs as a result of Plaintiffs' decision to notice depositions for dates that Plaintiffs' counsel later told us they were unavailable.   To that end, we request that Plaintiffs immediately confirm which of the following depositions, if any, Plaintiffs intend to proceed with:

Jeff Aronson, April 25
John Hertig, April 27
Amit Sripathi, April 27
Lawrence Epstein, April 28 (if Plaintiffs' emergency motion is denied)
Deutsche Bank 30(b)(6), April 28
WME 30(b)(6), April 28
The Raine Group, April 30

Please confirm that Plaintiffs will not proceed with the following depositions this week:

Kathryn Duva
Lou DiBella
Gary Ibarra
Leon Margueles

If Plaintiffs cannot indicate whether they are prepared to take these depositions, we request a meet on Monday, April 24.

Best,
Stacey


**Stacey K. Grigsby**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619
(m) +1 703 861 4910
sgrigsby@bsfllp.com
www.bsfllp.com

---

**From:** Stacey Grigsby
**Sent:** Friday, April 21, 2017 3:38 PM
**To:** 'Kevin Rayhill'; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William Isaacson; Donald J. Campbell; J. Colby Williams
**Cc:** Joseph Saveri; Matthew Weiler; Eric L. Cramer; MIchael Dell'Angelo; Patrick Madden; Mark R. Suter (msuter@bm.net); Richard Koffman; Ben Brown; Daniel Silverman; Robert C. Maysey; Jerome Elwell (jelwell@warnerangle.com); Don Springmeyer; Abby Dennis
**Subject:** RE: Le et al. v. Zuffa, LLC

Hello Kevin,

April 26th will no longer work for Mr. Dropick. I will revert back shortly on another proposed date.


Best,
Stacey


**Stacey K. Grigsby**
Partner

BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 237 9619
(m) +1 703 861 4910
sgrigsby@bsfllp.com
www.bsfllp.com

---

**From:** Kevin Rayhill [mailto:krayhill@saverilawfirm.com]
**Sent:** Friday, April 21, 2017 3:35 PM
**To:** Stacey Grigsby; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William Isaacson; Donald J. Campbell; J. Colby Williams
**Cc:** Joseph Saveri; Matthew Weiler; Eric L. Cramer; MIchael Dell'Angelo; Patrick Madden; Mark R. Suter (msuter@bm.net); Richard Koffman; Ben Brown; Daniel Silverman; Robert C. Maysey; Jerome Elwell (jelwell@warnerangle.com); Don Springmeyer; Abby Dennis
**Subject:** RE: Le et al. v. Zuffa, LLC

Stacey,

April 26 will work for Plaintiffs for the Dropick deposition. May 2 will work for Nakisa Bidarian. Thanks.

Kevin

**From:** Stacey Grigsby [mailto:SGrigsby@BSFLLP.com]
**Sent:** Friday, April 14, 2017 2:05 PM
**To:** Kevin Rayhill; Marcy Norwood Lynch; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; Bill Isaacson; Donald J. Campbell; J. Colby Williams
**Cc:** Joseph Saveri; Matthew Weiler; Eric L. Cramer; MIchael Dell'Angelo; Patrick Madden; Mark R. Suter (msuter@bm.net); Richard Koffman; Ben Brown; Daniel Silverman; Robert C. Maysey; Jerome Elwell (jelwell@warnerangle.com); Don Springmeyer; Abby Dennis
**Subject:** RE: Le et al. v. Zuffa, LLC

Counsel,
Although we are willing to accept service for Nakisa Bidarian, we cannot yet confirm he will be available on April 28th.  We have confirmed that Mr. Dropick is not available on April 28, but we can make him available on April 26th at  Boies Schiller & Flexner's office in Las Vegas.

In addition, as I stated to you just yesterday and reiterated in my email earlier today, Zuffa does not consent to taking additional depositions out of time.

Warm regards,
Stacey

**Stacey K. Grigsby**
Partner

## BOIES SCHILLER FLEXNER LLP

1401 New York Ave, NW
Washington, DC  20005
(t) +1 202 237 9619
(m) +1 703 861 4910
sgrigsby@bsfllp.com
www.bsfllp.com

**From:** Kevin Rayhill [mailto:krayhill@saverilawfirm.com]
**Sent:** Thursday, April 13, 2017 11:05 PM
**To:** Marcy Norwood Lynch; Stacey Grigsby; Suzanne Jaffe Nero; Ross McSweeney; Nicholas Widnell; Rory Skaggs; Brent Nakamura; William Isaacson; Donald J. Campbell; J. Colby Williams
**Cc:** Joseph Saveri; Matthew Weiler; Eric L. Cramer; MIchael Dell'Angelo; Patrick Madden; Mark R. Suter (msuter@bm.net); Richard Koffman; Ben Brown; Daniel Silverman; Robert C. Maysey; Jerome Elwell (jelwell@warnerangle.com); Don Springmeyer
**Subject:** Le et al. v. Zuffa, LLC

Counsel,

Please see the attached deposition notice for Peter Dropick. Please also take notice that Plaintiffs are

serving the attached deposition subpoenas and notices on third parties. Regarding Nakisa Bidarian, will Zuffa accept service on Mr. Bidarian's behalf?

Sincerely,

Kevin E. Rayhill
t  415.500.6800 x804
f  415.395.9940
krayhill@saverilawfirm.com

## JOSEPH  SAVERI
### L A W   F I R M
555 Montgomery Street, Suite 1210
San Francisco, CA  94111

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

Exhibit 7

1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


CUNG LE; NATHAN QUARRY, JON        )
FITCH, on behalf of                )
themselves and all others          )
similarly situated,                )
                                   )
            Plaintiffs,            )
                                   )
        vs.                        )   Case No.
                                   )   2:15-cv-01045-RFB-(PAL)
                                   )
ZUFFA, LLC, d/b/a Ultimate         )
Fighting Championship and          )
UFC,                               )
                                   )
            Defendant.             )
_____)


VIDEOTAPE DEPOSITION OF JOSEPH SILVA

Richmond, Virginia

June 7, 2017

8:11 a.m.



Reported by:
KIMBERLY L. RIBARIC, RPR, CCR
JOB NO. 50374

472

SILVA

1

2      fight for.

3           Q.   Right.

4           A.   That's what I'm asking him to do.

5           Q.   Right.  But if he told you he's never going

6      to fight again unless he can fight for Bellator, you

7      would tell him honor your contract --

8           A.   Or if he said that he wanted to box or if he

9      wanted to do another combat sport.

10          Q.   What would you tell him?

11          A.   No, you have a contract with us.

12          Q.   And so you did not want him to fight for

13     Bellator, you wanted --

14          A.   I did not want him fighting for anybody

15     besides the UFC that he was contracted to.

16          Q.   Okay.  You can put that document aside.

17               What kind of cell phone did you use in 2015

18     while you were at Zuffa for business?

19          A.   I believe it was an iPhone.

20          Q.   And did you allow Zuffa's counsel in this

21     case access to it at some point?

22          A.   Yes.

23          Q.   At what point did you provide Zuffa's

24     counsel access to your phone?

25          A.   As soon as they asked me for it.

473

SILVA

1

2     Q.   And when was that?

3     A.   I don't recall.

4     Q.   Well, when did you first hear that this case

5     had been filed?

6     A.   I don't recall the date.  But when it had

7     been filed, they made us aware, and I complied

8     immediately.

9     Q.   So the -- the case was filed, and as soon as

10    you were made aware of that, you were asked to

11    surrender your phone; is that right?

12    A.   I was -- believe we received instructions

13    not to delete anything, not to do that, and then made

14    arrangements to get my phone.

15    Q.   So you were asked not to delete any text

16    messages or e-mails after the filing of the suit; is

17    that right?

18    A.   Yeah, whenever they had asked me not to.

19    They did put out a notification to everybody in the

20    company, "Do not delete anything."

21    Q.   And did you comply with that note?

22    A.   I did.

23    Q.   Did you delete any e-mails or text messages

24    after this litigation was filed?

25    A.   No.

474

1                          SILVA

2          Q.    Now, your -- the text message production

3     that Zuffa made to us from your phone begins

4     January 30th, 2015.

5          A.    (Nods head up and down.)

6          Q.    Did -- did you send any text messages from

7     December 16th, 2014, to January 30th, 2015?

8          A.    I saved them as soon as they said to not

9     delete.  Before that, it was not my practice to keep

10    texts.  That's how I got tasks done, is if my phone

11    was clear, I knew I had taken care of everybody who

12    had texted me.  Once they said don't do that anymore,

13    I stopped doing it.

14         Q.    So I'm going to represent to you that this

15    case was filed on December 16, 2014, and also that

16    the first text that we have from the compilation from

17    your phone is dated January 30th, 2015.

18              Can you explain the gap between December

19    16th, 2014, and January 30th, 2015?

20         A.    I have no idea.  I just know that I stopped

21    deleting when they told me to.

22         Q.    I want to ask you some questions about your

23    preparation for this deposition today.  Other than

24    counsel did you talk to anyone else about the

25    deposition today?

**EXHIBIT 8**
**Zuffa's Overbreadth Objections to the Challenged Topics**

| Topics from Plaintiffs' Amended Notice with Changes Agreed to by Plaintiffs (as of 7/5) | Overbreadth Issues |
|---|---|
| 13. Identification, use, storage, location, preservation, backup, condition and status of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians in addition to Denitza Batchvarova and Shane Kapral for business purposes [from January 1, 2005 to the present.] [In addition to] Identification of all personal devices or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable laptops and notebook computers, etc., or any back-up, image or copy thereof, used by Scott Coker and Scott Adams during the Relevant Time Period, in Zuffa's possession, custody or control on or after December 16, 2014. | • More than 12-year period for all individuals other than Mr. Adams and Mr. Coker;<br>• Requests information *after* the agreed to June 30, 2015 cut-off date for document production;<br>• Asks for identification *and* location and status information of *personal, non-company* devices despite the fact that Zuffa never tracked or had a policy of tracking these devices;<br>• Fails to define overbroad "business purpose" term or reasonably restrict "business purpose" to regular use or similarly reasonable term;<br>• For devices that did not access the Zuffa network, Zuffa never tracked or had a policy of tracking the storage location or condition or status of any of these personal, non-company devices. |
| 15. Identification, use, storage, location, preservation, backup, condition and status of all electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians for any business purpose [from January 1, 2005 to the present.] | • More than 12-year period;<br>• Requests information *after* the agreed to June 30, 2015 cut-off date for document production;<br>• Asks for identification *and* location and status information of *all devices*, including *personal, non-company* devices despite the fact that Zuffa never tracked or had a policy of tracking these devices;<br>• "[A]ny business purpose" is overbroad and fails to reasonably restrict "business purpose" to regular use or similarly reasonable term;<br>• For devices that did not access the Zuffa network, Zuffa never tracked or had a policy of tracking the storage location or condition or status of any of these personal, non- |

| | company devices. |
|---|---|
| 17. Identification of all Social Media accounts used by the Agreed and Ordered Custodians for any business purpose [from January 1, 2005 to the present.] | <ul><li>More than 12-year period;</li><li>Requests information *after* the agreed to June 30, 2015 cut-off date for document production;</li><li>Asks for identification regarding "all" accounts used for "any business purpose," which is overbroad and fails to reasonably restrict "business purpose" to regular use or similarly reasonable term.</li></ul> |
| 19. Identification, use, preservation, backup and status of all personal or individual, noncompany: email accounts (e.g., Bloomberg, Gmail, Yahoo!, or AOL), instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat,Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account used by each of the Agreed and Ordered Custodians for any business purpose [from January 1, 2005 to the present.] | <ul><li>More than 12-year period;</li><li>Requests information *after* the agreed to June 30, 2015 cut-off date for document production;</li><li>Asks for identification regarding "all" personal, non-Zuffa accounts used for "any business purpose," which is overbroad and fails to reasonably restrict "business purpose" to regular use or similarly reasonable term;</li><li>As the accounts and services asked for are non-Zuffa accounts and services, Zuffa does not store or have access to information regarding the "use, preservation, backup and status of all" such third-party accounts and services.</li></ul> |
| 21. Identification, use, preservation, backup and status of all Zuffa or business related email accounts, instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account used by each of the Agreed and Ordered Custodians [from January 5, 2001 to the present.] | <ul><li>More than 12-year period;</li><li>Requests information *after* the agreed to June 30, 2015 cut-off date for document production;</li><li>Asks for identification regarding "all . . . business related" accounts and services which is overbroad and fails to reasonably restrict "business related";</li><li>Certain of the accounts and services in the topic are not provided or hosted by Zuffa accounts and services and Zuffa does not store or have access to information regarding the "use, preservation, backup and status of all" such third-</li></ul> |

| | party accounts and services. |
|---|---|
| 27. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, from January 1, 2014 to December 14, 2014, and the circumstances thereof. | • Zuffa cannot identify the specific documents or data that were destroyed or the dates on which such information was destroyed. Zuffa's representative can, however, offer testimony regarding the general application of the company's document retention and destruction policies as well as any exceptions to the general policy. |
| 28. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, from December 14, 2014 to December 18, 2014, and the circumstances thereof. | • Zuffa cannot identify the specific documents or data that were destroyed or the dates on which such information was destroyed. Zuffa's representative can, however, offer testimony regarding the general application of the company's document retention and destruction policies as well as any exceptions to the general policy |
| 29. Identification of any documents or data that relate to or reference the subject matter of this litigation that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention or destruction policy or otherwise, since December 18, 2014, and the circumstances thereof. | • Zuffa cannot identify the specific documents or data that were destroyed or the dates on which such information was destroyed. Zuffa's representative can, however, offer testimony regarding the general application of the company's document retention and destruction policies as well as any exceptions to the general policy |

**EXHIBIT 9**
**Zuffa's Proposed Language for the Challenged Topics**

"Business purpose" means "the regular use of a social media or other non-Zuffa account or service by an employee to carry out his or her official job duties."

Topic 13: Identification of all personal or individual, non-company electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians regularly for business purposes at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.

Topic 15:  Identification of all electronic devices including, without limitation, all desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc., used by the Agreed and Ordered Custodians regularly for any business purposes at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.

Topic 17:  Identification of all Social Media accounts regularly used by the Agreed and Ordered Custodians for any business purpose at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.

Topic 19:  Identification of all personal or individual, noncompany: email accounts (e.g., Bloomberg, Gmail, Yahoo!, or AOL), instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account regularly used by each of the Agreed and Ordered Custodians for any business purposes at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.

Topic 21:  Identification, use, preservation, backup and status of all Zuffa or business related email accounts, instant messaging accounts (i.e., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ and similar types of messages), Bloomberg message accounts, text message accounts or services (i.e., SMS, MMS, TMS), chat messages (e.g., WhatsApp, GChat, Facebook Messenger, LinkedIn messages), voice mail message accounts, Twitter accounts, Instagram or Snapchat and any other individual electronic communication service or account used by each of the Agreed and Ordered Custodians regularly for business purposes at the time the litigation hold went into effect, in use between the time of the litigation hold and June 30, 2015, or were known to Zuffa at the time the litigation hold went into effect.

<u>Topic 27</u>:  Identification and description of any document retention or destruction policies in place, as well as known exceptions to those policies or otherwise, from January 1, 2014 to December 14, 2014.

<u>Topic 28</u>: Identification and description of document retention or destruction policies in place, as well as known exceptions to these policies or otherwise, from December 14, 2014 to December 18, 2014.

<u>Topic 29</u>: Identification and description of document retention or destruction policies in place, as well as known exceptions to these policies, or otherwise, since December 18, 2014.