WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Mr. Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br>      v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>             Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND OTHER RELIEF (ECF No. 443)** |

## I.     __INTRODUCTION__

Zuffa, LLC ("Zuffa") has expended significant time and effort to compile its privilege log for this litigation.  Plaintiffs have requested that Zuffa search and produce responsive documents from the 1,138,249 unique documents collected from Zuffa's most senior executives in its legal department, including the former General Counsel, the former Chief Legal Officer, the former Associate General Counsel and Senior Vice President of Business, Legal, and Government Affairs, as well as its Legal Affairs Manager.  A core part of these individuals' duties included communicating with outside counsel and internal clients at Zuffa to provide legal advice.  (Grigsby Decl. at Ex. 1).  It should therefore come as no surprise that Zuffa had to withhold and log many documents on the basis of attorney-client privilege and attorney work product.

Plaintiffs nevertheless move to compel production of documents withheld on privilege grounds and other relief (ECF No. 443), based on what they characterize as Zuffa's "improper claims of privilege or work product."  ECF No. 443 at 1.  Zuffa stands by the privilege determinations it previously made and has never "admit[ted] its privilege claims are overbroad and incorrect."  *Id.* at 1.  As part of meet and confers to bring to an end the lengthy fact discovery in this case,  Zuffa told Plaintiffs that it had voluntarily decided to re-review a portion of the documents on its privilege log to determine whether it could produce additional documents.

Despite these efforts and Zuffa's subsequent production of more than 10,000 documents, Plaintiffs now request that this Court order that Zuffa waive privilege over all documents on its privilege log.  Even the authority on which Plaintiffs principally rely, *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005), does not support finding waiver here.  Alternatively, Plaintiffs ask that Zuffa revise descriptions on the log, some of which have already been revised and which are no different in quality than those of Plaintiffs'.  Finally, Plaintiffs propose the Court set a procedure for Plaintiffs to sample the documents on Zuffa's privilege log.  During the Status Conference on July 13, 2017, the Court implemented such a sampling procedure.

## II.   FACTUAL BACKGROUND

Excluding the more than 100,000 documents that it previously produced to the FTC, Zuffa has produced over 670,000 documents in this case, totaling over 2.7 million pages.  (Grigsby Decl. ¶ 4).  The majority of these documents were produced from the files of the 22 custodians agreed to by the parties or selected by the Plaintiffs.  (*Id.*).  Four of those custodians are either attorneys or a paralegal who worked in Zuffa's legal department at some point during the relevant time period.  (*Id.* ¶ 5).  These four custodians—Lawrence Epstein, Kirk Hendrick, Tracy Long, and Michael Mersch—were responsible, at various times, for both legal and non-legal aspects of Zuffa's business, as is the case for legal employees at many corporations.  (*Id.* ¶ 5).  As a result, over the last two years, Zuffa produced many documents from these custodians in full, but it withheld or redacted many others on the basis of attorney-client and/or work-product privilege.  (*Id.* ¶ 6).  As demonstrated by the Court's multiple rulings on Plaintiffs' privilege challenges, the parties have disagreed about the scope of the attorney-client privilege, particularly for documents produced by these four custodians.  (*See* ECF No. 264 (ruling that Zuffa properly asserted privilege over an email from Mr. Mersch to Messrs. Epstein and Hendrick requesting advice on whether specific draft contract language was acceptable); ECF No. 270 (ruling that communication from outside counsel is not privileged to the extent it relays a third party's negotiating position, but privileged to the extent it contains legal advice and counsel's impressions); ECF No. 359 (ruling that internal communications concerning contract negotiations and "internal business discussions about Zuffa's licensing and sponsorship decisions and strategies" are not privileged)).

Zuffa provided its privilege log to Plaintiffs on April 7, 2017, less than two months after it substantially completed production in response to Plaintiffs' Second Request for Production on February 14, 2017.  (*Id.* ¶ 7).  Shortly thereafter, Plaintiffs and Zuffa began to meet and confer regarding the privilege log.  As a result, Zuffa revised its log on April 24, 2017.  (*Id.* ¶ 8).  Early in the meet-and-confer process, Plaintiffs focused on documents pertaining to acquisitions and contract

negotiations with fighters.  (*Id.* ¶ 9).  Zuffa promptly responded to Plaintiffs' *ad hoc* requests, in some cases producing unredacted copies of documents within a few days of the request.  For example, on May 21, Plaintiffs asked Zuffa to review "certain entries in Zuffa's privilege log relating to Lawrence Epstein."  (*Id.* ¶ 13; *see also id.* at Ex. 2).  Five days later, Zuffa produced unredacted copies of nine documents and a chart with revised privilege log descriptions for these and other documents.  (*Id.* ¶ 15; *see also id.* at Ex. 3).  During a meet-and-confer conference the following week, Plaintiffs expressed broader concerns about Zuffa's privilege log and asked Zuffa to re-review all documents related to acquisitions.  (*Id.* ¶ 17; *see also id.* at Ex. 4).  Ten days later, after reexamining thousands of such documents, Zuffa produced 97 documents in unredacted or partially redacted form.  *(See id.* at Ex. 4).

On June 7, Plaintiffs wrote to Zuffa to request even more wholesale review.  Specifically, Plaintiffs requested: (1) revised privilege log descriptions; (2) reexamination and production of all "erroneously withheld or redacted documents"; (3) reexamination of documents on Zuffa's privilege log that appear to have been sent to a third party; (4) explanation of documents for which no attorney is named on the privilege log; and (5) production of documents related to the Mercer study.  (*See id.* at Ex. 5).

Although not required to do so, Zuffa implemented a process to re-review a significant portion of the documents listed on its privilege log in order to avoid costly and time-consuming motion practice and to respond to Plaintiffs' complaints. Those log entries fall into the following general categories: Fighter negotiations; Zuffa's acquisition of rival MMA promotions; and the Mercer athlete compensation study.

Zuffa advised Plaintiffs of this process during an in-person meet and confer on June 20, 2017 with Matthew Weiler.  (*Id.* ¶ 19)  The parties agreed that this review would target specific documents identified by Plaintiffs, as well as documents pertaining to certain topics, such as fighter negotiations and communications with a specific Zuffa shareholder.  (*Id.*)  Mr. Weiler reviewed the

various categories of documents on Zuffa's privilege log, highlighting several that he did not think warranted reexamination, including communications regarding agreements with broadcasters, venues, and sponsors.  (*Id.* ¶ 20)  As a result, and in furtherance of the meet and confer negotiated procedure, Zuffa did not undertake a re-review of documents relating to those categories.  (*Id.* at ¶ 21).

Separately, the parties agreed that Zuffa would revise certain privilege log descriptions. Mr. Weiler stated that Plaintiffs considered the revised descriptions provided with Zuffa's May 25 production to be satisfactory, and Zuffa agreed to provide similarly detailed descriptions in its revised log.  (*Id.* ¶ 22; *see also id.* at Ex. 5 (stating that the revised privilege descriptions accompanying the May 25 production "provided information sufficient for Plaintiffs to evaluate the privilege or work product claims")).  During the meet-and-confer conference, Mr. Weiler stated more than once that Plaintiffs "couldn't ask for more" than the plan that Zuffa proposed for reviewing documents and revising descriptions on the privilege log.  (*Id.* ¶ 23)  Mr. Weiler promised to identify for Zuffa on any particular privilege log entries or groups of documents about which Plaintiffs had concerns, apart from those discussed during the meet-and-confer conference.

Thereafter, Plaintiffs provided Zuffa with a list of "documents that were (in Plaintiffs' view) improperly redacted on the privilege log."  (*See id.* at Ex. 6)  In the same communication, Plaintiffs confirmed yet again that "the level of detail [in the revised privilege log descriptions] provided by Zuffa in May with respect to [documents related to] acquisitions is adequate for purposes of the descriptions Plaintiffs challenge."  (*Id.*)  Plaintiffs also asked Zuffa to provide a date when it expected to "complete its review of the issues identified in [their] June 7 letter, including how many entries Zuffa is reviewing internally to determine whether descriptions will be supplemented."  (*Id.*) Plaintiffs further asked whether "Zuffa will be making any supplemental productions of documents in response" to that letter.  (*Id.*)  In response, Zuffa confirmed that the review, which was by then well underway, would encompass approximately half of the 30,000 documents listed on its privilege

1  log.  (*See id.* at Ex. 7).  Zuffa targeted the categories of documents "identified as potentially relevant

2  to Plaintiffs' core claims in this litigation."  (*See id.* at Ex. 7).  Zuffa further confirmed that, "[b]ased

3  on [Plaintiffs'] representations about the categories of documents about which Plaintiffs are

4  interested, this re-review [would] not include documents that relate to agreements pertaining to

5  venues, broadcasting, licensing, distribution, and other categories listed in [Plaintiffs'] letter of June

6  7, 2017."  (*See id.* at Ex. 7).  To allow Plaintiffs adequate time to review de-privileged documents in

7  advance of the remaining party depositions, Zuffa also explained that it would produce these

8  documents on a rolling basis and "anticipates that all productions will be completed by July 10."

9  (*Id.* at Ex. 7)

10

11         Ten days after agreeing that a targeted, but substantial, re-review of documents on Zuffa's

12  privilege log and revised privilege descriptions would address their outstanding concerns, Plaintiffs

13  filed this Motion.  (*Id.* ¶ 26).

14         Zuffa has completed its re-review of over 17,000 documents listed on its privilege log.  In

15  addition to the documents referenced above, Zuffa produced on a rolling basis 126 documents on

16  April 26 (*id.* at Ex. 8), nine documents on May 26 (*id.* at Ex. 9), 56 documents on June 8 (*id.* at Ex.

17  10), 97 documents on June 9 (*id.* at Ex. 4), and 123 documents on June 15 (*id.* at Ex. 11).  On June

18  30, hours before Plaintiffs filed their motion, Zuffa produced 1,769 previously withheld or redacted

19  documents to Plaintiffs.  (*See id.* at Ex. 12).  A week later, Zuffa produced an additional 6,946

20  documents; three days after that, Zuffa produced another 2,997 documents.  (*See id.* at Ex. 13; Ex.

21  14).  Zuffa provided Plaintiffs a second revised privilege log reflecting these revisions on July 12.

22  (*Id.* at Ex. 15).  Accomplishing this review on an expedited basis was an expensive and time-

23  consuming undertaking for Zuffa, calling for approximately 3,500 hours from 23 attorneys and other

24

25  personnel.  (*Id.* at ¶ 37.)

26

27

28

ZUFFA'S OPP'N TO PLS' MOT. TO COMPEL                Case No.: 2:15-cv-01045-RFB-(PAL)

## III.   ARGUMENT

Motions to compel are governed by Federal Rule of Civil Procedure 37.  There is "'[b]road discretion [] vested in the trial court to permit or deny discovery'" pursuant to a motion to compel. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).  Under Federal Rule of Civil Procedure 26(b)(5), a party asserting privilege need only make a *prima facie* showing that the privilege protects the documents or communications.  Creating a privilege log is a sufficient but not necessary way of doing so.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  Courts in the Ninth Circuit have found that, when taken together, the following information provides a sufficient basis for invoking privilege when included in a privilege log:

- The identity of attorney and client involved in the communication;
- The nature of the document (*i.e.*, letter, memorandum, etc.);
- All persons or entities shown on the document to have received or sent the document;
- All persons or entities known to have furnished the document or to have been informed of its substance;
- The date the document was generated, prepared, or dated; and
- A brief summary of the subject matter of the document.

*See, e.g., Dole v. Milonas,* 889 F.2d 885, 888 n.3 (9th Cir. 1989); *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 n.5 (D. Nev. 1993); *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992).

Privilege logs are adequate when they provide equal, or greater, detail than the criteria listed above.  *See In re Grand Jury Investigation*, 974 F.2d at 1071 ("The log submitted by the Corporation provides essentially the same—and in some aspects more—information as the one described in *Dole* which we found to be sufficient to establish attorney-client privilege.").

ZUFFA'S OPP'N TO PLS' MOT. TO COMPEL          Case No.: 2:15-cv-01045-RFB-(PAL)

Courts in the Ninth Circuit have cautioned that there is no rigid "list of items that should be part of a privilege log." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 637-38 (D. Nev. 2013).  Most notably, courts have recognized that the volume of documents claimed to be privileged should be factored into an evaluation of a privilege log's sufficiency, and that "a document by document listing would be overly burdensome and [is] not required by Rule 26(b)(5)." *Phillips*, 290 F.R.D. at 638; *see also In re Imperial Corp. of America*, 174 F.R.D. 475, 478-79 (S.D. Cal. 1997).

### A.   Plaintiffs' Motion To Compel Is Moot.

As an initial matter, Plaintiffs' Motion should be denied on mootness grounds because Zuffa has now completed the process that the parties agreed would fully address Plaintiffs' concerns. Because no live controversy requires judicial intervention, Plaintiffs' Motion is moot.

"Where a party voluntarily provides the discovery that a motion to compel seeks, it moots the motion." *Santos v. Baca*, No. 2:11-CV-01251-KJD-NJK, 2015 WL 6956643, at *2 (D. Nev. Nov. 10, 2015); *see also Hologram USA Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772, 2016 WL 3663942, at *2 (D. Nev. July 7, 2016) (denying motion to compel as moot where plaintiffs provided the discovery requested by defendants).  In the context of a motion to compel production of documents, production of the requested documents by the non-moving party moots the motion.  *See Jones v. Zimmer*, No. 2:12-cv-01578-JAD-NJK, 2014 WL 3725873, at *2–3 (D. Nev. July 28, 2014) (holding that a portion of the Plaintiff's motion to compel is moot because the Defendants' supplemental response after the motion was filed indicated that they had provided Plaintiff with the requested documents).  When a party challenges the assertion of privilege, production of the challenged documents will moot a motion to compel their production.  *See In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL142522 (PAM/JJK), 2015 WL 6777384, at *3 (D. Minn. Oct. 23, 2015) (production of documents that were the subject of a privilege challenge mooted a motion to compel their production).

Before Plaintiffs filed this Motion, the parties had agreed, through the meet-and-confer process, to a comprehensive plan for addressing Plaintiffs' concerns with Zuffa's privilege log. As explained above, this process included reexamination of more than half of the documents on Zuffa's privilege log, a rolling production of more than 10,000 documents over which Zuffa has decided not to assert privilege, and the revision of certain privilege log descriptions. Zuffa prioritized and focused on certain categories of documents for re-review based on Plaintiffs' representations about the categories of documents about which they are interested. This process was apparently comprehensive enough that Plaintiffs' counsel stated that Plaintiffs "couldn't ask for more." Zuffa has expended significant resources in reliance on that agreement, which it has now substantially fulfilled. Because Plaintiffs have received what they requested in the meet-and-confer process, the Motion should be denied as moot.

> **B. Zuffa's Privilege Log And Its Revised Privilege Log Both Comply With Fed. R. Civ. P. 26(b)(5).**

Even if there were a live controversy for the Court to consider regarding the sufficiency of Zuffa's privilege log, Plaintiffs' Motion should be denied because the log Zuffa originally provided to Plaintiffs on April 7 contains all the elements required by Rule 26(b)(5). All parties to the communications are identified, the nature of the documents asserted to be privileged is described, the dates the documents were created is included where available, and the descriptions of the documents' subject matter are sufficiently specific to enable Plaintiffs to assess the privilege claims. As a result of subsequent revisions to that log Zuffa voluntarily undertook in response to Plaintiffs' seriatim complaints—revisions that added missing dates where they were practicably available and increased the degree of specificity with which the subject matter of certain documents were summarized—Zuffa's privilege log is more than adequate to satisfy its obligations under Rule 26(b)(5).

Plaintiffs complain that they cannot assess the privilege claims. This complaint is demonstrably incorrect because Plaintiffs *have* assessed Zuffa's claim of privilege and *have*

challenged Zuffa's privileged designations based on what they now characterize as a "deficient" log. ECF No. 443 at 12.  Plaintiffs have already identified dozens of documents they wish to challenge. *See, e.g.*, *id.* at Ex. 2.  For example, Plaintiffs challenged Zuffa's assertion that certain documents were privileged because of the inclusion on the log of third parties listed as recipients of those documents.  *See, e.g.*, *id.* at Ex. 2.  Similarly, Plaintiffs challenged documents that were described on the log as "providing legal advice regarding corporate matters."  *Id.*  Upon review, Zuffa agreed with Plaintiffs, as it has in some—but not all—instances.  This process would not have been possible if Zuffa's privilege log had not complied with Fed. R. Civ. P. 26(b)(5).  As a result of this process, Zuffa has substantially revised its original privilege log.  Although Zuffa believes that its privilege log was adequate at the outset, to the extent that any inadequacies may once have existed, they have been largely eliminated precisely because the original privilege log enabled Plaintiffs to meaningfully assess and challenge Zuffa's assertions of privilege.  Rule 26(b)(5) requires no more than what Zuffa has done already.

### C.  Zuffa Did Not Waive Privilege Because Its Privilege Log Is Adequate Under Ninth Circuit Precedent.

Plaintiffs primarily rely on a single case—*Burlington N. & Santa Fe Ry. v. United States District Court for the District of Montana*, 408 F.3d 1142 (9th Cir. 2005)—to argue that Zuffa has entirely waived privilege because of its allegedly deficient and untimely log.  But *Burlington Northern* offers no support for such draconian relief.

Plaintiffs contend that *Burlington Northern* established a firm rule requiring that Zuffa's "privilege log should have been produced at the time of the document production."  Pls' Mot. at 12.  This misreads *Burlington Northern*, which holds precisely the opposite: it rejects a *per se* rule regarding the timeliness of a privilege log in favor of a multifactor "case-by-case determination." *Burlington N. & Santa Fe Ry.*, 408 F.3d at 1149.  Plaintiffs thus ask the Court to ignore the flexibility that other courts have recognized *Burlington Northern* to have encouraged.  *Best Buy Stores, L.P. v. Manteca Lifestyle Center, LLC,* No. 2:10-cv-0389, 2011 WL 2433655, at *2 (E.D.

Cal. June 14, 2011) ("The court in *Burlington Northern* clarified that while 'boilerplate' privilege objections made within the 30-day time limit are insufficient, detailed objections within a privilege log provided outside the 30-day time limit may be sufficient, depending on various factors weighed as part of a 'holistic' case-by-case analysis").

And while Plaintiffs correctly cite the "various factors" that courts assessing a potential waiver of privilege must weigh under *Burlington Northern*, they misapply these factors to this case. First, as described above, the descriptions of Zuffa's privilege assertions are sufficient to enable Plaintiffs to evaluate those assertions, as evidenced by the fact that Plaintiffs have challenged certain categories of documents over which Zuffa has asserted privilege.

Second, Zuffa provided its privilege log to Plaintiffs in a timely fashion on April 7, 2017, shortly after substantial completion of its production in response to Plaintiffs' Second Request for Production on February 14, 2017.  By contrast, Plaintiffs advised the Court that they "expect[ed] to . . . complete production of their responsive documents by May 6, 2016," (ECF No. 244 at 2:4-5), but did not serve their privilege log until February 3, 2017, almost 9 months later.  (ECF No. 370 at 3).

Plaintiffs maintain that Zuffa did not produce its privilege log "until nearly two years" after serving its response and objections to Plaintiffs' First Request for Production.  Pls. Mot. at 2.  As previously described in Zuffa's Opposition to Plaintiffs' Motion for Extension of Discovery Deadline and Case Management Schedule (ECF No. 370), Plaintiffs ignore the discovery timeline. Plaintiffs served two requests for production—the first on April 26, 2015, and the second on August 8, 2016.  Plaintiffs fault Zuffa for not producing a privilege log before it had even received Plaintiffs' Second Request for Production.  At any rate, the parties never discussed the timing of producing their respective logs.  Zuffa worked diligently to compile an adequate privilege log as quickly as possible upon the completion of all of its productions in response to Plaintiffs' requests.

Third, as a result of searching and reviewing millions of documents collected from dozens of custodians, Zuffa produced approximately 670,000 documents in response to Plaintiffs' 78 discrete

10

requests.  Among those custodians were high-ranking attorneys and legal personnel whose duties at

Zuffa include both making business decisions and providing legal advice—often simultaneously.

Grigsby Decl. at Ex. 1 ("I was involved in a variety of things that we were doing for the company

operationally, but I was [also] providing the legal . . . input on doing certain things.").

When Plaintiffs selected these individuals as custodians, Plaintiffs knew they all occupied

dual business and legal roles and that a document-by-document review of these custodians' files

would result in a voluminous privilege log.  Dec. 8, 2015 Hrg. Tr. 19:8-20:13; 29:2-9 (describing

these custodians' job functions and warning that a search of their records would generate a log of

privileged documents disproportionate to the needs of the case).

In addition to these four legal custodians, Plaintiffs also pressed Zuffa to collect and review

documents maintained by the Legal Department itself.  More than 36,000 such documents were

collected, in addition to more than 75,000 fighter files and more than 11,000 documents from the

legal department's shared drive.  As a result, thousands of draft contracts in those files had to be

reviewed and logged, even though Plaintiffs received final versions of the contracts in the hardcopy

fighter files that Zuffa produced to them.  Nevertheless, Zuffa has generated this log at great time

and expense.  Now confronted with the lengthy log, Plaintiffs cannot complain that they are

prejudiced by the burden of having to review it.

Finally, other circumstances regarding this complex litigation weigh against finding waiver.

The only difference between Zuffa's log and Plaintiffs' is its size, not its form.  For example,

Plaintiffs' privilege log includes the following entries:

- Document ID #162: "Email correspondence between Plaintiff Cung Le and attorney
  Ray Geraldson conveys legal advice regarding trademark matter."

- Document ID #407: "Email correspondence between Plaintiff Cung Le and attorney
  Khoa Do conveys legal advice regarding contract matter."

- Document ID #849: "Email correspondence between Plaintiff Cung Le and attorneys
  David Feldman and Jennifer Gray requests legal advice regarding contract matter."

A comparison of the parties' privilege logs shows that Plaintiffs provided the same level of detail as Defendants.  Plaintiffs complain that Zuffa's description of a privileged document as "conveying legal advice relating to fighter contracts" is inadequate, but it is in essence no different than Plaintiffs' own assertion that an email is privileged because it "conveys legal advice regarding a contract matter."  See Grigsby Decl. at Ex. 16.  If Plaintiffs had reviewed Zuffa's privilege log with the same standard they used in compiling their own, Plaintiffs would have realized that Zuffa's log fully complies with the requirements of Rule 26(b)(5).

Because so many Zuffa documents came from the legal department, Zuffa had to make many close calls on privilege.  The parties have been involved in frequent and extensive negotiations on a range of discovery-related topics and have needed the Court's intervention to resolve those disputes. Despite Plaintiffs' arguments to the contrary, this Court agreed with each party on different disputes. *Compare, e.g.*, ECF No. 264 (ruling that Zuffa properly asserted privilege over an email from Mr. Mersch to Messrs. Epstein and Hendrick requesting advice on whether specific draft contract language was acceptable), *with* ECF No. 359 (granting in part Plaintiffs' challenge to Zuffa's assertion of privilege over communications relaying a fighter's position in contract negotiations). Zuffa's privilege log satisfies all of the factors identified by *Burlington Northern*, and the Court should deny Plaintiffs' requests to implement a new, more cumbersome process.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated:      July 14, 2017                    Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP


By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

ZUFFA'S OPP'N TO PLS' MOT. TO COMPEL          Case No.: 2:15-cv-01045-RFB-(PAL)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa's Opposition to Plaintiffs' Emergency Motion to Compel Defendant Documents Withheld on Privilege Grounds and for Other Relief (ECF No. 443)** was served on July 14, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick Crawford*

**Roderick Crawford**, an Employee of Boies Schiller Flexner LLP