WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND OTHER RELIEF (ECF No. 443)** |

I, Stacey K. Grigsby, declare as follows:

1. I am a member in good standing of the bars of the states of New York and the District of Columbia. I am admitted pro hac vice to practice before this Court. I am a Partner in the law firm Boies Schiller Flexner LLP ("BSF"), counsel for Zuffa, LLC ("Zuffa") in the above captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

2. I make this declaration in support of Zuffa's Opposition To Plaintiffs' Emergency Motion To Compel Production Of Documents Withheld On Privilege Grounds And Other Relief (ECF No. 443).

3. Except where otherwise stated, based on my review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

4. Excluding the more than 100,000 documents that it previously produced to the FTC, Zuffa has produced over 670,000 documents in this case, which totals over 2.7 million pages. The majority of these documents were produced from the files of the 22 custodians agreed to by the parties or selected by the Plaintiffs.

5. Four of these 22 custodians are either attorneys or a paralegal who worked in Zuffa's Legal Department at some point during the relevant time period. These four custodians—Lawrence Epstein, Kirk Hendrick, Tracy Long, and Michael Mersch—were responsible, at various times, for both legal and non-legal aspects of Zuffa's business.

6. Over the last two years, Zuffa produced many documents from Lawrence Epstein, Kirk Hendrick, Tracy Long, and Michael Mersch, in full, but it withheld or redacted many others on the basis of attorney-client and/or work product privilege.

7. Zuffa provided its privilege log to Plaintiffs on April 7, 2017, less than two months after it substantially completed production in response to Plaintiffs' Second Request for Production on February 14, 2017.

8. Following meet and confer discussions with Plaintiffs, Zuffa revised its privilege log on April 24, 2017.

9. Early in the meet-and-confer process, Plaintiffs focused on documents pertaining to acquisitions and contract negotiations with fighters.

10. Zuffa has promptly responded to individual requests from Plaintiffs with respect to the privilege log.

11. Exhibit 1 to this Declaration is a true and correct excerpt from the May 26, 2017 deposition of Lawrence Epstein in Las Vegas, Nevada.

12. Exhibit 2 to this Declaration is a true and correct copy of a letter from Matthew Weiler to Stacey Grigsby dated May 21, 2017.

13. As reflected in Exhibit 2, on May 21, Plaintiffs asked Zuffa to review "certain entries in Zuffa's privilege log relating to Lawrence Epstein."

14. Exhibit 3 to this Declaration is a true and correct copy of an email from Evan North to Matthew Weiler dated May 25, 2017.

15. As reflected in Exhibit 3, five days later, Zuffa produced unredacted copies of nine documents and a chart with revised privilege log descriptions for these and other documents.

16. Exhibit 4 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated June 9, 2017.

17. During a meet and confer conference the following week, Plaintiffs expressed broader concerns about Zuffa's privilege log and asked Zuffa to re-review all documents related to acquisitions. Ten days later, after reexamining hundreds of such documents, Zuffa produced 97 documents in unredacted or partially redacted form.

18. Exhibit 5 to this Declaration is a true and correct copy of a letter from Matt Weiler dated June 7, 2017.

19. In response to Exhibit 5, Zuffa voluntarily implemented a process to re-review a significant portion of the documents listed on its privilege log in order to avoid costly and time-consuming motion practice and respond to Plaintiffs' complaints. Zuffa advised Plaintiffs of this process during an in-person meet and confer on June 20, 2017 with Matthew Weiler. The parties agreed that this review would target specific documents identified by Plaintiffs, as well as documents pertaining to certain topics, such as fighter negotiations and communications with a specific Zuffa

shareholder.

20. During the June 20, 2017 meet and confer, Mr. Weiler reviewed the various categories of documents on Zuffa's privilege log, highlighting several that he did not think warranted reexamination, including communications regarding agreements with broadcasters, venues, and sponsors.

21. Based on Plaintiffs' representation that they did not seek re-examination of documents related to broadcasters, venues, and sponsors, Zuffa did not undertake a re-review of documents relating to those categories.

22. Separately, the parties agreed that Zuffa would revise certain privilege log descriptions. Mr. Weiler stated that Plaintiffs considered the revised descriptions provided with Zuffa's May 25 production to be satisfactory, and Zuffa agreed to provide similarly detailed descriptions in its revised log.

23. During the meet and confer conference, Mr. Weiler stated more than once that Plaintiffs "couldn't ask for more" than the plan that Zuffa proposed for reviewing documents and revising descriptions on the privilege log. Mr. Weiler promised to identify for Zuffa any particular privilege log entries or groups of documents about which Plaintiffs had concerns, apart from those discussed during the meet and confer conference.

24. Exhibit 6 to this Declaration is a true and correct copy of an email from Matthew Weiler dated June 20, 2017.

25. Exhibit 7 to this Declaration is a true and correct copy of a letter from me dated June 24, 2017.

26. Ten days after agreeing that a targeted, but substantial re-review of documents on Zuffa's privilege log and revised privilege descriptions would address their outstanding concerns, Plaintiffs filed the pending motion to compel.

27. Exhibit 8 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated April 26, 2017.

28. Exhibit 9 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated May 26, 2017.

3

GRIGSBY DECL. ISO ZUFFA'S OPP'N TO PLS'         Case No.: 2:15-cv-01045-RFB-(PAL)
MOT. TO COMPEL

29. Exhibit 10 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated June 8, 2017.

30. Exhibit 11 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated June 15, 2017.

31. Exhibit 12 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated June 30, 2017.

32. Exhibit 13 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated July 7, 2017.

33. Exhibit 14 to this Declaration is a true and correct copy of a letter from Marcy Lynch dated July 10, 2017.

34. Exhibit 15 to this Declaration is a true and correct copy of an email from Marcy Lynch dated July 12, 2017.

35. Exhibit 16 to this Declaration is a true and correct copy of the privilege log produced by Plaintiffs to Zuffa in this action.

36. Twenty three attorneys and other personnel worked on Zuffa's revised privilege log for approximately 3,500 total hours.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 14th day of July, 2017, in Washington, D.C.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby