# EXHIBIT 5
## M. Weiler Letter to S. Grigsby dated June 7, 2017

# JOSEPH SAVERI
## LAW FIRM

555 MONTGOMERY STREET
SUITE 1210
SAN FRANCISCO, CA 94111

TEL 415.500.6800
FAX 415.395.9940

June 7, 2017

**Via Electronic Mail**

Stacey Grigsby
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC  20005

Re:   *Le et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.)

Dear Stacey:

I write to address Plaintiffs' concerns with the privilege log produced by Zuffa on April 24, 2017, nearly 11 full months after the initial deadline of June 1, 2016 that the Court set for substantial completion of production of documents.

In my letter dated May 21, 2017, Plaintiffs raised certain concerns with respect to entries relating to Lawrence Epstein. Plaintiffs' review and analysis of the approximately 30,000 entries on Defendant's privilege log is ongoing. However, on based on Plaintiffs' analysis to date, many of these same issues applicable to entries relating to Mr. Epstein apply globally to Zuffa's privilege log. These concerns include, without limitation, the issues set forth below.

**Document Descriptions Lack Sufficient Detail to Meaningfully Evaluate the Privilege Claim.**

The descriptions in Zuffa's privilege log contain only nondescript, boilerplate assertions of privilege such as the following:

- Email chain discussing legal advice regarding fighter contracts.

- Email chain providing legal advice regarding acquisitions.

- Email requesting legal advice regarding broadcasting agreements.

Stacey Grigsby
June 7, 2017
Page 2

- Email requesting legal advice regarding sponsorship agreements.

- Email providing legal advice regarding venue agreements.

- Email chain requesting legal advice regarding distribution agreements.

- Email chain discussing legal advice regarding licensing matters.

- Email providing legal advice regarding corporate matters.

- Email chain discussing legal advice regarding merchandising agreements.

- Email requesting legal advice regarding draft agreements.

These descriptions frustrate Plaintiffs' ability to meaningfully evaluate the claim of privilege or protection. It is a maxim of complex litigation that "[t]he privilege log must provide adequate descriptions of the document and the basis for claiming the privilege." *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 U.S. Dist. LEXIS 80436, at *19 (D. Nev. May 25, 2017). Additionally, a "privilege log that merely states that the document contains privileged analysis and reflects advice of counsel is vague and generic and does not allow the court or the opposing party to adequately assess the claim of privilege." *Id.*

Zuffa's descriptions fall well-short of what courts generally consider to be sufficient. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 122 n. 6 (D. Nev. 1993) ("General Electric's log does not provide the names of intended recipients and others with access to the document, nor does it identify the documents or their subject matter with a reasonable degree of specificity."); *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 699 (D. Nev. 1994) ("self-serving conclusory statements" and a "a vague description of the documents" are insufficient to demonstrate a document is privileged).

Additionally, Judge Leen has twice ordered Zuffa to produce documents that Zuffa improperly claimed were privileged stating that they "contain[ed] Zuffa's negotiating positions and business strategies and decision-making" and, as such, were not privileged. *See Cung Le v. Zuffa, LLC*, 2017 U.S. Dist. LEXIS 20614, at *15-16 (D. Nev. Feb. 13, 2017); *Cung Le v. Zuffa, LLC*, 2016 U.S. Dist. LEXIS 69813, at *23-24 (D. Nev.

Stacey Grigsby
June 7, 2017
Page 3

May 26, 2016). The descriptions provided in Zuffa's privilege log do not provide sufficient detail for Plaintiffs to ascertain whether they relate to a business purpose or to a legal purpose. *See Le v. Zuffa*, 2017 U.S. Dist. LEXIS 20614 at *14 ("in order for a communication that pertains to both business and legal advice to be considered privileged, the 'primary purpose' must be to obtain or give legal advice").

In response to my correspondence of May 21, regarding 1,712 entries from Lawrence Epstein that were vaguely worded, you responded that "Zuffa declines to reexamine its claim of privilege." May 22, 2017 Letter from Stacey Grigsby to Plaintiffs at 2. Zuffa's response is not acceptable. These vague descriptions fail to comply with Rule 26(a)(5) (A)(ii). With respect to one sample communication Plaintiffs identified, Zuffa admitted it "agrees that the fighter negotiation email you identified (ZFL-2640579) is not privileged." *Id.* Zuffa's concession that this document was improperly redacted—when considered with all of the other problems Plaintiffs have identified to date—make Zuffa's refusal to reexamine the vaguely-worded entries concerning fighter negotiations untenable.

Given the inadequacy of Defendant's privilege log, Plaintiffs are unable to specifically identify the hundreds of documents that Zuffa withheld in their entirety. Regarding the documents that Zuffa partially redacted for Epstein and others, based on the information provided, it is clear that the following cannot be privileged because the un-redacted information makes it unlikely (in the extreme) that the discussions that were redacted relate to the business terms of negotiation:

- 23112 (ZFL-1914450) is an email chain between Zuffa outside counsel Colby Williams and a fighter's agent. Un-redacted emails in the chain contain only the purse amounts offered by Zuffa in the chain. The emails have a purely business-related purpose.

- 21899 (ZFL-1901634) is an email chain between Kirk Hendrick and a fighter agent in which the agent provides the fighter's requests for "incidentals" including plane tickets, the number of hotel rooms, and event tickets. No legal purpose is evident from the face of the document.

- 21585 (ZFL-12438292) contains an email from a fighter agent to Lorenzo Fertitta and in-house counsel Michael Mersch listing

Stacey Grigsby
June 7, 2017
Page 4

- the fighter's purse and PPV royalty demands, a purely business-related communication. This exchange implicates no legal issues.

- 22145 (ZFL-1903469) contains an un-redacted email from Mr. Mersch to a fighter agent with nothing more than compensation amounts for a proposed contract. This message contains only discussion of the business terms of a fighter contract.[1]

Zuffa has already agreed with Plaintiffs' evaluation of documents concerning Zuffa's acquisitions, and has provided information sufficient for Plaintiffs to evaluate the privilege or work product claims. *See* Evan North Email to Plaintiffs dated May 25, 2017. This same logic, and the requirements of Rule 26(a)(5)(A)(ii), compel Zuffa to provide additional information concerning other vaguely-worded entries.

**Zuffa Has Improperly Redacted an Unknown Number of Documents.**

Plaintiffs have already identified several examples of documents that were improperly redacted. *See* Weiler May 21 Letter to Zuffa at 1-3. Although Plaintiffs appreciate Zuffa's willingness to provide un-redacted copies of these documents in a timely fashion, Plaintiffs are concerned that additional documents were redacted in error. As noted in Plaintiffs' letter dated May 21, the inappropriately redacted or withheld documents identified by Plaintiffs to date indicate "a likely systemic problem with Zuffa's withholding of discoverable information based on overbroad, imprecise or incorrect privilege claims and misleading or incomplete descriptions on the privilege log." *Id*.

Please promptly identify, reexamine and produce (or re-produce) all erroneously withheld or redacted documents to Plaintiffs.

**Communications with Certain Third Parties Vitiate Privilege for Certain Entries.**

Many of the entries on Zuffa's privilege log appear to include third parties whose presence as a sender or recipient breaks privilege asserted. For example, entry 4358 is described as an "Email chain discussing legal

---

[1] Plaintiffs have manually reviewed hundreds of documents to reach these conclusions. That review is ongoing. Plaintiffs anticipate identifying additional documents that were improperly redacted.

Stacey Grigsby
June 7, 2017
Page 5

advice regarding sponsorship agreements." The sender is Kirk Hendrick and the recipient is Brent Richard, a non-attorney who at that time was an employee at Raine. In another example, entry 23830 (ZFL-2499778) was sent from Ofir Ventura to Michael Feder. Mr. Ventura is not named as an attorney in the privilege log and appears based on the context of the communications to have represented a fighter in litigation with Zuffa. Similarly, entry 23829 (ZFL-2499772) appears to attach a draft contract that was sent to Mr. Ventura, yet has been redacted in its entirety. In yet another example, entry 26558 (ZFL-2624808) contains redacted emails that were forwarded to a third party, breaking privilege. Many such examples exist throughout Zuffa's privilege log. To the extent that some or all such documents may have been properly withheld pursuant to a privilege or protection, Zuffa's descriptions have nevertheless not been made in a manner that is sufficient to enable Plaintiffs to assess the claim.

Please explain amend Zuffa's privilege log to comply with Rule 26(a)(5)(A)(ii), explaining the basis for withholding or redacting any document that includes a third party whose presence is not accounted for in the list of attorneys and staff.

**Documents Which for Which No Attorney Is Named.**

Many entries in the privilege log assert attorney-client privilege even though no attorney is listed as an author, sender or recipient.

- Entry 2867 is described as an "Email chain containing legal advice regarding anti-trust litigation and other litigation of zuffa [sic]." The email was purportedly sent from Denitza Batchvarova to Danny Bazan, Shane Kapral and John Mulkey, none of whom are attorneys to Plaintiffs' knowledge.

- Entry 22677 (ZFL-1910300) is described as a "Report prepared at counsel's request, and in anticipation of litigation regarding corporate matters." No attorney is listed as a sender or recipient, and the email attaching the report is from CFO John Mulkey's executive assistant Kim McPheron-Kreitter and states "sending attached per Mulkey's request." The report appears to be a standard budget report.

Please explain the bases for these and all other assertions of privilege for which no attorney is cited in the privilege log.

Stacey Grigsby
June 7, 2017
Page 6

**Documents Relating to the Mercer Study**

As I stated in my letter to Zuffa on June 1, Plaintiffs demand production of all documents and communications relating to the Mercer study in Zuffa's possession, custody or control, including documents and communications possessed by Campbell & Williams, Mercer, and any other entity or individual that was involved with the Mercer study. Although Zuffa's response of June 7 states Zuffa will identify and collect documents from Campbell & Williams, Zuffa fails to state whether it has identified all the Mercer documents in its possession, custody, or control on the privilege log.

In the June 7 letter, Zuffa contends that discovery with respect to Mercer itself is foreclosed. This contention is not well-taken. Plaintiffs' discovery efforts with respect to Mercer were well underway in September 2016, when Zuffa blocked these efforts on the tenuous basis that the Mercer study was work product. The Court squarely rejected Zuffa's position at the hearing on June 1—and Zuffa has not explained how it can possibly maintain the position that work product protects these documents in light of the Court's ruling. Plaintiffs should be allowed to proceed with discovery efforts with respect to Mercer because they would have been completed by the initial discovery cut-off but for Zuffa's interference. Moreover, as discussed above, all the documents that relate to the Mercer study and are in Mercer's possession should be identified on the privilege log, thereby mooting any requirement that Plaintiffs obtain them from Mercer.

Zuffa states that it will produce unspecified Mercer study documents for which protection is claimed on the privilege log by June 16. Will all of the documents for which Zuffa once claimed work product protection be produced? There are only sixty or so Mercer documents on the privilege log. If Zuffa intends to wait until June 16 to tell Plaintiffs its position with respect to the documents identified on the privilege log, that response is not acceptable. Zuffa does not need fifteen days from the date of the Court's ruling to come up with a position with respect to the remaining documents, especially when Zuffa is at the same time proposing to move forward with depositions of remaining fact witnesses. If there are any documents that Zuffa claims are protected by work product notwithstanding the Court's ruling, Zuffa should explain its position with respect to these documents by the end of this week.

Stacey Grigsby
June 7, 2017
Page 7

Zuffa states that Plaintiffs indication, following the Court's ruling on the Mercer issues on June 1, that it will pursue discovery from Mercer is "gamesmanship." This epithet, although it has become practically meaningless due to overuse in litigation such as this, is poorly chosen. Plaintiffs cannot be faulted for failing to inform Zuffa they intended to pursue discovery concerning Mercer any earlier than they did, as Plaintiffs (notwithstanding their deep disagreement that any work product claim could apply) were obliged to honor Zuffa's claims of work product until, and unless, the Court had ruled on the merits of their assertion.

Please let me know when Zuffa is available to meet and confer on the Mercer issues, and other issues raised in this letter. Due to the importance of the Mercer questions, Plaintiffs cannot wait until June 16, the date Zuffa proposes to reexamine the Mercer documents on the privilege log, to resolve these questions.

Finally, in view the sheer volume of the entries on Defendant's log and its failure to serve it until the very end of the then operative discovery period, Plaintiffs' review is ongoing. Plaintiffs reserve the right to identify additional issues subject to their continuing review and reserve all rights.

Sincerely,

*/s/ Matthew S. Weiler*

Matthew S. Weiler


cc:   Joseph R. Saveri
      Eric L. Cramer
      Richard A. Koffman
      William A. Isaacson