Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net

*Co-lead Class Counsel and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' CORRECTED REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF**<br><br>**(EXPEDITED HEARING REQUESTED)** |

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ..................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND. ........................................2

III.   ARGUMENT .......................................................................................................3

    A.   Zuffa Cannot Reasonably Dispute that its Substantial Delay in Producing a Privilege Log and its Recent Production of Thousands of Additional Documents Has Unfairly Prejudiced Plaintiffs. ........................................................................3

    B.   Zuffa's Latest Privilege Log Remains Inadequate ....................................................4

        1.   Items With Vague Or Incomplete Descriptions ...........................................4

        2.   Documents For Which Zuffa Fails To Distinguish Between Legal And Business Advice .......................................................................7

        3.   Communications Not Maintained In Confidence With Attorneys ............9

    C.   Zuffa Ignores the *Burlington Northern* Factors .......................................................10

IV.    CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643 (D. Nev. 2010) ...............................12

*Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005).................. 1, 3, 11

*Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813 (D. Nev. May 26, 2016) ................................................................................................................10

*Equal Employment Opportunity Comm'n v. BDO USA LLP*, 856 F.3d 356 (5th Cir. 2017)..................passim

*Eureka Financial Corp. v. Hartford Accident and Indemnity Co.*, 136 F.R.D. 179 (E.D. Cal. 1991) ..................................................................................................................6

*Heartland Surgical Specialty Hosp., LLC v. Midwest Div.*, Inc., No. 05-2164-MLB-DWB, 2007 WL 625809 (D. Kan. Feb. 23, 2007) ..................................................................6, 9

*HPD Labs., Inc. v. Clorox Co.*, 202 F.R.D. 410 (D.N.J. 2001)................................................................10

*In re Joy Global, Inc.*, No. 01- 039-LPS, 2008 WL 2435552 (D. Del. June 16, 2008) ...............................10

*In re United Serv. Fund Tel. Billing Prac., Litig.*, 232 F.R.D. 669 (D. Kan. 2005).........................................7

*In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 790-91 (E.D. La. 2007) .........................................2, 9

*Koumoulis v. Indep. Fin. Mktg. group, Inc.,* 295 F.R.D. 28 (E.D.N.Y. 2013) ...............................................9

*Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 20614 (D. Nev. Feb. 13, 2017) ...................................................................................................................7

*Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615 (D. Nev. 2013) .........................................................................8

*Phx. Ins. Co. v. Your Vitamins, Inc.*, No. 2:12-cv-00564-MMD-NJK, 2013 U.S. Dist. LEXIS 15479 (D. Nev. Feb. 5, 2013) ....................................................................................5

*United States v Davis*, 636 F. 2d 1028 (5th Cir. 1981) ..............................................................................10

*United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) .........................................8

**Rules**

Fed. R. Civ. P. 26, Advisory Comm. Note (2013) .......................................................................................3

## I. INTRODUCTION

Zuffa has produced 11,919 discoverable documents since June 30, documents it withheld until the end of discovery, on the eve of the last few depositions in this case. Zuffa's most recent iteration of its Rule 26 privilege log was produced on July 11, more than ten months after Zuffa certified substantial completion of its document production to the Court. Dkt. 297 at 2. This third iteration of the privilege log is still deficient despite numerous efforts to meet and confer by the parties. Zuffa's opposition brief provides no legitimate justification for the unresolved deficiencies in its log or its continued delay.

Zuffa ignores the impact of its tardy and improper efforts to shield the production of documents through its claims of privilege. Plaintiffs have sustained substantial unfair prejudice as a result of Zuffa's tardy assertion of privilege claims. Zuffa has no legitimate explanation for not producing its log of the 30,092 documents withheld from production until April 2017, shortly before the discovery cut off. Plaintiffs sustained substantial prejudice when they deposed multiple witnesses without the benefit of thousands of discoverable documents that Zuffa improperly withheld. Zuffa's production of nearly 12,000 documents within the last three weeks does not remedy these deficiencies. It only highlights the problem. Zuffa should not have withheld these documents from Plaintiffs in the first place.

Plaintiffs' claims are not moot. Plaintiffs are entitled to remedies under Rule 26, including remedies with respect to the depositions Plaintiffs took without the benefit of the improperly withheld documents. Of the 18,734 documents remaining on Zuffa's privilege log, there are hundreds—if not thousands—of documents with respect to which Zuffa has failed to properly assert privilege. These include (1) items for which there are vague and incomplete descriptions; (2) items for which Zuffa fails to disclose sufficient information to distinguish between business and legal advice; and (3) items which either were not communicated to a lawyer or which were not kept in confidence such that any arguable protection was waived. Many of these are relevant to the depositions yet to be taken in the case as well as those Plaintiffs have already taken.

In light of Zuffa's lengthy delay, and its failure to cure the defects in the privilege log, a finding that Zuffa has waived any privilege over the documents remaining in the July 11 revised privilege log is justified at this juncture. *Burlington N. & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142 (9th Cir. 2005) ("*Burlington N. & Santa Fe Ry.*").

Plaintiffs have requested that the Court set forth an expedited procedure for adjudicating any disputed claims with respect to withheld documents identified on any revised privilege log. *See In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 789, 790-91 (E.D. La. 2007) (discussing implementation of procedure for resolving disputed privilege claims pursuant to order of Fifth Circuit).

## II.   FACTUAL AND PROCEDURAL BACKGROUND.

Since the filing of Plaintiffs' motion to compel (Dkt. 443), Zuffa has produced 11,919 documents that were previously withheld or redacted, including 207 documents produced on July 21. Saveri Decl. ¶¶ 5-8, Exhs. 1-4. Zuffa provided a revised privilege log containing 18,733 entries on July 11, ten days before its most recent production. Saveri Decl. ¶ 11. Many of the newly produced documents relate to depositions of Zuffa witnesses and third parties already taken by Plaintiffs. Saveri Decl. ¶ 10, 18, Exh. 5. Many of the 18,734 entries on the privilege log relate to these depositions as well. *Id.* ¶ 16.

As a practical matter, it would not have been reasonable—and indeed it would have been impossible—to review Zuffa's privilege claims before the completion of discovery. Saveri Decl. ¶ 17.

At the July 13 hearing, the Court ordered Zuffa to produce a sample of the documents Zuffa has withheld from production. (Dkt. 460). Under the Court's procedure, Zuffa was ordered to submit every fourth document to or from Dana White as found on the privilege log. *Id.* On July 21, Zuffa produced 207 documents based on their re-review of the White documents. Some of these documents are clearly not privileged. *See e.g.* Dkt. 459 (Entry 2609 in Dana White Privilege Log, ZFL-2764704).

On July 14, 2017, Joseph Saveri wrote to Stacey Grigsby indicating that Plaintiffs' preliminary review indicated the log was still deficient and offered to meet and confer regarding the log. Saveri Decl. ¶ 22, Exh. 10. On July 23, Mr. Saveri wrote to Ms. Grigsby to ask if the production of 207 documents on July 21, ten days after Zuffa produced its revised privilege log, would require yet another revision to the privilege log, and to ask whether Zuffa would be producing any more documents. Saveri Decl. ¶ 23, Exh. 11. On July 24, Zuffa replied that it would provide a privilege log addendum "this week," and that there may be more documents produced in response to challenges from Plaintiffs. *Id.*

## III. ARGUMENT

### A. Zuffa Cannot Reasonably Dispute that its Substantial Delay in Producing a Privilege Log and its Recent Production of Thousands of Additional Documents Has Unfairly Prejudiced Plaintiffs.

There is no dispute that Plaintiffs have been forced to proceed with discovery without the benefit of thousands of documents withheld from production until well after substantial deposition discovery was taken. There is also no dispute that Plaintiffs were unreasonably forced to proceed with the depositions without a reasonable opportunity to review the recent production of nearly 12,000 new documents. There is also no dispute that under Rule 26(b)(5), Plaintiffs are entitled to ensure that discoverable documents have not been improperly withheld.

It is a basic principle underlying the Federal Rules of Civil Procedure that the party seeking discovery is entitled to review relevant documents before depositions of witnesses, particularly when the documents come from the witnesses' files. Indeed, while the 30-day default for producing privilege logs is a guideline, that guideline nonetheless requires that privilege claims be asserted within a reasonable time after the documents are produced. *See Burlington N. & Santa Fe Ry.,* 408 F.3d at 1149. This is only logical, as it permits privilege claims to be addressed in a timely manner and avoids the very type of inefficiency and hard to remedy prejudice Zuffa has caused here.

Zuffa asserts that Plaintiffs cannot claim they are prejudiced by the burden of reviewing the latest privilege log. Opposition at 11. This misses the point. Plaintiffs have reviewed each of the three iterations of the privilege log Zuffa has provided in detail. Saveri Decl. ¶¶ 3, 11. Plaintiffs have met and conferred extensively. Saveri Decl. ¶¶ 3, 4, 22, 23, Exhs. 10, 11. The prejudice Plaintiffs have sustained is a fundamental frustration of the discovery process. Plaintiffs have been deprived of the discovery of many discoverable documents to date and likely additional ones in the future. Plaintiffs have been deprived or limited in their ability to take sworn testimony of important percipient witnesses with the benefit of those documents. Any assertion by Zuffa that it was entitled to withhold discoverable documents until after Plaintiffs' have taken the depositions would be unfair and inconsistent with the Federal Rules. *See* Fed. R. Civ. P. 26, Advisory Comm. Note (2013) ("the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts").

Zuffa also asserts that Plaintiffs cannot claim that the privilege log contains insufficient detail because Plaintiffs "have challenged Zuffa's privileged designations based on what they now characterize as a 'deficient' log." Opposition at 8-9. But this claim has it backward. Plaintiffs challenged the documents withheld precisely because the privilege log's descriptions were deficient, and Zuffa, by producing nearly 12,000 documents in response, has tacitly admitted the descriptions are deficient.[1]

### B. Zuffa's Latest Privilege Log Remains Inadequate

Zuffa's July 11 privilege log[2] is inadequate. Despite having two years since Plaintiffs served their requests for production, many hours of meeting and conferring and three attempts, the log remains deficient in material ways. First, there are many items for which there are vague and incomplete descriptions. Second, there are many items for which Zuffa fails to disclose sufficient information to distinguish between business and legal advice. Third, there are many items which either were not communicated to a lawyer or which were not kept in confidence, waiving privilege. Of course, Zuffa bears the burden of demonstrating the correctness of its privilege claims. *See Equal Employment Opportunity Comm'n v. BDO USA LLP*, 856 F.3d 356, 362 (5th Cir. 2017) ("*EEOC*"). Because the attorney-client privilege "has the effect of withholding relevant information from the fact-finder," it is interpreted narrowly and "applies only where necessary to achieve its purpose." *Id.*

#### 1. Items With Vague Or Incomplete Descriptions

Zuffa's vague or incomplete descriptions prevent the Plaintiffs—and the Court—from determining or assessing the basis of the privilege claims. A privilege log is insufficient when it "fails to describe the claimed privileged information in a manner that would allow the Court to assess the claim." *Phx. Ins. Co. v. Your Vitamins, Inc.*, No. 2:12-cv-00564-MMD-NJK, 2013 U.S. Dist. LEXIS 15479, at *6 (D. Nev. Feb. 5, 2013). "[S]imply describing a lawyer′s advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent′s burden of establishing attorney-client privilege." *EEOC*,

---

[1] In fact, the entire privilege log is deficient. In the course of meeting and conferring and in an effort to reduce the burden on Zuffa, Plaintiffs agreed to limit their challenge to entries likely to be relevant to Plaintiffs' core claims. Plaintiffs selected entries relating to negotiation of fighter contracts, acquisitions, corporate matters, and investments in Zuffa. Saveri Decl., ¶ 4. Plaintiffs' decision not to challenge entries relating to venues, sponsors, broadcasters, and other topics, is by no means an admission that those entries are sufficient. Those entries—and indeed, the entire privilege log—are lacking in the detail sufficient to disclose why the documents withheld are entitled to be shielded from discovery.

[2] As noted, given subsequent productions, the July 11 log now appears to be out of date as well.

856 F.3d at 365. Determining privilege claims "should not be a guessing game for the [c]ourt." *Id*. at 363. (quotation and citation omitted).

Many of Zuffa's entries do not provide a substantive description of the subject matter. Despite Plaintiffs' calls for more detail, many of the privilege log descriptions still refer to "legal advice" regarding fighter contracts, acquisitions, or corporate matters, with no further detail. *See* Saveri Decl. ¶ -, Exh. 6. Even where Zuffa has added more detail, it still fails to satisfy the requirements of Rule 26(b)(5). Descriptions such as "[e]mail providing legal advice regarding fighter contracts and the legal effect of a fighter's contract" or "[e]mail providing legal advice regarding fighter contract negotiation" still fail to provide sufficient detail for Plaintiffs to assess the claim. *See* Saveri Decl. ¶ 11, Exh. 6. Moreover, given this lawsuit involves disputes regarding Zuffa's business practices, the term "corporate matters" is so vague and open-ended as to be meaningless in assessing the basis for the privilege claims.

Zuffa provides no legal authority for the proposition that its vague descriptions are adequate. Indeed, the authority is to the contrary. The purpose of the Rule 26 requirement regarding withheld documents is well-established.

> The purpose . . . is to provide the party seeking discovery with a basis for determining what documents the party asserting the privilege has withheld. Otherwise, how could this opposing party ever know whether the documents withheld under a blanket privilege objection were withheld correctly, incorrectly, or maliciously? [Defendant] would have the court believe that an opposing party must simply trust the good faith and diligence of the party asserting the privilege.[3]

*Eureka Financial Corp. v. Hartford Accident and Indemnity Co.*, 136 F.R.D. 179, 183-84 (E.D. Cal. 1991). Under Rule 26(b)(5), courts require substantial specificity. For example, the court in *Heartland Surgical Specialty Hosp., LLC v. Midwest Div*., Inc., No. 05-2164-MLB-DWB, 2007 WL 625809, at *2-3 (D. Kan. Feb. 23, 2007) examined the requirements of specificity to substantiate a privilege or work product claim, and provided guidance that is applicable here. The court required, for each document withheld,

> [t]he identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on

---

[3] *Id*. at 183 n.9 ("All too often, the blanket privilege is asserted by counsel who have not carefully reviewed the pertinent documents for privilege. In an abundance of caution, counsel withhold documents that are not privileged, thus defeating the full and fair information disclosure that discovery requires.").

> competent evidence supporting any assertion that the document was created under the supervision of an attorney [.]

*Id.* At *2-3. Further, the Court required the producing party to describe

> [t]he purpose of preparing the document, including an evidentiary showing, based on competent evidence, supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent; a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, that the documents do not contain or incorporate non-privileged underlying facts . . . .

*Id.* Zuffa's log fails to meet these standards.

Indeed, Zuffa's logging of emails is particularly deficient. As Chief Judge Stewart of the Fifth Circuit recently stated in *EEOC,* logging of emails for privilege can be "problematic." 856 F.3d at 363. Here, as in *EEOC*, Zuffa's privilege log entries "do not indicate whether a particular entry consists of one email or a string of emails." *Id*. at 364. As the *EEOC* court noted, these distinctions may be dispositive as to privilege claims where some recipients receive only a portion of an email string while others may receive the whole string. *See id.* And because some of the recipients may not be part of the attorney client relationship, the privilege may be destroyed because the communication is not confidential. *Id; see infra*III.B.3. Moreover, "one email within a strand 'may contain entirely factual and thus non-privileged information, while another email within the same strand may quite clearly seek or render legal advice'" *Id.* (*quoting In re United Serv. Fund Tel. Billing Prac., Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005)).

Redacted documents included in Zuffa's privilege log demonstrate that the information provided does not contain complete information regarding whether a document consists of a single email or an email chain, or—if it is an email chain—who was included in the email chain or what the subject matter of the unidentified emails is. For example, entry number 24165 is described as an email from Lawrence Epstein to Tracy Long. But the document contains three individual emails and nineteen senders/recipients not identified in the privilege log. Saveri Decl. ¶ 12, Exh. 7. But an examination of the document reveals that this is an email chain with seven individual emails and six other senders/recipients that are not identified in the privilege log. Saveri Decl. ¶ 12, Exh. 8 (ZFL-2700730).

While Plaintiffs do not dispute Zuffa's redactions in this document, the document illustrates the global problem with Zuffa's privilege log, especially with regard to emails withheld in their entirety. Plaintiffs have no way of knowing how many emails are actually contained within these documents, who the unidentified emails are to or from, what the subject matter is, or whether they may contain non-privileged emails because the privilege log omits this key information. This is exactly the problem identified by the court in *EEOC*.856 F.3d at 364

### 2. Documents For Which Zuffa Fails To Distinguish Between Legal And Business Advice

As this Court has held, "in order for a communication that pertains to both business and legal advice to be considered privileged, the 'primary purpose' must be to obtain or give legal advice." *Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2017 U.S. Dist. LEXIS 20614, at *14 (D. Nev. Feb. 13, 2017) (quoting *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 628 (D. Nev. 2013)). Where, as here, "in-house attorneys charged with providing legal advice about the business transaction also were instrumental in implementing that transaction, . . . assessing whether a particular communication was made for the purpose of securing legal advice (as opposed to business advice) becomes a difficult task." *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002).

Many of the items on the log involve internal communications with Zuffa's in-house counsel for which the descriptions are inadequate. *See* supra at III.B.1. With the Court's prior rulings in hand, Zuffa has now failed three times to properly describe the materials withheld in a manner that provides the required factual information, and Zuffa continues to incorrectly withhold documents. As noted above, Zuffa persists with descriptions that include nothing more than a conclusory reference to legal advice. *See* Saveri Decl. ¶ 11, Exh. 6. Those descriptions fail to provide sufficient information to distinguish between protected legal advice and other non-protected communication.

Zuffa does not attempt to explain how of its privilege log descriptions comply with Rule 26. Instead, Zuffa argues it has less of a burden because many of its executives were lawyers and Plaintiffs have sought many of their documents. Opposition at 11. This is exactly backwards: because in-house counsel may be involved in business decisions or activities, there is no presumption of privilege, unlike communications with outside counsel. *Chevron*, 241 F. Supp. 2d at 1076. Indeed, these documents must

be described with even more granularity and specificity than other documents. *Id.* ("[w]ith respect to internal communications involving in-house counsel, [defendant] must make a 'clear showing'" that the "primary purpose" of the communication is to secure legal advice).

In the case of "in house" lawyers, distinguishing between legal advice and business functions or business advice requires detailed descriptions and careful scrutiny. *See EEOC*, 856 F.3d at 365-66; (communications with in-house counsel "present unique challenges" that "warrant[] closer scrutiny"); *Koumoulis v. Indep. Fin. Mktg. group, Inc.*, 295 F.R.D. 28, 39 (E.D.N.Y. 2013); *In re Vioxx Prods. Liab. Litig.*, 501 F. Supp. 2d 787, 789 (E.D. La. 2007). As Zuffa admits, Zuffa personnel played blurred and at least dual roles. *See* Opposition at 2 (Zuffa's in-house counsel and legal staff "were responsible, at various times, for both legal and non-legal aspects of Zuffa's business, as is the case for legal employees at many corporations"); *Id.* at 11, (Zuffa's custodians included "high-ranking attorneys and legal personnel whose duties at Zuffa include both making business decisions and providing legal advice— often simultaneously"). It was Zuffa's decision to structure and operate its business as it did through the employment of lawyers in key positions. That decision should not somehow relieve Zuffa of its Rule 26 obligation to properly distinguish between privileged and non-privileged communications, and Plaintiffs' rights to obtain discovery of relevant information should not be constrained as a result. Zuffa's vague descriptions fail to satisfy the requirements of Rule 26.

Indeed, in circumstances such as these, where the distinction between discoverable and non-discoverable information is blurred by the acts of the producing party, courts routinely require that the descriptions must be quite specific.[4] *RKF Retail Holdings*, LLC, 2017 U.S. Dist. LEXIS 80436, at *19 ("A privilege log that merely states that the document contains privileged analysis and reflects advice of counsel is vague and generic and does not allow the court or the opposing party to adequately assess the claim of privilege."); *see EEOC* at 362. Courts have provided examples of proper description which

---

[4] This distinction undercuts Zuffa's complaints regarding Plaintiffs' privilege log. Opposition at 11-12. The withheld documents, as indicated in Plaintiffs' privilege log are communications between outside lawyers and plaintiffs, who are all natural persons. Saveri Decl. ¶ 24. The descriptions are sufficient to show that the communications are privileged. Moreover, the privilege log is relatively small and was provided early this year on February 2, *before* Zuffa deposed all Plaintiffs except Nate Quarry, whose deposition Zuffa took earlier to support its motion for partial summary judgment. *Id.* Also, this is Zuffa' first mention of any issues regarding Plaintiffs' privilege log, despite possessing it for nearly six months. *Id.*

Zuffa ignores. *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div.*, Inc., at \*2-3 (describing description of documents sufficient under Rule 26(b)(5)).

In contrast, Zuffa's privilege log descriptions are inadequate and vague. Document-by-document consideration is thus appropriate at this juncture. It is now too late in the day for another privilege log. And given the Court's prior rulings on this point, it was Zuffa's clear burden to be careful and detailed in its privilege log descriptions. Zuffa has demonstrated it cannot or will not describe the documents withheld more specifically. *See In re Joy Global, Inc.,* No. 01- 039-LPS, 2008 WL 2435552, at \*4 (D. Del. June 16, 2008) ("With its non-privilege objections now overruled, the time has come for Joy to provide specific document-by document assertions of privilege or work product protection if it is going to continue to refuse to produce documents responsive to the Relevant Request.").

### 3. Communications Not Maintained In Confidence With Attorneys

Even if they were privileged, many of the items that remain on Zuffa's privilege log are no longer privileged because they were not maintained in confidence. "The attorney-client privilege is waived when communications are made in the presence of third parties." *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813, at \*21 (D. Nev. May 26, 2016). "[D]isclosures of any significant portion of a confidential communication waives the privilege as to the whole." *EEOC*, 856 F.3d at 366 (quoting *El Paso*, 682 F.2d at 539 and *United States v Davis*, 636 F. 2d 1028, 1043 n.18 (5th Cir. 1981))

There are numerous documents on the privilege log where it appears no one to whom they were communicated was a lawyer. For example, entry numbers 5702, 17597, and 19631 contain no attorneys. Saveri Decl. ¶ 13, Exh. 9. Several examples include a paralegal but no attorney. *See Id.*, entry numbers 19259, 21408. Absent facts that advice from an attorney was conveyed, a paralegal's advice is not privileged. *See HPD Labs., Inc. v. Clorox Co.*, 202 F.R.D. 410, 416 (D.N.J. 2001) (stating that "federal law does not recognize a freestanding paralegal privilege") (quotation and citation omitted). In the entries cited and others, Zuffa has failed to identify the attorney whose advice was allegedly conveyed or sought, and thus failed to carry its burden to show privilege. *See Id*.

There are also numerous documents transmitted to third parties. These communications are also not privileged. For example, entry numbers 2176, 2611, 18700, and 19631 all include third parties

not identified as attorneys in the privilege log. Saveri Decl. ¶ 15, Exh. 9. In light of Zuffa's failure to identify all emails within its documents, all senders and recipients, and the subject matter of all emails, Plaintiffs cannot adequately assess whether there may be more non-privileged documents being withheld by Zuffa. *See supra* at III.B.1.

### C.     Zuffa Ignores the *Burlington Northern* Factors

Zuffa's efforts to justify its mishandling of its privilege claims under *Burlington* falls far short. Given the late stage of the litigation and the difficulty in providing a remedy that restores Plaintiffs to their position if Zuffa had asserted its privilege claims in a proper and timely manner, a finding of waiver is appropriate.

Zuffa protests that Plaintiffs fault Zuffa for not producing a privilege log before it received a document request. Nonsense. Plaintiffs fault Zuffa for not complying with Rule 26(b)(5) which requires, in conjunction with Rule 34, that the producing party produce documents and expressly provide a specific description of documents within 30 days of the request for production. *See Burlington* at 1149 (30 days is a "default guideline"). As Zuffa admits, it never discussed the timing of its privilege log with Plaintiffs or raised any issues regarding the form or timing of the log. Opposition at 10. Here, Zuffa produced its privilege log years after the production of its documents commenced. In *Burlington*, the court found that a production of privilege log five months after the production of documents, in conjunction with other factors, was an important factor in finding waiver. Here the delay is far longer. 408 F.3d at 1149 ("In the absence of mitigating considerations, [a five-month delay] alone would immunize the district court's ruling from reversal under the standard just articulated.").

Zuffa appears to argue that the reasonableness of the timing of its privilege claim should be judged by when it produced its last documents without regard to the volume of documents that it produced before, the time it took to produce them, and the impact of that production on the other aspects of the discovery schedule.

As in *Burlington*, by providing only boilerplate descriptions that lack specifics (as discussed above), Zuffa has made it very difficult—if not impossible—for Plaintiffs to conduct remaining discovery and evaluate Zuffa's privilege claims. *See supra* at I. Also, as in *Burlington*, Zuffa delayed the production until substantial deposition discovery was completed. Opening Brief at 8. Zuffa's production

of 11,809 new documents in the last several weeks and a revised privilege log on July 11, 2017 is the latest chapter. Zuffa has no answer to the point that it produced its privilege log and has continued to produce improperly withheld documents until the end of discovery, on the eve of several key depositions and after many depositions.

Moreover, Zuffa continues to ignore key deficiencies in its handling of its privilege claims, leaving Plaintiffs little recourse. Confronted with analogous facts, Judge Cooke's handling of the *Bullion Monarch Mining* case is instructive. There, the Court found the producing party—like Zuffa—"well knew that prompt document review and production of the documents and the log was of utmost importance and failed to take steps to insure that the privilege log would be produced until well past the time it could be of use to [the plaintiffs]." *Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 649-50 (D. Nev. 2010). The producing party in *Bullion*—like Zuffa—never communicated with the plaintiffs "about the status of the privilege log, or to seek assistance from the court to establish a realistic time frame to produce the privilege log." *Id.* at 649.[5] *See* Opposition at 10 ("the parties never discussed the timing of producing their respective logs"). In *Bullion*, the Court specifically asked the producing party about remedies. *Id.* at 649. There, the producing party even offered that the requesting party should be permitted to depose new witnesses, redepose other witnesses and file a more targeted motion for sanctions. *Id.* The Court noted it would, even in that event, still likely be required to conduct additional *in camera* review to address the documents still withheld. But, as the Court concluded, "This takes time, and there is no time left." *Id.* On the basis of consideration of the *Burlington* factors and the facts of the case, the Court recognized that it was not possible to undo the prejudice caused without the expenditure of significant time and effort and redoing of much of the work that had come before. *Id.* at 650.[6] Therefore the Court found that the application of the *Burlington* factors strongly favored a finding of waiver of privilege.

---

[5] Meanwhile, Zuffa complained that Plaintiffs had not scheduled depositions and strenuously objected to any extension of the discovery schedule, asserting it was the fault of Plaintiffs. June 1, 2017 Status Conference Tr. at 97-98. In retrospect, this strategy seems intended to force Plaintiffs into taking depositions without the benefit of the improperly withheld documents and to deny Plaintiffs an opportunity to challenge the documents withheld.

[6] The privilege log in *Bullion* contained 1126 entries. *Id.* at 650.

Each of the factors that led the *Bullion* court to find waiver are present here. Zuffa failed to ensure the timely production of its privilege log. Zuffa failed to communicate with Plaintiffs about the status of its privilege log. Zuffa unfairly prejudiced Plaintiffs when it improperly withheld nearly 12,000 documents until the very end of discovery. It has continued to fail to provide an adequate privilege log. And there is no time left to fix Zuffa's failures in a way that would provide an adequate remedy and undo the prejudice Plaintiffs have suffered. Zuffa has waived privilege by failing to comply with the requirements of Rule 26 and Rule 34.

## IV.   CONCLUSION

For the reasons stated above, this court should grant Plaintiffs' motion to compel.

|  |  |
|---|---|
| DATED: July 25, 2017 | Respectfully Submitted,<br><br>JOSEPH SAVERI LAW FIRM, INC.<br><br>By:           */s/Joseph R. Saveri*<br>             Joseph R. Saveri<br><br>Joseph R. Saveri (admitted *pro hac vice*)<br>Joshua P. Davis (admitted *pro hac vice*)<br>Kevin E. Rayhill (admitted *pro hac vice*)<br>555 Montgomery Street, Suite 1210<br>San Francisco, CA 94111<br>Phone: (415) 500-6800/Fax: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>jdavis@saverilawfirm.com<br>krayhill@saverilawfirm.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*<br><br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>Benjamin D. Brown (admitted *pro hac vice*)<br>Richard A. Koffman (admitted *pro hac vice*)<br>Daniel H. Silverman (admitted *pro hac vice*)<br>1100 New York Ave., N.W., Suite 500, East Tower<br>Washington, DC 20005<br>Phone: (202) 408-4600/Fax: (202) 408 4699<br>bbrown@cohenmilstein.com<br>rkoffman@cohenmilstein.com<br>dsilverman@cohenmilstein.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* |

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*