Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
555 Montgomery Street, Suite 1210
San Francisco, CA 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net

*Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera,
Luis Javier Vazquez, and Kyle Kingsbury*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**CORRECTED REPLY DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS AND FOR OTHER RELIEF** |

I, Joseph R. Saveri, declare and state as follows:

1. I am the Founding Partner of the Joseph Saveri Law Firm, Inc., Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs. I am a member in good standing of the State Bar of California, and have been admitted *pro hac vice* in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. I make this Declaration in support of Plaintiffs' Reply Brief in Support of Emergency Motion to Compel Production of Documents Withheld on Privilege Grounds and for Other Relief.

3. On April 7, 2017, Plaintiffs received the first iteration of Zuffa's privilege log. See Dkt. 443-2. On April 20, after careful review of the privilege log, Plaintiffs informed Zuffa that the privilege log was deficient in material respects. *See* Dkt. 443-3. On April 24, 2017, Zuffa produced a revised privilege log. *See* Dkt. 443-4. On May 21, 2017, after careful review of the revised privilege log, Plaintiffs informed Zuffa that the revised privilege log still contained material defects. *See* Dkt. 443-6. In the ensuing weeks, Zuffa admitted that all of the documents specifically identified by Plaintiffs were not privileged, and agreed to produce those documents. *See generally*, Dkts. 443-1, 6-14.

4. On June 20, 2017, Plaintiffs met and conferred with Defendant Zuffa, LLC ("Zuffa") as part of an ongoing negotiation regarding Zuffa's privilege log. Plaintiffs identified a number of deficiencies with resepct to the disclosure and description of Zuffa's assertions of privilege due to the lack of detail in substantially all of the privilege log descriptions. Due to the time constraints imposed by the impending close of discovery and upcoming depositions, and in an effort to limit the burden on Zuffa to a realistically achievable subset of the 30,092 documents included in the privilege log, Plaintiffs offered to limit their request to those documents deemed most likely to contain information relevant to Plaintiffs' case-in-chief: entries referring to fighter contracts, acquisitions, "corporate matters," and Zuffa investor Mubadala. By so agreeing, Plaintiffs limited the challenged documents to a subset of 17,274 documents, or slightly more than half of the documents withheld or redacted by Zuffa. Zuffa agreed to re-review the documents and produce any documents deemed not to be privileged on a rolling basis to be completed by July 10. Zuffa also agreed to amend the privilege log to provide more detail in the document descriptions in the privilege log.

5. On June 30, 2017, Zuffa produced 1,769 documents to Plaintiffs. A true and correct copy of a letter accompanying the production is attached hereto as Exhibit 1.

6. On July 7, 2017, Zuffa produced 6,946 documents to Plaintiffs. A true and correct copy of a letter accompanying the production is attached hereto as Exhibit 2.

7. On July 10, 2017, Zuffa produced 2,997 documents to Plaintiffs. A true and correct copy of a letter accompanying the production is attached hereto as Exhibit 3.

8. On July 21, Zuffa produced 207 documents to Plaintiffs. According to the cover letter that accompanied the production, these documents were produced as a result of Zuffa's review of documents for which Dana White was the author, sender, recipient, or custodian. A true and correct copy of Zuffa's July 21 letter is attached hereto as Exhibit 4.

9. Some of the documents produced in these sets were clearly not privileged. For example, ZFL-2764704 is an email chain between Kirk Hendrick and Dana White that neither conveys nor seeks legal advice. In the first email in the chain, Mr. Hendrick reports the position of a representative of Spike TV regarding advertising and sponsorship issues. No legal concepts or advice are discussed. A copy of ZFL-2764704 was submitted to the Court for in camera inspection by Zuffa on July 17, 2017.

10. Many of the newly produced documents were authored, sent, received, or in the custody of present or former Zuffa employees that Plaintiffs had already deposed without the benefit of these documents. Attached hereto as Exhibit 5 is a table created at my direction that tallies the documents produced by Zuffa since Plaintiffs filed their motion to compel that were authored, sent, received, or in the custody of each of Zuffa's present or former employees that Plaintiffs had already deposed when Zuffa completed production of these documents, as well as third parties Plaintiffs have similarly deposed without the benefit of Zuffa's full production.

11. On Jul 11, 2017, Zuffa produced a revised privilege log that contained 18,733 entries. Due to the size of Zuffa's privilege log, Plaintiffs' review of its 18,733 entire is ongoing. Based on their review to date, Plaintiffs determined that the revised privilege log still contains many deficiencies. For example, many of the entries still contain descriptions that lack sufficient detail to enable Plaintiffs to ascertain the basis for the privilege asserted. Attached hereto as Exhibit 6 is a set of examples of inadequate document descriptions, compiled from the July 11 privilege log at my direction.

12. Entries in the revised privilege log that relate to email chains do not contain information regarding all emails in the chain or all senders and recipients in the email chain. The metadata supplied in the privilege log relating to senders and recipients only includes information regarding the last email chronologically in the chain. Attached hereto as Exhibit 7 is a true and correct copy of an excerpt from the July 11 privilege log, compiled at my direction, containing an example of an incomplete entry referring to an email chain. Entry number 24165 refers to ZFL-2700730, which is described as an "E-mail discussing legal advice regarding draft Asset Purchase Agreement language," sent from Lawrence Epstein to Tracy Long. But an examination of ZFL-2700730 reveals that it is actually an email chain containing three individual emails and nineteen senders/recipients not identified in the privilege log. A true and correct copy of ZFL-2700730 is attached hereto as Exhibit 8.

13. Many of the entries in the July 11 privilege log failed to identify an attorney as the source of the assertedly privileged communication. Attached hereto as Exhibit 9 is a set of examples of privilege log entries that fail to exhibit or maintain privilege, compiled from the July 11 privilege log at my direction. Entry numbers 5702 and 17597 fail to identify any attorney in relation to the withheld document. Entry numbers 23842 and 19259 each identify a paralegal (Tracy Long and Feather Lake, respectively), but fail to identify an attorney from whom legal advice is conveyed or sought.

14. Several of the entries in the July 11 privilege log identify no attorneys other than Zuffa executives who, while law school graduates, either were never employed by Zuffa's legal department, such as Marshall Zelaznik, or held dual positions when the assertedly privileged documents were created, such as Kirk Hendrick. For example, in Exhibit 9, entry numbers 19631, 19259, 19632 and 19697, Mr. Zelaznik is the only law school graduate identified. In entry number 2611, Mr. Hendrick is the only law school graduate identified, but the document is dated August 24, 2005, at which time Mr. Hendrick served as both Chief Operating Officer and General Counsel.

15. Many of the entries in the July 11 privilege log include a third party as recipient or sender, breaking privilege. Exhibit 9 contains examples at entry numbers 2176, 2611, 18700, and 19631.

16. Many of the entries in the July 11 privilege log are related to present or former Zuffa employees whose depositions Plaintiffs have taken or will take. Due to the deficiencies in the privilege log descriptions and other problems listed above, Plaintiffs have reason to believe Zuffa may still be

1  withholding non-privileged documents that would be or would have been relevant to these depositions. The chart produced in Exhibit 5 tallies the number of privilege log entries relating to each present or former Zuffa employee whose deposition has been or will be taken by Plaintiffs.

17.  Plaintiffs have made a diligent attempt to review the new productions, incurring substantial expense and the diversion of many attorneys to this task who might otherwise be working on other urgent projects. Despite these efforts, Plaintiffs have still not been able to review all the documents produced. Indeed, as of this writing, there are over 2,000 of the newly produced documents waiting to be reviewed.

18.  Plaintiffs have had to conduct many depositions without the benefit of Zuffa's recent productions. Plaintiffs have conducted fourteen depositions of current or former Zuffa employees and four Rule 30(b)(6) depositions without the full benefit of the newly produced documents. These depositions included many of Zuffa's top executives, including CEO Lorenzo Fertitta, CFO John Mulkey, former Chief Legal Officer and COO Kirk Hendrick, former COO and former General Counsel Lawrence Epstein, and Associate General Counsel Michael Mersch.

19.  Plaintiffs have taken fourteen depositions of current or former Zuffa employees and four Rule 30(b)(6) depositions without the full benefit of the newly produced documents, including Denitza Batchvarova, Nakisa Bidarian, Peter Dropick, Lawrence Epstein, Lorenzo Fertitta, Kirk Hendrick, John Hertig, Tracy Long, Michael Mersch, John Mulkey, Michael Pine, Sean Shelby, Joe Silva, Marshall Zelaznik, and Rule 30(b)(6) depositions regarding fighter contracts, acquisitions, sponsorships, and venues. Exhibit 5 contains a full list of the depositions Plaintiffs have taken without the full benefit of these documents.

20.  Plaintiffs have taken nine depositions of third parties, including Jeffrey Aronson (Titan FC), Thomas Atencio (Affliction), Drew Goldman (Deutsche Bank), Shannon Knapp (Invicta FC), Jeremy Lappen (Elite XC), Leon Margules (Warriors Boxing), Kurt Otto (International Fight League), Carlos Silva (World Series of Fighting), and Andrew Simon (AXS TV Fights). Exhibit 5 contains a full list of the depositions Plaintiffs have taken without the full benefit of these documents.

21.  Since June 30, 2017, Zuffa has produced 6,600 documents relating to Mr. Mersch, 1,183 documents relating to Mr. Hendrick, and 1,374 documents relating to Mr. Epstein.

22. On July 14, 2017, I sent an email to Zuffa Counsel Stacey Grigsby advising her that the revised privilege log was still deficient in material respects, and seeking to meet and confer to resolve the issues. A true and correct copy of my email exchange with Ms. Grigsby is attached hereto as Exhibit 10.

23. On July 23, 2017, I wrote to Ms. Grigsby to inquire whether Zuffa's production of 207 documents on July 21 would require yet another revision of Zuffa's privilege log, which was produced ten days earlier, and to inquire whether Zuffa would be producing any more documents. On July 24, Ms. Grigsby responded, stating that Zuffa would produce a privilege log addendum and may produce more documents responsive to Plaintiffs' challenges. Attached hereto as Exhibit 11 is a true and correct copy of my July 23 email to Ms. Grigsby and her July 24 reply.

24. Plaintiffs produced their own privilege log to Zuffa on February 3, 2017. The privilege log contained 855 entries relating to documents and communications between Plaintiffs, who are all natural persons, and their outside counsel. Plaintiffs' privilege log was produced in advance of Zuffa's deposition of all Plaintiffs except Nathan Quarry, who Zuffa elected to depose on September 30, 2016, in order to support their motion for partial summary judgment as to Mr. Quarry. The remaining Plaintiffs were deposed during the week of February 13-17, 2017, with the exception of Cung Le, who was deposed on April 11, 2017. Zuffa did not identify any issues regarding the sufficiency of Plaintiffs' privilege log until it filed its opposition brief on July 14, 2017.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct and this Declaration is executed in San Francisco, California on July 25, 2017.

By:   */s/Joseph R. Saveri*
       Joseph R. Saveri