Jerome K. Elwell, State Bar No. 012699
Robert C. Maysey, State Bar No. 024204
WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC
2555 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 264-7101
jelwell@warnerangle.com
rmaysey@warnerangle.com

*Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re Subpoena Of<br><br>Top Rank, Inc. and Robert Arum | Case No.: 2:15-cv-01045-RFB-PAL |
| Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | **DECLARATION OF ROBERT C. MAYSEY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THEIR SUBPOENA TO THIRD PARTY TOP RANK, INC. AND MOTION TO COMPEL APPEARANCE AT DEPOSITION OF ROBERT ARUM, PRESIDENT OF TOP RANK, INC.** |

I, Robert C. Maysey, declare and state as follows:

1. I am an attorney at Warner Angle Hallam Jackson & Formanek, PLC ("Warner Angle"), Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury (collectively, "Plaintiffs") in the related case, *Le et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.) (the "Related Case"). I am a member in good standing of the State Bar of Arizona and the State Bar of California and

1. have been admitted *pro hac vice* in this court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration.

2. I make this declaration in support of Plaintiffs' Motion to Compel the Production of Documents against Top Rank, Inc. ("Top Rank"), a Nevada corporation headquartered at 748 Pilot Road, Las Vegas, Nevada 89119-4416, and to compel appearance of Robert Arum, President of Top Rank at a deposition to be held on August 21, 2017, at 9 a.m. pacific time at Wolf Rifkin, 3556 East Russel Road, 2nd Floor, Las Vegas, Nevada 89120.

3. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Consolidated Amended Antitrust Class Action Complaint, filed in the Related Case on December 18, 2015.

4. Attached hereto as Exhibit 2 is a true and correct copy of Defendant Zuffa, LLC's Answer to Plaintiffs' Consolidated Amended Complaint.

5. Attached hereto as Exhibit 3 is a true and correct copy of Defendant Zuffa, LLC's Notice of Motion and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

6. Attached hereto as Exhibit 4 is a true and correct copy of Judge Boulware's Order denying Zuffa's motion to dismiss.

7. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiffs' Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the " Document Subpoena"), addressed to Top Rank. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiffs' Subpoena To Testify at a Deposition in a Civil Action, as subsequently amended (the "Deposition Subpoena"). Attached hereto as Exhibit 7 is proof that service of these subpoenas was accepted by Top Rank's and Mr. Arum's counsel, David Marroso, on February 20, 2017.

8. On February 20, 2017, I spoke with Mr. Marroso about the documents sought by the Document Subpoena, and agreed to provide Mr. Marroso and extension in time to respond to the Document Subpoena. Mr. Marroso informed me that he would confer with his client, and make a proposal regarding the scope of the document production.

9. Attached hereto as Exhibit 8 is correspondence sent by Mr. Marroso on February 27, 2017, noting that Top Rank would file objections to our Document Subpoena, and asserting that it would only agree to a deposition of four (4) hours total.

10. On or about March 24, 2017, Mr. Marroso and I met and conferred regarding Top Rank's objections, and attempted to narrow the scope of the documents being sought in response to the Document Subpoena. Mr. Marroso and I also discussed the scope of the Deposition Subpoena and why Mr. Arum's suggested limitations were not acceptable.

11. Attached hereto as Exhibit 9 is correspondence sent by Mr. Marroso on April 4, 2017, offering revenue data from one event per year for years 2013 through 2016, and again asserting that the time for Mr. Arum's deposition be limited to 4 hours, total. Plaintiffs' counsel again asserted that this was not a sufficient production nor acceptable limitation on Mr. Arum's deposition, and again requested aggregated financial data for complete years showing revenues received, and all amounts paid to boxers.

12. Attached hereto as Exhibit 10 are formal objections to the Document Subpoena and Deposition Subpoena sent by counsel for Top Rank and Robert Arum on April 25, 2017.

13. On May 10, 2017, Mr. Marroso, Tara Nordquist Esq., and I met and conferred again regarding the scope of production necessary for the Document Subpoena and the scope of the Deposition Testimony, and were unable to reach an agreement. Attached hereto as Exhibit 11 is an email sent at Mr. Marroso's request, where we again forwarded a copy of the Revised Stipulation and Protective Order containing the "Highly Confidential" designation to protect the disclosure of documents produced.

14. On or about May 16, 2017, I met and conferred with Mr. Marroso regarding the possibility of producing data on an anonymized basis so the source of data produced would be unknown. We rejected this proposal as unworkable because we cannot make an agreement for the defendant in this action or their outside experts, and again asserted that the Protective Order was in place with a "Highly Confidential" designation. Mr. Marroso

asserted that Top Rank was not satisfied that the Protective Order afforded sufficient protection for its sensitive commercial information.

15. On July 9, 2017, I met and conferred with Mr. Marroso again regarding potential deposition dates for Mr. Arum, preferred location for the deposition, and to attempt to reach some resolution on the scope of documents produced. Attached hereto as Exhibit 12 sent on July 12, 2017, is an email sent by Mr. Marroso again conditioning Mr. Arum's availability for a deposition on our acceptance of their proposed productions to the Document Subpoena.

16. Attached hereto as Exhibit 13 is an email dated July 19, 2017 sent by Mr. Marroso advising that Mr. Arum was available for deposition on August 21, 2017. Attached hereto as Exhibit 14 is an email dated July 20, 2017 where Plaintiffs' accepted Mr. Arum's proposed date of August 21, 2017 to proceed with Mr. Arum's deposition, and where Plaintiffs' suggested we either meet and confer on the document production or seek a court ruling on the scope of the document production. Mr. Marroso again rejected this request, and in an email dated July 20, 2017 attached hereto as Exhibit 15, again conditioned Mr. Arum's availability at the August 21, 2017 deposition upon Plaintiffs' accepting Top Rank's proposed document production.

17. Attached hereto as Exhibit 16, is an email dated July 21, 2017 forwarding an amended deposition notice to David Marroso on behalf of Robert Arum.

18. The parties are at an impasse, and need the court's resolution of this pending discovery dispute.

I declare under penalty of perjury that the foregoing is true and correct and this Declaration is executed at Phoenix, Arizona on July 31, 2017

By: _/s/ Robert C. Maysey_
       Robert C. Maysey

DECLARATION OF ROBERT C. MAYSEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THEIR SUBPOENA TO THIRD PARTY TOP RANK, INC. AND APPEARANCE AT DEPOSITION OF ROBERT ARUM

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I electronically transmitted the DECLARATION OF ROBERT C. MAYSEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THEIR SUBPOENA TO THIRD PARTY TOP RANK, INC. AND APPEARANCE AT DEPOSITION OF ROBERT ARUM to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered users, and also served the same by mailing a copy via certified mail on the following, who are not registered participants of the CM/ECF System:

David Marroso, Esq.
Brooke E. Jenkins
O'Melveny & Myers LLP
1999 Ave. of the Stars, 8th Fl.
Los Angeles, CA  90067
*Attorneys for Third Parties Top Rank, Inc.*
*and Robert Arum*

*/s/Teresa Baldridge*
Teresa Baldridge, an Employee of Warner Angle Hallam Jackson & Formanek PLC