WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR  (Admitted *Pro Hac Vice*)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | No.: 2:15-cv-01045-RFB-(PAL) <br><br><br> **DEFENDANT ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

Defendant Zuffa, LLC ( "Zuffa"), by and through its counsel, Boies, Schiller & Flexner LLP and Campbell & Williams, as and for its Answer to the Complaint filed by Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury, respond as set forth below:

**PRELIMINARY STATEMENT**

Since Zuffa purchased the Ultimate Fighting Championship ("UFC") brand in 2001, the sport of Mixed Martial Arts ("MMA") has grown from a largely unregulated fringe sport to one of the most popular and fastest growing sports in the world.  Opportunities for promoters to put on events, for athletes to compete, and for fans to enjoy the sport have all markedly increased. Zuffa's investments in advancing and promoting the sport and its athletes have contributed enormously to the success of the sport and to the financial gains of athletes.  The UFC organization faces intense competition both from other MMA promoters and other sports and entertainment competitors.  The Complaint attempts to penalize Zuffa for protecting and promoting the UFC product and brand and for competing aggressively for top talent.  Zuffa denies that it has violated the Sherman Act or engaged in any anticompetitive activity, or that it has injured the Plaintiffs in any way.

This Answer is based upon the information currently available to Zuffa, which reserves the right to amend this Answer to the extent permitted by the Federal Rules of Civil Procedure. The Complaint contains numerous headings, which are not allegations and do not require a response from Zuffa.  To the extent that any headings are construed as allegations, they are denied.

1.	Zuffa avers that Paragraph 1 of the Complaint contains mere characterizations, legal contentions, and conclusions to which no response is required.  To the extent a response is required, Zuffa denies the averments of Paragraph 1 of the Complaint.  To the extent Plaintiffs' allegations rely on the terms "Elite Professional MMA Fighter" or "Elite Professional MMA Fighter bouts," Zuffa objects to these terms as vague, unclear, confusing, misleading, and without any objective or quantifiable basis or any standard usage in any industry.  Zuffa objects to every use of these terms in the Complaint and denies every averment premised upon Plaintiffs'

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

1    definition of these terms.

2         2.    Zuffa admits that Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and

3    Kyle Kingsbury have each fought in a professional MMA bout promoted by Zuffa since

4    December 16, 2010. Zuffa incorporates by reference its objection to the use of "Elite

5    Professional MMA Fighters." Zuffa contends that the remainder of Paragraph 2 contains mere

6    characterizations, legal contentions, and conclusions to which no response is required. To the

7    extent a response is required, Zuffa denies that this case is appropriate for class treatment and that

8    Plaintiffs represent anyone but themselves.

9         3.    Zuffa avers that Paragraph 3 of the Complaint contains mere characterizations,

10   legal contentions, and conclusions to which no response is required. To the extent a response is

11   required, Zuffa denies the averments in Paragraph 3 of the Complaint.

12        4.    Zuffa denies the averments of Paragraph 4 of the Complaint. Zuffa denies every

13   allegation premised on Plaintiffs' definitions of the "Relevant Input Market" and "Relevant

14   Output Markets."

15        5.    Zuffa denies the averments of Paragraph 5 of the Complaint.

16        6.    Zuffa denies the averments of Paragraph 6 of the Complaint.

17        7.    Zuffa admits that (1) the UFC promotes professional live MMA bouts in the

18   United States and internationally in various venues and has promoted events at the SAP Center in

19   San Jose, California; the Sleep Train Arena in Sacramento, California; the Key Arena in Seattle,

20   Washington; the Honda Center in Anaheim, California; the United Center in Chicago, Illinois; the

21   Prudential Center in Newark, New Jersey; the Amway Center in Orlando, Florida; the Mandalay

22   Bay Events Center in Las Vegas, Nevada; the Philips Arena in Atlanta, Georgia; the Wells Fargo

23   Center in Philadelphia, Pennsylvania; the Target Center in Minneapolis, Minnesota; the Patriot

24   Center in Fairfax, Virginia; and the TD Garden in Boston, Massachusetts; (2) the UFC has

25   promoted events that have been broadcast over network television and Pay-Per-View in the U.S.

26   and internationally; (3) affiliates of Zuffa have acquired other MMA promoters; (4) Zuffa's

27   annual gross revenues for 2015 exceeded $500 million dollars, and denies the remaining

28   averments of Paragraph 7 of the Complaint.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

8.      Zuffa admits the first sentence in Paragraph 8 of the Complaint that in April 2008, Forbes published an article entitled "Ultimate Cash Machine."  Zuffa admits that the third sentence of Paragraph 8 quotes part of a June 14, 2010 article that appeared on the web site MMAJunkie.com containing the quote attributed to Dana White.  Zuffa avers that those articles themselves are the best source of the full content and context of the statements.  To the extent Paragraph 8 does not contain the full content and context of the statements, Zuffa denies the averments.  Zuffa avers that the remainder of Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required.  To the extent a response is required, Zuffa denies the remaining averments of Paragraph 8 of the Complaint.

9.      Zuffa denies the averments of Paragraph 9 of the Complaint.

10.     Zuffa denies the averments of Paragraph 10 of the Complaint.

11.     Zuffa denies the averments of Paragraph 11 of the Complaint.

12.     Zuffa admits that a video clip containing the image of Mr. White holding the mock tombstone was uploaded to YouTube and avers that the image pictured in Paragraph 12 of the Complaint speaks for itself.  Zuffa otherwise denies that the averments of Paragraph 12.

13.     Zuffa denies the averments of Paragraph 13 of the Complaint, except to state that to the extent Paragraph 13 seeks to paraphrase or interpret a YouTube video blog, the video itself is the best source of the full content and context of the statements.  To the extent Paragraph 13 does not contain the full content and context of the statements, Zuffa denies the averments.

14.     Zuffa admits that the image in Paragraph 14 is an accurate image of a tweet posted to Twitter by Mr. White in response to a tweet by a Twitter user @RBL78.  The remainder of Paragraph 14 contains mere characterizations and conclusions to which no response is required.  To the extent a response is required, Zuffa denies the remaining averments.

15.     Zuffa admits that Paragraph 15 of the Complaint contains a partial quote from an interview with Mr. White that appeared in MMAJunkie.com in June 2010, but denies the averments in Paragraph 15 because the interview is not completely and accurately quoted.

16.     Zuffa denies of the averments of Paragraph 16 of the Complaint, except to state that the UFC is not a sports "league" and does not contain rival teams.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

17. Zuffa denies the averments in Paragraph 17 of the Complaint.

18. Zuffa denies the averments in Paragraph 18 of the Complaint, except to state that Lorenzo Fertitta and Dana White are pictured in the screenshot included in Paragraph 18.

19. Zuffa denies the averments in Paragraph 19 of the Complaint except for the second sentence. With regard to the second sentence of Paragraph 19, Zuffa admits that its gross revenues in 2015 exceeded a half billion dollars, and denies the remainder of the second sentence for lack of knowledge.

20. Zuffa denies the averments of Paragraph 20 of the Complaint.

21. Zuffa denies the averments of Paragraph 21 of the Complaint.

22. Zuffa denies the averments of Paragraph 22 of the Complaint, except that Plaintiffs purport to assert a claim under Section 2 of the Sherman Act.

23. Zuffa denies the averments of Paragraph 23 of the Complaint.

24. Zuffa admits the averments in Paragraph 24 of the Complaint.

25. Zuffa admits the averments in Paragraph 25 of the Complaint.

26. Zuffa denies the averments in Paragraph 26 of the Complaint.

27. Paragraph 27 contains Plaintiffs' definitions for the purpose of the Complaint to which no response is required. With regard to certain specific definitions:

c. Zuffa objects to the definition of "Class Period" that appears in Paragraph 27(c) of the Complaint because class treatment would not be proper for this action.

d. Zuffa denies the averments in Paragraph 27(d) of the Complaint to the extent Plaintiffs' purport to invent the term "Elite Professional MMA Fighter" for purposes of this litigation. Zuffa objects to the definition "Elite Professional MMA Fighter" as vague, unclear, confusing, misleading, and without any objective or quantifiable basis or any standard usage in any industry. Zuffa objects to every use of this term in the Complaint and denies every averment premised upon Plaintiffs' definition of this term.

e. Zuffa denies the averments in Paragraph 27(e) and otherwise objects to the definition of "Exclusive Promotional and Ancillary Rights Agreement" as inaccurate, incomplete, vague, confusing, and misleading.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

i.     Zuffa objects to the definition of "Merchandise Rights Agreement" in Paragraph 27(i) as inaccurate, incomplete, vague, confusing, and misleading.

j.     Zuffa avers that the second sentence of Paragraph 27(j) of the Complaint is true as to many but not all professional MMA bouts.

k.     Zuffa objects to the definition of "MMA Industry" in Paragraph 27(k) as vague and confusing.

p.     Zuffa objects to the definition of "Professional MMA" in Paragraph 27(p) as unclear in defining MMA as a person.

r.     Zuffa objects to the definition of "Standard Fighter Contract" in Paragraph 27(r) of the Complaint as incomplete, overbroad, unclear, confusing, and misleading.

s.     Zuffa objects to the definition of "UFC Fighter" in Paragraph 27(s) of the Complaint as incomplete, unclear, confusing, contrary to common usage, and misleading.

u.     Zuffa objects to the definition of "UFC Promotional Materials" that appears in Paragraph 27(u) of the Complaint as overbroad, unclear, confusing, contrary to common usage, and misleading.

28.     Zuffa admits the averments in Paragraph 28 of the Complaint.

29.     Zuffa denies the averments in Paragraph 29 of the Complaint, except to state that January Capital currently owns approximately 10% interest in Zuffa and Zuffa PIPCO 1, LLC owns an approximate 0.08% interest in Zuffa.  Zuffa also denies the alleged valuation stated in Paragraph 29 of the Complaint for lack of knowledge.

30.     Zuffa states that Plaintiffs' definition of "Elite Professional MMA bout" is vague, unclear, confusing, misleading, and without any objective or quantifiable basis or any standard usage in any industry.  Zuffa admits that it promotes professional MMA bouts in the U.S. and elsewhere under the trade names Ultimate Fighting Championship and/or UFC, and that it sells tickets to these events, licenses or distributes them for live television, Internet, and Pay-Per-View broadcast, and engages in other business activities under the UFC and/or Ultimate Fighting Championship name.  Zuffa otherwise denies the averments in Paragraph 30 premised upon Plaintiffs' definitions of these terms.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

31.     Zuffa denies the averments in Paragraph 31 of the Complaint.

32.     Zuffa denies the averments in Paragraph 32 of the Complaint.

33.     Zuffa denies the averments in Paragraph 33 of the Complaint, except to state that (1) Le has competed in UFC-promoted bouts in the United States and elsewhere; (2) Le's image has appeared in *EA Sports UFC*; (3) *EA Sports UFC* is a mixed martial arts fighting video game developed by Electronic Arts; (4) Le has appeared in Round 5 action figure sets; (5) Le has appeared in Topps Trading Card sets; (6) Le, and sometimes his autograph, was pictured on some UFC posters. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Le's place of residence, and therefore denies it.

34.     Zuffa denies the averments in Paragraph 34 of the Complaint, except to state that (1) Quarry competed in UFC-promoted bouts between April 2005 and March 2010; (2) Quarry appeared in the *UFC Undisputed 2010* video game that debuted on May 25, 2010 in North America; (3) *UFC Undisputed 2010* sold over 2 million units; (4) Quarry has appeared in Topps Trading Card sets. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Quarry's place of residence and therefore denies it.

35.     Zuffa denies the averments in Paragraph 35 of the Complaint, except to state that (1) Fitch competed in UFC-promoted bouts between October 2005 and February 2013; (2) Fitch appeared in the *UFC Undisputed 2009*, *UFC Undisputed 2010,* and *UFC Undisputed 3* video games; (3) *UFC Undisputed 2009* sold over 3.5 million units and *UFC Undisputed 2010* sold over 2 million units; (4) Fitch has appeared in Round 5 action figure sets, (5) Fitch has appeared in Jakks Pacific action figure sets; and (6) Fitch has appeared in Topps Trading Card sets. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Fitch's place of residence and therefore denies it.

36.     Zuffa denies the averments in Paragraph 36 of the Complaint, except to state that (1) Vera competed in UFC-promoted bouts in the United States and elsewhere between October 2005 and August 2013; (2) Vera appeared in the *UFC Undisputed 2009*, *UFC Undisputed 2010*, and *UFC Undisputed 3* video games; (3) *UFC Undisputed 2009* sold over 3.5 million units and *UFC Undisputed 2010* sold over 2 million units; (4) Vera has appeared in Topps Trading Card

sets. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Vera's place of residence and therefore denies it.

37. Zuffa denies the averments in Paragraph 37 of the Complaint, except to state that (1) Vazquez competed in a UFC-promoted bout in the United States in June 2011; (2) Vazquez participated in WEC-promoted bouts between August 2009 and November 2010; (3) Vazquez appeared in Topps Trading Card sets; and (4) Vazquez appeared in the *UFC Undisputed 3* video game. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Vazquez's place of residence and therefore denies it.

38. Zuffa denies the averments in Paragraph 38 of the Complaint, except to state that (1) Kingsbury competed in UFC-promoted bouts in the United States and elsewhere between December 2008 and July 2014; and (2) Kingbsury appeared in Topps Trading Card sets. Zuffa lacks sufficient knowledge or information to form a belief about the truth of Kingsbury's place of residence and therefore denies it.

39. Zuffa avers that the allegations in Paragraph 39 of the Complaint contain legal contentions to which no response is required. To the extent a response is required, Zuffa objects to the definition of the purported "Bout Class" and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

40. Zuffa avers that the allegations in Paragraph 40 of the Complaint contain legal contentions to which no response is required. To the extent a response is required, Zuffa denies the averments in Paragraph 40 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

41. Zuffa avers that the allegations in Paragraph 41 of the Complaint contain legal contentions to which no response is required. To the extent a response is required, Zuffa denies the averments in Paragraph 41 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

42.     Zuffa avers that the allegations in Paragraph 42 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 42 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

43.     Zuffa avers that the allegations in Paragraph 43 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 43 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

44.     Zuffa avers that the allegations in Paragraph 44 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 44 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

45.     Zuffa avers that the allegations in Paragraph 45 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 45 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

46.     Zuffa denies the averments in Paragraph 46 of the Complaint.

47.     Zuffa avers that the allegations in Paragraph 47 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa objects to the definition of the purported "Identity Class" and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

48.     Zuffa avers that the allegations in Paragraph 48 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

the averments in Paragraph 48 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

49.     Zuffa avers that the allegations in Paragraph 49 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 49 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

50.     Zuffa avers that the allegations in Paragraph 50 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 50 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

51.     Zuffa avers that the allegations in Paragraph 51 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 51 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

52.     Zuffa avers that the allegations in Paragraph 52 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 52 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

53.     Zuffa avers that the allegations in Paragraph 53 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 53 of the Complaint, and denies that class adjudication is appropriate for this action, denies that the purported class is proper, and denies that the Plaintiffs are the proper class representatives.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

54.     Zuffa denies the averments in Paragraph 54 of the Complaint.

55.     Zuffa avers that the allegations in Paragraph 55 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 55 of the Complaint.

56.     Assuming that the Complaint's reference to "one-one-one fights" was intended to be "one-on-one fights," Zuffa admits the averments in Paragraph 56 of the Complaint.

57.     Zuffa admits the averments in Paragraph 57 of the Complaint.

58.     Zuffa denies the averments in Paragraph 58 of the Complaint, except to state that professional Mixed Martial Artists are typically skilled athletes, some of whom train for years before competing professionally.

59.     Zuffa admits the averments in the first sentence of Paragraph 59 of the Complaint, except to state that Paragraph 59 does not contain an exhaustive list of the martial arts disciplines that may be used in MMA.  Zuffa denies the remaining averments except to state that different combat sports have different rules than MMA and different rules than each other.

60.     Zuffa denies the averments in Paragraph 60 of the Complaint, except to state that so-called "professional" wrestling as currently promoted under the umbrella of World Wrestling Entertainment ("WWE") is staged or scripted entertainment, which MMA is not.

61.     Zuffa admits that for bouts that take place in the United States, scoring in live Professional MMA bouts is based on approved definitions, rules, and requirements, typically set by the applicable athletic commission, including without limitation, for striking and grappling, and that many of the definitions, rules, and requirements for MMA are different from boxing, but denies the remaining averments in Paragraph 61.

62.     Zuffa denies the averments in Paragraph 62 of the Complaint.

63.     Zuffa avers that the allegations in Paragraph 63 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 63 of the Complaint.

64.     Zuffa denies the averments in Paragraph 64 of the Complaint.

65.     Zuffa denies the averments in Paragraph 65 of the Complaint, except it admits

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

promoting a live event in the U.S. requires a venue in the U.S.

66.     Zuffa avers that the allegations in Paragraph 66 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies that the geographic market would be limited to North America.

67.     Zuffa denies the averments in Paragraph 67 of the Complaint.

68.     Zuffa denies the averments in Paragraph 68 of the Complaint.

69.     Zuffa denies the averments in Paragraph 69 of the Complaint.

70.     Zuffa denies the averments in Paragraph 70 of the Complaint.

71.     Zuffa denies the averments in Paragraph 71 of the Complaint.

72.     Zuffa denies the averments in the first sentence of Paragraph 72 of the Complaint. Zuffa lacks sufficient knowledge or information to form a belief as to the truth of the second sentence in Paragraph 72 and therefore denies the averments.

73.     Zuffa denies the averments in Paragraph 73 of the Complaint.

74.     Zuffa denies the averments in the first sentence of Paragraph 74 of the Complaint. Zuffa admits that in 2015, its gross revenues exceeded $500 million.

75.     Zuffa denies the averments in Paragraph 75 of the Complaint, except to state that to the extent the averments in Paragraph 75 purport to describe or quote various UFC sources, the articles or interviews themselves, whose sources are not listed in Paragraph 75, are the best source of the full content and context of the quotes.  To the extent Paragraph 75 does not reflect the statements' source, full content and context, Zuffa denies the averments.

76.     Zuffa avers that the allegations in Paragraph 76 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 76 of the Complaint.

77.     Zuffa denies the averments in Paragraph 77 of the Complaint, including because they are circular, except to state that (1) some mixed martial artists train for years before competing professionally; (2) different athletes use different martial arts disciplines or different combinations of martial arts disciplines in MMA bouts; and (3) most professional MMA bouts that take place in the United States are conducted according to the rules promulgated by the

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

applicable state athletic commission or equivalent entity where the bout is held.

78.     Zuffa denies the averments of Paragraph 78 of the Complaint to the extent they rely on the objectionable defined term "Elite Professional MMA" and admits that professional MMA fighters are typically compensated for participating in bouts.

79.     Zuffa denies the averments in Paragraph 79 of the Complaint.

80.     Zuffa denies the averments in Paragraph 80 of the Complaint.

81.     Zuffa denies the averments of Paragraph 81 of the Complaint except to state that Brazilian Jiu Jitsu is a popular sport, both amateur and professional.

82.     Zuffa denies the averments in Paragraph 82 of the Complaint, except to state that professional MMA fighters do train in boxing.

83.     Zuffa denies the averments in Paragraph 83 of the Complaint, except to state that the WWE and similar events are scripted and UFC bouts are not scripted.

84.     Zuffa denies the averments in Paragraph 84 of the Complaint, except to state that professional MMA fighters are often athletes with years of cross-disciplinary training.

85.     Zuffa avers that the allegations in Paragraph 85 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 85 of the Complaint.

86.     Zuffa avers that the allegations in Paragraph 86 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 86 of the Complaint.

87.     Zuffa denies the averments in Paragraph 87 of the Complaint.

88.     Zuffa denies the averments in Paragraph 88 of the Complaint.

89.     Zuffa admits that many successful foreign fighters have traveled to the United States to participate in professional MMA bouts, but otherwise denies the averments in Paragraph 89 of the Complaint.

90.     Zuffa denies the averments in Paragraph 90 of the Complaint.

91.     Zuffa denies the averments in Paragraph 91 of the Complaint.

92.     Zuffa denies the averments in Paragraph 92 of the Complaint.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

93.     Zuffa denies the averments in Paragraph 93 of the Complaint.

94.     Zuffa avers that the allegations in Paragraph 94 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 94 of the Complaint, except to state that preparing to fight in a professional MMA bout typically requires training in more than one martial arts discipline.

95.     Zuffa admits that MMA gained some popularity in the 1990s, but states that MMA was still largely a fringe sport.  Zuffa admits that in more recent years, MMA has become one of the most popular and fastest growing spectator sports in the world.

96.     Subject to its objection to the defined term "Elite Professional MMA," Zuffa admits the averments in Paragraph 96 of the Complaint, except to state that Paragraph 96 does not contain an exhaustive list of the martial arts disciplines used in MMA.

97.     Zuffa avers that the allegations in Paragraph 97 of the Complaint contain legal contentions and characterization to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 97 of the Complaint.

98.     Zuffa lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 98 with regard to all other MMA promoters, and therefore denies them.  With regard to the UFC, Zuffa admits that the UFC is not divided into leagues or teams, although some groups of fighters describe themselves as "teams" and that UFC-promoted bouts involve fighters who have each contracted with Zuffa for the bout.

99.     Zuffa states that the practices of different MMA promoters differ and therefore it is impossible to admit or deny what they ordinarily or typically do.  Zuffa avers that most promoters offer multiple bouts on a card and the main card usually features more prominent fighters than the undercard.

100.     Zuffa denies the averments in Paragraph 100 of the Complaint, including because it lacks knowledge as to the profitability and finances of other promoters, except to state that the strength of the card can be an important factor, but not the only factor, in determining event logistics and generating revenue from an event.

101.     Zuffa denies the averments in Paragraph 101 of the Complaint.

102.    Zuffa denies the averments in Paragraph 102 of the Complaint.

103.    Zuffa lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 103 of the Complaint and therefore denies them.

104.    Zuffa denies the averments of Paragraph 104 of the Complaint to the extent that they purport to describe the conduct of the UFC.  Zuffa lacks sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 104 and therefore denies them.

105.    Zuffa denies the averments in Paragraph 105, except to state that (1) MMA gained some popularity in the 1990s; (2) the UFC was founded in 1993; (3) Dana White was appointed President of the UFC in 2001; and (4) there have been a number of MMA promoters competing vigorously from the 1990s to the present day.  To the extent that Plaintiffs purport to quote or paraphrase public statements in Paragraph 105, Zuffa states that the articles or interviews, whose source is not listed in Paragraph 105, are the most accurate sources for the content and context of those statements.  To the extent Paragraph 105 does not reflect the statements' source, full content and context, Zuffa denies the averments.

106.    Subject to its objections to the terms "Relevant Input Market and Output Markets," Zuffa admits that the averments of Paragraph 106 of the Complaint are generally accurate but states that since 2006, some, but not all, of the UFC's Pay-Per-View events drew more than one million buyers.

107.    Zuffa denies the averments in Paragraph 107 of the Complaint.

108.    Zuffa denies the averments in Paragraph 108 of the Complaint.

109.    Zuffa denies the averments in Paragraph 109 of the Complaint.

110.    Zuffa denies the averments in Paragraph 110 of the Complaint.  To the extent the averments in Paragraph 110 purport to describe a quote attributed to Dana White from a published article, Zuffa states that the article is the best source of its full content and context.  To the extent Paragraph 110 does not reflect the statement's full content and context, Zuffa denies the averments.

111.    Zuffa denies the averments in Paragraph 111 of the Complaint.

112.     Zuffa avers that Paragraph 112 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 112 of the Complaint, except to state that all athletes participating in UFC bouts are independent contractors who are compensated for participating in bouts.

113.     Zuffa denies the averments in Paragraph 113 and responds to the averments in the subparagraphs to Paragraph 113 as follows.  Further, to the extent that these subparagraphs purport to describe contracts, the contracts themselves are the best source of their full context and speak for themselves.

a.     Zuffa avers that Paragraph 113(a) of the Complaint contains legal contentions, conclusions, and characterizations to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 113(a) of the Complaint.

b.     Zuffa avers that Paragraph 113(b) of the Complaint contains legal contentions, conclusions, and characterizations to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 113(b) of the Complaint.

c.     Zuffa avers that Paragraph 113(c) of the Complaint contains legal contentions, conclusions, and characterizations to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 113(c) of the Complaint.

d.     Zuffa avers that Paragraph 113(d) of the Complaint contains legal contentions, conclusions, and characterizations to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 113(d) of the Complaint.

e.     Zuffa avers that Paragraph 113(e) of the Complaint contains legal contentions, conclusions, and characterizations to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 113(e) of the Complaint, except to state that, where Paragraph 113(e) purports to describe or quote

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

1    statements made by Dana White, the statement itself is the best source of its full content

2    and context and speaks for itself.  To the extent Paragraph 113(e) does not reflect the

3    statement's source, full content and context, Zuffa denies the averments.

4              f.       Zuffa avers that Paragraph 113(f) of the Complaint contains legal

5    contentions, conclusions, and characterizations to which no response is required.  To the

6    extent a response is required, Zuffa denies the averments in Paragraph 113(f) of the

7    Complaint.

8              g.       Zuffa avers that Paragraph 113(g) of the Complaint contains legal

9    contentions, conclusions, and characterizations to which no response is required.  To the

10   extent a response is required, Zuffa denies the averments in Paragraph 113(g) of the

11   Complaint.

12             h.       Zuffa avers that Paragraph 113(h) of the Complaint contains legal

13   contentions, conclusions, and characterizations to which no response is required.  To the

14   extent a response is required, Zuffa denies the averments in Paragraph 113(h) of the

15   Complaint.

16   114.    Zuffa denies the averments in Paragraph 114 of the Complaint.

17   115.    Zuffa avers that Paragraph 115 of the Complaint contains legal contentions to

18   which no response is required.  To the extent a response is required, Zuffa denies the averments in

19   Paragraph 115 of the Complaint.

20   116.    Zuffa denies the averments in Paragraph 116 of the Complaint.

21   117.    Zuffa denies the averments in Paragraph 117 of the Complaint, except to state that

22   Zuffa negotiated a deal with THQ, Inc. for the development of a UFC video game.

23   118.    Zuffa denies the averments in Paragraph 118 of the Complaint.

24   119.    Zuffa denies the averments in Paragraph 119 of the Complaint, except to state that

25   the UFC did not use Randy Couture's name and likeness in the materials referred to in the

26   Complaint because, as Paragraph 119 alleges, Mr. Couture refused to grant the UFC the right to

27   use his name and likeness in such materials.  To the extent Paragraph 119 purports to quote or

28   paraphrase Mr. Couture, Zuffa states that the article or interview, whose source is not listed in

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

Paragraph 119, is the best source of the content and context of the quote.  To the extent Paragraph

119 does not reflect the statement's source, full content and context, Zuffa denies the averments.

120.    Zuffa denies the averments in Paragraph 120 of the Complaint.

121.    Zuffa denies the averments in Paragraph 121 of the Complaint.

122.    Zuffa denies the averments in Paragraph 122 of the Complaint.

123.    Zuffa denies the averments in Paragraph 123 of the Complaint, except to state that

Round 5 produced a series of action figures that included a "Rampage" Jackson action figure.

124.    Zuffa denies the averments in Paragraph 124 of the Complaint.

125.    Zuffa denies the averments in Paragraph 125 of the Complaint.

126.    Zuffa denies the averments in Paragraph 126 of the Complaint, except to state that

Fedor Emelianenko has turned down offers to fight in the UFC.

127.    Zuffa denies the averments in Paragraph 127 of the Complaint.

128.    Zuffa denies the averments in Paragraph 128 of the Complaint.

129.    Zuffa denies the averments in Paragraph 129 of the Complaint, except to state that

(1) affiliates of Zuffa acquired the assets of World Extreme Cagefighting and World Fighting

Alliance in December 2006; (2) after its acquisition, an affiliate of Zuffa did operate WEC as a

separate promotion from the UFC for a period of time; (3) WEC bouts were broadcast on a

separate cable network from the UFC for a period of time; (4) Zuffa stated in October 2010 that it

was merging the WEC with the UFC; (5) an affiliate of  Zuffa acquired the assets of Pride

Fighting Championships in 2007.

130.    Zuffa denies the averments in Paragraph 130 of the Complaint and responds to the

allegations in the subparagraphs of Paragraph 130 as follows:

a.      Zuffa denies the averments in Paragraph 130(a) of the Complaint, except to

state Zuffa is without sufficient knowledge or information to form a belief as to the truth

of the averments related to Golden Boy Promotions and its business relationship with

Affliction Entertainment and therefore denies them.

b.      Zuffa denies the averments in Paragraph 130(b) of the Complaint, except to

state that to the best of Zuffa's knowledge, (1) HDNet Fights was founded in 2007 by

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

Mark Cuban, who at the time also owned the Dallas Mavericks and the HDNet television station; and (2) HDNet Fights did promote MMA bouts for a period of time.

131. Zuffa avers that Paragraph 131 of the Complaint contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Zuffa denies the averments in Paragraph 131 of the Complaint, except to state that Strikeforce had a strong roster of fighters, as well as certain broadcast, video game, and sponsorship deals. To the extent Paragraph 131 attempts to quote or paraphrase Strikeforce's statements regarding co-promotion, Zuffa states that the article or statement, whose source is not listed in Paragraph 131, is the best source for the content and context of that assertion. To the extent Paragraph 131 does not reflect the statement's source, full content and context, Zuffa denies the averment.

132. Zuffa denies the averments in Paragraph 132 of the Complaint.

133. Zuffa denies the averments in Paragraph 133 of the Complaint, except to state that (1) the UFC reached contractual agreements with Cung Le, Jason Miller, Nick Diaz, Dan Henderson and Alistair Overeem to compete in the UFC and (2) the final show under the Strikeforce brand was "Strikeforce: Marquardt vs. Saffiedine" on January 1, 2013.

134. Zuffa denies the averments in Paragraph 134 of the Complaint.

135. Zuffa denies the averments in Paragraph 135 of the Complaint.

136. Zuffa states that it lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 136 and therefore denies them.

137. Zuffa states that it lacks sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 137 and therefore denies them.

138. Zuffa denies the averments in Paragraph 138 of the Complaint.

139. Zuffa denies the averments in Paragraph 139 of the Complaint.

140. Zuffa denies the averments in Paragraph 140 of the Complaint.

141. Zuffa denies the averments in Paragraph 141 of the Complaint, including for lack of sufficient knowledge or information to form a belief as to the truth those of averments, except to state that (1) Resurrection Fighting Alliance is broadcast on AXS TV; (2) Ed Soares has been

associated with Resurrection Fighting Alliance; and (3) Resurrection Fighting Alliance has licensed Zuffa's trademarked Octagon-shaped fighting enclosure.

142.    Zuffa is without sufficient knowledge or information to form a belief regarding the truth of the averments related to Titan Fighting Championship's contracts or business purpose or quotes or paraphrases attributed to their personnel, and therefore denies them, except to state that Titan Fighting Championship has been broadcast on the CBS Sports cable network.

143.    Zuffa denies the averments in Paragraph 143 of the Complaint, except to state that Legacy Fighting Championship is broadcast on AXS TV.  Zuffa is without sufficient knowledge or information to form a belief regarding the remaining allegations in the Complaint and therefore denies them.

144.    Zuffa avers that the allegations in Paragraph 144 of the Complaint contain legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 144 of the Complaint, except to state that (1) Invicta Fighting Championship bouts are broadcast on Fight Pass; (2) Invicta Fighting Championship has to date solely promoted women's MMA events; and (3) Invicta Fighting Championship licenses the use of Zuffa's trademarked Octagon-shaped fighting enclosure.

145.    Zuffa denies the averments in Paragraph 145 of the Complaint.  To the extent that Paragraph 145 purports to quote or paraphrase Mr. White, Zuffa states that the article or interview in which the statement took place, whose source is not listed in Paragraph 145, is the best source for the content and context of the statement.  To the extent Paragraph 145 does not reflect the statement's source, full content and context, Zuffa denies the averment.

146.    Zuffa denies the averments in Paragraph 146 of the Complaint.

147.    Zuffa denies the averments Paragraph 147 of the Complaint.

148.    To the extent Paragraph 148 of the Complaint purports to describe and quote a statement made by Mr. White, Zuffa states that the article or interview, whose source is not listed in Paragraph 148, is the best source of its full content and context.  To the extent Paragraph 148 does not reflect the statement's source, full content and context, Zuffa denies the averments.

149.    Zuffa denies the averments in Paragraph 149 of the Complaint.

150.     Zuffa denies the averments of Paragraph 150 of the Complaint except to state that Zuffa held an event called UFC Fight Night on September 5, 2014 at Foxwoods Resort and Casino.

151.     Zuffa denies the averments in Paragraph 151 of the Complaint.

152.     Zuffa denies the averments in Paragraph 152 of the Complaint.

153.     Zuffa denies the averments in Paragraph 153 of the Complaint.

154.     Zuffa denies the averments in Paragraph 154 of the Complaint.

155.     Zuffa denies the averments in Paragraph 155 of the Complaint.  To the extent Paragraph 155 of the Complaint purports to describe and quote a statement made by Mr. White, Zuffa states that the article or interview, whose source is not listed in Paragraph 155, is the best source of its full content and context.  To the extent Paragraph 155 does not reflect the statement's source, full content and context, Zuffa denies the averments.

156.     Zuffa denies the averments in the first sentence of Paragraph 156 of the Complaint.  Zuffa lacks sufficient knowledge or information to form a belief regarding the truth of the averments in the second sentence of Paragraph 156 and therefore denies them.

157.     Zuffa denies the averments in Paragraph 157 of the Complaint, except to state that the total numbers of Pay-Per-View buys for UFC events have increased substantially since 2001.

158.     Zuffa denies the averments in Paragraph 158 of the Complaint.

159.     Zuffa denies the averments in Paragraph 159 of the Complaint.

160.     Zuffa denies the averments in Paragraph 160 of the Complaint.

161.     Zuffa denies the averments in Paragraph 161 of the Complaint.

162.     Zuffa admits the averments in Paragraph 162 of the Complaint, except to state that Zuffa has promoted bouts in fewer than 30 states.

163.     Zuffa incorporates by reference all of its averments in the preceding and ensuing paragraphs as if fully set forth herein.

164.     Zuffa avers that Paragraph 164 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 164 of the Complaint.

165.    Zuffa avers that Paragraph 165 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 165 of the Complaint.

166.    Zuffa denies the averments in Paragraph 166 of the Complaint.

167.    Zuffa denies the averments in Paragraph 167 of the Complaint.

168.    Zuffa denies the averments in Paragraph 168 of the Complaint, denies that class adjudication is appropriate for this action, that the purported class is proper, and that the Plaintiffs are the proper class representatives.

169.    Zuffa avers that Paragraph 169 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 169 of the Complaint and denies that class adjudication is appropriate for this action, that the purported class is proper, and that the Plaintiffs are the proper class representatives.

170.    Zuffa avers that Paragraph 170 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 170 of the Complaint and denies that class adjudication is appropriate for this action, that the purported class is proper, and that the Plaintiffs are the proper class representatives.

171.    Zuffa avers that Paragraph 171 of the Complaint contains legal contentions to which no response is required.  To the extent a response is required, Zuffa denies the averments in Paragraph 171 of the Complaint and denies that class adjudication is appropriate for this action, that the purported class is proper, and that the Plaintiffs are the proper class representatives.

172.    Zuffa denies that Plaintiffs are entitled to judgment or any of the relief requested.

Zuffa denies each and every averment of the Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

Zuffa sets forth its affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any

particular issue or subject matter is relevant to the allegations in the Complaints. Zuffa reserves the right to amend or supplement its affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Zuffa alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims as alleged in the Complaint are not appropriate for class action treatment under Rule 23 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, or the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims have been released, or barred by the doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they have failed to allege, and have not suffered, antitrust injury.

### SIXTH AFFIRMATIVE DEFENSE

The exercise of intellectual property rights is privileged and protected under the United States Constitution and other federal statues, which bars Plaintiffs' claims alleged here.

### SEVENTH AFFIRMATIVE DEFENSE

Zuffa's use of the Plaintiffs' names, sobriquets, voice, persona, signature, likeness, biography and other similar identifiers are privileged in whole or in part under Nevada Revised Statutes § 597.790, California Civil Code § 3344(a), and similar state laws.

### EIGHTH AFFIRMATIVE DEFENSE

Zuffa's use of the Plaintiffs' names, sobriquets, voice, persona, signature, likeness, biography and other similar identifiers is privileged in whole or in part by the doctrine of Fair Use.

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

## NINTH AFFIRMATIVE DEFENSE

Zuffa's use of the Plaintiffs' names, sobriquets, voice, persona, signature, likeness, biography and other similar identifiers is privileged in whole or in part by Section 301 of the Copyright Act.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred in whole or in part because the alleged damages, if any, are speculative, and because of the impossibility of the proof of allocation of these alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The acts and practices of persons or entities not associated with Zuffa, and ongoing economic events, constitute intervening and supervening causes of the alleged harm, if any, to competition.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to assert them individually or as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Zuffa had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their claims are ambiguous and/or unintelligible.  Zuffa avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit Zuffa to ascertain what other defenses may exist.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were not proximately caused by Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage or losses, such damage or losses are not cognizable for

the claims asserted by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the "failing company" defense because some or all of the companies Zuffa acquired were each failing and Zuffa's acquisition promoted market efficiency, enhanced consumer welfare, and fostered competition.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they have either mitigated their damages, if any, or failed to make reasonable efforts to mitigate their damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any damages they suffered from the alleged conduct must be offset from the benefits they received from the alleged conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Zuffa hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserve their right to amend this Answer and assert such defenses.

### JURY DEMAND

Zuffa demands a trial by jury.

///

///

///

///

///

///

///

///

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.

# PRAYER FOR RELIEF

WHEREFORE, Zuffa respectfully requests that this Court:

1. Enter judgment against Plaintiffs and in favor of Zuffa;

2. Dismiss the Complaint in its entirety, with prejudice;

3. Decline to award Plaintiffs' requested relief;

4. Award Zuffa their costs and reasonable attorneys' fees incurred in this action;

5. Grant such other and further relief as the Court may deem just and proper.

Dated: January 19, 2016           Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: ___/s/ *John F. Cove Jr.*_____
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

John F. Cove, Jr. (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

William A. Isaacson (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate
Fighting Championship and UFC

**ATTESTATION OF FILER**

The signatory to this document is John F. Cove, Jr. and I have obtained his permission to file this document on his behalf.

Dated: January 19, 2016

By: _____/s/ Perry M. Grossman_____

Perry M. Grossman (Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
Email: pgrossman@bsfllp.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **DEFENDANT ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** was served on January 19, 2016 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

___ _/s/ Perry M. Grossman_____

Perry M. Grossman, an Employee of Boies, Schiller & Flexner, LLP

ZUFFA, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED AM. COMPL.