AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| Cung Le, Nathan Quarry and Jon Fitch, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:15-cv-01045-RFB-PAL |
| Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where: |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  TOP RANK, INC., c/o David Marroso, O'Melveny, 1999 Avenue of the Stars, 8th Floor, Los Angeles, CA 90067, dmarroso@omm.com

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A, attached.

| Place: Warner Angle Hallam Jackson & Formanek PLC 2555 E. Camelback Road, Suite 800 Phoenix, Arizona  85016, or a place within 100 miles of | Date and Time: February 28, 2017, 5:00 p.m., or as mutually agreed |
|---|---|

Los Angeles, CA, as mutually agreed to by the parties

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____02/02/2017_____

|  | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/Robert C. Maysey |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____Cung Le, Nathan Quarry and Jon Fitch, et al._____ , who issues or requests this subpoena, are:

James Valletta, Warner Angle Hallam Jackson & Formanek PLC, 2555 E. Camelback Road, Suite 800, Phoenix, Arizona  85016; jvalletta@warnerangle.com; (602) 264-7101

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.   2:15-cv-01045-RFB-PAL

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____         _____

                                                *Server's signature*

                                    _____

                                                *Printed name and title*


                                    _____

                                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## I.   DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Action**" means *Le et al. v. Zuffa, LLC*, No. 2:15-cv-1045 (D. Nev).

3.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, Youtube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations,

telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Bluray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, Youtube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Boxer**" means any Person who participates as a combatant in a Boxing event.

8.  "**Boxing Promoter**" or "**Boxing Promotion**" means a person or entity that arranges Professional Boxing Events.

9.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home

address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

11. "**Identity**" of a Professional Boxer means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

12. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

13. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

14. "**Plaintiffs**" means Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

15. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors,

officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

16. "**Professional Boxing Fight**" means a fight between two Professional Boxers.

17. "**Professional Boxing Event**" means one or more Professional Boxing Fights presented by an Boxing Promoter before a live audience and/or for Broadcast.

18. "**Professional Boxer**" means a Boxer who is compensated as a combatant in a Boxing Event.

19. "**Relevant Parties**" include Zuffa, LLC; Fertitta Business Management, LLC;; Forza, LLC; The Frank J. Fertitta, III, and Jill Ann Fertitta Family Trust; Frank J. Fertitta, III 2006 Irrevocable Trust; Frank J. Fertitta, III 2006 Irrevocable Trust Dated May 26, 2006; Dana and Anne White 2012 Irrevocable Trust Dated December 20, 2012; Lorenzo J. Fertitta 2006 Irrevocable Trust; Lorenzo J. Fertitta 2006 Irrevocable Trust dated May 26, 2006; The Lorenzo J. Fertitta and Theresa Jo Fertitta Family Trust;  Fertitta Business Management LLC; Fertitta Enterprises, Inc.;.

20. "**You**," "**Your**," "**Your Company**" means TOP RANK, INC. ("TOP RANK") and its predecessors, successors, subsidiaries, departments, divisions, affiliates, and any organization or entity which TOP RANK manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

21. "**Zuffa**," "**UFC**," and "**Defendant**" all mean Zuffa, LLC, Forza, LLC, Ultimate Fighting Championship, UFC, and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity Zuffa, LLC manages or

controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Zuffa, LLC's behalf including, without limit, Lorenzo Fertitta, Dana White, Ike Lawrence Epstein, Kirk Hendrick, or Michael Mersch.

## II.   <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld,

and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of Zuffa, LLC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the [Proposed] Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on September 25, 2015 [ECF No. 186], attached hereto as Exhibit 1.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text)

and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a

waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move

to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify,

limit, alter or otherwise influence in any way how to interpret these document requests.

## III.   RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is

January 1, 2005 through the present (the "**Relevant Time Period**"). These document requests

seek all responsive Documents created or generated during the Relevant Time Period, as well as

responsive Documents created or generated outside the Relevant Time Period, but which contain

information concerning the Relevant Time Period.

## IV.   PRODUCTION REQUESTS

### REQUEST NO. 1.

Your Company's Income Statements, including event-level profit and loss statements for

the Relevant Time Period, including without limitation All Documents, including depositions,

declarations, affidavits, or other statements under oath, You produced in any lawsuits or

arbitrations, or to any governing athletic commission or sanctioning body, relating to TOP

RANK's accounting of its revenues, expenses, and profits.

### REQUEST NO. 2

Data in as granular form as it is maintained (itemized ledger entries, if they exist)

sufficient to show all bout-related revenues and expenses (including for championship bouts,

bouts where victory leads to championship, and all other Professional Boxing Events), payments

made to individual Professional Boxers (including purses, bonuses, pay-per view, and any other

event and non-event related payments), and non-bout related revenues and expenses.

## REQUEST NO. 3

To the extent not included in Your response to Request Nos. 1 and 2 above, documents sufficient to substantiate Bob Arum's statement that TOP RANK pays 80% of event revenue to the Professional Boxers who participate in bouts promoted by TOP RANK, as set forth in the following article: http://www.mmamania.com/2011/9/23/2444228/bob-arum-fires-back-at-dana-white-ufc-fighters-get-paid-nothing.

## REQUEST NO. 4.

A Representative Sample of All Agreements between TOP RANK and any Boxers, relating to participation in a Professional Boxing Fight or Professional Boxing Event, and any Documents and Communications relating to the negotiation, termination, cancellation or transfer thereof. Responsive Documents include, without limitation, executed Agreements, draft Agreements, side letters, all negotiations between TOP RANK and any Boxer, including any Professional Boxer, or their agents, managers, promoters, or other representatives (regardless of whether such negotiations resulted in an executed Agreement), copies of any form agreements; and all Documents relating to the effects any such actual or potential Agreements between TOP RANK and any Athlete, including any professional Boxer, had on TOP RANK's revenues, valuation, or ability to operate profitably as a Boxing Promoter.

# EXHIBIT
# 1

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

Exhibit 1

1   WILLIAM A. ISAACSON (Admitted *Pro Hac Vice*)
    (wisaacson@bsfllp.com)
2   BOIES, SCHILLER & FLEXNER LLP
3   5301 Wisconsin Ave, NW, Washington, DC  20015
    Telephone: (202) 237-2727; Fax: (202) 237-6131
4
5   JOHN F. COVE, JR. (Admitted *Pro Hac Vice*)
    (jcove@bsfllp.com)
6   BOIES, SCHILLER & FLEXNER LLP
    1999 Harrison Street, Suite 900, Oakland, CA  94612
7   Telephone: (510) 874-1000; Fax: (510) 874-1460

8   RICHARD J. POCKER #3568
    (rpocker@bsfllp.com)
9   BOIES, SCHILLER & FLEXNER LLP
10  300 South Fourth Street, Suite 800, Las Vegas, NV  89101
    Telephone: (702) 382 7300; Fax: (702) 382 2755
11
    DONALD J. CAMPBELL #1216
12  (DJC@campbellandwilliams.com)
    J. COLBY WILLIAMS  #5549
13  (JCW@campbellandwilliams.com)
14  CAMPBELL & WILLIAMS
    700 South 7th Street, Las Vegas, NV  89101
15  Telephone: (702) 382-5222; Fax: (702) 382-0540

16  *Attorneys for Defendant* Zuffa, LLC, d/b/a
    Ultimate Fighting Championship and UFC
17

18              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF NEVADA**
19

| | |
|---|---|
| 20   **Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,** | Lead Case No.: 2:15-cv-01045-RFB-(PAL) |
| 21  | Member Case Nos.: |
| **Plaintiffs,** | 2:15-cv-01046-RFB-(PAL) |
| 22  | 2:15-cv-01055-RFB-(PAL) |
| **v.** | 2:15-cv-01056-RFB-(PAL) |
| 23  | 2:15-cv-01057-RFB-(PAL) |
| **Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,** | |
| 24  | **[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| **Defendant.** | |
| 25  | |
| 26   **And Related Consolidated Cases** | |
| 27  | |

28

1.   **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in the above-captioned case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2.   **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3.   **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4.   **PRESERVATION**

The parties have discussed their preservation obligations and needs, and agree that potentially relevant ESI has been preserved, and will continue to be preserved, in a reasonable and proportionate manner. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved during the litigation, the parties agree that:

    a) The duty to preserve evidence is separate and apart from the duty to produce evidence, and the duty to preserve is broader in scope than the duty to produce. The duty to preserve evidence applies to all evidence a party knows or should know is relevant or may lead to the discovery of relevant evidence, and goes into effect as soon as a potential claim is identified. The duty to produce evidence applies to evidence that is responsive to the other party's discovery requests or that a party plans to use for its own claims or defenses.

    b) Subject to the exceptions enumerated below in paragraph (f), Defendant Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC ("Zuffa") has taken reasonable and good faith steps to preserve relevant ESI created or received between January 1, 2000 and August 28,

2

1  2015, to the extent such relevant ESI existed as of the date the first Complaint in this action

2  was filed.  Zuffa will continue to preserve such information, subject to any agreements the

3  Parties reach pursuant to section 4(d) below or further Court order.

4  c)  Subject to the exceptions enumerated below in paragraph (f), Plaintiffs have taken reasonable

5  and good faith steps to preserve ESI created or received on or after January 1, 2000. Plaintiffs

6  will continue to preserve such information, subject to any agreements the Parties reach

7  pursuant to subsection 4(d) below or further Court order.

8  d)  The Parties will meet and confer to agree on the extent to which ESI and other information

9  created after August 28, 2015 needs to be preserved as it is created.  The Parties will also meet

10  and confer on whether there is ESI already preserved that no longer needs to be preserved.

11  e)  The parties have exchanged information regarding ESI that is being preserved. The parties

12  have discussed the identification of non-custodial sources of potentially relevant ESI. All

13  parties have advised that they have implemented litigation holds and that they have taken

14  reasonable and good faith steps to preserve all existing relevant company, class

15  representative, and custodial files.

16  f)  The parties have conferred about sources of potentially relevant ESI that are not reasonably

17  accessible because of undue burden or cost. To the extent Plaintiffs or Defendant identifies

18  potentially relevant ESI that is not reasonably accessible, the parties agree that they are not

19  required to preserve, search, review or produce such ESI, provided that the party that has

20  identified what it reasonably believes to constitute such ESI provides reasonable notice to the

21  opposing party. The parties shall meet and confer following such notice. Upon agreement by

22  the parties or a Court order, the party in possession of ESI that is not reasonably accessible

23  shall not be required to preserve, search, review or produce such ESI. The parties have agreed

24  that the following sources of data may not be reasonably accessible and have agreed that they

25  need not preserve, search, review, or produce the following:

26         i.  Backup media, backup tapes, or other long-term storage media that were

27           created strictly for use as a data back-up or disaster recovery medium
provided, however, that all such data shall be preserved if the data cannot be

28           accessed in any other way than the backup media;

ii. Automatically saved versions of documents and temporary data stored in random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system;

iii. Data only accessible by advanced forensic analysis, including deleted, slack, fragmented data;

iv. Temporary Internet files, history, cache, and cookies;

v. Voicemail messages received after August 28, 2015; and

vi. Logs of communications made from mobile devices that were created after August 28, 2015.

Each party reserves the right to identify additional categories of data that are not reasonably accessible as the litigation progresses.

g) The parties have discussed proportionality considerations and will meet and confer to discuss, to the extent not already addressed above, the types of ESI they believe should be preserved, the general job titles or descriptions of custodians, agents, and representatives for whom they believe ESI should be preserved, and the number of custodians per party for whom they believe ESI should be preserved. The parties may add or remove custodians as reasonably necessary.

5.   **SEARCH TERMS AND TECHNOLOGY-ASSISTED REVIEW**

The parties will meet and confer about methods to search, cull, and identify potentially responsive ESI, including: (a) identification of custodians and use of filtering search terms to identify ESI that is potentially responsive to the parties' discovery requests; and (b) whether it is appropriate to use identification of computer-assisted and/or linguist-assisted review to identify ESI that is potentially responsive to the parties' discovery requests and to filter out ESI that is not subject to discovery.

6.   **DE-DUPLICATION AND DE-NISTING**

The parties agree to de-duplicate ESI across custodians.  The parties may de-NIST ESI using the current list of system files maintained by the National Software Reference Library.

7.   **PRODUCTION FORMATS**

The parties generally agree to produce responsive, non-privileged documents in TIFF and native formats with load files, with specifications for production formats and production of metadata set forth in

1   Exhibit A to this [Proposed] Stipulated Order. The parties agree not to degrade the searchability of

2   documents as part of the document production process.

3   The parties will meet and confer to determine whether responsive and non-privileged

4   discoverable documents previously produced to the Federal Trade Commission or any other government

5   agency can be deemed compliant with the production protocol.

6   8.   **DOCUMENTS PROTECTED FROM DISCOVERY**

7   a)   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected

8   document (collectively, a "privileged document"), whether inadvertent or otherwise, is not

9   a waiver of privilege or protection from discovery in this case or in any other federal or

10   state proceeding. For example, the mere production of privileged or work-product-

11   protected documents in this case as part of a mass production is not itself a waiver in this

12   case or in any other federal or state proceeding.

13   b)   The parties have agreed upon a "claw back" procedure and, subject to Court approval,

14   reserve rights to assert privilege as will be provided for in the Protective Order.

15   c)   When a Producing Party gives notice to Receiving Parties that it inadvertently produced

16   documents, testimony, information, and/or things that are protected from disclosure under

17   the attorney-client privilege, work product doctrine, and/or any other applicable privilege

18   or immunity from disclosure, or the Receiving Party discovers such inadvertent

19   production, the inadvertent production shall not be deemed a waiver of the applicable

20   privilege or protection.  The Receiving Party shall immediately return all copies of such

21   documents, testimony, information and/or things to the inadvertently Producing Party and

22   shall not use such items for any purpose until further order of the Court.  If the Receiving

23   Party does not challenge the designation, such return must occur within three (3) business

24   days of receipt of notice or discovery of the inadvertent production. If a Receiving Party

25   wishes to challenge the designation, the Receiving Party must inform the Producing Party

26   within three (3) business days of receipt of notice or discovery of the inadvertent

27   production, and must file its challenge to the privilege designation with the Court within

28   seven days of notifying the Producing Party of its intent to challenge, unless the Parties

5

agree to a longer schedule.  The Receiving Party may maintain a copy of the challenged document solely for the purpose of the privilege challenge until the Court resolves the issue, but may not disclose or otherwise use the document until the Court resolves the issue.  The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

d)   Privileged communications involving the Parties that post-date the filing of the First Complaint in this consolidated action (*Le, et. al v. Zuffa, LLC*) need not be placed on a privilege log.

**9.   MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: September 1, 2015                By:        */s/ John F. Cove, Jr.*
                                                          John F. Cove, Jr.

John F. Cove, Jr. (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel: (510) 874-1000
Fax: (510) 874-1460
Email: jcove@bsfllp.com

William A. Isaacson (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727;
Facsimile:  (202) 237-6131
wisaacson@bsfllp.com

Richard J. Pocker (#3568)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382 7300;
Facsimile:  (702) 382 2755
rpocker@bsfllp.com

6

Donald J. Campbell (#1216)
J. Colby Williams (#5549)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222;
Facsimile: (702) 382-0540
DJC@campbellandwilliams.com
JCW@campbellandwilliams.com


*Attorneys for Defendant Zuffa, LLC*


Dated: September 1, 2015          By:      */s/ Don Springmeyer*
                                          Don Springmeyer

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
Justin C. Jones (Nevada Bar No. 8519)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com


JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri (*pro hac vice* pending)
Joshua P. Davis (*pro hac vice* pending)
Matthew S. Weiler (*pro hac vice* pending)
Kevin E. Rayhill (*pro hac vice* pending)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey (*pro hac vice* pending)
Jerome K. Elwell (*pro hac vice* pending)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Benjamin D. Brown (*pro hac vice* pending)
Richard A. Koffman (*pro hac vice* pending)
Hiba Hafiz (*pro hac vice* pending)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
bbrown@cohenmilstein.com
hhafiz@cohenmilstein.com

Eric L. Cramer (*pro hac vice* pending)
Michael Dell'Angelo (*pro hac vice* pending)
Patrick Madden (*pro hac vice* pending)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Eugene A. Spector (*pro hac vice* pending)
Jeffrey J. Corrigan (*pro hac vice* pending)
Jay S. Cohen (*pro hac vice* pending)
William G. Caldes (*pro hac vice* pending)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300
Facsimile:   (215) 496-6611
espector@srkw-law.com
jcorrigan@srkw-law.com
jcohen@srkw-law.com
bcaldes@srkw-law.com

Frederick S. Schwartz (*pro hac vice* pending)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:  (818) 986-2407
Facsimile:    (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry and Jon Fitch, Luis Javier*
*Vazquez, Dennis Lloyd Hallman, Brandon Vera,*
*Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle*
*Kingsbury and Darren Uyenoyama*

9

**IT IS SO ORDERED**:

_____

HON. PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE,

DATED: _____

1

### ATTESTATION OF FILER

2

The signatories to this document are myself and Don Springmeyer, and I have obtained Mr.

3

Springmeyer's concurrence to file this document on his behalf.

4

5

Dated:  September 1, 2015

6

7

BOIES, SCHILLER & FLEXNER LLP

8

By:   */s/ John F. Cove, Jr.*

John F. Cove, Jr. (*Pro Hac Vice*)

9

1999 Harrison Street, Suite 900

Oakland, CA 94612

10

Tel: (510) 874-1000

Fax: (510) 874-1460

11

Email: jcove@bsfllp.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A – PRODUCTION FORMAT REQUESTS

Responsive, non-privileged documents and ESI shall be produced as follows:

**A. Production Format**

   **1. Native Productions**

Except as specified in this section, all documents may be produced in TIFF format.

All spreadsheet files (e.g., Excel), audio, and video files shall be produced in native format to the extent possible. Additionally, any other file types that cannot be converted to TIFF will be produced in native format.

"Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native file productions shall include metadata as set forth in Section B and a single page TIFF image indicating that the associated file was produced in native form. Each produced native file shall be named with a unique Bates Number (e.g., ABC00000001.xls). If the file contains privileged or work product content, the producing party may TIFF the document to redact that content from the document before production and produce the redacted document in TIFF format.

To the extent that any such native files are used in any pretrial motion or proceeding, those files will be referred to by the Bates-number(s) assigned during processing.

   **2. TIFF Productions**

Defendant has indicated that it intends to make its document productions in TIFF format, with the exception of those document formats specified above. Plaintiffs may also use TIFF production. The standards below pertain to TIFF productions.

      **a. Image Production Standard**

(1) **TIFF Images.** Unless otherwise stated in this Production Protocol, each document shall be produced in Group IV Tagged Image File Format ("TIFF") regardless of whether such documents are stored by the parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy.

All TIFF images shall be produced in a folder named "IMAGES", which shall contain sub-folders named "0001", "0002", etc. Each sub-folder shall contain no more than 3,000 images. Images from a single document shall not span multiple sub-folders.

1    (2) **Load Files.** Document productions shall include Concordance-compatible Load Files,

2    including a Concordance DAT file and an Opticon delimited file, that indicate document breaks of the

3    TIFF images and additional fields as identified in Section B below.  All Load and Cross-reference files

4    shall be produced in a folder named "DATA".

5    (3) **File Name.** Each document image file shall be named with the unique Bates Number of the

6    page of the document in question followed by the file extension "TIF". File names should not be more

7    than fifteen characters long or contain spaces or underscore symbols.

8    (4) **Document Unitization.** If a document is more than one page, the unitization of the document

9    and any attachments and/or affixed notes shall be maintained as they existed in the original document.

10    (5) **Color.** Documents shall be produced as black and white TIFF images.  Upon written request, a

11    party shall produce color documents reasonably necessary to decipher the complete meaning, context, or

12    content of the documents which were originally in color.  The requesting party shall specify the requested

13    documents by Bates Number range.

14    **3.      Searchable Text:** In addition to TIFF images and/or Native files, each production will

15    include text files corresponding to the TIFF image or Native files described above.

16    **a.      Hard Copy Documents.** Hard copy documents shall be scanned using Optical

17    Character Recognition ("OCR") technology and searchable ASCII text (or Unicode text if the text is in a

18    language requiring characters outside of the ASCII character set) files shall be produced. Each file shall

19    be named with the unique Bates Number of the first page of the corresponding TIFF document followed

20    by the extension "TXT".

21    **b.      Extracted Text or Optical Character Recognition ("OCR") Text for TIFF**

22    **Images and Native Files.**   To the extent practicable, each individual document based on an electronic

23    file shall be accompanied by one corresponding text file with text that is extracted from the electronic

24    file, not generated as an OCR file from the TIFF image(s). The Extracted Text shall be provided in

25    searchable ASCII text format (or Unicode text format if the text is in a language requiring characters

26    outside of the ASCII character set) and shall be named with the unique Bates Number of the first page of

27    the corresponding TIFF document followed by the extension "TXT". Searchable text files corresponding

28    to the TIFF image files for redacted Electronic Documents must include Extracted Text or OCR text only

13

1    to the extent that it will not disclose redacted information. The production of relevant ESI in searchable,

2    full text format is limited to those forms of ESI that have text (in other words, any non-text formats [*e.g.,*

3    .wav and .jpeg] would not produce any corresponding text files).

4            All Extracted Text and OCR files shall be produced in a folder named "TEXT".   The

5    Concordance load file will contain a link to the extracted text or OCR text file if applicable. The text

6    should not be included in the Concordance .DAT load file.

7            **4.      Databases.**  Databases are not included in this Production Protocol, but will be the subject

8    of meet-and-confers as needed.

9        **B.  Metadata Fields**

10           The following corresponding metadata fields, to the extent applicable to a produced electronic

11   document, will be included in a searchable fielded data file, regardless of the production format:

12       •        *BegDoc (Beginning Bates number)
         •        *EndDoc (Ending Bates number)
13       •        *BegAttach (Begin Attachment(s) Bates number)
         •        *EndAttach (End Attachment(s) Bates number)
14       •        *PgCount (Page Count)
         •        *Type ("P" for parent document; "C" for child document)
15       •        Document File extension or application
         •        Document Date (date sent for e-mails; latest chronologically saved date for electronic
16               documents; MM/DD/YYYY format)
         •        Sent Time (e-mails only)
17       •        Create Date
         •        Create Time
18       •        Author
         •        From
19       •        Recipients (multiple entries separated by "; ")
         •        CC (multiple entries separated by "; ")
20       •        BCC (multiple entries separated by "; ")
         •        Subject (for emails)—unless the subject has been redacted
21       •        Title (for files)—unless the document title has been redacted
         •        *Custodian (Last Name, First Name) (multiple entries separated by "; ")
22       •        File Name
         •        Modified Date
23       •        Modified Time
         •        *Full Text File Location (the corresponding text file will contain re-OCR'd text if redactions
24               were made)
         •        * Notation of Redaction presence (if applicable; designated with "Redacted")
25       •        *Confidentiality Designation (if applicable)
         •        DocLink
26       •        MD5 or SHA1 Hash

27   * *If hard copy documents are produced, only these fields of information will be included in the load file.*

28           No party will have any obligation to manually generate information to populate these fields.

14

1.     **Redactions.** For redacted electronic documents, metadata fields must be produced only to the extent such fields will not disclose redacted information.

2.     **Redaction of Images.** If the parties redact images on grounds of the attorney-client privilege or attorney work product doctrine, these redactions will be listed on a Privilege Log.  In the event a document is redacted, the redaction will be marked by either a box that covers the protected text and/or the term "Redacted." The extracted text described above will not be delivered for that document and in place of extracted text, OCR output will be delivered based on the redacted images, to the extent reasonably feasible.  The parties agree and understand that redaction requires that a document be produced in TIFF format.

3.     **Parent/Child.** Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata. Bates numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value Bates Number when compared to its attachment(s).

4.     **Foreign Language Documents.** The parties agree that the producing party shall not bear the cost of translating foreign language documents produced in this case. The requesting parties shall bear the burden of any costs associated with the translation of foreign language documents.

**C. De-Duplication of Productions**

To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values) reside within a party's ESI data set, each Party may produce only a single copy of a responsive document.  Exact duplicate shall mean bit-for-bit identicality of the document content.  For exact duplicate documents, the Producing Party will produce the metadata described in Section B herein for the produced copy, as well as any such metadata that differs for the duplicate document(s). De-duplication shall be done at the document family level, such that where any exact duplicate documents have attachments, hash values must be identical for both the document-plus-attachment (including associated metadata) as well as for any attachment (including associated metadata) standing alone.

The parties may de-duplicate identical ESI vertically (i.e., by custodian) and horizontally (i.e., globally across custodians).  If the Producing Party chooses to de-duplicate horizontally, the Producing Party shall populate the Custodian field listed in Section B herein that identifies each custodian who had the produced document in his or her files.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **[Proposed] Stipulated Order re: Discovery of Electronically Stored Information** was served on September 1, 2015 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.


_____/s/ Suzanne E. Jaffe_____

An employee of Boies, Schiller & Flexner, LLP