UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CUNG LE, et al.,<br><br>                Plaintiffs,<br>v.<br><br>ZUFFA, LLC, et al.,<br><br>                Defendants. | Case No. 2:15-cv-01045-RFB-PAL<br><br>**ORDER** |

At the status and dispute resolution conference conducted July 13, 2017, the court briefly addressed the parties' disputes about the adequacy of Zuffa's privileged document log. Zuffa produced a privileged document log on April 7, 2017, which contained approximately 30,000 entries. On July13, 2017, Zuffa served a revised privileged document log withdrawing claims of privilege for in excess of 11,000 documents on the initial log. Zuffa produced the documents which had been withheld and/or redacted for which privilege is no longer claimed, and contends the parties' disputes about the privilege log are now moot. Plaintiffs contend that the privileged document log is inadequate, fails to comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure, was not timely served and that Zuffa should therefore be deemed to have waived any applicable privilege.

Counsel for the plaintiffs filed an Emergency Motion to Compel Production of Documents Withheld on Privilege Grounds and for Other Relief (ECF No. 443) and requested that the court decide the motion before depositions scheduled in mid-July and early August. This was simply not feasible given the court's docket. However, the court required counsel for Zuffa to produce 25% of the Dana White documents withheld on the basis of privilege for *in camera* review. The court directed that Zuffa select every fourth document on the privileged document log for *in camera* review along with the privilege log. Eighty-six documents were submitted with a cover

letter that was also sent to opposing counsel describing Zuffa's "voluntary re-review of log entries identified by Plaintiffs" that fell within enumerated categories. The court has now completed the *in camera* review and sustains Zuffa's claim of privilege with the exception of the documents described below, which the court will compel Zuffa to produce:

1. Privileged Document No. 1150 – Zuffa's privilege log claims the document is attorney-client privileged. It was withheld in its entirety. It is an August 16, 2011 press release. Zuffa claims the document is privileged because it was forwarded to counsel for the purpose of obtaining legal advice regarding broadcasting agreements. This is a document that was intended to be released to the public about an agreement reached with Fox. No portion of the document contains any mental impressions or analysis of counsel. There are no notations on the documents requesting any input or advise from counsel. Thus, although the court accepts the representation the document was forwarded to counsel for review, the document itself does not contain any indication of the purpose for which the document should be reviewed by counsel. It is simply a draft press release. Assuming a press release on the same subject was actually released to the media, opposing counsel could compare the draft press release with the one actually released to the media and determine what, if any, changes had been made. A comparison would not reveal the mental impressions or advice of counsel. It would reveal what was changed, but not why it was changed, or what advice, if any, counsel provided.

2. Privileged Document No. 2234 – Zuffa's privilege log describes the document as an October 3, 2006 email chain providing legal advice regarding distribution agreements. It was withheld in its entirety. Attorney-client privilege is claimed. Although the header of the document indicates that it is an email from Kirk Hendrick to Lorenzo Fertitta, it begins with a thanks to "Ken" of Crocop. It agrees to a bonus when a contract is signed, discusses contract terms Zuffa is willing to enter into with Crocop, accepts Corcop's ["your offer] of Zuffa controlling a certain portion of Crocop's business line, outlines the cost and revenue Zuffa expected to flow from the parties' agreement, and inquires whether Crocop "can get out of his last fight with pride" to be able to fight for Zuffa on a certain date in Las Vegas.

3. Privileged Document No. 3070 – Zuffa's privilege log describes the document as an October 8, 2007 email chain requesting legal advice regarding corporate matters. Attorney-client privilege is claimed and it was withheld in its entirety. The first email is dated September 22, 2007, from John Mulkey to Kirk Hendrick, Dana White and Lawrence Epstein regarding "Joe Hand Update." It relates the terms of a counter-proposal Zuffa received from Joe Hand, expresses the author's opinion that the counter-offer is reasonable, and outlines some of the discussions between the two negotiating parties. It states that Zuffa will earn more per event under the proposed structure and requests a response about whether the recipients "want me to wrap this up or not." The second email is dated October 8, 2007, from John Mulkey to Kirk Hendrick, Dana White and Lawrence Epstein regarding "Joe Hand Update." It reflects that the author has assembled all of the recipients' suggestions and was in the process of redrafting a counter-offer. It does not identify any of the recipients' suggestions, let alone disclose any legal advice requested or received or any legal analysis. The second email will be ordered produced redacted of a portion of the second sentence beginning with "In addition" and ending with "posed."

4. Privileged Document No. 4754 – Zuffa's privilege log describes the document as a May 23, 2003 email providing legal advice regarding broadcasting agreements. Attorney-client and work-product protection are claimed, and the document was withheld in its entirety. It is an email from Kirk Hendrick to Lorenzo Fertitta and Dana White regarding "iN Demand and DirecTV paying for Lindell vs. Ortiz?" It requests input from the recipients about Mr. Hendrick's proposal for "aggressively" telling Zuffa's PPV partners to reduce their fees for major fights. It discusses the business rationale for the approach and a proposed negotiating strategy. However, the last paragraph comments on a legal matter. The court will therefore require Zuffa to produce the document redacted of the last paragraph.

5. Privileged Document No. 17,770 – Zuffa's privilege log describes the document as an email providing legal advice regarding transaction negotiation. Attorney-client privilege is claimed and it was withheld in its entirety. It is a September 29, 2008 email from Kirk Henrick to Lorenzo Fertitta, Dana White, Lawrence Epstein, and John Mulkey regarding

"our final draft" of an agreement with Affliction. It forwards that final draft with a comment that the author is waiting for "Tom" from Affliction to call the author back with the time to simultaneously exchange proposals "through cyber-space." The proposed final draft is addressed to Courtney and Tom marked "Confidential/For Discussion Purposes Only" and confirms "the understanding reached at our recent meeting in Las Vegas." It outlines the terms of an agreement Zufffa believes it reached with Affliction, and requests "to schedule a telephone conference to discuss our respective proposals some time early this week."

6. Privileged Document No. 25,645 – Zuffa's privilege log describes the document as an October 10, 2005 email chain providing legal advice regarding broadcasting agreements. Attorney-client privilege is claimed. It was initially withheld in its entirety. On July 13th, it was produced with redactions. The first email in the chain is an October 4, 2005 email from Rene Miclette from DirecTV to Bonnie Werth of Zuffa. Her title is Tres/CEO, Team Services Marketing & Promotion, Inc. It discusses the dollar amount of a media buy Ms. Werth believes Zuffa should purchase based on the parties' agreement. Zuffa produced this email, but redacted the October 10, 2005 email from Bonnie Werth to Kirk Hendrick, which requested that he read her proposed response to Miclette. Ms. Werth did not ask for legal advice. Rather, she related to Mr. Hendrick the amount of the media buy DirecTV wanted, stating she not want to offer that much, and why. Ms. Werth discusses Zuffa's evaluation of DirecTV's net revenue from 2003 to 2005 without UFC media buys and provides the media buys Zuffa is willing to purchase. The responsive email from Mr. Hendrick to Ms. Werth is dated October 10, 2005, and states her proposed email response to Miclette is "okay." Mr. Hendrick did not provide any legal advice about the proposed response but wanted Bonnie to make sure that DirecTV is aware that the proposed amount is "capped" and asks whether Bonnie needed to make that clearer in the email or whether it was "already handled". His response is about making sure DirecTV is aware of Zuffa's position. It was intended to be communicated to a non-party. The final email is dated

///

4

October 11, 2005 from Kirk Hendrick to Lorenzo Fertitta and Dana White stating "FYI."

It was produced unredacted.

Having reviewed and considered the matter,

**IT IS ORDERED** that Zuffa shall produce the six documents referred to in this order no later than 12:00 PM PDT on August 7, 2017.

DATED this 4th day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE