WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THEIR SUBPOENA TO THIRD PARTY TOP RANK, INC. AND MOTION TO COMPEL ATTENDANCE AT DEPOSITION OF ROBERT ARUM, PRESIDENT OF TOP RANK, INC. (ECF NO. 470)** |

## INTRODUCTION

Zuffa, LLC ("Zuffa") opposes Plaintiffs' Motion to Compel compliance with their subpoena to produce documents to Top Rank, Inc., and subpoena to attend a deposition to Robert Arum ("Motion") on the grounds that Plaintiffs have not demonstrated the relevance of the discovery they seek to compel and that the Motion is untimely.

## ARGUMENT

### I. Plaintiffs Have Not Demonstrated The Relevance of The Discovery They Seek.

Motions to compel are governed by Federal Rule of Civil Procedure 37. There is "[b]road discretion [] vested in the trial court to permit or deny discovery" pursuant to a motion to compel. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation and quotation marks omitted). Nevertheless, a party seeking to compel compliance with a discovery request bears the burden of demonstrating the relevance of the discovery to the party's claims or defenses. *See Magdaluyo v. MGM Grand Hotel, LLC*, Case No. 2:14-cv-01806-RFB-GWF, 2016 WL 2731672, at *3 (D. Nev. May 9, 2016). In their motion to compel, Plaintiffs admit that they bear the burden of demonstrating that the information is "relevant and necessary to the proper preservation of a claim . . . ." Pls.' Mot, ECF No. 470 at 2. Plaintiffs fail to carry their burden here.

Plaintiffs claim that the discovery they seek from Top Rank is necessary "[t]o enable Plaintiffs' experts to benchmark percentages of revenues generated from boxing events paid to boxers." ECF No. 470 at 4. But Plaintiffs have offered no support for their assertion that boxing is a "benchmark" so as to make it relevant to their claims that Zuffa violated antitrust laws by allegedly eliminating competition within the MMA industry and by allegedly limiting rivals' access to athletes, venues, and sponsors. Plaintiffs have failed to meet their burden of linking the discovery they seek from Top Rank — "full year, aggregated financial data" and "event-level financial information" from a boxing promoter — to their antitrust claims about the MMA market, as required in a motion to compel. *See* ECF No. 208, Consolidated Am. Compl. ¶¶ 55, 76 (defining the relevant

1

"Output Market" as "the promotion of live Elite Professional MMA bouts" and the "Input Market" as "the market for Elite Professional MMA Fighter Services"). Plaintiffs' attempt to use the fact that "[p]rofessional MMA events are sanctioned . . . by the same state athletic commissions as boxing," Pls.' Mot. at 4, without more, is plainly insufficient to meet their burden on a motion to compel. On the record before the Court, Plaintiffs have failed to establish a plausible link between the data they seek and their antitrust claims.

Plaintiffs should not be permitted to take third-party discovery of other industries solely on the basis of an unsupported assertion that they are benchmarks. Remarkably, Plaintiffs completed the deposition of a different boxing promoter, Leon Margules on July 11, 2017, *see* Joint Status report, ECF No. 454 at 2, but never mention Mr. Margules' deposition testimony. Plaintiffs could have cited any factual support that could show that boxing is a suitable benchmark from Mr. Margules's deposition. Plaintiffs' failure to cite anything, deposition testimony or otherwise, to support their motion to compel suggests that either they have no evidence to show that the athlete compensation for boxing is a benchmark here or they have not tried to meet their burden to demonstrate relevance. In either case, there is no reason to believe that Plaintiffs will be able to meet their burden of showing relevance to their claims without factual support.

Plaintiffs' failure to support the relevance of the discovery they seek from Top Rank to their claims is exemplified by the fact that one heading in the Motion is entitled "Bellator [*sic*] Will Not Be Subject To Undue Burden By Producing Its Event- Level Financial Information." ECF No. 470 at 5. Plaintiffs' reference to the burden to *Bellator*, not Top Rank, seems to recapitulate the same generic arguments Plaintiffs previously made in support of their Motion to Compel Bellator's compliance with their discovery requests. *See* Joint Stipulation in Support of Plaintiffs' Mot. to Compel. Prod. of Documents Responsive to Pls' Subpoena by Third Party Bellator Sport Worldwide LLC, *In re Subpoena of Bellator Sport Worldwide, LLC,* Case No. 2:17-mc-00016-PSG-RAO (C.D. Cal. Mar. 8, 2017) (later transferred to this Court pursuant to Zuffa's motion to transfer) ECF No.

26-1, at 12-13, 16-17.  Plaintiffs have apparently made no attempt to make a particularized showing why the discovery sought from Top Rank, which is in an entirely different industry than Bellator, is relevant to this litigation.

Furthermore, Plaintiffs admit that they *have* received the discovery they sought.  ECF No. 470 at 4-5.  Plaintiffs complain that the data Top Rank has produced is "a non-representative limited sample consisting of a handful of low revenue events." *Id*.  It is unclear how Plaintiffs would know that Top Rank's confidential financial data for its events is a non-representative sample, as they would presumably need the data they claim to be missing to make such an assessment.  But in any event, at bottom, Plaintiffs' complaint is not that Top Rank failed to comply with Plaintiffs' discovery requests; it is that the data Top Rank did produce does not support the negative comparison Plaintiffs hoped to draw between the amounts boxing and MMA promoters compensate athletes as a percent of revenue.

**II.     Plaintiffs' Motion to Compel Is Untimely.**

Although Zuffa does not oppose the deposition of Mr. Arum, Zuffa cannot agree to moving this deposition past August 21 as Plaintiffs appear to suggest.  On July 19, 2017, Plaintiffs' counsel inquired whether Zuffa would be willing to take Mr. Arum's deposition in August because of Mr. Arum's availability, notwithstanding the discovery deadline of July 31, 2017.  Zuffa agreed to take this deposition out of time based on the assumption that Plaintiffs had coordinated the scope of the deposition and dates with Mr. Arum's counsel.  Yet Plaintiffs did not move to compel his attendance or production until July 31, 2017—the final day of discovery.

"Neither the Federal Rules nor the Local Rules of this Court identify a deadline by which to file a motion to compel." *Williams v. Las Vegas Metro. Police Dep't*, No. 2:13–cv–01340–GMN–NJK, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015).  Nevertheless, it is "clear that a party may not unduly delay in filing its motion to compel." *Id.* (citation omitted).  While Judges within the district have generally said that motions to compel are rarely untimely, "[t]hese are only general

guideposts, however; they are not bright-line rules." *Id.* Untimeliness is sufficient ground, standing alone, to deny a discovery motion, *id.*, and courts "will often deny Rule 37(a) motions because the moving party delayed too long." 8B Wright, Miller & Marcus, *Federal Practice & Procedure*, § 2285 at 499 (2010); *Gault v. Nabisco Co.,* 184 F.R.D. 620, 622 (D. Nev. 1999) (explaining that "the requesting party cannot delay a motion to compel with impunity") (citation and quotation marks omitted).

Among others factors, courts analyzing the timeliness of a motion to compel consider the length of time the moving party has known about the discovery, whether the discovery deadline has been previously extended, the explanation for the tardiness, and the age of the case. *E.E.O.C. v. Pioneer Hotel, Inc.*, No. 2:11–cv–01588–LRH–GWF, 2014 WL 5045109, *1 (D. Nev. Oct. 9, 2014). Plaintiffs have not even attempted to address these factors, all of which weigh against them. Plaintiffs originally served deposition and document subpoenas on Mr. Arum on January 23, 2017. So Plaintiffs have known about this discovery since at least January 2017. The Motion was filed on the last day of discovery, after that deadline had already been previously extended twice. ECF Nos. 304 & 422. Plaintiffs have not explained this tardiness.[1] And this case is approaching three years old. ECF No. 1. Granting Plaintiffs' Motion would amount to a third extension of the discovery deadline, and, in light of Plaintiffs' failure to establish the discovery's relevance, it should be denied as untimely.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion should be denied.

---

[1] Robert Maysey's declaration details the back and forth between Plaintiffs and Top Rank's counsel regarding these subpoenas. ECF No. 470-1. But this does not explain why Plaintiffs waited until the last possible moment to move to compel. Indeed, Mr. Maysey's account reveals a certain degree of inactivity on Plaintiffs' part, with unexplained gaps of up to one month between communications from Mr. Arum's counsel and responses from Plaintiffs.

| | | |
|---|---|---|
| Dated: | August 14, 2017 | Respectfully Submitted, |

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Zuffa's Opposition to Plaintiffs' Motion to Compel (ECF No. 470)** was served on August 14, 2017 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*s/s – Roderick Crawford*

**Roderick Crawford**, an Employee of Boies Schiller Flexner LLP