DAVID MARROSO (Cal. S.B. #211655)
  dmarroso@omm.com
(admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

ERIC D. HONE (NV Bar No. 8499)
  EHone@dickinson-wright.com
DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113
Telephone:   (702) 550-4400
Facsimile:   (844) 670-6009

Attorneys for Non-Parties
Top Rank, Inc. and Robert Arum

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re Subpoena Of<br><br>Top Rank, Inc. and Robert Arum,<br><br>Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　　　Defendant. | Case No. 2:15-cv-01045-RFB-PAL<br><br>**DECLARATION OF DAVID J. MARROSO IN SUPPORT OF TOP RANK INC.'S AND MR. ARUM'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO TOP RANK, INC. AND ATTENDANCE AT DEPOSITION OF ROBERT ARUM** |

I, David J. Marroso, declare and state as follows:

1. I am an attorney at O'Melveny & Myers LLP, counsel for non-parties Top Rank, Inc. ("Top Rank") and Robert Arum. I am a member in good standing of the State Bar of California and admitted *pro hac vice* in this Court. I make this declaration in support of Top Rank's and Mr. Arum's Opposition to Plaintiffs' Motion to Compel Production from Top Rank and Motion to Compel Attendance at Deposition of Robert Arum. I have personal knowledge of the facts stated in this declaration and if called to testify could and would testify competently thereto.

2. For several years, my firm has represented Top Rank and Mr. Arum on various matters.

3. In early 2017, I was contacted by Robert Maysey, counsel for plaintiffs in this matter. Mr. Maysey asked whether my firm was authorized to accept service of a document and deposition subpoena. After conferring with Top Rank and Mr. Arum, we agreed to accept service of plaintiffs' document subpoena to Top Rank and plaintiffs' deposition subpoena to Mr. Arum on the condition that we reserved all objections except for service of the subpoena and that plaintiffs would coordinate with us on response dates to both subpoenas. (*See* ECF No. 470-8.)

4. Over the ensuing weeks and months, I had numerous discussions with Mr. Maysey about the scope of the document subpoenas, the burden the subpoenas imposed on Top Rank and Mr. Arum, and the fact that plaintiffs had argued in their complaint that boxing and MMA were completely separate industries. I told Mr. Maysey that we did not believe plaintiffs had any right to any discovery from Top Rank but that Top Rank would work with plaintiffs in a reasonable manner hoping to avoid needless motion practice. To that end, on behalf of Top Rank and Mr. Arum, I made several proposals to plaintiffs concerning documents and a deposition.

5. For example, on February 27, after phone conversations with Mr. Maysey where he described the type of information plaintiffs wanted and why they wanted it, I proposed that Top Rank would produce a representative set of recent unredacted bout agreements for different Top Rank boxers in different "tiers" that Mr. Maysey had described. In total, we offered to provide up to a dozen bout agreements. (*See* ECF No. 470-9.) We also said that Mr. Arum

would sit for a four-hour deposition in Los Angeles, and that the plaintiffs and defendant could divide the time as they see fit. (*Id.*)

6. On March 9, 2017, Mr. Maysey left a message declining our February 27 proposal. He provided no additional information on why plaintiffs were rejecting the offer, and plaintiffs did not make a counter-proposal. I followed up with Mr. Maysey to understand plaintiffs' position with respect to Top Rank's and Mr. Arum's February 27, 2017 proposal with the hopes of finding a sensible way to avoid litigating the issues. Attached hereto as **Exhibit 1** is a true and correct copy of this correspondence.

7. On April 4, 2017, after further discussions with Mr. Maysey and trying to understand with better precision what was lacking in our prior proposal, Top Rank offered to provide the gross revenue generated from one Top Rank event in each of 2013, 2014, 2015, and 2016, along with non-redacted bout agreements for each fighter from the aforementioned events. Mr. Maysey and I specifically discussed how to choose which events so that plaintiffs' experts would have a "representative sample" of events. (*See* ECF No. 470-10.) We also agreed to make Mr. Arum available for examination in Los Angeles for a maximum of six hours. (*Id.*)

8. On April 7, 2017, after not hearing back from plaintiffs on Top Rank's and Mr. Arum's April 4, 2017 proposal, I followed up with Mr. Maysey. After several more attempts to schedule a time to discuss the subpoena and Top Rank's and Mr. Arum's proposal, on April 17, 2017, Mr. Maysey informed me that plaintiffs were rejecting Top Rank's and Mr. Arum's April 4, 2017 proposal, but he again provided little explanation on why plaintiffs were rejecting the offer other than it was "incomplete and will not work." Plaintiffs did not make a counter-proposal. Attached hereto as **Exhibit 2** is a true and correct copy of the email chain between Mr. Maysey and me on this topic.

9. On April 25, 2017, Top Rank and Mr. Arum served formal objections to the subpoenas setting forth their specific objections to the subpoenas and the document requests therein. (*See* ECF No. 470-11.)

10. On May 10-11, 2017, Mr. Maysey and I conferred regarding Top Rank's and Mr. Arum's objections to the subpoenas. During our conversations, Mr. Maysey noted that the

1  parties to this case have a protective order and inquired why Top Rank was not willing to turn
2  over financial documentation. I explained that Top Rank's financial information was obviously
3  proprietary and confidential and that, based on his prior statements, it was clear any information
4  Top Rank provided would become part of an expert report and potential testimony in the case.
5  Mr. Maysey acknowledged that was his intent with respect to the information.

6  11.  On July 12, 2017, after further discussion with plaintiffs regarding the subpoenas,
7  I informed plaintiffs that Mr. Arum would agree to appear for a deposition on August 8 in
8  Los Angeles. However, as Mr. Arum was a non-party, he would not agree to be subject to
9  multiple depositions. (*See* ECF No. 470-13.) When the delay in finalizing the deposition date
10  prevented the deposition from proceeding on August 8, I proposed that the deposition occur on
11  August 21, subject, again, to the condition that Mr. Arum would not be subject to multiple
12  depositions. (*See* ECF No. 470-14.) Plaintiffs ultimately agreed to the August 21 date; however,
13  as they would not agree to only depose Mr. Arum one time, the deposition did not go forward on
14  August 21. (*See* ECF No. 470-16.)

    I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct. Executed at Los Angeles, California on August 23, 2017.

                                                              _____
                                                                        David Marroso

# EXHIBIT 1

Case No. 2:15-cv-01045-RFB-PAL

March 2017 E-mails between David J. Marroso and Robert C. Maysey

| | |
|---|---|
| **From:** | Robert C. Maysey <rmaysey@WarnerAngle.com> |
| **Sent:** | Wednesday, March 22, 2017 10:03 AM |
| **To:** | Marroso, David |
| **Subject:** | Re: Arum / Top Rank |

We need financials.

We don't agree to 4 hours total nor that ending Arum involvement.

Sent from my iPhone

> On Mar 22, 2017, at 9:59 AM, Marroso, David <dmarroso@omm.com> wrote:
>
> Will call you then.  In the meantime, is there something specific about our proposal you found unacceptable?  As I noted, we are hopeful to avoid having to litigate and we actually thought our proposal was exactly what you wanted.
>
> David
>
>> On Mar 22, 2017, at 11:33 AM, Robert C. Maysey <rmaysey@WarnerAngle.com> wrote:
>>
>> Friday works. Afternoon.
>>
>> Sent from my iPhone
>>
>>> On Mar 22, 2017, at 7:38 AM, Marroso, David <dmarroso@omm.com> wrote:
>>>
>>> Rob - I am flying to VA today.  Does Friday work for you?  I will be in the car for long stretches in the morning and afternoon.
>>>
>>> -----Original Message-----
>>> From: Robert C. Maysey [mailto:rmaysey@WarnerAngle.com]
>>> Sent: Tuesday, March 21, 2017 2:57 AM
>>> To: Marroso, David
>>> Subject: Re: Arum / Top Rank
>>>
>>> Tuesday or Wed afternoon work.
>>>
>>> Either ok for you?
>>>
>>> Sent from my iPhone
>>>
>>> On Mar 20, 2017, at 4:17 PM, Marroso, David <dmarroso@omm.com<mailto:dmarroso@omm.com>> wrote:
>>>
>>> Rob,
>>>
>>> Can we touch base this week?  I am trying to understand your position with respect to our offer, and if there is a sensible way to avoid litigating these matters.
>>>

>>> David
>>>
>>>
>>
>>
>

# EXHIBIT 2

Case No. 2:15-cv-01045-RFB-PAL

April 2017 Emails between David J. Marroso and Robert C. Maysey

| | |
|---|---|
| **From:** | Robert C. Maysey <rmaysey@WarnerAngle.com> |
| **Sent:** | Monday, April 17, 2017 2:45 AM |
| **To:** | Marroso, David |
| **Subject:** | Re: UFC | Subpoena to Top Rank |

David,

I will try and call tomorrow though it may fall to Wednesday.  I am traveling for and in depositions again.

Your proposal below is again incomplete and will not work.  As you know--the information you propose provides incomplete payout information.  Our objections are not limited to the above.

Regards,

Rob Maysey

Sent from my iPhone

On Apr 16, 2017, at 4:08 PM, Marroso, David <dmarroso@omm.com<mailto:dmarroso@omm.com>> wrote:

Rob – how about tomorrow?

From: Marroso, David
Sent: Monday, April 10, 2017 9:53 AM
To: Robert C. Maysey
Subject: RE: UFC | Subpoena to Top Rank

Rob – I tried you at the office and left a message.  Let me know when you have time.  For planning purposes, I am traveling Wednesday and Thursday and will have very little availability those two days.

From: Marroso, David
Sent: Friday, April 07, 2017 5:38 PM
To: Robert C. Maysey
Subject: Re: UFC | Subpoena to Top Rank

Rob - I had to leave early today. Available this weekend and Monday, whichever is better for you.

David

On Apr 7, 2017, at 1:43 PM, Robert C. Maysey <rmaysey@WarnerAngle.com<mailto:rmaysey@WarnerAngle.com>> wrote:
David,

Do you have time for a quick call?

I apologize for the delay in response.

Regards,

Rob Maysey


Robert C. Maysey
Warner Angle Hallam Jackson & Formanek PLC
2555 East Camelback Road, Suite 800
Phoenix, AZ  85016
Telephone:  (602) 264-7101
Facsimile:  (602) 234-0419


CONFIDENTIALITY NOTICE:
This and any accompanying pages contain information from the law firm of Warner Angle Hallam Jackson & Formanek PLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please delete the information. If you have received this E-Mail in error, please notify our offices by telephone at 602-264-7101. Thank you.



From: Marroso, David [mailto:dmarroso@omm.com]
Sent: Friday, April 07, 2017 7:50 AM
To: Robert C. Maysey
Subject: RE: UFC | Subpoena to Top Rank

Rob – any thoughts on this?  If we are able to reach agreement, I would like to get moving on collecting the documents and scheduling Arum's deposition.  If not, we will need to prepare our response, which will take some time.  Please let me know.

David

From: Marroso, David
Sent: Tuesday, April 04, 2017 9:47 AM
To: Robert C. Maysey (rmaysey@WarnerAngle.com<mailto:rmaysey@WarnerAngle.com>)
Subject: UFC | Subpoena to Top Rank


Rob,



We write to further our discussion regarding the subpoenas your firm served on Top Rank and Bob Arum.  Without reiterating all of our positions and objections, here is what Top Rank is prepared to do:


1.	Top Rank will provide the gross revenue generated from one event in each of 2013, 2014, 2015, and 2016.  Our goal will be to use "representative" events.

**3**

2.      Top Rank will produce the bout agreement for each fighter from the event that was filed with each State's boxing/athletic commission.  The agreements will not be redacted.

3.      Plaintiffs agree to limit their examination of Mr. Arum to 3 hours, subject to defendants' agreement to limit their examination to three hours. Examination to be in Los Angeles on a date convenient for everyone.

4.      Plaintiffs and defendant agree that this production and deposition dispense with Top Rank's obligations in the case.

Please let me know if this is acceptable to plaintiffs.

David


O'Melveny

David Marroso
dmarroso@omm.com<mailto:dmarroso@omm.com>
310-246-8469

O'Melveny & Myers LLP
1999 Ave. of the Stars, 8th Fl
Los Angeles, CA  90067

4