DAVID MARROSO (Cal. S.B. #211655)
 dmarroso@omm.com
(admitted *pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:    (310) 553-6700
Facsimile:    (310) 246-6779

ERIC D. HONE (NV Bar No. 8499)
 EHone@dickinson-wright.com
DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113
Telephone:    (702) 550-4400
Facsimile:    (844) 670-6009

Attorneys for Non-Parties
Top Rank, Inc. and Robert Arum

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re Subpoena Of<br><br>Top Rank, Inc. and Robert Arum,<br><br>Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                    Defendant. | Case No. 2:15-cv-01045-RFB-PAL<br><br>**DECLARATION OF HARRISON WHITMAN IN SUPPORT OF TOP RANK INC.'S AND MR. ARUM'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO TOP RANK, INC. AND ATTENDANCE AT DEPOSITION OF ROBERT ARUM** |

I, Harrison Whitman, declare and state as follows:

1. I am the General Counsel and Vice President of Business & Legal Affairs at Top Rank, Inc. ("Top Rank"). I make this declaration in support of Top Rank's and Mr. Arum's Opposition to Plaintiffs' Motion to Compel Production from Top Rank and Motion to Compel Attendance at Deposition of Robert Arum. I have personal knowledge of the facts stated in this declaration and if called to testify could and would testify competently thereto.

2. Top Rank is not a party to the matter *Le et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*.

3. Top Rank is a licensed boxing promoter. As part of its business, it enters into promotional agreements with boxers and promotes boxing events. Top Rank has never signed a fighter to an MMA contract, it has never promoted an MMA bout, and it has never earned revenue from the promotion of an MMA event. Top Rank also does not have any agreements with members of the plaintiffs' class or with defendant Zuffa.

4. I have reviewed Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Document Subpoena"), addressed to non-party Top Rank (ECF No. 470-6). The information that plaintiffs seek through their document subpoena, includes, without limitation, Top Rank's income statements, event-level profit and loss statements, agreements with its boxers and payments to its boxers, bout-related revenues and expenses, and non-bout-related revenues and expenses.

5. Based on my position at Top Rank, I have personal knowledge of Top Rank's efforts to keep its financial and revenue data, including its event-level profit and loss statements, line item revenues and expenses, annualized profit and loss data, and annualized total compensation paid to its boxers, confidential as well as its efforts to keep its promotional agreements with its boxers and the terms of such agreements confidential. Top Rank closely safeguards the confidentiality of these documents and this information and does not release them publicly.

6. Top Rank's promotional agreements with its boxers are crucial to its business. Many of Top Rank's promotional agreements contain non-disclosure and confidentiality

provisions, which prevent Top Rank and its boxers from voluntarily disclosing the financial terms of those agreements. Disclosure of this information to competitors and other boxers could hurt Top Rank's ability to attract and retain boxers. These agreements are also not shared with all of Top Rank's employees; they can only be accessed by Top Rank employees who need to know the terms within these agreements to perform their job duties, and these employees are directed to treat these contracts as highly confidential.

7. Similarly, many of the requested Top Rank financial documents, *i.e.*, annualized and aggregated income statements and event-level profit and loss statements, are only shared with top-level executives and employees who need to know this information to perform their job duties, and they understand that this information is confidential and therefore should not be disclosed to others.

8. Top Rank also has numerous agreements with third parties for its events, including, among others, broadcaster, sponsor, and venue agreements. The terms of these agreements, including the financial terms of the agreements, are not publicly available, and many of the agreements have confidentiality and non-disclosure provisions, which prevent the parties from voluntarily disclosing the terms of the agreements. While the Document Subpoena does not call for these agreements themselves, many of the terms of the agreements, including the financial terms, are included in Top Rank's aggregated and annualized income statements and event-level profit and loss statements.

9. Top Rank would be significantly and immediately harmed if its confidential commercial information were disclosed and became known to the public, and such disclosure would hurt Top Rank's ability to compete in the marketplace. If Top Rank's competitors had access to this information, they could mimic Top Rank's business strategy or design a strategy specifically tailored to interfere with and undermine Top Rank's strategy. Additionally, if this information were disclosed to the public, Top Rank would be at an unfair disadvantage in negotiations with boxers for new promotional contracts or extensions of existing promotional contracts because boxers would be equipped with Top Rank's financial information and its

agreements with other boxers and could use this information to gain leverage in their negotiations to Top Rank's disadvantage.

10. While Top Rank takes efforts to closely safeguard its promotional agreements with many of its boxers, the total compensation paid to its boxers, and its event-level profit and loss information, state athletic commissions, including the Nevada State Athletic Commission, require boxing promoters to file state-approved bout contracts for each bout. These bout contracts reveal the compensation paid directly to the boxer for a particular bout on the night of the bout.

11. Top Rank has promoted over 100 boxers in its events since 2013. On average, Top Rank promoted approximately 30 boxing events per year from 2013 to 2016, and each event typically has six to eight bouts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Las Vegas, Nevada, on August 23, 2017.

/s/ Harrison Whitman
Harrison Whitman