# EXHIBIT 1

WILLIAM A. ISAACSON (*Pro Hac Vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro Hac Vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro Hac Vice*)
(nwidnell@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Zuffa, Inc. ("Zuffa") hereby responds to Plaintiff's First Set of Requests for Admission to Defendant (collectively, "RFAs"), served on October 26, 2016, and states as follows:

## GENERAL OBJECTIONS

1. Zuffa objects to the RFAs to the extent the RFAs are "interrogatories disguised as requests for admissions in an attempt to circumvent a local rule limiting the number of interrogatories." *In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995). It is well established that the purpose of requests for admissions is to establish the "admissions of non-disputed facts, or the genuineness of documents." *Anahuac Mgmt. v. Mazer,* No. 2:09-CV-01590-RLH, 2011 WL 3585475, at *5 (D. Nev. Aug. 16, 2011). Consequently, the RFAs that request Zuffa admit its contentions about the relevance of evidence are not calculated to establish non-disputed facts, but to discover facts unknown to Plaintiffs. These questions are attempts to circumvent the limitation on interrogatories, not proper requests for admission. *Fernandez v. Centric,* No. 3:12-CV-00401-LRH, 2013 WL 5551031, at *10 (D. Nev. Oct. 4, 2013) ("The requests Plaintiff submitted do not further the goal of Rule 36 to eliminate from trial matters as to which there is no 'genuine dispute.'"); *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.,* No. CIV.A. 94-2395-GTV, 1995 WL 625744, at *7 (D. Kan. Oct. 5, 1995) ("Contention interrogatories in the guise of requests for admission generally serve no purpose other than to circumvent Fed. R. Civ. P. 33(a) . . . which limit the number of interrogatories that a party may serve.").

2. Zuffa objects to the RFAs to the extent the RFAs are intended to reveal Zuffa's litigation strategy and are not concerned with questions of fact subject to proof at trial. Rule 36 "is not intended as a discovery device but instead presupposes that the party propounding the requests knows the facts set forth or possesses the documents about which the party seeks a concession of genuineness. A request for admission directed to an opponent's litigation strategy is improper." *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.,* No. C 03-5340 JF (RS), 2006 WL 2578277, at *3 n.2 (N.D. Cal. Sept. 6, 2006) (citation omitted). The RFAs that request Zuffa admit its contentions about the relevance of evidence are not calculated to establish non-disputed

1

OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

facts, but to discover Zuffa's litigation strategy. These questions are not proper requests for admission. *Howell v. Maytag*, 168 F.R.D. 502, 504 (M.D. Pa. 1996) ("While factual matters are generally appropriate subjects for discovery, trial strategy is not. Maytag's requests for admission seek to uncover Plaintiffs' plans for trial, not admissions as to facts at issue . . . discovery of such information would be improper for two reasons: first, compelling discovery of trial strategy would violate the work product doctrine; second, it is unreasonable to expect a party to have determined what evidence it will choose to present at trial before the close of discovery.").

3. Zuffa objects to the RFAs as vague because they do not include any date. *Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a)."). Without a proper temporal scope, Zuffa is unable to admit or deny any general statements.

4. Zuffa objects to the definition of "Zuffa" to the extent that this definition purports to encompass persons or entities that are not the named defendant, Zuffa, LLC. For any RFA using this definition, Zuffa responds only on behalf of the named defendant, Zuffa, LLC. Zuffa also objects to the extent that this definition seeks responses from predecessor companies or entities that were acquired by or merged with Zuffa. Zuffa further objects to this definition as vague, ambiguous, overbroad, and unduly burdensome to the extent that it encompasses or purports to encompass "any persons acting or purporting to act on behalf of the respondent Defendant."

5. Zuffa objects to Instruction No. 2 to the extent it goes beyond the requirements of Federal Rules of Civil Procedure 26 and 36. To the extent information is withheld on a basis of privilege, Zuffa will produce a privilege log in the form agreed upon by the parties.

6. Zuffa objects to the RFAs to the extent that they seek information that is not otherwise calculated to lead to discoverable evidence.

7. Zuffa objects to the RFAs, including all Definitions and Instructions, to the extent they purport to impose upon Zuffa any requirements that exceed or are otherwise inconsistent with the Federal Rules of Civil Procedure or any other applicable rule or court order.

2

OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

8. Zuffa objects to the RFAs to the extent that information sought through the RFAs is more properly the subject of expert reports and analyses, which are not required to be furnished at this time under the Discovery Plan and Scheduling Order.

9. Zuffa objects to the RFAs to the extent that they purport to call for information protected from disclosure by applicable privileges, laws, doctrines or rules, including but not limited to the attorney-client privilege, work product doctrine, and any applicable domestic or foreign law, rule, order or agreement. The inadvertent disclosure of any privileged information shall not constitute, or be deemed a waiver of, any applicable statutory, regulatory, common-law or other privilege with respect to such information. Zuffa hereby claims all applicable privileges and protections to the extent implicated by each RFA, and excludes privileged and protected information from the response to each RFA.

10. Zuffa objects to the RFAs to the extent that they are vague, overbroad, unduly burdensome, ambiguous, fail to specify with reasonable particularity the information sought, would unreasonably require Zuffa to speculate as to the nature and/or scope of the information sought, or seek information that is not relevant to the claims or defenses of the parties in the pending action or is not reasonably calculated to lead to the discovery of admissible evidence.

11. Zuffa objects to the RFAs to the extent that they imply the existence of facts or circumstances which do not or did not exist, and to the extent that they state or assume legal conclusions. In providing responses and objections to the RFAs, except as otherwise specified, Zuffa does not hereby admit, adopt or acquiesce to any factual or legal contention, presumption, assertion or characterization contained in the RFAs.

12. Zuffa objects to the RFAs to the extent that they are premature because discovery is ongoing in this litigation at this time and information, facts, or documents may be discovered that may affect Zuffa's responses to these RFAs. Zuffa reserves the right to later supplement or amend its responses to these RFAs.

**RESPONSES**

**Request No. 1**

Admit that Zuffa contends that the compensation of athletes in Major League Baseball, the National Football League, the National Hockey League, Major League Soccer, Major League Lacrosse, the National Basketball Association, or any professional boxing promotion is not relevant to measuring the impact or damages allegedly caused by the allegedly anticompetitive conduct in this lawsuit.

**Response No. 1**

Zuffa hereby incorporates the General Objections as though stated in full herein. Zuffa further objects to the Request in that the terms "relevant" and "impact," and the phrases "compensation of athletes," "anticompetitive conduct," and "any professional boxing promotion," are vague and ambiguous. Zuffa also objects to the Request as vague and ambiguous insofar as it does not identify the universe of athletes subject to the Request.

Upon reasonable inquiry, Zuffa cannot determine at this time the relevance of the information identified in Request No. 1, and has insufficient information to admit or deny.

**Request No. 2**

Admit that Zuffa contends that the compensation of athletes in Major League Baseball, the National Football League, the National Hockey League, Major League Soccer, Major League Lacrosse, the National Basketball Association, or any professional boxing promotion is not relevant to any aspect of the antitrust claims asserted by Plaintiffs in this lawsuit.

**Response No. 2**

Zuffa hereby incorporates the General Objections as though stated in full herein. Zuffa further objects to the Request in that the terms "relevant," and the phrases "compensation of athletes" and "any professional boxing promotion," are vague and ambiguous. Zuffa also objects to the Request as vague and ambiguous insofar as it does not identify the universe of athletes subject to the Request.

Upon reasonable inquiry, Zuffa cannot determine at this time the relevance of the information identified in Request No. 2, and has insufficient information to admit or deny.

Dated: November 25, 2016

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Nicholas A. Widnell
    Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
        jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

---

5

OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa's Objections and Responses to Plaintiffs' First Set of Requests for Admission was served on the 25th day of November, 2016 via electronic mail to the following:

Don Springmeyer
Bradley S. Schrager
Justin C. Jones
**Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP**
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

Richard A. Koffman
Benjamin D. Brown
Daniel Silverman
Tracey Kitzman
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Ave., N.W.
Suite 500 East Tower
Washington, DC 20005
rkoffman@cohenmilstein.com
bbrown@cohenmilstein.com
dsilverman@cohenmilstein.com
tkitzman@cohenmilstein.com

Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joseph R. Saveri
Matthew Weiler
Kevin E. Rayhill
**Joseph Saveri Law Firm, Inc.**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
jsaveri@saverilawfirm.com
mweiler@saverilawfirm.com
krayhill@saverilawfirm.com

Robert C. Maysey
Jerome K. Elwell
**Warner Angle Hallam Jackson & Formanek PLC**
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
rmaysey@warnerangle.com
jelwell@warnerangle.com

Frederick S. Schwartz
**Law Office of Frederick S. Schwartz**
15303 Ventura Blvd, #1040
Sherman Oaks, CA 91403
fred@fredschwartzlaw.com

Eugene A. Spector
**Spector Roseman Kodroff & Willis, P.C.**
1818 Market Street, Suite 2500
Philadelphia, PA 19103
espector@srkw-law.com

/s/ Rory L. Skaggs
Rory L. Skaggs