

SUPREME COURT OF SINGAPORE
LEGAL REGISTRY

Tel: (65) 6336 0644
Fax: (65) 6337 9450

Our Ref: TEA/2017/7

18 September 2017



United States District Court
District of Nevada
333 South Las Vegas Blvd
Courtroom 3B
Las Vegas, NV 89101

Attention: Magistrate Judge Peggy A. Leen

**Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters in relation to Group One Holdings Pte Ltd**

**Case Number: 2:15-cv-01045-RFB-PAL**

    We refer to your Letter of Request dated 27 June 2017 which we received on 28 July 2017 and forwarded to the Attorney-General's Chambers of Singapore ("AGC").

2    Pursuant to the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("the Hague Convention"), you have requested for the following evidence from Group One Holdings Pte. Ltd. ("Group One"):

    (a) Quarterly financial statements from 1 January 2010 to the present, related to Group One's Mixed Martial Arts ("MMA") promotions, containing at a minimum all revenues related to the operation of One Championship or its predecessors, and all expenses related to the operation of One Championship or its predecessors, including all compensation paid to MMA fighters under contract with One Championship, its predecessors, or Group One (together, the "Quarterly Financial Statements"); and

    (b) Inspection of One Championship's per-event financial data and per-event per-fighter compensation data (the "Per-Event/Per-Fighter Data").

3    AGC has perused the Letter of Request and is of the view that:

    (a) Given that the proceedings were stated as being brought "pursuant to 15 U.S.C. §2 (the Sherman Act, governing monopolization)" (see para 7.a of the Request) which appears to be a criminal provision, AGC is unable to execute the Request as it does not satisfy Article 1 of the Hague Convention.

    (b) Given the nature and extent of the Request, Group One is likely to contest the application and resist discovery of the requested documents on various grounds. In particular:

        (i) The party applying for the requested documents will need to satisfy the Court that Group One is, or is likely to be, in possession, custody or power of those documents. Given



SUPREME COURT OF SINGAPORE
LEGAL REGISTRY

there is no obligation on Singapore unlisted companies to maintain or file quarterly financial statements, Group One may resist the application on the basis that it is not (and is not likely to be) in possession, custody or power of the Quarterly Financial Statements.

(ii) With regard to the Per-Event/Per-Fighter Data, Group One may contend this is, in effect, a request for production of documents and that such a request ought not to be granted since it relates to a category of documents, rather than to individual documents which are separately described. Further, Group One may contend that the request for Per-Event/Per-Fighter Data, which is not limited by duration or other thresholds, is too wide, oppressive and constitutes a fishing expedition.

As Group One is likely to resist any application for production of the requested documents, the party applying to the Court would need to possess considerable knowledge of the underlying litigation. You should therefore inform the Plaintiffs to engage Singapore lawyers to apply for the requested documents, so as to be able to meet any objections that will likely be raised by Group One and/or their Singapore lawyers.

Thank you.

Yours faithfully

MS KAREN TAN
ASSISTANT REGISTRAR
SUPREME COURT, SINGAPORE

cc  Joseph Saveri Law Firm, Inc.
    555 Montgomery Street
    Suite 1210
    San Francisco, CA 94111
    Attention: Kevin E. Rayhill

    Attorney-General's Chambers, Singapore
    1 Upper Pickering Street
    Singapore 058288
    Your Ref: AG/CIV/DM/SUPC/2017/6
    Attn: Mr Louis Ng, Dy Senior State Counsel
    **Fax: 6702 0237**

