# Exhibit 43

*Le v. Zuffa*

Motion to Dismiss Hearing Transcript

(Septwember 25, 2015)

(excerpted)

PUBLIC COPY

Case 2:15-cv-01045-RFB-BNW   Document 518-45   Filed 02/16/18   Page 2 of 5
Case 2:15-cv-01045-RFB-PAL   Document 205   Filed 11/20/15   Page 1 of 62

1

2:15-cv-01045-RFB-PAL

```
 1                UNITED STATES DISTRICT COURT

 2                     DISTRICT OF NEVADA

 3

 4  CUNG LE, et al.,                )
                                    )
 5            Plaintiffs,           ) Case No. 2:15-cv-01045-RFB-PAL
                                    )
 6       vs.                        ) Las Vegas, Nevada
                                    ) Friday, September 25, 2015
 7  ZUFFA, LLC, d/b/a Ultimate      ) 4:00 p.m.
    Fighting Championship and       )
 8  UFC,                            ) MOTIONS HEARING
                                    )
 9            Defendants.

10

11

12

13          REPORTER'S TRANSCRIPT OF PROCEEDINGS

14        THE HONORABLE RICHARD F. BOULWARE, II,
                UNITED STATES DISTRICT JUDGE

15

16

17

18

19  APPEARANCES:        See Next Page

20  COURT REPORTER:     Patricia L. Ganci, RMR, CRR
                        United States District Court
21                      333 Las Vegas Boulevard South, Room 1334
                        Las Vegas, Nevada  89101
22

23

    Proceedings reported by machine shorthand, transcript produced
24  by computer-aided transcription.

25
```

**PUBLIC COPY**

Case 2:15-cv-01045-RFB-BNW   Document 516-45   Filed 02/16/18   Page 3 of 5
Case 2:15-cv-01045-RFB-PAL   Document 209   Filed 11/20/15   Page 19 of 62

19

2:15-cv-01045-RFB-PAL

1  the market, but let me let Mr. Isaacson respond.
2        MR. CRAMER:  Thank you, Your Honor.
3        MR. ISAACSON:  Sure.  The thing that's unusual about
4  the complaint or one of the things and about this slide is that
5  the plaintiffs don't want you to read the actual contract
6  provisions.  The allegation of perpetuity is a conclusory
7  allegation, and the complaint neither attaches the contracts --
8        THE COURT:  Well, why would they have to?
9        MR. ISAACSON:  Because the contracts don't say that.
10       THE COURT:  Okay.  But -- okay.  We'll get back to --
11 again, I understand that you want me to look at the contracts,
12 and at some point if I deny the motion to dismiss, right, that's
13 what will happen, but part of the issue, though, again that I
14 focus you on is we're at the pleading stage.  They have alleged
15 that the contracts -- I mean, they've alleged actually five
16 different things, but there are other parts of their allegations
17 that talk about basically the contracts binding the fighters
18 either in perpetuity or for the entirety of their career, which
19 is basically I think the same in the context of the monopsony
20 with respect to the fighters.
21       So why aren't these allegations enough?  And I'm not --
22 again, I'm not going to get into necessarily right now whether
23 or not the contracts actually say that.  They say that the
24 contracts say that, and as you know, I am required at this point
25 to draw all factual inferences and to accept the allegations in

PATRICIA L. GANCI, RMR, CRR - (702) 385-0670

**PUBLIC COPY**

Case 2:15-cv-01045-RFB-BNW   Document 516-45   Filed 02/16/18   Page 4 of 5
Case 2:15-cv-01045-RFB-PAL   Document 209   Filed 11/20/15   Page 20 of 62

20

2:15-cv-01045-RFB-PAL

1  the complaint.  Now, if it comes back and it turns out that
2  that's not what they say and you prevail, obviously there are
3  remedies for that.  So it's not as if there isn't an opportunity
4  to address that, but right now what I'm focussed on is that they
5  have said and they have alleged fairly clear statements about
6  fighters being bound in perpetuity.
7          MR. ISAACSON:  Right.  So Your Honor is not required to
8  accept conclusory allegations such as that these things are in
9  perpetuity.  They don't quote contractual language saying that
10 they're in perpetuity and they don't put any language in front
11 of you that suggests that.  So it's purely a legal conclusion
12 that these things are in perpetuity.  It's not an allegation
13 that actually establishes it.
14         And it's really important because, you know, these
15 principles that I'm talking about in the Ninth Circuit and where
16 he's -- where counsel is saying, Look, two-year contracts,
17 three-year contracts, your five-year contracts are okay, the
18 Ninth Circuit, you know, and not in a motion to dismiss case, in
19 the Omega Environmental case says short duration of agreements
20 negates substantially the potential to foreclose competition and
21 cites cases about two-year contracts.
22         We cited the Rheumatology case that I mentioned in
23 addition to the PNY case and the Catholic healthcare case which
24 were all motion to dismiss cases.
25         If --

PATRICIA L. GANCI, RMR, CRR - (702) 385-0670

**PUBLIC COPY**

Case 2:15-cv-01045-RFB-BNW   Document 516-45   Filed 02/16/18   Page 5 of 5
Case 2:15-cv-01045-RFB-PAL   Document 209-4   Filed 11/20/15   Page 21 of 62

21

2:15-cv-01045-RFB-PAL

```
 1          THE COURT:  So I recognize and I agree with you the law
 2  says they can't be -- I think they said this fairly repeatedly.
 3  It can't be temporary harmful or short-term effects.
 4          MR. ISAACSON:  You don't go into expensive discovery
 5  based on --
 6          THE COURT:  Hold on.  Let me finish.
 7          MR. ISAACSON:  I'm sorry.  Yeah, my fault.
 8          THE COURT:  But, again, what I'm trying to focus you on
 9  is I understand and I could potentially understand as a lawyer
10  being, let's say, dissatisfied with allegations that you think
11  are completely factually erroneous which is kind of what you're
12  suggesting basically.
13          MR. ISAACSON:  That's not my point, Your Honor.
14          THE COURT:  Well, your point, though, is then --
15  because if they're not factually erroneous, if in fact the
16  contracts do say that the, for example, the UFC has to match the
17  offer -- has the right to match an offer after a contract
18  expires, that's not a two- or three-year contract.  That's
19  forever.
20          MR. ISAACSON:  Right.  No, I understand.  When I say
21  that I'm not disagreeing on the grounds that it's factually
22  erroneous, I believe lots of things in the complaint are
23  factually erroneous, but as the Court has said, that's for
24  later.
25          THE COURT:  Right.
```

**PUBLIC COPY**