1  WILLIAM A. ISAACSON (*Pro hac vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro hac vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro hac vice*)
   (nwidnell@bsfllp.com)
4  BOIES SCHILLER FLEXNER LLP
5  1401 New York Avenue, NW, 11th Floor, Washington, DC 20005
   Telephone: (202) 237-2727; Fax: (202) 237-6131
6
7  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
8  BOIES SCHILLER FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
9  Telephone: (702) 382-7300; Fax: (702) 382-2755

10 DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
11 J. COLBY WILLIAMS #5549
   (jcw@campbellandwilliams.com)
12 CAMPBELL & WILLIAMS
13 700 South 7th Street, Las Vegas, NV 89101
   Telephone: (702) 382-5222; Fax: (702) 382-0540
14
15 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC

16

17                       UNITED STATES DISTRICT COURT

18                            DISTRICT OF NEVADA

19

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S MOTIONS TO EXCLUDE THE TESTIMONY OF DR. HAL J. SINGER, DR. ANDREW ZIMBALIST, AND GUY A. DAVIS UNDER FED. R. EVID. 702 AND *DAUBERT* AND RELATED MATERIALS** |

ZUFFA, LLC'S MOTION TO SEAL MOTIONS TO EXCLUDE TESTIMONY

Pursuant to the Stipulated Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of the motions and related materials from Zuffa's Motion to Seal, Zuffa's Motions to Exclude the Testimony of Dr. Hal J. Singer, Dr. Andrew Zimbalist, and Guy A. Davis under Fed. R. Evid 702 and *Daubert* and Related Materials ("*Daubert* Motions") that Zuffa has already lodged under seal. Zuffa has good cause to seal the documents already filed under seal, as the documents and certain portions of the expert reports and depositions referenced contain trade secret and commercially sensitive information which, if disclosed, would likely harm Zuffa's competitive standing, compelling reasons also exist to seal the documents Zuffa has filed under seal.

The Court previously granted Zuffa's motion to seal certain documents and portions of motions that are of the same category and trade secret and commercial sensitivity that Zuffa seeks to seal here. Those documents were filed in connection with Zuffa's Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitations Grounds, and the Court found that compelling reasons existed to file those documents under seal. ECF No. 495. The Court should make the same finding that compelling reasons exist to seal the documents at issue here as the documents are of the same sensitivity and disclosure of these documents would likely result in the same risk of competitive harm as those from the partial summary judgment motion. In addition, some documents examined, quoted, and included here—like third-party financial documents and contracts marked highly confidential under the protective order—have been designated highly-confidential attorneys' eyes only under the protective order.

### Legal Standard

In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause of action," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016). However, if that is not the case, only good cause is necessary to justify sealing. *Id.* at 1097. The Ninth Circuit has not squarely

considered whether a *Daubert* motion filed concurrently with an opening class certification brief necessitates "compelling reasons" to justify sealing materials.

As to the good cause standard, a party seeking to file documents under seal pursuant to that standard must make a "particularized showing" under the "good cause standard of Rule 26(c)." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity

to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

**Argument**

The Ninth Circuit has never squarely addressed whether *Daubert* motions, submitted concurrently with the opening of class certification briefing, require compelling reasons to justify sealing documents associated with those motions. It has, however, noted that *Daubert* motions "filed in connection with pending summary judgment motions," require compelling reasons to justify sealing documents. *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). In *In re Midland*, the Ninth Circuit noted that the fact "[t]hat the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue" and that a court must look at the circumstances related to the motion to determine whether the compelling reasons or good cause standard applies. *Id.* at 1119-20. The documents Zuffa seeks to file under seal meet the "compelling reasons" and, by extension, the "good cause" standard and are properly filed under seal.

**Descriptions of Documents to be Filed Under Seal**

*Expert Reports*: Zuffa seeks to file under seal portions of the expert reports and deposition testimony of Zuffa's experts and Plaintiffs' experts that contain or refer to highly confidential material and material for which compelling reasons exist for sealing.

The documents, deposition excerpts, and portions of expert reports Zuffa seeks to file under seal contain highly confidential and commercially sensitive information regarding Zuffa's contractual clauses with its athletes and information regarding Zuffa's athlete compensation terms, royalty rates, and other payment terms. Zuffa's trade secret information is contained within the portions of these documents, exhibits, and portions of the motion referencing those materials and the public release of that highly confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's pricing structure and standard contractual terms—two crucial elements of Zuffa's proprietary business practices that have allowed it to compete in the marketplace for MMA athletes. *See* Declaration of Nicholas A. Widnell in Support of Zuffa's Motion to Seal Zuffa's Motions to Exclude the

Testimony of Dr. Hal J. Singer, Dr. Andrew Zimbalist, and Guy A. Davis and Related Materials ("Motion to Seal") ("Widnell Decl.") ¶¶ 3-6.

Specifically, several of the redacted portions of Plaintiffs' Expert Report and Rebuttal reports and Zuffa's Expert Reports and documents referenced and quoted from in those Reports contain detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information as well as individual athlete contracts.  This type of information is very sensitive and MMA promoters are aware of the significant competitive risks they face if the data were to be released publicly, as evidenced by Bellator's designation of its much less granular (quarterly) financial data as highly confidential under the Protective Order. Counsel for Bellator explained to this Court that the "most sensitive documents" to Bellator included event-level specific financial information.  ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").  Counsel for Bellator further explained to the Court that any information that would permit a "Bellator fighter compared to this fighter, they're disclosing our information," which he characterized as "a very significant concern." *Id.* at 16:16-21.  In addition, several redacted portions of Plaintiffs' Expert Reports and Zuffa's Expert Reports contain aggregated (*e.g.* quarterly) and event-level financial data and sample individual athlete contract from third party boxing and MMA promoters.  This information is also highly sensitive and disclosure of that information would, as Bellator's counsel recognized, be very likely to cause significant competitive harm if released publicly.  Compelling reasons exist to seal the information Zuffa has redacted in these Reports.

*Other documentary evidence*:  In addition, several of the documents, deposition excerpts, and portions of expert reports Zuffa seeks to file under seal contain quotations from or extended exposition of highly confidential and sensitive business communications and documents that contain strategic evaluation, payment information, and negotiation strategies relating to Zuffa and non-Zuffa MMA athletes.  For the reasons above, release of this information would be very likely to cause competitive harm to Zuffa and provide an unfair and unearned competitive advantage to

1  Zuffa's competitors.  Compelling reasons exist to seal the information Zuffa has redacted and
2  filed entirely under seal from this documentary evidence.
3       *Third party highly confidential documents*:  For the reasons above, certain documents—
4  especially third-party contract and financial documents that were designated highly confidential
5  under the protective order—referenced and analyzed in the expert reports, and certain other
6  documents that contain Zuffa's trade secret or commercially sensitive information.  Compelling
7  reasons exist to seal the information Zuffa has redacted and filed entirely under seal from this
8  third party documentary evidence.

9       **Conclusion**

10       For the foregoing reasons, Zuffa respectfully requests that the Court find that "compelling
11  reasons" and "good cause" exist such that the documents Zuffa has filed under seal in connection
12  with its *Daubert* motions are properly filed under seal.

13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

| | | |
|---|---|---|
| 1 | Dated: February 16, 2018 | BOIES, SCHILLER & FLEXNER LLP |

/s/ Nicholas A. Widnell
Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro hac vice*)
Stacey K. Grigsby (*Pro hac vice*)
Nicholas A. Widnell (*Pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: nwidnell@bsfllp.com
Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

6

ZUFFA, LLC'S MOTION TO SEAL MOTIONS TO EXCLUDE TESTIMONY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Zuffa's Motions to Exclude the Testimony of Dr. Hal J. Singer, Dr. Andrew Zimbalist, and Guy A. Davis and Related Materials was served on February 16, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick Crawford*

Roderick Crawford, an Employee of Boies, Schiller & Flexner LLP