Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:     (215) 875-3000
Facsimile:     (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier*
*Vazquez, Brandon Vera, and Kyle Kingsbury*

*(Additional counsel appear on signature page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)**<br><br>**HEARING REQUESTED** |

## PUBLIC COPY-REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

GLOSSARY OF ABBREVIATIONS ..........................................................................iv

I.      INTRODUCTION ...........................................................................1

II.     STATEMENT OF FACTS ..............................................................1

III.    LEGAL STANDARD .....................................................................3

IV.     ARGUMENT ..................................................................................3

        A.      Zuffa Put At Issue Its Capacity To Pay Fighters More ..........................................3

        B.      Mr. Davis's Opinions Require Specific Expertise ................................................4

        C.      Mr. Davis's Methodology Is Reliable ...................................................................5

                1.      Zuffa Misconstrues Mr. Davis's Testimony About the But-For World. ......5

                2.      Mr. Davis's Methodology Is Sound, And Is Neither Outcome-Oriented
                        Nor Distorted By Hindsight Bias. ................................................................6

        D.      Mr. Davis's Rebuttal Expert Report Is Proper ....................................................8

V.      CONCLUSION ...............................................................................9

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Estate of Amerilube, Inc. v. Gilliam*,
   No. 96-00241 (Bankr. Del., filed Feb. 28, 1996) ...................................................................2

*Barber v. United Airlines, Inc.*,
   17 F. App'x 433 (7th Cir. 2001) .............................................................................................7

*Claar v. Burlington Northern Railroad Co.*,
   29 F.3d 499 (9th Cir. 1994) ....................................................................................................7

*Concord Boat Corp. v. Brunswick Corp.*,
   207 F.3d 1039 (8th Cir. 2000) ................................................................................................8

*Cohen v. Un-Ltd Holdings, Inc.*,
   No. 97-03204 (Bankr. E.D. Va., Dec. 8, 1997) ......................................................................2

*Heilig-Meyers Co.*, No. 00-34533 (Bankr. E.D. Va., filed Aug. 16, 2000) ..................................2

*In re Fas Mart Convenience Stores, Inc.*,
   No. 01-60386 (Bankr. E.D. Va., filed Mar. 9, 2001) ..............................................................2

*In re Future Finance Co.*,
   No. 02-70457 (Bankr. E.D. Va., Jan. 25, 2002) .....................................................................2

*InTouch Techs., Inc. v. VGO Communications, Inc.*,
   751 F.3d 1327 (Fed. Cir. 2014) ..............................................................................................8

*KRS Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007) ................................................................................................................8

*Estate of Kurt Miller Wassenaar*,
   No. 99-01042 (Bankr. W.D. Va., Apr. 7, 1999) .....................................................................2

*MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*,
   232 F. Supp. 3d 558 (S.D.N.Y. 2017) ....................................................................................2

*In re Nelco, Ltd.*,
   264 B.R. 790 (Bankr. E.D. Va. 1999) .....................................................................................2

*Official Cmte. of Unsecured Creditors v. Home Depot U.S.A., Inc.*,
   No. 12-01475 (Bankr. E.D. Va., filed Oct. 18, 2012) .............................................................2

*OPS 2, LLC v. County of Clark*,
   No. 2:08-cv-00967-RLH-VCF, 2012 WL 424856 (D. Nev. Feb. 9, 2012) ............................4

ii

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

*Oracle USA, Inc. v. Rimini Street, Inc.*,
    No. 2:10-CV-00106-LRH-PAL, 2015 WL 5165374 (D. Nev. Sept. 3, 2015)....................................4

*In re Payless Cashways, Inc.*,
    290 B.R. 689 (Bankr. W.D. Mo. 2003)...............................................................2

*Prescott Group Small Cap, L.P. v. Coleman Co.*,
    No. Civ.A. 17802, 2004 WL 2059515 (Del. Ch. Sept. 8, 2004).......................................8

*In re The Rowe Cos., et al.*,
    No. 06-11142 (Bankr. E.D. Va., filed Sept. 18, 2006)................................................2

*In re Se. Milk Antitrust Litig.*,
    No. 2:08-MD-1000, 2011 WL 13122688 (E.D. Tenn. July 15, 2011) ...............................3

*Silverman Consulting, Inc. v. American Water Heater Co.*,
    Nos. 02-04055, 02-04139, 02-04134, 02-4078 (Bankr. W.D. Mo., filed Mar. 14,
    2002, July 19, 2002, July 19, 2002, Apr. 26, 2002)...............................................2

*Storehouse, Inc., Debtor*, No. 06-11144 (Bankr. E.D. Va., filed Sept. 18, 2006) ...................................2

*Teitz v. Va. Elec. & Power Co.*,
    No. 08-00041 (Bankr. N.D. W. Va., filed May 5, 2008) ............................................2

*United States v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004)................................................................4

*Va. Elec. & Power Co. v. Bransen Energy, Inc.*,
    No. 3:14-cv-538, 2016 WL 590464 (E.D. Va. Feb. 11, 2016) ....................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ...........................................................1, 8

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

# GLOSSARY OF ABBREVIATIONS

For the convenience of the Court and efficiency, Plaintiffs' Brief in Opposition to Zuffa, LLC's

Motion to Exclude the Testimony of Guy A. Davis (ECF No. 517) uses the following abbreviations:

| Declaration of Eric L. Cramer, Esq. (April 6, 2018) | CD2 | Filed with the Singer/Zimbalist Daubert Opp. |
| --- | --- | --- |
| Expert Report of Guy Davis, CPA, CIRA, CDBV, CFE (August 31, 2017) | GDR1 | ECF No. 518-8 |
| Rebuttal Expert Report of Guy Davis, CPA, CIRA, CDBV, CRE (January 12, 2018) | GDR2 | ECF No. 518-9 |
| Expert Report of Elizabeth Kroger Davis, (October 27, 2017) | EDR1 | ECF No. 517-7 |
| Expert Rebuttal Report of Andrew Zimbalist (December 26, 2017) | ZR2 | ECF No. 518-6 |
| Rebuttal Expert Report of Hal J. Singer, Ph.D. (January 12, 2018) | SR2 | ECF No. 518-4 |
| Zuffa, LLC's Motion to Exclude the Testimony of Plaintiffs' Expert Guy A. Davis, ECF. No. 517 (February 16, 2018) | DD | ECF No. 517 |

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

1   **I.      INTRODUCTION**

2          Zuffa moves to exclude the testimony of Plaintiffs' accounting expert, Mr. Guy Davis, that Zuffa

3   ███████████████████████████████████████████████████████████████████████████████████

4   ████████████████. *See* GDR1 at 18 (Opinion 5); GDR2, *passim*. Zuffa also moves to exclude Mr. Davis's

5   rebuttal report as beyond the scope of proper rebuttal. Zuffa does not seek to exclude the remainder of

6   Mr. Davis's opinions. *See* GDR1 at 16-18 (Opinions 1-4, 6).

7          Zuffa seeks to present testimony from its accountant, Ms. Elizabeth Kroger Davis, that Zuffa

8   could not afford to pay Fighters the amounts claimed by Plaintiffs as damages. Zuffa nonetheless seeks

9   to prevent Plaintiffs from countering this evidence through Mr. Davis's testimony that by forgoing some

10  of the ████████ in distributions to its three original shareholders (and the debt burdens that facilitated

11  those distributions), along with excessive spending on private jets and management fees (paid to its

12  owners), Zuffa could have afforded to pay its fighters ████████████████ more—before

13  taking into account the increased output and additional sources of compensation that Plaintiffs'

14  economists opine would have existed absent Zuffa's anti-competitive Scheme. *See, e.g.,* SR2 ¶¶ 200-09;

15  *see infra* n.8.

16         Zuffa's motion should be denied, because: (1) Zuffa has put at issue its capacity to pay Fighters

17  more during the Class Period; (2) Mr. Davis's opinions require expertise beyond that of the ordinary lay

18  juror; (3) Mr. Davis's methodology is sound and reliable; and (4) Mr. Davis's rebuttal is proper under

19  Fed. R. Civ. P. 26(a)(2)(D)(ii) (and even if it were not proper rebuttal, Ms. Davis's surrebuttal report

20  gave Zuffa the last word and eliminated any possible prejudice).

21  **II.     STATEMENT OF FACTS**

22         Guy Davis is a Certified Public Accountant, a Certified Insolvency and Restructuring Advisor, a

23  Certified Fraud Examiner, and holds a Certification in Distressed Business Valuation.  He is also a fellow

24  of the American College of Bankruptcy. For twenty-eight years, he has performed a variety of forensic

25  accounting and financial consulting services.  He has also served as a financial consultant and/or expert

26  witness in federal and state courts on behalf of governmental agencies, corporations, partnerships,

27

28

individuals, class action plaintiffs, sureties, and financial institutions. GDR1 at 5-6. Zuffa does not challenge his qualifications, and his testimony has never been excluded by any court.[1]

In his initial report, Mr. Davis expressed six opinions, including that ███████████████ ████████████████████████████████ (GDR1 at 18 (Opinion 5)). In her initial report, Zuffa's accountant opined, among other things, that:

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

In his Rebuttal Report, Mr. Davis opined:

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Zuffa submitted a Surrebuttal Report from Ms. Davis in response to Mr. Davis's rebuttal.

---

[1] *See, e.g., MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 577-78 (S.D.N.Y. 2017); *Va. Elec. & Power Co. v. Bransen Energy, Inc.*, No. 3:14-cv-538, 2016 WL 590464, at *3 (E.D. Va. Feb. 11, 2016); *In re Payless Cashways, Inc.*, 290 B.R. 689, 702 (Bankr. W.D. Mo. 2003); *In re Nelco, Ltd.*, 264 B.R. 790, 801 (Bankr. E.D. Va. 1999); *Silverman Consulting, Inc. v. American Water Heater Co.*, Nos. 02-04055, 02-04139, 02-04134, 02-4078 (Bankr. W.D. Mo., filed Mar. 14, 2002, July 19, 2002, July 19, 2002, Apr. 26, 2002); *Official Cmte. of Unsecured Creditors v. Home Depot U.S.A., Inc.*, No. 12-01475 (Bankr. E.D. Va., filed Oct. 18, 2012); *Storehouse, Inc., Debtor*, No. 06-11144 (Bankr. E.D. Va., filed Sept. 18, 2006); *Teitz v. Va. Elec. & Power Co.*, No. 08-00041 (Bankr. N.D. W. Va., filed May 5, 2008); *In re The Rowe Cos., et al.*, No. 06-11142 (Bankr. E.D. Va., filed Sept. 18, 2006); *Heilig-Meyers Co.*, No. 00-34533 (Bankr. E.D. Va., filed Aug. 16, 2000); *In re Fas Mart Convenience Stores, Inc.*, No. 01-60386 (Bankr. E.D. Va., filed Mar. 9, 2001); *Estate of Amerilube, Inc. v. Gilliam*, No. 96-00241 (Bankr. Del., filed Feb. 28, 1996); *Cohen v. Un-Ltd Holdings, Inc.*, No. 97-03204 (Bankr. E.D. Va., Dec. 8, 1997); *In re Future Finance Co.*, No. 02-70457 (Bankr. E.D. Va., Jan. 25, 2002); *Estate of Kurt Miller Wassenaar*, No. 99-01042 (Bankr. W.D. Va., Apr. 7, 1999).

1    In its *Daubert* motion, Zuffa seeks to exclude Guy Davis's opinion regarding Zuffa's capacity to

2    have paid its Fighters substantially more, on the grounds that this testimony is purportedly irrelevant,

3    within the understanding of the average lay person, unreliable, and, as to Mr. Davis's rebuttal report,

4    beyond the scope of proper rebuttal testimony.[2]

5    ## III.    LEGAL STANDARD

6    The legal standards for admissibility of expert testimony are set forth in the separate *Daubert*

7    opposition brief concerning Plaintiffs' experts Drs. Singer and Zimbalist filed simultaneously herewith.

8    ## IV.    ARGUMENT

9    ### A.    Zuffa Put At Issue Its Capacity To Pay Fighters More

10   Zuffa argues that its capacity to increase its Fighters' compensation in the but-for world (absent

11   the challenged conduct) is legally irrelevant. DD at 7-8. Plaintiffs agree. *See In re Se. Milk Antitrust*

12   *Litig.*, 2011 WL 13122688, at *2 (E.D. Tenn. July 15, 2011) (evidence of defendant's financial condition

13   and ability to pay irrelevant). Moreover, even if that analysis were required, looking solely to whether

14   Zuffa alone could have paid substantially more based on its actual revenues—as Guy Davis has done—

15   is highly conservative. What matters is what the industry-wide revenues would have been in the but-for

16   world. As Dr. Singer made clear, "the appropriate analysis looks to the available revenues earned by

17   Zuffa and other MMA promoters in the but-for world." SR2 ¶ 200; *see also infra* n.8. Dr. Topel

18   acknowledged this as well. *See* CD2, Ex. 57 (Topel Dep. 2) at 422:22-423:18, 425:9-426:3. The higher

19   competitive pay levels would likely have come not solely from Zuffa, but also from other MMA

20   promotions that would have been better able to compete. SR2 ¶ 197 ("In the but-for world, other MMA

21   promoters would be able to compete effectively with Zuffa for Fighter services, because they would not

22   be foreclosed from a critical input.").[3]

23

24   [2] Zuffa does not seek exclusion of Opinions 1-4 and 6 in Mr. Davis's initial report, which ███████

25   ████████████████████████████████  GDR1 at 16-18.

26   [3] Further, while Mr. Davis conservatively engages in a static analysis—assuming the same total MMA
     revenues as in the actual world—Plaintiffs' economists make clear ████████████████████████

27   ████████████████████████████████████. *See, e.g.*, SR2 ¶¶ 202-08 (

28   ███████████); *id.* ¶ 202 ("

Zuffa, however, placed its finances squarely at issue by presenting expert testimony from Elizabeth Davis that ███████████████████████████████████████████████████ ███████████████████████████. EDR1 at 10-11 (Opinions 3 & 4), 23-29. Where a party puts its finances at issue, its adversaries are entitled to put on their own evidence regarding that party's finances. *See, e.g.*, *Oracle USA, Inc. v. Rimini Street, Inc.*, 2015 WL 5165374, at **2-3, (D. Nev. Sept. 3, 2015) ("Oracle's overall company wealth and financial assets are relevant as Oracle has put its wealth and financial condition directly at issue in this case."). Having put at issue its capacity to pay, Zuffa should not be permitted to prevent Plaintiffs from responding.[4]

## B.    Mr. Davis's Opinions Require Specific Expertise

Zuffa argues that "Mr. Davis's testimony also should be excluded because it requires no special competence to opine that Zuffa could have paid athletes more." DD at 8. This is pure sophistry. While it is true that lay jurors could readily conclude that an enormously profitable company like Zuffa—which sold in 2016 for $4 billion—could have remained profitable while paying Fighters more, lay jurors have no way of determining, absent expert testimony, how much more. Indeed, in determining Zuffa's capacity to increase Fighter pay, Mr. Davis analyzed Zuffa's shareholder dividends and related debt, excess aviation fees, management fees, debt service charges, tax obligations, capital requirements, and debt covenants, *see* GDR2 at 13-19—all of which fall outside the ability of the average lay person.[5]

---

████████████████████████████████████████████████████████████████████████ ██████████████████████████████████.").

[4] If, however, the Court is inclined to exclude as legally irrelevant Guy Davis's testimony regarding Zuffa's capacity to pay its fighters more, it should likewise bar any effort by Zuffa to cry poverty, including Elizabeth Davis's testimony on that subject.

[5] The cases Zuffa cites are inapposite. In *OPS 2, LLC v. County of Clark*, 2012 WL 424856 (D. Nev. Feb. 9, 2012), the court held expert testimony that interpreted contract language was inadmissible because "interpretation of the plain language of a contract is a matter of law, not fact, and therefore is inappropriate for expert testimony," *id.* at *4, and because expert testimony regarding whether a disputed contract materially deviated from the invitation to bid was "conclusory" and "not accompanied by any analysis." *Id.* at *5. Similarly, in *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004), the excluded expert provided no methodological basis for his opinion and "never explained just how his own experience, or the texts he mentioned, supported his . . . opinion." *Id.* at 1265. Here, conversely, Mr. Davis's testimony is factual and rests on extensive analysis that Mr. Davis explains in detail. *See* GDR2 at 13-22 (analyzing Zuffa's capacity to pay fighters more while remaining profitable).

**C.      Mr. Davis's Methodology Is Reliable**

**1.      Zuffa Misconstrues Mr. Davis's Testimony About the But-For World.**

Taking snippets of Mr. Davis's testimony out of context, Zuffa argues that his opinions regarding increased athlete compensation are unreliable because he fails to consider the "but-for" world that would have existed absent Zuffa's challenged conduct.[6] DD at 9-10. Zuffa contends that Mr. Davis testified that "'in any hypothetical' that involves 'paying fighters more money,' it is important to consider 'what the economists have said about the impact of paying fighters more.'" DD at 9 (citing DD, Ex. 2 (G. Davis Dep. 1) at 149:11-20). In context, including the testimony elided by Zuffa, Mr. Davis *actually* testified:

> Q.      And how does a thousand dollars paid . . . in fighter compensation affect Zuffa's enterprise value?
>
> A.      Well, again, when you deal with paying fighters more money, in any hypothetical, I'm only cautious because of what the economists have said about the impact of paying fighters more. At the thousand-dollar level, it probably wouldn't have the effect that the economists are contemplating. But they do say that the industry would be larger and there would be competitors.

DD, Ex. 2 (G. Davis Dep. 1) at 149:8-20. In this testimony, Mr. Davis is *not* stating that expert accounting testimony regarding the effect of additional fighter compensation on Zuffa's balance sheets is unreliable. Instead, Mr. Davis is simply pointing out—accurately—that Drs. Singer and Zimbalist have opined that absent Zuffa's anti-competitive conduct, there would have been more competitors and greater output in the market for Live MMA Events.[7] As pointed out above, by focusing only on the amount of cash Zuffa alone would have had available to pay Fighters, he is being conservative. In a more competitive but-for world, Fighters would have had the option to be free agents and fight for the highest bidders, and in that world, there would have been more viable promoters and more Live MMA Events. *See, e.g.*, SR2 ¶¶ 202-

---

[6] Like Zuffa's relevance argument, Zuffa's reliability argument, by its own terms, is limited to Mr. Davis's testimony "involving increased athlete compensation." DD at 9.

[7] The same is true of the other testimony Zuffa cites. *See* DD, Ex. 2 (G. Davis Dep. 1) at 137:22-138:5 (in but-for world, "the MMA industry would have larger output"); *id.* at 142:20-143:4 (in the but-for world "based on what the economists are saying . . . the industry as a whole would have a greater output and there would be more competitors"); *id.* at 142:2-5 ("you've introduced this but-for world wherein the MMA industry is larger, it has a higher output and there are more competitors").

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

08; ZR2 ¶80.

In her initial report, Ms. Davis opined ███████████████████████

███████████████████████████████████. EDR1 at 10-11, 23-29, 50-55

(Opinions 3 & 4). In doing so, Ms. Davis did not consider the expanded market or additional competitors

that Drs. Zimbalist and Singer opined would have existed absent Zuffa's challenged conduct. *See* CD2,

Ex. 54 (E. Davis Dep.) at 95:2-19, 100:2-101:24, 102:4-103:7.

In response to Ms. Davis's testimony regarding Zuffa's capacity to increase Fighter pay, Mr.

Davis, in his rebuttal, demonstrated that even absent the increased output and competition that Drs.

Zimbalist and Singer opined would have resulted from elimination of the challenged conduct, ████████

████████████████████████████████████████████████████████████████

███████████████████████. GDR2 at 10-11. While not including any increased output

or competition may have rendered Mr. Davis's analysis *conservative*, it did not render his analysis

unreliable.[8]

> **2.    Mr. Davis's Methodology Is Sound, And Is Neither Outcome-Oriented Nor Distorted By Hindsight Bias.**

From 2005 to 2015, ████████████████████████████████████████████████████

████████████████████████████████. GDR2 at 13. During this

period, Zuffa ████████████████████████████████████████████████

████████████████████. *Id.* at 16. By forgoing this excessive spending,[9] Zuffa had the capacity to

---

[8] The cases Zuffa cites, DD at 9-10, which hold that an expert must satisfy his or her own standards of reliability, are unavailing. Mr. Davis did *not* testify that an analysis of Zuffa's financial capacity would be "unreliable" if it did not consider the increased output and competition that would have existed absent Zuffa's anti-competitive conduct. He merely testified—accurately—that Drs. Zimbalist and Singer had opined that elimination of Zuffa's challenged conduct would have resulted in greater output and more competition. Moreover, if Guy Davis's testimony were to be excluded for failure to consider increased output and competition in the but-for world, then Elizabeth Davis's testimony would need to be excluded on that same basis. *See* CD2, Ex. 54 (E. Davis Dep.) at 95:2-19, 100:2-101:24, 102:4-103:7.

[9] ██████████████████████████████████████████████████████████████████
██████████████████████████████ GDR1 at 26.

████████████████████████████████████████████████████████ *Id.* at 27.

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

pay its fighters substantially more. *Id.* at 32.

Mr. Davis determined Zuffa's capacity to increase fighter compensation "█████████████ ███████████████████████████████████████████████████" *Id.* at 18. To determine how much more Zuffa could have paid its fighters, Mr. Davis followed a rigorous, five-step process that involved developing a comprehensive financial model, constructing an amortization schedule, creating *pro forma* financial statements, identifying a range of feasible compensation scenarios, and calculating pro forma rates of return for equity holders. GDR2 at 13-14. Mr. Davis concluded that ████████████ ██████████████████████████████████████████████"—*i.e.*, ████████████████████████████████████████████—"███████████████████ ██████████████████████████████████" during the Class Period, while remaining "████████████████████████████████████." *Id.* at 22.

The analysis in Mr. Davis's rebuttal was rigorous and consistent with accepted accounting principles. He posited reasonable dividend and expense policies and consistently applied them every year to Zuffa's *pro forma* financial statements. The mere fact that Zuffa does not like the results of these analyses does not suggest that they are infected with "hindsight bias." By definition, any backward-looking analysis is performed with the benefit of hindsight, but backward-looking analyses are performed by accountants all the time, both for litigation and non-litigation purposes. Mr. Davis performed his analysis using generally accepted accounting methodologies, and his results are therefore reliable.[10]

---

[10] The cases cited by Zuffa, DD at 11, are not to the contrary. In *Claar v. Burlington Northern Railroad Co.*, 29 F.3d 499 (9th Cir. 1994), the court excluded experts who "formed their opinions before reading the relevant literature, even though they admitted that they were not sufficiently familiar with the field to diagnose the causes of plaintiffs' injuries without first reviewing that literature." *Id.* at 502. *Claar* plainly has no application here. In *Barber v. United Airlines, Inc.*, 17 F. App'x 433, 437 (7th Cir. 2001), a negligence case involving an injury caused by turbulence, the excluded expert, Dr. Hynes,

> relied on weather data, but he rejected some weather data that contradicted his opinion . . . rejected the testimony of the pilot and the copilot, which contradicted his opinion . . . did not give any additional data or information that he relied upon, which formed the basis of rejecting some of the weather data and the opinions of the copilots . . . [or] adequately explain why he ignored certain facts and data, while accepting others. Nor did Dr. Hynes present any other data which supported his opinion – he merely

7

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

### D.      Mr. Davis's Rebuttal Expert Report Is Proper

Finally, Zuffa contends that Mr. Davis's rebuttal is not proper rebuttal testimony. The Federal Rules of Civil Procedure provide for rebuttal testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). Mr. Davis's rebuttal does exactly that.

In her initial expert report, Elizabeth Davis opines ███████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

██████████. EDR1 at 10-11, 23-29 (Opinions 3 & 4). ████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

---

> accepted some of the testimony and weather data that suited his theory and ignored other portions of it that did not.

Here, conversely, Mr. Davis has not cherry-picked his data; he used all of Zuffa's available financial information from 2005-2016. Zuffa quotes *Prescott Group Small Cap, L.P. v. Coleman Co.*, 2004 WL 2059515 (Del. Ch. Sept. 8, 2004), out of context. The full quote makes clear why the *Prescott* court's holding is inapposite here:

> Contemporary pre-merger management projections are particularly useful in the appraisal context because management projections, by definition, are not tainted by post-merger hindsight and are usually created by an impartial body. In stark contrast, *post hoc*, litigation-driven forecasts have an "untenably high" probability of containing "hindsight bias and other cognitive distortions."

*Id.* at *21, Zuffa's selective quotation of *KRS Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), is similarly misleading. While the Court does note—as quoted by Zuffa—that "[a] factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon *ex post* reasoning," it immediately goes on to state—as omitted by Zuffa—"[r]igid preventative rules that deny factfinders recourse to common sense, however, are neither necessary under our case law nor consistent with it." *Id.* at 421. *InTouch Techs., Inc. v. VGO Communications, Inc.*, 751 F.3d 1327 (Fed. Cir. 2014), has no application here. In that patent case, the court rejected testimony from an expert whose opinion was directed to the wrong inquiry:  what a person of ordinary skill in the art would understand in 2011, rather than 2001. *Id*. at 1352. Finally, *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000), is inapplicable here, because, as shown above, Zuffa has failed to show "deficiencies in the foundation" of Mr. Davis's opinions.

[redacted] GDR2 at 22. Mr. Davis notes that [redacted] *Id.* at 10 (Opinion 1). This testimony *directly rebuts* Ms. Davis's Opinions 3 & 4, and is therefore proper rebuttal.[11] Moreover, in light of Elizabeth Davis's Surrebuttal Report, served 30 days after Guy Davis's Rebuttal Report, Zuffa's contention that Mr. Davis's rebuttal opinions were not timely disclosed is not only groundless, but moot, as Zuffa has had a full and fair opportunity to respond. Having had the last word, Zuffa should not be heard to complain that Mr. Davis's rebuttal was not timely disclosed.

## V. CONCLUSION

Zuffa offers no basis to exclude Opinions 1-4 and 6 of Guy Davis's initial report. As to Mr. Davis's opinions regarding Zuffa's capacity to increase fighter pay (as expressed in Opinion 5 of Mr. Davis's initial report and in his rebuttal), those opinions are relevant (as Zuffa opened the door); beyond the capacity of the average lay person; reliable; and, as to Mr. Davis's rebuttal report, contradict Zuffa's expert testimony. Zuffa's motion should therefore be denied.

11 [redacted]

Dated: April 6, 2018

Respectfully Submitted,

By: /s/  Eric L. Cramer
        Eric L. Cramer

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:     (215) 875-3000
Facsimile:      (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (*Pro Hac Vice*)
Joshua P. Davis (*Pro Hac Vice*)
Jiamin Chen (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Telephone:     (202) 408-4600
Facsimile:      (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Class Counsel**

10

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

**Liaison Counsel for the Class**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone:    (702) 341-5200
Facsimile:     (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**:

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone:    (602) 264-7101
Facsimile:     (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

William G. Caldes (*Pro Hac Vice*)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
wcaldes@srkw-law.com

John D. Radice (*Pro Hac Vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502
jradice@radicelawfirm.com

Frederick S. Schwartz (*Pro Hac Vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:    (818) 986-2407
Facsimile:     (818) 995-4124
fred@fredschwartzlaw.com

Case No.: 2:15-cv-01045-RFB-(PAL)

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S
MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)
**PUBLIC COPY-REDACTED**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2018 a true and correct copy of **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS (ECF NO. 517)** was served via email on all parties or persons requiring notice.

*/s/ Eric L. Cramer*
Eric L. Cramer