WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' CONSOLIDATED BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO EXCLUDE THE TESTIMONY OF DRS. HAL SINGER AND ANDREW ZIMBALIST AND PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO EXCLUDE THE TESTIMONY OF GUY A. DAVIS AND RELATED MATERIALS (ECF NOS. 537 & 538)** |

Pursuant to the Stipulated Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of Plaintiffs' Consolidated Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Drs. Hal Singer and Andrew Zimbalist and Plaintiffs' Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Guy A. Davis and Related Materials (ECF Nos. 537 & 538) ("Oppositions") and the related materials lodged under seal in whole or in part.

For the reasons below and as listed in Zuffa's Motion to Seal Zuffa's Opposition to Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 541 and Zuffa's Motion to Seal Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 527, compelling reasons and good cause exist to seal the Oppositions and documents related to the Oppositions that have been lodged partially or entirely under seal. In particular, there are compelling reasons to seal portions of the Oppositions and the related documents as they contain commercially sensitive information and disclosure would result in the risk of competitive harm. In addition, certain documents examined, quoted, and included here contain trade secret and commercially sensitive information, and should be sealed under the "compelling reasons" standard.

## LEGAL STANDARD

In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause of action," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016). However, if that is not the case, only good cause is necessary to justify sealing. *Id.* at 1097.

Under the good cause standard, a party seeking to file documents under seal pursuant to that standard must make a "particularized showing" under the "good cause standard of Rule 26(c)." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other

confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

**ARGUMENT**

Under either the "compelling reasons" or "good cause" standard, as well as for the reasons stated in Zuffa's Motion to Seal the Class Certification Opposition, the documents and portions of the Oppositions that Plaintiffs have lodged under seal should remain sealed.

The documents and descriptions of the documents lodged under seal contain highly confidential and commercially sensitive information regarding Zuffa's contractual clauses with its athletes and information regarding Zuffa's athlete compensation terms, royalty and licensing policies, and other specific payment terms and strategies. Zuffa's trade secret information is contained within portions of the Oppositions and related documents, and the public release of that highly sensitive and confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's compensation structures, royalty and licensing policies, and confidential contracts—all crucial elements of Zuffa's proprietary business practices that have allowed it to vigorously compete to sign contracts for MMA athlete services.

The Oppositions and several of the attachments to the Oppositions, particularly those portions of the motion that refer to or contain direct quotations from the expert reports in this matter, contain detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information, as well as individual athlete contracts. This type of information is very sensitive and MMA promoters are aware of the significant competitive risks they face if the data were to be released publicly. The sensitivity of this type of information is evidenced by Bellator's designation of its quarterly financial data as highly confidential under the Protective Order. Counsel for Bellator explained to this Court that the "most sensitive documents" to Bellator included event-level specific financial information. ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents"). Counsel for Bellator further explained to the Court that any information that would permit a "Bellator fighter [to be] compared to this fighter, they're disclosing our information," which he characterized as "a very significant concern." *Id.* at 16:16-21. In addition, several redacted portions of Plaintiffs' Expert Reports and Zuffa's Expert Reports contain aggregated (*e.g.*, quarterly) and event-level financial data and sample individual athlete contracts and contractual terms from third party boxing and MMA promoters. This information is also highly sensitive and disclosure of that information would, as Bellator's counsel recognized, be very likely to cause significant competitive harm if released


publicly. Compelling reasons exist to seal the information Zuffa has already redacted and lodged under seal.

In addition, several of the documents, deposition excerpts, and portions of expert reports already lodged under seal contain highly confidential and sensitive business communications and strategic evaluation, payment information, and negotiation strategies. For the reasons above, release of this information would be very likely to cause competitive harm to Zuffa and provide an unfair and unearned competitive advantage to Zuffa's competitors. Compelling reasons exist to seal the information that Zuffa has lodged under seal in whole or in part.

The Table below specifies justifications for sealing each of the exhibits or portions of the Oppositions already lodged under seal:

| Type of Material Zuffa Seeks to Seal | Exhibits or Portions of Motion |
|---|---|
| Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Opposition to Motion to Exclude Drs. Singer and Zimbalist 1, 7, 8-12, 14 & 14-15 n.26, 20 & n.42, 23 & n. 45, 25, 29-30, 35-38, 40 & n.68, 47, 48, 51 & n.97, 53, 59, 63; Opposition to Motion to Exclude Guy A. Davis 1-2, 4, 6-9 & n.11; Exhibits 49, 52, 57, 62, 65-66, 84-85. |
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Opposition to Motion to Exclude Drs. Singer and Zimbalist 12, 21 n.41, 24, 27, 40 & n.68, 45-46 n.83, 46, 53; Exhibits 49-50. 52, 57, 63-64-66, 68-70, 84. |
| Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa. | Opposition to Motion to Exclude Drs. Singer and Zimbalist 7, 18 n.35, 26, 29, 33-34, 55 nn.101-102; Exhibits 50, 55, 57. |

| | |
|---|---|
| Documents or portions therefore describing or providing information designated highly confidential by a third-party and/or third-party information, disclosure of which would be very likely to cause significant commercial harm. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | Opposition to Motion to Exclude Drs. Singer and Zimbalist 1,8-10, 21, 27, 45-46 n.83, 51, 55-56 & n.103, 63; Exhibits 51, 53, 57, 59, 71. . |

## CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court find that "compelling reasons" and "good cause" exist to seal the portions of the Oppositions that Plaintiffs lodged under seal and documents attached to the Oppositions that were lodged, in whole or in part, under seal.

Dated: April 11, 2018                         BOIES SCHILLER FLEXNER LLP


*/s/ Stacey K. Grigsby*
Stacey K. Grigsby
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro hac vice*)
Stacey K. Grigsby (*Pro hac vice*)
Nicholas A. Widnell (*Pro hac vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: sgrigsby@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
            jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

ZUFFA, LLC'S MOTION TO SEAL PLS' OPP'N TO ZUFFA's MOTS. TO EXCLUDE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Plaintiffs' Consolidated Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Drs. Hal Singer and Andrew Zimbalist and Plaintiffs' Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Guy A. Davis and Related Materials (ECF Nos. 537 & 538) was served on April 11, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick Crawford*

Roderick Crawford, an Employee of
Boies Schiller Flexner LLP