1  WILLIAM A. ISAACSON (*Pro hac vice*)
   (wisaacson@bsfllp.com)
2  STACEY K. GRIGSBY (*Pro hac vice*)
   (sgrigsby@bsfllp.com)
3  NICHOLAS A. WIDNELL (*Pro hac vice*)
   (nwidnell@bsfllp.com)
4  BOIES SCHILLER FLEXNER LLP
   1401 New York Avenue, NW, Washington, DC 20005
5  Telephone: (202) 237-2727; Fax: (202) 237-6131

6  RICHARD J. POCKER #3568
   (rpocker@bsfllp.com)
7  BOIES SCHILLER FLEXNER LLP
   300 South Fourth Street, Suite 800, Las Vegas, NV 89101
8  Telephone: (702) 382-7300; Fax: (702) 382-2755

9  DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
10 J. COLBY WILLIAMS #5549
   (jcw@campbellandwilliams.com)
11 CAMPBELL & WILLIAMS
   700 South 7th Street, Las Vegas, NV 89101
12 Telephone: (702) 382-5222; Fax: (702) 382-0540

13 *Attorneys for Defendant* Zuffa, LLC, d/b/a
   Ultimate Fighting Championship and UFC
14
   *Additional counsel on signature page*
15

16                    UNITED STATES DISTRICT COURT

17                          DISTRICT OF NEVADA

18

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**JOINT MOTION TO SUPPLEMENT EXPERT REPORTS** |

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury (collectively "Plaintiffs") and Defendant Zuffa, LLC ("Zuffa") (together with Plaintiffs, "the Parties") file this Joint Motion to Supplement the Expert Reports in this case. The Scheduling Order for this case contemplates three rounds of expert reports (for class and merits combined)—opening reports by Plaintiffs' experts, opposition reports by Zuffa's experts and rebuttal reports by Plaintiffs' experts. ECF No. 513. Given the complex issues involved in this antitrust case, the substantial damages at issue, and the significant amount of documentary, deposition, and other party and non-party evidence that has been produced and elicited in this matter, the Parties seek to ensure, within the bounds of efficiency, fairness, and practicality, that the expert record fairly and fully contains the parties' experts' respective opinions in this case.

The Parties are mindful of the dictates of Federal Rule of Civil Procedure 37, which prohibits the use at trial of any information required to be disclosed by Rule 26(a) that was not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As a result, the Parties now seek to supplement their expert reports pursuant to the agreement discussed below. Because this supplementation—part of which asks the Court to ratify the Parties' previous expert submissions, and part seeks to provide for two minor additional submissions—would modify the Scheduling Order in this case by allowing for additional expert reports, the Parties bring this request as a joint motion rather than a stipulation. The Parties request the following relief:

1. By way of background, and for purposes of clarity, the following expert reports and declaration were prepared in this matter by either Plaintiffs' expert economist, Dr. Hal Singer, or Zuffa's expert economist, Professor Robert Topel:[1]

    a. **Expert Report of Hal. J. Singer, Ph.D.** (dated August 31, 2017) ("SR1") (Exhibit 1 to the Declaration of Eric L. Cramer, Esq. (February 16, 2018), recorded on the public docket at ECF No. 518-3 (Feb. 16, 2018)).

---

[1] This Motion relates solely to the expert submissions of Drs. Singer and Topel. The Parties have also served other expert reports in this matter as well.

b. **Expert Report of Professor Robert H. Topel** (dated October 27, 2017) (Exhibit 3 to the Declaration of Nicholas A. Widnell (February 16, 2018), recorded on the public docket at ECF No. 524-5 & 528 (Feb. 16, 2018)).

c. **Rebuttal Expert Report of Hal. J. Singer, Ph.D.** (dated January 12, 2018) ("SR2") (Exhibit 2 to the Declaration of Eric L. Cramer, Esq. (February 16, 2018), recorded on the public docket at ECF No. 518-4 (Feb. 16, 2018)).

d. **Sur-Rebuttal Expert Report of Prof. Robert H. Topel** (dated Feb. 12, 2018) (not currently filed).

e. **Supplemental Expert Report of Hal. J. Singer, Ph.D.** (April 3, 2018) ("SR3") (Exhibit 49 to the Declaration of Eric L. Cramer, Esq. (April 6, 2018), recorded on the public docket at ECF No. 534-3 (Apr. 6, 2018)).

f. **Declaration of Robert H. Topel, Ph.D. in Support of Zuffa, LLC's Opposition to Plaintiffs' Motion for Class Certification** (April 6, 2018) (Exhibit 1 to the Declaration of Stacey K. Grigsby (April 6, 2018), recorded on the public docket at ECF No. 540-5 (Apr. 6, 2018)).

2. On February 12, 2018, Zuffa served Plaintiffs with a sur-rebuttal report prepared by Professor Topel (item "d"), addressing issues Zuffa believes were raised for the first time in Dr. Singer's timely served rebuttal report (item "c"). Plaintiffs disagree that Dr. Singer's rebuttal report contained any improper or inappropriate rebuttal matter. In order to respond to Professor Topel's sur-rebuttal (item "d"), Dr. Singer prepared and Plaintiffs served a Supplemental Expert Report with their opposition to Zuffa's motion to exclude Dr. Singer (item "e"). For purposes of compromise, Plaintiffs will not object to Zuffa's inclusion of Professor Topel's February 12 Report (item "d") as an exhibit to Zuffa's upcoming reply in support of its motion to exclude Dr. Singer's testimony, and, in return, Zuffa will not object to: (i) any matter in Dr. Singer's rebuttal report (item "c") as being improper rebuttal matter or otherwise improperly or untimely raised; and/or (ii) any matter in Dr. Singer's Supplemental Report (item "e") as improper rebuttal matter or otherwise improperly untimely raised.

3.  Professor Topel submitted a new declaration after the close of expert discovery as Ex. 1 to Zuffa's class certification opposition brief (ECF No. 540) (the "Topel Declaration") (item "f"). This was the third report or declaration prepared by Professor Topel and served on Plaintiffs in this case. Zuffa claims that the Topel Declaration (item "f") is merely a summary and roadmap to his first report (item "b"). Without agreeing with that characterization, Plaintiffs agree not to object to the inclusion of the Topel Declaration (item "f") as part of Zuffa's class certification opposition, and in return, Zuffa agrees not to object to Plaintiffs' inclusion with their upcoming class certification reply brief of a new declaration from Dr. Singer that (a) responds to the Topel Declaration, provided that Dr. Singer limits his comments and opinions to a summary of the opinions in his previous reports, (b) briefly responds to the computation reported in the April 6, 2018 Nakamura Declaration (ECF No. 540-3) at para. 14, and (c) addresses matters discussed in paragraph 5 below. Further, Zuffa will not object if Plaintiffs submit summary charts equivalent to Exhibits 87-89 submitted with a declaration comparable to the Nakamura Declaration.

4.  In response to the regression Dr. Singer discusses in his supplemental report (item "e") on page 39 (Table A2) (the "Singer Promotion Spend Regression"), Zuffa may submit, as an exhibit to its upcoming reply in support of its motion to exclude Dr. Singer's testimony, a short response from Professor Topel for the sole purpose of responding to the Singer Promotion Spend Regression, including through regression analysis. This Topel response will not (a) include, incorporate, or analyze any data other than Dr. Singer's regression data set from the backup files to his initial report (item "a"), Zuffa cost data included in the backup data to Dr. Singer's initial report, (item "a"), and any other data or documents Dr. Singer used in the regression and included in his Supplemental Report (item "e") to identify promotional expenses, or (b) respond to, discuss, or analyze any other of Dr. Singer's regression analyses or any other of his opinions or analyses. Plaintiffs will not object to the inclusion of such a limited report as an exhibit to Zuffa's reply in support of its motion to exclude Dr. Singer.

5.  Plaintiffs may submit, as an exhibit to their reply in support of their motion for class certification, as part of the Singer Response Report discussed in paragraph 3 above, a short rebuttal to the Topel response (discussed in para. 4 above). This additional Singer Response may

3
JOINT MOTION TO SUPPLEMENT EXPERT REPORTS

respond to the Topel response addressed in paragraph 4, above, but will not include any new regressions. The Court may consider the Singer Response Report as part of, *inter alia*, the briefing and record concerning Zuffa's motion to exclude Dr. Singer's testimony. The parties agree that the Court may consider the class certification briefing and exhibits thereto as part of the record for purposes of the *Daubert* motions, and that the *Daubert* briefing and exhibits thereto may be considered as part of the record for purposes of the Motion for Class Certification.

6. The parties agree further and respectfully request that all of the expert materials discussed herein be treated for admissibility purposes as if they had been exchanged during the Court-authorized expert discovery period.

In the interests of fairness in this complex antitrust class action, the Parties respectfully request the Court grant their Joint Motion to Supplement Expert Reports.

Dated: May 7, 2018

BOIES, SCHILLER FLEXNER LLP

By: /s/ Nicholas A. Widnell
      Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
       sgrigsby@bsfllp.com
       nwidnell@bsfllp.com

BERGER & MONTAGUE, P.C.

By: ___/s/ Eric L. Cramer_____
      Eric L. Cramer
      *Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera and Kyle Kingsbury*

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter(*Pro Hac Vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

### ATTESTATION OF FILER

The signatories to this document are myself and Eric Cramer, and I have obtained Mr. Cramer's concurrence to file this document on his behalf.

Dated: May 7, 2018

By:   /s/ Nicholas A. Widnell_____

     Nicholas A. Widnell
     *Attorney for Defendant* Zuffa, LLC, d/b/a
     Ultimate Fighting Championship and UFC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Joint Motion to Supplement Expert Reports** was served to opposing counsel on May 7, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Roderick Crawford
Roderick Crawford
An employee of Boies Schiller Flexner LLP