WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>     v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>               Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT GUY A. DAVIS UNDER FED. R. EVID. 702 AND *DAUBERT***<br><br>**HEARING REQUESTED** |

1   In their opposition (ECF No. 535) ("Opposition") to Zuffa, LLC's Motion to Exclude the

2   Testimony of Guy A. Davis (ECF No. 517), Plaintiffs do not respond to Zuffa's point that expert

3   testimony regarding its hypothetical financial capacity to increase athlete compensation in the

4   past is irrelevant and prejudicial.  Plaintiffs concede that Zuffa's *actual* revenues do not matter for

5   purposes of calculating damages, and Zuffa does not owe damages because it has the capacity to

6   pay them:  "What matters is what the industry-wide revenues would have been in the but-for

7   world."  Opp. at 3.  Plaintiffs do not and cannot explain how Mr. Davis's selective manipulation

8   of Zuffa's financials will assist the trier of fact in determining what damages, if any, to which the

9   putative class could be entitled.  Mr. Davis's testimony should be excluded for this reason alone.

10   Even if his testimony were relevant, the testimony should be excluded because his model

11   is biased (and therefore unreliable).  He admits he designed it specifically to free up cash flow in

12   service of Plaintiffs' desired conclusion that Zuffa could have afforded to pay athletes more

13   money.  Moreover, the jury does not require an accountant's special expertise on the simple point

14   that Zuffa has money to pay more to athletes, or anyone else.  Zuffa also maintains its argument

15   that Mr. Davis's financial models were improperly and untimely disclosed as rebuttal testimony.

16   I.   Testimony Regarding Zuffa's Capacity To Increase Pay Is Not Relevant And May
17       Mislead The Jury.

18   Mr. Davis opines ████████████████████████████████████████

19   ███████████████████████████████████████ Opp. at 1.  This "capacity to pay"

20   opinion is unduly prejudicial and not relevant to a disputed issue.  Plaintiffs' *only* defense is that

21   Zuffa "placed its finances squarely at issue by presenting expert testimony from Elizabeth Davis

22   that ████████████████████████████████████████████████

23   ████████████████████████████ *Id.* at 4.  This mischaracterizes Ms. Davis's opinion.  More

24   importantly, Plaintiffs ignore Zuffa's argument that the testimony of their expert is not relevant to

25   a disputed issue and may mislead the jury.

26   Despite Plaintiffs' arguments concerning which side put Zuffa's historical finances at

27   issue, neither party disputes that the legal inquiries are:  (1) whether Zuffa's financial capacity to

28   increase athlete compensation by some arbitrary amount is relevant to the issues in this case; and

1

1  (2) if relevant, whether this analysis is likely to confuse and prejudice the jury.  For Plaintiffs, Mr.

2  Davis offers a hypothetical alternative to both Zuffa's actual financial structure and Dr. Singer's

3  but-for world.  His model assumes Zuffa changed its historical capital and expense structure to

4  free up cash for athlete compensation, offering a different, allegedly more "conservative,"

5  approach to running the company.  Ex. 4 at 229:21–230:14.[1]  It may be that "lay jurors have no

6  way of determining, absent expert testimony, how much more" Zuffa could have paid athletes

7  while remaining profitable, Opp. at 4, but this jury will not be charged with that inquiry, so the

8  testimony is irrelevant.  The testimony does not relate to market power, anticompetitive effects,

9  damages, or any other disputed issue; Plaintiffs do not contend otherwise.  And Plaintiffs are not

10  entitled to damages because Zuffa has the capacity to pay them now or in the past.

11     Plaintiffs offer neither case law nor argument to explain how this testimony would assist

12  the trier of fact.  The only remaining possibility is that Plaintiffs intend to offer this evidence,

13  including the statement that Zuffa could have reduced its "excessive spending on private jets," *id.*

14  at 1, to prejudice a jury.  Thus, the testimony should be excluded because it is not "sufficiently

15  tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Daubert v.*

16  *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (quoting *United States v. Downing*, 753

17  F.2d 1224, 1242 (3d Cir. 1985)).

18     Ignoring the requirements for admissibility, Plaintiffs dedicate much of their Opposition

19  to quibbling over which party put Zuffa's finances at issue.  That issue has no bearing on

20  admissibility under FRE 702.  *See Gallardo v. United States*, 2012 WL 1191864, at *5 (D. Colo.

21  Apr. 10, 2012) (rejecting argument that plaintiff's expert opinion is relevant under FRE 703

22  "because defendant 'opened the door' to the testimony").  Plaintiffs cite no authority for the

23  proposition that expert testimony is relevant whenever another expert opines on the same subject

24  matter.[2]  Regardless, Ms. Davis did not put Zuffa's "capacity to pay" at issue.  In his initial

25

26  [1] Except where noted, exhibits referenced in this brief are exhibits to the Declaration of Nicholas
   A. Widnell, which was attached to the Motion.  *See* ECF No. 517-2.

27  [2] *Oracle USA, Inc. v. Rimini Street, Inc.*, 2015 WL 5165374 (D. Nev. Sept. 3, 2015) is inapposite.
   In that case, the court denied the plaintiff's motion to exclude evidence of its assets, revenues, and

28

ZUFFA'S REPLY ISO MOT. TO EXCL. GUY DAVIS     Case No.: 2:15-cv-01045-RFB-(PAL)

1   report, Mr. Davis opined that Zuffa could have paid athletes "substantially more than the amounts

2   it actually paid." Ex. 1 at 18.  Plaintiffs later asked *Ms. Davis* whether *she* was offering an

3   opinion on whether Zuffa could have paid athletes more using debt or other means; she testified

4   that she was not and that she had not done the analysis.  Decl. of Stacey K. Grigsby, Ex. 1, Dep.

5   of Elizabeth Davis, 190:10–191:5.  Plaintiffs nonetheless contend Ms. Davis "opened the door" to

6   Mr. Davis's opinions.  But a fair reading of Ms. Davis's report makes clear she is not offering an

7   opinion, as Plaintiffs suggest, "that Zuffa *could not afford* to pay Fighters the amounts claimed by

8   Plaintiffs as damages."  Opp. at 1 (emphasis added).  Rather, she explains how increasing athlete

9   pay by the amount of Plaintiffs' estimated damages would have affected Zuffa's profitability.

10        This distinction is meaningful because rebuttal testimony requires "a showing of facts

11   supporting the opposite conclusion" from an opposing party's expert.  *R & O Const. Co. v. Rox*

12   *Pro Int'l Grp.*, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (quotation omitted).  The

13   opposite of Ms. Davis's conclusion would be that ███████████████████████████████

14   ██████████████████████████████████████.  Mr. Davis takes an entirely

15   different approach, devising a methodology to determine "how much more Zuffa could have paid

16   its fighters, assuming alternative but feasible expense and capital structures."  Ex. 3 at ¶ 5.  This

17   does not rebut Ms. Davis's opinion.

18        II.        The Testimony Is Unreliable Because It Is Based On Unsound, Biased Methodology.

19        Plaintiffs try to buttress their argument that Mr. Davis's analysis is "sound" by labeling it

20   "rigorous and consistent with accepted accounting principles."  Opp. at 7.  This characterization is

21   insufficient to show the testimony is reliable.  *Stephen L. v. Hamamoto*, 2009 WL 10676989, at

22   *6 (D. Haw. Mar. 20, 2009) (dismissing conclusory statements about reliability).  By Mr. Davis's

23   own admission, (1) his analysis fails to account for the but-for world, which he insisted he would

24   _____

25   other financial metrics because the plaintiff "open[ed] the door" when it stated that it would
    proffer evidence of its annual spending on software research and development.  *Id.* at *3.  Here,

26   unlike in *Oracle*, Zuffa does not intend to introduce evidence on its capacity to pay in its case-in-
    chief, and the testimony proffered by Zuffa (the financial effect of allocating damages to Zuffa's

27   actual historical financials) materially differs from the testimony Plaintiffs seek to introduce
    (Zuffa's capacity to increase compensation assuming hypothetical changes to its capital and

28   expense structures).

ZUFFA'S REPLY ISO MOT. TO EXCL. GUY DAVIS      Case No.: 2:15-cv-01045-RFB-(PAL)

have to consider, and (2) he designed his model with the specific purpose of freeing up as much cash as possible to increase historical athlete pay.  This renders his conclusions unreliable.

Mr. Davis did not reach an opinion on how much more Zuffa could have paid athletes in a world without the conduct Plaintiffs challenge (the "but-for" world).  Mot. at 4.  He did admit that, in that but-for world, both Zuffa and its competitors could have paid athletes who were under contract with Zuffa, and that Zuffa would have been a "different," potentially "smaller," company.  *Id.*  But as Mr. Davis testified, "*any* hypothetical" involving "paying fighters more money" requires a description of the but-for world, which he did not provide.  *Id.*  By increasing athlete pay but not accounting for factors such as Zuffa's size and the size of the MMA industry, Mr. Davis violates his own standard.

In addition, Mr. Davis's increased compensation scenarios are not based on scientifically valid methodology.  *Id.* at 10–12.  Contrary to *Daubert*, the underlying methodology uses data from outside the Class Period and is "contrived to reach a particular result," *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1293 n.7 (11th Cir. 2005), *i.e.*, to reallocate as much money as possible for athlete pay.  His hypothetical modifications to Zuffa's capital and expense structure begin in 2007, well before the Class Period begins.  Mot. at 7.  He takes advantage of more than a decade of Zuffa's financial records and insight into its growth trajectory and capital requirements, reimagining the company's capital and expense structure based on this perfect hindsight.

Plaintiffs argue that "Mr. Davis has not cherry-picked his data; he used all of Zuffa's available financial information from 2005-2016."  Opp. at 8 n.10.  But Zuffa argued that Mr. Davis "cherry-pick[ed] *assumptions*" in designing his hypothetical model, not raw financial data.  Mot. at 9 (emphasis added).  To generate additional cash flow for purposes of financing increased athlete compensation, Mr. Davis assumes: ███████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████  Mr. Davis testified that the "whole premise" of the model was to redistribute as much money from shareholders to athletes as possible "without

4

1   creating a financial issue for the company." Ex. 4, 208:7–16.  This approach is far from

2   "conservative" because it is premised on fundamental changes to Zuffa's business that Zuffa's

3   management could not possibly have made in real time without a crystal ball.  Plaintiffs contend

4   Mr. Davis used "accepted accounting principles" (Opp. at 7); the reality is that he started with a

5   preordained conclusion and worked backward to make it seem feasible.

6       The Opposition ignores the general principle running through the case law:  hindsight bias

7   and *ex post* reasoning can distort and undermine an expert's methodology.  Mot. at 11.  Mr. Davis

8   should not be permitted to testify about how much more Zuffa could have paid athletes during the

9   Class Period because this conclusion is inextricably tied to his flawed methodology.

10      III.    <u>It Requires No Special Expertise To Opine That Zuffa Could Have Increased
        Compensation.</u>

11

12      Mr. Davis's testimony is unnecessary because any juror could conclude Zuffa could have

13  paid athletes more because it was profitable during the Class Period.  Mot. at 8.  Mr. Davis's

14  basic conclusion is that, as a highly profitable company, Zuffa could have reallocated funds to

15  increase labor costs substantially. Understanding this concept falls within the ken of any

16  layperson.  *Id.*  Attempting to distinguish cases where experts were excluded for providing

17  common-sense opinions, Opp. at 4, Plaintiffs ignore the general principle that animates this

18  precedent: expert testimony may not substitute for attorney argument.  Plaintiffs claim that the

19  complexity of Mr. Davis's analysis justifies the need for expert testimony, but that misses the

20  mark.  A trier of fact may not be able to recreate Mr. Davis's "extensive analysis" of Zuffa's

21  capacity to pay, Opp. at 4 n.5, but that does not mean this analysis will assist the trier of fact, *see*

22  *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

                                    **CONCLUSION**

23

24      For the foregoing reasons and those in Zuffa's Motion to Exclude the Testimony of Guy

25  A. Davis, the Court should exclude Mr. Davis's testimony.

26  /

27  /

28  /

ZUFFA'S REPLY ISO MOT. TO EXCL. GUY DAVIS        Case No.: 2:15-cv-01045-RFB-(PAL)

1    Dated:  May 7, 2018                    Respectfully Submitted,

2                                           BOIES SCHILLER FLEXNER LLP

3                                           By: */s/ Stacey K. Grigsby*
                                                Stacey K. Grigsby
4

5                                           WILLIAM A. ISAACSON (*Pro hac vice*)
                                            (wisaacson@bsfllp.com)
6                                           STACEY K. GRIGSBY (*Pro hac vice*)
                                            (sgrigsby@bsfllp.com)
7                                           NICHOLAS A. WIDNELL (*Pro hac vice*)
                                            (nwidnell@bsfllp.com)
8                                           BOIES SCHILLER FLEXNER LLP
                                            1401 New York Ave., NW, Washington, DC 20005
9                                           Telephone: (202) 237-2727; Fax: (202) 237-6131
10

11                                          RICHARD J. POCKER #3568
                                            (rpocker@bsfllp.com)
12                                          BOIES SCHILLER FLEXNER LLP
                                            300 South Fourth St., Ste. 800, Las Vegas, NV 89101
13                                          Telephone: (702) 382 7300; Fax: (702) 382 2755

14
                                            DONALD J. CAMPBELL #1216
15                                          (djc@campbellandwilliams.com)
                                            J. COLBY WILLIAMS #5549
16                                          (jcw@campbellandwilliams.com)
                                            CAMPBELL & WILLIAMS
17                                          700 South 7th Street, Las Vegas, NV 89101
                                            Telephone: (702) 382-5222; Fax: (702) 382-0540
18

19                                          *Attorneys for Defendant Zuffa, LLC, d/b/a*
                                            *Ultimate Fighting Championship and UFC*
20

21

22

23

24

25

26

27

28

                                            6

1

## CERTIFICATE OF SERVICE

2

  The undersigned hereby certifies that the foregoing **ZUFFA, LLC'S REPLY IN**

3

**SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' EXPERT**

4

**GUY A. DAVIS** was served on May 7, 2018 via the Court's CM/ECF electronic filing system

5

addressed to all parties on the e-service list.

6

7

                                        */s/ Roderick Crawford*
8
                                        Roderick Crawford

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZUFFA'S REPLY ISO MOT. TO EXCL. GUY DAVIS      Case No.: 2:15-cv-01045-RFB-(PAL)