WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL ITS REPLIES IN SUPPORT OF MOTIONS TO EXCLUDE THE TESTIMONY OF DR. HAL SINGER, DR. ANDREW ZIMBALIST, AND GUY A. DAVIS UNDER FED. R. EVID. 702 AND *DAUBERT* AND RELATED MATERIALS** |

ZUFFA, LLC'S MOT. TO SEAL REPLIES ISO MOTS. TO EXCLUDE

Pursuant to the Stipulated Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those portions of Zuffa's Reply in Support of Motion to Exclude the Testimony of Dr. Andrew Zimbalist under Fed. R. Evid. 702 and *Daubert*, Zuffa's Reply in Support of Motion to Exclude the Testimony of Dr. Hal Singer under Fed. R. Evid. 702 and *Daubert*, and Zuffa's Reply in Support of Motion to Exclude the Testimony of Plaintiffs' Expert Guy A. Davis under Fed. R. Evid. 702 and *Daubert* (collectively, the "*Daubert* Replies") and the materials related thereto lodged under seal in whole or in part.

For the reasons below and as listed in Zuffa's Motion to Seal Plaintiffs' Consolidated Briefs in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Drs. Hal Singer and Andrew Zimbalist and Plaintiffs' Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Guy A. Davis and Related Materials, ECF No. 542, Zuffa's Motion to Seal Zuffa's Opposition to Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 541, and Zuffa's Motion to Seal Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 527, compelling reasons and good cause exist to seal the *Daubert* Replies and documents related to thereto that have been lodged partially or entirely under seal. In particular, there are compelling reasons to seal portions of the *Daubert* Replies and the related documents as they contain commercially sensitive information and disclosure would result in the risk of competitive harm. In addition, certain documents examined, quoted, and included here contain trade secret and commercially sensitive information, and should be sealed under the "compelling reasons" standard.

## LEGAL STANDARD

In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause of action," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016). However, if that is not the case, only good cause is necessary to justify sealing. *Id.* at 1097.

Under the good cause standard, a party seeking to file documents under seal pursuant to that standard must make a "particularized showing" under the "good cause standard of Rule 26(c)." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

## ARGUMENT

Under either the "compelling reasons" or "good cause" standard, the documents and portions of the *Daubert* Replies that Zuffa has lodged under seal should remain sealed.

The documents and descriptions of the documents lodged under seal contain highly confidential and commercially sensitive information regarding Zuffa's contractual clauses with its athletes and information regarding Zuffa's athlete compensation terms, royalty and licensing policies, and other specific payment terms and strategies. Zuffa's trade secret information is contained within portions of the *Daubert* Replies and related documents, and the public release of that highly sensitive and confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's compensation structures, royalty and licensing policies, and confidential contracts—all crucial elements of Zuffa's proprietary business practices that have allowed it to vigorously compete to sign contracts for MMA athlete services.

The *Daubert* Replies and several of the attachments to the *Daubert* Replies, particularly those portions of the *Daubert* Replies that refer to or contain direct quotations from the expert reports in this matter, contain detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information, as well as individual athlete contracts. This type of information is very sensitive and MMA promoters are aware of the significant competitive risks they face if the data were to be released publicly. The sensitivity of this type of information is evidenced by Bellator's designation of its quarterly financial data as highly confidential under the Protective Order. Counsel for Bellator explained to this Court that the "most sensitive documents" to Bellator included event-level specific financial information. ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents"). Counsel for Bellator further explained to the Court that any information that would permit a "Bellator fighter [to be] compared to this fighter, they're disclosing our information," which he characterized as "a very significant concern." *Id.* at 16:16-21. In addition, several redacted portions of Plaintiffs' Expert Reports and Zuffa's Expert Reports contain aggregated (*e.g.*, quarterly) and event-level

financial data and sample individual athlete contracts and contractual terms from third-party boxing and MMA promoters. This information is also highly sensitive, and, as Bellator's counsel recognized, public disclosure of that information would very likely cause significant competitive harm. Compelling reasons exist to seal the information Zuffa has already redacted and lodged under seal.

In addition, several of the documents, deposition excerpts, and portions of expert reports already lodged under seal contain highly confidential and sensitive business communications and strategic evaluation, payment information, and negotiation strategies. For the reasons above, release of this information would be very likely to cause competitive harm to Zuffa and provide an unfair and unearned competitive advantage to Zuffa's competitors. Compelling reasons exist to seal the information that Zuffa has lodged under seal in whole or in part.

The Table below specifies justifications for sealing each of the exhibits or portions of the Oppositions already lodged under seal:

| Type of Material Zuffa Seeks to Seal | Exhibits or Portions of *Daubert* Replies |
|---|---|
| Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Reply in Support of Motion to Exclude Guy A. Davis 1, 3-4 & Ex. 1; Reply in Support of Motion to Exclude Hal Singer Ex. 37, Ex. 49 ¶¶ 23-27, 33-34, 36, 43-47, Ex. 50 ¶¶ 5-11, 14, 17-19, 22-32; Reply in Support of Motion to Exclude Hal J. Singer 1, 11-13 |
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Reply in Support of Motion to Exclude Hal Singer Exs. 37, 41; Reply in Support of Motion to Exclude Dr. Andrew Zimbalist 3; Reply in Support of Motion to Exclude Hal J. Singer 4 n.2. |
| Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa. | Reply in Support of Motion to Exclude Hal Singer Ex. 41, Ex. 49 ¶¶ 24; Reply in Support of Motion to Exclude Hal J. Singer 4 n.2. |

| Documents or portions therefore describing or providing information designated highly confidential by a third-party and/or third-party information, disclosure of which would be very likely to cause significant commercial harm.  These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | Reply in Support of Motion to Exclude Hal Singer Exs. 37, 38, 43, Ex. 49 ¶¶ 24-27, Ex. 50 ¶¶ 26-27; Reply in Support of Motion to Exclude Dr. Andrew Zimbalist 6-8. |
|---|---|

## CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court find that "compelling reasons" and "good cause" exist to seal the *Daubert* Replies and portions thereof that Zuffa lodged under seal and documents attached thereto that were lodged, in whole or in part, under seal.

Dated:  May 7, 2018                                    Respectfully Submitted,

                                                       BOIES SCHILLER FLEXNER LLP

                                                       By: */s/ Nicholas A. Widnell*
                                                            Nicholas A. Widnell

                                                       WILLIAM A. ISAACSON (*Pro hac vice*)
                                                       (wisaacson@bsfllp.com)
                                                       STACEY K. GRIGSBY (*Pro hac vice*)
                                                       (sgrigsby@bsfllp.com)
                                                       NICHOLAS A. WIDNELL (*Pro hac vice*)
                                                       (nwidnell@bsfllp.com)
                                                       BOIES SCHILLER FLEXNER LLP
                                                       1401 New York Ave., NW, Washington, DC 20005
                                                       Telephone: (202) 237-2727; Fax: (202) 237-6131

                                                       RICHARD J. POCKER #3568
                                                       (rpocker@bsfllp.com)
                                                       BOIES SCHILLER FLEXNER LLP
                                                       300 South Fourth St., Ste. 800, Las Vegas, NV 89101
                                                       Telephone: (702) 382 7300; Fax: (702) 382 2755

                                                       DONALD J. CAMPBELL #1216
                                                       (djc@campbellandwilliams.com)

5
ZUFFA, LLC'S MOT. TO SEAL REPLIES ISO MOTS. TO EXCLUDE

J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Zuffa, LLC's Replies in Support of Motions to Exclude the Testimony of Dr. Hal Singer, Dr. Andrew Zimbalist, and Guy A. Davis under Fed. R. Evid. 702 and Daubert and Related Materials was served on May 7, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/  Roderick Crawford*

Roderick Crawford, an Employee of
Boies Schiller Flexner LLP