1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>          v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                     Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CLASS AND RELATED MATERIALS (ECF NO. 554)** |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

1    Pursuant to the Stipulated Order governing confidentiality of documents entered by the

2  Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal

3  Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court

4  order the Clerk of Court to file under seal those portions of Plaintiffs' Reply in Support of

5  Plaintiffs' Motion to Certify Class ("Reply") and the materials related thereto lodged under seal

6  in whole or in part.

7    For the reasons below and as listed in Zuffa's Motion to Seal Zuffa's Opposition to

8  Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 541, and Zuffa's Motion to

9  Seal Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 527, compelling reasons

10 and good cause exist to seal the Reply and documents related to thereto that have been lodged

11 partially or entirely under seal.  In particular, there are compelling reasons to seal portions of the

12 Reply and documents related to the Reply as they contain commercially sensitive information and

13 disclosure would result in the risk of competitive harm.  In addition, certain documents examined,

14 quoted, and included in the Reply and related materials contain trade secrets and commercially

15 sensitive information, and should be sealed under the "compelling reasons" standard.

16                           **LEGAL STANDARD**

17    In the Ninth Circuit, if a motion is "more than tangentially related to the underlying cause

18 of action," compelling reasons are necessary to justify sealing materials.  *Ctr. for Auto Safety v.*

19 *Chrysler Grp., LLC*, 809 F.3d 1092, 1101, 1103 (9th Cir. 2016).  For all other motions, only good

20 cause is necessary to justify sealing.  *Id.* at 1097.

21    The "compelling reasons" standard requires a party to "articulate compelling reasons

22 supported by specific factual findings that outweigh the general history of access and the public

23 policies favoring disclosure."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179

24 (9th Cir. 2006) (citations and quotation marks omitted).  "Compelling reasons" have included

25 preventing:  disclosure of "sources of business information that might harm a litigant's

26 competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations

27 omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at

28

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

Under the good cause standard, a party seeking to file documents must make a "particularized showing" under the "standard of Rule 26(c)." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets' and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

In considering the Supreme Court's *Nixon* decision, 435 U.S. at 597 & n.7, the Ninth Circuit has explained that while the public has a "general right" to access judicial records and documents, "access to judicial records is not absolute." *Kamakana*, 447 F.3d at 1178.

### ARGUMENT

For the reasons below, under either the "compelling reasons" or "good cause" standard, the documents related to and portions of the Reply that Plaintiffs have lodged under seal should remain sealed.

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

The documents and descriptions of the documents lodged under seal contain highly confidential and commercially sensitive information regarding Zuffa's contractual clauses with its athletes and information regarding Zuffa's athlete compensation terms, royalty and licensing policies, and other specific payment terms and strategies.  Zuffa's trade secret information is contained within portions of the Reply and related documents, and the public release of that highly sensitive and confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's compensation structures, royalty and licensing policies, and confidential contracts—all crucial elements of Zuffa's proprietary business practices that have allowed it to vigorously compete to sign contracts for MMA athlete services.  This is information that Zuffa views as highly sensitive and public disclosure of the information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned competitive advantages.  Decl. of Stacey K. Grigsby in Support of Zuffa's Motion to Seal (Grigsby Decl.) ¶¶ 3, 5-6.

The Reply and several of the attachments to the Reply, particularly those portions of the Reply that refer to or contain direct quotations from the expert reports in this matter, contain detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information, as well as individual athlete contracts.  This type of information is very sensitive, and releasing this information publicly would put Zuffa at risk of competitive harm.  Other MMA promoters could try to use Zuffa's confidential financial information to their advantage.  Zuffa is not the MMA promoter with this concern.  That Bellator designated all of its quarterly financial data as highly confidential—the most protected designation—under the Protective order only underscores the sensitivity of this type of information.  As Counsel for Bellator explained, event-level specific financial documents are among the "most sensitive documents" to Bellator.  ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").  Counsel emphasized that any information that would permit a "Bellator fighter [to be] compared to this fighter, they're disclosing our information," and that would cause "a very significant

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

concern" if shared with Bellator's competitors. *Id.* at 16:16-21. Several redacted portions of Plaintiffs' Expert Reports and Zuffa's Expert Reports—several of which are referenced, quoted from, and paraphrased in the Reply—contain and analyze aggregated (*e.g.*, quarterly) and event-level financial data and sample individual athlete contracts and contractual terms from third-party boxing and MMA promoters. This information is also highly sensitive, and, as Bellator's counsel recognized, public disclosure of that information would very likely cause significant competitive harm. Compelling reasons exist to seal the information Plaintiffs have already redacted and lodged under seal.

In addition, several of the documents, deposition excerpts, and portions of expert reports already lodged under seal contain highly confidential and sensitive business communications and strategic evaluation, payment information, and negotiation strategies. For the reasons above, release of this information would be very likely to cause competitive harm to Zuffa and provide an unfair and unearned competitive advantage to Zuffa's competitors. Compelling reasons exist to seal the information that Plaintiffs have lodged under seal in whole or in part. Grigsby Decl. ¶ 4.

The Tables below provide individualized justifications for sealing each of the exhibits or portions of the Reply already lodged under seal. The first table lists financial documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result.

//

//

//

//

//

//

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 1:  Highly Sensitive Zuffa Financial Information | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| Reply 1 | Lines 12 and 13 contain highly confidential financial information regarding Zuffa's exact compensation paid to athletes, as well as information about Zuffa's event-level revenue, information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 2 | Line 4 contains highly confidential financial information regarding Zuffa's compensation practices with respect to athletes, as well as information about Zuffa's event-level revenue trends, information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.  Lines 19, 20, 22, and 23 contain analyses based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other information and analysis, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information—and obtain an unearned advantage in competition with Zuffa. |
| Reply 6 | Lines 16, 20, and 21 contain the same type of highly sensitive financial information as page 2, lines 4, 19, 20, 22, and 23 and should remain sealed for the reasons specified above. |
| Reply 10 | Lines 3 through 5 contain information derived from confidential documents that analyzed Zuffa's internal financial information in addition to draft documents that Zuffa assisted in drafting, all of which contain or are based on non-public information and disclosure of that information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.  Footnote 17 on page 10 contains information derived from highly confidential internal Zuffa financial information, which is not public, and disclosure of this portion of the reply could therefore permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa |
| Reply 11 | Line 4 contains information that contains the same type of highly-sensitive financial information and should be sealed for the same reasons as lines 19, 20, 22, and 23 of page 2 of the reply.  The same is true for footnote 19.  The final three redacted lines of footnote 19 should also be sealed because they contain the same highly confidential internal financial information as Lines 12 and 13 of page 1 of the Reply. |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 1:  Highly Sensitive Zuffa Financial Information | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| Reply 13 | Line 20 and footnote 22 contain information that is based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other information, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 14 | Line 1 contains the same information and should be sealed for the same reasons as line 20 and footnote 22 of Reply page 13.  Line 19 contains a discussion of testimony made in reference to Zuffa's highly confidential financial information, including confidential policies regarding athlete compensation.  Disclosure of this information could provide competitors with an unjustified and unearned advantage over Zuffa.  In addition, line 19 contains a summary of confidential testimony from a Zuffa executive and a Zuffa high-ranking employee who works, among other things, on financial analysis and strategy at Zuffa.  Disclosure of the information derived from their testimony could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa |
| Reply 15 | Line 1 is a continuation of line 19 from page 14 of the reply and is derived from the same information and should be sealed for the same reasons.  Footnote 27 should be sealed because it is derived from highly confidential internal Zuffa financial information and disclosure of the sealed information in that footnote could, when combined with other information, permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 16 | Line 4 contains highly confidential information of the type in lines 12 and 13 of page 1 of the Reply and should be sealed on that basis.  The continuation of footnote 27 contains the same type of information as described directly above and should be sealed on that basis. |
| Reply 17 | Footnote 29 contains highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. |
| Reply 20 | Footnote 44 contains statements derived from highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. |
| Reply 21 | Lines 18 and 20 contain highly confidential information of the type in lines 12 and 13 on page 1 of the Reply and should be sealed on that basis. |
| Reply 22 | Lines 2 and 24 through 28 contain highly confidential information of the type in Lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. |
| Reply 23 | Lines 1 through 4 and 6 through 9, 11, and 14 through 16 contain highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 1:  Highly Sensitive Zuffa Financial Information | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| Reply 24 | Lines 17 through 24 contain highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and also contain information of the type in lines 12 and 13 of page 1 of the Reply.  These lines should be sealed on the basis articulated above. |
| Reply 25 | Footnote 54 contains highly confidential information of the type contained in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. |
| Decl. of Eric Cramer (CD3), Ex. 86 | Exhibit 86 contains Zuffa's highly confidential internal financial information and analysis based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other information, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information—and obtain an unearned advantage in competition with Zuffa.  In addition, much of Dr. Singer's analysis of Zuffa's highly confidential compensation and event-level revenue information—in addition to his analysis of highly confidential Zuffa internal documents—could provide competitors with insights into Zuffa's decision making processes and spending allocation decisions. |
| CD3 Ex. 87 | Exhibit 87 contains testimony from Dr. Singer that discusses—in detail—highly-confidential Zuffa financial information regarding Zuffa's compensation payments and event-level revenue information.  In addition, Dr. Singer's testimony contains testimony regarding his analyses that are based on and derived from Zuffa's highly-confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace. |
| CD3 Ex. 88 | Exhibit 88 contains Dr. Robert Topel's testimony regarding analyses, including regression analyses and tests of regression analyses, that are based on and derived from Zuffa's highly-confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace. |

The second table lists documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

//

//

//

| Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information | |
|---|---|
| Exhibits or Portions of Reply | Reasons to Seal Document or Portions of Document |
| Reply 9 | Line 21 contains highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies regarding contracting and scheduling with MMA athletes.  This is information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 10 | Lines 3 and 4 contain information derived from highly confidential financial analysis information, including analysis from Zuffa's former Chief Financial Officer during the time he was employed at Zuffa and his department.  Disclosure of this information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 11 | The final three lines of footnote 19 are based on and contain highly confidential Zuffa internal strategic and analysis information.  Disclosure of this information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 14 | Line 19 contains a summary of confidential testimony from a Zuffa executive and a Zuffa high-ranking employee who works, among other things, on financial analysis and strategy at Zuffa.  Disclosure of the information derived from their testimony could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa |
| Reply 15 | Footnote 26 contains statements derived from an analysis of Zuffa's confidential internal decision-making and strategic analysis.  Disclosure of the material sealed in this footnote could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa |
| Reply 16 | The continuation of footnote 27 also contains information regarding Zuffa's strategic decisions regarding its business investments, which reflect highly confidential internal decision making and financial analysis.  Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| Reply 24 | Lines 15, 16, 22, 23, and 24 contain information regarding Zuffa's highly confidential strategic financial and contracting strategy information.  Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| CD3 Ex. 86 | Exhibit 86, Dr. Singer's new report, contains analysis based on highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies.  Dr. Singer's new report also incorporates analysis from his prior reports based on that highly sensitive strategy information and from documents that discuss highly sensitive strategy.  Disclosure of this information would provide competitors with unfair and unearned insights into Zuffa's strategic business decisions—including spending and investment information—that would likely translate into a competitive advantage for those competitors. |
| CD3 Ex. 87 | Exhibit 87 contains Dr. Singer's deposition testimony and contains his analysis based on highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies.  His testimony also incorporates analysis from his prior reports based on that highly sensitive strategy information and from documents that discuss highly sensitive strategy.  Disclosure of this information would provide competitors with unfair and unearned insights into Zuffa's strategic business decisions—including spending and investment information—that would likely translate into a competitive advantage for those competitors. |

The third table lists documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses.  Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| Reply 9 | Line 21 contains information that was derived from highly confidential internal Zuffa analyses on its athlete contracts and events.  This is information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa |
| Reply 24 | Lines 22 through 25 contain specific, highly-confidential, information about Zuffa's contracting practices and exact payment figures.  Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses | |
| --- | --- |
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| CD3 Ex. 86 | Exhibit 86, Dr. Singer's new report, incorporates analysis from his prior reports that is derived from or based on Zuffa's highly confidential contractual clauses and analyses of those contracts.  Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies. |
| CD3 Ex. 87 | Exhibit 87 contains excerpts of deposition testimony from Dr. Singer that contain analyses that are derived from or based on Zuffa's highly confidential contractual clauses—including precise financial payment terms in exchange for certain rights—and analyses of those contracts.  Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies. |
| CD3 Ex. 88 | Exhibit 88, which contains deposition testimony from Dr. Topel, contains testimony and analysis that is based on information from Zuffa's highly confidential contractual clauses and analyses of those contracts, including specific contractual clauses—in addition to discussing Dr. Singer's analysis, which itself is based on highly confidential information.  Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies. |

The final table lists documents or portions therefore describing or providing information designated highly confidential by a third-party and/or third-party information, disclosure of which would be very likely to cause significant commercial harm.  These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Table 4: Highly-Sensitive Third-Party Information | |
| --- | --- |
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| Reply 10 | Lines 3 through 6 contain information derived from non-public documents from third party financial companies—including draft documents involving the staff from those companies—and disclosure of this information would compromise the confidentiality of the draft and completed work of those third-party companies. |
| CD3 Ex. 86 | Exhibit 86 contains analysis and information, including information from prior expert reports from Dr. Singer that were filed under seal, that include analysis and argument derived from third party financial and other information; this information is properly filed under seal to protect the business and financial interests of third parties and to prevent those non-parties from any commercial harm that might result from disclosure of this analysis and information. |

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

| Table 4: Highly-Sensitive Third-Party Information | |
|---|---|
| **Exhibits or Portions of Reply** | **Reasons to Seal Document or Portions of Document** |
| CD3 Ex. 88 | Exhibit 88 contains testimony from one of Zuffa's experts, Dr. Robert Topel, regarding the confidential contracts of third parties and the confidential testimony of those parties regarding the language and clauses in their contracts.  This information is properly filed under seal to protect the confidential testimony of those non-parties. |

## CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court find that "compelling reasons" and "good cause" exist to seal the Reply and portions thereof that Plaintiffs have already lodged under seal and documents attached thereto that were lodged, in whole or in part, under seal.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

1

2    Dated:  June 4, 2018                    Respectfully Submitted,

3                                             BOIES SCHILLER FLEXNER LLP

4                                             By: *s/ Stacey K. Grigsby*
                                                   Stacey K. Grigsby
5

6                                             WILLIAM A. ISAACSON (*Pro hac vice*)
                                              (wisaacson@bsfllp.com)
7                                             STACEY K. GRIGSBY (*Pro hac vice*)
                                              (sgrigsby@bsfllp.com)
8                                             NICHOLAS A. WIDNELL (*Pro hac vice*)
                                              (nwidnell@bsfllp.com)
9                                             BOIES SCHILLER FLEXNER LLP
                                              1401 New York Ave., NW, Washington, DC 20005
10                                            Telephone: (202) 237-2727; Fax: (202) 237-6131

11
                                              RICHARD J. POCKER #3568
12                                            (rpocker@bsfllp.com)
                                              BOIES SCHILLER FLEXNER LLP
13                                            300 South Fourth St., Ste. 800, Las Vegas, NV 89101
                                              Telephone: (702) 382 7300; Fax: (702) 382 2755
14

15                                            DONALD J. CAMPBELL #1216
                                              (djc@campbellandwilliams.com)
16                                            J. COLBY WILLIAMS #5549
                                              (jcw@campbellandwilliams.com)
17                                            CAMPBELL & WILLIAMS
                                              700 South 7th Street, Las Vegas, NV 89101
18                                            Telephone: (702) 382-5222; Fax: (702) 382-0540

19
                                              *Attorneys for Defendant Zuffa, LLC, d/b/a*
20                                            *Ultimate Fighting Championship and UFC*

21

22

23

24

25

26

27

28

---
12

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification and Related Materials (ECF No. 554) was served on June 4, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.


*s/ Brent K. Nakamura*

Brent K. Nakamura, an Employee of
Boies Schiller Flexner LLP

ZUFFA, LLC'S MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS