# Exhibit 8

2018-06-10 S Grigsby Ltr to Judge Boulware re J Nash Email



June 10, 2018

**VIA ELECTRONIC AND FIRST CLASS MAIL**

The Honorable Richard F. Boulware II
United States District Court for the District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

      Re:    June 3, 2018 Email from Mr. John Nash to the Court in *Le v. Zuffa*, 2:15-cv-01045-RFB-PAL

Dear Judge Boulware:

      On behalf of Defendant Zuffa, LLC ("Zuffa"), this letter responds to the email sent to the Court on June 3, 2018 by John S. Nash in which he requests that the Court "unseal the Motion for Class Certification and Related Exhibits" as well as certain testimony and reports. In support of his request, Mr. Nash cites to the Supreme Court case *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). However, the law recognizes that certain proprietary and commercially sensitive information is properly filed under seal. There is no legal basis on which Mr. Nash's request should be granted. Very few parts of the class certification briefing have been redacted—in fact Mr. Nash and others have written lengthy, detailed articles, and participated in podcasts and other discussions about the Class Certification (and related *Daubert*) briefing process. The information that is redacted constitutes Zuffa and third parties' commercially and strategically sensitive information that is properly kept under seal.

      Although Mr. Nash cites to *Nixon*, that case does not stand for the proposition that *all* records—regardless of whether they contain trade secrets or other highly sensitive information—must be disclosed to the public upon request. *See, e.g.*, *Nixon*, 435 U.S. at 598 (citations omitted) (courts have properly "refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly filed under seal). As the Ninth Circuit has recognized, while the public has a "general right" to judicial records and documents as described in *Nixon*, "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The confidential Zuffa and third-party materials, references to, and quotations from those materials in the Motion for Class



Certification and related exhibits are properly filed under seal for the detailed reasons given in Zuffa's Motion to Seal those materials, ECF No. 527—which the Court granted on March 29, 2018, ECF No. 533—and the pending motions to seal, ECF Nos. 541 & 557. As described in Zuffa's Motion to Seal Plaintiffs' Motion to Certify Class (ECF No. 518) and Related Materials, those materials filed under seal—which included trade secrets and other highly sensitive commercial and strategic information, release of which would cause competitive harm to Zuffa—were properly filed under seal in accordance with relevant binding precedent.[1]

Much of the Class Certification Motion—and the opposition and reply that followed—was filed publicly and has provided Mr. Nash and other commenters with ample opportunity to follow and debate the merits and details of the class certification filings. *See, e.g.*, John S. Nash, *UFC Lawsuit: Expert for Plaintiff sets damages at up to $1.6 billion*, Bloody Elbow (Feb. 19, 2018), https://www.bloodyelbow.com/2018/2/19/17023756/expert-plaintiffs-sets-damages-ufc-class-action-suit-up-to-1-6-billion (article of over 2,500 words analyzing Plaintiffs' Motion for Class Certification, including lengthy quotes from the motion regarding Plaintiffs' central allegations, financial damage estimates from Plaintiffs' experts, discussion of each side's expert methodologies, quotations of deposition testimony from Zuffa employees, and detailed analysis of Zuffa athletes, among other things); Paul Gift, John S. Nash, et al., *Show Money 21: Takeaways from the UFC antitrust document dump and project Spearhead*, Bloody Elbow (Mar. 8, 2018), https://www.bloodyelbow.com/2018/3/8/17094806/show-money-21-ufc-antitrust-class-certification-daubert-project-spearhead-mma-editorial (podcast discussing class certification and *Daubert* motions, including predictions about the outcome of the case, expert reports, "[h]ow have the fighters tailored their claim?", and other issues); Paul Gift, *Antitrust Suit: Fighters File For Class Certification, UFC Wants 'Junk Science' Excluded*, Forbes (Feb. 17, 2018), https://www.forbes.com/sites/paulgift/2018/02/17/ufc-antitrust-lawsuit-class-certification-junk-science-excluded-mma-news/ (article of over 1,500 words summarizing Plaintiffs' class claims, evaluating and critiquing Plaintiffs' claims regarding the length of Zuffa's contracts, and analyzing Zuffa's *Daubert* motions and listing "many examples" regarding Plaintiffs' expert's use of the yardstick method, among other things). In addition to his participation in a lengthy podcast discussing the merits and details of the class certification filings, Mr. Nash has engaged in discussions with members of the public regarding Plaintiffs' Motion for Class Certification. *E.g.* John S. Nash (@heynottheface), Twitter (Feb. 21, 2018, 4:34 p.m.), https://twitter.com/heynottheface/status/966426008051097601 (discussing "[t]he Plaintiffs' tale of negotiating with Zuffa"); John S. Nash (@heynottheface), Twitter (Feb.

---

[1] The analysis does not change if the party requesting the materials is a member of the news media as the Supreme Court explicitly held in *Nixon* that the news media has "no right to information about a trial superior to that of the general public." 435 U.S. at 609.

Case 2:15-cv-01045-RFB-BNW   Document 558-10   Filed 06/18/18   Page 4 of 4



Letter to The Honorable Richard F. Boulware
June 10, 2018
Page 3 of 3

21, 2018, 4:26 p.m.), https://twitter.com/heynottheface/status/966423968323321856 (discussing deposition testimony from UFC President Dana White).

In addition, to our knowledge, Mr. Nash has not notified third parties of his request, as only lead counsel for Plaintiffs and Zuffa were included on his e-mail to the Court. This lack of notification deprives those entities of the ability to object to or otherwise respond to his request. The Motion for Class Certification contains highly sensitive contractual and revenue information—among other categories of information—from third parties and that information was properly filed under seal. For example, in arguing to quash the parties' subpoenas, counsel for third party Bellator MMA argued that producing Bellator's unredacted contracts to the parties could permit Bellator athletes to be compared to other athletes and would cause "a very significant concern" if made available to Bellator's competitors. ECF No. 438, June 1, 2017 Hearing Tr. 16:16-21, 39:11-15. On June 13, 2017, Magistrate Judge Leen issued an order directing both parties to "use their best efforts to protect" Bellator confidential information "from public disclosure at the trial" and to "limit access of the parties and the public to such materials." ECF No. 429 at 5-6.

Therefore, Zuffa respectfully requests that the Court leave the Motion for Class Certification, ECF No. 518, and related materials under seal.

Sincerely,

Stacey K. Grigsby