WILLIAM A. ISAACSON (Pro hac vice)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (Pro hac vice)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (Pro hac vice)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC
Pro Se   [*Select one: Plaintiff or Defendant*]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　Defendant(s). | Case Number: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CLASS AND RELATED MATERIALS (ECF NO. 554)** |

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

I. The Ninth Circuit Has Not Determined The Proper Legal Standard For Sealing Class Certification Materials ..................................................................1

II. This Court Has Already Held That Most Of The Information Plaintiffs Now Challenge Meets The Legal Standard to Be Filed Under Seal ..............................3

III. The Materials Zuffa Seeks To File Under Seal Are Properly Filed Under Seal Under Either The Good Cause Standard or Compelling Reasons Standard ................................3

    A. The Documents Zuffa Seeks to Seal Are Properly Sealed Under the Compelling Reasons Standard. ..............................................................................4

        1. Zuffa's Wage Share, Cost, and Financial Information Is Properly Filed Under Seal ..............................................................................4

        2. Information About And Derived From Zuffa's Athlete Contracts And Negotiations Are Properly Filed Under Seal ..................................7

    B. The Documents Zuffa Seeks to Seal Are Properly Sealed Under The Good Cause Standard ..............................................................................8

IV. Harm Would Result From Indiscriminately Unsealing All Information In The Class Certification Reply And Related Materials ..........................................................8

V. The Public Has A Significant Amount Of Information About This Lawsuit ..................10

CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Center for Auto Safety v. Chrysler Group, LLC*,
    809 F.3d 1092 (9th Cir. 2016) ................................................................................. 2, 8, 10

*Cochoit v. Schiff Nutrition Int'l, Inc.*,
    No. SACV1601371CJCKESX, 2018 WL 1895695 (C.D. Cal. Apr. 19, 2018) ....................... 2

*Del Campo v. Am. Corrective Counseling Servs., Inc.*,
    No. C-01-2115JWPVT, 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ................................... 5

*Foltz v. State Farm Mutual Automobile Insurance Co.*,
    331 F.3d 1122 (9th Cir. 2003) ............................................................................................ 2, 8

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
    No. 12-CV-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ..................................... 7

*In re Elec. Arts, Inc.*,
    298 F. App'x 568 (9th Cir. 2008) ........................................................................................... 5

*Kamakana v. City & County of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ..................................................................................... 1, 2, 11

*Lucas v. Breg, Inc.*,
    No. 15-CV-00258-BAS-NLS, 2016 WL 5464549 (S.D. Cal. Sept. 28, 2016) ....................... 2

*Microsoft Corp. v. Motorola, Inc.*,
    No. 10-1823, 2012 WL 5476846 (W.D. Wash. Nov. 12, 2012) ............................................ 4

*Moussouris v. Microsoft Corp.*,
    No. 15-CV-1483 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018) ............................... 2

*Nat'l Prod., Inc. v. Aqua Box Prod., LLC*,
    No. C12-605 RSM, 2013 WL 12106901 (W.D. Wash. Mar. 25, 2013) ................................ 4

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ........................................................................................................ 10, 11

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) ................................................................................................ 8

*Stout v. Hartford Life & Acc. Ins. Co.*,
    No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012) ...................................... 7

*Walker v. University Books, Inc.*,
    602 F.2d 859 (9th Cir. 1979) .................................................................................................. 5

**STATUTES, RULES & REGULATIONS**

Fed. R. Civ. P. 26(c) ..................................................................................................................... 2, 8

# INTRODUCTION

Zuffa's motion to seal described in detail the reasons for sealing portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification ("Plaintiffs' Reply"). Zuffa maintains its position that the materials it has sought to seal are properly filed under seal under either the "good cause" standard or the "compelling reasons" standard. In fact, this Court has previously considered Zuffa's justifications for sealing the vast majority of material at issue in this motion and held that this information met the standard for filing under seal. ECF No. 533 (granting Zuffa's motion to seal Plaintiffs' Motion for Class Certification and Zuffa's *Daubert* motions). Inexplicably, Plaintiffs now challenge Zuffa's attempt to seal much of the *same* information in Plaintiffs' Reply that this Court has already held may be sealed. For the categories of information this Court has previously considered, this Court should re-affirm its prior ruling.

For the few categories of information this Court has not yet considered, Zuffa has revised some of the material it proposes to seal and seeks to file public versions of two documents—Plaintiffs' Reply and the "Supplemental Report of Hal J. Singer, Ph.D. (May 28, 2018)" ("SR4 Report")—that have less information redacted. *See* Decl. of Stacey K. Grigsby in Support of Defendant Zuffa, LLC's Reply in Support of Its Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion to Certify class and Related Materials (ECF No. 554) ("Grigsby Declaration") ¶¶ 9-10. All other materials meet the requirement for remaining under seal, and Zuffa's motion should be granted.[1]

# ARGUMENT

I. The Ninth Circuit Has Not Determined The Proper Legal Standard For Sealing Class Certification Materials

In a non-dispositive motion, only "good cause" must be shown in order to seal briefing materials under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1175 (9th Cir. 2006), which remains good law. The Ninth Circuit's *Center for Auto Safety v. Chrysler Group, LLC*,

---

[1] Exhibits 2 and 3 to the Grigsby Declaration lists Zuffa's responses to Plaintiffs' arguments regarding Zuffa's justifications for sealing Plaintiffs' Reply and related documents.

809 F.3d 1092 (9th Cir. 2016), did not define a standard that applied to class certification motions.  To the contrary, *Center for Auto Safety*—which involved a preliminary injunction, *not* a motion for class certification—provided a limited number of examples of "other motions that go to the heart of a case" and named only "a motion for preliminary injunction or a motion in limine."[2]  *Id.* at 1098.  *Center for Auto Safety* involved a putative class action but the Ninth Circuit majority did not articulate a blanket rule that *all* filings in a class action required "compelling reasons" to justify filing documents under seal.  *Id.* at 1095.  The "Ninth Circuit has not yet determined whether a motion for class certification is a dispositive motion subject to the 'compelling reasons' sealing standard."  *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV1601371CJCKESX, 2018 WL 1895695, at *1 (C.D. Cal. Apr. 19, 2018).

Plaintiffs cite two district court cases in support of their argument that the compelling reasons standard applies to motions for class certification—*Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549 (S.D. Cal. Sept. 28, 2016) and *Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018), *report and recommendation adopted*, No. C15-1483JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018).  However, district courts in the Ninth Circuit "have generally considered motions for class certification nondispositive."  *Cochoit*, 2018 WL 1895695, at *1 (citation and quotation marks omitted)..

Under either the "good cause" or "compelling reasons" standard, as explained below, sealing is appropriate for the Reply materials already filed under seal.  As the material Zuffa seeks to file under seal meets the higher "compelling reasons" standard, sealing is also appropriate under the lower "good cause" standard.

---

[2] As Judge Ikuta explained in dissent, *Center for Auto Safety* did not—and could not—impose any rule regarding sealed materials that differed from the Ninth Circuit's well-established rule from *Kamakana*, 447 F.3d at 1175, and *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  809 F.3d at 1105-06.  Judge Ikuta explained that, consistent with Federal Rule of Civil Procedure 26(c), *Kamanka's* distinction between "*dispositive*" motions requiring "compelling reasons" for sealing and "*nondispositive*" motions requiring only "good cause" for sealing, where "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released" remains good and binding law.  *Id*. at 1104-05 (citations and quotation marks omitted).

II. This Court Has Already Held That Most Of The Information Plaintiffs Now Challenge Meets The Legal Standard to Be Filed Under Seal.

The majority of the information that Plaintiffs now challenge in Zuffa's sealing motion has previously been found by this Court to meet the relevant standard as a matter of law for sealing. ECF No. 533. Of the few remaining categories of information this Court has not considered, Zuffa has removed its redactions to some of the proposed categories, leaving a few new categories of information for this Court to consider in this sealing motion as noted in Exhibits 2 and 3.

On March 29, this Court granted Zuffa's unopposed motions to seal Plaintiffs' class certification motion, Zuffa's *Daubert* motions, and related portions of exhibits, including expert reports, identified in the sealing motions. *Id.*; ECF Nos. 530, 531, 543, 544 (Plaintiffs' non-opposition). Plaintiffs now oppose Zuffa's motion to seal much of *the same material* that this Court has already held is properly sealed. Plaintiffs never explain why this Court's prior ruling was in error nor do they acknowledge their seemingly inconsistent position now. Plaintiffs' request to unseal the material should be denied on that basis alone.

Of the 29 categories of information that Plaintiffs challenge (identified in Plaintiffs' Exhibit 1), this Court previously held that 20 of the 29 categories of information met the standard for sealing. *See* Grigsby Decl. Ex. 2.[3] For the categories of information not previously considered or partially considered that Zuffa still contends should be sealed, Zuffa has provided a summary of its justifications as to each document or portion thereof that should be sealed in Exhibit 3 to the Grigsby Declaration and provides detailed explanations below for why the new material (and previously considered material) are properly filed under seal.

III. The Materials Zuffa Seeks To File Under Seal Are Properly Filed Under Seal Under Either The Good Cause Standard or Compelling Reasons Standard

Even assuming the Court were to re-evaluate the 20 categories of information this Court has already permitted to be sealed (ECF No 533), these materials, along with the other

---

[3] Two of the 20 categories had information which was partially sealed by this Court in the past as noted in Exhibit 2 and described below.

3

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

nine categories, meet the standard for sealing under either the "good cause" standard or the higher "compelling reasons" standard. Mot. to Seal 2-11, ECF No. 557. Zuffa has provided specific and detailed justifications for filing individual documents, or portions thereof, under seal.

    A.    <u>The Documents Zuffa Seeks to Seal Are Properly Sealed Under the Compelling Reasons Standard.</u>

The "compelling reasons" justifies sealing the categories of documents that Zuffa enumerated in Zuffa's motion to seal. The categories include: sources of business information that might harm a litigant's competitive standing; the release of trade secrets; the release of information that would result in the invasion of the privacy interests of third parties; and confidential and commercially sensitive information, including licensing agreements containing pricing terms, royalty rates, and guaranteed minimum payment terms. Mot. to Seal. 1-2 (citations and quotation marks omitted).

    1.    Zuffa's Wage Share, Cost, and Financial Information Is Properly Filed Under Seal

Zuffa's wage share figures are properly filed under seal because those figures are composed of two proprietary financial metrics—event revenue and athlete compensation—that qualify as trade secrets and commercially sensitive information. In contrast to a publicly traded company with mandatory disclosure requirements, as a private company, Zuffa keeps its proprietary financial metrics and documents confidential. Courts have recognized that "proprietary nature of confidential financial information" and that "past information may be used to predict future business plans" such that a private company's financial information is properly filed under seal under the "compelling reasons" standard. *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. C12-605 RSM, 2013 WL 12106901, at *1 (W.D. Wash. Mar. 25, 2013) (citing *Microsoft Corp. v. Motorola, Inc.*, No. 10-1823, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012)). This includes, for example, "monthly sales figures," which are properly sealed for a "private company" that keeps its financial information "strictly private in order to preserve its competitive position with sellers of similar products." *Id.* Public disclosure of the

4

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

amount Zuffa spends on and takes in as revenue from events would provide Zuffa's competitors with insights on how Zuffa strategically decides to allocate its spending per event as well as the returns to that spending. As a private company, this is proprietary financial information that could provide competitors with unfair and unearned competitive advantages.

Zuffa's wage share figures, per event, in the aggregate by year, and during the entirety of the class period, constitute compilations of information that qualify for protection under the "compelling reasons" standard. Importantly—and contrary to Plaintiffs' unsupported assertions—trade secret information consists of "any formula, pattern, device or *compilation of information* which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (citation omitted and emphasis added). Compilations of information are properly sealed—and do not lose their protection—"merely because someone could, at great expense, recreate the compilation."[4] *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-2115JWPVT, 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University Books, Inc.,* 602 F.2d 859, 865 at n. 2 (9th Cir. 1979)). This includes a "compilation of information about the volume of business" a company does over a specific time period.[5] *See id.* Depending on the nature of change and trends in the marketplace, this

---

[4] That reporters have discussed high-level, not detailed, Zuffa financial information from certain years—but not all years at issue in this motion—does not mean that the detailed and extensive private financial information Zuffa produced in discovery is properly unsealed. E.g. Decl. of Kevin Rayhill, Ex. 2, ECF No. 558-4 at 3, 5, 14-15 (Bloody Elbow article citing to a small number of financial reports but using estimates for missing information, including certain pay-per-view revenue information derived from estimates that could range from 15% too low to 15% too high; the article also does not contain direct or exact information regarding athlete compensation information). To the contrary, as *Del Campo* explains, the comprehensive compilation of financial information of Zuffa's financial information that Zuffa was required to produce to Plaintiffs properly remains under seal.

[5] Wage share over time—which *necessarily* exposes private information regarding Zuffa's event revenue and actual compensation in the aggregate (which qualifies for trade secret protection for the same reasons as individual- or group-level compensation information)—is properly protected. In addition, regression and other analytical results, such as the results of Dr. Singer's impact regression, also provide information regarding Zuffa's compensation and revenue trends that is properly filed under seal. Insight into Zuffa's investment, expense, and spending decisions, whether directly through the actual financial numbers or indirectly through trends over time, provide competitors with strategic insight—for example when in their promotion's growth lifecycle to invest in athlete compensation versus production quality, etc.—

sort of trade secret information may not become "too stale to be protected" merely because the information is several years old. *Id.* Zuffa's success in building a polished, valuable, and desirable product is the result of its long-term efforts since acquiring the UFC in 2001. The financial information at issue—which contains information about Zuffa's investments and strategies (and the confidential financial returns resulting from that strategy)—is properly protected in its entirety, particularly as the MMA industry continues to evolve and fierce competition remains the norm.

Plaintiffs attempt to minimize the protection that Zuffa's financial is afforded under the law by claiming that any figure other than Zuffa's *exact* wage share cannot be properly sealed. This is incorrect. For example, by attempting to calculate Zuffa's wage share, Plaintiffs are providing information—potentially a significant amount depending on their but for wage share—to Zuffa's competitors regarding Zuffa's private financial information. For example, if Zuffa's wage share were 80% and Plaintiffs disclose that Zuffa's wage share is lower than 90%, that informs competitors with some information on how Zuffa allocates its costs. By definition, by publicly disclosing what "Zuffa is *not* paying its fighters now," particularly when stated in such a broad range as Plaintiffs seek to do, Plaintiffs would disclose a significant amount of proprietary information to Zuffa's competitors. Tellingly, Plaintiffs make no effort to apply similar logic to third party MMA competitor information. The Court should not credit Plaintiffs' attempt to improperly reveal Zuffa's proprietary financial information.

In support of their argument that Zuffa's financial information should be public, Plaintiffs point to the business practices of well-established major sports leagues that release information about team revenues and player compensation. This comparison is inapt. First, these leagues have dramatically different structures than Zuffa—they have internal competition between franchises, employees and unions, have been existence for much longer, and have

---

that would benefit them and harm Zuffa. Tellingly, Bellator's counsel did not limit his request for protection of the promotion's financial information to the current year or past year—this is because Bellator, like Zuffa, views its financial information from past years as confidential and the disclosure of that information as harmful. Plaintiffs do not address this issue with confidential third party information.

6
ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

much larger yearly revenues.[6]  Second, merely because sports teams may be *required to* or *chose* to release sensitive information has no bearing on the analysis of whether Zuffa's confidential and sensitive financial information is properly filed under seal.

          2.      Information About And Derived From Zuffa's Athlete Contracts And Negotiations Are Properly Filed Under Seal

In addition to the categories above, Zuffa's contracts with its current and former athletes meet the compelling reasons standard for filing under seal.  Agreements, including agreements that contain specific information regarding how a party engages the services of a third party, are properly filed under seal under the "compelling reasons" standard as "competitors could use this information to adjust their own contracts," thereby undermining a party's "ability to compete."  *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (citations omitted).  Zuffa agreements with athletes—and, in particular, any draft contracts and negotiation communications—also meet the "compelling reasons" standard because as intense negotiations frequently take place for MMA athlete services between Zuffa and its competitors, *e.g.* Bellator and others,[7] "disclosing the terms of these agreements would put [Zuffa] at a disadvantage in future negotiations for similar agreements."  *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).  Finally, the terms of Zuffa's contracts with athletes detail their contractual responsibilities to Zuffa and vice-versa and the compensation Zuffa is to pay to those athletes are properly filed under seal for the same reasons—they define a third party's rights, responsibilities, and compensation for fulfilling those responsibilities.  *Id.* (granting a motion to seal regarding invoice and payment

---

[6] Grigsby Decl., Ex. 8, Maury Brown, Exclusive Infographics Show NFL, MLB, NBA and NHL Sponsorship Growth over Last Decade, Forbes (Aug. 25, 2017), https://www.forbes.com/sites/maurybrown/2017/08/25/exclusive-inforgraphics-show-nfl-mlb-nba-and-nhl-sponsorship-growth-over-last-decade/#4c0009dd907b (listing yearly league revenues ranging from $4.1 billion for the NHL to $13.3 billion for the NFL).

[7] Grigsby Decl., Ex. 9 E.g. Ariel Helwani, Former UFC star Lyoto Machida signs multifight deal with Bellator, ESPN (June 22, 2018), http://www.espn.com/mma/story/_/id/23875600/former-ufc-star-lyoto-machida-signs-multifight-deal-bellator ("Another former UFC star has joined the ranks of Bellator" and "signed an exclusive multifight contract with Bellator").

information in addition to "information about assignments and consulting and license agreements between a third party consultant" and the party moving to seal under the "compelling reasons" standard because "release of that information would result in an invasion of the third party's privacy" and "would result in an invasion of the privacy of the third party consultants" at issue).

> B. The Documents Zuffa Seeks to Seal Are Properly Sealed Under The Good Cause Standard.

It also follows that if the materials were filed properly under seal under the "compelling reasons" standard, they also meet the more relaxed, "good cause" standard. Federal Rule of Civil Procedure 26(c) sets forth the "good cause" standard and permits the sealing of information "including, but not limited to, trade secrets or other confidential research, development, or commercial information." Mot. to Seal 2 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  In non-dispositive motions where the "good cause" standard applies, the Ninth Circuit has explained that where—as in this case—a protective order is in place and sealed discovery documents are attached to a "*nondispositive* motion, the usual presumption of the public's right of access is rebutted." *Foltz*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation and quotation marks omitted); *see also Center for Auto Safety*, 809 F.3d at 1104-05 (Ikuta, J., dissenting) (explaining that "there is nothing ambiguous" about the rule reiterated in *Foltz* that for non-dispositive motions, the public's right of access is rebutted).  Under binding Ninth Circuit precedent, for a non-dispositive motion, "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips*, 307 F.3d at 1213; *see also Center for Auto Safety*, 809 F.3d at 1104.  Sealing is appropriate under the "good cause" standard in addition to under the "compelling reasons" standard.

IV. Harm Would Result From Indiscriminately Unsealing All Information In The Class Certification Reply And Related Materials

In its Motion to Seal, Zuffa explained why each document, or portion thereof, should be filed under seal.  Mot. to Seal 5-11.  In addition to providing specific, particularized

8

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

justifications for sealing each document or portions thereof, Zuffa also cited to Bellator's description of the promotion's financial information and individual MMA athlete contracts as among the "most sensitive documents" to Bellator. Mot. to Seal 3-4. Plaintiffs fail to address this evidence and rely instead on false equivalents and flawed analogies.

In their Opposition, Plaintiffs—without citing to any declarations, testimony, or any other evidence—allege that Zuffa is "trying to seal this information to control the flow of information" to interested parties and to "prevent Plaintiffs from telling their side of the story to the public." Opp. 2. To the contrary, Zuffa seeks only to protect its confidential and highly sensitive business information. *See* Mot. to Seal 3 (citing Decl. of Stacey K. Grigsby in Support of Motion to Seal ("Grigsby Sealing Decl.") ¶¶ 3, 5-6, ECF No. 557-1). Zuffa takes great care to keep its financial, contractual, and business strategy information private. Decl. of W. Hunter Campbell in Support of Zuffa's Reply in Support of Motion to Seal ("Campbell Decl.") ¶¶ 3-4, 6-7. Zuffa keeps this information private and highly confidential because disclosure of the information to Zuffa's competitors would be likely to cause Zuffa competitive harm and would allow competitors to, for example, understand Zuffa's product investment, development, and innovation strategies and gain unfair advantages in negotiations with athletes. *Id.* ¶¶ 5-7. Zuffa has provided specific justifications and detailed rationales for keeping its confidential information under seal.

Plaintiffs' broad request also ignores the potential harm to the interests of current and former UFC athletes and others by violating the confidentiality and privacy interests of those parties, many of whom are putative class members. Many MMA athletes have asked Zuffa to keep their contractual and compensation information private. *Id.* ¶ 8. Zuffa's compensation information and contracts implicate not only Zuffa's interest, but also the privacy and confidentiality interests of third parties current and former MMA athletes. Athletes have provided various reasons to Zuffa employees for keeping their contracts and compensation information private, including personal safety and privacy concerns. *Id.* For example, a former Zuffa employee has testified that ████████████████████████

1   ▉ Dep. of
2   Michael Mersch Vol. II 383:14-384:15.  Plaintiffs provide no support for their broad position
3   that *all* Zuffa documents—regardless of the non-parties that are involved in, for example,
4   negotiations with Zuffa regarding contracts and compensation—should be unsealed *en masse*.
5   Many Zuffa documents and, in particular, contracts, compensation information, and contractual
6   negotiation information, implicate third-party confidentiality and privacy interests.  Ordering
7   an indiscriminate unsealing of *all* Zuffa contractual information would harm the privacy
8   interests of third parties, including putative class members.

V.   The Public Has A Significant Amount Of Information About This Lawsuit

Although Plaintiffs assert that sealing the documents at issue would "impede the ability of the press, the public, Plaintiffs, and absent Class members to understand the nature of the dispute and the legal issues involved in this important case," satisfying the public's curiosity is not a legitimate reason to unseal Zuffa's confidential information.  There is one standard for evaluating the propriety of sealing sensitive and confidential information that does not depend on whether the requester is an individual or the media.  *See, e.g., Center for Auto Safety*, 809 F.3d at 1096-97; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 609 (1978) (the news media has "no right to information about a trial superior to that of the general public."). Even setting this standard aside, it is simply untrue that the public lacks the information necessary to understand this case.

The parties have made more than 500 filings in this case and the overwhelming majority of that material has been filed publicly in whole or in part.  The public, including MMA journalist John S. Nash, named Plaintiffs, and others have participated in detailed and robust discussions regarding this case, including expressing opinions about the strengths of the case and particular motions.[8]  To the extent that Plaintiffs believe that putative Class members

---

[8] Grigsby Decl., Ex. 10, E.g. Brad Popkin, Interview: WSOF 24's Jon Fitch plans to 'bury' Yushin Okami tonight, talks 'corrupt' USADA and more, MMAMania.com (Oct. 17, 2015), https://www.mmamania.com/2015/10/17/9536767/interview-wsof-24-jon-fitch-plans-burying-yushin-okami-talks-corrupt-usada-mma (Plaintiff Fitch discussing this lawsuit and his view that the UFC will be "forced to change their business practices"); Grigsby Decl., Ex. 11, Nathan

lack the ability to "evaluat[e] the evidence," Opp. 1, Plaintiffs and their counsel are free to discuss their views and opinions—as informed by the significant amount of information filed publicly in the pleadings, including the claims, the strength and weakness of each party's claims, the expert methodologies and categories of proof to be used—with those putative class members. The only constraint is that properly sealed confidential and sensitive Zuffa and third-party information may not be disclosed, which is the same for this case and every other federal court case.

Plaintiffs note that Mr. Nash and others have complained that "filings have been heavily redacted." As noted above, these redactions have not impeded robust, continuous, and detailed discussions about the merits of this lawsuit. In any event, the extent of redactions has no bearing on whether those redactions are proper—it is Plaintiffs, not Zuffa, who have put in issue Zuffa's and third parties' highly sensitive contractual language, financial information and business strategies, and other non-public information. The Ninth Circuit has been very clear: "[A]cess to judicial records is not absolute" and, among other things, it is improper to use court files to "promote public scandal" and "release trade secrets." *Kamakana*, 447 F.3d at 1179 (quotation marks omitted) (quoting *Nixon*, 435 U.S. at 598).

## CONCLUSION

Under either the "good cause" or "compelling reasons" standard, sealing the materials Zuffa seeks to file under seal is appropriate. Zuffa respectfully requests that the Court grant its motion to seal Plaintiffs' Reply and related materials. Zuffa further requests that the Court order the clerk to replace Exhibit 86 to Plaintiffs' Reply, the SR4 Report, and replace the

---

Quarry, Our (first) Day in Court, Zombiecagefighter.com (May 8, 2015), http://www.zombiecagefighter.com/our-first-day-in-court/ (Plaintiff Quarry writing a 2,389 word post discussing the lawsuit); Grigsby Decl., Ex. 12 Percy Crawford, Nate Quarry Opens Up on UFC Anti-Trust Lawsuit; Explains How Dana White Is Starving Fighters, Fight Hype (Oct. 5, 2016), http://www.fighthype.com/news/article26311.html (discussing the merits of the lawsuit); Grigsby Decl., Ex. 4, June 10, 2018 Letter to the Court at 2-3 (citing to examples of extensive and detailed writings by Mr. Nash and Prof. Paul Gift regarding this lawsuit and public discussions regarding the same in which Mr. Nash and many others have actively participated).

1  publicly-filed version of Plaintiffs' Reply with the versions filed concurrently with this Reply
2  as Exhibits 5 and 6 to the Grigsby Declaration.

4  Dated:  June 26, 2018

Respectfully Submitted,
BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' REPLY ISO MOT. TO CERTIFY CLASS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Reply in Support of Its Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification and Related Materials (ECF No. 554) was served on June 26, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/*s/ Roderick J. Crawford*

Roderick J. Crawford, an Employee of
Boies Schiller Flexner LLP