# EXHIBIT 2

Redacted Zuffa Responses to Exhibit 1 to the
Declaration of Kevin E. Rayhill ("Zuffa's Requests
to Seal and Corresponding Text from Plaintiffs'
Reply")

**Exhibit 2: Zuffa's Responses to Exhibit 1 of the Declaration of Kevin E. Rayhill**

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| Page 1 | Lines 12 and 13 contain highly confidential financial information regarding Zuffa's exact compensation paid to athletes, as well as information about Zuffa's event-level revenue, information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. | But, as Plaintiffs' experts show, even in a more competitive market, Zuffa's take would have been as high as ███ of the growing UFC Event Revenues—just not in excess of ███ as it is now—leaving the UFC's owners substantial profits. | 1) While wage share percentages are based on compensation and revenue data, they do not reveal actual compensation or revenue data, nor can any be deduced from wage share. Wage share conveys only the relationship between revenue and compensation.<br><br>2) Even if Zuffa's compensation and revenue data could be deduced from wage share, that information is not a trade secret. Zuffa has revealed fighter compensation when it suited its purposes. Fighter purse information is made public by some athletic commissions and widely reported in the press.<br><br>3) Zuffa's justification for sealing fails to provide compelling reasons to seal. It inaccurately describes the information (Plaintiffs' statement does not contain "exact compensation" data or information about event-level-revenue) and fails to state how it could be used to gain an unfair competitive advantage over Zuffa. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 14) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| Page 2 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Line 4 contains highly confidential financial information regarding Zuffa's compensation practices with respect to athletes, as well as information about Zuffa's event-level revenue trends, information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.<br><br>Lines 19, 20, 22, and 23 contain analyses based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other | Line 4:<br>So do Plaintiffs' experts, finding, absent the Scheme, Zuffa would have increased its<br>Fighter compensation *in proportion* to the growth of its MMA event revenues, paying a Wage Share of [redacted]<br><br>Lines 19-23:<br><br>Plaintiffs show common impact using a standard two-step<br>process, [CB] at 19, 23: (1) using common evidence to show a general effect on price (*e.g.*, pay)—here, that Zuffa's Scheme generally suppressed compensation to Fighters, *id*. at 23-25; and (2) showing that the price (or pay) effect was widespread across Class members—which Plaintiffs do here in two ways: (a) an impact regression showing Zuffa [redacted] | Wage share:<br>1) Plaintiffs refer the court to the reasons enumerated on page 1, *supra*: wage share percentages do not reveal actual compensation or revenue data, compensation and revenue data is not trade secret information, and Zuffa's justification for sealing fails to provide a compelling reason to seal.<br><br>2) The [redacted] wage share number refers to the "but for" world. By definition, this number shows what Zuffa is *not* paying its fighters. It does not reveal any information about what Zuffa *is* paying its fighters.<br><br>[redacted]<br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it.<br><br>2) Zuffa fails to explain how this information could be used to gain an unfair competitive advantage. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 14)<br><br>Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | information and analysis, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information—and obtain an unearned advantage in competition with Zuffa. | [REDACTED] [REDACTED] and (b) additional regression analyses and other evidence showing Fighter compensation was governed largely by common factors, causing individual Fighter pay to move together.<br><br>*Id*. at 25-28. Zuffa does not refute that Dr. Singer's impact regression, if admissible, shows [REDACTED] [REDACTED] [REDACTED] Citations to record omitted.] | | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19) |
| Page 6 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Lines 16, 20, and 21 contain the same type of highly sensitive financial information as page 2, lines 4, 19, 20, 22, and 23 and should remain sealed for the reasons specified above. | Lines 14-21:<br>They show a widespread effect in two ways: (1) using Dr. Singer's impact regression model to analyze impact for each Class member, demonstrating over [REDACTED] [REDACTED] [CB]. at 25-26; and (2) using econometric and other evidence to show Fighter compensation moved | 1) This statement contains no trade secret information, and no trade secrets could be deduced from it.<br><br>2) Zuffa fails to explain how this information could be used to gain an unfair competitive advantage. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19) |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | | together in response to common factors, so that generally suppressing Fighter pay would harm virtually all Class members. *Id*. at 26-29. Crucially, as to the first method of showing a widespread effect, Zuffa admits that a class may contain 5% to 6% uninjured members. OB at 24; see also CB at 22 & n.51. Zuffa thus does not deny that Plaintiffs' showing [redacted] [redacted] [redacted] if done properly, suffices. | | |
| Page 9 | [Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>Line 21 contains highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data | He also shows the average professional career of an MMA Fighter ranges from about 6 to 30 months. | 1) This sentence contains no information about Zuffa's contractual practices. It relates to the length of an average MMA fighter's *career*, not his or her contracts. Moreover, the statement is not confined to UFC fighters, as it refers to the average "MMA Fighter."<br><br>2) Zuffa fails to explain how a potential competitor could use this information to gain an unfair competitive advantage over Zuffa. | Removed redaction as shown in Grigsby Ex. 5. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | on those strategies regarding contracting and scheduling with MMA athletes. This is information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.<br><br>[Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses]<br><br>Line 21 contains information that was derived from highly confidential internal Zuffa analyses on its athlete contracts and events. This is information which, if disclosed to competitors, could permit those competitors to gain unfair insights into Zuffa's | | 3) Further, similar information is readily available in the public realm and was derived from publicly available information. For example, Zuffa filed a redacted version of the Rebuttal Expert Report of Hal J. Singer, Ph.D, ECF No. 518-4, in which Zuffa left Table 1 unredacted. The unredacted Table 1 (on page 53 of the Rebuttal Report) reflects Dr. Singer's calculations of the median and mean career durations for (1) Zuffa Fighters in Zuffa Bouts, (2) Fighters in the Relevant Input Market (Tracked Measure), (3) Fighters in the relevant input market (Ranked Measure) and (4) Fighters in the Headliner Submarket. These measures range from means of 21.6 months to 30.6 months and medians of 4.56 months to 15.96 months. With such figures in the public domain, Zuffa's requested redaction of similar and consistent information cannot contain highly confidential trade secrets. | |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | strategic business practices and gain an unearned advantage in competition with Zuffa | | | |
| Page 10 | [Table 1: Highly Sensitive Zuffa Financial information]<br><br>Lines 3 through 5 contain information derived from confidential documents that analyzed Zuffa's internal financial information in addition to draft documents that Zuffa assisted in drafting, all of which contain or are based on non-public information and disclosure of that information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.<br><br>Footnote 17[*] on page 10 contains information derived from highly | Lines 3-5:<br><br>Second, documentary evidence confirms Zuffa and other industry participants [redacted] SZDO at 27. Dr. Topel himself *admitted* that [redacted]<br><br>Footnote 18*:<br><br>More specifically, Zuffa has belatedly suggested that increased "advertising," or increased non-Fighter event spending more broadly, could explain falling wage share. SD at 19; SDR at 10-11. But the evidence is that | Lines 3-5:<br><br>1) Plaintiffs' statement contains no identifiable information from or about Zuffa's contract terms.<br><br>2) In light of past public disclosures of the standard terms in Zuffa's fighter contracts, including in Zuffa's own public statements, they would no longer be trade secrets, even if they were at some point. Reply at pp. 12-13, n.16; p. 20, nn.27-28.<br><br>3) Zuffa's potential competitors already knew Zuffa's contracts foreclosed competition because Zuffa frequently notified its potential competitors that its fighters were under exclusive contracts. So this was not "secret" information.<br><br>4) Zuffa fails to describe how a potential competitor could use a statement that Zuffa's contracts | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 11)<br><br>Zuffa did intend to refer to Footnote 18 and, for the reasons described in Zuffa's Motion to Seal and here, believes sealing is appropriate.<br><br>Not previously addressed: support for sealing included in Motion at Table 1 and Reply at p. 4. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | confidential internal Zuffa financial information, which is not public, and disclosure of this portion of the reply could therefore permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa<br><br>[Table 2: Highly Sensitive Zuffa<br><br>Trade Secret Business and Internal Strategy Information:]<br><br>Lines 3 and 4 contain information derived from highly confidential financial analysis information, including analysis from Zuffa's former Chief Financial Officer during the time he was employed at Zuffa and his department. | [REDACTED] SR3 ¶¶29-33; SR4 ¶¶34-35 & Fig.1; SZDO 22-25. | provide a barrier to entry to gain an unfair competitive advantage.<br><br>Footnote 18*:<br>1) Footnote 18 contains no "highly confidential internal Zuffa financial information," and no such information could be deduced from this footnote.<br><br>2) Zuffa does not identify the alleged "highly confidential" information, instead asking the Court to seal all of footnote 17. This vague and overbroad request makes it impossible to determine what information it is asking the Court to seal. Nor does Zuffa identify how a potential competitor could use the information to gain an unfair competitive advantage. *See Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMDNJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) ("conclusory statements [that] the contents of the documents . . . are confidential" do not meet the compelling reasons standard) (citation omitted). | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Disclosure of this information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. | | * Plaintiffs assume Zuffa meant to refer to footnote 18. Plaintiffs do not believe Footnote 17 contains any trade secret information, and Zuffa has not identified any. | |
| Page 11 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Line 4 contains information that contains the same type of highly sensitive financial information and should be sealed for the same reasons as lines 19, 20, 22, and 23 of page 2 of the reply. The same is true for footnote 19. The final three redacted lines of footnote 19[*] should also be sealed because they contain the same highly confidential internal financial information as Lines 12 | Line 4:<br><br>Dr. Singer finds Zuffa's Scheme [REDACTED]<br><br>Footnote 20*:<br><br>That is what Dr. Singer does to show [REDACTED] Further, a simple comparison *supports* Plaintiffs' point. For instance, according to a 2013 internal Zuffa document, [REDACTED] | Line 4:<br><br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it.<br><br>2) Zuffa fails to explain how this information could be used to gain an unfair competitive advantage.<br><br>Footnote 20*:<br><br>1) Footnote 20 contains no "highly confidential internal strategic and analysis information," and no such information could be deduced from this footnote.<br><br>2) Zuffa does not identify how a potential competitor could use the information to gain an unfair | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19)<br><br>Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19 and granting Motion to Seal Daubert motions and exhibits (ECF No. 525) at Singer Rep. p. 76) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | and 13 of page 1 of the Reply. [Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>The final three lines of footnote 19[*] are based on and contain highly confidential Zuffa internal strategic and analysis information. Disclosure of this information could permit competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. | [REDACTED] CD2, Ex. 85 (ZFL-1484034-37) at 35, [REDACTED] R1 ¶173 & Fig. 3 (using the Tracked definition). | competitive advantage. *See Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) ("conclusory statements [that] the contents of the documents . . . are confidential do not meet the compelling reasons standard) ("*Bartech*") (citation omitted). Information about changes in the Wage Share Zuffa paid Fighters and the share of the market that Zuffa foreclosed (the "Foreclosure Share") is not competitively sensitive nor is it a trade secret. * Plaintiffs assume Zuffa meant to refer to footnote 20. Footnote 19 contains only references to published court opinions. | Zuffa intended to refer to Footnote 20. |
| Page 13 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Line 20 and footnote 22 contain information that is based on and derived from Zuffa's highly confidential compensation, event | Page 13, Line 20 – page 14, line 1:<br><br>Zuffa then leaps to the unfounded conclusion that [REDACTED] | Page 13, Line 20 – page 14, line 1:<br><br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it. The statement concerns a legal issue relating to Rule 23, and reveals nothing about actual athlete compensation (which, as noted above at p. 1, is not trade secret | Previously sealed under Court Order 533 (Granting Motion to Seal Corrected Ex. 3 to Zuffa's Daubert Mot (ECF No. 529) at Topel Rep. p. 123) |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | revenue, and other non-public information and, when combined with other information, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. | Footnote 22:<br><br>Indeed, Dr. Topel conducted his own separate regressions that [redacted] | information).<br><br>Footnote 22:<br><br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it. Zuffa's justification does not explain how high-level observations of general compensation patterns could be used as trade secrets. *See Bartech*, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) ("conclusory statements [that] the contents of the documents . . . are confidential do not meet the compelling reasons standard) (citation omitted). Indeed, the preceding sentence in footnote 22 makes clear that Dr. Topel admits that the compensation of Fighters "at all levels of rankings" moved together. Zuffa provides no cognizable basis for sealing the fact that Dr. Topel's regressions support his unredacted testimony. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 28) |
| Page 14 | [Table 1: Highly Sensitive Zuffa Financial Information] | Page 14 line 19 to Page 15 line 1:<br><br>Further, his testimony was | 1) This statement contains no trade secret information, and no trade secrets could be deduced from it. Plaintiffs' statement refers simply to | Removed redaction as shown in Grigsby Ex. 5. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Line 1 contains the same information and should be sealed for the same reasons as line 20 and footnote 22 of Reply page 13. Line 19 contains a discussion of testimony made in reference to Zuffa's highly confidential financial information, including confidential policies regarding athlete compensation. Disclosure of this information could provide competitors with an unjustified and unearned advantage over Zuffa. In addition, line 19 contains a summary of confidential testimony from a Zuffa executive and a Zuffa high-ranking employee who works, among other things, on financial analysis and strategy at Zuffa. Disclosure of the information derived from their testimony could | corroborated by admissions from <u>Lorenzo Fertitta, a former owner and founder of Zuffa, and Denitza Batchvarova, its Vice President of Strategy</u>. | the fact that testimony was given by two Zuffa executives and, as explained in Plaintiffs' Opposition to the motion to seal, the testimony is obsolete and has no present competitive significance. Opposition at 15-16. | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa<br><br>[Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>Line 19 contains a summary of confidential testimony from a Zuffa executive and a Zuffa high-ranking employee who works, among other things, on financial analysis and strategy at Zuffa. Disclosure of the information derived from their testimony could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | competition with Zuffa | | | |
| Page 15 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Line 1 is a continuation of line 19 from page 14 of the reply and is derived from the same information and should be sealed for the same reasons. Footnote 27 should be sealed because it is derived from highly confidential internal Zuffa financial information and disclosure of the sealed information in that footnote could, when combined with other information, permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.<br><br>[Table 2: Highly Sensitive Zuffa Trade Secret | Footnote 27:<br><br>In Dr. Topel's fourth submission, TR4, he finally suggests a supposed missing variable—namely, ███ ████████ ████████ . . . Second, despite Dr. Topel's claim that Dr. Singer's findings ████████████ ████████████ TR4 ¶23, Dr. Singer shows that ████████████ ████████████ ████████████ Dr. Singer's findings about impact and damages are reinstated. But ██████ ████████████ ████████ ████████████ ████████ ████████████ ████████████ ████████████ And Zuffa has made no showing that the effects of ████████ | Footnote 27:<br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it. "Non-fighter eventlevel expenditures" simply names a category of information without providing any specific information. The two references to Strikeforce data points merely reflect that they do not affect Dr. Singer's findings. The references do not reveal what those data points are. And statements about the ratio of Zuffa's non-<br>Fighter expenditures to its Event Revenues reveal nothing about actual non-fighter expenditures or Event Revenues. Even if actual non-Fighter expenditures and Event Revenues were trade secrets, no usable information about non-Fighter expenditures or Event Revenues is revealed. Moreover, as Plaintiffs explained in the Opposition, actual non-Fighter expenditures and Event Revenues are not trade secrets. *See* Opposition at 11:11-24. | Not previously addressed: support for sealing included in Motion at Tables 1 & 2 and Reply at p. 4-8. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Business and Internal Strategy Information:]<br><br>Footnote 26 contains statements derived from an analysis of Zuffa's confidential internal decision-making and strategic analysis. Disclosure of the material sealed in this footnote could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa | [REDACTED]. Thus, there is no plausible mechanism by which Zuffa's [REDACTED] ould decrease the proportion of Event Revenues attributable to Fighters.<br><br>Footnote 26:<br><br>Zuffa makes two other arguments regarding common impact. First, Dr. Singer relies on a [REDACTED] | Footnote 26:<br>1) This statement contains no trade secret information, and no trade secrets could be deduced from it. Zuffa's so-called [REDACTED] was widely reported in the press. *See e.g.*, Exhibit 29, *Sponsor speaks of ills of UFC "tax"*, MMAPayout.com, March 22, 2014, available at http://mmapayout.com/2014/03/sponsor-speaks-of-ills-of-ufctax/. Thus, it was not secret.<br><br>2) In fact, Zuffa did not redact its own Daubert briefing discussing this portion of Dr. Singer's analyses. *See* ECF No. 524 at 38. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Daubert motions and exhibits (ECF No. 525) at Singer Rep. p. 76) |
| Page 16 | Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Line 4 contains highly confidential information of the type in lines 12 and13 of page 1 of the | Line 4:<br><br>It observes first that under Dr. Singer's common impact analysis, a handful of Class members may have been uninjured. Id. at 15-16; see also SR2 Tbl.2 (between | 1) This statement contains no trade secret information, and no trade secrets could be deduced from it.<br><br>2) Zuffa fails to explain how this information could be used to gain an unfair competitive advantage. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Reply and should be sealed on that basis. The continuation of footnote 27 contains the same type of information as described directly above and should be sealed on that basis<br><br>[Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>The continuation of footnote 27 also contains information regarding Zuffa's strategic decisions regarding its business investments, which reflect highly confidential internal decision making and financial analysis. Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an | [REDACTED] of Bout Class impacted).<br><br>[n.27 redactions from p. 16 included in previous entry] | | |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | unearned advantage in competition with Zuffa. | | | |
| Page 17 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Footnote 29 contains highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. | Zuffa claims Dr. Singer's model shows [REDACTED] Class members are uninjured (out of over 1200). OB at 16. In fact, per Dr. Singer, there are [REDACTED] potentially uninjured Class members. SR2 ¶152 & Tbl.2. | 1) Information about uninjured Class members concerns a legal issue relating to Rule 23, and reveals nothing about Zuffa's business practices. | [REDACTED] number previously sealed under Court Order 533 (Granting Motion to Seal Corrected Ex. 3 to Zuffa's Daubert Mot (ECF No. 529) at Topel Rep. Ex. 34)<br><br>Justification for [REDACTED] number included in Reply at p. 4-10 |
| Page 20 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Footnote 44 contains statements derived from highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis.<br><br>[Plaintiffs assume Zuffa meant to refer to n.45, which was redacted in the | The market has operated as if Zuffa can meet its financial obligations if hit with a large damages award. After the suit was filed, [REDACTED] | 1) Zuffa's sale price is common knowledge and has been widely reported in the press. *See* Exhibit 12, Michael J. de la Merced, *U.F.C. Sells Itself for $4 Billion*, NYTimes.com, July 11, 2016, available at<br><br>https://www.nytimes.com/2016/07/11/business/dealbook/ufcsells-itself-for-4-billion.html. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 6 n.11) |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | public version filed with the Court.] | | | |
| Page 21 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Lines 18 and 20 contain highly confidential information of the type in lines 12 and 13 on page 1 of the Reply and should be sealed on that basis. | He confirms his damages analysis using as benchmarks other MMA promoters— Bellator and Strikeforce (before Zuffa acquired it)—to offer alternative, conservative measures of damages based on a competitive Wage Share [redacted] SR1 ¶¶247-48 & Tbl.9.<br><br>Dr. Zimbalist uses other major sports as benchmarks and concludes that in a reasonably competitive market Zuffa would have paid Fighters [redacted] R1 ¶¶104-26 & Tbls.4-6. | 1) These wage share numbers refer to the "but for" world. By definition, they show what Zuffa is *not* paying its fighters. It does not reveal any information about what Zuffa *is* paying its fighters. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Daubert motions and exhibits (ECF No. 525) at Singer Rep. p. 163)<br><br>Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 14) |
| Page 22 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Lines 2 and 24 through 28 contain highly confidential information | Line 2:<br><br>Eliminate the Exclusive Contracts, and Zuffa's Foreclosure Share would drop to 0% and its Wage Share would rise from about | 1) While wage share percentages are based on compensation and revenue data, they do not reveal actual compensation or revenue data, nor can any be deduced from wage share. Wage share conveys only the relationship between | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 14) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | of the type in Lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. | [redacted] to about [redacted] or more.<br><br>Lines 24-28:<br><br>Zuffa also contends an increase in Event Revenues can decrease Wage Share and argues that "Plaintiffs and their experts assume that rising event revenues are the sole result [sic] of the athletes' contributions." OB at 37 (emphasis in original). But Plaintiffs do not assume— or claim—the Fighters were the sole cause of increases in Event Revenues. See SZDO at 19-24. Rather Plaintiffs show—through expert and other evidence—that [redacted] | revenue and compensation.<br><br>2) Even if Zuffa's compensation and revenue data could be deduced from wage share, that information is not a trade secret. Zuffa has revealed fighter compensation when it suited its purposes. Fighter purse information is made public by some athletic commissions and widely reported in the press.<br><br>3) Zuffa's justification for sealing fails to provide compelling reasons to seal. It falsely describes the information (Plaintiffs' statement does not contain "exact compensation" data or information about event-level-revenue) and fails to state how it could be used to gain an unfair competitive advantage over Zuffa.<br><br>4) The 50% wage share number refers to the "but for" world. By definition, this number elucidates what Zuffa is *not* paying its fighters. It does not reveal any information about what Zuffa *is* | Partially removed redaction as shown in Grigsby Ex. 5; support for remaining sections included in Motion at Tables 1 and Reply at p. 4-8. |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | | | paying its fighters. | |
| Page 23 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Lines 1 through 4 and 6 through 9, 11, and 14 through 16 contain highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. | For instance, [REDACTED] SR4 ¶¶34-35 & Fig.1. So there is no evidence [REDACTED] . . . If Zuffa spends money promoting a Fighter, that Fighter can generate more revenue when competing; if Zuffa rents larger venues, Fighters can sell more tickets. If Zuffa's Fighters invest more in nutrition and training, Zuffa's events will improve. Zuffa's and the Fighters' efforts are complementary and proportional. . . . Indeed, Dr. Topel *concedes* that Zuffa's investments enhance the | 1) This statement contains no trade secret information, and no trade secrets could be deduced from it. Non-fighter event-level costs simply names a category of information without providing any specific information. And statements about the ratio of Zuffa's non-Fighter costs to its Event Revenues reveal nothing about actual non-fighter expenditures or Event Revenues. Even if actual non-Fighter expenditures and Event Revenues were trade secrets, no usable information about non-Fighter expenditures or Event Revenues is revealed. Moreover, as Plaintiffs explained in the Opposition, actual non-Fighter expenditures and Event Revenues are not trade secrets. *See* Opposition at 11:11-24. | Not previously addressed: partially removed redaction as shown in Grigsby Ex. 5; support for remaining sections included in Motion at Tables 1 and Reply at p. 4-8. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | | revenue generating power of the Fighters. . . . That is why Zuffa and Dr. Topel have repeatedly tried, and failed, to come up with a missing variable that could explain away the clear link between rising Foreclosure Share and falling Wage Share: if Zuffa did not foreclose competition, Fighter compensation would remain proportional to Event Revenues. SR4 ¶¶1, 14-17, 25, 40. [redacted] | | |
| Page 24 | [Table 1: Highly Sensitive Zuffa Financial Information] Lines 17 through 24 contain highly confidential information of the type in lines 19, 20, 22, and 23 of page 2 of the Reply and also contain information of the type in | 24:15-25: Second, Zuffa asserts that Dr. Singer assumes that compensation for one set of identity rights reveals impact for a different set of identity rights. . . . It shows that Zuffa's Scheme altered the proportion of its revenue it paid in Fighter | 1) Plaintiffs' statements contain high-level observations regarding the proportion of identity rights compensation to revenues. No usable trade secret information can be derived from these statements. The statement regarding "Dr. Singer's assumption that [redacted] | Partially removed redaction as shown in Grigsby Ex. 5; remaining portions previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 14) |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | lines 12 and 13 of page 1 of the Reply. These lines should be sealed on the basis articulated above.<br><br>[Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>Lines 15, 16, 22, 23, and 24 contain information regarding Zuffa's highly confidential strategic financial and contracting strategy information. Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa.<br><br>[Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses] | compensation. Dr. Singer draws the appropriate inference that Zuffa's Scheme diminished the revenues it paid Fighters proportionally across different revenue streams: ancillary revenues associated with different identity rights and revenues directly from promoting live MMA bouts. SR1 ¶253.Third, Zuffa claims that Plaintiffs prove common impact for Fighters who entered PARs based on Dr. Singer's assumption that [REDACTED] OB at 40. That argument confuses impact and damages. [REDACTED] represents Dr. Singer's estimate of the *amount* of damages. | [REDACTED] does not contain or reveal any trade secret information for the self-explanatory reason that it is based on an assumption by Plaintiffs' expert, Dr. Singer, or, as a following sentence states, it "represents Dr. Singer's estimate of the *amount* of damages." It does not reveal the basis for Dr. Singer's estimate of any actual payments by Zuffa. | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Lines 22 through 25 contain specific, highly-confidential, information about Zuffa's contracting practices and exact payment figures. Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. | | | |
| Page 25 | [Table 1: Highly Sensitive Zuffa Financial Information]<br><br>Footnote 54 contains highly confidential information of the type contained in lines 19, 20, 22, and 23 of page 2 of the Reply and should be sealed on that basis. | But Zuffa provides only unexplained exhibits suggesting [REDACTED] | 1) Information about classwide injuries concerns a legal issue relating to Rule 23, and reveals nothing about Zuffa's business practices. | Previously sealed under Court Order ECF No. 533 (Granting Motion to Seal Class Certification Motion (ECF No. 519), at Class Cert Mot. p. 19) |
| Decl of Eric | Exhibit 86 contains Zuffa's highly | | 1) Zuffa asks the court to seal the Second Supplemental Reply Report | Proposed new redactions attached as Grigsby |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| Cramer (CD3), Ex 86 (Second Suppl. Reply Report of Hal J. Singer, Ph.D.) | confidential internal financial information and analysis based on and derived from Zuffa's highly confidential compensation, event revenue, and other non-public information and, when combined with other information, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information—and obtain an unearned advantage in competition with Zuffa. In addition, much of Dr. Singer's analysis of Zuffa's highly confidential compensation and event-level revenue information—in addition to his analysis of highly confidential Zuffa internal documents— could provide competitors with | | of Hal J. Singer, Ph.D. (SR4) in its entirety. Dr. Singer's report runs to 43 pages with appendices. Zuffa makes no attempt to identify which portions of Dr. Singer's Report contain trade secrets or the specific basis for any such contentions. *See Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) ("conclusory statements [that] the contents of the documents . . . are confidential" do not meet the compelling reasons standard) (citation omitted). | Decl. Ex. 6.  For the reasons provided in the original Motion to Seal regarding Exhibit 86 and the reasons provided in the Reply at pages 4-10, the redacted passages are properly filed under seal. |

| **Reply Page** | **Zuffa's Description in Motion To Seal** | **Plaintiffs' Text to be Sealed*** | **Reason Zuffa's Justification Fails to Provide Compelling Reasons** | **Zuffa's Response** |
|---|---|---|---|---|
| | insights into Zuffa's decision making processes and spending allocation decisions.<br><br>[Table 2: Highly Sensitive Zuffa Trade Secret Business and Internal Strategy Information:]<br><br>Exhibit 86, Dr. Singer's new report, contains analysis based on highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies. Dr. Singer's new report also incorporates analysis from his prior reports based on that highly sensitive strategy information and from documents that discuss highly sensitive strategy. Disclosure of this information would | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | provide competitors with unfair and unearned insights into Zuffa's strategic business decisions— including spending and investment information—that would likely translate into a competitive advantage for those competitors.<br><br>[Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses] Exhibit 86, Dr. Singer's new report, incorporates analysis from his prior reports that is derived from or based on Zuffa's highly confidential contractual clauses and analyses of those contracts. Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
| --- | --- | --- | --- | --- |
| | contractual practices and strategies.<br><br>[Table 4: Highly-Sensitive Third- Party Information]<br><br>Exhibit 86 contains analysis and information, including information from prior expert reports from Dr. Singer that were filed under seal, that include analysis and argument derived from third party financial and other information; this information is properly filed under seal to protect the business and financial interests of third parties and to prevent those nonparties from any commercial harm that might result from disclosure of this analysis and information. | | | |
| CD3 Ex | Exhibit 87 contains | | 1) Zuffa fails to identify with | Partially previously |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| 87 | testimony from Dr. Singer that discusses—in detail—highly-confidential Zuffa financial information regarding Zuffa's compensation payments and event-level revenue information. In addition, Dr. Singer's testimony contains testimony regarding his analyses that are based on and derived from Zuffa's highly-confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace. [Table 2: Highly Sensitive Zuffa Trade Secret Business and | | specificity which portions of Dr. Singer's testimony it is asking the Court to seal. Nor does Zuffa provide a particularized explanation of why the portions it wants to seal are trade secrets or how a potential competitor could gain an unfair competitive advantage from their public disclosure. "A litigant is required to make a particularized showing for each document it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252- JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6 n.1 (D. Nev. June 21, 2017). "The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016) (citation omitted). | sealed under Court Order ECF No. 533 (Granting Motion to Seal Daubert motions and exhibits (ECF No. 525) at Singer Dep. 294:10-295:4). Remaining portion justified in Reply at p. 4-10. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Internal Strategy Information:]<br><br>Exhibit 87 contains Dr. Singer's deposition testimony and contains his analysis based on highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies. His testimony also incorporates analysis from his prior reports based on that highly sensitive strategy information and from documents that discuss highly sensitive strategy. Disclosure of this information would provide competitors with unfair and unearned insights into Zuffa's strategic business decisions—including spending and investment | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | information—that would likely translate into a competitive advantage for those competitors.<br><br>[Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses]<br><br>Exhibit 87 contains excerpts of deposition testimony from Dr. Singer that contain analyses that are derived from or based on Zuffa's highly confidential contractual clauses— including precise financial payment terms in exchange for certain rights—and analyses of those contracts. Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | strategies. | | | |
| CD3 Ex 88 | Exhibit 88 contains Dr. Robert Topel's testimony regarding analyses, including regression analyses and tests of regression analyses, that are based on and derived from Zuffa's highly confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace.<br><br>[Table 3: Highly Sensitive Zuffa Trade Secret Contractual Policies and Contractual Clauses] Exhibit 88, which contains deposition testimony from | | 1) Zuffa fails to identify with specificity which portions of Dr. Topel's testimony it is asking the Court to seal. Nor does Zuffa provide a particularized explanation of why the portions it wants to seal are trade secrets or how a potential competitor could gain an unfair competitive advantage from their public disclosure. "A litigant is required to make a particularized showing for each document it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252- JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6 n.1 (D. Nev. June 21, 2017). "The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016) (citation omitted). | Not previously addressed: support for sealing included in Motion at Tables 3 & 4 and Reply at p. 4-8. |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
| | Dr. Topel, contains testimony and analysis that is based on information from Zuffa's highly confidential contractual clauses and analyses of those contracts, including specific contractual clauses—in addition to discussing Dr. Singer's analysis, which itself is based on highly confidential information. Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies.<br><br>[Table 4: Highly-Sensitive Third- Party Information]<br><br>Exhibit 88 contains testimony from one of Zuffa's experts, Dr. Robert Topel, regarding | | | |

| Reply Page | Zuffa's Description in Motion To Seal | Plaintiffs' Text to be Sealed* | Reason Zuffa's Justification Fails to Provide Compelling Reasons | Zuffa's Response |
|---|---|---|---|---|
|  | the confidential contracts of third parties and the confidential testimony of those parties regarding the language and clauses in their contracts. This information is properly filed under seal to protect the confidential testimony of those nonparties. |  |  |  |