# EXHIBIT 3

Redacted Zuffa Justifications for Sealing New Categories of Information the Court had not Previously Considered or Only Partially Considered in Earlier Sealing Motions

## ZUFFA EXHIBIT 3

### New Categories of Information Not Previously Considered or Only Partially Considered

| # | Proposed Text to be Sealed | Justification for Sealing |
|---|---|---|
| 1 | Footnote 18 on pg. 10:<br><br>More specifically, Zuffa has belatedly suggested that increased "advertising," or increased non-Fighter event spending more broadly, could explain falling wage share. SD at 19; SDR at 10-11. But the evidence is that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ SR3 ¶¶29-33; SR4 ¶¶34-35 & Fig.1; SZDO 22-25. | Footnote 18 on page 10 contains information derived from highly confidential internal Zuffa financial information, which is not public, and disclosure of this portion of the reply could therefore permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |
| 2 | Footnote 27 beginning on pg. 15:<br><br>In Dr. Topel's fourth submission, TR4, he finally suggests a supposed missing variable—namely, ▓▓▓▓▓▓ ▓▓▓▓▓▓ expenditures. . . . *Second*, despite Dr. Topel's claim that Dr. Singer's findings ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ TR4 ¶23, Dr. Singer shows that ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dr. Singer's findings about impact and damages are reinstated. But ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And Zuffa has made no showing that the effects of ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ . . . . Thus, there is no plausible mechanism by which Zuffa's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would decrease the proportion of Event Revenues attributable to Fighters. | Footnote 27 should be sealed because it is derived from highly confidential internal Zuffa financial information and disclosure of the sealed information in that footnote could, when combined with other information, permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. Footnote 27 also contains information regarding Zuffa's strategic decisions regarding its business investments, which reflect highly confidential internal decision making and financial analysis. Disclosure of this information to competitors could permit those competitors to gain unfair insights into Zuffa's strategic business practices and gain an unearned advantage in competition with Zuffa. |

| 3 | Lines 27-28 on pg. 22:<br><br>Rather Plaintiffs show— through expert and other evidence—that ███████ | Lines 27-28 contain analyses based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other information and analysis, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information to discern sensitive and confidential financial trends—and obtain an unearned advantage in competition with Zuffa. |
|---|---|---|
| 4 | Lines 1-4, 15-16 on pg. 23:<br><br>For instance, ███████<br><br>SR4 ¶¶ 34-35 & Fig.1. So there is no evidence ███████ | The designated portions on pg. 23 also contain analyses based on and derived from Zuffa's highly confidential compensation, event-revenue, and other non-public information and, when combined with other information and analysis, could permit Zuffa's competitors to gain unfair insights into Zuffa's strategic business practices—including reverse engineering regression results and other statistical information—and obtain an unearned advantage in competition with Zuffa. |
| 5 | CD3 Ex. 88: Designated deposition transcript excerpts from Prof. Topel. | Exhibit 88 contains Professor Robert Topel's testimony regarding analyses, including regression analyses and tests of regression analyses, that are based on and derived from Zuffa's highly confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace.<br><br>Some of the designated excerpts of Exhibit 88 contain testimony and analysis that is based on information from Zuffa's highly confidential contractual clauses and analyses of those contracts, including specific contractual clauses—in addition to discussing Dr. Singer's analysis, which itself is based on highly confidential |

| | | |
|---|---|---|
| | | information. Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies.<br><br>Finally, Exhibit 88 contains information related to confidential contracts of third parties and the confidential testimony of those parties regarding the language and clauses in their contracts. This information is properly filed under seal to protect the confidential testimony of those nonparties. |
| **Information Partially Sealed by the Court in the Past** | | |
| 6 | Footnote 29 on page 17:<br><br>Zuffa claims Dr. Singer's model shows ▮ Class members are uninjured (out of over 1200). OB at 16. In fact, per Dr. Singer, there are ▮▮▮▮▮▮▮▮ potentially uninjured Class members. SR2 ¶152 & Tbl.2. | The Court previously found the "▮▮" number of uninjured class members to meet the standard for sealing. Order 533 (Granting Motion to Seal Corrected Ex. 3 to Zuffa's Daubert Mot (ECF No. 529) at Topel Rep. Ex. 34). There, the Court accepted the argument that this number was derived from sensitive and confidential payment information to individual athletes which if released could cause competitive harm to Zuffa. ECF No. 525 at 4. For the same reasons, Plaintiffs' Reply that ▮▮▮▮▮▮▮▮ Class members were uninjured should similarly be sealed. |
| 7 | CE 3 Ex. 87: Designated deposition transcript excerpts from Dr. Singer. | This Court previously held that section 294:10-295:4 was sealable. Other information cited in the Reply is sealable for similar reasons.<br><br>The remaining excerpts in exhibit 87 contain testimony from Dr. Singer that discusses—in detail— highly-confidential Zuffa financial information regarding Zuffa's compensation payments and event-level revenue information. In addition, Dr. Singer's testimony contains testimony regarding his analyses that are based on and derived from Zuffa's highly-confidential internal event-level revenue and compensation information, contractual compensation information, and other non-public data which, alone, or when combined with other information, would be likely to provide Zuffa's competitors with unearned competitive advantages over Zuffa in the marketplace. |

|  |  | Exhibit 87 also contains Dr. Singer's deposition testimony and contains his analysis based on highly sensitive information about Zuffa's trade secret contractual practices and internal analytical strategies and practices, including its proprietary strategies and internal data on those strategies. His testimony also incorporates analysis from his prior reports based on that highly sensitive strategy information and from documents that discuss highly sensitive strategy. Disclosure of this information would provide competitors with unfair and unearned insights into Zuffa's strategic business decisions—including spending and investment information—that would likely translate into a competitive advantage for those competitors.<br><br>Finally, Exhibit 87 contains excerpts of deposition testimony from Dr. Singer that contain analyses that are derived from or based on Zuffa's highly confidential contractual clauses—including precise financial payment terms in exchange for certain rights—and analyses of those contracts. Disclosure of this information is likely to result in competitive harm to Zuffa by providing its competitors with unearned and unjustified insights into its contractual practices and strategies. |
|---|---|---|

4