WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**JOINT MOTION REGARDING ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S REPLY IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY CLASS AND RELATED MATERIALS (ECF NO. 554)**<br><br>**PUBLIC VERSION** |

The parties have stated their positions at length regarding the confidentiality and propriety of sealing portions of and documents related to Plaintiffs' Reply in Support of Plaintiffs' Motion to Certify Class ("Plaintiffs' Class Reply"), ECF No. 554, in Zuffa, LLC's ("Zuffa's") opening Motion to Seal, ECF No. 557, Plaintiffs' Opposition to Zuffa's motion to seal, ECF No. 558, and Zuffa's Reply in Support of Its Motion to Seal, ECF No. 564. In order to streamline the Court's consideration of the portions of documents Zuffa seeks to file under seal, the parties have agreed to submit this brief joint motion for the Court's consideration pursuant to the Revised Stipulation and Protective Order, ECF No. 217 (the "Protective Order").

Plaintiffs' position statement contains material that Zuffa believes should be filed under seal. Zuffa is conditionally lodging that material under seal. Zuffa believes that the material should be filed under seal for the reasons stated in this motion to seal and its motion to seal papers regarding Plaintiffs' Class Reply. Plaintiffs do not believe this material should be filed under seal for the reasons stated in this motion to seal and their opposition to the motion to seal Plaintiffs' Class Reply.

## ZUFFA'S POSITION

Zuffa seeks to file a narrow set of materials under seal in connection with its Reply in Support of Its Motion to Seal Plaintiffs' Motion to Certify Class and Related Materials (ECF No. 554) ("MTS Reply"). Zuffa seeks to file under seal portions of the transcript of the deposition of former Zuffa employee Michael P. Mersch ("Mersch Deposition") designated confidential and the portion of its MTS Reply that describes that confidential information from Mr. Mersch's deposition.[1] The Ninth Circuit has not determined the proper standard for sealing class certification materials. MTS Reply at 1-3. However, this motion to seal Zuffa's MTS Reply and a portion of Mr. Mersch's deposition is a non-dispositive motion that is unrelated to the merits of this case as it seeks only to seal materials in the MTS Reply. The "good cause" standard therefore applies to this motion. Under either the "good cause" or "compelling reasons" standard, for the

---

[1] Mr. Mersch's deposition is Exhibit 7 to the Declaration of Stacey K. Grigsby in Support of Zuffa's MTS Reply ("Grigsby Decl.").

reasons described in the Table below, sealing the narrow set of materials Zuffa seeks to file under seal is appropriate.

| Proposed Text to be Sealed | Justification for Sealing |
|---|---|
| Dep. of Michael P. Mersch, vol. II, July 14, 2017 ("Mersch Dep.") 382:16-385:2 | This first portion of Mr. Mersch's deposition describes an internal, confidential e-mail and Mr. Mersch's testimony detailing his recollection of the events described in that e-mail regarding his negotiations with a third-party Zuffa athlete as well as the bout purse information for another Zuffa athlete. In his testimony, Mr. Mersch names the athlete making the confidentiality request and describes the athlete's request regarding that athlete's sensitive private financial information. Mr. Mersch further discusses that athlete's contract and how previous sensitive and confidential dealings were handled with respect to that athlete. Public disclosure of this information—which details a third-party's request and would divulge details about that party's private justifications and preferences for the confidential handling of his compensation information—would invade the privacy interests of a third party and would expose the substance of a confidential Zuffa business communication between two Zuffa employees. As described in Zuffa's initial motion to seal and in the MTS Reply at pages 7-10, this confidential information, which contains confidential third-party and Zuffa information, is properly filed under seal. |
| Mersch Dep. 490:1-491:2 | This second portion of Mr. Mersch's deposition contains Mr. Mersch's business address, employment and business information, and his employment status. None of this information is pertinent to this motion to seal or to this litigation. Public disclosure of this irrelevant information would serve no purpose other than to violate Mr. Mersch's privacy. Mr. Mersch is not a Zuffa employee and was not a Zuffa employee at the time of his deposition. This information is properly filed under seal as disclosure of this information would needlessly harm the privacy interests of a non-party. Plaintiffs do not object to sealing this information. |
| MTS Reply, lines 27-28 on page 9 and line 1 on page 10. | For the reasons described above regarding Mr. Mersch's discussion of an internal, confidential Zuffa e-mail detailing his recollection of a confidential negotiation with a third-party athlete, this section of the MTS Reply, which directly quotes from Mr. Mersch's confidential testimony, is properly sealed. |

The first portion of Mr. Mersch's deposition testimony describes an athlete's desire—communicated directly to Mr. Mersch and never reported on publicly (indeed, *preventing* public disclosure was the aim of the request)—to keep information public for reasons personal to that athlete.  Zuffa seeks to keep such non-party information confidential to protect that athlete's request for confidentiality and, as described in Zuffa's MTS Reply at pages 7-10 that is a proper basis for sealing that information.

Plaintiffs' evidentiary objections regarding Mr. Mersch's testimony are improper.  This motion is about propriety of sealing the information in Zuffa's MTS Reply.  Tellingly, Plaintiffs presented no similarly direct evidence—admissible or otherwise—in their Opposition to Zuffa's motion to seal such as testimony from Zuffa's competitors or MMA athletes regarding whether such financial information is properly considered confidential and sensitive.  In any event, Plaintiffs' evidentiary objections are unfounded.  Mr. Mersch presented a detailed description of his recollection of what the athlete told him—regardless of whether the athlete's reasons for wanting confidentiality and privacy were true—about wanting confidentiality and discussed Zuffa's prior actions with respect to that athlete's confidentiality requests.

Zuffa respectfully requests that the Court grant its motion to seal portions of the Mersch Deposition and the redacted portions of its MTS Reply.

### PLAINTIFFS' POSITION

Zuffa fails to make the requisite showing to meet its burden under applicable law to seal portions of the Mersch deposition. Neither a fighter's personal desire to keep his purse secret, assuming Zuffa can show that desire, nor Zuffa's strategy of preventing its fighters from learning what other fighters earn comes close to a "compelling reason" or even "good cause" to seal.

First, Zuffa fails even to make a showing the two fighters whose purses it purports to protect as confidential expressed the desire to maintain that secrecy. As to the first fighter, Zuffa claims he expressed his wishes "directly to Mr. Mersch," but Mr. Mersch's own testimony calls

1  this assertion into question.[2] As to the second fighter, Zuffa makes no showing whatsoever that
2  he expressed a desire for secrecy.
3      Second, even if Zuffa makes that showing, Zuffa fails to provide any authorities to
4  support that such a personal desire is sufficient as a matter of law to override the legally
5  recognized interests of the public and the press to access and assess that information.[3]
6      Third, even assuming Zuffa can make a showing as to the two fighters' desire for secrecy,
7  which Zuffa cannot, and assuming the fighter's personal desire is sufficient as a matter of law to
8  justify sealing this information from the public, which it is not, Zuffa's argument for sealing
9  nonetheless fails. As to the first fighter, none of his financial information is revealed or could be
10 deduced from the excerpt Zuffa seeks to seal. Mersch Dep., 382:16-385:2. As to the second
11 fighter, while the excerpt does contain his purse information, purse information for both fighters,
12 and many other UFC fighters, has already been publicly revealed. In fact, purse information for
13 nearly half of Zuffa's MMA events is available from a number of websites, including Wikipedia
14 and BloodyElbow.com. [4] Thus, any potential justification for preventing public access to the
15 purse information for the second fighter is rendered moot by its prior public disclosure.
16     Further, even if the purse information were not already public, Zuffa's desire to keep
17 secret how little it pays its fighters fails to suffice as a "compelling reason" or even "good cause"
18 for keeping this information from the public. *See Id*. at 383:5-7 ("███████████████
19 ████████████████████████████████████████████████
20 ████████"). After all, player compensation in every other major sports organization in the
21 United States, including professional football, baseball, basketball, and hockey, is publicly
22 available. Moreover, the purse information disclosed in the redacted passage, and any information

---

[2] Mr. Mersch admits in his testimony that because "it was a long time ago, I don't have any of the details fresh in my mind." Mersch Depo. Tr. 384: 14-15. Indeed, after claiming the request "may have" come from the fighter, Mr. Mersch hedged: "As I sit here right now, I couldn't swear to that . . . ." Mersch Depo. Tr. at 383:18-25.
[3] *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[4] *See* Rayhill Declaration ¶ 7 and Exhibits 1-4.

contained in the underlying documents, is four years old—too old to possess any commercial value or constitute a purported trade secret.[5]

Defendant's statement that the motion to seal at issue does not relate to the merits of this case because it pertains to another motion to seal is inaccurate. Both sealing motions in effect seek to prevent public access to portions of the class certification briefing and related documents. Because the Court must analyze whether Zuffa's conduct suppressed fighter compensation and harmed more than ▇ of Class members, its class certification deliberations will be more than tangentially related to the merits, and thus subject to the compelling reasons standard.[6]

Moreover, neither the Protective Order nor the Court's grant of Zuffa's prior motions to seal prevents Plaintiffs from challenging Zuffa's confidentiality designations. Because the Protective Order was "obtained . . . without making a particularized showing of good cause with respect to any individual document, [the parties] could not reasonably rely on the order to hold these records under seal forever."[7] Further, Section 6.1 of the Protective Order permits a party to challenge a confidentiality designation "at any time," and Plaintiffs expressly reserved their rights thereunder. The Protective Order was intended to and did allow for the timely filing of key briefing and related documents without first having to resolve confidentiality disputes. Now that class and *Daubert* filings are complete, confidentiality issues may be addressed without delaying case progress. And because Zuffa seeks to seal case records that relate to dispositive issues in this litigation, Zuffa must provide compelling reasons to seal. Zuffa fails to do so.

Plaintiffs do not object to Zuffa's request to seal lines 490:1-491:2 of the deposition.

---

[5] *See Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2017 U.S. Dist. LEXIS 66194, at *17 (N.D. Cal. May 1, 2017) (holding that seven-year-old information was no longer a trade secret).
[6] *See Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 U.S. Dist. LEXIS 134951, at *3-4 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to class certification motion).
[7] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

| | |
|---|---|
| Dated: June 29, 2018 | Dated: June 29, 2018 |
| **JOSEPH SAVERI LAW FIRM, INC.** | **BOIES SCHILLER FLEXNER LLP** |
| By: */s/ Kevin E. Rayhill* | By: */s/ Stacey K. Grigsby* |
| Joseph R. Saveri (State Bar No. 130064)<br>Joshua P. Davis (admitted *pro hac vice*)<br>Kevin E. Rayhill (admitted *pro hac vice*)<br>Jiamin Chen (admitted *pro hac vice*)<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Phone: (415) 500-6800/Fax: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>jdavis@saverilawfirm.com<br>krayhill@saverilawfirm.com<br>jchen@saverilawfirm.com | William A. Isaacson (admitted *pro hac vice*)<br>Stacey K. Grigsby (admitted *pro hac vice*)<br>Nicholas A. Widnell (admitted *pro hac vice*)<br>1401 New York Ave, NW<br>Washington, D.C. 20005<br>Phone: (202) 237-2727/Fax: (202) 237-6131<br>wisaacson@bsfllp.com<br>sgrigsby@bsfllp.com<br>nwidnell@bsfllp.com<br><br>*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |
| *Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* | **CAMPBELL & WILLIAMS**<br>Donald J. Campbell (State Bar No. 1216)<br>J. Colby Williams (State Bar No. 5549)<br>700 South 7th Street<br>Las Vegas, Nevada 89101<br>Phone: (702) 382-5222/Fax: (702) 382-0540<br>djc@campbellandwilliams.com<br>jcw@campbellandwilliams.com |
| **BERGER & MONTAGUE, P.C.**<br>Eric L. Cramer (admitted *pro hac vice*)<br>Michael Dell'Angelo (admitted *pro hac vice*)<br>Patrick F. Madden (admitted *pro hac vice*)<br>Mark R. Suter (admitted *pro hac vice*)<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>Phone: (215) 875-3000/Fax: (215) 875-4604<br>ecramer@bm.net<br>mdellangelo@bm.net<br>pmadden@bm.net<br>msuter@bm.net | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC<br><br>**BOIES SCHILLER FLEXNER LLP**<br>Richard J. Pocker (State Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, Nevada 89101<br>Phone: (702) 382-7300/Fax: (702) 382-2755<br>rpocker@bsfllp.com |
| *Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |

**COHEN MILSTEIN SELLERS
  & TOLL, PLLC**
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W.,
Suite 500, East Tower
Washington, D.C. 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**RADICE LAW FIRM, P.C.**
John D. Radice (admitted *pro hac vice*)
34 Sunset Blvd
Long Beach, NJ 08008
jradice@radicelawfirm.com

*Attorneys for Plaintiffs*

**WOLF, RIFKIN, SHAPIRO,
  SCHULMAN & RABKIN, LLP**
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

| | |
|---|---|
| 1 | **WARNER ANGLE HALLAM JACKSON & FORMANEK PLC** |
| 2 | Robert C. Maysey (admitted *pro hac vice*) |
|   | Jerome K. Elwell (admitted *pro hac vice*) |
| 3 | 2555 E. Camelback Road, Suite 800 |
|   | Phoenix, Arizona 85016 |
| 4 | Phone: (602) 264-7101/Fax: (602) 234-0419 |
|   | rmaysey@warnerangle.com |
| 5 | jelwell@warnerangle.com |
| 6 | |
|   | *Counsel for the Classes and Attorneys for* |
| 7 | *Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* |
| 8 | |
| 9 | **LAW OFFICE OF FREDERICK S. SCHWARTZ** |
| 10 | Frederick S. Schwartz (admitted *pro hac vice*) |
|    | 15303 Ventura Boulevard, #1040 |
| 11 | Sherman Oaks, California 91403 |
|    | Phone: (818) 986-2407/Fax: (818) 995-4124 |
| 12 | fred@fredschwartzlaw.com |
| 13 | |
|    | *Attorneys for Plaintiffs* |
| 14 | |
| 15 | **SPECTOR ROSEMAN KODROFF & WILLIS, P.C.** |
|    | Jeffrey J. Corrigan (admitted *pro hac vice*) |
| 16 | William G. Caldes (admitted *pro hac vice*) |
|    | 1818 Market Street, Suite 2500 |
| 17 | Philadelphia, Pennsylvania 19103 |
|    | Phone: (215) 496-0300/Fax: (215) 496-6611 |
| 18 | jcorrigan@srkw-law.com |
|    | wcaldes@srkw-law.com |
| 19 | |
| 20 | *Attorneys for Plaintiffs* |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

8

JT. MOT. RE ZUFFA MOT. SEAL REPLY ISO MOT. TO SEAL PLS' CLASS CERT. REPLY

**ATTESTATION OF FILER**

The signatories to this document are myself and Kevin Rayhill, and I have obtained Mr. Rayhill's concurrence to file this document on his behalf.

Dated: June 29, 2018                    <u>/s/ Stacey K. Grigsby</u>

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Joint Motion Regarding Zuffa, LLC's Motion to Seal Zuffa's Reply in Support of Zuffa, LLC's Motion to Seal Plaintiffs' Motion to Certify class and Related Materials (ECF No. 554)** was served on June 29, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Jerren Holdip*

Jerren Holdip