# Exhibit A

# Zuffa's Notice of Supplemental Authority

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DEFENDANT ZUFFA, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ZUFFA'S MOTION TO EXCLUDE TESTIMONY OF DR. SINGER (ECF No. 524).** |

On June 25, 2018 the Supreme Court decided *Ohio v. American Express Co.*, -- S. Ct. --, 2018 WL 3096305 (2018) ("*Amex*"). Among other things, *Amex* made clear a previously uncertain area of antitrust law – in order to prove anticompetitive effects of a vertical restraint, plaintiffs are required to define a market. This decision impacts the Court's assessment of Zuffa's Motion to Exclude the Testimony of Dr. Singer (ECF No. 524) because Plaintiffs opposed that motion, in part, by arguing that defining a market was *not* necessary when direct evidence is available. Opposition to Singer *Daubert* ("Singer *Daubert* Opp.") ECF No. 534 at 37 n.61. That argument is now invalid after *Amex*.

In *Amex*, the Supreme Court considered whether plaintiffs (the United States and 17 states) had met their burden of proving that Amex's non-discrimination provisions in its contracts with merchants caused anticompetitive effects in the credit-card market. *Amex*, 2018 WL 3096305 at *7. A key question on appeal was the scope of the relevant market and whether the district court had properly assessed the impact of the challenged provisions on both sides of the relevant market. *Id.* at *8. Relying solely on direct evidence to prove anticompetitive effects, Plaintiffs argued they were not required to define a market because they instead "offered actual evidence of adverse effects on competition – namely, increased merchant fees." *Id.* at *8 n.7. The Supreme Court rejected this argument.

The Court made clear that unlike unlawful horizontal restraints which involve agreements between competitors and thereby do not always require plaintiffs to define a market, "vertical restraints are different." *Id.* "Vertical restraints often pose no risk to competition unless the entity imposing them has market power, which cannot be evaluated unless the Court first defines the relevant market." *Id.* As a result, even where a plaintiff relies "exclusively on direct evidence" in order "to assess this evidence, [the Court] must first define the relevant market." *Id.*

In Plaintiffs' Opposition to Zuffa's Motion to Exclude the Testimony of Dr. Singer, Plaintiffs contend that defining a market is not necessary when they can demonstrate direct effects. Singer *Daubert* Opp. at 37 & n.61. Plaintiffs put forward Dr. Singer's impact regression as direct evidence of market power and claim that "market definition is only necessary for indirect proof of market power." *Id.* Dr. Singer's impact regression purportedly measures the

effect on wage share from an increase in the share of athletes who have signed contracts containing the challenged contractual provisions.  Because those provisions involve an agreement between athletes and promoters, those provisions are vertical in nature.  Dr. Singer's regression therefore cannot be accepted as direct evidence of anticompetitive effects without additional evidence that Dr. Singer's analysis is based on a properly defined relevant market.

Dated:  July 5, 2018          Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By:  /s/ Nicholas A. Widnell
       Nicholas A. Widnell
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Zuffa's Notice of Supplemental Authority** was served on July 5, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Roderick Crawford
An employee of Boies Schiller Flexner