# EXHIBIT B

*Hunt v. Zuffa, LLC, et al.*,
2:17-cv-00085-JAD-CWH
Zuffa Motion to Seal
ECF. No. 114

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK HUNT, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP, a Nevada limited liability company; BROCK LESNAR, an individual; and DANA WHITE, an individual; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 2:17-cv-00085-JAD-CWH <br><br> **MOTION FOR LEAVE TO FILE, UNDER SEAL, EXHIBITS 1-8, 10-11, AND 16 TO THE DECLARATION OF J. COLBY WILLIAMS IN SUPPORT OF DEFENDANTS ZUFFA, LLC'S AND DANA WHITE'S MOTION TO DISMISS PLAINITFF MARK HUNT'S SUPPLEMENTAL COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Defendants Zuffa, LLC ("Zuffa") and Dana White ("White"), pursuant to Fed. R. Civ. P. 26(c), LR IA 10-5 and supporting case law, respectfully request that the Court permit them to file, under seal, Exhibits 1-8, 10-11, and 16 to the Declaration of J. Colby Williams (ECF No. 112), which is being submitted concurrently herewith in support of Defendant Zuffa, LLC's and Dana White's Motion to Dismiss Plaintiff Mark Hunt's Supplemental Complaint Pursuant to Fed. R. Civ. P. 12(B)(6). *See* ECF No. 111.

Page 1 of 5

## BACKGROUND

Exhibit 1 is the Bout Agreement between Zuffa and Plaintiff Mark Hunt ("Hunt") for the mixed martial arts ("MMA") event known as UFC 200. The Court previously granted Hunt's motion to seal this document. *See* ECF No. 10. The Bout Agreement is an integrated agreement with the Promotional and Ancillary Rights Agreement dated April 12, 2016 between Zuffa and Hunt ("2016 Promotional Agreement"). The Court previously granted Hunt's motion to seal the 2016 Promotional Agreement. *See id.* The 2016 Promotional Agreement contains a confidentiality provision. Additionally, many of the terms contained in the 2016 Promotional Agreement and the Bout Agreement address sensitive commercial information of the parties, the disclosure of which would cause the parties harm and jeopardize their competitive standing in the professional MMA industry.

Exhibits 2-3 are a Promotional and Ancillary Rights Agreement and a Letter of Agreement between Zuffa and Hunt, each dated August 8, 2014 (collectively the "2014 Promotional Agreement"). These two agreements are the predecessors to the 2016 Promotional Agreement referenced in the preceding paragraph. The 2014 Promotional Agreement also contains a confidentiality provision. Again, many of the terms contained in the 2014 Promotional Agreement address sensitive commercial information of the parties, the disclosure of which would cause the parties harm and jeopardize their competitive standing in the professional MMA industry.

Exhibits 4-8 are various Bout Agreements between Zuffa and Hunt for 5 events that took place pursuant to the terms of the 2014 Promotional Agreement. The Bout Agreements are integrated with the 2014 Promotional Agreement and are, therefore, subject to the confidentiality provision contained therein. They likewise contain terms addressing sensitive commercial information of the parties, the disclosure of which would cause the parties harm and jeopardize their competitive standing in the professional MMA industry.

Finally, Exhibits 10-11 and 16 are three Bout Agreements for different events that took place pursuant to the terms of the parties' 2016 Promotional Agreement. The Bout Agreements are integrated with the 2016 Promotional Agreement and are, therefore, subject to the confidentiality provision contained therein. They likewise contain terms addressing sensitive commercial information of the parties, the disclosure of which would cause the parties harm and jeopardize their competitive standing in the professional MMA industry.

## ARGUMENT

Documents filed in connection with a non-dispositive motion may be sealed if the party seeking to seal the documents makes a "particularized showing" under the "good cause" standard of Rule 26(c). *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The Court has "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citations omitted); *see also Selling source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D. Nev. April 29, 2011) (finding good cause to seal information regarding finances, contractual agreements, and information regarding particular arrangements with customers).

The subject contracts between Zuffa and Hunt contain proprietary information such as the number of bouts agreed to by the parties, the compensation to be paid for those bouts, the respective terms of the agreements and a variety of other provisions. These provisions are unique from fighter to fighter such that the public disclosure of which would not only harm Zuffa with the many fighters it has under contract, but also with other MMA promoters that may seek to compete with Zuffa for the services of its fighters. That is why all of Zuffa's Promotional

Agreements, including those at issue here, contain confidentiality provisions and why Zuffa has been vigilant about protecting the terms of its Promotional Agreements and related agreements even where they become the subject of litigation.

Normally, a matter such as this would be handled through the entry of a stipulated protective order governing the production of confidential documents during the discovery phase of litigation. Zuffa has provided a proposed stipulated protective order to Hunt's counsel, who is still considering the same. That said, Hunt and his counsel likewise recognize the need to protect the parties' contracts from public disclosure as they have successfully sought to seal documents similar to those that Zuffa seeks to seal here. *See* ECF Nos. 2; 10.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court seal Exhibits 1-8, 10-11, and 16 to the Declaration of J. Colby Williams that was filed concurrently herewith as ECF No. 112.

DATED this 23rd day of March, 2018.

CAMPBELL & WILLIAMS

By    /s/ *J. Colby Williams*
    DONALD J. CAMPBELL, ESQ. (#1216)
    J. COLBY WILLIAMS, ESQ. (#5549)
    700 South Seventh Street
    Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Zuffa, LLC and Dana White*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **Motion for Leave to File, Under Seal, Exhibits 1-8, 10-11, and 16 to the Declaration of J. Colby Williams in Support of Defendants Zuffa, LLC's and Dana White's Motion to Dismiss Plaintiff Mark Hunt's Supplemental Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** was served on the 23rd day of March, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

 /s/ *J. Colby Williams*
An employee of Campbell & Williams