WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>          v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                    Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC's MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS** |

ZUFFA, LLC'S MOT. TO SEAL ZUFFA, LLC's MOT. FOR SUMMARY JUDGMENT

Pursuant to the Stipulated Order governing confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order") and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal in whole or in part the exhibits and corresponding portions of Zuffas' Motion for Summary Judgment set forth below.

**LEGAL STANDARD**

The Ninth Circuit has explained that while the public has a "general right" to access judicial records and documents, "access to judicial records is not absolute." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Documents filed in connection with a dispositive motion may be sealed if there are "compelling reasons" to seal those documents. *Id.* at 1179. Documents attached to summary judgment motions are evaluated under this "compelling reasons" standard. *Id.* (citation omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release [of] trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. Rpost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets'" and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted).

Additionally, Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

## ARGUMENT

Zuffa seeks to seal, in whole or in part, highly confidential commercially sensitive documents, deposition testimony, and expert reports and testimony (together, "exhibits") as well as the portions of the Motion for Summary Judgment reflecting the contents of such exhibits, pursuant to the "compelling reasons" standard. For the reasons stated in more detail below, compelling reasons exist for the Court to grant the Motion to Seal, as the exhibits contain trade secrets and commercially sensitive information, and disclosure would result in the risk of competitive harm to Zuffa and third parties to this suit. *See Kamanaka*, 447 F.3d at 1179.

    A. <u>Highly Confidential and Commercially Sensitive Information Regarding Contractual Clauses and Contracts</u>

Zuffa seeks to seal the exhibits and portions of the Motion for Summary Judgment that contain highly confidential and commercially sensitive information regarding Zuffa's contracts with athletes, including the terms of compensation terms, licensing and sponsorship policies. Zuffa seeks to seal the exhibits and portions of the Motion that reveal specific contract terms, strategies, and internal policies relating to these confidential contract clauses. This Court has previously granted Zuffa's motion to seal similar contractual information under the "compelling reasons" standard. ECF No. 495, 504 (Orders Granting Zuffa's Motions to Seal Materials Related to Zuffa's Motion for Partial Summary Judgment Motion). Zuffa's trade secret

information is contained within portions of these documents, and the public release of that highly sensitive and confidential business information would result in competitive harm to Zuffa by providing its competitors with access to Zuffa's compensation structures, licensing and confidential contracts and contract polices—all crucial elements of Zuffa's proprietary business practices that have allowed it to vigorously compete to sign contracts for MMA athlete services. Decl. of Stacey K. Grigsby in Support of Zuffa's Motion to Seal (Grigsby Decl.) ¶¶ 6-8.

Table A details the exhibits that contain highly confidential and commercially sensitive information regarding Zuffa's contractual information and contracts:

| Table A:  Exhibits to be Filed Under Seal ||
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits** |
| Documents or portions thereof describing or providing highly confidential and trade secret information about Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa | Ex. 14, Mersch Dep. 326:1-328:12; Ex. 16, Singer Dep I 162:11-169:24, 258:1-261:11; Ex. 47, Promotional and Ancillary Rights Agreement between Zuffa and Khabib Nurmagomedov (Dec. 18, 2013), ZFL-0522826; Ex. 48, Contracts Dep. 94:1-101:25, 150:1-157:25, 242:3-245:25, 278:1-280:10; Ex. 53, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Matt Hughes (Oct. 8, 2001), ZFL-0105053; Ex. 54, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Plaintiff Jon Fitch (Jan. 7, 2017), ZFL-0414108; Ex. 55, Promotional and Ancillary Rights Agreement between Zuffa and Josh Shockley (May 27, 2014), ZFL-0504184; Ex. 62, Emails between Michael Mersch and Neal Tabachnick (Feb. 14, 2014), ZFL-12445923; Ex. 63, Emails between Michael Mersch and Jason Genet (Oct. 24, 2008), ZFL-2429202; Ex. 78, Aronson Dep. 81:8-25; Ex. 79, Declaration of Hunter Campbell ("Campbell Decl.") (July 30, 2018); Ex. 81, Letter from Zuffa to Josh Koscheck (June 15, 2015), ZFL-0489704; Ex. 82, Letter from Zuffa to Josh Thomson (Aug. 11, 2015), ZFL-0500960; |

| Table A: Exhibits to be Filed Under Seal ||
|---|---|
| Type of Material Zuffa Seeks to Seal | Exhibits |
|  | Ex. 84, Email from David Kramer to Michael Mersch re: Roger Huerta (Mar. 10, 2010), ZFL-2252819; <br> Ex. 104, Zuffa, LLC Bout Agreement (Aug. 27, 2015), ZFL-0387086; <br> Ex. 105, Excerpts of Plaintiffs' First Amended Answers to Defendant Zuffa, LLC's First Set of Interrogatories to Plaintiffs (Nov. 14, 2016); <br> Ex. 107, Venues Dep. 22:1-25:25; 30:1-33:25; <br> Ex. 112, Sponsors Dep. I 18:18-19:25, 20:24-25:25, 70:6-71:21, 72:4-73:19, 74:15-74:20, 75:9-77:25, 102:1-109:2, 109:12-109:25, 118:1-120:1 |

B. <u>Highly Confidential and Commercially Sensitive Financial Information</u>

Zuffa moves to seal the exhibits and portions of the Motion for Summary Judgment that contain detailed analysis of Zuffa financial and revenue information, including individual athlete-level and event-level information, as well as Zuffa's confidential financial records, revenue, internal valuations, and compensation. This Court has previously sealed other of Zuffa's financial information under the "compelling reasons" standard. ECF No. 495, 504.

Zuffa is a privately owned corporation. Financial information is highly sensitive, and releasing this information publicly would put Zuffa at risk of competitive harm because other MMA promoters could try to use Zuffa's confidential financial information to their advantage. Grigsby Decl. ¶ 6.

Zuffa is not the only MMA promoter with this concern. That Bellator designated all of its quarterly financial data as highly confidential—the most protected designation—under the Protective order only underscores the sensitivity of this type of information. As Counsel for Bellator explained, event-level specific financial documents are among the "most sensitive documents" to Bellator. ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").

Counsel emphasized that any information that would permit a "Bellator fighter [to be] compared to this fighter, they're disclosing our information," and that would cause "a very significant concern" if shared with Bellator's competitors. *Id.* at 16:16-21. Similar to Bellator, public disclosure of that information would very likely cause Zuffa significant competitive harm.

Table B details the exhibits that contain highly confidential and commercially sensitive information regarding Zuffa's financial information.

| Table B: Exhibits to be Filed Under Seal ||
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits** |
| Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Ex. 1, Fertitta Dep. 32:8-33:10, 33:16-25; 196:20-197:10, 197:24-199:6, 201:7-201:25, 286:20-288:9, 288:19-292:14, 297:23-25; Ex. 2, Presentation titled "UFC Company Overview," ZFL-2603089; Ex. 8, Epstein Dep. 107:14-108:19, 199:24-200:7, 458:1-19, 459:2-461:13, 462:6-464:6; Ex. 15, Batchvarova Dep. 74:13-77:25, 198:13-199:24, 200:17-201:9, 201:16-205:22; Ex. 16, Singer Dep I 73:13-76:22, 94:1-13, 100:21-102:2, 193:1-24, 267:3-272:7, 294:1-295:4; Ex. 46, Presentation titled "Financial Presentation" (Mar. 26, 2014), ZFL-0994011; Ex. 101, Strikeforce Event P&L, ZFL-1472338 |

C. <u>Trade Secret Business Information and Highly Confidential Business Communications, and Strategy</u>

Zuffa moves to seal the exhibits and portions of the Motion for Summary Judgment that contain trade secret business information and highly confidential and sensitive business communications strategy. This information includes Zuffa's highly confidential marketing and business strategy related to Zuffa's business in the United States and abroad. It also includes contract, payment and negotiation strategies relating to Zuffa and non-Zuffa MMA athletes, as well as other business partners. This is information is highly sensitive for Zuffa, as public disclosure of this information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned

competitive advantages. Compelling reasons exist to seal the exhibits and portions of the Motion containing trade secret business information. Grigsby Decl. ¶ 8; see also *id.* ¶¶ 6-7.

Table C details the exhibits that contain confidential trade secret business information and highly confidential and sensitive business communications and strategic evaluation.

| Table C: Exhibits to be Filed Under Seal ||
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits** |
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Ex. 1, Fertitta Dep. 196:20-197:10; 197:24-199:6, 201:7-201:25, 242:9-245:7, 245:20-246:3, 249:12-253:25, 286:6-9, 286:21-288:9, 288:19-292:14, 294:7-14; 297:23-25, Ex. 2, "Presentation titled "UFC Company Overview," ZFL-2603089; Ex. 5, Presentation titled "Growing the Business" (Sept. 2014), ZFL-1807982; Ex. 6; "About Ultimate Fighting Championship" (Jan. 2012), ZFL-1454433; Ex. 7, White Dep. 335:1-336:5; Ex. 8, Epstein Dep. 179:19-180:21, 184:22-184:25, 190:1-190:24, 199:24-200:7, 202:8-205:9, 246:6-246:22, 249:3-249:4, 250:15-251:1, 251:13-252:1, 270:1-272:9, 275:13-276:4, 294:19-295:14, 295:24-25, 296:10-296:23; Ex. 9, Acquisitions Dep. 34:1-37:23, 174:1-174:18, 175:3-178:14, 179:12-181:25; Ex. 12, Singer Dep II 461:14-18, 529:8-18; Ex. 14, Mersch Dep. 326:1-328:12, 474:1-475:18, 475:25-478:8, 480:4-481:25; Ex. 15, Batchvarova Dep. 26:1-29:25, 62:21-65:25, 74:13-77:25, 198:13-199:24, 200:17-201:9, 201:16-205:22; Ex. 16, Singer Dep. 1 94:1-13, 100:21-102:2, 162:11-169:24, 193:1-24, 219:14-24, 220:1-12, 258:1-261:11, 267:3-272:7, 294:1-295:4, 330:1-6; Ex. 46, Presentation titled "Financial Presentation" (Mar. 26, 2014), ZFL-0994011; Ex. 48, Contracts Dep. 94:1-101:25, 150:1-157:25, 242:3-245:25, 278:1-280:10; Ex. 51, Shelby Dep. 118:10-121:25; Ex. 52, J. Silva Dep. 38:19-38:22, 39:7-39:17, 39:25-40:6, 40:13-40:22; 42:7-42:13; 43:19-43:22; |

| Table C: Exhibits to be Filed Under Seal ||
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits** |
| | Ex. 56, Coker Dep. 250:8-251:5, 253:23-25; Ex. 58, Strikeforce Fighters Contract List, ZFL-0551556; Ex. 62, Emails between Michael Mersch and Neal Tabachnick (Feb. 14, 2014), ZFL-12445923; Ex. 79, Declaration of Hunter Campbell ("Campbell Decl.") (July 30, 2018); Ex. 81, Letter from Zuffa to Josh Koscheck (June 15, 2015), ZFL-0489704; Ex. 82, Letter from Zuffa to Josh Thomson (Aug. 11, 2015), ZFL-0500960; Ex 84, Email from David Kramer to Michael Mersch re: Roger Huerta (Mar. 10, 2010), ZFL-2252819; Ex. 101, Strikeforce Event P&L, ZFL-1472338 Ex. 107, Venues Dep. 22:1-25:25; 30:1-33:25; Ex. 111, Sponsors Dep II 343:5-343:23; Ex. 112, Sponsors Dep. I 18:18-19:25, 20:24-25:25, 70:6-71:21, 72:4-73:19, 74:15-74:20, 75:9-77:25, 102:1-109:2, 109:12-109:25, 118:1-120:1 |

D. <u>Exhibits Designated Confidential by a Third Party Likely to Cause Competitive Harm and Exhibits Containing Third Party Trade Secrets or Private Third Party Information</u>

Zuffa seeks to file under seal certain exhibits designated as confidential by a Third Party that contain highly sensitive and confidential information and that would be likely to cause significant competitive harm if released publicly, exhibits containing third party trade secrets likely to cause competitive harm, as well as corresponding portions of the Motion for Summary Judgment describing or containing such information. These exhibits include third party contracts and testimony that includes information about third party contracts, communications, or financial terms or was designated by Plaintiffs as confidential. Zuffa also seeks to seal exhibits containing redactions of the private information of individuals, such as social security numbers. Compelling reasons exist to seal the information, especially third-party contract and financial documents, certain other exhibits that contain Zuffa or third parties' trade secret or commercially sensitive information, and

7
ZUFFA, LLC'S MOT. TO SEAL ZUFFA, LLC's MOT. FOR SUMMARY JUDGMENT

redactions for individual privacy. Disclosure of this information is likely to cause competitive harm or harm from invasion of privacy to third parties to this suit.  Grigsby Decl. ¶10.

Table D details the exhibits designated as confidential by a Third Party that contain highly sensitive and confidential information that would be likely to cause significant competitive harm if released publicly, exhibits containing third party trade secrets likely to cause competitive harm, and exhibits containing private third party information.

| Table D: Exhibits to be Filed Under Seal ||
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits** |
| Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm | Ex. 1, Fertitta Dep, 249:12-253:3; Ex. 3, Presentation titled "Marketing in Mixed Martial Arts" (Mar. 2013), ZFL-12449194; Ex. 8, Epstein Dep. 105:18-105:21, 106:22-106:25; Ex. 14, Mersch Dep. 490:1-491:2; Ex. 15, Batchvarova Dep. 198:1-3; Ex. 18, Le Dep. 19:9-25:25, 98:1-98:21, 101:22-102:10, 102:20-104:16, 105:11-105:25, 118:8-108:13, 194:1-194:21; Ex. 22, Vera Dep: 241:19-241:22; 243:2; Ex. 54, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Plaintiff Jon Fitch (Jan. 7, 2017), ZFL-0414108 (SSN redacted); Ex. 55, Promotional and Ancillary Rights Agreement between Zuffa and Josh Shockley (May 27, 2014), ZFL-0504184 (SSN redacted); Ex. 59, Email attaching Exclusive Commercial Rights Agreement between Brandon Vera and One Championship (July 22, 2014), LEPLAINTIFFS-0042859; Ex. 60, Email attaching Exclusive Promotional Fight Extension Agreement between Jon Fitch and WSOF (Feb. 7, 2014), Z.E._002617; Ex. 61, Bellator Promotional Agreement, SBPCL00002311; Ex. 65, Quarry Dep. 243:11-14, 244:6-10; Ex. 66, Email from Michele Fitch to Heidi Seibert (May 14, 2012), Z.E. 001891; |

| Table D: Exhibits to be Filed Under Seal ||
|---|---|
| Type of Material Zuffa Seeks to Seal | Exhibits |
|  | Ex. 88, Declaration of Matt Hume ("Hume Decl.") (May 4, 2017), ONECHAMPIONSHIP000006; Ex. 90, Exclusive Promotional Fight Agreement between Plaintiff Fitch and MMAWC (WSOF) (Mar. 8, 2013), Z.E._002623; Ex. 95, Declaration of Abraham Genauer ("Genauer Decl.") (Oct. 26, 2017); Ex. 103, Text Messages Between Sean Shelby and UFC Athlete (June 21, 2015), excerpts of ZFL-2699696; Ex. 106, 2013-2014 UFC Fight Card Changes, ZFL-0921215 |

E. Expert Reports

For the reasons below and as described in Zuffa's previous sealing motions related to the expert reports (ECF Nos. 525 and 552), compelling reasons exist to seal portions of the expert reports and expert testimony attached as exhibits to this Motion as well as the portions of the Motion for Summary Judgment that refer to or contain direct quotations from sections of the expert reports and testimony sought to be sealed in this matter.

The expert reports and expert testimony at issue contain detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information as well as individual athlete contracts, and highly confidential and commercially sensitive information and analysis regarding Zuffa's business model. The public release of that highly sensitive and confidential business information and analysis would result in competitive harm to Zuffa by providing its competitors with access to crucial elements of Zuffa's proprietary business practices. Grigsby Decl. ¶¶ 6-9.

As indicated in the chart below, the Court previously granted Zuffa's sealing motions related to most of these expert reports, motions Zuffa argued pursuant to the compelling reasons and good cause standards. ECF No. 533 (Minute Order Granting Motions to Seal). For the

reasons detailed above and in sections A to D of this motion and the motions previously filed with the Court at ECF Nos, 525 and 552, compelling reasons exist to continue to seal these exhibits as well as to seal Ex. 50, Sur-Rebuttal Expert Report of Prof. Robert H. Topel and the corresponding portions of the Motion for Summary Judgment.

| Table E: Exhibits to Be Filed Under Seal | | | |
|---|---|---|---|
| Exhibit | Description | Zuffa's Motion to Seal Previously Filed | Zuffa's Motion to Seal Previously Granted |
| 4 | Expert Report of Professor Robert H. Topel ("Topel I") | ECF 525 | ECF 533 |
| 12 | Excerpts from the Second Deposition of Dr. Hal J. Singer ("Singer Dep. II") | ECF 525 | ECF 533 |
| 16 | Excerpts of First Deposition of Dr. Hal J. Singer ("Singer Dep. I") | ECF 525 | ECF 533 |
| 49 | Rebuttal Expert Report of Dr. Hal J. Singer ("Singer II") | ECF 525 | ECF 533 |
| 50 | Sur-Rebuttal Expert Report of Prof. Robert H. Topel ("Topel II") | ECF 552 | Pending with the Court |
| 70 | Expert Report of Dr. Hal J. Singer ("Singer I") | ECF 525 | ECF 533 |
| 80 | Expert Report of Roger D. Blair ("Blair Rep.") | ECF 525 | ECF 533 |

## CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court find that compelling reasons exist to seal the exhibits described herein and the portions of the Motion for Summary Judgment reflecting the contents of such exhibits.

//
//
//
//
//

//

//

Dated: July 30, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ *Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Zuffa's Motion for Summary Judgment was served on July 30, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Roderick Crawford*
Roderick Crawford, an Employee of
Boies Schiller Flexner LLP

ZUFFA, LLC'S MOT. TO SEAL ZUFFA, LLC's MOT. FOR SUMMARY JUDGMENT