Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)** |

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      INTRODUCTION ...................................................................................................... 1

II.     LEGAL STANDARD ............................................................................................... 2

III.    ARGUMENT .......................................................................................................... 4

      A.    The Documents and Information Zuffa Seeks to Seal Do Not Contain Trade
           Secrets ........................................................................................................... 4

           1.    The Documents Do Not Contain Commercially Sensitive Information .... 5

           2.    The Documents Contain Information That Is Public Knowledge ............ 8

           3.    Many of the Documents Are Too Old to Contain Trade Secrets ............ 10

      B.    Zuffa Has Failed to Carry its Burden of Showing How It Will Be Harmed by
           Disclosure .................................................................................................... 10

      C.    Zuffa Should Not be Allowed to Block the Public and the Press from Learning
           About this Case ............................................................................................ 13

      D.    This Court's Prior Orders to Seal Do Not Prevent An Order Unsealing
           Documents .................................................................................................. 14

IV.    CONCLUSION ...................................................................................................... 15

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) .................................. 5

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5, 2016) ...................................... 3, 5

*City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir. 2001) ................................... 14

*Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017) ..................................... 3, 11

*Elec. Arts, Inc. v. United States Dist. Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568 (9th Cir. 2008) ............................................... 4

*eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012) .................................. 11, 12

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ................................. 7

*Fox Sports Net N. v. Minn. Twins P'ship*, 319 F.3d 329 (8th Cir. 2003) ................................... 10

*GoDaddy.com LLC v. RPost Communs. Ltd.*, No. CV-14-00126-PHX-JAT, 2016 U.S. Dist. LEXIS 38637 (D. Ariz. Mar. 24, 2016) .................................. 11

*Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674 (N.D. Cal. Nov. 18, 2013) ............................................... 3, 11

*Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700 (N.D. Cal. Aug. 22, 2017) ............................................... 4

*Hunt v. Zuffa, LLC, et al.*, No. 2:17-cv-00085-JAD-CWH, Slip Op., ECF No. 133 (D. Nev. July 23, 2018) ............................................... 14

*In re Dental Supplies Antitrust Litigation*, No. 2:15-cv-05440-BMC-GRB, Order Denying Motion to Seal Courtroom (E.D.N.Y. Aug. 10, 2018) ..................................... 14

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375 (N.D. Cal. June 17, 2013) ..................................... 10

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2014 U.S. Dist. LEXIS 22233 (N.D. Cal. Feb. 20, 2014) .................................. 11

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ......................... 2, 3, 6, 12

*Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS 4022 (N.D. Cal. Jan. 13, 2014) ............................................................................................................... 3

*Peralta v. Dillard*, 520 F. App'x 494 (9th Cir. 2013) ............................................................ 14

*PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748 (N.D. Ill. Dec. 9, 2017) ...................................................................................... 10

*Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2017 U.S. Dist. LEXIS 66194 (N.D. Cal. May 1, 2017) ........................................................................................................ 10

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) ............................................ 12

*Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016) ..................... 1, 3, 4, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs file this brief in opposition to Zuffa LLC's Motion to Seal Zuffa LLC's Motion for Summary Judgment and Related Materials (ECF No. 577) ("Motion to Seal" or "MTS"). Zuffa has once again failed to meet its burden of providing compelling reasons supported by specific factual findings to justify sealing the documents and information at issue in this important antitrust case.[1] The documents and testimony Zuffa asks this Court to keep from the members of the proposed class of UFC Fighters and the public at large do not contain trade secrets, and Zuffa would suffer no legally cognizable harm if they were disclosed. Many of the documents are too old to be of any competitive significance. Moreover, Zuffa has failed to make a particularized showing based on specific factual findings for each document it seeks to seal, relying instead on generalized descriptions applied to aggregations of semi-related documents. These generalized descriptions do not satisfy the compelling reasons standard.

Many of the materials Zuffa seeks to seal contain evidence that supports Plaintiffs' case or casts Zuffa in a negative light. As it has done before, Zuffa seeks to use this Motion to Seal to allow the publication of evidence that it believes casts Zuffa in a positive light, while attempting to conceal evidence that supports Plaintiffs' claims or which is simply embarrassing to Zuffa. This it should not be allowed to do.

The evidence and reasoning at issue in Zuffa's Motion to Seal are of great importance to the named plaintiffs, the Class members, the public, and the press. Class members, in particular, need access to this evidence to assess the relative merits of the claims and defenses presented, and to make important decisions about how to proceed in the litigation. Indeed, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted) ("*Shane*").

This Court's prior interlocutory orders sealing certain documents—preliminary orders entered

---

[1] Plaintiffs addressed many of these issues in their Opposition to Zuffa LLC's Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 558, which Plaintiffs hereby incorporate by reference as if it were fully set forth herein.

1

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

at an earlier stage of the litigation—do not affect the Court's ruling on this Motion to Seal. Plaintiffs did not oppose the motions to seal at issue in those orders because the Revised Stipulation and Protective Order, signed by the Court on February 10, 2016 (the "Protective Order") states that any Party may challenge a confidentiality designation "at any time," and "a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed." [2] ECF No. 217, ¶ 6.1. Plaintiffs have presented new arguments and evidence, based on a more fully developed record, that are not affected by those prior orders.

Zuffa is once again attempting to use a Motion to Seal to gain a strategic advantage in the court of public opinion. By attempting to seal arguments and evidence that favor Plaintiffs, while releasing evidence that it believes support its defenses, Zuffa is attempting once again to use a motion to seal to deprive the Class and the public of the whole truth. The documents and information Zuffa is attempting to seal do not contain trade secrets, and Zuffa has not made the particularized showing for each document that it must to satisfy the compelling reasons standard. Moreover, the policy considerations favoring public access to judicial records are especially compelling where, as here, a class action raises significant allegations of wrongdoing that affect a large class of plaintiffs. The important right of access for the named Plaintiffs, the Class members, the public, and the press outweighs any interest Zuffa has in preventing disclosure of the documents and information at issue. Accordingly, this Court should deny Zuffa's Motion to Seal.

## II. LEGAL STANDARD

Zuffa fails to satisfy the high burden required to keep the materials in its Motion for Summary Judgment ("MSJ") under seal. A party seeking to seal a judicial record bears the burden of overcoming "a strong presumption in favor of access" by meeting the "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for

---

[2] Though the Protective Order does not require a Party to reserve its right to challenge, out of an abundance of caution Plaintiffs have expressly reserved their rights to challenge Zuffa's confidentiality designations in filings lodged with this Court. *See* ECF Nos. 530, 531, and 553. Plaintiffs continue to reserve all rights, and this motion should not be interpreted to mean Plaintiffs have waived their right to challenge any past confidentiality designations by Zuffa or any third party. Plaintiffs intend to challenge Zuffa's past designations at an appropriate time, with guidance from this Court's rulings.

summary judgment and related attachments." *Id*. at 1178. The party seeking to prevent access to judicial records must "'articulate compelling reasons supported by specific factual findings,' providing 'articulable facts' that identify the interests favoring secrecy and showing how those interests outweigh the presumption of public access to judicial records." *Hodges v. Apple Inc*., No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674, at *2-3 (N.D. Cal. Nov. 18, 2013) ("*Hodges*") (quoting *Kamakana*, 447 F.3d at 1178, 1181). Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179. (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted). "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges*, 2013 U.S. Dist. LEXIS 164674, at *4-5 (italics added) (citation omitted). "The Ninth Circuit has rejected efforts to seal documents under the 'compelling reasons' standard based on 'conclusory statements [that] the contents of the documents . . . are confidential and that, in general,' their disclosure would be harmful to the movant." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc*., No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) (quoting *Kamakana*, 447 F.3d at 1182) ("*Bartech*"). "A litigant is required to make a particularized showing for each document it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6 n.1 (D. Nev. June 21, 2017) ("*Collectors Coffee*").

Moreover, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane*, 825 F.3d at 305 (citation omitted). *Accord, Marsh v. First Bank of Del*., No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS 4022, at *4 (N.D. Cal. Jan. 13, 2014) ("*Marsh*") ("In a class action, the public right of access to court documents is especially heightened."). This is especially so in antitrust cases, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring

incompetence, and concealing corruption." *Shane*, 825 F.3d at 305 (citation omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (citation omitted). Sealing information in a class action is inappropriate when doing so would "interfere with the right of class members to make an informed decision about whether to object or opt out." *Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700, at *3 n.1 (N.D. Cal. Aug. 22, 2017).

For the reasons discussed below, Zuffa fails to satisfy the compelling reasons standard.

## III.    ARGUMENT

Zuffa has grouped its sealing requests into five categories: contracts ("Table A"), financial information ("Table B"), business communication and strategy ("Table C"), third party information ("Table D"), and expert reports and testimony ("Table E"). Each category begins with a brief description of the general type of information the set of documents purportedly contains, followed by a vague description of how disclosure of the purportedly confidential information will allegedly harm Zuffa. For example, with respect to business communication and strategy, Zuffa states: "public disclosure of this information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned competitive advantages." MTS, pp. 5-6. As explained in detail below, these generic descriptions of harm based on aggregations of only semi-related documents fail to satisfy the compelling reasons standard for a number of reasons.

### A.    The Documents and Information Zuffa Seeks to Seal Do Not Contain Trade Secrets

The Court should deny Zuffa's Motion to Seal because the documents Zuffa's asks the Court to seal do not contain information that could be considered a trade secret. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Elec. Arts, Inc. v. United States Dist. Court (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008). Parties "have an interest in keeping their detailed product-specific financial information secret . . . [when] they

4

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

could suffer competitive harm if this information is made public." *Apple Inc. v. Samsung Elecs. Co.*, 727

F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law). Courts will grant a party's motion to seal

where public disclosure would "cause it competitive disadvantage by permitting its competitors to

exploit its trade secrets." *Bartech,* 2016 U.S. Dist. LEXIS 59852, at *5.

### 1.     The Documents Do Not Contain Commercially Sensitive Information

None of the documents Zuffa asks the Court to seal contains trade secret information.[3] For

example, Zuffa asks the Court to seal Exhibit 14 to the Motion for Summary Judgment,[4] which contains

testimony from former Zuffa vice president and assistant general counsel Michael Mersch about a

*hypothetical* contract with a ████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████ *Id.* at 328:4-7. A hypothetical

contract that ███████████████ at Zuffa, by definition, cannot contain confidential information.

In another example, Zuffa asks the Court to seal portions of the deposition transcript of Zuffa's

former CEO and co-owner Lorenzo Fertitta on the basis that the redacted portions contain highly

confidential and commercially sensitive financial information. MTS at 5, referring to MSJ Exhibit 1. But

none of the redacted portions contains any financial information whatsoever. For example, Zuffa asks

the Court to seal Mr. Fertitta's testimony regarding ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ MSJ Exh. 1, 291:4-292:14.

This testimony strongly supports Plaintiffs' central claim: that Zuffa used its dominant market

power to impair the ability of other promoters to compete with Zuffa by denying them access to

---

[3] Zuffa asks the Court to seal several documents containing third-party information. MTS, pp. 7-9.
Plaintiffs do not oppose sealing these documents. In addition, Paragraphs 5-9 of Exhibit 79 contain 2018
compensation information for former UFC fighter Lyoto Machida, who now fights for Bellator. Plaintiffs
do not oppose the redactions in those five paragraphs, on the basis that they contain third-party
information. The remainder of Exhibit 29 should not be sealed because it does not contain any trade
secret information.

[4] To save space, Plaintiffs will use the shorthand designation "MSJ Exh." to refer to exhibits to the
Motion for Summary Judgment.

necessary inputs for a successful MMA promotion, namely top-ranked MMA fighters. Zuffa's true motivation in asking the Court to seal this testimony is to prevent the named Plaintiffs, the Class members, the public, and the press from seeing evidence that supports Plaintiffs' claims in this litigation, and that casts Zuffa in a negative light. This is not a legitimate basis for sealing documents: "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted).  Zuffa is attempting to seal this document to gain an unfair advantage in the court of public opinion.

Zuffa also attempts to seal Mr. Fertitta's testimony regarding Zuffa's wage share (the ratio of Zuffa's fighter compensation to its revenues) for the last five years. *Id.* at 196:24-197:3. But wage share does not reveal any confidential financial information because it references the relative size of Zuffa's fighter compensation as compared to its event revenues. It is odd for Zuffa to oppose releasing information about wage share, given that its position in this litigation is that wage share is not a meaningful economic concept.[5]

Zuffa also asks the Court to seal large sections of the Expert Report of [Plaintiffs' expert] Hal J. Singer, Ph.D. (the "Singer Report," MSJ Exh. 70, ECF No. 575-19), on the basis that it contains "detailed analysis of Zuffa revenue and contractual information, including individual athlete-level and event-level information as well as individual athlete contracts, and highly confidential and commercially sensitive information and analysis regarding Zuffa's business model." Motion to Seal, p. 9. Yet none of the proposed redactions contains any athlete-level, event-level, or commercially sensitive information. Rather, the redactions overwhelmingly conceal aggregated information about Zuffa's market dominance, its use of that dominance to maintain market power, and the effects of that dominance on fighter pay—precisely the issues in dispute in this matter, about which the public and the press seek and deserve full information.

For example, Zuffa asks the Court to seal the statement, "████████████████████ ██████████████████████████████████████████████████████." MSJ Exh. 70, ¶

---

[5] *See* Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification and Related Materials. ECF No. 558 at pp. 7-9.

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

20. This is hardly commercially sensitive information; it does not refer to Zuffa, its fighters, its revenues, or its contracts at all. This statement supports one of the allegations in Plaintiffs' Complaint, which is a public judicial record: "The successful promotion of a live Elite Professional MMA event requires Elite Professional MMA Fighters-i.e., those Fighters who have reputations for winning professional bouts or who have gained notoriety with the MMA fan base and thus who can attract a wide audience." Consolidated Amended Antitrust Class Action Complaint (the "Complaint"), ECF No. 208, ¶ 58. In Dr. Singer's Report, the statement is supported by quotations drawn from documents and deposition testimony produced in this litigation, all of which Zuffa also improperly seeks to seal. MSJ Exh. 70, ¶ 20 n.28. Yet none of these statements reveals any of Zuffa's commercially sensitive information.

This is precisely the sort of information the named Plaintiffs, the Class members, the public, and the press need access to in order to evaluate the relative merits of the two sides' positions in this litigation. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("the public policy reasons behind a presumption of access to judicial documents [include] judicial accountability, education about the judicial process etc." (citation omitted)).

Redacted sections from Plaintiffs' experts' deposition testimony are similarly lacking in commercially sensitive information. For example, Zuffa asks the Court to seal the following statements from the deposition of Dr. Singer: █████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████ MSJ Exh. 16, 529:8-14. Here again, Zuffa seeks to seal evidentiary support for another of Plaintiffs' allegations.[6] This contains no commercially sensitive information, and in fact, mirrors admissions by Zuffa executives about its market dominance that have long been in the public record. *See* Complaint, ¶ 135. Similarly, Zuffa asks the Court to seal Dr. Singer's testimony regarding wage share, which is not a trade secret, but which is central to proving Plaintiffs' allegations and therefore of paramount importance to the stakeholders. MSJ Exh. 16, 193:1-24, 267:3-272:7, 294:1-

---

[6] *See* Complaint, ¶ 145 (quoting Dana White: "As bad as people don't want to believe it, they don't want to hear it, meaning the other owners of the other mixed martial arts organizations-that's what they all are, they're all the Triple-A [i.e., the minor leagues] to the UFC.").

295:4.

Zuffa also seeks to seal testimony about Dr. Singer's damages estimate, but this is not a trade secret either. The damages estimates represent the difference between Zuffa's actual fighter compensation and fighter compensation Zuffa would have had to pay in a competitive, "but-for" world, absent Zuffa's anticompetitive conduct. It is based on Dr. Singer's sophisticated econometric model. The damages estimates do not reveal Zuffa's actual aggregated fighter compensation—rather, they reveal compensation in a world that does not exist—one in which Zuffa did not engage in an anticompetitive scheme. On the other hand, the damages estimates *are* crucial information for the named Plaintiffs, the Class members, the public, and the press to be able to assess the extent of the alleged anticompetitive scheme and the relative merits of the claims and defenses raised in this important litigation. One again, Zuffa's attempt to seal this information has nothing to do with trade secrets and everything to do with denying the named plaintiffs, the Class members, the public, and the press access to crucial information in this litigation that portrays Zuffa in a negative light.

Zuffa even goes so far as to ask the Court to seal portions of its own experts' reports that refer to the Plaintiffs' expert reports. Zuffa asks the Court to seal large sections in the Expert Report of [Zuffa's expert] Professor Robert H. Topel. MSJ Exh. 4, ¶¶ 15-19. This passage contains only a very general description of the econometric model Dr. Singer used to determine whether Zuffa had suppressed fighter compensation and to calculate damages, as well as Dr. Singer's findings regarding Zuffa's alleged procompetitive justifications. The passage does refer to Dr. Singer's damages estimates, but these are public knowledge, and so cannot be trade secrets.[7] In any event, the passage does not contain trade secrets because it refers to a hypothetical but-for world.

### 2.   The Documents Contain Information That Is Public Knowledge

Many of the documents Zuffa asks the Court to seal contain information that is public knowledge, which by definition is not a trade secret. For example, Zuffa asks the Court to seal a reference to ███████████████████████████████████████████████. This

---

[7] *See* John S. Nash, *UFC Lawsuit: Expert for Plaintiffs sets damages at up to $1.6 billion*, Bloody Elbow.com, Feb. 19, 2018, available at https://www.bloodyelbow.com/2018/2/19/17023756/expert-plaintiffs-sets-damages-ufc-class-action-suit-up-to-1-6-billion.

information is part of the public record. *See Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016

U.S. Dist. LEXIS 69813, at *23 (D. Nev. May 26, 2016) ████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

███████████████████████). Zuffa also asks the Court to seal public statements, as

reported in the press, by Zuffa's former owner and CEO Lorenzo Fertitta, about Zuffa's revenues in

2015. MSJ Exh. 70, ¶ 24 and n.43.

Zuffa also asks the Court to seal all references to the terms in its standard fighter contracts.

MTS, p. 2-4. But these terms have been public knowledge for more than a decade.[8] Zuffa also asks the

court to seal testimony in Exhibit 48 where Zuffa claims ████████████████████████████████

██████████████████████████████ *Id*. at 96:13-97:16. But, in addition to Zuffa's contract terms

being public knowledge,  Zuffa has made this exact claim elsewhere in its filings and *not redacted* it. *See*

MSJ at ¶ 14 ("Multi-bout exclusive contracts enable Zuffa to have enough athletes available to compete

in the numerous UFC events Zuffa promotes each year"). Zuffa also asks the Court to seal Dr. Singer's

damages estimates, but, as noted above, those are also public knowledge.[9] Because other MMA

promoters already have access to any information that is publicly available, Zuffa's Motion to Seal fails

with regard to all documents and information that are already public knowledge.

---

[8] *See* Rayhill Decl., Exh. 2, Adam Swift, *Inside the Standard Zuffa Contract*, Sherdog.com, Oct. 31, 2007, available at http://www.sherdog.com/news/articles/Inside-the-Standard-Zuffa-Contract-9734 (listing standard Zuffa contract clauses, including the Retirement Clause, the Champion's Clause, tolling provisions, the right to match period, and the exclusive negotiating period, among other contract provisions). *See also*, Rayhill Decl., Exh. 3. Jonathan Snowden, *The Business of Fighting: A Look Inside the UFC's Top-Secret Fighter Contract*, May 14, 2013, Bleacher Report, available at https://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-top-secret-fighter-contract#slide8; Rayhill Decl., Exh. 4, Shaun El-Shatti, *Bellator agrees to terms with Gilbert Melendez, UFC holds right to match*, MMAFighting.com, available at https://www.mmafighting.com/2014/2/14/5412944/bellator-agrees-to-terms-with-gilbert-melendez-ufc-holds-right-to; Rayhill Decl., Exh. 5, EMagraken, *Are UFC Contracts, Like a Diamond, Forever?*, Combat Sports Law, available at https://combatsportslaw.com/2015/09/28/are-ufc-contracts-like-a-diamond-forever/. Fan postings to MMA online forums show that MMA fans are well aware of Zuffa's standard contract terms and can recite them. *See e.g.* Rayhill Decl., Exh. 6, *Serious question. When signing to challenge for the belt*..., Sherdog Forum, available at http://forums.sherdog.com/threads/serious-question-when-signing-to-challenge-for-the-belt.3786659/. *See also* Plaintiffs' Opposition to Zuffa LLC's Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 558, p.13 n.18.

[9] *See* § III.A.1 and n.7, *supra*.

### 3.   Many of the Documents Are Too Old to Contain Trade Secrets

Zuffa asks the Court to seal many documents that contain information that is too old to qualify as a trade secret.[10] For example, Zuffa asks the Court to seal several of its fighters' Promotional and Ancillary Rights Agreements (PARs) that were executed between 2001 and 2014, and one Bout Agreement executed in 2015.[11] MTS, pp. 3-4, referring to MSJ Exhs. 47, 53, 54, 55, and 104 (the Bout Agreement). Zuffa also seeks to seal communications between Zuffa and fighter managers discussing contract negotiations carried out in 2008 and 2014. *Id.*, MSJ Exhs. 62, 63. In addition to referring to contract terms that are public knowledge, these documents do not contain trade secrets because the information they contain is too old to hold any competitive value.

There are many more examples of documents Zuffa would withhold from public disclosure that do not contain trade secrets. *See* Exhibit 1 to the Declaration of Kevin E. Rayhill, entitled "Zuffa's Requests to Seal and Plaintiffs' Arguments Against." None of the documents Zuffa asks the Court to seal contain trade secrets. The documents either lack information that could plausibly be characterized as commercially sensitive information, or contain information that is already public knowledge, or that is too old to hold any competitive value. For these reasons, the documents Zuffa asks the Court to seal do not contain trade secrets, and the motion to seal should be denied.

### B.   Zuffa Has Failed to Carry its Burden of Showing How It Will Be Harmed by Disclosure

Zuffa has not made a particularized showing that any of the materials it seeks to withhold from

---

[10] *See Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2017 U.S. Dist. LEXIS 66194, at *17 (N.D. Cal. May 1, 2017) (holding that seven-year-old information was "stale" and therefore no longer reveals a trade secret or otherwise confidential information); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *12 (N.D. Cal. June 17, 2013) (denying motion to seal where document was eight years old, and the defendant "fail[ed] to articulate what specific harm an outdated document will have on its current or future operations"); *Fox Sports Net N. v. Minn. Twins P'ship*, 319 F.3d 329, 336 (8th Cir. 2003) ("obsolete information cannot form the basis for a trade secret claim because the information has no economic value"); *PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748, at *47 (N.D. Ill. Dec. 9, 2017) (holding that two-year-old vendor pricing information was not a trade secret because pricing had changed in the interim: "Information that is too old to hold any value loses any protection it would otherwise be entitled to as a trade secret").

[11] Every UFC fighter must sign a PAR that commits a fighter to fighting exclusively for Zuffa for a set term and number of fights. In addition to the PAR, UFC fighters must sign a Bout Agreement for each individual bout, which relates specifically to just one fight. Because Bout Agreements relate to only one fight, their competitive significance is even more constrained in terms of time, expiring as soon as the bout is consummated.

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

public disclosure contain trade secrets, and thus fails to meet its burden. The party seeking to prevent access to judicial records must "'articulate compelling reasons supported by specific factual findings,' providing 'articulable facts' that identify the interests favoring secrecy and showing how those interests outweigh the presumption of public access to judicial records." *Hodges*, 2013 U.S. Dist. LEXIS 164674, at *2-3 (quoting Kamakana, 447 F.3d at 1178). "[B]ecause confidentiality alone does not transform business information into a trade secret, a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *GoDaddy.com LLC v. RPost Communs. Ltd.*, No. CV-14-00126-PHX-JAT, 2016 U.S. Dist. LEXIS 38637, at *5 (D. Ariz. Mar. 24, 2016) (citation omitted). "In other words, 'simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1184). ("A litigant is required to make a *particularized showing for each document* it seeks to file under seal . . . ." *Collectors Coffee,* 2017 U.S. Dist. LEXIS 96273, at *6 n.1) (emphasis added). Here, Zuffa has not made a particularized showing for any of its requests to seal.

Courts in the Ninth Circuit routinely deny motions to seal expert reports that do not reveal trade secrets. For example, in *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2014 U.S. Dist. LEXIS 22233, at *20 (N.D. Cal. Feb. 20, 2014) ("*NCAA*"), the court denied a motion to seal an expert report because the report contained only "non-specific descriptions of [defendants'] business practices, references to non-sealable portions of opposing experts' analyses, and vague estimates of some schools' football- and basketball-related revenue from certain years." The court held that "[n]either Defendants nor the third parties have adequately explained how they would be harmed by the disclosure of this information."

Indeed, even in cases where—unlike here—expert reports *do* contain commercially sensitive information, courts in the Ninth Circuit have still denied motions to seal where the moving party has failed to show how the information conferred a competitive advantage or where the public's need to know outweighed the defendant's right to protect trade secret information. For example, in *eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012), the court denied a motion to seal an expert report in its entirety, even though the report contained

"profit and loss information [that] is sensitive and may constitute trade secrets." *Id*. at *8. The court held that the moving party did not "adequately explain how this information provides it with a competitive advantage." *Id*. In addition, the court held that "the expert report is central to the cause of action because it purports to calculate the damages incurred by [the plaintiff] as a result of the defendants' allegedly unlawful acts [so] the need for public access is at its peak." *Id*. Similarly, the court in *Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014), denied a motion to seal expert testimony despite finding that the testimony "reveals actual financial data such as revenue and overhead" and contains "sensitive business information that could be damaging if revealed." *Id*. at *13. The court held that because the expert testimony was "crucial to the public's understanding" of the defendant's argument, there were no compelling reasons to seal the expert testimony. *Id*.

Here, Zuffa has not even attempted to make a particularized showing with respect to each document it asks the Court to seal. Instead, Zuffa simply gives the Court a highly generic description of the general subject matter of the materials it asks the Court to seal (contracts, financial information, expert reports), then trolls out a line of documents to which it says this description applies. This is not a particularized showing for any document, and fails to satisfy Zuffa's burden.

By failing to specify what information is revealed in each document and how it could confer a competitive advantage, Zuffa impermissibly attempts to shift the burden to Plaintiffs—and the Court—to identify what information (if any) would be revealed and how it could cause competitive harm to Zuffa. The burden is on Zuffa to show that each document contains trade secret information. *See Kamakana*, 447 F.3d at 1179. Because Zuffa fails to describe how it will be harmed by disclosure of each document, Plaintiffs—and the Court—have no way to determine whether Zuffa's sealing requests are valid based on Zuffa's Motion to Seal. For this independently sufficient reason, Zuffa fails to meet the compelling reasons standard. Moreover, having failed to satisfy the compelling reasons standard in its Motion to Seal, Zuffa should not be permitted to try to carry its burden for the first time on reply. If Zuffa does attempt in its reply to provide the sort of particularized showing the compelling reasons standard requires, then Plaintiffs should be given an opportunity to respond.

### C. Zuffa Should Not be Allowed to Block the Public and the Press from Learning About this Case

The materials Zuffa asks the Court to seal do not contain trade secret information. Rather, they contain evidence and reasoning that support Plaintiffs' claims, or that casts Zuffa in a negative light. This is not a legally sufficient basis for sealing judicial records. Moreover, Zuffa's attempt to use its Motion to Seal to conceal Plaintiffs' evidence contravenes the public's important right to access judicial records. "[I]n class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane*, 825 F.3d 299, 305 (citation omitted). This is especially so in antitrust cases, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* (citation omitted).

Zuffa asks the Court to seal large tracts of Plaintiffs' evidence and, especially, expert materials and evidence and analyses upon which the experts rely. *See* § III.A., *supra*. As described in detail above, the portions of Plaintiffs' expert reports that Zuffa asks the Court to seal do not contain trade secrets, but they *do* contain important aspects of Plaintiffs' case, showing that Zuffa suppressed fighter compensation by foreclosing competition, among other things. Disclosure of this information is crucial to allow the named Plaintiffs, the Class members, the public, and the MMA press (which has followed this case closely and reported on developments, despite the limited availability of useful information[12]), in order for these stakeholders to be able to evaluate the evidence, assess the legal issues and the relative

---

[12] John S. Nash, a reporter covering this case for BloodyElbow.com, has written to this Court twice asking the Court to unseal the motions and exhibits filed in this case. *See* Rayhill Decl., Exhs. 7 & 8, ECF Nos. 558-9 and 558-11. In addition, Mr. Nash and Paul Gift, a reporter covering this case for BloodyElbow.com and Forbes.com, have complained in articles that much of the evidence in this case has been filed under seal. *See, e.g.*, Rayhill Decl. Exh. 9. Paul Gift, *UFC's Dana White: 'Insane' If You Don't Worry About Competition*, Forbes.com, Feb. 28, 2018 ("There's still much about this case that's unknown. Significant portions of expert reports were redacted and some deposition transcripts were either excluded in their entirety or had only small parts that were public and unredacted."), available at https://www.forbes.com/sites/paulgift/2018/02/28/ufcs-dana-white-insane-if-you-dont-worry-about-competition/#7c8d97876ab5; Rayhill Decl. Exh. 10, John S. Nash, *UFC Lawsuit: Expert for Plaintiffs sets damages at up to $1.6 billion*, Bloody Elbow.com, Feb. 19, 2018, available at https://www.bloodyelbow.com/2018/2/19/17023756/expert-plaintiffs-sets-damages-ufc-class-action-suit-up-to-1-6-billion ("So how did they come up with these estimates? It's hard to know exactly, since most of the reports look like this," followed by an image of a paragraph from the Class Certification brief that had been redacted in its entirety).

13

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

merits of the evidence supporting two sides' legal positions, and subject Zuffa's activities to scrutiny.

**D.     This Court's Prior Orders to Seal Do Not Prevent An Order Unsealing Documents**

Zuffa points out that this Court has granted two of Zuffa's prior motions to seal, both of which pertained to Zuffa's Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitations Grounds (ECF No 347) (the "MPSJ"). MTS, pp. 2 & 4, citing ECF Nos. 495 and 504). In the MPSJ, Zuffa argued that Mr. Quarry should be excluded from the class on statute of limitation grounds, because he did not fight for Zuffa during the Class period. Thus, the MPSJ relied on different evidence supporting different arguments. None of the evidence Zuffa asked the Court to seal in relation to the MPSJ is at issue here.

Here, Plaintiffs show, based on a more fully developed record, that Zuffa has failed to satisfy its burden regarding sealing. The record now includes a sister court's decision denying a motion to seal Zuffa's agreements with a fighter in *Hunt v. Zuffa, LLC, et al.*, No. 2:17-cv-00085-JAD-CWH, Slip Op., ECF No. 133 (D. Nev. July 23, 2018). In that opinion, the Court held that Zuffa had failed to provide compelling reasons for sealing a promotional agreement between Zuffa and UFC fighter Mark Hunt. Here, Zuffa asks the court to seal several Promotional and Ancillary Rights Agreements.

The new arguments and evidence Plaintiffs have provided to the Court were not presented to the Court in advance of the prior orders. A district court has "plenary power" over its interlocutory decisions, and "this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted). This is especially true where evidence presented at a later stage goes beyond what was presented in support of or opposition to the earlier motion. *See Peralta v. Dillard*, 520 F. App'x 494, 495 (9th Cir. 2013) (upholding district court's granting of motion for judgment as a matter of law after it had denied a motion for summary judgment, where the evidence presented at trial "went beyond" evidence presented at summary judgment); *In re Dental Supplies Antitrust Litigation*, No. 2:15-cv-05440-BMC-GRB, Order Denying Motion to Seal Courtroom, (E.D.N.Y. Aug. 10, 2018) (denying defendant's motion to seal courtroom for *Daubert* hearing). Moreover, as noted above, under the Protective Order issued by this Court on February 10, 2016, a Party's right to challenge the sealing of documents is preserved even if the Party does not expressly reserve that right. ECF No. 217.

14

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

For these reasons, the Court's prior orders sealing some documents do not affect the Court's ability to deny Zuffa's Motion to Seal here.

## IV.  CONCLUSION

For the reasons stated above, this Court should deny Zuffa's Motion to Seal, with the exception of testimony or documents from third parties which Plaintiffs do not challenge.

Dated:  August 13, 2018

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:  _____/s/Kevin E. Rayhill_____
                        Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

BERGER & MONTAGUE, P.C.
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for*
*Individual and Representative Plaintiffs Cung Le, Nathan*
*Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,*
*and Kyle Kingsbury*

16

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and*
*Representative Plaintiffs Cung Le, Nathan Quarry, Jon*
*Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle*
*Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR**
**SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577)**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of August, 2018, true and correct copies of the following document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 577).**

By:

        */s/ Kevin E. Rayhill*