# EXHIBIT 1
## Zuffa's Requests to Seal and Plaintiffs' Arguments Against

| | CONTRACTS | |
|---|---|---|
| **Document** | **Description** | **Argument Against** |
| Ex. 14, Mersch Dep. 326: 1-328: 12; | Discussion of ███████. | This document contains no commercially sensitive information of competitive significance. Zuffa's standard contract provisions discussed here have been public knowledge since at least 2007. |
| Ex. 16, Singer Dep. I 162: 11-169:24, 258:1-261:11; | Discussion of Singer's selection of ███████. | Generic information - doesn't refer to any particular fighter or fighter contract; Zuffa hasn't shown harm; public policy favors disclosure; attempt to prevent public from learning our arguments. |
| Ex. 47, Promotional and Ancillary Rights Agreement between Zuffa and Khabib Nurmagomedov (Dec. 18, 2013), ZFL-0522826; | Zuffa fighter contract. | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to a contract from 2014. |
| Ex. 48, Contracts Dep. 94:1- 101:25, 150:1-157:25, 242:3-245:25, 278: 1-280: 10; | Testimony regarding the ███████. | This document contains no commercially sensitive information of competitive significance. Zuffa's standard contract provisions discussed here have been public knowledge since at least 2007. |
| Ex. 53, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Matt Hughes (Oct. 8, 2001), ZFL-0105053; | Zuffa fighter contract. | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to a contract from 2001. |
| Ex. 54, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Plaintiff Jon Fitch (Jan. 7, 2017), ZFL-0414108; | Zuffa fighter contract. | Too old to be of competitive value (2017 is a typo - the contract is from 2007); Fitch doesn't fight for Zuffa anymore. |
| Ex. 55, Promotional and Ancillary Rights Agreement between Zuffa and Josh Shockley (May 27, 2014), ZFL-0504184; | Zuffa fighter contract. | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to a contract from 2014. |
| Ex. 62, Emails between Michael Mersch and Neal Tabachnick (Feb. 14, 2014), ZFl-12445923; | Email exchange between manager and Zuffa attempting to negotiate contract terms. | Vast majority of email entries refer to what is NOT in contracts, cannot possibly implicate confidential information in contracts: ███████ But these do not contain commercially sensitive information, and Zuffa has failed to show what competitive harm could come from their disclosure. |
| Ex. 63, Emails between Michael Mersch and Jason Genet (Oct. 24, 2008), ZFL-2429202; | Email exchange between manager and Zuffa asking about sponsorship appearances. | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to an email from 2008. |
| Ex. 78, Aronson Dep. 81:8-25; | Discussion of ███████ in agreement between Titan FC and UFC. | Doesn't discuss terms of contract beyond stating it had a confidentiality provision that prevented Aronson from discussing it. No commercially sensitive information disclosed. |
| Ex. 79, Declaration of Hunter Campbell ("Campbell Decl.") (July 30, 2018); | Redacts descriptions of the ███████ n Zuffa's standard fighter contracts. These and other standard Zuffa contract terms are public knowledge, so are not trade secrets. Also redacts ███████. | The contract terms are already public knowledge (see Plaintiffs' Opp. to MTS Ps' Reply re Class Cert. (ECF No. 558) at p. 13 n.18. The ███████ are not public knowledge but they should be as a matter of public policy. |
| Ex. 81, Letter from Zuffa to Josh Koscheck (June 15, 2015), ZFL-0489704; | Letter informing former UFC fighter Josh Koscheck that ███████ Contains no contract terms or compensation details. | Document contains no confidential information. Right to match is public knowledge. |

Page 1

| Document | CONTRACTS Description | Argument Against |
|---|---|---|
| Ex. 82, Letter from Zuffa to Josh Thomson (Aug. 11, 2015), ZFL-0500960; | Letter informing former UFC fighter Josh Thomson that ▮▮▮. Contains no contract terms or compensation details. | Document contains no confidential information. ▮▮▮ is public knowledge. |
| Ex. 84, Email from David Kromer to Michael Mersch re: Roger Huerta (Mar. 10, 2010), ZFL-2252819; | Letter informing former UFC fighter Roger Huerta that ▮▮▮. Contains no contract terms or compensation details. | Document contains no confidential information. ▮▮▮ is public knowledge. |
| Ex. 104, Zuffa, LLC Bout Agreement (Aug. 27, 2015), ZFL-0387086; | Bout agreement for Angela Hill fight October 3, 2015. | Contract terms are public knowledge; fight occurred nearly three years ago. |
| Ex. 105, Excerpts of Plaintiffs' First Amended Answers to Defendant Zuffa, LLC's First Set of Interrogatories to Plaintiffs (Nov. 14, 2016); | Plaintiffs' response to Interrogatories 5 and 6 contain ▮▮▮ | The terms of Zuffa's standard fighter contracts are public knowledge, and Zuffa's public statements are by definition not confidential. Plaintiffs' interrogatory responses do not reference any commercially sensitive information. |
| Ex. 107, Venues Dep. 22:1-25:25; 30:1-33:25; | Testimony regarding ▮▮▮. | The testimony refers to two contracts from 2006 and 2009, which are too old to contain commercially sensitive information. As Zuffa's witness Peter Dropick testifies, ▮▮▮ is an unlikely candidate for a trade secret since it is obviously not secret and therefore likely already known to and employed by other MMA promoters. |
| Ex. 112, Sponsors Dep. I 18: 18-19:25, 20:24-25:25, 70:6-71:21, 72:4-73:19, 74:15-74:20, 75:9 -77:25, 102:1- 109:2, 109:12- 109:25, 118:1- 120:1 | Testimony describes ▮▮▮ (72-73); the identity of one sponsor in 201 (74); negotiating with fighters on behalf of sponsors (102-109); | This document contains no commercially sensitive information of competitive significance. Zuffa has not shown how it would be harmed by disclosure of this testimony. |

| Document | FINANCIAL INFORMATION Description | Argument Against |
|---|---|---|
| Ex. 1, Fertitta Dep. 32:8-33:10, 33:16-25; 196:20-197: 10, 197:24-199:6, 201:7-201:25, 286:20-288:9, 288: 19-292:14, 297:23-25; | Testimony regarding ▇ | None of this testimony contains any financial information. |
| Ex. 2, Presentation titled "UFC Company Overview," ZFL-2603089; | Company overview presentation. | Most of the document contains no financial information. The financial information that is contained in this presentation is all aggregated high level information that is too generic to pose a competitive threat if disclosed. Even if it were not too generic, the information is too old to hold any value, as it runs only through 2015. |
| Ex. 8, Epstein Dep. 107: 14-108:19, 199:24-200:7, 458:1-19, 459:2-461:13, 462:6-464:6; | Testimony relating to ▇ | Zuffa has not shown how the ▇ could confer a competitive advantage. 199-200 contains no financial information. |
| Ex. 15, Batchvarova Dep. 74: 13-77:25, 198: 13-199:24, 200:17-201:9, 201:16-205:22; | Testimony about building a defensive strategy 74-77; ▇ ). | The only financial information is aggregated fighter compensation from an unspecified year, which has no competitive value, and ▇ which has no competitive value and is public knowledge. |
| Ex. 16, Singer Dep I 73:13-76:22, 94:1-13, 100:21-102:2, 193:1-24, 267:3-272:7, 294:1-295:4; | Testimony about how Plaintiffs' expert ▇ (294-95). | None of this testimony contains any financial information. Plaintiffs' expert's calculations of how Zuffa's actions affected fighter compensation is not a a trade secret, and is essential to public understanding of the case. |
| Ex. 46, Presentation titled "Financial Presentation" (Mar. 26, 2014), ZFL-0994011; | Financial Presentation | Too old - data only runs through part of 2013; contains embarrassing info: ▇ strategies and revenue sources have evolved since then; much info generic, not trade secret (5,6,10); |
| Ex. 101, Strikeforce Event P&L, ZFL-1472338 | Strikeforce Event P&L for events in 2009-2013. The data includes pro forma numbers for months in which no event occurred including after Strikeforce had been shut down. | This document contains no commercially sensitive information of competitive significance. The information is too old, and includes speculative pro forma data. |

| Document | STRATEGY Description | Argument Against |
|---|---|---|
| Ex. 1, Fertitta Dep. 196:20-197:10; 197:24-199:6, 201:7-201:25, 242:9-245:7, 245:20-246:3, 249:12-253:25, 286:6-9, 286:21-288:9, 288:19-292:14, 294:7-14; 297:23-25; | Testimony regarding ▮▮▮▮ | None of this testimony contains commercially sensitive information of competitive significance. Zuffa has failed to show with specificity how it will be harmed by disclosure. |
| Ex. 2, Presentation titled "UFC Company Overview," ZFL-2603089; | Company overview presentation, sealed in its entirety. | This document contains no commercially sensitive information of competitive significance. The financial information that is contained in this presentation is all aggregated high level information that is too generic to pose a competitive threat if disclosed. Even if it were not too generic, the information is too old to hold any value, as it runs only through 2015. |
| Ex. 5, Presentation titled "Growing the Business" (Sept. 2014), ZFL-1807982; | Company overview presentation, sealed in its entirety. | This document contains no commercially sensitive information of competitive significance. The information is too old to hold any competitive significance, as it runs only through 2014. |
| Ex. 6, "About Ultimate Fighting Championship" (Jan. 2012), ZFL-1454433; | Company overview presentation, sealed in its entirety. | This document contains no commercially sensitive information of competitive significance. The information is too old to hold any competitive significance, as it runs only through 2011. |
| Ex. 7, White Dep. 335:1-336:5; | Testimony regarding ▮▮▮▮ | This document contains no commercially sensitive information of competitive significance. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |
| Ex. 8, Epstein Dep. 179:19-180:21, 184:22-184:25, 190:1-190:24, 199:24-200:7, 202:8-205:9, 246:6-246:22, 249:3-249:4, 250:15-251:1, 251:13-252:1, 270:1-272:9, 275:13-276:4, 294:19-295:14, 295:24-25, 296:10-296:23; | Testimony relating to ▮▮▮▮ | This document contains no commercially sensitive information of competitive significance. The testimony refers to documents and discussion that are too old to be of competitive significance (2008, 2013). Zuffa has failed to show how they will be harmed by its disclosure. |
| Ex. 9, Acquisitions Dep. 34:1-37:23, 174:1-174:18, 175:3-178:14, 179:12-181:25; | Testimony regarding ▮▮▮▮ | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to ▮▮▮▮ |
| Ex. 12, Singer Dep. II 461:14-18, 529:8-18; | Testimony regarding ▮▮▮▮ | This document contains no commercially sensitive information of competitive significance. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |
| Ex. 14, Mersch Dep. 326:1-328:12, 474:1-475:18, 475:25-478:8, 480:4-481:25; | Discussion of ▮▮▮▮ | This document contains no commercially sensitive information of competitive significance. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |
| Ex. 15, Batchvarova Dep. 26:1-29:25, 62:21-65:25, 74:13-77:25, 198:13-199:24, 200:17-201:9, 201:16-205:22; | Testimony regarding the ▮▮▮▮ | This document contains no commercially sensitive information of competitive significance. The only financial information is ▮▮▮▮ which has no competitive value and is public knowledge. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |

| Document | STRATEGY Description | Argument Against |
|---|---|---|
| Ex. 16, Singer Dep. I 94:1-13, 100:21-102:2, 162:11-169:24, 193:1-24, 219: 14-24, 220:1-12, 258:1-261:11, 267:3-272:7, 294:1-295:4, 330:1-6 | Testimony about ▓▓▓ | This document contains no commercially sensitive information of competitive significance. Plaintiffs' expert's calculations of how Zuffa's actions affected fighter compensation is not a a trade secret, and is essential to public understanding of the case. |
| Ex. 46, Presentation titled "Financial Presentation" (Mar. 26, 2014), ZFL-0994011; | Presentation contains some aggregated financial data running through first half of 2013. | This document contains no commercially sensitive information of competitive significance. The aggregated financial data is too old and too generalized to be of competitive significance. |
| Ex. 48, Contracts Dep. 94:1-101:25, 150:1-157:25, 242:3-245:25, 278:1-280:10; | Testimony regarding ▓▓▓ | This document contains no commercially sensitive information of competitive significance. Zuffa's standard contract provisions discussed here have been public knowledge since at least 2007. |
| Ex. 51, Shelby Dep. 118:10- 121:25; | Testimony regarding whether ▓▓▓ | This document contains no commercially sensitive information of competitive significance. Zuffa has not shown how it would be harmed by disclosure of this testimony. |
| Ex. 52, J. Silva Dep. 38:19-38:22, 39:7-39:17, 39:25-40:6, 40:13-40:22, 42:7-42:13; | Testimony regarding ▓▓▓ | This document contains no commercially sensitive information of competitive significance. The information is too old to be of competitive significance. |
| Ex. 56, Coker Dep. 250:8-251:5, 253:23-25; | Testimony regarding ▓▓▓ | This document contains no commercially sensitive information of competitive significance. And the events discussed took place in 2009 and 2010. |
| Ex. 58, Strikeforce Fighters Contract List, ZFL--0551556; | List shows ▓▓▓ | Information is too old to contain trade secrets, Strikeforce has not been in business since January 2013. Zuffa cannot and has not shown competitive harm. |
| Ex. 62, Emails between Michael Mersch and Neal Tabachnick (Feb. 14, 2014), ZFL-12445923; | Email exchange between manager and Zuffa attempting to negotiate contract terms. | Vast majority of email entries refer to what is NOT in contracts, cannot possibly implicate confidential information IN contracts: ▓▓▓ But these are not trade secrets: Zuffa has failed to show what competitive harm could come from their disclosure. |
| Ex. 79, Declaration of Hunter Campbell ("Campbell Decl.") (July 30, 2018); | Contains description of ▓▓▓ | The contract terms are already public knowledge (see Plaintiffs' Opp. to MTS Ps' Reply re Class Cert. (ECF No. 558) at p. 13 n.18. ▓▓▓ are not public knowledge but they should be as a matter of public policy. |
| Ex. 81, Letter from Zuffa to Josh Koscheck (June 15, 2015), ZFL--0489704; | Letter informing former UFC fighter Josh Koscheck that ▓▓▓. Contains no contract terms or compensation details. | Document contains no confidential information. ▓▓▓ is public knowledge. |
| Ex. 82, Letter from Zuffa to Josh Thomson (Aug. 11, 2015), ZFL--0500960; | Letter informing former UFC fighter Josh Thomson that ▓▓▓. Contains no contract terms or compensation details. | Document contains no confidential information. ▓▓▓ is public knowledge. |
| Ex. 84, Email from David Kramer to Michael Mersch re: Roger Huerta (Mar. 10, 2010), ZFL-2252819; | Letter informing former UFC fighter Roger Huerta that ▓▓▓ Contains no contract terms or compensation details. | Document contains no confidential information. ▓▓▓ is public knowledge. |

| Document | STRATEGY Description | Argument Against |
|---|---|---|
| Ex. 101, Strikeforce Event P&L, ZFL-1472338; | Strikeforce Event P&L for events in 2009-2013. The data includes pro forma numbers for months in which no event occurred including after Strikeforce had been shut down. | This document contains no commercially sensitive information of competitive significance. The information is too old, and includes speculative pro forma data. |
| Ex. 107, Venues Dep. 22:1-25:25; 30:1-33:25; | Testimony regarding ▇▇▇▇▇ | The testimony refers to two contracts from 2006 and 2009, which are too old to contain commercially sensitive information. As Zuffa's witness Peter Dropick testifies, ▇▇▇▇▇ already known to and employed by other MMA promoters. |
| Ex. 111, Sponsors Dep. II 343:5-343:23; | Testimony regarding ▇▇▇▇▇ | This document contains no commercially sensitive information of competitive significance. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |
| Ex. 112, Sponsors Dep. I 18:18-19:25, 20:24-25:25, 70:6-71:21, 72:4-73:19, 74:15-74:20, 75:9-77:25, 102:1-109:2, 109:12-109:25, 118:1-120:1 | Testimony ▇▇▇▇▇ | This document contains no commercially sensitive information of competitive significance. Zuffa has not shown how it would be harmed by disclosure of this testimony. |

|  | **THIRD PARTY** |  |
|---|---|---|
| **Document** | **Description** | **Argument Against** |
| Ex. 1, Fertitta Dep, 249:12-253:3; | Testimony regarding ███████████ | None of this testimony contains commercially sensitive information of competitive significance. Zuffa has failed to show with specificity how it will be harmed by disclosure. |
| Ex. 3, Presentation titled "Marketing in Mixed Martial Arts" (Mar. 2013), ZFL-12449194; | Paradigm Sports Management Presentation, contains some generic information about advertising spending in various sports and viewer demographics. | This document contains no commercially sensitive information. The information is too old to hold any competitive significance, as it relates to a presentation from 2013. |
| Ex. 8, Epstein Dep. 105:18-105:21, 106:22-106:25; | Non-specific references to third party documents. | This document contains no commercially sensitive information. |
| Ex. 14, Mersch Dep. 490:1-491:2; | Personal information for third party. | Plaintiffs do not challenge. |
| Ex. 15, Batchvarova Dep. 198:1-3; | Reference to an unknown individual. | This document contains no commercially sensitive information. |
| Ex. 18, Le Dep. 19:9-25:25, 98:1-98:21, 101:22- 102:10, 102:20- 104: 16, 105:11-105:25, 118:8-108: 13, 194:1-194:21; | Personal information redacted. | Plaintiffs do not challenge. |
| Ex. 22, Vera Dep: 241:19-241:22; 243:2; | Personal information redacted. | Plaintiffs do not challenge. |
| Ex. 54, Exclusive Promotional and Ancillary Rights Agreement between Zuffa and Plaintiff Jon Fitch (Jan. 7, 2017), ZFL-0414108 (SSN redacted); | Zuffa fighter contract. | Too old to be of competitive value (2017 is a typo - the contract is from 2007); Fitch doesn't fight for Zuffa anymore. |
| Ex. 55, Promotional and Ancillary Rights Agreement between Zuffa and Josh Shockley (May 27, 2014), ZFL-0504184(SSN redacted); | Zuffa fighter contract. | Too old to be of competitive value. |
| Ex. 59, Email attaching Exclusive Commercial Rights Agreement between Brandon Vera and One Championship (July 22, 2014), LEPLAINTIFFS--0042859; | Fighter contract with third party. | Plaintiffs do not challenge. |
| Ex. 60, Email attaching Exclusive Promotional Fight Extension Agreement between Jon Fitch and WSOF (Feb. 7, 2014), Z.E._ 002617; | Fighter contract with third party. | Plaintiffs do not challenge. |
| Ex. 61, Bellator Promotional Agreement, SBPCL00002311; | Fighter contract with third party. | Plaintiffs do not challenge. |
| Ex. 65, Quarry Dep. 243:11-14, 244:6-10; | Personal information redacted. | Plaintiffs do not challenge. |
| Ex. 66, Email from Michele Fitch to Heidi Seibert (May 14, 2012), Z.E. 001891; | Personal information redacted. | Plaintiffs do not challenge. |
| Ex. 88, Declaration of Matt Hume ("Hume Decl.") (May 4, 2017), ONECHAMPJONSHIP000006; | Declaration from third party. | Plaintiffs do not challenge. |
| Ex. 90, Exclusive Promotional Fight Agreement between Plaintiff Fitch and MMAWC (WSOF) (Mar. 8, 2013), Z.E._002623; | Fighter contract with third party. | Plaintiffs do not challenge. |
| Ex. 95, Declaration of Abraham Genauer ("Genauer Decl.") (Oct. 26, 2017); | Declaration from third party. | Plaintiffs do not challenge. |
| Ex. 103, Text Messages Between Sean Shelby and UFC Athlete (June 21, 2015), excerpts of ZFL-2699696; | Personal information redacted. | Plaintiffs do not challenge. |
| Ex. 106, 2013-2014 UFC Fight Card Changes, ZFL-0921215 | Personal information redacted. | Plaintiffs do not challenge. |

| | EXPERT REPORTS | |
|---|---|---|
| **Document** | **Description** | **Argument Against** |
| Expert Report of Professor Robert H. Topel ("Topel I") | Zuffa has redacted more than half of the Professor Topel's report, redacting 163 out of 307 total paragraphs. Many of the redactions relate to Dr. Singer's report, covering a wide range of topics, including how Dr. Singer calculated foreclosure share, but-for wage share, and damages; Dr. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Zuffa also redacts many of Dr. Topel's assertions on Zuffa's behalf, including that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ among other things. | Dr. Topel's report does not contain any trade secret information, and Zuffa has not shown how it would be harmed by its disclosure. The redacted sections touch on nearly every facet of the claims and defenses in this litigation. Accordingly, the named Plaintiffs, the Class members, the public, and the press need access to this evidence in order to perform their important role of assessing the relative merits of the claims and defenses presented, exposing Zuffa's actions to the light to see whether Zuffa engaged in a scheme to suppress fighters' compensation, and—for the named Plaintiffs and Class members—in order to make important decisions about how to proceed in the litigation. Indeed, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). |
| Excerpts from the Second Deposition of Dr. Hal J. Singer ("Singer Dep. II") | Testimony refers to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | This document contains no commercially sensitive information of competitive significance. The document casts Zuffa in a negative light, but embarrassment is not a grounds for sealing. |
| Excerpts of First Deposition of Dr. Hal J. Singer ("Singer Dep. I") | Testimony refers to Dr. Singer's estimate of: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | None of this testimony contains commercially sensitive information of competitive significance. Zuffa has failed to show with specificity how it will be harmed by disclosure. |

| | **EXPERT REPORTS** | |
|---|---|---|
| **Document** | **Description** | **Argument Against** |
| Rebuttal Expert Report of Dr. Hal J. Singer ("Singer II") | Zuffa redacted 86 out of 242 total paragraphs in Dr. Singer's report. The redactions cover a wide range of topics, including ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, among other things. | Dr. Singer's report does not contain any trade secret information, and Zuffa has not shown how it would be harmed by its disclosure. The redacted sections touch on many of the most important aspects of the claims and defenses in this litigation. Accordingly, the named Plaintiffs, the Class members, the public, and the press need access to this evidence in order to perform their important role of assessing the relative merits of the claims and defenses presented, exposing Zuffa's actions to the light to see whether Zuffa engaged in a scheme to suppress fighters' compensation, and—for the named Plaintiffs and Class members—in order to make important decisions about how to proceed in the litigation. |
| Sur-Rebuttal Expert Report of Prof. Robert H. Topel ("Topel II") | Zuffa redacted 13 out of 48 total paragraphs in the Topel Sur-rebuttal Report. The redactions cover a wide range of topics, including ███████████████████████████████████████ among other things. | Dr. Topel's sur-rebuttal report does not contain any trade secret information, and Zuffa has not shown how it would be harmed by its disclosure. The redacted sections touch on many crucial aspects of the claims and defenses in this litigation. Accordingly, the named Plaintiffs, the Class members, the public, and the press need access to this evidence in order to perform their important role of assessing the relative merits of the claims and defenses presented, exposing Zuffa's actions to the light to see whether Zuffa engaged in a scheme to suppress fighters' compensation, and—for the named Plaintiffs and Class members—in order to make important decisions about how to proceed in the litigation. |
| Expert Report of Dr. Hal J. Singer ("Singer I") | Zuffa redacted 172 of 291 total paragraphs in the Dr. Singer's opening report. The redactions cover a wide range of topics, including all of Dr. Singer's conclusions based on his expert analysis; ███████████████████████████████████████████████████████████ among other things. Zuffa has redacted information that is part of the public record (¶ 43). See *Cung Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, 2016 U.S. Dist. LEXIS 69813, at *23 (D. Nev. May 26, 2016) (███████████████████████████████████████████ Zuffa has redacted public statements as reported in the press by Zuffa's former owner and CEO Lorenzo Fertitta owner about Zuffa's revenues (¶ 24 & n.43). | Dr. Singer's report does not contain any trade secret information, and Zuffa has not shown how it would be harmed by its disclosure. Many of the proposed redactions relate to information that is public knowledge or it too old to have competitive significance. The redacted sections touch on many of the most important aspects of the claims and defenses in this litigation. Accordingly, the named Plaintiffs, the Class members, the public, and the press need access to this evidence in order to perform their important role of assessing the relative merits of the claims and defenses presented, exposing Zuffa's actions to the light to see whether Zuffa engaged in a scheme to suppress fighters' compensation, and—for the named Plaintiffs and Class members—in order to make important decisions about how to proceed in the litigation. The public's right of access outweighs any interest Zuffa may have in preventing disclosure of Dr. Singer's report. |

| | EXPERT REPORTS | |
|---|---|---|
| **Document** | **Description** | **Argument Against** |
| Expert Report of Roger D. Blair ("Blair Rep.") | Zuffa redacted 17 of 79 total paragraphs in Dr. Blair's report. The redactions cover a wide range of topics, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ among other things. | Dr. Blair's report does not contain any trade secret information, and Zuffa has not shown how it would be harmed by its disclosure. Many of the proposed redactions are from public sources. The redacted sections touch on many crucial aspects of the claims and defenses in this litigation. Accordingly, the named Plaintiffs, the Class members, the public, and the press need access to this evidence in order to perform their important role of assessing the relative merits of the claims and defenses presented, exposing Zuffa's actions to the light to see whether Zuffa engaged in a scheme to suppress fighters' compensation, and—for the named Plaintiffs and Class members—in order to make important decisions about how to proceed in the litigation. |