# Inside the Standard Zuffa Contract

By **Adam Swift** Oct 31, 2007
The dispute between Randy Couture (Pictures) and Zuffa over his departure from the UFC has brought the terms of UFC contracts to the forefront of the MMA industry.

At a news conference Tuesday in Las Vegas, UFC President Dana White steadfastly refused to discuss the terms of Couture's contract. For his part, UFC co-owner Lorenzo Fertitta said, "From our perspective, Randy is still under contract. We will do whatever we have to do to continue to protect our rights."

As previously reported, Couture's contractual status appears to be largely tied to a retirement clause. However, that clause is not the only interesting or potentially controversial one found in standard Zuffa contracts, a version of which Sherdog.com recently obtained.



image: https://ss3.zedo.com/jsc/images/zplayer/inarticle-Close-Btn.png

The company exerts contractual power mainly in the form of clauses that allow for the term of a contract to be extended in any number of circumstances and in some cases indefinitely. As the promoter, Zuffa must live up to its end of an agreement, such as filling a specific number of fights during a certain term. But these clauses, many of which can be found in contracts of competing organizations, allow for the effective term of the contract to be largely at the discretion of Zuffa.

The most infamous clause is the so-called retirement provision, which is largely responsible for the war of words -- retirement versus resignation -- between the UFC and Couture since his Oct. 11 departure from the company.

"If at any time during the Term, Fighter decides to retire from mixed martial arts or other professional fighting competition," the clause begins, "then ZUFFA may, at its election, (i) suspend the Term for the period of such retirement; (ii) declare that ZUFFA has satisfied its obligation to promote all future Bouts to be promoted by ZUFFA hereunder, without any compensation due to Fighter therefore; or (ii) elect to provide Fighter with notice of an Acceleration."

For all practical purposes, sub clause (i) allows Zuffa to retain the rights to a retired fighter in perpetuity. Sherdog.com has confirmed that this clause does not appear in every Zuffa contract; it is believed to be reserved for top fighters.

The term of the contract may also be extended indefinitely for any period when a fighter is "unable, unwilling or refuses

to compete or train for a Bout for any reason whatsoever."

This clause may explain White's statement at Tuesday's news conference that he intended to offer Couture a fight against Antonio Rodrigo Nogueira (Pictures) later this week. If, as expected, Couture refuses the bout, Zuffa would have another ground on which to extend its agreement with Couture.

However, per another clause in the contract, Zuffa retains the right to count a fight offered and refused as fulfilling a bout under the contract. This is another example of the tremendous power the company wields in determining the effective term of its contracts. This clause could seemingly also be at issue in the Couture dispute.

For the better part of last year, speculation circulated about a clause that extended Zuffa contracts if a fighter becomes UFC champion. The clause was reportedly a sticking point in negotiations with Fedor Emelianenko (Pictures).

Sherdog.com has confirmed the existence of a so-called champion's clause, which provides that "if, at the expiration of the Term, Fighter is then UFC champion, the Term shall be automatically extended for a period commencing on the Termination Date and ending on the earlier of (i) one (1) year from the Termination Date; or (ii) the date on which Fighter has participated in three (3) bouts promoted by ZUFFA following the Termination Date ("Extension Term"). Any references to the Term herein shall be deemed to include a reference to the Extension Term, where applicable."

This clause is designed to protect the company against a fighter leaving as champion and to prevent the company's champions from using their contractual status to demand more money. Zuffa appears to see the clause as an option of last resort, though, because it has consistently refused to grant a title bout to fighters with only one fight remaining on their contracts.

The term of the contract may also be extended in the event that a fighter claims to be injured or disabled. Zuffa may extend the term for the length of the injury or six months, whichever is longer, declare that it has fulfilled its duty to promote one of the fights on the contract without compensating the fighter, or terminate the contract through acceleration of the term. An additional clause provides Zuffa with the right to have a fighter claiming an injury examined by a medical doctor of its choice at its expense on one day's notice.

At all times Zuffa retains the right to accelerate the term of the contract and therefore terminate the company's obligations if certain conditions are met. Among these conditions: fighter loses any MMA fight; fighter fails to participate in the minimum number of fights for any reason other than injury; fighter breaches the contract; any of the various representations or warranties made by the fighter in the contract are false or no longer true; fighter's license is suspended or revoked by any athletic commission.

A significant feature of the standard contract is the exclusive negotiation period and matching period that follow the expiration of the term. The fighter agrees to negotiate exclusively with Zuffa for 60 days following the term. Following expiration of the exclusive negotiation period, Zuffa has a one-year period in which it has the right to match any offer made to the fighter.

Exclusivity is an integral part of Zuffa's promotional model, as reflected by a series of exclusivity clauses regarding promotional and ancillary rights in the company's standard contract.

However, the agreement also includes a clause outlining certain guidelines under which a fighter may be granted a fight outside of the UFC at the sole discretion of Zuffa. Another clause gives the company the absolute right to "assign, license, or transfer" the right to co-promote any fight without the fighter's consent, even though Zuffa has steadfastly opposed any suggestion of co-promotion.

If a fighter believes Zuffa has breached the agreement, he must provide the company with written notice and at least 10 business days to cure the alleged breach. At that point the fighter may seek termination of the agreement. The clause provides that the sole remedy available shall be payment of remaining compensation due under the contract, excluding potential win bonuses, and that "in no event shall Fighter be entitled to any consequential, incidental, or punitive damages of any sort."

A standard confidentiality clause making public disclosure of any part of the agreement a breach of the contract is also included. Following Couture's news conference last week, White told Yahoo! Sports that Couture's presentation of a bout agreement was a violation of the confidentiality clause.

Perhaps most importantly, in the event of a legal challenge to the provisions of the contract, the standard contract also includes a severability clause, which provides that if any part of the contract is found to be "illegal, invalid, or unenforceable as to any circumstance," the entire contract would not be void as a result.

Asked Tuesday whether he felt the dispute between Couture and the UFC would eventually find its way to court, Fertitta responded, "That's up to Randy."

*Adam Swift is the editor of www.MMAPayout.com.*

Read more at http://www.sherdog.com/news/articles/Inside-the-Standard-Zuffa-Contract-9734#42RE2ozMJ1fvCAZs.99