# Combat Sports Law

## A Combat Sports Legal Resource

### Are UFC Contracts, Like a Diamond, Forever?

Posted on September 28, 2015September 30, 2015 by EMagraken
On Friday the UFC lost a motion to dismiss the proposed class action anti trust lawsuits against them (https://combatsportslaw.com/2014/12/16/ufc-class-action-lawsuit-filed-court-complaint/).  If you are not following the ins and outs of this litigation I encourage you to do so at BloodyElbow where Paul Gift and John Nash have provided coverage that is second to none.

In Gift's play by play breakdown of Friday's proceedings (http://www.bloodyelbow.com/2015/9/25/9363209/ufc-loses-motion-to-dismiss-antitrust-lawsuit-mma-news) Judge Boulware, who has conduct of the case, made interesting comments during argument which could shed light on how one of the most essential pieces of evidence will be viewed, the duration of UFC fighter contracts.

In the simplest of terms, the lawsuit alleges that the UFC obtained their market position through a series of anti-competitive practices and have secured approximately 90% of the global share of all MMA revenue and are misusing this position of prominence to give fighters an unfair deal.  In other words, the heart and soul of the lawsuit, *(if the fighters can prove the UFC did gain their market position through anti-competitive practices*) is the allegation that UFC fighter contracts are unfair.

Money is just one element in a contract that will be considered in determining fairness.  Here, Judge Boulware's comments shed light into how another factor may be viewed, the issue of contract length.

The fighters argued that UFC contracts have the potential to lock in talent forever to which the UFC countered that no such express language exists in the Contract.  Judge Boulware was quick to respond noting a contract with a matching clause is "*not a 2 or 3 year contract, that's forever.*"

Here is the heart of the issue.  In 2013 when BleacherReport broke down the terms of Eddie Alvarez's proposed contrac (http://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-top-secret-fighter-contract)t a few key features came into the public eye.  The first is that UFC contracts don't end easily.

At the conclusion of the contract and any exclusive negotiating period a fighter can test free agency.  However, during this period, as Judge Boulware noted, matching provisions come into play. During the term of the matching period the UFC enjoys "*the option to match the financial terms and conditions of any offer made to Fighter*" (http://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-top-secret-fighter-contract/page/13).  In addition, if a fighter is a champion at the end of their term, a position which arguably makes them the most desirable free agent, the contract contains a

'*champions clause*' (http://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-top-secret-fighter-contract/page/5) which ties a fighter to the promotion for a further period.

As was noted by Northwestern University labor law professor Zev Eigen in BleacherReport's article, the champion's clause has never been judicially challenged and it is "*potentially a violation of the 13th Amendment, the prohibition against… involuntary servitude. You can't force someone to work for you. I don't know how, under contract law, that would be enforceable.*".

Eigen further noted that the matching provisions may not pass judicial scrutiny stating "*It's a little bit tricky because contracts are governed by state law. But in general terms, this is problematic. It's essentially a contract that could have no end. You can't compel someone to work for you.*"

There are a lot more twists and turns to come as the anti trust lawsuit continues to weave its way through the courts.  At the end of the day, however, one of the outcomes is that these contract terms when contrasted with the very short window of professional fighters careers (https://combatsportslaw.com/2014/12/26/exclusive-contracts-and-ufc-fighter-career-length/) may receive a judicial overhaul.

For some examples of how fighter contracts have been reformed (or proposed to be reformed) over the years you can look at

- Quebec's law limiting fighter/promoter contracts to two years (https://combatsportslaw.com/2015/04/07/do-ufc-contracts-comply-with-quebecs-legal-requirements/)
- California's proposed law (which died) fixing 'oppressive' contracts (https://combatsportslaw.com/2015/03/04/fixing-oppressive-fighter-contracts-in-mma/)
- The Ali Act in Boxing (http://www.boxinginsider.com/almanac/the-muhammad-ali-boxing-reform-act-2/)

ADVERTISEMENT



Report this ad



Report this ad

Posted in Uncategorized

## 2 thoughts on "Are UFC Contracts, Like a Diamond, Forever?"

1. **Rosco Roberts (@RoscoRoberts1)**    says: September 28, 2015 at 4:47 pm
   I certainly get the argument that the champions clause is problematic.

   But is the UFC's matching clause truly a "forever" contract?

   I could have sworn that UFC's contracts have an exclusive negotiation period followed by the "matching" period…but the matching period has an outside limit such that a fighter can become a true free agent by waiting another 90 days or 1 year or something.

   Reply
   *EMagraken*    says: September 28, 2015 at 4:57 pm

Case 2:15-cv-01045-RFB-BNW   Document 581-7   Filed 08/13/18   Page 4 of 4

Rosco, thank you for your comment. You are correct a fighter can wait out an exclusive negotiating period and further wait out a matching period and then have true free agency. The question, though, is whether these terms are oppressive given the very short window elite athletes have to profit from their trade.

Reply

*Create a free website or blog at WordPress.com.*