WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS** |

1

## TABLE OF CONTENTS

2

3

4   INTRODUCTION ................................................................................................. 1

ARGUMENT ........................................................................................................ 1
5
       A.    Zuffa Has Met the Compelling Reasons Standard for Sealing. ............................. 1
6      B.    Plaintiffs Advance an Incorrect Interpretation of a Trade Secret. ......................... 4
7      C.    Plaintiffs Seek to Disclose Information this Court Previously Held Meets
             the Compelling Reasons Standard. ......................................................................... 7
8
       D.    Plaintiffs Ignore the Interests of the Putative Class in Seeking Public
9            Disclosure of Their Sensitive Information. ............................................................ 9

10  CONCLUSION ..................................................................................................... 9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

3

*Aevoe Corp. v. AE Tech. Co.*,
    2013 WL 5923426 (D. Nev. Nov. 1, 2013) ............................................................... 3

4

*Apple Inc. v. Samsung Electronics Co.*,
    727 F.3d 1214 (Fed Cir. 2013) ................................................................................ 6

5

6

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*,
    2016 WL 2593920 (D. Nev. May 5, 2016) .............................................................. 2

7

8

*Clark v. Bunker*,
    453 F.2d 1006 (9th Cir. 1972) ................................................................................ 4

9

*Del Campo v. Am. Corrective Counseling Servs., Inc.*,
    2007 WL 902568 (N.D. Cal. Mar. 22, 2007) .......................................................... 5

10

11

*In re ConAgra Foods, Inc.*,
    2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) .................................................. 4, 8

12

13

*In re Elec. Arts, Inc.*,
    298 F. App'x 568 (9th Cir. 2008) ....................................................................... 2, 4

14

*J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*,
    2014 WL 12769806 (D. Nev. May 20, 2014) .......................................................... 2

15

16

*Kamakana v. City & Cty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ................................................................................ 1

17

18

*Nixon v. Warner Commc'ns*,
    435 U.S. 589 (1978) ................................................................................................ 1

19

20

*Selling Source, LLC v. Red River Ventures, LLC*,
    2011 WL 1630338 (D. Nev. Apr. 29, 2011) .................................................. 2, 4, 5, 6

21

22

*Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*,
    825 F.3d 299 (6th Cir. 2016) .................................................................................. 3

23

24

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) ................................................................................... 9

25

26

*Walker v. University Books, Inc.*,
    602 F.2d 859 (9th Cir. 1979) .................................................................................. 5

27

28

**INTRODUCTION**

Out of Zuffa's 40-page motion for summary judgment and 112 exhibits, which totaled over 1,700 pages, the vast majority of material was publicly filed.  The narrow category of information that Zuffa lodged under seal is:  Zuffa's competitively sensitive business information, third parties' sensitive personal or business information, and the private compensation and contractual information of Zuffa athletes.  Plaintiffs now contend that "none of the documents Zuffa asks the Court to seal contain trade secret information" (Opp. at 5) and as a result that all of these materials aside from a narrow category of third-party documents should be unsealed. Plaintiffs are wrong.  The sealed documents fall squarely within established categories the Ninth Circuit has held meet the compelling reason standard and even include some categories of documents, like Zuffa's promotional agreements, which this Court has already held meet that standard.  ECF Nos. 495, 504.  Plaintiffs' attempt to disclose the putative class members' compensation and other contractual information is also contrary to the interests of the very people Plaintiffs are supposed to represent.

For the below reasons and those laid out in detail in Zuffa's motion to seal (ECF No. 577), Zuffa respectfully requests the Court grant Zuffa's sealing motion.

**ARGUMENT**

**A.  Zuffa Has Met the Compelling Reasons Standard for Sealing.**

The Supreme Court has explained that the "right to inspect and copy judicial records is not absolute" and access is properly denied where court files would serve "as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citations omitted).  To balance the need to protect personal or competitively sensitive information, the Ninth Circuit has set out the compelling reasons standard which allows materials to remain under seal where a movant "articulate[s] compelling reasons supported by specific factual findings" of keeping materials under seal that "outweigh the general history of access."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).

Zuffa has met that standard.  In its motion to seal, Zuffa went through the 40 pages of its motion as well as the over 1,700 pages of its 112 exhibits, to identify specific portions of its motion and exhibits that it moves to seal.  Zuffa provided individualized compelling reasons for each document, or portion thereof, it lodged under seal—following established case law defining the type of material that is properly sealed—and provided a declaration confirming the competitive harm that could result if the information contained in those exhibits was publicly disclosed.  Mot. at 2-10 & Grigsby Decl. (ECF No. 577-1).

The information that Zuffa seeks to seal includes its contracts and negotiations with athletes, its financial and revenue information, its business strategy documents and other proprietary business information.  Ninth Circuit precedent squarely holds that these categories of information can be sealed under the compelling reasons standard.  *E.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal categories of information including pricing terms, royalty rates, guaranteed minimum payment terms, trade secret information, and business information that, if released, might cause competitive harm).  Other courts in this district have also held that compelling reasons exist to seal these categories of information.  *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *6-7 (D. Nev. Apr. 29, 2011) (finding compelling reasons to seal "detailed information regarding Selling Source's business operations, customer agreements, corporate structure, the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property," including the "Master Service Agreement" and "License Agreement"); *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016) (finding compelling reasons to seal "account list" that "evidences the terms of numerous agreements, reveals revenue figures, and lists technical information regarding each contract," as well as "business plan created by Plaintiff for a specific client"); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, 2014 WL 12769806, at *1–2 (D. Nev. May 20, 2014) (finding compelling reasons to seal documents "that contain proprietary and confidential information about the corporate structure and internal

1    governance of Plaintiff's business") (Leen, J.); *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5923426,

2    at *1–2 (D. Nev. Nov. 1, 2013) (finding compelling reasons to seal individual employment

3    agreement).  Zuffa's exacting identification of what materials should be sealed and its

4    individualized and detailed explanations for sealing those materials is consistent with the general

5    rule that the public shall have access to judicial records except for when the compelling reasons

6    standard is met, as it is here.

7         Plaintiffs' opposition cites an out-of-circuit case, *Shane Grp. Inc. v. Blue Cross Blue Shield*

8    *of Michigan*, for the proposition that the standards for sealing records should be applied with

9    particular strictness in class action cases.  Opp. at 1 (citing *Shane Grp.*, 825 F.3d 299 (6th Cir.

10   2016)).  But the Ninth Circuit has only one standard for sealing a dispositive motion—the long-

11   standing and well-settled "compelling reasons" standard.  Furthermore, the facts of *Shane* bear no

12   resemblance to the facts in this case.  In *Shane*, the court had already certified a class and

13   approved a preliminary settlement but had sealed (1) the amended complaint, (2) the motion for

14   class certification, (3) the opposition to class certification, (4) Defendants' *Daubert* motion, and

15   (5) plaintiff's expert's report.  *Id.* at 306.  The court found that the class members who sought to

16   evaluate that settlement could not because they could "access only fragmentary information about

17   the conduct giving rise to this litigation, and next to nothing about the bases of the settlement

18   itself." *Id.*  In contrast, here no class has yet been certified, no settlement is at issue, and the

19   complaint is fully public and the ***vast*** majority of the class certification, *Daubert* briefing and

20   Zuffa's summary judgment motion and related exhibits to those filings are publicly available.  In

21   addition, contrary to their representations in their Opposition (*e.g.*, Opp. at 2 [discussing the

22   "important right of access for the named Plaintiffs"]), named Plaintiffs have *not* been denied

23   access even to the information Zuffa seeks to file under seal.  Pursuant to the Protective Order,

24   Plaintiffs have full access to materials designated as Confidential and filed under seal.  ECF No.

25   7.2(b).

26

27

28

ZUFFA'S REPLY ISO MOTION TO SEAL MSJ AND RELATED MATERIALS

3

**B. Plaintiffs Advance an Incorrect Interpretation of a Trade Secret.**

Plaintiffs' motion contends that "none of the documents Zuffa asks the Court to seal contain trade secret information" and provides a few cherry-picked examples in an attempt to distract from the Ninth Circuit's well-settled standard for sealing.  Opp. at 5-8.  In support of their off-the-mark claims, Plaintiffs provide only sweeping conclusory arguments that misapprehend the Ninth Circuit's trade secret precedent.

The Ninth Circuit has adopted the Restatement of Torts definition of "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker,* 453 F.2d 1006, 1008-09 (9th Cir. 1972) (finding that a "detailed plan for the creation, promotion, financing and sale of contracts" constitutes a trade secret); *see also In re Elec. Arts, Inc.,* 298 F. App'x at 569.  District courts within this Circuit have explained that "[w]here the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."  *Selling Source*, 2011 WL 1630338, at *6; *see also In re ConAgra Foods, Inc.*, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) (citing cases) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing").

Plaintiffs' motion takes various quotes out of context to contend that certain of the materials that Zuffa has designated do not meet this standard.  For example, Plaintiffs contend that portions of Mr. Mersch's deposition testimony do not contain trade secret information because it is "about a *hypothetical* contract."  Opp. 5.  But the discussion in the deposition is about the operation and legal effect of *actual* terms and clauses in Zuffa's contracts, which constitutes Zuffa's proprietary information and which this Court has already held meets the compelling reasons standard.  *See* MSJ Ex.[1] 14 at 326:1-328:12 (portion of the deposition of

---

[1] For brevity, "MSJ Ex." is used to refer to Exhibits to the Declaration of Suzanne Jaffe Nero, ECF No. 574, which was included as part of Zuffa's Motion for Summary Judgment.

Michael Mersch discussing actual Zuffa contractual clauses in detail); *e.g.*, MSJ Ex. 55, ZFL-0504184, at -195 (Zuffa contract with UFC athlete including the contractual clauses discussed in the Mersch deposition); ECF No. 495.  Similarly, Plaintiffs contend that information about the purpose of Zuffa's exclusivity clause is publicly available.  Opp. at 9.  But the discussion Zuffa seeks to seal is from its corporate representative's 30(b)(6) testimony on Fighter Contracts that discusses Zuffa's specific contract language, the way that the contractual language has changed over time, and the purpose and effect of those changes.  MSJ Ex. 48 at 95:96:20, 97:23-98:10, 153:6-12, 243:24-244:13.  This information goes to the heart of Zuffa's proprietary business decisions and is properly filed under seal as a trade secret.  *See Selling Source*, 2011 WL 1630338, at *6.

Oddly, Plaintiffs also argue that Zuffa's wage share information—that is, detailed event-by-event information comparing Zuffa's event revenue to the amount of compensation paid to athletes competing in that event—should not be sealed because Zuffa has argued "that wage share is not a meaningful economic concept."  Opp. at 6.  This argument is misguided.  The question of whether this Court should accept wage share as proof of antitrust injury is distinct from whether that information is properly sealed.  Wage share information is properly sealed because it is a compilation of information regarding Zuffa's "volume of business" and highly confidential trends (and sales) in Zuffa's business.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University Books, Inc.,* 602 F.2d 859, 865 n. 2 (9th Cir. 1979)).  As Zuffa has previously explained at length, detailed wage share information—whether used on its own or in conjunction with regression analysis—would provide competitors with unearned insights into Zuffa's investment, expense, and spending decisions, which would permit them to have a "roadmap" to Zuffa's business and allow those competitors to cause competitive harm to Zuffa for their benefit.  ECF No. 565, Zuffa's Reply in Supp. of Mot. to Seal Pls.' Class Cert Reply at 5-6.  Relatedly, Plaintiffs also contend that Zuffa improperly attempts to seal Plaintiffs' damages amount.  Opp. at 8.  But, as Plaintiffs acknowledge later, the damages amounts are public.  *Id.* n.7.  Zuffa seeks to seal regressions and other analytical work

which, if publicly disclosed, would result in the disclosure of Zuffa and third party highly confidential revenue trends, strategic spending and investment decisions, and other highly confidential trade secret information—not Plaintiffs' aggregate damage estimates.

Plaintiffs' other examples are similarly misleading and reveal a fundamental misunderstanding about what constitutes a trade secret. Trade secrets not only consist of things like Zuffa's "Roadmap to Developing New Markets" (Ex. 2 at -112) or five-year business plan, including "key drivers" and "revenue projections" (Ex. 46 at -017), which unquestionably constitute trade secrets, but also other information about a company's proprietary business operations as well. *Selling Source*, 2011 WL 1630338, at *6.

The *combined effect* of disclosing various portions of Zuffa's proprietary business practices must be considered when evaluating whether Zuffa has met the compelling reasons standard. In granting a motion to seal trade secret information, the *Del Campo* court recognized that binding precedent holds that "one factor in determining whether information is a trade secret is the ease or difficulty with which the information could be properly acquired or duplicated by others." 2007 WL 902568, at *5 (citing *Walker*, 602 F.2d at 856 n.2). *Del Campo* and the Ninth Circuit *Walker* decision stand for the proposition that if competitors could successfully use the various pieces of a business's proprietary information to more effectively compete, then that information may constitute a trade secret. In *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1224-25 (Fed Cir. 2013), the Federal Circuit, applying Ninth Circuit law, held that "detailed product-specific information concerning such things as costs, sales, profits, and profit margins qualifies as trade secrets," reversing the district court's decision denying the motion to seal under the compelling reasons standard. Reaching this conclusion, the Federal Circuit considered the *combined* effect of disclosing separate pieces of business information. *Id.* at 1225 ("If Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components. This would put Apple and Samsung at a competitive disadvantage compared to their current position" (internal citation omitted)). Here, as in those cases, access to Zuffa's

1  contractual terms, wage share level, and other proprietary information would give competitors a

2  roadmap to replicate the same business model that it took Zuffa years to refine.

3        In this case, the compelling reasons justifying sealing outweigh the public interest in access

4  to the narrow categories of information that Zuffa seeks to seal with its motion for summary

5  judgment.

6        **C.  Plaintiffs Seek to Disclose Information this Court Previously Held Meets the
          Compelling Reasons Standard.**

7        This Court has already held that Zuffa's contracts with athletes and other related business

8  documents that contain financial terms meet the compelling reasons standard for sealing.  ECF

9  Nos. 495, 504.  This Court's Orders are amply justified as Zuffa's promotional agreements

10 contain "specific contractual terms, financial payments, benefits and obligations negotiated with

11 an athlete," the disclosure of which would "provide competitors with unfair and damaging

12 insights into Zuffa's business practices."  ECF No. 349-1 ¶ 8; *see also* ECF No. 565-3 (Decl. of

13 Wm. Hunter Campbell ¶¶ 3, 5-6 (disclosure of "the amounts and benefits Zuffa is willing to offer

14 an athlete – in addition to information regarding Zuffa's negotiation strategy and tactics – could

15 and would be used by competitors to gain an advantage in negotiations with such athletes").

16       Zuffa is not alone in recognizing the competitive harm that could result from the disclosure

17 of this information.  The President of Zuffa's largest domestic competitor, Bellator, also

18 confirmed that "if individual athlete contract information were provided to Bellator's competitors,

19 they would be able to anticipate Bellator's recruitment strategies, outflanking its ability to sign

20 the best fighters, anticipating strategies in each respective weight class and geographic market,

21 and compromising its strategic plans to develop the best overall promotion."  *Le v. Zuffa*, 17-cv-

22 00849-RFB-PAL, ECF No. 1-3 (Decl. of Bellator President Scott Coker at ¶ 15).  Plaintiffs

23 contend that because the *same* athlete's promotional agreement is not at issue here, that this

24 Court's prior ruling should not apply.  Opp. at 14.  Plaintiffs are wrong.  All promotional

25 agreements with athletes contain the same type of information that this Court held properly met

26 the compelling reasons standard.  That Zuffa included an agreement with a different athlete with

27

28

---

ZUFFA'S REPLY ISO MOTION TO SEAL MSJ AND RELATED MATERIALS

7

different compensation terms and conditions, does not change the competitive harm that could result if this information is disclosed.

Plaintiffs also contend that another court held that the information and language contained in its contracts failed to meet the compelling reasons standard. This is not so. ECF No. 579 (Zuffa's Response to Plaintiffs' Notice of Supplemental Authority). That court denied without prejudice a motion to seal that attempted to justify sealing under the wrong legal standard. *Id.* A new sealing motion has since been re-filed and is currently pending. *Id.* ***No Court has ever rejected Zuffa's motion to seal its promotional agreements with its athletes and publicly disclosed that information.***

Plaintiffs also argue that some of the promotional agreements are too old to contain trade secrets. Opp. at 10. Plaintiffs ignore that this Court has already found compelling reasons to seal a promotional agreement from 2004. ECF No. 495 (sealing Ex. D). And for good reason. Many (but not all) of the terms of Zuffa's contracts have remained the same or similar for years and Plaintiffs fail to provide a coherent method of determining when trade secret or commercially sensitive information becomes "too old to hold any value." *ConAgra Foods*, 2014 WL 12577133, at *4 ("Even if the information pertains to vehicles sold more than five years ago, the Court has no reason to believe that pricing methods or the information considered pertinent to pricing strategies has since changed").

Finally, Plaintiffs contend that this Court's prior rulings should not hold because under the Protective Order they are permitted to challenge a confidentiality designation at any time. Opp. at 2. Plaintiffs' argument misses the mark. Zuffa has not argued that Plaintiffs' challenge is untimely, but rather that this Court already made a determination and held that Zuffa's athlete agreements meet the compelling reasons standard for sealing. ECF Nos. 495, 504. It is irrelevant whether Plaintiffs agree with this finding or not because the Court's order is now the law of the case.

//

//

**D.**     **Plaintiffs Ignore the Interests of the Putative Class in Seeking Public Disclosure of Their Sensitive Information.**

Plaintiffs purport to represent the interests of the athletes in the putative class but have disregarded their interests in calling for the release of these athletes' contracts, negotiations, compensation, and other sensitive information.  Many athletes do not want the terms of their contracts to be publicly released and for some, release of that information—in particular compensation information—would threaten their and their families' safety.  Decl. of Ali Abdelaziz ¶¶ 4-5.  "The privacy interests of innocent third parties should weigh heavily in a court's balancing opinion" of access to judicial records.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation and quotation marks omitted).  In Plaintiffs' haste to try this case in the court of public opinion, they have ignored the privacy interests of the absent class members that they are supposed to represent.

## CONCLUSION

For the foregoing reasons and those in Zuffa's motion to seal (ECF No. 577), Zuffa respectfully requests the Court grant its motion to seal.

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

*//*

Dated:  August 20, 2018

**BOIES SCHILLER FLEXNER LLP**
By: */s/ Stacey K. Grigsby*
William A. Isaacson (admitted *pro hac vice*)
Stacey K. Grigsby (admitted *pro hac vice*)
Nicholas A. Widnell (admitted *pro hac vice*)
1401 New York Ave, NW
Washington, D.C. 20005
Phone: (202) 237-2727/Fax: (202) 237-6131
wisaacson@bsfllp.com
sgrigsby@bsfllp.com
nwidnell@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**CAMPBELL & WILLIAMS**
Donald J. Campbell (State Bar No. 1216)
J. Colby Williams (State Bar No. 5549)
700 South 7th Street
Las Vegas, Nevada 89101
Phone: (702) 382-5222/Fax: (702) 382-0540
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**BOIES SCHILLER FLEXNER LLP**
Richard J. Pocker (State Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Phone: (702) 382-7300/Fax: (702) 382-2755
rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

ZUFFA'S REPLY ISO MOTION TO SEAL MSJ AND RELATED MATERIALS
10

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing Zuffa, LLC'S Reply in Support of Its Motion to Seal Motion for Summary Judgment and Related Materials was served on August 20, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*<u>/s/ Roderick Crawford</u>*

Roderick Crawford
