Joseph R. Saveri (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone:     (202) 408-4600
Facsimile:     (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:     (215) 875-3000
Facsimile:     (215) 875-4604
ecramer@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL) <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589), PURSUANT TO LOCAL RULE 7-2(b)** |

**MOTION FOR LEAVE TO FILE SURREPLY**

Defendant Zuffa, LLC's ("Zuffa") Reply in Support of Its Motion to Seal Motion for Summary Judgment And Related Materials (ECF No. 589) (the "Reply"), filed on August 20, 2018, attached new evidence in the form of a Declaration of Ali Abdelaziz. ECF No. 589-1 (the "Declaration"). Pursuant to Local Rule 7-2(b), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby seek leave from the Court to respond to this new evidence.[1]

**ARGUMENT**

Mr. Abdelaziz is a manager of MMA fighters and negotiates contracts on their behalf. Mr. Abdelaziz has also allegedly worked as a matchmaker for a Mixed Martial Arts ("MMA") promotion, World Series of Fighting ("WSOF"), which was re-named the Professional Fighters League in April 2017.[2] Mr. Abdelaziz's Declaration fails to support Zuffa's Reply for four reasons. First, Mr. Abdelaziz's statement that disclosure of fighter compensation information may "hinder [Mr. Abdelaziz] in obtaining the best possible deal for a fighter and give a strategic advantage to MMA Promoters in negotiations with fighters" rings false in light of evidence regarding athletes in other major sports. Since the advent of the free agent era, most major sports, including Major League Baseball, the National Football League, the National Basketball Association, and the National Hockey League, publicly disclose athlete compensation information,[3] yet the release of this information has not prevented or impeded the

---

[1] *See, Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (courts "should not consider . . . new evidence [submitted in a reply] without giving the non-movant an opportunity to respond"); *Zabelny v. CashCall, Inc.*, No. 2:13-cv-00853-GMN-PAL, 2013 U.S. Dist. LEXIS 97576, at *2 (D. Nev. July 11, 2013) ("a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond"). Alternatively, the Court should strike the Abdelaziz Declaration because it is new evidence to which Plaintiffs have not had a chance to respond.

[2] *See*, Paul Gift, *Three new lawsuits add to WSOF's legal woes*, BloodyElbow.com, Oct. 20, 2016 (describing a lawsuit against WSOF alleging a "'blatant violation' of Nevada Administrative Code 467.104 for Ali Abdelaziz's alleged role as promotional matchmaker and fighter manager"), available for download at https://www.bloodyelbow.com/2016/10/20/13343736/three-lawsuits-add-to-wsof-legal-woes-mma-news (last visited on August 28, 2018).

[3] *See* Expert Report of Andrew Zimbalist in Cung Le, et al. v. Zuffa, LLC, ECF No. 518-5, ¶ 115 n.235 (listing publicly available sources for compensation data of MLB, the NFL, the NBA, and the NHL).

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)**

explosive growth of athlete salaries in those sports.[4] Mr. Abdelaziz fails to show how disclosure of compensation and benefits for MMA athletes would lead to lower compensation for those athletes. Information about what an athlete's (or, indeed, any worker's) peers are paid provides a crucial data point in salary negotiations, and concealment of this information is a primary strategy of businesses attempting to suppress employee compensation.[5]

Second, the Declaration contradicts Zuffa's own arguments in favor of sealing. Zuffa argues in its Reply in Support of Its Motion to Seal Motion for Summary Judgment And Related Materials (ECF No. 589) that disclosure of fighter compensation information will put it at a strategic *disadvantage*, contrary to Mr. Abdelaziz's assertion that disclosure would give Zuffa and other MMA promoters a negotiating advantage.[6] It would make no sense to credit a declaration submitted by Zuffa that undercuts its own argument.

Third, Mr. Abdelaziz's assertion that fighters would be put at risk of kidnapping or extortion is not supported by any statistics or credible evidence. Neither Mr. Abdelaziz nor Zuffa point to a single statement from a fighter that he or she is concerned about his or her safety, or would prefer to keep his or her compensation private. Indeed, Zuffa's announcements of fighter bonuses and purses, and the public announcement of purse amounts by many state athletic commissions, belie this supposed risk. The lack of any such support for Mr. Abdelaziz's assertion undermines its reliability.

Fourth, Mr. Abdelaziz's dual roles as president of Dominance MMA, which represents and negotiates on behalf of MMA fighters, and as an alleged principal in the WSOF, which—as an MMA promoter—is on the other side of those negotiations, call the reliability of his declaration into question. The WSOF was sued in 2015 by a business partner for this very reason, claiming that Mr. Abdelaziz's

---

[4] *See id.*, ¶ 83 ("the advent of more open labor markets has not had a deleterious effect on team or league revenues or profits. On the contrary, revenue, profits and franchise values have all skyrocketed since the advent of free agency in each sport").

[5] *See, In re High-Tech Emple. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1192 (N.D. Cal. 2013) (noting that evidence showed that alleged agreements prevented the spread of compensation information for peers at other companies that would have led to increases in employee compensation).

[6] *See*, Zuffa, LLC's Reply in Support of Its Motion to Seal Motion for Summary Judgment And Related Materials, ECF No. 589, p. 2 (asserting that "competitive harm that could result if this information [i.e., compensation terms and conditions] is disclosed").

2

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)**

dual roles as both promoter and agent made it impossible for him to perform effectively as a promoter.[7]
Though Mr. Abdelaziz states only that he works as a fighter manager at the current time, his
Declaration, which appears to support Zuffa's position at the expense of the MMA fighters whose
interests he is supposedly obligated to represent, calls Mr. Abdelaziz's allegiances and credibility into
question.

## CONCLUSION

Mr. Abdelaziz's Declaration runs counter to accepted wisdom and empirical evidence regarding
disclosure of athlete compensation, and it contradicts Zuffa's own stated reasons for wanting to seal
fighter compensation information. It is unsupported by any evidence whatsoever, and is of questionable
reliability. For these reasons, this Court should disregard the assertions in the Declaration

Dated:  August 28, 2018

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:           */s/Kevin E. Rayhill*
                     Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

---

[7] *See* n.2, *supra.*

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION
TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)**

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung Le, Nathan
Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera,
and Kyle Kingsbury*

PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION
TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and
Representative Plaintiffs Cung Le, Nathan Quarry, Jon
Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION
TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2018, a true and correct copy of the following document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)**

- **[PROPOSED] ORDER**

By:

_/s/ Kevin E. Rayhill_

PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT ZUFFA, LLC'S REPLY ISO ITS MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 589)