# Exhibit 39

Deposition of Roger D. Blair (December 9, 2017) (excerpted)

PUBLIC COPY

239

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

```
CUNG LE; NATHAN QUARRY, JON   )
FITCH, on behalf of           )
themselves and all others     )
similarly situated,           )
                              )
            Plaintiffs,       )
                              )
       vs.                    ) Case No.
                              ) 2:15-cv-01045-RFB-(PAL)
                              )
ZUFFA, LLC, d/b/a Ultimate    )
Fighting Championship and     )
UFC,                          )
                              )
            Defendant.        )
_____)
```

HIGHLY CONFIDENTIAL

VIDEOTAPED DEPOSITION OF

ROGER D. BLAIR, Ph.D., VOL. II

Orlando, Florida

December 9, 2017

7:59 a.m.

Reported By:
Dawn A. Hillier, RMR, CRR, CLR
Job No. 52574

**PUBLIC COPY**

Page 240

```
 1    APPEARANCES:
 2
 3    ATTORNEYS FOR PLAINTIFF:
 4
        COHEN MILSTEIN SELLERS & TOLL, PLLC
 5      1100 New York Avenue, NW, Suite 500
        Washington, D.C. 20005
 6      BY: DANIEL H. SILVERMAN, ESQ.
           dsilverman@cohenmilstein.com
 7
        - and -
 8
 9      BERGER & MONTAGUE, P.C.
        1622 Locust Street
10      Philadelphia, Pennsylvania 19103-6305
        BY: PATRICK F. MADDEN, ESQ.
11         pmadden@bm.net
12
13    ATTORNEYS FOR DEFENDANT:
14
        BOIES SCHILLER FLEXNER, LLP
15      1401 New York Avenue, NW
        Washington, D.C. 20005
16      BY: NICHOLAS WIDNELL, ESQ.
           nwidnell@bsfllp.com
17         RORY SKAGGS, ESQ.
           rskaggs@bsfllp.com
18
19
20    ALSO PRESENT:
21
        Isabelle Mercier, WME|IMG
22      Dr. Christine Durrance
        Francois Mignon, Videographer
23
24
25
```

Page 241

```
 1                    INDEX
 2                                        PAGE
 3    WITNESS - ROGER D. BLAIR, Ph.D. (continued)  242
      DIRECT EXAMINATION BY MR. SILVERMAN (continued) 242
 4    CERTIFICATE OF OATH                      363
      REPORTER'S CERTIFICATE                   364
 5
                      EXHIBITS
 6
      Exhibit 5   Fourth Circuit Court of Appeals   246
 7                opinion, M&M Medical Supplies and
                  Service, Inc. v. Pleasant Valley
 8                Hospital
 9    Exhibit 6   PowerPoint presentation entitled  249
                  Presentation of Observations Based
10                on MMA Data by Roger D. Blair, Ph.D.
11    Exhibit 7   2010 Horizontal Merger            272
                  Guidelines
12
      Exhibit 8   GBP000001                         320
13
      Exhibit 9   GBP000002                         320
14
      Exhibit 10  Expert Report of Roger D. Blair,  325
15                Errata Sheet, December 7th, 2017
16    Exhibit 11  Expert report of Robert H. Topel  338
17
18            REPORTER'S KEY TO PUNCTUATION:
19    --   At end of question or answer references
             interruption
20    ...  References a trail-off by the speaker
21         No testimony omitted
22    "Uh-huh" "Um-hum" References affirmative sound
23    "Huh-uh" "Um-um" References negative sound
24
25
```

Page 242

```
 1           THE VIDEOGRAPHER: Here begins media unit
 2    number five in day two of the continued deposition
 3    of Roger D. Blair being taken on December 9th, 2017
 4    at approximately 7:59 a.m.
 5           Will the court reporter please swear in the
 6    witness?
 7           ROGER D. BLAIR, Ph.D.,
 8    was called as a witness, and having first been duly
 9    sworn, was examined and testified as follows:
10           THE WITNESS: I do.
11           COURT REPORTER: Thank you.
12           DIRECT EXAMINATION (continued)
13    BY MR. SILVERMAN:
14       Q   Welcome back. And good morning.
15       A   Good morning.
16       Q   I'd like to turn to paragraph 32 of your
17    report where you write -- there, you're talking about
18    the right of first refusal clause in Zuffa's contracts.
19    And you say that [as read]: Seeing as a way of
20    gathering market intelligence, the right of first
21    refusal is pro competitive as it resolves uncertainty.
22           Can you tell me what analysis you've done to
23    determine whether the right of first refusal is pro
24    competitive?
25       A   You meant empirical research?
```

Page 243

```
 1       Q   Or any analysis, yeah. Either empirical or
 2    otherwise.
 3       A   Well, what I -- well, I didn't do empirical
 4    research. But what I summarized in -- you know, in that
 5    statement, is that there are situations in which, you
 6    know, the parties that are negotiating may not know what
 7    the market alternatives are. They may not know what
 8    the -- you know, one side or the other may not know.
 9    And, you know, one way of finding this out would be
10    through a right of refusal so that the -- you can allow
11    the other party to essentially get offers which
12    reflect -- ultimately will reflect market values or some
13    approximation of market values.
14           And then when you bring that back, then the
15    other party has some information that it wouldn't have
16    otherwise. And, you know, and that perfection of the
17    information available to the parties that are
18    negotiating makes it -- you know, is basically
19    beneficial in a social welfare sense because you're not
20    sort of wandering around trying to discover what the
21    right terms should be and, you know, and that's -- as I
22    summarized, it's -- you know, this is a way of acquiring
23    market intelligence that, you know, might be difficult
24    to get otherwise.
25       Q   So, is it fair to say that's an analysis based
```

**PUBLIC COPY**

|  | 244 |
|---|---|
| 1 | on economic theory? |
| 2 | A   Yes. |
| 3 | Q   Other than that analysis based on economic |
| 4 | theory, have you -- have you done any investigation of |
| 5 | the record to determine whether that theory applies to |
| 6 | Zuffa's -- Zuffa's right-to-match clause? |
| 7 | A   Well, I mean, the theory applies in, you know, |
| 8 | in any situation where, you know, the, you know, market |
| 9 | values are -- you know, you can't observe the market |
| 10 | values in -- you know, in -- they're available in, you |
| 11 | know, simpler circumstances.  So, for example, you know, |
| 12 | I can find out what the market value is of a gallon of |
| 13 | gasoline pretty easily because there are posted prices |
| 14 | and, you know, you can find that out pretty readily. |
| 15 | But there are other values that are difficult |
| 16 | to discover.  And, you know, to the extent that you |
| 17 | don't know them, you know, this practice, if you will, |
| 18 | or is a way of gathering that information.  And, you |
| 19 | know, that's going to apply, you know, fairly generally. |
| 20 | So, I mean, I can't -- I mean, I guess that's basically |
| 21 | all I can say about that in response to your question. |
| 22 | Q   Is it your opinion that a right of first |
| 23 | refusal is always pro competitive in every situation? |
| 24 | MR. WIDNELL:  Objection, form. |
| 25 | THE WITNESS:  Well, you know, this is, like, |

|  | 245 |
|---|---|
| 1 | you know, when we had a question like this |
| 2 | yesterday.  You know, for me to agree to that or to |
| 3 | say that it's always, that means that there's no -- |
| 4 | absolutely no exceptions to that.  And, you know, |
| 5 | and that would -- for me to answer that question, |
| 6 | you know, I'd have to sort of sort through every |
| 7 | conceivable circumstance.  I can't do that sitting |
| 8 | here. |
| 9 | BY MR. SILVERMAN: |
| 10 | Q   So you said that this theory is going to apply |
| 11 | fairly generally.  Can you give me any circumstance |
| 12 | where it wouldn't apply? |
| 13 | A   Not offhand, no. |
| 14 | ==Q   Have you quantified the pro competitive --== |
| 15 | ==done any analysis to quantify the pro competitive effect== |
| 16 | ==of the right of first refusal -- strike that.== |
| 17 | ==Have you done any analysis to quantify the pro== |
| 18 | ==competitive effect of Zuffa's right-to-match clause?== |
| 19 | ==A   No, I have not.== |
| 20 | Q   And is it your understanding that Zuffa's |
| 21 | right-to-match clause applies to all fighters under UFC |
| 22 | contracts, not just young and entry-level -- or |
| 23 | entry-level fighters? |
| 24 | MR. WIDNELL:  Objection, form. |
| 25 | THE WITNESS:  I think that's right. |

|  | 246 |
|---|---|
| 1 | (Exhibit 5 was marked.) |
| 2 | BY MR. SILVERMAN: |
| 3 | Q   I'm handing you what's been marked as Blair |
| 4 | Exhibit 5.  And it is a printout of a Fourth Circuit |
| 5 | Court of Appeals opinion, M&M Medical Supplies and |
| 6 | Service, Inc. v. Pleasant Valley Hospital. |
| 7 | Is this one of the cases we were talking about |
| 8 | yesterday in which you offered an opinion on behalf of |
| 9 | the plaintiffs? |
| 10 | A   Yes, I believe so. |
| 11 | Q   And if you turn to page five of the opinion, |
| 12 | the Court -- the Court -- this is the Fourth Circuit |
| 13 | writing, writes [as read]:  M&M has submitted the |
| 14 | affidavit of its expert economist Roger Blair of proof |
| 15 | of both the relevant market and the exercise of monopoly |
| 16 | power. |
| 17 | Is the -- is this opinion accurately stating |
| 18 | that you submitted an affidavit in that case for the |
| 19 | plaintiffs with an opinion on both the relevant market |
| 20 | and the exercise of monopoly power? |
| 21 | A   I assumed that this is-- and this is quite a |
| 22 | while ago.  Did you notice what the date was on this? |
| 23 | Q   I believe it was -- this is 1991, this |
| 24 | opinion. |
| 25 | A   Okay.  So, of course, you know, this is a |

|  | 247 |
|---|---|
| 1 | quarter of a century ago.  I mean, I know that -- |
| 2 | "know," in quotes, that I was retained on behalf of the |
| 3 | plaintiff, and that, you know, whether I submitted a |
| 4 | report or an affidavit, you know, I wouldn't remember |
| 5 | this point. |
| 6 | I know that one of the issues in this -- in |
| 7 | this matter was the market definition.  And, I guess |
| 8 | this was, you know, monopolization by the hospital with |
| 9 | respect to some aspect of durable medical equipment. |
| 10 | But I don't really remember, you know, the specific |
| 11 | details of that.  Although I mean, I remember this |
| 12 | generally, but, you know, I'm not suggesting that I |
| 13 | don't remember that I participated in this case, but, |
| 14 | you know, the specifics are not as crystal clear as they |
| 15 | might have been 25 years ago. |
| 16 | Q   Have you opined on relevant market and |
| 17 | monopoly or market power in other cases? |
| 18 | A   You know, I'm sure I have. |
| 19 | Q   At page -- for the record, that other quote |
| 20 | was on page five of the printout.  But page -- star six |
| 21 | of the actual opinion. |
| 22 | And on star seven, page star seven of the |
| 23 | opinion, the court writes [as read]:  Dr. Blair also |
| 24 | states that the equipment company has exercised monopoly |
| 25 | power in the market.  He says, Pleasant Valley Home |

**PUBLIC COPY**