WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 596)** |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

LEGAL STANDARD ............................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    Zuffa's Highly Confidential And Commercially Sensitive Information Regarding Agreements With Athletes Is Properly Filed Under Seal. .................... 8

        A.   The Ninth Circuit And Several District Courts, Including This Court, Have Held That Sealing This Type Of Information Is Appropriate Under the "Compelling Reasons" Standard. .............................. 8

        B.   Zuffa Has Provided Evidence Demonstrating That Athlete Contractual Information Is Highly Sensitive And Disclosure Of That Information Would Cause Zuffa Significant Competitive Harm. ................. 10

        C.   Disclosure of Athlete Contracts Would Invade The Privacy Interests Of Third Parties And Potentially Harm Athletes' Interests.......................... 10

        D.   Courts Have Already Held That Athlete Contracts Are Properly Filed Under Seal Under The Compelling Reasons Standard. ...................... 11

    II.   Documents Containing Detailed Analysis Of Zuffa's Financial And Revenue Information Are Properly Filed Under Seal. ........................................... 12

    III.  Zuffa's Trade Secret Business Information And Highly Confidential Business Communications And Strategy Are Properly Filed Under Seal. ........... 14

    IV.  Information Designated Confidential By A Third Party That Is Likely To Cause Competitive Harm And Exhibits Containing Third Party Trade Secret And Similar Information Is Properly Filed Under Seal. ............................ 15

    V.   Portions Of The Expert Reports Are Properly Filed Under Seal Under The Compelling Reasons Standard. ................................................................... 16

    VI.  Zuffa Has Narrowly Tailored Its Sealing Requests And Hereby Files Certain Exhibits Publicly............................................................................ 16

CONCLUSION........................................................................................................ 17

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*
   727 F.3d 1214 (Fed. Cir. 2013)...................................................................................... 13, 14, 15

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*
   No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) .................... 13, 15

*Clark v. Bunker*
   453 F.2d 1006 (9th Cir. 1972)................................................................................................... 9

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
   No. C-01-21151 JW (PVT), 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) .............................. 14

*GoDaddy.com LLC v. RPost Comms. Ltd.*
   No. CV-14-00126-PHX-JAT, 2016 WL 1158851 (D. Ariz. Mar. 24, 2016) ............................... 2

*Hunt v. Zuffa, LLC*
   Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018), ECF No. 140 at 1-2................ 11

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*
   No. 12-CV-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) .................................... 9, 10

*In re ConAgra Foods, Inc.*
   No. CV 11-05379-MMM (AGRx), 2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) ................. 9

*In re Elec. Arts, Inc.*
   298 F. App'x 568 (9th Cir. 2008) ............................................................................... 2, 8, 9, 15

*J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*
   No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806 (D. Nev. May 20, 2014)......................... 13

*Kamakana v. City & Cty. Of Honolulu*
   447 F.3d 1172 (9th Cir. 2006)............................................................................................ 1, 11

*Nixon v. Warner Comms., Inc.*
   435 U.S. 589 (1978)................................................................................................................ 1

*Selling Source, LLC v. Red River Ventures, LLC*
   No. 2:09–cv–01491–JCM–GWF,  2011 WL 1630338 (D. Nev. Apr. 29, 2011)............. 9, 12, 15

*Stout v. Hartford Life & Acc. Ins. Co.*
   No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012)......................................... 9

*United States v. Amodeo*
   71 F.3d 1044 (2d Cir. 1995).................................................................................................. 11

ii

*Walker v. University Books, Inc.*
   602 F.2d 859 (9th Cir. 1979)............................................................................................. 14

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

**INTRODUCTION**

Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those documents conditionally lodged under seal as part of Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment (ECF No. 596) ("Plaintiffs' Opposition"). Zuffa makes this request pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order").

Zuffa's sealing requests are narrowly tailored and comport with the Ninth Circuit's "compelling reasons" standard governing the sealing of documents attached to dispositive motions. Zuffa has worked diligently to narrow the scope of its sealing requests. As part of that work, Zuffa hereby files 25 exhibits publicly, in whole or in part, that Plaintiffs conditionally lodged under seal.

**LEGAL STANDARD**

Documents filed in connection with a dispositive motion, including summary judgment, may be filed under seal if "compelling reasons" exist to seal those documents. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). While the public has a "general right" to access judicial records, the Ninth Circuit has explained that "access to judicial records is not absolute." *Id.* at 1178. The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure." *Id.* at 1178-79 (citations and quotation marks omitted).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted). "Compelling reasons" have included preventing: disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); the "release of trade secrets," *Kamanaka*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in

1

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

1   an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Comms. Ltd.*,

2   No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at *5 (D. Ariz. Mar. 24, 2016), on

3   reconsideration in part, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31,

4   2016).

5        The Ninth Circuit has held that certain "confidential and commercially sensitive

6   information," including licensing agreements containing "pricing terms, royalty rates, and

7   guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly

8   filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("Electronic Arts").

9   The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of

10  'trade secrets'" and explained that "a trade secret may consist of any formula, pattern, device or

11  compilation of information which is used in one's business, and which gives him an opportunity

12  to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation

13  marks omitted)

## ARGUMENT

15       As described below, Zuffa seeks to seal various documents that meet the compelling

16  reasons standard for sealing.  The categories of documents Zuffa seeks to seal are described

17  below in Tables A and B:

| Table A: Exhibits Zuffa Seeks to File under Seal | |
| --- | --- |
| **Type of Material Zuffa Seeks to Seal** | **Exhibits or Portions of Plaintiffs' Opposition** |
| Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses.  Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa. | Ex. 12, Hendrick Depo, 62:1-67:24, 68:4-69:23, 71:1-21, 72:2-73:25, 210:1-213:1, 213:7-13, 213:20-220:7, 221:6-14, 221:19-25, 235:11-241:8, 244:15-245:25, 254:1-258:15, 258:20-264:7, 270:8-272:11; Ex. 13, Hendrick Depo, 362:1-385:23; Ex. 14, Epstein Depo, 22:19-23:2, 32:3-15; Ex. 18, Fitch Depo, 114:3-4, 114:6-7, 115:11-12, 115:22-23, 115:25-116:2, 116:18-20, 118:2-10, 118:17-20, 119:3-4, 119:6-8, 121:1-10, 122:15-18, 122:22-25, 123:24-25, 124:14-16218:15-22, 219:8-25, 224:6-8, 226:3-4, 226:7-12, 226:15-20, 227:15; Ex. 20, Kingsbury Depo, 90:1-93:14, 100:2-101:25; Ex. 24, Shelby Depo, 114:1-117:25, 129:23-130:24, 158:1-158:25, 208:1-210:21, 215:3-216:23, 217:7-9, 217:20-25; Ex. 26, Aronson Depo, 86:20-25, |

2

| Table A: Exhibits Zuffa Seeks to File under Seal | |
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits or Portions of Plaintiffs' Opposition** |
| | 88:5-23, 89:13-93:16; Ex. 28, Epstein Depo, 207:3-211:18, 216:14-217:2; Ex. 29, Silva Depo, 186:4-12, 270:12-271:17, 275:9-276:18, 277:9-15, 382:16-385:21, 392:16-393:7, 410:15-21, 412:7-413:22, 412:6-17, 426:6-12, 456:6-9; Ex. 32, White Depo, 343:10-24, 346:15-347:4, 389:18-393:22, 397:16-400:25 Ex. 34, Singer Depo, 253:6-254:9, 255:6-261:11, 294:10-295:4; Ex. 36, Topel Depo, 110:1-111:9, 111:15-115:9, 117:7-118:7, 121:12-122:23; Ex. 37, Deposition of Robert Topel (December 6, 2017) (excerpted), 301:7-302:15, 302:19-303:3, 347:9-25, 349:12-351:1, 353:3-9, 354:4-8, 354:12-15, 355:8-16, 355:25-356:2, 356:25-357:3, 399:4-400:23, 401:21-409:12, 411:10-414:5;; Ex. 45, ZFL-1081154; Ex. 50, ZFL-1404974; Ex. 52, ZFL-1472158 (excerpted); Ex. 56, ZFL-1873428; Ex. 57, ZFL-1874637; Ex. 61, ZFL-2020850; Ex. 90, ZUF-00296965; Ex. 122, Hendrick 30(b)(6) Ex. 2 (excerpted);  Ex. 123, Hendrick 30(b)(6) Ex. 24 (ZFL-2642993); Ex. 133, J. Silva Ex. 45 (ZFL-2536288); Plaintiffs' Opposition 6:10-13 & nn.15-18, 7:1-2 & nn.19-20, 8:17 & n.22, 9 n.26, 12:5-6, 26:11, 30 n.87, 34:22-23, 35 n.96 |
| Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Ex. 12, Hendrick Depo 267:24-269:7; Ex. 13, Hendrick Depo, 387:7-23, 388:15-389:25; Ex. 14, Epstein Depo, 30:20-33:1, 109:2-114:8, 172:14-174:18; Ex. 22, Fertitta Depo, 286:20-289:5; Ex. 31, White Depo, 143:15-152:10, 223:9-25; Ex. 32, White Depo, 291:25-293:10, 293:15-294:13; Ex. 33, White Depo, 538:1-9, 540:9-16, 544:3-548:11, 548:16-549:9, 549:13-25, 554:1-10, 554:15-556:9, 559:12-560:4, 560:8-561:13, 562:17-566:25, 567:6-569:25; Ex. 36, Topel Depo, 156:20-157:16, 235:6-240:3, 240:10-242:15, 245:23-247:20, 249:11-253:2, 254:7-22; Ex. 47, ZFL-1240584; Ex. 48, ZFL-1384297 (excerpted); Ex. 63, ZFL-2277058 (excerpted); Ex. 64, ZFL-2279086 (excerpted); Ex. 65, ZFL-2283306; Ex. 78, ZFL-2700585 (excerpted); Ex. 88, ZUF-00162329 (excerpted); Ex. 97, DB-ZUFFA-00006389 (excerpted); Ex. 98, DB-ZUFFA-00006528 (excerpted); Ex. 99, DB-ZUFFA-00006631 (excerpted); Ex. 100, DB-ZUFFA-00006712 (excerpted);  Ex. 101, DB-ZUFFA-00014046 (excerpted); Ex. 102, DB-ZUFFA-00020303; Ex. 104, DB-ZUFFA-00056900 (excerpted); Ex. 105, DB-ZUFFA-00057908 (excerpted); Ex. 117, |

3

| Table A: Exhibits Zuffa Seeks to File under Seal ||
| Type of Material Zuffa Seeks to Seal | Exhibits or Portions of Plaintiffs' Opposition |
| --- | --- |
| | WME_ZUFFA_00005368 (excerpted); Ex. 137, White Ex. 117 (ZFL-0000221) (excerpted); Plaintiffs' Opposition 2:25, 4:5 & n. 6, 6 nn.15-16, 9:12-14 n.29, 12:5-6, 12:9-11, 13:2-7, 15:10-11, 15:15-16, 16:10-11, 16:14-15, 16:17-18 & nn. 46 & 48, 17:2, 18 n.55, 26:11, 30 n.87, 34:22-23, 43:10-11, 43:13-14, 43:16-17, 43:18-19 & n.116, 44:3, 45 n.123 |
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Ex. 12, Hendrick Depo, 234:1-25, 241:14-20, 242:3-244:14, 265:5-9, 265:17-21, 266:4-267:1 269:17-21, 272:19-23, 273:9-25; Ex. 14, Epstein Depo, 22:1-28:6, 28:20-30:8, 33:7-37:23, 106:1-107:21, 115:17-117:25, 134:1-136:12, 136-22-143:1, 143:3-143:14, 143:23-145:25, 166:1-172:1, 175:3-177:25; Ex. 15, Batchvarova Depo, 30:1-36:11, 36:23-37:1, 37:9-41:25; Ex. 22, Fertitta Depo, 32:9-33:25, 76:21-77:10, 77:20-80:5, 80:13-85:25, 286:1-9, 286:20-290:14, 292:7-14, 294:1-295:15, 295:23-297:17; Ex. 24, Shelby Depo, 78:1-79:4, 118:9-121:25, 123:18-124:3, 124:19-126:2, 126:9-129:22, 132:22-133:17, 161:23-162:2, 162:13-163:10, 163:19-164:25, 176:22-178:25, 179:25-181:6, 181:20-21,, 183:19-25, 184:21-25, 185:9-21, 186:3-8, 186:28-20, 190:29-192:10, 194:8-25, 195:3-4, 197:14-15, 207:20-21; Ex. 25, Mulkey Depo, 86:1-24, 87:8-97:25, 214:1-215:20, 216:13-219:8, 220:5-223:14, 225:5-25; Ex. 26, Aronson Depo, 95:10-96:3; Ex. 27, Deutsche Bank Depo, 54:1-77:25, 114:1-129:25; Ex. 28, Epstein Depo, 207:3-211:18, 216:14-217:2; Ex. 29, Silva Depo, 38:19-22, 39:7-17, 39:25-40:6, 40:13-23, 42:7-13, 43:19-22, 1130:10-21, 139:20-23, 143:7-9, 157:5, 170:16, 171:16, 177:10-11, 180:4-10, 183:4-9, 303:22-304:20, 304:22-306:2, 311:6-7, 311:17-19, 313:7-11, 316:9-25, 317:18-23, 398:13-22, 399:10-15, 399:23-400:4, 401:2-19, 405:12-19, 423:21-424:3, 468:12; Ex. 30, Coker Depo, 85:3-23, 86:19-87:9, 93:9-98:12, 113:23-114:17, 117:11-18, 124:17-125:25, 141:19-25; Ex. 31, White Depo, 142: 10-143:9, 153:2-154:8, 155:10-157:4, 158:13-162:16, 169:15-170:3, 186:5-187:10, 201:6-25, 214:2-215:5, 226:7-227:21, 228:13-233:23, 236:13-237:21, 242:5-243:19; Ex. 32, White Depo, 304:14-307:19, 334:12-336:5, 348:17-350:17, 351:2-354:5, 356:23-357:17, 385:8-388:24, 445:1-446:9, 447:7-449:7, 451:7-11, 453:20-454:12; Ex. 36, Topel Depo, 28:1-22, 47:10-19, 244:9-245:14; Ex. 37, Deposition of Robert Topel (December 6, 2017) |

4

| Table A: Exhibits Zuffa Seeks to File under Seal | |
| Type of Material Zuffa Seeks to Seal | Exhibits or Portions of Plaintiffs' Opposition |
| --- | --- |
| | (excerpted), 379:25-380:2, 381:16-383:16, 391:4-392:10, 394:6-21, 395:2-6, 395:20-396:15, 397:19-398:11, 420:24-422:2, 424:6-8, 447:19-22, 448:3-450:7, 452:14-16, 452:24-453:4, 455:4-25, 460:13-21, 455:7-471:12, 472:25-473:20, 476:11-477:10, 478:17-22, 479:6-481:9, 489:17-490:6, 490:22-491:22;  Ex. 43, ZFL-0990908; Ex. 45, ZFL-1081154; Ex. 46, ZFL-1096310; Ex. 51, ZFL-1421551; Ex. 52, ZFL-1472158 (excerpted); Ex. 53, ZFL-1484034; Ex. 58, ZFL-1897652 (excerpted); Ex. 60, ZFL-1911498; Ex. 61, ZFL-2020850; Ex. 62, ZFL-2193553; Ex. 64, ZFL-2279086 (excerpted); Ex. 67, ZFL-2463304 (excerpted); Ex. 70, ZFL-2477398; Ex. 71, ZFL-2496215; Ex. 72, ZFL-2497585; Ex. 76, ZFL-2536695; Ex. 79, ZFL-2757165; Ex. 80, ZFL-2764805; Ex. 81, ZFL-12535916; Ex. 83, ZUF-00031544; Ex. 85, ZUF-00108798 (excerpted); Ex. 86, ZUF-00111415 (excerpted); Ex. 88, ZUF-00162329 (excerpted); Ex. 91, ZUF-00325418; Ex. 93, ZUF-00395941;  Ex. 94, ZUF-00395952; Ex. 96, DB-ZUFFA-00006237 (excerpted); Ex. 97, DB-ZUFFA-00006389 (excerpted); Ex. 98, DB-ZUFFA-00006528 (excerpted); Ex. 103, DB-ZUFFA-00024678 (excerpted); Ex. 111, MDYS ZFF 000103 (excerpted); Ex. 112, RAINE0000019 (excerpted); Ex. 113, RAINE0018791 (excerpted); Ex. 114, RAINE0020542 (excerpted); Ex. 115, RAINE0020633 (excerpted); Ex. 116, WME_ZUFFA_00001150 (excerpted); Ex. 120, Z.E._006755 (excerpted); Ex. 124, J. Silva Ex. 8 (ZUF-00296713); Ex. 125, J. Silva Ex. 11 (ZFL-0822197); Ex. 127, J. Silva Ex. 14 (ZFL-0826818); Ex. 128, J. Silva Ex. 16 (ZFL-1012702); Ex. 129, J. Silva Ex. 26 (ZFL-2287140); Ex. 130, J. Silva Ex. 28 (ZFL-0827903); Ex. 131, J. Silva Ex. 29 (ZFL-2497582); Ex. 132, J. Silva Ex. 39 (ZFL-0977248); Ex. 134, Quinn Ex. 3 (ZFL-2699678) (excerpted); Plaintiffs' Opposition 4:5 & n.6, 5-6 n.12, 6 nn.15-16, 8 n.22, 9:5-6, 9:12-14 & n.29, 10:1-3, 10:10-11, 10:20-22, 11:13-14, 11:16-18 & nn. 34-35, 12:18-19 & n.36, 13:8-10 & n.39, 14:21-22 & n.42, 15:3-10, 15:16-18, 17 n.53, 18:11 & nn. 54 & 56, 32:21-22, 35:11-12, 36:14, 36:19, 38:14-16, 43:10-11, 43:13-14, 43:16-19 & nn.115-16,  44:3 & n.120 44:3 & n. 120 |

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Table A: Exhibits Zuffa Seeks to File under Seal | |
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits or Portions of Plaintiffs' Opposition** |
| Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | Ex. 20, Kingsbury Depo, 93:24-94:20, 94:25-95:3; Ex. 21, Lappen Depo, 149:15-25; Ex. 23, KnappDepo, 67:10-68:2, 127:9-128:3, 128:21-129:5, 131:1-132:25, 134:3-136:16, 137:7-137:25, 222:28-24; Ex. 24, Shelby Depo, 167:11-168:3, 168:19-21, 198:7-12; Ex. 26, Aronson Depo, 81:8-83:10, 85:7-18; Ex. 27, Deutsche Bank Depo, 54:1-77:25, 114:1-129:25; Ex. 29, Silva Depo, 38:19-22, 39:7-17, 39:25-40:6, 40:13-23, 46:9-19, 47:5-6, 47:9-12, 55:11-18, 56:14-15, 57:11-12, 57:18-19, 57:24-58:5, 58:10-15, 58:20-59:2, 59:5-17, 60:4-11, 75:18-24, 76:22-24, 77:19-23, 78:9-11, 88:15-19, 100:16-18, 104:9-12, 151:22-24, 152:8-9, 249:21-22; Ex. 36, Topel Depo, 26:2-27:7; Ex. 37, Deposition of Robert Topel (December 6, 2017) (excerpted), 360:15-361:5, 362:19-363:12, 389:10-19, 410:1-6, 436:3-442:19, 445:3-447:12, 482:9-484:21, 384:3-10; Ex. 40, ZFL-0827903; Ex. 41, ZFL-0872344; Ex. 42, ZFL-0872351; Ex. 46, ZFL-1096310; Ex. 55, ZFL-1872579; 59, ZFL-1904802; Ex. 66, ZFL-2461790; Ex. 68, ZFL-2469204; Ex. 69, ZFL-2469208; Ex. 75, ZFL-2535654; Ex. 77, ZFL-2544572; Ex. 95, CG-UFC-00000005 (excerpted); Ex. 96, DB-ZUFFA-00006237 (excerpted); Ex. 97, DB-ZUFFA-00006389 (excerpted); Ex. 98, DB-ZUFFA-00006528 (excerpted); Ex. 99, DB-ZUFFA-00006631 (excerpted); Ex. 100, DB-ZUFFA-00006712 (excerpted); Ex. 101, DB-ZUFFA-00014046 (excerpted); Ex. 102, DB-ZUFFA-00020303; Ex. 103, DB-ZUFFA-00024678 (excerpted); Ex. 104, DB-ZUFFA-00056900 (excerpted); Ex. 105, DB-ZUFFA-00057908 (excerpted); Ex. 106, MDYS ZFF 000005; Ex. 107, MDYS ZFF 000039; Ex. 108, MDYS ZFF 000058; Ex. 109, MDYS ZFF 000074; Ex. 110, MDYS ZFF 000082; Ex. 111, MDYS ZFF 000103 (excerpted); Ex. 112, RAINE0000019 (excerpted); Ex. 113, RAINE0018791 (excerpted); Ex. 114, RAINE0020542 (excerpted); Ex. 115, RAINE0020633 (excerpted); Ex. 116, WME_ZUFFA_00001150 (excerpted); Ex. 118, WME_ZUFFA_00013978; Ex. 119, WME_ZUFFA_00031950; Ex. 128, J. Silva Ex. 16; Plaintiffs' Opposition 4 n.4, 7:8-9, 13:11-12, 15:10-11, 15:15-16, 15:17-18, 16 n.46, 17:2, 25:6-7 & n.71, 40 n.109 |

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

| Table B: Expert Reports Zuffa Seeks to File under Seal | | |
|---|---|---|
| Ex. | Description | Justification |
| 1 | Expert Report of Hal J. Singer, Ph.D. (August 31, 2017) | The report contains highly confidential information regarding Zuffa's athlete contracts and strategies, event-level financial and other information, trade secret strategy information, and third-party confidential information.  Release of this information is likely to cause Zuffa and third parties significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF No. 533). |
| 2 | Rebuttal Expert Report of Hal J. Singer, Ph.D. (January 12, 2018) | The report contains highly sensitive and confidential information regarding Zuffa's athlete contracts and strategies, event-level financial and other information, trade secret strategy information, and third-party confidential information.  Release of this information is likely to cause Zuffa and third parties significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF No. 533). |
| 3 | Supplemental Expert Report of Hal J. Singer, Ph.D. (April 3, 2018) | This report contains highly confidential and sensitive Zuffa financial information.  Release of this information is likely to cause Zuffa significant competitive harm. |
| 4 | Second Supplemental Reply Report of Hal J. Singer, Ph.D. (May 28, 2018) | This report contains highly confidential and sensitive Zuffa trade secret financial information.  Release of this information is likely to cause Zuffa significant competitive harm. |
| 5 | Expert Report of Andrew Zimbalist in *Cung Le, et al. v. Zuffa, LLC* (August 30, 2017) | This report contains highly confidential information regarding Zuffa's athlete contracts and strategies and Zuffa financial information.  Release of this information is likely to cause Zuffa significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF No. 533). |
| 6 | Expert Rebuttal Report of Andrew Zimbalist (December 26, 2017) | This report contains highly confidential information regarding Zuffa's athlete contracts and strategies and Zuffa financial information.  Release of this information is likely to cause Zuffa significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF No. 533). |
| 8 | Expert Report of Guy A. Davis, CPA, CIRA, CDBV, CFE (August 31, 2017) | This report contains highly confidential information regarding Zuffa's detailed financial information, release of which is likely to cause Zuffa significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF No. 533). |

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

| Table B: Expert Reports Zuffa Seeks to File under Seal | | |
|---|---|---|
| Ex. | Description | Justification |
| 9 | Expert Report of Professor Robert H. Topel (October 27, 2017) (excerpted) | The excerpts of this report contain highly confidential information regarding Zuffa's athlete contracts and strategies, event-level financial and other information, trade secret strategy information, and third-party confidential information.  Release of this information is likely to cause Zuffa and third parties significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF Nos. 533). |
| 10 | Expert Report of Paul Oyer (October 27, 2017) (excerpted) | The excerpts of this report contain information regarding Zuffa's highly confidential financial and athlete contract information, release of which would be likely to cause Zuffa significant competitive harm.  The Court previously granted Zuffa's motion to seal this report (ECF Nos. 533). |

I.   Zuffa's Highly Confidential And Commercially Sensitive Information Regarding Agreements With Athletes Is Properly Filed Under Seal.

Zuffa's promotional and other athlete agreements contain "specific contractual terms, financial payments, benefits and obligations negotiated with an athlete."  ECF No. 349-1 ¶ 8 (Decl. of Nicholas A. Widnell ("Widnell Decl.")).  Zuffa's executives and employees keep this contractual and financial information, which includes individual compensation information, private and confidential.  ECF No. 565-3 (Decl. of Wm. Hunter Campbell ("Campbell Decl.")) ¶ 3.  Zuffa works diligently to keep its promotional agreements and athlete contracts—both executed and in draft form—confidential.  *Id.* ¶ 6.  Zuffa does this *inter alia* to prevent its competitors from simply copying its contracts or combining that information with other highly confidential financial information to copy or undermine Zuffa's successful business model.  *Id.*

A.   The Ninth Circuit And Several District Courts, Including This Court, Have Held That Sealing This Type Of Information Is Appropriate Under the "Compelling Reasons" Standard.

The Ninth Circuit has held that this information is properly filed under seal.  *E.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal categories of information including pricing terms, royalty rates, guaranteed minimum payment terms, trade secret information, and business information that, if released, might cause competitive harm).   The Ninth Circuit has adopted the Restatement of Torts definition of "trade

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

secret" as "any formula, pattern, device or compilation of information which is used in one's

business, and which gives him an opportunity to obtain an advantage over competitors who do

not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1008-09 (9th Cir. 1972)  (finding that a

"detailed plan for the creation, promotion, financing and sale of contracts" constitutes a trade

secret); *see also In re Elec. Arts, Inc.*, 298 F. App'x at 569.  District courts within this District and

Circuit have explained that "[w]here the material includes information about proprietary business

operations, a company's business model or agreements with clients, there are compelling reasons

to seal the material because possible infringement of trade secrets outweighs the general public

interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*,

No. 2:09–cv–01491–JCM–GWF,  2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011); *see also In

re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577133, at *4 (C.D. Cal.

Dec. 29, 2014)  (citing cases) ("Courts routinely find that the risk of competitive harm arising

from the public disclosure of internal business documents constitutes a compelling reason that

justifies sealing").

Agreements, including agreements that contain specific information regarding how a party

engages the services of a third party, are properly filed under seal under the "compelling reasons"

standard as "competitors could use this information to adjust their own contracts," thereby

undermining a party's "ability to compete." *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-

6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (citations omitted).  Zuffa's

agreements with athletes—and, in particular, any draft contracts and negotiation

communications—also meet the "compelling reasons" standard because as intense negotiations

frequently take place for MMA athlete services between Zuffa and its competitors, Campbell

Decl. ¶ 5, "disclosing the terms of these agreements would put [Zuffa] at a disadvantage in future

negotiations for similar agreements." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,

No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.  Zuffa Has Provided Evidence Demonstrating That Athlete Contractual Information Is Highly Sensitive And Disclosure Of That Information Would Cause Zuffa Significant Competitive Harm.

Disclosure of Zuffa's promotional agreements, which contain specific financial terms, benefits, and obligations negotiated with an athlete, would "provide competitors with unfair and damaging insights into Zuffa's business practices."  Campbell Decl. ¶¶ 3, 5-6 (disclosure of "the amounts and benefits Zuffa is willing to offer an athlete – in addition to information regarding Zuffa's negotiation strategy and tactics – could and would be used by competitors to gain an advantage in negotiations with such athletes").

There is no dispute that other MMA promoters are aware of the significant competitive risks and harms they face if confidential athlete agreements were released publicly.  For example, Bellator's counsel and President both have described the competitive harm that would occur if athlete contract information was released publicly to this Court.  Bellator's President stated that "if individual athlete contract information were provided to Bellator's competitors, they would be able to anticipate Bellator's recruitment strategies, outflanking its ability to sign the best fighters, anticipating strategies in each respective weight class and geographic market, and compromising its strategic plans to develop the best overall promotion."  *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-3 (Decl. of Bellator President Scott Coker at ¶ 15) ("Coker Decl.").  Bellator's counsel has explained to this Court that any information—*e.g.*, individual athlete contracts—that would permit a "Bellator fighter [to be] compared to this fighter, they're disclosing our information," which he characterized as "a very significant concern."  ECF No. 438, June 1, 2017 Hearing Tr. 16:16-21.

C.  Disclosure of Athlete Contracts Would Invade The Privacy Interests Of Third Parties And Potentially Harm Athletes' Interests.

The terms of Zuffa's contracts with athletes detailing their contractual responsibilities to Zuffa and vice-versa as well as the compensation Zuffa is to pay to those athletes are properly filed under seal for the same reasons—they define a third party's rights, responsibilities, and compensation for fulfilling those responsibilities.  *Icon-IP Pty Ltd.*, 2015 WL 984121, at *3 (granting a motion to seal regarding invoice and payment information in addition to "information about assignments and consulting and license agreements between a third party consultant" and

10

the party moving to seal under the "compelling reasons" standard because "release of that information would result in an invasion of the third party's privacy" and "would result in an invasion of the privacy of the third party consultants" at issue).

Indeed, many athletes do not want the terms of their contracts to be publicly released and for some, release of that information—in particular compensation information—would threaten the safety of the athletes and their families. ECF No. 589-1, Decl. of Ali Abdelaziz ¶¶ 4-5. "The privacy interests of innocent third parties should weigh heavily in a court's balancing opinion" of access to judicial records. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation and quotation marks omitted). Zuffa's employees have also received requests from athletes to keep their draft and final contracts—in addition to compensation information—strictly confidential for privacy or safety reasons. Campbell Decl. ¶ 8. Consistent with athlete commission rules and applicable laws, Zuffa employees use their best efforts to respect these requests. *Id.*

> D. Courts Have Already Held That Athlete Contracts Are Properly Filed Under Seal Under The Compelling Reasons Standard.

This Court has already held that Zuffa's contracts with athletes and other related business documents that contain financial terms meet the compelling reasons standard for sealing. ECF Nos. 495, 504. In addition, Magistrate Judge Hoffman, in another case in this District, has found Zuffa's athlete agreements are properly filed under seal under the "compelling reasons" standard. Judge Hoffman found that several of Zuffa's agreements with one of its athletes were properly sealed under *Kamakana*'s "compelling reasons" standard. *Hunt v. Zuffa, LLC*, Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018), ECF No. 140 at 1-2. In granting Zuffa's request, Judge Hoffman noted Zuffa's claim that "the agreement contain proprietary information, and that public disclosure would harm Zuffa's contractual relationships with other fighters and its competitive standing with MMA promoters." *Id.* at 2. Judge Hoffman concluded that Zuffa has "identified compelling reasons that warrant sealing" the agreements and a related portion of a brief. *Id.*

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

II.     Documents Containing Detailed Analysis Of Zuffa's Financial And Revenue Information Are Properly Filed Under Seal.

Zuffa moves to seal the exhibits and portions of Plaintiffs' Opposition that contain detailed analysis of Zuffa financial and revenue information, including individual athlete and event-level information, as well as Zuffa's confidential financial records, revenue, internal valuations, and compensation.  This Court has previously sealed Zuffa's financial information under the "compelling reasons" standard.  ECF No. 495, 504.

Zuffa is a privately owned corporation.  It does not publicly report its revenue, expense, compensation, and other financial information on a yearly, quarterly, or event-by-event basis. ECF No. 565-3, Campbell Decl. ¶ 4.  Zuffa, its executives, and its employees maintain the confidentiality of its financial and revenue information —including revenue and compensation information, both on an individual and aggregate level—private and confidential.  *Id.* ¶ 3.  Zuffa considers its event-level financials, including compensation and spending information, highly confidential.  *Id.*

Zuffa's financial information is highly sensitive, and releasing this information publicly would put Zuffa at risk of competitive harm because other MMA promoters could try to use Zuffa's confidential financial information to their advantage.  *Id.* ¶ 3 (explaining that release of this "highly sensitive business information" would permit "competitors to have a tactical advantage over Zuffa in negotiations with venues, sponsors, athletes, and others"); Decl. of Stacey K. Grigsby in Support of Zuffa's Motion to Seal Plaintiffs' Opposition ("Grigsby Decl.") ¶ 6.  Other courts in this district have also held that compelling reasons exist to seal these categories of information.  *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491– JCM–GWF, 2011 WL 1630338, at *6-7 (D. Nev. Apr. 29, 2011) (finding compelling reasons to seal "detailed information regarding Selling Source's business operations, customer agreements, corporate structure, the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property," including the "Master Service Agreement" and "License Agreement"); *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920, at *3 (D.

12

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

Nev. May 5, 2016) (finding compelling reasons to seal "account list" that "evidences the terms of numerous agreements, reveals revenue figures, and lists technical information regarding each contract," as well as "business plan created by Plaintiff for a specific client"); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806, at *1–2 (D. Nev. May 20, 2014) (finding compelling reasons to seal documents "that contain proprietary and confidential information about the corporate structure and internal governance of Plaintiff's business") (Leen, J.)

Zuffa is not the only MMA promoter with this concern.  That Bellator designated all of its quarterly financial data as highly confidential—the most protected designation—under the Protective order only underscores the sensitivity of this type of information.  As Counsel for Bellator explained, event-level specific financial documents are among the "most sensitive documents" to Bellator.  ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").

The Federal Circuit, applying Ninth Circuit law, has held that "detailed product-specific financial information" may be properly filed under seal where a company "could suffer competitive harm if [the] information is made public," including providing "suppliers an advantage in contract negotiations" which would put the company "at a competitive disadvantage compared to their current position."  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).  "[D]etailed product-specific" information properly filed under seal includes "costs, sales, profits, and profit margins."  *Id.* at 1224-25.  The Federal Circuit further held that reports with "information that [a company's] competitors could not obtain anywhere else," even where those competitors could attempt to replicate that information, meet the compelling reasons standard for sealing.  *Id.* at 1228.

Zuffa's detailed financial information is properly filed under seal.  This includes Zuffa's wage share information—detailed event-by-event information comparing Zuffa's event revenue to the amount of compensation paid to athletes competing in that event.  Wage share information is properly sealed because it is a compilation of information regarding Zuffa's "volume of

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

business" and highly confidential trends (and sales) in Zuffa's business.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University Books, Inc.,* 602 F.2d 859, 865 n.2 (9th Cir. 1979)).  As Zuffa has previously explained at length, detailed wage share information—whether used on its own or in conjunction with regression analysis—would provide competitors with unearned insights into Zuffa's investment, expense, and spending decisions, which would permit them to have a "roadmap" to Zuffa's business and allow those competitors to cause competitive harm to Zuffa for their benefit.  ECF No. 565, Zuffa's Reply in Supp. of Mot. to Seal Pls.' Class Cert Reply at 5-6.

In addition, it is the *combined effect* of the disclosure of detailed financial information that is important in evaluating whether sealing under the compelling reasons standard is appropriate.[1] *Del Campo* and the Ninth Circuit *Walker* decision hold that if competitors could successfully use the various pieces of a business's proprietary information to more effectively compete, then that information may constitute a trade secret.  Further, in *Apple Inc.*, the Federal Circuit considered the *combined* effect of disclosing separate pieces of business information.  *Id.* at 1225 ("If Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components. This would put Apple and Samsung at a competitive disadvantage compared to their current position") (internal citation omitted).  In sum, sealing under the compelling reasons is appropriate for Zuffa's financial, revenue, and related information.

III.   Zuffa's Trade Secret Business Information And Highly Confidential Business Communications And Strategy Are Properly Filed Under Seal.

Zuffa moves to seal the exhibits and portions of Plaintiffs' Opposition that contain trade secret business information and highly confidential and sensitive business communications strategy.  This information includes Zuffa's highly confidential marketing and business strategy

---

[1] In granting a motion to seal trade secret information, the *Del Campo* court recognized that binding precedent holds that "one factor in determining whether information is a trade secret is the ease or difficulty with which the information could be properly acquired or duplicated by others."  2007 WL 902568, at *5 (citing *Walker*, 602 F.2d at 856 n.2).

14

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

related to Zuffa's business in the United States and abroad.  It also includes contract, payment and negotiation strategies relating to Zuffa and non-Zuffa MMA athletes, as well as other business partners that Zuffa works diligently to keep confidential.  Campbell Decl. ¶¶ 5, 7.

This information is highly sensitive for Zuffa, as public disclosure of this information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned competitive advantages.  *Id.* ¶¶ 5, 7.  Compelling reasons exist to seal the exhibits and portions of Plaintiffs' Opposition containing trade secret business information.  Grigsby Decl. ¶ 8; *see also id.* ¶¶ 6-7.

This type of trade secret business strategy information is properly filed under seal under the compelling reasons standard.  *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x at 569 (compelling reasons exist to seal categories of information including trade secret and business information that, if released, might cause competitive harm); *Selling Source*, 2011 WL 1630338, at *6-7 (finding compelling reasons to seal "detailed information regarding Selling Source's business operations," in addition to "the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property""); *Bartech Int'l, Inc.*, 2016 WL 2593920, at *3 (finding compelling reasons to seal the "business plan created by Plaintiff for a specific client").  As the Federal Circuit, applying Ninth Circuit law, held compelling reasons exist to seal data and information that competitors "could not obtain anywhere else," including, for example, marketing survey information that could give a company a "competitive advantage" by permitting that company to be the first to "introduce products with new features."  *Apple*, 727 F.3d at 1128.  Release of this type of information could provide, as the Federal Circuit explained, a "head-start" on the company's strategy and would therefore "provide them with an enormous benefit" to the company's detriment.  *Id.*

IV.   Information Designated Confidential By A Third Party That Is Likely To Cause Competitive Harm And Exhibits Containing Third Party Trade Secret And Similar Information Is Properly Filed Under Seal.

Zuffa seeks to file under seal certain exhibits designated as confidential by a Third Party that contain highly sensitive and confidential information and that would be likely to cause

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

significant competitive harm if released publicly, exhibits containing third party trade secrets likely to cause competitive harm, as well as corresponding portions of Plaintiffs' Opposition describing or containing such information.  These exhibits include third-party contracts and testimony that includes information about third party contracts, communications, or financial terms or was designated by Plaintiffs as confidential.  Zuffa also seeks to seal exhibits containing redactions of the private information of individuals, such as social security numbers.  Compelling reasons exist to seal the information, especially third-party contract and financial documents, certain other exhibits that contain Zuffa or third parties' trade secret or commercially sensitive information, and redactions for individual privacy.  Disclosure of this information is likely to cause competitive harm or harm from invasion of privacy to third parties to this suit.  Grigsby Decl. ¶10

V.   Portions Of The Expert Reports Are Properly Filed Under Seal Under The Compelling Reasons Standard.

The expert reports lodged as Exhibits to Plaintiffs' Opposition are properly filed under seal.  The expert reports contain quotations from and analysis and descriptions of the highly confidential Zuffa and third party information described above and described in Zuffa's previous sealing motions related to these reports, ECF Nos. 525, 552 and 577.  Public disclosure of this information would be likely to cause Zuffa competitive harm.  Grigsby Decl ¶ 9; *see also* Coker Decl. ¶ 15; ECF No. 438, June 1, 2017 Hearing Tr. 16:16-21, 39:11-15 (Bellator's counsel describing the sensitivity of event-level profit-and-loss statements and athlete contract information).

VI.   Zuffa Has Narrowly Tailored Its Sealing Requests And Hereby Files Certain Exhibits Publicly.

Zuffa has agreed to file the exhibits listed below publicly in whole or in part.  In support of its efforts to narrowly tailor its sealing requests, counsel for Zuffa spent many hours reviewing Plaintiffs' Opposition in addition to all of the exhibits Plaintiffs lodged under seal to determine whether public filing was appropriate for each exhibit.  Grigsby Decl. ¶ 11.  As a result of its review, Zuffa will file 25 exhibits publicly in full or in part.  Each of the exhibits that Zuffa seeks

16

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

to file under seal is included as exhibits to the Grigsby Declaration.  While certain exhibits are filed publicly in full, for any publicly-filed exhibits with redactions, the reasons supporting those redactions are provided above.

### CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court find that compelling reasons exist to seal the exhibits described herein and the portions of Plaintiffs' Opposition reflecting the contents of such exhibits.

Dated:  October 3, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
   Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment (ECF No. 596) was served on October 3, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick J. Crawford*

Roderick J. Crawford, an Employee of
Boies Schiller Flexner LLP

ZUFFA, LLC'S MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.