Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)** |

Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)

1

## <u>TABLE OF CONTENTS</u>

2

**Page(s)**

3    I.      INTRODUCTION ................................................................................. 1

4    II.     LEGAL STANDARD .......................................................................... 2

5    III.    ARGUMENT......................................................................................... 4

6            A.    Zuffa's Descriptions And Justifications for Sealing Fail to Present
                   Articulable Facts Showing Compelling Reasons to Seal Supported by
7                  Specific Factual Findings. ........................................................ 4

8                  1.    Zuffa Has Failed to Narrow Its Overbroad Discovery Confidentiality
                         Designations to Meet The Compelling Reasons Standard Required
9                        for Judicial Records Attached to Dispositive Motions. ..................... 7

10           B.    Zuffa Will Not Suffer Competitive Harm From Disclosure of The
                   Documents It Asks The Court to Seal. ......................................... 8
11
                   1.    Many of The Documents Do Not Contain Commercially Sensitive
12                       Information ...................................................................... 8

13                 2.    The Documents Contain Information That is Public Knowledge... 10

14                 3.    Many of the Documents are Too Old to Contain Trade Secrets ..... 12

15           C.    The Interest of The Named Plaintiffs, Class Members, The Public, And
                   The Press in Access to The Documents Zuffa Seeks to Seal Outweighs Any
16                 Purported Confidentiality Interest May Hold in Those Documents. ......... 14

17                 1.    The Strong Presumption of Public Access to Judicial Records Is
                         Heightened Where, As Here, The Alleged Unlawful Antitrust
18                       Violations Affect The Rights of A Large Class of Victims. ............. 15

19           D.    This Court's Prior Orders to Seal do not Prevent An Order Unsealing
                   Documents ................................................................................ 19
20
     IV.     CONCLUSION ....................................................................................... 20
21

22

23

24

25

26

27

28

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA,
LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

**TABLE OF AUTHORITIES**

**Cases**                                                                                   **Page(s)**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ........................................... 4

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK,
    2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5, 2016) ......................................... 3

*Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS
    18698 (W.D. Wash. Feb. 5, 2018) ............................... 13

*City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir. 2001) .................................... 19

*Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017
    U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017) ............................... 2

*Elec. Arts, Inc. v. United States Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568
    (9th Cir. 2008) ............................... 3

*eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist.
    LEXIS 28164 (D. Ariz. Mar. 2, 2012) ............................... 7, 15

*Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS
    164674 (N.D. Cal. Nov. 18, 2013) ............................... 2

*Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700
    (N.D. Cal. Aug. 22, 2017) ............................... 3

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967
    CW (NC), 2013 U.S. Dist. LEXIS 85375 (N.D. Cal. June 17, 2013) ............................... 13

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967
    CW, 2014 U.S. Dist. LEXIS 22233 (N.D. Cal. Feb. 20, 2014) ............................... 6

*Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ............................... 2

*Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS
    112788 (W.D. Wash. July 6, 2018) ............................... 13

*Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS
    4022 (N.D. Cal. Jan. 13, 2014) ............................... 3

*Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH-PAL, 2012 U.S.
    Dist. LEXIS 174441 (D. Nev. Dec. 6, 2012) ............................... 7

*Peralta v. Dillard*, 520 F. App'x 494 (9th Cir. 2013) ............................... 19

*PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S.
    Dist. LEXIS 202748 (N.D. Ill. Dec. 9, 2017) ............................... 13

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-
    CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) ............................... 15

*Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016) ............................... 3

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA,
LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

**Rules**

Fed. R. Civ. P. 26(c) ............................................................................................................... 8

Fed. R. Civ. P. 59 ................................................................................................................. 19

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I. INTRODUCTION

Plaintiffs file this brief in opposition to Zuffa LLC's Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment and Related Materials (ECF No. 602) (the "Motion to Seal"). As with its previous motions to seal, Zuffa has failed to provide compelling reasons supported by specific factual findings to justify sealing the documents and information Zuffa asks the Court to seal. Many of the documents simply do not contain commercially sensitive information, or contain information that is public knowledge, or that is too old to be commercially sensitive. And Zuffa fails to show that its alleged interest in confidentiality outweighs the presumed right of access of the named Plaintiffs, the Class members, the public, and the press. This transparency interest is heightened in an antitrust class action such as this, where the rights and interests of a large number of UFC fighters are at stake and the alleged wrongdoing should not be concealed from public scrutiny.

Zuffa provides four cursory descriptions of the purportedly confidential information contained in the documents it seeks to seal. These two- or three-sentence descriptions are meant to cover well over 1,000 individual documents or redactions. Zuffa makes no attempt to show—as it must—the nature of each document to be sealed, the basis for sealing, and how Zuffa will be harmed by disclosure of each document it seeks to seal. Zuffa's blanket justifications fail to satisfy the compelling reasons standard, and amount to an improper attempt by Zuffa to shift the burden of determining the nature of information to be sealed and the basis for sealing onto the Court and the Plaintiffs. This alone represents a legally sufficient reason for denying Zuffa's Motion to Seal.

Many of the documents Zuffa seeks to seal offer strong support for Plaintiffs' claims, or cast Zuffa in a negative light. Zuffa has failed to demonstrate how its interest in confidentiality outweighs the vital interest of the named Plaintiffs, the Class members, the public, and the press in assessing the claims, defenses, and evidence presented, which is heightened in important antitrust class actions like this case. When antitrust violations are alleged, as they are here, public disclosure is of particular importance to ensure improper

behavior does not escape public scrutiny, and the Federal Rules are not misused to hide illegal behavior. Moreover, Zuffa continues to vie for an unfair advantage in the court of public opinion by selectively asking the Court to seal information that supports Plaintiffs' claims or casts Zuffa in a negative light, while freely revealing information that it believes supports its position or otherwise casts it in a positive light. Zuffa should not be able to misuse the Federal Rules to conceal its anticompetitive actions.[1]

Accordingly, this Court should deny Zuffa's Motion to Seal.

## II.   LEGAL STANDARD

Courts in the Ninth Circuit maintain "a strong presumption in favor of access" to judicial records attached to dispositive motions, including motions for summary judgment. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation omitted). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by . . . articulat[ing] compelling reasons supported by specific factual findings . . . ." *Id.* at 1178 (citation omitted). "A litigant is required to make a particularized showing for each document it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6, n.1 (D. Nev. June 21, 2017) ("*Collectors Coffee*"). "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674, at *4-5 (N.D. Cal. Nov. 18, 2013) ("*Hodges*") (italics added) (citation omitted). "The Ninth Circuit has rejected efforts to seal documents under the compelling reasons standard based on conclusory statements [that] the contents of the documents . . . are confidential and that, in general, their disclosure would be harmful to the movant." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016

---

[1] Plaintiffs addressed many of these issues in their Opposition to Zuffa LLC's Motion to Seal Plaintiffs' Reply in Support of Plaintiffs' Motion to Certify Class and Related Materials, ECF No. 558, and in their opposition to Zuffa LLC's Motion to Seal Zuffa LLC's Motion for Summary Judgment and Related Materials, ECF No. 581, both of which Plaintiffs hereby incorporate into this brief as if they were fully set forth herein.

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) (citations omitted) ("*Bartech*").

Moreover, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted) ("*Shane*"). *Accord, Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS 4022, at *4 (N.D. Cal. Jan. 13, 2014) ("*Marsh*") ("In a class action, the public right of access to court documents is especially heightened."). This is especially so in antitrust cases, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane*, 825 F.3d at 305 (citation omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, *document by document*, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (emphasis added; citation omitted). Sealing information in a class action is inappropriate when doing so would "interfere with the right of class members to make an informed decision about whether to object or opt out." *Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700, at *3, n.1 (N.D. Cal. Aug. 22, 2017).

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citations omitted). "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Elec. Arts, Inc. v. United States Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (citation omitted). Parties "have an interest in keeping their detailed product-specific financial information secret . . . [when] they could suffer competitive harm if this information is made public."

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law). Courts will grant a party's motion to seal where public disclosure would "cause it competitive disadvantage by permitting its competitors to exploit its trade secrets." *Bartech,* 2016 U.S. Dist. LEXIS 59852, at *5.

For the reasons discussed below, Zuffa fails to satisfy the compelling reasons standard.

## III.   ARGUMENT

### A.   Zuffa's Descriptions And Justifications for Sealing Fail to Present Articulable Facts Showing Compelling Reasons to Seal Supported by Specific Factual Findings

The party seeking to prevent access to judicial records must "'articulate compelling reasons supported by specific factual findings,' providing 'articulable facts' that identify the interests favoring secrecy and showing how those interests outweigh the presumption of public access to judicial records." *Hodges,* 2013 U.S. Dist. LEXIS 164674, at *2-3 (quoting *Kamakana,* 447 F.3d at 1178, 1181). "In the absence of specifically articulated reasons, meaningful appellate review is impossible." *Kamakana,* 447 F.3d at 1182 (citation omitted). When a party merely "identifies the redactions it seeks by page number and line number, [without] provid[ing] similarly specific compelling reasons to justify these redactions," it fails to satisfy the compelling reasons standard. *Id.* at 1183-84. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184 (holding that a party's attempt "to justify each redaction by listing one of four general categories of privilege" was insufficient).

Here, Zuffa does exactly that. Zuffa asks the Court to seal well over 1,000 individual redactions or exhibits based solely on four extremely broad categorical descriptions of the types of information Zuffa seeks to seal, contained in two tables. Table A refers to "Exhibits Zuffa Seeks to File under Seal," and contains four sub-categories. Each sub-category includes a cursory one- or two-sentence description of the purported grounds for sealing, to be applied to tens or even hundreds of individual redactions or requests to seal within that category. Beyond this brief overarching description, there is no further information about the nature (e.g., contract, email, financial report, etc.) or content (e.g., contract negotiation, notice of

injury extension, internal assessment of rival promoter's fighters, etc.) of each document Zuffa seeks to seal. The categories include documents or portions thereof purportedly containing highly confidential or trade secret information regarding:

- Zuffa's contractual clauses and internal policies relating thereto, Motion to Seal, p. 2 (the "Contracts" sub-category) (contains 114 individual redactions or sealed documents);

- event-level financial information or internal valuation or analysis, *id.*, p. 3 (the "Financial Information" sub-category) (contains 73 individual redactions or sealed documents);

- business information and internal strategy information, *id.*, p. 4 (the "Strategy" sub-category) (contains 236 individual redactions or sealed documents); and,

- third-party information, *id.*, p. 6 (the "Third Party" sub-category) (contains 99 individual redactions or sealed documents).[2]

Zuffa fails to describe each document or redaction in a way that demonstrates that the information contained therein is confidential, and it fails to show how it would be harmed by disclosure of the information. Zuffa's overbroad, non-specific categorizations fail to satisfy the compelling reasons standard.

Table B, which refers to "Expert Reports Zuffa Seeks to File under Seal," contains only generalized references to the four sub-categories listed in Table A. For example, Zuffa's purported justification for sealing extensive portions of the Expert Report of Hal J. Singer,

---

[2] Plaintiffs do not oppose sealing documents provided by third party MMA promoters or boxing promoters where those third parties have designated the materials in question as Confidential or Highly Confidential – Attorneys' Eyes Only. However, Plaintiffs do oppose sealing documents produced by third party financial institutions or other third parties that were retained by Zuffa for business purposes. Plaintiffs also do not oppose redacting fighter names and Personally Identifying Information, or references to fighters' medical conditions or injuries. But the burden is on Zuffa to narrowly tailor its redactions to cover only these items. Overbroad redactions that sweep up non-commercially sensitive statements and information, particularly when those statements support Plaintiffs claims or cast a negative light on Zuffa's actions, are not narrowly tailored and do not satisfy the compelling reasons standard.

Ph.D. states:

> The report contains highly confidential information regarding Zuffa's athlete contracts and strategies, event-level financial and other information, trade secret strategy information, and third-party confidential information. Release of this information is likely to cause Zuffa and third parties significant competitive harm. The Court previously granted Zuffa's motion to seal this report (ECF No. 533).

Motion to Seal, p. 7. The Singer Report contains *364 individual redactions*, covering a very wide range of references.[3] Zuffa applies this cursory justification to Dr. Singer's opening report in its entirety, and provides similarly deficient descriptions of the other eight expert reports it asks the Court to redact. These perfunctory justifications fail to satisfy the compelling reasons standard.

Zuffa has not even attempted to make a particularized showing with respect to each document it asks the Court to seal or redact. It simply provides the Court with a laundry list of documents to seal, lumped together in extremely broad categories. By failing to specify what information is revealed in each document and how its disclosure would cause competitive harm to Zuffa, Zuffa impermissibly attempts to shift the burden to Plaintiffs— and the Court—to identify what commercially sensitive information (if any) would be revealed and how it could cause competitive harm to Zuffa. The burden is on Zuffa to show that each document contains trade secret information. *See Kamakana*, 447 F.3d at 1179. For this independently sufficient reason, Zuffa fails to meet the compelling reasons standard.

Courts in the Ninth Circuit routinely deny motions to seal on this basis. For example, in *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2014 U.S. Dist. LEXIS 22233, at *20 (N.D. Cal. Feb. 20, 2014) ("*NCAA*"), the court denied a motion to seal an expert report because the report contained only "non-specific descriptions of [defendants'] business practices, references to non-sealable portions of opposing experts' analyses, and vague estimates of some schools' football- and basketball-related revenue from certain years." The court held that "[n]either Defendants nor the third parties have

---

[3] *See generally*, Opposition Exhibit 1.

adequately explained how they would be harmed by the disclosure of this information."[4]

### 1. Zuffa Has Failed to Narrow Its Overbroad Discovery Confidentiality Designations to Meet The Compelling Reasons Standard Required for Judicial Records Attached to Dispositive Motions.

Because Zuffa's Motion to Seal relates to Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment, the documents Zuffa seeks to seal were originally filed—and redacted—by Plaintiffs. These provisional redactions and requests to seal were based on the confidentiality designations assigned by Zuffa and third parties during discovery, pursuant to the Protective Order, under which the parties are generally permitted to designate broadly in order to facilitate the production of documents and information.[5] Plaintiffs did not challenge Zuffa confidentiality designations at that time, reserving their right to do so at a later time, as permitted under Section 6.1 of the Revised Stipulation and Protective Order, signed by the Court on February 10, 2016 (the "Protective Order").[6] Out of an abundance of caution, Plaintiffs made their provisional requests to redact or seal broadly inclusive.

Zuffa now asks the Court to seal documents attached to a dispositive motion, which

---

[4] *See also eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012), in which the court denied a motion to seal an expert report in its entirety, even though the report contained "profit and loss information [that] is sensitive and may constitute trade secrets." *Id.* at *8. The court held that the moving party did not "adequately explain how this information provides it with a competitive advantage." In addition, the court held that "the expert report is central to the cause of action because it purports to calculate the damages incurred by [the plaintiff] as a result of the defendants' allegedly unlawful acts [so] the need for public access is at its peak." *Id.*

[5] Stipulated protective orders such as the one issued in this case, which "allow[] part[ies] or non-part[ies] producing or disclosing documents to designate discovery materials as confidential or highly confidential without court intervention," are "routine in federal discovery practice and facilitate the parties' exchanges without expensive and time consuming motion practice." *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH-PAL, 2012 U.S. Dist. LEXIS 174441, at *27-30 (D. Nev. Dec. 6, 2012).

[6] *See* Plaintiffs' Motion for Leave to Lodge Materials Under Seal, ECF No. 598, p. 1 ("The documents referenced below (or portions thereof) have been designated or refer to materials which have been designated Confidential or Highly Confidential – Attorneys' Eyes Only by Defendant or third parties. Plaintiffs take no position at this time regarding whether these designations are merited and—pursuant to Section 6.1 of the Protective Order—reserve the right to challenge Zuffa's or third parties' confidentiality designations at any time. Accordingly, and solely on the basis of Zuffa's and third parties' confidentiality designations, Plaintiffs seek leave to lodge the following documents under seal.").

are subject to the more stringent "compelling reasons" standard. Yet Zuffa has done almost
nothing to narrow the requests to seal, essentially just passing them along to the Court with
vague assurances that there are compelling reasons to seal.[7]

Zuffa has failed to carry its burden under the compelling reasons standard. "Unlike
private materials unearthed during discovery, judicial records are public documents almost by
definition, and the public is entitled to access by default. This fact sharply tips the balance in
favor of production when a document, formerly sealed for good cause under Rule 26(c),
becomes part of a judicial record." *Kamakana*, 447 F.3d at 1180 (citation omitted).

**B.   Zuffa Will Not Suffer Competitive Harm From Disclosure of The
Documents It Asks The Court to Seal**

**1.   Many of The Documents Do Not Contain Commercially Sensitive
Information.**

Many of the materials Zuffa asks the Court to seal simply do not contain confidential
information. For example, Zuffa asks the Court to seal Exhibit 67 to the Declaration of Eric L.
Cramer in Support of Plaintiffs' Opposition to Zuffa, LLC's Motion for Summary Judgment,
(ECF No. 596-69),[8] which contains excerpts from a draft of a "confidential information
memorandum" produced for Strikeforce on or around March 15, 2010 (Strikeforce was
acquired by Zuffa approximately one year later, in early 2011). Zuffa asks the Court to seal this
document because it "describ[es] or provid[es] detailed information on trade secret business
information and highly sensitive internal strategy information," but the only strategy
described is *Strikeforce's* strategy to strengthen its position as "the world's second most
prominent promotion." Strikeforce was acquired by Zuffa in 2011 and ceased to exist in 2013.
The UFC is mentioned only in passing, and no UFC strategy is discussed.

---

[7] While Zuffa did reduce or remove the redactions on 25 documents it filed with its Motion to
Seal, it offers nothing more than the insufficient blanket justifications described above for the
redactions in those documents. Because Zuffa has failed to provide compelling reasons for
sealing the redactions in those 25 documents (other than those relating to Personally
Identifiable Information), the redactions should be removed. *See* Exhibit 1 to Declaration of
Kevin E. Rayhill, pp. 61-62, for descriptions of these redactions and the reasons they should
be denied.

[8] For simplicity, Plaintiffs will use the shorthand "Opposition Exhibit XX" or "Opp. Exh." to
refer to exhibits filed with their Opposition.

1    Opposition Exhibit 62 contains a July 24, 2009 email from UFC assistant general

2  counsel Michael Mersch to a third party, containing a link to an article about Affliction

3  Entertainment ceasing to promote live MMA events. Mersch states, ███████████████

4  ████████████████████████████████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████████ This is not

6  commercially sensitive information. Zuffa has included this document in its "Strategy" sub-

7  category, which may be ironically fitting because Plaintiffs allege that Zuffa's anticompetitive

8  "strategy" included acquiring potential rival MMA promoters to put them out of business

9  and acquire their fighters—an allegation supported by this email.

10    Opposition Exhibit 94 contains a May 13, 2010 email with talking points for Dana

11  White. The talking points emphasize Zuffa's position as the dominant MMA promoter. They

12  do not contain any highly sensitive internal strategy that would confer a competitive

13  advantage on another MMA promoter if they were disclosed.

14    Zuffa asks the Court to seal the following deposition testimony:

15  ██████████████████████████████████████████████████████

16  ███████████████████████████████████████

17  ██████████████████████████████████████████████████████

18  ████████████████████████████

19    Opp. Exh. 29, Joseph Silva Depo. Tr., June 7, 2017, 277:9-15. This testimony reveals

20  nothing about Zuffa's contractual terms, accept that nearly all UFC fighters have the same

21  terms in their contracts. Zuffa has not shown how it will be harmed by disclosure of this

22  testimony. The testimony does, however, support Plaintiffs' point, for purposes of class

23  certification, that all or nearly all UFC fighters had the same restrictive clauses in their

24  PARs—a point that Zuffa has elsewhere admitted. *See*, Opp. Exh. 122 (excerpts from

25  document produced by Zuffa in response to Plaintiffs list of 30(b)(6) topics) ███████████

26  ████████████████████████████████████████████████████████

27  ███████████).

28    Zuffa also seeks to redact Plaintiffs' expert reports even where the reports do not

1  contain commercially sensitive information. For example, Zuffa asks the Court to seal

2  paragraph 36 of the Rebuttal Expert Report of Hal J. Singer, Ph.D. ("SR2"), which describes

3  the multivariate regression models contained in SR1. None of Zuffa's contractual terms,

4  financial information, or strategy is discussed in this paragraph. The paragraph concludes as

5  follows: ███████████████████████████████████████████

6  ██████████████████████████████████████████████████

7  ██████████████████████████████████████████████

8  ██████████████████████████████████████ Nothing in

9  this conclusion would confer a competitive advantage on another MMA promoter if it were

10 disclosed.

11        Additional examples of documents or redactions that do not contain commercially

12 sensitive information are described in Exhibit 1 to Declaration of Kevin E. Rayhill (the

13 "Rayhill Declaration"), entitled "Zuffa's Sealed Document – Plaintiffs' Arguments

14 Against."

15        **2.    The Documents Contain Information That is Public Knowledge.**

16        By definition, information that is available from public sources is not confidential. Yet

17 Zuffa repeatedly asks this Court to seal information that is already in the public domain. For

18 example, it is public knowledge that all UFC fighters must sign a Promotional and Ancillary

19        Rights Agreement ("PAR").[9] Indeed, Zuffa has stated so in its Fighter Conduct

20 Policy, which is publicly available on their website.[10] Yet Zuffa asks the Court to seal several

21 _____

22 [9] *See* Rayhill Decl., Exh. 2, Adam Swift, "Inside the Standard Zuffa Contract," Sherdog.com,
Oct. 31, 2007, available at http://www.sherdog.com/news/articles/Inside-the-Standard-

23 Zuffa-Contract-9734 (includes complete listing of all contract terms in a PAR, "the contract
every fighter has to sign to gain entry to the UFC", including the Retirement Clause, the

24 Champion's Clause, tolling provisions, the right to match period, and the exclusive
negotiating period, among other contract provisions). *See also* Rayhill Decl., Exh. 3. Jonathan

25 Snowden, "The Business of Fighting: A Look Inside the UFC's Top-Secret Fighter
Contract," Bleacher Report, May 14, 2013, available at

26 https://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-
top-secret-fighter-contract#slide8. *See* n.4, *supra* (including a complete listing of all contract
terms in a PAR, "the contract every fighter has to sign to gain entry to the UFC").

27 [10] *See, e.g.*, Rayhill, Decl., Exh. 10, "UFC Fighter Conduct Policy," ufc.com, available at

28 http://media.ufc.tv/conduct/UFC_Fighter_Code_of_Conduct.pdf ("As provided in *the*

1  references to its PARs that reveal nothing more than their existence and rudimentary details

2  about them. For example, Zuffa asks the Court to seal the following deposition testimony:

3  ████████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  Opp. Exh. 12, Kirk Hendrick 30(b)(6) Depo. Tr., Nov. 29, 2016, 68:19-69:10. This passage,

10  and others like it,[11] reveal nothing that is not already public knowledge.

11         Zuffa's contractual terms have been public knowledge for more than a decade.[12] Yet

12  Zuffa continues to ask the Court to seal references to any of these contract terms. For

13  example, Zuffa asks the Court to seal testimony from current Bellator president and former

14  Strikeforce president Scott Coker regarding a right to match clause in Strikeforce contracts (as

15  read into the record during the Topel deposition as part of a question posed by Plaintiffs):

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ██████████████████████████ Opp. Exh. 37, Robert Topel Depo. Tr., Dec. 6,

19  2017, 349:21-350:1. In another example, Zuffa asks the Court to seal public statements from

20  former Bellator President Bjorn Rebney, as published by ESPN, that ████████████████

21  ████████████████████████████████████████████████

22  ██████████████████████ Id., 353:3-9. Indeed, Rebney stated publicly that Bellator

23  "literally took the UFC contract, took it out of a PDF format and we changed the UFC name

24

25  ─────────────────────
    Promotional and Ancillary Rights Agreement entered into between each UFC fighter and Zuffa,

26  LLC, fighters shall conduct themselves in accordance with commonly accepted standards of
    decency . . . ") (emphasis added).

27  [11] See generally Rayhill Decl. Exh. 1.

28  [12] See n.9, supra.

to Bellator and we signed it" in an effort to match an offer from UFC for a Bellator fighter.[13]
These statements are further proof that Zuffa's contract terms are public knowledge: other
MMA promoters clearly knew about them, and copied them in their own contracts. Zuffa's
contract terms are public knowledge, and since other MMA promoters already freely admit
that they base their own contracts on Zuffa's contractual terms, Zuffa would not be harmed by
disclosure of these terms.

Zuffa seeks to seal Opposition Exhibits 100 & 101, both of which contain excerpts
from a 2007 "Confidential Information Memorandum" prepared by Deutsche Bank with
Zuffa's active participation, and Opposition Exhibit 96, which contains excerpts from a 2013
"Confidential Information Memorandum" prepared by Deutsche Bank. But Bloody Elbow
reporter John Nash has written extensively about data he gleaned from copies of these
memoranda.[14] And in a recent article about Plaintiffs' Opposition filing, Mr. Nash noted that
the 2007 Memorandum "is available to several members of the media, including myself."[15]
Mr. Nash also noted that many of the redactions in Plaintiffs' Opposition filings "fail because
the quoted material is available elsewhere in the filings."

More examples of requests to seal or redact public information are described in
Exhibit 1 to the Rayhill Declaration.

### 3. Many of the Documents are Too Old to Contain Trade Secrets.

Zuffa asks the Court to seal many documents that contain information that is too old

---

[13] *See*, Rayhill Decl., Exh. 4, Brian Hemminger, "Bjorn Rebney Explains 'Key Misunderstanding' in UFC Contract Match for Eddie Alvarez," mmamania.com, Jan. 9, 2013, available at https://www.mmamania.com/2013/1/9/3853442/bjorn-rebney-lawsuit-eddie-alvarez-bellator-mma-ufc-contract-match.

[14] *See*, Rayhill Decl., Exh. 5, John S. Nash, "What Investors Are Being Told About UFC Revenues," BloodyElbow.com, Oct. 20, 2015, available at https://www.bloodyelbow.com/2015/10/20/9547333/what-deutsche-bank-moodys-and-standard-poors-tell-us-about-the-ufc.

[15] John S. Nash, *Lawsuit: Plaintiffs claim UFC became 'major leagues' of MMA through 'restrictive contracts' and 'buying out rivals'*, BloodyElbow.com, Sept. 26, 2018, available for download at https://www.bloodyelbow.com/2018/9/26/17897070/lawsuit-plaintiffs-claim-ufc-became-major-leagues-restrictive-contracts-buying-out-rivals-mma-zuffa.

to qualify as commercially sensitive information.[16] For example, Zuffa asks the Court to seal Opposition Exhibit 91, which is a January 3, 2011 email from UFC matchmaker Joe Silva to Dana White and other Zuffa executives containing a list of post-fight bonuses and a list of fighters Zuffa had planned to cut. The email also states ███████████████████████ ██████████████████████ Given that the average MMA fighter's career lasts less than three years, this information from 2011 is far too old to hold any competitive value.

There are also a series of memoranda prepared by Deutsche Bank in 2007, 2009, and 2013 (Opp. Exhs. 100, 86, and 96, respectively), as well as other Deutsche Bank presentations and other documents from the same time frame (Opp. Exh. 99 is a Deutsche Bank lender's presentation from May 23, 2007), that are too old to contain any commercially sensitive information.

Similarly, Opposition Exhibit 76 is an August 2, 2013 email from Tracy Long to Joe Silva regarding ██████████████████████████████████ ███████████████████████████████

---

[16] *See Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788, at *8-9 (W.D. Wash. July 6, 2018) (denying motion to seal agreements and negotiations between defendant and clients, and client fees, and client fees, "including more granular proprietary information, such as profitability figures," because the documents were "relevant to [the] case" and because the information was 4-5 years old and therefore "stale and no longer likely to offer a competitive advantage to [defendant's] competitors"); *Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698, at *4 (W.D. Wash. Feb. 5, 2018) (denying without prejudice motion to seal where defendants had failed to show that 18-months old information was "not so stale as to no longer be commercially useful or harmful"); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *12 (N.D. Cal. June 17, 2013) (denying motion to seal where document was eight years old, and the defendant "fail[ed] to articulate what specific harm an outdated document will have on its current or future operations"); *PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748, at *47 (N.D. Ill. Dec. 9, 2017) (holding that two-year-old vendor pricing information was not a trade secret because pricing had changed in the interim: "Information that is too old to hold any value loses any protection it would otherwise be entitled to as a trade secret").

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

1    ████.[17] UFC 166 was held on October 19, 2013, and ████████ has fought in eight UFC

2    bouts since then. The information in this email has been obsolete for several years.

3    Opposition Exhibit 123 is a January 27, 2008 email from a fighter agent to Joe Silva.

4    The agent proposes a change to a term of a bout agreement and states, ███████████████

5    ████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████████████

8    █████████████████████████████████ The email is over ten years

9    old—far too old to hold any competitive value.

10    There are many more examples of documents Zuffa would withhold from public

11    disclosure that do not contain trade secrets. *See* Rayhill Decl., Exh. 1. None of the documents

12    Zuffa asks the Court to seal contains trade secrets. The documents either lack information

13    that could plausibly be characterized as commercially sensitive information, or contain

14    information that is already public knowledge, or that is too old to hold any competitive value.

15    For these reasons, the motion to seal should be denied.

16    **C.    The Interest of The Named Plaintiffs, Class Members, The Public, And The Press in Access to The Documents Zuffa Seeks to Seal Outweighs Any Purported Confidentiality Interest Zuffa May Hold in Those Documents**

17

18    A party seeking to seal judicial records filed with a dispositive motion must "present

19    articulable facts identifying the interests favoring continued secrecy and [] show that these

20

21    _____

22    [17] Zuffa's fighter compensation is public knowledge. Purse information for nearly half of Zuffa's MMA events since 2001 (182 of 420 total events) is available online from a number of websites, including Wikipedia and Bloody Elbow. *See, e.g.,* Rayhill Decl., ¶ 13. Moreover,

23    Zuffa has announced fighter purse information when it suited its purposes to do so. *See, e.g.,* Rayhill Decl., Exh. 6, Adam Guillen Jr. , "Dana White: Rampage Jackson Has Made $15.2

24    million in Career Earnings Fighting for UFC," January 24, 2013, mmamania.com, available at https://www.mmamania.com/2013/1/24/3913294/dana-white-rampage-jackson-career-

25    earnings-ufc-millions (Dana White says UFC fighter Quinton "Rampage" Jackson, "since 2007, has made, from 2007 to 2012, $15.2 million in the UFC"); Rayhill Decl., Exh 7, Ken

26    Pishna and Jeff Cain, "UFC Disputes Couture's Claims About His Pay," MMA Weekly. October 30, 2007, available at https://www.mmaweekly.com/ufc-disputes-coutures-claims-

27    about-his-pay-2 ("the UFC indicated that Couture's pay for the Sylvia fight totaled $1.186 million and $1.072 million for the Gonzaga fight"). Finally, should the Court find that fighter

28    compensation should be sealed, Zuffa has not shown why it could not limit its redactions to the compensation numbers themselves.

specific interests overc[o]me the presumption of access by outweighing the public interest in

understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (citations omitted). Courts

in the Ninth Circuit routinely deny requests to seal when the moving party fails to show that

the interest in sealing outweighs the interest of the named Plaintiffs, Class members, the

public, and the press in access. For example, the court in *Saint Alphonsus Med. Ctr. - Nampa,*

*Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D.

Idaho July 3, 2014), denied a motion to seal expert testimony despite finding that the

testimony "reveals actual financial data such as revenue and overhead" and contains

"sensitive business information that could be damaging if revealed." *Id*. at *13. The court

held that because the expert testimony was "crucial to the public's understanding" of the

defendant's argument, there were no compelling reasons to seal the expert testimony. *Id*.

Similarly, in *eMove*, the court denied a motion to seal an expert report in its entirety, even

though the report contained "profit and loss information [that] is sensitive and may constitute

trade secrets." 2012 U.S. Dist. LEXIS 28164, at *8. The court held that the moving party did

not "adequately explain how this information provides it with a competitive advantage." In

addition, the court held that "the expert report is central to the cause of action because it

purports to calculate the damages incurred by [the plaintiff] as a result of the defendants'

allegedly unlawful acts [so] the need for public access is at its peak." *Id*.

Here, Zuffa has made no attempt to show that its purported interest in sealing the

documents outweighs the interest of the named Plaintiffs, the Class members, the public, and

the press in disclosure.

      **1.**    **The Strong Presumption of Public Access to Judicial Records Is Heightened Where, As Here, The Alleged Unlawful Antitrust Violations Affect The Rights of A Large Class of Victims.**

"In a class action, the public right of access to court documents is especially

heightened." *Marsh,* 2014 U.S. Dist. LEXIS 4022, at *4. Public access is of even greater

importance in antitrust actions, where "the public's interest is focused not only on the result,

but also on the conduct giving rise to the case. In those cases, secrecy insulates the

participants, masking impropriety, obscuring incompetence, and concealing corruption."

*Shane*, 825 F.3d at 305 (citation omitted). Here, both conditions apply. Zuffa has not shown that its interest in confidentiality outweighs the public's interest in transparency.

Many of the documents Zuffa asks this Court to seal support Plaintiffs' claims in this litigation, and expose not just Zuffa's anticompetitive actions, but the intent behind those actions. For example, Opposition Exhibit 83 is a January 31, 2007 email from Zuffa's outside counsel Thomas Paschall to Zuffa CEO Lorenzo Fertitta and other Zuffa executives,[18] in which Mr. Paschal states ███████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

Similarly, Opposition Exhibit 62 (discussed *supra* at section III.B.1, p. 9), a July 25, 2009 email from Michael Mersch regarding Affliction Entertainment's agreement to cease promoting live MMA events, states, ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████

These documents directly support one of Plaintiffs' primary points: that Zuffa unlawfully acquired and maintained monopoly and monopsony power in part by buying its closest potential competitors, thereby removing potential rivals from the market and enhancing its own position by absorbing the other promoter's fighters into the UFC. Zuffa has not shown and cannot show a valid legal basis for sealing this document. Rather, Zuffa is asking the Court to seal these documents because they strongly support Plaintiffs' claims and cast Zuffa in a negative light. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa.

In another example, UFC/WEC matchmaker Sean Shelby, in a July 2, 2009 email to

---

[18] Portions of this email were ordered redacted by Magistrate Leen on attorney-client privilege grounds. The rest of the document, including the portion cited here, were held not privileged.

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

1  Dana White and other Zuffa executives, describes proposed compensation for a UFC fighter

2  but states, ████████████████████████████████████████████

3  ███████████████████████████ Opposition Exhibit 60. The email shows that Zuffa took

4  steps to prevent its fighters and the public from knowing how much it was paying its fighters.

5  In this way, Zuffa prevented fighters from knowing what their peers were being paid, which

6  handicapped the fighters when negotiating for their own pay—a classic monopsonist tactic.

7       Zuffa asks the Court to seal three Memoranda prepared by Deutsche Bank with input

8  and oversight from Zuffa in 2007, 2009, and 2013. *See* Opp. Exhs. 86, 88, 96, 100, 101, 104,

9  and-105.  These memoranda do not contain commercially sensitive information, and even if

10 they once had, they are too old to remain commercially sensitive, but they do contain several

11 statements that offer strong support for Plaintiffs' claims. For example, Opposition Exhibit

12 100 states (emphasis added):

13
14
15
16
17
18
19
20       Zuffa asks the Court to seal Opposition Exhibit 133, an email chain from June 18-19,

21 2012 in which a fighter asks ████████████████████████████

22 ██████████████████ Zuffa Legal Affairs Manager Tracy Long tells him, ██████████

23 ██████████████████████████████████████████████

24 ████████████████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████  This document neatly encapsulates Plaintiffs' arguments against sealing.

27 ████████████████████████████████████████████

28

1 ███████████████████████████████████████████████████████

2 ████████████ [19] But Opposition Exhibit 133 shows that Zuffa used the ████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████████

8 █████████████████████████████████████████

These documents and others like them support Plaintiffs' point that Zuffa's contractual terms serve to lock top MMA fighters into long-term exclusive contracts that prevent the fighters from seeking their true value on the open market and prevent other MMA promoters from competing for UFC fighters' services.

Naturally, these are documents that Zuffa would prefer to keep hidden behind the cloak of confidentiality. But Zuffa has provided no justification for sealing the documents. And "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted). Conversely, the interest of the named Plaintiffs, Class members, the public, and the press in assessing whether Zuffa has—as Plaintiffs allege—used anticompetitive means to, among other things, lock its fighters into long-term exclusive contracts that prevent other MMA promoters from effectively competing for the fighters' services, is particularly strong in an antitrust class action such as this. Zuffa should not be allowed to control the Plaintiffs' and the public's access to these important documents based on its desire to conceal negative evidence, especially when it has failed to articulate compelling reasons supported by specific factual findings for doing so.

These documents and many others cast a bright light on Zuffa's anticompetitive actions. Given the heightened interest of the named Plaintiffs, the Class members, the public,

---

[19] *See* n.9, *supra*.

and the press in access to these materials, and Zuffa's failure to demonstrate that they have a confidentiality interest that outweighs the presumption of public access, Zuffa's Motion to Seal should be denied.

### D.     This Court's Prior Orders to Seal do not Prevent An Order Unsealing Documents

Zuffa also points out that many of the expert reports Zuffa asks the Court to seal were previously ordered sealed by this Court in its March 29, 2018 Minute Order (ECF No. 533). Motion to Seal, ¶¶ 7-8. But the Court is not bound by its prior order.

Here, Plaintiffs show, based on a more fully developed record, that Zuffa has failed to satisfy its burden regarding sealing.

The new arguments and evidence Plaintiffs have provided to the Court were not presented to the Court in advance of the prior orders. A district court has "plenary power" over its interlocutory decisions, and "this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted). This is especially true where evidence presented at a later stage goes beyond what was presented in support of or opposition to the earlier motion. *See Peralta v. Dillard*, 520 F. App'x 494, 495 (9th Cir. 2013) (upholding district court's granting of motion for judgment as a matter of law after it had denied a motion for summary judgment, where the evidence presented at trial "went beyond" evidence presented at summary judgment); *In re Dental Supplies Antitrust Litigation*, No. 2:15-cv-05440-BMC-GRB, Minute Order Denying Motion to Seal Courtroom, (E.D.N.Y. Aug. 10, 2018) (denying defendant's motion to seal courtroom for *Daubert* hearing because plaintiffs had not explained why the parties would need to discuss confidential third party data, so request to seal was not narrowly tailored).

For these reasons, the Court's prior orders sealing some documents do not affect the Court's ability to deny Zuffa's Motion to Seal here.

## IV.    CONCLUSION

For the reasons stated above, this Court should deny Zuffa's Motion to Seal, with the exception of testimony or documents from third parties which Plaintiffs do not challenge.

Dated:  October 17, 2018

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:          */s/Kevin E. Rayhill*
                       Kevin E. Rayhill

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Case No.: 2:15-cv-01045 RFB-(PAL)
**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys
for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis
Javier Vazquez, Brandon Vera, and Kyle
Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for
Individual and Representative Plaintiffs Cung
Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S.
SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

22                    Case No.: 2:15-cv-01045 RFB-(PAL)

SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA,
LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2018, true and correct copies of the following document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602).**

By:

_____ */s/ Kevin E. Rayhill* _____

24

Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA, LLC'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 602)