# Exhibit 1

Zuffa's Sealed Documents—
Plaintiffs' Arguments Against

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 12, Hendrick Depo, 62:1-67:24, 68:4-69:23, 71:1-21, 72:2-73:25, 210:1-213:1, 213:7-13, 213:20-220:7, 221:6-14, 221:19-25, 235:11-241:8, 244:15-245:25, 254:1-258:15, 258:20-264:7, 270:8-272:11 | 62:1-67:24: refers to changes to contractual clauses in Zuffa fighter contracts between 2003 and 2015; 62:1-62:1-14 refer to ████████████ in a 2007 UFC fighter contract. | 1) Zuffa's contractual terms are widely available in the public domain. See, Opposition brief, p. 10, n.9. Other MMA promoters have testified that they based their contract terms on Zuffa's contract terms, demonstrating that they are already aware of Zuffa's contract terms. See, id., n.10. Accordingly, they are not commercially sensitive information, and Zuffa has not and cannot show how they will be harmed by disclosure. 2) Specific contract clauses discussed are from between 2007 and 2015 - too old to be trade secrets. |
| | 68:4-69:23 contains very generic statements about Zuffa's Promotional and Ancillary Rights agreements ("PARs") ██████████ ████████ . | 1) This information is widely known in the public domain, and is therefore not confidential. See, Opp., p. 12, nn.9-10. |
| | 71:1-21 contains only generic references to Zuffa's PARs. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 72:2-73:25 - 2002-03 ████████████ . | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 210:1-213:1, 213:7-13; 213:20-220:7 relates to fighter contract negotiations in 2010, does not contain any specific contract terms. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced is too old to hold any competitive value. |
| | 221:6-14 & 221:19-25: contain a question from Plaintiffs' counsel and objection form Zuffa's counsel regarding whether fighters have discretion over who their opponents are. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 235:11-241:8, 244:15-245:25: Testimony regarding the ████████ in a 2010 PAR exemplar (no fighter is named in the exemplar). 254:1-258:15, 258:20-264:7 relates to the effect of Zuffa's ████████ ████████ provisions. 258-264 relates to the effect of the ████████ ████████ in Zuffa fighter contracts. | 1) Zuffa's contractual terms are widely available in the public domain. *See*, Opposition brief, p. 10, n.9. Other MMA promoters have testified that they based their contract terms on Zuffa's contract terms, demonstrating that they are already aware of Zuffa's contract terms. See, *id*., n.10. Accordingly, they are not commercially sensitive information, and Zuffa has not and cannot show how they will be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| | 270:8-272:11 relates to an email exchange from 2013 in which Zuffa refused to release a 38-year old fighter from his contract even though Zuffa had no intention of scheduling him in another fight. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced is too old to hold any competitive value. |
| Ex. 13, Hendrick Depo, 362:1-385:23 | Testimony relates to whether, in 2007, 2009, and to a lesser extent 2011, Zuffa believed that: <br> (a) it had the majority of top fighters signed to exclusive contracts; <br> (b) having the top fighters under ███████████; <br> (c) ███████████; <br> (d) the contracts were ███████████; <br> (e) Zuffa could ███████████; <br> (f) Zuffa could ███████████; <br> (g) Zuffa's ███████████; and, <br> (h) any marquee fighters defected from Zuffa. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this testimony is too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. <br> 4) Zuffa repeatedly objected to these questions on the basis that they were outside the scope of the deposition, which was a 30(b)(6) regarding Zuffa's fighter contracts. Now Zuffa claims the same testimony contains "trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses." |
| Ex. 14, Epstein Depo, 22:19-23:2, 32:3-15 | Testimony that Zuffa ███████████ | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. <br> 2) Public knowledge. |
| Ex. 18, Fitch Depo, 114:3-4, 114:6-7, 115:11-12, 115:22-23, 115:25-116:2, 116:18-20, 118:2-10, 118:17-20, 119:3-4, 119:6-8, 121:1-10, 122:15-18, 122:22-25, 123:24-25, 124:14-16, 218:15-22, 219:8-25, 224:6-8, 226:3-4, 226:7-12, 226:15-20, 227:15 | Redacted testimony in 114:3-4, 114:6-7, 115:11-12, 115:22-23; 115:25-116:2, 116:18-20, 118:2-10, 118:17-20, 119:3-4, 119:6-8 refers to Mr. Fitch's compensation amounts from 2008-09. | 1) Information about compensation amounts and the duration of a contract from 2008-09 is too old to hold any competitive value. <br> 2) 121:1-10 contains no commercially sensitive information, but it does cast Zuffa in a negative light. This is not grounds for sealing, and indeed is an attempt to use the Federal Rules for improper purposes. <br> 3) Zuffa's contract clauses, including the Champion's Clause, are public knowledge. <br> 4) Mr. Fitch did not designate his compensation information from other MMA promoters confidential. His 2013 compensation information from Zuffa is public knowledge as it was published by the Nevada Athletic Commission, and in any event is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| | 121:1-10 refers to the length of Mr. Fitch's old contract when he re-negotiated, and includes his statement, "███████ without making a dime. That would retire a fighter. We don't make that much money. You don't fight, you don't work for 18 months, [you're not going to survive, you're not going to live. You don't get a choice.]" (portion in brackets unredacted). | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced is too old to hold any competitive value. |
| | 122:15-18, 122:22-25, 123:24-25, 124:14-16 relate to the length of Mr. Fitch's 2008 contract. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced is too old to hold any competitive value. |
| | 218:15-22, 219:8-25 quote the ███████████ from Mr. Fitch's 2008 contract. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. 2) Public knowledge. 3) Information is too old to hold competitive value. |
| | 224:6-8 states that Mr. Fitch's 2008 contract was ███████████ ███████████. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. 2) Public knowledge. 3) Information is too old to hold competitive value. |
| | 226:3-4, 226:7-12, 226:15-20, 227:15 relate to Mr. Fitch's UFC compensation from 2013 and his 2016 compensation from another promoter. | 1) Zuffa has failed to narrow its request to seal by limiting redactions to personal information and compensation. |
| Ex. 20, Kingsbury Depo, 90:1-93:14, 100:2-101:25 | 90:1-93:14 refer to extensions to Mr. Kingsbury's 2008 UFC contract. | 1) Information from 2008-2010 is too old to hold any competitive value. 2) Mr. Kingsbury has not designated this information confidential. |
| | 100:2-101:25 refer to another extension of the 2008 contract and Mr. Kingsbury's purse amounts under that contract. | 1) Information from 2008-2010 is too old to hold any competitive value. 2) Mr. Kingsbury has not designated this information confidential. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
|  |  |  |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 24, Shelby Depo, 114:1-117:25, 129:23-130:24, 158:1-158:25, 208:1-210:21, 215:3-216:23, 217:7-9, 217:20-25 | 114:1-117:25 relates to whether fighters receive compensation if their opponent pulls out of a fight and whether ▮▮▮▮▮▮▮ contains no specific compensation information. | 1) Zuffa's fighter compensation is public knowledge as purse information for 43.3% of all of Zuffa's MMA events since 2001 have been published by state athletic commissions. See Opp, p. 15, n.17. <br> 2) Zuffa has not shown how it will be harmed by disclosure of this information. <br> 3) Zuffa's acquisition of Invicta fighters is public knowledge. <br> 4) Fighter compensation information from 2013 and 2015 is public knowledge and is too old to hold any competitive value. Zuffa has not shown how it will be harmed by release of this information. |
|  | 129:23-130:24 testimony confirms that ▮▮▮▮▮▮▮. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced is too old to hold any competitive value. |
|  | 158:1-158:25 relates to fighters acquired by Zuffa from Invicta FC. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. <br> 2) Public knowledge. <br> 3) Information is too old to hold competitive value. |
|  | 208:1-210:21 contains fighter compensation information for three fighters in 2013, and 2015 for one of the fighters, only one of whom still fights for UFC. | 1) Zuffa has failed to narrow its request to seal by limiting redactions to personal information and compensation. |
|  | 215:3-216:23, 217:7-9, 217:20-25 relate to a fighter negotiation in 2015, including a compensation offer, Shelby states that Zuffa's contract terms must be uniform to avoid logistical problems. | 1) Zuffa has failed to narrow its request to seal by limiting redactions to personal information and compensation. |
| Ex. 26, Aronson Depo, 86:20-25, 88:5-23, 89:13-93:16 | 86:20-25 relates to ▮▮▮▮▮▮▮ | 1) Zuffa has not shown how it will be harmed by disclosure of ▮▮▮▮▮ <br><br> 2) The references to the FightPass licensing agreement contain no commercially sensitive information. It is public knowledge that Titan bouts are available on FightPass, and the fact that Zuffa seeks to seal this testimony when it contains no usable information shows that Zuffa has not carefully screened its redactions. This is particularly so because Zuffa's justification for sealing, such as it is, is that the testimony relates to Zuffa's fighter contracts. Zuffa's licensing agreement with Titan is not a fighter contract. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| | 88:5-23, 89:13-93:16 relate to a license agreement between Titan and Zuffa to air Titan fights on Zuffa's FightPass platform, but contain no commercially sensitive information beyond the length of the agreement and the date it was signed. | 1) Contains no commercially sensitive information. Zuffa has not shown how it will be harmed by disclosure. |
| Ex. 28, Epstein Depo, 207:3-211:18, 216:14-217:2 | 207:3-211:18 relates to a negotiation with a fighter in 2014, with specific reference to ██████████████. | 1) Zuffa's contractual terms are public knowledge. 2) This negotiation is from 2014, and is too old to hold any competitive value. 3) The outcome of the negotiation is public knowledge, so there is no competitive justification for sealing it. 4) This testimony confirms Plaintiffs' claim that Zuffa exploited its monopsony power in negotiations with fighters. Accordingly, the interest of the named Plaintiffs, Class members, the public and the press in disclosure outweighs Zuffa's interest in sealing the document. |
| | 216:14-217:2 relates to the existence of an offer from a fighter manager, but it does not contain specific details about that offer. | 1) Contains no commercially sensitive information. Zuffa has not shown how it will be harmed by disclosure. |
| Ex. 29, Silva Depo, 186:4-12, 270:12-271:17, 275:9-276:18, 277:9-15, 382:16-385:21, 392:16-393:7, 410:15-21, 412:7-413:22, 412:6-17, 426:6-12, 456:6-9 | 186:4-12 relates to the ██████████████████. | 1) Zuffa's contractual terms are public knowledge. |
| | 270:12-271:17 relates to ██████████████, and using prior fight footage to promote upcoming fights. | 1) Zuffa's contractual terms are public knowledge. |
| | 275:9-276:18 relates to ██████████████ in Zuffa contracts. | 1) Zuffa's contractual terms are public knowledge. |
| | 277:9-15 relates to "standard contract terms." | 1) Zuffa's contractual terms are public knowledge. |
| | 382:16-385:21 relates to Zuffa's practice of re-negotiating contracts before the last fight on the contract. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. 2) Information is too old to hold competitive value. |
| | 392:16-393:7 relates to Zuffa's contracts ██████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 410:15-21, 412:7-413:22, 412:6-17, 426:6-12 410 relate to the ██████████████. | 1) Zuffa's contractual terms are public knowledge. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| | 456:6-9 states that ▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1) Zuffa's contractual terms are public knowledge. |
| Ex. 32, White Depo, 343:10-24, 346:15-347:4, 389:18-393:22, 397:16-400:25 | 343:10-24 relates to Zuffa's ▮▮▮▮▮▮▮▮▮▮ | 1) Zuffa has not shown how disclosure of this information would confer a competitive advantage on its competitors.<br>2) Zuffa's practice or re-negotiating contracts before the last fight ensures that the fighter cannot negotiate with other promoters. Accordingly, Zuffa's competitors could not use this information to gain a competitive advantage.<br>3) Zuffa's contractual terms are public knowledge. |
| | 346:15-347:4 relates to Zuffa's practice of ▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 389:18-393:22 relates to ▮▮▮▮▮▮▮▮ | 1) Zuffa's contractual terms are public knowledge. |
| | 397:16-400:25 relates to Zuffa's health insurance policy and whether UFC fighters get paid when they are injured. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| Ex. 34, Singer Depo, 253:6-254:9, 255:6-261:11, 294:10-295:4 | 253:6-254:9, 255:6-261:11: contains a reference to Plaintiffs' expert Dr. Hal Singer's use of ▮▮▮▮▮▮▮▮▮▮ | 1) The ▮▮▮▮▮▮▮ does not reveal details from any specific contract. Zuffa has not shown how a competitor could use this theoretical formulation to gain a competitive advantage.<br>2) Plaintiffs have shown that public disclosure of athletes' contract terms accrues to the benefit of both the athletes and the team owners. *See* Expert Report of Andrew Zimbalist, ECF No. 540-11, ¶¶ 80, 83-84, 95 & n.200.<br>3) Zuffa's contractual terms are public knowledge.<br>4) Zuffa's wage share contains no information that a competitor could use to gain a competitive advantage. |
| | 294:10-295:4 relates to Zuffa's wage share. | 1) Zuffa's wage share contains no information that a competitor could use to gain a competitive advantage. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 36, Topel Depo, 110:1-111:9, 111:15-115:9, 117:7-118:7, 121:12-122:23 | 110:1-111:9, 111:15-115:9, 117:7-118:7 & 121:12-122:23: relate to Zuffa's ███████. | 1) Zuffa's contractual terms are public knowledge. 2) These sections all involve hypotheticals - none refers to a specific fighter contract. Zuffa has not shown how a competitor could use these hypotheticals to gain a competitive advantage. |
| Ex. 37, Deposition of Robert Topel (December 6, 2017) (excerpted), 301:7-302:15, 302:19-303:3, 347:9-25, 349:12-351:1, 353:3-9, 354:4-8, 354:12-15, 355:8-16, 355:25-356:2, 356:25-357:3, 399:4-400:23, 401:21-409:12, 411:10-414:5 | 301:7-302:15 relates to the application of the Chow test to regression analysis, it does not include any specific data. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 302:19-303:3 relates to similarities between Zuffa contracts and other promoters' contracts, it does not contain any specific data. | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 347:9-25 Zuffa's expert states that, based on statements from other promoters, he "wouldn't be surprised" if other promoters "went out and copied some contract provisions from UFC." | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 349:12-351:1 relates to former Strikeforce CEO Scott Coker's testimony that he included a ████████████████. | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 353:3-9, 354:4-8, 354:12-15, 355:8-16, 355:25-356:2, 356:25-357:3 relate to a statement by former Bellator president Bjorn Rebney that Bellator would ████████████. | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 399:4-400:23 relates to a hypothetical about a fighter who wanted to leave the UFC, it contains no information about Zuffa's contractual terms. | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 401:21-409:12 contains references to the ████████████████ in Zuffa contracts. | 1) Zuffa's contractual terms are public knowledge. 2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 411:10-414:5 relates to Zuffa's refusal to release a fighter in 2013 even though it did not plan to schedule any more fights for him. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 45, ZFL-1081154 | Zuffa CFO John Mulkey's hand-written notes to draft of Moody's Credit Opinion from 2014. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 50, ZFL-1404974 | Email correspondence between Zuffa then-associate general counsel Michael Mersch and a fighter's manager, negotiating a new contract. Contains references to contract terms from Zuffa's PARs. Also describes Zuffa's policy █. | 1) Zuffa's contract terms are public knowledge.<br>2) The information is from 2011, far too old to hold any competitive value.<br>3) Zuffa has not and cannot show how disclosure of its policy of █ would cause it competitive harm. No other MMA promoter could use the information to gain a competitive advantage. And Zuffa ██████ because it is to Zuffa's advantage and Zuffa has the power to do so. Given the power dynamics of that situation, fighters by definition cannot gain an advantage from this information - Zuffa can force this on fighters because they can't do anything about it. |
| Ex. 52, ZFL-1472158 (excerpted) | Zuffa's ███████ | 1) Filed in 2011, this information is too old to hold any competitive value.<br>2) Zuffa has not shown how disclosure of Zuffa's ███ would confer a competitive advantage. |
| Ex. 56, ZFL-1873428 | Contains a Sept. 24, 2014 text message in which a fighter's manager tells Lorenzo Fertitta he was told ██████ | 1) The text contains no commercially sensitive information. Zuffa has not shown how disclosure of this information would confer a competitive advantage.<br>2) The text is from 2014. Thus, it is too old to contain any commercially sensitive information. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 57, ZFL-1874637 | Contains a May 10, 2013 text message in which Zuffa matchmaker Joe Silva told a fighter's manager that the fighter ████████████ ██████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 61, ZFL-2020850 | Contains the July 23, 2009 Confidential Agreement under which ████ ████████████████████ | 1) The agreement was executed in 2009. Thus, it is too old to contain any commercially sensitive information. Moreover, Affliction ceased producing MMA events under the agreement<br>2) Affliction ceased producing MMA events under the terms of the agreement. Thus, the text contains no commercially sensitive information. Zuffa has not shown how disclosure of this information would confer a competitive advantage |
| Ex. 90, ZUF-00296965 | Aug. 4, 2010 Email contains contract negotiations between Zuffa and a fighter's manager, including compensation amounts. | 1) The email was sent in 2009. Thus, it is too old to contain any commercially sensitive information. |
| Ex. 122, Hendrick 30(b)(6) Ex. 2 (excerpted) | Exhibit produced by Zuffa in response to 30(b)(6) topics states that Zuffa ████████████████████████████ ████████████████████████████ | 1) Zuffa's contract terms are public knowledge. |
| Ex. 123, Hendrick 30(b)(6) Ex. 24 (ZFL-2642993) | Jan. 27, 2008 email from fighter's agent states that Zuffa hadn't scheduled a fight for the fighter in nearly a year, which was "extremely damaging" to the fighter's career. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 133, J. Silva Ex. 45 (ZFL-2536288) | June 18, 2012 email from UFC fighter who asks ███████ ███████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Plaintiffs' Opposition 6:10-13 & nn.15-18, 7:1-2 & nn.19-20, 8:17 & n.22, 9 n.26, 12:5-6, 26:11, 30 n.87, 34:22-23, 35 n.96 | 6:10-13 relates to Zuffa's ███████████, nn.15-18 relate to the ███████; | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure.<br>2) Zuffa's contractual clauses are public knowledge.<br>3) Information is too old to hold competitive value. |
| | 7:1-2 relates to the ███████████ the average effective duration of an MMA fighter's career. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure.<br>2) Zuffa's contractual clauses are public knowledge.<br>3) Information is too old to hold competitive value. |
| | 8:17 & 9 n. 26 relate to the combined effect of the ███████ █████████ n.22 relates to Zuffa ██████ | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure.<br>2) Zuffa's contractual clauses are public knowledge.<br>3) Information is too old to hold competitive value. |
| | 12:5-6 & 34:22-23 relate to Zuffa's foreclosure share. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. |
| | 26:11 relates to Zuffa's market share. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. |
| | 30 n.87 relates to Zuffa's spending on developing fighters and the relationship between foreclosure share and wage share. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. |
| | 35 n.96 relates to the duration of the average UFC fighter's career. | 1) Not commercially sensitive information. Zuffa has failed to show how it might suffer competitive harm from its disclosure. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 12, Hendrick Depo 267:24-269:7 | Asks about the revision of a reference to Zuffa's ████████████ | 1) 1) Zuffa's contractual terms are public knowledge. |
| Ex. 13, Hendrick Depo, 387:7-23, 388:15-389:25 | 387:7-23, 388:15-389:25: Testimony regarding whether Moody's believes that ████████ was one of the ways that Zuffa was able to show that it had a good credit. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 14, Epstein Depo, 30:20-33:1, 109:2-114:8, 172:14-174:18 | 30:20-33:1: Testimony regarding Zuffa's acquisition of WEC. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| | 109:2-114:8: Testimony regarding 2007 lender's presentation, about loan payments to owners including payment amounts, about lender financing of the Pride acquisition, about whether Pride was Zuffa's biggest competitor and whether the Pride acquisition was both a defensive and offensive acquisition. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 172:14-174:18: Testimony regarding Zuffa's acquisition of Strikeforce, including the importance of Strikeforce fighter contracts as an asset. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 22, Fertitta Depo, 286:20-289:5; | Testimony regarding pay scales for fighters and financial analysis at various levels of minimum fighter pay, no specific figures are referenced. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value. |
| Ex. 31, White Depo, 143:15-152:10, 223:9-25 | Testimony regarding Zuffa's motivation for acquiring WEC and WFA. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 32, White Depo, 291:25-293:10, 293:15-294:13 | Testimony regarding ██████████████. | 1) Does not contain confidential information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 33, White Depo, 538:1-9, 540:9-16, 544:3-548:11, 548:16-549:9, 549:13-25, 554:1-10, 554:15-556:9, 559:12-560:4, 560:8-561:13, 562:17-566:25, 567:6-569:25 | 538:1-9: Testimony refers to Jon Jones, Conor McGregor, Rhonda, Rousey, GSP, and confirms that they have all held UFC titles. | 1) Does not contain confidential information. Zuffa has not shown how they could be harmed by disclosure. 2) Information about Zuffa's minimum fighter pay is available in the public domain. See http://www.espn.com/mma/story/_/id/14947566/current-all-ufc-champions |
| | 540:9-16: Dana responds that one specific PPV event generated more revenue than other televised events, but that is not true throughout the entire contract. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 544:3-548:11, 548:16-549:9, 549:13-25, 554:1-10, 554:15-556:9, 559:12-560:4, 560:8-561:13, 562:17-566:25, 567:6-569:25: Testimony regarding distributions to owners listed in consolidated financial sheets, about ███████████████████████████████; whether Zuffa turned a profit before 2005 or 2006, sale of equity to Abu Dhabi investors. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 36, Topel Depo, 156:20-157:16, 235:6-240:3, 240:10-242:15, 245:23-247:20, 249:11-253:2, 254:7-22 | 156:20-157:16: testimony regarding Plaintiffs' expert's damages estimate; asks whether Topel considered whether those fighters would have invested more in their own images and identities as a result. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 235:6-240:3: Testimony regarding wage share and Zuffa's wage share comparison to that of other sports leagues; asks why ████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 240:10-242:15: Asks about the relationship between the ████████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 245:23-247:20, 249:11-253:2: Testimony regarding Zuffa's historic wage share. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This testimony is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 254:7-22: discusses Topel's use of a statistical test to evaluate whether Dr. Singer has adequately controlled for all factors that contribute to the differences in UFC and StrikeForce athletes' compensation; the null hypothesis tested was whether all of the 63 regression coefficients from Dr. Singer's regression for pre-Strikeforce acquisition bouts were identical to those coefficients for the Zuffa bouts. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 47, ZFL-1240584 | 2007 Intangible Asset Treatment Memo, discloses Zuffa's motivation for acquiring WEC and WFA. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 48, ZFL-1384297 (excerpted) | August 3, 2012 Goldman Sachs presentation states "Zuffa is the world's largest producer of MMA sporting events and controls█████████████████████." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 63, ZFL-2277058 (excerpted) | Q4 2010 Financial Presentation with graphs of fighter comp as % of event revenue and as % of event EBITDA. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 64, ZFL-2279086 (excerpted) | Sept. 2, 2009 UFC presentation states, "#1 worldwide pay-per-view event provider since 2006 /███████████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 65, ZFL-2283306 | Intangible Asset Treatment Memo, including analysis of assets acquired between 2001 and 2006, including UFC, WEC, and WFA; also includes terms of these acquisitions. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |

| Document | Description | Argument Against |
|---|---|---|
| Ex. 78, ZFL-2700585 (excerpted) | 2014 Mercer Report Presentation charts aggregate athlete compensation as % of annual revenue. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 88, ZUF-00162329 (excerpted) | Oct. 2009 Deutsche Bank Confidential Information Memorandum states, ███████<br><br>Zuffa redacts ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held |
| Ex. 97, DB-ZUFFA-00006389 (excerpted) | Jan. 2013 Deutsche Bank Leveraged Finance Credit report states, "████████████████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 98, DB-ZUFFA-00006528 (excerpted) | Jan. 30, 2013 Deutsche bank Loan Screening Committee Memorandum states, "Zuffa is the world's largest promoter of the sport of mixed martial arts, . . . Zuffa owns four of the largest, most profitable and well recognized MMA brands in the world: the Ultimate Fighting Championship ("UFC"), World Extreme Cagefighting ("WEC"), PRIDE Fighting Championships ("Pride") and Strikeforce." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 99, DB-ZUFFA-00006631 (excerpted) | Deutsche Bank Lender's presentation states: ███████ PRIDE was our closest competitor headquartered in Tokyo." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 100, DB-ZUFFA-00006712 (excerpted) | Deutsche Bank Confidential Information Memorandum from May 2007 states: " ████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 101, DB-ZUFFA-00014046 (excerpted) | Deutsche Bank Confidential Information Memorandum from May 2007 states: ████████████████ " | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 102, DB-ZUFFA-00020303 | UFC Frequently Asked Questions sheet states: "Based on all comparable metrics, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 104, DB-ZUFFA-00056900 (excerpted) | Deutsche Bank Confidential Information Memorandum from October 2009 states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 105, DB-ZUFFA-00057908 (excerpted) | Oct. 2009 Deutsche Bank Confidential Information Memorandum states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) This document is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 117, WME_ZUFFA_00005368 (excerpted) | Chart comparing revenues and athlete compensation across various sports including UFC. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 137, White Ex. 117 (ZFL-0000221) (excerpted) | Zuffa Combined Financial Statements for years ending 2013 and 2013 compiled by Ernst & Young. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | |
|---|---|

**Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such

| Document | Description | Argument Against |
|---|---|---|
| | 2:25: Zuffa paid fighters ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 4:5 & n. 6: quotes Deutsche Bank documents in stating that ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is too old to hold any competitive value.<br>3) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 6 nn.15-16: cites Deutsche Bank documents and expert reports in stating that Zuffa said that the ██████████████████████████ | 1) Zuffa's contractual terms are public knowledge.<br>2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 9:12-14 n.29: Also in 2006, Zuffa acquired World Fighting Alliance ("WFA") as a ████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is too old to hold any competitive value.<br>3) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 12:5-6: Cites SR1 in stating that by 2017, ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 12:9-11: New Zuffa owner WME states, ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 13:2-7: Zuffa statements ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such

| Document | Description | Argument Against |
|---|---|---|
| Plaintiffs' Opposition 2:25, 4:5 & n. 6, 6 nn.15-16, 9:12-14 n.29, 12:5-6, 12:9-11, 13:2-7, 15:10-11, 15:15-16, 16:10-11, 16:14-15, 16:17-18 & nn. 46 & 48, 17:2, 18 n.55, 26:11, 30 n.87, 34:22-23, 43:10-11, 43:13-14, 43:16-17, 43:18-19 & n.116, 44:3, 45 n.123 | 15:10-11: Bellator's 2016 revenues were ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 15:15-16: WSOF/PFL's 2012-2016 revenues ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 16:10-11: Zuffa's revenues grew from ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 16:14-15: Zuffa's wage share ██████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 16:17-18 & nn. 46 & 48: Zuffa ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 17:2: boxing promoters ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 18 n.55: Zuffa's claims to have developed the sport of MMA are dubious, and in any event, they are immaterial to the claims in this case. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
|  | 26:11: Zuffa's dominant market share demonstrates monopsony power. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 30 n.87: Zuffa's non-fighter inputs have become less important over time. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 34:22-23: Zuffa's ██████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 43:10-11: Between 2010-2015, ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 43:13-14: Between 2010-2015, ████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 43:16-17: During the same period, ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 43:18-19 & n.116: ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such | | |
| **Document** | **Description** | **Argument Against** |
| | 44:3f: Zuffa ████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 45 n.123: Zuffa confuses Dr. Singer's impact and damages calculations. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) This information is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | |
|---|---|
| | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 12, Hendrick Depo, 234:1-25, 241:14-20, 242:3-244:14, 265:5-9, 265:17-21, 266:4-267:1, 269:17-21, 272:19-23, 273:9-25 | 234:1-25: Hendrick testifies that in 2014 Zuffa ███████████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 241:14-20: Contains only the sender and recipient of a July 14, 2011 email. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| | 242:3-244:14: testimony regarding Joe Silva 2011 statement regarding Strikeforce: ██████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 265:5-9: Contains only the sender and recipient of a Jan. 7, 2008 email. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| | 265:17-21: Asks whether Hendrick remembers the events discussed in email, without describing those events. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| | 266:4-267:1: Discusses content of Jan. 27, 2008 email from a fighter's agent to Joe Silva, including the statement, "As you are aware, as of March 1, it will have been almost a year since [the fighter's] last fight as compared to the prior 12 month period in which he fought four times. [¶] It is extremely damaging to [the fighter's] career to be shelved for such a long period of time and he can't sign an agreement that ███████████████ | 1) The information referenced in this testimony is too old to hold any competitive value. 2) The interest of the named Plaintiffs, Class members, the public and the press in disclosure outweighs Zuffa's interest in sealing the document. 3) Zuffa has not narrowly tailored the redaction. |
| | 269:17-21: Contains only the sender and recipient of a May 2, 2013 email. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| | 272:19-23: Contains only the sender and recipient of an Aug. 31, 2007 email. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| | 273:9-25: Contains only the sender, recipients, and the fighter who is the subject of a May 2, 2013 email. | 1) Does not contain commercially sensitive information. 2) The information is too old to hold any competitive value. |
| Ex. 14, Epstein Depo, 22:1-28:6, 28:20-30:8, 33:7-37:23, 106:1-107:21, 115:17-117:25, 134:1-136:12, 136-22-143:1, 143:3-143:14, 143:23-145:25, 166:1-172:1, 175:3-177:25 | 22:1-28:6; : Testimony regarding how Zuffa viewed other MMA promoters and their fighters, whether Zuffa acquired elite MMA fighters through acquisitions, Zuffa's acquisition of World Extreme Cagefighting ("WEC"), and whether former UFC champions fought for WEC. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 28:20-30:8: Testimony regarding ██████████████████ ███████ | 1) The information referenced in this testimony is too old to hold any competitive value. |
| | 33:7-37:23: Testimony regarding acquisition of WEC fighters, reason for WEC acquisition (more television exposure), who at Zuffa ran WEC and for how long, who had decision-making authority for WEC, whether WEC was profitable. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | |
|---|---|
| | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 106:1-107:21: Testimony regarding Jan. 1, 2007 email ████████ | 1) Zuffa has unredacted the document upon which this testimony is based. The testimony should also be unsealed.<br>2) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>3) The information referenced in this testimony is too old to hold any competitive value. |
| | 115:17-117:25: Testimony regarding whether the Pride acquisition was an offensive and defensive acquisition. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value. |
| | 134:1-136:12, 136:22-143:1: Testimony regarding Zuffa's due diligence re ████████████████████████████████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) Pride has been defunct since 2007, so there is no possibility of competitive harm to a third party.<br>4) ████████████ are well documented in the public domain. |
| | 143:23-145:25: testimony regarding payments to Pride owner under Pride acquisition agreement, litigation between former Pride owner and Zuffa, and whether Zuffa agreed to promote MMA events under the Pride brand. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) Pride has been defunct since 2007, so there is no possibility of competitive harm to a third party. |
| | 166:1-172:1: Testimony regarding Zuffa's attempts to sign Fedor Emelianenko after its acquisition of Affliction, Zuffa's acquisition of Strikeforce. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The negotiations referenced in this testimony took place in 2009 and 2010-11, respectively. The information is too old to hold any competitive value. |
| | 175:3-177:25: testimony regarding acquisition of Strikeforce and importance of ██████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The Zuffa absorbed Strikeforce's fighters in 2011. The information is too old to hold any competitive value. |
| Ex. 15, Batchvarova Depo, 30:1-36:11, 36:23-37:1, 37:9-41:25 | 30:1-36:11: Testimony regarding development of Zuffa's Athlete Outfitting Policy. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The tiered payment system under the AOP was publicly announced by Zuffa. See, Rayhill Decl., Exh. 8, https://www.foxsports.com/ufc/story/ufc-announces-reebok-payouts-for-athletes-starting-in-july-2015-050615. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
|  |  |  |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 22, Fertitta Depo, 32:9-33:25, 76:21-77:10, 77:20-80:5, 80:13-85:25, 286:1-9, 286:20-290:14, 292:7-14, 294:1-295:15, 295:23-297:17 | 36:23-37:1: Contains only the names of the recipients of a Feb. 3, 2015 email. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
|  | 37:9-41:25: Testimony regarding Zuffa study about ███████ ██ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Information about Zuffa's minimum fighter pay is available in the public domain. See, Rayhill Decl. edh. 9, http://www.5thround.com/184827/ufc-increases-minimum-salary-for-new-f+C26:C28ighters/. |
|  | 32:9-33:25: Testimony regarding the makeup of Zuffa's board of directors and the sale of Zuffa in 2016, including the price. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Information about Zuffa's sale price is widely available in the public domain. |
|  | 76:21-77:10: Testimony regarding whether Fertitta believed there were competitors to WEC at the time that Zuffa acquired them in 2006. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
|  | 77:20-80:5: Testimony regarding Zuffa's motivation for purchasing WEC, the World Fighting Alliance ("WFA"), Pride, and Strikeforce. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old (2006-2011) to hold any competitive value. 3) The third party MMA promoters referenced have been defunct for between 5 and 11 years, so no third party could be harmed by disclosure. |
|  | 80:13-85:25: testimony regarding Zuffa's motivation for purchasing WEC and World Fighting Association ("WFA"), Zuffa's decisions not to continue to operate Pride and Strikeforce, and ██████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old (2006-2011) to hold any competitive value. 4) The third party MMA promoters referenced have been defunct for between 5 and 11 years, so no third party could be harmed by disclosure. |
|  | 286:1-9: Testimony regarding whether Zuffa maintained a ██████████ ████ contains no substantive description thereof. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
|  | 286:20-290:14 & 292:7-14: Testimony regarding a Nov. 14, 2013 text referring to a ██████████████████████ ██ 2014 text about negotiations with a fighter. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) Zuffa has removed the redactions from the underlying text about negotiations with a fighter, so testimony about the text is not confidential. See Exhibit 134 to the Declaration of Stacey K. Grigsby, ECF No. 602-27. |

|  |  |  |
|---|---|---|
|  |  |  |
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
|  |  |  |
| **Document** | **Description** | **Argument Against** |
|  | 294:1-295:15 Testimony regarding a fighter skipping a fight in 2009 to star in a movie, and a Sept. 29, 2008 article in which Fertitta states, "No one's ever [been] successful except us, . . . There is no No. 2." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
|  | 295:23-297:17: Testimony regarding Fertitta funding Zuffa's operations (with his brother) between 2001 and 2005, and Fertitta considering selling the company in 2004. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| Ex. 24, Shelby Depo, 78:1-79:4, 118:9-121:25, 123:18-124:3, 124:19-126:2, 126:9-129:22, 132:22-133:17, 161:23-162:2, 162:13-163:10, 163:19-164:25, 176:22-178:25, 179:25-181:6, 181:20-21, 183:19-25, 184:21-25, 185:9-21, 186:3-8, 186:28-20 [*sic*], 190:29-192:10 [*sic*], 194:8-25, 195:3-4, 197:14-15, 207:20-21 | 78:1-79:4:Testimony regarding Zuffa's typical lead time for setting bouts and hiring an arena for an MMA event. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
|  | 118:9-121:25, 123:18-124:3, 124:19-126:2 & 126:9-129:22: Testimony regarding Shelby texts sent between June 9, 2014 and Jan. 28, 2015 stating that ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
|  | 132:22-133:17: Testimony regarding how many fights a UFC fighter had. | 1) Information about the fighter and her bouts is not confidential because it is widely available in the public domain. |
|  | 161:23-162:2: Lists the dates in Nov. 2013 and the sender and recipient of a series of texts and nothing more. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
|  | 162:13-163:10: testimony regarding Nov. 29, 2013 Shelby text stating that ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
|  | 163:19-164:25: testimony regarding Jan. 18, 2014 texts about women fighting at 155 pounds, including one signed to WSOF. Shelby writes ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
|  | 176:22-178:25: testimony regarding texts from Feb. 21-22, 2014 in which Shelby states that ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) Any third party confidentiality issues can be resolved by redacting the names of the third parties. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 179:25-181:6: Testimony regarding May 1, 2013 texts in which Shelby tells an agent ███████████████████████, and a Dec. 5, 2014 text in which Shelby states that he is ███████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 181:20-21: Contains only a question: "So when you say 'promotions at that level,' what do you mean?" | 1) Does not contain commercially sensitive information. |
| | 183:19-25: Contains only the names of the sender and recipients of a Jan. 15, 2015 email. | 1) Does not contain commercially sensitive information. |
| | 184:21-25, 185:9-21, 186:38 & 186:18-20: Testimony regarding two emails from Jan. 15, 2015 in which MMA promoter Jungle Fights states that ████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 190:29-192:10, 194:8-25 & 195:3-4: Testimony relates to a June 25, 2015 email in which MMA promoter Invicta states ████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) The fighter's record is in the public domain; it is not confidential information that she signed with, and then fought for, Zuffa. |
| | 197:14-15: Identifies the sender and recipient of a Nov. 25, 2013 text. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) Any third party confidentiality issues can be resolved by redacting the names of the third parties. |
| | 207:20-21:  Identifies the sender and recipients of a Nov. 26, 2013 internal Zuffa email. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| Ex. 25, Mulkey Depo, 86:1-24, 87:8-97:25, 214:1-215:20, 216:13-219:8, 220:5-223:14, 225:5-25 | 86:1-24: Testimony relates to Zuffa's motivation for acquiring Pride and 2007 statement that "UFC holds the dominant position in the sport." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 87:8-97:25: Testimony relates to 2007 UFC FAQ sheet, including statements that UFC was ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 214:1-215:20: Testimony regarding a March 30, 2011 email in which Mulkey states that ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 216:13-219:8: testimony regarding John Mulkey's Jan. 2014 hand-written notes to a draft of a Moody's credit opinion. The opinion states in part, ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. 3) Moody's credit opinions are publicly available from Moody's website. 4) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 220:5-223:14: testimony regarding Nov. 2013 internal Zuffa email regarding ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| | 225:5-25: Testimony regarding a draft of a 2009 Deutsche Bank memorandum with Mulkey's hand-written edits. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| Ex. 26, Aronson Depo, 95:10-96:3 | Testimony regarding an Apr. 19, 2010 email about ██████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they or a third party could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 27, Deutsche Bank Depo, 54:1-77:25, 114:1-129:25 | 54:1-77:25: Testimony regarding a 2007 Deutsche Bank Confidential Information Memorandum for a Zuffa loan, including statements that ■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 114:1-129:25: Testimony regarding a 2009 Deutsche Bank Confidential Information Memorandum contains many of the same or similar statements . | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 28, Epstein Depo, 207:3-211:18, 216:14-217:2 | 207:3-211:18: Testimony regarding a May 29, 2014 email from Epstein to Michael Mersch, which states, regarding a UFC fighter, ■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| | | |
| **Document** | **Description** | **Argument Against** |
| | 216:14-217:2: Testimony regarding contract negotiations with a fighter's agent states that the agent has offered a contract amendment but does not reveal what the proposed amendment is. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) Any third party confidentiality issues can be resolved by redacting the names of the third parties. |
| Ex. 29, Silva Depo, 38:19-22, 39:7-17, 39:25-40:6, 40:13-23, 42:7-13, 43:19-22, 1130:10-21 [*sic*], 139:20-23, 143:7-9, 157:5, 170:16, 171:16, 177:10-11, 180:4-10, 183:4-9, 303:22-304:20, 304:22-306:2, 311:6-7, 311:17-19, 313:7-11, 316:9-25, 317:18-23, 398:13-22, 399:10-15, 399:23-400:4, 401:2-19, 405:12-19, 423:21-424:3, 468:12 | 38:19-22, 39:7-17, 39:25-40:6, 40:13-23, 42:7-13, 43:19-22: Testimony regarding statements in 2007 Deutsche Bank memorandum, including: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 130:10-21: Testimony regarding an email chain between Silva and a fighter's agent from May-June 2011, in which Silva states, ▉▉▉▉▉▉▉▉ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. |
| | 139:20-23: Testimony regarding Jan. 15, 2015 email in which Silva says the owner of the MMA promotion Jungle Fight ▉▉▉▉▉▉▉ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. |
| | 143:7-9: Silva testifies: ▉▉▉▉▉▉▉▉ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 157:5, 170:16, 171:16: Testimony regarding Silva statement in Feb. 12, 2011 email, ▉▉▉▉▉ Email contains USA Today/SB Nation Consensus MMA Rankings showing UFC and Strikeforce (which Zuffa had just acquired) had 21 of the 25 top heavyweights, 24 of the top 25 light heavyweights, 22 of the top 25 middleweights, 23 of the top 25 welterweights, 20 of the top 25 lightweights, 14 of the top 25 featherweights, and 17 of the top 25 bantamweights. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 177:10-11 & 180:4-10: testimony regarding Oct. 2014 Silva email for Fertitta, White, and Shelby, that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The statements referenced in this testimony are too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 183:4-9: Testimony regarding Silva's use of the term ▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 303:22-304:20 & 304:22-306:2: testimony regarding one UFC fighter's purported reluctance to fight another. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Any third party confidentiality issues can be resolved by redacting the names of the third parties. |
| | 311:6-7, 311:17-19, 313:7-11, 316:9-25: Testimony regarding July 31, 2014 email from Zuffa Director of Athlete Relations Tracy Long to Silva in which she states, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The statements referenced in this testimony are too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 317:18-23: Testimony regarding Aug. 2, 2013 Long email to Silva in which she states, ▮▮▮▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The statements referenced in this testimony are too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 398:13-22, 399:10-15, 399:23-400:4, 401:2-19 & 405:12-19: Testimony regarding Apr. 20, 2010 Silva email forwarding email from agent re fighter negotiation to White and Fertitta and asks whether to pay what the agent wants or let Strikeforce sign the fighter. Silva explains what the fighter has made in the past and what Silva offered him, and states, ▮▮▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The statements referenced in this testimony are too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| **Document** | **Description** | **Argument Against** |
| | 423:21-424:3: Testimony regarding Sept. 20, 2014 email about ███████ ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The statements referenced in this testimony are too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa.<br>4) Any third party confidentiality issues can be resolved by redacting the names of the third parties. |
| | 468:12: Phone number redacted. | Plaintiffs do not object. |
| Ex. 30, Coker Depo, 85:3-23, 86:19-87:9, 93:9-98:12, 113:23-114:17, 117:11-18, 124:17-125:25, 141:19-25 | 85:3-23 & 86:19-87:9: Testimony regarding Coker's talks with Affliction about ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Mr. Coker did not designate this testimony confidential. |
| | 93:9-98:12: Testimony regarding Coker's statement about the ███████ | Plaintiffs do not object. Mr. Coker has designated this testimony confidential. |
| | 113:23-114:17: Testimony regarding Coker ███████ ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Mr. Coker did not designate this testimony confidential. |
| | 117:11-18: Testimony regarding the Strikeforce board of directors. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Mr. Coker did not designate this testimony confidential. |
| | 124:17-125:25: Testimony regarding Strikeforce negotiations with Zuffa. | Plaintiffs do not object. Mr. Coker has designated this testimony confidential. |
| | 141:19-25: Testimony regarding why Strikeforce's co-owners wanted to sell to Zuffa despite Coker's reluctance. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Mr. Coker did not designate this testimony confidential. |
| Ex. 31, White Depo, 142:10-143:9, 153:2-154:8, 155:10-157:4, 158:13-162:16, 169:15-170:3, 186:5-187:10, 201:6-25, 214:2-215:5, 226:7-227:21, 228:13-233:23, 236:13-237:21, 242:5-243:19 | 142:10-143:9: Testimony regarding the reasons Zuffa acquired WFA in 2006. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value. |
| | 153:2-154:8: Testimony regarding ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this testimony is too old to hold any competitive value.<br>3) ███████ |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 155:10-157:4: Testimony regarding June 4, 2006 email from Zuffa executive Craig Borsari to Dana White and others about ███████████████ ███████████████████████████████████████ ███████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The statements referenced in this testimony are too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 158:13-162:16: Testimony regarding  a Mar. 27, 2007 Zuffa press conference in which Mr. White discussed the acquisition of Pride, and stated, "You know Pride and the UFC have the best fighters in the world in all different weight classes. Finally, we're going to be able to see who's the best fighter in the world, and I think you know whoever wins that fight will be looked at as the best heavyweight, best light heavyweight, best middleweight in the world . . . ." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The statements referenced in this testimony are too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 169:15-170:3 & 186:5-187:10: Testimony regarding Zuffa's lawsuit against the International Fight League for allegedly stealing Zuffa's intellectual property. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The statements referenced in this testimony are too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 201:6-25: Testimony regarding negotiations between Zuffa and Affliction in 2009. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The statements referenced in this testimony are too old to hold any competitive value. <br> 3) Zuffa's acquisition of the assets of Affliction and Affliction's decision to cease producing live MMA events were widely reported in the public domain. |
| | 214:2-215:5: Testimony regarding fighters that Zuffa acquired from Strikeforce. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The statements referenced in this testimony are too old to hold any competitive value. <br> 3) The fighters' records, which show which bouts they fought for Strikeforce and which fights they fought for Zuffa, are available in the public domain |

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 226:7-227:21: Testimony regarding a Jan. 3, 2011 email from Joe Silva to Dana White and others stating, ▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 228:13-233:23: Testimony regarding Silva statement in Feb. 12, 2011 email, ▮▮▮▮▮▮▮ Email contains USA Today/SB Nation Consensus MMA Rankings showing UFC and Strikeforce (which Zuffa had just acquired) had 21 of the 25 top heavyweights, 24 of the top 25 light heavyweights, 22 of the top 25 middleweights, 23 of the top 25 welterweights, 20 of the top 25 lightweights, 14 of the top 25 featherweights, and 17 of the top 25 bantamweights. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 236:13-237:21: Testimony regarding the date Zuffa closed Strikeforce down. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 242:5-243:19: Testimony regarding White's belief that ▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 32, White Depo, 304:14-307:19, 334:12-336:5, 348:17-350:17, 351:2-354:5, 356:23-357:17, 385:8-388:24, 445:1-446:9, 447:7-449:7, 451:7-11, 453:20-454:12 | 304:14-307:19: Testimony regarding Joe Silva and Lorenzo Fertitta's comments and Dana White's professed belief that ▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| | | |
| **Document** | **Description** | **Argument Against** |
| | 334:12-336:5: Testimony regarding Dec. 8, 2014 text in which White states that ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. |
| | 348:17-350:17: Testimony regarding whether White believes fighters should be willing to accept less money to fight for the UFC and regarding Joe Silva's negotiating technique generally. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 351:2-354:5: Testimony regarding an Apr. 20, 2010 email from Joe Silva to White and Lorenzo Fertitta in which Silva states, ███████████████ ████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. |
| | 356:23-357:17: Testimony regarding ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 385:8-388:24: Testimony regarding 2014 texts about negotiations with two UFC fighters. | 1) The statements referenced in this testimony are too old to hold any competitive value. |
| | 445:1-446:9: Testimony regarding 2010 fighter request to use training footage to make a documentary. Includes White email statement, "████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) This statement is directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 447:7-449:7, 451:7-11 & 453:20-454:12: Testimony regarding ██████████████████████████████████████████████████████████████ | 1) The statements referenced in this testimony are too old to hold any competitive value. |
| Ex. 36, Topel Depo, 28:1-22, 47:10-19, 244:9-245:14 | 28:1-22: Testimony regarding promoters generating competitive value for athletes. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 47:10-19: Testimony regarding viewership numbers for UFC's television broadcasts. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 244:9-245:14: Consists solely of statement from a UFC Company Overview," "Although the company believes the information is accurate in all material respects, the company does not make any representation or warranty either express or implied as to the accuracy, completeness, or reliability of the information contained in this presentation." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| Ex. 37, Deposition of Robert Topel (December 6, 2017) (excerpted), 379:25-380:2, 381:16-383:16, 391:4-392:10, 394:6-21, 395:2-6, 395:20-396:15, 397:19-398:11, 420:24-422:2, 424:6-8, 447:19-22, 448:3-450:7, 452:14-16, 452:24-453:4, 455:4-25, 460:13-21, 455:7-471:12, 472:25-473:20, 476:11-477:10, 478:17-22, 479:6-481:9, 489:17-490:6, 490:22-491:22 | 379:25-380:2: Statement about Strikeforce acquisition in ▮▮▮▮ | Plaintiffs do not oppose. |
| | 381:16-383:16: Statement about WWE in ▮▮▮ | Plaintiffs do not oppose. |
| | 391:4-392:10: testimony regarding Nov. 21, 2013 email from Zuffa General Counsel Kirk Hendrick to CFO John Mulkey regardin ▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The statements referenced in this testimony are too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 394:6-21: Testimony regarding Zuffa statements that ▮▮▮▮ . | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 395:2-6: Contains name and Bates number of a document produced by third party Raine. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 395:20-396:15 & 397:19-398:11: Testimony regarding statement in due diligence report prepared by Raine relating to proposed sale of Zuffa, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 420:24-422:2: Testimony regarding statement in Topel's report that Dr, Singer errs by holding revenues constant. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 424:6-8: Testimony regarding statement in Topel's report that ▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 447:19-22: Testimony regarding statement in Topel's report that "It is worth noting that Dr. Singer weights all Zuffa athletes equally when he calculates his revenue-weighted foreclosure shares." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 448:3-450:7, 452:14-16, 452:24-453:4, 455:4-25, 460:13-21, 455:7-471:12: Testimony regarding whether top 15 fighters should be weighted differently than unranked fighters. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 472:25-473:20: Testimony regarding compensation for two top female UFC fighters. | 1) The compensation was published by the Nevada Athletic Commission and widely reported in the public domain. |
| | 476:11-477:10, 478:17-22, 479:6-481:9: Testimony regarding Dr. Singer's use of Fight matrix and FightMetric databases. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 489:17-490:6, 490:22-491:22: Testimony regarding Zuffa's acquisition of Pride. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this testimony is too old to hold any competitive value. |
| Ex. 43, ZFL-0990908 | May 29, 2014 email from Zuffa COO Lawrence Epstein to other Zuffa executives regarding a UFC fighter states, ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 45, ZFL-1081154 | Draft of 2014 Moody's credit opinion with Zuffa CFO John Mulkey's hand-written edits. While it contains no absolute numbers, it does contain statements regarding year-over-year growth in Zuffa's EBITDA, debt leverage, liquidity. Also states that Zuffa enjoys, ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 46, ZFL-1096310 | Mar. 26, 2015 internal Zuffa email contains viewership numbers for recent UFC and boxing events, showing that ████████████ (Zuffa redacted employee email addresses and contact information.) | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 51, ZFL-1421551 | Apr. 20, 2010 email from Joe Silva to Dana White and Lorenzo Fertitta regarding fighter negotiations states, ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 52, ZFL-1472158 (excerpted) | [redacted] | 1) Filed in 2011, this information is too old to hold any competitive value.<br>2) Zuffa has not shown how disclosure of Zuffa's practice of re-negotiating fighter contracts before the prior contract expires would confer a competitive advantage. |
| Ex. 53, ZFL-1484034 | Aug. 1, 2013 email from Zuffa employee Stephen Tecci to Zuffa CFO John Mulkey attaches three charts showing fighter compensation as a percentage of wage share from 2001 to Q2 2012, among other things. | 1) The information referenced in this document is too old to hold any competitive value. |
| Ex. 58, ZFL-1897652 (excerpted) | Zuffa has filed an unredacted version of this document. | Plaintiffs do not oppose. |
| Ex. 60, ZFL-1911498 | July 2, 2009 email from UFC/WEC matchmaker Sean Shelby to Dana White and others states, [redacted] | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 61, ZFL-2020850 | July 3, 2009 confidential agreement between Affliction Entertainment and Zuffa, under which [redacted] | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 62, ZFL-2193553 | July 24, 2009 email from UFC Assistant General Counsel Michael Mersch to a third party, containing a link to an article about Affliction ceasing to promote live MMA events. Mersch states, [redacted] | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 64, ZFL-2279086 (excerpted) | Sept. 2, 2009 UFC presentation states, [redacted] | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 67, ZFL-2463304 (excerpted) | March 15, 2010 draft of a confidential information memorandum produced for Strikeforce states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 70, ZFL-2477398 | June 5-6, 2013 internal Zuffa email chain states cites data | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 71, ZFL-2496215 | July 10, 2012 Joe Silva email instructs paralegal Tracy Long | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 72, ZFL-2497585 | July 31, 2014 email in which Tracy Long states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 76, ZFL-2536695 | Aug. 2, 2013 Joe Silva email to Michael Mersch states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 79, ZFL-2757165 | Oct. 11, 2012 Tracy Long email to Michael Mersch regarding ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 80, ZFL-2764805 | Sept. 29, 2008 internal Zuffa email contains ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 81, ZFL-12535916 | Nov. 20, 2013 email, John Mulkey questions why ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 83, ZUF-00031544 | Jan. 31, 2007 email from ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 85, ZUF-00108798 (excerpted) | Sept. 15, 2010 Price Waterhouse Coopers Transfer Pricing Analysis & Report for fiscal year 2009 states. ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
|  |  |  |
| **Document** | **Description** | **Argument Against** |
| Ex. 86, ZUF-00111415 (excerpted) | Oct. 2009 Deutsche Bank Confidential Information Memorandum states, ██████ ████████████████████████████ ████████████████████████████ ████████████████████████████ █████████████████████████ ████████████████████ █████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 88, ZUF-00162329 (excerpted) | Oct. 2009 Deutsche Bank Confidential Information Memorandum states, "██████████████████████ ████████████████████ ██████████████████████████ ████████████████████ █████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 91, ZUF-00325418 | Jan. 3, 2011 email from Joe Silva to Dana White and others entitled ██████████ ██████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 93, ZUF-00395941 | May 13, 2010 email from Zuffa VP Media Edward Muncey to Yahoo VP Media VP James Pitaro contains talking points and states, "the UFC has no close 2nd place," and "as the NFL is the defining brand of football, the UFC is the defining brand of mixed martial arts." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 94, ZUF-00395952 | May 13, 2010 internal Zuffa email with draft talking points for Yahoo states, ██████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
|  |  |  |
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
|  |  |  |
| **Document** | **Description** | **Argument Against** |
| Ex. 96, DB-ZUFFA-00006237 (excerpted) | May 23, 2007 Deutsche bank lender's presentation states that ███████ | 1) This information is too old to hold any competitive value.<br>2) Value of disclosure outweighs any confidentiality interest because this document shows that Zuffa acquired its closest competitor at that time. Also shows that, ████████<br>3) Zuffa has not shown how disclosure of this information would confer a competitive advantage on a competitor. |
| Ex. 97, DB-ZUFFA-00006389 (excerpted) | Jan. 2013 Deutsche Bank Leveraged Finance Credit report states, ██████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 98, DB-ZUFFA-00006528 (excerpted) | Jan. 30, 2013 Deutsche bank Loan Screening Committee Memorandum states, ██████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 103, DB-ZUFFA-00024678 (excerpted) | Oct. 2009 UFC Public Lender Presentation states, ███████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 111, MDYS ZFF 000103 (excerpted) | May 9, 2007 UFC Presentation to Moody's contains a chart showing that ████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 112, RAINE0000019 (excerpted) | Jan. 2013 Information memorandum prepared by Raine states that Zuffa has, ██████████ " | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 113, RAINE0018791 (excerpted) | Zuffa response to 2016 due diligence question states, ██████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 114, RAINE0020542 (excerpted) | March 29, 2016 Zuffa response to due diligence question states, ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 115, RAINE0020633 (excerpted) | June 15, 2016 Zuffa answer to due diligence question states, " █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 116, WME_ZUFFA_00001150 (excerpted) | June 12, 2016 Final Posting memo states, █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 120, Z.E._006755 (excerpted) | April 28, 2006 Joe Silva email to agent Bob Cook regarding contract negotiations for Jon Fitch states, █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 124, J. Silva Ex. 8 (ZUF-00296713) | May 11, 2011 Joe Silva email to fighter agent states, █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 125, J. Silva Ex. 11 (ZFL-0822197) | Sept. 8, 2014 email from Kevin Lillis to Joe Silva states, █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 127, J. Silva Ex. 14 (ZFL-0826818) | Oct. 8, 2014 Joe Silva email to Lorenzo Fertitta and others states, " █████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 128, J. Silva Ex. 16 (ZFL-1012702) | Dec. 26, 2012 email from Joe Silva to Lorenzo Fertitta and Dana White states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this document is too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 129, J. Silva Ex. 26 (ZFL-2287140) | July 26, 2009 email from Joe Silva to fighter manager who asked for | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 130, J. Silva Ex. 28 (ZFL-0827903) | Mar. 19, 2014 Joe Silva email to Lorenzo Fertitta states that he | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 131, J. Silva Ex. 29 (ZFL-2497582) | July 31, 2014 email in which Tracy Long states, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this document is too old to hold any competitive value. <br> 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 132, J. Silva Ex. 39 (ZFL-0977248) | May 5, 2015 Joe Silva email to fighter's manager states, " | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. <br> 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 134, Quinn Ex. 3 (ZFL-2699678) (excerpted) | Zuffa has filed an unredacted version of this document. | Plaintiffs do not oppose. |

|  |  |  |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
| | | |
| **Document** | **Description** | **Argument Against** |
| Plaintiffs' Opposition 4:5 & n.6, 5-6 n.12, 6 nn.15-16, 8 n.22, 9:5-6, 9:12-14 & n.29, 10:1-3, 10:10-11, 10:20-22, 11:13-14, 11:16-18 & nn. 34-35, 12:18-19 & n.36, 13:8-10 & n.39, 14:21-22 & n.42, 15:3-10, 15:16-18, 17 n.53, 18:11 & nn. 54 & 56, 32:21-22, 35:11-12, 36:14, 36:19, 38:14-16, 43:10-11, 43:13-14, 43:16-19 & nn.115-16, 44:3 & n.120 44:3 & n. 120 | 4:5 & n.6: ██████████████████ ████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| | 5-6 n.12: Silva testimony that ████████████████ ████████████████████ ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 6 nn.15-16: Reference to contract terms. | 1) Zuffa's contract terms are public knowledge. |
| | 8 n.22, 9:5-6: Evidence relating to Zuffa's ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| | 9:12-14 & n.29: Zuffa's motivation for acquiring WFA. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| | 10:1-3: Zuffa's motivation for acquiring Pride. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| | 10:10-11: Zuffa's motivation for acquiring Affliction. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| | 10:20-22: Zuffa's motivation for acquiring Strikeforce. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| | 11:13-14, 35:11-12: ███████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| | 11:16-18 & nn. 34-35, 36:14: ██████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| | 12:18-19 & n.36: ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| | 13:8-10 & n.39: ███████████████ ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 14:21-22 & n.42: ██████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 15:3-10, 15:16-18: Evidence that ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| | 17 n.53: ██████████████████ ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
| --- | --- | --- |
|  |  |  |
| **Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | | |
|  |  |  |
| **Document** | **Description** | **Argument Against** |
|  | 18:11 & nn. 54 & 56: ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
|  | 32:21-22, 36:19: ████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 38:14-16: ████████████. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
|  | 43:10-11, 43:13-14, 43:16-19 & nn.115-16, 44:3 & n.120 : ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 20, Kingsbury Depo, 93:24-94:20, 94:25-95:3 | Discusses an email from Bob Cook to Joe Silva dated 10/29/2009 in which Bob Cook asks ███████ | 1) Fighter medical information. Plaintiffs do not oppose. |
| Ex. 21, Lappen Depo, 149:15-25 | Discusses a 2009 agreement between fighter and EliteXC and an amendment to the agreemt apparently done by Strikeforce afer they acquired the rights to the contract from EliteXC | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 23, Knapp Depo, 67:10-68:2, 127:9-128:3, 128:21-129:5, 131:1-132:25, 134:3-136:16, 137:7-137:25, 222:28-24 | 67:10-68:2: Discusses the terms of ████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Much of the information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims, in that it shows ██████. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 24, Shelby Depo, 167:11-168:3, 168:19-21, 198:7-12 | Discusses text messages from agent for PXC Champion in Nov 2013 ██████ Agent also represents another One FC fighter. Shelby acknowledges that Jason House, manager for fighter Louis Smolka, told him that Smolka ██████ Shelby acknowledges that it appears that Jason House represented a fighter named Russell Doane | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Much of the information referenced in this testimony is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 26, Aronson Depo, 81:8-83:10, 85:7-18 | 81:8-83:10: Discusses the terms of Titan's deal with Zuffa with regard to Fight Pass - | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Much of the information referenced in this testimony is too old to hold any competitive value.<br>3) This testimony is directly relevant to Plaintiffs' claims, in that it shows Zuffa supporting a "feeder league" promotion. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 27, Deutsche Bank Depo, 54:1-77:25, 114:1-129:25 | Testimony regarding memoranda prepared by Deutsche Bank in 2007 and 2009, based on due diligence conversations with Zuffa and materials Zuffa provided. Every single sentence was provided to Zuffa for review prior to being submitted to prospective lenders, and nothing published in final versions was described by Zuffa as inaccurate. Deutsche Bank confirmed that Zuffa provided statements that | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | | |
| **Document** | **Description** | **Argument Against** |
| Ex. 29, Silva Depo, 38:19-22, 39:7-17, 39:25-40:6, 40:13-23, 46:9-19, 47:5-6, 47:9-12, 55:11-18, 56:14-15, 57:11-12, 57:18-19, 57:24-58:5, 58:10-15, 58:20-59:2, 59:5-17, 60:4-11, 75:18-24, 76:22-24, 77:19-23, 78:9-11, 88:15-19, 100:16-18, 104:9-12, 151:22-24, 152:8-9, 249:21-22 |  38:19-22, 39:7-17; | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Some of the information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 36, Topel Depo, 26:2-27:7 | | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | | |

| Document | Description | Argument Against |
|---|---|---|
| Ex. 37, Deposition of Robert Topel (December 6, 2017) (excerpted), 360:15-361:5, 362:19-363:12, 389:10-19, 410:1-6, 436:3-442:19, 445:3-447:12, 482:9-484:21, 384:3-10 | 360:15-361:5: Topel admits ▮▮▮▮▮▮▮▮▮▮<br><br>362:19-363:12: Topel quotes Deutsche Bank memorandum: ▮▮▮▮▮▮▮▮▮▮<br><br>384:3-10: NOT INCLUDED IN THE EXCERPT | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) Some of the information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 40, ZFL-0827903 | 3/19-20/2014 Silva email to Dana White, Lawrence Epstein, and Lorenzo Fertitta states ▮▮▮▮▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 41, ZFL-0872344 | 1/15/2015 email, Jungle FC promoter Wallid Ismael tells Joe Silva ▮▮▮▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | | |

| Document | Description | Argument Against |
|---|---|---|
| Ex. 42, ZFL-0872351 | 1/15/2015 email exchange between Joe Silva, Dan Farmer, and Sean Shelby about ██████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 46, ZFL-1096310 | Mar. 26, 2015 internal Zuffa email contains viewership numbers for recent UFC and boxing events, showing that ████████████████████<br>████████<br><br>Zuffa redacted employee email addresses and contact information. | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 55, ZFL-1872579 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 59, ZFL-1904802 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 66, ZFL-2461790 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 68, ZFL-2469204 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 69, ZFL-2469208 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 75, ZFL-2535654 | Zuffa has filed an unredacted version of this document. | No objection. |
| Ex. 77, ZFL-2544572 | 4/2/2015 email exchange between Lorenzo Fertitta, Joe Silva, Dana White, and Lawrence Epstein, forwarding an email from Bob Cook describing ██████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 95, CG-UFC-00000005 (excerpted) | Raine Diligence Requests & Responses dated 6/15/2016 including a request for ████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 96, DB-ZUFFA-00006237 (excerpted) | May 23, 2007 Deutsche bank lender's presentation states that ████████████████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 97, DB-ZUFFA-00006389 (excerpted) | Jan. 2013 Deutsche Bank Leveraged Finance Credit report states, " ███████████████████ " | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 98, DB-ZUFFA-00006528 (excerpted) | Jan. 30, 2013 Deutsche bank Loan Screening Committee Memorandum states, "Zuffa is the world's largest promoter of the sport of mixed martial arts, . . . Zuffa owns four of the largest, most profitable and well recognized MMA brands in the world: the Ultimate Fighting Championship ("UFC"), World Extreme Cagefighting ("WEC"), PRIDE Fighting Championships ("Pride") and Strikeforce." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 99, DB-ZUFFA-00006631 (excerpted) | Deutsche Bank Lender's presentation states: ████████████ ." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
|  |  |  |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 100, DB-ZUFFA-00006712 (excerpted) | 2007 Deutsche Bank Confidential Information Memorandum states, among other things: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 101, DB-ZUFFA-00014046 (excerpted) | Deutsche Bank Confidential Information Memorandum from May 2007 states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 102, DB-ZUFFA-00020303 | UFC Frequently Asked Questions sheet states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 103, DB-ZUFFA-00024678 (excerpted) | Oct. 2009 UFC Public Lender Presentation states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 104, DB-ZUFFA-00056900 (excerpted) | Deutsche Bank Confidential Information Memorandum from October 2009 states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

|  |  |  |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. |  |  |

| Document | Description | Argument Against |
|---|---|---|
| Ex. 105, DB-ZUFFA-00057908 (excerpted) | Oct. 2009 Deutsche Bank Confidential Information Memorandum states, ██ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 106, MDYS ZFF 000005 | Moody's 11/10/2008 Credit Opinion states: ██ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) Moody's credit opinions are publicly available. |
| Ex. 107, MDYS ZFF 000039 | Moody's 12/2/2011 Credit Opinion states: ██ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) Moody's credit opinions are publicly available. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 108, MDYS ZFF 000058 | Moody's 2/7/2013 Credit Opinion states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) Moody's credit opinions are publicly available. |
| Ex. 109, MDYS ZFF 000074 | Moody's 2/19/2015 Credit Opinion states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) Moody's credit opinions are publicly available. |
| Ex. 110, MDYS ZFF 000082 | Moody's 2/9/2016 Credit Opinion states: | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) Moody's credit opinions are publicly available. |
| Ex. 111, MDYS ZFF 000103 (excerpted) | May 9, 2007 UFC Presentation to Moody's contains a chart showing that at the | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 112, RAINE0000019 (excerpted) | Jan. 2013 Information memorandum prepared by Raine states that Zuffa has, | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |

| | | |
|---|---|---|
| **Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | | |

| Document | Description | Argument Against |
|---|---|---|
| Ex. 113, RAINE0018791 (excerpted) | Zuffa response to 2016 due diligence question states, ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 114, RAINE0020542 (excerpted) | March 29, 2016 Zuffa response to due diigence question states, ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 115, RAINE0020633 (excerpted) | June 15, 2016 Zuffa answer to due diligence question states, ■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 116, WME_ZUFFA_00001150 (excerpted) | June 12, 2016 Final Posting memo states, "■■■■ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure.<br>2) The information referenced in this document is too old to hold any competitive value.<br>3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| | | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 118, WME_ZUFFA_00013978 | 3/19-20/2016 email exchange from Brent Richard at WME to Ali Pfitzenmaier stating that ▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| Ex. 119, WME_ZUFFA_00031950 | 10/6/2014 email from Lenee Breckenridge to Brad Slater copying a news article that published that day, including the statement: "History tells us that for a pay-per-view to do big numbers, it needs marquee names." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. |
| Ex. 128, J. Silva Ex. 16 | Dec. 26, 2012 email from Joe Silva to Lorenzo Fertitta and Dana White states, ▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) The information referenced in this document is too old to hold any competitive value. 3) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 4 n.4: Coker testimony that big names "put butts in seats, sell tickets, and drive TV ratings or pay-per-view ratings. These are the fighters we need." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 7:8-9: Other promoters "▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 13:11-12: ▮▮▮ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 15:10-11: ▮▮▮ | Plaintiffs do not object. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | |
|---|---|
| | |

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Plaintiffs' Opposition 4 n.4, 7:8-9, 13:11-12, 15:10-11, 15:15-16, 15:17-18, 16 n.46, 17:2, 25:6-7 & n.71, 40 n.109 | 15:15-16: ██████████████████████ | Plaintiffs do not object. |
| | 15:17-18: ████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 16 n.46: "Dr. Singer demonstrates empirically that Event Revenues increase in proportion to Fighter rank." | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 17:2: ████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) These statements are directly relevant to Plaintiffs' claims. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| | 25:6-7 & n.71, ████████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |
| | 40 n.109: ████████████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| **Expert Reports** |
| --- |

Zuffa asks the Court to seal nine expert reports, including hundreds of redactions spread over many hundreds of pages. The burden is on Zuffa to justify each of its redactions with specific findings of fact. Zuffa has failed to do so. Its proposed redactions are unjustified.

For example, Zuffa asks the Court to seal the conclusions of Plaintiffs' expert Dr. Hal Singer, including, █████████████████████████████████████████████████████████

Expert Report of Hal J. Singer, Ph.D., Aug. 31, 2017, ¶ 5. This statement contains no commercially sensitive information, and Zuffa has not shown how it would be harmed by its disclosure. Moreover, Dr. Singer's points and conclusions, are of great significance to the named Plaintiffs, the Class members, the public, and the press in this litigation. The presumed right of access is particularly strong in an antitrust class action such as this, affecting the rights of a large number of fighters, and clearly outweighs any purported interest in confidentiality put forth by Zuffa.

In another example, Zuffa asks the Court to seal a portion of the Expert Report of Andrew Zimbalist in Cung Le, et al. v. Zuffa, LLC, Aug. 31, 2017, ¶ 42 n.77, that quotes from an article that was published on MMAJunkie.com:

████████████████████████████████████████████████████████████████ .

Dr. Zimbalist cites to a document produced by Zuffa, but that document quotes from an article that is still available online. *See* , Rayhill Decl., Exh. 11, John Morgan, "UFC president Dana White says EA Sports responsible for current MMA video game war," July 12, 2009, mmajunkie.com, available for download at, https://mmajunkie.com/2009/07/ufc-president-dana-white-says-ea-sports-responsible-for-current-mma-video-game-war. This article is in the public domain, and is clearly not confidential. Zuffa can provide no basis for sealing Dr. Zimbalist's quoting from it.

As these examples show, Zuffa has asked the Court to seal portions of Plaintiffs' expert reports that should not be sealed. Zuffa has failed to provide compelling reasons supported by specific factual findings to seal the reports. Zuffa's Motion to Seal should be denied.

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

Zuffa filed 25 newly unredacted documents with their Motion to Seal. Plaintiffs welcome this changes. However, Zuffa has still failed to provide compelling reasons for the remaining redactions in five of these documents, listed below. These documents should not be redacted.

| Document | Description of Redacted Portions | Argument Against |
|---|---|---|
| ECF No. 602-06, Opposition Exhibit 48, August 3, 2012 Goldman Sachs Presentation, "UFC Financing Discussion Materials" | Contains financial information from 2011. | 1) Does not contain confidential information. Zuffa has not shown how it would be harmed by disclosure. 2) Information is too old to hold any competitive value. |
| ECF No. 602-11, Opposition Exhibit 64, September 2, 2009 UFC Presentation. | █████████████████ | 1) Does not contain confidential information. Zuffa has not shown how it would be harmed by disclosure. 2) Information is too old to hold any competitive value. |
| ECF No. 602-20, Opposition Exhibit 86, October 2009 Deutsche Bank Confidential Information Memorandum. | Contains information about ███████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Much of the information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims, in that it shows Zuffa supporting a "feeder league" promotion. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |
| ECF No. 602-22, Opposition Exhibit 88, October 2009 Deutsche Bank Confidential Information Memorandum. | States, ███████████████ | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Much of the information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims, in that it shows Zuffa supporting a "feeder league" promotion. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

| | | |
|---|---|---|
| ECF No. 602-26, Opposition Exhibit 128, Dec. 26, 2012 email from Joe Silva to Lorenzo Fertitta and Dana White. | Silva states,  | 1) Does not contain commercially sensitive information. Zuffa has not shown how they could be harmed by disclosure. 2) Much of the information referenced in this testimony is too old to hold any competitive value. 3) This testimony is directly relevant to Plaintiffs' claims, in that it shows Zuffa supporting a "feeder league" promotion. The interest of the named Plaintiffs, the Class members, the public, and the press in disclosure far outweighs any purported interest in confidentiality held by Zuffa. |