WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>     v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>          Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PLAINTIFFS' OPPOSITION TO ZUFFA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 596)** |

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.    Zuffa Properly Described The Documents It Seeks To File Under Seal And Has Explained Why Sealing Is Appropriate Under The Compelling Reasons Standard For Each And Every Document ................................................. 1

        A.    Zuffa Has Provided Substantial Evidence Of The Competitive Harm That Will Result From Release Of The Information Zuffa Seeks To File Under Seal ........................................................................................................ 2

        B.    Zuffa Has Narrowly Tailored Its Sealing Requests And Provided Detailed Explanations Of Why Sealing Is Appropriate For Each Document ............................................................................................................. 3

    II.    The Documents Discussed In The Opposition Are Properly Filed Under Seal ................................................................................................................................. 5

        A.    Plaintiffs Incorrectly Claim That The Documents At Issue Do Not Contain Commercially Sensitive And Highly Confidential Internal Strategy Information That Is Properly Filed Under Seal ............................... 5

        B.    The Documents Plaintiffs Seek To Unseal Do Not Contain Information That Is Public Knowledge ......................................................... 7

        C.    Plaintiffs' Argument That Certain Documents Are Too Old To Contain Trade Secrets Is Contrary To Law And Ignores Relevant Facts .................................................................................................................. 8

    III.    Plaintiffs' Recycled Arguments Regarding The Interests of The Public, Class Members, And The Named Plaintiffs Are Without Merit ............................. 9

    IV.    Plaintiffs' Request For The Court To Unseal The Types Of Documents Already Held To Be Properly Filed Under Seal Should Be Rejected ................... 11

CONCLUSION ......................................................................................................................... 12

i

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

# TABLE OF AUTHORITIES

**CASES**

*Clark v. Bunker*
   453 F.2d 1006 (9th Cir. 1972).................................................................................................. 7

*Del Campo v. Am. Corrective Consulting Servs., Inc.*
   No. C-01-2115JWPVT, 2007 WL 902568 (N.D. Cal. Mar. 22, 2007).................................. 6, 8

*Foltz v. State Farm Mut. Auto. Ins. Co.*
   331 F.3d 1122 (9th Cir. 2003).................................................................................................. 9

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*
   No. 12-CV-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ........................................ 6

*In re ConAgra Foods, Inc.*
   No. CV 11-05379-MMM (AGRx), 2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) .............. 7, 9

*Kamakana v. City & Cty. of Honolulu*
   447 F.3d 1172 (9th Cir. 2006).................................................................................................. 9

*Nixon v. Warner Comms.*
   435 U.S. 589 (1978).................................................................................................................. 9

*Selling Source, LLC v. Red River Ventures, LLC*
   No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011)...................... 7

*Stout v. Hartford Life & Acc. Ins. Co.*
   No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012).......................................... 6

*Valley Broadcasting Co. v. U.S. Dist. Court for Dist. Of Nevada*
   798 F.2d 1289 (9th Cir. 1986)................................................................................................ 10

*Walker v. University Books, Inc.*
   602 F.2d 859 (9th Cir. 1979).................................................................................................... 7

**INTRODUCTION**

In Zuffa, LLC's ("Zuffa") Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment ("Opening Motion"), Zuffa publicly filed 25 documents that had been lodged under seal and filed a new public version of Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment ("MSJ Opposition"). After Zuffa's Opening Motion, the vast majority of Plaintiffs' 45-page MSJ Opposition and many of the exhibits associated with the MSJ Opposition are now publicly available in whole or in part. Concurrently with this Reply, Zuffa is filing several more documents publicly in whole or in part. The documents that remain under seal fall squarely within the categories of documents the Ninth Circuit has held meet the compelling reasons standard. Several of the documents, such as Zuffa's promotional agreements and many of the expert reports Zuffa seeks to seal, have already been filed under seal as part of Zuffa's motions to exclude certain of Plaintiffs' experts and Plaintiffs' motion for class certification. ECF No. 533. For the reasons below and as detailed in Zuffa's Opening Motion, ECF No. 602, Zuffa respectfully requests that the Court grant Zuffa's motion to seal Plaintiffs' MSJ Opposition.

**ARGUMENT**

I. <u>Zuffa Properly Described The Documents It Seeks To File Under Seal And Has Explained Why Sealing Is Appropriate Under The Compelling Reasons Standard For Each And Every Document</u>

In its opening motion to seal ("Opening Mot."), Zuffa provided lengthy and detailed explanations regarding why compelling reasons exist to seal all of the documents or portions thereof that Zuffa sought to file under seal. ECF No. 596.[1] Zuffa has provided a significant amount of evidence from actual participants in the MMA market, all of whom emphasize the importance of the significant competitive harm and harm to third parties that would occur if the information Zuffa seeks to seal was disclosed publicly. Rather than directly addressing the relevant case law, Zuffa's specific descriptions, and Zuffa's unrebutted evidence regarding the competitive harm that will result from the public disclosure of the documents Zuffa seeks to seal,

---

[1] Zuffa has consistently provided detailed and specific justifications for sealing documents under the compelling reasons standard. *E.g.*, ECF Nos. 557, 565, 580, 589, 565 (collectively, "Previous Motions to Seal").

1

Plaintiffs instead make irrelevant arguments attempting to bolster the strength of their substantive claims and engage in fact-free speculation regarding whether public release of the information would result in competitive harm to Zuffa and third parties.

### A. Zuffa Has Provided Substantial Evidence Of The Competitive Harm That Will Result From Release Of The Information Zuffa Seeks To File Under Seal

Zuffa diligently collected and identified evidence regarding the competitive harm that would result from disclosure of the information Zuffa seeks to file under seal. In its Opening Motion, Zuffa identified detailed, centrally relevant, and first-hand knowledge from several sources, including from Zuffa's largest competitor, Bellator, regarding the "grave" competitive harm that would befall Zuffa if the documents Zuffa seeks to seal are disclosed publicly. First, Chief Legal Officer and Executive Vice-President, Wm. Hunter Campbell described Zuffa's confidentiality practices, the importance of confidentiality in negotiations with athletes, and the competitive significance of its confidential information. Opening Mot. at 8-12, 15. Mr. Campbell provided detailed facts from his personal knowledge and experience regarding the confidentiality of the documents at issue and the competitive harm that would result if those documents were released publicly.[2] ECF No. 565-3 ¶¶ 1, 3-8. Second, Zuffa also described the detailed first-hand knowledge of MMA manager Ali Abdelaziz regarding confidentiality and the harm that would result to MMA athletes from release of certain of the documents Zuffa seeks to file under seal. Opening Mot. at 11 (citing ECF No. 589-1 ¶¶ 4-5). Third, Zuffa cited to the detailed statements made by Bellator's outside counsel, Opening Mot. 10, 13, 16, and the sworn declaration of Bellator's President, Scott Coker, who has "thirty-one years of experience in promoting professional martial arts," and who described the "grave harm to Bellator" that would result from the production of executive and draft versions of Bellator's contracts with MMA

---

[2] In another case in this District, Magistrate Judge Hoffman recently found that one of Zuffa's promotional agreements was properly sealed under the compelling reasons standard. ECF No. 579 (Zuffa's Response to Plaintiffs' Notice of Supplemental Authority). No court has ever rejected Zuffa's motion to seal its promotional agreements with its athletes. Plaintiffs make no substantive attempt to argue why promotional agreements and information from those agreements should not be sealed in light of this Court's finding that compelling reasons exist to seal a promotional agreement from 2004. ECF No. 495 (sealing Ex. D).

athletes as well as documents related to the "negotiation, termination, cancellation, or transfer" of any such contracts in addition to a wide variety of other confidential Bellator documents. Opening Mot. 10, 16; *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-3 (Decl. of Bellator President Scott Coker at ¶¶ 8-20) ("Coker Decl.").

Plaintiffs offer up no evidence or declarations in response to Zuffa's evidence, despite having been aware of the sworn declarations and other statements from various participants in the MMA market for several months or longer.[3]  In their Opposition to Zuffa's Opening Motion ("Plaintiffs' Sealing Opposition" or "Sealing Opp."), ECF No. 604, Plaintiffs do not provide a single declaration from any MMA market participant—managers, promoters, athletes, the named Plaintiffs, or anyone else—that contradict or in any way undermine the statements Zuffa identified regarding confidentiality and competitive harm.

B.  Zuffa Has Narrowly Tailored Its Sealing Requests And Provided Detailed Explanations Of Why Sealing Is Appropriate For Each Document

Zuffa has provided detailed descriptions about why each document it seeks to seal is properly filed under seal in its Opening Motion and in Previous Motions to Seal.  In its motions to seal—including motions this Court has granted, ECF No. 533—Zuffa has, for the Court's convenience, used tables describing the types of materials Zuffa sought to file under seal, *e.g.*, ECF No. 527, or used categories to organize the type of information that should be filed under seal, *e.g.*, ECF No. 525.  In its Opening Motion, Zuffa organizes information into tables for the Court's convenience and describes the importance of confidentiality for each document listed in addition to the competitive harm that would result if the documents were publicly disclosed in the table and in the Motion itself.

Rather than directly engage with Zuffa's detailed justifications for sealing documents, Plaintiffs repeat boilerplate statements such as "[d]oes not contain commercially sensitive

---

[3] Plaintiffs have been aware of Mr. Coker's declaration since February 18, 2017.  Coker Decl. at 7.  They have been aware of the statements to this Court by Bellator's counsel since June 1, 2017.  ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15.  Plaintiffs have been aware of Mr. Campbell's declaration since June 26, 2018.  ECF No. 565-3.  They have been aware of the declaration of MMA manager Ali Abdelaziz since August 20, 2018.  ECF No. 589-1.

information," but fail to explain how or why that statement applies to the challenged document and fail to rebut the substantial evidence Zuffa has provided showing why release of documents would cause competitive harm. For example, in discussing Exhibit 46 to the MSJ Opposition, which Zuffa publicly filed with very limited redactions for personally identifiable information, Plaintiffs claim the publicly filed exhibit "[d]oes not contain commercially sensitive information. Zuffa has not shown how they [*sic*] could be harmed by disclosure" and "[t]he information referenced in this document is too old to hold any competitive value." Decl. of Kevin E. Rayhill in Supp. Of Plaintiffs' Opp. To Defendant Zuffa's Opening Motion ("Rayhill Decl."), Ex. 1, ECF No. 604-2 at 35. In fact, Zuffa unsealed *all* substantive information in the document—including the highlighted information on which Plaintiffs rely—and redacted only Zuffa employee e-mail addresses and telephone numbers. ECF No. 602-5.

In another example, Plaintiffs assert that Exhibit 137 to the MSJ Opposition, which is a detailed confidential auditing statement from the years ending in December 31, 2012 and 2013 "[d]oes not contain commercially sensitive information. Zuffa has not shown how they [*sic*] could be harmed by disclosure" and "[t]he information referenced in this document is too old to hold any competitive value." Rayhill Decl., Ex. 1 at 16. These speculative boilerplate statements are puzzling. Exhibit 117, which Zuffa specifically identified as containing financial information including "highly confidential internal valuation" information, Opening Mot. 4, contains detailed information regarding Zuffa financial information that has not been released publicly. Plaintiffs make no effort to engage with the detailed descriptions of: Zuffa's efforts to keep this information highly confidential, *id.* at 12; the competitive harm that this information would cause Zuffa if disclosed publicly, as Scott Coker, the President of Zuffa's rival Bellator, affirmed would befall Bellator in the MMA market if similar financial information were released, *id.* at 12-13; or the many cases, including a Federal Circuit case applying Ninth Circuit law that Zuffa cites supporting its position that this type of trade secret information is properly filed under seal, *id.* at 12-14. The Court should not credit Plaintiffs' boilerplate arguments where, as here, Zuffa has specifically identified the contents of the documents it seeks to seal and provided detailed

evidentiary proof of competitive harm that would follow from public disclosure of those documents.

In seeking to ensure that its sealing requests were narrowly tailored, counsel for Zuffa reviewed the 45 pages of the MSJ opposition and the over 100 exhibits filed under seal in whole or in part and redacted or publicly filed in full 25 exhibits and removed several redactions from the MSJ opposition. As explained above, Zuffa has provided ample unrebutted evidence from multiple sources—including competitors—of the competitive harm that would result from public release of the information Zuffa seeks to file under seal. Zuffa's requests are narrowly tailored and, as explained at length in its Opening Motion, the documents remaining under seal are properly sealed under the compelling reasons standard.

II. <u>The Documents Discussed In The Opposition Are Properly Filed Under Seal</u>

With the minor exceptions listed below,[4] the documents Plaintiffs discuss in their Opposition are properly filed under seal under the compelling reasons standard. In attempting to justify unsealing nearly all of the documents at issue, Plaintiffs offer only cursory argument regarding why the documents should be unsealed.

    A. Plaintiffs Incorrectly Claim That The Documents At Issue Do Not Contain Commercially Sensitive And Highly Confidential Internal Strategy Information That Is Properly Filed Under Seal

As to the documents Plaintiffs claim do not contain commercially sensitive information, Zuffa is concurrently filing new public versions of several of these exhibits, but believes that sealing is appropriate as to the remaining redactions and documents filed under seal. Sealing is appropriate under the compelling reasons standard because, in addition to the detailed

---

[4] Zuffa is concurrently filing a public version of Exhibit 37 to the MSJ Opposition that removes the redaction of the public statement from Bjorn Rebney that Plaintiffs identify in their opposition to the Opening Motion and is also filing Exhibits 62 and 94 to the MSJ Opposition with fewer redactions. Decl. of Stacey K. Grigsby in Supp. Of Zuffa's Reply in Supp. of Its Opening Mot. ("Grigsby Decl.") ¶ 14 & Exs. 37, 62, 94. Zuffa believes that for the reasons stated in this Reply and in Zuffa's Opening Motion, the remainder of those exhibits is properly redacted. Zuffa also is concurrently publicly filing an unredacted version of Exhibit 67 of the MSJ Opposition. *Id.* ¶ 14 & Ex. 67.

5

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

explanations given in the Opening Motion and elsewhere in this Reply:  Exhibit 29 contains, as cited in Plaintiffs' Sealing Opposition, a detailed discussion of contractual clauses and strategy, information that is properly filed under seal.  *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (sealing under the compelling reasons standard is appropriate where disclosure of the terms of agreements would put one party at "a disadvantage in future negotiations for similar agreements"); *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (sealing service agreements under the compelling reasons standard between a party and third party where "competitors could use this information to adjust their own contracts," thereby undermining a party's "ability to compete").  Exhibit 62 is a discussion between Zuffa's then-Assistant General Counsel, Michael Mersch, and representatives of a public relations and advocacy consulting group, Dewey Square, then under contract with Zuffa, discussing internal Zuffa information regarding a potential strategy for contracting with certain athletes.[5]  Exhibit 94 is an internal Zuffa email that contains draft potential talking points, including a discussion about Zuffa's internal financial analysis.  For the reasons provided above and in Zuffa's Opening Motion several redactions in these documents are properly filed under seal under the compelling reasons standard.  Opening Mot. 12-13.  Zuffa is concurrently filing redacted public versions of both of these documents.

    Finally, as discussed at length in Zuffa's Opening Motion, wage share information and revenue trends from Zuffa and third parties and the detailed results and analysis of that information—which is the exact information on which Dr. Singer's regression is based, disclosure of which would publicly disclose Zuffa's confidential revenue trends and strategic spending decisions—are properly filed under seal.  Opening Mot. 13-14.  This information is also properly sealed as a "compilation of information about the volume of business" a company does over a specific time period.  *Del Campo v. Am. Corrective Consulting Servs., Inc.*, No. C-01-2115JWPVT, 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University*

---

[5] At the time of the email in Exhibit 62, Zuffa had contracted with the consulting firm, Dewey Square, to provide public affairs and advocacy support.  *See* Grigsby Decl. Exs. L & M.

*Books, Inc.*, 602 F.2d 859, 865 n.2 (9th Cir. 1979)); *see also* ECF No. 589 at 5-7 (providing a detailed explanation of why Zuffa's wage share and related financial information is properly filed under seal under the compelling reasons standard); ECF No. 565 at 4-7 (same). The regression information Zuffa seeks to seal—which does not include the total amount of damages Plaintiffs seek—discusses information which, if publicly disclosed, would result in the disclosure of highly confidential revenue trends, strategic spending and investment decisions, and other highly confidential trade secret information from Zuffa and third parties.

> B. The Documents Plaintiffs Seek To Unseal Do Not Contain Information That Is Public Knowledge

Exhibit 12 is testimony from Zuffa's designated 30(b)(6) witness about Zuffa's contracts and the legal effect of terms from those contracts, which this Court has already held meets the compelling reasons standard. ECF Nos. 495, 504. This type of propriety contractual information is trade secret information that is properly filed under seal under the compelling reasons standard. *Clark v. Bunker*, 453 F.2d 1006, 1008-09 (9th Cir. 1972); *Selling Source*, *LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011); *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014); *see also* ECF No. 589 at 4-5 (explaining that compelling reasons exist to seal trade secret information regarding Zuffa's contracts and testimony regarding clauses in those propriety contracts). Other than the publicly available statement by Bjorn Rebney, Exhibit 37 is properly redacted.[6]

Exhibits 100 and 101 were designated confidential by a third party and contain Zuffa's confidential financial and business strategy information. Plaintiffs provide no actual evidence that the memorandum is available publicly—*e.g.*, by attaching a publicly available copy of the 2007 Memorandum.[7] For the reasons stated in Zuffa's Opening Motion, Opening Mot. 12-14,

---

[6] During the deposition of Scott Coker, counsel for Mr. Coker designated the entirety of the transcript highly confidential. Grigsby Decl. Ex. N at 44:21-24.

[7] As to Exhibit 101, Plaintiffs cite to a statement by John S. Nash stating that the document is "available to several members of the media, including myself." Sealing Opp. at 12. However, Plaintiffs fail to point to any examples of a public version of the memorandum itself.

7
ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

1 and the importance of protecting confidential non-party information, Exhibits 100 and 101 are
2 properly filed under seal.

### C. Plaintiffs' Argument That Certain Documents Are Too Old To Contain Trade Secrets Is Contrary To Law And Ignores Relevant Facts

The documents that Zuffa seeks to file under seal contain information that is still commercially and competitively relevant. In arguing that certain documents are too old to contain trade secrets, Plaintiffs provide no way for Zuffa or the Court to know what "too old" means. For example, in their Sealing Opposition, they identify documents from the Class Period, 2011 and 2013, which they claim on one had are relevant to their claims but on the other are too old to hold any value. Sealing Opp. 13-14. This arbitrary and scattershot approach ignores the facts and relevant case law.

First, Plaintiffs' have issued discovery requests that treat documents from January 1, 2006 to the present as relevant to this case, which is about market facts, competitors, and competition. Plaintiffs' subpoena to Bellator requested documents January 1, 2006 to the present in addition to information from documents created or generated before that time period but which contain information concerning that time period. *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-1 at 81 (Ex. B at 11). As Bellator's counsel told this Court at a hearing on Bellator's motion to quash to modify the parties' subpoenas to Bellator, the information requested in the parties' subpoenas—including negotiations, athlete contracting and strategy, and other highly sensitive information—is very sensitive information and public disclosure of the information would cause Bellator competitive harm. *See, e.g.*, ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15. All of the documents Plaintiffs claim are "too old" to contain trade secrets are dated after January 1, 2006. Sealing Opp. 13-14.

Second, Plaintiffs' arguments regarding documents that are "too old" are contrary to relevant case law. Depending on the nature of change and trends in the marketplace, the trade secret and highly confidential information Plaintiffs seek to unseal may not become "too stale to be protected" merely because the information is several years old. *Del Campo*, 2007 WL 902568,

at *5; *ConAgra Foods*, 2014 WL 12577133, at *4 ("Even if the information pertains to vehicles sold more than five years ago, the Court has no reason to believe that pricing methods or the information considered pertinent to pricing strategies has since changed"). Plaintiffs clearly believe that information as old as January 1, 2006—in addition to any older information relevant to the time period beginning on that date—is relevant to commercial and competition issues in this case. Their unprincipled protestations to the contrary should not be credited.

    III.    <u>Plaintiffs' Recycled Arguments Regarding The Interests of The Public, Class Members, And The Named Plaintiffs Are Without Merit</u>

Without citing to any declarations, statements, or any other type of evidence, Plaintiffs again assert that the interests of the named Plaintiffs, class members, and the public require that their laundry list of Zuffa documents and documents marked third party confidential be filed publicly. The Supreme Court has explained that the "right to inspect and copy judicial records is not absolute," and access is properly denied where court files would serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comms.*, 435 U.S. 589, 598 (1978) (citations omitted). As demonstrated above, Zuffa has shown—through evidence in the forms of sworn declarations and statements by a competitor's counsel—that public disclosure of the court files at issue would harm Zuffa's competitive standing. Zuffa has "articulate[d] compelling reasons supported by specific factual findings" that the materials at issue should be kept under seal because those compelling reasons "outweigh the general history of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In determining whether court materials should be sealed, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The public, the news media, the named Plaintiffs, and members of the putative class[8] already have access to a wealth of documents, records, and information to aid their understanding of the judicial process and this case. The Parties have submitted more than 600 filings in this case, and the majority of the materials involved in those filings have been filed publicly in whole or in part. Zuffa has unsealed and filed unredacted versions of 29 new documents related to this motion alone. All of these materials have fed the public's interest in access and supplemented their understanding of the judicial process, which is the goal of access to judicial records. *Id.* at 1179 (citing *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. Of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There is no question that the public and news media have engaged in robust discussion and debate about the merits of this case.[9] Many news articles about this case—many of which are critical of Zuffa and its filings in this case—cite directly to publicly available court records.[10] In

---

[8] Plaintiffs and their counsel are free to discuss their views and opinions—as informed by the significant amount of information filed publicly in the pleadings, including the claims, the strength and weakness of each party's claims, and the expert methodologies and categories of proof to be used—with those putative class members. Plaintiffs provide no evidence—through declarations or otherwise—that any putative class member does not have enough information about this lawsuit.

[9] *E.g.*, Grigsby Decl. Ex. C, Paul Gift, UFC Files For Summary Judgment In Class-Action Antitrust Lawsuit, Forbes (Jul. 31, 2018) (article of nearly 1,000 words analyzing Zuffa's motion for summary judgment); Grigsby Decl. Ex. B, Paul Gift, Antitrust Suit: Fighters File For Class Certification, UFC Wants 'Junk Science' Excluded, Forbes (Feb. 17, 2018) (article of over 1,500 words summarizing and evaluating Plaintiffs' class claims); Grigsby Decl. Ex. E, John S. Nash (@heynottheface), Twitter (Sep. 21, 2018, 8:52 PM), ("Filing today in the antitrust suit – PLAINTIFFS' JUDGMENT OPPOSITION TO ZUFFA'S MOTION FOR SUMMARY JUDGMENT. Reading it now and I'll post anything that stands out."); Grigsby Decl. Ex. F, Paul Gift (@MMAanalytics), Twitter (Sep. 24, 2018, 10:42 AM), (linking to Gift's Forbes article about Plaintiffs' Opposition to Summary Judgment and questioning "How is it possible the fighter expert witness in the #UFC lawsuit believes there's been a REDUCTION in output of #MMA events since 2010?"); Grigsby Decl. Ex. K, John S. Nash (@heynottheface), Twitter (Oct. 4, 2018, 10:13 AM), (linking to all of Bloody Elbow's *65 posts* about the Zuffa class action suit).

[10] *E.g.*, Grigsby Decl. Ex. G, Harry Davies, Dana White slams Scott Coker in lawsuit deposition: All his promotions have been 'failures,' Bloody Elbow (Oct. 1, 2018), (quoting from UFC president Dana White's deposition in this case); Grigsby Decl. Ex. D, Anton Tabuena, UFC Lawsuit: Kidnapping, extortion? Manager gives bizarre reasoning to keep fighter pay private, Bloody Elbow (Aug. 22, 2018), (quoting from the Declaration of Ali Abdelaziz and criticizing Mr. Abdelaziz's reasoning as "perplexing" and "bizarre," among other critical comments).

---

addition, the public debate regarding this case shows that Zuffa is not selectively withholding documents to prevent "embarrassment, incrimination" or critical views of Zuffa's conduct. In response to publicly available documents in this case, including several Zuffa filed publicly concurrently with its Opening Motion, members of the public called Zuffa a "monopolist" and "ruthless," decried its alleged "long history of being monstrous," and explained that the document "has relevance" to an antitrust lawsuit. Grigsby Decl. Ex. H**,** John S. Nash (@heynottheface), Twitter (Oct. 3, 2018, 5:12 PM); *id.* Ex. H (posting unsealed 2014 email from Victor Cui regarding "ONE Fighting Championship," which resulted in a "[y]ikes" comment, among others); *id.* Ex. J, Paul Gift (@MMAanalytics), Twitter (Oct. 3 , 2018, 7:08 PM) (posting the same 2014 Cui email, which resulted in one commenter stating that "[t]he UFC claims they're a competitor, this shows One FC has no intention of competing with the UFC"). There is no question that members of the public, the media, the named Plaintiffs, and putative class members have a substantial amount of information about this case and have commented—directly, sharply, and at length—about the publicly available materials.

    IV.    <u>Plaintiffs' Request For The Court To Unseal The Types Of Documents Already Held To Be Properly Filed Under Seal Should Be Rejected</u>

Once again, Plaintiffs claim that the Court's prior rulings should be revisited and revised because the Protective Order permits them to challenge confidential designations at any time. Sealing Opp. at 7. But Zuffa is not arguing that untimeliness bars Plaintiffs from challenging Zuffa's confidentiality designations. With the benefit of briefing on this issue and where Plaintiffs had the opportunity to make the lengthy arguments they have made here, this Court has already held that Zuffa's athlete agreements meet the compelling reasons standard for sealing. ECF Nos. 495, 504. For the other types of documents, Zuffa has shown above and in its Opening Motion that the documents are properly sealed under the compelling reasons standard.

Alternatively, Plaintiffs argue that their arguments are "based on a more fully developed record" and are therefore timely and proper. As explained above, Plaintiffs have long had actual knowledge of Zuffa's arguments and the facts relevant to those arguments from sworn

declarations, statements from Bellator's counsel, and other sources. In their Sealing Opposition, Plaintiffs do not identify what new evidence they rely upon to make their supposedly new arguments. This is telling. As explained above, Zuffa has provided evidence regarding the importance of confidentiality regarding the documents at issue and the competitive harm that would result if the documents were released publicly while Plaintiffs have provided no contrary evidence. Plaintiffs' arguments are without merit.

## CONCLUSION

Zuffa respectfully requests that the Court grant Zuffa's motion to seal.

Dated: October 24, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
      Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL PLS' OPP. TO ZUFFA'S MOT. FOR SUMM. J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Reply in Support of Its Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment (ECF No. 596) was served on October 24, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Roderick J. Crawford

Roderick J. Crawford, an Employee of
Boies Schiller Flexner LLP