# EXHIBIT 115

# Excerpts of the Deposition of Michael Mersch

# (Redacted)

1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CUNG LE; NATHAN QUARRY, JON     )
FITCH, on behalf of             )
themselves and all others       )
similarly situated,             )
                                )
        Plaintiffs,             )
                                )
        vs.                     )  Case No.
                                )  2:15-cv-01045-RFB-(PAL)
                                )
ZUFFA, LLC, d/b/a Ultimate      )
Fighting Championship and       )
UFC,                            )
                                )
        Defendant.              )
_____)

C O N F I D E N T I A L

VIDEOTAPED DEPOSITION OF

MICHAEL P. MERSCH

MORNING SESSION (PAGES 1 to 332)

LAS VEGAS, NEVADA

JULY 14, 2017

8:05 a.m.

REPORTED BY:
CYNTHIA K. DuRIVAGE, CSR #451
JOB NO. 51253-A

MICHAEL P. MERSCH - CONFIDENTIAL

```
                                                              322
 1      A.  Is your question if the UFC has a contract,
 2  do I believe as a lawyer and just as a general human
 3  being that the fighter has an obligation to honor --
 4      Q.  Yes.
 5      A.  -- the terms of the contract that he or she
 6  agreed to?
 7      Q.  Yes.
 8      A.  Yes.
19          In other words, if I have a contract, I
20  can't just unilaterally choose when to stop adhering
21  to the terms of the contract.
22      Q.  Okay.  So the --
23      A.  It doesn't work that way, at least in my --
24  when I went to law school, that's what they taught
25  me.
```

```
                                                              323
14          You're being intentionally obtuse.
15      Q.  No, you are.
16      A.  I mean, take a contracts class.  He's
17  entered into a contract -- in my simple and humble
18  understanding of contracts, I would think that
19  somebody who has contractually agreed to be bound by
20  terms would be duty-bound and contractually bound to
21  honor the terms of the agreement that he or she
22  entered into.
23      Q.  I agree.  So he can't leave.  He's
24  duty-bound to follow the contract he entered into.
25      A.  He has chosen to enter into an agreement
```

```
                                                              324
 1  whereby he agreed not to leave, not because he chose,
 2  you know --
 3      Q.  Okay.  So in your understanding, he chose
 4  it, but he still -- whether or not he chose it and
 5  now wants to change his mind, he still can't leave?
 6      A.  I don't know how many times I can answer
 7  the same question.
 8          MR. WILLIAMS:  Asked and answered a million
 9  times.
10  BY MR. CRAMER:
11      Q.  Let's say he wants to leave.  What he wants
12  to do is leave the UFC, right?  That's what I want to
13  do.  I want to fight again, but I never want to fight
14  for the UFC again.  Okay?  But the UFC is determined
15  to prevent him from fighting for someone else.
20      A.  I guess I would need more information.
21          So your hypothetical is that a fighter has
22  negotiated in good faith to enter in an agreement
23  with the UFC; is that correct?
24      Q.  Yes.
25      A.  And then, they want to breach the agreement
```

```
                                                              325
 1  with the UFC?
 2      Q.  No.
 3      A.  Okay.  Please feel free to clarify.  I
 4  don't understand the question.
 5      Q.  They want to fight for someone else, they
 6  don't want to breach.
 7      A.  If by fighting for someone else they're
 8  breaching the agreement, then they're breaching the
 9  agreement.
```



82 (Pages 322 to 325)

MICHAEL P. MERSCH - CONFIDENTIAL



326

327

328

 4    A.  I cannot think of any circumstance during
 5  my time with UFC where your hypothetical has ever
 6  played out in the manner or the fashion that your
 7  hypothetical describes it.
 8        But I would agree that, you know, following
 9  the -- following the material terms of a contract and
10  to their natural conclusion is a way to naturally --
11  to terminate a contract and allow freedom to, you
12  know, otherwise contract with other entities.
13        MR. CRAMER:  All right.  Let's go off the
14  record.
15        THE VIDEOGRAPHER:  We are off the record,
16  4:12 p.m.
17        (There was a recess taken.)
18        (Whereupon, Court Reporter
19        Cynthia K. DuRivage was relieved by
20        Court Reporter Jualita Stewart, the
21        transcript of which is contained in
22        a separate booklet.)
23
24            *  *  *  *  *
25

329

 1
 2    STATE OF _____ )
 3                            ) :ss
 4    COUNTY OF _____ )
 5
 6
 7       I, MICHAEL P. MERSCH, the witness
 8  herein, having read the foregoing
 9  testimony of the pages of this deposition,
10  do hereby certify it to be a true and
11  correct transcript, subject to the
12  corrections, if any, shown on the attached
13  page.
14
15              _____
16              MICHAEL P. MERSCH
17
18
19
20  Sworn and subscribed to before
21  me, this       day of
22           , 2017.
23
24  _____
25     Notary Public

MICHAEL P. MERSCH - CONFIDENTIAL

330

1  CERTIFICATE OF REPORTER
2      I, Cynthia K. DuRivage, a Certified
3  Shorthand Reporter of the State of Nevada, do hereby
4  certify:
5      That the foregoing proceedings were taken
6  before me at the time and place herein set forth;
7  that any witnesses in the foregoing proceedings,
8  prior to testifying, were duly sworn; that a record
9  of the proceedings was made by me using machine
10 shorthand which was thereafter transcribed under my
11 direction; that the foregoing transcript is a true
12 record of the testimony given.
13     I further certify I am neither financially
14 interested in the action nor a relative or employee
15 of any attorney or party to this action.
16     Reading and signing by the witness was
17 requested.
18     IN WITNESS WHEREOF, I have this date
19 subscribed my name.
20 Dated: August 1, 2017
21
22
               _____
23             CYNTHIA K. DuRIVAGE
                 CCR No. 451
24
25

331

1         INSTRUCTIONS TO WITNESS
2
3      Please read your deposition over carefully
4  and make any necessary corrections. You should state
5  the reason in the appropriate space on the errata
6  sheet for any corrections that are made.
7      After doing so, please sign the errata sheet
8  and date it.
9      You are signing same subject to the changes
10 you have noted on the errata sheet, which will be
11 attached to your deposition.
12     It is imperative that you return the original
13 errata sheet to the deposing attorney within thirty
14 (30) days of receipt of the deposition transcript by
15 you. If you fail to do so, the deposition transcript
16 may be deemed to be accurate and may be used in court.
17
18
19
20
21
22
23
24
25

332

1           E R R A T A
2
3
4
5      I wish to make the following changes,
6  for the following reasons:
7
8  PAGE LINE
9  ___ ___ CHANGE:_____
10 REASON:_____
11 ___ ___ CHANGE:_____
12 REASON:_____
13 ___ ___ CHANGE:_____
14 REASON:_____
15 ___ ___ CHANGE: _____
16 REASON:_____
17 ___ ___ CHANGE: _____
18 REASON:_____
19 ___ ___ CHANGE: _____
20 REASON:_____
21
22  _____   _____
23   WITNESS' SIGNATURE          DATE
24
25

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 500, New York, NY 10123  1.800.642.1099