# EXHIBIT 122

# Excerpts from Plaintiffs' First Amended Interrogatory Responses

# (Redacted)

**BERGER & MONTAGUE, P.C.**
Eric L. Cramer *(pro hac vice)*
Michael Dell'Angelo *(pro hac vice)*
Patrick F. Madden *(pro hac vice)*
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

*(Additional counsel appear on signature page)*

*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera and Kyle Kingsbury*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-(PAL)<br><br>**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS LE, QUARRY, FITCH, VERA, VAZQUEZ AND KINGSBURY** |

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, ("**Plaintiffs**"), through the undersigned counsel, hereby responds to Defendant Zuffa, LLC's ("**Zuffa**" or "**UFC**") First Set of Interrogatories, dated July 22, 2016, as follows:

**PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of and in relation to the captioned lawsuit. These responses are given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered or recalled facts, and Plaintiffs reserve the right to

11. Plaintiffs object to the definition of "Identify" to the extent it calls for identification of an individual's confidential personal information, including social security numbers.

12. Plaintiffs object to the definitions of "You," "Your," "Yourself," "Athlete," "Person," "Other Promotor," "Promotor," "Plaintiffs," and Instruction No. 4 to the extent that these definitions purport to encompass persons or entities that are not the named plaintiffs. For any Interrogatory using these definitions, Plaintiffs respond only on behalf of themselves. Plaintiffs further object to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "both legal and natural persons, acting or purporting to act on [their] behalf, including managers, agents, representatives, and attorneys." Plaintiffs will not respond on behalf of these persons.

13. Plaintiffs' responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Interrogatories are true or accurate.

14. These General Objections and the Preliminary Statement are incorporated into each of the following responses and shall be deemed continuing as to each response. These General Objections and the Preliminary Statement are not waived, or in any way limited, by the following responses.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1 (Common and Individual Answers):**

**IDENTIFY** the time period when **YOU** qualify/(ied) as an "Elite Professional MMA Fighter" as defined in paragraph 27(d) of the **COMPLAINT** and the characteristics that made **YOU** an "Elite Professional MMA Fighter." In responding, please **IDENTIFY** all circumstances, facts, events, accolades, awards, or training that qualify **YOU** as an "Elite Professional MMA Fighter" or, if applicable, to lose the qualification of "Elite Professional MMA Fighter."

**ANSWER:**

In addition to the General Objections set forth above, Plaintiffs further object that this interrogatory is compound. It asks for the time period during which Plaintiffs each qualified "Elite Professional MMA Fighter[s]," as well as poses several separate questions concerning the qualifications of an "Elite Professional MMA Fighter."

Plaintiffs respond to Interrogatory No. 1 as follows:

**Plaintiffs' Common Response**:

As explained in further detail below, all Plaintiffs are Elite Professional MMA Fighters because they have trained for years in various martial arts disciplines, and have achieved substantial success in professional mixed martial arts ("MMA") competitions and other athletic endeavors, gaining significant notoriety among the MMA industry and media, and making them marketable to fans of mixed martial arts ("MMA"). *See*, *e.g.*, Consolidated Amended Antitrust Class Action Complaint ("CC"), ¶ 58. MMA is "a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match." *Id.*, ¶ 27(j). Moreover, all named Plaintiffs have fought under the UFC banner, and the UFC being the "major leagues" of MMA, only contracts with Elite Professional MMA Fighters.

**Plaintiffs' Supplemental Common Response**

MMA fighters attain elite status when they have "demonstrated success through competition in local and/or regional MMA promotions, or . . . developed significant public notoriety amongst MMA Industry media and the consuming audience through demonstrated success in athletic competition." CC, ¶ 27(d). These are criteria that Zuffa itself acknowledges: as stated in the Public Version of the Confidential Information Memorandum, DB-ZUFFA-00006237-6313 at 6286 (February 2013):

> UFC is home to the best MMA athletes in the world and is the coveted destination for all fighters. UFC has the deepest talent roster in the sport of MMA with over 425 athletes from 38 countries competing in 9 divisions. All UFC fighters have previous combat sports experience and many are NCAA collegiate athletes, All-American wrestlers, world champions and Olympic

competitors and medalists. All athletes are under long-term exclusive contracts which provide a major competitive advantage for UFC.

The UFC has long claimed it is the "largest and most recognized MMA brand in the world." ZFL-12536213 at 6222 (September, 2009). *See also* ZFL-2471994 at 2026 (October, 2009) ("As the preeminent MMA brand in the industry, UFC believes that it attracts the best MMA athletes.") Thus, while fighting for the UFC is not a *necessary* condition for being an Elite fighter,[1] "[a]ll UFC Fighters are Elite Professional MMA Fighters." CC, ¶ 27(d). Put another way, selection to fight for the UFC *signifies* a fighter's arrival as an Elite MMA fighter, so the time period during which a fighter is Elite can be said to begin "at least" with their selection to fight in the UFC. And because the UFC can cherry-pick the very best MMA fighters, being let go by the UFC only signifies that a fighter is not among the elite of the elite, and the time period for a fighter's Elite status can be said to last "at least" until the end of his or her UFC career. The UFC only selects MMA fighters that have risen to the top of the profession who are capable of attracting a large following and generating sufficient interest from fans and the press for the UFC to monetize their bouts on a large scale through ticket sales, broadcast contracts, PPV sales, advertising, merchandising and video game sales, among other things. *See* CC ¶¶ 94, 100. Every fighter—and every fan—knows that the UFC is MMA's version of the "big leagues," and that selection to fight for the UFC means a fighter is Elite.

The UFC has the top fighters locked into exclusive long-term contracts. *See* CC ¶¶ 9, 110, 112-113; *see also* DB-ZUFFA-00006237-6313 at 6267 ("▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"). Zuffa set forth with specificity the means by which it locks fighters up in its Confidential Information Memorandum (October, 2009), ZFL-2471994 at 2026:

> UFC athlete contracts are designed to retain talent within the Company. Most contracts are ▬▬▬▬▬▬▬▬ with an exclusivity clause that prevents fighters from moving to different MMA organizations while under contract

---

[1] For example, as stated in his individual response *infra*, Plaintiff Cung Le became an Elite fighter when he fought for Strikeforce in front of a then-record breaking crowd of over 18,000 fans in 2006. Zuffa acquired Strikeforce in 2011, and merged Strikeforce's fighters with its own in 2013.

and with negotiation and matching rights after the agreement expires. . . .

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

███ The UFC's complete control and ownership of its content also discourages competing organizations from soliciting UFC fighters by restricting their ability to market prior fights for promotional purposes.

As a result, smaller promoters such as World Series of Fighting, Rage in the Cage, or King of the Cage typically do not have access to "Elite" MMA fighters. *See* CC ¶¶ 9, 110, 112-113. The public's awareness of this fact manifests itself in significantly diminished viewership, attendance, notoriety and revenues for the smaller, "minor league" promoters. CC ¶¶ 100, 108. Accordingly, potential rivals could not offer fighters the same financial incentives that the UFC can even if the fighters were not already locked into exclusive contracts with the UFC, a fact which only perpetuates their status as minor league promoters. *See* CC ¶¶ 138-139. Even a championship title with one of these smaller promotions is not necessarily an indicator of "Elite" status.

Plaintiffs do not know when the UFC made the decision to sign each of the Plaintiffs to a contract. That information is in the exclusive control of the UFC. Accordingly, each Plaintiff's original response states that the fighter became an "Elite" Professional MMA Fighter at least upon signing his Ancillary and Promotional Rights agreement with Zuffa, with the exception of Cung Le.

**Plaintiff Fitch**:

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Fitch as an "Elite Professional MMA Fighter":

Plaintiff Fitch trained for many years in multiple martial arts disciplines, including wrestling and kickboxing.

Plaintiff Fitch was a four-year letterman in wrestling at Purdue University, and was captain of the team his senior year. After graduating from Purdue in 2002, Plaintiff Fitch began training in other martial arts disciplines. Prior to fighting in the UFC, Plaintiff Fitch trained at the American Kickboxing Academy in San Jose, California.

Plaintiff Fitch amassed a record of 9-2 on the regional level, which included a victory over former UFC fighter Shonie Carter. Plaintiff Fitch's upset win over Carter gave him notoriety amongst members of the MMA media, who began covering his career. Zuffa recruited Plaintiff Fitch to try out for the original "The Ultimate Fighter" ("TUF") reality series, which aired in January 2005. Zuffa selected Plaintiff Fitch to participate in TUF. Plaintiff Fitch did not appear on the program, however, because while Plaintiff Fitch was at the airport waiting to depart for Las Vegas he received a call informing him that he was no longer selected to appear on the show.

Plaintiff Fitch qualified as an Elite Professional MMA Fighter from at least September 2005 when he signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa through at least February 2013. Plaintiff Fitch fought eighteen fights in the UFC between October 2005 and February 2013.

**Plaintiff Kingsbury:**

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Kingsbury as an "Elite Professional MMA Fighter":

Plaintiff Kingsbury trained for many years in multiple martial arts disciplines, including wrestling, Brazilian jiu-jitsu and kickboxing.

Plaintiff Kingsbury played college football for Arizona State University in the 2004 season. After playing college football, Plaintiff Kingsbury trained at the American Kickboxing Academy in San Jose, California from 2008 through 2015. Plaintiff Kingsbury trained at Arizona Combat Sports and the Rage in the Cage training center in 2006 through 2008.

In 2006, Plaintiff Kingsbury fought and won five fights for the regional MMA promoter Rage in the Cage. In 2007, Plaintiff Kingsbury fought four fights for the regional MMA promoter King of the Cage.

Zuffa selected Plaintiff Kingsbury to fight in its television reality series The Ultimate Fighter: Team Nogueira vs. Team Mir, which aired in the fall of 2008. Plaintiff Kingsbury fought nine fights in the UFC between December 2008 and August 2014.

Plaintiff Kingsbury qualified as an Elite Professional MMA Fighter from at least November 2008 when he signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa until August 2014.

**Plaintiff Le:**

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Le an "Elite Professional MMA Fighter":

Plaintiff Le trained for many years in multiple martial arts disciplines, including Judo, Vovinam, Sambo, San Shou, Tae Kwon Do, and wrestling.

Plaintiff Le has mastered several martial arts disciplines. He began taking Tae Kwon Do classes at the age of 10. Plaintiff Le wrestled while in high school and earned All-American honors in his junior year. He enrolled at West Valley College, where he was on the wrestling team. Plaintiff Le won the California Junior College State Championship in the 158 pound weight class in 1990, and earned junior college All-American honors. Plaintiff Le is also trained in Judo, Kuntao, Vovinam and Sambo. Plaintiff Le began training in San Shou around age of 19 because it complimented his Tae Kwon Do and wrestling background. San Shou is a form of mixed martial arts involving kicks, hand strikes, wrestling, clinches, sweeps, and takedowns.

Plaintiff Le regularly appeared in televised San Shou matches beginning in 1996. In these fights, Plaintiff Le demonstrated success and developed significant public notoriety amongst the MMA Industry, media and the public through considerable success in major combat sport competitions.

Plaintiff Le's success in San Shou matches led Strikeforce to offer Plaintiff Le a contract to fight in MMA bouts for Strikeforce. Strikeforce was a promoter based in San Jose, California. Strikeforce at one time had a "strong roster" of Elite MMA Fighters, had broadcast arrangements with Showtime and CBS, had an agreement with EA Sports to develop a video game based on its fighters, and was the only MMA promotion focusing on women's MMA. CC ¶ 131. Plaintiff Le fought in Strikeforce's first major MMA event in 2006, an event at the HP Pavilion that drew over 18,000 spectators. Plaintiff Le defeated MMA legend Frank Shamrock to become the

Strikeforce Middleweight Champion in 2008. (Plaintiff Le fought his first fight for Strikeforce in 1998, when it was a regional kickboxing promoter.)

The UFC acquired Strikeforce in 2011, and Plaintiff Le signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa in September 2011 and continued his professional MMA career with the UFC. Plaintiff Le had four bouts in the UFC between November 2011 and August 2014.Plaintiff Le qualified as an Elite Professional MMA Fighter from at least 2006 through the present.

**Plaintiff Quarry:**

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Quarry as an "Elite Professional MMA Fighter":

Plaintiff Quarry trained for several years in multiple martial arts disciplines, including Muay Thai and wrestling.

Plaintiff Quarry began training with Team Quest, a well-known mixed martial arts training camp in Oregon at which many other Elite Professional MMA Fighters trained.

Prior to entering the UFC, Plaintiff Quarry amassed a record of 5-1 at the local and regional level in MMA events in Oregon. In December 2002, Plaintiff Quarry secured a submission victory in the Excalibur promotion; UFC Vice President for Talent Relations Joe Silva was in attendance.

Plaintiff Quarry compiled a record of 11-1 prior to Zuffa selecting him in or about June 2004 to compete on the first season of "The Ultimate Fighter" (TUF), a reality series that Zuffa produced.

Plaintiff Quarry signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa in October 2004, fought his first UFC event on April 9, 2005 (the TUF finale), and subsequently fought in nine other UFC bouts between June 4, 2005 and March 31, 2010. Plaintiff Quarry qualified as an Elite Professional MMA Fighter from at least October 2004 through March 2010.

**Supplemental Response for Plaintiff Quarry.**

Plaintiff Quarry's MMA record was 5-1 when UFC Vice President for Talent Relations Joe Silva first went to see him fight. His record was 11-1 when UFC selected him to participate on The Ultimate Fighter reality television program, which is approximately when Plaintiff Quarry attained "Elite" status.

**Plaintiff Vazquez:**

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Vazquez as an "Elite Professional MMA Fighter":

Plaintiff Vazquez trained for many years in multiple martial arts disciplines, including wrestling and Brazilian Jiu-Jitsu.

Plaintiff Vazquez was the captain of his wrestling team at Mt. San Antonio College. After college, Plaintiff Vazquez trained with the Carlson Gracie Team for ten years, mastering Brazilian Jiu-Jitsu. Plaintiff Vazquez eventually became a 3rd degree black belt in Brazilian Jiu-Jitsu.

Plaintiff Vazquez compiled a record of 7-1 at the local and regional level. Plaintiff Vazquez won his fight with Rumino Sato in Shooto USA in June 2002. Plaintiff Vazquez fought in and won five fights in the regional promotion King of the Cage between 2001 and 2003. On August 2, 2002, Plaintiff Vazquez obtained the King of the Cage world championship.

In 2005 Plaintiff Vazquez won the North American Trials for the ADCC Submission Wrestling World Championship.

In 2009, Plaintiff Vazquez fought his first of five fights in the World Extreme Cagefighting ("WEC") promotion, which was then owned and run by Zuffa. As part of its scheme to eliminate actual or potential rivals, Zuffa purchased WEC in December 2006, and operated WEC as a separate promotion until October 2010 when the WEC was merged into the UFC. CC ¶ 129.

Plaintiff Vazquez fought and won his only bout in the UFC against former "The Ultimate Fighter" winner Joe Stevenson in June 2011.

Plaintiff Vazquez qualified as an Elite Professional MMA Fighter from at least when he signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa in August 2009, and remained an Elite Professional MMA Fighter throughout his UFC career.

**Plaintiff Vera:**

The following circumstances, facts, events, accolades, awards, or training have qualified Plaintiff Vera as an "Elite Professional MMA Fighter":

Plaintiff Vera trained for many years in multiple martial arts disciplines, including Muay Thai, Brazilian Jiu-Jitsu, and Greco-Roman wrestling.

Plaintiff Vera began wrestling in the sixth grade, and earned a Division I scholarship in wrestling at Old Dominion University. Plaintiff Vera left college and joined the Air Force, where he continued wrestling and training at the United States Olympic Training Center for the 2000 Olympics as the Air Force's first resident athlete, earning All-American honors in Greco-Roman wrestling. After 2000, Plaintiff Vera trained for several years at the LINXX Academy in Virginia mastering Jiu-Jitsu. Plaintiff Vera trained at City Boxing in San Diego beginning in 2004.

Plaintiff Vera was 2-0 in local and regional promotions before he fought in the World Extreme Cagefighting ("WEC") promotion in January 2005. Plaintiff Vera won both of his fights in the WEC and became the WEC Heavyweight Grand Prix Champion.

Plaintiff Vera began his UFC career in October 2005, and fought in sixteen fights in the UFC between October 2005 and February 2013.

Plaintiff Vera qualified as an Elite Professional MMA Fighter at least as early as September 2005 when he signed an Exclusive Promotional and Ancillary Rights Agreement with Zuffa, and remained an Elite Professional MMA Fighter throughout his UFC career.

**INTERROGATORY NO. 2 (Common and Individual Answers):**

For each **AGREEMENT** signed between **YOU** and any **COMBAT SPORTS PROMOTER**, including **ZUFFA**, **IDENTIFY** every provision or term that **YOU** negotiated or attempted to negotiate and the result of that negotiation.

**ANSWER:**

the UFC or sought relief from one or more of the onerous terms of its Contracts; and (3) Zuffa's anticompetitive scheme, especially post-Strikeforce acquisition, relegated rival MMA promotions to "minor league" status, reducing actual and potential rivals' prestige, fight quality, potential for exposure, ability to attract key sponsors, and ability to offer large purses.

**SUPPLEMENTAL RESPONSE FOR ALL PLAINTIFFS**

Plaintiffs' original answer to Interrogatory 6 is a complete and adequate response that conveys the limitations imposed by Zuffa's contractual terms, the impact of Zuffa's threats, intimidation and making examples of fighters such as Plaintiff Fitch to discourage fighters from signing with other promoters, and the lack of viable alternatives to the UFC. Plaintiffs will supplement their answers as necessary pursuant to the Federal Rules.

DATED: _November 14, 2016

*/s/ Eric L. Cramer*
Eric L. Cramer
Michael Dell'Angelo
Patrick F. Madden
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada State Bar No. 1021
Bradley Schrager
Nevada State Bar No. 10217
Daniel Bravo
Nevada State Bar No. 13078
3556 East Russell Road, Second Floor
Las Vegas, NV 89120
Telephone: (702) 341-5200
Fax: (702) 341-5300

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown
Richard A. Koffman
Daniel Silverman
1100 New York Ave., N.W., Ste. 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

| | |
|---|---|
| 1 | |
| 2 | JOSEPH SAVERI LAW FIRM, INC. |
| | Joseph R. Saveri |
| 3 | Joshua P. Davis |
| | Matthew Weiler |
| 4 | Andrew M. Purdy |
| | Kevin E. Rayhill |
| 5 | 555 Montgomery Street, Suite 1210 |
| | San Francisco, California 94111 |
| 6 | Telephone: (415) 500-6800/Fax: (415) 395-9940 |
| | jsaveri@saverilawfirm.com |
| 7 | jdavis@saverilawfirm.com |
| | mweiler@saverilawfirm.com |
| | apurdy@saverilawfirm.com |
| 8 | krayhill@saverilawfirm.com |
| 9 | |
| | WARNER ANGLE HALLAM JACKSON & |
| 10 | FORMANEK PLC |
| | Robert C. Maysey |
| 11 | Jerome K. Elwell |
| | 2555 E. Camelback Road, Suite 800 |
| 12 | Phoenix, AZ 85016 |
| | Telephone: (602) 264-7101/Fax: (602) 234-0419 |
| 13 | rmaysey@warnerangle.com |
| | jelwell@warnerangle.com |
| 14 | |
| 15 | LAW OFFICE OF FREDERICK S. SCHWARTZ |
| | Frederick S. Schwartz |
| | 15303 Ventura Boulevard, #1040 |
| 16 | Sherman Oaks, CA 91403 |
| | Telephone: (818) 986-2407/Fax: (818) 995-4124 |
| 17 | fred@fredschwartzlaw.com |
| 18 | |
| | SPECTOR ROSEMAN KODROFF & |
| 19 | WILLIS, P.C. |
| | Eugene A. Spector |
| 20 | Jeffrey J. Corrigan |
| | Jay S. Cohen |
| 21 | William G. Caldes |
| | 1818 Market Street – Suite 2500 |
| 22 | Philadelphia, PA 19103 |
| | Telephone: (215) 496-0300/Fax: (215) 496-6611 |
| 23 | espector@srkw-law.com |
| | jcorrigan@srkw-law.com |
| | jcohen@srkw-law.com |
| 24 | wcaldes@srkw-law.com |
| 25 | |
| 26 | *Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera and Kyle Kingsbury* |
| 27 | |
| 28 | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2016 a true and correct copy of **FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS LE, QUARRY, FITCH, VERA, VAZQUEZ AND KINGSBURY** was served via electronic mail on all parties or persons requiring notice.

By:                         */s/ Kevin E. Rayhill*

## VERIFICATION

My name is Brandon Vera. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF BRANDON VERA**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that the answers are true and correct. Executed on the 14th day of November, 2016.

_____
Brandon Vera

358090

## VERIFICATION

My name is Cung Le. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CUNG LE**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the 14th day of November, 2016.

_____
Cung Le

358091

# VERIFICATION

My name is Jon Fitch. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JON FITCH**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the 14th day of November, 2016.

_____
Jon Fitch

358092

## VERIFICATION

My name is Kyle Kingsbury. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF KYLE KINGSBURY**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the 14th day of November, 2016.

_____
Kyle Kingsbury

358099

**VERIFICATION**

My name is Luis Javier Vazquez. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF LUIS JAVIER VAZQUEZ**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the 14th day of November, 2016.

_____
Luis Javier Vazquez

358089

## VERIFICATION

My name is Nathan Quarry. I am one of the named Plaintiffs in the action captioned Le et al. v. Zuffa, LLC, Case No. 2:15-cv-01045-RFB-PAL (D. Nev.).

I have reviewed the following document:

**FIRST AMENDED ANSWERS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF NATHAN QUARRY**

I believe this document to be true and accurate with respect to statements based on my personal knowledge. Otherwise, I am informed and believe that the matters stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States that these answers are true and correct. Executed on the 14th day of November, 2016.

_____
Nathan Quarry