WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT** |

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

LEGAL STANDARD ...................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.     Zuffa's Highly Confidential And Commercially Sensitive Information
           Regarding Agreements With Athletes Is Properly Filed Under Seal. .................... 4

        A.   The Ninth Circuit And Several District Courts, Including This
             Court, Have Held That Sealing This Type Of Information Is
             Appropriate Under the "Compelling Reasons" Standard. .............................. 5

        B.   Zuffa Has Provided Evidence Demonstrating That Athlete
             Contractual Information Is Highly Sensitive And Disclosure Of That
             Information Would Cause Zuffa Significant Competitive Harm. .................. 6

        C.   Disclosure of Athlete Contracts Would Invade The Privacy Interests
             Of Third Parties And Potentially Harm Athletes' Interests. ..........................7

        D.   Courts Have Already Held That Athlete Contracts Are Properly
             Filed Under Seal Under The Compelling Reasons Standard. ........................7

        E.   Each Document or Portion Thereof Zuffa Seeks to Seal Under This
             Compelling Reason Contains Highly Confidential Information
             Regarding Zuffa's Contracts With Athletes ..................................................8

    II.    Documents Containing Detailed Analysis Of Zuffa's Financial And
           Revenue Information Are Properly Filed Under Seal. ........................................... 9

    III.   Zuffa's Trade Secret Business Information And Highly Confidential
           Business Communications And Strategy Are Properly Filed Under Seal. .......... 14

    IV.   Information Designated Confidential By A Third Party And Exhibits
           Containing Third Party Trade Secret And Similar Information Are
           Properly Filed Under Seal. ................................................................................... 16

    V.    Zuffa Has Narrowly Tailored Its Sealing Requests. ............................................ 18

CONCLUSION .............................................................................................................. 18

1

2

**TABLE OF AUTHORITIES**

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*
  727 F.3d 1214 (Fed. Cir. 2013)...................................................................... 11, 12, 15

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*
  No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) .................... 10, 14

*Clark v. Bunker*
  453 F.2d 1006 (9th Cir. 1972)................................................................................ 5

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
  No. C-01-21151 JW (PVT), 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ........................ 11, 12

*Foltz v. State Farm Mut. Auto. Ins. Co.*
  331 F.3d 1122 (9th Cir. 2003)................................................................................ 1

*GoDaddy.com LLC v. RPost Comms. Ltd.*
  No. CV-14-00126-PHX-JAT, 2016 WL 1158851 (D. Ariz. Mar. 24, 2016) ............................ 2

*Hunt v. Zuffa, LLC*
  Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018) .................................... 7

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*
  No. 12-CV-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ................................ 6, 7, 9

*In re ConAgra Foods, Inc.*
  No. CV 11-05379-MMM (AGRx), 2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) ................. 5

*In re Elec. Arts, Inc.*
  298 F. App'x 568 (9th Cir. 2008) .................................................................. 2, 5, 14

*J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*
  No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806 (D. Nev. May 20, 2014)........................ 10

*Kamakana v. City & Cty. of Honolulu*
  447 F.3d 1172 (9th Cir. 2006)................................................................................ 1, 2, 7

*Le v. Zuffa*
  17-cv-00849-RFB-PAL .................................................................................. 6

*Microsoft Corp. v. Motorola, Inc.*
  No. 10-1823, 2012 WL 5476846 (W.D. Wash. Nov. 12, 2012)................................ 13

*Nat'l Prod., Inc. v. Aqua Box Prod., LLC*
  No. C12-605 RSM, 2013 WL 12106901 (W.D. Wash. Mar. 25, 2013) .................................. 13

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Nixon v. Warner Comms.*
    435 U.S. 589 (1978).............................................................................................................. 1, 2

*Selling Source, LLC v. Red River Ventures, LLC*
    No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011)............. 5, 10, 14

*Stout v. Hartford Life & Acc. Ins. Co.*
    No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012).......................................... 5

*United States v. Amodeo*
    71 F.3d 1044 (2d Cir. 1995)..................................................................................................... 7

*Walker v. University Books, Inc.*
    602 F.2d 859 (9th Cir. 1979)............................................................................................ 11, 12

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Zuffa, LLC ("Zuffa") respectfully requests that the Court order the Clerk of Court to file under seal those documents conditionally lodged under seal as part of Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment ("Reply").  Zuffa makes this request pursuant to the Stipulated Order governing the confidentiality of documents entered by the Court on February 10, 2016, ECF No. 217 ("Protective Order").

Zuffa's sealing requests are narrowly tailored and comport with the Ninth Circuit's "compelling reasons" standard governing the sealing of documents attached to dispositive motions.  Zuffa has worked diligently to narrow the scope of its sealing requests.  Decl. of Stacey K. Grigsby in Supp. of Mot. to Seal Reply ("Grigsby Decl.") ¶ 9.

# LEGAL STANDARD

Documents filed in connection with a dispositive motion, including summary judgment, may be filed under seal if "compelling reasons" exist to seal those documents.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Supreme Court has explained that the "right to inspect and copy judicial records is not absolute."  *Nixon v. Warner Comms.*, 435 U.S. 589, 598 (1978) (citations omitted).  The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted).  In determining whether court materials should be sealed, "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The "compelling reasons" standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1179 (citations and quotation marks omitted).  "Compelling reasons" have included preventing:  disclosure of "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S at 598 (citations

1

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

omitted); the "release of trade secrets," *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); and "the release of . . . information [that] would result in an invasion of the privacy interests of third parties." *GoDaddy.com LLC v. RPost Comms. Ltd.*, No. CV-14-00126-PHX-JAT, 2016 WL 1158851, at \*5 (D. Ariz. Mar. 24, 2016), *on reconsideration in part*, No. CV-14-00126-PHX-JAT, 2016 WL 1274120 (D. Ariz. Mar. 31, 2016).

The Ninth Circuit has held that certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("*Electronic Arts*"). The Ninth Circuit noted that these categories of information "plainly fall[] within the definition of 'trade secrets'" and explained that "a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* (citations and quotation marks omitted)

## ARGUMENT

As described below, Zuffa seeks to seal various documents that meet the compelling reasons standard for sealing. The categories of documents Zuffa seeks to seal are described below in Table A[1]:

---

[1] As the language in Zuffa's Exhibit 113 is the same language as in Zuffa's reply to the CSOF, the redacted portions of Exhibit 113 should be filed under seal for the same reasons as in Zuffa's reply to Plaintiffs' CSOF.

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

| Table A: Exhibits Zuffa Seeks to File under Seal ||
| Type of Material Zuffa Seeks to Seal | Exhibits or Portions of Zuffa's Reply |
| --- | --- |
| Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses.  Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa. | Ex. 115, Excerpt of 7/14/17 Mersch Dep., 322:9-18, 323:1-13, 324:16-19, 325:10-328:3<br>Ex. 116, Excerpt of 5/26/17 Epstein Dep., 90:11-20, 91:12-17, 93:1-2, 93:5-12, 93:17-18<br>Ex. 122, Excerpt of Pls.' First Am. Interrogatory Resp., 6-7<br>Ex. 130, Excerpt of 7/14/17 Mersch Dep., 358:1-8<br>Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 169:12-16, 169:24-25<br>Reply 21, CSOF Responses ¶¶ 8, 11-12, and corresponding responses in Ex. 113. |
| Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result. | Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil<br>Ex.125, Excerpt of 9/27/17 Singer Dep., 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3<br>Ex. 129, Excerpt of 12/2/16 Acquisitions 30(b)(6) Dep., 82:1-83:1, 150:8-12, 150:15-20<br>Reply 18. |

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

| Table A: Exhibits Zuffa Seeks to File under Seal | |
|---|---|
| **Type of Material Zuffa Seeks to Seal** | **Exhibits or Portions of Zuffa's Reply** |
| Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm. | Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil<br>Ex.125, Excerpt of 9/27/17 Singer Dep., 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3<br>Ex. 129, Excerpt of 12/2/16 Acquisitions 30(b)(6) Dep., 83:22-85:4, 85:14-25, 148:5-149:18, 151:15-19<br>Ex. 130, Excerpt of 7/14/17 Mersch Dep., 362:17-363:7, 636:14-365:24<br>Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 163:19-25<br>Reply CSOF Responses ¶¶ 11-12, 14-18, 19 and corresponding responses in Ex. 113. |
| Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm. | Ex. 116, Excerpt of 5/26/17 Epstein Dep., 90:11-20, 91:12-17, 92:20-21, 92:24, 93:1-2, 93:5-12, 93:17-22<br>Ex. 118, Excerpt of 8/8/17 Neville Dep. 88:2-22, 89:13-20, 90:8-14, 92:18-93:2<br>Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil<br>Ex. 130, Excerpt of 7/14/17 Mersch Dep., 358:1-8, 490:1-2<br>Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 167:3, 168:25<br>Reply 21, CSOF Response ¶ 10, and corresponding responses in Ex. 113. |

I.    <u>Zuffa's Highly Confidential And Commercially Sensitive Information Regarding Agreements With Athletes Is Properly Filed Under Seal.</u>

Zuffa's promotional and other athlete agreements contain "specific contractual terms, financial payments, benefits and obligations negotiated with an athlete."  ECF No. 349-1 ¶ 8 (Decl. of Nicholas A. Widnell ("Widnell Decl.")).  Zuffa's executives and employees keep this contractual and financial information, which includes individual compensation information, private and confidential.  ECF No. 565-3 (Decl. of Wm. Hunter Campbell ("Campbell Decl.")) ¶ 3.  Zuffa works diligently to keep its promotional agreements and athlete contracts—both executed and in draft form—confidential.  *Id.* ¶ 6.  Zuffa does this *inter alia* to prevent its competitors from simply copying its contracts or combining that information with other highly

confidential financial information to copy or undermine Zuffa's successful business model. *Id.*

### A. The Ninth Circuit And Several District Courts, Including This Court, Have Held That Sealing This Type Of Information Is Appropriate Under the "Compelling Reasons" Standard.

The Ninth Circuit has held that this type of information is properly filed under seal. *E.g.*, *Elec. Arts*, 298 F. App'x at 569 (compelling reasons justify sealing categories of information including pricing terms, royalty rates, guaranteed minimum payment terms, trade secret information, and business information that, if released, might cause competitive harm). The Ninth Circuit has adopted the Restatement of Torts definition of "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker,* 453 F.2d 1006, 1008-09 (9th Cir. 1972) (finding that a "detailed plan for the creation, promotion, financing and sale of contracts" constitutes a trade secret); *see also Elec. Arts*, 298 F. App'x at 569. District courts within this District and Circuit have explained that "[w]here the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011); *see also In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) (citing cases) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing").

Agreements, including agreements that contain specific information regarding how a party engages the services of a third party, are properly filed under seal under the "compelling reasons" standard as "competitors could use this information to adjust their own contracts," thereby undermining a party's "ability to compete." *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (citations omitted). Zuffa's agreements with athletes meet the "compelling reasons" standard because as intense negotiations

1   frequently take place for MMA athlete services between Zuffa and its competitors, Campbell

2   Decl. ¶ 5, "disclosing the terms of these agreements would put [Zuffa] at a disadvantage in future

3   negotiations for similar agreements." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,

4   No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).

5       B.   Zuffa Has Provided Evidence Demonstrating That Athlete Contractual Information Is
           Highly Sensitive And Disclosure Of That Information Would Cause Zuffa Significant
6          Competitive Harm.

7       Disclosure of Zuffa's promotional agreements, which contain specific financial terms,

8   benefits, and obligations negotiated with an athlete, would "provide competitors with unfair and

9   damaging insights into Zuffa's business practices."  Campbell Decl. ¶¶ 3, 5-6 (disclosure of "the

10  amounts and benefits Zuffa is willing to offer an athlete – in addition to information regarding

11  Zuffa's negotiation strategy and tactics – could and would be used by competitors to gain an

12  advantage in negotiations with such athletes").

13      There is no dispute that other MMA promoters are aware of the significant competitive

14  risks and harms they face if their confidential athlete agreements were released publicly.  For

15  example, Bellator's President and outside counsel both have described the competitive harm that

16  would befall Bellator if athlete contract information was released publicly to this Court.

17  According to Bellator's President, "if individual athlete contract information were provided to

18  Bellator's competitors, they would be able to anticipate Bellator's recruitment strategies,

19  outflanking its ability to sign the best fighters, anticipating strategies in each respective weight

20  class and geographic market, and compromising its strategic plans to develop the best overall

21  promotion." *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-3 (Decl. of Bellator President Scott

22  Coker at ¶ 15) ("Coker Decl.").  Bellator's counsel has explained to this Court that any

23  information—*e.g.*, individual athlete contracts—that would permit a "Bellator fighter [to be]

24  compared to this fighter, they're disclosing our information," which he characterized as "a very

25  significant concern."  ECF No. 438, June 1, 2017 Hearing Tr. 16:16-21.

26

27

28

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

C.  Disclosure of Athlete Contracts Would Invade The Privacy Interests Of Third Parties And Potentially Harm Athletes' Interests.

Zuffa's agreements with athletes—and, in particular, any draft contracts and negotiation communications—also meet the "compelling reasons" standard because the other parties to the contract have a privacy interest in maintaining the confidentiality of their contracts and negotiations. *Icon-IP Pty Ltd.*, 2015 WL 984121, at *3 (granting a motion to seal regarding invoice and payment information in addition to "information about assignments and consulting and license agreements between a third party consultant" under the "compelling reasons" standard because "release of that information would result in an invasion of the third party's privacy" and "would result in an invasion of the privacy of the third party consultants" at issue).

Indeed, many athletes do not want the terms of their contracts to be publicly released and for some, release of that information—in particular compensation information—would threaten the safety of the athletes and their families. ECF No. 589-1, Decl. of Ali Abdelaziz ¶¶ 4-5. "The privacy interests of innocent third parties should weigh heavily in a court's balancing opinion" of access to judicial records. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation and quotation marks omitted). Zuffa employees have also received requests from athletes to keep their draft and final contracts—in addition to compensation information—strictly confidential for privacy or safety reasons. Campbell Decl. ¶ 8. Consistent with athlete commission rules and applicable laws, Zuffa employees use their best efforts to respect these requests. *Id.*

D.  Courts Have Already Held That Athlete Contracts Are Properly Filed Under Seal Under The Compelling Reasons Standard.

This Court has already held that Zuffa's contracts with athletes and other related business documents that contain financial terms meet the compelling reasons standard for sealing. ECF Nos. 495, 504. In addition, in another case in this District, Magistrate Judge Hoffman found that one of Zuffa's athlete agreements was properly filed under seal under *Kamakana*'s "compelling reasons" standard. *Hunt v. Zuffa, LLC*, Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018), ECF No. 140 at 1-2. In granting Zuffa's request, Judge Hoffman noted Zuffa's claim that "the agreements contain proprietary information, and that public disclosure would harm Zuffa's

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

contractual relationships with other fighters and its competitive standing with MMA promoters."

*Id.* at 2.  Judge Hoffman concluded that Zuffa has "identified compelling reasons that warrant

sealing" the agreements and a related portion of a brief.  *Id.*

      E.  Each Document or Portion Thereof Zuffa Seeks to Seal Under This Compelling
           Reason Contains Highly Confidential Information Regarding Zuffa's Contracts With
           Athletes

Zuffa seeks to seal portions of several documents which contain highly confidential

information related to its contracts with athletes:

Exhibit 115, an excerpt from the July 14, 2017 deposition of Michael Mersch, contains

highly confidential contractual information at lines 322:9-18, 323:1-13, 324:16-19, 325:10-328:3.

These lines contain a detailed discussion Zuffa's contract provisions, including the way a specific

Zuffa contractual provision operates and Zuffa's strategies in negotiating and re-negotiating

contracts with its athletes. Disclosure of this highly confidential business strategy information

would provide competitors with unfair and damaging insights into Zuffa's highly confidential

contracts and business practices.  Competitors could thereby cause harm to Zuffa, including by

way of competitors using knowledge of the highly confidential contractual language and Zuffa's

legal and business strategies to gain an unfair advantage in negotiations with Zuffa athletes.

Exhibit 116, an excerpt of the May 26, 2017 deposition of Ike Lawrence Epstein contains

highly confidential contractual information at lines 90:11-90:25, 91:10-91:18, and 92:18-93:13.

These lines contain language from several highly confidential Zuffa contract provisions.

Disclosure of this information would likely cause Zuffa harm for the reasons listed in the

discussion of Exhibit 115 above.

Exhibit 122, an excerpt of Plaintiffs' First Amended Interrogatory Responses, contains

highly confidential information related to Zuffa's contracts with its athletes on pages 6 and 7.

These pages contain a detailed description of one of Zuffa's highly confidential contractual

provisions and Zuffa's strategic view regarding the provision.  In addition, page 6 of the Exhibit

also contains an internal analysis of the length of Zuffa's highly confidential contracts.

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

Disclosure of this information would likely cause Zuffa harm for the reasons listed in the discussion of Exhibit 115 above.

Exhibit 130 is an excerpt from the July 14, 2017 deposition of Michael Mersch.  Lines 358:1-8 of the Exhibit contain language from and a description of a highly confidential negotiation between Zuffa and an athlete.  Zuffa's negotiation communications with athletes, including the communications in this Exhibit, meets the "compelling reasons" standard for sealing because as intense negotiations frequently take place for MMA athlete services between Zuffa and its competitors, *e.g.* Bellator and others, "disclosing the terms of these agreements would put [Zuffa] at a disadvantage in future negotiations for similar agreements." *Icon-IP Pty Ltd.*, 2015 WL 984121, at *3.

Exhibit 132 is an excerpt from the March 23, 2017 deposition of Lorenzo Fertitta. Lines 169:12-16, and 169:24-25 of the exhibit contain highly confidential information related to Zuffa's contracts with its athletes. Specifically, these lines discuss Zuffa's contract renegotiation practices and an individual fighter's desire to sign an extension on his contract. Disclosure of this information would likely cause Zuffa harm for the reasons listed in the discussion of Exhibit 115 above.

Page 21 of the Reply (addressing CSOF ¶ 8(c)) and Zuffa's responses to paragraphs 8, 11, and 12 of Plaintiffs' CSOF contain information regarding highly sensitive and confidential information about Zuffa's contractual clauses (¶¶ 8, 11-12) and Zuffa's negotiation with an athlete (¶¶ 11-12).  For the reasons stated above as to Exhibits 115-116, 122, 130 and 132, in addition to Zuffa's motion to seal filings regarding Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment, ECF Nos. 602 and 609, these portions of Zuffa's Reply are properly filed under seal.  For these same reasons, the corresponding responses in Exhibit 113 are properly filed under seal.

II.     Documents Containing Detailed Analysis Of Zuffa's Financial And Revenue
        Information Are Properly Filed Under Seal.

Zuffa moves to seal the exhibits and portions of its Reply that contain detailed analysis of Zuffa financial and revenue information, including individual athlete and event-level information,

9

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

as well as Zuffa's confidential financial records, revenue, internal valuations, and compensation. This Court has previously sealed Zuffa's financial information under the "compelling reasons" standard.  ECF No. 495, 504.

Zuffa is a privately owned corporation.  It does not publicly report its revenue, expense, compensation, and other financial information on a yearly, quarterly, or event-by-event basis. ECF No. 565-3, Campbell Decl. ¶ 4.  Zuffa, its executives, and its employees maintain the confidentiality of its financial and revenue information —including revenue and compensation information, both on an individual and aggregate level—private and confidential.  *Id.* ¶ 3.  Zuffa considers its event-level financial information, including compensation and spending information, highly confidential.  *Id.*

Zuffa's financial information is highly sensitive, and releasing this information publicly would put Zuffa at risk of competitive harm because other MMA promoters would be likely to try to use Zuffa's confidential financial information to their advantage.  *Id.* ¶ 3 (explaining that release of this "highly sensitive business information" would permit "competitors to have a tactical advantage over Zuffa in negotiations with venues, sponsors, athletes, and others"); Grigsby Decl. ¶ 5.  Other courts in this district have also held that compelling reasons exist to seal these types of information.  *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv– 01491–JCM–GWF, 2011 WL 1630338, at *6-7 (D. Nev. Apr. 29, 2011) (finding compelling reasons to seal "detailed information regarding Selling Source's business operations, customer agreements, corporate structure, the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property," including the "Master Service Agreement" and "License Agreement"); *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016) (finding compelling reasons to seal "account list" that "evidences the terms of numerous agreements, reveals revenue figures, and lists technical information regarding each contract," as well as "business plan created by Plaintiff for a specific client"); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, No.

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

2:13-cv-00911-JAD-PAL, 2014 WL 12769806, at *1–2 (D. Nev. May 20, 2014) (finding compelling reasons to seal documents "that contain proprietary and confidential information about the corporate structure and internal governance of Plaintiff's business") (Leen, J.).

Zuffa is not the only MMA promoter with this concern.  That Bellator designated all of its quarterly financial data as highly confidential—the most protected designation—under the Protective order only underscores the sensitivity of this type of information.  As counsel for Bellator explained, event-level specific financial documents are among the "most sensitive documents" to Bellator.  ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").

The Federal Circuit, applying Ninth Circuit law, has held that "detailed product-specific financial information" may be properly filed under seal where a company "could suffer competitive harm if [the] information is made public," including providing "suppliers an advantage in contract negotiations" which would put the company "at a competitive disadvantage compared to their current position."  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013).  "[D]etailed product-specific" information properly filed under seal includes "costs, sales, profits, and profit margins."  *Id.* at 1224-25.  The Federal Circuit further held that reports with "information that [a company's] competitors could not obtain anywhere else," even where those competitors could attempt to replicate that information, meet the compelling reasons standard for sealing.  *Id.* at 1228.

Zuffa's detailed financial information is properly filed under seal.  This includes Zuffa's wage share information—detailed event-by-event information comparing Zuffa's event revenue to the amount of compensation paid to athletes competing in that event.  Wage share information is properly sealed because it is a compilation of information regarding Zuffa's "volume of business" and highly confidential trends (and sales) in Zuffa's business.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University Books, Inc.,* 602 F.2d 859, 865 n.2 (9th Cir. 1979)).  As Zuffa has previously explained at length, detailed wage share information—whether

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

used on its own or in conjunction with regression analysis—would provide competitors with unearned insights into Zuffa's investment, expense, and spending decisions, permitting them to have a "roadmap" to Zuffa's business and allow those competitors to cause competitive harm to Zuffa for their benefit.  Zuffa's Reply in Supp. of Mot. to Seal Pls.' Class Cert Reply, ECF No. 565 at 5-6.

In addition, it is the *combined effect* of the disclosure of detailed financial information that is important in evaluating whether sealing under the "compelling reasons" standard is appropriate.[2] *Del Campo* and the Ninth Circuit *Walker* decision hold that if competitors could successfully use the various pieces of a business's proprietary information to more effectively compete, then that information may constitute a trade secret.  Further, in *Apple*, the Federal Circuit considered the *combined* effect of disclosing separate pieces of business information.  *Id.* at 1225 ("If Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components. This would put Apple and Samsung at a competitive disadvantage compared to their current position") (internal citation omitted).  In sum, sealing under the "compelling reasons" standard is appropriate for Zuffa's financial, revenue, and related information.

The exhibits listed below, which contain highly confidential financial information, are properly filed under seal:

Exhibit 125, an excerpt of the September 27, 2017 deposition of Dr. Hal J. Singer, contains highly confidential financial information at lines 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3.  These lines reference specific Zuffa financial information, including compensation and revenue information—expressed as wage share—and information derived from specific compensation and revenue information.  This type of information is properly filed under seal because of the "proprietary nature of confidential financial information"

---

[2] In granting a motion to seal trade secret information, the *Del Campo* court recognized that binding precedent holds that "one factor in determining whether information is a trade secret is the ease or difficulty with which the information could be properly acquired or duplicated by others."  2007 WL 902568, at *5 (citing *Walker*, 602 F.2d at 856 n.2).

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

and the fact that "past information may be used to predict future business plans" such that a private company's financial information is properly filed under seal under the "compelling reasons" standard. *Nat'l Prod., Inc. v. Aqua Box Prod., LLC*, No. C12-605 RSM, 2013 WL 12106901, at *1 (W.D. Wash. Mar. 25, 2013) (citing *Microsoft Corp. v. Motorola, Inc.*, No. 10-1823, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012)). This includes, for example, "monthly sales figures," which are properly sealed for a "private company" that keeps its financial information "strictly private in order to preserve its competitive position with sellers of similar products." *Id.* Public disclosure of the amount Zuffa spends on and takes in as revenue from events—as well as trends over time—would provide Zuffa's competitors with insights on how Zuffa strategically decides to allocate its spending per event, the returns to that spending, and Zuffa's revenue allocation strategies over time. As a private company, this is proprietary financial information that could provide competitors with unfair and unearned competitive advantages. This information is also properly sealed under the "compelling reasons" standard as trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

Exhibit 119, a January 2013 third party document that was marked "Highly Confidential" by third party The Raine Group LLC, is properly filed under seal as to the slide appearing at RAINE0000023, which is a highly confidential analysis of Zuffa's trade secret information concerning a potential business venture in Brazil. Disclosure of this information would likely cause Zuffa harm for the reasons listed in the discussion of Exhibit 125 immediately above.

Exhibit 129 is an excerpt of the December 2, 2016 Acquisitions 30(b)(6) deposition. Lines 82:1-83:1 describe the financial terms of a confidential contract between Zuffa and another entity in addition to the allocation of funds pursuant to that agreement. Disclosure of this information, which provides insights into Zuffa's business judgment and its strategic choices on spending and other information, could provide competitors with an unearned strategic advantage in negotiations with Zuffa and the ability to emulate Zuffa's business practices. Lines 150:8-12 and 150:15-20 provide detailed information on Zuffa's valuation decisions and confidential

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

financial information, disclosure of which could provide Zuffa's competitors with a strategic advantage in negotiations with—and against—Zuffa.

The redaction on page 18 contains highly sensitive trade secret financial information regarding Zuffa's contracts and its highly confidential strategy regarding negotiations and contract renewal. This information is properly filed under seal for the reasons listed above as to Exhibits 119, 125 and 129.

III.   Zuffa's Trade Secret Business Information And Highly Confidential Business Communications And Strategy Are Properly Filed Under Seal.

Zuffa moves to seal the exhibits and portions of its Reply that contain trade secret business information and highly confidential and sensitive business communications strategy. This information includes Zuffa's highly confidential marketing and business strategy related to Zuffa's business in the United States and abroad. It also includes contract, payment and negotiation strategies relating to Zuffa and non-Zuffa MMA athletes, as well as other business partners that Zuffa works diligently to keep confidential. Campbell Decl. ¶¶ 5, 7.

This information is highly sensitive for Zuffa, as public disclosure of this information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned competitive advantages. *Id.* ¶¶ 5, 7. Compelling reasons exist to seal the exhibits and portions of Zuffa's Reply containing trade secret business information. Grigsby Decl. ¶ 7; *see also id.* ¶¶ 5-6.

This type of trade secret business strategy information is properly filed under seal under the compelling reasons standard. *See, e.g., Elec. Arts*, 298 F. App'x at 569 (compelling reasons exist to seal categories of information including trade secret and business information that, if released, might cause competitive harm); *Selling Source*, 2011 WL 1630338, at *6-7 (finding compelling reasons to seal "detailed information regarding Selling Source's business operations," in addition to "the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property"); *Bartech Int'l, Inc.*, 2016 WL 2593920, at *3 (finding compelling reasons to seal the "business plan created by Plaintiff for a specific client"). The Federal Circuit, applying Ninth Circuit law,

14

has held compelling reasons exist to seal data and information that competitors "could not obtain anywhere else," including, for example, marketing survey information that could give a company a "competitive advantage" by permitting that company to be the first to "introduce products with new features." *Apple*, 727 F.3d at 1128.  Release of this type of information could provide, as the Federal Circuit explained, a "head-start" on the company's strategy and would therefore "provide them with an enormous benefit" to the company's detriment. *Id.*

Zuffa seeks to seal portions of the exhibits listed below that contain the type of trade secret business information described above:

Exhibit 119, a January 2013 third party document that was marked "Highly Confidential" by third party The Raine Group LLC, is properly filed under seal as to the slide appearing at RAINE0000023, which contains Zuffa's highly confidential trade secret information regarding a potential strategy, with detailed financial analysis and strategy, for a business venture in Brazil. Disclosure of this information would likely cause Zuffa harm because it would, among other things, provide Zuffa's competitors with an unearned advantage in the marketplace regarding Zuffa's highly confidential business strategies regarding new business ventures and the ways in which it, as a private company, structures and analyzes new business ventures.

Exhibit 125, an excerpt of the September 27, 2017 deposition of Dr. Hal J. Singer, contains highly confidential trade secret information at lines 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3 as described above. S*upra* § II.

Exhibit 129 is an excerpt of the December 2, 2016 Acquisitions 30(b)(6) deposition. Lines 83:22-85:4 and 85:14-25 are direct quotations from and a detailed discussion of a highly confidential Zuffa document that provides highly sensitive trade secret, valuation, and strategy information regarding an acquisition.  Lines 148:5-149:18 are a discussion of a highly confidential draft settlement agreement in addition to a discussion of Zuffa's strategy and evaluation of the value of a particular settlement.  Lines 151:15-19 are a highly confidential discussion of Zuffa's strategy regarding athlete evaluation and future business strategies.  Public disclosure of this information would likely provide Zuffa's competitors with an unearned

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

competitive advantage regarding Zuffa's internal strategies regarding athlete evaluation and negotiations.  Public disclosure of this information would also be likely to provide Zuffa's competitors—and others who do business with Zuffa—with strategic information regarding Zuffa's evaluation of disputes and proposed settlements.

Exhibit 130 is an excerpt from the deposition of Michael Mersch taken on July 14, 2017. The Exhibit contains, on lines 362:17-363:7 and 363:14-365:24, a highly confidential internal discussion regarding a strategic evaluation and discussion of whether to re-sign a Zuffa athlete and related information regarding how to structure a Zuffa event.  Public disclosure of this information would likely provide Zuffa's competitors with an unearned competitive advantage regarding Zuffa's internal evaluation and strategies regarding athlete evaluation and negotiations.

Exhibit 132 is an excerpt from the March 23, 2017 deposition of Lorenzo Fertitta. This Exhibit contains information on Zuffa's highly confidential internal business practices and strategies at lines 163:19-25. Public disclosure of this confidential business strategy would likely cause Zuffa harms for the same reasons listed above in the discussions of Exhibits 129 and 130.

Zuffa's responses to paragraphs 11-12, 14-18, and 19 of Plaintiffs' CSOF contain highly confidential trade secret and strategy information that is properly filed under seal.  These paragraphs contain information regarding Zuffa's confidential negotiating strategies (¶¶ 11-12), Zuffa's strategies regarding acquisitions and its related negotiation and evaluation strategies (¶¶ 14-18), and its negotiations and strategies regarding discussions with an athlete (¶ 19). For the reasons stated above as to Exhibits 119, 125, 129, 130, and 132 in addition to Zuffa's motion to seal filings regarding Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment, ECF Nos. 602 and 609, these portions of Zuffa's Reply are properly filed under seal.  The corresponding responses in Exhibit 113 are properly filed under seal for the same reasons.

IV.   Information Designated Confidential By A Third Party And Exhibits Containing Third Party Trade Secret And Similar Information Are Properly Filed Under Seal.

Zuffa seeks to file under seal certain exhibits designated as confidential by a Third Party that contain highly sensitive and confidential information and that would be likely to cause significant competitive harm if released publicly.  These exhibits include third-party contracts and

16

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

testimony that includes highly confidential information about third party contracts, communications, or financial terms.  Zuffa also seeks to seal exhibits containing redactions of private personal information.  Compelling reasons exist to seal information from the documents listed below.

Exhibit 116, an excerpt of the deposition of Ike Lawrence Epstein contains highly confidential contractual information at lines 90:11-90:25, 91:10-91:18, and 92:18-93:13.  This information comes from an October 2009 "Confidential Information Memorandum" created by third party Deutsche Bank.  In addition to containing the highly confidential contractual information referenced above, the Confidential Information Memorandum is a confidential document created by a third party.

Exhibit 118 is an excerpt of the 30(b)(6) deposition of Colin Neville, the designated witness for third party The Raine Group, LLC, taken on August 8, 2017. Lines 88:2-22, 89:13-20, 90:8-14, and 92:18-93:2 of the deposition contain references to and descriptions of a highly confidential document prepared by two third parties to this lawsuit, The Raine Group, LLC and another party. The document and description of the document are properly filed under seal because it contains the confidential information of a third party that was provided to third party Raine group as part of a confidential offering and subject to a non-disclosure agreement.  The privacy and confidentiality interests of each non-party are sufficient to permit these limited redactions under the "compelling reasons" standard.

Exhibit 119 is a document that has been designated highly confidential as all pages in the exhibit by third party The Raine Group, LLC.  As noted above, the slide appearing on page RAINE0000023 is independently properly filed under seal because it contains highly sensitive Zuffa financial information.  Zuffa seeks to lodge the remainder of the document under seal on the basis that a third party has marked the document highly confidential.

Exhibit 130 is an excerpt of the July 14, 2017 deposition of Michael Mersch.  Lines 490:1-2 contain completely irrelevant information pertaining only to Mr. Mersch including his work address and the structure and nature of his current work.  Public release of this information

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

would serve no purpose other than to needlessly invade Mr. Mersch's privacy and, because the information is irrelevant to this lawsuit, would provide no public benefit.  It is properly sealed under the "compelling reasons" standard.

Exhibit 132 is an excerpt of the March 23, 2017 deposition of Lorenzo Fertitta. This Exhibit contains the personal phone numbers of third parties to this lawsuit, Lorenzo Fertitta and Audie Attar, at lines 167:3 and 168:25. As discussed above in relation to Mr. Mersch's personal information, disclosure of this information would invade the privacy of Mr. Fertitta and Mr. Attar while providing no public benefit and is therefore properly sealed.

The highly confidential information about third party contractual clauses contained in page 21 (addressing CSOF ¶ 10) and Zuffa's response to paragraph 10 of Plaintiffs' CSOF are properly filed under seal because the information, as stated above, if released publicly, is likely to cause significant competitive harm to those MMA competitors.  For the same reasons, Exhibit 113 is properly filed under seal as to Zuffa's response to paragraph 10 of Plaintiffs' CSOF.

V.      Zuffa Has Narrowly Tailored Its Sealing Requests.

Counsel for Zuffa has carefully reviewed its Reply and every exhibit to the Reply in an effort to narrowly tailor its sealing requests. As a result of its review, Zuffa has determined that all but the exhibits listed above to its Reply may be filed publicly in their entirety. Grigsby Decl. ¶ 9. Zuffa seeks only to seal limited portions of the Reply and associated exhibits listed above.

**CONCLUSION**

For the foregoing reasons, Zuffa respectfully requests that the Court find that compelling reasons exist to seal the exhibits described herein and the portions of Zuffa's Reply reflecting the contents of such exhibits.

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

Dated:  November 2, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
     Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.

1

## **CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Zuffa's

3

Reply in Support of Zuffa's Motion for Summary Judgment was served on November 2, 2018 via

4

the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

5

6

*/s/ Roderick J. Crawford*

7

Roderick J. Crawford, an Employee of
Boies Schiller Flexner LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZUFFA, LLC'S MOT. TO SEAL ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.