WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT** |

I, Stacey K. Grigsby, declare as follows:

1. I am a member in good standing of the bar of the District of Columbia and the bar of the State of New York. I am admitted *pro hac vice* to practice before this Court. I am a Partner in the law firm Boies Schiller Flexner LLP ("BSF"), counsel for Zuffa, LLC ("Zuffa") in the above captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

2. I make this declaration in support of Zuffa's Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment ("Motion to Seal"). Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

3. Zuffa has moved to seal certain documents, deposition testimony, and corresponding portions of Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment ("Reply") that contain highly confidential financial information, including Zuffa's financial records and specific financial information regarding Zuffa's contracts with athletes including payment terms; highly confidential contractual information, including commercially sensitive contract terms and contract strategies; and highly confidential trade secret business information, including commercially sensitive business, acquisition, marketing and negotiation strategies.

4. In addition, the portions of expert deposition testimony, exhibits, and corresponding portions of Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment that Zuffa seeks to file under seal contain highly confidential contain commercially sensitive terms, trade secrets, business strategies and specific financial information, including financial information regarding Zuffa's contracts with athletes.

5. With respect to Zuffa's financial information, it is my understanding that Zuffa, a privately owned company, treats its financial records and financial analysis, revenue, compensation, and other confidential financial information as trade secret information. Disclosure of this information would provide competitors with unfair and damaging insights into Zuffa's business practices, including providing competitors with unearned competitive advantages.

6. With respect to Zuffa's confidential contract provisions, it is my understanding that Zuffa treats its agreements with athletes, as well as payments made as a result of those agreements, as confidential trade secret information, and does not publicly disclose information relating to fighter contracts, the various forms of fighter compensation paid und those agreements, nor the strategic reasoning underlying each contract provision. Nor does Zuffa publicly disclose information relating to sponsors or licensees and the various contractual requirements for sponsors and licensees who contract to do business with Zuffa. Public disclosure of this information would provide competitors with unfair and damaging insights into Zuffa's business practices.

7. Additionally, Zuffa considers its internal decision making process, discussions, and business and marketing strategies and analysis to be confidential. This includes its negotiations and confidential communications with athletes, sponsors, licensees, and other business partners. Public disclosure of this information would be likely to provide competitors with unfair and damaging insights into Zuffa's business practices, including providing those competitors with unearned competitive advantages.

8. With respect to the information designated confidential by third parties to this litigation, or containing information confidential to third parties, disclosure of this information is likely to cause competitive harm or privacy harm to third parties to this suit.

9. Counsel for Zuffa spent many hours reviewing all of the exhibits to the Reply in order to carefully tailor Zuffa's sealing requests and determined that all but nine of the exhibits to the Reply should be filed publicly in their entirety. Zuffa limits its sealing requests to limited portions of only nine of the exhibits to the Reply.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.  Executed this 2nd day of November, 2018 in Washington, DC.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby

2

GRIGSBY DECL. ISO ZUFFA'S MOT. TO SEAL   Case No.: 2:15-cv-01045-RFB-(PAL)
ZUFFA'S REPLY ISO ZUFFA'S MOT. FOR SUMM. J.