

November 13, 2018

**VIA ECF**

The Honorable Richard F. Boulware, II
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

>   Re:   Notice of **Request** for Clarification Regarding December 20, 2018
>           Hearing in *Le v. Zuffa et al.*, Case No. 15-cv-01045

Dear Judge Boulware:

    This Court has scheduled a hearing on Plaintiffs' Motion for Class Certification and Zuffa's Motion for Summary Judgment on Friday, December 14. ECF No. 616.  We write to request additional information about how the Court plans to conduct the hearing on both motions.  Defendant has previously requested an evidentiary hearing on the motion for class certification and continues to request such a hearing.  The Court indicated that it would hold a hearing, but did not specify whether this is an evidentiary hearing or will be limited to oral argument.  Prior to making this request for clarification, counsel for Zuffa consulted Plaintiffs' counsel, who indicated that they oppose an evidentiary hearing.

    In light of the complex issues in this case, Defendant believes an evidentiary hearing is necessary to consideration of the motion for class certification.  The Court must engage in a "rigorous analysis" to assess whether Plaintiffs meet the commonality requirements of Rule 23.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (citation omitted); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011).   To meet the requirement in particular of demonstrating that individual issues do not predominate over class issues, Plaintiffs are seeking to show that all or virtually all class members were injured.  *In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 567 (N.D. Cal. 2013); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 137-138 (D.D.C. 2017) ("*Rail Freight*") (collecting cases and concluding that under 23(b)(3), "5% to 6% constitutes the outer limits of a <u>de minimis</u> number of uninjured class members" above which certification is not appropriate (emphasis in original)).  This standard is one for the Court under Rule 23 and is not one for the jury to decide later.  *Ellis*, 657 F.3d at 983.  Plaintiffs propose to show that they meet this standard through their expert's regression analysis using a "foreclosure share" and athletes' "wage share" rather than actual compensation.  ECF No. 518 at 11, 14-15, 30-31.  The Court should be afforded the

BSF

benefit of hearing testimony from Zuffa's and Plaintiffs' economists and the ability to test their work and conclusions through questioning.

The reliability of the theories of Plaintiffs' economists, including "foreclosure share" and "wage share" also must be addressed prior to a ruling on summary judgment. *In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 971 (C.D. Cal. 2012) (citing *Claar v. Burlington N. R.R.,* 29 F.3d 499, 501 (9th Cir. 1994) (prior to ruling on summary judgment motion, "[t]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. The primary locus of this obligation is Rule 702.") (in turn, quoting *Daubert v. Merrell Dow Pharms.,* 509 U.S. 579, 589 (1993)).

In addition, as the Court noted in its September 27 ruling, the Court will consider the arguments in Zuffa's *Daubert* motions in its review of Plaintiffs' Motion to Certify Class. ECF No. 600 ("Upon review of the record, the Court denies without prejudice the [517] Motion to Exclude Expert Testimony of Guy Davis, the [522] Motion to Exclude Expert Testimony of Dr. Andrew Zimbalist and the [524] Motion to Exclude Testimony of Dr. Hal Singer, as premature. *The Court will consider the arguments in the Motions and Responses in its review of the [518] Motion to Certify Class*, however, the Court is not required to determine the admissibility of evidence in ruling on the [518] Motion to Certify Class nor does such evidence have to be admissible for consideration by the Court.") (Emphasis added, citation omitted).

An evidentiary hearing could take the standard form, where both sides examine the expert witnesses, or a "hot tubbing" session, in which the Court could examine the expert witnesses concurrently.[1] Both procedures have been used in similarly complex cases, including antitrust class actions. *Sher v. Raytheon Co.*, 419 Fed. App'x 887, 888-89 (11th Cir. 2011) (reversing a district court grant of class

---

[1] Lisa C. Wood, "Hot Tub Redux," Antitrust (Spring 2018), available at https://www.americanbar.org/content/dam/aba/publishing/antitrust_magazine/anti-spring18-3-23.pdf at 31-16; Ryan Thompson, "Concurrent Expert Evidence, Hot Tubbing in America? Experts Jump in," National Law Review (Aug. 2016), available at https://www.natlawreview.com/article/concurrent-expert-evidence-hot-tubbing-america-experts-jump; Anjelica Cappellino, "'Hot Tubbing' Expert Witnesses: An Experimental Technique from Australia Makes a Splash in U.S. Courts," The Expert Institute (Oct. 2016), available at https://www.theexpertinstitute.com/hot-tubbing-expert-witnesses-an-experimental-technique-from-australia-makes-a-splash-in-u-s-courts/.



Hon. Richard F. Boulware, II
November 13, 2018
Page 3 of 3

certification after a three-day evidentiary hearing on Plaintiffs' motion for class certification for failing "to make the necessary factual and legal inquiries and decide all relevant contested issues," including the admissibility of relevant expert opinion prior to certification); *Heerwagen v. Clear Channel Comms.*, 435 F.3d 219, 224-25 (2d Cir. 2006) (evidentiary hearing); *Rail Freight*, 292 F. Supp. 3d at 32 (evidentiary hearing); *In re Polyurethane Foam*, 152 F. Supp. 3d 968 (N.D. Ohio 2015) (hot-tubbing); *In re Groupon, Inc. Sec. Litig.*, 2014 WL 2035853, at *2 (N.D. Ill. May 15, 2014) (finding an evidentiary hearing on the admissibility of an expert's opinion and testimony "procedurally appropriate" prior to deciding the issue of class certification); *Perez v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 3116355, at *4-6 (N.D. Cal. July 31, 2012) (holding an evidentiary hearing and citing extensively from the hearing in a decision ultimately excluding Plaintiffs' expert witness and denying their motion for class certification); *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 681-82 (N.D. Ga. 1991) (a limited evidentiary hearing on motion for class certification in antitrust action "to allow the parties the opportunity to present and cross-examine each others' experts").

We appreciate clarification as to the format of the hearing to enable the parties to prepare.

Very truly yours,

William A. Isaacson
*Attorney for Defendant Zuffa, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Request for Clarification Regarding December 20, 2018 Hearing in *Le v. Zuffa et al.*, Case No. 15-cv-01045 was served on November 13, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Brent K. Nakamura*

Brent K. Nakamura, an Employee of
Boies Schiller Flexner LLP