

ERIC L. CRAMER / MANAGING SHAREHOLDER
p. 215.875.3009  m. 215.327.9583 | ecramer@bm.net

November 16, 2018

**Via ECF**

The Honorable Richard F. Boulware, II
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Re:   Plaintiffs' Opposition to Defendant Zuffa, LLC's
      Request for Evidentiary Hearing in *Le v. Zuffa, et
      al.*, Case No. 15-cv-01045-RFB-PAL

Dear Judge Boulware:

Plaintiffs write in response to Zuffa's November 13, 2018 letter ("Zuffa's Letter") asking the Court to schedule an evidentiary hearing regarding class certification and summary judgment. Plaintiffs oppose that request on four grounds.

*First*, Zuffa is essentially asking for a *Daubert* hearing when no *Daubert* motions are pending. *See* ECF No. 600 (Sept. 27, 2018) (denying Zuffa's *Daubert* motions without prejudice). In effect, Zuffa is belatedly asking the Court to reconsider its September 27 decision. The Court should decline to do so. The Court's ruling was substantively correct, judicially efficient, and within the Court's discretion. As the Court rightly noted, Ninth Circuit law provides that "the Court is not required to determine the admissibility of evidence in ruling on the Motion to Certify Class nor does such evidence have to be admissible for consideration by the Court." ECF No. 600 (citing *Sali v. Corona Reg'l Med. Ctr.*, 889 F.3d 623, 631-32 (9th Cir. 2018)). Ignoring binding law, Zuffa improperly bases its argument on a contrary view from an unpublished decision *in another Circuit*. *See* Zuffa's Letter at 2-3 (citing *Sher v. Raytheon Co.*, 419 F. App'x 887, 890 (11th Cir. 2011)).[1]

*Second*, the kind of hearing Zuffa is asking for—where each side presents its experts on direct and cross examines the opposing experts—would almost certainly involve several days of testimony and argument, and thus could not feasibly be held on the scheduled date and time. It is thus unclear why Zuffa agreed to reschedule the argument for December 14 at 2 pm—when it

---

[1] The dissent to denial of the *en banc* petition in *Sali* explicitly noted that the 11th Circuit held a view contrary to that of the Ninth Circuit. 2018 U.S. App. LEXIS 30997, at **7-8 (9th Cir. Nov. 1, 2018).



November 16, 2018
Page 2

knew that an evidentiary hearing could not go forward at that time. Zuffa did not even check to see whether Plaintiffs' experts would be available on that day.

*Third*, the kind of class hearing Zuffa wants is factually and legally unnecessary in this case. There is, as the Court is aware, a voluminous record—where each side has had, for instance, multiple opportunities to cross examine the other's experts, and where the parties have each served several supplemental expert reports. *See* ECF No. 545 (May 7, 2018). Accordingly, an evidentiary hearing would be redundant and inefficient. And Zuffa has provided no specific reason why such a hearing would be useful in this case. To be fair, Zuffa does repeat, in its Letter (at 1), its central attacks on the variables in Dr. Singer's regression analysis (challenging the foreclosure share and wage share variables). But, as a court in this Circuit stated just last week in granting class certification and denying *Daubert* in an antitrust class action—*without an evidentiary hearing*—the law is clear that such challenges go to the weight *not* admissibility of the testimony.[2] *See Obrey v. Johnson*, 400 F.3d 691, 695-96 (9th Cir. 2005) (a "regression analysis does not become inadmissible as evidence simply because it does not include every variable that is quantifiable and may be relevant to the question presented . . . [I]t is for the finder of fact to consider the variables that have been left out of an analysis, and the reasons given for the omissions, and then to determine the weight to accord the study's results" (internal citation omitted)).

For these and other reasons, trial courts in the Ninth Circuit have repeatedly concluded that "evidentiary hearing[s] on class certification [are] not required." *Velasco v. Dress Barn, Inc.*, No. 2:14-cv-09399, 2015 U.S. Dist. LEXIS 49117, at **1-2 (C.D. Cal. Apr. 14, 2015) (citing *Bouman v. Block*, 940 F.2d 1211, 1232 (9th Cir. 1991)) (evidentiary hearing unnecessary because "both parties [had] submitted declarations and exhibits that [gave] the Court a sufficient record on which to decide the pending motion"). Indeed, in a recent Ninth Circuit case, the district court described an evidentiary hearing as "an extraordinary step," requiring specific "justification." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 131535, at *14-15 (N.D. Cal. Sept. 10, 2013) (holding "[a]dditional briefing and argument on class certification is not likely to be useful" as "NCAA has already been granted leave to exceed the page limits for its class certification briefs" and "[t]here is no justification for the extraordinary step of convening an evidentiary hearing"). That probably explains why ***our***

---

[2] *In re Capacitors Antitrust Litig.*, No. 17-2081, ECF No. 385, at 18 & 9 n.3 (N.D. Cal. Nov. 14, 2018) ("The appropriate concerns at this stage are not about the quality of the data Dr. McClave used or whether he included all the potential variables in his model. Challenges along those lines do not go to the admissibility of his opinions, but rather to matters of weight and probative value for a jury to evaluate. *Urethane*, 768 F.3d at 1261, 1263. Many of defendants' attacks miss this salient point by criticizing what Dr. McClave did or didn't take into account in running his analysis. Those observations may be grist for a good cross-examination at trial, but they do not play a material role in deciding whether Dr. McClave's work should be admitted under Rule 702.").

November 16, 2018
Page 3



*research turned up not a single instance of a court in this District holding a class evidentiary hearing involving experts*. There are, however, dozens of cases in this District certifying classes without such hearings.[3]

This principle holds true for antitrust class actions in this Circuit, where the kind of "extraordinary" class hearing Zuffa is now asking for is exceedingly rare. *See, e.g.*, *In re Capacitors Antitrust Litig.*, Slip Op. at 18 & 9 n.3  (certifying class and denying *Daubert* motions without holding evidentiary hearing: "After spending a substantial amount of time reviewing the reports and *Daubert* arguments, the Court finds that the motions can all be resolved on the papers[.]"); *In re Lidoderm Antitrust Litig.*, 2017 U.S. Dist. LEXIS 24097, at *121 (N.D. Cal. Feb. 21, 2017) (certifying class and denying *Daubert* motions without evidentiary hearing); *Nitsch v. Dreamworks Animation SKG Inc.*, 315 F.R.D. 270, 274 (N.D. Cal. 2016) (certifying class based on "the parties' submissions, oral argument, the relevant case law and the record"); *In re Optical Disk Drive (ODD) Antitrust Litig.*, 2016 U.S. Dist. LEXIS 15899, at *47, n. 3, *80 (N.D. Cal. Feb. 8, 2016) (certifying class without holding evidentiary hearing); *In re eBay Seller Antitrust Litig.*, 2009 U.S. Dist. LEXIS 85881 (N.D. Cal. Sept. 1, 2009) (evidentiary hearings are warranted only "if the existing record is inadequate for resolving the relevant issues").[4]

---

[3] *See, e.g.*, *Fisher v. MJ Christensen Jewelers*, LLC, No. 2:15-cv-00358, 2018 U.S. Dist. LEXIS 36048 (D. Nev. Mar. 6, 2018) (Boulware, J.) (class certification motion granted in TCPA class action without evidentiary hearing); *Gunter v. United Fed. Credit Union*, No. 3:15-cv-00483, 2017 U.S. Dist. LEXIS 157243 (D. Nev. Sep. 25, 2017) (Du, J.) ("a court should not 'turn class certification into a mini-trial' on the merits") (citing *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1178 (9th Cir. 2015)); *Greene v. Jacob Transp. Servs.*, LLC, No. 2:09-cv-00466, 2017 U.S. Dist. LEXIS 151525 (D. Nev. Sep. 19, 2017) (Navarro, J.) ("the Court will not address the merits of the case at this point in the proceeding and will turn to the Rule 23 analysis"); *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-01183, 2016 U.S. Dist. LEXIS 36129 (D. Nev. Mar. 21, 2016) (McKibben, J.); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1308 (D. Nev. 2014) (Gordon, J.) (class certification motion granted in TCPA class action); *Bissonette v. Enter. Leasing Co.-West, LLC*, 300 F.R.D. 466, 473 (D. Nev. 2014) (Hicks, J.); *Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 679 (D. Nev. 2008) (Hunt, J.) (class certification motion granted in FDCPA class action).

[4] *In re High-Tech Employee Antitrust Litig.*, 985 F. Supp. 2d 1167, 1229 (N.D. Cal. 2013) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 315-16 (N.D. Cal. 2010) (same); *In re Abbott Laboratories Norvir Antitrust Litig.*, 2007 U.S. Dist. LEXIS 44459, at *29-30 (N.D. Cal. Jun. 11, 2007) (same); *see also Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495-96, 498 (C.D. Cal. 2012) (certifying class, denying *Daubert* motions, and reviewing Ninth Circuit law that evidentiary *Daubert* hearings are not required on class certification motion).



November 16, 2018
Page 4

   ***Fourth***, evidentiary hearings for summary judgment almost never happen,[5] and Zuffa has provided no reason why that general rule should be deviated from here. Zuffa's argument that a Court must determine admissibility prior to ruling on summary judgment does not help it either. Courts need not hold hearings to determine the admissibility of evidence, including expert evidence. *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1171 (1999) (italics in original) ("the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination."); *United States v. Alatorre*, 222 F.3d 1098, 1101-02 (9th Cir. 2000) (finding that "the trial court must be afforded wide latitude both in deciding whether to admit expert testimony and in deciding how to test reliability" and affirming district court decision denying request for a hearing, holding that a pre-trial *Daubert* hearing is not required).

   In short, Zuffa's request for an evidentiary hearing is unwarranted and should be rejected. The parties should proceed with oral argument on December 14, as agreed.

                Sincerely,

                */s/Eric L. Cramer*
                Eric L. Cramer

---

[5] *Thompson v. Mahre*, 110 F.3d 716, 719 (9th Cir. 1997) ("[O]rdinarily there is no such thing as an evidentiary hearing, or findings of fact, on a summary judgment motion."); *United States v. Cohen*, No. C04-0332P, 2005 U.S. Dist. LEXIS 17606, at *11-12 (W.D. Wash. May 13, 2005) ("The summary judgment process is intended to streamline the judicial process by only allowing claims based on a genuine factual dispute to reach a jury. . . . For these reasons, it would be inappropriate for the Court to hold an evidentiary hearing before deciding whether or not to grant summary judgment.").

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Letter responding to Zuffa's Letter, ECF No. 617, was served on November 16, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/Eric L. Cramer*
Eric L. Cramer