Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 614)**<br><br>**FILED UNDER SEAL** |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................... 1

II. LEGAL STANDARD .............................................................................................. 2

III. ARGUMENT ........................................................................................................... 4

    A. The Documents Do Not Contain Commercially Sensitive Information. .......... 4

        1. The Documents Contain Information That is Public Knowledge. ........ 5

        2. Many of the Documents are Too Old to Contain Trade Secrets. .......... 6

    B. The Interest of The Named Plaintiffs, Class Members, The Public, And The Press in Access to The Documents Zuffa Seeks to Seal Outweighs Any Purported Confidentiality Interest Zuffa May Hold in Those Documents ........ 7

        1. The Strong Presumption of Public Access to Judicial Records Is Heightened Where, As Here, The Alleged Unlawful Antitrust Violations Affect The Rights of A Large Class of Victims. ..................... 8

    C. Zuffa's Descriptions And Justifications for Sealing Fail to Present Articulable Facts Showing Compelling Reasons to Seal Supported by Specific Factual Findings ................................................................................................................. 11

    D. Zuffa Has Failed to Narrow Its Requests to Seal Third-Party Information ..... 12

IV. CONCLUSION ...................................................................................................... 13

i     Case No.: 2:15-cv-01045 RFB-(PAL)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 614)**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ................................................ 3

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5, 2016) ....................................................... 2,3

*Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698 (W.D. Wash. Feb. 5, 2018) ................................................................................. 6

*Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017) ............................................................... 2

*Elec. Arts, Inc. v. United States Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568 (9th Cir. 2008) .................................................................................................... 3

*eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012) ................................................................... 7,8,11

*Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674 (N.D. Cal. Nov. 18, 2013) ........................................................................... 2

*Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700 (N.D. Cal. Aug. 22, 2017) ............................................................................................ 3

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375 (N.D. Cal. June 17, 2013) .............................. 6

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2014 U.S. Dist. LEXIS 22233 (N.D. Cal. Feb. 20, 2014) ........................................ 11

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ........................... 2,3,7,10

*Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788 (W.D. Wash. July 6, 2018) .......................................................................... 6

*Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS 4022 (N.D. Cal. Jan. 13, 2014) .................................................................................... 2,8

*PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748 (N.D. Ill. Dec. 9, 2017) ............................................................... 6

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) .......................... 7

*Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016) ............................ 2,3,8

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs file this brief in opposition to Zuffa LLC's Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment and Related Materials (ECF No. 614) (the "Motion to Seal" or "MTS"). As with its previous motions to seal, Zuffa fails to provide compelling reasons supported by specific factual findings to justify sealing the documents and information Zuffa asks the Court to seal.

Zuffa's Motion to Seal fails for four primary reasons.[1] First, Zuffa's Motion to Seal fails because the documents do not contain commercially sensitive information. Some documents or testimony refer to information that is public knowledge, or that is too old to be commercially sensitive. Disclosure of such documents or information will not put Zuffa at a competitive disadvantage, so there is no basis for sealing them.

Second, the presumed right of access of the named Plaintiffs, the Class members, the public, and the press, outweighs any alleged interest in confidentiality Zuffa may claim. This transparency interest is heightened in an antitrust class action such as this, where the rights and interests of a large number of UFC fighters are at stake and the alleged wrongdoing should not be concealed from public scrutiny.

Third, Zuffa fails to carry its burden of making a particularized showing for each document it seeks to file under seal that articulates compelling reasons to seal supported by specific factual findings. This failure, standing alone, represents a legally sufficient reason for denying Zuffa's Motion to Seal. Many of Zuffa's descriptions mischaracterize the nature of the materials it seeks to seal, claiming for example that documents contain "detailed financial information" when they contain no financial information at all.

---

[1] Plaintiffs have made similar arguments in their prior oppositions to Zuffa's motions to seal. *See*, Plaintiffs' Opposition to Defendant Zuffa LLC's Motion to Seal Portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification and Related Materials, ECF No. 558; Plaintiffs' Opposition to Defendant Zuffa LLC's Motion to Seal Zuffa LLC's Motion for Summary Judgment and Related Materials, ECF No. 581; and Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Plaintiffs' Opposition to Zuffa, LLC's Motion for Summary Judgment And Related Materials, ECF No. 604. Plaintiffs hereby incorporate these opposition briefs into the instant Opposition as if they were fully set forth herein.

Fourth, Zuffa misuses the Federal Rules by selectively asking the Court to seal information that supports Plaintiffs' claims or casts Zuffa in a negative light, while freely revealing information that it believes supports its position or otherwise casts it in a positive light. Zuffa should not be allowed to misuse the Federal Rules as both a shield and a sword.

For these reasons and those presented below, this Court should deny Zuffa's Motion to Seal.

## II.     LEGAL STANDARD

Courts in the Ninth Circuit maintain "a strong presumption in favor of access" to judicial records attached to dispositive motions, including motions for summary judgment. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation omitted). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by . . . articulat[ing] compelling reasons supported by specific factual findings . . . ." *Id.* at 1178 (citation omitted). "A litigant is required to make a particularized showing for each document it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6, n.1 (D. Nev. June 21, 2017) ("*Collectors Coffee*"). "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO), 2013 U.S. Dist. LEXIS 164674, at *4-5 (N.D. Cal. Nov. 18, 2013) ("*Hodges*") (italics added) (citation omitted). "The Ninth Circuit has rejected efforts to seal documents under the compelling reasons standard based on conclusory statements [that] the contents of the documents . . . are confidential and that, in general, their disclosure would be harmful to the movant." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) (citations omitted) ("*Bartech*").

Moreover, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted) ("*Shane*"). *Accord, Marsh v. First Bank of Del.*, No. 11-cv-05226-

WHO, 2014 U.S. Dist. LEXIS 4022, at *4 (N.D. Cal. Jan. 13, 2014) ("*Marsh*") ("In a class action, the public right of access to court documents is especially heightened."). This is especially so in antitrust cases, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane*, 825 F.3d at 305 (citation omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, *document by document*, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (emphasis added; citation omitted). Sealing information in a class action is inappropriate when doing so would "interfere with the right of class members to make an informed decision about whether to object or opt out." *Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 U.S. Dist. LEXIS 139700, at *3, n.1 (N.D. Cal. Aug. 22, 2017).

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citations omitted). "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Elec. Arts, Inc. v. United States Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (citation omitted). Parties "have an interest in keeping their detailed product-specific financial information secret . . . [when] they could suffer competitive harm if this information is made public." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law). Courts will grant a party's motion to seal where public disclosure would "cause it competitive disadvantage by permitting its competitors to exploit its trade secrets." *Bartech*, 2016 U.S. Dist. LEXIS 59852, at *5.

For the reasons discussed below, Zuffa fails to satisfy the compelling reasons standard.

## III. ARGUMENT

### A. The Documents Do Not Contain Commercially Sensitive Information.

Many of the materials Zuffa asks the Court to seal simply do not contain confidential information. For example, Zuffa asks the Court to seal a portion of deposition testimony by Zuffa assistant general counsel Michael Mersch that quotes a 2010 email between Zuffa and a UFC fighter, stating, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Reply Exh. 130, 358:1-8. Nothing more about the agreements is disclosed: the parties, subject matter, and terms of the referenced agreements remain undisclosed in the exhibit. Zuffa asserts that the testimony "contain[s] language from and a description of a highly confidential negotiation between Zuffa and an athlete," and that "disclosing the terms of these agreements would put [Zuffa] at a disadvantage in future negotiations for similar agreements." Motion to Seal at 9 (quoting *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*. No. 12-CV-03844-JST, 2015 WL 984121 at *3 (N.D. Cal. Mar. 4, 2015)). This description mischaracterizes the document: *no terms are disclosed* in the testimony. The proposed redaction contains no commercially sensitive information.

In another example, Zuffa asks the Court to seal excerpts from the deposition of former Zuffa CEO Lorenzo Fertitta. MTS at 9, Reply Exh. 132. The redacted testimony states that a UFC fighter ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Reply Exh. 132, 169:12-16. In other *unredacted* testimony Mr. Fertitta admits it is Zuffa's practice to renegotiate fighter contracts before the last fight on the old contract has taken place: "[Q.] [D]id Zuffa generally seek to renew fighters' contracts before the term was completed? A. Yes." Reply Exh. 132, 163:15-18. Yet Zuffa asserts that "[d]isclosure of this highly confidential business strategy information would provide competitors with unfair and damaging insights into Zuffa's highly confidential contracts and business practices." MTS at 8-9. If Zuffa believed this were true it would have redacted Mr. Fertitta's testimony confirming the practice. But it did not.

Additional examples of documents or redactions that do not contain commercially

sensitive information are described in Exhibit 1 to the Declaration of Kevin E. Rayhill (the "Rayhill Declaration"), entitled "Zuffa's Sealed Documents – Plaintiffs' Arguments Against."

### 1. The Documents Contain Information That is Public Knowledge.

By definition, information that is available from public sources is not confidential. Yet Zuffa repeatedly asks this Court to seal information that is already in the public domain. For example, Zuffa asks the Court to seal portions of deposition testimony from Michael Mersch that refer to a hypothetical example relating to Zuffa's ██████████████████████ ████████████. MTS at 8; Reply Exh. 115, 322:9-18, 323:1-13, 324:16-19, 325:10-328:3. Zuffa claims that disclosure of the proposed redactions would "provide competitors with unfair and damaging insights into Zuffa's highly confidential contracts and business practices." MTS at 8. But Zuffa's contractual terms, including ████████████████████ ████████████████████████████ have been public knowledge for more than a decade.[2] Indeed, former Bellator president Bjorn Rebney stated publicly that Bellator "literally took [a] UFC contract, took it out of a PDF format and [] changed the UFC name to Bellator and [] signed it" in an effort to match an offer from UFC for a Bellator fighter.[3] These statements are further proof that Zuffa's contract terms are public knowledge: other MMA promoters clearly knew about them, and copied them in their own contracts. Zuffa's contract terms are public knowledge, and since other MMA promoters already freely admit that they

---

[2] *See* Rayhill Decl., Exh. 2, Adam Swift, *Inside the Standard Zuffa Contract*, Sherdog.com, Oct. 31, 2007, available at http://www.sherdog.com/news/articles/Inside-the-Standard-Zuffa-Contract-9734 (includes complete listing of all contract terms in a PAR, "the contract every fighter has to sign to gain entry to the UFC", including the Retirement Clause, the Champion's Clause, tolling provisions, the right to match period, and the exclusive negotiating period, among other contract provisions). *See also* Rayhill Decl., Exh. 3. Jonathan Snowden, *The Business of Fighting: A Look Inside the UFC's Top-Secret Fighter Contract*, May 14, 2013, Bleacher Report, available at https://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcs-top-secret-fighter-contract#slide8. *See* n.4, *supra* (including a complete listing of all contract terms in a PAR, "the contract every fighter has to sign to gain entry to the UFC").

[3] *See*, Rayhill Decl., Exh. 4, Brian Hemminger, *Bjorn Rebney explains 'key misunderstanding' in UFC contract match for Eddie Alvarez*, mmamania.com, Jan. 9, 2013, available at https://www.mmamania.com/2013/1/9/3853442/bjorn-rebney-lawsuit-eddie-alvarez-bellator-mma-ufc-contract-match.

base their own contracts (in part) on Zuffa's contractual terms, Zuffa would not be harmed by "disclosure" of these terms.

More examples of requests to seal or redact public information are described in Exhibit 1 to the Rayhill Declaration.

### 2. Many of the Documents are Too Old to Contain Trade Secrets.

Zuffa asks the Court to seal many documents that contain information that is too old to qualify as commercially sensitive information.[4] For example, Zuffa asks the Court to seal deposition testimony from Michael Mersch that references a February 5, 2010 email from Mersch to a fighter's manager. MTS at 9, Reply Exh. 130, 358:18. Even if the redacted section contained information that could at one time have been considered confidential—it does not—the eight-year old information is far too dated to hold any competitive value now.

Zuffa asks the Court to seal testimony about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. MTS at 13-14, Reply Exh. 129, 82:1-83:1. This information is likewise too old to hold any current competitive value. Zuffa also asks the Court to seal testimony relating to its acquisition of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.*, 150:8-12, 15-20. This information is also too old to hold any current competitive value.

There are more examples of documents Zuffa would withhold from public disclosure

---

[4] *See Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788, at *8-9 (W.D. Wash. July 6, 2018) (denying motion to seal agreements and negotiations between defendant and clients, and client fees, as well as "more granular proprietary information, such as profitability figures," because the documents were "relevant to [the] case" and because the information was 4-5 years old and therefore "stale and no longer likely to offer a competitive advantage to [defendant's] competitors"); *Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698, at *4 (W.D. Wash. Feb. 5, 2018) (denying without prejudice motion to seal where defendants had failed to show that 18-months old information was "not so stale as to no longer be commercially useful or harmful"); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *12 (N.D. Cal. June 17, 2013) (denying motion to seal where document was eight years old, and the defendant "fail[ed] to articulate what specific harm an outdated document will have on its current or future operations"); *PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748, at *47 (N.D. Ill. Dec. 9, 2017) (holding that two-year-old vendor pricing information was not a trade secret because pricing had changed in the interim: "Information that is too old to hold any value loses any protection it would otherwise be entitled to as a trade secret").

that are too old to contain trade secrets. *See* Rayhill Decl., Exh. 1. Overall, none of the documents Zuffa asks the Court to seal contains trade secrets. The documents either lack information that could plausibly be characterized as commercially sensitive information, or contain information that is already public knowledge, or that is too old to hold any current competitive value. For these reasons, the motion to seal should be denied.

**B.     The Interest of The Named Plaintiffs, Class Members, The Public, And The Press in Access to The Documents Zuffa Seeks to Seal Outweighs Any Purported Confidentiality Interest Zuffa May Hold in Those Documents**

A party seeking to seal judicial records filed with a dispositive motion must "present articulable facts identifying the interests favoring continued secrecy and [] show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (citations omitted). Courts in the Ninth Circuit routinely deny requests to seal when the moving party fails to show that the interest in sealing outweighs the interest of the named Plaintiffs, Class members, the public, and the press in access. For example, the court in *Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014), denied a motion to seal expert testimony despite finding that—unlike here—the testimony "reveals actual financial data such as revenue and overhead" and contains "sensitive business information that could be damaging if revealed." *Id*. at *13. The court held that because the expert testimony was "crucial to the public's understanding" of the defendant's argument, there were no compelling reasons to seal the expert testimony. *Id*. Similarly, in *eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012), the court denied a motion to seal an expert report in its entirety, even though the report contained "profit and loss information [that] is sensitive and may constitute trade secrets." 2012 U.S. Dist. LEXIS 28164, at *8. The court held that the moving party did not "adequately explain how this information provides it with a competitive advantage." In addition, the court held that "the expert report is central to the cause of action because it purports to calculate the damages incurred by [the plaintiff] as a result of the

defendants' allegedly unlawful acts [so] the need for public access is at its peak." *Id*.

Here, Zuffa has made no attempt to show that its purported interest in sealing the documents outweighs the interest of the named Plaintiffs, the Class members, the public, and the press in disclosure.

### 1. The Strong Presumption of Public Access to Judicial Records Is Heightened Where, As Here, The Alleged Unlawful Antitrust Violations Affect The Rights of A Large Class of Victims.

"In a class action, the public right of access to court documents is especially heightened." *Marsh,* 2014 U.S. Dist. LEXIS 4022, at *4. Public access is of even greater importance in antitrust actions, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane*, 825 F.3d at 305 (citation omitted). Here, both conditions favoring increased transparency apply. Zuffa has not shown that its interest in confidentiality outweighs the public's interest in transparency.

Many of the documents Zuffa asks this Court to seal support Plaintiffs' claims in this litigation, and expose not just Zuffa's anticompetitive actions, but the intent behind those actions. For example, Zuffa asks the Court to seal deposition testimony from Plaintiffs' expert economist Dr. Hal Singer relating to the percentage of the market for fighter services foreclosed by Zuffa's contracts from 2007 to 2011, and the percentage of Zuffa's event revenues allocated to UFC fighters (wage share). MTS at 12-13, Reply Exh. 125, 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3. Zuffa asserts that the testimony "reference[s] specific Zuffa financial information, including compensation and revenue information—expressed as wage share—and information derived from specific compensation and revenue information." MTS at 12. Zuffa alleges that this type of information "is properly filed under seal because of the 'proprietary nature of confidential financial information' and the fact that 'past information may be used to predict future business plans . . . .'" MTS at 12-13. This description and justification for sealing mischaracterize Dr. Singer's testimony, creating the impression that the testimony contains

specific compensation and revenue information. It does not. Wage share references only the percentage of (a portion of) revenues paid as compensation. The testimony contains no specific information about the size of Zuffa's payroll or its revenues, nor could such specific information be inferred or reverse engineered from wage share. Zuffa has failed to show that it will be harmed by disclosure of this information.

More importantly, Dr. Singer's testimony regarding wage share and foreclosure share lies at the very heart of Plaintiffs' case. Dissemination of this information to the named Plaintiffs, the Class members, the public, and the press is crucial if they are to stay informed regarding the important issues at stake in this class action.

In another example, Zuffa asks the Court to seal testimony from Michael Mersch relating to an internal Zuffa email discussing ███████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████.

An important piece of Plaintiffs' case is that Zuffa keeps fighters locked up in long-term contracts in part by pressuring fighters to sign a new contract before the expiration of their old contract. One of the ways Zuffa applies pressure is to deny fighters bonuses and/or high profile fights the fighters might otherwise receive. Mr. Mersch's testimony supports this claim, and it casts a negative light on Zuffa's activities. Zuffa has not shown—and cannot show—how it would be unfairly harmed by disclosure of this testimony. The interest of the named Plaintiffs, the Class members, the public, and the press in gaining access to this significant information is strong, and outweighs any purported confidentiality interest Zuffa might assert.

Zuffa also asks the Court to seal deposition testimony from chief operating officer Lawrence Epstein relating to statements in a 2009 Confidential Information Memorandum created by Deutsche Bank on Zuffa's behalf and with Zuffa's active participation. MTS at 8, Reply Exh. 116, 90:11-20, 91:12-17, 92:20-21, 92:24, 93:1-2, 93:5-12, 93:17-22. The proposed

redactions relate to Zuffa's contract terms, but as discussed above, Zuffa's contract terms are widely available in the public domain. *See* n.2, *supra*. The information is also too old to hold any competitive value. Significantly, these statements strongly support Plaintiffs' case by showing that Zuffa itself felt that its contract terms ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and thereby foreclosing other MMA promoters from access to a necessary input into a successful MMA promotion. Disclosure of this information will not put Zuffa at a competitive disadvantage, and will expose Zuffa's anticompetitive actions to the light of day. The vital interest in access to judicial records for the named Plaintiffs, the Class members, the public, and the press outweighs Zuffa's interest in keeping this testimony confidential.

Zuffa has not shown and cannot show a valid legal basis for sealing these documents. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted). Conversely, the interest of the named Plaintiffs, Class members, the public, and the press in assessing whether Zuffa has—as Plaintiffs allege—used anticompetitive means to, among other things, lock its fighters into long-term exclusive contracts that prevent other MMA promoters from effectively competing for the fighters' services, is particularly strong in an antitrust class action such as this. Zuffa should not be allowed to control the Plaintiffs' and the public's access to these important documents based on its desire to conceal inculpatory evidence, especially when it has failed to articulate compelling reasons for doing so supported by specific factual findings.

These documents and many others cast a bright light on Zuffa's anticompetitive actions. Given the heightened interest of the named Plaintiffs, the Class members, the public, and the press in access to these materials, and Zuffa's failure to demonstrate that they have a confidentiality interest that outweighs the presumption of public access, Zuffa's Motion to Seal should be denied.

### C. Zuffa's Descriptions And Justifications for Sealing Fail to Present Articulable Facts Showing Compelling Reasons to Seal Supported by Specific Factual Findings

As in its other motions to seal, Zuffa has provided the Court with four conclusory and overly broad categories of documents it seeks to seal: documents relating to contracts, financial information, business strategy, or third-party information. While Zuffa has—for the first time, and in contrast to its prior motions to seal—at least addressed individually each document it asks the Court to seal, Zuffa has still failed to provide a legally sufficient, particularized showing for each document that satisfies the compelling reasons standard. Zuffa fails to adequately describe—as it must—the nature of the content of each document, the specific reason the document is confidential, or how it will be harmed by the document's disclosure. It provides misleading characterizations that suggest the presence of detailed commercially sensitive information when no such information is present. These generic justifications do not carry Zuffa's burden to show compelling reasons to seal, and represent an independently sufficient reason for denying Zuffa's Motion to Seal.

Courts in the Ninth Circuit routinely deny motions to seal on this basis. *See e.g.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2014 U.S. Dist. LEXIS 22233, at *20 (N.D. Cal. Feb. 20, 2014) (denying motion to seal expert report because "[n]either Defendants nor the third parties have adequately explained how they would be harmed by the disclosure of this information.")).[5]

For example, Zuffa asserts that its proposed redaction to Plaintiffs' First Amended Interrogatory Responses contains an "internal analysis of the length of Zuffa's highly confidential contracts," disclosure of which "would provide competitors with unfair and damaging insights into Zuffa's highly confidential contracts and business practices." MTS at

---

[5] *See also eMove*, 2012 U.S. Dist. LEXIS 28164, in which the court denied a motion to seal an expert report in its entirety, even though the report contained "profit and loss information [that] is sensitive and may constitute trade secrets." *Id.* at *8. The court held that the moving party did not "adequately explain how this information provides it with a competitive advantage." In addition, the court held that "the expert report is central to the cause of action because it purports to calculate the damages incurred by [the plaintiff] as a result of the defendants' allegedly unlawful acts [so] the need for public access is at its peak." *Id.*

8, Reply Exh. 122. This mischaracterizes the proposed redaction, which simply quotes a 2013 Deutsche Bank memorandum, stating, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Reply Exh. 122 at 6. Any participant in the MMA industry knows that Zuffa has the best fighters tied into long-term contracts. Zuffa's purported justification for sealing fails to satisfy the compelling reasons standard.

### D. Zuffa Has Failed to Narrow Its Requests to Seal Third-Party Information

Zuffa asks the Court to seal broad sections of its brief and supporting documents under the guise of protecting third-party information. For example, Zuffa asks the Court to seal several portions of the deposition testimony of Colin Neville relating to work the Raine Group did for a third-party client. MTS at 17, Reply Exh. 118, 88:2-22, 89:13-20, 90:8-14, 92:18-93:2. Zuffa asserts the redacted portions should be sealed to protect the privacy and confidentiality interests of each non-party. But Raine's role in seeking potential buyers for Zuffa is unredacted in the same document. And any privacy interest the third-party client has could easily be safeguarded by simply redacting its name. Zuffa has failed to narrowly tailor its redactions.

Zuffa also asks the Court to seal testimony from Lawrence Epstein relating to statements in the 2009 Deutsche Bank memorandum. MTS at 17, Reply Exh. 116, 90:11-20, 91:12-17, 92:20-21, 92:24, 93:1-2, 93:5-12, 93:17-22. Zuffa purports to base this request on the confidentiality interest of third party Deutsche Bank. *Id*. But this testimony contains no information about Deutsche Bank whatsoever, and certainly nothing that could be said to implicate a privacy interest on Deutsche Bank's behalf. The clear beneficiary of sealing this information would be Zuffa. Zuffa should not be allowed to misuse the Federal Rules to influence public perception of the issues in this litigation.

## IV. CONCLUSION

For the reasons stated above, this Court should deny Zuffa's Motion to Seal, with the exception of certain testimony or documents from third parties that Plaintiffs do not challenge.

Dated:  November 16, 2018

Respectfully Submitted,
JOSEPH SAVERI LAW FIRM, INC.

By:     /s/ Joseph R. Saveri
Joseph R. Saveri

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S.
SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

| | |
|---|---|
| 1 | SPECTOR ROSEMAN KODROFF & WILLIS, P.C. |
| 2 | Jeffrey J. Corrigan (admitted *pro hac vice*) |
|   | William G. Caldes (admitted *pro hac vice*) |
| 3 | 1818 Market Street – Suite 2500 |
|   | Philadelphia, PA 19103 |
| 4 | Phone: (215) 496-0300/Fax: (215) 496-6611 |
|   | jcorrigan@srkw-law.com |
| 5 | wcaldes@srkw-law.com |
| 6 | *Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2018, true and correct copies of the following documents were served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 611);**

- **DECLARATION OF KEVIN E. RAYHILL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT AND RELATED MATERIALS (ECF NO. 611), and related exhibits.**

By:    　　　　　　　　　　　　　　　*/s/ Kevin E. Rayhill*