# EXHIBIT 1

Zuffa's Sealed Documents -
Plaintiffs' Arguments Against

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 115, Excerpt of 7/14/17 Mersch Dep., 322:9-18, 323:1-13, 324:16-19, 325:10-328:3 | 322:9-18 & 323:1-13: refer to hypothetical ▬▬▬ clause. 324:16-19 & 325:10-328:3: refer to hypothetical ▬▬▬ clauses. | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. *See, e.g*., ECF No. 604-3, Adam Swift, "Inside the Standard Zuffa Contract," Sherdog.com, Oct. 31, 2007, available at http://www.sherdog.com/news/articles/Inside-the-Standard-Zuffa-Contract-9734 (includes complete listing of all contract terms in a PAR, "the contract every fighter has to sign to gain entry to the UFC", including the Retirement Clause, the Champion's Clause, tolling provisions, the right to match period, and the exclusive negotiating period, among other contract provisions); ECF No. 604-4, Jonathan Snowden, "The Business of Fighting: A Look Inside the UFC's Top-Secret Fighter Contract," BleacherReport.com, May 14, 2013, available at https://bleacherreport.com/articles/1516575-the-business-of-fighting-a-look-inside-the-ufcstop-secret-fighter-contract#slide8. 2) The testimony refers to hypothetical contract clauses. Zuffa has failed to show how it will be harmed by disclosure of this testimony. |
| Ex. 116, Excerpt of 5/26/17 Epstein Dep., 90:11-20, 91:12-17, 93:1-2, 93:5-12, 93:17-18 | Testimony relates to descriptions of Zuffa's contract terms in a 2009 Confidential Information Memorandum created by Deutsche Bank. | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. 2) The information contained in this 2009 document is too old to be commercially sensitive. |
| Ex. 122, Excerpt of Pls.' First Am. Interrogatory Resp., 6-7 | Exh. 122 contains two redactions, both of which relate to the 2009 Deutsche Bank Confidential Information Memorandum. The first redacted portion states, ▬▬▬ The second redaction describes the effect of Zuffa's ▬▬▬. | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. 2) The information contained in this 2009 document is too old to be commercially sensitive. 3) The first redaction is too generic to be commerically sensitive: ▬▬▬ does not hold any competitive value. |
| Ex. 130, Excerpt of 7/14/17 Mersch Dep., 358:1-8 | Testimony consists solely of the following sentence fragments: ▬▬▬ | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 2) The quoted text comes from a 2010 email, which is too old to contain any commercially sensitive information. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing highly confidential and trade secret information on Zuffa's contractual clauses and the trade secret internal policies relating to those contractual clauses. Disclosure of this trade secret information would be very likely to cause significant competitive harm to Zuffa.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 169:12-16, 169:24-25 | Testimony relates to Zuffa's practice of ▮▮▮▮▮ | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 2) The quoted text comes from a 2014 text, which is too old to contain any commercially sensitive information. 3) Zuffa's practice of ▮▮▮▮▮ is publicly known. Unredacted testimony in Exhibit 132 states, "[Q.] [D]id Zuffa generally seek to renew fighters' contracts before the term was completed? A. Yes." 163:15-18. |
| Reply 21, CSOF Responses ¶¶ 8, 11-12, and corresponding responses in Ex. 113 | These redactions relate to Zuffa's ▮▮▮▮▮ | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. 2) Zuffa has not shown how disclosure of its practice of ▮▮▮▮▮ will cause it competitive harm. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing event-level financial information or highly confidential internal valuation or analysis, information or derived from or quoting from such information, such that trade secret information would be revealed if filed publicly and significant competitive harm would likely result.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil | Exh. 119 relates to a January 2013 proposal to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1) The document contains no commercially sensitive information. No financial information is disclosed. 2) This document is too old to contain commercially sensitive information. |
| Ex. 125, Excerpt of 9/27/17 Singer Dep., 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3 | 269:20, 270:14, 270:19, 270:22-24, 271:20-22: Testimony relates to the percentage of the market for fighter's services foreclosed by Zuffa's contracts from 2007 to 2011, as calculated by Plaintiffs' expert. 293:8-9, 294:19, 295:2-3: Testimony relates to Zuffa's wage share. | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 2) The information revealed in this testimony is too old to be commercially sensitive. 3) This evidence supports Plaintiffs' claims and casts Zuffa in a negative light. Zuffa should not be allowed to selectively seal non-confidential evidence on this basis. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records"). |
| Ex. 129, Excerpt of 12/2/16 Acquisitions 30(b)(6) Dep., 82:1-83:1, 150:8-12, 150:15-20 | 82:1-83:1: Testimony refers to 2006 ▮▮▮▮▮▮▮▮▮▮▮▮ between Zuffa and former owner of MMA promoter the World Fighting Alliance (WFA). 150:8-12, 150:15-20: Testimony relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 1) The information revealed in this testimony is too old to be commercially sensitive. 2) Zuffa's acquisitions of WFA and the contracts of certain Affliction fighters are widely known in the public domain. |
| Reply 18 | Redacted portion relates to the percentage increase in fighter pay after re-negotiating contracts. | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil | Exh. 119 relates to a January 2013 proposal to ▮▮▮▮▮ | 1) The document contains no commercially sensitive information. No financial information is disclosed. 2) This document is too old to contain commercially sensitive information. |
| Ex. 125, Excerpt of 9/27/17 Singer Dep., 269:20, 270:14, 270:19, 270:22-24, 271:20-22, 293:8-9, 294:19, 295:2-3 | 269:20, 270:14, 270:19, 270:22-24, 271:20-22: Testimony relates to the percentage of the market for fighter's services foreclosed by Zuffa's contracts, as calculated by Plaintiffs' expert. 293:8-9, 294:19, 295:2-3: Testimony relates to Zuffa's wage share. | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 2) This evidence supports Plaintiffs' claims and casts Zuffa in a negative light. Zuffa should not be allowed to selectively seal non-confidential evidence on this basis. See Kamakana v. City of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records"). |
| Ex. 129, Excerpt of 12/2/16 Acquisitions 30(b)(6) Dep., 83:22-85:4, 85:14-25, 148:5-149:18, 151:15-19 | 83:22-85:4, 85:14-25: Testimony relates to purpose and effect of Zuffa's 2006 acquisition of WFA. 148:5-149:18: Testimony relates to 2009 draft settlement agreement from litigation between Zuffa and the former owner of Pride Fighting Championships, which Zuffa acquired in 2007. 151:15-19: Relates to Zuffa's wish to ▮▮▮▮▮ | 1) The testimony contains no commercially sensitive information. No financial information is disclosed. 2) The information disclosed in this testimony is too old to be commercially sensitive. 3) Zuffa's desire to ▮▮▮▮▮ been widely reported in the MMA press. See, Rayhill Declaration, Exh 5. |
| Ex. 130, Excerpt of 7/14/17 Mersch Dep., 362:17-363:7, 636:14-365:24 | Testimony relates to July 2012 email regarding ▮▮▮▮▮ | 1) The information disclosed in this testimony is too old to be commercially sensitive. 2) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 3) This evidence supports Plaintiffs' claims and casts Zuffa in a negative light. Zuffa should not be allowed to selectively seal non-confidential evidence on this basis. |
| Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 163:19-25 | Testimony relates to Zuffa's practice of ▮▮▮▮▮ | 1) This testimony contains no commercially sensitive information. Zuffa has failed to show how it will be harmed by its disclosure. 2) Zuffa's practice of ▮▮▮▮▮ is publicly known. Unredacted testimony in immediately preceding this redaction in Exhibit 132 states, "[Q.] [D]id Zuffa generally seek to renew fighters' contracts before the term was completed? A. Yes." 163:15-18. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing detailed information on trade secret business information and highly sensitive internal strategy information, disclosure of which would be very likely to result in unjustified competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Reply CSOF Responses ¶¶ 11-12, 14-18, 19 and corresponding responses in Ex. 113 | ¶¶ 11-12 relate to 2006 contract negotiation with UFC fighter and ▇▇▇▇▇▇▇.<br>¶¶ 14-18 relate to Zuffa's acquisitions of World Extreme Cagefighting (WEC) (2006), WFA (2006), Pride (2007), Affliction (2009), and Strikeforce (2011); and Zuffa's wish to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>¶ 19 refers to an unnamed fighter refusing to fight another UFC fighter. | 1) The information disclosed in these redactions is too old to be commercially sensitive.<br>2) The redacted portions contain no commercially sensitive information. Zuffa has failed to show how it will be harmed by their disclosure. |

Exhibit 1 - Zuffa's Sealed Documents - Plaintiffs' Arguments Against

**Zuffa's Description**: Documents or portions thereof describing or providing information designated highly confidential by a third-party, containing third party trade secrets and/or private third-party information, disclosure of which would be very likely to cause significant commercial harm or personal invasion of privacy. These types of documents often include highly sensitive third-party financial information, disclosure of which would be likely to cause competitive harm.

| Document | Description | Argument Against |
|---|---|---|
| Ex. 116, Excerpt of 5/26/17 Epstein Dep., 90:11-20, 91:12-17, 92:20-21, 92:24, 93:1-2, 93:5-12, 93:17-22 | Testimony relates to descriptions of Zuffa's contract terms in a 2009 Confidential Information Memorandum created by Deutsche Bank. | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. 2) The information contained in this 2009 document is too old to be commercially sensitive. 3) The redacted materials do not contain any of Deutsche Banks's confidential or commercially sensitive information. |
| Ex. 118, Excerpt of 8/8/17 Neville Dep. 88:2-22, 89:13-20, 90:8-14, 92:18-93:2 | Testimony relates to a contractual arrangement between The Raine Group and a third party client that was investigating a potential bid to acquire Zuffa in 2016. | 1) Zuffa's redactions are not narrowly tailored. Zuffa can protect the third party's identity by simply redacting the third party's name, instead of redacting broader segments that refer to the third party. Plaintiffs do not object to narrowly tailored redactions of the third party client's identifying information. |
| Ex. 119, RAINE000019, Deck on Zuffa's Business in Brazil | Exh. 119 relates to a January 2013 proposal to ███████. | 1) Raine's identity has already been revealed in Zuffa's Motion to Seal. 2) The document contains no commercially sensitive information. Neither Zuffa's nor Raine's financial information is disclosed. 3) This document is too old to contain commercially sensitive information. |
| Ex. 130, Excerpt of 7/14/17 Mersch Dep., 358:1-8, 490:1-2 | 358:1-8 relates to Zuffa's practice of ███████. Though it is in the context of a negotiation with a UFC fighter, no confidential information is disclosed in this redaction. 490:1-2 relates to Mr. Mersch's personal information. | 1) Zuffa's practice of ███████ publicly known. Unredacted testimony in Exhibit 132 states, "[Q.] [D]id Zuffa generally seek to renew fighters' contracts before the term was completed? A. Yes." 163:15-18. 2) Plaintiffs do not object to the redaction of Mr. Mersch's personal information. |
| Ex. 132, Excerpt of 3/23/17 Fertitta Dep., 167:3, 168:25 | Redactions of third party telephone numbers. | Plaintiffs do not object. |
| Reply 21, CSOF Response ¶ 10, and corresponding responses in Ex. 113 | Reply 21 relates to Zuffa's ███████. CSOF response ¶ 10 and Exh. 113 relate to ███████. | 1) Zuffa's contractual clauses are widely known and disseminated in the public domain. 2) Plaintiffs do not object to redacting information about third party MMA promoters contractual provisions. |