WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DEFENDANT ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL ZUFFA'S REPLY IN SUPPORT OF ZUFFA'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 614)** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.     Plaintiffs' Request For The Court To Unseal The Types Of Documents Already Held To Be Properly Filed Under Seal Should Be Rejected. .................... 1

    II.    Zuffa Has Provided Detailed Justifications And Evidence Of The Competitive Harm That Would Result From Public Disclosure Of the Documents Zuffa Seeks To File Under Seal. .......................................................... 2

    III.   The Documents Discussed In The Opposition Are Properly Filed Under Seal. ................................................................................................................................ 4

        A.    Zuffa Has Provided Ample Support For Its Sealing Requests Regarding Its Promotional Agreements And Related Information. ................ 4

        B.    Zuffa Has Provided Significant Support For Its Requests To Seal Wage Share And Other Highly Sensitive Financial Information. ................... 5

        C.    The Documents Plaintiffs Seek To Unseal Do Not Contain Information That Is Public Knowledge. ........................................................... 6

        D.    Plaintiffs' Argument That Certain Documents Are Too Old To Contain Trade Secrets Is Contrary To Law And Ignores Relevant Facts. .................................................................................................................... 7

        E.    Compelling Reasons Exist To Seal The Third Party Information That Zuffa Seeks to Seal. ................................................................................... 8

    IV.   Plaintiffs' Unsupported Speculation Regarding The Interests of The Public, Class Members, And The Named Plaintiffs Are Without Merit. ................ 9

CONCLUSION ............................................................................................................................. 11

i

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL ZUFFA'S REPLY ISO MOT. FOR SUMM. J.

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
  727 F.3d 1214 (Fed. Cir. 2013) .................................................................................... 5

*Del Campo v. Am. Corrective Counseling Services, Inc.*,
  No. C-01-2115JWPVT,
  2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ............................................................ 6, 7

*In re ConAgra Foods, Inc.*,
  No. CV 11-05379-MMM (AGRx),
  2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) ............................................................ 6

*In re Incretin-Based Therapies Prod. Liab. Litig.*,
  No.: 13-md-2452 AJB (MDD),
  2015 WL 11658712 (S.D. Cal. Nov. 18, 2015) ............................................................ 2

*In re: Qualcomm Litig.*,
  No. 3:17-cv-0108-GPC-MDD,
  2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) ................................................................ 2

*Nixon v. Warner Comms., Inc.*,
  435 U.S. 589 (1978) ...................................................................................................... 9

*Sullivan v. Deutsche Bank Am. Holding Corp.*,
  No. 08cv2370 L(POR),
  2010 WL 3448608 (S.D. Cal. Aug. 31, 2010) .............................................................. 6

ii

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL ZUFFA'S REPLY ISO MOT. FOR SUMM. J.

**INTRODUCTION**

In its opening motion to seal portions of its Reply in Support of its Motion for Summary Judgment ("MSJ Reply"), Zuffa, LLC ("Zuffa") provided detailed, individualized justifications for its narrowly tailored sealing requests. In response, rather than addressing Zuffa's arguments, evidence, and cited case law, Plaintiffs repeat the same boiler-plate arguments from prior oppositions. Zuffa has supported its sealing request with sworn testimony from Zuffa executives, third party managers, and the President of and outside counsel for Bellator, one of Zuffa's largest competitors, who all confirm the risk of harm from publicly disclosing athlete contracts, financial information, and other confidential trade secrets. Mot. to Seal, ECF No. 614 at 4-7, 10-11, 14. By contrast, Plaintiffs respond with attorney argument, which should not be credited. Zuffa's motion to seal should be granted.

**ARGUMENT**

I.   Plaintiffs' Request For The Court To Unseal The Types Of Documents Already Held To Be Properly Filed Under Seal Should Be Rejected.

The majority of the information that Plaintiffs now challenge in Zuffa's sealing motion has previously been found by this Court to meet the relevant standard as a matter of law for sealing. This Court previously granted Zuffa's motions to seal the briefing associated with its dispositive partial summary judgment motion. ECF Nos. 493, 533; ECF No. 374 (Plaintiffs' non-opposition). This information included: confidential business strategy information, including revenue and profit information regarding Zuffa's Fight Pass product, ECF No. 390 at 2; Zuffa's contracts, including licensing rights, royalty payments, and negotiating priorities, ECF No. 368 at 3-5; signed Zuffa promotional agreements, ECF No. 349 at 2-3; and confidential and sensitive business communications and documents, including references to and partial descriptions of changes to and existing clauses in a promotional agreement, *id.* at 4.

Plaintiffs now oppose Zuffa's motion to seal much of the same material that this Court has already held is properly sealed. Plaintiffs do not explain why this Court's prior ruling was in error nor do they acknowledge their prior non-oppositions to Zuffa's sealing requests. In contrast

1

ZUFFA, LLC'S REPLY ISO MOT. TO SEAL ZUFFA'S REPLY ISO MOT. FOR SUMM. J.

to several of their earlier oppositions to Zuffa's motions to seal, Plaintiffs appear to have abandoned any claims that additional evidence justifies their dilatory oppositions and point out no errors in prior rulings by this Court. Plaintiffs' belated opposition to sealing the types of materials Zuffa seeks to file under seal should be disregarded on this basis alone.

II. Zuffa Has Provided Detailed Justifications And Evidence Of The Competitive Harm That Would Result From Public Disclosure Of the Documents Zuffa Seeks To File Under Seal.

Zuffa has identified compelling reasons—consistent with the relevant case law—to justify its sealing requests. In addition, Zuffa has filed and identified substantial unrebutted evidence of the significant competitive harm that would result if the documents Zuffa seeks to seal are publicly disclosed. Mot. to Seal 4-7, 10-11, 14. Granting Zuffa's sealing requests on this basis is appropriate. *See, e.g.*, *In re: Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2-3 (S.D. Cal. Nov. 8, 2017) (granting motion to seal portions of a motion to dismiss and documents related to that motion where the parties provided declarations from *inter alia* company officers detailing the competitive harm that would result if the documents were disclosed publicly); *In re Incretin-Based Therapies Prod. Liab. Litig.*, No.: 13-md-2452 AJB (MDD), 2015 WL 11658712, at *3 (S.D. Cal. Nov. 18, 2015) (granting opposed motion to seal portions of a motion for summary judgment and documents related to that motion where the party seeking to seal documents provided declarations in support of its sealing request).

Plaintiffs' Opposition fails to address any of the substantial evidence of the commercial sensitivity of its promotional agreements and negotiations regarding those agreements as well as its highly confidential business strategy and financial information (including wage share) either by way of argument or through *any* declarations or cited testimony. Plaintiffs' complete lack of evidence is puzzling. Plaintiffs have been aware of the statements from Bellator's President and Bellator's counsel for over a year.[1] Plaintiffs have been aware of the declaration of Zuffa's Chief

---

[1] Bellator's President, Scott Coker, submitted the declaration cited in Zuffa's opening motion on February 18, 2017. *Le v. Zuffa*, 17-cv-849-RFB-PAL, ECF No. 1-3 ("Coker Decl."). Bellator's

Legal Officer for over four months and the declaration of third party manager Ali Abdelaziz for over two months.[2]  Yet Plaintiffs failed to proffer any evidence to rebut the evidence that Zuffa's promotional agreements and negotiations with athletes should be sealed.

Instead of relying on evidence, Plaintiffs argue that Zuffa has provided "generic justifications" for its sealing requests.  Opp. 11.  Contrary to Plaintiffs' arguments, Zuffa has provided detailed explanations of why sealing is appropriate here.  As with prior motions to seal—including motions this Court has granted[3]—Zuffa has, for the Court's convenience, used tables describing the types of materials Zuffa sought to file under seal, e.g., ECF No. 527, and categorized documents to organize the type of information that should be filed under seal, e.g., ECF No. 525.

In its opening motion, Zuffa again organizes information into tables for the Court's convenience and describes the importance of confidentiality for each document listed in addition to the competitive harm that would result if the documents were publicly disclosed in the table and in the Motion itself.  There are common justifications and evidence for sealing certain types of documents, for example, documents that contain a detailed analysis of Zuffa's proprietary financial and revenue information, Mot. to Seal 9-14, and Zuffa organizes its sealing requests according to these justifications—while still providing articulable facts in support of sealing each document—for the sake of efficiency.

---

counsel made his representations to this Court on June 1, 2017.  ECF No. 438, June 1, 2017 Hearing Tr.

[2] The cited declaration of Zuffa's Chief Legal Officer, Wm. Hunter Campbell, was filed on June 26, 2018.  ECF No. 565-3 ("Campbell Decl.").  The cited declaration of Mr. Abdelaziz was filed on August 20, 2018.  ECF No. 589-1 ("Abdelaziz Decl.").

[3] *E.g.*, ECF Nos. 493, 533 (granting motions to seal the briefing associated with Zuffa's motion for partial summary judgment, Plaintiffs' class certification motion, and Zuffa's *Daubert* motions).

### III. The Documents Discussed In The Opposition Are Properly Filed Under Seal.

#### A. Zuffa Has Provided Ample Support For Its Sealing Requests Regarding Its Promotional Agreements And Related Information.

Zuffa has provided numerous citations to relevant cases and ample evidence of the commercial sensitivity of its promotional agreements with athletes—including individual contractual negotiations, negotiating and bargaining strategy, draft and final contractual clauses, and other related information—and the significant competitive harm that would befall Zuffa if that information was disclosed publicly. Mot. to Seal 4-9. Zuffa has provided unrebutted evidence—as confirmed by Bellator's President and outside counsel—that its commercially sensitive contracts with athletes, its negotiations with athletes and others regarding those contracts, and how Zuffa engages the services of a third party are properly filed under seal under the compelling reasons standard because public disclosure of that information would be likely to cause competitive harm. Mot. to Seal at 4-8.

In challenging Zuffa's justifications, Plaintiffs either misunderstand or misrepresent Zuffa's arguments. For example, Plaintiffs claim that lines 169:12 through 19 of Exhibit 132[4] should not be filed under seal.[5] Opp. 4. Those lines contain a verbatim quotation from a specific, confidential negotiation regarding Zuffa and an athlete. This is the exact type of information—a negotiation between Zuffa and an athlete—for which Zuffa has provided a significant amount of sworn evidence of commercial sensitivity and the significant competitive harm that would befall Zuffa (as with any MMA promoter) if that information was released publicly. Mot. to Seal 6 (citing Campbell Decl. ¶¶ 3, 5-6; Coker Decl. ¶ 15).[6]

---

[4] Unless otherwise noted, all Exhibits referenced are Exhibits to Zuffa's MSJ Reply.

[5] Oddly, Plaintiffs appear to argue that merely because Zuffa did not redact a generalized description of one of its business practices, Ex. 132 at 163:13-18—while remaining careful not to disclose the specific details of its strategies or specific examples of negotiations with particular athletes—Zuffa has somehow waived its ability to protect information about specific, detailed negotiations with athletes. Plaintiffs' argument is the equivalent of claiming that merely because Zuffa does not seek to seal information regarding its general strategy of selling as many tickets as possible to its events and maximizing event revenue that it is inappropriate to seek to seal detailed business strategy, pricing analysis, event cost, and other trade secret information.

[6] The same justification supports sealing the redacted portion of Exhibit 130. Lines 1 through 8 on page 358 of Exhibit 130 contain a discussion of a highly confidential negotiation between

Plaintiffs' arguments regarding Exhibits 113, 115, 116, 122, and 130 are similarly without merit. Opp. 4 & Opp. Ex. 1 at 1-2. These exhibits describe specific and detailed clauses in Zuffa's highly confidential promotional agreements with athletes and Zuffa's confidential business strategies. Contrary to Plaintiffs' representations regarding a discussion of "hypothetical" contract clauses in Exhibit 115, the redacted portions of that exhibit discuss the operation and legal effect of *actual* terms and clauses in Zuffa's contracts. This is the type of information—Zuffa's highly sensitive contractual clauses—for which Zuffa has provided significant justifications in support of sealing, Mot. to Seal 4-9, and that this Court and another court in this district have already held is properly filed under seal. *Id.* at 7-8; ECF Nos. 493, 533.

Finally, in their Opposition, Plaintiffs include an exhibit that shows that Zuffa has a well-founded concern that competitors might use—and even copy wholesale—highly confidential Zuffa promotional agreements to gain a competitive advantage over Zuffa. Plaintiffs include a 2013 article from BloodyElbow.com stating that Bjorn Rebney, then-CEO of Bellator, claimed that he—as part of a negotiation for an athlete Zuffa was also attempting to sign—"matched" a UFC contract "word for word" by "just changing the name from UFC to Bellator before signing it and sending it over to" the athlete. Opp. Ex. 4 at 2. In its opening motion, Zuffa provided declarations from its Chief Legal Officer and cited to a declaration from Bellator's current President noting that exactly this type of competitive harm could result from disclosure of Zuffa's confidential promotional agreements. Mot. to Seal 4-6.

B.  Zuffa Has Provided Significant Support For Its Requests To Seal Wage Share And Other Highly Sensitive Financial Information.

In its opening motion, Zuffa provided a significant amount of evidence—including statements from Bellator's counsel—demonstrating the commercial sensitivity of the financial information Zuffa seeks to file under seal. Mot. to Seal 10-13. Zuffa also cited to several cases, including from the Federal Circuit applying Ninth Circuit law, *id.* at 11 (citing *Apple Inc. v.*

---

then-Zuffa Associate General Counsel Michael P. Mersch and an MMA athlete. Plaintiffs do not dispute that lines 1 through 8 contain a specific discussion of a negotiation between Zuffa and an athlete.

*Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013)), in support of its argument that wage share is properly sealed as a compilation of information regarding Zuffa's "volume of business" and highly confidential sales trends, *id.* (citing *Del Campo v. Am. Corrective Counseling Services, Inc.*, No. C-01-2115JWPVT, 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007)). In addition, Zuffa's wage share information as well as compensation information and strategy—for example the detailed compensation information from page 18 of the MSJ Reply—is precisely the type of information that could be used improperly by Zuffa's competitors such that compelling reasons justify sealing that information. Mot. to Seal 11-12; *e.g.*, *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014); *Sullivan v. Deutsche Bank Am. Holding Corp.*, No. 08cv2370 L(POR), 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010).

Plaintiffs make no attempt to demonstrate why these cases are inapplicable or how—other than their own *ipse dixit*—Zuffa's wage share, compensation, and other financial information is not commercially sensitive trade secret information that is properly filed under seal. Plaintiffs' unsupported speculation should be disregarded. For these reasons and those provided in the opening motion, Mot. to Seal 9-14, Exhibits 119, 125, 129, and the portions of the reply relating to highly confidential financial information are properly filed under seal.

C. The Documents Plaintiffs Seek To Unseal Do Not Contain Information That Is Public Knowledge.

In support of their assertion that certain of Zuffa's exhibits contain publicly available information, Plaintiffs cite to three news articles, one from 2007 and two from 2013. Opp. 5 nn.2-3. These articles do not support Plaintiffs' broad, generalized, and overreaching claims that "Zuffa's contract terms are public knowledge." *Id.* at 5. They are not. The 2007 article discusses a single Zuffa contract. Opp. Ex. 2 at 1. One of the 2013 articles discusses a single Zuffa contract that is not included in the article itself. Opp. Ex. 3 at 2. The 2013 article also flatly contradicts the claim in the 2007 article that it was truly analyzing a Zuffa contract as the 2013 article states that "[f]or years, the UFC's standard contract has been a mystery, a matter of

speculation, but not available for the record." Opp. Ex. 3 at 2.  The other 2013 article from BloodyElbow.com provides no support for Plaintiffs' arguments as the article merely quotes from an individual's description of Zuffa's contractual clauses in a single Zuffa contract.  Opp. Ex. 4.  Plaintiffs do not introduce any examples of any publicly available Zuffa promotional agreements nor do they provide any evidence, in the forms of declarations or otherwise, of Zuffa's contracts being available other than the unverified examples in the 2007 and 2013 articles, much less being widely available.

In any event, whether portions of one or two Zuffa promotional agreements have been described publicly has no significant bearing on whether Zuffa's promotional agreements, negotiations about those agreements, and business strategy related to those agreements are properly filed under seal.  Zuffa has provided evidence that it negotiates individually with each athlete for each and every promotional agreement.  Opp. to Pls.' Mot. for Class Cert., ECF No. 540 at 20.  Plaintiffs provide no evidence, argument, or explanation of how or why a public description of two agreements categorically precludes sealing any of the other agreements Zuffa has individually negotiated and executed with athletes.  Plaintiffs' arguments regarding three news articles does nothing to change the conclusion that the exhibits and portions of the MSJ Reply relating to athlete agreements that Zuffa seeks to file under seal are properly sealed.

   D. Plaintiffs' Argument That Certain Documents Are Too Old To Contain Trade Secrets Is Contrary To Law And Ignores Relevant Facts.

In their Opposition, Plaintiffs recycle their argument that certain documents contain information that is too old to qualify as commercially sensitive without providing any guidance to the Court and to Zuffa about what "too old" means.  Opp. 6-7.  This argument regarding documents that are "too old" to contain trade secrets is contrary to relevant case law.  The nature of the relevant marketplace and the trade secret information sought to be sealed are relevant in determining whether information is not "too stale to be protected" merely because it is several years old.  *E.g.*, *Del Campo*, 2007 WL 902568, at *5.

1  The record confirms that Zuffa is not the only promoter to take the position that
2  documents maintain their competitively sensitive nature over time.  For example, Plaintiffs issued
3  a subpoena to Bellator demanding documents from January 1, 2006 to the present in addition to
4  information from documents created or generated before that time period containing information
5  concerning that time period. *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-1 at 81 (Ex. B at
6  11).  As Bellator's counsel explained to this Court in a hearing regarding Plaintiffs' subpoena, the
7  information requested—which included negotiations, athlete contracting and strategy, and other
8  highly sensitive information—is highly sensitive information and public disclosure of that
9  information would cause Bellator competitive harm.  ECF No. 438, June 1, 2017 Hearing Tr.
10 39:11-15.  Plaintiffs' subpoena to Bellator is evidence of the fact that information as old as
11 January 1, 2006—in addition to certain information from before that date—is commercially
12 relevant.  That Bellator's outside counsel did not confine his confidentiality requests to a
13 particular time period is further evidence of the commercial sensitivity of the information
14 requested by Plaintiffs' subpoena.  Importantly, Plaintiffs also ignore that this Court has found
15 that compelling reasons existed to seal a promotional agreement from 2004.  ECF No. 495
16 (sealing Ex. D).

In addition to this Court's prior rulings and the evidence Zuffa has brought forth, Plaintiffs' own pleadings and discovery requests conclusively contradict their claim that certain documents are "too old" to hold any commercial value.  As all of the documents Plaintiffs believe should not be sealed are documents from after January 1, 2006, Opp. Ex. 1, Plaintiffs' arguments regarding the documents being "too old" should not be credited.

E.  Compelling Reasons Exist To Seal The Third Party Information That Zuffa Seeks to Seal.

As explained in its opening motion, Zuffa has filed under seal and redacted information marked highly confidential by a third party.  Mot. to Seal 16-18.  Plaintiffs' arguments regarding the third party information that Zuffa seeks to file under seal are without merit.  For example, Plaintiffs claim that for Exhibit 118 merely redacting the name of a potential buyer for Zuffa

would be sufficient to protect the confidentiality of that party and third party Raine. Yet the redacted testimony specifically noted that Raine executed a non-disclosure agreement with the third party, Ex. 118 at 90:8-14, and Plaintiffs make no attempt to show how the work Raine did on behalf of that third party as described in that deposition—all of which was covered by the non-disclosure agreement, *id.*—is relevant to their claims. Only a small portion of Exhibit 118—the portion of the Exhibit discussing work done by Raine subject to a non-disclosure agreement—is redacted. Plaintiffs' arguments regarding third party redactions are without merit.

IV. Plaintiffs' Unsupported Speculation Regarding The Interests of The Public, Class Members, And The Named Plaintiffs Are Without Merit.

Plaintiffs repeat their generic argument that the interests of the public and members of the putative class outweigh Zuffa's demonstrated and compelling interest in maintaining the confidentiality of its trade secrets. Opp. 7-8. This is contrary to the facts in this case and to binding precedent. The Supreme Court has made clear that the "right to inspect and copy judicial records is not absolute," and that access is properly denied where court files would serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598-99 (1978) (citations omitted). As Zuffa has demonstrated—with evidence—in its previous motions to seal (ECF Nos. 565, 609), the public, the news media, the named Plaintiffs, and members of the putative class already have access to a wealth of documents and information to satisfy their interests in this case.

The public has engaged in robust discussion about the merits of this case since it began, and Zuffa's Reply in Support of Summary Judgment (ECF No. 611) is no exception. The public has already engaged in detailed analysis and robust debate about the content of Zuffa's Reply in the two weeks since it was filed, analyzing the arguments made and making predictions about the outcome of the case.[7] Without acknowledging this detailed public discussion, Plaintiffs continue

---

[7] Decl. of Stacey K. Grigsby in Supp. of Zuffa's Reply in Supp. Of Its Mot. to Seal MSJ Reply ("Grigsby Decl."), Ex. H, Paul Gift, "UFC: Plaintiffs Pivoted Due To A 'Lack of Evidence'," Forbes.com (Nov. 7, 2018) (over 1,000 words analyzing UFC's Reply in Support of Summary Judgment and discussing the various arguments made by both sides on summary judgment); *id.*,

to insist that the public's interest in access demands further disclosure of Zuffa's trade secret and highly commercially sensitive information (in addition to that of third parties). Opp. 7.  For example, Plaintiffs argue that "Dr. Singer's testimony regarding wage share and foreclosure share lies at the very heart of Plaintiffs' case" and that "[d]issemination of this information to the named Plaintiffs, the Class members, the public, and the press is crucial if they are to stay informed regarding the important issues at stake in this class action." Opp. 9.  This is simply not so.  Members of the public and the media this case have already discussed wage share, foreclosure share, and many other issues allegedly at the "heart" of Plaintiffs' case, demonstrating that Zuffa's narrowly tailored sealing requests are no impediment to the public's ability to understand and debate the central issues in this case.[8]

Plaintiffs also allege that Zuffa is selectively seeking to seal only information that supports Plaintiffs' claims or casts Zuffa in a negative light while publicly disclosing information it believes supports its position or casts it in a positive light. Opp. 2.  The documents Zuffa unsealed in relation to its previous motion to seal (ECF. No. 602) and the public commentary on those documents plainly show that Zuffa has not shied from publicly filing documents even when those documents cast Zuffa in a negative light.[9]

---

Ex. G, Jason Cruz, "Zuffa Reply Brief in support of dismissing antitrust lawsuit takes aim at Plaintiffs' claims," MMAPayout.com (Nov. 5, 2018) (over 900 word article analyzing Zuffa's Reply brief and including the entire public version thereof); *id.*, Ex. D, Paul Gift (@MMAanalytics), Twitter (Nov. 2, 2018, 10:55 PM) (tweet by Paul Gift about Zuffa's Reply followed by comments from two additional members of the public discussing same).

[8] Grigsby Decl., Ex. A, Paul Gift, "UFC Lawsuit: Plaintiffs Oppose Summary Judgment, Make Final Pitch For Trial," Forbes.com (Sep. 24, 2018) ("plaintiffs hang their hat on an impact regression by expert witness Dr. Hal Singer which purportedly show a negative correlation between the UFC's foreclosure share (percent of MMA fighters under exclusive UFC contracts) and its wage share (fighter compensation as a percentage of event revenues)."); Grigsby Decl., Ex. H, Paul Gift, "UFC: Plaintiffs Pivoted Due To A 'Lack of Evidence'," Forbes.com (Nov. 7, 2018) ("plaintiffs' experts used compensation as a percentage of event revenues (wage share)."); Grigsby Decl., Ex. E, Paul Gift (@MMAanalytics), Twitter (Nov. 3, 2018, 1:43 AM) ("#UFC trying to show fighters weren't *foreclosed* from rivals with, among others, exhibit on timeline of McG's ranking.") (emphasis added).

[9] Grigsby Decl., Ex. F, Paul Gift (@MMAanalytics), Twitter (Nov. 3, 2018, 2:20 AM) ("Not buying his [Michael Mersch] relationship repaired statement."); Grigsby Decl., Ex. C, Paul Gift (@MMAanalytics), Twitter (Oct. 3, 2018, 7:08 PM) (posting document filed publicly by Zuffa

# CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court grant Zuffa's motion to seal.

Dated: November 23, 2018

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: /s/ Stacey K. Grigsby
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

---

and stating "Plaintiffs are gonna love this possible hot doc from Victor Cui in #UFClawsuit. 'ONE FC has no intent on competing with UFC…'"); Grigsby Decl., Ex. B, John S. Nash (@heynottheface), Twitter (Oct. 3, 2018, 5:12 PM) (posting and discussing texts filed publicly by Zuffa between UFC president Dana White and UFC counsel Lorenzo Fertitta Zuffa including the quote "We gotta keep taking these f*****s oxygen till they tap out.").

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendant Zuffa, LLC's Reply in Support of its Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment (ECF No. 614) was served on November 23, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Brent K. Nakamura*

Brent K. Nakamura, an Employee of
Boies Schiller Flexner LLP