# EXHIBIT G

## MMAPayout Article titled "Zuffa Reply Brief in support of dismissing antitrust lawsuit takes aim at Plaintiffs' claims"

# PAYOUT

## THE BUSINESS OF MMA

HOME    ABOUT    STAFF    ARCHIVE    BLUE BOOK

Search this website...   GO   🔊 SUBSCRIBE

Browse > Home / Featured, Le v. Zuffa, legal, UFC, Zuffa / Zuffa Reply Brief in support of dismissing antitrust lawsuit takes aim at Plaintiffs' claims

## Zuffa Reply Brief in support of dismissing antitrust lawsuit takes aim at Plaintiffs' claims

November 5, 2018

On Friday, Zuffa filed its Reply in Support of its Motion for Summary Judgment in dismissing all claims against it by former fighters in the antitrust lawsuit.

In its Reply Brief, it argues that Plaintiffs have now changed its theory of liability since its original claims are no longer viable. Zuffa argues that Plaintiffs have failed to define relevant markets and in turn have not proven its monopsony and monopoly claims.

In a more of a procedural argument, Zuffa argues that Plaintiffs failure to rebut certain Statement of Undisputed Facts in its Motion and are therefore admitted as true. Alternatively, Zuffa states Plaintiffs have failed to raise any genuine factual disputes in its counterstatement of facts.

Zuffa argues that Plaintiffs' Opposition to its Motion for Summary Judgment relies heavily on Dana White's puffery. But, as Zuffa argues, "strong statements praising your own business and demeaning your competitors are evidence of competition, not an antitrust case."

This past September, Plaintiffs filed its **Opposition Brief to Zuffa's Motion for Summary Judgment**. The main argument by Plaintiffs is that the UFC is the "major league" of MMA and it has done so through anticompetitive behavior. Plaintiffs claim that Zuffa used its market leverage to extend exclusivity over its fighters through coercion, intimidation and other means of forcible persuasion. The claim is that the evidence supplied shows Zuffa abused its market power.

Zuffa claims that Plaintiffs have provided a new category for fighters: "marquee," citing marquee fighters as the most important input for MMA promoters and that Zuffa violated the antitrust laws by preventing competitors from having a "critical mass" of the fighters. Zuffa argues that this theory of the need to have a "critical mass" of "marquee" fighter does not appear in its Amended Complaint nor is there discussion of this theory in its discovery responses. Moreover, Zuffa argues that Plaintiffs fail to define this term.

Moreover, Zuffa states that the relevant markets in which Plaintiffs allege Zuffa has power over have not been properly identified. Zuffa notes that Plaintiffs failed to provide an evaluation of the "marquee" query and that their expert, Dr. Hal Singer, does not include the **Significant Non-transitory Decrease in Price test**. Zuffa also takes issue with the lack of defining an output market for a monopoly claim. This is due in part to its assertion that Dr. Singer failed to properly conduct a SSNIP test. Zuffa cites to Singer's admission that he did not test whether cable networks, broadcast networks and sponsors (the output market according to Dr. Singer) would switch to sports entertainment.

Zuffa also states that Plaintiffs cannot dispute that other promotions are viable competitors of the UFC. They cannot dispute the testimony of the promoters which claim that the UFC has not been an obstacle to them signing fighters. In this argument, they negate the testimony of Kurt Otto and Jeremy Lappen because they promoted MMA events before the class period and before Plaintiffs claim Zuffa had monopsony power which deems their testimony irrelevant for purposes of this lawsuit.

One of the other claims asserted by Zuffa in its Reply is that the Plaintiffs cannot show relevant direct evidence of lower compensation as a result of the claimed monopsony power. Zuffa argues that Plaintiff cannot solely rely on their expert's reports alleging the correlation. Here, Zuffa argues that the practical market facts do not show that the company suppressed compensation due to its share of the market. Zuffa also argues that Plaintiffs' are making a "predatory hiring" claim as Plaintiffs describe a marketplace where the UFC retains fighters it does not need in order to keep them away from other promotions. But, Zuffa argues it simply offered fighters more money. This would seemingly fly in the face of Plaintiffs claim that wages were suppressed.

Furthermore, Zuffa states that Plaintiffs have failed to show its foreclosure theory based on the UFC's use of exclusive contracts. Basically, despite the inference, Plaintiffs cannot show intent that the contracts foreclosed competition.



### Recent Articles

**UFC announces construction of Performance Institute in Shanghai**

**Tape-delayed Bellator 209 on Paramount draws 381,000 viewers**

**Top Rank Boxing on Friday night draws 950,000 on ESPN**

**$39.99 new PPV price for Ortiz-Liddell 3**

**Plaintiffs in UFC Antitrust Lawsuit try to avoid "hot tubbing"**

**Monster Energy renews sponsor deal with Bellator**

**TUF 28 Episode 10 draws 152,000 viewers**

**Former UFC vet and TUF competitor suspended 4 years by NSAC for use of fake urine**

**O'Malley gets six month suspension from NSAC**

**ShowMoney talks UFC Antitrust Lawsuit and ONE business**

### Featured

**Plaintiffs in UFC Antitrust Lawsuit try to avoid "hot tubbing"**

**ShowMoney talks UFC Antitrust Lawsuit and ONE business**

**UFC 230: Payout Perspective**

**Zuffa Reply Brief in support of dismissing antitrust lawsuit takes aim at Plaintiffs' claims**

**Floyd Mayweather to fight in Japan New Year's Eve**

**Zuffa files Reply Brief supporting its right to seal docs in Antitrust case**

**Deontay Wilder files appeal brief in Povetkin Meldonium case**

**Boxer Austin Trout case moved to arbitration, casts concern on future of Ali Act**

**Eddie Alvarez signs with ONE Championship**

**Tukhugov taken off UFC Fight Night 138 sparks Khabib to threaten to leave UFC**

11/20/2018     Zuffa Reply Brief in Support of Dismissing Antitrust Lawsuit takes aim at Plaintiffs' claims : MMA Payout: The Business of MMA

Case 2:15-cv-01045-RFB-BNW   Document 623-8   Filed 11/23/18   Page 3 of 3

These are the main arguments asserted in Zuffa's Reply Brief which rebuts Plaintiffs' Opposition and supports the promotion's contention that the Plaintiffs' lawsuit contains no general issues of material facts and as a result must be dismissed. The strongest arguments in my opinion seem to be the argument that other promotions do not appear to be harmed by Zuffa's business practices. Plaintiffs point out how the purported scheme may still impact other MMA competitors.

It is clear that Plaintiffs do not respond to Zuffa's Statement of Undisputed Facts ("SUF") in its Opposition. Rather, they introduce their Counterstatement. Procedurally Plaintiffs should have responded to Zuffa's SUF. If you do not, the statements are admitted as true. Plaintiffs will likely argue that their Counterstatements are equivalent to a denial or rebuttal. It would be up to the Court to determine this. I would think that Plaintiffs would have been extra cautious with this filing and would have ensured that they would not deem anything admitted if they did not respond. Notwithstanding this argument, the Court will need to decide this Motion.

Both sides have made strong arguments for why this case should go forward or be dismissed. The question is whether there are material facts still to be decided with the lawsuit as it is currently framed for it to go forward to trial. Zuffa makes strong arguments stating why it should be dismissed and premise Plaintiffs theories based on unverified assertions and a moving target of theories. Plaintiffs maintain its basic argument that Zuffa's market power dictated the rest of the industry and through its strategies, was able to suppress fighter rights and wages.

MMA Payout will keep you posted.

**Reply Brief** by on Scribd

---

Written by **Jason Cruz** · Filed Under **Featured**, **Le v. Zuffa**, **legal**, **UFC**, **Zuffa**
Tagged:

**Got something to say?**

You must be **logged in** to post a comment.