WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**JOINT MOTION REGARDING PROTECTIVE MEASURES FOR THE CLASS CERTIFICATION AND SUMMARY JUDGMENT HEARING** |

Defendant Zuffa, LLC ("Zuffa") and Plaintiffs (collectively, the "Parties") respectfully submit these proposals for measures to protect highly confidential and trade secret materials during the December 14, 2018 hearing on Plaintiffs' Motion for Class Certification and Zuffa's Motion for Summary Judgment. To effectively present their arguments, it may be necessary for both Plaintiffs and Zuffa to refer to material that has been designated as confidential or highly confidential at times throughout the hearing. The Revised Stipulation and Protective Order, ECF No. 217, ("Protective Order") does not cover hearings on dispositive motions. ECF No. 217 ¶ 13. However, the Protective Order provides that the "parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings." On December 12, 2018, counsel for the parties participated in a meet and confer conference and discussed their respective positions on the appropriate procedures. Although the parties reached agreement on certain items, they seek the Court's guidance on the issues below.

## ZUFFA'S STATEMENT

The motions for Class Certification and Summary Judgment both rely on a variety of documents and materials describing and referring to Zuffa's confidential trade secrets, contractual information, financial information, and the confidential information of third parties. Declaration of Stacey K. Grigsby in Support of Zuffa's Statement in Joint Motion ¶¶ 3-8. Although "court proceedings and records are presumptively open to the public," this right "may give way upon a convincing showing that the testimony or document contains 'sources of business information that might harm a litigant's competitive standing.'" *Saint Alphonsus Med. Ct. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, ECF No. 209 at 2-3 (D. Idaho Sept. 17, 2013) (citing *Perry v. City and County of San Francisco*, 2011 WL 2419868 (9th Cir. Apr. 27, 2011)) (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978)). To that end, "case law holds that compelling reasons exist to seal trial material when the material contains sensitive trade secrets that could cause substantial harm if publically disseminated." *Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2013 WL 5883736, at *1 (D. Idaho Oct. 18, 2013) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006)).

Confidentiality is of a particular concern here as Zuffa has reason to believe that members of the public, including members of the media following this case, intend to be present at the hearing. Zuffa therefore requests that for all materials designated confidential or highly confidential, the Parties observe the following procedures to address trade secret and confidentiality concerns:

1. The parties will only use hard copies of any slide decks, demonstrative exhibits, and other materials ("Materials");

2. Each Party will provide opposing counsel with hard copies of any Materials immediately prior to the hearing.

3. The parties will refrain from disclosing information that has been filed under seal, including specifically exact revenue, wage share, cost, compensation, and related financial information. The parties may use relative terms such as "higher," "lower," and similar terms to compare such financial information but will not disclose specific numerical figures.

4. Other than in any portion of the hearing closed to the public, the parties will refrain from disclosing information from third parties that was designated confidential and filed under seal or designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

These measures are reasonable as they maintain the confidentiality of these materials while still permitting the public to be present in the courtroom to hear arguments. Zuffa respectfully requests that the Court order that Zuffa's proposed measures be put in place.

**PLAINTIFFS' STATEMENT**

Plaintiffs disagree that any motion is necessary or appropriate to address this administrative issue. Despite the fact that the December 14 hearing had been rescheduled at Zuffa's request, pursuant to a written request of the parties on November 8, 2018, Zuffa waited until Tuesday, December 11, 2018, just a few days prior to the hearing to raise the issue. To the extent Zuffa believed that a motion was appropriate, Zuffa should have timely raised the issue for briefing. They did not. In any event, given Zuffa's insistence, Plaintiffs are compelled to respond.

Plaintiffs have filed motions opposing Zuffa's motions to seal and disagree that Zuffa's materials should be sealed. ECF Nos. 558, 581, 604, 619. The right of the named Plaintiffs, the Class members, the public, and the press to access and evaluate the evidence regarding the important issues at stake in this litigation outweighs any confidentiality interest Zuffa may assert, and mandates a full public airing of the arguments and supporting evidence to be presented at the hearing, with certain narrowly tailored exceptions as set forth below. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). That is particularly so given Zuffa's selective public disclosure of the very types of materials that it now argues warrant additional protections. Regarding Zuffa's specific requests above, Plaintiffs respond:

1. Plaintiffs will agree to use hard copies of any demonstrative exhibits.
2. Plaintiffs will distribute hard copies of such demonstrative exhibits to the Parties and the Court to the extent used.

3. Plaintiffs do not and cannot agree to censor their arguments in real time and with virtually no notice.  Plaintiffs must be permitted to freely and fully present their arguments regarding the substantial record at issue.  Plaintiffs do not, however, agree to seal the courtroom as the right of the Class, the public, and the press to evaluate these arguments outweighs the purported confidentiality concerns (which have been disputed in any event).  Indeed, wage share does not contain exact revenue or compensation information, nor can such information be inferred therefrom. Even if such information could be gleaned from wage share—it cannot—Zuffa has failed to demonstrate how it would be harmed by its disclosure.  Indeed, Zuffa frequently discloses its purportedly confidential financial information when it suits its purposes to do so, *as it did again **yesterday***.  *See* Kevin Iole, *Dana White escalates feud with Oscar De La Hoya: 'He's a liar and a phony'*, Yahoo.com, Dec. 12, 2018, available at https://sports.yahoo.com/dana-white-escalates-feud-oscar-de-la-hoya-hes-liar-phony-043645478.html (reporting that Dana White disclosed compensation information—including individual bouts and annual payments—for former UFC fighters Chuck Liddell, Tito Ortiz, and Gleison Tibau, as well as pay-per-view sales numbers and total fighter compensation information, in response to comments from Golden Boy Promotions CEO Oscar De La Hoya, about whom White said, "The guy wants to act like he's my competitor [promoting MMA] , . . . He knows nothing about this sport.").  Thus, Zuffa has no demonstrated interest in preventing disclosure of its wage share, revenue, compensation, or cost information, particularly given that the information generally covers the Class Period of December 2010 to June 2017 and is therefore too old to be of the significance Zuffa ascribes to it.  Regardless, wage share lies at the very core of Plaintiffs' case-in-chief, as it provides the appropriate, accurate measure of Zuffa's monopsony power and Plaintiffs' damages.  The public right of access to this key information outweighs any alleged confidentiality interest Zuffa may assert.  Plaintiffs do not agree to any limits on how they may refer to Zuffa's relevant wage share and financial information.

4. Plaintiffs do not believe any portion of the hearing should be closed to the public. Plaintiffs agree to take reasonable efforts not to publicly disclose any recent specific financial information from third party MMA promoters that was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

| | |
|---|---|
| Dated: December 13, 2018 | Dated: December 13, 2018 |
| **JOSEPH SAVERI LAW FIRM, INC.** | **BOIES SCHILLER FLEXNER LLP** |
| By: */s/ Kevin E. Rayhill* | By: */s/ Stacey K. Grigsby* |
| Joseph R. Saveri (State Bar No. 130064) | William A. Isaacson (admitted *pro hac vice*) |
| Joshua P. Davis (admitted *pro hac vice*) | Stacey K. Grigsby (admitted *pro hac vice*) |
| Kevin E. Rayhill (admitted *pro hac vice*) | Nicholas A. Widnell (admitted *pro hac vice*) |
| Jiamin Chen (admitted *pro hac vice*) | 1401 New York Ave, NW |
| 601 California Street, Suite 1000 | Washington, D.C. 20005 |
| San Francisco, California 94108 | Phone: (202) 237-2727/Fax: (202) 237-6131 |
| Phone: (415) 500-6800/Fax: (415) 395-9940 | wisaacson@bsfllp.com |
| jsaveri@saverilawfirm.com | sgrigsby@bsfllp.com |
| jdavis@saverilawfirm.com | nwidnell@bsfllp.com |
| krayhill@saverilawfirm.com | |
| jchen@saverilawfirm.com | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |
| *Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* | **CAMPBELL & WILLIAMS** |
| | Donald J. Campbell (State Bar No. 1216) |
| | J. Colby Williams (State Bar No. 5549) |
| | 700 South 7th Street |
| | Las Vegas, Nevada 89101 |
| **BERGER MONTAGUE PC** | Phone: (702) 382-5222/Fax: (702) 382-0540 |
| Eric L. Cramer (admitted *pro hac vice*) | djc@campbellandwilliams.com |
| Michael Dell'Angelo (admitted *pro hac vice*) | jcw@campbellandwilliams.com |
| Patrick F. Madden (admitted *pro hac vice*) | |
| Mark R. Suter (admitted *pro hac vice*) | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |
| 1818 Market Street, Suite 3600 | |
| Philadelphia, Pennsylvania 19103 | **BOIES SCHILLER FLEXNER LLP** |
| Phone: (215) 875-3000/Fax: (215) 875-4604 | Richard J. Pocker (State Bar No. 3568) |
| ecramer@bm.net | 300 South Fourth Street, Suite 800 |
| mdellangelo@bm.net | Las Vegas, Nevada 89101 |
| pmadden@bm.net | Phone: (702) 382-7300/Fax: (702) 382-2755 |
| msuter@bm.net | rpocker@bsfllp.com |
| *Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury* | *Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC |

| | |
|---|---|
| 1 | **COHEN MILSTEIN SELLERS** |
|   | **  & TOLL, PLLC** |
| 2 | Benjamin D. Brown (admitted *pro hac vice*) |
|   | Richard A. Koffman (admitted *pro hac vice*) |
| 3 | Daniel H. Silverman (admitted *pro hac vice*) |
|   | 1100 New York Ave., N.W., |
| 4 | Suite 500, East Tower |
|   | Washington, D.C. 20005 |
| 5 | Phone: (202) 408-4600/Fax: (202) 408 4699 |
|   | bbrown@cohenmilstein.com |
| 6 | rkoffman@cohenmilstein.com |
| 7 | dsilverman@cohenmilstein.com |
| 8 | *Co-Lead Counsel for the Classes and* |
|   | *Attorneys for Individual and Representative* |
| 9 | *Plaintiffs Cung Le, Nathan Quarry, Jon Fitch,* |
|   | *Luis Javier Vazquez, Brandon Vera, and Kyle* |
| 10 | *Kingsbury* |
| 11 | **RADICE LAW FIRM, P.C.** |
| 12 | John D. Radice (admitted *pro hac vice*) |
|   | 34 Sunset Blvd |
| 13 | Long Beach, NJ 08008 |
|   | jradice@radicelawfirm.com |
| 14 | |
|   | *Attorneys for Plaintiffs* |
| 15 | |
| 16 | **WOLF, RIFKIN, SHAPIRO,** |
|   | **  SCHULMAN & RABKIN, LLP** |
| 17 | Don Springmeyer |
|   | Nevada Bar No. 1021 |
| 18 | Bradley S. Schrager |
|   | Nevada Bar No. 10217 |
| 19 | Justin C. Jones |
|   | Nevada Bar No. 8519 |
| 20 | 3556 E. Russell Road, Second Floor |
|   | Las Vegas, Nevada 89120 |
| 21 | (702) 341-5200/Fax: (702) 341-5300 |
|   | dspringmeyer@wrslawyers.com |
| 22 | bschrager@wrslawyers.com |
|   | jjones@wrslawyers.com |
| 23 | |
| 24 | *Liaison Counsel for the Classes and Attorneys* |
|   | *for Individual and Representative Plaintiffs* |
| 25 | *Cung Le, Nathan Quarry, Jon Fitch, Luis* |
|   | *Javier Vazquez, Brandon Vera, and Kyle* |
| 26 | *Kingsbury* |
| 27 | |
| 28 | |

**WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, Arizona 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**LAW OFFICE OF FREDERICK S. SCHWARTZ**
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, California 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

**SPECTOR ROSEMAN KODROFF & WILLIS, P.C.**
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

**ATTESTATION OF FILER**

The signatories to this document are myself and Kevin Rayhill, and I have obtained Mr. Rayhill's concurrence to file this document on his behalf.

Dated: December 13, 2018                           */s/ Stacey K. Grigsby*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Joint Motion Regarding Protective Measures for the Class Certification and Summary Judgment Hearing was served on December 13, 2018 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Brent K. Nakamura*
Brent K. Nakamura