Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER|MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:   (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

(*Additional counsel appear on signature page*)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' STATEMENT REGARDING USE OF CONFIDENTIAL MATERIALS AT THE COURT-ORDERED EVIDENTIARY HEARING (ECF NO. 628)** |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT ................................................................................................................... 3

    A. Zuffa's Negotiating Positions with Fighters Are Not Confidential ................. 3

    B. Zuffa's Financial Information, Including Its Event-Level Revenues, Is Not Confidential ...................................................................................................... 4

    C. Wage Share Information Is Not Confidential ............................................... 5

    D. Expert Reports And Testimony Are Not Confidential .................................. 6

    E. Previously Filed and Sealed Documents and Briefs Should Not Affect Treatment of Designated Material at the Evidentiary Hearing ...................... 8

IV. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist.
    LEXIS 28164 (D. Ariz. Mar. 2, 2012) .................................................................................. 6, 7

*Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 U.S. Dist. LEXIS
    111682 (N.D. Cal. July 2, 2008) ............................................................................................ 3

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ................................ 5, 6, 8

*Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462 (9th Cir.
    1990) ................................................................................................................................. 2, 3

*Phx. Newspapers v. United States Dist. Court*, 156 F.3d 940 (9th Cir. 1998) ........................ 2, 3

*Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ....................................................... 3

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-
    CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) .............................. 7

## I. INTRODUCTION

The Parties have met and conferred regarding how to handle materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY (collectively, "Designated Material") at the evidentiary hearing on class certification.

The Parties have agreed to exchange lists of potential exhibits in advance of the evidentiary hearing and then meet and confer about the treatment of any exhibits that a Party asserts should be protected from public view, but have not yet done so. Accordingly, it is premature to determine how to proceed with the presentation of to-be-determined exhibits containing Designated Material, if any.

Nevertheless, and absent the context of any specific documents, Zuffa seeks to seal at least six categories of information from public view: (1) individual fighters' compensation information; (2) Designated Material produced and designated by third parties in this litigation; (3) Zuffa's negotiations with individual fighters; (4) event level revenue; (5) wage share; (6) the Parties' expert reports; and, (7) references to documents and briefs that have been filed in this litigation and were previously sealed by the Court. The Parties have agreed that fighters' names should be redacted when specific compensation information for individually identified UFC fighters is disclosed in a document displayed or discussed at the hearing. The Parties have also agreed to send a joint letter notifying third parties whose Designated Material may be used at the evidentiary hearing and offering them the opportunity to object. The Parties are still discussing proper timing to send the letter.

For the remaining five categories—fighter negotiations, event level revenue, wage share, expert reports, and references to documents filed previously under seal—the Parties have not reached agreement.

The Parties should not be constrained in their ability to present their cases at the evidentiary hearing fully and fairly. Zuffa has designated much of the record evidence, including key documents that support Plaintiffs' case-in-chief and on which Plaintiffs' experts rely, as Designated Material. Restrictions on how the Parties may reference this

**PLAINTIFFS' STATEMENT REGARDING USE OF CONFIDENTIAL MATERIALS AT THE COURT-ORDERED EVIDENTIARY HEARING (ECF NO. 628)**

material in open court, such as those suggested by Zuffa, will impair the Parties' ability to present their evidence in a clear and consistent manner. Further, Zuffa's proposed restrictions are unnecessary as Plaintiffs have agreed to take steps to protect certain Designated Material (relating to individual UFC fighters) and have agreed to a mechanism to permit third parties to assert their purported interest in protecting their Designated Material. Zuffa has failed to demonstrate a compelling interest that would be harmed by public disclosure of its other Designated Material at the evidentiary hearing. Indeed, Zuffa has failed even to show that its Designated Materials merit any protection. Moreover, Zuffa's proposed restrictions will also block the class, the press, and the public's access to critical case information and runs contrary to public interest.

Thus, the interests of the Court, the public, the class, and the Parties in a full and fair airing of the Parties' expert reports, documents, testimony, and arguments will be demonstrably harmed by the limitations on disclosure that Zuffa proposes. And Zuffa has shown neither benefit that would result from the limitations nor harm that would result from Plaintiffs' proposal. Accordingly, Plaintiffs respectfully request that the Court deny the limitations Zuffa suggests, and ensure full public access to this important judicial proceeding.

## II.    LEGAL STANDARD[1]

Courts in the Ninth Circuit "[b]egin[] with the assumption that the press and public have a presumed right of access to court proceedings and documents . . . ." *Phx. Newspapers v. United States Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998) ("*Phoenix*") (quoting *Oregonian Publ'g Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("*Oregonian*")). A hearing may be closed to the public and the transcript sealed only when: "(1) closure serves a compelling interest; (2) there is a substantial

---

[1] Plaintiffs have thoroughly briefed the Court on the related issue of standards for sealing documents. Plaintiff refer the Court to their Opposition to Defendant Zuffa, LLC's pending Motion to Seal Zuffa's Reply in Support Of Zuffa's Motion for Summary Judgment, ECF No. 619, at 2-3, which Plaintiffs incorporate by reference as if fully set forth herein.

probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix*, 156 F.3d at 949. "In other words, the public's right to access a hearing is overcome only by a finding 'that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 U.S. Dist. LEXIS 111682, at *16 (N.D. Cal. July 2, 2008) (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). "Furthermore, the court ordering closure must 'make specific factual findings,' rather than 'basing its decision on conclusory assertions alone.'" *Phoenix*, 156 F.3d at 949 (quoting *Oregonian*, 920 F.2d at 1464).

### III. ARGUMENT

The areas of information Zuffa seeks to seal are central to the claims in this litigation and to the public's, the class', the media's, and the Court's assessment and determinations from the evidentiary hearing that are material to the case going forward. Zuffa fails to show any compelling interest in restricting disclosure of the areas of information at issue, let alone that any substantial probability that such compelling interest would be harmed by disclosure. Thus, Zuffa fails to defeat the "presumed right of access to court proceedings and documents" of the Class members, the public, and the press. *Phoenix*, 156 F.3d at 949.

#### A.     Zuffa's Negotiating Positions with Fighters Are Not Confidential

Zuffa's negotiating positions with fighters involve information highly relevant to the claims at issue. Plaintiffs allege that, as part of its anticompetitive scheme, Zuffa used long-term exclusive contracts with fighters to limit their mobility and prevent or substantially delay free agency, and used its market dominance (and contractual provisions) to cause fighters to re-sign contracts, making its contracts effectively perpetual. *See* Plaintiffs' Motion for Class Certification, ECF No. 518, at 1. Accordingly, certain forms of evidence of Zuffa's contract negotiations with UFC fighters is relevant to class certification. In fact, Zuffa frequently made relevant statements in these

negotiations, including for example references to maintaining internal equity (*i.e.*, that one fighter's pay relates to the pay of others, and thus fighter pay would tend to move together), which is one of Plaintiffs' means of showing (in addition to Dr. Singer's impact regression) that the suppression of Fighter pay that Plaintiffs' experts' analyses demonstrate occurred would have been widely experienced across the class.

Zuffa can demonstrate no competitive interest in maintaining the secrecy of this information. Moreover, the class and the public possess a legitimate interest in and right to access this information. Thus, this information should not be maintained under seal.

Further, most of these documents are several years old and contain no information that could affect Zuffa's current competitive context. And in any event, Zuffa has no competitive interest in keeping such statements confidential, particularly when Plaintiffs are willing to redact the fighters' names, because when no fighter is identified there is no information another MMA promoter could use to its competitive advantage.

Finally, Plaintiffs, the class, the public, and the press have a heightened interest in accessing these material statements in a large class action suit such as this.

Accordingly, Plaintiffs should not be constrained from referring to Zuffa's contract negotiations with fighters in open court.

B. **Zuffa's Financial Information, Including Its Event-Level Revenues, Is Not Confidential**

This Court stated at the December 14, 2018 hearing regarding the class certification and summary judgment motions that much of Zuffa's financial information—including its event-level revenues—does not warrant protection at the evidentiary hearing:

> Zuffa's financial information at this point doesn't . . . warrant[] protection because at some point that's going to be a part of at least what I'd have to consider, not all of the financial information, but the discussions as it relates to event revenue, percentages of event revenue, comparisons between Zuffa and other promoters, the percentage of the revenues compared to other professional sports. I don't see why any of that information should be sealed.

Hearing Tr., Dec. 14, 2018 ("Hearing Tr."), at 7:13-20. Yet, Zuffa continues to assert that

its event revenue information should remain confidential. This Court is correct that such information does not warrant protection and may be disclosed during the evidentiary hearing.

Zuffa has failed to meet its burden of providing compelling reasons for sealing its financial information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("A party seeking to seal a judicial record . . . must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.") (citations omitted). The financial information Zuffa produced in this litigation is stale, and is too old to hold any competitive significance. Zuffa produced consolidated financial statements for the period running from 2004 through 2016. Thus, the most recent information it produced is more than two years old. Even if other MMA promoters could have somehow used this aggregated information to gain a competitive advantage at one time—they could not—it is now too old to be commercially sensitive. Zuffa has not met its burden of showing how disclosure of this information would put it at a competitive disadvantage.

Zuffa has frequently claimed its financial information should be protected as "trade secrets." *See, e.g.*, Zuffa, LLC's Motion To Seal Zuffa's Reply In Support Of Zuffa's Motion For Summary Judgment, ECF No. 614, pp. 5-6. But as the Court pointed out at the December 14 hearing, Zuffa's own arguments suggest that there is *no* formula or proprietary interest to protect. *See* Hearing Tr. at 6:2-13. In light of the strong presumption of public access to judicial records, "it makes sense for the record to be public." *Id*.

**C.    Wage Share Information Is Not Confidential**

Zuffa asserts that references to its wage share and that of third party MMA promoters are confidential. But there is nothing in wage share statistics that should be kept confidential. Wage share is the ratio of fighter compensation to event revenues. Wage share contains no specific information about the size of Zuffa's payroll or its

revenues, nor could such specific information be inferred or reverse engineered from wage share. Further, as the Court stated at the December 14 hearing: "percentages of event revenue, comparisons between Zuffa and other promoters, the percentage of the revenues compared to other professional sports" are not confidential. *Id*. at 7:13-20. This is true for Zuffa, for third party MMA promoters such as Bellator, defunct promoters such as Strikeforce, and for other sports organizations, who widely and publicly use wage share in evaluating athlete compensation.

Zuffa has failed to show that it will be harmed by disclosure of this information. Thus, Zuffa fails to demonstrate any need to restrict references to wage share, including to only using relative terms such as "higher or lower," as Zuffa has suggested. *Id*. at 7:21-24.

Moreover, wage share serves both as a measure for Zuffa's changing monopsony power and as a yardstick with which to compare Zuffa's athlete compensation to other MMA promoters and other sports organizations. Thus, wage share is key to the claims at issue, and should be accessible to the Class members, the public, and the press, in accordance with the Ninth Circuit's "interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (citation omitted).

### D. Expert Reports And Testimony Are Not Confidential

Zuffa asserts that the expert reports in this case should remain under seal. Plaintiffs do not agree. As is common in complex class actions such as this, Plaintiffs and Zuffa have relied in part on economic experts' reports and testimony to support, explain, and enhance their respective positions. Expert evidence is crucial to the Court's consideration of the issues in this litigation, and to the public's understanding of the judicial process and significant issues at stake in this class action. Accordingly, expert testimony and citations to the expert reports at the evidentiary hearing should not be sealed.

Courts in the Ninth Circuit routinely provide public access to expert reports and

testimony. For example, the court in *eMove Inc. v. SMD Software Inc.*, No. CV-10-02052-PHX-JRG, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012), the court denied a motion to seal an expert report in its entirety, even though the report contained information the court said potentially constituted trade secrets, reasoning that "the expert report is central to the cause of action because it purports to calculate the damages incurred by [the plaintiff] as a result of the defendants' allegedly unlawful acts [so] the need for public access is at its peak." *Id.* at *8. Similarly, in *Saint Alphonsus Med. Ctr. - Nampa, Inc. v. Saint Luke's Health Sys.*, No. 1:12-CV-00560-BLW, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014), the court denied a motion to seal expert testimony despite finding that—unlike here—the contained "sensitive business information that could be damaging if revealed," on the basis that the expert testimony was "crucial to the public's understanding" of the defendant's argument. *Id.* at *13.

Zuffa has not—and cannot—show that a compelling interest will be harmed by public disclosure of the experts' reports and testimony. The information Zuffa seeks to seal relates to wage share, event revenues, and aggregated data that the Court has already suggested should be available to the public.[2] *See* Hearing Tr. at 7:13-20. Further, even if this information had once held competitive value that merited sealing—which it did not—it is now too old to be of any value.

Moreover, because the expert testimony to be offered at the evidentiary hearing will be a "central aspect" of this litigation that could impact the outcome, the public's right to access is particularly heightened. *See id.* at 12:7-14.

Accordingly, as this Court has stated, this hearing should be open to the public. *See id.* at 7:11-20.

---

[2] Plaintiffs agree not to disclose specific fighters' identities in open court in circumstances where individual fighter compensation could be linked to specific individual fighters (where such fighter or fighters have not consented to disclosure), and to give the third parties notice if information they have designated confidential may be disclosed in open court. Plaintiffs are willing to redact and/or not disclose small portions of expert reports or other potential exhibits containing such information to the extent disclosed in open court.

### E. Previously Filed and Sealed Documents and Briefs Should Not Affect Treatment of Designated Material at the Evidentiary Hearing

Zuffa asserts that information in documents that have previously been sealed by the Court should be sealed at the evidentiary hearing. Plaintiffs do not agree. At the December 14 hearing, the Court made clear, "in the context of the discussion of the motions and the testimony of the experts[,] that going forward that there would be no sealing of that information." Hearing Tr. at 6:9-13. Though the Court clarified that, with respect to documents that were previously filed with the Court, it would not necessarily "unseal what has been sealed," with respect to live testimony, "it makes sense for the record to be public," to facilitate public "review of this Court's decision." *Id*. at 6:5-8. And, because the information and evidence to be put forth in the evidentiary hearing may materially impact the case, the class', the public's, and the media's interest in access is particularly heightened. *See id.* at 12: 10-14 ("it comes down to . . . whether . . . I accept Dr. Singer's expert opinions or Dr. Topel['s] . . . opinions. That's essentially a central aspect to not just the motion to certify, [but also] the case basically"); *see also id*. at 24:2-8.

In order for the evidentiary hearing to serve the purpose envisioned by the Court, the two sides must be free to advance their respective arguments in an unconstrained fashion. The Parties should not be expected to simultaneously make their strongest arguments and yet constrain themselves for fear of disclosing information that may have been deemed confidential. This is especially so where, as here, the vast majority of the material evidence and information is simply not confidential.

As noted above, if introducing a document identifying individual fighter compensation, Plaintiffs will redact the fighters' names. Additionally, Plaintiffs will notify third parties if their confidential information may be used. But the Plaintiffs strongly agree with the Court that the hearings should be open to afford the public the opportunity to assess the judicial proceedings.

The Parties have agreed to exchange lists of potential exhibits in advance of the

**PLAINTIFFS' STATEMENT REGARDING USE OF CONFIDENTIAL MATERIALS AT THE COURT-ORDERED EVIDENTIARY HEARING (ECF NO. 628)**

evidentiary hearing, but have not yet done so. Accordingly, it is premature to determine how to proceed with the presentation of those documents, if any, at the evidentiary hearing. Plaintiffs have consistently reserved their right to challenge Zuffa's confidentiality designations pursuant to the Protective Order issued by the Court. ECF No. 217. If any confidentiality disputes remain after the Parties exchange exhibit lists, Plaintiffs respectfully propose that the Parties be able to seek resolution of the disputes by the Court through an expedited briefing process. This would ensure that the heightened presumption of transparency for a judicial proceeding in a significant class action such as this, as well as any confidentiality interests implicated in the disputed documents, are fully considered and protected.

**IV.     CONCLUSION**

With the exceptions noted above for redacting the names of any individual fighters whose individual compensation may be disclosed in an exhibit and the process for notifying third parties concerning their Designated Material, there should be no restrictions on the Parties' ability to fully and fairly present their experts' testimony and arguments. This evidentiary hearing will provide the class, the public, and the press with a unique opportunity to assess the relative merits of the Parties' respective positions and will provide a window on the judicial process at this critical stage in the litigation. Zuffa has provided no compelling interest that would be served by sealing the hearing or preventing the disclosure of the information that underlies the Parties' experts' opinions and arguments and is material to the outcome of this litigation. Therefore, Zuffa has failed to rebut the presumed right of access to court proceedings and documents in the Ninth Circuit. Accordingly, Plaintiffs respectfully request that the Court deny sealing or restricting disclosure of the information at issue during the evidentiary hearing.

| | | |
|---|---|---|
|1| Dated: January 9, 2019 | Respectfully Submitted, |
|2| | By: /s/ Eric L. Cramer |
| | | Eric L. Cramer |

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER|MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (*Pro Hac Vice*)
Joshua P. Davis (*Pro Hac Vice*)
Jiamin Chen (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone:(415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Class Counsel**
**Liaison Counsel for the Class**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Phone: (702) 341-5200/Fax (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**:

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Frederick S. Schwartz (*pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
wcaldes@srkw-law.com

John D. Radice (admitted *pro hac vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502
jradice@radicelawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2019, a true and correct copy of the following document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' STATEMENT REGARDING USE OF CONFIDENTIAL MATERIALS AT THE COURT-ORDERED EVIDENTIARY HEARING (ECF NO. 628).**

By:
      */s/ Eric L. Cramer*