WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>      v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>                Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION** |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ZUFFA'S PROPOSAL .................................................................................................. 1

ARGUMENT ................................................................................................................. 2

    I.     Standard Of Review ..................................................................................... 2

    II.    Zuffa's Proposal Strikes The Appropriate Balance Between Protecting Zuffa's And Non-Parties' Highly Confidential And Competitively Sensitive Information And The Public's Right To Access To Court Records. ................................................................................................... 3

    III.   The Categories Of Information Zuffa Seeks To Seal Are Properly Sealed Under Relevant Ninth Circuit Law. .......................................... 4

    IV.   If Other MMA Competitors Do Not Seek To Seal Certain Protected Information, Zuffa Will Withdraw Its Requests To Seal The Same Types Of Information. ......................................................................... 7

    V.    Plaintiffs Repeatedly Chose Not To Oppose Zuffa's Sealing Motions And Now Make A Dilatory Attempt To Make An End Run Around A Process To Which They Agreed. ........................................................ 8

    VI.   Plaintiffs Have Repeatedly Represented To This Court And Third Parties That They Would Protect Certain Information They Now Seek To Reveal Publicly. ......................................................................... 9

CONCLUSION ............................................................................................................. 10

i

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1

## TABLE OF AUTHORITIES

2

### CASES

3

*Apple Inc. v. Samsung Elecs. Co.*
4
   727 F.3d 1214 (Fed. Cir. 2013).................................................................................. 5, 6

5

*Audionics Sys. Inc. v. AAMP of Fla., Inc.*
   No. CV 12-10763 MMM (JEMx), 2014 WL 12586590 (C.D. Cal. Mar. 17, 2014) .................. 5
6

7

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*
   No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) ........................... 5

8

*Center for Auto Safety v. Chrysler Group, LLC*
9
   809 F.3d 1092 (9th Cir. 2016)..................................................................................... 3

10

*Cochoit v. Schiff Nutrition Int'l, Inc.*
   No. SACV1601371CJCKESX, 2018 WL 1895695 (C.D. Cal. Apr. 19, 2018)........................ 2

11

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
12
   No. C-01-21151 JW (PVT), 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) .............................. 5

13

*Hunt v. Zuffa, LLC*
   Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018) ................................... 6
14

15

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*
   No. 12-CV-03844-JST, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ..................................... 6, 7

16

*In re ConAgra Foods, Inc.*
17
   No. CV 11-05379-MMM (AGRx), 2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) ................ 7

18

*In re Elec. Arts, Inc.*
   298 F. App'x 568 (9th Cir. 2008) ........................................................................... 5, 7
19

20

*J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*
   No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806 (D. Nev. May 20, 2014) .......................... 5

21

*Kamakana v. City & County of Honolulu*
22
   447 F.3d 1172 (9th Cir. 2006).................................................................................. 2, 3

23

*Nixon v. Warner Commc'ns*
   435 U.S. 589 (1978)............................................................................................. 3, 7, 8
24

25

*Perry v. City and County of San Francisco*
   2011 WL 2419868 (9th Cir. Apr. 27, 2011) ............................................................... 3

26

*Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*
27
   No. 1:17-cv-01056-DAD-BAM, 2018 WL 432654 (E.D. Cal. Jan. 16, 2018)........................ 5, 7

28

*Saint Alphonsus Med. Ct. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*
  No. 1:12-CV-00560-BLW, ECF No. 209 (D. Idaho Sept. 17, 2013) ......................................... 3

*Selling Source, LLC v. Red River Ventures, LLC*
  No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011)..................... 5, 7

*Stout v. Hartford Life & Acc. Ins. Co.*
  No. CV 11-6186 CW, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012).......................................... 7

*United States v. Amodeo*
  71 F.3d 1044 (2d Cir. 1995)....................................................................................................... 6

*Walker v. University Books, Inc.*
  602 F.2d 859 (9th Cir. 1979)....................................................................................................... 5

**RULES**

Local Rule 7-2(b) .......................................................................................................................... 9

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Pursuant to the Stipulation Regarding Briefing in Advance of Evidentiary hearing on Plaintiffs' Motion for Class Certification, Zuffa, LLC ("Zuffa") submits this proposal for the treatment of material designated as Confidential or Highly Confidential ("Protected Material") under the protective order currently in force.  ECF No. 217 ("Protective Order").  In an attempt to reach agreement regarding the treatment of Protected Material, counsel for Zuffa met and conferred three times with counsel for Plaintiffs.  Decl. of Stacey K. Grigsby in Supp. of Zuffa Prop. Regarding the Treatment of Prot. Material ("Grigsby Decl.") ¶ 3.  The parties were unable to reach agreement on most issues, *id.* ¶ 4, with the exceptions of:

- The parties will not disclose information relating to the specifics of an individual athlete's compensation without the consent of the individual athlete.

- With respect to negotiations with athletes, absent consent of the athletes at issue, the parties will not disclose the names or identities of athletes.

- The parties agree to provide notice to third parties if information they have designated as Protected Material may be disclosed in open court.

## ZUFFA'S PROPOSAL

In addition to the agreements above, Zuffa respectfully requests that the following additional procedures be used to safeguard Protected Material from public disclosure:

- The parties will only use hard copies of any slide decks, demonstrative exhibits, and other materials ("Materials") and no publicly-viewable projections or displays will be used. The Materials must be provided to the opposing party immediately prior to the hearing.

- The parties will refrain from disclosing information that has been filed under seal or that would be properly filed under seal, including exact revenue, wage share, cost, compensation, related financial information, internal valuations, athlete negotiations, and other information. General descriptions are permissible.  For example, in comparing Zuffa's wage share to another MMA promoter's wage share, the parties may use relative terms such as "higher," "lower," and similar terms to compare such financial information but will not disclose specific numerical figures.

- Notifications to third parties that a party intends to use the third party's Protected Material must be made no later than the deadline for exchanging a party's initial exhibit list. Unless the third party has consented, the parties will refrain from disclosing information from third parties that was designated confidential and filed under seal or designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1

- Once the parties' final proposed exhibit lists are exchanged, if there is any remaining disagreement as to whether specific exhibits contain Protected Material that qualifies for protection, the parties are to meet and confer in good faith in advance of the evidentiary hearing.

Table A provides an illustrative list of examples of each category of information Zuffa seeks to seal and believes should not be disclosed publicly at the evidentiary hearing.

Table A: Categories of Protected Information Zuffa Seeks to Seal with Example Exhibits

| Category of Protected Information | Example Exhibit |
|---|---|
| Documents or portions thereof describing in detail or listing financial information, including event-level financial information per event, yearly, or in the aggregate | ECF No. 518, Ex. 1, Singer Rep. Table 5 |
| Documents or portions thereof describing in detail or containing highly confidential internal valuation or financial analysis | ECF No. 518, Ex. 26, ZFL-1240584 |
| Documents or portions thereof listing or describing in detail individual athletes' compensation | ECF No. 540, Ex. 44, Epstein Dep. I 18:25-21:1 |
| Documents or portions thereof containing or describing in detail the language of Zuffa's highly confidential contracts with MMA athletes | ECF No. 518, Ex. 13, Hendrick Dep. 119:22-122:2 & Ex. 8 |
| Documents or portions thereof containing or describing in detail policies related to the interpretation of Zuffa's highly confidential contracts with MMA athletes | ECF No. 518, Ex. 19, Silva Dep. 184:10-186:3 |
| Documents or portions thereof listing Zuffa's wage share, either at the per-event level, yearly, or in the aggregate | ECF No. 518, Ex. 1, Singer Rep. Table 3 |
| Documents or portions thereof describing in detail or providing detailed information on trade secret business information and highly sensitive internal strategy information | ECF No. 518, Ex. 30, ZFL-1421551 |
| Documents or portions thereof containing highly confidential negotiations between Zuffa and MMA athletes | ECF No. 518, Ex. 13, Hendrick Dep. 111:20-118:3 & Ex. 10 |
| Documents containing or describing in detail the language of Zuffa's highly confidential contracts with individuals and companies other than MMA athletes, *e.g.* sponsors, etc. | ECF No. 540, Ex. 66, Epstein Dep. II 339:15-340:25 & Ex. 43 |

**ARGUMENT**

I.     Standard Of Review

The Ninth Circuit has not determined whether the lower "good cause" or more stringent "compelling reasons" standard applies to proceedings regarding class certification. *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV1601371CJCKESX, 2018 WL 1895695, at *1 (C.D. Cal. Apr. 19, 2018) (finding that district courts in the Ninth Circuit "have generally considered motions for class certification nondispositive"); ECF No. 565 at 1-2 (discussing the application of *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1175 (9th Cir. 2006), and *Center for*

2

1   *Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), to class certification).  As

2   explained below, Zuffa's proposed procedure regarding sealing satisfies the "good cause"

3   standard and the "compelling reasons" standard.

4   II.   Zuffa's Proposal Strikes The Appropriate Balance Between Protecting Zuffa's And Non-
        Parties' Highly Confidential And Competitively Sensitive Information And The Public's

5        Right To Access To Court Records.

6       The "right to inspect and copy judicial records is not absolute" and access is properly

7   denied where court files would serve "as sources of business information that might harm a

8   litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citations

9   omitted.  It is well-settled that while "court proceedings and records are presumptively open to

10  the public," this right "may give way upon a convincing showing that the testimony or document

11  contains 'sources of business information that might harm a litigant's competitive standing.'"

12  *Saint Alphonsus Med. Ct. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-

13  BLW, ECF No. 209 at 2-3 (D. Idaho Sept. 17, 2013) (quoting *Perry v. City and County of San*

14  *Francisco*, 2011 WL 2419868 (9th Cir. Apr. 27, 2011)).  As such, "case law holds that

15  compelling reasons exist to seal trial material when the material contains sensitive trade secrets

16  that could cause substantial harm if publically disseminated." *Saint Alphonsus Med. Ctr. -*

17  *Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2013 WL 5883736, at *1

18  (D. Idaho Oct. 18, 2013) (citing *Kamakana*, 447 F.3d at 1178-80).

19      In addition, the Ninth Circuit and Supreme Court have been clear:  there is one standard

20  for evaluating the propriety of sealing sensitive and confidential information that does not depend

21  on whether the requester is an individual or the media.  *Nixon*, 435 U.S. at 609 (the news media

22  has "no right to information about a trial superior to that of the general public."); *Ctr. for Auto*

23  *Safety*, 809 F.3d at 1096-97.  Zuffa's proposal strikes the appropriate balance between protecting

24  the competitively sensitive information of Zuffa and third parties while still providing an

25  enormous amount of information—including centrally relevant information and information that

26  might reflect negatively on Zuffa—to the public, the media, and to Zuffa's competitors.  *See, e.g.*,

27  ECF No. 609 at 10-11 & n.9 (summarizing media articles and social media postings sharply

28  critical of Zuffa and discussing publicly available documents from filings in this case); ECF No.

3

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

565 at 10-11 & n.8 (summarizing critical comments from journalists and named Plaintiff Jon Fitch about Zuffa and this case).

By contrast, Plaintiffs have advanced an argument that is contrary to case law and, as explained below, to the representations they have made to this Court regarding the protection that should be afforded to third party Protected Material.  The Court should reject their argument that all of Zuffa's competitively sensitive and confidential information and almost all third party information must be released publicly.

III.   The Categories Of Information Zuffa Seeks To Seal Are Properly Sealed Under Relevant Ninth Circuit Law.

Zuffa seeks to protect from public disclosure four types of information:  (1) Zuffa's financial and revenue information, including wage share; (2) Zuffa's trade secret business information, communications, and strategy; (3) Zuffa's information regarding agreements with athletes and negotiations about those agreements, including specific compensation figures; and (4) information designated confidential by a third party and exhibits containing third party trade secret and similar information.  Zuffa has addressed the legal and factual justifications for sealing documents under the "compelling reasons" standard in the first three categories at length in its opening sealing briefs and replies in support of those briefs.[1]  For the Court's convenience, Zuffa provides a brief overview of the case law and evidence here.  Though the "good cause" standard applies, Zuffa has narrowly tailored its sealing requests and believes it seeks to seal information that also meets the "compelling reasons" standard.

*First*, compelling reasons exist to seal Zuffa's financial and revenue information, including wage share.  Zuffa, like many of its competitors in the MMA space, including Bellator, is a privately owned corporation that zealously guards the confidentiality of its highly sensitive financial information and does not publicly report its revenue, expense, compensation, and other financial information on a yearly, quarterly, or event-by-event basis. ECF No. 565-3 Decl. of Wm. Hunter Campbell ("Campbell Decl.") ¶¶ 3-4; *Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-3 ("Coker Decl.") ¶¶ 17-20.  As with the third category of information, Zuffa has submitted

---

[1] ECF Nos. 525, 527, 529, 541, 542, 552, 557, 565, 577, 589, 602, 609, 614, 623.

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

unrebutted evidence of the acute commercial sensitivity of this information.  Zuffa's Chief Legal Officer, Bellator's President, and Bellator's outside counsel all recognize the extreme competitive sensitivity of this financial information.  *Id.* ¶ 3; Coker Decl. ¶ 20; ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15 (describing event-level profit-and-loss statements for individual fights (or bouts) as "the most sensitive documents").  Further, as noted below, Plaintiffs at one point recognized and admitted the commercial sensitivity of this information but have now, without explanation, abandoned that view.

Courts, including this Court, ECF No. 495, 504, have found that compelling reasons exist to seal this type of competitively sensitive information.  *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6-7 (D. Nev. Apr. 29, 2011); *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806, at *1–2 (D. Nev. May 20, 2014) (Leen, J.); *Roadrunner*, 2018 WL 432654 at *3.  As the Federal Circuit, applying Ninth Circuit law, has recognized, compelling reasons exist to seal financial information such as "costs, sales, profits, and profit margin."  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224-25 (Fed. Cir. 2013); *Audionics Sys. Inc. v. AAMP of Fla., Inc.*, No. CV 12-10763 MMM (JEMx), 2014 WL 12586590, at *4-5 (C.D. Cal. Mar. 17, 2014).  Wage share—a compilation of information regarding Zuffa's "volume of business" and sales—is also properly sealed on this basis.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. University Books, Inc.,* 602 F.2d 859, 865 n.2 (9th Cir. 1979)).

***Second***, compelling reasons exist to seal Zuffa's trade secret business information and highly confidential business communications and strategy.  As with both categories above, Zuffa has provided unrebutted evidence of the commercial sensitivity of this information.  *E.g.* ECF No. 565-3, Campbell Decl. ¶¶ 5-7.  Courts, including the Ninth Circuit, have held that this type of information is properly sealed under the compelling reasons standard.  *See, e.g.*, *Elec. Arts*, 298 Fed. App'x at 569; *Selling Source*, 2011 WL 1630338, at *6-7; *Bartech Int'l, Inc.*, 2016 WL 2593920, at *3.  As the

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

Federal Circuit has explained in applying Ninth Circuit law, compelling reasons exist to seal information that competitors "could not obtain anywhere else," including information that could provide a competitor with a "competitive advantage" by permitting that company to be the first to "introduce products with new features." *Apple*, 727 F.3d at 1128.

**Third**, compelling reasons exist to seal information regarding Zuffa's contracts with MMA athletes,[2] including details of negotiations between Zuffa and MMA athletes, because this information is strictly confidential and release of that information would cause Zuffa significant competitive harm if released publicly.  Zuffa has provided and identified unrebutted evidence and sworn testimony in support of the propriety of sealing this information, including sworn declarations from Zuffa's Chief Legal Officer, a person with significant and substantial personal knowledge of how Zuffa treats this information and the competitive harm that would befall Zuffa if the information was disclosed publicly, Campbell Decl. ¶¶ 3, 4-6, 8, and a sworn declaration from the President of Bellator, one of Zuffa's competitors, and Bellator's outside counsel stating the same about Bellator's contracts, Coker Decl. ¶¶ 10-16 & ECF No. 438, June 1, 2017 Hearing Tr. 16:16-21.

In addition, courts, including this Court, have held that Zuffa's contracts with athletes are properly sealed under the compelling reasons standard.  ECF Nos. 495, 504; *Hunt v. Zuffa, LLC*, Case No. 2:17-cv-00085-JAD-CWH (D. Nev. Aug. 20, 2018), ECF No. 140 at 1-2.  These decisions accord with relevant Ninth Circuit law and the decisions of other district courts, all of which hold that trade secret information such as Zuffa's contracts and competitively sensitive information related to those contracts, are properly sealed under the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Selling Source, LLC v. Red River*

---

[2] Plaintiffs have agreed to keep individual athlete compensation information confidential unless the individual athlete agrees to disclosure.  They have also agreed to refrain from identifying specific athletes whose names are listed in documents or information regarding negotiations with Zuffa.  These are sensible compromises.  *See* ECF No. 589-1, Decl. of Ali Abdelaziz ¶¶ 4-5.  Third party athlete contract and negotiation information is properly filed under seal.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).  However, Plaintiffs have refused to keep *any* of Zuffa's trade secret information, including Zuffa's negotiating positions and trade secret strategies, under seal.  This is contrary to law.

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1   *Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29,

2   2011); *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577133, at *4

3   (C.D. Cal. Dec. 29, 2014) (citing cases) ("Courts routinely find that the risk of competitive harm

4   arising from the public disclosure of internal business documents constitutes a compelling reason

5   that justifies sealing"); *Stout v. Hartford Life & Acc. Ins. Co.*, No. CV 11-6186 CW, 2012 WL

6   6025770, at *2 (N.D. Cal. Dec. 4, 2012) (citations omitted); *Icon-IP*, 2015 WL 984121, at *3

7   (N.D. Cal. Mar. 4, 2015); *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No.

8   1:17-cv-01056-DAD-BAM, 2018 WL 432654, at *4 (E.D. Cal. Jan. 16, 2018).

9       **Fourth**, consistent with the Protective Order and the representations Zuffa has made to Court,

10   Zuffa believes that third party information containing third party trade secret and similar information

11   is properly filed under seal under the compelling reasons standard.

12   IV.   Underline: If Other MMA Competitors Do Not Seek To Seal Certain Protected Information, Zuffa
          Will Withdraw Its Requests To Seal The Same Types Of Information.

13

14       Zuffa believes that, consistent with the representations made by Bellator's President and

15   outside counsel, its financial information, including wage share, aggregate revenue, cost, and

16   related financial information, and its contracts with MMA athletes, including athlete

17   compensation numbers, are extremely competitively sensitive and that compelling reasons exist

18   to seal that information.  However, if Bellator and other MMA competitors do not object to the

19   public disclosure of that information, Zuffa will withdraw its requests to seal those materials.  As

20   a market participant, Zuffa is concerned that disclosing only Zuffa's alleged wage share, athlete

21   contract, athlete compensation and other information—while permitting the information of its

22   competitors to remain under seal—would put Zuffa at a competitive disadvantage.

23       Plaintiffs apparently argue that Zuffa's competitively sensitive information is entitled to

24   less protection than the identical, similarly competitively sensitive, information of other MMA

25   promoters merely because Zuffa is a defendant whereas the other promoters are not.  That is

26   contrary to Supreme Court and Ninth Circuit precedent.  *Nixon*, 435 U.S. at 598; *Elec. Arts*, 298

27   Fed. App'x 569.  *Nixon* plainly holds that the public's access to Court records is properly denied

28   where *inter alia* court files would serve "as sources of business information that might harm a

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

litigant's competitive standing," 435 U.S. at 598, and does not distinguish between parties and non-parties. The key inquiry is whether "business information," if revealed publicly, might harm "a litigant's competitive standing." *Id. Nixon* clearly contemplated that the competitively sensitive business information of parties—and by extension, non-parties—are properly sealed and kept from public disclosure. Zuffa has identified and provided ample evidence of the highly confidential nature of the information it seeks to file under seal and of the harm to its competitive standing that would occur if the information were disclosed publicly.

V. <u>Plaintiffs Repeatedly Chose Not To Oppose Zuffa's Sealing Motions And Now Make A Dilatory Attempt To Make An End Run Around A Process To Which They Agreed.</u>

During the course of this litigation, Plaintiffs have repeatedly chosen not to oppose Zuffa's motions to seal. Specifically, Plaintiffs chose not to oppose all but one of Zuffa's motions to seal the briefs associated with the *Daubert* and class certification briefing. Table B summarizes Plaintiffs' non-oppositions to that briefing.

Table B: Zuffa's Motions to Seal and Plaintiffs' Non-Oppositions

| Brief(s) | Zuffa's Motion to Seal | Plaintiffs' Non-Opposition |
|---|---|---|
| Motion to Certify Class (ECF No. 518) | ECF No. 527 | ECF No. 531 |
| Motions to Exclude Expert Testimony of Dr. Singer, Prof. Zimbalist, and Guy A. Davis (ECF Nos. 517, 522, 524) | ECF No. 525 | ECF No. 529 |
| Oppositions to Motions to Exclude Dr. Singer and Prof. Zimbalist (ECF Nos. 534, 535) | ECF No. 542 | ECF No. 544 |
| Opposition to Motion to Certify Class (ECF No. 540) | ECF No. 541 | ECF No. 543 |
| Replies in Support of Motions to Exclude Expert Testimony of Dr. Singer, Prof. Zimbalist, and Guy A. Davis (ECF Nos. 549, 522) | ECF No. 552 | ECF No. 553 |

The Court has granted Zuffa's unopposed motions to seal. ECF Nos. 533 & 625. This leaves only small portions of three exhibits—Exhibits 86, 87, and 88 to Plaintiffs' Reply in Support of Motion to Certify Class—that remain conditionally under seal. In their many non-oppositions, Plaintiffs consented to the sealing of a wide range of documents, including Zuffa and third-party financial information (including wage share), trade secret internal financial presentations and evaluations, negotiations with athletes, and other information. *See* ECF Nos. 525, 527, 541, 542, 552 (describing each document filed under seal).

8

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1    Plaintiffs previously stipulated and agreed to a process for seeking to seal filings and for

2    challenging confidentiality designations from Zuffa and from non-parties.  ECF No. 215, 217.

3    The Protective Order contains detailed provisions regarding when motions to seal must be filed

4    and how a party may challenge confidentiality designations it believes to be overbroad.  *Id.* ¶¶ 6

5    (detailing the procedure for challenging confidentiality designations) & 14.3 (setting the deadline

6    for filing motions to seal protected material at five days[3]).  Plaintiffs have not used the procedure

7    for challenging confidentiality designations at any time during this litigation.  Grigsby Decl. ¶ 9.

8    Zuffa is not aware of Plaintiffs using the procedure for challenging a non-party's confidentiality

9    designations.  *Id.* ¶ 10.  This Court should not permit Plaintiffs to evade the consequences of their

10   choices—strategic or otherwise—not to oppose Zuffa's motions to seal.

11   While Plaintiffs claim to have "reserved their right to challenge" any confidentiality

12   designations pursuant to Section 6 of the Protective order, *e.g.* ECF No. 529, they have not

13   initiated any challenges pursuant to that provision in the nearly eleven months since Zuffa filed its

14   motion to seal Plaintiffs' Motion for Class Certification.  Plaintiffs' belated attempts to unseal

15   exhibits they consented to file under seal and that the Court has ordered sealed should fail.

16   VI.    Plaintiffs Have Repeatedly Represented To This Court And Third Parties That They
           Would Protect Certain Information They Now Seek To Reveal Publicly.

17

18   Plaintiffs have repeatedly told this Court that they would not seek to make certain athlete

19   compensation, financial information, and other produced information public and, in particular,

20   that MMA competitors would not be allowed access to that information.  For example, at the June

21   1, 2017 hearing regarding a subpoena to Bellator, counsel for Plaintiffs told the Court regarding

22   Bellator's information:  "We're not looking to expose to the world what these fighters make. We

23   understand the importance of keeping that information confidential."  ECF No. 438, June 1, 2017

24   Hearing Tr. 24:8-10.  "And so business competitors and people like that are not going to see these

25   documents. Lawyers, lawyers are. That's how -- that's how this is going to work."  *Id.* at 27:16-

26   18.  In addition, Plaintiffs agreed to the following joint statement filed with the Court:

27

28   [3] Local Rule 7-2(b) governs the timing of responses to and replies in support of the motion to
     seal.

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> The Parties agree that allowing third parties to restrict access to documents containing their confidential or highly sensitive commercial or financial information or trade secrets to outside counsel makes sense. The third parties include other MMA promoters, fighter agents, venues, broadcasters, sponsors, and media outlets . . . .

ECF No. 213, Joint Status Report at 48.  Despite making these statements—which recognize the commercial sensitivity of athlete compensation, contracts, and other information and the "importance of keeping that information confidential"—Plaintiffs have repeatedly argued that this type of information should be made public in its entirety for Zuffa and even for the third parties whose information they previously pledged to this Court they would protect.

For example, in response to Zuffa's requests to seal Bellator's highly confidential revenue and financial information as properly designated Protected Material, Plaintiffs claimed—without evidence or justification—that this information was "not commercially sensitive" and should be unsealed merely because it is "relevant to Plaintiffs' claims."  ECF No. 604, Ex. 1 at 18, 40. Plaintiffs have repeatedly made similarly vague, boilerplate arguments in attempting to dispute that highly confidential information on athlete compensation should be sealed.  Once again, they claim that athlete compensation is not "commercially sensitive information," without confronting the reality that release of this type of information would not only cause Zuffa competitive harm but might also cause harm to individual fighters or be contrary to their desires for privacy.  ECF No. 604, Ex. 1 at 29; ECF No. 619, Ex. 1 at 3; *see also* ECF No. 589-1, Decl. of Ali Abdelaziz ¶¶ 4-5.  Plaintiffs' position that certain information allegedly "relevant to Plaintiffs' claims" must be made public in its entirety must be rejected.

## CONCLUSION

For the reasons above, Zuffa respectfully requests that the Court adopt its proposal for the treatment of Protected Material.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  January 9, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

     The undersigned hereby certifies that the foregoing Zuffa, LLC's Proposal Regarding the

3

Treatment of Protected Material for the Evidentiary Hearing on Class Certification was served on

4

January 9, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-

5

service list.

6

7

                      */s/ Brent K. Nakamura*

8

                    Brent K. Nakamura, an Employee of
                    Boies Schiller Flexner LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZUFFA PROP. RE TREAT. OF PROT. MATERIAL FOR EVID. HRG. ON CLASS CERT.