WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF STACEY K. GRIGSBY IN SUPPORT OF ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION** |

I, Stacey K. Grigsby, declare as follows:

1. I am a member in good standing of the bar of the District of Columbia and the bar of the State of New York. I am admitted *pro hac vice* to practice before this Court. I am a Partner in the law firm Boies Schiller Flexner LLP ("BSF"), counsel for Zuffa, LLC ("Zuffa") in the above captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

2. I make this declaration in support of Zuffa's Proposal Regarding the Treatment of Protected Material for the Evidentiary Hearing on Class Certification. Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

3. Counsel for Zuffa have met and conferred with counsel for Plaintiffs telephonically three times in an effort to reach an agreement about sealing parameters for the evidentiary hearing. Counsel for Zuffa met and conferred with counsel for Plaintiffs first on December 20, 2018, second on December 27, 2018, and third on January 4, 2019.

4. During the three meet and confer sessions, I asked counsel for Plaintiffs whether Plaintiffs would be amenable to agreeing to keep any material Zuffa designated as confidential under seal. Other than as listed below, Plaintiffs stated then—and have since maintained the position—that they did not believe any of Zuffa's material was properly filed under seal. As a result, I concluded that we were at an impasse.

5. After our three meet and confer sessions, on January 7, 2019, Plaintiffs told me that they were amenable to two sets of compromises regarding material that should be protected from public disclosure.

6. First, Plaintiffs agreed to keep confidential "information relating to the specifics of individual fighter's compensation" unless the athletes at issue have consented to disclosure.

7. Second, while claiming that "Zuffa's negotiating position with fighters is not confidential," Plaintiffs agreed that "[t]o the extent that any documents or information reference individual fighters, Plaintiffs would agree (absent specific consent from the fighter) to redact the

1

fighter(s)' name in open court, but otherwise do not agree to limit disclosure of this information."

8. In their January 7, 2019 communication, Plaintiffs stated that they believed that Zuffa's event level revenue information was not confidential, that they did "not believe that wage share information of any promoter should be confidential," and that "expert reports and testimony"—other than references to individual athlete compensation—are not confidential.

9. Plaintiffs have never attempted to begin any challenges to Zuffa's confidentiality designations as provided for in paragraph six of the Protective Order currently in force, ECF No. 217.

10. To the best of my knowledge and belief, Plaintiffs have not attempted to begin any challenges to a non-party's confidentiality designations as provided for in paragraph six of the Protective Order currently in force, ECF No. 217.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 9th day of January, 2019 in Washington, DC.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby