WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant.

Case No.: 2:15-cv-01045-RFB-(PAL)

**ZUFFA, LLC'S RESPONSIVE BRIEF REGARDING THE STANDARDS TO BE APPLIED FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION**

## TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. This Court Must Apply The *Daubert*-plus Persuasiveness Test Enunciated By The Ninth Circuit In *Ellis* And *Sali* Rather Than The Less Stringent Tests Plaintiffs Favor ........ 2

A. Plaintiffs' Proffered "Plausibility" Standard Is Poorly Defined and Contrary to Binding Ninth Circuit and Supreme Court Precedent ........ 3

B. Plaintiffs' Arguments Regarding What Dr. Singer Must Show for Class Certification Are Contrary to Law and Should Be Rejected ........ 5

II. Plaintiffs Mischaracterize The Holdings Of *Tyson* And *Amgen* ........ 6

III. The Court's Rulings On Class Certification Issues Will Not Bind A Later Jury ........ 8

i

ZUFFA RESPONSIVE BR. RE STANDARDS FOR EVID. HEARING ON CLASS CERT.

## TABLE OF AUTHORITIES

### CASES

*Al Ramahi v. Holder*
725 F.3d 1133 (9th Cir. 2013)........................................ 5

*Am. Ad. Mgmt. Inc. v. Gen. Tel. Co. of Cal.*
190 F.3d 1051 (9th Cir. 1990)........................................ 1

*Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc.*
108 F.3d 1147 (9th Cir. 1997)........................................ 1

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*
568 U.S. 455 (2013)........................................ 2, 6, 7

*Briseno v. ConAgra Foods, Inc.*
844 F.3d 1121 (9th Cir. 2017)........................................ 6

*Comcast Corp. v. Behrend*
569 U.S. 27 (2013)........................................ 2, 4, 6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*
809 F.3d 1092 (9th Cir. 2016)........................................ 5

*Ellis v. Costco Wholesale Corp.*
657 F.3d 970 (9th Cir. 2011)........................................ *passim*

*Evans v. Skolnik*
No. 3:08-cv-00353-RCJ-CBC, 2018 WL 5831213 (D. Nev. Nov. 7, 2018)........................................ 5

*Gariety v. Grant Thornton, LLP*
368 F.3d 356 (4th Cir. 2004)........................................ 9

*In re Blood Reagents Antitrust Litig.*
783 F.3d 183 (3d Cir. 2015)........................................ 6

*In re Cathode Ray Tube*
308 F.R.D. 606 (N.D. Cal. 2015)........................................ 4

*In re ConAgra Foods, Inc.*
90 F. Supp. 3d 919 (C.D. Cal. 2015)........................................ 5

*In re Graphics Processing Units Antitrust Litigation ("In re GPU")*
253 F.R.D. 478 (N.D. Cal. 2008)........................................ 3

*In re High-Tech Employee Antitrust Litig.*
289 F.R.D. 555 (N.D. Cal. 2013)........................................ 1, 4

*In re High-Tech Employee Antitrust Litig.*
985 F. Supp. 2d 1167 (N.D. Cal. 2013) .......... 3

*In re Hydrogen Peroxide Antitrust Litig.*
552 F.3d 305 (3d Cir. 2009) .......... 5

*In re Initial Public Offerings Sec. Litig.*
471 F.3d 24 (2d Cir. 2006) .......... 9

*In re Processed Egg Prods. Antitrust Litig.*
81 F. Supp. 3d 412 (E.D. Pa. 2015) .......... 5

*In re Rail Freight Fuel Surcharge Antitrust Litig.*
292 F. Supp. 3d 14 (D.D.C. 2017) .......... 5

*In re Rail Freight Fuel Surcharge Antitrust Litig.*
725 F.3d 244 (D.C. Cir. 2013) .......... 1

*In re Syngenta AG MIR 162 Corn Litig.*
No. 14-md-2591-JWL, 2016 WL 5371856 (D. Kan. Sept. 26, 2016) .......... 8

*Quiroga v. Chen*
735 F. Supp. 2d 1226 (D. Nev. 2010) .......... 5

*Sali v. Corona Regional Medical Center*
909 F.3d 996 (9th Cir. 2018) .......... 4, 5

*Tyson Foods, Inc. v. Bouaphakeo*
136 S. Ct. 1036 (2016) .......... *passim*

*Unger v. Amedisys Inc.*
401 F.3d 316 (5th Cir. 2005) .......... 9

*Wal-Mart Stores, Inc. v. Dukes*
564 U.S. 338 (2011) .......... 2, 6, 9

*Winnemucca Indian Colony v. U.S. ex rel. Dept. of the Interior*
837 F. Supp. 2d 1184 (D. Nev. 2011) .......... 5

*Zinser v. Accufix Research Inst., Inc.*
253 F.3d 1180 (9th Cir. 2001) .......... 1

*Zitan Tech. LLC v. Yu*
Case No. 3:18-cv-00395-RCJ-WGC, 2019 WL 95779 (D. Nev. Jan. 3, 2019) .......... 5

**RULES**

Federal Rule of Civil Procedure 23 .......... *passim*

**INTRODUCTION**

In its opening brief, Zuffa, LLC ("Zuffa") showed that binding Supreme Court and Ninth Circuit cases require this Court to conduct a "rigorous" review of the evidence Plaintiffs have proffered to meet their burden of proving each of the elements required by Federal Rule of Civil Procedure 23. ECF No. 634. Where the issue relates to a Rule 23 requirement, moreover, if there is a battle of the experts, the Court is to determine which side is more persuasive. In conducting that review, this Court must carefully evaluate that evidence to determine not just whether it meets minimal standards of admissibility, but whether it is sufficiently persuasive to meet that burden. And that is so even if it requires the Court to decide issues that also go to the merits.

By contrast, much of Plaintiffs' brief is devoted to rehashing class certification arguments that have already been briefed. ECF No. 633. For example, Plaintiffs argue again that courts routinely certify classes in antitrust litigation, though Plaintiffs still do not respond to the point that no court has ever granted class certification in a Section 2 coercion case or a monopsonization case like this one. Zuffa's Opposition to Plaintiff's Class Certification Motion, ECF No. 540 at 14. Similarly, Plaintiffs reiterate their argument that this Court can conclude that Rule 23(b)'s predominance requirement is satisfied by focusing solely on the issue of liability without regard to common impact but fail to address the binding law to the contrary cited in Zuffa's Opposition. *Id.* at 19-21. Plaintiffs ignore that antitrust injury is an element that must be established for antitrust liability. *Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc.*, 108 F.3d 1147, 1151 (9th Cir. 1997); *Am. Ad. Mgmt. Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1990); *In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 567 (N.D. Cal. 2013). As one court has explained, "Common questions of fact cannot predominate where there exists no reliable means of proving classwide injury in fact. When a case turns on individualized proof of injury, separate trials are in order." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252-53 (D.C. Cir. 2013) (internal citation omitted); *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266

(9th Cir. 2001) ("If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior'").

To the extent Plaintiffs have addressed the standards for analyzing Plaintiffs' proffered expert evidence, Plaintiffs' arguments can be distilled to essentially three arguments: ***First***, Plaintiffs argue that, in order to meet their burden under Rule 23, Plaintiffs need only introduce an expert opinion based on a "plausible methodology." ECF No. 633 at 2-3. There is no basis for this position and it is flatly refuted by Supreme Court and Ninth Circuit precedent cited in Zuffa's opening brief and summarized below. ***Second***, Plaintiffs argue that, under *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455 (2013), and *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016), Plaintiffs need only introduce admissible evidence from their experts to meet their burden on Rule 23. ECF No. 633 at 3. This argument is another way of phrasing Plaintiffs' first argument, which misstates the limited holding in *Tyson* and *Amgen* and once again ignores relevant precedent cited in Zuffa's opening brief and summarized below. ***Third***, Plaintiffs argue that this court cannot assess the merits of Plaintiffs' expert opinions because to do so would make findings that would have a preclusive effect. *Id.* at 9. Plaintiffs misstate the preclusive effect of the Court's ruling on class certification.

## ARGUMENT

### I. This Court Must Apply The *Daubert*-plus Persuasiveness Test Enunciated By The Ninth Circuit In *Ellis* And *Sali* Rather Than The Less Stringent Tests Plaintiffs Favor.

Plaintiffs wrongly urge the Court to evaluate their proffered expert evidence under a plausibility standard which cannot be squared with the mandates of the Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) and *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), and of the Ninth Circuit in *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011). Tellingly, Plaintiffs' papers *do not even mention Wal-Mart* or *Ellis* and they cite to *Comcast* only for basic, uncontroversial propositions of law without discussing its key holdings. Binding decisions of both the Supreme Court and the Ninth Circuit require that the Court evaluate Plaintiffs' expert testimony employing a standard that is based not on admissibility under *Daubert* but on rigorous analysis of its persuasiveness.

Plaintiffs also do not distinguish between issues left to the Court and issues that overlap with the issues submitted to the jury. For example, Plaintiffs must show that all or virtually all members of the class suffered antitrust injury, called common impact, an inquiry under Rule 23(b)(3). It is this Court that must determine whether Plaintiffs' experts have proven common impact. ECF No. 540 at 12. Plaintiffs assert without citation that they must prove three things at trial: (1) an "antitrust violation," (2) "classwide impact," and (3) "aggregate class damages." ECF No. 633 at 1. No citation is possible for this assertion because "classwide impact" must be proven with common evidence, is a separate requirement for predominance under Rule 23, and is not part of the antitrust violation and damages that would be required at trial. It is thus an issue for the Court, not the jury, to decide. Plaintiffs have cited no jury verdict form or instructions stating otherwise.

A. Plaintiffs' Proffered "Plausibility" Standard Is Poorly Defined and Contrary to Binding Ninth Circuit and Supreme Court Precedent.

Plaintiffs never clearly define what their "plausibility" standard entails, but even the district court cases that they wrongly contend have applied such a test make clear that the relevant test is not the same as or even "more lenient" than *Daubert*: in a battle of the experts over whether the standards of Rule 23 are met, the Court is to determine who is persuasive. For example, *In re High-Tech Employee Antitrust Litig.*, 985 F. Supp. 2d 1167 (N.D. Cal. 2013) ("*High Tech II*"), expressly stated:

> this Court must determine not only the admissibility of expert evidence that forms the basis of the methodology that demonstrates whether common questions predominate. *Rather, this Court must also determine whether that expert evidence is persuasive*, which may require this Court to resolve methodological disputes.

985 F. Supp. 2d at 1187 (citing *Ellis*, 657 F.3d at 982) (emphasis added). Contrary to Plaintiffs' contention that Judge Koh applied a "plausibility" standard, she actually declined to do so. Although she noted in discussing the requisite burden of proof in demonstrating antitrust impact that some pre-*Ellis* courts had applied such a standard, she also observed:

> as explained by Judge Alsup in *In re Graphics Processing Units Antitrust Litigation ("In re GPU")*, 253 F.R.D. 478 (N.D. Cal. 2008), even under a plausible methodology standard, "certification [should not be] automatic every time counsel dazzle the courtroom with graphs and tables." If the Court were to hold otherwise,

> "nearly all antitrust plaintiffs could survive certification without fully complying with Rule 23."

*In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. at 567. Even for damages issues which do go to the jury, Judge Koh also noted that in *Comcast* the Supreme Court "expressed concern that Rule 23(b)(3)'s predominance requirement would be 'reduce[d] … to a nullity' if courts declined to assess whether a plaintiff's proposed methodology for measuring and quantifying damages on a class-wide basis was 'speculative.'" *Id.* at 567 n.6 (citing *Comcast*, 569 U.S. 35-36 ("Under that logic, at the class certification stage *any* method of measurement [would be] acceptable so long as it [could] be applied classwide, no matter how arbitrary the measurements may be")). Then, rather than adopting a "plausible methodology" test, Judge Koh stated that "The Court believes that conducting a thorough review of Plaintiff's theory and methodology is consistent with the requirement that the Court conduct a 'rigorous analysis' to ensure that the predominance requirement is met." *Id.* at 567. Similarly, in *In re Cathode Ray Tube*, 308 F.R.D. 606 (N.D. Cal. 2015), the court called an expert's methodology "plausible," but did not adopt a mere plausibility analysis, and instead carefully examined that methodology. *Id.* at 629.

Plaintiffs' claim that the Ninth Circuit in *Sali v. Corona Regional Medical Center*, 909 F.3d 996 (9th Cir. 2018), adopted a more lenient "plausibility" standard that silently overruled the standards of *Ellis* is incorrect. To the contrary, the panel opinion in *Sali* reaffirmed that *Ellis*—which held that a bare finding of admissibility under *Daubert* is insufficient to carry the plaintiff's burden[1]—continues to govern and to require district courts to assess the persuasiveness of the proffered evidence:

> Indeed, in evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*. *Ellis*, 657 F.3d at 982. *But admissibility must not be dispositive.* Instead, an inquiry into the evidence's ultimate admissibility should go to the weight that evidence is given at the class certification stage. This approach accords with our prior guidance that a district court should analyze the "persuasiveness of the evidence presented" at the Rule 23 stage. *Id.*

[1] "However, the district court seems to have confused the *Daubert* standard it correctly applied to Costco's motions to strike with the 'rigorous analysis' standard" and "Instead of judging the persuasiveness of the evidence presented, the district court seemed to end its analysis of the plaintiffs' evidence after determining such evidence was merely admissible." *Ellis*, 657 F.3d at 982.

909 F.3d at 1006 (emphasis added). *Sali* and *Ellis* make clear that the test to be applied by this Court is not admissibility (or "more lenient plausibility"), but rather persuasiveness (of which admissibility is but a subordinate part).

If this Court were to conclude that *Sali* could not be thus harmonized with *Ellis*, it would be required to find that *Ellis* controls as it is well-settled that a later panel of the Ninth Circuit cannot—absent "intervening higher authority" that fatally undermines the prior precedent—depart from the law established by an earlier panel. *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 n.2 (9th Cir. 2013); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1106 (9th Cir. 2016) (Ikuta, J., dissenting) (citing *Al Ramahi* and noting the "most basic, fundamental principle" that prior panel decisions bind the Ninth Circuit absent intervening higher authority"); *Zitan Tech. LLC v. Yu*, Case No. 3:18-cv-00395-RCJ-WGC, 2019 WL 95779, at *2 (D. Nev. Jan. 3, 2019) ("To the extent [the later panel opinion's] interpretation of *Winter* is inconsistent with [the earlier panel's opinion], [the earlier panel] should control"); *Evans v. Skolnik*, No. 3:08-cv-00353-RCJ-CBC, 2018 WL 5831213, at *4 (D. Nev. Nov. 7, 2018) ("To the extent there were any inconsistency, the earlier case" would control); *Winnemucca Indian Colony v. U.S. ex rel. Dept. of the Interior*, 837 F. Supp. 2d 1184, 1189 (D. Nev. 2011) (same); *Quiroga v. Chen,* 735 F. Supp. 2d 1226, 1229 (D. Nev. 2010) (same).

B. Plaintiffs' Arguments Regarding What Dr. Singer Must Show for Class Certification Are Contrary to Law and Should Be Rejected.

Although the Court can take into account the fact that particular expert evidence is admissible under *Daubert*, courts have held that "opinion testimony should not be uncritically accepted as establishing a Rule 23 requirement merely because the court holds the testimony should not be excluded, under *Daubert* or for any other reason." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 323 (3d Cir. 2009) (citation omitted). A conclusion that an expert's testimony is admissible under *Daubert* therefore "does not preclude the Court from denying class certification." *In re Processed Egg Prods. Antitrust Litig.*, 81 F. Supp. 3d 412, 417 (E.D. Pa. 2015); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 43 (D.D.C. 2017); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 946 (C.D. Cal. 2015)

("Admissibility [under *Daubert*] turns on whether [an expert's] methodology is sufficiently reliable; whether it satisfies *Comcast* and shows that a class should be certified is another question altogether"), *aff'd sub nom. Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017). On the other hand, it is difficult to see any circumstance in which expert testimony that fails *Daubert*'s test of reliability could be sufficiently persuasive to carry a plaintiff's burden. *E.g., In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) ("Expert testimony that is insufficiently reliable to satisfy the *Daubert* standard cannot 'prove' that the Rule 23(a) prerequisites have been met 'in fact,' nor can it establish 'through evidentiary proof' that Rule 23(b) is satisfied").

In short, contrary to Plaintiffs' arguments, the standard that this Court must apply remains the demanding persuasiveness test of *Wal-Mart, Comcast,* and *Ellis* and not either of the tests—mere admissibility or plausibility—for which Plaintiffs argue.

## II. Plaintiffs Mischaracterize The Holdings Of *Tyson* And *Amgen*.

Plaintiffs' brief wrongly contends that *Tyson* and *Amgen* stand for the proposition that a plaintiff's mere presentation of admissible evidence going to classwide impact necessarily satisfies the Rule 23 standard. ECF No. 633 at 3. Section II of Zuffa's opening brief showed that this is not so. ECF No. 634 at 4-9. Plaintiffs also fail to explain how admissibility could be the standard because classwide impact is an issue under Rule 23 for the Court to decide, and is not one later considered by the jury.

In both *Comcast* and *Wal-Mart*, the Supreme Court held that concededly admissible expert evidence was not sufficient to carry the plaintiffs' burden under Rule 23, and *Tyson* did not reverse their holdings. *Comcast*, 569 U.S. at 35-36; *Wal-Mart*, 564 U.S. at 356-57. Rather, *Tyson* considered whether the Court should announce a "broad rule against the use in class actions" of representative statistical evidence. 136 S. Ct. at 1046. The Court declined and stated a narrow rule permitting a representative statistical sample to fill in an evidentiary gap where individual plaintiffs would necessarily present the same evidence as the class. *Id.* at 1048; ECF No. 634 at 7-9. The Court distinguished the representative sample in *Tyson* (used to establish the average time for putting on work clothes) from the statistical evidence in *Wal-Mart*

which was being used to establish a common policy of discrimination (or a common mode of discretion) and could not have been used in an individual case to do so.  136 S. Ct. at 1047-48.  The Court concluded:

> The Court reiterates that, while petitioner, respondents, or their respective *amici* may urge adoption of broad and categorical rules governing the use of representative and statistical evidence in class actions, this case provides no occasion to do so. Whether a representative sample may be used to establish classwide liability will depend on the purpose for which the sample is being introduced and on the underlying cause of action. In FLSA actions, inferring the hours an employee has worked from a study such as Mericle's has been permitted by the Court so long as the study is otherwise admissible.

*Amgen* likewise does not stand for the proposition that because Plaintiffs' argument for class certification rests solely on their expert's evidence, the antitrust injury allegedly suffered by each member of the putative class necessarily rises and falls on this methodology and that arguments challenging this methodology have no bearing on class certification.

***First,*** the argument misstates the holding in *Amgen*.  In that case, the Court held that plaintiffs need not prove materiality before a district court could certify a securities-fraud class action because materiality is an objective issue, not one that turns on the particular plaintiff, and therefore the relevant evidence is *necessarily the same for all class members*.  568 U.S. at 467.  Put differently, there could be no individualized evidence going to the issue and, therefore, "there is no risk whatever that a failure of proof on the common question of materiality will result in individual questions predominating"; the claims of all class members would simply fail, together.  *Id.* at 467-68.  This case is unlike either *Amgen* or *Tyson*.  Section IV of Zuffa's Class Certification Opposition shows that this is instead a case in which Zuffa can and will present individualized evidence relating to the differing facts and circumstances of each member of the putative class. ECF 540 at 24-35. While it is true that Dr. Singer's methodology fails for reasons that are globally applicable, Plaintiffs ignore the fact that, as shown at pages 27-28 of Zuffa's Class Certification Opposition (ECF No. 540), Dr. Singer's methodology fails for the additional reason that it does not take into account the differences in market conditions facing each member of the putative class—the analysis of which will necessitate mini-trials for

each class member.

***Second,*** Plaintiffs' position completely ignores the Supreme Court's repeated command (echoed by the Ninth Circuit) that trial courts must subject such expert testimony to "rigorous" examination and reject it if they deem it inadequately persuasive. This Court is not required to accept a fatally flawed expert opinion in determining issues reserved to the Court under Rule 23 merely because such testimony would be fatally flawed for reasons that apply equally to all members of the putative class.

Plaintiffs' citation of *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2016 WL 5371856, at *7 (D. Kan. Sept. 26, 2016), is similarly inapt. First, as was the case in *Tyson*, no *Daubert* challenge was raised, and the Court assumed the admissibility of expert evidence. *Id.* Second, there were no individualized defenses based on differing circumstances of putative class members at issue in that case.[2] *Id.* at *8-9. Rather, the case turned on whether Syngenta's identical written representations to all putative class members were false and misleading, and all other elements, including the applicable duty of care, were subject to class-wide proof. *Id.* at *4-5.

### III. The Court's Rulings On Class Certification Issues Will Not Bind A Later Jury.

Plaintiffs suggest that, if this Court makes findings in the course of class certification proceedings, they would constitute the law of the case. Plaintiffs are wrong. None of the cases that Plaintiffs cite stand for that proposition. None even involved a class action. By contrast, Zuffa's opening brief cited a sampling of cases that directly address this issue and hold that such decisions have no preclusive effect. ECF No. 634 at 7. As the Fourth Circuit has written:

> The district court's concern that Rule 23 findings might prejudice later process on the merits need not lead to the conclusion that such findings cannot be made. The jury or factfinder can be given free hand to find all of the facts required to render a verdict on the merits, and if its finding on any fact differs from a finding made in connection with class action certification, the ultimate factfinder's finding on the merits will govern the judgment. A model for this process can be observed in the context of the preliminary injunction practice. Courts make factual findings in determining whether a preliminary injunction should issue, but those findings do

[2] Unlike this case, *Syngenta* involved "a baseline set by a centralized commodities exchange and not a baseline set by a more informal market." *Id.* at *9.

> not bind the jury adjudging the merits, and the jury's findings on the merits govern the judgment to be entered in the case.

*Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004) (citation omitted). The Second Circuit agrees that "the determination as to a Rule 23 requirement is made only for purposes of class certification and is not binding on the trier of facts, even if that trier is the class certification judge." *In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (citing *Gariety*, 368 F.3d at 366); *see id.* at 39 ("A trial judge's finding on a merits issue *for purposes of a Rule 23 requirement* no more binds the court to rule for the plaintiff on the ultimate merits of that issue than does a finding that the plaintiff has shown a probability of success for purposes of a preliminary injunction"). So does the Fifth Circuit. *Unger v. Amedisys Inc.*, 401 F.3d 316, 323 (5th Cir. 2005) ("the court's determination for class certification purposes may be revised (or wholly rejected) by the ultimate factfinder"). Furthermore, Plaintiffs ignore clear guidance from the Supreme Court that an issue plaintiffs have proven at the class certification stage nonetheless is an "issue they will surely have to prove *again* at trial in order to make out their case on the merits." *Wal-Mart*, 564 U.S. at 351 n.6 (emphasis added).

Finally, in their opening brief, Plaintiffs include a list of generic "Proposed Findings" that incorporate their incorrect (and ill-defined) interpretation of plausibility and other misstatements of the Rule 23 standards. ECF No. 633 at 10. Zuffa disagrees that the Court should make any of these findings as they are at odds with the binding law of the Supreme Court and Ninth Circuit and, as Zuffa has explained at length in its Class Certification, *Daubert*, and Summary Judgment briefing—and will further demonstrate at the upcoming evidentiary hearings—Plaintiffs and their experts provide no basis for making these findings.

Dated: January 23, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ William A. Isaacson*
William A. Isaacson

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Responsive Brief Regarding the Standards to be Applied for the Evidentiary Hearing on Class Certification was served on January 23, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Brent K. Nakamura*

Brent K. Nakamura, an Employee of
Boies Schiller Flexner LLP