WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S RESPONSIVE BRIEF REGARDING PLAINTIFFS' STATEMENT REGARDING USE OF CONFIDENTIAL MATERIALS AT THE COURT-ORDERED EVIDENTIARY HEARING (ECF NO. 628)** |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    Zuffa Seeks Only Narrow And Reasonable Protections For Confidential And Competitively Sensitive Information; Zuffa Is Not Requesting To Seal The Courtroom ............................................................................................... 1

    II.    Zuffa's Negotiating Positions, Trade Secret Business Strategy Information, and Confidential Business Communications Are Properly Sealed ............................................................................................................................. 3

    III.    Plaintiffs' Own Admission And Relevant Evidence Shows That The Documents From 2004 Forward Are Not "Too Old" To Be Filed Under Seal .................................................................................................................................. 4

    IV.    Zuffa's Financial Information, Including Revenue, Wage Share, Cost, And Other Information At The Event-Level And In The Aggregate Is Properly Filed Under Seal ................................................................................................. 5

    V.    Zuffa Does Not Seek to Seal Expert Reports In Their Entirety And Proposes Only Limited Redactions For The Types Of Information Listed In Zuffa's Opening Proposal ............................................................................... 9

    VI.    Plaintiffs' Prior Promises To Protect Third Party Information And Failure To Oppose Zuffa's Sealing Motions Should Foreclosure Their Inconsistent And Dilatory Arguments ............................................................................ 9

CONCLUSION ............................................................................................................................. 10

i

ZUFFA RESP. BR. RE PLS.' STMT. RE USE OF CONF. MATERIALS AT EVID. HRG.

# TABLE OF AUTHORITIES

## CASES

*Apple Inc. v. Samsung Electronics Co., Ltd.*
  727 F.3d 1214 (Fed. Cir. 2013) ................................................................................ 6, 7, 8

*Audionics Sys. Inc. v. AAMP of Fla., Inc.*
  2014 WL 12586590 (C.D. Cal. Mar. 17, 2014) ................................................................ 5

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
  No. C-01-21151 JW (PVT), 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ........................ 8

*Facebook, Inc. v. ConnectU, Inc.*
  No. 07-cv-01389-JW (N.D. Cal. July 2, 2008) ................................................................. 3

*In re Electronic Arts, Inc.*
  298 F. App'x 568 (9th Cir. 2008) .......................................................................... 6, 7, 8

*In re MyFordTouch Consumer Litig.*
  2018 WL 1027391 (N.D. Cal. Feb. 2, 2018) .................................................................... 5

*Kamakana v. City & Cty. Of Honolulu*
  447 F.3d 1172 (9th Cir. 2006) ....................................................................................... 5, 7

*Nixon v. Warner Commc'ns*
  435 U.S. 589 (1978) ................................................................................................ 5, 6, 7

*Oregonian Publishing Co. v. United States District Court for the District of Oregon*
  920 F.2d 1462 (9th Cir. 1990) ........................................................................................... 2

*Phoenix Newspapers, Inc. v. United States District Court for the District of Arizona*
  156 F.3d 940 (9th Cir. 1990) ............................................................................................ 2

*Walker v. Univ. Books, Inc.*
  602 F.2d 859 (9th Cir. 1979) ............................................................................................ 8

**INTRODUCTION**

In its opening brief regarding the treatment of Protected Material, Zuffa, LLC ("Zuffa") put forth a limited set of proposed procedures that would permit Zuffa and Plaintiffs (together, the "Parties") to effectively present their cases and provide the public with a full and fair airing of certain key issues in this matter.  To be clear, Zuffa has no intention of publicly disclosing information Plaintiffs or a third party designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Zuffa plans only to disclose certain of its own information designated "CONFIDENTIAL" that—in order to narrowly tailor its sealing requests—does not meet the "compelling reasons" standard for sealing.  Zuffa proposed this procedure because Plaintiffs indicated that they may reveal protected information in open court during the upcoming evidentiary hearings on their motion for class certification.  Zuffa's proposal strikes the appropriate balance—in line with binding Supreme Court and Ninth Circuit precedent—between the protection of competitively sensitive information and the public's right to access to judicial records.  By contrast, Plaintiffs believe that almost nothing should be protected regardless of the evidentiary support Zuffa and one of its largest competitors have provided demonstrating the significant commercial sensitivity of certain information.  Plaintiffs' proposal is contrary to law, unsupported by any facts, and should be rejected.  For the reasons below and in Zuffa's opening brief, the Court should grant Zuffa's proposal.

**ARGUMENT**

I.  <u>Zuffa Seeks Only Narrow And Reasonable Protections For Confidential And Competitively Sensitive Information; Zuffa Is Not Requesting To Seal The Courtroom.</u>

Zuffa does not seek to close the courtroom during the evidentiary hearings.  To the contrary, Zuffa has proposed a narrow and limited set of procedures that will allow the Parties to question witnesses, present their cases, and summarize their arguments for the Court subject only to two minimal limitations.  Zuffa's Prop. Regarding the Treatment of Prot. Mat. for the Evid. Hrg. on Class Cert. ("Prop.") ECF No. 632 at 1-2.  *First*, Zuffa proposed that the parties use hard copy materials viewable only to the Court and the Parties.  *Id*.  The Parties may include any material they wish—specific financial features, quotes and document excerpts, and other

information—on the hard copy materials.  *Second*, Zuffa proposed that the Parties use general descriptions such as "higher," "lower," and similar terms to describe information that would be properly filed under seal, such as exact revenue, wage share, and other information.  *Id.*  While Plaintiffs claim that this briefing is premature, Plaintiffs' Statement Regarding the Use of Conf. Mat. at the Court-Ordered Evid. Hrg., ("Pls.' Stmt.") ECF No. 631 at 1, Zuffa believes that the Court should have the benefit of full briefing on the legal standards applicable to each category of material Zuffa believes should be filed under seal.  Zuffa's proposal contemplates that the Parties will meet and confer regarding specific exhibits from each party's exhibit list.  Prop. at 2.

As Zuffa explained in its opening brief, the "good cause" standard applies to the upcoming evidentiary hearings regarding class certification.  Prop. at 2-3.  Rather than discussing the appropriate Ninth Circuit sealing standard and how that standard applies to the upcoming evidentiary hearings, Plaintiffs cite instead to *Phoenix Newspapers, Inc. v. United States District Court for the District of Arizona*, 156 F.3d 940 (9th Cir. 1990), Pls. Stmt. at 2.  *Phoenix* is inapposite.  *Phoenix* involved the consideration of sealing the courtroom in its entirety in a *criminal*, not civil, trial.[1]  156 F.3d at 943.  The *Phoenix* district court's justification for closing a portion of the trial in the middle of jury deliberations involved alleged threats against jurors.  *Id.*  Unlike this civil case, which involves a private defendant that zealously guards its private information in line with the standards of the industry and the practices of its competitors, Prop. at 4-6 (citing statements from Bellator's counsel and sworn declarations), *Phoenix* involved a public figure, the sitting Governor of Arizona.  *Id.*  Finally, among other differences from this case, the Ninth Circuit considered whether public access could "serve as a curb on prosecutorial or judicial misconduct or would further the public's interest in understanding the criminal justice system." *Id.* at 948 (citation and quotation marks omitted).

---

[1] The other Ninth Circuit case cited by Plaintiffs, *Oregonian Publishing Co. v. United States District Court for the District of Oregon*, 920 F.2d 1462 (9th Cir. 1990), Pls.' Stmt. at 2-3, also involved a criminal case and "a writ of mandamus to obtain access to various documents relating to a plea agreement filed under seal in the district court."  *Id.* at 1463.

The only civil case Plaintiffs discuss in their Legal Standard section is *Facebook, Inc. v. ConnectU, Inc.*, No. 07-cv-01389-JW (N.D. Cal. July 2, 2008), ECF No. 473. Pls.' Stmt. at 3. *Facebook* involved a motion to intervene and unseal a transcript of a hearing, sealed in its entirety, to enforce a settlement agreement. *Facebook*, slip. op. at 1. *Facebook* supports Zuffa's position, not Plaintiffs'. Rather than order that the hearing transcript be released publicly in its entirety, the *Facebook* court, applying the "compelling reasons" standard, ordered that a *redacted* version of the hearing transcript be filed publicly with redactions made for statements "traditionally kept secret" and those portions of the transcript that "would invite public scrutiny regarding the parties' motivation to settle or their characterization of the settlement process beyond what" was reflected in an earlier order. *Id.* at 8-9.

II.  **Zuffa's Negotiating Positions, Trade Secret Business Strategy Information, and Confidential Business Communications Are Properly Sealed.**

In its opening brief, Zuffa cited to case law supporting the proposition that its negotiating positions, trade secret business strategy information, and confidential business information, and related information is properly filed under seal. Prop. at 5-6. By contrast, rather than citing to any case law or providing any detailed argument about why—contrary to unrebutted evidence of the competitive harm that would result from public release of this information such as sworn testimony and statements to this Court from Zuffa's Chief Legal Officer, Bellator's President, and Bellator's outside counsel, *id.*—Plaintiffs resort instead to generalized unsupported statements regarding Zuffa's purported inability to demonstrate a "competitive interest in maintaining the secrecy of this information" and go on to repeat their allegations from their Motion for Class Certification. Pls.' Stmt. at 4.

Plaintiffs' unsupported assertions and speculation regarding whether this information is competitively sensitive are fatally undercut by unrebutted evidence from Zuffa and one of its largest competitors. Despite repeated long briefing over several motions to seal and having been aware of the declaration of Bellator's President since February 18, 2017, *Le v. Zuffa*, 17-cv-849-RFB-PAL, ECF No. 1-3 ("Coker Decl."), statements by Bellator's counsel since June 1, 2017, ECF No. 438, June 1, 2017 Hearing Tr., and the declaration of Zuffa's Chief Legal Officer since

1  June 26, 2018, ECF no. 565-3, Plaintiffs have still failed to bring forth any contrary evidence or
2  testimony.  For the reasons in Zuffa's opening brief, this type of information is properly filed
3  under seal under the "compelling reasons" standard.

4  III.    <u>Plaintiffs' Own Admission And Relevant Evidence Shows That The Documents From 2004 Forward Are Not "Too Old" To Be Filed Under Seal.</u>

Plaintiffs' argument that Zuffa seeks to seal information that is "too old" to be competitively sensitive is unprincipled, unworkable, and contrary to the competitive realities of the MMA marketplace.  In arguing that certain of Zuffa's negotiating positions, trade secret business strategy information, confidential business information, and related information is "too old" to be properly under seal, Plaintiffs claim that because "most of these documents are several years old," Pls.' Stmt. at 4—without providing any definition or case law indicating what "several years" means—they cannot be sealed.  In addition, in claiming that certain of Zuffa's financial information from 2004 through 2016 is "too old" to deserve protection, Plaintiffs cite no case law or market facts in support of their claim.  By contrast, Plaintiffs' own admissions, evidence and testimony from MMA marketplace participants, and relevant case law all show that the information Zuffa seeks to file under seal is not "too old" to warrant protection from public disclosure.

Plaintiffs' own discovery requests treat documents from January 1, 2006 to the present as relevant.  This case is about market facts, competitors, and competition.  For example, Plaintiffs issued a subpoena to Bellator requesting documents from January 1, 2006 to the present in addition to documents from before that time period containing information relevant to 2006 to the present. No. 17-cv-849-RFB-PAL, ECF No. 1-1 at 81 (Ex. B at 11).  At the hearing before this Court on the subpoena, Bellator's counsel characterized the information requested in the subpoena—including negotiations, athlete contracting and strategy, financial information, and other highly sensitive information—as competitively sensitive information, disclosure of which would cause Bellator significant competitive harm.  *E.g.*, ECF No. 438, June 1, 2017 Hearing Tr. 39:11-15.  That one of Zuffa's largest competitors believes that this information, which is several

years old, remains competitively sensitive has significant probative weight. Notably, this view (and Zuffa's similar view) remains uncontested.

Plaintiffs' unprincipled view of whether information is "too old" to be filed under seal is at odds with sealing orders in this case and with the relevant case law. This Court has already found compelling reasons to seal a promotional agreement from 2004. ECF No. 495 (sealing Ex. D). Many of the terms of Zuffa's contracts have remained the same or similar for years, and Plaintiffs fail to provide a coherent method of determining when trade secret or commercially sensitive information becomes "too old to hold any value."

The documents Zuffa seeks to file under seal are not "too old" to deserve protection from public disclosure under the "compelling reasons" standard on the basis that they remain competitively sensitive. *See, e.g.*, *In re MyFordTouch Consumer Litig.*, 2018 WL 1027391, at *2 (N.D. Cal. Feb. 2, 2018) ("Even if the information pertains to vehicles sold more than five years ago, the Court has no reason to believe that pricing methods or the information considered pertinent to pricing strategies has since changed"); *Audionics Sys. Inc. v. AAMP of Fla., Inc.*, 2014 WL 12586590, at *4-5 (C.D. Cal. Mar. 17, 2014) (finding that financial information regarding sales volume, revenue, and market share as old as seven years old was properly filed under seal under the "compelling reasons" standard). Plaintiffs' undefined argument is at odds with the market and competitive facts of the MMA marketplace, this Court's prior orders, and with the relevant case law. It should be rejected.

IV.  **Zuffa's Financial Information, Including Revenue, Wage Share, Cost, And Other Information At The Event-Level And In The Aggregate Is Properly Filed Under Seal.**

The Supreme Court and Ninth Circuit have been clear: "Compelling reasons" that justify sealing documents include preventing disclosure of "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (citations omitted). This includes preventing the release of "trade secrets." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon*, 435 U.S. at 598). Certain "confidential and commercially sensitive information," including licensing agreements containing "pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling

reasons" standard and are properly filed under seal. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("*Elec. Arts*"). Many district courts have found that the type of financial information Zuffa seeks to file under seal meets the "compelling reasons" standard. Prop. at 5.

In its opening brief, Zuffa identified a significant amount of uncontroverted evidence—from Zuffa's Chief Legal Officer and from the President and outside counsel of Bellator—about the significant competitive sensitivity of Zuffa's financial information as well as the significant competitive sensitivity of Bellator's similar financial information. Prop. at 4-5. The declarations and statements from counsel in those documents *all* strongly support a finding that Zuffa's financial documents are proprietary and competitively sensitive such that "compelling reasons" exist—they certainly do for Bellator, a large competitor of the UFC—and that they are properly filed under seal.

The *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214 (Fed. Cir. 2013) case is instructive. In *Apple*, the Federal Circuit, applying Ninth Circuit law, took up an interlocutory appeal and found that the district court had abused its discretion in refusing to seal confidential information of the same type and competitive sensitivity as the financial information Zuffa seeks to seal here. 727 F.3d at 1217, 1219-20. In its analysis, the Federal Circuit evaluated *inter alia* whether "the release of the documents will cause competitive harm to a business." *Id.* at 1221 (citing *Nixon*, 435 U.S. at 598). The Federal Circuit "reviewed all of the district court's orders under the more restrictive 'compelling reasons' standard" and concluded "that even under that standard the district court erred in refusing to seal the documents at issue on appeal." *Id.* at 1223.

As in this case, the *Apple* parties sought to "redact limited portions of the documents containing detailed product-specific financial information, including costs, sales, profits, and profit margins." *Id.* (citations omitted). As in this case, the information at issue on appeal belonged to fierce competitors who provided sworn declarations explaining the measures the companies took to keep their financial information confidential and "described the harm they would suffer" if their financial information were made public "and therefore available to their competitors and suppliers." *Id.* at 1223-24. The consequences described in those declarations—*e.g.*, suppliers obtaining higher prices during negotiations by using Apple profit and cost

information, competitors using Samsung's financial information to undercut Samsung's pricing and gain leverage against Samsung in business and supply agreement negotiations, *id.*—are similar to those that would be experienced by Zuffa if its financial information, including wage share, were released publicly as described in the declarations identified above.[2] The Federal Circuit concluded that the litany of competitive harms described in the *Apple* parties' declarations were cognizable and that Apple and Samsung had an interest in keeping their detailed financial information secret. *Id.* at 1225 (citing *Nixon*, 435 U.S. at 598; *Kamakana*, 447 F.3d at 1178-79). As in this case, the *Apple* case generated "an extraordinary amount of attention from the public and media." *Id.* at 1217. The Federal Circuit explained that, despite the high level of public interest, "it does not necessarily follow that the public has a legally cognizable interest in every document filed." *Id.* at 1226; *see also Nixon*, 435 U.S. at 609 (the news media has "no right to information about a trial superior to that of the general public"). Circuit court guidance in the *Apple v. Samsung* case—applying Ninth Circuit law—is persuasive and extends to the treatment of to Zuffa's financial information, which is properly filed under seal.

Finally, regarding wage share, Plaintiffs cobble together several speculative statements—devoid of citations to case law, declarations, or any other support—and conclude that wage share should not be filed under seal. Pls.' Stmt. at 5-6. Plaintiffs' claims are contrary to law and fact. Zuffa has provided ample unrebutted evidence, in the form of sworn declarations of the significant competitive harm it would suffer if its wage share information were disclosed publicly. Prop. at 4-7.

In addition, Plaintiffs take an impermissibly narrow view at odds with relevant circuit precedent of wage share as somehow outside the Ninth Circuit's definition of a "trade secret." As *Apple* and *Electronic Arts* make clear, compelling reasons exist to seal pricing terms, product-

---

[2] While the broad categories of financial information at issue in *Apple*—cost, sales, profits, and profit margin information—are the same as Zuffa seeks to seal here, it is important to also note that the Federal Circuit's more detailed findings regarding specific harm vis-à-vis suppliers is analogous to the harm that would befall Zuffa (and Bellator) if event-level financial information were released publicly. If this happened, Zuffa's suppliers would be able to gain significant and unjustified competitive advantages in negotiations with Zuffa.

specific information (similar to revenue and athlete compensation[3]), profit margin, costs, sales, and profits.  *Apple*, 727 F.3d at 1223; *Elec. Arts*, 298 F. App'x at 569.  Wage share is a formula based on those competitively sensitive—and confidential—financial figures.  It does not lose protection or its status as a trade secret—a trade secret that competitors could use, for example, to adjust their business strategy goals to reorient their athlete compensation relative to revenue to copy Zuffa's success and cause Zuffa competitive harm—merely because it is a compilation of information the component parts of which are properly filed under seal.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 902568 at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. Univ. Books, Inc.*, 602 F.2d 859, 865 n.2 (9th Cir. 1979)).

Zuffa proposes a simple and straightforward approach to permit the Parties to make their arguments regarding wage share:  The Parties should use generalized terms like "higher" or "lower" while still providing the Court, opposing counsel, and witnesses with the exact numbers at issue in the form of hard copy materials.  In their statement, Plaintiffs argue implicitly that the public needs to know exact wage share figures—of Zuffa and all other MMA promoters—to understand this case.  Pls.' Stmt. at 6.  But as noted above, the public already has a significant understanding of the case and will still, under Zuffa's proposed guidelines, be able to continue to understand and make detailed commentary on the claims.  Finally, Plaintiffs' vague claim that exact wage share must be disclosed publicly stands at odds with their own experts' methodologies.  For example, Professor Zimbalist's yardstick method purports to compare Zuffa's wage share to the average wage share of the NFL, MLB, NBA, NHL, and boxing combined, and he concludes that putative class members must have been damaged merely because Zuffa's wage share differs from this average of other sports.  Zuffa Mot. to Excl. the Testimony of Dr. Andrew Zimbalist, ECF No. 522 at 2.  Indeed, the particular wage share of any sport does not matter to Prof. Zimbalist—all that matters is that one number is higher and the other lower.  *Id.* at 10-15.  Plaintiffs have failed to demonstrate that the exact wage share figures

---

[3] Other example of competitively sensitive financial ratios include, for example, the amount of money Zuffa spends on its event production expenses, promotional costs, and other categories of expenses relative to revenue.

for all MMA promoters should be available to the public when considering the significant countervailing competitive sensitivities of that information for all MMA promoters, including Zuffa.

V.  Zuffa Does Not Seek to Seal Expert Reports In Their Entirety And Proposes Only Limited Redactions For The Types Of Information Listed In Zuffa's Opening Proposal.

Zuffa met and conferred with Plaintiffs' counsel several times prior to the filing of the Parties' opening briefs. ECF No. 632-1 ¶ 3. Zuffa did not suggest closing the hearing to the public. Zuffa's opening proposal identifies specific categories of information that Zuffa believes should be filed under seal. Prop. 1-2. Outside of those categories, Zuffa believes that information, including those contained in expert reports other than in those categories, should be disclosed publicly at the hearings. For the reasons above, Zuffa believes that the limited categories of information listed in its opening brief are properly filed under seal.

VI.  Plaintiffs' Prior Promises To Protect Third Party Information And Failure To Oppose Zuffa's Sealing Motions Should Foreclosure Their Inconsistent And Dilatory Arguments.

As explained above, the categories of competitively sensitive documents Zuffa seeks to file under seal are properly protected from public disclosure because that is what binding Supreme Court and Ninth Circuit precedent requires. While it is relevant to the Court's consideration that prior documents have been filed under seal, the sole legal inquiry is whether the information Zuffa seeks to protect from public disclosure meets the applicable standard for sealing. The Parties will be able to make their arguments and present their cases fully while following narrow guidelines restricting the disclosure of certain limited types of information.

Plaintiffs claim that they "have consistently reserved their right to challenge Zuffa's confidentiality designations." Pls.' Stmt. at 9. But, the Protective Order does not have any provisions for parties to attempt to rewrite (or write for the first time) their oppositions to motions to seal well past the applicable deadlines at their convenience. Plaintiffs' first non-opposition to the class certification briefing was filed on March 7, 2018. ECF No. 531. As it is almost one year later, Plaintiffs should not be allowed to revisit the strategic choice they made not to oppose Zuffa's motion and to benefit from their delay. Plaintiffs' decisions not to oppose Zuffa's

motions to seal should preclude them from opposing Zuffa's requests to seal the documents they previously agreed should be sealed. Prop. at 8-9. Zuffa has identified several instances in which Plaintiffs told this Court that they would protect the confidential financial and trade secret information of third parties, including Bellator. *Id.* at 9-10. Indeed, Magistrate Judge Leen noted the competitive sensitivity of the categories of information produced by Bellator—which are many of the same categories of information Zuffa seeks to seal:

> I also don't have an issue with respect to whether Bellator has met its burden of showing that the documents that are in dispute in this motion to quash and the plaintiffs' countervailing motion to compel are sensitive financial and commercial information; to which you are ordinarily entitled to protection; and that of course one of the parties that seeks this information is a competitor. The law's pretty clear the burden then shifts to the party seeking the information to show substantial need.

June 1, 2017 Hrg. Tr. 6:20-7:3. Plaintiffs were able to obtain discovery of third party information from Bellator and other MMA promoters by promising to safeguard their competitively sensitive information.[4] Now, they seek to renege on promises made to third parties and to the Court. The Court should not allow this last-minute gamesmanship, particularly where the competitive sensitives of third parties are involved.

Zuffa agrees that to the extent the parties have remaining disputes regarding whether documents should be sealed after the exchange of exhibit lists, those disputes should be resolved through an expedited briefing process. However, in that or any future briefing and argument on sealing documents, Plaintiffs should be foreclosed from making arguments inconsistent with the promises they made to third parties and this Court and from making arguments regarding documents that they have consented to file under seal.

## CONCLUSION

Zuffa respectfully requests that the Court adopt its proposed guidelines regarding Protected Material for the upcoming evidentiary hearings regarding class certification.

---

[4] As the Protective Order, to which Plaintiffs agreed, states: "Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." ECF No. 217 ¶ 1.

| | | |
|---|---|---|
| 1 | Dated: January 23, 2019 | Respectfully Submitted, |
| 2 | | BOIES SCHILLER FLEXNER LLP |
| 3 | | By: */s/ Stacey K. Grigsby* |
| 4 | | Stacey K. Grigsby |

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Responsive Brief Regarding Plaintiffs' Statement Regarding Use of Confidential Materials at the Court-Ordered Evidentiary Hearing (ECF No. 628) was served on January 23, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Brent K. Nakamura*

Brent K. Nakamura, an Employee of
Boies Schiller Flexner LLP