Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER|MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632)** |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION .......... 1

II. AREAS OF AGREEMENT .......... 2

III. ARGUMENT .......... 2

A. Zuffa's Proposal for Treatment of Other Designated Materials Prejudices Plaintiffs' Ability to Fully and Freely Present Plaintiffs' Case .......... 2

B. Zuffa Fails to Provide Compelling Reasons for Sealing Its Documents .......... 5

1. Compelling reasons—not good cause—is the correct standard. .......... 5

2. Zuffa fails to provide compelling reasons to seal the documents it cites in its Initial Statement. .......... 6

3. The documents' relevance outweighs any purported privacy interest. .......... 7

4. The information Zuffa asks the court to seal is not confidential or trade secrets. .......... 7

IV. CONCLUSION .......... 10

i Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632)

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ..... 9

*Audionics Sys. Inc v. AAMP of Fla. Inc*, No. 12-cv-10763, 2014 WL 12586590 (C.D. Cal. Mar. 17, 2014) ..... 9

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) ..... 8

*Cen Com, Inc. v. Numerex Corp.*, No. C-17-0560-RSM, 2018 U.S. Dist. LEXIS 18698 (W.D. Wash. Feb. 5, 2018) ..... 6

*Cohan v. Provident Life & Accident Ins. Co.*, No. 13-cv-975, 2014 WL 12596287 (D. Nev. Nov. 7, 2014) ..... 6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) ..... 5

*Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. 01-cv-21151, 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ..... 9

*eMove Inc. v. SMD Software Inc.*, No. CV-10-02052, 2012 U.S. Dist. LEXIS 28164 (D. Ariz. Mar. 2, 2012) ..... 7

*Facebook, Inc. v. ConnectU, Inc.*, No. 07-cv-1389, 2008 WL 11357787 (N.D. Cal. July 2, 2008) ..... 1, 3

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-3844, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ..... 10

*In re ConAgra Foods, Inc.*, No. 11-cv-5379, 2014 WL 12577133 (C.D. Cal. Dec. 29, 2014) ..... 8

*In re Electronic Arts, Inc.*, 298 F. App'x. 568 (9th Cir. 2008) ..... 6, 9

*J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, No. 2:13-cv-00911-JAD-PAL, 2014 WL 12769806 (D. Nev. May 20, 2014) ..... 9

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ..... 3, 5, 6

*Le v. Zuffa, LLC*, No. 17-cv-849-RFB-PAL, ECF No. 1-3 ..... 8

*Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549 (S.D. Cal. Sept. 28, 2016) ..... 5

*Moussouris v. Microsoft Corp.*, No. 15-cv-1483, 2018 WL 1159251 (W.D. Wash. Feb. 16, 2018) ..... 5

ii Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632)

**FILED UNDER SEAL**

*Pintos v. Pac. Creditors Ass'n*,
605 F.3d 665 (9th Cir. 2010) .......... 5, 6

*Press-Enterprise Co. v. Superior Court*,
478 U.S. 1 (1986) .......... 1

*Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*,
No. 1:17-CV-01056-DAD-BAM, 2018 WL 432654 (E.D. Cal. Jan. 16, 2018) .......... 9

*Selling Source, LLC v. Red River Ventures, LLC*,
No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011) .......... 8

*Sherwin Williams Co. v. Courtesy Oldsmobile Cadillac, Inc.*,
No. 15-cv-1137, 2015 WL 8665601 (E.D. Cal. Dec. 14, 2015) .......... 9

*St. Alphonsus Med. Ctr. v. St. Luke's Health Sys., Ltd.*,
No. 12-cv-560, ECF No. 209 (D. Idaho Sept. 17, 2013) .......... 5

*St. Alphonsus Med. Ctr. v. St. Luke's Health Sys., Ltd.*,
No. 12-cv-560, 2014 U.S. Dist. LEXIS 93985 (D. Idaho July 3, 2014) .......... 5

*Stout v. Hartford Life & Acc. Ins. Co.*,
No. 11-cv-6186, 2012 WL 6025770 (N.D. Cal. Dec. 4, 2012) .......... 8

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995) .......... 10

iii Case No.: 2:15-cv-01045 RFB-(PAL)

PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632)

**FILED UNDER SEAL**

Pursuant to the Court's Order dated December 19, 2018 (ECF No. 629) and the Parties' Stipulation Regarding Briefing in Advance of Evidentiary Hearing on Plaintiffs' Motion for Class Certification (ECF No. 630), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") file this Response to Zuffa LLC's Proposal Regarding The Treatment of Protected Material for The Evidentiary Hearing on Class Certification, ECF No. 632 ("Zuffa's Initial Statement").

## I. INTRODUCTION

"[T]he public's right to access a hearing is overcome only by a finding 'that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Facebook, Inc. v. ConnectU, Inc*., 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008) (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). Consistent with that standard, Plaintiffs have agreed to take appropriate steps to protect the only materials that should potentially remain confidential in these proceedings: references to individual fighters in materials that disclose their specific compensation; and documents designated as confidential by third parties. The rest of the information Zuffa seeks to veil in secrecy is either too general and outdated to warrant protection, or is otherwise in the public domain. Moreover, Zuffa seeks to protect information in categories that are too vague to provide useful guidance and proposes to impose processes that are unnecessarily cumbersome. Part of Zuffa's apparent aim is to deprive the Class, the press, and the public of access to information essential for assessing the illegality of Zuffa's conduct. An example is its payment of [REDACTED] or less of its event revenues ("Wage Share") to fighters. That amount contrasts with about 50% or more that athletes receive in other major sports and that Plaintiffs' experts show Zuffa would pay fighters absent its unlawful Scheme. Zuffa's suggestion that disclosure be limited to whether Wage Share is "higher" or "lower" in different sports would obscure the degree of differential, and thereby mask the expert analysis showing that it paid its fighters [REDACTED] [REDACTED] of the amount it would have paid them in a more competitive market. As Plaintiffs explain below, the categories of material that should be protected from disclosure should be narrow and clearly defined, and the process for identifying protected materials should be

streamlined and practical and should default to disclosure, not secrecy.

## II. AREAS OF AGREEMENT

As noted by Plaintiffs in their initial statement, ECF No. 628, the Parties have reached agreement in the following areas. First, for any documents that reference an individual fighter's specific compensation information, the Parties agree to redact the fighter's name.[1] Second, the Parties agree to notify in advance any third parties whose Designated Materials (*i.e.*, materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) may be used at the evidentiary hearing and offer them the opportunity to object.[2] Third, the Parties agree to exchange exhibit lists[3] and meet and confer following the exchange of exhibit lists on confidentiality designations.

## III. ARGUMENT

### A. Zuffa's Proposal for Treatment of Other Designated Materials Prejudices Plaintiffs' Ability to Fully and Freely Present Plaintiffs' Case

Zuffa's proposal contains several propositions that the Court should not allow. First, Zuffa seeks to limit the manner in which the Parties can present their respective testimony and evidence at the evidentiary hearing by proposing that exhibits be produced in hard copy form only. Such a restriction would unnecessarily limit the Parties' ability to fully and fairly present their evidence in the most effective manner possible. For example, witnesses may direct the Court's and counsel's attention to particular areas of documents or demonstratives in a manner best achieved through electronic display. The hard copy limit unnecessarily restrains counsel's ability to advocate effectively for their clients.

This hard copy limit also affects the ability of members of the Class, the press, and the

[1] Zuffa claims that material "listing or describing in detail individual athletes' compensation" must be sealed from public view, Zuffa Initial Statement at 2, but redacting names resolves any privacy concerns of the athletes, and Zuffa has not established compelling reasons for any additional protection.

[2] As discussed *infra* § III.A, the parties disagree as to the timing of this third-party notice.

[3] The exchanged exhibit lists would apply to the Parties' direct examination and not to cross examination exhibits. However, the documents identified on the exchanged lists would likely embody a large share of all of the documents that might be used at the hearing.

public, all of whom are likely to be in attendance at this hearing, and whose right to access the hearings is a fundamental tenet of Ninth Circuit law,[4] to fully examine the evidence and arguments presented. In light of the Parties' agreements on information that will not be disclosed without the consent of the affected third party or fighter, there is no justification for further limiting the manner in which the Parties may present their evidence and positions.

Second, Zuffa proposes that the Parties refrain from disclosing information that "has been filed under seal or that would be properly filed under seal." Zuffa's Initial Statement at 1. This proposal is unworkable on its face as the Parties have very different ideas about what should be sealed, and the law is clear that there is a difference between the legal standard applied in analyzing confidentiality for purposes of production in discovery and for purposes of sealing filed court documents or information in public court hearings. *See* discussion of legal standards *infra*. Indeed, Plaintiffs have vigorously opposed most of Zuffa's designations in opposition to several of Zuffa's motions to seal. *See*, ECF Nos. 561, 581, 604, and 619.[5]

During the December 14 hearing, the Court made clear that it believed that much of the aggregated financial information at issue would not warrant protection because it would necessarily be part of any public rulings on the pending motions. *See* Hearing Transcript ("Tr."), Dec. 14, 2018, 7:13-20. Despite this guidance, Zuffa's proposal assumes that years' old revenue and Wage Share information, among other things, should be sealed and not discussed in open court merely because Zuffa designated the material under the Protective

---

[4] *See*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("strong presumption in favor of access" is based on the "general history of access and the policies favoring disclosure, such as the public interest in understanding the judicial process").

[5] Zuffa argues that the Court should seal Zuffa's information at the evidentiary hearing because Plaintiffs have allegedly not employed the procedure set forth in the Protective Order (ECF. No 217). Zuffa's Initial Statement at 8-9. Zuffa is wrong. Plaintiffs have repeatedly and consistently reserved their right to challenge Zuffa's designations pursuant to the Protective Order (which they continue to reserve), and have vigorously challenged Zuffa's motions to seal. *See*, ECF Nos. 561, 581, 604, and 619. Moreover, "the public's right to access a hearing is overcome only by a finding 'that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Facebook*, 2008 WL 11357787, at *4. The public right to access is independent of and unaffected by the procedures the Parties have chosen to resolve confidentiality disputes, and Zuffa has failed to show that "closure is essential to preserve higher values." *Id*. Regardless, if the Court deems it necessary, Plaintiffs will more specifically challenge the confidentiality designations Zuffa has improvidently made.

Order. Such a position is unsupportable. Even if the information met the trade secret definition—it does not—and was not too old or general to hold competitive value—which it is—Zuffa has failed to meet the compelling reasons standard by making a particularized showing of the competitive harm Zuffa would suffer. In light of the strong presumption of public access to judicial records, "it makes sense for the record to be public." *Id*.

Moreover, Zuffa fails to provide the Court (and Plaintiffs) with information sufficient to define the bounds of material Zuffa seeks to seal. Zuffa uses terms to describe purportedly protectable information that are vague and difficult to apply, including "related financial information, internal valuations, . . . and other information." Zuffa's Initial Statement at 1. These vague topics Zuffa asserts should be sealed demonstrate the need for the Parties to first exchange exhibit lists so that the Court can rule on categories of information in the context of specific documents in which the information appears. Zuffa's proposal should be rejected.

Third, Zuffa proposes that the Parties should send notifications to third parties "no later than the deadline for exchanging a party's initial exhibit list." Plaintiffs have agreed to notify third parties whose Designated Materials may be disclosed at the hearings, but believe it makes more sense to send that notice *after* the Parties meet and confer regarding their exhibit lists, so that the scope of third-party materials that may be disclosed is clear. Zuffa also proposes that unless a third party consents, the Parties refrain from disclosing that third party's Designated Materials in open court. While Plaintiffs are mindful of the privacy interests of third parties, the Protective Order provides Plaintiffs the right to challenge third-party designations. ECF No. 217, § 5.2(b). Some third-party Designated Materials may not be confidential for the same reasons that most of Zuffa's information is not confidential: Information that is too old to hold competitive value, or is in an aggregated or averaged form, or does not contain trade secrets, is not confidential. For example, third party Wage Share information does not disclose protectable confidential information and plays an important role in Plaintiffs' case-in-chief, as it provides a useful yardstick for measuring Zuffa's fighter compensation. It should not be concealed from the Class, the press, or the public. Plaintiffs will meet and confer with third parties who object to use of their information to seek a

reasonable accommodation, but cannot agree to a blanket rule against disclosing third party information in the absence of third-party consent, as Zuffa proposes.[6]

**B. Zuffa Fails to Provide Compelling Reasons for Sealing Its Documents**

**1. Compelling reasons—not good cause—is the correct standard.**

In the Ninth Circuit, if a motion is "more than tangentially related to the merits of a case," meaning it is "able to significantly affect the disposition of the issues in the case," compelling reasons are necessary to justify sealing materials. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100-01 (9th Cir. 2016) ("*Chrysler*"). Accordingly, "after *Chrysler*, district courts that have addressed the issue have found that the 'compelling reasons' standard applies to motions for class certification." *Moussouris v. Microsoft Corp.*, 2018 WL 1159251, at *4 (W.D. Wash. Feb. 16, 2018) (citing cases); *see also Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (holding plaintiffs' motion for class certification was "more than tangentially related to the merits of the case, and that the compelling reasons standard applie[d]"). The Ninth Circuit has clarified that the "'compelling reasons' standard applies to most judicial records," while the good cause standard applies to discovery documents and "nondispositive materials" that are "unrelated, or only tangentially related, to the underlying cause of action," and thus hold a "weaker public interest." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179). "[A] 'good cause' showing . . . will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.'" *Id*. at 679 (quoting *Kamakana*, 447 F.3d at 1180). The compelling reasons standard plainly applies here.

[6] Zuffa cites *St. Alphonsus Med. Ctr. v. St. Luke's Health Sys., Ltd.*, No. 12-cv-560, ECF No. 209 at 2-3 (D. Idaho Sept. 17, 2013), for the proposition that the public's right to access judicial records may give way upon a showing that the discovery contains "sources of business information that might harm a litigant's competitive standing." *See* Zuffa Initial Statement at 3. But Zuffa ignores that *St. Alphonsus* declined to seal even more sensitive business information contained in the parties' expert reports than Zuffa seeks to seal here. *See St. Alphonsus*, 2014 U.S. Dist. LEXIS 93985, at *13 (D. Idaho July 3, 2014) (denying motion to seal expert testimony that contained "sensitive business information that could be damaging if revealed" because the expert testimony was "crucial to the public's understanding" of the defendant's argument).

**2. Zuffa fails to provide compelling reasons to seal the documents it cites in its Initial Statement.**

Zuffa provides several examples of information it asks the Court to seal, but none of these documents contains protectable information. For example, Zuffa cites to an Intangible Assets Memo created in 2007 that discusses the accounting treatment of Zuffa's acquisitions of other MMA promotions in 2006 and 2007 as an example of "highly confidential internal valuation or financial analysis." Zuffa's Initial Statement at 2, referring to ECF No. 518-28 (ZFL-1240584). This document is far too old to be sealed. *See Cen Com, Inc. v. Numerex Corp.*, 2018 U.S. Dist. LEXIS 18698, at *4 (W.D. Wash. Feb. 5, 2018) (denying motion to seal where defendants failed to show 18-month old information was "not so stale as to no longer be commercially useful or harmful").

In another example, Zuffa cites an email in which matchmaker Joe Silva says he [REDACTED] and that [REDACTED] and Zuffa CEO Lorenzo Fertitta says the fighter [REDACTED] Zuffa's Initial Statement at 2. Zuffa cites this email as an example of "detailed information on trade secret business information and highly sensitive internal strategy information." *Id.*, referring to ECF No. 518-32 (ZFL-1421551) (the "Silva Email"). Courts in the Ninth Circuit define a trade secret as, "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Cohan v. Provident Life & Accident Ins. Co.*, 2014 WL 12596287, at *2 (D. Nev. Nov. 7, 2014) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008)). Zuffa's "strategy" [REDACTED] its fighters is not a trade secret: it is not a formula, pattern, or compilation of information.[7] Indeed, as the Court pointed out at the December 14 hearing, Zuffa's own arguments suggest that there is *no* formula or proprietary interest to protect. *See* Tr., 6:2-13.

[7] It is, of course, pertinent evidence in support of Plaintiffs' claims, but that does not justify sealing it in an otherwise public hearing.

Neither of these documents contains confidential information.

**3. The documents' relevance outweighs any purported privacy interest.**

The documents and topics Zuffa asks the Court to seal are at the very crux of the case and are thus important for the Class, public, and media's access. For example, the Intangible Assets Memo states, [redacted] ECF No. 518-28 (ZFL-1240584) at 590. This speaks directly to one of Plaintiffs' core points: that Zuffa acquired its competitors to eliminate competition. *See, e.g.*, Plaintiffs' Motion for Class Certification ("Class Cert. Mot.") at 19. The Silva Email supports another of Plaintiffs' core points: that a UFC fighter's "[r]efusal to sign a new contract offered by the UFC—a signal of disloyalty—is perilous. A Fighter risks costly delays between fights, dangerously mismatched opponents, and other adverse consequences." Class Cert Mot. at 9.

Zuffa argues that the Court should not unseal materials "merely because [they are] 'relevant to Plaintiffs' claims.'" Zuffa's Initial Statement at 10. But a document's relevance to the litigation is a key part of evaluating whether the public should have access. Indeed, as the Court stated at the December 14 hearing, "Zuffa's financial information . . . doesn't . . . warrant[] protection because at some point that's going to be a part of . . . what I'd have to consider." Tr., 7:13-15. *See also eMove Inc. v. SMD Software Inc.*, 2012 U.S. Dist. LEXIS 28164, at *8 (D. Ariz. Mar. 2, 2012) (denying motion to seal expert report because "*the expert report [was] central to the cause of action*") (emphasis added). Thus, contrary to Zuffa's allegation, a document's relevance to the issues in this litigation is a key factor when considering whether to seal. That the information at issue here is not just tangentially related, but material to the issues in this litigation makes Zuffa's position untenable.

**4. The information Zuffa asks the court to seal is not confidential or trade secrets.**

Zuffa asserts that four categories of information are confidential: (1) financial and revenue information; (2) business information, communications, and strategy; (3) contracts and negotiations with athletes; and (4) third-party information. None of these categories

meets the standard for sealing at the upcoming hearings.

**a. Zuffa's financial and Wage Share information is not confidential.**

As an initial matter, the Court has stated that is does not believe this information should be sealed. Tr., 7:13-20. Additionally, the financial information Zuffa has provided covers the years 2001 to 2016. Thus, the information is too old to contain any competitive value. To the extent that Plaintiffs reference this data, it is in aggregated or averaged form, disclosure of which would not provide another MMA promoter with a competitive advantage. The same is true for Wage Share, which does not even disclose the aggregated data upon which it is based. Zuffa relies heavily on testimony from Bellator president Scott Coker to support its position. But Mr. Coker's testimony referred primarily to Zuffa's dominant position in the market and its aggressive tactics as a justification for opposing disclosure of *Bellator's* information. *See Le v. Zuffa*, 17-cv-00849-RFB-PAL, ECF No. 1-3 ¶¶ 20-21 (D. Nev.).

Zuffa's reliance on *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338 (D. Nev. Apr. 29, 2011), is unavailing because that case involved non-dispositive materials to which the court applied a different standard (good cause). Nor does *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920 (D. Nev. May 5, 2016), apply. There, the court sealed *pending* patent applications and detailed marketing plans from which a rival could have gained a competitive advantage. *See also* Zuffa's Initial Statement at 6-7 (citing *In re ConAgra Foods, Inc.*, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014); *Stout v. Hartford Life & Acc. Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012), which pertain to specific types of current internal company data and information that the courts ruled were trade secrets). Here, conversely, Zuffa seeks to seal information that is too old and lacking sufficient detail to hold competitive value. The same logic applies to *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, 2014 WL 12769806, at *1 (D. Nev. May 20, 2014), which also involved *prospective* business plans as opposed to old data, and to *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, 2018 WL 432654, at *3 (E.D. Cal. Jan. 16, 2018), which involved customer lists a rival could have

used to lure business away.[8]

**b. Zuffa's purported trade secrets are not protectable trade secrets.**

Zuffa seeks to seal purported confidential trade secrets that do not meet the legal definition of trade secrets. The Court has already noted that Zuffa's arguments "suggest that there's actually no formula to protect." Tr., 6:2-3. As noted above at § III.B.2, the exemplar Zuffa has offered of "trade secret business information and highly sensitive internal strategy information" only illustrates Zuffa's exercise of monopsony power to coerce fighters into re-signing with Zuffa or face dire consequences. Zuffa claims other MMA promoters "could not obtain [this information] anywhere else." Zuffa's Initial Statement at 6. But coercion is not a highly sensitive business strategy, and "information does not have value to a competitor merely because the competitor does not have access to it." *Sherwin Williams Co. v. Courtesy Oldsmobile Cadillac, Inc*., 2015 WL 8665601, at *2 (E.D. Cal. Dec. 14, 2015). Zuffa has not provided compelling reasons for sealing its purported trade secret information.

**c. Zuffa's contract terms and negotiations are not confidential.**

Zuffa's contract terms have been widely disseminated on the Internet. *See, e.g*., Pls.' Opp. to Zuffa's Mot. to Seal, ECF No. 581 at 9 n.8. Thus, the terms are not confidential. Moreover, the contract terms are of central importance in this litigation, so the heightened right to access outweighs any purported interest in confidentiality. Zuffa's negotiating tactics,

---

[8] Zuffa's other cases are also unavailing. *Audionics Sys. Inc v. AAMP of Fla. Inc,* 2014 WL 12586590, at *3 (C.D. Cal. Mar. 17, 2014), involved detailed product specifications, *e.g.,* components and assembly drawings. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 902568, at *4 (N.D. Cal. Mar. 22, 2007), involved detailed terms and conditions for provision marketing, management, and support staff, which provided a blueprint of the business, not Wage Share as Zuffa represents. *Electronic Arts*, 298 F. App'x at 569, concerned a third party's petition to seal a single paragraph of a current, in force contract containing specific, current pricing terms, royalty rates, and guaranteed minimum payment terms applicable to a specific licensee (defendant) that the court ruled could cause competitive harm in the third party's ability to negotiate similar terms with non-party licensees. *Apple Inc. v. Samsung Elecs. Co*., 727 F.3d 1214, 1223-25 (Fed. Cir. 2013), also concerned partially redacted documents with "detailed product-specific financial information" the "[d]isclosure of [which] would allow competitors to tailor their product offerings and pricing" and "be able to determine exactly what price level would make a given product unprofitable." Thus, neither *Electronic Arts* nor *Apple* support Zuffa's proposal to blanket seal entire documents or seal non-confidential, non-trade secret information.

which Plaintiffs allege involve Zuffa's use of market power to coerce and threaten damaging fights against tough opponents in preliminary matches (*see* § III.B.2, *supra*), are relevant to Plaintiffs' case-in-chief. *See*, Class Cert. Mot. at 9. Thus, the public's right to access is heightened, and compelling reasons do not exist to seal Zuffa's negotiations with fighters.[9]

**d. Third parties' Designated Materials will be adequately protected.**

Zuffa claims that Plaintiffs seek to disclose third-party Designated Materials without adequately protecting the third parties' rights, but to the extent that any third party's Designated Materials may be disclosed at the evidentiary hearing, Plaintiffs' proposal includes providing advance notice to the third parties who will have the opportunity to be heard. Plaintiffs merely demand that third parties substantiate the basis of designations to the extent they seek to maintain them. This position comports with the requirements of the Protective Order, under which a third party must be notified in advance if its Designated Materials will potentially be used at an open hearing. ECF No. 217, § 5.2(b). Neither the Protective Order nor the law make-third party designations unchallengeable.

## IV. CONCLUSION

The evidentiary hearing will provide the Class, public, and press a unique opportunity to assess the relative merits of the Parties' positions and the judicial process at this critical stage in the litigation. Plaintiffs respectfully request that the Court deny Zuffa's unnecessary restrictions on disclosure of the information at issue during the evidentiary hearing.

[9] Zuffa claims that "third party athlete contract and negotiation information" is properly filed under seal, ignoring that proposed class members are not "third parties" in the sense Zuffa proposes, nor do any of the cases Zuffa cites concern class actions or athletes. *See* Zuffa's Initial Statement at n.2 (citing *U.S. v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121 (N.D. Cal. Mar. 4, 2015)).

Dated: January 23, 2019					Respectfully Submitted,

By: /s/ Eric L. Cramer
    Eric L. Cramer

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER|MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*


Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2019, a true and correct copy of the following document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system:

- **PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632).**

By: *_/s/ Eric L. Cramer_*

14 Case No.: 2:15-cv-01045 RFB-(PAL)
PLAINTIFFS' RESPONSE TO ZUFFA, LLC'S PROPOSAL REGARDING THE TREATMENT OF PROTECTED MATERIAL FOR THE EVIDENTIARY HEARING ON CLASS CERTIFICATION (ECF NO. 632)
**FILED UNDER SEAL**