Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:   (215) 875-3000
Facsimile:   (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and
Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier
Vazquez, Brandon Vera, and Kyle Kingsbury*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF PATRICK F. MADDEN, ESQ.** |

I, Patrick F. Madden, Esq., declare and state as follows:

1. I am an associate at Berger Montague PC, one of the Court appointed Interim Co-Lead Counsel for the proposed Classes and an attorney for Individual and Representative Plaintiffs. I am a member in good standing of the State Bar of Pennsylvania and have been admitted *pro hac vice* in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. I make this declaration in support of Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification.

3. Plaintiffs' object to 22 "Disputed Exhibits" that Zuffa included in their 551 proposed exhibits.

4. On May 24, 2019, Plaintiffs and Zuffa exchanged proposed exhibit lists for the upcoming Class Certification Hearing. Included among Zuffa's 551 exhibits were thirteen new exhibits that Zuffa labeled as "Summary Exhibits," along with fourteen purported "summary exhibits" that Zuffa had previously submitted in support of various of its briefs in connection with the motions on class certification and summary judgment, but which were not part of Zuffa's economists' reports. Zuffa provided copies of the thirteen new "Summary Exhibits" with its proposed exhibit list.

5. On May 29, 2019, I sent an email to Zuffa's counsel requesting further information concerning the new purported "Summary Exhibits." Attached as Exhibit 1 is a true and correct copy of that email from me to Zuffa's counsel at 5:19 pm Eastern time.

6. On May 30, 2019, Zuffa provided Plaintiffs with access to the backup materials used by as yet unnamed consultants or lawyers to generate the new "Summary Exhibits." Attached as Exhibit 2 is a true and correct copy of the email from Zuffa's counsel Brent Nakamura to Plaintiffs' counsel at 6:04 pm Eastern time providing access to the backup materials.

7. On May 31, 2019, Plaintiffs provided Zuffa with a preliminary list of exhibits to which Plaintiffs objected and a statement of the bases for Plaintiffs' objections. Included in that list were

the 22 Disputed Exhibits. Attached as Exhibit 3 is a true and correct copy of the email from me to Zuffa's counsel at 5:38 pm Eastern time.

8. On June 3, 2019, the Parties met and conferred by telephone. During that teleconference, I again asked that Zuffa provide the information requested in my May 29, 2019 email. It is my understanding that Zuffa intends to use some or all of the Disputed Exhibits during its direct examinations of its economists and that Zuffa's position is that its economists can testify concerning these Disputed Exhibits without offering new "expert opinions" or altering or changing its economists' existing "expert opinions."

9. On June 4, 2019, Plaintiffs sent Zuffa an email further setting forth the bases of Plaintiffs' objections to the Disputed Exhibits. Attached as Exhibit 4 is a true and correct copy of the email from me to Meghan Strong, Nicholas Widnell, and Jonathan Shaw, Zuffa's counsel, at 8:48 pm Eastern time.

10. On June 6, 2019, Plaintiffs provided Zuffa with (1) a revised combined exhibit list which included additions and edits to resolve certain of the Parties' objections, and (2) a revised list of Plaintiffs' objections to certain of Zuffa's exhibits along with the bases of Plaintiffs' objections to each individual exhibit on the list. Attached as Exhibit 5 is a true and correct copy of the email from me to Meghan Strong, one of Zuffa's counsel, at 8:14 pm Eastern time (without attachments).

11. Attached as Exhibit 6 is a summary of the Disputed Exhibits and the objections Plaintiffs have made to them.

12. Attached as Exhibit 7 is a true and correct copy of purported Summary Exhibit No. 1 (referred to in Plaintiffs' papers as "SE1"), produced by Zuffa on May 24, 2019.

13. Attached as Exhibit 8 is a true and correct copy of purported Summary Exhibit No. 2 (referred to in Plaintiffs' papers as "SE2"), produced by Zuffa on May 24, 2019.

14. Attached as Exhibit 9 is a true and correct copy of purported Summary Exhibit No. 3 (referred to in Plaintiffs' papers as "SE3"), produced by Zuffa on May 24, 2019.

15. Attached as Exhibit 10 is a true and correct copy of purported Summary Exhibit No. 6 (referred to in Plaintiffs' papers as "SE6"), produced by Zuffa on May 24, 2019.

16. Attached as Exhibit 11 is a true and correct copy of purported Summary Exhibit No. 7 (referred to in Plaintiffs' papers as "SE7"), produced by Zuffa on May 24, 2019.

17. Attached as Exhibit 12 is a true and correct copy of purported Summary Exhibit No. 10 (referred to in Plaintiffs' papers as "SE10"), produced by Zuffa on May 24, 2019.

18. Attached as Exhibit 13 is a true and correct copy of purported Summary Exhibit No. 11 (referred to in Plaintiffs' papers as "SE11"), produced by Zuffa on May 24, 2019.

19. Attached as Exhibit 14 is a true and correct copy of purported Summary Exhibit No. 12 (referred to in Plaintiffs' papers as "SE12"), produced by Zuffa on May 24, 2019.

20. Attached as Exhibit 15 is a true and correct copy of Exhibit 87 to Zuffa's Opposition to Plaintiffs' Motion for Class Certification (referred to in Plaintiffs' papers as "COE87"), ECF No. 540-91.

21. Attached as Exhibit 16 is a true and correct copy of Exhibit 88 to Zuffa's Opposition to Plaintiffs' Motion for Class Certification (referred to in Plaintiffs' papers as "COE88"), ECF No. 540-92.

22. Attached as Exhibit 17 is a true and correct copy of Exhibit 89 to Zuffa's Opposition to Plaintiffs' Motion for Class Certification (referred to in Plaintiffs' papers as "COE89"), ECF No. 540-93.

23. Attached as Exhibit 18 is a true and correct copy of Exhibit 92 to Zuffa's Opposition to Plaintiffs' Motion for Class Certification (referred to in Plaintiffs' papers as "COE92"), ECF No. 540-96.

24. Attached as Exhibit 19 is a true and correct copy of Exhibit 87 to Zuffa's Motion for Summary Judgment, ECF No. 575-36.

25. Attached as Exhibit 20 is a true and correct copy of Exhibit 96 to Zuffa's Motion for Summary Judgment, ECF No. 575-45.

26. Attached as Exhibit 21 is a true and correct copy of Exhibit 97 to Zuffa's Motion for Summary Judgment, ECF No. 575-46.

27. Attached as Exhibit 22 is a true and correct copy of Exhibit 98 to Zuffa's Motion for Summary Judgment, ECF No. 575-47.

28. Attached as Exhibit 23 is a true and correct copy of Exhibit 99 to Zuffa's Motion for Summary Judgment, ECF No. 575-48.

29. Attached as Exhibit 24 is a true and correct copy of Exhibit 114 submitted with Zuffa's Reply in support of Zuffa's Motion for Summary Judgment, ECF No. 613-3.

30. Attached as Exhibit 25 is a true and correct copy of Exhibit 124 submitted with Zuffa's Reply in support of Zuffa's Motion for Summary Judgment, ECF No. 613-13.

31. Attached as Exhibit 26 is a true and correct copy of Exhibit 126 submitted with Zuffa's Reply in support of Zuffa's Motion for Summary Judgment, ECF No. 613-15.

32. Attached as Exhibit 27 is a true and correct copy of Exhibit 128 submitted with Zuffa's Reply in support of Zuffa's Motion for Summary Judgment, ECF No. 613-17.

33. Attached as Exhibit 28 is a true and correct copy of Exhibit 131 submitted with Zuffa's Reply in support of Zuffa's Motion for Summary Judgment, ECF No. 613-20.

34. Exhibits 19-28 are collectively referred to in Plaintiffs' papers as "SJEs."

35. In addition to the foregoing, Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification makes reference to certain of the Parties' expert reports previously filed in connection with briefing on Plaintiffs' Motion for Class Certification (ECF Nos. 518, 540, & 554) and/or Zuffa's *Daubert* Motion (ECF Nos. 524, 534, & 551). These reports are:

- Expert Report of Hal J. Singer, Ph.D. (Aug. 31, 2017) ("SR1"), ECF Nos. 518-3, 524-3.
- Rebuttal Expert Report of Hal J. Singer, Ph.D. (January 12, 2018) ("SR2"), ECF Nos. 518-4, 524-4, 540-10.
- Supplemental Expert Report of Hal J. Singer, Ph.D. (April 3, 2018) ("SR3"), ECF No. 534-3.
- Second Supplemental Reply Report of Hal J. Singer, Ph.D. (May 28, 2018) ("SR4"), ECF No. 554-3.
- Expert Report of Professor Robert H. Topel (October 27, 2017) ("TR1"), ECF Nos. 518-13, 524-5, 540-6.
- Sur-Rebuttal Expert Report of Professor Robert H. Topel (February 12, 2018) ("TR2"), ECF No. 551-15.
- Declaration of Professor Robert H. Topel (April 6, 2018) ("TR3"), ECF No. 540-5.

- Professor Robert H. Topel's Reply to the Supplemental Expert Report of Hal J. Singer, Ph.D. (May 7, 2018) ("TR4"), ECF No. 551-16.

- Expert Report of Paul Oyer (October 27, 2017) ("OR1"), ECF Nos. 518-14, 524-10, 540-8.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct. This Declaration was executed in Philadelphia, Pennsylvania on June 14, 2019.

/s/ *Patrick F. Madden*
Patrick F. Madden