# Exhibit 1

May 29, 2019 email from Patrick Madden to Nick Widnell, Meghan Strong, et al.

| | |
|---|---|
| **From:** | Patrick Madden |
| **To:** | Meghan Strong; Nicholas Widnell; Stacey Grigsby; Marcy Norwood Lynch; William A. Isaacson; Ross McSweeney; Rory Skaggs; Suzanne Jaffe Nero; Richard Pocker; Brent Nakamura; djc@campbellandwilliams.com; jcw@campbellandwilliams.com |
| **Cc:** | Eric Cramer; Michael Dell"Angelo; jsaveri@saverilawfirm.com; Kevin Rayhill; Joshua Paul Davis; JChen@saverilawfirm.com; Richard A. Koffman; Daniel Silverman; Robert C. Maysey; Jerome Elwell; DSpringmeyer@wrslawyers.com; Mark R. Suter |
| **Subject:** | RE: Cung Le, et al. v. Zuffa LLC, 2:15-cv-01045 (D. Nev.) - Plaintiffs" Exhibit List |
| **Date:** | Wednesday, May 29, 2019 5:19:00 PM |

Nick and Meghan:

As we discussed yesterday, Plaintiffs have several questions concerning various of the "Summary Exhibits" Zuffa served on Plaintiffs for the first time on Friday, May 24, 2019.

Of particular concern are Summary Exhibit Nos. 1-4, 6-7, 10, and 12. Most of the material portrayed in these exhibits appears to be entirely new, either creating new metrics for analyzing the data (*e.g.*, "Fighter Share Deviations," "Foreclosure Share Deviations," etc.) or breaking down data in ways that neither Zuffa nor its experts has/have ever before done in this case. We are now 15 months past the close of expert discovery (not including the additional reports submitted by Dr. Topel and responsive reports submitted by Dr. Singer, the last of which was served over a year ago). Following a pattern on display throughout this litigation, having lost on its primary set of arguments, Zuffa simply moves on to the next. Zuffa has gone from "Wage share is never ever used by anyone, anywhere" to "Wage share is appropriately used to measure the effects of a change in monopsony power," to brand new arguments implicitly accepting the use of wage share, but creating new metrics for evaluating it (*e.g.*, "Fighter Share Deviations"). This is improper.

Plaintiffs request that Zuffa supply the following information for each of these Summary Exhibits:

1. When was the Summary Exhibit first created?

2. Was the Summary Exhibit created by one of Zuffa's testimonial experts or someone working under his direction? If so, identify the expert and all persons involved in the Summary Exhibit's creation. If not, identify the person or persons who created it.

3. On what specific information or data was the Summary Exhibit based? Note that, although each of these Summary Exhibits purports to cite some portion of Dr. Singer's "Backup," including, without limitation, the "Regression Data.dta" file, such citations are not sufficiently specific to evaluate the information portrayed in the Summary Exhibits or the elements or calculations that certain of the Summary Exhibits appear to reflect. We also request that Zuffa produce the live files in Excel (or other software where relevant) containing the formulae and other background computations used to create the Summary Exhibit.

4. Does Zuffa intend to introduce the Summary Exhibit through the examinations of any of its expert witnesses at the upcoming hearing? If so, which expert witness or witnesses? And, on what legal basis does Zuffa propose to base the introduction of entirely new matter at a hearing 15 months after the close of expert discovery in the case.

5. If Zuffa will be claiming that the Summary Exhibit portrays or depicts an argument or opinion set out in one of Zuffa's economist's reports, identify the report and the specific section or paragraph that purportedly contains the relevant argument or opinion.

Plaintiffs may have further questions concerning these or other Summary Exhibits as we continue to study Zuffa's exhibit list.

Best,

---

**From:** Meghan Strong <mstrong@bsfllp.com>
**Sent:** Friday, May 24, 2019 8:22 PM
**To:** Mark R. Suter <msuter@bm.net>; Stacey Grigsby <sgrigsby@bsfllp.com>; Marcy Norwood Lynch <mlynch@bsfllp.com>; William A. Isaacson <wisaacson@bsfllp.com>; Ross McSweeney <RMcSweeney@BSFLLP.com>; Rory Skaggs <rskaggs@bsfllp.com>; Suzanne Jaffe Nero <snero@bsfllp.com>; Richard Pocker <rpocker@bsfllp.com>; Brent Nakamura <bnakamura@bsfllp.com>; djc@campbellandwilliams.com; jcw@campbellandwilliams.com
**Cc:** Eric Cramer <ecramer@bm.net>; Michael Dell'Angelo <mdellangelo@bm.net>; Patrick Madden <pmadden@bm.net>; jsaveri@saverilawfirm.com; Kevin Rayhill <krayhill@saverilawfirm.com>; Joshua Paul Davis <davisj@usfca.edu>; JChen@saverilawfirm.com; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Robert C. Maysey <rmaysey@WarnerAngle.com>; Jerome Elwell <jelwell@warnerangle.com>; DSpringmeyer@wrslawyers.com; Nicholas Widnell <nwidnell@bsfllp.com>
**Subject:** RE: Cung Le, et al. v. Zuffa LLC, 2:15-cv-01045 (D. Nev.) - Plaintiffs' Exhibit List

Counsel,

Please see attached.

Best,
Meghan

---

**Meghan H. Strong***
Associate

**BOIES SCHILLER FLEXNER LLP**

1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 274 1122
(m) +1 585 967 6819
mstrong@bsfllp.com
www.bsfllp.com
*Admitted to practice in CA only; Not admitted to practice in DC.

---

**From:** Mark R. Suter [mailto:msuter@bm.net]
**Sent:** Friday, May 24, 2019 7:19 PM
**To:** Stacey Grigsby; Marcy Norwood Lynch; William Isaacson; Ross McSweeney; Rory Skaggs; Suzanne Jaffe Nero; Richard Pocker; Brent Nakamura; Meghan Strong; djc@campbellandwilliams.com; jcw@campbellandwilliams.com

**Cc:** Eric Cramer; Michael Dell'Angelo; Patrick Madden; jsaveri@saverilawfirm.com; Kevin Rayhill; Joshua Paul Davis; JChen@saverilawfirm.com; Richard A. Koffman; Daniel Silverman; Robert C. Maysey; Jerome Elwell; DSpringmeyer@wrslawyers.com
**Subject:** Cung Le, et al. v. Zuffa LLC, 2:15-cv-01045 (D. Nev.) - Plaintiffs' Exhibit List

Counsel,

Please see attached.

Thanks,

Mark

_____

MARK R. SUTER / *Associate*

**d** 215.875.3021 **m** 215.875.3000 | msuter@bm.net

**BERGER | MONTAGUE**
1818 MARKET ST | SUITE 3600 | PHILADELPHIA, PA 19103
bergermontague.com | twitter | facebook | linkedin

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]