# Exhibit 4

June 4, 2019 email from Patrick Madden to Nick Widnell, Meghan Strong, et al.

| | |
|---|---|
| **From:** | Patrick Madden |
| **To:** | Meghan Strong; Nicholas Widnell; Jonathan Shaw |
| **Cc:** | Mark R. Suter; Kevin Rayhill |
| **Subject:** | RE: Le v. Zuffa - follow-up to today"s call |
| **Date:** | Tuesday, June 4, 2019 8:48:00 PM |

Meghan and Nick,

In follow up to our discussion, we provide more information on the proper scope of direct, cross, and rebuttal at the upcoming evidentiary hearing for Plaintiffs' Motion for Class Certification.

The parties should be governed by the Federal Rules of Civil Procedure and Evidence. More specifically, Fed. R. Civ. P. 26(a)(2) provides that a testimonial expert must disclose "a written report—prepared and signed by the witness...." The report must contain, *inter alia*:

(i)     A complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    The facts or data considered by the witness in forming them; and
(iii)   Any exhibits that will be used to summarize or support them.

*Id.*

In accordance with Rule 26(a)(2), it is inappropriate for an expert to provide testimony and/or present evidence under Fed. R. Evid. 702, 703 or 705, at the upcoming class certification hearing or trial, that was not set forth in that expert's reports.

Further, as you know, "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Court set the timeline and sequence for the disclosure of the parties' experts and their written reports. The parties further stipulated (and the Court accepted) the submission of additional expert reports from each party, culminating in Dr. Singer's fourth report (SR4) dated May 28, 2018. Further expert submissions/testimony are untimely and barred by, *inter alia*, Fed. R. Civ. P. 26(a)(2) and this Court's Orders.

In addition, the purpose of the upcoming class certification hearing is for the parties to present to the Court the arguments previously set out in their reports relevant to the parties' class certification briefing. This hearing should not be an opportunity to present entirely new opinions or raise entirely new arguments. It is apparent from Zuffa's "Summary Exhibits" that Zuffa is dissatisfied with the current state of the record and feels the need, as it has throughout this case, to come up with new arguments and attacks on Plaintiffs' experts' methods and findings. This multiplies the costs, and is otherwise improper, inefficient, inappropriate, and inconsistent with the Rules and due process. The point of disclosing expert reports according to the federal rules and the Court's schedule is so that the record is not a moving target. For better or for worse, Zuffa has had its chances to devise arguments and opinions to undermine Plaintiffs' case. It must rest with the case it has developed.

As we understand it, Zuffa both admits that its "Summary Exhibits" were not part of any of Zuffa's experts' Rule 26 reports, and also that Zuffa's lawyers and *not its experts* supervised their

creation. Thus, Zuffa may not introduce the "Summary Exhibits" through its own experts' direct examinations at the upcoming hearing (or at trial). Permitting Zuffa to introduce such "Summary Exhibits" in this way would constitute untimely disclosure of expert testimony and violate the Federal Rules of Civil Procedure.

Thus, in connection with Zuffa's direct examination of Zuffa's experts, Plaintiffs object to Zuffa's apparent intention to try and elicit testimony from its experts using exhibits that the experts did not create, timely disclose during expert discovery, or both.

The standard for using exhibits on cross examination is different. Thus, to the extent summary exhibits were proper under Fed. R. Evid. 1006, a party would be able to cross examine a witness using a summary exhibit. In fact, it is this distinction (between introducing the "Summary Exhibits" on cross of Plaintiffs' experts versus on direct of Zuffa's experts) that underlies Plaintiffs' request that Zuffa disclose the purpose of the "Summary Exhibits." On our call, you asked that Plaintiffs do the same. But Plaintiffs have not proposed to use "Summary Exhibits."

Further, Plaintiffs do not agree that Zuffa has met the foundational requirements of Fed. R. Evid. 1006. The comment to Fed. R. Evid. 1006 makes clear that the rule refers to "The admission of summaries of voluminous books, records, or documents [which] offer[] the only practicable means of making their contents available to judge and jury." Zuffa's proposed use of the "Summary Exhibits" does not meet those criteria. Thus, independent and apart from the untimely disclosure of expert testimony outside of the witnesses' written reports, Zuffa cannot use "Summary Exhibits" that are otherwise inadmissible due to their failure to meet the criteria of Fed. R. Evid. 1006 regardless whether on direct or cross examination.

Plaintiffs note that we are still evaluating Zuffa's "Summary Exhibits" and other new exhibits, and will likely object to several as inappropriate for various reasons, including that many are expert analyses inappropriately submitted under the guise of "Summary Exhibits," and do not otherwise satisfy the standards for submission of such exhibits. In addition, Plaintiffs reserve the right to add to Plaintiffs' exhibit list additional exhibits, including, without limitation, "summary exhibits" in response to Zuffa's new exhibits to the extent that the Court permits Zuffa to use such exhibits in any capacity. In other words, if Zuffa is permitted to introduce new matter after the close of expert discovery and the class certification briefing record, Plaintiffs do not intend to unilaterally disarm.

Relatedly, to the extent Zuffa is permitted to introduce new material or issues not previously covered during expert discovery or in the parties' class certification briefing, the rebutting party must have the right to rebut such material using any exhibits suitable for such purpose.

Plaintiffs' exhibit list and Plaintiffs' objections to Zuffa's exhibit list have incorporated these concepts.

Pursuant to these standards, Plaintiffs reiterate our request that Zuffa explain: (1) how Zuffa intends to introduce any of its "Summary Exhibits" (*e.g.*, on direct or only on cross); (2) to the extent Zuffa intends to introduce any "Summary Exhibits" during its direct examination of its expert(s), what part of Zuffa's expert(s)' report(s) are described or depicted in the "Summary Exhibit;" (3) if the answer to

(2) is that any "Summary Exhibit" does not describe or depict any part of Zuffa's expert(s)' report(s), on what basis does Zuffa believe such expert(s) can testify concerning the "Summary Exhibit;" and (4) who prepared the "Summary Exhibits." Relatedly, Plaintiffs continue to object to the introduction during Zuffa's direct examinations of its witnesses of any exhibits on which Zuffa's expert did not rely in forming their opinions as expressed in their written report(s). Such materials include, without limitation, the news articles and materials listed on Zuffa's exhibit list that are dated after the close of expert discovery (and necessarily were not relied upon in the expert reports) and any "Summary Exhibits" or other similar exhibits that Zuffa attached to its Opposition to Plaintiffs' Motion for Class Certification, its *Daubert* Motions briefing, or its Motion for Summary Judgment briefing.

We look forward to continuing the meet and confer on these issues.

---

**From:** Meghan Strong <mstrong@bsfllp.com>
**Sent:** Monday, June 3, 2019 7:18 PM
**To:** Patrick Madden <pmadden@bm.net>
**Cc:** Mark R. Suter <msuter@bm.net>; Kevin Rayhill <krayhill@saverilawfirm.com>; Nicholas Widnell <nwidnell@bsfllp.com>; Jonathan Shaw <jshaw@bsfllp.com>
**Subject:** Le v. Zuffa - follow-up to today's call

Patrick,

Here is a summary of what we understand both sides to have promised to deliver to each other in follow-up to our call today:
- Plaintiffs
    - Plaintiffs to draft and send a summary of their position on what the standard should be regarding what exhibits may appropriately be used on direct, cross, and re-direct (as it relates to the issue of asking about documents not on an expert's Materials Relied Upon List).
    - Plaintiffs to send a breakdown of what the basis for objection is for each document on the list Plaintiffs sent Friday (understanding that one document may fall into more than one of Plaintiffs' objection categories).
- Zuffa
    - Zuffa to draft proposed language for a stipulation to resolve the issue of Zuffa's hearsay objection and preserve issues appropriately for trial.
    - Zuffa to clarify specific basis for the objections "Foundation, authenticity, and unreliability" to clarify if these are Daubert objections or something else.
    - Zuffa to resend letter explaining Zuffa's sealing positions (see attached).
    - Zuffa will also send Plaintiffs updated designations for the depositions and related information tomorrow (Tuesday, June 4).

Tentative agreements that both sides need to confirm:
- Zuffa's proposed briefing schedule and page limits, to apply only to objections not based on confidentiality.

- Plaintiffs to amend their exhibit list to include the missing cover emails we identified (but reserve the right to use excerpts of documents, an issue which we discussed but have not yet resolved).
- Plaintiffs also propose to amend their exhibit list to include all documents relied upon by all of their experts.

Let us know if you understood any of these agreements differently. In addition, it looks like scheduling our next call for sometime Thursday in the afternoon (ET) would work best on our end. Please let us know what time would work well for Plaintiffs on Thursday afternoon.

Thanks,
Meghan


**Meghan H. Strong**\*
Associate

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 274 1122
(m) +1 585 967 6819
mstrong@bsfllp.com
www.bsfllp.com
\**Admitted to practice in CA only; Not admitted to practice in DC.*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]