# EXHIBIT A

## WME/IMG, LLC's Objection Letter dated June 13, 2019

Benjamin Naftalis
Direct Dial: +1.212.906.1713
benjamin.naftalis@lw.com

**LATHAM & WATKINS LLP**

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 13, 2019

<u>VIA ECF</u>

Honorable Richard Franklin Boulware II
United States District Judge
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV  89101

Re: <u>Le</u> v. <u>Zuffa</u>, 15-cv-01045-RFB-PAL

**<u>Objections to Public Disclosure of Documents Produced by WME|IMG, LLC</u>**

Dear Judge Boulware:

I write on behalf of WME|IMG, LLC ("WME") in connection with the above-referenced matter.  For the reasons that follow, we respectfully request guidance as to how the Court intends to treat confidential third-party information at the hearings and an opportunity to be heard.

In 2017, in response to a subpoena from Plaintiffs, WME, a third-party to this litigation, produced over 22,000 documents in this case.  Each of those documents was produced pursuant to the protections of the Revised Stipulation and Protective Order in force in this case (ECF No. 217), which was provided to WME in advance of its production and governed the protections that would be afforded WME's documents.  Because of the sensitive nature of WME's documents, WME produced 21,196 documents with a Confidential or Highly Confidential-Attorneys' Eyes Only designation.  WME made these productions in reliance on the protections the Protective Order promised, including that its designated Protected Material would "be disclosed only to the categories of persons and under the conditions described" in the order.  ECF No. 217, ¶7.1.

Specifically, the Protective Order states that materials designated Confidential may be disclosed only to the Receiving Party, the Receiving Party's outside counsel of record and experts, the Court and its personnel, and professional vendors.  *Id.* at ¶7.2.  Materials designated Highly Confidential-Attorneys' Eyes Only may be disclosed only to the Receiving Party's counsel and experts, the Court and its personnel, and vendors, and they shall explicitly not be disclosed to the Receiving Party or its officers and employees.  *Id.* at ¶7.3.

**LATHAM&WATKINS**LLP

   Despite these clear designations and procedures, on May 28, 2019, WME received a letter from the parties in this case giving it notice that certain of the materials it produced may be publicly disclosed at the upcoming evidentiary hearings on class certification, scheduled to take place in August and September 2019.  Specifically, Plaintiffs in this case identified six documents they may use and publicly disclose.

   On June 11, 2019, WME met and conferred with counsel for Plaintiffs, along with counsel for Zuffa, LLC ("Zuffa"), at which time it expressed its desire to maintain the confidentiality of its documents and have its materials, if used at the hearing, filed under seal.  Despite the Protective Order, Plaintiffs maintained that these documents are not properly sealed and the designations of these documents as Confidential and Highly Confidential-Attorneys' Eyes Only was inappropriate.

   The Protective Order provides a process through which a party may challenge the confidentiality designations of another party.  *Id.* at ¶6.  WME is not aware of any challenge Plaintiffs have made to its designations pursuant to this process in the two years since WME produced its documents.  Yet Plaintiffs now appear to claim they may disregard the confidentiality designations of these documents and publicly disclose WME's sensitive information.

   WME has objected to the public disclosure of its documents.  Specifically, WME objects to the disclosure of WME_ZUFFA_00001150, WME_ZUFFA_00005368, WME_ZUFFA_00013978, and WME_ZUFFA_00076651, which are among the documents Plaintiffs listed that they seek to use at the upcoming evidentiary hearing.[1]  These documents contain WME's confidential analysis and considerations behind its eventual acquisition of Zuffa, as well as documents it reviewed and prepared in considering the acquisition.  In addition to WME's analyses, certain of the documents also contain recent confidential financial data from Zuffa that WME used in its analyses, as well as financial projections and financial future strategies that WME made in furtherance of its acquisition analyses.

   Disclosure of these documents would cause competitive harm to WME, whose business depends on its acquisition and management of a number of companies and enterprises.  Despite the confidential nature of these documents, Plaintiffs were not willing, during the meet and confer process, to mitigate the disclosure of WME's confidential information, and instead took the position that only individual personal information (such as cell phone numbers) and fighter-specific medical information would be protected from public disclosure during the hearings.

---

[1] WME does not object to the public disclosure of two of the documents Plaintiffs listed on their exhibit list: WME_ZUFFA_00031950 and WME_ZUFFA_00141791.

**LATHAM&WATKINS**LLP

      Accordingly, WME respectfully seeks guidance from the Court on how it intends to treat confidential third-party information at the hearings and an opportunity to be heard.

      Respectfully submitted,

      /s/ Benjamin Naftalis

      Benjamin Naftalis
      of LATHAM & WATKINS LLP

      *Counsel for WME/IMG, LLC*