# EXHIBIT B

The Raine Group LLC's Objection Letter dated June 14, 2019

**SCH** | SCHINDLER COHEN & HOCHMAN

June 14, 2019

**SUBMITTED VIA COUNSEL FOR DEFENDANTS**

The Hon. Richard F. Boulware
The United States District Court
For The District Of Nevada
333 Las Vegas Blvd South
Las Vegas, NV 89101

Re: *Cung Le, Nathan Quarry, Jon Fitch et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, No. 15-Civ.-01045 (RFB)(PAL)(D. Nev.)

Dear Judge Boulware:

I write as counsel to The Raine Group LLC ("Raine"), a non-party in the above-referenced action (the "Action"), in connection with certain documents it produced in January 2017 pursuant to a subpoena directed to it (the "Subpoena"). Raine served as an advisor in the transaction by which Zuffa, LLC ("Zuffa") purchased UFC, and the documents contain confidential information that it received pursuant to various non-disclosure agreements as agent for its client in connection with that transaction. Raine has contractual and other obligations that require it to treat all such information as confidential. The documents in dispute were marked Highly Confidential pursuant to the Revised Stipulation and Protective Order entered by the Court on February 10, 2016 (Dkt. No. 217) (the "Protective Order").

By letter dated May 28, 2019 ("Plaintiffs' May 2019 Letter"), Plaintiffs identified six documents in Raine's production that had been designated Highly Confidential pursuant to the Protective Order and asked if Raine objected to the use of those documents in open court at a hearing. Such use would not be permitted pursuant to the Protective Order. Plaintiffs' May 2019 Letter further explained that they are "in the process of negotiating procedures for the treatment" of materials designated Highly Confidential, and they asked to meet and confer with Raine to the extent Raine did not wish to de-designate the six documents. (Plaintiffs' May 2019 Letter at 1.) Plaintiffs' May 2019 Letter informed Raine that, if no resolution were reached, Raine could submit objections to the Court by June 14, 2019.

In an email sent on June 4, 2019, Raine informed Plaintiffs that it could de-designate one of the six documents identified by Plaintiffs but that the remaining five documents (the "Five Documents") must remain designated as Highly Confidential. Those Five Documents contain Bates-stamp numbers RAINE0000575, RAINE0016846, RAINE0018791, RAINE0020542, and RAINE0020633.

A "meet and confer" telephone call was held on June 7, 2019. Two attorneys for Plaintiffs participated on the call, Kevin Rayhill of the Joseph Saveri Law Firm and Patrick Madden of Berger & Montague, P.C., as well as two attorneys for Zuffa. That call was

remarkable because, while Mr. Rayhill was willing to discuss potential resolutions that would protect the confidentiality of the Five Documents—including the possibility of using a process where each document was shown to the witness during the hearing but not published on any screen for viewing by anyone other than the witness, the Court, and the parties' lawyers—Mr. Madden made clear that he would not consider any resolution other than de-designating the documents.  For example, although I explained that Raine was an agent of its client in maintaining and producing the documents pursuant to the subpoena, and the confidential obligations owed were to Zuffa and possibly others, Mr. Madden refused to discuss with Zuffa whether the Five Documents should be de-designated.

Additionally, while I explained that Raine had produced the Five Documents to Plaintiffs in January 2017 under the terms of the Protective Order and that no challenge had been made to the confidentiality designations, Mr. Madden advised me that the Protective Order no longer applied.  This position came as a surprise because the Protective Order specifically sets forth the process by which Plaintiffs could have challenged Raine's confidentiality designations (Protective Order at ¶6).

Raine objects to the disclosure of the Five Documents.  Raine produced the Five Documents to Plaintiffs in reliance on the very limited disclosure of the documents outlined in the Protective Order, which stated that Raine's designated Protected Material would "be disclosed only to the categories of persons and under the conditions described" in the Protective Order.  Further, the Five Documents contain Zuffa's confidential financial information, which Raine is contractually obligated to maintain as confidential.  This financial information contains both recent actual financial information as well as financial projections.  In addition, Plaintiffs seek to use a 582 page document containing Disclosure Schedules to the Securities Purchase Agreement that was executed by numerous parties in 2016 relating to the sale of the UFC, despite the fact that the Securities Purchase Agreement is also subject to a five year confidentiality agreement among the parties to that transaction.  Finally, and as explained to Plaintiffs during our meet and confer call, three of the documents Plaintiffs seek to use publicly contain confidential analyses from third party potential buyers who have not consented to the public disclosure of their documents and information.  Plaintiffs stated that the burden is on Raine to advise these third parties that their confidential documents may be used publicly in this case, despite the fact that Plaintiffs did not follow the procedures for challenging the confidential nature of these documents nor describe the basis for any challenge under the Protective Order.

For the reasons stated above, and for any additional reasons supplied by Zuffa, Raine respectfully asks that the Court maintain the confidential designation for the Five Documents.

Very truly yours,

Lisa C. Cohen
(212) 277 6320
lcohen@schlaw.com