# EXHIBIT E

## Declaration of David J. Marroso in Support of Top Rank, Inc's Objections to Disclosure of Confidential Materials dated June 14, 2019

DAVID MARROSO (Cal. S.B. #211655)
  dmarroso@omm.com
(admitted *pro hac vice*)
BROOKE D. JENKINS (Cal. S.B. #307514)
  brookejenkins@omm.com
(*pro hac vice forthcoming*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:     (310) 553-6700
Facsimile:     (310) 246-6779

ERIC D. HONE (NV Bar No. 8499)
  eric@h1lawgroup.com
H1 Law Group
701 N Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Telephone:     702-608-3747
Facsimile:     702-608-3759

Attorneys for Non-Party
Top Rank, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re Subpoena Of<br><br>Top Rank, Inc.,<br><br>Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　　Defendant. | Case No. 2:15-cv-01045-RFB-PAL<br><br>**DECLARATION OF DAVID J. MARROSO IN SUPPORT OF TOP RANK INC.'S OBJECTIONS TO DISCLOSURE OF CONFIDENTIAL MATERIALS** |

I, David J. Marroso, declare and state as follows:

1.     I am an attorney at O'Melveny & Myers LLP, counsel for non-party Top Rank, Inc. ("Top Rank"). I am a member in good standing of the State Bar of California and admitted *pro hac vice* in this Court. I make this declaration in support of Top Rank's Objections to Disclosure of Confidential Materials. I have personal knowledge of the facts stated in this declaration and if called to testify could and would testify competently thereto.

2.     For several years, my firm has represented Top Rank on various matters.

3.     On January 23, 2017 and February 2, 2017, Plaintiffs served a deposition subpoena on Top Rank's founder and Chief Executive Robert Arum and a document subpoena on Top Rank seeking Top Rank's financial statements, bout and promotional agreements, and other information regarding its financial performance. *See* ECF No. 470-6 & 470-7. On April 25, 2017, both Top Rank and Mr. Arum served formal objections to their respective subpoenas for multiple reasons including the confidential nature of the information requested. ECF No. 470-11. Following service of those objections, Top Rank and Mr. Arum had several discussions with Plaintiffs regarding the requested discovery and continued to attempt to compromise, without success.

4.     On July 31, 2017, Plaintiffs filed a motion to compel arguing this information was pertinent to the dispute and could be designated Attorneys' Eyes Only (AEO) subject to the Protective Order. ECF No. 470. Top Rank and Mr. Arum objected to the motion to compel, on August 23, 2017, arguing, among other things, that the information sought was highly confidential proprietary information that, if disclosed, would cause harm to Top Rank's business. *See* ECF No. 481. Prior to the hearing on the motion to compel, Plaintiffs agreed to narrow the scope of their requests, and permitted Top Rank to produce its confidential information subject to the Protective Order and designated as AEO.

5.     Conditioned on Plaintiffs' promise to maintain the confidentiality of Top Rank's confidential and proprietary information, on October 12, 2017, Top Rank produced the Declaration of David Lopez, which included Top Rank's fighter share in gross revenue for the years 2013 to 2016, and Mr. Arum was deposed on October 17, 2017. The Lopez Declaration

1  was marked as Confidential-AEO subject to the Protective Order when produced, as were certain
2  statements in Mr. Arum's deposition transcript on November 20, 2017. The parties did not object
3  to these designations.

4        6.    On May 28, 2019, Top Rank received notice of potential disclosure of Mr. Arum's
5  deposition and the Lopez Declaration during upcoming public evidentiary hearings in the
6  underlying matter.

7        7.    On May 31, 2019, Top Rank and Mr. Arum notified the parties that they objected
8  to disclosure of materials designated as Confidential-AEO.

9        8.    My colleague, Brooke Jenkins, at my direction, had a meet and confer with the
10  parties on June 5, 2019, during which Plaintiffs offered to send Top Rank excerpts of its expert
11  reports citing to Top Rank's AEO-information. Plaintiffs sent the aforementioned excerpts
12  following the meet and confer and asked Top Rank to waive disclosure of said materials.
13  Plaintiffs provided eight excerpts citing to information designated as Confidential-AEO by Top
14  Rank or Mr. Arum.

15       9.    On June 9, 2019, Top Rank and Mr. Arum permitted disclosure to all but one
16  paragraph, ¶ 85 in Plaintiffs' expert report, in the eight excerpts provided by Plaintiffs.

17       10.   Plaintiffs notified Top Rank and Mr. Arum on June 13, 2019 that they do not agree
18  to seal the one paragraph referenced in paragraph 9.

19       I declare under penalty of perjury under the laws of the United States of America that the
20  foregoing is true and correct. Executed at Los Angeles, California on June 14, 2019.

_____
David Marroso