WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DEFENDANT ZUFFA, LLC'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST DOCUMENTS** |

## TABLE OF CONTENTS

BACKGROUND .................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

    I.    Plaintiffs Improperly Seek to Use Expert Materials From an Unrelated Litigation That are Either Unreliable or Were Not Timely Disclosed .................................................... 2

    II.    Plaintiffs improperly seek to use documents that are inherently unreliable .................. 5

    III.    Plaintiffs improperly seek to use a document that is irrelevant to Plaintiffs' experts' opinions .......................................................................................................................... 7

    IV.    Plaintiffs Seek to Use Numerous Documents That Contain Hearsay That Should Not be Admitted for the Truth of the Matter Asserted ........................................................... 7

    V.    Plaintiffs Improperly Seek to Include Documents that Have Not Been Timely Disclosed ........................................................................................................................ 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Baskim Holdings, Inc. v. Two M, Inc.*
    2018 WL 4880758 (D. Nev. June 8, 2018) .................................................................. 5

*Doan v. Astrue*
    2010 WL 234935 (S.D. Cal. Jan. 12, 2010) ................................................................ 3

*Fosmire v. Progressive Max Ins. Co.*
    277 F.R.D. 625 (W.D. Wash. 2011) ........................................................................... 2

*Golden Boy Promotions., LLC v. Haymon*
    Case No. 2:15-cv-3378-JFW-MRW, in the Central District of California ......... 2, 3, 4

*In re ConAgra Foods, Inc.*
    302 F.R.D. 537 (C.D. Cal. 2014) ................................................................................ 3

*In re Imperial Credit Indus., Inc. Sec. Litig.*
    252 F. Supp. 2d 1005 (C.D. Cal. 2003) ...................................................................... 3

*Luke v. Family Care & Urgent Med. Clinics*
    323 F. App'x 496 (9th Cir. 2009) ............................................................................... 4

*Paddack v. Dave Christensen, Inc.*
    745 F.2d 1254 (9th Cir. 1984) .................................................................................... 8

**RULES**

Federal Rules of Civil Procedure 26(e) ............................................................................ 4, 5, 8

Federal Rules of Evidence 703 ............................................................................................... 8

Federal Rules of Evidence 901 ............................................................................................... 5

Defendant Zuffa, LLC ("Zuffa") submits its objections to certain of the exhibits listed in Plaintiffs' exhibit list of documents to be used at the evidentiary hearings scheduled in this case for August 26-30 and September 12-13, 2019 (the "Evidentiary Hearings"), and seeks to have the below-described exhibits excluded from the Evidentiary Hearings.

**BACKGROUND**

On February 1, 2019, this Court held a Pre-Hearing Conference regarding the Evidentiary Hearings, and ordered the parties to exchange exhibit lists, meet and confer regarding those exhibit lists, and file any objections to the exhibit lists by June 14, 2019. ECF No. 649. On May 24, the parties exchanged exhibit lists, and participated in two meet and confer sessions regarding those lists from May 28 to June 7. In preparation for the meet and confer sessions, Zuffa initially objected to the use of 28 of Plaintiffs' 771 exhibits as well as preserving its objections to documents on the basis of hearsay. Twelve (12) of Zuffa's initial objections related to Plaintiffs' failure to list complete documents on their initial exhibit list. On June 6, Plaintiffs agreed to add 12 documents to their exhibit list to address Zuffa's completeness objections.

Zuffa maintains objections to the admissibility of only a small group of documents listed below. Plaintiffs' Exhibit List currently contains 771 exhibits and Zuffa does not object to the admissibility (in some cases for the appropriate limited purpose) of nearly 98% of those exhibits.[1] Zuffa's limited outstanding objections fall into five categories: (1) documents from an unrelated litigation that are inherently unreliable and/or untimely; (2) documents generated by third parties that are inherently unreliable; (3) a document that is irrelevant to Plaintiffs' experts' opinions and confuses the issues to be considered; (4) documents that are inadmissible on the basis of hearsay; and (5) materials that were not timely disclosed.

**ARGUMENT**

During the Pre-Hearing Conference held on February 1, 2019, the Court stated that the

---

[1] Zuffa does object to a large number of exhibits on the basis that they contain hearsay. However, Zuffa objects to their admissibility only to the extent that Plaintiffs would attempt to admit or use them otherwise to establish the truth of the matter asserted in the hearsay statements they contain. *See supra*, § IV.

parties could object to documents that a party "views as so completely unreliable that the Court really just should not consider it." Transcript at 9:22-23. A list of the exhibits to which Zuffa objects and Zuffa's specific objections is attached as Exhibit A to the Declaration of Nicholas A. Widnell ("Widnell Decl.") in support of this motion.

**I. Plaintiffs Improperly Seek to Use Expert Materials From an Unrelated Litigation That are Either Unreliable or Were Not Timely Disclosed.**

Zuffa initially objects to admission of two documents on Plaintiff's exhibit list: (1) the Expert Report of Gene Deetz, CPA/ABV, ASA, CFF (Sep. 6, 2016), which is an attachment to the Declaration of Gene Deetz in Support of Opposition to Defendants' Motions for Summary Judgment, Case No. 15-cv-3378, Dkt. No, 327-1 (Nov. 9, 2016); and (2) ECF No. 322-14, which is an attachment to Defendants' Motion to Exclude Gene Deetz, Case No. 2:15-cv-003378-JFW-MRW, Dkt. No. 322 (Jan. 6, 2017) (together, the "Deetz Report"). Widnell Decl., Ex. A, Decl. of Brent K. Nakamura in Support of Zuffa's Objections To Pls' Ex. List Documents ("Nakamura Decl."), Exs. 1-2.[2] The Deetz Report is a redacted expert report and excerpts of the data used in that report, prepared by a third party for use in a separate and unrelated lawsuit.[3]

In his opinion relating to revenue share paid to boxers, Dr. Andrew Zimbalist ignores the data produced by boxing promoter Golden Boy in this matter and relies instead on data from the Deetz Report. The data in the Deetz Report is directly contradicted by data produced by Golden Boy in this case, which shows a drastically lower share of revenue paid to Golden Boy boxers. Ex. 3, GBP000001 ("Golden Boy Promotions Profit & Loss – 2015") (PTRR of 29% ($11,613,960.46 / $40,113,787.29)); Ex. 4, GBP000002 ("Golden Boy Promotions Profit & Loss – 2016") (PTRR of 14% = ($7,800,365.90 / $55,195,256.93)).

In its Daubert Motion, Zuffa challenged Dr. Zimbalist's use of this data as unreliable because Dr. Zimbalist failed to independently verify the data. ECF No. 522, at 20-22; *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 630 (W.D. Wash. 2011); *Doan v. Astrue,* 2010 WL

---

[2] All numbered exhibits referenced are exhibits to the Nakamura Declaration.
[3] The Deetz Report was used in *Golden Boy Promotions., LLC v. Haymon*, Case No. 2:15-cv-3378-JFW-MRW, in the Central District of California (the "*Golden Boy* Litigation").

234935 at *4 (S.D. Cal. Jan. 12, 2010).  Dr. Zimbalist admitted in his deposition that he "didn't take any steps to independently verify the data." Ex. 20, Zimbalist Dep. 152:20-24.

Without verifying the data in the Deetz Report, Dr. Zimbalist had no way to determine whether that information accurately reflected the underlying data or to what extent it may have been manipulated for the purpose of the *Golden Boy* Litigation.  Third-party expert reports are disallowed because "an opinion which is generated solely for the purposes of litigation" does not "bear independent indicia of reliability." *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003).  Unverified third-party data must be excluded absent "independent evaluation of that evidence." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 556 (C.D. Cal. 2014) (excluding expert testimony regarding unverified third party data).

Zuffa also objects to the admission of eleven previously undisclosed documents on Plaintiffs' exhibit list from the *Golden Boy* Litigation.  These additional materials are:

- Declaration of Gene Deetz (Nov. 8, 2016) Case No. 15-cv-3378, Dkt. No. 237 (Nov. 9, 2016), Ex. 5;

- Defendants' Mot. To Exclude Gene Deetz, Case No. 15-cv-3378, Dkt. No. 322 (Jan. 6, 2017), Ex. 6;

- Excerpts of Deposition of Gene Deetz (Oct. 9, 2016), Case No. 15-cv-3378, Dkt. No. 322-3 (Jan. 6, 2017), Ex. 7;

- Excerpts of Unredacted Report of Gene Deetz (Sep. 6, 2016),  Case No. 15-cv-3378, Dkt. No. 322-2 (Jan. 6, 2017), Ex. 8;

- Exhibit 35 Part 1, Case No. 15-cv-3378, Dkt. No. 237-2 (Nov. 9, 2016) (redacted version of an exhibit to Golden Boy's summary judgment filing including a list of bouts from various boxing events), Ex. 9;

- Exhibit 35 Part 2, Case No. 15-cv-3378, Dkt. No. 237-3 (Nov. 9, 2016) (second portion of the same exhibit as "Exhibit 35, Part 1" to Golden Boy's summary judgment filing including a list of bouts from various boxing events), Ex. 10;

- Redacted Expert Report of Gene Deetz (Sep. 6, 2016) Case No. 15-cv-3378, Dkt. No. 237-1 (Nov. 9, 2016), Ex. 11; and

- Sbardellati Declaration, Case No. 15-cv-3378, Dkt. No. 322-3[4] (Jan. 6, 2017), Ex. 12.

These documents suffer from the same unreliability issues that make the Deetz Report inadmissible: they are unverified by Plaintiffs' expert, contradicted by the data produced *in this lawsuit*, and are third party information from a separate lawsuit without independent indicia of reliability.

In addition, they come too late. These documents were readily available before the close of the discovery period and the submission of Plaintiffs' expert materials. Pursuant to Federal Rules of Civil Procedure 26(e), a party "must supplement or correct its disclosures or response" and it must be "in a timely manner…if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26. A party has a duty to supplement expert reports that "extends both to information included in the report and to information given during the expert's deposition." *Id*. And supplementation under these rules is limited to "correcting inaccuracies, or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure*." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (quotations omitted; emphasis added) (district court properly excluded expert materials submitted a few days before close of discovery).

Plaintiffs' new documents were filed at the same time or before the Deetz Report that was used in Dr. Zimbalist's original report; the most recent of these documents were added to the *Golden Boy* Litigation docket in January of 2017, eight months before Dr. Zimbalist's initial expert report. There is thus no reason Dr. Zimbalist could not have used these materials in either his original or rebuttal reports. The proper time to disclose these documents was when the expert reports were disclosed, or failing that, in a FRCP 26(e) supplement. Plaintiffs do not have "the right to update the report after the deadline with information and opinions that were available before the deadline." *Baskim Holdings, Inc. v. Two M, Inc.*, 2018 WL 4880758, at *1 (D. Nev.

---

[4] In their exhibit list, Plaintiffs described this document as Dkt. No. 322-3. Dkt. No 322-3 is not the Declaration of Elizabeth Sbardellati. Zuffa believes Plaintiffs meant to list Dkt. No 322-11 and have attached that document as Ex. 12. Zuffa objects to both documents: 322-3 and 322-11.

1   June 8, 2018).  Disclosing these documents more than two years after Plaintiffs were reasonably
2   aware of their existence is an untimely disclosure contrary to FRCP 26(e).

3   **II.     Plaintiffs improperly seek to use documents that are inherently unreliable.**

4          Plaintiffs included on their exhibit list three other documents that are inherently unreliable
5   and inauthentic pursuant to FRE 901 because there is no evidence or information regarding how
6   the documents were prepared, the data or information used for their preparation, or any testimony
7   from the third parties regarding who prepared the documents.  These documents are ZFL-
8   1241786; ZFL-2508355; and DB-ZUFFA-00007249.  Exs. 13-15.

9          ZFL-1241786 is a presentation prepared by a third party, Banco BTG Pactual S.A. ("BTG
10  Pactual"), in connection with BTG Pactual's interest in the potential acquisition of Zuffa's
11  Brazilian operations in 2012.  BTG Pactual was not subpoenaed for either documents or
12  testimony in this case, and no Zuffa witnesses were asked about this document.  The summary of
13  the document indicates that BTG Pactual provided the document to Zuffa as part of its
14  "considerations about a potential sale of a minority stake of its operations in Brazil."  *Id.* at -787.
15  The document, which is commonly referred to as a "pitch deck" because a third party business
16  pitches itself to a company, contains unverified statements with no supporting data or citations,
17  including statements regarding Zuffa's market share that Dr. Hal Singer cites in his report.  ECF
18  No. 524-3, August 31, 2017 Expert Report of Dr. Hal J. Singer ("Singer I") ¶ 130.  Dr. Singer
19  should not be allowed to rely on a document – particularly to support his statements regarding the
20  relevant antitrust market in this case – which is unauthenticated and for which no foundation has
21  been laid.  This third-party pitch document is inherently unreliable and should be excluded.

22         ZFL-2508355 is another third-party pitch document.  This presentation was created by
23  Vinci Partners ("Vinci") and titled, "A View on a Zuffa's Strategy Toward Brazil."  As the title
24  suggests, the document appears to be Vinci's views about Zuffa, and is not based on any reliable
25  data or information.

26         Plaintiffs attempted to authenticate or lay a foundation for this document's use through the
27  depositions of Zuffa executives, but the executives confirmed only that the document is
28

inherently unreliable and not based on any vetted data or information.  Zuffa's former Chief Financial Officer, Nakisa Bidarian, testified that he did not ask Vinci to prepare the presentation, that he and others at Zuffa had not met with them, and said: "I don't think we'd shared much information with Vinci at that point, so I couldn't determine whether they were going to be an investor or not."  Ex. 16, Bidarian Dep. 66:19-67:2, 67:21-68:2.  Mr. Bidarian further testified that the UFC had not yet met with Vinci at the time the presentation was emailed to it.  *Id.* at 69:9-18.  When asked about specific information in the document, Mr. Bidarian noted that certain information in the document was incorrect, and testified, "This is a document created by Vinci.  I mean, I have no idea where they got their thought process from or what they were thinking when they wrote that, so it's not possible for me to kind of make any statement to anything they presented in this presentation.  I'm not even sure I understand the logic of the page, so . . . ."  *Id.* at 72:2-21.  Other Zuffa executives mirrored Mr. Bidarian's concerns about the substance of the document.[5]

Plaintiffs chose not to subpoena Vinci for either documents or testimony and, accordingly, no foundation has been laid for its use.  Yet, Dr. Singer nonetheless relied on the document to support his opinions regarding the effect of Zuffa's contracts with athletes, falsely describing it as an "internal strategy presentation."  Singer I ¶ 162.  The record evidence unequivocally shows that this third party pitch document is inherently unreliable and should be excluded.

DB-ZUFFA-00007249 was produced by third party Deutsche Bank, and appears to be a partial document, without a cover page or anything identifying its date or purpose, regarding the UFC's international operations.  It appears to have been created by another third party – one who was not subpoenaed for either documents or testimony in this case – named Futures Sport & Entertainment.  DB-ZUFFA-00007249 at -7284.  The producing party, Deutsche Bank, was not asked about this document during the company's 30(b)(6) deposition, and there is no foundation

---

[5] Zuffa's Senior Vice-President of Strategy, Denitza Batchvarova, testified that she had no conversations with Vinci, had no input into the presentation, and testified, "I don't believe this was a presentation that I was put to verify or any collaboration with them.  It seems like it was a presentation that they did develop by themselves."  Ex. 17, Batchvarova Dep. 199:5-11.  Zuffa's former Chief Legal Officer had no recollection of Vinci.  Ex. 18, Hendrick Dep. 137:3-138:2.

upon which to admit this document as evidence.  Without evidence of the document's purpose or the underlying data, the document is inherently unreliable and should be excluded.

**III.    Plaintiffs improperly seek to use a document that is irrelevant to Plaintiffs' experts' opinions.**

Plaintiffs included on their exhibit list a document that contains sensitive personal information but is irrelevant to Plaintiffs' experts' opinions and should be excluded.  Pursuant to FRE 403, the court may exclude evidence "if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . or needlessly presenting cumulative evidence."  The document, ZUF-00096950, Ex. 19, is an internal document regarding Zuffa employee compensation, and includes personal salary, bonus, and Employee Participation Plan information regarding Zuffa executives and employees.  Dr. Singer cites this document solely to list the names and titles of certain Zuffa executives. Singer I ¶ 24.  Information relating to Zuffa executives' names and titles is available throughout other documentary evidence as well as in the deposition transcripts of the listed executives, each of whom was deposed on at least one occasion in this case.  The substantive compensation information contained in the document is irrelevant to Dr. Singer's opinions and needlessly seeks to use evidence regarding undisputed issues (Zuffa executives' names and titles) while putting irrelevant information regarding Zuffa executives' compensation to confuse the issues to be considered by the Court.  As a result, this document should be excluded from use at the Evidentiary Hearings.

**IV.    Plaintiffs Seek to Use Numerous Documents That Contain Hearsay That Should Not be Admitted for the Truth of the Matter Asserted.**

Zuffa understands the purpose of the evidentiary hearing is to provide the Court an opportunity to hear testimony from the experts in this case to better understand their opinions and decide whether the proposed class can be certified based on those expert opinions. Dec. 14, 2018 Hrg. Tr., ECF No. 627, 11:12-13:10.  Zuffa recognizes that experts may consider inadmissible evidence when forming their opinions.  As a result, Zuffa does not object to the admission of documents containing inadmissible hearsay being used at this hearing to establish the basis for an

expert's opinion. Zuffa only objects to the admission of such exhibits for their truth. Fed. R. Evid. 703; *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261-62 (9th Cir. 1984) (hearsay evidence was inadmissible to prove existence of deficiencies in contributions to funds but was admissible for limited purpose of explaining basis of auditor's opinion alleging deficiencies).

To address this concern, Zuffa proposed the following stipulation to Plaintiffs during the meet and confer process, which they rejected:

> The Parties agree that exhibits identified as containing hearsay statements may be used during the hearing to the extent an expert has considered that exhibit in forming an opinion, but not to establish the truth of the matter asserted by the hearsay statement.

Widnell Decl. ¶¶ 6-7.

Zuffa now requests the Court hold that, along the lines of its proposed stipulation, any exhibit containing hearsay statements that is admitted at the evidentiary only be admitted for the purpose of establishing that an expert relied on the document containing the hearsay statement. Zuffa has identified the documents on Plaintiffs' exhibit list that contain such hearsay statements and attached it as Ex. C to this motion. Zuffa objects to the admission of any of the identified exhibits to the extent they are admitted for the truth of the matter asserted in the hearsay statements therein.

V. **Plaintiffs Improperly Seek to Include Documents that Have Not Been Timely Disclosed.**

Plaintiffs seek to include three other documents that pre-date all expert reports and were not included in a FRCP 26(e) supplement: American Bar Association, *Telecom Antitrust Handbook* (2nd ed. 2013); John M. Connor, *Forensic Economics: An Introduction with a Special Emphasis on Price Fixing*, 4(1) Journal of Competition Law and Economics 31 (2007); and Justin McCrary & Daniel Rubinfeld, *Measuring Benchmark Damages in Antitrust Litigation*, 3 Journal of Econometric Methods 1 (2014).[6] Exs. 20-21. In addition to their untimely disclosure,

---

[6] As the ABA *Telecomm Antitrust Handbook* is a large textbook, Zuffa has not filed a copy of the book on the docket. At the Court's request, Zuffa will provide the Court with a copy of the textbook.

Plaintiffs lack all foundation to introduce these documents, as any explanation will require expert testimony.

**CONCLUSION**

For the foregoing reasons, Zuffa objects to the admissibility of the documents listed on Exhibit A the Declaration of Nicholas A. Widnell and respectfully requests that the Court exclude the use of such documents from the Evidentiary Hearings.

| | | |
|---|---|---|
| 1 | Dated: June 14, 2019 | Respectfully Submitted, |
| 2 | | BOIES SCHILLER FLEXNER LLP |

By: /s/ William A. Isaacson
William A. Isaacson
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

William A. Isaacson (*Pro Hac Vice*)
Stacey K. Grigsby (*Pro Hac Vice*)
Nicholas A. Widnell (*Pro Hac Vice*)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
Email: wisaacson@bsfllp.com
sgrigsby@bsfllp.com
nwidnell@bsfllp.com

Donald J. Campbell #1216
J. Colby Williams #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540
Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Richard J. Pocker #3568
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382 7300
Fax: (702) 382 2755
Email: rpocker@bsfllp.com

*Attorneys for Defendant* Zuffa, LLC, d/b/a Ultimate
Fighting Championship and UFC