WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W., Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(PAL)<br><br>**ZUFFA, LLC'S MOTION TO SEAL EXHIBITS AND PROTECTED MATERIALS AT THE EVIDENTIARY HEARING ON CLASS CERTIFICATION** |

ZUFFA MOT. TO SEAL EXH. AND PROT. MATERIALS AT HRG. ON CLASS CERT.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    I.    Standard Of Review ................................................................................... 2

    II.    Zuffa Proposes to Seal Only the Most Critically Competitively Sensitive Information. ................................................................................................ 2

    III.    Consistent with Its Positions in Earlier Briefing, Zuffa Seeks to Redact Portions of Its Contracts with Athletes. ...................................................... 3

    IV.    Zuffa's Post-2013 Financial Information is Properly Filed Under Seal. ................. 4

    V.    Zuffa's Post-2013 Trade Secret Business Information is Properly Filed Under Seal. ................................................................................................ 6

    VI.    Plaintiffs Have Indicated They Do Not Oppose Sealing Private Third-Party Information. ...................................................................................... 7

    VII.    Zuffa Seeks To Conditionally File Under Seal Exhibits Attached To Its Objections to Plaintiffs' Exhibit List Documents. ...................................... 7

CONCLUSION ...................................................................................................................... 8

i

ZUFFA MOT. TO SEAL EXH. AND PROT. MATERIALS AT HRG. ON CLASS CERT.

# TABLE OF AUTHORITIES

## CASES

*Apple Inc. v. Samsung Elecs. Co.*
   727 F.3d 1214 (Fed. Cir. 2013) ................................................................................. 5, 6, 7

*Audionics Sys. Inc. v. AAMP of Fla., Inc.*
   No. CV 12-10763 MMM (JEMx), 2014 WL 12586590 (C.D. Cal. Mar. 17, 2014) ................... 5

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*
   No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920 (D. Nev. May 5, 2016) ......................... 5, 7

*Center for Auto Safety v. Chrysler Group, LLC*
   809 F3d 1092 (9th Cir. 2016) ............................................................................................ 2

*Cochoit v. Schiff Nutrition Int'l, Inc.*
   No. SACV1601371CJCKESX, 2018 WL 1895695 (C.D. Cal. Apr. 19, 2018) ...................... 2

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
   No. C-01-21151 JW (PVT), 2007 WL 902568 (N.D. Cal. Mar. 22, 2007) ............................ 5

*In re Elec. Arts, Inc.*
   298 Fed. App'x 568 (9th Cir. 2008) ......................................................................... 5, 6, 7

*Kamakana v. City and County of Honolulu*
   447 F3d. 1172 (9th Cir. 2009) ........................................................................................ 2, 3

*Nixon v. Warner Commc'ns, Inc.*
   435 U.S. 589 (1978) ..................................................................................................... 2, 3, 6

*Saint Alphonsus Med. Ct. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*
   No. 1:12-CV-00560-BLW, ECF No. 209 (D. Idaho Sept. 17, 2013) ..................................... 3

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*
   No. 1:12-CV-00560-BLW, 2013 WL 5883736 (D. Idaho Oct. 18, 2013) .............................. 3

*Selling Source, LLC v. Red River Ventures, LLC*
   No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338 (D. Nev. Apr. 29, 2011) .................. 5, 7

*Walker v. Univ. Books, Inc.*
   602 F.2d 859 (9th Cir. 1979) ............................................................................................ 5

## INTRODUCTION

Pursuant to the Court's request that the Parties submit objections regarding what should and should not be sealed at the upcoming evidentiary hearing on class certification, Zuffa, LLC ("Zuffa") submits this motion to seal certain exhibits and protected materials at the evidentiary hearing. Feb. 1, 2019 Hr'g Tr., ECF No. 651, 9:5-21.  On May 24, 2019, Zuffa and Plaintiffs (collectively, "the Parties") exchanged exhibit lists.  Declaration of Stacey K. Grigsby in Support of Zuffa, LLC's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification ("Grigsby Decl."), Ex. A ("Nakamura Decl."), ¶ 3.  The Parties then met and conferred through June 7 regarding exhibits produced by Zuffa and listed on their exhibit lists. *Id.* at ¶ 4.  In addition, the Parties have met and conferred with third parties regarding exhibits produced by those third parties that were listed on either party's exhibit list or in Plaintiffs' disclosure list.  *Id.* at ¶ 6.  Finally, the Parties have met and conferred about documents that were not included on their exhibit lists but which may be used at the evidentiary hearings, including depositions.  *Id.* at ¶ 5.

During this meet and confer process, the Parties were able to reach two agreements regarding information that should be sealed at the evidentiary hearing:

1. If any athlete-specific compensation is, for any reason, revealed publicly, the name of the athlete must be redacted.

2. If a document contains an athlete's personal information, such as a phone number, or a specific athlete injury, such as a torn rotator cuff, this personal information should be redacted.

*Id.* at ¶ 4.

There remain several categories of information the Parties were not able to reach an agreement on that Zuffa maintains are properly sealed at the evidentiary hearing.  Zuffa maintains that exhibits on both Zuffa's and Plaintiffs' exhibit lists, as well as other protected materials, including the deposition transcripts in this case, that may be used at the evidentiary hearing should be sealed or redacted where they contain Zuffa's competitively sensitive information.  To the extent the Court wishes to review for itself the documents that are at issue, Zuffa proposes the Court conduct an *in camera* review of these materials, as these materials have been listed for

potential use at the evidentiary hearing but not yet filed on the docket, and may ultimately not be used at the evidentiary hearing. If the Court wishes to conduct such a review, Zuffa will provide materials to the Court for review.

## ARGUMENT

### I.  Standard Of Review

The Ninth Circuit has not clearly determined whether the lower "good cause" or more stringent "compelling reasons" standard applies to proceedings regarding class certification. *Kamakana v. City and County of Honolulu* makes clear that documents attached to non-dispositive motions need only meet the good cause standard, whereas compelling reasons must exist to justify sealing documents attached to a dispositive motion. 447 F.3d 1172, 1179-80 (9th Cir. 2006). The "Ninth Circuit has not yet determined whether a motion for class certification is a dispositive motion subject to the 'compelling reasons' sealing standard." *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. SACV1601371CJCKESX, 2018 WL 1895695, at *1 (C.D. Cal. Apr. 19, 2018) (internal citation and quotations omitted). The court in *Cochoit* did, however, acknowledge that district courts in the Night Circuit "have generally considered motions for class certification nondispositive." *Id.* (internal citation and quotations omitted). In *Center for Auto Safety v. Chrysler Group, LLC*, the Ninth Circuit provided a limited number of examples of "other motions that go to the heart of a case," listing only preliminary injunctions and motions in limine, not class certification. 809 F.3d 1092, 1098 (9th Cir. 2016). Zuffa believes that the "good cause" standard applies to the pending non-dispositive class certification motion and evidentiary hearing. However, in line with Zuffa's narrow approach to sealing documents and because the Ninth Circuit has not issued a clear holding on this issue, Zuffa seeks to seal only documents that meet the higher compelling reasons standard.

### II.  Zuffa Proposes to Seal Only the Most Critically Competitively Sensitive Information.

The "right to inspect and copy judicial records is not absolute" and access is properly denied where court files would serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

(citations omitted).  It is well settled that while "court proceedings and records are presumptively open to the public," this right "may give way upon a convincing showing that the testimony or document contains 'sources of business information that might harm a litigant's competitive standing.'" *Saint Alphonsus Med. Ct. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, ECF No. 209 at 2-3 (D. Idaho Sept. 17, 2013) (quoting *Nixon*, 435 U.S. at 598).  As such, "case law holds that compelling reasons exist to seal trial material when the material contains sensitive trade secrets that could cause substantial harm if publically disseminated." *Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 1:12-CV-00560-BLW, 2013 WL 5883736, at *1 (D. Idaho Oct. 18, 2013) (citing *Kamakana*, 447 F.3d at 1178-80).

Zuffa has consistently asserted that the documents and materials in this case it has sought to seal contain sensitive information and are properly sealed under the "compelling reasons" standard.  Zuffa has narrowly tailored its sealing requests to only the most highly competitively sensitive information.  Zuffa proposes that the following categories of information be filed under seal and otherwise protected from public disclosure:

1. Identifying information of athletes in Zuffa's contracts with its athletes.
2. Materials containing Zuffa's post-2013 financials, especially Zuffa's detailed event-level costs and revenues.
3. Materials containing Zuffa's post-2013 trade secret business information, including internal valuations, analyses, projections, and strategies.
4. Sensitive, private third-party information, such as information concerning specific athlete injuries or third-party personal information, including phone numbers and addresses.

III. Consistent with Its Positions in Earlier Briefing, Zuffa Seeks to Redact Portions of Its Contracts with Athletes.

In its Proposal Regarding the Treatment of Protected Material for the Evidentiary Hearings on Class Certification, Zuffa included the following statement:

> Zuffa believes that, consistent with the representations made by Bellator's President and outside counsel, its financial information, including wage share, aggregate revenue, cost, and related financial information, and its contracts with MMA athletes, including athlete compensation numbers, are extremely competitively sensitive and that compelling reasons exist to seal that information.

3
ZUFFA MOT. TO SEAL EXH. AND PROT. MATERIALS AT HRG. ON CLASS CERT.

> However, if Bellator and other MMA competitors do not object to the public disclosure of that information, Zuffa will withdraw its requests to seal those materials. As a market participant, Zuffa is concerned that disclosing only Zuffa's alleged wage share, athlete contract, athlete compensation and other information—while permitting the information of its competitors to remain under seal—would put Zuffa at a competitive disadvantage.

ECF No. 632 at 7.

On June 5, 2019, the Parties met and conferred with counsel for Bellator regarding documents produced by Bellator that appeared on the Parties' exhibit lists. Nakamura Decl. ¶ 7. At that time, Bellator's counsel indicated that, provided that the Parties redacted any identifying athlete-specific information such as names, weight class, and similar information, Bellator would not object to the disclosure of its athlete contracts. *Id.*

Zuffa has previously sought to seal its contracts with its athletes in their entirety. However, Zuffa now seeks to limit its redactions to only the type of information Bellator seeks to redact in its contracts. Specifically, Zuffa seeks to file under seal and preclude from public disclosure athlete names, weight class, compensation information, and any other information that would permit the public to identify the athlete. This information, if disclosed in whole or in part, would permit Zuffa's competitors and the public to access highly sensitive personal information and competitively sensitive confidential information that was the result of individualized negotiations with athletes. Disclosure of this information is very likely to cause Zuffa significant competitive harm, Grigsby Decl., Ex. B, Decl. of Wm. Hunter Campbell ("Campbell Decl."), and may also harm the athletes involved, ECF No. 589-1, Decl. of Ali Abdelaziz ¶¶ 4-5.

IV.  <u>Zuffa's Post-2013 Financial Information is Properly Filed Under Seal.</u>

Compelling reasons exist to seal Zuffa's financial, compensation, and revenue information, including wage share, that post-dates 2013. Information from the past five years is properly filed under seal. This information is highly competitively sensitive because it is trade secret information that, if revealed, would allow competitors to gain an unearned competitive advantage over Zuffa through increased advantages and leverage over Zuffa in negotiations with venues, sponsors, athletes, as well as in other areas through their unilateral ability to determine Zuffa's costs, revenue, and trade secret business strategies. Campbell Decl. ¶¶ 3-4. Zuffa's current financials, trends, and its current decisions and strategies related to its expenses are all

highly competitively sensitive.  Campbell Decl. ¶¶ 3-5.

   The Federal Circuit, applying Ninth Circuit law, has recognized that compelling reasons exist to seal financial information such as "costs, sales, profits, and profit margin." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224-25 (Fed. Cir. 2013).  Various other courts, including district courts in the District of Nevada, have similarly found compelling reasons to seal this type of competitively sensitive information.  *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09–cv–01491–JCM–GWF, 2011 WL 1630338, at *6-7 (D. Nev. Apr. 29, 2011); *see also Audionics Sys. Inc. v. AAMP of Fla., Inc.*, No. CV 12-10763 MMM (JEMx), 2014 WL 12586590, at *4-5 (C.D. Cal. Mar. 17, 2014).  Wage share—a compilation of information regarding Zuffa's "volume of business" and sales—is also properly sealed on this basis.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 902568, at *5 (N.D. Cal. Mar. 22, 2007) (citing *Walker v. Univ. Books, Inc.,* 602 F.2d 859, 865 n.2 (9th Cir. 1979)).[1]

   As to third-party documents, Zuffa also seeks to seal its confidential and highly commercially sensitive information, such as compensation, revenue, and related trade secret information from the categories listed above in those documents.  That Zuffa's highly sensitive information is in third-party documents (for example, in documents held by Zuffa's agents, bankers, or consultants) does not change the competitively sensitive nature the information.  If publicly disclosed, Zuffa's post-2013 revenue, cost, compensation, and trade secret information

---

[1] On May 23, 2019, Zuffa's parent company, Endeavor Group Holdings, Inc., formerly WME-IMG, filed Form S-1 with the Securities and Exchange Commission in anticipation of an initial public offering of stock.  Form S-1 Registration Statement of Endeavor Group Holdings, Inc., filed with the Securities and Exchange Commission (May 23, 2019).  While the form contains some information regarding Zuffa's revenue, expenses, debt, and related financial information from 2016, the form does not disclose the level of detail or breadth of information disclosed in the documents Zuffa seeks to seal such as more detailed financial information that provides information akin to the cost, pricing, and strategy information at issue in *Apple* and *Electronic Arts*.  727 F.3d 1214, 1223 (sealing "product-specific financial information, including costs, sales, profits, and profit margins"); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *see also* Campbell Decl. ¶ 5.

from third-party documents would provide competitors with the same unearned insights and unjustified advantages over Zuffa in the marketplace as if that information were disclosed directly from Zuffa's documents. The Supreme Court and Ninth Circuit have been clear: the key question in determining whether information is properly sealed under the "compelling reasons" standard is whether a company will suffer competitive harm from the public release of that company's confidential information. *Nixon v. Warner Commc'ns*, 435 U.S. at 598; *Elec. Arts, Inc.*, 298 Fed. App'x at 568-69 (citing *Nixon*, 435 U.S. at 598); *Apple*, 727 F.3d at 1228. This inquiry focuses on the competitive sensitivities of the information a company seeks to seal and the likely effect of public disclosure on the company, not whether that information comes from that company's documents or from third parties the company has entrusted with its confidential information. To find otherwise would improperly elevate form over substance and cause Zuffa significant irreparable competitive harm. *See Elec. Arts*, 298 F. App'x at 569-70 (holding that mandamus relief was appropriate to prevent the irreparable competitive harm that would result from public disclosure of trade secret information including "pricing terms, royalty rates, and guaranteed minimum payment terms").

V. <u>Zuffa's Post-2013 Trade Secret Business Information is Properly Filed Under Seal.</u>

Zuffa also seeks to seal its trade secret business information post-2013, including internal valuations, analyses, projections, and strategies. This includes, for example, internal PowerPoint decks prepared by Zuffa employees for internal Zuffa meetings discussing Zuffa's strategies for how to market its events, valuations and analyses of Zuffa's PPV sales, and plans for Zuffa's expansion into other countries. This also includes Zuffa's contracts with non-athlete third parties, such as Zuffa's sponsors. Zuffa seeks to seal information in this category that post-dates 2013 for similar reasons to its post-2013 cut-off for financials: this most recent information represents Zuffa's current strategies and release would provide competitors with significant and actionable insight into Zuffa's current business model and plans, providing them with an unjust and unearned competitive advantage. Campbell Decl. ¶¶ 6-7. In addition, some of Zuffa's contracts with third-parties executed within the past five years are still in force, and disclosure of their terms may harm not only Zuffa but also these third parties.

Courts, including the Ninth Circuit, have held that this type of information is properly sealed under the compelling reasons standard. *See, e.g.*, *In re Elec. Arts*, 298 Fed. App'x at 569; *Selling Source*, 2011 WL 1630338, at *6-7; *Bartech Int'l, Inc.*, 2016 WL 2593920, at *3. As the Federal Circuit has explained in applying Ninth Circuit law, compelling reasons exist to seal information that competitors "could not obtain anywhere else," including information that could provide a competitor with a "competitive advantage" by permitting that company to be the first to "introduce products with new features." *Apple*, 727 F.3d at 1228. In addition, for the reasons above, Zuffa seeks to seal its competitively sensitive trade secret information where it appears in third-party documents.

## VI. Plaintiffs Have Indicated They Do Not Oppose Sealing Private Third-Party Information.

In the course of Zuffa's meet and confers with Plaintiffs, Plaintiffs have stated they do not object to the sealing of private third-party information, such as phone numbers and specific fighter injuries. Nakamura Decl. ¶ 4. Compelling reasons exist to seal this information as disclosure of personal information has the potential to harm third parties not involved in this lawsuit.

## VII. Zuffa Seeks To Conditionally File Under Seal Exhibits Attached To Its Objections to Plaintiffs' Exhibit List Documents.

For the Court's review in ruling on Zuffa's objections to certain exhibits listed on Plaintiffs' exhibit list in Zuffa's concurrently filed Objections to Plaintiffs' Exhibit List Documents, Zuffa has attached certain documents produced by Zuffa and third parties. Zuffa believes that the documents bearing the Bates numbers DB-ZUFFA-00007249, ZUF-00096950, GBP000001, GBP000002, are properly filed under seal because they fall into the categories listed above and that "compelling reasons" therefore exist to seal those documents or because third parties have informed Zuffa and Plaintiffs that those documents contain sensitive information and are properly filed under seal. Each of these documents has been concurrently filed with this motion and are exhibits to the Declaration of Brent K. Nakamura in Support Of Defendant Zuffa, LLC's Objections to Plaintiffs' Exhibit List Documents.

| Document | Compelling Reason(s) to Seal |
|---|---|
| Ex. 15, DB-ZUFFA-00007249 | Designated confidential under the Revised Stipulation and Protective Order, ECF No. 217, by third-party Deutsche Bank; contains post-2013 trade secret and highly sensitive information regarding Zuffa broadcasting viewership, strategy, and proprietary insights and analysis regarding Zuffa. |
| Ex. 19, ZUF-00096950 | Contains sensitive Zuffa executive, employee, and third-party (former employee) compensation information; contains information regarding non-executive and non-high level Zuffa current and former employees which is properly redacted as the identities of those employees is not at issue in this action. |
| Ex. 3, GBP000001 | Designated highly confidential, attorney's eyes only under the Revised Stipulation and Protective Order, ECF No. 217, by third-party Golden Boy, who submitted formal objections to the public disclosure of its documents. |
| Ex. 4, GBP000002 | Designated highly confidential, attorney's eyes only under the Revised Stipulation and Protective Order, ECF No. 217, by third-party Golden Boy, who submitted formal objections to the public disclosure of its documents. |

Other than documents that contain Zuffa's highly sensitive confidential information, Zuffa takes no position on whether third-party documents that third parties seek to seal are properly filed under seal. If the Court holds that certain categories of documents are not properly filed under seal in whole or in part, Zuffa will file the relevant documents publicly. Zuffa seeks to file these documents conditionally under seal until the Court rules on Zuffa's motion to seal.

## CONCLUSION

For the reasons above, Zuffa respectfully requests that the Court grant its motion to seal certain exhibits and protected materials falling into the above-described categories. To ensure these materials remain confidential, Zuffa further requests that, in addition to being sealed on the public docket, these exhibits and protected materials be used at the hearing only in hard copy format to prevent their public display and disclosure during the hearing itself.

Dated: June 14, 2019                    Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382 7300; Fax: (702) 382 2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification was served on June 14, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick Crawford*

Roderick Crawford, an Employee of
Boies Schiller Flexner LLP