# EXHIBIT A

# Declaration of Brent K. Nakamura

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-(PAL)<br><br>**DECLARATION OF BRENT K. NAKAMURA IN SUPPORT OF ZUFFA, LLC'S MOTION TO SEAL EXHIBITS AND PROTECTED MATERIALS AT THE EVIDENTIARY HEARING ON CLASS CERTIFICATION** |

I, Brent K. Nakamura, declare as follows:

1. I am a member in good standing of the bars of the District of Columbia and the State of California. I am admitted *pro hac vice* to practice before this Court. I am an Associate in the law firm Boies Schiller Flexner LLP ("BSF") and counsel for Zuffa, LLC ("Zuffa") in the above captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-PAL.

2. I make this declaration in support of Zuffa's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification. Except where otherwise stated, based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

3. On May 24, 2019, counsel for Zuffa and Plaintiffs (collectively, the "Parties") exchanged exhibit lists of the documents they intend to use at the evidentiary hearings on class certification. On May 24, 2019, counsel for Zuffa also provided Plaintiffs a list of documents on its exhibit list Zuffa believed should be sealed. After receiving Plaintiffs' exhibit list, Zuffa also provided Plaintiffs with a list of documents on Plaintiffs' exhibit list Zuffa believed should be sealed.

4. From May 24, 2019 through June 7, 2019, counsel for Zuffa and Plaintiffs met and conferred repeatedly regarding the documents on the Parties' exhibit lists. During these meet and confer sessions, the Parties discussed which of Zuffa's documents were properly filed under seal. Plaintiffs objected to many of Zuffa's sealing positions, but the parties did reach two agreements: (1) if any athlete-specific compensation is, for any reason, revealed publicly, the name of the athlete should be redacted and not disclosed publicly; and (2) if a document contains an athlete's personal information, such as a phone number, or a specific athlete injury, such as a torn rotator cuff, this personal information should be redacted and not disclosed publicly.

5. During this same meet and confer period, the Parties also discussed whether documents not listed on the Parties' exhibit lists, including depositions, should be sealed in part. Zuffa provided Plaintiffs with information on what sections of the depositions in this case should be sealed and not disclosed publicly.

6. On May 28, 2019, Zuffa and Plaintiffs sent a joint letter to third parties whose documents appeared on the Parties' exhibit lists notifying them that their documents may be used at the upcoming evidentiary hearings. Between May 28, 2019 and June 11, 2019, counsel for Zuffa and Plaintiffs met and conferred with third parties regarding the documents the third parties produced.

7. On June 5, 2019, the Parties met and conferred with counsel for Bellator, a third party that produced documents in this case. During this meet and confer, Bellator's counsel indicated that, provided that the Parties redacted any identifying athlete-specific information such as names, weight class, and similar information, Bellator would not object to the public disclosure of its athlete contracts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 14th day of June, 2019 in Oakland, California.

*/s/ Brent K. Nakamura*
Brent K. Nakamura