BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and
Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,
Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' OPPOSITION TO NON-PARTIES WME/IMG, LLC AND THE RAINE GROUP LLC'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-3 AND 661-4)** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. THE DISPUTED DOCUMENTS .................................................................................. 3
    A. Raine ................................................................................................................... 3
    B. WME ................................................................................................................... 3
III. LEGAL STANDARD .................................................................................................... 4
IV. ARGUMENT .................................................................................................................. 6
    A. Objectors Have Failed to Provide Compelling Reasons to Seal Their Documents and Information ................................................................................ 6
        1. Objectors Do Not Have A Protectable Interest In Sealing Zuffa's Information ............................................................................................. 6
        2. The Documents Do Not Contain Trade Secret Information. ................. 7
        3. The Information Objectors Seek to Seal Is Too Old to Hold Any Competitive Value. ................................................................................ 8
        4. Raine Has Not Identified Any Third Parties Who May Be Asserting Confidentiality over the Disputed Documents. ..................................... 9
        5. Ninth Circuit Policy Favors Disclosure In Open Court. ...................... 10
V. CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ............................................... 7

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*,
   No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5,
   2016) ..................................................................................................................... 5, 7, 9

*Cen Com, Inc. v. Numerex Corp.*,
   No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698 (W.D. Wash. Feb. 5, 2018) ..................... 8

*Collectors Coffee Inc. v. Blue Sunsets, LLC*,
   No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273 (D. Nev. June 21,
   2017) ............................................................................................................................. 6

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
   101 F.R.D. 34 (C.D. Cal. 1984) ........................................................................................ 6

*Facebook, Inc. v. ConnectU, Inc.*,
   No. C 07-01389 JW, 2008 U.S. Dist. LEXIS 111682 (N.D. Cal. July 2, 2008) ....................... 5

*Fox Sports Net N. L.L.C. v. Minn. Twins P'ship*,
   319 F.3d 329 (8th Cir. 2003) ............................................................................................ 9

*Hodges v. Apple Inc.*,
   No. 13-cv-01128-WHO-(WHO), 2013 U.S. Dist. LEXIS 164674 (N.D. Cal. Nov.
   18, 2013) ....................................................................................................................... 5

*Kamakana v. City & Cty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) .................................................................................. 5, 8, 10

*Kenny v. Pac. Inv. Mgmt. Co. LLC*,
   No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788 (W.D. Wash. July 6, 2018) .................. 8

*Microsoft Corp. v. Motorola, Inc.*,
   No. C10-1823JLR, 2012 U.S. Dist. LEXIS (W.D. Wash. Nov. 12, 2012) ..................... 5, 7, 10

*Oliner v. Kontrabecki*,
   745 F.3d 1024 (9th Cir. 2014) .................................................................................. 4, 5, 10

*Open Text S.A. v. Box, Inc.*,
   No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484 (N.D. Cal. Dec. 26, 2014) ................... 8

*Phx. Newspapers, Inc. v. United States Dist. Court for Dist. of Ariz.*,
   156 F.3d 940 (9th Cir. 1998) .................................................................................... 4, 5, 10

*PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*,
  No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748 (N.D. Ill. Dec. 9, 2017) ........................... 8

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
  825 F.3d 299 (6th Cir. 2016) ................................................................................................ 10

*Spam Arrest, LLC v. Replacements, Ltd.*,
  No. C12-481RAJ, 2013 U.S. Dist. LEXIS 118224 (W.D. Wash. Aug. 20, 2013) ................... 8

*Strauss v. Credit Lyonnais, S.A.*,
  No. 06-CV-702 (DLI)(MDG), 2011 U.S. Dist. LEXIS 122695 (E.D.N.Y. Oct. 6,
  2011) ....................................................................................................................................... 7

iii

Case No.: 2:15-cv-01045 RFB-BNW

**PLAINTIFFS' OPPOSITION TO NON-PARTIES WME/IMG, LLC AND THE RAINE GROUP LLC'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-3 AND 661-4)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs file this brief in opposition to third-party The Raine Group LLC's ("Raine") and nominal third-party[1] WME/IMG, LLC's ("WME", together with Raine, "Objectors") objections to the potential use of their purportedly confidential information at the Court's upcoming evidentiary hearing (ECF Nos. 661-3 and 661-4) ("Objection"). On May 28, 2019, Plaintiffs notified third parties that purportedly confidential documents the third parties had produced in this litigation had been relied upon by Plaintiffs' experts and would therefore potentially be disclosed at the upcoming evidentiary hearing. As a result, both Raine and WME seek to seal certain documents relating to the sale of Zuffa in 2016 to WME.[2] These 2016 sale materials are not properly sealed. That Zuffa was sold in late 2016 is in the public realm. Any analyses relating to that sale are too old to hold any competitive value. And to the extent disclosure of the analyses may once have held the potential for competitive harm to unnamed third parties, that risk dissipated with the sale of Zuffa in 2016. Thus, the documents in question do not contain any third party's protectable trade secret information.

Raine asks the Court to seal five documents it produced to the Parties relating to the 2016 Zuffa sale. Virtually all of the information contained in these documents is Zuffa's information: not Raine's nor any other third party's. Raine states that it is "contractually obligated to maintain [Zuffa's information] as confidential." Raine Objection, June 14, 2019, ECF No. 661-4, at 2. But in its filing concerning its objections to exhibits, Zuffa states only that Raine has objected to the public disclosure of the materials to which Raine has objected: Zuffa does not raise objections on its own behalf.[3] Zuffa thus has not properly objected to the disclosure of the material and Raine cannot rely on Zuffa's objections to prevent disclosure.

---

[1] WME is not named as a defendant in this suit, but WME is the parent of Defendant Zuffa, LLC, having purchased Zuffa, LLC in 2016.

[2] RAINE0000575, RAINE0016846, RAINE18791, RAINE0020542, RAINE0020633, WME_ZUFFA_00001150, WME_ZUFFA_00005368, WME_ZUFFA_00013978, and WME_ZUFFA_00076651 (collectively, the "Disputed Documents").

[3] To the extent Zuffa belatedly attempts to invoke protection over these Raine documents, Plaintiffs incorporate the arguments set forth in Plaintiffs' brief concerning Zuffa's designations filed contemporaneously herewith.

Raine also asserts that some of the Disputed Documents contain confidential analyses from third party potential buyers who have not consented to the public disclosure of their documents and information." Raine Objection at 2. Raine fails to direct the Court or the Parties to any examples of confidential analysis, or even identify the documents or third parties in question (despite Plaintiffs' repeated requests during the meet and confer). Despite having met and conferred with Raine, Plaintiffs are unaware whether Raine has even asked the unnamed third parties whether they would consent to use of the Raine documents in open court. These blanket assertions of confidentiality fail to provide compelling reasons to seal, as required under Ninth Circuit precedent.

WME asks the court to seal four documents it produced to the Parties relating to the 2016 sale of Zuffa. As with the Raine documents, nearly all of the information contained in the WME documents is Zuffa's information, and Zuffa did not include its own objection to disclosure in its filings with the Court. While WME ultimately acquired Zuffa, that does not transform these documents (which were created prior to the acquisition based on information available to all potential purchasers) into protectable trade secrets of WME. Even if some limited set of information contained in these documents could fairly be construed as a protectable trade secret under Ninth Circuit law—which it cannot—WME's proposed blanket seal of these documents is inappropriate.

Objectors' Objections, if allowed to stand, would block the Parties' experts from testifying in open court concerning their own models. Such testimony is the purpose of the upcoming Hearing. The Objections should be overruled so that the Parties may present their experts' opinions to the Court unimpeded by cumbersome, unnecessary, and improper confidentiality procedures. In addition to the general public interest in open access to the Courts, Plaintiffs, Class members, and the public—all of whom have to date been shielded from critical information about this case—have an abiding interest in accessing and evaluating fundamental aspects of a case that pertains to the conduct of the monopoly owners of a major professional sport in the United States.

The documents and information Objectors seek to seal do not contain trade secrets. Moreover, the policy considerations favoring public access to judicial records are especially compelling where, as here, a class action raises significant allegations of wrongdoing that affect a large plaintiff class. The important right of access for the named Plaintiffs, the Class members, the public, and the press

outweighs any interest Raine has in preventing disclosure of the documents and information at issue. Accordingly, this Court should overrule the Objections.

**II.  THE DISPUTED DOCUMENTS**

    **A.  Raine**

Raine objects to the public disclosure of five documents it produced in this litigation.

**RAINE0000575** is a 21-page PowerPoint presentation entitled "Overview of the UFC" and dated March 2016. The document contains descriptions of UFC's business, the market for sports broadcasting, UFC viewership data, and aggregated actual financial data from 2012 to 2015 and estimated financial data for 2016 to 2020. *See* Madden Decl. Ex. 1.

**RAINE0016846** is a 35-page document containing Zuffa's "Consolidated and Combined Financial Statements" from 2014 and 2015. *See* Madden Decl. Ex. 2.

**RAINE18791** is a 19-page document entitled "Follow-up Question List from ▓▓▓" and dated March 31, 2016. The document contains a number of questions relating to Zuffa's business and finances. *See* Madden Decl. Ex. 3.

**RAINE0020542** is a 6-page Excel Spreadsheet entitled "▓▓▓ as of 3/29/2016." The document appears to relate to due diligence requests regarding Zuffa and contains headings entitled "Diligence Request" and "Formal Response," among others. *See* Madden Decl. Ex. 4.

**RAINE0020633** is a 19-page Excel spreadsheet entitled "▓▓▓ as of 6/15/2016." The document appears to relate to due diligence requests regarding Zuffa and contains headings entitled "Diligence Request," "Status," and "Formal Response," among others. *See* Madden Decl. Ex. 5.

    **B.  WME**

WME objects to the public disclosure of four documents it produced in this case. WME does not propose to redact these materials, but rather has asked for a blanket seal. These materials largely discuss Zuffa's financial and other information. But as with the Raine documents, Zuffa's confidentiality motion only invokes WME's objection and does not interpose its own. *See* Ex. C to Zuffa's Motion, ECF No. 665-5, at 3.

**WME_ZUFFA_00001150** is a 39-page PowerPoint Presentation titled "Project Basquiat Final Posting Memo," dated June 12, 2016. The document contains various diligence findings and

conclusions based almost entirely on analyses of past financials. The document includes actual financial data from 2009 to part of 2016 and projections for 2016-2020. *See* Madden Decl. Ex. 6.

**WME_ZUFFA_00005368** is an Excel spreadsheet comparing Zuffa's financial information from 2014, 2015 and part of 2016 to other sports leagues and teams. It does not contain future projections. *See* Madden Decl. Ex. 7.

**WME_ZUFFA_00013978** is a document containing 2-pages of emails sent on March 19 and 20, 2016 between WME employees concerning various "Risks & Mitigants" associated with acquiring Zuffa. The document does not disclose any future financials or specific strategies, but rather includes a discussion of existing conditions. *See* Madden Decl. Ex. 8.

**WME_ZUFFA_00076651** is a 66-page presentation titled "Project Basquiat Preliminary Investment Review," dated May 31, 2016. The purpose of the presentation was to analyze past performance. Indeed, the document primarily discusses various financial metrics from 2012 to 2016 (using estimates for 2016).[4] *See* Madden Decl. Ex. 9.

## III. LEGAL STANDARD

Objectors have not and cannot meet the high burden for sealing broad swathes of material relating to this case. "Throughout our history, the open courtroom has been a fundamental feature of the American judicial system." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Indeed, courts in the Ninth Circuit "[b]egin[] with the assumption that the press and public have a presumed right of access to court proceedings and documents . . . ." *Phx. Newspapers, Inc. v. United States Dist. Court for Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998) (quoting *Oregonian Publ'g Co. v. United States Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990)). A hearing may be closed to the public and the transcript sealed only when: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are

---

[4] In one slide, the document discusses potential media rights fees potentially collected from a new Fox contract. Of course, Zuffa did not sign a new deal with Fox making such projection obsolete. *See* Mookie Alexander, *TV insider on UFC-ESPN deal: 'UFC played chicken with FOX and lost'* (May 25, 2018), *available at* https://www.bloodyelbow.com/2018/5/25/17393090/tv-insider-on-espn-deal-ufc-played-chicken-with-fox-lost-mma-news. Other slides also project Revenue and EBITDA to 2020, but base those projections on assumptions relating to the new media rights deal.

no alternatives to closure that would adequately protect the compelling interest." *Phx.*, 156 F.3d at 949. "In other words, the public's right to access a hearing is overcome only by a finding 'that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 U.S. Dist. LEXIS 111682, at *17 (N.D. Cal. July 2, 2008) (quoting *Press-Enterprise Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 8 (1986)). "Furthermore, the court ordering closure must 'make specific factual findings,' rather than 'basing its decision on conclusory assertions alone.'" *Phx.*, 156 F.3d at 949 (quoting *Oregonian*, 920 F.2d at 1464). *See also Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS, at *23 (W.D. Wash. Nov. 12, 2012) (ordering that witness testimony about "strategic planning and financial information [that] pertain to the central issue to be decided at this trial . . . will be in open court and exhibits that form the basis for any part of the court's order will be made public," even if they had been provisionally sealed).

The presumed right of access "appl[ies] as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner*, 745 F.3d at 1025 (quoting *Brown & Williamson*, 710 F.2d at 1177). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'" *Id.* (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO-(WHO), 2013 U.S. Dist. LEXIS 164674, at *4-5 (N.D. Cal. Nov. 18, 2013) (italics added) (citation omitted). "The Ninth Circuit has rejected efforts to seal documents under the 'compelling reasons' standard based on 'conclusory statements [that] the contents of the documents . . . are confidential and that, in general,' their disclosure would be harmful to the movant." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) (quoting

*Kamakana*, 447 F.3d at 1182). "A litigant is required to make a particularized showing for each document it seeks to file under seal . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6 n.1 (D. Nev. June 21, 2017). "[T]he common law right of access to 'judicial records' . . . attaches, presumptively, to . . . material that is the subject of an evidentiary ruling (even if originally sealed) . . . ." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 42 (C.D. Cal. 1984) (citation omitted).

Objectors invoke the protections provided by the Protective Order in this case (ECF No. 217), but that Protective Order governs what may be properly designated when produced for purposes of discovery. Now, as set forth above, because the limited materials in question are to be used at this upcoming Hearing on Plaintiffs' Motion for Class Certification, Ninth Circuit law mandates Objectors meet a different standard. For the reasons discussed below, Objectors fails to satisfy this "compelling reasons" standard and their Objections should be overruled.

## IV.   ARGUMENT

### A.   Objectors Have Failed to Provide Compelling Reasons to Seal Their Documents and Information

#### 1.   Objectors Do Not Have A Protectable Interest In Sealing Zuffa's Information.

As an initial matter, the information Objectors ask the Court to seal is not Objectors' information to protect. The underlying information in these documents belongs to the Defendant, Zuffa LLC. Although Zuffa vaguely asserts that it objects to disclosure of certain of Zuffa's information in third-party documents (*see* Zuffa, LLC'S Motion to Seal Exhibits And Protected Materials at The Evidentiary Hearing on Class Certification, ECF No. 665, at 5-6), in Exhibit C to Zuffa's brief, which is the only place where Zuffa asserts any objections on a document-by-document basis,[5] Zuffa does not assert objections of its own to Objectors' documents. Instead, Zuffa only asserts that Objectors object to disclosure. Because Objectors have no protectable, competitive interest in the underlying information of Zuffa, the Objections should be overruled.

In any event, the Court already indicated at the December 14, 2018 hearing that it will not treat

---

[5] Notably, however, Zuffa only asserts objections on a document-by-document basis. Zuffa does not substantiate the purported harms as Ninth Circuit law requires on a document-by-document basis.

Zuffa's financial information as confidential:

> So let me tell you what I think are appropriate parameters… Zuffa's financial information at this point doesn't seem to me warrants protection because at some point that's going to be a part of at least what I'd have to consider, not all of the financial information, but the discussions as it relates to event revenue, percentages of event revenue, comparisons between Zuffa and other promoters, the percentage of the revenues compared to other professional sports. I don't see why any of that information should be sealed.

Tr. at 7:10-20. Because Zuffa's business and financial information is important to this case and will feature prominently in the Court's consideration of the issues in this litigation, this information should be available to the Plaintiffs, Class members, the public, and the press. *See Microsoft*, 2012 WL 5476846, at *4.[6]

### 2. The Documents Do Not Contain Trade Secret Information.

The information Objectors ask the Court to seal does not contain the kind of "detailed product-specific financial information" necessary to justify sealing. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law). Courts will seal a party's confidential information where public disclosure would "cause it competitive disadvantage by permitting its competitors to exploit its trade secrets." *Bartech,* 2016 WL 2593920, at *2.

Aggregated financial information of the type Objectors seek to seal here, is not trade secret information. *See Strauss v. Credit Lyonnais, S.A.*, No. 06-CV-702 (DLI)(MDG), 2011 U.S. Dist. LEXIS 122695, at *33 (E.D.N.Y. Oct. 6, 2011) ("discussion of aggregated financial information need not be

---

[6] Conversely, the Court has indicated that it will seal financial planning documents:

> it seems to me a general category which I think I would probably seal would be anything related to financial projections or financial future strategies. So, you know, if there were anything in these exhibits that suggested expansion strategies for other areas or other countries, … or other markets, that to me might be potentially something that I would consider sort of sealing on a general basis.

Feb. 1, 2019 Hearing Tr. at 7:15-25. Certain of Objectors documents do contain financial projections for 2016-2020 period (*e.g.*, Madden Decl. Ex. 1 (RAINE0000575), Madden Decl. Ex. 9 (WME_ZUFFA_00076651)). However, these projections are obsolete given the new television deals, among other business changes, that have transpired since these documents were created. *See* Plaintiffs' concurrently filed Opposition to Defendant Zuffa, LLC's Motion to Seal Exhibits And Protected Materials at the Evidentiary Hearing on Class Certification, at 9 n.12. Indeed, the actual financials for the 2016-2018 period would now supersede the projections and projections from early 2016 for 2019-2020 are now largely obsolete because of changing assumptions based on actual experience. Moreover, neither Objector seeks to redact these projections. Instead, both assert a blanket seal over the entire documents. Such a blanket seal is improper because it fails to narrowly tailor redactions as required.

redacted if the amounts and dates of specific transactions are not disclosed"); *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *28 (N.D. Cal. Dec. 26, 2014) ("Although certain types of product-specific financial information is sealable, Box has not shown specific compelling reasons to seal the aggregate financial data in Exhibit 2, especially given its expert's reliance on the data in arriving at his damages opinions" (citation omitted)); *Spam Arrest, LLC v. Replacements, Ltd.*, No. C12-481RAJ, 2013 U.S. Dist. LEXIS 118224, at *8 (W.D. Wash. Aug. 20, 2013) (denying motion to seal aggregate revenue and revenue per customer where that information was "critical to the court's consideration of the pending summary judgment motions").

The information in question contains no detailed fighter- or event-specific financial information of the type that courts normally consider confidential. Because the Disputed Documents do not contain trade secret information, the Objectors cannot "articulate compelling reasons supported by specific factual findings" to justify sealing. *Kamakana*, 447 F.3d at 1181.

In light of the reasons discussed above, the Court should not seal the Disputed Documents.

### 3. The Information Objectors Seek to Seal Is Too Old to Hold Any Competitive Value.

Objectors ask the Court to seal references to Zuffa's financials including annual revenues and average wage share from the years 2010 to 2016. This information is too old to contain any competitive value. Courts routinely decline to seal information that is too old to hold competitive value. *See, e.g., Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698, at *4 (W.D. Wash. Feb. 5, 2018) (denying motion to seal 18-month old information that was "so stale as to no longer be commercially useful or harmful"); *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788, at *8-9 (W.D. Wash. July 6, 2018) (denying motion to seal defendant's agreements and fees with clients, as well as "more granular proprietary information, such as profitability figures," because the documents were "relevant to [the] case" and because the 4-5 year old information was "stale and no longer likely to offer a competitive advantage to [defendant's] competitors"); *PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16 CV 11390, 2017 U.S. Dist. LEXIS 202748, at *47 (N.D. Ill. Dec. 9, 2017) (two-year-old vendor pricing information not a trade secret because pricing had changed in the interim); *Fox Sports Net N. L.L.C. v. Minn. Twins P'ship*, 319

F.3d 329, 336 (8th Cir. 2003) ("obsolete information cannot form the basis for a trade secret claim because the information has no economic value").

Here, the financial information Objectors ask the Court to seal only extends to 2016. Even if it did contain the kind of granular, product-specific information a competitor might once have been able to use to gain a competitive advantage (it does not), any competitive value it might hold has expired. Objectors have failed to show that compelling reasons exist to seal this information.

### 4. Raine Has Not Identified Any Third Parties Who May Be Asserting Confidentiality over the Disputed Documents.

Raine asserts that "three of the documents Plaintiffs seek to use publicly contain confidential analyses from third party potential buyers who have not consented to the public disclosure of their documents and information." Raine Objection at 2. This objection is baseless for a number of reasons.

First, Raine fails to direct the Court or the parties to any examples of confidential analysis, or even identify the documents, and it fails to provide a detailed description of the basis for its assertion, despite that fact that Plaintiffs provided Raine with excerpts from Plaintiffs' expert reports detailing how these documents were relied upon by Plaintiffs' experts. Raine's blanket assertions of confidentiality fail to provide compelling reasons to seal, as required under Ninth Circuit precedent. *See Bartech*, 2016 U.S. Dist. LEXIS 59852, at *3.

Second, Raine states that unnamed third parties have not consented to disclosure of these documents, but there is no indication that Raine has sought such permission. Raine refuses to identify the third parties and would not agree to discuss the issues with those third parties. Madden Decl. ¶3.

Third, any potential for competitive harm to the unnamed third parties that the analyses may once have held was related to the sale of Zuffa in 2016. For example, another company could have capitalized on disclosure of the information by interfering in the sale of Zuffa, or by initiating a collateral transaction to capitalize on the third parties' exposure. Any such risk ended with the sale of Zuffa. The details of the sale of Zuffa in 2016 are widely known in the public sphere, including the price and the identities of the new owners. *See, e.g.*, Ali Jaafar, *WME-IMG Confirms $4 Billion Deal to Aquire UFC*, Deadline (July 11, 2016), *available at* https://deadline.com/2016/07/wme-img-leads-consortium-to-acquire-ufc-for-4-billion-1201784804/. Thus, the Disputed Documents do not contain

any third party's trade secret information. Any alleged objections from unnamed third parties do not provide compelling reasons to seal the Disputed Documents.

### 5. Ninth Circuit Policy Favors Disclosure In Open Court.

To the extent that the Court will rely on this information at the Hearing or in ruling on class certification or summary judgment, Ninth Circuit precedent favors public access. *See Phx,* 156 F.3d at 949; *Microsoft*, 2012 WL 5476846, at *4. The Court has indicated that it will rely on, and will not be sealing, Zuffa's financial information. Dec. 14, 2018 Hearing Tr., at 7:10-20. The information at issue in the Objections may provide crucial guidance to the Court's consideration of Plaintiffs' claims, including, *e.g.*, Zuffa's historical information regarding fighter wage share and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Madden Dec. Ex. 6 (WME_ZUFFA_00001150) at 11. Likewise, WME's determination that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ directly undermines Zuffa's positions in this lawsuit as to barriers to entry and constitutes compelling evidence in Plaintiffs' favor. Madden Decl. Ex. 8 (WME_ZUFFA_00013978). This information is also important to Plaintiffs, Class members, the public, and the press, whose presumed right of access to the workings of the judicial system is a foundational element of our democracy, so that citizens can "keep[] a watchful eye on the workings of public agencies." *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978)).

Class members, in particular, need access to this evidence to assess the relative merits of the claims and defenses presented, and to make important decisions about how to proceed in the litigation. Indeed, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). Sealing this information would undermine the vital principle of transparency into the judicial process, and would run counter to the presumed right of public access to judicial hearings and records. *See Oliner*, 745 F.3d at 1025.

### V. CONCLUSION

For the reasons stated above, this Court should deny Raine's and WME's Objections.

| | |
|---|---|
| Dated:  June 28, 2019 | Respectfully Submitted, |
| | BERGER MONTAGUE PC |
| | By:        */s/ Eric L. Cramer*               <br>                Eric L. Cramer |

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (*Pro Hac Vice*)
Joshua P. Davis (*Pro Hac Vice*)
Jiamin Chen (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Counsel for the Classes**

11

Case No.: 2:15-cv-01045 RFB-BNW

**PLAINTIFFS' OPPOSITION TO NON-PARTIES WME/IMG, LLC AND THE RAINE GROUP LLC'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-3 AND 661-4)**

**Liaison Counsel for the Classes**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Phone: (702) 341-5200/Fax (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**:

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

William G. Caldes (*Pro Hac Vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
bcaldes@srkattorneys.com

John D. Radice (*Pro Hac Vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502/Fax: (609) 358-0745
jradice@radicelawfirm.com

Frederick S. Schwartz (*Pro Hac Vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2019, a true and correct copy of the foregoing document was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By:

*/s/ Eric L. Cramer*
Eric L. Cramer