BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and
Attorneys for Individual and Representative Plaintiffs
Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,
Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' OPPOSITION TO NON-PARTIES BELLATOR SPORT WORLDWIDE LLC, GOLDEN BOY PROMOTIONS, INC., GOLDEN BOY PROMOTIONS, LLC AND TOP RANK, INC.'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-5, 661-6, 661-8)** |

## TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ...................................................................................................1

II.   THE DISPUTED MATERIALS ............................................................................2

      A.   Bellator........................................................................................................2

      B.   Golden Boy .................................................................................................3

      C.   Top Rank ....................................................................................................4

III.   LEGAL STANDARD .............................................................................................4

IV.   ARGUMENT ..........................................................................................................6

      A.   Objectors' High-Level, Aggregated Or Averaged Financial Information Does Not Contain Commercially Sensitive Information ................................6

      B.   Objectors' Financial Information Is Too Old to Hold Any Competitive Value...........................................................................................................8

      C.   The Testimony From Scott Coker's Deposition That Bellator Asks the Court to Seal Is Not Confidential..................................................................9

      D.   Golden Boy's Contract Template Is Not a Trade Secret ...............................10

V.   CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) .................................................. 6

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK,
    2016 U.S. Dist. LEXIS 59852 (D. Nev. May 5, 2016) ......................................................... 5, 6

*Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS
    18698 (W.D. Wash. Feb. 5, 2018) .......................................................................................... 8

*Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017
    U.S. Dist. LEXIS 96273 (D. Nev. June 21, 2017) ................................................................. 7

*In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101
    F.R.D. 34 (C.D. Cal. 1984) ..................................................................................................... 5

*Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 U.S. Dist. LEXIS
    111682 (N.D. Cal. July 2, 2008) ............................................................................................. 4

*Fox Sports Net N., L.L.C. v. Minn. Twins P'ship*, 319 F.3d 329 (8th Cir. 2003) ........................... 9

*Golden Boy Promotions LLC v. Alan Haymon*, No. 2:15-cv-03378-JFW-MRW
    (C.D. Cal. Jan. 26, 2017) ......................................................................................................... 1

*Hodges v. Apple Inc.*, No. 13-cv-01128-WHO-(WHO), 2013 U.S. Dist. LEXIS
    164674 (N.D. Cal. Nov. 18, 2013) ....................................................................................... 5, 7

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ................................ 5, 7, 8

*Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS
    112788 (W.D. Wash. July 6, 2018) ......................................................................................... 8

*Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS
    164255 (W.D. Wash. Nov. 12, 2012) .................................................................................. 4, 7

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967
    CW (NC), 2013 U.S. Dist. LEXIS 85375 (N.D. Cal. June 17, 2013) ..................................... 9

*Oliner v. Kontrabecki*, 745 F.3d 1024 (9th Cir. 2014) ........................................................... 4, 5, 8

*Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484
    (N.D. Cal. Dec. 26, 2014) ........................................................................................................ 6

*Phoenix Newspapers, Inc. v. United States Dist. Court for Dist. of Ariz.*, 156 F.3d
    940 (9th Cir. 1998) ............................................................................................................. 4, 8

*PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16-cv-11390, 2017 U.S. Dist. LEXIS 202748 (N.D. Ill. Dec. 9, 2017) .................................................................................. 9

*Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016) .................................... 8

*Sophia & Chloe, Inc. v. Brighton Collectibles, Ltd. Liab. Co.*, No. 12-cv-2472 AJB (KSC), 2014 U.S. Dist. LEXIS 48629 (S.D. Cal. Apr. 8, 2014) ............................................... 6

*Spam Arrest, LLC v. Replacements, Ltd.*, No. C12-481RAJ, 2013 U.S. Dist. LEXIS 118224 (W.D. Wash. Aug. 20, 2013) ...................................................................................... 6

*Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702 (DLI)(MDG), 2011 U.S. Dist. LEXIS 122694 (E.D.N.Y. Oct. 6, 2011) ................................................................................. 6

**Rules**

Fed. R. Civ. P. § 26(c)(1) ............................................................................................................. 10

iii

Case No.: 2:15-cv-01045 RFB-BNW

**PLAINTIFFS' OPPOSITION TO BELLATOR, GOLDEN BOY, AND TOP RANK'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs file this brief in opposition to Non-Parties Bellator Sport Worldwide LLC's ("Bellator"), Golden Boy Promotions, Inc. and Golden Boy Promotions, LLC's (together, "Golden Boy"), and Top Rank, Inc.'s ("Top Rank"; together with Golden Boy and Bellator, "Objectors") Objections to Potential Use of Confidential Information at Evidentiary Hearing (ECF Nos. 661-5, 661-6, 661-8) ("Objections"). Bellator is a Mixed Martial Arts (MMA) promotion whose information Plaintiffs' economic experts considered in forming various opinions. Golden Boy and Top Rank are boxing promoters whose documents one of Plaintiffs' economic experts considered (along with a third promoter, Warriors Boxing) as part of his comparison of boxing and MMA industries.

On May 28, 2019, Plaintiffs notified third parties that purportedly confidential documents the third parties had produced in this litigation had been relied upon by Plaintiffs' experts and would therefore potentially be disclosed at the upcoming evidentiary hearing. As a result, Objectors filed their Objections asking the Court to seal certain high-level, aggregated or averaged financial figures from 2010 to 2016. In addition, Bellator seeks to seal deposition testimony from its president Scott Coker discussing information relating to Coker's prior employment at Strikeforce (an MMA promotion Zuffa acquired in 2011).[1] Golden Boy also seeks to seal a copy of its standard promotional agreement template with boxers. None of the Objectors provides good cause, much less the requisite compelling reasons, to seal the documents and information at issue. The documents and testimony do not contain trade secrets, and none of the Objectors would suffer legally cognizable harm if the information were disclosed. Many of the documents are too old to be of any competitive significance. And, in the case of Bellator and Golden Boy, each have new deals with streaming service DAZN that render their prior financial information obsolete even if it were otherwise current. Further, Golden Boy has itself publicly filed its financial information in another litigation. *See* Exhibit 1 to the Declaration of Patrick F. Madden, Esq. ("Madden Decl.") (Expert Report of Gene Deetz).

---

[1] Bellator also asks for limited redactions to four contracts produced by Bellator with the Bates numbers, SBPCL00000324; SBPCL00002713; SBPCL00003784; and SBPCL00002311, to conceal personally identifiable information. Plaintiffs do not oppose those redactions.

These Objections, if sustained, would hinder the Parties' experts from testifying in open court concerning certain discrete aspects of their respective models. Such testimony is part of the purpose of the upcoming Hearing. The Objections should be overruled so that the Parties may present their experts' opinions to the Court unimpeded by cumbersome, unnecessary, and improper confidentiality procedures. In addition to the general public interest in open access to the Courts, Plaintiffs, Class members, the public, and the press—all of whom have to date been shielded from critical information about this case—have an abiding interest in accessing and evaluating fundamental aspects of a case that pertains to the conduct of the monopoly owners of a major professional sport in the United States. The documents and information Objectors attempt to seal do not contain trade secrets. Moreover, the policy considerations favoring public access to judicial records are especially compelling where, as here, a class action raises significant allegations of wrongdoing that affect a large plaintiff class. The important right of access for the named Plaintiffs, the Class members, the public, and the press outweighs any interest Objectors have in preventing disclosure of the documents and information at issue. Accordingly, this Court should overrule the Objections.

## II.   THE DISPUTED MATERIALS

### A.   Bellator

Bellator objects to the potential use of two types of information at the evidentiary hearing: aggregate financial information for the years 2010 to 2016 and deposition testimony from Bellator President Scott Coker. Plaintiffs' expert Dr. Hal J. Singer referred to two types of information derived from Bellator's aggregate financial information: (1) Bellator's wage share averaged over the six-year period from 2010 to 2016 (Expert Report of Hal J. Singer ("SR1"), August 31, 2017, ECF No. 518-3, 524-3, ¶247; Rebuttal Expert Report of Hal J. Singer ("SR2"), August 31, 2017, ECF No. 518-4, 524-4, 540-10, ¶180); and (2) Bellator's total revenues for each year from 2010 to 2016 (SR1 ¶131). *See* Madden Decl., Ex. 2 (SBPCL00002101, the Bellator document cited by Dr. Singer – *see* n.5, *infra*). Bellator claims that this information "constitutes some of the most sensitive financial and business information in existence regarding Bellator. Public disclosure, or disclosure to the parties, could have a significant negative impact on Bellator's ongoing and future business strategy and performance." ECF No. 661-5 at 1.

Dr. Singer referred to two portions of Scott Coker's deposition to which Bellator objects to disclosure. *See* Madden Decl., Ex. 3 (Excerpts from Coker Deposition Tr.). First, Dr. Singer quotes from a portion of testimony in which Mr. Coker reads from an email that ***Zuffa produced*** that Coker sent while he was President of Strikeforce,[2] in which he states:



SR1 ¶47, n.126. Second, Dr. Singer refers to, but does not quote, part of Coker's deposition wherein Coker describes the pre-acquisition ownership of Strikeforce. SR1 ¶49, n.130 (citing a four-page section of the Coker deposition).[3] Bellator objects, not to Dr. Singer's discussion in his report, but to the disclosure of Strikeforce's owners' identities as revealed in the deposition transcript. Plaintiffs do not intend to introduce this second component of the Coker transcript unless Zuffa makes an issue of it.

**B.     Golden Boy**

Golden Boy asks the Court to seal certain high-level, aggregated financial figures from 2015 and 2016 (GBP000001 and GBP000002, respectively), and a copy of its standard promotional agreement with fighters' template (GBP000003). *See* Madden Decl., Exs. 4, 5, & 6, respectively. The financial documents contain only aggregate income from Golden Boy's boxing productions and sponsorships, as well as aggregate boxer costs. Golden Boy states that these financial materials contain competitively sensitive information that could be used against Golden Boy in future business dealings. Golden Boy has filed financial information of similar granularity on the public docket in connection with its own litigation. *See* Madden Decl., Ex. 1.

The contract template Golden Boy seeks to seal contains no specific information about Golden Boy's fighters. Golden Boy states that GBP000003 qualifies as a trade secret but does not articulate any way that disclosure of this template could cause competitive (or other) harm.

---

[2] Coker sent the email to, among others, Shannon Knapp, then a Strikeforce executive and now the president of Invicta (another MMA promoter). Thus, at least three MMA promoters are aware of the specific content of this testimony, making any claim as to its competitive value not credible.

[3] Dr. Singer cites this portion because Coker discusses a November 2010 meeting between Zuffa's owners and Strikeforce's owners. *Id.*

### C. Top Rank

Top Rank asks the Court to seal a single paragraph from the Expert Rebuttal Report of Plaintiffs' expert Dr. Andrew Zimbalist, ECF No. 518-6, 522-7 ("ZR2"). That paragraph contains a table which displays Top Rank's wage share for the years 2013 to 2016. *See* ZR2, ¶85; Madden Decl., Ex. 7 (TR-0001, the underlying Top Rank document – *see* n.5, *infra*). Top Rank claims that disclosure of this information will cause it harm and place it at a competitive disadvantage.

## III.  LEGAL STANDARD

Objectors have not and cannot meet the high burden for sealing broad swaths of material relating to this case and, in particular, expected to be discussed during the Hearing on Plaintiffs' Motion for Class Certification. "Throughout our history, the open courtroom has been a fundamental feature of the American judicial system." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). Courts in the Ninth Circuit "[b]egin[] with the assumption that the press and public have a presumed right of access to court proceedings and documents . . . ." *Phoenix Newspapers, Inc. v. United States Dist. Court for Dist. of Ariz.*, 156 F.3d 940, 949 (9th Cir. 1998) (quoting *Oregonian Publ'g Co. v. United States Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990)). A hearing may be closed to the public and the transcript sealed only when: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix*, 156 F.3d at 949. "In other words, the public's right to access a hearing is overcome only by a finding 'that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 U.S. Dist. LEXIS 111682, at *18 (N.D. Cal. July 2, 2008) (quoting *Press-Enterprise Co. v. Superior Court of Cal. for Riverside Cty.*, 478 U.S. 1, 8 (1986)). "Furthermore, the court ordering closure must 'make specific factual findings,' rather than 'basing its decision on conclusory assertions alone.'" *Phoenix*, 156 F.3d at 949 (quoting *Oregonian*, 920 F.2d at 1464). *See also Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 U.S. Dist. LEXIS 164255, at *19 (W.D. Wash. Nov. 12, 2012) (ordering that witness testimony about "strategic planning and financial information [that] *pertain to the central issue to be decided at this trial . . .* will be in open

court and *exhibits that form the basis for any part of the court's order* will be made public," even if they had been provisionally sealed (emphasis added)).

The presumed right of access "appl[ies] as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner*, 745 F.3d at 1025 (quoting *Brown & Williamson*, 710 F.2d at 1177). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'" *Id*. (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). Compelling reasons "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citation omitted). "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges v. Apple Inc.*, No. 13-cv-01128-WHO-(WHO), 2013 U.S. Dist. LEXIS 164674, at *4 (N.D. Cal. Nov. 18, 2013) (italics added) (citation omitted). "The Ninth Circuit has rejected efforts to seal documents under the 'compelling reasons' standard based on 'conclusory statements [that] the contents of the documents . . . are confidential and that, in general,' their disclosure would be harmful to the movant." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2016 U.S. Dist. LEXIS 59852, at *3 (D. Nev. May 5, 2016) (quoting *Kamakana*, 447 F.3d at 1182). "[T]he common law right of access to 'judicial records' . . . attaches, presumptively, to . . . material that is the subject of an evidentiary ruling (even if originally sealed) . . ." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 101 F.R.D. 34, 42 (C.D. Cal. 1984) (citation omitted).

For the reasons discussed below, Objectors fail to satisfy the compelling reasons standard.

## IV. ARGUMENT

### A. Objectors' High-Level, Aggregated Or Averaged Financial Information Does Not Contain Commercially Sensitive Information

The Court should deny Objectors' efforts to seal high-level, aggregated financial information. Such material does not contain the kind of "detailed product-specific financial information" necessary to justify sealing. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law). Courts will seal a party's documents where public disclosure would "cause it competitive disadvantage by permitting its competitors to exploit its trade secrets." *Bartech,* 2016 U.S. Dist. LEXIS 59852, at *5. Objectors ask the Court to seal two types of financial information: total annual revenues from years between 2010 and 2016, and average wage share. Neither of these figures conveys the kind of granular, athlete- or event-specific information that could convey a competitive advantage.

Aggregated financial information of this type is not a trade secret, and these disputed materials contain no detailed product-specific financial information of the type that courts consider confidential. *See Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702 (DLI)(MDG), 2011 U.S. Dist. LEXIS 122694, at *33 (E.D.N.Y. Oct. 6, 2011) ("discussion of aggregated financial information need not be redacted if the amounts and dates of specific transactions are not disclosed"); *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 U.S. Dist. LEXIS 177484, at *28 (N.D. Cal. Dec. 26, 2014) ("Although certain types of product-specific financial information is sealable, Box has not shown specific compelling reasons to seal the aggregate financial data in Exhibit 2, especially given its expert's reliance on the data in arriving at his damages opinions" (citation omitted)); *Sophia & Chloe, Inc. v. Brighton Collectibles, Ltd. Liab. Co.*, No. 12-cv-2472 AJB (KSC), 2014 U.S. Dist. LEXIS 48629, at *4 (S.D. Cal. Apr. 8, 2014) (denying motion to seal total annual sales revenue, the quantity of sales at issue, and advertising expenditures); *Spam Arrest, LLC v. Replacements, Ltd.*, No. C12-481RAJ, 2013 U.S. Dist. LEXIS 118224, at *8 (W.D. Wash. Aug. 20, 2013) (denying motion to seal aggregate revenue and revenue per customer where that information was "critical to the court's consideration of the pending summary judgment motions").

The burden is on Objectors to "'articulate compelling reasons supported by specific factual

findings,' providing 'articulable facts' that identify the interests favoring secrecy and showing how those interests outweigh the presumption of public access to judicial records." *Hodges*, 2013 U.S. Dist. LEXIS 164674, at *3 (quoting *Kamakana*, 447 F.3d at 1181). "[S]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. "A litigant is required to make a *particularized showing for each document* it seeks to file under seal . . . ." *Collectors Coffee Inc. v. Blue Sunsets, LLC*, No. 2:17-cv-01252-JCM-PAL, 2017 U.S. Dist. LEXIS 96273, at *6 n.1 (D. Nev. June 21, 2017) (emphasis added). Objectors have failed to carry that burden. Bellator and Golden Boy's annualized gross revenues do not contain granular information that a competitor could potentially use to harm the Objectors because the figures convey no information that would enable a competitor to, for example, sign one of Objectors' athletes, counterprogram Objectors' events, or lure away Objectors' sponsors. If Objectors assert another type of harm, they have not articulated it and it is therefore waived. Similarly, Objectors' wage shares do not include information that could provide their competitors with an unfair advantage or put Objectors in a disadvantaged position in athlete negotiations or otherwise. Wage share does not convey the kind of granular, athlete- or event-specific information that could cause Objectors such disadvantage. The information contained in these materials is too generalized to hold any competitive value. Accordingly, there are no compelling reasons to seal the information.

Moreover, to the extent that the Court will rely on this information at the hearing or in ruling on class certification or summary judgment, that further militates against sealing the information. *See Microsoft*, 2012 U.S. Dist. LEXIS 164255, at *17. Indeed, the Court signaled its intent to keep the hearing open for this very reason at the December 14, 2018 hearing:

> So let me tell you what I think are appropriate parameters… Zuffa's financial information at this point doesn't seem to me warrants protection because at some point that's going to be a part of at least what I'd have to consider, not all of the financial information, but the discussions as it relates to event revenue, percentages of event revenue, *comparisons between Zuffa and other promoters, the percentage of the revenues compared to other professional sports*. I don't see why any of that information should be sealed.

Tr. at 7:10-20 (emphasis added). Some of the information at issue in Objectors' materials provides important guidance to the Court's consideration of Plaintiffs' case. For example, Bellator's annualized top-line revenues provide important context for assessing Zuffa's dominant position in the market, and

Objectors' wage shares provide a key point of comparison regarding the classwide effects of Zuffa's anticompetitive Scheme. Sealing the information would run counter to the Ninth Circuit's "presumed right of access to court proceedings and documents . . . ." *Phoenix*, 156 F.3d at 949.[4]

Class members, in particular, need access to this evidence to assess the relative merits of the claims and defenses presented, and to make important decisions about how to proceed in the litigation. Indeed, "in class actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). Sealing this information would undermine the vital principle of transparency into the judicial process and would run counter to the presumed right of public access to judicial hearings and records. *See Oliner*, 745 F.3d at 1025. The Court should not seal Objectors' annualized gross revenues or their wage shares.[5]

### B. Objectors' Financial Information Is Too Old to Hold Any Competitive Value

Objectors ask the Court to seal references to annual revenues and average wage share from the years 2010 to 2016. This information is too old to contain any competitive value. Courts routinely decline to seal information that is too old to hold competitive value. *See, e.g.*, *Cen Com, Inc. v. Numerex Corp.*, No. C17-0560RSM, 2018 U.S. Dist. LEXIS 18698, at *4 (W.D. Wash. Feb. 5, 2018) (denying motion to seal 18-month old information that was "so stale as to no longer be commercially useful or harmful"); *Kenny v. Pac. Inv. Mgmt. Co. LLC*, No. C14-1987 RSM, 2018 U.S. Dist. LEXIS 112788, at *8-9 (W.D. Wash. July 6, 2018) (denying motion to seal defendant's agreements and fees with clients, as well as "more granular proprietary information, such as profitability figures," because

---

[4] This information is also important to Plaintiffs, Class members, the public, and the press, whose presumed right of access to the workings of the judicial system is a foundational element of our democracy, so that citizens can "keep[] a watchful eye on the workings of public agencies." *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978).

[5] Plaintiffs do not intend to introduce the underlying financial documents (SBPCL00002101 GBP000001, GBP000002, TR-0001) into the record at the evidentiary hearing, because the information Plaintiffs will rely on is contained in their expert reports, as discussed above. Plaintiffs reserve their right to use any and all of the information contained in these documents for impeachment or rebuttal purposes at the evidentiary hearing if necessary, but are willing to use hard copies of the document at the hearing to avoid displaying Objectors' other financial information—other than the aggregated top-line revenue or wage share information discussed above—on display screens at the hearing, if necessary or appropriate.

the documents were "relevant to [the] case" and because the information was 4-5 years old and therefore "stale and no longer likely to offer a competitive advantage to [defendant's] competitors"); *PrimeSource Bldg. Prods. v. Huttig Bldg. Prods.*, No. 16-cv-11390, 2017 U.S. Dist. LEXIS 202748, at *47 (N.D. Ill. Dec. 9, 2017) (holding that two-year-old vendor pricing information was not a trade secret because pricing had changed in the interim: "Information that is too old to hold any value loses any protection it would otherwise be entitled to as a trade secret"); *Fox Sports Net N., L.L.C. v. Minn. Twins P'ship*, 319 F.3d 329, 336 (8th Cir. 2003) ("obsolete information cannot form the basis for a trade secret claim because the information has no economic value"); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. 09-cv-01967 CW (NC), 2013 U.S. Dist. LEXIS 85375, at *12 (N.D. Cal. June 17, 2013) (denying motion to seal where document was eight years old, and the defendant "fail[ed] to articulate what specific harm an outdated document will have on its current or future operations").

The aggregated revenue information Objectors ask the Court to seal covers the years from 2010 to 2016 (three to nine years old). Bellator asks the Court to seal financial information from 2010 to 2016. Top Rank asks the Court to seal material from 2013 to 2016. Golden Boy asks the Court to seal material from 2015 and 2016. Both Bellator and Golden Boy have new deals with DAZN, which renders their revenue information from their prior deals not just old, but obsolete.[6] Even if the materials did contain the kind of granular, fighter- or event-specific information a competitor might once have been able to use to gain a competitive advantage (they do not), any competitive value they might hold has expired. Objectors have failed to show that compelling reasons exist to seal this information.

### C. The Testimony From Scott Coker's Deposition That Bellator Asks the Court to Seal Is Not Confidential

Bellator asks the Court to seal two passages from the deposition of Bellator president (and former Strikeforce president and CEO) Scott Coker. Bellator has not and cannot present any compelling

---

[6] *See* Shaun Al-Shatti, *Bellator announces broadcast deal with streaming service DAZN* (June 26, 2018), *available at* https://www.mmafighting.com/2018/6/26/17505834/bellator-announces-broadcast-deal-with-streaming-service-dazn; Dan Rafael, *Canelo Alvarez signs 5-year, 11-fight deal worth minimum $365 million with DAZN* (Oct. 17, 2018), *available at* https://www.espn.com/boxing/story/_/id/25003974/canelo-alvarez-signs-5-year-11-fight-deal-worth-365-million-dazn (discussing Golden Boy's new deal).

reasons for sealing these passages. In the first passage, Mr. Coker reads from an email Zuffa produced that he wrote while he was the president of Strikeforce. *See* SR1 ¶47, n.126. This quotation provides material support for Plaintiffs' claims as it shows the mindset of Zuffa's then-largest potential competitor with regard to Zuffa's market share and its approach to competition: they are ■■■■■■■■■■■■■■■■■■■■■■■■■ It also shows the view of an MMA promoter with more than twenty years of experience at that time that if Zuffa succeeded in eliminating Strikeforce as a competitive threat, ■■■■■■■■■■■■■■■■■■■■■■■■■ Thus, it is a relevant piece of information for the Court, the Plaintiffs, the Class members, the public, and the press. Nothing in this passage merits sealing, much less to protect any interest of Bellator's—which has no competitive interest in another promoter's (Strikeforce) decade-old view of the MMA industry's competitive landscape. *See also supra* n.2. The passage contains no trade secret information of Bellator's, or any information that could otherwise be construed as overly burdensome, oppressive, annoying, or embarrassing. Fed. R. Civ. P. 26(c)(1). Bellator has offered no compelling reasons to seal this testimony.[7]

### D. Golden Boy's Contract Template Is Not a Trade Secret

Golden Boy also asks the Court to seal an athlete contract template (GBP000003). The template contains no individualized compensation or other information relating to an identifiable fighter. To the extent that any contracts based upon this template contain any confidential information, that would be negotiated individually with each fighter. There are no compelling reasons to seal this document, or to close the courtroom to discuss it. Golden Boy has failed to show particularized harm it would suffer by disclosure of this generic information in open court. Accordingly, the Court should deny Golden Boy's request that the document and any testimony relating thereto be sealed.[8]

### V. CONCLUSION

For the reasons stated above, this Court should overrule Objectors' Objections.

---

[7] The second passage Bellator asks the Court to seal identifies three principals in Strikeforce's then-parent company, Silicon Valley Sports & Entertainment. There are no compelling reasons for sealing this information as its disclosure would not convey any competitive advantage.

[8] Plaintiffs do not intend to introduce the template contract into the record at the Hearing, because the information Plaintiffs will rely on is contained in their expert reports, as discussed above. Plaintiffs reserve their right to use any and all of the information contained in these documents for impeachment or rebuttal purposes at the Hearing if necessary or appropriate.

Dated: June 28, 2019

Respectfully Submitted,

By:     */s/Eric L. Cramer*
           Eric L. Cramer

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Jiamin Chen (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com
jchen@saverilawfirm.com

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Counsel for the Classes**

**Liaison Counsel for the Classes**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Phone: (702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
bcaldes@srkattorneys.com

John D. Radice (admitted *pro hac vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502/Fax: (609) 385-0745
jradice@radicelawfirm.com

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

12

Case No.: 2:15-cv-01045 RFB-BNW
**PLAINTIFFS' OPPOSITION TO BELLATOR, GOLDEN BOY, AND TOP RANK'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2019, a true and correct copy of PLAINTIFFS' OPPOSITION TO NON-PARTIES BELLATOR SPORT WORLDWIDE LLC, GOLDEN BOY PROMOTIONS, INC., GOLDEN BOY PROMOTIONS, LLC AND TOP RANK, INC.'S OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-5, 661-6, 661-8) was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By:
     */s/ Eric L. Cramer*
     Eric L. Cramer