WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS, State Bar No. 5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

[Additional Counsel Listed on Signature Page]

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, | Case No.: 2:15-cv-01045-RFB-BNW |
| Plaintiffs, | **DEFENDANT ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEFENDANT ZUFFA, LLC'S PROPOSAL TO INTRODUCE CERTAIN PURPORTED "SUMMARY EXHIBITS" AT THE HEARING CONCERNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| Defendant. | |

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

**TABLE OF CONTENTS**

I.      PLAINTIFFS' OBJECTIONS ARE BASELESS. ..........................................................2

        A.      Zuffa Meets All Three Requirements for Admissibility of a
                Summary Exhibit. ........................................................................................2

        B.      The Disputed Summary Exhibits are Accurate. .........................................5

        C.      Each Disputed Summary Exhibit is Properly Classified as a
                Summary Exhibit. ........................................................................................6

II.     THE DISPUTED SUMMARY EXHIBITS ARE NOT NEW EXPERT
        TESTIMONY .............................................................................................................7

III.    PLAINTIFFS' SPECIFIC COMPLAINTS REGARDING EACH
        DISPUTED EXHIBIT ARE WITHOUT MERIT ........................................................8

IV.     PROFESSOR TOPEL'S RULE 26(E) SUPPLEMENT WAS PROPER .........................9

V.      PLAINTIFFS' BOILERPLATE AND UNSUPPORTED OBJECTIONS
        SHOULD BE REJECTED............................................................................................9

VI.     CONCLUSION.........................................................................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

*Abila v. United States*
    2011 WL 1447618 (D. Nev. Apr. 14, 2011)................................................................................9

4

5

*Amsted Indus. Inc. v. Nat'l Castings, Inc.*
    1990 WL 106548 (N.D. Ill. July 11, 1990)................................................................................6

6

*Brand v. Comcast Corp.*
    302 F.R.D. 201 (N.D. Ill. 2014)................................................................................6

7

8

*Ford Motor Co. v. Auto Supply Co.*
    661 F.2d 1171 (8th Cir. 1981) ................................................................................6

9

10

*Heller v. District of Columbia*
    952 F. Supp. 2d 133 (D.D.C. 2013) ................................................................................7

11

*Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*
    493 F.3d 160 (D.C. Cir. 2007) ................................................................................7

12

13

*United States v. Anekwu*
    695 F.3d 967 (9th Cir. 2012) ................................................................................3

14

15

*United States v. Aubrey*
    800 F.3d 1115 (9th Cir. 2015) ................................................................................6

16

*United States v. Barriga*
    584 F. App'x 791 (9th Cir. 2014) ................................................................................6

17

18

*United States v. Bray*
    139 F.3d 1104 (6th Cir. 1998) ................................................................................5

19

20

*United States v. Crinel*
    2017 WL 490635 (E.D. La. Feb. 7, 2017) ................................................................................6

21

*United States v. Fahnbulleh*
    752 F.3d 470 (D.C. Cir. 2014)................................................................................6

22

23

*United States v. Isaacs*
    593 F.3d 517 (7th Cir. 2010) ................................................................................5

24

25

*United States v. Newman*
    1993 WL 503078 (6th Cir. Dec. 7, 1993)................................................................................6

26

27

*United States v. Rizk*
    660 F.3d 1125 (9th Cir. 2011) ................................................................................2

28

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

*United States v. Seleznev*
    2016 WL 4140951 (E.D. Wash. Aug. 4, 2016) ..................................................................6

*United States v. Stargell*
    2010 WL 11475579 (C.D. Cal. June 16, 2010) ................................................................7

**<u>Rules</u>**

Fed. R. Civ. P. 26..............................................................................................................9

Fed. R. Evid. 1006 ..................................................................................................passim

Fed. R. Evid. 104 ...............................................................................................1, 2, 8, 10

Fed. R. Evid. 611 ....................................................................................................passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1    Stripped of its rhetorical excesses and factual misstatements, Plaintiffs' objections to certain

2    of Zuffa's exhibits (the "Disputed Exhibits") boil down to their contention that this Court should

3    not be permitted to consider exhibits that use nothing more complicated than basic arithmetic to

4    accurately summarize the voluminous data relied upon by Plaintiffs' own expert, Dr. Hal Singer.

5    No new expert opinion, no new regression, and no new date underlie or are reflected in Zuffa's

6    summary exhibits—including the Disputed Exhibits—and the fact that they may be used to

7    undercut Dr. Singer's testimony does not mean that they require expert sponsorship.

8    The true scope of this dispute regarding summary exhibits is even narrower.  Plaintiffs

9    concede that any exhibit that qualifies as a summary exhibit under Federal Rule of Evidence

10   ("FRE") 1006 is properly used for cross-examination.  Decl. of Nicholas A. Widnell ("Widnell

11   Decl."), Ex. 1.  Nor do Plaintiffs appear to object to using them with fact witness Joe Silva on

12   direct.  Subject to resolution of the initial question of whether the Disputed Summary Exhibits

13   qualify as summary exhibits under FRE 1006, the only dispute is whether Zuffa may use them

14   during direct examination of its experts.

15   Each of the disputed summary exhibits is designed to assist the Court in evaluating Dr.

16   Singer's opinions through tables, simple graphs, or charts that provide an easy-to-understand

17   accurate visual representation of his *own* data.  Dr. Singer's data is sprawling and the disputed

18   summary exhibits simplify and highlight key parts of the data that will be relevant and helpful to

19   the Court in conducting the "rigorous analysis" required in deciding whether to certify a

20   class.  These summary exhibits do only one thing:  Accurately summarize Dr. Singer's voluminous

21   data to assist the trier-of-fact.  Plaintiffs may not like what the summary exhibits expose about Dr.

22   Singer's data, but that is not a justification for their exclusion.

23   Plaintiffs' objection, regardless of scope, is wrong:  each of the Disputed Exhibits is

24   factually accurate (as Plaintiffs have had ample time and opportunity to confirm); each properly

25   qualifies as admissible under FRE 1006, FRE 611, and binding Ninth Circuit law; and, per FRE

26   104(a), Zuffa has laid an appropriate foundation for their admission in the materials attached to this

27   brief.  In short, it is enough that Zuffa has shown—and Plaintiffs do not (and cannot) say

28   otherwise—that the disputed summary exhibits accurately summarize voluminous information and

1

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

that Plaintiffs have already been provided the exhibits and the information underlying those exhibits.[1]  Plaintiffs' objections should be overruled.

## I.   PLAINTIFFS' OBJECTIONS ARE BASELESS.

In their objections, Plaintiffs claim that Zuffa cannot identify any rule that would permit the introduction of the summary exhibits to which Plaintiffs object at the evidentiary hearing.  ECF No. 658 ("Obj.") 3.  The answer to this argument is that the exhibits are admissible as summary exhibits under FRE 1006 and, in the alternative, FRE 611.  To support a preliminary determination as to their admissibility under FRE 104(a), Zuffa has therefore included a sworn declaration from a consultant who supervised and otherwise has personal knowledge regarding the creation and accuracy of the exhibits.  Lustig Decl. ¶ 4.  Dr. Lustig will be available at and prior to the evidentiary hearings to answer any further questions the Court may have.  *Id.* ¶ 3.

### A.   Zuffa Meets All Three Requirements for Admissibility of a Summary Exhibit.

The Disputed Summary Exhibits are admissible under FRE 1006.  The Rule permits the use of summary exhibits, charts, or calculations "to prove the content of voluminous" writings and materials that "cannot be conveniently examined in court."  "The purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury."  *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (citations omitted).  In addition, under binding Ninth Circuit law, Zuffa, as the proponent of the summary exhibits at issue, must establish that the exhibits under FRE 1006 are based on "underlying materials" that are (1) "admissible in evidence" and (2) "were made available to the opposing party for inspection."  *Id.* (citation omitted); Fed. R. Evid. 1006.  The underlying materials need not actually be admitted into evidence.  *Id.* The rationale regarding the "availability" requirement is to permit the "opposing party" to have "an opportunity to verify the reliability and accuracy of the summary prior to trial."  *Id.* (citation and internal quotation marks omitted).

Zuffa has met all three requirements:  (1) the underlying materials are voluminous; (2) the

---

[1] The "Disputed Summary Exhibits" are exhibits 7-28 to the Declaration of Patrick Madden filed with Plaintiffs' Objections.  ECF No. 658-2.  For convenience, Zuffa refers to each Disputed Summary Exhibit by the name given to each in Plaintiffs' Objections, *e.g.* "SE1" for Summary Exhibit No. 1.  Exhibit 2 to this Response lists the exhibit numbers used for each disputed exhibit on the Parties' exhibit list.  Decl. of Dr. Joshua Lustig ("Lustig Decl") ¶ 12 & Ex. 2.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1   underlying information and materials are admissible; and (3) the summary exhibits and underlying

2   materials were made available to Plaintiffs with ample time for inspection.  In the alternative,

3   because the Disputed Summary Exhibits would assist in evaluating voluminous evidence, they are

4   also admissible under FRE 611(a).  *See United States v. Anekwu*, 695 F.3d 967, 982 (9th Cir. 2012).

5   **First, the underlying materials are voluminous**.  Disputed Summary Exhibits SE1, SE2,

6   SE3, SE6, SE7, SE10, SE12, COE87, COE88, COE89, SJE87, SJE89, SJE96, SJE97, SJE98,

7   SJE99, SJE114, SJE124, SJE128, and SJE131 are based entirely on Dr. Singer's own backup data.

8   Lustig Decl. ¶¶ 8, 10, Ex. 4.  This data is found in electronic files formatted for the statistical

9   program Stata that Dr. Singer used to run his impact regressions in his first expert report

10  ("Regression Data") and for other purposes (*e.g.*, "Sherdog Denom for Market Shares.dta").  *Id.* ¶¶

11  8, 10.  These files are voluminous and cannot be conveniently examined in Court.  *Id.* ¶¶ 8-10, 13,

12  18, 36, Exs. 3, 11, 17. For example, the Regression Data file is over 45 megabytes and contains

13  9,477 observations with 544 variables for which data may be listed for a total of over 5.1 million

14  fields of information.  *Id.* ¶ 9.  To illustrate the voluminous nature of the underlying information,

15  Exhibit 3 contains all the information from Dr. Singer's Regression Data for a single Zuffa event,

16  UFC 192, which took place on October 3, 2015.  *Id.* ¶ 13 & Ex. 3.  Exhibit 4 summarizes the data

17  used for the summary exhibits.  *Id.* ¶ 14 & Ex. 4.

18  Exhibits SE11, COE92, and SJE126 are based on voluminous information described in the

19  "Underlying Materials" column of Exhibit 4.  As evident from the face of each exhibit, it would be

20  difficult and inconvenient for the Court to examine the underlying materials individually.  Decl. of

21  Brent K. Nakamura ("Nakamura Decl.") ¶¶ 10-12.

22  **Second, the underlying information is admissible in evidence**.  SE1, SE2, SE3, SE6,

23  SE7, SE10, SE12, COE87, COE88, COE89, SJE87, SJE89, SJE96, SJE97, SJE98, SJE99, SJE114,

24  SJE124, SJE128, and SJE131 are based on Dr. Singer's own backup data.  Lustig Decl. ¶ 14 & Ex.

25  4.  Dr. Singer's backup data was listed on both parties' exhibit lists and has been designated joint

26  exhibit JCCX48.  ECF No. 662-2.  Exhibit SE11 was drawn from Zuffa-produced financial

27  spreadsheets included in Dr. Singer's backup data in exhibit JCCX49.  Lustig Decl. ¶ 32.  The data

28  and documents underlying all of the disputed Zuffa summary exhibits are admissible; neither party

3

has objected to them.  The information underlying exhibits COE92 and SJE126 is admissible in evidence as business records and on other bases.

**Third, Plaintiffs can examine each disputed summary exhibit and the materials underlying them.**  As Plaintiffs admit, Zuffa provided all of its summary exhibits prepared for the evidentiary hearing to Plaintiffs on May 24, 2019.  Decl. of Patrick F. Madden, Esq. ("Madden Decl."), ECF No. 658-1 Madden Decl. ¶ 4.  With the exceptions of disputed exhibits SE11, COE92, and SJE126, all of these disputed summary exhibits are drawn solely from Dr. Singer's backup data.  Ex. 4.  SE11 is based on Zuffa-produced financial documents contained in Dr. Singer's backup data with each spreadsheet identified individually in the "Source" notes on the face of the exhibit.  Lustig Decl. ¶ 32.  COE92 is based on exhibits 98-113 to Zuffa's Class Certification Opposition.  Nakamura Decl. ¶ 10.  SJE126 is based on data from UFC.com and FightMatrix.com as listed on the exhibit itself.  *Id.* ¶ 11.  As Plaintiffs served Zuffa with Dr. Singer's opening report backup files, which contain the Regression Data and financial documents underlying disputed exhibit SE11, Lustig Decl. ¶ 32, it is undisputed that Plaintiffs have all of the underlying materials.

Moreover, as Plaintiffs concede, counsel for Zuffa provided Plaintiffs with detailed backup materials for all Disputed Summary Exhibits on or before May 30, 2019.  Madden Decl. ¶ 6 & ECF 658-4.  The backup materials contained .do files for the statistical program Stata—the same program Dr. Singer used to run the regressions in his expert reports—that allow Plaintiffs to see each step in the creation of each disputed summary exhibit.  Lustig Decl. ¶ 8; Nakamura Decl. ¶¶ 4, 6.  Exhibit 6, which was used to generate exhibits SE1, SE3, and SE7, is an example of such a Stata .do file.  Zuffa also served the same type of detailed backup materials on Plaintiffs regarding the disputed Class Certification Opposition Exhibits.  Lustig Decl. ¶ 17.  Plaintiffs have had adequate time to examine Dr. Singer's backup data and check the accuracy of the summary exhibits.[2]  Zuffa easily satisfies this third requirement.  *See United States v. Isaacs,* 593 F.3d 517, 527 (7th Cir.

---

[2] Plaintiffs falsely assert that "Zuffa never provided the back-up material for COE87, COE88, or COE89."  Obj. 7.  In truth, as Plaintiffs now concede, Zuffa served the back-up material for these exhibits on April 13, 2018.  Nakamura Decl. ¶¶ 4, 6-7, Ex. 7-8.  Disclosure of backup materials is not an issue with respect to exhibits COE92 and SJE126.  COE92 is a summary of exhibits filed with Zuffa's Class Opposition and SJE126 is a table that summarizes various publicly available sources and records.  Nakamura Decl. ¶¶ 10-11.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1  2010) (FRE 1006's "reasonable time and place" requirement means that the "opposing party has

2  adequate time to examine the records to check the accuracy of the summary") (citation omitted).

3  **B.      The Disputed Summary Exhibits are Accurate.**

4  Plaintiffs have had ample time to inspect all of the Disputed Summary Exhibits and evaluate

5  their accuracy.  They have had over a year to inspect the summary exhibits and backup materials

6  underlying the summary exhibits submitted in connection with Zuffa's Class Certification

7  Opposition and have had nearly a year to inspect the Disputed Summary Exhibits submitted in

8  connection with Zuffa's Motion for Summary Judgment ("MSJ"), ECF No. 573-575.[3]  ECF No.

9  540 (Zuffa Class Opp. filed on April 6, 2018); Nakamura Decl. ¶¶ 4, 6-7, Ex. 7-8 (service of the

10  backup materials to exhibits COE87, COE88, and COE89 made April 13, 2018).  Plaintiffs have

11  neither challenged their accuracy nor moved to strike any of these exhibits.  Nakamura Decl. ¶¶ 4-5,

12  14; Obj. 7 (no mention of a single inaccuracy).

13  As to the new summary exhibits, Plaintiffs have had ample time to inspect each summary

14  exhibit, examine the backup materials underlying each exhibit, and confirm that the exhibits are

15  mathematically and computationally accurate summaries of Dr. Singer's backup data.  Plaintiffs

16  have not identified a single way in which the disputed summary exhibits are mathematically or

17  computationally inaccurate.  *See* Obj. 4-8.

18  Plaintiffs also object to certain annotations on individual summary exhibits which they

19  claim are "improper advocacy" and "improper argument."  Obj. 10.  Summary exhibits "must be

20  accurate and nonprejudicial," without, for example, annotations "with the conclusions of or

21  inferences drawn by the proponent."  *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998)

22  (citation omitted).  Critically, however, "[n]othing should be lost in translation." *Id.*

23  The annotations Plaintiffs object to in SE1, SE2, SE3, SE6, and SE7 are not conclusions or

24  arguments; they are a necessary part of the summary.  These notes include information from Dr.

25  Singer's backup data and an explanation of the calculations and concepts involved in the summary,

26

---

27  [3] Plaintiffs have made these objections despite having agreed to a framework in the May 7, 2018 Joint
Motion to Supplement Expert Reports, ECF No. 545, which the Court granted, ECF No. 628, that

28  permitted Plaintiffs to "submit summary charts equivalent to" COE87, COE88, and COE 89.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1   which ensure that nothing is lost in translation and the contents of the exhibit are accurate and clear

2   for the Court.  They do not draw conclusions or make arguments about how the Court should

3   interpret the exhibit but merely contribute to the summary of the underlying voluminous data.[4]

4         **C.**        **Each Disputed Summary Exhibit is Properly Classified as a Summary Exhibit.**

5         Extensive case law supports the conclusion that the Disputed Summary Exhibits are

6   properly admissible as summary exhibits under FRE 1006:

7   
8   - **Summaries of Financials** (SE2, SE6, SE10, SE11, SE12, COE87, COE88, COE89):
    *United States v. Aubrey*, 800 F.3d 1115, 1130-31 (9th Cir. 2015) (charts summarizing
9   financial information, specifically the movement of funds between bank accounts); *Ford
    Motor Co. v. Auto Supply Co.*, 661 F.2d 1171, 1175-76 n.10-11 (8th Cir. 1981)
10   (summarizing "sixty column 'spread sheets' compiling a large amount of complex data
    for each of four years" that also included financial statements); *Amsted Indus. Inc. v.
    Nat'l Castings, Inc.*, 1990 WL 106548, *22-23 (N.D. Ill. July 11, 1990) (summarized
11   "data as to freight car sales and market-share percentages").

12   - **Summaries of Raw Data/Spreadsheets** (SE1, SE2, SE3, SE6, SE7, SE10, COE87,
    COE88, COE89, SJE87, SJE96, SJE97, SJE98, SJE99, SJE114, SJE124, SJE128,
13   SJE131): *United States v. Fahnbulleh*, 752 F.3d 470, 478-79 (D.C. Cir. 2014)
    (summarizing thousands of pages of raw data); *Brand v. Comcast Corp.*, 302 F.R.D. 201,
14   211-12 (N.D. Ill. 2014) (summary of data, including excerpts from that data contained in
    a "database-type format" from "an information security attorney"); *United States v.
15   Seleznev*, 2016 WL 4140951, *1 (E.D. Wash. Aug. 4, 2016) ("computer data is extremely
    dense and difficult to review in its raw format. The very nature of the contents should
16   make the volume argument a non-issue" and admitting computer data summary).

17   - **Bar Charts and Graphs** (SE1, SE2, SE3, SE7, SE10, SE12, COE87, COE88, COE89,
    SJE128): *United States v. Newman*, 1993 WL 503078, *5-6 (6th Cir. Dec. 7, 1993) (bar
18   chart summary displaying defendant's unreported income along with relevant dates
    which, in total, summarized approximately 200 complex transactions); *United States v.
19   Crinel*, 2017 WL 490635, *9 (E.D. La. Feb. 7, 2017) (line graph summary illustrating
    numbers of referrals over a 20 month period)

20   - **Basic Summary Chart** (COE92, SJE87, SJE96, SJE97, SJE98, SJE99, SJE114, SJE124,
    SJE126, SJE131): *United States v. Barriga*, 584 F. App'x 791, 793-94 (9th Cir. 2014)
21   (summarizing testimony regarding telephone-links and a contact list from a forensic
    report on a cell phone).

22   
23   
24   
25   
26   
_____

27   [4] In addition, this rule addresses an inapplicable concern that summary exhibits "may go to the jury
room" and become a "mini-summation by the chart's proponent every time the jurors look at it." *Id.*
28   These charts are not for a jury trial but an evidentiary hearing before the Court.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

## II.        THE DISPUTED SUMMARY EXHIBITS ARE NOT NEW EXPERT TESTIMONY

Plaintiffs finally resort to claiming that certain of the exhibits are expert analyses.[5]  Obj. 4. They are not.  First, as summarized in Exhibit 2, the Disputed Summary Exhibits use basic arithmetic to excerpt portions of Dr. Singer's backup data and display it in simple, accurate, and accessible form.  The summary exhibits were created by nothing more complicated than sorting data and using addition, subtraction, multiplication, and division to create bar charts, histograms, tables, and line graphs.  There are no new regressions or any other complicated mathematical operation that would require expert analysis or computational skill.  Lustig Decl. ¶¶ 12, 17; Ex. 2. As shown above, simple summary exhibits of this type are routinely admitted under FRE 1006.

FRE 1006 explicitly contemplates that summaries admissible under the rule may take the forms of "a summary, chart, or calculation."  A summary exhibit is not objectionable merely because a calculation is required.  When testifying, an expert is not limited "simply to reading his report"—experts may "supplement, elaborate upon, and explain" their reports in oral testimony. *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (citation omitted); *Heller v. District of Columbia*, 952 F. Supp. 2d 133, 139 (D.D.C. 2013) ("the expert report, then, is not the end of the road, but a means of providing adequate notice to the other side to enable it to challenge the expert's opinions and prepare to put on expert testimony of its own").

Second, no expert is needed to admit an exhibit under FRE 1006 even if that information summarizes information from a financial record or database. *E.g. United States v. Stargell*, 2010 WL 11475579, at *2 (C.D. Cal. June 16, 2010) (admitting summary audit information derived from bank record and IRS databases).  Thus, Plaintiffs' questions regarding when a summary exhibit was created, who created the exhibit, and the like are irrelevant.  The only relevant questions are those under FRE 1006 and binding Ninth Circuit precedent, all of which have been addressed above.

---

[5] Plaintiffs' continued attempts to misconstrue exhibits and statements as showing that Zuffa or its experts "appear[] to accept wage share as the mode of analysis," Obj. 1-2, are disingenuous at best. Zuffa and its experts continue to maintain the position that wage share is not a measure of anything useful or informative in this case. *E.g.*, ECF No. 524-10, Oyer Rep. ¶¶ 12-14, 60-63; ECF No. 551-16, Topel Reply ¶¶ 12, 33. Zuffa and its experts have consistently explained why wage share is not relevant, reliable, or useful here. *E.g.*, Topel Reply ¶¶ 12, 33; ECF No. 611 at 10-11.  That Zuffa has created certain summary exhibits using Plaintiffs' concepts of "wage share" or "fighter share" for use at the evidentiary hearing is not an admission.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1    For each Disputed Summary Exhibit, Zuffa has submitted a declaration of a competent

2 witness whose statements provide the foundation for the Court to make a preliminary determination

3 of the facts supporting its admissibility under FRE 104(a), 611, and 1006.  Lustig Decl. ¶¶ 2, 4-35;

4 Nakamura Decl. ¶¶ 2, 4-7, 9-13; ECF No. 540-3 (Nakamura Decl. in Supp. of Class Opp.) ¶¶ 3-13.

5

6
## III.    PLAINTIFFS' SPECIFIC COMPLAINTS REGARDING EACH DISPUTED EXHIBIT ARE WITHOUT MERIT

7    Plaintiffs make weak and collateral attacks on each of Zuffa's proposed exhibits.  Table A

8 lists Zuffa's responses to Plaintiffs' individual attacks.

9 **Table A:  Zuffa's responses to Plaintiffs' specific arguments regarding the Disputed Summary Exhibits on pages 4-8 of their Objections Brief**

| Ex. | Zuffa Response |
|---|---|
| SE1 | Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 21. |
| SE2 | Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 22.  The vertical axis is entirely accurate (it is to scale and displays the data properly).  Lustig Decl. ¶ 22.  Plaintiffs should challenge the exhibit via cross-examination or respond with their own.  Exclusion is not an appropriate remedy. |
| SE3 | Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 23-27.  ***This is not a new regression; it displays the results of Dr. Singer's regression***.  SE3 displays coefficients and results generated from Dr. Singer's *own* regression (including "predicted" shares) and uses basic arithmetic operations like subtraction and averaging.  Dual-vertical axes are easily understood and are commonly used.  Lustig Decl. ¶ 28. |
| SE6 SE7 | Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 29-30.  This information comes directly from Dr. Singer's regression data and simply summarizes Strikeforce's wage share and other information.  Lustig Decl. ¶¶ 29-30.  Plaintiffs are free to use any weighting scheme from Dr. Singer's reports in a responsive summary exhibit but exclusion is unwarranted here because the exhibit is accurate. |
| SE10 SE12 | Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 31, 33.  Plaintiffs' statement regarding broadcast type is false.  Obj. 6-7.  Dr. Singer does *not* control for broadcast types in any of his regressions—although he has a variable ("broadcast") in his regression data set, he *never* includes it in *any* of his regressions.  Lustig Decl. ¶¶ 15-16.  The summary graphs are also accurate as described—Plaintiffs' claims regarding time period differences are false.  Lustig Decl. ¶¶ 31, 33; *see id.* ¶ 20. |
| SE11 | Plaintiffs do not contest that this exhibit is within the scope of Prof. Topel's opinions as already disclosed in his reports.  TUF data is not included for years 2010 and 2012 because that information was not separately and clearly identified in the financial documents in Dr. Singer's backup data.  SE11 is accurate.  Lustig Decl. ¶¶ 18, 32. |
| Class. Opp. Ex. | Plaintiffs do not contest that these exhibits are within the scope of Prof. Topel's opinions as already disclosed in his reports.  Contrary to Plaintiffs' claim that they never got the backup for COE87-COE89, Zuffa served the backup materials on Plaintiffs more than a year ago.  Nakamura Decl. ¶ 4.  As a matter of courtesy, Zuffa has provided another copy.  *Id.* ¶ 9.  Plaintiffs have never contested the accuracy of these exhibits.  Dr. Lustig's declaration lays the proper foundation.  Lustig Decl. ¶¶ 8-9, 34.  COE92 is also accurate and Plaintiffs do not contend otherwise.  Nakamura Decl. ¶¶ 4, 10. |
| MSJ Exs. | The attached declarations lay the proper foundation.  Lustig Decl. ¶ 35; Nakamura Decl. ¶ 11.  The summary exhibits are accurate and using them on direct or cross-examination would be appropriate. |

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

**IV.      PROFESSOR TOPEL'S RULE 26(E) SUPPLEMENT WAS PROPER**

Plaintiffs object to the July 30, 2018 Rule 26(e) Supplemental Expert Report of Professor Topel ("26(e) Supplement"), filed as Exhibit 68 to Zuffa's MSJ, ECF No. 575-17, which they inaccurately characterize as a "***fifth*** report"[6] that is "untimely" and "unauthorized," Obj. at 3.  That objection lacks merit.  The nine-paragraph 26(e) Supplement provides three factual updates relevant to Prof. Topel's three reports regarding events that occurred after his third and final report was filed on May 7, 2018:  The June 2018 multi-year Bellator-DAZN broadcast deal worth more than $100 million; the July entry of Golden Boy Promotions, one of the world's premier boxing promotions, into live and pay-per-view MMA event production; and the June 2018 announcement of the Professional Fighters League's ("PFL") million-dollar tournaments for each weight class, including $10 million in total.  ECF No. 575-17 ¶¶ 1-2, 5, 8.  The Bellator-DAZN, Golden Boy, and PFL information is relevant to information given in his prior reports and at his deposition.  *E.g.*, *id.* ¶¶ 3, 6-7, 9 (citing relevant opinions in prior reports); Ex. 10, Dec. 6. 2017 Topel Dep. 435:3-16, 439:10-24 (explaining that other MMA promotions have not had difficulty accessing UFC athletes).

Federal Rule of Civil Procedure 26(e) not only permits, it imposes a "duty" upon, Zuffa to "supplement" information contained in Prof. Topel's expert reports "by the time the party's pretrial disclosures" are due.  The 26(e) Supplement, served well in advance of the Rule 26(a)(3) deadline, is timely, authorized, and required by Rule 26(e).  Plaintiffs' objection should be overruled.  *E.g.*, *Abila v. United State*s, 2011 WL 1447618, at *2 (D. Nev. Apr. 14, 2011) (overruling a Rule 26(e) objection to a supplement to a report that was timely disclosed and was "based on information not available" to an expert "at the time of his initial report" and pertinent to earlier analysis).

**V.      PLAINTIFFS' BOILERPLATE AND UNSUPPORTED OBJECTIONS SHOULD BE REJECTED**

Plaintiffs make unsupported boilerplate objections regarding "hundreds" of non-summary Disputed Exhibits apparently on the basis that Zuffa's economists did not list them in their

---

[6] Despite Plaintiffs' confusing protestations to the contrary, Prof. Topel has submitted only three expert reports in this case.  ECF No. 575-17 ¶ 1 (listing Prof. Topel's prior October 27, 2017, February 12, 2018, and May 7, 2018 reports).  Although Plaintiffs repeatedly claim that Prof. Topel's April 6, 2018 Declaration is another report, the Declaration merely "summarizes certain material" in his October 27, 2017 report pertinent to the "class certification motion."  ECF No. 540-5 ¶ 3.  The summary is not a new report and contains no new opinions.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1    materials relied upon.  Obj. 3 n.3.  These exhibits include, *e.g.*, approximately 85 social media posts

2    by athletes listed in Dr. Singer's backup data.  These social media posts were combined into four

3    exhibit groups, ZCCX8-11, on the Parties' final exhibit list.  ECF No. 662-2.  Zuffa also included

4    approximately 40 news articles regarding athletes who are included in Dr. Singer's backup data.

5    Plaintiffs' claimed objection to "hundreds" is puzzling because Zuffa is aware of objections to only

6    165 documents.  *Id.*; Widnell Decl. ¶ 6.  Plaintiffs do not dispute their authenticity or factual

7    accuracy, nor make any actual argument related to the objection, but merely object to them in a

8    single footnote.  Obj. 3.  The Court should overrule these boilerplate objections.

9    **VI.**     **CONCLUSION**

10         Zuffa respectfully requests that the Court overrule Plaintiffs' objections in their entirety.

11    Zuffa further requests that the Court rule under FRE 104(a) that the attached Lustig Declaration

12    establishes a foundation for the admissibility of the Disputed Summary Exhibits; that they are

13    admissible as summary exhibits under FRE 1006 or, alternatively, under FRE 611; and that they

14    may be used on cross-examination of Plaintiffs' expert witnesses, on direct examination of former

15    Zuffa executive Joe Silva, and on direct examination of Zuffa's expert witnesses.

16         To the extent Plaintiffs object to the use of any of the Disputed Summary Exhibits on

17    Zuffa's direct examinations at the hearing, Zuffa asks that it be allowed to lay the proper foundation

18    for the admissibility of each summary exhibit to which Plaintiffs have objected and be allowed to

19    show why the summary exhibit is within the scope of the relevant expert's disclosed opinions or

20    appropriate for testimony on re-direct.[7]

21

22

23

---

24    [7] In an attempt to gain a tactical advantage, Plaintiffs have repeatedly asked how and with what witness(es) Zuffa intends to use the Disputed Summary Exhibits.  Zuffa responded with a potential

25    compromise whereby Zuffa would provide that information if Plaintiffs would provide the same information: detailed information regarding how and with whom they would use each exhibit.

26    Widnell Decl. ¶ 3.  Plaintiffs declined to entertain Zuffa's proposed compromise and later refused to provide Zuffa with the same information even after indicating that they had their own summary

27    exhibits that they did not list on their exhibit list.  *Id.* ¶¶ 4-5.  Prof. Topel is scheduled to testify after Dr. Singer's initial direct, cross-examination, and re-direct testimony, ECF No. 654, and Zuffa does

28    not know (and Plaintiffs will not say) what Dr. Singer's testimony will be, so disclosure of what exhibits and topics Zuffa will explore with Dr. Topel on direct is premature.

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1  Dated:  June 28, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP


By: */s/ William A. Isaacson*
     William A. Isaacson

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 S. Fourth Street, Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

11

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS

1

## **CERTIFICATE OF SERVICE**

2   The undersigned hereby certifies that the foregoing Defendant Zuffa, LLC's Opposition to

3 Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported

4 "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification was

5 served on June 28, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on

6 the e-service list.

7

8            */s/ Roderick J. Crawford*
             Roderick J. Crawford, an Employee of

9             Boies Schiller Flexner LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ZUFFA'S OPP. TO PLS' OBJECTIONS TO ZUFFA'S SUMMARY EXHIBITS