WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 S. Fourth Street, Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS, State Bar No. 5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　　Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br>**DECLARATION OF NICHOLAS A. WIDNELL IN SUPPORT OF ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEFENDANT ZUFFA, LLC'S PROPOSAL TO INTRODUCE CERTAIN PURPORTED "SUMMARY EXHIBITS" AT THE HEARING CONCERNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Nicholas A. Widnell, declare as follows:

1. I am a member in good standing of the bar of the District of Columbia. I am admitted *pro hac vice* to practice before this Court. I am a Partner in the law firm Boies Schiller Flexner LLP ("BSF") and counsel for Zuffa, LLC ("Zuffa") in the above-captioned action in the U.S. District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFP-BNW.

2. I make this declaration in support of Defendant Zuffa, LLC's Opposition to Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification. Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

3. On June 3, 2019, the Parties met and conferred via telephone. At that time, Plaintiffs again requested we reveal our strategy and plans for the hearing by telling them how we intend to use our Summary Exhibits at the hearing. I asked Plaintiffs whether they were suggesting we identify each exhibit by the witness with whom we intended to use the exhibit. I stated that if we provided that kind of information to Plaintiffs, we would expect Plaintiffs to provide the same in return.

4. Plaintiffs responded they only wanted this information for the materials on Zuffa's exhibit list that were not on the "Materials Relied Upon" lists in Zuffa's experts' reports, including the Summary Exhibits. Plaintiffs stated they would be willing to provide the same information, but because they have no Summary Exhibits, they were thereby only agreeing to a situation wherein Zuffa, but not Plaintiffs, would provide additional information about how it intends to use exhibits.

5. On June 7, 2019, the Parties again met and conferred via telephone. On this call, Plaintiffs indicated they had their own Summary Exhibits they intend to use should the Court permit Zuffa to use Summary Exhibits, but Plaintiffs refused to disclose or provide any information about their Summary Exhibits they have allegedly created. Plaintiffs indicated they would not provide them until after the Court ruled on their objections to Zuffa's Summary Exhibits. I noted that Zuffa

would only object to their use of summary exhibits to the extent the exhibits were either inaccurate or were not provided with notice sufficiently in advance of the hearing.

6. Separately, on June 6, 2019, Plaintiffs provided Zuffa with a preliminary list of exhibits to which they had objections. This list had 165 documents on it.

7. Exhibit 1 to this Declaration is a true and correct copy of an email sent from Meghan Strong to Patrick Madden on June 7, 2019 with redboxes added for emphasis that includes earlier email correspondence between Ms. Strong and Mr. Madden regarding the parties' meet and confer efforts. In addition, Ms. Strong's mobile phone number has been redacted from the email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed on this 28th day of June, 2019 in London, U.K.

*/s/ Nicholas A. Widnell*
Nicholas A. Widnell