# EXHIBIT 1

# Email from M. Strong to P. Madden dated June 7, 2019

| | |
|---|---|
| From: | Meghan Strong |
| To: | Patrick Madden; Nicholas Widnell; Jonathan Shaw |
| Cc: | Mark R. Suter; Kevin Rayhill |
| Subject: | RE: Le v. Zuffa - follow-up to today"s call |
| Date: | Friday, June 7, 2019 7:39:00 AM |

Patrick,

We have reviewed your position below describing what Plaintiffs believe is the proper scope of direct, cross, and rebuttal at the evidentiary hearings. Zuffa disagrees with some of the characterizations you make in your statement, but in the interest of conciseness, we will not go through each individual claim. Rather, we wish to provide a response describing what we believe the standard should be on this issue. We are also in receipt of your recent email identifying the specific bases for your objections by exhibit. We will reply in more detail once we have reviewed those materials.

Given that Judge Boulware has scheduled these evidentiary hearings to better understand the expert reports and analyses at issue in this case, we believe it is appropriate to create summary exhibits based on the backup materials to the expert reports that will help to better explain the analyses of these experts. Under Fed. R. Civ. P. 37(c)(1), there is no harm to the Plaintiffs in using these exhibits because Zuffa has given sufficient notice and provided backup materials to support the exhibits and permitted Plaintiffs to verify their accuracy. To the extent that Plaintiffs wish to create their own summary exhibits based on the backup materials from the expert reports, Zuffa would not object provided Plaintiffs provide equally sufficient notice. Regardless of the lack of harm posed to either side by Zuffa's summary exhibits, Plaintiffs have recognized it would be appropriate to cross examine Dr. Singer about his own analyses using summary exhibits of his backup data to explain those analyses. To the extent that these exhibits are used to cross examine any of Plaintiffs' experts, it would be appropriate to then use those same exhibits in the direct examination of Zuffa's experts based on the established rule that experts may give testimony and opinions based on evidence presented at trial. Fed. R. Evid. 703. Finally, at a minimum, Zuffa is entitled to admit summary exhibits from any witness, including an expert, if the expert does not state an opinion based on the exhibits.

As for your claim that the summary exhibits Zuffa proposes to use do not meet the requirements of Fed. R. Evid. 1006, Zuffa disagrees. Dr. Singer's impact regressions have over 7,000 observations and 700 variables, and the only practicable way to make these available to the court is by summarizing and breaking them down into understandable summary exhibits for the court. This is exactly the kind of voluminous data for which summary exhibits are appropriate under Fed. R. Evid. 1006. Further, Zuffa has made the exhibits and backup materials available to plaintiffs, thus satisfying the requirements of *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011).

In addition, with respect to various issues raised in our email correspondence and our meet and confer on Monday:

1. With regard to the three documents on which you sought clarification regarding our objections, please see the below clarification:

    a. DB-ZUFFA-00007249: Our objections to this document are on the basis of both Daubert and general admissibility under the Federal Rules of Evidence. There has been no testimony regarding the source or reliability of the purported data and information contained in the document. The document, which lacks both a cover page and any cover email that might provide information regarding the document, was prepared by a third party (Futures Sport & Entertainment, see DB-ZUFFA-00007284) that was not subpoenaed for either documents or testimony in this case to determine the source of the document's contents/information. As such, the document and its contents are unreliable.

    b. ZFL-1241786: Our objections to this document are on the basis of both Daubert and general admissibility under the Federal Rules of Evidence. There has been no testimony regarding the source or reliability of the purported data and information contained in the document, and Plaintiffs did not question the custodian of the document regarding its purpose, content, or reliability. The document was prepared by a third party (BTG Pactual) that was not subpoenaed for either documents or testimony in this case to determine the source of the document's contents/information. As such, the document and its contents are unreliable.

    c. ZFL-2508355: Our objections to this document are on the basis of both Daubert and general admissibility under the Federal Rules of Evidence. The testimony regarding this document makes it clear that the data contained in it is inherently unreliable, as this was merely a pitch document created by a third party (Vinci) with whom Zuffa had not shared much information, and Zuffa had not asked Vinci to prepare the presentation. (Bidarian Dep. pp. 66-67) Plaintiffs did not subpoena third party Vinci for either documents or testimony in this case to determine the source of the document's contents/information. As such, the document and its contents are unreliable.

Dr. Singer improperly relied on each of the three documents, above, in his expert reports, despite the unreliability inherent in each of those documents.

2. Regarding the hearsay objection we discussed, we propose the following stipulation: The parties agree that exhibits identified as containing hearsay statements may be used during the hearing to the extent an expert has considered that exhibit in forming an opinion, but not to establish the truth of the matter asserted by the hearsay statement.

3. We wish to respond to your objection to Dr. Topel's 26(e) Supplemental Report, filed with Zuffa's Motion for Summary Judgment. This report is proper under Rule 26(e) as it discusses three things: (1) the July 2018 deal between Bellator and DAZN for a deal in excess of $100 million (2) Golden Boy entering the MMA promotional space including using PPVs and (3) PFL's million dollar tournament and $10 million in prize money overall. Under FRCP 26(e)(1)(a) a party must supplement expert disclosures "in a timely manner" and FRCP 26(e)(2) explicitly requires supplementing reports "both to information included in the report and to information given during the expert's deposition." The only limitation is that information

must be disclosed by the time the party's 26(a)(3) disclosures are due.  The disclosures in the Topel 26(e) supplement were made shortly after the June 26, 2018 publication of the Bellator-DAZN deal and the July 2018 reporting on the Golden Boy MMA deal, as the disclosure was made in the Motion for Summary Judgment on July 30, 2018, making this disclosure timely. All of these events occurred *after* Dr. Topel's reports were submitted and his deposition completed, so a 26(e) supplement to make these disclosures was proper.

4. Finally, we have a question with respect to Plaintiffs' objection "to Zuffa introducing at this evidentiary hearing any listed exhibit that concerns events, occurrences, or information that take place or cover a period after the end of the Class Period." Is it your position that the class period ends at the close of expert discovery?

Zuffa reserves its rights to change or supplement these positions, and we maintain our previous objections not mentioned here.

We look forward to speaking to you later today.

**Meghan H. Strong\***
Associate

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 274 1122
(m) [redacted]
mstrong@bsfllp.com
www.bsfllp.com
*\*Admitted to practice in CA only; Not admitted to practice in DC.*

---

**From:** Patrick Madden [mailto:pmadden@bm.net]
**Sent:** Tuesday, June 4, 2019 8:48 PM
**To:** Meghan Strong; Nicholas Widnell; Jonathan Shaw
**Cc:** Mark R. Suter; Kevin Rayhill
**Subject:** RE: Le v. Zuffa - follow-up to today's call

Meghan and Nick,

In follow up to our discussion, we provide more information on the proper scope of direct, cross, and rebuttal at the upcoming evidentiary hearing for Plaintiffs' Motion for Class Certification.

The parties should be governed by the Federal Rules of Civil Procedure and Evidence. More specifically, Fed. R. Civ. P. 26(a)(2) provides that a testimonial expert must disclose "a written report —prepared and signed by the witness...." The report must contain, *inter alia*:

   (i)      A complete statement of all opinions the witness will express and the basis and reasons for them;
   (ii)     The facts or data considered by the witness in forming them; and

(iii)   Any exhibits that will be used to summarize or support them.

*Id.*

In accordance with Rule 26(a)(2), it is inappropriate for an expert to provide testimony and/or present evidence under Fed. R. Evid. 702, 703 or 705, at the upcoming class certification hearing or trial, that was not set forth in that expert's reports.

Further, as you know, "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Court set the timeline and sequence for the disclosure of the parties' experts and their written reports. The parties further stipulated (and the Court accepted) the submission of additional expert reports from each party, culminating in Dr. Singer's fourth report (SR4) dated May 28, 2018. Further expert submissions/testimony are untimely and barred by, *inter alia*, Fed. R. Civ. P. 26(a)(2) and this Court's Orders.

In addition, the purpose of the upcoming class certification hearing is for the parties to present to the Court the arguments previously set out in their reports relevant to the parties' class certification briefing. This hearing should not be an opportunity to present entirely new opinions or raise entirely new arguments. It is apparent from Zuffa's "Summary Exhibits" that Zuffa is dissatisfied with the current state of the record and feels the need, as it has throughout this case, to come up with new arguments and attacks on Plaintiffs' experts' methods and findings. This multiplies the costs, and is otherwise improper, inefficient, inappropriate, and inconsistent with the Rules and due process. The point of disclosing expert reports according to the federal rules and the Court's schedule is so that the record is not a moving target. For better or for worse, Zuffa has had its chances to devise arguments and opinions to undermine Plaintiffs' case. It must rest with the case it has developed.

As we understand it, Zuffa both admits that its "Summary Exhibits" were not part of any of Zuffa's experts' Rule 26 reports, and also that Zuffa's lawyers and *not its experts* supervised their creation. Thus, Zuffa may not introduce the "Summary Exhibits" through its own experts' direct examinations at the upcoming hearing (or at trial). Permitting Zuffa to introduce such "Summary Exhibits" in this way would constitute untimely disclosure of expert testimony and violate the Federal Rules of Civil Procedure.

Thus, in connection with Zuffa's direct examination of Zuffa's experts, Plaintiffs object to Zuffa's apparent intention to try and elicit testimony from its experts using exhibits that the experts did not create, timely disclose during expert discovery, or both.

The standard for using exhibits on cross examination is different. Thus, to the extent summary exhibits were proper under Fed. R. Evid. 1006, a party would be able to cross examine a witness using a summary exhibit. In fact, it is this distinction (between introducing the "Summary Exhibits" on cross of Plaintiffs' experts versus on direct of Zuffa's experts) that underlies Plaintiffs' request that Zuffa disclose the purpose of the "Summary Exhibits." On our call, you asked that Plaintiffs do the same.  But Plaintiffs have not proposed to use "Summary Exhibits."

Further, Plaintiffs do not agree that Zuffa has met the foundational requirements of Fed. R. Evid.

1006. The comment to Fed. R. Evid. 1006 makes clear that the rule refers to "The admission of summaries of voluminous books, records, or documents [which] offer[] the only practicable means of making their contents available to judge and jury." Zuffa's proposed use of the "Summary Exhibits" does not meet those criteria. Thus, independent and apart from the untimely disclosure of expert testimony outside of the witnesses' written reports, Zuffa cannot use "Summary Exhibits" that are otherwise inadmissible due to their failure to meet the criteria of Fed. R. Evid. 1006 regardless whether on direct or cross examination.

Plaintiffs note that we are still evaluating Zuffa's "Summary Exhibits" and other new exhibits, and will likely object to several as inappropriate for various reasons, including that many are expert analyses inappropriately submitted under the guise of "Summary Exhibits," and do not otherwise satisfy the standards for submission of such exhibits. In addition, Plaintiffs reserve the right to add to Plaintiffs' exhibit list additional exhibits, including, without limitation, "summary exhibits" in response to Zuffa's new exhibits to the extent that the Court permits Zuffa to use such exhibits in any capacity. In other words, if Zuffa is permitted to introduce new matter after the close of expert discovery and the class certification briefing record, Plaintiffs do not intend to unilaterally disarm.

Relatedly, to the extent Zuffa is permitted to introduce new material or issues not previously covered during expert discovery or in the parties' class certification briefing, the rebutting party must have the right to rebut such material using any exhibits suitable for such purpose.

Plaintiffs' exhibit list and Plaintiffs' objections to Zuffa's exhibit list have incorporated these concepts.

Pursuant to these standards, Plaintiffs reiterate our request that Zuffa explain: (1) how Zuffa intends to introduce any of its "Summary Exhibits" (*e.g.*, on direct or only on cross); (2) to the extent Zuffa intends to introduce any "Summary Exhibits" during its direct examination of its expert(s), what part of Zuffa's expert(s)' report(s) are described or depicted in the "Summary Exhibit;" (3) if the answer to (2) is that any "Summary Exhibit" does not describe or depict any part of Zuffa's expert(s)' report(s), on what basis does Zuffa believe such expert(s) can testify concerning the "Summary Exhibit;" and (4) who prepared the "Summary Exhibits."  Relatedly, Plaintiffs continue to object to the introduction during Zuffa's direct examinations of its witnesses of any exhibits on which Zuffa's expert did not rely in forming their opinions as expressed in their written report(s).  Such materials include, without limitation, the news articles and materials listed on Zuffa's exhibit list that are dated after the close of expert discovery (and necessarily were not relied upon in the expert reports) and any "Summary Exhibits" or other similar exhibits that Zuffa attached to its Opposition to Plaintiffs' Motion for Class Certification, its *Daubert* Motions briefing, or its Motion for Summary Judgment briefing.

We look forward to continuing the meet and confer on these issues.

_____

**PATRICK F. MADDEN** / *Associate*
**d** 215.875.3035 **m** 215.875.3000 | pmadden@bm.net

**BERGER | MONTAGUE**
1818 MARKET ST | SUITE 3600 | PHILADELPHIA, PA 19103
bergermontague.com | twitter | facebook | linkedin

---

**From:** Meghan Strong <mstrong@bsfllp.com>
**Sent:** Monday, June 3, 2019 7:18 PM
**To:** Patrick Madden <pmadden@bm.net>
**Cc:** Mark R. Suter <msuter@bm.net>; Kevin Rayhill <krayhill@saverilawfirm.com>; Nicholas Widnell <nwidnell@bsfllp.com>; Jonathan Shaw <jshaw@bsfllp.com>
**Subject:** Le v. Zuffa - follow-up to today's call

Patrick,

Here is a summary of what we understand both sides to have promised to deliver to each other in follow-up to our call today:

- Plaintiffs
    - Plaintiffs to draft and send a summary of their position on what the standard should be regarding what exhibits may appropriately be used on direct, cross, and re-direct (as it relates to the issue of asking about documents not on an expert's Materials Relied Upon List).
    - Plaintiffs to send a breakdown of what the basis for objection is for each document on the list Plaintiffs sent Friday (understanding that one document may fall into more than one of Plaintiffs' objection categories).
- Zuffa
    - Zuffa to draft proposed language for a stipulation to resolve the issue of Zuffa's hearsay objection and preserve issues appropriately for trial.
    - Zuffa to clarify specific basis for the objections "Foundation, authenticity, and unreliability" to clarify if these are Daubert objections or something else.
    - Zuffa to resend letter explaining Zuffa's sealing positions (see attached).
    - Zuffa will also send Plaintiffs updated designations for the depositions and related information tomorrow (Tuesday, June 4).

Tentative agreements that both sides need to confirm:
- Zuffa's proposed briefing schedule and page limits, to apply only to objections not based on confidentiality.
- Plaintiffs to amend their exhibit list to include the missing cover emails we identified (but reserve the right to use excerpts of documents, an issue which we discussed but have not yet resolved).
- Plaintiffs also propose to amend their exhibit list to include all documents relied upon by all of their experts.

Let us know if you understood any of these agreements differently. In addition, it looks like scheduling our next call for sometime Thursday in the afternoon (ET) would work best on our end. Please let us know what time would work well for Plaintiffs on Thursday afternoon.

Thanks,
Meghan

**Meghan H. Strong**\*
Associate

**BOIES SCHILLER FLEXNER** LLP

1401 New York Avenue, N.W.
Washington, DC 20005
(t) +1 202 274 1122
(m) +1 ███████
mstrong@bsfllp.com
www.bsfllp.com
\**Admitted to practice in CA only; Not admitted to practice in DC.*

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]