# EXHIBIT 7

Email from E. Cramer to N. Widnell dated April 13, 2018

| | |
|---|---|
| **From:** | Eric Cramer |
| **To:** | Nicholas Widnell |
| **Cc:** | William Isaacson; Stacey Grigsby; Richard A. Koffman; Joseph R. Saveri (jsaveri@saverilawfirm.com); Patrick Madden; Mark R. Suter; Suzanne Jaffe Nero; Brent Nakamura |
| **Subject:** | RE: Cung Le, et al. v. Zuffa |
| **Date:** | Friday, April 13, 2018 2:45:00 PM |

Nick:

We obviously disagree with your characterization of the relevant facts and circumstances, but briefly:

(1)   Dr. Singer's Supplemental Report was submitted, as you know, in response to Dr. Topel's unauthorized sur-rebuttal. The regression about which you complain is one of the analyses that Dr. Singer uses to refute one of Dr. Topel's entirely new, speculative, and counter-factual arguments, brought up for the first time in his sur-rebuttal.
(2)   We don't see how histograms created with regression output data can qualify as mere data summaries under FRE 1006. Are you refusing to answer questions about the person or persons who created them and/or the instructions given to such persons? If you do intend to introduce these at a hearing or trial, will Zuffa attempt to have a witness explain them to the judge or jury? If so, who? Presumably not an expert given that you said they weren't created by experts and are not part of any expert reports.
(3)   As to the "27% analysis," the concern we have isn't only with the computation, but with (a) the assumptions that were used, and (b) the false implication you may try to convey to the Court using this pseudo damages analysis that if an aggregate damages analysis arising out of a regression model excluded purportedly uninjured class members aggregate damages would somehow go down significantly.

In any event, we are able to meet and confer on Tuesday between 11 am and 2 pm.

--Eric


**From:** Nicholas Widnell [mailto:NWidnell@BSFLLP.com]
**Sent:** Friday, April 13, 2018 2:59 PM
**To:** Eric Cramer <ecramer@bm.net>
**Cc:** William A. Isaacson <wisaacson@bsfllp.com>; Stacey Grigsby <SGrigsby@BSFLLP.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Joseph R. Saveri (jsaveri@saverilawfirm.com) <jsaveri@saverilawfirm.com>; Patrick Madden <pmadden@bm.net>; Mark R. Suter <msuter@bm.net>; Suzanne Jaffe Nero <snero@BSFLLP.com>; Brent Nakamura <bnakamura@BSFLLP.com>
**Subject:** RE: Cung Le, et al. v. Zuffa

Eric:

We find your position interesting because Dr. Singer has filed a new report with a new regression

with your Daubert Oppositions.

Professor Topel's declaration is not a new report and did not offer any new opinions or analysis. The 11-page declaration simply summarizes the findings in his report that are relevant to class certification. The declaration provides cross-references to the paragraphs in his original report where those opinions were made. As such, there are no backup materials for his declaration.

Exhibits 87-89 are summaries, see Fed. R. Evid. 1006; they are not expert materials. We provided a declaration explaining how they were created and have loaded any back-up materials related to those calculations to the below FTP site (password to follow to Patrick and Mark separately).

    https://bsfftp.bsfllp.com/thinclient/Login.aspx
    User name:  ydf2oak

There are no backup materials to Exhibit 92 because it is a chart that summarizes, with evidentiary examples, different forms of UFC Compensation.

Zuffa has also not conducted any new "damages analysis" as your email contends. The 27% number that your email appears to reference was a simple arithmetic exercise that adds up all of the "Total Event Compensation" paid during the class period to the fourteen Negative Damages Athletes and divides that total by all of the "Total Event Compensation" paid to all athletes during the class period, as explained in the Nakamura Declaration. The data set used for this calculation is included for your convenience in the back-up materials. It is the data set Dr. Singer created and used in his analyses.

We are not available at your requested meet and confer times. Please let us know what availability you have to meet and confer on Tuesday.

Regards,
Nick


**Nicholas A. Widnell**
Partner

**BOIES SCHILLER FLEXNER** LLP
1401 New York Ave, NW
Washington, DC 20005
(t) +1 202 274 1153
(m) +1 [redacted]
nwidnell@bsfllp.com
www.bsfllp.com

---

**From:** Eric Cramer [mailto:ecramer@bm.net]
**Sent:** Friday, April 13, 2018 12:06
**To:** Nicholas Widnell
**Cc:** William Isaacson; Stacey Grigsby; Richard A. Koffman; Joseph R. Saveri (jsaveri@saverilawfirm.com)
**Subject:** RE: Cung Le, et al. v. Zuffa

Nick:

Zuffa has served several unauthorized expert reports as exhibits to its April 6, 2018 Class Opposition Brief (Class Opp), including, e.g., (1) an entirely new and unauthorized expert report from Dr. Topel, served well after the close of expert discovery (attached as Exhibit 1 to the Class Opp), which is now his *third expert report in this case* despite the Court having authorized only one such report; (2) multiple charts and graphs representing entirely new expert data analyses, but which are not proffered by any identified expert (*see, e.g.*, Exhs. 87-89 and 92); and (3) an entirely new damages related computation, apparently made by one of Zuffa's lawyers (Mr. Nakamura), or someone working on his behalf, which purports to "us[e] the Defined Regression Data set" based on files contained in the back up materials of Drs. Topel and Singer's reports. *See* Nakamura Declaration (4/6/18) at para. 14.

As to item 1, Plaintiffs request a meet and confer regarding Plaintiffs' anticipated motion to strike on the ground that Zuffa has now served yet another unauthorized expert report long after the close of expert discovery.

As to item 2, these appear to be additional expert materials. The declaration of Mr. Nakamura says that Exhibits 87-89 "were created from the Regression.dta file with several modifications designed to standardize the data for analysis." *See* Nakamura Declaration (4/6/18) at para. 9. The creative use of the passive voice here is an unsuccessful attempt to disguise the likelihood that an expert created these data analyses using regression output. In short, either these are lawyer-created expert analysis, in which case they are inadmissible and improper for any purpose, or they are created by an expert and proffered outside the close of expert discovery, and are thus inadmissible and improper for any purpose. Plaintiffs similarly request a meet and confer with Zuffa regarding Plaintiffs' anticipated motion to strike all of these materials.

As to item 3, this is either a damages analysis inappropriately proffered by a lawyer after the close of expert discovery, or an analysis run by an unidentified expert submitted after the close of expert discovery. Either way, this is inappropriate and improper. Plaintiffs similarly request a meet and confer with Zuffa regarding Plaintiffs' anticipated motion to strike this late-submitted and improper damages analysis.

Further, Plaintiffs additionally request that Zuffa *immediately*:

(1) identify any *other* data analyses (not identified herein) that Zuffa submitted to the Court with its class opp that were not part of any of the expert reports Zuffa served during the Court-authorized expert discovery period.

(2) produce all back up materials to the new Topel Report (item 1); the new analyses reflected in Exhs. 87-89 and 92 (item 2); the new damages computation (item 3); and any other analyses not identified herein.

(3) identify all persons responsible for creating (a) Exhs. 87-89 and 92, and (b) the

computation in Nakamura Declaration (4/6/18) at para. 14, and provide the instructions given to such persons that resulted in these analyses.

We are available at 4 pm this afternoon or Monday afternoon to meet and confer.

--Eric Cramer

Eric L. Cramer

**Berger&Montague,P.C.**

1622 Locust Street

Philadelphia, PA 19103

direct: 215.875.3009

mobile: ███

ecramer@bm.net

bergermontague.com

Twitter| LinkedIn| Facebook

Signup for our e-newsletter

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]