# EXHIBIT A

**Plaintiffs' Response to Defendant Zuffa, LLC's Objections to Plaintiffs' Exhibit List Documents, ECF No. 674, with Fewer Redactions**

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT ZUFFA, LLC'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST DOCUMENTS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARDS AND THIS COURT'S INSTRUCTIONS ...................................1

III. ARGUMENT ........................................................................................................................3

    A. The Court May Properly Consider The Deetz Report (Exhibits 1 & 2) .................3

    B. Plaintiffs Agree Not To Use Exhibits 5-12 With Plaintiffs' Experts ......................5

    C. Plaintiffs Agree Not To Introduce Exhibits 13-15...................................................6

    D. Plaintiffs Agree Not To Introduce Exhibit 19 .........................................................7

    E. The Court May Properly Consider Hearsay Statements..........................................7

    F. Statements in Learned Treatises Are Admissible Under Fed. R. Evid. 803(18)....8

IV. CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Carson Harbor Village, Ltd. v. Unocal Corp.*,
   270 F.3d 863 (9th Cir. 2001) ...................................................................................................7

*Doan v. Astrue*,
   No. 04-cv-2049 DMS (RBB), 2010 WL 234935 (S.D. Cal. Jan. 12, 2010) .........................5

*Fannie Mae v. LaRuffa*,
   702 Fed. Appx. 505 (9th Cir. 2017) ....................................................................................6, 7

*Gray v. United States,*
   No. 05-cv-1893-J-(BLM), 2007 WL 4644736 (S.D. Cal. Mar. 12, 2007) ............................5

*Hartmann v. Uponor, Inc.*,
   No. 08-CV-1223-F, 2013 WL 12315163 (D. Nev. Nov. 25, 2013) ............................ *passim*

*In re Imperial Credit Indus., Inc. Sec. Litig.*,
   252 F. Supp. 2d 1005 (C.D. Cal. 2003) .................................................................................5

*Paddack v. Dave Christensen, Inc.*,
   745 F.2d 1254 (9th Cir. 1984) ................................................................................................7

*Sali v. Corona Regional Medical Center*,
   909 F.3d 996 (9th Cir. 2018) ....................................................................................... *passim*

**Rules**

Fed. R. Evid. 801(c)(2) ..................................................................................................................8

Fed. R. Evid. 803(18) .................................................................................................................8, 9

## I. INTRODUCTION

Zuffa's objections to Plaintiffs' proposed exhibits for the hearing on class certification ignore both the clear dictates of Ninth Circuit law and the Court's instructions at the February 1, 2019 hearing in this matter. They also ignore Zuffa's own counsel's accurate statements of the law at that same hearing. They are also entirely new—Zuffa made no such arguments in its brief in opposition to class certification. For the reasons set forth below, Zuffa's objections should be overruled.

## II. LEGAL STANDARDS AND THIS COURT'S INSTRUCTIONS

In *Sali v. Corona Regional Medical Center*, 909 F.3d 996 (9th Cir. 2018), the U.S. Court of Appeals for the Ninth Circuit addressed the evidentiary standards applicable to motions for class certification. The Court squarely held that district courts were not limited to considering only admissible evidence in support of a motion for class certification:

> Although we have not squarely addressed the nature of the "evidentiary proof" a plaintiff must submit in support of class certification, *we now hold that such proof need not be admissible evidence*.

*Sali*, 909 F.3d at 1004 (emphasis added). The Court noted that district courts "need not dispense with the standards of admissibility entirely," but that "admissibility must not be dispositive." *Id.* at 1006. "Instead, an inquiry into the evidence's ultimate admissibility should go to the *weight* that evidence is given at the class certification stage." *Id.* (emphasis added). The Court therefore held that the district court in *Sali* had abused its discretion in refusing to consider some of plaintiffs' evidence in support of class certification solely on the basis of admissibility. *Id.*

Notably, every single case Zuffa cites in its Objections[1] pre-dates *Sali*. To the extent those cases excluded plaintiffs' evidence in support of class certification on the basis of admissibility, they have been overruled by *Sali* and are no longer good law.

Even before *Sali*, courts in this District and elsewhere in the Ninth Circuit had held that "the Court may consider hearsay testimony in regard to class certification." *Hartmann v. Uponor, Inc.*, No. 08-CV-1223-F, 2013 WL 12315163, at *8 (D. Nev. Nov. 25, 2013) (collecting cases). Zuffa's hearsay objections are therefore invalid under both *Sali* and *Hartmann*.

---

[1] Defendant Zuffa, LLC'S Objections to Plaintiffs' Exhibit List Documents ("Objections"), ECF No. 664.

1                                          Case No.: 2:15-cv-01045 RFB-BNW
**PLAINTIFFS' RESPONSE TO DEFENDANT ZUFFA, LLC'S OBJECTIONS TO
PLAINTIFFS' EXHIBIT LIST DOCUMENTS**

Consistent with *Sali* and *Hartmann*, this Court instructed the parties at the February 1, 2019 hearing as to the types of objections to be made regarding the parties' proposed exhibits for the class certification hearing:

> Now, let me be clear about what the nature of the objections are. This is, as you all know, a hearing that I'm setting related to the motion to certify. . . . I want you all to understand that *obviously in this context the rules of evidence are relaxed* pursuant to the Court's needs.
> *So what I don't want are technical objections as relates to exhibits*, if there's not really an issue of authenticity, if there's not really an issue that goes to the Court to be able to rely on the document. So, for example, 403 arguments or 401 arguments, I will deal with those as the exhibit comes in.
> *The objections that I think are appropriate are really objections, one, as to an agreement about what should and shouldn't be confidential and sealed, and the other is whether or not there's something that either side views as so completely unreliable that the Court really just should not consider it.* Now, from what I've seen of the submissions I don't know if anything even falls into that category, but that's really what I'm talking about in terms of the nature of the objections and the identification of what's going to be in those filings on June 14th.

Feb. 1, 2019 Hearing Tr. at 9:7-10:3, ECF No. 651 (emphasis added).

Zuffa's counsel, Mr. Isaacson, appeared to take the Court's instructions to heart, noting:

> So just to clarify in terms of these exhibits, I think what you're describing is what I understood would happen. *So experts, for example, can rely on articles and other things that are hearsay. There's not a hearsay objection to that being admitted.* It would be admitted as hearsay and, you know, we might note that this is hearsay being admitted for purposes of this hearing. And then it's just taken for that purpose.
> And the same thing when you said about authenticity or, you know, admissibility, you know, I think we can -- *we should be able to agree that, you know, even though we might have at a jury trial an objection and a foundation needs to be laid, we don't need to do that for this hearing*.

*Id.* at 14:8-14:20 (emphasis added).

Sometime between February 1 and June 14, Zuffa appears to have changed course, as it now "object[s] to a large number of exhibits on the basis that they contain hearsay." Objections at 1 n.1.[2] Zuffa also objects to various exhibits on the basis of admissibility, lack of foundation, etc. – exactly the types of objections the Court stated it would not entertain and that Zuffa's counsel acknowledged would not be appropriate in this context. These objections lack merit and should be overruled.

---

[2] Zuffa protests that it "only objects to the admission of [hearsay] exhibits for their truth." *Id.* at 8. This distinction is nonsensical, however, as by definition, statements can only be hearsay if "offer(ed) in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2) (definition of hearsay). Under *Sali* and *Hartmann*, exhibits containing hearsay may be considered for the truth of the matters stated therein when submitted in support of a motion for class certification.

## III.  ARGUMENT

### A.  The Court May Properly Consider The Deetz Report (Exhibits 1 & 2)

Zuffa first objects to two exhibits on Plaintiffs' exhibit list.  Exhibit 1 to Zuffa's Objections (hereafter denoted simply by "Exhibit" or "Ex.") is a redacted version of the Expert Report of Gene Deetz, CPA/ABV, ASA, CFF (Sept. 6, 2016), filed in conjunction with a summary judgment motion in another case. Ex. 1 to the Expert Report of Gene Deetz, *Golden Boy Promotions., LLC v. Haymon*, No. 15-cv-3378-JFW-MRW (Nov. 9, 2016), ECF No. 237-1 (collectively with Exhibit 2, "Deetz Report"). Exhibit 2 is an unredacted copy of "Exhibit 3" to the Deetz Report.  *Golden Boy Promotions, LLC v. Haymon*, No. 2:15-cv-003378-JFW-MRW (Jan. 6, 2017), ECF No. 322-14.  One of Plaintiffs' expert economists, Professor Andrew Zimbalist, used boxing and certain other sports as benchmarks for the percentage of event revenues, or wage share, Zuffa would have paid its fighters absent the challenged anticompetitive conduct. As part of his analysis of the wage share in boxing, Professor Zimbalist used the data included in Exhibit 2 to calculate the wage share of one prominent boxing promoter, namely Golden Boy, for the period 2014 through the first half of 2016. Plaintiffs previously disclosed these exhibits to Zuffa through Professor Zimbalist's expert reports. *See* Expert Report of Andrew Zimbalist, ECF No. 518-5, 522-3, 540-11 ("ZR1"), at ¶111; Expert Rebuttal Report of Andrew Zimbalist, ECF No. 518-6, 522-7 ("ZR2"), at ¶83 n.149.  Because of that prior disclosure, the only basis for Zuffa's objection appears to be a repackaging of Zuffa's (and that of its economist Professor Blair) unmeritorious arguments that this data is "directly contradicted by data produced by Golden Boy in this case," and that the data is "unreliable because Dr. Zimbalist failed to independently verify" it. Objections at 2.  Neither of these arguments provides a proper basis to exclude this evidence.

First, whether Professor Zimbalist's analysis (which relies on the Deetz data) or Professor Blair's analysis (which relies on incomplete and inaccurate data produced by Golden Boy in response to a subpoena issued in this case) is more persuasive is a merits question for the factfinder.  It has no bearing on the admissibility of Professor Zimbalist's damages opinion, and certainly provides no basis for the court to exclude this data from consideration on Plaintiffs' motion for class certification.

Second, Zuffa is incorrect that the data attached to the Deetz Report is unreliable, or even less reliable than the data produced by Golden Boy in this case. Exs. 3-4. The Deetz Report was submitted

1  by an expert hired by Golden Boy to calculate damages in unrelated litigation between Golden Boy
2  Promotions, LLC and another boxing promoter, Al Haymon. *Golden Boy Promotions, LLC v. Haymon*,
3  No. 2:15-cv-3378-JFW-MRW. In his report, Mr. Deetz testified that he "analyzed all revenue and
4  expenses associated with each event promoted by Golden Boy from Jan. 1, 2014 through June 30,
5  2016." Ex. 1 at ¶48.

6  Zuffa argues that Dr. Zimbalist "had no way to determine whether [the] information [in the
7  Deetz Report] accurately reflected the underlying data." Objections at 3. Zuffa is wrong, because Mr.
8  Deetz attached the underlying Golden Boy data to his report. Ex. 2 at 3-12. Ex. 2 lists the payments
9  made by Golden Boy to boxers and the revenue generated by its events. It was prepared based on
10 "detailed QuickBooks spreadsheets representing all income and expenses recorded in QuickBooks for
11 the twelve month periods ending December 31, 2014 and December 31, 2015 and for the six month
12 period ending June 30, 2016." Ex. 1 at 4. Mr. Deetz also compared those spreadsheets to Golden
13 Boy's consolidated financial statements "to ensure the QuickBooks spreadsheets . . . include the boxing
14 related income and expenses for the" relevant period. *Id.* Therefore, the only way the data could have
15 been "manipulated" for the purpose of litigation is if Golden Boy produced inaccurate data in that case.
16 However, neither Zuffa nor its experts have "verified" the Golden Boy data produced in *this* case or
17 provided any reason to believe that it is more accurate or complete than the data produced in Golden
18 Boy's own litigation. ZR2 ¶84; Blair Dep. at 324:5-6 (Dr. Blair admitting that he has "no foundation
19 for a belief one way or the other" as to whether the data attached to the Deetz report is inaccurate or
20 incomplete); Blair Dep. at 322:7-10 ("A . . . I essentially assume their authenticity. Q. Did you also
21 assume their completeness? A. Yes."). On the contrary, Golden Boy is arguably more likely to produce
22 complete and accurate data in litigation in which it is a party than in response to a subpoena in this
23 case. Thus, it is unsurprising that Professor Zimbalist has shown that the data Professor Blair relied on
24 is in fact incomplete, and does not include all fighter compensation paid during the relevant period.
25 ZR2 at ¶84. In particular, Professor Zimbalist shows that ████████████████████████
26 ████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████
28 ████████████████████████ *Id.* Zuffa offers no plausible explanation for this obvious discrepancy.

Finally, Zuffa argues that "third-party expert reports are disallowed because 'an opinion which is generated solely for the purposes of litigation' does not 'bear indicia of reliability.'" Objections at 3 (quoting *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003)). However, Dr. Zimbalist did not rely on any opinions from the Deetz Report, but only on the underlying data—which lists revenues and compensation for each Golden Boy boxer from January 2014 to June 2016. ZR2 ¶83. Expert opinions that rely on other expert reports are admissible if the reports "are of a type reasonably relied upon by experts in the field in forming opinions." *Gray v. United States*, No. 05-cv-1893-J-(BLM), 2007 WL 4644736, at *7 (S.D. Cal. Mar. 12, 2007) (distinguishing *Imperial Credit* because plaintiff's expert was qualified to evaluate third-party expert report and denying motion to exclude). The data attached to the Deetz Report list payments to each boxer annually, allowing direct calculation of actual boxer compensation. *See* ECF No. 534-36 at 3-12. In addition, Professor Zimbalist *verified* the data by comparing it to data from another boxing promoter, Top Rank. ZR2 ¶¶85-86. Thus, unlike in *Doan v. Astrue*, No. 04-cv-2049 DMS (RBB), 2010 WL 234935, at *4 (S.D. Cal. Jan. 12, 2010), Professor Zimbalist did "independently verify" Mr. Deetz's calculation because he "viewed th[e] source and verified the data." *Id.* Zuffa's objections to these exhibits should be overruled.

### B.   Plaintiffs Agree Not To Use Exhibits 5-12 With Plaintiffs' Experts

Zuffa also objects to eight additional exhibits from the *Golden Boy* litigation. Exs. 5-12. These exhibits provide additional context regarding the circumstances under which the Deetz Report was filed and provide further indicia of the accuracy of the data attached to it. For example, Exhibit 8 is simply unredacted excerpts of Exhibit 1, which was disclosed in Professor Zimbalist's report, and is therefore admissible for the same reasons described above. Similarly, Exhibit 6 is Defendant's Motion to Exclude Gene Deetz in the *Golden Boy* litigation, to which Exhibit 2 was attached. Exhibit 6 indicates that the defendant in the *Golden Boy* litigation challenged Mr. Deetz's calculation of damages to Golden Boy in that case, but nowhere suggests that the presentation of Golden Boy's revenues and payments to boxers in Exhibit 2, on which Professor Zimbalist relied, is in any way inaccurate.

Although Plaintiffs believe that Exhibits 5-12 are unobjectionable because they were publicly available to Zuffa and closely related to the Deetz Report (which was disclosed in Professor Zimbalist's expert reports), Plaintiffs agree, in order to narrow the scope of disputes the Court must resolve, not to

use these materials during the examination of Plaintiffs' experts at the hearing.[3]

### C. Plaintiffs Agree Not To Introduce Exhibits 13-15

Zuffa objects to three presentations, two of which Zuffa produced in discovery and one of which was produced by Deutsche Bank, on the basis that they are purportedly "inherently unreliable."[4] These documents consist of a presentation made to Zuffa by a bank (Banco BTG Pactual S.A.) (ZFL-1241786) (Exhibit 13); a presentation by Vinci Partners about Zuffa and the Brazilian MMA market (ZFL-2508355) (Exhibit 14); and a series of slides about Zuffa's domestic and international operations produced from Deutsche Bank's files (DB-ZUFFA-00007249) (Exhibit 15). Deutsche Bank worked extensively with Zuffa during the relevant period.

Zuffa objects that Exhibit 13 is an exhibit "which is unauthenticated and for which no foundation has been laid," that "no foundation has been laid for [the] use" of Exhibit 14, and that "there is no foundation upon which to admit [Exhibit 15] as evidence." Objections at 6-7. These objections fly in the face of the Court's admonition that "what I don't want are technical objections as relates to exhibits, if there's not really an issue of authenticity," Feb. 1, 2019 Hearing Tr. at 9:13-9:15, and contradicts Zuffa's counsel's acknowledgment that "*even though we might have at a jury trial an objection and a foundation needs to be laid, we don't need to do that for this hearing.*" *Id*. at 14:18-14:20 (emphasis added).

Nevertheless, in order to reduce the number of issues the Court needs to resolve, Plaintiffs will agree not to introduce Exhibits 13-15 at the class certification hearing.[5]

---

[3] Plaintiffs, however, reserve the right to use these documents on cross-examination of Zuffa's witnesses in the event they challenge the reliability of the data underlying the Deetz Report.

[4] Zuffa also moved to seal one of these Exhibits, DB-ZUFFA-00007249 (Exhibit 15), on the basis that it purportedly contains trade secrets. *See* Zuffa, LLC's Mot. to Seal Exs. and Protected Materials at the Evidentiary Hearing on Class Cert., ECF No. 665, at 7; Combined Exhibit List with Zuffa Sealing Positions, ECF No. 665-5, at 2. It is difficult to understand how a document could both contain trade secrets and be "inherently unreliable."

[5] Although Plaintiffs will not introduce these documents at the class certification hearing, they were properly considered by Plaintiffs' experts in forming their opinions. *See Fannie Mae v. LaRuffa*, 702 Fed. Appx. 505, 507 (9th Cir. 2017) ("experts may rely on other reports that would otherwise be hearsay to explain the basis of their expert opinion"); *see also* Plaintiffs' *Daubert* responses, ECF Nos. 534 & 535.

### D. Plaintiffs Agree Not To Introduce Exhibit 19

Zuffa's sole concern with Exhibit 19 appears to be that it contains compensation information for certain Zuffa executives. Objections at 7. The proper method for addressing confidentiality concerns regarding compensation information would have been to ask that the information be redacted or sealed, rather than excluding the entire exhibit from consideration. Nonetheless, in order to narrow the scope of disputes the Court must resolve, Plaintiffs will agree not to introduce Exhibit 19 at the class certification hearing.

### E. The Court May Properly Consider Hearsay Statements

Faced with a hearing focusing on the evidence arrayed against it relating to class certification, Zuffa has conjured up a new and invalid challenge: some of the evidence on which Plaintiffs or their experts rely is purportedly hearsay. Indeed, Zuffa seeks to exclude scores of Plaintiffs' Exhibits because they purportedly contain hearsay statements. *See* Exhibit B to Objections. Not only is this argument new, but it also has no basis in law. The Court may properly consider hearsay statements in support of Plaintiffs' motion for class certification. *See Sali*, 909 F.3d at 1004 (proof offered in support of class certification "need not be admissible evidence"); *Hartmann*, 2013 WL 12315163, at *8 ("the Court may consider hearsay testimony in regard to class certification"). Indeed, Zuffa's counsel conceded as much at the February 1, 2019 hearing: "So experts, for example, can rely on articles and other things that are hearsay. There's not a hearsay objection to that being admitted." Feb. 1, 2019 Hearing Tr. at 14:10-14:12.[6]

Conversely, Zuffa now "objects to the admission of any of the identified exhibits to the extent they are admitted for the truth of the matter asserted in the hearsay statements therein." Objections at 8. This is plainly inconsistent with *Sali* and *Hartmann*.[7]

---

[6] In addition to Zuffa's concession, Ninth Circuit law is clear that "experts are entitled to rely on hearsay in forming their opinions." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 873 (9th Cir. 2001); *see also Fannie Mae*, 702 Fed. Appx. at 507 ("experts may rely on other reports that would otherwise be hearsay to explain the basis of their expert opinion").

[7] The lone case cited by Zuffa on this issue, *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254 (9th Cir. 1984), is not to the contrary. First, and crucially, *Paddack* is not a class action, and therefore does not address whether the Court may consider hearsay statements in support of a motion for class certification (it may). Second, *Paddack* pre-dates *Sali* by 34 years, so if it did hold that Courts may not consider hearsay in support of a motion for class certification (and it does not), it would have been overruled by *Sali*.

Only out-of-court statements that "a party offers in evidence to prove the truth of the matter asserted in the statement" can be hearsay. Fed. R. Evid. 801(c)(2) (definition of hearsay). Because the Court may consider hearsay in support of a motion for class certification, *See Sali*, 909 F.3d at 1004; *Hartmann*, 2013 WL 12315163, at *8, the Court necessarily may consider out-of-court statements for the truth of the matter asserted therein; otherwise, by definition, the Court would not be considering hearsay. Zuffa's hearsay objections should therefore be overruled.[8]

### F. Statements in Learned Treatises Are Admissible Under Fed. R. Evid. 803(18)

The American Bar Association, *Telecom Antitrust Handbook* (2nd ed. 2013); John M. Connor, *Forensic Economics: An Introduction with a Special Emphasis on Price Fixing*, 4(1) J. OF COMP. LAW AND ECON., 31 (2007) (Exhibit 22); and Justin McCrary & Daniel Rubinfeld, *Measuring Benchmark Damages in Antitrust Litigation*, 3 JOURNAL OF ECONOMETRIC METHODS, 63 (2014) (Exhibit 21), are "learned treatises [or] periodicals" under Rule 803(18) of the Federal Rules of Evidence. Rule 803(18) provides that the following statements "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness":

> **(18) Statements in Learned Treatises, Periodicals, or Pamphlets.** A statement contained in a treatise, periodical, or pamphlet if:
>
> (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
> (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.
>
> If admitted, the statement may be read into evidence but not received as an exhibit.

Fed. R. Evid. 803(18). Plaintiffs should be permitted to use the ABA handbook and the two journal articles listed above at the class certification hearing in a manner consistent with Rule 803(18).

Zuffa contends that these publications were not timely disclosed. Objections at 8. That objection lacks merit. There is no requirement in the Rules that learned treatises be produced or identified in discovery, and the publications were timely identified as potential hearing exhibits on the date specified by the Court for the exchange of exhibit lists.

---

[8] The stipulation Zuffa proposed is likewise inconsistent with controlling law, which is why Plaintiffs rejected it.

Zuffa further objects that "Plaintiffs lack all foundation to introduce these documents, as any explanation will require expert testimony." Objections at 9. This objection also lacks merit. Rule 803(18) provides that statements in learned treatises or periodicals are properly introduced when "called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination." Fed. R. Evid. 803(18). That is precisely how Plaintiffs intend to use these texts at the class certification hearing. So long as Plaintiffs comply with Rule 803(18), the introduction of these texts at the class certification hearing is proper.

## IV. CONCLUSION

In order to narrow the scope of the disputes requiring resolution by the Court, Plaintiffs will agree not to introduce Exhibits 13-15 and 19 at the class certification hearing, and will agree not to use Exhibits 5-12 with Plaintiffs' experts at the class certification hearing. For the reasons set forth above, the remainder of Zuffa's Objections to Plaintiffs' Exhibits should be overruled.

| | |
|---|---|
| Dated: June 28, 2019 | Respectfully Submitted, |
| | By: /s/ Eric L. Cramer |
| |     Eric L. Cramer |

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (*Pro Hac Vice*)
Joshua P. Davis (*Pro Hac Vice*)
Jiamin Chen (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Counsel for the Classes**

**Liaison Counsel for the Classes**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Phone: (702) 341-5200/Fax (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**:

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

William G. Caldes (*Pro Hac Vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
bcaldes@srkattorneys.com

John D. Radice (*Pro Hac Vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502/Fax: (609) 358-0745
jradice@radicelawfirm.com

Frederick S. Schwartz (*Pro Hac Vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June 2019 a true and correct copy of PLAINTIFFS' RESPONSE TO DEFENDANT ZUFFA, LLC'S OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST DOCUMENTS was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By: June 28, 2019

*/s/ Eric L. Cramer*