1 | WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
2 | STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
3 | NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
4 | JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
5 | BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST DOCUMENTS** |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT......................................................................................................2

     A.    The Deetz Report and Related Documents from the Golden Boy Litigation Are Inadmissible. ..................................................................2

     B.    Untimely Disclosed Expert Materials are Inadmissible........................4

     C.    Zuffa's Limited Hearsay Objections Should be Sustained. ..................5

III.  CONCLUSION..................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Baskim Holdings, Inc. v. Two M, Inc.*
   No. 2:16-cv-01898-APG-GWF, 2018 WL 4880758 (D. Nev. June 8,
   2018) ................................................................................................................................4

*Golden Boy Promotions, LLC v. Haymon*
   Case No. 2:15-cv-03378-JFW (MRWx) (C.D. Cal.) ......................................................1, 2, 3

*Hall v. Cty. of Los Angeles*
   710 F. Supp. 2d 984 (C.D. Cal. 2010) ...............................................................................1

*Howell v. Advantage RN, LLC*
   No. 17-CV-0883 JLS (BLM), 2018 WL 3437123 (S.D. Cal. July 17,
   2018) ................................................................................................................................5

*In re Imperial Credit Indus., Inc. Sec. Litig.*
   252 F. Supp. 2d 1005 (C.D. Cal. 2003) .............................................................................3

*Ruhlman v. Rudolfsky*
   No. 2:14-cv-00879-RFB-NJK, 2017 WL 9771835 (D. Nev. Feb. 8, 2017) ..........................1

*Sali v. Corona Reg'l Med. Ctr.*
   909 F.3d 996 (9th Cir. 2018) .............................................................................................5

**Rules**

American Bar Assoc. Rule 1.9 .................................................................................................1

D. Nev. Local Rule 7-2 ............................................................................................................1

Fed. R. Civ. P. 26 ....................................................................................................................4

Fed. R. Civ. P. 56 ....................................................................................................................1

## I. INTRODUCTION

This Court should uphold Zuffa's evidentiary objections. Zuffa objected to just 17 of the 770 documents on Plaintiffs' exhibit list. Each of those objectionable exhibits were either documents that Zuffa "views as so completely unreliable that the Court really just should not consider it," ECF No. 651, Feb. 1, 2019 Hrg. Tr. at 9:22-23, or were brand new expert documents that were not disclosed during the expert discovery phase of the case and are therefore untimely.

In their Opposition brief, ECF No. 674, Plaintiffs purport to agree not to use 12 of the 17 (Exhibits 5-12, 13-15 and 19[1]) objectionable documents at the hearings, but reserve the right to use eight of those documents (Exhibits 5-12) during cross-examination of Zuffa's experts if Zuffa's experts challenge the reliability of the Deetz Report.[2] Because Plaintiffs know full well that Zuffa's experts *will* challenge Plaintiffs' experts' improper reliance on the Deetz Report, this false contingency should not prevent a pre-hearing ruling on Zuffa's objections to those exhibits. Plaintiffs use this false withdrawal to avoid addressing the merits of Zuffa's objections to Exhibits 5-12 and thereby tacitly concede them as it is well-settled that a failure to address an argument is tantamount to a concession. *E.g. Hall v. Cty. of Los Angeles*, 710 F. Supp. 2d 984, 990 n.10 (C.D. Cal. 2010) ("Plaintiff's opposition brief does not address that argument, and the Court takes that silence as acquiescence . . . ."), *aff'd in part, rev'd in part on other grounds*, 697 F.3d 1059 (9th Cir. 2012); *Ruhlman v. Rudolfsky*, No. 2:14-cv-00879-RFB-NJK, 2017 WL 9771835, at *1 (D. Nev. Feb. 8, 2017) ("Plaintiffs failed to oppose in any fashion the argument that Mr. Brebbia must be disqualified under Rule 1.9(a) as having a conflict of interest. The Court takes that silence as acquiescence" under Local Rule 7-2(d)); D. Nev. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

---

[1] The exhibit numbers referenced herein refer to the list of the exhibits attached as Exhibit A to the Declaration of Nicholas A. Widnell in support of Defendant Zuffa, LLC's Objections to Plaintiffs' Exhibit List Documents. ECF No. 664-1 ("Widnell Decl."). The American Bar Association, *Telecom Antitrust Handbook* (2nd ed. 2013) was not attached as a numbered exhibit due to its size.

[2] Exhibits 1-2 and 5-12 are documents from *Golden Boy Promotions, LLC v. Haymon*, Case No. 2:15-cv-03378-JFW (MRWx) (C.D. Cal.) (the "*Golden Boy* Litigation").

1

**ZUFFA'S REPLY IN SUPP. OF OBJECTIONS TO PLS' EX. LIST DOCUMENTS**

With regard to the remaining objectionable documents—Exhibits 1, 2, 21, 22, and the *Telecom Antitrust Handbook*—Zuffa's objections are valid and should be sustained. As fully explained in its *Daubert* Motion to exclude Prof. Zimbalist's testimony, ECF No. 522, and below, the Deetz Report (Exhibits 1 and 2) is inherently unreliable. Additionally, like Exhibits 5-12, Exhibits 21, 22 and the *Telecom Antitrust Handbook* should be excluded because they were not timely disclosed in Plaintiffs' expert reports—a fact that Plaintiffs similarly do not dispute in their Opposition.

Plaintiffs also incorrectly oppose Zuffa's limited objections to the admission of numerous hearsay documents on Plaintiffs' exhibit list (the "Hearsay Documents"[3]) for the truth of the matter asserted or for any purpose beyond the class certification phase of this case. Zuffa's objections to these documents are in accordance with the discussion at the Pre-Hearing Conference, in which Mr. Isaacson noted that Zuffa would not make a hearsay objection to the admission of documents on which Plaintiffs' experts may rely. Feb. 1, 2019 Tr. at 14:8-20. Zuffa does seek to preserve its hearsay objections to such documents if they are later offered for other purposes, including for their truth. This is consistent with the Court's stated intent to consider the basis of the experts' opinions to "make certain factual determinations about expert opinions because they are at different times diametrically opposed with respect to identical at times data." ECF No. 627, Dec. 14, 2018 Tr. at 11:18-23. The Court may consider the experts' opinions and the basis for such opinions without admitting the documents for their truth or for any other purpose.

## II. ARGUMENT

### A. The Deetz Report and Related Documents from the Golden Boy Litigation Are Inadmissible.

Exhibits 1 and 2, which comprise the documents collectively referred to as the Deetz Report, are the types of unreliable documents that should be excluded from consideration at the evidentiary hearings. Plaintiffs' argument that the unreliability of the Deetz Report should go to the weight of the evidence rather than its admissibility, Opp. 3, is wrong where, as here, "an opinion

---

[3] The Hearsay Documents are listed on Exhibit B to the Widnell Declaration, ECF No. 664-4.

which is generated solely for the purposes of litigation" does not "bear independent indicia of reliability." *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1012 (C.D. Cal. 2003). Plaintiffs' argument, Opp. at 4, that the Deetz Report should be deemed reliable because Mr. Deetz said it was reliable is circular and adds nothing to the analysis and nothing "independent." Because Plaintiffs chose not to subpoena the underlying data in the *Golden Boy* Litigation or to depose Mr. Deetz, the Court is left with a one-sided, unverified, and untested presentation of *some* data about Golden Boy that cannot be reconciled with the very different data that Golden Boy produced in this litigation. Without the ability to test or verify the data in the Deetz Report, neither the parties nor the Court have any way to know whether that inconsistency is due to error, a deliberate decision (legitimate or otherwise) by Mr. Deetz to manipulate his data, or some other reason entirely. All that is certain is that neither Zuffa nor this Court can verify the reliability of this data from the *Golden Boy* Litigation or explain why it does not match the data Golden Boy produced in *this case* and that Prof. Zimbalist made no effort to do either.

Plaintiffs' contrary claim that the Deetz Report was verified by Prof. Zimbalist is belied by Prof. Zimbalist's own testimony. One month *after* submitting his rebuttal report, which Plaintiffs cite as proof of "verification," Prof. Zimbalist testified unequivocally that he "didn't take any steps to independently verify the data" in the Deetz Report. ECF No. 664-24, Jan. 26, 2018 Zimbalist II Dep. 152:20-24. Plaintiffs try to paper over that failure by asserting that "Zimbalist *verified* the data by comparing it to data from another boxing promoter, Top Rank. ZR2 ¶¶85-86." Opposition at 5. This is a *non sequitur*; it is not possible to verify the accuracy of data concerning the operations of Golden Boy by reviewing an entirely separate set of data from a different boxing promoter (whose data Prof. Zimbalist did not choose to use in his analysis). This unverified data, which is contradicted by the data produced by Golden Boy in this lawsuit for reasons that no one— including Prof. Zimbalist—knows, is too unreliable to be considered at this hearing.

Similarly, none of the documents or data in Exhibits 5-12 have been verified by Plaintiffs' experts. With respect to Exhibits 5-12, which are other documents from the *Golden Boy* Litigation, Plaintiffs do not contest Zuffa's showing that these documents were not timely disclosed by their

experts, stating only that they were available to Zuffa. But that is not a response to Zuffa's argument that Plaintiffs' experts did not timely disclose that they intended to rely on them and therefore amounts to a concession of the merits of that argument. Moreover, even if these exhibits had been timely disclosed, they would be too unreliable to be considered because they suffer from the same lack of verification as the other Deetz materials; because Plaintiffs did not disclose Exhibits 5-12 until *more than one year after* Prof. Zimbalist's rebuttal report and deposition, Prof. Zimbalist could not have independently verified as part of his expert opinions anything contained in those exhibits and they are flatly contradicted by data produced by Golden Boy in this lawsuit.

### B.  Untimely Disclosed Expert Materials are Inadmissible.

Plaintiffs also listed three other untimely disclosed expert documents. Exhibits 21 and 22 are economic articles published in the *Journal of Econometric Methods* and the *Journal of Competition Law and Economics,* and the American Bar Association *Telecom Antitrust Handbook* is an antitrust textbook. These materials were disclosed for the first time on Plaintiffs' May 24, 2019 exhibit list and were not listed as relied-upon documents in any of their experts' reports. These documents are outside the scope of all of Plaintiffs' experts' reports because they were neither relied on by Plaintiffs' experts in their reports nor provided as supplemental sources pursuant to Fed. R. Civ. P. 26(e). Moreover, each of the documents pre-dates Plaintiffs' expert reports, and each was available as a document upon which Plaintiffs' experts could have—but did not—rely.

Plaintiffs contend that disclosure of these materials on their exhibit list was sufficient disclosure. Opp. 8. But meeting the Court's deadline for submitting exhibit lists for the evidentiary hearing does not retroactively cure Plaintiffs' failure to timely disclose the materials on which their experts relied by the relevant expert disclosure deadlines so that Defendant and its experts had a proper opportunity to address them. Plaintiffs may not now update their reports "after the deadline with information and opinions that were available before the deadline." *Baskim Holdings, Inc. v. Two M, Inc.*, No. 2:16-cv-01898-APG-GWF, 2018 WL 4880758, at *1 (D. Nev. June 8, 2018). To allow them to do so contravenes the requirements of Fed. R. Civ. P. 26 (e).

**C.    Zuffa's Limited Hearsay Objections Should be Sustained.**

Consistent with *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004–05 (9th Cir. 2018), Zuffa does not seek to exclude documents from consideration at the upcoming class certification hearing on the basis of hearsay.  *Sali* held that evidence does not need to be in admissible form to be considered on a motion for class certification.  *Id.*  That does not mean, however, that consideration of such documents for this limited purpose opens the door to their admission for other purposes.

Contrary to Plaintiffs' arguments, Zuffa's objections are consistent with *Sali* and subsequent case law.  Zuffa does not seek to prevent the use of the Hearsay Documents at this proceeding; it seeks to limit their use to serving as a basis of expert opinions at the class certification stage.  Because "the court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims" at the class certification stage, there is no need to admit the Hearsay Documents for the truth of the matters asserted in them.  *Howell v. Advantage RN, LLC*, No. 17-CV-0883 JLS (BLM), 2018 WL 3437123, at *3 (S.D. Cal. July 17, 2018) (citations omitted).  As *Sali* noted, a court need only "consider material sufficient to form a reasonable judgment" on class certification requirements.  909 F.3d at 1005 (internal quotation and citation omitted).  There is no requirement that documents be admitted for all purposes.

**III.    CONCLUSION**

For the foregoing reasons, Zuffa respectfully requests that the Court sustain Zuffa's objections.

Dated: July 12, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ William A. Isaacson*
     William A. Isaacson

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 S. Fourth St., Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*