WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

Defendant.

Case No.: 2:15-cv-01045-RFB-BNW

**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL EXHIBITS AND PROTECTED MATERIALS AT THE EVIDENTIARY HEARING ON CLASS CERTIFICATION**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................ 1

ARGUMENT ........................................................................ 1

I. Zuffa Has Not and Does Not Request the Court Seal the Courtroom. ........................................................................ 1

II. Zuffa has Complied with the Court's Instructions on This Issue. ........................ 2

III. Zuffa Has Offered Unrebutted Evidence of How Disclosure of its Information Would Cause it Harm. ........................................................ 3

A. Zuffa's Post-2013 Financial Information is Properly Sealed. ........................................................................ 3

B. Zuffa's Post-2013 Trade Secret Information is Properly Sealed. ........................................................................ 4

CONCLUSION ........................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*
727 F.3d 1214 (Fed. Cir. 2013)....................................................................................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*
331 F.3d 1122 (9th Cir. 2003) ....................................................................................3

*Kamakana v. City and Cty. Of Honolulu*
447 F.3d 1172 (9th Cir. 2006) ....................................................................................2

*Phx. Newspapers v. U.S. Dist. Court*
156 F.3d 940 (9th Cir. 1998) ......................................................................................2

## INTRODUCTION

Zuffa has narrowly tailored its sealing requests only to the most sensitive documents, all of which meet the compelling reasons standard. Of the 1,078 documents on the Parties' Combined Exhibit List, Zuffa seeks to seal just 83 in their entirety and to make narrow redactions to only 127 documents (33 of which Plaintiffs have agreed should be sealed on the basis that third party personal information should be protected). ECF No. 665-5; Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification ("Opp."), ECF No. 675, at 3 n.2.

Zuffa has identified on a document-by-document basis why these documents should be sealed or redacted, and has offered to provide them to the Court for an *in camera* review so that the Court can confirm that the type of information Zuffa describes is in fact present in each document it identifies. In addition, for the sake of clarity and to provide the Court with a preview, prior to any *in camera* review, of how narrowly tailored its sealing requests are, Zuffa attaches to this motion complete copies of its proposed redactions of the expert reports of Dr. Singer and Professor Topel.[1]

Plaintiffs' arguments do not address the unrebutted evidence and case law supporting Zuffa's position that its competitively sensitive business information should be sealed. For the reasons below and those detailed in its Opening Motion, ECF No. 665, Zuffa respectfully requests this Court grant its motion to seal certain protected materials at the evidentiary hearings.

## ARGUMENT

### I. Zuffa Has Not and Does Not Request the Court Seal the Courtroom.

Despite Plaintiffs' insistence that Zuffa is seeking closure of the evidentiary hearing, this is not so. Opp. 2 n.1. Zuffa does not seek to seal the courtroom and instead proposes an appropriate

[1] Exhibits 2-6 and 10 to Plaintiffs' Opposition are not Zuffa's proposed redactions of the expert reports. Zuffa provided preliminary redactions to Plaintiffs during the meet and confer process as a means of facilitating discussion of sealing issues. Declaration of Jonathan M. Shaw in Support of Zuffa's Reply in Support of Zuffa's Motion to Seal ("Shaw Decl."), ¶ 3. During the meet and confer sessions, Zuffa told Plaintiffs it would take some of Plaintiffs' expressed questions and concerns and review and revise its proposed redactions as appropriate. *Id.* ¶ 4. In addition, as Plaintiffs acknowledge, Zuffa changed certain of its positions during the meet and confer process after conferring with non-parties. As a result, by the end of the meet and confer process, Zuffa was able to remove many of its preliminary redactions, further tailoring its requests. *Id.* ¶ 5-8. Shaw Decl. Exs. B-H are Zuffa's final proposed redactions to the reports Plaintiffs attached to their Opposition.

alternative that is in line with the case law Plaintiffs cite. *Phx. Newspapers v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998); *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Rather than close the evidentiary hearings to the public, consistent with its prior request for the December 14, 2018 hearing, ECF No. 626 at 2, Zuffa requests that certain exhibits and protected materials be used in hard copy form only and not displayed to the public, as well as maintaining those same materials in sealed or redacted form on the public docket if and when they are admitted at the hearing.

The limited information Zuffa seeks to seal will not prevent the experts from testifying about their methodologies and opinions. Zuffa does not seek to seal, for example, Dr. Singer's conclusions about the total alleged damages the proposed class suffered, nor does it seek to seal the regressions he ran. As shown in Exhibit B, Zuffa seeks only to redact very limited portions of Dr. Singer's first report where he reveals the specifics of Zuffa's sensitive financials and trade secrets. Shaw Decl., Ex. B. With these limited redactions, the public will still have access to the courtroom and the vast majority of Dr. Singer's—and the other experts'—reports. Neither Dr. Singer nor any of the other experts will be impeded by Zuffa's sealing requests in their ability to testify fully at the hearings.

## II. <u>Zuffa has Complied with the Court's Instructions on This Issue.</u>

Plaintiffs' claim that Zuffa's proposal somehow violates the Court's instructions is false. Opp. 4. While the Court initially commented on this issue as Plaintiffs describe at the December 14, 2018 hearing, following further briefing on the issue from both Parties, on February 1, 2019, the Court clarified its position stating:

> [F]or example, it seems to me a general category which I think I would probably seal would be anything related to financial projections or financial future strategies. So, you know, if there were anything in these exhibits that suggested expansion strategies for other areas or other countries, excuse me, or other markets, that to me might be potentially something that I would consider sort of sealing on a general basis.

Transcript of Feb. 1, 2019 Hrg. ("Feb. 1 Hrg. Tr."), ECF No. 651, 7:19-25. In addition, at the same hearing, the Court ruled *all* materials currently under seal would remain under seal and stated it

would hear additional argument and make a final determination on these issues at a later date. ECF No. 649.

Zuffa also indicated in its Opening Motion, and reaffirms in this motion, that it is prepared to provide the Court with all documents it seeks to seal for an *in camera* review so the Court can look at the specific exhibits if it wishes to. ECF No. 665 at 1-2. This is not in violation of the Court's instructions but rather a standard proposal and procedure related to sealing: "*[I]n camera* inspection is a commonly-used procedural method for determining whether information should be protected or revealed to other parties." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 n.6 (9th Cir. 2003) (citation omitted).

## III. Zuffa Has Offered Unrebutted Evidence of How Disclosure of its Information Would Cause it Harm.

As described in its Opening Motion, Zuffa seeks to seal four categories of confidential information. The first, personal third party information, such as fighter injuries or cell phone numbers, Plaintiffs have agreed should be sealed. Opp. 3 n.2. Plaintiffs also apparently do not object to Zuffa's revised position on its contracts. *Id.* In light of the fact that Bellator requested only that the Parties redact fighter identifying information in its contracts (to which Plaintiffs agreed), Zuffa similarly seeks to redact fighter identifying and personal information in its contracts, rather than seal the contracts in their entirety. Plaintiffs do not appear to object to this position in their Opposition to the extent it applies only to Zuffa's contracts. *Id.*

The two categories of sensitive information that remain in contention are Zuffa's post-2013 financials and Zuffa's post-2013 trade secrets. This information is properly sealed under the compelling reasons standard for the reasons stated in Zuffa's Opening Motion and below, and Zuffa has identified on a document-by-document basis which exhibits contain this information.

### A. Zuffa's Post-2013 Financial Information is Properly Sealed.

Zuffa's post-2013 financial information is properly sealed under the compelling reasons standard. In its Opening Motion, Zuffa provided the declaration of Wm. Hunter Campbell, Zuffa's Chief Business Officer, explaining how Zuffa would be harmed by the release of its financials.

ECF No. 665-4, ¶¶ 3-6. In addition, Bellator, one of Zuffa's competitors, objected concurrently to the public disclosure of its own financial information, further illustrating that market participants would suffer competitive harm if this information is disclosed. ECF No. 661-5. Bellator's counsel described Bellator's financial information as "some of the most sensitive financial and business information in existence regarding Bellator." *Id.* at 2. The same is true for Zuffa.

Zuffa recognizes that limited, high-level information about its financials is public. For example, the information in the Moody's Credit Opinion that Plaintiffs cite to, ECF No. 675-9, is public. Zuffa does not seek to seal this document or the information within it. However, the Credit Opinion contains very broad, high level reporting on Zuffa's financials. The documents Zuffa seeks to seal contain far more specific financial information. Many of these documents are spreadsheets detailing Zuffa's event-level financials, including a breakdown of the different sources of Zuffa's event revenues, how Zuffa distributes its expenses for specific events, and the like.

This type of detailed financial information is not public, and its disclosure would cause Zuffa competitive harm. Notably, Plaintiffs acknowledge that the information that is already public only permits the press "to *estimate* Zuffa's finances." Opp. 7 (emphasis added). If the financial documents Plaintiffs seek to have unsealed were disclosed, the press—and Zuffa's competitors—would not be estimating Zuffa's finances; they would be reading them like an open book. Such disclosure would cause Zuffa significant competitive harm, and courts have held that compelling reasons exist to seal this type of financial information because of the competitive harm that may result from public release of this sensitive information. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224-25 (Fed. Cir. 2013) (applying Ninth Circuit law and recognizing compelling reasons to seal financial information such as "costs, sales, profits, and profit margins"); ECF No. 665 at 5 (citing cases).

**B. <u>Zuffa's Post-2013 Trade Secret Information is Properly Sealed.</u>**

Zuffa's post-2013 trade secret information is also properly filed under seal under the compelling reasons standard. As evidenced in Mr. Campbell's declaration, Zuffa's trade secret strategies from the past five years are highly sensitive and, if disclosed, would reveal details of

Zuffa's business model that would give competitors an unearned advantage and cause Zuffa competitive harm. ECF No. 665-4, ¶ 7. Despite Plaintiffs' speculative claims—devoid of any substantive evidence or supporting testimony—that Zuffa's business has changed too much in recent years for this information to be sensitive, many of Zuffa's business strategies of the past five years remain the same and continue to be implemented regularly. *Id.* It is for this reason that Zuffa makes its post-2013 request.

The Court previously indicated that "anything in these exhibits that suggested expansion strategies for other areas or other countries, excuse me, or other markets, that to me might be potentially something that I would consider sort of sealing on a general basis." Feb. 1 Hrg. Tr. 7:22-25. That is exactly the type of information contained in many of these documents. For example, PCCX135, Shaw Decl. Exhibit A, contains information about Zuffa's efforts to expand its business into a new market in Asia and Zuffa's related confidential negotiations, including specific pricing and licensing terms, and discussion of market research with a business partner. Disclosure of this document would reveal Zuffa's strategy and the terms it is willing to offer to potential partners when it is attempting to increase business in a new market. Disclosure of this information would cause Zuffa competitive harm as it continues to expand, innovate, and grow its business into new regions.

**CONCLUSION**

For the foregoing reasons, Zuffa respectfully requests that the Court grant its motion to seal certain exhibits and protected materials. As previously stated, if the Court wishes to conduct an *in camera* review of the materials to confirm that they are properly sealed, Zuffa will provide the Court with materials for review.

Dated: July 12, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Jonathan M. Shaw*
Jonathan M. Shaw

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*