Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Classes and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT ZUFFA, LLC'S PROPOSAL TO INTRODUCE CERTAIN PURPORTED "SUMMARY EXHIBITS" AT THE HEARING CONCERNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

## I. INTRODUCTION

There are only three categories the Disputed Exhibits ("DEs") can possibly fall into: they are either (1) creations of Zuffa's three testimonial economists (Topel, Oyer, and Blair) (together "Economists"), illustrating or elaborating upon opinions set out in their timely served Rule 26 reports; (2) summaries of data or other evidence already in the record satisfying FRE 1006; *or* (3) demonstratives illustrating entirely new, untimely disclosed expert opinions. Plaintiffs' objections should be sustained because Zuffa must, but cannot, satisfy proposition "1," *i.e.*, show that the DEs are illustrations of its Economists' previously disclosed opinions in order to use the DEs *at the Hearing*. The law is clear that experts can testify only to opinions they hold and timely disclosed in their Rule 26 reports. *See, e.g.*, Fed. R. Civ. P. 26 ("FRCP 26"); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). Zuffa's lead counsel, William Isaacson, conceded this proposition at the February 1, 2019 argument, assuring the Court that the experts' testimony at the Hearing would not "be a surprise since … we've disclosed [expert] reports and *everything has to come out of there*." Hearing Tr. at 11:2-4, ECF No. 651 (Feb. 7, 2019) (emphasis added). But Zuffa does not and cannot establish that the DEs are creations of its Economists or that they illustrate previously disclosed opinions because, in fact, the DEs were neither created by Zuffa's Economists, nor are they illustrations of their prior opinions. Instead, as Zuffa disclosed for the first time in its brief, Zuffa retained a new, previously undisclosed economist (Dr. Joshua Lustig) to create (some of) the DEs to set forth *new* arguments, raising *new* 11th-hour critiques of Plaintiffs' experts. Because the DEs do not reflect opinions of Zuffa's testifying Economists, there is no witness through which they would come in at the Hearing.[1]

Unable to claim that the DEs are illustrative of its Economists' opinions, Zuffa argues that the DEs do not reflect expert analyses or opinions *at all.* The DEs, Zuffa says, are proper summary exhibits. Zuffa is wrong. Zuffa needed yet another Ph.D. economist to create them, and the DEs appear to

---

[1] Zuffa suggests that Plaintiffs do not object to Zuffa using the DEs with Joe Silva. ECF No. 683 ("ZO") at 1. Not so. Plaintiffs did not mention Silva before because the proposition of introducing the DEs through Silva is absurd, given that: (1) Silva did not create the exhibits, (2) Zuffa has not established that Silva, a lay former matchmaker at the UFC, has specific knowledge of the underlying evidence, economic back-up data, or econometric analyses purportedly illustrated by the DEs, and in any event, (3) the proposed introduction of the DEs through Silva or anyone else at the Hearing would be (a) improper because the record on class certification is closed and (b) prejudicial because Plaintiffs have not had an opportunity to cross-examine a witness regarding the subject matters supposedly illustrated by the DEs.

include results of regression analyses and other economic analyses of back-up data files. *See* Pls. Objs. at 4-7, 9-10. But even *if* Zuffa were correct that the DEs (or some of them) were appropriate FRE 1006 summary exhibits, that *still* would not justify their introduction at the Hearing for at least three reasons. ***First***, as explained, none Zuffa's four Hearing witnesses is competent to testify about the DEs' substance *or* creation. ***Second***, the DEs are illustrative of arguments that *Zuffa failed to make* in its opposition to class certification, and are thus entirely new and, therefore, improper and untimely. ***Third***, it would be highly prejudicial to force Plaintiffs to respond—on the fly and without discovery—at a Hearing that is about a long-since briefed motion on a closed expert record.

Finally, Zuffa's retention of a new economist, Dr. Lustig, to cherry-pick data from Dr. Singer's back-up, and thereby attempt to provide a basis for entirely new expert analyses, confirms that the DEs are simply stalking horses for new, very late, opinion testimony. Zuffa should not be permitted to introduce these new expert opinions at the Hearing either through a witness *or* through its lawyers.

## II.   ARGUMENT

### A. Zuffa's Economists Cannot Testify About the DEs, Which They Did Not Create and Which Are Unrelated To Their Opinions

Zuffa ignores the crux of Plaintiffs' opposition: Even *if* the DEs are "summary exhibits"—they are not—Zuffa's Economists cannot testify about them at the Hearing. Zuffa's testifying Economists did not create (or oversee the creation of) any of the DEs (Dr. Lustig did), and the DEs do not illustrate any analyses the Economists performed. FRCP 26 requires a party seeking to present opinion testimony to provide a timely "written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Zuffa has not done so. Therefore, Zuffa's Economists cannot sponsor the DEs at the Hearing.

#### 1.   None of Zuffa's three disclosed Economists created the DEs.

After rebuffing Plaintiffs' requests to identify the creator of the DEs, Zuffa has finally identified him. Zuffa submitted the declaration of Dr. Lustig, who admits that he, and not Zuffa's Economists (or Mr. Silva), supervised the DEs' creation. *See* ECF No. 683-2.[2]

---

[2] Zuffa has still failed to identify the creator of *all* of the DEs. Dr. Lustig attests that he supervised the creation of "certain" DEs and says that he "reviewed" the rest, ECF 683-2, ¶¶4-5, without identifying which DEs fall into which category.

### 2. Zuffa cannot demonstrate that the DEs relate to its Economists' opinions.

Zuffa nowhere responds to Plaintiffs' point that the DEs do not illustrate or elaborate on the opinions or analyses performed by Zuffa's three Economists. The DEs' creator, Dr. Lustig, claims that the DEs "summarize[]" portions of Dr. Singer's backup data, but tellingly does not assert that any portion of any DE was derived from, or illustrative of, the work of Zuffa's Economists. *See* ECF 683-2, ¶¶6-36. Zuffa's silence on this issue is fatal. *Hawley v. Berryhill*, 2017 WL 2215123, at *1 (D. Nev. May 19, 2017) ("silence on an issue in an opposition brief can be construed as acquiescence on that issue"). Absent a showing that (a) Zuffa's Economists created the DEs, and that (b) the DEs are illustrative of the opinions expressed in Zuffa's Economists' reports, the Federal Rules (FRCP 26 & 37 and FRE 702) bar Zuffa's Economists from sponsoring the DEs at the Hearing (or trial).

Zuffa's sole argument to the contrary is that its Economists are permitted to "elaborate upon" their reports in oral testimony. ZO at 7. Plaintiffs do not dispute *that* proposition. The problem for Zuffa is that it *does not even argue* that the DEs "elaborate" on any specific part of its Economists' reports. Zuffa neither points to any part of its Economists' reports setting out opinions about which the DEs are supposedly elaborating, nor does it submit declarations of its Economists explaining how the DEs relate to their opinions.[3] In short, Zuffa's Economists cannot sponsor the DEs at the Hearing.

### B. The Disputed Exhibits Are Not Proper "Summary Exhibits" Under FRE 1006

As Plaintiffs previously explained, the DEs are not mere neutral summaries of data. *See* Pls. Objs. at 4-7, 9-10. Rather, as Plaintiffs had suspected, Zuffa retained a Ph.D. economist to cherry-pick data points, perform calculations, and display results of new analyses. Such documents are not "summary exhibits" under FRE 1006, but rather reflect expert opinion testimony. *See, e.g.*, *Lemon v. Harlem Globetrotters Int'l, Inc.*, 2006 WL 3499969, at *4 (D. Ariz. Dec. 5, 2006).

---

[3] Moreover, the only case law Zuffa cites in support of its position are two out-of-Circuit cases standing for the unremarkable proposition that an expert's testimony is not strictly limited to reading her report, but rather she may "supplement, elaborate upon, and explain" the opinions expressed in her report. *See* ZO at 7 (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007); *Heller v. District of Columbia*, 952 F. Supp. 2d 133, 139 (D.D.C. 2013)). Neither case supports Zuffa's position. In *Re-Direct*, the court observed that the testimony at issue flowed specifically from portions of the expert's report and deposition, and thus sufficiently put the opposing party on notice of the opinions. In *Heller*, the plaintiffs complained that the *reports* did not provide the information Rule 26(a) required. The *Heller* court found that the reports provided sufficient notice of the experts' opinions to prevent surprise and that the plaintiffs had the opportunity to depose the experts on their reports and examine the bases for their opinions. *Id.* at 138.

3

Case No.: 2:15-cv-01045 RFB-BNW
REPLY IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT ZUFFA, LLC'S PROPOSAL TO INTRODUCE CERTAIN PURPORTED "SUMMARY EXHIBITS" AT THE HEARING CONCERNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

### C. The Disputed Exhibits Should Be Excluded Because They Are New Expert Opinions

The DEs are, in reality, an effort by Zuffa to smuggle in new expert testimony at the Hearing. The DEs appear to support entirely new, not-yet fully fleshed-out arguments in opposition to class certification. In support of this effort, Zuffa submits Dr. Lustig's declaration in which he admits that he, and not Zuffa's properly and timely disclosed Economists, supervised the DEs' creation. *See* ECF No. 683-2. Dr. Lustig apparently used his experience as an economist to select specific data points in Dr. Singer's backup, perform calculations, and direct the creation of charts, tables, and graphs to illustrate these entirely new (and misleading and erroneous) analyses (including regression analyses). *See, e.g.*, Pls. Objs. at 4-10. The Lustig Declaration makes clear that the DEs present data cherry-picked for a purpose: to support new (and late) economic or econometric critiques of Plaintiffs' experts that Zuffa apparently intends to have its Economists (or Mr. Silva) adopt and testify about at the Hearing. *Compare, e.g.*, ECF No. 683-2 ¶¶9-10 (describing the broad data points Dr. Singer analyzed), *with id.* ¶¶21-35 (describing the limited data points purportedly summarized in each DE). Thus, the DEs represent improper, late, and new expert opinions by a newly disclosed expert, not "summary exhibits." *See, e.g.*, *Lemon v. Harlem Globetrotters Int'l, Inc.*, 2006 WL 3499969, at *4 (D. Ariz. Dec. 5, 2006).

Given these facts, the case law is clear that exclusion is the appropriate remedy. *See, e.g.*, *Hambrook v. Smith*, No. 14-132, 2016 WL 4084110, at *3 (D. Hawai'i Aug. 1, 2016) (excluding defendants' expert's opinion where defendants did not include the opinion in 26(a) report, did not provide justification for such failure, and caused the plaintiff harm by, *inter alia*, leaving plaintiff unprepared to cross-examine the expert at deposition or address the opinion in the plaintiff's rebuttal report).[4] As Judge Mahan recently held:

> [S]upplementation is not appropriate simply because the expert did an inadequate or incomplete preparation. A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report thereby circumventing the requirement for a timely and complete expert witness report.[5]

---

[4] The prejudice here is even more significant than in *Hambrook* because the late-disclosed expert opinion there was disclosed at the expert's deposition. Here, by contrast, Zuffa *still* has not disclosed the expert opinions its Economists (or Mr. Silva) intend to offer relating to these new analyses (after serving four rounds of expert reports and putting its experts up for deposition). *See* ZO at 10 n.7.

[5] *TDN Money Sys. Inc. v. Everi Payments, Inc.*, 2017 WL 5148359, at *5-6 (D. Nev. Nov. 6, 2017) (quoting *Allstate Ins. Co. v. Balle*, No. 2013 WL 5797848, at *3 (D. Nev. Oct. 28, 2013); *Colony Ins. Co. v. Colorado Casualty Ins. Co.*, 2014 WL 12646048, at *1 (D. Nev. May 28, 2014)) (internal quotations and citations omitted).

Lastly, Zuffa—who is seeking to flout the rules and provide new expert opinions at the upcoming Hearing—*accuses Plaintiffs* of trying to "gain a tactical advantage" for asking questions about the substance, scope, and author of Zuffa's new analyses because Plaintiffs purportedly refused to "provide [Zuffa] the same information." *See* ZO at 10, n.7. That is nonsensical. Plaintiffs are *not* seeking to have their experts testify about new subject matter and new analyses, and thus Plaintiffs have already "provide[d] Zuffa the same information" *in their timely served expert reports*.

### D. Zuffa's Untimely Expert Disclosures Cause Plaintiffs Significant Prejudice

Even if the DEs were, in fact, appropriate summary exhibits—and they are not—the DEs should still be excluded. First, the record on class certification has closed: the briefing has long since concluded, and the expert record has come to rest.[6] The purpose of the Hearing, as Mr. Isaacson accurately represented to the Court, is to explain and test the parties' testifying experts' arguments for and against class certification, and should not "be a surprise since … we've disclosed [expert] reports and everything has to come out of there." Hearing Tr. at 11:2-4. The time for new arguments is over. It would be highly prejudicial for Plaintiffs to be forced to guess as to the points Zuffa is attempting to make with the DEs and respond to them on the fly at a live hearing. Second, none of Zuffa's four witnesses is competent to testify about the substance or creation of the DEs at the Hearing, and thus Zuffa has no legitimate means of having them considered. And, third, even if Dr. Lustig had fully explained Zuffa's new expert opinions through an untimely report of his own, it would nonetheless be highly prejudicial to force Plaintiffs to respond to them now, either with new expert opinions from Plaintiffs' experts (which would be costly, time-consuming, and inefficient) or without the ability for Plaintiffs' experts to respond (which would be unfair and prejudicial).[7]

### III. CONCLUSION

For all of these reasons and those set forth in Plaintiffs' Objections, Plaintiffs respectfully request that the Court exclude the DEs.

---

[6] Failing to raise an argument in a party's briefing waives the argument. *See Eruchalu v. U.S. Bank, N.A.*, 2014 WL 12776845, at *2 (D. Nev. Sept. 30, 2014) (collecting cases); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Plaintiffs note that in their Objections, Plaintiffs erroneously stated that Zuffa had not provided the back-up materials for COE87-89 & COE92. Zuffa has provided those materials. That fact does not change the bottom line: the DEs contain new arguments.

[7] And of course, Plaintiffs have had no opportunity to depose Dr. Lustig.

Dated: July 12, 2019

Respectfully Submitted,

By: /s/ Eric L. Cramer
    Eric L. Cramer

Eric L. Cramer (*Pro Hac Vice*)
Michael Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
Mark R. Suter (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone:     (215) 875-3000
Facsimile:      (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (*Pro Hac Vice*)
Joshua P. Davis (*Pro Hac Vice*)
Jiamin Chen (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Telephone:     (202) 408-4600
Facsimile:      (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

**Co-Lead Class Counsel**

**Liaison Counsel for the Class**

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone:   (702) 341-5200
Facsimile:   (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com

**Additional Counsel for the Classes**:

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone:   (602) 264-7101
Facsimile:   (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

William G. Caldes (*Pro Hac Vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
bcaldes@srkattorneys.com

John D. Radice (*Pro Hac Vice*)
RADICE LAW FIRM, P.C.
34 Sunset Blvd.
Long Beach, NJ 08008
Phone: (646) 245-8502
jradice@radicelawfirm.com

Frederick S. Schwartz (*Pro Hac Vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Telephone:   (818) 986-2407
Facsimile:   (818) 995-4124
fred@fredschwartzlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2019 a true and correct copy of the REPLY IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO DEFENDANT ZUFFA, LLC'S PROPOSAL TO INTRODUCE CERTAIN PURPORTED "SUMMARY EXHIBITS" THROUGH ITS ECONOMISTS AT THE HEARING CONCERNING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By:
        */s/ Eric L. Cramer*