WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
Tel: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS  #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br>**DECLARATION OF JONATHAN M. SHAW IN SUPPORT OF ZUFFA, LLC'S NOTICE OF NON-PARTY WME\|IMG, LLC'S LETTER REQUESTING GUIDANCE REGARDING THE PROCESS FOR PROTECTING NON-PARTIES' CONFIDENTIAL DOCUMENTS** |

I, Jonathan M. Shaw, declare as follows:

1. I am a member in good standing of the bars of the District of Columbia and the State of Maryland and an inactive member in good standing of the bar of the State of Washington. I am admitted *pro hac vice* to practice before this Court. I am a Partner in the law firm Boies Schiller Flexner LLP and counsel for Zuffa, LLC ("Zuffa") in the above-captioned action in the United States District Court for the District of Nevada, *Le et al. v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-BNW.

2. I make this declaration in support of Zuffa, LLC's Notice of Non-Party WME|IMG, LLC's Letter Requesting Guidance Regarding the Process for Protecting Non-Parties' Confidential Documents.

3. Based on my personal experience, knowledge, and review of the files, records, and communications in this case, I have personal knowledge of the facts set forth in this Declaration and, if called to testify, could and would testify competently to those facts under oath.

4. On May 28, 2019, Zuffa and Plaintiffs (collectively, the "Parties"), provided notice to all non-parties whose documents appear on the Parties' exhibit list that their documents appeared on the exhibit list and may be used at the upcoming evidentiary hearing on class certification.

5. WME|IMG, LLC ("WME") was one of the non-parties with documents on the Parties' exhibit list and received the notice described above. The Parties and WME met and conferred, and WME objected to Plaintiffs' disclosure of certain WME documents marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order in force in this case, ECF No. 217.

6. Counsel for Zuffa attended each of the meet and confer sessions between Plaintiffs and the non-parties, and at no point in these discussion did Plaintiffs indicate 1) that the non-parties needed to file a brief to preserve their objections; 2) that Plaintiffs believed the objection letters the Parties jointly filed for the non-parties were insufficient to preserve the non-parties' objections; or 3) that the briefing schedule that the Parties agreed would govern the Parties' substantive objections to the exhibit lists would apply to non-parties.

7. On June 13, WME sent a letter to the Parties for submission to the Court that objected to the disclosure of certain confidential WME documents and requested the Court's guidance on how

1

to proceed. The Parties jointly filed that letter as an exhibit to a Joint Notice of Third Party Objection Letters Regarding Certain Third Party Documents Listed in The Parties Exhibit Lists on June 14, 2019. ECF No. 661-3.

8. On June 14, the Parties jointly filed a motion proposing a briefing schedule on exhibit objections to the Court. ECF No. 662. The Parties did not ask the Court to order any briefing schedule for non-parties.

9. On June 28, 2019, counsel for Plaintiffs filed two 10-page briefs, with 16 exhibits, in opposition to WME and other non-parties' letters to the Court. ECF Nos. 676, 677.

10. On June 28, 2019, Kevin Rayhill, one of Plaintiffs' counsel, sent an email to WME and counsel for Zuffa informing WME that "[r]eplies are due by July 12, 2019." Exhibit A to this Declaration is a true and correct copy of that email with the mobile phone number of counsel for WME redacted. Zuffa believes this email was the first time any non-party was notified that Plaintiffs contended that it may be bound by the briefing schedule set for the Parties' objections.

11. Zuffa does not believe that non-parties must submit briefing in advance of the deadlines put forward by Plaintiffs to be in compliance with the Revised Stipulation and Protective Order, ECF No. 217, which provides for a separate procedure. In light of the July 11, 2019 email from the Courtroom Administrator clarifying the Court's prior order (ECF No. 670) to the extent the Court expects non-parties to submit a complete reply to Plaintiffs' brief, Zuffa believes that an extension would be appropriate.

12. Exhibit B to this declaration is a true and correct copy of WME|IMG, LLC's Letter Requesting the Court's Guidance dated July 12, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 12th day of July, 2019 in Washington, D.C.

*/s/ Jonathan M. Shaw*
Jonathan M. Shaw