# EXHIBIT B

# Letter from WME|IMG to Judge Richard F. Boulware, II dated July 12, 2019

Benjamin Naftalis
Direct Dial: 212.906.1713
benjamin.naftalis@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

July 12, 2019

<u>VIA ECF</u>

Honorable Richard F. Boulware, II
United States District Judge
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

   Re: <u>Le v. Zuffa, 15-cv-01045-RFB-BNW</u>

Dear Judge Boulware:

   I write on behalf of WME|IMG, LLC ("WME") in connection with the above-referenced matter. Pursuant to Section 6.3 of the Protective Order entered by the Court in this case (the "<u>Protective Order</u>"), WME respectfully requests the Court schedule a conference to address the process for resolving a dispute regarding the confidentiality of certain third-party documents.

   As detailed in our June 13, 2019 letter, in response to a subpoena served by Plaintiffs, WME (a non-party) produced over 22,000 documents. ECF No. 661-3. Pursuant to the Protective Order, WME designated most of those documents as either "Confidential" or "Highly Confidential-Attorneys' Eyes Only," and expected them to be treated in accordance with the corresponding protections afforded by the Protective Order. *See* ECF No. 217 ¶¶ 7.2-7.3. On May 28, 2019, WME received a letter from the parties notifying WME that six of the Confidential or Highly Confidential documents it had produced might be publicly disclosed during class certification evidentiary hearings in or about August and September 2019. As directed by Section 6.2 of the Protective Order, upon receipt of such notice, WME met-and-conferred with Plaintiffs and Defendant Zuffa, LLC, and objected to the public disclosure of four of the six documents that the parties identified.[1] *See* ECF No. 217 ¶ 6.2.

   If it is not possible "to resolve a dispute about confidentiality designations" *via* a meet-and-confer, Section 6.3 of the Protective Order outlines the procedure for seeking judicial intervention. *See* ECF No. 217 ¶ 6.3. Specifically, the non-party that produced the documents and the party challenging the confidentiality designations must "prepare and present to the Court

---

[1] As explained in our June 13, 2019 letter, WME objects to the disclosure of four documents that contain sensitive confidential information: WME_ZUFFA_00001150, WME_ZUFFA_00005368, WME_ZUFFA_00013978, and WME_ZUFFA_00076651. *See* ECF No. 661-3 at 2. WME does not object to the public disclosure of two documents: WME_ZUFFA_00031950 and WME_ZUFFA_00141791.

**LATHAM&WATKINS**LLP

a joint letter, briefly outlining the disputed issue, and requesting a telephone conference or in-person meeting with the Court." *Id.* Thus, on June 14, 2019, the parties submitted a Joint Notice of Third Party Objection Letters Regarding Certain Third Party Documents Listed In The Parties Exhibit Lists, which attached a number of non-party letters objecting to the disclosure of confidential documents. ECF No. 661. In accordance with Section 6.3, WME's letter requested an opportunity to be heard. *See* ECF No. 661-3.

Section 6.3 goes on to describe the next procedural step as follows:

> The parties to the dispute shall thereafter present to the Court, during the telephone conference or in-person meeting, their respective positions about the propriety of the challenged confidentiality designations. The procedure for resolving the dispute, including the need for any briefing, shall be determined by the Court during the telephone conference or in-person meeting

ECF No. 217 ¶ 6.3.

Regrettably, on June 28, 2019, rather than wait for the Court to schedule a telephone or in-person conference to address the dispute and provide guidance regarding how to resolve it—without consulting WME—Plaintiffs filed a full-length brief opposing WME's and other non-parties' objection letters. ECF Nos. 676-677. Plaintiffs simultaneously communicated to WME that it must submit any reply by July 12, 2019.

Plaintiffs' actions were wholly improper under the Protective Order. WME's letter was submitted in support of the joint notice of a confidentiality dispute required under Section 6.2 of the Protective Order. It was *not* a motion or opening brief, as Plaintiffs appear to have treated it. Thus, Plaintiffs' "opposition" should be disregarded. Instead, pursuant to the Protective Order, non-party WME respectfully requests that the Court set a conference to address "[t]he procedure for resolving the dispute, including the need for any briefing." ECF No. 217 ¶ 6.3. In the alternative, in the event the Court decides not to hold a conference, WME requests an extension of no less than two weeks to respond to Plaintiffs' brief.

Non-Party WME stands ready to answer any questions the Court or any party may have.

Respectfully Submitted,

/s/ Benjamin Naftalis

Benjamin Naftalis
of LATHAM & WATKINS LLP

*Counsel for WME/IMG, LLC*