

August 7, 2019

**VIA ECF**

Honorable Richard F. Boulware, II
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

      Re:    Notice of Citations Requested in February 1, 2019 Hearing in *Le v. Zuffa et al.*, Case No. 15-cv-01045

Dear Judge Boulware:

      As requested in the February 1, 2019 hearing regarding the upcoming evidentiary hearings, Zuffa, LLC ("Zuffa") provides citations to portions of its expert reports[1] requested by the Court. ECF No. 651, Hearing Tr. 46:9-48:20. During the hearing, the Court asked for citations in the Zuffa expert reports to data on the procompetitive aspects of Zuffa's business that "could be from a modeling standpoint" "separated from unlawful antitrust conduct." Hearing Tr. 46:9-20.

      As Prof. Topel explains in his initial report, the analysis in Dr. Singer's initial report fails to account for the effect of procompetitive investments made by Zuffa. Topel Report ¶¶ 126, 138, 310. Prof. Topel explained that increasing event revenue (and decreasing fighter share of revenue) would be observed if Zuffa was better at producing high-quality events and effectively promoting them. *Id.* ¶ 134. In this way, Prof. Topel described how Zuffa's procompetitive business success, as measured by increasing revenue, was built into the denominator of Dr. Singer's dependent variable, fighter share of event revenue. *Id.* ¶¶ 134-36.

      In Prof. Topel's first report, he identifies how Zuffa's procompetitive investments and increases in Zuffa's efficiency in making these investments increase event revenues. Topel Report ¶¶ 133-38 & Appendix A. Examples of these include:

- Zuffa's production costs, which include "set design and construction costs, video production costs, and equipment costs," all of which are "associated with staging an event and creating a high-quality, competitive product." Topel Reply ¶ 15; Topel Report ¶ 52.

---

[1] The reports cited in this letter are (1) the Expert Report of Professor Robert H. Topel dated October 27, 2017("**Topel Report**"), which is Exhibit 2 to Zuffa's Opposition to Plaintiff's Motion for Class Certification ("Class Opp."), ECF No. 540-006; (2) Professor Topel's Sur-Rebuttal Expert Report dated February 12, 2018 ("**Topel Sur-Rebuttal**"), which is Exhibit 49 to Zuffa's Reply in Support of Motion to Exclude the Testimony of Dr. Hal Singer under Fed. R. Evid. 702 and Daubert, ECF No. 551-15; and Professor Topel's Reply to the Supplemental Expert Report of Hal J. Singer, Ph.D. dated May 7, 2018 ("**Topel Reply**"), which is Exhibit 50 to the same motion, ECF No. 551-16.



- Zuffa's investments in legitimizing and expanding the sport of MMA through regulation by state athletic commissions as well as anti-doping efforts. Topel Report ¶¶ 51, 54.

- UFC President Dana White's efforts to increase demand for and recognition of the UFC brand by using social media to connect with fans via his 4.8 million followers on Twitter, changing the way that MMA is marketed, and his push to get the UFC featured in the mainstream media. Topel Report ¶ 55.

- Money spent on broadcast—including entry and development of new broadcast markets and negotiating international broadcast agreements. Topel Report ¶ 60. This is in addition to a substantial investment in *The Ultimate Fighter* television show, which significantly increased consumer demand for UFC events. *Id.* ¶ 52.

- Zuffa's expenditures on advertising in print, television, and online as well as its work to expand its brand and the sport into a wide variety of consumer products, including video games and action figures. Topel Report ¶ 53.

Prof. Topel also identifies third-party investments that could affect event revenue, such as advertising by a venue or broadcaster. Topel Sur-Rebuttal Report ¶ 7.

Prof. Topel's Reply also identified three categories of expenses that reflect Zuffa's procompetitive investments and that are included in Dr. Singer's own data set: (1) promotional costs, (2) event production costs, and (3) other event costs. Topel Reply ¶¶ 14-18.

In his third report, Dr. Singer incorporated only a narrow set of Zuffa's procompetitive expenditures in a new regression. These expenditures consisted of a portion of the first category of expenses (promotional costs)[2] but not any costs from the categories of event production costs and other event costs. Topel Reply ¶¶ 14-15.

Dr. Singer also does not account for the different types of Zuffa's procompetitive investments outside of his regression data set or increases in Zuffa's efficiency in making these investments. Topel Reply ¶¶ 4, 12-13, 16; *see also* Topel Report ¶ 138. With respect to the data Dr. Singer chose, Dr. Topel also explained that, rather than using Zuffa's (and Strikeforce's), actual promotional spending on each event—information Dr. Singer had for nearly all events that were in his original regression data set—Dr. Singer instead used annual averages for events (the yearly total of certain promotional costs divided by the number of Zuffa events during that year). Topel Reply ¶¶ 5, 25-26. As a result, Dr. Singer treats tentpole events such as UFC 200 in July 2016, a milestone where Zuffa's event

---

[2] These costs included expenses related to "Branding," "PPV Advertising," "Event Promos," "Digital Marketing," or "Other Ad Broadcast Costs." Topel Reply ¶ 14.



expenditures were high, exactly the same as a non-PPV event broadcast over the internet that took place two days earlier.[3]  Topel Reply ¶¶ 5, 25-26 & Ex. 5.  Finally, Dr. Singer effectively disregards Zuffa's promotional spending in years other than 2008 to 2010 as irrelevant by design.  Topel Reply ¶ 11.

On May 28, 2018, Dr. Singer filed a fourth report ("Singer Second Supplemental Report") concurrently with Plaintiffs' reply in support of their Motion for Class Certification.[4]  ECF No. 554.  This fourth report included three new regressions.  Singer Second Supplemental Report Table A1.  The new regressions were submitted in violation of the parties' Joint Motion to Supplement the Expert Reports, which explicitly did not permit a new regression, more than three weeks after Zuffa filed its reply in support of its motion to exclude Dr. Singer's testimony, ECF No. 545.[5]  Prof. Topel has not had a chance to respond to Dr. Singer's fourth report, which includes three new regressions.  Singer Second Supplemental Report Table A1.

Very truly yours,

William A. Isaacson
*Attorney for Defendant Zuffa, LLC*

---

[3] Prof. Topel also provided examples of the substantial differences in Zuffa spending on pay-per-view events and non-pay-per-view and how the variables in Dr. Singer's original regression were not able to control for those procompetitive investments.  Topel Reply ¶ 32 & Ex. 5.

[4] Second Supplemental Expert Report of Hal J. Singer, Ph.D (April 3, 2018), which is Exhibit 86 to Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification, ECF No. 554-3.

[5] The parties filed, and the Court granted, ECF No. 545, a joint motion regarding Dr. Singer's fourth report stating that the report "may respond to" Prof. Topel's third report, "but will not include any new regressions," ECF No. 545 ¶ 5.  The Court granted the joint motion.  ECF No. 628.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Defendant Zuffa, LLC's Notice of Citations Requested in February 1, 2019 Hearing was served on August 7, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                    */s/ Brent K. Nakamura*
                    Brent K. Nakamura
                    Boies Schiller Flexner LLP