

1    KENDALL BRILL & KELLY LLP
     Philip M. Kelly (Cal. Bar No. 212174)
2      *pkelly@kbkfirm.com*
     10100 Santa Monica Blvd., Suite 1725
3    Los Angeles, California 90067
     Telephone: 310.556.2700
4    Facsimile: 310.556.2705

5    Attorneys for Non-Party
     Bellator Sport Worldwide LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10

11   Cung Le, Nathan Quarry, and Jon Fitch,      Case No. 2:15-cv-01045-RFB-PAL
     on behalf of themselves and all others
12   similarly situated,                         **NON-PARTY BELLATOR SPORT
                                                 WORLDWIDE LLC'S RESPONSE
13              Plaintiffs,                       TO PLAINTIFFS' OPPOSITION TO
                                                 NON-PARTIES' OBJECTIONS TO
14         v.                                    POTENTIAL USE OF
                                                 CONFIDENTIAL INFORMATION
15   Zuffa, LLC, d/b/a Ultimate Fighting         AT EVIDENTIARY HEARING
     Championshio and UFC,                       (ECF NOS. 661-5, 661-6, 661-8)**
16
                Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     BACKGROUND ............................................................................................ 3

    A.      Factual Background ........................................................................... 3

    B.      Procedural Background ...................................................................... 4

III.    LEGAL STANDARD .................................................................................... 5

IV.     ARGUMENT ................................................................................................. 7

    A.      Non-Party Bellator's Privacy Interests In Its Confidential
         Financial Information Mandate Sealing ............................................. 7

    B.      Non-Party Bellator's Sensitive Financial Information Is A Trade
         Secret That Mandates Sealing ........................................................... 11

    C.      Bellator Does Not Seek To Seal Excerpts From Scott Coker's
         Deposition .......................................................................................... 12

V.      CONCLUSION ............................................................................................. 13

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

i

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*,
   2016 WL 2593920 (D. Nev. May 5, 2016) ........................................................ 10

*Buchanan v. Homeservices Lending LLC*,
   2012 WL 5505775 (S.D. Cal. Nov. 13, 2012) ...................................................... 6

*Chloe SAS v. Sawabeh Info. Servs. Co.*,
   2015 WL 12734004 (C.D. Cal. Feb. 4, 2015) ...................................................... 8

*Clark v. Bunker*,
   453 F.2d 1006 (9th Cir. 1972) ................................................................... 10, 11

*Dugan v. Lloyds TSB Bank, PLC*,
   2013 WL 1435223 (N.D. Cal. Apr. 9, 2013) ........................................................ 6

*In re Elec. Arts, Inc.*,
   298 F. App'x 568 (9th Cir. 2008) .............................................................. 7, 11

*Fundingsland v. OMH Healthedge Holdings, Inc.*,
   2018 WL 1524474 (S.D. Cal. Mar. 27, 2018) ...................................................... 8

*In re High-Tech Employee Antitrust Litig.*,
   2013 WL 5486230 (N.D. Cal. Sept. 30, 2013) ................................................... 6, 7

*Hodges v. Apple Inc.*,
   2013 WL 6070408 (N.D. Cal. Nov. 18, 2013) ..................................................... 10

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
   2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ........................................................ 8

*F.D.I.C. v. Jones*,
   2015 WL 4275961 (D. Nev. July 14, 2015) ........................................................ 8

*Kamakana v. City & Cty. of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ..................................................................... 5

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
   No. 09-CV-01967 CW NC, 2013 WL 1997252 (N.D. Cal. May 13,
   2013) ................................................................................................ 8

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

*Nursing Home Pension Fund v. Oracle Corp.*,
   2007 WL 3232267 (N.D. Cal. Nov. 1, 2007).........................................................8

*Ramirez v. Trans Union, LLC*,
   2014 WL 1677815 (N.D. Cal. Apr. 28, 2014).........................................................6

**Rules**

Federal Rules of Civil Procedure Rule 26(c) ...........................................................2, 7

603183559       iii       Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to Court Order, non-party Bellator Sport Worldwide LLC ("Bellator") produced to the Parties confidential and highly proprietary financial information on which its ability to compete depends.  As permitted by the Protective Order entered in this case, Bellator marked these documents "HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY."  At the time this Court ordered disclosure as part of a negotiated resolution of Bellator's motion to quash and/or for a protective order, it ruled that "[t]he Parties are required to make best efforts to protect information designated…'HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY' from public disclosure at the trial of these actions...."  Dkt. No. 429, at 5.

Now, in contravention of the Court's Order, Plaintiffs seek to publicly disclose at the upcoming evidentiary hearing on their motion for class certification the most sensitive and potentially harmful of the highly confidential documents produced by Bellator.  Specifically, Plaintiffs seek to disclose in open court the confidential and highly proprietary financial information contained in the document bates numbered SBPCL00002101-2102 ("SBPCL00002101-2102").[1]  This Court should deny Plaintiffs' request to do so and should maintain SBPCL00002101-2102 under seal for multiple reasons.

As an initial matter, Plaintiffs' motion identifies and relies upon the wrong legal standard for what Bellator must show to maintain its highly confidential information under seal.  To maintain SBPCL00002101-2102 under seal as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in connection with the non-dispositive motion for class certification, Bellator must show only "good

---

[1] Bellator no longer objects to the public use of excerpts from the deposition transcript of Scott Coker, the CEO of Bellator.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

cause" under Rule 26(c) of the Federal Rules of Civil Procedure, not a "compelling reason" as suggested by Plaintiffs.

In any event, Bellator easily meets both the good cause and compelling reason standards to maintain the document and information under seal for the following reasons:

First, SBPCL00002101-2102 is a detailed spreadsheet specifying Bellator's confidential and highly sensitive financial information, including all quarterly and yearly revenue streams and expense categories from 2010 to 2016.  Non-party Bellator's privacy interests in this information are sufficient to satisfy the "good cause" standard for sealing this document as well as the inapplicable and more rigorous "compelling reason" standard.

Second, SBPCL00002101-2102 contains Bellator's proprietary financial information essential to distinguishing Bellator's business from its competitors and allowing Bellator to continue to compete and maintain its negotiating position, thus constituting a trade secret.  Disclosure of Bellator's trade secrets to Plaintiffs (against whom Bellator negotiates fighter contracts) and Bellator's largest competitor (which has the ability to undercut Bellator's agreements with fighters, venues, and sponsors) threatens Bellator's very existence.  The presence of such trade secret information is itself sufficient to satisfy both the "good cause" and "compelling reason" standards.

To protect Bellator's highly confidential financial information and competitive standing, and to avoid a potentially disastrous disclosure of Bellator's trade secrets to its biggest competitor and to those against whom it negotiates, this Court should deny Plaintiffs' request to publicly disclose SBPCL00002101-2102 and the information within in whole or in part.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

2

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

## II.     BACKGROUND

### A.     Factual Background

Plaintiffs are a group of professional MMA athletes who have alleged violations of Section 2 of the Sherman Act against defendant Zuffa LLC d/b/a/ the Ultimate Fighting Championship and the UFC ("UFC").  Declaration of Scott Coker ("Coker Decl.") ¶ 6.  UFC is the largest mixed martial arts ("MMA") promoter in the world.  *Id.* at ¶ 5.

Non-party Bellator, founded in 2008, is a MMA promoter based in Los Angeles, California.  *Id.* at ¶ 2.  Its primary business is to contract with MMA athletes to participate in televised matches in venues around the world—events that Bellator organizes and promotes as both live arena entertainment for ticket purchasers and through worldwide distribution (e.g., free TV, pay TV, video-on-demand, and other platforms).  *Id.*

Although Bellator is barely a decade old, it has steadily grown its market, signing an enviable roster of new prospective athletes as well as well-known free agents from the United States and abroad, and today it is the second largest MMA promoter in the world after UFC.  *Id.* at ¶ 4.  UFC is a formidable competitor which is alleged to control some ***ninety percent*** of the revenues derived from elite professional MMA matches, with annual revenues exceeding $500 million.  *Id.* at ¶ 5; Dkt No. 1, Compl. ¶ 7.  UFC competes with Bellator on all fronts, including building and retaining a roster of compelling athletes that draw generous viewership as well as top-tier sponsors, venues, distributors, and ultimately, an engaged fan-base.  Coker Decl. ¶ 5.

In the past ten years, UFC has acquired, marginalized, or even forced out of business most of its former competitors.  *Id.* at ¶ 13.  Bellator has, in large part, been able to maintain its business in the face of UFC's efforts to extinguish its competitors by strictly maintaining the confidentiality of its contracts and financial information.  *Id.* at ¶ 11.  Disclosure of such information to Plaintiffs—themselves

3

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

MMA fighters who may seek to negotiate with Bellator in the future—and to Bellator's largest competitor, UFC, let alone the public at large, would undermine Bellator's ability to retain talent, schedule and promote events, acquire sponsorships, and more. *Id.* at ¶¶ 11-13. That is, disclosure would pose an existential threat to Bellator's ability to survive in the market. *Id.*

**B.  Procedural Background**

Pursuant to this Court's June 13, 2017 order, non-party Bellator produced to the Parties, among other documents, "unaudited profit and loss statements through the quarter ending March 31, 2017." *See* Dkt. No. 429, at 1. The Court further identified sub-categories of revenue and expenses for which Bellator was ordered to provide specific figures. *See id.* at 4-5. The Court ruled that "[t]he Parties are required to make best efforts to protect information designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY' from public disclosure at the trial of these actions…." *Id.* at 5. In compliance with the Court's Order, and in reliance on the Court's direction to the Parties to protect highly confidential information, Bellator produced SBPCL00002101-2102, which was designated "HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY" due to the fact that it contains, inter alia, detailed and confidential information regarding Bellator's finances.

On May 28, 2019, the Parties informed Bellator that they wish to use, quote, or reference several of Bellator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents in the upcoming evidentiary hearing on Plaintiffs' motion for class certification. Bellator met and conferred with the Parties, and reached agreements regarding the use of nearly all of the documents that had been produced and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." *See* Declaration of Phil Kelly ("Kelly Decl.") ¶ 3. But no agreement was reached between Bellator and the Parties with regard to SBPCL00002101-2102. *Id.* at ¶¶ 3-4.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559                                    4                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

When it became clear that no agreement could be reached as to SBPCL00002101-2102, the Parties directed Bellator to simply "submit [its] objections to the Court by June 14, 2019." *Id.* at ¶ 4.  On June 14, 2019, Bellator submitted its letter, listing its objections to the Parties' proposed use of SBPCL00002101-2102.  Dkt. No. 661-5.

On June 28, 2019, Plaintiffs filed their motion, seeking to unseal SBPCL00002101-2102.[2]

## III.   LEGAL STANDARD

Plaintiffs erroneously suggest that non-party Bellator must establish the existence of "compelling reasons" that overcome a "presumed right of access to court proceedings and documents" to maintain its documents under seal and away from public disclosure. *See* Opp. at 4.  That is not the legal standard applicable here.

In fact, the case law ***cited by Plaintiffs*** recognizes that the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* [attached] to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006) (internal citations and quotation marks omitted) (emphasis and bracket in original) (holding that instead of the "high threshold of showing that 'compelling reasons' support secrecy[,] … [a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.")

---

[2] The Plaintiffs' title of "Opposition" is misleading as it opposes nothing—non-party Bellator was not given the chance to file a motion to seal.  For purposes of judicial efficiency, Bellator responds to Plaintiffs' Opposition, but Bellator does not concede that it has filed any moving brief.  For the same reason, Plaintiffs' contentions that Bellator has "waived" certain arguments, and failed to "carry [their] burden," Opp. at 7, are frivolous—Bellator has not had the chance to make ***any*** arguments until the current brief.

1       "Unless the denial of a motion for class certification would constitute the

2  death knell of a case, the vast majority of courts within this circuit treat motions for

3  class certification as nondispositive motions to which the good cause sealing

4  standard applies." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D.

5  Cal. Apr. 9, 2013) (internal quotation marks omitted) (holding that the good cause

6  sealing standard applied where case could proceed even if class certification was

7  denied); *see also, e.g.*, *Buchanan v. Homeservices Lending LLC*, 2012 WL 5505775,

8  at *2 (S.D. Cal. Nov. 13, 2012) (holding that "good cause" is the proper standard

9  when a party seeks access to previously sealed discovery attached to a motion for

10  class certification); *In re High-Tech Employee Antitrust Litig.*, 2013 WL 5486230, at

11  *2 (N.D. Cal. Sept. 30, 2013) (holding that plaintiffs' motion for class certification

12  is a non-dispositive motion and "parties need only demonstrate 'good cause' in

13  order to support their requests to seal); *cf. Ramirez v. Trans Union, LLC*, 2014 WL

14  1677815, at *2 (N.D. Cal. Apr. 28, 2014) (granting in part and denying in part

15  motion to seal; explaining that though the Ninth Circuit "has not ruled as to whether

16  a motion for class certification is a dispositive motion for purposes of determining

17  whether the 'compelling reasons' standard applies," it did not matter for purposes of

18  the ruling as "[t]hose portions of documents that will not be sealed do not meet even

19  the lower good cause standard; the portions that will be sealed meet even the stricter

20  compelling reasons standard").

21       Here, the denial of Plaintiffs' motion for class certification will not constitute

22  the "death knell" of this case, and Plaintiffs have not made, or even attempted to

23  make, such a showing.  Indeed, Plaintiffs initially filed five separate complaints

24  against Defendant and only agreed to file a Consolidated Amended Complaint

25  consolidating each of the five complaints "[t]o promote efficiency."  *See* Dkt. No.

26  195 at 1.  The case will undoubtedly continue regardless of the outcome of the

27  motion for class certification.  Therefore, the class certification motion is not

28  dispositive and the "good cause" standard applies.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

6

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

The party seeking protection bears the burden of making a "particularized showing of good cause with respect to any individual document." *In re High-Tech Employee Antitrust Litig.*, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013). Pursuant to the "good cause" standard under Rule 26(c) of the Federal Rules of Civil Procedure, this Court "has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *In re High-Tech Employee Antitrust Litig.*, 2013 WL 5486230, at *1 (applying the good cause standard to grant in part and deny in part motion to seal).

Even under the "compelling reasons" standard erroneously advanced by Plaintiffs, sealing is justified to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (applying compelling reasons standard and holding that "pricing terms, royalty rates, and guaranteed minimum payment terms found in [a] 2006 [contract]" was a source of business information that might harm competitive standing and thus warranted sealing). Sealing is also warranted pursuant to that more stringent standard where information constitutes a trade secret. *Id.*

As demonstrated below, Bellator can easily meet both the good cause standard and the compelling reasons standard, as the disclosure of its confidential and trade secret information would cause grave competitive harm.

## IV.    ARGUMENT

### A.    Non-Party Bellator's Privacy Interests In Its Confidential Financial Information Mandate Sealing

It is well-settled that "[n]on-party privacy interests, particularly those related to sensitive matters," such as nonpublic financial or commercial information, "are sufficient to satisfy the 'good cause' standard for sealing." *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (granting

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

7

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

1  motion to seal as to document containing "sensitive" information regarding a non-

2  party); *see, e.g.*, *F.D.I.C. v. Jones*, 2015 WL 4275961, at \*2 (D. Nev. July 14, 2015)

3  (granting motion to keep under seal exhibits that contained a nonparty's "sensitive

4  financial information"); *In re NCAA Student-Athlete Name & Likeness Licensing*

5  *Litig.*, No. 09-CV-01967 CW NC, 2013 WL 1997252, at \*2 (N.D. Cal. May 13,

6  2013) (granting applications to seal confidential and commercially sensitive

7  information of non-parties); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL

8  3232267, \*4 (N.D. Cal. Nov. 1, 2007) (finding that a non-party's "request to seal

9  personal financial information meets the 'good cause' standard given his non-party

10  privacy interest").

11      Even under the "compelling reasons" standard, the courts have found that a

12  non-party's commercially sensitive interests are sufficient to warrant sealing.  *See,*

13  *e.g.*, *Fundingsland v. OMH Healthedge Holdings, Inc.*, 2018 WL 1524474, at \*2

14  (S.D. Cal. Mar. 27, 2018) (finding compelling reasons to seal portions of exhibits

15  that contained "non-public non-party financial information … contain[ing] sensitive

16  and proprietary information"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components,*

17  *Inc.*, 2015 WL 984121, at \*3 (N.D. Cal. Mar. 4, 2015) (granting request to seal

18  under the "compelling reasons" standard where an exhibit contained financial and

19  contractual information that "would result in an invasion of the third party's

20  privacy" and cause "competitive harm if … made public").

21      Here, Plaintiffs seek to publicly disclose non-party Bellator's revenue and

22  expense information contained in SBPCL0002101-2102.  Plaintiffs attempt to

23  minimize this disclosure, contending that they intend only to rely on its expert's

24  summary of the information.  Opp. at 2 (identifying "aggregate financial

25  information" referred to by their expert).  But Plaintiffs acknowledge that they

26  reserve the right to "use ***any and all of*** the information contained" in

27  SBPCL00002101-2102.  Opp. at 8 n.5 (emphasis added).  And regardless, the

28  threatened disclosure is not minimal.  SBPCL00002101-2102 is not a summary

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

8

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

1    lacking in details.  Instead, it is a detailed spreadsheet that identifies each of

2    Bellator's revenue sources and types of operating expenses, containing confidential

3    unaudited profit and loss statements through the quarter ending March 31, 2017.

4    Coker Decl. ¶ 9.  Thus, Plaintiffs' citation to cases denying sealing of aggregate

5    (rather than detailed) information are inapt.  Instead, disclosure here would cause a

6    competitive disadvantage, *id.* at ¶¶ 9, 11, which Plaintiffs recognize is a basis for

7    sealing.  Opp. at 6.

8        Bellator is a non-public entity that maintains such information under strict

9    confidentiality.  Coker Decl. ¶ 10.  Bellator does not disclose its financial

10   documents beyond its own limited ownership circle, and does not publicly report

11   any of its financial information in either high level or detailed form.  *Id.*  Indeed,

12   Bellator produced SBPCL00002101-2102 only pursuant to this Court's order, Dkt.

13   No. 429, at 4-5, and with the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" designation.  *Id.* at ¶ 9.  Bellator did so with the presumption that, pursuant

15   to the Court's direction, the Parties would make best efforts to maintain the

16   information in confidence.  *See* Dkt. No. 429, at 5.

17       The public release of SBPCL00002101-2102 would unquestionably cause

18   Bellator competitive harm.  Coker Decl. ¶¶ 11-13.  SBPCL00002101-2102 contains

19   years of Bellator's detailed financial information.  *Id.*  This information highlights

20   Bellator's business strategy and performance, and goes to the very heart of

21   Bellator's ability to operate in a highly competitive marketplace.  *Id.*  In the hands of

22   Plaintiffs and other MMA fighters, such information undermines Bellator's

23   negotiating ability, and thus its ability to attract and retain talent.  *Id.*  And, in the

24   hands of its competitor UFC—which has already demonstrated a desire to put

25   Bellator out of business, *id.* at ¶ 13; *see also* Dkt. No. 1 Compl. ¶¶ 107-108, 120-

26   150—Bellator's revenue and expense information would provide a roadmap to its

27   destruction.  Coker Decl. ¶¶ 11-12.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559                                          9                    Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

Bellator's concerns about the public disclosure of SBPCL00002101-2102 are not speculative, as recently demonstrated by efforts to determine and disclose non-party Bellator's confidential financial information based on information in recent filings in this case.  On July 12, 2019, a journalist specializing in MMA news tweeted estimates for Bellator's revenue for the years 2010-2013, which he derived from a brief filed by Zuffa in this action that same day.  *See* Kelly Decl. ¶ 6; *id.*, Ex. A.  Although Zuffa had redacted Bellator's revenue information (as required by the protective order and Bellator's objections), the journalist nevertheless attempted to reverse engineer Bellator's revenue figures for 2010-20-13 using other unredacted information in the filing.  *Id.*, Ex. A.  The tweet – which relied only on redacted information, not the complete disclosure of Bellator's financial information sought by Plaintiffs – sparked a discussion about Bellator's size, profits, ownership structure, and legal disputes.  The document Bellator seeks to keep under seal, SBPCL00002101-2102, provides far more than annual revenue figures—it identifies each of Bellator's revenue sources and types of operating expenses, containing confidential unaudited profit and loss statements through the quarter ending March 31, 2017.  Coker Decl. ¶ 9.  Disclosure of such information would be an aggressive invasion of non-party Bellator's privacy interests, which Bellator's competitors and MMA fighters who may negotiate with Bellator in the future would subsequently use to undermine Bellator's future business prospects and negotiating abilities, and thus work extensive harm to Bellator.

Accordingly, Bellator's non-party privacy interests in this highly sensitive, nonpublic financial information provide sufficient "good cause" and/or "compelling interests" to warrant maintaining under seal SBPCL00002101-2102, and all information it contains, in whole or in part.

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

### B.   Non-Party Bellator's Sensitive Financial Information Is A Trade Secret That Mandates Sealing

The Ninth Circuit has held that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b) (affirming lower court's finding that the business plan at issue had the requisite secrecy inherent to a trade secret).  As Plaintiffs' own cases provide, "a spreadsheet that contains financial information …[that] would be extremely useful to competitors as they design pricing and marketing strategies because it would enable them to assess [Bellator's] ability to respond to their initiatives," constitutes a trade secret that warrants sealing.  *Hodges v. Apple Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (granting motion to seal a financial spreadsheet that would be useful to competitors); *see also Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016) (granting motion to seal a spreadsheet containing detailed information about clientele and revenue figures).

This Ninth Circuit precedent mandates sealing here.  SBPCL00002101-2102 is a compilation of financial information essential to distinguishing Bellator's business from its competitors.  Coker Decl. ¶¶ 9, 11-12.  Here, as in *Hodges*, SBPCL00002101-2102 contains detailed revenue categories and expenses that would be extremely useful to Bellator's competitors.  Plaintiffs claim that the information is not so granular that it could be used to Bellator's competitive disadvantage.  Opp. at 7.  They are wrong.  In fact, a competitor—such as UFC, the defendant here and Bellator's main competitor—armed with proprietary information as to how Bellator spends, earns, allocates funding, determines investment, and calculates profits and losses, could readily assess Bellator's ability to respond to its initiatives and undermine Bellator's operations and strategic plans.  Coker Decl.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

11

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

¶¶ 11-13.  The information holds significant competitive value.  *Id*.  Indeed, that is why Bellator maintains such information under strict confidentiality.  *Id*. at ¶¶ 9-10. As such, it constitutes a trade secret that must be sealed under both the "good cause" and "compelling reasons" standards.  *See Clark*, 453 F.3d at 1009; *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

In an attempt to avoid this conclusion, Plaintiffs argue that Bellator's financial information in the spreadsheet is too old to have value.  Opp. at 8-9.  This argument is meritless.  SBPCL00002101-2102 tracks Bellator's growth strategy and specifies Bellator's business practices—in terms of what it earned, spent, allocated funding for, and invested in—across seven of the eleven years it has been in existence since its founding in 2008.  Coker Decl. ¶¶ 11-13.  The information is not obsolete; it is a historical record of Bellator's business and a roadmap to how that business has changed and where it is headed, all of which holds enormous competitive value.  *Id*.

Plaintiffs' contention that the information is obsolete because Bellator has announced a new streaming deal with DAZN is equally meritless.  The new deal does not render all of Bellator's history meaningless, nor does it erase the already existing sources of revenue and categories of expenses.  *Id*.  Instead, the deal simply adds a new revenue category to Bellator's existing portfolio of revenue sources, as specifically laid out in the spreadsheet.  *Id*.  Bellator's financial history defines how it has been able to continue to compete with UFC during the time UFC eliminated its other competitors.  *Id*.  It remains highly valuable competitive and trade secret information, and its disclosure to anyone beyond outside counsel in this litigation will work a competitive harm on Bellator.  *Id*.

C.     **Bellator Does Not Seek To Seal Excerpts From Scott Coker's Deposition**

Bellator previously objected to the public disclosure of two excerpts from the deposition of Scott Coker, Bellator's CEO.  *See* Dkt. No. 661-5 at 3.  Bellator no

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559                                     12                          Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

1   longer objects to the disclosure of these excerpts from Mr. Coker's deposition

2   during the evidentiary hearing on Plaintiffs' motion for class certification.

3   **V.**     <u>**CONCLUSION**</u>

4        For the foregoing reasons, this Court should deny Plaintiffs' request to

5   publicly disclose SBPCL00002101-2102, and the information within, and should

6   order that the document remain under seal.

7

8   DATED:  August 2, 2019          KENDALL BRILL & KELLY LLP

9

10

11        By: _____

12             Philip M. Kelly

           Attorneys for Non-Party Bellator Sport

13             Worldwide LLc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603183559

13

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO
NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION

1  KENDALL BRILL & KELLY LLP
   Philip M. Kelly (Cal. Bar No. 212174)
2    *pkelly@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
3  Los Angeles, California 90067
   Telephone: 310.556.2700
4  Facsimile: 310.556.2705

5  Attorneys for Non-Party
   Bellator Sport Worldwide, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF NEVADA**

10

11 | Cung Le, Nathan Quarry, and Jon Fitch,      Case No. 2:15-cv-01045-RFB-PAL
   | on behalf of themselves and all others
12 | similarly situated,                         **DECLARATION OF PHILIP M.**
                                                 **KELLY IN SUPPORT OF NON-**
13 |            Plaintiff,                        **PARTY BELLATOR SPORT**
                                                 **WORLDWIDE LLC'S RESPONSE**
14 |        v.                                   **TO PLAINTIFFS' OPPOSITION TO**
                                                 **NON-PARTIES' OBJECTIONS TO**
15 | Zuffa, LLC, d/b/a Ultimate Fighting         **POTENTIAL USE OF**
   | Championshio and UFC,                       **CONFIDENTIAL INFORMATION**
16 |                                             **AT EVIDENTIARY HEARING**
   |            Defendant.                       **(ECF NOS. 661-5, 661-6, 661-8)**
17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# DECLARATION OF PHILIP M. KELLY

I, Philip M. Kelly, declare as follows:

1.     I am an attorney at the law firm of Kendall Brill & Kelly LLP, counsel of record for Non-Party Bellator Sport Worldwide, LLC ("Bellator") in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     As counsel for Bellator, I participated in the meet-and-confer process regarding the Parties' use of Bellator's documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in the upcoming evidentiary hearing on Plaintiffs' motion for class certification.

3.     In the course of the meet-and-confer process, Bellator agreed to allow the Parties to use nearly all of the Bellator documents that had been produced and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in the hearing on Plaintiffs' motion for class certification.  However, Bellator objected to the public disclosure of the document labeled SBPCL00002101-2102 ("SBPCL00002101-2102"), which is a detailed spreadsheet that identifies each of Bellator's revenue sources and types of operating expenses, containing confidential unaudited profit and loss statements through the quarter ending March 31, 2017.

4.     When no agreement could be reached between the Parties and Bellator as to SBPCL00002101-2102, the Parties instructed Bellator to "submit [its] objections to the Court by June 14, 2019."

5.     Attached hereto as **Exhibit A** is a true and correct copy of a joint letter from the Parties from May 28, 2019, directing Bellator to submit to the Court any objections to disclosure of its documents in open court at the hearing for Plaintiffs' motion for class certification by June 14, 2019.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2                        Case No. 2:15-cv-01045-RFB-PAL
DECLARATION OF PHILIP M. KELLY IN SUPPORT OF BELLATOR'S RESPONSE

6.      Attached hereto as **Exhibit B** is a true and correct copy of a tweet dated July 12, 2019, and the responses thereto, downloaded from https://twitter.com/heynottheface/status/1149853110778466304, and last accessed at the same URL on July 29, 2019.  The tweet provides estimates for Bellator's revenue for the years 2010-2013, calculated by using unredacted financial numbers from a brief filed in the above-captioned case.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 2nd day of August, 2019, at Los Angeles, California.

Philip M. Kelly

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3

Case No. 2:15-cv-01045-RFB-PAL
DECLARATION OF PHILIP M. KELLY IN SUPPORT OF BELLATOR'S RESPONSE

# EXHIBIT A

| **Joseph Saveri Law Firm, Inc.** | **Boies Schiller Flexner LLP** |
|---|---|
| 601 California St., Suite 1000 | 1401 New York Ave, NW |
| San Francisco, CA 94108 | Washington, DC 20005 |
| Phone: (415) 500-6800 | Phone (202) 237-2727 |
| Fax: (415) 395-9940 | Fax (202) 237-6131 |
| krayhill@saverilawfirm.com | sgrigsby@bsfllp.com |

**May 28, 2019**

**Via First Class Mail**

Philip M. Kelly
Kendal Brill & Kelly LLP
10100 Santa Monica Blvd, Ste 1725
Los Angeles, CA 90067
Counsel for Bellator Sport Worldwide

Re:     Notice of Potential Use of Confidential Information at Evidentiary Hearing in *Le v. Zuffa, et al*., Case No. 15-cv-01045-RFB-PAL (D. Nev., Hon. Richard F. Boulware, II)

To Whom It May Concern:

The undersigned are counsel in *Le v. Zuffa et al*., Case No. 15-cv-01045-RFB-PAL (D. Nev.) (the "Litigation") for Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury (collectively, the "Plaintiffs") and Zuffa, LLC ("Zuffa") (Plaintiffs and Zuffa are referred together as the "Parties").

We write jointly to inform you that the Court in the Litigation has scheduled evidentiary hearings related to Plaintiffs' Motion for Class Certification to take place on August 26, 2019 through August 30, 2019 and September 12 and 13, 2019.  In forming the bases of their arguments and positions to be addressed at the evidentiary hearing, the Parties may have relied on documents or information you produced in connection with this Litigation—potentially including documents or information you have designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order in force in the case. ECF No. 217.  We anticipate that most, if not all, of this hearing will be open to the public and the press.

The Parties are in the process of negotiating the procedures for the treatment of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and have sought guidance from the Court on this issue.  As part of this process, the Parties have agreed to notify third parties that have designated material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that certain of that information may be disclosed publicly at the evidentiary hearings.

On May 24, 2019, the Parties exchanged lists of potential exhibits they may use during the hearings.  The Parties have attached a list of documents that either: (1) were produced by you in this litigation and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; or (2) provided information appearing or referenced in other potential exhibits that you designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

May 28, 2019
Page 2

If you feel your documents or information contained in the attached list should not be disclosed in open court at the hearing, please notify the Parties of your objections no later than **June 4, 2019**.  Please serve your notice of any objections via email to both parties addressed to the attorneys listed below.  Please also propose times, no later than June 7, 2019, to meet and confer with the Party seeking to use your designated information.

The Court has set a deadline of **June 14, 2019** for the Parties to file any objections to the opposing Party's proposed exhibits.  If you and the Party seeking to use your information are unable to reach agreement to resolve your objections, you may submit your objections to the Court by June 14, 2019, in accordance with the schedule set forth by the Court.

The Parties anticipate a hearing will be scheduled to address all objections to the Parties' exhibits at a date to be determined.

Your objections, if any, should state who you are, your relationship to Plaintiffs or Zuffa, the nature of the information you wish to seal, the basis for sealing your information, and whether you wish to appear before the Court to present your argument if the meet and confer efforts are unsuccessful.  For your convenience, we have attached the Protective Order for the Litigation.

Please feel free to contact the undersigned counsel if you have any questions.

Dated:  May 28, 2019

By: */s/ Kevin E. Rayhill*

**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
krayhill@saverilawfirm.com

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

Dated:  May 28, 2019

By: */s/ Stacey K. Grigsby*

**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, D.C. 20005
Phone: (202) 237-2727 / Fax: (202) 237-6131
Le_v_Zuffa@bsfllp.com

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

# EXHIBIT B

billion in 2016.[622] By any reasonable metric, this represents an extremely high return on investment. Contemporaneous financial analysis confirms that third parties considered Zuffa to be highly profitable: In 2010, Moody's increased Zuffa's rating outlook to "Positive" from "Stable," citing "Zuffa's continued strong revenue and EBITDA growth trends worldwide."[623] ▮▮▮▮▮

💬 1    ⟲ 3    6



**John S. Nash** @heynottheface · Jul 12

All of this was from the Redacted Expert Report of Hal Singer which seems a lot less redacted than previous reports.

💬 1    ⟲ 1    3



**John S. Nash**
@heynottheface

   ( Follow )

Uhh, even though they redact Bellator's revenue we can pretty easily determine what it was from 2010-2013 using with the other unredacted numbers
2010 3.4m
2011 6.5m
2012 10m
2013 15.4m

TABLE 3: REVENUE AND SHARE ESTIMATES FOR STRIKEFORCE, BELLATOR, WSOF

| Year | [A] Strikeforce (All Revenue) | [B] Bellator (All Revenue) | [C] WSOF (All Revenue) | [D] Zuffa (NA Events*) | [A + B + C] / [A + B + C+ D] Combined Share of SF, BT, WSOF |
|---|---|---|---|---|---|
| 2009 | $8.9M | -- | -- | $236.8M | 4% |
| 2010 | $13.1M | ▮ | -- | $331.1M | 5% |
| 2011 | -- | ▮ | -- | $324.5M | 2% |
| 2012 | -- | ▮ | $0.2M | $256.4M | 4% |
| 2013 | -- | ▮ | $1.4M | $336.6M | 5% |
| 2014 | -- | ▮ | $2.2M | | ▮ |
| 2015 | -- | ▮ | $2.1M | | ▮ |
| 2016 | -- | ▮ | $1.8M | | ▮ |

*Notes:* *Restricted to Zuffa's revenue for events in North America; excludes all non-event-specific sponsorship revenue, which Zuffa does not disaggregate by geographic region. In contrast, the data reflect all revenue recorded for Strikeforce, Bellator, and WSOF, regardless of source.

6:28 PM - 12 Jul 2019

**5** Retweets **10** Likes

💬 3    ⟲ 5    10



knockout_ned @knockout_ned47 · Jul 12

Replying to @heynottheface

Bellator is tiny lol. $20 mil in revenue is nothing, there's 1000 mid-sized businesses in every major city that gross that much. I wonder how profitable, if at all

♡ 2       ⟲

John S. Nash @heynottheface · Jul 12

They lost over $100 million total up until this year

♡ 1       ⟲

knockout_ned @knockout_ned47 · Jul 12

what is their ownership structure, do we know? Viacom/Paramount is a majority owner, yes? Probably just a loss leader for Paramount's channels

♡ 1       ⟲

John S. Nash @heynottheface · Jul 12

Viacom should be the sole owner although there was apparently discussion of DAZN buying a portion. Revenues supposedly going to be around $80m this fiscal year with them even making a profit.

♡       ⟲

smoogy @smoogymma · Jul 12

Replying to @heynottheface

Did this ever get resolved? mmapayout.com/2015/07/viacom...

♡ 1       ⟲

John S. Nash @heynottheface · Jul 12

Yes, I believe so, @dilletaunt didn't we look up the result of this case to see that it was settled?

♡ 1       ⟲       2

Jason Cruz @dilletaunt · Jul 12

Yep.

♡       ⟲       1

Erik Magraken @erikmagraken · Jul 12

Replying to @heynottheface @MMAanalytics

Stop showing your fancy math skills John

♡       ⟲

1  KENDALL BRILL & KELLY LLP
   Philip M. Kelly (212174)
2    *pkelly@kbkfirm.com*
   10100 Santa Monica Blvd., Suite 1725
3  Los Angeles, California 90067
   Telephone: 310.556.2700
4  Facsimile: 310.556.2705

5  Attorneys for Non-Party
   Bellator Sport Worldwide, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9                **DISTRICT OF NEVADA**

10

| | |
|---|---|
| 11 Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01045-RFB-PAL |
| 12 | **DECLARATION OF SCOTT COKER IN SUPPORT OF NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE** |
| 13          Plaintiff, | **TO PLAINTIFFS' OPPOSITION TO** |
| 14          v. | **NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF** |
| 15 Zuffa, LLC, d/b/a Ultimate Fighting Championshio and UFC, | **CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING** |
| 16          Defendant. | **(ECF NOS. 661-5, 661-6, 661-8)** |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

## DECLARATION OF SCOTT COKER

2      I, Scott Coker, declare as follows:

3      1.      I am the President of Bellator Sport Worldwide LLC, doing business as

4 Bellator MMA ("Bellator").  I make this declaration in support of Bellator's

5 Response to Plaintiffs' Opposition to Non-Party Bellator's Objections to the

6 Potential Use of Confidential Information at Evidentiary Hearing.  I have personal

7 knowledge of the facts set forth in this declaration, except as to those stated on

8 information and belief and, as to those, I am informed and believe them to be true.

9 If called as a witness, I could and would competently testify to the matters stated

10 herein.

11      2.      Bellator is a mixed martial arts ("MMA") promoter.  Generally

12 speaking, Bellator's business is to enter into contracts with professional MMA

13 athletes and to organize competitive matches that it promotes as live arena

14 entertainment and through cable television and, at times, pay-per-view.

15      3.      I joined Bellator in 2014 as its President.  I have well over thirty years

16 of experience in promoting professional martial arts.  I previously served as the

17 founder and CEO of Strikeforce MMA, a large, competitive MMA promotion that

18 was acquired in 2013 by Zuffa, LLC, the parent corporation of MMA promoter

19 Ultimate Fighting Championship ("UFC").

20      4.      Bellator was founded in 2008.  Since its inception, Bellator has

21 steadfastly grown its market, signing numerous new athletes from the United States

22 and abroad, commanding record attendance, and continuing to expand its television

23 audience, with distribution in more than one hundred forty countries.  Today, it is

24 the world's second largest MMA promoter.

25      5.      UFC is the world's largest MMA promoter and Bellator's most

26 powerful competitor, competing with Bellator on all fronts: for athletes, sponsors,

27 venues, distribution, and ultimately audience.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Case No. 2:15-cv-01045-RFB-PAL
DECLARATION OF SCOTT COKER IN SUPPORT OF BELLATOR'S RESPONSE

6.      I am informed that several prominent MMA athletes (the "Plaintiffs")
have filed a lawsuit against Zuffa, LLC d/b/a/ UFC in federal court in Nevada,
alleging that UFC has engaged anticompetitive behavior.

7.      I am further informed that the Plaintiffs are athletes who allege that
they are currently or were formerly exclusively signed to UFC.  Plaintiffs are, or
were, the same type of athlete that Bellator recruits and would conceivably seek to
contract with, were they indeed free to negotiate and not bound by any conflicting
agreements with UFC.

8.      I have reviewed the communications between and the filings submitted
by the Parties and Bellator regarding the Parties' wish to use, quote, or reference
several of Bellator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEY'S EYES ONLY" documents in the upcoming evidentiary hearing on
Plaintiffs' motion for class certification.  I am informed and believe that Bellator has
agreed to the Parties' use of nearly all of the documents that had been produced and
designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S
EYES ONLY."  However, Bellator cannot agree to the public disclosure of the
confidential and highly proprietary financial information contained in the document
bates numbered SBPCL00002101-2102 ("SBPCL00002101-2102") as doing so
could lead to grave harm to Bellator.

9.      SBPCL00002101-2102 is a detailed spreadsheet that identifies each of
Bellator's revenue sources and types of operating expenses, and contains unaudited
profit and loss statements from 2010 through the quarter ending March 31, 2017.
This financial information is strictly confidential, and Bellator would be seriously
harmed by its disclosure.  Indeed, I am informed and believe this spreadsheet was
created and produced only pursuant to this Court's order directing it to be produced,
and marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in
accordance with that Order.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

3                    Case No. 2:15-cv-01045-RFB-PAL
DECLARATION OF SCOTT COKER IN SUPPORT OF BELLATOR'S RESPONSE

10.     Bellator, a non-public entity, does not disclose its financial documents beyond its own ownership circle, including, but not limited to, event-level income and expense data, projections, or corporate-level financials and profit and loss statements.  Further, Bellator does not publicly report any of its financial information in any form.

11.     Bellator's ability to compete in the MMA promotions marketplace would be gravely damaged if Bellator were compelled to disclose essentially all of its company-wide income and expense information to its largest and most powerful competitor, and to the general public.  SBPCL00002101-2102 is essentially a roadmap of Bellator's growth across the years 2010-2016 and highlights Bellator's business strategy and performance.  The spreadsheet shows how Bellator spent and earned money, allocated funding, determined investment, and calculated profits and losses during those years.  Such information would give Bellator's competitors, including UFC, comprehensive knowledge of Bellator's strategic priorities and vulnerabilities that they can use to undermine Bellator's operations.  MMA fighters, including Plaintiffs, would also use such information as a significant weapon during negotiations with Bellator, to Bellator's detriment.

12.     Moreover, SBPCL00002101-2102 identifies the full range of Bellator's revenue sources during 2010-2016 that have allowed Bellator to continue to exist and grow in the MMA promotions market.  Bellator maintains the same sources of revenue even today, though it has also expanded its business to add additional sources of revenue to its portfolio.

13.     Since Bellator's entry into the MMA industry, Bellator has seen UFC buy out, marginalize, and even drive competitors from the business.  Indeed, as I described above, prior to joining Bellator, I founded a martial arts promotion called Strikeforce MMA, which by 2010 had grown to be the second largest MMA promotion in the world.  UFC acquired Strikeforce in 2011 and, within a few years, folded the entire promotion and its roster into UFC.  UFC is an aggressive and

**Kendall Brill
& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

4

Case No. 2:15-cv-01045-RFB-PAL

DECLARATION OF SCOTT COKER IN SUPPORT OF BELLATOR'S RESPONSE

1   ambitious enterprise, and I believe that if UFC were able to gain an advantage

2   against Bellator either by receiving Bellator's confidential information or even

3   simply leveraging the disadvantage caused by disclosure of Bellator's confidential

4   information to athletes and others, it would certainly do so.  MMA fighters would

5   also most certainly leverage Bellator's disadvantage caused by such disclosure

6   during any negotiations with Bellator.  Accordingly, disclosure of Bellator's

7   confidential information at the upcoming evidentiary hearing for Plaintiffs' motion

8   for class certification would give Bellator's largest and most powerful competitor a

9   significant and unilateral advantage that would negatively harm Bellator and

10   materially harm Bellator's ability to obtain and retain talent.  In my opinion, such

11   results stifle competition in the MMA industry.

12       I declare under penalty of perjury under the laws of the State of California

13   and the United States of America that the foregoing is true and correct.

14       Executed on this 2nd day of August, 2019, in San Jose, California.

15

16                           _Scott Cohen_ _____

17                   President, Bellator Sport Worldwide, LLC

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Case No. 2:15-cv-01045-RFB-PAL

DECLARATION OF SCOTT COKER IN SUPPORT OF BELLATOR'S RESPONSE

KENDALL BRILL & KELLY LLP
Philip M. Kelly (Cal. Bar No. 212174)
  *pkelly@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Non-Party
Bellator Sport Worldwide LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championshio and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-PAL<br><br>**CERTIFICATE OF SERVICE** |

1

CERTIFICATE OF SERVICE

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, CA 90067.

On August 2, 2019, I served true copies of the following document(s) described as **Certificate of**

**1. NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-5, 661-6, 661-8);**

**2. DECLARATION OF PHILIP M. KELLY IN SUPPORT OF NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-5, 661-6, 661-8);**

**3. DECLARATION OF SCOTT COKER IN SUPPORT OF NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S RESPONSE TO PLAINTIFFS' OPPOSITION TO NON-PARTIES' OBJECTIONS TO POTENTIAL USE OF CONFIDENTIAL INFORMATION AT EVIDENTIARY HEARING (ECF NOS. 661-5, 661-6, 661-8); and**

**4. CERTIFICATE OF SERVICE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused the document(s) to be electronically filed with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603187532.1

2

CERTIFICATE OF SERVICE

Case No. 2:15-cv-01045-RFB-PAL

1  CM/ECF users will be served by mail or by other means permitted by the court

2  rules.

3      I declare under penalty of perjury under the laws of the State of California

4  that the foregoing is true and correct.

5      Executed on August 2, 2019, at Los Angeles, California.

6

7

8  _____

   Patricia S. Perelló

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603187532.1                                    3                    Case No. 2:15-cv-01045-RFB-PAL
CERTIFICATE OF SERVICE

**SERVICE LIST**
**Le, et al v. Zuffa, LLC**
**Case No. 2:15-cv-01045-RFB-PAL**

**Donald J. Campbell**
**J. Colby Williams**
Campbell & Williams
700 South Seventh Street
Las Vegas, NV 89101
702-382-5222
702-382-0540 (fax)
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

*Attorneys for Plaintiffs*

**Eric L. Cramer**
**Patrick F. Madden**
**Mark R. Suter**
**Michael C. Dell'Angelo**
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
215-875-3000
215-875-4604 (fax)
ecramer@bm.net
pmadden@bm.net
mdellangelo@bm.ne

*Attorneys for Plaintiffs*

**Kevin Rayhill**
**Joseph R. Saveri**
**Jiamin Chen**
**Joshua P. Davis**
Joseph Saveri Law Firm, Inc.
555 Montgomery Street
Suite 1210
San Francisco, CA 94111
415-500-6800 x804
415-395-9940 (fax)
krayhill@saverilawfirm.com
jsaveri@saverilawfirm.com
jchen@saverilawfirm.com
jdavis@saverilawfirm.com

*Attorneys for Plaintiffs*

**Jerome Elwell**
**Robert Maysey**
Warner Angle Hallam Jackson
Formanek PLC
2555 E. Camelback Road
Suite 800
Phoenix, AZ 85016
602-264-7101
602-234-0419 (fax)
Jelwell@warnerangle.com
rmaysey@warnerangle.com

*Attorneys for Plaintiffs*

**Frederick S. Schwartz**
Law Office of Frederick S. Schwartz
15303 Ventura Blvd., Suite 1040
Sherman Oaks, CA 91403
818-986-2407
fred@fredschwartzlaw.com

*Attorneys for Plaintiffs*

**Eric D. Hone**
H1 Law Group
6671 S. Las Vegas Blvd, D-210
Las Vegas, NV 89119
(702) 608-3720
eric@h1lawgroup.com

*Attorneys for Defendant*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

**William Caldes**
**Eugene A. Spector**
Spector Roseman Kodroff & Willis, PC
1818 Market Street
25th Floor
Philadelphia, PA 19103
215-496-0300
bcaldes@srkw-law.com
espector@srkw-law.com

*Attorneys for Plaintiffs*

**Benjamin D. Brown**
**Richard A. Koffman**
**Daniel H. Silverman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
202-408-4600
202-408-4699 (fax)
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Attorneys for Plaintiffs*

**John D Radice**
Radice Law Firm, P.C.
34 Sunset Blvd
Long Beach, NJ 08008
646-245-8502
jradice@radicelawfirm.com

**Brooke Danielle Jenkins**
**David Marroso**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
dmarroso@omm.com
brookejenkins@omm.com

*Attorneys for Defendant*

**Bradley Scott Schrager**
**Don Springmeyer**
Wolf, Rifkin, Shapiro, Schulman & Rabkin
3556 E. Russell Rd
Las Vegas, NV 89120
702-341-5200
702-341-5300 (fax)
bschrager@wrslawyers.com
dspringmeyer@wrslawyers.com

*Attorneys for Plaintiffs*

**Steven C. Holtzman**
Boies Schiller Flexner LLP
44 Montgomery Street
San Francisco, CA 94104
415-293-6800
415-293-6899 (fax)
sholtzman@bsfllp.com

*Attorneys for Defendant*

**Marcy N. Lynch**
Boies, Schiller & Flexner LLP
121 S. Orange Avenue
Suite 840
Orlando, FL 32801
407-425-7118
mlynch@bsfllp.com

*Attorneys for Defendant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kendall Brill & Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603187532.1

5

Case No. 2:15-cv-01045-RFB-PAL

CERTIFICATE OF SERVICE

**Abby L. Dennis**
**Stacey K. Grigsby**
**William A. Isaacson**
**Ross P. McSweeney**
**Evan Edmund North**
**Rory L. Skaggs**
**Nicholas A. Widnell**
**Jonathan M. Shaw**
Boies Schiller & Flexner LLP
1401 New York Avenue, NW
Washington D.C., DC 20005
202-237-2727
202-237-2727 (fax)
adennis@bsfllp.com
Sgrigsby@bsfllp.com
wisaacson@bsfllp.com
rmcsweeney@bsfllp.com
enorth@bsfllp.com
rskaggs@bsfllp.com
nwidnell@bsfllp.com
jshaw@bsfllp.com

*Attorneys for Defendant*

**Steven Holtzman**
**Suzanne Jaffe Nero**
**Brent K. Nakamura**
Boies, Schiller & Flexner, LLP
1999 Harrison Street
Oakland, CA 94612
510-874-1000
510-874-1460 (fax)
sholtzman@bsfllp.com
sjaffe@bsfllp.com
bnakamura@bsfllp.com

*Attorneys for Defendant*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603187532.1

6

Case No. 2:15-cv-01045-RFB-PAL

CERTIFICATE OF SERVICE