BENJAMIN NAFTALIS
(benjamin.naftalis@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Fax: (212) 751-4864

*Counsel for WME|IMG, LLC*

```
____FILED        ____RECEIVED
____ENTERED      ____SERVED ON
         COUNSEL/PARTIES OF RECORDS

         AUG 2, 2019

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>        Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**NON-PARTY WME|IMG LLC'S OBJECTIONS TO THE PUBLIC DISCLOSURE OF ITS CONFIDENTIAL INFORMATION AT THE HEARING ON CLASS CERTIFICATION** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. LEGAL STANDARD ................................................................................................1

III. ARGUMENT ..............................................................................................................2

IV. CONCLUSION ..........................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Kamakana v. City and Cty. Of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ....................................................................................... 1

*Microsoft Corp. v. Motorola, Inc.*,
   C10-1823JLR, 2012 WL 5476846 (W.D. Wash. Nov. 12, 2012) ........................................ 2

*Nixon v. Warner Comms., Inc.*,
   435 U.S. 589 (1978) ........................................................................................................ 2

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ........................................................................................ 2

*TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*,
   No. CV 09-1531-PHX-JAT, 2011 WL 6182346 (D. Ariz. Dec. 13, 2011) ...................... 2, 4

Pursuant to Court's Minute Order dated July 12, 2019, ECF No. 701, non-party WME|IMG, LLC ("WME") respectfully submits this memorandum of law in support of its Objections to the Public Disclosure of its Confidential Information at the Hearing on Class Certification.

## I. INTRODUCTION

In 2017, in response to a subpoena from Plaintiffs, non-party WME produced over 22,000 documents in this case pursuant to the Revised Stipulation and Protective Order entered by the Court (the "Protective Order"). ECF No. 217. In accordance with the Protective Order, WME designated documents containing certain sensitive business information as "Confidential" or "Highly Confidential-Attorneys' Eyes Only." Without regard for the very protections afforded to those documents under the Protective Order, Plaintiffs now seek to use and publicly disclose these documents at an upcoming class certification evidentiary hearing. *See* ECF No. 676 ("Pls.' Opp'n"). WME objects to the public disclosure of four of the six documents Plaintiffs designated as exhibits for that hearing that contain sensitive business information related to a corporate acquisition, the disclosure of which would cause WME to suffer competitive harm. *See* ECF No. 700-4 n.1.[1] For the reasons that follow, good cause and compelling reasons exist for sealing those documents.[2]

## II. LEGAL STANDARD

On non-dispositive motions, such as the class certification motion before the Court, sealing of discovery materials requires good cause. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions."). WME meets that standard because where, as

---

[1] WME objects to the public disclosure of four documents: WME_ZUFFA_00001150, WME_ZUFFA_00005368, WME_ZUFFA_00013978, and WME_ZUFFA_00076651. WME does not object to the public disclosure of the following two documents: WME_ZUFFA_00031950 and WME_ZUFFA_00141791.

[2] WME has no objection to either (i) Plaintiffs' experts relying on these documents in forming their opinions, or (ii) these documents being presented to the Court at the hearing in hard copy form—provided the appropriate redactions are made to the publically-available transcripts and/or reports, respectively.

here, "a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information." *Id.* at 1179-80 (internal quotation marks omitted) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). And even if this were a dispositive motion, sealing would still be appropriate under the more stringent compelling reasons standard. *See id.* Plaintiffs' labored discussion of the presumption in favor of public access ignores that the presumption is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, that presumption gives way because good cause and compelling reasons exist to maintain the secrecy protections afforded to documents marked "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the Protective Order. *See* ECF No. 217.

### III.   ARGUMENT

WME objects to the public disclosure of four of the six documents that Plaintiffs identified as exhibits that they may use during the class certification evidentiary hearing. Each document contains WME's sensitive business information, and WME would suffer competitive harm if they were disclosed. Specifically, the information in these documents relates to analyses and predictions WME made in 2016 as part of its due diligence process related to its acquisition of Defendant Zuffa, LLC ("Zuffa"). Courts in the Ninth Circuit have held that there are compelling reasons to seal precisely this type of confidential acquisition information. *See, e.g.*, *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3 (D. Ariz. Dec. 13, 2011) (holding compelling reasons to seal "corporate acquisitions information" including "analysis of and business strategy related to acquisition and licensing opportunities" and "negotiation strategies, business priorities and [the] decision-making process, in the context of acquisition and licensing negotiations"); *see also Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012) (holding that the importance of encouraging negotiations outweighed the public interest in the content of the discussions).

Table A below describes the sensitive information contained in the four WME-produced documents Plaintiffs seek to disclose to the public at the hearing.

**Table A**

| Document | Description of Sensitive Information; Justification for Sealing |
|---|---|
| WME_ZUFFA_00001150 (Pls.' Opp. Ex. 6) | **Summary:** This document is a detailed presentation prepared by WME as part of its due diligence prior to acquiring Zuffa. It makes financial predictions for the Ultimate Fighting Championship (the "UFC") and WME, including WME's expected returns on the potential acquisition. The analysis of returns on investment is particularly sensitive. The document also details WME's key diligence focuses prior to the acquisition, its analyses of risk factors in acquiring the UFC, and WME's strategic and financial plans for how to mitigate these risks.<br><br>**Harm:** If disclosed, this information would reveal how WME determines whether to acquire a company, what it values in a target company, and what it views as its own strengths and weaknesses. Disclosure would cause WME competitive harm and weaken its negotiating position in future acquisitions. |
| WME_ZUFFA_00005368 (Pls.' Opp. Ex. 7) | **Summary:** This document is a financial comparison WME created when considering whether to acquire Zuffa.<br><br>**Harm:** Disclosure of this information would reveal a method WME uses to analyze potential acquisitions and would therefore cause WME competitive harm. |
| WME_ZUFFA_00013978 (Pls.' Opp. Ex. 8) | **Summary:** This document is an email containing a discussion of risks and mitigants involved in acquiring Zuffa. This information appears to be proposed for inclusion in the deck that became WME_ZUFFA_00001150, described above.<br><br>**Harm:** The same type of competitive harm posed to WME by disclosure of WME_ZUFFA_00001150. |
| WME_ZUFFA_00076651 (Pls.' Opp. Ex. 9) | **Summary:** This document is a Preliminary Investment Review presentation, similar to WME_ZUFFA_00001150, prepared by WME prior to acquiring Zuffa. It describes the process that led to WME's acquisition of Zuffa, including the early involvement of other interested parties, all of which is sensitive and confidential information. The presentation also details WME's investment theses, considerations, and key issues related to its potential investment in Zuffa and the UFC.<br><br>**Harm:** Disclosure of this information would reveal confidential considerations regarding how and when WME decides to invest, and would cause WME competitive harm and weaken its negotiating position in future investments. |

Each of the above documents was prepared during WME's acquisition negotiations regarding Zuffa and reveals WME's analyses and strategies related to the acquisition. *See TriQuint*, 2011 WL 6182346, at *3. The fact that WME ultimately acquired Zuffa does not, as Plaintiffs seem to imply, *see* Pls.' Opp'n at 1 n.1, mean that the documents should be afforded any less protection. Quite the opposite. WME has numerous subsidiary entities it has acquired through confidential negotiations in similar transactions, and it continues to acquire new entities.[3] The fact that the documents are related to a successful acquisition makes them even *more* valuable to competitors who may seek to undermine WME's future acquisitions, and to companies that might seek to transact with WME in the future who could use the information to gain a competitive advantage in negotiations. Public disclosure of WME's sensitive and confidential analyses regarding the acquisition and negotiations would thus cause WME competitive harm by revealing WME's strategies and priorities, which could be used to WME's detriment in connection with potential future acquisitions.

**IV.    CONCLUSION**

For the reasons set forth above, the disclosure of WME's confidential documents would cause WME competitive harm. Accordingly, WME respectfully requests that the Court maintain its confidentiality designations at the upcoming hearing and keep its documents under seal.

---

[3] "Our Story," WME, https://www.wmeagency.com/story/.

1 | Dated: August 2, 2019

Respectfully Submitted,

LATHAM & WATKINS LLP

By: */s/* Benjamin Naftalis
    Benjamin Naftalis

BENJAMIN NAFTALIS
(benjamin.naftalis@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Fax: (212) 751-4864

*Counsel for WME/IMG, LLC*

BENJAMIN NAFTALIS
(benjamin.naftalis@lw.com)
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Fax: (212) 751-4864

*Counsel for WME|IMG, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**DECLARATION OF BRENT RICHARD IN SUPPORT OF NON-PARTY WME|IMG LLC'S OBJECTIONS TO THE PUBLIC DISCLOSURE OF ITS CONFIDENTIAL INFORMATION AT THE HEARING ON CLASS CERTIFICATION** |

I, Brent Richard, declare as follows:

1. I am over 21 years old. I have personal knowledge of the facts stated in this declaration and if called to testify, I could and would competently testify to these facts. I am the Chief Corporate Development Officer at WME|IMG, LLC ("WME").

2. I make this declaration in support of WME's Objections to the Public Disclosure of its Confidential Information at the Hearing on Class Certification.

3. WME is the parent company of numerous subsidiary entities it has acquired through confidential negotiations. WME continues to monitor and identify new entities for potential acquisition as it continues to expand its portfolio.

4. WME keeps the negotiations, due diligence, and analyses conducted as part of its acquisitions confidential. It views this information as sensitive business strategy information that, if disclosed publicly, would cause WME competitive harm by revealing WME's strategies and analyses related to its acquisitions and investments to competitors or companies that might seek to transact with WME, who could use the information to gain a competitive advantage in negotiations.

5. I have reviewed the four documents that WME seeks to keep sealed: WME_ZUFFA_00001150, WME_ZUFFA_00005368, WME_ZUFFA_00013978, and WME_ZUFFA_00076651

6. The documents WME seeks to keep sealed were all created as part of WME's process in deciding whether to acquire Zuffa, LLC. The documents contain WME's key diligence focuses, analyses of Zuffa's business and WME's potential plans for it, predictions of WME's expected returns on a potential acquisition of Zuffa, and more. Public disclosure of these documents would cause the type of competitive harm I have described.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 2nd day of August, 2019 in New York.



Brent Richard

BRENT RICHARD DECL. ISO WME'S OBJECTIONS TO THE DISCLOSURE OF ITS CONFIDENTIAL INFORMATION