1  Eric L. Cramer (admitted *pro hac vice*)
   Michael Dell'Angelo (admitted *pro hac vice*)
2  Patrick F. Madden (admitted *pro hac vice*)
   Mark R. Suter (admitted *pro hac vice*)
3  BERGER MONTAGUE PC
   1818 Market St., Suite 3600
4  Philadelphia, PA 19103
   Phone: (215) 875-3000/Fax: (215) 875-4604
5  ecramer@bm.net
   mdellangelo@bm.net
6  pmadden@bm.net
   msuter@bm.net
7

8  *Co-Lead Counsel for the Classes and*
   *Attorneys for Individual and Representative Plaintiffs*
9  *Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
   *Brandon Vera, and Kyle Kingsbury*
10

11 [Additional counsel listed on signature page]

12                  **IN THE UNITED STATES DISTRICT COURT**

13                      **FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 14 Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, | Case No.: 2:15-cv-01045-RFB-(BNW) |
| 15 | **PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)** |
| 16          Plaintiffs, | |
| 17     vs. | |
| 18 Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| 19          Defendant. | |

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**

**NOTICE OF MOTION AND MOTION**

Pursuant to Local Civil Rule 7-2(g), Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby file this Motion for Leave to File Notice of Supplemental Authority Relating to Plaintiffs' Motion for Class Certification (ECF No. 518). This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities incorporated herein; the attached exhibit; the entire record in this action; and other such matters and argument as may be presented to the Court.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs seek leave to file the August 16, 2019 Opinion of the United States Court of Appeals for the Ninth Circuit in *Senne et al. v. Kansas City Royals Baseball Corp.*, Nos. 17-16245, 17-16267, and 17-16276 (9th Cir. August 16, 2019) (hereafter "*Senne*") (attached hereto as Exhibit A), as a supplemental authority in support of their motion for class certification.

The Plaintiffs in *Senne* sought Rule 23(b)(3) certification of three classes of current and former minor league baseball players alleging wage and hour violations: a California class consisting of players who played minor league baseball in California, an Arizona class consisting of minor league players who attended spring training in Arizona, and a Florida class consisting of minor league players who attended spring training in Florida.[2] Defendants included twenty-two of the thirty MLB teams, as claims against eight teams were dismissed for lack of personal jurisdiction. *Senne* at 11 n.3.

The district court granted certification of the California class, but denied certification of the Arizona and Florida classes, finding that choice-of-law concerns defeated predominance. *Id*. at 15. Plaintiffs appealed the district court's decision not to certify the Arizona and Florida classes, and Defendants appealed the certification of the California class. *Id*. The Court of Appeals affirmed the certification of the California class, *id*. at 57, and reversed the decision not to certify the Arizona and

---

[1] Plaintiffs' proposed Notice of Supplemental Authority complies with the guidelines set forth in *F.D.I.C. v. Johnson*, 2014 WL 5324057, at *2 (D. Nev. Oct. 17, 2014) ("Such notice will include the relevant citation, with the full text of the opinion appended. The body of the notice will be no longer than three pages, explaining briefly how it relates to the pleadings or motions currently before the Court").

[2] Plaintiffs in *Senne* also sought certification of a Rule 23(b)(2) class and an FLSA collective action.

Florida classes, *id*. at 29, holding that all three classes satisfied the requirements of Rule 23(b)(3).

The class members in *Senne* were employed by twenty-two different MLB clubs, and there were relevant differences among the teams with respect to payment of players.[3] Nevertheless, the Court held that common issues predominated, noting, "'Predominance in employment cases is rarely defeated on the grounds of differences among employees so long as liability arises from a common practice or policy of an employer,'" *id*. at 40 (quoting 7 Newberg on Class Actions § 23:33 (5th ed. 2012)); *see also Senne* at 49 ("Damages may well vary, and may require individualized calculations. But 'the rule is clear: the need for individual damages calculations does not, alone, defeat class certification.'") (quoting *Vaquero v. Ashley Furniture Indus., Inc*., 824 F.3d 1150, 1155 (9th Cir. 2016)).

The Ninth Circuit's decision in *Senne* demonstrates the correctness of Plaintiffs' statement of the standard for reviewing expert evidence on a motion for class certification. As Plaintiffs noted in their opening brief in support of class certification in this case, the most plaintiffs need to show is that they have proffered "evidence common to the class that (1) if believed, could support their claims, and (2) is admissible. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1049 (2016) ('The District Court could have denied class certification on th[e] ground [that it agreed with Defendants' experts] only if it concluded that *no reasonable juror* could have believed that' plaintiffs' experts were right on the merits (emphasis added))."  Plaintiffs' Motion for Class Certification (ECF No. 518) at 13; *see also* Reply in Support of Plaintiffs' Motion for Class Certification (ECF No. 554) at 3 ("Indeed, *Tyson Foods* held that if evidence is reliable and *capable of proving* an element on a classwide basis, nothing more is needed for class certification."). As Plaintiffs observed further in their Statement Regarding Rule 23 Standards (ECF No. 633) at 2-3, the Ninth Circuit has held that evidence need not even be admissible for it to satisfy Rule 23; it need merely be plausible. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004-06 (9th Cir. 2018) (emphasis added) ("Although we have not squarely addressed the nature of the 'evidentiary proof' a plaintiff must submit in support of class certification, *we now hold that such proof need not be admissible evidence.*"); *see also* Plaintiffs' Response to Defendant Zuffa, LLC's Objections

---

[3] *See*, *e.g.*, *Senne* at 10 ("Although most players do not get paid during extended spring training, as many as seven MLB clubs do pay for work during extended spring training due to an ambiguity in the MLRs over whether players are permitted to be paid.").

Case No.: 2:15-cv-01045 RFB-BNW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**

to Plaintiffs' Exhibit List Documents (ECF No. 674), at 1 (quoting *Sali*, 909 F.3d at 1004); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 629 (N.D. Cal. 2015) (emphasis in original) ("the Court is still *not* tasked with resolving conflicts between opposing experts when evaluating predominance" -- class certified where "methodology for determining antitrust damages on a classwide basis is plausible"); *Hartman v. Uponor, Inc.*, 2013 WL 12315163, at *8 (D. Nev. Nov. 25, 2013) ("the Court may consider hearsay testimony in regard to class certification").

Zuffa argues that, beyond simply deciding whether Plaintiffs' expert evidence is plausible (or at most admissible), the Court should weigh the parties' expert opinions and decide which experts are *more* plausible. *See* Zuffa, LLC's Opposition to Plaintiffs' Motion for Class Certification (ECF No. 540), at 12-13. This formulation cannot be squared with *Tyson Foods*, nor with the Ninth Circuit's recent decisions in *Sali* and *Senne*, nor with the district court's refusal to do so in *CRTs*.[4] The Ninth Circuit just held in *Senne* that "where the evidence is admissible—for expert evidence, using the *Daubert* standard—then the 'no reasonable juror' standard at the class certification stage applies." *Senne*, at 45 (citing *Tyson Foods*, 136 S. Ct. at 1049). Thus, if Plaintiffs' expert evidence in support of class certification here is admissible and a reasonable juror could credit it, Plaintiffs' motion for class certification should be granted.

In light of the foregoing, the Ninth Circuit's August 16, 2019 decision in *Senne* provides additional support for Plaintiffs' motion for class certification.

---

[4] Even under Zuffa's incorrect proposed standard, the Court should credit the opinions of Plaintiffs' experts over those of Zuffa's experts, for the reasons set forth in Plaintiffs' briefs in support of class certification.

Case No.: 2:15-cv-01045 RFB-BNW
**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**

Dated: August 22, 2019                    Respectfully Submitted,

                                          By: /s/ Eric L. Cramer
                                              Eric L. Cramer

                                          Eric L. Cramer (*Pro Hac Vice*)
                                          Michael Dell'Angelo (*Pro Hac Vice*)
                                          Patrick F. Madden (*Pro Hac Vice*)
                                          Mark R. Suter (*Pro Hac Vice*)
                                          BERGER MONTAGUE PC
                                          1818 Market Street, Suite 3600
                                          Philadelphia, PA 19103
                                          Phone: (215) 875-3000/Fax: (215) 875-4604
                                          ecramer@bm.net
                                          mdellangelo@bm.net
                                          pmadden@bm.net
                                          msuter@bm.net

                                          Joseph R. Saveri (*Pro Hac Vice*)
                                          Joshua P. Davis (*Pro Hac Vice*)
                                          Jiamin Chen (*Pro Hac Vice*)
                                          Kevin E. Rayhill (*Pro Hac Vice*)
                                          JOSEPH SAVERI LAW FIRM, INC.
                                          601 California Street, Suite 1000
                                          San Francisco, California 94108
                                          Phone: (415) 500-6800/Fax: (415) 395-9940
                                          jsaveri@saverilawfirm.com
                                          jdavis@saverilawfirm.com
                                          jchen@saverilawfirm.com
                                          krayhill@saverilawfirm.com

                                          Richard A. Koffman (*Pro Hac Vice*)
                                          Benjamin D. Brown (*Pro Hac Vice*)
                                          Daniel H. Silverman (*Pro Hac Vice*)
                                          COHEN MILSTEIN SELLERS & TOLL, PLLC
                                          1100 New York Ave., N.W., Suite 500
                                          Washington, DC 20005
                                          Phone: (202) 408-4600/Fax: (202) 408 4699
                                          rkoffman@cohenmilstein.com
                                          bbrown@cohenmilstein.com
                                          dsilverman@cohenmilstein.com

                                          **Co-Lead Counsel for the Classes**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**

1

**Liaison Counsel for the Classes**

2

Don Springmeyer (Nevada Bar No. 1021)
Bradley S. Schrager (Nevada Bar No. 10217)

3

WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

4

3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120

5

Phone: (702) 341-5200/Fax (702) 341-5300
dspringmeyer@wrslawyers.com

6

bschrager@wrslawyers.com

7

**Additional Counsel for the Classes**:

8

Robert C. Maysey (*Pro Hac Vice*)
Jerome K. Elwell (*Pro Hac Vice*)

9

WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC

10

2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016

11

Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com

12

jelwell@warnerangle.com

13

William G. Caldes (*Pro Hac Vice*)
SPECTOR ROSEMAN & KODROFF, P.C.

14

2001 Market Street, Suite 3420
Philadelphia, PA 19103

15

Phone: (215) 496-0300/Fax: (215) 496-6611

16

bcaldes@srkattorneys.com

17

John D. Radice (*Pro Hac Vice*)
RADICE LAW FIRM, P.C.

18

34 Sunset Blvd.
Long Beach, NJ 08008

19

Phone: (646) 245-8502/Fax: (609) 358-0745

20

jradice@radicelawfirm.com

21

Frederick S. Schwartz (*Pro Hac Vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ

22

15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403

23

Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

24

25

26

27

28

Case No.: 2:15-cv-01045 RFB-BNW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on this 22nd day of August 2019 a true and correct copy of PLAINTIFFS'

3    MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING

4    PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518) was served via the District

5    of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

6

7      By:

                                                    */s/ Eric L. Cramer*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)**