WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF NO. 518)** |

The case that Plaintiffs seek leave to bring to the Court's attention serves only to underscore that their position on the appropriate standard for this Court to apply in evaluating the expert testimony offered at the class certification stage of this case is incorrect. Plaintiffs' submission amounts to an invitation to this Court to commit reversible error by misapplying the clear commands of the Ninth Circuit.

Plaintiffs argue that *Senne et al. v. Kansas City Royals Baseball Corp.*, Nos. 17-16245, 17-17267, and 17-16276 (9th Cir. August 16, 2019) ("*Senne*") stands for the proposition that in all putative class actions, "where the evidence is admissible—for expert evidence, using the *Daubert* standard—then the 'no reasonable juror' standard at the class certification stage applies." ECF No. 716 at 3.

This mischaracterizes *Senne*. As the Ninth Circuit was careful to note, *Senne* involves "the application of two longstanding wage-and-hour doctrines," *Senne,* slip op. at 40, which together permit a representative sample to be used to fill an evidentiary gap created by an employer's failure to maintain records in order to establish liability and to provide a basis for class certification *in certain wage and hours cases*. The *Senne* court was careful to underscore its holding that the representative evidence approved by *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016), did not violate the mandate of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), because *Tyson* applied only in a *wages and hours case where the employer had failed to keep proper records*. *Senne*, slip op. at 57-58.

> "Specifically—as we have explained—*for wage and hour cases where the employer has failed to keep proper records*, *Tyson* holds that once a district court has found expert evidence to be admissible, it may only deny its use to meet the requirements of Rule 23 certification if 'no reasonable juror' could find it probative of whether an element of liability was met. *Id*. at 1049. Given the similarities between this case and *Tyson*, the rule set forward in *Tyson* controls, and '[defendants'] reliance on *Wal-Mart* is misplaced.'"

*Senne*, slip op. at 58 (citing *Tyson*, 136 S. Ct. at 1048) (emphasis added).

Plaintiffs' suggestion that *Senne*'s holding should be extended to this antitrust case has *already been rejected by the Ninth Circuit—in Senne itself. Id.* at 58 n.27 ("*Tyson* expressly

1

ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

*cautioned that this rule should be read narrowly and not assumed to apply outside of the wage and hour context.*") (emphasis added). Thus, rather than standing for the proposition that—as Plaintiffs would have it—*Tyson* created a new rule applicable to class action cases generally, *Senne* confirms that *Tyson* is limited to the narrow category of wage and hour cases in which an employer failed to maintain proper records.

This is not such a case. It is an antitrust case and, accordingly, is governed by the "rigorous analysis" standard where the district court must judge "the persuasiveness of the evidence presented," *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011), as mandated by *Wal-Mart and Ellis. Id.,* at 980 ("When considering class certification under Rule 23, district courts are not only at liberty to, but must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied'").

Further, the words of *Senne* quoted by Plaintiffs do not apply here. *Senne* states that "once a district court has found expert evidence to be admissible, it may only deny its use to meet the requirements of Rule 23 certification if 'no reasonable juror' could find it probative of whether an element of liability was met." *Senne*, slip op. at 58. Plaintiffs are not reading the full sentence. *Senne* discussed liability evidence that overlapped with the issues of class certification and that would be considered by a jury, and then applied a summary judgment standard to that evidence. The motion before the Court concerns issues under Rule 23 that are for the Court, not a jury, to resolve and which the jury will not decide, including whether all or virtually all class members were injured.

To the extent that Plaintiffs have used their supplemental filing as an opportunity to rehash the arguments in their prior briefing, including advocating for a plausibility standard, by definition, merely plausible evidence is not evidence that has been deemed satisfactory evidence based on the required rigorous review, *Comcast v. Behrend*, 569 U.S. 27, 33 (2013), nor has it been judged

1  unpersuasive, *Ellis,* 657 F.3d at 982.  On these points, Zuffa respectfully refers the Court to its prior
2  brief on the subject of the correct standard.  ECF 634.

Dated:  August 25, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s / William Isaacson*
William Isaacson

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

4

ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY