# Exhibit 1
# Corrected Notice



August 29, 2019

**VIA ECF**

Honorable Richard F. Boulware, II
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

  Re: **Corrected Notice of Regression Results Requested in August 27, 2019 Evidentiary Hearing in** *Le v. Zuffa et al.*, **Case No. 15-cv-01045 and Request for Brief Supplemental Expert Report**

Dear Judge Boulware:

  As requested in the August 27, 2019 evidentiary hearing, Zuffa, LLC ("Zuffa") in this letter provides citations to the materials from Prof. Topel's and Dr. Singer's expert reports[1] requested by the Court. During the hearing, the Court asked for citations and material regarding two issues in dispute: first, identification of a regression in Prof. Topel's reports that excludes pre-acquisition Strikeforce bouts; second, identification of a regression in Prof. Topel's reports that used an alternative weighting scheme in response to Dr. Singer's revenue weights.

  We also address in this letter a proposed additional two-page expert report.

<u>Citations requested by the Court</u>:

  First, Exhibit 15 to Prof. Topel's first report contains the results of two regressions that excluded pre-acquisition Strikeforce bouts. TR1 ¶ 164 & Ex. 15. As Prof. Topel explains in his first report, including pre-acquisition Strikeforce bouts in the regression is improper. TR1 ¶¶ 151-56. Moreover, when Dr. Singer includes pre-acquisition Strikeforce bouts, he sets the pre-acquisition Strikeforce foreclosure coefficient to zero. Prof. Topel has explained that this is improperly driving Dr. Singer's results. TR2 ¶ 24 & n.37. For convenience, the results as set forth in Prof. Topel's first report at Exhibit 15 are attached as Exhibit 1 to this letter.

  Second, Prof. Topel's first report also presented the results of a regression that used a different weighting scheme as an alternative to Dr. Singer's revenue weighted regression.

---

[1] Professor Topel's reports cited in this letter are (1) JCCX51, the Expert Report of Professor Robert H. Topel dated October 27, 2017("**TR1**"); (2) JCCX80, Professor Topel's Sur-Rebuttal Expert Report dated February 12, 2018 ("**TR2**"); and (3) JCCX70 Professor Topel's Reply to the Supplemental Expert Report of Hal J. Singer, Ph.D. dated May 7, 2018 ("**TR3**"), Dr. Singer's reports cited in this letter are (1) JCCX49, the Expert Report of Dr. Hal J. Singer dated August 31, 2017 ("**SR1**"); (2) JCCX71, the Rebuttal Report of Dr. Hal J. Singer dated January 12, 2018 ("**SR2**"); (3) JCCX79, Supplemental Expert Report of Hal J. Singer dated April 3, 2018 ("**SR3**"); and (4) JCCX78, Second Supplemental Reply Report of Dr. Hal J. Singer ("**SR4**").



Dr. Singer responded with two alternative versions of this regression. All of these regressions use fighter compensation share as the dependent variable.

**Professor Topel's Regression Using an Alternative to Revenue Weights**: In Exhibit 16 to his first report, which for convenience is attached as Exhibit 2 to this letter as set forth in paragraphs 165-66 to his first report, Professor Topel ran a regression with an alternative weighting scheme excluding pre-acquisition Strikeforce bouts with stratified foreclosure shares by athlete rank in order to account for differences in athlete quality. A different foreclosure share was used for each stratum of athletes, who were divided based on ranking in groups of athletes ranked 1-15, 16-30, 31-50, 51-100, and 100+. Prof. Topel ran a single regression using Dr. Singer's data with separate foreclosure shares for each stratum of athletes. The results showed no significant impact of Dr. Singer's foreclosure share on fighter compensation share. TR1 ¶¶ 165-66 & Ex. 16.

**Dr. Singer's First Response**: In his second report, Dr. Singer ran new regressions in response to Prof. Topel's single alternative weighting regression. Dr. Singer's regressions differed from Prof. Topel's in key ways: First, Dr. Singer included pre-acquisition Strikeforce bouts. Second, rather than running a single regression across all strata of athletes, Dr. Singer ran separate regressions for each stratum with his revenue weights across the Tracked and Ranked markets. Third, Dr. Singer applied revenue weights to his stratified foreclosure share. Dr. Singer found that his foreclosure share variable was significant for each athlete stratum in the Tracked and Ranked markets. SR2 ¶ 59, Table A2.

**Prof. Topel's Reply**: In his second report, Prof. Topel responded to Dr. Singer's new regressions. He explained that Dr. Singer's reply regression was misspecified. First, Dr. Singer's new regression included pre-acquisition Strikeforce observations, which are not properly included in his regression. TR1 ¶¶151-56. Second, the new regression still used Dr. Singer's revenue weights. Third, by using separate regressions for each strata of athletes, Dr. Singer's separate regressions were not able to answer a key question: whether Dr. Singer's foreclosure share affected fighters' compensation share differently by athlete strata. TR2 ¶ 31.

**Dr. Singer's Second Response**: In response to Prof. Topel's critiques, in his third report, Dr. Singer ran a set of new regressions. These regressions were identical to Dr. Singer's earlier regressions except that they did not include revenue weights. That is, Dr. Singer's new regressions still included pre-acquisition Strikeforce bouts, consisted of one regression for each athlete stratum (a total of 10 separate regressions), and used fighter compensation share as the dependent variable. The foreclosure share coefficients on each of the regressions were significantly and negatively associated with fighter compensation share for each stratum in Dr. Singer's Tracked and Ranked Markets at the p=0.10 level. SR3 ¶ 46 & Table A3.

Prof. Topel has not run a regression in response to Dr. Singer's second response and his ten new regressions.


Proposed New Regressions

In response to questions raised by the Court during the evidentiary hearing, Zuffa proposes to submit three new regressions:

**Prof. Topel's First Proposed New Regressions**: Zuffa proposes to present to the Court a set of regressions responding to Dr. Singer's latest new athlete strata regressions. Zuffa has provided Plaintiffs with these regressions. This set of regressions use the same alternative stratified weighting scheme presented in Dr. Singer's previous iterations of the regression. It would differ only in that it does not include pre-acquisition Strikeforce data. The results of this regression show no significant effect of foreclosure share on fighter compensation share.

**Prof. Topel's Second Proposed New Regressions**: Zuffa proposes to present to the Court a set of regressions responding to Dr. Singer's new promotional spending regressions from his fourth report to which Dr. Singer has referred in his testimony and to which Zuffa has not had the opportunity to respond. Zuffa raised this issue as an objection after Dr. Singer first referred to his new regressions and the Court indicated it would give Zuffa "broad latitude" to address the new regressions included in Dr. Singer's fourth report, including with a new regression. Aug. 26, 2019 Tr. at 69:17-70:11. Prof. Topel's proposed set of regressions are identical to Dr. Singer's new promotional spending regressions in his fourth report except that they do not use Dr. Singer's revenue weights and pre-acquisition Strikeforce bouts. The results of the second proposed new regressions do not show any significant association between Dr. Singer's foreclosure share variable and fighter compensation share.

**Prof. Topel's Third Proposed New Regressions**: In a discussion of the time trend and year fixed effect variables, the following colloquy took place between the Court and Prof. Topel:

> THE COURT: Right. And what I'm saying to you is did you do that did you run that when you say the regression's not taking that any more there would be.
> THE WITNESS: [My] recollection is we did.
> THE COURT: Okay that's what I'm trying [] to find out [if] there would be results [o]f an analysis that show[s] that there would actually be some report from the software that would say this is a problem with the variables you had and I'm just trying to [...] to that.
> THE WITNESS: I believe so and I can't remember.
> THE COURT: Okay. Mr. Isaacson do you know where that would be? Because here's [. . .]
> MR. ISAACSON: I know I will have to ask.

Aug. 27, 2019 Rough Tr. 180:17-181:4.

The regression to which Prof. Topel was referring is not contained in his reports. Zuffa proposes to include this new regression in a brief supplemental report. This new



Hon. Richard F. Boulware, II<br>
August 29, 2019<br>
Page 4 of 4

regression excludes pre-acquisition Strikeforce bouts and removes the year fixed effects and includes the same annual promotional expenditures Dr. Singer included for Zuffa events from his fourth report. The result of the regression is that there is no significant relationship between foreclosure share and wage share.

**Zuffa's Request for a New, Brief Expert Report**: Finally, Zuffa proposes that Prof. Topel be permitted to prepare a supplemental expert report of no more than two pages in length with the regressions described above attached as exhibits. Zuffa has disclosed these regressions and related back-up materials to Plaintiffs.

Very truly yours,

William A. Isaacson
*Attorney for Defendant Zuffa, LLC*

**Exhibit 15 - Dr. Singer's Regression Model After Excluding Pre-Acquisition Strikeforce Bouts**
Dependent Variable: Compensation Share of Event Revenue

| | Singer Revenue Weighted Foreclosure Shares | | | Unweighted Foreclosure Shares | | |
|---|---|---|---|---|---|---|
| | Tracked (1) | Ranked (2) | Headliner (3) | Tracked (4) | Ranked (5) | Headliner (6) |
| Foreclosure Share - Tracked | -0.02462 (0.013) | | | 0.01093 (0.009) | | |
| Foreclosure Share - Ranked | | -0.02377** (0.007) | | | 0.04685 (0.034) | |
| Foreclosure Share - Headliners | | | -0.01681 (0.014) | | | 0.01662 (0.010) |
| Observations | 6,942 | 6,942 | 6,942 | 6,942 | 6,942 | 6,942 |

**Notes:**
[1] Columns 1-3 replicate Dr. Singer's Table 6 after removing 212 bouts that occurred before Zuffa acquired Strikeforce. Columns 4-6 use unweighted foreclosure shares.
[2] Robust standard errors are in parentheses. ** $p<0.01$, * $p<0.05$

**Source:**
Singer Backup ("Regression Data.dta")

**Exhibit 16: Dr. Singer's Regression Model with Stratified Foreclosure Shares After Excluding Pre-Acquisition Strikeforce Bouts**
Dependent Variable: Compensation Share of Event Revenue

|  | Tracked (1) | Ranked (2) |
|---|---|---|
| Unweighted Foreclosure Share - Athletes Ranked 1-15 | 0.00844 | 0.02067 |
|  | (0.019) | (0.022) |
| Unweighted Foreclosure Share - Athletes Ranked 16-30 | -0.02365 | -0.00677 |
|  | (0.020) | (0.027) |
| Unweighted Foreclosure Share - Athletes Ranked 31-50 | 0.03392 | 0.03484 |
|  | (0.018) | (0.022) |
| Unweighted Foreclosure Share - Athletes Ranked 51-100 | -0.00109 | 0.00412 |
|  | (0.017) | (0.042) |
| Unweighted Foreclosure Share - Athletes Ranked 100 + | 0.00383 | -0.04726 |
|  | (0.011) | (0.085) |
| Observations | 6,942 | 6,942 |

**Notes:**
[1] Regression model includes unweighted foreclosure shares that are calculated separately for athletes ranked between 1 and 15, 16 and 30, 31 and 50, 51 and 100, and higher than 100.
[2] Regressions include all additional explanatory variables in Dr. Singer's Table 6 regression model.
[3] Regression excludes 212 Strikeforce bouts that occurred before Zuffa acquired Strikeforce.
[4] Robust standard errors are in parentheses. ** $p<0.01$, * $p<0.05$

**Source:**
Singer Backup ("Regression Data.dta")