

September 9, 2019

<u>**VIA ECF**</u>

Honorable Richard F. Boulware, II
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

     **Re:**    **Notice of Outstanding Motions Requested in August 30, 2019 Hearing in *Le v.***
               ***Zuffa et al.*, Case No. 15-cv-01045**

Dear Judge Boulware:

     Zuffa, LLC ("Zuffa") and Plaintiffs (jointly, the "Parties") submit this letter in response to the Court's instruction during the hearing on August 30, 2019 for the Parties to jointly file a letter to inform the court of the "outstanding issues or motions that the court should address." ECF No. 734, Tr. 172:12-13. The Parties have reviewed the record, and identify the outstanding motions at issue below.

| Motion Type | Outstanding Motions/Disputes |
|---|---|
| Class Certification | <ul><li>Plaintiffs' Motion for Class Certification [ECF 518]</li><li>Zuffa, LLC's Opposition to Plaintiffs' Motion for Class Certification [ECF 540]</li><li>Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification [ECF 554]</li></ul> |

1401 New York Avenue NW, Washington, DC 20005 | (t) 202 237 2727 | (f) 202 237 6131 | www.bsfllp.com



| Motion Type | Outstanding Motions/Disputes |
|---|---|
| Zuffa's three *Daubert* Motions. ECF Nos. 517; 522; 524. The Court denied all such motions without prejudice as premature on September 27, 2018, ECF No. 600. Zuffa reasserted certain *Daubert* Motions at the Hearing, Hrg. Tr. Vol. 4-170:4-13. It is Plaintiffs' position that the Court denied the portion of Zuffa's *Daubert* Motion concerning Dr. Zimbalist's use of certain types of yardstick models (ECF No. 522). Hrg. Tr. Vol. 4-170:11-24. It is Zuffa's position that the entirety of all three *Daubert* motions should be decided by the Court. | • Zuffa, LLC's Motion to Exclude the Testimony of Plaintiffs' Expert Guy A. Davis Under Fed. R. Evid. 702 and *Daubert* [ECF 517]<br>• Zuffa, LLC's Motion to Exclude the Testimony of Dr. Andrew Zimbalist Under Fed. R. Evid. 702 and *Daubert* [ECF 522]<br>• Zuffa, LLC's Motion to Exclude the Testimony of Dr. Hal Singer Under Fed. R. Evid. 702 and *Daubert* [ECF 524]<br>• Plaintiffs' Consolidated Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Drs. Hal Singer and Andrew Zimbalist [ECF 534]<br>• Plaintiffs' Brief in Opposition to Defendant Zuffa, LLC's Motion to Exclude the Testimony of Guy A. Davis [ECF 535]<br>• Zuffa Reply in Support of Motion to Exclude the Testimony of Plaintiffs' Expert Guy A. Davis Under Fed. R. Evid. 702 and *Daubert* [ECF 547]<br>• Zuffa Reply in Support of Motion to Exclude the Testimony of Dr. Andrew Zimbalist Under Fed. R. Evid. 702 and *Daubert* [ECF 549]<br>• Zuffa Reply in Support of Motion to Exclude the Testimony of Dr. Hal Singer Under Fed. R. Evid. 702 and *Daubert* [ECF 551] |
| Zuffa's Motions for Summary Judgment. ECF 347; ECF 573. The Court denied both such motions without prejudice on September 26, 2017 and December 14, 2018, respectively. ECF 493; ECF 628. Zuffa re-asserted its Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitation Grounds in its Opposition to Class Certification. ECF No. 540 at p. 39 & n.56. Plaintiffs' view is that, as to Zuffa's motion for summary judgment against Mr. Quarry (who is a proposed representative of the Identity Class), the motion is | • Zuffa, LLC's Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitations Grounds and Supporting Memorandum of Law [ECF 347]<br>• Plaintiffs' Opposition to Zuffa, LLC's Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitations Grounds [ECF 365]<br>• Zuffa, LLC's Reply to Plaintiffs' Opposition to Zuffa's Motion for Partial Summary Judgment as to Plaintiff Nathan Quarry on Statute of Limitation Grounds [ECF 388]<br>• Defendant Zuffa, LLC's Motion for Summary Judgment [ECF 573]<br>• Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment [ECF 596]<br>• Defendant Zuffa, LLC's Reply in Support of Motion for Summary Judgment [ECF 611] |



| Motion Type | Outstanding Motions/Disputes |
|---|---|
| irrelevant to class certification. *See* Reply in Support of Pls.' Motion for Class Certification, ECF No. 554, at 18-19 & n.38. | |



| Sealing Motions | <ul><li>Zuffa, LLC's Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment [ECF 602]</li><li>Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Plaintiffs' Opposition to Zuffa, LLC's Motion for Summary Judgment and Related Materials [ECF 604]</li><li>Joint Motion to Provisionally Seal Plaintiffs' Opposition to Zuffa, LLC's Motion to Seal Plaintiffs' Opposition to Zuffa, LLC's Motion for Summary Judgment [ECF 608]</li><li>Zuffa, LLC's Reply in Support of its Motion to Seal Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment [ECF 609]</li><li>Zuffa, LLC's Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment [ECF 614]</li><li>Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment [ECF 619]</li><li>Joint Motion to Seal Plaintiffs' Opposition to Zuffa, LLC's Motion to Seal Zuffa's Reply in Support of Summary Judgment [ECF 622]</li><li>Defendant Zuffa, LLC's Reply in Support of its Motion to Seal Zuffa's Reply in Support of Zuffa's Motion for Summary Judgment [ECF 623]</li><li>Plaintiffs' Motion for Leave to Lodge Materials Under Seal [ECF 635]</li><li>Joint Motion to Conditionally File Plaintiffs' Statement Regarding Rule 23 Standards Under Seal [ECF 637]</li><li>Plaintiffs' Motion for Leave to Lodge Materials Under Seal [ECF 641]</li><li>Joint Motion to Conditionally File Under Seal Plaintiffs' Reply Statement Regarding Rule 23 Standards (ECF No. 646) and Plaintiffs' Response to Zuffa, LLC's Proposal Regarding the Treatment of Protected Material for the Evidentiary Hearing on Class Certification (ECF No. 639) [ECF 648]</li><li>Joint Motion to Seal the Parties' Joint Statement Regarding Independent Experts [ECF 656]</li><li>Plaintiffs' Motion for Leave to Lodge Materials Under Seal [ECF 659]</li><li>Zuffa LLC's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification [ECF 665]</li><li>Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification [ECF 675]</li></ul> |
| --- | --- |



| Motion Type | Outstanding Motions/Disputes |
|---|---|
| | <ul><li>Plaintiffs' Motion for Leave to Lodge Materials Under Seal [ECF 678]</li><li>Joint Motion to Conditionally File Under Seal Exhibits to Defendant Zuffa, LLC's Opposition to Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification [ECF 685]</li><li>Joint Motion to Conditionally File Under Seal Exhibits to Plaintiffs' Responsive Briefing Related to Zuffa's and Non-Parties' Objections Regarding Exhibit List Documents [ECF 687]</li><li>Zuffa, LLC's Reply in Support of its Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification [ECF 696]</li><li>Joint Motion to Conditionally File Under Seal Exhibits to the Parties' Replies in Support of their Objections and Motion to Seal [ECF 699]</li><li>Zuffa, LLC's Motion to Seal ECF No. 696-4 [ECF 703]</li><li>Zuffa, LLC's Unopposed Motion to Seal Zuffa's August 19, 2019 Letters to the Court [ECF 712]</li><li>Zuffa Letter to Judge Boulware re: Notice of Sealing Requested in August 26, 2019 Hearing in *Le v. Zuffa, et al.*, Case No. 15-cv-01045 [ECF 727]</li><li>Zuffa Letter to Judge Boulware re: August 26-30, 2019 Evidentiary Hearing in *Le v. Zuffa et al.*, Case No. 15-cv-01045 [ECF 732]</li><li>Plaintiffs intend to seek to unseal the briefing and exhibits concerning Plaintiffs' Motion for Class Certification. [ECF Nos. 518, 540, 554]. The Court previously granted the motion to seal the Motion for Class Certification. ECF No. 533.</li></ul> |



| Oral Motions/Objections Made During Hearing on Plaintiffs' Motion for Class Certification | • Plaintiffs' motion to strike as untimely two new regressions submitted by Zuffa purporting to respond to material in the Supplemental Expert Report of Hal J. Singer, Ph.D. (Apr. 3, 2018), which Zuffa produced during the Hearing and asked to be admitted to the record as Zuffa's Exhibits 1 and 2 to the Hearing (discussed in Zuffa's letter filed with the Court at ECF No. 728). *See* objection at Hrg. Tr. Vol. 3-99:6-10; *see id.* Vol. 3-99:22-100:13. |
|---|---|
| |     o Zuffa's position is that these regressions were run in response to questions posed by the Court during the evidentiary hearing. Hrg. Tr. Vol. 3 4:21-5:5. |
| | • Plaintiffs' motion to strike as untimely Zuffa's new regression purporting to respond to material in the Second Supplemental Reply Report of Hal J. Singer, Ph.D. (May 28 2018), that Zuffa produced during the Hearing, and asked to be admitted to the record as Zuffa's Exhibit 3 to the Hearing. *See* objection at Hrg. Tr. Vol. 3-99:1-5; *see id.* Vol. 3-96:15-97:12; Vol. 3-100:15-101:1; *see also* Zuffa's letter filed with the Court at ECF No. 728. |
| |     o Zuffa's position is that Dr. Singer's submitted a new regression in his fourth report in violation of the parties' agreement. Zuffa previously explained to the Court that it had not had an opportunity to respond to this new regression and that it may need to do so with new regressions to which the Court said "That's fine." Hrg. Tr. Vol. 1 69:11-70:12. |
| |     o Plaintiffs' position is that Dr. Singer did not specify a new regression but rather simply explained that Dr. Topel's regression included incomplete data, *see* Hrg. Tr. Vol. 3-96:15-97:12 & 142:12-144:20; *see also* SR4 ¶¶1, 15, 20, 25, 27-33; that on Plaintiffs' motion, Plaintiffs get the last word; and thus that Zuffa should not get a response, but if it does, Plaintiffs should be able to respond. |
| | • Plaintiffs' objection to Dr. Topel's testimony as being entirely new and untimely concerning the time trend and fixed effects variables in Dr. Singer's regression other |



than as relating to Dr. Singer's "promotion" variable. *See* Hrg. Tr. Vol. 2-152:15-22, Vol. 2-163:13-19.

- o Zuffa discussed the basis in Professor Topel's report for this criticism at Hrg. Tr. Vol. 2 165:17-191:3. Zuffa's position is that the Court previously ruled that Plaintiffs' objection to this testimony was overruled.  Hrg. Tr. Vol. 253:23-254:4. Plaintiffs disagree.

- Plaintiffs' objection to Zuffa's argument that Dr. Singer's computation of revenue weights was purportedly based on incomplete information as being entirely new and untimely. *See* Hrg. Tr. Vol. 2-81:1-82:16.

  - o Zuffa's position is that it previously explained to Plaintiffs that Professor Topel discusses certain flaws in Dr. Singer's revenue weights in Paragraph 220-23 of his first report, including that fact that under Dr. Singer's revenue weights Zuffa athletes receive weights tens of times larger than a non-Zuffa athlete.  The source of Dr. Singer's revenue weights was discussed with him during his deposition.  Singer Dep. 72:18-83:17.  This included a specific discussion of the missing entries in the right-hand column of ZCCX292 and Dr. Singer's use of an "average" to calculate his revenue weights.  Singer Dep. 76:23-77:13.  The source of the revenue in ZCCX292 was also discussed including whether Dr. Singer has looked for other sources of information to populate his revenue weights.  Singer Dep. 82:2-83:17.  Zuffa's position is that Mr. Isaacson and Mr. Cramer agreed prior to the hearing that matters disclosed during a deposition would not be objected to which is why Zuffa did not object to certain of the slides used by Dr. Singer during his direct examination.
  - o Plaintiffs' position is that a lawyer's questions at a deposition do not constitute disclosures by the questioning party's experts under Fed. R. Civ. P. 26, and do not reflect the assertion of an argument within the context of a motion if the fruits of those questions were not referenced in



the questioning party's motions, briefs, or expert reports.

- Zuffa's objection to the new regression in Dr. Singer's fourth report submitted after Zuffa's opposition to class certification and in violation of the Parties' Joint Motion to Supplement Expert Reports which was Ordered by the Court on December 19, 2018.  ECF No. 545, ECF No. 628.  *See* Hrg. Tr. Vol. 1 65:14-18; Hrg. Tr. Vol. 3 10:9-16.
  - Plaintiffs' position is that Dr. Singer did not specify a new regression in his fourth report, but instead simply observed that when Dr. Topel's "all non-fighter event spending" variable is included in Dr. Singer's regression, as long as the regression includes complete Strikeforce data or no Strikeforce data at all (rather than the incomplete data that Dr. Topel included), there was still a statistically significant relationship between rising foreclosure share and falling wage share. *See* Hrg. Tr. Vol. 3-142:12-144:20; SR4 ¶¶1, 15, 20, 25, 27-33; *see also* Hrg. Tr. Vol. 3-96:15-97:12.

- Zuffa's objection to Dr. Singer's new econometric analysis and opinion regarding the impact to his revenue weight of including the "missing data" information. Hrg. Tr. Vol. 3 125:14-19.
  - Plaintiffs' position is that (a) Zuffa made a new argument about supposedly "missing data" used by Dr. Singer for his revenue weighting that did not appear in its motion, briefs, or expert reports and thus Dr. Singer should have the opportunity to respond to new arguments, and (b) Dr. Singer's responses to different arguments that Dr. Topel made about Dr. Singer's revenue weighting were responsive to the "missing data" argument, and so there was nothing new about them.

- Zuffa's objection to Dr. Singer's testimony about the results of his common impact regressions on inverse rank and unweighted shares, which were never previously disclosed in his reports or provided in his back-up material.  Hrg. Tr. Vol. 3 192:1-193:21, *see also* Hrg. Tr. Vol. 3 108:1-13; 110:7-17; 144:6-19.



| Motion Type | Outstanding Motions/Disputes |
|---|---|
| | ○   Plaintiffs' position is that this is false. Plaintiffs provided cites to paragraphs in Dr. Singer's report and rebuttal report in which these regression results were discussed, and cites to the back-up materials where Dr. Singer provided Zuffa with the source material for these regression analyses during expert discovery in 2017. *See, e.g.*, Hrg. Tr. Vol. 3-108:25-110:17; *see also* SR1 at n.453; SR2 ¶¶ 128, 129, 136, 148. Plaintiffs further provided written responses to Zuffa's questions on this issue during the Hearing. *See* Hrg. Tr. 191:20-192:23. The Court rejected Zuffa's argument. *See* Hrg. Tr. Vol. 3-192:25-195:1. |

Respectfully yours,


William A. Isaacson & Eric L. Cramer
*Attorneys for Plaintiffs and Defendant Zuffa, LLC*