# Zuffa Ex. 5
# (PCCX40 - Declaration of David Lopez)

```
 1 │ DAVID MARROSO (Cal. S.B. #211655)
   │   dmarroso@omm.com
 2 │ (admitted pro hac vice)
   │ O'MELVENY & MYERS LLP
 3 │ 1999 Avenue of the Stars, 8th Fl
   │ Los Angeles, California 90067-6035
 4 │ Telephone:    (310) 553-6700
   │ Facsimile:    (310) 246-6779
 5 │
   │ ERIC D. HONE (NV Bar No. 8499)
 6 │   EHone@dickinson-wright.com
   │ DICKINSON WRIGHT PLLC
 7 │ 8363 West Sunset Road, Suite 200
   │ Las Vegas, Nevada 89113
 8 │ Telephone:    (702) 550-4440
   │ Facsimile:    (844) 670-6009
 9 │
   │ Attorneys for Non-Parties
10 │ Top Rank, Inc. and Robert Arum
11 │
   │             UNITED STATES DISTRICT COURT
12 │
   │                  DISTRICT OF NEVADA
13 │
14 │
   │ In Re Subpoena Of              Case No. 2:15-cv-01045-RFB-PAL
15 │
   │ Top Rank, Inc. and Robert Arum,  DECLARATION OF DAVID LOPEZ
16 │
17 │ Cung Le, Nathan Quarry, and Jon Fitch,
   │ on behalf of themselves and all others
18 │ similarly situated,
19 │            Plaintiffs,
20 │      v.
21 │ Zuffa, LLC, d/b/a Ultimate Fighting
   │ Championship and UFC,
22 │
   │            Defendant.
23 │
24 │
25 │
26 │
27 │
28 │
   └─────────────────────────────────────────────
                    DECL. OF DAVID LOPEZ                      TR-0001
     CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER
```

I, David Lopez, declare and state as follows:

1. I am the Chief Financial Officer of Top Rank, Inc. ("Top Rank"). I have personal knowledge of the facts stated in this declaration and if called to testify could and would testify competently thereto.

2. The information in the table entitled, "**% (Payment to Fighters / Gross Revenue)**," produced by Top Rank is based on true, correct, and complete financial records of Top Rank.

| | % (Payment to Fighters / Gross Revenue) | | | |
|---|---|---|---|---|
| | Pay Per View | Premium | Other | All Events |
| **2013** | 70% | 63% | 81% | 67% |
| **2014** | 73% | 54% | 87% | 68% |
| **2015** | 71% | 58% | 64% | 69% |
| **2016** | 81% | 69% | 120% | 80% |

3. "**Payment to Fighters**" includes the purse amount, separate payments to fighter's promotional companies, if any, and amounts paid to third parties as directed by fighters, if any. No fighters were excluded from this total figure.

4. "**Gross Revenue**" includes ticket, advertising, sponsorship, broadcast, and ancillary revenue attributable to the events included in this table.

5. The **2013** events included in this table are:

<u>PPV</u>
| | | | |
|---|---|---|---|
| October 12, 2013 | Marquez vs Bradley | Las Vegas | NV |
| November 23, 2013 | M Pacquiao vs. B Rios | Macau | China |

<u>Premium</u>
| | | | |
|---|---|---|---|
| January 19, 2013 | Garcia vs Salido | New York | NY |
| March 16, 2013 | T Bradley vs R Provodnikov | Carson | CA |
| March 30, 2013 | B Rios vs M Alvarado | Las Vegas | NV |
| April 6, 2013 | Z Shiming vs E Valenzuela | Macau | China |
| April 13, 2013 | Donaire vs Rigondeaux | New York City | NY |
| June 15, 2013 | Garcia vs Lopez | Dallas | TX |
| July 27, 2013 | Z Shiming vs J Ortega | Macau | China |

1
DECL. OF DAVID LOPEZ

TR-0002
CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential                    TR-0002

Case 2:15-cv-01045-RFB-BNW   Document 739-23   Filed 09/12/19   Page 4 of 11

| Date | Event | City | State |
|---|---|---|---|
| September 28, 2013 | J Chavez, Jr vs B Vera | Carson | CA |
| October 5, 2013 | Cotto vs Rodriguez | Orlando or Miami | FL |
| October 19, 2013 | Alvarado vs Provodnikov | Denver | CO |
| November 9, 2013 | Donaire vs Darchinyan | Corpus Christi | TX |
| December 7, 2013 | Rigondeaux vs Agbeko | Atlantic City | NJ |

Other

| Date | Event | City | State |
|---|---|---|---|
| February 2, 2013 | J Felix vs G Robles | McAllen | TX |
| February 2, 2013 | J Lopez vs S Santos | Bayamon | Puerto Rico |
| February 16, 2013 | Lopez vs Romero | Tijuana | MEX |
| February 23, 2013 | Avalos vs Araiza | Artesia | CA |
| March 16, 2013 | R Marroquin vs. A Escalante | Thackerville | OK |
| March 23, 2013 | J Gonzalez vs J Rios | Trujillo Alto | Puerto Rico |
| April 27, 2013 | R Beltran vs J Saavedra | Austin | TX |
| May 11, 2013 | Darchinyan vs Gallo | Laredo | TX |
| May 18, 2013 | Rodriguez vs Castaneda | Trujillo Alto | Puerto Rico |
| June 8, 2013 | JC Sanchez vs R Sosa | Las Vegas | NV |
| June 29, 2013 | Marroquin vs. D Diaz | Thackerville | OK |
| July 12, 2013 | C Avalaos vs D Francisco | Las Vegas | NV |
| July 13, 2013 | A Perez vs E Riovalle | Inglewood | CA |
| August 10, 2013 | G Rodriguez vs J Pazos | Bethlehem | PA |
| August 17, 2013 | J Diaz vs A DeJesus | Laredo | TX |
| August 24, 2013 | Ramirez vs JC Garcia | Inglewood | CA |
| September 28, 2013 | G Tapia vs E Garcia | Atlantic City | NJ |
| October 11, 2013 | J Vargas v R Narh | Las Vegas | NV |
| November 9, 2013 | J Ramirez vs E Perez | Lemoore | CA |
| November 16, 2013 | Jose Felix vs S Benavidez | Laughlin | NV |
| December 14, 2013 | G Rodriguez vs A Santos | Bayamon | Puerto Rico |

6. The **2014** events included in this table are:

PPV

| Date | Event | City | State |
|---|---|---|---|
| April 12, 2014 | Pacquiao vs Bradley | Las Vegas | NV |
| June 7, 2014 | Cotto vs Martinez | New York City | NY |
| November 22, 2014 | Pacquiao vs Algieri | Macau | CHINA |

Premium

| Date | Event | City | State |
|---|---|---|---|
| January 25, 2014 | Garcia vs Burgos | New York City | NY |
| February 22, 2014 | Vazquez vs Shafikov | Macau | CHINA |
| March 1, 2014 | J Chavez, Jr. vs Vera 2 | San Antonio | TX |
| May 17, 2014 | Marquez vs Alvarado | Los Angeles | CA |

2
DECL. OF DAVID LOPEZ                         TR-0003

CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential                                       TR-0003

PCCX40 Page 3 of 10

| | | | |
|---|---|---|---|
| May 31, 2014 | Donaire vs Vetyeka | Macau | CHINA |
| June 28, 2014 | Crawford vs Gamboa | Omaha | NE |
| July 19, 2014 | Rigondeaux vs Kokiet | Macau | CHINA |
| August 2, 2014 | B Rios vs D Chavez | Las Vegas | NV |
| November 29, 2014 | Crawford vs R Beltran | Omaha | NE |
| December 13, 2014 | Bradley vs D Chavez | Las Vegas | NV |

Other

| | | | |
|---|---|---|---|
| February 1, 2014 | Ramirez vs Mouton | Laredo | TX |
| February 15, 2014 | Magdaleno vs Sanchez | Los Angeles | CA |
| March 22, 2014 | F Verdejo vs. S Santiago | Bayamon | Puerto Rico |
| March 29, 2014 | A Perez vs JC Martinez | Las Vegas | NV |
| April 11, 2014 | G Ramirez vs Y Lorenzo | Las Vegas | NV |
| April 19, 2014 | G Rodriguez vs O Cruz | Orlando | FL |
| April 26, 2014 | J Zepeda vs R Frankel | Port Hueneme | CA |
| May 17, 2014 | J Ramirez vs J Selig | Fresno | CA |
| June 14, 2014 | Tapia vs Collinas | Atlantic City | NJ |
| July 26, 2014 | J Benavidez vs H Aurad | Phoenix | AZ |
| August 9, 2014 | J Felix vs A Rodriguez | Glendale | CA |
| August 16, 2014 | F Verdejo vs O Bravo | Bayamon | Puerto Rico |
| September 6, 2014 | J Diaz vs C Cardenas | Laredo | TX |
| September 20, 2014 | K Ponomarev vs C Rivera | Phoenix | AZ |
| October 4, 2014 | F Verdejo vs S Villanueva | Orlando | FL |
| October 4, 2014 | G Tapia vs Bandoravas | Atlantic City | NJ |
| October 25, 2014 | J Ramirez vs D Rodela | Fresno | CA |
| November 1, 2014 | W Vasquez, Jr. vs Arellano | Caguas | Puerto Rico |
| November 8, 2014 | D Magdaleno vs H Herrera | Pharr | TX |
| November 15, 2014 | G Ramirez vs Zuniga | San Antonio | TX |
| December 6, 2014 | J Felix vs L Soliz | Los Angeles | CA |
| December 13, 2014 | F Verdejo vs K Ouazghari | Philadelphia | PA |
| December 20, 2014 | A Ruiz, Jr. vs Liakhovich | Phoenix | AZ |

7. The **2015** events included in this table are:

PPV

| | | | |
|---|---|---|---|
| May 2, 2015 | Mayweather vs. Pacquiao | Las Vegas | NV |

Premium

| | | | |
|---|---|---|---|
| January 24, 2015 | Rios vs Alvarado 3 | Broomfield | CO |
| March 7, 2015 | Z Shiming vs A Ruenroeng | Macau | CHI |

3
DECL. OF DAVID LOPEZ

TR-0004

CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential

TR-0004

| | | | |
|---|---|---|---|
| April 18, 2015 | T Crawford vs T Dulorme | Arlington | TX |
| June 13, 2015 | Walters vs Marriago | New York | NY |
| June 27, 2015 | Bradley vs J Vargas | Carson | CA |
| July 18, 2015 | I Yang vs C Cuenca | Macau | CHI |
| November 7, 2015 | T Bradley vs B Rios | Las Vegas | NV |

Other

| | | | |
|---|---|---|---|
| January 10, 2015 | J Magdaleno vs E Ruiz | Las Vegas | NV |
| January 17, 2015 | J Zepeda vs O Vazquez | Port Hueneme | CA |
| February 7, 2015 | I Najera vs R Cannon | Hidalgo | TX |
| February 28, 2015 | U Rodriguez vs R Tovar | Tampa | FL |
| March 14, 2015 | S Rodriguez vs J Nardo | Glendale | CA |
| April 11, 2015 | O Valdez vs J Rios | Laredo | TX |
| April 25, 2015 | F Verdejo vs Marco Lopez | San Juan | Puerto Rico |
| May 1, 2015 | R Beltran vs T Ao | Las Vegas | NV |
| May 8, 2015 | G Tapia vs M Soro | Newark | NJ |
| May 9, 2015 | J Ramirez vs R Frankel | Fresno | CA |
| May 15, 2015 | J Benavidez vs J Paez | Phoenix | AZ |
| May 30, 2015 | S Rodriguez vs A Capuline | Hollywood | CA |
| June 13, 2015 | Jose Felix, Jr. vs Y Amidu | Hollywood | CA |
| June 26, 2015 | Ramirez vs D Edwards | Hidalgo | TX |
| July 25, 2015 | B Viloria vs O Soto | Glendale | CA |
| August 1, 2015 | C Avalos v Rey Perez | Frisco | TX |
| August 15, 2015 | J Sosa vs J Belmontes | Bayamon | Puerto Rico |
| August 22, 2015 | S Rodriguez vs R Luna | Fallon | NV |
| September 11, 2015 | O Valez vs Chris Avalos | Las Vegas | NV |
| September 19, 2015 | J Felix Jr. vs M Jimenez | Studio City | CA |
| September 26, 2015 | A Ruiz vs J Godfrey | LeMoore | CA |
| October 16, 2015 | S Monaghan vs D George | Brooklyn | NY |
| October 17, 2015 | J Magdaleno vs V Nebran | Phoenix | AZ |
| October 31, 2015 | C Booth vs L Gonzalez | Kissimmee | FL |
| November 20, 2015 | G Ramirez vs G Khatchikian | Las Vegas | NV |
| December 5, 2015 | J Ramirez vs J Garcia | Fresno | CA |
| December 11, 2015 | F Verdejo vs J Dos Santos | Puerto Rico | Puerto Rico |
| December 12, 2015 | O Valdez vs E Sanchez | Tucson | AZ |
| December 12, 2015 | P Campa vs A Herrera | Glendale | CA |

8. The **2016** events included in this table are:

PPV

4
DECL. OF DAVID LOPEZ   TR-0005
CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential

TR-0005

| Date | Event | City | State |
|---|---|---|---|
| April 9, 2016 | Pacquiao vs Bradley 3 | Las Vegas | NV |
| July 23, 2016 | T Crawford vs V Postol | Las Vegas | NV |
| November 5, 2016 | Pacquiao vs J Vargas | Las Vegas | NV |

**Premium**

| Date | Event | City | State |
|---|---|---|---|
| February 27, 2016 | T Crawford vs H Lundy | New York | NY |
| June 11, 2016 | V Lomachenko vs R Martinez | New York | NY |
| November 26, 2016 | V Lomachenko vs N Walters | Las Vegas | NV |
| December 10, 2016 | T Crawford vs J Molina | Omaha | NE |

**Other**

| Date | Event | City | State |
|---|---|---|---|
| January 16, 2016 | A Saucedo vs B Booth | Dallas | TX |
| January 30, 2016 | E DeLeon vs F Navarrete | Burbank | CA |
| February 13, 2016 | J Felix vs R Sismundo | Studeio City | CA |
| February 20, 2016 | J Magdaleno vs E Mansito | Phoenix | AZ |
| March 12, 2016 | Casey Ramos vs J Perez | Burbank | CA |
| March 19, 2016 | J Diaz vs F Garcia | Houston | TX |
| April 2, 2016 | F Santana vs E Parades | Pt. Hueneme | CA |
| April 16, 2016 | F Verdejo vs JL Rodriguez | San Juan | Puerto Rico |
| May 14, 2016 | S Rodriguez vs D Prescott | Studio City | CA |
| May 21, 2016 | R Beltran vs I Najera | Laredo | TX |
| June 25, 2016 | M Alavardo vs J Torres | Dallas | TX |
| July 9, 2016 | J Ramirez vs T Mendez | Lemoore | CA |
| July 16, 2016 | J Magdaleno vs F Vargas | Lancaster | CA |
| August 6, 2016 | J Diaz vs C Vazquez | Pascua Yaqui Tribe | AZ |
| August 27, 2016 | Marriaga vs Robb | Fallon | NV |
| September 10, 2016 | A Ruiz vs F Lawrence | Lemoore | CA |
| September 23, 2016 | C Diaz vs R Hirales | Kissimmee | FL |
| October 14, 2016 | J Felix Jr. vs A Herrera | Studio City | CA |
| October 28, 2016 | E DeLeon vs A Silva | Laredo | TX |
| November 4, 2016 | A Vences vs C Ramos | Las Vegas | NV |
| November 18, 2016 | C Diaz vs F Vargas | Kissimmee | FL |
| December 2, 2016 | J Ramirez vs G Bracero | Fresno | CA |

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct. Executed at Las Vegas, Nevada, on October 12, 2017.

_____
David Lopez

6
DECL. OF DAVID LOPEZ

TR-0007

CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential

TR-0007

## Nevada Athletic Commission
### OFFICIAL BOUT AGREEMENT

THIS AGREEMENT, Made this **10th** day of **OCTOBER**, **2016**, by and between **TOP RANK INC** of (city) **LAS VEGAS** (state) **NV**, a promoter of unarmed combat, duly licensed under the laws of the State of Nevada, whether one or more, individually, or as an association, hereinafter referred to as the "Promoter", and **EFRAIN CRUZ** of (city) **OCALA**, (state) **FL**, a professional unarmed contestant ("Contestant"), and **Maxim Dadashev** of (city) **Oxnard**, State **CA**, a duly licensed manager (license no. _____) under the laws of the State of Nevada (whether one or more, hereinafter referred to as the "Manager").

WITNESSETH: In consideration of the mutual covenants and agreements hereinafter contained, the parties hereto agree to and with each other as follows:

1. **Definitions.** In this agreement, the words and terms used herein, unless the context otherwise requires, shall have the meanings ascribed to them in Nevada Revised Statutes ("NRS") and Nevada Administrative Code ("NAC") Chapter 467.
2. **Appearance of Contestant.** The Contestant will appear and enter into a contest of unarmed combat at the site location of _____ Nevada on the ____ day of _____ 20__, or on a date to be hereafter agreed upon, for _____ rounds to a decision with _____ as his or her opponent, at a weight of not over _____ pounds, said weight to be taken on the certified scales of the Promoter (this contest is hereinafter referred to as the "Bout").
3. **Compensation of Contestant.** The Promoter will pay the Contestant for the Bout, and the Contestant agrees to accept in full of all claims and demands for his services and the performance by him or her of the Bout, the sum of **THREE THOUSAND** Dollars ($ **3,000** ) (the "Compensation").
4. **The Bout.** The Bout shall be conducted in all respects in conformity with the laws of the State of Nevada, and the rules and regulations of the Nevada Athletic Commission (the "Commission"), which are hereby made a part of this agreement. The referee of the Bout shall be licensed to act as such by the State of Nevada, and selected and assigned to act as a referee of the Bout by the Commission.
5. **Reporting Time.** The Contestant shall personally report at the above-named site location for weighing and medical examination, in accordance with the rules and regulations of the Commission, and shall report at the site to the Executive Director two (2) hours before the time set for the contest.
6. **Publicity.** The Contestant agrees to appear when and as directed by the Promoter at all reasonable times for publicity purposes.
7. **Payment of Manager's Share.** Should the Contestant desire the Manager to be paid directly by the Promoter, deducting such amount from the Contestant's share of the purse: (a) the Manager must be licensed by the Commission, (b) a valid contract between the Contestant and the Manager must be on file with the Commission, (c) the amount to be paid to the Manager must not exceed one-third of the compensation, and (d) the Contestant must specify and initial any such amount below.

MANAGER'S SHARE: $ _____ / _____ %   INITIALS OF CONTESTANT: _____

8. **Breaches of this Agreement.** The following acts or omissions constitute a breach of this agreement if the Commission shall decide that (a) The Contestant and the Manager, or either of them, did not enter into this agreement in good faith; (b) The Contestant and the Manager, or either of them, had any collusive understanding or agreement regarding the termination of the Bout other than that the same should be on an honest exhibition of skill on the part of the contestants; (c) The Contestant is not honestly competing or did not give an honest exhibition of his or her skill; or (d) The Contestant, the Manager and the Promoter, or any of them, is guilty of an act detrimental to the interest of unarmed combat or is guilty of violating any provision of NRS/NAC Chapter 467.
9. **Agreements in the event of a Breach.** The parties agree that if the Commission or its Executive Director determines that the possibility of a breach of this agreement exists, as set forth in section 8 of this agreement, the Commission or its Executive Director, in their discretion, may order that the Promoter or any person holding the Compensation, to pay the Compensation directly to the Commission. The parties hereby waive any right or claim to a hearing on this matter. The Commission shall thereupon, in its sole discretion, make such a disposition of the Compensation as it deems to be in the best interest of unarmed combat, subject to the provisions of NRS/NAC Chapter 467. The parties agree and understand that if the Commission or its Executive Director determines that the possibility of a breach exists, as set forth in section 5 of this agreement, that no part of the Compensation shall be distributed unless so ordered by the Commission after a hearing held in accordance with NRS/NAC Chapter 467.

INITIALS OF PARTIES: (P) _____ (M) _____ (C) _____

10. **Applicable Law.** It is understood and agreed that the rights and obligations of the parties hereto shall be governed by, and construed according to the laws of the State of Nevada. The terms of this agreement shall in all respects be in conformity with the laws of the State of Nevada, and the rules and Regulations now or hereafter adopted by the Commission, which laws and rules are hereby made a part of and incorporated into this agreement. It is agreed by all of the parties that any action arising out of this agreement, shall be commenced in the State of Nevada.
11. **Assumption of the Risk.** The Contestant understands that by participating in a contest or exhibition of unarmed combat, that the Contestant is engaging in an abnormally dangerous activity. The Contestant further understands that this participation subjects the Contestant to a risk of severe injury or death. The Contestant, with full knowledge of this risk, nonetheless, agrees to enter into this agreement and hereby waives any claim that the Contestant or Contestant's heirs may have against the Commission and/or the State of Nevada as the result of any injury the Contestant may suffer as a result of Contestant's participation in any contest or exhibition of unarmed combat in the State of Nevada.

INITIALS OF CONTESTANT: _____

12. **Release.** The parties, for themselves, their heirs, executors, administrators, successors, and assigns, hereby release and forever discharge the State of Nevada and the Commission, and each of their members, agents and employees in their individual, personal and representative capacities, from any and all actions, causes of action, suits, debts, judgements, executions, claims, and demands whatsoever known or unknown, in law or equity, that the parties ever had, now have, may have, or claim to have against any and all of the persons or entities named in this paragraph arising out of, or by reason of this agreement, or any other matter.
13. **Indemnification.** The parties, jointly and severally hereby indemnify and hold harmless the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities against any and all claims, suits and actions, brought against the persons named in this paragraph by reason of this agreement and all other matters relating thereto, and against any and all expenses, damages, charges and costs, including court costs and attorney fees which may be incurred by the persons and entities named in this paragraph as a result of said claims, suits and actions.
14. **Entire Agreement and Modification.** This agreement constitutes the entire agreement of the parties and as such is intended as a complete and exclusive statement of the promises, representations, negotiations, discussions, and other agreements that may have been made in connection with the specific subject matter hereof. Unless otherwise expressly authorized by the terms of this agreement, no modification or amendment to this agreement shall be binding upon the parties unless the same is in writing, signed by the respective parties hereto, and filed with the Commission.
15. **Proper authority.** The parties hereto represent and warrant that the person executing this agreement on behalf of another party, if applicable, has the full power and authority to enter into this agreement.
16. **Severability.** If any provision in this agreement is held to be unenforceable by a court of law or equity, this agreement shall be construed as if such provision did not exist and the non-enforceability of such provision shall not be held to render any other provision or provisions of this agreement unenforceable.
17. **Notices.** All notices or other communications required or permitted to be given under this agreement shall be in writing and shall be deemed to have been duly given if delivered personally in hand, by telephonic facsimile or mailed regular or certified mail to the appropriate party at the last known address on record with the Commission. It is understood by the parties that it is the responsibility of each party to notify the Commission of any change of address.
18. **Waiver of Breach.** Failure to declare a breach or the actual waiver of any particular breach of the agreement or its material or nonmaterial terms by either party shall not operate as a waiver by such party of any of its rights or remedies as to any other breach.
19. **Assignment.** Neither party shall assign, transfer nor delegate any rights, obligations or duties under this agreement without the prior verbal or written consent of the Commission or the Executive Director of the Commission.

IN WITNESSETH WHEREOF, the parties hereto affix their signatures on the date indicated.

PROMOTER **TOP RANK INC**
By (Signature) **Brad Goodman**    Date: **10-10-16**
CONTESTANT [signature]    Date: **11-25-16**
MANAGER _____    Date: _____

NOTICE TO MATCHMAKER: Each contestant MUST BE SIGNED on the Official Bout Agreement. The original Bout Agreement MUST be submitted by weigh in time to the Commission.

Managers handling contestants under so-called "verbal agreements" cannot sign contracts for contestant's appearance, as "verbal agreements" are not recognized by the Commission.

WHITE COPY – Commission    YELLOW COPY – Promoter    PINK COPY – Contestant
0-460 (Revised 3/04)

TR-0008
CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential    TR-0008

# Nevada Athletic Commission
## OFFICIAL BOUT AGREEMENT

THIS AGREEMENT, Made this ____16th____ day of ____November____, ____2016____, by and between ____Top Rank____ of (city) ____Las Vegas____ (state) ____NV____, a promoter of unarmed combat, duly licensed under the laws of the State of Nevada, (whether one or more, individually, or as an association, hereinafter referred to as the "Promoter"), and ____Trevor McCumby____ of (city) ____Phoenix____ (state) ____AZ____, a professional unarmed combatant ("Contestant"), and _____ of (city) _____ (state) _____, a duly licensed manager (license no. _____) under the laws of the State of Nevada, (whether one or more, hereinafter referred to as the "Manager").

**WITNESSETH:** In consideration of the mutual covenants and agreements hereinafter contained, the parties hereto agree to and with each other as follows:

1. **Definitions.** In this agreement, the words and terms used herein, unless the context otherwise requires, shall have the meanings ascribed to them in Nevada Revised Statutes ("NRS") and Nevada Administrative Code ("NAC") Chapter 467.
2. **Appearance of Contestant.** The Contestant will appear and enter into a contest of unarmed combat at the site location of _____, Nevada on the ____ day of _____, or on a date to be hereafter agreed upon, for ____ rounds to a decision with _____ or _____, as his or her opponent, at a weight of not over ____ pounds, said weight to be taken on the certified scales of the Promoter this contest is hereinafter referred to as the "Bout").
3. **Compensation of Contestant.** The Promoter will pay the Contestant for the Bout, and the Contestant agrees to accept in full of all claims and demands for his services and the performance by him or her of the Bout, the sum of _____ Dollars ($ _____ ) (the "Compensation").
4. **The Bout.** The Bout shall be conducted in all respects in conformity with the laws of the State of Nevada, and the rules and regulations of the Nevada Athletic Commission (the "Commission"), which are hereby made a part of this agreement. The referee of the Bout shall be licensed to act as such by the State of Nevada, and selected and assigned to act as a referee of the Bout by the Commission.
5. **Reporting Time.** The Contestant shall personally report at the above-named site location for weighing and medical examination, in accordance with the rules and regulations of the Commission, and shall report at the site to the Executive Director two (2) hours before the time set for the contest.
6. **Publicity.** The Contestant agrees to appear when and as directed by the Promoter at all reasonable times for publicity purposes.
7. **Payment of Manager's Share.** Should the Contestant desire the Manager to be paid directly by the Promoter, deducting such amount from the Contestant's share of the purse: (a) the Manager must be licensed by the Commission, (b) a valid contract between the Contestant and the Manager must be on file with the Commission, (c) the amount to be paid to the Manager must not exceed one-third of the compensation, and (d) the Contestant must specify and initial any such amount below.

MANAGER'S SHARE: $ _____ / _____ % INITIALS OF CONTESTANT _____

8. **Breaches of this Agreement.** The following acts or omissions constitute a breach of this agreement if the Commission shall decide that (a) The Contestant and the Manager, or either of them, did not enter into this agreement in good faith; (b) The Contestant and the Manager, or either of them, had any collusive understanding or agreement regarding the termination of the Bout other than that the same should be on an honest exhibition of skill on the part of the contestants; (c) The Contestant is not honestly competing or did not give an honest exhibition of his or her skill; or (d) The Contestant, the Manager and the Promoter, or either of them, is guilty of an act detrimental to the interest of unarmed combat or is guilty of violating any provision of NRS/NAC Chapter 467.
9. **Agreements in the event of a Breach.** The parties agree that if the Commission or its Executive Director determines that the possibility of a breach of this agreement exists, as set forth in section 8 of this agreement, the Commission or its Executive Director, in their discretion, may order that the Promoter or any person holding the Compensation, to pay the Compensation directly to the Commission. The parties hereby waive any right or claim to a hearing on this matter. The Commission shall thereupon, in its sole discretion, make such a disposition of the Compensation as it deems to be in the best interest of unarmed combat, subject to the provisions of NRS/NAC Chapter 467. The parties agree and understand that if the Commission or its Executive Director determines that the possibility of a breach exists, as set forth in section 8 of this agreement, that no part of the Compensation shall be distributed unless so ordered by the Commission after a hearing held in accordance with NRS/NAC Chapter 467.

INITIALS OF PARTIES: _____ (P) _____ (M)

10. **Applicable Law.** It is understood and agreed that the rights and obligations of the parties hereto shall be governed by, and construed according to the laws of the State of Nevada. The terms of this agreement shall in all respects be in conformity with the laws of the State of Nevada, and the rules and Regulations now or hereafter adopted by the Commission, which laws and rules are hereby made a part of and incorporated into this agreement. It is agreed by all of the parties that any action arising out of this agreement, shall be commenced in the State of Nevada.
11. **Assumption of the Risk.** The Contestant understands that by participating in a contest or exhibition of unarmed combat, that the Contestant is engaging in an abnormally dangerous activity. The Contestant further understands that this participation subjects the Contestant to a risk of severe injury or death. The Contestant, with full knowledge of this risk, nonetheless, agrees to enter into this agreement and hereby waives any claim that the Contestant or Contestant's heirs may have against the Commission and/or the State of Nevada as the result of any injury the Contestant may suffer as a result of Contestant's participation in any contest or exhibition of unarmed combat in the State of Nevada.

INITIALS OF CONTESTANT _____

12. **Release.** The parties, for themselves, their heirs, executors, administrators, successors, and assigns, hereby release and forever discharge the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities, from any and all actions, causes of action, suits, debts, judgements, executions, claims, and demands whatsoever known or unknown, in law or equity, that the parties ever had, now have, may have, or claim to have against any one and all of the persons or entities named in this paragraph arising out of, or by reason of this agreement, or any other matter.
13. **Indemnification.** The parties, jointly and severally hereby indemnify and hold harmless the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities against any and all claims, suits and actions, brought against the persons named in this paragraph by reason of this agreement and all other matters relating thereto, and against any and all expenses, damages, charges and costs, including court costs and attorney fees which may be incurred by the persons and entities named in this paragraph as a result of said claims, suits and actions.
14. **Entire Agreement and Modification.** This agreement constitutes the entire agreement of the parties and as such is intended as a complete and exclusive statement of the promises, representations, negotiations, discussions, and other agreements that may have been made in connection with the specific subject matter hereof. Unless otherwise expressly authorized by the terms of this agreement, no modification or amendment to this agreement shall be binding upon the parties unless the same is in writing, signed by the respective parties hereto, and filed with the Commission.
15. **Proper authority.** The parties hereto represent and warrant that the person executing this agreement on behalf of another party, if applicable, has the full power and authority to enter into this agreement.
16. **Severability.** If any provision in this agreement is held to be unenforceable by a court of law or equity, this agreement shall be construed as if such provision did not exist and the non-enforceability of such provision shall not be held to render any other provision of provisions of this agreement unenforceable.
17. **Notices.** All notices or other communications required or permitted to be given under this agreement shall be in writing and shall be deemed to have been duly given if delivered personally in hand, by telephonic facsimile or mailed regular or certified mail to the appropriate party at the last known address on record with the Commission. It is understood by the parties that it is the responsibility of each party to notify the Commission of any change of address.
18. **Waiver of Breach.** Failure to declare a breach or the actual waiver of any particular breach of the agreement or its material or nonmaterial terms by either party shall not operate as a waiver by such party of any of its rights or remedies as to any other breach.
19. **Assignment.** Neither party shall assign, transfer nor delegate any rights, obligations or duties under this agreement without the prior verbal or written consent of the Commission or the Executive Director of the Commission.

IN WITNESSETH WHEREOF, the parties hereto affix their signatures on the date indicated.

PROMOTER ____Top Rank____
By (Signature) ____[signature]____ Date: ____11-16-16____
CONTESTANT ____[signature]____ Date: ____11-16-16____
MANAGER _____ Date: _____

NOTICE TO MATCHMAKER: Each contestant MUST BE SIGNED on this Official Bout Agreement. The original Bout Agreement MUST be submitted by weigh in time to the Commission.

Managers handling contestants under so-called "verbal agreements" cannot sign contracts for contestant's appearance, as "verbal agreements" are not recognized by the Commission.

WHITE COPY - Commission     YELLOW COPY - Promoter     PINK COPY - Contestant
O-660 (Revised 3/04)

TR-0009

CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER

Attorneys Eyes Only-Highly Confidential     TR-0009

## Nevada Athletic Commission
## OFFICIAL BOUT AGREEMENT

THIS AGREEMENT, Made this _____ day of __November__ , 2016, by and between __Top Rank__ of (city) __Las Vegas__ (state) __NV__, a promoter of unarmed combat, duly licensed under the laws of the State of Nevada, (whether one or more, individually, or as an association, hereinafter referred to as the "Promoter"), and __Konstantin Ponomarev__ of (city) __Moscow__ (state) __RU__, a professional unarmed combatant ("Contestant"), and _____ of (city) _____ (state) _____, a duly licensed manager (license no. _____ ) under the laws of the State of Nevada (whether one or more, hereinafter referred to as the "Manager").

**WITNESSETH:** In consideration of the mutual covenants and agreements hereinafter contained, the parties hereto agree to and with each other as follows:

1. **Definitions.** In this agreement, the words and terms used herein, unless the context otherwise requires, shall have the meanings ascribed to them in Nevada Revised Statutes ("NRS") and Nevada Administrative Code ("NAC") Chapter 467.
2. **Appearance of Contestant.** The Contestant will appear and enter into a contest of unarmed combat at the site location of _____ Nevada on the _____ day of _____ on a date to be hereafter agreed upon, for _____ rounds to a decision with _____, as his or her opponent, at a weight of not over _____ pounds, said weight to be taken on the certified scales of the Promoter (this contest is hereinafter referred to as the "Bout").
3. **Compensation of Contestant.** The Promoter will pay the Contestant for the Bout, and the Contestant agrees to accept in full of all claims and demands for his services and the performance by him or her of the Bout, the sum of _____ Dollars ($ _____ ) (the "Compensation").
4. **The Bout.** The Bout shall be conducted in all respects in conformity with the laws of the State of Nevada, and the rules and regulations of the Nevada Athletic Commission (the "Commission"), which are hereby made a part of this agreement. The referee of the Bout shall be licensed to act as such by the State of Nevada, and selected and assigned to act as a referee of the Bout by the Commission.
5. **Reporting Time.** The Contestant shall personally report at the above-named site location for weighing and medical examination, in accordance with the rules and regulations of the Commission, and shall report at the site to the Executive Director two (2) hours before the time set for the contest.
6. **Publicity.** The Contestant agrees to appear when and as directed by the Promoter at all reasonable times for publicity purposes.
7. **Payment of Manager's Share.** Should the Contestant desire the Manager to be paid directly by the Promoter, deducting such amount from the Contestant's share of the purse: (a) the Manager must be licensed by the Commission, (b) a valid contract between the Contestant and the Manager must be on file with the Commission, (c) the amount to be paid to the Manager must not exceed one-third of the compensation, and (d) the Contestant must specify and initial any such amount below.

MANAGER'S SHARE: $ _____ / _____ %       INITIALS OF CONTESTANT: _____

8. **Breaches of this Agreement.** The following acts or omissions constitute a breach of this agreement if the Commission shall decide that (a) The Contestant and the Manager, or either of them, did not enter into this agreement in good faith; (b) The Contestant and the Manager, or either of them, had any collusive understanding or agreement regarding the termination of the Bout other than that the same should be on an honest exhibition of skill on the part of the contestants; (c) The Contestant is not honestly competing or did not give an honest exhibition of his or her skill; or (d) The Contestant, the Manager and the Promoter, or any of them, is guilty of an act detrimental to the interest of unarmed combat or is guilty of violating any provision of NRS/NAC Chapter 467.
9. **Agreement in the event of a Breach.** The parties agree that if the Commission or its Executive Director determines that the possibility of a breach of this agreement exists, as set forth in section 8 of this agreement, the Commission or its Executive Director, in their discretion, may order that the Promoter or any person holding the Compensation, to pay the Compensation directly to the Commission. The parties hereby waive any right or claim to a hearing on this matter. The Commission shall thereupon, in its sole discretion, make such a disposition of the Compensation as it deems to be in the best interest of unarmed combat, subject to the provisions of NRS/NAC Chapter 467. The parties agree and understand that if the Commission or its Executive Director determines that the possibility of a breach exists, as set forth in section 5 of this agreement, that no part of the Compensation shall be distributed unless so ordered by the Commission after a hearing held in accordance with NRS/NAC Chapter 467.

INITIALS OF PARTIES: (P) _____  (M) _____  (C) _____

10. **Applicable Law.** It is understood and agreed that the rights and obligations of the parties hereto shall be governed by, and construed according to the laws of the State of Nevada. The terms of this agreement shall in all respects be in conformity with the laws of the State of Nevada, and the rules and Regulations now or hereafter adopted by the Commission, which laws and rules are hereby made a part of and incorporated into this agreement. It is agreed by all of the parties that any action arising out of this agreement, shall be commenced in the State of Nevada.
11. **Assumption of the Risk.** The Contestant understands that by participating in a contest or exhibition of unarmed combat, that the Contestant is engaging in an abnormally dangerous activity. The Contestant further understands that this participation subjects the Contestant to a risk of severe injury or death. The Contestant, with full knowledge of this risk, nonetheless, agrees to enter into this agreement and hereby waives any claim that the Contestant or Contestant's heirs may have against the Commission and/or the State of Nevada as the result of any injury the Contestant may suffer as a result of Contestant's participation in any contest or exhibition of unarmed combat in the State of Nevada.

INITIALS OF CONTESTANT: _____

12. **Release.** The parties, for themselves, their heirs, executors, administrators, successors, and assigns, hereby release and forever discharge the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities, from any and all actions, causes of action, suits, debts, judgements, executions, claims, and demands whatsoever known or unknown, in law or equity, that the parties ever had, now have, may have, or claim to have against any and all of the persons or entities named in this paragraph arising out of, or by reason of this agreement, or any other matter.
13. **Indemnification.** The parties, jointly and severally hereby indemnify and hold harmless the State of Nevada and the Commission, and each of their members, agents, and employees in their individual, personal and representative capacities against any and all claims, suits and actions, brought against the persons named in this paragraph by reason of this agreement and all other matters relating thereto, and against any and all expenses, damages, charges and costs, including court costs and attorney fees which may be incurred by the persons and entities named in this paragraph as a result of said claims, suits and actions.
14. **Entire Agreement and Modification.** This agreement constitutes the entire agreement of the parties and as such is intended as a complete and exclusive statement of the promises, representations, negotiations, discussions, and other agreements that may have been made in connection with the specific subject matter hereof. Unless otherwise expressly authorized by the terms of this agreement, no modification or amendment to this agreement shall be binding upon the parties unless the same is in writing, signed by the respective parties hereto, and filed with the Commission.
15. **Proper authority.** The parties hereto represent and warrant that the person executing this agreement on behalf of another party, if applicable, has the full power and authority to enter into this agreement.
16. **Severability.** If any provision in this agreement is held to be unenforceable by a court of law or equity, this agreement shall be construed as if such provision did not exist and the non-enforceability of such provision shall not be held to render any other provision or provisions of this agreement unenforceable.
17. **Notices.** All notices or other communications required or permitted to be given under this agreement shall be in writing and shall be deemed to have been duly given if delivered personally in hand, by telephonic facsimile or mailed regular or certified mail to the appropriate party at the last known address on record with the Commission. It is understood by the parties that it is the responsibility of each party to notify the Commission of any change of address.
18. **Waiver of Breach.** Failure to declare a breach or the actual waiver of any particular breach of this agreement or its material or nonmaterial terms by either party shall not operate as a waiver by such party of any of its rights or remedies as to any other breach.
19. **Assignment.** Neither party shall assign, transfer nor delegate any rights, obligations or duties under this agreement without the prior verbal or written consent of the Commission or the Executive Director of the Commission.

IN WITNESSETH WHEREOF, the parties hereto affix their signatures on the date indicated.

PROMOTER: __Top Rank__
By (Signature): _____   Date: _____
CONTESTANT: _____   Date: _____
MANAGER: _____   Date: _____

NOTICE TO MATCHMAKER: Each contestant MUST BE SIGNED on this Official Bout Agreement. The original Bout Agreement MUST be submitted by weigh-in time to the Commission.

Managers handling contestants under so-called "verbal agreements" cannot sign contracts for contestant's appearance, as "verbal agreements" are not recognized by the Commission.

WHITE COPY - Commission       YELLOW COPY - Promoter       PINK COPY - Contestant

0-460 (Revised 3/04)

TR-0010
CONFIDENTIAL; ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER