WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.: 2:15-cv-01045-RFB-BNW <br><br> **ZUFFA, LLC'S MOTION FOR RECONSIDERATION OF RULING ON TESTIMONY AT SEPTEMBER 23, 2019 EVIDENTIARY HEARING** |

Pursuant to Local Rule 59-1(a), Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court reconsider its decision to sustain Plaintiffs' objections and to strike Joe Silva's testimony on his knowledge of Zuffa's event revenue, his lack of budget, and whether he used Zuffa's revenues at all in negotiating compensation with athletes at the September 23, 2019 hearing on class certification in *Le et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-BNW.

Prior to the September 23 hearing, this Court stated that it wanted Mr. Silva to testify concerning whether Zuffa had a pay structure and whether Zuffa tried to pay fighters a certain percentage of revenue.  Specifically, on September 13, 2019, this Court engaged in the following colloquy with Zuffa's counsel:

> THE COURT: If I were to find that in the record Zuffa itself looked at event revenues and used percentages --
> MR. ISAACSON: Right.
> THE COURT: -- to try to determine how much to pay or not pay fighters, would that be enough from your perspective for me to find that wage share is an appropriate measure in this case?
> MR. ISAACSON: No, because you are -- and you are --you are trying to decide whether it's an appropriate measure to determine the effect of monopsony. All right. That is completely different from assessing what -- a business saying how much am I paying for my labor, how much am I paying for my manufacturing costs. And that's what Professor Oyer told you and what Dr. Topel told you is that you have businesses, and businesses break down, like, how much -- what percentage am I paying to this, what percentage am I paying to that. That is not an evaluation of monopsony power. And --
> THE COURT: You will have one more witness who is going to talk a little bit more about this because I think that's one reason why Mr. Silva I think is relevant as relates to pay structure potentially, which is one of the questions I want to ask him.

ECF No. 745, Tr. 87:2-24.

Consistent with this Court's questions, Zuffa's counsel asked Joe Silva five questions relating to his knowledge of Zuffa's event revenue, whether he had a budget for athletes' compensation, and whether Zuffa tried to maintain a certain set percentage of its revenue as compensation, at the September 23, 2019 hearing.  Decl. of Stacey K. Grigsby in Supp. of Mot. for Reconsideration ("Grigsby Decl."), Ex. A, Evidentiary Hearing Day 7, Tr. 103:25-105:22.  During this questioning, Plaintiffs objected that Mr. Silva did not put in a declaration in this case and that "now we're going to have this lay witness testify apparently about an economic concept that seems

ZUFFA, LLC'S MOT. FOR RECONSIDERATION OF RULING ON TESTIMONY

1  inappropriate and brand new."  *Id.* at 104:4-14. The Court sustained Plaintiffs' objection to the

2  reference to wage share and struck all Mr. Silva's answers related to revenues from the record.  *Id.*

3  at 103:25-106:11.

4        Mr. Silva's stricken testimony is relevant to central issues in this case—issues about which

5  the Court previously said it wanted Mr. Silva to testify—and does not constitute an unfair surprise.

6  First, the Court expressly stated during the September 13 hearing that it expected to hear whether

7  Zuffa had a practice of paying fighters based on event revenues and percentages.  ECF No. 745, Tr.

8  87:2-8.  Indeed, the Court indicated that it wanted to hear Mr. Silva's testimony on these very

9  questions.  *Id.* at 87:20-24.

10       Second, Plaintiffs' position that Mr. Silva's anticipated testimony constituted an unfair

11  surprise is simply untrue.  Grigsby Decl., Ex. A, Tr. 104:11-14.  In opposition to the motion for

12  class certification, Zuffa cited to Mr. Silva's deposition testimony eight times for the proposition

13  that Zuffa lacked a formal compensation structure and negotiated athlete compensation based on

14  individual factors.  ECF No. 540 at 8, 31 & nn.46-48, 32 n.49, 33 n.50, 34 n.53.  Because Zuffa has

15  argued and cited Mr. Silva's testimony to show that he did not negotiate using a pay structure, his

16  testimony demonstrating his lack of knowledge about event revenue and the absence of a budget is

17  neither new nor surprising.  Furthermore, Plaintiffs' objection misconstrues the scope of appropriate

18  fact witness testimony.  The questions directed at Mr. Silva asked about his experience during his

19  negotiations with athletes as a percipient witness.  As a fact witness, Mr. Silva is not limited by a

20  declaration or deposition testimony.  Fed. R. Evid. 602.  Mr. Silva was not offering any lay

21  opinions, but testifying about facts within his personal knowledge.  To the extent that Plaintiffs

22  previously did not ask Mr. Silva about his knowledge of wage share at his deposition, that was

23  Plaintiffs' own tactical decision.  Plaintiffs noticed Mr. Silva's deposition and had ample

24  opportunity to question him during a 10-hour deposition about whether he had a budget or

25  knowledge of event revenue, but chose not to pursue that line of questioning.  Zuffa had no

26  obligation to inform Plaintiffs that Mr. Silva would testify that he had no budget and did not have

27  information about event revenues at the time he negotiated athlete contracts.

28

Zuffa proffers that, if allowed to answer the questions asked, Mr. Silva would testify that:

- Mr. Silva did not know Zuffa's event revenues at the time he negotiated athlete compensation.
- At no point during the class period was Mr. Silva told he had a budget for athlete compensation.
- At no point during the class period was Mr. Silva told that he was spending too much on athletes.
- Mr. Silva had never heard of the concept of paying athletes a share of revenues until he learned of this lawsuit.
- During the class period, no mixed martial arts athlete ever asked Mr. Silva for a contract where the athlete would earn certain percentage of the event revenue as payment.

Grigsby Decl., Ex. B, Decl. of Joseph Silva in Supp. Of Mot. for Reconsideration ¶¶ 3-9.

For all these reasons, Zuffa respectfully requests that the Court reconsider sustaining Plaintiffs' objections and striking any portion of Mr. Silva's testimony.

ZUFFA, LLC'S MOT. FOR RECONSIDERATION OF RULING ON TESTIMONY

Dated:  September 26, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER, State Bar No. 3568
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 S. Fourth Street, Ste. 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL, State Bar No. 1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

ZUFFA, LLC'S MOT. FOR RECONSIDERATION OF RULING ON TESTIMONY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa, LLC's Motion for Reconsideration of Ruling on Testimony at September 23, 2019 Evidentiary Hearing was served on September 26, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Roderick Crawford*
Roderick Crawford