1

2:15-cv-01045-RFB-PAL

1             UNITED STATES DISTRICT COURT

2                  DISTRICT OF NEVADA

3

4  CUNG LE, et al.,                )
                                    )
5              Plaintiffs,          ) Case No. 2:15-cv-01045-RFB-PAL
                                    )
6       vs.                         ) Las Vegas, Nevada
                                    ) Friday, December 14, 2018
7  ZUFFA, LLC, d/b/a Ultimate       ) 2:12 p.m.
   Fighting Championship and        )
8  UFC,                             ) MOTIONS HEARING
                                    )
9              Defendants.
   _____

10

11

12

13         REPORTER'S TRANSCRIPT OF PROCEEDINGS

14       THE HONORABLE RICHARD F. BOULWARE, II,
                UNITED STATES DISTRICT JUDGE
15

16

17

18

19  APPEARANCES:     See Next Page

20

21
    COURT REPORTER:  Patricia L. Ganci, RMR, CRR
22                   United States District Court
                     333 Las Vegas Boulevard South, Room 1334
23                   Las Vegas, Nevada  89101

24
    Proceedings reported by machine shorthand, transcript produced
25  by computer-aided transcription.

PATRICIA L. GANCI, RMR, CRR - (702) 385-0670

Case 2:15-cv-01045-RFB-BNW   Document 751-4   Filed 10/04/19   Page 2 of 4
Case 2:15-cv-01045-RFB-BNW   Document 627-4   Filed 12/18/18   Page 12 of 62

12

—2:15-cv-01045-RFB-PAL—

1  difficult for me to resolve that without having the experts
2  testify and hearing their testimony, observing them, to decide
3  whether or not it's appropriate to use wage share or a
4  percentage of event revenue as a legitimate economic model or
5  not and who said that and whether or not it's appropriate to
6  make these comparisons.
7           And so in reviewing that and in reviewing the case law,
8  it seems to me that I have to make those determinations to be
9  able to resolve the motion to certify because I have to tell you
10 it seems to me, quite honestly, it comes down to the fact
11 whether or not I accept Dr. Singer's expert opinions or
12 Dr. Topel or whoever's opinions.  That's essentially a central
13 aspect to not just the motion to certify, the case basically, I
14 mean.  And it's also true that some aspects to this are somewhat
15 unique in terms of the modeling, but it's also true that this is
16 the first time that I can see there's a case in an industry like
17 this and in this type of a trajectory that is something the
18 courts have considered post Tyson and Comcast which I think
19 changed the landscape for how courts look at these types of
20 things.
21          All that is to say that it seems to me that the
22 procedure that I think would be appropriate would be to have the
23 experts and only the experts with the exception of one
24 individual, which would be Mr. Silva, because I also think
25 Mr. Silva's testimony is potentially crucial at least to be able

Case 2:15-cv-01045-RFB-BNW   Document 751-4   Filed 10/04/19   Page 3 of 4
Case 2:15-cv-01045-RFB-BNW   Document 627-4   Filed 12/18/18   Page 13 of 62

13

2:15-cv-01045-RFB-PAL

1  to evaluate whether or not there was in fact internal pay
2  equity.  And if there was, that's I believe potentially a
3  separate basis.
4          So let me hear, Mr. Isaacson, your comment as it
5  relates to that proceeding and what you think should be the
6  contours or not of that in the context of this case.  By my
7  estimation that could take three or four days unfortunately in
8  part because of the complex nature of some of the modeling and
9  because you have different models for different aspects of the
10 common impact, right.
11         MR. ISAACSON:  Yes.
12         THE COURT:  So it's not as if it's one model that
13 covers all of these things, right.  You have different models.
14 You have different markets.  You have different sort of null
15 markets, if you will, that apply in the context of the
16 comparisons between the fighters and ranked fighters.  And so
17 why don't you tell me what your thoughts are as it relates to
18 that procedure in this case.
19         MR. ISAACSON:  Well, essentially we agree with you,
20 Your Honor, that for purposes of determining class certification
21 and the central issue which underlies the plaintiffs' case as to
22 how they're going to prove antitrust injury common throughout
23 the class that this relies on the work of Dr. Snyder and the
24 theory of both wage share and foreclosure share.  Foreclosure --
25 right now the regression is a relationship between foreclosure

Case 2:15-cv-01045-RFB-BNW   Document 751-4   Filed 10/04/19   Page 4 of 4
Case 2:15-cv-01045-RFB-PAL   Document 627-4   Filed 12/18/18   Page 16 of 62

16

2:15-cv-01045-RFB-PAL

```
 1  It merely shows that -- it concludes that when -- basically a
 2  rising -- a rising tide raises all boats, but it doesn't show
 3  any actual common impact or amount of impact.
 4          So while I would agree with -- agree with you that
 5  it's --
 6          THE COURT:  So you're saying it wouldn't be relevant to
 7  deciding whether or not there's certain factors like ranking
 8  that were uniformly considered or, you know, weight?  I mean, it
 9  seems to me that at a minimum what a Zuffa witness, whoever it
10  would be, would be able to say, "This is a factor we considered
11  every single time."
12          Now, you could still make the argument that there are
13  individual determinations that go into a single factor.  I'm not
14  saying you couldn't make that argument.  But it seems to me that
15  it's hard to not consider relevant a Zuffa employee's, who's
16  been involved with compensation, testimony about whether or not
17  a factor was uniformly considered.  It doesn't mean that it
18  establishes --
19          MR. ISAACSON:  Right.
20          THE COURT:  -- common impact.  But it does mean that
21  there is an issue to be addressed as relates to separating out
22  the impact of the alleged antitrust injury versus common
23  factors.
24          MR. ISAACSON:  So I am not advancing the argument that
25  it's irrelevant.
```