WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER (State Bar No. 3568)
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL (State Bar No. 1216)
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS (State Bar No. 5549)
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**ZUFFA, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF RULING ON TESTIMONY AT SEPTEMBER 23, 2019 EVIDENTIARY HEARING** |

Stripped of its rhetorical excess, Plaintiffs' response to Zuffa's motion for reconsideration, ECF No. 748, boils down to a single, untenable assertion—that a fact witness cannot testify to an issue within his personal knowledge if the party eliciting that testimony did not obtain testimony on that issue at a deposition or did not disclose the substance of the testimony in a declaration or expert report.  That is not the law.  No rule precludes this type of testimony.  In this case, Mr. Silva's testimony is consistent with his deposition testimony, falls within his unique personal knowledge, and relates to a relevant issue in the class certification hearing.  No more is required for admissibility.[1]

### A. Mr. Silva's Understanding of Zuffa's Use of Wage Share Is An Issue Of Fact Within His Personal Knowledge As A Fact Witness

Plaintiffs initially argue that "wage share" is an economic concept, claiming Mr. Silva is "not competent to testify about the use of wage share as a lens for analyzing monopsony power." ECF No. 751 at 1.  But Zuffa did not ask Mr. Silva to offer opinion testimony; it merely asked for facts within his personal knowledge, as the transcript shows.  Zuffa's counsel did not ask Mr. Silva to opine on the appropriateness of applying the economic concept of "wage share."  Zuffa's counsel instead asked Mr. Silva factual questions about whether he was ever instructed, or tried, to meet any sort of wage share target or whether any athlete ever asked to be compensated based on revenue from an event.  9/23/19 Hearing Tr. 106:13-14.  Answering those questions concerning historical fact required no specialized expertise.  To the contrary, Mr. Silva's extensive personal knowledge about negotiations with athletes and the compensation Zuffa paid to athletes was sufficient basis to answer them.  *E.g.*, *id.* at 11:17-19, 16:8-20, 17:3-18.  Mr. Silva also was competent to testify as to whether he even knew Zuffa's "actual or expected" event revenues when he negotiated athletes' compensation.  *E.g.*, *id.* at 85:25-86:17.

---

[1] Although Court has ruled that evidence does not have to be in admissible form to be considered for the purposes of its ruling on class certification, ECF No. 600, Mr. Silva's stricken and proffered testimony meets the higher threshold for admissibility.

**B.   *Plaintiffs' "New Testimony" Objection Has No Basis In Law***

Plaintiffs now assert that Mr. Silva's testimony is "entirely new" and should have been disclosed to Plaintiffs prior to the hearing during Mr. Silva's deposition, in a declaration, or in an expert report. But Plaintiffs cite no authority for this supposed requirement. Nor could they as none exists. Unlike expert witness testimony, fact witness testimony is not governed by the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2).[2] The Federal Rules of Evidence only require the disclosure of the identity of fact witnesses, FRCP 26(a), and, then a fact witness may testify to facts about which the witness has personal knowledge, FRE 602. Nothing in Rule 30 or any other rule requires a party to ask a fact witness about all potential issues in the case lest it be denied the right to later elicit factual testimony responsive to an issue that the other side raises for the first time more than a year after the deposition.

Nor was Zuffa obligated to provide Plaintiffs with a declaration laying out the substance of Mr. Silva's testimony. Zuffa submitted its opposition to class certification in April 2018 (citing to Mr. Silva's deposition testimony about pay structure eight times, ECF No. 748 at 2), more than one year and four months before Mr. Silva testified at the evidentiary hearing. In its opposition, Zuffa made clear that it did not have a pay structure and cited to the subjective factors that Mr. Silva testified influenced the decision on what to offer as compensation. ECF No. 540 at 31 & n.47. Importantly, nothing in Mr. Silva's testimony suggested that Mr. Silva knew Zuffa's revenue or used event revenue as a metric to determine athlete compensation. To find that Zuffa had an obligation to submit a declaration from Mr. Silva would impose an obligation on Zuffa to anticipate Plaintiffs' assertions that Zuffa used "wage share" to determine athlete compensation, ECF No. 741, 9/12/19 Hearing Tr. at 5-24:15-22, and then to a prove a negative.

Finally, Plaintiffs' contention that Zuffa's examination of Mr. Silva should be limited by the scope of Plaintiffs' examination is wrong. *Plaintiffs did not even want Mr. Silva to testify*.

---

[2] Lay witnesses are not bound by expert reports. *Klein v. Beck*, No. 4:10-CV-0088-EJL-REB, 2012 WL 12903691, *2 (D. Idaho Aug. 7, 2012) (finding a witness was both a lay witness and an expert witness and holding the witness was limited by his report when testifying as an expert but could testify beyond his report when testifying about facts he observed as a lay witness).

ECF No. 627, Dec. 14, 2018 Tr. 38:8-39:8.  Once it became apparent the Court wanted to hear from Mr. Silva, Plaintiffs insisted they be permitted to examine him first as a hostile witness. Accordingly, it would be unfair and prejudicial to limit the scope of Zuffa's direct examination of Mr. Silva based on Plaintiffs' cross examination.[3]

### C. **Mr. Silva's Lay Testimony Regarding A Central Issue In This Case Within His Personal Knowledge is Relevant Testimony.**

As Zuffa explained in its opening brief, this Court stated prior to Mr. Silva's testimony that it expected to hear whether Zuffa had a practice of paying fighters based on event revenues and percentages.  ECF No. 748 at 2 (citing 9/13/19 Tr. 87:2-8, 87:20-24).  The Court recognized that if there was a "fundamental flaw" in Dr. Singer's modeling and use of wage share that would be "outcome determinative."  ECF No. 651, 2/1/19 Hearing Tr. 42:22-43:5.

The Court allowed testimony that Zuffa and WME considered wage share in "their own internal analyses and projections," including testimony from Prof. Manning who did not previously disclose this opinion in his expert report.  ECF No. 741, 9/12/19 Hearing Tr. at 5-24:15-22.  The Court specifically asked Prof. Manning during his rebuttal:  "And so my question to you is, if we were aware -- and I'm not saying it's been established, that in fact the promoters used wage share as it relates to event revenue, would that not be a basis to include that in the model?" ECF No. 745, 9/13/19 at 6-7:17-20.  Only one witness at the evidentiary hearing had personal, first-hand knowledge about how Zuffa used wage share in athlete negotiations: Mr. Silva.

In an attempt to show that Mr. Silva's wage share testimony is irrelevant, Plaintiffs cite to a hodgepodge of academic articles that they claim use wage share to infer monopsony power despite athletes being compensated in wage levels, not wage share.  ECF No. 751 at 11-12.  The so-called academic articles on the use wage share have no bearing on the relevance of Mr. Silva's testimony.  This Court previously indicated that it was interested in determining whether *Zuffa itself* "looked at event revenues and used percentages," ECF No. 748 at 1 (citing ECF No.

---

[3] Plaintiffs concede that their examination of Mr. Silva was a cross-examination and Zuffa's examination was a direct examination, despite the unorthodox ordering, in their Opposition when they object to not having further opportunity to cross Mr. Silva on the contents of his declaration, submitted with Zuffa's Motion for Reconsideration. ECF No. 751 at 9 n.6.

745, Tr. at 87:2-24). Mr. Silva's testimony explains that he, Zuffa's longtime matchmaker, did not look at event revenues or use percentage of compensation to revenue in determining athlete compensation. As Mr. Silva testified and would have testified, he did not consider a percentage of Zuffa's event revenues in determining what to offer each athlete.

### D. *Mr. Silva's Proffered Testimony Is Accurate*

Unable to affirmatively show that Mr. Silva *ever* negotiated with an athlete on the basis of total Zuffa revenues, Plaintiffs note that Zuffa paid certain athletes an amount of pay-per-view ("PPV") revenues. The fact that a few athletes (rather than all or virtually all of the class) asked for PPV as part of compensation negotiations does not undermine the accuracy of Mr. Silva's proffered testimony.

First, Mr. Silva testified that he would refer an athlete who wanted to negotiate a piece of pay-per-view "to Dana or Lorenzo." 9/23/19 Hearing Tr. 86:5-17. When asked about whether "athletes ever ask[ed] [him] about Zuffa's actual or expected revenue for an event" in negotiating for pay-per-view, Mr. Silva said "No." *Id.* at 86:14-17.

Second, Mr. Silva's declaration states: "When I was negotiating with athletes, no athlete ever asked me for a contract wherein the athlete would earn a certain percentage of the event revenue as payment." ECF No. 748-3 ¶ 9. As Mr. Silva testified, in authenticating and affirming the accuracy of ZCCX214, the "Forms of UFC Compensation" summary exhibit filed with Zuffa's opposition to class certification, athletes received show and other pay in addition to any pay-per-view pay. 9/23/19 Hearing Tr. 81:1-86:17. No athlete's contract was ever based on a share of Zuffa's revenue—at most, a few athletes with a pay-per-view clause (generally only when defending a championship belt) received a portion of the marginal pay-per-view purchases (e.g. all purchases greater than 300,000) at a particular event, not a share of Zuffa's event revenue – a fact which Plaintiffs' expert acknowledges. SR1 ¶ 32.

Plaintiffs have offered no documents, testimony, or other form of proof contradicting Mr. Silva's declaration stating that: he never knew Zuffa's event revenues when he negotiated athlete compensation; he was never told by anyone at Zuffa that he had a budget for athlete compensation or that he was spending too much on athletes; he had never heard of the concept of

paying these athletes a share of revenues until he learned about this lawsuit; or that when he was negotiating with athletes that an athlete asked him for a contract that the athlete would earn a certain percentage of the event revenue as payment.  ECF No. 748-3 ¶¶ 5-9.  Mr. Silva's testimony on these issues is true and unrebutted.

## CONCLUSION

Therefore, Zuffa respectfully requests that the Court reconsider its decision to sustain Plaintiffs' original objection to the testimony at issue and requests that the Court accept Mr. Silva's sworn declaration.

Dated: October 11, 2019

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Stacey K. Grigsby*
    Stacey K. Grigsby

WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@bsfllp.com)
STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@bsfllp.com)
NICHOLAS A. WIDNELL (*Pro hac vice*)
(nwidnell@bsfllp.com)
JONATHAN M. SHAW (*Pro hac vice*)
(jshaw@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW, Washington, DC 20005
Telephone: (202) 237-2727; Fax: (202) 237-6131

RICHARD J. POCKER (State Bar No. 3568)
(rpocker@bsfllp.com)
BOIES SCHILLER FLEXNER LLP
300 South Fourth St., Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL (State Bar No. 1216)
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS (State Bar No. 5549)
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Reply in Support of Its Motion for Reconsideration of Ruling on Testimony at September 23, 2019 Evidentiary Hearing was served on October 11, 2019 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                    */s/ Roderick Crawford*
                                    Roderick Crawford