2:15-cv-01045-RFB-PAL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CUNG LE, et al.,                )
                                )
         Plaintiffs,            ) Case No. 2:15-cv-01045-RFB-PAL
                                )
    vs.                         ) Las Vegas, Nevada
                                ) Thursday, September 17, 2020
ZUFFA, LLC, d/b/a Ultimate      ) 10:28 a.m.
Fighting Championship and       )
UFC,                            ) STATUS CONFERENCE
                                )
         Defendants.            |
_____

REPORTER'S TRANSCRIPT OF ZOOM VIDEOCONFERENCE PROCEEDINGS

THE HONORABLE RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE

APPEARANCES:        See Pages 2 and 3

COURT REPORTER:     Patricia L. Ganci, RMR, CRR
                    United States District Court
                    333 Las Vegas Boulevard South, Room 1334
                    Las Vegas, Nevada  89101

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
                 ─────2:15-cv-01045-RFB-PAL─────
```

1  APPEARANCES:
   For the Plaintiffs:
2
            **DON SPRINGMEYER, ESQ.**
3           WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
            3556 E. Russell Road, 2nd Floor
4           Las Vegas, Nevada 89120
            (702)341-5200
5
            **ERIC L. CRAMER, ESQ.**
6           **PATRICK F. MADDEN, ESQ.**
            BERGER & MONTAGUE, P.C.
7           1818 Market Street, Suite 3600
            Philadelphia, Pennsylvania 19103
8           (215)875-3000

9           **RICHARD A. KOFFMAN, ESQ.**
            **DANIEL H. SILVERMAN, ESQ.**
10          COHEN, MILSTEIN, SELLERS & TOLL, PLLC
            1100 New York Avenue, NW, Suite 500 West
11          Washington, DC 20005
            (202)408-4600
12
            **JOSHUA P. DAVIS, ESQ.**
13          **KEVIN RAYHILL, ESQ.**
            THE JOSEPH SAVERI LAW FIRM, INC.
14          555 Montgomery Street, Suite 1210
            San Francisco, California 94111
15          (415)500-6800

16          **ROBERT C. MAYSEY, ESQ.**
            WARNER ANGLE HALLAM JACKSON & FORMANEK, PLC
17          2555 E. Camelback Road, Suite 800
            San Francisco, California 85016
18          (602) 264-7101

19
   For Defendant Zuffa, LLC:
20
            **SAMUEL MIRKOVICH, ESQ.**
21          CAMPBELL & WILLIAMS
            700 South 7th Street
22          Las Vegas, Nevada 89101
            (702)382-5222
23
            **WILLIAM A. ISAACSON, ESQ.**
24          PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
            2001 K Street, NW
25          Washington, DC 20006
            (202)223-7300

─────────────2:15-cv-01045-RFB-PAL─────────────

```
 1  APPEARANCES CONTINUED:

 2          STACEY K. GRIGSBY, ESQ.
            COVINGTON & BURLING, LLP
 3          One CityCenter, 850 Tenth Street, NW
            Washington, D.C. 20001
 4          (202)662-5238

 5
    For Defendant Top Rank:
 6
            BROOKE DANIELLE JENKINS, ESQ.
 7          O'MELVENY & MYERS, LLP
            1999 Avenue of the Stars, 8th Floor
 8          Los Angeles, California 90067
            (310)553-6700
 9

10  ALSO PRESENT:
            Riche McKnight, Esq., Zuffa
11

12     LAS VEGAS, NEVADA; THURSDAY, SEPTEMBER 17, 2020; 10:28 A.M.

13                            --oOo--

14                       P R O C E E D I N G S

15         THE COURT:  Okay, counsel.  I appreciate everyone's

16  patience as we get through this difficult technical process.

17  I'm going to call the case of Le, et al., versus Zuffa, LLC, et

18  al., Case Number 2:15-cv-1045.

19         I understand there's only going to be two counsel

20  speaking.  So I'd ask just the two of you to identify yourselves

21  for the record.  For the plaintiffs?

22         MR. CRAMER:  Good day, Your Honor.  Good to see you

23  again.  Eric Cramer from Berger Montague for the plaintiffs.

24         THE COURT:  And for the defendants?

25         MR. ISAACSON:  Good to see you, Your Honor.  It's Bill
```

―――――――――2:15-cv-01045-RFB-PAL―――――――――

1  Isaacson again, now with Paul Weiss, for the defendants.
2          THE COURT:  Good morning, everyone.
3          Let me just say this for all individuals who are on
4  this call who are muted, and I want to be clear about this, this
5  proceeding cannot be recorded in any way.  Anyone who records
6  this proceeding in any way and reproduces that recording or
7  shares that recording will be subject to potential civil or
8  criminal contempt orders.  And I want that to be perfectly clear
9  for all of you who are listening, but who may not be
10 participating.  Even though this will be a relatively short
11 hearing, the Court doesn't grant anyone permission to be able to
12 record these proceedings.
13         Now, with that, and the reason why I set this status
14 conference is obviously since the end of the proceedings last
15 time we've had a great deal of activity in our country generally
16 as relates to the global pandemic which has affected litigations
17 throughout this country and court operations.  But as we get
18 back up to speed in all of these operations, particularly in our
19 district on these civil cases, I wanted to check in with the
20 parties in this case.
21         I am in the process of finalizing my certification
22 order at this point in time.  I don't anticipate that there
23 would be anything that has happened as it relates to the
24 pandemic or potentially Zuffa operations that would impact the
25 Court certification order.

2:15-cv-01045-RFB-PAL

1  However, before I finalize and issued the order, I just
2  wanted to check in with the parties to see if there's something
3  significant in the context of what has transpired around the
4  global pandemic and its impact on this case to see whether or
5  not there's something that I should consider in that context.
6  So, Mr. Isaacson, I will start with you.  Is there
7  anything in the context of what has transpired in the past
8  several months that would in any way change the record in this
9  case such that the Court should consider additional information?
10  MR. ISAACSON:  We don't have any additional information
11  to submit.  Everybody's been personally impacted, as you would
12  understand, but we don't have an additional legal submission to
13  make with respect to the motion.
14  THE COURT:  Okay.  Thank you, Mr. Isaacson.
15  Mr. Cramer.
16  MR. CRAMER:  We have the same view.  Everyone's been
17  personally affected, but we don't think that there's anything
18  that's happened that would affect the pending motion.
19  THE COURT:  Mr. Cramer and Mr. Isaacson, one other
20  question I have for you, and I'll start with you, Mr. Cramer,
21  is if the Court were to certify the bout class, which it appears
22  from the record that that's most likely going to happen in this
23  case, is there anything else that would need to be addressed in
24  the order as it relates to the case proceeding?
25  MR. CRAMER:  We don't think so, Your Honor.  Obviously,

1  we -- we would like to -- we are pleased that the Court is
2  considering granting the bout class, and everything that we've
3  submitted I think -- I don't think we'd have anything to add to
4  what we have submitted to date.
5          THE COURT:  And then upon the issuance of the order, if
6  it were to -- if it were to certify the bout class, what would
7  you anticipate would be the next steps?  Beyond whatever
8  potential appellate remedies that might be sought in this case
9  under Rule 24, what would be your anticipation of the next steps
10 going forward?
11         MR. CRAMER:  Your Honor, I'm glad you asked that.  We
12 are very eager to move forward towards trial.  We know that
13 Zuffa had filed a summary judgment motion which had been
14 briefed, but Your Honor denied that without prejudice --
15 prejudice pending the outcome of the class certification
16 proceedings.  We would imagine that Zuffa would want to refile
17 or file a slightly different summary judgment motion, we would
18 like to respond to that, and then we'd want to move towards
19 trial.
20         So we're eager -- we're eager after a lot of work
21 that's been done, a lot of discovery, both fact and expert, a
22 lot of work by the Court to move this case towards trial.  So
23 that's -- that's our goal.  We would like summary judgment to be
24 briefed and ruled upon and then a trial date to be set.  That's
25 our goal.

1            THE COURT:  Right.
2            Then, Mr. Isaacson, from your perspective, again if the
3   Court were to certify the bout class, as I've said is likely to
4   happen, what would be the next steps?
5            And, again, I haven't finalized the order so I just
6   want to be clear.  That's not a final statement at this point in
7   time, but that's what I think is the likely direction of this
8   case.
9            Mr. Isaacson?
10           MR. ISAACSON:  Understood, Your Honor.  If -- if you do
11  issue such an order, it would be important to us that the
12  opinion come out at the same time because the -- we would be
13  looking at, as we've discussed the last time we were together,
14  potential appeal and ...
15           THE COURT:  Short time.
16           MR. ISAACSON:  Yeah, well, a short time and we want --
17           THE COURT:  Right.
18           MR. ISAACSON:  We would appreciate that.
19           And counsel is quite correct that we briefed summary
20  judgment.  The Court denied those without prejudice, indicating
21  we were going to have additional evidence at the class
22  certification hearings.  And so we would want to look to
23  revising those, and we'll also want to see your opinion.
24           The same thing happened with the Daubert motions.  We
25  filed Daubert motions.  Those were denied without prejudice.

―――――――2:15-cv-01045-RFB-PAL―――――――

1  And so after your opinion, we would also take a look at those.
2          I think the best thing that would -- I'm sure
3  plaintiffs will cooperate in this.  We -- after your orders, we
4  would get-together and meet and confer about a briefing
5  schedule.
6          THE COURT:  Okay.  I just wanted to make sure that if
7  in the context of the order that I would issue, and of course
8  you would receive the written opinion, Mr. Isaacson and
9  Mr. Cramer, if there's anything that would need to be covered in
10 that as I finalized the order.  I just wanted to make sure that
11 I'm not leaving anything out in terms of the status of where the
12 case is and what would be the next steps.
13         I mean, obviously if I were ultimately to decide not to
14 certify the class, then that would be a completely separate
15 issue, but it seems to me that there's a -- that there's a
16 separate track if the case goes forward on the bout class, which
17 as I said I think is the probable likely outcome at this point
18 in time.  But I just am finalizing the order and I want to make
19 sure it's complete.
20         All right then.  Is there anything else that we need to
21 address today as it relates to the case moving forward, but with
22 the issuance of the Court's certification order?  Mr. Isaacson?
23         MR. ISAACSON:  Nothing today, Your Honor.
24         THE COURT:  Mr. Cramer?
25         MR. CRAMER:  No.  Thank you, Your Honor.

1    THE COURT: All right. Thank you all. I appreciate
2 you appearing. Everyone be well and be safe in these very
3 difficult and challenging times. We will be adjourned. Thank
4 you.
5    MR. ISAACSON: Thank you for that, Your Honor.
6    MR. CRAMER: Thank you, Your Honor.
7    (Whereupon the proceedings concluded at 10:36 p.m.)
8                --oOo--
9           COURT REPORTER'S CERTIFICATE
10
11    I, PATRICIA L. GANCI, Official Court Reporter, United
12 States District Court, District of Nevada, Las Vegas, Nevada,
13 certify that the foregoing is a correct transcript from the
14 record of proceedings in the above-entitled matter.
15
16 Date:  September 18, 2020.
17                    /s/ **Patricia L. Ganci**
18                    Patricia L. Ganci, RMR, CRR
19                    CCR #937
20
21
22
23
24
25