____FILED      ____RECEIVED
____ENTERED      ____SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 11, 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

KENDALL BRILL & KELLY LLP
Philip M. Kelly (Cal. Bar No. 212174)
  *pkelly@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Non-Party
Bellator Sport Worldwide LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated,

                Plaintiffs,

      v.

Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,

                Defendant.

Case No. 2:15-cv-01045-RFB-PAL

**NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO UNSEALING OF HIGHLY CONFIDENTIAL FINANCIAL INFORMATION**

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. INTRODUCTION ..................................................................................... 1

II. BACKGROUND ...................................................................................... 2

   A. Factual Background ........................................................................ 2

   B. Procedural Background ................................................................... 4

III. LEGAL STANDARD .............................................................................. 5

IV. ARGUMENT .......................................................................................... 6

   A. Non-Party Bellator's Privacy Interests In Its Highly Confidential Financial Information Mandate Sealing .......................... 6

   B. Non-Party Bellator's Sensitive Financial Information Is A Trade Secret That Mandates Sealing ........................................... 8

V. CONCLUSION ...................................................................................... 10

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*,
    2016 WL 2593920 (D. Nev. May 5, 2016) ............................................................. 8

*Chloe SAS v. Sawabeh Info. Servs. Co.*,
    2015 WL 12734004 (C.D. Cal. Feb. 4, 2015) ........................................................ 6

*Clark v. Bunker*,
    453 F.2d 1006 (9th Cir. 1972) ........................................................................... 8, 9

*In re Elec. Arts, Inc.*,
    298 F. App'x 568 (9th Cir. 2008) ....................................................................... 5, 9

*Fundingsland v. OMH Healthedge Holdings, Inc.*,
    2018 WL 1524474 (S.D. Cal. Mar. 27, 2018) ....................................................... 6

*Hodges v. Apple Inc.*,
    2013 WL 6070408 (N.D. Cal. Nov. 18, 2013) .................................................... 8, 9

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
    2015 WL 984121 (N.D. Cal. Mar. 4, 2015) ........................................................... 6

*F.D.I.C. v. Jones*,
    2015 WL 4275961 (D. Nev. July 14, 2015) .......................................................... 6

*Kamakana v. City & Cty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) .............................................................................. 5

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
    2013 WL 1997252 (N.D. Cal. May 13, 2013) ....................................................... 6

*Nursing Home Pension Fund v. Oracle Corp.*,
    2007 WL 3232267 (N.D. Cal. Nov. 1, 2007) ......................................................... 6

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                           ii                          Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

1 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2 **I.      INTRODUCTION**

3      Non-party Bellator Sport Worldwide LLC ("Bellator") hereby objects to the

4 unsealing of a single document it produced in this action and which was used during

5 the recent motion for class certification.  The document contains Bellator's highly

6 confidential and proprietary financial information and should remain under seal.

7      Pursuant to a Court Order in 2017, Bellator produced to the parties in this

8 action (the "Parties") highly confidential and proprietary financial information on

9 which it has built its business and on which its ability to compete depends.  As

10 permitted by the Protective Order entered in this case, Bellator marked these

11 documents "HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY."  At the

12 time this Court ordered disclosure as part of a negotiated resolution of Bellator's

13 motion to quash and/or for a protective order, it ruled that "[t]he Parties are required

14 to make best efforts to protect information designated…'HIGHLY

15 CONFIDENTIAL – ATTORNEY'S EYES ONLY' from public disclosure at the

16 trial of these actions...."  ECF No. 429, at 5.

17      The confidentiality of a single document containing Bellator's highly

18 sensitive financial information was preserved during the recent motion for class

19 certification.  Specifically, Bellator previously objected to the disclosure of, and was

20 able to maintain under seal, the highly proprietary financial information contained in

21 the document bates numbered SBPCL00002101-2102 ("SBPCL00002101-2102").

22      On January 6, 2021, this Court entered an order indicating an intention to

23 unseal all documents related to the motion for class certification and that any party

24 or non-party should indicate their position on such unsealing by January 11, 2021.

25 ECF No. 782.  Bellator once again objects to the unsealing of the document bates

26 numbered SBPCL00002101-2012.  Disclosure of this document and the information

27 it contains could result in substantial competitive harm to non-party Bellator.

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

Bellator easily meets both the good cause and compelling reason standards to maintain the document and information under seal for the following reasons:

First, SBPCL00002101-2102 is a detailed spreadsheet specifying Bellator's confidential and highly sensitive financial information, including all quarterly and yearly revenue streams and expense categories from 2010 to 2016.  Non-party Bellator's privacy interests in this information are sufficient to satisfy the "good cause" standard for sealing this document as well as the inapplicable and more rigorous "compelling reason" standard.

Second, SBPCL00002101-2102 contains Bellator's proprietary financial information essential to distinguishing Bellator's business from its competitors and allowing Bellator to continue to compete and maintain its negotiating position, thus constituting a trade secret.  Disclosure of Bellator's trade secrets to Plaintiffs (against whom Bellator negotiates fighter contracts) and Bellator's largest competitor (which has the ability to undercut Bellator's agreements with fighters, venues, and sponsors) threatens Bellator's very existence.  The presence of such trade secret information is itself sufficient to satisfy both the "good cause" and "compelling reason" standards.

To protect Bellator's highly confidential financial information and competitive standing, and to avoid a potentially disastrous disclosure of Bellator's trade secrets to its biggest competitor and to those against whom it negotiates, this Court should maintain SBPCL00002101-2102 and the information therein under seal.

## II.    BACKGROUND

### A.    Factual Background

Plaintiffs are a group of professional MMA athletes who have alleged violations of Section 2 of the Sherman Act against defendant Zuffa LLC d/b/a/ the Ultimate Fighting Championship and the UFC ("UFC").  Declaration of Scott Coker

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                        2                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

("Coker Decl.") ¶ 6.  UFC is the largest mixed martial arts ("MMA") promoter in the world.  *Id.* at ¶ 5.

Non-party Bellator, founded in 2008, is an MMA promoter based in Los Angeles, California.  *Id.* at ¶ 2-4.  Its primary business is to contract with MMA athletes to participate in televised matches in venues around the world—events that Bellator organizes and promotes as both live arena entertainment for ticket purchasers and through worldwide distribution (e.g., free TV, pay TV, video-on-demand, and other platforms).  *Id.*

Although Bellator is barely over a decade old, it has steadily grown its market, signing an enviable roster of new prospective athletes as well as well-known free agents from the United States and abroad, and today it is the second largest MMA promoter in the world after UFC.  *Id.* at ¶ 4.  UFC is a formidable competitor which is alleged to control some ***ninety percent*** of the revenues derived from elite professional MMA matches, with annual revenues exceeding $500 million.  *Id.* at ¶ 5; ECF No. 1, at 3 (Compl. ¶ 7).  UFC competes with Bellator on all fronts, including building and retaining a roster of compelling athletes that draw generous viewership as well as top-tier sponsors, venues, distributors, and ultimately, an engaged fan-base.  Coker Decl. ¶ 5.

In the past ten years, UFC has acquired, marginalized, or even forced out of business most of its former competitors.  *Id.* at ¶ 13.  Bellator has, in large part, been able to maintain its business in the face of UFC's efforts to extinguish its competitors by strictly maintaining the confidentiality of its contracts and financial information.  *Id.* at ¶ 11.  Disclosure of such information to Plaintiffs—themselves MMA fighters who may seek to negotiate with Bellator in the future—and to Bellator's largest competitor, UFC, let alone the public at large, would undermine Bellator's ability to retain talent, schedule and promote events, acquire sponsorships, and more.  *Id.* at ¶¶ 11-13.  That is, disclosure would pose an existential threat to Bellator's ability to survive in the market.  *Id.*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                        3                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

### B.   <u>Procedural Background</u>

Pursuant to this Court's June 13, 2017 order, non-party Bellator produced to the Parties, among other documents, "unaudited profit and loss statements through the quarter ending March 31, 2017." *See* ECF No. 429, at 1.  The Court further identified sub-categories of revenue and expenses for which Bellator was ordered to provide specific figures. *See id.* at 4-5.  The Court ruled that "[t]he Parties are required to make best efforts to protect information designated 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY' from public disclosure at the trial of these actions…." *Id.* at 5.  In compliance with the Court's Order, and in reliance on the Court's direction to the Parties to protect highly confidential information, Bellator produced SBPCL00002101-2102, which was designated "HIGHLY-CONFIDENTIAL – ATTORNEY'S EYES ONLY" due to the fact that it contains, inter alia, detailed and confidential information regarding Bellator's finances.

On May 28, 2019, the Parties informed Bellator that they wish to use, quote, or reference several of Bellator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents in the upcoming evidentiary hearing on Plaintiffs' motion for class certification.  Bellator met and conferred with the Parties, and reached agreements regarding the use of nearly all of the documents that had been produced and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." *See* ECF No. 706, at 19 (Declaration of Phil Kelly ("Kelly Decl.") ¶ 3).  But no agreement was reached between Bellator and the Parties with regard to SBPCL00002101-2102. *Id.* (Kelly Decl. ¶¶ 3-4).  However, through cooperation, the Parties were able to maintain the confidentiality of SBPCL00002101-2102 during the briefing of and hearing on the motion for class certification.

On January 6, 2021, this Court issued an order providing that "it is the Court's intent to unseal and make public all of the documents in this case with the

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                    4                         Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

1    publication of the Court's Certification Order.  All parties and interested third

2    parties have until Monday, January 11, 2021 to indicate their position with respect

3    with disclosure of all the material."  ECF No. 782.  Bellator objects to the unsealing

4    of its highly confidential financial information.

5    **III.   LEGAL STANDARD**

6         The Ninth Circuit has "carved out an exception to the presumption of access

7    to judicial records for a *sealed discovery document* [attached] to a *non-dispositive*

8    motion, such that the usual presumption of the public's right of access is rebutted."

9    *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-1180 (9th Cir. 2006)

10   (internal citations and quotation marks omitted) (emphasis and bracket in original)

11   (holding that instead of the "high threshold of showing that 'compelling reasons'

12   support secrecy[,] … [a] 'good cause' showing under Rule 26(c) will suffice to keep

13   sealed records attached to non-dispositive motions.")

14        Even under the "compelling reasons" standard, sealing is justified to prevent

15   documents from being used "as sources of business information that might harm a

16   litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

17   Cir. 2008) (applying compelling reasons standard and holding that "pricing terms,

18   royalty rates, and guaranteed minimum payment terms found in [a] 2006 [contract]"

19   was a source of business information that might harm competitive standing and thus

20   warranted sealing).  Sealing is also warranted pursuant to that more stringent

21   standard where information constitutes a trade secret.  *Id.*

22        As demonstrated below, Bellator can easily meet both the good cause

23   standard and the compelling reasons standard, as the disclosure of its confidential

24   and trade secret information would cause grave competitive harm.

25

26

27

28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                     5                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

## IV.   ARGUMENT

### A.   Non-Party Bellator's Privacy Interests In Its Highly Confidential Financial Information Mandate Sealing

It is well-settled that "[n]on-party privacy interests, particularly those related to sensitive matters," such as nonpublic financial or commercial information, "are sufficient to satisfy the 'good cause' standard for sealing." *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (granting motion to seal as to document containing "sensitive" information regarding a non-party); *see, e.g.*, *F.D.I.C. v. Jones*, 2015 WL 4275961, at *2 (D. Nev. July 14, 2015) (granting motion to keep under seal exhibits that contained a nonparty's "sensitive financial information"); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (granting applications to seal confidential and commercially sensitive information of non-parties); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, *4 (N.D. Cal. Nov. 1, 2007) (finding that a non-party's "request to seal personal financial information meets the 'good cause' standard given his non-party privacy interest").

Even under the "compelling reasons" standard, the courts have found that a non-party's commercially sensitive interests are sufficient to warrant sealing. *See, e.g.*, *Fundingsland v. OMH Healthedge Holdings, Inc.*, 2018 WL 1524474, at *2 (S.D. Cal. Mar. 27, 2018) (finding compelling reasons to seal portions of exhibits that contained "non-public non-party financial information … contain[ing] sensitive and proprietary information"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (granting request to seal under the "compelling reasons" standard where an exhibit contained financial and contractual information that "would result in an invasion of the third party's privacy" and cause "competitive harm if … made public").

Here, non-party Bellator's revenue and expense information contained in SBPCL0002101-2102 easily satisfies both standards.  Bellator is a non-public entity

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024

6

Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

that maintains such information under strict confidentiality.  Coker Decl. ¶ 10.
Bellator does not disclose its financial documents beyond its own limited ownership
circle, and does not publicly report any of its financial information in either high
level or detailed form.  *Id*.  Indeed, Bellator produced SBPCL00002101-2102 only
pursuant to this Court's order, ECF No. 429, at 4-5, and with the "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  *Id.* at ¶ 9.  Bellator
did so with the presumption that, pursuant to the Court's direction, the Parties would
make best efforts to maintain the information in confidence all the way through any
trial in this action.  *See* ECF No. 429, at 5.

   The public release of SBPCL00002101-2102 would unquestionably cause
Bellator competitive harm.  Coker Decl. ¶¶ 11-13.  SBPCL00002101-2102 contains
years of Bellator's detailed financial information.  *Id*.  This information highlights
Bellator's business strategy and performance, and goes to the very heart of
Bellator's ability to operate in a highly competitive marketplace.  *Id*.  In the hands of
Plaintiffs and other MMA fighters, such information undermines Bellator's
negotiating ability, and thus its ability to attract and retain talent.  *Id*.  And, in the
hands of its competitor UFC—which has already demonstrated a desire to put
Bellator out of business, *id.* at ¶ 13; *see also* ECF No. 1 Compl. ¶¶ 107-108, 120-
150—Bellator's revenue and expense information would provide a roadmap to its
destruction.  Coker Decl. ¶¶ 11-12.

   Bellator's concerns about the public disclosure of SBPCL00002101-2102 are
not speculative, as demonstrated during the course of this litigation by efforts to
determine and disclose non-party Bellator's confidential financial information based
on information in filings in this case.  Journalists have already used redacted
information filed in this case to speculate about Bellator's revenues, expenses, and
other financial information.  And, importantly, the document Bellator seeks to keep
under seal, SBPCL00002101-2102, provides far more than annual revenue figures—
it identifies each of Bellator's revenue sources and types of operating expenses,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                          7                        Case No. 2:15-cv-01045-RFB-PAL

NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

containing confidential unaudited profit and loss statements through the quarter ending March 31, 2017.  Coker Decl. ¶ 9.  Disclosure of such information would be an aggressive invasion of non-party Bellator's privacy interests, which Bellator's competitors and MMA fighters who may negotiate with Bellator in the future would subsequently use to undermine Bellator's future business prospects and negotiating abilities, and thus work extensive harm to Bellator.

Accordingly, Bellator's non-party privacy interests in this highly sensitive, nonpublic financial information provide sufficient "good cause" and/or "compelling interests" to warrant maintaining under seal SBPCL00002101-2102, and all information it contains, in whole or in part.

### B.   Non-Party Bellator's Sensitive Financial Information Is A Trade Secret That Mandates Sealing

The Ninth Circuit has held that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b) (affirming lower court's finding that the business plan at issue had the requisite secrecy inherent to a trade secret).  Courts have held that, "a spreadsheet that contains financial information …[that] would be extremely useful to competitors as they design pricing and marketing strategies because it would enable them to assess [Bellator's] ability to respond to their initiatives," constitutes a trade secret that warrants sealing.  *Hodges v. Apple Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (granting motion to seal a financial spreadsheet that would be useful to competitors); *see also Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016) (granting motion to seal a spreadsheet containing detailed information about clientele and revenue figures).

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                    8                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

This Ninth Circuit precedent mandates sealing here.  SBPCL00002101-2102 is a compilation of financial information essential to distinguishing Bellator's business from its competitors.  Coker Decl. ¶¶ 9, 11-12.  Here, as in *Hodges*, SBPCL00002101-2102 contains detailed revenue categories and expenses that would be extremely useful to Bellator's competitors.  In fact, a competitor—such as UFC, the Defendant here and Bellator's main competitor—armed with proprietary information as to how Bellator spends, earns, allocates funding, determines investment, and calculates profits and losses, could readily assess Bellator's ability to respond to its initiatives and undermine Bellator's operations and strategic plans.  Coker Decl. ¶¶ 11-13.  The information holds significant competitive value.  *Id.* Indeed, that is why Bellator maintains such information under strict confidentiality.  *Id.* at ¶¶ 9-10.  As such, it constitutes a trade secret that must be sealed under both the "good cause" and "compelling reasons" standards.  *See Clark*, 453 F.3d at 1009; *In re Elec. Arts, Inc.*, 298 F. App'x at 569.

The information in SBPCL00002101-2102 remains highly confidential even though it does not include the most recent quarterly financial information about Bellator.  SBPCL00002101-2102 tracks Bellator's growth strategy and specifies Bellator's business practices—in terms of what it earned, spent, allocated funding for, and invested in—across seven of the thirteen years it has been in existence since its founding in 2008.  Coker Decl. ¶¶ 11-13.  The information is not obsolete; it is a historical record of Bellator's business and a roadmap to how that business has changed and where it is headed, all of which holds enormous competitive value.  *Id.*

Further, any contention that the information is obsolete because Bellator has entered into subsequent deals is equally meritless.  These developments do not render all of Bellator's history meaningless, nor do they erase the already existing sources of revenue and categories of expenses.  *Id.*  Bellator's financial history defines how it has been able to continue to compete with UFC during the time UFC eliminated its other competitors.  *Id.*  It remains highly valuable competitive and

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  trade secret information, and its disclosure to anyone beyond outside counsel in this

2  litigation will work a competitive harm on Bellator.  *Id.*

3  **V.**     **CONCLUSION**

4        For the foregoing reasons, this Court should not publicly disclose

5  SBPCL00002101-2102, and the information within, and should order that the

6  document remain under seal.

7

8  DATED:  January 11, 2021              KENDALL BRILL & KELLY LLP

9

10

11                                By:  _____

12                                     Philip M. Kelly
                                       Attorneys for Non-Party Bellator Sport
13                                     Worldwide LLc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279024                                    10                    Case No. 2:15-cv-01045-RFB-PAL
NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO
UNSEALING OF HIGHLY CONFIDENTIAL INFORMATION

KENDALL BRILL & KELLY LLP
Philip M. Kelly (212174)
  *pkelly@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Non-Party
Bellator Sport Worldwide LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, and Jon Fitch, on behalf of themselves and all others similarly situated, | Case No. 2:15-cv-01045-RFB-PAL |
| Plaintiff, | **DECLARATION OF SCOTT COKER IN SUPPORT OF NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO UNSEALING OF ITS HIGHLY CONFIDENTIAL FINANCIAL INFORMATION** |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| Defendant. | |

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# DECLARATION OF SCOTT COKER

I, Scott Coker, declare as follows:

1.      I am the President of Bellator Sport Worldwide LLC, doing business as Bellator MMA ("Bellator").  I make this declaration in support of Non-Party Bellator's Objections to Unsealing of its Highly Confidential Financial Information. I have personal knowledge of the facts set forth in this declaration, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      Bellator is a mixed martial arts ("MMA") promoter.  Generally speaking, Bellator's business is to enter into contracts with professional MMA athletes and to organize competitive matches that it promotes as live arena entertainment and through cable television and, at times, pay-per-view.

3.      I joined Bellator in 2014 as its President.  I have well over thirty years of experience in promoting professional martial arts.  I previously served as the founder and CEO of Strikeforce MMA, a large, competitive MMA promotion that was acquired in 2013 by Zuffa, LLC, the parent corporation of MMA promoter Ultimate Fighting Championship ("UFC").

4.      Bellator was founded in 2008.  Since its inception, Bellator has steadfastly grown its market, signing numerous new athletes from the United States and abroad, commanding record attendance, and continuing to expand its television audience, with distribution in more than one hundred forty countries.  Today, it is the world's second largest MMA promoter.

5.      UFC is the world's largest MMA promoter and Bellator's most powerful competitor, competing with Bellator on all fronts: for athletes, sponsors, venues, distribution, and ultimately audience.

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

DECLARATION OF SCOTT COKER

Case No. 2:15-cv-01045-RFB-PAL

6.     I am informed that several prominent MMA athletes (the "Plaintiffs") have filed a lawsuit against Zuffa, LLC d/b/a/ UFC in federal court in Nevada, alleging that UFC has engaged anticompetitive behavior.

7.     I am further informed that the Plaintiffs are athletes who allege that they are currently or were formerly exclusively signed to UFC.  Plaintiffs are, or were, the same type of athlete that Bellator recruits and would conceivably seek to contract with, were they indeed free to negotiate and not bound by any conflicting agreements with UFC.

8.     I understand that the Court in this action is considering unsealing all documents that have been filed or lodged under seal in connection with the determination of the motion for class certification.  In the past, I reviewed the communications between and the filings submitted by the Parties and Bellator regarding the Parties' wish to use, quote, or reference several of Bellator's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents in connection with Plaintiffs' motion for class certification.  I am informed and believe that Bellator has agreed to the Parties' use of nearly all of the documents that had been produced and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  However, Bellator did not, and could not, agree to the public disclosure of the confidential and highly proprietary financial information contained in the document bates numbered SBPCL00002101-2102 ("SBPCL00002101-2102") as doing so could lead to grave harm to Bellator.

9.     SBPCL00002101-2102 is a detailed spreadsheet that identifies each of Bellator's revenues sources and types of operating expenses, and contains unaudited profit and loss statements from 2010 through the quarter ending March 31, 2017. This financial information is strictly confidential, and Bellator would be seriously harmed by its disclosure.  Indeed, I am informed and believe this spreadsheet was created and produced only pursuant to this Court's order directing it to be produced,

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  and marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in

2  accordance with that Order.

3        10.     Bellator, a non-public entity, does not disclose its financial documents

4  beyond its own ownership circle, including, but not limited to, event-level income

5  and expense data, projections, or corporate-level financials and profit and loss

6  statements.  Further, Bellator does not publicly report any of its financial

7  information in any form.

8        11.     Bellator's ability to compete in the MMA promotions marketplace

9  would be gravely damaged if Bellator were compelled to disclose essentially all of

10  its company-wide income and expense information to its largest and most powerful

11  competitor, and to the general public.  SBPCL00002101-2102 is essentially a

12  roadmap of Bellator's growth across the years 2010-2016 and highlights Bellator's

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

4

Case No. 2:15-cv-01045-RFB-PAL

DECLARATION OF SCOTT COKER

business strategy and performance. The spreadsheet shows how Bellator spent and earned money, allocated funding, determined investment, and calculated profits and losses during those years. Such information would give Bellator's competitors, including UFC, comprehensive knowledge of Bellator's strategic priorities and vulnerabilities that they can use to undermine Bellator's operations. MMA fighters, including Plaintiffs, would also use such information as a significant weapon during negotiations with Bellator, to Bellator's detriment.

12. Moreover, SBPCL00002101-2102 identifies the full range of Bellator's revenues sources during 2010-2016 that have allowed Bellator to continue to exist and grow in the MMA promotions market. Bellator maintains the same sources of revenue even today, though it has also expanded its business to add additional sources of revenue to its portfolio.

13. Since Bellator's entry into the MMA industry, Bellator has seen UFC buy out, marginalize, and even drive competitors from the business. Indeed, as I described above, prior to joining Bellator, I founded a martial arts promotion called Strikeforce MMA, which by 2010 had grown to be the second largest MMA promotion in the world. UFC acquired Strikeforce in 2011 and, within a few years, folded the entire promotion and its roster into UFC. UFC is an aggressive and ambitious enterprise, and I believe that if UFC were able to gain an advantage against Bellator either by receiving Bellator's confidential information or even simply leveraging the disadvantage caused by disclosure of Bellator's confidential information to athletes and others, it would certainly do so. MMA fighters would also most certainly leverage Bellator's disadvantage caused by such disclosure during any negotiations with Bellator. Accordingly, disclosure of Bellator's confidential information would give Bellator's largest and most powerful competitor a significant and unilateral advantage that would negatively harm Bellator and materially harm Bellator's ability to obtain and retain talent. In my opinion, such results stifle competition in the MMA industry.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 11th day of January, 2021, in San Jose, California.

Scott Coker
President, Bellator Sport Worldwide LLC

603278920.1   Case No. 2:15-cv-01045-RFB-PAL
    DECLARATION OF SCOTT COKER

1    KENDALL BRILL & KELLY LLP
     Philip M. Kelly (Cal. Bar No. 212174)
2        pkelly@kbkfirm.com
     10100 Santa Monica Blvd., Suite 1725
3    Los Angeles, California 90067
     Telephone: 310.556.2700
4    Facsimile: 310.556.2705

5    Attorneys for Non-Party
     Bellator Sport Worldwide LLC
6

7                   **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9

10   Cung Le, Nathan Quarry, and Jon Fitch,        Case No. 2:15-cv-01045-RFB-PAL
     on behalf of themselves and all others
11   similarly situated,

12              Plaintiffs,                         **CERTIFICATE OF SERVICE**

13          v.

14   Zuffa, LLC, d/b/a Ultimate Fighting
     Championship and UFC,
15
                Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill**
**& Kelly LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## **CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa Monica Blvd., Suite 1725, Los Angeles, CA 90067.

On January 11, 2021, I served true copies of the following document(s) described as

**1. NON-PARTY BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO UNSEALING OF HIGHLY CONFIDENTIAL FINANCIAL INFORMATION;**

**2. DECLARATION OF SCOTT COKER IN SUPPORT OF NON-BELLATOR SPORT WORLDWIDE LLC'S OBJECTION TO UNSEALING OF HIGHLY CONFIDENTIAL FINANCIAL INFORMATION; AND**

**3. CERTIFICATE OF SERVICE**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused the document(s) to be electronically filed with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2021, at Los Angeles, California.

_Patricia Perelló_
_____
Patricia S. Perelló

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279056.1                                    2                          Case No. 2:15-cv-01045-RFB-PAL
CERTIFICATE OF SERVICE

1
2
3

**SERVICE LIST**
**Le, et al v. Zuffa, LLC**
**Case No. 2:15-cv-01045-RFB-PAL**

4   **Donald J. Campbell**                **Eric L. Cramer**
5   **J. Colby Williams**                 **Patrick F. Madden**
    Campbell & Williams                   **Mark R. Suter**
6   700 South Seventh Street              **Michael C. Dell'Angelo**
    Las Vegas, NV 89101                   Berger & Montague, P.C.
7   702-382-5222                          1622 Locust Street
    702-382-0540 (fax)                    Philadelphia, PA 19103
8   djc@campbellandwilliams.com           215-875-3000
9   jcw@campbellandwilliams.com           215-875-4604 (fax)
                                          ecramer@bm.net
10  *Attorneys for Plaintiffs*            pmadden@bm.net
                                          mdellangelo@bm.ne
11
12                                        *Attorneys for Plaintiffs*
13  **Kevin Rayhill**                     **Jerome Elwell**
    **Joseph R. Saveri**                  **Robert Maysey**
14  **Jiamin Chen**                       Warner Angle Hallam Jackson
    **Joshua P. Davis**                   Formanek PLC
15  Joseph Saveri Law Firm, Inc.          2555 E. Camelback Road
    555 Montgomery Street                 Suite 800
16  Suite 1210                            Phoenix, AZ 85016
17  San Francisco, CA 94111               602-264-7101
    415-500-6800 x804                     602-234-0419 (fax)
18  415-395-9940 (fax)                    Jelwell@warnerangle.com
    krayhill@saverilawfirm.com            rmaysey@warnerangle.com
19  jsaveri@saverilawfirm.com
20  jchen@saverilawfirm.com               *Attorneys for Plaintiffs*
    jdavis@saverilawfirm.com
21
    *Attorneys for Plaintiffs*
22
23  **Frederick S. Schwartz**             **Eric D. Hone**
    Law Office of Frederick S. Schwartz   H1 Law Group
24  15303 Ventura Blvd., Suite 1040       6671 S. Las Vegas Blvd, D-210
    Sherman Oaks, CA 91403                Las Vegas, NV 89119
25  818-986-2407                          (702) 608-3720
26  fred@fredschwartzlaw.com              eric@h1lawgroup.com
27  *Attorneys for Plaintiffs*            *Attorneys for Defendant*
28

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1

**William Caldes**
**Eugene A. Spector**
Spector Roseman Kodroff & Willis, PC
1818 Market Street
25th Floor
Philadelphia, PA 19103
215-496-0300
bcaldes@srkw-law.com
espector@srkw-law.com

*Attorneys for Plaintiffs*

**Benjamin D. Brown**
**Richard A. Koffman**
**Daniel H. Silverman**
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
202-408-4600
202-408-4699 (fax)
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Attorneys for Plaintiffs*

**John D Radice**
Radice Law Firm, P.C.
34 Sunset Blvd
Long Beach, NJ 08008
646-245-8502
jradice@radicelawfirm.com

**Brooke Danielle Jenkins**
**David Marroso**
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
dmarroso@omm.com
brookejenkins@omm.com

*Attorneys for Defendant*

**Bradley Scott Schrager**
**Don Springmeyer**
Wolf, Rifkin, Shapiro, Schulman & Rabkin
3556 E. Russell Rd
Las Vegas, NV 89120
702-341-5200
702-341-5300 (fax)
bschrager@wrslawyers.com
dspringmeyer@wrslawyers.com

*Attorneys for Plaintiffs*

**Steven C. Holtzman**
Boies Schiller Flexner LLP
44 Montgomery Street
San Francisco, CA 94104
415-293-6800
415-293-6899 (fax)
sholtzman@bsfllp.com

*Attorneys for Defendant*

**Marcy N. Lynch**
Boies, Schiller & Flexner LLP
121 S. Orange Avenue
Suite 840
Orlando, FL 32801
407-425-7118
mlynch@bsfllp.com

*Attorneys for Defendant*

603279056.1   4   Case No. 2:15-cv-01045-RFB-PAL
CERTIFICATE OF SERVICE

**Abby L. Dennis**
**Stacey K. Grigsby**
**William A. Isaacson**
**Ross P. McSweeney**
**Evan Edmund North**
**Rory L. Skaggs**
**Nicholas A. Widnell**
**Jonathan M. Shaw**
Boies Schiller & Flexner LLP
1401 New York Avenue, NW
Washington D.C., DC 20005
202-237-2727
202-237-2727 (fax)
adennis@bsfllp.com
Sgrigsby@bsfllp.com
wisaacson@bsfllp.com
rmcsweeney@bsfllp.com
enorth@bsfllp.com
rskaggs@bsfllp.com
nwidnell@bsfllp.com
jshaw@bsfllp.com

*Attorneys for Defendant*

**Steven Holtzman**
**Suzanne Jaffe Nero**
**Brent K. Nakamura**
Boies, Schiller & Flexner, LLP
1999 Harrison Street
Oakland, CA 94612
510-874-1000
510-874-1460 (fax)
sholtzman@bsfllp.com
sjaffe@bsfllp.com
bnakamura@bsfllp.com

*Attorneys for Defendant*

Kendall Brill
& Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603279056.1                              5                    Case No. 2:15-cv-01045-RFB-PAL
                                CERTIFICATE OF SERVICE