WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7313; Fax: (202) 379-4937

STACEY K. GRIGSBY (*Pro hac vice*)
(sgrigsby@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5238

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(BNW)<br><br>**ZUFFA, LLC'S OBJECTION AND REQUEST FOR CLARIFICATION OF THE COURT'S MINUTE ORDER (ECF NO. 782)** |

ZUFFA OBJ. AND REQ. FOR CLARIFICATION RE: ECF NO. 782

Zuffa, LLC ("Zuffa") submits this objection and request for clarification in response to the Court's January 6, 2021 Order, ECF No. 782 ("January 6 Order"), indicating its "intent to unseal and make public *all* the documents in this case with the publication of the Court's Certification Order." (Emphasis added).

Zuffa appreciates that there is a long history of providing public access to court filings—but there are also long-recognized exceptions to that tradition. *See, e.g., Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589 (1978); *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Zuffa understands that both the public and the media have closely followed the developments in this case, and Zuffa has no objection to unsealing and disclosing the vast majority of the class briefing, related testimony, and exhibits. Consistent with these principles, Zuffa has identified a narrow group of documents that should not be disclosed publicly—documents that fall under the exceptions to the presumption in favor of disclosure. Compelling reasons exist to redact or seal a very small subset of the class certification briefing and exhibits, specifically: (1) three of Plaintiffs' class certification hearing exhibits, PCCX41, PCCX344, and PCCX414, which Zuffa proposes to redact; (2) the expert reports of the two financial accounting experts Elizabeth Davis and Guy Davis, both of which include detailed financial information, which Zuffa proposes to keep under seal; and (3) the expert reports of Dr. Singer and Dr. Zimbalist, both of which Zuffa proposes to redact. In addition, to the extent that the Court's January 6 Order appears to apply to all documents in the case, Zuffa objects to unsealing the sensitive documents and materials that do not relate to the Class Certification Order.

**ARGUMENT**

Throughout the pendency of this case, Zuffa has consistently identified compelling reasons to seal a narrowly-tailored subset of sensitive materials. These reasons remain compelling.

I.   Standard for Sealing Documents

Although the public has a general right to judicial records, it has never been the law that the public has an unfettered right to access to all documents in a case. As even the *New York*

*Times* acknowledged in its recent request to unseal this case's records, this right is "qualified." Letters in Support of Unsealing Records, ECF No. 784 at 6. The Supreme Court in *Nixon v. Warner Communications, Inc.* explained that "the right to inspect and copy judicial records is not absolute." 435 U.S. at 598. Indeed, the Supreme Court has counseled that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Id*. This analysis does not change if the party requesting the materials is a member of the news media because the media has "no right to information about a trial superior to that of the general public." *Id*. at 609.

Instead of a bright line rule, the courts apply either a "compelling reasons" or a "good cause" standard to seal or redact documents, depending on the nature of the filing. For a dispositive motion, a court should seal case records if a party can identify "compelling reasons" sufficient to outweigh the public's interest in disclosure of the record. *Kamakana*, 447 F.3d at 1179. For purposes of public access to court records, dispositive motions are those that bring about final determination of the case, or those that "go to the heart of a case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). For non-dispositive motions, a party must only show a need to seal the records under the lower "good cause" standard. *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has rejected a "mechanical" interpretation of dispositive and non-dispositive classifications, and assesses the circumstances of each motion to determine which standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1098.

Regardless of which standard applies to this case, the two expert reports and the handful of redactions that Zuffa proposes are properly redacted and sealed under either the good cause or even under the more stringent compelling reasons standard.

II. <u>Compelling Reasons Justify Redacting PCCX41, PCCX344, and PCCX414</u>

Out of the dozens of exhibits admitted during the 2019 evidentiary hearing, Zuffa requests that only three documents remain redacted: a 2016 Posting Memorandum for the sale of UFC to WME/IMG, now Endeavor Group Holdings, Inc. (PCCX41) ("Posting Memo"); a 2016 "UFC Company Overview" (PCCX344) ("UFC Company Overview"); and UFC President Dana

White's text message logs, which include individuals' personal telephone numbers (PCCX414) ("Dana White Text Messages").

**The Posting Memo (PCCX41)**: The Posting Memo includes detailed information about Zuffa's cost structure, business projections, and commentary on the business's strengths and weaknesses, which are not publicly available and could put UFC at a competitive disadvantage if shared broadly. Courts have acknowledged that financial information such as "costs, sales, profits and profit margin" can present a compelling reasons to seal court filings. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1224–25 (Fed. Cir. 2013) (applying Ninth Circuit law); *see also Nixon*, 435 U.S. at 598 (noting that courts often seal "business information that might harm a litigant's competitive standing"). Indeed, after considering Zuffa's arguments at the September 2019 hearing on class certification, the Court agreed that some information would remain redacted and not publicly filed, thereby recognizing Zuffa's compelling reasons to redact sensitive financial information from that document. *See* Exhibit 1, Sep. 23, 2019 Hr'g Tr., at 132:11–134:4 (granting redactions to PCCX41). Specifically, the Court agreed to redact information related to:

- Projected revenue and earnings targets;
- The company's EBITDA and free cash flow over the past 5 years;
- The strengths and weaknesses of the company's pay-per-view ("PPV") sales, as well as the percent of total PPVs sold for 2015 and 2016;
- An analysis of the current lawsuit and other potential litigation risks;
- The key management risks during the acquisition;
- The impact of debt on the business;
- Income from sponsorships and Zuffa's sponsorship pipeline; and
- Sources, uses, and pro forma capitalization of the company.

These pieces of information could not be more sensitive for Zuffa and its parent company Endeavor. As Endeavor noted in its objection to disclosing this document, this document outlines Endeavor's considerations in purchasing Zuffa, including "financial projections and future financial strategies." Objections to Public Disclosure of Documents Produced by WME/IMG,

ECF No. 661-3 at 3. Revealing this information and strategy for a large acquisition would damage Endeavor because its "business depends on its acquisition and management of a number of companies and enterprises." *Id.* Similarly, Zuffa's contract partners and competitors could also gain unwarranted insight into Zuffa's business. For example, if Zuffa sponsors were allowed to see Zuffa's sponsorship pipeline, the largest sponsors could use this information to try to extract better terms from Zuffa, knowing that Zuffa is reliant on this sponsorship income. Likewise, if Zuffa's competitors were to learn the company's strategy on retaining its key executives, the competitors could focus their efforts on trying to lure those key personnel away from the company. The redacted information continues to be sensitive, and the reasons for redaction are no less compelling now than they were at the hearing. *See* January 11, 2021 Decl. of S. Grigsby ¶ 6; Decl. of W. Hunter Campbell ¶¶ 3-7, ECF No. 665-4. To that end, Zuffa requests that the document remain redacted in a manner consistent with the Court's prior instruction.

**The UFC Overview (PCCX344)**: Likewise, the UFC Overview contains highly sensitive financial information, trade secret financial projections, and proprietary information, which should remain redacted. *See* Zuffa's Mot. to Seal Pls.' Ex. 17, ECF No. 754 at 2; UFC Overview, ECF No. 756 (redacted version). Specifically, the redacted portions of the document contain Zuffa's recent actual financials in 2015 and beyond, as well as proprietary internal financial projections made by Zuffa. Zuffa considers this information to be highly confidential and sensitive for the reasons stated in Zuffa's previous briefing on this issue and in declarations accompanying those briefs. Campbell Decl. ECF No. 665-4, at ¶¶ 3–7 (noting that Zuffa keeps its detailed financial information private because it would give competitors insight in to "how Zuffa chooses to invest" and an understanding of "Zuffa's product investment, development, and innovation strategies"). Zuffa has already submitted a proposed redacted version of the document, in which only the actual and projected financial data about Zuffa's business components are redacted. *See* ECF No. 756. Furthermore, the Court already considered Zuffa's compelling reasons to seal the exhibit and ultimately sealed the *entire document* in May 2020. May 31, 2020 Order, ECF No. 764. The reasons for maintaining the redactions to the UFC

Overview (PCCX344) now are just as compelling as when the Court decided to seal it less than eight months ago.

**Dana White Text Messages (PCCX414):** Zuffa does not object to unsealing the excerpts of the Dana White Text Messages, but objects only to unredacting his and other individuals' *personal telephone numbers*. Mr. White's telephone number has no relation to the decision to certify the class, nor does it have any value to the public. Zuffa does not object to the text of the messages becoming public and filed a version of the same exhibit without telephone numbers on the docket, *see* ECF No. 739-13.

III. Compelling Reasons Justify Continuing to Seal the Reports of the Accounting Experts Guy Davis and Elizabeth Davis.

In addition to the redactions to the three hearing exhibits, Zuffa requests that the Court seal a report from one of each party's accounting experts, Plaintiffs' expert Guy Davis and Zuffa's expert Elizabeth Davis, which were appended as exhibits to Plaintiffs' Motion for Class Certification and Zuffa's Opposition to Class Certification, respectively. ECF No. 518-9 (Rebuttal Expert Rep. of Guy A. Davis); ECF 540-65 (Expert Rep. of Elizabeth Davis). By the very nature of their analyses, both experts included detailed financial information in their reports, such as tables and charts that summarize Zuffa's actual income statements, balance sheets, and cash flow; and, in the case of Ms. Davis's report, the analysis includes summaries of the financial data of Zuffa's competitor, Bellator.[1]

This granular financial information is precisely the type of information that courts have protected from broad disclosure because of the potential for harm to an existing, ongoing business. *E.g., Apple v. Samsung*, 727 F.3d at 1225 (reversing a district court's order unsealing detailed product-specific financial information because the companies' "significant interest in preventing the release of their detailed financial information"); *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 15-cv-02422, 2016 WL 2593920, at *3 (D. Nev. May 5, 2016) (finding compelling reasons to seal "account list" that "evidences the terms of numerous agreements,

---

[1] All Bellator's financial information was originally produced as "Highly Confidential -- Attorney's Eyes Only" such that Zuffa's in-house counsel and employees do not have access to these documents.

5
ZUFFA OBJ. AND REQ. FOR CLARIFICATION RE: ECF NO. 782

reveals revenue figures, and lists technical information regarding each contract," as well as "business plan created by Plaintiff for a specific client"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment terms," meet the "compelling reasons" standard and are properly filed under seal."). For Mr. Davis's analysis, he created a comprehensive financial model using 11-years' worth of Zuffa's financials, and his report disclosed not only Zuffa's actual revenue, but granular detail on its inventory, television production costs, investments, long-term debt, deferred income, and expenses. *Id.* These detailed accounting figures are not publicly available, and paint a detailed picture of Zuffa's allocation and use of capital over more than a decade.

Ms. Davis's report not only includes the same detailed financial information, but also summarizes the financial statements for Bellator, Zuffa's competitor, from 2010 to 2017. Expert Rep. of Elizabeth Davis, ECF 540-65. As Bellator has told this Court, this information "constitutes some of the most sensitive financial and business information in existence regarding Bellator. Public disclosure, or disclosure to the parties, could have a significant negative impact on Bellator's ongoing and future business strategy and performance." Letter of Non-Party Bellator Sport Worldwide LLC's Objection to Potential Use of Confidential Information at Evidentiary Hearing in *Le v. Zuffa, et al.*, ECF No. 661-5. Just like Bellator, Zuffa has a significant interest in preventing the release of detailed financial data, which is not necessary to disclose in deciding the issue of class certification. The potential competitive harm that would occur if the above financial data were released is compelling, and Zuffa requests that the accounting experts' reports remain sealed.

IV. <u>Compelling Reasons Exist to Redact the Expert Reports of Dr. Singer and Dr. Zimbalist.</u>

During the class certification hearing, the Court informed the parties that, although it intended to unseal the expert reports related to the class certification, the Court would "entertain a request subsequent" to redact certain information that is "not substantive as it relates to [the Court's] decision of the testimony . . . ." Aug. 26, 2019 Hr'g Tr., ECF No. 724, 15:4–6, 18:9–15. Zuffa carefully considered the Court's instruction, reviewed the reports of the testifying experts, and ultimately proposed only two redactions from Dr. Singer's report and two from

Dr. Zimbalist's report. Decl. of S. Grigsby, ECF No. 727, ECF No 727. This furthernarrowed request includes only *clawed back materials* that Plaintiffs agreed to destroy, and two pieces of Zuffa's granular financial information.

**Clawed-Back Material in Dr. Singer's Report:** Dr. Singer's report included information from a document that Deutsche Bank inadvertently or mistakenly produced. *See* ECF No. 727 at 1; Singer Report, JCCX49 (Aug. 31, 2017), ECF No. 727-1. The inadvertently or mistakenly produced material appears at paragraph 29 note 60; paragraph 32 note 69; and paragraph 33 note 70 of Singer's report. ECF No. 727-1 at 21–23. Deutsche Bank provided written notice of the issue to both the parties, and requested the document be destroyed, and Plaintiffs agreed. ECF No. 727 at 1. The successful claw-back of these documents provides a compelling reason to redact the corresponding information from Dr. Singer's report.

**Granular Financial Information in Dr. Zimbalist's Report:** Dr. Zimbalist's report includes specific dollar amounts for Zuffa's venue costs, as well as Zuffa's net income and dividend payouts between 2005 and 2014. *See* ECF No. 727 at 2; Zimbalist Report, JCCX47, ECF No. 518-5 at 134 & n. 257 (Dec. 26, 2017) (venue costs); *id*. at Table 7 (income and dividend information). The same reasons that warrant sealing the accounting experts' reports also counsel in favor of redacting this specific cost, net income, and dividend information. This information does not appear to have any bearing on the issue of class certification and compelling reasons exist to redact the information. *See Apple*, 727 F.3d at 1228.

V. <u>Zuffa Requests Clarification on Materials Unrelated to Class Certification and Objects to Unsealing Other Documents.</u>

Zuffa seeks to understand whether the Court's January 6 Order applies beyond the documents related to the Class Certification Order. On December 11, 2020, the Court ordered the parties to identify sealed or redacted materials "so the Court may determine whether such material should be unsealed or unredacted in conjunction with its Class Certification order." December 11, 2020 Order, ECF No. 772. In response to this order, Zuffa and Plaintiffs submitted a joint list of briefing and exhibits related to *Plaintiffs' Motion for Class Certification*, but not other briefing and exhibits, unrelated to the question of class certification. Joint Notice of Sealed

and Redacted Docs., ECF No. 778 (Dec. 15, 2020). The January 6 Order refers to the Court's intent to unseal *all* sealed and redacted documents in this case along with the Class Certification Order—not just those identified as relevant to class certification in ECF No. 778. *See* Jan. 6, 2021 Order, ECF No. 782 ("[I]t is the Court's intent to unseal and make public *all* the documents in this case. . ."). Zuffa thus requests clarification as to whether the Court intends to unseal documents *unrelated* to class certification in conjunction with its Class Certification Order.

To the extent that the Court is contemplating unsealing documents unrelated to the Class Certification Order, Zuffa objects. *First*, there is little (if any) need or value to unsealing briefing, and other filings in the docket that neither party identified as relevant to the issue of class certification. *Second,* those documents contain sensitive, granular financial information and business information. For example, the briefing on Zuffa's Motion to Exclude Plaintiffs' Expert Guy Davis contains financial information, trade secrets, and commercially sensitive information, which, for the reasons explained above, may harm Zuffa if publicly disclosed. Mot. to Exclude Expert Testimony, ECF No. 517; *see also* Zuffa's Mot. to Seal Mot. to Exclude Testimony. ECF No. 525 at 2. Similarly, Zuffa's Motion for Summary Judgment has sensitive information, which was properly filed under seal, for the reasons explained in detail in the original sealing motion. Zuffa's Mot. for Summ. J., ECF No. 573, 574, 575. *Third,* and importantly, an order unsealing all documents would apply to documents and filings that have already been decided and are no longer pending. Neither the Davis *Daubert* motion nor the Motion for Summary Judgment are currently pending because both motions were denied without prejudice years ago. ECF No. 600 (denying the Davis *Daubert* motion without prejudice); ECF No. 628 (denying summary judgment without prejudice). The summary judgment motion will be rebriefed and refiled to incorporate the new decisions and facts in the case; and, at that time, the Court can determine whether to seal the renewed motion or any of the accompanying exhibits. It is difficult to understand what interest the public could have in reviewing a now moot filing. Because the

exclusion of Davis and the appropriateness of summary judgment are not live issues in this litigation, the value to the public of the unsealing these documents, if any, is minimal.[2]

For these reasons, if the Court plans to unseal all filings, regardless of whether they pertain to the Class Certification Order, Zuffa objects to this unsealing.

## CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court leave sealed or redacted PCCX41, PCCX344, PCCX414, the expert reports of Guy Davis and Elizabeth Davis, the relevant portions of Dr. Singer and Dr. Zimbalist's expert reports, and any other documents not related to the Class Certification Order.

Dated: January 11, 2021

**COVINGTON & BURLING LLP**
By: */s/ Stacey K. Grigsby*
Stacey K. Grigsby (admitted *pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5238
sgrigsby@cov.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
William A. Isaacson (admitted *pro hac vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7313; Fax: (202) 379-4937
wisaacson@paulweiss.com

**CAMPBELL & WILLIAMS**
Donald J. Campbell (State Bar No. 1216)
J. Colby Williams (State Bar No. 5549)
700 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

---

[2] It is also important to note that different standards apply to certain filings on the docket. The Ninth Circuit applies "compelling reasons" standard for dispositive motions, while the less stringent "good cause" standard applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179–80. Which standard applies to unsealing any given set of documents is determined on a case-by-case basis. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–98 (9th Cir. 2016) (rejecting a "mechanical classifications" of dispositive and non-dispositive motions).

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Objection and Request for Clarification of the Court's Minute Order** was served on January 11, 2021 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

By: */s/ S. Grigsby*

Stacey K. Grigsby