1  WILLIAM A. ISAACSON (*Pro hac vice*)
   (wisaacson@paulweiss.com)
2  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
3  2001 K Street, NW
   Washington, DC 20006
4  Telephone: (202) 223-7313; Fax: (202) 379-4937

5  STACEY K. GRIGSBY (*Pro hac vice*)
   (sgrigsby@cov.com)
6  COVINGTON & BURLING LLP
7  One CityCenter
   850 Tenth Street, NW
8  Washington, DC 20001
   Telephone: (202) 662-5238
9
10 DONALD J. CAMPBELL #1216
   (djc@campbellandwilliams.com)
11 J. COLBY WILLIAMS #5549
   (jcw@campbellandwilliams.com)
12 CAMPBELL & WILLIAMS
   700 South 7th Street, Las Vegas, NV 89101
13 Telephone: (702) 382-5222; Fax: (702) 382-0540

14 *Attorneys for Defendant Zuffa, LLC, d/b/a*
15 *Ultimate Fighting Championship and UFC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-(BNW)<br><br>**ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING DISCLOSURE OF CASE MATERIALS IN CONNECTION WITH CLASS CERTIFICATION OPINION AND ORDER (ECF NO. 791)** |

ZUFFA RESP. TO PL.'S SUPP. NOTICE (ECF NO. 791)

On January 6, 2021, the Court indicated its "intent to unseal and make public all the documents in this case with the publication of the Court's Certification Order" and gave the parties and interested third parties an opportunity to indicate their position on the "disclosure of all the material." ECF No. 782. In response to the Court's Order, on January 7, Plaintiffs filed a Notice stating that they did not object to the unsealing of all materials. ECF No. 783.[1] Both Zuffa and non-party Bellator Sport Worldwide LLC objected to the unsealing of certain documents. ECF Nos. 785 (Bellator objection), 786, and 787 (Zuffa objection and supplement). Despite the fact that the parties and non-parties have submitted their positions and the confidentiality issues have been briefed fully, Plaintiffs now propose creating a two-track process where the Court issues its Class Certification Order while "withholding a ruling on any further unsealing of record evidence" to provide the parties an opportunity "to address which record documents, if any, should remain sealed or partially redacted." ECF No. 791. Such a process is not necessary, and Plaintiffs have not provided a reason to delay resolving the confidentiality issues associated with the forthcoming Class Certification Order.

Plaintiffs' proposal contemplates that the parties need additional time "to address which record documents, if any, should remain sealed or partially redacted," ECF No. 791, notwithstanding that the parties have briefed these issues fully. Zuffa has identified three categories of documents that should remain sealed or redacted. The first category consists of three exhibits admitted at the 2019 Evidentiary Hearing. Zuffa Objections, ECF No. 786 at 3–6 (The Posting Memo (PCCX41); The UFC Overview (PCCX344); and the Dana White Text Messages (PCCX414)). The second category of documents are expert reports, which contain sensitive financial information. (*E.g.*, Guy Davis Rebuttal Expert Rep., ECF No. 518-9; Elizabeth Davis Expert Rep., ECF 540-65; Singer Expert Rep., ECF No. 727-1; Zimbalist Rep. ECF No. 518-5). The final category are those documents that are not relevant to the Court's Certification Order, but which nonetheless contain highly sensitive confidential information. In its January 11 Objection, Zuffa sets forth the compelling reasons to seal this material, and, for

---

[1] Several third parties also filed letters in support of unsealing the documents in the case. ECF No. 784.

1

each category, Zuffa previously has filed motions to seal and redact the documents that lay out why the documents warrant protections against broad disclosure. *See, e.g.*, Zuffa's Mot. to Seal Pl.'s Mot. to Certify Class, ECF No. 527 (requesting to seal various exhibits to Plaintiffs' class certification motion, including Dana White's Text Messages (Ex. 43), Guy Davis's Rebuttal Expert Report (Ex. 7), Zimbalist and Singer Expert Reports (Exs. 1–4)); Sep. 23, 2019 Hr'g Tr., ECF 786-1, at 132:11–134:4 (Court discussing redactions to The Posting Memo); Zuffa's Mot. to Seal Pls.' Ex. 17, ECF No. 754 at 2 (demonstrating that The UFC Overview contains highly sensitive financial information); Notice of Sealing Requested in Aug. 26, 2019 Hearing, ECF No. 727 (requesting redactions of Singer and Zimbalist reports). Because the issues here have been briefed, determining the confidentiality of those documents prior to issuing the Class Certification Order should not substantially delay this case. A separate process for briefing confidentiality is therefore unnecessary.[2]

Accordingly, Zuffa respectfully requests that the Court resolve the confidentiality issues prior to issuing the Class Certification Order.

Dated: January 27, 2021

**COVINGTON & BURLING LLP**
By: */s/* Stacey K. Grigsby
Stacey K. Grigsby (admitted *pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5238
sgrigsby@cov.com

---

[2] Releasing the Court's Class Certification Order before resolving the confidentiality issues also would unduly prejudice Zuffa's ability to seek review of the Class Certification Order. Zuffa would need to brief confidentiality while simultaneously preparing a petition for review within the 14-day period allowed by Rule 23(f). In addition, because Zuffa would not know which parts of the Court's order and the record could be cited publicly, Zuffa may have to request that the Court decide whether individual documents should remain sealed or redacted during that short period of time. To the extent that there are outstanding confidentiality issues before this Court while the petition is pending, it also could unduly complicate the Ninth Circuit's consideration of the petition. Ruling on the confidentiality issues *before* releasing the Class Certification would avoid these complications. Although Plaintiffs' proposal would prejudice Zuffa, Plaintiffs have not identified any prejudice that would result from the Court ruling on confidentiality first, nor have they articulated any reason to take the issues out of order.

|   |   |
|---|---|
| 1 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 2 | William A. Isaacson (admitted *pro hac vice*) |
|   | 2001 K Street, NW |
| 3 | Washington, DC 20006 |
|   | Telephone: (202) 223-7313; Fax: (202) 379-4937 |
| 4 | wisaacson@paulweiss.com |

**CAMPBELL & WILLIAMS**
Donald J. Campbell (State Bar No. 1216)
J. Colby Williams (State Bar No. 5549)
700 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540
djc@campbellandwilliams.com
jcw@campbellandwilliams.com

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **Response to Plaintiffs' Supplemental Notice Regarding Disclosure of Case Materials** was served on January 27, 2021 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

By: */s/ Stacey K. Grigsby*

Stacey K. Grigsby