Don Springmeyer (Nevada Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Proposed Class*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>           **Plaintiffs,**<br><br>    **v.**<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>           **Defendant.** | No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF**<br><br><u>**ORAL ARGUMENT REQUESTED**</u> |

i

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................2

II. SUMMARY OF FACTS ...............................................................................................3

III. THE COURT HAS AUTHORITY TO GRANT THE REQUESTED RELIEF ...............8

IV. THE SOLICITATION LETTERS ARE UNETHICAL AND UNDERMINE THIS COURT'S CONTROL OF THE PROCEEDINGS.........................................................10

V. CONCLUSION ............................................................................................................16

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Chalian v. CVS Pharmacy, Inc.*,
No. 2:16-cv-8979, 2020 WL 7347866 (C.D. Cal. Oct. 30, 2020)................................11, 12

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)..........................................................................................................8

*Corll v. Edward D. Jones & Co.*,
646 N.E.2d 721 (Ind. Ct. App. 1995)............................................................................14

*Cox Nuclear Medicine v. Gold Cup Coffee Servs., Inc.*,
214 F.R.D. 696 (S.D. Ala. 2003)...................................................................................12

*Dondore v. NGK Metals Corp.*,
152 F. Supp. 2d 662 (E.D. Pa. 2001).............................................................................14

*F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*,
244 F.3d 1128 (9th Cir. 2001) .........................................................................................8

*Georgine v. Amchem Prod., Inc.*,
160 F.R.D. 478 (E.D. Pa. 1995) ....................................................................................10

*Gulf Oil Co. v. Bernard*,
452 U.S. 89 (1981)...........................................................................................................8

*In re Flint Water Cases*,
No. 5:16-cv-10444-JEL-MKM, ECF No. 1418 (E.D. Mich. Feb. 8, 2021) .......................9

*In re Flint Water Cases*,
No. 5:16-cv-10444-JEL-MKM, ECF No. 1431 (E.D. Mich. Feb. 18, 2021) ................8, 9

*In re McKesson HBOC, Inc. Secs. Litig*,
126 F. Supp. 2d 1239 (N.D. Cal. 2000)........................................................9, 11, 12, 13

*Jones v. Jeld-Wen, Inc.*,
250 F.R.D. 554 (S.D. Fla. 2008) ...................................................................................12

*Kleiner v. First Nat. Bank of Atlanta*,
751 F.2d 1193 (11th Cir. 1985) .....................................................................................10

*Masonek v. Wells Fargo Bank*,
No. SACV091048, 2009 WL 10672345 (C.D. Cal. Dec. 21, 2009)...................11, 12, 13

*McWilliams v. Advanced Recovery Sys., Inc.*,
176 F. Supp. 3d 635 (S.D. Miss. 2016) .........................................................................14

*Pollar v. Judson Steel Corp.*, No. C,
82-6833 MPH, 1984 WL 161273 (N.D. Cal. Feb. 3, 1984)............................................14

*Rankin v. Bd. of Educ.*,
174 F.R.D. 695 (D. Kan. 1997)......................................................................................14

iii

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT
MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

**Rules**

D.C. Rule of Professional Conduct 4.1 .................................................................................10

D.C. Rule of Professional Conduct 4.2(a) ...........................................................................14

D.C. Rule of Professional Conduct 7.1 .................................................................................13

Fed. R. Civ. P. 23............................................................................................................. *passim*

Nevada Rule of Professional Conduct 1.0A .........................................................................13

Nevada Rule of Professional Conduct 4.1 .....................................................................10, 13

Nevada Rule of Professional Conduct 4.2 .............................................................14, 15, 16

Nevada Rule of Professional Conduct 7.1 .....................................................................13, 14

Nevada Rule of Professional Conduct 7.2A ........................................................................16

**Other Authorities**

Manual for Complex Litigation (3d ed.)...............................................................................13

Manual for Complex Litigation (4th ed.)..............................................................................9

Newberg on Class Actions (5th ed.)......................................................................................9

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT
MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") submit this emergency motion, memorandum of points and authorities, and the accompanying declaration of Eric L. Cramer, Esq. ("Cramer Decl."), pursuant to Local Rule 7.4 seeking an order:

1) compelling Sparacino PLLC ("Sparacino") to abide by its representation that it will cease sending communications to or otherwise contacting absent members of the proposed Bout Class ("Absent Class Members") unless the Absent Class Members initiate such contact;

2) compelling Sparacino to provide counsel appointed to represent Plaintiffs and the proposed Bout Class ("Class Counsel") with copies of all communications previously sent to Absent Class Members;

3) compelling Sparacino to provide Class Counsel with all of the names and addresses (and other identifying information) of the Absent Class Members (or others) to whom the Sparacino has sent its misleading communications;

4) compelling Sparacino to provide Class Counsel with a list of any recipients of its misleading communications who have since contacted or retained Sparacino;

5) compelling Defendant Zuffa, LLC ("Zuffa") to provide Class Counsel with a list of all persons included within the definition of the proposed Bout Class (*see* ECF No. 518 at i), including each person's last known address and other contact information;

6) permitting Class Counsel to send a letter to all members of the proposed Bout Class substantially in the form attached to the Cramer Decl. as Exhibit 1, correcting the misleading mailings that many of them received from Sparacino and clarifying the proposed class members' legal rights. *See* Cramer Decl., Exh. 1; and

7) providing that any Absent Class Members who have retained Sparacino shall have 30 days from the date on which they receive a corrective letter from Class Counsel in which to rescind their agreement to retain Sparacino without any adverse consequences—such as owing costs or fees to Sparacino.

Case No.: 2:15-cv-01045-RFB-BNW

## I.     Introduction

Plaintiffs submit this emergency motion because the Sparacino law firm has recently sent two misleading and unethical solicitation letters to Absent Class Members. The first solicitation letter targeted Absent Class Members and gave them the false impression that they would need to retain counsel, such as Sparacino, and opt out of the class to recover from any settlement or judgment in this litigation. As this Court well knows, Absent Class Members do *not* need to take any steps at this time to benefit from this class litigation, and opting out would actually *prevent them* from participating in any monetary class recovery. The first solicitation letter was unethical for additional reasons, including that Sparacino sent it to at least one MMA fighter that Class Counsel represent individually as well as to many absent members of the class that this Court announced it will certify.

In an effort to resolve this matter without this Court's intervention, Class Counsel reached out to Sparacino to meet and confer, explaining various ethical violations Sparacino had committed and making clear that Class Counsel had planned to ask the Court for permission to send a corrective letter to Absent Class Members. While those discussions were taking place, and without notifying Class Counsel, Sparacino sent a second misleading and unethical solicitation letter to Absent Class Members. Further complicating matters, Sparacino's second solicitation letter asserted it would not contact recipients again unless the fighters first contacted Sparacino. As a result, Sparacino cannot send yet another corrective letter or otherwise contact the Absent Class Members without committing an additional ethical violation—breaking a promise it made in its second solicitation letter.

Given these circumstances, Class Counsel ask this Court to compel Sparacino to abide by its promise not to contact Absent Class Members yet again and to authorize Class Counsel to send a letter to Absent Class Members, substantially in form attached to the Cramer Declaration as Exhibit 1, clarifying their legal rights and providing Class Counsel's contact information so that Absent Class Members can ask Class Counsel questions if they so choose.

As set forth above, Plaintiffs have met and conferred with attorneys from the Sparacino firm. Plaintiffs have also met and conferred with counsel for Defendant Zuffa. Zuffa said that it takes no position on Sparacino's actions, and would propose a substantially shorter and less detailed corrective letter than the one Plaintiffs propose.

## II.   Summary of Facts

On or about March 16, 2021, Ryan R. Sparacino of Sparacino PLLC sent a letter and brochure (together, the "First Solicitation Letter") to Absent Class Members in this case soliciting them as potential clients. *See* Cramer Decl., Exh. 2. The First Solicitation Letter states that Sparacino has partnered with an antitrust class action law firm called Scott + Scott. *Id.* (Sparacino appears to lack experience litigating antitrust class actions; on its Website, it does not list antitrust as an area of practice or note any antitrust cases it has litigated.[1]) The First Solicitation Letter further states, in relevant part, that Sparacino is "writing to you because we believe developments in a recent court case called *Le v. Zuffa* suggests [sic] you may have legal claims relating to your time as an MMA competitor in the UFC." *Id.* Sparacino continues by explaining they have "investigated the UFC's conduct" and believe that "you may have legal claims concerning whether you were paid the full value of your skills and performance." *Id.* Sparacino then asserts, "We intend to represent MMA professionals who wish to explore whether they may have claims relating to their time in UFC, and we hope you will join us in that effort." *Id.* The First Solicitation Letter continues, "We would be honored to represent you if your claim is viable and you choose to sue UFC." *Id.* at 1.

The brochure portion of the First Solicitation Letter specifies that Sparacino seeks "to represent any former MMA athlete who competed in any UFC events in the United States from 2010 to 2017." *Id.* The brochure later explains that Sparacino anticipates "filing an 'opt-out' antitrust case against UFC in 2021. 'Opt-out' means that the plaintiffs in our case would not participate in a class action lawsuit against UFC (Le v. Zuffa) that is currently ongoing and

---

[1] See https://sparacinopllc.com/ (last visited March 29, 2021).

3

would instead chart their own course with the intent to aggressively pursue their specific legal claims against UFC." *Id*.

The First Solicitation Letter makes several false or misleading claims. It implies that the MMA fighter receiving it must take action to pursue claims against the UFC. It does so even though Sparacino seeks to represent the very MMA fighters who would be members of the class that this Court has announced it intends to certify and who would therefore benefit from any relief obtained for the class *without taking any action at this time*. That Sparacino is intentionally targeting Absent Class Members is confirmed by their decision to represent only those MMA fighters who competed in UFC events in the U.S. from 2010 to 2017, the time period covered by Plaintiffs' pending motion for class certification. *See* ECF No. 518 at i. And Sparacino labels the lawsuit they plan to file an "'opt-out' antitrust case," *id*., further confirming that the First Solicitation Letter is aimed at absent members of the proposed class. Yet, as the Court knows, those Absent Class Members do *not* need to take any action to benefit from the class litigation against the UFC. Indeed, as long as they *do not opt out*, the MMA fighters Sparacino is soliciting will be able to participate in any settlement or judgment that Class Counsel obtain on their behalf. The impression the First Solicitation Letter creates is thus exactly backwards.

The First Solicitation Letter is also misleading by omission. It does not inform the recipients that Absent Class Members do not need to take any action at this time to benefit from any recovery in the class litigation. It does not let the recipients know that this Court has announced its intention to certify the Bout class. It does not reveal that opting out of the class action in fact would deprive Absent Class Members of the right to participate in any class-wide recovery. The First Solicitation Letter fails to state that this Court has already appointed the undersigned Plaintiffs' counsel as interim co-lead counsel under Fed. R. Civ. P. 23(g) to represent the interests of the proposed class. ECF No. 140. The First Solicitation Letter fails to mention that that the Class Counsel have spent over eight years developing and prosecuting this action, have dedicated extraordinary resources to the case and scored several significant legal victories to date, Cramer Decl. ¶11, or that the images included in the attached brochure portion of

Sparacino's First Solicitation Letter were actually pulled from Plaintiffs' Consolidated Amended Antitrust Class Action Complaint in this case. *Id.* at ¶4 (citing ECF No. 208 at 6, 8). The list of egregious omissions goes on and on.

The First Solicitation Letter's misleading nature renders it unethical. So, pursuant to Local Rule 7.4(a), on or about March 22, 2021, Class Counsel initiated contact with Sparacino and Scott + Scott to meet and confer. Scott + Scott subsequently decided to withdraw from involvement in the litigation.[2] *See* Cramer Decl. ¶¶13, 18.

In the first meet and confer telephone call, Class Counsel explained why the First Solicitation Letter was misleading and unethical, that a new communication should be sent to Absent Class Members clarifying their legal rights, and that the corrective letter should come from Class Counsel. *Id.* at ¶15. While Class Counsel were meeting and conferring in good faith, on or about March 24, 2021, Sparacino sent out a second solicitation letter (the "Second Solicitation Letter") to the Absent Class Members. *Id.* at ¶17 & Cramer Decl., Exh. 3. Sparacino did not inform Class Counsel it was going to take this action—one that Class Counsel had opposed during the meet and confer. Sparacino's Second Solicitation Letter fails to correct its ethical violations in various ways and, indeed, makes matters worse. First, it reasserts a claim made also in the First Solicitation Letter: that Sparacino—a law firm without any apparent antitrust experience—is teaming with Scott + Scott—a law firm with significant antitrust experience. That is no longer true. Had Sparacino completed the meet and confer process before acting, the Second Solicitation Letter would not be in inaccurate in this way.

Second, the Second Solicitation Letter states, "Unless you reach out to us, this will be the last time my firm ever contacts you."[3] That means Sparacino cannot send yet another letter to— or otherwise contact—Absent Class Members who have not reached out to Sparacino without breaking a promise the firm made in its Second Solicitation Letter.

---

[2] On March 26, Scott + Scott informed Class Counsel they were withdrawing from the case. Scott + Scott does not believe there was any unethical or inappropriate conduct.
[3] *See* Cramer Decl., Exh. 3.

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

Third, the Second Solicitation Letter undoes neither the ethical violations Sparacino committed in the First Solicitation Letter nor the resulting harms. The ethical rules bar lawyers from making false and misleading statements, regardless of whether those lawyers make some effort to fix those statements when they get caught. An ethical violation remains an ethical violation.

The Second Solicitation Letter is also far from a perfect cure for the First Solicitation Letter. Absent Class Members may have read the First Solicitation Letter but they may not read the Second Solicitation Letter. Others may have heard second-hand about the First Solicitation Letter but not the Second Solicitation Letter. Class Counsel can provide information about the class action litigation to Absent Class Members by various means, including through websites, social media, and individual and group conversations. But correcting the misunderstandings caused by the First Solicitation Letter will best be achieved by Class Counsel also sending their own corrective letter to the Absent Class Members to whom Sparacino sent the First Solicitation Letter, the Second Solicitation Letter, or both. That sort of targeted communication can play an essential role in Class Counsel's overall efforts to ensure that Absent Class Members know about this class action litigation and understand their procedural rights.

Fourth, the Second Solicitation Letter styles itself as a "follow up" and an "update," not as a correction.[4] The Second Solicitation Letter never explicitly acknowledges that the First Solicitation Letter was misleading. That minimizes the chances Absent Class Members will look to the Second Solicitation Letter to reform the misimpressions caused by the First Solicitation Letter.

Fifth, the Second Solicitation Letter provides contact information only for Sparacino, a firm that has proven itself untrustworthy. It does not provide contact information for Class Counsel, who should be the ones to communicate with interested Absent Class Members about the class litigation process.

---

[4] *See* Cramer Decl., Exh. 3.

As noted above, Class Counsel have met and conferred with Sparacino as required by Local Rule 7.4(a). They also did so with Zuffa. *See* Cramer Decl., ¶¶13-16. Zuffa does not take any position on Plaintiffs' emergency motion at this time. *Id.* at ¶14. It did indicate, however, that it believes the proposed corrective letter is too long and "crosses into the areas of a class notice while being an incomplete statement of what would be in a class notice."[5] Class Counsel disagree. The corrective letter strikes a careful balance—providing enough context in an accessible way to undo the confusion and misunderstanding caused by the misleading Letters without addressing everything that would be in a class notice. A shorter letter would likely be ineffective. A complete class notice would not be directly responsive. Moreover, the Absent Class Members will soon receive a full class notice—a much longer document that takes time to craft and addresses a host of issues, many of them not relevant to Sparacino's misleading solicitation letters.

When confronted with its improper conduct, Sparacino has stonewalled. It has refused to provide Class Counsel basic information about its misleading First Solicitation Letter and its consequences, such as how many fighters it purports to represent, whether those fighters retained Sparacino before or after it sent its misleading Letter, how many of the misleading Letters it sent, and how many fighters responded. Cramer Decl. ¶15. Sparacino similarly has refused to confirm whether it had retained an expert economist or intends to take its cases to trial (as opposed to simply seeking to sign up clients and exploit the work of Class Counsel). *Id.* Also, as noted above, despite Class Counsel's position that Class Counsel should send any corrective letter—or that the Court should decide who should send a corrective letter— Sparacino acted before the

---

[5] Counsel for Zuffa's full response was as follows: "We take no position at this time on the motion. We will want to see the Opposition because we are only now learning of what is going on here. Assuming relief is ordered, I do believe your proposed letter is too long and crosses into the areas of a class notice while being an incomplete statement of what would be in a class notice. I think it would be sufficient for your letter to identify the lawsuit, to explain you are interim class counsel, to identify the communications from other lawyers a class member may have received, to state any ruling from the Court about the facts concerning those communications, and to state if, the Court orders it, that they have entered an engagement with counsel, the Court has given them 30 days to rescind." *See* Cramer Decl. ¶14.

conclusion of the meet and confer process and without the input and consent of Class Counsel. By doing so, it provided the Absent Class Members with information that is now inaccurate, and it undermined this Court's authority. Class Counsel and Sparacino were unable to resolve their disagreements.

## III.    The Court Has Authority to Grant the Requested Relief

This Court has the inherent authority to manage conduct in the cases before it. "All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. Through this power, courts have the ability to punish conduct both within their confines and beyond, regardless of whether that conduct interfered with trial." *F.J. Hanshaw Enterps., Inc. v. Emerald River Dev., Inc*., 244 F.3d 1128, 1136–37 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Specifically, the Supreme Court has held that courts have a "duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99-100 (1981). In a seminal ruling related to communications with absent class members *before* class certification, the Supreme Court noted that a trial court's power to control class proceedings includes restricting communications between an attorney and members of a proposed class where, as here, such communications are abusive, deceptive, or coercive. *Id*. at 101.

Indeed, precedent recognizes a *heightened* judicial power to protect absent members of a proposed class from misleading communications before class certification. "In cases such as this where there is a class component, the Court has a special duty to ensure that attorney communications are clear, accurate, free of misrepresentations, and made in the interest of providing proper legal representation. This is particularly true where, as here, a final ruling has not been made regarding class certification." *In re Flint Water Cases* ("*Flint*"), No. 5:16-cv-10444-JEL-MKM, ECF No. 1431 at 7 (E.D. Mich. Feb. 18, 2021) (Cramer Decl. Exh. 7); *see also id.* at 7-8 (citing Fed. R. Civ. P. 23(d)(1)(C), (E)) ("The Court has broad power under Rule 23 of the Federal Rules of Civil Procedure to manage pre-certification notice and

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

communication. . . . Inherent in these powers is the ability to limit, modify, or otherwise manage notice to and communication with actual or putative class members.").

The Court has such authority both before, and after, it certifies a class. *See* Manual for Complex Litig. at 259 (4th ed.) ("If class members have received inaccurate precertification communications, the judge can take action to cure the miscommunication and to prevent similar problems in the future."). That authority derives in part from Rule 23(d) of the Federal Rules of Civil Procedure, which confers on courts the authority to issue orders relating to the representation of class members and other procedural matters. *See Flint*, Cramer Decl., Exh. 7, at 7-8; 6 Newberg on Class Actions § 19:5 (5th ed.) ("although Rule 23 makes no explicit mention of communications with absent class members other than formal notice requirements, courts have substantial residual powers under the Rule to regulate such communications. The most frequent manner in which communication restrictions arise is on a motion seeking a protective order under Rule 26(c)").

This case is much like the *Flint* litigation, where a lawyer sent misleading information to approximately 300 absent members of a proposed class. *Flint,* Cramer Decl., Exh. 7, at 2-5. There, the Court ordered that the offending lawyer provide a list of the names, addresses, telephone numbers, and any other contact information for the recipients of his misleading communication; enjoined the lawyer from engaging in any further improper communications; and authorized a corrective mailing approved by the Court to the recipients of the original misleading communications. *Flint*, No. 5:16-cv-10444-JEL-MKM, ECF No. 1418 at 2-3 (E.D. Mich. Feb. 8, 20221) (Cramer Decl., Exh. 8).

Similarly, in *In re McKesson HBOC, Inc. Securities Litigation*, 126 F. Supp. 2d 1239 (N.D. Cal. 2000), two law firms that had unsuccessfully campaigned for appointment as lead counsel solicited absent class members to pursue a separate, non-class action through misleading mass mailers that failed to adequately explain the class action process and communicated a false sense of "urgency." *Id.* at 1243-46. The court reiterated its "duty to ensure that all putative class members have a genuine choice whether or not 'to intervene and present

claims or defenses, or otherwise come into the action[,]'" and emphasized that "[t]here is no meaningful opportunity to choose when a concerted multimedia effort is made to secure opt-out authorizations before any class is certified." *Id.* at 1243 (citing Fed. R. Civ. P. 23(d)(2)). In order "to prevent the mass opting out of a class that has not yet been certified," the court ordered that curative notice be sent to all solicited class members providing that any individual who retained the non-party attorneys on the basis of the mass solicitation may void the retention agreement. *Id.* at 1246.

This Court should take similar actions here.[6]

## IV.    The Solicitation Letters Are Unethical and Undermine this Court's Authority

The First Solicitation Letter violates at least two ethical rules and may violate two others.

First, the First Solicitation Letter violates Nevada Rule of Professional Conduct 4.1 (and its Washington, D.C. ),[7] prohibiting a lawyer from making false statements of material fact or omitting material facts in communications with third parties.[8] Here, as noted above, the First Solicitation Letter is misleading because it implies that Absent Class Members must take action to recover and, at the very least, omits material facts because it fails to provide Absent Class Members essential information, such as that they do not need to take any action at this time to

---

[6] To the extent Sparacino may claim First Amendment protection for its communications with Absent Class Members, that claim is baseless. *See Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1204 (11th Cir. 1985) (sanctioning defendant and its counsel for misleadingly soliciting class members to opt out) ("untruthful or misleading [commercial] speech has no claim on first amendment immunity"); *Georgine v. Amchem Prod., Inc.*, 160 F.R.D. 478, 515 (E.D. Pa. 1995) ("compelling interest in remedying the effects of the misleading communications" to absent class members satisfies any First Amendment concerns).

[7] *See* D.C. Rule of Professional Conduct 4.1.

[8] The Nevada Rules of Professional Conduct are modeled on the Model Rules of Professional Conduct, published by the American Bar Association, accessible at https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_pr ofessional_conduct/. Washington D.C. (where Sparacino is located) has also adopted the ABA Model Rules. *See* https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_pr ofessional_conduct/alpha_list_state_adopting_model_rules/. Sparacino's website (available at https://sparacinopllc.com/our-team/ryan-sparacino/) indicates that Ryan Sparacino is a member of the Washington, D.C. Bar and so he would be subject to its ethical rules.

benefit from any class recovery, that if they opt out of the class they will lose the benefit of any class recovery, that Class Counsel have been appointed by the Court to pursue this litigation on behalf of the proposed class, and that this Court has announced its intent to certify the Bout Class. Indeed, the cover letter in the First Solicitation Letter does not use the word "class" at all—an omission that could confuse even a lawyer, much less a layperson. *See McKesson*, 126 F. Supp. at 1245 (attorney solicitations were misleading where they did not "identify the court-appointed lead plaintiff and counsel or the procedures safeguarding the appropriateness of class certification" and "communicate[d] a gratuitous air of urgency"); *Masonek v. Wells Fargo Bank*, No. SACV091048, 2009 WL 10672345, at *3-4 (C.D. Cal. Dec. 21, 2009) (enjoining communications with absent class members and ordering curative notice where statements misled class members "by failing to explain the class action process and how a class action could potentially provide investors with a recovery without investors taking any current action"). One significant risk is that the First Solicitation Letter's misleading statements could deceive class members into opting out of this action, foreclosing the possibility of their benefiting from any settlement or judgment. *See Chalian v. CVS Pharmacy, Inc.*, No. 2:16-cv-8979, 2020 WL 7347866, at *4-5 (C.D. Cal. Oct. 30, 2020) (ordering non-party counsel to cease communicating with absent class members and file a list of contacted individuals; noting that "soliciting opt-outs after presenting misleading, inaccurate, and disparaging information . . . presents a real risk that class members will opt-out and relinquish valuable settlement benefits based on such misleading information").

The Second Solicitation Letter does not cure the failings of the First Solicitation Letter for various reasons. First, it does not acknowledge that the First Solicitation Letter was misleading. The Second Solicitation Letter states that its point is "to follow up" on the First Solicitation Letter and "to update" the recipient on this "class action lawsuit."[9] What a corrective letter should do is inform the Absent Class Members that the First Solicitation Letter was misleading

---

[9] *See* Cramer Decl., Exh. 3.

in key respects and clarify the facts and the Absent Class Members' legal rights. Otherwise, Absent Class Members are unlikely to revisit their initial impressions or realize that they should reach out to other Absent Class Members with whom they communicated to correct what they said. Second, the Second Solicitation Letter does not state that Sparacino acted unethically. It did. Absent Class Members should be informed that Sparacino misled them in deciding whether they want to retain the firm. Third, the Second Solicitation Letter is incorrect. It states that Sparacino is working with Scott + Scott. That is no longer true. As the brochure in the First Solicitation Letter made clear, Scott + Scott has experience prosecuting antitrust class actions; Sparacino appears to have none. Thus, the fact that Sparacino would now be operating solo would be pertinent to Absent Class Members considering retaining Sparacino.

The Second Solicitation Letter also provides a basis for this Court to order Sparacino not to communicate with Absent Class Members again unless the Absent Class Members initiate contact. Sparacino's Second Solicitation Letter states, "Unless you reach out to us, this will be the last time my firm ever contacts you."[10] Given Sparacino's record of unethical conduct, it should be ordered to abide by this express commitment to the recipients of the Second Solicitation Letter.

Courts have limited communications with absent class members where, as here, a lawyer's communications contained incorrect or misleading information. *See*, *e.g.*, *Chalian*, 2020 WL 7347866, at *4-5; *Masonek*, 2009 WL 10672345, at *3-4; *McKesson*, 126 F. Supp. at 1245; *Jones v. Jeld-Wen, Inc.*, 250 F.R.D. 554, 564 (S.D. Fla. 2008) (limiting communications with absent class members designed to encourage opt-outs where the communication "has the potential to have a misleading and coercive effect on putative class members"); *Cox Nuclear Medicine v. Gold Cup Coffee Services, Inc.*, 214 F.R.D. 696, 698 (S.D. Ala. 2003) (courts may prohibit "communications that coerce prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and

---

[10] *See* Cramer Decl., Exh. 3.

communications that undermine cooperation with or confidence in class counsel"). Courts have also ordered that curative notices be sent to absent class members that may have received misleading communications. *See, e.g.*, *Masonek*, 2009 WL 10672345, at *2-4 (citing Manual for Complex Litig. (3d ed.) § 30.24) (granting plaintiffs' request for curative notice where non-party solicited absent class members to opt-out with misleading letter; noting "Curative notices from the court, at the expense of those at fault, may be appropriate where class members have received communications containing misinformation or misrepresentations"); *McKesson*, 126 F. Supp. 2d at 1247 (ordering that plaintiff send a curative notice paid for by the soliciting law firm and that solicited class members would be provided with an opportunity to void retention agreements).

The First Solicitation Letter also violates Nevada Rule of Professional Conduct 7.1 (and its Washington, D.C. equivalent),[11] which prohibits attorneys from making a false or misleading communication about the lawyer's services. According to Rule 7.1, a communication "is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make a statement considered as a whole not materially misleading." *Id*. The First Solicitation Letter violates Rule 7.1 for the same reasons it violates Rule 4.1. Further, Rule 7.1 is particularly on point because the comment on Model Rule 7.1 specifies: "A truthful statement is also misleading if presented in a way that creates a substantial likelihood that a reasonable person would believe the lawyer's communication requires that person to take further action when, in fact, no action is required."[12] Here, the First Solicitation Letter indeed creates a substantial likelihood that Absent Class Members would reasonably believe that they need to take further action when no action is required. Absent Class Members can benefit from this litigation without taking any action at this time, particularly in light of the Court's statements that it intends to certify the Bout Class. The First Solicitation Letter implies that Absent Class Members need to

---

[11] *See* D.C. Rule of Professional Conduct 7.1.

[12] *See* Nevada Rule of Professional Conduct 1.0A ("The preamble and comments to the ABA Model Rules of Professional Conduct are not enacted by this Rule but may be consulted for guidance in interpreting and applying the Nevada Rules of Professional Conduct, unless there is a conflict between the Nevada Rules and the preamble or comments.").

Case No.: 2:15-cv-01045-RFB-BNW

retain lawyers—and should retain Sparacino—to recover from Zuffa, and fails to mention that Class Counsel are already pursuing the rights of Absent Class Members against the UFC. The First Solicitation Letter thus violates Rule 7.1.

Third, the First Solicitation Letter may also violate Nevada Rule of Professional Conduct 4.2 (and its Washington, D.C. equivalent),[13] which prohibits attorneys from contacting persons known to be represented by counsel about the subject of the representation without counsel's permission. Some courts hold that absent members are represented by appointed plaintiffs' counsel pre-class certification. *Pollar v. Judson Steel Corp.*, No. C 82-6833 MPH, 1984 WL 161273 (N.D. Cal. Feb. 3, 1984); *see also Dondore v. NGK Metals Corp.*, 152 F. Supp. 2d 662, 666 (E.D. Pa. 2001) ("The truly representative nature of a class action suit affords its putative members certain rights and protections including, we believe, the protections contained in Rule 4.2 of the Rules of Professional Conduct.") (internal quotation marks omitted).[14] Other courts hold that class counsel do not represent absent class members until after a class is certified.[15]

Here, the absent members of the proposed class have an unusual status. The Court has indicated that the class will be certified, but it has not yet issued its order certifying a class. Class Counsel respectfully submit that the Absent Class Members should be treated as represented parties for purposes of Rule 4.2 under such circumstances. That result is most straightforward if this Court follows the precedent applying Rule 4.2 before class certification. Alternatively, the Court could reasonably hold that the Absent Class Members should be treated as represented parties in light of the Court's statement of its intention to certify the Bout Class, even if they ordinarily would not be considered represented parties until a class has been certified.

Even absent this case law generally treating absent class members as represented parties before class certification, Rule 4.2 should apply in this case. Not to apply Rule 4.2 here would

---

[13] *See* D.C. Rule of Professional Conduct 4.2(a).
[14] *See also, e.g., Corll v. Edward D. Jones & Co.*, 646 N.E.2d 721 (Ind. Ct. App. 1995); *Rankin v. Bd. of Educ.*, 174 F.R.D. 695, 697–98 (D. Kan. 1997).
[15] *See, e.g., McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 642 (S.D. Miss. 2016).

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

reward Sparacino's apparent effort to game the system. It seems to have been well aware that this Court had announced its intention to certify a class. Otherwise, it would not have had reason to refer to a recent ruling in this litigation that pertained to MMA fighters who competed in UFC events between 2010 and 2017. That seems to be the "ruling" Sparacino had in mind.[16] So its timing is suspicious, to say the least. Sparacino waited to send its misleading solicitations until over six years after this action began and Plaintiffs' counsel had gained a significant benefit for the class members from the Court's decision to certify a class. But Sparacino acted before the Court formally issued its class certification order, in an apparent attempt to evade Rule 4.2's prohibition against contacting a represented party. Such gaming of the system should not be rewarded or encouraged. This Court should thus rule that absent class members are represented parties for purposes of Rule 4.2 once a Court announces it will certify a class, at least where a lawyer soliciting opt outs was aware of the Court's announcement of its decision. That approach would deter other lawyers from engaging in similar sharp practices in the future.

Further, Class Counsel represent individually at least one recipient of the misleading First Solicitation Letter, Dennis Hallman. Sparacino should know that, assuming it did the investigation it claims, because Mr. Hallman was a named plaintiff on a complaint consolidated in this action. *See* Cramer Decl. Exh. 4, Hallman e-mail; Cramer Decl., Exh. 5 Complaint, *Vazquez, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, No. 2:15-cv-01055-APG-GWF, ECF No. 1 (N.D. Cal. Dec. 22, 2014); Cramer Decl. Exh. 6, Consolidation Order, No. 2:15-cv-01045-RFB-BNW, ECF No. 101 (D. Nev. June 11, 2015). His name shows up repeatedly on even a cursory review of the docket, so that minimal effort by Sparacino would

---

[16] The First Solicitation Letter reads in relevant part, "In a case called *Le v. Zuffa*, a federal judge recently ruled that MMA athletes who competed in UFC events in the United States between 2010 and 2017 may have claims for compensation against the UFC under our Nation's [sic] antitrust law, the Sherman Act." Cramer Decl., Exh. 2 at 1. This description is misleading and incorrect. As the Court well knows, it did not recently rule that MMA fighters "may have claims for compensation against the UFC." It announced its intent to certify a class, which does not finally determine any merits issues. That Sparacino mischaracterized recent developments in this litigation does not mean they lack knowledge that those developments occurred.

have informed it that Class Counsel represent Mr. Hallman individually. Under these circumstances, even if this were not a class action, it would be unethical for Sparacino to contact Mr. Hallman—or any other plaintiff Class Counsel represent individually—without first seeking the permission of Class Counsel. *See* Model Rule 4.2, comment 8 ("[A]ctual knowledge may be inferred from the circumstances. See Rule 1.0(f). Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by closing eyes to the obvious."). Class Counsel are not certain whether Sparacino has contacted any other fighters that Class Counsel represent individually, because, as noted above, Sparacino refuses to identify the fighters to whom it sent the misleading solicitation letters.

Fourth, the First and Second Solicitation Letters may violate Nevada Rule of Professional Conduct 7.2A, which requires registration of a copy of a lawyer advertisement with the Nevada State Bar.

The Second Solicitation Letter does not cure the ethical violations in the First Solicitation Letter or prevent the resulting harms. Indeed, as noted above, the Second Solicitation Letter does not explain that the First Solicitation Letter was misleading and unethical and therefore would not prompt its recipients to correct their misimpressions or their communications to other Absent Class Members. The Second Solicitation Letter also claims that Sparacino is working with Scott + Scott—which is no longer true—and that Sparacino will not contact the Absent Class Members again unless they first contact Sparacino. And the Second Solicitation Letter does not provide Class Counsel's contact information, which would allow Absent Class Members to obtain reliable information about this litigation.

Under these circumstances, Sparacino should be compelled to abide by its promise not to solicit Absent Class Members yet a third time and Class Counsel should be allowed to send a letter to the recipients of Sparacino's two solicitation letters.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs seek an Order:

1) compelling Sparacino to abide by its representation that it will cease sending

16

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

communications to or otherwise contacting Absent Class Members unless the Absent Class Members initiate such contact;

2) compelling Sparacino to provide Class Counsel with copies of all communications previously sent to Absent Class Members;

3) compelling Sparacino to provide Class Counsel with all of the names and addresses (and other identifying information) of the Absent Class Members (or others) to whom Sparacino has sent its misleading communications;

4) compelling Sparacino to provide Class Counsel with a list of any recipients of its misleading communications who have since contacted or retained Sparacino;

5) compelling Zuffa to provide Class Counsel with a list of all persons included within the definition of the proposed Bout Class (*see* ECF No. 518 at i), including each person's last known address or other contact information;

6) permitting Class Counsel to send a letter to all members of the proposed Bout Class substantially in the form attached to the Cramer Decl. as Exhibit 1, correcting the misleading mailings that many of them received from Sparacino and clarifying the proposed class members' legal rights. *See* Cramer Decl., Exh. 1; and

7) providing that any Absent Class Members who have retained Sparacino shall have 30 days from the date on which they receive Class Counsel's corrective letter in which to rescind their agreement to retain Sparacino without any adverse consequences—such as owing costs or fees to Sparacino.

1   DATED: March 30, 2021                    Respectfully Submitted,

2

3                                            By:____/s/ Don Springmeyer_____
                                             Don Springmeyer (Nevada Bar No. 1021)
4                                            KEMP JONES, LLP
                                             3800 Howard Hughes Parkway, 17th Floor
5                                            Las Vegas, NV 89169
                                             (702) 385-6000/Fax: (702) 385-6001
6                                            d.springmeyer@kempjones.com

7                                            *Liaison Counsel for the Class*

8                                            Joseph R. Saveri (admitted *pro hac vice*)
                                             Joshua P. Davis (admitted *pro hac vice*)
9                                            Kevin E. Rayhill (admitted *pro hac vice*)
                                             JOSEPH SAVERI LAW FIRM, INC.
10                                           601 California Street, Suite 1000
                                             San Francisco, CA 94108
11                                           Phone: (415) 500-6800/Fax: (415) 395-9940
                                             jsaveri@saverilawfirm.com
12                                           jdavis@saverilawfirm.com
                                             krayhill@saverilawfirm.com
13

14                                           Benjamin D. Brown (admitted *pro hac vice*)
                                             Richard A. Koffman (admitted *pro hac vice*)
15                                           Daniel Silverman (admitted *pro hac vice*)
                                             COHEN MILSTEIN SELLERS & TOLL, PLLC
16                                           1100 New York Ave., N.W., Suite 500, East Tower
                                             Washington, D.C. 20005
17                                           Phone: (202) 408-4600/Fax: (202) 408 4699
                                             bbrown@cohenmilstein.com
18                                           rkoffman@cohenmilstein.com
                                             dsilverman@cohenmilstein.com
19

20                                           Eric L. Cramer (admitted *pro hac vice*)
                                             Michael Dell'Angelo (admitted *pro hac vice*)
21                                           Patrick Madden (admitted *pro hac vice*)
                                             Mark R. Suter (admitted *pro hac vice*)
22                                           BERGER MONTAGUE PC
                                             1818 Market Street, Suite 3600
23                                           Philadelphia, PA 19103
                                             Phone: (215) 875-3000/Fax: (215) 875-4604
24                                           ecramer@bm.net
                                             mdellangelo@bm.net
25                                           pmadden@bm.net
                                             msuter@bm.net

26                                           *Co-Lead Counsel for the Class*

27

28
                                        18

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT
MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

SPECTOR ROSEMAN & KODROFF, P.C.
William G. Caldes (admitted *pro hac vice*)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
wcaldes@srkw-law.com

*Additional Counsel for the Class*

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that on this 30th day of March 2021 a true and correct copy of

3  **PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP**

4  **COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND**

5  **FOR RELATED RELIEF** was served via the District Court of Nevada's ECF system to all

6  counsel of record who have enrolled in this ECF system.

7

8               By:  */s/ Don Springmeyer*

9                   Don Springmeyer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF