WILLIAM A. ISAACSON (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: 202.223.7300
Facsimile: 202.223.7420
wisaacson@paulweiss.com

STACEY K. GRIGSBY (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 200001
Telephone: 202.662.5238
sgrigsby@cov.com

DONALD J. CAMPBELL #1216
J. COLBY WILLIAMS #5549
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101
*Attorneys for Defendant Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brando Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendants. | Case No. 2:15-cv-01045-RFB-(BNW)<br><br>**ZUFFA'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS AND FOR RELATED RELIEF** |

Defendant Zuffa, LLC ("Zuffa") generally does not wish to get involved in the dispute between class counsel and the Sparacino PLLC ("Sparacino") law firm. Yet, in its emergency motion ("Motion"), class counsel seeks broad relief, which far exceeds what is necessary to remedy the problem alleged here and would prejudice Zuffa. Paragraphs 4 and 5 of the Proposed Order call for class counsel to send a two-page single space letter (Exhibit 1) to all members of the proposed Bout Class and for Zuffa to provide contact information for all class members. To send this type of classwide communication just prior to any class certification notice would only confuse proposed class members, many of whom Sparacino may not have contacted. Only two of the eight questions in class counsel's proposed letter even mention the Sparacino communications, and the remainder discuss issues more properly addressed in a class notice. To the extent that a corrective notice is necessary, if at all, such notice should be significantly shortened and targeted to the claimed purpose of correcting allegedly misleading communications. Plaintiffs' proposed corrective letter, Exhibit 1, does not merely correct the miscommunication, but is a premature and improper class notice document.

**Zuffa Should Not Be Required to Produce Class Member Contact Information**

Class counsel's Proposed Order requires Zuffa to produce contact information for "**all persons who meet the definition of member of the Bout Class**." Class Counsel's Proposed Order, ECF No. 798 at ¶ 5 (emphasis added). The Proposed Order also seeks permission for corrective notices to be sent to "**all members of the proposed Bout Class**." *Id.* at ¶ 4 (emphasis added). There is no basis for either of those requests.

If the purpose of the Motion is to enjoin and address communications that Sparacino may have had with certain class members, the Proposed Order is not a proportionate response to the alleged problem. To the extent there were misleading communications warranting some form of correction, the corrective communications should be addressed only to the individuals with whom Sparacino had contact. The Motion does not and cannot justify communications with the entire proposed class.

1

The solution here is simple—Sparacino can tell class counsel exactly with whom they communicated, and the contact information they used to effectuate that communication. The Motion seeks disclosure of that precise information. *Id.* at ¶ 3. If a corrective notice is to be issued, it should be sent to those individuals, using the same contact information that Sparacino used.

Paragraph 5 of the Proposed Order is thus nothing more than a fishing expedition for class member contact information across the entire proposed class, regardless of whether individuals were sent the allegedly misleading communications. Disclosure of contact information on such an unfettered scale would interfere with unaffected class members' privacy rights. *E.g.*, *Heredia v. Sunrise Senior Living LLC*, 2019 WL 7865176 (C.D. Cal. Oct. 31, 2019) (requiring putative class members to be given an opportunity to opt-out of disclosure of information prior to the defendant providing class counsel with contact information for a limited sampling of the putative class). In any event, Sparacino is in the best position to provide all the information necessary for corrective communications.

Class counsel's Motion does not even attempt to justify the reason for sending a corrective notice to the entire proposed class or requiring disclosure of contact information for the entire proposed class. The Court should therefore reject Paragraphs 4 and 5 of the Proposed Order.

**If Corrective Notice Is Ordered for the Affected Class Members, the Proposed Form of Corrective Notice Should Be Modified**

As the Motion notes, Mot. at 7 n.5, Zuffa explained to class counsel that the proposed corrective letter, Exhibit 1, is too long and improperly (and incompletely) crosses into areas that a court-approved class notice will cover, while omitting important information that the class notice should include. Any corrective letter that class counsel are permitted to send to affected class members should be significantly revised and shortened.

Specifically, at least the following sections of the proposed corrective letter are unnecessary and should be excised, if any corrective letter is sent at all: (1) "Do I need to take

2

ZUFFA'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS

any action to benefit from this litigation against the UFC?"; (2) "How do I know if I am one of the 1,200 or so fighters that may benefit from the lawsuit against the UFC?"; and (3) "Is this a class action?" Those portions of the letter constitute the type of information that should only be included in a formal, court-approved class notice following an order certifying a litigation class. They do not belong in a "corrective" letter prior to issuance of class notice. Other portions of the proposed letter can also be substantially shortened.

Courts in the Ninth Circuit have rejected similar attempts to issue "corrective" notices where an official class notice will be sent in quick succession and can provide any necessary corrections. *E.g.*, *Allision v. Dolich*, No. 3:14-cv-1005, 2014 WL 12792546 (D. Or. Dec. 16, 2014) (rejecting class counsel's request to send corrective notice because "If this collective action is certified, the initial notice may be framed to remedy any confusion resulting" from allegedly improper communications); *Swamy v. Title Source, Inc.*, No. 17-01175-WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ("a corrective notice is unnecessary" because the forthcoming formal class notice would afford "an opportunity to clarify the scope and purpose of the suit" and "provide putative class members with other necessary information for them to make a decision about the suit"). Other courts have also denied attempts to send confusing and overreaching "corrective" notices like the one proposed here. *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-8637, Dkt. 3530 (N.D. Ill. Mar. 16, 2020) (rejecting attempt to blanket the class with a corrective notice because future misleading communications were enjoined and class counsel was provided with contact information for recipients of the allegedly misleading communications and could address the recipients on an individualized basis). There is no reason for a different approach here.

* * *

For the foregoing reasons, any "corrective" notice should be much shorter and targeted only to the recipients of Sparacino's communications—or it should simply wait until there is a formal, Court-approved classwide notice following a potential order certifying the class.

DATED: April 08, 2021

PAUL, WEISS, RIFKIND, WHARTON &

GARRISON LLP

By: /s/ *William A. Isaacson*
    William A. Isaacson
*Attorney for Defendant Zuffa, LLC, d/b/a*
*Ultimate Fighting Championship and UFC*

4

ZUFFA'S RESPONSE TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL SPARACINO PLLC TO STOP COMMUNICATING WITH ABSENT MEMBERS OF THE PROPOSED CLASS

# CERTIFICATE OF SERVICE

I certify that on April 08, 2021, I electronically transmitted the foregoing **Zuffa's Response to Plaintiffs' Emergency Motion to Compel Sparacino PLLC to Stop Communicating with Absent Members of the Proposed Class** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel are CM/ECF registrants.

Dated: April 08, 2021

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *William A. Isaacson*
William A. Isaacson

*Attorney for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*