Don Springmeyer (Nevada Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　　　　Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT ZUFFA, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") submit this response to Defendant Zuffa, LLC's ("Zuffa") Motion for Leave to File a Notice of Supplemental Authority (ECF No. 803).

Zuffa seeks leave to file a Notice of Supplemental Authority, suggesting that the Ninth Circuit's recent decision in *Olean Wholesale Grocery Co-Op v. Bumble Bee Foods LLC*, 9th Cir. No. 19-65614 (2021) ("*Olean*"), "confirms, and expounds on, the heavy burden that plaintiffs face in seeking certification of a class under Fed. R. Civ. P. Rule 23(b)(3), and confirms that certification of the putative classes in this case would be improper." Def.'s Notice of Suppl. Authority (ECF No. 803-1), at 2. Zuffa's reading of *Olean* is backwards. Two of its holdings are particularly relevant:

(1) Common Impact with 5 or 6% Uninjured Class Members. Plaintiffs can establish predominance by offering common evidence capable of showing only a *de minimis* percentage of class members were uninjured, such as only 5 or 6% as plaintiffs' expert opined, and not 28% as defendants' expert opined. *Olean*, at 30-34.

(2) Resolving the Battle of the Experts. When there is a "battle of the experts," *id*. at 33 (citation omitted), on an issue critical to class certification, a trial court should assess "the experts' competing testimony" and make a finding. *Id*. at 33-34.

Here, Plaintiffs submitted expert testimony establishing that at most about 1% of class members were uninjured. *See* Pls.' Suppl. Br. in Support of Class Certification (ECF No. 744), at 5-6. In contrast, Zuffa offered *no expert testimony* suggesting that some higher percentage of class members was injured. *Id*. at 6-7. Instead, Zuffa's experts claimed it is improper to use wage share *at all*—an argument on which all members of the proposed class would win or lose together, making it common to the class. *Id*. at 7; *Olean*, at 15 (quoting *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013)). True, Defendants' *lawyers—not* their experts—belatedly and incorrectly speculated in one short paragraph that Dr. Singer's methodology might not show harm to virtually all class members. *See* Def.'s Suppl. Br. in Opp. to Pls.' Mot. for Class Certification (ECF No. 742), at 11. But lawyer speculation is *not evidence*. At class certification, not just plaintiffs, but defendants too must proffer *evidence*. Here, predominance comes down not

to a battle of the experts, but to a battle between compelling expert testimony and no evidence at all. Under *Olean*, then, the *evidence* supports a finding of predominance.

DATED: April 9, 2021.

Respectfully Submitted,

By:   */s/ Don Springmeyer*
Don Springmeyer (Nevada Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Class*

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

Joseph R. Saveri (admitted *pro hac vice*)
Joshua P. Davis (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, CA 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
krayhill@saverilawfirm.com

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, D.C. 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Class*

PLAINTIFFS' RESP. TO DEFENDANT ZUFFA, LLC'S MOTION FOR LEAVE TO FILE SUPPL. AUTHORITY

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

SPECTOR ROSEMAN & KODROFF, P.C.
William G. Caldes (admitted *pro hac vice*)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
wcaldes@srkw-law.com

*Additional Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of April 2021 a true and correct copy of **PLAINTIFFS'
RESPONSE TO DEFENDANT ZUFFA, LLC'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY** was served via the District Court of Nevada's ECF system to all
counsel of record who have enrolled in this ECF system.


By: ___*/s/ Pamela Montgomery*___
An employee of Kemp Jones, LLP