WILLIAM A. ISAACSON (*Pro hac vice*)
(wisaacson@paulweiss.com)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 223-7300; Fax (202) 223-7420

DONALD J. CAMPBELL (State Bar No. 1216)
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS (State Bar No. 5549)
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW<br><br>**DEFENDANT ZUFFA, LCC'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

Case No. 2:15-cv-01045-RFB-BNW

1       Pursuant to Local Rule 7-2(g), Defendant Zuffa, LLC seeks leave to file this supplemental authority, attached hereto as Exhibits A and B.  A court may grant a motion for leave to file a supplemental notice for "good cause." Local Rule 7-2(g). "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021).

        On February 27, 2023, the Ninth Circuit granted a petition for interlocutory review of a class certification order in *Carr v. Google LLC, appeal docketed*, No. 23-15285.  Exhibit A.  In that antitrust case, the district court certified a class of 21 million consumers seeking billions of dollars of damages for app-related purchases.  In opposing class certification, Google argued that the plaintiffs could not establish predominance because they had not shown that the vast majority of consumers in the putative class suffered antitrust impact in the form of inflated app prices.  The district court certified the class based on an analysis purporting to prove common impact performed by the same expert used by Plaintiffs here—Dr. Hal Singer.  Like Zuffa contends in opposition to Plaintiffs' class certification motion, Google argues on appeal that Dr. Singer's analysis fails to "account for individualized differences between class members that affect whether they suffered any injury."  Exhibit B at 3.  Also like Zuffa, Google argues that numerous class members suffered no antitrust impact, and that "plaintiffs have failed to show a workable solution for calculating individual damages." *Id.* at 21; *see id.* at 9–14, 20–23.

        Google's petition presents three questions on appeal whose answers are likely to bear directly on the certification decision in this case:

> 1. Must a district court conduct a rigorous analysis of the extent to which the proposed class contains uninjured class members before it can certify the class?
> 2. Can a district court certify a class based on an injury model that does not account for variables that yield individualized differences among class members?
> 3. Must a district court actually analyze whether individualized issues with respect to damages calculations predominate?

*Id.* at 1.

As explained in Zuffa's class certification briefing, those issues are all at play here. Dkt. 540 (Opp. to Class Cert.); Dkt. 742 (Supplemental Br. in Opp. to Class Cert.). These and other problems preclude class certification in this case. Accordingly, Zuffa seeks leave to file this supplemental authority.

Dated:  April 10, 2023                    Respectfully submitted,

                                          PAUL, WEISS, RIFKIND,
                                          WHARTON & GARRISON LLP

                                          By: /s/ William A. Isaacson
                                          WILLIAM A. ISAACSON (*Pro hac vice*)
                                          (wisaacson@paulweiss.com)
                                          2001 K Street, N.W.
                                          Washington, DC 20006
                                          Tel: (202) 223-7300; Fax: (202) 223-7420

                                          DONALD J. CAMPBELL (State Bar No. 1216)
                                          (djc@campbellandwilliams.com)
                                          J. COLBY WILLIAMS (State Bar No. 5549)
                                          (jcw@campbellandwilliams.com)
                                          CAMPBELL & WILLIAMS
                                          710 South 7th Street
                                          Las Vegas, NV 89101
                                          Tel: (702) 382-5222; Fax: (702) 382-0540

                                          *Attorneys for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Defendant Zuffa, LLC's Motion for Leave to File a Notice of Supplemental Authority was served on April 10, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ William A. Isaacson*
WILLIAM A. ISAACSON