Don Springmeyer (Nevada Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Proposed Class*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>          Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC's MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs respectfully submit this opposition to Defendant Zuffa, LLC's ("Zuffa") Motion for Leave to File Notice of Supplemental Authority, ECF No. 835.

As Zuffa correctly notes, good cause to submit supplemental authority "may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." ECF No. 35 at 1 (quoting *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021)). But Zuffa's Motion meets neither circumstance.

First, Zuffa does not submit any **authority** whatsoever. Instead, Zuffa alerts the Court to the fact that an opinion of another district court certifying a class in a different case with different facts is now on appeal. Nothing about the existence of an appeal can control the outcome of this litigation or be "precedential, or particularly persuasive or helpful." *Alps*, 526 F. Supp. 3d at 812. Even if Zuffa had cited an actual authority, the referenced case, *Carr v. Google LLC*, No. 23-15285, is distinguishable on multiple grounds, including, without limitation:

- *The scale of the class is different:* The *Carr* Class consists of more than 20 million consumers who purchased apps from Google, as compared to this case on behalf of under 1,500 fighters who performed services for Zuffa; and

- *The damages issue is different:* The *Carr* consumers allege Google charged app *developers* a supracompetitive service fee which then caused *consumers* antitrust injury, meaning that Plaintiffs' theory of injury required them to show that, with more competition, Google would have charged developers lower service fees, *and* developers would have responded by lowering their prices to consumers; there is no such "pass on" issue in this case where Zuffa underpaid fighters directly.

Moreover, as the Court is well aware, the Ninth Circuit just decided, *en banc*, a case far more directly on point, namely, *Olean Wholesale Grocery Cooperative v. Bumble Bee Foods, LLC*, 31 F.4th 651 (9th Cir. 2022) (*en banc*). In that case, the Ninth Circuit enunciated the appropriate standard for a district court evaluating econometric evidence relating to class certification in an antitrust case. The court held that "[i]n determining whether the 'common question' prerequisite is met, a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." *Id.* at 666-67 (emphasis original). The court applied that standard to reject the defendants' criticisms—similar to those offered by Zuffa here—

and rebuffed the dissent, noting that a "district court is not free to prefer its own views about the economics of the … market over the statistical evidence submitted by the plaintiffs." *Id.* at 678. "Provided that the evidence is admissible and, after a rigorous review, determined to be capable of establishing antitrust impact on a class-wide basis, it is for the jury, not the court, to decide the persuasiveness of" the expert's testimony." *Id.* Thus, the Court here already has the Ninth Circuit's *en banc* ruling on the relevant case law, and awaiting a decision of a single panel in *Carr* would neither be helpful nor persuasive of any relevant matter in this case.

Second, Zuffa's submission of this notice of appeal as purported authority appears designed to inject further delay into a decision on Plaintiffs' Motion for Class Certification. ECF No. 518. Indeed, Plaintiffs filed their Motion for Class Certification more than five years ago, participated in a seven-witness hearing over the course of multiple weeks nearly four years ago, and submitted lengthy and detailed supplemental briefing, creating a more than sufficient record on which this Court can perform the required rigorous analysis and render a decision.

Plaintiffs have already waited years for resolution of their Motion for Class Certification as *Olean* wound through the appellate process, ultimately concluding when the Supreme Court denied *certiorari* in November of 2022 (nearly five months ago). The prospect of years of additional delay while another, different case, winds through the appellate process is unwarranted.

DATED this 11th day of April, 2023.

          Respectfully submitted,

          KEMP JONES, LLP

          /s/ Don Springmeyer
Don Springmeyer, Esq. (Nevada Bar No. 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169
*Liaison Counsel for the Class*

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Joshua P. Davis
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111

Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, CA 94108

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, D.C. 20005

*Co-Lead Counsel for the Class*

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103

*Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April, 2023 a true and correct copy of **PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC's MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

                                            */s/ Pamela McAfee*
                                        An employee of Kemp Jones, LLP