Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

Richard A. Koffman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

Eric L. Cramer (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

*Co-lead Class Counsel and Attorneys for All Individual and Representative Plaintiffs and the Bout Class*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **Cung Le, Nathan Quarry, and Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br><br><br><br><br>**PLAINTIFFS' PRE-CONFERENCE STATEMENT** |
| **KAJAN JOHNSON and CLARENCE DOLLAWAY, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**ZUFFA, LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,**<br><br>Defendants. | No.: 2:21-cv-01189-RFB-BNW |

## I. INTRODUCTION

In preparation for the August 21 status conference, Plaintiffs offer for the Court's consideration the following statement regarding some of the issues ripe for discussion.

## II. RELEVANT PROCEDURAL HISTORY

The *Le* Action was filed in 2014. The case was transferred to this Court in June 2015. On August 9, 2023, the Court issued its Order in *Le, et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-BNW ("*Le*"), granting in part and denying in part Plaintiffs' Motion for Class Certification. ECF No. 839. Discovery is complete. The Court denied Zuffa's summary judgment motion without prejudice on December 14, 2018. ECF No. 628. A date for trial has not been set.

The *Johnson* Action was filed on June 23, 2021. On September 30, 2022, the Court denied Defendants' Motion to Dismiss and dismissed the parties' Proposed Discovery Plan and Scheduling Order, both without prejudice, and stayed the case pending Zuffa's anticipated petition for appellate review of its class certification order in the *Le* action. ECF No. 68. The Court stated during the June 12, 2023 status conference in the *Johnson* case that "there's enough there for the case to proceed, at least in terms of a motion to dismiss." ECF 69 at 25. The Court also stated that it was considering denying the motion to dismiss without prejudice as to defendant Endeavor and allowing certain discovery prior to ruling. *Id*. Discovery has not commenced.

## III. ISSUES FOR DISCUSSION AT STATUS CONFERENCE

### A. The *Le* Case Should Go to Trial for Liability and Damages Only on an Expedited Basis

The *Le* action was filed in December 2014. The class period of the certified Bout Class (the "Class") begins on December 16, 2010 and ends on June 30, 2017. ECF 839, Slip Op. at 2. The period of time covered by fact discovery began in 2005 and ended for some purposes in 2015 and for others in 2017. The case involved extensive fact and expert discovery regarding the alleged anticompetitive scheme, its alleged anticompetitive effects during the period at issue, and the damages accruing to members of the Bout Class during the Class Period. A decision on the class motion was delayed due to the Covid-19 pandemic, and also as a result of an intervening controlling precedential decision from the

Ninth Circuit *en banc*. Plaintiffs and the members of the Bout Class in *Le* continue to be prejudiced every day that goes by without resolution.

Accordingly, as set forth in the Plaintiffs' section of the parties' Proposed Discovery Plan and Scheduling Order in *Johnson*, Plaintiffs believe that the *Le* action should be set *for a liability and damages trial only* for the certified Bout Class as soon as is practicable. ECF 51, 1/14/22, at 5-8. As discussed further below, the *Le* Plaintiffs' injunctive relief claims, which require some updated discovery, could be coordinated with discovery the *Johnson* case, which has not yet had discovery. Counsel for Zuffa estimated that discovery in *Johnson* would realistically take "a year and a half to two years." ECF 69, 6/12/23, at 11-12. The *Le* and *Johnson* injunctive relief claims could then be heard by this Court (juries cannot hear injunctions), after the *Johnson* damages claims are tried to a jury two to three years from now.

The *Le* Plaintiffs should not have to wait *two additional years* for a trial on their liability and damages claims that run through June 2017. The passage of time, in part due to the onset of the pandemic, has already substantially prejudiced them. Redress for their economic losses in the form of damages will likely result in payments to Class members, which will have an important economic impact on their lives. Mixed Martial Arts takes a heavy toll on the health and personal lives of the athletes and careers in MMA are notoriously short. ECF 839, Slip Op. at 39 ("…the Court finds that the coercive nature of [Zuffa's] tactics and contracts were particularly effective **because of the short duration of an average MMA fighter's career**") (emphasis added). Many of the bout class members in *Le* have long since retired, including the Plaintiffs. In addition, Plaintiffs face a substantial disadvantage from delay at trial even now. Memories have faded with the passage of time. The prospect of trying a case to a jury concerning events that took place over a decade ago is daunting. It would be more daunting still if the *Le* case was effectively stayed while the *Johnson* case went through two years or more of fact and expert discovery and other pretrial procedures (including class certification).

Zuffa has sought to delay trial in *Le* by arguing that (a) the *Le* and *Johnson* cases should be consolidated for all purposes and tried together, and (b) claims for injunctive relief require discovery and proof of current market conditions, market dynamics, changes in ownership, transaction-level analysis of UFC's operations and other developments since discovery closed in *Le* and up through the

present. *See* [Proposed] Discovery Plan and Scheduling Order, *Johnson*, 2:21-cv-01189-RFB-BNW, EFC No. 51 (1/14/22) at 3-4. Zuffa's proposal would delay significantly the resolution of the damages claims in *Le*—indeed, delay seems to be the purpose of the proposal.

The bottom line is this: *Le* has been pending for nearly nine years and was impacted by the pandemic. *Le* includes a class that was active from December 2010 to June 2017 and a discovery record that extended back to 2005 and closed more than six years ago. Few, if any, of the *Le* Class members are still active in the UFC. Only a relatively small percentage of Class members in *Le* still participate in professional MMA bouts as active professional MMA athletes. And that percentage will only diminish further over the next year. Therefore, Plaintiffs propose that the certified bout class in the *Le* action proceed to trial on liability and damages as soon as is practicable.

    **B.**    **The Law Allows Plaintiffs to Pursue Injunctive Relief as a Certified Class Under Fed. R. Civ. P. 23(b)(3)**

Abundant authority supports allowing the *Le* Plaintiffs to seek injunctive relief on behalf of the Bout Class that the Court certified under Fed. R. Civ. P. 23(b)(3). In its Class Certification Order, the Court appropriately found that "Plaintiffs have standing to bring their claims of injunctive relief" because "[a]t least three named Plaintiffs [Fitch, Vera, and Le] were subject to" the challenged conduct "when the complaint was filed." ECF 839, Slip Op. at 73-74. However, the Court withheld a decision regarding certification of a class pursuant to Fed. R. Civ. P. 23(b)(2), and set this upcoming status conference to determine "whether certification of the class for the purposes of injunctive relief is appropriate here." *Id*. at 74.

While the parties could have been clearer about this issue in their briefing on the class motion, straightforward law provides that certification of a class under 23(b)(2) is not necessary for the *Le* Plaintiffs to pursue injunctive relief on behalf of the Bout Class. Individual and representative plaintiffs are permitted to obtain injunctive relief on behalf of classes certified under Fed. R. Civ. P. 23(b)(3). *See*, *e.g.*, *Martinez v. Blu Prod., Inc*., No. CV 17-2507-GW(AGRX), 2019 WL 12838199, at *7 (C.D. Cal. Oct. 3, 2019) ("There appears to be little doubt Plaintiffs can obtain any injunctive, declaratory, or other necessary relief they might be entitled to in a Rule 23(b)(3) class action."); *Hilario v. Allstate Ins. Co*., 2022 WL 17170148, at *11 (N.D. Cal. Nov. 22, 2022), appeal filed (certifying class under Rule

23(b)(3), and stating that because plaintiff "can still receive her desired injunctive relief via certification under Rule 23(b)(3)" there is no need to separately certify an injunctive class under Rule 23(b)(2)); *Alcazar v. Fashion Nova, Inc.*, 2022 WL 19975445, at *4 n. 1 (N.D. Cal. Sept. 6, 2022) (certifying a class pursuing both damages and injunctive relief under Rule 23(b)(3), and stating that "the Court's certification of the class under Rule 23(b)(3) moots [defendant's] arguments against certification under Rule 23(b)(2)"); *Tigbao v. QBE Fin. Inst. Risk Servs.*, Inc., 2014 WL 5033219, at *1 (C.D. Cal. Sept. 22, 2014) ("because a class certified under Rule 23(b)(3) may still seek injunctive relief, there was no reason for the Court to assume that Plaintiff sought certification of a damages only Rule 23(b)(3) class").[1] In sum, the *Le* Plaintiffs should be permitted to pursue injunctive relief individually and on behalf of the certified Bout Class.

   C.  **The *Le* Injunctive Relief Claims Should Be Coordinated with the *Johnson* Case**

  The *Le* Plaintiffs believe that, in the interests of justice and efficiency, their injunctive relief claims—which by their nature relate to ongoing conduct—should be pursued jointly with the litigation of the *Johnson* case. Unlike *Le*, *Johnson* explicitly includes conduct and class members extending from July 1, 2017 through the present. As the Court observed in its Class Order in *Le*, "the evaluation of injunctive relief is much more time sensitive, especially since the onset of the pandemic. It would thus be inappropriate to make a determination as to injunctive relief based solely on the earlier pleadings of the parties." ECF 839, Slip Op. at 18, n.17. Accordingly, given that the injunctive relief claims in *Le*, and the claims in *Johnson*, involve more recent conduct and competitive circumstances, it would be appropriate to handle the more "time sensitive" aspects of the claims in both cases together.

---

[1] *See also Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, at *20-21 (N.D. Cal. Nov. 18, 2014) (certifying class seeking both damages and injunctive relief under Rule 23(b)(3), and stating that, "because the court is certifying a Rule 23(b)(3) class, the plaintiffs' alternative request under Rule 23(b)(2) is moot"); *Prof'l Firefighters Ass'n of Omaha*, *Local 385 v. Zalewski*, 678 F.3d 640, 647 (8th Cir. 2012) (involving "relatively straightforward declaratory judgment action seeking injunctive relief under Rule 23(b)(3)"); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 659 n.13 (9th Cir. 1977) (referring to case that had found where "both injunctive relief and money damages were sought" a case would be "maintainable as a class action under either Rule 23(b)(2) or (b)(3)" because both injunctive relief and money damages were sought); *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) ("The proper approach in this case would thus have been for the plaintiffs to seek class certification under Rule 23(b)(3) . . . but to ask for injunctive as well as monetary relief.").

### D. The *Le* Liability and Damages Claims Should be Tried Separately from the *Johnson* Claims and the *Le* Injunctive Relief Claims

The *Le* liability and damages claims should be tried now, separate from the *Johnson* case and the *Le* injunctive relief claims, for multiple reasons.

First, as stated just above, while fact and expert discovery are long closed in *Le*, discovery has yet to begin in *Johnson*. And as counsel for Zuffa has observed, discovery in *Johnson* will likely take *two more years*. ECF 69, 6/12/23, at 11-12.

Second, the *Le* and *Johnson* actions concern overlapping, but significantly different time-periods. As noted above, *Le* concerns conduct extending back to 2005 and running through June 2017. *Johnson* was filed on June 23, 2021. It also includes conduct extending back prior to 2010. But because the *Johnson* class period begins in July 2017, it will also focus in significant part on the contracts and conduct engaged in during the period from July 2017 *to the present*. Plaintiffs believe, and have alleged, that Zuffa's (and Endeavor's) conduct through the present is similarly coercive and anticompetitive, and that the results for fighters are similarly dire. But Zuffa has argued that the competitive landscape has changed in the past six years, and that now there are *finally* some real rivals to the UFC. See *Johnson*, ECF 51, 1/14/22, at 5 of 15. But Zuffa simply points to a handful of the same supposed rivals that the Court has already found for purposes of class certification are no more than feeder leagues to the UFC. *See* ECF 839 at 29-30, 32-33. Apparently, for Zuffa's lawyers, real competition is always just around the corner.

Whatever the credibility of this defense, it will need to be explored in the *Johnson* case. Discovery in *Johnson* will therefore need to be taken to address the conduct, contracts, and competitive environment from 2017 through the present. And expert analyses will need to address the impact, damages, and competitive effects for the past six years and going forward. All of the fact and expert discovery necessary to get *Johnson* ready for trial will take two years or more. While the *Johnson* Plaintiffs are both now retired—once again highlighting the brevity of the careers of professional MMA athletes—the proposed class in *Johnson* contains many members that are still being affected by the alleged continuing anticompetitive scheme. As a result, and given that the *Le* Plaintiffs continue to have standing to assert claims for injunctive relief on behalf of the certified Bout Class in *Le*, the *Johnson*

claims and the *Le* injunctive relief claims should coordinated.

Third, Zuffa has reportedly implemented arbitration clauses and bans on participation in class actions in the contracts with many (if not most) of its fighters in recent years. Plaintiffs will be challenging the enforceability of those clauses. Those clauses do not implicate the *Le* action but will play a significant role in the litigation of *Johnson*. If Zuffa moves to compel arbitration for the vast majority of the members of the proposed class in *Johnson*, that would, at minimum, delay the *Johnson* case. The losing party on a motion to compel arbitration has an automatic and immediate right of appeal. *See, e.g.*, *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023). Thus, in light of two years of discovery and the likelihood of an interlocutory appeal, getting to the stage where we are now in *Le* could take *three years or more*.

Fourth, there are factual issues in *Johnson* that do not pertain to *Le*. Unlike *Le*, *Johnson* asserts claims against an additional defendant, Endeavor, which acquired Zuffa during the pendency of *Le*. *See Johnson* Complaint, ¶ 29. These and other issues—including the nature and scope of the contracts and conduct pertaining to *Johnson* class members after the class period in *Le* closed—will require new discovery in *Johnson*, which will take time. These issues are *not* relevant to a damages trial in *Le*.

Fifth, in addition to a new defendant in *Johnson*, many of the key witnesses will be different. For example, Joe Silva, the UFC's long-time chief matchmaker, who had primary responsibility for negotiating compensation with hundreds of UFC fighters over more than twenty years, will figure prominently in the trial of the *Le* case. *See* ECF 839, Slip Op. at, *e.g.*, 9, 32, 38, 40 (citing evidence relating to Mr. Silva). But Mr. Silva retired in 2017, before the *Johnson* class period began. His testimony will have less relevance in the *Johnson* case than the *Le* case (and the testimony of subsequent Zuffa matchmakers will need to be taken in the *Johnson* case). The same would be true of other witnesses.

In short, while there is undoubtedly overlap between the two cases, there are certain differences that would make trying them together in their entireties inefficient and unwieldy. Moreover, given the extent of fact and expert discovery that would be necessary to get the *Johnson* case ready for trial, and given the arbitration issues—and related interlocutory appeals—at play in *Johnson*, there is no conceivable way that *Johnson* would be ready for trial *until 2027 or later*.

On the other hand, fact and expert discovery in *Le* is complete. The Bout Class is certified. Zuffa will likely file a petition for the right to appeal under Fed. R. Civ. P. 23(f), but statistics show that the Ninth Circuit takes fewer than 20 percent of such petitions. *See* Bryan Lammon, *An Empirical Study of Class-Action Appeals*, 22 J. OF APP. PRAC. & PROCESS 284 (2022); *see also, e.g.*, *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) ("we are of the view that petitions for Rule 23(f) review should be granted sparingly").[2] In the meantime, the parties in *Le* could be briefing summary judgment and proceeding toward a liability and damages trial. Such a trial in *Le* would also provide additional benefits in the *Johnson* matter. One can predict with certainty that both sides will learn from a trial in *Le*, and, with those lessons learned, the trial in *Johnson* will likely be shorter, more focused, and more efficient, if not avoided altogether by an agreed resolution facilitated by the outcome of the *Le* case.

Plaintiffs propose to negotiate a fact and expert discovery schedule with Zuffa and Endeavor's counsel in the *Johnson* case and begin discovery in *Johnson* without delay. The *Le* Plaintiffs would pursue their injunctive relief claims coordinated with *Johnson* given that discovery on both the Johnson claims and the *Le* injunctive claims will necessarily extend to the present. Plaintiffs respectfully suggest that the Court should move *Le* toward a liability and damages trial on a separate track as soon as is practicable, with summary judgment briefing starting in *Le* within 30 days.

### E. Improper Communications with Class Members Have Continued

As reported to the Court in Plaintiffs' Emergency Motion to Compel Sparacino PLLC to Stop Communicating with Absent Members of the Proposed Class and for Related Relief, ECF No. 796, Plaintiffs are informed and believe that the Sparacino firm has, during the pendency of the class motion in *Le*, continued to contact members of the Class in *Le*. At an appropriate time, Plaintiffs would like the Court to address what Plaintiffs believe were misleading communications to absent members of the Class in *Le* that may adversely affect their legal rights. One open issue is whether absent Class members were misled to believe that they had to hire the Sparacino firm and later opt out to participate in the class recovery—when the opposite is true.

---

[2] Moreover, a study conducted by a large law firm found that the Ninth Circuit generally decides Rule 23(f) petitions within 3 months.

**F.     The Class Certification Record in *Le* Should Be Unsealed in its Entirety**

Plaintiffs submit that the "strong presumption" in favor of the public's right of access to judicial records requires the entire record in *Le* to be unsealed. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Any information that may once have arguably been sensitive has long since lost its competitive value. Zuffa has had different owners since 2016, and most of the individuals involved in the *Le* case are no longer active in the sport. The Court should set a schedule and process for unsealing the *Le* record to allow the public to be informed about the case.[3]

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court:

(1) move the certified Bout Class in the *Le* case toward trial as soon as is practicable on the liability and damages claims, including by setting a summary judgment briefing schedule to begin within thirty days;

(2) allow the *Le* Plaintiffs to pursue injunctive relief on behalf of the certified Bout Class under Fed. R. Civ. P. 23(b)(3);

(3) coordinate the *Le* injunctive relief claims with the *Johnson* case;

(4) require the parties to negotiate a schedule for fact and expert discovery, as well as briefing of a class motion, in the *Johnson* action, and coordinate the fact discovery in Johnson with the discovery necessary for the injunctive relief claims in *Le*;

(5) schedule a hearing to discuss Plaintiffs' request for an order requiring the Sparacino firm to cease and desist communicating with class members, and to consider Plaintiffs' request to allow Bout Class members in *Le* to rescind any retainer agreements entered into between Le Class members and the Sparacino firm that were obtained through misleading or improper communications; and

(6) order the entire record relating to the class certification motion in the *Le* action unsealed.

---

[3] Footnote 10 of the Court's class certification order, ECF 839, appears already to contemplate unsealing of those portions of the *Le* record relating to the motion for class certification: "the Court now finds that the strong public policy favoring access to portions of these court records outweighs any prior compelling reason to seal any motions, briefs, and exhibits related to Plaintiff's request for class certification."

| | |
|---|---|
| DATED: August 17, 2023 | Respectfully Submitted,<br><br>JOSEPH SAVERI LAW FIRM, LLP<br><br>By:       */s/Joseph R. Saveri*<br>              Joseph R. Saveri<br><br>Joseph R. Saveri (admitted *pro hac vice*)<br>Kevin E. Rayhill (admitted *pro hac vice*)<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Phone: (415) 500-6800/Fax: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>krayhill@saverilawfirm.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, Kajan Johnson, and Clarence Dollaway*<br><br>COHEN MILSTEIN SELLERS & TOLL, PLLC<br>Benjamin D. Brown (admitted *pro hac vice*)<br>Richard A. Koffman (admitted *pro hac vice*)<br>Daniel H. Silverman (admitted *pro hac vice*)<br>1100 New York Ave., N.W., Suite 500, East Tower<br>Washington, DC 20005<br>Phone: (202) 408-4600/Fax: (202) 408 4699<br>bbrown@cohenmilstein.com<br>rkoffman@cohenmilstein.com<br>dsilverman@cohenmilstein.com<br><br>*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, Kajan Johnson, and Clarence Dollaway* |

BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick Madden (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

BERGER MONTAGUE PC
Josh Davis (admitted *pro hac vice*)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
jdavis@bm.net

*Co-Lead Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, Kajan Johnson, and Clarence Dollaway*

KEMP JONES, LLP
Don Springmeyer Nevada Bar No. 1021
3800 Howard Hughes Pkwy., 17th Floor
Las Vegas, NV 89169
(Phone) 702-385-6000, (Fax) 702 385-6001|
d.springmeyer@kempjones.com
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

*Liaison Counsel for the Bout Class Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, Kajan Johnson, and Clarence Dollaway*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Classes and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, Kyle Kingsbury, Kajan Johnson, and Clarence Dollaway*

LAW OFFICE OF FREDERICK S. SCHWARTZ
Frederick S. Schwartz (admitted *pro hac vice*)
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403
Phone: (818) 986-2407/Fax: (818) 995-4124
fred@fredschwartzlaw.com

*Attorney for Plaintiffs*

SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey J. Corrigan (admitted *pro hac vice*)
William G. Caldes (admitted *pro hac vice*)
1818 Market Street – Suite 2500
Philadelphia, PA 19103
Phone: (215) 496-0300/Fax: (215) 496-6611
jcorrigan@srkw-law.com
wcaldes@srkw-law.com

*Attorneys for Plaintiffs*