WILLIAM A. ISAACSON *(pro hac vice)*
(wisaacson@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7313; Fax: (202) 379-4937

DONALD J. CAMPBELL #1216
(djc@cwlawlv.com)
J. COLBY WILLIAMS #5549
(jcw@cwlawlv.com)
CAMPBELL & WILLIAMS
710 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendants Zuffa, LLC
and Endeavor Group Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZUFFA, LLC, (d/b/a Ultimate Fighting Championship and UFC) <br><br> Defendants. | Case No.: 2:15-cv-01045-RFB-BNW <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' PRE-CONFERENCE STATEMENT** |
| KAJAN JOHNSON and CLARENCE DOLLAWAY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZUFFA, LLC, (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc., <br><br> Defendants. | Case No.: 2:21-cv-01189-RFB-BNW |

Defendants Zuffa, LLC ("Zuffa") and Endeavor Group Holdings, Inc. ("Endeavor") hereby respond to Plaintiffs' pre-conference statement in both *Cung Le, et al.* v. *Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, No. 2:15-cv-01045-RFB-BNW (D. Nev.) ("*Le*") and *Johnson, et al.* v. *Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.) ("*Johnson*"). This Court did not order a pre-conference statement from the parties, nor did Plaintiffs meet and confer with or provide any notice to Defendants before filing their statement just a few days before the scheduled conference. Defendants provide this response to ensure the Court is aware of Defendants' positions with respect to those various proposals in advance of the conference.

Though Plaintiffs admit that the actions in *Le* and *Johnson* involve virtually the same facts and claims for two time periods, Plaintiffs continue to propose perhaps the most inefficient possible procedure for resolving the issues here: including two trials to two juries who would be asked to resolve the same issues and then a bench trial. Plaintiffs propose doing so based on separate discovery records taken over two different periods of time even though all of that discovery would be relevant to both cases.

## I.   *LE* AND *JOHNSON* SCHEDULES

Plaintiffs reprise their proposal that the two cases should proceed on separate tracks—that (1) the *Le* case should go to one trial for liability and damages, (2) the *Johnson* case should go to another trial for liability and damages, and (3) the two cases would go to a bench trial for the determination of injunctive relief. *Le* ECF No. 842; *Johnson* ECF No. 71 ("Pl. Statement"). This proposal makes no sense; it would maximize inefficiency and the use of judicial resources.

Plaintiffs concede that the two cases "involve virtually identical factual allegations related to the same series of events, facts, and circumstances, and assert identical claims for relief." Pls.' Notice of Related Cases, *Johnson* ECF No. 9 (July 2, 2021). This means that a proper analysis must rest on Zuffa's market or monopsony power during the time periods encompassed by both cases. *See Ohio* v. *Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018) (antitrust analysis must reflect commercial and market realities); *see also Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 978 (9th Cir. 2023) ("courts should conduct market-definition inquiries," which underlie assessments of

market power and anticompetitive conduct, "based not on formalistic distinctions but on actual market realities" (citations and internal quotation marks omitted)).

A significant amount of time has passed since the close of discovery in *Le*, which covers only the period between 2005 and 2017.  However dismissive Plaintiffs are about the current and rapidly changing competitive landscape, those assertions are not based on a factual record. Additional discovery is necessary to allow Defendants to demonstrate at any trial that Zuffa faces real competition from other MMA promoters.  Plaintiffs' monopsony claims are belied by the numerous competitors to the UFC competing to attract athletes and many of which are backed by well-funded media companies and have established television distribution.  In *Le*, Plaintiffs opposed summary judgment (which remains pending) in part on the ground that Zuffa, through the alleged "Scheme[,] blocked potential competitors from entering or expanding" by "locking up" top fighters, thereby depriving other promotions of the ability to compete with it.  Pls.' Opp'n to Zuffa MSJ, *Le* ECF No. 596, at 12.  And as evidence, Plaintiffs claimed that Zuffa had no "direct" competition, and that competitors like Bellator and PFL did not have "sufficient clout to check its dominance." *Id.* at 14–15.  Plaintiffs in *Johnson* rely on the same allegations as the 2014 *Le* Complaint and allege no facts about competition post-2017.

Accordingly, at summary judgment and at any trial, Zuffa will show that the alleged markets were always competitive, as evidenced by the continued growth of competitors including from 2017 forward.  This is not abstract; Zuffa will show that competitors like Bellator and PFL have grown significantly since the close of discovery in *Le*, demonstrating that Zuffa did *not* erect barriers to entry in the relevant market (and does not have durable monopsony power) as Plaintiffs have alleged.  And if those barriers to entry were not erected as alleged, Zuffa cannot be held liable for any anticompetitive conduct.  The Ninth Circuit requires consideration of those facts.  *E.g.*, *Rebel Oil Co.* v. *Atl. Richfield Co.*, 51 F.3d 1421, 1439–41 (9th Cir. 1995) ("We must consider [events occurring after] when the alleged barriers were in place" because "plaintiff must show that new rivals are barred from entering the market" and liability for monopolization may not exist "if there is undisputed evidence indicating that competitors have expanded output in the recent past, or have the ability to expand output in the future."); *Cornwell Quality Tools Co.* v. *C.T.S. Co.*, 446

1  F.2d 825, 833 (9th Cir. 1971) ("evidence of any activity of [an alleged monopolist] that may reflect
2  upon its market position or the intentions of its management at the time of the alleged violations
3  is admissible, regardless of when it occurred").

4  The requirement for discovery of facts after 2017 is also underscored by the fact that
5  Plaintiffs acknowledge that, at minimum, the injunctive relief claims in *Le* require updated
6  discovery.  Pl. Statement at 2.  But what they ignore is that whether for damages or injunctive
7  relief, updated discovery is required to demonstrate liability in either action, as explained above.
8  It is no more efficient to push off updated discovery that must occur.  Discovery is also necessary
9  so that Plaintiffs do not complain of surprise.  Zuffa will present declarations in support of
10 summary judgment motions and testimony at any trial showing that events continuing since 2017
11 demonstrate that there has always been actual and potential competition reflecting a healthy and
12 competitive marketplace.  And Zuffa's experts will ultimately rely on such testimony in offering
13 their opinions at any trial.  Foreclosing Zuffa from doing so would violate Zuffa's due process
14 rights.

15 Just to state Plaintiffs' proposal (two separate jury trials and a bench trial on cases they
16 admit concern "virtually identical factual allegations related to the same series of events, facts, and
17 circumstances the same") confirms that it is inefficient and contrary to Rule 1 of the Federal Rules
18 of Civil Procedure.

19 Given that even the damages action in *Le* requires updated discovery, it is impossible to
20 rush to summary judgment motions and trial as Plaintiffs suggest in that case.  Moreover, this
21 Court has already stayed the *Johnson* case pending finalized appellate review of the class
22 certification motion in *Le* and Plaintiffs have not filed a motion for reconsideration of that motion
23 or attempted to meet the standards for such motion.  *Johnson* ECF No. 68 (Sept. 30, 2022).
24 Therefore, the timelines for the two cases are not as far apart as Plaintiffs suggest.  While the
25 appeal of the class certification decision is pending, the parties can engage in the updated discovery
26 required in both *Le* and *Johnson* (if *Johnson* survives a renewed motion to dismiss).  If the appeal
27 is unsuccessful, the parties will have an evidentiary record upon which to proceed to a single,
28

consolidated trial (followed by a determination of injunctive relief if necessary) rather than engaging in multiple successive trials based on the same set of facts.

## II.     PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY CAN PURSUE INJUNCTIVE RELIEF ON BEHALF OF THE BOUT CLASS.

In their Amended Complaint, Plaintiffs alleged that they would seek the certification of a Rule 23(b)(2) Bout Class for the purposes of injunctive relief. Am. Compl. ¶ 172(a), *Le* ECF No. 208. As the Court indicated in its class certification order, Plaintiffs did not seek to certify a Rule 23(b)(2) injunctive relief class, nor did they attempt to make any showing as to whether class-wide injunctive relief is proper in the context of a Rule 23(b)(3) class. Order at 74, *Le* ECF No. 839. And despite having proceeded through class certification, there remains no indication or specificity as to what actual injunctive relief Plaintiffs seek. Am. Compl. ¶ 172(a), (d), *Le* ECF No. 208; *see generally* Class Cert. Mot., ECF No. 518. On this record, there is no basis for allowing Plaintiffs to proceed with a class-wide injunctive relief claim merely because the Court has certified a damages class under Rule 23(b)(3). At the very least, and as contemplated by the Court's order, Plaintiffs should be required to define the injunctive relief they seek and then make a showing as to whether it can be adjudicated on a class-wide basis, before proceeding with such a claim.

Without stating whether they have abandoned their claim for certification under Rule 23(b)(2), Plaintiffs grossly overstate the extent to which certification of a (b)(3) class automatically establishes that class-wide injunctive relief can also be pursued. The cases Plaintiffs indiscriminately cite for this proposition mostly involved situations where courts grappled with whether the primary relief sought by the putative class was monetary damages or equitable relief, and therefore whether, following the Supreme Court's decision in *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338 (2011), certification under (b)(3) or (b)(2) was appropriate.[1] The other cases merely

---

[1] *See, e.g.*, *Hilario* v. *Allstate Ins. Co.*, No. 20-CV-05459, 2022 WL 17170148, at *11 (N.D. Cal. Nov. 22, 2022) ("because Hilario seeks money damages as a fundamental remedy in this case, and because she can still receive her desired injunctive relief via certification under Rule 23(b)(3), I decline to certify the class separately under Rule 23(b)(2)."); *Alcazar* v. *Fashion Nova, Inc.*, No. 20-CV-01434, 2022 WL 19975445, at *4 n.1 (N.D. Cal. Sept. 6, 2022) ("Fashion Nova argues that class certification is improper under Rule 23(b)(2) because monetary damages are not incidental to Alcazar's claims. Because Alcazar seeks certification under Rule 23(b)(2) only as an alternative to Rule 23(b)(3), the Court's certification of the class under Rule 23(b)(3) moots Fashion Nova's arguments against certification under Rule 23(b)(2).").

mention that injunctive relief *may* be sought by classes certified under (b)(3).[2] None of them hold as a matter of law that certification of a (b)(3) class necessarily establishes the propriety of proceeding on a class-wide injunctive relief claim as well. And, again, at no point before did Plaintiffs claim, or seek to pursue class-wide injunctive relief, with their Rule 23(b)(3) class. *See generally* Mot. for Class Cert., *Le* ECF No. 518.

Even in the context of a Rule 23(b)(3) class, this Court will need to decide whether Plaintiffs' claims for *injunctive* relief "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). That is far from automatic, given the differences between (b)(2) and (b)(3) classes. *See Ste. Marie* v. *Eastern R.R. Ass'n*, 72 F.R.D. 443, 450 n.2 (S.D.N.Y. 1976) (choosing to certify claims for injunctive relief under Rule 23(b)(2) because "the availability of the right to opt out in a (b)(3) class action would unnecessarily complicate matters should injunctive . . . relief be needed"). Here, Plaintiffs have not even identified what injunctive relief they seek, much less established whether such relief could be adjudicated on a class-wide basis, given the number of fighters who are no longer under contract with UFC. And, various developments with respect to the marketplace throughout the class period and afterwards, adjustments to UFC's contracts with the passage of time, and Plaintiffs' suggestion that the *Johnson* injunctive relief claims be coordinated with those in *Le* raise new and serious issues, particularly whether either the *Le* or *Johnson* Plaintiffs still have standing to seek a particular form of injunctive relief and whether those claims are moot. None of these issues have been developed, and there is no basis for allowing Plaintiffs to proceed with a class-wide injunctive relief claim merely on the basis of certification of the Bout Class under Rule 23(b)(3). To the extent Plaintiffs insist on proceeding with their class-wide injunctive relief claim, the Court should

---

[2] *See, e.g.*, *Tigbao* v. *QBE Fin. Inst. Risk Servs., Inc.*, No. SACV 13-177, 2014 WL 5033219, at *1 (C.D. Cal. Sept. 22, 2014) ("Plaintiff did not request certification of an injunctive relief only class under Rule 23(b)(2), and a separate damages only class under Rule 23(b)(3). Rather, Plaintiff asked the Court to certify a single class 'under . . . [Rule] 23(b)(2) or, alternatively, (b)(3),' and stated that she would seek 'injunctive and equitable relief . . . on behalf of . . . the proposed [c]lass.' Moreover, because a class certified under Rule 23(b)(3) may still seek injunctive relief, there was no reason for the Court to assume that Plaintiff sought certification of a damages only Rule 23(b)(3) class." (citations omitted) (alterations in original)).

at a minimum permit the parties to further brief the issue of whether certification of an injunctive relief class is appropriate after Plaintiffs define the injunctive relief they seek.

### III.   CLASS CERTIFICATION RECORD IN *LE* CANNOT BE UNSEALED

With respect to any unsealing of documents, the Protective Order entered in the *Le* case already sets forth a process whereby a challenge to a document as confidential can be challenged at any time.  Revised Stipulation and Protective Order § 6.1, *Le* ECF No. 217.  If Plaintiffs wish to challenge the confidentiality designation of the entire class certification record, they are obliged under the Protective Order to provide written notice to that effect and meet and confer with Defendants to see if the parties can reach an agreement.  *Id.* § 6.2.  If agreement cannot be reached, only then is this Court's intervention required.  *Id.* § 6.3.  Plaintiffs have not initiated any of these processes, and therefore this Court's intervention on this matter is not warranted.

DATED:  August 20, 2023

By    /s/ William A. Isaacson

William A. Isaacson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006

Donald J. Campbell (Nev. Bar No. 1216)
J. Colby Williams (Nev. Bar No. 5549)
CAMPBELL & WILLIAMS
710 South 7th Street Las Vegas, NV 89101

*Attorneys for Defendants Zuffa, LLC and Endeavor Group Holdings, Inc.*