Brian D. Shapiro, Esq.
Nevada Bar No. 5772
LAW OFFICE OF BRIAN D. SHAPIRO, LLC
510 S. 8th Street
Las Vegas, NV 89101
Tel: (702) 386-8600
brian@brianshapirolaw.com
*Attorney for Sparacino PLLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW<br><br><br>**SPARACINO PLLC'S RESPONSE TO CLASS COUNSEL'S PRE-CONFERENCE STATEMENT** |

Sparacino PLLC, by and through the Law Office of Brian D. Shapiro, LLC, respectfully submits its response to Class Counsel's Pre-Conference Statement.[1]

---

[1] In this pleading, "ECF No." refers to the docket entry in this case. In accordance with Federal Rules of Evidence 201, Sparacino, PLLC requests this Court to take judicial notice of all pleadings filed in this case.

Class Counsel filed a pre-conference statement, ECF No. 842, which improperly, inaccurately, and incorrectly characterizes Sparacino PLLC's ("Sparacino") actions. Sparacino is compelled to respond to these misleading and baseless assertions.

*First*, Class Counsel, without providing any evidentiary support, asserts Sparacino, during the pendency of the class motion in *Le*, continued to contact members of the Class. That is wrong and unfounded. Despite the permissible engagement with putative class members prior to this Court's certification of a class, *see generally* ECF No. 808 at 12–15, Sparacino in April 2021 unequivocally conveyed the following pledge to this Court:

> Unless affirmatively asked to do so by an MMA fighter, Sparacino will not send mailers to any additional putative members of a potential Bout Class (i.e., the approximately 1,000 professional MMA athletes whom Sparacino has not yet contacted) until the Court resolves Interim Class Counsel's Emergency Motion. While that Motion remains pending, Sparacino will not communicate with any such absent class members unless they reach out to Sparacino directly. Nor will Sparacino re-contact any of the individuals to whom we have already sent a mailer, unless they initiate contact with us directly.

*See* ECF No. 809 at 8; *see also* Declaration of Eli J. Kay-Oliphant (the "Kay-Oliphant Decl.") ¶ 2, submitted herewith. Sparacino abided by the promise it made to the Court. Kay-Oliphant Decl. ¶ 3. Now that the Class is certified, Sparacino will continue to follow the ethical rules related to members of a certified class. *Id*. ¶ 4. Notably, at least in part because of Sparacino's pledge to the Court, the Court dismissed as moot Interim Class Counsel's original motion seeking the same relevant relief requested in its pre-conference statement. ECF No. 831.

*Second*, Class Counsel asks that this Court address "what Plaintiffs believe were misleading communications to absent members of the Class . . . ." Class Counsel's insinuation of misleading communications crumbles upon scrutiny. Sparacino's communications to the then-putative class were not misleading. *See* ECF No. 808 at 5–11. The correspondence, unmistakably marked as attorney-advertising material, meticulously refrains from assuming the garb of official notices or court-sanctioned communiqués. Sparacino's mailers requested no opt-out commitment nor any other immediate action; and they made no threats or warnings of dire consequences should they be ignored. Sparacino's communication did not say or imply putative class members had to hire Sparacino and later opt out to participate in the class recovery. Class Counsel's inability to cite any

misleading language is a testament to this fact.  Sparacino's first mailer stated fighters "may have claims relating to their time in UFC" and offered to speak with absent putative class members (again, pre-certification) about their "legal options."  ECF No. 810-1 at 1.  Sparacino included no must-take-action language and never suggested an affirmative response was necessary.  Sparacino's second mailer stated in no uncertain terms that the putative class members' "interests are currently represented by Interim Class Counsel," and that they need not "take any action a[t] this time to benefit from any recovery in the Class Action."  ECF No. 810-4 at 1.  And this is not, as Class Counsel asserts, an "open issue;" the Court already considered, *see generally* ECF Nos. 796, 808, 813, and declined to order, *see* ECF No. 831, the relief Class Counsel requests (now for a second time).

*Third*, Class Counsel requests that the Court "schedule a hearing to discuss Plaintiffs' request for an order requiring the Sparacino firm to cease and desist communicating with class members, and to consider Plaintiffs' request to allow Bout Class members in *Le* to rescind any retainer agreements entered into between Le Class members and the Sparacino firm that were obtained through misleading or improper communications."  Sparacino abides by professional and ethical obligations, reserving communication exclusively for instances where Sparacino already represents the individual.  In the event that a class member initiates contact – Sparacino would inform Class Counsel about such communication when it commences.  Kay-Oliphant Decl. ¶ 5.

If the Court deems a hearing necessary, then Sparacino respectfully requests that the Court order Class Counsel file an appropriate motion with evidentiary support and permit Sparacino to conduct discovery to marshal the facts pertinent to this matter and provide sufficient time so that it may respond to such pleading.  Such discovery should include facts related to Class Counsel's allegations as well as the perceived inappropriate and coercive actions of Class Counsel which appear to be extortionate acts to attempt to force Sparacino to withdraw from this representation, *see* ECF No, 808 at 5, *see also* ECF No. 809 at 7–8,[2] and to consult with conflicts counsel regarding the same.

---

[2] Courts have deemed attorney communications threatening criminal or administrative prosecution meant to achieve outcomes in civil litigation to be extortionate. *See, e.g.*, *Cohen v.*

Given that this matter has been previously adjudicated by this Court, there is no need for the convening of a hearing. Nonetheless, if the Court deems it prudent to have a hearing, then this Court should in fairness require Class Counsel to submit a substantiated motion with evidentiary support, and grant Sparacino ample time to engage in thorough discovery to ensure due process and fairness and so that Sparacino may be allowed to comprehensively present its defense including providing further support for its own allegations against Class Counsel.

|  |  |
|---|---|
| Dated: August 21, 2023 | By: /s Brian D. Shapiro, Esq.<br>Brian D. Shapiro, Esq.<br>Nevada Bar No. 5772<br>LAW OFFICE OF BRIAN D. SHAPIRO, LLC<br>510 S. 8th Street<br>Las Vegas, NV 89101<br>Telephone: (702) 386-8600<br>brian@brianshapirolaw.com<br>Attorney for Sparacino PLLC |

---

*Brown*, 173 Cal. App. 4th 302, 317–18, 93 Cal. Rptr. 3d 24, 36–37 (Cal. Ct. App. 2009) (commenting that "attorneys are not exempt" from the crime of extortion, discussing a scheme whereby an attorney threatened to "present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute" and affirming "the trial court's conclusion that [such] actions with respect to the filing of the State Bar complaint constitute extortion"); *Flatley v. Mauro*, 39 Cal. 4th 299, 330, 139 P.3d 2, 22 (Cal. 2006) (characterizing attorney "communications threaten[ing] to 'accuse' [another] of, or 'impute to him,' 'crime[s]' and 'disgrace'" as criminal extortion as a matter of law); *cf. Baker v. FirstCom Music*, 2017 WL 9510144, at *7 (C.D. Cal. July 27, 2017) (finding extortion where demand was made to negotiate settlement or else plaintiff would "(1) file a criminal complaint with the FBI, (2) seek 'whatever criminal punishment the justice department might see fit,' (3) notify 'all end-user client infringers' of his allegations, and (4) 'use [his] best efforts to publicize the matter in the public interest.'") (citations omitted).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2023 a true and correct copy of **SPARACINO PLLC'S RESPONSE TO CLASS COUNSEL'S PRE-CONFERNCE STATEMENT** was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

*/s/ Brian D. Shapiro, Esq.*

Brian D. Shapiro, Esq.