1  Don Springmeyer, Esq.
   KEMP JONES, LLP
2  3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 89169
3  (702) 385-6000/Fax: (702) 385-6001
   d.springmeyer@kempjones.com

*Liaison Counsel for the Class*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**NOTICE OF FILING CORRECTED IMAGE OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE COURT'S INHERENT AUTHORITY** |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF**

1  COME NOW the law firm of KEMP JONES, LLP and attorney Don Springmeyer, Esq. hereby
2  file a corrected image of the PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY
3  BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE
4  COURT'S INHERENT AUTHORITY (Doc. #867) attached hereto.

Respectfully submitted,

KEMP JONES, LLP

 /s/ Don Springmeyer
Don Springmeyer, Esq. (Nevada Bar No. 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

*Liaison Counsel for the Class*

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Joshua P. Davis (admitted *pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111

Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, CA 94108

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, D.C. 20005

*Co-Lead Counsel for the Class*

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103

*Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2023 a true and correct copy of **NOTICE OF FILING CORRECTED IMAGE OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE COURT'S INHERENT AUTHORITY** was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

  /s/ Pamela McAfee
An employee of Kemp Jones, LLP

Don Springmeyer, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Class*

[Additional counsel listed on signature page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE COURT'S INHERENT AUTHORITY** |

---

**PLAINTIFFS' SURREPLY IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF**

In its Reply in Support of its Motion for Relief Pursuant to the Court's Inherent Authority ("Reply") (ECF 866, filed Oct. 4, 2023), Sparacino PLLC ("Sparacino") submits new evidence, in the form of a new letter from its ethics expert and a new Declaration from a Sparacino attorney. In addition, Sparacino amps up its *ad hominem* attacks on Class Counsel, accusing them of "suborning perjury" and committing "prosecutable crimes under federal and state law." Reply at 1, 7, 12. Sparacino also casts unsupported aspersions on the qualifications of Professor Jeffrey W. Stempel, who submitted an expert declaration in opposition to Sparacino's motion.

Although Plaintiffs are confident the Court will see Sparacino's efforts at deflection for what they are, Plaintiffs should, in fairness, be provided an opportunity to address: (1) the new ethics letter and Declaration submitted with Sparacino's Reply; (2) Sparacino's new allegations of purported criminal conduct by Class Counsel; and (3) Sparacino's unjustified attacks on Professor Stempel's qualifications as an expert witness on matters of professional responsibility. To that end, Plaintiffs respectfully request leave to file the attached 7-page Surreply.

Respectfully submitted,

KEMP JONES, LLP

 /s/ Don Springmeyer
Don Springmeyer, Esq. (Nevada Bar No. 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

*Liaison Counsel for the Class*

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Joshua P. Davis (admitted *pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111

Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.

601 California Street, Suite 1000
San Francisco, CA 94108

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel Silverman (admitted *pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, D.C. 20005

*Co-Lead Counsel for the Class*

Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103

*Additional Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2023 a true and correct copy of **PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE COURT'S INHERENT AUTHORITY** was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

                                               */s/ Pamela McAfee*
                                               An employee of Kemp Jones, LLP

Don Springmeyer, Esq.
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Class*

[Additional counsel listed on signature page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>    Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' SURREPLY BRIEF IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF PURSUANT TO THE COURT'S INHERENT AUTHORITY** |

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ...................................................................................................................... 1

I.      ARGUMENT ............................................................................................................... 1

      A.      Class Counsel Acted in Good Faith to Protect Class Members from Sparacino's Misleading, Improper Solicitations .......................................................................... 1

      B.      Antonio McKee's Declaration Is Truthful and Accurate ......................................... 3

      C.      Professor Stempel Is Eminently Qualified to Opine on the Rules of Professional Conduct .................................................................................................................... 5

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, No. CV JKB-17-00252, 2019 WL
    2524916 (D. Md. June 19, 2019) ....................................................................................... 5, 6

*First Specialty Ins. Corp. v. Novapro Risk Sols., LP*, 468 F. Supp. 2d 1321 (D.
    Kan. 2007) ............................................................................................................................. 6

*KB Home v. Ill. Union Ins. Co.*, No. 820CV00278JLSJDE, 2023 WL 3432139
    (C.D. Cal. Mar. 28, 2023) ..................................................................................................... 6

*Kwon v. Benedetti*, No. 3:08-cv-00307-LRH, 2011 WL 4072085 (D. Nev. Sept.
    12, 2011) ............................................................................................................................ 5, 6

*McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635 (S.D. Miss.
    2016) ..................................................................................................................................... 2

*Wayside Church v. Van Buren Cnty.*, 2023 U.S. App. LEXIS 16968 (6th Cir.
    July 4, 2023) .......................................................................................................................... 2

**PLAINTIFFS' SURREPLY IN OPPOSITION TO SPARACINO PLLC'S MOTION FOR RELIEF**

**INTRODUCTION**

In its Reply in Support of its Motion for Relief Pursuant to the Court's Inherent Authority ("Reply"), ECF No. 866, filed Oct. 4, 2023, Sparacino PLLC ("Sparacino") doubles down on its strategy of deflecting attention from its improper solicitation of class members (and four named plaintiffs), by baselessly accusing Class Counsel of "suborning perjury" and committing "prosecutable crimes under federal and state law." Reply at 1, 7, 12.[1] Sparacino also belittles the qualifications of Professor Jeffrey W. Stempel, who submitted an expert declaration in opposition to Sparacino's motion. In support of its Reply, Sparacino submits a new letter from its ethics expert and new Declaration from a Sparacino attorney.

As demonstrated below, Sparacino's new submissions cannot change the facts that: (1) its solicitations were misleading and improper; (2) the solicitations continued after Sparacino assured Plaintiffs and the Court that they would cease; (3) any further solicitation by Sparacino of members of the certified class would be unethical; (4) Class Counsel's efforts to protect class members from Sparacino's solicitations were and are entirely proper; and (5) Professor Stempel is eminently qualified to offer opinions regarding the Nevada Rules of Professional Conduct and their Washington, D.C. analogues.

I.  **ARGUMENT**

   A.  **Class Counsel Acted in Good Faith to Protect Class Members from Sparacino's Misleading, Improper Solicitations**

Sparacino argues that its solicitations were obviously proper, and that Class Counsel's efforts to protect class members from those solicitations, by meeting and conferring with Sparacino and then filing an emergency motion with the Court,[2] were therefore "unethical," "outrageous," "coercive,"

---

[1] These new allegations are in addition to Sparacino's continued characterization of Plaintiffs' entirely appropriate efforts to protect class members from Sparacino's misleading solicitations as "coercive" and "extortionate." *See* Reply at 1, 5, 6, 11, 12.

[2] Class Counsel did not, as Sparacino suggests in a footnote without evidentiary support, threaten to pursue ethics complaints against Scott+Scott or Sparacino. *See* Cramer Decl., ECF No. 797, at ¶¶ 13, 15-16; *cf.* Reply at 5 n.7. Tellingly, Mr. Sparacino's Declaration describing the meet and confer process makes no mention of any threat to file an ethics complaint against Sparacino, *see* ECF No. 809, at ¶¶ 21-26, 32-36, although it does erroneously claim, based on hearsay and without any specifics, that Class Counsel "threatened Scott+Scott to take adverse action directly against Scott+Scott if they did not withdraw from this matter." *Id*. at ¶ 32. Again, Class Counsel did not threaten to pursue an ethics complaint against Scott+Scott.

"extortionate," made in bad faith, and "likely constituted prosecutable crimes under federal and state law." Reply at 1, 5-7. This is nonsense. As demonstrated in Plaintiffs' previous filings, Sparacino's solicitations were misleading and improper under several Rules of Professional Conduct. *See* ECF No. 859, at 2-3, 6-10, 16-17; ECF No. 860-3 (Stempel Decl.), at 6-16; ECF No. 796, at 10-16; ECF No. 813, at 3-10; *see also* Supplemental Declaration of Professor Jeffrey W. Stempel ("Suppl. Stempel Decl."), Exh. 1 to the Declaration of Richard A. Koffman ("Koffman Decl."), filed herewith. Class Counsel's efforts to protect class members from those improper solicitations were and are "entirely appropriate and reasonable." ECF No. 860-3 (Stempel Decl.), at ¶ 21; *see also* Suppl. Stempel Decl. at 8 ("class counsel's objections and responses to Sparacino's conduct are justified").[3]

In its Reply and in its new letter from its ethics expert, Sparacino argues that the cases holding that Rule 4.2 prohibits lawyers from communicating with members of a certified class apply only to defense counsel, and "simply do not apply in the context of solicitation for new engagements to advise about opt-out rights." Reply at 10-11; *see also* October 3, 2023 letter from Bruce A. Green to Eli Kay-Oliphant, Esq., ECF No. 866-1 ("Second Green Letter"), at 1-2. This is simply wrong.[4]

In *McWilliams v. Advanced Recovery Systems, Inc.*, Judge Reeves squarely holds that soliciting class members to opt out after a class has been certified violates both Rule 4.2 and Rule 23. *McWilliams v. Advanced Recovery Sys., Inc.*, 176 F. Supp. 3d 635, 640 (S.D. Miss. 2016). "Upon certification, class counsel *does* represent absent class members. That is the point of being 'class counsel.' It follows that it is unethical for other attorneys to communicate with class members about the representation after the class has been certified." *Id.* at 642 (emphasis in original). *See also Wayside Church v. Van Buren Cnty.*, 2023 U.S. App. LEXIS 16968, at *11 (6th Cir. July 4, 2023) (prohibiting post-certification solicitation of absent

---

[3] Sparacino dedicates a section of its Reply to arguing that Class Counsel "intimidated" Scott+Scott to withdraw from its partnership with Sparacino through "brazen," "unethical, and likely extortionate, threats." Class Counsel did no such thing. Class Counsel simply met and conferred with both Sparacino and Scott+Scott to explain why Sparacino's solicitations were improper and why Class Counsel intended to seek relief from the Court. *See* Cramer Decl., ECF No. 797, at ¶¶ 13, 15-16; *see also* ECF No. 813, at 8-9. Scott+Scott then made a business decision to withdraw from its partnership with Sparacino. Had it felt "coerced," "threatened," or "extorted," Scott+Scott was fully capable of seeking relief from the Court.

[4] Neither of Professor Green's letters addresses whether Sparacino's solicitations were misleading or violated any ethical rules other than Rule 4.2. Professor Stempel opines that they were and that they did. *See* ECF No. 860-3 (Stempel Decl.); Suppl. Stempel Decl.

class members) ("Rule 23 preserves class members' rights to opt-out or raise objections . . . but it does not guarantee outside counsel an opportunity to lobby for those actions. Thus, the district court had a legal and factual basis to conclude that this communication threatened the administration of the class action.").

Because Sparacino's solicitations were misleading and improper, Class Counsel's efforts to protect class members from them were entirely appropriate. *See* ECF No. 860-3 (Stempel Decl.), at ¶ 21; Suppl. Stempel Decl. at 8.

### B. Antonio McKee's Declaration Is Truthful and Accurate

Plaintiffs submitted a Declaration from class member Antonio McKee demonstrating that Sparacino had continued to solicit class members despite its assurances to Plaintiffs and the Court that it would cease doing so,[5] on which the Court relied in denying Plaintiffs' emergency motion (ECF No. 796) as moot.[6] Sparacino now contends that Mr. McKee's Declaration was false and accuses Class Counsel of suborning perjury. Reply at 1, 7-8, 12. Sparacino's accusations are baseless.

It is undisputed that Sparacino sent a solicitation letter and brochure to Mr. McKee by FedEx on or about March 16, 2021. Sparacino Decl. at ¶ 11. This was the first contact between Sparacino and Mr. McKee; thus, Sparacino indisputably "initiated" contact with Mr. McKee.

According to Mr. Kay-Oliphant of Sparacino, Mr. McKee responded to that solicitation on March 18, 2021,[7] by leaving a voicemail for Sparacino. ECF No. 866-2, at ¶ 2.[8] Mr. Kay-Oliphant called and e-mailed Mr. McKee later that day. *Id.* at ¶¶ 3-4. Sparacino and Mr. Kay-Oliphant sent another solicitation

---

[5] *See, e.g.*, Declaration of Ryan R. Sparacino ("Sparacino Decl."), ECF No. 809, at ¶ 36, April 13, 2021 ("Nor will Sparacino re-contact any of the individuals to whom we have already sent a mailer, unless they initiate contact with us directly."); ECF No. 808, at 16 ("Sparacino has already pledged not to contact again the individuals it had already solicited unless such individuals initiate contact with Sparacino—a pledge by which Sparacino will abide and need not be ordered to keep.").

[6] *See* ECF No. 831 ("It is the Court's understanding that Sparacino PLLC is no longer engaging in the alleged communications that formed the basis for this Emergency Motion.").

[7] Mr. Kay-Oliphant avers that "Antonio McKee *initiated* contact with Sparacino PLLC at 5:43pm EST on March 18, 2021," Declaration of Eli J. Kay-Oliphant ("Kay-Oliphant Decl."), ECF No. 866-2, at ¶ 2 (emphasis added). That is inaccurate; it is undisputed that *Sparacino initiated contact with Mr. McKee two days earlier*, by FedEx dated March 16, 2021. See ECF No. 809, at ¶ 11.

[8] Mr. McKee, who is individually represented by Robert C. Maysey, one of Class Counsel, responded to the solicitation only because he thought it came from Class Counsel. *See* Maysey Decl., ECF No. 813-1, at ¶ 5; Decl. of Robert Maysey, Exh. 2 to Koffman Decl., filed herewith.

email and a modified engagement letter to Mr. McKee on April 2, 2021. *Id*. at ¶ 5; McKee Decl., ECF No. 860-5, at ¶¶ 3-4.

On April 13, 2021, Sparacino represented to the Court that it would not "re-contact any of the individuals to whom we have already sent a mailer, unless they initiate contact with us directly." ECF No. 809, at ¶ 36; ECF No. 808, at 16. *It is undisputed that Mr. McKee never contacted Sparacino after April 13, 2021*; indeed, he never contacted Sparacino after leaving his initial voicemail on March 18, 2021, in the mistaken belief that Sparacino was Class Counsel. *See* ECF No. 813-1, at ¶ 5. Nevertheless, on May 3, May 8, and June 12, 2021, Sparacino sent solicitation emails and proposed engagement letters to Mr. McKee. McKee Decl., ¶¶ 5-7; Kay-Oliphant Decl. at ¶ 6.[9]

Mr. McKee attached to his Declaration as Exhibits A-F solicitations from Sparacino dated April 2, May 3, May 8, and June 12, 2021, and avers that he "did not invite nor did [he] respond to any of the solicitations described above and attached as Exhibits A-F." McKee Decl., ¶ 8. That is true. The only communication from Sparacino to which Mr. McKee responded was Sparacino's initial March 16, 2021 FedEx solicitation, and the only communication McKee invited took place on March 18, 2021, when Mr. McKee mistakenly believed Sparacino was Class Counsel. *See* ECF No. 813-1, at ¶ 5. After that date, Mr. McKee, who has been individually represented by Mr. Maysey since 2014,[10] neither responded to nor invited any of Sparacino's solicitations, but they kept on coming, even after Sparacino represented on April 13, 2021 that it would not "re-contact any of the individuals to whom we have already sent a mailer, unless they initiate contact with us directly." ECF No. 809, at ¶ 36.

Mr. McKee further avers that "[n]one of these exhibits followed personal engagements or conversations with attorneys for Sparacino." McKee Decl. at ¶ 8. The import of this sentence is clear and accurate: none of those April-June 2021 communications followed *directly* from personal engagements or conversations between Mr. McKee and Sparacino attorneys. As far as Mr. McKee was concerned,

---

[9] Mr. Kay-Oliphant describes these emails as "auto-generated follow-up emails from DocuSign, related to the modified engagement letter that had been sent to Mr. McKee," Kay-Oliphant Decl. at ¶ 6, as though that somehow means that they were not solicitations from Sparacino. That excuse is unavailing. DocuSign doesn't solicit clients; lawyers do. If Sparacino used DocuSign to send its solicitation emails, those emails are nonetheless solicitations from Sparacino.

[10] See Exh. 2 to Koffman Decl., filed herewith, at ¶ 3.

Sparacino's email to Mr. McKee on March 18, 2021 closed the book on the interaction with Sparacino that began with Sparacino's March 16, 2021 solicitation letter and included Mr. McKee's March 18, 2021 voicemail message and Sparacino's return phone call and follow-up email later that day, to which Mr. McKee never responded. Sparacino's subsequent solicitations on April 2, May 3, May 8, and June 12, 2021 were uninvited and were not initiated by Mr. McKee. They were also contrary to Sparacino's representations to Plaintiffs' Counsel and the Court.

### C. Professor Stempel Is Eminently Qualified to Opine on the Rules of Professional Conduct

As noted in his initial Declaration in this matter, Professor Stempel has "studied and taught professional responsibility for more than 25 years at both Florida State and UNLV." ECF No. 860-3, at ¶ 2. Nonetheless, Sparacino asserts that "[Professor] Stempel is not qualified to opine on the issues before this Court. His expertise is in "'***insurance-related issues***,' *not professional ethics*." Reply at 3 n.1 (citation omitted, emphasis in original). This is false.[11]

In addition to more than 25 years of experience in studying and teaching legal ethics, Professor Stempel has published[12] and presented[13] extensively on issues of legal ethics and professional responsibility. He has also "given testimony under oath in fourteen professional responsibility matters, four before judges who have expressly or implicitly rejected efforts to bar [his] testimony." Suppl. Stempel Decl. at ¶ 4. To the best of his knowledge, he has "never been ruled unqualified to render an opinion on attorney professional responsibility nor has [his] testimony of this type been excluded." *Id.* at ¶ 3.

Sparacino cites *Kwon v. Benedetti*, No. 3:08-cv-00307-LRH, 2011 WL 4072085 (D. Nev. Sept.

---

[11] Sparacino cites *Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, No. CV JKB-17-00252, 2019 WL 2524916, at *3 (D. Md. June 19, 2019), for the proposition that Professor Stempel's expertise is in insurance-related issues, and not in professional ethics. This citation is misleading at best. While the *Adell* court does recognize Professor Stempel's expertise in insurance-related issues, it says nothing about his expertise in professional ethics, as that issue was not before the court.

[12] *See, e.g.*, *Legal Ethics and Law Reform Advocacy*, 10 ST. MARY'S J. ON LEGAL MALPRACTICE & ETHICS at 244 (2020); *Why Lawyers Should Be Allowed to Advertise: A Market Analysis of Legal Services*, 58 N.Y.U. L. REV. at 1084 (1983) (with Prof. Geoffrey C. Hazard, Jr. and Prof. Russell G. Pearce); *Professional Responsibility Pitfalls: Often But Not Always Apparent*, NEVADA LAWYER (May 2018), at 8-12; *Lawyer Professional Responsibility in Litigation*, NEV. LAWYER (Aug. 2007), at 12.

[13] *See* Exhibit A to ECF No. 860-3, at 13-27.

12, 2011), for the proposition that Professor Stempel's opinion has been excluded in a professional responsibility matter, but that mischaracterizes what happened. Reply at 3 n.1. In *Kwon*, convicted criminal defendants attempted to introduce work Professor Stempel had done *eight years earlier, for a different client, based on a different factual record*, even though Professor Stempel had never met the defendants or their counsel, and had never been retained by them. Suppl. Stempel Decl. at ¶¶ 5-6.[14] *Kwon* in no way undermines Professor Stempel's qualifications as an expert on matters of professional responsibility.

Professor Stempel has, on a few occasions, had his testimony excluded in insurance cases on the ground that it improperly addressed the ultimate issues and invaded the province of the factfinder, *see KB Home v. Ill. Union Ins. Co.*, No. 820CV00278JLSJDE, 2023 WL 3432139, at *5 (C.D. Cal. Mar. 28, 2023); *Adell Plastics*, 2019 WL 2524916, at *4, or that it was too theoretical. *See First Specialty Ins. Corp. v. Novapro Risk Sols., LP*, 468 F. Supp. 2d 1321, 1337 (D. Kan. 2007). This too has no bearing on his qualifications to testify as an expert on the rules of professional conduct.[15]

Professor Stempel has studied, taught, published, presented, and testified on matters of professional responsibility and ethics for more than 25 years. *See* ECF No. 860-3 at ¶¶ 2-4 & Exhibit B; Suppl. Stempel Decl. at ¶¶ 2-4. He is eminently qualified to provide expert opinion testimony on the matters of professional conduct at issue here.

/ / /

/ / /

---

[14] Moreover, the state court in *Kwon* excluded Professor Stempel's proffered testimony on the basis that "[it] improperly involved legal conclusions . . . not merely factual issues," *Kwon v. Benedetti*, No. 3:08-cv-00307-LRH, 2011 WL 4072085, at *19 (D. Nev. Sept. 12, 2011), and the federal court upheld its exclusion on the ground that it was either "not relevant to the issues in the criminal prosecution" or sought to advise the jury on the ultimate question of whether criminal statutes had been violated. *Id*. at *20. The courts in *Kwon* did *not* find that Professor Stempel was unqualified or that his opinions were erroneous. *Id*.

[15] Professor Green has likewise had his testimony excluded on several occasions. *See* Suppl. Stempel Decl., at ¶ 7 nn.6&7. Plaintiffs, however, do not contest his qualifications to testify as an expert on matters of professional responsibility.

# CONCLUSION

Sparacino's baseless attacks on Professor Stempel, Mr. McKee, and Class Counsel should be rejected, and its motion should be denied.

DATED this 11th day of October, 2023.

>Respectfully submitted,
>
>KEMP JONES, LLP
>
> /s/ Don Springmeyer
>Don Springmeyer, Esq. (Nevada Bar No. 1021)
>3800 Howard Hughes Parkway, 17th Floor
>Las Vegas, NV 89169
>
>*Liaison Counsel for the Class*
>
>Eric L. Cramer (admitted *pro hac vice*)
>Michael Dell'Angelo (admitted *pro hac vice*)
>Patrick F. Madden (admitted *pro hac vice*)
>Najah Jacobs (admitted *pro hac vice*)
>BERGER MONTAGUE PC
>1818 Market Street, Suite 3600
>Philadelphia, PA 19103
>
>Joshua P. Davis (admitted *pro hac vice*)
>BERGER MONTAGUE PC
>505 Montgomery Street, Suite 625
>San Francisco, CA 94111
>
>Joseph R. Saveri (admitted *pro hac vice*)
>Kevin E. Rayhill (admitted *pro hac vice*)
>JOSEPH SAVERI LAW FIRM, INC.
>601 California Street, Suite 1000
>San Francisco, CA 94108
>
>Benjamin D. Brown (admitted *pro hac vice*)
>Richard A. Koffman (admitted *pro hac vice*)
>Daniel Silverman (admitted *pro hac vice*)
>COHEN MILSTEIN SELLERS & TOLL, PLLC
>1100 New York Ave., N.W., Suite 500, East Tower
>Washington, D.C. 20005
>
>*Co-Lead Counsel for the Class*
>
>Robert C. Maysey (admitted *pro hac vice*)
>Jerome K. Elwell (admitted *pro hac vice*)
>WARNER ANGLE HALLAM
>JACKSON & FORMANEK PLC
>2555 E. Camelback Road, Suite 800
>Phoenix, AZ 85016

Frederick S. Schwartz (admitted *pro hac vice*)
LAW OFFICE OF FREDERICK S. SCHWARTZ
15303 Ventura Boulevard, #1040
Sherman Oaks, CA 91403

William G. Caldes (admitted *pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103

*Additional Counsel for the Class*