Eli J. Kay-Oliphant, Esq. (Admitted *Pro Hac Vice*)
New York Bar No. 4421541
District of Columbia Bar No. 503235
Illinois Bar No. 6326136
Ryan R. Sparacino, Esq. (Admitted *Pro Hac Vice*)
District of Columbia Bar No. 493700
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, DC 20036
Telephone:  (202) 629-3530
eli.kay-oliphant@sparacinopllc.com

Brian D. Shapiro, Esq.
Nevada Bar No. 5772
LAW OFFICE OF BRIAN D. SHAPIRO, LLC
510 S. 8th Street
Las Vegas, NV 89101
Telephone:  (702) 386-8600
brian@brianshapirolaw.com

*Attorneys for Sparacino PLLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | **Case No. 2:15-cv-01045-RFB-BNW**<br><br><br>**SPARACINO PLLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF** |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .......................................................................................................... ii

I.      THE CIRCUMSTANCES ARE NOT EXCEPTIONAL OR EXTRAORDINARY, SO
        THEY DO NOT JUSTIFY A SURREPLY. ....................................................................... 1

II.     IF THE COURT ACCEPTS CLASS COUNSEL'S SURREPLY, SPARACINO
        SHOULD BE GRANTED LEAVE TO FILE A SUR-SURREPLY TO ADDRESS
        CLASS COUNSEL'S INCORRECT AND MISLEADING REPRESENTATIONS
        THEREIN. ........................................................................................................................ 3

III.    CONCLUSION ................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*DEQ Sys. Corp. v. Flexedge Gaming, LLC*,
  2013 WL 12320931 (D. Nev. Mar. 21, 2013)......................................................................2, 3

*Evans v. Equifax Info. Servs., LLC*,
  2023 WL 4546429 (D. Nev. July 14, 2023)................................................................................3

*Harkey v. U.S. Bank, N.A*,
  2015 WL 300271 (D. Nev. Jan. 21, 2015) .............................................................................1, 2

*Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation & Dev.*
  2019 WL 1299347 (D. Nev. Mar. 21, 2019).........................................................................2, 3

*John Harris P.C. v. Tobin*,
  2017 WL 5634728 (S.D.N.Y. Nov. 9, 2017) .............................................................................2

*Kanvick v. City of Reno*,
  2008 WL 873085 (D. Nev. March 27, 2008) .............................................................................2

*McWilliams v. Advanced Recovery Sys., Inc.*,
  176 F. Supp. 3d 635 (S.D. Miss. 2016).....................................................................................3

*Shattuck v. Lucero*,
  2005 WL 2295555 (D.N.M. Aug. 8, 2005).................................................................................2

*Wayside Church v. Van Buren Cnty.*,
  2023 U.S. App. LEXIS 16968 (6th Cir. July 4, 2023) ..............................................................3

**RULES**

Local Rule 7.2.................................................................................................................................1

Federal Rule of Civil Procedure 23 ...............................................................................................1

Model Rule of Prof'l Conduct 4.2 (Am. Bar Ass'n 2020) .............................................................1

SPARACINO PLLC'S OPPOSITION TO CLASS COUNSEL'S MOTION FOR LEAVE TO FILE SURREPLY
Case No. 2:15-cv-01045-RFB-BNW

Class Counsel *still* does not dispute that: (i) it has a conflict of interest, making it improper for Class Counsel to advise absent class members about their opt-out rights; (ii) soliciting absent class members to give that advice is First Amendment protected commercial speech; (iii) the underlying policy behind Rule 23 requires that absent class members have access to non-conflicted advice like that which Sparacino offered to provide; and (iv) the best approach to resolve these issues is for the Court to investigate Class Counsel's allegedly coercive acts to deprive absent class members of this non-conflicted advice regarding whether to opt out of the class, and then to report its findings to the absent class members.  And despite multiple direct challenges to do so, Class Counsel still cannot identify *any language* in Sparacino's solicitations that was misleading.

Nonetheless, Class Counsel now requests leave to file a seven-page surreply brief, plus seven-and-a-half single-spaced pages of additional opinions from Professor Stempel.  Despite its length, their proposed submission does not address any of the core, dispositive issues, while still misrepresenting the facts.

Class Counsel's motion should be denied.  Nothing in Sparacino's Reply justifies accommodating Class Counsel's desire to get the last word.  Both this Circuit's precedent and this Court's local rules militate strongly against surreplies.  And, in any event, Class Counsel has had ample opportunity to submit their arguments in writing and will still have the opportunity at the forthcoming hearing to respond.  Class Counsel therefore cannot satisfy the stringent standard for the rare instances when surreplies should be allowed.  Were the Court to grant Class Counsel's motion, in the interest of fairness, Sparacino should be granted leave to file its own sur-surreply to address new matters raised in Class Counsel's proposed surreply.

## I.   THE CIRCUMSTANCES ARE NOT EXCEPTIONAL OR EXTRAORDINARY, SO THEY DO NOT JUSTIFY A SURREPLY.

This Court has noted "[n]othing in the Local Rules authorizes surreplies," *Harkey v. U.S. Bank, N.A*, No. 14-cv-00177-RFB, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015) (Boulware, J.) (denying leave to file a surreply), and motions for leave to file them are "discouraged," L.R. 7–2. Courts in this District generally permit surreplies "***only to address new matters raised in a reply to which a party would otherwise be unable to respond***."  *Harkey*, 2015 WL 300271, at *1 (citations

omitted; emphasis added); *see also Kanvick v. City of Reno*, No. 06-cv-00058, 2008 WL 873085, at *1, n.1 (D. Nev. March 27, 2008).  Surreply is thus warranted only in "the most exceptional or extraordinary circumstances." *Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation & Dev.*, No. 18-cv-1748J, 2019 WL 1299347, at *1 (D. Nev. Mar. 21, 2019).  Indeed, surreplies "are highly disfavored," because "they usually are a strategic effort by the nonmovant to have the last word on a matter." *DEQ Sys. Corp. v. Flexedge Gaming, LLC*, No. 12-cv-00442, 2013 WL 12320931, at *1 (D. Nev. Mar. 21, 2013) (citation omitted).

Class Counsel claims that Sparacino's Reply justifies a "short" surreply "providing an opportunity to address: (1) the new ethics letter and Declaration submitted with Sparacino's Reply; (2) Sparacino's new allegations of purported criminal conduct by Class Counsel; and (3) Sparacino's unjustified attacks on Professor Stempel's qualifications as an expert witness on matters of professional responsibility."  ECF No. 868 at 6.

Setting to the side whether their proposed submission is "short," Class Counsel's request fails as a matter of law.  This Court has already scheduled oral argument on Sparacino's Motion.  In such circumstances, courts routinely hold that surreply is not warranted because any arguments a party wishes to make can be heard at the hearing.  *See, e.g., John Harris P.C. v. Tobin*, No. 16-cv-5610, 2017 WL 5634728, at *1 (S.D.N.Y. Nov. 9, 2017) (noting that the "oral argument moots the request for a sur-reply brief"); *see also Shattuck v. Lucero*, No. 04-cv-1287, 2005 WL 2295555, at *2 (D.N.M. Aug. 8, 2005) (noting that surreply may be appropriate where the court's schedule does not permit a hearing "giv[ing] parties a full opportunity to make whatever arguments that they want," which would normally "mak[e] it unnecessary for parties to file surreplies").  Thus, even if Sparacino's Reply included "new" arguments, Class Counsel can address those during oral argument.  Further, Class Counsel just yesterday filed yet another motion related to the same issues, which is largely duplicative of their proposed surreply.  *See* ECF No. 875 (filed October 24, 2023).  Since there are no matters raised in Sparacino's Reply that are both "new" and to which Class Counsel "[will] otherwise be unable to respond," *Harkey*, 2015 WL 300271, either via oral argument or the briefing on their new motion, the surreply is unnecessary and not justified.

Further, none of the supposedly new arguments or points of fact in Sparacino's Reply present "the most exceptional or extraordinary circumstances," *Int'l Inst. of Mgmt.*, 2019 WL 1299347, at *1, that can overcome the strong presumption disfavoring surreplies, *DEQ Sys. Corp.*, 2013 WL 12320931, at *1.  Class Counsel seeks an extraordinary remedy (that Courts routinely deny) without even making any attempt—indeed, Class Counsel fails to explain what is exceptional, extraordinary, or otherwise—to justify getting "the last word," *id.*, much less the last *seven pages* (*plus seven-and-a-half pages from Professor Stempel*).  Because courts typically do not find "new" or inaccurate statements to constitute exceptional or extraordinary circumstances (as opposed to, for example, instances where controlling authority issued at a late date that could impact the court's decision)—*see Int'l Inst. of Mgmt.*, 2019 WL 1299347, at *2; *see also Evans v. Equifax Info. Servs., LLC*, No. 23-cv-237, 2023 WL 4546429, at *2 (D. Nev. July 14, 2023)—Class Counsel's motion should be denied.

## II.   IF THE COURT ACCEPTS CLASS COUNSEL'S SURREPLY, SPARACINO SHOULD BE GRANTED LEAVE TO FILE A SUR-SURREPLY TO ADDRESS CLASS COUNSEL'S INCORRECT AND MISLEADING REPRESENTATIONS THEREIN.

What's good for the goose is good for the gander.  The parties will be heard at oral argument, but to the extent the Court agrees that Class Counsel's proposed surreply is justified by "new" (rather than exceptional and extraordinary) arguments raised in Sparacino's Reply, there are ample new arguments in Class Counsel's proposed surreply that would justify Sparacino's sur-surreply.  Those new arguments include: (a) Class Counsel's new (and factually wrong) protest that there is no evidence Class Counsel acted in bad faith when it coerced Scott+Scott to withdraw;[1] (b) Class

---

[1] Sparacino suspects the primary reason Class Counsel seeks to file its surreply is that it knows it was coercive, and perhaps illegal, to threaten to file bar complaints against Scott+Scott and Sparacino.  *See* ECF No. 868 at 12 n.2.  To be crystal clear:  Sparacino alleges Class Counsel made that threat, Sparacino has documentary support for that allegation in the form of a contemporaneous memorandum to file, which Sparacino is prepared to show the Court and discuss *in camera* on the hearing date for its Motion.  Class Counsel knows Scott+Scott did not believe it or Sparacino did anything wrong—*see* ECF No. 796 at 5 n.2 (acknowledging that Scott+Scott "does not believe there was any unethical or inappropriate conduct")—so there is no plausible explanation for Scott+Scott's withdrawal other than the truth, which is that Class Counsel threatened them.  Class Counsel has now submitted multiple sworn declarations, but *notably absent* therein are any denial of Sparacino's

3

Counsel's and Professor Stempel's reference, for the first time, to a Sixth Circuit Court of Appeals case[2] and their explication, for the first time, of a Southern District of Mississippi case,[3] in their attempt to salvage their extreme and atextual interpretation of Rule 4.2; (c) Class Counsel's continued failure to be candid with the Court regarding Mr. McKee's correspondence with Sparacino;[4] and (d) the considerable additional arguments Class Counsel is attempting to smuggle in through Professor Stempel's lengthy supplemental declaration.

## III.   CONCLUSION

For the foregoing reasons, Class Counsel's Motion should be denied.  If the Court grants

---

allegations concerning Class Counsel's misconduct; the Court should require Mr. Cramer and his co-counsel to explain themselves, under oath.

[2] *Wayside Church v. Van Buren County* was about "abusive" post-certification communications with absent class members that "plainly encouraged class members to opt out of the class and expressed hostility towards both class counsel and the proposed settlement."  2023 U.S. App. LEXIS 16968, at *10–11 (6th Cir. July 4, 2023).  Sparacino did none of those things.  And in that case, the trial court explicitly *denied* any requested remedy related to *pre*-certification communications, like the ones at issue here.  And, *even more importantly*, the Sixth Circuit recognized the danger of "irreparable" First Amendment harm in restricting an attorney from advising absent class members about their opt-out rights; accordingly, the appellate court partially stayed an injunction that would have restricted counsel from providing that advice until the end of the opt out period.  *Id.* at 12–13.  *Wayside Church* thus supports Sparacino's position, not Class Counsel's.

[3] Unlike Sparacino's mailers, the solicitations in *McWilliams v. Advanced Recovery Systems, Inc.*, 176 F. Supp. 3d 635 (S.D. Miss. 2016), all followed the entry of an order certifying the class, encouraged class members to opt-out, were misleading, and included an arbitrary deadline which was meant to coerce class members to respond.

[4] Class Counsel is not being candid with the Court.  Class Counsel obfuscates that Mr. McKee initiated contact with Sparacino by affirmatively calling in and *talking to an employee, during which Mr. McKee asked for a lawyer to call him back*.  Class Counsel glosses over that when a lawyer called him, Mr. McKee *then asked that an engagement letter be drafted and sent to him for his review*.  And Class Counsel either does not know or is not telling the truth about the number of times and when Mr. McKee talked with Sparacino via phone.  There were three different phone calls.  Mr. McKee's declaration, which states "[n]one of these exhibits followed personal engagements or conversations with attorneys for Sparacino" remains demonstrably false, despite Class Counsel's spins regarding when Mr. McKee reached out to Sparacino and whatever it means for a communication to "follow[] directly" from another.  Class Counsel's *new* representations to this Court, that "the only communication McKee invited took place on March 18, 2021" and that Mr. McKee did not interact with Sparacino after March 18, 2021, are also demonstrably false.  Sparacino will be prepared to address Class Counsel's incorrect assertions *in camera* based on the full, unredacted record at the hearing on Sparacino's Motion.

1   Class Counsel leave to file a surreply, Sparacino in fairness should be granted leave to file a sur-

2   surreply to complete the record and respond to new, incorrect, and misleading representations made

3   to the Court in Class Counsel's proposed surreply.

4

5   DATED:  October 25, 2023                    Respectfully Submitted,

6

7                                              By:  /s/ Eli J. Kay-Oliphant

8                                              Eli J. Kay-Oliphant, Esq.
                                                (Admitted *Pro Hac Vice*)
9                                              New York Bar No. 4421541
                                               District of Columbia Bar No. 503235
10                                             Illinois Bar No. 6326136
                                               Ryan R. Sparacino, Esq.
11                                              (Admitted *Pro Hac Vice*)
                                               District of Columbia Bar No. 493700
12                                             SPARACINO PLLC
                                               1920 L Street, NW, Suite 835
13                                             Washington, DC 20036
                                               Telephone:  (202) 629-3530
14                                             eli.kay-oliphant@sparacinopllc.com
15
                                               Brian D. Shapiro, Esq.
16                                             Nevada Bar No. 5772
                                               LAW OFFICE OF BRIAN D. SHAPIRO, LLC
17                                             510 S. 8th Street
                                               Las Vegas, NV 89101
18                                             Telephone:  (702) 386-8600
                                               brian@brianshapirolaw.com
19
                                               *Attorneys for Sparacino PLLC*
20

21

22

23

24

25

26

27

28

SPARACINO PLLC'S OPPOSITION TO CLASS COUNSEL'S MOTION FOR LEAVE TO FILE SURREPLY
Case No. 2:15-cv-01045-RFB-BNW

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October 2023 a true and correct copy of **SPARACINO PLLC'S OPPOSITION TO CLASS COUNSEL'S MOTION FOR LEAVE TO FILE A SURREPLY** was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

/s/ Brian D. Shapiro

Brian D. Shapiro, Esq.