Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Mark R. Suter (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
msuter@bm.net

*Co-Lead Counsel for the Class and*
*Attorneys for Individual and Representative Plaintiffs*
*Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez,*
*Brandon Vera, and Kyle Kingsbury*

[Additional counsel listed on signature page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF** |

    In its Reply in Support of its Motion for Relief Pursuant to the Court's Inherent Authority ("Reply"), ECF No. 866, Sparacino PLLC ("Sparacino") submitted new evidence, in the form of a new Declaration from a Sparacino attorney and a new letter from its ethics expert. It relied on these new submissions to bring *ad hominem* attacks on Class Counsel and to cast unsupported aspersions on the qualifications of Professor Jeffrey W. Stempel, who submitted an expert declaration in opposition to

Sparacino's motion. "New evidence submitted as part of a reply is improper because it does not allow the [non-movant] an adequate opportunity to respond." *Stiner v. Brookdale Senior Living, Inc.*, No. 17-CV-03962-HSG, 2023 WL 2722294, at *14 (N.D. Cal. Mar. 30, 2023). Accordingly, pursuant to Local Rule 7-2(b), Plaintiffs requested leave to file a brief, 7-page Surreply to address Sparacino's new and unauthorized submissions. *See* ECF Nos. 867, 868.

In opposing Plaintiffs' unremarkable request, Sparacino resorts to a now-familiar strategy of deflection and bombast. Indeed, Sparacino does not contest that it submitted new evidence in its Reply, nor that it brought new arguments based on these submissions. Similarly, in requesting leave to file its own "sur-surreply," Sparacino does not identify any novel arguments in Plaintiffs' Surreply for which further briefing is necessary. Instead, Sparacino uses its opposition as an opportunity to rehash its grievances—now well-documented across two sets of parallel briefing, thanks to Sparacino's failure to adhere to this Court's motion schedule—and again accuse Class Counsel of ill-defined "coercive, and possibly illegal" conduct. Rather than countenance further distractions from Sparacino's own improper conduct, the Court should permit Plaintiffs to file their proposed Surreply and close briefing on this motion.

I.     **ARGUMENT**

    A.     **The Court Should Grant Plaintiffs Leave to File Their Brief Surreply Responding to Sparacino's New Evidence and Arguments**

Plaintiffs' proposed Surreply is an appropriate, narrowly tailored response to the new evidence submitted in Sparacino's Reply. Local Rule 7–2 authorizes surreplies with leave of court, *see* LR 7–2(b),[1] and courts in this district permit surreplies "to address new matters raised in a reply to which a party would otherwise be unable to respond." *Bordynuik Inc. v. JBI, Inc.*, No. 2:13-CV-01463-RFB, 2015 WL 153439, at *4 (D. Nev. Jan. 13, 2015) (Boulware, J.).

---

[1] Sparacino begins its brief by again misstating the law, quoting a 2015 opinion of this Court for the proposition that "[n]othing in the Local Rules authorizes surreplies." Sparacino Opp'n at 1 (quoting *Harkey v. U.S. Bank, N.A.*, No. 14-cv-00177-RFB, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015)). But the Local Rules were amended in 2016 to expressly authorize surreplies with leave of court. *See* LR 7–2(b); Gen. Order 2016-01 at 5 (D. Nev. May 1, 2016).

Surreplies are particularly appropriate when a movant presents not only new arguments but also new evidence in its reply brief. "Generally, reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Stiner*, 2023 WL 2722294, at *14 (quoting *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *1 n. 2 (N.D. Cal. May 18, 1992)). For this reason, "where new evidence is presented in a reply to a motion . . . the district court should not consider the new evidence without giving the nonmovant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that, when defendant submitted new evidence in reply brief, the district court erred by both declining to strike the new evidence and refusing to consider plaintiff's response to the evidence). Accordingly, courts in this district frequently allow surreplies in response to new evidence and new arguments contained in reply briefs. *See, e.g.*, *HP Tuners, LLC v. Cannata*, No. 18-CV-527, 2022 WL 562625, at *8 (D. Nev. Feb. 24, 2022); *Oracle USA, Inc. v. Rimini St., Inc.*, No. 10-CV-106, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016); *Am. C.L. Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998).

Here, Sparacino's Reply attached several new pieces of evidence as exhibits: a declaration from a Sparacino attorney disputing that he initiated contact with class member Antonio McKee, along with several heavily redacted call logs and emails allegedly supporting Sparacino's narrative, *see* Declaration of Eli J. Kay-Oliphant ("Kay-Oliphant Decl."), ECF No. 866-2; and a new six-page letter from Sparacino's ethics expert, *see* October 3, 2023 letter from Bruce A. Green to Eli Kay-Oliphant, Esq., ECF No. 866-1 ("Second Green Letter"). Sparacino used this novel evidence – all of which was readily available to Sparacino at the time of its initial filing – to amplify its attacks on Class Counsel, accusing Class Counsel of "suborning perjury" and committing "prosecutable crimes under federal and state law," Reply at 1, 7, 12, and casting unsupported aspersions on the qualifications and impartiality of Professor Stempel, *see* Reply at 3 n.1.

For the reasons discussed in Plaintiffs' proposed Surreply, these arguments are baseless. But more relevant to the instant motion, there is no question that Sparacino's submissions constitute new

evidence and arguments presented in reply. Ninth Circuit precedent is clear that "the district court should not consider the new evidence without giving the nonmovant an opportunity to respond." *Provenz* 102 F.3d at 1483; *see also Tovar v. U.S. Postal Serv.,* 3 F.3d 1271, 1273 n. 3 (9th Cir.1993).

Sparacino concedes that courts in this District permit surreplies "to address new matters raised in a reply to which a party would otherwise be unable to respond." Sparacino Opp'n at 1, ECF No. 881 (quoting *Harkey*, 2015 WL 300271, at *1). And, notably, Sparacino does not dispute that it submitted new evidence in its Reply, nor that it brought new arguments based on that evidence. Instead, Sparacino simply states, in conclusory fashion, that "none of the supposedly new arguments or points of fact in Sparacino's Reply . . . overcome the strong presumption disfavoring surreplies." *Id.* at 3. But as Sparacino recognizes, a party's submission of "new matters . . . in a reply to which a party would otherwise be unable to respond" is precisely the circumstance in which a surreply is warranted. *Harkey*, 2015 WL 300271, at *1. In the absence of any genuine dispute, then, Plaintiffs' motion for leave to file its Surreply should be granted.[2]

**B.  Sparacino Should Not Be Granted Leave to File a Sur-Surreply**

Similarly, Sparacino's alternative request for leave to file its own "sur-surreply" does not seriously argue that Plaintiffs' Surreply raises new issues requiring further briefing. Instead, Sparacino uses its request as a pretense to smuggle in its substantive responses to Plaintiffs' Surreply, in an improper "strategic effort to have the last word on [the] matter." *DEQ Sys. Corp. v. Flexedge Gaming*,

---

[2] Sparacino's contention that pending oral argument on this motion somehow renders Plaintiffs' Surreply unnecessary is without support. Indeed, neither of the two out-of-circuit cases Sparacino cites stands for this proposition. In one of these cases, the plaintiff requested *either* "oral argument or an opportunity to submit a sur-reply brief," such that "[s]cheduling oral argument moot[ed] the request for a sur-reply." *John Harris P.C. v. Tobin*, No. 16-CV-5610 (JGK), 2017 WL 5634728, at *1 (S.D.N.Y. Nov. 9, 2017). And in the other, the movant's request to file a surreply was, in fact, granted. *See Shattuck v. Lucero*, No. CIV 04-1287 JB/WPL, 2005 WL 2295555, at *3 (D.N.M. Aug. 8, 2005). Particularly when a party submits not only new arguments but also new exhibits, affidavits, and expert declarations in its reply brief, it is hard to see how a party could simply "respond" to this wealth of new evidence at oral argument.

LLC, No. 12-cv-00442, 2013 WL 12320931, at *1 (D. Nev. Mar. 21, 2013) (quotation omitted). Indeed, though Sparacino pays lip service to supposed "new arguments in Class Counsel's proposed surreply," Sparacino Opp'n at 3, the "new arguments" it identifies are simply Plaintiffs' responses to Sparacino's own novel evidence. *See id.* at 3-4.[3] And for each of these so-called "new" arguments, Sparacino drops a lengthy footnote responding to the Surreply on the merits—in other words, filing the exact sur-surreply for which it purports to be seeking leave. *Id.* at 3-4 nn.1-4. By using its Opposition as a vehicle to respond to Plaintiff's Surreply, in detail, on the merits, Sparacino not only renders its requested sur-surreply superfluous but also violates Local Rule 7–2's prohibition on surreplies "without leave of court." LR 7–2(b). The Court should decline to consider Sparacino's unauthorized responsive brief, and it should close further briefing on this motion.[4]

---

[3] Specifically, Sparacino cites Plaintiffs' "protest that there is no evidence Class Counsel acted in bad faith," Plaintiffs' "attempt to salvage their . . . interpretation of Rule 4.2," and Plaintiffs' "continued failure to be candid with the Court regarding Mr. McKee's correspondence with Sparacino." Sparacino Opp'n at 3-4. Even taken on their own terms, none of these plausibly describes a "new" argument, rather than a direct response to Sparacino's newly submitted evidence and arguments.

[4] In its unauthorized sur-surreply, moreover, Sparacino continues a concerning pattern of characterizing and excerpting allegedly favorable portions of its own internal, purportedly privileged documents while hiding the full context from view. For instance, Sparacino again characterizes the contents of a heavily redacted internal call log with Mr. McKee, which it attached to its Reply brief in an attempt to demonstrate that Mr. McKee initiated contact with Sparacino. *See* Sparacino Opp'n at 4 n.4. Similarly, Sparacino describes the contents of a "contemporaneous memorandum to file" allegedly corroborating its claim that Class Counsel threatened to file bar complaints against Scott+Scott and Sparacino. *Id.* at 3 n.1. But despite its detailed descriptions of these documents' purported contents, Sparacino hides the documents themselves behind a shield of privilege, offering only to "show the Court and discuss *in camera*" the full, unredacted materials. *Id.*

   Longstanding Ninth Circuit precedent makes clear, however, that "privilege . . . may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see, e.g.*, *Theranos, Inc. v. Fuisz Techs., Ltd.*, No. C 11-5236 PSG, 2013 WL 2153276, at *4 (N.D. Cal. May 16, 2013) (forbidding defendant from using "favorable communications as a sword while guarding possibly damaging [related] emails with the shield of the privilege"); *see also* Fed. R. Evid. 502(a). Accordingly, by favorably characterizing and submitting portions of these internal memoranda, call logs, and communications to the Court, Sparacino has waived any otherwise applicable privilege or work product protection regarding those communications. *See, e.g.*, *Wisk Aero LLC v. Archer Aviation Inc.*, No. 21CV02450WHODMR, 2023 WL 4029892, at *8 (N.D. Cal. June 14, 2023) (holding that defendant could not favorably characterize the substance of a report while asserting privilege over the underlying document itself); *Server Tech., Inc. v. Am. Power Conversion Corp.*, No.

5   Case No.: 2:15-cv-01045 RFB-BNW
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file their proposed Surreply and close further briefing on this motion.

---

3:06-CV-00698-LRH, 2011 WL 1447620, at *5 (D. Nev. Apr. 14, 2011) (noting that a party cannot selectively waive privilege as to only "facts beneficial to its case"). And Mr. McKee, through Class Counsel who represent him both personally and as a member of the certified class, hereby waives any otherwise applicable privilege. *See, e.g.*, *Exobox Techs. Corp. v. Tsambis*, No. 2:14-CV-501-RFB-VCF, 2014 WL 4987903, at *5 (D. Nev. Oct. 7, 2014) (noting that attorney-client privilege belongs not to the lawyer but to the client). If Sparacino intends to rely on its self-serving portrayal of this evidence, it should be required to produce, on the public docket, a) its "contemporaneous memorandum to file" regarding Scott+Scott, and b) its full records of communications with Mr. McKee with only Mr. McKee's personal contact information redacted. Otherwise, Sparacino's characterizations of these documents should be disregarded.

Respectfully Submitted,

By: /s/ Richard A. Koffman

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

JOSEPH SAVERI LAW FIRM, LLP
Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com

BERGER MONTAGUE PC
Eric L. Cramer (admitted *pro hac vice*)
Michael C. Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
njacobs@bm.net

BERGER MONTAGUE PC
Joshua P. Davis (admitted *pro hac vice*)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
jdavis@bm.net

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Cung Le,*

*Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

KEMP JONES, LLP
Don Springmeyer (Nevada Bar No. 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted *pro hac vice*)
Jerome K. Elwell (admitted *pro hac vice*)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

*Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Luis Javier Vazquez, Brandon Vera, and Kyle Kingsbury*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2023 a true and correct copy of PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A SHORT SURREPLY BRIEF was served via the District of Nevada's ECF system to all counsel of record who have enrolled in the ECF system.

By:   /s/ Richard A. Koffman