**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, AND KYLE KINGSBURY, *on behalf of themselves and all others similarly situated*,

                    Plaintiffs,

     v.

ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP AND UFC,

                    Defendant.

Case No. 2:15-cv-01045-RFB-BNW

**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC**
**RE: ANGEION QUALIFICATIONS AND THE PROPOSED NOTICE PLAN**

I, Steven Weisbrot, declare and state as follows:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School *Best Practices Guide to Class Action Litigation*.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action Services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

---

DECLARATION OF STEVEN WEISBROT

7.      My notice work comprises a wide range of class actions that include product defect, false advertising, data breach, mass disasters, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit D**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     Angeion has extensive experience administering landmark settlements involving some of the world's most prominent companies, including:

> **In re: Facebook, Inc Consumer Privacy User Profile Litigation**
> Case No. 3:18-md-02843-VC (N.D. Cal.)
> Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed 28.6 million claims, the most claims filed in the history of class action. In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, "I was kind of blown away by how many people made claims."

> **In re Apple Inc. Device Performance Litigation**
> Case No. 5:18-cv-02827-EJD (N.D. Cal.)
> Apple agreed to pay $310 million to settle allegations of diminished performance in iPhone 6's and 7's. Angeion's direct notification efforts were recognized as

---

satisfying due process for a settlement class consisting of the current and former owners of 129 million class devices. Millions of claims were processed.

**City of Long Beach, et al. v. Monsanto, et al.**
Case No. 2:16-cv-03493-FMO-AS (C.D. Cal.)
Bayer agreed to pay $650 million to settle allegations of waterbodies impaired by PCBs. Angeion's notice administration was extraordinarily successful. The claims administration includes multiple complex claims filing workflows for different funding allocations, including separate fund for "special needs" claimants.

**Beckett v. Aetna Inc.**
Case No. 2:17-cv-03864-JS (E.D. Pa.)
A consolidated data breach class action that arose from the alleged improper disclosure of Protected Health Information by a health insurer and previous claims administrator, including confidential HIV-related information. Angeion provided specialized training to our support team concerning the sensitive nature of the case and underlying health information. Angeion implemented robust privacy protocols to communicate with and verify the claims of the affected class members, including anonymized notice packets and allowing claimants to lodge objections under pseudonyms.

## DATA SECURITY & INSURANCE

12.     Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to administrator for many of the most prominent data security matters of this decade. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

13.     Angeion's privacy practices are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know

basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

14.     Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

15.     Further, our team stays on top of latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

16.     Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## **SUMMARY OF THE NOTICE PLAN**

17.     This declaration will describe the notice plan that we will implement in this matter, including the considerations that informed the development of the plan and why it will provide due process to the Bout Class. In my professional opinion, the proposed Notice Plan described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully complying with Fed. R. Civ. P. 23.

18.     The proposed Notice Plan provides for individual direct notice via email and mail to all

---

reasonably-identifiable Bout Class members, complemented by a targeted first-party social media campaign, the issuance of a press release, and posted notice in notable Mixed Martial Arts ("MMA") Gyms. The Notice Plan also includes the implementation of a dedicated website and toll-free telephone line where Bout Class Members can learn more about their rights and options in the litigation.

## **DIRECT NOTICE**

**Bout Class Member Data**

19.     I have reviewed the Court's order certifying the Bout Class. I understand that the Court certified the following Class of individuals (collectively the "Bout Class," each individual a "Bout Class Member"):

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

Slip Op., Aug. 9, 2023, ECF No. 839, at 14.

20.     The Court observes that the Bout Class includes slightly in excess of 1200 persons. *Id.*

21.     I understand from Class Counsel that Plaintiffs have received from the Defendant a detailed list of UFC fighters who fall within the Bout Class definition. That list, as I understand it, includes the name of each Bout Class Member, the last known postal and email address of that Bout Class member. Angeion will review and analyze the Bout Class Member data and contact information it receives. Angeion performs a thorough analysis to identify duplicative records, as well as missing/incomplete data fields. Angeion will then assign identification numbers to each unique record, which will comprise the final Bout Class Member list ("Bout Class List").

**Email Notice**

22.     As part of the Notice Plan, based on a schedule set by the Court, Angeion will send direct email notice (in the short-form notice format discussed below and attached hereto as **Exhibit A**) to all Bout Class Members who have valid email addresses included on the Bout Class List.

---

Angeion follows best practices to both validate emails and increase deliverability.

23.     Specifically, prior to distributing the email notice, Angeion subjects the email addresses on the Bout Class List to a cleansing and validation process. The email cleansing process removes extra spaces, fixes common typographical errors in domain names, and corrects insufficient domain suffixes (*e.g.*, gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). The email addresses are then be subjected to an email validation process whereby each email address will be compared to known bad email addresses.[1] Email addresses that are not designated as a known bad address will then be further verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

24.     Further, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause an email recipient's spam filter to block or identify the email notice as spam. For example, Angeion does not include attachments like the Long Form Notice (attached as **Exhibit B** hereto) to the email notice, because attachments are often interpreted by various ISPs as spam.

25.     Angeion also accounts for the reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

26.     In addition to the comprehensive methods described above, Angeion will cause any email address for which email notice could not be delivered to be subjected to an email change of address search in an attempt to locate updated email addresses. Angeion will then send email notice to any updated email addresses obtained via this process.

27.     At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a hard bounce, from prior campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

1   Court will possess a detailed, verified account of the success rate of the entire direct email notice

2   campaign.

3   **Postal Mailed Notice**

4   28.      Angeion will mail a long-form notice via first class U.S. Mail, postage pre-paid, to all Bout

5   Class members for whom mailing addresses are included on the Bout Class List. A copy of the

6   long-form notice is attached hereto as **Exhibit B**.

7   29.      Angeion will employ the following best practices to increase the deliverability rate of the

8   mailed notices: (i) Angeion will cause the mailing address information for Bout Class Members to

9   be updated utilizing the United States Postal Service's ("USPS") National Change of Address

10  database, which provides updated address information for individuals or entities who have moved

11  during the previous four years and filed a change of address with the USPS; (ii) Notices returned

12  to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided

13  by the USPS; (iii) Notices returned to Angeion by the USPS without forwarding addresses will be

14  subjected to an address verification search (commonly referred to as "skip tracing") utilizing a

15  wide variety of data sources, including public records, real estate records, electronic directory

16  assistance listings, etc., to locate updated addresses; (iv) Notices will be re-mailed to Bout Class

17  members for whom updated addresses were identified via the skip tracing process.

18                                          **MEDIA NOTICE**

19  30.      As part of our belt and suspenders approach, in addition to the direct notice efforts

20  described above (by both email and U.S. mail), the Notice Plan includes a comprehensive media

21  notice campaign comprised of targeted social media notice via Facebook, Instagram and X

22  (formerly "Twitter"), a paid search campaign via Google, and a press release via PR Newswire.

23  **Targeted Social Media Notice**

24  31.      The direct, targeted social media notice will be implemented by uploading known Bout

25  Class Member email addresses directly to Facebook, Instagram and Twitter, three of the largest

26

27

28

social media platforms in the United States.[2] If any of the email addresses are used as the primary log-on email address for these platforms, Angeion will be able to contact those specific Bout Class members on a one-to-one basis via internet ads displayed on these platforms. The internet ads will direct the Bout Class members to a dedicated website, described below, where Bout Class Members can view the long- and short-form notices and other important documents from the case and find answers to frequently asked questions as well as contact information.

32.      Further, for Bout Class Members who do not have email addresses on the Bout Class List, Angeion will perform research to identify their verified social media accounts on those platforms. Social media notice will then also target those verified accounts.

**Paid Search Campaign**

33.      The Notice Plan also includes a paid search campaign on Google to help drive Bout Class Members who are actively searching for information about the litigation to the dedicated website activated for this administration (discussed below). Paid search ads will complement the social media notice, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the litigation itself but also the subject matter of the class action. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the litigation or other terms related to the class action, that individual could be served with an advertisement directing them to the dedicated website.

**Press Release**

34.      The Notice Plan also provides for a press release to be distributed over PR Newswire (or a similar press release distribution service) to further diffuse news of the litigation. The press release will help garner "earned media" (*i.e.*, other media outlets and/or publications will report the story)

---

[2] In the United States in 2023, Facebook has a reported 243.58 million users, Instagram has a reported 150.99 million users, and X/Twitter has a reported 64.9 million users. *See:*
https://www.statista.com/statistics/408971/number-of-us-facebook-users
https://www.statista.com/statistics/293771/number-of-us-instagram-users
https://www.oberlo.com/statistics/number-of-twitter-users-by-country.

separate and apart from the notice efforts outlined herein. A copy of the press release is attached hereto as **Exhibit C**.

35. Based on my research (and conversations with Class Counsel), I am aware that this case has received substantial media coverage and is being followed by reporters from multiple national and notable specialty publications such as the New York Times, Bloomberg News, CNN, Sports Illustrated,[3] CBS Sports,[4] and Bloody Elbow.[5] I expect that the press release and Notice Plan will be covered in the press, which will lead to increased awareness and participation amongst members of the Bout Class.

**MMA GYM NOTICE**

36. In coordination with Class Counsel, Angeion will identify notable and relevant MMA Gyms (including training camps). A poster-size version of the short-form notice (11" x 17") will be sent to each of the notable MMA Gyms that are researched and identified, along with a request to post the notice in a highly visible area where Bout Class Members are most likely to view the notice.

**DEDICATED WEBSITE & TELEPHONE SUPPORT**

37. The Notice Plan will also implement the creation of a case-specific website with the URL www.UFCFighterClassAction.com, where Bout Class Members can easily view general information about this litigation and review relevant Court documents. The dedicated website will be designed to be user-friendly to make it easy for Bout Class Members to find information about the case, view dates and deadlines, a registration form to receive case updates, and will have a "Contact Us" page containing a dedicated email address by which Bout Class Members can send

---

[3] Mathew Riddle, *UFC Officially Involved in Class-Action Lawsuit, Over $1.6B in Damages Possible,* https://www.si.com/fannation/mma/news/ufc-officially-involved-in-class-action-lawsuit-billions-in-damages-possible (last visited October 17, 2023).

[4] Brent Brookhouse, *UFC Antitrust Lawsuit: Plaintiffs Granted Class Certification in Decade-Long Fight for Fighter Rights,* https://www.cbssports.com/mma/news/ufc-antitrust-lawsuit-plaintiffs-granted-class-certification-in-decade-long-fight-for-fighter-rights/ (last visited October 17, 2023).

[5] John S. Nash, Court Certifies Class-Action Lawsuit, Says UFC has 'Unfettered Power' to Suppress Fighter Pay, https://bloodyelbow.com/2023/08/10/ufc-antitrust-lawsuit-certified-power/ (last visited October 17, 2023).

---

DECLARATION OF STEVEN WEISBROT

1    additional questions regarding the litigation.

2    38.    The dedicated website will be designed to be ADA-compliant and optimized for mobile

3    visitors so that information loads quickly on mobile devices. Additionally, the dedicated website

4    will be designed to maximize search engine optimization through Google and other search engines.

5    Keywords and natural language search terms will be included in the website's metadata to

6    maximize search engine rankings.

7    39.    A toll-free hotline devoted to this case will be created and provided on the dedicated

8    website to further apprise Bout Class Members of the rights and options in the litigation. The toll-

9    free hotline will utilize an interactive voice response ("IVR") system to provide Bout Class

10   Members with responses to frequently asked questions and other essential information regarding

11   the litigation. The hotline will be accessible 24 hours a day, 7 days a week. Bout Class Members

12   will have the ability to request a copy of the notice via the toll-free hotline.

13                                        **CONCLUSION**

14   40.    The Notice Plan outlined above includes direct notice to all reasonably identifiable Bout

15   Class Members via email and mail, complemented by a comprehensive media and outreach

16   campaign. The Notice Plan also provides for the implementation of a dedicated website and toll-

17   free hotline to further inform Bout Class Members of their rights and options in the litigation.

18   41.    It is my professional opinion that the Notice Plan will provide full and proper notice to

19   Bout Class Members before any applicable deadlines, and that the proposed Notice Plan is the best

20   notice that is practicable under the circumstances, will fully comport with due process

21   requirements and is fully compliant with Fed. R. Civ. P. 23.

22        I hereby declare under penalty of perjury that the foregoing is true and correct.

23   Dated:  November 15, 2023

24                                                    STEVEN WEISBROT

25

26

27

28

---

DECLARATION OF STEVEN WEISBROT

Exhibit A

To:        [Class Member email address]

From:     Class Action Administrator

Subject:   Notice of Certification of Class of UFC Fighters – *Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*

---

**Notice ID:  <<Notice ID>>**

## Notice of Certification of Class of UFC Fighters

*Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*
*Case No. 2:15-cv-01045-RFB-BNW* (D. Nev.)

# If you competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period"), you could be affected by the Court's Class Certification Decision and Order.

*A federal court directed this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

### What is the purpose of this Notice?

This notice is authorized by the Court to inform all persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period"), that they could be affected by the Court's class certification decision and order in a class action lawsuit called *Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045-RFB-BNW (the "Action"). The Court's Order excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States during the Class Period.

On August 9, 2023, the Honorable Richard F. Boulware, II of the United States District Court for the District of Nevada, entered an order certifying a class of UFC Fighters (the "Bout Class") in the Action. Bout Class members have the right to know about the Court's certification of the Bout Class to pursue claims against the Defendant. Bout Class members have the right to continue in the Action as a member of the Bout Class or to exclude themselves from the Class (*see* below).

**What is the Lawsuit About?**
The lawsuit claims that Defendant used an anticompetitive scheme to establish and maintain its market dominance, allowing it to pay its fighters substantially less than it would have paid in a more competitive market in violation of federal antitrust law. The Defendant denies these claims and any allegation of wrongdoing, and asserts that there is ample competition in the market for MMA fighters, its conduct was procompetitive, and UFC continually and substantially increased fighter pay over the Class Period. The Honorable Richard F. Boulware, II of the United States District Court for the District of Nevada is overseeing the Action. Judge Boulware has not decided which side is correct.

**Who is in the Class?**
You are a member of the Bout Class certified by the Court if you competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States, unless the UFC paid such persons for competing in a bout fought in the United States during the Class Period.

**Who represents the Class?**
The Court has appointed the following law firms as Co-Lead Counsel ("Class Counsel") to represent the Class: Berger Montague PC, Cohen Milstein Sellers & Toll, PLLC, and Joseph Saveri Law Firm, LLP. Class Counsel has been prosecuting this Action, *i.e.*, overseeing and performing work to advance the litigation on behalf of the Plaintiffs and the Class since before it was filed in December 2014.

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services.

**What are the rights of Class members?**
You have the right to continue participating in the Action as a Bout Class member. You do not need to do anything at this time to remain in the Bout Class or to be a part of the Action against the Defendant. If you do not exclude yourself from the Bout Class and thus remain a Bout Class member in the Action against the Defendant, you will retain the possibility of receiving money or other benefits from the Defendant that may come from trial or settlement. By remaining in the Bout Class, you will be bound by the outcome of the Action, whether it is favorable or unfavorable, and you will give up your right to file your own separate lawsuit with regard to any of the claims asserted or issues decided in the Action.

There is no money available now from the Defendant, and there is no guarantee that there will be any in the future. The outcome of the Action against the Defendant is not yet known.

You also have the right to exclude yourself from the Bout Class, in which case your preserve any right you may have to bring or continue a lawsuit of your own against the Defendant for the same or similar claims against the UFC, but you would give up the right to receive any payment that could result from trial or future settlements in the Action with the Defendant.

If you wish to exclude yourself from the Bout Class, you must send a written letter or request for exclusion by **[DATE]** in the manner described in Question 12 of the Court's Notice of Certification of Class of UFC Fighters (available on the Settlement Website at www.UFCFighterClassAction.com). The Court will exclude you from the Bout Class if you submit a timely written request. If you do not exclude yourself

from the Bout Class, you will not be able to sue on your own, or continue to sue on your own, the Defendant with respect to any of the claims asserted or issues decided in this Action.

**What's next?**
Trial has been set to begin on April 8, 2024.

**This Notice is only a Summary.**
For additional information, visit www.UFCFighterClassAction.com  or call toll-free **1-866-955-5564.** You may also write to the Class Action Administrator by mail: **UFC Fighter Class Action**, c/o Class Action Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or email: info@UFCFighterClassAction.com.

*Unsubscribe*

Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

<u>**NOTICE OF CERTIFICATION OF CLASS OF UFC FIGHTERS**</u>

**If you competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period"), you could be affected by the Court's Class Certification Decision and Order. Please read this notice carefully.**

*A federal court directed this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- On August 9, 2023, the Honorable Richard F. Boulware, II of the United States District Court for the District of Nevada, entered an order in a class action lawsuit called *Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045-RFB-BNW (the "Action"), certifying the following class (the "Bout Class"): "All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States."

- The Action was brought by six professional UFC fighters, including Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs"), on behalf of themselves and a class of similarly situated professional UFC Fighters. The Action alleges that Defendant Zuffa LLC, d/b/a Ultimate Fighting Championship and UFC (the "UFC" or "Defendant") used anticompetitive conduct to establish and maintain its dominance in the market for Elite Professional MMA services. The alleged conduct included, among other things, (a) entering exclusive contracts with UFC fighters that effectively blocked the vast majority from fighting for rival MMA promotions, and (b) acquiring rival promotion companies and locking up their MMA fighters into exclusive contracts, and (c) coercing fighters into long-term exclusivity with the UFC (together, the "Scheme"). The Action further alleges that the Scheme enabled the UFC to injure members of the Bout Class by artificially suppressing their bout pay. Plaintiffs seek to recover from Defendant in this Action money damages reflecting the amount Plaintiffs claim that members of the Bout Class were underpaid due to the alleged Scheme. Plaintiffs also seek injunctive relief to stop Defendant from continuing to engage in the alleged anticompetitive conduct.

- Defendant denies Plaintiffs' allegations and any wrongdoing. Defendant asserts that through its efforts to grow MMA and the UFC, Defendant has consistently increased the

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

1

number of events that it promotes and the compensation paid to fighters who participate in its MMA bouts. Defendant contends that Plaintiffs' claims lack merit and that its conduct was *pro*-competitive, *not* anticompetitive: (a) Defendant's acquisitions of other MMA promotion companies helped grow the MMA industry by efficiently allocating resources and did not result in the improper foreclosure of competitors, as evidenced by new market entrants and the continued growth of rival MMA promotion companies; (b) Defendant's exclusive contracts with UFC fighters did not foreclose a substantial share of the market for MMA fighter services and were, in fact, pro-competitive because they were supported by legitimate business justifications; and (c) Defendant did not "coerce" fighters to sign long-term exclusive contracts with the UFC, but rather hired the best fighters—who want to fight in the UFC—to help its business grow and re-signed those fighters to contracts of greater or equal value to those offered by other MMA promotions, none of which is anticompetitive according to Defendant.

- The Court has not decided which side is correct. The Court has scheduled a jury trial to begin on April 8, 2024.

- You are a member of the Bout Class certified by the Court if you competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid you for competing in a bout fought in the United States during the Class Period.

- **Please read this Notice carefully. Your legal rights will be affected whether you act or do not act. You now have to make a choice. This Notice describes the portion of the Action that is continuing and how you can continue in that Action or exclude yourself from that Action. Additional information about this Action can be found at www.UFCFighterClassAction.com.**

- **You must take action to exclude yourself from the Bout Class if you do not wish to participate in the Action against the Defendant. If you would like to remain in the Bout Class, you need not do anything at this time.**

- **The Court has approved the following firms as counsel for the Bout Class:**

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

2

Eric L. Cramer
Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103

Benjamin Brown
Richard Koffman
Daniel H. Silverman
**COHEN MILSTEIN SELLERS & TOLL,
PLLC**
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, D.C. 20005

Joseph Saveri
**JOSEPH SAVERI LAW FIRM, LLP**
601 California St., Suite 1000
San Francisco, CA 94108

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

3

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**If you are a member of the Bout Class, your legal rights and options are described in this section. You may:**

| Do Nothing | **Remain in the Bout Class**. You have the right to continue participating in the Action as a Bout Class Member. ***You do not need to take additional action to remain in the Class or be a part of the Action against the Defendant***.<br><br>If you remain a Bout Class member, you will retain the possibility of receiving money or other benefits from the Defendant that may come from trial or settlement in the Action. By remaining in the Bout Class, you will be bound by the outcome of the Action, and you will give up your right to file your own lawsuit covering the same or similar claims as in the Action. There is no money available now from the Defendant and there is no guarantee that there will be any in the future. The outcome of the Action against the Defendant is not yet known.<br><br>You may receive other notices from the Court when there are other important developments that may require you to make a decision or take action. However, if you stay in the Bout Class at this time, you may not have another opportunity to request exclusion (or opt-out) of the Action, and you will be unable to pursue claims against the Defendant that are being litigated in this Action separate from the Bout Class. |
|---|---|
| **Exclude Yourself From the Bout Class** | ***Opting out of the Bout Class is the only way you can file or continue your own lawsuit concerning the legal claims or issues in this Action***.<br><br>If you exclude yourself from the Action, you will receive no payment from the Defendant arising out of the Action, even if any monies are collected in the Action as the result of a trial or settlement.<br><br>You will remain in the Bout Class unless you submit a written request to exclude yourself as described in Question 12, below. You must submit a timely written request by [**DATE**] to exclude yourself from the Bout Class, if you wish to do so. |

**This chart provides summary information about the Action. The remainder of this Notice is designed to provide more information to help you evaluate your options and answer any questions that you may have.**

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

4

**This Notice explains your legal rights and options—and the deadlines to exercise them.**

- **This is not a lawsuit against you.**

- **This notice summarizes your rights to participate or exclude yourself from the Action against the Defendant.**

- **The outcome of the Action against the Defendant is not yet known. If you opt to remain in the Bout Class, you will be notified if money or other benefits are obtained from the Defendant through settlement or trial.**

- **For additional information, visit www.UFCFighterClassAction.com or call toll-free 1-866-955-5564. You may also write to the Class Action Administrator by mail: UFC Fighter Class Action, c/o Class Action Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or email: info@UFCFighterClassAction.com.**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE.**

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

5

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** …………………………………………………………………………**7**

    1.  Why did I receive this Notice?

    2.  What is this lawsuit about?

    3.  Why is this a class action, and who is involved?

    4.  Is there money available?

**WHO HAS THE RIGHT TO PARTICIPATE IN THE CLASS ACTION LAWSUIT**……..……………..**8**

    5.  Am I a Bout Class member who is part of the ongoing class action lawsuit against the Defendant?

    6.  I am still not sure if I am included?

    7.  Are there exceptions to being a Bout Class member?

    8.  What are my rights as a Bout Class member?

**THE LAWYERS REPRESENTING THE BOUT CLASS**…………………………………………..**9**

    9.  Who represents the Bout Class in this case?

    10.  Should I get my own lawyer?

    11.  How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE BOUT CLASS IN THE ONGOING CLASS ACTION LAWSUIT**...............................................................................................................................**10**

    12.  How do I opt out of the Bout Class in the ongoing class action lawsuit against the Defendant?

    13.  If I do not exclude myself, can I sue the Defendant for the same thing later?

    14.  If I exclude myself, can I get money from the class action lawsuit?

**IF YOU DO NOTHING**…………………………………………………………………...…**11**

    15.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ……………………………………………………………..**11**

    16.  How do I get more information?

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

6

BASIC INFORMATION

| 1. Why did I receive this Notice? |
| --- |

You have received this Notice because records show you may have competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period").

**Bout Class members have the right to know about the Court's certification of a litigation class (the "Bout Class") to pursue class action claims against the Defendant. You also have the right to continue in the Action as a member of the Bout Class or to exclude yourself from the Bout Class. If you continue as a member of the Bout Class, which you may do by doing nothing now, your interests in this Action will be represented by Court appointed Class Counsel and you will be bound by the results in the Action, and be able to benefit from any judgment or settlement of the Action.**

**If you wish to exclude yourself from the Bout Class, you must send a written request for exclusion by [DATE] by following the instructions in Question 12. If you exclude yourself from the Bout Class, you will not be able to benefit from any settlement or cash award in this Action.**

| 2. What is this lawsuit about? |
| --- |

The lawsuit alleges that Defendant used an anticompetitive scheme to establish and maintain its market dominance, which allegedly allowed it to pay its fighters substantially less than it would have paid in a more competitive market during the Class Period in violation of federal antitrust law. The Defendant denies these claims and any allegation of wrongdoing, and asserts several defenses, including that there is ample competition in the market for MMA fighters, that its conduct was pro-competitive, and that UFC continually and substantially increased fighter pay over the Class Period. The Honorable Richard F. Boulware, II of the United States District Court for the District of Nevada is overseeing the Action. The Judge has not decided which side is correct.

To obtain more information about the clams in the Action you can view the complaint and other important court documents in this case at www.UFCFighterClassAction.com.

| 3. Why is this a class action, and who is involved? |
| --- |

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" sue on behalf of other people who have similar claims. The people with similar claims together are a "Class" and each is called a "Class Member." In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves (or "opt-out") of the Class.

| 4. Is there money available? |
| --- |

No money or benefits are available now because the Court has not decided the merits of the Plaintiffs' claims or Defendant's defenses, the jury trial has not yet occurred, and the Parties have not settled the case. There is no guarantee that money or benefits will be obtained. If money or benefits become available either by way of settlement or if the Plaintiffs prevail at trial or

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

7

through legal motions, Bout Class Members may have to take additional steps, such as submitting a claim form or providing other evidence, in order to determine whether they are eligible to recover any money or benefits. In that event, you will be notified of whatever additional steps, if any, you must take. You can learn more details, and stay informed of the progress of the Action, by visiting www.UFCFighterClassAction.com.

### WHO HAS THE RIGHT TO PARTICIPATE IN THE CLASS ACTION LAWSUIT?

**5. Am I a Bout Class Member who is part of the ongoing class action lawsuit against the Defendant?**

Fighters who fought for the UFC are members of the Bout Class if they meet the following definition:

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

On August 9, 2023, the Honorable Richard F. Boulware, II of the United District Court for the District of Nevada entered an order certifying the Bout Class. *See* ECF No. 839. The Court has not decided either the merits of the Plaintiffs' claims or Defendant's defenses. The Court has scheduled a jury trial in the Action to take place in April 2024.

**6. I am still not sure if I am included?**

If you received this Notice, it is because you were listed as a potential Bout Class Member. If you are still not sure whether you are included, you can contact the lawyers representing the Bout Class (*see* Question 9) or the Class Action Administrator (*see* Question 16).

**7. Are there exceptions to being a Bout Class Member?**

Yes. Excluded from the Bout Class are persons who are not residents or citizens of the United States, unless the UFC paid such persons for competing in a bout fought in the United States during the Class Period.

**8. What are my rights as a Bout Class Member?**

You have the right to continue participating in the Action as a Bout Class Member. You do not need to do anything at this time to remain in the Bout Class or be a part of the Action against the Defendant.

If you do not exclude yourself from the Bout Class and thus remain a Bout Class Member in the Action against the Defendant, you will retain the possibility of receiving money or other benefits from the Defendant that may come from trial or settlement. By remaining in the Bout Class, you will be bound by the outcome of the Action with the Defendant, whether it is favorable or unfavorable, and you will give up your right to file your own separate lawsuit with regard to any of the claims asserted or issues decided in this Action. There is no money available now from the Defendant, and there is no guarantee there will be any in the future. The outcome of the Action

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

8

against the Defendant is not yet known. If money or other benefits are obtained from the Defendant, you will be notified at that time.

You also have the right to exclude yourself from the Bout Class, in which case you preserve any right you may have to bring or continue a lawsuit of your own against the Defendant for the same or similar claims against the UFC, but you would give up the right to receive any payment that could result from trial or a potential settlement in this Action against the Defendant.

## THE LAWYERS REPRESENTING THE BOUT CLASS

### 9. Who represents the Bout Class in this case?

The Court appointed the following law firms as Co-Lead Class Counsel (also referred to as "Plaintiffs' Counsel" or "Class Counsel") to represent the Bout Class:

Eric L. Cramer
Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103

Benjamin Brown
Richard Koffman
Daniel H. Silverman
**COHEN MILSTEIN SELLERS &
TOLL, PLLC**
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, D.C. 20005

Joseph Saveri
**JOSEPH SAVERI LAW FIRM, LLP**
601 California St., Suite 1000
San Francisco, CA 94108

Class Counsel has been prosecuting this Action, *i.e.*, overseeing and performing work to advance the case on behalf of the Plaintiffs and the Bout Class since before it was filed in December 2014.

### 10. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

### 11. How will the lawyers be paid?

If there is a settlement or judgment against the Defendant, Class Counsel would file a motion to the Court requesting attorneys' fees and reimbursement of costs and expenses. If the Court awards these payments, they will be paid from any settlements or recoveries. You personally do not have to pay any of Class Counsel's fees, costs, or expenses.

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

9

EXCLUDING YOURSELF FROM THE BOUT CLASS IN THE ONGOING CLASS ACTION LAWSUIT

| **12. How do I opt-out of the Bout Class in the Action against the Defendant?** |
| --- |

If you fall within the Bout Class definition but do not want to be included in the Action against the Defendant for any reason, including because you want to retain the right to sue the Defendant for the same or similar claims as in the Action, then you must request exclusion (or opt out) of this Action. The deadline for requesting exclusion from the Action is **[Exclusion Deadline].**

To exclude yourself, you must submit a written request for exclusion that includes the following information:

- The name of the Lawsuit: *Cung Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC,* Case No. 2:15-cv-01045-RFB-BNW (D. Nev.).
- Your name and current address;
- Your personal signature; and
- A statement clearly indicating that (a) you are a member of the Bout Class, and (b) you wish to be excluded from the Bout Class in the Action.

Your request for exclusion must be mailed via the U.S. Postal Service to the address below so it is **postmarked** no later than **[Exclusion Deadline].**

**UFC Fighter Class Action**
**ATTN: Exclusion Request**
**PO Box 58220**
**Philadelphia, PA 19102**

By electing to be excluded: (1) you will not share in any potential recovery that might be obtained by the Bout Class as a result of trial, legal motion, or settlement in the Action; (2) you will not be bound by any decision in the Action that is either favorable to the Bout Class or favorable to the Defendant; and (3) you may present any claims you have against the Defendant by filing your own lawsuit.

You cannot exclude yourself (opt out) by telephone or email.

| **13. If I do not exclude myself, can I sue the Defendant for the same or similar thing later?** |
| --- |

No. If you are a Bout Class Member, unless you exclude yourself from the Bout Class, you give up the right to sue the Defendant on your own with respect to any of the claims asserted or issues decided in the Action as more fully described in Question 12 above.

| **14. If I exclude myself from the Bout Class, can I get money from the Action?** |
| --- |

No. If you exclude yourself from the Bout Class, you will not be eligible to receive a share of any money recovered from the Defendant in the Action either by trial or settlement. But, by excluding yourself from the Bout Class, you keep any rights to sue on your own with respect to any of the claims asserted or issues decided in this Action should you wish to do so.

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

## IF YOU DO NOTHING

### 15. What happens if I do nothing at all?

If you are a Bout Class Member and you do nothing, you will remain a member of the Bout Class and be represented by Class Counsel. By remaining a member of the Bout Class, you will retain the possibility of receiving money or other benefits from the Defendant that may come from trial or settlement. You will also be bound by the outcome of the Action with the Defendant, and you will give up your right to file your own lawsuit with the same or similar claims as in the Action. There is no money or other benefits available now from the Defendant and no guarantee there will be any in the future. The outcome of the Action against the Defendant is not yet known. If money or other benefits are obtained from the Defendant you will be notified.

## GETTING MORE INFORMATION

### 16. How do I get more information?

For more detailed information about the Action, including being able to determine whether you are a member of the Bout Class, please refer to the dedicated website: www.UFCFighterClassAction.com.

If you have additional questions, you may contact the Class Action Administrator by email, phone, or mail:

- o  Email: info@UFCFighterClassAction.com.

- o  Toll-Free: **1-866-955-5564**

- o  Mail: UFC Fighter Class Action, c/o Administrator, 1650 Arch St, Ste 2210, Philadelphia, PA 19103

Publicly-filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the District of Nevada or reviewing the Court's online docket.

## PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR MORE INFORMATION.

Questions? Call 1-866-955-5564 Toll-Free or Visit www.UFCFighterClassAction.com

11

Exhibit C

## *LE V. ZUFFA* NOTICE PLAN PRESS RELEASE

On August 9, 2023, the United States District Court for the District of Nevada issued an order certifying a class of UFC fighters (the "Bout Class") in a class action lawsuit (the "Action") entitled *Cung Le, et al. v. Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC*. The Bout Class consists of anyone who fought for the UFC in a mixed martial arts ("MMA") bout taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

The Plaintiffs in the Action allege that Defendant Zuffa LLC, d/b/a Ultimate Fighting Championship and UFC (the "UFC" or "Defendant") used an anticompetitive scheme to eliminate competition in the market for Elite Professional MMA Fighter services and suppressed compensation for UFC Fighters. Specifically, Plaintiffs allege that Zuffa (a) acquired multiple potential rival MMA promotion companies and locked up the acquired companies' fighters into exclusive contracts with the UFC, (b) entered into long-term exclusive contracts with UFC fighters that effectively blocked the vast majority from fighting for rival MMA promotions, and (c) coerced fighters into remaining locked into long-term exclusive deals with the UFC (the conduct taken together, the "Scheme"). Plaintiffs further allege that, as a result of the Scheme, the UFC artificially suppressed the bout pay of UFC fighters. Plaintiffs seek to obtain from Defendant in this Action money damages to recover for the amount Plaintiffs claim members of the Bout Class were underpaid due to the alleged Scheme. The Plaintiffs are asking for damages of $811 million to $1.6 billion. Plaintiffs also seek injunctive relief to stop the Defendant from continuing to engage in the alleged anticompetitive conduct.

Defendant denies Plaintiffs' claims and any allegation of wrongdoing. Defendant asserts

1

that through its efforts to grow MMA and the UFC, Defendant has consistently increased the number of events that it promotes and the compensation paid to fighters who participate in its MMA bouts. Defendant contends that the conduct at issue was pro-competitive, not anticompetitive: (a) Defendant's acquisitions of other MMA promotion companies helped grow the MMA industry by efficiently allocating resources and did not result in the improper foreclosure of competitors, as evidenced by new market entrants and the continued growth of rival MMA promotion companies; (b) Defendant's exclusive contracts with UFC fighters did not foreclose a substantial share of the market for MMA fighter services and were in fact pro-competitive because they were supported by legitimate business justifications; and (c) Defendant did not "coerce" fighters to sign long-term exclusive contracts with the UFC, but rather hired the best fighters—who want to fight in the UFC—to help its business grow and re-signed those fighters to contracts of greater or equal value to those offered by other MMA promotions, none of which is anticompetitive. Defendant denies that there are any damages or that injunctive relief is warranted. The Court has not decided which side is correct.

The Court has appointed Berger Montague PC, Joseph Saveri Law Firm, LLP, and Cohen Milstein Sellers & Toll PLLC as Class Counsel to represent the Bout Class, and plaintiffs Cung Le, Jon Fitch, Kyle Kingsbury, Javier Vasquez, and Brandon Vera as class representatives.

The Court has set the case for trial beginning on April 8, 2024.

As authorized by the Court, the Court-appointed notice administrator has begun a plan to distribute notice to the Bout Class. The notice provides important information to members of the Bout Class, including:

- *Who is a member of the Bout Class*? Anyone who fought in a UFC MMA bout that took place or was broadcast in the United States between December 16, 2010 and June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a

bout fought in the United States. If you are a member of the Bout Class, **you do not need to do anything more at this time to remain in the Bout Class**;

- *Am I giving anything up by staying in the Bout Class*? By remaining in the Bout Class, you retain your right to take part in any settlement or judgment, but you will be bound by the outcome of the Action, and **will give up your right to file or continue your own lawsuit covering the same or similar claims as in the Action**;

- *Is there money available now*? There is no money available now from the Defendant, or any guarantee that there will be money available in the future. The outcome of the Action against the Defendant is not yet known;

- *Can I file my own lawsuit against the UFC*? If you wish to file your own lawsuit against Zuffa, you must exclude yourself (or "opt out") from the Bout Class in writing by [DEADLINE]. If you exclude yourself from the Bout Class, you will receive no payment from the Defendant arising out of this Action, even if any monies are collected in this Action as the result of a trial or settlement.

A website has been established that has more information about the Class Action, including important documents from the lawsuit and copies of the notices. Visit www.UFCFighterClassAction.com if you would like to learn more.

Exhibit D



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



**Writing the Rules**

# Judicial Recognition

© Angeion Group, LLC

### IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION
**Case No. 3:18-md-02843**

The Honorable Vincent Chhabria, United States District Court, Northern District of California (March 29, 2023): The Court approves the Settlement Administration Protocol & Notice Plan, amended Summary Notice (Dkt. No. 1114-8), second amended Class Notice (Dkt. No. 1114-6), In-App Notice, amended Claim Form (Dkt. No. 1114-2), Opt-Out Form (Dkt. No. 1122-1), and Objection Form (Dkt. No. 1122-2) and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement and the subsequent filings referenced above meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

### LUNDY v. META PLATFORMS, INC.
**Case No. 3:18-cv-06793**

The Honorable James Donato, United States District Court, Northern District of California (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved...The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.

### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021): Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION
**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (August 22, 2022):  The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval...in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable...



### *IN RE: GOOGLE PLUS PROFILE LITIGATION*
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

### *MEHTA v. ROBINHOOD FINANCIAL LLC*
**Case No. 5:21-cv-01013**

The Honorable Susan van Keulen, United States District Court, Northern District of California (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

### *ADTRADER, INC. v. GOOGLE LLC*
**Case No. 5:17-cv-07082**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (May 13, 2022):  The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

# JUDICIAL RECOGNITION



***IN RE: FACEBOOK INTERNET TRACKING LITIGATION***
**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

***CITY OF LONG BEACH v. MONSANTO COMPANY***
**Case No. 2:16-cv-03493**

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

***STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC***
**Case No. 3:20-cv-00903**

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

***WILLIAMS v. APPLE INC.***
**Case No. 3:19-cv-0400**

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

***CLEVELAND v. WHIRLPOOL CORPORATION***
**Case No. 0:20-cv-01906**

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email

addresses are unavailable, which is the best practicable notice under the circumstances…The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website…The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)…

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed

Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
**Case No. 2:17-cv-05114**

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
**Case No. 7:20-cv-03032**

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature

of the Action...and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable

under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
### Case No. 6:20-md-02977

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
### Case No. 3:15-cv-03418

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
### Case No. 4:20-cv-04412

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

# JUDICIAL RECOGNITION

***WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.***
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

***NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION***
**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

***IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION***
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

***IN RE: PEANUT FARMERS ANTITRUST LITIGATION***
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

***BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.***
**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

Case 2:15-cv-01045-RFB-BNW   Document 916-1   Filed 11/15/23   Page 42 of 54



### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### ADKINS ET AL. v. FACEBOOK, INC.
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):   Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### MARINO ET AL. v. COACH INC.
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object or to exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States

Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### BROWN v. DIRECTV, LLC
**Case No. 2:13-cv-01170**
The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
**Case No. 1:16-cv-03711**
The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
**Case No. 4:18-cv-00430**
The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
**Case No. 5:18-cv-05225**
The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### CLAY ET AL. v. CYTOSPORT INC.
**Case No. 3:15-cv-00165**
The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice

Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*
**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members

will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
**Case No. 8:19-cv-00550**
The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
**Case No. 4:15-cv-03504**
The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court

APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

## PATORA v. TARTE, INC.
### Case No. 7:18-cv-11760
The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.
### Case No. 2:16-cv-00633
The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## CORZINE v. MAYTAG CORPORATION, ET AL.
### Case No. 5:15-cv-05764
The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

# JUDICIAL RECOGNITION



***MEDNICK v. PRECOR, INC.***
**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

***GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.***
**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

***ANDREWS ET AL. v. THE GAP, INC., ET AL.***
**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

***COLE, ET AL. v. NIBCO, INC.***
**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

# JUDICIAL RECOGNITION



### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
**Case No. 1:15-cv-04519**

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy

as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

**MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.**
**Case No. 7:16-cv-06981**

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

**IN RE: OUTER BANKS POWER OUTAGE LITIGATION**
**Case No. 4:17-cv-00141**

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

**GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.**
**Case No. 7:13-cv-03073**

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

# JUDICIAL RECOGNITION

***HALVORSON v. TALENTBIN, INC.***

**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

***IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION***

**MDL No. 2669/Case No. 4:15-md-02669**

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

***TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.***

**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise

Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION
### Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

### ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC
### Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite*** [emphasis added].

### IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION
### Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will

receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### *FENLEY v. APPLIED CONSULTANTS, INC.*
### Case No. 2:15-cv-00259

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

### *FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.*
### Case No. 1:15-cv-08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

# JUDICIAL RECOGNITION



***IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION***
**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

***SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.***
**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

***FERRERA, ET AL. v. SNYDER'S-LANCE, INC.***
**Case No. 0:13-cv-62496**

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

***IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION***
**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the

plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### *SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.*
**Case No. 0:13-cv-61747**

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### *OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.