IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-BNW |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION TO APPROVE CLASS NOTICE PLAN**

WHEREAS, on August 9, 2023, this Court issued an order granting in part Plaintiffs' Motion for Class Certification under Fed. R. Civ. P. 23(b)(3) (ECF No. 839) (the "Class Certification Order");

WHEREAS, on November 1, 2023, the Court of Appeals for the Ninth Circuit denied defendant Zuffa, LLC's petition for permission to appeal the Class Certification Order under Fed. R. Civ. P. 23(f);

WHEREAS, pursuant to the Class Certification Order, this Court certified under Fed. R. Civ. P. 23(b)(3) the following class (the "Bout Class"):

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

WHEREAS, in the Class Certification Order, this Court, pursuant to Fed. R. Civ. P. 23(c)(1)(B), appointed Berger Montague PC, Cohen Milstein Sellers & Toll, PLLC, and Joseph Saveri Law Firm, LLP as Co-Lead Counsel for the Bout Class ("Class Counsel");

WHEREAS, Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury (collectively, "Plaintiffs") have filed a Motion for Approval of Plaintiffs' proposal for distribution of notice ("Notice Plan") of the pendency of the class action to the Bout Class;

WHEREAS, Defendant Zuffa, LLC does not oppose Plaintiffs' Motion; and

WHEREAS, the Court is familiar with and has reviewed the record in this case and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

### Approval of Notice Plan

1.     The Court appoints Angeion Group, LLC ("Angeion")[1] to serve as notice administrator for the Bout Class in disseminating the Notice.

2.     The proposed Notice Plan, including the proposed forms and manner of notice, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

3.     The proposed forms of notice to Bout Class members of the pendency of this Class Action (attached as **Exhibits "A"** (the "short-form notice") and "**B**" (the "long-form notice") to Weisbrot Decl.) provide Bout Class members with important information about the action, including: apprising Bout Class members of the pendency of the action; describing the nature of the action including the claims and defenses raised therein; providing the definition of

---

[1] *See* Declaration of Steven Weisbrot in Support of Motion for Approval of Class Notice Plan ("Weisbrot Declaration").

2

the Bout Class; informing Bout Class members that they are represented by Class Counsel and need not do anything further to remain in the Bout Class at this time, but that they will be bound by any judgment or settlement; and informing Bout Class members that they may exclude themselves from (or "opt out" of) the action, and providing detailed information about how to do so. For these reasons, the Court finds that the proposed long-form and short-form notices constitute the best notice practicable under the circumstances, satisfy the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure, and are otherwise fair and reasonable, and therefore approved.

4. Pursuant to the Notice Plan, Angeion shall cause the long-form notice to be disseminated to all Bout Class members for whom Angeion has been provided valid postal addresses via first class U.S. Mail, postage pre-paid no later than 21 days from the date of this Order.

5. Pursuant to the Notice Plan, Angeion shall cause the short-form notice to be disseminated to all Bout Class members for whom Angeion has been provided valid email addresses via email no later than 21 days from the date of this Order.

6. Pursuant to the Notice Plan, in coordination with Class Counsel, Angeion will identify notable and relevant mixed martial arts ("MMA") Gyms (including training camps). A poster-size notice (11" x 17") will be sent in the form of the short-form notice, to each of the notable MMA Gyms that are identified, along with a request to post the notice in a highly visible area where Bout Class Members are most likely to view the notice. This notice shall be disseminated to all such MMA Gyms beginning no later than 21 days from the date of this Order.

7. Pursuant to the Notice Plan, within 21 days of this Order, Angeion shall also cause the long-form notice to be posted on a case-specific website with the URL www.UFCFighterClassAction.com, where Bout Class Members can easily view the notice and

other important documents from the case (including, *e.g.*, the operative complaint, the Bout Class Certification Order, and relevant scheduling orders), and find answers to frequently asked questions as well as other general information about this litigation. A toll-free hotline devoted to this case will be created and provided on the dedicated website to further apprise Bout Class members of the rights and options in the litigation.

8. Pursuant to the Notice Plan, Angeion shall notify Bout Class members on a one-to-one basis via targeted internet ads displayed on Facebook, Instagram, and X (formerly Twitter) to be purchased beginning no later than 21 days from the date of this Order.

9. Pursuant to the Notice Plan, and as set forth in the approved forms of notice, members of the Bout Class may request exclusion from the Bout Class in writing postmarked no later than 66 days after the date of this Order, *i.e.*, forty-five days after notice is issued.

10. No later than eighty (80) days after the date of this Order, Plaintiffs shall file a declaration from Angeion confirming that the Notice Plan has been effectuated as required herein, and identifying those Bout Class members, if any, who have (a) requested to be excluded from the Bout Class, and (b) meet the requirements for a valid request for exclusion as set forth in the Notice.

Dated: _____, 2023            **SO ORDERED**

　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　 RICHARD F. BOULWARE, II
　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE