Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-BNW<br><br>**CORRECTED PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR APPROVAL OF CLASS NOTICE PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury (collectively, "Plaintiffs") will and hereby do move the Court for an order approving Plaintiffs' proposal for distribution of notice to the Bout Class (defined below) of the Court's Order certifying the Bout Class (the "Class"), dated August 9, 2023. ECF No. 839 (the "Motion"). Upon meeting and conferring with defendant Zuffa, LLC regarding the Motion, the Motion is unopposed.

Plaintiffs' proposed notice plan ("Notice Plan") satisfies Rule 23, complies with due process, and constitutes "the best notice that is practicable under the circumstances[.]" Rule 23(c)(2)(B). Plaintiffs' Notice Plan provides direct email and U.S. mail notice to all reasonably-identifiable Class members, complemented by a targeted first-party social media campaign, the issuance of a press release, and posted notice in notable mixed martial arts ("MMA") Gyms. The Notice Plan also includes the implementation of a dedicated website and toll-free line where Class members can learn more about their rights and options in the litigation. Taken together, the Notice Plan meets the requirements of Rule 23, satisfies any due process concerns, and will fairly apprise Class members of their rights and options in the litigation or to exclude themselves from the litigation.

This motion is based upon this Notice; the Memorandum of Points and Authorities in support thereof; the Declaration of Plaintiffs' proposed Notice Administrator, Steven Weisbrot, President and CEO of the Angeion Group, LLC ("Angeion"),[1] and attached exhibits, along with the proposed notices themselves (attached to the Weisbrot Declaration as Exhibits A and B); and any further papers filed in support of this motion as well as arguments of counsel and all records on file in this matter.

---

[1] Declaration of Steven Weisbrot in Support of Motion for Approval of Class Notice Plan, dated November 15, 2023 ("Weisbrot Declaration").

DATED: November 15, 2023

Respectfully Submitted,

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (admitted *pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

*Counsel for the Class and Attorneys for Individual and Representative Plaintiffs.*

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..................................................................................................................1

II. CASE BACKGROUND AND PROCEDURAL POSTURE ..............................................2

III. THE COURT SHOULD APPROVE PLAINTIFFS' NOTICE PLAN ..............................2

    A. Summary of Notice Plan..................................................................................3

        1. Direct Email and Postal Notice. ...................................................3

        2. Media Notice. ..............................................................................4

        3. MMA Gym Notice. .....................................................................6

        4. Dedicated Website & Telephone Support. .................................6

    B. The Notice Forms Satisfy Rule 23(c)(B) and Due Process.....................................7

    C. The Settlement Administrator has the Necessary Experience and Expertise to Ensure Notice is Provided to as Many Class Members as Possible ........................8

    D. Proposed Notice Plan Schedule ................................................................................8

IV. CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Anthem, Inc. Data Breach Litig.*,
 327 F.R.D. 299 (N.D. Cal. 2018) .................................................................................4, 7

*In re Apple Inc. Device Performance Litig.*,
 50 F.4th 769 (9th Cir. 2022) ..............................................................................................3

*Monterrubio v. Best Buy Stores, L.P.*,
 291 F.R.D. 443 (E.D. Cal. 2013) .......................................................................................4

*Mullane v. Cent. Hanover Bank & Trust Co.*,
 339 U.S. 306 70 S. Ct. 652, 94 L. Ed. 865 (1950) ............................................................3

*Officers for Justice v. Civil Serv. Comm'n, of City & Cnty. of San Francisco*,
 688 F.2d 615 (9th Cir. 1982) .........................................................................................3, 7

*Phillips Petroleum Co. v. Shutts*,
 472 U.S. 797 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). Notice of the .........................2

*Roes 1-2 v. SFBSC Mgmt., LLC*,
 944 F.3d 1035 (9th Cir. 2019) ............................................................................................7

*Shao v. Muroff*,
 No. 1:18-CV-00295-BLW, 2022 WL 10046107 (D. Idaho Aug. 30, 2022) ....................7

*Zwicky v. Diamond Resorts Inc.*,
 No. CV-20-02322-PHX-DJH, 2023 WL 5751465 (D. Ariz. Sept. 6, 2023) ................4, 7

**Other Authorities**

Fed. R. Civ P. 23 ................................................................................................................ *passim*

https://www.oberlo.com/statistics/number-of-twitter-users-by-country ..........................5

https://www.statista.com/statistics/293771/number-of-us-instagram-users ...................5

 https://www.statista.com/statistics/408971/number-of-us-facebook-users ...................5

L.R. 5-1(h)(3), I ...................................................................................................................12

PR Newswire ................................................................................................................5, 6, 8

www.UFCFighterClassAction.com .................................................................................5, 6

I.   **INTRODUCTION**

Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury (collectively, "Plaintiffs"), on behalf of the Class, submit this memorandum of law in support of their motion (the "Motion") for approval of Plaintiffs' proposal for distribution of notice ("Notice Plan") of the pendency of the class action to the Class (defined below) pursuant to the Court's class certification order (the "Order") dated, August 9, 2023. ECF No. 839. The Motion is unopposed.

Plaintiffs' proposed Notice Plan employs a multiplicity of methods designed to ensure notice to the largest possible number of the over 1200 Class members. These include: (1) direct notice to all reasonably identifiable Class members via email and U.S. mail; (2) a targeted first-party social media campaign; (3) the issuance of a press release; (4) posted notice in notable mixed martial arts ("MMA") Gyms; and (5) the implementation of a dedicated website and toll-free hotline where Class Members can learn more about their rights and options in the litigation. The Notice Plan complies with Rule 23(c)(2)(B) and comports with due process, and is reasonably calculated to apprise class members of the pendency of this action. The proposed short-form and long-form notices (the "Notices") are attached to the Weisbrot Declaration, as **Exhibits A and B**. The proposed notice press release is attached to the Weisbrot Declaration as **Exhibit C**.

These forms of notice are intended to provide the Class with all reasonably necessary information about the Court's Order, their rights in this litigation, and describe the steps that Class members need to take to request exclusion (opt out) from the Class. The Notice Plan is the best notice practicable under the circumstances and is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, satisfying the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

## II. CASE BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs, who are professional MMA fighters who fought for the UFC, brought an antitrust action, on behalf of themselves and the now certified bout Class, against Zuffa LLC, d/b/a Ultimate Fighting Championship and UFC (the "UFC" or "Defendant"). Plaintiffs allege the UFC used an anticompetitive scheme to establish and maintain its market dominance, allowing it to pay its fighters substantially less than it would have in a more competitive market. Plaintiffs' Consolidated Amended Class Action Complaint, filed on December 18, 2015, is the operative pleading. ECF No. 208.

On August 9, 2023, the Court issued an Order certifying the Bout Class. ECF No. 839. The Order defines the Class as follows:

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017. The Bout Class excludes all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

*See* ECF No. 839, at 79. The Order also appoints the firms that had been serving as interim Co-Lead Class Counsel as Class Counsel, namely Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP. *Id.*[2]

## III. THE COURT SHOULD APPROVE PLAINTIFFS' NOTICE PLAN

Where, as here, a class is certified under Fed. R. Civ. P. 23(b)(3), courts should "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985). Notice of the pendency of the class action may be made by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). Moreover, the

---

[2] The Court also appointed the firm that had been acting as local counsel as Class Counsel as well, namely Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP. Because the principal lawyer from Wolf Rifkin left to join Kemp Jones, LLP, the Plaintiffs intend to ask the Court to substitute Kemp Jones for Wolf Rifkin.

1  class must be notified in a manner that "does not systematically leave any group without notice."
2  *Officers for Justice v. Civil Serv. Comm'n, of City & Cnty. of San Francisco*, 688 F.2d 615, 624
3  (9th Cir. 1982) (citations omitted). "[N]either Rule 23 nor the Due Process Clause requires actual
4  notice to each individual class member." *In re Apple Inc. Device Performance Litig.*, 50 F.4th
5  769, 779 (9th Cir. 2022) (citation omitted).

6  Plaintiffs' Notice Plan complies with Rule 23 and due process. It includes a long-form
7  notice (attached to the Weisbrot Declaration as **Exhibit B**) that sets out in detail reasonably
8  necessary information about the case, Class members' rights and interests (including the right to
9  opt out), and instructs Class members on how to get more information from a dedicated website
10 and toll-free phone line. The short-form notice (attached to the Weisbrot Declaration as **Exhibit**
11 **A**) similarly provides critical information to members of the Class in a more summary form, and
12 importantly directs Class members on how to get more information. Plaintiffs' Notice Plan
13 employs numerous means and methods reasonably calculated to get the forms of notice to all
14 Class members who can be identified through reasonable effort. Defendant has produced to
15 Plaintiffs a list purporting to contain the email and postal addresses of members of the Class. *See*
16 Weisbrot Declaration at ¶ 21. The Notice Plan thus contemplates direct email, and mailing notice,
17 as well as publication notice on various social media websites and at major MMA gyms. In other
18 words, in addition to direct mail and email notice, the Notice Plan is also reasonably calculated
19 to reach absent Class members at the websites they are likely to use and at the places at which
20 they train. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 70 S. Ct. 652, 94
21 L. Ed. 865 (1950) ("The means employed must be such as one desirous of actually informing the
22 absentee might reasonably adopt to accomplish it.").

23  **A. Summary of Notice Plan**

24  **1. Direct Email and Postal Notice.**

25  Courts routinely hold that notice served by U.S. mail and email to all class members
26 whose addresses are known, as Plaintiffs propose to do here, satisfies both Rule 23 (c)(2)(B) and
27 constitutional due process. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769,
28

779 (9th Cir. 2022) (notice by mail and email satisfied Rule 23 and due process); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 328 (N.D. Cal. 2018) ("*Anthem*") (same); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 452 (E.D. Cal. 2013) (notice by mail satisfied due process); *Zwicky v. Diamond Resorts Inc.*, No. CV-20-02322-PHX-DJH, 2023 WL 5751465, at *7 (D. Ariz. Sept. 6, 2023).

Here, the Notice Plan includes direct service by email of the short-form notice to Class members who have valid email addresses included on the Class List.[3] A copy of the proposed text of the short-form notice is attached to the Weisbrot Declaration as **Exhibit A.** Angeion follows best practices to both validate emails and increase deliverability. For example, to account for the likelihood that some emails will fail to be delivered during the initial delivery attempt, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. Weisbrot Declaration at ¶ 25. Angeion will cause any email address for which email notice could not be delivered to be subjected to an email change of address search in an attempt to locate updated email addresses. *Id*. at ¶ 26. Angeion will then send email notice to any updated email addresses obtained via this process. *Id*.

Plaintiffs' Notice Plan also includes direct mail notice of the long-form notice via first class U.S. Mail, postage pre-paid, to all Class Members for whom mailing addresses are included on the Class List. *Id*. at ¶¶ 28-29.

**2. Media Notice.**

In addition to the direct notice efforts, Plaintiffs' Notice Plan includes a comprehensive media notice campaign comprised of targeted social media notice via Facebook, Instagram, and

---

[3] Defendant has provided Plaintiffs with a list purporting to contain the email and postal addresses of members of the Class. Weisbrot Declaration at ¶ 21. Angeion will review and analyze the Class List and perform a thorough analysis to identify duplicative records, as well as any missing/incomplete data fields. *Id*. Angeion will then assign identification numbers to each unique record, which will comprise the final Class List to whom Angeion will send direct notice to via email and U.S. mail. *Id*.

X (formerly "Twitter"), a paid search campaign via Google, and a press release via PR Newswire. Weisbrot Declaration at ¶ 34.

### a.  Targeted Social Media Campaign.

The direct, targeted social media notice will be implemented by uploading known Class member email addresses directly to Facebook, Instagram, and Twitter, three of the largest social media platforms in the United States.[4] Weisbrot Declaration at ¶¶ 30-32. If any of the email addresses are used as the primary log-on email address for these platforms, Angeion will be able to contact those specific Class members on a one-to-one basis via internet ads displayed on these platforms. *Id*. The ads will direct the Class members to the dedicated website (www.UFCFighterClassAction.com) where they can read the letter and email notices and other documents from the case and find answers to frequently asked questions. *Id*. For Class members who do not have email addresses on the Class List, Angeion will perform research to identify their verified social media accounts on those platforms. *Id*.

### b.  Paid Search Campaign.

A paid search campaign using Google will help drive Class members who are actively searching for information about the litigation to the dedicated website activated for this administration (discussed below). *Id*. at ¶ 33. Paid search ads will complement the social media notice, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the litigation itself but also the subject matter of the class action. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the litigation or other terms related to the class action, that individual could be served with an advertisement directing them to the dedicated website. *Id*.

---

[4] In the United States in 2023, Facebook has a reported 243.58 million users, Instagram has a reported 150.99 million users, and X/Twitter has a reported 64.9 million users. *See*:
https://www.statista.com/statistics/408971/number-of-us-facebook-users
https://www.statista.com/statistics/293771/number-of-us-instagram-users
https://www.oberlo.com/statistics/number-of-twitter-users-by-country.

        **c.**      **Press Release.**

Finally, a press release will be distributed over PR Newswire (or a similar press release distribution service) to further diffuse news of the litigation. *Id*. at ¶ 34. The press release will help garner "earned media" (*i.e.*, other media outlets and/or publications will report the story) separate and apart from the notice efforts outlined herein. A copy of the press release is attached as **Exhibit C** to the Weisbrot Declaration. The press release will allow the Notice Plan to garner free media given that this case has been picked up in multiple major media outlets, including the New York Times, CNN, ESPN, Bloomberg News, and many MMA specific publications, including Bloody Elbow.

### 3. MMA Gym Notice.

In coordination with Class Counsel, Angeion will identify notable and relevant MMA Gyms (including training camps). Weisbrot Declaration at ¶ 36. A poster containing the text from the email notice (11" x 17") will be sent to each of the notable MMA Gyms that are researched and identified, along with a request to post the notice in a highly visible area where Class members are most likely to view the notice.

### 4. Dedicated Website & Telephone Support.

Plaintiffs also plan to provide additional notice through a case-specific website with the URL www.UFCFighterClassAction.com, where Class members can easily view general information about this litigation and review relevant Court documents. Weisbrot Declaration at ¶ 37. The dedicated website will be designed to make it easy for Class members to find information about the case, including dates and deadlines, and find and fill out a registration form to receive case updates, and will have a "Contact Us" page containing a dedicated email address by which Class members can send additional questions regarding the litigation. *Id*.

Additionally, a toll-free hotline devoted to this case will be created and provided on the dedicated website to further apprise Class members of the rights and options in the litigation. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Class members with responses to frequently asked questions and other essential information regarding

the litigation. Weisbrot Declaration at ¶ 39. The hotline will be accessible 24 hours a day, 7 days a week. Class members will have the ability to request a copy of the notice via the toll-free hotline. *Id*.

### B. The Notice Forms Satisfy Rule 23(c)(B) and Due Process

The content of Plaintiffs' proposed notices also satisfies the due process requirements of class notice and the standards set forth in Fed. R. Civ. P. 23(c). The proposed notices fully apprise the Class members of the nature of the class action by identifying the named Plaintiffs and providing a description of the allegations, the Class definition approved by the Court, and the Class's claims. The notices advise the Class members that they do not need to do anything further at this point to remain in the Class and will receive the benefit of any settlement or judgment but will be bound by the terms thereof and will not be able to bring any other claims arising from these allegations. The notices also advise the Class members that while they are already represented by Class Counsel they may hire their own attorney, and they may opt out of the litigation if they do not wish to be bound by it provided they notify the Court in writing of their intention to do so before the deadline but that they will not receive any compensation from any settlement or reward if they opt out.

Courts routinely approve class notices that include the information set forth above. *See e.g.*, *In re Anthem, Inc. Data Breach Litigation*, 327 F.R.D. at 328, *Zwicky*, 2023 WL 5751465, at *8; *Shao v. Muroff*, No. 1:18-CV-00295-BLW, 2022 WL 10046107, at *4 (D. Idaho Aug. 30, 2022). Plaintiffs' proposed Notice Plan satisfies the fairness standards set forth in Fed. R. Civ. P. 23. Each form of notice clearly presents all required categories of information in plain English. *See Officers for Justice*, 688 F.2d at 624; Fed. R. Civ. P. 23(c)(2)(B). And Plaintiffs' Notice Plan employs numerous means and media in order to provide the best notice practicable. *See Roes 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1947 (9th Cir. 2019) ("Publication notice has long been used as a supplement to other forms of notice, and technological developments are making it ever easier to target communications to specific persons or groups and to contact individuals electronically at little cost."). The proposed Notice Plan is the best notice that is practicable

under the circumstances. It will fully comport with due process and is compliant with Fed. R. Civ. P. 23.

### C. The Settlement Administrator has the Necessary Experience and Expertise to Ensure Notice is Provided to as Many Class Members as Possible

Plaintiffs have retained an experienced and competent notice administrator, the Angeion Group, LLC ("Angeion"). Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services. *See* Weisbrot Declaration ¶ 10. A comprehensive summary of judicial recognition Angeion has received is set forth at **Exhibit D** to the Weisbrot Declaration filed in support of this Motion.

### D. Proposed Notice Plan Schedule

Plaintiffs propose the following schedule for the Notice Plan:

Within 21 days from the date of the Court's Order approving the Notice Plan, Plaintiffs shall work with Angeion to issue the proposed Long-form Notice (Exhibit B to Weisbrot Declaration) by first class mail and the proposed Short-Form Notice (Exhibit A to Weisbrot Declaration) by email directly to all Class member for whom Plaintiffs have contact information.

Within 21 days of the Court's Order, pursuant to the Notice Plan, Plaintiffs shall work with Angeion to send Posters containing the content of the Short-form Notice to notable MMA gyms.

Within 21 days of the Court's Order, pursuant to the Notice Plan, Plaintiffs shall work with Angeion to send targeted ads to Class members' social media feeds, and shall fund a paid search campaign via Google.

Within 21 days of the Court's Order, pursuant to the Notice Plan, Plaintiffs shall work with Angeion to issue a press release via PR Newswire, alerting Class members about the issuance of notice and informing them of their rights in this matter.

The deadline for Class members to exclude themselves from the Class shall be 66 days from the date of this Court's Order approving the Notice Plan (*i.e.*, 45 days after the issuance of

notice under the Notice Plan).

The deadline for Plaintiffs to submit a declaration from Angeion confirming that the Notice Plan was executed per the Court's Order and setting forth the identities of those Class members, if any, who validly and timely opted out of the Class shall be 80 days from the date of this Order (two weeks after the opt-out date).

**IV.   CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court approve Plaintiffs' Notice Plan, including the proposed forms and manner of notice to the Class.

DATED: November 15, 2023

Respectfully Submitted,

By:    */s/ Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (admitted *pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email:  dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON &
FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

*Counsel for the Class and Attorneys for Individual and Representative Plaintiffs.*

**FILER'S ATTESTATION**

I, Joseph R. Saveri, attest that I have the original ink signature for the Declaration of Steven Weisbrot of Angeion Group, LLC Re: Angeion Qualifications and the Proposed Notice Plan in my possession.

Dated: November 15, 2023                                   By:   */s/ Joseph R. Saveri*
                                                                        Joseph R. Saveri

**CERTIFCATE OF SERVICE**

I hereby certify that on this 15th day of November, 2023 a true and correct copy of Plaintiffs' Unopposed Motion for Approval of Class Certification Notice Plan was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

By:   */s/ Joseph R. Saveri*
       Joseph R. Saveri