# Exhibit 122

Hendrick 30(b)(6) Ex. 2 (excerpted)

# Zuffa 30(b)(6) Deposition
# Topic A- Fighter Contracts

Exhibits 1 - 50

EXHIBIT: 2
WIT: K HENDRICK
DATE: 11/29/16
Kendall Heath, CCR, CSR

> **Topic 2**: Any formal or informal policies, principles, procedures, processes, or practices regarding Zuffa's use and/or negotiation of UFC Fighter Contracts, including the identity of any form templates or standard versions, whether of entire contracts or particular contractual provisions, used as part of the creation or negotiation of UFC Fighter Contracts, and the time periods for which various respective standard versions of form templates or versions were in use.

Since 2001, Zuffa's practice has been to use a standard agreement as a base in its negotiations with athletes. Periodically, Zuffa reviews the standard agreement to determine whether it is necessary to clarify the language in the agreement and to address business issues that have arisen. *See* Tabs 29-50.

Athletes and their representatives may negotiate with Zuffa regarding the particular terms or language of the agreement. Athletes commonly request the following types of changes to the standard agreement: (1) the number of bouts under the agreement; (2) the compensation paid per bout; and (3) the types of incidentals the athlete receives. On occasion, athletes also request changes in particular business terms in Zuffa's agreements. Certain managers or agents often request specific changes to Zuffa's standard agreement for all of the athletes that they represent. Zuffa is sometimes amenable to making these changes. In certain circumstances, Zuffa cannot agree to the requested terms because the proposed change affects important rights that Zuffa needs to retain under the agreement (for example, the future right to be able to use video clips from its events).

Athletes under contract with the UFC enter into some version of a Promotional and Ancillary Rights Agreement and a Bout Agreement. Most athletes also enter into a Merchandise Rights Agreement. Some athletes, however, have refused to grant Zuffa their merchandise rights and others did not execute and return Merchandise Rights Agreements.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**Champion's Clause**

The champion's clause has existed from the time Zuffa purchased the UFC.  Tab 2, ZFL-0105053.  This provision allows Zuffa to extend the Term of an athlete's agreement for one year from the Termination Date or until the date on which the athlete has participated in three bouts promoted by Zuffa.  This provision has existed in boxing and MMA agreements for many years.

Zuffa invests substantial amounts of money to promote its champions and generate public interest in the holder of a title belt.  This clause grants Zuffa the limited opportunity to retain the champions in whom Zuffa has invested heavily for a defined period of time.

Based upon our research, Zuffa believes it has only invoked the champion's clause on one occasion, with respect to the agreement with Murilo Bustamante.

The history, reason for certain changes, and examples of variations in the champion's clause are listed in Chart C on pg. 18.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

### Tolling Provisions

Tolling provisions allow Zuffa to extend the Term of an agreement for the period of time that an athlete is unable or unwilling to compete in a UFC bout.

Given the physical nature of the sport, Zuffa must have sufficient time to promote the number of bouts under each athlete's agreement. Without this provision, athletes could get injured in one bout and the remaining time in their agreements could expire before completing the number of bouts for which they contracted. It takes time to find and promote appropriate bouts. Even if an athlete is unavailable for a short period of time, it can impact Zuffa's ability to find an appropriate match-up and promote it.

Absent this provision, Zuffa would risk investing money to promote an athlete without any assurance that the athlete actually will complete the agreed-upon number of bouts. If these provisions were not in the agreement, Zuffa could be obligated to pay an athlete irrespective of whether the athlete competes in the agreed-upon number of UFC bouts. The tolling provisions merely provide Zuffa with the opportunity to promote the athlete in the number of bouts set forth in the agreement for an additional period of time equal to the amount of time the athlete is unable or unwilling to compete.

The history, reason for certain changes, and examples of variations in the tolling provisions are listed in Chart F on pg. 60.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER