Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

*Co-Lead Counsel for the Bout Class and Attorneys
for Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,**<br><br>**Defendant.** | No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S: (A) DUPLICATIVE AND UNTIMELY MOTIONS TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D., ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN UNTIMELY EXPERT DISCLOSURE (ECF NO. 929, EX. 27)** |

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S DUPLICATIVE AND UNTIMELY MOTIONS
TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D.,
ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN
UNTIMELY EXPERT DISCLOSURE (ECF NO. 929, EX. 27)

## INTRODUCTION

Defendant Zuffa, LLC ("Zuffa") just filed an untimely set of motions (the "Late Motions") under *Daubert* and Fed. R. Civ. P. 702 to exclude the testimony of three (out of four) of Plaintiffs' experts: Dr. Singer (ECF No. 929), Dr. Zimbalist (ECF No. 931), and Mr. Guy Davis (ECF No. 930). Zuffa supported its Late Motion relating to Dr. Singer with an untimely and unauthorized new expert disclosure from a fourth defense economist: the Declaration of Gregory K. Leonard, dated December 1, 2023 ("Leonard Declaration"). *See* ECF No. 929, Ex. 27. The Court should strike all three of the Late Motions and the untimely Leonard Declaration because Zuffa filed them *six years* after the Court-imposed deadlines, and despite the fact that the Court has already *adjudicated and denied Daubert*/Rule 702 motions with respect to Drs. Singer and Zimbalist. Zuffa's new lawyers' attempt to overrule several of the Court's scheduling orders and decisions in a desperate attempt at an 11th hour "do over" should be summarily rejected.[1]

Zuffa offers no legitimate justification or excuse for these late filings. The Late Motions do not directly reference the Court's prior rulings relating to Drs. Singer or Dr. Zimbalist; do not point to any errors in the Court's detailed analyses of the Plaintiffs' expert reports, testimony, or conclusions; and do not even ask for reconsideration of the Court's prior rulings. Zuffa simply pretends that it is working on a blank slate. Zuffa's gambit is breathtaking in its audacity. It has become clear that Zuffa has one goal: to delay the April 8, 2024 trial. Since entering the case, they have sought to reopen discovery in *Le*; they have tried to use discovery from *Johnson* in *Le*; and now they are trying, unilaterally, to revoke stipulations, violate the case schedule, and undo and rewrite Court orders. These efforts are disrespectful to the Court and wasteful of judicial and party resources. Plaintiffs should not be distracted from trial preparation and be forced to respond to untimely motions *that have already been fully briefed and adjudicated*.

---

[1] Plaintiffs and Zuffa's counsel met and conferred about the filing of Zuffa's Motions on November 28 and December 3, 2023, and were unable to resolve the dispute.

As this Court is well aware, the Court held a seven-day, seven-witness evidentiary hearing in August and September 2019, resulting in an order granting (in part) Plaintiffs' motion for class certification (the "Class Order" or "ECF No. 839"). In the Class Order, the Court explicitly denied Zuffa's timely motions to exclude Drs. Singer and Zimbalist, holding as follows:

> For the reasons discussed at length below and which are based upon the submissions of the parties and the expert testimony presented at the evidentiary hearings, the Court finds that the opinions of Dr. Singer and Dr. Zimbalist satisfy the *Daubert* and Federal Rule of Evidence 702 standards. Their reports, evidence, and testimony are based on accepted and reliable scientific methods and principles.

ECF No. 839 at 12-13; *see also id*. at 4, n.8 ("the Court addresses the substance of these [Zuffa's *Daubert*] motions in this instant order.").

Zuffa filed a petition to appeal the Class Order under Fed. R. Civ. P. 23(f). In that petition, Zuffa challenged, in great detail, this Court's findings and rulings with respect to Plaintiffs' experts. Many of the same arguments set forth in Zuffa's 23(f) Petition are repeated in Zuffa's revamped and late *Daubert* motions. The Ninth Circuit gave those arguments no purchase, rejecting Zuffa's 23(f) Petition on November 1, 2023. *See Le v. Zuffa,* No. 23-80074 (9th Cir.). Moreover, Zuffa has never sought reconsideration of the Court's *Daubert* rulings under Fed. R. Civ. P. 52 or 59. And it would be too late to do so now in any event.

As to Zuffa's Late Motion with reference to Guy Davis, there too, at most, the Court should reinstate Zuffa's previously filed motion (ECF No. 517), relying on the parties' extensive briefing from 2018, and resolve it at the Court's convenience. The parties are busy preparing for trial. Zuffa should not be permitted to create unnecessary and redundant work for Plaintiffs and the Court by forcing Plaintiffs to respond to previously filed, fully briefed, *and decided* motions or to have Plaintiffs' experts respond to a fourth defense economist appearing on the eve of trial. Accordingly, Zuffa's three Late Motions and new expert report should be stricken as untimely,

unauthorized, vexatious, and otherwise improper.[2]

**ARGUMENT**

The Court should exercise its discretion to strike Zuffa's Late Motions and untimely expert disclosure. "Whether to grant a motion to strike lies within the sound discretion of the district court." *Dinkins v. Schinzel*, 2018 WL 11478086, at *1 (D. Nev. Aug. 10, 2018) (citing *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013)). *See also Clardy v. Gulick*, 772 F. App'x 451 (9th Cir. 2019) ("We review for an abuse of discretion a ruling on a motion to strike.") (citing *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990)). "Additionally, the Court may strike an improper filing under its 'inherent power over the administration of its business.'" *Dinkins*, 2018 WL 11478086, at *1 (quoting *Spurlock v. F.B.I*, 69 F.3d 1010, 1016 (9th Cir. 1995)). "Similar to Rule 12(f) motions to strike, striking material under the Court's inherent power is wholly discretionary." *Id.* (citing *Almy v. Davis*, 2014 WL 773813, at *4–5 (D. Nev. Feb. 25, 2014)).

The Court may be forgiven for having a sense of déjà vu. As this Court is undoubtedly aware, based on a party stipulation, the Court set October 27, 2017 as the deadline for Zuffa to serve its Fed. R. Civ. P. 26 expert disclosures in this matter on all issues relating to class *and* merits. *See* ECF No. 432 (setting a single expert disclosure deadline and not distinguishing between class and merits expert disclosures). Consistent with the operative Scheduling Order at the time, the parties served opening, opposition, and rebuttal expert disclosures on all issues in the case in 2017. The Court set February 16, 2018—nearly six years ago—as the deadline for filing all *Daubert*/FRE 702 motions in the case. *See* ECF No. 513 (Jan. 10, 2018 Scheduling

---

[2] Plaintiffs' oppositions to the Late Motions are due by Local Rule on December 22, 2023. In the event that the Court would like additional briefing from Plaintiffs regarding Zuffa's Late Motions, Plaintiffs request that the Court establish a briefing schedule, accounting for the onset of the holiday season, the need to have Plaintiffs' experts address Zuffa's entirely new expert disclosure, as well as the need to devote their time and attention to preparation for the imminent trial.

Order). As required by the then-operative Scheduling Order, Zuffa filed three *Daubert* motions on February 16, 2018 (Motion to Exclude Expert Testimony of Guy Davis (ECF No. 517); Motion to Exclude Expert Testimony of Dr. Andrew Zimbalist (ECF No. 522); Motion to Exclude Expert Testimony of Dr. Hal Singer (ECF No. 524)). Zuffa never once intimated that these motions pertained only to "class issues." These motions were fully briefed in 2018.

On September 27, 2018, the Court denied Zuffa's three *Daubert* motions without prejudice (ECF No. 600), stating "The Court will consider the arguments in the [*Daubert*] Motions and Responses in its review of the Motion to Certify Class . . ." Subsequently, on September 9, 2019, at the Court's request, the parties filed a Joint Letter re Outstanding Motions as of August 30, 2019 (ECF No. 736) (the "Letter"). The Court had asked that the parties jointly file a letter to inform the Court of the "outstanding issues or motions that the court should address." ECF No. 734, Tr. 172:12-13. In the Letter, the parties identified Zuffa's three *Daubert* Motions, ECF Nos. 517, 522, 524, as motions or issues that the Court should address, stating "Zuffa reasserted certain *Daubert* motions at the [Class] Hearing, Class Hrg. Tr. Vol. 4-170:4-13. It is Plaintiffs' position that the Court denied the portion of Zuffa's *Daubert* Motion concerning Dr. Zimbalist's use of certain types of yardstick models (ECF No. 522). Class Hrg. Tr. Vol. 4-170:11-24. It is Zuffa's position that the entirety of all three *Daubert* motions should be decided by the Court." ECF No. 736 at 2. Since that time Zuffa has never once asked—nor indicated an intent—to request modifications to the schedule or to file amended or new *Daubert* motions.

On August 9, 2023, after a seven-day evidentiary hearing involving testimony from six experts (including Drs. Singer and Zimbalist) and one percipient witness, the Court in the Class Order (ECF No. 839 at 12) denied Zuffa's *Daubert* motions as to Dr. Singer and Dr. Zimbalist, finding that "[t]heir reports, evidence, and testimony are based on accepted and reliable scientific methods and principles." *Id. See also id.* at 4, n.8 ("the Court addresses the substance of these [Zuffa's *Daubert*] motions in this instant order."). Zuffa filed a petition to appeal this Court's

4

Case No.: 2:15-cv-01045-RFB-BNW

Class Order under Fed. R. Civ. P. 23(f). The Ninth Circuit denied Zuffa's 23(f) Petition on November 1, 2023. *See Le v. Zuffa,* No. 23-80074 (9th Cir.).

Zuffa's Late Motions make new and recycled arguments about Plaintiffs' expert reports and analyses—work that was completed in 2018—without any legitimate justification or authorization. And Zuffa's Late Motions are accompanied by a brand-new expert report from a previously undisclosed expert economist. These Motions, and that expert disclosure, are in direct violation of the Court's prior scheduling orders—they are late by nearly six years. They are also contrary to the law of the case and lack any substantive merit. Zuffa has never attempted to amend any scheduling order to seek to leave to refile *Daubert* motions, nor could it because there could be no merit to such a request. Nor has Zuffa sought reconsideration under Fed. R. Civ. P. 52 or 59 of the Court's prior rulings that Plaintiffs' experts satisfy *Daubert* and Fed. R. Evid. 702. Further, as with respect to other matters, Zuffa offers no justification for such lack of diligence. Ultimately, these filings are a misguided stunt seeking to force the parties and the Court to take their focus from trial preparation, needlessly multiply and duplicate the proceedings, and raise the parties' costs.

Zuffa offers three weak attempts at fig leaf justifications for its Untimely Late Motions and expert disclosure. Each is more absurd than the next.

First, Zuffa argues that the Court's *Daubert* rulings were for class purposes only. *See* Late Singer Motion, ECF No. 929 at 12 of 32, n.5. Having not lived this case, Zuffa's new lawyers may perhaps be unaware of the relevant facts. This case did not bifurcate class and merits. The parties agreed upon, and the Court imposed, a schedule that had: (a) a single class and merits fact discovery period; (b) a single class and merits expert disclosure and discovery period; and (c) a single class and merits *Daubert* motion deadline. ECF No. 432; ECF No. 513. Those deadlines all came and went in 2017 and 2018, respectively.

Moreover, in its Opening Brief re the Standards for the Evidentiary Hearing on Class Certification (Jan. 9, 2019), Zuffa argued that the Court had to resolve *Daubert* on the merits

prior to certifying the class, stating: "expert testimony must meet the standards of *Daubert*. *Daubert* objections of the type presented here go directly to the substance of the testimony and are not, at this late stage, correctable. It is difficult to see any circumstance in which an expert opinion that cannot pass muster under *Daubert* could support class certification—not merely because it would be inadmissible, but because it would be inherently unpersuasive." ECF No. 634 at 7 of 16. Zuffa not only declined to distinguish between Daubert at the class stage and Daubert at the merits stage, it went on to argue that the standard by which a court must assess expert opinions for class certification is even more rigorous than FRE 702 and *Daubert*, asserting that "Determining whether that evidence is admissible—under *Daubert* or otherwise—is a subsidiary step that does not, under binding Ninth Circuit and Supreme Court case law, substitute for that persuasiveness inquiry." ECF No. 634 (1/19/19) at 13 of 16. On the eve of the class certification hearing, Zuffa demanded "that the entirety of all three *Daubert* motions should be decided by the Court." ECF No. 736 at 2. Again, it did not then distinguish between "class" and "merits," but instead took the position that the Court needed to decide Zuffa's *Daubert* motions on the merits before resolving class certification—in Zuffa's view, resolving Zuffa's *Daubert*/FRE 702 motions was a necessary "subsidiary step" in the class certification analysis.

What follows is familiar to the Court. After holding a lengthy evidentiary hearing, the Court granted Zuffa's wish: it ruled on the merits of Zuffa's *Daubert* motions, holding in no uncertain terms: "For the reasons discussed at length below and which are based upon the submissions of the parties and the expert testimony presented at the evidentiary hearings, the Court finds that the opinions of Dr. Singer and Dr. Zimbalist satisfy the *Daubert* and Federal Rule of Evidence 702 standards. Their reports, evidence, and testimony are based on accepted and reliable scientific methods and principles." ECF No. 839 at 12-13; *see also id*. at 4, n.8 ("the Court addresses the substance of these [Zuffa's *Daubert*] motions in this instant order." ECF No. 839 at 4, n.8. Also, consistent with Zuffa's position relating to the standards, the Court went

further and found Plaintiffs' experts not just reliable, but also persuasive, and found that Zuffa's experts were not.[3]

Zuffa itself told the Ninth Circuit in Zuffa's 23(f) Petition that that this Court, in fact, *did decide the merits* of Zuffa's *Daubert* motions:

> The court accepted Dr. Singer's wage-share analysis and rejected Zuffa's arguments that a model must show an anticompetitive impact on actual compensation (i.e., wage levels below what are paid in a competitive market). *See id.* [ECF No. 839] at 54-56. The court also accepted Dr. Singer's foreclosure-share analysis as measured by all athletes with exclusive contracts over 30 months. *See id.* at 57-58. Finally, the court rejected Zuffa's arguments that Dr. Singer's model could not establish a classwide impact given the individualized pay negotiations, and it concluded that 'documentary evidence' of a compensation structure '*separately and independently* establishes class-wide impact.' *Id.* at 64.

 Zuffa's 23(f) Petition, Aug. 23, 2023, at 8-9. In short, Zuffa filed *Daubert* motions on the merits in 2018 under the operative Scheduling Order. It took the position before the Court that deciding *Daubert* on the merits was a "subsidiary step" in deciding class certification. It demanded that its *Daubert* motions be decided in connection with class certification. The Court then, after much process, resolved Zuffa's *Daubert* motions on the merits just as Zuffa had demanded. After that, Zuffa unsuccessfully complained to the Ninth Circuit that the Court did exactly what Zuffa had asked that it do with respect to process. Zuffa cannot now rewrite history simply because the

---

[3] *See* ECF No. 839 at 41 ("the Court explicitly reject[ed] Defendant's expert opinion on procompetitive rationales," among other things); *see also id.* at 28 (rejecting arguments of defendant and defendant's expert regarding Defendant's market dominance); *id.* at 53 (Dr. Topel's "model [is] unpersuasive" and "failed to test the proposition at the heart of Plaintiffs' model"); *id.* at 555-56 (defendant's critiques conflict with their own independent work); *id.* at 58 ("continually applies the wrong standard"); *id.* at 59 (Dr. Topel's argument is a "red herring"); *id.* at 60 (rejecting Dr. Topel's application of the Chow test); *id.* at 69 (challenge to use of benchmarks); *id.* at 65 ("do not present a convincing challenge"); *id.* at 70-71 (challenges to damage model).

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S DUPLICATIVE AND UNTIMELY MOTIONS TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D., ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN UNTIMELY EXPERT DISCLOSURE (ECF NO. 929, EX. 27)

1    outcome on the merits was not to its liking.[4]

2         Second, Zuffa argues that even though the Court's Class Order states explicitly that it

3    denied Zuffa's *Daubert* motions as to Drs. Singer and Zimbalist, those words somehow do not

4    have the force of law because the section of the Order called "Conclusion" "does not include a

5    denial of that motion." *See* ECF No. 929 at 12 of 32, n.5. This argument is frivolous. ECF No.

6    839 is entitled "Class Order." Every word in it is part of that Order. It is not broken down into

7    "the parts that count" and "the parts that do not." It all counts.[5]

8         Third, Zuffa appears to assert that a recent amendment to Fed. R. Civ. P. 702 justifies its

9    Late Motions. But Zuffa concedes, as it must, that "the amendment 'is not a sea change but

10   rather an amplification of existing FRE 702 standards.'" ECF No. 929 at 13 of 32, quoting *In re*

11   *Google Play Store Antitrust Litig.*, 2023 WL 5532128, *5 (N.D. Cal. Aug 28, 2023). And Zuffa

12   does not reckon with the fact that the Court's Order denying two of Zuffa's three *Daubert*

13   motions is law of the case. "Under [the law of the case] doctrine a court is generally precluded

14   from reconsidering an issue that has already been decided by the same court, or a higher court in

15   the identical case." *Thomas v. Bible*, 983 F. 2d 152, 154 (9th Cir. 1993) (citing *Milgard*

16

17   _____

     [4] Zuffa's citation to *In re Google Play Store Antitrust Litig.*, 2023 WL 5532128 (N.D. Cal. Aug
18   28, 2023), ECF No. 929 at 14 of 32, does not help it. Unlike in this case, the schedule in *Google
     Play* bifurcated class and merits expert reports. It provided for class reports to come first, and
19   then for merits expert reports to be submitted later. The court in *Google Play* certified the class
     based on the class expert reports. Subsequently, and unlike here, the Ninth Circuit granted
20   Google's petition for appeal under Fed. R. Civ. P. 23(f). Then, upon the filing of a timely-filed
     *Daubert* motion, on the strength of timely-served defense reports as to a timely-served merits
21   expert report, the district court granted the *Daubert* motion while the granted Ninth Circuit
     petition for review was pending. That is *nothing like this case* where 23(f) was denied; where
22   class and merits were not bifurcated; where Zuffa's *Daubert* motion is five years late; and where
     trial is imminent.
23

24   [5] Plaintiffs note that the "Conclusion" of the Class Order also does not include statements
     indicating that that the Court: (a) declined to certify the Identity Class; or that it (b) found that
25   certain of the named Plaintiffs had standing to bring injunctive relief claims but declined to
     certify at that time an injunctive relief class under Fed. R. Civ. P. 23(b)(3) or 23(b)(2). ECF No.
26   839 at 79-80. Is it Zuffa's position that these rulings contained in the Class Order are also a
     nullity?
27
                                                     8
                                                                        Case No.: 2:15-cv-01045-RFB-BNW
28   _____

1   *Tempering, Inc. v. Selas Corp. of America*, 902 F. 2d 703, 715 (9th Cir.1990)). "For the doctrine

2   to apply, the issue in question must have been 'decided either expressly or by necessary

3   implication in [the] previous disposition.'" *Id*. (quoting *Milgard*, 902 F.2d at 715). The law of the

4   case doctrine applies to opinions regarding *Daubert* motions.[6]

5          Here, the Court has denied Zuffa's *Daubert* motions against Dr. Singer and Dr.

6   Zimbalist. ECF No. 839 at 12-13. The changes to Fed. R. Evid. 702 are not intervening

7   controlling authority that could justify reconsideration. "The 'intervening controlling authority'

8   exception applies if there is a binding 'opinion directly on point and *irreconcilable* with the

9   earlier decision in the period between the first and second decisions of the lower court.'" *United*

10  *States ex rel. Godecke v. Kinetic Concepts, Inc*., No. CV086403GHKAGRX, 2016 WL

11  11673222, at *5 (C.D. Cal. Nov. 16, 2016) (quoting 3-30 Moore's Manual—Fed. Practice &

12  Proc. § 30.31) (italics added). Where the authority is not both directly on point and irreconcilable

13  with a Court's prior order it does not disturb the law of the case. "The law of the case doctrine

14  indeed either permits or requires trial courts to 'ignore' intervening Supreme Court decisions

15  defining the law at issue when the Supreme Court decision is reconcilable with the trial court's

16  prior order." *Kidd v. Mayorkas*, 645 F. Supp. 3d 961, 967 (C.D. Cal. 2022) (citing *Godecke* at 5).

17         As Zuffa concedes, the amendment to FRE 702 was an "amplification" and "not a sea

18  change." ECF No. 929 at 13 of 32. Effective as of December 1, 2023, the amended rule requires

19  a court to find that it is "<u>more likely than not</u>" that the expert has satisfied the requirements of

20  Rule 702(a-d), and that the "<u>expert's opinion reflects a reliable application of</u> the principles and

21  methods to the facts of the case." Fed. R. Evid. 702 (underlining reflects new text). The Advisory

22  Committee on Evidence Rules has explained that the "more likely than not" standard "is

23  substantively identical to 'preponderance of the evidence'"—which the Court found satisfied

24

25  ───────────────

    [6] *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co*., No. 11-CV-01846-LHK, 2016 WL 524904, at *2

26  (N.D. Cal. Feb. 10, 2016) ("The Court's prior rulings on the parties' *Daubert* motions, motions *in limine*, discovery disputes, and evidentiary objections will [re]main in effect as law of the case.

27  The parties may not relitigate these issues.").

28

PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S DUPLICATIVE AND UNTIMELY MOTIONS
TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D.,
ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN
UNTIMELY EXPERT DISCLOSURE (ECF NO. 929, EX. 27)

here.[7] In short, Zuffa has not asked for reconsideration of the Court's prior *Daubert* rulings. And

even if it had, the Court's *Daubert* rulings are law of the case, and nothing about the amendment

to FRE 702 could possibly justify reconsideration of the Court's prior rulings or provide any

basis for Zuffa to file new, untimely motions and a new expert disclosure.[8]

---

[7] Report of the Advisory Committee on Evidence Rules, May 15, 2022, at 7 (available for download at https://www.uscourts.gov/file/73257/download). Here, the Court's findings satisfy the new standards: "Plaintiffs have persuaded the Court by a preponderance that they can establish class-wide impact and injury through quantitative and qualitative data. Dr. Singer's regression model, supplemented by documentary evidence, is compelling and capable of proving class-wide antitrust impact, notwithstanding Defendant's arguments." *See, e.g.*, ECF No. 839 at 66. *See also id.* at 70 ("The Court reiterates its finding that Plaintiffs have established *by a preponderance of the evidence* that they can identify, through the various regression models of Dr. Singer, *and the accompanying qualitative data in the record*, damages directly derived and arising from the alleged antitrust conduct alone." (italics added)).

[8] Zuffa's claim that new information regarding Dr. Singer, ECF No. 929, 14 of 32, provides grounds for filing its Late Motions is frivolous. First, the reason Dr. Singer's merits report was excluded in part in *Google Play* has nothing to do with his analyses in this case. In *Google Play*, unlike here, the plaintiffs did not perform standard regression analyses to show harm to the tens of millions of class members. *Google Play*, 2022 WL 17252587 at *6-*7. Dr. Singer there relied instead on different and unusual models—a logit model and a consumer subsidy model, neither of which is at issue here where Dr. Singer used standard regression modelling. Second, Zuffa argued extensively to the Ninth Circuit in its 23(f) Petition in *Le v. Zuffa* that *Google Play* warranted an interlocutory appeal in this case, and the Ninth Circuit was unpersuaded by that argument. Third, Dr. Singer continues to be one of the leading economic experts in antitrust matters within and outside of federal courts. For instance, on the strength of Dr. Singer's testimony, a court within the Ninth Circuit, after *Google Play* was decided, granted class certification in an antitrust class action. *See, e.g.*, *Simon and Simon, PC v. Align Technology, Inc.*, No. 20-cv-03754-VC, ECF No. 369 (N.D. Cal. Nov. 29, 2023) (granting class certification in Section 2 antitrust case and finding Dr. Singer's analyses reliable). Multiple previous courts have done so as well. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2017 WL 679367 (N.D. Cal. Feb. 21, 2017) (order granting motions for class certifications and denying *Daubert* motions); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 665 (N.D. Ga. 2016) (granting motion to certify class based on Dr. Singer's analyses); *Johnson v. Ariz. Hosp. and Healthcare Assoc.*, 2009 WL 5031334 (D. Ariz. July 14, 2009) (granting in part motion for class certification); *Natchitoches Parish Hosp. Serv. Dist. v. Tyco Intl., Ltd.*, 262 F.R.D. 58 (D. Mass. 2008) (granting motion to certify class); *Se. Miss. Hosp. & St. Francis Med. Ctr. V. C.R. Bard*, 2008 WL 4372741 (E.D. Mo. Sept. 22, 2008) (granting in part motion for class certification); *Meijer, Inc. v. Abbott Labs.*, 2008 WL 4065839 (N.D. Cal. Aug. 27, 2008) (order granting plaintiffs' motion for class certification).

In sum, Zuffa is not entitled to violate the Court's Scheduling Orders and file new motions and a brand-new expert disclosure on the eve of trial simply because, more than five years later, it is dissatisfied with the outcome of its prior iterations of the same motions. For the foregoing reasons, Plaintiffs respectfully request that the Court strike Zuffa's Late Motions and the untimely Expert Declaration of Gregory K. Leonard. In the alternative, in the event the Court wishes more briefing on *Daubert* or FRE 702 issues, Plaintiffs ask that the Court set a schedule that provides Plaintiffs sufficient time to address the new arguments and new disclosure, taking account of the onset of the holiday season as well as the need to devote attention to preparation for the imminent trial.

DATED: December 11, 2023

Respectfully Submitted,

By:     */s/ Eric L. Cramer*

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (admitted *pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

11

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher K. L. Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverulawfirm.com
Email: imoradi@saverilawfirm.com

*Co-Lead Counsel for the Class and Attorneys for
Individual and Representative Plaintiffs*

1  Don Springmeyer (Bar No. 1021)
   KEMP JONES, LLP
2  3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 89169
3  Telephone: + 1 (702) 385-6000
   Facsimile: + 1 (702) 385-6001
4  Email: dspringmeyer@kempjones.com

5  *Liaison Counsel for the Class and Attorneys for*
   *Individual and Representative Plaintiffs*
6

7  Robert C. Maysey (pro hac vice)
   Jerome K. Elwell (pro hac vice)
8  WARNER ANGLE HALLAM JACKSON &
   FORMANEK PLC
9  2555 E. Camelback Road, Suite 800
   Phoenix, AZ 85016
10 Telephone: +1 (602) 264-7101
   Facsimile: +1 (602) 234-0419
11 Email: rmaysey@warnerangle.com
   Email: jelwell@warnerangle.com
12
   Crane Pomerantz (Bar No. 14103)
13 CLARK HILL PLC
   1700 S. Pavilion Center Drive
14 Suite 500
   Las Vega, NV 89135
15 Telephone: +1 (702) 697-7545
   Email: cpomerantz@clarkhill.com
16
   *Counsel for the Class and Attorneys for Individual and*
17 *Representative Plaintiffs.*

18

19

20

21

22

23

24

25

26

27                              13
                                                Case No.: 2:15-cv-01045-RFB-BNW
28

1

**<u>CERTIFICATE OF SERVICE</u>**

2    I hereby certify that on this 11th day of December, 2023 true and correct copies of

3  PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S DUPLICATIVE AND

4  UNTIMELY MOTIONS TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS'

5  EXPERTS HAL J. SINGER, PH.D., ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS

6  (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN UNTIMELY EXPERT

7  DISCLOSURE (ECF NO. 929, EX. 27) were served via the District Court of Nevada's ECF

8  system to all counsel of record who have enrolled in this ECF system.

9

10                                           */s/ Eric L. Cramer*
                                             Eric L. Cramer

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

14

Case No.: 2:15-cv-01045-RFB-BNW

28

PLAINTIFFS' MOTION TO STRIKE DEFENDANT ZUFFA, LLC'S DUPLICATIVE AND UNTIMELY MOTIONS
TO EXCLUDE THE EXPERT OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D.,
ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS (ECF NOS. 929, 930, 931); AND (B) SUBMISSION OF AN
UNTIMELY EXPERT DISCLOSURE (ECF NO. 929, EX. 27)
