WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA R. WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendant Zuffa, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ZUFFA, LLC'S MOTIONS TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERTS HAL J. SINGER, PH.D., ANDREW ZIMBALIST, PH.D., AND GUY A. DAVIS; AND TO EXCLUDE THE DECLARATION OF DEFENSE EXPERT DR. GREGORY K. LEONARD** |

**INTRODUCTION**

Plaintiffs' Motion to Strike, ECF No. 933 ("Mot."), reveals that Plaintiffs are desperate to prevent the Court from considering developments over the last five years that further prove their lead expert's opinions are a sham. In the last few years, another court caught Plaintiffs' main expert—Dr. Hal J. Singer—trying to pass off "inflated results" to support monopsony plaintiffs in another case. *Conrad v. Jimmy John's Franchise, LLC*, 2021 WL 718320, at *16-17 (S.D. Ill. Feb. 24, 2021). Over that same time, at least three other courts have also excluded his opinions, including because they do not "give the jury a sound basis on which to make a reasoned and reasonable judgment about antitrust impact and damages," *In re Google Play Store Antitrust Litigation*, 2023 WL 5532128, at *9 (N.D. Cal. Aug. 28, 2023)—just as Zuffa has shown in this case. The same expert that revealed Dr. Singer's errors in one of those recent cases has confirmed that Dr. Singer's analysis is fatally flawed here as well. And since Zuffa filed its prior motions to exclude, the Federal Rule of Evidence governing expert testimony has been amended to make unambiguously clear that it is the court's responsibility, not that of a jury, to screen out the type of junk science that Plaintiffs have proffered here. Those amended rules also make clear that the arguments that Plaintiffs made in opposition to Zuffa's prior motions are wrong—and arguments like those made by Plaintiffs before are precisely why Federal Rule of Evidence 702 was amended. Zuffa's prior motions were not resolved on the merits by the Class Certification Order—and certainly not under the operative Rule 702. The Court should consider those motions now with the benefit of recent events that demonstrate the fatal errors requiring exclusion of Plaintiffs' experts' testimony from trial, including the expert declaration of Dr. Gregory Leonard (the admissibility of which is judged under a standard that Plaintiffs' Motion does not even discuss).

Plaintiffs have no basis to request that this Court strike Zuffa's Motions to Exclude Drs. Singer and Zimbalist and Mr. Davis, ECF Nos. 929-31 (together "Motions to Exclude"), the testimony of Plaintiffs' experts Drs. Singer and Zimbalist and Mr. Davis as "untimely" and "duplicative." As Plaintiffs admit, Zuffa initially filed similar motions in 2018, but the Court denied them only as "premature" and did so "without prejudice." Minute Or., ECF No. 600. Plaintiffs acknowledge that the Court has never adjudicated the motion as to Mr. Davis, and their

claim that the Court decided the motions as to Drs. Singer and Zimbalist as part of the class certification decision is wrong. The Court never issued an order on those motions and explicitly instructed the parties that "its findings in this order are not meant to be dispositive *as to any factual dispute beyond class certification*." Class Cert. Op. at 21 n.21, ECF No. 839 (emphasis added). As the prior motions regarding these experts were denied only "without prejudice," ECF No. 600, Zuffa is fully entitled to renew these motions before trial so that the Court can issue necessary rulings as to the admissibility of this testimony. The Court should deny Plaintiffs' Motion to Strike.

## ARGUMENT

### I. ZUFFA'S MOTIONS ARE NOT "DUPLICATIVE" BECAUSE THIS COURT DID NOT DECIDE ZUFFA'S PRIOR DAUBERT MOTIONS

Plaintiffs' request that this Court strike Zuffa's Motions to Exclude the opinions of Drs. Singer and Zimbalist and Mr. Davis because they were previously adjudicated is wholly unsupported by the record in this case. Mot. at 1-2. As Plaintiffs concede, Zuffa initially filed motions to exclude the opinions of these proffered experts on February 16, 2018, consistent with the then-governing schedule in the case. *Id.* at 3-4. The Court denied those motions *without prejudice* on September 27, 2018, and explained that it would consider the arguments as part of the Court's review of the Motion to Certify the Class. *Id.* (citing Minute Or., ECF No. 600). However, following that denial without prejudice, the Court did not adjudicate those motions. Zuffa is entitled to renew them now—and the Court should decide them under the current governing law given the amendment to Rule 702.

Plaintiffs do not even try to argue that the Court has resolved Zuffa's prior motion to exclude the testimony of Mr. Davis. Plaintiffs have no basis to claim that the motion to exclude Mr. Davis' testimony is duplicative in any way, and their motion to strike it strains good faith. In fact, their only complaint seems to be that they do not want to take the time to oppose the motion because they purportedly have other things on which they would prefer to work. Mot. at 2. As a remedy, they ask this Court to force the parties to reuse their prior briefing, strike Zuffa's current motion to exclude Mr. Davis based on current law, and resolve the motion-to-exclude filed in 2018

"at the Court's convenience." *Id.* But Plaintiffs have no legal basis for (and cite no case law to support) this request.[1] Doing so would mean that the Court would not have the benefit of briefing regarding the current version of Rule 702 of the Federal Rules of Evidence.

While the Class Certification Opinion did discuss Zuffa's *Daubert* criticisms at class certification of Drs. Singer and Zimablist, Plaintiffs are wrong that the Opinion "explicitly denied" those motions. *Id.* Plaintiffs point to a statement made in the Class Certification Opinion that the opinions of Drs. Singer and Zimbalist satisfy the *Daubert* and Rule 702 standards. *Id.* (citing ECF No. 839 at 12-13). While that statement is accurately cited, it is not proof that the Court adjudicated these motions on the *merits*.

In its decision, the Court made clear that it was considering Zuffa's *Daubert* challenges to the extent that resolving those issues are "necessary to the certification of the respective class." ECF No. 839 at 12; *see also id.* at 52 (addressing criticisms of plaintiffs' experts "to the extent necessary for the determination of certification…"). And prior to that, the Court ordered that it "is not required to determine the admissibility of evidence in ruling on the . . . Motion to Certify nor does such evidence have to be admissible for consideration of the Court." ECF No. 600. The Court then held that "its findings in this order are not meant to be dispositive ***as to any factual dispute beyond class certification***." ECF No. 839 at 21 n.21 (emphasis added). The Court explained that "[w]hen the Court indicates here that Plaintiffs or Defendant have 'established' a particular fact or position, this simply means that they have satisfied the necessary legal threshold in the context of determining class certification as set forth in *Olean*." *Id*. (citing *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 667-68 (9th Cir. 2022)). Specific to Dr. Singer, the Court also ruled that "at this stage" (i.e., class certification) concerns "about the categorization or definitions of data Dr. Singer used" and his variable choices go to "matters of weight and probative value for a jury to evaluate," not to admissibility. *Id.* at 51 (citation omitted).[2]

---

[1] The process Plaintiffs propose with respect to Mr. Davis is, notably, not the process the parties are following with respect to Zuffa's summary judgment motion.

[2] Plaintiffs repeatedly argue that Zuffa did not intend its motions to be limited to "class issues." Mot. at 4, 6. But that is immaterial to the fact that the Court's holdings related to Zuffa's motions appear to be limited to those issues necessary to resolve the class certification motion. And, the law has been clarified in any event.

1    These limited holdings are entirely consistent with the Court's prior decision in September
2 2018, in which it initially denied the motions to exclude the testimony of Drs. Singer and Zimbalist
3 as "premature." ECF No. 600.  The Court explained that while it would "consider the arguments"
4 as part of class certification, "the Court is not required to determine the admissibility of evidence
5 in ruling on the Motion to Certify Class nor does such evidence have to be admissible for
6 consideration by the Court." *Id*.  The Court cited to *Sali v. Corona Regional Medical Center*, in
7 which the Ninth Circuit ruled that the "manner and degree of evidence required at the preliminary
8 class certification stage is not the same as at the successive stages of the litigation," and that class-
9 certification orders may be "amended before final judgment."  889 F.3d 623, 631, 633 (9th Cir.)
10 (citations omitted), *superseded by*, 909 F.3d 996 (9th Cir. 2018).  Moreover, the Order concluding
11 the Class Certification Opinion does not include a denial of these motions, *see* ECF No. 839 at 79-
12 80, and the only resolutions entered on the docket are the prior "without prejudice" decisions.[3]

13    Plaintiffs' claim that Zuffa has changed positions and previously argued to the Ninth
14 Circuit that this Court resolved Zuffa's *Daubert* motions is also not supported by the record.  The
15 quote from Zuffa's Federal Rule of Civil Procedure 23(f) Petition cited by Plaintiffs at page 7 of
16 their Motion does not argue that the Court adjudicated the three motions (it did not).  Instead, Zuffa
17 merely detailed to the Ninth Circuit the class-certification-related expert holdings contained in the
18 Class Certification Opinion.

19    Zuffa has no intention of delaying this case and will be ready for trial on April 8, 2024,
20 should Plaintiffs' claims survive summary judgment and if the class notice and opt-out process has
21 concluded.  However, the parties cannot effectively prepare for any trial unless they know what
22 expert evidence will be admitted and excluded.  This Court must resolve the three outstanding
23 *Daubert* motions before trial to provide that necessary guidance for the parties and to ensure that
24 it fulfills its gatekeeping obligations given the recent amendments to Rule 702.

---

[3] The Court's Class Certification Opinion was also issued prior to the effective date of the amendments to Rule 702 and the Court will, of course, want to decide whether Plaintiffs' expert opinions satisfy amended Rule 702.

## II. THE MOTIONS PROVIDE THE COURT THE OPPORTUNITY TO CONSIDER ZUFFA'S *DAUBERT* CHALLENGES UNDER THE PROPER RULE 702 STANDARDS

Zuffa's three *Daubert* motions also allow the Court the opportunity to decide these critical issues consistent with the newly amended Federal Rule of Evidence 702 (effective December 1, 2023).[4] The amendment "clarifies that an expert witness's opinion testimony is admissible" only if "the proponent demonstrates to the court that it is more likely than not that the proposed testimony satisfies" all elements of Rule 702, including that the testimony "is based on sufficient facts or data" and "is the product of reliable principles and methods." *Google Play Store*, 2023 WL 5532128, at *5 (citation omitted). The amendment also refines the last Rule 702 element (Rule 702(d)), to require that an expert opinion "reflects a reliable application of the principles and methods to the facts of the case." *Id.* at *5 (citation omitted).

Plaintiffs try to sidestep the importance of this amendment by claiming that the amendment does nothing more than employ a "more likely than not" standard that has already been satisfied here. Mot. at 9-10. That argument misses the critical impact of this amendment on this case. This amendment arose because the Advisory Committee on Evidence Rules detected a "pervasive problem" of courts delegating to the jury the judicial responsibility of critically screening expert testimony. *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283-84 (4th Cir. 2021) (quoting Advisory Comm. on Evidence Rules, Agenda for Committee Meeting 17 (Apr. 30, 2021)). Because "expert evidence can be both powerful and quite misleading," *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 595 (1993) (quotation omitted), Rule 702 imposes a "special obligation" on trial courts to act as a "gatekeeper" of expert testimony, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The "proper exercise of that gatekeeping function is critically important." *Jinro Am. Inc. v. Secure Invs.*, 266 F.3d 993, 1005 (9th Cir.), *amended on denial of rehr'g*, 272 F.3d 1289 (9th Cir. 2001). But as the Advisory Committee explained, "unfortunately many courts have held that the critical question of the sufficiency of an expert's basis [for his testimony], and the application of the expert's methodology, are generally questions of weight and not admissibility." *Sardis*, 10 F.4th at 284. The amendment "reject[s]" that

---

[4] *See* Decl. Ex. 20, Letter, U.S. Supreme Court (Apr. 24, 2023), ECF No. 932-21.

1 "incorrect application of Rules 702 and 104(a)," *id.*, and "emphasize[s] that each expert opinion
2 must stay within the bounds of what can be concluded from a reliable application of the expert's
3 basis," Proposed Amendment to Federal Rule of Evidence 106, 615, & 702, 344 F.R.D. 850, 857-
4 58 (Oct. 19, 2022).

These amendments are directly contrary to the types of arguments that Plaintiffs made and the Court adopted in considering Zuffa's criticisms of Drs. Singer and Zimbalist's opinions with regard to class certification. Plaintiffs repeatedly invited this Court to ignore the deficiencies in each expert's work and instead leave the consideration of any flaws for the jury to "weigh." In the Consolidated Opposition to Zuffa's Motions to Exclude Drs. Singer and Zimbalist, for example, Plaintiffs argued that Zuffa could not challenge any assumptions or findings that Dr. Singer made in building his model because that was a dispute reserved for the jury. ECF No. 534 at 22 n. 43; *see also id*. at 39, 41 (criticisms about omitted variables pertain to weight, not admissibility). Similarly, Plaintiffs sought to shield criticism about the appropriateness of both Dr. Singer and Dr. Zimbalist's "yardsticks" as "a question of fact for the jury." *Id*. at 56 (citation omitted); *see also id*. at 59 n.108. Plaintiffs further claimed that any dispute about an expert opinion's "factual underpinnings" as well as the "degree of relevance or accuracy" of the opinion was reserved for the jury as well. *Id*. at 38, 40.

Throughout the Class Certification Opinion, the Court repeatedly assessed Zuffa's challenges to Drs. Singer and Zimbalist as issues going only to the weight of the opinions for purposes of class certification, and not the admissibility of those opinions at trial. *E.g.*, ECF No. 839 at 47 ("Defendant asserts small and merits-based quibbles regarding the definition of variables and the correct data to input into the model—questions reserved for the jury when the case proceeds to trial."); *id.* at 51 (concerns "about the categorization or definitions of data Dr. Singer used" and his variable choices go to "matters of weight and probative value for a jury to evaluate," not to admissibility); *id.* at 51-52 ("While these critiques may be raised at the trial to argue against the weight of this statistical evidence, the relevant inquiry here is whether the Court finds that that Plaintiffs' models and analysis are 'capable of showing class-wide impact' in order to satisfy one of the prerequisites of Rule 23(b)(3)." (citation omitted)); *id.* at 54 ("Defendant fails to demonstrate

1  that Plaintiffs' use of wage share is statistically unsound or fatally flawed.  While Defendant
2  challenges some of the assumptions of Dr. Singer's model which, at best, go to the weight of this
3  evidence, the defense experts do not sufficiently establish any internal errors or problems with the
4  statistical model itself that undermine its reliability and validity."); *id.* at 59 ("The Court does not
5  find that any of Defendant's arguments fundamentally or substantively undermine the reliability
6  and explanatory effect of Plaintiffs' modeling.  Whether Plaintiffs' modeling is sufficient to
7  establish liability is a jury question.").

8  The newly amended Rule 702 makes clear that courts must be the gatekeepers of these
9  critical issues and not defer them to the jury.  It is imperative that this Court consider the fatal
10  flaws in Drs. Singer and Zimbalist's opinions consistent with the guidance of the newly amended
11  Rule 702.

12  **III.  THE MOTION TO EXCLUDE DR. SINGER WILL ALLOW THIS COURT TO CONSIDER THE MULTIPLE NEW CASES EXCLUDING DR. SINGER'S OPINIONS FOR FLAWS SIMILAR TO THOSE IN HIS WORK HERE**
13

14  Several courts have recently found Dr. Singer's regression analyses and economic
15  modelling inadmissible because he committed the same types of errors that Zuffa and its experts
16  identify here, including trying to pass off "inflated results" in favor of monopsony plaintiffs.  The
17  most recent example was a ruling in *In re Google Play Store Antitrust Litigation*, just weeks after
18  this Court's Class Certification Opinion, where the court excluded Dr. Singer's economic opinions
19  at the merits stage, despite previously relying on them for class-certification purposes.  2023 WL
20  5532128.  In *Google Play Store*, the consumer-plaintiffs proffered Dr. Singer to support their
21  claims that Google illegally monopolized the alleged Android-device app distribution market,
22  causing them to be overcharged for apps.  *Id.* at *1.  The "critical element" in Dr. Singer's
23  overcharge analysis at both class certification and the merits stage was a "pass-through" formula
24  that he opined could "quantify the portion of the supracompetitive cost imposed on developers by
25  Google that was 'passed through' to, or more aptly, paid by, consumers."  *Id.* at *2.  Dr. Singer's
26  pass-through formula relied on a "logit model" to approximate the demand for apps sold in the
27  Google Play Store.  *Id.* at *3.
28

After the court relied on Dr. Singer's impact opinion at class certification, a new expert, Dr. Gregory Leonard, "took a fresh look" at Dr. Singer's opinions at the merits stage. *Id.* at *4. Dr. Leonard did not dispute that logit had been validated "in the peer-reviewed economics literature," and was "widely used by economists" to model demand. *Id.* at *5-6. But as Dr. Leonard explained, reliance on logit requires that "all goods in the market where demand is being studied are substitutes of one another in proportion to their share of that market." *Id.* Dr. Singer failed to confirm this condition existed in the market he was studying and also failed to "compare the 'fit' of the logit model with 'that of an alternative demand model.'" *Id.* at *9. Dr. Leonard, by contrast, showed that many apps being sold alongside each other in the Google Play Store clearly were not substitutes, such as language-learning apps and plant-identification apps. *Id.* at *7. The court found that Dr. Leonard's opinions "put a much finer point" on flaws in Dr. Singer's model and demonstrated Dr. Singer was using "the logit model in an overly simple way," based on an "unproven assumption," which did "not give the jury a sound basis on which to make a reasoned and reasonable judgment about antitrust impact and damages." *Id.* at *7-9.

The *Google Play Store* decision follows a growing number of courts rejecting Dr. Singer's opinions as unsuited for presentation to a jury. For example, in 2021, after this Court's class-certification hearing, a court rejected Dr. Singer's opinions in a labor monopsony case because he committed "a methodological flaw" rendering his models "unreliable" and his estimates "inflated" in favor of plaintiffs. *Conrad v. Jimmy John's Franchise*, 2021 WL 718320, at *16-19 (S.D. Ill. Feb. 24, 2021). Less than two months later, another court found Dr. Singer had made "untenable assumptions," and excluded his model as a result. *In re MacBook Keyboard Lit.*, 2021 WL 1250378, at *5 (N.D. Cal. Apr. 5, 2021). And a year earlier, a court excluded Dr. Singer's "qualitative" analysis of whether the challenged conduct was anticompetitive because he merely relied on two sources from antitrust agencies to assess competitive impact, which he lacked "scientific, technical, or other specialized knowledge" to do. *In re Capacitors Antitrust Litig.*, 2020 WL 870927, at *2 (N.D. Cal. Feb. 21, 2020).

Plaintiffs' attempt to distinguish Dr. Singer's exclusion in *Google Play Store* (Mot. at 10 n.8) falls flat. Dr. Singer's errors in that case are indicative of the mistakes he made here. In

*Google Play Store*, although Dr. Singer utilized an economic model that is established in "the peer-reviewed economics literature," he applied the model using flawed assumptions that were "not supported by the evidence," and failed to "compare the 'fit'" of the model with available alternatives, resulting in a methodology that did not "give the jury a sound basis on which to make a reasoned and reasonable judgment about antitrust impact and damages." 2023 WL 5532128, at *5, 9. Similarly here, Dr. Singer applied a method that is well-established (regression analysis), but he did so under the flawed assumption that his dependent variable of revenue share is a proxy for athletes' marginal revenue product, and failed to test the available alternative model (which he has endorsed in other cases) measuring actual compensation (because that method shows no impact or damages), rendering his model useless for any legitimate purpose. Tellingly, Plaintiffs have no response to the three other courts' decisions excluding Dr. Singer in *In re Capacitors*, *Macbook Keyboard*, and *Conrad*. Plaintiffs' protestations that Dr. Singer "continues to be one of the leading economic experts within and outside federal courts" is simply posturing in light of these critical decisions. ECF No. 933 at 10 n.8.

These decisions were not available to the Court and parties during the evidentiary hearing and will be valuable for the Court's consideration.

**IV.     DR. LEONARD'S DECLARATION IS ADMISSIBLE**

Finally, the Court should reject Plaintiffs' request for the "extreme" sanction of excluding the Declaration of Greg K. Leonard dated December 1, 2023 ("Leonard Declaration"). The Leonard Declaration provides valuable insight for the Court and the jury because he has evaluated aspects of Dr. Singer's models and found flaws similar to the errors that led the court to exclude Dr. Singer's opinions in *Google Play Store*. Dr. Leonard did not seek to re-do the work completed by Zuffa's other experts. Decl. Ex. 27, Leonard Decl. ¶ 7 n.1. Instead, Dr. Leonard analyzed whether Dr. Singer's model was a reliable method for purposes of the *Daubert* analysis of answering the key question of whether the challenged contracts injured any individual fighter. *Id.* ¶ 7. Dr. Leonard found, unambiguously, that the impact regression cannot answer that question. *See, e.g., id.* ¶ 9.

1    Plaintiffs seek to exclude this Declaration but tellingly do not cite any case law or even any
2    argument for why the Declaration should be stricken. In fact, Plaintiffs' request is not at all
3    supported by evidentiary principles, which counsel that even late expert disclosures should not be
4    excluded when that disclosure is substantially justified and harmless, as it is here. Fed. R. Civ. P.
5    37(c); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017). Indeed, both
6    Plaintiffs and Zuffa submitted additional expert evidence with respect to the motion to reopen. *See*
7    Decl. of Hal J. Singer, ECF No. 914-2; Decl. of Robert H. Topel, ECF No. 884-2. Here, Zuffa
8    was substantially justified in submitting the Leonard Declaration at this time because the
9    combination of the Rule 702 Amendments and Dr. Singer's exclusion in *Google Play* warrant
10   taking a fresh look at his deficient work. Dr. Leonard, as the expert that identified the errors in
11   Dr. Singer's *Google Play* opinion (and like here, identified after class certification in the merits
12   stage) has a uniquely credible voice to critique Dr. Singer's work.

13   The submission of the Leonard Declaration is also harmless. "Among the factors that may
14   properly guide a district court in determining whether a violation of a discovery deadline is
15   justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is
16   offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the
17   trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys*
18   *Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

19   Plaintiffs have not articulated how they have been prejudiced by this disclosure and they
20   cannot. Trial is still four months away and Zuffa will work with Plaintiffs to schedule a convenient
21   deposition of Dr. Leonard if they would like to depose him. *See, e.g.*, *Galentine v. Holland Am.*
22   *Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994-95 (W.D. Wash. 2004) (declining to exclude expert
23   evidence under Rule 37(c) on March 12, 2004 because trial date was June 1, 2004, and defendant
24   would have time to cure any prejudice). And despite Plaintiffs' "sky is falling" theatrics, Zuffa
25   has no interest in delaying the trial and the disclosure of the Leonard Declaration will not have any
26   effect on the trial date. Nor do Plaintiffs have any argument that Zuffa is operating in bad faith.
27   This disclosure is harmless and the Declaration should be admitted.
28

# CONCLUSION

For the foregoing reasons, Zuffa requests that this Court deny Plaintiffs' Motion to Strike and provide a full consideration of the Motions to Exclude Drs. Singer and Zimbalist and Mr. Davis, including the Leonard Declaration.

Dated: December 14, 2023                                  Respectfully Submitted,

                                                          */s/ Christopher S. Yates*

| | |
|---|---|
| WILLIAM A. ISAACSON (*Pro hac vice*) | CHRISTOPHER S. YATES (*Pro hac vice*) |
| wisaacson@paulweiss.com | chris.yates@lw.com |
| JESSICA PHILLIPS (*Pro hac vice*) | LATHAM & WATKINS LLP |
| jphillips@paulweiss.com | 505 Montgomery Street, Suite 2000 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | San Francisco, CA 94111 |
| 2001 K Street, NW | Tel: (415) 395-8095 |
| Washington, DC 20006 | |
| | SEAN M. BERKOWITZ (*Pro hac vice*) |
| | sean.berkowitz@lw.com |
| BRETTE M. TANNENBAUM (*Pro hac vice*) | LATHAM & WATKINS LLP |
| btannenbaum@paulweiss.com | 330 North Wabash Ave, Suite 2800 |
| YOTAM BARKAI (*Pro hac vice*) | Chicago, IL 60611 |
| ybarkai@paulweiss.com | |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | LAURA WASHINGTON (*Pro hac vice*) |
| 1285 Avenue of the Americas | laura.washington@lw.com |
| New York, NY 10019 | LATHAM & WATKINS LLP |
| | 10250 Constellation Blvd, Suite 1100 |
| | Los Angeles, CA 90067 |
| DONALD J. CAMPBELL (No. 1216) | |
| djc@campbellandwilliams.com | DAVID L. JOHNSON (*Pro hac vice*) |
| J. COLBY WILLIAMS (No. 5549) | david.johnson@lw.com |
| jcw@campbellandwilliams.com | LATHAM & WATKINS LLP |
| CAMPBELL & WILLIAMS | 555 Eleventh Street NW, Suite 1000 |
| 700 South 7th Street | Washington, D.C. 20004 |
| Las Vegas, Nevada 89101 | |
| Tel: (702) 382-5222 | *Attorneys for Defendants Zuffa, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Opposition was served on December 14, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Christopher S. Yates
Christopher S. Yates of
LATHAM & WATKINS LLP