# EXHIBIT 21
# -
# REDACTED VERSION OF
# ECF NO. 320-18

# EXHIBIT 17

*[handwritten: October 1, 2012]*

## PROMOTIONAL AND
## ANCILLARY RIGHTS AGREEMENT

THIS PROMOTIONAL AND ANCILLARY RIGHTS AGREEMENT ("**Agreement**") is made as of ~~the date set forth below~~ ("**Effective Date**") by and between **FORZA, LLC,** a Nevada limited liability company d/b/a Strikeforce® with offices at 2960 W. Sahara Avenue, Las Vegas, NV 89102 ("**FORZA**") and Ronda Rousey ("**Fighter**").

RECITALS *[handwritten: ("MMA Bouts")]*

A.  FORZA is in the business of, among other things, promoting mixed martial arts fighting competitions throughout the world under the trade name of Strikeforce® ("**STRIKEFORCE**") and desires to serve as the promoter for Fighter's ~~future bouts for a period of time, provided that~~ Fighter grants to FORZA certain promotional rights and ancillary rights, with such ancillary rights ~~being granted to FORZA in perpetuity,~~ as set forth herein; *[handwritten: MMA BOUTS during the TERM (AS DEFINED below).]* *[handwritten: during the Term]* *[handwritten: related]*

B.  ~~Fighter is a professional mixed martial arts fighter and desires to obtain the promotional services of FORZA for Fighter's future bouts for a period of time, and Fighter is willing to grant to FORZA certain promotional rights and ancillary rights, with such ancillary rights being granted to FORZA in perpetuity, as set forth herein; and~~ *[handwritten: In consideration of FORZA's efforts to promote Fighter's MMA Bouts,]* *[handwritten: Delete, This just repeats ¶ A, above]*

~~B.~~ FORZA and Fighter intend for this Agreement to specifically supersede Fighter's previous Promotional and Ancillary Rights Agreement fully executed on or about January 26, 2012. Additionally, FORZA and Fighter agree that upon execution of this Agreement neither FORZA nor Fighter will have any rights or obligations under the previous agreement, ~~except to the extent that the provisions therein specifically survive the term of that previous agreement, and to the extent that said terms do not conflict with the provisions and spirit and intent of this Agreement.~~ *[handwritten: AND Replace]* *[handwritten: No, this is now the Complete Agreement, Right?]*

*[handwritten: by Fighter]*

NOW, THEREFORE, in consideration of the foregoing, the agreements and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, FORZA and Fighter agree as follows:

## ARTICLE I
## GRANT OF PROMOTIONAL RIGHTS

1.  The Fighter hereby grants to FORZA the exclusive unrestricted worldwide right to secure, promote, arrange and present any and all ~~mixed martial arts contests (individually, a "Bout" and collectively, the "Bouts")~~ to be engaged in by Fighter during the Term ~~(as defined herein)~~ and any Extension Term (as defined herein), including all rights to stage each Bout and sell tickets of admission thereto (the "**Promotional Rights**") and to exploit the Ancillary Rights (as defined herein) to each Bout ~~in all media,~~ now known or hereafter devised throughout the world in perpetuity. *[handwritten: MMA]*

*[handwritten: MMA Bouts]* *[handwritten: Bout set for 6 months.]* *[handwritten: All rights terminate if Fighter is ready, willing & able to fight and no Bout set for 6 months]*

## ARTICLE II
## GRANT OF ANCILLARY RIGHTS

2.1  Fighter hereby grants to FORZA the exclusive worldwide right to use, display, disseminate, edit, reproduce, print, publish and make any other use of the name, ~~sobriquet,~~ image, likeness, voice, persona, ~~signature,~~ and biographical material of Fighter ~~and all persons associated with Fighter~~ (collectively, the "**Identity**"), in any medium in connection with advertising, marketing, exploiting and promoting the STRIKEFORCE brand and each Bout and the exploitation of all rights *[handwritten: She can't grant for 3rd parties]* *[handwritten: During the Term]* *[handwritten: Approved]* *[handwritten: Solely]* *[handwritten: MMA]* *[handwritten: Approved]*



*[handwritten: Nothing herein shall limit Fighter's right to exploit her Identity in connection with any film, television, product, service or for her own Accord so long as such exploitation in no way]*

pertaining thereto as provided herein and all rights to each Bout electronic and other (the "**Ancillary Rights**" and, collectively with the Promotional Rights, the "**Rights**")

*[handwritten: mentions done is]*

2.2    The Promotional Rights and Ancillary Rights shall be the sole property of FORZA *[handwritten: connection]* throughout the world, which property FORZA shall hold free and clear from any and all claims of Fighter *[handwritten: with]* or anyone claiming through Fighter. ~~For the avoidance of doubt, FORZA shall hold the Ancillary Rights~~ *[handwritten: strikeforce or any]* ~~described herein in perpetuity, which rights shall survive even in the death of Fighter.~~ *[handwritten: MMA bout of]*

*[handwritten: Fighter produced during the term]*

2.3    The Rights include the following:

a.    The right to receive and retain all site fees, live-gate ticket and other revenues, subscription revenues, advertising fees, sponsorship fees, and the like.

*[handwritten: directly]*

b.    All media, including, but not limited to, motion picture, radio, television (which term whenever referred to herein shall include, without limitation, live or delayed, interactive, home or theater, over-the-air broadcast, pay, pay-per-view, satellite, closed circuit, cable, subscription, Video On Demand, Near Video On Demand, Subscription Video On Demand, multi-point, master antenna, or other), telephone, wireless**,** computer, CD-ROM, DVD, any and all Internet applications, (including, without limitation, netcasting, podcasting, direct download, streamed webcasting, internet channels (*e.g.*, Youtube) or any other form of digital media download or web syndication), films and tapes for exhibition in any and all media and all gauges, including but not limited to video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of ~~video game~~ video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights in connection with or based upon the STRIKEFORCE brand, the ~~Bouts or activities~~ pertaining to the Bouts, including but not limited to, training, interviews, press conferences, weigh-ins and behind-the-scenes footage for the Bouts (the "**Pre-Bout Events**"), post-fight interviews and press conferences (the "**Post-Bout Events**") and any parts thereof on a commercial, sustaining, theatrical or other basis, and by any and all means, methods and devices, whatsoever, now existing or hereafter devised.

*[handwritten: 100 Royalty to Fighter?]*

c.    The right to sell, assign, lease, license, sublease, use or otherwise dispose of any and all of the Rights and the results of the exercise thereof, and to authorize, license and grant the right to exercise any of the Rights and the tretain the proceeds therefrom.

d.    The right to do all things necessary for the full and complete use, exploitation and exercise of the Rights, including the right to promote and exploit all rights granted hereunder and receive and retain the results of the exercise thereof, and the right to negotiate, enter into and perform any and all agreements relating to the Rights for the proper production and promotion of radio and television advertisements, publicity, and broadcasts relating to the STRIKEFORCE brand, the Bouts, the Pre-Bout Events and the Post-Bout Events;

e.    All right, title and interest in and to any and all recordings, including without limitation, television, radio, Internet, wireless and motion picture films, and the video and audio cassettes of, or based upon the STRIKEFORCE brand, the Bouts, the Pre-Bout Events and the Post-Bout Events, and the right to secure in the name of FORZA (or that of its nominee) copyright and other protection to the fullest extent available in the United States and all other countries of the world where such protection is available.

f.    The unrestricted right to *[handwritten: solely + Directly]* use, edit, disseminate, display, reproduce, print or publish in any media the Identity of Fighter for the purpose of advertising, promotion, publicity, merchandising and exploitation of the STRIKEFORCE brand, the Bouts, the Pre-Bout Events and Post-Bout Events, including the use of the Identity of Fighter ~~to advertise any commercial product or service of~~

*[handwritten: Provided, if Fighter is Requested to render Any additional services in connection with such related Ancillary Activity other than customary MMA bout Promotion Activities + separate fee, etc shall be negotiated in good faith]*

CONFIDENTIAL

*[handwritten: IN connection with MMA BOUT SPONSOR)]*

a FORZA sponsor or any network, station or other exhibitor, for which activities Fighter hereby waives his personal right of privacy; provided, that FORZA agrees that it shall not authorize or permit the Identity of Fighter to be used as a direct or implied endorsement of any product, service, sponsor or commodity. *[handwritten: related to Any of the foregoing permitted uses]*

g.    The unrestricted right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the Identity of Fighter in connection with the development, manufacturing, distribution, marketing or sale of any and all interactive devices, home video and computer games, arcade video games, hand held versions of video games, video slot machines, CD-ROMS, DVDs, Internet applications, wireless, video and audio cassettes and disks, apparel (such as t-shirts, hats and jackets), banners, buttons, posters, jewelry, photographs, souvenirs, programs, toys, merchandising tie-ups and advertisements, and any and all other similar type products, including the sleeves, jackets and packaging for such products, hereunder made by any method now known or hereafter devised. Additionally, Fighter acknowledges the existence of UFC Video Games (as defined herein) developed, being developed or to be developed by various companies, including, but not limited to, Electronic Arts Inc. Fighter further acknowledges that the Rights granted herein to FORZA shall be exclusive with respect to any UFC Video Game, and any derivatives of such video games created by Zuffa or its licensees. "UFC Video Game" shall mean any video game created by Zuffa or its licensees and branded with UFC, Pride, WEC, Strikeforce or any brand subsequently developed, owned or acquired by FORZA and/or Zuffa, LLC, or any of its agents or subsidiaries. FORZA acknowledges and agrees that Fighter shall be paid a bonus, as determined in the sole discretion of FORZA, for each console version of a UFC Video Game in which Fighter appears. Notwithstanding the immediately preceding sentence, FORZA agrees that if it does not utilize the Identity of Fighter in a UFC Video Game within three (3) years of the Effective Date, that the Rights granted by Fighter to FORZA pursuant to this Section 2.3(g) shall become non-exclusive and, Fighter shall have right to exploit his Identity in video games that are not UFC Video Games.

*[handwritten left margin: All subject to Fighter Approval + A Separate good faith Negotiation if Appropriate Fee / Royalty for each such approved use]*

*[handwritten right margin: See Fee + Royalty Negotiated]*

*[handwritten: Except for custom- Any promotional items such as Souvenir programs, etc]*

h.    The non-exclusive right to use a three minute excerpt clip of the recording of any bout, including any non-FORZA/STRIKEFORCE bout, in which Fighter was a participant (to the extent that Fighter possesses the rights thereto or can reasonably obtain such rights), for the purpose of publicizing a Bout, which clip shall be provided to FORZA upon request therefore.

i.    To the extent Fighter owns or controls, in whole or in part, the copyrights and other right, title and interest in and to any tattoos etched or otherwise displayed on the bodies of Fighter and any persons associated with Fighter, the irrevocable, perpetual non-exclusive, transferrable, assignable and sub-licensable right and license throughout the world, to use, publish, reproduce, distribute, display and exhibit such tattoos in any manner and on or through any media in connection with FORZA's exercise of any of its other Rights hereunder.

*[handwritten: directly + solely]*

2.4    To the extent that Fighter is deemed to have, retain or otherwise possess any right, title or interest in or to all or any portion of the STRIKEFORCE brand, any Bouts, any Pre-Bout Events or Post-Bout Events, or any works created or produced pursuant to or in connection with this Agreement (collectively, the "FORZA IP"), then for the consideration set forth herein, Fighter hereby transfers, conveys and assigns same to FORZA and shall execute all documents and undertake all actions necessary to effect the clarification of ownership of all right, title and interest in and to such FORZA IP to FORZA and to allow FORZA to apply for and maintain any copyright and trademark registrations and other intellectual property registrations or issuances with respect to the FORZA IP and any renewals or extensions thereof, Fighter hereby irrevocably designates and appoints FORZA and FORZA's employees, agents, representatives, affiliates, licensees, designees, successors and assigns ("FORZA's Representatives") as Fighter's agent and attorney-in-fact to act for and on Fighter's behalf and to execute and file all such documents consistent herewith that FORZA is unable after reasonable efforts to obtain

*[handwritten: (But Excluding Any portion of Fighter's Identity)]*

*[handwritten: Solely]*

*[handwritten: after reas opportunity to Review & comment]*

*[handwritten top right: This is not so long as Needed FORZA's Exploitation is consistent with this Agreement]*

Fighter's signature on) and to do all other lawfully permitted acts necessary to carry out the provisions of this Agreement.

2.5    Fighter waives, discharges and releases FORZA and FORZA's Representatives from any and all claims; (i) of infringement of any right of Fighter in, to or respecting the FORZA IP and (ii) arising from FORZA or FORZA's Representatives' use of the Identity of Fighter or another exploitation of the Rights in any manner contemplated or set forth herein (including, without limitation, any claims based on Fighter's moral rights in the FORZA IP ~~or for inspection, approval, damages for libel,~~ *[handwritten: OR]* ~~intellectual property infringement or violation of Fighter's rights of privacy or publicity~~).

2.6    Fighter acknowledges and agrees that Fighter shall have no right of approval *[circled handwritten: for]* consultation with respect FORZA's exercise of any Rights granted or assigned to it hereunder and nothing in this Agreement shall obligate FORZA to exercise any of its Ancillary Rights.

*[handwritten: We would like consultation on any proposed Ancillary use involving Fighter's Identity + 50% photo/non-photo likeness approvals]*

ARTICLE III
PROMOTION

*[circled handwritten left margin: In consultation with Fighter]*

3.1    Each Bout shall be a mixed martial arts contest, one-on-one fight between Fighter and an opponent designated by FORZA, subject to Fighter approval not to be unreasonably withheld, delayed or conditioned, conducted pursuant to the rules and regulations of the athletic commission, federation or official authority having jurisdiction over the Bout or FORZA pursuant to Section 3.7 ("**Athletic Commission**"). Fighter and FORZA shall comply with and be bound by the rules and regulations of the Athletic Commission. For Bouts that occur in a jurisdiction or country without an Athletic Commission, the provisions of Section 3.7 shall control. In the event that Fighter does not approve of an opponent designated by FORZA, FORZA may, at its election and in accordance with the terms and conditions of Section 4.3 of this Agreement, extend the Term of this Agreement for the period required to designate another opponent for Fighter or six (6) months, whichever is ~~longer~~ *[handwritten circled: shorter]*.

3.2    FORZA shall promote and Fighter shall participate in the minimum number of Bouts set forth in Article IV below. For purposes hereof, FORZA shall be deemed to have complied with its *[handwritten: at least once every 6 months]* obligations to promote any Bout if FORZA shall have made an offer to Fighter to promote a Bout in accordance with the provisions hereof and Fighter shall have refused to participate. If a Bout is the undercard to a main event and the main event is canceled or postponed for any reason, the failure of such Bout to take place shall not be deemed non-performance by FORZA and FORZA shall not be liable for any Fighter's Purse associated therewith (as defined herein). *[handwritten: B]*

*[handwritten: ? left margin]*

*[handwritten: During the Term]*

3.3    Fighter shall cooperate and assist in the advertising, publicity, and promotion of (i) the Bouts, (ii) any and all rebroadcast of the Bouts in any media whatsoever, (iii) other STRIKEFORCE bouts, (iv) other STRIKEFORCE events and broadcasts, and (v) the sale of STRIKEFORCE merchandise, including making appearances at a reasonable number of press conferences, interviews and other sponsorship and promotional activities (any of which may be telecast, broadcast, recorded or filmed) at times and places reasonably designated by FORZA, without additional compensation therefore. *[handwritten: Suite]* For such promotional activities, FORZA will arrange and pay for Fighter's reasonable travel, hotel and meal accommodations. *[handwritten: per diem + Exclusive ground travel]* *[handwritten: First Class]*

*[handwritten left margin: All subject to Prof. Avail if Not Immediately preceeding a MMA Bout]*

3.4    All Bouts shall be on dates and at sites to be designated by FORZA, in its sole and absolute discretion. If any Bout is postponed for any reason except FORZA's non-performance, the Bout Agreement applicable to such Bout shall determine the rights of the parties and in addition thereto, the Term shall be extended, at FORZA's election, by a number of days equal to the number of days between the date originally scheduled for the Bout and the date on which the Bout occurs.

*[handwritten: After good faith consultation w/ Fighter + subj to Fighter's then existing professional availability]*

*[handwritten right margin: But not to exceed 3 months for each occurence]*

*[handwritten: MMA BOUTS]*

3.5     During the Term, FORZA shall have the exclusive right to promote all of Fighter's ~~bouts~~ and Fighter shall not participate in or render his services as a professional fighter or in any other capacity to any other mixed martial art, martial art, boxing, professional wrestling, or any other fighting competition or exhibition, except as otherwise expressly permitted by this Agreement.

3.6     Notwithstanding the foregoing, in the event Fighter is not then the STRIKEFORCE champion, Fighter is permitted, subject to the written consent of FORZA, which consent may be granted or withheld in FORZA's sole discretion, to contract with other promoters or to engage in any mixed martial arts bout or fighting competition or exhibition promoted by other promoters (an "**Other Bout**") during the Term provided (i) such Other Bout is not televised by any domestic or international television network, station, cable system, satellite or other provider or via Internet or wireless exhibition; (ii) such Other Bout is scheduled for and takes place on a date which is more than sixty (60) days before or more than thirty (30) days after any non-championship Bout and more than ninety (90) days before or more than thirty (30) days after any championship Bout; (iii) a copy of any agreement for any Other Bout shall have been furnished to and approved by FORZA at least one (1) week prior to its execution by Fighter; and (iv) a fully executed copy of any such agreement is provided to FORZA within five (5) days of execution by Fighter.  Except in compliance with the foregoing limited exception, Fighter shall not, during the Term, grant promotional or other rights which conflict with the Rights. Furthermore, Fighter expressly agrees that this Agreement shall be automatically extended for any additional one hundred twenty (120) days for each non-STRIKEFORCE promoted mixed martial arts competition or exhibition that Fighter participates in, and any reference to the Term herein shall be deemed to include any such extension(s).  *[handwritten: IN CONNECTION AN OTHER BOUT]*

3.7     Any and all Bouts that occur in a jurisdiction or country without an Athletic Commission shall be conducted pursuant to the statutes, rules and regulations of the State of Nevada in effect at the time of the Bout, including, but not limited to, the Unified Rules of Mixed Martial Arts (the "**Nevada Rules**"); for the protection of the health and safety of the Fighter, to promote fairness in the administration of the Bout, and to preserve the integrity of the sport of mixed martial arts.  Fighter may appeal any advisory opinion by FORZA regarding any application of the Nevada Rules relating only to Bouts that occur in a jurisdiction without an official government mandated Athletic Commission to an independent third-party arbitrator or arbitration panel selected pursuant to the guidelines developed by the Judicial Arbitration and Mediation Services, Inc.  All costs and fees associated with an appeal taken pursuant to this Section shall be the exclusive responsibility of the Fighter.  Regardless of where a Bout occurs, in no event shall a Fighter have any right to appeal a decision by FORZA relating to the STRIKEFORCE Title or the STRIKEFORCE Championship belts.

*[handwritten: OR 30 MONTHS AFTER THE EFFECTIVE DATE, whichever is EARLIER]*

ARTICLE IV
TERM  *[handwritten: Twenty Five (25)]*

4.1     The duration of the Promotional Rights provided herein (the "**Term**") shall commence on the Effective Date and end on the earlier of (i) ~~forty (40)~~ months after the first bout promoted by FORZA involving Fighter under this Agreement or (ii) the date on which Fighter has participated in at least ~~eight (8)~~ Bouts promoted by FORZA under this Agreement (the "**Termination Date**"), unless terminated sooner or extended further pursuant to the provisions of this Agreement.  *[handwritten: FIVE (5) MMA]*

4.2     If, at the expiration of the Term, Fighter is then the STRIKEFORCE champion, the Term shall automatically be extended for a period commencing on the Termination Date and ending on the ~~later~~ *[handwritten: EARLIER]* of (i) one (1) year from the Termination Date; or (ii) the date on which Fighter has participated in ~~three (3) bouts~~ promoted by FORZA, regardless of weight class or title, following the Termination Date  *[handwritten: One (1) Bout]*

5

*[handwritten: Actual amount of time that prevents training or fighting a scheduled Bout]*

("**Extension Term**").  Any reference to the Term herein shall be deemed to include a reference to the Extension Term, where applicable.

4.3     The length of time for FORZA to provide Fighter with the minimum number of Bouts enumerated in this Article IV shall be extended for ~~six (6) months or any period of time~~ that Fighter is unable or unwilling to compete, whichever is greater.  Such extension shall include, without limitation, any time periods when Fighter is disabled, sick or injured for any reason; incarcerated; suspended or revoked by an Athletic Commission, has his ability to travel restricted by a governmental agency or is otherwise unable, unwilling or refuses to compete or train for a Bout for any reason whatsoever, including, without limitation, not approving of an opponent designated by FORZA pursuant to Section 3.1 of this Agreement.  Additionally, the length of time for FORZA to provide Fighter with the minimum number of Bouts enumerated in this Article IV shall also be extended for any length of time that Fighter serves as a coach on the "*The Ultimate Fighter*" ® reality television series ~~or six (6) months whichever is longer.~~ *[handwritten: Agrees to serve. Proof of Unavailability shall only extend term if it actually conflicts with a proposed MMA Bout & Training Therefor]*

4.4     The expiration or earlier termination of the Term, any Acceleration (as defined herein), or the death or incapacity of the Fighter, shall not affect or terminate the grant of the Ancillary Rights or any of the other general or specific provisions of this Agreement, all of which shall survive any such expiration, termination, Acceleration, death or incapacity. *[handwritten: Early]*

4.5     FORZA shall not be deemed in default of this Agreement to the extent that performance of its obligations are delayed or prevented by reason of any act of God, fire, natural disaster, war, riots, civil unrest, strike or labor difficulties, terrorism, power failure, other calamity or acts constituting force majeure, or any governmental or Athletic Commission enactment, determination or action, regulation or order. If there is an occurrence of a force majeure event or other bona fide action, FORZA may elect to suspend this Agreement for a period equal to the duration of the occurrence, and no compensation shall be paid or become due to Fighter during such suspended period. *[handwritten: So long as ALL similarly situated Fighters are also only suspended, etc.]*

## ARTICLE V
## BOUT AGREEMENT AND STANDARD FIGHTER CONTRACT

(5.)     For each Bout, Fighter shall execute and comply with the terms of a Bout Agreement ("**Bout Agreement**"), which shall be either the standard fighter contract required by the applicable Athletic Commission or pursuant to the Nevada Rules, as applicable (the "**Standard Fighter Contract**"), and any other contract required to be executed by law, the terms of which shall be consistent with the terms of this Agreement.  To the extent of any conflict between this Agreement and a Bout Agreement with respect to a Bout, the Bout Agreement shall control.

## ARTICLE VI
## COMPENSATION

6.1     Subject in all events to Section 10.1(d), the Compensation to Fighter shall take the form of a "**Fighter's Purse**" and, if and only if Fighter is declared the winner of a Bout by the Athletic Commission, a "**Win Bonus**," each in the amounts as set forth below.

*[handwritten: $100,000]*

a.     Fighter's Purse for the first Bout shall be Thirty-Five Thousand Dollars (US ~~$35,000.00~~), less all permissible or required deductions.  If and only if Fighter is declared the winner of the first Bout by the Athletic Commission, the Win Bonus for the first Bout shall be Thirty-Five Thousand Dollars (~~US $35,000.00~~), less all permissible or required deductions. *[handwritten: $100,000]*

6

*(handwritten: $150,000)*

*(handwritten, top right: IF ANY NON - PPV Fights W/ Extraordinary Viewership Shall Also have Sep Bonus (Avg Views, etc))*

... and only if Fighter is declared the winner of the first Bout by the applicable Athletic Commission, Fighter's Purse for the second Bout shall be Forty Thousand Dollars (US $40,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout and the second Bout by the Athletic Commission, the Win Bonus for the second Bout shall be Forty Thousand Dollars (US $40,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout (and there is no Acceleration), Fighter's Purse and Win Bonus for the second Bout shall be the same as set forth in subsection (a) above.

*(handwritten: $250,000)* c.   If and only if Fighter is declared the winner of the first Bout and the second Bout *(handwritten: $250,000)* by the applicable Athletic Commission, Fighter's Purse for the third Bout shall be Forty-Five Thousand Dollars (US $45,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, and the third Bout by the applicable Athletic Commission, the Win Bonus for the third Bout shall be Forty-Five Thousand Dollars (US $45,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout and the second Bout by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the third Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of either the first Bout or the second Bout by the applicable Athletic Commission, but not both (and if there is no Acceleration) Fighter's Purse and Win Bonus for the third Bout shall be the same as set forth in subsection (b) above.

*(handwritten: $350,000)*    d.   If and only if Fighter is declared the winner of the first Bout, second Bout and third bout by the applicable Athletic Commission, Fighter's Purse for the fourth Bout shall be Fifty Thousand Dollars (US $50,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, the third Bout and the fourth Bout by the applicable Athletic Commission, the Win Bonus for the fourth Bout shall be Fifty Thousand Dollars (US *(handwritten: $350,000)* $50,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout, second Bout and third Bout (and if there is no Acceleration), Fighter's Purse and Win Bonus for the fourth Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of only one of the first three Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the fourth Bout shall be the same as set forth in subsection (b) above. If Fighter is declared the winner of only two of the first three Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the fourth Bout shall be the same as set forth in subsection (c) above.

*(handwritten: $500,000)*    e.   If and only if Fighter is declared the winner of the first Bout, second Bout, third Bout and the fourth Bout by the applicable Athletic Commission, Fighter's Purse for the fifth Bout shall be Fifty-Five Thousand Dollars (US $55,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, the third Bout and the fourth Bout by the applicable Athletic Commission, the Win Bonus for the fifth Bout shall be Fifty-Five Thousand Dollars (US $55,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout, the second Bout, the third Bout and the fourth Bout by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the third Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of one the first four Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the third Bout shall be the same as set forth in subsection (b) above. If Fighter is declared the winner of two of the first four Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighters Purse and Win Bonus for the fifth Bout shall be the same as set forth in subsection (c) above. If Fighter is declared the winner of three of the first of the first four Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighters Purse and Win Bonus for the fifth Bout shall be

*(handwritten: $500,000)* the same as set forth in subsection (d) above.

*(handwritten: Does not Apply to Any PPV BOUT FOR which shall Be Separately Negotiated Fee + share of PPV Revenue to Fighter + Any Fight w/ Cyborg - shall be separately Negotiated)*

CONFIDENTIAL

f.    If and only if Fighter is declared the winner of the first Bout, second Bout, third Bout, the fourth Bout and the fifth Bout by the applicable Athletic Commission, Fighter's Purse for the sixth Bout shall be Sixty Thousand Dollars (US $60,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, the fifth Bout and the sixth Bout by the applicable Athletic Commission, the Win Bonus for the sixth Bout shall be Sixty Thousand Dollars (US $60,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, and the fifth Bout by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the sixth Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of one of the first five Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the sixth Bout shall be the same as set forth in subsection (b) above. If Fighter is declared the winner of two of the first five Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the sixth Bout shall be the same as set forth in subsection (c) above. If Fighter is declared the winner of three of the first five Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the sixth Bout shall be the same as set forth in subsection (d) above. If Fighter is declared the winner of four of the first five Bouts by the applicable Athletic Commission (and if there is no Acceleration), Fighter's Purse and Win Bonus for the sixth Bout shall be the same as set forth in subsection (e) above.

g.    If and only if Fighter is declared the winner of the first Bout, second Bout, third Bout, the fourth Bout the fifth Bout, and the sixth Bout by the applicable Athletic Commission, Fighter's Purse for the seventh Bout shall be Sixty-Five Thousand Dollars (US $65,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, the fifth Bout, the sixth Bout, and the seventh Bout by the applicable Athletic Commission, the Win Bonus for the seventh Bout shall be Sixty-Five Thousand Dollars (US $65,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, the fifth Bout and the sixth Bout by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of one of the first six Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (b) above. If Fighter is declared the winner of two of the first six Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (c) above. If Fighter is declared the winner of three of the first six Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (d) above. If Fighter is declared the winner of four of the first six Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (e) above. If Fighter is declared the winner of five of the first six Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the seventh Bout shall be the same as set forth in subsection (f) above.

h.    If and only if Fighter is declared the winner of the first Bout, second Bout, third Bout, the fourth Bout the fifth Bout, the sixth Bout, and the seventh Bout by the applicable Athletic Commission, Fighter's Purse for the eighth Bout shall be Seventy Thousand Dollars (US $70,000.00), less all permissible or required deductions. If and only if Fighter is declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, the fifth Bout, the sixth Bout, the seventh Bout, and the eighth Bout by the applicable Athletic Commission, the Win Bonus for the eighth Bout shall be Seventy Thousand Dollars (US $70,000.00), less all permissible or required deductions. If Fighter is not declared the winner of the first Bout, the second Bout, the third Bout, the fourth Bout, the fifth Bout, the sixth

8

CONFIDENTIAL

Bout, and the seventh Bout by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (a) above. If Fighter is declared the winner of one of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (b) above. If Fighter is declared the winner of two of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (c) above. If Fighter is declared the winner of three of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (d) above. If Fighter is declared the winner of four of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (e) above. If Fighter is declared the winner of five of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (f) above. If Fighter is declared the winner of six of the first seven Bouts by the applicable Athletic Commission (and if there is no Acceleration) Fighter's Purse and Win Bonus for the eighth Bout shall be the same as set forth in subsection (g) above.

6.2     FORZA shall pay Fighter's Purse and the Win Bonus, if applicable, within twenty-four (24) hours of the completion of each Bout, except that if Fighter tests positive for any Controlled Substance (as defined herein) in a pre-fight or post-fight drug test, payment will be subject to the authority of, and FORZA shall make payments only in accordance with, the order or recommendation of the Athletic Commission. FORZA may deduct or withhold from Fighter's compensation any applicable tax (whether domestic or foreign), fee, or sum required to be deducted or withheld by law, and may offset against any such compensation any sums advanced to Fighter by FORZA or otherwise due from Fighter to FORZA. *Actual, Verifiable*

6.3     Fighter's Purse and Win Bonus, together with the Incidentals (as defined herein) shall be the sole compensation and payment due to or claimed by Fighter on account of this Agreement, the Rights, and Fighter's participation in any Bout or any activity related thereto. *In connection with customary promotion* *a MMA Bout + promotion thereof*

6.4     Any and all potential Fighter's Purses and, if applicable, Win Bonuses capable of being earned during the Extension Term shall be negotiated in good faith between the parties. However, the parties expressly agree that each such Fighter's Purse and, if applicable, Win Bonus shall, at a minimum, be no less than the last Fighter's Purse and, if applicable, Win Bonus received by Fighter during the standard Term of this Agreement.

6.5     Any advances shall be made in the sole discretion of FORZA, and may be subject to the prior approval of the applicable Athletic Commission.

6.6     Fighter shall operate within the requirements of all tax laws and regulations, and interpretations thereof, and be solely responsible for reporting the entire compensation paid under this Agreement and any corresponding agreements and ensure timely settlement of all taxes and other similar deductions. FORZA shall provide Fighter with a Form 1099 within ninety (90) days following the close of its fiscal year.

ARTICLE VII
INCIDENTALS

7.1     In addition to the Fighter's Purse and, if applicable, the Win Bonus, as provided for above, Fighter shall be entitled to only the transportation, lodging, meals or meal allowances and Bout *First class* *per diem, excl ground travel*

9

tickets (collectively, "**Incidentals**") identified in the Bout Agreement. Such Incidentals shall not be less than the Incidentals set forth herein.

a.     For each non-championship Bout hereunder which Fighter participates in, FORZA shall provide a total of two (2) hotel ~~or motel~~ rooms and two (2) round-trip ~~economy~~ class airline tickets from the airport servicing Fighter's hometown to the site of the Bout for use by and transportation of Fighter and one (1) of Fighter's Affiliates (the "**Fighter's Affiliates**"). Fighter's Affiliates shall include, but not be limited to, his or her managers, agents, trainers, seconds, sparring partners and other persons associated with Fighter who are connected with the Bouts.

b.     For each championship Bout hereunder which Fighter participates in as the champion or the challenger for the championship, FORZA shall provide a total of two (2) hotel ~~or motel~~ rooms and ~~three (3)~~ round-trip ~~economy~~ class airline tickets from the airport servicing Fighter's hometown to the site of the Bout for use by and transportation of Fighter and ~~two (2)~~ of Fighter's Affiliates.

c.     For all Bouts hereunder, Fighter shall arrive and check in to the lodging provided by FORZA on the date specified in the Bout Agreement, which shall be some time up to eight (8) days prior to the date of the Bout (the "**Training Commencement Date**"), and shall check-out and depart from the lodging provided prior to the designated check-out time on the day after the Bout (the "**Departure Date**").

d.     From the Training Commencement Date through the Departure Date, Fighter and one (1) of Fighter's Affiliates shall each be provided with either Fifty Dollars (US $50.00) cash *per diem* for meals, or at FORZA's discretion, meal vouchers for three (3) meals per day. ~~Food and beverage allowances shall be non-cumulative from day to day.~~

e.     Lodging shall be provided only from the Training Commencement Date through the Departure Date. Fighter and Fighter's Affiliates shall be required to present a valid credit card upon registering at the hotel ~~or motel~~, which shall be charged for any and all expenses and damages beyond the cost of the room, and FORZA shall have no obligation for such additional expenses.

f.     Fighter shall also be provided with four (4) tickets to each Bout hereunder, the selection and location of which shall be determined by FORZA. If Fighter's Bout is the main event, Fighter shall receive tickets for seats located within ~~ten (10)~~ rows of the Cage.

7.2     No other benefits, charges, expenses, or other incidentals of any kind (*e.g.*, telephone charges, beverages, entertainment, gift shop items or other such benefits, charges and expenses) shall be provided by FORZA to Fighter or anyone associated with Fighter, and Fighter shall not be entitled to receive compensation in lieu of any unused or undesired Incidental.

ARTICLE VIII
FIGHTER'S CONDUCT

8.1     Fighter shall conduct ~~himself in~~ accordance with commonly accepted standards of decency, social conventions and morals, ~~and~~ Fighter will not commit any act or become involved in any situation or occurrence or make any statement which will reflect negatively upon or bring disrepute, contempt, scandal, ridicule, or disdain to Fighter, the Identity of Fighter or any of Fighter's Affiliates, FORZA or any of its officers, managers, members, employees, or agents. Fighter's conduct shall not be such as to shock, insult or offend the public or any organized group therein, or reflect unfavorably upon any current or proposed arena, site hotel, sponsor or such sponsor's advertising agency, or any network or

10

*[handwritten: of which Fighter has prior written knowledge unless per a pre-existing endorsement agreement entered into by Fighter]*

station over which a Bout is to be broadcast. In addition, Fighter agrees that during a Bout, or while training for a Bout, as well as during any Pre-Bout Events or Post-Bout Events, neither Fighter nor any of his managers, trainers and assistants shall wear any clothing or ornamentation, including, but not limited to, permanent or temporary tattoos or body art, that is lewd, obscene, offensive, defamatory, discriminatory on the basis of age, sex, race, color, creed, national origin, political belief, religious belief or sexual orientation or otherwise inappropriate as determined by FORZA in its sole discretion or which conflicts with a FORZA sponsor, the arena or telecast.

8.2     Fighter and Fighter's Affiliates shall maintain a high standard of sportsmanship and conduct themselves in a professional manner prior to, during, and following each Bout.

8.3     Fighter shall not authorize or be involved with any advertising material or publicity materials that contain language or material which is generally considered to be obscene, libelous, slanderous or defamatory and will not violate or infringe upon, or give rise to any adverse claim with respect to, any common-law or other right whatsoever (including, but not limited to, any copyright, trademark, service mark, literary, dramatic, music or motion picture right, right of privacy or publicity, contract or moral rights of authors) of any person or entity.

8.4     Fighter shall maintain his eligibility and keep in good standing any license required to participate in any Bout.

8.5     Fighter shall not use any controlled or banned substance, including but not limited to marijuana, cocaine, methamphetamine, steroids, human growth hormone or any similar drugs or blood doping techniques (each a "**Controlled Substance**"). Fighter agrees that an Athletic Commission may test Fighter for Controlled Substances, and Fighter agrees to submit to any pre-Bout or post-Bout drug test as requested by an Athletic Commission. Fighter shall be deemed to be in breach of this Section if Fighter tests positive for any Controlled Substance in any pre-Bout or post-Bout drug test.

8.6     Fighter acknowledges that an Athletic Commission may fine, suspend or impose other penalties, including but not limited to removing recognition from Fighter of any Championship Title, status or belt if Fighter tests positive for a Controlled Substance.

ARTICLE IX
INJURY OR RETIREMENT

*[handwritten: provided such injury or disability actually prevents Fighter from participating in a scheduled bout]*

9.1     If at any time during the Term, FORZA offers to promote a Bout for Fighter and Fighter refuses to participate in or attempt to cancel or postpone such Bout for reason of a claimed injury or other medical disability, FORZA shall have the right, but not the obligation, to have Fighter examined by a medical doctor of its choice at FORZA's expense; and, if FORZA so elects, Fighter shall appear for such examination on one (1) day's notice.

9.2     If at any time during the Term, Fighter claims to be injured or temporarily disabled, FORZA may, at its election, for each such injury or disability claimed by Fighter, (i) extend the Term for the period of such injury or disability ~~or for a period of six (6) months, whichever is longer;~~ (ii) declare that FORZA has satisfied its obligation to promote one (1) of the Bouts to be promoted by FORZA hereunder, without any compensation due to Fighter for said Bout; or (iii) provide Fighter with notice of an Acceleration as defined herein.

9.3     If at any time during the Term, Fighter decides to retire from mixed martial arts or other professional fighting competition or is permanently disabled, then FORZA may, at its election, (i) suspend the Term for the period of such retirement or disability, (ii) declare that FORZA has satisfied its

11

*[handwritten: not to exceed one year]*

obligation to promote all future Bouts to be promoted by FORZA hereunder, without any compensation due to Fighter therefor; or (iii) elect to provide Fighter with notice of an Acceleration. *— Once this Agreement is so terminated all Rights granted Hereunder Also terminate*

## ARTICLE X
## TERMINATION/REMEDIES

10.1    FORZA shall have the right, but not the obligation, upon notice to Fighter, to accelerate the Term and thereby terminate FORZA'S promotional and other obligations hereunder and under any Bout Agreement then in effect (an "**Acceleration**") and to terminate Fighter's participation in any Bout, with Acceleration effective as of the date of notice, and to withdraw recognition from Fighter of any Championship Title, Status and Belt, if:

a.    Fighter fails, for any reason whatsoever (other than the injury or physical disability of Fighter or any act of God as provided in Section 4.5) to engage in the minimum number of Bouts as offered by FORZA; *— professional unavailability*

b.    Fighter or any of Fighter's Affiliates materially breach, violate or are in default of any provision of this Agreement or any other agreement hereafter entered into between Fighter and FORZA; *5 Day Notice & Opp to cure Any Alleged Breach*

c.    any of the representations or warranties of Fighter contained herein were false when made or are no longer true and correct;

*d.*    Fighter is not declared the winner of any mixed martial arts bout (whether promoted by FORZA or not) by the Athletic Commission or official authority having jurisdiction over the bout; or *only if she loses 3 consecutive fights*

e.    Fighter's license to participate in bouts is suspended or revoked by an Athletic Commission.

f.    Fighter is unable to obtain the necessary documentation, including any work visas, to lawfully permit Fighter or Fighter's Affiliates to participate in any Bout as provided for in Section 23.2 of this Agreement. *Isn't this FORZA's responsibility to obtain?*

g.    Fighter is ~~charged with~~ a misdemeanor (other than a ~~minor~~ traffic offense) or a felony. *— convicted of*

h.    Fighter should commit any act which would permit any arena, event site or television broadcaster, distributor or exhibitor to cancel its contract with FORZA for a particular Bout in which Fighter was to participate.

10.2    Acceleration shall be without further liability or obligation from FORZA to Fighter, except for the payment of any Fighter's Purse or Win Bonus, if applicable, or other amounts due for Bouts that have been completed prior to Acceleration. *+ All Rights granted Terminate on Any Acceleration As well*

~~10.3    Acceleration shall not serve to affect or terminate any of the Ancillary Rights, and this~~ Agreement shall survive ~~an Acceleration and remain in full force~~ and effect with respect to the Ancillary ~~Rights. FORZA's~~ failure to accelerate in any particular case shall not constitute a waiver for future such ~~cases.~~ *ok*

12

CONFIDENTIAL

*[handwritten annotation: "seek to"]*

10.4    Fighter acknowledges that his services as a professional fighter and the Ancillary Rights granted to FORZA herein are special, unique, extraordinary, irreplaceable and of peculiar value, and that in the event of Fighter's breach or threatened breach of this Agreement or any Bout Agreement, FORZA would suffer irreparable damage which could not be reasonably or adequately compensated by an award of damages.  In the event of such breach or threatened breach, FORZA shall be entitled, in addition to any other available remedy, to obtain equitable relief, including, but not limited to, an injunction against such breach and Fighter waives the right to assert as a defense in any such action that FORZA has an adequate remedy at law.  To the extent that a bond is necessary to obtain an injunction, Fighter agrees that the bond shall not exceed Five Hundred Dollars (US $500.00).

10.5    If Fighter believes in good faith that FORZA has materially breached any material provision of this Agreement, or has unreasonably failed or refused to perform its obligations hereunder, Fighter shall provide FORZA with written notice of such alleged breach and shall provide FORZA with at least ten (10) business days to cure such alleged breach.  If FORZA fails to cure the alleged material breach within ten (10) business days of receipt of Fighter's written notice, then and only then may Fighter seek to terminate this Agreement and seek redress for any outstanding compensation owed to Fighter hereunder.  Fighter expressly understands and agrees that his sole remedy for any alleged breach by FORZA shall be to seek payment for any remaining compensation due to Fighter under Article VI, *[handwritten: AND]* ~~exclusive of~~ any potentially applicable Win Bonuses, and in no event shall Fighter be entitled to any consequential, ~~incidental~~, or punitive damages of any sort.  *[handwritten: Actually EARNed]*

*[handwritten: DAMAGES, Including, without limitation, AT LAW]*

## ARTICLE XI
## INSURANCE

11.1    FORZA will provide health and accidental death insurance as required by the applicable Athletic Commission. Fighter hereby acknowledges that professional unarmed combat has the significant potential for serious injuries, and Fighter is knowingly and voluntarily assuming all such risks. Accordingly, except for the insurance benefits being provided by FORZA as described in this Article 11, Fighter, for himself or herself, his or her heirs, assigns, executors, and administrators agrees to be solely liable for and will bear the full and complete cost of any and all medical treatment and all other costs associated with any injuries resulting from any and all Fighter's services under this agreement. Furthermore, Fighter assumes all risks of injuries sustained outside of a Bout.

11.2    FORZA shall have the right, at its election, to obtain, at FORZA's cost and expense, life or other insurance upon Fighter, including, but not limited to, insurance against the failure of Fighter to appear and to participate in any Bout and insurance to cover injuries sustained by Fighter in training and preparation for a Bout, in such amounts or type of coverage as FORZA may determine, and, if applicable, for the benefit of FORZA.  Except as expressly consented to in writing by FORZA, neither Fighter nor any of Fighter's Affiliates shall have any right, title or interest in such insurance.  Fighter and Fighter's Affiliates shall, at the request of FORZA, cooperate with and assist FORZA or its agent (as directed by FORZA), in obtaining and maintaining any such coverage, including submitting to physical or other examinations of Fighter and furnishing such information and medical records as may be required by any existing or proposed insurer and performing all further acts and things, and executing any and all additional documents or instruments necessary for FORZA to obtain any such insurance contemplated by this Section 11.2.

*[handwritten: AT FORZA's cost]*

## ARTICLE XII
## RIGHT TO MATCH

*[handwritten: Except Breach By FORZA]*

12.1    During the one (1) year period after conclusion of the Term for any reason whatsoever (the "**Matching Period**"), FORZA shall have the option to match the financial terms and conditions of

*[handwritten: Let's discuss — Seems irrelevant, prefer we delete]*

13

any offer made to Fighter for an Other Bout as defined in Section 3.6 of this Agreement. Fighter shall not accept any offer or enter into a contract or agreement with any other promotional entity during the Matching Period without complying with this section 12.1. Prior to acceptance of any Offer made during the Matching Period, Fighter shall first deliver to FORZA a written notice of all material financial terms and conditions of the offer, including, but not limited to, the identity of the promotional entity making the offer. Such notice shall constitute an exclusive, irrevocable offer (the "**Fighter Offer**") to contract with FORZA on the same financial terms and conditions. FORZA shall have fifteen (15) business days following receipt of the Fighter Offer in which to accept the financial terms of the Fighter Offer. If FORZA does not accept the Fighter Offer, Fighter may then accept the offer without modification during the ten (10) business day period following expiration of the Fighter Offer (the "**Contract Period**"). If the offer is modified in any material way, such modification shall give rise to another Fighter Offer on such modified terms and conditions and FORZA shall have the option to match the terms of the offer, as modified in accordance with the terms and conditions of this section 12.1. If Fighter has not contracted with a third party on or before the conclusion of the Contract Period, then all rights granted to FORZA pursuant to this Section 12.1 shall be automatically reinstated.

12.2    The provisions of Section 12.1 above shall survive termination or expiration of this Agreement. *Pl² delete*

## ARTICLE XIII
## REPRESENTATIONS AND WARRANTIES

13.1.   Fighter represents and warrants to FORZA that:

      a.    Fighter shall prepare and honestly compete to the best of Fighter's ability in the Bout and that there is no impairment to Fighter doing so;

      b.    Fighter is free to enter into this Agreement and has not heretofore and will not hereafter enter into any contract, option, agreement or understanding, whether oral or written, which conflicts with the provisions hereof or the grant of Rights contained herein or which would or could interfere with Fighter's full and complete performance hereunder or the free and unimpaired exercise by FORZA of any of the Rights;

      c.    There are no claims or arbitration, mediation, or litigation pending or threatened affecting Fighter that would or could interfere with Fighter's full and complete performance hereunder or the free and unimpaired exercise by FORZA of any of the Rights;

      d.    Fighter is entering into this Agreement of his own free will, is not subject to duress of any kind, and is not under the influence of any Controlled Substance and that Fighter knows of no disability, whether physical or mental, which would or could prevent Fighter from the full and complete performance of his obligations hereunder; and

      e.    Fighter has had the opportunity to consult an attorney or other representative regarding this Agreement, and he appreciates the legal significance and consequences of signing this Agreement; and

      f.    Fighter is either (i) a citizen of the United States and is not otherwise subject to any "backup" or other withholding of taxes or compensation specially applicable to those who are not citizens of the United States, or (ii) is not a citizen of the United States but has provided to FORZA in writing all information necessary to enable FORZA to comply with any such applicable withholding or other payment requirement.

14

*[handwritten: Solely in connection with Forza's right to produce + the exploit Bouts]*

g.     Fighter has obtained, and FORZA shall not be responsible to pay for in any way whatsoever, all clearances, licenses, uses, reuse fees, license fees, relating to the use and appearance of any creative expression, clothing apparel, sportswear and equipment, included but not limited to, trunks, robes, shoes or any other part of the costume, electronic information, digital information, wording, phrases, symbols, pictures, designs, print materials or other materials or information (including, without limitation, the trademarks, copyrights, personal privacy, property rights, names, voices, and likenesses of all and any persons, properties and businesses appearing therein (if any), and all components and elements thereof) displayed and exhibited by Fighter or any of Fighter's Affiliates during or at any Bouts, Pre-Bout Events or Post-Bout Events.

h.     Fighter has the full power to expressly ~~and irrevocably transfer~~ *[handwritten: licensed + granted]* said rights described in Paragraph 13.1(g) above to FORZA, or FORZA's respective sponsors, successors, assigns, agents, directors, members, managers, officers, employees, co-producers and licensees, and warrants that the exercise of the rights granted herein will not infringe on any rights of any third party, including but not limited to copyright, trademark, unfair competition, contract, defamation, privacy or publicity rights.

*[handwritten: to the best of Fighter's knowledge]*

13.2.    FORZA represents and warrants to Fighter that: *[handwritten: (but not as an endorsement)]*

a.     FORZA is a limited liability company duly formed under the laws of the State of Nevada; and that the person executing this Agreement on behalf of FORZA is authorized to do so; and

b.     FORZA is able to perform its promotional and payment obligations arising hereunder, and there are no claims or arbitration, mediation, or litigation pending or threatened affecting FORZA that would prevent FORZA from performing hereunder.

ARTICLE XIV
ASSUMPTION OF THE RISK/WAIVER OF ALL CLAIMS

14.1    Fighter fully understands and agrees that the professional sport of mixed martial arts is an inherently and abnormally dangerous activity that can result in severe and permanent physical injury, including but not limited to irreversible neurological trauma, disability, or death. Fighter represents that he is a seasoned professional in the sport of mixed martial arts, and Fighter has knowingly evaluated the inherent risks, foreseen and unforeseen, in this dangerous sport and represents and declares that he is physically, mentally, emotionally and intellectually willing and able to accept, and does hereby clearly, unambiguously and explicitly accept, all risks, foreseen and unforeseen, associated with participating in the sport and the Bouts.

14.2    In consideration for the opportunity to participate in the Bouts, and with full knowledge and complete assumption of all the risks, Fighter, for himself or herself, his or her heirs, assigns, executors and administrators ("**Releasing Parties**") hereby irrevocably agrees that the Releasing Parties will not sue or claim against FORZA or any of its parents, subsidiary entities, affiliates, sponsors, successors and assigns, and the respective directors, officers, members, managers, employees, agents, contractors, partners, shareholders and representatives, in their individual, personal and representative capacities for each of the foregoing entities ("**Released Parties**") for any injury, illness, damage, loss or harm to Fighter or Fighter's property, or Fighter's death or disability, howsoever caused, resulting or arising out of or in connection with Fighter's preparation for, travel for, participation and appearance in any STRIKEFORCE promotional events, the Bouts, the Pre-Bout Events and the Post-bout Events or any activities associated therewith. *[handwritten: Except w/r/t gross negligence, reckless or wilful mis-conduct of Forza or its Agents or other Released parties]*

15

14.3    In consideration for the opportunity to participate in the Bouts, and with full knowledge and complete assumption of all risks, the Releasing Parties hereby forever voluntarily release, discharge, waive and relinquish any and all, past, present and future, claims and causes of action, specifically including any claims based on negligence ~~or gross negligence, that~~ they may have against the Released Parties, as the result of any injury, illness, damage, loss or harm to Fighter or Fighter's property, or Fighter's death or disability, howsoever caused, resulting or arising out of or in connection with Fighter's preparation for, travel for, participation and appearance in any STRIKEFORCE promotional events, the Bouts, the Pre-Bout Events and the Post-Bout Events or any activities associated therewith. Furthermore, the Releasing Parties hereby irrevocably and unconditionally consent and agree that any insurance proceeds and benefits provided by FORZA hereunder shall be the only benefits the Releasing Parties may claim or receive from Released Parties for any injury, including death, relating to any and all of Fighter's services under this Agreement.

*[handwritten: UNCURED MATERIAL]*

## ARTICLE XV
## INDEMNIFICATION

15.    Fighter shall indemnify, ~~defend~~ and hold harmless FORZA, its subsidiaries, affiliates and sponsors, and each of their members, managers, directors, officers, employees, representatives, agents and contractors from and against any claims, actions, proceedings, expenses (including attorneys' fees of counsel of indemnified party's choice, as and when incurred) and damages arising from or relating to any negligent or intentional acts or omissions by Fighter or any of Fighter's Affiliates or the breach of any of Fighter's representations, warranties or covenants contained herein or within any Bout Agreement.

*[handwritten: plz add Reciprocal Indemity by FORZA of Fighter in connectn with any claims, damages, liabiliter etc related to FORRA's]*

## ARTICLE XVI
## PROHIBITION ON USE OF INTELLECTUAL PROPERTY RIGHTS

*[handwritten: Promoton, Production, Exploitation of Bouts, te]*

16.1    Unless Fighter receives prior written approval from FORZA, Fighter shall not utilize any *[handwritten: promo-tional]* of FORZA's intellectual property rights, including, but not limited to, the name and mark *[handwritten: rights]* "STRIKEFORCE," and any logos, pictures or other representations of FORZA's intellectual property. Without limiting the scope of this prohibition, Fighter expressly agrees that he may not refer to himself or herself as a "STRIKEFORCE Champion"; "former STRIKEFORCE Champion"; "STRIKEFORCE *[handwritten: Ancillary]* Star"; "STRIKEFORCE Superstar"; "STRIKEFORCE Fighter" or utilize any of FORZA's intellectual *[handwritten: rights]* ~~property in describing or referring to himself or herself without the express written consent of FORZA.~~ *[handwritten: of any]* Further, Fighter expressly agrees to not use a STRIKEFORCE championship belt without the prior *[handwritten: element]* written approval of FORZA, and further agrees that any such belt he obtains is on loan and will at all *[handwritten: thereof]* times remain the property of FORZA. Upon FORZA's written request, the belt must be returned within *[handwritten: include]* forty-eight (48) hours to FORZA at Fighter's expense. Additionally, Fighter expressly acknowledges and agrees that FORZA is not a sanctioning organization and Fighter does not possess and cannot assert any property right or similar legal interest in the STRIKEFORCE Title or in being the STRIKEFORCE Champion. *[handwritten: Incidental, non-derogatory mentions in personal publicity is not a breach]*

*[handwritten left margin: which shall not un-reasonbly be withheld]*

*[handwritten right: in all media]*

16.2    Fighter shall not utilize the intellectual property rights of any of FORZA's sponsors including, without limitation, any logos, pictures or other representations of such intellectual property. *[handwritten: unless as a result of Fighter's breach etc]*

## ARTICLE XVII
## ASSIGNMENT

*[handwritten: discuss]*  (17.1)    FORZA shall have the absolute right to assign, license, or transfer any or all of the rights granted to it hereunder, including, but not limited to, the right to co-promote any Bout in association with

16

any one or more persons or entities of its choosing. FORZA may assign any of its respective obligations hereunder without Fighter's consent. *ok but plz provide written notice of any such assignment.*

17.2    The rights and obligations of Fighter arising from this Agreement and any Bout Agreement are personal to Fighter and neither the benefits nor the duties of Fighter hereunder may be assigned, pledged or transferred for any reason.

## ARTICLE XVIII
## OTHER ACTIVITIES OF FORZA

18.1    Nothing herein shall prevent FORZA from engaging in promotional activities for any other professional fighter, including others in the same weight class as Fighter, or any other activities, whether related or unrelated to the subject matter of this Agreement.

18.2    Nothing herein shall prevent Fighter from engaging in any other business, trade, profession or other activity; provided that such other business, trade, profession or other activity does not involve the Fighter engaging in mixed martial arts contests or any other activity prohibited under this Agreement, and does not interfere with the Fighter's training or performance.

## ARTICLE XIX
## INTENT IN SIGNING

*(here) — change throughout*

19.    Fighter acknowledges that ~~his execution~~ of this Agreement is for the purpose of obtaining the promotional services of FORZA upon the terms and conditions of this Agreement and that Fighter has not been required to sign this Agreement or to grant any of the Rights as a condition precedent to Fighter's participation in any professional mixed martial arts contest against another fighter who has granted promotional or ancillary rights to FORZA.

## ARTICLE XX
## INDEPENDENT CONTRACTOR STATUS

20.1    Nothing contained in this Agreement shall be construed to make Fighter an employee of FORZA or to appoint FORZA as Fighter's agent, and FORZA shall have no financial interest (other than offset rights) in compensation payable to Fighter for engaging in any Bout hereunder. It is intended that Fighter shall remain an independent contractor, responsible for his own actions, expenses and any local, state, federal or international taxes, including, but not limited to, the engagement, discharge, benefits and costs of all of Fighter's Affiliates, and training facilities, equipment, professional memberships, sanctioning fees, medical expenses, social security taxes, Federal Insurance Contributions Act (FICA) taxes, and Federal Unemployment Tax Act (FUTA) taxes.

20.2    Fighter shall not be eligible under this Agreement to participate in any vacation, group medical or life insurance, disability, profit sharing or retirement benefits or any other fringe benefits or benefit plans offered by FORZA to its employees and FORZA shall not be responsible for withholding or paying any income, payroll, Social Security or other federal, state or local taxes, making any insurance contributions (except as provided herein) including unemployment or disability, or obtaining workers' compensation insurance on Fighter's behalf. Fighter shall be responsible for, and shall indemnify FORZA against, all such taxes or contributions, including penalties and interest. Any persons employed by Fighter in connection with the performance of the services provided by Fighter hereunder shall be employees of Fighter and Fighter shall be fully responsible for such persons.

*Can we address medical insurance $+$ Dental for RR through Forza $+$ StrikeForce / UFC*

*[handwritten annotations in margins: "too oNerous — Ld's discuss", "of which fighter has prior written knowledge", "Direct", "So long as no direct or indirect endorsment", "Incidental / non-derogatory mentions ok in personal press / publicity", "IN CONSULtation wl Fighter", "CONSISTENT Herewith", "After Review + opp to comment"]*

## ARTICLE XXI
## COMMERCIAL IDENTIFICATION

21.1    Fighter covenants and agrees that no wording, symbols, pictures, designs, names or other advertising or informational material (i) for any beer, alcohol, beverage company, tobacco, casino or gaming company, media company (including, but not limited to, HBO, ABC, SNL, ESPN, Spike, any Viacom owned network and any Internet related company); (ii) of any sponsor in conflict or competition with FORZA or any of FORZA's sponsors; (iii) of any sponsor causing injury to the reputation of FORZA or FORZA's sponsors or their respective officers and owners; or (iv) which has not been pre-approved in writing by FORZA shall appear on the trunks, gloves, robe, shoes or any other part of the costume or the body (including by use of temporary or henna tattoos) of Fighter or any of Fighter's Affiliates during or at any Bouts, Pre-Bout Events or Post-Bout Events. For the avoidance of doubt, all sponsorship and endorsement approvals shall be at FORZA's sole discretion. Fighter further covenants and agrees to only use the gloves approved and supplied by FORZA.

21.2    Notwithstanding the foregoing, FORZA shall have the right to include any advertising or other informational material of FORZA, FORZA's sponsors or other entities designated by FORZA on the trunks, gloves, robe, shoes, regalia or any other part of the costume of Fighter or any of Fighter's Affiliates during or at any Bouts, Pre-Bout Events or Post-Bout Events.

21.3    For television purposes, Fighter must be clearly distinguishable. Therefore, Fighter shall provide one (1) pair of dark-colored trunks and one (1) pair of light-colored trunks for each Bout. If it is necessary to distinguish Fighter from his opponent, FORZA shall have sole discretion to require Fighter to wear either the dark-colored or light-colored trunks.

## ARTICLE XXII
## CONFIDENTIALITY

22.1    Fighter shall not disclose to any third party (other than his or her agents and professional advisors, in their capacity as such, on a need-to-know basis), any information with respect to the terms and provisions of this Agreement or any Bout Agreement except: (i) to the extent necessary to comply with law or the valid order of a court of competent jurisdiction, in which event Fighter shall notify FORZA as promptly as practicable (if possible, prior to making such disclosure) and shall seek confidential treatment of such information, (ii) as part of normal reporting or review procedure to Fighter's lenders, auditors, attorneys and similar professionals, provided that such lenders, auditors and attorneys and similar professionals agree to be bound by the provisions of this section; and (iii) in order to enforce Fighter's rights pursuant to this Agreement or any Bout Agreement, in which case Fighter agrees to enter into a confidentiality agreement for all such proceedings.

22.2    FORZA shall have the sole right to determine the timing and content of and to make any press announcements and other public statements regarding this Agreement.

22.3    FORZA shall have the sole right to file this Agreement with any applicable athletic or fighting commission and world sanctioning bodies.

## ARTICLE XXIII
## FURTHER ASSURANCES

23.1    Fighter shall execute any and all additional documents or instruments necessary or desirable to effectuate the provisions of this Agreement, including, but not limited to, Bout Agreements and Standard Fighter Contracts or any other document required by FORZA, the Athletic Commission,

18

*[handwritten: AT FORZA's COST + expense]*

any local governmental authority with jurisdiction over any Bout and the world organization(s) sanctioning any Bout, if applicable. No party hereto shall take any action or fail to take any action which action or failure shall frustrate the purposes of this Agreement and the benefits contemplated hereby.

23.2    Fighter shall be solely responsible for obtaining all necessary documentation, including any work visas, to lawfully permit Fighter and Fighter's Affiliates to participate in all Bouts. Fighter shall provide copies of all such documentation to FORZA no less than thirty (30) days prior to any Bout. Fighter's failure to obtain and/or provide such documentation shall constitute grounds for FORZA, at its election, to (i) obtain the required documentation ~~and deduct the costs thereof from Fighter's Purse~~, (ii) cancel Fighter's participation in the Bout, without any compensation due to Fighter for said Bout, and extend the Term for a period four (4) months; (iii) declare that FORZA has satisfied its obligation to promote one (1) of the Bouts to be promoted by FORZA hereunder, without any compensation due to Fighter for said Bout; or (iv) provide Fighter with notice of an Acceleration.

## ARTICLE XXIV
## NOTICES

*[handwritten: OR EMAIL]*

24.1    Any notice or other communications given or sent pursuant to this Agreement shall be in writing and shall be deemed given when (i) personally delivered; (ii) delivered by confirmed facsimile transmission; (iii) three (3) days following the date such notice is mailed postage paid by registered or certified mail, return receipt requested; or (iv) to Fighter, delivered by confirmed electronic means (electronic mail), to the respective addresses indicated below or any address subsequently provided to FORZA.

To FORZA:
Scott Coker
Executive Vice President & GM
FORZA, LLC
2960 W. Sahara Ave.
Las Vegas, Nevada 89102

To Fighter:
Ronda Rousey

Email: ~~rmmd@yahoo.com~~  *[handwritten: Beijing70kg@yahoo.com]*

With a copy to:
Ike Lawrence Epstein
Executive Vice President & General Counsel
FORZA, LLC
2960 W. Sahara Ave.
Las Vegas, Nevada 89102

With a copy to:
Darin Harvey

Email: darinharvey@me.com

*[handwritten: AND Bloom, Hergott et al ATTN: DAVID B. FELDMAN, ESQ.]*

24.2    Any party may change its address for notice purposes by providing notice of such change of address in accordance with this section.

## ARTICLE XXV
## CHOICE OF LAW/EXCLUSIVE JURISDICTION AND VENUE

25.1    This Agreement has been delivered at and shall be deemed to have been made at Las Vegas, Nevada, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of Nevada.

25.2    FORZA and Fighter hereby (a) expressly consent to the exclusive personal jurisdiction and venue of the state and federal courts located in Clark County, Nevada for any action brought by either party to interpret or enforce any provision of this Agreement and (b) agree not to assert (by way of

19

motion, as a defense or otherwise) that such legal proceeding has been brought in an inconvenient forum. The undersigned, by execution and delivery of this Agreement, expressly and irrevocably consent to the service of any complaint, summons, notice or other process relating to any such action or proceeding by delivery thereof to such party by hand or by certified mail, delivered or addressed to the address set forth in this Agreement.

## ARTICLE XXVI
## MISCELLANEOUS PROVISIONS

26.1    If any provision of this Agreement is found to be illegal, invalid, or unenforceable as to any circumstance, such finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance.  Rather, the offending provision shall be considered modified so that it becomes legal, valid and enforceable, or, if not capable of such modification, shall be considered deleted. The illegality, invalidity, or unenforceability of any provision shall not affect the legality, validity, or enforceability of any other provision of this Agreement.

26.2    No waiver by any party of any breach or default hereunder shall be deemed to be a waiver of any preceding or subsequent breach or default.  All waivers must be in writing, specify the breach or default concerned and be signed by the party against whom the waiver is sought to be enforced.

26.3    In the event either party engaged counsel in connection with the enforcement or interpretation of this Agreement or any provision hereof or the resolution of any dispute arising from or related to this Agreement, the prevailing party shall be entitled to recover from the other party its attorneys' fees and costs regardless of whether or not an action is filed.

26.4    The provisions of this Agreement are for the exclusive benefit of the parties hereto and their permitted successors and assigns, and no third party shall be a beneficiary of or have any rights under this Agreement, regardless of whether or not such third party is referred to herein.

26.5    Other than any Bout Agreement or Standard Fighter Contract which may be entered into by the parties pursuant to the terms of this Agreement, this Agreement sets forth and integrates the entire understanding between Fighter and FORZA, and supersedes any and all prior or contemporaneous written or oral agreements or representations between the parties with respect to the subject matter hereof.

26.6    This Agreement may not be altered, amended or discharged, except by a subsequent writing signed by the parties hereto.

26.7    This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Facsimile signatures shall be as effective as originals.

26.8    Descriptive headings of this Agreement are inserted for convenience only and do not constitute a part of this Agreement and shall not be considered for purposes of its interpretation.  The parties agree that they have equally participated in the negotiation of the terms and conditions in this Agreement, and therefore any ambiguities shall be resolved without reference to which party may have drafted all or any provision herein.

/ / /

/ / /

20

CONFIDENTIAL

## ARTICLE XXVII
## MEDICAL TESTING

27.    FIGHTER SHALL COMPLETE A FULL PHYSICAL MEDICAL EXAMINATION AND UNDERGO TESTING AND RECEIVE AFFIRMATIVE CLEARANCE THEREFROM PRIOR TO EACH BOUT INCLUDING, BUT NOT LIMITED TO THE FOLLOWING: CBC, HEPATITIS B, HEPATITIS C, HIV, RH AND BLOOD TYPE, RPR, PT, PTT, URINALYSIS WITH DRUG SCREENING, EKG, CT SCAN, MRI, DIALATED OPHTHALMOLOGICAL EXAM, AND SUCH OTHER TESTING AS FORZA OR THE ATHLETIC COMMISSION MAY REQUIRE.  THE MEDICAL EXAMINATION SHALL BE PERFORMED BY A NEUTRAL MEDICAL SERVICE PROVIDER DURING THE THIRTY (30) DAY PERIOD IMMEDIATELY PRECEDING THE DATE OF EACH BOUT.  THE REPORT OF THE MEDICAL EXAMINATION OF FIGHTER CONTAINING THE RESULTS OF THE EXAMINATION AND TESTS SHALL BE DELIVERED TO FORZA NO LESS THAN TWENTY-ONE (21) DAYS PRIOR TO ANY BOUT AND MUST NOT CONTAIN ANY RESTRICTIONS ON FIGHTER'S ABILITY TO COMPETE.   ALL COSTS ASSOCIATED WITH THE MEDICAL EXAMINATION AND TESTS SHALL BE PAID BY FIGHTER.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the dates set forth below, the later of which shall be the Effective Date of this Agreement.

**FORZA, LLC**                                              **FIGHTER**

Signature: _____                Signature: _____


Printed Name: Scott Coker_____               Printed Name: Ronda Rousey_____

Title:  Executive Vice President & General Manager    Social Security No.: _____

Date: _____                     Date: _____

                                                    Passport No.: _____

                                                    Passport Expiration Date:_____


APPROVED BY:


Signature: _____
          Ike Lawrence Epstein
          Executive Vice President and General Counsel

21