# EXHIBIT 30
-
# REDACTED VERSION OF ECF NO. 347-5

# EXHIBIT C

# 2010 Bout Agreement

# BOUT AGREEMENT
## UFN 21

This Bout Agreement is made as of the date set forth below (the "**Effective Date**") by and between ZUFFA, LLC, a Nevada limited liability company ("**ZUFFA**") d/b/a Ultimate Fighting Championship ("**UFC**"), and *FIGHTER*.

## *RECITALS*

A. *FIGHTER* wishes to engage and is willing and able to participate in a bout with *OPPONENT*, and to grant the rights assigned to **ZUFFA** herein, and **ZUFFA** is willing and able to promote such bout upon the terms and conditions set forth below;

B. **ZUFFA** and *FIGHTER* have heretofore entered into an Exclusive Promotional and Ancillary Rights Agreement ("**Promotional Agreement**"), which mandates that a bout agreement be executed for every bout; **ZUFFA** and *FIGHTER* acknowledge that the Promotional Agreement is in full force and effect, and incorporate the terms and conditions of the Promotional Agreement in this Bout Agreement by reference as though fully set forth herein; and

C. Italicized and double underlined terms not otherwise defined herein shall have the meanings ascribed to such terms on the Term Sheet attached hereto as Exhibit "A" and incorporated by this reference ("**Term Sheet**").

**NOW, THEREFORE,** in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, **ZUFFA** and *FIGHTER* agree as follows:

1. **Recitals and Grant of Ancillary Rights.** The recitals set forth above are incorporated by reference as though fully set forth herein. In addition to, and not in limitation of, those certain rights granted to **ZUFFA** in the Promotional Agreement (the "**Ancillary Rights**"), *FIGHTER* grants to **ZUFFA** each and every right set forth on Exhibit "B" hereto, in perpetuity, which rights shall survive any termination of this Bout Agreement ("**Bout Ancillary Rights**").

2. **Bout.** *FIGHTER* will engage in a mixed martial arts contest with *OPPONENT* ("Bout") on the *BOUT DATE* at the *BOUT LOCATION*. The Bout will be in the specified *WEIGHT DIVISION*, and will consist of the specified *NUMBER OF ROUNDS*.

3. **Compensation.** Provided that the Bout is completed in accordance with the provisions hereof, **ZUFFA** shall pay to *FIGHTER* the *FIGHTER'S PURSE*, less all permissible or required deductions and withholding; and, if and only if *FIGHTER* is declared the winner of the Bout by the athletic commission having jurisdiction thereof ("**Athletic Commission**"), the *WIN BONUS*, less all permissible or required deductions and withholding. *FIGHTER* shall also be entitled to incidentals, including meals, rooms and transportation as set forth in the Promotional Agreement or identified as *INCIDENTALS* on the Term Sheet. Such compensation and *INCIDENTALS* shall be inclusive of, and not in addition to any compensation or other sum or allowance provided for in the Promotional Agreement, and shall be the only compensation due *FIGHTER* on account of the Bout or on account of the grant of the Ancillary Rights or the Bout Ancillary Rights. *FIGHTER* shall have no claim against or interest in any revenues arising from, related to, or generated by the Bout.

1

4. **Standard Fighter Contract.** ***FIGHTER*** shall execute and comply with a standard fighter contract for the Bout on the form required by the applicable athletic commission (the "**Standard Fighter Contract**"), consistent with the terms of this Bout Agreement.

5. **Publicity and Promotion.** ***FIGHTER*** shall cooperate and assist in the publicizing, advertising and promotion of the Bout, including all Pre-Bout and Post-Bout Events, all rebroadcasts and compilations of the Bout, and all merchandizing for the Bout, and shall appear at and participate in a reasonable number of joint and/or separate press conferences, interviews, and other publicity or exploitation appearances or activities (any or all of which may be telecast, broadcast, recorded and/or filmed), at times and places designated by ZUFFA. ***FIGHTER*** shall arrive and commence training at the ***BOUT LOCATION*** on the ***TRAINING COMMENCEMENT DATE***.

6. **Representations and Warranties of Fighter.** ***FIGHTER*** represents and warrants to ZUFFA that:

   a. the representations and warranties set forth in the Promotional Agreement are true and correct as of the date thereof and as of the Effective Date, and further represents and warrants that ***FIGHTER*** is free to enter into this Bout Agreement, that ***FIGHTER*** is not now a party to, and will not prior to the Bout enter into, any contract or agreement for ***FIGHTER*** to participate as a contestant in any fighting contest which would occur prior to or after the Bout, or within the term of the Promotional Agreement; that ***FIGHTER*** will not participate in any fight or exhibition between the date hereof and the date of the Bout, except as promoted by ZUFFA; and that ***FIGHTER*** has not executed any contract, option or agreement which conflicts with the provisions hereof or which purports to grant any person or entity rights, and that there are no pending or threatened claims affecting ***FIGHTER***, which would interfere with the full and complete performance by ***FIGHTER*** of his obligations hereunder or the free and unimpaired exercise by ZUFFA of any of the rights granted to it hereunder.

   b. ***FIGHTER*** has obtained, and ZUFFA shall not be responsible to pay for in any way whatsoever, all clearances, licenses, uses, reuse fees, license fees, relating to the use and appearance of any creative expression, clothing apparel, sportswear and equipment, included but not limited to, trunks, robes, shoes, regalia or any other part of the costume, electronic information, digital information, wording, phrases, symbols, pictures, designs, print materials or other materials or information (including, without limitation, the trademarks, copyrights, personal privacy, property rights, names, voices, and likenesses of all and any persons, properties and businesses appearing therein (if any), and all components and elements thereof) displayed and exhibited by ***FIGHTER*** or any of ***FIGHTER's*** Affiliates during or at any Bouts, Pre-Bout Events or Post-Bout Events.

   c. ***FIGHTER*** has the full power to expressly and irrevocably transfer said rights described in Paragraph 6(b) above to ZUFFA, or ZUFFA's respective sponsors, successors, assigns, agents, directors, members, managers, officers, employees, co-producers and licensees, and warrants that the exercise of the rights granted herein will not infringe on any rights of any third party, including but not limited to copyright, trademark, unfair competition, contract, defamation, privacy or publicity rights.

2

7. **Indemnification.** ***FIGHTER*** agrees to indemnify, defend and hold harmless ZUFFA, its members, managers, officers, employees, representatives and agents from and against any claims, actions, proceedings, expenses (including attorneys' fees of counsel of indemnified party's choice, as and when incurred) and damages arising from or relating to any negligent or intentional acts or omissions by ***FIGHTER*** or ***FIGHTER'S*** Affiliates or by the actual or claimed breach of any representation, warranty or covenant of ***FIGHTER*** contained herein or in the Promotional Agreement.

***FIGHTER*** further agrees to indemnify, defend and hold harmless Anheuser-Busch, Inc., its parent, affiliated and subsidiary corporations and their respective directors, officers, employees and agents ("AB") from and against any and all lawsuits, causes of action, damages, losses, claims, costs or expenses (including attorneys' fees) of any nature whatsoever and from any cause whatsoever, whether foreseen or unforeseen, present or future, known or unknown, that I or my personal representatives, family members, heirs, next of kin, executors, administrators, successors, assigns, beneficiaries or employer may have or assert or incur, whether caused in whole or in part by the negligence and/or fault of AB or otherwise (excluding intentional torts or gross negligence on the part of AB), as a result of my preparation for (including all practices) and participation in the Event or any related event.

8. **Postponement/Cancellation/Termination.** In the event that:

    a.    a physician licensed or recognized by the Athletic Commission certifies that ***FIGHTER*** or ***OPPONENT*** is mentally or physically disabled to such an extent that one or both cannot participate in the Bout as scheduled or if ***FIGHTER*** fails to complete and be medically cleared from the medical examination required by the Promotional Agreement; or

    b.    ***FIGHTER*** or ***OPPONENT*** should lose or draw any fighting event between the date hereof (or the date that ***OPPONENT*** shall contract for the Bout) and the date of the Bout; or

    c.    the Bout is delayed or prevented from occurring on the ***BOUT DATE*** by reason of an act of God, fire, flood, war, public disaster, power failure, other calamity, strike or labor difficulties, or any governmental or Athletic Commission enactment, determination or action, regulation, or order; or

    d.    ***OPPONENT*** fails or refuses to participate in the Bout for any reason; or

    e.    the telecast of the Event is delayed, prevented from occurring on the ***BOUT DATE*** or canceled for any reason beyond ZUFFA's control; then ZUFFA shall, within thirty (30) days after the physician so certifies, and/or within thirty (30) days of the occurrence of the event causing the delay of the Bout, give ***FIGHTER*** written notice of the reason why the Bout cannot be conducted as scheduled, together with ZUFFA's decision, which decision shall be within ZUFFA's sole discretion, to reschedule the Bout to a date not later than six (6) months from the date originally scheduled for the Bout, or to terminate this Bout Agreement. Should ZUFFA determine to reschedule the Bout, this Bout Agreement shall remain in full force and effect during the period of any such extension or postponement. Should ZUFFA determine to terminate this Bout Agreement, then this Bout Agreement shall terminate and no compensation shall be due to ***FIGHTER*** for the Bout.

CONFIDENTIAL    ZFL-0390588

If ***FIGHTER*** shall fail or refuse for any reason to fully perform the obligations of ***FIGHTER*** hereunder, or if ***FIGHTER*** shall be in breach or default of any term or condition of this Bout Agreement or the Promotional Agreement, then in addition to any other rights and remedies it may have in such event, ZUFFA may terminate this Bout Agreement upon notice to ***FIGHTER***, and may withdraw recognition from ***FIGHTER*** of any Championship Title, status and belt. In the event that the Bout is canceled due to any such breach, ***FIGHTER*** agrees to promptly return to ZUFFA any and all funds advanced to ***FIGHTER*** by ZUFFA for the Bout, including any signing bonus.

9. **Notices.** Any notice or other communications given or sent pursuant to this Bout Agreement shall be in writing and shall be deemed given when personally delivered, mailed by registered or certified mail, return receipt requested, or delivered by confirmed facsimile transmission, to the respective parties at their addresses and facsimile numbers set forth in the Promotional Agreement.

10. **Entire Agreement/Miscellaneous.** This Bout Agreement (together with the Promotional Agreement incorporated herein by reference) sets forth the entire agreement and understanding between ZUFFA and ***FIGHTER*** with respect to the subject matter hereof, and supersedes any prior or contemporaneous agreements with respect to the subject matter hereof, whether written or oral. This Bout Agreement may not be altered, amended, discharged or modified except by subsequent written agreement executed by the parties hereto. Descriptive headings of this Bout Agreement are inserted for convenience only and do not constitute a part of this Bout Agreement and shall not be considered for purposes of its interpretation. ZUFFA and ***FIGHTER*** have each had the opportunity to consult with counsel of their choice in connection with the negotiation and preparation of this Bout Agreement, and any ambiguities shall be resolved without reference to which party may have drafted all or any provision of this Bout Agreement.

11. **Assumption of the Risk/Waiver of All Claims.** ***FIGHTER*** fully understands and agrees that the professional sport of mixed martial arts is an inherently and abnormally dangerous activity that can result in severe and permanent physical injury, including but not limited to irreversible neurological trauma, disability, and/or death. ***FIGHTER*** represents that he is a seasoned professional in the sport of mixed martial arts, and ***FIGHTER*** has knowingly evaluated the inherent risks in this dangerous sport and represents and declares that he is physically, mentally, emotionally and intellectually willing and able to accept, and does hereby clearly, unambiguously and explicitly accept, all risks associated with participating in the sport and the Bout.

In consideration for the opportunity to participate in the Bout, and with full knowledge of all risks, ***FIGHTER***, for himself, his heirs, assigns, executors and administrators hereby voluntarily releases, discharges, waives and relinquishes any and all past, present, and future claims and causes of action, specifically including any claims based on negligence, that he may have against ZUFFA, its subsidiaries, affiliates and sponsors, specifically including AB, and each of their members, managers, directors, officers, employees, representatives, agents and contractors in their individual, personal and representative capacities, and as the result of any injury or wrongful death that ***FIGHTER*** may suffer as a result of participating in the Bout. Furthermore, ***FIGHTER***, for himself, his heirs, assigns, executors, and administrators hereby irrevocably and unconditionally consents and agrees that the health insurance and accidental death proceeds and benefits provided by ZUFFA hereunder shall be the only benefits ***FIGHTER***

4

may claim or receive for any injury, including death, relating to any and all of **_FIGHTER_**'s services under this Agreement.

12. **Commercial Identifications.** **_FIGHTER_** covenants and agrees that no wording, symbols, pictures, designs, names or other advertising or informational material (i) for any beer, alcohol, beverage company, tobacco, casino or gaming company, media company (including, but not limited to, HBO, ABC, SET, FOX, ESPN and any Internet related company); (ii) of any sponsor in conflict or competition with any of ZUFFA's sponsors; (iii) of any sponsor causing injury to the reputation of ZUFFA or ZUFFA's sponsors and/or their respective officers and owners; or (iv) which has not been pre-approved in writing by ZUFFA and iN DEMAND, L.L.C. shall appear on the trunks, gloves, robe, shoes, regalia or any other part of the costume or the body (including by use of temporary or henna tattoos) of **_FIGHTER_**, his trainers, seconds or assistants during or at the Bout, or any Pre-Bout Events or Post-Bout Events. **_FIGHTER_** further covenants and agrees to only use the gloves approved and supplied by ZUFFA.

13. **Choice of Law/Exclusive Jurisdiction and Venue.** Any controversy arising from or relating to this Bout Agreement shall be subject to the governing law, exclusive jurisdiction and venue provisions set forth in the Promotional Agreement.

14. **Counterparts/Facsimile.** This Bout Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Facsimile signatures shall be effective as originals.

15. **Medical Testing.** **_FIGHTER_** shall provide the medical examination report required by the Promotional Agreement on or before the **_MEDICAL REPORT DUE DATE_**.

IN WITNESS WHEREOF, the parties hereto have executed this Bout Agreement, and the Term Sheet attached hereto as Exhibit "A", as of the dates set forth below, the later of which shall be the Effective Date.

**ZUFFA, LLC**

Signature: _____

Printed Name: Kirk D. Hendrick, COO

Date: _____

Opponent: Jorge Rivera

Event: UFN 21

**_FIGHTER_**

Signature: _[signed]_

Printed Name: Nate Quarry

Date: 1-13-10

Social Security No.: [redacted]

Passport No.: [redacted]

Passport Expiration Date: [redacted]

5

CONFIDENTIAL

ZFL-0390590

## EXHIBIT "A" TO BOUT AGREEMENT
## TERM SHEET

**_FIGHTER_** means **Nate Quarry.**

**_OPPONENT_** means **Jorge Rivera,** unless he is injured or otherwise not available to compete, in which case a substitute fighter may be selected by **ZUFFA**.

**_BOUT DATE_** means **March 31, 2010,** or such other date as **ZUFFA** may designate, in its sole discretion.

**_BOUT LOCATION_** means **Charlotte, NC,** or such other location as **ZUFFA** may designate, in its sole discretion.

**_WEIGHT DIVISION_** means **Middle** weight; **185** lbs. maximum.

**_NUMBER OF ROUNDS_** means **3** rounds of five (5) minutes each to a decision.

**_FIGHTER'S PURSE_** means $ **35,000 US (Thirty-Five Thousand Dollars).**
(Less all permissible or required deductions and withholding)

**_WIN BONUS_** means $ **35,000 US (Thirty-Five Thousand Dollars).**
(Less all permissible or required deductions and withholding)

**_INCIDENTALS_** means (i) **1** hotel or motel rooms; (ii) **2** round-trip economy class airline tickets from **_FIGHTER'S_** hometown to **Event**; (iii) **4** tickets to the Bout; and (iv) either **Fifty** Dollars (US $**50**) cash per diem for **_FIGHTER_** and **1** of **_FIGHTER'S_** Affiliates, or at **ZUFFA'S** discretion, meal vouchers for three meals per day for **_FIGHTER_** and **1** of **_FIGHTER'S_** Affiliates.

**_TRAINING COMMENCEMENT DATE_** means **March 27, 2010.**

**_MEDICAL REPORT DUE DATE_** means **March 10, 2010.**

## **EXHIBIT "B" TO BOUT AGREEMENT**

Bout Ancillary Rights include:

The unrestricted right to project, telecast, photograph, record, or otherwise reproduce the Bout and the events immediately preceding, during and following the Bout and between the rounds in any and all media in or by any manner, method, device (now known or hereafter devised), including but not limited to the unlimited and unrestricted right to telecast the Bout by means of live or delayed, over-the-air, cable, home or theater, interactive, pay, pay-per-view, satellite, subscription, master antenna, multi-point or closed circuit television, Internet applications, films and tapes, for exhibition in any and all media and all gauges, whether for theatrical exhibition or for sale, lease or license for home use, including audio and audio-visual cassettes and discs, CD-ROMs, DVDs, all forms of Internet on-line services, delivery or applications, "EVR," holograms, games and toys, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, the unlimited right to deal with any or all of the foregoing and to obtain copyright or similar protection domestically or internationally in the name of **ZUFFA** or **ZUFFA**'s nominee or assignee, and all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the foregoing, all in such manner as **ZUFFA** shall determine in its sole discretion; and

The unrestricted right to use, edit, disseminate, display, reproduce, print or publish in any media the name, sobriquet, voice, persona, signature, likeness and biography of ***FIGHTER*** and other persons affiliated with ***FIGHTER*** who are connected to the Bout, for purposes of advertising, promotion, publicity, merchandising and exploitation of the Bout, any Pre-Bout Events and Post-Bout Events; for purposes of the development, manufacturing, distribution, marketing and/or sale of any and all interactive devices, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, CD-ROMs, DVDs; Internet applications, video and audio cassettes, photographs, toys, merchandising, and any and all other similar products, including but not limited to the sleeves, jackets, and packaging for such products, and commercial and merchandising tie-ups and advertisements, banners, buttons, posters, t-shirts, clothing (including but not limited to hats and jackets), jewelry, and other souvenir items.

CONFIDENTIAL

ZFL-0390592