# EXHIBIT 37
-
# REDACTED VERSION OF ECF NO. 409-4

# EXHIBIT B

K. Hendrick E-mail to Zuffa, LLC Employees dated December 18, 2014

| | |
|---|---|
| **From:** | Kirk Hendrick |
| **To:** | Kirk Hendrick |
| **Cc:** | UFC |
| **Subject:** | IMPORTANT: Mandatory Preservation Notice |
| **Date:** | Thursday, December 18, 2014 4:13:38 PM |
| **Attachments:** | Mandatory Preservation Notice.docx |

To All Zuffa Employees:

As you may be aware, Zuffa, LLC (or the "Company") has been named in a lawsuit that was filed by two former fighters and a current fighter in the Northern District of California.  The Company is reviewing the lawsuit and is in the process of retaining counsel to represent it in the action as we intend to defend the litigation vigorously.  In the meantime, the Company and its employees have a duty to preserve evidence potentially relevant to the lawsuit.  Accordingly, I have attached a Mandatory Preservation Notice (the "Notice") to this e-mail that explains your obligations to preserve information.  Please review the Notice carefully.  As explained in more detail in the Notice, should you have any questions or comments about your obligations in this regard, you must contact me or another member of the Legal Department.  Please also note that once the Company retains outside counsel and has an opportunity to meaningfully confer with its attorneys, it is likely this Notice will be refined in scope including the custodians bound by the Notice and/or the categories of information required to be maintained.  We will, of course, provide you with any such updated Notices.

Thank you for your cooperation.

Kirk D. Hendrick
Chief Legal Officer

PRIVILEGED AND CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION
DO NOT FORWARD OR COPY

MANDATORY PRESERVATION NOTICE

Zuffa, LLC ("Zuffa") has been named in a lawsuit styled *Cung Le, et al. v. Zuffa, LLC*, 5:14-cv-05484 filed in the Northern District of California. The lawsuit has not been served on Zuffa to date, and the company is in the process of retaining counsel to represent it in the action. Meanwhile, Zuffa must nonetheless take immediate steps to preserve information, including documents and electronically stored information, such as email files, potentially relating to this matter.

You have received this Mandatory Preservation Notice ("Notice") because you have been identified as potentially having information that may be relevant to this matter. Therefore, to the extent you may have such relevant information, you are required to preserve and maintain that information until further notice, as explained below.

Please note that this Notice suspends Zuffa's normal document retention schedule and disposition policies for the Categories of Information, identified below in this Notice ("Material") until further written notice. Do not delete or destroy any Material, and please suspend any manual or automated practices in effect prior to receipt of this Notice that might lead to the deletion or destruction of any Material. THIS MANDATORY PRESERVATION NOTICE ONLY REQUIRES YOU TO PRESERVE MATERIAL DESCRIBED IN THIS NOTICE - YOU ARE NOT BEING ASKED TO COPY OR PRODUCE MATERIAL AT THIS TIME.

Please take the time to understand this Mandatory Preservation Notice. Compliance with this document preservation directive is mandatory. If you are at all in doubt as to whether particular documents should be preserved, you should preserve them. FAILURE TO COMPLY WITH THIS MANDATORY PRESERVATION NOTICE MAY EXPOSE ZUFFA (AND ITS EMPLOYEES) TO ADVERSE CONSEQUENCES, INCLUDING MONETARY SANCTIONS AND/OR CRIMINAL PENALTIES. If you have any questions regarding this Notice, including

whether any particular documents, data, or other Material falls within the scope of this Mandatory Preservation Notice, please contact one of the Contact Persons identified below.

Please promptly notify one of the Contact Persons identified below in the event that you are changing jobs within Zuffa or are leaving Zuffa. Arrangements will be made to ensure Material is appropriately preserved and maintained pursuant to this Notice.

### A. DEFINITION OF "MATERIAL":

The definition of "Material," as used in this Notice, includes: paper documents and electronically stored information, whether in an electronic database or on electronic media, such as memoranda, notes, letters, e-mails, files, log books, business plans, slides, spreadsheets, databases, presentations, charts, graphs, audio files, voicemails, IM communications, blogs, videotapes, physical samples, etc. Final versions as well as all drafts of such Materials must be preserved. This request includes not only Materials in your possession, but those in your custody or control, including Materials that are kept in departmental or central files or in offsite storage. You should consider a variety of sources within your control (*e.g.*, desktop computer; mobile computer; network data shares; personal intranet sites such as blogs and podcasts; e-mail accounts, including but not limited to, emails in your inbox, sent items, deleted items, drafts folder, and .pst folders; Instant Messaging applications; portable storage devices such as flash memory devices, DVDs, CDs, diskettes, and iPods; personal data assistant devices such as the Blackberry, iPAQ, Treo and cell phones; file cabinets; drawers; notebooks; etc.). In addition, if an administrative assistant maintains your files or retains copies of your documents, then those Materials must be preserved as well.

### B. REVIEW AND PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION:

With these definitions in mind, please review "Categories of Information" below and recognize that you may have documents that fall within more than one of these categories. Please preserve any Materials you may have that fall into any of these categories and ensure that these Materials are not destroyed or deleted.

### C. TIME PERIOD COVERING DOCUMENTS:

The time period covered by this Notice is January 1, 2004 to the present. However, it is possible that there may be some older Materials relevant to this matter created prior to this period, which therefore also should be preserved. Once Zuffa has retained counsel to represent it in this matter, you will be provided with any refinements of the foregoing time frame.

D. **CATEGORIES OF INFORMATION:**

- Given the overbroad nature of the claims and facts asserted in the subject lawsuit, it is impossible at this time to identify discrete categories of information to be preserved. Out of an abundance of caution, you should preserve all categories of information at this time. Once again, when Zuffa has retained counsel to represent it in this matter, you will be provided with any refinements of the categories of information that must be preserved.

IT owners of enterprise data sources must take immediate steps to preserve data containing the above categories of information which includes, but is not limited to, suspending routine deletion of data; suspending automatic deletion or recycling of data; suspending regular data purge jobs (no archive), and ensuring that the relevant enterprise data source is not retired without prior approval by the one of the listed Contact Persons.

E. **INSTANT MESSAGING:**

If you use IM to communicate information relevant to this matter, you must preserve the communication by transferring the conversation to a text editor like MS Word or print it.

F. **VOICE MAILS:**

If you create a voice mail to communicate information relevant to this matter, you must preserve the communication.

If you have existing voice mails relevant to this matter, you must immediately contact one of the Contact Persons listed below to take immediate steps to preserve these voice mails, and avoid the

3

deletion or destruction of any litigation relevant voice mails due to any automated voice mail practices in effect prior to the receipt of this Notice.

NEW MATERIAL CREATION REMINDER:

Keep in mind that all documents and electronically stored information that you prepare, like Materials that already exist, may need to be produced to government entities as required by law. You should keep this in mind as you prepare Materials and as you make decisions about whether or not Materials need to be prepared. You should consult one of the Contact Persons listed below to determine whether any new communications relating to the investigation may be covered by the attorney-client privilege. In general, try to limit any Materials you prepare that may be relevant to this case to statements of fact, rather than opinions. Also, be especially conscious of the possibility that statements in Materials may be taken out of context.

G. CONTACT PERSONS:

Kirk Hendrick

khendrick@ufc.com

Again, Zuffa is in the process of retaining counsel to represent it in this matter. Once that decision has been made, you will be provided with the names of additional contact persons at Zuffa's outside law firm in reference to the preservation of company information.

Your communications with these lawyers (both inside and outside Zuffa) are privileged and confidential. Please do not discuss the nature or substance of these conversations with others. If you are contacted by anyone not affiliated with Zuffa or its outside law firm please do not discuss this matter with them, and promptly alert one of the Contact Persons listed above regarding that contact.

To the extent you become aware of relevant Materials somewhere else in the organization or if there are other Zuffa individuals, whom you believe may have responsive information, please contact one of the above listed Contact Persons. PLEASE DO NOT FORWARD THIS E-MAIL TO THOSE INDIVIDUALS ON YOUR OWN; THE LEGAL DEPARTMENT WILL DO SO ON YOUR BEHALF SO WE CAN TRACK THE REQUEST.

Your responsibility to comply with this Notice is ongoing and exists until you receive further notice from the Zuffa Legal Department.

Thank you for your attention and assistance.

December 18, 2014