# EXHIBIT 39
-
# REDACTED VERSION OF ECF NO. 443-3

# Exhibit 2

1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: ███████   |   WWW.BERGERMONTAGUE.COM



|  | Patrick F. Madden |
|---|---|
| WRITER'S DIRECT DIAL | ███████ |
| WRITER'S DIRECT FAX | ███████ |
| WRITER'S DIRECT E-MAIL | pmadden@bm.net |

April 20, 2017

**Via Electronic Mail**

Marcy Lynch, Esq.
Boies, Schiller & Flexner, LLP
121 South Orange Ave
Suite 840
Orlando, FL 32801
mlynch@bsflaw.com

      Re:   **Zuffa's Privilege Log**

Dear Marcy:

      I write concerning Zuffa's privilege log which was produced to Plaintiffs on April 7, 2017. Plaintiffs' review of the privilege log and its 30,037 entries is ongoing. However, there are several immediate issues that must be resolved. Because Zuffa's production of the privilege log was delayed until shortly before the discovery deadline and Zuffa has refused to stipulate to an extension, Plaintiffs are unable to accommodate any request for more time to remedy the significant deficiencies discussed herein. Thus, as set forth below, Plaintiffs' require a response and action for each of the following issues by **Monday, April 24, 2017**.

**I.**    **Zuffa's Failure to Log Documents Concerning the Mercer Engagement**

      Plaintiffs are unable to locate log entries for any documents not previously produced relating to Zuffa's engagement of Mercer in 2013 and 2014.[1] As you know, the Court is currently considering Plaintiffs' motion concerning certain Mercer documents that Zuffa clawed back in 2016. Plaintiffs have identified the entries on the privilege log for the documents covered by that motion (ZFL-0557588, ZFL-1824835, and ZFL-1824837).[2] Other than those three Mercer documents, however, Plaintiffs are not able to identify any other documents relating to that project or engagement. Thus, either Zuffa did not log those other documents or it failed to

---

[1] Regardless whether Zuffa did in fact log such documents, Zuffa did not do so in a way that makes them identifiable and susceptible to analysis of the asserted privilege. Given the late date of the production of a privilege log and the clear ongoing dispute over these documents, failure to do so, particularly in this context, waives the privilege or protection.

[2] As noted below, the entries for these documents are incomplete and/or inaccurate.



Marcy Lynch
April 20, 2017
Page 2

describe them in a manner consistent with Zuffa's obligations under the Federal Rules of Civil Procedure. In either event, Zuffa's claims of protection over such documents are now waived and Plaintiffs demand the immediate, unredacted production of all such documents.

As you know, on April 26, 2015, Plaintiffs served their First Requests for Production of Documents Addressed to Defendant Zuffa, LLC ("First RFPs"). Those First RFPs included numerous requests to which the documents sent to or created by Mercer (regardless of whether the documents were sent through outside counsel) were responsive, including, without limitation:

> **Request for Production No. 12.** Documents and data in as granular form as it is maintained sufficient to show any and all compensation Zuffa paid to any and all MMA Fighters (including any payments made to others for the benefit of, or on behalf of, MMA Fighters), broken down by Fighter, event ("event compensation"), and itemized by all relevant categories….
>
> **Request for Production No. 13.** Documents and data in as granular form as it is maintained sufficient to show total non-event compensation (i.e., all compensation or beneficial payments to or on behalf of Fighters not included in Your answer to Request No. 12 above) You paid to each MMA Fighter at any time during the Relevant Time Period, broken down by Fighter, and itemized by all relevant categories….
>
> **Request for Production No. 16**. All Documents referencing or relating to, comparing, or analyzing (a) athlete compensation models, (b) athlete compensation levels, and/or (c) athlete contracts and/or agreements of (i) different MMA Promoters and promotion entities, and/or of (ii) different professional sports including without limitation, MMA, boxing, pro wrestling, football, basketball, tennis, golf, hockey, soccer and baseball
>
> **Request for Production No. 23.** All Documents reflecting or relating to studies or analyses of the effects of the contractual provisions identified in Request No. 22 on Your revenues, success, strategy, profitability or on the compensation You paid to MMA Fighters or anyone else.

In addition, on August 8, 2016, Plaintiffs served their Second Requests for Production of Documents ("Second RFPs") which included the following Request:

> **Request No. 77:** All documents and communications concerning Zuffa's engagement of Mercer (US), Inc. ("Mercer") or its parent, subsidiaries or affiliates in connection with the "Fighter Pay Program Review and Design" as described in the Statement of Work (ZFL-1007379) and any prior or subsequent engagement of Mercer for similar purposes including, without limitation, any (a) communications with Mercer, (b) information or documents provided to Mercer in connection with



the engagement, (c) Mercer's findings, and (d) Zuffa's response to (including actions taken pursuant to) Mercer's findings.

Moreover, on July 29, 2016, Plaintiffs issued a subpoena for service on Mercer (the "Subpoena") requesting the documents directly from Mercer. In light of the Subpoena, the First RFPs and the Second RFPs, it is beyond dispute that all documents sent to Mercer, all documents created by Mercer, and all documents received from Mercer in connection with this engagement are responsive to properly served discovery requests.

Any contention that Zuffa does not have documents within its custody or control which are in the possession of Campbell & Williams or Mercer is insufficient. As you also know, the parties have engaged in substantial meet and confer correspondence over Zuffa's efforts to collect documents which, although they may not be in Zuffa's possession, may be in Zuffa's custody or control. Plaintiffs specifically identified Mercer and the law firm Campbell & Williams as custodians of responsive documents concerning the Mercer engagement. In addition, by letter dated November 1, 2016, Zuffa's counsel, Colby Williams wrote that, "should Judge Leen deny Plaintiffs' pending Motion [concerning the Mercer documents], Zuffa believes it would be entitled to review any potential production of documents from Mercer prior to their delivery to Plaintiffs so that [Zuffa] may withhold or redact any work product protected materials and identify them on an appropriate privilege log." Mr. Williams' letter evidences a clear statement that Zuffa considers Mercer's documents relating to the engagement to be within Zuffa's control and that withholding such documents would need to appear on Zuffa's privilege log. Further, through other meet and confer correspondence, you stated that Zuffa had contacted Mercer "in the fall of 2016 seeking responsive documents" and determined that "No unique responsive, non-privileged/non-work product documents in Zuffa's control" existed. In order to make such a determination, Zuffa would have needed to collect and review all responsive documents and compare them to documents in Zuffa's possession. Such documents, regardless whether in Mercer's or Campbell & Williams' possession (but in Zuffa's custody or control) have either not been logged or been logged inadequately.

Regardless, Zuffa also has or should have responsive documents relating to the Mercer fighter compensation analysis in its possession that are either not logged or logged without adequate description of their contents. As a preliminary matter, the engagement of Mercer in or around September 2013 required Zuffa to provide Mercer with collections of documents and data concerning fighter compensation. The communication of such documents and data is not reflected in the privilege log. Indeed, Plaintiffs are unable to identify such communications or documents being sent by Zuffa (or Campbell & Williams) to either Campbell & Williams or Mercer. Moreover, the existing production evidences documents which have not been logged or produced. For example, the following text message exchange between Lawrence Epstein and Lorenzo Fertitta on June 13, 2014, as set forth in ZFL-2699678, refers to an unproduced "study" that compares compensation to athletes in multiple sports:



Marcy Lynch<br>April 20, 2017<br>Page 4

| Lawrence Epstein <+ 2120> | + 6097 | 6/13/2014 2:58:08 PM | This study is really good for us. We need to stop comparing ourselves to team sports and focus on individual athletes. |
| --- | --- | --- | --- |
| Lawrence Epstein <+1 2120> | 6097 | 6/13/2014 2:58:08 PM | GSP in 2013 made 7.5 million. Tiger woods 8.5 from tour winnings. |
| + 6097 | Lawrence Epstein <+ 2120> | 6/13/2014 4:09:14 PM | I agree |

Given the timing of the exchange, it appears to discuss a "study" received and/or reviewed by Epstein and Fertitta on or around June 13, 2014, which is consistent with the time period and subject matter of a draft or final Mercer report. However, Plaintiffs have not located a document with content as referenced in the text exchange in the production and Plaintiffs' review of the privilege log entries around that time do not reveal any such documents were withheld and logged.

 In short, the record in this case is clear that (1) documents relating to the Mercer engagement (whether those sent to Mercer, created by Mercer or received from Mercer and irrespective of whether the documents were sent via outside counsel) are responsive to discovery requests and a subpoena timely served by Plaintiffs in discovery, (2) certain documents relating to the Mercer engagement have been the subject of motion practice over the validity of Zuffa's claimed work product protection, (3) Zuffa is specifically aware of Plaintiffs' request for other documents relating to the Mercer engagement but has refused production on the basis of attorney client privilege and/or work product protection, (4) Zuffa is able to and did exert control over documents relating to the Mercer engagement in the possession of Campbell & Williams and/or Mercer, and (5) Zuffa produced a privilege log nearly 2 years after Plaintiffs' First RFPs and nearly 8 months after Plaintiffs' Second RFPs were served that does not contain or adequately describe documents relating to the Mercer engagement that are within Zuffa's possession, custody, or control. In light of these facts, Zuffa's failure to log (or adequately describe in its log so that Plaintiffs could conceivably review the designation and challenge them) the documents relating to the Mercer engagement is not excused by the volume of its production in this case.

 Zuffa's failure to log (or at least properly log) the documents relating to the Mercer engagement—except the documents at issue in the pending Motion to Compel, ECF No. 286 (ZFL-0557588, ZFL-1824835, and ZFL-1824837)—has waived the privilege over the unlogged/inadequately logged documents.

 **Please produce all such unlogged/inadequately logged documents relating to the Mercer engagement by <u>Monday, April 24, 2017</u>** or Plaintiffs will file a motion to compel them.



Marcy Lynch
April 20, 2017
Page 5

## II. Other Deficiencies in the Privilege Log Entries

In addition to the failure to log or adequately log the documents relating to the Mercer engagement, Zuffa's privilege log is fundamentally deficient in numerous widespread ways. **Please produce an amended privilege log by Monday, April 24, 2017** that remedies these errors or Plaintiffs will file a motion to compel production of all withheld documents on the basis of waiver, among other arguments.

### A. The log does not identify all "Recipient(s)"

Zuffa's privilege log contains a column for "Recipient(s)" but based on a spot check, the column does not properly identify all recipients of the documents logged in each entry.

Frequently, the "Recipient(s)" field is not populated even though the document description indicates that the document is an email, and thus necessarily has a sender and a recipient(s). In other cases, the "Family Description" inaccurately lists a non-email document as "Standalone" without a sender or recipient when, in fact, the document is the "Child" of a parent email.[3] In such case, the "Sender" and "Recipient(s)" fields should be populated with the sender and recipient(s) of the parent email, but generally Zuffa did not populate such information.[4] Even when the "Recipient(s)" field is populated, based on Plaintiffs' spot-checking of the redacted but produced documents on the log, Zuffa populated the field with only the "To:" data from an email and not the "Cc:" or "Bcc:" recipients. Finally, the "Recipient(s)" field only discloses recipients of a particular version of a document and not whether a duplicate or near duplicate was received by anyone else. Because the log contains no information from which Plaintiffs could infer which entries refer to duplicates or near duplicates of each other, Zuffa's failure to include all recipients of the subject matter of a particular document does not meet its burden of establishing the privilege. Each of these deficiencies must be immediately corrected.

To provide an example that evidences each of these deficiencies, please refer to Entry No. 21472 (ZFL-0984626). Entry No. 21472 is listed as a "Presentation discussing information prepared in anticipation of litigation regarding Cung Le antitrust litigation and other litigation."[5]

---

[3] Furthermore, the "Family Description" of "Parent" and "Child" does not connect the "Parent" documents to their "Child" documents. Plaintiffs are left to infer whether a "Child" document is the "Child" of the "Parent" entry listed closest to the "Child" document. That should not be the case. The log must identify—particularly in the absence of "Sender" and "Recipient(s)" data for "Child" documents based on the "Parent" email—which documents are in the same family. It does not do so.

[4] Even when correctly identified as a "Child" in the "Family Description" field, many such document entries improperly fail to reflect the "Sender" or "Recipient(s)" of the "Parent" email.

[5] In addition to the deficiency concerning the "Recipient(s)" field, the document lacks a "Doc Date" in the privilege log. The metadata as produced, however, demonstrates that the document was created on February 22, 2015 and last saved on February 22, 2015. The first page of the document provides "February 2015" as the date and the file name convention appears to suggest



The document is listed as a "Standalone" document in the privilege log with no "Sender" or "Recipient(s)". However, because Plaintiffs have the benefit of the as-produced redacted version, Zuffa's failure to accurately log the document is manifest. Indeed, ZFL-0984626 was emailed to three individuals and cc-ed to two Zuffa employees and two other individuals by Nakisa Bidarian. Neither the "Sender" of the email nor the seven "Recipients" were identified in the privilege log. In fact, five of the seven recipients did not have UFC.com email addresses raising the question of whether sending them the logged document destroyed the privilege. Regardless, the inclusion of ZFL-0984626 is improper in any event because Zuffa shared the unredacted document with Deutsche Bank. Indeed, DB-ZUFFA-00007366 appears to be the same or a substantially similar presentation as ZFL-0984626 in unredacted form. Deutsche Bank's possession of the document means that it is not "confidential" and therefore not privileged. **Please reproduce ZFL-0984626 to Plaintiffs in unredacted form no later than Monday, April 24, 2017**.[6]

As the above example makes clear, rectifying the severe deficiency of the "Recipient(s)" field is necessary for Plaintiffs to evaluate the assertion of privilege for each of log's entries and, necessarily, is required for Zuffa to maintain its claims of privilege. Because of Zuffa's extreme delay in producing the log and obstinacy in refusing to stipulate to an extension of the discovery timeline, Plaintiffs are unable to be flexible in the timeline for rectifying the issue. **Please produce an amended privilege log rectifying the "Recipient(s)" deficiency no later than Monday, April 24, 2017**.

### B. The log does not provide custodian information

The log provides no information as to the identity of the custodian from whom Zuffa collected the document. Such information can be compared to properly populated "Author", "Sender" and "Recipient" fields to determine whether the scope of persons with possession of or access to the document is more broad than otherwise indicated. Such information could further indicate that the assertion of privilege or work product is not supported or is deficient. Because

---

that February 23, 2015 is the document date. Although these varying dates create some confusion as to the accurate date, it is unacceptable for Zuffa to resolve that confusion by providing no date.

[6] Zuffa withheld near duplicates of ZFL-0984626, Entry Nos. 21517 and 21518 (ZFL-1106238 and ZFL-1106274, respectively) on the same basis. Because the privilege was waived by producing a substantially similar unredacted version to Deutsche Bank, those documents are also improperly included on Zuffa's privilege log and must be produced in unredacted form. Furthermore, Zuffa withheld the presentations logged at Entry Nos. 21511-21516 (ZFL-1101997, ZFL-1102027, ZFL-1102057, ZFL-1102087, ZFL-1102117, and ZFL-1102147) on the same basis. Like ZFL-0984626, Entry Nos. 21511-21516 are incorrectly listed as "Standalone" documents even though they were attached to cover emails. Also like ZFL-0984626, a substantially similar unredacted presentation was produced to Deutsche Bank (DB-ZUFFA-00007401). Zuffa thus waived the privilege as to Entry Nos. 21511-21516 as well and must produce the unredacted versions by April 24, 2017.



inclusion of custodial information would result in no danger of disclosing otherwise privileged information and could be probative of the inapplicability of a privilege or protection, Zuffa must disclose it to permit Plaintiffs to evaluate Zuffa's claims of privilege. **Please produce the custodial data for each entry by Monday, April 24, 2017**.

### C. The log does not populate necessary but available fields

As alluded to above, the privilege log contains numerous entries that lack any data in key fields such as "Doc Date", "Author", "Sender" and "Recipient(s)".

Myriad entries lack any identifying information as to any person(s) who authored, sent or received the document. Many such entries are described as containing "counsel's comments or edits" to draft agreements (*e.g.*, Entry Nos. 21410-21411, 21414-21415, 21417-21419). However, without information as to the counsel who supposedly commented, edited or provided legal advice, or the recipients of such advice, Zuffa has not met its burden of establishing the applicability of the privilege. **Please produce an amended privilege log that provides this necessary information by Monday, April 24, 2017**.

### D. The log is inaccurate

Plaintiffs have identified numerous examples of inaccurate log entries in the entries for redacted documents. Due to the pervasive nature of these inaccuracies, Plaintiffs suspect that numerous examples of inaccurate entries likewise exist for documents that have been withheld.

Just by way of example, Plaintiffs have identified the following inaccuracies in the log.

- Entry No. 21653 – ZFL-1824837 – is listed as an undated "Draft memo discussing legal advice and information requested by counsel in anticipation of litigation regarding fighter contracts". The "Sender" is listed as Tobias Bosch and the "Recipient(s)" is listed as Marshall Zelaznik. However, as you know from the parties' briefing, the document is a memorandum dated September 23, 2013, authored by Cathy Shepard of Mercer. It was attached to an email chain between Kirk Hendrick and Hunter Campbell. None of this actual information about ZFL-1824837 is described in the log entry.

- Entry No. 21649 – ZFL-1823736 – is listed as an email from Hunter Campbell to Kirk Hendrick "requesting legal advice regarding fighter contracts" that was withheld on the basis of "Attorney Client and Work Product". However, a review of the document demonstrates that it is an email from Jeff Davidson to Michael Mersch with Kirk Hendrick as the Cc recipient.

- Entry No. 21654 – ZFL-1824865 – is listed as an email from Hunter Campbell to Kirk Hendrick "discussing legal advice regarding fighter contracts". However, a review of the document demonstrates that it is actually an email chain between



- Michael Mersch, Kirk Hendrick and Brad Smuckler appearing to discuss a tax issue raised by a fighter (*i.e.*, whether Zuffa could pay the fighter an advance in the US to evade Australian taxes).

- Entry No. 21853 – ZFL-1901273 – is listed as an email chain "discussing legal advice regarding fighter contracts" from Tracy Long to Michael Mersch. A review of the document itself, however, demonstrates that Entry No. 21853 is an email from Colby Williams to Lawrence Epstein with Kirk Hendrick and Donald Campbell in the Cc field. The topic of the email appears to be a confidentiality agreement Zuffa sought to engage in to negotiate a deal with fighter Eddie Alvarez.[7]

In all, the pervasiveness of the inaccuracies in the privilege log, based only on the limited redacted documents Plaintiffs are able to review is severe and calls into question the diligence Zuffa performed in creating the log. **Please correct all inaccuracies and produce an amended log no later than Monday, April 24, 2017.**

### E. Zuffa's reliance on "Legal Department" to describe the "Author" of documents is insufficient

In the "Author" field for more than 1,200 entries, Zuffa describes the author only as "Legal Department." Such documents are typically withheld on the basis of Attorney Client privilege and are described as "containing counsel's comments or edits, and conveying legal advice…." However, if Zuffa cannot identify the lawyer who made the comments or edits and/or who conveyed legal advice, Zuffa cannot meet its burden to establish privilege. **Please produce an amended privilege log which accurately identifies the attorney whose comments, edits or legal advice is the basis for the assertion of the privilege by Monday, April 24, 2017.**

### F. Zuffa's assertions of work product protection are not substantiated

Zuffa has withheld or redacted over 40 documents only on the basis of work product protection and more than 225 more were withheld or redacted on the basis of work product protection and attorney client privilege. None of the entries on the privilege log, however, provide the litigation that Zuffa anticipated and few provide the document's date. Such information must be provided to substantiate Zuffa's withholding of a document on the basis of work product.

As you know, work product protection is only available for documents that are prepared by or for a party in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3). By withholding documents on the basis of "work product" and not describing the litigation that was anticipated

---

[7] Referring to such a confidentiality agreement as a "fighter contract" is misleading or, at least, demonstrates why a more descriptive statement of the content of the document (such as the type of fighter contract) is necessary for Zuffa to meet its burden.



(and rarely providing the date), Zuffa cannot meet its burden. **Please produce an amended privilege log which provides the document dates and the anticipated litigation for each document withheld on the basis of work product protection by Monday, April 24, 2017.**

### G. The descriptions of entries are insufficient to evaluate Zuffa's claims of privilege or protection

Zuffa's privilege log's "Description" of the documents is little more than a boilerplate assertion of privilege. The descriptions are form descriptions that are not tailored to the documents and are frequently inaccurate or illogical when compared to the other information provided.

In Zuffa's entry for the Mercer Presentation, for example, Zuffa described the document as a "Draft presentation prepared at counsel's request and in anticipation of litigation regarding fighter contracts." However, Zuffa's engagement of Mercer as described in its briefing on the claw back motion, would more accurately be described as anticipation of litigation regarding fighter compensation. Zuffa's log makes no reference to compensation in any description; only references potential litigation regarding fighter contracts. As you know, litigation over fighter contracts can take many forms, including, without limitation, litigation with fighters to terminate or enforce the contract, and with promoters over the signing of fighters who were not free agents. Providing descriptions that distinguish between such types of suits that generally concern fighter contracts (among other distinguishing factors), Zuffa does not risk revealing privileged materials and permits Plaintiffs to evaluate the claim of privilege. Failing to provide such specific descriptions is inadequate and must be remedied.

**Please produce an amended privilege log no later than April 24, 2017 that provides accurate and specific descriptions of the documents that permit Plaintiffs to evaluate the claimed privilege.**

### III. The Log Does Not Justify Privilege for Many Entries

Plaintiffs' examination of numerous log entries reveals no articulated basis for the privilege. The log is rife with entries asserting that non-attorneys "provid[ed] legal advice", that a non-Zuffa employee "request[ed]" legal advice of non-attorneys, and that Zuffa's "Legal Department" authored "counsel's comments or edits" and otherwise "convey[ed] legal advice". None of these entries meet the burdens required of Zuffa. If they are not remedied by Monday, April 24, 2017, Plaintiffs will move that the Court find a waiver of the privilege as to all such documents.

By way of example, Entry Nos. 22685 and 22686 (bearing Bates Nos. ZFL-1910321 and ZFL-1910323, respectively) refer to an October 22, 2014 email chain and attachment. The privilege log identifies the "Sender" of the email as John Hertig who, to the best of Plaintiffs' knowledge is neither an attorney nor a Zuffa employee. Hertig's cover email was sent to John Mulkey and Peter Dropick as indicated in the privilege log and the email does attach Entry No.



22686. The attachment features redacted comments in the margins of the draft agreement. The "Author" field of Entry No. 22686 in the privilege log states only "Legal Department" without identifying any individual. However, because neither the cover email exchange (in Entry No. 22685), the attached agreement (in Entry No. 22686), nor the privilege log actually identify an attorney providing the "comments" "edits" or "advice"—***or even indicate that an attorney was ever involved in the exchange***—Zuffa's assertion of privilege is unsupported and will be waived if not remedied by Monday, April 24, 2017.[8]

In another example, Entry No. 4566, dated September 17, 2009, evinces Zuffa's withholding of an email chain "providing legal advice regarding fighter contracts" from Bob Cook to "Rich Strikeforce" and Shannon Knapp. None of those persons appear on Zuffa's list of attorneys and legal staff nor does the description give any insight into Zuffa's claim of privilege. Without more, Zuffa has not met its burden of establishing privilege and must remedy the deficiency or produce the document.

In another egregious example, Zuffa has withheld or redacted dozens (if not hundreds once Zuffa fully reveals all "Recipient(s)") of emails and attachments that were sent or received by third parties and are, thus, necessarily nonprivileged. For example, Zuffa redacted Entry Nos. 22772, 22773 and 22774 (bearing Bates Nos. ZFL-1911379, ZFL-1911382, and ZFL-1911406) which comprise a cover email and two fully redacted attachments from July 2011. The cover email, Entry No. 22772, was sent by John Mulkey to two Raine employees and an employee of WME Entertainment. As you know, both Raine and WME were third parties in 2011. Zuffa cannot claim privilege over emails (or attachments) to those third parties in 2011.[9] Zuffa also withheld or redacted emails and attachments sent or received by agents of fighters such as Monte Cox (*e.g.*, Entry Nos. 10003 and 11050), Neal Tabachnick (*e.g.*, Entry No. 11903), and CAA (*e.g.*, Entry No. 6894), MMA fighters such as Brian Stann (*e.g.*, Entry No. 15429), other MMA Promoters such as Cage Warriors (*e.g.*, Entry No. 12322) and Bellator (*e.g.*, Entry Nos. 15869-15871), and numerous other third parties.[10] Even if a privilege assertion could be made as to any

---

[8] Moreover, Entry No. 22686 also lacks a date and the sender and recipients as set forth in the cover email to which it was attached.

[9] Other examples of non-privileged WME documents include, without limitation, Entry Nos. 23551 (ZFL-191049), 23580 (ZFL-1919214), 24920 (ZFL-2606940), 25333 (ZFL-2617631), 25335 (ZFL-2617634), and 25359 (ZFL-2617689). Other examples of non-privileged Raine documents include, without limitation, Entry Nos. 1526, 2293, 3035, 27632 (ZFL-2633867), 27633 (ZFL-2633870), 27634 (ZFL-2633873), 29951 (ZFL-2677530), 29954 (ZFL-2677559), and 29965 (ZFL-2678380).

[10] The number of third parties who sent or received documents Zuffa has withheld or redacted on the basis of privilege is egregious as it stands and is likely to multiply further when Zuffa produces a revised privilege log containing "Cc-ed" and "Bcc-ed" recipients. Examples of such third parties include, without limitation: Grant Milleret (a third-party accountant), Fox (*e.g.*, Entry Nos. 4107-4118), New Evolution Ventures (*e.g.*, Entry No. 4221), Fermata Partners (*e.g.*, Entry No. 20477) DoorSystems.com (*e.g.*, Entry Nos. 8461 and 10658), burt0749@aol.com



documents shared with any of these (or other) third parties in the privilege log, Zuffa has the burden to set forth facts in the log sufficient to articulate the claimed privilege or protection. Zuffa has not done so. **Please produce all withheld documents and produce all redacted documents in their unredacted form to the extent they were sent or received by WME (prior to August 2016), Raine, or any other third party other than a lawyer that Zuffa retained for the purpose of obtaining the legal advice reflected in the subject document by <u>Monday, April 24, 2017</u>**.

      Thank you for your prompt attention to this matter

                                      Sincerely,

                                      Patrick F. Madden

---

(*e.g.*, Entry No. 9833), Martin Advisory Group (*e.g.*, Entry No. 14480), THQ (*e.g.*, Entry No. 14764), HSBC Arena (*e.g.*, Entry No. 18740), and Lex McMahon (*e.g.*, Entry No. 18610), among others.