# EXHIBIT 87
# -
# REDACTED VERSION OF
# ECF NO. 540-133

# EXHIBIT 129

## Merchandise Rights Agreement between Zuffa and Cung Le

**ZUFFA, LLC**

**MERCHANDISE RIGHTS AGREEMENT**

**THIS MERCHANDISE RIGHTS AGREEMENT** (this "**Agreement**") is made as of the date set forth below (the "**Effective Date**") by and between **ZUFFA, LLC,** a Nevada limited liability company d/b/a Ultimate Fighting Championship® with offices at 2960 W. Sahara Avenue, Suite 100, Las Vegas, Nevada 89102 ("**ZUFFA**") and Cung Le ("**Fighter**").

RECITALS

A.      ZUFFA is in the business of, among other things, promoting mixed martial arts fighting competitions throughout the world under various trade names including, without limitation, Ultimate Fighting Championship® ("**UFC**"), and other intellectual property from time to time owned or licensed by ZUFFA (the "**Licensed Marks**");

B.      Fighter is a professional mixed martial arts fighter and desires to enter into an agreement with ZUFFA providing for ZUFFA to be the non-exclusive licensor of Fighter's Merchandise Rights (as defined herein) pursuant to the terms and conditions set forth herein.

C.      ZUFFA and Fighter have entered into a Promotional and Ancillary Rights Agreement dated as of September 15, 2011 (the "**Promotional and Ancillary Rights Agreement**") and one or more Bout Agreements (collectively, the "**Bout Agreements**", and collectively with the Promotional and Ancillary Rights Agreement and any extensions thereto, the "**Promotional Agreements**") under which ZUFFA is the exclusive promoter of Fighter's Bouts for a period of time, and pursuant to which Fighter grants certain promotional rights and ancillary rights, with such ancillary rights being granted to ZUFFA in perpetuity, as set forth therein; and

C.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Promotional Agreements.

**NOW, THEREFORE,** in consideration of the foregoing, the agreements and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ZUFFA and Fighter agree as follows:

ARTICLE I
GRANT OF MERCHANDISE RIGHTS / COLLECTIVE RIGHTS

1.1      Fighter hereby grants to ZUFFA during the Term (as defined herein) the worldwide non-exclusive right to use, display, disseminate, edit, reproduce, print, publish and make any other use of the name, sobriquet, image, likeness, voice, persona, signature, and biographical material of Fighter (collectively, "**Identity**") and to sublicense any of the foregoing in its sole discretion, solely in connection with the creation, development, manufacture, distribution, marketing and sale directly or by third parties of Licensed Merchandise (as defined herein) (collectively, the "**Merchandise Rights**").

1.2      ZUFFA shall own all intellectual property created under this Agreement (the "**IP**") as and for its sole property in perpetuity throughout the world, which ZUFFA shall hold free and clear from any and all claims of Fighter or anyone claiming through Fighter.  For the avoidance of doubt, ZUFFA's ownership of the IP shall survive even the death or incapacity of the Fighter.

1

HF 7652916v.4

CONFIDENTIAL

ZFL-0492672

1.3     For purposes of this Agreement, "**Licensed Merchandise**" shall include, without limitation, all apparel (such as t-shirts, hats, footwear and jackets), banners, buttons, posters, jewelry, photographs, souvenirs, toys, collectibles, trading cards (electronic or otherwise), merchandising tie-ins and any and all other similar type products, including the sleeves, jackets, tags and packaging for such products, hereunder made, licensed or distributed by any method now known or hereafter devised that (a) is approved by ZUFFA; (b) contains the trademarks, trade names, logos and other intellectual property owned or licensed by ZUFFA, including without limitation, the Licensed Marks; and (c) is not created, used, marketed or sold in connection with the promotion of any Bouts, Pre-Bout Events or Post-Bout Events, which rights shall have been granted pursuant to the Promotional Agreements.

1.4     Fighter shall cooperate and assist in the advertising, publicity, and promotion of the sale of Licensed Merchandise that includes Fighter's Identity, including, without limitation, making a minimum of six (6) personal appearances during each year of the Term at press conferences, interviews, retail trade show appearances, autograph signing sessions and other sponsorship and promotional activities (any of which may be telecast, broadcast, recorded or filmed by ZUFFA) as reasonably designated by ZUFFA, without additional compensation therefore. For such promotional activities, ZUFFA shall arrange and pay for Fighter's reasonable travel and hotel accommodations.

1.5     It is hereby understood that any rights granted hereunder shall be in addition to the rights granted under the Promotional Agreements between Fighter and ZUFFA and that in no event shall this Agreement entitle Fighter to any revenues or payments for any merchandise or other products derived from, created, used or sold in connection with any Bouts, Pre-Bout Events or Post-Bout Events, including but not limited to audio/visual footage (as such terms are used in the Promotional Agreements) and further that this Agreement shall not apply to any published or audio-visual works including, without limitation, books, magazines, and newspapers, whether in print or digital form, CD-ROMS, DVDs, Internet applications, wireless (including, without limitation, wireless applications such as ring tones and wallpapers), video and audio cassettes and disks and UFC Video Games or other interactive devices, home video and computer games, arcade video games, hand held, mobile or cellular phone versions of video games, video slot machines, developed, being developed or to be developed by various companies, including, but not limited to, Electronic Arts Inc., and any derivatives of such video games created by ZUFFA or its licensees or that uses the Licensed Marks all of which are covered in the Promotional Agreements to which Fighter is a party.

ARTICLE II
TERM

2.1     The term of this Agreement (the "**Term**") shall commence on the Effective Date and end on the fifth anniversary of the Effective Date (the "**Termination Date**"), unless terminated sooner pursuant to the provisions of this Agreement.

2.2     The expiration or earlier termination of this Agreement or any Promotional Agreements, or the death or incapacity of Fighter, shall not affect or terminate any of the general or specific provisions of this Agreement, all of which shall survive any such expiration, termination, death or incapacity.

2.3     Fighter hereby grants to ZUFFA a right of first negotiation/last refusal to obtain any and all merchandise rights of Fighter after the expiration or termination of this Agreement. At any time after the Term, and prior to entering into bona fide negotiations with any third party for the merchandising rights of Fighter, Fighter shall first offer such rights to ZUFFA in writing. Fighter and ZUFFA shall thereupon have thirty (30) days in which to agree to the terms and conditions of the merchandise rights to be granted to ZUFFA. In the event no agreement between Fighter and ZUFFA is reached with respect thereto by the end of such negotiation period, Fighter may negotiate and contract with third parties in

2

HF 7652916v.4

connection therewith; provided, however, that Fighter may not enter into any agreement with a third party or parties without first giving ZUFFA a right of last refusal as to any such third party offer that Fighter intends to accept, exercisable within ten (10) days, as calculated in Las Vegas, Nevada, following receipt by ZUFFA of written notice detailing the terms and conditions of such offer.  If ZUFFA does not meet such third-party offer in accordance with the immediately preceding sentence, Fighter shall be free to conclude its agreement with such third party; provided, however, that Fighter shall not enter into any arrangement, understanding or agreement with such third party (or any other third party) on terms and conditions less favorable to Fighter than those contained in the third-party offer without again affording ZUFFA a right of last refusal as provided above.

ARTICLE III
COMPENSATION

3.1     In consideration for the grant of the Merchandise Rights by Fighter to ZUFFA hereunder, ZUFFA shall pay to Fighter a royalty ("**Royalty**") in connection with the sale of all Licensed Merchandise that contains Fighter's Identity as follows:

a.     A Royalty equal to fifteen percent (15%) of the Gross Revenues (as defined herein) and thirty percent (30%) of the Gross Royalty Revenues (as defined herein), as the case may be, received by ZUFFA in connection with the commercial exploitation of Licensed Merchandise containing only Fighter's Identity in any calendar year during the Term; and

b.     At ZUFFA's option, to the extent that Fighter's Identity is contained in any Licensed Merchandise with one or more other fighters under contract to ZUFFA, Fighter shall receive a Royalty equal to (i) fifteen percent (15%) of the Gross Revenues and thirty percent (30%) of the Gross Royalty Revenues, as the case may be, received by ZUFFA in connection with the commercial exploitation of such Licensed Merchandise in any calendar year during the Term divided by (ii) the number of such other fighters featured in such Licensed Merchandise.

c.     No Royalties shall be earned or paid with respect to Licensed Merchandise furnished on a "no charge" basis, for promotional, marketing or goodwill purposes.

d.     "**Gross Revenues**" shall mean all revenues (other than taxes, credit card fees, shipping and handling charges and Gross Royalty Revenues) received by ZUFFA in connection with the commercial exploitation of Licensed Merchandise directly or indirectly by ZUFFA less returns and allowances.

e.     "**Gross Royalty Revenues**" shall mean all third party royalty or other licensing payments received by ZUFFA in connection with the commercial exploitation of Licensed Merchandise by such third parties.

3.2     Except as expressly set forth in this Article III, Fighter shall not be entitled to receive Royalties or any other form of compensation with respect to any other goods, services or otherwise in connection with the exploitation of the Merchandise Rights.

3.3     All Royalty payments due and owing to Fighter hereunder shall be made for any calendar year once on or before March 1 of the following calendar year.  Each Royalty payment to Fighter shall be accompanied by a statement of the Royalties earned by Fighter hereunder during the applicable previous calendar year.

3

HF 7652916v.4

CONFIDENTIAL                                                          ZFL-0492674

3.4     ZUFFA shall keep and maintain, at ZUFFA's principal place of business, complete and accurate records and books of account in connection with the Royalties payable to Fighter hereunder. During the term of this Agreement and for one (1) year following the termination or expiration of this Agreement, Fighter shall have the right at Fighter's sole cost and expense, no more than once per year, upon thirty (30) days prior written notice to ZUFFA, to authorize a reputable licensed and certified public accounting firm to audit and review (subject to the last sentence of this subsection) ZUFFA's books and records pertaining solely to Gross Revenues and Gross Royalty Revenues and the sale of Licensed Merchandise attributable to Fighter for the purpose of verifying and confirming the accuracy of the statements delivered to Fighter and the royalties paid or payable to Fighter hereunder. Any such audit shall be undertaken at ZUFFA's offices during normal business hours and shall not continue for more than three (3) business days.  All books and records must remain in ZUFFA's offices and may not leave the premises in any format. Information derived from such audit shall be subject to the confidentiality provisions of Section 7.3 below.

3.5     For the avoidance of doubt, ZUFFA shall be entitled to deduct and recoup as an offset against Royalties otherwise due to Fighter under this Agreement any sums advanced to Fighter under the Promotional Agreements.

ARTICLE IV
TERMINATION/REMEDIES

4.1     ZUFFA shall have the right, upon written notice to Fighter, to terminate this Agreement immediately if:

a.     Fighter or any of Fighter's Affiliates breach, violate or are in default of any provision of this Agreement or any other agreement entered into between Fighter and ZUFFA, including, without limitation, the Promotional Agreements; or

b.     Any of the representations or warranties of Fighter contained herein were false when made or are no longer true and correct.

4.2     Any such termination of this Agreement (a) shall be without further liability or obligation from ZUFFA to Fighter, except for the payment of any Royalties due to Fighter pursuant to Article III hereof which have been earned prior to the Termination Date; and (b) shall not serve to affect or terminate the grant of any of the Merchandise Rights hereunder, and this Agreement shall survive a termination and remain in full force and effect with respect thereto.

4.3     Fighter acknowledges that his services as a professional fighter and the Merchandise Rights granted to ZUFFA herein are special, unique, extraordinary, irreplaceable and of peculiar value, and that in the event of Fighter's breach or threatened breach of this Agreement or any other agreement to which Fighter is a party with ZUFFA, ZUFFA would suffer irreparable damage which could not be reasonably or adequately compensated by an award of damages.  In the event of such breach or threatened breach, ZUFFA shall be entitled, in addition to any other available remedy, to obtain equitable relief, including, but not limited to, an injunction against such breach and Fighter waives the right to assert as a defense in any such action that ZUFFA has an adequate remedy at law.  To the extent that a bond is necessary to obtain an injunction, Fighter agrees that the bond shall not exceed Five Hundred Dollars (US$500.00).

4.4     ZUFFA shall not be deemed in default of this Agreement to the extent that performance of its obligations are delayed or prevented by reason of any act of God, fire, natural disaster, war, riots, civil unrest or the threat thereof, strike or labor difficulties, terrorism, fire, power failure, other calamity or acts constituting force majeure, or any governmental or athletic commission enactment, determination

4

HF 7652916v.4



or action, regulation or order. If there is an occurrence of a force majeure event or other bona fide action described herein, ZUFFA may elect to suspend this Agreement for a period equal to the duration of the occurrence, and no compensation shall be paid or become due to Fighter during such suspension period.

ARTICLE V
REPRESENTATIONS AND WARRANTIES

5.1.    Fighter represents and warrants to ZUFFA that:

a.    Fighter is free to enter into this Agreement and has not heretofore and will not hereafter enter into any contract, option, agreement or understanding, whether oral or written, which conflicts with the provisions hereof or the grant of Merchandise Rights contained herein or which would or could interfere with Fighter's full and complete performance hereunder or the free and unimpaired exercise by ZUFFA of any of the Merchandise Rights.

b.    There are no claims or arbitration, mediation, or litigation pending or threatened affecting Fighter that would or could interfere with Fighter's full and complete performance hereunder or the free and unimpaired exercise by ZUFFA of any of the Merchandise Rights.

c.    Fighter is entering into this Agreement of his own free will, is not subject to duress of any kind, and is not under the influence of any Controlled Substance and Fighter knows of no disability, whether physical or mental, which would or could prevent Fighter from the full and complete performance of his obligations hereunder.

d.    Fighter has had the opportunity to consult an attorney or other representative or advisor regarding this Agreement, and he appreciates the legal significance and consequences of signing this Agreement.

e.    Fighter is either (i) a citizen of the United States and is not otherwise subject to any "backup" or other withholding of taxes or compensation specially applicable to those who are not citizens of the United States; or (ii) is not a citizen of the United States but has provided to ZUFFA in writing all information necessary to enable ZUFFA to comply with any applicable withholding or other payment requirement.

f.    Fighter has obtained, and ZUFFA shall not be responsible to pay for in any way whatsoever, all clearances, licenses, uses, reuse fees, license fees, relating to the use and appearance of any creative expression, clothing apparel, sportswear and equipment, including, but not limited to, tattoos, trunks, robes, shoes, regalia or any other part of the costume, electronic information, digital information, wording, phrases, symbols, pictures, designs, print materials or other materials or information (including, without limitation, the trademarks, copyrights, personal privacy, property rights, names, voices, and likenesses of all and any persons, properties and businesses appearing therein (if any), and all components and elements thereof) displayed and exhibited by Fighter or any person affiliated with Fighter in connection with any Licensed Merchandise.

g.    Fighter has the full power to expressly and irrevocably transfer the rights described in Section 5.1(f) above to ZUFFA, or ZUFFA's respective successors, assigns, agents and licensees, and warrants that the exercise of the rights granted herein will not infringe on any rights of any third party, including but not limited to copyright, trademark, unfair competition, contract, defamation, privacy or publicity rights.

5

HF 7652916v.4

CONFIDENTIAL

ZFL-0492676

h.      Unless Fighter receives prior written approval from ZUFFA, Fighter shall not utilize any of the Licensed Marks, including, but not limited to, the names and marks "Ultimate Fighting Championship®," "UFC®," the "Octagon™," "Ultimate Fighting®," "Ultimate Fighter®," "Pride Fighting Championships®," "Pride®," "Strikeforce®" and any logos, pictures or other representations of ZUFFA's intellectual property.

5.2.    ZUFFA represents and warrants to Fighter that:

a.      ZUFFA is a limited liability company duly formed under the laws of the State of Nevada; and that the person executing this Agreement on behalf of ZUFFA is authorized to do so; and

b.      ZUFFA is able to perform its merchandising and payment obligations arising hereunder, and there are no claims or arbitration, mediation, or litigation pending or threatened affecting ZUFFA that would prevent ZUFFA from performing hereunder.

## ARTICLE VI
## INDEMNIFICATION

6.1     Fighter shall indemnify, defend and hold harmless ZUFFA, its subsidiaries, affiliates and sponsors, and each of their members, managers, directors, officers, employees, representatives, agents and contractors from and against any claims, actions, proceedings, expenses (including attorneys' fees of counsel of indemnified party's choice, as and when incurred) and damages arising from or relating to any negligent or intentional acts or omissions by Fighter or any of Fighter's Affiliates or the breach of any of Fighter's representations, warranties or covenants contained herein or in the Promotional Agreements.

6.2     ZUFFA shall indemnify, defend and hold harmless Fighter from and against any claims, actions, proceedings, expenses (including attorneys' fees of counsel of indemnified party's choice, as and when incurred) and damages arising from or relating to any negligent or intentional acts or omissions by ZUFFA or by the actual or claimed breach of this Agreement by ZUFFA or the inaccuracy of any of ZUFFA's representations, warranties or covenants contained herein.

## ARTICLE VII
## MISCELLANEOUS PROVISIONS

7.1     ZUFFA shall have the absolute right to assign, license, or transfer any or all of the rights granted to it hereunder.  ZUFFA may assign any of its respective obligations hereunder without Fighter's consent.  The rights and obligations of Fighter arising from this Agreement are personal to Fighter and neither the benefits nor the duties of Fighter hereunder may be assigned, pledged or transferred for any reason.

7.2.    Nothing herein shall prevent ZUFFA from engaging in promotional or merchandising activities for any other professional fighter, including others in the same weight class as Fighter, or any other activities, whether related or unrelated to the subject matter of this Agreement.

7.3     Fighter shall not disclose to any third party (other than his agents, and professional advisors, in their capacity as such, on a need-to-know basis), any information with respect to the terms and provisions of this Agreement or the Promotional Agreements except: (i) to the extent necessary to comply with law or the valid order of a court of competent jurisdiction, in which event Fighter shall notify ZUFFA as promptly as practicable (if possible, prior to making such disclosure) and shall seek confidential treatment of such information, (ii) as part of normal reporting or review procedure to Fighter's lenders, accountants, attorneys and similar professionals, provided that such lenders, auditors

6

HF 7652916v.4

ZFL-0492677

and attorneys and similar professionals agree to be bound by the provisions of this section; and (iii) in order to enforce Fighter's rights pursuant to this Agreement or the Promotional Agreements, in which case Fighter agrees to enter into a confidentiality agreement for all such proceedings. ZUFFA shall have the sole right to determine the timing and content of and to make any press announcements and other public statements regarding this Agreement.

7.4     This Agreement sets forth and integrates the entire understanding between Fighter and ZUFFA, and supersedes any and all prior or contemporaneous written or oral agreements or representations between the parties with respect to the subject matter hereof.

7.5     Any notice or other communications given or sent pursuant to this Agreement shall be in writing and shall be deemed given (a) when personally delivered; (b) when delivered by confirmed facsimile transmission; (c) three (3) days following the date such notice is mailed postage paid by registered or certified mail, return receipt requested; or (d) one (1) business day following delivery by nationally recognized over-night courier or delivery service; or (e) when delivered by confirmed electronic means (electronic mail), to the respective addresses indicated below:

To ZUFFA:

Ike Lawrence Epstein, Chief Operating Officer
ZUFFA, LLC
2960 W. Sahara Ave.
Las Vegas, Nevada 89102

To Fighter:
Cung Le

Email: cungle@comcast.net

With a copy to:

Kirk D. Hendrick
Chief Legal Officer
ZUFFA, LLC
2960 W. Sahara Ave.
Las Vegas, Nevada 89102

With a copy to:

Email:

Any party may change its address for notice purposes by providing notice of such change of address in accordance with this section.

7.6     This Agreement has been delivered at and shall be deemed to have been made at Las Vegas, Nevada, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of Nevada. ZUFFA and Fighter hereby (a) expressly consent to the exclusive personal jurisdiction and venue of the state and federal courts located in Clark County, Nevada for any action brought by either party to interpret or enforce any provision of this Agreement; and (b) agree not to assert (by way of motion, as a defense or otherwise) that such legal proceeding has been brought in an inconvenient forum. The undersigned, by execution and delivery of this Agreement, expressly and irrevocably consent to the service of any complaint, summons, notice or other process relating to any such action or proceeding by delivery thereof to such party by hand or by any other method permitted pursuant to the Nevada Rules of Civil Procedure.

7.7     If any provision of this Agreement is found to be illegal, invalid, or unenforceable as to any circumstance, such finding shall not make the offending provision illegal, invalid, or unenforceable as

7

HF 7652916v.4

CONFIDENTIAL ZFL-0492678

to any other circumstance.  Rather, the offending provision shall be considered modified so that it becomes legal, valid and enforceable, or, if not capable of such modification, shall be considered deleted. The illegality, invalidity, or unenforceability of any provision shall not affect the legality, validity, or enforceability of any other provision of this Agreement.

7.8     No waiver by any party of any breach or default hereunder shall be deemed to be a waiver of any preceding or subsequent breach or default.  All waivers must be in writing, specify the breach or default concerned and be signed by the party against whom the waiver is sought to be enforced.

7.9     In the event either party engages counsel in connection with the enforcement or interpretation of this Agreement or any provision hereof or the resolution of any dispute arising from or related to this Agreement, the prevailing party shall be entitled to recover from the other party its attorneys' fees and costs.

7.10     The provisions of this Agreement are for the exclusive benefit of the parties hereto and their permitted successors and assigns, and no third party shall be a beneficiary of or have any rights under this Agreement, regardless of whether or not such third party is referred to herein.

7.11     Fighter shall execute any and all additional documents or instruments necessary or desirable to effectuate the provisions of this Agreement.  No party hereto shall take any action or fail to take any action which action or failure shall frustrate the purposes of this Agreement and the benefits contemplated hereby.

7.12     This Agreement may not be altered, amended or discharged, except by a subsequent writing signed by the parties hereto.

7.13     This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument. Facsimile signatures shall be as effective as originals.

7.14     Descriptive headings of this Agreement are inserted for convenience only and do not constitute a part of this Agreement and shall not be considered for purposes of its interpretation.  The parties agree that they have equally participated in the negotiation of the terms and conditions in this Agreement, and therefore any ambiguities shall be resolved without reference to which party may have drafted all or any provision herein.

8

HF 7652916v.4

CONFIDENTIAL

ZFL-0492679

IN WITNESS WHEREOF, the parties have executed this Agreement as of the dates set forth below, the later of which shall be the Effective Date of this Agreement.

ZUFFA, LLC

Signature:

Printed Name: Ike Lawrence Epstein

Title: Chief Operating Officer

Date: 4/18/13

FIGHTER

Signature:

Printed Name: Cung Le

Social Security No.:

Date: 4-18-13

Passport No.:

Passport Expiration Date: 5-26-18

APPROVED BY:

Signature:

Kirk D. Hendrick
Chief Legal Officer

9

HF 7652916v.4

CONFIDENTIAL

ZFL-0492680