WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA R. WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendant Zuffa, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>　　　　Defendant. | Case No.: 2:15-cv-01045-RFB-(BNW)<br><br>**DEFENDANT ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' STATEMENT REGARDING INJUNCTIVE RELIEF** |

1   Plaintiffs' Statement Regarding Injunctive Relief, filed on December 22, 2023, notified the Court that Plaintiffs will no longer be pursuing injunctive relief in this case. ECF No. 947. Plaintiffs' decision to drop their request for injunctive relief directly contradicts the Class Notice Plan on which Plaintiffs conferred with Defendant Zuffa, LLC ("Zuffa"), and which was approved by the Court on November 17, 2023. ECF No. 921; ECF No. 916-1 (Plaintiffs' original Notice Plan stating, "Plaintiffs seek to recover from Defendant in this Action money damages reflecting the amount Plaintiffs claim that members of the Bout Class were underpaid due to the alleged Scheme. **Plaintiffs also seek injunctive relief to stop Defendant from continuing to engage in the alleged anticompetitive conduct.**" (emphasis added)). Plaintiffs' decision not to pursue injunctive relief means that Plaintiffs need to amend their class notice in order to meet the class notice requirements of Fed. R. Civ. P. 23(c)(2)(B), which requires a notice to "clearly and concisely state" the "nature of the action," "class claims, issues, or defenses," and "binding effect of a class judgment" on prospective class members.

A class notice must include all information necessary for a reasonable person to make "an informed, intelligent decision of whether to opt-out or remain a member of the class." *Tierno* v. *Rite Aid Corp.*, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007). Notice is not adequate if its language misleads potential class members. *Molski* v. *Gleich*, 318 F.3d 937, 952 (9th Cir. 2003), *overruled on other grounds by Dukes* v. *Wal–Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010). Courts have routinely underscored the importance of class notices clearly indicating the nature of the relief sought by class counsel on behalf of prospective class members. *See e.g.*, *Bentley* v. *Honeywell International Inc.*, 223 F.R.D. 471, 486 (S.D. Ohio 2004); *Pearson* v. *Target Corp.*, 893 F.3d 980, 985-86 (7th Cir. 2018); *Strauch* v. *Comput. Scis. Corp.*, 2020 WL 4371816, at *6 (D. Conn. July 29, 2020). The fact that the *Johnson* class continues to pursue injunctive relief does not excuse *Le* class counsel from their obligation to provide fulsome clarity to prospective *Le* class members—who deserve to understand, and not be misled regarding, the nature of the relief being sought in *Le*. That is particularly true given that *Johnson* has only just entered discovery and any injunctive relief would be years away, as opposed to the Class Notice's indication that such relief could occur as soon as the *Le* trial concludes in just a few months.

Zuffa therefore intends to file a motion to amend Plaintiffs' class notice pursuant to Rule 23(c)(2)(B).

Dated: January 22, 2024

Respectfully Submitted,

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8095

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA R. WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

/s/ William A. Isaacson
WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006

BRETTE M. TANNENBAUM (*Pro hac vice)*
btannenbaum@paulweiss.com
YOTAM BARKAI (*Pro hac vice*)
ybarkai@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222

*Attorneys for Defendant Zuffa, LLC*
- 2 -

ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' STATEMENT REGARDING INJUNCTIVE RELIEF

Case No.: 2:15-cv-01045-RFB-(BNW)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Zuffa's Response to Plaintiffs' Statement Regarding Injunctive Relief was served on January 22, 2024, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ William A. Isaacson*
William A. Isaacson