ERIC L. CRAMER (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

JOSEPH R. SAVERI (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

RICHARD A. KOFFMAN (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

*Counsel for the Class and Attorneys for All
Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1 TO STRIKE DEFENDANT'S UNTIMELY DISCLOSED WITNESSES FROM DEFENDANT'S WITNESS LIST AND EXCLUDE THE UNTIMELY WITNESSES FROM TESTIFYING AT TRIAL** |

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................1

III. LEGAL STANDARD..............................................................................................................3

IV. ARGUMENT ..........................................................................................................................4

    A. Zuffa's Untimely Witness Disclosure Did Not Meet Its Obligation Under Rule 26(a)(1)..................................................................................................................4

    B. Zuffa's Untimely Witness Disclosure Was Not Harmless...........................................5

V. CONCLUSION ........................................................................................................................8

## I. INTRODUCTION

Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") file this Motion in Limine to Strike from Defendant Zuffa, LLC's ("Defendant" or "Zuffa") Preliminary Trial Witness List thirteen witnesses (the "Untimely Witnesses") that Defendant did not properly disclose in a timely manner. Plaintiffs further seek that these thirteen Untimely Witnesses be precluded from testifying at trial in this matter.

On February 2, 2024, the parties exchanged their preliminary witness lists for the upcoming April 15, 2024 trial in accordance with the parties' Joint Stipulated [Proposed] Pre-Trial Schedule, ECF No. 964. Zuffa identified thirteen proposed witnesses that it had not timely disclosed. *See* Defendant's Preliminary Trial Witness List (**Exh. A**).[1] The Untimely Witnesses fall into two categories. First, as to five of the Untimely Witnesses, Zuffa had never disclosed these potential witnesses prior to the February 2, 2024 exchange. These are the "Undisclosed Witnesses."[2] The second category includes eight Untimely witnesses that Zuffa identified for the first time in its December 22, 2023 Supplemental Disclosure Pursuant to Rule 26 ("Supplement"). These are the "Late-Disclosed Witnesses."[3] Neither the Undisclosed Witnesses nor the Late-Disclosed Witnesses were properly and timely disclosed in Zuffa's Rule 26(a)(1) disclosures. Zuffa disclosed both groups of Untimely Witnesses more than *six years* after the close of fact discovery, within four months of the start of trial in this matter. None of the thirteen Untimely Disclosed witnesses were deposed in this case. All should be stricken from Zuffa's witness list and precluded from testifying.

## II. BACKGROUND

When Zuffa served its Preliminary Trial Witness List on Plaintiffs on February 2, 2024, the list included thirteen witnesses that Zuffa did not disclose in its Rule 26(a)(1) disclosures during the discovery period in this case and who were not deposed by any party in this case. *Compare* Zuffa's

---

[1] Exhibit citations are to the Declaration of Joseph Saveri attached hereto unless otherwise indicated.

[2] The five Undisclosed Witnesses are: (1) Ali Abdelaziz; (2) Craig Borsari; (3) Mick Maynard; (4) Marc Ratner; and (5) Ed Soares.

[3] The eight Late-Disclosed Witnesses are: (1) Michael Bisping; (2) Donald Cerrone; (3) Michael Chandler; (4) Jason House; (5) Josh Jones; (6) Dan Lambert; (7) Chael Sonnen; and (8) Miesha Tate.

Rule 26(a)(1) Initial Disclosures (attached as **Exh. B**), *with* Exh. A.[4] These thirteen Untimely Witnesses fall into two categories:

First, Zuffa first disclosed eight of the thirteen Untimely Witnesses—the "Late-Disclosed Witnesses"—in a December 22, 2023 "Supplement" to Zuffa's Rule 26(a)(1) disclosures. *See* Zuffa's Supplemental Rule 26 Disclosure. **Exh. D**. Zuffa served that Supplement on the eve of trial and nearly six-and-a-half years after the close of discovery in this case.[5]

Second, Zuffa's February 2, 2024 Preliminary Trial Witness List also featured five, entirely new additional witnesses that never appeared on Zuffa's 26(a)(1) disclosures—neither the timely Initial Disclosures served in 2015 nor the Supplement served in 2023—and who were never deposed during discovery (the "Undisclosed Witnesses"). It was not until its trial brief, ECF No. 979 (Feb. 22, 2024) that Zuffa first disclosed of the subject matter of these witnesses' knowledge that Zuffa may use to support their defenses as required by Fed. R. Civ. P. 26(a)(1) despite multiple earlier requests by Plaintiffs.[6]

Plaintiffs objected and raised these issues to Zuffa by email on February 5, 2024, requesting a telephonic meet and confer and a disclosure of the subject matter of the testimony for the Undisclosed Witnesses as Rule 26(a)(1) requires. On February 6, 2024, Defendant responded by email, disagreeing with Plaintiffs' assertion that Defendant's disclosures were inadequate or untimely and not providing

---

[4] Defendant served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on May 8, 2015. Ex. B. That document disclosed: (a) six Zuffa employees, (b) the named plaintiffs and their managers, (c) several other MMA promotions, (d) Las Vegas event venues, and (e) a boxing promoter. All of the witnesses Zuffa disclosed also appeared among the 123 individuals on Plaintiffs' Initial Disclosures (attached as **Exhibit C**).

[5] Zuffa's Supplement also listed Daniel Cormier, a class member and current Zuffa employee, but Mr. Cormier did not appear on Zuffa's Preliminary Trial Witness List. Plaintiffs reserve the right to seek to strike Mr. Cormier from any future trial witness list Zuffa may serve and preclude him from testifying as well.

[6] For example, on February 13, 2024, Zuffa's counsel asserted via email: "Zuffa has not 'refused' to disclose the topics for which these witnesses have knowledge, as that information has been disclosed repeatedly, including within initial disclosures filed in 2015, and supplemental disclosures filed in 2023 and 2024." *See* Declaration of Eric Cramer, ¶ 6. However, none of the Undisclosed Witnesses were disclosed in Zuffa's 2015 or 2023 Rule 26(a)(1) disclosures. And Zuffa did not serve, much less file, any Rule 26(a)(1) disclosures in 2024.

any of the information required by Rule 26(a)(1) for the Undisclosed Witnesses. The parties further met and conferred concerning this Motion on February 16, 2024. To date, Defendant has still not identified the subject matter on which Defendant intends to rely on the Undisclosed Witnesses for its defenses as required by Fed. R. Civ. P. 26(a)(1), refusing Plaintiffs' explicit requests for the information. On February 22, 2024, Defendant finally identified the subject matter for the Undisclosed Witnesses' expected testimony. Defendant provided no justification for not providing that information earlier. The matter is ripe for the Court's intervention.

### III.     LEGAL STANDARD

All of the Untimely Witnesses should be excluded under applicable Ninth Circuit law, which requires that parties identify witnesses in their Rule 26(a)(1) disclosures:

> The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved. The late disclosure of witnesses throws a wrench into the machinery of trial. A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans. And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension. This in turn threatens whether a scheduled trial date is viable. And it impairs the ability of every trial court to manage its docket.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014).

Against this backdrop, the Ninth Circuit and its district courts have held that compliance with Fed. R. Civ. P. 26(a)(1)'s disclosure requirements is "mandatory," *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014), placing a disclosure obligation on parties that is not satisfied if opposing parties must "guess which undisclosed witness may be called to testify." *Ollier*, 768 F.3d at 863.

Disclosures under Rule 26(a)(1) are untimely if made after the discovery cutoff. *Schwartz v. Clark Cnty., Nev.*, No. 2:13-cv-709 JCM (VCF), 2018 WL 1627806 (D. Nev. Apr. 4, 2018). Fed. R. Civ. P. 37 "gives 'teeth' to Rule 26's mandatory disclosure requirements by forbidding the use at trial

of any information that is not properly disclosed." *Langermann v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:14-cv-00982-RCJ-PAL, 2015 WL 4724512, at *3 (D. Nev. Aug. 10, 2015) (citing *Ollier*, 768 F.3d at 861). Thus, if untimely disclosures are made, courts strike the witnesses from the offending party's witness list pursuant to Fed. R. Civ. P. 37 unless the untimely disclosure is justified or harmless. *Schwartz*, 2018 WL 1627806, at *3 (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)). It is the late-disclosing party's burden to prove harmlessness. *See Baird v. Blackrock Inst. Tr. Co., N.A.*, 330 F.R.D. 241, 244 (N.D. Cal. 2019) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)). The untimely disclosure of witnesses is not harmless when the late disclosure deprives the opposing party the opportunity to depose the witnesses. *Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669 (9th Cir. 2014); *see also Ollier*, 768 F.3d at 863. Where an untimely disclosure is deemed not harmless, "Rule 37(c)(1) is a 'self-executing, automatic' sanction designed to provide a strong inducement for disclosure." *Langermann*, 2015 WL 4724512, at *3.

**IV.     ARGUMENT**

Zuffa failed to comply with its disclosure obligations pursuant to Fed. R. Civ. P. 26(a)(1) as to each and every one of the Untimely Witnesses. Zuffa's failure to properly disclose these witnesses—indeed not disclosing them at all until less than four months before trial and years after the fact discovery cutoff—is inappropriate trial by ambush, and prejudicial. The Court should strike these individuals from Zuffa's Trial Witness List and preclude them from testifying.

    **A.     Zuffa's Untimely Witness Disclosure Did Not Meet Its Obligation Under Rule 26(a)(1)**

Zuffa had an obligation under Fed. R. Civ. P. 26(a)(1) to disclose the Untimely Witnesses during the fact discovery period in this case. There is no dispute here that Zuffa failed to do so.

As to the eight Late-Disclosed Witnesses, Zuffa first disclosed its intent to rely on any of their testimony on December 22, 2023, approximately 77 months after the discovery cutoff. Such disclosure was less than four months prior to trial. The late timing of Zuffa's disclosure far exceeds that which the Ninth Circuit has already deemed sufficiently egregious to affirm striking the witnesses. In fact, Zuffa's

disclosure of these eight witnesses 77 months after the discovery cutoff is more than five times the delay the Ninth Circuit has found sufficient to strike them, and the time remaining to trial is less than half the time the Ninth Circuit has deemed insufficient. *See Ollier*, 768 F.3d at 861 & 864.

Zuffa's untimely identification of the five Undisclosed Witnesses is similarly egregious. Zuffa can offer no reasonable justification for waiting to ambush Plaintiffs with even more new Untimely Witnesses in February 2024, just shy of two months before trial, that it did not even disclose in its untimely Supplement.

### B. Zuffa's Untimely Witness Disclosure Was Not Harmless

By waiting more than six years after the fact discovery cutoff and identifying new witnesses on the eve of trial, Zuffa's disclosure of the Untimely Witnesses was not harmless. Zuffa's Untimely Witness disclosures deprived Plaintiffs of the opportunity to take depositions of these individuals, an avoidable prejudice the Federal Rules are designed to prevent. Numerous cases have stricken witnesses and precluded their testimony under far less egregious circumstances.

In *Hill v. Department of Homeland Security*, the Ninth Circuit affirmed the district court's exclusion pursuant to Fed. R. Civ. P. 37(c)(1) of 35 witnesses disclosed after the deadline to submit Rule 26(a)(1) disclosures, finding the party's failure to do so in a timely way "deprived the [opposing party] of the opportunity to serve additional discovery requests to determine which of the 35 witnesses had useful information, and to depose those witnesses." 570 F. App'x at 669. There, the disclosing

party had identified the witnesses in responses to written discovery requests, but such disclosure "did not cure this non-compliance" with Rule 26(a)(1). *Id.*[7]

In *Ollier*, the Ninth Circuit found no justification for the late disclosure of witnesses, and that a mere long delay of disclosure without justification was sufficient basis to conclude that the late disclosure was not harmless. 768 F.3d at 862. Indeed, there, the court affirmed the district court's finding that "[w]aiting until long after the close of discovery and on the eve of trial to disclose allegedly relevant witnesses is harmful." *Id.* The disclosing party had argued that because the witnesses were discussed at depositions and thus were known to the opposing party, the late disclosure was harmless. The Ninth Circuit rejected that argument, holding that if the witnesses were permitted to testify at trial, the opposing party "would have had to depose them—or at least consider which witnesses were worth deposing—and to prepare to question them at trial," and such imposition "would have burdened Plaintiffs and disrupted the court's and the parties' schedules." *Id.* at 863.

The court in *Shenwick v. Twitter, Inc.,* found that even where the opposing party included individuals on its own Rule 26(a) disclosures, that does not satisfy the disclosing party's Rule 26(a) obligations. No. 16-cv-05314-JST, 2021 WL 1232451, at *1-2 (N.D. Cal. Mar. 31, 2021); *see also Baird*, 330 F.R.D. at 244 (same). "The obvious purpose of [Rule 26] is to enable the opposing party to prepare to deal with the individual's evidence in the case." *Shenwick*, 2021 WL 1232451, at *2 (quoting *Ariz. Libertarian Party v. Reagan*, No. 16-cv-01019-PHX-DGC, 2017 WL 2929459, at *3 (D. Ariz. July 10, 2017), *aff'd sub nom. Ariz. Libertarian Party v. Hobbs*, 925 F.3d 1085 (9th Cir. 2019)).

---

[7] Here, Defendant identified one of the Undisclosed Witnesses, Craig Borsari, in response to two interrogatories. However, in addition to the reasoning of *Hill*—which found such disclosure insufficient anyway—Defendant then informed Plaintiffs in an October 28, 2015 letter that Mr. Borsari was not involved in the challenged conduct. *See* Letter from John Cove to Michael Dell'Angelo (Oct. 28, 2015). **Exh. E, p. 5**. Zuffa's position that Mr. Borsari was not involved in the conduct challenged in this case undermines any reliance Plaintiffs could have had on Zuffa's disclosure in the Interrogatory responses. Further, because of the strict limit of 15 depositions of current and former Zuffa employees, Plaintiffs were forced to make decisions on which of the 22 custodians (and other Zuffa employees identified through discovery) to depose. Zuffa's statement that Mr. Borsari did not have involvement in the conduct challenged in this case—in addition to not being listed on Rule 26(a) disclosures—created an impression that Zuffa would not call Mr. Borsari as a witness at trial. To the extent the Court permits Mr. Borsari to testify at trial, Plaintiffs request that the Court strictly limit Mr. Borsari's testimony to those matters on which he was disclosed in response to Interrogatory Nos. 6 & 7.

In *Shenwick*, the opposing party had included 170 individuals in their Rule 26(a) disclosures, leading the court to rule:

> To now hold that [the opposing party] were supposed to know which of these potential witnesses might be valuable to [the late disclosing party], and therefore deserving of [the opposing party's] discovery resources, would both penalize [the opposing party] for their efforts to provide an inclusive disclosure and disregard the purpose behind Rule 26… [The opposing party] should not have to guess which of these potential witnesses to focus their energies on when [the late disclosing party] know which ones are material."

*Id.*; *see also Baird*, 330 F.R.D. at 244 (rejecting effort to rely on the opposing party's disclosure of witness in Rule 26(a) disclosures). Further, the *Shenwick* court noted that the fact that the disclosing party had included some but not all of the witnesses the opposing party disclosed themselves "made it even less likely that the [opposing party] would conclude that the omitted witnesses were material," thus "further undermin[ing] [the disclosing party's] ability to rely on the [opposing party's] disclosure to relieve it of its own disclosure burden." *Shenwick*, 2021 WL 1232451, at *2 (citing *Baird*, 330 F.R.D. at 244).

This case is on all fours with *Hill*, *Ollier, Shenwick*, and *Baird*. Zuffa has identified the thirteen Untimely Witnesses on the eve of trial and more than six years after the discovery cutoff. This belated disclosure up against the trial deadlines is more egregious than that which the Ninth Circuit found sufficient to create harm in *Ollier*.

Per *Hill*, that one of these Untimely Witnesses (Craig Borsari) was mentioned in written discovery responses does not replace Zuffa's obligation to identify them as potential witnesses. This is particularly so given that Zuffa subsequently informed Plaintiffs that Mr. Borsari was not relevant. *See* n.6 *supra*.

That five of the Untimely Witnesses were among the *123* individuals identified in Plaintiffs' Rule 26(a)(1) disclosures (attached as **Exh. C**)[8] does not satisfy Zuffa's obligation to have identified these witnesses on their own Rule 26(a)(1) disclosures, which Zuffa did not do. In fact, that Plaintiffs

---

[8] Specifically, Plaintiffs' Rule 26(a)(1) disclosures, served on May 8, 2015 included: (1) Craig Borsari; (2) Marc Ratner; (3) Ed Soares; (4) Mick Maynard; and (5) Ali Abdel-Aziz.

identified these witnesses among the 123 individuals in Plaintiffs' broad initial disclosures is insufficient as a matter of law. *Shenwick*, 2021 WL 1232451, at *2; *Baird*, 330 F.R.D. at 244. Plaintiffs had no way to determine which of the 123 individuals Plaintiffs identified Zuffa would plan to rely on at trial. That is exactly why the law requires that Zuffa itself disclose its witnesses. *Shenwick*, 2021 WL 1232451, at *2; *Baird*, 330 F.R.D. at 244. To allow Zuffa to rely on Plaintiffs' broad initial disclosures would both penalize Plaintiffs for their efforts to disclose adequately and reward Zuffa for gamesmanship. *See Shenwick*, 2021 WL 1232451, at *2.

Had Zuffa identified any of the thirteen Untimely Witnesses as potential witnesses *during the discovery period*, it would have allowed Plaintiffs to make informed decisions on what discovery needed to be taken from these individuals, including through depositions. The eight Late-Disclosed Witnesses were disclosed too late —77 months after fact discovery closed and on the eve of trial. Zuffa contends that Plaintiffs being aware of these witnesses makes such late disclosure harmless, but Zuffa can point to no basis in the record that would make these eight witnesses sufficiently identified as important for Zuffa's defenses without Zuffa timely identifying them as such. The five Undisclosed Witnesses not only suffer from the same infirmity as the Late-Disclosed Witnesses, (1) Zuffa has offered no reason that it did not even disclose them in its untimely Supplement, and (2) even weeks later, Zuffa has not provided—and indeed refuses to provide—the information concerning the subject matter of their expected testimony as required by Fed. R. Civ. P. 26(a)(1). *See* n.5 *supra*.

Just as these and other courts have rejected parties' belated efforts to inject new witnesses into cases on the eve of trial, so too should this Court strike Zuffa's Untimely Witnesses and keep this case on track for trial as scheduled.

## V. CONCLUSION

At bottom, Zuffa's belated identification of the Untimely Witnesses is not justified and is just the latest in Zuffa's seriatim effort to inject new discovery into this trial. Permitting Zuffa to present these Untimely Witnesses would require the Court to permit Plaintiffs to take the depositions of these individuals, necessarily causing prejudice to Plaintiffs as it requires Plaintiffs to divert their attention from preparing for this trial to take new discovery that Zuffa could have—and indeed was required to

by Rule 26(a)(1)—identified years ago. Rule 26(a)(1) and Rule 37(c) are in place for precisely this situation: to empower the Court to say that discovery is closed, it has been closed for more than six years, and this case will be tried on the existing record without new, late, or undisclosed witnesses. If the Court does not grant this requested relief, Plaintiffs request that the Court require these witnesses to sit for depositions prior to any testimony they may give at trial.

Dated: February 29, 2024

Respectfully submitted,

*/s/ Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

*/s/ Eric L. Cramer*
Eric L. Cramer (*pro hac vice*)
Michael C. Dell'Angelo (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
Najah Jacobs (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: enoteware@bm.net
Email: njacobs@bm.net

Joshua P. Davis (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
Daniel L. Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600

Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr.
Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February, 2024 a true and correct copy of PLAINTIFFS' MOTION IN LIMINE NO. 1 TO STRIKE DEFENDANT'S UNTIMELY DISCLOSED WITNESSES FROM DEFENDANT'S WITNESS LIST AND EXCLUDE THE UNTIMELY WITNESSES FROM TESTIFYING AT TRIAL was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

*/s/ Joseph R. Saveri*
Joseph R. Saveri