ERIC L. CRAMER (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

JOSEPH R. SAVERI (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

RICHARD A. KOFFMAN (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

*Counsel for the Class and Attorneys for All Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT TESTIMONY, OPINIONS, AND EVIDENCE THAT WAS NOT TIMELY DISCLOSED** |

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

    A. The Untimely Expert Materials........................................................................................ 2

        1. Materials Relating to the Class Certification Hearing ..................................... 2

            a. Zuffa's Summary Exhibits Reflecting New Expert Analyses and Opinions by Undisclosed Consultants........................................... 2

            b. Untimely Regression Results from the Class Certification Hearing..... 5

        2. Dr. Topel's Untimely Expert Report................................................................ 6

    B. The Timely Expert Disclosures....................................................................................... 6

III. LEGAL STANDARD........................................................................................................... 7

IV. ARGUMENT ........................................................................................................................ 7

    A. The Untimely Expert Analyses Relating to Class Certification Should be Excluded................................................................................................................................ 8

        1. Zuffa's untimely expert analyses disguised as summary exhibits should be excluded. ........................................................................................................... 8

        2. Zuffa's late regression analyses should be excluded. ................................... 10

    B. Dr. Topel's Untimely Expert Report and Related Testimony Should Be Excluded.. 11

    C. The Parties Should Be Precluded from Generating New Expert Material For Trial .. 11

V. CONCLUSION................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crawford v. Pro. Transp., Inc.*,
    No. 3:14-cv-00018, 2017 WL 1077660 (S.D. Ind. Mar. 22, 2017) ............................................. 8, 10

*Hilborn v. Metro. Grp. Prop. & Cas. Ins. Co.*,
    No. 2:12-CV-00636-BLW, 2014 WL 2506303 (D. Idaho June 3, 2014) .............................. 7, 8, 11

*Lemon v. Harlem Globetrotters Int'l, Inc.*,
    No. CV 04-0299, 2006 WL 3499969 (D. Ariz. Dec. 5, 2006) ............................................................ 8

*Mont. Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp.*,
    No. CV 05-30-H-DWM, 2006 WL 1876859 (D. Mont. June 2, 2006) ............................................ 9

*In re Taco Bell Wage & Hour Actions*,
    No. 1:07-CV-01314-SAB, 2016 WL 2755938 (E.D. Cal. Apr. 8, 2016) ..................................... 8, 9

*United States v. Graham*,
    No. CR 13-37-M-DWM, 2013 WL 6383169 (D. Mont. Dec. 5, 2013) ............................................. 9

*United States v. Grajales-Montoya*,
    117 F.3d 356 (8th Cir. 1997) ............................................................................................................. 9

*United States v. White*,
    737 F.3d 1121 (7th Cir. 2013) ........................................................................................................... 8

*United States. v. Yagi*,
    No. CR-12-0483 EMC, 2013 WL 10570994 (N.D. Cal. Oct. 17, 2013) ......................................... 9

*Wong v. Regents of Univ. of Cal.*,
    410 F.3d 1052 (9th Cir. 2005) ................................................................................................. 7, 8, 11

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ................................................................................................. 7, 8, 11

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................... 7, 10, 11

Fed. R. Civ. P. 37 ........................................................................................................... 7, 9, 10, 11

Fed. R. Evid. 1006 ................................................................................................................. 3, 8, 9

## I. INTRODUCTION

Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") file this Motion in Limine to exclude expert testimony, opinions, and evidence that were not timely disclosed.

Since the expert discovery cutoff in January 2018, Defendant Zuffa, LLC ("Defendant" or "Zuffa") has repeatedly produced new, untimely expert reports, analyses, testimony, and opinions. The parties stipulated to—and the Court approved—certain of Zuffa's otherwise untimely expert testimonial materials to be considered timely if Plaintiffs were given an opportunity to respond.[1] However, Zuffa's efforts to inject new expert opinions into this case continued well after the parties' stipulation. This Motion seeks to exclude such untimely materials from introduction or reference at trial.

Specifically, this Motion targets three categories of Zuffa's untimely and unauthorized expert materials. First, Plaintiffs seek to exclude the new expert testimony disguised as purported summary exhibits that Zuffa submitted in connection with the Class Certification Hearing in August 2019. Plaintiffs previously challenged these materials, *see* ECF No. 658 (Plaintiffs' Objections to Defendant Zuffa, LLC's Proposal to Introduce Certain Purported "Summary Exhibits" at the Hearing Concerning Plaintiffs' Motion for Class Certification), but the Court refrained from ruling on Plaintiffs' challenges. Second, Plaintiffs seek to exclude new analyses offered by Zuffa's expert Dr. Robert H. Topel in connection with the Evidentiary Hearing on Plaintiffs' Motion for Class Certification (the "Class Certification Hearing"). *See*, *e.g.*, ECF No. 728 (reporting Dr. Topel's new 2019 regressions). In connection with that hearing, Zuffa served entirely new regression results from Dr. Topel on Plaintiffs. *Id.* Plaintiffs have not had an opportunity to respond to these untimely regressions. Third, Plaintiffs

---

[1] Specifically, Zuffa served two additional reports of its expert Dr. Robert H. Topel after the discovery deadline (ECF Nos. 551-15, & 540-5), and because these new, unauthorized reports required responses from Plaintiffs' expert Dr. Hal J. Singer, the parties ultimately stipulated to a total of three additional reports from each expert to be considered timely. *See* ECF No. 545. The Court granted that stipulation. ECF No. 628. As a result, Dr. Topel has submitted four timely reports (including Dr. Topel's Declaration in Support of Zuffa, LLC's Opposition to Plaintiffs' Motion for Class Certification). This Motion seeks to exclude all subsequent expert opinions, analyses, testimony, and reports following the reports authorized by the parties' stipulation commemorated in ECF No. 545.

seek to exclude the fifth report of Dr. Robert Topel, served in connection with Zuffa's Motion for Summary Judgment. ECF No. 575-17.

Each of these categories of expert material was disclosed after the Court-ordered expert discovery deadline and none was subject to any stipulations of the parties. Finally, given that Zuffa's seriatim attempts to supplement the expert record has continued into late 2023, Plaintiffs further request that the Court explicitly bar Zuffa from serving and/or attempting to admit any new expert reports, opinions, analyses, or testimony before or at trial.[2] Without such an order, as Zuffa has repeatedly demonstrated, new analyses are likely to be forthcoming, which would require further briefing and distraction from trial preparations. All such untimely expert material should be excluded.

As the Court stated at the Class Certification Hearing: "I don't think, for either side, it's fair to raise arguments about modelling, given the number or reports that these experts produced, to raise new arguments that were not previously raised in depositions [or] rebuttal reports." Day 2 Hrg. Tr. at 2-81, August 27, 2019, ECF No. 726. Through this Motion, Plaintiffs seek only to set the scope of the expert record based on what was timely disclosed.

## II. BACKGROUND

### A. The Untimely Expert Materials

#### 1. Materials Relating to the Class Certification Hearing

##### a. Zuffa's Summary Exhibits Reflecting New Expert Analyses and Opinions by Undisclosed Consultants

The Court directed the Parties to exchange exhibits on May 24, 2019 in preparation for the Class Certification Hearing. ECF No. 649. Zuffa included 22 exhibits for the Class Certification Hearing to which Plaintiffs objected at the time. ECF No. 658. Among the 22 objected-to exhibits, eight constituted then-brand new purported summary exhibits. None of these new summary exhibits were derived from or contained in Zuffa's expert reports. Further, 14 of the 22 exhibits also constituted

---

[2] As the Court noted at the Class Certification hearing, "I think you understand the ground rules. What you're asking me to do is direct them not to produce [new regressions]. If you want to ask me to direct them not to produce them, you should ask me to direct them not to produce them." Day 3 Hrg. Tr. at 3-168, ECF No. 730 (Aug. 28, 2019). Plaintiffs' request here is in line with that instruction.

untimely expert testimony disguised as summary exhibits.[3] Plaintiffs moved to exclude these 22 exhibits prior to the Class Certification Hearing. ECF No. 658.

The Court did not resolve Plaintiffs' Motion on the docket. On the first day of the Class Certification Hearing, the Court made clear that the experts would be permitted to testify at that hearing as "limited by the testimony that is identified in the reports that are submitted … with respect to the motion to certify," and that to the extent the Disputed Exhibits were "based upon new information" the Court did not "think … that would be appropriate." Day 1 Hrg. Tr. at 28, ECF No. 724. However, the Court made clear, as a general matter, that "[s]ummary exhibits that summarize testimony are permissible. Summary exhibits that essentially bring in new testimony or offer new testimony would not be permissible." *Id.*

As described in Plaintiffs' prior motion, these 22 "Summary Exhibits" constitute new testimony not disclosed in Zuffa's experts reports and/or are otherwise not appropriate under Fed. R. Evid. 1006. *See* ECF No. 658 at 4-7 (describing the contents of the exhibits); ECF No. 658-8 (summarizing Plaintiffs' objections to these 22 exhibits). These exhibits were prepared by an unnamed consultant and chart analyses that were not disclosed in Zuffa's expert reports, seven were misleading, and seven did not qualify under the standards of Fed. R. Evid. 1006.[4] *Id.*

Each of these 22 Summary Exhibits includes content that does not reflect opinions or analyses disclosed in Zuffa's timely expert reports:

**Summary Exhibit No. 1** (ECF No. 658-9) reflects analyses of individual Strikeforce fighters' wage shares relationship with "Ranked Market Foreclosure Share." But Zuffa's economists never

---

[3] The materials are set out specifically in Plaintiffs' motion to exclude the materials. ECF No. 658. The materials include the eight new summary exhibits Zuffa served prior to the Class Certification hearing (ECF Nos. 658-7 to 658-28), as well as Exhibits 87-89 and 92 to Zuffa's Opposition to Plaintiffs' Motion for Class Certification (ECF Nos. 540-91-93 & 540-96), and Exhibits 87, 96-99, 114, 124, 126, 128, and 131 to Zuffa's Motion for Summary Judgment (ECF Nos. 573-36, 573-45 to 573-48; ECF Nos. 613-3, 613-13, 613-15, 613-17, and 613-20).

[4] As discussed in ECF No. 658 at 4-7, several of these purported summary exhibits are misleading in addition to being entirely new. For example, Summary Exhibit No. 2, ECF No. 658-10, is misleading because it manipulates the vertical axis (compensation level) to make it appear that fighter compensation was higher in the 2011-2016 time period than in the 2005-2016 period for certain weight classes when in fact it was lower. Similarly Summary Exhibit No. 3, ECF No. 658-11,

analyzed individual athlete wage shares.

**Summary Exhibit No. 2** (ECF No. 658-10) purports to show fighter compensation levels across different weight classes for different time periods (2005 to 2016 and 2011 to 2016). This analysis is new; nothing like it appears in Zuffa's expert reports.

**Summary Exhibit No. 3** (ECF No. 658-11) purports to report "athletes' predicted fighter shares using Dr. Singer's foreclosure shares and estimates of the year fixed effects, time trend, and foreclosure share coefficient from Dr. Singer's impact regression models," which, as Plaintiffs understand it, means Zuffa's unnamed consultant apparently specified a new regression purportedly based on Dr. Singer's models which omitted statistically significant variables, including, *inter alia*, fighter fixed effects.

**Summary Exhibit Nos. 6 and 7** (ECF Nos. 658-12 & 658-13) present a new analysis of Strikeforce's event revenues and wage shares without weighting, which were not disclosed by Zuffa's experts.

**Summary Exhibit Nos. 10 and 12** (ECF Nos. 658-14 & 658-16) present bar graphs purporting to show average event costs, compensation levels, and wage shares for the 2005-2016 and 2011-2016 time periods across different broadcast types. Zuffa's experts never offered timely opinions breaking out these attributes across different broadcast types, nor is it clear as to the relevance of these analyses given that Dr. Singer controls for various broadcast types in his regression analyses.

**Summary Exhibit No. 11** (ECF No. 658-15) presents a table showing Zuffa's "Annual TUF Production Costs," which is a figure that Zuffa's economists did not analyze in the multiple rounds of expert report submissions.

**Class Opposition Exhibits 87-89, and 92** (ECF Nos. 540-91 to -93, 540-96) do not refer to Zuffa's expert's work, and the backup for the charts have not been produced to Plaintiffs.

**Summary Judgment Exhibits 87, 96-99, 114, 124, 126, 128, 131** (ECF Nos. 575-36, 575-45 to -48, 613-3, 613-13, 613-15, 613-17, 613-20) were also created by an unnamed economist and were not based on any of Zuffa's economists' timely analyses.[5]

### b.  Untimely Regression Results from the Class Certification Hearing

Zuffa also submitted new regression results during the Class Certification hearing. On August 27, 2019, Zuffa produced and filed entirely new regression results from Dr. Topel purporting to respond to regressions Dr. Singer reported in his third report, the Supplemental Expert Report of Dr. Hal J. Singer, Ph.D. (April 3, 2018), and Dr. Singer's re-running of one of Dr. Topel's regressions as Dr. Singer reported in his fourth report, the Second Supplemental Reply Report of Hal J. Singer, Ph.D. (May 28, 2018). *See* ECF No. 728 (reporting Dr. Topel's new 2019 regressions). Plaintiffs objected to these regression results immediately the following day at the Class Certification Hearing. *See* Day 3 Hrg. Tr. at 3-4-15, ECF No. 730 (discussing the new regression results). The Court noted that "presumptively, [the Court was] not going to accept [these new regression results] unless [the Court thought] they're directly – they were referenced or included in the reports." *Id.* at 3-6. In reviewing the filed materials, the Court noted that they were "things that could have easily been anticipated and should have been anticipated…." *Id.* at 3-7.[6]

The Court deferred ruling on whether the new regressions would be considered at class certification until after Plaintiffs' cross of Dr. Topel. The Court then brought Dr. Topel back to the stand to discuss the regressions. *See id.* at 3-70-81. The Court then heard argument from the parties concerning these new regressions. *See id.* at 3-82-90. The Court concluded that it would not accept the new regressions Zuffa submitted because they were only "potentially marginally helpful" for the Court's task at the hearing. *Id.* at 3-90. As Plaintiffs understand it, the Court did not definitively rule on

---

[5] Seven of these challenged exhibits are also misleading as summarized in ECF No. 658 at 4-7. (describing how Summary Exhibit Nos. 2, 3, 6, 7, 10, 11 and 12—ECF Nos. 658-10 to -14 and 658-16—are misleading).

[6] The Court further held that if the regression results were significant enough that they warranted consideration, the Court would let Plaintiffs respond, but at that time, it was not appropriate. *Id.* at 3-6. Plaintiffs were never given the opportunity to respond.

whether the new, untimely regressions and related testimony are permissible for use at trial. *Id.* at 3-173. This motion seeks such a final decision excluding the untimely regressions.

### 2. Dr. Topel's Untimely Expert Report

Despite Plaintiffs agreeing to permit Dr. Topel to submit *four* reports in this case, Zuffa submitted a fifth report that was not authorized by the parties' stipulation or the Court's scheduling Orders. *See* ECF No. 575-17 ("Topel's Fifth Report"). This report seeks to inject analysis concerning events and occurrences from after the Relevant Time Period for this trial, i.e., after June 30, 2017. Topel's Fifth Report is untimely and did not comply with the Court's Scheduling Order and was not contemplated by the parties' stipulation discussed in Section II.A (ECF No. 545).

### B. The Timely Expert Disclosures

In addition to identifying the Untimely Expert Materials that are the subject of this Motion, Plaintiffs set out the history of the timely expert disclosures to clarify that these materials are not at issue.

After the close of fact discovery in July 2017, the parties engaged in approximately six months of expert discovery, during which Plaintiffs served expert reports from Dr. Hal J. Singer, Professor Andrew Zimbalist, and Guy Davis. Zuffa responded with opposition reports from Dr. Robert H. Topel, Dr. Paul Oyer, Richard Marks, and Elizabeth Kroger Davis. Plaintiffs then submitted rebuttal reports from Dr. Singer, Professor Zimbalist, Guy Davis, and Professor Alan Manning. These experts all sat for depositions prior to the expert discovery cutoff in January 2018.

In the briefing on Zuffa's *Daubert* motions (ECF No. 524) and Zuffa's opposition to Plaintiffs' Motion for Class Certification (ECF No. 540), Zuffa submitted new reports and declarations from Dr. Topel, which necessitated responses from Dr. Singer. Ultimately, the parties stipulated to including four reports and declarations from Dr. Topel (including three served after the January 2018 expert discovery cutoff) and four reports from Dr. Singer (including two served after the January 2018 expert discovery cutoff). ECF No. 545. The Court granted that stipulation. ECF No. 628.

Zuffa has already had multiple opportunities to respond and re-respond to Plaintiffs' experts. This Motion seeks to exclude all expert analyses Zuffa served or submitted *after* the Court-ordered stipulation finally put an end to authorized expert discovery.

### III. LEGAL STANDARD

Parties seeking to introduce expert witness testimony **must** provide a written report containing, *inter alia*, "a complete statement of all opinions the witness will express" at the times and in the sequence that the Court orders. *See* FRCP 26(a)(2). "[T]rial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). A party that "fails to provide information … as required by [FRCP 26(a)(2)] … is not allowed to use that information … to supply evidence at trial unless the failure was substantially justified or harmless." *Hilborn v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. 2:12-CV-00636-BLW, 2014 WL 2506303, at *3 (D. Idaho June 3, 2014); Fed. R. Civ. P. 37(c)(1). FRCP 37(c)(1) "gives teeth to [the Rule 26(a) disclosure] requirements by forbidding the use at trial any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001). These requirements are well-founded, because "[p]arties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence." *Wong*, 410 F.3d at 1060.

### IV. ARGUMENT

On multiple occasions since the expanded January 2018 expert discovery cutoff, Zuffa has submitted new expert analyses and/or reports, including as generated by new experts. All of these late-disclosed materials, opinions, and analyses should be excluded from trial.

**A. The Untimely Expert Analyses Relating to Class Certification Should be Excluded**

    **1. Zuffa's untimely expert analyses disguised as summary exhibits should be excluded.**

Plaintiffs seek to exclude the "Summary Exhibits" Zuffa sought to introduce at the Class Certification Hearing and which were the subject of a prior motion (ECF No. 658). These materials all constitute untimely expert analyses that were not disclosed in Zuffa's permitted, timely economists' reports. Exhibits that "purport merely to summarize evidence that is otherwise admissible" but actually "apply analysis and calculations to that evidence" are not summary exhibits: "[t]hey are expert reports." *Lemon v. Harlem Globetrotters Int'l, Inc.*, No. CV 04-0299, 2006 WL 3499969, at *4 (D. Ariz. Dec. 5, 2006) ("*Lemon*"). All 22 of these disputed exhibits are disguised expert testimony and should be excluded on that basis. *Wong*, 410 F.3d at 1060; *Yeti by Molly*, 259 F.3d 1101; *Hilborn*, 2014 WL 2506303, at *3.

Further, these exhibits are not exempt from the expert discovery deadline as "summary exhibits" under Fed. R. Evid. 1006, because these exhibits reflect analyses not included in Zuffa's timely expert reports and do not otherwise meet the standard under Rule 1006. "[A] party can introduce the information in a summary exhibit under [Fed. R. Evid.] 1006, in order to 'to prove the content of voluminous writings … that cannot be conveniently examined in court.'" *United States v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013). A summary exhibit admitted pursuant to Rule 1006 "is substantive evidence—in part because the party is not obligated to introduce the underlying documents themselves." *Id*. However, because summary exhibits "substitute for the voluminous documents themselves, … the exhibit[s] must accurately summarize those documents. It must not misrepresent their contents or make arguments about the inferences the jury should draw from them." *Id*.; *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314-SAB, 2016 WL 2755938, at *10 (E.D. Cal. Apr. 8, 2016). "To be admissible, summary evidence must be 'a neutral compilation of data without opinion.'" *Crawford v. Pro. Transp., Inc.*, No. 3:14-cv-00018, 2017 WL 1077660, at *5 (S.D. Ind. Mar. 22, 2017). "[T]he information on the summary may not be embellished by or annotated with the conclusions or inferences drawn by the proponent, 'whether in the form of labels, captions, highlighting techniques, or

otherwise.'" *United States v. Graham*, No. CR 13-37-M-DWM, 2013 WL 6383169, at *2 (D. Mont. Dec. 5, 2013); *United States. v. Yagi*, No. CR-12-0483 EMC, 2013 WL 10570994, at *21 (N.D. Cal. Oct. 17, 2013) (rejecting summary exhibit *inter alia* because a summary exhibit "must be free from annotations").

As set forth in more detail in the briefing on Plaintiffs' previous motion to exclude these materials from the Class Certification Hearing, ECF Nos. 658 & 697—arguments which are incorporated here—these purported "Summary Exhibits" are not summary exhibits, but rather untimely expert analyses that should be excluded pursuant to Fed. R. Civ. P. 37(c)(1).

Zuffa has not properly identified the author(s) of these exhibits as required by Fed. R. Evid. 1006. Summary exhibits must be "prepared by a witness available for cross-examination, not by the lawyers trying the case. … Fed. R. Evid. 1006 does not allow for the admission of a summary … that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits. In fact, … such a summary is a written argument." *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997). Even if not prepared by Zuffa's counsel, "[t]estimony from the preparer of the summary usually is required to establish the foundational facts necessary to establish relevance and authentication." *Mont. Land & Min. Owners Ass'n, Inc. v. Devon Energy Corp.*, No. CV 05-30-H-DWM, 2006 WL 1876859, at *3 (D. Mont. June 2, 2006). "[C]ross-examination gives the opponent an opportunity to reveal any inaccuracies or omissions in the summary." *Id*. (citing *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 772 F.2d 505, 515 n. 9 (9th Cir.1985)). Plaintiffs have not had this opportunity for these exhibits. Zuffa's failure to timely identify the authors of these exhibits renders them inadmissible as summary exhibits under Fed. R. Evid. 1006.

Second, these exhibits contain improper arguments. "A summary under Rule 1006 must not make arguments about the inferences the jury should draw from the documents." *In re Taco Bell Wage and Hour Actions*, 2016 WL 2755938, at *10. Here, the challenged exhibits apply variables not used by any economist in the case (*e.g.*, Summary Exhibit 1, ECF No. 658-9); other exhibits include improper text boxes (*e.g.*, Summary Exhibit 1, ECF No. 658-9 and Summary Exhibit 7, ECF No. 658-13); and, many are misleading (*see* n.5, *supra*), thus defeating the purpose of summary exhibits, which is to

provide a "neutral compilation of data without opinion." *Crawford*, 2017 WL 1077660, at *5 (citation omitted).

In short, these 22 exhibits should be excluded because all constitute untimely expert analyses, and none is a proper summary exhibit given the lack of foundation provided and/or the inclusion of improper arguments and/or analyses.

### 2. Zuffa's late regression analyses should be excluded.

Plaintiffs further seek to exclude new regression analyses that Zuffa produced and filed more than 18 months after the close of expert discovery. These regression analyses were not timely disclosed pursuant to Fed. R. Civ. P. 26 and the Court's Schedule, and the Parties did not stipulate to—nor did the Court authorize—Zuffa to submit these regressions. The Court should exclude these materials and related testimony and evidence pursuant to Fed. R. Civ. P. 37(c)(1).

During the Class Certification Hearing, Plaintiffs raised the issue of the untimeliness of these regressions. *See*, *e.g.*, Day 3 Hrg. Tr. at 3-4, 3-168, ECF No. 730. The Court did not decide whether these materials could be considered timely and introduced at trial. However, the Court did note that if these regressions were permitted, the Court would let Plaintiffs respond. *Id.* at 3-6.

For purposes of trial in *Le*, Plaintiffs seek to exclude these regressions. Zuffa had ample opportunity during the expert discovery period to perform these regressions. What's more, the parties stipulated to permit Zuffa to file a total of *four* reports from Dr. Topel, three of which came months after the expert discovery cutoff. Yet Zuffa still filed new regressions in August 2019 purporting to respond to regressions specified in Dr. Singer's Supplemental Report in April 2018 and Dr. Singer's re-running one of Dr. Topel's regressions in Dr. Singer's Second Supplemental Report in May 2018, both of which were timely served. *See* ECF No. 728.

The Court stated during the hearing that if these materials were to be considered, Plaintiffs would be afforded an opportunity to respond. Day 3 Hrg. Tr. at 3-6, ECF No. 730. These regressions were served extremely late without any justification, and Plaintiffs have not had the opportunity to respond to them, making the late disclosure not harmless.

Fed. R. Civ. P. 37(c)(1) empowers this Court to exclude these untimely expert analyses, and Plaintiffs request that the Court exercise that power here. *Wong*, 410 F.3d at 1060; *Yeti by Molly*, 259 F.3d 1101; *Hilborn*, 2014 WL 2506303, at *3.

### B. Dr. Topel's Untimely Expert Report and Related Testimony Should Be Excluded

Dr. Topel's July 2018 expert report, his *fifth* report in the case, should be excluded on two grounds. First, the report is untimely; it was filed about six months after the expert discovery cutoff and was not authorized by the Court or a stipulation of the parties. Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) provide for excluding expert materials not timely disclosed in accordance with the Court's schedule. *Wong*, 410 F.3d at 1060; *Yeti by Molly*, 259 F.3d 1101; *Hilborn*, 2014 WL 2506303, at *3. Second, the substance of Dr. Topel's fifth report pertains to events and occurrences after the close of the Class Period (June 30, 2017). Plaintiffs are moving separately to exclude evidence concerning post-June 30, 2017 events and occurrences, and Dr. Topel's fifth report thus also falls within the scope of that motion. Regardless, the substance of Dr. Topel's fifth report should be excluded, not only because it is untimely, but also because it is irrelevant given its focus on post-June 30, 2017 events and occurrences. *See, e.g.*, ECF No. 914 at 15-25 (explaining why these post-Class Period events and occurrences are not relevant to the *Le* claims). Dr. Topel's fifth report and testimony concerning the analyses and events discussed therein should be excluded at trial.

### C. The Parties Should Be Precluded from Generating New Expert Material For Trial

Zuffa's demonstrated track record of producing new expert reports, analyses, and testimony after the January 2018 close of expert discovery militates toward further action to prevent Zuffa from further wasting the resources of Plaintiffs and the Court. Zuffa produced new, untimely expert material throughout 2018, throughout 2019, and even again in 2023.[7] Each of these untimely supplements has necessitated a response from Plaintiffs and the Court. Plaintiffs seek to head off the next salvo in Zuffa's years-long effort to introduce untimely expert materials in this case. Plaintiffs request an Order

---

[7] While no longer a subject of this Motion pursuant to the parties' ongoing meet and confer regarding their respective motions in limine, it is worth noting that Zuffa also submitted an untimely expert report in December 2023 from Gregory Leonard, in connection with its belated *Daubert* motions, which the Court struck. *See* ECF No. 933.

that the parties may not submit any new, previously undisclosed expert materials, nor introduce new expert testimony at trial.

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in Limine to Exclude the Expert Testimony, Opinions, and Evidence that was not Timely Disclosed, and enter an Order directing Zuffa not to produce or reference any further such untimely expert material.

Dated: February 29, 2024

Respectfully submitted,

*/s/ Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

*/s/ Eric L. Cramer*
Eric L. Cramer (*pro hac vice*)
Michael C. Dell'Angelo (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Najah Jacobs (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: enoteware@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
Daniel L. Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600

Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr.
Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of February, 2024 a true and correct copy of PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT TESTIMONY, OPINIONS, AND EVIDENCE THAT WAS NOT TIMELY DISCLOSED was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

      */s/ Joseph R. Saveri*
             Joseph R. Saveri