# EXHIBIT Y

**INTERROGATORY NO. 14:**

Identify all facts related to Your affirmative defense that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections set forth above, Zuffa objects to this Interrogatory as premature to the extent it is a contention interrogatory that impermissibly seeks Zuffa's protected work product.

**INTERROGATORY NO. 15:**

Identify all facts related to Your affirmative defense that Plaintiffs have either mitigated their damages or failed to make reasonable efforts to mitigate their damages.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections set forth above, Zuffa objects to this Interrogatory as premature because it calls for Zuffa to opine about the theoretical economic effects of conduct undertaken by third parties, which is more appropriately suited for expert discovery. Subject to and without waiving its objections, Zuffa responds as follows:

1. Plaintiff Jon Fitch has mitigated any alleged damage resulting from Zuffa's alleged unlawful conduct by contracting with a rival MMA promotion, the World Series of Fighting (WSOF). Plaintiff Fitch has received several hundred thousand dollars in compensation from WSOF. Plaintiff Fitch has also benefited from the notoriety gained by his association with UFC by, for example, holding himself out on his personal website as "among the best welterweights in mixed martial arts (MMA), reeling off a staggering eight consecutive victories in the talent-rich Ultimate Fighting Championship (UFC) 170-pound division from 2005 to 2008."

2. Plaintiff Brandon Vera has mitigated any alleged damage resulting from Zuffa's alleged unlawful conduct by contracting with a rival MMA promotion, ONE Championship. Plaintiff Vera has received several hundred thousand dollars in compensation from ONE Championship. Plaintiff Vera has also benefited from the notoriety gained by his

association with the UFC by, for example, being held out on his event booking agent's website as a UFC veteran with an "impressive 13-7 record."

3. Plaintiff Cung Le has failed to mitigate any alleged damage resulting from Zuffa's alleged unlawful conduct by declining to seek any professional MMA opportunities following the conclusion of his relationship with UFC. Plaintiff Le has also benefited from the notoriety gained by his association with the UFC by, for example, pursuing a television and feature film acting career that is in part due to his recognition as a former UFC fighter.

4. Plaintiff Kyle Kingsbury has failed to mitigate any alleged damage resulting from Zuffa's alleged unlawful conduct by declining to seek any professional MMA opportunities following the conclusion of his relationship with UFC.

5. Plaintiff Javier Vazquez has failed to mitigate any alleged damage resulting from Zuffa's alleged unlawful conduct by declining to seek any professional MMA opportunities following the conclusion of his relationship with UFC. Plaintiff Vazquez has also benefited from the notoriety gained by his association with the UFC by, for example, marketing his MMA gym as being "taught by Javier Vazquez, former WEC & UFC Competitor."

6. Plaintiff Nathan Quarry has failed to mitigate any alleged damage resulting from Zuffa's alleged unlawful conduct by declining to seek any professional MMA opportunities following the conclusion of his relationship with UFC. Plaintiff Quarry has also benefited from the notoriety gained by his association with the UFC by, for example, holding himself out on his online apparel store—Zombie Cagefighting—as a former UFC title contender.

**INTERROGATORY NO. 16:**

Identify all facts related to Your affirmative defense that Plaintiffs claims are barred in whole or in part because any damages they suffered from the alleged conduct must be offset from the benefits they received from the alleged conduct.

**RESPONSE TO INTERROGATORY NO. 16:**