


ERIC L. CRAMER (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

JOSEPH R. SAVERI (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

RICHARD A. KOFFMAN (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W.,
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

*Counsel for the Class and Attorneys for All Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | Case No.: 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS** |

i    Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS

# TABLE OF CONTENTS

**Page(s)**

BACKGROUND .................................................................................................................... 1

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

    I.     Pre-2005 Evidence Is Not Relevant and Should Be Excluded ..................................... 4

    II.    Zuffa Objected to Producing Pre-2005 Evidence and Should Not Be Permitted to Introduce Evidence Concerning Pre-2005 Events, Conduct, and Occurrences ............ 5

CONCLUSION ...................................................................................................................... 5

i     Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS

Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury ("Plaintiffs") file this Motion in Limine to Exclude Evidence Concerning Events, Conduct, Or Facts Where Defendant Zuffa, LLC ("Defendant" or "Zuffa") Objected to and Did Not Produce Discovery Concerning Such Events Conduct or Facts.

This Motion seeks to exclude testimony and other evidence concerning events, conduct, or facts prior to January 1, 2005 because such older material—in Zuffa's own words—is "not relevant or probative" of the claims or defenses in this case. Hrg. Tr. at 22, ECF No. 210. Zuffa objected to searching for such materials, or even reviewing material when found, and did not produce materials from the pre-January 1, 2005 unless such materials were contract or correspondence documents relating to Plaintiffs or other fighters in the Class. Zuffa should not be permitted to introduce evidence from that pre-January 1, 2005 period on any other subject.

When Plaintiffs served their First Set of Requests for Production of Documents to Zuffa in April 2015, Plaintiffs defined the Relevant Time Period as commencing on July 1, 2000. Zuffa objected to searching for, reviewing, and producing any documents from a period beginning in 2000. Zuffa proclaimed that what happened that long ago "is not relevant or probative" of the issues in this case.

Zuffa's objection to Plaintiffs' time-period led to the parties meeting and conferring concerning the scope of the relevant time period for discovery. Zuffa ultimately agreed to searching for, reviewing, and producing only a limited set of materials older than January 1, 2005. Specifically, Zuffa agreed to produce documents concerning Plaintiffs and their managers, agents, and representatives, and materials from its centrally maintained fighter contract and correspondence documents for all fighters in the Bout Class, both without a date limitation. ECF No. 199 at 4, 16-17. Zuffa further proposed to search, review, and produce electronic contract files containing scanned contracts from 2000. ECF No. 199 at 4, 16-17. Zuffa objected to searching for, reviewing, and producing documents concerning any other topics prior to January 1, 2005.

## BACKGROUND

In response to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories, Zuffa stated a general objection to Plaintiffs' Relevant Time Period beginning on July

1

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS

1, 2000 "is overbroad because it stretches well beyond the period which is the basis of the present action." Zuffa proceeded to object to individual document requests because they sought "documents over a 15-year time period…." **Exh. T**, Defendant Zuffa, LLC's Responses to Plaintiffs' First Set of Requests for Production ("First RFP Responses") (June 9, 2015).[1]

On August 26, 2015, Plaintiffs wrote Zuffa a letter confirming the discussions in the parties' meet and confer. *See* **Exh. U**, Letter from John Cove to Michael Dell'Angelo (Aug. 26, 2015). Among the topics discussed was Plaintiffs' request (and Zuffa's rejection of the request) that Zuffa preserve documents going back to 2000. *Id.* In Plaintiffs' follow-up letter of September 7, 2015, Plaintiffs further described the dispute, namely that Zuffa refused to apply a Relevant Time Period beginning in 2000 and that Plaintiffs proposed a compromise of January 1, 2005. *See* **Exh. V**, Letter from Michael Dell'Angelo to John Cove (Sept. 7, 2015).

Following further meet and confer efforts concerning the scope of Zuffa's responses to Plaintiffs' document requests, the parties summarized the status of the meet and confer on the Relevant Time Period in a Joint Status Report ("JSR") filed with the Court. ECF No. 199 (Nov. 16, 2015). In the November 16, 2015 JSR (at 4-6), the parties described their agreement (reached because of Zuffa's objection to the time period that began in July 2000) as to time periods pertaining to specific requests. In short, the parties had agreed that Zuffa would search for, review, and produce materials relating to Plaintiffs and their managers, agents, and representatives as well as centrally maintained fighter contracts and correspondence files for fighters in the Class without a date limitation. *See id.* at 4, 16-17. Zuffa also agreed to produced electronic contract files containing scanned contracts going back to 2000. *Id.* Zuffa refused to produce other categories of documents or documents on other topics prior to 2008 or 2009. *Id.*

Plaintiffs had proposed to Zuffa a compromise Relevant Time Period that commenced on January 1, 2005 based on Zuffa's objection to producing materials from early in the Relevant Time Period described in Plaintiffs' First Set of Requests for Production of Documents. *See* **Exh. V**. Plaintiffs ultimately proposed that compromise date to the Court. *See* ECF No. 199.

---

[1] Exhibit citations are to the Declaration of Joseph Saveri attached hereto.

1    At the status conference on November 17, 2015, Zuffa's counsel described a specific set of
2    documents that Zuffa had located but was resisting even reviewing for responsiveness and production,
3    stating that the collection "consist of fighter files, sponsor files, merchandise files, licensing files,
4    acquisition files, and corporate documents, oh, and venue and event files. So it's a smorgasbord of
5    things that are in there." Hrg. Tr. at 11, ECF No. 210. Zuffa's counsel clarified that Zuffa was agreeing
6    to produce approximately half of the materials, which were fighter files for class members, venue, and
7    sponsor files back to 2008, merchandise files back to 2008, but was not going to even review the rest.
8    Plaintiffs sought review and production of these materials—which dated back to 2000—for
9    responsiveness, but Zuffa objected to doing so.

10   The parties and the Court then discussed a blanket Relevant Time Period commencement date
11   of January 1, 2005—Plaintiffs' compromise proposal based on Zuffa's objection to producing materials
12   from before that date. In that discussion, Zuffa's counsel asserted that what happened that long ago—
13   even as between 2005 and 2008—"is not relevant or probative" of the claims and defenses in this case.
14   Hrg. Tr. at 22, ECF No. 210. Plaintiffs ultimately prevailed on having the Relevant Time Period begin
15   in January 2005, but the Court did not Order Zuffa to review the hardcopy materials dating back to
16   2000 that Zuffa had located but objected to reviewing and producing responsive material from.

17   Based on Zuffa's objection to Plaintiffs' initial requests' Relevant Time Period of July 1, 2000,
18   and the fact that Zuffa prevailed on not even reviewing materials it located dating back to Plaintiffs'
19   proposed July 1, 2000 start to the Relevant Time Period, Zuffa should not be permitted to offer
20   evidence as to conduct and occurrences prior to January 1, 2005 that are within the scope of Plaintiffs'
21   RFPs unless Zuffa agreed to produce documents concerning such conduct and occurrences.

## LEGAL STANDARD

Generally, irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence that is not "probative" of a fact of consequence in determining the action is not relevant. *See* Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

In addition, Fed. R. Civ. P. 34 creates a discovery obligation for the party receiving the request. "For each item or category" in Rule 34 requests, "[t]he party to whom the request is directed must

respond in writing." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B). Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or harmless." Rule 37(c)(1) gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples, The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Fed. R. Civ. P. 37(a)(4) explicitly provides that an evasive or incomplete response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." The Ninth Circuit gives "wide latitude" to a district court's discretion to issue sanctions under Rule 37(c)(1). *Ollier*, 768 F.3d at 859. The burden is on the party facing the sanction to prove harmlessness. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**ARGUMENT**

I.  **Pre-2005 Evidence Is Not Relevant and Should Be Excluded**

As Zuffa has claimed, evidence pertaining to pre-2005 events, conduct, and facts is not relevant or probative of the claims and defenses in this matter, Hrg. Tr. at 22, ECF No. 210, and should therefore be excluded as inadmissible and irrelevant.

It is only now on the eve of trial, approaching nine years after Zuffa told Plaintiffs and the Court that pre-2005 evidence is not relevant and nearly seven years have fact discovery closed, that Zuffa's new lawyers have indicated their intent to introduce evidence concerning pre-2005 events, conduct, and facts are relevant. Such gamesmanship should not be countenanced by the Court: Zuffa should be held to its prior position on relevance and pre-2005 events, conduct, and facts should be ruled inadmissible because they are not relevant.

## II. Zuffa Objected to Producing Pre-2005 Evidence and Should Not Be Permitted to Introduce Evidence Concerning Pre-2005 Events, Conduct, and Occurrences

Zuffa objected to and did not search for, review, and produce documents during this pre-2005 period outside of a limited set of materials. Zuffa even located a collection of materials in its possession, custody, and control from that pre-2005 time period that Zuffa believed had responsive information in it. Zuffa refused to review these materials because, as Zuffa's counsel asserted, these older materials are "not relevant or probative." Hrg. Tr. at 22, ECF No. 210.

Now, Zuffa believes that it should be able to have its witnesses testify about events, conduct, or facts from before January 1, 2005. Zuffa's present position stands in direct opposition to its discovery position that such events, conduct, or facts are "not relevant or probative." Hrg. Tr. at 22:18-22, ECF No. 210. Zuffa should not be permitted to shirk its discovery obligations pursuant to Rule 34 so as to deprive Plaintiffs the opportunity to explore these events, conduct, and facts with the benefit of documents at deposition, and then turn around and have its witnesses testify to these events, conduct and facts without fear of impeachment materials produced in discovery.

Zuffa's incomplete production in response to Plaintiffs' Rule 34 requests is not and cannot be harmless or substantially justified. Although Plaintiffs had the opportunity to depose certain witnesses concerning events, conduct, and facts pre-dating January 1, 2005, Plaintiffs' ability to explore the potential areas that Zuffa will explore at trial was hampered by the lack of document productions concerning that pre-January 2005 period.

Fed. R. Civ. P. 37(c)(1) empowers the Court to exclude evidence where a party did not comply with its discovery obligation. That circumstance applies here. Zuffa did not comply with its discovery obligations pursuant to Fed. R. Civ. P. 34, evading review and production of documents concerning the pre-2005 period, and Zuffa should not now be permitted to cry foul as to documents it itself did not turn over in discovery.

## CONCLUSION

Plaintiffs respectfully request that the Court rule evidence concerning all events, conduct, and occurrences prior to January 1, 2005 be deemed inadmissible and excluded with the exception of the

limited scope of materials for which Zuffa participated in discovery for that time period, namely, Plaintiffs and their representatives as well as fighter contracts for members of the Class.

6

Case No.: 2:15-cv-01045-RFB-BNW

PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS

| | | |
|---|---|---|
| 1 | Dated: February 29, 2024 | Respectfully submitted, |
| 2 | | /s/ *Joseph R. Saveri* |
| 3 | | Joseph R. Saveri (*pro hac vice*) |
| | | Kevin E. Rayhill (*pro hac vice*) |
| 4 | | Christopher Young (*pro hac vice*) |
| | | Itak Moradi (*pro hac vice*) |
| 5 | | JOSEPH SAVERI LAW FIRM, LLP. |
| | | 601 California St., Suite 1000 |
| 6 | | San Francisco, CA 94108 |
| 7 | | Telephone: +1 (415) 500-6800 |
| | | Facsimile: +1 (415) 395-9940 |
| 8 | | Email: jsaveri@saverilawfirm.com |
| | | Email: krayhill@saverilawfirm.com |
| 9 | | Email: cyoung@saverilawfirm.com |
| | | Email: imoradi@saverilawfirm.com |

/s/ *Eric L. Cramer*
Eric L. Cramer (*pro hac vice*)
Michael C. Dell'Angelo (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Najah Jacobs (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: enoteware@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
Daniel L. Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600

Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr.
Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February, 2024 a true and correct copy of PLAINTIFFS' MOTION IN LIMINE NO. 18 TO EXCLUDE EVIDENCE CONCERNING EVENTS, CONDUCT, OR FACTS WHERE ZUFFA OBJECTED TO AND DID NOT PRODUCE DISCOVERY CONCERNING SUCH EVENTS, CONDUCT, OR FACTS was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

*/s/ Joseph R. Saveri*
Joseph R. Saveri