# EXHIBIT T

WILLIAM A. ISAACSON (*Pro Hac Vice* to be filed)
(wisaacson@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW, Washington, DC 20015
Telephone: (202) 237-2727; Fax: (202) 237-6131

JOHN F. COVE, JR. (*Pro Hac Vice* to be filed)
(jcove@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900, Oakland, CA 94612
Telephone: (510) 874-1000; Fax: (510) 874-1460

RICHARD J. POCKER #3568
(rpocker@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
300 South Fourth Street, Suite 800, Las Vegas, NV 89101
Telephone: (702) 382-7300; Fax: (702) 382-2755

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, Nevada 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, <br><br> Defendant. | Case No.  2:15-cv-01045 RFB-(PAL) <br><br> **DEFENDANT ZUFFA, LLC'S RESPONSES TO PLAINTIFFS' 1ST SET OF REQUESTS FOR PRODUCTION** |

| | |
|---|---|
| Luis Javier Vazquez and Dennis Lloyd Hallman, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01055 APG-(GWF) |
| Plaintiffs, | |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| Defendant. | |
| Brandon Vera and Pablo Garza, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01056 RFB-(GWF) |
| Plaintiffs, | |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| Defendant. | |
| Gabe Ruediger and Mac Danzig, on behalf of themselves and all others similarly situated, | Case No.  2:15-cv-01057 JCM-(CWH) |
| Plaintiffs, | |
| v. | |
| Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC, | |
| Defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kyle Kingsbury and Darren Uyenoyama, on
behalf of themselves and all others similarly
situated,

Plaintiffs,

v.

Zuffa, LLC, d/b/a Ultimate Fighting
Championship and UFC,

Defendant.

Case No. 2:15-cv-01046 RCJ-(NJK)

Defendant Zuffa, LLC ("Zuffa"), by its undersigned counsel, submits the following objections and responses to Plaintiffs' Cung Le, Nate Quarry, Jon Fitch, Luis Javier Vazquez, Dennis Lloyd Hallman, Brandon Vera, Pablo Garza, Gabe Ruediger, Mac Danzig, Kyle Kingsbury, and Darren Uyenoyama First Request for Production of Documents.

**GENERAL OBJECTIONS**

1. The following general objections ("General Objections") are incorporated in Zuffa's responses to each and every request contained in the Requests. The fact that Zuffa's response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No response to any request or any subpart of any request is, or shall be deemed to be, a waiver of any of Zuffa's General Objections.

2. Zuffa makes these responses based on facts reasonably known at the time of answering these Requests. Zuffa has not fully completed investigating the facts relating to this case and, thus, further discovery, investigation, research, and analysis may supply additional facts, which my alter the contentions and disclosures herein. Zuffa reserves the right to supplement or amend these responses as permitted by the applicable rules.

3. Zuffa objects to the Requests as premature in light of the failure of the Complaints to state a claim and the pending motions to dismiss, transfer venue, and stay discovery.

4. Zuffa objects to the Requests to the extent that they seek to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for either the District of Nevada or the Northern District of California.

5. Zuffa objects to the Requests to the extent that they call for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection or immunity applicable under the governing law. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Zuffa hereby asserts that doctrine or material shall not be deemed a waiver of the applicable privilege, protection or immunity.

6. Zuffa objects to the Requests to the extent that they seek responses or the production of documents from sources not within the possession, custody, or control of Zuffa.

7. Zuffa objects to the Requests to the extent that they seek responses from persons or entities other than the named defendant, Zuffa, LLC.

8. Zuffa objects to the Requests as overly broad and unduly burdensome to the extent they require Zuffa to do more than produce materials and information in its possession, custody, and control locatable after a reasonable and diligent search.

9. Zuffa objects to the Requests to the extent they call for the disclosure of Zuffa's confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information.  To the extent Zuffa provides its confidential information and/or other confidential information, Zuffa will do so only subject to the terms of a Protective Order establishing protections for confidential information entered by the Court in this action.

10. Zuffa objects to the Requests to the extent they require disclosure of confidential personal information, such as a Fighter's medical conditions.

11. Zuffa also objects to the Requests to the extent they seek documents that contain confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information belonging to a third party but entrusted to Zuffa on conditions of confidentiality and/or non-disclosure.  To the extent that Zuffa agrees to produce any such documents, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties and to the protection of a Protective Order entered by the Court.

12. Zuffa objects to the definition of "Documents" to the extent that it includes "public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard" because that information is as easily accessible to Plaintiffs as it is to Zuffa.

13. Zuffa objects to Plaintiffs' definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure.  Zuffa also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined. Zuffa further objects to the Definition to the extent that it is unduly burdensome to identify,

retrieve, and/or produce the various forms of electronic data or information encompassed within this definition.

14. Zuffa objects to the definition of "Meeting" to the extent it includes any non-scheduled or unplanned "contemporaneous presence of two or more persons for any purpose," as overbroad and vague.

15. Zuffa objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including social security numbers.

16. Zuffa objects to the definition of "Merchandise Rights" as vague, ambiguous, confusing, and incomplete.

17. Zuffa objects to the definition of "You" and "Your" as overly broad and unduly burdensome to the extent it includes parties and entities outside of Zuffa such as parents, predecessors, successors, affiliates, former employees and others "purporting to act on behalf of the responding Defendant."

18. Zuffa objects to the definitions of "You," "Your," "Your Company," "Zuffa," "UFC," and "Defendant" to the extent that these definitions purport to encompass persons or entities that are not the named defendant, Zuffa, LLC.  For any Request using these definitions, Zuffa responds only on behalf of the named defendant, Zuffa, LLC.  Zuffa also objects to the extent that these definitions seek documents from predecessor companies or entities that were acquired by or merged Zuffa.  Zuffa further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that it encompasses or purports to encompass "any persons acting or purporting to act on behalf of the respondent Defendant."  Zuffa further objects that the definition of "You" is overbroad to the extent it includes all of Zuffa's former directors, officers, employees, agents and representatives.

19. Zuffa objects to each Request to the extent it purports to require the production of original documents.  Zuffa will make available legible copies of request documents to Plaintiffs' attorneys.  Zuffa reserves the right to make original documents available on its own premises.

20. Zuffa objects to each Request to the extent that it calls for data to  be "broken down by" or otherwise provided in ways that are not done in the normal course of business.

21. Zuffa makes these responses solely for the purpose of this action, and each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other grounds which would require the exclusion of any statement contained herein. All such objections are reserved and may be interposed at any time of trial or at any other appropriate time.

22. Zuffa will produce documents as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties and objects to contrary instruction.

23. Zuffa objects to Instruction No. 1 to the extent it purports to require Zuffa to supplement its document production beyond the requirements of Federal Rule of Civil Procedure 26(e).

24. Zuffa objects to Instruction No. 4 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34.  To the extent responsive documents are withheld on a basis of privilege, Zuffa will produce a privilege log in the form agreed upon by the parties.

25. Zuffa objects to Instruction No. 8 to the extent that it purports to require production of documents in a manner that is not required by the stipulation regarding production of electronically stored information and other documents that the parties will negotiate.

26. Zuffa objects to Instruction No. 9 to the extent that it purports to require Zuffa to disclose information that constitutes or reflects attorney work-product or is otherwise protected from disclosure under applicable privileges, laws, or rules.

27. Zuffa objects to Instruction No. 10 to the extent that the Instruction purports to require Zuffa to do more than undertake a reasonable and diligent search for responsive documents. Zuffa further objects to this Instruction to the extent that it purports to require Zuffa to maintain information about documents that may no longer exist and as improper to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules of this Court.

4

28. Zuffa objects to Instruction No. 11 to the extent that the Instruction purports to require preservation of "all" metadata as overbroad and burdensome.

29. Zuffa objects to Instruction Nos. 12, 13, 17, and 18 to the extent that they purport to require production of documents in a manner that is not required by the stipulation regarding production of electronically stored information and other documents that the parties will negotiate.

30. Zuffa objections to Instruction No. 27 to the extent that it seeks documents that are not in Zuffa's possession, custody, or control.

31. Zuffa objects that the Relevant Time Period beginning on July 1, 2000 is overbroad because it stretches well beyond the period which is the basis of the present action.  Zuffa will discuss with Plaintiffs appropriate limitations to the Relevant Time Period.

32. Any response that responsive documents will be produced is not a representation that such documents exist.

33. Zuffa's responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Requests are true or accurate.

34. These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response.  These General Objections are not waived, or in any way limited, by the following responses.

## **RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

Zuffa's Articles of Organization and any charters, bylaws, operating agreements or other certificates memorializing Zuffa's status as a Limited Liability Company, including all Documents (if any) referencing or relating to any suspension or dissolution of Zuffa's business license.

**RESPONSE TO REQUEST NO. 1**

In addition to the General Objections set forth above, Zuffa objects that the term "other certificates" is vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections and will produce non-privileged documents sufficient to show its legal status.

**REQUEST FOR PRODUCTION NO. 2**

For each year of the Relevant Time Period, the Annual List of Managers or Managing Members and State Business License Application filed with the Nevada Secretary of State and any business license application filed with any other state on behalf of Zuffa or its affiliates or subsidiaries.

**RESPONSE TO REQUEST NO. 2**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period and calls for documents that have no bearing on the case. Zuffa objects that this Request is overly broad to the extent it calls for documents from all of Zuffa's affiliates and subsidiaries regardless of whether they are related to the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 3**

For each year of the Relevant Time Period, all Documents relating to Meetings of Zuffa's managers or members including Meeting minutes, resolutions, Documents sufficient to show membership of any committees, all committee Meeting minutes, pre-Meeting packets, agendas, and presentations.

**RESPONSE TO REQUEST NO. 3**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Zuffa objects that the burden of complying with this Request would far exceed its likely benefit because it is not limited to individuals or topics related to the claims or

defenses in this case, but includes documents related to every meeting and committee membership on every topic from any "manager" or "member" over a 15-year period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 4**

For each year of the Relevant Time Period, all Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This request includes Documents sufficient to show the percentage of any membership/ownership or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**RESPONSE TO REQUEST NO. 4**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "all Documents" over a 15-year time period. Zuffa also objects that the phrase "beneficial ownership" is vague and ambiguous.  Zuffa notes that the Certificates of Interested Parties that it filed in these cases show the persons holding an interest in Zuffa and their approximate percentages of ownership.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show the relationship among and between Zuffa, LLC, each of its affiliates, related entities, corporate parents, and subsidiaries, and Zuffa Holding Company, LLC.

**RESPONSE TO REQUEST NO. 5**

In addition to the General Objections set forth above, Zuffa objects that the term "related entities" is vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 6**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa Holding Company, LLC, and any changes thereto. This request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**RESPONSE TO REQUEST NO. 6**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period. Zuffa objects that the phrase "beneficial ownership" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 7**

For each year of the Relevant Time Period, Documents sufficient to show Zuffa Holding Company, LLC's organizational structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate thereof. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive of Zuffa Holding Company, LLC.

**RESPONSE TO REQUEST NO. 7**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period. Zuffa objects that the terms "internal communications" and "organizational structure" are vague and ambiguous.  Zuffa also objects that this Request seeks information not relevant to any claim or defense and the burden of complying with the Request would exceed its likely benefit because it requests documents sufficient to show "each Employee" and is not limited to documents related to individuals who may have some role in the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 8**

For each year of the Relevant Time Period, Documents sufficient to show Your Company's organizational structure, including the organization of each division, department, unit

or subdivision, parent, subsidiary, joint venture or affiliate of Your Company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and Documents sufficient to show each Employee or executive with managerial responsibilities for anything relating to the UFC.

**RESPONSE TO REQUEST NO. 8**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period and is not limited to documents related to individuals who may have some role in the claims or defenses in this case.  Zuffa also objects that this Request seeks information not relevant to any claim or defense and the burden of complying with the Request would exceed its likely benefit because it is not limited to individuals who may have some role in the claims or defenses in this case.  Zuffa further objects that the terms "internal communications," "organizational structure," "managerial responsibilities," and "affiliate of Your company" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections and will produce documents sufficient to show the organizational structure of the company.

**REQUEST FOR PRODUCTION NO. 9**

For each year of the Relevant Time Period, all financial statements, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, pro formas and similar financial Documents relating to Zuffa.

**RESPONSE TO REQUEST NO. 9**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for all documents over a 15-year time period. Zuffa further objects that the terms "financial models" or "similar financial Documents" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 10**

All Documents summarizing Zuffa's (including, without limitation, any of its affiliates' and predecessors') monthly and annual financial activity, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 10**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents" over a 15-year period, including income tax returns and regulatory filings of any sort of Zuffa, its predecessors and affiliates "financial activity" and is not limited to the financial activity or entities relating to the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 11**

Documents and data in as granular form as it is maintained, including by transaction or receipt, sufficient to show the following:

a.      total gate receipts from bouts, broken down by event;

b.      total merchandizing receipts from bouts, broken down by event and itemized by revenue source and line item;

c.      total revenues from PPV broadcasts of bouts, broken down by event and itemized by revenue source and line item;

d.      total revenues from non-PPV broadcasts of bouts, broken down by event and itemized by revenue source and line item;

e.      total revenues derived from the sale of advertising during all broadcasts of bouts, whether PPV or non-PPV, during the Relevant Time Period, broken down by event, month and year and itemized by revenue source and line item;

f.      total revenues derived in any way from the Promotional and Ancillary Rights relating to each MMA Fighter during the Relevant Time Period, broken down by Fighter, month and year and itemized by revenue source and line item;

g.      total revenues derived in any way from the Merchandise Rights, including licensing revenues, relating to each MMA Fighter at any time during the Relevant Time Period, broken down by Fighter, month and year and itemized by revenue source and line item;

h.      total annual revenues derived from agreements with sponsors, and to the extent known, from agreements between MMA Fighters and sponsors, itemized by revenue source and line item;

i.      total revenues derived from UFC Licensed Merchandise;

j.      total revenues derived in any way from UFC Promotional Materials;

k.      total revenues broken down by event;

1.      total revenues derived by You from any companies in the MMA Industry, broken down by company and transaction or line item;

m.      for each event or bout, the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription.

**RESPONSE TO REQUEST NO. 11**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing nearly every source of Zuffa's revenue by bout, event, transaction, and/or agreement for a period of 15 years. Zuffa also objects to the terms "derived from" and "derived in any way" as vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 12**

Documents and data in as granular form as it is maintained sufficient to show any and all compensation Zuffa paid to any and all MMA Fighters (including any payments made to others for the benefit of, or on behalf of, MMA Fighters), broken down by Fighter, event ("event compensation"), and itemized by all relevant categories, including, date, check or other payment method, and transaction, as follows:

    a.     base salary, payment or compensation;

    b.     bonuses or any kind (including, but not limited to, any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses);

    c.     broadcast royalties;

    d.     Pay-Per-View shares;

    e.     any and all other forms of payment or compensation not covered above.

**RESPONSE TO REQUEST NO. 12**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing every payment made to every MMA Fighter by source, date, and payment type over a 15-year period.  Zuffa also objects to this request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 13**

Documents and data in as granular form as it is maintained sufficient to show total nonevent compensation (i.e., all compensation or beneficial payments to or on behalf of Fighters

not included in Your answer to Request No. 12 above) You paid to each MMA Fighter at any time during the Relevant Time Period, broken down by Fighter, and itemized by all relevant categories, including, date, check or other payment method, and transaction, as follows:

      a.     total compensation paid to each and every MMA Fighter at any time during the Relevant Time Period, derived in any way from that MMA Fighter's Promotional and Ancillary Rights Agreement, broken down by source, month and year;

      b.     total compensation paid to all each and every MMA Fighter at any time during the Relevant Time Period, derived in any way from that MMA Fighter's Merchandise Rights Agreement, broken down by source, month and year;

      c.     total compensation paid to each and every MMA Fighter at any time during the Relevant Time Period, derived from any source not covered in subsections a. and b. above, broken down by Fighter, source, month and year.

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing every non-event payment made to every MMA Fighter by source, date, and payment type over a 15-year period. Zuffa also objects that the terms "nonevent compensation" and "derived in any way from" is vague and ambiguous.  Zuffa also objects to this request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show Your actual costs, in as granular form as the information is maintained, but at all events on a monthly basis, including without limitation:

      a.     Your actual costs for presenting UFC bouts, in as granular form as possible,

including without limitation venue costs, promotional costs, travel costs, advertising costs, compensation for Fighters, insurance costs, and all other costs incidental to presenting and promoting bouts;

b.       Your actual costs involved in promoting the UFC as a brand, including advertising expenses; development of UFC trademarks and logos; and legal fees expended in protecting the UFC's purported intellectual property rights;

c.       Your actual costs involved in developing and promoting merchandising of UFC Licensed Merchandise based on the Identities of the UFC Fighters;

d.       all other costs in an itemized fashion.

**RESPONSE TO REQUEST NO. 14**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Zuffa also objects that the terms "actual costs," "purported intellectual property rights," and "based on the Identities of the UFC Fighters" are vague and ambiguous. Zuffa objects that this Request is overbroad and unduly burdensome in that it calls for production of documents related to all of Zuffa's costs without any limitation over a 15-year period.  Zuffa objects that the burden of complying with this request would exceed its likely benefit because it is not limited to the claims, defenses or time period of the allegations in the Complaints.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 15**

All Documents created, produced, published or issued by third party analysts or consultants regarding Zuffa and the MMA Industry, including without limitation, reports that analyze or project demand, revenues, income, profits or market share derived from or relating to MMA bouts, Merchandise Rights in the MMA Industry, or Promotional and Ancillary Rights in the MMA Industry.

**RESPONSE TO REQUEST NO. 15**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.  Zuffa objects that the terms "third party analysts," "Merchandise Rights," and "Promotional and Ancillary Rights," are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 16**

All Documents referencing or relating to, comparing, or analyzing (a) athlete compensation models, (b) athlete compensation levels, and/or (c) athlete contracts and/or agreements of (i) different MMA Promoters and promotion entities, and/or of (ii) different professional sports, including without limitation, MMA, boxing, pro wrestling, football, basketball, tennis, golf, hockey, soccer and baseball.

**RESPONSE TO REQUEST NO. 16**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year period. Zuffa objects that the term "compensation models" is vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 17**

All Documents referencing or relating to agreements and negotiations between You and any MMA Promoter regarding the acquisition of assets, income, or equity interests of any MMA Promoter, regardless of whether the negotiations resulted in executed agreements, including without limitation Communications, strategy documents, projections, cost-benefit analyses, cost estimates, and all agreements or contracts (and any amendments thereto), and including Documents sufficient to identify each Person involved in approving or negotiating the terms of

any agreements or potential agreements for the acquisition or potential acquisition of assets, income or equity interests of any MMA Promoter.

**RESPONSE TO REQUEST NO. 17**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 18**

All Documents referencing or relating to Flash Entertainment, a wholly-owned subsidiary of the Government of the Emirate of Abu Dhabi ("Flash"), including, without limitation, Zuffa's relationship with Flash, the sale of equity in Zuffa to Flash, Flash's ownership share in Zuffa, distributions or income paid to Flash, loans made by Flash, and the beneficial ownership of Flash.

**RESPONSE TO REQUEST NO. 18**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" and does not limit its request to documents related to the allegations in its Complaints.  Zuffa objects that the term "beneficial ownership" is vague and ambiguous.  Zuffa notes that the approximate ownership interest of Flash Entertainment in Zuffa, LLC is disclosed in the Certificate of Interested Parties filed in these cases.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 19**

Documents sufficient to Identify each person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC, and:

a.      all Documents analyzing, discussing or relating to the competitive strengths or weaknesses of actual or potential competitors;

16

b.      for each year in the Relevant Time Period, Documents sufficient to Identify the individual shares of the market or markets in which you participate, for the UFC and each of Your actual or potential competitors, measured as a percentage of total sales in dollars (including income from all sources mentioned in Request No. 11, above) and as a percentage of total events produced, broken down by region (US, North America, South America, Europe, Asia, and any others);

c.      all Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC and by any of its actual and potential competitors, including compensation for fighting in bouts, promoting bouts, merchandising, appearances in film, television and video games, and other all other sources of compensation; and

d.      all Documents discussing the business models or other aspects of actual or potential competitors of the UFC. Responsive Documents include any materials relating to comparisons of fighter compensation by the UFC relative to actual or potential competitors, marketing strategies, sponsorships, or broadcast and/or PPV distribution capabilities.

**RESPONSE TO REQUEST NO. 19**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period. Zuffa further objects to this Request as vague, ambiguous, overbroad and unduly burdensome to the extent it calls for "all documents," including but not limited to "all Documents discussing . . . other aspects of actual or potential competitors."

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 20**

All Documents, from 1993 to present, discussing, evaluating, or analyzing actual or proposed contractual terms or provisions, or model contractual terms or provisions, for use in

Promotional and Ancillary Rights Agreements, Merchandise Rights Agreements, side-letter agreements, or any other types of agreements between You and any MMA Fighter, including all Documents discussing or reflecting the financial, economic or competitive effects of such actual or potential contracts or agreements. Responsive Documents include without limitation all Communications, studies, analyses, memoranda or other Documents referencing or relating to the effects of such contractual provisions on:

a.      Your profitability;

b.      Your ability to compete in the market for promoting Professional MMA Bouts;

c.      Your ability to compete in the business of promoting MMA bouts and for the services of MMA fighters or in any other market in which You compete;

d.      the compensation You paid to MMA Fighters; or

e.      any actual or potential competitor and that competitor's ability to compete with the UFC.

**RESPONSE TO REQUEST NO. 20**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents outside of any relevant or reasonable time period.  This Request would require Zuffa to produce a burdensome, unreasonable, and disproportionate number of documents over a period of over twenty years, many of which would be far outside the scope of this litigation.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 21**

All Documents referencing or relating to any agreements or contracts (and any amendments thereto) entered into between You and any MMA Fighter, including, without limitation, all contracts and agreements between You and any MMA Fighter and all communications and/or negotiations with such MMA Fighters or their agents, managers, or representatives, any internal Documents referencing or relating to such agreements or

negotiations, and any documents prepared by or sent to any Person outside Zuffa that reference or relate to such agreements or negotiations.

**RESPONSE TO REQUEST NO. 21**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Zuffa to produce a burdensome, unreasonable, and disproportionate number of documents over a 15-year time period, much of which is far outside the scope of this litigation.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 22**

All Documents referencing or relating to the drafting or editing of, justifications for, and the reasoning behind, the following provisions in Your contracts and agreements with any MMA Fighters, including, without limitation, Promotional and Ancillary Rights Agreements, Merchandise Rights Agreements, "side letters" and/or letter agreements:

    a.     any clauses providing for exclusivity or an exclusive relationship with the UFC of any kind and for any term or any clauses that restrict a Fighter from fighting for a rival Promoter or participate in any other fighting competition, including, without limitation, provisions that grant Zuffa the exclusive right to promote a Fighter's bouts or restrict a Fighter's ability to render services to or for another MMA Promoter or participate in any other fighting competition;

    b.     any clauses, in sum or substance, extending the term of an MMA Fighter's promotional agreement based upon being recognized as "Champion" in any weight division;

    c.     any clauses granting, in sum or substance, the "Right of First Offer" or the "Right to Match" the financial terms and conditions of any offer made to any MMA Fighter to render services or fight in bouts promoted by another MMA Promoter;

d.      any clauses granting Promotional and Ancillary Rights or Merchandise Rights to Zuffa;

e.      any clauses requiring MMA Fighters to, in sum or substance, grant to the UFC the exclusive right to promote events, bouts, sponsors, or any other instance featuring an MMA Fighter;

f.      any clauses granting to the UFC, in sum or substance, the right to extend the term;

g.      any clauses granting, in sum or substance, the UFC discretion over sponsorship and endorsement approvals;

h.      any clauses granting the UFC Merchandise Rights for MMA Fighters;

i.      any clauses granting Zuffa the right to, in sum or substance, promote, appropriate, or utilize MMA Fighters' Identities or likenesses.

**RESPONSE TO REQUEST NO. 22**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Zuffa to produce a burdensome, unreasonable, and disproportionate number of documents over a 15-year time period, much of which is far outside the scope of this litigation.  Zuffa objects that the terms "sum and substance" and "appropriate" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 23**

All Documents reflecting or relating to studies or analyses of the effects of the contractual provisions identified in Request No. 22 on Your revenues, success, strategy, profitability or on the compensation You paid to MMA Fighters or anyone else.

**RESPONSE TO REQUEST NO. 23**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time

period.  Zuffa objects that the terms "effects," "success," "strategy," and "anyone else" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 24**

All Documents reflecting or relating to the effects of any of the contractual provisions identified in Request No. 22 on any actual or potential competitor You identified in response to Request No. 19.

**RESPONSE TO REQUEST NO. 24**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.  Zuffa objects that the terms "effects" and "actual or potential competitor" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 25**

All Documents reflecting or relating to the administration, monitoring, auditing or enforcement or threatened enforcement of any of Your contracts with MMA Fighters and/or of any of the contractual provisions identified in Request No. 22.

**RESPONSE TO REQUEST NO. 25**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.  Zuffa objects that the terms "administration," "monitoring," "auditing," "enforcement," and "threatened enforcement" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 26**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of each of Your contracts or agreements with any MMA Fighters.

**RESPONSE TO REQUEST NO. 26**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 27**

All Documents referencing or relating to agreements (and any amendments thereto) regarding venues for professional MMA bouts executed between You and any venue or owner, operator, agent or manager of any venue. The word venue as used here includes without limitation stadiums, arenas, auditoriums, gymnasiums, television studios and any other facilities utilized for the purposes of holding live professional MMA events, whether promoted by You or another promoter. Responsive Documents include, without limitation, communications and/or negotiations between You and any venue or owner, operator, agent or manager of any venue, draft agreements, proposals, presentations, and internal communications, memoranda, spreadsheets and analyses referencing or relating to such negotiation, regardless of whether the negotiation resulted in an executed agreement.

**RESPONSE TO REQUEST NO. 27**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" for a period of 15 years "relating to" venues for events promoted by Zuffa or any other promoter.  Plaintiffs' Request would require Zuffa to produce a burdensome, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have no likelihood of leading to the discovery of relevant or admissible evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 28**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements for the use of any venue for purposes of holding any live Professional MMA event.

**RESPONSE TO REQUEST NO. 28**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for information as to each employee over a 15-year period and is not limited to information related to individuals who may have some role in the claims or defenses in this case.  Zuffa also objects to the term "potential agreement" as vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 29**

All Documents referencing or relating to the drafting or editing of, justifications for, and the reasoning behind, the following provisions in Your agreements or potential agreements for the use of any venue for purposes of holding any live Professional MMA event:

a.      any provisions that limit, restrict, or remove for any period of time the ability of the venue to host MMA events organized and/or promoted by an actual or potential competitor MMA Promoter;

b.      any clauses prohibiting, restricting or limiting venues from staging live MMA events promoted by an MMA Promoter not owned or controlled by Zuffa.

**RESPONSE TO REQUEST NO. 29**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period.

23

Zuffa objects that the terms "potential agreement" and "potential competitor MMA Promoter" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 30**

All agreements (and any amendments thereto) entered into by You and any other MMA Promoter (past or present) relating to an MMA Fighter's services or Identity.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All agreements (and any amendments thereto)" with past or present MMA Promoters and it is not confined to the agreements entered into or the Promoters that existed during the time period of the allegations in the Complaints and instead calls for information from over a period of 15 years.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 31**

All Documents referencing or relating to any Communications and/or negotiations between You and any other MMA Promoter (past or present), relating to the provision of Professional MMA Fighter services or a Professional MMA Fighter's Identity, including negotiations which did not result in an agreement.

**RESPONSE TO REQUEST NO. 31**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a 15-year time period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 32**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services or a Professional MMA Fighter's Identity.

**RESPONSE TO REQUEST NO. 32**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks documents relating to each employee over a 15-year period and is not limited to documents related to individuals who may have some role in the claims or defenses in this case.  Zuffa also objects that the phrases "provision of . . . a Professional MMA Fighter's Identity" and "potential agreements" are vague, ambiguous, and confusing.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 33**

All Documents referencing or relating to agreements (and any amendments thereto) entered into by You and any broadcaster of professional MMA events (including, e.g., cable, television, internet, PPV and online distribution), such as, without limitation, any communications and/or negotiations between You and any broadcaster of professional MMA events (including PPV and online distribution), including negotiations which did not result in an agreement.

**RESPONSE TO REQUEST NO. 33**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and seeks documents that have no likelihood of leading to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 34**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any broadcaster of professional MMA events (including PPV and online distribution).

**RESPONSE TO REQUEST NO. 34**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents related to "any agreement" regardless of whether the agreement is related to the claims and defenses at issue in this case. Zuffa objects to the term "potential agreements" as vague, ambiguous, and confusing.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 35**

All Documents referencing or relating to agreements (and any amendments thereto) entered into by You and any third party merchandisers or retailers selling MMA related merchandise, including, without limitation, all such agreements (and amendments thereto), all communications and negotiations with any third party merchandisers or retailers selling MMA related merchandise, including negotiations which did not result in an agreement.

**RESPONSE TO REQUEST NO. 35**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents" relating to all agreements, regardless of the nature of the agreement, over a 15-year time period with third party merchandisers or retailers and does not limit the scope of the request to the claims, defenses or time period at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 36**

Documents sufficient to Identify each of Your Employees involved in formulating, negotiating or approving the terms of any agreements or potential agreements with any third party merchandisers or retailers selling MMA related merchandise.

**RESPONSE TO REQUEST NO. 36**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a 15-year time period.  Zuffa objects to the term "potential agreements" as vague, ambiguous, and confusing.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 37**

All Documents referencing or relating to agreements (and any amendments thereto) executed between You and any sponsors of the UFC or of the MMA Fighters under contract with the UFC, including, without limitation, Communications and/or negotiations between You and any sponsors of the UFC or of the MMA Fighters under contract with the UFC, including negotiations which did not result in an agreement.

**RESPONSE TO REQUEST NO. 37**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents" referencing all agreements and all communications with sponsors over a 15-year time period and does not limit the scope to the claims, defenses or time period at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 38**

Documents sufficient to Identify each of Your Employees involved in approving or negotiating the terms of any agreements or potential agreements with any sponsors of the UFC or the MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 38**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a 15-year time period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 39**

All Documents referring or relating to the UFC denying permission to, or otherwise discouraging, UFC Fighters from contracting or working with particular sponsors, banning or discouraging particular sponsors from contracting with UFC Fighters, banning or discouraging UFC Fighters from contracting with sponsors, or the UFC discussing and/or publicly proclaiming that MMA Fighters who contract with specific sponsors will either be fined, docked compensation, banned from the UFC or punished by the UFC in some other way.

**RESPONSE TO REQUEST NO. 39**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.  Zuffa objects that terms such as "banning," "discouraging," "working with," and "punished by the UFC in some other way" are vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 40**

All Documents referencing, discussing, or relating to any MMA Fighter under contract with the UFC competing in a bout for an actual or potential rival MMA Promotion. Responsive

28

Documents include, but are not limited to, Documents referencing or relating to the costs to MMA Fighters and/or their managers or promoters associated with switching to an actual or potential rival, any requirements or obligations imposed by a contract between the UFC and MMA Fighters, and/or Documents concerning communications or negotiations between the UFC and MMA Fighters with respect to a switch or potential switch from the UFC to another actual or potential rival promotion.

**RESPONSE TO REQUEST NO. 40**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 41**

All Documents discussing or referencing Your analysis or interpretation of the role of managers, agents or other representatives of MMA Fighters.

**RESPONSE TO REQUEST NO. 41**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period.  Zuffa objects that the terms "analysis or interpretation of the role," and "other representatives" is vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 42**

All Documents discussing or referencing compensation of managers, agents or other representatives of MMA Fighters.

**RESPONSE TO REQUEST NO. 42**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 43**

All Documents discussing or relating to Plaintiffs or any of their attorneys, managers, agents or other representatives.

**RESPONSE TO REQUEST NO. 43**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" and does not limit the scope of its request to documents relating to the claims and defenses at issue in this case or the time period of those allegations.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 44**

All Documents concerning any actual or potential attempt by MMA Fighters to unionize or organize into another form of collective or collective bargaining unit.

**RESPONSE TO REQUEST NO. 44**

In addition to the General Objections set forth above, Zuffa objects to this Request as irrelevant, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because these topics are not the subject of Plaintiffs' Complaints. Zuffa also objects to this Request as overbroad and unduly burdensome because it requests "All Documents" over a 15-year time period and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION NO. 45**

All communications between You and anyone else, including members of the proposed Classes, referencing or relating to the allegations in the Complaints, including the filing of the Complaints, exclusive of any Communications protected by the Attorney/Client Privilege.

**RESPONSE TO REQUEST NO. 45**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All communications" with any other person related in any way to the broad allegations in Plaintiffs' Complaints over a 15-year time period.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 46**

All Documents referencing or relating to indemnification (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of Your officers, including by way of example not limitation, indemnity agreements, joint defense agreements, judgment sharing agreements, tenders of defense, denials or reservations of rights.

**RESPONSE TO REQUEST NO. 46**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION NO. 47**

All Documents referencing, discussing, analyzing or relating to the recent NCAA antitrust litigation, Keller v. Electronic Arts Inc., et al., case number 4:09-cv-01967-CW (N.D. Cal.), commonly referred to as O'Bannon v. NCAA, or simply the NCAA case or the O'Bannon case.

**RESPONSE TO REQUEST NO. 47**

In addition to the General Objections set forth above, Zuffa objects to this Request as irrelevant, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this case.

**REQUEST FOR PRODUCTION NO. 48**

All Documents referencing or relating to the creation and updating of any websites operated by or on behalf of Zuffa, including documents sufficient to Identify who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**RESPONSE TO REQUEST NO. 48**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this case. Plaintiffs' Request seeking "All Documents" relating to updating "any website operated by or on behalf of Zuffa" for a period of 15 years would require Zuffa to produce a burdensome, unreasonable, and disproportionate number of documents, many of which would be far outside the scope of this litigation and have no likelihood of leading to the discovery of relevant or admissible evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 49**

All Documents referencing or relating to any Social Media accounts operated by or on behalf of Zuffa or any of its executives, agents or Employees, including Documents sufficient to Identify who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**RESPONSE TO REQUEST NO. 49**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period relating to "any" Employee's Social Media account, which could include personal accounts, and is not limited to accounts that may have a bearing on the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 50**

All contracts or agreements between the UFC and any Social Media organization.

**RESPONSE TO REQUEST NO. 50**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad to the extent that it calls for "All contracts or agreements" over a 15-year time period and does not limit the agreements to the issues relevant to the claims or defenses at issue in this case and thus is not reasonably calculated to lead to the discovery of relevant or admissible evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 51**

All Documents referencing or relating to Communications between You and any of Your officers, managers, Employees or agents and Twitter and any of its officers, managers, employees or agents, including without limitation any Direct Messages in any Twitter account operated either by You or by Twitter, emails, letters, texts, faxes, and any diary entries, phone logs, cell phone records or other documents memorializing any telephone contact between You and Twitter.

**RESPONSE TO REQUEST NO. 51**

In addition to the General Objections set forth above, Zuffa objects that this Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period

relating to communications by "any" of Zuffa's "Employees" and is not limited to the claims and defenses in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 52**

All content posted to or deleted from any website or Social Media responsive to Plaintiffs' Requests for production and Interrogatories.

**RESPONSE TO REQUEST NO. 52**

In addition to the General Objections set forth above, Zuffa objects that this Request, as phrased, is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All content" from "any website" over a 15-year period and is not limited to websites or Social Media controlled by Zuffa or statements made by Zuffa employees acting in their capacity as Zuffa employees. Zuffa objects that this Request seeks public information – including information in Plaintiffs' control -- that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure and the Court's ESI Guidelines. Zuffa objects to this Request to the extent that it purports to require Zuffa to maintain information removed or deleted from websites and/or Social Media prior to the filing of this lawsuit. Zuffa also notes that, to date, Plaintiffs have not served any interrogatories.

**REQUEST FOR PRODUCTION NO. 53**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any governmental agency or any entity responsible for regulation, supervision, licensing, permitting or safety of MMA bouts and fighters.

**RESPONSE TO REQUEST NO. 53**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant

or admissible evidence, including because it seeks "all Documents" and does not limit its request to the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 54**

All Documents provided to or received from any governmental agency (including any party to any proceeding or the Federal Trade Commission, Department of Justice, or member or committee of Congress or any state legislature or other state governmental body or agency), investigating or litigating Your business practices including any claims or investigations related to any alleged anticompetitive conduct.

**RESPONSE TO REQUEST NO. 54**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Zuffa objects that this Request is overbroad in that it seeks "all Documents" over a 15-year time period and does not limit its requests to the claims and defenses at issue in this case.  Zuffa objects that the term "business practices" is vague and ambiguous.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 55**

All Documents You produced in any disputes (including, without limitation, lawsuits, arbitrations, or other official or unofficial dispute resolution process) between You, one or more past or present MMA Fighters, or any MMA managers or agents that relate in any way to the UFC's contracts, including, without limitation, the contractual provisions Identified in Request No. 22 or competition in the MMA Industry.

**RESPONSE TO REQUEST NO. 55**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time

period, regardless of the relevance to issues in this case.  Zuffa objects that the terms "disputes" and "unofficial dispute resolution process" are vague, ambiguous, and overbroad.  Zuffa objects that this Request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence.  Zuffa objects to this Request to the extent it calls for the production of settlement documents as those documents are confidential, are protected from disclosure under the local rules of the Northern District of California, are irrelevant and are not likely to lead to the discovery of relevant evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 56**

All Documents You produced in any disputes (including, without limitation, lawsuits, arbitrations, or other official or unofficial dispute resolution process) between You and any venue, sponsor, or actual or potential rival MMA Promoter concerning Your contracts with venues, sponsors, actual or potential rival MMA Promoters, or MMA Fighters, or concerning the MMA Industry.

**RESPONSE TO REQUEST NO. 56**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a 15-year time period regardless of the relevance to issues in this case.  Zuffa objects that the terms "disputes," "unofficial dispute resolution process," "potential rival MMA Promoter," and "concerning the MMA Industry" are vague and ambiguous.  Zuffa objects to this Request to the extent it calls for the production of settlement documents as those documents are confidential, are protected from disclosure under the local rules of the Northern District of California, are irrelevant and are not likely to lead to the discovery of relevant evidence.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 57**

All transcripts of all depositions of UFC Employees, managers, members, and executives in any dispute or proceeding Identified in Request Nos. 54-56 that relate in any way to the UFC's contracts with any person or entity and/or competition in the MMA Industry.

**RESPONSE TO REQUEST NO. 57**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for all documents over a 15-year time period regardless of the relevance to issues in this case. Zuffa objects that the terms "person or entity . . . in the MMA Industry" and "competition in the MMA Industry" are vague and ambiguous. Zuffa objects that this Request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Zuffa objects that this Request is overbroad in that it seeks "all transcripts of all depositions . . . . that relate in any way to the UFC contracts with any person or entity and/or competition in the MMA Industry" and does not limit its requests to the claims and defenses at issue in this case.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

**REQUEST FOR PRODUCTION NO. 58**

All Documents not otherwise responsive to any of these Requests relating to Your answers to any of Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 58**

Zuffa responds that no such documents currently exist.

**REQUEST FOR PRODUCTION NO. 59**

All draft or executed declarations or statements, including from MMA Fighters, other third parties, or present or former UFC executives, managers or Employees relating to the allegations in Plaintiffs' Complaints, your defenses in this litigation, or to other matters involving alleged violations of the antitrust laws.

**RESPONSE TO REQUEST NO. 59**

In addition to the General Objections set forth above, Zuffa objects to this Request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for all documents over a 15-year time period. Zuffa objects that this Request seeks information not in the Zuffa's possession, custody or control because it is not limited to Zuffa employees or UFC Fighters.

Subject to and without waiving those objections, after the resolution of the motion to stay discovery, Zuffa will discuss with Plaintiffs appropriate limitations to address the objections.

Dated: June 9, 2015

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: */s/ John F. Cove, Jr.*
John F. Cove, Jr.
*Attorneys for Defendant* Zuffa, LLC, d/b/a
Ultimate Fighting Championship and UFC