ERIC L. CRAMER (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net

JOSEPH R. SAVERI (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

RICHARD A. KOFFMAN (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
rkoffman@cohenmilstein.com

*Counsel for the Class and Attorneys for All Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br>      Defendant. | Case No. 2:15-cv-01045-RFB-BNW<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 19 TO PRECLUDE EVIDENCE OF OR REFERENCE TO REGULATORY INVESTIGATIONS OR INACTION** |

Plaintiffs submit this Motion in Limine to preclude evidence of or reference to government investigations or inaction. Specifically, Plaintiffs believe that Zuffa may attempt to introduce evidence regarding or referencing the Federal Trade Commission's commencement and closure of two investigations of Zuffa: one in 2012, in connection with Zuffa's acquisition of Strikeforce;[1] and one in 2015, in connection with Zuffa's contracting practices.[2] Any reference to or evidence of these FTC investigations should be excluded pursuant to Fed. R. Evid. 403, "as the risk of prejudice substantially outweighs any probative value." *In re Urethane Antitrust Litig.*, No. 2:08-5169 (WJM-MF), 2016 WL 475339, at *6 (D.N.J. Feb. 8, 2016); *see also Goode v. City of Southaven*, No. 3:17-CV-60-MPM-RP, 2019 WL 1100556, at *5 (N.D. Miss. Mar. 7, 2019) ("To the extent that evidence of investigations and their outcomes carries any probative value, such value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time").

The risk of unfair prejudice is particularly acute here, as the FTC investigations at issue encompassed only individual component parts of the anti-competitive Scheme alleged by Plaintiffs. The FTC investigated Zuffa's 2011 acquisition of Strikeforce but did not consider it in the context of the other acquisitions, long-term exclusive contracts, and coercion that comprised the anti-competitive Scheme. Similarly, the FTC investigated Zuffa's contracting practices in 2015, but not in conjunction with the acquisitions and coercion that, along with Zuffa's contracting practices, comprised the Scheme. As this Court has already determined, the alleged Scheme should be considered as a whole, rather than broken down into its component parts. *See*, *e.g.*, *Le v. Zuffa, LLC*, No. 215CV01045RFBBNW, 2023 WL 5085064, at *27 (D. Nev. Aug. 9, 2023) ("Plaintiffs have shown, by a preponderance of the common evidence and for purposes of class certification, that Defendant's anticompetitive Scheme violated the antitrust law").

The closure of these FTC investigations does not constitute relevant evidence that Zuffa did not engage in the unlawful anti-competitive Scheme alleged in this case. Indeed, both of the FTC's letters

---

[1] A January 25, 2012 letter from the FTC announcing the closure of the first investigation appears as DX-0824 on Defendant's Trial Exhibit List. It is attached hereto as Exhibit W.

[2] A November 20, 2015 letter from the FTC announcing the closure of the second investigation is attached hereto as Exhibit X.

informing Zuffa's then-counsel that the FTC was closing its investigations expressly stated, "*This action is not to be construed as a determination that a violation may not have occurred*, just as the pendency of an investigation should not be construed as a determination that a violation has occurred." *See* **Exhs. W, X** (emphasis added).

If the jury were informed that the FTC had investigated some of the acts that form the alleged anticompetitive Scheme in this case, and declined to take any regulatory action, it might infer from the FTC's inaction that Zuffa did not violate the antitrust laws. Such an inference would be unwarranted, as both of the FTC's letters make clear.

The mere fact that the FTC declined to pursue regulatory enforcement actions against Zuffa does not mean that Zuffa did not violate the law, *see* Exhibits W & X hereto, but only that the FTC decided to allocate its limited resources elsewhere. Indeed, where private antitrust plaintiffs are already seeking redress for alleged antitrust violations, as was the case when the FTC sent its November 20, 2015 closure letter (**Exh. X**), the FTC might well decide its limited resources would be more efficiently deployed elsewhere. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05MD1720MKBJO, 2019 WL 6888488, at *21 (E.D.N.Y. Dec. 16, 2019), *aff'd sub nom*. *Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704 (2d Cir. 2023) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979)) ("Private antitrust lawsuits 'provide a significant supplement to the limited resources available' to public antitrust regulators."); *see also In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664-65 (7th Cir. 2002) ("The Justice Department has limited resources. . . . It may also have felt that the antitrust class action bar had both the desire and the resources to prosecute such a suit vigorously, as indeed it has done.").

For these reasons, courts in private antitrust actions, in this Circuit and elsewhere, have repeatedly granted motions *in limine* to exclude reference to or evidence of regulatory investigations or inaction. *See*, *e.g.*, *Shoppin' Bag of Pueblo, Inc. v. Dillon Cos., Inc.*, 783 F.2d 159, 165 (10th Cir. 1986) (affirming exclusion of evidence of FTC investigation); *Urethane*, 2016 WL 475339, at *6 (precluding evidence of DOJ investigation or its closure); *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1797, 2016 WL 5928685, at *2 (E.D. Pa. Jan. 8, 2016) (precluding evidence of FTC

investigation); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748002, at *1 (N.D. Ohio Mar. 6, 2015) (precluding reference to DOJ investigation and non-prosecution); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (precluding "reference to or evidence of the Department of Justice's closing of its SRAM investigation"). This Court should do the same.[3]

---

[3] Even if the Court were to permit evidence of the *fact* of the FTC investigations, it should nonetheless preclude reference to or evidence of the *closure* of those investigations, as such evidence would be far more prejudicial than probative. *See Urethane*, 2016 WL 475339, at *6; *Polyurethane Foam*, 2015 WL 12748002, at *1; *SRAM*, 2010 WL 10086747, at *2.

Dated: February 29, 2024                    Respectfully submitted,

*/s/ Joseph R. Saveri*
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

*/s/ Eric L. Cramer*
Eric L. Cramer (*pro hac vice*)
Michael C. Dell'Angelo (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
Ellen T. Noteware (*pro hac vice*)
Najah Jacobs (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net
Email: enoteware@bm.net
Email: njacobs@bm.net

Joshua P. Davis (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net

Richard A. Koffman (*pro hac vice*)
Benjamin Brown (*pro hac vice*)
Daniel Silverman (*pro hac vice*)
Daniel L. Gifford (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600

Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Don Springmeyer (Bar No. 1021)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com

*Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

Robert C. Maysey (pro hac vice)
Jerome K. Elwell (pro hac vice)
WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: +1 (602) 264-7101
Facsimile: +1 (602) 234-0419
Email: rmaysey@warnerangle.com
Email: jelwell@warnerangle.com

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr.
Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Attorneys for Individual and Representative Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of February, 2024 a true and correct copy of PLAINTIFFS' MOTION IN LIMINE NO. 19 TO PRECLUDE EVIDENCE OF OR REFERENCE TO REGULATORY INVESTIGATIONS OR INACTION was served via the District Court of Nevada's ECF system to all counsel of record who have enrolled in this ECF system.

                                          */s/ Joseph R. Saveri*
                                            Joseph R. Saveri