# EXHIBIT 8

Order,

*Zuffa, LLC v. Couture*, No. 08A555208 (Nev. Dist. Ct., Clark Cnty.)

**ORIGINAL**

**ORDR**

**FILED**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**  FEB 29  12 26 PM '08

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, dba ULTIMATE FIGHTING CHAMPIONSHIP,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY COUTURE, an individual; DOES 1 through 100, inclusive; ROE corporations and limited liability companies 1 through 100, inclusive,<br><br>Defendants. | CASE NO: A555208<br>DEPT NO: IX<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiff's Motion for Preliminary Injunction came on for hearing on the 26th day of February, 2008 at 1:30 p.m. and again on February 28, 2008 at 4:30 p.m.; Plaintiff Zuffa, LLC ("Zuffa") having been represented by Donald J. Campbell, Esq. and J. Colby Williams, Esq.; Defendant Randy Couture ("Couture") having been represented by J. Stephen Peek, Esq., Bryce K. Kunimoto, Esq., Christopher Rudd, Esq. (pro hac vice pending), and Sam Spira, Esq. (pro hac vice pending); and the Court having considered all of the papers and pleadings on file herein as well as the oral argument of the parties, hereby enters the following Order Granting Preliminary Injunction.

1. With respect to the validity of the covenant not to compete contained in the Employment Agreement between Zuffa and Couture, Zuffa has shown a likelihood of success on the merits because the Employment Agreement appears to be reasonable and enforceable under Nevada law.

2. In particular, the Employment Agreement and the non-competition clause are drafted in plain language that is easily understood. The purpose of the clause is clear and its scope is reasonable. The lack of a geographic limitation in the covenant not to compete does not render

the clause unreasonable in the year 2008 given that the mixed martial arts industry is worldwide in scope and Zuffa and its competitors conduct business on an international basis.

3. The reasonableness of the Employment Agreement and covenant not to compete is further evidenced by the fact that it permits Defendant Couture to engage in certain, defined business activities (the "Carved-Out Activities") related to mixed martial arts, including the establishment of the Extreme Couture Mixed Martial Arts schools.

4. The conduct of allowing the International Fight League ("IFL"), one of Zuffa's competitors in the mixed martial arts industry, to use the name "Xtreme Couture" on the IFL's website, print and related materials in reference to the IFL's "New Blood New Battles" to be held on February 29, 2008 at the Orleans Arena in Las Vegas, Nevada crosses the line of being promotional not just of the Xtreme Couture gyms but also the IFL itself. As such, the Court finds that this conduct violates the terms of Couture's Employment Agreement, specifically Section 6.6 which prohibits Couture from, among other activities, "promoting or producing events or programming related to unarmed combat," and Section 1.2 which prohibits Couture from engaging in the Carved-Out Activities if he becomes "involved with any other promoter."

5. Given Couture's stature in the mixed martial arts industry and his long affiliation with Zuffa and the latter's Ultimate Fighting Championship® brand, his involvement with a competing promoter during the one-year Restricted Period contained in his Employment Agreement threatens Zuffa with irreparable harm in the form of lost business goodwill and market share. In light of the foregoing, as well as the fact that Defendant Couture has represented in a supplemental affidavit that he will not be attending the IFL event, providing interviews or commentary on the IFL event, and that the name of the team from the Xtreme Couture gym has been changed to "Team Tompkins," the Court finds that the balance of hardships tips in Zuffa's favor. Accordingly,

1  IT IS HEREBY ORDERED that Zuffa's Motion for Preliminary Injunction is GRANTED.
2  Defendant Couture and his officers, agents, servants, employees, attorneys, and those persons in
3  active concert or participation with them who receive actual notice of this order by personal service
4
5  or otherwise are restrained and enjoined from using Couture's name or likeness, including the name
6  Xtreme Couture, on the IFL website, print materials, banners and like materials to promote the
7  IFL's February 29 event.
8  IT IS FURTHER ORDERED that Zuffa shall be required to post a bond in the amount of
9  $10,000.
10  IT IS FURTHER ORDERED that injunction herein shall be in effect for 21 days, and the
11  parties shall meet and confer in an effort to establish a schedule to conduct expedited discovery
12  prior to the IFL's next event scheduled for April 4, 2008 in reference to Zuffa's contention that,
13
14  Couture is engaged in additional violations of his Employment Agreement.
15  DATED this 29th day of February, 2008.

_____
DISTRICT COURT JUDGE

19  Submitted by:
   CAMPBELL & WILLIAMS
20
21  By _____
22  DONALD J. CAMPBELL, ESQ. (#1216)
   J. COLBY WILLIAMS, ESQ. (#5549)
23  700 South Seventh Street
   Las Vegas, Nevada 89101
24  Tel. (702) 382-5222
   Fax. (702) 382-0540
25
26  Attorneys for Plaintiff
   Zuffa, LLC

3