# EXHIBIT A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

March 4, 2024

**By ECF**

The Honorable Richard F. Boulware, II
United States District Judge
U.S. District Court for the District of Nevada
333 Las Vegas Boulevard South
Las Vegas, NV 89101

Re:   *Cung Le, et al. v. Zuffa, LLC*, Case No. 15-cv-01045 (D. Nev.)

Dear Judge Boulware:

We write on behalf of Defendant Zuffa, LLC, regarding two issues: to provide notice of the contents of two flash drives submitted to the Court on Friday, March 1, 2024, and to explain why Plaintiffs' objection to Zuffa's submission of its affirmative designations of Joseph Silva on March 1 is baseless and should be overruled.

### I.     Contents of Flash Drives

In accordance with the Court's Amended Joint Stipulated Pre-Trial Schedule entered on February 27, 2024 (ECF No. 990), Defendant Zuffa, LLC ("Zuffa"), hereby notifies the Court that on March 1, 2024, it submitted two flash drives.

The first flash drive contains the following:

1. A copy of each of Zuffa's Trial Exhibits, labelled "DX" and in JERS format, pursuant to the Court's order.

2. A copy of each of the Joint Trial Exhibits, which appeared on both parties' exhibit lists and to which there are no objections, labelled "JX" and in JERS format, pursuant to the Court's order.

The second flash drive contains the following:

1. Zuffa's Trial Exhibit List, including Plaintiffs' initial objections thereto and Zuffa's initial responses.

2. The parties' Joint Trial Exhibit List, which lists those exhibits the parties jointly have included on their respective exhibit lists, and to which there are no objections.

3. Zuffa's Trial Witness List.

4. A spreadsheet file in Microsoft Excel format containing the parties' deposition designations for witnesses Aronson, Arum, Coker, DiBella, Goldman, Knapp, Lappen, Margules, Neville, Otto, Pine, Quinn, Richard, Joseph Silva (except, at Plaintiffs' insistence, not including Plaintiffs' affirmative designations of Mr. Silva's transcript, as discussed in Part II below), Carlos Silva, and Simon. Specifically, the spreadsheet contains the parties' affirmative designations, counter-designations, objections to designations, objections to counter-designations, responses to objections to designations, and reply counter-counter designations.

5. Sixteen individual deposition transcript files in PDF format containing the parties' deposition designations (including all of the objections, responses, and counter-designations identified in #3 above) for each of the witnesses identified in #3 above (except, at Plaintiffs' insistence, not including Plaintiffs' affirmative designations of Mr. Silva's transcript, as discussed in Part II below). These transcripts contain color-coded highlighting as follows:

    a. Zuffa's affirmative designations: yellow
    b. Zuffa's counter-designations: brown
    c. Zuffa's objections to Plaintiffs' designations and counter-designations: gray
    d. Zuffa's counter-counter-designations: orange
    e. Plaintiffs' designations: green
    f. Plaintiffs' counter-designations: blue
    g. Plaintiffs' objections to designations and counter-designations: light blue
    h. Plaintiffs' counter-counter designations: pink

II. **Plaintiffs' Objections to Zuffa's Designation of Joseph Silva's Deposition Should Be Rejected**

Plaintiffs have objected to Zuffa following the Court-ordered Amended Joint Stipulated Pre-Trial Schedule, ECF No. 990, by submitting its affirmative deposition designations for Joseph Silva, a former Zuffa employee who is outside of the trial subpoena power. ECF No. 1008, Ex. A. Zuffa fully complied with the Pre-Trial Schedule for the exchange of its designations of Mr. Silva's transcript, and then completed the scheduled process for objections, counter-designations, responses, and counter-counter designations to Zuffa's initial designations. Plaintiffs object to Zuffa submitting Mr. Silva's transcript because Plaintiffs unilaterally chose to cease working on their affirmative designations of Mr. Silva's testimony, in violation of the Pre-Trial Schedule. Plaintiffs now seek to preclude Zuffa from presenting Mr. Silva's deposition testimony because *Plaintiffs* violated the Pre-Trial Schedule.  That result would be highly prejudicial to Zuffa. Plaintiffs' argument must be rejected.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Zuffa followed the Court's Pre-Trial Schedule for the designation and submission of Mr. Silva's testimony. On February 2, 2024, Zuffa prepared and served on Plaintiffs a set of affirmative deposition designations for Mr. Silva (and various other witnesses), as required by the Pre-Trial Schedule governing all deposition designations. ECF No. 990. Plaintiffs then served their objections and counter-designations on February 23, to which Zuffa responded on February 28, as the Pre-Trial Schedule required.

Plaintiffs did not comply with the Court's Pre-Trial Schedule for affirmatively designating their own portions of Mr. Silva's testimony. Plaintiffs initially prepared and served a set of affirmative designations for Mr. Silva (and various other witnesses), as the Pre-Trial Schedule required on February 2, and Zuffa responded with objections and counter-designations pursuant to the Pre-Trial Schedule as well. But when the time came for Plaintiffs to serve their responses to Zuffa's objections and counter-designations on February 28, 2024, Plaintiffs unilaterally decided not to follow the Pre-Trial Schedule. Instead of seeking approval to violate the Pre-Trial Schedule, Plaintiffs simply wrote to Zuffa, on the day their responses, counter-designation objections, and counter-counter designations were due, that Plaintiffs unilaterally reserved the right to "designate additional deposition testimony, objections to designated testimony, and responses to objections to designated testimony" from Mr. Silva (and seven other witnesses), if Plaintiffs learned that he would "not be called to testify live, contrary to the representations made by Defendant Zuffa." Having never represented that Mr. Silva would certainly testify live at trial, Zuffa immediately responded to Plaintiffs to "correct the record" that Zuffa did "not know what representations you are referring to."

Zuffa never represented to Plaintiffs that Mr. Silva would certainly testify live at trial. To the contrary, after filing its pre-trial brief, Zuffa wrote a letter to Plaintiffs on February 23, 2024, informing Plaintiffs that Mr. Silva was "beyond the subpoena power for this trial," and, thus, Zuffa was "still evaluating whether Mr. Silva will agree to appear at trial voluntarily." Ex. B, Feb. 23, 2024, Ltr. from S. Mirkovich. Zuffa's trial brief, filed the day prior, did not commit Mr. Silva to testify live either. *See* ECF No. 979 at 35–38.[1]

The Pre-Trial Schedule required all deposition designations potentially to be played at trial to be submitted to the Court on March 1 by noon. Zuffa agreed to prepare those materials for the parties. On February 29 and March 1, 2024, Zuffa served Plaintiffs with full sets of deposition designations for their review prior to service on the Court. This included the transcript of Mr. Silva (and seven other transcripts that Plaintiffs initially designated, but then ceased progressing through the Pre-Trial Schedule) containing the complete designation record to date: *i.e.*, both sides' deposition designations, counter-designations, and objections, but only Zuffa's objections to Plaintiff's counter-designations, responses to objections, and counter-counter

---

[1]   It is true that Zuffa's trial brief also contained a category of "Likely Video Only Witnesses," all of whom are third parties. Again, however, the trial brief did not say one way or the other whether Mr. Silva, who was in a separate category of "Zuffa Current Or Former Employee Witnesses," would appear live at trial. On February 27, 2024, Zuffa filed an amended trial brief, which did not alter the provisions involving Mr. Silva or his testimony.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

designations, since Plaintiffs had declined to complete those components as the Pre-Trial Schedule required.

On review of the designations, Plaintiffs informed Zuffa that Mr. Silva's designation was "not complete" as it did "not include Plaintiffs' objections to Defendants' designations" (by which Plaintiffs presumably meant Defendants' counter-designations to Plaintiffs' initial designations) "nor Plaintiffs counter-designations" (which Plaintiffs failed to complete pursuant to the Pre-Trial Schedule), stated that they "reserved the right to further object to and designate testimony from these 8 depositions," and stated that Zuffa did "not have Plaintiffs' consent to include these 8 incomplete transcripts in the joint submission to the Court today."

Zuffa responded that it had made no representations that Mr. Silva (or the other seven witnesses) would certainly testify live at trial. On the contrary, Zuffa explained again that Mr. Silva is beyond the subpoena power, and Zuffa continues to investigate whether Mr. Silva will agree to testify live. Zuffa agreed to remove the other seven witnesses because (unlike with Mr. Silva), Zuffa had not submitted affirmative designations for those witnesses. Zuffa declined to remove Mr. Silva's transcript from the submission to the Court. To the extent that Plaintiffs chose to complete only part of the Court-ordered designation process, and not to complete their own objections, responses, or reply counter-designations consistent with the Pre-Trial Schedule, that was their strategic choice, not due to anything Zuffa did, and certainly not due to any representations made by Zuffa.

Because Zuffa must preserve its right to rely on the testimony from Mr. Silva that it designated pursuant to the Pre-Trial Schedule, and because those designations were complete as to Zuffa's affirmative designations, Zuffa informed Plaintiffs that it would submit a version of Mr. Silva's transcript that only contained *Zuffa's* affirmative designations, Plaintiffs' objections and counters, and Zuffa's responses in support of those designations. Therefore, the designated transcript for Mr. Silva submitted to the Court on March 1 contains Zuffa's affirmative designations and all follow-up components to those affirmative designations: Plaintiffs' counter-designations, Plaintiffs' objections to Zuffa's designations, Zuffa's objections to Plaintiffs' counter-designations, Zuffa's responses to Plaintiffs' objections, and Zuffa's counter-counter designations. Put otherwise, the designated transcript is "complete" as to Zuffa's affirmative designations. It does not include Plaintiffs' affirmative designations.

Plaintiffs continue to object to submission of this transcript as an "incomplete Joseph Silva designation." That objection should be overruled. Zuffa has the right to submit affirmative deposition designations for Mr. Silva, and it fully complied with the Court's Pre-Trial Schedule at each step of the deposition designation exchange process. ECF No. 990. If Plaintiffs' objection to this transcript were granted, then Zuffa would be severely prejudiced. It would be robbed of the opportunity to submit its own affirmative deposition designations in support of its case because *Plaintiffs* decided not to complete their own objections in support of their own affirmative designations as the Pre-Trial Schedule required. Plaintiffs' objection should be rejected.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

To the extent that the Court wishes Zuffa to submit a version of the designated transcript for Mr. Silva that also contains Plaintiffs' affirmative designations, Zuffa's objections, and Zuffa's counter-designations, Zuffa would be pleased to do so.  But Zuffa objects to Plaintiffs receiving additional time to supplement its designations, objections, responses, or counter-designations.

Please contact us if you have any questions or would like any additional information.

Respectfully submitted,

*/s/ Jessica E. Phillips*
Jessica E. Phillips

*Attorney for Defendant Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC LLC*


cc:     Counsel of Record (*w/o encl.*) (*via ECF*)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP