# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT NEVADA

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW |
| KAJAN JOHNSON and CLARENCE DOLLAWAY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC F/K/A ZUFFA PARENT LLC (D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No. 2:21-cv-01189-RFB-BNW |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS**

WHEREAS, Plaintiffs have moved for preliminary approval under Fed. R. Civ. P. 23(c)(2) and 23(e) of the settlement ("Settlement") between the parties in the following two class actions: (i) *Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045 (D. Nev.) (the "*Le* Action"); and (ii) *Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-1189 (D. Nev.) (the "*Johnson* Action") (collectively, the "Actions");[1]

WHEREAS, on April 24, 2024, Plaintiffs, both individually and on behalf of the respective "Settlement Classes" (defined below), and Defendants entered into a settlement agreement that sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of the Plaintiffs' claims against Defendants (the "Settlement Agreement");

WHEREAS, on May 21, 2024, Plaintiffs filed a Motion for Preliminary Approval of the Settlement, Provisional Certification of the Proposed *Johnson* Settlement Class, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, requesting the entry of an Order: (i) granting preliminary approval of the Settlement Agreement; (ii) granting Plaintiffs' request to coordinate the *Le* Action and the *Johnson* Action for settlement purposes only; (iii) finding that the standards for certifying the proposed *Johnson* Settlement Class (defined below) under Fed. R. Civ. P. 23 for purposes of settlement and judgment are likely satisfied; (iv) appointing Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly as the representatives Plaintiffs for the *Johnson* Settlement Class under Fed. R. Civ. P. 23(a) & (g); (v) appointing Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP as Co-Lead Class Counsel for the Settlement Classes, and Kemp Jones, LLP, Warner Angle Hallam Jackson & Formanek PLC, and

---

[1] Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury brought the *Le* Action against one defendant, Zuffa, LLC. On August 9, 2023, the Court certified the *Le* Class (*see* below) and appointed all the plaintiffs in the *Le* Action, other than Nathan Quarry, as the class representatives for the *Le* Class (the "*Le* Class Representatives"). *See* ECF No. 839, at 78-79 (certifying the *Le* bout class). Plaintiff Nathan Quarry was proffered as a class representative for the "Identity Rights Class," which the Court did not certify. *See generally* ECF No. 839 at 75-78. Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the proposed "*Johnson* Settlement Class Representatives") brought the *Johnson* Action against three defendants, Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. The *Le* Class Representatives and the *Johnson* Settlement Class Representatives are collectively referred to as "Plaintiffs," and the defendants in both Actions are referred to collectively as "Defendants."

1  Clark Hill PLC as additional Settlement Class Counsel for the *Johnson* Settlement Class under Fed. R.
2  Civ. P. 23(g); (vi) authorizing dissemination of notice to the Settlement Classes; (vii) appointing
3  Angeion Group LLC ("Angeion") as Settlement Claims Administrator; (viii) appointing The
4  Huntington National Bank ("Huntington") as Escrow Agent; and (ix) approving the proposed
5  Settlement schedule, including setting a date for a final Fairness Hearing;

6     WHEREAS, on August 9, 2023, the Court certified the Bout Class in the *Le* Action consisting
7  of all persons who competed in one or more live professional UFC-promoted mixed martial arts
8  ("MMA") bouts taking place or broadcast in the United States from December 16, 2010 to June 30,
9  2017 (the "*Le* Class Period"), but excluding all persons who are not residents or citizens of the United
10 States unless the UFC paid such persons for competing in a bought fought in the United States
11 (hereinafter, the "*Le* Class") (ECF No. 839, at 79);

12    WHEREAS, Plaintiffs seek provisional certification of a class, for settlement purposes only,
13 comprised of all persons who competed in one or more live professional UFC-promoted MMA bouts
14 taking place or broadcast in the United States from July 1, 2017 to the date of preliminary approval of
15 the Settlement (the "*Johnson* Settlement Class Period"), but excluding all persons who are not residents
16 or citizens of the United States unless the UFC paid such persons for competing in a bout fought or
17 broadcast in the United States ("*Johnson* Settlement Class") (the *Le* Class and the *Johnson* Settlement
18 Class collectively, the "Settlement Classes");

19    WHEREAS, on June 24, 2024, Plaintiffs filed a Supplemental Brief in Support of Preliminary
20 Approval, including a Revised Plan of Allocation and certain requested information *in camera* to the
21 Court setting forth, *inter alia*, proposed allocations to individual Settlement Class members;

22    WHEREAS, Defendants do not oppose Plaintiffs' Motion; and

23    WHEREAS, the Court is familiar with the record in this case, and having reviewed the
24 Settlement and supporting documents, has found good cause for entering the following Order.

2

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

### Jurisdiction

1. This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of the above-captioned actions and over Defendants and Plaintiffs, including all members of the Settlement Classes.

### Settlement Classes

2. Pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court provisionally finds that the Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement and judgment purposes only for the *Johnson* Settlement Class, as follows: as to the requirements of Rule 23(a), (1) the *Johnson* Settlement Class provisionally certified herein includes more than one-thousand individuals and joinder of all would be impracticable; (2) there are questions of law and fact common to the *Johnson* Settlement Class; (3) the *Johnson* Settlement Class Representatives' claims are typical of the claims of the *Johnson* Settlement Class they seek to represent for purposes of settlement; and (4) the *Johnson* Settlement Class Representatives are adequate representatives of the *Johnson* Settlement Class. As to the requirements of Rule 23(b)(3), with reference to settlement and entering judgment, questions of law and fact common to the *Johnson* Settlement Class predominate over any questions affecting any individual member of the *Johnson* Settlement Class, and that a class action on behalf of the *Johnson* Settlement Class is superior to other available means of settling and disposing of this dispute.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, solely for purposes of effectuating the Settlement, the following *Johnson* Settlement Class:

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from July 1, 2017 to the date of preliminary approval of the Settlement (the "*Johnson* Settlement Class Period").
>
> Excluded from the *Johnson* Settlement Class are all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought or broadcast in the United States.

4. The Court reaffirms its finding that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied for the *Le* Class, including for settlement and judgment purposes. *See* ECF No.

3

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

839, at 79 (defining the Bout Class). As used herein, the term "Settlement Classes" refers to both the *Le* Class and the *Johnson* Settlement Class.

5. For settlement purposes only, the Court hereby appoints Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly as class representatives of the *Johnson* Settlement Class under Fed. R. Civ. P. 23(a) & (g). The Court previously appointed Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury as the class representatives for the *Le* Class (the "*Le* Class Representatives"). *See* ECF No. 839, at 79.

6. For settlement purposes only, the Court hereby appoints Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP as Co-Lead Class Counsel for the Settlement Classes, and Kemp Jones, LLP, Warner Angle Hallam Jackson & Formanek PLC, and Clark Hill PLC as additional Settlement Class Counsel for the *Johnson* Settlement Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court directs that the *Le* Action and the *Johnson* Action shall be coordinated for settlement purposes only.

**Preliminary Approval of the Settlement**

8. Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the Court will likely (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement.

9. Being familiar with the record, and having reviewed the settlement papers, the Court finds the Settlement was entered into after more than nine years of hard-fought litigation in the *Le* Action, including, *inter alia*, completion of fact discovery, the exchange of expert reports and the depositions of each expert, an evidentiary hearing relating to class certification and *Daubert* featuring seven witnesses, class certification and *Daubert* briefing (and decisions on class certification and *Daubert*), three sets of summary judgment briefing (and a decision on summary judgment), and trial preparation, as well as initial discovery in the *Johnson* Action. The Court finds further that the Settlement process involved multiple mediations before an experienced mediator, and the parties

4

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

reached the Settlement only after extensive arm's length negotiations. Accordingly, the Court preliminarily finds that the Settlement meets all factors under Rule 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, and adequate, and in the best interests of the Settlement Classes, raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be given.

10. The Court has reviewed the Revised Plan of Allocation (dated June 24, 2024), the Declaration of Hal J. Singer, Ph.D., dated May 15, 2024, in support of the initial Plan of Allocation, and materials submitted by the Plaintiffs *in camera* setting forth proposed distributions under the Revised Plan of Allocation, and other information relating to Settlement Class members, and hereby preliminarily approves the Revised Plan of Allocation.

11. Angeion Group LLC is hereby appointed as Settlement Claims Administrator for the Settlement Classes.

12. The Huntington National Bank is hereby appointed as Escrow Agent pursuant to the Settlement.

13. The Court approves the establishment of the UFC Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Settlement Agreement, Co-Lead Class Counsel are authorized to withdraw funds from the QSF for the payment of reasonable costs of notice, payment of taxes, and settlement administration costs.

14. Pending further Order of the Court, all litigation activity against Defendants on behalf of the Settlement Classes is hereby stayed, and all hearings, deadlines, and other proceedings related to the Plaintiffs' claims against Defendants, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such time that: (i) Defendants or Plaintiffs exercise their right to terminate the Settlement pursuant to its terms; (ii) the Settlement is

5

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

1   terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of the Settlement, and if it approves the Settlement, enters final judgment and dismisses Plaintiffs' claims against Defendants with prejudice.

15. In the event that the Settlement fails to become effective in accordance with its terms, or if an Order granting final approval to the Settlement and dismissing Plaintiffs' claims against Defendants with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

16. In the event the Settlement is terminated, not approved by the Court, or the Settlement does not become final pursuant to the terms of the Settlement, litigation against Defendants shall resume in a reasonable manner as approved by the Court upon an application of Plaintiffs or Defendants.

### Approval of the Notice Plan

17. The Court approves in form and substance the Plaintiffs' proposed notice plan, including the long-form notice, the short-form notice, the poster notice, and the updated Settlement website as described herein, except that the descriptions of the Plan of Allocation in the forms of notice shall be updated to reflect the changes made to the methodology as set forth in the Revised Plan of Allocation. The proposed notice plan specified by Plaintiffs and as supported by the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Settlement Notice Plan, dated May 20, 2024 ("Weisbrot Settlement Decl.") (hereinafter, the "Notice Plan"): (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency and status of the Actions (defined in the Settlement Agreement, ¶1(a)) and of their right to participate in, object to, or (where applicable) exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1) and due process and is a reasonable manner of distributing notice to class members who would be bound by the Settlement.

18. Angeion may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those

6

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

modifications substantially comport with the notices attached to the Weisbrot Settlement Decl. as Exhibits A, B, and C (as amended to reflect the Revised Plan of Allocation).

19. Defendants shall provide notice of the Settlement as required by 28 U.S.C. § 1715.

20. The Court observes that, on November 17, 2023, it authorized notice to the *Le* Class relating to its certification of the Bout Class in the *Le* Action. ECF No. 921. Notice to the *Le* Class utilized four forms of notice: (i) a long-form notice that provided detailed information about the *Le* Action, the *Le* Class, and the *Le* Class members' rights, including their right to opt-out; (ii) a short-form notice that provided critical information to *Le* Class members in a summary form and directed them on how to obtain additional information; (iii) a press release notice to alert UFC fighters about the *Le* Class and draw media attention to the certification of the *Le* Class; and (iv) a poster notice displayed at MMA Gyms. The manner of notice employed a multiplicity of methods designed to ensure notice to the largest possible number of *Le* Class members, which included: (1) direct notice to all reasonably identifiable *Le* Class members via email and U.S. mail; (2) a targeted first-party social media campaign; (3) the issuance of a press release; (4) posted notice in notable MMA Gyms; and (5) the implementation of a dedicated website and tollfree hotline where *Le* Class members could learn more about their rights and options in the *Le* Action.

21. The Court further observes that, on February 5, 2024, plaintiffs in the *Le* Action filed with the Court a notice concerning the implementation of the *Le* Class notice program. *See* Plaintiffs' Notice of: (1) Effectuation of Class Notice Plan, and (2) Exclusions from Bout Class, ECF No. 966, at 1 (Feb. 5, 2024). This submission, and the accompanying declaration of the Court-appointed Notice Administrator (Angeion), described in detail the process and results of effectuating notice to the *Le* Class, including that no requests for exclusion were submitted by *Le* Class members. *See id.* at 3-4.

22. The Court finds that notice to the *Le* Class was effectuated according to the Court approved notice plan to the *Le* Class, as described above. The Court further finds that notice to the *Le* Class was sufficient and reasonably informed *Le* Class members of their rights to participate in or opt-out from the *Le* Class and, accordingly, no second opportunity to request exclusion from the *Le* Class is warranted in connection with notice of the Settlement. *See Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121-22 (9th Cir. 2018) (holding no second opportunity to opt-out at settlement stage and that Ninth

7

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

Circuit law provides no due process right for such a second opt-out choice); *Musgrove v. Jackson Nurse Pros., LLC*, No. CV 17-6565 FMO (SSX), 2022 WL 2092656, at *7 (C.D. Cal. Jan. 11, 2022) (approving preliminary approval of settlement and holding a settlement does not afford a second opportunity to opt-out when class members had earlier opportunity and did not do so); *In re Zillow Grp., Inc. Sec. Litig.*, No. 2:17-CV-1387-JCC, 2023 WL 2766264, at *4 (W.D. Wash. Apr. 3, 2023) (same); 2 MCLAUGHLIN ON CLASS ACTIONS § 6:21 (20th ed. 2023) (collecting cases that "reject[ ] the suggestion that a second opt-out should be granted as a matter of course, even if the terms of the settlement change after the expiration of the initial opt-out period").

## Approval of the Schedule

23. Angeion and the parties shall adhere to the following schedule:

    a. No later than 30 days of the date of this Order, Angeion shall begin the process of providing notice to the Settlement Classes, in accordance with the Notice Plan.

    b. No later than 60 days of the date of this Order, Co-Lead Class Counsel shall file a motion for attorneys' fees, unreimbursed litigation costs and expenses, and service awards for the Class Representatives, pursuant to the terms of the Settlement Agreement.

    c. No later than 75 days of the date of this Order, (a) *Johnson* Settlement Class Members may request exclusion from the *Johnson* Settlement Class, and (b) members of both Settlement Classes may submit any objection to the proposed Settlement or to the proposed Revised Plan of Allocation, or to Settlement Class Counsel's request for attorneys' fees, unreimbursed litigation costs and expenses, service awards to the Class Representatives, and/or any other aspect of the Settlement.

        i. All objections must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the name of the case (either *Le, et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045 (D. Nev.), or *Johnson, et al. v. Zuffa, LLC, et al.*, Case No. 2:21-cv-1189 (D. Nev.), or both for those fighters who are members of both Settlement Classes); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of participation in a UFC bout during the relevant Class Period) indicating that the individual is a member of one or

8

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

both of the proposed Settlement Classes; (4) a statement detailing all objections to the Settlement; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. Furthermore, all objections must be signed by the objecting member of the Settlement Classes.

ii. All requests for exclusion by members of the *Johnson* Settlement Class must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the name of the case (*Johnson, et al. v. Zuffa, LLC, et al.*, Case No. 2:21-cv-1189 (D. Nev.)); (2) the individual's name, address and telephone number; (3) proof indicating that the individual is a member of the proposed *Johnson* Settlement Class (such as, for instance, evidence of participation in a UFC bout during the *Johnson* Settlement Class Period); (4) a statement indicating that the individual wishes to be excluded from the proposed *Johnson* Settlement Class; and (5) an individual signature by the *Johnson* Settlement Class member. For clarity, those fighters who are members of both the *Le* Class and the *Johnson* Settlement Class may elect to exclude themselves from the *Johnson* Settlement Class only because the deadline for requesting exclusion from the *Le* Class has already passed. *See* ¶¶ 4, 20-22, *supra*.

d. No later than 21 days after the expiration of the deadline for members of the *Johnson* Settlement Class to request exclusion from the *Johnson* Settlement Class or for members of both Settlement Classes to object to the proposed Settlement and/or attorneys' fees, expenses and service awards, or the Revised Plan of Allocation, Settlement Class Counsel shall file all briefs and materials in support of final approval of the Settlement.

e. A hearing on final approval of the Settlement shall be held before this Court on [no earlier than 106 days from this date] _____ \_\_\_\_, 2024, at _____.


Dated: _____, 2024

**SO ORDERED**

_____
Richard F. Boulware, II
United States District Judge

9

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT IN BOTH ABOVE-CAPTIONED MATTERS, PROVISIONALLY CERTIFYING THE PROPOSED *JOHNSON* SETTLEMENT CLASS, PRELIMINARILY APPROVING THE REVISED PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS