IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEVADA

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW |

**JOINT SUPPLEMENTAL DECLARATION OF ERIC L. CRAMER, RICHARD A. KOFFMAN, AND JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT**

Pursuant to the 28 U.S.C. §1746, we, Eric L. Cramer, Richard A. Koffman, and Joseph R. Saveri declare:

1. We are, respectively, partners or shareholders of the law firms of Berger Montague PC ("Berger Montague"), Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein"), and Joseph Saveri Law Firm, LLP ("JSLF"). Together we have been approved as Co-Lead Class Counsel (ECF No. 839 at 79) (collectively referred to herein as "Co-Lead Class Counsel")[1] for the class (the "Class" or the "*Le* Class" or the "Bout Class") certified in *Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, No. 15-cv-01045 (D. Nev.) (the "Action" or the "*Le* Action"). The defendant in the Action is referred to herein as Defendant or Zuffa. Each of us has been actively involved in developing, prosecuting, and resolving the Action, is familiar with the proceedings, and has personal knowledge of the facts and circumstances set forth herein. If called upon and sworn as witnesses, each of us would be competent to testify thereto. We respectfully submit this Supplemental Joint Declaration in Support of the Motion for Preliminary Approval of the Settlement.

2. The parties in this Action seek preliminary approval of a renewed, hard-fought, and materially augmented proposed class settlement (the "Settlement"). Under the terms of the September 26, 2024 Settlement Agreement,[2] Defendant has agreed to make cash payments totaling $375 million for the benefit of the *Le* Class *only*.[3] The Settlement would offer members of the Class a significant

---

[1] On July 31, 2015, the Court appointed Berger Montague, Cohen Milstein, and JSLF as Interim Co-Lead Class Counsel, and Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("Wolf Rifkin") as Interim Liaison Counsel for the then-proposed class in the Action. *See* ECF No. 140. In the Order certifying the Class, the Court appointed Wolf Rifkin as one of the Class Counsel. *See* ECF No. 839. The lead lawyer at Wolf Rifkin was Don Springmeyer. Mr. Springmeyer changed law firms as of January 1, 2021, and his new law firm, Kemp Jones, LLP ("Kemp Jones"), took over the role of representing Plaintiffs and the Class. *See* ECF No. 780. The term "Class Counsel" refers to all or some of the following firms: Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, Kemp Jones, LLP, Warner Angle Hallam Jackson & Formanek PLC, Clark Hill PLC, The Radice Law Firm, and Spector Roseman Kodroff & Willis.

[2] The Settlement Agreement, attached as Exhibit 1. Citations to the Settlement Agreement will use the format "SA ¶ _." Unless otherwise defined herein, all capitalized terms have the same meanings set forth in Settlement Agreement.

[3] The Class is defined to include all persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the U.S. from December 16, 2010 to June 30, 2017 (the "Class Period"), but excludes all persons who are not residents or citizens of the U.S. unless the UFC paid such persons for competing in a bout fought in the U.S. *See* ECF No. 839, at 79 (certifying the Bout Class).

amount of money compared to the recoverable damages and in light of the real risks of loss or significant delay inherent in the trial and appeal of an antitrust class action—and substantially more than the Prior Settlement (discussed below) of the Action together with *Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-1189 (D. Nev.) (the "*Johnson* Action"). The *gross* Settlement amount for *Le* alone is $40 million more than the Prior Settlement for *Le* and *Johnson* combined; reflects $73.5 million more for the *Le* portion of the Prior Settlement under the second allocation proposal (which was 90% *Le*/10% *Johnson*) and $123.75 million more for the *Le* portion under the first allocation proposal (which was 75% *Le*/25% *Johnson*); leaves open the possibility of members of the class in *Johnson* to obtain still more damages and also injunctive relief; and it represents nearly 70% of the total compensation the UFC paid to its entire roster of fighters during the whole Class Period. This result is significant by any historical or other measure. Under the proposed Plan of Allocation (the "Plan") (attached hereto as Exhibit 2), the anticipated average a Class Member would recover (after all fees and costs are deducted) is $250,000. Thirty-five Class Members would net over $1 million; nearly 100 fighters would net over $500,000; more than 200 fighters would recover over $250,000; over 500 fighters would net in excess of $100,000; and nearly 800 would recover over $50,000. For these reasons, and numerous others discussed in detail in Plaintiffs' supporting Memorandum of Law, including its precedent setting nature as a rare and important resolution of a worker-side antitrust action brought under Section 2 of the Sherman Act, the proposed Settlement satisfies the requirements for preliminary under Rule 23(e) of the Federal Rules of Civil Procedure.

3. As the Court is aware, the Prior Settlement sought to resolve this Action together with *Johnson* Action, for $335 million plus prospective relief (the "Prior Settlement"). The Court denied preliminary approval of the Prior Settlement for the reasons the Court summarized on the record at an August 19, 2024 status conference. *See* Tr. 5-8 (ECF No. 1039) (the "Denial"). The proposed Settlement resolves this Action and only this Action. *See* SA § 10(a) & p.3 ("WHEREAS, this Settlement, if it receives Final Approval, will resolve the Action in full, but will have no effect on the *Johnson* Action, which will be separately litigated"). The *Johnson* Action is unaffected by the Settlement. Litigation in the *Johnson* Action will continue, and indeed the parties there have submitted briefing regarding proposed pretrial schedules (*Johnson* Action, ECF No. 155) and a Status Conference

2

JOINT SUPPLEMENTAL DECLARATION OF ERIC L. CRAMER, RICHARD A. KOFFMAN,
AND JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF THE SETTLEMENT

is Scheduled for October 22, 2024. Moreover, after the Denial, and in response to concerns raised by the Court, Class Counsel have added new and experienced class counsel (the law firm of Lockridge Grindal Nauen, PLLP) to assist with litigating the *Johnson* Action, and in particular, as necessary to serve as an independent voice regarding any settlement discussions that may occur in that case. There have been no settlement discussions in the *Johnson* Action after the Denial.

4. Importantly for the proposed Settlement here, nearly all the issues the Court identified as impediments to approval of the Prior Settlement—whether as to the amount of the monetary component allocated to the *Johnson* case; that *Johnson* was in its early stages; the availability and nature of any injunctive relief; and any issues associated with arbitration clauses that relate only to members of the proposed *Johnson* class—have been removed as potential impediments to the resolution of this Action.

5. Class Counsel's extensive work on this nearly decade-long litigation is described in detail in the declaration previously filed in support of preliminary approval of the Prior Settlement. *See* Joint Declaration of Eric L. Cramer, Richard Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement, ECF No. 1024-2 (May 21, 2024) (the "Prior Joint Decl."). Rather than reproduce those details here, Plaintiffs incorporate the Prior Joint Decl. as if fully set forth herein and attach the document as Exhibit 3 to this declaration.

6. Following the Denial, Class Counsel immediately resumed preparing the Action for trial. Class Counsel also engaged with Defendant and the mediator to see if the Court's concerns could be addressed and a new, improved settlement, could be reached. The below sections discuss Class Counsel's extensive efforts on both of those fronts.

**DENIAL OF THE PRIOR SETTLEMENT AND RETURN TO TRIAL PREPARATION**

7. As referenced above, Plaintiffs moved for preliminary approval of the Prior Settlement on May 21, 2024. *See* ECF No. 1024. Trial preparation in this Action ceased at that time while Plaintiffs prepared for a June 14, 2024 status conference with the Court. At that conference, the Court directed Plaintiffs to submit a supplemental brief addressing certain concerns the Court raised about the Prior Settlement. Plaintiffs submitted their supplemental brief on June 24, 2024, responding to the Court's concerns and providing a revised plan of allocation. *See* Supplemental Brief in Support of

3

Motion for Preliminary Approval of the Settlement, ECF No. 1029, at 5 (June 24, 2024) (the "Supplemental Brief"). Plaintiffs also supplied additional detailed information about the proposed distribution of the net settlement funds for *in camera* review on June 24, 2024 and on July 8, 2024. *See* ECF Nos. 1030, 1035. The Court held a second status conference on July 12, 2024 to address the issues covered by the Supplemental Brief and for additional discussion of the proposed Prior Settlement. On July 30, 2024, the Court denied preliminary approval of the Prior Settlement and gave its reasons for the Denial on the record. *See* ECF Nos. 1037, 1038, 1039.

8. On August 19, 2024, the Court held another conference where it reset the trial date to February 3, 2025. ECF No. 1040. Plaintiffs had already returned to the process of preparing for trial following the Denial. Trial preparations have included work on preparing exhibits, reaching out to Plaintiffs, experts, and other witnesses to secure their availability for trial, initiating meet and confer discussions with Defendant on various subjects, and returning to other projects necessary for trial that were in-process at the time the Prior Settlement was reached. Because the Court made clear that it would not stay the case or move the trial date unless and until it granted preliminary approval of the Settlement, trial preparations remain ongoing at this time. *See, e.g.*, ECF No. 1042.

## THE SETTLEMENT

9. Concurrently with these trial preparation activities described above, the parties in this Action only—without the involvement of the parties in the *Johnson* Action who are not also parties here—renewed settlement discussions. As with the Prior Settlement, these discussions also involved the mediator, the Hon. Layn Phillips (ret.). The parties communicated directly through counsel, and frequently through the mediator, including an all-day mediation session via video conference, followed up by multiple follow-up conversations. The parties revisited the strengths and weaknesses of their respective claims and defenses, the risks of a trial, *and* gave careful consideration to the Court's stated reasons for the Denial. Through these continued arm's-length negotiations, the parties entered into the Settlement, which provides an additional cash amount of $73.5 million for the *Le* portion of the Prior Settlement under the second allocation proposal and $123.75 million more for the *Le* portion (under the first allocation proposal); resolves only the *Le* Action and not the *Johnson* Action; and takes into account each of the Court's stated concerns regarding the Denial. Ultimately, the Settlement was

4

reached after the parties accepted a mediator's proposal by Judge Phillips.

10. All the named Plaintiffs support the Settlement for themselves and the Class they represent. Additionally, Plaintiffs and Class Counsel have collectively communicated with dozens of members of the Class, each of whom uniformly supports the Settlement. Many of these Class Members have reported that they are counting on the Settlement proceeds to meet critical and urgent needs for themselves and their families. To the members of the Class, the Settlement achieves the best of both worlds: it gets money into the hands of Class members now, while also preserving the ability to obtain injunctive relief for current fighters through the *Johnson* Action.

11. To date, fifty-four ex-UFC fighters have executed declarations supporting the Settlement, including three of the five class representatives and plaintiff Nate Quarry. Further, the two remaining class representatives have affirmed their support, but not yet had time to complete declarations. Altogether, the fifty-six fighters affirmatively supporting the Settlement competed in 336 bouts during the *Le* Class Period. These Declarations highlight that many Class Members are in financially precarious situations and need these recoveries now. The Declarations run the gamut of Class Members from some of the most high-profile to journeymen fighters. The Settlement, if approved, would lift many out of poverty and otherwise materially improve the lives of many hundreds of Class Members and their families, many of whom do not have reliable access to healthcare and suffer from the long-term effects of injuries sustained during their fighting careers. The fighter declarations are attached at Exhibits 5-58. Attached at Exhibit 59 is a table identifying each of the fighter-declarants with information on their tenure with the UFC and the number of bouts they fought during the Class Period.

12. The $375 million cash payment of the Settlement Agreement (SA ¶¶3, 6) comprises a significant percentage of damages sought by Plaintiffs and will provide net compensation to the members of the Class in the form of a substantial percentage—nearly 50% of the total Class-Period pay of the average fighter and as much as 85% of the Class-Period pay of the typical UFC fighter—of the amount of money these fighters earned during their entire UFC fighting careers. The Settlement increases each Class Member's net recovery as compared to the Prior Settlement by nearly 25%. As a

5

result of these substantial anticipated payments, and the fact that the *Johnson* Action continues to be litigated, there has been a groundswell of support from Class Members in support of the Settlement.

13. Co-Lead Class Counsel have collectively prosecuted numerous antitrust class actions as lead counsel or in other leadership positions. We have each personally negotiated many class and non-class litigation settlements. In our opinion, the Settlement Agreement is more than fair, reasonable, and adequate.

## NOTICE OF THE SETTLEMENT TO THE CLASS

14. In connection with the Motion for Preliminary Approval, Co-Lead Class Counsel proposes a "Notice Plan" comparable to the successful notice provided in connection with certification of the *Le* Class. See ECF No. 916 & 920 (Plaintiffs' Unopposed Motion for Approval of Class Notice Plan); ECF No. 921 (Order granting Plaintiffs' Unopposed Motion for Approval of Class Notice Plan); ECF No. 966 (Plaintiffs' Notice of: (1) Effectuation of Class Notice Plan, and (2) No Exclusions from Bout Class).

15. Pursuant to the proposed Notice Plan, the proposed Claims Administrator (Angeion Group) will issue notice of the Settlement to the members of the Class through substantially similar means as used to issue notice of class certification to the Class, including both print and email notice as well as poster notices posted at MMA gyms. The Notice Plan is described in detail in the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC Re the Settlement Notice Plan, dated October 7, 2024, which is attached as Exhibit 4.

16. Following approval of the Settlement, members of the Class will be able to submit claim forms to establish their entitlement to their shares of the monetary relief afforded by the Settlement.

## EXHIBITS TO THIS JOINT DECLARATION

17. Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement and its exhibit, dated September 26, 2024.

18. Attached as Exhibit 2 is a true and correct copy of the Plan of Allocation.

19. Attached as Exhibit 3 is a true and correct copy of the Joint Declaration of Eric L. Cramer, Richard Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement, ECF No. 1024-2 (May 21, 2024) (the "Prior Joint Decl.").

20. Attached as Exhibit 4 is a true and correct copy of the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC Re the Settlement Notice Plan and its exhibits, dated October 7, 2024.

21. Attached as Exhibit 5 is a true and correct copy of the Declaration of Sean Spencer, dated October 3, 2024.

22. Attached as Exhibit 6 is a true and correct copy of the Declaration of Fernando Bruno, dated October 4, 2024.

23. Attached as Exhibit 7 is a true and correct copy of the Declaration of Iuri Alcantara, dated October 4, 2024.

24. Attached as Exhibit 8 is a true and correct copy of the Declaration of Johnny Eduardo, dated October 4, 2024.

25. Attached as Exhibit 9 is a true and correct copy of the Declaration of Luis Ramos, dated October 4, 2024.

26. Attached as Exhibit 10 is a true and correct copy of the Declaration of Wanderlei Silva, dated October 4, 2024.

27. Attached as Exhibit 11 is a true and correct copy of the Declaration of Cung Le, dated October 4, 2024.

28. Attached as Exhibit 12 is a true and correct copy of the Declaration of Shane Carwin, dated October 6, 2024.

29. Attached as Exhibit 13 is a true and correct copy of the Declaration of John Howard, dated October 4, 2024.

30. Attached as Exhibit 14 is a true and correct copy of the Declaration of Heather Jo Clark, dated October 4, 2024.

31. Attached as Exhibit 15 is a true and correct copy of the Declaration of Todd Duffee, dated October 6, 2024.

32. Attached as Exhibit 16 is a true and correct copy of the Declaration of Jorge Rivera, dated October 4, 2024.

33. Attached as Exhibit 17 is a true and correct copy of the Declaration of Nathan Quarry, dated October 4, 2024.

JOINT SUPPLEMENTAL DECLARATION OF ERIC L. CRAMER, RICHARD A. KOFFMAN,
AND JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF THE SETTLEMENT

34. Attached as Exhibit 18 is a true and correct copy of the Declaration of Thales Leites, dated October 4, 2024.

35. Attached as Exhibit 19 is a true and correct copy of the Declaration of Vagner Rocha, dated October 4, 2024.

36. Attached as Exhibit 20 is a true and correct copy of the Declaration of Ildemar Alcantara, dated October 3, 2024.

37. Attached as Exhibit 21 is a true and correct copy of the Declaration of Mark Bocek, dated October 4, 2024.

38. Attached as Exhibit 22 is a true and correct copy of the Declaration of Ross Pearson, dated October 3, 2024.

39. Attached as Exhibit 23 is a true and correct copy of the Declaration of Ronny Markes, dated October 4, 2024.

40. Attached as Exhibit 24 is a true and correct copy of the Declaration of Williamy Freire, dated October 5, 2024.

41. Attached as Exhibit 25 is a true and correct copy of the Declaration of Joe Stevenson, dated October 4, 2024.

42. Attached as Exhibit 26 is a true and correct copy of the Declaration of Joe Soto, dated October 4, 2024.

43. Attached as Exhibit 27 is a true and correct copy of the Declaration of Cat Zingano, dated October 4, 2024.

44. Attached as Exhibit 28 is a true and correct copy of the Declaration of Fabio Maldonado, dated October 3, 2024.

45. Attached as Exhibit 29 is a true and correct copy of the Declaration of Gray Maynard, dated October 3, 2024.

46. Attached as Exhibit 30 is a true and correct copy of the Declaration of Matt Brown, dated October 4, 2024.

47. Attached as Exhibit 31 is a true and correct copy of the Declaration of Nate Marquardt, dated October 4, 2024.

48. Attached as Exhibit 32 is a true and correct copy of the Declaration of Hacran Dias, dated October 4, 2024.

49. Attached as Exhibit 33 is a true and correct copy of the Declaration of Caio Magalhaes, dated October 3, 2024.

50. Attached as Exhibit 34 is a true and correct copy of the Declaration of Cristiano Marcello, dated October 4, 2024.

51. Attached as Exhibit 35 is a true and correct copy of the Declaration of Daniel Sarafian Gantman, dated October 4, 2024.

52. Attached as Exhibit 36 is a true and correct copy of the Declaration of Amilcar Alves, dated October 3, 2024.

53. Attached as Exhibit 37 is a true and correct copy of the Declaration of Luis Javier Vazquez, dated October 3, 2024.

54. Attached as Exhibit 38 is a true and correct copy of the Declaration of Mike McDonald, dated October 3, 2024.

55. Attached as Exhibit 39 is a true and correct copy of the Declaration of Jamie Varner, dated October 3, 2024.

56. Attached as Exhibit 40 is a true and correct copy of the Declaration of Adriano Martins, dated October 4, 2024.

57. Attached as Exhibit 41 is a true and correct copy of the Declaration of Spencer Fisher, dated October 5, 2024.

58. Attached as Exhibit 42 is a true and correct copy of the Declaration of Jon Fitch, dated October 5, 2024.

59. Attached as Exhibit 43 is a true and correct copy of the Declaration of Kajan Johnson, dated October 5, 2024.

60. Attached as Exhibit 44 is a true and correct copy of the Declaration of Ed Herman, dated October 4, 2024.

61. Attached as Exhibit 45 is a true and correct copy of the Declaration of John Olav Einemo, dated October 6, 2024.

62. Attached as Exhibit 46 is a true and correct copy of the Declaration of Patrick Cote, dated October 3, 2024.

63. Attached as Exhibit 47 is a true and correct copy of the Declaration of Kevin Casey, dated October 6, 2024.

64. Attached as Exhibit 48 is a true and correct copy of the Declaration of Hugo Viana, dated October 4, 2024.

65. Attached as Exhibit 49 is a true and correct copy of the Declaration of Diego Sanchez, dated October 6, 2024.

66. Attached as Exhibit 50 is a true and correct copy of the Declaration of Leonardo Santos, dated October 6, 2024.

67. Attached as Exhibit 51 is a true and correct copy of the Declaration of Ivan Jorge, dated October 6, 2024.

68. Attached as Exhibit 52 is a true and correct copy of the Declaration of Vinny Magalhaes, dated October 6, 2024.

69. Attached as Exhibit 53 is a true and correct copy of the Declaration of Fabricio Camoes, dated October 6, 2024.

70. Attached as Exhibit 54 is a true and correct copy of the Declaration of Pablo Garza, dated October 6, 2024.

71. Attached as Exhibit 55 is a true and correct copy of the Declaration of Chris Leben, dated October 3, 2024.

72. Attached as Exhibit 56 is a true and correct copy of the Declaration of Sage Northcutt, dated October 3, 2024.

73. Attached as Exhibit 57 is a true and correct copy of the Declaration of Mike Pierce, dated October 4, 2024.

74. Attached as Exhibit 58 is a true and correct copy of the Declaration of Edimilson Souza, dated October 6, 2024.

75. Attached as Exhibit 59 is a true and correct copy of the table, titled Ex-UFC Fighter Declarations In Support of the Settlement.

10
JOINT SUPPLEMENTAL DECLARATION OF ERIC L. CRAMER, RICHARD A. KOFFMAN,
AND JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF THE SETTLEMENT

## CONCLUSION

76. For the reasons set forth above and in the accompanying Memorandum of Law, we respectfully submit that under Fed. R. Civ. P. 23(e), the Settlement's terms are fair, reasonable, and adequate in all respects and should be preliminarily approved.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2024, in Philadelphia, PA.

                               */s/ Eric L. Cramer*
                               Eric L. Cramer*
                               **BERGER MONTAGUE PC**
                               1818 Market Street, Suite 3600
                               Philadelphia, PA 19106
                               Tel: (215) 875-3000
                               ecramer@bm.net

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2024, in Washington, DC.

                               */s/ Richard A. Koffman*
                               Richard A. Koffman*
                               **COHEN MILSTEIN SELLERS & TOLL PLLC**
                               1100 New York Ave., N.W.
                               Suite 500 East, Tower
                               Washington, DC 20005
                               Telephone: +1 (202) 408-4600
                               Email: rkoffman@cohenmilstein.com

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2024, in San Francisco, CA.

                               */s/ Joseph R. Saveri*
                               Joseph R. Saveri*
                               **JOSEPH SAVERI LAW FIRM, LLP**
                               601 California St., Suite 1000
                               San Francisco, CA 94108
                               Telephone: +1 (415) 500-6800
                               Email: jsaveri@saverilawfirm.com

                               *Admitted *pro hac vice*