# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEVADA

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW |

## **PLAN OF ALLOCATION**

## INTRODUCTION

Plaintiffs submit this proposed Plan of Allocation relating to the proceeds of the settlement of this class action lawsuit, *Le, et al. v. Zuffa, LLC*, No. 2:15-cv-1045 (D. Nev.) (the "Action"). Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury brought the Action against one defendant, Zuffa, LLC. On August 9, 2023, the Court certified the "Class" (*see* definition below) and appointed Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury as the class representatives for the Class (the "Class Representatives"). *See* ECF No. 839, at 78-79.[1] The Class Representatives together with Mr. Quarry are collectively referred to as "Plaintiffs."

Plaintiffs, on behalf of themselves and the Class, have agreed to settle their claims against Defendant for a cash payment of $375,000,000 (hereinafter, the "Settlement"), as described in more detail in Plaintiffs' memorandum of law in support of their motion for preliminary approval of the Settlement.[2] Plaintiffs submit this proposed Plan of Allocation to allocate the $375,000,000 payment (*i.e.*, the "*Le v. Zuffa* Settlement Fund"), plus any interest earned on the *Le v. Zuffa* Settlement Fund, and net of Court awarded attorneys' fees, expenses, service awards to the Class Representatives, and Settlement administration and notice costs, and the payment to Nathan Quarry[3] (the "Net *Le v. Zuffa* Settlement Fund").

The Settlement offers compensation from the Net *Le v. Zuffa* Settlement Fund to members of the following Class certified by the Court:

> All persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from December 16, 2010 through June 30, 2017 (the "Class Period"). Excluded from the Class are all

---

[1] Plaintiff Nathan Quarry was proffered as a class representative for the "Identity Rights Class," which the Court did not certify. *See generally* ECF No. 839 at 75-78.

[2] Capitalized terms have the same meanings set forth in the September 26, 2024 Settlement Agreement, attached as Exhibit 1 to the Supplemental Joint Declaration of Eric L. Cramer, Richard A. Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement (the "Supp. Joint Decl.").

[3] The Settlement includes a payment to Nathan Quarry to settle his individual "Identity Rights Claim." *See* Settlement Agreement ¶5.d.

persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

The Plan of Allocation proposes to allocate the funds in the Net *Le v. Zuffa* Settlement Fund to all Class Members who submit valid claims (the "Claimants") based upon two *pro rata* factors: (i) the total compensation each received from the UFC for participating in UFC bouts (referred to as "Event Compensation") during the Class Period; and (ii) the total number of UFC bouts each fought during the Class Period. Under the Plan of Allocation, all Claimants will have a minimum recovery amount set at $15,000.

Additionally, the proposed Plan of Allocation describes: (i) the timing and manner by which the Claims Administrator[4] will issue Claim Forms to Class Members and the deadline for timely-filed Claim Forms (*see* Part I); (ii) the method by which the Claims Administrator will process Claim Forms (*see* Parts III & IV); (iii) the timing for the Claims Administrator's report to the Court on the proposed distribution of the Net *Le v. Zuffa* Settlement Fund (*see* Part V); (iv) the timeframe for the distribution to Claimants upon approval by the Court (*see* Part VI); and (v) the procedure Claimants may use to challenge determinations made by the Claims Administrator (*see* Part VII).

The proposed Plan of Allocation is practical, equitable, and efficient. It relies upon structured compensation and other data and information that Zuffa produced in litigation and as part of the Settlement, along with minimum or fixed recovery amounts that promote efficiency and account fairly for important factors relevant to the value of certain claims. The proposed Plan of Allocation is a reasonable way to allocate the Net *Le v. Zuffa* Settlement Fund and is fair to all members of the Class.

## THE PLAN OF ALLOCATION

The proposed Plan of Allocation works as follows:

**I.  ISSUANCE OF CLAIM FORMS AND TIMELINESS OF COMPLETED CLAIM FORMS**

1. No later than 60 days after the Court issues an order finally approving the Settlement and Plan of Allocation ("Final Approval") (assuming no appeal that would prevent the Settlement from becoming final), Angeion will mail (via email or mail) a separate, individualized claim form (the

---

[4] Plaintiffs' motion for preliminary approval of the Settlement requests that Angeion Group LLC ("Angeion") be appointed the Claims Administrator.

2

"Claim Form") to each Class Member for which Angeion has a valid and current address or email address. The Claim Form will be pre-populated with each Class Member's total compensation from the UFC for bouts during the Class Period, and the number of bouts fought during the Class Period, along with the full name and mailing address for correspondence regarding the distribution of the Net *Le v. Zuffa* Settlement Fund. If a Class Member does not receive a Claim Form by mail or email, the Class Member may request a Claim Form from the Settlement Website (www.UFCFighterClassAction.com) or contact Angeion at 1-866-955-5564. **Each Class Member will be required to execute the Claim Form to receive any distribution from the Net *Le v. Zuffa* Settlement Fund**. The Claim Form will indicate that it can be submitted electronically via an online portal available on the Settlement Website or may be emailed or mailed via first class mail to Angeion.

2. Angeion, working with Dr. Hal Singer's firm, Econ One Research, Inc. ("Econ One"), will prepare the pre-populated Claim Form provided to Class Members. The Claim Forms will ask Class Members to verify the accuracy of the information contained in the Claim Forms and will provide instructions for challenging the information set forth in the Claim Forms regarding Event Compensation and the number of bouts. If a Class Member agrees that the information in the pre-populated Claim Form is accurate, the Class Member will be asked to sign and return the Claim Form to Angeion. If a Class Member believes that the information contained in his or her Claim Form(s) is not accurate, that Class Member may submit his or her own information (*e.g.*, demonstrating a different figure for Event Compensation and/or participation in a different number of bouts during the relevant Class Period) pursuant to the procedures described below.

3. The submission of the Claim Forms to Angeion (with any necessary supporting documentation if the Class Member disagrees with any information contained in their Claim Form) will be deemed timely if they are received within 105 days of Final Approval.

II.  **ALLOCATION OF THE NET *LE v. ZUFFA* SETTLEMENT FUND**

4. The Net *Le v. Zuffa* Settlement Fund will be allocated to Class Members who submit valid claims (the "Claimants") on a *pro rata* basis. Each Claimant will be allocated his or her share based upon two *pro rata* factors: (i) the total compensation each received from the UFC for participating in UFC bouts (*i.e.*, the fighter's Event Compensation) during the Class Period; and (ii) the

3

total number of UFC bouts each fought during the Class Period. The Net *Le v. Zuffa* Settlement Fund will be divided into two sub-tranches, reflecting the above two factors, with 70 percent of the allocation to comprise the "Event Compensation sub-tranche," and 30 percent of the allocation to comprise the "Number of Bouts sub-tranche." All Claimants will receive a minimum recovery amount of $15,000.

5. The 70/30 split between Event Compensation and number of bouts fought is justified. In a more competitive but-for world, Zuffa may have increased its lower paid fighter payments proportionally more than it would have increased its payments to top fighters, because all else equal, even if top fighters could not leave Zuffa, they may have agitated for themselves more aggressively given their popularity. As a result, allocating 30 percent of the compensation based on number of bouts fought (as opposed to basing allocation simply on total compensation earned) recognizes that certain journeymen fighters with less name recognition may have been harmed more than the more popular fighters.

### III.   PROCESSING CLAIMS

6. All Claim Forms submitted by Classes Members will be reviewed and processed by Angeion, with assistance from Dr. Singer and his staff at Econ One and Co-Lead Class Counsel,[5] as required and appropriate.

#### A.   Acceptance and Rejection of Claim Forms

7. Angeion shall first determine whether a submitted Claim Form is timely, properly completed, and signed. If a Claim Form is incomplete, Angeion shall communicate with the Claimant via mail, email, or telephone regarding the deficiency. Angeion may also contact Claimants requesting additional documentation or other materials. Claimants will have 28 days from the date they are contacted by Angeion to cure any identified deficiency. If a Claimant fails to respond adequately and/or correct any deficiency within 28 days, his or her claim may be rejected, and the Claimant shall be notified in writing the reason for rejection. Angeion will then review all completed, non-deficient Claim Forms to determine whether each will be accepted or rejected. Upon completing that process, if a claim is rejected, Angeion shall notify any such Claimants in writing the reason for rejection. Any

---

[5] "Co-Lead Class Counsel" means Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP, as appointed in the Court's prior orders. *See* ECF Nos. 139 & 839.

Claimant whose Claim Form is rejected may seek review by the Court via the appeals process described in Part VII below.

8. All correctly completed late Claims Forms will be processed by Angeion but marked as "Late Approved Claims." If Co-Lead Class Counsel conclude that, in their judgment, any such Late Approved Claims should ultimately not be accepted, the Claimant will be so notified, and then may seek review by the Court via the appeals process described in Part VII below.

### B. The *Pro Rata* Distribution Calculation

9. Econ One, in consultation with Angeion and Co-Lead Class Counsel, will determine, pursuant to the methodology described in Parts II.A & B above, each Claimant's proportionate share of the Net *Le v. Zuffa* Settlement Fund using the Event Compensation and bout data produced by Zuffa. Claimants will have the option of accepting the amounts on a pre-populated Claim Form sent to each member of the Class by Angeion or submitting their own data and information to Angeion. Econ One will review any such submissions and confer with Angeion and Co-Lead Class Counsel regarding the final calculations, which may include making any necessary and appropriate adjustments to ensure accuracy and fairness across Claimants.

### IV. PROCESSING CHALLENGED CLAIMS

10. Angeion, in consultation with Econ One and Co-Lead Class Counsel, shall review all written challenges by Claimants to Angeion's determinations. If upon review of a challenge and any supporting documentation submitted by the Claimant, Angeion and Econ One, or Co-Lead Class Counsel, decide to amend or modify their determination, Angeion shall advise the Claimant who made the challenge. Any such determinations shall be final, subject to the appeals process described in Part VII below.

11. Where Angeion, in consultation with Econ One or Co-Lead Class Counsel, determines that a challenge requires additional information or documentation, Angeion shall so advise the Claimant and provide that Claimant an opportunity to cure the deficiency within 28 days, as set forth in Part III.A above. If that Claimant fails to cure the deficiency within that time, the challenge will be rejected and the Claimant will be notified of the rejection of their challenge in writing, which notification shall be deemed final subject to the appeals process described below in Part VII below.

12. If Angeion, in consultation with Econ One or Co-Lead Class Counsel, concludes that it has enough information to properly evaluate a challenge and maintains that its initial determinations were correct, it will so inform the Claimant in writing. Such notification shall be deemed final subject to any appeal and decision by the Court.

## V. REPORT TO THE COURT REGARDING DISTRIBUTION OF THE NET *LE v. ZUFFA* SETTLEMENT FUND

13. Angeion will work with Econ One to determine the amount that each Claimant is entitled to receive from the Net *Le v. Zuffa* Settlement Fund. After this process is completed, Angeion will prepare a final report for the Court's review and approval ("Final Report"). The Final Report will explain the tasks and methodologies employed by Angeion in processing the claims and administering the Plan of Allocation. It will also contain (i) a list of purported Class Members who filed Claim Forms that were rejected and the reasons for the rejections, (ii) a list of challenges (if any) to the estimated distribution amounts that were rejected and the reasons for rejecting the challenges, and (iii) the date any such Claimant whose challenge was rejected was informed by Angeion of that rejection for purposes of calculating the timeliness of any appeal using the procedures set forth below. Finally, the Final Report shall contain an accounting of the expenses associated with the Plan of Allocation, including bills from Econ One and Angeion, any taxes that are due and owing, and any other fees or expenses associated with the settlement administration and allocation process. Those costs are to be paid by out of the *Le v. Zuffa* Settlement Fund upon Court approval.

## VI. PAYMENT TO CLAIMANTS

14. Upon Court approval of the Final Report, Angeion shall issue, with Court approval, a check or wire payable to each Claimant who has submitted a complete, timely, and valid Claim Form and who is entitled to a recovery under this Plan of Allocation, including to each Claimant that filed a Late Approved Claim (as approved by the Court).

15. Subject to further Order of the Court, any monies from the Net *Le v. Zuffa* Settlement Fund that remain unclaimed after any initial distribution shall, if economically feasible, be distributed to Claimants in an additional *pro rata* distribution or distributions as proposed by Co-Lead Class Counsel and approved by the Court.

16. Insofar as the Net *Le v. Zuffa* Settlement Fund includes residual funds after distribution or distributions as set forth in the preceding sections that cannot be economically or efficiently distributed to the Claimants (because of the costs of distribution as compared to the amount remaining), Co-Lead Class Counsel shall make an application to the Court for such sums to be used to make *cy pres* payments to an appropriate charitable organization.

**VII.   RESOLUTION OF DISPUTES**

17. In the event of any disputes between Claimants and Angeion on any subject (*e.g.*, timeliness, required completeness or documentation of a claim, the calculation of a Claimant's *pro rata* share of the Net *Le v. Zuffa* Settlement Fund), the decision of Angeion shall be final, subject to the Claimant's right to seek review by the Court. In notifying a Claimant of the final rejection of a Claim or a challenge thereto, Angeion shall notify the Claimant of his or her right to seek such review.

18. Any such appeal by a Claimant must be submitted in writing to the Court, with copies to Angeion and Co-Lead Class Counsel, within 21 days of Angeion's sending a final rejection notification to the Claimant.

Dated: October 7, 2024

Respectfully submitted,

/s/ *Eric L. Cramer*
Eric L. Cramer (pro hac vice)
Michael Dell'Angelo (pro hac vice)
Ellen T. Noteware (pro hac vice)
Patrick F. Madden (pro hac vice)
Najah Jacobs (pro hac vice)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: enoteware@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

7

```
                                Joshua P. Davis (pro hac vice)
                                Robert C. Maysey (pro hac vice)
                                BERGER MONTAGUE PC
                                505 Montgomery Street, Suite 625
                                San Francisco, CA 94111
                                Telephone: +1 (415) 906-0684
                                Email: jdavis@bm.net
                                Email: rmaysey@bm.net

                                Richard A. Koffman (pro hac vice)
                                Benjamin Brown (pro hac vice)
                                Daniel Silverman (pro hac vice)
                                Daniel L. Gifford (pro hac vice)
                                COHEN MILSTEIN SELLERS & TOLL
                                    PLLC
                                1100 New York Ave., N.W.
                                Suite 500 East, Tower
                                Washington, DC 20005
                                Telephone: +1 (202) 408-4600
                                Facsimile: +1 (202) 408-4699
                                Email: rkoffman@cohenmilstein.com
                                Email: bbrown@cohenmilstein.com
                                Email: dsilverman@cohenmilstein.com
                                Email: dgifford@cohenmilstein.com

                                Joseph R. Saveri (pro hac vice)
                                Kevin E. Rayhill (pro hac vice)
                                Christopher Young (pro hac vice)
                                Itak Moradi (pro hac vice)
                                JOSEPH SAVERI LAW FIRM, LLP
                                601 California St., Suite 1505
                                San Francisco, CA 94108
                                Telephone: +1 (415) 500-6800
                                Facsimile: +1 (415) 395-9940
                                Email: jsaveri@saverilawfirm.com
                                Email: krayhill@saverilawfirm.com
                                Email: cyoung@saverilawfirm.com
                                Email: imoradi@saverilawfirm.com
```

*Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Don Springmeyer (Bar No. 1021)
Michael Gayan (Bar No. 11135)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com
Email: m.gayan@kempjones.com

*Liaison Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr., Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*