# EXHIBIT 46

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, d/b/a Ultimate Fighting Championship and UFC,<br><br>Defendant. | No.: 2:15-cv-01045-RFB-BNW |

## DECLARATION OF PATRICK COTE

1. My name is Patrick Cote. I am over the age of 18, and the facts set forth below are based on my personal knowledge and experience.

2. I am a class member in this case. I understand that this case was brought to help recover damages to compensate fighters for their allegedly anti-competitive underpayment by the UFC and injunctive relief to prevent the UFC from underpaying and exploiting its fighters in the future.

3. I also understand that only the damages claims were certified as a class action, and that the injunctive relief claims are no longer a part of this case (although they remain part of the related, later-filed case brought against the UFC by Kajan Johnson, Clarence Dollaway, and Tristan Connelly).

4. I submit this Declaration in support of the proposed $375 million settlement, which I believe is an excellent result for the fighters and should be approved.

5. During the Le Class Period, I fought in 10 UFC bouts.

6.  This would truly be life-changing money for me and for other members of the class. These funds would allow me to fund college accounts for my children, who are currently 8 years and 4 years old.

7.  I understand that the expert economists retained by plaintiffs and the class estimate the damages from the UFC's conduct at roughly 2.5 times the settlement amount, and that the amount of any jury award would be tripled under the antitrust laws. I also realize, however, that the UFC could prevail at trial (or on appeal), resulting in no recovery at all, and that even if the fighters prevailed at trial (and on appeal), the jury could award an amount less than the economists' estimates.

8.  I also understand that the UFC has publicly vowed to appeal any trial verdict against it, and that the entry of any judgment in the case and resolution of those appeals could take several years. So even if the fighters won at trial and on appeal, any recovery would likely be delayed for several years.

9.  For me, a significant recovery in the near future is much more appealing than the possibility of a larger recovery several years from now, especially in light of the possibility that there would be no recovery at all if this settlement were not approved. In my situation, a bird in the hand truly does beat two (or three, or even nine) in the bush.

10. I have a deep interest in and concern for the future of the sport of mixed martial arts. I understand that the *Johnson* case contains a claim for injunctive relief, and that that case is not settling at this time. In this way, the current settlement is the best of both worlds. The fighters can recover now for injuries in *Le* going back nearly fourteen years, while also preserving the possibility of obtaining changes to the UFC's business practices going forward.

11. For me, the $375 million settlement currently before the Court would be an enormously successful result. It would make a significant difference in my life and my financial stability.

12. I enthusiastically support this settlement, and I sincerely hope for its swift approval.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____, 2024.

_____

PATRICK COTE

3

11. For me, the $375 million settlement currently before the Court would be an enormously successful result. It would make a significant difference in my life and my financial stability.

12. I enthusiastically support this settlement, and I sincerely hope for its swift approval.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

October 3 , 2024.

PATRICK COTE