IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEVADA

CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,

Defendant.

Case No. 2:15-cv-01045-RFB-BNW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE ADDITIONAL CLASS MEMBER DECLARATIONS IN SUPPORT OF THE SETTLEMENT**

Plaintiffs in *Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045 (D. Nev.) (the "Action"), on behalf of themselves and the certified Class, seek leave, pursuant to Local Rule 7-2(g), to file 51 additional declarations from Class Members, as well as one declaration from a non-Class Member manager, in support of the proposed $375 million settlement ("Settlement") in the Action.

Plaintiffs respectfully submit that good cause exists to file the additional 52 declarations supporting the Settlement.[1] Plaintiffs moved for preliminary approval of the Settlement on October 7, 2024.[2] While preparing the Motion, Class Counsel received a flood of declarations from fighter Class Members in support of the Settlement.[3] The 54 declarations received by the time the Motion was filed were attached to and discussed in the Memorandum (*see id.* at 26-30). Class Counsel also noted in the Memorandum (*id.* at 26) that they were continuing to receive additional declarations in support of the Settlement. In the handful of days since the Motion was filed, Class Members have continued to send declarations in support of the Settlement to Class Counsel, including an additional 52 declarations (which includes a non-Class Member manager) voicing support for the Settlement. Good cause exists for filing the declarations because (a) the declarations will assist the Court in its analysis of the Settlement given that the reaction of Class Members to a proposed settlement is one of the Fed. R. Civ.

---

[1] A court may grant a motion for leave to file supplemental evidence for "good cause." Local Rule 7-2(g); *see also ACRES 4.0 v. IGT*, No. 221CV01962GMNBNW, 2022 WL 22247952, at *1 (D. Nev. Oct. 25, 2022) (finding good cause to grant leave to supplement because "the evidence is helpful in developing the Court's analysis"). "Good cause usually exists if there is a showing that the party seeking good cause was reasonably diligent." *T1 Payments LLC v. New U Life Corp.*, No. 219CV01816APGDJA, 2022 WL 195111, at *2 (D. Nev. Jan. 21, 2022) (granting leave to supplement record with new deposition testimony where movant sought leave to supplement within 2 weeks of deposition).

[2] *See* Motion for Preliminary Approval of the Settlement, Preliminary Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process (the "Motion") (ECF No. 1045).

[3] *See* Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of the Settlement, Preliminary Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process (the "Memorandum"), at 26 (ECF No. 1045-1).

1  P. 23(e)(2) factors considered on whether to approve a proposed class settlement,[4] and (b) Class
2  Counsel have worked diligently to gather these declarations and submit them in a timely manner. *See*
3  *T1 Payments*, 2022 WL 195111, at *2.
4        This new set of 51 additional fighter Declarations from *Le* Class Members in support of the
5  Settlement, representing an additional 245 UFC bouts[5] during the *Le* Class Period, are attached at
6  Exhibits 60-110 to the accompanying Supplemental Declaration of Eric L. Cramer ("Cramer Supp.
7  Decl."). Together with the fifty-four declarations submitted with Plaintiffs' Motion,[6] Plaintiffs have all
8  told submitted declarations from 104 Class Members, plus one from a non-Class Member manager
9  (attached at Exhibit 111 to the Cramer Supp. Decl.), and one from a non-Class Member named plaintiff
10 (Nate Quarry) for a total of 106 declarations of interested parties in support of the Settlement. The
11 fighter declarations collectively account for 581 UFC bouts during the *Le* Class Period, which is
12 approximately 22% of the 2,699 UFC bouts during that time. These declarations reflect an
13 unprecedented outpouring of support for Settlement approval among the members of the Class who are
14 its beneficiaries. And they continue to roll in unabated.
15       Like the prior set of declarations, the fighter declarations submitted herewith all recognize that
16 "a significant recovery in the near future is much more appealing than the possibility of a larger
17 recovery several years from now, especially in light of the possibility that there would be no recovery
18 at all if this settlement were not approved," while also understanding that a jury could—but may not—
19 award a larger amount later, which would then be subject to appeals and other delays. *See, e.g.*,
20 Declaration of Marcio Alexandre, ¶¶8-10 (attached at Exhibit 60 to the Cramer Supp. Decl.)

---

[4] *See Szymborski v. Ormat Techs., Inc.*, 2012 WL 4960098, at *2 (D. Nev. Oct. 16, 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

[5] The total number of UFC bouts fought during the *Le* Class Period covered by the additional declarations reported here does not include the bouts fought by Class Representatives Brandon Vera and Kyle Kingsbury because those bouts were included in the total reported in Plaintiffs' Motion submitted on October 7, 2024. *See* Memorandum of Law, at 26 (ECF No. 1045-1).

[6] *See* Exhibits 5-59 to the Joint Supplemental Declaration of Eric L. Cramer, Richard Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement. ECF Nos. 1045-8 to 1045-62 (Exhibit 59 is a table showing the number of UFC bouts the declarants fought during the Class Period).

("Alexandre Decl."). Below is a sampling of excerpts from these additional declarations reflecting the fighters' preference for a recovery *now* over gambling for a potential but uncertain larger recovery much later (note that the bold text emphasis is supplied):

- During my MMA career, I suffered many significant injuries including a torn pectoral muscle and torn ligament in my knee, both of which need surgery to repair. I no longer train wrestling because I do not have the mobility to do so. I also fear that during my career I have suffered traumatic brain injury (TBI) and am noticing symptoms common with TBI including depression, insomnia, short term memory loss and anxiety. **I do not have health insurance. These funds are desperately needed now so I can receive the surgeries that I need**. Alexandre Decl. ¶6.

- "My fighting career took a serious toll on my body. To this day, I suffer from memory loss, chronic neck pain, and chronic knee pain. My current healthcare expenses are a real strain on my budget. At present, I cannot afford health insurance and must pay out of pocket for all of my health care needs. **I also am forced to postpone or forgo treatments that I need but cannot afford. In addition to healthcare expenses, I periodically face serious challenges in meeting basic everyday expenses for food, shelter, and transportation.… For me, a significant recovery in the near future is much more appealing than the possibility of a larger recovery several years from now, especially in light of the possibility that there would be no recovery at all if this settlement were not approved. This is especially true in light of the fact that the litigation has already stretched on for roughly ten years.** In my situation, a bird in the hand truly does beat two (or three, or even nine) in the bush." Declaration of Kyle Kingsbury, ¶¶11-12, 17 (attached at Exhibit 61 to the Cramer Supp. Decl.) (*Le* Class Representative).

- "During my MMA career, I suffered many significant injuries including a torn ACL, MCL and meniscus on each knee, and multiple concussions. **Funds from this settlement would truly be life-changing money for many class members, and I fully support those who desperately need the funds now**. The funds received from this settlement will allow me to pay off debt, pay bills, and support my gym in Ontario, Canada." Declaration of Claude Patrick, ¶6 (attached at Exhibit 62 to the Cramer Supp. Decl.).

- "Fighting for the UFC was my dream as an MMA athlete, and I delayed pursuing a more traditional career to chase the dream. My experience was far from glamourous and was a constant struggle. I left the UFC and my MMA career with virtually no savings, a painful divorce, and virtually nothing to show for it except wear and tear on my body.… Funds from this settlement would help me recover some of the costs incurred from fighting, allowing me to invest in my future and provide me with savings that I have never had in the past. **These funds would provide stability to my life now**. Declaration of Darren Uyenoyama, ¶¶6-7 (attached at Exhibit 63 to the Cramer Supp. Decl.).

- "**This would truly be life-changing money for me and many class members. Since leaving the UFC, I have really struggled financially and have often lived in gyms sleeping on the floor. I would use this money to purchase a home which I desperately need.**" Declaration of Marco Polo Reyes, ¶6 (attached at Exhibit 64 to the Cramer Supp. Decl.).

- "Throughout my UFC fight career, I was going into debt and borrowing money from family to fund fight camps and then paying off this debt with my purses. As a result of this debt, I and other peers frequently take fights while injured to pay off the debt from training camp that was already incurred. I was never ahead financially during my entire fighting career with the UFC…. **I do not currently have health insurance and these funds would allow me to obtain the surgery and medical attention that I need but have not received because I cannot currently afford it**." Declaration of Junior Assuncao, ¶¶6-7 (attached at Exhibit 91 to the Cramer Supp. Decl.).

- **When I found out about the settlement and the potential funds I would receive, I cried**. This would truly be life-changing money for me and for other members of the class. Funds from this settlement would enable me to move back home to Brazil to care for my elderly parents. **Currently, I teach 12-14 hours a day, 7 days a week in the United States, and am living paycheck-to-paycheck. I have not been able to save enough to return home. I desperately want these funds to return home to care for my parents**. Declaration of Juliana Lima, ¶6 (attached at Exhibit 86 to the Cramer Supp. Decl.).

- "**Throughout my UFC fight career, I was not compensated at the same level and was easily paying fifty percent of my purse just to cover camp/fight expenses. While I didn't go into debt to pay my camps, I left the UFC with less money than I did when I signed with the UFC as a world champion**. I made significantly less signing with the UFC…. I do not have health insurance. Following my last fight in the UFC which I was pressured to take on short notice or face sitting out for an extended period of time, I suffered a mini stroke after several eye pokes to my left eye…. **The funds received from this settlement will allow me to address health care issues that I have deferred due to the expense and not having health insurance**." Declaration of Jessica Aguilar, ¶¶6-8 (attached at Exhibit 90 to the Cramer Supp. Decl.).

- "The funds received from this settlement will allow me to obtain the physical therapy and medical treatment I need after substantial damage incurred while competing at the highest level. I am currently in college at UEI completing a degree in Medical Billing and Coding, and these funds would enable me to pay off debt and living expenses while completing my degree. Further, I dropped out of Grand Canyon University 20 credits shy of my bachelor's degree to train full time. **These funds would allow me to pay for and complete my remaining credits to obtain my college degree enabling me to increase my wages for the rest of my lifetime. This would truly be life-changing money for me and for other members of the class**. Declaration of Efrain Escudero, ¶¶6-7 (attached at Exhibit 87 to the Cramer Supp. Decl.).

- "**This would truly be life-changing money for me and for other members of the class. Funds from this settlement will enable me to seek the necessary medical attention to address my diminishing vision, and it would also provide me with funds to stabilize my life. My transition following my post-UFC career has been extremely difficult and I have struggled with no stable income.** Unfortunately, due to the toll this career takes on your body and the scars and injuries fighters are left with, it is very difficult to transition into normal careers." Declaration of Bethe Correia, ¶7 (attached at Exhibit 88 to the Cramer Supp. Decl.).

- "**Throughout my MMA fight career, I was going into debt and borrowing money from family to fund fight camps and then paying off this debt with my purses. As a result of this**

4

**debt, I and other peers frequently take fights while injured to pay off the debt from training camp that was already incurred**. In one UFC fight, I entered a fight with a separated rib because I could not afford to miss the bout. I was never ahead financially during my entire fighting career with the UFC…. **This would truly be life-changing money for me and for other members of the class**. I will use the funds to pay off medical and credit debt. The funds received from this settlement will also allow me to invest in a new gym located near Ogden, Utah where my family is moving. This business will provide me and my family with income into retirement. My main goal is to open a non-profit to aid underprivileged youth who need direction by giving them community, and teaching them respect, self-discipline and confidence through martial arts training. **I struggled and believe I can direct the next generation towards a more productive path**." Declaration of Jorge Lopez, ¶¶11-12, 17 (attached at Exhibit 89 to the Cramer Supp. Decl.).

- Like the earlier submitted fighter declarations, numerous fighters stated that the funds would permit them to address important life issues, including the ability to cover much needed healthcare costs (*e.g.*, from injuries sustained while fighting for the UFC), invest in a business, and plan for retirement, among others. *See* Declaration of Julie Kedzie, ¶6; Declaration of Clarence Dollaway, ¶¶7-9 (*Johnson* Action Plaintiff); Declaration of Thiago Tavares, ¶6; Declaration of Rani Yahya, ¶6; Declaration of Nazareno Malegarie, ¶6; Declaration of Lyoto Machida, ¶6; Declaration of Dileno Lopes, ¶6; Declaration of Fabricio Werdum, ¶¶7-9; Declaration of Thiago Alves, ¶¶6-7; Declaration of Gleison Tibau, ¶¶6-7; Declaration of Brandon Vera, ¶8 (*Le* Class Representative); Declaration of Alessio Sakara, ¶6; Declaration of Valerie Letourneau, ¶6; Declaration of Yair Rodriguez, ¶6; Declaration of Mickael Lebout, ¶6; Declaration of Jeff Curran, ¶6; Declaration of Roger Gracie, ¶6; Declaration of Steven Siler, ¶¶6-7; Declaration of John Alessio, ¶6; Declaration of Robert Drysdale, ¶6; Declaration of Miguel Torres, ¶¶6-8; Declaration of Michel Prazeras, ¶6; Declaration of Vladimir Matyushenko, ¶6; Declaration of Pat Healy, ¶6; Declaration of Jason Young, ¶¶6-8; Declaration of Joey Beltran, ¶6; Declaration of Damacio Page, ¶¶6-7; Declaration of Elias Silverio, ¶¶6-7; Declaration of Matt Mitrione, ¶¶6-7; Declaration of Viviane Pereira, ¶¶6-7; Declaration of Mackens Semerzier, ¶6; Declaration of Rodrigo Damm, ¶6; Declaration of Will Brooks, ¶¶6-7; Declaration of Alessandro Ricci, ¶6; Declaration of Jussier Formiga, ¶6; Declaration of Antonio McKee, ¶6; Declaration of Matt Grice, ¶6; Declaration of Jeremy Kennedy, ¶6; Declaration of Steven Kennedy, ¶¶6-7; Declaration of Yves Jabouin, ¶6. These declarations are attached to the Cramer Supp. Decl. at Exhibits 65-110.

In addition to the above fighter declarations, Class Counsel also received a declaration from Alessandro Gelke, who has been a fighter "manager in the combat sports industry for more than 22 years." Declaration of Alessandro Gelke, ¶2 (attached at Exhibit 111 to the Cramer Supp. Decl.). Drawing on his extensive experience in the industry, Mr. Gelke provides several reasons for his support of the Settlement, including:

- I know many of these fighters in the class, some of whom are no longer living. For example, former UFC fighter Marco Polo Reyes is broke and living in an MMA gym in Tijuana. His settlement would allow him to buy a home and take care of his family. **Polo and many fighters**

- **have continued fighting even though they know they are well past their prime because they need to provide for their family. This settlement will help ensure these fighters don't continue to fight long past the time they should have retired and badly risk their health.** *Id.* ¶5.

- **I don't want to hear of any more former UFC fighters dying before this settlement reaches them. Of course, many more changes are needed so UFC fighters are treated fairly. Right now, this Le class needs that money right away. The other problems will be addressed by the Johnson class and bringing the Ali Act to MMA.** *Id.* ¶5.

For the reasons discussed above, Plaintiffs respectfully request that the Court grant leave to file these additional 52 declarations in support of the Settlement. Class Counsel are continuing to hear from Class Members voicing support of the Settlement, and, absent direction from the Court to the contrary, we anticipate filing additional declarations until the Court rules upon preliminary approval of the Settlement. For the above reasons and those set forth in the memorandum of law in support of preliminary approval, the Settlement should be preliminarily approved.

Dated: October 11, 2024                    Respectfully submitted,

                                           /s/ *Eric L. Cramer*
                                           Eric L. Cramer (pro hac vice)
                                           Michael Dell'Angelo (pro hac vice)
                                           Ellen T. Noteware (pro hac vice)
                                           Patrick F. Madden (pro hac vice)
                                           Najah Jacobs (pro hac vice)
                                           BERGER MONTAGUE PC
                                           1818 Market St., Suite 3600
                                           Philadelphia, PA 19103
                                           Telephone: +1 (215) 875-3000
                                           Email: ecramer@bm.net
                                           Email: mdellangelo@bm.net
                                           Email: enoteware@bm.net
                                           Email: pmadden@bm.net
                                           Email: njacobs@bm.net

Richard A. Koffman (pro hac vice)
Benjamin Brown (pro hac vice)
Daniel Silverman (pro hac vice)
Daniel L. Gifford (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL
    PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

Joseph R. Saveri (pro hac vice)
Kevin E. Rayhill (pro hac vice)
Christopher Young (pro hac vice)
Itak Moradi (pro hac vice)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1505
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

*Co-Lead Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Don Springmeyer (Bar No. 1021)
Michael Gayan (Bar No. 11135)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com
Email: m.gayan@kempjones.com

*Liaison Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr., Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*