IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NEVADA

CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,

Defendant.

Case No. 2:15-cv-01045-RFB-BNW

**PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD SET OF CLASS MEMBER DECLARATIONS IN SUPPORT OF THE SETTLEMENT**

Plaintiffs in *Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045 (D. Nev.) (the "Action"), on behalf of themselves and the certified Class, seek leave, pursuant to Local Rule 7-2(g), to file a third set of documents supporting the proposed $375 million settlement ("Settlement") in the Action, including 50 additional declarations from Class Members, plus 2 declarations from fighter advocacy organizations, which would bring the total number of declarations from interested parties in support of the Settlement to date to 158, including **154 declarations from Class Members**.

Plaintiffs respectfully submit that good cause exists[1] to file these additional 52 declarations supporting the Settlement for the same reasons supporting Plaintiffs' prior submission of additional fighter declarations on October 11, 2024.[2] Plaintiffs moved for preliminary approval of the Settlement on October 7, 2024.[3] While preparing the Motion, Class Counsel received a flood of declarations from fighter Class Members in support of the Settlement.[4] The 54 declarations received by the time the Motion was filed were attached to and discussed in the Memorandum (*see id.* at 26-30). Class Counsel also noted in the Memorandum (*id.* at 26) that they were continuing to receive additional declarations in support of the Settlement. And on October 11, 2024, Class Counsel sought leave to file an additional 52 declarations (which included one from a non-Class Member fighter manager) voicing support for

---

[1] A court may grant a motion for leave to file supplemental evidence for "good cause." Local Rule 7-2(g); *see also ACRES 4.0 v. IGT*, No. 221CV01962GMNBNW, 2022 WL 22247952, at *1 (D. Nev. Oct. 25, 2022) (finding good cause to grant leave to supplement because "the evidence is helpful in developing the Court's analysis"). "Good cause usually exists if there is a showing that the party seeking good cause was reasonably diligent." *T1 Payments LLC v. New U Life Corp.*, No. 219CV01816APGDJA, 2022 WL 195111, at *2 (D. Nev. Jan. 21, 2022) (granting leave to supplement record with new deposition testimony where movant sought leave to supplement within 2 weeks of deposition).

[2] *See* Plaintiffs' Motion for Leave To File Additional Class Member Declarations in Support of the Settlement, filed October 11, 2024 (ECF No. 1047) (the "Second Set of Declarations Motion").

[3] *See* Motion for Preliminary Approval of the Settlement, Preliminary Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, filed October 7, 2024 (the "Motion") (ECF No. 1045).

[4] *See* Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval of the Settlement, Preliminary Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process (the "Memorandum"), at 26 (ECF No. 1045-1).

the Settlement.[5] Class Counsel also indicated they were continuing to receive fighter declarations supporting the Settlement. *See id.*

In the week since the Second Set of Declarations Motion was filed, fifty Class Members (and two MMA fighter advocacy entities) have each executed declarations indicating support for the Settlement. As with the submission of the Second Set of additional declarations, good cause exists for filing this Third Set, including 52 new declarations because (a) the 52 new declarations will assist the Court in its analysis of the Settlement given that the reaction of Class Members to a proposed settlement is one of the Fed. R. Civ. P. 23(e)(2) factors considered on whether to approve a proposed class settlement,[6] and (b) Class Counsel have worked diligently to gather these declarations and submit them in a timely manner. *See T1 Payments*, 2022 WL 195111, at *2.

This new set of 50 additional fighter Declarations from *Le* Class Members in support of the Settlement, representing an additional 280 UFC bouts during the *Le* Class Period, are attached at Exhibits 112-63 to the accompanying declaration of Eric L. Cramer.[7] Together with the 104 declarations submitted with Plaintiffs' Motion and the Second Set of Declarations Motion,[8] Plaintiffs have now collectively submitted declarations from 154 Class Members, plus one from a non-Class Member named plaintiff (Nate Quarry), one from a non-Class Member manager, one from the Fighting Foundation, and one from the Mixed Martial Arts Fighters Association ("MMAFA," discussed below), for a total of 158 declarations of interested parties in support of the Settlement. The fighter declarations

---

[5] *See* Second Set of Declarations Motion, at 1, 6.

[6] *See Szymborski v. Ormat Techs., Inc.*, 2012 WL 4960098, at *2 (D. Nev. Oct. 16, 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

[7] *See* October 18, 2024 Supplemental Declaration of Eric L. Cramer, Esq. In Further Support of Plaintiffs' Motion for Preliminary Approval of the Settlement (the "Oct. 18 Cramer Supp. Decl.").

[8] *See* Exhibits 5-59 to the Joint Supplemental Declaration of Eric L. Cramer, Richard Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for Preliminary Approval of the Settlement. ECF Nos. 1045-8 to 1045-62 (Exhibit 59 is a table showing the number of UFC bouts the declarants fought during the Class Period); Exhibits 60-111 to the October 11, 2024 Supplemental Declaration of Eric L. Cramer, Esq. In Further Support of Plaintiffs' Motion for Preliminary Approval of the Settlement (ECF Nos. 1047-3 to 1047-54) (note that Exhibit 111 is the declaration from the non-Class Member manager).

collectively account for 861 UFC bouts during the *Le* Class Period. Further, under the proposed Plan of Allocation, these fighters account for an estimate aggregate recovery of $32,221,000 from the Net *Le v. Zuffa* Settlement Fund or approximately 13% of the total potential net recovery by Class Members. These declarations reflect an unprecedented outpouring of support for Settlement approval among the members of the Class who are its beneficiaries. And they continue to roll in unabated. Class Counsel expect to have dozens more declarations by the end of next week.

Like the prior sets of declarations, including those filed with the Motion, the fighter declarations submitted herewith all recognize that "a significant recovery in the near future is much more appealing than the possibility of a larger recovery several years from now, especially in light of the possibility that there would be no recovery at all if this settlement were not approved," while also understanding that a jury could—but may not—award a larger amount later, which would then be subject to appeals and other delays. *See*, *e.g.*, Declaration of Hector Lombard, ¶¶9-11 (attached at Exhibit 112 to the Oct. 18 Cramer Supp. Decl.) ("Lombard Decl."). Below is a sampling of excerpts from these additional declarations reflecting the fighters' preference for a recovery *now* over gambling for a potential but uncertain larger recovery much later (note that the bold text emphasis is supplied):

- "This would truly be life-changing money for myself and many class members. It would be far more advantageous to me to get these settlement funds as soon as possible as I have immediate financial needs that I need to tend to. I have two children, one in Australia and one in Florida that both have all the normal needs relating to education, health and welfare. I am currently renting my residence and I would love the opportunity to acquire a home. **In general, my financial position is challenging and gaining access to financial resources as soon as possible would be an enormous help to me and my family**." Lombard Decl. ¶ 6.

- "This would truly be life-changing money for myself and many class members. During my MMA career, I suffered a significant injury to my eye with a detached retina that later turned into a cataract. **I need these funds now to obtain surgery on my eye and to care for my family**." Declaration of Valmir Lazaro, ¶6 (attached at Exhibit 113 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. Funds from this settlement would enable me to purchase land again following a recent divorce, and to provide for my children ages 12 and 7. **I could really use these funds now**." Declaration of Ben Alloway, ¶8 (attached at Exhibit 114 to the Oct. 18 Cramer Supp. Decl.).

- "While fighting for the UFC, I suffered many significant injuries including a torn MCL, a broken hand that required surgery and still bothers me, and a shoulder injury that I have not yet medically addressed because I do not have insurance. I also experienced concussions. I fear that

during my career I may have suffered traumatic brain injury (TBI) and am noticing symptoms common with TBI including episodic depression, anxiety, depression, insomnia and memory loss. I have not yet received the necessary medical exams and treatment because I do not have insurance and lack the funds to pay out-of-pocket. The funds received from this settlement will allow me to obtain the physical therapy and medical treatment I need after substantial damage incurred while competing at the highest level. The funds from this settlement will also help me establish my gym where I teach Muy Thai and to pay day-to-day bills for my family as income from acting jobs is sporadic. **I desperately need the funds now—not years from now**." Declaration of Anthony Njokuani, ¶¶6-7 (attached at Exhibit 115 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. Funds from this settlement would enable me to pay off debts following a recent divorce. **I could really use these funds now**." Declaration of Gabriel Gonzaga, ¶6 (attached at Exhibit 116 to the Oct. 18 Cramer Supp. Decl.).

- "Funds from this settlement would help me stabilize my gym as my rent recently nearly doubled and it would enable me to care for my elderly mother. **These funds would provide stability to my life now**." Declaration of Nam Phan, ¶6 (attached at Exhibit 117 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. I recently moved to the United States, and I am a single father of a 4-ycar old daughter. These funds would allow me to invest in and open a gym and to support me and my daughter as we become established in a new country. **These funds will help me immensely now**." Declaration of Bruno Santos, ¶6 (attached at Exhibit 118 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. I am a single mother of an 8-year-old boy, working 2 jobs, and attending college to better our future. These funds would allow me to pay off my tuition, purchase a vehicle, and to make ends meet without constant stress while I complete my degree. **Thees (sic) funds will help me immensely now and I can urgently use these funds now**." Declaration of Alexis Davis, ¶6 (attached at Exhibit 119 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life changing money for me and other class members. This money allows me to improve my health and build a home on the land I bought for my wife, 5 children and myself. This land will allow my family to start a small farm to grow our own organic produce and have the space we need to produce our own produce. **My family and I could desperately use this money now as our quality of life will be greatly improved once we are able to build our own home**." Declaration of Alexander Yakovlev, ¶6 (attached at Exhibit 120 to the Oct. 18 Cramer Supp. Decl.).

- "During my MMA career, I suffered some significant injuries 6 surgeries on my knees, 2 surgeries on my hands, surgery on my elbow, and a procedure on my shoulder. My injuries still require physical therapy and treatment. **I need the money now to address immediate medical concerns for myself and my family. This would truly be life-changing money for me and many class members, and I fully support those who desperately need the funds now**. I would use these funds to take care of my family and children, to pay my mortgage, and to pay

medical expenses." Declaration of Thiago Santos, ¶¶6-7 (attached at Exhibit 121 to the Oct. 18 Cramer Supp. Decl.).

- "During the Le Class Period, I fought in 6 UFC bouts. During my UFC career, I was put on the shelf for extended periods of time between fights which was a strain on my finances and on my career as a professional mixed martial artist. This would truly be life-changing money for me and for other members of the class. These funds will enable me to purchase a home in Brazil. **These funds will help me immensely now**." Declaration of Rousimar Palhares, ¶¶5-6 (attached at Exhibit 122 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. These funds would allow me to finish construction on our house that I am currently building for my spouse, and 3 children, ages 14, 12, and 10. **My family and I can desperately use these funds now as our quality of life will improve dramatically when we are able to finish construction on our house**." Declaration of Igor Araujo, ¶7 (attached at Exhibit 123 to the Oct. 18 Cramer Supp. Decl.).

- "Fighting for the UFC was the achievement of what I thought was my dream, but the reality is after a lengthy career I left with a worn-down body, severe depression, and nothing to show for my years competing at the top of the sport. I still battle depression to this day and am angry that I saw so little reward for what I provided to the UFC…. Funds from this settlement would help me recover some of the costs incurred from fighting and provide me with something to show for 20 years in the sport. These funds will allow me to pay the costs of two 12-month programs in advanced and functional nutrition, invest in and expand our gym, and allow me to save for retirement. **These funds would provide stability to my life now**." Declaration of Felice Herrig, ¶¶6, 10 (attached at Exhibit 124 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and many class members. The funds received from this settlement will allow me and my family, including 2 boys, ages 16 and 13, to move out of our tiny house into a home that provides the space we need. **We desperately need these funds now**." Declaration of Bec Rawlings, ¶7 (attached at Exhibit 125 to the Oct. 18 Cramer Supp. Decl.).

- "I was extremely depressed following my retirement from the UFC, and I have struggled to acclimate to my post-career life. I have been unable to maintain adequate focus to complete schooling and have had difficulty writing even simple paragraphs. I face serious challenges in meeting basic everyday expenses for food, shelter, and transportation and in paying for health insurance and the medical treatment I need now. This would truly be life-changing money for me and for other members of the class. **These funds would also allow me to obtain the health insurance and healthcare I need now. I desperately need these funds now**." Declaration of Jessica Eye, ¶¶8-9 (attached at Exhibit 126 to the Oct. 18 Cramer Supp. Decl.).

- "This would truly be life-changing money for me and for other members of the class. These funds would allow me to invest in and open a gym and to support my community project assisting disadvantaged kids in the community. **I am also recovering from cancer and these funds would provide me a cushion I don't have now. I could really use these funds now to assist in my recover and to set up my future**." Declaration of Diego Rivas, ¶6 (attached at Exhibit 127 to the Oct. 18 Cramer Supp. Decl.).

- "I was extremely depressed following my retirement from the UFC, and I have struggled to acclimate to my post-career life. I face serious challenges in meeting basic everyday expenses for food, shelter, and transportation and in paying for the medical treatment I need now. **These funds would also allow me to obtain the healthcare I need now. I desperately need these funds now**." Declaration of Gina Mazany, ¶¶9-10 (attached at Exhibit 128 to the Oct. 18 Cramer Supp. Decl.).

- Like the earlier submitted fighter declarations, numerous fighters stated that the funds would permit them to address important life issues, including the ability to cover much needed healthcare costs (*e.g.*, from injuries sustained while fighting for the UFC), invest in a business, and plan for retirement, among others. *See* Declaration of Felipe Silva, ¶7; Declaration of Joe Riggs, ¶7; Declaration of Rony Mariano Bezerra, ¶6; Declaration of Marco Beltran, ¶6; Declaration of Omari Akhmedov, ¶6; Declaration of Renan Barao, ¶6; Declaration of Walt Harris, ¶6; Declaration of Ronaldo Santos, ¶6; Declaration of Magomed Bibulatov, ¶¶6-7; Declaration of Francimar Barroso, ¶¶6-8; Declaration of Mike Pyle, ¶¶6-7; Declaration of Milton Vieira, ¶6; Declaration of Carla Esparza, ¶6; Declaration of Konstantin Erokhin, ¶6; Declaration of Godofredo Castro, ¶6; Declaration of Pedro Nobre, ¶6; Declaration of Guto Inocente, ¶6; Declaration of Luiz Dutra, Jr., ¶¶6-7; Declaration of Alex Oliveira, ¶6; Declaration of Francisco Trinaldo, ¶¶6-7; Declaration of Carlo Prater, ¶¶6-8; Declaration of Jorge De Oliveira, ¶6; Declaration of Wendell Oliveira, ¶¶6-7; Declaration of Mike Brown, ¶6; Declaration of Rick Story, ¶6; Declaration of Alberto Emiliano Pereira, ¶6; Declaration of Sarah Kaufman, ¶6; Declaration of Cody McKenzie, ¶¶6-8; Declaration of James Te Huna, ¶¶6-7; Declaration of Ednaldo Olivira, ¶¶6-7; Declaration of Alan Belcher, ¶¶6-7; Declaration of Aisling Daly, ¶¶6-8; Declaration of Liz Carmouch, ¶¶6-7. These declarations are attached to the Oct. 18 Cramer Supp. Decl. at Exhibits 129-61.

The longer the case continues absent an approved settlement, there will be fewer Class Members who can avail themselves of the proposed Settlement while still in good health or even alive. Sadly, just recently, on October 15, 2024, Class Member Guilherme "Bomba" Vasconcelos passed away at the age of 38.[9]

Two organizations dedicated to advocacy on behalf of MMA fighters have also submitted declarations in support of the Settlement: the Fighting Foundation and the MMAFA. The Fighting Foundation is a 501(c)(3) charitable organization founded by Rose Gracie, whose family originally created the UFC. *See* Declaration of Rose Gracie, ¶¶1, 3 (attached at Exhibit 162 to the Oct. 18 Cramer Supp. Decl.). From her deep experience in the fighting world, Ms. Gracie describes the challenges and

---

[9] *See* https://www.tmz.com/2024/10/15/guilherme-vasconcelos-bomba-mma-dead/.

difficulties fighters face. *See id.* ¶¶4-12. She observes that "[m]any fighters retire with nothing—physically broken and financially devastated" and that "[f]or some, this money represents a second chance—an opportunity to finally escape a cycle of struggle and hopelessness. The financial relief this settlement provides will help break the downward spiral some have been caught in for far too long." *Id.* ¶¶13, 14. Ms. Gracie states that though "much more needs to be done for these incredible athletes," the "settlement offers crucial, immediate financial relief to these fighters." *Id.* ¶18.

The MMAFA also submitted a declaration in support of the Settlement. *See* Declaration of MMAFA (attached at Exhibit 163 to the Oct. 18 Cramer Supp. Decl.). The MMAFA is an organization whose "mission is to establish improvements in the economic, physical and security conditions of mixed martial artists, coaches and trainers and to engage in activities to advance and safeguard their welfare, and to foster the best interests of the sport of mixed martial arts." *Id.* ¶3. It was members of the MMAFA who initiated this Action. *Id.* ¶4. The organization states that "numerous fighters currently active in the UFC [ ] have expressed their unmitigated support for this settlement, but who [a]re unwilling to give a public declaration for fear of retaliation from the UFC." *Id.* ¶7. The MMAFA observes that "[m]any fighters in this class desperately need these funds to pay for badly needed medical services and health insurance. Others need these funds now to pay basic living expenses, and to secure stable housing. The need is immediate." *Id.* ¶5. Fighters who have contacted the MMAFA about the Settlement "were in tears and incredibly thankful that after a decade of litigation they will gain some measure of relief. When this case started, very few believed that we could achieve the kind of results we have achieved to date. Our members were committed to this cause, and given the state of the class, believe this is an unmitigated success." *Id.* ¶10.

In addition to the above declarations, Co-Lead Class Counsel also seek to supplement their argument regarding the strength of the proposed $375 million Settlement, which constitutes 40% of the only estimate of single damages consistent with the findings of both of Plaintiffs' testimonial economists. Plaintiffs have cited multiple class action cases approving settlements that pale in

7

comparison to this one. *See*, *e.g.*, Memorandum at 30-38 (citing multiple cases approving settlements at 25% or below reasonable estimates of single damages). In addition, Plaintiffs point the Court to the recent grant of preliminary approval of an antitrust class action settlement in *In re College Athlete NIL Litig.*, No. 20-cv-3919, ECF No. 544 (N.D. Cal. Oct. 7, 2024). The settlement in that case resolved two categories of claims, one of which (the athletic-services claims) settled for $600 million out of estimated single damages of $24 billion, or 2.5%. *See In re College Athlete NIL Litig.*, No. 20-cv-3919, ECF No. 494, at 14 (N.D. Cal. Aug. 16, 2024) (plaintiffs' reply brief in support of preliminary approval responding to objection to settlement amount for the athletic-services claims). Of course, the Settlement here is more than 15 times better than the NIL result (40% vs. 2.5%), but in that case, there were multiple vociferous objectors at the preliminary approval stage. Here, the Settlement is not only far superior from a relative financial perspective, but instead of objectors, there are more than 154 Class Members that have proactively stepped forward to support the result.

  For the reasons discussed above, and in the prior motion for leave to file additional declarations, Plaintiffs respectfully request that the Court grant leave to file these additional 52 declarations in support of the Settlement. Class Counsel are continuing to hear from Class Members voicing support for the Settlement and may continue to file such declarations until the Court rules on the preliminary approval motion so that our clients and Class Members can have their voices heard. For the above reasons and those set forth in the memorandum of law in support of preliminary approval, the Settlement should be preliminarily approved.

Dated: October 18, 2024

Respectfully submitted,

/s/ *Eric L. Cramer*
Eric L. Cramer (pro hac vice)
Michael Dell'Angelo (pro hac vice)
Ellen T. Noteware (pro hac vice)
Patrick F. Madden (pro hac vice)
Najah Jacobs (pro hac vice)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: enoteware@bm.net
Email: pmadden@bm.net
Email: njacobs@bm.net

Joshua P. Davis (pro hac vice)
Robert C. Maysey (pro hac vice)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bm.net
Email: rmaysey@bm.net


Richard A. Koffman (pro hac vice)
Benjamin Brown (pro hac vice)
Daniel Silverman (pro hac vice)
Daniel L. Gifford (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

Joseph R. Saveri (pro hac vice)
Kevin E. Rayhill (pro hac vice)
Christopher Young (pro hac vice)
Itak Moradi (pro hac vice)
JOSEPH SAVERI LAW FIRM, LLP
601 California St., Suite 1505
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

*Co-Lead Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Don Springmeyer (Bar No. 1021)
Michael Gayan (Bar No. 11135)
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: + 1 (702) 385-6000
Facsimile: + 1 (702) 385-6001
Email: dspringmeyer@kempjones.com
Email: m.gayan@kempjones.com

*Liaison Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*

Crane M. Pomerantz
CLARK HILL PLC
1700 Pavilion Center Dr., Suite 500
Las Vegas, NV 89135
Telephone: +1 (702) 697-7545
Email: cpomerantz@clarkhill.com

*Additional Counsel for the Class and Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury*