# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT NEVADA

CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, *and* KYLE KINGSBURY, *On Behalf of Themselves and All Others Similarly Situated,*

    Plaintiffs,

    v.

ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP *and* UFC,

    Defendant.

Case No. 2:15-cv-01045-RFB-BNW

**ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS**

WHEREAS, Plaintiffs have moved for preliminary approval under Fed. R. Civ. P. 23(c)(2) and 23(e) of the settlement ("Settlement") between the parties in the action *Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC*, Case No. 2:15-cv-01045 (D. Nev.) (the "Action");[1]

WHEREAS, on September 26, 2024, Class Representatives, both individually and on behalf of the Class (defined below), and Defendant Zuffa, LLC ("Defendant" or "Zuffa") entered into a settlement agreement that sets forth the terms and conditions of the parties' proposed Settlement and the release and dismissal with prejudice of the Plaintiffs' claims against Defendant (the "Settlement Agreement");

WHEREAS, on October 7, 2024, Plaintiffs filed a Motion for Preliminary Approval of the Settlement, Preliminary Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process, requesting the entry of an Order: (i) granting preliminary approval of the Settlement Agreement; (ii) reaffirming the Court's finding that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied for the Class; (iii) reaffirming the appointment of Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP as Co-Lead Class Counsel[2] for the Class under Fed. R. Civ. P. 23(g); (iv) authorizing dissemination of notice of the Settlement to the Class; (v) preliminarily approving the proposed Plan of Allocation; (vi) appointing Angeion Group LLC ("Angeion") as Settlement Claims Administrator; (vii) appointing The Huntington National Bank ("Huntington") as Escrow Agent and approving the Custodian/Escrow Agreement attached as Exhibit A to the Settlement Agreement; and (viii) approving the proposed Settlement schedule, including setting a date for a final Fairness Hearing;

---

[1] Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury brought the Action against one defendant, Zuffa, LLC. On August 9, 2023, the Court certified the Class (*see* below) and appointed all the plaintiffs in the Action, other than Nathan Quarry, as the class representatives for the Class (the "Class Representatives"). *See* ECF No. 839, at 78-79 (certifying the bout class). Plaintiff Nathan Quarry was proffered as a class representative for the "Identity Rights Class," which the Court did not certify. *See generally* ECF No. 839 at 75-78. The Class Representatives together with Mr. Quarry are collectively referred to as "Plaintiffs."

[2] Co-Lead Class Counsel together with Kemp Jones, LLP, Clark Hill PLC, and other firms that worked under the direction of Co-Lead Class Counsel on behalf of the Class in the Action are collectively referred to as "Class Counsel."

WHEREAS, on August 9, 2023, the Court certified the Bout Class (defined below) in the Action (ECF No. 839, at 79);

WHEREAS, on July 30, 2024, the Court denied preliminary approval of a prior proposed settlement (dated April 24, 2024) that sought to resolve this Action together with *Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-1189 (D. Nev.) (the "*Johnson* Action"), for $335 million plus certain prospective relief (the "Denial") (ECF No. 1038);

WHEREAS, the Settlement does not resolve any claims being prosecuted in the *Johnson* Action;

WHEREAS, Defendant supports Plaintiffs' Motion; and

WHEREAS, the Court is familiar with the record in this case, and having reviewed the Settlement and supporting documents, has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**Jurisdiction**

1. This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of the above-captioned action and over Defendant and Plaintiffs, including all members of the Class.

**The Class**

2. The Court reaffirms its finding that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied for the Class, including for settlement and judgment purposes. *See* ECF No. 839, at 79 (defining the Bout Class).

3. The Class includes:

> All persons who competed in one or more live professional UFC-promoted mixed-martial arts ("MMA") bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period").
>
> Excluded from the Class are all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

ECF No. 839, at 79.

4. The Court previously appointed Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis

2

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN
OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING
THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

Javier Vazquez, and Kyle Kingsbury as the class representatives for the Class. *See* ECF No. 839, at 79; *see also* n.1 *supra*.

5. The Court reaffirms the appointment of Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm, LLP as Co-Lead Class Counsel for the Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

### Preliminary Approval of the Settlement

6. Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the Court will likely (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement.

7. Being familiar with the record, and having reviewed the settlement papers, the Court finds the Settlement was entered into after nearly ten years of hard-fought litigation in the Action, including, *inter alia*, completion of fact discovery, the exchange of expert reports and the depositions of each expert, an evidentiary hearing relating to class certification and *Daubert* featuring seven witnesses, class certification and *Daubert* briefing (and decisions on class certification and *Daubert*), three sets of summary judgment briefing (and a decision on summary judgment), briefing on motions *in limine*, submission of trial briefs, and trial preparation. The Court finds further that, both before and after the Denial, the Settlement process involved multiple mediation sessions before an experienced mediator. The parties reached the Settlement only after extensive arm's length negotiations, including negotiations that occurred after the Denial. The parties took into account the Court's stated reasons for the Denial, including by resolving this Action without also resolving the *Johnson* Action. Accordingly, the Court preliminarily finds that the Settlement meets all factors under Rule 23(e)(2) and will likely be granted final approval by the Court, subject to further consideration at the Court's final Fairness Hearing. The Court finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, and adequate, and in the best interests of the Class, raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and 23(e)

3

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN
OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING
THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

and due process so that notice of the Settlement should be given.

8. The Court has reviewed the Plan of Allocation and hereby preliminarily approves it.

9. Angeion Group LLC is hereby appointed as Settlement Claims Administrator for the Class.

10. The Huntington National Bank is hereby appointed as Escrow Agent pursuant to the Settlement.

11. The Court approves the establishment of the *Le v. Zuffa* Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Settlement Agreement, Co-Lead Class Counsel are authorized to withdraw funds from the QSF for the payment of reasonable costs of notice, payment of taxes, and settlement administration costs.

12. Pending further Order of the Court, all litigation activity against Defendant on behalf of the Class is hereby stayed, and all hearings, deadlines, and other proceedings related to the Plaintiffs' claims against Defendant, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such time that: (i) Defendant or Plaintiffs exercise their right to terminate the Settlement pursuant to its terms; (ii) the Settlement is terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of the Settlement, and if it approves the Settlement, enters final judgment and dismisses Plaintiffs' claims against Defendant with prejudice.

13. In the event that the Settlement fails to become effective in accordance with its terms, or if an Order granting final approval to the Settlement and dismissing Plaintiffs' claims against Defendant with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

14. In the event the Settlement is terminated, not approved by the Court, or the Settlement does not become final pursuant to the terms of the Settlement, litigation against Defendant shall resume in a reasonable manner as approved by the Court upon an application of Plaintiffs or Defendant.

4

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN
OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING
THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

**Approval of the Notice Plan**

15. The Court approves in form and substance the Plaintiffs' proposed notice plan, including the long-form notice, the short-form notice, the poster notice, and the updated Settlement website as described herein. The proposed notice plan specified by Plaintiffs and as supported by the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Settlement Notice Plan, dated October 7, 2024 ("Weisbrot Settlement Decl.") (hereinafter, the "Notice Plan"): (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Class of the settlement of the Action (defined in the Settlement Agreement, ¶1(a)) and of their right to participate in or object to the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1) and due process and is a reasonable manner of distributing notice to Class Members who would be bound by the Settlement.

16. Angeion may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the notices attached to the Weisbrot Settlement Decl. as Exhibits A, B, and C.

17. Defendant shall provide notice of the Settlement as required by 28 U.S.C. § 1715.

18. The Court observes that, on November 17, 2023, it authorized notice to the Class relating to its certification of the Bout Class in the Action. ECF No. 921. Notice to the Class utilized four forms of notice: (i) a long-form notice that provided detailed information about the Action, the Class, and the Class Members' rights, including their right to opt-out; (ii) a short-form notice that provided critical information to Class Members in a summary form and directed them on how to obtain additional information; (iii) a press release notice to alert UFC fighters about the Class and draw media attention to the certification of the Class; and (iv) a poster notice displayed at MMA gyms. The manner of notice employed a multiplicity of methods designed to ensure notice to the largest possible number of Class Members, which included: (1) direct notice to all reasonably identifiable Class Members via email and U.S. mail; (2) a targeted first-party social media campaign; (3) the issuance of a press release; (4) posted notice in notable MMA gyms; and (5) the implementation of a dedicated website

5

1  and tollfree hotline where Class Members could learn more about their rights and options in the Action.

2  19. The Court further observes that, on February 5, 2024, Plaintiffs filed with the Court a notice concerning the implementation of the Class notice program. *See* Plaintiffs' Notice of: (1) Effectuation of Class Notice Plan, and (2) Exclusions from Bout Class, ECF No. 966, at 1 (Feb. 5, 2024). This submission, and the accompanying declaration of the Court-appointed Notice Administrator (Angeion), described in detail the process and results of effectuating notice to the Class, including that no requests for exclusion were submitted by Class Members. *See id.* at 3-4.

20. The Court finds that notice to the Class was effectuated according to the Court approved notice plan to the Class, as described above. The Court further finds that notice to the Class was sufficient and reasonably informed Class Members of their rights to participate in or opt-out from the Class and, accordingly, no second opportunity to request exclusion from the Class is warranted in connection with notice of the Settlement. *See Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121-22 (9th Cir. 2018) (holding no second opportunity to opt-out at settlement stage and that Ninth Circuit law provides no due process right for such a second opt-out choice); *Musgrove v. Jackson Nurse Pros., LLC*, No. CV 17-6565 FMO (SSX), 2022 WL 2092656, at *7 (C.D. Cal. Jan. 11, 2022) (approving preliminary approval of settlement and holding a settlement does not afford a second opportunity to opt-out when class members had earlier opportunity and did not do so); *In re Zillow Grp., Inc. Sec. Litig.*, No. 2:17-CV-1387-JCC, 2023 WL 2766264, at *4 (W.D. Wash. Apr. 3, 2023) (same); 2 MCLAUGHLIN ON CLASS ACTIONS § 6:21 (20th ed. 2023) (collecting cases that "reject[ ] the suggestion that a second opt-out should be granted as a matter of course, even if the terms of the settlement change after the expiration of the initial opt-out period").

**Approval of the Schedule**

21. Angeion and the parties shall adhere to the following schedule:

   a. No later than 30 days of the date of this Order, Angeion shall begin the process of providing notice to the Class in accordance with the Notice Plan.

   b. No later than 60 days of the date of this Order, Co-Lead Class Counsel shall file a motion for attorneys' fees, unreimbursed litigation costs and expenses, and service awards for the Class Representatives, pursuant to the terms of the Settlement Agreement.

6

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN
OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING
THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS

c. No later than 90 days of the date of this Order, members of the Class may submit any objection to the proposed Settlement or to the proposed Plan of Allocation, or to the request for attorneys' fees, unreimbursed litigation costs and expenses, service awards to the Class Representatives, and/or any other aspect of the Settlement.

d. All objections must be in writing and filed with the Court, with copies sent to the Claims Administrator, and include the following information: (1) the name of the case (*Le, et al. v. Zuffa, LLC*, Case No. 2:15-cv-01045 (D. Nev.)); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership (such as, for instance, evidence of participation in a UFC bout during the Class Period) indicating that the individual is a member of the Class; (4) a statement detailing all objections to the Settlement; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. Furthermore, all objections must be signed by the objecting member of the Class.

e. No later than 21 days after the expiration of the deadline for members of the Class to object to the proposed Settlement and/or attorneys' fees, expenses and service awards, or the Plan of Allocation, Co-Lead Class Counsel shall file all briefs and materials in support of final approval of the Settlement.

f. A hearing on final approval of the Settlement shall be held before this Court on Thursday, February 6, 2025, at 9:15 a.m. PST in Las Vegas Courtroom 7C.

**DATED:** October 23, 2024                                        **SO ORDERED**

                                                                                        **RICHARD F. BOULWARE, II**
                                                                                        **UNITED STATES DISTRICT JUDGE**

7

ORDER PRELIMINARILY APPROVING SETTLEMENT, PRELIMINARILY APPROVING THE PLAN
OF ALLOCATION, APPROVING THE NOTICE PLAN, AND APPROVING
THE PROPOSED SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS