# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC,<br><br>Defendant. | Case No. 2:15-cv-01045-RFB-BNW<br><br>**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiffs have moved for final approval under Fed. R. Civ. P. 23(e) of the settlement ("Settlement") between the parties in the action Le, et al. v. Zuffa, LLC d/b/a Ultimate Fighting Championship and UFC, Case No. 2:15-cv-01045 (D. Nev.) (the "Action");[1]

WHEREAS, on September 26, 2024, Plaintiffs, both individually and on behalf of the Class (defined below), and Defendant Zuffa, LLC ("Defendant" or "Zuffa") entered into a settlement agreement that sets forth the terms and conditions of the parties' proposed Settlement and the

---

[1] Plaintiffs Cung Le, Nathan Quarry, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury brought the Action against one defendant, Zuffa, LLC. On August 9, 2023, the Court certified the Class (*see* below) and appointed all the plaintiffs in the Action, other than Nathan Quarry, as the class representatives for the Class (the "Class Representatives"). See ECF No. 839, at 78-79 (certifying the Bout Class). Plaintiff Nathan Quarry was proffered as a class representative for the "Identity Rights Class," which the Court did not certify. See generally id. at 75-78. The Class Representatives together with Mr. Quarry are collectively referred to as "Plaintiffs."

release and dismissal with prejudice of the Plaintiffs' claims against Defendant (the "Settlement Agreement");

WHEREAS, on January 30, 2025, Plaintiffs filed a Motion for Final Approval of the Settlement (the "Motion"), requesting the entry of an Order: (i) granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e); (ii) approving the Plan of Allocation, including a schedule for implementing the claims process; and (iii) entering a Final Judgment and Order terminating the litigation between Plaintiffs and Defendant (ECF No. 1060);

WHEREAS, on August 9, 2023, the Court certified the Bout Class (defined below) in the Action (ECF No. 839, at 79);

WHEREAS, on July 30, 2024, the Court denied preliminary approval of a prior proposed settlement (dated April 24, 2024) that sought to resolve this Action together with Johnson, et al. v. Zuffa, LLC, et al., No. 2:21-cv-1189 (D. Nev.) (the "Johnson Action") (ECF No. 1038);

WHEREAS, the Settlement does not resolve any claims being prosecuted in the Johnson Action;

WHEREAS, on October 23, 2024, the Court granted preliminary approval of the Settlement, preliminarily approved the Plan of Allocation, approved the Notice Plan, and approved the schedule for the settlement process (ECF No. 1053) ("Preliminary Approval Order");

WHEREAS, on February 6, 2025, the Court held a fairness hearing concerning the Settlement;

WHEREAS, Defendant supports Plaintiffs' Motion; and

WHEREAS, the Court is fully familiar with the record in this case, and having reviewed the Settlement and supporting documents, has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**Jurisdiction**

1. This Court has jurisdiction to enter this Final Judgment and Order as it has jurisdiction over the subject matter of the above-captioned action and over Defendant and Plaintiffs, including all members of the Class.

2. All capitalized terms used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement Agreement (ECF No. 1045-4) or the Court's October 23, 2024, Order preliminarily approving the Settlement (ECF No. 1053), unless otherwise noted.

**The Class**

3. The Court reaffirms its finding that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied for the Class, including for settlement and judgment purposes. See ECF No. 839, at 79 (defining the Bout Class).

4. The Class includes:

> All persons who competed in one or more live professional UFC-promoted mixed-martial arts ("MMA") bouts taking place or broadcast in the United States from December 16, 2010 to June 30, 2017 (the "Class Period").
>
> Excluded from the Class are all persons who are not residents or citizens of the United States unless the UFC paid such persons for competing in a bout fought in the United States.

Id.

5. The Court previously appointed Plaintiffs Cung Le, Jon Fitch, Brandon Vera, Luis Javier Vazquez, and Kyle Kingsbury as the Class Representatives for the Class. See ECF No. 839, at 79; see also n.1 *supra*.

6. The Court reaffirms the appointment of Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, and Joseph Saveri Law Firm LLP as Co-Lead Class Counsel for the Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

**Final Approval of the Settlement**

7. Upon review of the record, including the Order preliminarily approving the

Settlement and the submissions in support of its preliminary and final approval, the Court finds that the $375 million Settlement resulted from arm's-length negotiations involving a highly regarded mediator between highly experienced counsel and is a fair, reasonable, and adequate result.

8. Being familiar with the record and having reviewed the Settlement, and related papers, the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, grants final approval of the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against the Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class after considering the factors set out in Fed. R. Civ. P. 23(e), as well as those additional factors set forth in <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998). In reaching this conclusion, the Court finds as follows:

  a. Class Counsel and the Class Representatives have adequately represented the Class;
  b. The Settlement was negotiated by counsel with significant experience litigating antitrust class actions, the negotiations involved a highly regarded mediator (Hon. Layn Phillips (ret.)), the Parties engaged in significant fact and expert discovery prior to reaching an agreement to settle the Action, and, as a result, the Settlement is the result of vigorous arm's-length negotiations undertaken in good faith;
  c. The relief provided to the Class is adequate after taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) that the Plan of Allocation is equitable, efficient, and fair to the Class Members; (iii) that the Settlement does not contain any terms directing the timing and payment of any award of attorneys' fees, which are the subject of a separate motion by Class Counsel (<u>see</u> ECF No. 1055); and (iv) any agreements of the type required to be identified under Rule 23(e)(3) in connection with the Settlement;

    d. The Settlement treats Class Members equitably;

    e. The Action is likely to involve contested and serious questions of law and fact, including the likelihood the Defendant would renew its challenge to class certification post-trial, such that the value of an immediate monetary recovery outweighs the uncertain possibility of future relief after protracted and expensive litigation; and

    f. Class Counsel's judgment that the Settlement is fair and reasonable, and that the Class overwhelmingly supports the Settlement (including 154 ex-UFC Fighters having submitted declarations supporting the Settlement), is entitled to great weight.

  9. The Court further finds that there was one untimely objection filed by Ms. Carla Lomeli on January 22, 2025. ECF No. 1056 ("Lomeli Objection"). On February 5, 2025, Ms. Lomeli filed a notice with the Court where she withdrew her objection in part. She also urged the Court to approve the settlement without delay. ECF No. 1061. Therefore, the Lomeli Objection relates to the narrow issue of attorney fees and was filed by a Class Member who otherwise supports the Settlement. Ms. Lomeli herself submitted a declaration to this Court stating that: "[T]he $375 million settlement currently before the Court would be an enormously successful result. It would make a significant difference in my life and my financial stability. I enthusiastically support this settlement, and I sincerely hope for its swift approval." See Declaration of Carla Esparza (now Lomeli), dated October 15, 2024, ECF No. 1049-32. The Lomeli Objection is overruled for the following reasons.

    a. First, the Lomeli Objection was filed late. The deadline for receipt of all objections was January 21, 2025. See Preliminary Approval Order ¶¶15-16, 21(c), ECF No. 1053 ¶¶15-16, 21(c) (setting deadline for receipt of objections 90 days from October 23, 2024); Declaration of Bach-Viet Nguyen of Angeion Group, LLC re Implementation of Settlement Notice Plan and Report on Objection Received, ¶22 & Exhibits B (Long Form Notice, under

- 5 -

1  heading "Objecting to the Settlement" at response to Question 17: "You cannot make an
2  objection by telephone or email. You must do so in writing and file your objection with the Clerk
3  of Court and mail your objection to the following address **to be received by January 21, 2025**:
4  … If you don't timely and validly submit your objection, your view will not be considered by the
5  Court or any court on appeal.") (emphasis supplied), A (Short Form Notice: "You may Object to
6  the terms of the Settlement by **January 21, 2025**.") (bold in original), E (Poster Notice: "You
7  may Object to the terms of Settlement by **January 21, 2025**.") (bold in original). Ms. Lomeli's
8  objection, which appeared on the docket on January 24, 2025, indicates that it was filed with the
9  Clerk on January 22, 2025. It is therefore untimely.

11        b.      Second, Ms. Lomeli's challenge to Class Counsel's basis for the portion of
12  Class Counsel's fee request relating to the $40 million difference between the prior settlement
13  ($335 million) and the existing Settlement ($375 million) (the "Augmented Value") is without
14  merit. She asserts that any fee flowing from the Augmented Value should be justified solely
15  based on the lodestar Class Counsel expended between denial of preliminary approval on July
16  31, 2024, and the new Settlement date of September 26, 2024. Ms. Lomeli is incorrect about the
17  basis for the Court's fee award. The Court is awarding Class Counsel's fee based primarily on
18  the percentage of the fund method. See Order Granting Plaintiffs' Motion for an Award of
19  Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the Class
20  Representatives. The lodestar multiplier is simply a cross-check to ensure the fairness of the fee
21  based on other factors. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002)
22  ("[W]hile the primary basis of the fee award remains the percentage method, the lodestar may
23  provide a useful perspective on the reasonableness of a given percentage award"). The Court is
24  satisfied, based upon all of the factors set forth in the Order Granting Plaintiffs' Motion for an
25  Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the
26  Class Representatives, that Class Counsel's sought percentage fee of 30.72% on the Settlement
27  Amount is fully justified. Moreover, Class Counsel's sought fee on the Augmented Amount is
28  only 20%. Even if the multiplier were the only factor, Plaintiffs are asking for a multiplier of 1.6,

well below the level deemed reasonable and appropriate for a case as complicated and time-consuming as this one was.

   c.  In short, the sole objection to the Settlement is overruled.

## Final Approval of the Notice Plan

10. On October 23, 2024, the Court found the Notice Plan:[2] (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise members of the Class of the Settlement and of their right to participate in or object to the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing, which was held on February 6, 2025; and (iv) fully satisfies the requirements of Fed. R. Civ. P. 23(e)(1) and due process and is a reasonable manner of distributing notice to Class Members who would be bound by the Settlement. See ECF No. 1053, ¶¶15-16.

11. Upon review of the record, the Court now finds that the program for providing notice to the Class was effectuated in accordance with the Court's approved Notice Plan and thus constituted due, adequate, and sufficient notice of the Settlement; was the best notice practicable under the circumstances; and satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. Therefore, the form and manner of dissemination of the notice of the Settlement to the Class are finally approved.

## Final Approval of the Plan of Allocation

12. Upon review of the record, the Court finds that a *pro rata* distribution of the Net Le v. Zuffa Settlement Fund (*i.e.*, net of Court-approved attorneys' fees, litigation expenses, and service awards, and settlement administration costs) as set forth in the Plan of Allocation (the "Plan"), see ECF No. 1045-5, has a reasonable, rational basis and is fair and adequate. Therefore, the proposed *pro rata* distribution described in the Plan of Allocation is hereby finally approved.

---

[2] The Notice Plan is described in the Declaration of Steven Weisbrot, Esq. of Angeion Group LLC re the Settlement Notice Plan, dated October 7, 2024. ECF No. 1045-7.

13. The Court hereby orders the following schedule for implementing the Plan of Allocation:

    a. The Settlement Claims Administrator will commence sending Claim Forms[3] to Class Members no later than 60 days after entry of this Final Judgment and Order granting final approval of the Plan of Allocation. <u>See</u> Plan ¶1.

    b. The deadline for Class Members to submit their Claim Forms to the Settlement Claims Administrator is 105 days after entry of this Final Judgment and Order granting final approval of the Plan of Allocation. <u>See</u> Plan ¶3.

    c. No later than 180 days after entry of this Final Judgment and Order granting final approval of the Plan of Allocation, Co-Lead Class Counsel shall provide a report to the Court on the status of the claims administration, with the goal of allocating funds to Class Members no later than September 30, 2025. <u>See</u> Plan ¶13.

14. The Claims Administrator, as administrator of the <u>Le v. Zuffa</u> Settlement Fund, shall report to each Class Member and all applicable taxing authorities, to the extent required by law, under the Class Member's name and U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Claims Administrator. <u>See</u> Settlement Agreement §7(e) (ECF No. 1045-4, at 13).

## Other Provisions

15. Defendant has provided the appropriate notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"). <u>See</u> ECF Nos. 1054, 1059.

16. The Court approves and directs the implementation, performance, and consummation of all the terms of the Settlement.

---

[3] The term "Claim Form" is defined in the Plan of Allocation at Paragraph 1. <u>See</u> ECF No. 1045-5, at 2-3.

17. The Court observes that, on February 5, 2024, Plaintiffs filed with the Court a notice concerning the implementation of the Class notice program. See Plaintiffs' Notice of: (1) Effectuation of Class Notice Plan, and (2) Exclusions from Bout Class, ECF No. 966, at 1 (Feb. 5, 2024). This submission, and the accompanying declaration of the Court-appointed Notice Administrator (Angeion Group LLC), described in detail the process and results of effectuating notice of class certification to the Class, including that no requests for exclusion were submitted by Class Members. See id. at 3-4. Accordingly, there being no timely and valid requests for exclusion from the Class, Defendant and all members of the Class are bound by this Final Judgment and Order and by the Settlement.

18. The Court dismisses the Action, as well as all the Released Claims, against Defendant by Plaintiffs, members of the Settlement Class, or other Releasor with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement, provided that such dismissal shall not affect, in any way, the right of Plaintiffs, members of the Class, or other Releasor to pursue claims outside the scope of the Released Claims, including but not limited to the claims brought in the Johnson Action (see, e.g., ECF No. 1045-4 (the Settlement Agreement, § 10(a))). For clarity, the terms "Releasees," "Releasors," and "Released Claims" are defined in the Settlement Agreement at Sections 2(q), (r), and (s). See ECF No. 1045-4, at 5-6.

19. As set forth in the Settlement, each Releasor shall, by operation of law, be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against any Releasee, regardless of whether such Releasor executes and delivers a proof of claim; shall be forever barred and enjoined from commencing, maintaining, prosecuting, or continuing in any forum (including in any court, tribunal, administrative agency, regulatory body, arbitrator, or other body in any jurisdiction) any Released Claim against any Releasee; and agrees and covenants not to sue any Releasee on the basis of any Released Claims or to assist any non-party in commencing or maintaining any suit against any Releasee related in any way to any Released Claims.

20. Neither this Final Judgment and Order nor the Settlement, nor any negotiations,

documents, or discussions associated with either of the foregoing, shall be deemed or construed as evidence of, or an admission or concession of, liability or wrongdoing by Defendant, or be used or offered in any proceeding for any purposes, except to enforce the terms of the Settlement. Nothing in this Order will constitute or be construed as evidence, or an admission or concession by Plaintiffs, of the lack of merit of any of their claims or allegations against Defendant in this Action.

21. Any order entered regarding the motion for attorneys' fees, litigation expenses, and service awards in the Action shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

22. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever.

23. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) consummation, administration, and implementation of the Settlement and any award or distribution of monies under the Settlement to members of the Class; (b) hearing and determining applications for attorneys' fees, costs, expenses, and service awards to the Class Representatives; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement.

24. The Court hereby confirms the appointment of Huntington National Bank as Escrow Agent pursuant to the Settlement. See ECF No. 1053 ¶10.

25. The Court hereby confirms the appointment of Angeion Group LLC as Settlement Claims Administrator for the Class. See ECF No. 1053 ¶9.

26. The Court hereby confirms the establishment of the Le v. Zuffa Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Settlement Agreement, Co-Lead Class

1  Counsel are authorized to withdraw funds from the QSF for the payment of reasonable costs of
2  notice, payment of taxes, and settlement administration costs. <u>See</u> ECF No. 1053 ¶11.
3      27.     There is no just reason for delay in the entry of this Final Judgment and Order,
4  and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 of the
5  Federal Rules of Civil Procedure. The Court finds that this Final Judgment and Order adjudicates
6  the claims, rights, and liabilities of the parties to the Settlement (including the members of the
7  Settlement Class) and is final and shall be immediately appealable.

**DATED:** March 3, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 11 -