**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZUFFA, LLC, D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC, <br><br> Defendant. | Case No. 2:15-cv-01045-RFB-BNW <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES** |

WHEREAS, this matter comes before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the Class Representatives (the "Motion");

WHEREAS, the Court, having considered (a) the Settlement Agreement, dated September 26, 2024 (ECF No. 1045-4); (b) the Court's October 23, 2024 Preliminary Approval Order (ECF No. 1053); (c) Plaintiffs' Motion and accompanying Memorandum of Law; (d) the supporting Joint Declaration of Eric L. Cramer, Richard A. Koffman, and Joseph R. Saveri in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards for the Class Representatives (the "Joint Decl."), filed concurrently with the Motion; and (e) all other papers and proceedings herein;

WHEREAS, the Court held a Fairness Hearing on February 6, 2025;

WHEREAS, the Court having considered all of the submissions and arguments with respect to the Settlement Agreement, and otherwise being fully informed, and good cause appearing;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement (the "Settlement"), unless otherwise defined herein.

## I.    AWARD OF ATTORNEYS' FEES

2.    Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount of 30.72% (plus accrued interest) of the $375 million Le v. Zuffa Settlement Fund (*i.e.*, a fee award of $115.2 million plus accrued interest) is well within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

3.    The percentage-of-recovery method of calculating attorneys' fees is appropriate in this Action, as the percentage-of-recovery method is the prevailing practice in the Ninth Circuit in determining the award of attorneys' fees in common fund cases.

4.    In evaluating Class Counsel's request for an award of attorneys' fees, courts in the Ninth Circuit consider the factors set forth in Rule 23(h) of the Federal Rules of Civil Procedure and in Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002). In making this award of fees to Class Counsel, this Court has considered these factors and finds that:

a.    the Settlement created a fund of $375,000,000 in cash for the benefit of the members of the Class;

b.    the Action involves complex factual and legal issues and, in the absence of the Settlement, would involve lengthy proceedings whose resolution would be

1 uncertain;

2    c.  Class Counsel pursued the litigation and achieved the Settlement with skill,

3

4        perseverance, and diligent advocacy on behalf of the Class;

   d.  Class Counsel are experienced litigators who understand the claims and defenses

5

6        and class action issues of the Action;

7    e.  Class Counsel undertook numerous and significant risks on behalf of the Class

8        with no guarantee that they would be compensated;

9

10    f.  Class Counsel expended substantial time and effort pursuing the litigation on

11        behalf of the Class;

12    g.  had Co-Lead Class Counsel not achieved the Settlement, there would remain a

13        significant risk that the Class may have recovered less or nothing from Defendant;

14    h.  there has been an outpouring of support for the Settlement by members of the

15

16        Class, including declarations from more than 150 ex-UFC Fighters urging

17        approval of the Settlement; and

18    i.  the amount of attorneys' fees is appropriate to the specific circumstances of this

19        Action, and consistent with awards in similar cases.

20    5.    While a lodestar crosscheck is not required in the Ninth Circuit, such a check

21 further supports the reasonableness of the fee award. From inception through October 31, 2024,

22 Class Counsel have spent 98,227.93 hours litigating the Action, producing a total lodestar

23 amount of $72,106,244.55 based on each firm's standard current hourly rates. See Joint Decl. ¶

24 251. Thus, a fee award in the amount of 30.72% of the $375 million Le v. Zuffa Settlement Fund

25

26 (i.e., an award of $115.2 million), would represent a multiplier of approximately 1.6 of this

27 lodestar. This lodestar crosscheck multiplier is in line with—and indeed, significantly lower

28

than—lodestar multipliers that courts in this Circuit have found to be reasonable in comparable common fund cases.

6.      Notice to the Class indicated that Class Counsel would seek an award of attorneys' fees, plus any accrued interest, and that Class Counsel would request (a) up to one third of $301.5 million, and (b) up to one fifth of $73.5 million of the Le v. Zuffa Settlement Fund (plus any accrued interest), which amounts to 30.72% of the gross amount of the $375 million settlement.

7.      Accordingly, Class Counsel's request for an award of 30.72% (plus accrued interest) of the gross $375 million Le v. Zuffa Settlement Fund (*i.e.*, an award of $115.2 million plus accrued interest) is granted.

## II.      REIMBURSEMENT OF EXPENSES

8.      The Court finds that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted. From the inception of litigation, Class Counsel have incurred $9,572,685.17 in unreimbursed litigation out-of-pocket expenses, litigation fund disbursements, and outstanding invoices due while prosecuting the Action. See Joint Decl. ¶¶ 256-63. While the majority of the expenses were incurred for the work of economic experts, other essential expenses for the prosecution of the Action included regular e-discovery and data hosting costs, computer research, court reporting and deposition transcripts, subpoena services, mediation costs, travel and accommodations, printing, filing fees, and costs associate with trial preparation. Id. These collective expenses were reasonably incurred and expended for the direct benefit of the Class and should therefore be reimbursed.

9.      Notice to the Class indicated that Class Counsel would seek reimbursement of reasonable litigation costs and expenses not to exceed $12 million.

10.    Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $9,572,685.17 is granted.

### III.    SERVICE AWARDS TO THE CLASS REPRESENTATIVES

11.    The Court finds that Class Counsel's request for service awards in the amount of $250,000 for each of the five Class Representatives[1] is appropriate.

12.    In making these service awards to the five Class Representatives, this Court finds that each of the Class Representatives expended considerable time (*i.e.*, hundreds of hours) and effort to aid in the prosecution of this Action, including:

a.    filing suit to protect the interests of absent class members;

b.    working with Class Counsel to identify documents responsive to Defendant's discovery requests and ultimately (along with Plaintiff Quarry) producing more than 600,000 documents amounting to more than 800,000 pages;

c.    working with Class Counsel to develop, write, and review their responses to Defendant's interrogatories to ensure their accuracy;

d.    preparing for their depositions, which included studying Plaintiffs' theories of liability, class certification issues, and preparation for questions (including review of their document productions plus an extensive collection of publicly available materials such as videos and social media postings);

e.    sitting for a full day deposition, which required some to engage in significant travel (*e.g.*, Class Representative Brandon Vera resides in Guam);

f.    participating in monthly teleconferences with Class Counsel for updates on the

---

[1] The Le Class Representatives are Cung Le, Jon Fitch, Kyle Kingsbury, Brandon Vera, and Javier Vazquez.

litigation;

g.  attending court hearings (including the motion to transfer, summary judgment hearings, the class certification hearing, and other hearings and status conferences); and

h.  participating in three in-person mediation sessions, including multiple preparation sessions prior to those sessions.

See Joint Decl. ¶¶ 71-85.

13.  Notice to the Class indicated that Class Counsel would seek service awards of up to $250,000 for each of the five Class Representatives.

14.  Accordingly, Class Counsel's request for service awards of $250,000 for each of the five Class Representatives is granted.

## IV.  CO-LEAD CLASS COUNSEL IS AUTHORIZED TO DISTRIBUTE THE AWARDED ATTORNEYS' FEES

15.  Co-Lead Class Counsel shall allocate the fees and expenses among all of the Class Counsel representing Plaintiffs and the Class based upon Co-Lead Class Counsel's evaluation of the respective contributions of such counsel to the prosecution and resolution of this litigation.

## V.  THE COURT RETAINS JURISDICTION

16.  Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

**DATED:** March 3, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 6 -